# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, | Case No. 20-33948 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 46-1326778 | |
| In re: | Chapter 11 |
| FIELDWOOD ENERGY INC., | Case No. 20-33949 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 46-1694991 | |
| In re: | Chapter 11 |
| FIELDWOOD ONSHORE LLC, | Case No. 20-33951 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 47-0953489 | |
| In re: | Chapter 11 |
| FIELDWOOD SD OFFSHORE LLC, | Case No. 20-33952 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No. 11-3758786 | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| FIELDWOOD ENERGY OFFSHORE LLC, | § | Case No. 20-33950 (MI) |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| Tax I.D. No. 26-1084494 | § | |
| In re: | § | Chapter 11 |
| FIELDWOOD OFFSHORE LLC, | § | Case No. 20-33961 (MI) |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| Tax I.D. No. 35-2492930 | § | |
| In re: | § | Chapter 11 |
| GOM SHELF LLC, | § | Case No. 20-33954 (MI) |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| Tax I.D. No. 76-0648107 | § | |
| In re: | § | Chapter 11 |
| FW GOM PIPELINE, INC., | § | Case No. 20-33953 (MI) |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| Tax I.D. No. 38-3718440 | § | |

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| GALVESTON BAY PIPELINE LLC, | § § § § | Case No. 20-33959 (MI) |
| Debtor. | § § § § | (Emergency Hearing Requested) |
| Tax I.D. No. 76-0595703 | § | |
| In re: | § § § | Chapter 11 |
| GALVESTON BAY PROCESSING LLC, | § § § § | Case No. 20-33960 (MI) |
| Debtor. | § § § § | (Emergency Hearing Requested) |
| Tax I.D. No. 76-0570422 | § | |
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY SP LLC, | § § § § | Case No. 20-33958 (MI) |
| Debtor. | § § § § | (Emergency Hearing Requested) |
| Tax I.D. No. 16-1671971 | § | |
| In re: | § § § | Chapter 11 |
| DYNAMIC OFFSHORE RESOURCES NS, LLC, | § § § § | Case No. 20-33947 (MI) |
| Debtor. | § § § § | (Emergency Hearing Requested) |
| Tax I.D. No. 35-2190158 | § § | |

| | |
|---|---|
| In re: § <br> § <br> **BANDON OIL AND GAS, LP,** § <br> § <br> § <br> Debtor. § <br> § <br> Tax I.D. No.  20-4839266 § | Chapter 11 <br><br> Case No. 20-33956 (MI) <br><br> **(Emergency Hearing Requested)** |
| In re: § <br> § <br> **BANDON OIL AND GAS GP, LLC,** § <br> § <br> § <br> Debtor. § <br> § <br> Tax I.D. No.  20-4839172 § | Chapter 11 <br><br> Case No. 20-33955 (MI) <br><br> **(Emergency Hearing Requested)** |

**EMERGENCY MOTION OF DEBTORS PURSUANT
TO BANKRUPTCY RULE 1015(b) AND BANKRUPTCY LOCAL RULE 1015-1 FOR
<u>ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED.  A <u>VIDEO/TELEPHONIC</u> HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 4, 2020 AT 2:00 P.M. (PREVAILING CENTRAL TIME).  PARTIES WISHING TO PARTICIPATE TELEPHONICALLY MUST DIAL IN USING THE COURT'S TELECONFERENCE SYSTEM AT 832-917-1510 AND ENTERING CONFERENCE CODE 954554.  PARTIES WHO ALSO WISH TO PARTICIPATE BY VIDEOCONFERENCE MAY DO SO BY USE OF AN INTERNET CONNECTION, USING THE WEBSITE HTTPS://WWW.GOTOMEETING.COM/MEETING/JOIN-MEETING AND ENTERING MEETING CODE "JudgeIsgur."**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN AUGUST 4, 2020.**

4

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are an independent exploration and production ("**E&P**") company in the Gulf of Mexico. The Company is focused on the exploration and development of offshore oil and gas assets in the shallow water and deepwater Gulf of Mexico and the Gulf Coast region in the U.S.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, (the "**Dane Declaration**"),[1] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

**Jurisdiction**

4.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5.     By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

6.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

7.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns,

6

> controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). In addition, Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. The Debtors are affiliates of one another because Fieldwood Energy Inc. owns, either directly or indirectly, 100% of the outstanding ownership interests in each of the other Debtors. Accordingly, this Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

8. Joint administration of these chapter 11 cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Joint administration will also relieve the Court from entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Southern District of Texas and other parties-in-interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

9. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes, and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

10. The Debtors respectfully request that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

11. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Fieldwood Energy LLC) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Fieldwood Energy LLC, *et al.* The docket in Case No. 20-33948 (MI) should be consulted for all matters affecting this case.

12. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

13. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) Vinson & Elkins LLP, Trammell Crow

Center, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: William L. Wallander, Esq. and Bradley R. Foxman, Esq.), as counsel to Goldman Sachs Bank USA, the FLFO Administrative Agent; (iv) (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.) and (B) Haynes and Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010 (Attn: Charles A. Beckham Jr., Esq. and Martha Wyrick, Esq.), as counsel to the Ad Hoc Group of Secured Lenders; (v) Shipman & Goodwin LLP, 400 Park Ave, 5th Floor, New York, NY 10022 (Attn: Nathan Plotkin, Esq.) as counsel to Cantor Fitzgerald Securities, the FLTL Administrative Agent; (vi) Holland & Knight LLP, 150 N. Riverside Plaza, Chicago, IL 60606 (Attn: Joshua Spencer, Esq. and Anastasia Sotiropolous, Esq.), as counsel to Cortland Capital Market Services LLC, the SLTL Administrative Agent; (vii) the Internal Revenue Service; (viii) the United States Attorney's Office for the Southern District of Texas; (ix) the Securities and Exchange Commission; (x) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (xi) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## **No Previous Request**

14.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 4, 2020
      Houston, Texas

Respectfully submitted,

  /s/ Alfredo Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
       Jessica.Liou@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on August 4, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

                                                                                 */s/ Alfredo Pérez*
                                                                                Alfredo R. Pérez