**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**INTERIM ORDER ESTABLISHING NOTIFICATION PROCEDURES AND**
**APPROVING RESTRICTIONS ON (A) CERTAIN TRANSFERS OF INTERESTS IN**
**THE DEBTORS AND (B) CLAIMS OF CERTAIN WORTHLESS STOCK**
**DEDUCTIONS**

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC

and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of the Bankruptcy

Code, for entry of interim and final orders establishing procedures to protect the potential value of

the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits

(collectively, the "**Tax Attributes**"), for use in connection with the reorganization of the Debtors,

all as more fully set forth in the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157(a)–(b) and 1334(b); and upon consideration of the Dane Declaration; and this Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334;

and consideration of the Motion and the requested relief being a core proceeding pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors and their respective estates and creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.    The provisions of this interim order (the "**Interim Order**") shall be effective *nunc pro tunc* to the Petition Date.

2.    The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of, and worthless stock deduction claims by a Majority Stockholder (as defined therein) with respect to, the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock); provided, that, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.  Any party in interest may request emergency relief from the Procedures.

3.      Until further order of this Court to the contrary, any acquisition, disposition, or trading of, or worthless stock deduction claim by a Majority Stockholder with respect to, the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

4.      Any person or Entity that acquires, disposes of, or trades the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

5.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5** and **Exhibit 6** are hereby approved.

6.      Within three (3) business days of the entry of this Interim Order, the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") annexed hereto as **Exhibit 7** to (i) all parties that were served with notice of the Motion and (ii) the registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable), publish the Notice of Interim Order once in the national edition of *The New York Times* and the *Houston Chronicle*, and post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties

that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

7.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership in, or making worthless stock deduction claims with respect to its beneficial ownership of, Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

9.      The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in, or making worthless stock deduction claims with respect to, the beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

10.      Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of

any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

11.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13.     This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any reasonable action taken pursuant to this Interim Order.

14.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

16.     A final hearing to consider the relief requested in the Motion shall be held on **_____, 2020 at _____ (Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to _____ **2020 at 4:00 p.m. (Prevailing Central Time)**.

Dated: _____, 2020
             Houston, Texas

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|                         |     |                         |
|-------------------------|-----|-------------------------|
|                         | §   |                         |
| In re:                  | §   | Chapter 11              |
|                         | §   |                         |
| **FIELDWOOD ENERGY LLC, *et al.*,** | § | Case No. 20-33948 (MI) |
|                         | §   |                         |
| Debtors.[1]             | §   | (Jointly Administered)  |
|                         | §   |                         |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
REGARDING (A) OWNERSHIP AND TRANSFERS OF INTERESTS IN
THE DEBTORS AND (B) CLAIMS OF CERTAIN WORTHLESS STOCK
DEDUCTIONS**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* (the "**Interim Order**") entered by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") on _____, 2020, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of the beneficial ownership of Common Stock (including directly and indirectly, Options to acquire beneficial ownership of Common Stock) and all claims of worthless stock deductions by a Majority Stockholder (as defined below) with respect to its beneficial ownership of Common Stock.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Interim Order.

A.     **Common Stock Restrictions**

(1)    Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)     "**Common Stock**" shall mean any common stock issued by Fieldwood Energy Inc.

(b)     "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(c)     "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d)     "**Majority Stockholder**" shall mean (i) any person that beneficially owns at least 14,500,000 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

(e)     "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(f)     "**Substantial Stockholder**" shall mean any person or Entity that beneficially owns at least 1,450,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

(g)     "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthless stock deduction under section 165(g) of the Tax Code with respect to beneficial ownership of Common Stock.

(2)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve upon (i) the Debtors, 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042 (Attn:

2

Tommy Lamme); (ii)  Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Matthew S. Barr, Esq., Jessica Liou, Esq., Stuart J. Goldring, Esq. and Jonathan J. Macke, Esq.); (iii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn:  Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.); and (iv) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder.  At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3)   Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including, to the extent set forth in Treasury Regulations section 1.382-4, the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate beneficial ownership of Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Substantial Stockholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(4)   Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and including, to the extent set forth in Treasury Regulations section 1.382-4, Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the

Interim Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Common Stock that the Substantial Stockholder beneficially owns.

(5)     Notice of Status as a Majority Stockholder. Any person that currently is or becomes a Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 5**, which describes specifically and in detail such person's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Stockholder.  At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Bankruptcy Court (but not the Majority Stockholder Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(6)     Notice of Intent to Claim a Worthless Stock Deduction. At least twenty (20) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending before the effective date of the Plan, such Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 6**.  At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

(7)     Objection Procedures.  The Debtors shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  To the extent that the Debtors receive a Trading Notice or Worthless Stock Deduction Notice and determine in their business

4

judgment not to object, they shall provide written notice (which may be by electronic mail) of that decision as soon as reasonably practicable to counsel to the Ad Hoc Group of Secured Lenders.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

**B.**     **Noncompliance with the Procedures**

Any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Stockholder claims a Worthless Stock Deduction in violation of these Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades, or claims a worthless stock deduction with respect to, the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures shall be subject to sanctions as provided by law.

**C.**     **Debtors' Right to Waive**

The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this notice.


Dated: _____, 2020
          Houston, Texas

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

5

## Exhibit 2

**Notice of Substantial Stock Ownership**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**NOTICE OF SUBSTANTIAL STOCK OWNERSHIP**

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly and indirectly):

      (i)        _____ shares of Common Stock,[2]

      (ii)      Options to acquire (directly or indirectly) _____ shares of Common Stock,

      **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

For Common Stock and/or Options to acquire beneficial ownership of Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

In the case of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

## **Exhibit 3**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  | § |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | Case No. 20-33948 (MI) |
|  | § |  |
| Debtors.[1] | § | (Jointly Administered) |
|  | § |  |

### NOTICE OF INTENT TO PURCHASE,
### ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed purchase or acquisition of the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the purchase or acquisition of the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used, but not defined herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

## Exhibit 4

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**NOTICE OF INTENT TO SELL, TRADE,
OR OTHERWISE TRANSFER COMMON STOCK**

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition of the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

1.   If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

2.  If the Proposed Transfer involves the sale, transfer or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly); and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of | Shares Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|-------|-------------------|------------------------------------------------|-------------------------------------------------------------------|------------------------------|
| Common Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|-------|---------------|--------------------|---------------------------------------|
| Common Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of

Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**<u>Exhibit 5</u>**

**Declaration of Status as a Majority Stockholder**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

## DECLARATION OF STATUS AS A MAJORITY STOCKHOLDER

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving (A) Restrictions on Certain Transfers of Interests in the Debtors and (A) Claims of Certain Worthless Stock Deductions*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Stockholder.[2]

      **PLEASE TAKE FURTHER NOTICE** that, as of _____, 2020, the Filer beneficially owns _____ shares of and/or interests in Common Stock. The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has beneficial ownership of such Common Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| *Number of Shares of and/or Interests in Common Stock* | *Date(s) Acquired* |
|---|---|
| | |
| | |
| | |
| | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

(Attach additional pages if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

## **Exhibit 6**

**Declaration of Intent to Claim a Worthless Stock Deduction**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § § | **Case No. 20-33948 (MI)** |
| Debtors.[1] | § § § | **(Jointly Administered)** |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its beneficial ownership of Common Stock (a "**Proposed Deduction**").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2020, the Filer filed a Declaration of Status as a Majority Stockholder with this Court.

**PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns ___ shares and/or interests of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to its beneficial ownership of ___ shares of and/or interests in Common Stock. If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in Common Stock on the first day of the Filer's next taxable year and shall be treated as never having owned such Common Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

**PLEASE TAKE FURTHER NOTICE t**hat, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

2

## **Exhibit 7**

**Notice of Interim Order**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF STOCK ISSUED BY FIELDWOOD ENERGY INC. OR ITS AFFILIATED COMPANIES:**

Upon the motion (the "**Motion**") of Fieldwood Energy LLC and its affiliated companies (the "**Debtors**"), on [●], 2020, the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Fieldwood Energy LLC, et al.*, Case No. 20-33948 (the "**Chapter 11 Cases**"), entered an interim order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of common stock of Fieldwood Energy Inc. ("**Common Stock**"), including options to acquire beneficial ownership of Common Stock, and certain claims of worthless stock deductions and scheduling a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Stockholder of Common Stock and (ii) claims by any Majority Stockholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code of 1986, as amended, with respect to its beneficial ownership of Common Stock.  For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 1,450,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock), and a "**Majority Stockholder**" is any person that beneficially owns at least 14,500,000 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended) of Common Stock (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities.  *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, Common Stock (including options to acquire beneficial ownership of Common Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures, as approved on an interim basis and as requested on a final basis, are available on the website of Prime Clerk LLC, the Debtors' Court-approved claims agent, located at https://cases.primeclerk.com/fieldwoodenergy, and on the docket of the Chapter 11 Cases, Docket No. _____ (__), which can be accessed via PACER at https://www.pacer.gov.*

**A direct or indirect holder of, or prospective holder of, Common Stock that may be or become a Substantial Stockholder, a Majority Stockholder should consult the Procedures.**

**PLEASE TAKE NOTICE** that the final hearing on the Motion shall be held on _____, **2020,** at _____ **(Central Time),** and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Matthew S. Barr, Esq., Jessica Liou, Esq., Stuart J. Goldring, Esq. and Jonathan J. Macke, Esq.), as proposed counsel to the Debtors, and (ii) the Office of the United States Trustee for the Southern District of Texas, (Attn: [●]), in each case so as to be received no later than **4:00 p.m. (Central Time) on _____, 2020**.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:                                        **BY ORDER OF THE COURT**
_____, 2020