**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |

**EMERGENCY MOTION OF DEBTORS
FOR ENTRY OF AN ORDER (I) AUTHORIZING
DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX
AND A CONSOLIDATED LIST OF 30 LARGEST UNSECURED
CREDITORS AND (II) AUTHORIZING DEBTORS TO REDACT
CERTAIN PERSONAL IDENTIFICATION INFORMATION OF EMPLOYEES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A <u>VIDEO/TELEPHONIC</u> HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 4, 2020 AT 2:00 P.M. (PREVAILING CENTRAL TIME). PARTIES WISHING TO PARTICIPATE TELEPHONICALLY MUST DIAL IN USING THE COURT'S TELECONFERENCE SYSTEM AT 832-917-1510 AND ENTERING CONFERENCE CODE 954554. PARTIES WHO ALSO WISH TO PARTICIPATE BY VIDEOCONFERENCE MAY DO SO BY USE OF AN INTERNET CONNECTION, USING THE WEBSITE HTTPS://WWW.GOTOMEETING.COM/MEETING/JOIN-MEETING AND ENTERING MEETING CODE "JudgeIsgur."**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN AUGUST 4, 2020.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are an independent exploration and production ("**E&P**") company in the Gulf of Mexico. The Company is focused on the exploration and development of offshore oil and gas assets in the shallow water and deepwater Gulf of Mexico and the Gulf Coast region in the U.S.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**Dane Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Dane Declaration.

2

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, pursuant to section 107(c)(1)(A) of the Bankruptcy Code and Bankruptcy Rules 1007(a)(1) and (d) and 2002(a), and Bankruptcy Local Rule 9013-1, the Debtors request entry of an order (i) authorizing the Debtors to file a consolidated creditor matrix (the "**Consolidated Creditor Matrix**") and a consolidated list of the Debtors' thirty (30) largest unsecured creditors (the "**Consolidated Top 30 Creditors List**") and (ii) authorizing the redaction of certain personal identification information of the Debtors' employees.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should be Granted**

**A.    Consolidated Creditor Matrix**

7. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ." Fed. R. Bankr. P. 1007(a)(1). Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors. Such relief is permitted by the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas*.

3

### B.  Consolidated Top 30 Creditors List

8.  Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders[.]" Fed. R. Bankr. P. 1007(d).  In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must file a single, consolidated list of creditors on Official Form B 204 consisting of the 30 largest creditors of all jointly administered debtors." *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas,* Rule 5(a).  Because a significant number of creditors may be shared amongst the Debtors, consistent with Rule 5(a), the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors.  The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service.  For the avoidance of doubt, the Debtors are not requesting authority pursuant to this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

### C.  Redaction of Certain Personal Information of Employees

9.  Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual" with respect to the following types of information "to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed," or to be filed, in a case under the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).  Here, cause exists to authorize the Debtors to redact address information of the Debtors' current and former employees from the Consolidated Creditor Matrix and from the Debtors' lists of equity security holders (the "**Lists of Equity**

4

**Security Holders**")[3] because such information could be used to perpetrate identity theft. The Debtors propose to provide, upon request, unredacted versions of the Consolidated Creditor Matrix and the Lists of Equity Security Holders to the Court, the Office of the United States Trustee for the Southern District of Texas, and counsel to the official committee of unsecured creditors should one be appointed in these chapter 11 cases.

10. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re Hornbeck Offshore Services, Inc.*, No. 20-32679 (DRL) (Bank. S.D. Tex. May 20, 2020) (Docket No. 86); *In re Speedcast*, No. 20-32243 (MI) (Bank. S.D. Tex. Apr. 23, 2020) (Docket No. 55); *In re Halcón Res. Corp.*, Case No. 19-34446 (DRJ) (Bankr. S.D. Tex. Aug. 8, 2019) (Docket No. 63).

**Notice**

11. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: William L. Wallander, Esq. and Bradley R. Foxman, Esq.), as counsel to Goldman Sachs Bank USA, the FLFO Administrative Agent; (iv) (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.) and (B) Haynes and Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010 (Attn: Charles A. Beckham Jr., Esq. and Martha Wyrick, Esq.), as counsel to the Ad Hoc Group of Secured Lenders; (v) Shipman & Goodwin LLP, 400 Park Ave, 5th Floor, New York, NY 10022 (Attn: Nathan

---

[3] The Debtors will file the Lists of Equity Security Holders pursuant to Bankruptcy Rule 1007(a)(3), which requires a debtor to file, within 14 day after entry of the order for relief, "a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder." Fed. R. Bankr. P. 1007(a)(3).

5

Plotkin, Esq.), as counsel to Cantor Fitzgerald Securities, the FLTL Administrative Agent; (vi) Holland & Knight LLP, 150 N. Riverside Plaza, Chicago, IL 60606 (Attn: Joshua Spencer, Esq. and Anastasia Sotiropolous, Esq.), as counsel to Cortland Capital Market Services LLC, the SLTL Administrative Agent; (vii) the Internal Revenue Service; (viii) the United States Attorney's Office for the Southern District of Texas; (ix) the Securities and Exchange Commission; (x) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (xi) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

12. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 4, 2020
      Houston, Texas

Respectfully submitted,

*/s/ Alfredo Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
       Jessica.Liou@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Certificate of Service**

I hereby certify that on August 4, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

                                                    */s/ Alfredo Pérez*
                                                    Alfredo R. Pérez