IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |
| | § | (Emergency Hearing Requested) |

**EMERGENCY MOTION OF DEBTORS FOR AN ORDER
EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND CURRENT EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 REPORTS**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A <u>VIDEO/TELEPHONIC</u> HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 4, 2020 AT 2:00 P.M. (PREVAILING CENTRAL TIME). PARTIES WISHING TO PARTICIPATE TELEPHONICALLY MUST DIAL IN USING THE COURT'S TELECONFERENCE SYSTEM AT 832-917-1510 AND ENTERING CONFERENCE CODE 954554. PARTIES WHO ALSO WISH TO PARTICIPATE BY VIDEOCONFERENCE MAY DO SO BY USE OF AN INTERNET CONNECTION, USING THE WEBSITE <u>HTTPS://WWW.GOTOMEETING.COM/MEETING/JOIN-MEETING</u> AND ENTERING MEETING CODE "JudgeIsgur."**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN AUGUST 4, 2020.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are an independent exploration and production ("**E&P**") company in the Gulf of Mexico. The Company is focused on the exploration and development of offshore oil and gas assets in the shallow water and deepwater Gulf of Mexico and the Gulf Coast region in the U.S.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day*

2

*Relief*, (the "**Dane Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Motion, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the Debtors request entry of an order extending the deadline by which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of current income and current expenditures, (c) schedules of executory contracts and unexpired leases, and (d) statements of financial affairs (collectively, the "**Schedules and Statements**") by 30 days, for a total of 44 days from the Petition Date, through and including September 17, 2020, without prejudice to the Debtors' ability to request additional extensions for cause shown.

6. Additionally, the Debtors request that the Court grant an extension until the later of (i) 15 days after the initial meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") and (ii) 45 days from the Petition Date, for the Debtors to either file their initial reports of financial information in respect of entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"), or file a motion with the Court seeking a modification of such reporting requirements for cause.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

7. A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should Be Granted

### A. Cause Exists to Extend the Time to File the Schedules and Statements

8. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) generally require debtors to file Schedules and Statements within 14 days after their petition date. Pursuant to Bankruptcy Rule 1007(c), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c).

9. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to creditor claims, as well as the Debtors' assets, executory contracts, and unexpired leases. This information is voluminous. Collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professionals in the near term, when these resources would be best used to ensuring a smooth transition into chapter 11 and addressing the immediate needs of the Debtors' business operations.

10. The Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements. Given the amount of work entailed in completing the Schedules and Statements, the competing demands on the Debtors' limited number of employees with relevant knowledge and expertise, the Debtors may not be able to properly and accurately complete the Schedules and Statements within the required time period. The Debtors, therefore, request that the Court extend the 14-day period for an additional 30 days (making the Schedules and Statements due 44 days

4

from the Petition Date), without prejudice to the Debtors' right to request further extensions, for cause shown.

11. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. July 2, 2020) (Docket No. 105) (granting 30-day extension); *In re CEC Ent., Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. June 26, 2020) (Docket No. 76) (granting 30-day extension); *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Oct. 4, 2019) (Docket No. 60) (granting 30-day extension); *In re Parker Drilling Co.*, No. 18-36958 (MI) (Bankr. S.D. Tex. Dec. 13, 2018) (Docket No. 78) (granting 30-day extension); *In re EXCO Res., Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Jan. 18, 2018) (Docket No. 99) (granting 30-day extension); *In re Cobalt Int'l Energy, Inc.*, No. 17-36709 (MI) (Bankr. S.D. Tex. Dec. 14, 2017) (Docket No. 58) (granting 31-day extension); *In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Sept. 13, 2017) (Docket No. 71) (granting 59-day extension).

**B. Cause Exists to Extend the Time to File the 2015.3 Reports**

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

13. As noted above, the Debtors consist of 14 separate entities. The Debtors have certain non-debtor affiliates that are not publically traded corporations in which there is a presumption that the Debtors hold a "substantial or controlling" equity interest (collectively, the "**Qualifying Entities**"). The Debtors submit that cause exists to extend the deadline for filing the Rule 2015.3 Reports for the Qualifying Entities as requested herein based on (a) the size and complexity of the Debtors' businesses and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

14. Extending the deadline for the initial 2015.3 Reports also will enable the Debtors to work with their financial advisors and the Office of the United States Trustee for the Southern District of Texas to determine the appropriate nature and scope of the 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must either file their initial 2015.3 Reports or file a motion with the Court seeking appropriate modifications of such reporting requirements, for cause, pursuant to Bankruptcy Rule 2015.3(d) until the later of (i) 15 days after the initial 341 Meeting and (ii) 45 days from the Petition Date.

**Notice**

15. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: William L. Wallander, Esq. and Bradley R. Foxman, Esq.), as counsel to Goldman Sachs Bank USA, the FLFO Administrative Agent; (iv) (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.) and (B) Haynes and Boone, LLP,

1221 McKinney Street, Suite 4000, Houston, TX 77010 (Attn: Charles A. Beckham Jr., Esq. and Martha Wyrick, Esq.), as counsel to the Ad Hoc Group of Secured Lenders; (v) Shipman & Goodwin LLP, 400 Park Ave, 5th Floor, New York, NY 10022 (Attn: Nathan Plotkin, Esq.), as counsel to Cantor Fitzgerald Securities, the FLTL Administrative Agent; (vi) Holland & Knight LLP, 150 N. Riverside Plaza, Chicago, IL 60606 (Attn: Joshua Spencer, Esq. and Anastasia Sotiropolous, Esq.), as counsel to Cortland Capital Market Services LLC, the SLTL Administrative Agent; (vii) the Internal Revenue Service; (viii) the United States Attorney's Office for the Southern District of Texas; (ix) the Securities and Exchange Commission; (x) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (xi) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

16.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  August 4, 2020
       Houston, Texas

Respectfully submitted,

  /s/ Alfredo Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
         Jessica.Liou@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## Certificate of Service

I hereby certify that on August 4, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

                                                                                                                              */s/ Alfredo Pérez*
                                                                                                                             Alfredo R. Pérez