**<u>Exhibit B</u>**

**Steele Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors.[1] | § | (Emergency Hearing Requested) |
| | § | |

### DECLARATION OF BENJAMIN J. STEELE IN SUPPORT OF EMERGENCY APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT

I, Benjamin J. Steele, being duly sworn, under penalty of perjury declare as follows:

1. I am a Vice President of Prime Clerk LLC ("**Prime Clerk**"), a chapter 11 administrative services firm whose headquarters are located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the above-captioned debtors' (collectively, the "**Debtors**") *Emergency Application of Debtors for Entry of an Order Authorizing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Holdings LLC (9264); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

*Retention and Appointment of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent*, which was filed contemporaneously herewith (the "**Application**").[2]

4. Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in many large chapter 11 cases in various districts nationwide. Prime Clerk's active and former cases include: *J. C. Penney Company, Inc.*, No. 20-20182 (DRJ) (Bankr. S.D. Tex.); *Ultra Petroleum Corp.*, No. 20-32631 (MI) (Bankr. S.D. Tex.); *Unit Corporation*, No. 20-32740 (DRJ) (Bankr. S.D. Tex.); *Diamond Offshore Drilling, Inc.*, No. 20-32307 (DRJ); *McDermott International, Inc.,* No. 20-30336 (DRJ) (Bankr. S.D. Tex.); *Kingfisher Midstream, LLC,* No. 20-30218 (MI) (Bankr. S.D. Tex.); *EP Energy Corporation,* No. 19-35654 (MI) (Bankr. S.D. Tex.); *Sheridan Holding Company II, LLC,* No. 19-35198 (MI) (Bankr. S.D. Tex.); *Alta Mesa Resources, Inc.,* No. 19-35133 (MI) (Bankr. S.D. Tex.); *Libbey Glass Inc.*, No. 20-11439 (LSS) (Bankr. D. Del); *Exide Holdings, Inc.*, No. 20-11157 (CSS) (Bankr. D. Del.); *The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del.); *LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y.); *Frontier Communications Corporation*, No. 20-22476 (RDD) (Bankr. S.D.N.Y.); *Foresight Energy LP*, No. 20-41308 (Bankr. E.D. Mo.); and *PG&E Corporation,* No. 19-30088 (DM) (Bankr. N.D. Cal.).

4. Prime Clerk is uniquely qualified to provide to the Debtors the services described in the Engagement Agreement, this Application, and the Proposed Order at minimal cost

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

because of its role in connection with the 2018 chapter 11 cases of Fieldwood Energy LLC and certain of its affiliates (the "**2018 Case**"), in which Prime Clerk was also retained as claims, noting and solicitation agent. *In re Fieldwood Energy LLC*, Lead Case No. 18-30648 (DRJ) (Bankr. S.D. Tex.). Prime Clerk's experience in the 2018 Case and its familiarity with the Debtors will maximize the efficacy and efficiency of Prime Clerk's services as Claims and Noticing Agent.

5. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Prime Clerk will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), the services specified in the Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the Engagement Agreement. In performing such services, Prime Clerk will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit A** to the Application.

6. Prime Clerk represents, among other things, the following:

a. Prime Clerk, its members and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders or employees of the Debtors;

b. Prime Clerk will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

c. By accepting employment in these chapter 11 cases, Prime Clerk waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

d. In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not be an agent of the United States and will not act on behalf of the United States;

e. Prime Clerk will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

3

    f. Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

    g. In its capacity as Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not intentionally misrepresent any fact to any person;

    h. Prime Clerk shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

    i. Prime Clerk will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    j. None of the services provided by Prime Clerk as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

    7. In accordance with section 327(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "**Potential Parties in Interest**") in these chapter 11 cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' 30 largest unsecured creditors on a consolidated basis, contract counterparties, landlords, vendors, insurers, utilities, governmental authorities, the United States Trustee and persons employed in the office of the United States Trustee, and other parties. A copy of the list of Potential Parties in Interest is attached hereto as Schedule 1. The results of the conflict check were compiled and reviewed by Prime Clerk professionals under my supervision. At this time, and as set forth in further detail herein, Prime Clerk is not aware of any connection that would present a disqualifying conflict of interest. Should Prime Clerk discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Prime Clerk will use reasonable efforts to file promptly a supplemental declaration.

4

8. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Prime Clerk, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Prime Clerk may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Prime Clerk serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

9. Certain of Prime Clerk's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Such firms include Weil, Gotshal & Manges LLP ("**Weil**"); Kirkland & Ellis LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Proskauer Rose LLP; Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Gibson, Dunn & Crutcher LLP; Willkie Farr & Gallagher LLP; Cadwalader, Wickersham & Taft LLP ("**Cadwalader**"); KPMG LLP ("**KPMG**"); PricewaterhouseCoopers LLP ("**PWC**"); Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson Consultants LLC. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

10. Shai Waisman, CEO of Prime Clerk, was previously a partner at Weil, counsel to the Debtors in these chapter 11 cases. Shira D. Weiner, General Counsel of Prime Clerk, was formerly an associate at Weil. Christina Pullo, Senior Director of Solicitation and Public Securities at Prime Clerk, was previously an associate at Weil. Certain other employees of Prime Clerk were also formerly associates at Weil. Mr. Waisman left Weil in March 2011, Ms.

5

Weiner left Weil in February 2008, and Ms. Pullo left Weil in May 2009. Neither Mr. Waisman, nor Ms. Weiner, Ms. Pullo, or any other former Weil associates now working at Prime Clerk worked on any matters involving the Debtors during their time at Weil.

11. Stephen Karotkin is a partner at Weil. Mr. Karotkin's son, Joshua Karotkin, is a Director at Prime Clerk and has been an employee of Prime Clerk since April 2014. Additionally, Joshua Karotkin's brother, Samuel Karotkin, is a Vice President at Rothschild & Co US Inc., an advisor to the Debtors' First Lien Term Lenders.

12. Prime Clerk hereby also discloses the following connections, each of which Prime Clerk believes does not present an interest adverse to the Debtors and is disclosed solely out of an abundance of caution:

- Jordan Searles, a Director at Prime Clerk, was previously an audit associate at KPMG, one of the Debtors' ordinary course professionals. Mr. Searles left KPMG in 2014. Mr. Searles did not work on any matters involving the Debtors during his time at KPMG. Additionally, Mr. Searles' brother, Adam Searles, is a Director at AlixPartners, LLP, the Debtors' proposed financial advisor.

- Jessica Berman, a Director at Prime Clerk, was formerly an associate at Cadwalader, one of the Debtors' professionals. Ms. Berman left Cadwalader in or around 2008. Ms. Berman did not work on any matters involving the Debtors during her time at Cadwalader.

- Heidi Stern, Chief Financial Officer at Prime Clerk, and Diana Shih, Controller at Prime Clerk, were formerly associates at PWC, one of the Debtors' ordinary course professionals. Ms. Stern and Ms. Shih left PWC in 2011. Neither Ms. Stern nor Ms. Shih worked on any matters involving the Debtors during their time at PWC.

13. Prime Clerk has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Prime Clerk and its personnel have and will continue to have relationships personally or in the ordinary course of its business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the

6

Debtors' chapter 11 cases. Prime Clerk may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

14. Prime Clerk, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Prime Clerk or its personnel may appear in chapter 11 cases representing the Debtor or parties in interest. All engagements where such firms represent Prime Clerk or its personnel in their individual capacities are unrelated to these chapter 11 cases.

15. Prime Clerk is an indirect subsidiary of Duff & Phelps LLP ("**D&P**"). D&P is the global advisor that protects, restores and maximizes value for clients. Within the D&P corporate structure, Prime Clerk operates independently from D&P. As such, any relationships that D&P and its affiliates maintain do not create an interest of Prime Clerk that is materially adverse to the Debtors' estates or any class of creditors or security holders. D&P is not currently identified on the Potential Parties in Interest list, but Prime Clerk makes this disclosure out of an abundance of caution.

16. As part of its conflicts check process, Prime Clerk submitted for review by each of its partners and employees the list of Potential Parties in Interest provided by the Debtors to determine whether any partner or employee holds an adverse interest to any of the Debtors and/or is a "disinterested person," as such term is defined in the Bankruptcy Code. In addition, the partners and employees of Prime Clerk were asked to review their investment holdings, to the extent possible, to determine whether they have any direct or indirect ownership of the Debtors' securities. Upon information and belief, and upon such reasonable inquiry by Prime Clerk and the results thereof, Prime Clerk is not aware that any of its partners or employees directly or indirectly

own any debt or equity securities of a company that is a Debtor or of any of its affiliates. Moreover, Prime Clerk has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to non-discretionary Investment Funds (as defined below), all Prime Clerk partners and employees are barred from trading in securities with respect to matters in which Prime Clerk is retained.

17. As a general matter, in the infrequent case when a Prime Clerk partner or employee may, directly or indirectly, own a debt or equity security of a company which may become or becomes a debtor or a debtor affiliate, such ownership would be substantially less than one percent of any such debtor or debtor affiliate. Additionally, from time to time, Prime Clerk partners or employees may personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "**Investment Funds**"), through which such individuals may indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates. Any partner or employee who has made any such investment does not manage or otherwise control such Investment Fund. The Investment Funds are managed by third parties, and Prime Clerk partners or employees that may invest in the particular Investment Fund have no influence, discretion, or control over the Investment Fund's decision to buy, sell or vote any particular debt or equity securities comprising the particular Investment Fund and in certain instances, partners or employees may not be aware of the particular debt or equity securities comprising the particular Investment Fund.

18. Based on the foregoing, I believe that Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Moreover, to the best of my knowledge and belief, neither Prime Clerk nor any of its partners or employees hold or

represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Prime Clerk is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on August 4, 2020

*/s/ Benjamin Steele*
Benjamin J. Steele
Vice President
Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165

**<u>Schedule 1</u>**

**List of Potential Parties in Interest**

**Fieldwood Party In Interest List**

Debtors
Debtors' Trade Names and Aliases (up to 8 years) (a/k/a, f/k/a, d/b/a)
Bank Accounts
Bankruptcy Judges and Staff
Bondholders/Noteholders/ Indenture Trustees
Bonding and Permitting Authorities
Committee Members and Professionals
Contract Counterparties (includes patents and intellectual property)
Counterparties to Joint Operating Contracts with the Debtors/Other Joint Venture Partners
Current Officers and Directors (include senior management)
Debtors Professionals (law firms, accountants and other professionals)
Former Officers and Directors (include senior management if readily available)
Insurance/Insurance Provider/Surety Bonds
Landlords and parties to leases
Lenders (Term/Revolver/Administrative and Collateral Agents)
Litigation Counterparties/Litigation Pending Lawsuits – includes threatened litigation
Members of Any Ad Hoc Committee
Non-Debtor Affiliates and Subsidiaries
Non-Debtors Professionals (law firms, accountants, and other professionals)
Ordinary Course Professionals
Other Secured Parties (Letters of Credit/ Issuers of Letters of Credit)
Other Potential Parties in Interest
Parties to Material Contracts with the Debtors (>$1 Million in value remaining)
Parties to Material Unexpired Leases with the Debtors (Landlords)
Material Royalty and Other Interest Owners (Over $1MM in Annual Distributions)
Material Royalties in Suspense (Greater than $100,000)
Material Suppliers and Vendors (greater than $1 million spend in the last 6 months)
Partnerships (if debtors is a partnership, its general and limited partners)
Regulatory and Government (Federal, State, and Local)
Significant Competitors
Significant Customers
Significant Shareholders (more than 5% of equity)
Taxing Authorities (Federal, State, and Local; trust fund, use property, franchise, sales)
Third Party Benefits Provider
Top 50 Unsecured Creditors
UCC (Lien Search Results)
Unions
United States Trustee and Staff (for the district in which you file)
Utility Providers/Utility Brokers
Vendors/Suppliers