**JOINDER NO. 2** dated as of April 11, 2018 (the "Joinder Agreement") to the **PARI PASSU INTERCREDITOR AGREEMENT** dated as of April 11, 2018 (the "Pari Passu Intercreditor Agreement"), among **FIELDWOOD ENERGY INC.**, a Delaware corporation ("Holdings"), **FIELDWOOD ENERGY LLC**, a Delaware limited liability company (the "Borrower"), certain subsidiaries and affiliates of the Borrower (each a "Grantor"), Cantor Fitzgerald Securities ("Cantor Fitzgerald Securities"), as collateral agent for the First-Lien Term Loan Secured Parties (as defined below) (in such capacity and together with its successors in such capacity, the "First-Lien Term Loan Collateral Agent"), Cantor Fitzgerald Securities, as Authorized Representative (as defined below) for the First-Lien Term Loan Secured Parties, Cantor Fitzgerald Securities, as Additional First-Lien Collateral Agent (as defined below), Cantor Fitzgerald Securities, as Authorized Representative for the LC Facility Secured Parties (as defined below) (in such capacity and together with its successors in such capacity, the "LC Facility Authorized Representative") and each additional Authorized Representative from time to time party thereto.

1.      Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Pari Passu Intercreditor Agreement.

2.      As a condition to the ability of the Borrower to incur Additional First-Lien Obligations and to secure such Additional First-Lien Class Debt with the liens and security interests created by the Additional First-Lien Collateral Documents, the Additional First-Lien Class Debt Representative in respect of such Additional First-Lien Class Debt is required to become an Authorized Representative, and such Additional First-Lien Class Debt and the Additional First-Lien Class Debt Parties in respect thereof are required to become subject to and bound by, the Pari Passu Intercreditor Agreement. Section 5.13 of the Pari Passu Intercreditor Agreement provides that such Additional First-Lien Class Debt Representative may become an Authorized Representative, and such Additional First-Lien Class Debt and such Additional First-Lien Class Debt Parties may become subject to and bound by the Pari Passu Intercreditor Agreement upon the execution and delivery by the Authorized Representative of an instrument in the form of this Joinder Agreement and the satisfaction of the other conditions set forth in Section 5.13 of the Pari Passu Intercreditor Agreement. The undersigned Additional First-Lien Class Debt Representative (the "New Representative") is executing this Joinder Agreement in accordance with the requirements of the Pari Passu Intercreditor Agreement and the First-Lien Collateral Documents.

Accordingly, each Collateral Agent, each Authorized Representative and the New Representative agree as follows:

SECTION 1. In accordance with Section 5.13 of the Pari Passu Intercreditor Agreement, the New Representative by its signature below becomes an Authorized Representative under, and the related Additional First-Lien Class Debt and Additional First-Lien Class Debt Parties become subject to and bound by, the Pari Passu Intercreditor Agreement with the same force and effect as if the New Representative had originally been named therein as an Authorized Representative and the New Representative, on its behalf and on behalf of such Additional First-Lien Class Debt Parties, hereby agrees to all the terms and provisions of the Pari Passu Intercreditor Agreement applicable to it as Authorized Representative and to the Additional First-Lien Class Debt Parties that it represents as Additional First-Lien Secured Parties. Each reference to an

OMM_US:76158679.10
WEIL:\96515509\2\45327.0004

"<u>Authorized Representative</u>" in the Pari Passu Intercreditor Agreement shall be deemed to include the New Representative.  The Pari Passu Intercreditor Agreement is hereby incorporated herein by reference.

SECTION 2.  The New Representative represents and warrants to each Collateral Agent, each Authorized Representative and the other First-Lien Secured Parties, individually, that (i) it has full power and authority to enter into this Joinder Agreement, (ii) this Joinder Agreement has been duly authorized, executed and delivered by it and constitutes its legal, valid and binding obligation, enforceable against it in accordance with its terms and (iii) the Additional First-Lien Documents relating to such Additional First-Lien Class Debt provide that, upon the New Representative's entry into this Joinder Agreement, the Additional First-Lien Class Debt Parties in respect of such Additional First-Lien Class Debt will be subject to and bound by the provisions of the Pari Passu Intercreditor Agreement as Additional First-Lien Secured Parties.

SECTION 3.  This Joinder Agreement may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute a single contract.  This Joinder Agreement shall become effective when each Collateral Agent shall have received a counterpart of this Joinder Agreement that bears the signatures of the New Representative.  Delivery of an executed signature page to this Joinder Agreement by facsimile transmission shall be effective as delivery of a manually signed counterpart of this Joinder Agreement.

SECTION 4.  Except as expressly supplemented hereby, the Pari Passu Intercreditor Agreement shall remain in full force and effect.

SECTION 5.  THIS JOINDER AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

SECTION 6.  In case any one or more of the provisions contained in this Joinder Agreement should be held invalid, illegal or unenforceable in any respect, no party hereto shall be required to comply with such provision for so long as such provision is held to be invalid, illegal or unenforceable, but the validity, legality and enforceability of the remaining provisions contained herein and in the Pari Passu Intercreditor Agreement shall not in any way be affected or impaired. The parties hereto shall endeavor in good-faith negotiations to replace the invalid, illegal or unenforceable provisions with valid provisions the economic effect of which comes as close as possible to that of the invalid, illegal or unenforceable provisions.

SECTION 7.  All communications and notices hereunder shall be in writing and given as provided in Section 5.01 of the Pari Passu Intercreditor Agreement.  All communications and notices hereunder to the New Representative shall be given to it at its address set forth below its signature hereto.

SECTION 8.  The Borrower agrees to reimburse each Collateral Agent and each Authorized Representative for its reasonable out-of-pocket expenses in connection with this Joinder Agreement, including the reasonable fees, other charges and disbursements of counsel.

IN WITNESS WHEREOF, the New Representative has duly executed this Joinder Agreement as of the day and year first above written.

BP Energy Company, as New Representative

By: _____
   Name:          **Timothy Yee**
   Title:        **Attorney-in-Fact**

Address for notices:

BP Energy Company
201 Helios Way
Houston, Texas 77079

attention of:  Contract Services

Telecopy:  Fax 713-323-0203

[JOINDER NO. 2 TO PARI PASSU INTERCREDITOR AGREEMENT]

Acknowledged by:

CANTOR FITZGERALD SECURITIES,
as the First-Lien Term Loan Collateral Agent and Authorized Representative,

By:_____

    Name:    James Bond

    Title:    Chief Operating Officer

CANTOR FITZGERALD SECURITIES,
as the Additional First-Lien Collateral Agent and LC Facility Authorized Representative,

By:_____

    Name:    James Bond

    Title:    Chief Operating Officer

THE OTHER GRANTORS
LISTED ON SCHEDULE I HERETO

By:_____

    Name:
    Title:

THE OTHER GRANTORS
LISTED ON SCHEDULE II HERETO

By:_____

    Name:
    Title:

Acknowledged by:

CANTOR FITZGERALD SECURITIES,
as the First-Lien Term Loan Collateral Agent and Authorized Representative,

By:_____

    Name:

    Title:


CANTOR FITZGERALD SECURITIES,
as the Additional First-Lien Collateral Agent and LC Facility Authorized Representative,

By:_____

    Name:

    Title:


THE OTHER GRANTORS
LISTED ON SCHEDULE I HERETO

By:_____

    Name:  Michael T. Dane
    Title:   Senior Vice President and Chief
           Financial Officer

THE OTHER GRANTORS LISTED
ON SCHEDULE II HERETO

By:_____

    Name:  Michael T. Dane
    Title:  Vice President


[JOINDER NO. 2 TO PARI PASSU INTERCREDITOR AGREEMENT]

Schedule I to the
Supplement to the
Pari Passu Intercreditor Agreement

Grantors

1.      Fieldwood Energy Inc.

2.      Fieldwood Energy LLC

Schedule II to the
Supplement to the
Pari Passu Intercreditor Agreement

Grantors

1.      FW GOM Pipeline, Inc. (f/k/a Apache GOM Pipeline, Inc.)

2.      Bandon Oil and Gas GP, LLC

3.      Bandon Oil and Gas, LP

4.      Dynamic Offshore Resources NS, LLC

5.      Galveston Bay Pipeline LLC (f/k/a Galveston Bay Pipeline Company)

6.      Galveston Bay Processing LLC (f/k/a Galveston Bay Processing Corporation)

7.      GOM Shelf LLC

8.      Fieldwood Energy Offshore LLC (f/k/a SandRidge Energy Offshore, LLC)

9.      Fieldwood SD Offshore LLC (f/k/a SandRidge Offshore, LLC)

10.     Fieldwood Onshore LLC (f/k/a SandRidge Onshore, LLC)

11.     Fieldwood Energy SP LLC (f/k/a SPN Resources, LLC)

12.     Fieldwood Offshore LLC