**JOINDER NO.** 4 dated as of June 28, 2019 (the "Joinder Agreement") to the **PARI PASSU INTERCREDITOR AGREEMENT** dated as of April 11, 2018 (the "Pari Passu Intercreditor Agreement"), among **FIELDWOOD ENERGY INC.**, a Delaware corporation ("Holdings"), **FIELDWOOD ENERGY LLC**, a Delaware limited liability company (the "Borrower"), certain subsidiaries and affiliates of the Borrower (each a "Grantor"), Cantor Fitzgerald Securities ("Cantor Fitzgerald Securities"), as collateral agent for the First-Lien Term Loan Secured Parties (in such capacity and together with its successors in such capacity, the "First-Lien Term Loan Collateral Agent"), Cantor Fitzgerald Securities, as Authorized Representative for the First-Lien Term Loan Secured Parties, Cantor Fitzgerald Securities, as Additional First-Lien Collateral Agent, Cantor Fitzgerald Securities, as Authorized Representative for the LC Facility Secured Parties (in such capacity and together with its successors in such capacity, the "LC Facility Authorized Representative") and each additional Authorized Representative from time to time party thereto.

A. Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Pari Passu Intercreditor Agreement.

B. As permitted under each of the First-Lien Term Loan Agreement, the LC Facility Credit Agreement and the Additional First-Lien Documents in effect on the date hereof, Holdings and the Borrower are Refinancing the LC Facility Obligations by entering into that certain Second Amended and Restated Credit Agreement – First-Out dated as of the date hereof (the "New Credit Agreement"), with Goldman Sachs Bank USA, as administrative agent (in such capacity, the "Administrative Agent"), Cantor Fitzgerald Securities, as collateral agent and the various lenders and issuing banks from time to time party thereto, which amends and restates the LC Facility Credit Agreement.

C. Pursuant to Section 2.08 of the Pari Passu Intercreditor Agreement, upon the Refinancing of the LC Facility Obligations, the Authorized Representative of the holders of the applicable Refinancing indebtedness is required to execute a Joinder Agreement on behalf of the holders of such Refinancing indebtedness.

D. In connection with the New Credit Agreement, and immediately prior to the effectiveness hereof, Cantor Fitzgerald Securities has resigned as the LC Facility Authorized Representative and the LC Facility Secured Parties have appointed the Administrative Agent to be the Authorized Representative under the Pari Passu Intercreditor Agreement on their behalf (in such capacity, the "Replacement LC Facility Authorized Representative") and have authorized the Administrative Agent to execute and deliver the Joinder Agreement and to hereby become party to the Pari Passu Intercreditor Agreement as Authorized Representative on behalf of the LC Facility Secured Parties.

Accordingly, the Replacement LC Facility Authorized Representative agrees as follows:

SECTION 1. The Replacement LC Facility Authorized Representative by its signature below becomes an Authorized Representative under the Pari Passu Intercreditor Agreement (and, for the avoidance of doubt, becomes the LC Facility Authorized Representative under the Pari Passu Intercreditor Agreement) with the same force and effect as if the Replacement LC Facility Authorized Representative had originally been named therein as an Authorized Representative for

the LC Facility Secured Parties and the Replacement LC Facility Authorized Representative, on its behalf and on behalf of the LC Facility Secured Parties, hereby agrees to all the terms and provisions of the Pari Passu Intercreditor Agreement applicable to it as Authorized Representative for the LC Facility Secured Parties and to the LC Facility Secured Parties that it represents as Additional First-Lien Secured Parties.  Each reference to an "Authorized Representative" in the Pari Passu Intercreditor Agreement shall be deemed to include the Replacement LC Facility Authorized Representative and each reference to the "LC Facility Authorized Representative" in the Pari Passu Intercreditor Agreement shall be deemed to refer to the Replacement LC Facility Authorized Representative.  The Pari Passu Intercreditor Agreement is hereby incorporated herein by reference.

SECTION 2.  The Replacement LC Facility Authorized Representative represents and warrants to each Collateral Agent, each Authorized Representative and the other First-Lien Secured Parties, individually, that (i) it has full power and authority to enter into this Joinder Agreement, in its capacity as Administrative Agent, (ii) this Joinder Agreement has been duly authorized, executed and delivered by it and constitutes its legal, valid and binding obligation, enforceable against it in accordance with its terms and (iii) the New Credit Agreement provides that, upon the Replacement LC Facility Authorized Representative's entry into this Joinder Agreement, the LC Facility Secured Parties (as used in this instance after giving effect to the New Credit Agreement) will be subject to and bound by the provisions of the Pari Passu Intercreditor Agreement as Additional First-Lien Secured Parties.

SECTION 3.   This Joinder Agreement may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute a single contract.  This Joinder Agreement shall become effective when the First-Lien Term Loan Collateral Agent shall have received a counterpart of this Joinder Agreement executed by the Replacement LC Facility Authorized Representative.  Delivery of an executed signature page to this Joinder Agreement by facsimile transmission shall be effective as delivery of a manually signed counterpart of this Joinder Agreement.

SECTION 4.  Except as expressly supplemented hereby, the Pari Passu Intercreditor Agreement shall remain in full force and effect.

SECTION 5.   THIS JOINDER AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

SECTION 6.  In case any one or more of the provisions contained in this Joinder Agreement should be held invalid, illegal or unenforceable in any respect, no party hereto shall be required to comply with such provision for so long as such provision is held to be invalid, illegal or unenforceable, but the validity, legality and enforceability of the remaining provisions contained herein and in the Pari Passu Intercreditor Agreement shall not in any way be affected or impaired.  The parties hereto shall endeavor in good-faith negotiations to replace the invalid, illegal or unenforceable provisions with valid provisions the economic effect of which comes as close as possible to that of the invalid, illegal or unenforceable provisions.

SECTION 7.  All communications and notices hereunder shall be in writing and given as provided in Section 5.01 of the Pari Passu Intercreditor Agreement.  All communications and notices hereunder to the Replacement LC Facility Authorized Representative shall be given to it at its address set forth below its signature hereto.

SECTION 8.  The Borrower agrees to reimburse the First-Lien Term Loan Collateral Agent and the Replacement LC Facility Authorized Representative for its reasonable out-of-pocket expenses in connection with this Joinder Agreement, including the reasonable fees, other charges and disbursements of counsel.

IN WITNESS WHEREOF, the Replacement LC Facility Authorized Representative has duly executed this Joinder Agreement as of the day and year first above written.

GOLDMAN SACHS BANK USA, as Administrative Agent under the New Credit Agreement and as Replacement LC Facility Authorized Representative

By: _____

Name:   Stephen W. Hipp
Title:   Authorized Signatory

Address for notices:

2001 Ross Avenue, Suite 2800
Dallas, Texas 75201
Attention: Matt Carter

[Signature Page to Joinder – Pari Passu Intercreditor Agreement]

Acknowledged by:

CANTOR FITZGERALD SECURITIES,
as the First-Lien Term Loan Collateral Agent

By: _____
Name:   James Buccola
Title:   Head of Fixed Income

[Signature Page to Joinder – Pari Passu Intercreditor Agreement]
(Fieldwood)

FIELDWOOD ENERGY LLC, as the Borrower

By: _____
Name: Michael T. Dane
Title: Senior Vice President and Chief Financial Officer


FIELDWOOD ENERGY INC., as Holdings

By: _____
Name: Michael T. Dane
Title: Senior Vice President and Chief Financial Officer

[Signature Page to Joinder – Pari Passu Intercreditor Agreement]