Case 20-33948 Document 111 Filed on 08/04/20 in TXSB Page 1 of 1



ENTERED
08/05/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 366 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the Debtors' proposed adequate assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or outstanding prepetition invoices, and (iv) granting related relief, all as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

more fully set forth in the Motion; and upon consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

2. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $331,250 in a segregated account for the benefit of the Utility Companies within 20 days after the Petition Date.

3. The following Adequate Assurance Procedures are hereby approved:

a. Within three business days after entry of the Proposed Order, the Debtors shall fax, e-mail, serve by mail, or otherwise expeditiously send a copy of the Motion and this Order to the Utility Companies on the Utility Services List.

b.  The funds in the Utility Deposit Account shall constitute adequate assurance for each Utility Company in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List.

c.  If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account by giving notice to (i) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jessica Liou, Esq. and Moshe A. Fink, Esq.); (ii) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002; (iii) counsel to the to the Prepetition Administrative Agent under the FLFO Credit Agreement, Vinson & Elkins, LLC, Trammell Crow Center, 2001 Ross Avenue, Suite 3900, Dallas, TX 775201 (Attn: William L. Wallander, Esq. and Bradley R. Foxman, Esq.); (iv) counsel to the Ad Hoc Group of Secured Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.); and (v) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases (collectively, the "**Utility Notice Parties**"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Utility Deposit Account, the Debtors shall replenish the Utility Deposit Account in the amount so disbursed.

d.  The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors automatically, without further order of the Court, on the earlier of (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company, (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases or (iii) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all the assets of the Debtors.

e.  Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the Utility Notice Parties.

f.  The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility Company believes the Adequate

3

        Assurance Deposit is not adequate assurance of payment, (iv) summarize the Debtors' payment history relevant to the affected account(s), (v) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Company to the Debtors, calculated as a historical average over the 12-month period preceding the Petition Date, and (vi) certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of the Utility Services provided by such Utility Company.

    g.    An Additional Assurance Request may be made at any time. If a Utility Company does not file and serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

    h.    The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable

    i.    If the Debtors and the Utility Company are not able to reach an alternative resolution within 30 days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

    j.    Pending resolution of the Determination Hearing, the Utility Company filing such Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

4.    Notwithstanding anything in this Order, upon a timely objection filed and served on the Utility Notice Parties by any Utility Company, the Court shall conduct a hearing on

August 24, 2020 at 1:30 p.m. (prevailing Central Time) (the "**Final Hearing**") to resolve any dispute between
the Debtors and such Utility Company regarding the Adequate Assurance Procedures.

4

5. Absent compliance with the procedures set forth in the Motion and this Order, the Utility Companies including, without limitation, those listed on **Exhibit 1** annexed hereto, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

6. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7. The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies, with such amendment to be filed with the Court and served in time to allow for parties to object prior to the Final Hearing. This Order shall apply to any such Utility Company that is added to the Utility Services List. The Debtors shall serve a copy of this Order upon any Utility Company added to the Utility Services List within three (3) business days.

8. The Debtors shall increase the amount of the Adequate Assurance Deposit if an additional Utility Company is added to the Utility Services List not later than September 2, 2020 by an amount equal to two weeks of the Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the 12 months prior to the Petition Date. The Debtors may terminate the services of any Utility Company and are immediately authorized to reduce the

Adequate Assurance Deposit by the amount held on account of such terminated Utility Company provided there are no outstanding disputes related to postpetition payments due.

9. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

10. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (1) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**") and/or (2) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

11. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to the Motion; or (vii) an approval,

6

assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 05, 2020

                                              Marvin Isgur
                                    United States Bankruptcy Judge

**Exhibit 1**

**Utility Services List**

## Utility Services List[1]

| Utility | Address | Description of Utility Service | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|
| AT & T CORP | P.O. BOX 5019<br>CAROL STREAM, IL 60197-5019 | Telecommunication | 500 | $ 250 |
| AT&T MOBILITY | PO BOX 6463<br>CAROL STREAM, IL 60197-6463 | Telecommunication | 13,300 | $ 6,650 |
| CAMERON PARISH WATER DISTRICT #9 | 4011 GRAND CHENIER<br>GRAND CHENIER, LA 70643 | Water | 200 | $ 100 |
| CAMERON TELEPHONE COMPANY | PO BOX 110<br>SULPHUR, LA 70664-0110 | Telecommunication | 200 | $ 100 |
| COASTAL ENVIRONMENTAL SERVICES, LLC | 111 MATRIX LOOP<br>LAFAYETTE, LA 70507 | Waste Management | 16,000 | $ 8,000 |
| ELITE COMMUNICATION SERVICES INC | 102 DEER TREE DRIVE<br>LAFAYETTE, LA 70507 | Telecommunication | 181,500 | $ 90,750 |
| ENTERGY LOUISIANA LLC | 639 LOYOLA AVE<br>NEW ORLEANS, LA 70113 | Electricity | 15,300 | $ 7,650 |
| GRANITE TELECOMMUNICATIONS | P.O. BOX 983119<br>BOSTON, MA 02298-3119 | Telecommunication | 300 | $ 150 |
| JACKSON ELECTRIC COOP INC | PO BOX 1189<br>EDNA, TX 77957-1189 | Electricity | 300 | $ 150 |
| JEFFERSON DAVIS ELECTRIC COOPERATIVE INC | PO DRAWER 1229, 906 N LAKE ARTHUR AVENUE<br>JENNINGS, LA 70546-1229 | Electricity | 10,000 | $ 5,000 |
| JEFFERSON PARISH DEPARTMENT OF WATE | P O BOX 10007<br>JEFFERSON, LA 70181-0007 | Water | 300 | $ 150 |
| KNIGHT SECURITY SYSTEMS LLC | 10105 TECHNOLOGY BLVD W. SUITE 100<br>DALLAS, TX 75220 | Security | 3,500 | $ 1,750 |
| LAFAYETTE UTILITIES SYSTEM | 2701 MOSS ST<br>LAFAYETTE, LA 70501 | Utilities | 100 | $ 50 |
| LOGIX FIBER NETWORKS | 2950 N LOOP WEST, 8TH FLOOR<br>HOUSTON, TX 77092 | Telecommunication | 25,200 | $ 12,600 |
| MADDENS CABLE SERVICE INC. | 146 CLENDENNING RD. (HOUMA AIRBASE)<br>HOUMA, LA 70363 | Telecommunication | 2,500 | $ 1,250 |
| RELIANT ENERGY RETAIL SERVICES, LLC | 211 CARNEGIE CENTER<br>PRINCETON, NJ 08540 | Electricity | 100 | $ 50 |
| REPUBLIC SERVICES INC | 18500 N. ALLIED WAY<br>PHOENIX, AZ 85054 | Waste Management | 300 | $ 150 |
| REVOLUTIONARY SECURITY LLC | 350 SENTRY PKWY, BLDG 670, SUITE 201<br>BLUE BELL, PA 19422 | Security | 56,000 | $ 28,000 |
| RIGNET INC | 15115 PARK ROW BOULEVARD, STE 300<br>HOUSTON, TX 77084 | Telecommunication | 272,900 | $ 136,450 |

---

[1] The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

| Utility | Address | Description of Utility Service | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|
| SAN LEON MUNICIPAL UTILITY DISTRICT | 443 24TH STREET<br>SAN LEON, TX 77539 | Electricity | 500 | $ 250 |
| SOUTHWEST LOUISIANA ELECT MEMBERSHIP CORP | PO BOX 90866<br>LAFAYETTE, LA 70509-8055 | Electricity | 2,300 | $ 1,150 |
| TEXAS EXCAVATION SAFETY SYSTEMS, INC. | 11880 GREENVILLE AVE, SUITE # 120<br>DALLAS, TX 75243 | Electricity | 100 | $ 50 |
| TOTAL WASTE SOLUTIONS, LLC | 16201 EAST MAIN STREET<br>CUT OFF, LA 70345 | Waste Management | 53,300 | $ 26,650 |
| TOWN OF GRAND ISLE | PO BOX 200<br>GRAND ISLE, LA 70358-0200 | Electricity | 1,100 | $ 550 |
| VERIZON WIRELESS | ONE VERIZON PLACE- TAX DEPARTMENT<br>ALPHARETTA, GA 30004 | Telecommunication | 4,200 | $ 2,100 |
| VERMILION PARISH POLICE JURY | SOLID WASTE COLLECTION DIVISION, 100 N STATE ST<br>ABBEVILLE, LA 70510 | Electricity | 100 | $ 50 |
| WASTE CONNECTIONS BAYOU, INC | 310 LEXINGTON DR, DISTRICT NO 6187<br>RAYNE, LA 70578-7540 | Waste Management | 300 | $ 150 |
| WASTE CORPORATION OF TEXAS | 8515 HWY 6 SOUTH<br>HOUSTON, TX 77083 | Waste Management | 100 | $ 50 |
| WASTE MANAGEMENT, INC | 1001 FANNIN, SUITE 4000<br>HOUSTON, TX 77002 | Waste Management | 2,000 | $ 1,000 |