

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
08/04/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | Re:  Docket No. 12 |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT

Upon the application, dated August 4, 2020 (the "**Application**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to 28 U.S.C. § 156(c), sections 105(a), 327 and 503(b) of the Bankruptcy Code, Bankruptcy Rules 2002(f), 2014(a), and 2016, and Bankruptcy Local Rule 2014-1(b), for entry of an order (i) approving the Engagement Agreement and authorizing the Debtors to retain Prime Clerk as Claims and Noticing Agent for the Debtors in these chapter 11 cases, and (ii) granting related relief, as more fully set forth in the Application; and upon consideration of the Steele Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and ex parte relief being appropriate, the Court orders:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2. The Debtors are authorized to retain Prime Clerk as Claims and Noticing Agent under the terms of the Engagement Agreement, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application and the Engagement Agreement. The Clerk's office shall provide Prime Clerk with ECF credentials that allow Prime Clerk to receive ECF notifications and file certificates of service.

3. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and

is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk's office with a certified duplicate thereof upon the request of the Clerk's office.

4. Prime Clerk is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Prime Clerk shall provide access to the claims register without charge, including access to complete copies of proofs of claim with attachments, if any.

6. Prime Clerk is authorized to take such other action to comply with all duties and services set forth in the Application.

7. The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; provided, however, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

11. Prime Clerk may apply its Advance to all prepetition invoices, which Advance may be replenished to the original Advance amount, and thereafter, Prime Clerk may hold its Advance under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

12. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

13. Prime Clerk shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

14. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Prime Clerk or provide contribution or reimbursement to Prime Clerk, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any); (b) for a contractual dispute in which the Debtors allege the breach of Prime Clerk's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a

4

judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these chapter 11 cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution, or reimbursement. In the event that Prime Clerk seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Prime Clerk's own applications, and determined by this Court after notice and a hearing.

16. In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk will immediately notify the Clerk's office and the Debtors' attorneys and, upon approval of the Court, cause to have all original proofs of claim and computer information turned

over to another claims and noticing agent with the advice and consent of the Clerk's office and the Debtors' attorneys.

17. After entry of an order terminating Prime Clerk's services, upon the closing of these cases, or for any other reason, Prime Clerk shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtors in connection therewith.

18. Notwithstanding the Application or Engagement Agreement, to the extent the Debtors wish to expand the scope of Prime Clerk's services beyond those services set forth in the Application and Engagement Agreement, the Debtors shall be required to seek further approval from this Court.

19. In the event the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code and if claims agent representation would be necessary in the converted chapter 7 cases, Prime Clerk shall continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth herein.

20. The Debtors and Prime Clerk are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order in accordance with the Application. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

21. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

22. Prime Clerk shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

23. In the event of any inconsistency between the Engagement Agreement, the Application, the Steele Declaration, and this Order, this Order shall govern.

Signed: August 04, 2020

―――――――――――――――――――
Marvin Isgur
United States Bankruptcy Judge

```
                          United States Bankruptcy Court
                            Southern District of Texas
In re:                                                       Case No. 20-33948-mi
Fieldwood Energy LLC                                         Chapter 11
         Debtor              CERTIFICATE OF NOTICE
District/off: 0541-4          User: LinhthuDo            Page 1 of 2               Date Rcvd: Aug 04, 2020
                              Form ID: pdf002            Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 06, 2020.
db             +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,   Suite 1200,   Houston, TX 77042-3623

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Halliburton Energy Services, Inc.
                                                                                               TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 4, 2020 at the address(es) listed below:
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood SD Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    GOM Shelf LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Dynamic Offshore Resources NS, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas GP, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Onshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Processing LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy SP LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    FW GOM Pipeline, Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Pipeline LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
```

```
District/off: 0541-4          User: LinhthuDo              Page 2 of 2                   Date Rcvd: Aug 04, 2020
                              Form ID: pdf002              Total Noticed: 1


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas, LP alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Hector  Duran, Jr    on behalf of U.S. Trustee    US Trustee Hector.Duran.Jr@usdoj.gov
              Jeffrey D. Carruth    on behalf of Creditor    Halliburton Energy Services, Inc. jcarruth@wkpz.com,
               jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
              Stephen Douglas Statham    on behalf of U.S. Trustee    US Trustee stephen.statham@usdoj.gov
              US Trustee    USTPRegion07.HU.ECF@USDOJ.GOV
                                                                                                   TOTAL: 18
```