

ENTERED
08/04/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS, (C) CONTINUE INTERCOMPANY ARRANGEMENTS, AND (D) CONTINUE UTILIZING CORPORATE CREDIT CARDS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC ("**Fieldwood Energy**") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of interim and final orders (i) authorizing the Debtors to (a) continue to operate their Cash Management System and maintain the Bank Accounts listed on **Schedule 1** annexed hereto, (b) maintain their existing Business Forms, (c) continue Intercompany Transactions, and (d) continue utilizing Corporate Credit Cards and pay all obligations related thereto, each in the ordinary course of business and consistent with the Debtors' prepetition practices; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Dane

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 363(b), 363(c) and 105(a) of the Bankruptcy Code, to continue to maintain, and manage their cash pursuant to, the Cash Management System; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including Intercompany Transactions between the Debtors and other Debtors or Non-Debtor Affiliates; and to make ordinary course changes to their Cash Management System without further order of the Court; *provided* that the Debtors shall provide reasonable notice to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases of any material changes to the Cash Management System.

2. Pursuant to section 105(a) of the Bankruptcy Code, the Banks are authorized and directed to continue to honor transfers, as directed by the Debtors, of funds among the Bank Accounts.

3. The Debtors are authorized to (i) designate, maintain, and continue to use any or all of their existing Bank Accounts, including those listed on **Schedule 1** annexed hereto, in the names and with the account numbers existing immediately before the Petition Date, (ii) to the extent of available funds, deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

4. The Debtors are authorized, but not directed, to continue using, and performing their obligations under, the Corporate Credit Cards and to pay any amounts owing with respect thereto, including any amounts relating to the prepetition period.

5. The Debtors are authorized to open new bank accounts and close any existing Bank Accounts in the ordinary course of business, so long as (a) any such new account is with a bank that is (i) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, and (iii) agrees to be bound by the terms of this Interim Order, and (b) the Debtors provide notice to the U.S. Trustee and any statutory committee appointed in these cases; *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on **Schedule 1**

annexed hereto; *provided, further*, that such opening or closing shall be timely indicated on the Debtors' monthly operating reports.

6. Any Bank with which the Debtors maintained Bank Accounts as of the Petition Date is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Bank Fees for the maintenance of the Cash Management System and charge back returned items to the Bank Accounts in the ordinary course.

7. The Banks shall not be liable to any party on account of: (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (ii) the honoring of any prepetition checks, drafts, wires, or ACH transfers in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wires, or ACH transfers; or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

8. Those certain existing deposit agreements and Corporate Credit Card agreements between the Debtors, on the one hand, and the applicable Banks, on the other hand, shall continue to govern the postpetition cash management relationship between such parties, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

9. The Debtors are authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to engage in the Intercompany Transactions in the ordinary course of business.

10. All Intercompany Claims against one Debtor by another Debtor or a Non-Debtor Affiliate arising after the Petition Date as a result of Intercompany Transactions shall be accorded administrative expense priority status in accordance with sections 503(b) of the Bankruptcy Code. For the avoidance of doubt, the relief granted in this Interim Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, or status or any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen, and the Debtors expressly reserve any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen.

11. The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date. The Debtors shall make such records available upon reasonable request by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases on a confidential and professionals' eyes only basis.

12. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have 45 days, through and including September 18, 2020, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy

5

Code and any of the U.S. Trustee's requirements or guidelines; provided that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the 45-day period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

13. The Debtors are authorized to use their existing Business Forms *provided*, that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as reasonably practicable to do so, and *provided further,* that with respect to any Business Forms that exist or are generated electronically, the Debtors shall use reasonable efforts to ensure that such electronic Business Forms are labeled "Debtor In Possession" as soon as reasonably practicable following entry of this Interim Order.

14. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (1) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**"), and/or (2) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Interim Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

15. Except as otherwise provided herein, nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is

6

intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

16. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that*, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

17. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

18. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

19. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

22. A final hearing to consider the relief requested in the Motion shall be held on August 24, 2020  **1:30 p.m._____ (Prevailing Central Time)** and any objections or

7

responses to the Motion shall be filed on or prior to August 20, 2020 at **4:00 p.m. (Prevailing Central Time)**.

Signed: August 04, 2020

                                                                                                    _____
                                                                                                    Marvin Isgur
                                                                                                    United States Bankruptcy Judge

**Schedule 1**

**Bank Accounts**

**Schedule 1**
**Bank Accounts**

| Legal Entity | Bank Name | Account Name | Account # | Currency | Account Type | Current Balance |
|---|---|---|---|---|---|---|
| Fieldwood Energy LLC | Capital One | Operating Account | xxxxx2209 | USD | Operating | $ 70,891,211.52 |
| Fieldwood Energy LLC | Capital One | Revenue Account | xxxxx4666 | USD | Operating | $ 62,498,782.06 |
| Fieldwood Energy LLC | Capital One | FSA Account | xxxxx2306 | USD | Flex Spending Acct. | $ – |
| Fieldwood Energy LLC | Capital One | Bankruptcy-Related Operating Account | xxxxx0534 | USD | Operating | $ 1.00 |
| Fieldwood Energy Offshore LLC | US Bank | Escrow Account – Fieldwood Energy LLC | xxxxx6000 | USD | Escrow | $ 791,847.98 |
| Fieldwood SD Offshore LLC | J.P. Morgan | Escrow Account – Fieldwood Energy LLC | xxxxx5624 | USD | Escrow | $ 8,248,996.42 |

```
                           United States Bankruptcy Court
                             Southern District of Texas

In re:                                                      Case No. 20-33948-mi
Fieldwood Energy LLC                                        Chapter 11
Dynamic Offshore Resources NS, LLC
         Debtors                    CERTIFICATE OF NOTICE
District/off: 0541-4           User: TylerLaws              Page 1 of 2               Date Rcvd: Aug 04, 2020
                               Form ID: pdf002              Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 06, 2020.
db             +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                 Houston, TX 77042-3623
db             +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,    s,   Houston, TX 77042-3623
db             +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                 Houston, TX 77042-3623
db             +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                 Houston, TX 77042-3623
intp           +Apache Corporation,    Hunton Andrews Kurth LLP,    Attn: Robin Russell,    600 Travis Street,
                 Suite 4200,    Houston, TX 77002-2929
op             +Prime Clerk LLC,    One Grand Central Place,    60 East 42nd Street,    Suite 1440,
                 New York, NY 10165-1446
cr             +SBM Gulf Production LLC,    c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
                 Hockley, TX 77447-0549
cr             +Tetra Applied Technologies, Inc.,    c/o Zachary S. McKay,    Dore Rothberg McKay, P.C.,
                 17171 Park Row, Suite 160,    Houston, TX 77084-4927

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:03     Cypress-Fairbanks ISD,
                 Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    P.O. Box 3064,
                 Houston, Tx  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:03     Harris County,
                 Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    PO Box 3064,
                 Houston, TX  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:03     Jefferson County,
                 Linebarger Goggan Blair & Sampson LLP,    c/o John P. Dillman,    P.O. Box 3064,
                 Houston, TX  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:03     Matagorda County,
                 Linebarger Goggan Blair & Sampson LLP,    c/o John P. Dillman,    Post Office Box 3064,
                 Houston, TX  77253-3064
                                                                                              TOTAL: 4

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Ad Hoc Group of Secured Lenders
intp            Cantor Fitzgerald Securities, as DIP Agent
cr              Goldman Sachs Bank USA
cr              Halliburton Energy Services, Inc.
cr              Liberty Mutual Insurance Company
cr              Renaissance Offshore, LLC
cr              The Hanover Insurance Company
cr              U.S. Department of the Interior
                                                                                   TOTALS: 8, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                              Signature:   /s/Joseph Speetjens

```
District/off: 0541-4          User: TylerLaws             Page 2 of 2              Date Rcvd: Aug 04, 2020
                              Form ID: pdf002             Total Noticed: 22
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2020 at the address(es) listed below:

```
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy SP LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    FW GOM Pipeline, Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    GOM Shelf LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood SD Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas, LP alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Dynamic Offshore Resources NS, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Onshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Pipeline LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas GP, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Processing LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Brandon Kevin Bains    on behalf of Creditor    The Hanover Insurance Company bbains@l-llp.com,
               langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
              Brandon Kevin Bains    on behalf of Creditor    Liberty Mutual Insurance Company bbains@l-llp.com,
               langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
              Brian A. Baker    on behalf of Creditor    Renaissance Offshore, LLC brian.baker@stacybakerlaw.com
              Catherine Diktaban    on behalf of Interested Party    Apache Corporation cdiktaban@huntonak.com
              Charles A Beckham, Jr    on behalf of Interested Party    Cantor Fitzgerald Securities, as DIP
               Agent beckhamc@haynesboone.com,   kenneth.rusinko@haynesboone.com
              Charles A Beckham, Jr    on behalf of Creditor    Ad Hoc Group of Secured Lenders
               beckhamc@haynesboone.com,   kenneth.rusinko@haynesboone.com
              Douglas Saul Friedman    on behalf of Creditor    Renaissance Offshore, LLC
               doug.friedman@stacybakerlaw.com
              Hector Duran, Jr    on behalf of U.S. Trustee    US Trustee Hector.Duran.Jr@usdoj.gov
              Jeffrey D. Carruth    on behalf of Creditor    Halliburton Energy Services, Inc. jcarruth@wkpz.com,
               jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
              John P Dillman    on behalf of Creditor    Matagorda County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Harris County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Jefferson County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Cypress-Fairbanks ISD houston_bankruptcy@publicans.com
              Kenneth P. Green    on behalf of Creditor    SBM Gulf Production LLC kgreen@snowspencelaw.com,
               janissherrill@snowspencelaw.com;theresaadkins@snowspencelaw.com;lauraterrell@snowspencelaw.com
              Matthew J. Pyeatt    on behalf of Creditor    Goldman Sachs Bank USA mpyeatt@velaw.com
              Richard A. Kincheloe    on behalf of Creditor    U.S. Department of the Interior
               Richard.Kincheloe@usdoj.gov,
               caseview.ecf@usdoj.gov;sonja.mccoy@usdoj.gov;sydnie.kempen@usdoj.gov;Nicole.robbins@usdoj.gov;rho
               ma.romero@usdoj.gov;USATXS.Bankruptcy-ECF@usdoj.gov
              Stephen Douglas Statham    on behalf of U.S. Trustee    US Trustee stephen.statham@usdoj.gov
              US Trustee    USTPRegion07.HU.ECF@USDOJ.GOV
              Zachary S McKay    on behalf of Creditor    Tetra Applied Technologies, Inc.
               zmckay@dorelawgroup.net,   chymel@dorelawgroup.net
                                                                                             TOTAL: 33
```