

ENTERED
08/04/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION, (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED OBLIGATIONS, AND (C) PAY PREPETITION EMPLOYMENT AND TRAINING EXPENSES, AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of an order (i) authorizing, but not directing, the Debtors to (a) pay all Employee Obligations, Other Compensation Obligations, and related fees, costs, and expenses incident to the foregoing, including amounts owed to third-party service providers and administrators and taxing authorities, and (b) maintain, and continue to honor and pay amounts with respect to, the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date and as such may be modified,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

amended, or supplemented from time to time in the ordinary course of business, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code, to (i) pay all obligations incurred, directly or indirectly, under or relating to the Employee Obligations, Other Compensation Obligations and related fees, costs, and expenses incident to the foregoing, including amounts owed to third-party administrators and providers and taxing authorities, in the ordinary course of business and (ii) maintain, and continue to honor and pay amounts with respect to the Debtors' business

practices, programs, and policies for their employees as such were in effect as of the Petition Dates and as such may be modified, amended, or supplemented from time to time in the ordinary course of business.  The Debtors shall provide five (5) days' advance notice to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases of any material changes or modifications to the programs and policies for their Employees and any new Employee compensation or Employee Benefit Plans.

        2.        Notwithstanding any other provision in this Order, the Debtors are authorized to continue the bonus programs described in the motion, including the Employee Bonus Programs, KERP, and the Employee Severance Obligations, in each case, in the ordinary course, including making any payments or satisfying any obligations to non-insiders with respect to the prepetition period; provided, however, that nothing in this Order shall authorize the Debtors to make any payments to "insiders" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code that implicate section 503(c) of the Bankruptcy Code without further order of this Court.  The Debtors shall maintain a matrix or schedule of amounts paid pursuant to the Employee Bonus Programs and the Severance Program subject to the terms and conditions of this Order, including the following information: (a) the name of the Claimant paid; (b) the amount of the payment to such Claimant; (c) the total amount paid to the Claimant to date; (d) the payment date; and (e) the purpose of such payment.  The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

        3.        The Debtors shall not make any bonus, incentive, retention, or severance payments to any "insiders" (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

4. Except with regard to that certain individual Employee owed an amount under an Existing Severance Agreement, nothing in the Order shall authorize the Debtors to make any payment to, or on behalf of, any Employee on account of wages and other compensation obligations in excess of the statutory caps set forth in sections 507(a)(4) and (5) of the Bankruptcy Code.

5. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

7. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (1) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**") and/or (2) authorizing the Debtors' use of cash

collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

8. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to the Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 04, 2020

Marvin Isgur
United States Bankruptcy Judge

> Notwithstanding anything in this Order to the contrary, before making any payments in excess of $25,000.00 to any individual pursuant to the Employee Bonus Program, the KERP, or the Severance Program, the Debtors shall provide five calendar days advance notice to the US Trustee and any statutory committee of (a) the job title of the claimant, (b) the amount of the proposed payment to such claimant, and (c) the proposed payment date.

```
                            United States Bankruptcy Court
                              Southern District of Texas

In re:                                                              Case No. 20-33948-mi
Fieldwood Energy LLC                                                Chapter 11
Dynamic Offshore Resources NS, LLC
        Debtors                        CERTIFICATE OF NOTICE
District/off: 0541-4          User: TylerLaws              Page 1 of 2              Date Rcvd: Aug 04, 2020
                              Form ID: pdf002              Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 06, 2020.
db          +Bandon Oil and Gas GP, LLC,     2000 W Sam Houston Pkwy S,     Suite 1200,    Houston, TX 77042-3623
db          +Bandon Oil and Gas, LP,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,     Suite 1200,
              Houston, TX 77042-3623
db          +FW GOM Pipeline, Inc.,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Energy Inc.,     2000 W Sam Houston Pkwy S,    s,   Houston, TX 77042-3623
db          +Fieldwood Energy LLC,     2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Energy Offshore LLC,     2000 W Sam Houston Pkwy S,     Suite 1200,
              Houston, TX 77042-3623
db          +Fieldwood Energy SP LLC,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Offshore LLC,     2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Onshore LLC,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood SD Offshore LLC,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +GOM Shelf LLC,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Galveston Bay Pipeline LLC,     2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Galveston Bay Processing LLC,     2000 W Sam Houston Pkwy S,     Suite 1200,
              Houston, TX 77042-3623
intp        +Apache Corporation,    Hunton Andrews Kurth LLP,     Attn: Robin Russell,    600 Travis Street,
              Suite 4200,    Houston, TX 77002-2929
op          +Prime Clerk LLC,    One Grand Central Place,     60 East 42nd Street,    Suite 1440,
              New York, NY 10165-1446
cr          +SBM Gulf Production LLC,     c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
              Hockley, TX 77447-0549
cr          +Tetra Applied Technologies, Inc.,     c/o Zachary S. McKay,    Dore Rothberg McKay, P.C.,
              17171 Park Row, Suite 160,     Houston, TX 77084-4927

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr           E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:05     Cypress-Fairbanks ISD,
              Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    P.O. Box 3064,
              Houston, Tx  77253-3064
cr           E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:05     Harris County,
              Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    PO Box 3064,
              Houston, TX  77253-3064
cr           E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:05     Jefferson County,
              Linebarger Goggan Blair & Sampson LLP,    c/o John P. Dillman,    P.O. Box 3064,
              Houston, TX  77253-3064
cr           E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 00:49:05     Matagorda County,
              Linebarger Goggan Blair & Sampson LLP,    c/o John P. Dillman,    Post Office Box 3064,
              Houston, TX  77253-3064
                                                                                             TOTAL: 4

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Ad Hoc Group of Secured Lenders
intp         Cantor Fitzgerald Securities, as DIP Agent
cr           Goldman Sachs Bank USA
cr           Halliburton Energy Services, Inc.
cr           Liberty Mutual Insurance Company
cr           Renaissance Offshore, LLC
cr           The Hanover Insurance Company
cr           U.S. Department of the Interior
                                                                                   TOTALS: 8, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                                    Signature:   /s/Joseph Speetjens

```
District/off: 0541-4          User: TylerLaws            Page 2 of 2              Date Rcvd: Aug 04, 2020
                              Form ID: pdf002            Total Noticed: 22
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2020 at the address(es) listed below:

```
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy SP LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    FW GOM Pipeline, Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    GOM Shelf LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood SD Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas, LP alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Dynamic Offshore Resources NS, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Onshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Pipeline LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas GP, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Processing LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Brandon Kevin Bains    on behalf of Creditor    The Hanover Insurance Company bbains@l-llp.com,
               langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
              Brandon Kevin Bains    on behalf of Creditor    Liberty Mutual Insurance Company bbains@l-llp.com,
               langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
              Brian A. Baker    on behalf of Creditor    Renaissance Offshore, LLC brian.baker@stacybakerlaw.com
              Catherine Diktaban    on behalf of Interested Party    Apache Corporation cdiktaban@huntonak.com
              Charles A Beckham, Jr    on behalf of Interested Party    Cantor Fitzgerald Securities, as DIP
               Agent beckhamc@haynesboone.com,    kenneth.rusinko@haynesboone.com
              Charles A Beckham, Jr    on behalf of Creditor    Ad Hoc Group of Secured Lenders
               beckhamc@haynesboone.com,    kenneth.rusinko@haynesboone.com
              Douglas Saul Friedman    on behalf of Creditor    Renaissance Offshore, LLC
               doug.friedman@stacybakerlaw.com
              Hector Duran, Jr    on behalf of U.S. Trustee    US Trustee Hector.Duran.Jr@usdoj.gov
              Jeffrey D. Carruth    on behalf of Creditor    Halliburton Energy Services, Inc. jcarruth@wkpz.com,
               jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
              John P Dillman    on behalf of Creditor    Matagorda County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Harris County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Jefferson County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Cypress-Fairbanks ISD houston_bankruptcy@publicans.com
              Kenneth P. Green    on behalf of Creditor    SBM Gulf Production LLC kgreen@snowspencelaw.com,
               janissherrill@snowspencelaw.com;theresaadkins@snowspencelaw.com;lauraterrell@snowspencelaw.com
              Matthew J. Pyeatt    on behalf of Creditor    Goldman Sachs Bank USA mpyeatt@velaw.com
              Richard A. Kincheloe    on behalf of Creditor    U.S. Department of the Interior
               Richard.Kincheloe@usdoj.gov,
               caseview.ecf@usdoj.gov;sonja.mccoy@usdoj.gov;sydnie.kempen@usdoj.gov;Nicole.robbins@usdoj.gov;rho
               ma.romero@usdoj.gov;USATXS.Bankruptcy-ECF@usdoj.gov
              Stephen Douglas Statham    on behalf of U.S. Trustee    US Trustee stephen.statham@usdoj.gov
              US Trustee     USTPRegion07.HU.ECF@USDOJ.GOV
              Zachary S McKay    on behalf of Creditor    Tetra Applied Technologies, Inc.
               zmckay@dorelawgroup.net,    chymel@dorelawgroup.net
                                                                                            TOTAL: 33
```