IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DEBTORS' MOTION PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 FOR ENTRY
OF AN ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT BY AND AMONG FIELDWOOD ENERGY LLC, HOACTZIN
PARTNERS L.P., THE HOACTZIN TRUSTEE, AND OTHER PARTIES
AND (II) GRANTING RELATED RELIEF**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully state the following in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

**Preliminary Statement**

1. Recently and after extensive negotiations supervised by the Hon. Stacey G.C. Jernigan, Fieldwood Energy LLC ("**FWE**"); Anne Burns, the trustee (the "**Trustee**") appointed in the chapter 7 case of Hoactzin Partners, L.P. ("**Hoactzin**"); Lexon Insurance Company, Inc. (the "**Surety**"); Omimex Petroleum, Inc.; Continental Land & Fur Co., Inc.; Ridgewood Energy Corporation; McMoRan Oil & Gas LLC; White Oak Resources VI, LLC; Exxon Mobil Corporation (collectively, with FWE, the "**Working Interest Owners**") (and together with the Surety, (the "**Paying Entities**")) and Peter Salas as Principal of Hoactzin and Indemnitor of Lexon Insurance Group, Inc. (the "**Principal**" and together with the FWE, Trustee, Surety, and Working Interest Owners (the "**Parties**")) have reached an agreement in principle to resolve a dispute regarding who would be responsible for the costs associated with certain plugging, abandonment, and decommissioning of obligations relating to Hoactzin's offshore assets located on the Outer Continental Shelf.

2. Although Hoactzin, has an ongoing duty to comply with state and federal laws, including the plugging, abandonment, and decommissioning requirements imposed by the United States Department of the Interior under certain leases, Right-Of-Use Easements, and Rights-of-Way (collectively, the "**GOM Obligations**"), Hoactzin, which filed for chapter 11 in October of 2019, defaulted on its decommissioning obligations. Its chapter 11 case having recently been converted to chapter 7, Hoactzin has insufficient assets to satisfy the GOM Obligations.

3. Thus, the Trustee as part of Hoactzin's chapter 7 liquidation looked to the Paying Entities, as predecessors-in-title, joint interest owners, surety and/or parties that have decommissioning obligations, to provide the funding necessary to satisfy the GOM Obligations, which a third-party has estimated at approximately $7,648,496.

4. After extensive, arm's-length negotiations, the Parties have reached an agreement in principle apportioning the aggregate costs of resolving the GOM Obligations and other issues between the Parties, the terms of which are set forth in the Stipulation and Agreed Order attached hereto as **Exhibit 1** (the "**Settlement**") to the Proposed Order.[2]

5. Subject to this Court's approval, the Settlement resolves the Trustee's asserted claims against FWE and its share of the GOM Obligations.

6. Under the terms of the Settlement, FWE would resolve any and all potential claims asserted against it by the other Parties relating to the GOM Obligations for approximately $600,000. Absent the Settlement, the Debtors' share of the GOM Obligations is estimated to be at least double that amount because FWE could potentially be liable for a significant portion of Hoactzin's defaulted GOM Obligations following a protracted and complicated litigation.

7. For the reasons set forth below, the Debtors respectfully submit that the Settlement represents a fair and reasonable compromise that is in the best interests of the Debtors' estates and their creditors. The proposed Settlement is well within the range of reasonableness, particularly when factoring in the time, expense, and risk in continuing to pursue any litigation. The Settlement is an appropriate use of estate assets and a sound exercise of the Debtors' business judgment. Accordingly, the Debtors request that the Court approve the Settlement and authorize the Debtors to consummate the terms therein.

## Relief Requested

8. By this Motion, the Debtors respectfully request entry of an order pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, substantially in the form

---

[2] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Settlement.

attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) approving and authorizing FWE to enter into the Settlement in the proposed stipulation and agreed order by and among the Parties (the "**Stipulation and Agreed Order**"), and (b) granting related relief.

## Jurisdiction

9.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

10.   Commencing August 3, 2020 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11.   The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

12.   The Debtors are one of the largest oil and gas exploration and production companies in the Gulf of Mexico ("**GOM**").  The majority of the Debtors' shallow water assets were acquired in 2013 when the Debtors and their non-debtor affiliates purchased certain GOM properties from Apache Corporation (together with its subsidiaries and affiliates, "**Apache**").

13.   Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' businesses and

capital structure are set forth in the *Declaration of Michael T. Dane in Support of Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the **Dane Declaration**").

### A.    Hoactzin's Chapter 7 Case

14.    On October 26, 2019, Hoactzin filed a voluntary petition for relief under chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas. *In re Hoactzin Partners, L.P.*, No. 19-33545-SGJ (Bankr. N.D. Tex.). Hoactzin's chapter 11 case was later converted to a case under chapter 7 on February 12, 2020, and Anne Burns was appointed as the chapter 7 trustee.

15.    Hoactzin, and the Trustee, have the duty pursuant to 28 U.S.C. § 959(b) to comply with state and federal laws, including satisfying the GOM Obligations. Failure to comply with those requirements within one-year can trigger a default, after which the United States Department of the Interior, through its regulatory bodies of BSEE and BOEM, often issues orders to all working interest owners to perform the defaulted decommissioning work.

16.    On June 4, 2020, the BSEE and BOEM served the determination that Hoactzin failed to comply with the requirements of the GOM Obligations to perform decommissioning obligations within one year, and ordered the forfeiture of bonds Hoactzin obtained from the Surety, unless Hoactzin or the Surety can demonstrate that it will bring the GOM Obligations into compliance.

17.    The ten leases, Right-Of-Use Easements, and Rights-of-Way that comprise the GOM Obligations, reflected in Exhibit A to the Stipulation and Agreed Order constitute the entire scope of Hoactzin's decommissioning obligations. The Trustee has been negotiating with various decommissioning vendors and the Parties to obtain a contract to complete the necessary decommissioning work to resolve Hoactzin's GOM Obligations, which work would be paid for in

5

accordance with an agreed-upon payment schedule by Hoactzin, the Working Interest Owners (including FWE), and the Surety. The Trustee estimates, based upon a third-party quote solicited and received for the estimated cost of the decommissioning work, that the total cost of satisfying the GOM Obligations is $7,648,496 (the "**Morrison Base Bid Amount**") plus an additional twenty-five percent contingency reserve to cover any decommissioning costs above the Morrison Base Bid Amount (the "**Contingency Reserve**"). The payment schedule to satisfy the Morrison Base Bid Amount, the Contingency Reserve, plus insurance renewal, payments to Petrostream, and bankruptcy administrative costs (altogether, the "**Total Settlement Amount**") is attached as Exhibit A to the Stipulation and Agreed Order. An evidentiary hearing before the Bankruptcy Court for the Northern District of Texas is scheduled to be held on August 7, 2020 to consider the Trustee's motion for entry of the Stipulation and Agreed Order.

### B. Stipulation and Agreed Order

18. In light of the foregoing, FWE, as a party that has certain decommissioning obligations at OCS-G 34831 and OCS-G 11984, extensively negotiated at arm's length the terms of a consensual settlement with Hoactzin and the other Parties. Under the terms of the Settlement,[3] which is conditioned upon entry of the Stipulation and Agreed Order:

    i. The Trustee will pay to decommission the GOM Obligations in the ordinary course as the decommissioning work is completed by Chet Morrison Contractors LLC ("**Morrison**") up to the Morrison Base Bid Amount totaling $7,648,496.00.

    ii. In addition to the Morrison Base Bid Amount, the Parties have agreed to include in the total funding to the Trustee a 25% Contingency Reserve to cover necessary and required contingent decommissioning work beyond the Morrison base scope of work

---

[3] The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to Stipulation and Agreed Order that the Trustee is presenting in an evidentiary hearing on August 7, 2020 before the United States Bankruptcy Court for the Northern District of Texas. In the event of any inconsistency between this summary and the Stipulation and Agreed Order, the Stipulation and Agreed Order controls in all respects.

      and above the Morrison Base Bid Amount (the "**Contingency Reserve**").

   iii.   FWE's share of the Total Settlement Amount is $601,449 (the "**FWE Settlement Amount**"). The FWE Settlement Amount is approximately 5.5% of the total costs.

   iv.   Upon payment of the FWE Settlement Amount, the Trustee, Hoactzin's estate, Surety, and Salas, on behalf of themselves, their heirs, representatives and assigns, provide a complete irrevocable waiver and release to FWE and any of its predecessors-in-interest, including but not limited to, Apache Corporation from any claims arising from or relating in any way to the GOM Obligations or other amounts due in connection with or arising under Lease OSC-G 34831, Block 145, Ship Shoal Area.

   v.   The Contingency Reserve will be allocated to each of the ten GOM Obligations in proportion to the Morrison Base Bid Amount for each GOM Obligation. Upon successful completion of the plugging, abandonment, and decommissioning requirements of any GOM Obligation, the Trustee shall promptly refund *pro rata* any unused portion of the Contingency Reserve allocated to the particular GOM Obligation. FWE is responsible for 5.5% of the Contingency Reserve.

19.   The Debtors believe the Settlement is in the best interests of the Debtors and their estates. ***First***, the Settlement resolves significant commercial disputes between the Parties with respect to the GOM Obligations and provides that Morrison will perform the plugging, abandonment, and decommissioning responsibilities, fixing the total cost of the project and fixing FWE's portion of those costs. ***Second***, by fixing FWE's portion of the cost, the Settlement avoids potential costly and protracted litigation between the Parties about how the Morrison Base Bid Amount would otherwise be apportioned, which conservatively estimated could be at least double the FWE Settlement Amount. ***Third***, the Settlement provides releases for FWE and Apache, and resolves issues related to FWE's interest in the GOM Obligations.

**Basis for Relief**

A. **Consummating the Settlement Agreement Is a Sound Exercise of Debtors' Business Judgment.**

20. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. The Fifth Circuit recognizes that a debtor may use property of the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); 441 B.R. 813, 830 (Bankr. S.D. Tex. 2010); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005).

21. The Debtors respectfully submit that the Settlement represents a fair and reasonable compromise that is in the best interest of the Debtors' estates and its creditors. The Settlement resolves a costly and complicated commercial dispute for a fixed amount that is substantially less than what FWE might potentially incur if this dispute were forced into litigation between the Parties and provides a release to FWE and any of its predecessors-in-interest, including but not limited to Apache.

22. The Settlement was the result of extensive negotiations among the Parties, which, if approved by the Court, will allow the Parties to avoid costly, time-consuming, and distracting litigation and provides that Morrison will perform the plugging, abandonment, and decommissioning activities. The Settlement resolves all pending disputes with Hoactzin, enabling

8

the Debtors to focus the efforts of their key management team and other resources on their core business and confirming the Plan. Accordingly, the Debtors respectfully request that the Court enter the Order and authorize FWE to enter into and perform under the Stipulation and Agreed Order as such action is a reasonable exercise of the Debtors' business judgment and in the best interest of their bankruptcy estates.

### B. The Settlement Satisfies the Standards of Bankruptcy Rule 9019 and Should Be Approved.

23. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, "approval of a compromise is within the sound discretion of the bankruptcy court." *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act). Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Jackson Brewing*, 624 F.2d at 602–03.

24. The Fifth Circuit sets forth a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. *Id.* The factors the Court considers are: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise." *See Age Ref. Inc.*, 801 F.3d at 540 (internal citations omitted).

25. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Id.*; *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

26. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

27. The Settlement clearly meets these standards. The Settlement resolves all issues among the Parties relating to the plugging, abandonment, and decommissioning of the two GOM Obligations for which FWE has certain decommissioning obligations; significantly decreases the risk of any adverse action from the relevant governmental and regulatory agencies with respect to GOM Obligations deficiencies; and provides FWE and its predecessors-in-interests, including Apache, with an irrevocable release. Moreover, failing to resolve the GOM Obligations at this stage would yield considerable risk to and impose potentially greater costs on the Debtors' estates. Litigating or otherwise continuing to dispute FWE's potential liability for any part of the GOM Obligations decommissioning costs would not be a cost-effective outcome for the Debtors' estates or a reasonable use of the Debtors' resources and time. Accordingly, the Debtors respectfully request that the Court approve the Settlement.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

28. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and the Debtors have established cause to waive the 14-day stay period under Bankruptcy Rule 6004(h) because the Settlement contemplates payment within ten days of entry of the Stipulation and Agreed Order to allow the decommissioning work to begin as soon as possible.

**Notice**

29. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: William L. Wallander, Esq. and Bradley R. Foxman, Esq.), as counsel to Goldman Sachs Bank USA, the FLFO Administrative Agent; (iv) (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.) and (B) Haynes and Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010 (Attn: Charles A. Beckham Jr., Esq. and Martha Wyrick, Esq.), as counsel to the Ad Hoc Group; (v) Shipman & Goodwin LLP, 400 Park Ave, 5th Floor, New York, NY 10022 (Attn: Nathan Plotkin, Esq.), as counsel to Cantor Fitzgerald Securities, the FLTL Administrative Agent; (vi) Holland & Knight LLP, 150 N. Riverside Plaza, Chicago, IL 60606 (Attn: Joshua Spencer, Esq. and Anastasia Sotiropolous, Esq.), as counsel to Cortland Capital Market Services LLC, the SLTL Administrative Agent; (vii) the Internal Revenue Service; (viii) the United States Attorney's Office for the Southern District of Texas; (ix) the Securities and Exchange Commission; (x) the Banks; (xi) any other party entitled to notice pursuant to Bankruptcy Rule 2002; (xii) the Parties; and (xiii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as it deems just and appropriate.

Dated:  August 7, 2020
        New York, New York

                    Respectfully submitted,

                    */s/ Jessica Liou*
                    WEIL, GOTSHAL & MANGES LLP
                    Alfredo R. Pérez (15776275)
                    700 Louisiana Street, Suite 1700
                    Houston, Texas 77002
                    Telephone:  (713) 546-5000
                    Facsimile:  (713) 224-9511
                    Email:   Alfredo.Perez@weil.com


                    -and-

                    WEIL, GOTSHAL & MANGES LLP
                    Matthew S. Barr (*pro hac vice* pending)
                    Jessica Liou (*pro hac vice* pending)
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone:  (212) 310-8000
                    Facsimile:  (212) 310-8007
                    Email:   Matt.Barr@weil.com
                                Jessica.Liou@weil.com


                    *Proposed Attorneys for Debtors*
                    *and Debtors in Possession*

## Certificate of Service

I hereby certify that, on August 7, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Jessica Liou*
                                                    Jessica Liou

WEIL:\97581346\9\45327.0007