IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DECLARATION OF BRANDON DEWOLFE IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING SETTLEMENT BY AND AMONG FIELDWOOD ENERGY LLC, HOACTZIN PARTNERS L.P., THE HOACTZIN TRUSTEE, AND OTHER PARTIES AND (II) GRANTING RELATED RELIEF**

I, Brandon DeWolfe, hereby declare, under penalty of perjury:

1. I am Vice President of Decommissioning of Fieldwood Energy LLC ("**FWE**"), a wholly-owned direct subsidiary of Fieldwood Energy Inc. I have served in this role since December 2018 and prior to that was Facilities Operations Manager responsible for decommissioning of platforms and pipelines since November 1, 2013. I am familiar with the Debtors', including FWE's, overall day-to-day operations with respect to decommissioning. I have played an active role in the decommissioning operations of the Debtors, including FWE.

2. I submit this Declaration in support of the *Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Authorizing and Approving Settlement By and Among Fieldwood Energy LLC, Hoactzin Partners L.P., the Hoactzin Trustee, and Other Parties and (II) Granting Related Relief* (the "**Motion**").[2] Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of the relevant documents and records, my discussion with other employees of the Debtors, information provided to me by employees working under my supervision or other employees of the Debtors, my opinion based upon my experience and knowledge related to the Debtors' operations and business.

3. I am authorized to submit this declaration on behalf of the Debtors and, if I were called to testify, I could and would completely testify to the facts set forth herein.

### The GOM Obligations

4. I understand that on October 26, 2019, Hoactzin filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas. *In re Hoactzin Partners, L.P.*, No. 19-33545-SGJ (Bankr. N.D. Tex.). Hoactzin's chapter 11 case was later converted to a case under chapter 7 on February 12, 2020, and Anne Burns was appointed as the chapter 7 trustee (the "**Trustee**").

5. Hoactzin, and the Trustee, have the duty pursuant to 28 U.S.C. § 959(b) to comply with state and federal laws, including satisfying the plugging and abandonment and decommissioning requirements imposed by the United States Department of the Interior under certain of its leases, Right-Of-Use Easements, and Rights-of-Way (collectively, the "**GOM Obligations**"). Failure to comply with those requirements within one-year can trigger a default, after which the United States Department of the Interior, through its regulatory bodies of BSEE

---

[2] Capitalized terms undefined but referenced herein shall have the meanings ascribed to them in the Motion.

2

and BOEM, often issues orders to all working interest owners to perform the defaulted decommissioning work.

6. On June 4, 2020, the United States Department of the Interior, through its regulatory bodies of BSEE and BOEM served the determination that Hoactzin failed to comply with the requirements of the GOM Obligations to perform decommissioning obligations within one year, and ordered the forfeiture of bonds Hoactzin obtained from the Surety, unless Hoactzin or the Surety can demonstrate that it will bring the GOM Obligations into compliance.

7. The ten leases, Right-Of-Use Easements, and Rights-of-Way that comprise the GOM Obligations, reflected in Exhibit A to the Stipulation and Agreed Order constitute the entire scope of Hoactzin's decommissioning obligations.

### The Settlement

8. The Trustee has been negotiating with various decommissioning vendors and the Parties to obtain a contract to complete the necessary decommissioning work to resolve Hoactzin's GOM Obligations, which work would be paid for in accordance with an agreed-upon payment schedule by Hoactzin, the Working Interest Owners (including FWE), and the Surety. The Trustee estimates, based upon a third-party quote solicited and received for the estimated cost of the decommissioning work, that the total cost of satisfying the GOM Obligations is $7,648,496 (the "**Morrison Base Bid Amount**") plus an additional twenty-five percent contingency reserve to cover any costs above the Morrison Base Bid Amount (the "**Contingency Reserve**"). The payment schedule to satisfy the Morrison Base Bid Amount, the Contingency Reserve, plus insurance renewal, payments to Petrostream, and bankruptcy administrative costs (altogether, the "**Total Settlement Amount**") is attached as Exhibit A to the Stipulation and Agreed Order. An evidentiary hearing before the Bankruptcy Court for the Northern District of Texas is scheduled

3

to be held on August 7, 2020 to consider the Trustee's motion for entry of the Stipulation and Agreed Order.

9. In light of the foregoing, FWE, as a party that has certain decommissioning obligations at OCS-G 34831 and OCS-G 11984, extensively negotiated at arm's length the terms of a consensual settlement with Hoactzin and the other Parties. Under the terms of the Settlement,[3] which is conditioned upon entry of the Stipulation and Agreed Order:

i. The Trustee will pay to decommission the GOM Obligations in the ordinary course as the decommissioning work is completed by Chet Morrison Contractors LLC ("**Morrison**") up to the Morrison Base Bid Amount totaling $7,648,496.00.

ii. In addition to the Morrison Base Bid Amount, the Parties have agreed to include in the total funding to the Trustee a 25% Contingency Reserve to cover necessary and required contingent decommissioning work beyond the Morrison base scope of work and above the Morrison Base Bid Amount (the "**Contingency Reserve**").

iii. FWE's share of the Total Settlement Amount is $601,449 (the "**FWE Settlement Amount**"). The FWE Settlement Amount is approximately 5.5% of the total costs.

iv. Upon payment of the FWE Settlement Amount, the Trustee, Hoactzin's estate, Surety, and Salas, on behalf of themselves, their heirs, representatives and assigns, provide a complete irrevocable waiver and release to FWE and any of its predecessors-in-interest, including but not limited to, Apache Corporation from any claims arising from or relating in any way to the GOM Obligations or other amounts due in connection with or arising under Lease OSC-G 34831, Block 145, Ship Shoal Area.

v. The Contingency Reserve will be allocated to each of the ten GOM Obligations in proportion to the Morrison Base Bid Amount for each GOM Obligation. Upon successful completion of the plugging, abandonment, and decommissioning requirements of any GOM

---

[3] The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to Stipulation and Agreed Order that the Trustee is presenting in an evidentiary hearing on August 7, 2020 before the United States Bankruptcy Court for the Northern District of Texas. In the event of any inconsistency between this summary and the Stipulation and Agreed Order, the Stipulation and Agreed Order controls in all respects.

Obligation, the Trustee shall promptly refund *pro rata* any unused portion of the Contingency Reserve allocated to the particular GOM Obligation. FWE is responsible for 5.5% of the Contingency Reserve.

### Settlement is Fair, Reasonable, and in the Best Interests the Estates

10. I believe the Settlement is fair, reasonable, and in the best interests of the Debtors and their estates. Through the Settlement, the Debtors avoid the expense, delay, and uncertainty associated with failing to consensually resolve the GOM Obligations with Hoactzin. Absent a consensual negotiation, FWE may be exposed to even greater potential liability associated with the GOM Obligations.

11. ***First***, the Settlement resolves significant commercial disputes between the Parties with respect to the GOM Obligations and provides that Morrison will perform the plugging, abandonment, and decommissioning responsibilities, fixing the total cost of the project and fixing FWE's portion of those costs. ***Second***, by fixing FWE's portion of the cost, the Settlement avoids potential costly and protracted litigation between the Parties about how the Morrison Base Bid Amount would otherwise be apportioned, which conservatively estimated could be at least double the FWE Settlement Amount. ***Third***, the Settlement provides releases for FWE and Apache, and resolves issues related to FWE's interest in the GOM Obligations.

12. The Settlement resolves a costly and complicated commercial dispute for a fixed amount that is substantially less than what FWE might potentially incur if this dispute were forced into litigation between the Parties and provides a release to FWE and any of its predecessors-in-interest, including but not limited to Apache. The Settlement was the result of extensive negotiations among the Parties, which, if approved by the Court, will allow the Parties to avoid costly, time-consuming, and distracting litigation and provides that Morrison will perform the plugging, abandonment, and decommissioning activities. The Settlement resolves all pending

5

disputes with Hoactzin, enabling the Debtors to focus the efforts of their key management team and other resources on their core business and confirming the Plan.

13. The Settlement resolves all issues among the Parties relating to the plugging, abandonment, and decommissioning of the two GOM Obligations for which FWE has certain decommissioning obligations; significantly decreases the risk of any adverse action from the relevant governmental and regulatory agencies with respect to GOM Obligations deficiencies; and provides FWE and its predecessors-in-interests, including Apache, with an irrevocable release. Moreover, failing to resolve the GOM Obligations at this stage would yield considerable risk to and impose potentially greater costs on the Debtors' estates. Litigating or otherwise continuing to dispute FWE's potential liability for any part of the GOM Obligations decommissioning costs would not be a cost-effective outcome for the Debtors' estates or a reasonable use of the Debtors' resources and time.

14. In light of the foregoing, I believe that the Settlement is a fair and reasonable compromise of the outstanding disputes between the FWE, Hoactzin, and the other Parties to the Settlement, and will benefit the Debtors and their estates

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 7, 2020
Houston, Texas

Brandon DeWolfe
Vice President Decommissioning
Fieldwood Energy LLC