

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

ENTERED
08/05/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY (A) PREPETITION INTEREST OWNER OBLIGATIONS, JOINT INTEREST BILLINGS, AND E&P OPERATING EXPENSES AND (B) 503(b)(9) CLAIMS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 503(b)(9), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Bankruptcy Local Rules 4002-1 and 9013-1, for entry of interim and final orders (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, their undisputed, liquidated amounts owing to (a) holders of royalty, working, and other interests for Interest Owner Payments, including Suspense Obligations, (b) operators for unpaid Joint Interest Billings, and (c) certain third parties for E&P Operating Expenses; (ii) authorizing, but not directing, the Debtors to pay certain 503(b)(9) Claims; and (iii) granting related relief, all as more fully set forth in the Motion; and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to pay and satisfy the Prepetition Obligations, in an aggregate amount not to exceed $69.1 million. In the event the Debtors make payments in excess of the aggregate estimated amounts in any category of Prepetition Obligations as set forth in the Motion during the interim period, the Debtors shall file a notice with the Court describing the category and overage amount.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, to pay and satisfy the 503(b)(9) Claims, in an

aggregate amount not to exceed $4.6 million. In the event the Debtors make payments on account of 503(b)(9) Claims in excess of the aggregate estimated amounts as detailed in the Motion during the interim period, Debtors shall file a notice with the Court describing the category and overage amount.

3. As a condition to payment of prepetition amounts owed to any E&P Claimant or § 503(b)(9) claimant hereunder, the Debtors shall enter into Trade Agreements with such claimant on terms consistent with the historical practice between the parties, and such Trade Agreement shall require the claimant to agree that the payment to be made will be in full satisfaction of any prepetition amounts allegedly owed to such claimant by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date. The Debtors are authorized to negotiate, modify, or amend the form of a Trade Agreement in its reasonable business judgment, but may not violate this paragraph.

4. Any party who accepts payment from the Debtors of a prepetition amount shall (i) be deemed to have agreed to the terms and conditions of this Interim Order, and (ii) promptly take all actions necessary to remove any liens on the Debtors' assets such party may have based upon such prepetition amount at such party's sole expense. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Interim Order to a E&P Claimant or a 503(b)(9) claimant, the Debtors shall provide such claimant with a copy of this Interim Order (unless previously provided).

5. If any party accepts payment pursuant to this Interim Order for a prepetition obligation and thereafter fails to comply with any term or provision of the applicable Trade Agreement entered into with the Debtors, or such other terms agreed to by the Debtors, any payments made pursuant to this Interim Order shall be deemed an avoidance postpetition transfer

under section 549 of the Bankruptcy Code, and the non-Debtor party shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trst fund claims or otherwise. Upon recovery by the Debtors, the amounts previously paid shall be reinstated as prepetition claims in the amount so recovered.

6. The Debtors shall maintain a matrix/schedule of amounts paid under this Interim Order, including the following information: (a) the category of amount paid, applied, offset or setoff as further described and classified in the Motion; (b) the aggregate amount of the payment, application, offset or setoff by category; (c) the Debtor or Debtors that made the payment, application, offset or setoff; (d) the recipient of the payment, application, offset or setoff; and (e) timing of the payment, application, offset or setoff. The Debtors shall provide a copy of such matrix/schedule on a confidential and professionals' eyes only basis to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and the advisors to the Ad Hoc Group of Secured Lenders every 30 days beginning upon entry of this Interim Order.

7. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

8. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on

all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

9. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

10. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (1) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**") and/or (2) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Interim Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

11. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other

applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

12. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, which are expressly reserved, to object to any payment to a claimant that is an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors. To the extent the Debtors intend to make a payment pursuant to this Interim Order to a claimant that is an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three (3) business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18. A final hearing to consider the relief requested in the Motion shall be held on <u>August 24, 2020 at 1:30 p</u>.m. **(Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to August 20**, 2020 at 4:00 p.m. (Prevailing Central Time)**.

Signed: August 05, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

31

```
                             United States Bankruptcy Court
                               Southern District of Texas

In re:                                                                  Case No. 20-33948-mi
Fieldwood Energy LLC                                                    Chapter 11
Dynamic Offshore Resources NS, LLC
         Debtors                         CERTIFICATE OF NOTICE
District/off: 0541-4          User: TylerLaws               Page 1 of 2           Date Rcvd: Aug 05, 2020
                              Form ID: pdf002               Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 07, 2020.
db             +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                 Houston, TX 77042-3623
db             +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,    s,    Houston, TX 77042-3623
db             +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                 Houston, TX 77042-3623
db             +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db             +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                 Houston, TX 77042-3623
intp           +Apache Corporation,    Hunton Andrews Kurth LLP,    Attn: Robin Russell,    600 Travis Street,
                 Suite 4200,    Houston, TX 77002-2929
op             +Prime Clerk LLC,    One Grand Central Place,    60 East 42nd Street,    Suite 1440,
                 New York, NY 10165-1446
cr             +SBM Gulf Production LLC,    c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
                 Hockley, TX 77447-0549
cr             +Tetra Applied Technologies, Inc.,    c/o Zachary S. McKay,    Dore Rothberg McKay, P.C.,
                 17171 Park Row, Suite 160,    Houston, TX 77084-4927

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 22:04:27     Cypress-Fairbanks ISD,
                 Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,    P.O. Box 3064,
                 Houston, Tx 77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 22:04:27     Harris County,
                 Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,    PO Box 3064,
                 Houston, TX 77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 22:04:27     Jefferson County,
                 Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,    P.O. Box 3064,
                 Houston, TX 77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 05 2020 22:04:27     Matagorda County,
                 Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,    Post Office Box 3064,
                 Houston, TX 77253-3064
                                                                                               TOTAL: 4

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Ad Hoc Group of Secured Lenders
intp            Cantor Fitzgerald Securities, as DIP Agent
cr              Goldman Sachs Bank USA
cr              Halliburton Energy Services, Inc.
cr              Liberty Mutual Insurance Company
cr              Renaissance Offshore, LLC
cr              The Hanover Insurance Company
cr              U.S. Department of the Interior
                                                                                   TOTALS: 8, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2020                                Signature:  /s/Joseph Speetjens

```
District/off: 0541-4          User: TylerLaws            Page 2 of 2              Date Rcvd: Aug 05, 2020
                              Form ID: pdf002            Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 5, 2020 at the address(es) listed below:
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy SP LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    FW GOM Pipeline, Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    GOM Shelf LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood SD Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas, LP alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Dynamic Offshore Resources NS, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Onshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Pipeline LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas GP, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Processing LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Brandon Kevin Bains    on behalf of Creditor    The Hanover Insurance Company bbains@l-llp.com,
               langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
              Brandon Kevin Bains    on behalf of Creditor    Liberty Mutual Insurance Company bbains@l-llp.com,
               langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
              Brian A. Baker    on behalf of Creditor    Renaissance Offshore, LLC brian.baker@stacybakerlaw.com
              Catherine Diktaban     on behalf of Interested Party    Apache Corporation cdiktaban@huntonak.com
              Charles A Beckham, Jr    on behalf of Interested Party    Cantor Fitzgerald Securities, as DIP
               Agent beckhamc@haynesboone.com,    kenneth.rusinko@haynesboone.com
              Charles A Beckham, Jr    on behalf of Creditor    Ad Hoc Group of Secured Lenders
               beckhamc@haynesboone.com,    kenneth.rusinko@haynesboone.com
              Douglas Saul Friedman     on behalf of Creditor    Renaissance Offshore, LLC
               doug.friedman@stacybakerlaw.com
              Hector Duran, Jr    on behalf of U.S. Trustee    US Trustee Hector.Duran.Jr@usdoj.gov
              Jeffrey D. Carruth    on behalf of Creditor    Halliburton Energy Services, Inc. jcarruth@wkpz.com,
               jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
              John P Dillman    on behalf of Creditor    Matagorda County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Harris County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Jefferson County houston_bankruptcy@publicans.com
              John P Dillman    on behalf of Creditor    Cypress-Fairbanks ISD houston_bankruptcy@publicans.com
              Kenneth P. Green    on behalf of Creditor    SBM Gulf Production LLC kgreen@snowspencelaw.com,
               janissherrill@snowspencelaw.com;theresaadkins@snowspencelaw.com;lauraterrell@snowspencelaw.com
              Matthew J. Pyeatt    on behalf of Creditor    Goldman Sachs Bank USA mpyeatt@velaw.com
              Richard A. Kincheloe    on behalf of Creditor    U.S. Department of the Interior
               Richard.Kincheloe@usdoj.gov,
               caseview.ecf@usdoj.gov;sonja.mccoy@usdoj.gov;sydnie.kempen@usdoj.gov;Nicole.robbins@usdoj.gov;rho
               ma.romero@usdoj.gov;USATXS.Bankruptcy-ECF@usdoj.gov
              Stephen Douglas Statham    on behalf of U.S. Trustee    US Trustee stephen.statham@usdoj.gov
              US Trustee     USTPRegion07.HU.ECF@USDOJ.GOV
              Zachary S McKay    on behalf of Creditor    Tetra Applied Technologies, Inc.
               zmckay@dorelawgroup.net,    chymel@dorelawgroup.net
                                                                                             TOTAL: 33
```