

ENTERED
08/10/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |   |   |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § | (Jointly Administered) |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAMS AND SURETY BOND PROGRAM, AND (B) PAY CERTAIN OBLIGATIONS WITH RESPECT THERETO; (II) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of interim and final orders **(**i) authorizing, but not directing, the Debtors to (a) continue their Insurance Programs and Surety Bond Program in accordance with their applicable insurance policies and indemnity agreements and authority to continue to perform their obligations with respect thereto during these chapter 11 cases, and (b) pay any Insurance Obligations and Surety Bond Obligations; (ii) modifying the automatic stay to the extent necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to continue their Insurance Programs and Surety Bond Program, and to pay any prepetition Insurance Obligations and prepetition Surety Premiums; *provided, however*, the Debtors will notify the U.S Trustee, the Ad Hoc Group of Secured Lenders, and any statutory committee appointed in these chapter 11 cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage and surety coverage or change insurance

or surety carriers, enter into any new premium financing agreements, or obtain additional insurance, or surety coverage in a manner that would be materially inconsistent with the Debtors' current insurance and surety coverage.  In connection with the Surety Bond Program, the Debtors are authorized, but not directed, to maintain any practices and procedures that were in effect before the commencement of these chapter 11 cases, including but not limited to, paying prepetition and postpetition Surety Premiums that may become due.  The Debtors are not authorized by this Interim Order to pay any reimbursement or indemnification obligations that may become due under any Surety Indemnity Agreement.  Such relief may be sought by separate motion.

2. The Debtors are authorized, but not directed, to reuse, extend, renew, rollover, replace, or obtain new insurance policies and surety bonds, and to take all appropriate actions in connection therewith, in the ordinary course of business; provided, however, that nothing in this Interim Order shall be construed to obligate any surety to renew or increase the amount of any existing surety bond or to issue any new surety bonds to the Debtors.  The Debtors are not authorized by this Interim Order to take any action with respect to a Surety Bond Program that would have the effect of transforming a prepetition undersecured or unsecured surety bond to a postpetition or secured obligation.  Such relief may be sought by separate motion.

3. Nothing in the Motion or this Interim Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program and nothing in this Interim Order renders any claim by any third party based on a prepetition actual, potential, or asserted liability of the Debtors, which claim may or does result in a loss to a surety under the Surety Bond Program, into a postpetition claim or expense of administration.  In the event of any claims against the surety bonds issued on behalf of any of the Debtors, the surety that issued the

surety bonds shall retain any rights and defenses in connection with any claim, including any rights granted in the contractual agreement(s) of indemnity executed by the Debtors. Furthermore, nothing herein shall impact who has the ultimate discretion of how to resolve a claim against a surety.

4. Except as expressly set forth herein, to the extent any Surety Bond or any related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the assumption or postpetition reaffirmation of any such Surety Bond or related agreement under section 365 of the Bankruptcy Code. The Debtors, however, have the right to obtain alternative bonding for any pre-petition bonds.

5. The automatic stay shall be modified to the limited extent necessary to permit the Debtors' employees to proceed against applicable insurers with any claims they may have under the Workers' Compensation Program.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic

funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

8. Nothing in this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the Court's ultimate disposition of the Motion on a final basis.

9. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Interim Order that includes the following information: (a) the names of the payee; (b) the nature, date and amount of the payment; (c) the category or type of payment as characterized in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule on a confidential and professionals' eyes only basis to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and the advisors to the Ad Hoc Group of Secured Lenders every 30 days beginning upon entry of this Interim Order.

10. Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and nothing herein shall constitute a waiver of, expressly or implicitly, any rights, claims and defenses of any party under: (a) any indemnity agreements, surety bonds or any related agreements, contracts or documents executed by any indemnitor in connection with the surety bond program, which shall remain in full force and effect; (b) any related letters of credit or other collateral, which shall remain in place and secure all obligations of any indemnitors of a surety regardless of when the obligations arise; or (c) applicable bankruptcy or non-bankruptcy law, including, without limitation, equitable subrogation rights, all of which rights are expressly reserved. Notwithstanding any rights, restrictions, limitations,

arguments or obligations set forth in this Interim Order, all parties reserve the right to assert any rights, restrictions, limitations, arguments or obligations at any final hearing on the Motion.

11. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, or (viii) a waiver of any of the Debtors' rights under section 365 of the Bankruptcy Code.

12. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (1) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**"), and/or (2) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**").  To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Interim Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding the provisions of Bankruptcy Rule 4001(a)(3) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18. A final hearing to consider the relief requested in the Motion shall be held on **August 24, 2020 at 1:30 p.m. (Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to **August 20, 2020 at 4:00 p.m. (Prevailing Central Time).**

Signed: August 10, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                    Case No. 20-33948-mi
Fieldwood Energy LLC                                                                      Chapter 11
Dynamic Offshore Resources NS, LLC
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4        User: TylerLaws           Page 1 of 4              Date Rcvd: Aug 10, 2020
                            Form ID: pdf002           Total Noticed: 44

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 12, 2020.
```
db         +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
             Houston, TX 77042-3623
db         +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,    s,   Houston, TX 77042-3623
db         +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
             Houston, TX 77042-3623
db         +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
             Houston, TX 77042-3623
aty        +Emile Joseph, Jr.,    Allen & Gooch,    P O Box 81129,    Lafayette, LA 70598-1129
aty        +Jason George,    Weil Gotshal & Manges LLP,    767 Fifth Avenue,    New York, NY 10153-0119
aty        +Jessica Liou,    Weil, Gotshal & Manges LLP,    767 Fifth Avenue,    New York, NY 10153-0119
aty        +Petro Amigos Supply, Inc.,    c/o Wayne Kitchens,    Total Plaza,    1201 Louisiana, 28th Floor,
             Houston, TX 77002-5607
aty        +Ronald Savoie,    Jackson & Jackson, P.L.L.C.,    111 Founders Drive, Suite 400,
             Baton Rouge, LA 70810-8959
cr         +A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC,    c/o Andrew A Braun,
             Gieger Laborde & Laperouse, LLC,    Suite 4800, 701 Poydras Street,    New Orleans, LA  70139,
             US 70139-7756
intp       +Apache Corporation,    Hunton Andrews Kurth LLP,    Attn: Robin Russell,    600 Travis Street,
             Suite 4200,    Houston, TX 77002-2929
cr         +C-Dive, L.L.C.,    c/o Leann O. Moses,    1100 Poydras Street,    Suite 3100,
             New Orleans, LA 70163-1102
intp       +Helis Oil & Gas Company, LLC,    c/o J. David Forsyth,    400 Poydras Street, Suite 2550,
             New Orleans, LA 70130-3292
cr         +JX Nippon Oil Exploration (U.S.A.) Limited,    c/o GIEGER, LABORDE & LAPEROUSE, L.L.C.,
             5151 SAN FELIPE, SUITE 750,    Houston, TX 77056-3646
op         +Prime Clerk LLC,    One Grand Central Place,    60 East 42nd Street,    Suite 1440,
             New York, NY 10165-1446
intp        Railroad Commission of Texas,    c/o Office of the Attorney General,
             Bankruptcy & Collections Division,    P. O. Box 12548,    Austin, TX  78711-2548
cr         +Red Willow Offshore, LLC,    c/o Barnet B. Skelton, Jr.,    815 Walker, Suite 1502,
             Houston, TX 77002-5832
cr         +SBM Gulf Production LLC,    c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
             Hockley, TX 77447-0549
cr         +Seitel Data, Ltd.,    c/o Duane J. Brescia,    Clark Hill Strasburger,    720 Brazos, Suite 700,
             Austin, TX 78701-2531
cr         +Sheldon Independent School District,    c/o Owen M. Sonk,    PBFCM, LLP,
             1235 N. Loop W., Suite 600,    Houston, TX 77008-1772
intp       +TC Oil Louisiana, LLC,    c/o Wick Phillips Attn: Jason Rudd,    3131 McKinney Ave., Suite 100,
             Dallas, TX 75204-2430
cr         +TGS AP Investments AS,    c/o Andrew A Braun,    Geiger Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras Street,    New Orleans, LA 70139-7756
cr         +TGS-NOPEC Geophysical Company,    c/o Andrew A Braun,    Gieger, Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras St.,    New Orleans, LA  70139,   US 70139-7756
cr         +TGS-NOPEC Geophysical Company ASA,    c/o Andrew A Braun,    Gieger Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras Street,    New Orleans, LA  70139,   US 70139-7756
intp       +Tana Exploration Company, LLC,    c/o Wick Phillips Attn: Jason Rudd,
             3131 McKinney Ave., Suite 100,    Dallas, TX 75204-2430
cr         +Tetra Applied Technologies, Inc.,    c/o Zachary S. McKay,    Dore Rothberg McKay, P.C.,
             17171 Park Row, Suite 160,    Houston, TX 77084-4927
cr         +U.S. Specialty Insurance Company,    c/o Locke Lord LLP,    ATTN: Philip Eisenberg,
             600 Travis Street, Suite 2800,    Houston, TX 77002-2914
cr         +Westerngeco LLC,    c/o Andrew A Braun,    Gieger Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras Street,    New Orleans, LA  70139,   US 70139-7756
cr         +Zurich American Insurance Company,    c/o Duane Brescia,    720 Brazos Street,    Suite 700,
             Austin, TX 78701-2531

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 10 2020 23:06:30      Cypress-Fairbanks ISD,
             Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    P.O. Box 3064,
             Houston, Tx  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 10 2020 23:06:30      Harris County,
             Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    PO Box 3064,
             Houston, TX  77253-3064
```

```
District/off: 0541-4          User: TylerLaws            Page 2 of 4              Date Rcvd: Aug 10, 2020
                              Form ID: pdf002            Total Noticed: 44

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
cr             +E-mail/Text: bankruptcy@islandoperating.com Aug 10 2020 23:07:22
                 Island Operating Company Inc,    770 S Post Oak Lane,   Suite 400,   Houston, TX 77056-6666
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 10 2020 23:06:30      Jefferson County,
                 Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   P.O. Box 3064,
                 Houston, TX  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Aug 10 2020 23:06:30      Matagorda County,
                 Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   Post Office Box 3064,
                 Houston, TX  77253-3064
                                                                                              TOTAL: 5

               ***** BYPASSED RECIPIENTS  (undeliverable, * duplicate) *****
cr              Acadian Contractors, Inc
cr              Ad Hoc Group of Secured Lenders
cr              Archrock Partners Operating, LLC and Archrock Serv
cr              CTD Legacy LLC
intp            Cantor Fitzgerald Securities, as DIP Agent
cr              Chevron U.S.A. Inc.
intp            Facilities Consulting Group, LLC
cr              Goldman Sachs Bank USA
cr              Halliburton Energy Services, Inc.
cr              Liberty Mutual Insurance Company
cr              Linear Controls, Inc.
cr              Partco, LLC
cr              Philadelphia Indemnity Insurance Company
intp            RLI Insurance Company
cr              Renaissance Offshore, LLC
cr              The Hanover Insurance Company
cr              U.S. Department of the Interior
                                                                                      TOTALS: 17, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 12, 2020                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 10, 2020 at the address(es) listed below:
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Pipeline LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Offshore LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas GP, LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Galveston Bay Processing LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    Fieldwood Energy SP LLC alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
              Alfredo R Perez    on behalf of Debtor    FW GOM Pipeline, Inc. alfredo.perez@weil.com,
               brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
               topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
```

```
District/off: 0541-4                User: TylerLaws                Page 3 of 4                  Date Rcvd: Aug 10, 2020
                                    Form ID: pdf002                Total Noticed: 44
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Alfredo R Perez    on behalf of Debtor    Fieldwood Offshore LLC alfredo.perez@weil.com,
         brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
         topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
        Alfredo R Perez    on behalf of Debtor    GOM Shelf LLC alfredo.perez@weil.com,
         brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
         topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
        Alfredo R Perez    on behalf of Debtor    Fieldwood SD Offshore LLC alfredo.perez@weil.com,
         brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
         topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
        Alfredo R Perez    on behalf of Debtor    Bandon Oil and Gas, LP alfredo.perez@weil.com,
         brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
         topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
        Alfredo R Perez    on behalf of Debtor    Dynamic Offshore Resources NS, LLC alfredo.perez@weil.com,
         brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
         topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
        Alfredo R Perez    on behalf of Debtor    Fieldwood Onshore LLC alfredo.perez@weil.com,
         brenda.funk@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;chris
         topher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@weil.com
        Andrew A Braun    on behalf of Creditor    TGS AP Investments AS abraun@glllaw.com
        Andrew A Braun    on behalf of Creditor    Westerngeco LLC abraun@glllaw.com
        Andrew A Braun    on behalf of Creditor    JX Nippon Oil Exploration (U.S.A.) Limited
         abraun@glllaw.com
        Andrew A Braun    on behalf of Creditor    A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUCTS AND
         SERVICES abraun@glllaw.com
        Andrew A Braun    on behalf of Creditor    TGS-NOPEC Geophysical Company abraun@glllaw.com
        Andrew A Braun    on behalf of Creditor    TGS-NOPEC Geophysical Company ASA abraun@glllaw.com
        Barnet B Skelton, Jr   on behalf of Creditor    Red Willow Offshore, LLC barnetbjr@msn.com
        Bradley Clay Knapp    on behalf of Creditor    U.S. Specialty Insurance Company
         bknapp@lockelord.com, Yamille.Harrison@lockelord.com
        Brandon Kevin Bains    on behalf of Creditor    Liberty Mutual Insurance Company bbains@l-llp.com,
         langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
        Brandon Kevin Bains    on behalf of Creditor    The Hanover Insurance Company bbains@l-llp.com,
         langleyllp@ecf.courtdrive.com;lmurphy@l-llp.com;tlangley@l-llp.com
        Brian A. Baker    on behalf of Creditor    Renaissance Offshore, LLC brian.baker@stacybakerlaw.com
        Catherine Diktaban    on behalf of Interested Party    Apache Corporation cdiktaban@huntonak.com
        Charles A Beckham, Jr    on behalf of Creditor    Ad Hoc Group of Secured Lenders
         beckhamc@haynesboone.com, kenneth.rusinko@haynesboone.com
        Charles A Beckham, Jr    on behalf of Interested Party    Cantor Fitzgerald Securities, as DIP
         Agent beckhamc@haynesboone.com, kenneth.rusinko@haynesboone.com
        Charles M Rubio    on behalf of Creditor    Island Operating Company Inc crubio@parkinslee.com,
         7485062420@filings.docketbird.com
        Douglas Saul Friedman    on behalf of Creditor    Renaissance Offshore, LLC
         doug.friedman@stacybakerlaw.com
        Duane J Brescia    on behalf of Creditor    Seitel Data, Ltd.
         duane.brescia@clarkhillstrasburger.com,
         donna.krupa@clarkhillstrasburger.com;Kathryn.Alexander@clarkhillstrasburger.com;bkrtcynotices@str
         asburger.com
        Duane J Brescia    on behalf of Creditor    Zurich American Insurance Company
         duane.brescia@clarkhillstrasburger.com,
         donna.krupa@clarkhillstrasburger.com;Kathryn.Alexander@clarkhillstrasburger.com;bkrtcynotices@str
         asburger.com
        Edward L Ripley    on behalf of Creditor    Chevron U.S.A. Inc. eripley@andrewsmyers.com
        Hector Duran, Jr    on behalf of U.S. Trustee    US Trustee Hector.Duran.Jr@usdoj.gov
        J. David Forsyth    on behalf of Interested Party    Helis Oil & Gas Company, LLC
         jdf@sessions-law.com
        Jason Bradley Binford    on behalf of Interested Party    Railroad Commission of Texas
         Jason.binford@oag.texas.gov
        Jason M Rudd    on behalf of Interested Party    Tana Exploration Company, LLC
         Jason.rudd@wickphillips.com, brenda.ramirez@wickphillips.com
        Jason M Rudd    on behalf of Interested Party    TC Oil Louisiana, LLC Jason.rudd@wickphillips.com,
         brenda.ramirez@wickphillips.com
        Jeffrey D. Carruth    on behalf of Creditor    Halliburton Energy Services, Inc. jcarruth@wkpz.com,
         jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com
        John P Dillman    on behalf of Creditor    Cypress-Fairbanks ISD houston_bankruptcy@publicans.com
        John P Dillman    on behalf of Creditor    Matagorda County houston_bankruptcy@publicans.com
        John P Dillman    on behalf of Creditor    Harris County houston_bankruptcy@publicans.com
        John P Dillman    on behalf of Creditor    Jefferson County houston_bankruptcy@publicans.com
        Kenneth P. Green    on behalf of Creditor    SBM Gulf Production LLC kgreen@snowspencelaw.com,
         janissherrill@snowspencelaw.com;theresaadkins@snowspencelaw.com;lauraterrell@snowspencelaw.com
        Kevin M Maraist    on behalf of Creditor    Archrock Partners Operating, LLC and Archrock Service
         LP kmaraist@albmlaw.com
        Lambert M Laperouse    on behalf of Creditor    JX Nippon Oil Exploration (U.S.A.) Limited
         laperouse@glllaw.com, hherrick@glllaw.com
        Leann Opotowsky Moses    on behalf of Creditor    C-Dive, L.L.C. moses@carverdarden.com,
         Langley@carverdarden.com;8167471420@filings.docketbird.com
        Matthew J. Pyeatt    on behalf of Creditor    Goldman Sachs Bank USA mpyeatt@velaw.com
        Melissa E Valdez    on behalf of Creditor    Sheldon Independent School District mvaldez@pbfcm.com,
         osonik@pbfcm.com,tpope@pbfcm.com,mvaldez@ecf.courtdrive.com

```
District/off: 0541-4          User: TylerLaws              Page 4 of 4               Date Rcvd: Aug 10, 2020
                              Form ID: pdf002              Total Noticed: 44


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Michael Edward Collins    on behalf of Creditor    Philadelphia Indemnity Insurance Company
               mcollins@manierherod.com,    rmiller@manierherod.com
              Patrick M. Shelby    on behalf of Creditor    Linear Controls, Inc. rick.shelby@phelps.com,
               trisha.crombie@phelps.com
              Philip G Eisenberg    on behalf of Creditor    U.S. Specialty Insurance Company
               peisenberg@lockelord.com
              Richard A. Kincheloe    on behalf of Creditor    U.S. Department of the Interior
               Richard.Kincheloe@usdoj.gov,
               caseview.ecf@usdoj.gov;sonja.mccoy@usdoj.gov;sydnie.kempen@usdoj.gov;Nicole.robbins@usdoj.gov;rho
               ma.romero@usdoj.gov;USATXS.Bankruptcy-ECF@usdoj.gov
              Ryan Dodson Dry    on behalf of Interested Party    RLI Insurance Company rdry@krebsfarley.com,
               khaley@krebsfarley.com
              Serajul F Ali    on behalf of Creditor    U.S. Department of the Interior serajul.ali@usdoj.gov
              Stephen Douglas Statham    on behalf of U.S. Trustee    US Trustee stephen.statham@usdoj.gov
              US Trustee    USTPRegion07.HU.ECF@USDOJ.GOV
              Victoria V Theriot    on behalf of Creditor    Acadian Contractors, Inc
               ttheriot@acadiancontractors.com
              Wayne Kitchens    on behalf of Attorney    Petro Amigos Supply, Inc. jwk@hwallp.com,
               dkokenes@hwallp.com
              William Shanler Robbins    on behalf of Creditor    Partco, LLC wrobbins@stewartrobbins.com,
               wrobbins@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com
              Zachary S McKay    on behalf of Creditor    Tetra Applied Technologies, Inc.
               zmckay@dorelawgroup.net,    chymel@dorelawgroup.net
                                                                                           TOTAL: 61
```