IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FIELDWOOD ENERGY LLC, *et al,* | § | CASE NO.  20-33948 (MI) |
| | § | |
| | § | Chapter   11 |
| Debtors | § | Jointly Administered |

**LIMITED OBJECTION OF CERTAIN TEXAS TAXING ENTITIES TO EMERGENCY MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(b), 364(d)(1) AND 364(e) AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. 353, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. § 361, 362, 363, 364, AND 507(b) AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUTPCY RULES 4001(b) AND (c)**
**(Relates to Doc.'s 22 and 58)**

**To the Honorable Marvin Isgur**
**United States Bankruptcy Judge:**

COMES NOW Sheldon Independent School District, *et al*.[1], secured creditors and parties in interest (the "Certain Texas Taxing Entities") and file this Limited Objection to the Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C**.** §§ 105, 361, 362, 363(b), 364(d)(1) AND 364(e) and (B) To Utilize Cash Collateral Pursuant to 11 U.S.C. 353, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. § 361, 362, 363, 364, AND 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (Related to Docket no.'s 22 and 58) (the "DIP Finance Motion").

---

[1] The full inclusion of Certain Texas Taxing Entities is still undergoing review but will include all taxing entities represented by Perdue Brandon Fielder Collins and Mott LLP.

Background

1. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2. The Certain Texas Taxing Entities hold secured pre-petition tax claims for *ad valorem* taxes[2] (the "Tax Claims"). The Tax Claims are secured by tax liens on the real and tangible personal property of the Debtors within their taxing jurisdiction boundaries (the "Tax Liens").

3. The Tax Liens attach on January 1 of each tax year and are superior to any other secured claim on the taxable property as provided by Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and Section 32.05(b) of the Texas Property Tax Code. The Tax Liens for the tax year 2020 attached pre-petition and are pre-petition liens securing pre-petition debt. *See In the Matter of Midland Industrial Services Corp.,* 35 F.3d 164 (5th Cir. 1994) (determining that taxes are incurred on January 1 of each year, even if they are not yet calculated).

4. The Debtors filed the DIP Finance Motion on July 23, 2020 at docket number August 5, 2020 and a final hearing is set for August 24, 2020 at 1:30 p.m.

Limited Objection to DIP Finance Motion

7. The Certain Texas Taxing Entities object to the DIP Finance Motion to the extent that it seeks to prime the valid, enforceable, senior liens held by the Texas Taxing Entities without adequate protection or consent.

8. The Certain Texas Taxing Entities object to the priming of their liens by any entity including any DIP Loan Parties or related entities.

---

[2] Due diligence remains ongoing and the estimated amount due to all Certain Texas Taxing Entities is currently unknown.

9. The Debtors have failed to provide adequate protection for the Certain Texas Taxing Entities' senior lien as required by 11 U.S.C. § 364(d)(1)(B)[3].

10. The Certain Texas Taxing Entities request that language be added to the final order on the DIP Finance Motion to protect their liens from subordination by any party including and adequately protect them by requiring that segregated funds be set aside to pay the Tax Claims once they become allowed claims.

11. The Certain Texas Taxing Entities request adequate protection in the form of a final order that provides sufficient funds to pay their claims, plus interest at the applicable non-bankruptcy rate, set aside in a segregated account for the sole purpose of paying its claims. The Certain Texas Taxing Entities further requests that the Court enter an order that the segregated funds not be paid to any other party until the Tax Claims have been paid in full.

12. Alternately, the Certain Texas Taxing Entities assert that the order on the Motion should provide that the Debtors shall retain and set aside proceeds securing their tax claims in an amount sufficient to pay the 2020 taxes together with any interest calculated at the applicable non-bankruptcy rate in the event the taxes are not paid prior to delinquency under Texas law, as adequate protection for their claims, and shall not pay or distribute such amounts for any other purpose without the agreement of the Certain Texas Taxing Entities or by order of the Court upon hearing duly noticed.

13. The Certain Texas Taxing Entities further object to the entry of a final order that proposes to provide special treatment to other similarly situated taxing jurisdictions that may have negotiated with the Debtors without providing the same treatment to the Certain Texas Taxing Entities.

---

[3] 11 USC § 364(d)(1)(B) requires that "… there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

WHEREFORE, Sheldon Independent School District, *et al*. respectfully request that a Final Order approving the DIP Finance Motion (1) include language that their liens are not primed nor made subordinate to any other party including the DIP Loan Parties or related entities, (2) provide sufficient funds to pay the Tax Claims plus interest at the applicable non-bankruptcy rate, set aside in a segregated account for the sole purpose of paying its claims, not to be paid to any other party until the Tax Claims have been paid or without further order of this Court and (3) grant them such other and further relief as is just and proper.

Dated: August 20, 2020

        Respectfully submitted,

        PERDUE, BRANDON, FIELDER,
        COLLINS & MOTT, L.L.P.
        Attorneys for The Certain Texas Taxing Entities
        1235 North Loop West, Suite 600
        Houston, Texas 77008
        (713) 862-1860 (phone)
        (713) 862-1429 (fax)

        /s/ *Owen Sonik*
        Owen M. Sonik
        Texas State Bar No. 18847250
        Melissa E. Valdez
        Texas State Bar No. 24051463

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been sent to the parties listed below by the method indicated and/or via the Court's ECF system on this the day of 19th of August 2020.

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

**Weil, Gotshal & Manges LLP**
Alfredo R. Perez                    *Via email to Alfredo.Perez@weil.com*
Matthew S. Barr                     *Via email to Matt.Barr@weil.com*
Jessica Liou                        *Via email to Jessica.Liou@weil.com*

**COUNSEL TO THE DIP AGENT, THE PREPETITON FLTO AGENT AND THE FLFO COLLATERAL AGENT**

Kathleen M. LaManna
Nathan Z. Plotkin
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, Connecticut 06103

**PRIMARY COUNSEL TO CERTAIN DIP LENDERS**

Damian S. Schaible
Natasha Tsiouris
Joshua Y. Sturm
Davis Polk & Wardell LLP
450 Lexington Avenue, New York, New York 10017

**PRIMARY COUNSEL TO THE PREPETION FLFO ADMINISTRATIVE AGENT**

William L. Wallander
Brad Foxman
Vinson & Elkins
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201

**COUNSEL TO THE PREPETITON SLTL AGENT (to the extent receiving ECF notice)**

**THE INTERNAL REVENUE SERVICE (to the extent receiving ECF notice)**

**UNSECURED CREDITORS' COMMITTEE**

**Hirschler Fleischer, A Professional Corp**
Brittany Berlauk Falabella via email: bfalabella@hirschlerlaw.com

**OFFICE OF THE UNITED STATES TRUSTEE**

| | |
|---|---|
| Hector Duran, Jr. | *Via email to Hector.Duran.Jr@usdoj.gov* |
| Stephen Douglas Statham | *Via email to Stephen.statham@usdoj.gov* |

And all other parties via CM/ECF-enotice.

/s/ *Owen M. Sonik*