IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | * | Case No. 20-33948 (MI) |
| | * | |
| FIELDWOOD ENERGY LLC, et al., | * | Chapter 11 |
| | * | |
| Debtors. | * | (Jointly Administered) |

**JX NIPPON OIL EXPLORATION (U.S.A.) LIMITED'S OBJECTION TO MOTION OF DEBTORS FOR FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAMS AND THE SURETY BOND PROGRAM, AND (B) PAY CERTAIN OBLIGATIONS WITH RESPECT THERETO; (II) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF**

[Related to ECF Nos. 4 & 152]

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

JX Nippon Oil Exploration (U.S.A.) Limited ("Nippon") files this objection to the Motion of Debtors for Final Order (I) Authorizing Debtors to (A) Continue Insurance Programs and the Surety Bond Program, and (B) Pay Certain Obligations With Respect Thereto; (II) Granting Relief From Automatic Stay With Respect to Workers' Compensation Claims; and (III) Granting Related Relief [ECF No. 4] (the "Insurance and Surety Program Motion"), and in support thereof, respectfully submits as follows:

**I. BACKGROUND**

1. Nippon is a predecessor in title to interests in various offshore leases now owned by one of more of the debtors, Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Inc.; Fieldwood Energy Offshore LLC; Fieldwood Onshore LLC; Fieldwood SD Offshore LLC; Fieldwood Offshore LLC; FW GOM Pipeline, Inc.; GOM Shelf LLC; Bandon Oil and Gas GP, LLC; Bandon Oil and Gas, LP; Fieldwood Energy SP LLC; Galveston

Bay Pipeline LLC; and Galveston Bay Processing LLC (each a "Debtor" and, collectively, the "Debtors").

2. Specifically, pursuant to a Purchase and Sale Agreement, dated as of August 5, 2010, effective January 1, 2010, as amended by Amendment to Purchase and Sale Agreement, dated August 30, 2010 (the "**2010 Nippon-Black Elk PSA**"), Nippon, formerly known as Nippon Oil Exploration U.S.A. Limited, sold to Black Elk Energy Offshore Operations, LLC ("**Black Elk**") a group of oil and gas leases and related assets (including rights-of-way and surface leases) in the Gulf of Mexico and/or adjacent states.

3. Pursuant to the 2010 Nippon-Black Elk PSA, Nippon, as assignor, and Black Elk, as assignee, also executed an Assignment and Bill of Sale (the "**Nippon ABOS**"), effective as of January 1, 2010, wherein, among other matters, Nippon conveyed to Black Elk all of its right, title and interest in and to the assets, and Black Elk assumed all of Nippon's obligations and liabilities, including P&A Obligations (as defined in the 2010 Nippon-Black Elk PSA), associated with those assets, regardless of when the obligations arose, all as more particularly described therein. Black Elk further agreed to defend and indemnify Nippon from and against all liabilities arising from, based upon, related to or associated with the assumed obligations and liabilities.

4. In connection with the sale and Black Elk's assumption of all P&A Obligations associated with the assets, various sureties executed and issued numerous performance bonds on behalf of Black Elk, as principal, in favor of Nippon, as obligee, to secure performance of the P&A Obligations (the "**Black Elk Bonds**"). The Black Elk Bonds were in addition to any supplemental bonds required to be posted by Black Elk with the Bureau of Ocean Energy Management or its predecessor agencies ("**BOEM**") with respect to the assets.

5. Subsequently, by Purchase and Sale Agreement dated March 13, 2014, as amended by First Amendment to Purchase and Sale Agreement, dated effective March 1, 2014 (the "**2014 Black Elk-Fieldwood PSA**", attached as <u>Exhibit 1</u>), Black Elk agreed to convey to SandRidge Energy Offshore, LLC (now known as Fieldwood Energy Offshore LLC) ("**Fieldwood**") various properties more particularly described therein, including interests in the following federal offshore leases:

> GI 116 (Hickory) Field – OCS-G 13943 (GI 110), OCS-G 13944 (GI 116)
>
> VK 780 (Specter) – OCS-G 13673 (VK 779), OCS-G 6884 (VK 780), OCS-G 15436 (VK 824)
>
> WD 133 Field – OCS-G 19843 (WD 121), OCS-G 13645 (WD 122)

(collectively, the "**Nippon Legacy Leases**"), which had previously been transferred by Nippon to Black Elk pursuant to the terms of the 2010 Nippon-Black Elk PSA.

6. In addition to acquiring from Black Elk all of its interests in the Nippon Legacy Leases, Fieldwood, under the 2014 Black Elk-Fieldwood PSA, assumed certain obligations of Black Elk related to the Nippon Legacy Leases. These obligations included, among others, the P&A Obligations regarding the Nippon Legacy Leases, as well as regarding all contracts, agreements and instruments by which the Nippon Legacy Leases are bound, including the 2010 Nippon-Black Elk PSA.

7. Upon the closing of the transactions provided for in the 2014 Black Elk-Fieldwood PSA (the "**Black Elk-Fieldwood Sale Transaction**"), Black Elk and Fieldwood executed that certain Assignment, Conveyance and Bill of Sale, dated March 13, 2014, effective March 1, 2014, wherein Black Elk conveyed to Fieldwood its interest in the Nippon Legacy Leases, among other properties provided for in the 2014 Black Elk-Fieldwood PSA (the

3

"**Closing Conveyance**", attached as Exhibit 2). The Closing Conveyance was filed of record in order to place third parties on notice as to the change of ownership of the Nippon Legacy Leases and other affected properties. Moreover, the transfers of the Nippon Legacy Leases were approved in due course by BOEM.

8.   After the closing of the Black Elk-Fieldwood Sale Transaction, Nippon, Black Elk and Fieldwood entered into that certain Assumption Agreement, dated July 8, 2014 (the "**2014 Fieldwood Assumption Agreement**", attached as Exhibit 3), wherein Nippon, pursuant to express provisions set forth in the 2014 Nippon-Black Elk PSA, agreed to accept from Fieldwood new performance bonds issued by U.S. Specialty Insurance Company, namely U.S.S.I.C. Bond Nos. B008837, B008838 and B008839, in order to secure P&A Obligations with respect to the Nippon Legacy Leases, and in replacement of two Black Elk bonds issued by Westchester Fire Insurance Company and one Black Elk Bond issued by Travelers Casualty and Surety Company of America, all issued in connection with the closing of the 2010 Nippon-Black Elk PSA. Copies of U.S.S.I.C. Bond Nos. B008837, B008838 and B008839 (the "**Fieldwood Replacement Bonds**") are attached as Exhibit 4.

9.   In the 2014 Fieldwood Assumption Agreement, Fieldwood, among other things: (a) assumed and agreed to fulfill, perform, pay and discharge (or cause to be fulfilled, performed, paid or discharged) all P&A Obligations associated with the Nippon Legacy Leases; (b) agreed to defend, indemnify, hold harmless and forever release Nippon and its affiliates, and all of their respective shareholders, partners, members, directors, officers, managers, employees, agents and representatives, from and against any and all Liabilities (as defined in the 2010 Nippon-Black Elk PSA) arising from, based upon, related to or associated with such P&A Obligations; and (c) assumed all of Black Elk's obligations and responsibilities with respect to the terms and

provisions of Section 6.4(b) through (i) of the 2010 Nippon-Black Elk PSA, regarding, among other obligations, periodic adjustment of the Fieldwood Bonds based on estimates of the costs of P&A Obligations.

10. The 2014 Fieldwood Assumption Agreement further provides that any assignee of Fieldwood's interests must assume, in writing, all of Fieldwood's obligations under the 2014 Assumption Agreement.

## II.  THE FIELDWOOD BANKRUPTCY

11. On August 3, 2020, the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

12. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108(a).

13. On August 4, 2020, the Debtors filed the Insurance and Surety Program Motion. Thereafter, on August 10, 2020, the Court entered an Interim Order (I) Authorizing Debtors to (A) Continue Insurance Programs and Surety Bond Program, and (B) Pay Certain Obligations With Respect Thereto; (II) Granting Relief From Automatic Stay With Respect to Workers' Compensation Claims; and (III) Granting Related Relief [ECF No. 152] (the "**Interim Insurance and Surety Program Order**").

14. In the Interim Insurance and Surety Program Order, the Court, among other things:

    a. Authorized the Debtors to continue their Insurance Programs and Surety Bond Program subject to certain limitations described therein;[1]

    b. Authorized the Debtors, subject to certain limitations, to reuse, extend, renew, rollover, replace, or obtain new insurance policies and surety bonds, and to

---

[1] Interim Insurance and Surety Program Order [ECF No. 152] at p. 2, ¶ 1.

5

   take all appropriate actions in connection therewith, in the ordinary course of business;[2] and

 c. Granted the Debtors "the right to obtain alternative bonding for any pre-petition bonds."[3]

Nevertheless, the Court indicated that the entry of the Interim Insurance and Surety Program Order "is without prejudice to, and nothing herein shall constitute a waiver of, expressly or implicitly, any rights, claims and defenses of any party under: (a) any indemnity agreements, surety bonds or any related agreements, contracts or documents executed by any indemnitor in connection with the surety bond program, which shall remain in full force and effect; (b) any related letters of credit or other collateral, which shall remain in place and secure all obligations of any indemnitors of a surety regardless of when the obligations arise; or (c) applicable bankruptcy or non-bankruptcy law, including, without limitation, equitable subrogation rights, all of which rights are expressly reserved."[4]

 15. Moreover, the Interim Insurance and Surety Program Order provides that notwithstanding any rights, restrictions, limitations, arguments or obligations set forth in the Interim Insurance and Surety Program Order, "all parties reserve the right to assert any rights, restrictions, limitations, arguments or obligations at any final hearing on the Motion."[5]

### III. NIPPON'S OBJECTIONS TO THE DEBTORS' INSURANCE AND SURETY PROGRAM MOTION AND PROPOSED FINAL INSURANCE AND SURETY PROGRAM ORDER

 16. Under Bankruptcy Code § 541(a)(1), "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case. Further, under § 541(a)(6), it includes "[p]roceeds, product, offspring, rents, or profits from property of the estate.

---

[2] *Id*. at p. 3, ¶ 2.
[3] *Id*. at p.3, ¶ 4.
[4] *Id*. at pp. 5-6, ¶ 10.
[5] Id.

17.     It has been held, however, that surety bonds such as the Fieldwood Replacement Bonds are not property of the estate within the meaning of 11 U.S.C. § 541. *See In re Lockard*, 884 F. 2d 1171, 1178 (9th Cir. 1989).  *See also In re Capital-York Construction Corp.*, 43 B.R. 52, 56 (Bankr. S.D.N.Y. 1984) (Miller Act bond not property of the debtor's estate); *Moran v. Johns-Manville Sales Corp.*, 28 B.R. 376, 378 (N.D.Ohio 1983) (Supersedeas bond held not to be property of the estate).

18.     The reason is that the estate under § 541(a) succeeds only to those interests that the debtor had in property prior to commencement of the bankruptcy case." *In re FCX, Inc.* (4th Cir. 1988) 853 F2d 1149, 1153.  *See also In re Coupon Clearing Service, Inc.* (9th Cir. 1997) 113 F3d 1091, 1099 (estate has no greater rights in property than debtor had prepetition).

19.     Furthermore, where property at issue is not "property of the estate," it has been held that there is no bankruptcy jurisdiction over that property. *In re TMT Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 9/3/14). Indeed, a court of bankruptcy has no power to entertain collateral disputes between third parties that do not involve the bankruptcy or its property, nor may it exercise jurisdiction over a private controversy which does not relate to matters pertaining to bankruptcy. *In re Paso Del Norte Oil Co.*, 755 F.2d 421, 424 (5th Cir. 1985).

20.     Here, the Fieldwood Replacement Bonds are not "property of the estate," and the rights and obligations existing between Nippon and the sureties respecting the Fieldwood Replacement Bonds are private issues between them to be dealt with, if necessary, outside of this bankruptcy proceeding. Thus, this Court, in entering the Interim Insurance and Surety Program Order should not have taken, and in entering any final order regarding same, should not take, any action that negatively impacts Nippon's rights with respect to or the surety's obligation under the Fieldwood Replacement Bonds.  This includes granting the Debtors the right to obtain alternative

bonding for the Fieldwood Replacement Bonds, as the Interim Insurance and Surety Program Order can be construed as ordering.

21. Indeed, the Court has no jurisdiction to impact Nippon's rights or the surety's obligations with respect to the Fieldwood Replacement Bonds in connection with determination of the Debtors' Insurance and Surety Program Motion.

## IV. RESERVATION OF RIGHTS

22. Nippon reserves the right to raise other objections to the Debtors' Insurance and Surety Program Motion and/or the Final Insurance and Surety Program Order, and hereby expressly reserves all other rights including, without limitation, the right to file any such further and additional objections to any filings in this proceeding that it deems appropriate.

## PRAYER

WHEREFORE, for the foregoing reasons, JX Nippon Oil Exploration (U.S.A.) Limited respectfully (1) objects to the Debtors' Insurance and Surety Program Motion on the basis set forth herein; (2) objects to the proposed Final Insurance and Surety Program Order unless the impact upon the Fieldwood Replacement Bonds affecting Nippon are clarified as provided above, and (3) reserves the right to raise other objections to the Debtors' Insurance and Surety Program Motion and/or the Final Insurance and Surety Program Order, as well as all other rights, including, without limitation, the right to file any such further and additional objections to any filings in this proceeding that it deems appropriate.

Respectfully submitted,

/s/ Andrew A. Braun
ANDREW A. BRAUN
Texas State Bar No.: 24061558
LAMBERT M. LAPEROUSE
Texas State Bar No.: 24082214
GIEGER, LABORDE & LAPEROUSE, L.L.C.
Suite 4800, One Shell Square

701 Poydras Street
New Orleans, LA 70130
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: abraun@glllaw.com
Email: laperouse@glllaw.com

*Counsel for JX Nippon Oil Exploration (U.S.A.) Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2020, a copy of the foregoing was electronically filed with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and was served upon all parties via the CM/ECF system.

*/s/ Andrew A. Braun*