

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/10/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAMS AND SURETY BOND PROGRAM, AND (B) PAY CERTAIN OBLIGATIONS WITH RESPECT THERETO; (II) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of interim and final orders (i) authorizing, but not directing, the Debtors to (a) continue their Insurance Programs and Surety Bond Program in accordance with their applicable insurance policies and indemnity agreements and authority to continue to perform their obligations with respect thereto during these chapter 11 cases, and (b) pay any Insurance Obligations and Surety Bond Obligations; (ii) modifying the automatic stay to the extent necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to continue their Insurance Programs and Surety Bond Program, and to pay any prepetition Insurance Obligations and prepetition Surety Premiums; *provided, however*, the Debtors will notify the U.S Trustee, the Ad Hoc Group of Secured Lenders, and any statutory committee appointed in these chapter 11 cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage and surety coverage or change insurance

or surety carriers, enter into any new premium financing agreements, or obtain additional insurance, or surety coverage in a manner that would be materially inconsistent with the Debtors' current insurance and surety coverage.  In connection with the Surety Bond Program, the Debtors are authorized, but not directed, to maintain any practices and procedures that were in effect before the commencement of these chapter 11 cases, including but not limited to, paying prepetition and postpetition Surety Premiums that may become due.  The Debtors are not authorized by this Interim Order to pay any reimbursement or indemnification obligations that may become due under any Surety Indemnity Agreement.  Such relief may be sought by separate motion.

2.  The Debtors are authorized, but not directed, to reuse, extend, renew, rollover, replace, or obtain new insurance policies and surety bonds, and to take all appropriate actions in connection therewith, in the ordinary course of business; provided, however, that nothing in this Interim Order shall be construed to obligate any surety to renew or increase the amount of any existing surety bond or to issue any new surety bonds to the Debtors.  The Debtors are not authorized by this Interim Order to take any action with respect to a Surety Bond Program that would have the effect of transforming a prepetition undersecured or unsecured surety bond to a postpetition or secured obligation.  Such relief may be sought by separate motion.

3.  Nothing in the Motion or this Interim Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program and nothing in this Interim Order renders any claim by any third party based on a prepetition actual, potential, or asserted liability of the Debtors, which claim may or does result in a loss to a surety under the Surety Bond Program, into a postpetition claim or expense of administration.  In the event of any claims against the surety bonds issued on behalf of any of the Debtors, the surety that issued the

surety bonds shall retain any rights and defenses in connection with any claim, including any rights granted in the contractual agreement(s) of indemnity executed by the Debtors. Furthermore, nothing herein shall impact who has the ultimate discretion of how to resolve a claim against a surety.

4. Except as expressly set forth herein, to the extent any Surety Bond or any related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the assumption or postpetition reaffirmation of any such Surety Bond or related agreement under section 365 of the Bankruptcy Code. The Debtors, however, have the right to obtain alternative bonding for any pre-petition bonds.

5. The automatic stay shall be modified to the limited extent necessary to permit the Debtors' employees to proceed against applicable insurers with any claims they may have under the Workers' Compensation Program.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic

4

funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

8. Nothing in this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the Court's ultimate disposition of the Motion on a final basis.

9. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Interim Order that includes the following information: (a) the names of the payee; (b) the nature, date and amount of the payment; (c) the category or type of payment as characterized in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule on a confidential and professionals' eyes only basis to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and the advisors to the Ad Hoc Group of Secured Lenders every 30 days beginning upon entry of this Interim Order.

10. Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and nothing herein shall constitute a waiver of, expressly or implicitly, any rights, claims and defenses of any party under: (a) any indemnity agreements, surety bonds or any related agreements, contracts or documents executed by any indemnitor in connection with the surety bond program, which shall remain in full force and effect; (b) any related letters of credit or other collateral, which shall remain in place and secure all obligations of any indemnitors of a surety regardless of when the obligations arise; or (c) applicable bankruptcy or non-bankruptcy law, including, without limitation, equitable subrogation rights, all of which rights are expressly reserved. Notwithstanding any rights, restrictions, limitations,

5

arguments or obligations set forth in this Interim Order, all parties reserve the right to assert any rights, restrictions, limitations, arguments or obligations at any final hearing on the Motion.

11. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, or (viii) a waiver of any of the Debtors' rights under section 365 of the Bankruptcy Code.

12. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (1) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**"), and/or (2) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Interim Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding the provisions of Bankruptcy Rule 4001(a)(3) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18. A final hearing to consider the relief requested in the Motion shall be held on **August 24, 2020 at 1:30 p.m. (Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to **August 20, 2020 at 4:00 p.m. (Prevailing Central Time).**

Signed: August 10, 2020

_____
Marvin Isgur
United States Bankruptcy Judge