IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FIELDWOOD ENERGY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |

**BEDROCK PETROLEUM CONSULTANTS, LLC'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO DIP FINANCING AND CASH COLLATERAL MOTION**

Bedrock Petroleum Consultants, LLC ("Bedrock") hereby files its reservation of rights and limited objection to the *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing* [Docket No. 22] (the "DIP Motion").

**FACTUAL BACKGROUND**

1. The Debtors are one of the largest oil and gas exploration and production companies in the Gulf of Mexico.

2. Bedrock is an oilfield services company that specializes in providing contract support to all facets of the upstream oil and gas business. Bedrock is involved in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

operations with majors, independents, and service companies both in the United States and internationally.

3. As the Debtors have acknowledged, they rely on contractors such as Bedrock to provide the workforce necessary for operations. *See* Declaration of Michael Dane [Docket No. 29] at ¶ 85; *see also Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims, and (II) Granting Related Relief* [Docket No. 7] at ¶¶ 25-26 (discussing Debtors' supplemental workforce obligations as of petition date of at least $17.3 million).

4. As of the date of this Limited Objection, the Debtors owe Bedrock at least $292,898.41 for contract services provided prior to the petition date. Copies of invoices itemizing these amounts are available upon request to Bedrock's counsel. Bedrock reserves the right to recover interest, attorneys' fees, and other allowed costs.

5. Bedrock is entitled to assert mineral liens to collect amounts owed pursuant to Tex. Prop. Code §§ 56.001 to 56.045, La. R.S. §§ 9:4861 to 9:4889, and other applicable law. Such claims may be against the Debtors' or third parties' interests in wells or other mineral assets, and relate back to the time goods or services are provided at a particular well. Accordingly, Bedrock is preserving its mineral lien rights pursuant to section 546(b) of the Bankruptcy Code.

6. Bedrock files this Limited Objection out of an abundance of caution. Bedrock generally supports the Debtors' efforts to reorganize and recognizes the need for DIP financing and continued use of cash collateral. Bedrock hopes to support the Debtors' ongoing

operations by resolving its prepetition claims and continuing to provide services in the ordinary course of business.

## LIMITED OBJECTION

A. **The Final Order should preserve mineral lien rights and priorities.**

7. As noted, Bedrock is in the process of preserving its mineral lien rights pursuant to section 546 of the Bankruptcy Code, and is entitled to adequate protection of its interests in property of the estate. *See* 11 U.S.C. §§ 363, 362, 361. Accordingly, Bedrock seeks to maintain and clarify its rights in any Final Order approving the DIP Motion.

8. The interim order approving the DIP Motion [Docket No. 58] ("Interim Order") provides the DIP Lenders first priority liens against the Debtors' "Unencumbered Property," senior priming liens on the on the collateral securing the Prepetition Debt, and liens junior to any property subject to "valid and non-avoidable liens (other than Primed Liens) in existence at the time of such commencement [of the Cases] that are perfected subsequent to such commencement as permitted by Section 546(b) of the Bankruptcy Code."[2] Interim Order ¶ 9. Furthermore, the Interim Order provides certain adequate protection liens to the Prepetition FLFO Lenders and Prepetition FLTL Lenders. Interim Order ¶¶ 14, 15.

9. Bedrock believes the intent of the Interim Order was to ensure DIP liens and adequate protection liens do not prime mineral or mechanic's liens perfected under section 546(b). However, out of an abundance of caution, Bedrock requests that the Final Order be revised to clarify and preserve Bedrock's rights against the Debtors and any secured parties with competing claims against the Debtors' assets.

---

[2] Unless otherwise defined, all capitalized terms shall have the meanings provided in the Interim Order.

**B.      Bedrock should not have to file a Challenge to preserve its lien priority and other rights.**

10.     Pursuant to Paragraph 23 of the Interim Order, the Debtors seek to bind all interested parties to certain stipulations, admissions, and releases relating to the Prepetition Debt and the Prepetition Liens.

11.     The Challenge provisions in Paragraph 23 require all parties in interest—including parties with liens perfected subsequent to the Petition Date to the extent permitted by section 546(b) of the Bankruptcy Code—to file an action to challenge the priority of Prepetition Secured Parties' liens on the Prepetition Collateral.  *See* Interim Order ¶ 23.

12.     Bedrock submits that requiring all mineral lienholders to file actions against the Prepetition Secured Parties to preserve any challenge to the priority of mineral lien rights would unduly waste the parties' time and money, as well as judicial resources.

13.     The priority of mineral lien claims should be preserved until confirmation of a plan of reorganization.  Mineral lienholders such as Bedrock should have an opportunity to examine the Debtors' assets, the DIP Lenders' liens, the Prepetition Debt, the Prepetition Liens, and the final terms of a proposed plan to determine if a lien priority challenge is necessary or justified under the facts and law.

14.     Similarly, because Bedrock asserts its own interests in the Debtors' assets, the Final Order should not require prior authorization to file or prosecute any action to resolve lien priority.

**C.     Bedrock should not be subject to any waiver of the doctrine of marshaling.**

15.     Paragraph 10(e) of the Interim Order provides that "[i]n no event shall the DIP Agent or the DIP Lenders be subject to the equitable doctrine of 'marshaling' or any similar doctrine with respect to the DIP Collateral."

16.     Similarly, Paragraph 19 of the Interim Order provides that "[i]n no event shall the Prepetition Secured Parties be subject to the equitable doctrine of 'marshaling' or any similar doctrine with respect to any of the Prepetition Collateral . . . ."

17.     Bedrock objects to any waiver of its rights under the doctrine of marshaling, or any similar legal doctrine, in the Final Order.  The equitable doctrine of marshaling generally rests upon the principle that a secured creditor having multiple forms of collateral available to satisfy its debt may not, by the application of such collateral to the secured claim, defeat another creditor, who may resort to only one of the available forms of collateral. *Meyer v. U.S.*, 375 U.S. 233, 236 (1963).

18.     The DIP Lenders and Prepetition Secured Parties should not be able to defeat Bedrock's lien rights by picking and choosing collateral to satisfy their claims.  The DIP Lenders and Prepetition Secured Parties are being provided ample adequate protection, and there is no basis to waive Bedrock's rights under the doctrine of marshaling.

**D.     Bedrock should not be subject to any waiver of the "equities of the case exception" in section 552(b) of the Bankruptcy Code.**

19.     Paragraph 18 of the Interim Order provides that the Prepetition Secured Parties shall not be subject to the "equities of the case" exception under section 552(b) of the Bankruptcy Code.

20.     The "equities of the case" exception under section 552(b) is generally intended to prevent secured creditors from receiving windfalls and to allow bankruptcy courts

5

discretion in balancing the interests of secured creditors when other parties increase the value of secured creditors' collateral. *See In re Cafeteria Operators, L.P.*, 299 B.R. 400, 409–10 (Bankr. N.D. Tex. 2003); *see also In re Patio & Porch Sys., Inc.*, 194 B.R. 569, 575 (Bankr. D. Md. 1996) ("11 U.S.C. § 552(b) grants the court broad equitable powers in determining the extent of the security interest Creditor may be allowed to maintain postpetition").

21. Bedrock objects to any waiver of the "equities of the case" exception under section 552(b) of the Bankruptcy Code. Bedrock has provided services to the Debtors and may continue this relationship for the benefit of the Debtors' estates. However, there is a distinct risk that Bedrock may not be paid for its services. A preemptive waiver of Bedrock's rights under section 552(b) of the Bankruptcy Code to recover from the Debtors' assets is not appropriate.

E. **Proposed language for Final Order to resolve Bedrock's limited objection.**

22. Bedrock proposes the following language to be added to the Final Order to resolve this limited objection:

> Notwithstanding anything to the contrary contained herein, nothing in this Final Order shall (i) invalidate any valid, preexisting claims or liens of Bedrock Petroleum Consultants, LLC ("Bedrock") encumbering the Debtors' property, including any oil and gas mechanic's or materialman's liens securing a prepetition claim to the extent such liens are valid, enforceable, nonavoidable and perfected, including as permitted by section 546(b) of the Bankruptcy Code, (ii) preclude Bedrock from asserting that any such lien is not primed or junior to the DIP Liens, the Prepetition Liens, or Adequate Protection Liens for any reason, including without limitation that Bedrock's lien is a Permitted Prior Lien under the Prepetition Credit Agreements, (iii) limit the rights or claims of Bedrock to assert the "equities of the case" doctrine under section 552(b) of the Bankruptcy Code with respect to the DIP Liens, the Prepetition Liens, or Adequate Protection Liens against the Debtors' assets, or (iv) limit the rights or claims of Bedrock to seek the equitable remedy of "marshaling" or any similar remedy or doctrine with

6

respect to the DIP Liens, the Prepetition Liens, or Adequate Protection Liens against the Debtors' assets. Bedrock shall not be required to commence a Challenge within the Challenge Period with respect to the priority of its liens relative to the liens of the Prepetition Secured Parties or the DIP Secured Parties, nor shall Bedrock be required to first seek standing to file a Challenge to determine the priority of its liens relative to the liens of the Prepetition Secured Parties and DIP Secured Parties. Notwithstanding anything to the contrary contained herein, nothing in this Final Order, the DIP Credit Agreement or any other DIP Documents shall alter, modify, prejudice, impair or otherwise limit Bedrock's rights, claims, interests, and defenses of setoff and/or recoupment under, relating to or arising from applicable law or any agreements with any of the Debtors.

## CONCLUSION AND RESERVATION OF RIGHTS

23.  This Limited Objection is filed out of an abundance of caution, and Bedrock will attempt to resolve all issues in advance of the final hearing.

24.  Bedrock files this Limited Objection without limitation or waiver of any rights, claims, or defenses against the Debtors. Among other things, Bedrock reserves the right to join in any other objections to the DIP Motion.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

 /s/ James B. Bailey
James B. Bailey
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone: 205-521-8000
jbailey@bradley.com

**ATTORNEYS FOR BEDROCK PETROLEUM CONSULTANTS, LLC**

7

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties eligible to receive service via CM/ECF, including:

| | |
|---|---|
| Hector Duran, Jr<br>U.S. Trustee<br>515 Rusk<br>Ste 3516<br>Houston, TX  77002<br>Email: Hector.Duran.Jr@usdoj.gov | Jason George<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Email: jason.george@weil.com |
| Jessica Liou<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Email: Jessica.Liou@weil.com | Alfredo R Perez<br>Weil Gotshal & Manges LLP<br>700 Louisiana<br>Ste 1700<br>Houston, TX 77002<br>713-546-5040<br>Email: alfredo.perez@weil.com |

                *James B. Bailey*
                   OF COUNSEL