IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC, et al.** [1] | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**W&T OFFSHORE, INC.'S LIMITED OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING DEBTORS TO (A) ENTER INTO AND PERFORM UNDER NEW POSTPETITION HEDGING AGREEMENTS, AND (B) GRANT RELATED LIENS AND SUPERPRIORITY CLAIMS, (II) MODIFYING THE AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF**

(Related to Docket No. 185)

W&T Offshore, Inc. ("**W&T**") files this Limited Objection to the Debtors' *Emergency Motion for Order (I) Authorizing Debtors to (A) Enter Into and Perform Under New Postpetition Hedging Agreements, and (B) Grant Related Liens and Superpriority Claims, (II) Modifying The Automatic Stay, and (III) Granting Related Relief* (the "**Hedging Motion**") [Docket No. 185] and states as follows:

## LIMITED OBJECTION

1. W&T is an oil and gas exploration and production company with significant offshore oil and gas interests in the Gulf of Mexico. W&T and its affiliates have a number of relationships with Debtors governed under joint operating agreements ("***OAs***"). Under some of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

82780659v.1

the OAs, Debtors serve as operator with W&T owning a working interest and on some W&T serves as the operator.

2. The Debtors seek authority in the Motion to enter into certain postpetition hedging agreements, to satisfy certain related hedging obligations, and to secure such hedging obligations by granting the hedging counterparties superpriority claims and postpetition liens.

3. W&T files this Limited Objection to raise the following concerns.

4. The Motion is vague and ambiguous regarding the proposed hedge agreements. For example, it provides no information regarding the interplay between the proposed hedge agreements and the Debtors' restructuring support agreement ("***RSA***"). There is insufficient information to determine whether the hedge agreements are or will be inconsistent with the RSA. As the Court is aware, the RSA separated the Debtors assets into three separate asset classes—Fieldwood I assets, the certain specified assets, and the other assets. The Debtors seek to hedge "50%" of their projected oil and natural gas production over the next six months. There is no disclosure how this "50%" will be spread across the three asset classes. Because of this ambiguity, it is not possible to determine whether the proposed hedge is inconsistent with the RSA.

5. Moreover, it is not possible to determine how the proposed hedge agreements or the proposed liens and superpriority claims may affect the division/sale of assets or the Debtors' ability to perform under the RSA. It is also not possible to determine how the hedging obligations will be divided across the three asset classes. To the extent the hedge agreements or their proposed liens and superpriority claims are inconsistent with or impede the RSA, the proposed hedging is inappropriate.

6. The above RSA issues notwithstanding, the Motion provides scant detail regarding the proposed hedge agreements. For example, what is the duration of the proposed hedge

agreements? What are the terms of the hedge agreements? If such arrangements are "ordinary course" and "consistent with past practices", why were no such agreements in place on the Petition Date?

7. Finally, to secure and ensure payment of the hedge obligations, the Motion seeks to authorize first-priority liens and superpriority claims be granted *pari passu* with DIP obligations. To the extent such superiority claims and first-priority liens are *pari passu* with the DIP obligations, then such should be subject to the carve-out under the OA's and other rights consistent with the Interim DIP order. [*See* Interim Order, Docket No. 58 ¶ 9(b)].

## RESERVATION OF RIGHTS

8. W&T reserves all rights with respect to these bankruptcy cases, all rights under any contracts and operating agreements, all rights related to any notices of assumption and cure, and all rights with respect to any claim it may assert or has asserted in this case, including, but not limited to, administrative priority claims that may arise, adequate protection for such expenditures, and all other rights in this case.

W&T Offshore, Inc. prays the Court sustain this limited objection and grant it such other and further relief to which it may be justly entitled.

*[Remainder of Page Left Intentionally Blank]*

Dated:  August 20, 2020                                Respectfully submitted,

                                    */s/ Philip G. Eisenberg*
                                    **Philip G. Eisenberg**
                                      Texas Bar No. 24033923
                                    **Simon R. Mayer**
                                      Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone:  (713) 226-1200
Fax:  (713) 223-3717
peisenberg@lockelord.com
simon.mayer@lockelord.com

-and-

**Bradley C. Knapp**
  Texas Bar No. 24060101
**LOCKE LORD LLP**
601 Poydras St., Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Fax: (504) 558-5200
rkuebel@lockelord.com
bknapp@lockelord.com

**ATTORNEYS FOR W&T OFFSHORE, INC.**

## Certificate of Service

    I certify that on August 20, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the southern District of Texas on those parties registered for such service.

                                          */s/ Simon R. Mayer*
                                          Simon R. Mayer