IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| In Re: § | | Chapter 11 |
| § | | |
| FIELDWOOD ENERGY LLC, *et al.*, § | | Case No. 20-33948 (MI) |
| § | | |
| *Debtors*. § | | Jointly Administered |
| § | | |

**OBJECTION OF CYPRESS-FAIRBANKS ISD, GALVESTON COUNTY, HARRIS COUNTY, LAVACA COUNTY, LIVE OAK CAD, MATAGORDA COUNTY, RIO GRANDE CITY CISD AND STARR COUNTY TO DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS  (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) AND 364(e) AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO  11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364 AND 507(b) AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**
(Ref. Docket #12, 82)

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

Now Come, Cypress-Fairbanks ISD, Galveston County, Harris County, Lavaca County, Live Oak CAD, Matagorda County, Rio Grande City CISD and Starr County (the "Texas Taxing Authorities") and file this objection to *Debtor's Emergency Motion for Interim and Final Orders  (I) Authorizing Debtors (A) To Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) And (B) To Utilize Cash Collateral Pursuant to  11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363,364 And 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* (the "Motion"), and respectfully represent:

1

1. The Texas Taxing Authorities have filed prepetition secured proofs of claim herein for real and personal property *ad valorem* taxes assessed against Fieldwood Energy LLC, *et al*. ("Debtors") for tax year 2020 in the estimated amount of $722,000.00.

2. The Texas Taxing Authorities are fully secured *ad valorem* tax creditors of Debtors, holding prior perfected liens against property of the estate. The Texas Taxing Authorities' claims are secured by first priority liens pursuant to the Texas Tax Code § 32.01, *et seq*.

3. Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> (d) The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit.

TEX TAX CODE ANN § 32.01(a)-(b), (d) (Vernon 2001).

4. Further, pursuant to section 32.05 (b) of the Texas Property Tax Code, the Texas Taxing Authorities' liens are superior to the claims of creditors of the property's owners and to claims of persons holding liens on the property. Section 32.05(b) provides that:

> [A] tax lien provided by this chapter takes priority over the claims of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.

Tex. Prop. Tax Code § 32.05(b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S.W.2d 841 (Tex. App. – Eastland 1995, no writ) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien is also unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5. The Texas Taxing Authorities specifically object to the Motion to the extent that it purports to prime the superior lien position of the Texas Taxing Authorities. The Texas Taxing Authorities would require that entry of the Order be conditioned upon the inclusion of language that provides that the ad valorem tax liens will not be primed by nor made subordinate to any liens granted to any party under the final order.

6. Further, to the extent that any real or personal property that is subject to the Texas Taxing Authorities' liens is sold, such proceeds constitute the cash collateral of the Texas Taxing Authorities. Absent an established ad valorem tax reserve, the Texas Taxing Authorities object to the use of its cash collateral.

WHEREFORE, PREMISES CONSIDERED, the Texas Taxing Authorities respectfully request the Court deny the Motion unless and until all issues raised herein are resolved, and that it grant the Texas Taxing Authorities such other and further relief, at law or in equity, as is just.

Dated: August 20, 2020

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

*/s/ John P. Dillman*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*
john.dillman@lgbs.com
tara.grundemeier@lgbs.com

Counsel for the Texas Taxing Authorities

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on August 20, 2020.

*/s/ Tara L. Grundemeier*
Tara L. Grundemeier

5