UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| | * | |
| FIELDWOOD ENERGY, LLC, *et al.*,[1] | * | Case No. 20-33948 (MI) |
| | * | |
| Debtors | * | (Jointly Administered) |
| | * | |

******************************************

AMENDED[2] AND RESTATED RESPONSE TO

i. EMERGENCY MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO PAY (A) PREPETITION INTEREST OWNER OBLIGAIONS, JOINT INTEREST BILLINGS, AND E&P OPERATING EXPENSES AND (B) 503(b)(9) CLAIMS, AND (II) GRANTING RELATED RELIEF [P-7]

AND

ii. EMERGENCY MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) AND 364(e) AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. §363, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364 AND 507(b) AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) and (c) [P-22]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] This pleading amends the Response of CETCO [P-196]. The Response is being amended to provided suggested language, correct statutory references, and provide further statutory and jurisprudential references.

**NOW INTO COURT**, through undersigned counsel, comes Cetco Energy Services Company, LLC. ("CETCO"), creditor in the above captioned proceeding, who files this response to:

i. *Emergency Motion Of Debtors For Interim And Final Orders (I) Authorizing Debtors To Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(B)(9) Claims, and (II) Granting Related Relief* **[P-7]** ("Motion to Pay");

and

ii. *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§105, 361, 362, 363(B), 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1) and 364(E) and (B) To Utilize Cash Collateral Pursuant To 11 U.S.C. §363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(B) and (III) Scheduling Final Hearing Pursuant To Bankruptcy Rules 4001(B) And (C)* **[P-22]** ("DIP Motion")

as follows:

1. CETCO is a creditor that provided services and goods to Fieldwood Energy, LLC, (the "Debtor"), pre-petition, and continues to provide goods and services to the Debtor postpetition. Specifically, CETCO has worked and is working on the Katmai Well #1 Diesel Recovery & Flowback project located on the Tarantula Platform off the coast of Louisiana. CETCO is currently owed in excess of $650,000.

2. It is not clear to CETCO how its claim will be treated under the Motion to Pay or DIP Motion. Accordingly, CETCO files this response in an effort to seek clarity as to how the CETCO claim will be treated by the referenced Motions.

3. In the Motion to Pay, Debtor seeks authority to pay certain E&O Claimants, but there is no exhibit or schedule that identifies the E&O Claimants or the amount each will be paid if the Motion to Pay is granted. Accordingly, CETCO requests that the Debtor provide it with

a schedule or exhibit that identifies the E&O Claimants and the proposed amount to be paid.

4. In the DIP Motion, the Debtor seeks authority to obtain postpetition financing. "Permitted Prior Liens" are defined on page 10 of the DIP Motion as: "(ii) valid and unavoidable **permitted liens** in favor of third parties that were in existence immediately prior to the Petition Date that were perfected subsequent to the Petition Date as permitted by Section 546(b) of the Bankruptcy Code ((i) and (ii) together, the "Permitted Prior Liens")". (emphasis added)

5. La. R.S. 9:4864[3] explains that, the privilege in favor of a claimant is established and is effective as to third person when, among other things, the claimant, who is a contractor, laborer, or employee begins rendering services at the well site. The privilege provided by La. R.S. 9:4864 does not arise when the Statement of Privilege is filed in the mortgage records of the appropriate parish in accordance with La. R.S. 9:4865 and 9:4868. Instead, the privilege arises upon commencement of labor and services provided to the well. *OHA Inv. Corp. v. Schlumberger Tech. Corp.* (In re ATP Oil & Gas Corp.), 888 F.3d 122, 124 (5th Cir. 2018) (Under the Louisiana Oil Well Lien Act ("LOWLA"), the secured liens (also called "privileges") attached upon the commencement of labor. c*iting* La. Rev. Stat. §§ 9:4863(A)(1), 9:4864(A)(1).)

6. As written, the definition of Permitted Prior Liens could be read to mean that the "lien" refers to the Statement of Privilege and that the Statement of Privilege had to be filed prior to the Petition Date. If it is the intention of the Debtor to require the Statement of Privilege

---

[3] La. R.S. 9:4861 *et seq.* is made applicable by 43 U.S.C. §1333(a)(2); *See Union Tex. Petroleum Corp. v. PLT Eng'g, Inc.*, 895 F.2d 1043, 1052 (5th Cir. 1990) (Finding that adjacent state law applies as surrogate federal law under the Outer Continental Shelf Lands Act.)

to be filed in the mortgage records of the appropriate parish prior the Petition Date, CETCO objects to the language. It should be made clear that the privilege provided by La. R.S. 9:4861 *et seq.* must be in existence prior to the Petition Date. We must avoid any interpretation that would imply a Statement of Privilege be filed prior to the Petition Date.

7. To clarify this issue, CETCO requests the definition of "Permitted Prior Liens" be modified to read as follows:

   "… (ii) valid and unavoidable permitted liens, **which includes privileges that arise pursuant to La. R.S. 9:4861 et seq.**, in favor of third parties that were in existence immediately prior to the Petition Date that were perfected subsequent to the Petition Date as permitted by Section 546(b) of the Bankruptcy Code ((i) and (ii) together, the "Permitted Prior Liens")."

8. This Response is filed out of an abundance of caution, and CETCO has contacted Debtor and is attempting to resolve all issues in advance of the hearing.

9. CETCO reserves all rights to join in any other objection to the DIP Motion and Motion to Pay and without waiver of any rights, claims, or defenses against the Debtor.

10. For the forgoing reasons, CETCO requests that any order approving the DIP Motion include the suggested language to clarify the definition of "Permitted Prior Liens") as requested herein.

Dated: August 21, 2020              Respectfully submitted,

                                    **THE DERBES LAW FIRM, LLC**

                                    */s/ Albert J. Derbes, IV*
                                    ALBERT J. DERBES, IV, TX Bar No. 24030171
                                    FREDERICK L. BUNOL, LA Bar No.29111, *Pro Hac Vice*
                                    3027 Ridgelake Drive
                                    Metairie, Louisiana 70002
                                    504.837.1230 Telephone
                                    504.832.0322 Facsimile
                                    E-mail:  ajdiv@derbeslaw.com
                                             fbunol@derbeslaw.com

                                    *Counsel for Cetco Energy Services Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a true and correct copy of the foregoing pleading was served on all parties registered to receive ECF notification in the above captioned case.

                    */s/ Albert J. Derbes, IV*
                    ALBERT J. DERBES, IV