## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | Re: Docket Nos. 4, 6, 7, 8, 22, 49, 50, 58, 62, & 152 |

### EMERGENCY MOTION OF DEBTORS FOR ENTRY OF
### AN ORDER CONTINUING THE HEARING ON THE MOTIONS

---

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED NO LATER THAN AUGUST 24, 2020.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion:

## Background

1.      Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

## Jurisdiction

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      By this motion, pursuant to section 105(a) of the Bankruptcy Code and Rule 9006(b) of the Bankruptcy Rules, the Debtors request entry of an order continuing the hearing on the following motions to **September 14, 2020 at 1:30 P.M. (prevailing Central Time)**:

- *Emergency Motion of Debtors For Interim and Final Orders (I) Authorizing Debtors to (A) Continue Insurance Programs and the Surety Bond Program, and (B) Pay Certain Obligations with Respect thereto; (II) Granting Relief from Automatic Stay with Respect to Workers' Compensation Claims; and (III) Granting Related Relief* [Docket No. 4];

- *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Maintain Existing Business Forms, (C) Continue Intercompany Arrangements, and (D) Continue Utilizing Corporate Credit Cards; and (II) Granting Related Relief* [Docket No. 6];

- *Emergency Motion Of Debtors for Interim and Final Orders (I) Authorizing Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(B)(9) Claims, and (II) Granting Related Relief* [Docket No. 7];

- *Emergency Motion Of Debtors For Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors and (B) Claims of Certain Worthless Stock Deductions* [Docket No. 8]; and

- *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors (A) To Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) To Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (Ii) Granting Adequate Protection to Prepetition Secured Parties Pursuant To 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant To Bankruptcy Rules 4001(b) and (c)* [Docket No. 22] (collectively, the "**Motions**").

7.      The Debtors further request that the Court extend the Creditors' Committee's deadline to object to the Motions to **September 8, 2020**.

8.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should Be Granted

9.      Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code." 11 U.S.C. § 105(a).  Bankruptcy Rule 9006(b) authorizes courts to enlarge the time periods within which certain actions must be taken, and states, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b).

10.      The Court previously entered interim orders (the "**Interim Orders**") (i) authorizing certain relief requested in the Motions on an interim basis, (ii) scheduling a hearing on the Motions to consider granting the requested relief on a final basis for August 24, 2020 at 1:30 P.M. (prevailing Central Time) (the "**Final Hearing**"), and (iii) establishing August 20, 2020 at 4:00 P.M. (prevailing Central Time) as the deadline to object to the Motions.  On August 18, 2020, the U.S. Trustee appointed the Creditors' Committee.  The Debtors have since been in contact with the Creditors' Committee with respect to the Motions and proposed forms of final order.  At the request of the Creditors' Committee, the Debtors hereby request that the Court adjourn the Final Hearing to **September 14, 2020 at 1:30 P.M. (prevailing Central Time)** and extend the Creditors' Committee's deadline to object to the Motions to **September 8, 2020**. The Debtors believe that continuing the Final Hearing and extending the Creditors' Committee's objection deadline is reasonable under the circumstances and will not prejudice any party in interest.

11.     For the avoidance of doubt, the Debtors are not requesting an adjournment of the *Emergency Motion of Debtors for Order (I) Authorizing Debtors to (A) Enter into and Perform Under New Postpetition Hedging Agreements, and (B) Grant Related Liens and Superpriority Claims,(II) Modifying Automatic Stay, and (III) Granting Related Relief* (ECF No. 185) (the "**Hedging Motion**").  The Debtors intend to move forward with the Hedging Motion on Monday, August 24, 2020 at 1:30 P.M. (prevailing Central Time).

## Emergency Consideration

12.     The Debtors respectfully request emergency consideration of this motion in accordance with Bankruptcy Local Rule 9013-1.  Given that the Creditors' Committee was formed on August 18, 2020 and the Final Hearing is currently scheduled for August 24, 2020, the Debtors submit that emergency consideration of the motion is necessary and appropriate.

## Notice

13.     Notice of this motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

14.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  August 21, 2020
       Houston, Texas

                                    Respectfully submitted,

                                      */s/  Alfredo R. Pérez*
                                      WEIL, GOTSHAL & MANGES LLP
                                      Alfredo R. Pérez (15776275)
                                      700 Louisiana Street, Suite 1700
                                      Houston, Texas 77002
                                      Telephone:  (713) 546-5000
                                      Facsimile:  (713) 224-9511
                                      Email:   Alfredo.Perez@weil.com

                                      -and-

                                      WEIL, GOTSHAL & MANGES LLP
                                      Matthew S. Barr (admitted *pro hac vice*)
                                      Jessica Liou (admitted *pro hac vice*)
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone:  (212) 310-8000
                                      Facsimile:  (212) 310-8007
                                      Email:   Matt.Barr@weil.com
                                                    Jessica.Liou@weil.com

                                      *Proposed Attorneys for Debtors*
                                      *and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on August 21, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


       */s/  Alfredo R. Pérez*
       Alfredo R. Pérez