## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC, *et al.*,** | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

> **IF YOU OBJECT TO THE RELIEF REQUESTED YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

**Background**

1.        Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.        The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

3.        The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.        The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are an independent exploration and production company in the Gulf of Mexico. With operations in both the United States and Mexico, the Company is focused on the exploration and development of offshore oil and gas assets in the shallow and deepwater Gulf of Mexico and the Gulf Coast region.

5.        Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day*

*Relief* (the "**Dane Declaration**"),[2] which was previously filed with the Court and is incorporated by reference herein.

## Jurisdiction

6.　　The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.　　By this Application, pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors request entry of an Order (i) authorizing the retention and employment of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors effective as of the Petition Date and (ii) granting related relief.

8.　　The Debtors request that the Court approve the retention of Weil, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies.  In support of this Application, the Debtors submit the declaration of Matthew S. Barr, a partner of Weil, which is attached hereto as **Exhibit A** (the "**Barr Declaration**"), and the declaration of Michael T. Dane which is attached hereto as **Exhibit B** (the "**Dane Retention Declaration**").

9.　　A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

## **Relief Requested Should Be Granted**

10.     Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys…that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. §327(a).

## **Weil's Qualifications**

11.     Weil served as counsel to the Debtors in their previous chapter 11 cases in 2018.  More recently, Weil was formally reengaged by Fieldwood in May 2020 and has been advising the Debtors in connection with their evaluation and execution of certain strategic initiatives, including a potential recapitalization and/or restructuring of the Debtors to help preserve and maximize the Debtors' enterprise value.  As a result of its 2018 and 2020 prepetition engagements, Weil possesses an in-depth knowledge of the Debtors' capital structure and has gained additional insight into the current condition of the Debtors' business and operations.  In addition, Weil was extensively involved in prepetition negotiations with the Debtors' key economic stakeholders, including the Ad Hoc Group of Secured Lenders and Apache Corporation regarding the terms of the RSA, Restructuring Term Sheet, and Apache Term Sheet, and in the preparation of commencing these chapter 11 cases.  Accordingly, the Debtors believe Weil is uniquely situated with the necessary background to address the potential legal issues that may arise in the context of the Debtors' chapter 11 cases.

12.     The Debtors have also selected Weil as their attorneys because of the Firm's extensive general experience and knowledge, including Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code.  For example, Weil currently represents or has represented, among others, the

following debtors and their affiliates: CEC Entertainment, Inc.; Chisholm Oil and Gas Operating, LLC; Exide Technologies, LLC; Gavilan Resources, LLC; 24 Hour Fitness Worldwide; SpeedCast International Limited; Chinos Holdings, Inc.; Kingfisher Midstream LLC; EP Energy Corporation; Halcon Resources Corporation; Fusion Connect, Inc.; Insys Therapeutics, Inc.; CTI Foods, LLC; Ditech Holding Corporation; PG&E Corporation and Pacific Gas and Electric Company; Checkout Holding Corp.; Waypoint Leasing Holdings Ltd.; LBI Media, Inc.; Sears Holdings Corporation; Tops Holding Company LLC; Southeastern Grocers, LLC; Claire's Inc.; Walter Inv. Mgmt. Corp.; Fieldwood Energy LLC; Westinghouse Electric Company LLC; TK Holdings Inc.; Angelica Corp.; Azure Midstream Partners, LP; Memorial Production Partners LP; CHC Group Ltd.; Breitburn Energy Partners LP; Basic Energy Services, Inc.; American Gilsonite Company; Aéropostale, Inc.; Fairway Group Holdings Corp.; Paragon Offshore plc; Vantage Drilling International (f/k/a Offshore Group Investment Limited); and The Great Atlantic and Pacific Tea Co.

13.    The Debtors have been informed that Alfredo R. Pérez, a partner of Weil, as well as other partners of, counsel to, and associates of Weil who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of Texas and the United States District Court for the Southern District of Texas.  Accordingly, Weil is both well qualified and uniquely able to represent the Debtors in their chapter 11 cases in an efficient and effective manner.

## Scope of Services

14.    The employment of Weil under a general retainer, and in accordance with its normal hourly rates and disbursement policies in effect from time to time, is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in

possession and to prosecute their chapter 11 cases.  Subject to further order of this Court, it is proposed that Weil be employed to render the following professional services:

   a.   take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

   b.   prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

   c.   take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

   d.   if necessary, take all appropriate actions in connection with the sale of Debtors' assets pursuant to section 363 of the Bankruptcy Code, or otherwise;

   e.   take all necessary actions to protect and preserve the value of the Debtors' estates; and

   f.   perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

   15.   It is necessary for the Debtors to employ attorneys to render the foregoing professional services.  Weil has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

   16.   In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: (i) Prime Clerk LLC, as claims and noticing agent and solicitation agent; (ii) Houlihan Lokey Capital, Inc., as investment banker; and (iii) AlixPartners, LLP, as financial advisor.  The Debtors may also file applications to employ additional professionals, in connection with the administration of these chapter 11 cases and the Debtors' ordinary course

operations.  Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

17.     As described in the Barr Declaration, Weil will work with the Debtors' other professionals, including with AlixPartners, LLP and any conflicts counsel, to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these chapter 11 cases to prevent duplication of services and ensure the case is administered in the most efficient fashion possible.

**Weil's Disinterestedness**

18.     To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party-in-interest, or their respective attorneys and accountants, except as may be set forth in the Barr Declaration.

19.     Based upon the Barr Declaration, Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

**Professional Compensation**

20.     As set forth in the Barr Declaration, for the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of approximately $2,919,950.29 for professional services performed and to be performed, including the commencement and prosecution of these chapter 11 cases.  Weil has a remaining credit balance in

favor of the Debtors for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with these chapter 11 cases in the amount of approximately $12,083.76 (the "**Fee Advance**"). Weil intends to apply the Fee Advance to any outstanding amounts relating to the period prior to the Petition Date that were not processed through Weil's billing system as of the Petition Date. Weil intends to retain the balance on account of services rendered and expenses incurred subsequent to the Petition Date.

21.     The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the Petition Date.

22.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Barr Declaration, and to reimburse Weil according to its customary reimbursement policies. The Debtors respectfully submit that Weil's rates and policies stated in the Barr Declaration are reasonable.

## **Notice**

23.     Notice of this Application will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 24, 2020
       Houston, Texas

**FIELDWOOD ENERGY LLC**
(and each of its affiliated debtors as Debtors and Debtors in Possession)


*/s/ Michael T. Dane*
Name: Michael T. Dane
Title:  Senior Vice President & CFO

**<u>Certificate of Service</u>**

I hereby certify that on August 24, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


                         */s/  Alfredo R. Pérez*
                         Alfredo R. Pérez