**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**MOTION OF DEBTORS TO ESTABLISH PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

### Background

1.    Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

5.      The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are an independent exploration and production company in the Gulf of Mexico. The Company is focused on the exploration and development of offshore oil and gas assets in the shallow water and deepwater Gulf of Mexico and the Gulf Coast region in the U.S.

6.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

## Jurisdiction

7.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      By this Motion, pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1, the Debtors request entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to section 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

9.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Retention of Professionals

10.     Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings and to successfully and timely emerge from chapter 11.  Accordingly, the Debtors have filed and intend to file separate applications with the Court to employ and retain a number of professionals, including, without limitation, (i) Weil, Gotshal & Manges LLP, as attorneys to represent them in these chapter 11 cases, (ii) Houlihan Lokey Capital, Inc., as investment banker, (iii) AlixPartners, LLP, as financial advisor, and (iv) Prime Clerk LLC, as claims and noticing agent (collectively,

the "**Debtors' Professionals**").  The Debtors may also need to retain additional professionals in connection with the administration of the chapter 11 cases.[3]

11.    The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals and attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code, including professionals retained by the Creditors' Committee and any other statutory committee, if any, and that will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtors' Professionals, the "**Retained Professionals**") will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.  A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

### Proposed Compensation and Reimbursement Procedures

12.    The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows (the "**Compensation Procedures**"):

> (i)    On or before the **last day of each month** following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the

---

[3] The Debtors intend to file a motion pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (each, an "**Ordinary Course Professional**").  Pursuant to the relief requested in such motion, Ordinary Course Professionals would not need to file individual retention applications and would be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses.  Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant to the procedures set forth in the Proposed Order.

services rendered and expenses incurred (the "**Monthly Statement**"), by email or hand delivery, to the following parties:

(a)    the Debtors c/o Fieldwood Energy LLC, Attn: Mike Dane and Tommy Lamme (mdane@fwellc.com and tlamme@fwellc.com);

(b)    the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, Attn: Matthew S. Barr, Esq., Alfredo R. Pérez, Esq., and Jessica Liou, Esq. (matt.barr@weil.com, alfredo.perez@weil.com, and jessica.liou@weil.com);

(c)    the attorneys for the Ad Hoc Group of Secured Lenders, (A) Davis Polk & Wardwell LLP, Attn:  Damian S. Schaible, Esq. and Natasha Tsiouris, Esq. (damian.schaible@davispolk.com and natasha.tsiouris@davispolk.com) and (B) Haynes and Boone, LLP, Attn: Charles A. Beckham Jr., Esq. and Martha Wyrick, Esq. (charles.beckham@haynesboone.com and martha.wyrick@haynesboone.com);

(d)    the Office of the United States Trustee for the Southern District of Texas, Attn: Hector Duran and Stephen Statham (hector.duran@usdoj.gov and stephen.statham@usdoj.com); and

(e)    the attorneys for the Creditors' Committee and any other statutory committee appointed in these chapter 11 cases.

(collectively, the "**Fee Notice Parties**").

(ii)    Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it.  Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii)    If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue.  Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection

(the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties.  Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Disputed Amount**"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv)    Beginning with the period ending October 31, 2020, and at three month intervals thereafter (each, an "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Interim Compensation Procedures. Fee Notice Parties will have 14 days after service of an Interim Fee Application, which service may be by email, to object thereto.  The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 31, 2020.  Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

(v)    The Debtors will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vi)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

13.    The Debtors further request that the Court limit service of Interim Fee Application and final fee applications (each, a "**Final Fee Application**," and together with the

Interim Fee Applications, the "**Applications**") to the Fee Notice Parties.  The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "**Hearing Notices**").  Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Retained Professionals' fees and will save unnecessary duplications and mailing expenses.

### Basis for Relief Requested

14.     Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.  Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.  Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

15.     The proposed Interim Compensation Procedures would enable the Debtors to monitor closely the costs of administration, forecast cash flows, and implement efficient cash management procedures.  They would also allow the Court and key parties in interest, including

the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

16.     Courts in this District have granted similar relief to that requested herein in a number of cases.  *See, e.g.*, *In re Gavilan Res., LLC*, Case No. 20-32656 (MI) (Bankr. S.D. Tex. Jul. 13, 2020) (Docket No. 206); *In re NPC Int'l, Inc.*, Case No. 20-33353 (DRJ) (Bankr. S.D. Tex. July 1, 2020) (Docket No. 434); *In re CEC Ent., Inc.*, Case No. 20-33163 (MI) (Bankr. S.D. Tex. June 25, 2020) (Docket No. 583); *In re Speedcast Int'l Ltd.*, Case No. 20-32243 (MI) (Bankr. S.D. Tex. June 21, 2020) (Docket No. 328); *In re Alta Mesa Res., Inc.*, Case No. 19-35133 (MI) (Bankr. S.D. Tex. Nov. 12, 2019) (Docket No. 512); *In re EP Energy Corp.*, Case No. 19-35654 (MI) (Bankr. S.D. Tex. Nov. 6, 2019) (Docket No. 318); *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Nov. 15, 2018) (Docket No. 522).

17.     Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors' estates, creditors, and all parties in interest, and, therefore should be granted in these chapter 11 cases.

## **Notice**

18.     Notice of this Motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## **No Previous Request**

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 24, 2020
      Houston, Texas

Respectfully submitted,

  */s/  Jessica Liou*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
        Jessica.Liou@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on August 24, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ Jessica Liou_
Jessica Liou