In the United States Bankruptcy Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| In re: | § | Case No. 20-33948 |
| | § | |
| Fieldwood Energy LLC *et al*, | § | Chapter 11 |
| | § | |
| Debtors | § | |

## Motion of Regis Southern for Relief from the Automatic Stay to Permit Continuation of Personal Injury Litigation Pending in the U.S. District Court of the Western District of Louisiana

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**A HEARING HAS BEEN SET ON THIS MOTION FOR SEPTEMBER 14, 2020, AT 1:30 P.M. BEFORE THE HONORABLE MARVIN ISGUR.  THE HEARING WILL BE HELD BY VIDEO AND AUDIO PURSUANT TO THE LOCAL RULES ON THE WEB SITE OF JUDGE ISGUR AND THE SOUTHERN DISTRICT OF TEXAS.**

Regis Southern, an individual with pending personal injury litigation against certain of the debtors in this bankruptcy case, files this motion for relief from the automatic stay (the "Motion") so that the litigation may proceed to judgment and Southern may seek recovery from the debtors' available liability insurance proceeds and liquidate and maintain any claim against the debtors to the extent the insurance proceeds are insufficient to pay the claim in full.

## Jurisdiction and Venue

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief sought herein is section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code").

## Background

2.      Regis Southern is an individual resident of Louisiana who was previously employed as an offshore operator and injured his right shoulder in the course of his employment.

3.      On February 25, 2019, Southern filed a lawsuit in the United States District Court of the Western District of Louisiana against Eaton Oil Tools, Inc.; Fieldwood Energy, LLC; Fieldwood Offshore, LLC; and Fieldwood Energy SP, LLC asserting that his shoulder injury was due to their negligence.[1] Fieldwood Energy, LLC; Fieldwood Offshore, LLC; and Fieldwood Energy SP, LLC are all debtors in the above-captioned bankruptcy case (collectively, the "Debtor Defendants"). Later on, Southern added Diverse Safety & Scaffolding, LLC and Scottsdale Insurance Company as defendants.

4.      Southern asserts that the Debtor Defendants owned the platform on which he was injured and that his injury was due to various acts of negligence by the Debtor Defendants. For example, he asserts that the Debtor Defendants failed to provide safe and adequate equipment to perform the job safely and that they failed to exercise reasonable care in discovering and correcting unsafe conditions on the platform. Southern's complaint and amended complaint are attached as Exhibit A.

5.      The lawsuit was scheduled for jury trial on March 1, 2021, but when the Debtor

---

[1]      Civ. Action No. 6:19-cv-00229.

Defendants filed the above-captioned bankruptcy case on August 3, 2020, the Louisiana court vacated the scheduling order. Southern currently has two depositions in the lawsuit scheduled for September 24, 2020.

6.      Southern seeks relief from the automatic stay in order to continue his lawsuit in the in the United States District Court for the Western District of Louisiana, proceed to judgment, seek recovery from the Debtor Defendants' available liability insurance proceeds, and liquidate and maintain any remaining claim against the Debtor Defendants in this bankruptcy case to the extent the insurance proceeds are insufficient to pay the claim in full.

## Argument

7.      Section 362(d)(1) of the Bankruptcy Code provides that, upon a request from a party in interest, the court shall grant relief from the automatic stay "for cause." The term "cause" is not defined in the Bankruptcy Code, but rather must be determined on a case-by-case basis based on an examination of the totality of the circumstances. *Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer)*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998). "There is no mandatory standard for finding 'cause' in the Fifth Circuit." *In re Choice ATM Enters.*, Case No. 14-44982-DML, 2015 Bankr. LEXIS 689 at *12 (Bankr. N.D. Tex. Mar. 4, 2015) (citing *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006)).

8.      Courts in this jurisdiction have identified various factors to consider in determining whether or not cause exists to lift the automatic stay. Though not all of the factors will be relevant in every case, these factors include:

> good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay.

.     .     .

1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.

*In re Mosher*, 578 B.R. 765, 772-73 (Bankr. S.D. Tex. 2017) (quoting *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013) and *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)). Court have also noted the legislative history of Section 362(d)(1), which suggests that "cause" may include "a desire to permit an action to proceed to completion in another tribunal." *Choice ATM Enters.*, 2015 Bankr. LEXIS 689 at *6-7 (quoting H.R. Rep. No. 95-595, 343-44 (1977)); *Pursue Energy Corp. v. Miss. State Tax. Comm'n*, 338 B.R. 283, 291 (S.D. Miss. 2005) (same).

9.      In addition, with respect to personal injury suits in particular, courts in the Fifth Circuit have determined that cause exists to lift the automatic stay in order to permit these suits to proceed outside of bankruptcy court. *E.g. Parker v. Miller (In re Miller)*, 589 B.R. 550, 563 (Bankr. S.D. Miss. 2018); *In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001) ("This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor."). In both *Parker* and *Fowler*, a substantial factor in the court's decision to lift the stay was the fact that personal injury litigation cannot take place within the bankruptcy court. *Parker*, 589 B.R. at 562 ("[I]f the state-law claims are 'personal injury tort claims' within the meaning of 28 U.S.C. § 157(b)(2)(B), (b)(2)(O), and (b)(5), the Court lacks authority to try them."); *Fowler*, 259 B.R. at 861 ("It is a personal injury

and wrongful death claim which cannot be tried in this Court…. This matter cannot go forward in bankruptcy court and if the creditor is not granted relief from the stay, he is left with no remedy in any court.").

10.     Southern's lawsuit against Fieldwood is a personal injury suit asserting that Fieldwood's negligence resulted in Southern's injured shoulder. Because it is a personal injury suit, it cannot be adjudicated in bankruptcy court. 28 U.S.C. § 157(b)(5). Therefore, following *Parker* and *Fowler*, there is cause to lift the automatic stay to allow the suit to proceed in its current forum. Otherwise, as noted by the *Fowler* court, Southern may be left with no remedy in any court.

11.     Moreover, several factors relevant to the general consideration of whether cause exists to lift the automatic stay support the relief requested. Allowing the personal injury suit to proceed in the United States District Court for the Western District of Louisiana will cause no injury to the Debtor Defendants and other creditors because Southern seeks only to liquidate the claim that he already has against the Debtor Defendants and to collect any judgment obtained from the Debtor Defendants' insurance coverage.

12.     If the Court does not allow the personal injury suit to proceed in the United States District Court for the Western District of Louisiana, under 28 U.S.C. § 157(b)(5), the only alternative forum for the lawsuit would be the Southern District of Texas or another United States district court. The burden to the Debtor Defendants of defending the lawsuit in these alternative forums would be greater than that of defending in the original forum because of the burden of switching forums. Although the parties are not yet ready for trial in the personal injury suit, discovery is well underway and depositions have already been scheduled for September 24, 2020. For this reason, lifting the automatic stay would promote judicial economy and the expeditious, economical, and complete resolution of the litigation.

13.     If the Court does not permit the lawsuit to proceed in any forum, Southern will be left with no remedy in any court. In that case, the harm to Southern from continuing the stay would far outweigh the harm to the Debtor Defendants and other creditors from lifting the stay. In addition, the personal injury suit also involves non-debtor defendants. Continuing the stay prevents Southern from timely adjudicating his claims against these other defendants. Finally, the personal injury suit does not have any connection to and will not interfere with the bankruptcy case other than to liquidate Southern's claim against the Debtor Defendants.

## Conclusion

For the reasons stated above, Southern asks the Court to modify the automatic stay imposed by Section 362(a) of the Bankruptcy Code so that Southern may (1) proceed with the personal injury suit against the Debtor Defendants; (2) take such action as may be necessary and appropriate to recover on any judgment obtained from any available insurance proceeds; and (3) liquidate and maintain his claim against the bankruptcy estate to the extent insurance proceeds are insufficient to pay his claim in full. Southern further asks the Court to grant him such other and further relief to which he is entitled.

Dated:   August 26, 2020

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
TX Bar No. 01587700
950 Echo Lane, Suite 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net

## Certificate of Service

I certify that a copy of this Motion of Regis Southern for Relief from the Automatic Stay to Permit Continuation of Personal Injury Litigation Pending in the U.S. District Court of the Western District of Louisiana was delivered on August 26, 2020 via CM/ECF electronic delivery on all parties on the master service list for the debtor(s).  Parties with email addresses have been served by the clerk of the court by ECF.  Parties with no email address have been served by U.S. mail on or about August 28, 2020.  The master service list is attached.

*/s/ Reese W. Baker*
Reese W. Baker