

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
08/24/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re. Docket No. 185 |

**EMERGENCY ORDER (I) AUTHORIZING DEBTORS TO (A) ENTER INTO AND
PERFORM UNDER NEW POSTPETITION HEDGING AGREEMENTS
AND (B) GRANT RELATED LIENS AND SUPERPRIORITY CLAIMS,
(II) MODIFYING AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated August 18, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 362, 363, 364, 1107, and 105(a) of the Bankruptcy Code, Bankruptcy Rules 4001, 6003, and 6004, and Bankruptcy Local Rules 4001-1 and 9013-1 (i) authorizing, but not directing, the Debtors to (a) enter into and perform under new Postpetition Hedging Agreements in the ordinary course of business, (b) honor, pay, or otherwise satisfy all obligations, liabilities, and indebtedness of the Debtors arising under the Postpetition Hedging Agreements (the "**Hedging Obligations**") as they come due, including

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

any fees and expenses incurred prior to the Petition Date, and (c) grant Superpriority Claims and Postpetition Hedging Liens to secure the Hedging Obligations, (ii) modifying the automatic stay, and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Hedging Declaration, and the Interim DIP Order; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 362, 363, 364, 1107, and 105(a) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to: (a) enter into and perform under new Postpetition Hedging Agreements, on terms mutually agreed between the Debtors and the Hedge Counterparties, in the ordinary course of business, consistent with the Hedging Practices, the Hedging Covenant in the DIP Term Sheet and Company's past practices;

NY 78197340V1
08/23/2020 2:37 PM
WEIL:\97600367\5\45327.0005

(b) honor, pay, or otherwise satisfy as they become due all Hedging Obligations, including any fees and expenses incurred prior to the Petition Date, and (c) grant allowed Superpriority Claims and Postpetition Hedging Liens to secure the Hedging Obligations; *provided*, *however*, that the Debtors shall deliver to the Official Committee of Unsecured Creditors (the "**Committee**") each hedge confirmation within 3 (three) business days after execution and the Debtors shall provide monthly reporting to the Committee that shall include a schedule containing (i) the preceding month's outstanding hedge positions and (ii) the Company's current hedge positions.

2. As security and assurance of the Debtors' obligations arising under the Postpetition Hedging Agreements and in exchange for the Hedge Counterparties providing benefits to the Debtors in accordance with this Order:

   a. with respect to the obligations, liabilities and indebtedness arising from the Postpetition Hedging Agreements, the Hedge Counterparties are hereby granted continuing, valid, binding, enforceable, non-avoidable, and automatically properly perfected Postpetition Hedging Liens in accordance with the terms of such Postpetition Hedging Agreements, without the necessity of the execution by the Debtors or the filing of security agreements, pledge agreements, mortgages, financing statements, or otherwise;

   b. the obligations, liabilities and indebtedness arising from the Postpetition Hedging Agreements shall constitute Superpriority Claims against each of the Debtors, jointly and severally, that are *pari passu* with the DIP Obligations provided under the applicable DIP Order; and

   c. the automatic stay provisions of section 362 of the Bankruptcy Code are hereby modified to the extent necessary to permit each Hedge Counterparty to immediately and unconditionally (but, for the avoidance of doubt, subject to any grace or cure periods under, and other provisions of, the documents governing the applicable Postpetition Hedging Agreement) exercise and enforce any and all rights and remedies provided for in the applicable Postpetition Hedging Agreement, including but not limited to rights and remedies relating to the suspension of performance thereunder, the termination, liquidation, or acceleration thereof, withholding of performance thereof, and setoff, netting, and application of any payment, settlement payment, termination value, termination payment, and any other amounts that the counterparty would be entitled to receive from or otherwise be obligated to pay to any Debtor under a Postpetition Hedging Agreement

3

in accordance with the terms of such Postpetition Hedging Agreement without the need for any further Court order, and the exercise of any such rights and remedies by the Hedge Counterparties shall not be stayed, avoided, or otherwise limited as result of the pendency of these chapter 11 cases.

3. If any or all of the provisions of this Order are stayed and/or modified in a manner adverse to a Hedge Counterparty or vacated, or this Order otherwise terminates, such stay, modification, vacation or termination will not affect (a) the validity of any indebtedness, obligation or liability incurred by the Debtors to each Hedge Counterparty before the receipt of written notice by such Hedge Counterparty of the effective date of such stay, modification, vacation, or termination, (b) the validity or enforceability of the Postpetition Hedging Liens, Superpriority Claims, or netting, setoff, collection, and termination rights authorized or created by this Order, the Postpetition Hedging Agreements, or any related documents, as the case may be, for the benefit of the Hedge Counterparties, and (c) the rights of each Hedge Counterparty to exercise remedies as set forth in the Postpetition Hedging Agreements. Each Hedge Counterparty shall be entitled to the benefits of the provisions of section 364(e) of the Bankruptcy Code.

4. The relief and protections afforded by this Order shall survive any order that may be entered (a) converting any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code; or (b) dismissing any of these chapter 11 cases and shall be in addition to any and all rights, powers or privileges provided for by the Postpetition Hedging Agreements.

5. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or

4

any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court (1) approving the Debtors' entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**"), and/or (2) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control. Notwithstanding anything in the DIP Order to the contrary, the Hedging Obligations shall be secured by liens in all DIP Collateral, which shall be *pari passu* with the DIP Liens and have the same priority as the DIP Liens.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed to be (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

5

9. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 24, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

NY 78197340\V1
08/23/2020 2:37 PM
WEIL:\97600367\5\45327.0005

```
                              United States Bankruptcy Court
                                Southern District of Texas
In re:                                                                    Case No. 20-33948-mi
Fieldwood Energy LLC                                                      Chapter 11
Dynamic Offshore Resources NS, LLC
         Debtors                         CERTIFICATE OF NOTICE
District/off: 0541-4          User: TylerLaws             Page 1 of 3             Date Rcvd: Aug 24, 2020
                              Form ID: pdf002             Total Noticed: 59


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2020.
db              +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                  Houston, TX 77042-3623
db              +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,    s,    Houston, TX 77042-3623
db              +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db              +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                  Houston, TX 77042-3623
db              +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db              +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db              +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
                  Houston, TX 77042-3623
aty             +Clark Hill Strasburger,    Attn: Duane J. Brescia,    720 Brazos, Suite 700,
                  Austin, TX 78701-2531
aty             +Emile Joseph, Jr.,    Allen & Gooch,    P O Box 81129,    Lafayette, LA 70598-1129
aty             +Petro Amigos Supply, Inc.,    c/o Wayne Kitchens,    Total Plaza,    1201 Louisiana, 28th Floor,
                  Houston, TX 77002-5607
aty             +Ronald Savoie,    Jackson & Jackson, P.L.L.C.,    111 Founders Drive, Suite 400,
                  Baton Rouge, LA 70810-8959
cr              +A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC,    c/o Andrew A Braun,
                  Gieger Laborde & Laperouse, LLC,    Suite 4800, 701 Poydras Street,    New Orleans, LA  70139,
                  US 70139-7756
cr              +Aker Solutions Inc.,    Bruce J. Ruzinsky,    1401 McKinney Street,    Suite 1900,
                  Houston, TX 77010-4037
intp            +Apache Corporation,    Hunton Andrews Kurth LLP,    Attn: Robin Russell,    600 Travis Street,
                  Suite 4200,    Houston, TX 77002-2929
cr              +Archrock Services, LP,    16666 North Chase Dr.,    Houston, TX 77060-6014
cr              +Bedrock Petroleum Consultants, LLC,    c/o Bradley,    Attn: James B. Bailey,
                  1819 Fifth Avenue North,    Birmingham, AL 35203-2120
cr              +Broussard Brothers, Inc.,    501 S. Main St.,    Abbeville, LA  70510,    US 70510-6508
cr              +C-Dive, L.L.C.,    c/o Leann O. Moses,    1100 Poydras Street,    Suite 3100,
                  New Orleans, LA 70163-1102
cr              +CETCO Energy Services Company, LLC,    c/o The Derbes Law Firm, LLC,    3027 Ridgelake Dr.,
                  Metairie, LA 70002-4924
cr              +Discovery Gas Transmission LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,
                  320 South Boston Avenue,    Suite 200,    Tulsa, OK 74103-3705
cr              +Diversified Well Logging, LLC,    C/O Dore Rothberg McKay, PC,    17171 Park Row, Suite 160,
                  Houston, TX 77084-4927
cr              +Gulfstar One LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,    320 South Boston Avenue,
                  Suite 200,    Tulsa, OK 74103-3705
intp            +Helis Oil & Gas Company, LLC,    c/o J. David Forsyth,    400 Poydras Street, Suite 2550,
                  New Orleans, LA 70130-3292
cr              +JX Nippon Oil Exploration (U.S.A.) Limited,    c/o GIEGER, LABORDE & LAPEROUSE, L.L.C.,
                  5151 SAN FELIPE, SUITE 750,    Houston, TX 77056-3646
cr              +Lexon Insurance Company and Endurance American Ins,    Harris Beach PLLC,
                  c/o Lee E. Woodard, Esq.,    333 West Washing St., Ste. 200,    Syracuse, NY 13202-5202
cr              +Martin Energy Services LLC,    c/o Robert P. Franke,    Clark Hill Strasburger,
                  901 Main St., Suite 6000,    Dallas, TX 75202-3748
op              +Prime Clerk LLC,    One Grand Central Place,    60 East 42nd Street,    Suite 1440,
                  New York, NY 10165-1446
intp             Railroad Commission of Texas,    c/o Office of the Attorney General,
                  Bankruptcy & Collections Division,    P. O. Box 12548,    Austin, TX  78711-2548
cr              +Red Willow Offshore, LLC,    c/o Barnet B. Skelton, Jr.,    815 Walker, Suite 1502,
                  Houston, TX 77002-5832
cr              +SBM Gulf Production LLC,    c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
                  Hockley, TX 77447-0549
cr              +Seitel Data, Ltd.,    c/o Duane J. Brescia,    Clark Hill Strasburger,    720 Brazos, Suite 700,
                  Austin, TX 78701-2531
cr              +Sheldon Independent School District,    c/o Owen M. Sonk,    PBFCM, LLP,
                  1235 N. Loop W., Suite 600,    Houston, TX 77008-1772
cr              +Sheldon Independent School District, et al,    c/o Owen M. Sonik,    PBFCM, LLP,
                  1235 N. Loop W., Ste 600,    Houston, TX 77008-1772
intp            +TC Oil Louisiana, LLC,    c/o Wick Phillips Attn: Jason Rudd,    3131 McKinney Ave., Suite 100,
                  Dallas, TX 75204-2430
cr              +TGS AP Investments AS,    c/o Andrew A Braun,    Geiger Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras Street,    New Orleans, LA 70139-7756
cr              +TGS-NOPEC Geophysical Company,    c/o Andrew A Braun,    Gieger, Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras St.,    New Orleans, LA  70139,    US 70139-7756
```

```
District/off: 0541-4            User: TylerLaws              Page 2 of 3                 Date Rcvd: Aug 24, 2020
                                Form ID: pdf002              Total Noticed: 59

cr              +TGS-NOPEC Geophysical Company ASA,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
intp            +Tana Exploration Company, LLC,   c/o Wick Phillips Attn: Jason Rudd,
                  3131 McKinney Ave., Suite 100,   Dallas, TX 75204-2430
cr              +Tetra Applied Technologies, Inc.,   c/o Zachary S. McKay,   Dore Rothberg McKay, P.C.,
                  17171 Park Row, Suite 160,   Houston, TX 77084-4927
cr              +Transcontinental Gas Pipe Line Company, LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
                  320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr              +U.S. Specialty Insurance Company,   c/o Locke Lord LLP,   ATTN: Philip Eisenberg,
                  600 Travis Street, Suite 2800,   Houston, TX 77002-2914
cr              +WFS Liquids LLC,   c/o Steven W. Soule',   Hall, Estill, et al.,   320 South Boston Avenue,
                  Suite 200,   Tulsa, OK 74103-3705
cr              +Westerngeco LLC,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
cr              +Williams Field Services-Gulf Coast Company LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
                  320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr              +Zurich American Insurance Company,   c/o Duane Brescia,   720 Brazos Street,   Suite 700,
                  Austin, TX 78701-2531

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr               E-mail/Text: houston_bankruptcy@LGBS.com Aug 24 2020 22:40:04     Cypress-Fairbanks ISD,
                  Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
                  Houston, Tx  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Aug 24 2020 22:40:04     Galveston County,
                  Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
                  Houston, TX 77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Aug 24 2020 22:40:04     Harris County,
                  Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   PO Box 3064,
                  Houston, TX 77253-3064
cr              +E-mail/Text: bankruptcy@islandoperating.com Aug 24 2020 22:40:24
                  Island Operating Company Inc,   770 S Post Oak Lane,   Suite 400,   Houston, TX 77056-6666
cr               E-mail/Text: houston_bankruptcy@LGBS.com Aug 24 2020 22:40:04     Jefferson County,
                  Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   P.O. Box 3064,
                  Houston, TX 77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Aug 24 2020 22:40:04     Matagorda County,
                  Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   Post Office Box 3064,
                  Houston, TX 77253-3064
cr              +E-mail/Text: pwp@pattiprewittlaw.com Aug 24 2020 22:39:57     Plains Gas Solutions,
                  c/o Law Ofc Patricia Williams Prewitt,   10953 Vista Lake Ct.,   Navasota, TX  77868,
                  UNITED STATES 77868-6981
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              A-Port LLC
cr              Acadian Contractors, Inc
cr              Ad Hoc Group of Secured Lenders
cr              Archrock Partners Operating, LLC and Archrock Serv
cr              CCG Services (U.S.) Inc.
cr              CTD Legacy LLC
intp            Cantor Fitzgerald Securities, as DIP Agent
cr              Chevron U.S.A. Inc.
cr              Diverse Safety & Scaffolding, LLC
cr              Ecopetrol America LLC
intp            Eni Petroleum US LLC
intp            Eni US Operating Co. Inc.
intp            Facilities Consulting Group, LLC
cr              Florida Gas Transmission Company, LLC
cr              Goldman Sachs Bank USA
cr              Halliburton Energy Services, Inc.
cr              Intracoastal Liquid Mud, Inc.,   UNITED STATES
intp            Kilgore Marine
cr              Lavaca County
cr              Liberty Mutual Insurance Company
cr              Linear Controls, Inc.
cr              Live Oak CAD
cr              Louisiana Safety Systems, Inc.
intp            Manta Ray Offshore Gathering Company, L.L.C.
intp            Nautilus Pipeline Company, L.L.C.
cr              Oceaneering International Inc.
cr              Oil States Energy Services, LLC
cr              Partco, LLC
cr              Philadelphia Indemnity Insurance Company
intp            RLI Insurance Company
cr              Renaissance Offshore, LLC
cr              Rio Grande City CISD
cr              Sea Robin Pipeline Company, LLC
cr              Starr County
cr              State of Louisiana, Department of Natural Resource
cr              Stingray Pipeline Company, LLC
intp            Subsea 7 LLC
```

```
District/off: 0541-4          User: TylerLaws            Page 3 of 3              Date Rcvd: Aug 24, 2020
                              Form ID: pdf002            Total Noticed: 59

                ***** BYPASSED RECIPIENTS (continued) *****
cr              The Hanover Insurance Company
crcm            The Official Committee of Unsecured Creditors
cr              Trunkline Gas Company, LLC
cr              U.S. Department of the Interior
cr              W&T Offshore, Inc.
                                                                                    TOTALS: 42, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2020                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 24, 2020 at the address(es) listed below:
NONE.                                                                                       TOTAL: 0