IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| FIELDWOOD ENERGY, LLC, et al., | § | CASE NO. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

### LIMITED RESPONSE TO PAY MOTION (P-7) AND DIP MOTION (P-22)

NOW INTO COURT, through undersigned counsel, comes C-Dive, L.L.C. ("C-Dive"), a creditor in the above captioned proceeding, which files this response to the (1) Emergency Motion of Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims, and (II) Granting Related Relief (P-7) (the "Pay Motion") and (2) Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§105, 361, 362, 363(B), 364 (C)(2), 364 (C)(3), 364 (D)(a) and 364(C) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. §363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§361, 362, 363, 364, and 507(B) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001 (B) and (C) (P-22) (the "DIP Motion"). C-Dive objects and responds as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1.

C-Dive is a creditor that provided services and goods to Fieldwood Energy, LLC (the "Debtor") pre-petition and continues to provide goods and services to the Debtor post-petition. Specifically, C-Dive has performed underwater physical inspection services on over 30 platforms off the coast of South Louisiana. Such work is required by the lessor, through the Bureau of Safety and Environmental Enforcement ("BSEE") and/or the Bureau of Ocean Energy Management ("BOEM") and is necessary for lease operating and production expenses. C-Dive is currently owed $658,665.74 for pre-petition work.

2.

The Pay Motion is unclear as to which creditors will be paid. Specifically, it is unclear how C-Dive's claim will be treated both under the Pay Motion and DIP Motion. Debtor provides little information on which expenses will be paid and what terms will be included in the "Trade Agreements" associated with expenses. Accordingly, C-Dive files this response to object on this issue and request clarity on its treatment under these Motions and to preserve its rights.

3.

The Pay Motion provides that it is seeking authority to pay certain E&P Claimants; however, no list, exhibit or schedule is provided that identifies the claimants or the amount each will be paid if the Pay Motion is granted. Accordingly, C-Dive requests that the Debtor provide it and the Court with such an exhibit or schedule listing the E&P Claimants and the amounts Debtor is seeking to pay.

4.

Furthermore, in the DIP Motion the Debtor seeks authority to obtain post-petition financing. C-Dive has lien rights under Louisiana law (La R.S. 9:4861 *et seq*.), which provides for statutory mineral liens and privileges. C-Dive is within the statutory period for perfecting its

lien rights under Louisiana law including the right to perfect such liens post-petition and have them relate back to the date C-Dive commenced furnishing services on the subject leaseholds. The DIP Motion is unclear as to whether it is seeking improperly to limit such privileges that arose pre-petition. In the case of privileges in favor of C-Dive which arose pursuant to La. R. S. 9:4861, the filing of a Statement of Privilege would not have been required when the Debtor filed the captioned case. The DIP Motion should not limit privileges that arose pre-petition, provided parties with privileges comply with the perfection requirements of Louisiana law. La. R.S. 9:4861, *et seq*.

5.

Pursuant to La. Rev. Stat. 9:4864, the privilege is established and effective as to third persons when, among other things, the claimant, who is a contractor, laborer or employee begins rendering services at the well site. The privilege does not arise when the Statement of Privilege is filed in the mortgage records of the appropriate parish under La. Rev. Stat. §§9:4865 and 9:4868. Rather, the privilege arises when work begins. *OHA Inv. Corp. v. Schlumberger Tech. Corp.* (*In re ATP Oil & Gas Corp.*), 888 F.3d 122, 124 (5th Cir. 2018) (**Under the Louisiana Oil Well Lien Act ("LOWLA"), the secured liens (also called "privileges") attached upon the commencement of labor.** *Citing* La. R. S. §§9:4863(A)(1), 9:4864(A)(1).) (emphasis added)

6.

C-Dive accordingly joins Cetco Energy Service Company, LLC, among others, in urging that the definition of "Permitted Prior Liens" be modified to read as follows:

> "…(ii) valid and unavoidable permitted liens, **which includes privileges that arise pursuant to La. R.S. 9:4861 et seq.**, in favor of third parties that were in existence immediately prior to the Petition Date that were perfected subsequent to the Petition Date as permitted by Section 546(b) of the Bankruptcy Code ((i) and (ii) together, the "Permitted Prior Liens")."

3

7.

C-Dive also joins Bedrock Petroleum Consultants, LLC's Reservation of Rights and Limited Objection to DIP Financing and Cash Collateral Motion (P-192) (and any amendments thereto).

8.

This Response is filed in an abundance of caution. C-Dive has contacted Debtor and is attempting to resolve all issues in advance of the hearing on the Pay Motion and DIP Motion.

9.

C-Dive reserves all rights to join in any other objection to the Pay Motion or DIP Motion without any waiver of any rights, claims or defenses against the debtor. C-Dive further reserves all rights with respect to these bankruptcy cases, all rights under any contracts and operating agreements, all rights related to any notices of assumption and cure, and all rights with respect to any claim it may assert or has asserted in this case, including, but not limited to, administrative priority claims that may arise, adequate protection for such expenditures, and all other rights in this case.

WHEREFORE, C-Dive prays that this Honorable Court grant the relief requested in its Limited Response and for such other and further relief as this Court deems proper.

Respectfully submitted,
Leann Opotowsky Moses (TX # 15291750)
Peter J. Segrist (LA # 35314)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX L. L. C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana  70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
moses@carverdarden.com

   /s/  Leann O. Moses
Attorneys for C-DIVE, L.L.C.

4

**CERTIFICATE OF SERVICE**

    I, Leann O. Moses, do hereby certify that I caused the foregoing pleading to be served on those parties receiving electronic notification via the Court's CM/ECF System on September 1, 2020.

                                      /s/  Leann O. Moses