## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **CASE NO. 20-33948** |
| | § | |
| | § | |
| **DEBTORS[1]** | § | |

---

## MILORAD RAICEVIC'S UNOPPOSED MOTION
## TO LIFT THE AUTOMATIC STAY
## AND ALLOW APPEAL TO PROCEED

---

Pursuant to 11 U.S.C. § 362(d)(1), Milorad Raicevic asks this Court to (1) lift the automatic stay for cause, and (2) allow the appeal pending as *Raicevic v. Wood Group PSN, Inc., Island Operating Co., LLC and Fieldwood Energy, LLC*, Cause No. 19-40580 in the United States Court of Appeals for the Fifth Circuit, to proceed.

### BACKGROUND

Raicevic was injured while working on an offshore platform located on the Outer Continental Shelf off the coast of Louisiana. He brought a personal injury action asserting negligence claims against platform owner Fieldwood Energy LLC ,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

among others, in Cause No. 3:15-cv-00327 in the United States District Court for the Southern District of Texas, Galveston Division. The case was tried to a jury in 2018, which answered "Yes" to a question asking whether Fieldwood was negligent; "Yes" to a question asking whether Fieldwood's negligence was a proximate cause of the incident; and awarded damages. The district court rendered a take-nothing judgment in favor of Fieldwood in February 2019 after determining that Raicevic was Fieldwood's borrowed employee and, therefore, the Longshore and Harbor Workers' Compensation Act's exclusive remedy provision foreclosed any recovery against Fieldwood. *See* 33 U.S.C. §§ 904(a), 905(b).

Raicevic filed a timely notice of appeal from the district court's take-nothing judgment in June 2019; the appeal was docketed as *Raicevic v. Wood Group PSN, Inc., Island Operating Co., LLC and Fieldwood Energy, LLC*, Cause No. 19-40580 in the United States Court of Appeals for the Fifth Circuit. In January 2020, the Fifth Circuit dismissed appellees Wood Group and Island Operating; this dismissal left Fieldwood as the only remaining appellee. All appellate briefing was completed in April 2020.

In July 2020, the appeal was calendared for oral argument in the Fifth Circuit on September 3, 2020. Fieldwood filed its suggestion of bankruptcy and notice of automatic stay in the Fifth Circuit on August 5, 2020. The scheduled oral argument did not go forward.

## ARGUMENT

Section 362(d)(1) authorizes a bankruptcy court to lift the automatic stay for cause. *In the Matter of Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998). "Because § 362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause exist[s] on a case-by-case basis." *Id.*

Cause to lift the stay under section 362(d)(1) exists when doing so will permit litigation to be concluded in another forum. *See, e.g., In re Consol. FGH Liquidating Trust*, 419 B.R. 636, 647-48 (Bankr. S.D. Miss. 2009); *see also In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984); *In re Laventhal & Horwath*, 139 B.R. 109, 116 (S.D.N.Y. 1992). The exercise of discretion to lift the stay is appropriate here to allow (1) the pending Fifth Circuit appeal to proceed to conclusion with a decision on the merits now that all briefing has been completed; and (2) appellant Raicevic to pursue available insurance proceeds if the district court's take-nothing judgment is reversed on appeal and judgment is rendered in his favor.

Lifting the stay under these circumstances will not interfere with the bankruptcy case. Raicevic is informed that Fieldwood's insurance carrier has assumed full financial responsibility in connection with the litigation involving Raicevic; no other creditors or interested parties will be prejudiced. *See, e.g., In re Consol. FGH Liquidating Trust*, 419 B.R. at 647-48; *see also In re Holtkamp*, 669

F.2d 505, 509-10 (7th Cir. 1982) (allowing civil action to progress did not jeopardize the bankruptcy estate because insurance company assumed financial responsibility).

Raicevic's appeal is fully briefed and ready for decision, and it is anticipated that the Fifth Circuit will act on it promptly in light of the scheduling orders issued before the automatic stay took effect. The balance of the interests involved weighs strongly in favor of allowing Raicevic to obtain a resolution of his appeal and seek recovery from available insurance proceeds in the event that the district court's take-nothing judgment is reversed on appeal and judgment is rendered in his favor.

The undersigned counsel for Raicevic has conferred with counsel for Fieldwood and is informed that Fieldwood does not oppose this motion.

**CONCLUSION AND PRAYER**

Raicevic asks this Court to

1.      lift the automatic stay for cause under Section 362(d)(1);

2.      allow the appeal pending as *Raicevic v. Wood Group PSN, Inc., Island Operating Co., LLC and Fieldwood Energy, LLC*, Cause No. 19-40580 in the United States Court of Appeals for the Fifth Circuit, to proceed to a determination by the Fifth Circuit;

3.      allow any subsequent proceedings to go forward in the district court in connection with the appeal following the Fifth Circuit's determination; and

4.     if judgment is rendered in Raicevic's favor on appeal or on remand to the district court, allow Raicevic to seek to enforce a judgment in his favor within the limits of any applicable insurance policies.

Raicevic further requests all other relief to which he may be entitled.

Dated:  September 2, 2020

Respectfully submitted,

*/s/William J. Boyce*
William J. Boyce
Texas Bar No. 02760100
bboyce@adjtlaw.com
Kevin Dubose
kdubose@adjtlaw.com
Texas Bar No. 06150500
ALEXANDER DUBOSE & JEFFERSON LLP
1844 Harvard Street
Houston, Texas 77008
Telephone: (713) 523-2358
Facsimile: (713) 522-4553

John D. Sheppard
Texas Bar No. 24051331
jsheppard@morrowsheppard.com
MORROW SHEPPARD LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

ATTORNEYS FOR MILORAD
RAICEVIC

**CERTIFICATE OF SERVICE**

On September 2, 2020, I filed the foregoing electronically through the CM/ECF system.

I hereby certify that on September 2, 2020, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System to all parties registered or otherwise entitled to receive electronic notices.

*/s/William J. Boyce*
William J. Boyce