IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**APPLICATION OF DEBTORS FOR AUTHORIZATION TO RETAIN
AND EMPLOY JONES WALKER LLP AS SPECIAL COUNSEL FOR
DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases ("**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

**Background**

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4. On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. Additional information regarding the Debtors' business, capital structure, and circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").

**Jurisdiction and Venue**

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

8. By this Application, pursuant to sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors seek entry of an order authorizing the Debtors to retain and employ Jones Walker LLP ("**Jones Walker**" or the "**Firm**") as special counsel ("**Special Counsel**") in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date, to continue providing the legal services described below pursuant to the terms and conditions set forth in the engagement letter between certain Debtors, specifically Fieldwood Energy LLC, and Jones Walker, effective May 26, 2020, annexed hereto as **Exhibit A** ("the **Engagement Letter**").

9. In support of this Application, the Debtors submit the declaration of Mark A. Mintz, a partner of Jones Walker, which is attached hereto as **Exhibit B** (the "**Mintz Declaration**").

10. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit C** (the "**Proposed Order**").

**Jones Walker's Qualifications**

11. Jones Walker is a full service national law firm with approximately 350 lawyers in 13 offices throughout the United States. Jones Walker provides legal services in virtually every major practice area, including corporate, finance, securities, intellectual property, tax, litigation, and admiralty and maritime law. Jones Walker has several attorneys with practices concentrated on corporate reorganizations, bankruptcy, litigation, oil and gas, and commercial matters.

12. Pursuant to the Engagement Letter, Jones Walker began providing legal advice to the Debtors in May 2020 in connection with the Debtors' oil and gas matters, oil and gas regulatory advice, government affairs associated with discussions and negotiations with the United

States Department of the Interior and the Department of Justice, including representing Debtors in discussions with the Department of Interior and the Department of Justice on the extent of the Debtors' decommissioning liability, and other matters related to the Debtors' assets. Jones Walker is also currently representing certain of the Debtors with respect to several enforcement defense investigations and matters initiated by the Department of the Interior. As a result of its pre-petition representation of the Debtors, Jones Walker possesses an in-depth knowledge of these issues as they affect the Debtors' assets and liabilities. Accordingly, the Debtors believe Jones Walker is uniquely situated with the necessary background to address potentially related issues that may arise in the context of the Debtors' Chapter 11 Cases.

## Scope of Services

13. The services to be performed by Jones Walker are appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute their Chapter 11 Cases. Subject to further order of this Court and pursuant to the Engagement Letter, it is proposed that Jones Walker be employed to render and continue rendering the following professional services:

   a. oil and gas regulatory advices, particularly relating to the Debtors' restructuring efforts;

   b. legal advice regarding the Debtors' oil and gas contracts and assets;

   c. legal representation in civil and criminal regulatory enforcement actions;

   d. general legal advice regarding oil and gas, regulatory, and governmental relations matters; and

   e. related transactions or commercial agreements.

14. It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Jones Walker has stated its desire and willingness to act in these cases and

4

render the necessary professional services as Special Counsel for the Debtors. The employment of Jones Walker is in the best interests of the Debtors' estates.

15. In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: (i) Weil, Gotshal & Manges LLP, as counsel for the Debtors in these Chapter 11 Cases ("**Weil**"); (ii) Prime Clerk LLC, as the Debtors' claims, noticing, and solicitation agent; (iii) Houlihan Lokey Capital, Inc., as investment banker; and (iv) AlixPartners, LLP, as financial advisor. The Debtors may also need to retain additional professionals in connection with the administration of the Chapter 11 Cases. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

## No Duplication of Services

16. As described in the Mintz Declaration, Jones Walker will work with the Debtors' other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these Chapter 11 Cases to prevent duplication of services and ensure the case is administered in the most efficient fashion possible. In particular, Jones Walker will carefully coordinate with Weil, who is responsible for assisting with the various legal matters concerning these issues in the Chapter 11 Cases.

## Jones Walker's Connections to Parties-in-Interest

17. To the best of the Debtors' knowledge, neither Jones Walker nor its professionals hold any interest adverse to the Debtors or their respective estates with respect to the matter for which the firm is to be engaged within the meaning of section 327(e) of the Bankruptcy Code, except as may be set forth in the Mintz Declaration.

5

18. The Debtors have been informed that Jones Walker is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that Jones Walker discovers any additional connection with any interested party or enters into any new relationship with any interested party, Jones Walker will promptly supplement its disclosure to the Court.

## Professional Compensation

19. As set forth in the Mintz Declaration, for the 90 days prior to the Petition Date, Jones Walker received payments and advances from the Debtors in the aggregate amount of $513,723.50 for professional services, including a retainer of $50,000.00. As of the Petition Date, Jones Walker had a remaining balance on retainer of $2,138.37. Jones Walker intends to hold the balance on retainer for services rendered and expenses incurred subsequent to the Petition Date.

20. The Debtors understand and have agreed that Jones Walker hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the Petition Date.

21. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Jones Walker for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Mintz Declaration, and to reimburse Jones Walker according to its customary reimbursement policies. The Debtors respectfully submit that Jones Walker rates and policies stated in the Mintz Declaration are reasonable.

**Relief Requested Should Be Granted**

22. Section 327(e) of the Bankruptcy Code provides that with court approval, the Debtors:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

23. Retention of an attorney under section 327(e) does not call for the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See In re Garcia*, No. 16-10231, 2016 Bankr. LEXIS 4442, at *33 (Bankr. S.D. Tex. Dec. 22, 2016) ("[Section] 327(e) relaxes the conflict of interest standard of [section] 327(a) by not requiring special counsel to be disinterested . . . [but] allow[ing] counsel who has 'no adverse interest' to the debtor and the estate to 'render valuable services' as special counsel even if they cannot meet the disinterested standard." (internal citations omitted)); *see also Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) (indicating that special counsel employed under section 327(e) need only, among other things, avoid possessing a conflict of interest concerning the matter at hand).

24. In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406 (Bankr. D. Del. 2005)

(citations omitted); *see also Garcia*, No. 16-10231, 2016 Bankr. LEXIS 4442, at *18-19; *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) ("[W]here the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand.").

25. Additionally, pursuant to section 328(a) of the Bankruptcy Code, the Debtors "with the court's approval, may . . . authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on an retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.

26. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S. trustee.

Fed. R. Bankr. P. 2014(a).

27. The Debtors submit that, for all the reasons stated above and in the Mintz Declaration, the retention of Jones Walker as Special Counsel to the Debtors is warranted and in the best interest of the Debtors' estates. As required by Bankruptcy Rule 2014(a), the above-described facts set forth in the Application and the information in the exhibits attached hereto set forth: (i) the specific facts showing the necessity for Jones Walker's employment; (ii) the reasons for the Debtors' selection of Jones Walker as Special Counsel; (iii) the professional services proposed to be provided by Jones Walker; (iv) the arrangement between the Debtors and Jones

Walker with respect to Jones Walker's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (v) to the best of the Debtors' knowledge, the extent of Jones Walker's connections, if any, to certain parties in interest in these matters. Accordingly, Jones Walker's retention by the Debtors as Special Counsel should be approved.

### *Nunc Pro Tunc* Relief

28. The Debtors believe that the employment of Jones Walker, effective *nunc pro tunc* to the Petition Date, is warranted under the circumstances of the Chapter 11 Cases. Upon its retention, the Debtors requested Jones Walker to commence work immediately on time-sensitive matters and devote substantial resources to matters regarding potential restructurings and the bankruptcy filings related to these Chapter 11 Cases prior to the submission and approval of this Application. Thus, Jones Walker has provided, and will continue to provide, valuable services related to oil and gas, regulatory, and governmental relations work to the Debtors. Furthermore, Local Rule 2014-1(b)(1) provides that an application for approval of employment made within thirty (30) days of the commencement of the provision of services is deemed contemporaneous. Nonetheless, the Debtors are requesting *nunc pro tunc* approval out of an abundance of caution.

### Notice

29. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

### No Previous Request

30. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 2, 2020
       Houston, Texas

**FIELDWOOD ENERGY LLC**
(and each of its affiliated debtors as Debtors and Debtors in Possession)

*/s/ Michael T. Dane*
Name: Michael T. Dane
Title:  Senior Vice President & CFO

## Certificate of Service

I hereby certify that on September 2, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                     */s/ Alfredo R. Pérez*
                                                     Alfredo R. Pérez