IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | § Chapter 11 <br> § <br> § Case No. 20-33948 (MI) <br> § <br> § (Jointly Administered) <br> § <br> § Re: Docket No. _____ |
| FIELDWOOD ENERGY LLC, *et al.*, | |
| Debtors.[1] | |

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF JONES WALKER LLP AS SPECIAL COUNSEL FOR DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the *Application of Debtors for Authorization to Retain and Employ Jones Walker LLP as Special Counsel for Debtors Effective* Nunc Pro Tunc *to the Petition Date* (the "**Application**"),[2] of the Debtors for entry of an order pursuant to sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for authority to retain and employ Jones Walker as Special Counsel for the Debtors, effective *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon consideration of the Mintz Declaration; and this Court being satisfied, based on the representations made in the Application, and the Mintz Declaration, and as required under section 327(e) of the Bankruptcy Code, that Jones Walker represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized pursuant to sections 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Jones Walker as special counsel for oil and gas matters from the Petition Date in accordance with Jones Walker's normal hourly rates and disbursement policies, all as contemplated by the Application.

2. Jones Walker is authorized to render the following professional services:

    a. oil and gas regulatory advices, particularly relating to the Debtors' restructuring efforts;

    b. legal advice regarding the Debtors' oil and gas contracts and assets;

    c. legal representation in civil and criminal regulatory enforcement actions;

    d. general legal advice regarding oil and gas, regulatory, and governmental relations matters; and

    e. related transactions or commercial agreements.

3. Jones Walker shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses, and shall be subject to sections 328, 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any other applicable procedures and orders of the Court. For billing purposes, Jones Walker shall keep its time in one tenth (1/10) hour increments in accordance with the Fee Guidelines. Jones Walker also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with the Application and any interim and final fee applications to be filed by Jones Walker in these Chapter 11 Cases. All billing records filed in support of fee applications will use an open and searchable electronic data format and will use the U.S. Trustee's standard project categories.

4. Jones Walker shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5. Jones Walker shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

6. Notwithstanding anything to the contrary in the Application, Jones Walker shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of this Court.

7. Jones Walker shall provide seven (7) days' notice to the Debtors and the U.S. Trustee of any increase in Jones Walker's hourly rates as set forth in the Mintz Declaration. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. Jones Walker shall not charge a markup with respect to fees billed by contract attorneys who are hired by Jones Walker to provide services, and Jones Walker shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE