IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ALIXPARTNERS, LLP AS FINANCIAL ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application, dated September 2, 2020 (the "**Application**"),[2] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, (i) authorizing the Debtors to retain and employ AlixPartners, LLP ("**AlixPartners**") as financial advisor to the Debtors, effective as of the Petition Date and (ii) granting related relief, as more fully set forth in the Application; and upon consideration of the Castellano Declaration; and the Court having found that the terms and conditions of AlixPartners' engagement, including, but not limited to, the Fee and Expense Structure set forth in the Engagement letter and summarized in the Application are reasonable as required by section 328(a) of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Code; and the Court being satisfied, based on the representations made in the Application and Castellano Declaration, that AlixPartners is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that AlixPartners represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary for the Debtors' reorganization and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**

        1.    In accordance with sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain AlixPartners, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, attached as **Exhibit A** to the Application, and this Order.

2. The terms of the Engagement Letter, including without limitation, the Indemnification Provisions and the Fee and Expense Structure, are reasonable terms and conditions of employment and are approved in all respects, as modified by this Order.

3. AlixPartners is authorized to apply the Retainer and advanced payments to unpaid amounts to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation. Any balance of the Retainer shall be treated as an evergreen retainer as security for postpetition services and expenses.

4. AlixPartners shall file monthly, interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines and any applicable order of this Court. For billing purposes, AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

5. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

6. AlixPartners shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7. The Indemnification Provisions included in the Engagement Letter and its attachments are approved, subject during the pendency of these chapter 11 cases to the following:

> (a) AlixPartners shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

3

(b) The Debtors shall have no obligation to indemnify AlixPartners or provide contribution or reimbursement to AlixPartners for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from AlixPartners' gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to AlixPartners' gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which AlixPartners should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, AlixPartners must file an application therefor in this Court, and the Debtors may not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements, to AlixPartners. All parties in interest shall retain the right to object to any demand by AlixPartners for indemnification, contribution and/or reimbursement.

8. In the event that, during the pendency of these cases, AlixPartners seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in AlixPartners' fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that AlixPartners shall not seek reimbursement from the Debtors'

estates for any fees incurred in defending any of AlixPartners' fee applications in these bankruptcy cases.

9. To the extent that AlixPartners uses the services of independent contractors (the "**Independent Contractors**") in these chapter 11 cases, AlixPartners will pass-through the cost of such Independent Contractors to the Debtors at the same rate that AlixPartners pays the Independent Contractors. In addition, AlixPartners shall ensure that the Independent Contractors perform the conflict checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

10. Notice of this Application as provided therein constitutes good and sufficient notice of the Application.

11. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
      Houston, Texas

                                      THE HONORABLE MARVIN ISGUR
                                      UNITED STATES BANKRUPTCY JUDGE