IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § § | |
| | § | |

**MOTION OF DEBTORS FOR ORDER
AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN
ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. Commencing August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

(the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3. On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

4. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are an independent exploration and production ("**E&P**") company in the Gulf of Mexico. The Company is focused on the exploration and development of offshore oil and gas assets in the shallow water and deepwater Gulf of Mexico and the Gulf Coast region in the U.S.

5. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

**Jurisdiction**

6.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7.  Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors request entry of an order authorizing the Debtors to employ professionals retained in the ordinary course of business (the "**Ordinary Course Professionals**"), effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional.

8.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). Nonexclusive lists of Ordinary Course Professionals are annexed to the Proposed Order as **Exhibit 1** and **Exhibit 2**.

**Proposed Procedures for Employment of Ordinary Course Professionals**

9.  The Debtors seek to continue employing the Ordinary Course Professionals to provide a variety of professional services to their estates in the same manner and for the same or similar purposes as the Ordinary Course Professionals were employed before the Petition Date. These Ordinary Course Professionals provide a range of services to the Debtors relating to, among other things, actuary, employment, insurance, intellectual property, litigation, regulatory, environmental, securities, compensation, general corporate, transactional, real estate, tax, and other matters that have a direct and significant impact on the Debtors' day-to-day operations. Continued employment of these Ordinary Course Professionals is essential to avoid disruption to the Debtors' normal business operations and the cost, expense, and delay of securing replacement professionals.

3

10. The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of the Debtors' estates and creditors. The relief requested herein would save the Debtors the time and expense associated with applying separately to retain each Ordinary Course Professional and would prevent the Debtors from incurring additional fees for the preparation and prosecution of interim and final fee applications during these chapter 11 cases.

11. The Debtors propose the following Procedures:

(i) Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors will be authorized to employ the Ordinary Course Professionals listed on **Exhibit 1** and **Exhibit 2** annexed to the Proposed Order in accordance with the procedures set forth in the Proposed Order, effective as of the Petition Date.

(ii) Each Ordinary Course Professional will provide the Debtors' attorneys, within 20 days after the later of the date (a) of entry of the Proposed Order or (b) on which the Ordinary Course Professional commences services for the Debtors, a declaration substantially in the form annexed as **Exhibit 3** to the Proposed Order (the "**OCP Declaration**") certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

(iii) The Debtors' attorneys will file the OCP Declaration with the Court and serve a copy of each upon: (a) the United States Trustee for Region 7 (Attn: Hector Duran, Esq. and Stephen Statham, Esq.) (the "**U.S. Trustee**"); (b) counsel to the Creditors' Committee, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 (Attn: Kristopher M. Hansen, Esq.), and counsel to any other statutory committee appointed in these chapter 11 cases; and (c) counsel to the Ad Hoc Group of Secured Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.) (collectively, the "**Reviewing Parties**").

(iv) The Reviewing Parties will have 10 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

(v) If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved

pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order of the Court; *provided* that if an objection is served by the Objection Deadline and such objection cannot be resolved within 20 days, the Debtors will schedule the matter for a hearing before the Court.

(vi) The Debtors will be authorized to retain additional Ordinary Course Professionals throughout these cases; *provided* that each additional Ordinary Course Professional shall file an OCP Declaration with the Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

(vii) Subject to the foregoing and the payment caps described below, the Debtors will be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the Proposed Order in the same manner as such Ordinary Course Professional was compensated and reimbursed before the Petition Date, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices). The following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $150,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 1 Monthly Cap**") and may not exceed $2,000,000 over a rolling twelve-month period starting from the first full month after the Petition Date (the "**Tier 1 Yearly Cap**"); and

- For each Ordinary Course Professional set forth on **Exhibit 2** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $100,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 2 Monthly Cap**" and, together with the Tier 1 Monthly Cap, the "**Monthly Caps**") and may not exceed $600,000 over a rolling twelve-month period starting from the first full month after the Petition Date (the "**Tier 2 Yearly Cap**" and, together with the Tier 1 Yearly Cap, the "**Yearly Caps**").

5

(viii)     The Debtors may increase a Monthly Cap or Yearly Cap with the consent of the Creditors' Committee, any other statutory committee appointed in these chapter 11 cases, the U.S. Trustee and the Ad Hoc Group of Secured Lenders. Absent consent, the Debtors shall file a motion seeking Court authority to increase the Monthly Cap or Yearly Cap.

(ix)     The Debtors may (a) add Ordinary Course Professionals to the lists of Ordinary Course Professionals set forth on **Exhibit 1** and **Exhibit 2** of the Proposed Order, and (b) re-designate Ordinary Course Professionals as set forth on **Exhibit 1** and **Exhibit 2** of the Proposed Order with the consent of the Creditors' Committee, any other statutory committee appointed in these chapter 11 cases, the U.S. Trustee and the Ad Hoc Group of Secured Lenders.

(x)     To the extent an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Cap and/or Yearly Cap (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties and other parties in interest shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 20 days, the Debtors will schedule the matter for a hearing before the Court. To the extent an Ordinary Course Professional seeks compensation in excess of the applicable Yearly Cap, the Debtors shall file an application to employ such Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code, as applicable, and such Ordinary Course Professional's subsequent compensation shall be governed by the Court's order, if any, approving such Ordinary Course Professional's employment.

(xi)     At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending October 31, 2020, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (c) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (d) a general description of the services rendered by that Ordinary Course Professional.

12.     The Debtors reserve their rights to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time-to-time as the need arises.

### Court Should Approve Procedures

13.     Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code provides that, "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment[.]"  11 U.S.C. § 328(a).

14.     Under section 330(a)(1) of the Bankruptcy Code:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Finally, section 105(a) of the Bankruptcy Code allows the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  *See* 11 U.S.C. § 105(a).

15. Here, in light of the additional costs associated with the potential preparation of employment applications for Ordinary Course Professionals that will receive relatively modest fees, it is impractical and costly for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as would otherwise be required by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtors request that this Court implement the streamlined Procedures described herein in lieu of individual employment applications, retention orders, and fee applications for each Ordinary Course Professional.

16. Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the administration of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications.  Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and other orders of this Court.

17. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services provided to the Debtors, the Debtors do not believe that any Ordinary Course Professional has an interest materially adverse to the Debtors, their creditors, or other parties in interest in connection with the matters for which such Ordinary Course Professional is to be retained that should preclude such Ordinary Course Professional from continuing to represent the Debtors.  Thus, the Ordinary Course Professionals proposed to be retained should meet the special counsel retention requirement under section

327(e) of the Bankruptcy Code. Similar procedures and fee and expense caps were approved in other large and complex chapter 11 cases in this district. *See, e.g.*, *In re Neiman Marcus Grp. LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. June 25, 2020) (Docket No. 1009) (establishing monthly caps of $265,000 and $85,000); *In re Whiting Petroleum Corp.*, No. 20-32021 (DRJ) (Bankr. S.D. Tex. May 6, 2020) (Docket No. 258) (establishing monthly caps of $250,000 and $100,000); *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ) (Bankr. S.D. Tex. Nov. 15, 2018) (Docket No. 522) (establishing monthly caps of $200,000 per month, not to exceed $1,200,000 for the duration of the case, and $50,000 per month, not to exceed $300,000 for the duration of the case); *In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. Apr. 12, 2018) (Docket No. 447) (establishing monthly caps of $250,000 per month, not to exceed $2,500,000 on a rolling twelve-month period, and $75,000 per month, not to exceed $750,000 on a rolling twelve-month period); *In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Oct. 31, 2017) (Docket No. 375) (establishing monthly caps of $150,000 per month, not to exceed a $1,000,000 on a rolling twelve-month period; $100,000 per month, not to exceed $750,000 over a rolling twelve-month period; and $75,000 per month, not to exceed $600,000 on a rolling twelve-month period).

## Notice

18. Notice of this Application will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 3, 2020
      Houston, Texas

      /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
Email: Jessica.Liou@weil.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**Certificate of Service**

    I hereby certify that on September 3, 2020 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                                               /s/ *Alfredo R. Pérez*  
                                                                                                        Alfredo R. Pérez