IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| FIELDWOOD ENERGY, LLC, et al., | § | CASE NO. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**OIL STATES ENERGY SERVICES LLC'S LIMITED RESPONSE IN OPPOSITION TO THE EMERGENCY MOTION OF DEBTORS TO PAY PREPETITION INTEREST OWNER OBLIGATIONS JOINT INTEREST BILLINGS, AND E&P OPERATING EXPENSES AND (B) 503(B)(9) CLAIMS,AND (II) GRANTING RELATED RELIEF**
[Relates to Doc. No. 7]

Oil States Energy Services, LLC ("**Oil States**") a creditor in the above captioned proceeding, files this Limited Response in Opposition to the Emergency Motion of Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims, and (II) Granting Related Relief [Doc. No. 7] (the "**Motion**") and would respectfully show the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042 (the "**Debtors**").

## I.   PROCEDURAL BACKGROUND

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. On August 4, 2020, the Debtors filed the Motion.

3. On August 5,2020, an Interim Order granting the Motion was entered.

## II.   Jurisdiction

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.   FACTUAL BACKGROUND

5. Oil States provided good and services to Fieldwood Energy, LLC (the "**Debtor**") pre-petition. Specifically, the Debtor in 2013 acquired certain assets from Apache Corporation and its affiliates (collectively "**Apache**") located in the Gulf of Mexico. Oil States had a master services agreement with Apache at the time of the Debtor's acquisition. The Debtor and Oil States entered into a Master Services Contract dated as of November 1, 2013, under the terms of which Oil States was to provide goods and services substantially similar to those previously provided to Apache. Oil States was owed $637,784.46 as of the Petition Date.

## IV.   ARGUMENT

6. The Debtors represent in the Motion that it has $152.2 million in pre-petition E&P Operating Expenses consisting of GTP expenses, Capex, LOEs and Supplemental Workforce

4

Obligations.[1] Mot., at pps. 10-11, ¶26. The Debtors request in the Motion, among other things, the authority, but not the direction, to pay pre-petition E&P Operating Expenses in the amount of $152.2 million. Mot., at p. 11, ¶27. In other words, the Debtors are requesting the authority, but not the obligation, to pay 100% of the secured and unsecured claims arising from unpaid pre-petition E&P Operating Expenses.  However, there is no information as to which of the E&P Claimants they intend to pay or the amount.

7.  The Debtors represent that they will require any E&P Claimant receiving a payment to enter into a customary trade agreement on terms consistent with the historical practice between the parties. However, no information is provided as to what the terms of any such trade agreement will include.

8.  Oil States files this limited objection objecting only to the Debtor's request to pay Capex and LOEs (Oil States does not object to the payment of GTP expenses or the Supplemental Workforce Obligations). Oil States contends that there is no authority allowing a debtor the unfettered discretion to choose which pre-petition E&P expenses arising from operated wells in the amounts it chooses with no oversight from the Court or its creditors.

9.  The Debtors argue that the Court may grant the relief requested pursuant to section 363 of the Bankruptcy Code, which provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Mot. p. 15, ¶40. The Debtors do concede that the Debtors must show "…an articulated business justification for using, selling or leasing the property outside the ordinary course of business." Mot. at p. 15, ¶40 (citations omitted). However, the Debtors have not articulated a business reason for the authority to pay 100% of the Capex and LOEs whatsoever other than that liens may be potentially filed and that payment will ensure that the Debtors maintain strong relationships with the E&P Claimants and allow the Debtors to obtain necessary goods and

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the motion.

4

services, but the Debtors have not provided the criteria that they would consider in making the decision to pay selected E&P Claimants.

10. The Debtors also rely on section 1107(a) of the Bankruptcy Code imposing upon a debtor to protect and preserve the estate and section 105(a) of the Bankruptcy Code as authority for a Debtor to pay pre-petition claims. Mot. at p. 16, ¶41 (citations omitted). While it is true that motions to pay critical vendors are customarily granted in cases of this type, it is not true that there is customary to grant a debtor the authority to pay 100% of a class of trade creditors with no showing of a critical need for the payment to preserve the ongoing value of the estate.

22. The Debtors argue that courts in this district and others have routinely granted authority for debtors to pay similar obligations and cite seven cases filed in the Southern District of Texas as support: *See, e.g.*, *In re Ultra Petroleum Corp.*, No. 20-32631 (MI) (Bank. S.D. Tex. May 18, 2020) (Docket No. 121); *In re Whiting Petroleum Corp.*, No. 20-32021 (DRJ) (Bank. S.D. Tex. Apr. 1, 2020) (Docket No. 47); *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Oct. 4, 2019)(Docket No. 67); *In re Fieldwood Energy LLC, et al.*, No. 18-30648 (DRJ) (Bankr. S.D. Tex. March 13, 2018) (Docket No. 203); *In re Cobalt Int'l Energy, Inc.,* No. 1736709 (MI) (Bankr. S.D. Tex. Dec. 14, 2017) (Docket No. 60); *In re Energy XXI Ltd.,* No. 16-31928 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2016) (Docket No. 60); *In re Mem'l Prod. Partners LP*, No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017) (Docket No. 59). Mot. at pps. 16-17, ¶42. However, none of the debtors in those cases was granted the unfettered discretion to pay 100% of pre-petition E&P expenses from operated wells as far as Oil States can determine. All the relief granted in those cases with respect to pre-petition E&P Expenses for LOEs and Capex involved either non-operated E&P expenses or E&P claims for which there was the possibility of lien filings. The Debtors are not limiting the relief they have requested to those categories. If the Debtors are granted authority to pay 100% of the E&P Expenses involving Capex and LOEs from operated wells, the exception allowing payment of pre-petition claims will eat up the

4

general rule prohibiting them.

## V.   CONCLUSION

23. Oil States is hopeful that its objection to the Motion may be resolved prior the hearing on this Motion. In the event that an agreement is not reached, Oil States requests that the Motion be denied with respect to payment of Capex and LOEs E&P Expenses.

WHEREFORE, Oil States prays that the Motion be denied in part as requested herein and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Lisa A. Powell*
State Bar No. 16204215
FISHERBROYLES, LLP
2925 Richmond, Ave.,
Suite 1200
Houston, Texas 77098
(713) 955-3302
(713) 488-9412 (Fax)
lisa.powell@fisherbroyles.com

**ATTORNEYS FOR OIL STATES ENERGY SERVICES, LLC**

## **CERTIFICATE OF SERVICE**

I, Lisa A. Powell, do hereby certify that I caused the foregoing pleading to be served on those parties receiving electronic notification via the Court's CM/ECF System on September 7, 2020.

/s/ *Lisa A. Powell*
Lisa A. Powell