UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| REGIS SOUTHERN | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE: |
| EATON OIL TOOLS, INC, FIELDWOOD ENERGY, LLC, FIELDWOOD OFFSHORE, LLC, AND FIELDWOOD ENERGY SP, LLC. | * | MAGISTRATE |

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
(With Jury Demand)

NOW INTO COURT, through undersigned counsel, comes Complainant, **REGIS SOUTHERN**, a person of the full age of majority and a resident and domiciliary of Lafayette Parish, Louisiana, who with respect represents:

1.

This cause of action arises pursuant to the Admiralty and General Maritime Law, 28 USCA §1333, et seq.

2.

ALTERNATIVELY, and only in the event that this Court lacks admiralty jurisdiction with regards to the claims asserted herein against Defendants, which is expressly denied, then and only in that event, Complainant herein asserts the following claims under Louisiana law by way of the Outer Continental Shelf Lands Act and 28 USCA §1331.

3.

The following are made Defendants herein:

A. **EATON OIL TOOLS, INC**, domestic corporation licensed to do and doing business within the State of Louisiana and the jurisdiction of this Court, having its principal place of business in Lafayette Parish, Louisiana and which has appointed its registered agent for service of process; namely George Eaton, 301 Anslem Drive, Youngsville, Louisiana 70592, (sometimes hereinafter referred to as **"EATON"**);

B. **FIELDWOOD ENERGY, LLC.**, is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Texas, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Court, and it may be cited to appear and answer herein be serving its registered agent for service of process; namely Capital Corporate Services, Inc., 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana 70809 (sometimes hereinafter referred to as **"FIELDWOOD"**, collectively with Defendants, **FIELDWOOD ENERGY OFFSHORE, LLC and FIELDWOOD ENERGY SP, LLC**);

C. **FIELDWOOD ENERGY OFFSHORE, LLC.**, is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Texas, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Court, and it may be cited to appear and answer herein be serving its registered agent for service of process; namely Capital Corporate Services, Inc., 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana 70809 (sometimes hereinafter referred to as **"FIELDWOOD"**, collectively with Defendants, **FIELDWOOD ENERGY, LLC and FIELDWOOD ENERGY SP, LLC**); and

D. **FIELDWOOD ENERGY SP, LLC.**, is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Texas, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Court, and it may be cited to appear and answer herein be serving its registered agent for service of process; namely Capital Corporate Services, Inc., 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana 70809 (sometimes hereinafter referred to as **"FIELDWOOD"**, collectively with Defendants, **FIELDWOOD ENERGY, LLC and FIELDWOOD ENERGY OFFSHORE, LLC**).

which Defendants are justly and truly indebted to Complainant **REGIS SOUTHERN** in an amount not less than THREE-MILLION ($3,000,000.00) DOLLARS, for the following, to-wit:

4.

**FIELDWOOD** is, and was, at all times relevant herein, an offshore oil and gas company focused on the acquisition, and development of, mature oil and gas properties in the Gulf of Mexico.

5.

That, at all times relevant, **EATON** is, and was, engaged in providing fishing tool services, offshore tools and equipment to companies for their work off the Louisiana coast, among other places.

6.

That, at all times relevant herein, Complainant **REGIS SOUTHERN** was employed as a "offshore operator" by Hudson Services, Inc, (hereinafter referred to as "HUDSON"), and was then assigned to work on **FIELDWOOD**'s platform located at South Pass 75 in the Gulf of Mexico.

7.

That, at all times relevant herein, **FIELDWOOD** contracted with **EATON** to oversee the work and/or project, among others, and Hudson Services, Inc. to perform work on **FIELDWOOD**'s platform located at South Pass 75.

8.

That, on or about March 29, 2018, while in the course and scope of his employment as an offshore operator with Hudson Services, Inc, **REGIS SOUTHERN** was required by **FIELDWOOD** and **EATON** to perform his duties and severely injured his right shoulder when he attempted to lift the slips out of a hole during a fishing tool operation that was supposed to be performed with more personnel and/or lighter equipment.

9.

That, the injuries and damages suffered by **REGIS SOUTHERN** were caused by reason of the legal fault, negligence, carelessness, and omission of duty on the part of the Defendants, **FIELDWOOD** and **EATON**, without any legal fault, negligence, carelessness or omission of duty on the part of **REGIS SOUTHERN**, causing, or in any way contributing thereto.

10.

That, the legal fault, negligence, carelessness, and omission of duty on the part of Defendant, **FIELDWOOD** consisted of the following acts and omissions:

a. Failure to provide an adequate and sufficient crew in performing the tasks aforementioned;

b. Failure to provide safe and adequate equipment sufficient to perform the job safely;

c. Failure to exercise that degree of care necessary for the adequate protection and supervision of Complainant **REGIS SOUTHERN**;

d. Failure to supervise, educate and train its employees and/or those under its direct supervision properly;

e. Failure to provide and/or require the use of proper safety equipment on the subject platform;

f. Failure to take the necessary measures to avoid the accident which they knew or in the exercise of due and reasonable care, should have known was imminent;

g. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on said platform;

h. Failure to provide Plaintiff with adequate and timely medical care and attention;

i. Failure to warn Petitioner of the dangerous and unsafe conditions of the platform;

j. Failure to safely operate its platform with an obvious dangerous condition; and

k. Any and all other acts of negligence which may be proved at trial.

11.

That, the legal fault, negligence, carelessness, and omission of duty on the part of Defendant, **EATON** consisted of the following acts and omissions:

a. Failure to provide an adequate and sufficient crew in performing the tasks aforementioned;

b. Failure to provide safe and adequate equipment sufficient to perform the job safely;

c. Failure to exercise that degree of care necessary for the adequate protection and supervision of Complainant **REGIS SOUTHERN**;

d. Failure to supervise, educate and train its employees and/or those under its direct supervision properly;

e. Failure to provide and/or require the use of proper safety equipment on the subject platform;

f. Failure to take the necessary measures to avoid the accident which they knew or in the exercise of due and reasonable care, should have known was imminent;

g. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on said platform;

h. Failure to provide Plaintiff with adequate and timely medical care and attention;

i. Failure to warn Petitioner of the dangerous and unsafe conditions of the platform;

j. Failure to safely operate its platform with an obvious dangerous condition; and

k. Any and all other acts of negligence which may be proved at trial.

12.

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness, and omission of duty on the part of these Defendants, **REGIS SOUTHERN**, pleads and is entitled to rely upon the doctrine of *res ipsa loquitor*.

13.

Upon information and belief, Defendants knew, or exercising reasonable care, should have known, of the vices or defects mentioned in Paragraph 10 and 11 above.

14.

That, as a consequence of the legal fault, negligence, carelessness, and omission of duty on the part of these Defendants, **REGIS SOUTHERN**, sustained serious injury to his body and limbs, including, but not limited to, injuries to his right shoulder, ligaments, muscles, nervous system and other tissues of his body, all of which in the past required, and may in the future continue to require medicines, medical care and treatment; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has, in the past, been disabled from performing his usual duties, occupations and avocations.

15.

Further, as a result of the aforementioned injury Complainant has been unable to continue his occupation, has been unable to pursue substitute work, and has been handicapped in all of his activities. Additionally, he has incurred significant expenses for medical care, and will incur additional medical expenses in the future.

16.

That, as a direct result of the foregoing, Complainant, **REGIS SOUTHERN**, has suffered, is suffering and will continue to suffer damages, consisting of past and future physical pain and mental anguish and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of enjoyment of life, and past, and possibly, future medical expenses, in an amount of not less than THREE-MILLION AND NO/100 (3,000,000.00) DOLLARS, as nearly as the same can now be estimated.

17.

Petitioner alleges that the aforementioned acts of negligence and unseaworthiness have been wanton, willful and reckless and, as such, Defendants, **FIELDWOOD** and **EATON**, are liable for punitive damages, attorney's fees, litigation expenses, court costs and enhanced compensatory damages.

18.

Petitioner alleges that he is entitled to prejudgment interest for any monetary amount that may be rendered.

19.

Complainant desires a trial by jury on all of the issues of this case.

**WHEREFORE**, Complainant, **REGIS SOUTHERN,** prays that Defendants be served with a copy of this Complaint for Damages and that they be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, there be a judgment in favor of **REGIS SOUTHERN** against Defendants **EATON OIL TOOLS, INC, FIELDWOOD ENERGY, LLC, FIELDWOOD ENERGY OFFSHORE, LLC,** and **FIELDWOOD ENERGY SP, LLC,** jointly, severally and in solido in the full and true sum of THREE-MILLION AND NO/100 ($3,000,000.00) dollars, as nearly as the same can now be estimated, together with all costs, legal interest, punitive damages and all just and equitable relief.

Respectfully submitted,

**ERROL L. CORMIER, APLC**


**ERROL L. CORMIER**
Bar Roll No. 22024
1538 West Pinhook Road, Suite 101
Lafayette, Louisiana 70503
(337) 237-2100
errol@errolcormier.com
Attorney for Complainant,
**REGIS SOUTHERN**