

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
09/08/2020

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**CORRECTED ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING SETTLEMENT BY AND AMONG FIELDWOOD ENERGY LLC, HOACTZIN PARTNERS L.P., THE HOACTZIN TRUSTEE, AND OTHER PARTIES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] filed August 7, 2020, of the above-captioned Debtors for entry of an Order (a) authorizing Fieldwood Energy LLC's ( "**FWE**") entry into and approving the Settlement reflected in the stipulation and agreed order (the "**Stipulation and Agreed Order**") by and among FWE; and Anne Burns, the trustee (the "**Trustee**") appointed in the chapter 7 case of Hoactzin Partners, L.P. ("**Hoactzin**"); Lexon Insurance Company, Inc. (the "**Surety**"); Omimex Petroleum, Inc.; Continental Land & Fur Co., Inc.; Ridgewood Energy Corporation; McMoRan Oil & Gas LLC; White Oak Resources VI, LLC; Exxon Mobil Corporation (collectively, with FWE the "**Working Interest Owners**") (and together with Surety, (the "**Paying Entities**")) and Peter Salas as Principal of Hoactzin and Indemnitor of Lexon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Insurance Group, Inc. (the "**Principal**" and together with FWE, Trustee, Surety, and Working Interest Owners (the "**Parties**")), attached hereto as **Exhibit 1**, and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Declaration of Brandon DeWolfe in Support of Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement By and Among Fieldwood Energy LLC, Hoactzin Partners L.P., the Hoactzin Trustee, and Other Parties and (II) Granting Related Relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is fair, reasonable, and in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Settlement is hereby approved and FWE is authorized to enter into the Stipulation and Agreed Order.

2.      FWE is authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement in

accordance with the terms, conditions, and agreements set forth in the Stipulation and Agreed Order, including entry into the Stipulation and Agreed Order, all of which are hereby approved.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: September 08, 2020

Marvin Isgur
United States Bankruptcy Judge

**Exhibit 1**

**Stipulation and Agreed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| _____ | § | |
| In re: | § | Chapter 7 |
| | § | |
| HOACTZIN PARTNERS, L.P., | § | Case No. 19-33545-sgj |
| | § | |
| Debtor. | § | |
| _____ | § | |

## **STIPULATION AND AGREED ORDER**

Anne Burns, Chapter 7 Trustee ("Trustee") of Hoactzin Partners, L.P. ("Debtor") in the above Chapter 7 case ("Chapter 7 Case") and Lexon Insurance Company, Inc. ("Surety"), Fieldwood Energy, LLC, Omimex Petroleum, Inc., Continental Land & Fur Co., Inc., Ridgewood Energy Corporation, McMoRan Oil & Gas LLC, White Oak Resources VI, LLC, Exxon Mobil Corporation ("Working Interest Owners") (and together with Surety, ("Paying Entities")) and Peter Salas as Principal of the Debtor and Indemnitor of Lexon Insurance Group, Inc. ("Principal" and together with Trustee, Surety and Working Interest Owners ("Parties")), hereby enter into this Stipulation and Agreed Order ("Stipulation and Agreed Order").

The Parties Stipulate and Agree as follows:

WHEREAS, on October 26, 2019, the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title XI of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas ("Court");

WHEREAS, on February 12, 2020, the Chapter 11 case was converted to a Chapter 7 case and Anne Burns was appointed as Chapter 7 Trustee;

WHEREAS, the Parties agree that the Court has jurisdiction over this Stipulation and Agreed Order pursuant to 28 U.S.C §1334; that this matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2); and that venue of the Chapter 7 Case and related proceedings is proper in this district pursuant to 28 U.S.C. §§1408 and 1409;

WHEREAS, the Parties confirm consent pursuant to Bankruptcy Rule 7008 to the entry of this Stipulation and Agreed Order by the Court to the extent that it is later determined that the Court, absent consent of the Parties, cannot enter final Orders on Judgments in connection herewith consistent with Article III of the United States Constitution;

WHEREAS, the Parties have subsequently engaged in good faith, arms-length negotiations which resulted in the Stipulation and Agreed Order;

WHEREAS, the Debtor and, while the case remains open, its Trustee has the duty pursuant to 28 U.S.C. §959(b) to comply with state and federal laws, including the plugging and abandonment and decommissioning requirements regulated by the United States Department of the Interior under the following leases, Right-Of-Use Easements, and Right-of-Way:

| Property Type & No. | Block/Area |
|---|---|
| Lease OCS-G 25007 | Block 62, West Delta Area |
| Lease OCS-G 06168 | Block 196, High Island Area |
| Lease OCS-G 34831 | Block 145, Ship Shoal Area |
| Lease OCS-G 11984 | Block 159 Ship Shoal Area[1] |
| RUE OCS-G 30307 | Block 176, High Island Area |
| RUE OCS-G 30290 | Block 176, High Island Area |
| RUE OCS-G 30275 | Block 144, Ship Shoal Area[2] |
| ROW OCS-G 29226 | Block 176, High Island Area |
| ROW OCS-G 26945 | Block 176, High Island Area |
| ROW OCS-G 28745 | Block 144, Ship Shoal Area |

hereinafter each referred to individually as a "GOM Obligation" and collectively as the "GOM Obligations"[3];

WHEREAS, on June 4, 2020, the United States Department of the Interior, through its regulatory bodies of BSEE and BOEM served its determination that the Debtor failed to comply with the requirements of the GOM Obligations to perform decommissioning obligations ("Claims") within one year, and ordered the forfeiture of the bonds the Debtor obtained from Surety, unless the Debtor or its Surety can demonstrate in writing within fourteen (14) days that it will bring the GOM Obligations into compliance;

---

[1] "SS 159"
[2] "SS 144"
[3] For the avoidance of doubt (and notwithstanding anything to the contrary), it is understood that the GOM Obligations addressed herein shall include any remaining liabilities pertaining to Lease OCS-G 26064 and Lease OCS-G 11984.

WHEREAS, the Working Interest Owners and the United States Department of the Interior understand that the GOM Obligations listed above constitute the entire scope of the Debtor's decommissioning obligations;

WHEREAS, Trustee has been negotiating with various decommissioning vendors and the Parties to obtain an agreed Turnkey Contract to complete the necessary plugging and abandonment and decommissioning of all of the Debtor's GOM Obligations with an agreed payment schedule to be voluntarily paid to the Trustee by the Surety, the Working Interest Owners, and Peter Salas;

WHEREAS, the agreed payment allocation schedule is attached hereto as Exhibit A;

WHEREAS, once fully funded, the Trustee will administer, oversee, and pay the cost of the plugging and abandonment and decommissioning of the GOM Obligations as follows:

A. As advised by her counsel and Court-approved professionals, the Trustee will pay in the ordinary course as the work is completed by Chet Morrison Contractors LLC ("Morrison") up to the Morrison Base Bid Amount totaling $7,648,496.00;

B. In addition to the Morrison Base Bid Amount, the Parties have agreed, subject to paragraph 6 below, to include in the total funding to the Trustee a 25% Contingency Reserve to cover necessary and required contingent work beyond the Morrison base scope of work and above the Morrison Base Bid Amount (the "Contingency Reserve"). In order for the Trustee to pay Morrison for any costs from the Contingency Reserve, Morrison must (1) deliver such request to the Trustee in writing (a "Contingency Reserve Request"), (2) Petrostream must approve the Contingency Reserve Request as outside the Morrison Base Bid Amount, and (3) Petrostream must distribute the Contingency Reserve Request (along with Petrostream's written approval) for notice

purposes only to each Paying Entity on the applicable GOM Obligation via email to the parties identified in the annexed Notice Parties List;

C.  Subject to and in accordance with paragraph 6 below, the balance of the Contingency Reserve, as related to each GOM Obligation, at the successful completion of the work related to such GOM Obligation will be redistributed to the Paying Entities by the Trustee in proportion to and taking into account how any Contingency Reserve funds were applied to such GOM Obligation;

D.  Subject to and in accordance with paragraph 7 below, in addition to the Morrison Base Bid Amount and the Contingency Reserve, the Parties have agreed to include in the total funding to the Trustee amounts to cover administrative expenses, including Petrostream, LP's fees and expenses (collectively, the "Administrative Costs Fund");

E.  Subject to and in accordance with paragraph 7 below, any remaining balance of the Administrative Costs Fund at the successful completion of all work, and upon payment by the Trustee of all fees and expenses approved by the Court, will be redistributed *pro rata* to the Paying Entities by the Trustee;

F.  Subject to paragraphs 6 and 7 below, the Trustee shall notify all the Paying Entities (10) ten days in advance before she returns any funds to any Paying Entities in order to give the Paying Entities the opportunity to review such proposed return payments;

G.  Any dispute by Morrison, the Trustee, or the Paying Entities concerning the amount and/or nature of any payments under this Stipulation shall be submitted as a Bankruptcy Rule 9014 Contested Matter to be finally resolved by the Court upon at least 21 days' notice.

WHEREAS, the Parties have agreed, subject to approval of the Court, each of the Paying Entities associated with each GOM Obligation shall receive a full and complete release of any liability from the Trustee, the estate and all other potential creditors (not including the United States and specifically the Department of the Interior) in any way related to the Claims related to or arising out of such satisfied GOM Obligation as provided herein;

WHEREAS, the Parties now desire to enter into this Stipulation and Agreed Order solely on the terms and conditions set forth herein;

WHEREAS, the undersigned hereby represent and warrant that they have full authority to execute the Stipulation and Agreed Order on behalf of the respective parties, and the respective parties have full knowledge of and have consented to, this Stipulation and Agreed Order;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AND HEREBY ORDERED THAT:**

1.     The foregoing recitals are hereby incorporated by reference into this Stipulation and Agreed Order as if set forth at length herein.

2.     The Paying Entities and Peter Salas shall each pay to the Trustee the agreed upon allocated payment in full for such Party as shown on the attached Exhibit A on the later of (a) ten (10) days after the entry by the Court of this Stipulation and Agreed Order; (b) the date on which the Morrison contract (or other contract acceptable to the Trustee and the Paying Entities) is fully executed; or (c) the date on which an order is entered authorizing and approving Fieldwood Energy LLC's ("Fieldwood") participation and payment in this Stipulation and Agreed Order in Fieldwood's chapter 11 bankruptcy case (Case No. 20-33948 pending in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division).

3.      The "Release Date" as it relates to any particular GOM Obligation shall mean the date upon which the Department of the Interior communicates that the value of the remaining outstanding obligations associated with any particular GOM Obligation is zero; provided that, the Trustee shall file with the Bankruptcy Court a notice of the occurrence of the Release Date, substantially in the form as Exhibit B, within five (5) days upon learning or receiving notice that a Release Date has occurred regarding each particular GOM Obligation.  Upon the occurrence of the Release Date as to any particular GOM Obligation, subject to the limitation contained in paragraph 10,  the Trustee, the Debtor's estate, and any other creditors related in any way to the Claims related to or arising out of such GOM Obligation (other than Peter Salas), on behalf of themselves, their heirs, representatives and assigns, do hereby fully, finally, and forever waive, release, and/or discharge the Paying Entities and each of their respective current and former heirs, successors, assigns, affiliates, parents, subsidiaries, assignors, predecessors, and any current or former officers, directors, shareholders, associates, employees, attorneys, agents, and other representatives of any of the foregoing, from the Claims related to or arising out of such GOM Obligation (whether prepetition unsecured, priority or administrative) and from any and all manner of claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, setoffs, liabilities, or any obligations of any kind whatsoever (however denominated), fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulations, ordinance, contract, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to

any injuries that the Trustee, the Debtor's estate, and any other creditors have alleged or could have alleged in any action. For the avoidance of doubt, The Department of the Interior ("Interior") or any other Federal Governmental Unit shall not be considered an "other creditor" for purposes of this Order.

4.     In addition to the release set forth in paragraph 3, upon payment by Fieldwood of the amounts allocated to it on the agreed payment allocation schedule is attached hereto as Exhibit A, including any Overage (as defined below), the Trustee, Debtor's estate, Surety, and Salas, on behalf of themselves, their heirs, representatives and assigns, do hereby fully, finally, and forever waive, release any and all of Fieldwood's predecessors-in-interest and/or assignors, including but not limited to Apache Corporation, from any claims, debts demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, setoffs, liabilities, or any obligations of any kind whatsoever (however denominated), fees, costs, penalties, damages, whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory, or common law, in equity, or on any other law, rule, regulations, ordinance, contract, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to the GOM Obligations or other amounts due in connection with or arising under Lease OSC-G 34831, Block 145, Ship Shoal Area.

5.     Notwithstanding anything to the contrary in this Order or any related document, nothing shall affect, waive, or limit (i) the decommissioning obligations set forth in the Outer Continental Shelf Lands Act, 43 U.S.C. 1331 et seq., and its implementing regulations found in, among other places, 30 C.F.R. Part 250 subpart Q and 30 C.F.R. Part 556, and any other regulatory

obligations as determined by Interior, that must be met by the Parties on the Federal Leases going forward or Interior's enforcement thereof; or (ii) Interior's regulatory authority under applicable laws and regulations; or (ii) the authority of any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

6.     The Contingency Reserve will be allocated by the Trustee to each of the ten GOM Obligations in proportion to the Morrison Base Bid for each GOM Obligation as provided in Exhibit A. Upon successful completion of the plugging, abandonment, and decommissioning requirements of any GOM Obligation, the Trustee shall promptly refund *pro rata* any unused portion of the Contingency Reserve allocated to the particular GOM Obligation so completed after providing the Paying Entities ten days' notice as described in paragraph F above.

7.     Upon successful completion of the plugging, abandonment, and decommissioning requirements of all GOM Obligations, and upon payment by the Trustee of all fees and expenses approved by the Court, the Trustee shall promptly refund *pro rata* any unused portion of the Administrative Costs Fund to the Paying Entities after providing the Paying Entities ten days' notice as described in paragraph F above.

8.     The Trustee shall not be entitled to collect a statutory commission on any funds refunded to any Paying Entity under this Stipulation and Agreed Order.

9.     It is understood and agreed by Principal that the payment allocation set forth in Exhibit A is correct and accurate.  It is further understood and agreed by Principal that Surety's allocated payment, less a $500,000.00 payment by Principal which will be credited against the total amount of loss, as defined by the General Agreement of Indemnity, sustained by Surety shall be fully securitized by Principal in a manner acceptable to both Surety and Principal.

10.     If the cost of completing the plugging, abandonment, or decommissioning of a particular GOM Obligation is expected to exceed both the Morrison Base Bid Amount plus the allocated Contingency Reserve (an "Overage"), and the Trustee is not able to work out an agreement to cover the Overage with the appropriate Paying Entities, the Trustee may file a motion with the Court requesting payment from one or more Paying Entities who may be responsible for their share of the Overage for that particular GOM Obligation.  Except as set forth in paragraph 4 above, any Paying Entity responsible in whole or in part for the particular GOM Obligation under applicable non-bankruptcy law shall continue to be responsible under applicable non-bankruptcy law with the Trustee standing in the Debtor's shoes; all parties reserve their rights under this paragraph, and no parties' rights under applicable non-bankruptcy law shall be altered, amended, or adjusted in any way to the extent that this paragraph applies except as explicitly stated in this Stipulation and Agreed Order.  Except as set forth in paragraph 4 above, if, after the Release Date, any Paying Entity, the Debtor or Trustee is notified by any governmental entity that further work is required on any GOM Obligation due to alleged problems resulting from a failure to perform decommissioning work properly or fully and that results in further plugging, abandonment, and/or decommissioning work being required on a GOM Obligation, notwithstanding the release provided in paragraph 3, any Paying Entity responsible in whole or in part for the particular GOM Obligation under applicable non-bankruptcy law shall continue to be responsible under applicable non-bankruptcy law; all parties reserve their rights under this paragraph, and no Paying Entities' rights to seek contribution under applicable non-bankruptcy law for such subsequent obligation shall be altered, amended, or adjusted in any way.

11.     The Trustee shall provide to the Paying Entities such periodic reports as are customary in the industry for ongoing decommissioning work, as requested by each such Paying

Entity; provided that, McMoRan Oil & Gas LLC has requested (and the Trustee will provide through Morrison and/or Petrostream) customary daily reporting pertaining to SS 144 and SS 159. The Trustee, Morrison, and Petrostream shall further work in good faith with the Paying Entities and Peter Salas regarding the manner in which any work is completed including providing customary daily reports during work. Notwithstanding anything to the contrary, time is of the essence regarding the completion of the decommissioning work and all Paying Entities reserve the right to request relief from the Bankruptcy Court to the extent that such decommissioning work is not completed in a timely and prudent manner.

12. Nothing in this Stipulation and Agreed Order shall be deemed to expand, alter, or amend the rights and obligations of any Paying Entity under applicable non-bankruptcy law. No Paying Entity shall incur liability arising from any activities, communications, agreements, contracts, subcontracts, operations, preparations, payments, non-payments, or work performed or not performed (by any person or entity) on or relating to Leases, Rights-of-Use Easements, and/or Rights of Way that do not pertain to the respective Paying Entity's interests or former interests.

13. Subject to paragraph 14 below, each Working Interest Owner shall be deemed to have an administrative claim under Bankruptcy Code sections 503(b)(1)(A) and 507(a)(2) not to exceed the following amounts for such Working Interest Owner's payment of the Debtor's obligations to pay insurance, the bankruptcy administrative costs, and the fees to Petrostream as actual, necessary costs and expenses of preserving the estate (the "Working Interest Owner Administrative Claims"):

|  | Exxon | Ridgewood | Fieldwood | Omimex | Cont. Land | White Oak | McMoRan |
|---|---|---|---|---|---|---|---|
| Insurance renewal | 9,373 | 187 | 13,639 | 11,701 | 2,224 | 1,483 | 13,825 |
| Petrostream | 15,577 | 312 | 22,666 | 19,445 | 3,696 | 2,464 | 22,974 |
| Bankruptcy admin cost -8% | 29,923 | 598 | 43,541 | 37,354 | 7,099 | 4,733 | 44,134 |
| **Total Admin Fee** | **54,874** | **1,097** | **79,847** | **68,501** | **13,019** | **8,679** | **80,933** |

In order to be entitled to payment, each Working Interest Owner shall file a request for payment of administrative expense within 30 days of the date the Trustee files her final notice of occurrence of the Release Date for the last GOM Obligation completed under this Stipulation.

14.     The Working Interest Owner Administrative Claims shall be subordinated only to payments owed to the Trustee, her court-approved professionals, and amounts required to maintain adequate insurance.  To the extent that funds are available to pay some, but not all of the Working Interest Owner Administrative Claims, the Trustee shall pay the Working Interest Owner Claims on a pro rata basis amongst the Working Interest Owners identified in paragraph 13. Notwithstanding anything to the contrary contained in this Stipulation, nothing contained in this Stipulation shall be deemed to expand, reduce, alter, or amend the DIP Interim Borrowing Order entered by this Court on October 30, 2019 at Docket No. 14.

15.     No Chapter 7 Trustee's commission or fees of the Trustee's professionals shall be charged against the Contingency Reserve without the consent of the affected Paying Entity or approval by the Court after notice and hearing to all affected Paying Entities.

16.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Bankruptcy Local Rule for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") that might otherwise delay the effectiveness of this Stipulation and Agreed Order is hereby waived, and the terms and conditions of this Stipulation and Agreed Order shall be effective and enforceable immediately upon its entry.

17.     This Stipulation and Agreed Order contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Agreed Order. The terms set forth in this Stipulation and Agreed Order are part of a comprehensive compromise, and each term of this Stipulation and Agreed Order is an integral aspect of the agreed compromise and is non-severable.

18.     This Stipulation and Agreed Order shall not be modified, altered, amended or supplemented except by a writing executed by the Parties or their authorized representatives.

19.     This Stipulation and Agreed Order shall be effective immediately upon approval by the Court.

20.     Neither this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall constitute evidence admissible against the Parties in any action or proceeding other than one (a) to obtain approval of and to enforce this Stipulation and Agreed Order; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay has been modified to allow pursuit of the Claims in accordance with the terms hereof.

21.     The Court shall retain exclusive jurisdiction (and the Claimants consent to such retention of exclusive jurisdiction) to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

22.     Peter Salas, along with any entity in which he or Dolphin Direct Equity Partners, L.P. or Dolphin Shared MGMT Services, LLC owns a 20% equity interest, is hereby given a credit of $500,000 toward any liability on any claim the Trustee may bring against him in this case.

23.     The Trustee agrees that she will be a co-plaintiff, either in the United States District Court for the Southern District of Texas or this Court, in the dispute between Hoactzin and Omimex over their respective interests in the Ship Shoal 145 lease currently pending before the

United States District Court for the Southern District of Texas (the "Omimex Litigation"). Omimex retains its right to object to the removal of the Omimex Litigation and/or contest this Court's jurisdiction of the Omimex Litigation.

**\* \* \*   END OF ORDER \* \* \***

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.**<br><br>_Charles B. Hendricks_ (signature)<br>_____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>_Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee_ | **HARRIS BEACH PLLC**<br><br>_____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>_Attorneys for Lexon Insurance Company_ |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_Anne Burns, Trustee_ (signature) | **LEXON INSURANCE COMPANY**<br><br><br>**By** _____ |
| **FIELDWOOD ENERGY, LLC**<br><br><br>By: _____ | **PETER SALAS**<br><br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br><br>By: _____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br><br>By: _____ |
| **RIDGEWOOD ENERGY CORPORATION**<br><br><br>By: _____ | **MCMORAN OIL & GAS LLC**<br><br><br>By: _____ |

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.** | **HARRIS BEACH PLLC** |
| _____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>*Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee* | _____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>*Attorneys for Lexon Insurance Company* |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br>Jeremy T. Sentman<br>Senior Vice President<br><br>By _____ |
| **FIELDWOOD ENERGY, LLC**<br><br>By:_____ | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br>By:_____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By:_____ |
| **RIDGEWOOD ENERGY CORPORATION**<br><br>By:_____ | **MCMORAN OIL & GAS LLC**<br><br>By:_____ |

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.** | **HARRIS BEACH PLLC** |
| _____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>*Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee* | _____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>*Attorneys for Lexon Insurance Company* |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br><br>By_____ |
| **FIELDWOOD ENERGY, LLC**<br><br>By:_____ | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br>By:_____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By:_____ |
| **RIDGEWOOD ENERGY CORPORATION**<br><br>By:_____ | **MCMORAN OIL & GAS LLC**<br><br>By:_____ |

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.** | **HARRIS BEACH PLLC** |
| _____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>_Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee_ | _____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>_Attorneys for Lexon Insurance Company_ |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br><br><br>**By**_____ |
| **FIELDWOOD ENERGY, LLC***<br><br>By:__Thomas R. Lamme_____<br><br>*Fieldwood Energy LLC's signature and agreement is contingent upon the entry of an order in Case No. 20-33948 pending in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division approving its entry into this Stipulation & Agreed Order | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br>By:_____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By:_____ |

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.** | **HARRIS BEACH PLLC** |
| _____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>_Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee_ | _____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>_Attorneys for Lexon Insurance Company_ |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br><br><br>**By** _____ |
| **FIELDWOOD ENERGY, LLC**<br><br>By: _____ | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br>By: _____<br>Bradley Ross<br>Vice President | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By: _____ |
| **RIDGEWOOD ENERGY CORPORATION**<br><br>By: _____ | **MCMORAN OIL & GAS LLC**<br><br>By: _____ |

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.**<br><br>_____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>*Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee* | **HARRIS BEACH PLLC**<br><br>_____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>*Attorneys for Lexon Insurance Company* |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br><br><br>By _____ |
| **FIELDWOOD ENERGY, LLC**<br><br><br>By:_____ | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br><br>By:_____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By:_____<br>R. Paul Loveless<br>President & CEO |
| **RIDGEWOOD ENERGY CORPORATION**<br><br><br>By:_____ | **MCMORAN OIL & GAS LLC**<br><br><br>By:_____ |

**STIPULATED AND AGREED:**

| **CAVAZOS HENDICKS POIROT, P.C.** | **HARRIS BEACH PLLC** |
|---|---|
| _____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>*Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee* | _____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>*Attorneys for Lexon Insurance Company* |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br><br><br>**By**_____ |
| **FIELDWOOD ENERGY, LLC**<br><br>By:_____ | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br>By:_____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By:_____ |
| **RIDGEWOOD ENERGY CORPORATION**<br><br>By:_____<br>    Daniel Gulino<br>    Sr. Vice President, Legal Affairs<br>    & Secretary | **MCMORAN OIL & GAS LLC**<br><br>By:_____ |

Page **15** of **17**

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CAVAZOS HENDICKS POIROT, P.C.** | **HARRIS BEACH PLLC** |
| _____<br>Charles B. Hendricks<br>Emily S. Wall<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7307<br><br>*Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee* | _____<br>Lee E. Woodard<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202<br>Tel.: (315) 423-7100<br><br>*Attorneys for Lexon Insurance Company* |
| **ANNE ELIZABETH BURNS, CHAPTER 7 Trustee for HOACTZIN PARTNERS, LP**<br><br>_____ | **LEXON INSURANCE COMPANY**<br><br><br>By_____ |
| **FIELDWOOD ENERGY, LLC**<br><br>By:_____ | **PETER SALAS**<br><br>_____<br>Peter Salas, as Principal of the Debtor and Indemnitor of Lexon Insurance Company |
| **OMIMEX PETROLEUM, INC.**<br><br>By:_____ | **CONTINENTAL LAND & FUR CO., INC.**<br><br>By:_____ |
| **RIDGEWOOD ENERGY CORPORATION**<br><br>By:_____ | **MCMORAN OIL & GAS LLC**<br><br>By: *[signature]*<br>Randy W Williams, Attorny in fact for McMoRan Oil & Gas LLC |

| WHITE OAK RESOURCES VI, LLC | EXXON MOBIL CORPORATION |
|---|---|
| By: _____ | By: _____ |
| R. Michael Rayburn, Jr.,<br>Executive Vice President | |

| WHITE OAK RESOURCES VI, LLC | EXXON MOBIL CORPORATION |
|---|---|
| By:_____ | By:_____<br>Keith Matocha<br>Agent and Attorney-in-Fact |

## Notice Parties List[4]

| | |
|---|---|
| **Trustee**<br>Anne Elizabeth Burns<br>aburns@chfirm.com<br>Chuck Hendricks<br>chuckh@chfirm.com<br>Emily Wall<br>ewall@chfirm.com | **McMoRan Oil & Gas LLC**<br>Todd R. Cantrall<br>tcantral@fmi.com<br>Randy Williams<br>rww@bymanlaw.com |
| **Petrostream**<br>Drew Hunger<br>texasfight@comcast.net | **Lexon Insurance Company**<br>Lee Woodard<br>lwoodard@harrisbeach.com<br>Jeremy Sentman<br>jsentman@sompo-intl.com |
| **Fieldwood Energy, LLC**<br>Robert Sergesketter<br>robert.sergesketter@fwellc.com<br>Robert Paddock<br>rpaddock@buckkeenan.com | **Peter Salas**<br>Peter Salas<br>psalas@dolphinasset.com<br>Gerritt Pronske<br>gpronske@pronskepc.com |
| **Omimex Petroleum, Inc.**<br>Robert Paddock<br>rpaddock@buckkeenan.com | **Ridgewood Energy Corporation**<br>Edward Viterbo<br>eviterbo@ridgewoodenergy.com<br>Daniel Gulino<br>dgulino@ridgewood.com |
| **Continental Land & Fur Co., Inc.**<br>Bradford Laperouse<br>blaperouse@glllaw.com<br>**Andy Adams**<br>aadams@glllaw.com | **Exxon Mobil Corporation**<br>George Rizzo<br>george.j.rizzo@exxonmobil.com<br>Mark Staff<br>mark.w.staff@exxonmobil.com |
| **White Oak Resources VI, LLC**<br>Shawn Barnhart<br>sbarnhart@whiteoakenergy.com | |

---

[4] Any party identified in the Notices Parties List may update its contact information by contacting the Trustee and her counsel. Except as otherwise ordered by the Court, the Trustee shall keep and maintain an updated Notice Parties List until all obligations provided under the Stipulation and Agreed Order have been completed and any party identified hereunder will be provided a copy of any updated Notice Parties List by contacting the Trustee or her counsel.

**Hoactzin Partners, LP Case No. 19-33545-sgj7 -- Exhibit A to Stipulation and Agreed Order**

**Allocation of Payments by Paying Parties**

Ver. 5  7/17/20

| | Morrison Base Bid | Hoactzin | Exxon | Ridgewood | Fieldwood | Omimex | Cont. Land | White Oak | McMoRan |
|---|---|---|---|---|---|---|---|---|---|
| **HI 176 A** | | | | | | | | | |
| Platform maintenance | 25,600 | | | | | | | | |
| 4-pile platform | 750,782 | | | | | | | | |
| Platform Prep | 113,553 | | | | | | | | |
| Site Clearance | 92,675 | | | | | | | | |
| Pipeline Decommissioning | | | | | | | | | |
| Segment #19050 | 164,480 | | | | | | | | |
| | 1,147,090 | 854,582 | 286,773 | 5,735 | | | | | |
| **HI 176 B** | | | | | | | | | |
| Well P&A | | | | | | | | | |
| B001 | 515,492 | | | | | | | | |
| B002 | 500,813 | | | | | | | | |
| B003 | 500,813 | | | | | | | | |
| Platform maintenance | 25,600 | | | | | | | | |
| 4 Pile-Platform | 612,383 | | | | | | | | |
| Platform Prep | 102,312 | | | | | | | | |
| Site Clearance | 92,675 | | | | | | | | |
| Pipeline Decommissioning | | | | | | | | | |
| Segment #8933 | 211,507 | | | | | | | | |
| | 2,561,595 | 2,561,595 | | | | | | | |
| **SS 145** | | | | | | | | | |
| Well P&A | | | | | | | | | |
| E001 | 508,154 | | | | | | | | |
| E002 | 500,813 | | | | | | | | |
| Platform maintenance | 25,600 | | | | | | | | |
| Tripod | 379,771 | | | | | | | | |
| Platform Prep | 49,302 | | | | | | | | |
| Site Clearance | 65,433 | | | | | | | | |
| Pipeline Decommissioning | | | | | | disputed | | | |
| Segment #14554 | 222,174 | | | | | 328,359 | | | |
| | 1,751,247 | 1,554,232 | | | 197,015 | | | | |
| **SS 144/159** | | | | | | | | | |
| Well P&A | | | | | | | | | |
| API 177114143701 | 508,154 | | | | | | | | |
| Platform maintenance | 25,600 | | | | | | | | |
| Caisson#1 | 485,984 | | | | | | | | |
| Platform Prep | 130,775 | | | | | | | | |
| Site Clearance | 81,893 | | | | | | | | |
| Pipeline Decommissioning | | | | | | | | | |
| Segment #14995 | 185,011 | | | | | | | | |
| | 1,417,417 | 495,600 | | | 220,267 | 165,200 | 68,036 | 45,357 | 422,957 |
| **WD 62 D** | | | | | | | | | |
| Platform maintenance | 25,600 | | | | | | | | |
| Tripod w/ Caisson | 634,635 | | | | | | | | |
| Platform Prep | 39,801 | | | | | | | | |
| Site Clearance | 71,111 | | | | | | | | |
| | 771,147 | 578,360 | | | | 192,787 | | | |
| Totals | 7,648,496 | 6,044,369 | 286,773 | 5,735 | 417,282 | 357,987 | 68,036 | 45,357 | 422,957 |
| relative percentages of total | 100.00% | 79.03% | 3.75% | 0.07% | 5.46% | 4.68% | 0.89% | 0.59% | 5.53% |
| 25% Contingency fund | 1,912,124 | 1,511,092 | 71,693 | 1,434 | 104,320 | 89,497 | 17,009 | 11,339 | 105,739 |
| Insurance renewal | 250,000 | 197,567 | 9,373 | 187 | 13,639 | 11,701 | 2,224 | 1,483 | 13,825 |
| Petrostream | 415,450 | 328,317 | 15,577 | 312 | 22,666 | 19,445 | 3,696 | 2,464 | 22,974 |
| Bankruptcy admin cost -8% | 798,086 | 630,702 | 29,923 | 598 | 43,541 | 37,354 | 7,099 | 4,733 | 44,134 |
| **TOTAL DUE FROM EACH** | | **8,712,049** | **413,339** | **8,267** | **601,449** | **515,984** | **98,064** | **65,376** | **609,629** |
| | | | | | | | | | 11,024,157 |
| Apache deposit | | 492,316 | | | | | | | |
| Peter Salas to pay | | 500,000 | | | | | | | |
| **Lexon to pay** | | **7,719,733** | | | | | | | |

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| _____ | § | |
| In re: | § | Chapter 7 |
| | § | |
| HOACTZIN PARTNERS, L.P., | § | Case No. 19-33545-sgj |
| | § | |
| Debtor. | § | |
| _____ | § | |

**Notice of Occurrence of Release Date as to [Describe GOM Obligation]**

Please take notice that on _____, 2020, the Bankruptcy Court entered and approved a certain Stipulation and Agreed Order pertaining to certain decommissioning obligations in the Gulf of Mexico (as defined therein, the "GOM Obligations");

Please take further notice that on [Date Release Date Occurred] the "Release Date" relating to the [Describe GOM Obligation] occurred as described in the Stipulation and Agreed Order.

**Dated: _____, 2020**

**Respectfully submitted,**

**CAVAZOS HENDICKS POIROT, P.C.**

_____
Charles B. Hendricks
Emily S. Wall
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7307

*Attorneys for Anne Elizabeth Burns, Chapter 7 Trustee*

United States Bankruptcy Court
Southern District of Texas

In re:                                                                    Case No. 20-33948-mi
Fieldwood Energy LLC                                                       Chapter 11
Dynamic Offshore Resources NS, LLC
       Debtors

## CERTIFICATE OF NOTICE

District/off: 0541-4        User: TylerLaws        Page 1 of 3           Date Rcvd: Sep 08, 2020
                           Form ID: pdf002         Total Noticed: 65

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 10, 2020.
db          +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
              Houston, TX 77042-3623
db          +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,    s,    Houston, TX 77042-3623
db          +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
              Houston, TX 77042-3623
db          +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db          +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
              Houston, TX 77042-3623
aty         +Clark Hill Strasburger,    Attn: Duane J. Brescia,    720 Brazos, Suite 700,
              Austin, TX 78701-2531
aty         +Donna T Parkinson,    Parkinson Phinney,    3600 American River Dr,    Suite 145,
              Sacramento, CA 95864-5960
aty         +Emile Joseph, Jr.,    Allen & Gooch,    P O Box 81129,    Lafayette, LA 70598-1129
aty         +Petro Amigos Supply, Inc.,    c/o Wayne Kitchens,    Total Plaza,    1201 Louisiana, 28th Floor,
              Houston, TX 77002-5607
aty         +Ronald Savoie,    Jackson & Jackson, P.L.L.C.,    111 Founders Drive, Suite 400,
              Baton Rouge, LA 70810-8959
cr          +A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC,    c/o Andrew A Braun,
              Gieger Laborde & Laperouse, LLC,    Suite 4800, 701 Poydras Street,    New Orleans, LA 70139,
              US 70139-7756
cr          +Aker Solutions Inc.,    Bruce J. Ruzinsky,    1401 McKinney Street,    Suite 1900,
              Houston, TX 77010-4037
intp        +Apache Corporation,    Hunton Andrews Kurth LLP,    Attn: Robin Russell,    600 Travis Street,
              Suite 4200,    Houston, TX 77002-2929
cr          +Archrock Services, LP,    16666 North Chase Dr.,    Houston, TX 77060-6014
cr          +Aspen American Insurance Company,    c/o Randall A. Rios,    Husch Blackwell LLP,
              600 Travis Street, Suite 2350,    Houston, TX 77002-2629
cr          +Bedrock Petroleum Consultants, LLC,    c/o Bradley,    Attn: James B. Bailey,
              1819 Fifth Avenue North,    Birmingham, AL 35203-2120
cr          +Broussard Brothers, Inc.,    501 S. Main St.,    Abbeville, LA 70510,    US 70510-6508
cr          +C-Dive, L.L.C.,    c/o Leann O. Moses,    1100 Poydras Street,    Suite 3100,
              New Orleans, LA 70163-1102
cr          +CETCO Energy Services Company, LLC,    c/o The Derbes Law Firm, LLC,    3027 Ridgelake Dr.,
              Metairie, LA 70002-4924
cr          +DLS, LLC,    P.O. Box 309,    Lydia, LA 70569-0309
cr          +Discovery Gas Transmission LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,
              320 South Boston Avenue,    Suite 200,    Tulsa, OK 74103-3705
cr          +Diversified Well Logging, LLC,    c/o Dore Rothberg McKay, PC,    17171 Park Row, Suite 160,
              Houston, TX 77084-4927
cr          +Everest Reinsurance Company,    c/o Randall A. Rios,    Husch Blackwell LLP,
              600 Travis Street, Suite 2350,    Houston, TX 77002-2629
cr          +Gulfstar One LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,    320 South Boston Avenue,
              Suite 200,    Tulsa, OK 74103-3705
intp        +Helis Oil & Gas Company, LLC,    c/o J. David Forsyth,    400 Poydras Street, Suite 2550,
              New Orleans, LA 70130-3292
cr          +JX Nippon Oil Exploration (U.S.A.) Limited,    c/o GIEGER, LABORDE & LAPEROUSE, L.L.C.,
              5151 SAN FELIPE, SUITE 750,    Houston, TX 77056-3646
cr          +Lexon Insurance Company and Endurance American Ins,    Harris Beach PLLC,
              c/o Lee E. Woodard, Esq.,    333 West Washing St., Ste. 200,    Syracuse, NY 13202-5202
cr          +Martin Energy Services LLC,    c/o Robert P. Franke,    Clark Hill Strasburger,
              901 Main St., Suite 6000,    Dallas, TX 75202-3748
cr          +Milorad Raicevic,    3701 Kirby Drive, Suite 1000,    Houston, TX 77098-3928
op          +Prime Clerk LLC,    One Grand Central Place,    60 East 42nd Street,    Suite 1440,
              New York, NY 10165-1446
intp         Railroad Commission of Texas,    c/o Office of the Attorney General,
              Bankruptcy & Collections Division,    P. O. Box 12548,    Austin, TX 78711-2548
cr          +Red Willow Offshore, LLC,    c/o Barnet B. Skelton, Jr.,    815 Walker, Suite 1502,
              Houston, TX 77002-5832
cr          +Regis Southern,    c/o Reese Baker,    950 Echo Lane Ste 300,    Houston, TX 77024-2824
cr          +SBM Gulf Production LLC,    c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
              Hockley, TX 77447-0549
cr          +Seitel Data, Ltd.,    c/o Duane J. Brescia,    Clark Hill Strasburger,    720 Brazos, Suite 700,
              Austin, TX 78701-2531

```
cr              +Sheldon Independent School District,   c/o Owen M. Sonk,   PBFCM, LLP,
                 1235 N. Loop W., Suite 600,   Houston, TX  77008-1772
cr              +Sheldon Independent School District, et al,   c/o Owen M. Sonik,   PBFCM, LLP,
                 1235 N. Loop W., Ste 600,   Houston, TX 77008-1772
intp            +TC Oil Louisiana, LLC,   c/o Wick Phillips Attn: Jason Rudd,   3131 McKinney Ave., Suite 100,
                 Dallas, TX 75204-2430
cr              +TGS AP Investments AS,   c/o Andrew A Braun,   Geiger Laborde & Laperouse, LLC,
                 Suite 4800, 701 Poydras Street,   New Orleans, LA 70139-7756
cr              +TGS-NOPEC Geophysical Company,   c/o Andrew A Braun,   Gieger, Laborde & Laperouse, LLC,
                 Suite 4800, 701 Poydras St.,   New Orleans, LA  70139,   US 70139-7756
cr              +TGS Geophysical Company ASA,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
                 Suite 4800, 701 Poydras Street,   New Orleans, LA 70139,   US 70139-7756
intp            +Tana Exploration Company, LLC,   c/o Wick Phillips Attn: Jason Rudd,
                 3131 McKinney Ave., Suite 100,   Dallas, TX 75204-2430
cr              +Tetra Applied Technologies, Inc.,   c/o Zachary S. McKay,   Dore Rothberg McKay, P.C.,
                 17171 Park Row, Suite 160,   Houston, TX 77084-4927
cr              +Transcontinental Gas Pipe Line Company, LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
                 320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr              +U.S. Specialty Insurance Company,   c/o Locke Lord LLP,   ATTN: Philip Eisenberg,
                 600 Travis Street, Suite 2800,   Houston, TX 77002-2914
cr              +WFS Liquids LLC,   c/o Steven W. Soule',   Hall, Estill, et al.,   320 South Boston Avenue,
                 Suite 200,   Tulsa, OK 74103-3705
cr              +Westerngeco LLC,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
                 Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
cr              +Williams Field Services-Gulf Coast Company LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
                 320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr              +Zurich American Insurance Company,   c/o Duane Brescia,   720 Brazos Street,   Suite 700,
                 Austin, TX 78701-2531
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 08 2020 22:09:08    Cypress-Fairbanks ISD,
                 Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
                 Houston, Tx  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 08 2020 22:09:08    Galveston County,
                 Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
                 Houston, TX  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 08 2020 22:09:08    Harris County,
                 Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   PO Box 3064,
                 Houston, TX  77253-3064
cr              +E-mail/Text: bankruptcy@islandoperating.com Sep 08 2020 22:09:42
                 Island Operating Company Inc,   770 S Post Oak Lane,   Suite 400,   Houston, TX 77056-6666
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 08 2020 22:09:08    Jefferson County,
                 Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   P.O. Box 3064,
                 Houston, TX  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 08 2020 22:09:08    Matagorda County,
                 Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   Post Office Box 3064,
                 Houston, TX  77253-3064
cr              +E-mail/Text: pwp@pattiprewittlaw.com Sep 08 2020 22:08:56    Plains Gas Solutions,
                 c/o Law Ofc Patricia Williams Prewitt,   10953 Vista Lake Ct.,   Navasota, TX  77868,
                 UNITED STATES 77868-6981
                                                                                   TOTAL: 7
```

```
                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              A-Port LLC
cr              Acadian Contractors, Inc
cr              Ad Hoc Group of Secured Lenders
cr              Archrock Partners Operating, LLC and Archrock Serv
cr              CCG Services (U.S.) Inc.
cr              CNOOC Petroleum Offshore U.S.A. Inc.
cr              CTD Legacy LLC
intp            Cantor Fitzgerald Securities, as DIP Agent
cr              Chevron U.S.A. Inc.
cr              Diverse Safety & Scaffolding, LLC
cr              Ecopetrol America LLC
intp            Eni Petroleum US LLC
intp            Eni US Operating Co. Inc.
cr              ExxonMobil Corporation
intp            Facilities Consulting Group, LLC
cr              Florida Gas Transmission Company, LLC
cr              Goldman Sachs Bank USA
cr              Halliburton Energy Services, Inc.
cr              Intracoastal Liquid Mud, Inc.,   UNITED STATES
intp            Kilgore Marine
cr              Lavaca County
cr              Liberty Mutual Insurance Company
cr              Linear Controls, Inc.
cr              Live Oak CAD
cr              Louisiana Safety Systems, Inc.
intp            Manta Ray Offshore Gathering Company, L.L.C.
intp            Nautilus Pipeline Company, L.L.C.
```

District/off: 0541-4          User: TylerLaws          Page 3 of 3          Date Rcvd: Sep 08, 2020
                             Form ID: pdf002          Total Noticed: 65

```
             ***** BYPASSED RECIPIENTS (continued) *****
cr            Oceaneering International Inc.
cr            Oil States Energy Services, LLC
cr            Partco, LLC
cr            Philadelphia Indemnity Insurance Company
cr            R360 Environmental Solutions, LLC
intp          RLI Insurance Company
cr            Renaissance Offshore, LLC
cr            Republic Helicopters, Inc.
cr            Rio Grande City CISD
cr            Samson Contour Energy E & P, LLC
cr            Samson Offshore Mapleleaf, LLC
cr            Sea Robin Pipeline Company, LLC
cr            Starr County
cr            State of Louisiana, Department of Natural Resource
cr            Stingray Pipeline Company, LLC
intp          Subsea 7 LLC
cr            The Hanover Insurance Company
crcm          The Official Committee of Unsecured Creditors
cr            Trunkline Gas Company, LLC
cr            U.S. Department of the Interior
cr            W&T Offshore, Inc.
cr            XTO Energy, Inc.
                                                      TOTALS: 49, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2020                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 8, 2020 at the address(es) listed below:
NONE.                                                                         TOTAL: 0