

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
09/14/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE
THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN
EXISTING BUSINESS FORMS, (C) CONTINUE INTERCOMPANY
ARRANGEMENTS, AND (D) CONTINUE UTILIZING CORPORATE
CREDIT CARDS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated August 4, 2020 (the "**Motion**"),[2] of Fieldwood Energy LLC ("**Fieldwood Energy**") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of interim and final orders (i) authorizing the Debtors to (a) continue to operate their Cash Management System and maintain the Bank Accounts listed on **Schedule 1** annexed to *Interim Order (i) Authorizing Debtors to (a) Continue their Existing Cash Management System, (b) Maintain Existing Business Forms, (c) Continue Intercompany Arrangements, and (d) Continue Utilizing Corporate Credit Cards; and (ii) Granting Related Relief* (Docket No. 49 (the "**Interim Order**"), (b) maintain their existing Business Forms, (c) continue Intercompany Transactions, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(d) continue utilizing Corporate Credit Cards and pay all obligations related thereto, each in the ordinary course of business and consistent with the Debtors' prepetition practices; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 363(b), 363(c) and 105(a) of the Bankruptcy Code, to continue to maintain, and manage their cash pursuant to, the Cash Management System; to collect, concentrate and disburse cash in accordance with the Cash Management System, including Intercompany Transactions between the Debtors and other Debtors or Non-Debtor Affiliates; and to make ordinary course changes to their Cash Management System without further order of the Court; *provided* that the Debtors shall provide reasonable

notice to the U.S. Trustee, the Ad Hoc Group of Secured Lenders, and any statutory committee appointed in these chapter 11 cases of any material changes to the Cash Management System.

2. Pursuant to section 105(a) of the Bankruptcy Code, the Banks are authorized and directed to continue to honor transfers, as directed by the Debtors, of funds among the Bank Accounts.

3. The Debtors are authorized to (i) designate, maintain, and continue to use any or all of their existing Bank Accounts, including those listed on **Schedule 1** annexed to the Interim Order, in the names and with the account numbers existing immediately before the Petition Date, (ii) to the extent of available funds, deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

4. The Debtors are authorized, but not directed, to continue using, and performing their obligations under, the Corporate Credit Cards and to pay any amounts owing with respect thereto, including any amounts relating to the prepetition period.

5. The Debtors are authorized to open new bank accounts and close any existing Bank Accounts in the ordinary course of business, so long as (a) any such new account is with a bank that is (i) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, and (iii) agrees to be bound by the terms of this Interim Order, and (b) the Debtors provide notice to the U.S. Trustee, the Ad Hoc Group of Secured Lenders, and any statutory

3

committee appointed in these cases; *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Final Order, be deemed a Bank Account as if it had been listed on **Schedule 1** annexed to the Interim Order; *provided, further*, that such opening or closing shall be timely indicated on the Debtors' monthly operating reports.

6. Any Bank with which the Debtors maintained Bank Accounts as of the Petition Date is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Bank Fees for the maintenance of the Cash Management System and charge back returned items to the Bank Accounts in the ordinary course.

7. The Banks shall not be liable to any party on account of: (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (ii) the honoring of any prepetition checks, drafts, wires, or ACH transfers in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wires, or ACH transfers; or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

8. Those certain existing deposit agreements and Corporate Credit Card agreements between the Debtors, on the one hand, and the applicable Banks, on the other hand, shall continue to govern the postpetition cash management relationship between such parties, and

all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

9. The Debtors are authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to engage in the Intercompany Transactions in the ordinary course of business; *provided*, that the Company shall provide the Ad Hoc Group of Secured Lenders and any statutory committee appointed in these chapter 11 cases a minimum of five (5) days' notice prior to completing (i) any Intercompany Transactions involving non-Debtor Affiliates, other than in connection with capital calls to Fieldwood Mexico, or (ii) transfers to fund capital calls to Fieldwood Mexico, in excess of $5 million, if reasonably practicable.

10. All Intercompany Claims against one Debtor by another Debtor or a Non-Debtor Affiliate arising after the Petition Date as a result of Intercompany Transactions shall be accorded administrative expense priority status in accordance with sections 503(b) of the Bankruptcy Code. For the avoidance of doubt, the relief granted in this Final Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, or status or any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen, and the Debtors expressly reserve any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen.

11. The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date. The Debtors shall make such records

5

available upon reasonable request by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases on a confidential and professionals' eyes only basis.

12. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until November 2, 2020, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; provided that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

13. The Debtors are authorized to use their existing Business Forms, *provided*, that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as reasonably practicable to do so, and *provided further,* that with respect to any Business Forms that exist or are generated electronically, the Debtors shall use reasonable efforts to ensure that such electronic Business Forms are labeled "Debtor In Possession."

14. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (i) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**"), and/or (ii) authorizing the Debtors' use of cash

collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Final Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

15. Except as otherwise provided herein, nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to the Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

16. The official committee of unsecured creditors appointed by the U.S. Trustee (the "**Creditors' Committee**") reserves the right to seek recovery for any Intercompany Transactions to Non-Debtor Affiliates and the Debtors reserve all rights to challenge any such actions made by the Creditors' Committee.

17. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

18. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Signed: September 14, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                                Case No. 20-33948-mi
Fieldwood Energy LLC                                                  Chapter 11
Dynamic Offshore Resources NS, LLC
     Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4        User: TylerLaws          Page 1 of 3          Date Rcvd: Sep 14, 2020
                            Form ID: pdf002          Total Noticed: 67

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 16, 2020.
```
db         +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
             Houston, TX 77042-3623
db         +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,    s,   Houston, TX 77042-3623
db         +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
             Houston, TX 77042-3623
db         +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,    Houston, TX 77042-3623
db         +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,    Suite 1200,
             Houston, TX 77042-3623
aty        +Clark Hill Strasburger,    Attn: Duane J. Brescia,    720 Brazos, Suite 700,
             Austin, TX 78701-2531
aty        +Donna T Parkinson,    Parkinson Phinney,    3600 American River Dr,    Suite 145,
             Sacramento, CA 95864-5960
aty        +Emile Joseph, Jr.,    Allen & Gooch,    P O Box 81129,    Lafayette, LA 70598-1129
aty        +Petro Amigos Supply, Inc.,    c/o Wayne Kitchens,    Total Plaza,    1201 Louisiana, 28th Floor,
             Houston, TX 77002-5607
aty        +Ronald Savoie,    Jackson & Jackson, P.L.L.C.,    111 Founders Drive, Suite 400,
             Baton Rouge, LA 70810-8959
cr         +A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC,    c/o Andrew A Braun,
             Gieger Laborde & Laperouse, LLC,    Suite 4800, 701 Poydras Street,    New Orleans, LA  70139,
             US 70139-7756
cr         +Aker Solutions Inc.,    Bruce J. Ruzinsky,    1401 McKinney Street,    Suite 1900,
             Houston, TX 77010-4037
intp       +Apache Corporation,    Hunton Andrews Kurth LLP,    Attn: Robin Russell,    600 Travis Street,
             Suite 4200,    Houston, TX 77002-2929
cr         +Archrock Services, LP,    16666 North Chase Dr.,    Houston, TX 77060-6014
cr         +Aspen American Insurance Company,    c/o Randall A. Rios,    Husch Blackwell LLP,
             600 Travis Street, Suite 2350,    Houston, TX 77002-2629
cr         +Bedrock Petroleum Consultants, LLC,    c/o Bradley,    Attn: James B. Bailey,
             1819 Fifth Avenue North,    Birmingham, AL 35203-2120
cr         +Broussard Brothers, Inc.,    501 S. Main St.,    Abbeville, LA  70510,    US 70510-6508
cr         +C-Dive, L.L.C.,    c/o Leann O. Moses,    1100 Poydras Street,    Suite 3100,
             New Orleans, LA 70163-1102
cr         +CETCO Energy Services Company, LLC,    c/o The Derbes Law Firm, LLC,    3027 Ridgelake Dr.,
             Metairie, LA 70002-4924
cr         +DLS, LLC,    P.O. Box 309,    Lydia, LA 70569-0309
cr         +Discovery Gas Transmission LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,
             320 South Boston Avenue,    Suite 200,    Tulsa, OK 74103-3705
cr         +Diversified Well Logging, LLC,    C/O Dore Rothberg McKay, PC,    17171 Park Row, Suite 160,
             Houston, TX 77084-4927
cr         +Everest Reinsurance Company,    c/o Randall A. Rios,    Husch Blackwell LLP,
             600 Travis Street, Suite 2350,    Houston, TX 77002-2629
cr          Gibson Applied Technology & Enginnering,    1630 Park Ten Place,    Suite 206,
             Houston, TX  77084
cr         +Gulfstar One LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,    320 South Boston Avenue,
             Suite 200,    Tulsa, OK 74103-3705
intp       +Helis Oil & Gas Company, LLC,    c/o J. David Forsyth,    400 Poydras Street, Suite 2550,
             New Orleans, LA 70130-3292
cr         +JX Nippon Oil Exploration (U.S.A.) Limited,    c/o GIEGER, LABORDE & LAPEROUSE, L.L.C.,
             5151 SAN FELIPE, SUITE 750,    Houston, TX 77056-3646
cr         +Lexon Insurance Company and Endurance American Ins,    Harris Beach PLLC,
             c/o Lee E. Woodard, Esq.,    333 West Washing St., Ste. 200,    Syracuse, NY 13202-5202
cr         +Martin Energy Services LLC,    c/o Robert P. Franke,    Clark Hill Strasburger,
             901 Main St., Suite 6000,    Dallas, TX 75202-3748
cr         +Milorad Raicevic,    3701 Kirby Drive, Suite 1000,    Houston, TX 77098-3928
op         +Prime Clerk LLC,    One Grand Central Place,    60 East 42nd Street,    Suite 1440,
             New York, NY 10165-1446
intp        Railroad Commission of Texas,    c/o Office of the Attorney General,
             Bankruptcy & Collections Division,    P. O. Box 12548,    Austin, TX  78711-2548
cr         +Red Willow Offshore, LLC,    c/o Barnet B. Skelton, Jr.,    815 Walker, Suite 1502,
             Houston, TX 77002-5832
cr         +Regis Southern,    c/o Reese Baker,    950 Echo Lane Ste 300,    Houston, TX 77024-2824
cr         +SBM Gulf Production LLC,    c/o Ken Green,    Snow Spence Green LLP,    P O Box 549,
             Hockley, TX 77447-0549
```

```
District/off: 0541-4           User: TylerLaws              Page 2 of 3                   Date Rcvd: Sep 14, 2020
                               Form ID: pdf002              Total Noticed: 67


cr              +Seitel Data, Ltd.,    c/o Duane J. Brescia,    Clark Hill Strasburger,    720 Brazos, Suite 700,
                  Austin, TX 78701-2531
cr              +Sheldon Independent School District,    c/o Owen M. Sonk,    PBFCM, LLP,
                  1235 N. Loop W., Suite 600,   Houston, TX 77008-1772
cr              +Sheldon Independent School District, et al,    c/o Owen M. Sonik,    PBFCM, LLP,
                  1235 N. Loop W., Ste 600,   Houston, TX 77008-1772
intp            +TC Oil Louisiana, LLC,    c/o Wick Phillips Attn: Jason Rudd,    3131 McKinney Ave., Suite 100,
                  Dallas, TX 75204-2430
cr              +TGS AP Investments AS,    c/o Andrew A Braun,    Geiger Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras Street,   New Orleans, LA 70139-7756
cr              +TGS-NOPEC Geophysical Company,    c/o Andrew A Braun,    Gieger, Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras St.,   New Orleans, LA  70139,   US 70139-7756
cr              +TGS-NOPEC Geophysical Company ASA,    c/o Andrew A Braun,    Gieger Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
intp            +Tana Exploration Company, LLC,    c/o Wick Phillips Attn: Jason Rudd,
                  3131 McKinney Ave., Suite 100,   Dallas, TX 75204-2430
cr              +Tetra Applied Technologies, Inc.,    c/o Zachary S. McKay,    Dore Rothberg McKay, P.C.,
                  17171 Park Row, Suite 160,   Houston, TX 77084-4927
cr              +Transcontinental Gas Pipe Line Company, LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,
                  320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr              +U.S. Specialty Insurance Company,    c/o Locke Lord LLP,    ATTN: Philip Eisenberg,
                  600 Travis Street, Suite 2800,   Houston, TX 77002-2914
cr              +WFS Liquids LLC,    c/o Steven W. Soule',    Hall, Estill, et al.,    320 South Boston Avenue,
                  Suite 200,   Tulsa, OK 74103-3705
cr              +Westerngeco LLC,    c/o Andrew A Braun,    Gieger Laborde & Laperouse, LLC,
                  Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
cr              +Williams Field Services-Gulf Coast Company LLC,    c/o Steven W. Soule,    Hall, Estill, et al.,
                  320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr              +Zurich American Insurance Company,    c/o Duane Brescia,    720 Brazos Street,    Suite 700,
                  Austin, TX 78701-2531

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              +E-mail/Text: bnkatty@aldineisd.org Sep 14 2020 23:04:49     Aldine ISD,    Legal Department,
                  2520 WWThorne Dr.,   Houston, TX 77073-3406
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:58      Cypress-Fairbanks ISD,
                  Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    P.O. Box 3064,
                  Houston, Tx  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:58      Galveston County,
                  Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    P.O. Box 3064,
                  Houston, TX  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:58      Harris County,
                  Linebarger Goggan Blair & Sampson LLP,    C/O John P. Dillman,    PO Box 3064,
                  Houston, TX  77253-3064
cr              +E-mail/Text: bankruptcy@islandoperating.com Sep 14 2020 23:04:37
                  Island Operating Company Inc,    770 S Post Oak Lane,    Suite 400,    Houston, TX 77056-6666
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:58      Jefferson County,
                  Linebarger Goggan Blair & Sampson LLP,    c/o John P. Dillman,    P.O. Box 3064,
                  Houston, TX  77253-3064
cr               E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:58      Matagorda County,
                  Linebarger Goggan Blair & Sampson LLP,    c/o John P. Dillman,    Post Office Box 3064,
                  Houston, TX  77253-3064
cr              +E-mail/Text: pwp@pattiprewittlaw.com Sep 14 2020 23:03:42     Plains Gas Solutions,
                  c/o Law Ofc Patricia Williams Prewitt,    10953 Vista Lake Ct.,    Navasota, TX  77868,
                  UNITED STATES 77868-6981
                                                                                              TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               A-Port LLC
cr               Acadian Contractors, Inc
cr               Ad Hoc Group of Secured Lenders
cr               Archrock Partners Operating, LLC and Archrock Serv
cr               CCG Services (U.S.) Inc.
cr               CNOOC Petroleum Offshore U.S.A. Inc.
cr               CTD Legacy LLC
intp             Cantor Fitzgerald Securities, as DIP Agent
cr               Chevron U.S.A. Inc.
cr               Diverse Safety & Scaffolding, LLC
cr               Ecopetrol America LLC
intp             Eni Petroleum US LLC
intp             Eni US Operating Co. Inc.
cr               ExxonMobil Corporation
intp             Facilities Consulting Group, LLC
cr               Florida Gas Transmission Company, LLC
cr               Goldman Sachs Bank USA
cr               Halliburton Energy Services, Inc.
cr               Intracoastal Liquid Mud, Inc.,   UNITED STATES
intp             Kilgore Marine
cr               Lavaca County
cr               Liberty Mutual Insurance Company
cr               Linear Controls, Inc.
```

```
District/off: 0541-4           User: TylerLaws            Page 3 of 3                   Date Rcvd: Sep 14, 2020
                               Form ID: pdf002            Total Noticed: 67

                     ***** BYPASSED RECIPIENTS (continued) *****
cr              Live Oak CAD
cr              Louisiana Safety Systems, Inc.
intp            Manta Ray Offshore Gathering Company, L.L.C.
intp            Nautilus Pipeline Company, L.L.C.
cr              Oceaneering International Inc.
cr              Oil States Energy Services, LLC
cr              Partco, LLC
cr              Philadelphia Indemnity Insurance Company
cr              R360 Environmental Solutions, LLC
intp            RLI Insurance Company
cr              Renaissance Offshore, LLC
cr              Republic Helicopters, Inc.
cr              Ridgewood Energy Corporation
cr              Rio Grande City CISD
cr              Samson Contour Energy E & P, LLC
cr              Samson Offshore Mapleleaf, LLC
cr              Sea Robin Pipeline Company, LLC
cr              Starr County
cr              State of Louisiana, Department of Natural Resource
cr              Stingray Pipeline Company, LLC
intp            Subsea 7 LLC
cr              The Hanover Insurance Company
crcm            The Official Committee of Unsecured Creditors
cr              Travelers Casualty and Surety Company of America
cr              Trunkline Gas Company, LLC
cr              U.S. Department of the Interior
cr              W&T Offshore, Inc.
cr              XL Specialty  Insurance Co
cr              XTO Energy, Inc.
                                                                                            TOTALS: 52, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 14, 2020 at the address(es) listed below:
NONE.                                                                                    TOTAL: 0