

ENTERED
09/14/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY (A) PREPETITION INTEREST OWNER OBLIGATIONS, JOINT INTEREST BILLINGS, AND E&P OPERATING EXPENSES AND (B) 503(b)(9) CLAIMS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated August 4, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 503(b)(9), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Bankruptcy Local Rules 4002-1 and 9013-1 for entry of interim and final orders (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, their undisputed, liquidated amounts owing to (a) holders of royalty, working, and other interests for Interest Owner Payments, including Suspense Obligations, (b) operators for unpaid Joint Interest Billings, and (c) certain third parties for E&P Operating Expenses; (ii) authorizing, but not directing, the Debtors to pay certain 503(b)(9) Claims; and (iii) granting related relief, all as more fully set forth in the Motion; and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

consideration of the Dane Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to pay and satisfy the Prepetition Obligations. In the event the Debtors make payments in excess of the aggregate estimated amounts in any category of Prepetition Obligations as set forth in the Motion, the Debtors shall file a notice with the Court describing the category and overage amount.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, to pay and satisfy the 503(b)(9) Claims. In the event the Debtors make payments on account of 503(b)(9) Claims in excess of the aggregate

estimated amounts as set forth in the Motion, the Debtors shall file a notice with the Court describing the category and overage amount.

3. As a condition to payment of prepetition amounts owed to any E&P Claimant or § 503(b)(9) claimant hereunder, the Debtors shall enter into Trade Agreements with such claimant on terms consistent with the historical practice between the parties, and such Trade Agreement shall require the claimant to agree that the payment to be made will be in full satisfaction of any prepetition amounts allegedly owed to such claimant by the Debtors arising from agreements or other arrangements entered into prior to the Petition Date. The Debtors are authorized to negotiate, modify, or amend the form of a Trade Agreement in its reasonable business judgment, but may not violate this paragraph.

4. Any party who accepts payment from the Debtors of a prepetition amount shall (i) be deemed to have agreed to the terms and conditions of this Final Order, and (ii) promptly take all actions necessary to remove any liens on the Debtors' assets such party may have based upon such prepetition amount at such party's sole expense. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Final Order to an E&P Claimant or a § 503(b)(9) claimant, the Debtors shall provide such claimant with a copy of this Final Order (unless previously provided).

5. If any party accepts payment pursuant to this Final Order for a prepetition obligation and thereafter fails to comply with any term or provision of the applicable Trade Agreement entered into with the Debtors, or such other terms agreed to by the Debtors, any payments made pursuant to this Final Order shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and the non-Debtor party shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the

extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise. Upon recovery by the Debtors, the amounts previously paid shall be reinstated as prepetition claims in the amount so recovered.

6. The Debtors shall maintain a matrix/schedule of amounts paid under this Final Order, including the following information: (i) the category of amount paid, applied, offset or setoff as further described and classified in the Motion; (ii) the aggregate amount of the payment, application, offset or setoff by category; (iii) the Debtor or Debtors that made the payment, application, offset or setoff; (iv) the recipient of the payment, application, offset or setoff; and (v) timing of the payment, application, offset or setoff (the "**Payment Matrix**"). In addition to the Payment Matrix, the Debtors shall maintain a summary schedule of the status of its trade agreement negotiations with creditors that includes the following information: (i) the aggregate number of creditors with whom the Debtors are negotiating trade agreements by category of claim, (ii) the aggregate amount of claims subject to negotiation, (iii) the aggregate number of trade agreements executed during the reporting period by category of claim, and (iv) the aggregate amount of claims resolved by executed trade agreements and the aggregate amounts agreed to in such executed trade agreements (the "**Vendor Negotiations Summary**"). For the avoidance of doubt, the Debtors are not required to include in the Vendor Negotiations Summary the aggregate amount of claims resolved by executed trade agreements by category of claim, the aggregate amounts agreed to in such executed trade agreements by category of claim, or any information that identifies a specific vendor's identity, claim or executed trade agreement. For the first three months following entry of this Final Order (the "**Initial Reporting Period**"), the Debtors shall provide a weekly copy of the Payment Matrix and Vendor Negotiations Summary on a confidential

4

and professionals' eyes only basis to the U.S. Trustee, advisors to the official committee of unsecured creditors (the "**Creditors' Committee**") and the advisors to the Ad Hoc Group of Secured Lenders (collectively, the "**Notice Parties**") beginning the first Tuesday following entry of this Final Order. After the Initial Reporting Period, the Debtors shall provide the Payment Matrix and Vendor Negotiations Summary to the Notice Parties on a monthly basis; provided that the Creditors' Committee reserves the right to request that such reporting continue on a weekly basis and the Debtors reserve their right to oppose such request.

7. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized, to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

8. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

9. Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (i) entry into any postpetition debtor in

possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "**DIP Documents**") and/or (ii) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Final Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

10. Nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a modification of any right of any party with regard to joint operating agreements, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to this Motion, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

11. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, which are expressly reserved, to object to any payment to a claimant that is an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors. To the extent the Debtors intend to make a payment pursuant to this Final Order to a claimant that is an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three

(3) business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

12. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Signed: September 14, 2020

Marvin Isgur
United States Bankruptcy Judge

```
                          United States Bankruptcy Court
                            Southern District of Texas

In re:                                                                Case No. 20-33948-mi
Fieldwood Energy LLC                                                  Chapter 11
Dynamic Offshore Resources NS, LLC
        Debtors                    CERTIFICATE OF NOTICE
District/off: 0541-4          User: TylerLaws                Page 1 of 3                  Date Rcvd: Sep 14, 2020
                              Form ID: pdf002                Total Noticed: 67

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 16, 2020.
db             +Bandon Oil and Gas GP, LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Bandon Oil and Gas, LP,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Dynamic Offshore Resources NS, LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,
                 Houston, TX 77042-3623
db             +FW GOM Pipeline, Inc.,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Fieldwood Energy Inc.,    2000 W Sam Houston Pkwy S,   s,   Houston, TX 77042-3623
db             +Fieldwood Energy LLC,    2000 W. Sam Houston Pkwy. S.,   Suite 1200,   Houston, TX 77042-3623
db             +Fieldwood Energy Offshore LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,
                 Houston, TX 77042-3623
db             +Fieldwood Energy SP LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Fieldwood Offshore LLC,    2000 W. Sam Houston Pkwy. S.,   Suite 1200,   Houston, TX 77042-3623
db             +Fieldwood Onshore LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Fieldwood SD Offshore LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +GOM Shelf LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Galveston Bay Pipeline LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db             +Galveston Bay Processing LLC,    2000 W Sam Houston Pkwy S,   Suite 1200,
                 Houston, TX 77042-3623
aty            +Clark Hill Strasburger,   Attn: Duane J. Brescia,   720 Brazos, Suite 700,
                 Austin, TX 78701-2531
aty            +Donna T Parkinson,   Parkinson Phinney,   3600 American River Dr,   Suite 145,
                 Sacramento, CA 95864-5960
aty            +Emile Joseph, Jr.,    Allen & Gooch,   P O Box 81129,   Lafayette, LA 70598-1129
aty            +Petro Amigos Supply, Inc.,    c/o Wayne Kitchens,   Total Plaza,   1201 Louisiana, 28th Floor,
                 Houston, TX 77002-5607
aty            +Ronald Savoie,   Jackson & Jackson, P.L.L.C.,    111 Founders Drive, Suite 400,
                 Baton Rouge, LA 70810-8959
cr             +A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC,    c/o Andrew A Braun,
                 Gieger Laborde & Laperouse, LLC,    Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,
                 US 70139-7756
cr             +Aker Solutions Inc.,   Bruce J. Ruzinsky,   1401 McKinney Street,   Suite 1900,
                 Houston, TX 77010-4037
intp           +Apache Corporation,   Hunton Andrews Kurth LLP,   Attn: Robin Russell,   600 Travis Street,
                 Suite 4200,   Houston, TX 77002-2929
cr             +Archrock Services, LP,    16666 North Chase Dr.,   Houston, TX 77060-6014
cr             +Aspen American Insurance Company,    c/o Randall A. Rios,   Husch Blackwell LLP,
                 600 Travis Street, Suite 2350,   Houston, TX 77002-2629
cr             +Bedrock Petroleum Consultants, LLC,    c/o Bradley,   Attn: James B. Bailey,
                 1819 Fifth Avenue North,   Birmingham, AL 35203-2120
cr             +Broussard Brothers, Inc.,    501 S. Main St.,   Abbeville, LA  70510,   US 70510-6508
cr             +C-Dive, L.L.C.,    c/o Leann O. Moses,   1100 Poydras Street,   Suite 3100,
                 New Orleans, LA 70163-1102
cr             +CETCO Energy Services Company, LLC,    c/o The Derbes Law Firm, LLC,   3027 Ridgelake Dr.,
                 Metairie, LA 70002-4924
cr             +DLS, LLC,   P.O. Box 309,   Lydia, LA 70569-0309
cr             +Discovery Gas Transmission LLC,    c/o Steven W. Soule,   Hall, Estill, et al.,
                 320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr             +Diversified Well Logging, LLC,    C/O Dore Rothberg McKay, PC,   17171 Park Row, Suite 160,
                 Houston, TX 77084-4927
cr             +Everest Reinsurance Company,    c/o Randall A. Rios,   Husch Blackwell LLP,
                 600 Travis Street, Suite 2350,   Houston, TX 77002-2629
cr              Gibson Applied Technology & Enginnering,   1630 Park Ten Place,   Suite 206,
                 Houston, TX  77084
cr             +Gulfstar One LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,   320 South Boston Avenue,
                 Suite 200,   Tulsa, OK 74103-3705
intp           +Helis Oil & Gas Company, LLC,    c/o J. David Forsyth,   400 Poydras Street, Suite 2550,
                 New Orleans, LA 70130-3292
cr             +JX Nippon Oil Exploration (U.S.A.) Limited,    c/o GIEGER, LABORDE & LAPEROUSE, L.L.C.,
                 5151 SAN FELIPE, SUITE 750,   Houston, TX 77056-3646
cr             +Lexon Insurance Company and Endurance American Ins,    Harris Beach PLLC,
                 c/o Lee E. Woodard, Esq.,   333 West Washing St., Ste. 200,   Syracuse, NY 13202-5202
cr             +Martin Energy Services LLC,    c/o Robert P. Franke,   Clark Hill Strasburger,
                 901 Main St., Suite 6000,   Dallas, TX 75202-3748
cr             +Milorad Raicevic,   3701 Kirby Drive, Suite 1000,   Houston, TX 77098-3928
op             +Prime Clerk LLC,   One Grand Central Place,   60 East 42nd Street,   Suite 1440,
                 New York, NY 10165-1446
intp            Railroad Commission of Texas,   c/o Office of the Attorney General,
                 Bankruptcy & Collections Division,   P. O. Box 12548,   Austin, TX  78711-2548
cr             +Red Willow Offshore, LLC,    c/o Barnet B. Skelton, Jr.,   815 Walker, Suite 1502,
                 Houston, TX 77002-5832
cr             +Regis Southern,   c/o Reese Baker,   950 Echo Lane Ste 300,   Houston, TX 77024-2824
cr             +SBM Gulf Production LLC,    c/o Ken Green,   Snow Spence Green LLP,   P O Box 549,
                 Hockley, TX 77447-0549
cr             +Seitel Data, Ltd.,    c/o Duane J. Brescia,   Clark Hill Strasburger,   720 Brazos, Suite 700,
                 Austin, TX 78701-2531
```

```
District/off: 0541-4          User: TylerLaws             Page 2 of 3              Date Rcvd: Sep 14, 2020
                              Form ID: pdf002             Total Noticed: 67


cr             +Sheldon Independent School District,   c/o Owen M. Sonk,   PBFCM, LLP,
                1235 N. Loop W., Suite 600,   Houston, TX 77008-1772
cr             +Sheldon Independent School District, et al,   c/o Owen M. Sonik,   PBFCM, LLP,
                1235 N. Loop W., Ste 600,   Houston, TX 77008-1772
intp           +TC Oil Louisiana, LLC,   c/o Wick Phillips Attn: Jason Rudd,   3131 McKinney Ave., Suite 100,
                Dallas, TX 75204-2430
cr             +TGS AP Investments AS,   c/o Andrew A Braun,   Geiger Laborde & Laperouse, LLC,
                Suite 4800, 701 Poydras Street,   New Orleans, LA 70139-7756
cr             +TGS-NOPEC Geophysical Company,   c/o Andrew A Braun,   Gieger, Laborde & Laperouse, LLC,
                Suite 4800, 701 Poydras St.,   New Orleans, LA  70139,   US 70139-7756
cr             +TGS-NOPEC Geophysical Company ASA,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
                Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
intp           +Tana Exploration Company, LLC,   c/o Wick Phillips Attn: Jason Rudd,
                3131 McKinney Ave., Suite 100,   Dallas, TX 75204-2430
cr             +Tetra Applied Technologies, Inc.,   c/o Zachary S. McKay,   Dore Rothberg McKay, P.C.,
                17171 Park Row, Suite 160,   Houston, TX 77084-4927
cr             +Transcontinental Gas Pipe Line Company, LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
                320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr             +U.S. Specialty Insurance Company,   c/o Locke Lord LLP,   ATTN: Philip Eisenberg,
                600 Travis Street, Suite 2800,   Houston, TX 77002-2914
cr             +WFS Liquids LLC,   c/o Steven W. Soule',   Hall, Estill, et al.,   320 South Boston Avenue,
                Suite 200,   Tulsa, OK 74103-3705
cr             +Westerngeco LLC,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
                Suite 4800, 701 Poydras Street,   New Orleans, LA  70139,   US 70139-7756
cr             +Williams Field Services-Gulf Coast Company LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
                320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr             +Zurich American Insurance Company,   c/o Duane Brescia,   720 Brazos Street,   Suite 700,
                Austin, TX 78701-2531

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/Text: bnkatty@aldineisd.org Sep 14 2020 23:04:49     Aldine ISD,   Legal Department,
                2520 WWThorne Dr.,   Houston, TX 77073-3406
cr              E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:57     Cypress-Fairbanks ISD,
                Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
                Houston, Tx  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:57     Galveston County,
                Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
                Houston, TX  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:57     Harris County,
                Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   PO Box 3064,
                Houston, TX  77253-3064
cr             +E-mail/Text: bankruptcy@islandoperating.com Sep 14 2020 23:04:37
                Island Operating Company Inc,   770 S Post Oak Lane,   Suite 400,   Houston, TX 77056-6666
cr              E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:57     Jefferson County,
                Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   P.O. Box 3064,
                Houston, TX  77253-3064
cr              E-mail/Text: houston_bankruptcy@LGBS.com Sep 14 2020 23:03:57     Matagorda County,
                Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   Post Office Box 3064,
                Houston, TX  77253-3064
cr             +E-mail/Text: pwp@pattiprewittlaw.com Sep 14 2020 23:03:42     Plains Gas Solutions,
                c/o Law Ofc Patricia Williams Prewitt,   10953 Vista Lake Ct.,   Navasota, TX  77868,
                UNITED STATES 77868-6981
                                                                                             TOTAL: 8

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              A-Port LLC
cr              Acadian Contractors, Inc
cr              Ad Hoc Group of Secured Lenders
cr              Archrock Partners Operating, LLC and Archrock Serv
cr              CCG Services (U.S.) Inc.
cr              CNOOC Petroleum Offshore U.S.A. Inc.
cr              CTD Legacy LLC
intp            Cantor Fitzgerald Securities, as DIP Agent
cr              Chevron U.S.A. Inc.
cr              Diverse Safety & Scaffolding, LLC
cr              Ecopetrol America LLC
intp            Eni Petroleum US LLC
intp            Eni US Operating Co. Inc.
cr              ExxonMobil Corporation
intp            Facilities Consulting Group, LLC
cr              Florida Gas Transmission Company, LLC
cr              Goldman Sachs Bank USA
cr              Halliburton Energy Services, Inc.
cr              Intracoastal Liquid Mud, Inc.,   UNITED STATES
intp            Kilgore Marine
cr              Lavaca County
cr              Liberty Mutual Insurance Company
cr              Linear Controls, Inc.
cr              Live Oak CAD
cr              Louisiana Safety Systems, Inc.
```

```
District/off: 0541-4            User: TylerLaws             Page 3 of 3             Date Rcvd: Sep 14, 2020
                                Form ID: pdf002             Total Noticed: 67

              ***** BYPASSED RECIPIENTS (continued) *****
intp          Manta Ray Offshore Gathering Company, L.L.C.
intp          Nautilus Pipeline Company, L.L.C.
cr            Oceaneering International Inc.
cr            Oil States Energy Services, LLC
cr            Partco, LLC
cr            Philadelphia Indemnity Insurance Company
cr            R360 Environmental Solutions, LLC
intp          RLI Insurance Company
cr            Renaissance Offshore, LLC
cr            Republic Helicopters, Inc.
cr            Ridgewood Energy Corporation
cr            Rio Grande City CISD
cr            Samson Contour Energy E & P, LLC
cr            Samson Offshore Mapleleaf, LLC
cr            Sea Robin Pipeline Company, LLC
cr            Starr County
cr            State of Louisiana, Department of Natural Resource
cr            Stingray Pipeline Company, LLC
intp          Subsea 7 LLC
cr            The Hanover Insurance Company
crcm          The Official Committee of Unsecured Creditors
cr            Travelers Casualty and Surety Company of America
cr            Trunkline Gas Company, LLC
cr            U.S. Department of the Interior
cr            W&T Offshore, Inc.
cr            XL Specialty  Insurance Co
cr            XTO Energy, Inc.
                                                                                     TOTALS: 52, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2020                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 14, 2020 at the address(es) listed below:
NONE.                                                                                      TOTAL: 0
```