

ENTERED
09/17/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion, dated August 24, 2020 (the "**Motion**"),[2] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order authorizing the Debtors to establish the Interim Compensation Procedures for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures:

   (i) On or before the **last day of each month** following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "**Monthly Statement**"), by email or hand delivery, to the following parties:

   (a) the Debtors c/o Fieldwood Energy LLC, Attn: Mike Dane and Tommy Lamme (mdane@fwellc.com and tlamme@fwellc.com);

   (b) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, Attn: Matthew S. Barr, Esq., Alfredo R. Pérez, Esq., and Jessica Liou, Esq. (matt.barr@weil.com, alfredo.perez@weil.com, and jessica.liou@weil.com);

   (c) the attorneys for the Ad Hoc Group of Secured Lenders, (A) Davis Polk & Wardwell LLP, Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq. (damian.schaible@davispolk.com and natasha.tsiouris@davispolk.com) and (B) Haynes and

        Boone, LLP, Attn: Charles A. Beckham Jr., Esq. and Martha Wyrick, Esq. (charles.beckham@haynesboone.com and martha.wyrick@haynesboone.com);

(d)     the Office of the United States Trustee for the Southern District of Texas, Attn: Hector Duran and Stephen Statham (hector.duran@usdoj.gov and stephen.statham@usdoj.com);

(e)     the proposed attorneys for the Creditors' Committee, Stroock & Stroock & Lavan LLP, Attn: Sherry Millman, Esq. and Kenneth Pasquale, Esq. (smillman@stroock.com and kpasquale@stroock.com); and

(f)     the attorneys for any other statutory committee appointed in these chapter 11 cases.

(collectively, the "**Fee Notice Parties**").

(ii)     Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii)     If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "**Objection**") with this Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Disputed Amount**"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time this Court will consider the Objection, if requested by the parties.

 (iv) Beginning with the period ending October 31, 2020, and at three month intervals thereafter (each, an "**Interim Fee Period**"), each of the Retained Professionals shall file with this Court and serve on the Fee Notice Parties an interim fee application (each an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Interim Compensation Procedures. Fee Notice Parties and parties in interest will have 14 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 31, 2020. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by this Court.

 (v) The Debtors will request that this Court consider the Interim Fee Applications once every three (3) months or at such other intervals as this Court deems appropriate. This Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by this Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

 (vi) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by this Court.

 (vii) Each member of the Creditors' Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Creditors' Committee (excluding third-party counsel expenses of individual Creditors' Committee members) and supporting vouchers to the Creditors' Committee's counsel, which counsel will collect and file the Creditors' Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

 (viii) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (a) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (b) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

2. Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Statement nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3. In each Interim Fee Application and the Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is an Ordinary Course Professional retained by the Debtors, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court and shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by such professionals in these chapter 11 cases.

4. The Retained Professionals shall only serve the Monthly Statements, the Interim Fee Applications, and the Final Fee Applications on the Fee Notice Parties and shall provide notice of the Interim Fee Applications and Final Fee Applications and hearings thereon on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these cases.

5. A Retained Professional shall not seek payment in a Final Fee Application for any amounts that such Retained Professional previously sought in a Monthly Fee Statement or Interim Fee Application, and which such Retained Professional voluntarily waived or reduced to resolve formal or informal objections or were disallowed by order of this Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: September 17, 2020

Marvin Isgur
United States Bankruptcy Judge