

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
09/16/2020

|  |  |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
|  | § |  |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
|  | § |  |
| **Debtors.**[1] | § | **(Jointly Administered)** |
|  | § |  |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("**Order**") is entered into by and among: (a) the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"); (b) certain of the Debtors' creditors and other constituents that are signatories to this Order; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto. Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "**Party**," and collectively as the "**Parties**."[2] The Parties, proceeding *pro se* or by and through their respective attorneys of record, and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and, with respect to any existing or future examination, contested matter or adversary proceeding, pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] The designation of a "Party" is for purposes of reference in this Order only.

to Bankruptcy Rules 2004, 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

**Recitals**

WHEREAS, there are, or may be, judicial or other proceedings, including, but not limited to, investigations, contested matters, adversary proceedings and other disputes (each a "**Dispute**" and, collectively, the "**Disputes**") arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in this Court (the "**Chapter 11 Cases**");

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests (collectively, "**Discovery Requests**") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"); and

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential, it is hereby stipulated and agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material (as defined below):

**Scope of Order**

1.      This Order applies to all information, documents and things produced by a Party (each a "**Producing Party**"), to any other Party (each a "**Receiving Party**"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based

upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "**Discovery Material**").

2.      This Order does not affect, amend or modify any existing confidentiality agreements, intercreditor agreements, committee by-laws, or protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.  Where this Order is in conflict with any existing confidentiality agreements, intercreditor agreements, committee by-laws, or protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, the provision that provides the most confidentiality protection for Discovery Materials shall apply.

3.      For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Any Party or its counsel serving a subpoena or request upon a non-Party, which subpoena or request requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or request and instruct the non-Party recipient of such subpoena or request that he, she, or it may designate documents or testimony in a Dispute produced pursuant to such subpoena or request according to the provisions herein upon signing Exhibit A and agreeing to be bound by the terms of this Order.

**Designating Discovery Material**

5.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "**Designated Material**") in accordance with the following provisions:

(a)      <u>Confidential Material</u>: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)      <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Highly Confidential Discovery Material that is of such a nature that a risk of competitive injury or a material risk to the Debtors' development of a plan of reorganization or emergence from chapter 11 would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by

its industry advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases, and only to the extent that the Producing Party reasonably believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted.

(c)     Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 7, 8, 21, and 23 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("**Undesignated Material**").

6.     Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced.  Native file documents may be designated as "Confidential" or "Highly Confidential" by including such terms (or similar terms) in the file name thereof or on a slip sheet attached thereto.  A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential."

7.     Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("**Redesignated Material**").  At such time, arrangement will be made for the return or destruction of the Redesignated Material or for the return to the Producing Party of all copies of the Redesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery

Material.  Upon receipt of replacement copies of such Redesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Redesignated Material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Redesignated Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

**Use and Disclosure of Confidential or Highly Confidential Material**

8.    <u>General Limitations on Use and Disclosure of All Discovery Material</u>: All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute or the Chapter 11 Cases (including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding) and in any judicial proceedings wherein a claim arises out of the same transaction(s) or occurrence(s) involved in any Dispute, or relating to any Dispute or these Chapter 11 Cases and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

9.    <u>Confidential Material</u>: Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

(a)     Debtors;

(b)     Debtors' creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to any Dispute;

(c)     the Official Committee of Unsecured Creditors, including its members;

(d)     the U.S. Trustee;

(e)     any Party who has signed Exhibit A; and

(f)     any other persons specified in Paragraph 10 below.

10.     <u>Highly Confidential Material</u>: Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

(a)     outside counsel, individuals in outside counsel's designated client group that have each executed Exhibit A, and staff working under the express direction of such counsel, for:

    i.     Debtors;

    ii.     Debtors' creditors and other constituents that are signatories to this Order;

    iii.     the Official Committee of Unsecured Creditors, including its members;

    iv.     the U.S. Trustee; and

    v.     any Party who has signed Exhibit A;

(b)     industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases;

(c)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

> (d)    any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;
>
> (e)    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;
>
> (f)    court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;
>
> (g)    the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;
>
> (h)    any mediators and their staffs retained in connection with a Dispute or these Chapter 11 Cases; and
>
> (i)    any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.    <u>Designated Material to be Disclosed Only in Accordance with Paragraphs 9 and 10</u>:  Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 10 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.    <u>Prerequisite to Disclosure of Designated Material</u>: Before any person or their representative identified in Paragraph 10(b), 10(d), 10(f), or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access.  Such executed Exhibit A shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

13. <u>Sealing of Designated Material Filed with or Submitted to Court</u>: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.

14. <u>Use of Discovery Material in Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Party bears the burden of requesting relief from the Court.

**Depositions**

15. <u>Deposition Testimony - Manner of Designation</u>: In the case of depositions, if counsel for a Party or a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) Providing written notice within seven (7) days of the Party's receipt of the final

transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 19 below.  Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Confidential unless otherwise designated by counsel to any Party on the record at the deposition.

16.    <u>Designated Material Used as Exhibits During Depositions</u>: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.    <u>Witness Review of Deposition Testimony</u>: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.    <u>Presence of Persons During Deposition Testimony</u>: Anyone who wishes to attend a deposition must become a Party to this Order prior to such deposition.  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

19.     <u>Responsibilities and Obligations of Court Reporters</u>: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

20.     Unless otherwise agreed to by the Parties or ordered by the Court, all deadlines and time periods shall be computed pursuant to Bankruptcy Rule 9006.

21.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.     For purposes of this Order, "writing" shall include electronic mail.

23.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.    <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (a) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) immediately make reasonable best efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.    <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.  In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Party shall bear the burden of proof.

26.     <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

27.     <u>Production of Privileged Discovery Material</u>: This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Producing Party produces materials that the Producing Party later discovers, in good faith, to be privileged or subject to other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.  In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request the return or destruction of the produced material.  Within seven (7) days after receiving such notification, the Receiving Party shall return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and

moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall within seven (7) days notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

28.     Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto.  If, after review of the Producing Party's privilege log, the Receiving Party wishes to challenge one or more of the privilege designations made in the privilege log, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations.  If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court.  The Party asserting the privilege designation, bears the burden of justifying a privilege designation.  Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure.

29.     Use of Non-Discovery Material: To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "**Non-Discovery Material**"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute or the Chapter 11 Cases.

14

30.     <u>Obligations Following Conclusion of the Disputes</u>: Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Party, take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition recordings, deposition exhibits, expert reports, and exhibits introduced at any hearing; a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes, provided that such retained documents will continue to be treated as provided in this Order; a Receiving Party may retain Discovery Material that is otherwise required to be retained pursuant to any law or regulation.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party.  Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

31.     <u>Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order</u>: The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy for any retained Discovery Material.  The final termination of the Disputes and the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery

Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

32.     <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

33.     <u>Disclosure of Discovery Material in Other Proceedings</u>: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

34.     <u>Use of Discovery Material by Producing Party</u>: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and, subject to Paragraph 27, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

35.     <u>Obligations of Parties</u>: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests

in connection with any Dispute.  Nothing in the Order modifies (i) any contractual obligations of the Debtors pursuant to the terms of any applicable surety or related indemnity agreement to provide access to information, books or records to certain parties or (ii) any surety's contractual rights to retain information as part of its normal underwriting and/or risk assessment procedures pursuant to the terms of any applicable surety or related indemnity agreement.

36.    Advice of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

37.    Prior Agreements: The Parties agree that nothing herein shall affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or prospective orders applicable to any Party or between and among any Parties to this Order that relate to documents or information exchanged prior to execution of this Order.

38.    Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

Signed:  September 16, 2020

Marvin Isgur
United States Bankruptcy Judge

**IT IS SO STIPULATED:**

Dated:  September 15, 2020.


  _/s/ Alfredo R. Pérez_ _____           _/s/ Brandon K. Bains_ _____

WEIL, GOTSHAL & MANGES LLP                  LANGLEY LLP
Alfredo R. Pérez (15776275)                 Brandon K. Bains (24050126)
700 Louisiana Street, Suite 1700            P.O. Box 94075
Houston, Texas 77002                        Southlake, Texas 76092
Telephone:  (713) 546-5000                  Telephone:  (214) 722-7160
Facsimile:  (713) 224-9511                  Email:  bbains@l-llp.com
Email:   Alfredo.Perez@weil.com


-and-

WEIL, GOTSHAL & MANGES LLP                  *Attorney for Liberty Mutual Insurance*
Matthew S. Barr (admitted *pro hac vice*)   *Company, The Hanover Insurance Company,*
Jessica Liou (admitted *pro hac vice*)      *Travelers Casualty and Surety Company of*
767 Fifth Avenue                            *America, and XL Specialty Insurance*
New York, New York 10153                    *Company*
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
            Jessica.Liou@weil.com


*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

1.    My name is _____.

2.    I reside at _____.

3.    My present employer is _____.

4.    My present occupation or job description is _____.

5.    I have been engaged as _____ on behalf of _____ in the preparation and conduct of *In re Fieldwood Energy LLC, et al.*, Case No. 20-33948 (MI).

6.    I declare under penalty of perjury that I have read and understand the terms of the Stipulated Protective Order ("**Order**") that was issued by the United States Bankruptcy Court for the Southern District of Texas in *In re Fieldwood Energy LLC, et al.*, Case No. 20-33948 (MI).  I agree to comply with and be bound by all the provisions of the Order.  I agree that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Texas for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


By:_____ Executed on _____, 20___.

United States Bankruptcy Court
Southern District of Texas

In re:                                                                    Case No. 20-33948-mi
Fieldwood Energy LLC                                                      Chapter 11
Dynamic Offshore Resources NS, LLC
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0541-4          User: TylerLaws          Page 1 of 3                Date Rcvd: Sep 16, 2020
                             Form ID: pdf002           Total Noticed: 68

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2020.
```
db          +Bandon Oil and Gas GP, LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Bandon Oil and Gas, LP,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Dynamic Offshore Resources NS, LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,
              Houston, TX 77042-3623
db          +FW GOM Pipeline, Inc.,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Fieldwood Energy Inc.,   2000 W Sam Houston Pkwy S,   s,   Houston, TX 77042-3623
db          +Fieldwood Energy LLC,   2000 W. Sam Houston Pkwy. S.,   Suite 1200,   Houston, TX 77042-3623
db          +Fieldwood Energy Offshore LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,
              Houston, TX 77042-3623
db          +Fieldwood Energy SP LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Fieldwood Offshore LLC,   2000 W. Sam Houston Pkwy. S.,   Suite 1200,   Houston, TX 77042-3623
db          +Fieldwood Onshore LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Fieldwood SD Offshore LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +GOM Shelf LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Galveston Bay Pipeline LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,   Houston, TX 77042-3623
db          +Galveston Bay Processing LLC,   2000 W Sam Houston Pkwy S,   Suite 1200,
              Houston, TX 77042-3623
aty         +Clark Hill Strasburger,   Attn: Duane J. Brescia,   720 Brazos, Suite 700,
              Austin, TX 78701-2531
aty         +Donna T Parkinson,   Parkinson Phinney,   3600 American River Dr,   Suite 145,
              Sacramento, CA 95864-5960
aty         +Emile Joseph, Jr.,   Allen & Gooch,   P O Box 81129,   Lafayette, LA 70598-1129
aty         +Petro Amigos Supply, Inc.,   c/o Wayne Kitchens,   Total Plaza,   1201 Louisiana, 28th Floor,
              Houston, TX 77002-5607
aty         +Ronald Savoie,   Jackson & Jackson, P.L.L.C.,   111 Founders Drive, Suite 400,
              Baton Rouge, LA 70810-8959
cr          +A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC,   c/o Andrew A Braun,
              Gieger Laborde & Laperouse, LLC,   Suite 4800, 701 Poydras Street,   New Orleans, LA 70139,
              US 70139-7756
cr          +Aker Solutions Inc.,   Bruce J. Ruzinsky,   1401 McKinney Street,   Suite 1900,
              Houston, TX 77010-4037
intp        +Apache Corporation,   Hunton Andrews Kurth LLP,   Attn: Robin Russell,   600 Travis Street,
              Suite 4200,   Houston, TX 77002-2929
cr          +Archrock Services, LP,   16666 North Chase Dr.,   Houston, TX 77060-6014
cr          +Aspen American Insurance Company,   c/o Randall A. Rios,   Husch Blackwell LLP,
              600 Travis Street, Suite 2350,   Houston, TX 77002-2629
cr          +Bedrock Petroleum Consultants, LLC,   c/o Bradley,   Attn: James B. Bailey,
              1819 Fifth Avenue North,   Birmingham, AL 35203-2120
cr          +Broussard Brothers, Inc.,   501 S. Main St.,   Abbeville, LA  70510,   US 70510-6508
cr          +C-Dive, L.L.C.,   c/o Leann O. Moses,   1100 Poydras Street,   Suite 3100,
              New Orleans, LA 70163-1102
cr          +CETCO Energy Services Company, LLC,   c/o The Derbes Law Firm, LLC,   3027 Ridgelake Dr.,
              Metairie, LA 70002-4924
cr          +DLS, LLC,   P.O. Box 309,   Lydia, LA 70569-0309
cr          +DeepSea Quality Consulting, Inc.,   c/o Ben L. Aderholt,   Coats Rose, P.C.,   9 Greenway,
              Suite 1000,   Houston, TX 77046-0900
cr          +Discovery Gas Transmission LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
              320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr          +Diversified Well Logging, LLC,   c/o Dore Rothberg McKay, PC,   17171 Park Row, Suite 160,
              Houston, TX 77084-4927
cr          +Everest Reinsurance Company,   c/o Randall A. Rios,   Husch Blackwell LLP,
              600 Travis Street, Suite 2350,   Houston, TX 77002-2629
cr           Gibson Applied Technology & Enginnering,   1630 Park Ten Place,   Suite 206,
              Houston, TX  77084
cr          +Gulfstar One LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,   320 South Boston Avenue,
              Suite 200,   Tulsa, OK 74103-3705
intp        +Helis Oil & Gas Company, LLC,   c/o J. David Forsyth,   400 Poydras Street, Suite 2550,
              New Orleans, LA 70130-3292
cr          +JX Nippon Oil Exploration (U.S.A.) Limited,   c/o GIEGER, LABORDE & LAPEROUSE, L.L.C.,
              5151 SAN FELIPE, SUITE 750,   Houston, TX 77056-3646
cr          +Lexon Insurance Company and Endurance American Ins,   Harris Beach PLLC,
              c/o Lee E. Woodard, Esq.,   333 West Washing St., Ste. 200,   Syracuse, NY 13202-5202
cr          +Martin Energy Services LLC,   c/o Robert P. Franke,   Clark Hill Strasburger,
              901 Main St., Suite 6000,   Dallas, TX 75202-3748
cr          +Milorad Raicevic,   3701 Kirby Drive, Suite 1000,   Houston, TX 77098-3928
op          +Prime Clerk LLC,   One Grand Central Place,   60 East 42nd Street,   Suite 1440,
              New York, NY 10165-1446
intp         Railroad Commission of Texas,   c/o Office of the Attorney General,
              Bankruptcy & Collections Division,   P. O. Box 12548,   Austin, TX  78711-2548
cr          +Red Willow Offshore, LLC,   c/o Barnet B. Skelton, Jr.,   815 Walker, Suite 1502,
              Houston, TX 77002-5832
cr          +Regis Southern,   c/o Reese Baker,   950 Echo Lane Ste 300,   Houston, TX 77024-2824
```

```
District/off: 0541-4          User: TylerLaws          Page 2 of 3              Date Rcvd: Sep 16, 2020
                              Form ID: pdf002          Total Noticed: 68
```

```
cr          +SBM Gulf Production LLC,   c/o Ken Green,   Snow Spence Green LLP,   P O Box 549,
             Hockley, TX 77447-0549
cr          +Seitel Data, Ltd.,   c/o Duane J. Brescia,   Clark Hill Strasburger,   720 Brazos, Suite 700,
             Austin, TX 78701-2531
cr          +Sheldon Independent School District,   c/o Owen M. Sonk,   PBFCM, LLP,
             1235 N. Loop W., Suite 600,   Houston, TX 77008-1772
cr          +Sheldon Independent School District, et al,   c/o Owen M. Sonik,   PBFCM, LLP,
             1235 N. Loop W., Ste 600,   Houston, TX 77008-1772
intp        +TC Oil Louisiana, LLC,   c/o Wick Phillips Attn: Jason Rudd,   3131 McKinney Ave., Suite 100,
             Dallas, TX 75204-2430
cr          +TGS AP Investments AS,   c/o Andrew A Braun,   Geiger Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras Street,   New Orleans, LA 70139-7756
cr          +TGS-NOPEC Geophysical Company,   c/o Andrew A Braun,   Gieger, Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras St.,   New Orleans, LA 70139,   US 70139-7756
cr          +TGS-NOPEC Geophysical Company ASA,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras Street,   New Orleans, LA 70139,   US 70139-7756
intp        +Tana Exploration Company, LLC,   c/o Wick Phillips Attn: Jason Rudd,
             3131 McKinney Ave., Suite 100,   Dallas, TX 75204-2430
cr          +Tetra Applied Technologies, Inc.,   c/o Zachary S. McKay,   Dore Rothberg McKay, P.C.,
             17171 Park Row, Suite 160,   Houston, TX 77084-4927
cr          +Transcontinental Gas Pipe Line Company, LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
             320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr          +U.S. Specialty Insurance Company,   c/o Locke Lord LLP,   ATTN: Philip Eisenberg,
             600 Travis Street, Suite 2800,   Houston, TX 77002-2914
cr          +WFS Liquids LLC,   c/o Steven W. Soule',   Hall, Estill, et al.,   320 South Boston Avenue,
             Suite 200,   Tulsa, OK 74103-3705
cr          +Westerngeco LLC,   c/o Andrew A Braun,   Gieger Laborde & Laperouse, LLC,
             Suite 4800, 701 Poydras Street,   New Orleans, LA 70139,   US 70139-7756
cr          +Williams Field Services-Gulf Coast Company LLC,   c/o Steven W. Soule,   Hall, Estill, et al.,
             320 South Boston Avenue,   Suite 200,   Tulsa, OK 74103-3705
cr          +Zurich American Insurance Company,   c/o Duane Brescia,   720 Brazos Street,   Suite 700,
             Austin, TX 78701-2531

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr          +E-mail/Text: bnkatty@aldineisd.org Sep 16 2020 22:18:44     Aldine ISD,   Legal Department,
             2520 WWThorne Dr.,   Houston, TX 77073-3406
cr           E-mail/Text: houston_bankruptcy@LGBS.com Sep 16 2020 22:18:11     Cypress-Fairbanks ISD,
             Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
             Houston, Tx 77253-3064
cr           E-mail/Text: houston_bankruptcy@LGBS.com Sep 16 2020 22:18:11     Galveston County,
             Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   P.O. Box 3064,
             Houston, TX 77253-3064
cr           E-mail/Text: houston_bankruptcy@LGBS.com Sep 16 2020 22:18:11     Harris County,
             Linebarger Goggan Blair & Sampson LLP,   C/O John P. Dillman,   PO Box 3064,
             Houston, TX 77253-3064
cr          +E-mail/Text: bankruptcy@islandoperating.com Sep 16 2020 22:18:36
             Island Operating Company Inc,   770 S Post Oak Lane,   Suite 400,   Houston, TX 77056-6666
cr           E-mail/Text: houston_bankruptcy@LGBS.com Sep 16 2020 22:18:11     Jefferson County,
             Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   P.O. Box 3064,
             Houston, TX 77253-3064
cr           E-mail/Text: houston_bankruptcy@LGBS.com Sep 16 2020 22:18:11     Matagorda County,
             Linebarger Goggan Blair & Sampson LLP,   c/o John P. Dillman,   Post Office Box 3064,
             Houston, TX 77253-3064
cr          +E-mail/Text: pwp@pattiprewittlaw.com Sep 16 2020 22:18:03     Plains Gas Solutions,
             c/o Law Ofc Patricia Williams Prewitt,   10953 Vista Lake Ct.,   Navasota, TX 77868,
             UNITED STATES 77868-6981
                                                                                          TOTAL: 8

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           A-Port LLC
cr           Acadian Contractors, Inc
cr           Ad Hoc Group of Secured Lenders
cr           Archrock Partners Operating, LLC and Archrock Serv
cr           CCG Services (U.S.) Inc.
cr           CNOOC Petroleum Offshore U.S.A. Inc.
cr           CTD Legacy LLC
intp         Cantor Fitzgerald Securities, as DIP Agent
cr           Chevron U.S.A. Inc.
cr           Diverse Safety & Scaffolding, LLC
cr           Ecopetrol America LLC
intp         Eni Petroleum US LLC
intp         Eni US Operating Co. Inc.
cr           ExxonMobil Corporation
intp         Facilities Consulting Group, LLC
cr           Florida Gas Transmission Company, LLC
cr           Goldman Sachs Bank USA
cr           Halliburton Energy Services, Inc.
cr           Intracoastal Liquid Mud, Inc.,   UNITED STATES
intp         Kilgore Marine
cr           Lavaca County
```

```
District/off: 0541-4          User: TylerLaws         Page 3 of 3              Date Rcvd: Sep 16, 2020
                              Form ID: pdf002         Total Noticed: 68
```

```
              ***** BYPASSED RECIPIENTS (continued) *****
cr            Liberty Mutual Insurance Company
cr            Linear Controls, Inc.
cr            Live Oak CAD
cr            Louisiana Safety Systems, Inc.
intp          Manta Ray Offshore Gathering Company, L.L.C.
cr            Multiklient Invest AS
intp          Nautilus Pipeline Company, L.L.C.
cr            Oceaneering International Inc.
cr            Oil States Energy Services, LLC
cr            Partco, LLC
cr            Philadelphia Indemnity Insurance Company
cr            R360 Environmental Solutions, LLC
intp          RLI Insurance Company
cr            Renaissance Offshore, LLC
cr            Republic Helicopters, Inc.
cr            Ridgewood Energy Corporation
cr            Rio Grande City CISD
cr            Samson Contour Energy E & P, LLC
cr            Samson Offshore Mapleleaf, LLC
cr            Sea Robin Pipeline Company, LLC
cr            Starr County
cr            State of Louisiana, Department of Natural Resource
cr            Stingray Pipeline Company, LLC
intp          Subsea 7 LLC
cr            The Hanover Insurance Company
crcm          The Official Committee of Unsecured Creditors
cr            Travelers Casualty and Surety Company of America
cr            Trunkline Gas Company, LLC
cr            U.S. Department of the Interior
cr            W&T Offshore, Inc.
cr            XL Specialty  Insurance Co
cr            XTO Energy, Inc.
                                                                          TOTALS: 53, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2020                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 16, 2020 at the address(es) listed below:
NONE.                                                                      TOTAL: 0