## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## EMERGENCY MOTION OF DEBTORS FOR ORDER
## (I) ESTABLISHING DEADLINE TO FILE PROOFS OF CLAIM
## AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

---

**Emergency relief has been requested. The Debtors request that a hearing on this matter be held on October 13, 2020.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own longdistance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Relief is requested not later than October 13, 2020.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1.      Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").

## Jurisdiction

6.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.    By this Motion, the Debtors respectfully request entry of an order, pursuant to sections 105(a) 501, 502, 503, and 1111(a) of Bankruptcy Code and Rules 2002, 3003(c)(3), and 5005(a) of the Bankruptcy Rules, establishing deadlines for filing certain proofs of claim in these chapter 11 cases and approving the form and manner of notice thereof. The Debtors seek to establish bar dates that provide sufficient time for the Debtors to prepare for solicitation of a chapter 11 plan in accordance with the milestones set forth in their restructuring support agreement. The proposed deadlines (collectively, the "**Bar Dates**") are as follows:

a.    **November 25, 2020 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**") as the deadline for each "person" (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units ("**Governmental Units**") (as defined in section 101(27) of the Bankruptcy Code), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition "claim" (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against the Debtors;

b.    **February 1, 2021 at 5:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**") as the deadline for Governmental Units to file Proofs of Claim against any Debtor.

c.    If the Debtors file an amendment (an "**Amendment**") to any of the schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") and such Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claimant's claim; (ii) changes the nature or characterization of a claimant's claim; or (iii) adds a new claim with respect to a claimant to the Schedules, such claimant must file a Proof of Claim with respect to such amended claim by the later of (a) the General Bar Date or the Government Bar Date, as applicable, and (b)

3

thirty (30) days after the claimant is served with notice of the applicable Amendment (the "**Amended Schedule Bar Date**"); and

d.  Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the later of (i) the General Bar Date or Government Bar Date, as applicable, and (ii) thirty (30) days after entry of any order authorizing the rejection of an executory contract or unexpired lease (the "**Rejection Bar Date**"), as the deadline to file a Proof of Claim relating to the Debtors' rejection of such executory contract or unexpired lease.

8.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

9.  The Debtors will cause their claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), to serve notice of the Bar Dates, substantially in the form attached to the Proposed Order as **Exhibit 1** (the "**Bar Date Notice**"), on all known entities holding potential claims against the Debtors or their estates. Prime Clerk will have five (5) business days following the later of the Debtors' filing of the Schedules[2] and the date of the entry of the Proposed Order to mail the Bar Date Notice and will serve the Bar Date Notice at least 30 days prior to the General Bar Date.

**Establishment of the Bar Dates is Appropriate in these Chapter 11 Cases**

10.  Bankruptcy Rule 3003(c) generally governs the filing of proofs of claim in a chapter 11 case and provides in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."   Fed. R. Bankr. P. 3003(c)(3).  Paragraph I.19 of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (effective August 7, 2020) (the "**Complex Rules**") establishes the default rule that an entity, other than a governmental unit, must file a proof of claim in a chapter case within

---

[2] Pursuant to a stipulation entered into between the Debtors and the U.S. Trustee (Docket No. 395), the time by which the Debtors must file their Schedules was extended through and including October 9, 2020.

90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a) (the "**341 Meeting**") and that a governmental unit must file a proof of claim within 180 days after the petition date, unless the Court orders otherwise. Bankruptcy Rule 2002(a)(7) generally provides that all parties-in-interest must receive twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address. The Debtors propose to give creditors at least thirty (30) days' notice of the applicable Bar Date. Therefore, creditors will have adequate time to review the Schedules and their own records and, if necessary, file a Proof of Claim.

11.    The Debtors require complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in the chapter 11 cases. The Debtors seek to establish the Bar Dates to determine what claims may be asserted against the Debtors in addition to those listed in the Schedules. For these reasons, the Bar Dates and the form and manner of notice proposed in this Motion are appropriate and should be approved. Nevertheless, the Debtors request that they be permitted (but not required) to extend any of the Bar Dates on behalf of a requesting claimant, upon the Debtors' determination, in their reasonable business judgment, that such extension is warranted or appropriate.

12.    **General Bar Date**. The Debtors request that the Court establish a General Bar Date of **November 25, 2020 at 5:00 p.m. (prevailing Central Time)** for all known entities holding potential claims against the Debtors or their estate, including requests for payment under section 503(b)(9) of the Bankruptcy Code. The General Bar Date will ensure that potential creditors receive more than adequate notice of the deadlines for filing Proofs of Claim in these chapter 11 cases.

13.     The General Bar Date would be the date by which all persons and entities (excluding Governmental Units) holding prepetition claims against the Debtors or their estates must file Proofs of Claim unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.

14.     **Governmental Bar Date**. The Debtors request that the Court establish a Governmental Bar Date of **February 1, 2021 at 5:00 p.m. (prevailing Central Time)** for all known Governmental Units entities holding potential claims against the Debtors or their estates. The proposed Governmental Bar Date is at least 180 days from the Petition Date, as required under section 502(b)(9) of the Bankruptcy Code. *See* 11 U.S.C. § 502(b)(9) ("[A] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide. . . .").

15.     The Governmental Bar Date applies to all Governmental Units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are *actually received* by Prime Clerk by the Governmental Bar Date.

16.     **Amended Schedule Bar Date**. If, on or after the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (i) to reduce the undisputed,

noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the Debtors propose that the affected claimant be required to file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim on or prior to the Amended Schedule Bar Date. Notwithstanding the foregoing, nothing contained herein will preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

17.     **Rejection Bar Date**. The Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code ("**Rejection Damages Claims**"). The Debtors request that the Court establish the Rejection Bar Date as the later of (i) the General Bar Date and (ii) thirty (30) days after the entry an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease.

<u>**Filing Proofs of Claim**</u>

18.     Each Proof of Claim must substantially comply with Official Bankruptcy Form 410, including the tailored form attached to the Proposed Order as **<u>Exhibit 2</u>**. All Proofs of Claim must be *actually received* by Prime Clerk no later than the applicable Bar Date, either by the claimant (i) filing such Proof(s) of Claim electronically through Prime Clerk, at https://cases.primeclerk.com/fieldwoodenergy/; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) mailing the original Proof(s) of Claim to Prime Clerk, at the following address:

| Prime Clerk: |
| --- |
| Fieldwood Claims Processing Center<br>c/o Prime Clerk LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 |

19.    Proofs of Claim will be deemed filed when filing via PACER is completed or when actually received by Prime Clerk. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

## Parties Not Required to File Proofs of Claim

20.    The Debtors propose that the following persons and entities *not be required* to file Proofs of Claim in these chapter 11 cases:

   a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

   b. any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s);

   c. any person or entity (i)(x) whose claim is listed in the Schedules or any amendments thereto, *and* (y) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

   d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors or any statutory committee pursuant to orders of this Court that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of such administrative claim(s);

   e. any party that is exempt from filing a filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the *Final Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* [Docket No. 346];

f.   any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g.   any person or entity holding an equity security interest in any Debtor;

h.   any Debtor asserting a claim against another Debtor;

i.   any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

j.   any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

### Filing Proofs of Claim Against Multiple Debtors

21.     The Debtors also request that all persons and entities asserting claims against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against whom their claim is asserted. Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of Proofs of Claim in these chapter 11 cases and will not be unduly burdensome on claimants. The Debtors also request, with respect to Proofs of Claim that list more than one Debtor, that the Debtors be authorized to treat such claim as filed only against the first listed Debtor.

### Effect of Failure to File a Proof of Claim

22.     The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim in the form and manner specified in the order establishing the Bar Dates (the "**Bar Date Order**") and who fails to do so on or before the applicable Bar Date shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon, or receiving distributions under, any chapter 11 plan in these cases.

**Proposed Procedures for Providing Notice**
**of Bar Dates and Procedures for Filing Proofs of Claim**

23.     The Debtors intend to provide the Bar Date Notice by causing Prime Clerk to mail a copy of the Bar Date Notice, together with a Proof of Claim form, via email or first-class United States mail, postage prepaid, to all known persons and entities holding potential prepetition claims against the Debtors at least thirty (30) days prior to the General Bar Date.

24.     Furthermore, the Debtors will provide notice of the General Bar Date to potential unknown creditors by causing a copy of the notice attached to the Proposed Order as **Exhibit 3** (the "**Publication Notice**") to be published in one or more local or foreign newspapers, trade journals or similar publications, as soon as reasonably practicable after entry of the Bar Date Order. In addition, Prime Clerk will prominently display the Bar Date Notice and the Bar Dates on its website.

**Relief Requested Should Be Granted**

25.     The Bar Date Notice and the Publication Notice (i) set forth the General Bar Date and Governmental Bar Date; (ii) advise creditors under what circumstances they must file a Proof of Claim in these chapter 11 cases; (iii) alert the Debtors' creditors to the consequences of failing to file a timely Proof of Claim; (iv) set forth the address to which Proofs of Claim must be sent for filing; and (v) notify creditors that facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose. The Debtors submit that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

26.     The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.

*See In re Placid Oil Co.,* 753 F.3d 151, 154 (5th Cir. 2014). "[K]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). For "unknown creditors" a debtor need only provide constructive notice by publication. *Placid Oil,* 751 F.3d at 155 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* at 156 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

27.     As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied*, 493 U.S. 811 (1989)).

28.     The Debtors submit that the proposed notice procedures with respect to the Bar Dates satisfy the *Placid Oil* standard. Through the process of completing the Schedules, the Debtors will have identified those persons and entities that are known to the Debtors to hold claims against one or more of the Debtors, or are likely to be potential holders of claims. The potential claimants will be identified following careful review of the Debtors' books and records.

29.     The Debtors believe that the Publication Notice is reasonably designed to provide any claimants unknown to the Debtors that may potentially hold claims against any of the Debtors with adequate notice of the Bar Dates. In addition, the Debtors believe that the Publication

Notice constitutes good and sufficient notice to "unknown" creditors, as defined by the Fifth Circuit in *Placid Oil*.

30.     The procedures and notice periods described herein afford creditors ample opportunity to file Proofs of Claim, while at the same time ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner and emerge from chapter 11 as expeditiously as possible. Courts in this district routinely fix similar bar dates for filing Proofs of Claim in comparable chapter 11 cases. *See, e.g.*, *In re CEC Entm't, Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 28, 2020) (Docket No. 747); *In re SpeedCast Int'l, Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. Apr. 23, 2020) (Docket No. 463); *In re Legacy Reserves Inc.*, No. 19-33395 (MI) (Bankr. S.D. Tex. Sept. 9, 2019) (Docket No. 444); *In re Vanguard Natural Res., Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. May 2, 2019) (Docket No. 249); *In re EXCO Res., Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Mar. 7, 2018) (Docket No. 448).

## Emergency Consideration

31.     The Debtors are requesting emergency relief in light of the Debtors' anticipated timing for seeking approval of their disclosure statement and confirmation of a chapter 11 plan in accordance with the terms of their RSA (as defined in the Dane Declaration).

## Reservation of Rights

32.     Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion,

or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Notice

33.     Notice of this Motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

34.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 2, 2020
       Houston,  Texas

Respectfully  submitted,


  /s/  Alfredo R. Pérez
WEIL,  GOTSHAL  &  MANGES  LLP
Alfredo  R. Pérez (15776275)
Clifford  Carlson (24090024)
700 Louisiana  Street, Suite  1700
Houston,  Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com


-and-

WEIL,  GOTSHAL  &  MANGES  LLP
Matthew  S. Barr (admitted  *pro hac vice*)
Jessica  Liou (admitted  *pro hac vice*)
767 Fifth  Avenue
New York,  New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
        Jessica.Liou@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

**Certificate of Service**

I hereby certify that on October 2, 2020 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ Alfredo R. Pérez_

Alfredo R. Pérez