

ENTERED
10/06/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
|  | § § | (Jointly Administered) |
| Debtors.¹ | § § § |  |

### ORDER AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE

Upon the motion, dated September 3, 2020 (the "**Motion**"),² of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, for an order authorizing the Debtors to employ Ordinary Course Professionals, effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion;

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to employ the Ordinary Course Professionals listed on **Exhibit 1** and **Exhibit 2** annexed hereto in accordance with the following procedures (the "**Procedures**"), effective as of the Petition Date:

   (i) Each Ordinary Course Professional will provide the Debtors' attorneys, within 20 days after the later of the date (a) of entry of this Order or (b) on which the Ordinary Course Professional commences services for the Debtors, a declaration substantially in the form annexed as **Exhibit 3** to this Order (the "**OCP Declaration**") certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

   (ii) The Debtors' attorneys will file the OCP Declaration with the Court and serve a copy of each upon: (a) the United States Trustee for Region 7 (Attn: Hector Duran, Esq. and Stephen Statham, Esq.) (the "**U.S. Trustee**"); (b) counsel to the Creditors' Committee, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 (Attn: Kristopher M. Hansen, Esq), and counsel to any other statutory committee appointed in these chapter 11 cases; and (c) counsel to the Ad Hoc Group of Secured Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq. and Natasha Tsiouris, Esq.) (collectively, the "**Reviewing Parties**").

   (iii) The Reviewing Parties will have 10 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

(iv) If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order of the Court; *provided* that if an objection is served by the Objection Deadline and such objection cannot be resolved within 20 days, the Debtors will schedule the matter for a hearing before the Court.

(v) The Debtors are authorized to retain additional Ordinary Course Professionals throughout these cases; *provided* that each additional Ordinary Course Professional shall file an OCP Declaration with the Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

(vi) Subject to the foregoing and the payment caps described below, the Debtors are authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the same manner as such Ordinary Course Professional was compensated and reimbursed before the Petition Date, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices). The following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $150,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 1 Monthly Cap**") and may not exceed $2,000,000 over a rolling twelve-month period starting from the first full month after the Petition Date (the "**Tier 1 Yearly Cap**"); and

- For each Ordinary Course Professional set forth on **Exhibit 2** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $100,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 2 Monthly Cap**" and, together with the Tier 1 Monthly Cap, the "**Monthly Caps**") and may not exceed $600,000 over a rolling twelve-month period starting from the first full month after the Petition Date (the "**Tier 2 Yearly Cap**" and, together with the Tier 1 Yearly Cap, the "**Yearly Caps**").

3

(vii)     The Debtors may increase a Monthly Cap or Yearly Cap with the consent of the Creditors' Committee, any other statutory committee appointed in these chapter 11 cases, the U.S. Trustee and the Ad Hoc Group of Secured Lenders. Absent consent, the Debtors shall file a motion seeking Court authority to increase the Monthly Cap or Yearly Cap.

(viii)     The Debtors may (a) add Ordinary Course Professionals to the lists of Ordinary Course Professionals set forth on **Exhibit 1** and **Exhibit 2** of the Proposed Order, and (b) re-designate Ordinary Course Professionals as set forth on **Exhibit 1** and **Exhibit 2** of the Proposed Order with the consent of the Creditors' Committee, any other statutory committee appointed in these chapter 11 cases, the U.S. Trustee and the Ad Hoc Group of Secured Lenders.

(ix)     To the extent an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Cap and/or Yearly Cap (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties or a party in interest shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 20 days, the Debtors will schedule the matter for a hearing before the Court. To the extent an Ordinary Course Professional seeks compensation in excess of the applicable Yearly Cap, the Debtors shall file an application to employ such Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code, as applicable, and such Ordinary Course Professional's subsequent compensation shall be governed by the Court's order, if any, approving such Ordinary Course Professional's employment.

(x)     At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending October 31, 2020, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (c) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (d) a general description of the services rendered by that Ordinary Course Professional.

2.     This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

3. Entry of this Order and approval of the Procedures does not affect the Debtors' rights to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises, and the Debtors reserve all of their rights with respect thereto.

4. Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

5. All caps set forth in the Procedures are without prejudice to the Debtors' ability to request that the Court increase the terms of such caps at a later time.

6. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from this Court (a) requiring an Ordinary Course Professional to file a separate retention application under section 327(a) of 327(e) of the Bankruptcy Code or (b) altering the amount of the Monthly Caps or Yearly Caps.

7. The form of OCP Declaration is approved.

8. To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with services that are the subject of the Motion (each such agreement, an "**OCP Agreement**"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these cases:

(i) The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(ii) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (a) judicially determined (the determination having

        become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (b) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

(iii)    If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these chapter 11 cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

9.    The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

10.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: October 06, 2020

                                                                Marvin Isgur
                                          United States Bankruptcy Judge

## **Exhibit 1**

## **Tier 1 Ordinary Course Professionals**

| Name | Address | General Description |
|---|---|---|
| Ernst & Young LLP | 1401 McKinney Street<br>Suite 2400<br>Houston, TX 77010 | Accounting and Auditing |
| Simpson Thacher & Bartlett LLP | 425 Lexington Ave<br>New York, NY 10017 | Legal |

**Exhibit 2**

**Tier 2 Ordinary Course Professionals**

| Name | Address | General Description |
|---|---|---|
| Adams and Reese LLP | Dept 5208<br>PO Box 2153<br>Birmingham, AL 35287-5208 | Legal |
| Beck Redden LLP | 1221 McKinney Street<br>Suite 4500<br>Houston, TX 77010 | Legal |
| Blank Rome LLP | 1825 Eye Street NW<br>Washington, DC 20006-5403 | Legal |
| BRI Consulting Group, Inc. | 1616 S. Voss Road<br>Suite 845<br>Houston, TX 77057 | Accounting and Auditing |
| Buck Keenan LP | 2229 San Felipe Street<br>Suite 1000<br>Houston, TX 77019 | Legal |
| Capitelli & Wicker | 1100 Poydras Street<br>New Orleans, LA 70163 | Legal |
| Capitol Services | 206 E 9th Street<br>Suite 1300<br>Austin, TX 78701 | Legal |
| Chaffe McCall LLP | 801 Travis Street<br>Suite 1910<br>Houston, TX 77002 | Legal |
| Corbett & Schreck, PC | P.O.Box 832<br>Manvel, TX 77578-0832 | Legal |
| Ernst & Young Product Sales LLC | 950 Main Avenue<br>Suite 1800<br>Cleveland, OH 44113 | Accounting and Auditing |
| Floom Energy Law PLLC | 1408 N Fillmore Street<br>Suite 7<br>Arlington, VA 22201 | Legal |
| Gieger Laborde & Laperouse LLC | 701 Poydras Street Suite 4800<br>New Orleans, LA 70139 | Legal |
| Hartline Barger LLP | 8750 North Central Expressway<br>Suite 1600<br>Dallas, TX 75231 | Legal |
| Holman Fenwick Willan USA LLP | 5151 San Felipe Suite<br>Suite 400<br>Houston, TX 77056 | Legal |
| Jackson Lewis PC | 1133 Westchester Avenue<br>Suite S125<br>West Harrison, NY 10604 | Legal |
| John & Hengerer | 1730 Rhode Island Avenue, N.W.<br>Suite 600<br>Washington, TX 20036-3116 | Legal |
| Kilmer Crosby & Quadros PLLC | 712 Main Street<br>Suite 1100<br>Houston, TX 77002 | Legal |
| King & Jurgens LLC | 201 St Charles Avenue<br>45th Floor<br>New Orleans, LA 70170 | Legal |
| Law Office Of Kevin M Sweeney | 1625 K. Street NW<br>Suite 1100<br>Washington, DC 20006 | Legal |

| Name | Address | General Description |
|---|---|---|
| Liskow & Lewis | 701 Poydras St.<br>Suite 5000<br>New Orleans, LA 70139 | Legal |
| Loyens & Loeff | Fred. Roeskestraat 100<br>ED Amsterdam 1076<br>Netherlands | Legal |
| Mayer Brown, LLP | 71 South Wacker Dr<br>Floor 33<br>Chicago, IL 60606 | Legal |
| Miller & Chevalier Chartered | 900 16th Street NW<br>Washington, DC 20006 | Legal |
| Opportune LLP | 711 Louisiana  Street<br>Suite 3100<br>Houston, TX 77002 | Accounting and Auditing |
| Post & Schell PC | 1600 John F Kennedy Blvd<br>Philadelphia, PA 19103 | Legal |
| PriceWaterhouseCoopers LLP | 3109 W Dr MLK Jr Blvd<br>Tampa, FL 33607 | Accounting and Auditing |
| Ryder Scott Company LP | 1100 Louisiana Street<br>Suite 4600<br>Houston, TX 77002 | Accounting and Auditing |
| Schiffer Odom Hicks & Johnson PLLC | 700 Louisiana Street<br>Suite 2650<br>Houston, TX 77002 | Legal |
| Skinner Law Firm LLC | 600 Jefferson Street<br>Suite 810<br>Lafayette, LA 70505 | Legal |
| Stancil & Co. | 400 E. Las Colinas Blvd<br>Suite 700<br>Irving, TX 75039 | Accounting |
| Susman Godfrey LLP | 1000 Louisiana Street<br>Suite 5100<br>Houston, TX 77002-5096 | Legal |
| Thompson Coburn LLP | One US Bank Plaza<br>St. Louis, MO 63101 | Legal |
| Thompson & Knight LLP | 811 Main Street<br>Suite 2500<br>Houston, TX 77002 | Legal |
| Willis Towers Watson US LLC | 800 N. Glebe Road<br>Suite 1000<br>Arlington, VA 22203-2150 | Compensation Consulting |

**Exhibit 3**

**Ordinary Course Professional Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.¹ | § | |
| | § | Re: Docket No. ___ |

**DECLARATION AND DISCLOSURE STATEMENT OF _____,
ON BEHALF OF _____**

I, _____, hereby declare, pursuant to section 1746 of title 28 of the United States Code:

1. I am a **[insert title]** of **[firm]** located at **[street, city, state, zip code]** (the "**Firm**").

2. Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide **[description of type of services]** services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

6. The Debtors owe the Firm $_____ for prepetition services.

7. As of August 3, 2020, the date on which the Debtors commenced the above captioned chapter 11 cases, the Firm was **[was/was not]** a party to an agreement with the Debtors that provides for the indemnification by the Debtors of the Firm in connection with the Services.

8. **[Include this paragraph only if there is an OCP Agreement]** Such agreement for indemnification (the "**OCP Agreement**") is subject to the following modifications, application during the pendency of the Debtors' chapter 11 cases:

(i) The Firm shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(ii) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Firm, or provide contribution or reimbursement to the Firm, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from the Firm's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (b) for a contractual dispute in which the

    Debtors allege the breach of the Firm's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Firm should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

  (iii) If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these chapter 11 cases, the Firm believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified pursuant to this Declaration), including the advancement of defense costs, the Firm must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Firm before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Firm for indemnification, contribution, or reimbursement. In the event that the Firm seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Firm's own applications, both interim and final, but determined by the Court after notice and a hearing.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 20[●]

            By: _____

3