

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
10/06/2020

| | | |
|---|---|---|
| In re: | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § § | **Case No. 20-33948 (MI)** |
| Debtors.[1] | § § § | **(Jointly Administered)** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF**
**ALIXPARTNERS, LLP AS FINANCIAL ADVISOR TO THE**
<u>**DEBTORS EFFECTIVE AS OF THE PETITION DATE**</u>

Upon the application, dated September 2, 2020 (the "**Application**"),[2] of Fieldwood

Energy LLC  and its debtor affiliates, as debtors and debtors in possession (collectively, the

"**Debtors**"), for entry of an order pursuant to sections 327(a), 328(a), and 1107 of

the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1

and 2016-1, (i) authorizing the Debtors to retain and employ AlixPartners, LLP ("**AlixPartners**")

as financial advisor to the Debtors, effective as of the Petition Date and (ii) granting related relief,

as more fully set forth in the Application; and upon consideration of the Castellano Declaration;

and the Court having found that the terms and conditions of AlixPartners' engagement, including,

but not limited to, the Fee and Expense Structure set forth in the Engagement letter and

summarized in the Application are reasonable as required by section 328(a) of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Code; and the Court being satisfied, based on the representations made in the Application and Castellano Declaration, that AlixPartners is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that AlixPartners represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary for the Debtors' reorganization and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      In accordance with sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain AlixPartners, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, attached as **Exhibit A** to the Application, and this Order.

2.      The terms of the Engagement Letter, including without limitation, the Indemnification Provisions and the Fee and Expense Structure, are reasonable terms and conditions of employment and are approved in all respects, as modified by this Order.

3.      AlixPartners is authorized to apply the Retainer and advanced payments to unpaid amounts to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation.  Any balance of the Retainer shall be treated as an evergreen retainer as security for postpetition services and expenses.

4.      AlixPartners shall file monthly, interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines and any applicable order of this Court.  For billing purposes, AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

5.      AlixPartners shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

       7.      AlixPartners shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

       8.      The Indemnification Provisions included in the Engagement Letter and its attachments are approved, subject during the pendency of these chapter 11 cases to the following:

      (a) AlixPartners shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

      (b) The Debtors shall have no obligation to indemnify AlixPartners or provide contribution or reimbursement to AlixPartners for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from AlixPartners' gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to AlixPartners' gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which AlixPartners should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

      (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, AlixPartners must file an application therefor in this Court, and the Debtors may not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements, to AlixPartners. All parties in interest shall retain the right to object to any demand by AlixPartners for indemnification, contribution and/or reimbursement.

9.      In the event that, during the pendency of these cases, AlixPartners seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in AlixPartners' fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that AlixPartners shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of AlixPartners' fee applications in these bankruptcy cases.

10.      To the extent that AlixPartners uses the services of independent contractors (the "**Independent Contractors**") in these chapter 11 cases, AlixPartners will pass-through the cost of such Independent Contractors to the Debtors at the same rate that AlixPartners pays the Independent Contractors.  In addition, AlixPartners shall ensure that the Independent Contractors perform the conflict checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

11.      To the extent the Debtors wish to expand the scope of AlixPartners' services beyond those services set forth in the Application, Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within ten days of the Debtors

filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

12.     AlixPartners will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, AlixPartners will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

13.     Notice of this Application as provided therein constitutes good and sufficient notice of the Application.

14.     To the extent the Application, Engagement Letter, or the Castellano Declaration is inconsistent with this Order, the terms of this Order shall govern.

15.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: October 06, 2020

Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                                          Case No. 20-33948-mi
Fieldwood Energy LLC                                                            Chapter 11
The Official Committee of Unsecured Cred
    Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0541-4                        User: TylerLaws                        Page 1 of 4
Date Rcvd: Oct 06, 2020                     Form ID: pdf002                        Total Noticed: 73

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2020:

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| db | + | Bandon Oil and Gas GP, LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Bandon Oil and Gas, LP, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Dynamic Offshore Resources NS, LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | FW GOM Pipeline, Inc., 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Energy LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Energy Offshore LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Energy SP LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Offshore LLC, 2000 W. Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Onshore LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood SD Offshore LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | GOM Shelf LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Galveston Bay Pipeline LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Galveston Bay Processing LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| aty | + | Charles M Rush, 202 Magnate Drive, Lafayette, LA 70508-3830 |
| aty | + | Clark Hill Strasburger, Attn: Duane J. Brescia, 720 Brazos, Suite 700, Austin, TX 78701-2531 |
| aty | + | Emile Joseph, Jr., Allen & Gooch, P O Box 81129, Lafayette, LA 70598-1129 |
| aty | + | Petro Amigos Supply, Inc., c/o Wayne Kitchens, Total Plaza, 1201 Louisiana, 28th Floor, Houston, TX 77002-5607 |
| aty | + | Ronald Savoie, Jackson & Jackson, P.L.L.C., 111 Founders Drive, Suite 400, Baton Rouge, LA 70810-8959 |
| cr | + | A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC, c/o Andrew A Braun, Gieger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139 US 70139-7756 |
| cr | + | Aker Solutions Inc., Bruce J. Ruzinsky, 1401 McKinney Street, Suite 1900, Houston, TX 77010-4037 |
| cr | | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | + | Ankor E&P Holdings Corporation, c/o Looper Goodwine P.C., Attn: Paul J. Goodwine, 650 Poydras Street, Suite 2400, New Orleans, LA 70130-6171 |
| cr | + | Ankor Energy LLC, c/o Looper Goodwine P.C., Attn: Paul J. Goodwine, 650 Poydras Street, Suite 2400, New Orleans, LA 70130-6171 |
| intp | + | Apache Corporation, Hunton Andrews Kurth LLP, Attn: Robin Russell, 600 Travis Street, Suite 4200 Houston, TX 77002-2929 |
| cr | + | Archrock Services, LP, 16666 North Chase Dr., Houston, TX 77060-6014 |
| cr | + | Aspen American Insurance Company, c/o Randall A. Rios, Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, TX 77002-2629 |
| cr | + | Bedrock Petroleum Consultants, LLC, c/o Bradley, Attn: James B. Bailey, 1819 Fifth Avenue North, Birmingham, AL 35203-2120 |
| cr | + | Broussard Brothers, Inc., 501 S. Main St., Abbeville, LA 70510, US 70510-6508 |
| cr | + | C-Dive, L.L.C., c/o Leann O. Moses, 1100 Poydras Street, Suite 3100, New Orleans, LA 70163-1102 |
| cr | + | CETCO Energy Services Company, LLC, c/o The Derbes Law Firm, LLC, 3027 Ridgelake Dr., Metairie, LA 70002-4924 |
| cr | + | DLS, LLC, P.O. Box 309, Lydia, LA 70569-0309 |
| cr | + | DeepSea Quality Consulting, Inc., c/o Ben L. Aderholt, Coats Rose, P.C., 9 Greenway, Suite 1000 Houston, TX 77046-0900 |
| cr | + | Discovery Gas Transmission LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Diversified Well Logging, LLC, C/O Dore Rothberg McKay, PC, 17171 Park Row, Suite 160, Houston, TX 77084-4927 |
| cr | + | Everest Reinsurance Company, c/o Randall A. Rios, Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, TX 77002-2629 |
| cr | | Gibson Applied Technology & Enginnering, 1630 Park Ten Place, Suite 206, Houston, TX 77084 |
| cr | + | Gulfstar One LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| intp | + | Helis Oil & Gas Company, LLC, c/o J. David Forsyth, 400 Poydras Street, Suite 2550, New Orleans, LA 70130-3292 |
| cr | + | JX Nippon Oil Exploration (U.S.A.) Limited, c/o GIEGER, LABORDE & LAPEROUSE, L.L.C., 5151 SAN FELIPE, SUITE 750, Houston, TX 77056-3646 |
| cr | + | LLOG Exploration Company, LLC, c/o Looper Goodwine P.C., 650 Poydras Street, Suite 2400, Attn: Paul J. Goodwine, New Orleans, LA 70130-6171 |
| cr | + | Lexon Insurance Company and Endurance American Ins, Harris Beach PLLC, c/o Lee E. Woodard, Esq., 333 West Washing St., Ste. 200, Syracuse, NY 13202-5202 |
| cr | + | Martin Energy Services LLC, c/o Robert P. Franke, Clark Hill Strasburger, 901 Main St., Suite 6000, Dallas, TX 75202-3748 |
| cr | + | Milorad Raicevic, 3701 Kirby Drive, Suite 1000, Houston, TX 77098-3928 |

| | | |
|---|---|---|
| op | + | Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165-1446 |
| intp | | Railroad Commission of Texas, c/o Office of the Attorney General, Bankruptcy & Collections Division, P. O. Box 12548, Austin, TX 78711-2548 |
| cr | + | Red Willow Offshore, LLC, c/o Barnet B. Skelton, Jr., 815 Walker, Suite 1502, Houston, TX 77002-5832 |
| cr | + | Regis Southern, c/o Reese Baker, 950 Echo Lane Ste 300, Houston, TX 77024-2824 |
| cr | + | SBM Gulf Production LLC, c/o Ken Green, Snow Spence Green LLP, P O Box 549, Hockley, TX 77447-0549 |
| cr | + | Seitel Data, Ltd., c/o Duane J. Brescia, Clark Hill Strasburger, 720 Brazos, Suite 700, Austin, TX 78701-2531 |
| cr | + | Sheldon Independent School District, c/o Owen M. Sonk, PBFCM, LLP, 1235 N. Loop W., Suite 600, Houston, TX 77008-1772 |
| cr | + | Sheldon Independent School District, et al, c/o Owen M. Sonk, PBFCM, LLP, 1235 N. Loop W., Ste 600, Houston, TX 77008-1772 |
| intp | + | TC Oil Louisiana, LLC, c/o Wick Phillips Attn: Jason Rudd, 3131 McKinney Ave., Suite 100, Dallas, TX 75204-2430 |
| cr | + | TGS AP Investments AS, c/o Andrew A Braun, Geiger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139-7756 |
| cr | + | TGS-NOPEC Geophysical Company, c/o Andrew A Braun, Gieger, Laborde & Laperouse, LLC, Suite 4800, 701 Poydras St., New Orleans, LA 70139 US 70139-7756 |
| cr | + | TGS-NOPEC Geophysical Company ASA, c/o Andrew A Braun, Gieger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139 US 70139-7756 |
| intp | + | Tana Exploration Company, LLC, c/o Wick Phillips Attn: Jason Rudd, 3131 McKinney Ave., Suite 100, Dallas, TX 75204-2430 |
| cr | + | Tetra Applied Technologies, Inc., c/o Zachary S. McKay, Dore Rothberg McKay, P.C., 17171 Park Row, Suite 160, Houston, TX 77084-4927 |
| cr | + | Transcontinental Gas Pipe Line Company, LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Trendsetter Engineering, Inc., 10430 Rodgers Road, Houston, TX 77070, UNITED STATES 77070-1642 |
| cr | + | U.S. Specialty Insurance Company, c/o Locke Lord LLP, ATTN: Philip Eisenberg, 600 Travis Street, Suite 2800, Houston, TX 77002-2914 |
| cr | + | WFS Liquids LLC, c/o Steven W. Soule', Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Westerngeco LLC, c/o Andrew A Braun, Gieger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139 US 70139-7756 |
| cr | + | Williams Field Services-Gulf Coast Company LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Zurich American Insurance Company, c/o Duane Brescia, 720 Brazos Street, Suite 700, Austin, TX 78701-2531 |

TOTAL: 64

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: bnkatty@aldineisd.org | Oct 06 2020 21:06:00 | Aldine ISD, Legal Department, 2520 WWThorne Dr., Houston, TX 77073-3406 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Oct 06 2020 21:04:00 | Cypress-Fairbanks ISD, Linebarger Goggan Blair & Sampson LLP, C/O John P. Dillman, P.O. Box 3064, Houston, Tx 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Oct 06 2020 21:04:00 | Galveston County, Linebarger Goggan Blair & Sampson LLP, C/O John P. Dillman, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Oct 06 2020 21:04:00 | Harris County, Linebarger Goggan Blair & Sampson LLP, C/O John P. Dillman, PO Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: bankruptcy@islandoperating.com | Oct 06 2020 21:05:00 | Island Operating Company Inc, 770 S Post Oak Lane, Suite 400, Houston, TX 77056-6666 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Oct 06 2020 21:04:00 | Jefferson County, Linebarger Goggan Blair & Sampson LLP, c/o John P. Dillman, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Oct 06 2020 21:04:00 | Matagorda County, Linebarger Goggan Blair & Sampson LLP, c/o John P. Dillman, Post Office Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: pwp@pattiprewittlaw.com | Oct 06 2020 21:03:00 | Plains Gas Solutions, c/o Law Ofc Patricia Williams Prewitt, 10953 Vista Lake Ct., Navasota, TX 77868, UNITED STATES 77868-6981 |
| cr | + | Email/Text: freddy.bourgeois@supremeservices.com | Oct 06 2020 21:05:00 | Supreme Service & Specialty Co. Inc., Attn: Freddy Bourgeois, 204 Industrial Ave. C, Houma, LA 70363-3900 |

TOTAL: 9

District/off: 0541-4                          User: TylerLaws                                    Page 3 of 4
Date Rcvd: Oct 06, 2020                       Form ID: pdf002                                     Total Noticed: 73

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 2M Oilfield Group Inc. |
| cr | | A-Port LLC |
| cr | | Acadian Contractors, Inc |
| cr | | Ad Hoc Group of Secured Lenders |
| cr | | Archrock Partners Operating, LLC and Archrock Serv |
| cr | | CCG Services (U.S.) Inc. |
| cr | | CNOOC Petroleum Offshore U.S.A. Inc. |
| cr | | CTD Legacy LLC |
| intp | | Cantor Fitzgerald Securities, as DIP Agent |
| cr | | Chevron U.S.A. Inc. |
| cr | | Derrick Daniels |
| cr | | Diamond Oil Field Supply Inc |
| cr | | Diverse Safety & Scaffolding, LLC |
| cr | | Ecopetrol America LLC |
| intp | | Eni Petroleum US LLC |
| intp | | Eni US Operating Co. Inc. |
| cr | | ExxonMobil Corporation |
| intp | | Facilities Consulting Group, LLC |
| cr | | Florida Gas Transmission Company, LLC |
| cr | | Goldman Sachs Bank USA |
| cr | | Halliburton Energy Services, Inc. |
| cr | | ITC Global, Inc. |
| cr | | Intracoastal Liquid Mud, Inc., UNITED STATES |
| intp | | Kilgore Marine |
| cr | | Lavaca County |
| cr | | Liberty Mutual Insurance Company |
| cr | | Linear Controls, Inc. |
| cr | | Live Oak CAD |
| cr | | Louisiana Safety Systems, Inc. |
| intp | | Manta Ray Offshore Gathering Company, L.L.C. |
| cr | | Multiklient Invest AS |
| intp | | Nautilus Pipeline Company, L.L.C. |
| cr | | Oceaneering International Inc. |
| cr | | Oil States Energy Services, LLC |
| cr | | Partco, LLC |
| cr | | Philadelphia Indemnity Insurance Company |
| cr | | Process Piping Materials, Inc. |
| cr | | R360 Environmental Solutions, LLC |
| intp | | RLI Insurance Company |
| cr | | Renaissance Offshore, LLC |
| cr | | Republic Helicopters, Inc. |
| cr | | Ridgewood Energy Corporation |
| cr | | Rio Grande City CISD |
| cr | | Samson Contour Energy E & P, LLC |
| cr | | Samson Offshore Mapleleaf, LLC |
| cr | | Sea Robin Pipeline Company, LLC |
| cr | | Starr County |
| cr | | State of Louisiana, Department of Natural Resource |
| cr | | Stingray Pipeline Company, LLC |
| intp | | Subsea 7 LLC |
| cr | | The Hanover Insurance Company |
| crcm | | The Official Committee of Unsecured Creditors |
| cr | | Travelers Casualty and Surety Company of America |
| cr | | Trunkline Gas Company, LLC |
| cr | | U.S. Department of the Interior |
| cr | | W&T Offshore, Inc. |
| cr | | XL Specialty Insurance Co |

District/off: 0541-4                          User: TylerLaws                          Page 4 of 4
Date Rcvd: Oct 06, 2020                       Form ID: pdf002                          Total Noticed: 73

cr                    XTO Energy, Inc.
db          *+        Fieldwood Energy Inc., 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623

TOTAL: 58 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 08, 2020                    Signature:        /s/Joseph Speetjens