**UNITED STATES BANKRUPTCY COURT**

**Southern District of Texas Houston Division**

| | |
|---|---|
| <u>In re</u> ) | Chapter 11 |
| ) | |
| **Fieldwood Energy LLC, et al.,** ) | **Case No 20-33948 (MI)** |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

## STATEMENT OF FINANCIAL AFFAIRS FOR

**Fieldwood Energy Offshore LLC**

**Case No: 20-33950 (MI)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Fieldwood Energy LLC ("**Fieldwood**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or the "**Company**"), with the assistance of their advisors, are filing their Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. These Global Notes are in addition to any specific notes contained in any individual Debtor's Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

The Schedules and Statements and these Global Notes should not be relied upon for information relating to the current or future financial conditions, events, or performance of any of the Debtors.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Michael T. Dane, the Debtors' Senior Vice President and Chief Financial Officer and an authorized signatory of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Dane relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Dane has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## <u>Global Notes and Overview of Methodology</u>

1.  **Description of the Case.** Commencing August 3, 2020 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

    On August 18, 2020, the United States Trustee for Region 7 appointed a committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 183]. No trustee or examiner has been appointed in these chapter 11 cases.

2.  **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights (i) to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including,

without limitation, the right to amend the Schedules and Statements with respect to any claim (as defined in section 101(5) of the Bankruptcy Code) ("**Claim**"), description, or designation or the Debtors against which the Claim is asserted; (ii) to dispute or otherwise to assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; and (iii) to designate subsequently any Claim as "disputed," "contingent," or "unliquidated;" or to object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtors against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

3.     **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

4.     **"As Of" Information Date.** To the best of the Debtors' knowledge, the asset information provided herein represents the data as of the close of business on July 31, 2020, except as otherwise noted. The liability information provided herein represents data as of the Petition Date, except as otherwise noted.

5.     **Net Book Value of Assets.** Unless otherwise indicated, the asset data contained in the Debtors' Schedules and Statements reflects net book value ("**NBV**") as of July 31, 2020. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the commodity price environment and may differ materially from the actual value of the underlying assets. Additionally, the asset values may also include the value of leased machinery, equipment and vehicles.

6.  **Recharacterization.** Notwithstanding the Debtors' commercially reasonable efforts to characterize, classify, categorize, or designate properly certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add, and delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules and Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

7.  **Classifications.** Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority," (iii) a Claim on Schedule E/F as "unsecured," or (iv) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

8.  **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, including to assert offsets or defenses to, any Claim reflected on their Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

9.  **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements, as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claim under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim. Although there are multiple holders of debt under the Debtors' prepetition funded indebtedness, only the administrative agents and/or collateral agents, as applicable, have been listed in the Schedules.

10. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. The Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain *de minimis* assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims. Prepetition liabilities that have been paid post-petition via this authorization have not been included in the Schedules.

11. **Intellectual Property Rights.** Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

12. **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers or vendors and setoffs or netting permitted under common obligations of a single joint operating agreement. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

13. **Insiders.** Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The Debtors reserve all rights to dispute whether someone identified in the Schedules and Statements is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

14. **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent,

matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, or assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15.    **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

- <u>Undetermined Amounts</u>. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

- <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. The Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid overpayment of, or duplicate payments for, any such liabilities.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16.    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17.    **Executory Contracts.** Although the Debtors have made diligent attempts to properly identify the Debtor counterparty(ies) to each executory contract on Schedule G, it is possible that the Debtors have inadvertently omitted certain parties. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

18.    **Leases.** The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

19. **Intercompany Payables and Receivables.** Intercompany receivables/payables between a Debtor and any non-Debtor affiliate, to the extent any exist, are set forth on Schedules A/B and E/F, respectively. Intercompany receivables/payables between the Debtors are set forth on the matrix included in the Schedules.

The listing by the Debtors of any account between a Debtor and another affiliate, including between the Debtor and any disregarded or non-debtor affiliate, is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions (collectively, "**Intercompany Transactions**") resulting in intercompany payables and receivables (the "**Intercompany Claims**"). Pursuant to the *Final Order (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Maintain Existing Business Forms, (C) Continue Intercompany Arrangements, and (D) Continue Utilizing Corporate Credit Cards; and (II) Granting Related Relief* (the "**Cash Management Order**") [Docket No. 341], the Debtors received the authority to continue to collect, concentrate and disburse cash in accordance with the Cash Management System (as defined in the Cash Management Order), including Intercompany Transactions between Debtors and other Debtors or non-Debtor affiliates. To the extent that an Intercompany Claim has been satisfied pursuant to the Cash Management Order, such Claims are excluded from Schedule A/B and Schedule E/F.

20. **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Addresses of individuals have been redacted to address privacy concerns. In addition, the very existence of certain agreements is (by the terms of such agreements) confidential. The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtor or the applicable party.

21. **Fiscal Year.** The Debtors operate under a fiscal year ending December 31. Unless otherwise indicated, all references to "annual," "annually," "year," "years," or an otherwise similar length of time are presumed to refer to a period of time ending December 31 of the referenced period or periods.

22. **Liens.** The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's or other similar liens. Such liens may apply, and the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

23. **Global Notes Control.** In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

## Specific Notes with Respect to the Debtors' Schedules

1. **Schedule A/B, Part 2, Question 3.** The bank account balances are as of the Petition Date, as reflected in Schedule 1 to the *Interim Order (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, (B) Maintain Existing Business Forms, (C) Continue Intercompany Arrangements, and (D) Continue Utilizing Corporate Credit Cards; and (II) Granting Related Relief* [Docket No. 49].

2. **Schedule A/B, Part 4, Question 15.** Non-publicly traded stock and interests owned by the Debtors are reflected in the organizational chart, included in the Schedules. For purposes of these Schedules and Statements, the Debtors have not listed values for those equity interests.

3. **Schedule A/B, Part 8, Questions 46-53.** Assets scheduled in Questions 46-50 may include certain assets that are fully depreciated with a net book value of $0.

4. **Schedule A/B, Part 9, Questions 54-55.** The book value of the Debtors' interests in oil and gas leases and other instruments are listed on Schedule A/B, regardless of whether such leases are considered executory contracts or interests in real property in the relevant jurisdiction. The Debtors' listing of such leases and agreements on Schedule A/B is not indicative of whether the Debtors consider or do not consider such leases and agreements unexpired leases or executory contracts. While Schedule A/B includes book values for the Debtors' interests in oil and gas leases, Schedule G sets forth the supporting leases, assignments and deeds where the same may constitute executory contracts.

   The Debtors' books and records do not contain net book values for the Debtors' interests in oil and gas leases on a lease-by-lease basis. Therefore, the Debtors do not list a net book value for their interests in oil and gas leases in the Schedules. The Debtors' have provided, however, a book value for each Debtor's interest in an oil and gas lease that is derived from the Debtors' mid-year reserves-related cash flow information, exclusive of cash outflows for decommissioning obligations. Certain of the Debtors' interests in oil and gas leases may compute to a negative derived value using this method. Where applicable, the derived values on Schedule A/B for such interests are listed as $0.

   Certain of the leases reflected on Schedule A/B may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B.

   The Debtors' failure to list any interests or rights in real property on Schedule A/B should not be construed as a waiver of any such interests or rights that may exist, whether known or unknown at this time.

5. **Schedule A/B, Part 11, Question 72.** The Debtors file their federal income taxes on a consolidated return basis, or are disregarded entities owned directly or indirectly by another Debtor for federal income tax purposes. Federal net operating loss ("**NOL**") carryforwards, general business credit carryforwards and other carryforwards are available to offset future taxable income or reduce future income tax liabilities of the consolidated group, of which

Fieldwood Energy Inc. is the parent. Amounts listed for federal NOL carryforwards, general business credit carryforwards and other carryforwards are based on the Debtors' reasonable estimates and may be subject to review by the Internal Revenue Service. State NOL carryforwards are listed on either a pre-apportioned or post-apportioned basis whichever is required to be reported by the particular state tax authority.

6.    **Schedule D.** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' secured funded indebtedness, only the administrative agents and/or collateral agents have been listed for purposes of Schedule D. The amounts reflected as outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

7.    **Schedule E/F, Part 1.** The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time. The Debtors have not included contingent employee related Claims that, upon certain conditions, may be priority unsecured Claims. Certain Claims may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining Claims listed on Schedule E/F. Accordingly, the Debtors have listed all such Claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

The Bankruptcy Court granted authority to the Debtors to pay certain Claims related to (i) employee wages, salaries, employee benefits and other compensation [Docket No. 51]

and (ii) taxes and assessments [Docket No. 60]. Accordingly, the Debtors have paid many of these obligations, and intend to make additional payments in the future. To the extent that the Debtors believe a party's prepetition Claim has been satisfied, such Claims have not been included on Schedule E/F.

8.   **Schedule E/F, Part 2.** The Debtors have used their reasonable best efforts to list all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have attempted to relate all liabilities to each particular Debtor. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

The Bankruptcy Court granted authority to the Debtors to pay certain Claims related to (i) interest owner obligations, joint interest billings, and exploration and production operating expenses [Docket Nos. 62 and 342] and (ii) insurance and surety bond programs [Docket Nos. 152 and 340]. Accordingly, the Debtors have paid some of these obligations, and intend to make additional payments in the future. To the extent that the Debtors believe a party's prepetition Claim has been satisfied, such Claim has not been included on Schedule E/F.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The Claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

9.   **Schedule G.** While the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts of each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, the status, the enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may have not be listed therein despite their Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other documents made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contact or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement).

Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on

Schedule G, it is the Debtors' intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtors and such supplier or provider.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, minerals, or other real property interests and equipment from third-party lessors for use in the daily operation of their business. To the extent there are known pre-petition obligations of the Debtors pursuant to such leases, such obligations have been listed on Schedule E/F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

10.     **Schedule H.** Although there are multiple parties that hold Claims related to the Debtors' secured funded indebtedness, only the administrative agents and/or collateral agents, as applicable, have been listed for the purposes of Schedule H.

To avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts are already reflected on Schedules E/F or G for each Debtor subject to such debt.

## Specific Notes with Respect to the Debtors' Statements

1.     **Statement, Part 1, Questions 1 and 2.** Revenue amounts listed for current fiscal year are through July 31, 2020.

2.     **Statement, Part 2, Question 3.** Payments listed do not include payments and transfers to restructuring professionals of the Debtors or payments and transfers to insiders within one year prior to the Petition Date. Payments and transfers to restructuring professionals of the Debtors and payments and transfers to insiders are shown on Part 6, Question 11 and Part 13, Question 30, respectively.

3.     **Statement, Part 2, Question 4.** Information in response to this question is set forth in Part 13, Question 30.

4.     **Statement, Part 2, Question 6.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, joint interest billings, intercompany transactions, counterparty settlements, pricing discrepancies, warranties, refunds, negotiations, or disputes between the Debtors and their operating partners or suppliers. These ordinary course setoffs and nettings are common to the industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for

the Debtors to list each such transaction. Therefore, ordinary course set-offs are excluded from the Debtors' responses to Question 6 of the Statements.

5.   **Statement, Part 2, Question 7.** The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof.

   The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Further, the Debtors operate in numerous jurisdictions and in the ordinary course of business may have disputed property valuations/tax assessments. The Debtors have not listed such disputes in response to Question 7 of the Statements.

6.   **Statement, Part 5, Question 10.** The Debtors occasionally incurred losses for a variety of reasons, including damage from hurricane and other wind storms. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' business and such losses may not have been reported for insurance purposes because the amount of damage falls within the Debtors' deductible. Accordingly, in this context, the Debtors have not listed such losses.

7.   **Statement, Part 6, Question 11.** The Debtors have made reasonable efforts to identify payments or transfers within one year prior to the Petition Date to any entity that the Debtors consulted about (i) debt consolidation or restructuring, (ii) seeking bankruptcy relief, or (iii) filing a bankruptcy case. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

8.   **Statement, Part 11, Question 21.** In connection with their oil and gas assets, the Debtors are obligated, pursuant to their oil and gas leases and other agreements or regulatory orders, to remit to the lessors of the oil and gas leases and potentially other parties their share of revenue from the producing wells located on the respective leases pursuant to the terms of their oil and gas lease. In addition, payments on account of overriding royalties must be remitted to the owners of those interests, and the holders of non-executive mineral interests, as well as the holders of nonparticipating royalty interests, must receive the proceeds due to them pursuant to the applicable agreement. The foregoing amounts were authorized to be paid pursuant to the *Final Order (I) Authorizing Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims, and (II) Granting Related Relief* (the "**Vendor Order**") [Docket No. 342]**,** and therefore are excluded from the Debtors' responses to Question 21 of the Statements.

The Debtors market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties. Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the net amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable. The Debtors are required to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses. The foregoing amounts were authorized to be paid under pursuant to the Vendor Order, and therefore are excluded from the Debtors' responses to Question 21 of the Statements.

9.  **Statement, Part 12, Question 22.** The response to this question does not include routine environmental reports, submissions, communications, and proceedings resulting from normal operations, if any, if the reports and submissions were made in compliance with regulatory requirements, such as discharge monitoring reports, permit applications, and submissions concerning air emissions. The responses to Question 22 of the Statements only include judicial or administrative proceedings under environmental laws that were active as of the Petition Date.

10. **Statement, Part 13, Question 26d.** The Debtors provide consolidated financial statements on a periodic basis to shareholders, board of directors, and other parties as may be required in connection with their debt agreements.

11. **Statement, Part 13, Question 28.** The Debtors have not listed any controlling shareholders of Fieldwood Energy Inc. in response to this question. Fieldwood Energy Inc.'s shareholders are identified in the List of Equity Security Holders that is annexed to Fieldwood Energy Inc.'s chapter 11 petition, filed in Case No. 20-33949 (MI), at Docket No. 1.

12. **Statement, Part 13, Question 30.** The Debtors have only identified payments to individuals or entities who may have been insiders as of the Petition Date. The listing of any individual or entity as an insider does not constitute an admission or a final determination that any such individual or entity is or is not an insider.

**Fieldwood Energy Offshore LLC**                                    **Case Number:**      **20-33950 (MI)**

| Part 1: | Income |
|---------|--------|

## 1. Gross Revenue from business

☐ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | | | | | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year through 07/31/2020:** | From | 1/1/2020 MM/DD/YYYY | to | 07/31/2020 MM/DD/YYYY | ☑ Operating a business<br>☐ Other | $44,055,895 |
| **For prior year:** | From | 1/1/2019 MM/DD/YYYY | to | 12/31/2019 MM/DD/YYYY | ☑ Operating a business<br>☐ Other | $120,395,682 |
| **For the year before that:** | From | 1/1/2018 MM/DD/YYYY | to | 12/31/2018 MM/DD/YYYY | ☑ Operating a business<br>☐ Other | $170,529,316 |

**Fieldwood Energy Offshore LLC**                                        **Case Number:**      **20-33950 (MI)**

| Part 1: | Income |
|---------|--------|

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year through 07/31/2020:** | From | 1/1/2020 MM/DD/YYYY | to | 07/31/2020 MM/DD/YYYY | PHA/PL/Facilities revenue and miscellaneous | $80,177 |
| **For prior year:** | From | 1/1/2019 MM/DD/YYYY | to | 12/31/2019 MM/DD/YYYY | | $0 |
| **For the year before that:** | From | 1/1/2018 MM/DD/YYYY | to | 12/31/2018 MM/DD/YYYY | | $0 |

**Fieldwood Energy Offshore LLC**                                      **Case Number:**      **20-33950 (MI)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1     NONE | | | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL** | $0 | |

| | **TOTAL** | $0 |
|---|---|---|

**Fieldwood Energy Offshore LLC**                                    **Case Number:**        **20-33950 (MI)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

## 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|

4.1     NONE

**Fieldwood Energy Offshore LLC**

Case Number:     20-33950 (MI)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|---|---|---|---|
| 5.1    NONE | | | $0 |
| | | **TOTAL** | **$0** |

**Fieldwood Energy Offshore LLC**                                    **Case Number:**      **20-33950 (MI)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1 NONE | | | | $0 |

|  | | | **TOTAL** | **$0** |

**Fieldwood Energy Offshore LLC**                                                    **Case Number:**     **20-33950 (MI)**

| **Part 3:** | Legal Actions or Assignments |
|---|---|

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☐ None

| | Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|---|
| 7.1 | ELBERT SCARBROUGH, JR. V. LONGNECKER CONSULTING, LLC, BARRY GRAHAM OIL SERVICE, LLC & FIELDWOOD ENERGY OFFSHORE LLC<br>CASE NO. 2:19-CV-12839 | PERSONAL INJURY | USDC ED LA | CLOSED |
| 7.2 | TERRY DURR V. REC MARINE LOGISTICS, LLC, GOL, L.L.C., FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD ENERGY LLC, AND WOOD GROUP PSN, INC.<br>CASE NO. 2:18-CV-3742 M(1) | PERSONAL INJURY | USDC ED LA | CLOSED |
| 7.3 | PEREGRINE OIL & GAS, LP AND PEREGRINE OIL & GAS II, LLC V. FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY OFFSHORE LLC, AND DYNAMIC OFFSHORE RESOURCES NS, LLC<br>CASE NO. 4:20-CV-01270 | CONTRACT DISPUTE | USDC SD TX—HOUSTON DIVISION | ACTIVE |
| 7.4 | JARVIS J. GRAYSON V. WOOD GROUP PSN, INC., FIELDWOOD ENERGY OFFSHORE LLC, M/V MISS DEE, GULF LOGISTICS OPERATING, INC., AND LAFAYETTE MARINE LLC<br>CAUSE NO: 6:17-CV-0368 | PERSONAL INJURY | USDC WD LA—LAFAYETTE DIVISION | ACTIVE |

**Fieldwood Energy Offshore LLC**                                                    **Case Number:**      **20-33950 (MI)**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|-------------------------|-------|
| 8.1    NONE | | | | | |

**Fieldwood Energy Offshore LLC**                                          **Case Number:**        **20-33950 (MI)**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|------------------------------|------------------------------------|-------------------------------------------|-------------|-------|

9.1     NONE

**Fieldwood Energy Offshore LLC**                                                         Case Number:        20-33950 (MI)

| **Part 5:** | **Certain Losses** |

## 10.  All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|---|---|---|---|---|
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10.1    NONE | | | | |
| | | | **TOTAL** | |

**Fieldwood Energy Offshore LLC**                                                                    **Case Number:**    **20-33950 (MI)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

 ☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.1    NONE | | | | | $0 |

**Fieldwood Energy Offshore LLC**                                    **Case Number:**    **20-33950 (MI)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years
before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|--------------------------|---------|-----------------------------------|---------------------------|----------------------|
| 12.1    NONE | | | | $0 |

**Fieldwood Energy Offshore LLC**                                      **Case Number:**      **20-33950 (MI)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1   NONE | | | $0 |

|  |  | **TOTAL** | **$0** |

**Fieldwood Energy Offshore LLC**                                                    Case Number:      20-33950 (MI)

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.1    NONE | From: _____ To: _____ |

**Fieldwood Energy Offshore LLC**                                         **Case Number:**      **20-33950 (MI)**

| **Part 8:** | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1    NONE | | | | ☐ Electronic<br>☐ Paper |

**Fieldwood Energy Offshore LLC**                                              **Case Number:**    **20-33950 (MI)**

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.  _____

    Does the debtor have a privacy policy about that information?

     ☐ No

     ☐ Yes

**Fieldwood Energy Offshore LLC**                                                      **Case Number:**      **20-33950 (MI)**

**Part 9:**        **Personally Identifiable Information**

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

  Yes. Does the debtor serve as plan administrator?

  ☐ No. Go to Part 10.
  ☐ Yes.  Fill in below:

   Describe: _____                 EIN: _____

   Has the plan been terminated?
   ☐ No
   ☐ Yes

**Fieldwood Energy Offshore LLC**                                    Case Number:        20-33950 (MI)

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1   NONE | | | | |

**Fieldwood Energy Offshore LLC**　　　　　　　　　　　　　　　　　　**Case Number:**　　**20-33950 (MI)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|
| 19.1　　NONE | | | ☐ No<br>☐ Yes |

**Fieldwood Energy Offshore LLC**                                    **Case Number:**      **20-33950 (MI)**

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1    NONE | | | | ☐ No<br>☐ Yes |

**Fieldwood Energy Offshore LLC**                                                    **Case Number:**     **20-33950 (MI)**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1    NONE | | | |

**Fieldwood Energy Offshore LLC**                                    **Case Number:**        **20-33950 (MI)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22.1   NONE | | | |

**Fieldwood Energy Offshore LLC**                                     **Case Number:**     **20-33950 (MI)**

| Part 12: | Details About Environmental Information |
| --- | --- |

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
| --- | --- | --- | --- |
| 23.1   NONE | | | |

**Fieldwood Energy Offshore LLC**                                                      **Case Number:**     **20-33950 (MI)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24.1   NONE | | | |

**Fieldwood Energy Offshore LLC**                                     **Case Number:**     **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1   THE OWNERSHIP STRUCTURE CHART AS PROVIDED IN SCHEDULE A/B, PART 4: QUESTION 15 SERVES AS THE RESPONSE TO THIS QUESTION<br>. | | | - |

**Fieldwood Energy Offshore LLC**                                                    **Case Number:**      **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | |
|---|---|---|---|
| 26a.1   BILL SWINGLE - VICE PRESIDENT AND CHIEF ACCOUNTING OFFICER<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | From: | 11/2/2015 | To:  Current |
| 26a.2   MIKE DANE - SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | From: | 3/14/2016 | To:  Current |

**Fieldwood Energy Offshore LLC**                                    **Case Number:**        **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | |
|---|---|---|---|
| 26b.1   ERNST & YOUNG LLP<br>5 HOUSTON CENTER<br>SUITE 2400<br>1401 MCKINNEY STREET<br>HOUSTON, TX 77010 | From: | 1/1/2013 | To:  Current |

**Fieldwood Energy Offshore LLC**                                 **Case Number:**      **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1   BILL SWINGLE - VICE PRESIDENT AND CHIEF ACCOUNTING OFFICER<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | |
| 26c.2   ERNST & YOUNG LLP<br>5 HOUSTON CENTER<br>SUITE 2400<br>1401 MCKINNEY STREET<br>HOUSTON, TX 77010 | |
| 26c.3   MIKE DANE - SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | |

**Fieldwood Energy Offshore LLC**                                                                                                  **Case Number:**      **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and Address |
|---|
| 26d.1    NONE |

**Fieldwood Energy Offshore LLC**                                        **Case Number:**     **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27.1   NONE | | | | |

**Fieldwood Energy Offshore LLC**                                                              **Case Number:**      **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1   GARY G. JANIK<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | VICE PRESIDENT | |
| 28.2   JOHN H. SMITH<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | VICE PRESIDENT | |
| 28.3   JOHN SEEGER<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | VICE PRESIDENT | |
| 28.4   MICHAEL T. DANE<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | VICE PRESIDENT | |
| 28.5   THOMAS R. LAMME<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | VICE PRESIDENT AND SECRETARY | |

**Fieldwood Energy Offshore LLC**                                     Case Number:     **20-33950 (MI)**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
| --- | --- |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
| --- | --- | --- |
| 29.1   G.M. MCCARROLL<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042 | PRESIDENT AND SOLE MANAGER | From:      1/1/2014      To:      7/1/2020 |

**Fieldwood Energy Offshore LLC**                                            **Case Number:**        **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30.  Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1    NONE | | | |
| **TOTAL** | **$0** | | |

**Fieldwood Energy Offshore LLC**                                                    **Case Number:**     **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31. I   FIELDWOOD ENERGY INC | EIN:    46-1694991 |

**Fieldwood Energy Offshore LLC**                                    **Case Number:**      **20-33950 (MI)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. 1    NONE | EIN: |

**Fieldwood Energy Offshore LLC**                                      **Case Number:**      **20-33950 (MI)**

| **Part 14:** | **Signature and Declaration** |

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:**        October 12, 2020


**Signature:**    /s/ Michael T. Dane                                    Michael T. Dane, Senior Vice President & Chief Financial Officer

                                                                        **Name and Title**




Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes