**UNITED STATES BANKRUPTCY COURT**

**Southern District of Texas Houston Division**

| | | |
|---|---|---|
| <u>In re</u> | ) | Chapter 11 |
| | ) | |
| **Fieldwood Energy LLC, et al.,** | ) | **Case No 20-33948 (MI)** |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Galveston Bay Processing LLC**

**Case No: 20-33960 (MI)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Fieldwood Energy LLC ("**Fieldwood**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or the "**Company**"), with the assistance of their advisors, are filing their Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. These Global Notes are in addition to any specific notes contained in any individual Debtor's Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

The Schedules and Statements and these Global Notes should not be relied upon for information relating to the current or future financial conditions, events, or performance of any of the Debtors.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Michael T. Dane, the Debtors' Senior Vice President and Chief Financial Officer and an authorized signatory of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Dane relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Dane has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## **Global Notes and Overview of Methodology**

1.  **Description of the Case.** Commencing August 3, 2020 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

    On August 18, 2020, the United States Trustee for Region 7 appointed a committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 183]. No trustee or examiner has been appointed in these chapter 11 cases.

2.  **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights (i) to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including,

without limitation, the right to amend the Schedules and Statements with respect to any claim (as defined in section 101(5) of the Bankruptcy Code) ("**Claim**"), description, or designation or the Debtors against which the Claim is asserted; (ii) to dispute or otherwise to assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; and (iii) to designate subsequently any Claim as "disputed," "contingent," or "unliquidated;" or to object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtors against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

3.    **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

4.    **"As Of" Information Date.** To the best of the Debtors' knowledge, the asset information provided herein represents the data as of the close of business on July 31, 2020, except as otherwise noted. The liability information provided herein represents data as of the Petition Date, except as otherwise noted.

5.    **Net Book Value of Assets.** Unless otherwise indicated, the asset data contained in the Debtors' Schedules and Statements reflects net book value ("**NBV**") as of July 31, 2020. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the commodity price environment and may differ materially from the actual value of the underlying assets. Additionally, the asset values may also include the value of leased machinery, equipment and vehicles.

6.     **Recharacterization.** Notwithstanding the Debtors' commercially reasonable efforts to characterize, classify, categorize, or designate properly certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add, and delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules and Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

7.     **Classifications.** Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority," (iii) a Claim on Schedule E/F as "unsecured," or (iv) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

8.     **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, including to assert offsets or defenses to, any Claim reflected on their Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

9.     **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements, as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claim under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim. Although there are multiple holders of debt under the Debtors' prepetition funded indebtedness, only the administrative agents and/or collateral agents, as applicable, have been listed in the Schedules.

10.    **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. The Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain *de minimis* assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims. Prepetition liabilities that have been paid post-petition via this authorization have not been included in the Schedules.

11.    **Intellectual Property Rights.** Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

12.    **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers or vendors and setoffs or netting permitted under common obligations of a single joint operating agreement. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

13.    **Insiders.** Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The Debtors reserve all rights to dispute whether someone identified in the Schedules and Statements is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

14.    **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent,

matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, or assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15.    **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

- <u>Undetermined Amounts</u>. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

- <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. The Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid overpayment of, or duplicate payments for, any such liabilities.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16.    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17.    **Executory Contracts.** Although the Debtors have made diligent attempts to properly identify the Debtor counterparty(ies) to each executory contract on Schedule G, it is possible that the Debtors have inadvertently omitted certain parties. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

18.    **Leases.** The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

19.  **Intercompany Payables and Receivables.** Intercompany receivables/payables between a Debtor and any non-Debtor affiliate, to the extent any exist, are set forth on Schedules A/B and E/F, respectively. Intercompany receivables/payables between the Debtors are set forth on the matrix included in the Schedules.

The listing by the Debtors of any account between a Debtor and another affiliate, including between the Debtor and any disregarded or non-debtor affiliate, is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions (collectively, "**Intercompany Transactions**") resulting in intercompany payables and receivables (the "**Intercompany Claims**"). Pursuant to the *Final Order (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Maintain Existing Business Forms, (C) Continue Intercompany Arrangements, and (D) Continue Utilizing Corporate Credit Cards; and (II) Granting Related Relief* (the "**Cash Management Order**") [Docket No. 341], the Debtors received the authority to continue to collect, concentrate and disburse cash in accordance with the Cash Management System (as defined in the Cash Management Order), including Intercompany Transactions between Debtors and other Debtors or non-Debtor affiliates. To the extent that an Intercompany Claim has been satisfied pursuant to the Cash Management Order, such Claims are excluded from Schedule A/B and Schedule E/F.

20.  **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Addresses of individuals have been redacted to address privacy concerns. In addition, the very existence of certain agreements is (by the terms of such agreements) confidential. The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtor or the applicable party.

21.  **Fiscal Year.** The Debtors operate under a fiscal year ending December 31. Unless otherwise indicated, all references to "annual," "annually," "year," "years," or an otherwise similar length of time are presumed to refer to a period of time ending December 31 of the referenced period or periods.

22.  **Liens.** The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's or other similar liens. Such liens may apply, and the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

23.  **Global Notes Control.** In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

## Specific Notes with Respect to the Debtors' Schedules

1.  **Schedule A/B, Part 2, Question 3.** The bank account balances are as of the Petition Date, as reflected in Schedule 1 to the *Interim Order (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, (B) Maintain Existing Business Forms, (C) Continue Intercompany Arrangements, and (D) Continue Utilizing Corporate Credit Cards; and (II) Granting Related Relief* [Docket No. 49].

2.  **Schedule A/B, Part 4, Question 15.** Non-publicly traded stock and interests owned by the Debtors are reflected in the organizational chart, included in the Schedules. For purposes of these Schedules and Statements, the Debtors have not listed values for those equity interests.

3.  **Schedule A/B, Part 8, Questions 46-53.** Assets scheduled in Questions 46-50 may include certain assets that are fully depreciated with a net book value of $0.

4.  **Schedule A/B, Part 9, Questions 54-55.** The book value of the Debtors' interests in oil and gas leases and other instruments are listed on Schedule A/B, regardless of whether such leases are considered executory contracts or interests in real property in the relevant jurisdiction. The Debtors' listing of such leases and agreements on Schedule A/B is not indicative of whether the Debtors consider or do not consider such leases and agreements unexpired leases or executory contracts. While Schedule A/B includes book values for the Debtors' interests in oil and gas leases, Schedule G sets forth the supporting leases, assignments and deeds where the same may constitute executory contracts.

    The Debtors' books and records do not contain net book values for the Debtors' interests in oil and gas leases on a lease-by-lease basis. Therefore, the Debtors do not list a net book value for their interests in oil and gas leases in the Schedules. The Debtors' have provided, however, a book value for each Debtor's interest in an oil and gas lease that is derived from the Debtors' mid-year reserves-related cash flow information, exclusive of cash outflows for decommissioning obligations. Certain of the Debtors' interests in oil and gas leases may compute to a negative derived value using this method. Where applicable, the derived values on Schedule A/B for such interests are listed as $0.

    Certain of the leases reflected on Schedule A/B may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B.

    The Debtors' failure to list any interests or rights in real property on Schedule A/B should not be construed as a waiver of any such interests or rights that may exist, whether known or unknown at this time.

5.  **Schedule A/B, Part 11, Question 72.** The Debtors file their federal income taxes on a consolidated return basis, or are disregarded entities owned directly or indirectly by another Debtor for federal income tax purposes. Federal net operating loss ("**NOL**") carryforwards, general business credit carryforwards and other carryforwards are available to offset future taxable income or reduce future income tax liabilities of the consolidated group, of which

Fieldwood Energy Inc. is the parent. Amounts listed for federal NOL carryforwards, general business credit carryforwards and other carryforwards are based on the Debtors' reasonable estimates and may be subject to review by the Internal Revenue Service. State NOL carryforwards are listed on either a pre-apportioned or post-apportioned basis whichever is required to be reported by the particular state tax authority.

6.   **Schedule D.** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' secured funded indebtedness, only the administrative agents and/or collateral agents have been listed for purposes of Schedule D. The amounts reflected as outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

7.   **Schedule E/F, Part 1.** The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time. The Debtors have not included contingent employee related Claims that, upon certain conditions, may be priority unsecured Claims. Certain Claims may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining Claims listed on Schedule E/F. Accordingly, the Debtors have listed all such Claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

The Bankruptcy Court granted authority to the Debtors to pay certain Claims related to (i) employee wages, salaries, employee benefits and other compensation [Docket No. 51]

and (ii) taxes and assessments [Docket No. 60]. Accordingly, the Debtors have paid many of these obligations, and intend to make additional payments in the future. To the extent that the Debtors believe a party's prepetition Claim has been satisfied, such Claims have not been included on Schedule E/F.

8.    **Schedule E/F, Part 2.** The Debtors have used their reasonable best efforts to list all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have attempted to relate all liabilities to each particular Debtor. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

The Bankruptcy Court granted authority to the Debtors to pay certain Claims related to (i) interest owner obligations, joint interest billings, and exploration and production operating expenses [Docket Nos. 62 and 342] and (ii) insurance and surety bond programs [Docket Nos. 152 and 340]. Accordingly, the Debtors have paid some of these obligations, and intend to make additional payments in the future. To the extent that the Debtors believe a party's prepetition Claim has been satisfied, such Claim has not been included on Schedule E/F.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The Claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

9.  **Schedule G.** While the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts of each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, the status, the enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may have not be listed therein despite their Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other documents made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contact or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement).

Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on

Schedule G, it is the Debtors' intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtors and such supplier or provider.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, minerals, or other real property interests and equipment from third-party lessors for use in the daily operation of their business. To the extent there are known pre-petition obligations of the Debtors pursuant to such leases, such obligations have been listed on Schedule E/F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

10. **Schedule H.** Although there are multiple parties that hold Claims related to the Debtors' secured funded indebtedness, only the administrative agents and/or collateral agents, as applicable, have been listed for the purposes of Schedule H.

To avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts are already reflected on Schedules E/F or G for each Debtor subject to such debt.

## Specific Notes with Respect to the Debtors' Statements

1. **Statement, Part 1, Questions 1 and 2.** Revenue amounts listed for current fiscal year are through July 31, 2020.

2. **Statement, Part 2, Question 3.** Payments listed do not include payments and transfers to restructuring professionals of the Debtors or payments and transfers to insiders within one year prior to the Petition Date. Payments and transfers to restructuring professionals of the Debtors and payments and transfers to insiders are shown on Part 6, Question 11 and Part 13, Question 30, respectively.

3. **Statement, Part 2, Question 4.** Information in response to this question is set forth in Part 13, Question 30.

4. **Statement, Part 2, Question 6.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, joint interest billings, intercompany transactions, counterparty settlements, pricing discrepancies, warranties, refunds, negotiations, or disputes between the Debtors and their operating partners or suppliers. These ordinary course setoffs and nettings are common to the industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for

the Debtors to list each such transaction. Therefore, ordinary course set-offs are excluded from the Debtors' responses to Question 6 of the Statements.

5.  **Statement, Part 2, Question 7.** The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof.

    The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Further, the Debtors operate in numerous jurisdictions and in the ordinary course of business may have disputed property valuations/tax assessments. The Debtors have not listed such disputes in response to Question 7 of the Statements.

6.  **Statement, Part 5, Question 10.** The Debtors occasionally incurred losses for a variety of reasons, including damage from hurricane and other wind storms. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' business and such losses may not have been reported for insurance purposes because the amount of damage falls within the Debtors' deductible. Accordingly, in this context, the Debtors have not listed such losses.

7.  **Statement, Part 6, Question 11.** The Debtors have made reasonable efforts to identify payments or transfers within one year prior to the Petition Date to any entity that the Debtors consulted about (i) debt consolidation or restructuring, (ii) seeking bankruptcy relief, or (iii) filing a bankruptcy case. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

8.  **Statement, Part 11, Question 21.** In connection with their oil and gas assets, the Debtors are obligated, pursuant to their oil and gas leases and other agreements or regulatory orders, to remit to the lessors of the oil and gas leases and potentially other parties their share of revenue from the producing wells located on the respective leases pursuant to the terms of their oil and gas lease. In addition, payments on account of overriding royalties must be remitted to the owners of those interests, and the holders of non-executive mineral interests, as well as the holders of nonparticipating royalty interests, must receive the proceeds due to them pursuant to the applicable agreement. The foregoing amounts were authorized to be paid pursuant to the *Final Order (I) Authorizing Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims, and (II) Granting Related Relief* (the "**Vendor Order**") [Docket No. 342]**,** and therefore are excluded from the Debtors' responses to Question 21 of the Statements.

The Debtors market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties. Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the net amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable. The Debtors are required to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses. The foregoing amounts were authorized to be paid under pursuant to the Vendor Order, and therefore are excluded from the Debtors' responses to Question 21 of the Statements.

9.     **Statement, Part 12, Question 22.** The response to this question does not include routine environmental reports, submissions, communications, and proceedings resulting from normal operations, if any, if the reports and submissions were made in compliance with regulatory requirements, such as discharge monitoring reports, permit applications, and submissions concerning air emissions. The responses to Question 22 of the Statements only include judicial or administrative proceedings under environmental laws that were active as of the Petition Date.

10.    **Statement, Part 13, Question 26d.** The Debtors provide consolidated financial statements on a periodic basis to shareholders, board of directors, and other parties as may be required in connection with their debt agreements.

11.    **Statement, Part 13, Question 28.** The Debtors have not listed any controlling shareholders of Fieldwood Energy Inc. in response to this question. Fieldwood Energy Inc.'s shareholders are identified in the List of Equity Security Holders that is annexed to Fieldwood Energy Inc.'s chapter 11 petition, filed in Case No. 20-33949 (MI), at Docket No. 1.

12.    **Statement, Part 13, Question 30.** The Debtors have only identified payments to individuals or entities who may have been insiders as of the Petition Date. The listing of any individual or entity as an insider does not constitute an admission or a final determination that any such individual or entity is or is not an insider.

**Galveston Bay Processing LLC**                                            **Case Number:**     **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   
   ☐ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| **2.   Cash on hand** | | | |
| 2.1 | | | |
| **3.   Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 | | | |
| **4.   Other cash equivalents (Identify all)** | | | |
| 4.1 | | | |

5. **Total of Part 1.**

   Add lines 2 through 4. Copy the total to line 80.

**Galveston Bay Processing LLC**                                    **Case Number:      20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

    7.1 _____    _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

    8.1 _____    _____

9.  **Total of Part 2**

    Add lines 7 through 8. Copy the total to line 81.                    _____

**Galveston Bay Processing LLC**                                    **Case Number:**      **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---------------------|--------------------------|---------------------------|-------------------------------------|
| 11.  Accounts receivable | | | |
| 11a. 90 days old or less: | _____ - | _____ = | _____ |
| 11b. Over 90 days old: | _____ - | _____ = | _____ |

12.  **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Galveston Bay Processing LLC**                                    **Case Number:**        **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☑ Yes. Fill in the information below.

| General description: See below | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1 _____      _____      _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:

    15.1   SEE ORGANIZATIONAL CHART ON FOLLOWING PAGE
           (OWNERSHIP: UNDETERMINED)      _____      _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1 _____      _____      _____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.

| **UNDETERMINED** |
|---|

# Fieldwood Energy Organization Chart – Debt Overlay



*Debtor entities are denoted by a dotted outline

- Borrower under the FLFO, FLTL and SLTL; Obligor in respect of Apache Decommissioning Agreement
- Holdings under the FLFO, FLTL, and SLTL
- Guarantor under the FLFO, FLTL, and SLTL
- Guarantor under the FLFO, FLTL, and SLTL and Obligor in respect of the Apache Decommissioning Agreement
- Excluded Subsidiary (Immaterial) under the FLFO, FLTL, and SLTL
- Receivables Subsidiary in connection with Qualified Receivables Financing
- Acquired through the Apache Transaction, September 30, 2013
- Acquired through the Sandridge Transaction, February 25, 2014

| Facility | Maturity | Principal |
|---|---|---|
| **Fieldwood - First Lien Debt Obligations** | | |
| First Lien First Out Term Loans ("FLFO") | 12/31/2021 | $139 million |
| First Lien Last Out Term Loans ("FLTL") | 04/11/2022 | $1,143 million |
| **Fieldwood - Second Lien Debt Obligations** | | |
| Second Lien Term Loans ("SLTL") | 04/11/2022 | $518 million |
| **Total Funded Debt** | | **$1,800 million** |

(1) Fieldwood Energy LLC holds a 99% ownership interest in Fieldwood Cooperatief U.A., and Fieldwood Offshore LLC holds a 1% ownership interest in Fieldwood Cooperatief U.A..

**FIELDWOOD ENERGY LLC, et al.**
**INTERCOMPANY MATRIX**
Based on July 31, 2020 Balance Sheet Accounts

| | | | RECEIVE FROM / (PAY TO) | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Debtor / Borrower | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor | Debtor / Guarantor |
| | | | Fieldwood Energy LLC | Fieldwood Energy Inc. | Fieldwood Onshore LLC | Fieldwood SD Offshore LLC | Fieldwood Energy Offshore LLC | Fieldwood Offshore LLC | GOM Shelf LLC | FW GOM Pipeline, Inc. | Galveston Bay Pipeline LLC | Galveston Bay Processing LLC | Fieldwood Energy SP LLC | Dynamic Offshore Resources NS, LLC | Bandon Oil and Gas, LP | Bandon Oil and Gas GP, LLC |
| **P A Y   T O   /   ( R E C E I V E   F R O M )** | Debtor / Borrower | Fieldwood Energy LLC | - | 1,724,979,517 | 41,131,108 | (106,808,464) | 475,396,948 | - | 230,278,650 | (1,194,238) | (10,932) | (11,000) | (24,428,713) | (10,799,039) | (48,670,068) | - |
| | Debtor / Guarantor | Fieldwood Energy Inc. | (1,724,979,517) | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Fieldwood Onshore LLC | (41,131,108) | - | - | - | (93,977) | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Fieldwood SD Offshore LLC | 106,808,464 | - | - | - | 3,191,424 | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Fieldwood Energy Offshore LLC | (475,396,948) | - | 93,977 | (3,191,424) | - | - | - | - | 10,932 | 11,000 | - | - | - | - |
| | Debtor / Guarantor | Fieldwood Offshore LLC | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | GOM Shelf LLC | (230,278,650) | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | FW GOM Pipeline, Inc. | 1,194,238 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Galveston Bay Pipeline LLC | 10,932 | - | - | - | (10,932) | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Galveston Bay Processing LLC | 11,000 | - | - | - | (11,000) | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Fieldwood Energy SP LLC | 24,428,713 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Dynamic Offshore Resources NS, LLC | 10,799,039 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Bandon Oil and Gas, LP | 48,670,068 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | Debtor / Guarantor | Bandon Oil and Gas GP, LLC | - | - | - | - | - | - | - | - | - | - | - | - | - | - |

**Galveston Bay Processing LLC**                                    Case Number:      **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---|---|

18.  **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.  **Raw materials** | | | | |
| 19.1 | | | | |
| 20.  **Work in progress** | | | | |
| 20.1 | | | | |
| 21.  **Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | |
| 22.  **Other Inventory or supplies** | | | | |
| 22.1 | | | | |

23.  **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.   Book Value _____   Valuation method _____   Current value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Galveston Bay Processing LLC**                                    Case Number:      **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 28. **Crops—either planted or harvested** | | | |
| 28.1 | | | |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | |

33.  **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.        Book Value _____        Valuation method _____        Current value _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

Galveston Bay Processing LLC                                    Case Number:      20-33960 (MI)

## Schedule A/B: Assets — Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---------|-------------------------------------------------------------|

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|--------------------------------------------------------|------------------------------------------|-------------------------------------|

39.  **Office furniture**

39.1 _____

40.  **Office fixtures**

40.1 _____

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

41.1 _____

42.  **Collectibles**

42.1 _____

43.  **Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

_____

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Galveston Bay Processing LLC**                                    Case Number:      **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1 _____  _____  _____  _____

48.  **Watercraft, trailers, motors, and related accessories**
     Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____  _____  _____  _____

49.  **Aircraft and accessories**

49.1 _____  _____  _____  _____

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____  _____

51.  **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Galveston Bay Processing LLC**                                        Case Number:        20-33960 (MI)

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property - detail |
|---|---|

54.   **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

55.1  _____    _____    _____    _____    _____

56.   **Total of Part 9**

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Galveston Bay Processing LLC                                    Case Number:      20-33960 (MI)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property |
|---|---|

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | |
| 61.  **Internet domain names and websites** | | | |
| 61.1 | | | |
| 62.  **Licenses, franchises, and royalties** | | | |
| 62.1 | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | |
| 64.  **Other intangibles, or intellectual property** | | | |
| 64.1 | | | |
| 65.  **Goodwill** | | | |
| 65.1 | | | |

66.  **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

67.  **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No

☐ Yes

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Galveston Bay Processing LLC                                      Case Number:      20-33960 (MI)

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

70.  **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☑ No. Go to Part 12.

    ☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

71.  **Notes receivable**
Description (include name of obligor)

71.1 _____    _____

72.  **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 _____    _____

73.  **Interests in insurance policies or annuities**

73.1 _____    _____

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____    _____

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____    _____

76.  **Trusts, equitable or future interests in property**

76.1 _____    _____

77.  **Other property of any kind not already listed Examples: Season tickets, country club membership**
Examples: Season tickets, country club membership

77.1 _____    _____

**Galveston Bay Processing LLC**                                    Case Number:        **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

78. **Total of Part 11**
    Add lines 71 through 77. Copy the total to line
    90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

**Galveston Bay Processing LLC**                                    Case Number:    **20-33960 (MI)**

## Schedule A/B: Assets — Real and Personal Property

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83. Investments. Copy line 17, Part 4. | $0 | | |
| 84. Inventory. Copy line 23, Part 5. | $0 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88. Real property. Copy line 56, Part 9. | | $0 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90. All other assets. Copy line 78, Part 11. | $0 | | |
| 91. Total. Add lines 80 through 90 for each column. | a. $0 | b. $0 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**                                                            $0

**Galveston Bay Processing LLC**                                                    **Case Number:**    **20-33960 (MI)**

## Schedule D: Creditors Who Have Claims Secured by Property

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---------|----------------------------------------|

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| | Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | | |
| 2.1 | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT SHIPMAN & GOODWIN LLP ATTN: NATHAN PLOTKIN, ESQ. 400 PARK AVE, 5TH FLOOR NEW YORK, NY 10022 EMAIL: NPLOTKIN@GOODWIN.COM | ☐ | ☐ | ☑ | DATE: 4/11/2018 PROPERTY DESCRIPTION: FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022 | ☑ | ☑ | ☐ | $1,142,688,815 | UNDETERMINED |
| 2.2 | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT HOLLAND & KNIGHT LLP ATTN: JOSHUA SPENCER, ESQ.AND ANASTASIA SOTIROPOLOUS, ESQ. 150 N. RIVERSIDE PLAZA CHICAGO, IL 60606 Email: JOSHUA.SPENCER@HKLAW.COM; ANASTASIA.SOTIROPOULOS@HKLAW.COM | ☐ | ☐ | ☑ | DATE: 4/11/2018 PROPERTY DESCRIPTION: SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023 | ☑ | ☑ | ☐ | $517,500,000 | UNDETERMINED |

**Galveston Bay Processing LLC**                                       **Case Number:**     **20-33960 (MI)**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|

### Secured Debt

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.3 | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT<br>VINSON & ELKINS LLP<br>ATTN: WILLIAM L. WALLANDER, ESQ. BRADLEY R. FOXMAN, ESQ. & MATTHEW J. PYEATT TRAMMELL CROW CENTER 2001 ROSS AVENUE SUITE 3700<br>DALLAS, TX 75201<br><br>Email: CDEWAR@VELAW.COM, BWALLANDER@VELAW.COM, BFOXMAN@VELAW.COM | ☐ | ☐ | ☑ | DATE: 6/28/2019<br><br>PROPERTY DESCRIPTION: FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021 | ☑ | ☑ | ☐ | $147,601,297 | UNDETERMINED |

                                                   **Secured Debt Total:**     **$1,807,790,112**

**Galveston Bay Processing LLC**                                    **Case Number:**     **20-33960 (MI)**

## Schedule D: Creditors Who Have Claims Secured by Property

**Amount of Claim**

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          **$1,807,790,112**

**Galveston Bay Processing LLC**                                    **Case Number:**        **20-33960 (MI)**

## Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|---------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|--------------------------|------------------------------------------------------|------------------------------------------------|
| NONE | | |

Galveston Bay Processing LLC                                         Case Number:      20-33960 (MI)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

    ☐ No. Go to Part 2.

    ☑ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor
    has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **<u>Taxes and certain other debts owed to the government 507(a)(8)</u>** | | | | | | | |
| 2.1 ALABAMA DEPARTMENT OF CONSERVATION & NATURAL RESOURCES<br>64 N UNION ST, MONTGOMERY, AL 36130 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.2 ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT COASTAL ZONE MGMT DIVISION 41 71 COMMANDERS DRIVEMOBILE, AL 36615 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.3 ALABAMA DEPARTMENT OF REVENUE 50 NORTH RIPLEY STREET MONTGOMERY, AL 36132 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.4 ALABAMA DEPARTMENT OF REVENUE 50 NORTH RIPLEY STREET MONTGOMERY, AL 36132 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.5 ALDINE I.S.D 14909 ALDINE WESTFIELD RD HOUSTON, TX 77032-3027 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.6 ANN HARRIS BENNETT HARRIS COUNTY TAX ASSESSOR P O BOX 3547, HOUSTON, TX 77253 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.7 ATASCOSA COUNTY 1001 OAK ST, JOURDANTON, TX 78026 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.8 BALDWIN COUNTY JUDGE OF PROBATE 220 COURTHOUSE SQUARE, BAY MINETTE, AL 36507 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.9 BRAZORIA COUNTY 111 E. LOCUSTANGLETON, TX 77515 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                    **Case Number:**      **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2.10 BRAZORIA COUNTY TAX ASSESSOR RO'VIN GARRETT, PCCP.O. BOX 1586LAKE JACKSON, TX 77566 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 BUREAU OF REVENUE AND TAXATION P.O. BOX 130, GRETNA, LA 70054-0130 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.12 CALHOUN COUNTY CLERK 211 S ANN STPORT LAVACA, TX 77979 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.13 CAMERON PARISH SHERIFF & EX-OFFICO TAX COLLECTOR 119 SMITH CIRCLE ROOM 25 CAMERON, LA 70631 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.14 CAMERON PARISH CLERK OF COURT PO BOX 549, CAMERON, LA 70631-0549 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.15 CHAMBERS COUNTY P.O. BOX 910404 WASHINGTON AVEANAHUAC, TX 77514 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.16 CHARTERWOOD MUD 11111 KATY FWY, SUITE 725, HOUSTON, TX 77079-2175 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.17 CITY OF CORPUS CHRISTI/NUECES COUNTY LOCAL EMERGENCY PLANNING COMMITTEE 2406 LEOPARD STREETCORPUS CHRISTI, TX 78408 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.18 CITY OF LAFAYETTE LAFAYETTE CONSOLIDATED GOVERNMENT 705 WEST UNIVERSITY AVENUE LAFAYETTE, LA 70506 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.19 CITY OF NEW IBERIA CITY TAX COLLECTOR, TAX OFFICE, 457 E. MAIN STREET, SUITE 304, NEW IBERIA, LA 70560-3700 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.20 COLORADO COUNTY CENTRAL APPRAISAL DISTRICT BILL MITCHELL, CHIEF APPRAISER 106 CARDINAL LANECOLUMBUS, TX 78934 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                      **Case Number:** 20-33960 (MI)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.21** COLORADO COUNTY CLERK COLORADO COUNTY COURTHOUSE ANNEX, 318 SPRING ST, ROOM 103, COLUMBUS, TX 78934 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.22** COUNTY OF GALVESTON, TEXAS 600 59TH STREETSUITE #2001GALVESTON, TX 77551 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.23** COUNTY OF MORTON 1025 MORTON ST.ELKHART, KS 67950 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.24** CYPRESS FAIRBANKS INDEPENDENT SCHOOL DISTRICT 10300 JONES ROADHOUSTON, TX 77065 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.25** DANIEL HUTTER, TAX ASSESSOR/COLLECTOR P.O. BOX 519, ANAHUAC, TX 77514 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.26** DELAWARE SECRETARY OF STATE P.O. BOX 5509, BINGHAMTON, NY 13902-5509 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.27** DENTON COUNTY 401 W. HICKORY DENTON, TX 76201-9030 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.28** DEPARTMENT OF FINANCE STATE COMPTROLLER'S OFFICE 100 NORTH UNION STREET SUITE # 274MONTGOMERY, AL 36104 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.29** FEDERAL ENERGY REGULATORY COMMISSION 888 FIRST STREET, NE WASHINGTON, DC 20426 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.30** GALVESTON COUNTY CLERK OF COURTS 174 CALDER ROADROOM 149LEAGUE CITY, TX 77573 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.31** GALVESTON COUNTY TAX ASSESSOR-COLLECTOR CHERYL E. JOHNSON RTA 722 MOODY (21ST STREET) GALVESTON, TX 77550 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                    **Case Number:**     **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **2.32** GENERATION PARK MGMT. DIST. 11500 NW FREEWAY, SUITE 150, HOUSTON, TX 77092 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.33** GREENS PARKWAY M.U.D. 11500 NW FREEWAY, SUITE 150, HOUSTON, TX 77092 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.34** HARRIS COUNTY TAX ASSESSOR-COLLECTOR P.O. BOX 4622, HOUSTON, TX 77210-4622 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.35** IBERIA PARISH CLERK OF COURT PO BOX 12010NEW IBERIA, LA 70560 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.36** IBERIA PARISH TAX COLLECTOR 300 IBERIA STREETSUITE 120NEW IBERIA, LA 70560 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.37** INTERNAL REVENUE SERVICE 1500 PENNSYLVANIA AVENUE NW WASHINGTON, DC 20220 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.38** JEFFERSON COUNTY CLERK 1149 PEARL STBEAUMONT, TX 77701 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.39** JEFFERSON COUNTY TAX OFFICE PO BOX 2112BEAUMONT, TX 77704 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.40** JEFFERSON DAVIS PARISH CLERK OF COURT, 300 N STATE ST, JENNINGS, LA 70546 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.41** JEFFERSON PARISH CLERK OF COURT 3RD FLOOR BOX 10 GRETNA, LA 70054 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.42** JEFFERSON PARISH SHERIFF EX-OFFICIO TAX COLLECTOR, PO BOX 30014, TAMPA, FL 33630 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |

Galveston Bay Processing LLC                                    Case Number:        20-33960 (MI)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2.43 JERRY J. LARPENTER SHERIFF AND TAX COLLECTOR PARISH OF TERREBONNE, 7856 MAIN ST., SUITE 121, HOUMA, LA 70360 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.44 KLEIN ISD 7200 SPRING-CYPRESS ROAD, KLEIN, TX 77379 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.45 LA DEPARTMENT OF MOTOR VEHICLES PO BOX 64886, BATON ROUGE, LA 70896 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.46 LAFAYETTE PARISH LA PO BOX 91010, BATON ROUGE, LA 70821 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.47 LAFAYETTE PARISH SHERIFF'S OFFICE LAFAYETTE PARISH TAX COLLECTOR 301 WEST MAINLAFAYETTE, LA 70501 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.48 LAFOURCHE PARISH 805 E 7TH STREET THIBODAUX, LA 70301 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.49 LAFOURCHE PARISH CLERK CLERK OF COURT, 303 WEST 3RD STREET, THIBODAUX, LA 70301 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.50 LAFOURCHE PARISH SHERIFFS OFFICE 200 CANAL BLVD, THIBODAUX, LA 70301 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.51 LAFOURCHE PARISH SHERIFF'S OFFICE P.O. BOX 679538, DALLAS, TX 75267-9538 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.52 LAVACA COUNTY DEBORAH A. SEVCIKTAX ASSESSOR-COLLECTOR 404 N. TEXANAHALLETTSVILLE, TX 77964 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.53 LELAND FALCON, SHERIFF & EX OFFICIO TAX COLLECTOR P.O. BOX 69, NAPOLEONVILLE, LA, 70390-0069 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                                                                    **Case Number:**       **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **2.54** LIVE OAK COUNTY APPRAISAL DISTRICT 205 BOWIE STREET, P.O. BOX 2370, GEORGE WEST, TX 78022 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.55** LOUISIANA DEPARTMENT OF REVENUE LOUISIANA DEPARTMENT OF REVENUE 617 NORTH THIRD STREETBATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** LOUISIANA DEPARTMENT OF REVENUE LOUISIANA DEPARTMENT OF REVENUE 617 NORTH THIRD STREETBATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.57** LOUISIANA DEPARTMENT OF REVENUE LOUISIANA DEPARTMENT OF REVENUE 617 NORTH THIRD STREETBATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.58** LOUISIANA DEPARTMENT OF WILDLIFE AND FISHERIES 2000 QUAIL DR.BATON ROUGE, LA 70808 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.59** LOUISIANA DEPT. OF NATURAL RESOURCES COASTAL ZONE MGMT DIVISION 617 N 3RD ST.STE #1048BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.60** LOUISIANA OFFICE OF MINERAL RESOURCES 617 N. THIRD STREET 8TH FLOOR, BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** LOUISIANA STATE LAND OFFICE 1201 N. THIRD STE G-150BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.62** MATAGORDA COUNTY CLERK 1700 7TH ST RM 202BAY CITY, TX 77414 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.63** MATAGORDA COUNTY TAX ASSESSOR - COLLECTOR 1700 7TH STREETROOM #203BAY CITY, TX 77414 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MIKE SULLIVAN, TAX ASSESSOR- COLLECTOR TAX ASSESSOR-COLLECTOR 1001 PRESTON ST.HOUSTON, TX 77002 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                    **Case Number:**    **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.65 MISSISSIPPI DEPARTMENT OF REVENUE<br>P.O. BOX 23191, JACKSON, MS 39225-3191 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 MISSISSIPPI SECRETARY OF STATE<br>401 MISSISSIPPI STREETJACKSON, MS 39201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 MS DEPARTMENT OF REVENUE<br>500 CLINTON CENTER DRIVE CLINTON, MS 39056 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 NUECES COUNTY CLERK<br>NUECES COUNTY COURTHOUSE 901 LEOPARD ST.CORPUS CHRISTI, TX 78401 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.69 OFFICE OF NATURAL RESOURCES REVENUE- ONRR<br>6TH AVE & KIPLING PKWY BLD 85DENVER FEDERAL CNTR DENVER, CO 80225-0165 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 OSCAR VASQUEZ, RTA<br>P.O. BOX 3289, ROMA, TX 78584 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 PALACIOS ISD TAX ASSESSOR-COLLECTOR<br>1209 12TH STPALACIOS, TX 77465 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMIN<br>MIKE MONRONEY AERONAUTICAL CENTER 6500 SOUTH MACARTHUR BLVD.OKLAHOMA CITY, OK 73169 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 PLAQUEMINES PARISH<br>I.F. HINGLE JR., SHERIFF 302 MAIN STREETBELLE CHASE, LA 70037 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.74 PLAQUEMINES PARISH CLERK OF COURT<br>25TH JUDICIAL DISTRICT COURT, PO BOX 40, BELLE CHASSE, LA 70037 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | ☐ | UNDETERMINED | UNDETERMINED |

Galveston Bay Processing LLC

Case Number:     20-33960 (MI)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:     List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.75 PLAQUEMINES PARISH GOVERNMENT 8056 HWY 23, SUITE # 302, BELLE CHASE, LA 70037 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.76 PLAQUEMINES PARISH SHERIFF OFFICE 25TH JUDICIAL DISTRICT COURT, P.O. BOX 40, BELLE CHASE, LA 70037 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.77 RAILROAD COMMISSION OF TEXAS OIL & GAS DIVISION 1701 N. CONGRESSAUSTIN, TX 78701 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.78 REFUGIO COUNTY TAX ASSESSOR-COLLECTOR 808 COMMERCE RM 109REFUGIO, TX 78377 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.79 RIO GRANDE CITY CISD TAX OFFICE FORT RINGGOLDP.O. BOX 91RIO GRANDE CITY, TX 78582 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.80 ROMA INDEPENDENT SCHOOL DISTRICT PO BOX 187, ROMA, TX 78584 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.81 SECRETARY OF STATE UNIFORM COMMERCIAL CODE 1019 BRAZOSAUSTIN, TX 78701 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.82 SHELDON INDEPENDENT SCHOOL DISTRICT 11411 C.E. KING PARKWAY HOUSTON, TX 77044 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.84 SHERIFF & EX-OFFICIO TAX COLLECTOR P.O. DRAWER 1670, HOUMA, LA 70361 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.83 SHERIFF & EX-OFFICIO TAX COLLECTOR P.O. BOX 863, JENNINGS, LA 70546-0863 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.85 SPRING BRANCH I.S.D TAX ASSESSOR - COLLECTOR 8880 WESTVIEW DRIVEHOUSTON, TX 77055 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                           **Case Number:**      **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2.86 ST MARY PARISH CLERK OF COURT PO DRAWER 1231 FRANKLIN, LA 70538-1231 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.87 ST. BERNARD PARISH PO BOX 168CHALMETTE, LA 70044-0168 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.88 ST. BERNARD PARISH CLERK OF COURT 1101 WEST ST. BERNARD HWY, | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.89 ST. LANDRY'S PARISH P.O. BOX 1029OPELOUSAS, LA 70571-1029 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.91 ST. MARTIN PARISH SHERIFF'S OFFICE P.O. BOX 247, ST. MARTINVILLE, LA 70582-0247 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.90 ST. MARTIN PARISH SHERIFF'S OFFICE 400 ST MARTIN STL, ST. MARTINVILLE, LA 70582 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.92 ST. MARY PARISH MARK A. HEBERT, SHERIFF 500 MAIN STREET, 4TH FLOOR FRANKLIN, LA 70538 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.93 ST. MARY PARISH GOVERNMENT 500 MAIN STREET FIFTH FLOOR COURTHOUSE BLDG., FRANKLIN, LA 70538 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.94 STARR COUNTY CARMEN A. PENA, RTA100 N. FM 3167 - SUITE 201RIO GRANDE CITY, TX 78582 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.95 STATE BAR OF TEXAS TEXAS LAW CENTER 1414 COLORADO STREETAUSTIN, TX 78701 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.96 STATE OF ALABAMA 64 NORTH UNION STREET MONTGOMERY, AL 36130 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |

Galveston Bay Processing LLC                                          Case Number:      20-33960 (MI)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| **2.97** STATE OF LOUISIANA<br>1885 N. 3RD ST.BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.98** STATE OF LOUISIANA DEPARTMENT OF ENVIRON. QUA<br>P.O. BOX 4311, BATON ROUGE, LA 70821-4311 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.99** STATE OF LOUISIANA DEPT NATURAL RESOURCES<br>OFFICE OF CONSERVATION, PO BOX 44277, BATON ROUGE, LA 70804-4277 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** STATE OF LOUISIANA, DEPARTMENT OF NATURAL RESOURCES<br>RYAN M, SEIDEMANN, 1885 N. THIRD ST., BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** STATE OF TEXAS<br>1919 N LOOP W, #510, HOUSTON, TX 77008 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** TERREBONNE PARISH CLERK OF COURT<br>7856 MAIN ST.HOUMA, LA 70360 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** TEXAS COMMISSION OF ENVIRONMENTAL QUALITY<br>MC 21412100 PARK 35 CIRCLEAUSTIN, TX 78753 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>111 EAST 17TH STREETP.O. BOX 13528 AUSTIN, TX 78711-3528 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>111 EAST 17TH STREETP.O. BOX 13528 AUSTIN, TX 78711-3528 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** TEXAS GENERAL LAND OFFICE<br>1700 N CONGRESSAUSTIN, TX 78701 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.10** TEXAS PARKS & WILDLIFE<br>ARTIFICIAL REEF PROGRAM 4200 SMITH SCHOOL RD AUSTIN, TX 78744 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                              **Case Number:**      **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2.10 THE OUTER CONTINENTAL SHELF ADVISORY BOARD<br>1001 NOBLE ENERGY WAY HOUSTON, TX 77070 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.10 TOWN OF GRAND ISLE<br>PO BOX 200GRAND ISLE, LA 70358-0200 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 U S COAST GUARD<br>CIVIL PENALTIES2703 MARTIN LUTHER KING JR AVE SE WASHINGTON, DC 20593 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 U.S. ENVIRONMENTAL PROTECTION AGENCY<br>OPA ENFORCEMENT COORDINATOR REGION 6 (6SF-PC) 1445 ROSS AVENUE DALLAS, TX 75202-2733 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 U.S. TRUSTEE<br>U.S. TRUSTEE PAYMENT CENTER, P.O.BOX 530202, ATLANTA, GA 30353 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 UNITED STATES DEPARTMENT OF THE TREASURY<br>401 14TH STREET SW - ROOM 154WASHINGTON, DC 20227 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 US DEPT OF COMMERCE - NOAA<br>12 MISSOURI RESEARCH PARK DRIVE ST. CHARLES, MO 63304 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 VERMILION PARISH<br>101 SOUTH STATE STREET ABBEVILLE, LA 70511 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 VERMILLION PARISH CLERK OF COURT<br>100 N STATE STREET, SUITE 101, ABBEVILLE, LA 70510 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 WEST HARRIS COUNTY MUD# 1<br>1001 PRESTONHOUSTON, TX 77002 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 WHARTON COUNTY CLERK<br>309 E. MILAM STREET STE 700WHARTON, TX 77488 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                    **Case Number:**      **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.11** WHARTON COUNTY TAX ASSESSOR-COLLECTOR PATRICK L. KUBALA, PCC 309 E. MILAM ST.SUITE 100WHARTON, TX 77488 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ✔ | ☐ | UNDETERMINED | UNDETERMINED |
| | Taxes and certain other debts owed to the government 507(a)(8) Total: | | | | | **UNDETERMINED** | **UNDETERMINED** |

**Galveston Bay Processing LLC**                                          **Case Number:**      **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| | | |
|---|---|---|
| Total: All Creditors with PRIORITY Unsecured Claims | UNDETERMINED | UNDETERMINED |

**Galveston Bay Processing LLC**                                              Case Number:      **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.**    NONE | | ☐ | ☐ | ☐ | | ☐ | |
| | | | | | | Total: | **UNDETERMINED** |

**Galveston Bay Processing LLC**                                                    **Case Number:**     **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Total: All Creditors with NONPRIORITY Unsecured Claims          **UNDETERMINED**

**Galveston Bay Processing LLC**                                                  Case Number:      20-33960 (MI)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
| --- | --- |

4.   List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |

**4.1**   NONE

**Galveston Bay Processing LLC**                                    **Case Number:**     **20-33960 (MI)**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**      Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.**     **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | |
| 5b. **Total claims from Part 2** | 5b. **+** | $0 |
| 5c. **Total of Parts 1 and 2** | 5c. | $0 |
| Lines 5a + 5b = 5c. | | |

**Galveston Bay Processing LLC**                                                                **Case Number:**    **20-33960 (MI)**

## Schedule G: Executory Contracts and Unexpired Leases

1.   **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.   **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. | | | ☐ | | |

**Galveston Bay Processing LLC**                                    **Case Number:**    **20-33960 (MI)**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  0**

**Galveston Bay Processing LLC**                                    **Case Number:**        **20-33960 (MI)**

## Schedule H: Codebtors

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

    Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.1  BANDON OIL AND GAS GP, LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.2  BANDON OIL AND GAS, LP<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.3  DYNAMIC OFFSHORE RESOURCES NS, LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.4  FIELDWOOD ENERGY INC.<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.5  FIELDWOOD ENERGY LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.6  FIELDWOOD ENERGY OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.7  FIELDWOOD ENERGY SP LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |

**Galveston Bay Processing LLC**                    **Case Number:**     **20-33960 (MI)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.8   FIELDWOOD OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.9   FIELDWOOD ONSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.10   FIELDWOOD SD OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.11   FW GOM PIPELINE, INC.<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.12   GALVESTON BAY PIPELINE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.13   GOM SHELF LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN TERM LOAN ("FLTL"); DUE APRIL 11, 2022** | CANTOR FITZGERALD SECURITIES, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE FLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.14   BANDON OIL AND GAS GP, LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.15   BANDON OIL AND GAS, LP<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |

**Galveston Bay Processing LLC**                                    **Case Number:**    **20-33960 (MI)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.16  DYNAMIC OFFSHORE RESOURCES NS, LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.17  FIELDWOOD ENERGY INC.<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.18  FIELDWOOD ENERGY LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.19  FIELDWOOD ENERGY OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.20  FIELDWOOD ENERGY SP LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.21  FIELDWOOD OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.22  FIELDWOOD ONSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.23  FIELDWOOD SD OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |

**Galveston Bay Processing LLC**                                    **Case Number:**    **20-33960 (MI)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.24 FW GOM PIPELINE, INC.<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.25 GALVESTON BAY PIPELINE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.26 GOM SHELF LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**SECOND LIEN TERM LOAN ("SLTL"); DUE APRIL 11, 2023** | CORTLAND CAPITAL MARKET SERVICES LLC, ADMINISTRATIVE AND COLLATERAL AGENT UNDER THE SLTL CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.27 BANDON OIL AND GAS GP, LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.28 BANDON OIL AND GAS, LP<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.29 DYNAMIC OFFSHORE RESOURCES NS, LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.30 FIELDWOOD ENERGY INC.<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.31 FIELDWOOD ENERGY LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |

**Galveston Bay Processing LLC**                                    **Case Number:      20-33960 (MI)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.32   FIELDWOOD ENERGY OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.33   FIELDWOOD ENERGY SP LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.34   FIELDWOOD OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.35   FIELDWOOD ONSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.36   FIELDWOOD SD OFFSHORE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.37   FW GOM PIPELINE, INC.<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.38   GALVESTON BAY PIPELINE LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |
| 2.39   GOM SHELF LLC<br>2000 W SAM HOUSTON PKWY S #1200<br>HOUSTON, TX 77042<br><br>**FIRST LIEN FIRST OUT ("FLFO") CREDIT FACILITY; DUE DECEMBER 31, 2021** | GOLDMAN SACHS BANK USA, ADMINISTRATIVE AGENT UNDER THE FLFO CREDIT AGREEMENT | ☑ | ☐ | ☐ |

**Galveston Bay Processing LLC**                                    **Case Number:**      **20-33960 (MI)**

## Schedule H: Codebtors

**Total Number of Co-Debtor / Creditor rows: 39**

**Fill in this information to identify the case:**

Debtor Name:   Galveston Bay Processing LLC

United States Bankruptcy Court for the:   Southern District of Texas Houston Division

Case Number (if known):   20-33960 (MI)

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets–Real and Personal Property**  (Official Form 206A/B)

   1a. **Real property:**
   
   Copy line 88 from Schedule A/B ..................................................................................   $0

   1b. **Total personal property:**
   
   Copy line 91A from Schedule A/B ..................................................................................   $0

   **+**

   1c. **Total of all property:**
   
   Copy line 92 from Schedule A/B ..................................................................................   $0

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property**  (Official Form 206D)

   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D   ...............................   $1,807,790,112

3. **Schedule E/F: Creditors Who Have Unsecured Claims**  (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   
   Copy the total claims from Part 1 from line 6a of Schedule E/F   ...............................................   $0

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   
   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F   .......................................   $0

   **+**

4. **Total liabilities**

   Lines 2 + 3a + 3b   ........................................................................................   $1,807,790,112

<table>
<tr><td colspan="2">Fill in this information to identify the case and this filing:</td></tr>
<tr><td>Debtor Name:</td><td>Galveston Bay Processing LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas Houston Division</td></tr>
<tr><td>Case Number (if known):</td><td>20-33960 (MI)</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [X] Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- [X] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [ ] Amended Schedule _____
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____October 12, 2020_____     Signature: __/s/ Michael T. Dane_____

Michael T. Dane, Senior Vice President & Chief Financial Officer
**Name and Title**