**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**SUPPLEMENTAL DECLARATION OF KENNETH PASQUALE
IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF STROOCK & STROOCK &
LAVAN LLP AS COUNSEL, EFFECTIVE AS OF AUGUST 19, 2020**
(Related Docket No. 375)

I, Kenneth Pasquale, pursuant to 28 U.S.C. § 1746, to the best of my knowledge

and belief, and after reasonable inquiry, declare as follows:

1.     I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which maintains an office for the practice of law at 180 Maiden Lane, New York, New York

10038, proposed counsel to the Official Committee of Unsecured Creditors (the "Committee") in

the above-referenced jointly administered bankruptcy cases of Fieldwood Energy, LLC, *et al.* (the

"Debtors").

2.     I submit this supplemental declaration (this "Supplemental Declaration") in

further support of the *Application of the Official Committee of Unsecured Creditors for Entry of*

*an Order Authorizing the Employment and Retention of Stroock & Stroock & Lavan LLP as*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778);
Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489);
Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM
Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy
SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors'
primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Counsel, Effective as of August 19, 2020* [Docket No. 375] (the "Application"), and to supplement

my original declaration attached as Exhibit B to the Application.[2]   As of the date of this

Supplemental Declaration, the Application remains pending.  All facts set forth herein are based

upon my personal knowledge of Stroock's practices and Stroock's proposed representation of the

Committee.

### Background

3.      On August 3 and 4, 2020 (the "**Petition Date**"), the Debtors each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

4.      On August 18, 2020, the Office of the United States Trustee filed that

certain *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 183], appointing

the Committee.

5.      On August 19, 2020, the Committee held a meeting and, among other

things, selected Stroock as lead counsel, subject to Court approval.  The following day, August 20,

2020, the Committee selected Conway Mackenzie, LLC as the Committee's financial advisor and

Cole Schotz to serve as co-counsel to the Committee in these cases, both subject to Court approval.

6.      On September 18, 2020, the Committee filed the Application.  In support of

the Application, the Committee filed, *inter alia*, the Declaration of Kenneth Pasquale in Support

of Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing

the Employment and Retention of Stroock & Stroock & Lavan LLP as Counsel, Effective as of

August 19, 2020 (the "**Original Declaration**"), which was attached as Exhibit B to the

Application.

---

[2]      Each capitalized term that is not defined herein shall have the meaning ascribed to such term in the Application

7.     On October 5, 2020, the Debtors filed the *Notice of Filing of Potential Parties in Interest List* [Docket No. 407] (the "**Supplemental Parties List**"), which contained the names of additional potential parties in interest, which are separately identified in **Exhibit 1** hereto (the "**Additional Parties**"), whose names were not available to Stroock when Stroock submitted the Application to the Bankruptcy Court.

## No Further Disclosure

8.     Upon disclosure of the Supplemental Parties List, Stroock promptly searched, pursuant to the procedures set forth in in the Original Declaration and the Application, for connections to the Additional Parties.  That search revealed that Stroock has no connections to the Additional Parties that require disclosure.

9.     Based on the conflicts search conducted to date and described in the Original Declaration and herein, and by making general and, when applicable, specific inquiries of Stroock personnel, insofar as I have been able to ascertain after diligent inquiry, Stroock (i) does not represent any entity having an adverse interest in connection with these Chapter 11 cases and (ii) does not represent or hold an interest adverse to the interest of the Debtors or their estates with respect to the matters on which Stroock is to be employed.  Moreover, and except as may be disclosed in the Original Declaration, Stroock is disinterested within the meaning of section 101(14) of the Bankruptcy Code, in that neither I, Stroock, nor any of its members, counsel or associates:

a.     are creditors, equity security holders or insiders of the Debtors;

b.     are or were within two years before the Petition Date, a director, officer or employee of the Debtors; or

c.     have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with or interest in the Debtors or for any other reason.

10.     Finally, Stroock will continue to review its files periodically during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Stroock will continue to use reasonable efforts to identify such further developments and will promptly file an appropriate disclosure, as required by Bankruptcy Rule 2014(a)..

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2020

*/s/* Kenneth Pasquale
Kenneth Pasquale

**EXHIBIT 1**

<u>Official Committee of Unsecured Creditors (Members and Professionals)</u>
Stroock & Stroock & Lavan LLP
Cole Schotz P.C.
Conway MacKenzie
Oceaneering International, Inc.
Subsea 7 US LLC
TETRA Technologies. Inc.
Workstrings International, L.L.C.
Halliburton Energy Services, Inc.

<u>Ordinary Course Professionals</u>
Alston & Bird LLP
Barker, Donelson, Bearman, Caldwell, Berkowit & Taft LLP
Cadwalader, Wickersham
Davis Graham & Stubbs LLP
Deloitte Tax LLP
Donato, Minx, Brown & Pool, P.C.
Edwards & Floom LP
Floom Energy Law PLLC
Imagenet Consulting LLC
Kilmer Crosby & Walker PLLC
Loyens & Loeff
Miller & Chevalier Chartered
Mobius Risk Group, LLC
Post & Schell PC
Simpson Thacher & Bartlett LLP
Squire Patton Boggs (US) LLP
Stancil & Co.
Stonebridge Consulting, LLC
Thompson & Knight LLP
Vistra Management Services
Yetter Coleman LLP

<u>Notice of Appearance Party/Interested Party</u>
CNOOC Petroleum Offshore U.S.A. Inc.
ExxonMobil Corporation
Florida Gas Transmission Company, LLC
Galveston County
Intracoastal Liquid Mud, Inc.
Manta Ray Offshore Gathering Company, L.LC.
Martin Energy Services LLC
Nautilus Pipeline Company, L.L.C.
Oceaneering International Inc.
Oil States Energy Services, LLC
Plains Gas Solutions
Samson Contour Energy E & P, LLC

Samson Offshore Mapleleaf, LLC
Sea Robin Pipeline Company, LLC
Stingray Pipeline Company, LLC
Trunkline Gas Company, LLC
XTO Energy, Inc.