IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § § § § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | | Case No. 20-33948 (MI) |
| Debtors. | | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
STROOCK & STROOCK & LAVAN LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
EFFECTIVE AS OF AUGUST 19, 2020**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order authorizing the Committee's employment and retention of Stroock & Stroock & Lavan LLP ("Stroock") as counsel to the Committee in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective as of August 19, 2020, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (as amended, the "Local Bankruptcy Rules"); and the Court having reviewed the Application and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Each capitalized term that is not defined herein shall have the meaning ascribed to such term in the Application.

accompanying declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the Application has been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and accompanying declarations; and the Court having determined that the legal and factual bases set forth in the Application, the Pasquale Declaration and the Woolsey Declaration establish just cause for the relief granted herein; and the Court having found that (i) Stroock does not hold or represent any interest adverse to the Debtors' estates, (ii) Stroock is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, (iii) Stroock's hourly rates for its attorneys and paraprofessionals as described in the Pasquale Declaration are reasonable, and (iv) Stroock's employment is necessary and in the best interest of the Committee and the Debtors' estates; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Committee is hereby authorized to retain and employ Stroock as its counsel, effective as of August 19, 2020, on the terms set forth in the Application.

2. Stroock is authorized to perform the services set forth in the Application as modified by this Order.

3. Stroock shall ~~be compensated~~**apply for compensation** for its services and ~~reimbursed~~**reimbursement** for any costs and expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable procedures and orders of this Court entered in the Chapter 11 Cases *provided, however,* that Stroock shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Stroock's fee applications in these Chapter 11 Cases.  For billing purposes, Stroock shall keep its time in one tenth (1/10) hour increments in accordance with the UST Guidelines.  Stroock also intends to make a reasonable effort to comply with U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Stroock in these Chapter 11 Cases.  All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format.  Billing records will use the U.S. Trustee's standard project categories.  For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members.

4. Stroock ~~shall also be entitled~~**is authorized** to submit with its fee statements the statements of expenses incurred by members of the Committee in connection with their service on the Committee, which ~~shall~~**may** be reimbursed by the Debtors' estates in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. The Committee and Stroock are authorized to take any and all actions that may be necessary or appropriate to effectuate the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

8. Nothing contained herein shall be construed to approve any provision of any agreement between Stroock and the Debtors' estates for indemnification, arbitration, choice of venue, jurisdiction, jury waiver, limitation of damages, or similar provision.

9. To the extent that Stroock uses the services of contract attorneys in these Chapter 11 Cases, Stroock (i) shall pass-through the cost of such contract attorneys at the same rate that Stroock pays the contract attorneys; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract attorneys are subject to the same conflicts checks and disclosures as required of Stroock by Bankruptcy Rule 2014.

10. Stroock shall provide ten (10) business-days' notice to the Debtors, and the U.S. Trustee before any increase in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. Stroock shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

12. Stroock will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Stroock will use reasonable

efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

13. To the extent the Application, or the Pasquale Declaration is inconsistent with this Order, the terms of this Order shall govern.

SIGNED this ___ day of October, 2020

_____
The Honorable Marvin Isgur
United States Bankruptcy Judge

Document comparison by Workshare 9.5 on Tuesday, October 13, 2020 1:16:37 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DM/NY/78265998/1 |
| Description | #78265998v1<NY> - FWE - Stroock Retention Order |
| Document 2 ID | interwovenSite://DM/NY/78265998/2 |
| Description | #78265998v2<NY> - FWE - Stroock Retention Order |
| Rendering set | Stroock-strikethru(color) |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 5 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 9 |