IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*[1] | § | CASE NO. 20-33948 (MI) |
| | § | |
| Debtors. | § | Jointly Administered |

**CHEVRON U.S.A. INC.'S MOTION FOR ENTRY OF ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON OCTOBER 30, 2020 AT 9:00 AM. THE HEARING WILL BE HELD REMOTELY AS A TELEPHONIC CONFERENCE AND VIA GOTOMEETING. PARTIES IN INTEREST MUST CONSULT JUDGE ISGUR'S PROCEDURES (AVAILABLE ON THE COURT'S WEB SITE) FOR DIALING INSTRUCTIONS.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. § 362(d)(1), and Bankruptcy Rule 4001, Chevron U.S.A., Inc. ("Chevron"), presents this Motion for Entry of Order Granting Relief from the Automatic Stay, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

## I. SUMMARY OF MOTION

1. The above-captioned debtors and debtors-in possession (collectively, "Fieldwood" or the "Debtors") and Chevron (together with the Debtors, the "Parties") were engaged in the process of finalizing a lease exchange agreement, requiring subsequent ministerial acts of executing and filing cross-assignments and related documents when the debtors filed their petitions for relief

2. While it is unclear whether the automatic stay applies to such ministerial acts in the ordinary course of Debtors' business, out of an abundance of caution, and subject to the approval of this Court, Chevron requests that the Court modify the automatic stay to the extent applicable, and allow the Parties to execute, finalize, file, record, and assign the leases and other required documents of the LEA Transaction and Assignment, as defined and set forth herein. Cause exists to lift the stay, in the event it is applicable.

## II. JURISDICTION AND VENUE

3. On August 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

4. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334, and 11 U.S.C. § 362. Venue of this bankruptcy case is proper pursuant to 28 U.S.C. § 1408 and 1409.

5. Movant makes this Motion pursuant to Bankruptcy Rules 4001, 9013, and 9014 to obtain relief from the automatic stay of 11 U.S.C. § 362(d)(1).

## III. BACKGROUND

6. Prior to the Petition Date, the Parties were engaged in finalizing the Lease Exchange Agreement for the Murrayfield Prospect, dated effective May 1, 2020 (the "LEA

2

Transaction"). The LEA Transaction was executed by all Parties on July 17, 2020. However, as part of the LEA Transaction, cross-assignments of certain Mississippi Canyon Block leases by and between Debtors and Chevron were to be executed and filed upon closing (the "Assignments"). While the LEA Transaction has closed, the ministerial acts of executing and filing the Assignments and associated follow-up documents had not occurred when these chapter 11 cases were commenced.

7. The Assignments are specifically described as (i) Fieldwood will assign to Chevron interests in Mississippi Canyon Blocks 118, 119, 163 and 206 (OCS-G35963, OCS-G36537, OCS-G36538, OCS-G36540, respectively), and (ii) Chevron will assign to Fieldwood an interest in Mississippi Canyon Block 162 (OCS-G36880). Closing on the LEA Transaction was scheduled to take place within fifteen (15) days of the date Chevron receives the executed lease for Mississippi Canyon Block 162

8. Chevron was notified by the Bureau of Ocean Energy Management ("BOEM") of the lease award on June 25, 2020. Under 30 CFR § 585.237, the Mississippi Canyon Block 162 lease is dated effective August 1, 2020. Chevron received a copy of the executed lease for Mississippi Canyon Block 162 on August 17, 2020, beginning the fifteen (15) day period for closing of the LEA Transaction. Had BOEM delivered the executed lease just two weeks earlier, the lease exchange, including execution of the Assignments and associated follow-up documents, would have been completed prior to the Petition Date and Chevron would not need to seek the aforementioned relief from stay.

9. Chevron seeks to execute the Assignment documents for all parts of the LEA Transaction and then send such Assignment documents to Fieldwood for its execution to complete the LEA Transaction, and submit and file all necessary documents with the appropriate

governmental authorities. Additionally, this is to include all documents and agreements necessary for closing the LEA Transaction, including but not limited to: (i) the Fieldwood Instruments specified by Section 7.1(C) of the LEA Transaction, (ii) the Instruments by All Parties specified by Section 7.1(D) of the LEA Transaction, (iii) the Decommissioning Security Agreement ("DSA") specified by Section 6.3 of the LEA Transaction, including all documents required by the DSA, and (iv) all other documents not explicitly stated herein or in the LEA Transaction.

## IV. REQUEST FOR RELIEF

10. Because of the ministerial nature of the relief requested, the protections of the automatic stay do not apply, and are unnecessary, for finalizing the LEA Transaction.

11. However, out of an abundance of caution and subject to the approval of this Court, Movant requests that the automatic stay of 11 U.S.C. § 362(a) be lifted and modified to allow the Parties, and their agents or assigns, to (i) execute and exchange the Assignment documents to complete the LEA Transaction, (ii) file and record any Assignment documents, (iii) execute and exchange the Fieldwood Instruments and Instruments by All Parties specified in Sections 7.1(C) and 7.1(D) of the LEA Transaction, (iv) execute and exchange the DSA, including all documents required by the DSA, (iv) the execution and filing of certain other documents contemplated by the Joint Operating Agreement (the "JOA") between the Parties, including the Memorandum of Operating Agreement and Financing Statement (the "MOA"); and (v) execute and exchange any other documents not explicitly stated herein in furtherance of the LEA Transaction.

### A. Cause Exists Under 11 U.S.C. § 362(d) to Lift the Stay.

12. A motion to lift the stay imposed by Code Section 362(a) is governed by Code Section 362(d). Section 362(d) reads in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (1) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

13. Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the automatic stay "for cause." 11 U.S.C § 362(d)(1). The Bankruptcy Code does not define "cause." *See In Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998) ("Because [section] 362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause exist[s] on a case-by-case basis."); *In re Mendoza*, 111 F.3d 1264, 1271 (5th Cir. 1997) ("The Bankruptcy Act does not specify what constitutes cause to modify a stay, other than 'lack of adequate protection of an interest in property of such party in interest.'").

14. Courts in this district apply one of two tests when determining whether cause exists to lift the stay. The applicable test relating to this Motion considers "whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor or continuation of the stay outweighs any hardship to the debtor, and whether the creditor has a probability of prevailing on the merits of the case." *In re Kao*, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015); *see also In re Samshi Homes, LLC*, 2011 WL 3903054, at *3 (Bankr. S.D. Tex. Sept. 6, 2011) (citing three-factor test for determining whether to lift the automatic stay). Not all factors may be relevant to each case. *Id*. Because the relief requested does not involve underlying litigation, the third factor requiring weighing the merits of a case is not relevant to this Motion.

B. **Movant Satisfies the Factors Test.**

15.     The primary factor in determining whether to lift the automatic stay is whether allowing such action would impact a debtor's administration of its estate. *See In re W.R. Grace & Co.*, No. 01-01139, 2007 WL 1129170, *2 n.7 (Bankr. D. Del. Apr. 13, 2007) ("The most important factor in determining whether to grant relief from the automatic stay. . . is the effect of such litigation on the administration of the estate.") (quoting *In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984)). In this case, lifting the stay will not prejudice Debtors nor impact the administration of the estate. The execution and exchanging of Assignment documents to complete the LEA Transaction, the filing and recording of any Assignment documents, and executing and exchanging any other documents not explicitly stated herein, will not burden the estate and serve only as the final ministerial acts in finalizing a transaction previously authorized by, and agreed to, by the Parties.

16.     Second, Movant would face hardship should the relief requested be denied. Finalizing the execution and filing of multiple categories of documents, inherently ministerial acts, is imperative to completing the LEA Transaction and protecting the interests of Movant and non-debtor third-parties. The LEA Transaction cannot be completed unless Assignment documents can be sent to Fieldwood for its execution and Movant is allowed to submit and file all necessary documents with the appropriate governmental authorities. Now, the lease exchange, which would have been completed had BOEM delivered the executed lease just two weeks earlier, has been paused indefinitely, causing hardship to Movant and third-parties. Debtors face no hardship should the final ministerial acts be completed, yet Movant will continue to be harmed should the relief requested be denied.

17. These two factors unequivocally weigh in favor of granting the relief requested and allowing Movant to proceed with the ministerial acts necessary to finalize the lease exchange between the Parties.

## V.  CONCLUSION & PRAYER

18. For these reasons, and the other reasons set forth herein, the automatic stay should be lifted as to (i) the execution and exchanging of Assignment documents to complete the LEA Transaction; (ii) filing and recording of any Assignment documents; (iii) executing and exchanging the Fieldwood Instruments and Instruments by all Parties specified in Sections 7.1(C) and 7.1(D) of the LEA Transaction; (iv) executing and exchanging the DSA, including all documents required by the DSA; (iv) executing and filing of certain other documents contemplated by the JOA between the Parties, including the MOA; and (v) executing and exchanging any other documents not explicitly stated herein in furtherance of the LEA Transaction.

19. By reason of the foregoing, good cause exists to lift the automatic stay of 11 U.S.C. § 362(d), permitting Movant to move forward with executing and filing the aforementioned the Assignment documents and other documents contemplated in the LEA Transaction.

WHEREFORE, Movant requests that the Court consider and enter an order granting the relief requested in this Motion, and for all other relief to which this Court determines Movant is entitled to at law or in equity.

Dated: October 16, 2020

Respectfully submitted,

ANDREWS MYERS P.C.

*/s / Edward L. Ripley*
EDWARD L. RIPLEY
SBN: 16935950
PATRICK A. KELLY
SBN: 24105273
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
eripley@andrewsmyers.com
pkelly@andrewsmyers.com

**ATTORNEYS FOR MOVANT**

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that I conferred with Debtors' counsel on multiple occasions in August 2020, as well as on September 9, 2020. Resolution of this matter has not been reached prior to the filing of this Motion.

By: */s/ Edward L. Ripley*
EDWARD L. RIPLEY

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, a true and correct copy of the foregoing document was served via the Court's Electronic Notification System on all parties entitled to such notice. Movant certifies that movant has complied with Bankruptcy Local Rule 4001.

By: */s/ Edward L. Ripley*
EDWARD L. RIPLEY

4850-9394-5037, v. 2