IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § | |
| | § | Re:  Docket No. 413 |

### DECLARATION AND DISCLOSURE STATEMENT OF WILLIAM L. DAVIS, ON BEHALF OF JACKSON LEWIS, P.C.

I, William L. Davis, hereby declare, pursuant to section 1746 of title 28 of the United States Code:

1. I am an equity principal of Jackson Lewis, LLC located at 500 Akard Street, Suite 2500, Dallas, Texas 75201 (the "**Firm**").

2. Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide advice and counsel regarding labor and employment law to the Debtors, and the Firm has consented to provide such services (the "**Services**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

6. The Debtors owe the Firm $287 for prepetition services.

7. As of August 3, 2020, the date on which the Debtors commenced the above captioned chapter 11 cases, the Firm was not a party to an agreement with the Debtors that provides for the indemnification by the Debtors of the Firm in connection with the Services.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 19, 2020.

By: _____
William L. Davis