IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---------------------------------------------------------- x
: 
In re: : Chapter 11
:
FIELDWOOD ENERGY LLC, *et al.*, : Case No. 20-33948 (MI)
:
Debtors.[1] : (Jointly Administered)
:
: Re: Docket No. 413
---------------------------------------------------------- x

**DECLARATION OF ERNST & YOUNG LLP
PURSUANT TO THE ORDER AUTHORIZING THE DEBTORS TO
EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

I, Edwin Vandenburg, hereby declare as follows:

1. I am a Partner of Ernst & Young LLP ("EY LLP"), which has an office located at 1401 McKinney Street, Suite 2400, Houston, Texas 77010.

2. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of EY LLP or employees of other member firms of EYGL (as defined below) under my supervision and direction.

3. The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), have requested that EY LLP provide the services summarized below to the Debtors, and EY LLP has consented to provide such services.[2]

---

[1] The last four digits of the Debtors' federal tax identification numbers are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Holdings LLC (9264); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] The services that EY LLP intends to provide to the Debtors are set forth in an engagement letter (the "Engagement Letter"). The summaries of the services to be rendered by EY LLP and of EY LLP's fees for such services are qualified in their entirety by reference to the provisions of the Engagement Letter. To the extent there is any

EY LLP has been engaged to audit and report on the consolidated financial statements of the Debtors for the year ended December 31, 2020 subsequent to the Debtors filing a petition under chapter 11 of the United States Bankruptcy Code on or about August 3, 2020.

4. The Ernst & Young global network comprises independent professional services practices conducted by separate legal entities throughout the world. Such legal entities are members of Ernst & Young Global Limited ("EYGL"), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. The EYGL member firms have agreed to operate certain of their professional practices in accordance with agreed standards, but remain separate legal entities. The particular firm that the Debtors seek to retain in these Chapter 11 cases, EY LLP, is a member firm of EYGL in the United States. EY LLP does not have a parent entity, but rather is 100% owned by its partners and principals.

5. As part of its customary practice, EY LLP is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 cases.

6. Based on the connections check process that is summarized below, to the best of my knowledge, information and belief, EY LLP (a) does not perform services for any client that relates to the Debtors or these Chapter 11 cases, and (b) does not hold or represent an interest adverse to the Debtors or their estates with respect to the matters upon which EY LLP is to be employed.

7. EY LLP has access to a computer database (the "Database") that contains information about actual client engagements and potential engagement activity of EY LLP and all

---

discrepancy between the summaries contained in this Declaration and the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

of the other member firms of EYGL. The Database also includes the names of other parties that the professionals on the relevant engagement team have identified as also being involved in each engagement (*e.g.*, adverse parties and co-clients). Thus, the Database allows one to determine whether EY LLP or another EYGL member firm represents a client in a matter that relates to the Debtors or their affiliates.[3]

8. EY LLP obtained a list of the Debtors and their non-debtor affiliates (the "Debtor List") from the Debtors' bankruptcy counsel on or about August 12, 2020.[4]

9. EY LLP then caused the names of the Debtor List to be run against the Database, to determine whether EY LLP currently provides services to any client that relate to any Debtor or any affiliate of the Debtors, as set forth in the Debtor List. This process was run only for client engagements of EY LLP, and not for client engagements of any other member firm of EYGL.

10. In the ordinary course of business, certain EYGL member firms ("EY Support Firms") provide various professional, administrative and back office support services for client-facing EYGL member firms throughout the world, as requested, coordinated and directed by such client-facing EYGL member firms (including EY LLP). An EY Support Firm assisted EY LLP in performing EY LLP's connections check for these Chapter 11 cases. The costs paid by EY LLP to that EY Support Firm for such connections check related services will not be billed to the Debtors.

---

[3] The information in the Database is populated by the professionals who are providing services under each engagement. Therefore, the information in the Database may not be 100% correct with respect to all engagements, as human errors may occur.

[4] In addition, the Debtors' bankruptcy counsel sent EY LLP a list of other parties in interest in these cases. EY LLP did not run the names on that parties in interest list because EY LLP is able to determine whether it holds an adverse interest to the Debtors based on the Debtor List.

11. As of August 3, 2020, the date on which the Debtors commenced the above captioned chapter 11 cases, EY LLP was not a party to an agreement with the Debtors that provides for the indemnification by the Debtors of the Firm in connection with the Services.

12. To the extent required by Section 504 of the Bankruptcy Code, except as otherwise set forth herein, EY LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person, other than the partners, principals and employees of EY LLP.

13. The Debtors owe EY LLP $0 for prepetition services.

14. The Debtors subscribe to *EY Atlas*, a single, global online resource to access accounting and financial reporting literature, including external standards, EY interpretations and thought leadership.  The Debtors pay an annual subscription fee to E&Y Product Sales LLC for the *EY Atlas* service.

15. At any time during the period of its employment before the effective date of a Chapter 11 plan in these cases, if EY LLP should discover any facts bearing on the matters described herein or that require disclosure, EY LLP will file a supplemental declaration with this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  October 23, 2020

/s/ Edwin Vandenburg
Edwin Vandenburg
Ernst & Young LLP