**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| FIELDWOOD ENERGY, LLC, *et al.*,[1] | ) ) ) | Case No. 20-33495 (DRJ) |
| Debtors. | ) ) ) | Jointly Administered |
| | ) | Re: Docket No. 413 |

**DECLARATION OF DISINTERESTEDNESS OF
PRICEWATERHOUSECOOPERS LLP PURSUANT TO THE ORDER
AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN
ORDINARY COURSE OF BUSINESS**

I, Thomas J. Palmisano, pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Partner of PricewaterhouseCoopers LLP, located at 1000 Louisiana Street, Suite 5800, Houston, TX 77002 (the "Firm").

2. This declaration ("Declaration") is submitted in accordance with that certain *Order Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course of Business* [Docket No. 413] (the "OCP Order"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

3. The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases ("Chapter 11 Cases") have requested that the Firm provide certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

services to the Debtors, and the Firm has consented to provide such services (the "Services") pursuant to those certain Engagement Letters. The requested Services include tax compliance and tax consulting services.

4. The Firm may in the past have performed, may currently perform, and may in the future perform services in matters unrelated to these Chapter 11 Cases for persons that are parties in interest in these Chapter 11 Cases. As part of its customary practices, the Firm is employed in cases, proceedings, and transactions involving many different parties, some of whom may represent or be parties in interest in these Chapter 11 Cases. The Firm does not perform services for any such party in interest in connection with the Chapter 11 Cases.

5. To the best of my knowledge, neither the Firm nor any professionals who are expected to provide the Services to the Debtors pursuant to those certain Engagement Letters holds or represents an interest adverse to the Debtors or their estates with respect to the matters upon which the Firm is proposed to be employed.

6. Neither I, nor any principal of, nor any professional employed by the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Prior to the Debtors' bankruptcy filing, the Firm rendered services to the Debtors and, as of the Petition Date, the Debtors owe the Firm $34,500 for pre-petition services.

8. As of the Petition Date, the Firm was a party to the Engagement Letters with the Debtors, which includes certain indemnification provisions. Such indemnification provisions in the Engagement Letters shall, subject to the pendency of the Debtors' Chapter 11 Cases, be subject to the following modifications:

    a. The Firm shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letters for services other than the services provided

      in the Engagement Letters, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

    b. Notwithstanding anything to the contrary in the Engagement Letters, the Debtors shall have no obligation to indemnify the Firm, or provide contribution or reimbursement to the Firm, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from the Firm's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (b) for a contractual dispute in which the Debtors allege the breach of the Firm's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Firm should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letters as modified by the Court.

    c. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these chapter 11 cases, the Firm believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified pursuant to this Declaration), including the advancement of defense costs, the Firm must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Firm before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Firm for indemnification, contribution, or reimbursement. In the event that the Firm seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letters, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Firm's own applications, both interim and final, but determined by the Court after notice and a hearing.

9.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors or any other potential conflict of interest and, upon conclusion of those inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 21, 2020

_____
Thomas J. Palmisano, Partner
PricewaterhouseCoopers LLP