IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.* | § | **Case No.  20-33948 (MI)** |
| | § | |
| Debtors. [1] | § | **(Jointly Administered)** |
| | § | |
| | § | Re: Docket No. 468 |

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY**

Fieldwood Energy LLC ("Fieldwood") and its debtor affiliates in the above-captioned

chapter 11 cases (collectively, the "Debtors") and Chevron U.S.A. Inc. ("Chevron," and together

with the Debtors, the "Parties") hereby enter into this Stipulation and Order Modifying the

Automatic Stay (the "Stipulation and Order") and agree as follows:

**RECITALS**

**WHEREAS**, on August 3, 2020 and August 4, 2020 (the "Petition Date"), each of

the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of

Texas (the "Court");

**WHEREAS**, prior to the Petition Date, the Parties entered into that certain Lease

Exchange Agreement (Murrayfield Prospect), dated May 1, 2020, by and between Chevron and

Fieldwood (the "LEA"),[2] providing for the exchange of interests in certain federal oil and gas

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the LEA.

leases as described more fully therein.  The LEA was executed by Chevron and Fieldwood on July 17, 2020.  As part of the LEA, cross-assignments of certain Mississippi Canyon Block leases by and between Fieldwood and Chevron were to be executed and filed upon closing of the LEA (the "Assignments");

WHEREAS, the Assignments are specifically described in the LEA as (i) Fieldwood will assign to Chevron interests in Mississippi Canyon Blocks 118, 119, 163 and 206 (OCS-G35963, OCS-G36537, OCS-G36538, OCS-G36540, respectively), and (ii) Chevron will assign to Fieldwood an interest in Mississippi Canyon Block 162 (OCS-G36880);

WHEREAS, the Parties agree that the LEA and Assignments at issue are in the ordinary course of business for the Parties;

WHEREAS, pursuant to the LEA, closing shall take place within fifteen (15) days after the date Chevron receives the executed lease for Mississippi Canyon Block 162 (the "Lease") from the Department of Interior;

WHEREAS, Chevron was notified by the Bureau of Ocean Energy Management ("BOEM") of the lease award on June 25, 2020. Under 30 CFR § 585.237, the Lease is effective August 1, 2020;

WHEREAS, Chevron received a copy of the executed Lease on August 17, 2020;

WHEREAS, the Parties now wish to execute the Assignments and all other documents and agreements necessary for the closing of the LEA, and to submit and file all necessary documents with the appropriate governmental authorities. For the avoidance of doubt, the documents and agreements necessary for closing the LEA include, but are not limited to: (i) the Assignment by Chevron to Fieldwood of an interest in the Pending Lease, as specified by Section 7.1(B) of the LEA; (ii) the Assignments by Fieldwood to Chevron of interests in the

Effective Leases, as specified by Section 7.1(C) of the LEA; (iii) the amendment to the Murrayfield Operating Agreement, as specified by Sections 6.2 and Section 7.1(D) of the LEA; (iv) the Decommissioning Security Agreement ("Chevron DSA"), as specified by Section 6.3 of the LEA, including all documents required by the Chevron DSA; and (v) all other documents not explicitly stated herein but otherwise necessary to close the LEA;[3]

WHEREAS, on October 16, 2020, Chevron filed *Chevron U.S.A. Inc.'s Motion for Entry of Order Granting Relief from the Automatic Stay* (Docket No. 468) (the "Motion"). Pursuant to the Motion, Chevron seeks relief from the automatic stay to finalize the transactions contemplated by the LEA;

WHEREAS, the Parties have agreed, subject to the approval of the Bankruptcy Court, to modify the automatic stay, to the extent applicable, to allow the Parties to execute, finalize, file, record, and assign the Leases and other required documents of the LEA, as set forth herein.

**NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES AND HEREBY ORDERED THAT:**

1.      This Stipulation and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "Effective Date").

2.      Upon the Effective Date, the automatic stay under 11 U.S.C. §362 is modified, to the extent applicable, to allow the Parties, and their agents or assigns, to execute, exchange, and, to the extent necessary, file and record: (i) the Assignment by Chevron to Fieldwood of an interest in the Pending Lease, as specified by Section 7.1(B) of the LEA; (ii) the Assignments by

---

[3] The Parties intend for this Stipulation and Order to include the execution and filing of certain other documents contemplated by the Murrayfield Operating Agreement, including the Memorandum of Operating Agreement and Financing Statement (the "MOA"), which allows the Parties to record the mortgage and security interests granted to all parties under the Murrayfield Operating Agreement as part of the LEA.

Fieldwood to Chevron of interests in the Effective Leases, as specified by Section 7.1(C) of the LEA; (iii) the amendment to the Murrayfield Operating Agreement, as specified by Sections 6.2 and Section 7.1(D) of the LEA; (iv) the Chevron DSA, as specified by Section 6.3 of the LEA, including all documents required by the Chevron DSA; and (v) all other documents not explicitly stated herein but otherwise necessary to close the LEA.

3.  Notwithstanding anything herein to the contrary, the Debtors are not authorized to make any payment or transfer pursuant to the Chevron DSA absent approval of the Bankruptcy Court.

4.  Nothing herein is intended to be or shall be deemed as an agreement by the Debtors to pay any claims or an admission by the Debtors as to the validity of any claims, a waiver of any defenses, claims or causes of action which the Debtors may have, or an approval, assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  Further, nothing herein is intended to be or shall be deemed as a waiver of any defenses, claims or causes of action which Chevron may have related to the LEA or related to any other agreements with the Debtors.

5.  The undersigned who executes this Stipulation and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

6.  The 14-day stay period set forth in Rule 4001(a)(3) is hereby waived and this Stipulation and Order shall be effective immediately upon its entry.

7.  This Stipulation and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

8.      The Bankruptcy Court shall retain and the Parties consent to its jurisdiction to resolve any disputes or controversies arising from this Stipulation and Order.


IT IS SO ORDERED.

Dated:_____


                                                          _____
                                                          HONORABLE MARVIN ISGUR
                                                          UNITED STATES BANKRUPTCY JUDGE

STIPULATED AND AGREED TO THIS 29TH DAY OF OCTOBER, 2020:
Houston, Texas

| | |
|---|---|
| /s/ Alfredo R. Pérez | /s/  Edward L. Ripley |

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Matt.Barr@weil.com
            Jessica.Liou@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

ANDREWS MYERS, P.C.
Edward L. Ripley
1885 Saint James Place, 15th Floor
Houston, Texas  77056
Telephone:      (713) 850-4227
Facsimile:       (713) 850-4211
Email: eripley@andrewsmyers.com

*Attorneys for Chevron U.S.A. Inc.*

### Certificate of Service

I hereby certify that on October 29, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Alfredo R. Pérez
Alfredo R. Pérez