## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| **FIELDWOOD ENERGY LLC, *et al.*** [1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

## APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a), 330(a), AND 1103, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF MANI LITTLE & WORTMANN, PLLC AS SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF OCTOBER 21, 2020

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully represents as follows in support of this application (the "Application"):

**Relief Requested**

1.      By this Application, the Committee seeks Court approval of the Committee's retention of Mani Little & Wortmann, PLLC ("Mani Little & Wortmann"), effective as of October 21, 2020, to assist primarily with the Committee's ongoing investigation into the purported liens associated with the Debtors' oil and gas assets and interests located offshore.  In this regard, the Committee selected Mani Little & Wortmann because of the firm's extensive experience with offshore oil and gas leases and associated security instruments. The firm is experienced in Texas, Louisiana, and Alabama oil and gas law as well as with offshore leases secured by mortgages.  Two of the firm's partners worked as landmen before becoming attorneys, and each of the firm's partners, and eight of the firm's attorneys are Board Certified in Oil, Gas and Mineral law by the Texas Board of Legal Specialization.  Furthermore, and as particularly applicable to these cases, the firm has often provided expert opinions on federally owned lands (including offshore Bureau of Ocean Energy Management leases) in support of litigation, and regularly advises clients on lien perfection issues.  The firm is also experienced with work of this nature and was recently hired as Efficiency Counsel to the Official Committee of Unsecured Creditors for the purpose of lien testing in Bankruptcy Case No. 20-33193, styled *In Re Sable Permian Resources, LLC et al.,* in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2

2.      Accordingly, the Committee seeks entry of an order authorizing the retention and employment of Mani Little & Wortmann as special counsel to the Committee as of October 21, 2020.  A proposed form of order granting the relief requested herein is attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>").   In support of this Application, the Committee relies upon the declaration of Eric W. Wortmann II (the "<u>Wortmann Declaration</u>"), attached hereto as <u>Exhibit B</u>, and the declaration of Elba Parra (the "<u>Committee Declaration</u>"), attached hereto as <u>Exhibit C</u>.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.   This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 328(a), 330(a), and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2014-1 the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>"), and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees.  Section 328(a) of the Bankruptcy Code provides that a statutory committee may employ attorneys on any reasonable terms and conditions.  *See* 11 U.S.C. § 328(a).  Section 1103(a) of the Bankruptcy Code provides that a statutory committee may, with the court's approval, select and employ attorneys to represent or perform services for such committee.  *See* 11 U.S.C. § 1103(a).  The Committee believes that Mani Little & Wortmann is well qualified to act as special counsel in these Chapter 11 Cases.  To the extent the Application does not comply in every respect with the above-

referenced requirements, the Committee respectfully requests a waiver for any such non-compliance.

## **Background**

6.      On August 3, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

7.      On August 18, 2020, the Office of the United States Trustee filed that certain *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 183], appointing a Committee pursuant to section 1102 of the Bankruptcy Code, whose members are: (i) Halliburton Energy Services, Inc.; (ii) TETRA Technologies, Inc.; and (iii) Workstrings International, L.L.C.[2]

8.      On August 19, 2020, the Committee held a meeting and, among other things, selected Stroock & Stroock & Lavan LLP ("Stroock") as lead counsel, subject to Court approval. The following day, August 20, 2020, the Committee selected Conway Mackenzie, LLC ("Conway") as the Committee's financial advisor and Cole Schotz P.C. ("Cole Schotz") to serve as co-counsel to the Committee in these cases, both subject to Court approval.[3]

9.      On October 21, 2020, the Committee selected Mani Little & Wortmann as the Committee's special counsel to the Committee in these cases, subject to Court approval.

---

[2] On October 9, 2020, Oceaneering International, Inc. resigned as a member of the Committee.  On October 26, 2020, Subsea US LLC resigned as a member of the Committee.

[3] The Court subsequently entered Orders approving the retention of Stroock, Cole Schotz, and Conway at Docket Nos. 471, 470, and 472, respectively.

61542/0001-21532110v2

**Mani Little & Wortmann's Qualifications**

10.     The Committee has determined that it requires special counsel to address the offshore oil and gas leases held by the Debtors as well as any purported liens thereon as part of its investigations.  In this regard, the Committee selected Mani Little & Wortmann because of the firm's extensive experience with offshore oil and gas leases and associated security instruments.  The firm's experience in oil and gas law spans decades and covers every area in which the Debtors operate, including the Debtors' offshore operations.  Two of the firm's three named partners worked as landmen before becoming attorneys, and each of the firm's partners, and eight of the firm's thirteen attorneys, is Board Certified in Oil, Gas and Mineral law by the Texas Board of Legal Specialization.  The firm has often provided expert opinions on oil and gas leases in support of litigation, and regularly advises clients on lien perfection issues.

11.     The Committee submits that Mani Little & Wortmann's retention as special counsel to the Committee is necessary and in the best interest of the estates, their creditors, and all parties in interest.

**Services to Be Provided**

12.     Mani Little & Wortmann seeks to render the following services, among others, on behalf of the Committee:

        (a)     to review the Debtors' oil and gas leases and wells and associated security instruments; and

        (b)     to perform other necessary legal services in relation to the Chapter 11 Cases which lead counsel and/or the Committee may find reasonable and appropriate to assign.

13.     The Committee has been informed that Eric W. Wortmann II has been a member in good standing of the bar of the State of Texas since 2007 and is also licensed to practice in the states of Pennsylvania, New Mexico, and Wyoming.  The Committee is further informed that the

5

Mani Little & Wortmann attorneys who will provide services in the Chapter 11 Cases are similarly members in good standing of the State Bar of Texas.

14.     To the extent the need arises, the Committee may seek to engage further conflicts or special counsel in connection with the Chapter 11 Cases.  In order to avoid any duplication of effort and provide services to the Committee in the most efficient and cost-effective manner, Mani Little & Wortmann has and will continue to coordinate with Stroock and Cole Schotz, as well as any additional firms (should such other firms be later retained), regarding their respective responsibilities in connection with representation of the Committee.

## **Professional Compensation**

15.     The Committee requests that all fees and related expenses incurred by the Committee on account of services rendered by Mani Little & Wortmann in the Chapter 11 Cases be paid as administrative expenses of the estates pursuant to Bankruptcy Code §§ 328, 330, 331, 503(b), and 507(a)(2).  The Committee has been advised that: (i) compensation will be payable to Mani Little & Wortmann on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Mani Little & Wortmann; (ii) Mani Little & Wortmann's current customary hourly and daily rate ranges are as follows:

| Timekeeper Category | Rate Range |
|---|---|
| Partners | $350 - $375/hour |
| Associates | $250 - $275/hour |
| Landmen | $575/day |

(iii) to reflect economic and other conditions, Mani Little & Wortmann revises its regular hourly rates periodically and requests that, effective as of the date of such revision, the aforementioned rates be revised to the regular hourly and daily rates that will be in effect at that time;[4] and (iv)

---

[4] As set forth in the Proposed Order, Mani Little & Wortmann will provide ten business days' notice to the Committee, the Debtors, and the U.S. Trustee before implementing periodic increases, and shall file any such notice with the Court.

61542/0001-21532110v2

Mani Little & Wortmann will only charge its regular hourly and daily rates in effect at the time services are rendered.

16.     The Committee has been advised that the hourly and daily rates set forth above are Mani Little & Wortmann's standard hourly and daily rates for work of this nature and that these rates are set at a level designed to fairly compensate Mani Little & Wortmann for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  The Committee has also been advised by Mani Little & Wortmann that it is the firm's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred without markup in connection with the clients' cases.

17.     Mani Little & Wortmann has represented to the Committee that Mani Little & Wortmann intends to provide the Committee monthly fee statements and, subject to any interim compensation orders entered by the Court, Mani Little & Wortmann shall submit interim and final fee applications that shall include all of its fees for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Cases.

18.     Such interim and final fee applications shall be subject to the Court's approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and orders of this Court, including an interim compensation order, and, to the extent required by the foregoing, the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines").  The Committee understands that all allowed compensation and expenses will be paid by the Debtors and their estates.

19.     The Committee understands that under no circumstances shall the Committee members be responsible for payment of Mani Little & Wortmann's fees and expenses.  The Committee believes that, in light of the nature and complexity of these cases and Mani Little & Wortmann's qualifications, the above rates, and the terms and conditions of Mani Little & Wortmann's employment, are reasonable.

<u>**Disclosure of Connections**</u>

20.     Mani Little & Wortmann has advised the Committee that neither Mani Little & Wortmann nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which Mani Little & Wortmann is to be employed, except as may be set forth in the Wortmann Declaration. Mani Little & Wortmann has advised the Committee that it will not represent any of the entities set forth in the Wortmann Declaration in connection with the Chapter 11 Cases.

21.     The Committee has been advised that in the event that Mani Little & Wortmann discovers any connections, other than as disclosed in the Wortmann Declaration, with any party in interest in the Chapter 11 Cases, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Mani Little & Wortmann will disclose such connections and information to the Court in a supplement to the Wortmann Declaration.

<u>**Notice**</u>

22.     Notice of this Application has been provided to all parties listed on the Debtors' Master Service List.  The Committee submits that such notice is sufficient and that no other or further notice be provided.

61542/0001-21532110v2

**<u>No Prior Request</u>**

23.     No previous request for the relief sought in this Application has been made by the Committee to this or any other court.

**WHEREFORE**, the Committee respectfully requests entry of the Proposed Order authorizing the Committee to retain and employ the law firm of Mani Little & Wortmann as special counsel, effective as of October 21, 2020, and granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 30, 2020

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
FIELDWOOD ENERGY LLC, *et al*.

By: <u>*/s/ Elba Parra*</u>
Elba Parra, Halliburton Energy Services, Inc.,
solely in its capacity as Co-Chair of the Official
Committee of Unsecured Creditors of Fieldwood
Energy LLC, *et al*.

61542/0001-21532110v2

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **FIELDWOOD ENERGY LLC, *et al.*** [5] | **Case No. 20-33948 (MI)** |
| **Debtors.** | **(Jointly Administered)** |

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a),
330(a), AND 1103, AUTHORIZING AND APPROVING RETENTION
AND EMPLOYMENT OF MANI LITTLE & WORTMANN, PLLC
AS SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS, EFFECTIVE AS OF OCTOBER 21, 2020</u>**

Upon consideration of the application (the "<u>Application</u>")[6] of the Official Committee of

Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned cases for an order

pursuant to sections 328(a), 330(a), and 1103 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy</u>

<u>Local Rules</u>"), authorizing the retention and employment of Mani Little & Wortmann, PLLC

("<u>Mani Little & Wortmann</u>"), as of October 21, 2020, as special counsel to the Committee; and

upon consideration of the Wortmann Declaration and the Committee Declaration; and this Court

having jurisdiction to consider the Application and the relief requested therein in accordance

---

[5]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC
(6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489);
Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf
LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC
(1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary
mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[6]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that (i) the relief requested in the Application is in the best interest of the creditors, the Debtors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Wortmann Declaration, and the Committee Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Mani Little & Wortmann is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and (iv) Mani Little & Wortmann does not represent or hold any interest adverse to the Committee with respect to the matters for which the Committee seeks to employ Mani Little & Wortmann; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.      In accordance with sections 328(a), 330(a), and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain Mani Little & Wortmann as its attorneys on the terms set forth in the Application, the Wortmann Declaration, and the Committee Declaration, as modified by the Order, effective as of October 21, 2020.  Mani Little & Wortmann will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.

2.      Mani Little & Wortmann is authorized to act as the Committee's counsel and to perform those services described in the Application.  Specifically, but without limitation, Mani

Little & Wortmann is authorized to render the following services, among others, on behalf of the Committee:

    a.  to review the Debtors' oil and gas leases and wells and associated security instruments; and

    b.  to perform other necessary legal services in relation to the Chapter 11 Cases which lead counsel and/or the Committee may find reasonable and appropriate to assign.

3.     Mani Little & Wortmann shall be compensated for its services and reimbursed for any related expenses upon the filing and approval of interim and final applications, in accordance with the applicable Bankruptcy Rules, the Bankruptcy Local Rules, and such orders as the Court may enter.  Pursuant to Bankruptcy Code section 503(b)(1), the fees and expenses of Mani Little & Wortmann shall be administrative expenses.  Each of the Debtors shall be jointly and severally responsible for Mani Little & Wortmann's compensation and reimbursement of expenses in the Chapter 11 Cases.

4.     Mani Little & Wortmann shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* in connection with applications for compensation and reimbursement of expenses filed by Mani Little & Wortmann in the Chapter 11 Cases.  Mani Little & Wortmann shall provide no less than ten business days' notice to the Committee, the Debtors and the U.S. Trustee before implementing rate increases in the Chapter 11 Cases and shall file such notice with the Court.

5.     Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, Mani Little & Wortmann shall not be entitled to reimbursement for

fees and expenses in connection with the defense any objection to its fees, without further order of the Court.

6.      Mani Little & Wortmann will use its best efforts to avoid any duplication of services provided by any of the Committee's other Chapter 11 Professionals in these chapter 11 cases.

7.      Mani Little & Wortmann shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by Mani Little & Wortmann to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8.      Mani Little & Wortmann will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Mani Little & Wortmann will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

9.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application.

10.      The Committee and Mani Little & Wortmann are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

11.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     To the extent the Application, the Wortmann Declaration, or the Committee Declaration is inconsistent with this Order, the terms of this Order shall govern.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2020
      Houston, Texas                       _____
                                              JUDGE MARVIN ISGUR
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Wortmann Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

DECLARATION OF ERIC W. WORTMANN II IN SUPPORT OF APPLICATION FOR
ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a),
330(a), AND 1103, AUTHORIZING AND APPROVING RETENTION
AND EMPLOYMENT OF MANI LITTLE & WORTMANN, PLLC
AS SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, EFFECTIVE AS OF OCTOBER 21, 2020

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), I, Eric W. Wortmann II, declare that the following is true to the best of my knowledge,

information, and belief:

1.      I am an attorney admitted and in good standing to practice in the States of Texas,

Pennsylvania, New Mexico and Wyoming.

2.      I am a partner in the law firm of Mani Little & Wortmann, PLLC ("Mani Little &

Wortmann"), located at 300 Austin Highway, Suite 150, San Antonio, Texas 78209, and am duly

authorized to make this declaration on behalf of Mani Little & Wortmann.   I submit this

declaration in support of the *Application for Entry of an Order, Pursuant to Bankruptcy Code*

*Sections 328(a), 330(a), and 1103, Authorizing the Retention and Employment of Mani Little &*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Wortmann, PLLC as Counsel to the Official Committee of Unsecured Creditors, Effective as of October 21, 2020* (the "<u>Application</u>").[2]

3.      The facts set forth in this declaration are based upon my personal knowledge, discussions with other Mani Little & Wortmann attorneys, and the firm's client/matter records that were reviewed by me or other Mani Little & Wortmann attorneys acting under my supervision and direction.  To the extent any information disclosed in this declaration requires amendment or modification upon Mani Little & Wortmann's completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## Mani Little & Wortmann's Qualifications

4.      Mani Little & Wortmann is particularly qualified to serve as the Committee's special counsel in the Chapter 11 Cases.  Mani Little & Wortmann has extensive experience with oil and gas leases and associated security instruments.  The firm's experience in oil and gas law spans decades and covers every area in which the Debtors operate, including the Debtors' offshore assets.  Two of the firm's three name partners worked as landmen before becoming attorneys, and each of the firm's partners, and eight of the firm's thirteen attorneys is Board Certified in Oil, Gas and Mineral law by the Texas Board of Legal Specialization.  The firm has often provided expert opinions on oil and gas leases in support of litigation and regularly advises clients on lien perfection issues.

## Mani Little & Wortmann's Connections with Interested Parties

5.      Mani Little & Wortmann and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that

---

[2]      Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

may be parties in interest in the Chapter 11 Cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and the Chapter 11 Cases.

6.      Mani Little & Wortmann has reviewed its client files and surveyed its members and employees for its connection to the Interested Parties on <u>Schedule 1</u> hereto.  To the extent such searches indicated that Mani Little & Wortmann has performed any services for any such entity within the last five years, the identity of such entity and the nature of Mani Little & Wortmann's relationship with such entity are set forth in <u>Schedule 2</u> hereto.

7.      To the best of my knowledge, based on the review procedures described above, Mani Little & Wortmann does not have any "connection" to the Interested Parties, except as described in this declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure.  Out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under the Bankruptcy Code or applicable standards of professional ethics.

8.      Neither I, nor any partner, associate, or employee of Mani Little & Wortmann, as far as I have been able to ascertain, has any connection with the members of the Committee, the Debtors, or any other Interested Party, except as set forth below or otherwise in this declaration (including the <u>Schedules</u> hereto):

a.      Attached hereto as <u>Schedule 2</u> and incorporated herein by reference is a list of Interested Parties (or their affiliates) whom Mani Little & Wortmann represents, or has represented within the last five years, in matters ***unrelated*** to the matters on which the Committee seeks to retain Mani Little & Wortmann.  Although Mani Little & Wortmann has represented, currently represents, and may continue to represent certain entities and individuals listed on <u>Schedule 2</u> hereto, Mani Little &

3

Wortmann will not represent any such entity or individual in connection with the Chapter 11 Cases.

b. Each of the entities identified on Schedule 2 (and any affiliates thereof) for whom Mani Little & Wortmann has performed services accounted for 1% or less of Mani Little Wortmann's fees collected for the fiscal year 2019, except for EOG Resources, Inc.  Mani Little & Wortmann will not represent EOG Resources, Inc. in the Chapter 11 Cases.  I do not believe that Mani Little & Wortmann's connections to these entities precludes it from meeting the disinterestedness standard under the Bankruptcy Code, but disclose it out of an abundance of caution.

c. Mani Little & Wortmann may have represented in the past, may currently represent, and may in the future represent certain Interested Parties actually or potentially adverse to the Committee, its members, or other unsecured creditors in matters ***unrelated*** to the Chapter 11 Cases.

c. Mani Little & Wortmann will not represent any entity other than the Committee in the Chapter 11 Cases.

d. It is possible that certain Mani Little & Wortmann attorneys or employees hold interests in mutual funds or other investment vehicles that may be creditors of the Debtors.

9. Despite the efforts described above to identify and disclose Mani Little & Wortmann's connections with parties in interest in the Chapter 11 Cases, Mani Little & Wortmann is unable to state with certainty that every client representation or other connection has been disclosed.  In this regard, if Mani Little & Wortmann discovers additional information that requires disclosure, Mani Little & Wortmann will file a supplemental disclosure with the Court.

10. I am not related to and, to the best of my knowledge, no other attorney at Mani Little & Wortmann is related to: (a) any United States Bankruptcy Judge for the Southern District of Texas or (b) the United States Trustee for the Southern District of Texas, or any person employed by the Office of such United States Trustee.

4

11.     To the best of my knowledge, information, and belief formed after reasonable inquiry, Mani Little & Wortmann is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Mani Little & Wortmann:

      a.      is not a creditor, equity security holder, or insider of the Debtors;

      b.      is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

      c.      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

12.     Based on the foregoing and except as provided herein, to the best of my knowledge, information, and belief formed after reasonable inquiry, Mani Little & Wortmann does not (a) represent or hold any interest adverse to the Committee with respect to the matters on which the Committee seeks to employ Mani Little & Wortmann or (b) have any connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed by the Office of such United States Trustee.

## Compensation of Mani Little & Wortmann

13.     Mani Little & Wortmann will apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred without markup in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Mani Little & Wortmann will use in the Chapter 11 Cases are generally the same as the hourly rates and corresponding rate structure that Mani Little & Wortmann uses in similar matters, as well as other complex transactional and litigation matters

whether in court or otherwise, regardless of whether a fee application is required. Mani Little & Wortmann's rates and rate structure reflect that such restructuring and other complex matters typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

14.    Mani Little & Wortmann operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Mani Little & Wortmann's current customary hourly and daily rates ranges are as follows:

| Timekeeper Category | Rate Range |
|---|---|
| Partners | $350 - $375/hour |
| Associates | $250 - $275/hour |
| Landmen | $575/day |

15.    Mani Little & Wortmann's hourly and daily rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. These hourly and daily rates vary with the experience and seniority of the individuals assigned and are consistent with the rates that Mani Little & Wortmann charges other comparable chapter 11 clients, regardless of the location of such cases. I believe these rates are reasonable and commensurate with the hourly and daily rates of other firms of similar size and expertise.

16.    To reflect economic and other conditions, Mani Little & Wortmann revises its regular hourly rates periodically and requests that, effective as of the date of such revision, the aforementioned rates be revised to the regular hourly rates that will be in effect at that time.[3]

---

[3]    As set forth in the Proposed Order, Mani Little & Wortmann will provide ten business days' notice to the Committee, the Debtors and the U.S. Trustee and shall file any such notice with the Court.

61542/0001-21532110v2

17.     It is Mani Little & Wortmann's policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter without markup.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, and telecopier charges.  Mani Little & Wortmann will charge for these expenses in a manner and at rates consistent with charges generally made to its other clients.  Mani Little & Wortmann believes that failure to charge these expenses would require the firm to increase its current hourly rates.

18.     To ensure compliance with all applicable deadlines in the Chapter 11 Cases, from time to time the firm utilizes the services of overtime assistants.  Mani Little & Wortmann charges fees for such administrative services that arise out of business necessity without markup.

19.     Mani Little & Wortmann currently charges $0.20 per copy for photocopies in its offices.  Mani Little & Wortmann does not charge its clients for incoming facsimile transmissions.

20.     Mani Little & Wortmann has not received a retainer in connection with the Chapter 11 Cases.

21.     No promises have been received by Mani Little & Wortmann, nor by any of its partners or associates, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  Mani Little & Wortmann has no agreement with any other entity to share with such entity any compensation received by Mani Little & Wortmann in connection with the Chapter 11 Cases.

## Statement Regarding U.S. Trustee Guidelines

22.     Mani Little & Wortmann intends to make a reasonable effort to comply with the

U.S. Trustee's requests for information and disclosures both in connection with the Application

and the interim and final fee applications the firm will file in the course of its engagement.  Mani

Little & Wortmann reserves all rights as to the relevance and substantive legal effect of the

Appendix B Guidelines in the Chapter 11 Cases.

23.     Mani Little & Wortmann provides the following response to the request for

information set forth in Paragraph D.1. of the Appendix B Guidelines.

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | **No.** |
| | |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response:** | **No.** |
| | |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response:** | **Not Applicable.** |

[*Remainder of page intentionally left blank.*]

| Question: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
|---|---|
| **Response:** | **The Committee and Mani Little & Wortmann expect to work together to develop a budget and staffing plan for the Chapter 11 Cases.** |

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 30th day of October, 2020

/s/ Eric W. Wortmann II
Eric W. Wortmann II, Esq.

9

## Schedule 1

INTERESTED PARTIES SEARCHED

**Schedule 2**

INTERESTED PARTIES OR THEIR AFFILIATES WHOM MANI LITTLE & WORTMANN
HAS, OR MAY HAVE, REPRESENTED WITHIN THE LAST FIVE YEARS IN MATTERS
**UNRELATED** TO THE CHAPTER 11 CASES

| Interested Parties | Status |
|---|---|
| BP America Production Company | Former client |
| Cimarex Energy Co | Current client |
| Enervest Ltd. | Current client |
| EOG Resources | Current client |
| EOG Resources, Inc. | Current client |
| Exxon Mobil Corporation | A subsidiary of Exxon Mobil Corporation is a current client |
| Freeport McMoran Oil & Gas | Former client |
| Freeport McMoRan | Former client |
| Legend Natural Gas II, L.P. | Associated entities may be a former client |
| Legend Natural Gas III, LP | Associated entities may be a former client |
| Legend Natural Gas, LP | Associated entities may be a former client |
| Sabine Oil and Gas Corporation | Former client |
| Trinity River Energy, LLC | Former client |
| Wagner Oil Company | Former client |
| XTO Energy Inc. | Current client |

## EXHIBIT C

### COMMITTEE DECLARATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **FIELDWOOD ENERGY LLC, *et al.* [1]** | **Case No. 20-33948 (MI)** |
| **Debtors.** | **(Jointly Administered)** |

**DECLARATION OF ELBA PARRA IN SUPPORT OF APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a), 330(a), AND 1103, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF MANI LITTLE & WORTMANN, PLLC AS SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF OCTOBER 21, 2020**

I, Elba Parra, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare under penalty of perjury as follows:

1.      I, Elba Parra, am a Region Manager of Halliburton Energy Services, Inc. ("**Halliburton**").   Halliburton was elected Co-Chair of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned debtors (collectively the "**Debtors**").  I am authorized to submit this declaration (the "**Declaration**") in support of the *Application for Entry of an Order, Pursuant to Bankruptcy Code Sections 328(a), 330(a), and 1103, Authorizing and Approving Retention and Employment of Mani Little & Wortmann, PLLC as Special Counsel to the Official Committee of Unsecured Creditors, Effective as of October 21, 2020*  (the "**Application**") on behalf of the Committee.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

## The Committee's Selection of Counsel

2.      On October 21, 2020, Stroock & Stroock & Lavan LLP and Cole Schotz P.C. advised the Committee it should consider hiring special counsel to review the Debtors' pre-petition liens because it would yield significant cost savings to the Debtors' estates.  The Committee then reviewed Mani Little & Wortmann's qualifications and selected it as special counsel to review the prepetition liens on the Debtors assets in the Chapter 11 Cases.  As a member of the Committee, I was directly involved with the Committee's selection process for counsel.  The Committee found Mani Little & Wortmann to be uniquely qualified to represent the Committee.  Mani Little & Wortmann possesses extensive experience and knowledge of oil & gas leases and associated security instruments.  Based on their prior experience and positive reputation in the industry, the Committee selected Mani Little & Wortmann to serve as special counsel.  The Committee did not interview any other firms.

## Rate Structure

3.      Mani Little & Wortmann has informed the Committee that its rates for bankruptcy representations are the same as its rates for non-bankruptcy representations.  The hourly rates charged by Mani Little & Wortmann attorneys vary with the experience and seniority of the individuals assigned and not as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

4.      Mani Little & Wortmann also has informed the Committee that it endeavors to set hourly rates for its attorneys and paralegals at levels competitive to those charged by comparably skilled professionals in other law firms.  Based on my experience retaining various law firms in other matters, Mani Little & Wortmann's hourly rates are consistent with the hourly rates charged by other law firms for similar services, and the Committee believes that, in light of the

61542/0001-21532110v2

nature and complexity of these cases and Mani Little & Wortmann's qualifications, these rates, and the other terms and conditions of Mani Little & Wortmann's employment, are reasonable.

5. Mani Little & Wortmann has informed the Committee that its hourly and daily rates are subject to periodic adjustments to reflect economic and other conditions. Mani Little & Wortmann has advised me that it will inform the Committee of any increase in the rates set forth in the Application. So long as Mani Little & Wortmann charges its regular hourly and daily rates in effects at the time services are rendered, the Committee consents to Mani Little & Wortmann's annual and other periodic rate increases.

### **Cost Supervision**

6. The Committee recognizes its responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses remain consistent with the Committee's expectations and the exigencies of the Chapter 11 Cases.

[*Remainder of Page Intentionally Left Blank*]

7.       The Committee and Mani Little & Wortmann expect to work together to develop a budget and staffing plan to comply with the U.S. Trustee's requests for information and disclosures and any orders of the Court, recognizing that in the course of complex insolvency cases, there may be unforeseeable fees and expenses that the Committee and Mani Little & Wortmann will need to address.  The Committee will review the invoices that Mani Little & Wortmann submits and, together with Mani Little & Wortmann, periodically amend the budget and staffing plans as the Chapter 11 Cases develop.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed this 30th day of October, 2020.

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIELDWOOD ENERGY LLC,** *et al.*

By: */s/ Elba Parra*
Elba Parra, Halliburton Energy Services, Inc., solely in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Fieldwood Energy LLC, et al.

4