IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.,* | § § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DEBTORS' MOTION FOR AN ORDER (I) EXTENDING
THE DEADLINE BY WHICH THE DEBTORS MAY
REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

**Background**

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4. On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

**Jurisdiction**

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

**Relief Requested**

7. Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, and Bankruptcy Local Rules 9013-1, the Debtors request entry of an order (i) extending by 120 days the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") from the current deadline of November 2, 2020, to and including March 2, 2021, and (ii) granting related relief.[3]

8. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Basis for Relief Requested**

9. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a

---

[3] The deadline by which the Debtors may file notices of removal is November 2, 2020. Rule G.18 of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Bankr. Loc. R. 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves the Motion.

chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> [O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

10. Bankruptcy Rule 9006(b) provides that the Court may extend the period within which the Debtors may remove actions provided by Bankruptcy Rule 9027, without notice, upon a showing for cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

### Cause Exists to Extend the Removal Deadline

11. It is well settled that the Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g.*, *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Feb. 10, 2020) (Docket No. 801) (granting 120-day initial extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re Vanguard Nat. Res., Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. July 2, 2019) (Docket No. 529) (same); *In re Westmoreland Coal Co.,* No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 18, 2018) (Docket No. 818) (same); *In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D.

4

Tex. May 30, 2018) (Docket No. 862) (same); *In re Cobalt Int'l Energy, Inc.,* No. 17-36709 (MI) (Bankr. S.D. Tex. Feb. 22, 2018) (Docket No. 470) (same); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (concluding that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.,* 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

12. Cause exists to extend the Removal Deadline in these chapter 11 cases from the current deadline of November 2, 2020, to and including March 2, 2021. Prior to and since the Petition Date, the Debtors have focused a significant part of their efforts on developing and executing on a restructuring strategy designed to maximize value for all of the Debtors' stakeholders. Notably, after the Petition Date, the Debtors and their advisors have (i) diligently focused on critical and time-sensitive operational matters, including the stabilization and transition of their operations into chapter 11 following the Petition Date and the continued safe operation of their offshore business in the face of one of the most active hurricane seasons in recent memory, (ii) secured critical first- and second-day relief, including authority to pay certain prepetition claims and access to up to $100 million in postpetition debtor-in-possession financing, (iii) prepared and filed schedules of assets and liabilities and statements of financial affairs for each of the fourteen (14) Debtors (Docket Nos. 429-456), (iv) managed vendor and customer relations, (v) continued to progress negotiations with their Consenting Creditors (as defined in the RSA) regarding the terms of a chapter 11 plan of reorganization and disclosure statement, (vi) made significant progress with Apache and the Consenting Creditors towards finalizing the terms of the Apache Definitive Documents (as defined in the RSA) required to implement the

transactions contemplated under the Apache Term Sheet, and (vii) regularly engaged in discussions with and provided extensive access to diligence to key constituents in these chapter 11 cases, including the Creditors' Committee and the Debtors' regulators. Accordingly, the Debtors have not yet had a sufficient opportunity to fully analyze and determine which civil actions they may seek to remove.

13. The Debtors are party to a number of civil actions in various jurisdictions (collectively, the "**Civil Actions**"). The Debtors' analysis regarding which, if any, of these Civil Actions they may seek to remove depends on a number of factors, including but not limited to: (i) the importance of the Civil Action to the resolution of the chapter 11 cases, (ii) the relationship between the Civil Action to the matters to be considered in the chapter 11 cases, (iii) the presence of federal subject matter jurisdiction, and (iv) the timing required to complete the Civil Action in its current venue. An extension of the Removal Deadline will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Civil Action, and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to the Debtors under 28 U.S.C. § 1452. Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a) for filing notices of removal from the current deadline of November 2, 2020, to and including March 2, 2021. Furthermore, an extension would not prejudice the rights of the Debtors' adversaries in the Civil Actions because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

14. The Debtors further request that the order approving this Motion be without prejudice to (i) any position the Debtors may take regarding whether section 362 of the Bankruptcy

Code applies to stay any given Civil Action pending against any of the Debtors and (ii) the right of the Debtors to seek further extensions of the Removal Deadline.

15.     For the reasons stated above, the Debtors submit that cause exists to grant this Motion, and that the relief requested herein is appropriate and in the Debtors' and their estates' best interests.

## Notice

16.     Notice of this Motion will be provided to (i) any party entitled to notice pursuant to Bankruptcy Rule 2002, (ii) the non-Debtor parties to the various Civil Actions, and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

17.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 2, 2020
      Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Matt.Barr@weil.com
        Jessica.Liou@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

## Certificate of Service

I hereby certify that on November 2, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and on all of the parties affected by this Motion.

                                                                                              */s/ Alfredo R. Pérez*
                                                                                              Alfredo R. Pérez