**Exhibit B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. 405 |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY CAPITAL, INC.  AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Bankruptcy Local Rules 2014-1 and 2016-1, for entry of an order (this "**Order**"), (a) authorizing the Debtors to employ and retain Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**") as their financial advisor and investment banker in accordance with the terms and conditions set forth in that certain engagement agreement, dated as of March 30, 2020 (the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit 1A**, (ii) approving the terms of Houlihan Lokey's employment and retention, including the fee and expense structure and the indemnification, contribution, reimbursement, and related provisions set forth in the Engagement Letter, (iii) waiving certain informational requirements, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Application.

1

(iv) granting related relief. The Court having considered the Application and the Hanson Declaration; and the Court finding that (A) the terms and conditions of Houlihan Lokey's employment set forth in the Engagement Letter (including the Fee and Expense Structure) as modified by this Order, are reasonable as required by section 328(a) of the Bankruptcy Code; (B) Houlihan Lokey (i) does not hold or represent an interest adverse to the interest of the estate; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (C) the Application and the Hanson Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules; (D) the relief requested in the Application is necessary to the Debtors' reorganization and in the best interests of the Debtors, their estates and creditors; and (E) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**

1. In accordance with sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ Houlihan Lokey as their financial advisor and investment banker, *nunc pro* tunc to the Petition Date, on the terms and conditions set forth in the Engagement Letter and the Application, as modified by this Order, including, without limitation, pursuant to paragraph 5.

2. None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law.

3. The terms of the Engagement Letter, including without limitation, the compensation, fees, and expenses payable to Houlihan Lokey pursuant to the Engagement

Letter, together with the indemnification, reimbursement of expenses, and contribution obligations owed to Houlihan Lokey and any other HL Party under the Engagement Letter shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard review set forth in section ~~300~~330 of the Bankruptcy Code or any other standard or review.

4. Notwithstanding the preceding paragraph, the U.S. Trustee shall retain the right to object to the compensation, fees, and expenses to be paid to Houlihan Lokey pursuant to the Application and the Engagement Letter, including the Monthly ~~Fees, Amendment~~ Fees, and Transaction Fee(s), based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Houlihan Lokey's compensation, fees, and expenses under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or such record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's fees.

5. The Debtors are authorized to compensate and reimburse Houlihan Lokey pursuant to the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, <u>the applicable U.S. Trustee Guidelines</u> and any other applicable orders of this Court~~.~~<u>; *provided, however*, that, notwithstanding anything in the Engagement Letter, the Application or this Order to the contrary, (i) any global restructuring of all or substantially all of the Debtors' assets (any such restructuring, a "Global Restructuring"), including, without limitation, any Global Restructuring that (x) is effectuated</u>

3

through multiple transactions with existing stakeholders and/or, (y) which is based on a Sale Transaction that is a disposition to existing lenders, shall be considered a single "Transaction" as such term is used in the Engagement Letter, which Transaction shall entitle Houlihan Lokey to a single Restructuring Transaction Fee, and not the Sale Transaction Fee, and (ii) no Amendment Fee shall be payable under the terms of the Engagement Letter.  However, for the avoidance of doubt, as outlined in the Engagement Letter, (i) in the event of a sale of any or all assets to a third party, whether in a single transaction or multiple transactions, Houlihan Lokey shall be entitled to the Sale Transaction Fee, and (ii) in the event of a financing raised from a third party(ies), Houlihan Lokey shall be entitled to the Financing Transaction Fee, which fees may be in addition to the payment of the Restructuring Transaction Fee in as much as such transactions involve third party(ies).

6. Houlihan Lokey shall file monthly, interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines and any applicable order of this Court.

7. Houlihan Lokey shall include in its monthly, interim and final fee applications, among other things, reasonably detailed time records setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour increments, but Houlihan Lokey shall be excused from keeping time in tenth-hour increments.

8. Houlihan Lokey also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Application

and the interim and final fee applications to be filed by Houlihan Lokey in these chapter 11 cases.

~~7. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Letter, Houlihan Lokey and its professionals shall be excused from: (i) any requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**"), and the United States Trustee Fee Guidelines; and (ii) conforming with a schedule of hourly rates for its professionals. Instead, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Debtors, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.~~

~~8. To the extent requested in the Application, Houlihan Lokey is granted a waiver with respect to the information requirements contained in the Bankruptcy Local Rules and Complex Case Procedures.~~

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

10. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Letter, subject during the pendency of these cases to the following:

> a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, the HL Parties for any claims arising from, related to, or in connection with the services to be provided by Houlihan Lokey as specified in the Application, but not

5

for any claim arising from, related to, or in connection with Houlihan Lokey's post-petition performance of any other services (other than those in connection with the engagement), unless such post-petition services and indemnification therefor are approved by this Court;

b. The Debtors shall have no obligation to indemnify any HL Party, or provide contribution or reimbursement to any HL Party, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from such HL Party's bad faith, gross negligence, breach of fiduciary duty (if any), self-dealing or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of such HL Party's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which such HL Party is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Engagement ~~Agreement~~Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any HL Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement ~~Agreement~~Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such HL Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such HL Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for fees and expenses by HL Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify the HL Parties.

11. Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtors pursuant to the Engagement Letter.

12. Notwithstanding anything to the contrary, to the extent the Debtors wish to expand the scope of Houlihan Lokey's services beyond those services set forth in the

6

Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed Additional Services (as defined in the Engagement Letter) and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 10 days of the Debtors filing such notice, the Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

13. Notwithstanding anything in the Application or the Engagement Letter to the contrary, Houlihan Lokey shall (i) to the extent that Houlihan Lokey uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, Houlihan Lokey shall pass-through the cost of such Contractors to the Debtors at the same rate that Houlihan Lokey pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for Houlihan Lokey, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

14. In the event that, during the pendency of these cases, Houlihan Lokey seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in Houlihan Lokey's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided,

however, that Houlihan Lokey shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Houlihan Lokey's fee applications in these bankruptcy cases.

15. Houlihan Lokey's Monthly Fee shall be prorated for any month in which Houlihan Lokey is not employed for each day of the month.

16. Houlihan Lokey shall use reasonable efforts and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals.

17. Houlihan Lokey shall have a continuing obligation to disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest.

18. ~~12.~~ Notice of this Application as provided therein constitutes good and sufficient notice of the Application.

19. ~~13.~~ To the extent that there may be any inconsistency between the terms of the Application ~~or~~, the Declaration, the Engagement Letter ~~is inconsistent with~~, and this Order, the terms of this Order shall govern.

20. ~~14.~~ The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

21. ~~15.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

8

Dated: _____, 2020
      Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

9