IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER
(I) EXTENDING TIME TO FILE RULE 2015.3 REPORTS;
AND (II) FINDING THAT THE DEBTORS DO NOT HAVE A
SUBSTANTIAL OR CONTROLLING INTEREST IN A CERTAIN ENTITY
OR WAIVING CERTAIN REPORTING REQUIREMENTS FOR CAUSE**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

**Background**

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4. On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

**Jurisdiction**

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

**Relief Requested**

7.By this Motion, pursuant to Bankruptcy Rules 2015.3 and 9006(b)(1), the Debtors request entry of an order (i) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a substantial or controlling interest as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**") by 31 days, through and including December 7, 2020, without prejudice to the Debtors' ability to request additional extensions for cause shown; and (ii) finding that the Debtors do not have a substantial or controlling interest in White Shoal Pipeline Corp. ("**White Shoal**") or, alternatively, in the event the Court finds that the Debtors hold a substantial or controlling interest in White Shoal, waiving the reporting requirements under Bankruptcy Rule 2015.3 (the "**Reporting Requirements**") with respect to Dynamic Offshore Resources NS, LLC's interest in White Shoal for cause. The Debtors also seek authority to obtain a further extension of the deadline set forth in this paragraph by entering into a stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further court order.

8.A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

**A. Cause Exists to Extend the Time to File Rule 2015.3 Reports**

9.Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file periodic financial reports of the value, operations, and profitability of each entity that is not a publically traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)-(c). On August 5, 2020, the Court entered the *Order Extending Time for Debtors to File Schedules of Assets and Liabilities, Schedules of Current Income and Current Expenditures, Schedules of Executory Contracts and Unexpired Leases,*

3

*Statements of Financial Affairs, and Rule 2015.3 Reports* (Docket No. 59) (the "**Extension Order**"). The Extension Order granted the Debtors an extension until the later of (i) 15 days after the initial meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code ("**341 Meeting**") and (ii) 45 days from the Petition Date to file their initial 2015.3 Reports or to file a motion seeking a modification of such reporting requirements, for cause. The extension was granted without prejudice to the Debtors' rights to request further extensions. The 341 Meeting was held on October 22, 2020. Accordingly, the Debtors' deadline to file the initial Rule 2015.3 Reports is currently November 6, 2020.[3]

        10.       Bankruptcy Rule 2015.3(d) provides that after a notice and a hearing, the Court may alter the reporting requirements under Bankruptcy Rule 2015.3 for cause, including the debtor's inability to comply with such requirements or that information is publicly available. Moreover, Bankruptcy Rule 9006(b) provides, in relevant part, that "when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b).

        11.       Certain of the Debtors hold a greater than 20% interest in certain non-Debtor entities (collectively, the "**Non-Debtor Entities**"), including two Non-Debtor Entities that are not wholly owned subsidiaries of any Debtor. Under Bankruptcy Rule 2015.3(c), the Debtors are presumed to own a substantial or controlling interest in such entities, and, as such, the Debtors are required to file 2015.3 Reports. The Debtors are in the process of compiling the financial

---

[3] Rule 17 of the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Bankr. Loc. R. 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the Debtors' deadline to file the Rule 2015.3 Reports, the deadline will not expire until the Court rules on the Motion.

information necessary to complete the 2015.3 Reports. The Debtors are a large and complex organization and compiling the necessary information is a significant undertaking.

12. Moreover, pursuant to Bankruptcy Rule 2015.3(e), no later than 14 days before filing the initial Rule 2015.3 Reports, the Debtors are required to notify other entities that also hold interests in the Non-Debtor Entities (the "**Non-Debtor Holders**") that the Debtors intend to file such Rule 2015.3 Reports. Non-Debtor Holders will then have an opportunity to request that the information to be disclosed in the Rule 2015.3 Reports be protected. Fed. R. Bankr. P. 2015.3(e). The Debtors are in the process of notifying such Non-Debtor Holders of their intention to file the Rule 2015.3 Reports.

13. Accordingly, the Debtors respectfully request that the Court extend the deadline to file the initial 2015.3 Reports by an additional 31 days to provide the Debtors with sufficient time to (i) complete the 2015.3 Reports and (ii) provide the required notice to Non-Debtor Holders.

**B. The Debtors Do Not Hold a Substantial or Controlling Interest in White Shoal**

14. Although Bankruptcy Rule 2015.3(b) creates a presumption that a debtor owns a substantial or controlling interest in entities in which the debtor owns at least a 20% interest, the presumption is rebuttable. The Bankruptcy Rules provides that an entity may rebut the presumption by filing a motion and that after notice and hearing, the court "shall . . . determine whether the estate's interest in [an] entity is substantial or controlling." Fed. R. Bankr. P. 2015.3(c).

15. Debtor Dynamic Offshore Resources NS, LLC ("**Dynamic**") owns an approximate 26.6% interest in White Shoal. The other 73.4% of White Shoal is owned by W&T Offshore, Inc. Dynamic, therefore, is a minority shareholder and does not control White Shoal.

Moreover, Dynamic does not operate White Shoal, and it does not maintain White Shoal's books and records. Accordingly, the Debtors request that this Court find that the Debtors do not have a substantial or controlling interest in White Shoal and that, as a result, any reporting requirements for While Shoal under Bankruptcy Rule 2015.3 do not apply.

### C. Alternatively, Waiver of the Reporting Requirements for Dynamic's Interest in White Shoal is Appropriate

16. In addition to the Debtors not owning a substantial or controlling interest in White Shoal, cause exists to modify the reporting requirements for White Shoal. Bankruptcy Rule 2015.3 provides that the Court may, after notice and a hearing, vary the reporting requirements established under Bankruptcy Rule 2015.3 for cause, including that the debtor is not able, after a good faith effort, to comply with the requirements of Bankruptcy Rule 2015.3. Dynamic does not possess the books and records of White Shoal, does not operate White Shoal, and is a minority shareholder of White Shoal. Furthermore, after a good faith attempt, Dynamic has been unsuccessful in obtaining the consent required to disclose White Shoal's financial information. Therefore, cause exists to waive any Reporting Requirements with respect to Dynamic's interest in White Shoal.

### Notice

17. Notice of this Motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  November 6, 2020
        Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
       Jessica.Liou@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on November 6, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                   */s/  Alfredo R. Pérez*
                                                                                   Alfredo R. Pérez