IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC | § | |
| FIELDWOOD SD OFFSHORE LLC | § | |
| & FIELDWOOD ENERGY OFFSHORE | § | |
| LLC | § | |
|   Plaintiff, | § | |
| | § | |
| V. | § | Adversary No. _____ |
| | § | |
| SANARE ENRGY PARTNERS, LLC | § | |
| Defendant | § | |
| | § | Related to bankruptcy case no 20-33948 |
| | § | pending before the U.S. Bankruptcy Court, |
| | § | Southern District of Texas. |
| | § | |
| | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1452, Rule 9027 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), Rule 81 of the Local Rules of the United States District

Court for the Southern District of Texas (the "**Local Rules**"), and Rule 9027-1 of the Bankruptcy

Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the

"**Bankruptcy Local Rules**"), Fieldwood Energy LLC, Fieldwood SD Offshore LLC and

Fieldwood Energy Offshore LLC (collectively, "**Fieldwood**" or "**Plaintiffs**"), hereby file this

notice of removal (the "**Notice of Removal**"), removing the above-captioned action to the Court

and would show the Court as follows:

### Background of State Court Lawsuit

1.  On July 3, 2020, Plaintiffs filed a lawsuit against Sanare Energy Partners, LLC

("**Sanare**" or "**Defendant**") in a case styled *Fieldwood Energy LLC, Fieldwood SD Offshore LLC*

*& Fieldwood Energy Offshore LLC v. Sanare Energy Partners LLC,* No. 2020-39647 pending in the 270th Judicial District of Harris County, Texas (the "**State Court Lawsuit**").

2.      This action arises out of Sanare's multiple and ongoing breaches of contract and Sanare's failure to pay on an overriding royalty interest. Generally, and as set forth more fully in the Original Petition filed in the State Court Lawsuit, Plaintiffs claims are as follows:

3.      Fieldwood Offshore LLC is the operator under a joint operating agreement referred to as the Block 229 JOA.  Sanare was a working interest owner under the Block 229 JOA and failed to pay amounts due Fieldwood Offshore due thereunder.

4.      Fieldwood Offshore LLC is the operator under a joint operating agreement referred to as the Block 252 JOA. Sanare is a working interest owner under the Block 242 JOA and failed to pay amounts due Fieldwood Offshore LLC thereunder.

5.      Fieldwood Energy LLC is the owner and operator of that certain Lease of Platform Space Agreement ("**LOPS Agreement**") under which Sanare was a lessee.  The LOPS Agreement obligated Sanare to pay certain fees to Fieldwood Energy LLC.  Sanare has failed to pay amounts due under LOPS Agreement.

6.      Fieldwood Offshore LLC and Sanare are parties to that certain Production Handling Agreement ("**PHA**").   Under the PHA Sanare agreed to pay Fieldwood Offshore certain production and handling fees and other costs which it has failed to do.

7.      Fieldwood Energy LLC is the operator of an operating agreement referred to as the Grand Chenier OA. Sanare is a non-operator under the Grand Chenier OA.  Sanare has failed and refused to pay certain amounts due Fieldwood Energy LLC under the Grand Chanier OA.

8.      Fieldwood SD Offshore LLC and Sanare are parties to that certain Operating and Administrative Management Agreement dated June 1, 2009 ("**OAMA**").  Fieldwood SD Offshore

LLC is the operator under the OAMA and Sanare has failed to pay Fieldwood SD Offshore LLC for amounts due under the OAMA.

9.       Fieldwood Energy LLC and Sanare are parties to that certain Venice Dehydration Station Operation and Maintenance Agreement ("**Venice OMA**").  Fieldwood Energy LLC is the operator under the Venice OMA and Sanare is obligated to pay Fieldwood Energy LLC certain fees for use of that gas processing facility which it has failed to do.

10.      Fieldwood Energy LLC owns certain overriding royalty interests ("ORRIs") with respect to four leases in the Gulf of Mexico as more fully described in the Original Petition. Sanare is the operator of wells on such leases and, as operator, is obligated to pay Fieldwood its share of ORRIs.  Sanare has failed to pay amounts due associated with the ORRIs.

## Background on Chapter 11 Cases

11.      Commencing on August 3, 2020, Plaintiffs and their affiliated debtors[1] (collectively, the "**Debtors**") each filed a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

12.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

14.     On August 18, 2020, the United States Trustee for Region 7 appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

15.     Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

## Parties & Counsel in the State Court Lawsuit

16.     Plaintiffs are Delaware limited companies with their principal place of business at 2000 W. Sam Houston Parkway South #1200, Houston, Texas 77042.  Plaintiffs' counsel is:

> **Buck Keenan LLP**
> Robert L. Paddock
> Helen McLaughlin
> 2229 San Felipe, Suite 1000
> Houston, Texas 77019
> rpaddock@buckkeenan.com
> hmcglaughlin@buckkeenan.com
> Tel: 713-225-4500

17.     Defendant is a Delaware limited liability company having its principal place of business at 11 Greenway Plaza, Suite 2800, Houston, Texas 77046.  Sanare is represented by:

> **JACKSON WALKER L.L.P.**
> Richard A. Howell
> rahowell@jw.com
> Harris J. Huguenard
> hhuguenard@jw.com
> 1401 McKinney, Suite 1900
> Houston, Texas 77010
> Tel: (713) 752-4200
> Fax: (713) 752-4221

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

Defendant has been served with process in the State Court Lawsuit and, through counsel, has filed an answer.

## Basis for Removal

18.     **Bankruptcy Removal Statute**. Removal is proper because section 1452(a) of title 28 of the United States Code expressly provides for the removal of this suit by "a party." 28 U.S.C. § 1452(a).

19.     **Jurisdiction**. Under 28 U.S.C. § 1334, a district court, including this Court, has original jurisdiction of  "all cases under title 11 [the Bankruptcy Code]," and of  "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(a), (b).

20.     A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004). Although such a case does not invoke a substantive right under the Bankruptcy Code, it is one that "could *conceivably* have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995); *see In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) ("We adopt [Pacor's definition] as our own.").  "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991).  In other words, a case is "related to" the bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994; *see In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (adopting *Pacor*'s elaboration of the test as its own).

21.     In any event, every other U.S. Circuit Court of Appeals has adopted or closely followed the standard for related-to jurisdiction as articulated by the Third Circuit in *Pacor. See In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992); *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir.1991); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir. 1990); *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 and n. 19 (11th Cir. 1990); *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); *Wood,* 825 F.2d at 93; *In re Dogpatch, U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); *cf. Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.") (internal quotation marks omitted).

22.     Here, the relief sought in the State Court Lawsuit directly impacts the bankruptcy and relates to core and non-core matters.  In addition to the claims Plaintiffs assert against Sanare, Sanare has asserted claims against the Plaintiffs, which are reflected as contingent, disputed claims against Fieldwood Energy LLC on its *Schedules of Assets and Liabilities* (Docket No. 429).  The claims asserted by the Plaintiffs could alter Plaintiffs' rights and liabilities and impact the allowance and disallowance of claims asserted against the Debtors or by the Debtors in these chapter 11 cases, the funds available for distribution to the Debtors' creditors and estates, and the administration of their estates.

23.     For these reasons, the State Court Lawsuit is related to the Debtors' chapter 11 cases and removal jurisdiction is satisfied under 28 U.S.C. § 1452(a).

24.    **Referral to U.S. Bankruptcy Court.** Pursuant to the *United States District Court for the Southern District of Texas' General Order of Reference* dated May 24, 2012, the case is automatically referred from the District Court to the Bankruptcy Court.

25.    **Timeliness.** This removal is timely under Federal Rule of Bankruptcy Procedure 9027(a)(2).  On November 2, 2020, the Debtors filed *Debtors' Motion for an Order (I) Extending the Deadline by Which the Debtors May Remove Civil Actions and (II) Granting Related Relief* (Docket No. 524) (the "**9027 Motion**"), by which the Debtors requested entry of an order extending the deadline to remove civil actions (the "**Removal Deadline**") from November 2, 2020 to and including March 2, 2021.  Rule G.18 of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Bankr. Loc. R. 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, the time for taking the action is automatically extended until the Court rules on the motion."  By filing the 9027 Motion prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves the 9027 Motion.

26.    **Venue**. The State Court is located in the division and district of this Court.  Venue is proper under Bankruptcy Rule 9027(a)(1).

27.    **State Court File**. Copies of all pleadings, process, and orders in the State Court Lawsuit are attached to this notice, together with a copy of the state court docket. See **Exhibits A—A-6** as identified below:

| Exhibit No. | Document Description |
|---|---|
| A | State Court Docket |
| A-1 | Plaintiffs' Original Petition and Request for Disclosure |
| A-2 | Return of Service of Citation served on Sanare Energy Partners, LLC |
| A-3 | Answer of Sanare Energy Partners LLC |
| A-4 | Sanare Energy Partners LLC's Response to Request for Disclosure (August 3, 2020) |
| A-5 | Sanare Energy Partners LLC's Response to Request for Disclosure (September 11, 2020) |
| A-6 | Docket Control Order |

## Statement Required by Fed. R. Bankr. P. 9027(a)

28.　　Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final order or judgment by the bankruptcy court." The Debtors state that they do consent to the entry of final orders or judgments by the Bankruptcy Court.

## Conclusion

Plaintiffs, in conformity with the requirements of 28 U.S.C. §§ 1334 and 1452, Bankruptcy Rule 9027, Local Rule 81 and Bankruptcy Local Rule 9027-1, remove to this Court the action styled *Fieldwood Energy LLC, Fieldwood SD Offshore LLC & Fieldwood Energy Offshore LLC v. Sanare Energy Partners LLC,* No. 2020-39647 pending in the 270th Judicial District of Harris County, Texas. Plaintiffs respectfully request that this Court assume jurisdiction over this action as if it had been originally filed here, and that all further proceedings in the State Court Action be stayed. Nothing in this Notice of Removal is intended to, or should be construed as, a waiver of any rights, claims, and/or defenses of the Debtors. Any and all rights, claims, and/or defenses are

expressly reserved.  Plaintiffs respectfully requests such other and further relief to which they may be justly entitled under the circumstances.

Respectfully submitted,

BUCK KEENAN LLP

By:   */s/Robert L. Paddock*
ROBERT L. PADDOCK
State Bar No. 24002723
HELEN H. MCLAUGHLIN
State Bar No. 24087706
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 - Telecopier
rpaddock@buckkeenan.com
hmclaughlin@buckkeenan.com

ATTORNEYS FOR PLAINTIFFS
AND DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 10th day of November 2020

*/s/Robert L. Paddock*
ROBERT L. PADDOCK