IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Adversary No. _____ |
| | § | |
| RENAISSANCE OFFSHORE, LLC | § | |
| Defendant | § | |
| | § | Related to bankruptcy case no 20-33948 |
| | § | pending before the U.S. Bankruptcy Court, |
| | § | Southern District of Texas. |
| | § | |
| | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 81 of the Local Rules of the United States District Court for the Southern District of Texas (the "**Local Rules**"), and Rule 9027-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), Fieldwood Energy LLC ("**Plaintiff**" or "**Fieldwood**"), hereby files this notice of removal (the "**Notice of Removal**"), removing the above-captioned action to the Court and would show the Court as follows:

## Background

1.      On July 6, 2020, Plaintiff filed a lawsuit against Renaissance Offshore LLC ("**Renaissance**" or "**Defendant**") in a case styled *Fieldwood Energy LLC v. Renaissance Offshore LLC,* No. 2020-39648 pending in the 55th Judicial District of Harris County, Texas (the "**State Court Lawsuit**").  The State Court Lawsuit arose out of Renaissance's ongoing (i) failure to pay amounts due to Plaintiff under two joint operating agreements and (ii) failure to pay overriding royalty interests owed to Plaintiff.  Renaissance filed an answer on July 31, 2020.

2.      Commencing on August 3, 2020, Plaintiff and its affiliated debtors[1] (collectively, the "**Debtors**") each filed a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

5.      On August 18, 2020, the United States Trustee for Region 7 appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

6.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

<u>**Parties & Counsel in the State Court Lawsuit**</u>

7.      Plaintiff is a Delaware limited company with its principal place of business at 2000 W. Sam Houston Parkway South #1200, Houston, Texas 77042.  Plaintiff's counsel is:

> **Buck Keenan LLP**
> Robert L. Paddock
> Helen McLaughlin

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

2229 San Felipe, Suite 1000
Houston, Texas 77019
rpaddock@buckkeenan.com
hmcglaughlin@buckkeenan.com
Tel: 713-225-4500

8.      Defendant is a Delaware limited liability company having its principal place of business at 1111 Bagby Street, Suite 4800, Houston, Texas 77002.  Renaissance's registered agent is CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  Renaissance is represented by:

**STACY & BAKER, P.C.**
Chris A. Stacy
chris.stacy@stacybakerlaw.com
Brian A. Baker
brian.baker@stacybakerlaw.com
Douglas S. Friedman
doug.friedman@stacybakerlaw.com
1010 Lamar Street, Suite 550
Houston, Texas 77002
Tel: 713-527-9991

Defendant has been served with process in the State Court Lawsuit and, through counsel, has filed an answer.

### Basis for Removal

9.      **Bankruptcy Removal Statute**. Removal is proper because section 1452(a) of title 28 of the United States Code expressly provides for the removal of this suit by "a party."  28 U.S.C. § 1452(a).

10.      **Jurisdiction**. Under 28 U.S.C. § 1334, a district court, including this Court, has original jurisdiction of "all cases under title 11 [the Bankruptcy Code]," and of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)(b).

11.     A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004). Although such a case does not invoke a substantive right under the Bankruptcy Code, it is one that "could *conceivably* have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995); *see In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) ("We adopt [Pacor's definition] as our own."). "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991). In other words, a case is "related to" the bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994; *see In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (adopting *Pacor*'s elaboration of the test as its own).

12.     In any event, every other U.S. Circuit Court of Appeals has adopted or closely followed the standard for related-to jurisdiction as articulated by the Third Circuit in *Pacor. See In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992); *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir. 1991); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 and n. 19 (11th Cir. 1990); *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); *Wood,* 825 F.2d at 93; *In re Dogpatch, U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir. 1987); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); *cf. Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute 'affects the amount

of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.") (internal quotation marks omitted).

13.    Here, the relief sought in the State Court Lawsuit directly impacts the bankruptcy and relates to core and non-core matters.  In addition to the claims Plaintiff assert against Renaissance, Renaissance has asserted claims against the Plaintiff, which are reflected as contingent, disputed claims against Fieldwood Energy LLC on its *Schedules of Assets and Liabilities* (Docket No. 429).  The claims asserted by the Plaintiff could alter Plaintiff's rights and liabilities and impact  the allowance and disallowance of claims asserted against the Debtors or by the Debtors in these chapter 11 cases, the funds available for distribution to the Debtors' creditors and estates, and the administration of their estates.

14.    For these reasons, the State Court Lawsuit is related to the Debtors' chapter 11 cases and removal jurisdiction is satisfied under 28 U.S.C. § 1452(a).

15.    **Referral to U.S. Bankruptcy Court**. Pursuant to the *United States District Court for the Southern District of Texas' General Order of Reference* dated May 24, 2012, the case is automatically referred from the District Court to the Bankruptcy Court.

16.    **Timeliness**. This removal is timely under Bankruptcy Rule 9027(a)(2).   On November 2, 2020, the Debtors filed *Debtors' Motion for an Order (I) Extending the Deadline by Which the Debtors May Remove Civil Actions and (II) Granting Related Relief* (Docket No. 524) (the "**9027 Motion**"), by which the Debtors requested entry of an order extending the deadline to remove civil actions (the "**Removal Deadline**") from November 2, 2020 to and including March 2, 2021.  Rule G.18 of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Bankr. Loc. R. 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the

Bankruptcy Rules, or the Bankruptcy Local Rules, the time for taking the action is automatically extended until the Court rules on the motion." By filing the 9027 Motion prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves the 9027 Motion.

17.     **Venue**. The State Court is located in the division and district of this Court.  Venue is proper under Bankruptcy Rule 9027(a)(1).

18.     **State Court File**. Copies of all pleadings, process, and orders in the State Court Lawsuit are attached to this notice, together with a copy of the state court docket. See **Exhibits A- A-4** as identified below:

| Exhibit No. | Document Description |
|:---:|:---|
| A | State Court Docket |
| A-1 | Fieldwood Energy LLC's Original Petition and Request for Disclosure |
| A-2 | Return of Service of Citation served on Renaissance Offshore, LLC |
| A-3 | Answer of Renaissance Offshore, LLC |
| A-4 | Docket Control Order |

**Statement Required by Fed. R. Bankr. P. 9027(a)**

19.     Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final order or judgment by the bankruptcy court." The Debtors state that they do consent to the entry of final orders or judgments by the Bankruptcy Court.

**Conclusion**

Plaintiff, in conformity with the requirements of 28 U.S.C. §§ 1334 and 1452, Bankruptcy Rule 9027, Local Rule 81 and Bankruptcy Local Rule 9027-1, removes to the Court the action

styled *Fieldwood Energy LLC v. Renaissance Offshore LLC,* No. 2020-39648 pending in the 55th

Judicial District of Harris County, Texas.  Nothing in this Notice of Removal is intended to, or

should be construed as, a waiver of any rights, claims, and/or defenses of the Debtors.  Any and

all rights, claims, and/or defenses are expressly reserved.  Plaintiff respectfully request that the

Court assume jurisdiction over this action as if it had been originally filed here, and that all further

proceedings in the State Court Lawsuit be stayed.  Plaintiff respectfully requests such other and

further relief to which they may be justly entitled under the circumstances.

Respectfully submitted,

BUCK KEENAN LLP

By:   */s/Robert L. Paddock*
     ROBERT L. PADDOCK
     State Bar No. 24002723
     HELEN H. MCLAUGHLIN
     State Bar No. 24087706
     2229 San Felipe, Suite 1000
     Houston, Texas 77019
     (713) 225-4500
     (713) 225-3719 Telecopier
     rpaddock@buckkeenan.com
     hmclaughlin@buckkeenan.com

ATTORNEYS FOR PLAINTIFF
AND DEBTORS IN POSSESSION

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 10th day of November 2020.

*/s/Robert L. Paddock*
ROBERT L. PADDOCK