# Exhibit A

| | | | |
|---|---|---|---|
| **HCDistrictclerk.com** | FIELDWOOD ENERGY LLC vs. RENAISSANCE OFFSHORE LLC | | 10/27/2020 |
| | Cause: 202039648    CDI: 7    Court: 055 | | |

### APPEALS
No Appeals found.

### COST STATMENTS
No Cost Statments found.

### TRANSFERS
No Transfers found.

### POST TRIAL WRITS
No Post Trial Writs found.

### ABSTRACTS
No Abstracts found.

### NOTICES
No Notices found.

### SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 7/6/2020 | **Court** | 055th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686055 |
| **Case (Cause) Status** | Ready Docket | | |
| **Case (Cause) Type** | SWORN ACCOUNT | **JudgeName** | LATOSHA LEWIS PAYNE |
| **Next/Last Setting Date** | 5/28/2021 | **Court Type** | Civil |
| **Jury Fee Paid Date** | 7/6/2020 | | |

### ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| FIELDWOOD ENERGY LLC | PLAINTIFF - CIVIL | | PADDOCK, ROBERT LAWTON |
| RENAISSANCE OFFSHORE LLC | DEFENDANT - CIVIL | | FRIEDMAN, DOUGLAS SAUL |
| RENAISSANCE OFFSHORE LLC (DELAWARE LIMITED LIABILITY COMPANY) MAY BE | REGISTERED AGENT | | |

### INACTIVE PARTIES
No inactive parties found.

### JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/11/2020 | DESIGNATED TRIAL READY | | | 0 | | | |
| 7/31/2020 | ANSWER ORIGINAL PETITION | | | 0 | | FRIEDMAN, DOUGLAS SAUL | RENAISSANCE OFFSHORE LLC |
| 7/6/2020 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 7/6/2020 | ORIGINAL PETITION | | | 0 | | PADDOCK, ROBERT LAWTON | FIELDWOOD ENERGY LLC |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|
| 5/28/2021 09:00 AM | 055 | Trial Coordinators Docket | DOCKET CALL | | | |
| 6/07/2021 09:00 AM | 055 | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | RENAISSANCE OFFSHORE LLC (DELAWARE LIMITED LIABILITY COMPANY) MAY BE 1999 BRYAN ST SUITE 900 DALLAS TX 75201 | 7/6/2020 | 7/9/2020 | 7/10/2020 | | | 73765712 | E-MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 92128761 | DOCKET CONTROL ORDER | | 09/11/2020 | 2 |
| 91555489 | Defendant's Original Answer | | 07/31/2020 | 2 |
| 91270509 | Return of Service | | 07/13/2020 | 3 |
| 91172272 | Original Petition | | 07/06/2020 | 7 |
| ·> 91172273 | Request for Issuance of Service | | 07/06/2020 | 1 |

# Exhibit A-1

7/3/2020 2:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44247500
By: Brittany Hall
Filed: 7/6/2020 12:00 AM

CAUSE NO. 202039648

| FIELDWOOD ENERGY, LLC | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| RENAISSANCE OFFSHORE, LLC | § | 55th JUDICIAL DISTRICT |

**FIELDWOOD ENERGY, LLC'S ORIGINAL PETITION**

Comes now Fieldwood Energy, LLC ("Fieldwood" or "Plaintiff") files this Original Petition complaining of Defendant Renaissance Offshore, LLC ("Renaissance" or "Defendant), and for cause would show the following:

I.   **Discovery Control Plan and Claim for Relief**

1. Fieldwood Energy, LLC intends to conduct discovery under Level Three of Texas Rule of Civil Procedure 190.3.

2. In accordance with Texas Rules of Civil Procedure 47, Fieldwood Energy, LLC seeks recovery of actual damages of over $1,000,000 and all other relief to which it shows itself entitled.

II.   **Parties**

3. Plaintiff Fieldwood Energy LLC is a Delaware limited liability company with its principal place of business in Harris County, Texas.

4. Defendant Renaissance Offshore, LLC ("Renaissance") is a Delaware limited liability company having its primary office at 1111 Bagby St., Ste. 4800, Houston, Texas, Houston, Texas 77002. Renaissance may be served through its registered agent CT Corporation, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever they may be found.

### III. Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over this dispute because the amount in controversy exceeds the jurisdictional limits of this Court.

6.  Defendant is subject to the personal jurisdiction of this Court because Defendant's principal place of business is in Harris County.

7.  Venue is proper in Harris County pursuant to §15.002(a)(3) of the Texas Civil Practices and Remedies Code.

### IV. Background Facts

8.  This lawsuit relates to joint offshore operating agreement and joint unit operating agreement. Fieldwood is an upstream oil and gas exploration company that currently operates offshore oil and gas assets in the shallow and deepwater Gulf of Mexico and gulf coast regions.

#### A. Offshore Operating Agreement – South Pass 65 Field

9.  Fieldwood and Renaissance are successors and/or assignees to signatory parties of that certain Offshore Operating Agreement dated effective October 1, 1997 governing the South Pass 65 Field (the "South Pass 65 Field JOA")[1]. Pursuant to the South Pass 65 Field JOA, Fieldwood is operator and Renaissance is a non-operator working interest owner. As the operator, Fieldwood incurred operating costs that are then billed to the working interest owners such as Renaissance. Renaissance is obligated to pay its proportionate share of the costs under the South Pass 65 Field JOA. However,

---

[1] Located in all or portions of blocks South Pass 64 OCS-G 1901, South Pass 65 OCS-G 1610, Main Pass 152 OCGS-G 1966 and Main Pass 153 OCS-G 1967.

2

Renaissance has failed to submit payment for past due invoices since January 2020 despite its requirement under the South Pass 65 Field JOA.

10. Pursuant to Article 8.7 *Unpaid Charges and Default* of the South Pass 65 Field JOA, Fieldwood sent Renaissance a Notice of Default on June 4, 2020 notifying Renaissance of its outstanding balance due and thirty-day deadline to submit payment. Since Renaissance has not responded or submitted payment, Fieldwood is obliged to seek Court intervention to recover on the unpaid invoices, plus interest, court costs, costs of collection, and reasonable attorney's fees due under the South Pass 65 Field JOA.

### B. Unit Operating Agreement – JD RA Sand Unit

11. Fieldwood and Renaissance are successors and/or assignees to the signatory parties to that certain Unit Operating Agreement effective April 1, 1977 covering JD RA Sand Unit (the "Sand Unit OA") located in portions of Eugene Island 330 OCS-G 2115, Eugene Island 331 OCS-G 2116, Eugene Island 337 OCS-G 3332, and Eugene Island 338 OCS-G 2118. Fieldwood is the operator under the Sand Unit OA and Renaissance is a non-operating working interest owner of the Sand Unit OA. As the operator, Fieldwood incurred operating costs that are then billed to the working interest owners, including Renaissance. Renaissance is obligated to pay its proportionate share of the costs under the Sand Unit OA. However, Renaissance has failed to pay on its joint interest billing invoices since January 2020 despite its requirement under the Sand Unit OA.

12. Pursuant to Articles 9.7 *Security Rights* and 9.8 *Default* of the Sand Unit OA, Fieldwood sent Renaissance a Notice of Default on June 4, 2020 notifying Renaissance of

3

its outstanding balance owed and the thirty-day deadline to pay the balance. Since Renaissance has not responded or submitted payment due, Fieldwood is compelled to seek Court intervention to recover on the unpaid invoices, plus interest, court costs, costs of collection and reasonable attorney's fees due under the Sand Unit OA

**C. Overriding Royalty Interest – West Delta 133**.

13.     Fieldwood is the owner of an overriding royalty interest ("ORRI") in the proceeds produced from portions of lease OCS-G 1106 West Delta 133 granted under that certain Assignment of Operating Rights Interest effective June 23, 2004 that Fieldwood and Renaissance are now parties to as successors and/or assignees of the signatories (the "WD 133 Assignment"). Under the terms of the WD 133 Assignment Renaissance is obligated to pay Fieldwood on account of its ORRI. Renaissance has failed to pay Fieldwood its ORRI as required.

## V.     Causes of Action

**A.     Breach of Contract – No. 1**

14.     The South Pass 65 Field JOA and the Sand Unit OA (collectively the "Contracts") are valid and enforceable contracts between Fieldwood and Renaissance. The language of the Contracts is unambiguous. Fieldwood has performed its contractual obligations according to the terms of the Contracts.

15.     Each of the Contracts obligates Renaissance to pay certain fees and costs. Renaissance has breached each of the Contracts by failing to pay the fees and costs as outlined in each of the Contracts. Fieldwood has suffered economic damages as a result of Renaissance's breaches of the Contracts. Fieldwood is entitled to recover its actual

damages in the amount of unpaid joint interest billings invoices plus interest, court costs, attorney's fees, and other expenses incurred with efforts to collect Renaissance's unpaid balances

**B. Breach of Contract No. 2 – Failure to pay ORRI.**

16.     Renaissance is the successor in interest to the assignee to the WD 133 Assignment which is a valid and binding contract. The WD 133 Assignment obligates the assignee, to pay an overriding royalty to the assignor for their proportionate share of production conveyed. Fieldwood, as successor in interest to the assignor of the WD 133 Assignment and owner of the ORRI is entitled to receive payment from Renaissance. Renaissance has failed to make the ORRI payments to Fieldwood which constitutes a breach of contract. Because of Renaissance's failure to pay the ORRI, Fieldwood has suffered damages within the jurisdictional limits of this Court. Fieldwood seeks recovery of all unpaid ORRI payments in connection with the WD 133 Assignment as well as all other damages that it shows itself entitled.

## VI.     Costs and Attorney Fees

17.     Fieldwood requests the Court award Fieldwood all costs and reasonable and necessary attorney's fees incurred by or on behalf of Fieldwood herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and/or the Texas Supreme Court, as the Court deems equitable and just pursuant to all applicable law. Fieldwood is entitled to recover reasonable and necessary attorneys' fees pursuant to the terms of the Contracts, Ch. 38.001 et seq of the Texas Civil Practices, and any other legal or equitable basis available under Texas law.

## VII.    Jury Demand

18.    Fieldwood demands its right to trial by jury and will tender the appropriate fee.

## VIII.    Conditions Precedent

19.    Pursuant to Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred.

## IX.    Request for Disclosure

20.    Pursuant to Texas Rules of Civil Procedure 194, Fieldwood makes this Request for Disclosure on Defendant, hereby requesting Defendant to disclose, within 50 days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## Conclusion and Prayer

WHEREFORE PREMISES CONSIDERED, Fieldwood Energy, LLC prays for judgment to be entered against Defendant for all actual damages, costs, interest, reasonable and necessary attorney fees and all other relief allowed under applicable law.

Respectfully submitted,

BUCK KEENAN LLP

By: /s/*Robert L. Paddock*
    ROBERT L. PADDOCK
    State Bar No. 24002723
    HELEN MCLAUGHLIN
    State Bar No. 24087706
    2229 San Felipe, Suite 1000
    Houston, Texas 77019
    (713) 225-4500 (main)
    (713) 546-2447 (direct)
    (713) 225-3719 – Facsimile
    rpaddock@buckkeenan.com
    hmclaughlin@buckkeenan.com

ATTORNEYS FOR PLAINTIFF
FIELDWOOD ENERGY, LLC

# Exhibit A-2

7/13/2020 8:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44446516
By: Lewis John-Miller
Filed: 7/13/2020 8:07 AM

## CAUSE NO. 2020-39648

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC<br>**PLAINTIFF**<br><br>VS.<br><br>RENAISSANCE OFFSHORE LLC<br>**DEFENDANT** | § § § § § § § § § § § | IN THE 55th District Court<br><br>HARRIS COUNTY, TX |

### RETURN OF SERVICE

**ON Thursday, July 9, 2020 AT 2:56 PM**
CITATION, FIELDWOOD ENERGY, LLC'S ORIGINAL PETITION for service on RENAISSANCE OFFSHORE LLC (DELAWARE LIMITED LIABILITY COMPANY) C/O REGISTERED AGENT CT CORPORATION came to hand.

**ON Friday, July 10, 2020 AT 2:30 PM, I, Don Anderson, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** RENAISSANCE OFFSHORE LLC (DELAWARE LIMITED LIABILITY COMPANY) C/O REGISTERED AGENT CT CORPORATION , by delivering to Antoinette Williams intake specialist, 1999 BRYAN ST STE 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Don Anderson. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires 8/31/2020). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Friday, July 10, 2020.

/S/ Don Anderson

Fieldwood-Renaissance

Doc ID: 274513_1

```
                                        Receipt Number: 906178
                                        Tracking Number: 73765712
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 202039648

| | |
|---|---|
| PLAINTIFF: FIELDWOOD ENERGY LLC | In the 055th Judicial |
| vs. | District Court of |
| DEFENDANT: RENAISSANCE OFFSHORE LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: RENAISSANCE OFFSHORE LLC (DELAWARE LIMITED LIABILITY COMPANY) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION

1999 BRYAN ST SUITE 900

DALLAS TX 75201

OR WHEREVER THEY MAY BE FOUND

   Attached is a copy of Invalid Instrument/Service code pair.
This instrument was filed on July 6, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 9, 2020.

*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: BRITTANY HALL

Issued at request of:
PADDOCK, ROBERT LAWTON
2229 SAN FELIPE, STE. 1000
HOUSTON, TX  77019-4499
713-546-2447

Bar Number: 24002723

Tracking Number: 73765712

CAUSE NUMBER: 202039648

| | |
|---|---|
| PLAINTIFF: FIELDWOOD ENERGY LLC | In the 055th |
| vs. | Judicial District Court |
| DEFENDANT: RENAISSANCE OFFSHORE LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock \_\_\_\_. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock \_\_\_\_. M., on the _____ day of _____, 20 \_\_\_\_\_,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____   By: _____
              Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 \_\_\_\_\_

_____
Notary Public

# Exhibit A-3

7/31/2020 5:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45019483
By: Lewis John-Miller
Filed: 7/31/2020 5:35 PM

## CAUSE NO. 2020-39648

| | | |
|---|---|---|
| FIELDWOOD ENERGY, LLC, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| RENAISSANCE OFFSHORE, LLC, | § § | |
| Defendant. | § | 55th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Renaissance Offshore, LLC ("Defendant" or "Renaissance") hereby files this original answer to Plaintiff Fieldwood Energy, LLC's ("Plaintiff" or "Fieldwood") original petition. Defendant states the following:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's original petition, together with any supplements and/or amendments subsequently made thereto. Defendant demands strict proof, by a preponderance of the evidence and/or by clear and convincing evidence, as required by the laws and constitutions of the State of Texas and of the United States.

### II.   CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by reason of this action, and that Defendant be awarded its costs of Court, together with such other and further relief to which it may show itself justly entitled.

DATED: July 31, 2020.

Respectfully submitted,

**STACY & BAKER, P.C.**

By: */s/Douglas S. Friedman*
    Chris A. Stacy
    State Bar No. 18988700
    chris.stacy@stacybakerlaw.com
    Brian A. Baker
    State Bar No. 24082648
    brian.baker@stacybakerlaw.com
    Douglas S. Friedman
    State Bar No. 24093456
    doug.friedman@stacybakerlaw.com
1010 Lamar Street, Suite 550
Houston, Texas 77002
Ph: 713-527-9991 | Fx: 713-527-9992

**ATTORNEYS FOR DEFENDANT RENAISSANCE OFFSHORE, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 31st day of July 2020, a true and correct copy of the foregoing document has been served via electronic mail and/or by United States Mail, postage pre-paid, to the parties and/or counsel identified below:

    Robert L. Paddock
    rpaddock@buckkeenan.com
    Helen McLaughlin
    hmclaughlin@buckkeenan.com
    Buck Keenan LLP
    2229 San Felipe, Suite 1000
    Houston, Texas 77019

    *Attorneys for Plaintiff Fieldwood Energy, LLC*

    */s/Douglas Friedman*
    Douglas S. Friedman

2

# Exhibit A-4

Case No. 202039648

DCORX

FIELDWOOD ENERGY LLC

vs.

RENAISSANCE OFFSHORE LLC

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

55th JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 12/9/2020**    **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**    **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 2/7/2021**    Experts for parties seeking affirmative relief.
**(b) 3/9/2021**    All other experts.

**3. 4/23/2021**    **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 5/8/2021**    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**    No-evidence motions for summary judgment may only be heard after this date.
**(b) 5/8/2021**    All dispositive motions or pleas must be heard.

**6. 5/8/2021**    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 4/8/2021**    **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8. 5/28/2021**    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 6/7/2021**    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

ROBERT LAWTON PADDOCK
2229 SAN FELIPE, STE. 1000
HOUSTON, TX 77019

24002723

**LATOSHA LEWIS PAYNE**
**JUDGE, 55TH DISTRICT COURT**
Date Generated: 9/11/2020

JCVO02