IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**NOV'S NOTICE OF PERFECTION, CONTINUATION, OR MAINTENANCE OF LIENS PURSUANT TO 11 U.S.C. § 546(b)(2)**

National Oilwell Varco, L.P. d/b/a NOV Tuboscope and NOV Well Site Services, XP Systems, L.P., and NOV Process & Flow Technologies US, Inc. (together "NOV") hereby give notice pursuant to 11 U.S.C. § 546(b)(2) and/or other applicable law that they hold valid, timely, and properly perfected statutory oil and gas M&M liens against Debtors Fieldwood Energy LLC and Fieldwood Energy Offshore LLC and certain of their respective debtor and non-debtor subsidiaries and affiliates (together, the "Debtors" or "Fieldwood") and their interests in the mineral and other real and personal property more specifically described below. In support of such notice, NOV states as follows:

1.  Overview: Prior to and after the filing of this bankruptcy case, NOV furnished labor, material, and/or services under contract with the Debtors in connection with operations on the following oil and gas leaseholds located offshore in the Gulf of Mexico:

    a.  Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 02110, Gulf of Mexico, Federal Waters, Eugene Island Block 307 (EI-307);

    b.  Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 12209, Gulf of Mexico, Federal Waters, Green Canyon Block 200 (GC-200);

    c.  Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 34536, Gulf of Mexico, Federal Waters, Green Canyon Block 40 (GC-40);

    d.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 02754, Gulf of Mexico, Federal Waters, High Island A Block 376 (HI-376A);

    e.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 01666, Gulf of Mexico, Federal Waters, Main Pass Block 289 (MP-389);

    f.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 27278, Gulf of Mexico, Federal Waters, Mississippi Canyon Block 519 (MC-519);

    g.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 28030, Gulf of Mexico, Federal Waters, Mississippi Canyon Block 948 (MC-948);

    h.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 05044, Gulf of Mexico, Federal Waters, Ship Shoal Block 259 (SS-259);

    i.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 02279, Gulf of Mexico, Federal Waters, South Marsh Island Block 106 (SM-106);

    j.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 01294, Gulf of Mexico, Federal Waters, South Pass Block 62 (SP-62);

    k.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 01172, Gulf of Mexico, Federal Waters, Vermilion Block 313 (VR-313);

    l.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 09524, Gulf of Mexico, Federal Waters, Vermilion Block 371 (VR-371); and

    m.    Bureau of Ocean Energy Management Outer Continental Shelf Lease No. OCS-G 06888, Gulf of Mexico, Federal Waters, Viosca Knoll Block 826 (VK-826).

2.    NOV has not been paid for such labor, material, and/or services provided. The principal amount owed to NOV—and for which it asserts a secured claim—is at least **$331,253.37**, exclusive of contractual and statutory interest, attorney's fees, and costs. Moreover, as NOV has continued to provide the Debtors with labor, material, and/or services in connection with the above-described properties post-petition, it is expected that the amount owed will increase if NOV does not receive payment for such labor, material, and/or services.

3.    <u>Liens</u>. As a result of the Debtors' non-payment, and pursuant to its rights under applicable state and federal law, NOV either timely filed or will timely file valid and properly perfected liens against the Debtors and their ownership interest in the mineral and other real and

personal property on which (or in connection with) the labor, material, and/or services were provided, together with the ownership interest of any other interest owners. NOV's lien claims cover the entirety of the leasehold estates and all oil and gas wells located thereon, together with all other property covered by applicable state and federal law, including, but not limited to, all building and appurtenances, materials, machinery, supplies, casing, tools, pumping equipment, pipelines, and right-of-way for the same, located on said leaseholds.

4. Attached hereto as **Exhibit "A"** is a copy of the Debtors' current statement of account with NOV, together with copies of the corresponding outstanding invoices and other select supporting documentation. NOV will supplement this filing with file-stamped copies of the various lien affidavits and accompanying exhibits and attachments thereto as soon as they become available.

5. Notice. Section 546(b)(2) of Title 11 of the United States Code provides that when applicable law requires seizure of property or commencement of an action to accomplish perfection of an interest in property, or maintenance or continuation of perfection of an interest in property, the claimant may file a notice with the Bankruptcy Court in lieu of such seizure or commencement. Accordingly, NOV hereby gives notice in lieu of commencement or continuation of any such action to perfect, maintain, or continue perfection of NOV's interests pursuant to 11 U.S.C. § 546(b), including, but not limited to, the filing or continued prosecution of a lawsuit to enforce and foreclose NOV's lien claims.

6. Adequate Protection. By virtue of this notice, NOV demands adequate protection of its interest in the above-described property. The proceeds of any sale of the subject property, including specifically any hydrocarbons produced therefrom, constitutes cash collateral pursuant to 11 U.S.C. § 363(a) and may not be used without consent. NOV does not consent to the use of

its cash collateral and demands segregation and an accounting of its cash collateral in accordance with Section 363(c)(4).

7. <u>Further Information</u>. Additional information and other supporting documents may be made available upon request to the following counsel:

> Stacy & Baker, P.C.
> Attn: Brian A. Baker
> 1010 Lamar Street, Suite 550
> Houston, Texas 77002
> Ph: 713-527-9991 | Fx: 713-527-9992
> brian.baker@stacybakerlaw.com

8. <u>Reservation of Rights</u>. This notice shall not operate as a waiver of any right, claim, or defense available to NOV. NOV reserves the right to supplement and amend this notice to the fullest extent provided by law and hereby reserves any and all other rights provided under applicable law.

DATED: November 12, 2020.

                                      Respectfully submitted,

                                      **STACY & BAKER, P.C.**

By: _____
      Brian A. Baker
      State Bar No. 24082648
      brian.baker@stacybakerlaw.com
1010 Lamar Street, Suite 550
Houston, Texas 77002
Ph: 713-527-9991 | Fx: 713-527-9992

**ATTORNEYS FOR NATIONAL OILWELL VARCO, L.P., XP SYSTEMS, L.P., AND NOV PROCESS & FLOW TECHNOLOGIES US, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system and/or United States Mail, postage pre-paid, to all parties and counsel entitled to receive notice in this case.

Brian A. Baker