**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,* | § | |
| | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | |
| | § | |
| | § | (Jointly Administered) |

**[PROPOSED] ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN OF**
**DEBTORS' CO-WORKING INTEREST OWNERS**

Upon the motion, dated November 20, 2020 (the "**Motion**")[2] of Fieldwood Energy LLC. and

its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "**Debtors**") for entry of an order pursuant to sections 105(a) and 362(a) of the

Bankruptcy Code, extending the Automatic Stay to certain of Debtors' co-working interest owners,

as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue

is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided; and such notice having been adequate and appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and the Court having held a hearing on the Motion on November ___, 2020 (the "**Hearing**") and upon the record of the Hearing and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      Pursuant to section 362 of the Bankruptcy Code, the Automatic Stay is hereby extended to Ecopetrol America, LLC, Ridgewood Katmai, LLC, and ILX Prospect Katmai, LLC (collectively, the "**WIOs**"), in connection with the actions in the Eastern District of Louisiana entitled Cause No. 2:20-cv-03097; *Atlantic Maritime Services, LLC v. Ecopetrol America, LLC* and Cause No. 2:20-cv-03099; *Atlantic Maritime Services, LLC v. Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC* (collectively, the "**Lawsuits**").

2.      Pursuant to section 105 of the Bankruptcy Code, Atlantic Maritime Services LLC ("Atlantic") is hereby enjoined from continuing the Lawsuits against the WIOs.

3.      The form of notice attached to the Motion as **Exhibit 3** (the "**Stay Notice**") is approved. The Debtors are authorized, but not directed, to file the Stay Notice on the dockets of the Lawsuits.

4.      This Order shall not affect the substantive rights of any party, nor create any rights, defenses, or arguments not otherwise available under applicable law. Specifically, this Order

shall not affect the exceptions contained in sections 362(b), 365(b)(4), and 365(e)(2) of the Bankruptcy Code, the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, or, with respect to an unexpired lease or executory contract, any party's rights under section 365 of the Bankruptcy Code.

5.      Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7.      Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims or defenses of the Debtors' rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

8.      The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

_____

HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE