**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

**ECOPETROL AMERICA LLC'S STATEMENT IN SUPPORT OF THE DEBTORS'**
**EMERGENCY REQUEST TO EXTEND THE AUTOMATIC STAY**

Ecopetrol America LLC ("Ecopetrol") by and through its undersigned counsel, hereby files this Statement in support of the above-captioned debtors' (the "Debtors") request to extend the automatic stay in regards to lawsuits commenced against Ecopetrol, and respectfully states the following:

Ecopetrol holds working interests in certain oil and gas leases covering submerged lands on the Outer Continental Shelf situated in the Mississippi Canyon protraction area (the "Leases"), for which Fieldwood Energy, LLC, one of the Debtors ("Fieldwood"), serves as the operator under that certain Unit Operating Agreement, dated effective January 1, 2013 (inclusive of attachments, memoranda, and related agreements, and as has been amended or restated from time to time, collectively, the "UOA").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] The Debtors have attached excerpts of the UOA to its *Emergency Motion of the Debtors for Entry of an Order Extending the Automatic Stay to Certain of Debtors' Co-Working Interest Owners* [Docket No. 563] (the "Emergency Motion").

As the Debtors assert in its Emergency Motion, the UOA requires Fieldwood to, among other things, use "reasonable efforts to keep the [Leases] free from all liens and encumbrances" (Section 5.4), as well as hold Ecopetrol harmless as follows:

> The obligations, duties and liabilities of the Parties shall be several and not joint or collective; and, nothing contained herein shall ever be construed as creating a partnership, joint venture, association or other character of business entity recognizable in law for any purpose. Each Party shall hold all the other Parties harmless from liens and encumbrances on the Leases or in the Contract Area arising as a result of its acts or omissions.

*See* UOA, Sections 5.4 and 22.1. Fieldwood is thus required to indemnify Ecopetrol for any lien claim amounts regarding the Leases and/or the Contract Area, including its attorneys' fees, costs, and any other damages Ecopetrol suffers as a result of Fieldwood's acts or omissions. These obligations are secured by Fieldwood's working interests in the Leases and the Contract Area in accordance with certain recorded Memorandums of Operating Agreement, Act of Mortgage, Security Agreement, and Financial Statement, as supplemented, regarding the UOA, and in accordance with Sections 6.3.2 and 6.3.3 of the UOA.[3]

As the Debtors explain in the Emergency Motion, Atlantic Maritime Services, LLC ("Atlantic"), has commenced a lawsuit against Ecopetrol in the United States District Court for the Eastern District of Louisiana (the "Atlantic Lawsuit") on account of purportedly unpaid invoices allegedly owed by Fieldwood. Atlantic has further filed an *ex parte* request to sequester property derived from the Leases, including, the sale proceeds of hydrocarbons, and has done so without serving the underlying complaint that commenced the Atlantic Lawsuit. *See Ex Parte Motion for Writ of Sequestration* attached as **Exhibit A**. Ecopetrol is thus forced to respond, on an

---

[3] *See* recorded Memorandums of Operating Agreement, Act of Mortgage, Security Agreement, and Financial Statement, as supplemented, regarding the UOA [Plaquemines Parish Recording Page, file number 2011-00004814, book 1258, page 599; and file number 2020-00001797, book 1424, page 734], and Sections 6.3.2 and 6.3.3 of the UOA.

emergency basis, to *ex parte* relief before filing an answer to the underlying complaint. The relief Atlantic requests in the Atlantic Lawsuit triggers the above-cited secured indemnification provisions of the UOA in favor of Ecopetrol.

The negative economic impact on the UOA that the Altantic Lawsuit presents cannot be overstated. For example, a primary component of the UOA is to obtain and sell hydrocarbons from the Contract Area. If Atlantic is able to sequester the sale proceeds of Ecopetrol's hydrocarbons on account of the Leases in the Contract Area (whether or not such property is commingled with Fieldwood's), then the primary economic purpose of the UOA is eliminated to the detriment of Ecopetrol *and* the Debtors. Ecopetrol's secured indemnification obligations against Fieldwood trigger, forcing Fieldwood to participate in the Atlantic Lawsuit. Ecopetrol further cannot justify remitting funds arising under the UOA's joint interest billings in Section 6.1. Indeed, Ecopetrol cannot pay Fieldwood funds under the UOA if it cannot enjoy a primary economic benefit of the UOA. The Debtors recognize and acknowledge the financial impact against the estates in the Emergency Motion as well as the impact on Ecopetrol.

Atlantic's actions further impact Fieldwood's ability to assume the UOA. The costs and damages that Ecopetrol suffers as a result of the Atlantic Lawsuit are breaches of the UOA that must be cured in accordance with Bankruptcy Code § 365(b) before Fieldwood may assume the contract.[4] The higher those cure amounts, the more difficult it is for Fieldwood to assume the UOA and reorganize its businesses. Put simply, Atlantic's actions bring significant consequences and economic burdens to the estates, as well as Ecopetrol.

For these reasons, Ecopetrol supports the Debtors' request to extend the automatic stay to Ecopetrol. The Atlantic Lawsuit is the most pressing item facing both the Debtors and Ecopetrol.

---

[4] Ecopetrol reserves all rights and defenses in regards to any prospective assumption/assignment.

010-9140-8656/2/AMERICAS

Ecopetrol, however, is concerned that other well-lien claimants may follow Atlantic's lead to the detriment of the UOA parties. As of the date of this Statement, Ecopetrol is aware of the following well-lien rights asserted against the Leases within the Contract Area:[5]

| Claimant | Amount (at least) |
|---|---|
| Atlantic Maritime Services, LLC | $5,824,744.68 |
| National Oilwell Varco, L.P. | unknown |
| Newpark Drilling Fluids LLC | $4,070.00 |
| PRT Offshore | $247,500.00 |
| Tetra Technologies, Inc. | $898,577.16 |
| Wild Well Control, Inc. | $4,500.00 |
| Wild Well Control, Inc. | $2,250.00 |
| Wood Group PSN, Inc. | $54,080.29 |
| Workstrings International, L.L.C. | $39,962.72 |
| **Total (at least)** | **$7,075,684.85**     (not     including Ecopetrol fees and costs) |

Copies of these well-lien notices (without voluminous invoices) are attached to this Statement as **Exhibit B**.[6] To the extent the Court extends the automatic stay to Ecopetrol, Ecopetrol respectfully submits that such stay should also extend to other prospective lawsuits that would trigger Fieldwood's indemnification obligations.

Ecopetrol has not had an opportunity to fully brief this matter. Ecopetrol hereby reserves the right to amend, modify, or supplement this Statement or submit other briefing the Court may request in regards to the Emergency Motion.

---

[5] Ecopetrol is aware of at least $7,075,684.85 in purported obligations (including Atlantic's) allegedly owed by Fieldwood for which well-lien rights may arise under applicable law. Ecopetrol has requested an accounting from the Debtors in this regard to understand the potential exposure of well-liens and Fieldwood's indemnification obligations to Ecopetrol.

[6] PRT Offshore may have been released through agreement with the Debtors.

## CONCLUSION

**WHEREFORE**, Ecopetrol respectfully requests that the Court extend the automatic stay

to Ecopetrol, and grant such other relief the Court deems just and appropriate.

Dated:  November 23, 2020                     SQUIRE PATTON BOGGS (US) LLP

*/s/  Travis A. McRoberts*
Travis A. McRoberts
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201
Telephone:  (214)758-1500
Facsimile:  (214)758-1500
Email:  travis.mcroberts@squirepb.com

-and-

Kelly Singer (pro hac vice pending)
SQUIRE PATTON BOGGS (US) LLP
1 E. Washington St., Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Counsel for Ecopetrol America LLC*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2020, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered

to receive notice in these cases.

*/s/ Travis A. McRoberts*
Travis A. McRoberts
