## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.* [1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

## ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a), 330(a), AND 1103, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF MANI LITTLE & WORTMANN, PLLC AS SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF OCTOBER 21, 2020

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases for an order pursuant to sections 328(a), 330(a), and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), authorizing the retention and employment of Mani Little & Wortmann, PLLC ("Mani Little & Wortmann"), as of October 21, 2020, as special counsel to the Committee; and upon consideration of the Wortmann Declaration and the Committee Declaration; and this Court

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2]       Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that (i) the relief requested in the Application is in the best interest of the creditors, the Debtors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Wortmann Declaration, and the Committee Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Mani Little & Wortmann is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and (iv) Mani Little & Wortmann does not represent or hold any interest adverse to the Committee with respect to the matters for which the Committee seeks to employ Mani Little & Wortmann; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.     In accordance with sections 328(a), 330(a), and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain Mani Little & Wortmann as its ~~attorneys~~Oil & Gas Special Counsel on the terms set forth in the Application, the Wortmann Declaration, and the Committee Declaration, as modified by the Order, effective as of October 21, 2020.  Mani Little & Wortmann will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.

2.     Mani Little & Wortmann is authorized to act as the Committee's ~~counsel~~Oil & Gas Special Counsel and to perform those services described in the Application.  Specifically,

but without limitation, Mani Little & Wortmann is authorized to render the following services, among others, on behalf of the Committee:

      a.  to review the Debtors' oil and gas leases and wells and associated security instruments; and

      b.  to perform other necessary legal services in relation to the Chapter 11 Cases which lead counsel and/or the Committee may find reasonable and appropriate to assign.

3.     Mani Little & Wortmann shall be compensated for its services and reimbursed for any related expenses upon the filing and approval of interim and final applications, in accordance with the applicable Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines and such orders as the Court may enter.  Pursuant to Bankruptcy Code section 503(b)(1), the fees and expenses of Mani Little & Wortmann shall be administrative expenses.  Each of the Debtors shall be jointly and severally responsible for Mani Little & Wortmann's compensation and reimbursement of expenses in the Chapter 11 Cases.

4.     Mani Little & Wortmann shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* in connection with applications for compensation and reimbursement of expenses filed by Mani Little & Wortmann in the Chapter 11 Cases.  Mani Little & Wortmann shall provide no less than ten business days' notice to the Committee, the Debtors and the U.S. Trustee before implementing rate increases in the Chapter 11 Cases and shall file such notice with the Court.

5.     Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, Mani Little & Wortmann shall not be entitled to reimbursement for

fees and expenses in connection with the defense any objection to its fees, without further order of the Court.

6.      Mani Little & Wortmann will use its best efforts to avoid any duplication of services provided by any of the Committee's other Chapter 11 Professionals in these chapter 11 cases.

7.      Mani Little & Wortmann shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by Mani Little & Wortmann to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8.      Mani Little & Wortmann will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Mani Little & Wortmann will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

9.      All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the U.S. Trustee's standard project categories.

10.      To the extent the Committee wishes to expand the scope of services beyond those services set forth in the Application, Engagement Letter or this Order, the Committee shall be required to seek further approval from this Court. The Committee shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee,

the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 10 days of filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

11.    9.  Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application.

12.    10. The Committee and Mani Little & Wortmann are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

13.    11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.    12. To the extent the Application, the Wortmann Declaration, or the Committee Declaration is inconsistent with this Order, the terms of this Order shall govern.

15.    13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2020
        Houston, Texas

_____
JUDGE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

5

Document comparison by Workshare 10.0 on Monday, November 23, 2020
3:44:43 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://CSDMS/CSDOCS/21733000/1 |
| Description | #21733000v1<CSDOCS> - Fieldwood - MLW - Proposed Order |
| Document 2 ID | iManage://CSDMS/CSDOCS/21733000/2 |
| Description | #21733000v2<CSDOCS> - Fieldwood - MLW - Proposed Order |
| Rendering set | Cole Standard No Color |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 21 |