# **Exhibit 10**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ATLANTIC MARITIME SERVICES, LLC** § | **CIVIL ACTION No. 2:20-CV-03097** |
| § |
| Plaintiff, § | **SECTION "J"** |
| **VS.** § |
| § | **DIVISION "1"** |
| **ECOPETROL AMERICA, LLC,** § |
| *in rem* § | **JUDGE: CARL BARBIER** |
| § |
| § | **MAGISTRATE: JANIS VAN** |
| Defendant. § | **MEERVELD:** |
| § |

### PLAINTIFF'S EX PARTE MOTION FOR ISSUANCE OF WRIT OF SEQUESTRATION

**NOW HERE COMES** Atlantic Maritime Services, LLC (the "*Plaintiff*") and files this *Ex Parte Motion for Issuance of Writ of Sequestration* (the "*Motion*"). For the reasons set forth in the accompanying *Memorandum*, attached hereto and incorporated by reference as **Exhibit "1**," the Plaintiff respectfully requests that this Court issue a Writ of Sequestration, in substantially the same form as the proposed Writ of Sequestration attached hereto as **Exhibit "2**."

**WHEREFORE**, the Plaintiff, Atlantic Maritime Services, LLC, respectfully prays that this Court issue a Writ of Sequestration, the requirement of security having been dispensed with by law, directing the United States Marshal to serve or cause to be served the Writ of Sequestration upon Ecopetrol America, LLC, and to record or cause to be recorded the Writ of Sequestration in the records of the Clerks of Court for the Parishes of Orleans, St. Tammany, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management.

Case 23-03087-CJB Doc 10 Filed 11/23/20 Page 2 of 14

Respectfully submitted,

LUGENBUHL, WHEATON, PECK
RANKIN & HUBBARD

*/s/ Stewart F. Peck*
STEWART F. PECK (#10403)
JAMES W. THURMAN (#38494)
601 Poydras Street Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com;
jthurman@lawla.com

*Counsel for Atlantic Maritime Services, LLC*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ATLANTIC MARITIME SERVICES, LLC** § | | CIVIL ACTION No. 2:20-CV-03097 |
| § | | |
| Plaintiff, § | | SECTION "J" |
| **VS.** § | | |
| § | | DIVISION "1" |
| **ECOPETROL AMERICA, LLC,** § | | |
| *in rem* § | | JUDGE: CARL BARBIER |
| § | | |
| § | | MAGISTRATE: JANIS VAN |
| Defendant. § | | MEERVELD: |
| § | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION
FOR ISSUANCE OF WRIT OF SEQUESTRATION**

**NOW HERE COMES** Atlantic Maritime Services, LLC (the "*Plaintiff*") and submits this *Memorandum* in support of the Plaintiff's *Ex Parte Motion for Issuance of Writ of Sequestration*, the "*Motion*"), which seeks entry of an Order enforcing the Plaintiff's lien and privilege rights solely with respect to the Subject Interests (defined hereinbelow) and solely on the terms set forth in the proposed Writ of Sequestration attached to the Motion as **Exhibit "2**," *i.e.*, directing the United States Marshal to serve or cause to be served the Writ of Sequestration on defendant herein, Ecopetrol America, LLC, (the "*Defendant*"), and to record the Writ of Sequestration in the records of the Clerks of Court for the Parishes of St. Tammany, Orleans, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management ("*BOEM*"). In support of the Motion, the Plaintiff respectfully shows as follows:

**Factual and Procedural Background**

1. The Plaintiff is a Delaware limited liability company with its principal place of business located at 5847 San Felipe Street, Suite 3300, Houston, TX 77057, lawfully engaged in the business of furnishing labor, equipment, machinery, materials, and services, including drilling

1

services, in support of drilling, development, exploration and/or operation of oil and gas wells. ECF Doc. No. 1 (the "*Complaint*"), verified by Ben Rose, Vice President and Treasurer for the Plaintiff, at ¶¶ 1, 5.

2. The Defendant is a Delaware limited liability company with a principal place of business located at 2800 Post Oak Boulevard, Suite 5110, Houston, TX 77056. *Id.* at ¶ 2. According to BOEM's records, the Defendant holds a 31.5% working interest in a certain lease situated in the Outer Continental Shelf, OCS-G-28030, Mississippi Canyon Area, Block 948 (the "*Lease*"), containing Well #4 (API 608174129900) (the "Well"), for which Fieldwood Energy, LLC (the "*Operator*") serves as operator of record. *Id*. at ¶ 6.

3. On August 3, 2020, the Operator filed a voluntary petition for bankruptcy relief, commencing case no. 20-33948 (the "*Bankruptcy Case*") before the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Court*")[1] (Bankr. S.D. Tex. 20-33948, ECF Doc. 1). Complaint at ¶ 11.

4. Between June 4, 2020 and July 4, 2020, the Plaintiff furnished goods, equipment, supplies, and services for and in connection with the drilling and/or operation of the Lease and Well in the total principal amount of $5,824,744.68, as reflected in the Invoices attached to the Complaint. *See* Complaint, Exs. 1-4, pp. 5-17, pp. 5-17, pp. 5-17, and pp. 4-16, respectively.

5. Pursuant to La. R.S. § 9:4861, *et seq.* ("*LOWLA*"), the Plaintiff is granted a privilege and lien (the "*Lien*") to secure payment owed for the goods, equipment, supplies, services, and other materials provided by the Plaintiff for the benefit of the Lease, which the

---

[1] As reflected in the reservations of rights throughout the Complaint and herein, the Plaintiff does not seek recognition or enforcement of its Lien against the Operator or any of its property interests; however, the Plaintiff expressly reserves the right, to the extent necessary, to seek relief from the automatic stay in the Bankruptcy Case to enforce its rights against the Defendant's interest in the hydrocarbons produced with respect to the Lease and the Subject Interests, as well as the proceeds of the sales of such hydrocarbons to third-party purchasers. The Plaintiff further reserves the right to seek any other relief from the Bankruptcy Court, or otherwise, with respect to the Operator or any other persons or properties accountable for the claims herein.

Plaintiff properly preserved by filing and recording lien affidavits (the "*Lien Affidavits*") in the Parishes of St. Tammany, Orleans, St. Bernard, and Plaquemines on July 16, 2020, and by providing notice to the Operator by certified mail, delivered on July 20, 2020. Complaint at ¶ 10, Exs. 1-4.

6. The principal amount owed for the work described above, $5,824,744.68, remains past due and owing, together with attorneys' fees up to ten percent (10%) of the amount due, costs for preparing the Lien Affidavits and notice of *lis pendens*, and interest. *Id.* at ¶ 12.

7. The lien and privilege afforded under LOWLA is established over:

   (1) "The operating interest under which the operations giving rise to the claimant's privilege are conducted, together with the interest of the lessee of such interest in a:

      (a) Well, building, tank, leasehold pipeline, and other construction or facility on the well site.

      (b) Movable on a well site that is used in operations, other than a movable that is only transiently on the well site for repair, testing, or other temporary use.

      (c) Tract of land, servitude, and lease described in R.S. 9:4861(12)(c) covering the well site of the operating interest.

   (2) Drilling or other rig located at the well site of the operating interest if the rig is owned by the operator or by a contractor from whom the activities giving rise to the privilege emanate.

   (3) The interest of the operator and participating lessee in hydrocarbons produced from the operating interest and the interest of a non-participating lessee in hydrocarbons produced from that part of his operating interest subject to the privilege.

      The proceeds received by, and the obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege."

   La. R.S. § 9:4683(A)(1-4).

8. In this lawsuit, the Plaintiff seeks, *inter alia*, recognition and enforcement of its

3

Lien solely with respect to the Defendant's interest in the specific property interests of the Defendant included within La. R.S. § 9:4683(A)(1-4) (collectively, the "*Subject Interests*").

9. Through the Motion, however, the Plaintiff seeks only constructive sequestration of the Subject Interests, *i.e.*, sequestration without physical detainment. *See Bertini v. Turncliff*, 620 So. 2d 1197, 1199 (La. App. 1 Cir. 1993) ("In the case of a constructive seizure, a sheriff does not take actual possession of the immovable property and, therefore, does not exercise physical control over the property in the same manner as he does with an actual seizure.")

10. Specifically, through the Motion, the Plaintiff seeks only an order from this Court directing the United States Marshal for the Eastern District of Louisiana "to (i) serve or cause to be served this Writ of Sequestration on Ecopetrol America, LLC, and (ii) record or cause to be recorded this Writ of Sequestration in the records of the Clerks of Court for the Parishes of Orleans, St. Tammany, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management."[2] Motion, Ex. 2.

11. As set forth below, the facts alleged in the Complaint show that sequestration of the Subject Interests as requested in the Motion is warranted.

### Request for Issuance of Writ of Sequestration

12. Sequestration of property at issue in a federal suit is governed by Rule 64 of the Federal Rules of Civil Procedure, pursuant to which "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure

---

[2] The Plaintiff reserves the right to sequester additional property and to amend the Complaint to name as defendants all other working-interest owners of the Lease, including the Operator, and all purchasers of the gas, oil and distillate produced and saved from the well(s) located on the Lease, for the purpose of this Court entering judgment against those purchasers, ordering them to turn over to the Plaintiff all proceeds derived from the Lease in an amount sufficient to pay the full amount of the indebtedness owed to the Plaintiff, including principal, interest, expenses, attorneys' fees and costs, as permitted by law. Furthermore, any request by the Plaintiff for relief against the Operator, including, but not limited to, sequestration of any of its property interests, will be premised upon the Plaintiff having obtained appropriate relief from the automatic stay in the Bankruptcy Case to pursue such relief.

satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)-(b).

13. The Plaintiff chose the sequestration remedy provided under the law of this state, Louisiana, which authorizes sequestration when a plaintiff claims a privilege against the property of a defendant, and "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action." La. Code Civ. P. art. 3571.

14. The Louisiana Civil Code further requires that the party seeking sequestration show that the "nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent." La. Code Civ. P. art. 3501.

15. Additionally, pursuant to Louisiana law, security is not required for sequestration of property subject to a privilege under LOWLA, under which "[a] claimant may enforce his privilege by a writ of sequestration, without the necessity of furnishing security." La. R.S. § 9:4871.

16. In *Mack Fin. Servs. v. Ackel*, No. 20-2814, 2020 WL 6685003 (E.D. La. Nov. 12, 2020), Judge Lemelle summarized the elements a plaintiff must show, and the proof thereof, in order to obtain a writ of sequestration in federal court pursuant to Louisiana law:

> "First, the plaintiff must claim an ownership or lien interest in the sequestered property. Second, the plaintiff need not show that the defendants will dispose or conceal of the property – just that it is within their power to do so . . . . Lastly, the party seeking sequestration must allege and swear to facts in its verified complaint warranting the issuance of such a writ." *Id.* at *5-6 (citations omitted).

17. The facts alleged by the Plaintiff in the Complaint, verified by its authorized representative, Ben Rose, and further supported by Exhibits obtained from the Plaintiff's books and records, show that issuance of the Writ of Sequestration is warranted.

18. First, the Plaintiff demonstrated the nature and amount of its privilege against the Defendant's property, the Subject Interests. Specifically, the Complaint alleges that the Plaintiff provided $5,824,744.68 in goods and services in support of the Lease, creating the privilege over the Subject Interests under LOWLA, and then performed all steps necessary to preserve the privilege. Complaint ¶¶ 7-10, and 12. The Plaintiff further alleged that the Defendant is the owner of the Subject Interests. *Id.* at ¶ 6. These allegations are verified by the Plaintiff's authorized representative and further corroborated by the Invoices and Lien Affidavits attached to the Complaint. *Id.* at ; Exs. 1-4; and Exs. 1-4, pp. 5-17, pp. 5-17, pp. 5-17, and pp. 4-16, respectively.

19. Second, the Plaintiff has alleged facts establishing the second predicate for sequestration under Louisiana law, the power to dispose of or conceal the property at issue, here, the Subject Interests. As owner or holder of the Subject Interests, the Defendant necessarily "has the power to alienate or encumber the Subject Interests." Complaint, ¶ 23. Moreover, and for avoidance of doubt, leasehold interests, the interests for which the Plaintiff seeks constructive sequestration through the Motion, have been recognized as susceptible to sequestration. *See JHJ Ltd. I v. Chevron U.S.A., Inc.*, 580 F.Supp. 6, 7 (M.D. La. 1983) (maintaining writ of sequestration over leasehold interest issued pursuant to LOWLA).

20. Therefore, on the basis of the allegations in the Complaint, verified by the Plaintiff's authorized representative, Ben Rose, and further supported by the Exhibits attached to the Complaint, the Plaintiff respectfully seeks entry of an Order, in substantially the same form as the draft Order attached hereto, issuing a Writ of Sequestration solely with respect to the Subject Interests, and solely under the terms of the proposed Writ of Sequestration.

**WHEREFORE**, the Plaintiff, Atlantic Maritime Services, LLC, respectfully prays that this Court issue a writ of sequestration, the requirement of security having been dispensed with by

6

law, directing the United States Marshal to serve or cause to be served the Writ of Sequestration upon Ecopetrol America, LLC and to record or cause to be recorded the Writ of Sequestration in the records of the Clerks of Court for the Parishes of Orleans, St. Tammany, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management.

|  | Respectfully submitted, |
|---|---|
| LUGENBUHL, WHEATON, PECK<br>RANKIN & HUBBARD | */s/ Stewart F. Peck*<br>STEWART F. PECK (#10403)<br>JAMES W. THURMAN (#38494)<br>601 Poydras Street Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>Email:speck@lawla.com;<br>jthurman@lawla.com<br><br>*Counsel for Atlantic Maritime Services, LLC* |

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ATLANTIC MARITIME SERVICES, LLC** | § | CIVIL ACTION No. 2:20-CV-03097 |
| | § | |
| Plaintiff, | § | SECTION "J" |
| **VS.** | § | |
| | § | DIVISION "1" |
| **ECOPETROL AMERICA, LLC,** | § | |
| *in rem* | § | JUDGE: CARL BARBIER |
| | § | |
| | § | MAGISTRATE: JANIS VAN MEERVELD: |
| Defendant. | § | |
| | § | |

## WRIT OF SEQUESTRATION

TO:   United States Marshal
       For the United States District Court
       For the Eastern District of Louisiana

You are hereby commanded, in the name of the United States District Court for the Eastern District of Louisiana, to sequester, on the terms and conditions set forth below, the following property:

> All interests held by Ecopetrol America, LLC in the specific property interests of Ecopetrol America, LLC included within La. R.S. § 4863(A)(1)-(4) associated with the operating interest covering the lease situated in the Outer Continental Shelf, OCS-G-28030, Mississippi Canyon Area, Block 948 (the "***Lease***"), containing Well #4 (API 608174129900) (the "***Well***") (the "***Subject Interests***").

**IT IS ORDERED** that a Writ of Sequestration is hereby issued with respect to the Subject Interests, directing the United States Marshal to (i) serve or cause to be served this Writ of Sequestration on Ecopetrol America, LLC, and (ii) record or cause to be recorded this Writ of Sequestration in the records of the Clerks of Court for the Parishes of Orleans, St. Tammany, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management.

1

New Orleans, Louisiana, this \_\_\_\_ day of _____, 2020.

_____
JUDGE

Case 2:20-cv-03097-CJB-JVM Document 32-1 Filed 11/23/20 Page 12 of 14

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ATLANTIC MARITIME SERVICES, LLC** § | | **CIVIL ACTION No. 2:20-CV-03097** |
| § | | |
| Plaintiff, § | | **SECTION "J"** |
| **VS.** § | | |
| § | | **DIVISION "1"** |
| **ECOPETROL AMERICA, LLC,** § | | |
| *in rem* § | | **JUDGE: CARL BARBIER** |
| § | | |
| § | | **MAGISTRATE: JANIS VAN MEERVELD** |
| Defendant. § | | |
| § | | |

## ORDER

Considering the *Ex Parte Motion for Issuance of Writ of Sequestration* (the "***Motion***"), filed by plaintiff herein, Atlantic Maritime Services, LLC (the "***Plaintiff***"), seeking an Order from this Court for issuance of a Writ of Sequestration directing the United States Marshal to serve or cause to be served the Writ of Sequestration on Ecopetrol America, LLC, (the "***Defendant***"), and to record or cause to be recorded the Writ of Sequestration in the records of the Clerks of Court for the Parishes of St. Tammany, Orleans, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management; and finding upon review of the Verified Complaint, the Declaration, and Exhibits filed herein, and in consideration of the law, particularly the Louisiana Oil Well Lien Act, La. R.S. § 9:4861, *et seq.*, and La. Code Civ. P. Art. 3571, *et seq.*, that there exists good cause sufficient to support issuance of a Writ of Sequestration upon the terms set forth in the Motion:

**IT IS ORDERED** that the Motion be and hereby is GRANTED;

**IT IS FURTHER ORDERED** that a Writ of Sequestration shall be issued forthwith as prayed for in the Motion, the requirement of security having been dispensed with by law; and

**IT IS FURTHER ORDERED** that the United States Marshal shall be directed to: (i) serve

1

or cause to be served the Writ of Sequestration on the Defendant, and (ii) record or cause to be recorded this Writ of Sequestration in the records of the Clerks of Court for the Parishes of Orleans, St. Tammany, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management.

New Orleans, Louisiana, this ____ day of _____, 2020.

_____
JUDGE

..............................................................................

This Order Prepared By:

_/s/ Stewart F. Peck_____
STEWART F. PECK (#10403)
LUGENBUHL, WHEATON, PECK
RANKIN & HUBBARD
601 Poydras Street Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email:speck@lawla.com;
jthurman@lawla.com

*Counsel for Atlantic Maritime Services, LLC*