**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ATLANTIC MARITIME SERVICES, LLC** | § | **CIVIL ACTION No.** |
| | § | |
| Plaintiff, | § | **SECTION " "** |
| **VS.** | § | |
| | § | **DIVISION " "** |
| **RIDGEWOOD KATMAI, LLC, and** | § | |
| **ILX PROSPECT KATMAI, LLC** | § | **JUDGE: MAGISTRATE:** |
| *in rem* | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**VERIFIED COMPLAINT IN REM SEEKING RECOGNITION AND ENFORCEMENT**
**OF ATLANTIC MARITIME SERVICE, LLC'S LIEN AND PRIVILEGE RIGHTS**
**SOLELY WITH RESPECT TO THE SUBJECT INTERESTS OF THE**
**DEFENDANTS AND ENFORCING SUCH RIGHTS**
**BY WRIT OF SEQUESTRATION**

**NOW HERE COMES** Atlantic Maritime Services, LLC (the "*Plaintiff*") and files this

Verified Complaint seeking recognition of the Plaintiff's lien and privilege rights solely with

respect to the Subject Interests (defined hereinbelow) of Ridgewood Katmai, LLC ("*Ridgewood*")

and ILX Prospect Katmai, LLC ("*Prospect*," and together with Ridgewood, the "*Defendants*"),

and enforcing such rights by writ of sequestration, specifically reserving any and all rights to seek

additional legal or equitable relief against other property or persons accountable for the claims

stated herein. In support of the Verified Complaint, the Plaintiff respectfully shows as follows:

**Parties**

1.       The Plaintiff is a Delaware limited liability company with its principal place of

business located at 5827 San Felipe Street, Suite 3300, Houston, TX 77057. The Plaintiff is a

wholly-owned subsidiary of Valaris plc, debtor-in-possession in bankruptcy case no. 20-34114,

pending before the Bankruptcy Court for the Southern District of Texas. (Bankr. S.D. Tex. 20-

1

34114, ECF Doc. 1).

2.      Ridgewood is a Delaware limited liability company with a principal place of business located at 1254 Enclave Parkway, Houston, Texas 77077.

3.      Prospect is a Delaware limited liability company with a principal place of business located in Houston, Texas.

### Jurisdiction and Venue

4.      This Court has jurisdiction over this matter because the case and controversy herein arises out of, and in connection with, operations conducted on the Outer Continental Shelf for the exploration, development, or production of minerals, subsoil, and seabed of the Outer Continental Shelf. Thus, jurisdiction exists pursuant to the Outer Continental Shelf and Lands Act, 43 U.S.C. §1349(b)(1).

5.      Venue is proper in this District under 43 U.S.C. §1349(b)(1) because this is the "judicial district of the State nearest the place the cause of action arose."

### Factual Allegations

6.      The Plaintiff is lawfully engaged in the business of furnishing labor, equipment, machinery, materials, and services, including drilling services, in support of drilling, development, exploration and/or operation of oil and gas wells.

7.      Based on the records of the Bureau of Ocean Energy Management ("***BOEM***"), the Defendants together hold a 50% working interest (25% each) in a certain lease situated in the Outer Continental Shelf, OCS-G-34536, Green Canyon Area, Block 40 (the "***Lease***"), containing Well #1 (API 608114062300) (the "***Well***"), for which Fieldwood Energy, LLC ("***Operator***") serves as operator of record.

8.      Between April 6, 2020 and June 4, 2020, the Plaintiff furnished goods, equipment,

Debtors' Exhibit No. 6
Page 2 of 9

supplies, and services for and in connection with the drilling and/or operation of the Lease and Well in the total principal amount of $7,111,706.55, as reflected in the invoices and work tickets attached hereto. *See* Exhibits 1-8, pp. 5-54, pp. 4-53, pp. 6-55, pp. 5-54, pp. 5-50, pp. 4-50, pp. 6-51, and pp. 5-50, respectively.

9.      Pursuant to La. R.S. § 9:4861, *et seq.* ("*LOWLA*"), the Plaintiff is granted a privilege and lien (the "*Lien*") to secure payment owed for the goods, equipment, supplies, services, and other materials provided by the Plaintiff for the benefit of the Lease and the Defendants.

10.      The Plaintiff properly preserved, perfected, and maintained the perfection of the Lien by filing and recording the following lien affidavits (the "*Lien Affidavits*"):

(a) Statement of Privilege in the amount of $6,973,379.03, in favor of the Plaintiff, against Lease No. OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Plaquemines Parish on July 16, 2020, as File #2020-00002808, Book 772, Pages 683-736 (attached hereto and incorporated by reference as **Exhibit 1**);

(b) Statement of Privilege in the amount of $6,973,379.03, in favor of the Plaintiff, against Lease No. OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Jefferson Parish on July 16, 2020 as Instrument No. 12032371, Book 4886, Pages 226-278 (attached hereto and incorporated by reference as **Exhibit 2**);

(c) Statement of Privilege in the amount of $6,973,379.03, in favor of the Plaintiff, against Lease No OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Lafourche Parish on July 16, 2020 as File No. 1298859, Book 2056, Pages 519-572 (attached hereto and incorporated by reference as **Exhibit 3**);

(d) Statement of Privilege in the amount of $6,973,379.03, in favor of the Plaintiff, against Lease No. OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Terrebonne Parish on July 16, 2020, as File #1606305, Book 3165, Pages 405-458 (attached hereto and incorporated by reference as **Exhibit 4**);

(e) Statement of Privilege in the amount of $138,327.52, in favor of the Plaintiff, against Lease No. OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Plaquemines Parish on July 23, 2020, as File #2020-00002925, Book 773, Pages 76-125 (attached hereto and incorporated by reference as **Exhibit 5**);

(f) Statement of Privilege in the amount of $138,327.52, in favor of the Plaintiff, against

Debtors' Exhibit No. 6
Page 3 of 9

Lease No. OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Jefferson Parish on July 23, 2020 as Instrument No. 12033590, Book 4887, Pages 125-174 (attached hereto and incorporated by reference as **Exhibit 6**);

(g) Statement of Privilege in the amount of $138,327.52, in favor of the Plaintiff, against Lease No OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Lafourche Parish on July 23, 2020 as File No. 1299324, Book 2058, Pages 411-461 (attached hereto and incorporated by reference as **Exhibit 7**); and

(h) Statement of Privilege in the amount of $138,327.52, in favor of the Plaintiff, against Lease No. OCS-G-34536, Green Canyon, Block 40, filed and recorded in the mortgage records of Terrebonne Parish on July 23, 2020 as File # 1606885, Book 3167, Pages 464-513 (attached hereto and incorporated by reference as **Exhibit 8**).

11.     The Lien Affidavits were each filed within 180 days of the completion of the work, materials, tools, and equipment supplied by the Plaintiff in connection with the drilling, development, exploration and/or the operation of the Lease on June 4, 2020. The Plaintiff provided notice to the Operator by certified mail, delivered on July 20, 2020 and July 28, 2020.

12.     On August 3, 2020, the Operator filed a voluntary petition for bankruptcy relief, commencing case no. 20-33948 (the "***Bankruptcy Case***") before the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***").[1] (Bankr. S.D. Tex. 20-33948, ECF Doc. 1).

13.     The principal amount owed for the work described above, $7,111,706.55, remains past due and owing, together with attorneys' fees up to 10% of the amount due, costs for preparing the Lien Affidavits and notice of *lis pendens*, and interest.

---

[1] As reflected in the reservations of rights throughout this Verified Complaint, the Plaintiff does not seek recognition or enforcement of its Lien against the Operator or any of its property interests; however, the Plaintiff expressly reserves the right, to the extent necessary, to seek relief from the automatic stay in the Bankruptcy Case to enforce its rights against the Defendants' interests in the hydrocarbons produced with respect to the Lease and the Subject Interests, as well as the proceeds of the sales of such hydrocarbons to third-party purchasers. The Plaintiff further reserves the right to seek any other relief from the Bankruptcy Court or otherwise with respect to the Operator or any other persons or properties accountable for the claims herein

4

## CLAIMS FOR RELIEF

### Count I: Recognition and Enforcement of Plaintiff's Lien against the Subject Interests

14.     The Plaintiff incorporates hereinbelow all allegations in the preceding paragraphs.

15.     LOWLA grants claimants like the Plaintiff a privilege and lien to secure payment

for their work by operation of law.

16.     The lien and privilege afforded under LOWLA is established over:

(1) "The operating interest under which the operations giving rise to the claimant's privilege are conducted, together with the interest of the lessee of such interest in a:

(a) Well, building, tank, leasehold pipeline, and other construction or facility on the well site.

(b) Movable on a well site that is used in operations, other than a movable that is only transiently on the well site for repair, testing, or other temporary use.

(c) Tract of land, servitude, and lease described in R.S. 9:4861(12)(c) covering the well site of the operating interest.

(2) Drilling or other rig located at the well site of the operating interest if the rig is owned by the operator or by a contractor from whom the activities giving rise to the privilege emanate.

(3) The interest of the operator and participating lessee in hydrocarbons produced from the operating interest and the interest of a non-participating lessee in hydrocarbons produced from that part of his operating interest subject to the privilege.

(4) The proceeds received by, and the obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege." (together, the "*LOWLA Properties*").

La. R.S. § 9:4683(A)(1-4).

17.     In this lawsuit, the Plaintiff seeks recognition and enforcement of its Lien solely

with respect to the Defendants' interests in the specific property interests of the Defendants

included within La. R.S. § 9:4683(A)(1-4) (collectively, the "*Subject Interests*"), expressly

Debtors' Exhibit No. 6
Page 5 of 9

reserving any and all rights to seek recovery of additional amounts associated with the sales proceeds derived from the sale of the hydrocarbons produced from the Lease, insofar as the automatic stay arguably prevents the Plaintiff from seizing and garnishing such proceeds to the extent such proceeds are commingled with proceeds attributable to the sale of hydrocarbons owned by the Operator in the absence of an order from the Bankruptcy Court modifying or lifting the automatic stay as to such proceeds.

18.     Additionally, pursuant to La. R.S. § 9:4862(B)(3), the Plaintiff seeks recognition of its right to recover against the Subject Interests the cost of preparing and filing the Lien Affidavits and the notice of *lis pendens* authorized to be filed under La. R.S. § 9:4865(c), which the Plaintiff intends to file during the period allotted thereunder.

19.     Furthermore, pursuant to La. R.S. § 9:4862(B)(2) and (4), the Plaintiff seeks recognition of its right to enforce against the Subject Interests claims to recover reasonable attorneys' fees not to exceed ten percent (10%), as well as interest.

<u>**Count II: Request for Writ of Sequestration against the Subject Interests**</u>

20.     The Plaintiff incorporates hereinbelow all allegations in the preceding paragraphs.

21.     Louisiana law recognizes that sequestration is warranted when a plaintiff claims a privilege against the property of a defendant, and "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property form the parish, during the pendency of the action." La. Code Civ. P. art. 3571.

22.     Additionally, Louisiana law provides that, for liens and privileges under LOWLA, "[a] claimant may enforce his privilege by a writ of sequestration, without the necessity of furnishing security." La. R.S. § 9:4871.

23.     Through this action, the Plaintiff seeks to enforce the Lien against property of the

Debtors' Exhibit No. 6
Page 6 of 9

Defendants, the Subject Interests, except that the Plaintiff does not seek to seize any of the Subject

Interests to the extent such Subject Interests are commingled with property of the Operator and the

seizure thereof would potentially violate the automatic stay in the Operator's Bankruptcy Case.

24.     As holder of the Subject Interests, the Defendants have the power to alienate or

encumber the Subject Interests.

25.     To protect the Plaintiff's Lien, it is necessary that a Writ of Sequestration issue, in

accordance with La. Code Civ. P. Art. 3571, *et seq.*, and without security in accordance with La.

R.S. § 9:4871, directing the United States Marshal to seize and to hold the Subject Interests until

further Order from this Court, and to record the Writ of Sequestration in the records of the Clerks

of Court for the Parishes of Plaquemines, Jefferson, Lafourche, and Terrebonne, and in the records

of BOEM.

26.     The Plaintiff reserves the right to amend the Verified Complaint to name as

defendants all other working-interest owners of the Lease, including the Operator,[2] and all

purchasers of the gas, oil and distillate produced and saved from wells located on the Lease, for

the purpose of this Court entering judgment against those purchasers, ordering them to turn over

to the Plaintiff all proceeds derived from the Lease in an amount sufficient to pay the full amount

of the indebtedness owed to the Plaintiff, including principal, interest, expenses, attorneys' fees

and costs, as permitted by law.

27.     The Plaintiff further reserves all rights to file a motion to lift or otherwise modify

the automatic stay in the Bankruptcy Case, seeking the sequestration and garnishment of the

proceeds of the other working-interest owners from sale of the hydrocarbons in connection with

---

[2] Inclusion of the Operator in this lawsuit shall be subject in all respects to the automatic stay associated with the Operator's Bankruptcy Case, and Plaintiff shall seek such relief as is required from the Bankruptcy Court prior to amending this Verified Complaint to include any request for relief with respect to the Operator or the Operator's property.

Debtors' Exhibit No. 6
Page 7 of 9

the Lease.

28.     Therefore, on the basis of the allegations above, verified by the Plaintiff's authorized representative, Ben Rose, and further supported by the Exhibits attached hereto, the Plaintiff respectfully prays for recognition and enforcement of its Lien and issuance of a writ of sequestration solely with respect to the Subject Interests, in substantially the same form as the Writ of Sequestration attached hereto.

**WHEREFORE**, the Plaintiff, Atlantic Maritime Services, LLC, respectfully prays that this Court:

(i)     Recognize the lien and privilege in favor of Atlantic Maritime Services, LLC in the amount of $7,111,706.55, together with interest, attorneys' fees, the costs of preparing and filing the Lien Affidavits, and all court costs, solely with respect to the interests of Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC (collectively, the "***Defendants***") in the specific property interests of the Defendants included within La. R.S. § 9:4683(A)(1-4) (the "***Subject Interests***");

(ii)    Issue a writ of sequestration, the requirement of security having been dispensed with by law, directing the United States Marshal to serve or cause to be served the Writ of Sequestration on the Defendants and to record or cause to be recorded the Writ of Sequestration in the records of the Clerks of Court for the Parishes of Plaquemines, Jefferson, Lafourche, and Terrebonne, and in the records of the United States of America, Bureau of Ocean and Energy Management; and

(iii)   Issue final judgment in favor of Atlantic Maritime Services, LLC and against the Subject Interests in the amount of $7,111,706.55, together with interest, attorneys' fees, the costs of preparing and filing the lien affidavits, and all court costs.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK                /s/ Stewart F. Peck
RANKIN & HUBBARD                        STEWART F. PECK (#10403)
                                        JAMES W. THURMAN (#38494)
                                        601 Poydras Street Suite 2775
                                        New Orleans, LA 70130
                                        Telephone: (504) 568-1990
                                        Facsimile: (504) 310-9195
                                        Email:speck@lawla.com;
                                        jthurman@lawla.com
                                        *Counsel for Atlantic Maritime Services, LLC*

Debtors' Exhibit No. 6
Page 8 of 9

**PLEASE ISSUE SUMMONSES:**

**Ridgewood Katmai, LLC**
Care of its Registered Agent,
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

AND

**ILX Prospect Katmai, LLC**
Care of its Registered Agent,
Corporation Service Company
Corporation Trust Center 1209 Orange Street
Wilmington, Delaware 19801

Debtors' Exhibit No. 6
Page 9 of 9