IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**MOTION OF DEBTORS FOR AUTHORITY
TO EXTEND TIME TO ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

> **IF YOU OBJECT TO THE RELIEF REQUESTED YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Preliminary Statement[2]**

1. An extension of the time period by which the Debtors must assume or reject the Unexpired Leases (as defined below) is necessary and warranted. As announced on the first

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined in the Preliminary Statement shall have the meanings ascribed to such terms in the body of the Motion.

day of these chapter 11 cases, prepetition the Debtors reached agreements in principle with certain of their significant stakeholders (*e.g.*, Apache Corporation and the Consenting Creditors) regarding the disposition of certain of the Debtors' assets and funding to allow the Debtors time to reorganize their business.  The Debtors have continued these efforts to maximize value for all stakeholders throughout the early stages of these chapter 11 cases.  Since the Petition Date, the Debtors have executed a seamless transition into chapter 11, obtained Court approval of important "first day" and "second day" operational relief, filed schedules and statements of financial affairs for all Debtors (Docket Nos. 429-456) (the "**Schedules and Statements**"), and obtained up to $100 million in debtor-in-possession financing.

2. Most importantly, the Debtors have continued to press forward in discussions with the Consenting Creditors, Apache, their regulators and other key parties in interest regarding the terms of a comprehensive restructuring.  The Debtors have significantly advanced negotiations with the Consenting Creditors regarding the terms of a chapter 11 plan and disclosure statement, are close to finalizing the Apache Definitive Documents with Apache and the Consenting Creditors, and remain in active discussions with several other key stakeholders regarding the restructuring.

3. In addition, the Debtors have made significant progress on several key workstreams essential to a successful restructuring:

   i. ***Deepwater Sale Process***.  The Debtors continued their sales and marketing process commenced prepetition for their deepwater assets, contacted 47 parties identified as potential third-party buyers, and evaluated the non-binding bids and letters of intent received. To date, the Debtors have not received any actionable bids from third parties.

   ii. ***Claims Process***. The Debtors obtained Court approval of the Debtors' motion to establish a general bar date of November 25, 2020, for all creditors and parties in interest to file proofs of claim and a governmental bar date of February 1, 2021, for governmental units to file proofs of claim.  As of the date

       hereof, over 800 proofs of claim have been filed against the Debtors. The Debtors continue to review and analyze the filed claims.

  iii.  ***Mortgage and Lien Analysis***. The Debtors completed a comprehensive analysis of the mortgages and liens securing the prepetition secured creditors' claims and shared those findings with the Creditors' Committee and the Consenting Creditors.

  iv.  ***Diligence and Document Production***. The Debtors have also collected, reviewed, and produced numerous documents in response to diligence requests from multiple other parties in interest, including the Creditors' Committee, Consenting Creditors, BOEM and BSEE, the Debtors' surety providers, and certain predecessors in interest of the Debtors' assets.

  v.  ***Analysis of Contracts and Leases***. The Debtors and their advisors are undertaking a review of approximately 4,000 contracts and leases including, but not limited to, the Unexpired Leases, to determine the appropriate treatment of each such agreement.

  vi.  ***Managing Vendor Relations.*** The Debtors and their advisors have been managing relations with the Debtors' vendors through the Debtors' vendor program by completing 97 trade agreements resolving approximately $100 million of prepetition claims and continuing to work towards completing an additional 48 trade agreements representing an additional $41 million of prepetition claims.

  vii.  ***Order Extending Automatic Stay to Certain Co-Interest Owners***. After two lawsuits were filed on November 13, 2020, against certain of the Debtors' co-working interest owners in the United States District Court for the Eastern District of Louisiana, the Debtors commenced an adversary proceeding seeking entry of an order extending the automatic stay to enjoin Atlantic Maritime Services, LLC from prosecuting the lawsuits and obtained a preliminary injunction temporarily enjoining Atlantic from prosecuting such lawsuits against the Debtors' co-working interest owners.

4.    As further detailed below, the Debtors submit that cause exists to extend the deadline to assume or reject unexpired leases of nonresidential real property by an additional 90 days based on, among other factors, the progress made by the Debtors towards finalizing a value-maximizing chapter 11 plan and the quantity and complex nature of the unexpired leases that may be subject to section 365(d)(4) of the Bankruptcy Code.

## Relief Requested

5.    Currently, the deadline for the Debtors to assume or reject Unexpired Leases expires on December 1, 2020. By this Motion, pursuant to section 365(d)(4)(B)(i) of title

3

11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of an order extending the initial 120-day period to assume or reject their Unexpired Leases by an additional 90 days, through and including March 1, 2021, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code.[3]

6.  A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

7.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

8.  Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 the Bankruptcy Code.

9.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

---

[3] The deadline to assume or reject Unexpired Leases is scheduled to expire on December 1, 2020. However, Rule G.18 of the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Bankr. Loc. R. 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the deadline to assume or reject Unexpired Leases, such deadline is automatically extended until the Court resolves the Motion.

11. On August 18, 2020, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

12. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[4]

### Debtors' Unexpired Leases

13. The Debtors are parties to approximately 3,000 leases, contracts, instruments or other documents that may be potentially considered "nonresidential real property leases" subject to provisions of section 365 of the Bankruptcy Code (collectively, the "**Unexpired Leases**"). The Unexpired Leases include, *inter alia*, building leases, pipeline lease agreements, leases of platform space and facilities, oil and gas leases, including leases that are situated in federal waters and issued by the U.S. Department of the Interior, right of use agreements, rights of way, and various other related agreements.[5] However, the Debtors have not yet reviewed each of these leases to determine whether assumption or rejection is necessary or appropriate. Accordingly, out of an abundance of caution, the Debtors are requesting authority to extend the

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration or the RSA, as applicable.

[5] The Debtors have not yet made a determination as to whether each of the foregoing categories of agreements qualify as "nonresidential real property leases" under section 365 of the Bankruptcy Code. This is particularly applicable in regard to the Debtors' oil and gas leases as the nature of the interest created under applicable non-bankruptcy law is not uniform from jurisdiction to jurisdiction and may be subject to conflicting determinations of the nature of the interest created. The Debtor reserves all of their rights regarding the nature and characterization of any of the Unexpired Leases, including whether such agreements are subject to section 365 of the Bankruptcy Code.

deadline to assume or reject any Unexpired Lease that is subject to section 365(d)(4) of the Bankruptcy Code.

14. An extension of the period by which the Debtors must assume or reject the Unexpired Leases is necessary and warranted. The Debtors' initial 120-day period to assume or reject the Unexpired Leases will expire on December 1, 2020. As noted above, since the Petition Date, the Debtors have, among other things, stabilized their operations, ensured a smooth transition into chapter 11 and the continued safe operation of their offshore business during hurricane season, filed their Schedules and Statements, and made substantial progress toward filing a chapter 11 plan and disclosure statement with the support of the Consenting Creditors. In connection with developing and negotiating a chapter 11 plan, the Debtors are continuing to review their Unexpired Leases and executory contracts to determine which contracts the Debtors will seek to assume and which contracts they will seek to reject pursuant to section 365 of the Bankruptcy Code.

15. Under the current timeline, the Debtors will not file a chapter 11 plan until after the expiration of the initial 120-day statutory period. As such, the Debtors seek an extension of the deadline by which they must assume or reject Unexpired Leases by an additional 90 days to allow the Debtors sufficient time to file and prosecute their chapter 11 plan and, to the extent applicable, employ mechanisms for the efficient assumption or rejection of the Unexpired Leases thereunder.

**Basis for Relief Requested**

16. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or

    (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Thus, absent the relief requested herein, to the extent any of the Unexpired Leases are determined to constitute "an unexpired lease of nonresidential real property," such Unexpired Leases will be deemed rejected.

  17. A court may extend the period for 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B). In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following non-exhaustive factors:

  a. whether the lease is the debtor's primary asset;

  b. whether the debtor has had sufficient time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;

  c. whether the lessor continues to receive rent for the use of the property;

  d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

  e. whether the case is exceptionally complex and involves a large number of leases;

  f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

  g. any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing the factors relevant to section 365(d)(4) analysis of whether "cause" exists to extend the time to assume or reject unexpired leases); *In re Panaco, Inc.*, No. 02-47811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (citing similar factors); *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996) (same).

**Cause Exists to Extend Statutory Period**

18. As set forth below, an extension of the time period by which the Debtors must assume or reject the Unexpired Leases by 90 days is necessary and appropriate.

19. The Debtors have made substantial progress in these undoubtedly large and complex chapter 11 cases. In connection with their restructuring, the Debtors must evaluate the Unexpired Leases while also, among other things, (i) attending to the myriad of other issues in connection with the administration of these cases, (ii) continuing to operate a complex business, and (iii) pursuing a chapter 11 plan that maximizes value for all stakeholders. The Debtors are advancing toward filing a chapter 11 plan with the support of the Consenting Creditors and Apache. Nevertheless, determinations as to (i) which of the Unexpired Leases are subject to section 365(d)(4) of the Bankruptcy Code and, (ii) to the extent such Unexpired Leases are subject to section 365(d)(4) of the Bankruptcy Code, which the Debtors will assume or reject under a chapter 11 plan, remain ongoing.

20. Courts in this district have granted similar relief in recent chapter 11 cases. *See*, *e.g.*, *In re NPC Int'l, Inc.*, Case No. 20-33353 (DRJ) (Bankr. S.D. Tex. Nov. 3, 2020) (Docket No. 963) (extending the initial statutory period by 90 days); *In re SpeedCast Int'l, Ltd.*, Case No. 2032243 (MI) (Bankr. S.D. Tex. Sept. 16, 2020) (Docket No. 704) (same); *In re EP Energy Corp.*, Case No. 19-35653 (MI) (Bankr. S.D. Tex. Mar. 31, 2020) (Docket No. 1134) (same); *In re Seadrill Ltd.*, Case No. 17-60079 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2018) (Docket No. 883) (same); *In re Ultra Petroleum Corp.*, Case No. 16-32202 (MI) (Bankr. S.D. Tex. Aug. 25, 2016) (Docket No. 520) (same).

21. Thus, the Debtors submit that a 90-day extension of the period within which the Debtors must assume or reject the Unexpired Leases is appropriate and in the best interests of

the Debtors, their estates, their creditors, and all parties in interest, and the Court should grant such extension.

### Reservation of Rights

22. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, (vii) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

### Notice

23. Notice of this Motion will be provided to (i) the counterparties to the Unexpired Leases; (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 1, 2020
      Houston, Texas

Respectfully submitted,

  /s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
        Jessica.Liou@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that, on December 1, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                         _/s/  Alfredo R. Pérez_
                                                                         Alfredo R. Pérez