

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
12/07/2020

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY LLC, *et al.*,** | § § | **Case No. 20-33948 (MI)** |
| **Debtors.**[1] | § § § | **(Jointly Administered)** Re Docket No. 535 |

**ORDER (I) EXTENDING TIME TO FILE RULE 2015.3
REPORTS; AND (II) FINDING THAT THE DEBTORS DO NOT HAVE
A SUBSTANTIAL OR CONTROLLING INTEREST IN A CERTAIN ENTITY
<u>OR WAIVING CERTAIN REPORTING REQUIREMENTS FOR CAUSE</u>**

Upon the motion, dated November 6, 2020 (the "**Motion**"),[2] of Fieldwood Energy

LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"),

for entry of an order (i) extending the deadline by which the Debtors must file their initial 2015.3

Reports to December 7, 2020, without prejudice to the Debtors' ability to request additional

extensions; and (ii) finding that the Debtors do not have a substantial or controlling interest in

White Shoal, or, alternatively, waiving the reporting requirements under Bankruptcy Rule 2015.3

with respect to Dynamic's interest in White Shoal for cause, all as more fully set forth in the

Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and no objections having been filed; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The time within which the Debtors shall file their initial 2015.3 Reports is extended to and including December 7, 2020.  The Debtors may obtain a further extension of the deadline set forth in this paragraph by further order of the Court or entering into a stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further court order.

2.      Such extension is without prejudice to the Debtors' right to request a further extension upon cause shown, or to file a motion with this Court seeking any modifications of such reporting requirements for cause.

3.      Pursuant to Bankruptcy Rule 2015.3(c), the Court determines that the Debtors do not have a substantial or controlling interest in White Shoal and, accordingly, the Reporting Requirements do not apply to Dynamic's interest in White Shoal.

4.      The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: December 07, 2020

_____
Marvin Isgur
United States Bankruptcy Judge