IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.*[1] | § | **CASE NO. 20-33948 (MI)** |
| DEBTORS | § | |
| | § | (Jointly Administered) |

## EDWARD RANDALL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER TODD RANDALL, DECEASED'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON <u>JANUARY 15, 2021 AT 9:00 A.M.</u> IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.

Edward Randall, Individually and as Representative of the Estate of Christopher Todd Randall, Deceased ("Movant" or "Randall"), a creditor and party in interest in the above referenced bankruptcy case, files this Motion for Relief from Stay pursuant to 11 U.S.C. §362(d), and would respectfully show the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2390); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted pursuant to 11 U.S.C. §§ 362(d).

## CONSTITUTIONAL AUTHORITY

2. This Court has constitutional authority to enter a final order regarding relief from the automatic stay. 11 U.S.C. § 362 has no state law equivalent. Accordingly, the U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, matters related to the automatic stay imposed under § 362 of the Bankruptcy Code are essential bankruptcy matters which trigger the "public rights" exception. *See Id.* The automatic stay is established by an express provision of the Bankruptcy Code and is central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code. Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

## RELIEF REQUESTED

3. The Movant, Individually and as representative and Chris Randall, a creditor and wrongful death claimant against the Debtors, seeks relief from the automatic stay solely to liquidate the claims to finality, but not to collect on any judgment against the Debtors or their Estates except through the bankruptcy process, or through payment from proceeds of any applicable insurance policies or non-debtors. Christopher Todd Randall suffered fatal injuries due to a workplace accident. Movant now seeks Mr. Randall's "day in court." To deny him that right

would deprive him of his Constitutional rights, result in continued financial distress that, among other things, and contravene the established and longstanding equitable principles of the Bankruptcy Code. As this Court lacks jurisdiction to liquidate the claims, the Debtors' insurers are (or presumably will be) defending against the claims, and the underlying litigation may involve non-debtor third parties, the lifting of the automatic stay will neither cause nor result in any prejudice to the Debtors or their Estates. Because the requisite "cause" for relief from the automatic stay is clearly present, the Motion should be granted.

## PROCEDURAL BACKGROUND

4.      On August 3 and August 4, 2020 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby creating their bankruptcy estates (the "Estates") and commencing their bankruptcy cases, jointly administered as the Bankruptcy Case.

5.      The Debtors remain in possession of their Estates, and no trustee has been appointed in the Bankruptcy Case.

## FACTUAL BACKGROUND

A.  Workplace Accident and Death.

6.      On or about May 16, 2020, decedent, Christopher Todd Randall suffered fatal injury while working on a production platform in the Gulf of Mexico owned by Fieldwood Energy, LLC. At the time of the fatal injury, Christopher Todd Randall was in the course and scope of his employment with Fluid Crane and Construction, Inc., working on the casing deck when a section of the grating gave way causing him to fall to his death approximately 40 feet.

B.  Litigation.

7. As a result of the foregoing, the Movant has prepared a form of lawsuit to be filed alleging various wrongful death causes of action against certain of the Debtors to be filed in the District Court of Harris County, Texas (the "State Court Action"), a form of which is attached hereto as Exhibit "A".

## ARGUMENTS AND AUTHORITIES

8. Prior to filing this Motion, the Movant filed unliquidated proofs of claim asserting unsecured claims against the Debtors and the Estates based on the claims to be asserted in the State Court Action. These filings confirm that a liquidation and adjudication of these claims is necessary and appropriate.

9. Under the Bankruptcy Code, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause." 11 U.S.C. § 362(d)(1). As recently emphasized by the Fifth Circuit, "[c]ourts often grant creditors relief from the automatic stay so they can adjudicate their unliquidated claims against a debtor outside of bankruptcy court, particularly when the claims are already the subject of pending litigation." *Kipp Flores Architects LLC v. Mid-Continent Cas. Co.*, 852 F.3d 405, 414 (5th Cir. 2017); *see also Bouchillon v. Caffey*, 539 B.R. 102, 104 (Bankr. N.D. Miss. 2015) ("This Court is bound by clear Congressional intent to deny bankruptcy courts the jurisdiction to hear such personal injury torts. This Court may only determine dischargeability of any debts arising from the tort, but not the underlying tort itself. The state court is the more appropriate forum for resolution of the underlying case.").

10. This principle is supported and confirmed by the legislative history of the automatic stay. As stated in the Senate Report accompanying the Bankruptcy Reform Act of 1978, "[i]t will

often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836; see also 2 Collier on Bankruptcy § 362.07[3], at 362-71 (15th ed. 1991); *In re Robbins*, 964 F.2d 342, 345-46 (4th Cir. 1992). This is especially true in cases, like here, that are based on state law and lack any connection with or interference with the pending bankruptcy case. *See Kipp Flores*, 852 F.3d at 414; *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001) (noting that "[t]his Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor").

11. More importantly—and notwithstanding the filing of the proofs of claim—this Court is without jurisdiction to liquidate or otherwise adjudicate the Movant's claims, which seek damages for the wrongful death of Christopher Todd Randall. Indeed, 28 U.S.C. § 157(b)(2)(o) explicitly excludes "personal injury tort or wrongful death claims" from "core proceedings." 28 U.S.C. § 157(b)(2)(o) ("Core proceedings include . . . other proceedings affecting the liquidation of the assets of the estate . . . except personal injury tort or wrongful death claims"); see also id. at (b)(5); *In re Fowler*, 259 B.R. at 861 ("[A] personal injury and wrongful death claim cannot be tried in this Court . . . and if the creditor is not granted relief from the stay, he is left with no remedy in any court. That simply does not comport with due process"). Where the prepetition action concerns a personal injury suit, the case law overwhelmingly supports relief from the stay to permit the personal injury claim to be liquidated, as opposed to collection against a debtor. *See In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982); In re Fowler, 259 B.R. at 858; *In re McGraw*, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982) ("no 'great prejudice' resulted to the bankruptcy estate

from the 11 U.S.C. § 362(a) modification because the bankruptcy court's modification order only allowed the state court to determine the debtor's liability").

12. Likewise, where a debtor has insurance in place covering the personal injury claim, "continuation of the civil action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." *In re McGraw*, 18 B.R. at 142. *Accord In re Turner*, 55 B.R. 498, 501-02 (Bankr. N.D. Ohio 1985); *In re Honosky*, 6 B.R. 667, 669 (Bankr. W. Va. 1980); see also *In re Edgeworth v. Edgeworth*, 993 F.2d 51 (5th Cir. 1993),; *In re Fowler*, 259 B.R. at 858 (noting that "[t]his Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor"); *Bouchillon,* 539 B.R. at 102.

13. In considering whether cause exists for relief from the automatic stay with respect to the continuation of State Court Action, this Court employs the following twelve-factor analysis:

> 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.

*In re Xenon Anesthesia of Tex. PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). The burden of proof is a shifting one: the creditor must make an initial showing of "cause," whereafter the burden on all other issues, including retaining the automatic stay in place, is on the debtor. *See, e.g., In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017).

14. Here, the Movant submits that an application of these factors weighs heavily in favor of granting relief from the stay to liquidate the claims:

i. Most importantly, as this Court does not have jurisdiction to liquidate the wrongful death claim, some other court will inevitably have to do so, meaning that relief from the automatic stay is necessary to enable the Movant to prove his claims. Preventing the Movant from doing so would deprive them of due process and result in great and manifest injustice, leaving the Movant with no remedy at all. *See In re Fowler*, 259 B.R. at 858. Likewise, the Debtors and the Estates will also benefit from an adjudication of the claim because the Movant's claims must be adjudicated to determine the respective distributions and recoveries of all unsecured creditors.

ii. Upon information and belief, insurance will be providing a defense to the Movant's claims, meaning that the Debtors should not incur any material costs in defending against those claims but, even if the Debtors have or will incur costs defending the claims, costs alone are not sufficient to deny relief from the automatic stay. See *id*., at 861 ("Cost of defending an action is but one factor for the court to consider which alone does not constitute grounds for denying a movant relief from the automatic stay."). *See also In re Steffens Farm Supply Inc*., 35 B.R. 73, 75 (Bankr. N.D. Iowa 1983).

iii. The Movant is not seeking to recover on his claims as against the Debtors or the Estates outside of the bankruptcy process, consequently no other creditor will be prejudiced if relief from the automatic stay is granted. On the contrary, as the Movant may be able to recover from non-Debtors and non-Estate property, the Debtors and other creditors may benefit from having the Movant's substantial claims satisfied in whole or in part from collateral sources of recovery.

iv. Similarly, since the State Court Action may ultimately involve non-debtor defendants, those defendants may be able to argue against continued litigation on the grounds that Debtors are necessary and indispensable parties, thus potentially leading to additional, severe, and actual prejudice on the Movant.

v. While the Movant's claims are significant, so too is the insurance coverage. This Bankruptcy Case is also a very large case that involves hundreds of millions of dollars in other claims. If the automatic stay is lifted, the Debtors will not be required to devote substantial resources and efforts to defend against the Movant's claims, further confirming that granting relief will not interfere with the Bankruptcy Case. Indeed, the Debtors are well on their way to a potential plan confirmation and reorganization; the liquidation of the Movant's claims will not delay or prejudice that process.

vi. The interests of judicial economy and the expeditious and economical resolution of litigation strongly support granting relief from the automatic stay.

    vii.    Initiation of the litigation would not harm the interests of other creditors in the Bankruptcy Case; on the contrary, insofar as the Debtors have insurance in place to satisfy any allowed claims, the interests of other creditors would be served from a prompt resolution because the payment of the Movant's claims, in whole or in part, from insurance coverage would result in greater recoveries for other creditors in the Bankruptcy Case.

    viii.    The impact of the automatic stay and the balance of harms greatly support granting relief from the automatic stay: Christopher Todd Randall suffered a fatal injury. To deny Movant his "day in court" would violate his due process and constitutional rights, contravene both the statutory language and legislative history of 28 U.S.C. § 157(b) and 11 U.S.C. § 362, and—most importantly—subject his family significant economic—harm by preventing the Movant from receiving meaningful and actual redress for the loss, as well as unnecessarily delaying his ability to obtain and pay for necessary medical expenses and funeral and burial expenses, among other things, while offering no material benefit to the Debtors or to the Estates, given the Movant's claims must inevitably be liquidated by another court.

15.     The purpose of the automatic stay is to prevent a "race to the courthouse," to protect a debtor and its property in order to ensure an equitable distribution amongst all creditors, and to afford a debtor time to propose a plan of reorganization. None of these purposes are served by continuing the automatic stay here: there is no "race" to the courthouse because this Court cannot liquidate the underlying wrongful death claim, and these claims undeniably require liquidation; and the Movant does not seek relief from the automatic stay to recover on their claims against the Debtors and the Estates outside the bankruptcy process. Nor is the purpose of the automatic stay to permanently enjoin creditors or protect third parties. Denying the Movant's Motion and depriving him of his requested relief will subject him to continuing, needless delay by depriving him of his day in court, while benefiting the interests of insurance carriers and non-debtor defendants, none of whom are entitled to protection by the automatic stay.

    WHEREFORE, PREMISES CONSIDERED, the Movant respectfully request that the Court enter an order: (i) granting this Motion; (ii) granting him relief from the automatic stay to liquidate his claims to finality; (iii) allowing recovery from any applicable insurance policy or non-

debtor (iv) retaining the automatic stay in place for purposes of any collection as against the Debtors, and to the extent that any such claims are not satisfied from the proceeds of any available insurance policies or non-debtor third parties, recovery solely as a general unsecured prepetition claims in the Debtors' chapter 11 cases, and (v) granting him such other and further relief to which they may be justly entitled.

        Respectfully submitted

        ANDREWS MYERS P.C.

        */s/ T. Josh Judd*
        T. JOSH JUDD
        SBN: 24036866
        jjudd@andrewsmyers.com
        1885 Saint James Place, 15th Floor
        Houston, TX 77056
        Tel: 713-850-4200
        Fax: 713-850-4211

        *Attorney for Edward Randall, Individually and as Representative of the Estate of Christopher Todd Randall, Deceased*

## **CERTIFICATE OF CONFEREENCE**

      The undersigned certifies that in a good faith effort to resolve this matter prior to filing this motion, he conferred with counsel for the Debtors regarding the relief requested. An agreement could not be reached.

        */s/ T. Josh Judd*
        T. Josh Judd

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, a true and correct copy of the foregoing Motion for Relief was served via the Court's ECF notification system to all parties requesting notice and by U.S. Mail to the Debtor at Fieldwood Energy, 2000 W. Sam Houston, Pkwy South, Suite 1200, Houston, Texas 77042, the Office of the United States Trustee, and the parties listed on the attached service list.

*/s/ T. Josh Judd*
T. Josh Judd

| | | |
|---|---|---|
| AKERMAN LLP<br>2001 ROSS AVENUE, SUITE 3600<br>DALLAS, TX 75201 | ALEXANDER DUBOSE&<br>JEFFERSON LLP<br>1844 HARVARD STREET<br>HOUSTON, TX 77008 | ALLEN & GOOCH, A LAW<br>CORPORATION<br>2000 KALISTE SALOOM ROAD,<br>SUITE 400<br>P.O. BOX 81129<br>LAFAYETTE, LA 70598-1129 |
| ANDERSON, LEHRMAN, BARRE &<br>MARAIST, LLP<br>GASLIGHT SQUARE<br>1001 THIRD STREET, STE 1<br>CORPUS CHRISTI, TX 78404 | ANDREWS MYERS, P.C<br>1885 SAINT JAMES PLACE<br>15TH FLOOR<br>HOUSTON, TX 77056 | BAKER DONELSON BEARMAN<br>CALDWELL & BERKOWITZ, PC<br>201 ST. CHARLES AVENUE<br>SUITE 3600<br>NEW ORLEANS, LA 70170 |
| BALCH & BINGHAM LLP<br>811 LOUISIANA STREET<br>SUITE 1010<br>HOUSTON, TX 77002 | BARNET B. SKELTON, JR.<br>815 WALKER, SUITE 1502<br>HOUSTON, TX 77002 | BECKET & LEE LLP<br>PO BOX 3001<br>MALVERN, PA 19355-0701 |
| BRACEWELL LLP<br>185 ASYLUM STREET<br>CITYPLACE I, 34TH FLOOR<br>HARTFORD, CT 06103 | BRACEWELL LLP<br>711 LOUISIANA STREET<br>SUITE 2300<br>HOUSTON, TX 77002 | CARVER, DARDEN, KORETZKY,<br>TESSIER, FINN, BLOSSMAN &<br>AREAUX L. L. C.<br>1100 POYDRAS STREET<br>SUITE 3100<br>NEW ORLEANS, LA 70163 |
| CHIESA SHAHINIAN &<br>GIANTOMASI<br>ONE BOLAND DRIVE<br>WEST ORANGE, NJ 07052 | CLARK HILL STRASBURGER<br>720 BRAZOS<br>SUITE 700<br>AUSTIN, TX 78701 | CLARK HILL STRASBURGER<br>901 MAIN STREET, SUITE 6000<br>DALLAS, TX 75202-3794 |
| COLE SCHOTZ P.C.<br>301 COMMERCE STREET<br>SUITE 1700<br>FORT WORTH, TX 76102 | CONTROLLER<br>204 INDUSTRIAL AVE C<br>HOUMA, LA 70363 | CRADY JEWETT MCCULLEY &<br>HOUREN LLP<br>2727 ALLEN PARKWAY<br>SUITE 1700<br>HOUSTON, TX 77019 |
| DAVIDSON, MEAUX, SONNIER,<br>McELLIGOTT, FONTENOT,GIDEON<br>& EDWARDS<br>810 SOUTH BUCHANAN STREET<br>PO BOX 2908<br>LAFAYETTE, LA 70502-2908 | DAVIS POLK & WARDWELL LLP<br>450 LEXINGTON AVENUE<br>NEW YORK, NY 10017 | DLS, LLC<br>141 S. 6TH STREET<br>EUNICE, LA 70535 |
| DORE ROTHBERG MCKAY, P.C.<br>17171 PARK ROW<br>SUITE 160<br>HOUSTON, TX 77084 | ENVIRONMENTAL PROTECTION<br>AGENCY - REGION 4 (AL, FL, GA,<br>KY, MS, NC, SC, TN)<br>ATLANTA FEDERAL CENTER, 61<br>FORSYTH STREET<br>ATLANTA, GA 30303-3104 | ENVIRONMENTAL PROTECTION<br>AGENCY - REGION 6 (AR, LA, NM,<br>OK, TX)<br>1445 ROSS AVENUE<br>SUITE 1200<br>DALLAS, TX 75202-2733 |
| EVERSHEDS SUTHERLAND (US)<br>LLP<br>1001 FANNIN STREET<br>SUITE 3700<br>HOUSTON, TX 77002 | FARRIMOND CASTILLO &<br>BRESNAHAN, PC<br>130 E. TRAVIS ST<br>SUITE 350<br>SAN ANTONIO, TX 78205 | FIELDWOOD ENERGY LLC<br>2000 W. SAM HOUSTON PKWY<br>SOUTH<br>SUITE 1200<br>HOUSTON, TEXAS 77042 |
| FISHERBROYLES, LLP<br>2925 RICHMOND AVE.<br>SUITE 1200<br>HOUSTON, TX 77098 | FOLEY & LARDNER LLP<br>1000 LOUISIANA STREET, SUITE<br>2000<br>HOUSTON, TX 77002-2099 | FORSHEY & PROSTOCK, LLP<br>777 MAIN STREET<br>SUITE 1550<br>FORT WORTH, TX 76102 |

| | | |
|---|---|---|
| FROST BROWN TODD LLC<br>900 ROSEWOOD COURT<br>2101 CEDAR SPRINGS ROAD<br>DALLAS, TX 75201 | GIEGER, LABORDE &<br>LAPEROUSE, L.L.C.<br>701 POYDRAS STREET<br>SUITE 4800<br>NEW ORLEANS, LA 70139-4800 | GIEGER, LABORDE &<br>LAPEROUSE, L.L.C.<br>701 POYDRAS STREET, SUITE 4800<br>NEW ORLEANS, LA 70139-4800 |
| GIEGER, LABORDE &<br>LAPEROUSE, L.L.C.<br>5151 SAN FELIPE<br>SUITE 750<br>HOUSTON, TX 77056 | HALL, ESTILL, HARDWICK,<br>GABLE, GOLDEN & NELSON, P.C.<br>320 SOUTH BOSTON AVENUE,<br>SUITE 200<br>TULSA, OK 74103-3706 | HARRIS BEACH LLC<br>333 W. WASHINGTON STREET,<br>SUITE 200<br>SYRACUSE, NY 13202 |
| HAYNES AND BOONE, LLP<br>1221 MCKINNEY STREET, SUITE 4000<br>HOUSTON, TX 77010 | HOLLAND & KNIGHT LLP<br>150 N. RIVERSIDE PLAZA<br>CHICAGO, IL 60606 | HOLLAND & KNIGHT LLP<br>150 N. RIVERSIDE PLAZA, SUITE 2700<br>CHICAGO, IL 60606 |
| HOWLEY LAW PLLC<br>PENNZOIL PLACE – SOUTH TOWER<br>711 LOUISIANA ST, SUITE 1850<br>HOUSTON, TX 77002 | HUGHES WATTERS ASKANASE,<br>L.L.P.<br>TOTAL PLAZA<br>1201 LOUISIANA, 28TH FLOOR<br>HOUSTON, TX 77002 | HUNTON ANDREWS KURTH LLP<br>600 TRAVIS STREET<br>SUITE 4200<br>HOUSTON, TX 77002 |
| HUSCH BLACKWELL LLP<br>1900 N. PEARL, SUITE 1800<br>DALLAS, TX 75201 | HUSCH BLACKWELL LLP<br>111 CONGRESS AVENUE, SUITE 1400<br>AUSTIN, TX 78701 | HUSCH BLACKWELL LLP<br>600 TRAVIS STREET<br>SUITE 2350<br>HOUSTON, TX 77002 |
| INTERNAL REVENUE SERVICE<br>2970 MARKET ST.<br>PHILADELPHIA, PA 19104-5016 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | JACKSON WALKER LLP<br>1401 MCKINNEY STREET, SUITE 1900<br>HOUSTON, TX 77010 |
| JENNINGS HAUG CUNNINGHAM<br>2800 NORTH CENTRAL AVENUE<br>SUITE 1800<br>PHOENIX, AZ 85004 | KANE RUSSELL COLEMAN<br>LOGAN PC<br>5051 WESTHEIMER RD., 10TH FLOOR<br>HOUSTON, TX 77056 | KREBS FARLEY & DRY, PLLC<br>400 POYDRAS STREET<br>SUITE 250<br>NEW ORLEANS, LA 70130 |
| KREBS FARLEY & DRY, PLLC<br>909 18TH STREET<br>PLANO, TX 75074 | LANGLEY LLP<br>P.O. BOX 94075<br>SOUTHLAKE, TX 76092 | LAW OFFICE OF PATRICIA WILLIAMS PREWITT<br>10953 VISTA LAKE COURT<br>NAVASOTA, TX 77868 |
| LAW OFFICES OF JOHN A. MOUTON, III<br>P.O. BOX 82438<br>LAFAYETTE, LA 70598 | LINEBARGER GOGGAN BLAIR &<br>SAMPSON, LLP<br>PO BOX 17428<br>AUSTIN, TX 78760-7428 | LINEBARGER GOGGAN BLAIR &<br>SAMPSON, LLP<br>PO BOX 3064<br>HOUSTON, TX 77253-3064 |
| LOCKE LORD LLP<br>601 POYDRAS ST<br>SUITE 2660<br>NEW ORLEANS, LA 70130 | LOCKE LORD LLP<br>600 TRAVIS STREET<br>SUITE 2800<br>HOUSTON, TX 77002 | LOOPER GOODWINE P.C.<br>650 POYDRAS STREET, SUITE 2400<br>NEW ORLEANS, LA 70130 |

| | | |
|---|---|---|
| LOUISIANA DEPARTMENT OF JUSTICE<br>CIVIL DIVISION/LANDS & NATURAL RESOURCES<br>P.O. BOX 94005<br>BATON ROUGE, LA 70804-9005 | LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD<br>601 POYDRAS ST., SUITE 2775<br>NEW ORLEANS, LA 70130 | MACQUARIE CORPORATE AND ASSET FUNDING INC<br>3100 WEST END AVE<br>SUITE 325<br>NASHVILLE, TN 37203 |
| MAHTOOK & LAFLEUR, LLC<br>600 JEFFERSON ST., 10TH FLOOR<br>LAFAYETTE, LA 70501 | MANIER & HEROD, P.C.<br>1201 DEMONBREUN ST<br>SUITE 900<br>NASHVILLE, TN 37203 | MCDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.<br>11 NORTH WATER STREET (36602), SUITE 13290<br>P.O. BOX 350<br>MOBILE, AL 36601 |
| MORROW SHEPPARD LLP<br>3701 KIRBY DRIVE<br>SUITE 1000<br>HOUSTON, TX 77098 | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>BANKRUPTCY & COLLECTIONS DIVISION<br>P. O. BOX 12548 MC008<br>AUSTIN, TX 78711-2548 | OFFICE OF THE UNITED STATES TRUSTEE<br>515 RUSK AVE.<br>STE. 3516<br>HOUSTON, TX 77002 |
| PAMELA H. WALTERS<br>2520 W.W. THORNE DRIVE<br>HOUSTON, TX 77073 | PARKINS LEE & RUBIO LLP<br>PENNZOIL PLACE<br>700 MILAM STREET, SUITE 1300<br>HOUSTON, TX 77002 | PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.<br>3301 NORTHLAND DRIVE<br>SUITE 505<br>AUSTIN, TX 78731 |
| PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.<br>1235 NORTH LOOP WEST<br>SUITE 600<br>HOUSTON, TX 77008 | PHELPS DUNBAR LLP<br>365 CANAL STREET<br>SUITE 2000<br>NEW ORLEANS, LA 70130-6534 | PORTER & POWERS, PLLC<br>1776 YORKTOWN SUITE 300<br>HOUSTON, TX 77056 |
| PORTER HEDGES LLP<br>1000 MAIN STREET, 36TH FLOOR<br>HOUSTON, TX 77002 | PORTER HEDGES LLP<br>1000 MAIN STREET, 36TH FLOOR<br>HOUSTON, TX 77002 | PRIME CLERK, LLC<br>ONE GRAND CENTRAL PLACE<br>60 EAST 42ND STREET, SUITE 1440<br>NEW YORK, NY 10165 |
| REED SMITH LLP<br>2850 N. HARWOOD STREET<br>DALLAS, TX 75201 | ROSS, BANKS, MAY, CRON & CAVIN, P.C.<br>7700 SAN FELIPE<br>SUITE 550<br>HOUSTON, TX 77063 | RUDY URBAN, CREDIT MANAGER<br>635 BRAKE RIDGE COURT<br>SEYMOUR, TN 37865 |
| RUSH, RUSH & CALOGERO<br>202 MAGNATE DRIVE<br>LAFAYETTE, LA 70508 | SECURITIES & EXCHANGE COMMISSION<br>100 F ST NE<br>WASHINGTON, DC 20549 | SECURITIES & EXCHANGE COMMISSION - FORT WORTH OFFICE<br>BURNETT PLAZA<br>801 CHERRY ST., STE. 1900 UNIT 18 |
| SECURITIES & EXCHANGE COMMISSION - NY OFFICE<br>BROOKFIELD PLACE<br>200 VESEY STREET STE 400<br>NEW YORK, NY 10281-1022 | SENIOR COUNSEL - GENESIS ENERGY, L.P.<br>919 MILAM<br>STE. 2100<br>HOUSTON, TX 77002 | SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.<br>400 POYDRAS STREET<br>SUITE 2550<br>NEW ORLEANS, LA 70130 |
| SHANNON, MARTIN, FINKELSTEIN, ALVARADO & DUNNE, P.C.<br>1001 MCKINNEY STREET, SUITE 1100<br>HOUSTON, TX 77002-6424 | SHIPMAN & GOODWIN LLP<br>400 PARK AVE, 5TH FLOOR<br>NEW YORK, NY  10022 | SHIPMAN & GOODWIN LLP<br>ONE CONSTITUTION PLAZA<br>HARTFORD, CT 06103-1919 |

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1000 LOUISIANA ST., SUITE 5900<br>HOUSTON, TX 77002 | SNOW SPENCE GREEN LLP<br>P. O. BOX 549<br>HOCKLEY, TX 77447 | SPENCE, DESENBERG & LEE, PLLC<br>1770 SAINT JAMES PLACE<br>SUITE 625<br>HOUSTON, TX 77056 |
| STACY & BAKER, P.C.<br>1010 LAMAR STREET<br>SUITE 550<br>HOUSTON, TX 77002 | STATE OF ALABAMA ATTORNEY GENERAL<br>P.O. BOX 300152<br>MONTGOMERY, AL 36130-0152 | STATE OF ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT<br>1400 COLISEUM BOULEVARD<br>MONTGOMERY, AL 36110-2400 |
| STATE OF LOUISIANA ATTORNEY GENERAL<br>P.O. BOX 94095<br>BATON ROUGE, LA 70804-4095 | STATE OF LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ)<br>602 N. FIFTH STREET<br>BATON ROUGE, LA 70802 | STATE OF MISSISSIPPI ATTORNEY GENERAL<br>WALTER SILLERS BUILDING<br>550 HIGH STREET, SUITE 1200,<br>P.O. BOX 220<br>JACKSON, MS 39201 |
| STATE OF MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ)<br>P.O. BOX 2261<br>JACKSON, MS 39225 | STATE OF TEXAS ATTORNEY GENERAL<br>CAPITOL STATION<br>PO BOX 12548<br>AUSTIN, TX 78711-2548 | STATE OF TEXAS COMMISSION ON ENVIRONMENTAL QUALITY BUILDING LETTER<br>P O BOX 13087<br>AUSTIN, TX 78711-3087 |
| STEWART ROBBINS BROWN & ALTAZAN, LLC<br>301 MAIN STREET, SUITE 1640<br>P. O. BOX 2348<br>BATON ROUGE, LA 70821-2348 | STROOCK & STROOCK & LAVAN LLP<br>180 MAIDEN LANE<br>NEW YORK, NY 10038 | STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.<br>2323 BRYAN STREET, SUITE 2200<br>DALLAS, TX 75201 |
| TODD, BARRON, THOMASON, HUDMAN & BEBOUT, P.C.<br>3800 E. 42ND STREET, SUITE 409<br>ODESSA, TX 79762 | U.S. DEPARTMENT OF JUSTICE<br>P.O. BOX 875-BEN FRANKLIN STATION<br>WASHINGTON, DC 20044 | US ATTORNEY FOR SOUTHERN DISTRICT OF TEXAS<br>1000 LOUISIANA, STE 2300<br>HOUSTON, TX 77002 |
| VICTORIA V. THERIOT<br>P.O. BOX 1740<br>ABBEVILLE, LA 70511 | VINSON & ELKINS LLP<br>TRAMMELL CROW CENTER<br>2001 ROSS AVENUE SUITE 3700<br>DALLAS, TX 75201 | VINSON & ELKINS LLP<br>TRAMMELL CROW CENTER<br>2001 ROSS AVENUE, SUITE 3900<br>DALLAS, TX 75201 |
| WEIL, GOTSHAL & MANGES LLP<br>700 LOUISIANA STREET<br>SUITE 1700<br>HOUSTON, TX 77002 | WEIL, GOTSHAL & MANGES LLP<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | WEYCER, KAPLAN, PULASKI & ZUBER, P.C.<br>11 GREENWAY PLAZA<br>SUITE 1400<br>HOUSTON, TX 77046 |
| WICK PHILLIPS GOULD & MARTIN, LLP<br>3131 MCKINNEY AVENUE, SUITE 100<br>DALLAS, TX 75204 | | |