CAUSE NO. _____

| | | |
|---|---|---|
| EDWARD RANDALL, INDIVIDUALLY | § | IN THE DISTRICT  COURT  OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF CHRISTOPHER TODD | § | |
| RANDALL, DECEASED | § | |
| | § | |
| VS. | § | HARRIS COUNTY,      TEXAS |
| | § | |
| FIELDWOOD ENERGY, LLC AND GIR | § | |
| SOLUTIONS, LLC | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, EDWARD RANDALL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE

ESTATE OF CHRISTOPHER TODD RANDALL, DECEASED, files this Original Petition and

Request for Disclosures complaining of  FIELDWOOD ENERGY, LLC. and GIR SOLUTIONS,

LLC,  hereinafter referred to as Defendants, and for cause of action would respectfully show as

follows:

### I.

In accordance with Rule 190.1, Plaintiff intends to conduct discovery under Level 3.

### II.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to

disclose within fifty [50] days of this request, the information and material described in Rule 194.2

of the Texas Rules of Civil Procedure.

### III.

Plaintiff is a resident citizen of the State of Texas.

Defendant FIELDWOOD ENERGY, LLC, is a foreign limited liability company with its

principle place of business in Houston, Harris County, Texas and doing business in the State of

-1-

**EXHIBIT A**

Texas for the purpose of accumulating monetary profit and may be served with process through their registered agent, Capitol Corporate Services, Inc, 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

Defendant, GIR SOLUTIONS, LLC, is a Louisiana company doing business in the State of Texas for the purpose of accumulating monetary profit and may be served with process through their registered agent, David Church, 115 West Greenhill Circle, Broussard, Louisiana 70518.

**IV.**

Plaintiff would show that venue is proper in Harris County, Texas, in that Defendant, Fieldwood Energy, LLC has their principal place of business in Harris County, Texas.

Further, Plaintiff specifically invokes his rights under Tex. Civ. Prac. & Rem. Code § 71.031, which is commonly known as the "open forum" provision, and choose to maintain this action in the state district courts of Texas.

**V.**

On or about May 16, 2020, decedent, Christopher Todd Randall suffered fatal injuries while working on a production platform in the Gulf of Mexico owned by Fieldwood Energy, LLC.  At the time of the fatal injuries, Christopher Todd Randall was in the course and scope of his employment with Fluid Crane and Construction, Inc.  working on the casing deck when a section of the  grating gave way causing him to fall to his death approximately 40 feet.

Plaintiff would show that nothing Christopher Todd Randall did or failed to do on the occasion in question caused or in any way contributed to his death.  To the contrary, the occurrence in which Christopher Todd Randall was fatally injured was proximately caused by the negligence and gross negligence, as those terms are understood in law, on the part of the Defendants, and/or their agents, servants and employees, who were acting in the course and scope of their employment

for the Defendants at all times material to this cause of action.

Plaintiff will further show that Defendants had the right of control over the details of the work being performed by Christopher Todd Randall, decedent.  Christopher Todd Randall was following the directions issued by Defendants who had the right of supervision of the details of the procedures, equipment, instructions, methods and manner of the work being performed.

The Defendants owed Christopher Todd Randall a duty to furnish him a safe working environment and the appropriate fall protection equipment to safely perform the work he was tasked with doing for the day.  Defendants failed in those respects which caused the death of Christopher Todd Randall and damages suffered by Plaintiff Edward Randall.   These conditions were brought about and caused by the Defendants.

## VI.

Plaintiff would show that the Defendants were negligent through acts and omissions, jointly and severally, by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively.

## VII.

Plaintiff will further show that the acts and omissions of the Defendants were committed with complete and reckless regard for, and with willful, wanton and actual conscious indifference to the rights, safety and welfare of Christopher Todd Randall, decedent.  Such conduct was reckless and/or done with an intentional state of mind.  Plaintiff alleges that Defendants had actual knowledge of the unsafe conditions on its production platform that posed an unreasonable risk of harm to Christopher Todd Randall, but Defendants negligently, intentionally, knowingly and/or recklessly failed to exercise reasonable care to reduce or eliminate the risk.  Defendants  are liable and entirely

responsible for the conditions on its production platform.  Defendants, individually are therefore guilty of negligence and gross negligent which was the sole and proximate cause of Christopher Todd Randall's death.  Plaintiff prays for all exemplary damages awarded by a jury for such conduct.

**VIII.**

Plaintiff would further say that the Defendants had the right of control over the work and conditions of its production platform.  The Defendants negligently and unreasonably failed to exercise that control.  The conduct of the named Defendants constituted negligence as that term is understood in law, and such conduct was a proximate cause of the occurrence made the basis of this suit.  Defendants are jointly and severally liable to Plaintiff for the catastrophic injuries and death of Christopher Todd Randall.

**IX.**

This action is brought pursuant to § 71.001-71.011 of the Texas Civil Practice and Remedies Code.  Plaintiff, Edward Randall, as the surviving natural born child of Christopher Todd Randall is a statutory beneficiary who may bring an action for the wrongful death of Christopher Todd Randall, decedent.  Edward Randall is  entitled to recover damages for:

1.  Loss of companionship and society and the loss of benefits flowing from the love, comport, companionship, support, and society that as the surviving child would, in reasonable probability, have received from Christopher Todd Randall, had he lived;

2.  Mental anguish suffered by Edward Randall as the surviving child of Christopher Tod Randall, including but not limited to the emotional pain, torment and suffering experienced from the death of Christopher Todd Randall;

4.  Loss of inheritance.  The loss of the present value of assets that Christopher Todd Randall, in all reasonable probability would have added to his estate and left at his natural death to Edward Randall; and

5.      Plaintiff will additionally show that he is entitled to the recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of his damages herein.

**X.**

Additionally, Plaintiff Edward Randall, as Representative of the Estate of Christopher Todd Randall, brings action pursuant to § 71.021 of the Texas Civil Practice and Remedies Code.  Plaintiff Edward Russell, deceased, may bring action on behalf of the Estate of Christopher Todd Randall to recover damages sustained by Christopher Todd Randall prior to his death.

The Estate of Christopher Todd Randall is entitled to recover for:

1.      Physical pain and suffering of Christopher Todd Randall, Decedent;

2.      Mental anguish of Christopher Todd Randall, Decedent;

3.      Loss of future wages of  Christopher Todd Randall, Decedent;

4.      Medical expenses incurred by Christopher Todd Randall, Decedent; and

5.      Funeral and burial expenses of Christopher Todd Randall, Decedent.

WHEREFORE, Edward Randall, Plaintiff, prays that the Defendants be cited to appear and answer herein, that upon final trial and hearing hereof Plaintiff recover his damages in accordance with the evidence, that he recover costs of Court, that he recover interest to which he is entitled under law, and for such other and further relief, general and special, legal and equitable to which he may show himself justly entitled.

Respectfully submitted,

STEVENSON & MURRAY

*/s/ William Robert Hand*

_____
JOHN W. STEVENSON, JR.
State Bar No. 19196050
WILLIAM ROBERT HAND
State Bar No. 24078622
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223 - Telephone
(713) 622-3224  - Facsimile
Email: jstevenson@stevensonmurray.com
Email: rhand@stevensonmurray.com