

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/21/2020

|  |  |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND AGREED ORDER**
**BY AND AMONG THE DEBTORS, THE PREPETITION**
**AGENTS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**EXTENDING THE CHALLENGE PERIOD AS  TO PRESERVED CLAIMS**

The above-captioned debtors and debtors in possession (the "***Debtors***"), Goldman Sachs Bank USA, Cortland Capital Markets Services LLC, and Cantor Fitzgerald Securities, as Prepetition Agents[2] (collectively, the "***Prepetition Agents***"), and the Official Committee of Unsecured Creditors (the "***Committee***," and together with the Debtors and Prepetition Agents, the "***Parties***") hereby stipulate and agree (this "***Stipulation and Agreed Order***") by and through their respective undersigned counsel to the following:

**RECITALS**

WHEREAS, on August 3, 2020 and August 4, 2020 (the "***Petition Dates***"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Final DIP Order (as defined below).

"*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Court*");

WHEREAS, on August 5, 2020, the Court entered the *Interim Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 58];

WHEREAS, on August 18, 2020, the United States Trustee filed the *Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 183] establishing the Committee pursuant to section 1102 of the Bankruptcy Code;

WHEREAS, on September 15, 2020, the Court entered the *Final Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* [Docket No. 346] (the "*Final DIP Order*");

WHEREAS, the Final DIP Order approved and made binding on the Debtors certain stipulations regarding, among other things, the validity, perfection, and priority of the Prepetition Liens (collectively, the "*Debtors' Stipulations*");

WHEREAS, paragraph 23 of the Final DIP Order requires, among other things, that any party in interest wishing to challenge the Debtors' Stipulations, including the Committee, must commence a contested matter or adversary proceeding within the seventy-five day period following entry of the Final DIP Order;

WHEREAS, on November 25, 2020, the Court entered the *Stipulation and Agreed Order Extending the Official Committee of Unsecured Creditors' Challenge Period Under the Final DIP Order* [Docket No. 603], which extended the Challenge Period for the Committee to and including December 18, 2020;

WHEREAS, the Committee has conducted an investigation into the Prepetition Liens and claims asserted by the Prepetition Secured Parties and has identified certain categories of assets of the Debtors and their subsidiaries that it contends are not subject to the Prepetition Liens and/or do not constitute Prepetition Collateral;[3]

WHEREAS, the Debtors, Prepetition Agents, on behalf of themselves and the other Prepetition Secured Parties, and the Committee have agreed to stipulate that the Challenge Period, for the Committee only, shall be extended solely with respect to the Preserved Claims (as defined below), as more fully set forth herein; and

WHEREAS, this Stipulation and Agreed Order has been negotiated in good faith and at arm's length between the Parties, each of which has been represented by counsel.

NOW, THEREFORE, the Parties stipulate, acknowledge and agree as follows:

1.     <u>Preservation of Rights</u>.

(a)     The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any or all of the assets owned by the below entities do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Non-Guarantor Subsidiaries Challenge***").  The Prepetition Secured Parties expressly reserve

---

[3] For the avoidance of doubt, an assertion herein that an asset is not subject to a Prepetition Lien and/or does not constitute Prepetition Collateral includes an assertion that such Prepetition Lien is avoidable.

the right to assert that the assets owned by the below entities do constitute Prepetition Collateral and are subject to the Prepetition Liens.

- Fieldwood Coöperatief U.A. (The Netherlands)
- Fieldwood Mexico B.V. (The Netherlands)
- Fieldwood Energy de Mexico, S. de R.L. de C.V. (Mexico)
- Fieldwood Energy E&P Mexico, S. de R.L. de C.V. (Mexico)
- Fieldwood Energy Services de Mexico, S. de R.L. de C.V. (Mexico)
- Whitecap Pipeline Company, L.L.C. (DE)
- Ship Shoal Pipeline Company
- SP 49 Pipeline LLC (DE)
- GOM P&A Services LLC (DE)
- White Shoal Pipeline Corp. (DE)
- Whitecap Pipeline Company, L.L.C. (DE)
- FW Finco LLC (DE)
- Fieldwood Management LLC (DE)

(b)      *Equity Interests.* The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any or all of the equity interests in the entities set forth below do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "**Equity Interests Challenge**").   The Prepetition Secured Parties expressly reserve the right to assert that the equity interests in the entities set forth below do constitute Prepetition Collateral and are subject to the Prepetition Liens.

- Fieldwood Mexico B.V. (The Netherlands)
- Fieldwood Energy de Mexico, S. de R.L. de C.V. (Mexico)

4

- Fieldwood Energy E&P Mexico, S. de R.L. de C.V. (Mexico)

- Fieldwood Energy Services de Mexico, S. de R.L. de C.V. (Mexico)

- Whitecap Pipeline Company, L.L.C. (DE)

- Ship Shoal Pipeline Company

- SP 49 Pipeline LLC (DE)

- GOM P&A Services LLC (DE)

- White Shoal Pipeline Corp. (DE)

- Whitecap Pipeline Company, L.L.C. (DE)

- FW Finco LLC (DE)

(c)     *Excluded Assets or Excluded Equity Interest.* The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any or all "Excluded Assets" or "Excluded Equity Interests" under the Prepetition Credit Agreements do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Excluded Assets Challenge***").  The Prepetition Secured Parties expressly reserve the right to assert that the any or all "Excluded Assets" or "Excluded Equity Interests" under the Prepetition Credit Agreements do constitute Prepetition Collateral and are subject to the Prepetition Liens.

(d)     *Excluded Real Property.* The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any or all of the real property set forth below and any improvements thereon do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Excluded Real Property Challenge***").   The Prepetition Secured Parties expressly reserve the right to assert that the real property set

forth below and any improvements thereon do constitute Prepetition Collateral and are subject to the Prepetition Liens.

| Address or Other Identifying Information |
| --- |
| 4677 NW Evangeline Throughway, Carencro, LA  70520 |
| 4529 Hwy 1 Grand Isle, LA 70538 (40 Acres of Land) |

(e)     *Oil and Gas Leasehold Interests*. The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any or all of the oil and gas real property leases set forth on **Annex A** hereto and any "as extracted" collateral derived from the underlying real property subject to those oil and gas real property leases do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Oil and Gas Leasehold Interests Challenge***").  The Prepetition Secured Parties expressly reserve the right to assert that the oil and gas real property leases set forth on **Annex A** hereto and any "as extracted" collateral derived from the underlying real property subject to those oil and gas real property leases do constitute Prepetition Collateral and are subject to the Prepetition Liens.

(f)     *Commercial Tort Claims*. The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any or all commercial tort claims, including any proceeds thereof and judgments recovered therefrom, of the Debtors and their subsidiaries as of the Petition Date do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Commercial Torts Claims Challenge***"). The Prepetition Secured Parties expressly reserve the right to assert that any commercial tort claims, including any proceeds thereof and judgments recovered therefrom, of the Debtors and their subsidiaries as of the Petition Date do constitute Prepetition Collateral and are subject to the Prepetition Liens.

(g)     *Accounts*.  The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any and all of the accounts listed on **Annex B** hereto (collectively, the "***Accounts***") of the Debtors or their subsidiaries are not subject to perfected Prepetition Liens (the "***Account Challenge***").  The Prepetition Secured Parties expressly reserve the right to assert that any and all of Accounts do constitute Prepetition Collateral and are subject to the Prepetition Liens.

(h)     *Tax Attributes and Tax Refunds.* The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that the Debtors' and their subsidiaries' interests in tax attributes, including net operating loss carryforwards, business interest expense carryforwards and other tax benefits, do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Tax Attribute Challenge***").  The Prepetition Secured Parties expressly reserve the right to assert that the Debtors' and their subsidiaries' interests in tax attributes, including net operating loss carryforwards, business interest expense carryforwards and other tax benefits, do constitute Prepetition Collateral and are subject to the Prepetition Liens.

(i)     *Proceeds*.  The Committee expressly reserves the right to assert, in accordance with paragraph 2 hereof, that any and all proceeds of the assets of the Debtors set forth in subparagraphs (a)-(h) hereof do not constitute Prepetition Collateral and are not subject to the Prepetition Liens (the "***Proceeds Challenge***" and collectively with the Non-Guarantor Subsidiaries Challenge, the Equity Interests Challenge, the Excluded Assets Challenge, the Excluded Real Property Challenge, the Oil and Gas Leasehold Interests Challenge, the Commercial Torts Claims Challenge, the Account Challenge and the Tax Attribute Challenge, the "***Preserved Claims***").  The Prepetition Secured Parties expressly

reserve the right to assert that any and all proceeds of the assets of the Debtors set forth in subparagraphs (a)-(h) hereof do constitute Prepetition Collateral and are subject to the Prepetition Liens.

2.     Committee Challenge Period.  Except as expressly stipulated above with regard to the Preserved Claims, upon execution of this Stipulation and Agreed Order, the Challenge Period for the Committee shall end and the Committee irrevocably waives its right to bring any Challenges to the Prepetition Debt, the Prepetition Liens or against any of the Prepetition Secured Parties or their Representatives in connection with matters related to the Prepetition Credit Agreements, the Prepetition Debt, the Prepetition Liens or the Prepetition Collateral.  Upon entry of this Stipulation and Agreed Order, the Challenge Period for the matters designated as Preserved Claims in Paragraph 1 above, shall be extended to February 8, 2021 solely for the Committee.  The Challenge Period for the Preserved Claims with respect to the Committee may be further extended to such later date (i) as has been agreed to in writing by the Prepetition Agents (with the consent of the DIP Lenders), or (ii) as has been ordered by the Bankruptcy Court for cause upon a motion filed and served prior to the expiration of the Challenge Period.  Notwithstanding the expiration of the Challenge Period or anything otherwise set forth herein, (i) the Committee reserves the right to assert that one or more of the Preserved Claims or any other potential claims against the Prepetition Secured Parties or their Representatives are not the subject of stipulations, admissions, agreements and releases of the Debtors contained in the Final DIP Order and (ii) the Debtors and the Prepetition Secured Parties reserve the right to object to or oppose any such assertion.

3.     Prepetition Secured Parties' Rights, Claims, and Defenses Preserved. This Stipulation and Agreed Order shall have no effect or bearing on any of the Prepetition Secured Parties' rights, claims, or defenses with respect to (i) any of the Preserved Claims or any other

potential claims against the Prepetition Secured Parties or their Representatives (the "***Potential Claims***") or (ii) contesting the Preserved Claims or the Potential Claims, including without limitation whether any of the Prepetition Liens are avoidable, which rights, claims, and defenses are preserved in all respects.

4.     <u>Adequate Protection</u>.  This Stipulation and Agreed Order shall have no effect or bearing on the scope of any liens or claims of the Prepetition Secured Parties with respect to the adequate protection liens or claims arising in connection with these Cases, all of which shall be governed by the Final DIP Order.

5.     <u>Debtor-in Possession Financing</u>.  This Stipulation and Agreed Order shall have no effect or bearing on the DIP Collateral, DIP Liens or the DIP Obligations, all of which shall be governed by the Final DIP Order.

6.     <u>DIP Order Otherwise Unmodified</u>. Except as expressly set forth herein, this Stipulation and Agreed Order shall not modify or have any effect upon the Final DIP Order. Notwithstanding anything to the contrary herein, this Stipulation and Agreed Order shall not extend the Challenge Period for any party other than the Committee.

7.     <u>Applicable Law</u>.  This Stipulation and Agreed Order shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of New York.

8.     <u>Entire Agreement</u>.  This Stipulation and Agreed Order constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation and Agreed Order cannot be amended except by an authorized agreement in writing between the Parties.

9. <u>Representations and Warranties</u>.  The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

10. <u>Construction</u>.  This Stipulation and Agreed Order shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and Agreed Order and all matters covered by it.

11. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and Agreed Order and the determination of any matters relating to or arising from this Stipulation and Agreed Order or the implementation thereof.

12. <u>Manner of Execution</u>.  This Stipulation and Agreed Order may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

Signed:  December 21, 2020

Marvin Isgur
United States Bankruptcy Judge

APPROVED AS TO FORM AND SUBSTANCE BY:


 */s/ Bradley Foxman*

Bill Wallander, Esq. (TX Bar No. 20780750)
Bradley Foxman, Esq. (TX Bar No. 24065243)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile:  (214) 999-7844
Email: bwallander@velaw.com
        bfoxman@velaw.com

*Counsel to the Prepetition FLFO Agents*

 */s/ Charles A. Beckham*
Charles A. Beckham, Jr., Esq. (TX Bar No. 02016600)
Martha Wyrick, Esq. (TX Bar No. 24101606)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile:  (713) 547-2600
Email: charles.beckham@haynesboone.com
        martha.wyrick@haynesboone.com

- and –

Kathleen M. LaManna, Esq. (admitted *pro hac vice*)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Facsimile:  (860) 251-5212
Email: klamanna@goodwin.com

*Counsel to the Prepetition FLTL Agent*

_/s/ Phillip Nelson_

Phillip W. Nelson, Esq. [(admitted _pro hac vice_)]
**HOLLAND & KNIGHT LLP**
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: (312) 263-3600
Facsimile:  (312) 578-6666
Email: Phillip.Nelson@hklaw.com

_Counsel to the Prepetition SLTL Agent_

*/s/ Alfredo R. Pérez*

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
          Clifford.Carlson@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Matt.Barr@weil.com
          Jessica.Liou@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

*/s/ Kenneth Pasquale*
Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**COLE SCHOTZ P.C.**
301 Commerce Street , Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile:  (817) 810-5255
Email: mwarner@coleschotz.com
          bwallen@coleschotz.com

- and –

**STROOCK & STROOCK & LAVAN LLP**
Kristopher M. Hansen, Esq. (admitted *pro hac vice)*
Kenneth Pasquale, Esq. (admitted *pro hac vice)*
Sherry J. Millman, Esq. (admitted *pro hac vice)*
Gabriel Sasson, Esq. [(admitted *pro hac vice*)]
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile:  (212) 806-6006
Email: khansen@stroock.com
          kpasquale@stroock.com
          smillman@stroock.com
          gsasson@stroock.com

*Counsel for the Official Committee of Unsecured Creditors*

## Annex A

### Unencumbered Oil and Gas Leasehold Interests

| | | |
|---|---|---|
| 1. OCS 01449 | 25. OCS 01611 | 49. OCS 05825 |
| 2. OCS 12210 | 26. SL 17860 | 50. SL 14520 |
| 3. OCS 27982 | 27. OCS 16727 | 51. OCS 00828 |
| 4. OCS 01608 | 28. OCS 21580 | 52. OCS 01028 |
| 5. OCS 10794 | 29. OCS 02388 | 53. OCS 01031 |
| 6. OCS 10933 | 30. OCS 27509 | 54. OCS 05560 |
| 7. OCS 02645 | 31. OCS 00590 | 55. OCS 16320 |
| 8. OCS 15277 | 32. OCS 24870 | 56. OCS 21106 |
| 9. OCS 24990 | 33. OCS 02646 | 57. OCS 01216 |
| 10. OCS 02392 | 34. OCS 13592 | 58. OCS 01612 |
| 11. OCS 02648 | 35. OCS 15156 | 59. OCS 06888 |
| 12. OCS 04473 | 36. OCS 02647 | 60. OCS 23829 |
| 13. OCS 11881 | 37. OCS 09478 | 61. OCS 01172 |
| 14. OCS 27070 | 38. OCS 14385 | 62. OCS 09514 |
| 15. OCS 20051 | 39. OCS 00196 | 63. OCS 02109 |
| 16. OCS 19760 | 40. OCS 00443 | 64. OCS 16535 |
| 17. SL 17675 | 41. OCS 22679 | 65. OCS 10930 |
| 18. OCS 15157 | 42. OCS 30654 | 66. SL 18287 |
| 19. OCS 31442 | 43. OCS 01580 | 67. OCS 02549 |
| 20. OCS 07760 | 44. OCS 02163 | 68. OCS 03520 |
| 21. OCS 02137 | 45. OCS 24154 | 69. OCS 01874 |
| 22. OCS 00697 | 46. OCS 02372 | 70. OCS 04243 |
| 23. OCS 23946 | 47. OCS 04081 | |
| 24. OCS 21176 | 48. OCS 27201 | |

**Annex B**

**Specified Accounts**

| Owner | Type of Account | Bank or Intermediary | Account Number |
|---|---|---|---|
| Fieldwood Energy LLC | Operating Account | Capital One | xxxxx2209 |
| Fieldwood Energy LLC | Revenue Account | Capital One | xxxxx4666 |
| Fieldwood Energy LLC | Flex Spending Account | Capital One | xxxxx2306 |
| Fieldwood Energy LLC | Operating Account | Capital One | xxxxx0534 |
| Fieldwood Energy Offshore LLC | Escrow Account | US Bank | xxxxx6000 |
| Fieldwood SD Offshore LLC | Escrow Account | J.P. Morgan | xxxxx5624 |
| SP 49 Pipeline LLC | Operating Account | Capital One | xxxxx4712 |
| Fieldwood Coöperatief U.A | Non-Operating Account | ABN Amro | xxxxx2097 |
| Fieldwood Coöperatief U.A | Non-Operating Account | ABN Amro | xxxxx9440 |
| FW Finco LLC | Operating Account | Deutsche Bank | xxxxx2558 |
| FW Finco LLC | Operating Account | Capital One | xxxxx1415 |