UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § § | **Case No. 20-33948 (MI)** |
| **Debtors.**[1] | § § | **(Jointly Administered)** |
| | § § | |

**LLOG EXPLORATION OFFSHORE, L.L.C.'S
MOTION FOR ADEQUATE PROTECTION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON FRIDAY, JANUARY 15, 2021 AT 9:00 AM IN COURTROOM 404, 515 RUSK, HOUSTON, TX 77002.**

**NOW COMES** LLOG Exploration Offshore, L.L.C. ("LLOG"), which respectfully files

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

277176v1

this Motion for Adequate Protection (the "Motion") pursuant to the provisions of 11 U.S.C. §§ 361 and 363, and Rule 9014 of the Federal Rules of Bankruptcy Procedure. Accordingly, LLOG states as follows:

## I. JURISDICTION

On August 3, 2020 and August 4, 2020 (referred to herein as the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

LLOG and Fieldwood Energy Offshore LLC ("Fieldwood"), as successor to Davis Offshore L.P. ("Davis"), are the current parties to that certain Offshore Operating Agreement dated December 12, 2002 (as ratified and amended, the "OOA") covering Green Canyon Block 157, Lease No. OCS-G 24154 ("GC 157"), and Green Canyon Block 201, Lease No. OCS-G 12210 (but limited to the northeast quarter of such block from the surface down to 17,000 feet true vertical depth subsea) ("GC 201," and collectively with GC 157, the "Contract Area").[2] Under the OOA, Fieldwood holds a 15% working interest in the Contract Area while LLOG holds the remaining 85% working interest.[3] LLOG is the recognized operator under the OOA and is the designated operator with the Bureau of Ocean Energy Management and the Bureau of Safety and

---

[2] A copy of the OOA is attached hereto as **Exhibit A**.
[3] *See* Ratification and First Amendment to Operating Agreement attached as **Exhibit B** at p. 1. Note that an affiliate of LLOG, namely LLOG Energy, LLC, actually holds a 1% working interest in GB 157, with LLOG owning 84%.

277176v1

Environmental Enforcement.

As part of a Farmout Agreement covering GC 201, Shell Offshore Inc. reserved an overriding royalty interest. Such overriding royalty interest was created by an Assignment and Conveyance of Overriding Royalty Interest dated effective October 1, 2008, by and between LLOG Exploration Offshore, Inc. and Davis, as Assignors, and Shell Offshore Inc. and Marathon Oil Company, as Assignees, covering GC 201 (as depth and aliquot restricted) (the "GC 201 ORRI"). Effective January 1, 2015, Shell Offshore Inc. sold and conveyed its portion of the GC 201 ORRI to Fieldwood in conjunction with other transactions. However, the OOA, dated and effective as of December 12, 2002, expressly provides that, "if subsequent to the execution of this Agreement, any Party should create an Overriding Royalty Interest, such subsequently created Overriding Royalty shall be made specifically subject to all the terms and provisions of this Agreement and shall be subordinate to the rights of the other Parties to this Agreement."[4]

Pursuant to the express terms of the OOA, LLOG, as Operator, is afforded certain security rights, not only in connection with both leases comprising the Contract Area, but also in the oil and gas produced therefrom. These security rights have been perfected as a matter of public record.[5]

Specifically, the OOA states that "[e]ach Non-Operating Party [i.e., Fieldwood] hereby

---

[4] *See* OOA Section 19.1.1, **Exhibit A**.

[5] These mortgage, lien, and security rights were perfected by the parties with an interest in the Contract Area by filing a Memorandum of Operating Agreement in the mortgage records of Terrebonne Parish on July 27, 2009 at File Number 1328132, Book 2201, Page 579; with a correction thereto being filed in the mortgage records of Terrebonne Parish on September 16, 2009 at File Number 1331665, Book 2215, Page 126; with a notice of re-inscription being filed in the mortgage records of Terrebonne Parish on April 8, 2014 at File Number 1450879, Book 2645, Page 470; and with an amendment and ratification thereto being filed in the mortgage records of Terrebonne Parish on February 3, 2015 at File Number 1473360, Book 2716, Page 268 (adding Fieldwood as a debtor). More importantly, companion filings were made in the Louisiana Uniform Commercial Code records of Terrebonne Parish on August 16, 2013 at UCC File Number 55-1434772, with an amendments and a continuation thereto filed on February 3, 2015 at UCC File Number 55-1473361, February 3, 2015 at UCC File Number 55-1473362, February 3, 2017 at UCC File Number 55-1473363 (adding Fieldwood as a debtor), February 3, 2015 at UCC File Number 5-1473364, and on February 20, 2018 at UCC File Number 55-1552263 (continuation).

grants to the Operator [i.e., LLOG] a mortgage, hypothec, and pledge of and over all of its rights, titles, and interest in and to (a) the Lease[s], (b) the oil and gas in, on, under, and that may be produced from the Lease[s] or included in the Contact Area, and (c) all other immovable property susceptible of mortgage situated with the Contact Area."[6] As set forth in the OOA, "this mortgage is given to secure the complete and timely performance of and payment by [Fieldwood] of all obligations and indebtedness of every kind and nature, whether now owed by [Fieldwood] or hereafter arising pursuant to this Agreement," and "shall secure the payment of all Costs and other charges properly charged to such Party."[7]

In addition, and more importantly, Fieldwood, as non-operator under the OOA, granted LLOG, as operator, "a continuing security interest in and to all of its rights, titles, interests, claims, general intangibles, proceeds, and the products thereof, whether now existing or hereinafter acquired," including "in and to (a) all oil and gas produced from the lands or offshore blocks covered by the Lease[s] or the Contract Area or attributable to the lease or the Contract Area when produced, . . . and  (c) **all cash and other proceeds from the sale of such oil and gas once produced** . . .."[8] Consequently, the proceeds of the GC 201 ORRI (the "GC 201 ORRI Proceeds") are cash collateral in which LLOG has a valid and perfected security interest.[9]

The Parties expressly agreed in the OOA that, "[i]f [Fieldwood] does not pay such Costs and other expenses, or perform its obligations under this Agreement when due, the Operator shall have the additional right to notify the purchaser or purchasers of the defaulting Non-Operating Party's share of Hydrocarbon production and collect such costs and other expenses out of the proceeds from the sale of the defaulting Non-Operating Party's share of Hydrocarbon production

---

[6] Section A(i) to Exhibit I to the OOA, **Exhibit A**.
[7] Section A(i) to Exhibit I to the OOA, **Exhibit A**.
[8] Section A(ii) of Exhibit I to the OOA (emphasis added), **Exhibit A**.
[9] *See* **Exhibit C**, demonstrating the Louisiana Secretary of State filing schedule for the security interest in question.

until the amount owed has been paid."[10]  The OOA provides that "[a]ny purchaser of such production shall be entitled to rely on the Operator's statement concerning the amount of Costs and other expense owed by the defaulting Non-Operating Party and payment made to the Operator by any purchaser shall be binding and conclusive as between such purchaser and such defaulting Non-Operating Party."[11]

On or about November 13, 2019, LLOG as Operator proposed a plugging and abandonment operation on several wells on the Contract Area.  The work was completed on or about February 28, 2020.  Under the OOA, Fieldwood is required to reimburse LLOG as Operator for the costs of joint operations "in proportion to its Participating Interest."[12]  Specifically in the case of an abandonment operation, the OOA provides that Fieldwood is required to bear its proportionate share of "the joint Cost, risk, and expense of" the abandonment well work.[13]  Accordingly, Fieldwood, as the non-operator and a 15% working interest owner in the Contract Area, is responsible for its proportionate share of joint interest billings ("JIBs") for the plugging and abandonment operation, in an amount totaling $902,490.92 (the "Outstanding P&A JIBs").

Prior to the Petition Date, and on a monthly basis from February 2020 through August 2020, LLOG invoiced Fieldwood for the Outstanding P&A JIBs.[14]  To date, Fieldwood's proportionate share remains unpaid, despite LLOG's repeated pre-petition requests for reimbursement pursuant to the express terms of the OOA.  In fact, LLOG formally placed Fieldwood in default under the OOA by letter dated May 18, 2020, and Fieldwood took no meaningful steps to rectify such default.[15]  However, Fieldwood continues to receive the cash

---

[10] Section A(i) of Exhibit I to the OOA, **Exhibit A**.
[11] Section A(i) of Exhibit I to the OOA, **Exhibit A**.
[12] *See* Article 6.1 of the OOA, **Exhibit A**.
[13] *See* Article 18.1 of the OOA, **Exhibit A**.
[14] See statement of the Outstanding P&A JIBs, attached hereto as **Exhibit D**.  All expenses on **Exhibit D** accrued prior to the Petition Date.
[15] See May 18, 2020 notice of default attached hereto as **Exhibit E**.

receipts from the sale of production attributable to the GC 201 ORRI.

### III.    RELIEF REQUESTED

LLOG respectfully requests adequate protection in the form of an order from this Court requiring Fieldwood to authorize the first purchaser of GC 201 production to withhold/escrow the GC 201 ORRI Proceeds in a segregated account during the pendency of these jointly administered bankruptcy cases so that proceeds to pay LLOG for the Outstanding P&A JIBs are available upon confirmation of a plan of reorganization or some other distribution event.[16]

### IV.    ARGUMENT AND AUTHORITY

While section 363(b) empowers this Court to permit the trustee to use property of the estate "other than in the ordinary course," section 363(e) provides that "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."[17]

Adequate protection is a flexible concept that requires the bankruptcy court to make decisions on a case-by-case basis.[18] "The focus of the requirement is to protect a secured creditor . . . from diminution in the value of its interest in collateral during the reorganization process."[19]

---

[16] LLOG has, simultaneously by separate filing, sought relief from the automatic stay so that it may proceed with exercising its rights under OOA to provide notice of Fieldwood's default to the first purchaser of production at the GC 201 and to work with the first purchaser so that such proceeds are available to pay LLOG for the Outstanding P&A JIBs upon confirmation of a plan of reorganization or through some other distribution event.

[17] 11 U.S.C.A. § 363(b)&(e); *see also Matter of Creel*, 214 B.R. 838, 842 (Bankr. E.D. La. 1997) (the bankruptcy court may consider the issue of adequate protection for a secured claim "at any stage of the bankruptcy proceeding at which the creditor claims that it is a relevant issue"); *In re Rutherford*, 329 B.R. 886, 892 (Bankr. N.D. Ga. 2005).

[18] *In re Energy Partners, Ltd.*, 409 B.R. 211, 236 (Bankr. S.D. Tex. 2009); *see also Matter of Royal d'Iberville Corp.*, 10 B.R. 37, 39 (Bankr. S.D. Miss.), *aff'd sub nom. Matter of Royal D'Iberville Corp.*, 12 B.R. 149 (S.D. Miss. 1981) ("Opinions as to what is adequate protection must be determined on a case-by-case basis and opinions will vary greatly from court-to-court because adequate protection is not defined in the Bankruptcy Code."); *In re Kowalsky*, 235 B.R. 590, 595 (Bankr. E.D. Tex. 1999) ("The determination of whether a creditor's interest is adequately protected is not an exact science nor does it involve a precise arithmetic computation.").

[19] *In re Energy Partners, Ltd.*, 409 B.R. at 236; *see also In re JCP Properties, Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015) ("The purpose of adequate protection is to guard the secured creditor's interest from a decline in the value of the collateralized property.").

The concept of adequate protection finds its basis in the constitutional protection of property interests and is "grounded in the belief that secured creditors should not be deprived of the benefit of their bargain."[20]

Here, Fieldwood continues to receive cash receipts from the sale of production at GC 201, and, as such, is using cash collateral in which LLOG has a secured interest - namely, the GC 201 ORRI Proceeds - without its consent.[21] Jurisprudence considering the nature of the overriding royalty interest has reasoned that its value is unique and often "speculative and uncertain."[22] Given the finite nature of oil and gas resources as well as other issues currently impacting the oil and gas industry, there is continuous (daily) decline in the value of LLOG's secured interests. Accordingly, LLOG is entitled to adequate protection under 11 U.S.C. § 363(e), and Fieldwood's utilization of the GC 201 ORRI Proceeds absent such protection violates 11 U.S.C. § 363(c).

The adequate protection relief requested is appropriate under the circumstances. LLOG has secured rights to the GC 201 ORRI Proceeds, and, under the clear terms of the OOA, the first purchaser of production at GC 201 is entitled to rely upon LLOG's representation of Fieldwood's default in escrowing or otherwise segregating the funds.[23]

---

[20] *In re Dispirito*, 371 B.R. 695 (Bankr. D.N.J. 2007); *see also In re Rutherford*, 329 B.R. at 892 ("The concept of 'adequate protection' enables the bankruptcy court to balance the right of a secured creditor to have the value of its interest in the collateral maintained during the pendency of a bankruptcy case against the need of the trustee or debtor-in-possession to use the property to effectuate a reorganization.").

[21] For purposes of this Motion, LLOG's focus is on protecting the GC 201 ORRI from diminution in value during the pendency of these jointly administered bankruptcy cases. However, LLOG's security interest is not limited to rights in the GC 201 ORRI, and nothing set forth herein should be construed as limiting LLOG's rights as a secured creditor affecting all of Fieldwood's rights in and to the Contract Area.

[22] *Weaver v. Florida Expl. Co.*, 608 So. 2d 1034, 1040 (La. App. 3 Cir. 1992) (reasoning that the value of an overriding royalty interest is "speculative and uncertain"); *see also Tidelands Royalty B Corp. v. Gulf Oil Corp.*, 804 F.2d 1344, 1352 (5th Cir. 1986) ("The royalty owner's interest is speculative: a hope that the grantor's own interest in securing production will, in fact, result in production from the tract burdened by the royalty."); *Norsul Oil & Min. Co. v. Texaco, Inc.,* 703 F. Supp. 1520, 1547 (S.D. Fla. 1988) ("[B]y its very nature, a royalty is dependent on the operator's decision that producing serves its own economic interest.").

[23] *See* Section A(i) of Exhibit I to the OOA, **Exhibit A** (providing that the first purchaser "is entitled to rely upon the Operator's statement regarding Costs and other expenses owed," and that payment from first purchaser to Operator "shall be binding and conclusive as between such purchaser and such defaulting Non-Operating Party").

**WHEREFORE**, for the reasons set forth above, LLOG respectfully requests adequate protection in the form of an order from this Court requiring Fieldwood to authorize the first purchase of GC 201 production to withhold/escrow the GC 201 ORRI Proceeds in a segregated account during the pendency of these jointly administered bankruptcy cases.

Dated: December 21, 2020.

        Respectfully Submitted,

        **LOOPER GOODWINE P.C.**

        */s/ Paul J. Goodwine*
        Paul J. Goodwine (La. Bar No. 23757)
        SDTX Federal ID No. 437800
        Lindsey M. Johnson (La. Bar No. 34610)
        SDTX Federal ID No. 2127344
        650 Poydras Street, Suite 2400
        New Orleans, Louisiana 70130
        Telephone: (504) 503-1500
        Facsimile:  (504) 503-1501
        Email: pgoodwine@loopergoodwine.com
        Email: ljohnson@loopergoodwine.com

        **Attorneys for LLOG Exploration Offshore, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2020, a true and correct copy of the foregoing document was served via this Court's CM/ECF system on all parties having consented to such electronic service in this case.

        */s/ Paul J. Goodwine*
        Paul J. Goodwine

277176v1

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 4001-1, the undersigned counsel conferred with counsel for Fieldwood on multiple occasions by telephone regarding the relief requested herein, including on November 17 and 18, 2020, as well as on December 10, 2020. Undersigned counsel again conferred with counsel for Fieldwood on December 15, 2020. Movant and opposing counsel have been unbale to reach an agreement on the requested relief.

*/s/ Paul J. Goodwine*
Paul J. Goodwine
