**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re | **Chapter 11** |
| **FIELDWOOD ENERGY LLC, *et al.*** [1] | **Case No. 20-33948 (MI)** |
| **Debtors.** | **(Jointly Administered)** |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (I) CLARIFYING DISCLOSURE OBLIGATIONS, (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS AND (III) RETAINING PRIME CLERK LLC AS INFORMATION AGENT EFFECTIVE AS OF SEPTEMBER 1, 2020**

Upon the *Motion of The Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying its Disclosure Obligations, (II) Approving Protocol for Providing Access to Information to Unsecured Creditors, and (III) Retaining Prime Clerk LLC as Information Agent, Effective as of September 1, 2020* (the "Motion")[2]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.     ~~Subject to paragraphs 3 through 9 hereof~~**The Committee shall establish the following protocol (the "Creditor Information Protocol")**, in full satisfaction of the Committee's obligations to provide access to information ~~for~~**to** the Debtors' **general** unsecured creditors in accordance with ~~section~~**sections** 1102(b)(3)(A) and (B) of the Bankruptcy Code~~, the Committee shall establish the following protocol (the "~~**.  For the avoidance of doubt, and notwithstanding the limitations and requirements on disclosure of information and documents by the Committee provided in this Order, nothing contained in this Order shall preclude any creditor from seeking relief at any time from the Court for an order requiring production of information or documents from the Committee, and the Committee reserves all rights to oppose any such request.**

2.     **The** Creditor Information Protocol~~")~~ **is as follows**:

A.     The Committee ~~will establish~~**has established** and, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these Chapter 11 Cases, ~~and~~**or** a further order of the Court~~,~~ **(the "Outside Date"), will** maintain a website (the "Committee Website") that will provide, without limitation:

i.     general information concerning the Debtors and significant parties in interest in these cases, the case docket, and access to filings;

ii.     contact information for the Debtors, the Debtors' counsel, the Committee's counsel, and any information hotlines that may be established;

iii.     the date, if set by the Court, by which unsecured creditors must file proofs of claim;

iv.     the voting deadline with respect to any chapter 11 plan filed in these cases;

v.      a calendar of upcoming significant events in these cases;

vi.     access to the claims docket established by the Debtors' claims and noticing agent;

vii.    the Debtors' monthly operating reports;

viii.   press releases (if any) issued by the Committee or the Debtors;

ix.     a forum to submit questions, comments and requests for access to additional information;

x.      responses to questions, comments and requests for access to information (to the extent provided by the Committee, in the exercise of its reasonable discretion); and

xi.     links to other relevant websites (e.g., the Debtors' corporate website and the website of the U.S. Trustee's Office).

B.     <u>E-Mail Address</u>. The Committee **has established and** will ~~also establish and~~ maintain**, through the Outside Date,** an electronic mail address for creditors to submit questions and comments.

C.     <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate ~~to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity")~~**(a) any information if the effect of disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or any other privilege possessed by the Committee ("Privileged Information"), or (b) any information the disclosure of which would violate any confidentiality agreements agreed to by the Committee, or the confidentiality provisions of the Committee's bylaws, (collectively, the "Confidential Information") to any entity[3]** without further order of the Court~~, Confidential Information. In addition, the~~**.**

D.     **The** Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

E.     ~~D.~~ <u>Information Obtained Through Discovery</u>. Any information received (formally or informally) by the Committee ~~Parties~~**, its**

---

[3]  **All references to "Entity" herein shall be as defined in section 101(15) of the Bankruptcy Code.**

**members and, in each case, their respective agents, representatives, affiliates, partners, employees, officers, directors, managers, members, counsel and financial and other advisors (collectively, the "Committee Parties")** from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. ~~Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.~~

**F.**     ~~E.~~ Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons **part or all of** the Information Request ~~cannot~~**will not** be complied with.

**G.**     If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information ~~that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome~~, the Requesting Creditor may~~, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and a hearing on such motion shall be noticed and scheduled~~ **seek an Order of the Court compelling production of the Confidential Information, on notice and an opportunity for hearing**.

**H.**     ~~F.~~ Release of Confidential Information of **Debtors or** Third Parties. If ~~the~~**an** Information Request implicates Confidential Information of the Debtors ~~(or any other Entity)~~ and the Committee **nevertheless** agrees that such request should be satisfied, or if the Committee ~~on its own wishes to disclose such~~**independently determines that certain** Confidential Information **should be disclosed** to creditors, the Committee ~~may demand~~**shall then request** (the "Demand") **that the Confidential Information be**

**disclosed** for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors **or the respective Entity**, stating that such information will be disclosed in the manner described in the Demand unless the Debtors **or respective Entity** object**, in a writing to the Committee's counsel,** to such Demand on or before ten (10) days after the ~~service~~**issuance** of such Demand; and, after the ~~lodging~~**issuing** of such an objection, the Committee, ~~the Requesting Creditor, and the Debtors may schedule~~ **may, by motion, seek** a hearing ~~with~~**before** the Court seeking a ruling with respect to the Demand ~~and (ii) if the~~**. Notwithstanding the procedures set forth in this paragraph H with respect to the Committee, a Requesting Creditor may seek relief from the Court with respect to the disclosure of such** Confidential Information ~~is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors, may schedule a hearing with the Court seeking a ruling with respect to the Demand. To the extent, however, the Committee has agreed to receive certain information pursuant to a written confidentiality agreement, and the terms of such confidentiality agreement are more restrictive than this paragraph, the terms of the confidentiality agreement shall govern.~~**at any time, on notice and an opportunity for hearing.**

      **3.** ~~2.~~ The Committee Parties shall be deemed to be in compliance with ~~sections~~**section** 1102(b)(3) ~~and 1103(c)~~ of the Bankruptcy Code by implementing the Creditor Information Protocol **and by complying with the provisions of this Order**.

      ~~3.     The Committee Parties shall not be required to disseminate to any creditor or any creditor's representative: (a) without further order of the Court, any Confidential Information; or (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.~~

4. ~~Any documents, information or other materials designated by the Debtors as confidential shall be treated as "Confidential Information" for purposes of this Order; provided, however, that nothing in this Order affects or shall be deemed to affect the Committee's ability to dispute any designation of information as "Confidential Information."~~

**4.** ~~5.~~ The Committee's counsel is hereby authorized, **consistent with the terms of this Order and, further,** in its reasonable discretion, to communicate **on behalf of the Committee** with the Debtors' general unsecured creditors and/or respond to their ~~information requests~~**Information Requests**, submitted by email or otherwise~~, on behalf of the Committee. Notwithstanding any possible construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its individual members, and its counsel and other advisors shall not be required or obligated to disseminate any Confidential Information~~.

~~6.     The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as along as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; provided, however, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.~~

~~7.     Nothing in this Order requires the Committee to provide access to information or solicit comments from any entity or person that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.~~

~~8.     For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties~~

~~addressing the confidentiality or handling of any information, including the confidentiality section of the Committee's bylaws, whether such agreements are entered into before or after the entry of this Order.~~

**5.** ~~9.~~ The Committee is authorized to employ and retain Prime Clerk LLC ("Prime Clerk") as its Information Agent, subject to the terms of the Engagement Agreement and the terms and conditions set forth herein, effective as of September 1, 2020.  Any costs, expenses, or fees charged by Prime Clerk on account of its services as Information Agent will be included among the invoices submitted by Prime Clerk to the Debtors pursuant to the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims, Noticing, and Solicitation Agent* [Docket No. 19] and shall be paid according to the procedures therein.

**6.** ~~10.~~ Prime Clerk is authorized to establish and maintain the Committee Website and provide technology and communications-related services, as set forth in the Engagement Agreement.  **Prime Clerk shall directly address all issues with respect to the Committee Website with the Committee's professionals and shall not take direction from the Debtors with respect thereto.**

**7.** ~~11.~~ The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

**8.** ~~12.~~ Any inconsistency between the Motion, the Engagement Agreement and the Order shall be controlled by the Order.

**9.** ~~13.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

Date: ~~October~~**December** ____, 2020

_____

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare 9.5 on Monday, December 21, 2020
3:34:50 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DM/NY/78325751/1 |
| Description | #78325751v1<NY> - FWE - 1102 Disclosure Revised Order |
| Document 2 ID | interwovenSite://DM/NY/78325751/7 |
| Description | #78325751v7<NY> - FWE - 1102 Disclosure Revised Order |
| Rendering set | Stroock-strikethru(color) |

| Legend: | |
|---|---|
| **Insertion** | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 57 |
| Deletions | 48 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 105 |