IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | : | Case No. 20-33948 (MI) |
| Debtors. | : | (Jointly Administered) |

---

## LIMITED OBJECTION OF ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICA INSURANCE COMPANY TO DEBTORS' MOTION [ECF NO. 625] SEEKING ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company and Sirius America Insurance Company (collectively, the "Sureties"), by and through their undersigned counsel, hereby file this Limited Objection to Fieldwood Energy LLC and its affiliated debtors' (the "Debtors")[1] Motion [ECF No. 625] seeking an order extending the exclusive periods pursuant to 11 U.S.C. § 1121(d) (the "Extension Motion"). In support of the Extension Motion, Debtors contend that they have, among other things, "produced numerous documents in response to diligence requests from . . . the Debtors' surety providers . . . ." (Extension Motion, p. 11) and "are paying administrative expenses as they come due and will continue to do so." (Extension Motion, p. 13).

---

[1] The Debtors, each of which have filed a separate voluntary petition, are: Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Inc.; Fieldwood Energy Offshore LLC; Fieldwood Onshore LLC; Fieldwood SD Offshore LLC; Fieldwood Offshore LLC; FW GOM Pipeline, Inc.; GOM Shelf LLC; Bandon Oil and Gas GP, LLC; Bandon Oil and Gas, LP; Fieldwood Energy SP LLC; Galveston Bay Pipeline LLC; and Galveston Bay Processing LLC.

HB: 4835-7010-3765.1

Although the Sureties generally do not oppose this Court's granting of an extension of the exclusive periods under § 1121(d), the Sureties do disagree with the aforementioned assertions in the Extension Motion that appear to represent that the Sureties have received fully responsive documents to their document requests, and that the Debtors have been paying administrative expenses as they come due (*e.g.*, surety bond premiums).  Thus, the Sureties file this Limited Objection respectfully requesting that if the Court is inclined to extend the exclusive periods under § 1121(d), that it also include a provision in the Order: (1) requiring that Debtors provide documents that are fully responsive to the Sureties' document requests, unless specific objections are made to those requests, in which case the Sureties, if they choose, may present an application to the Court seeking to compel the production of the documents, (2) requiring that Debtors pay their outstanding surety bond premiums, and (3) noting that the acceptance of premiums by Sureties shall not constitute a waiver of any argument that Sureties might make at a later time in this bankruptcy that Debtors are not entitled to continue relying upon the Sureties' surety credit, at least not without adequate protection in addition to payment of the premiums.  In support of this Limited Objection, the Sureties state as follows:

1.      On August 3, 2020, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2.      The Sureties are interested parties in this action as they bonded certain oil and gas related obligations of the Debtors, including plugging and abandonment obligations. (**Exhibit A**, List of Surety Bonds Attached to Debtors' Surety Bond Program Motion at ECF No. 4).  Thus, the Sureties have standing to make this objection. 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any

issue in a case under this chapter."); Matter of Xenon Anesthesia of Tex. , P.L.L.C., 698 Fed. Appx. 793, 794 (5th Cir. 2017) ("The term 'party in interest' is not defined in the Bankruptcy Code . . . [but] generally means anyone who has a legally protected interest that could be affected by the bankruptcy case.") (citing Matter of FBN Food Services, Inc., 82 F.3d 1387, 1391 (7th Cir. 1996)) (internal quotation marks and citations omitted).

3. In the course of this bankruptcy, Sureties have served certain document requests on Debtors. Some of the documents requested by Sureties have been provided, and some have not. (**Exhibit B**, Document Requests to Debtors).

4. The most recent document request was served last week, and although Sureties do not expect that Debtors should have provided responsive documents to that request by this time, some of the earlier requests for documents have not been responded to and/or the response received was not sufficient for Sureties to determine whether such documents exist and whether they should be produced.

5. Specifically, Debtors have not provided to Sureties a full Third Party Reserve Report for YE'19 and MY'20. The Debtors state that they do not have a full Third Party Reserve Report, but do not specifically state whether there is no such report in existence, or whether they just do not have it in their possession.

6. Debtors have not provided an updated Decommissioning Trust Overview noting go-forward projections, and do not advise Sureties whether such document exists.

7. Debtors have not provided a list of the properties that have undergone plugging and abandonment remediation and specifically the amount of plugging and abandonment that has taken place at each property. Debtors respond to the request that the information is not "readily

available" but that is not a sufficient response and does not inform the Sureties whether such documents exist, where they are located and why Debtors deem them not "readily available."

8. Additionally, on August 4, 2020, the Debtors filed a Motion of Debtors for Interim and Final Orders to Continue the Surety Bond Program. [ECF No. 4] (the "Surety Bond Motion") (**Exhibit C**, Surety Bond Motion).

9. In the Surety Bond Motion the Debtors argued that "[f]ailing to provide, maintain, or timely replace their surety bonds may prevent the Debtors from undertaking essential functions related to their operations." (Surety Bond Motion, ¶ 29).

10. The Debtors advised the Court that certain surety bond premiums in the Surety Bond Program were scheduled to expire and renew within the next six months, and requested "authority, but not direction, to pay certain amounts in connection with the Surety Bond Obligations that the Debtors' believe are necessary to maintain the Surety Bond Program in the ordinary course of business." (Surety Bond Motion, ¶ 30).

11. The Debtors advised the Court that

> [C]ertain jurisdictions, including the federal government and states adjacent to the Gulf of Mexico, require the Debtors to maintain the Surety Bond Programs. Failure to maintain the Surety Bond Program in these jurisdictions could cause the revocation of approval for the Debtors' operations in the Gulf of Mexico, increased claims by certain governmental agencies against the Debtors, and make it needlessly onerous for the Debtors to continue their offshore oil and gas operations. Accordingly, it is critical that the Debtors have the authority to make all payments in connection with the Surety Bond Obligations, and to supplement, amend, extend, renew, or replace their surety bonds under the Surety Bond Program as needed.

(Surety Bond Motion, ¶ 34).

12. The Debtors stated that they "believe that payments made to maintain the . . . Surety Bond Program . . . fall within the ordinary course of business and are therefore authorized pursuant to section 363(c)(1) of the Bankruptcy Code." (Surety Bond Motion, ¶ 35).

13. The Debtors stated that "maintaining the . . . Surety Bond Program and honoring certain obligations arising thereunder, including undertaking renewals as they expire . . . are the type of ordinary-course transactions contemplated by section 363(c)(1). (Surety Bond Motion, ¶ 37).

14. Even if the transactions do not constitute ordinary course transactions, Debtors argued that the pre-petition and post-petition premiums were payable as administrative expenses pursuant to 11 U.S.C. § 503(b). (Surety Bond Motion, ¶ 38). Case law also supports the payment of surety bond premiums as administrative expenses. See, e.g., In re N.P. Min. Co., 124 B.R. 846, 848, 852 (Bankr. N.D. Ala. 1990), aff'd sub nom. Alabama Surface Min. Comm'n v. N.P. Min. Co., 142 B.R. 457 (N.D. Ala. 1991), rev'd on other grounds, In re N.P. Min. Co., Inc., 963 F.2d 1449 (11th Cir. 1992) (finding that premium payments for non-cancellable reclamation bonds constituted administrative expenses and expressly rejecting the argument that because they were non-cancellable somehow deemed them unnecessary to the preservation of the estate); see also In re MEI Diversified, Inc., 106 F.3d 829, 832 (8th Cir. 1997) (finding that insurance premiums which became due prior to the insured's filing for bankruptcy were payable as administrative expenses because the estate received the benefit of that insurance during the course of bankruptcy, and rejecting the argument that a post-petition act is necessary) (citing In re Gamma Fishing Co., 70 B.R. 949, 955 (Bankr. S.D. Cal. 1987)); In re Sharon Steel Corp., 161 B.R. 934, 937-38 (Bankr. W.D. Pa. 1994) (holding that insurance company was entitled to premiums even though there was no post-petition act because the estate continued to receive benefits under the policy).

15. In the Final Order entered on the Surety Bond Motion both the Debtors and Sureties expressly reserved all rights, claims and defenses with respect to the surety bonds and any applicable bankruptcy law. (**Exhibit D**, Final Order on Surety Bond Motion, ¶ 10).

HB: 4835-7010-3765.1

16.     Case law supports this Court's imposition of conditions on the granting of a motion to extend the exclusive period, including the payment of administrative expenses. <u>In re Grossinger's Associates</u>, 116 B.R. 34, 35 (Bankr. S.D.N.Y. 1990) (conditioning the extension of exclusivity period on payment by the debtor of administrative expenses).

17.     Accordingly, although the Sureties do not oppose the request by Debtors to extend the exclusive period, the Sureties do request that certain conditions be included in the Order granting the request.

WHEREFORE, Sureties hereby request that if the Court is inclined to grant the motion to extend the exclusive period, it should include a provision in the Order (1) requiring that Debtors respond to all of Sureties' document requests, unless specific objections are made to those requests, in which case Sureties may petition the Court to compel the production of those documents, (2) requiring that Debtors pay their outstanding surety bond premiums, (3) noting that the acceptance of premiums by Sureties shall not constitute a waiver of any argument Sureties might make at a later time in this bankruptcy that Debtors are not entitled to continue relying upon Sureties' surety credit, at least not without adequate protection in addition to the payment of premiums, and (4) granting Sureties such other and further relief to which they may be entitled.

Dated: December 22, 2020

        Respectfully submitted,

        HUSCH BLACKWELL LLP

        By:  */s/ Randall A. Rios*
            Randall A. Rios
            State Bar No. 16935865
            Timothy A. Million
            State Bar No. 24051055
            600 Travis, Suite 2350
            Houston, Texas  77002
            Tel:  713-525-6226
            Fax:  713-647-6884
            Email:  randy.rios@huschblackwell.com
            Email:  tim.million@huschblackwell.com

**CO-COUNSEL FOR ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICA INSURANCE COMPANY**

And

Armen Shahinian, Esq. (admitted *pro hac vice*)
(ashahinian@csglaw.com)
Scott A. Zuber, Esq. (admitted *pro hac vice*)
(szuber@csglaw.com)
Darren Grzyb, Esq. (admitted *pro hac vice*)
(dgrzyb@csglaw.com)
Terri Jane Freedman, Esq. (admitted *pro hac vice*)
(tfreedman@csglaw.com)

Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange New Jersey 07052

**ATTORNEYS FOR ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICA INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on December 22, 2020, a copy of this document was served by electronic service on all counsel of record via the Court's CM/ECF system.

*/s/ Randall A. Rios*
Randall A. Ríos
