IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § | (Jointly Administered) |

**JOINDER OF THE HANOVER INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, AND XL SPECIALTY INSURANCE COMPANY TO THE LIMITED OBJECTION OF ASPEN AMERICAN INSURANCE COMPANY, ET. AL. TO THE DEBTOR'S MOTION SEEKING ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS**

Hanover Insurance Company, Liberty Mutual Insurance Company, Travelers Casualty & Surety Company of America, and XL Specialty Insurance Company (collectively the "Sureties") file this their Joinder to the Limited Objection of Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius American Insurance Company (the "Limited Objection," ECF No. 686) to the Motion by the Debtors seeking an order extending the exclusivity periods pursuant to Section 1121(d) of the Bankruptcy Code (ECF No. 625). In support, the Sureties respectfully state as follows:

1. On August 3, 2020, the Debtors filled a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Recently, the Debtors have asked the Court for an order extending the exclusivity periods to file a plan and solicit votes. In making such a request, the Debtors, among other things, argue that an extension is appropriate because they are paying all administrative

---

[1] The Debtors, each of which have filed a separate voluntary petition, are: Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Inc.; Fieldwood Energy Offshore LLC; Fieldwood Onshore LLC; Fieldwood SD Offshore LLC; Fieldwood Offshore LLC; FW GOM Pipeline, Inc.; GOM Shelf LLC; Bandon Oil and Gas GP, LLC; Bandon Oil and Gas, LP; Fieldwood Energy SP LLC; Galveston Bay Pipeline LLC; and Galveston Bay Processing LLC.

expenses as they come due, which necessarily includes premiums on surety bonds. (ECF No. 625, ¶ 27). The Debtors, however, are not making such payments, and indeed, have taken the position that no premium payments will be made during the course of this bankruptcy, meaning they would get in excess of $1 billion of surety credit for free.

2.      Accordingly, the Sureties join the Limited Objection (ECF No. 686) and incorporate herein the arguments, exhibits, and authority provided in the Limited Objection. The Sureties also reserve all of their rights, claims, defenses, and remedies with respect to the request by the Debtors, as well as the Limited Objection, including the right to amend or supplement this Joinder, submit additional briefing, participate in any discovery or be heard in any hearing or trial related to request(s) of the Debtors or the Limited Objection. The Sureties further reserve any and all rights under any bond, contract, indemnity agreement, or applicable law.

3.      For the foregoing reasons, the Sureties respectfully request that if the Court is inclined to grant the motion to extend the exclusivity period(s), it should include a provision in the Order (1) requiring that Debtors respond to all of Sureties' document requests, unless specific objections are made to those requests, in which case Sureties may petition the Court to compel the production of those documents, (2) requiring that Debtors pay their outstanding surety bond premiums, (3) noting that the acceptance of premiums by Sureties shall not constitute a waiver of any argument Sureties might make at a later time in this bankruptcy that Debtors are not entitled to continue relying upon Sureties' surety credit, at least not without adequate protection in addition to the payment of premiums, and (4) granting Sureties such other and further relief to which they may be entitled.

Dated: December 22, 2020

Respectfully submitted,

**LANGLEY LLP**

*/s/ Brandon K. Bains*
State Bar No. 24050126
P.O. Box 94075
Southlake, TX  76092
Telephone: 214.722.7160
bbains@l-llp.com

**ATTORNEY FOR THE HANOVER INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, AND XL SPECIALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all parties receiving electronic notification in this case from the Court ECF system on this the 22nd of December 2020.

*/s/ Brandon K. Bains*
Brandon K. Bains

**JOINDER – LIMITED OBJECTION – EXCLUSIVITY**  Page 3