# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC., *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | Jointly Administered |

## JOINDER OF LEXON INSURANCE COMPANY AND ENDURANCE AMERICAN INSURANCE COMPANY TO THE LIMITED OBJECTION OF ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICA INSURANCE COMPANY TO DEBTORS' MOTION [DKT. NO. 625] SEEKING ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS PURSUANT TO § 1121(d) OF THE BANKRUPTCY CODE

Lexon Insurance Company and Endurance American Insurance Company (collectively, "Lexon"), by and through their undersigned counsel Harris Beach PLLC joins, (the "Joinder") in the Limited Objection (the "Limited Objection") [Dkt. No. 686] of Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company and Sirius America Insurance Company (the "Sureties") to Debtors' Motion [Dkt. No. 625] seeking entry of an Order extending the exclusive periods pursuant to § 1121(d) of the Bankruptcy Code ("Exclusivity Extension Motion"). In support of its Joinder, Lexon respectfully states as follows:

### BACKGROUND

1.  Lexon has not previously joined or filed a response to the Sureties' Limited Objection or the Exclusivity Extension Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

294335\4844-7168-0981\ v2

2. On August 3, 2020, Fieldwood Energy, LLC and its affiliated Debtors (the "Debtors"), each filed voluntary petitions for relief under Chapter 11 of Title XI of the United States Code utilizing a primary mailing address of 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

3. On August 4, 2020, this Court signed an Order for joint administration of all Debtors [Dkt. No. 17].

4. On August 4, 2020, Debtors filed a motion (the "SBP Motion") to continue a surety bond program ("SBP") [Dkt. No. 4].

5. Debtors SBP Motion sought interim and final Orders (i) authorizing, but not directing the Debtors to continue their SBP in accordance with their policies and Indemnity Agreements, and to continue to perform their obligations with respect thereto during these Chapter 11 cases and pay certain pre-petition obligations arising under the SBP.

6. This Court approved Debtors' SBP Motion by Interim Order [Dkt. No. 152] and Final Order [Dkt. No. 340].

7. In the SBP Motion, Debtors acknowledged that certain surety bonds were scheduled to expire and would need to be renewed during the initial six (6) months post-petition. Debtors indicated the renewals would amount to approximately $10,400,000 of premiums. Debtors sought authority, but not direction, to pay certain amounts in connection with the surety bond obligations that the Debtors believed to be necessary to maintain the SBP.

8. It is Lexon's position and it respectfully represents that these premiums were and are actual and necessary administrative expenses pursuant to 11 U.S.C. § 503(b)(1).

9. Upon information and belief, Debtors are not paying all bond premiums as they become due post-petition. This situation may force the Sureties, including Lexon, to file relief from the automatic stay to enforce their rights.

10. At various times during the pendency of the bankruptcy case, various sureties have served document requests upon the Debtors. It is Lexon's and the Sureties' position that some of the documents requested have not been provided, or that the Debtors' responses have been less than complete. *See* Sureties' Limited Objection [Dkt. No. 686] at paragraphs 3-7.

## ARGUMENT

11. Section 1121(d)(1) of the Bankruptcy Code permits a Court to extend the Debtors' exclusivity "for cause".

12. Although the Bankruptcy Code does not define the term "cause", many courts have utilized a certain number of factors in determining whether cause exists to extend the exclusivity periods.

13. One of the factors Courts have relied upon is whether the Debtor is paying its bills as they become due. See *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

14. One of the other factors courts have used to determine the granting of an extension of exclusivity is the Debtors' progress or lack thereof in its negotiations with creditors. The Debtors' failure to provide full discovery responses is not progressing negotiations with business creditors that are absolutely necessary for the Debtors' future operations. The Debtors have also missed certain benchmarks such as filing a disclosure statement and plan that had originally been projected to be filed by October, 2020. There has been very little discussion with

the Sureties, including Lexon, as there has been no indication from the Debtors as to their plan going forward.

15. 11 U.S.C. § 105 provides Bankruptcy Courts with the authority to exercise extensive equitable powers the Bankruptcy Courts needs in order to be able to perform their statutory duties. *In re Caesars Entertainment Operating Company*, 808 F.3d 1186, 1188 (7th Cir. 2015).

16. Lexon joins the Limited Objection filed by the Sureties and does not oppose the Debtors' request to extend the exclusive period generally, but requests that certain conditions be included in the Order granting the request.

17. It is respectfully submitted that the Court has the authority to condition the granting of the extension of exclusivity within the guidelines as set forth above. Those conditions should be: 1) requiring that Debtors respond to all of the Sureties' document requests, unless specific objections are made to those requests, in which case Sureties may petition the Court to compel the production of those documents; 2) requiring the Debtors pay their outstanding surety bond premiums; 3) noting that the acceptance of premiums by Sureties, including Lexon, shall not constitute a waiver of any argument Sureties and Lexon might make at a later time in this bankruptcy that Debtors are not entitled to continue relying upon Surety credit, at least not without adequate protection in addition to the payment of premiums; and 4) granting Sureties and Lexon such other and further relief to which they may be entitled.

Dated:  December 22, 2020                    Respectfully submitted,

/s/ *Lee E. Woodard*
Lee E. Woodard, Esq. (admitted *pro hac vice*)
HARRIS BEACH PLLC
333 W. Washington Street, Suite 200
Syracuse, NY 13202

Tel.: (315) 423-7100
Email: bkemail@harrisbeach.com

*Attorneys for Lexon Insurance Company*