## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | Case No. 20-33948 (MI) |
|  | § |  |
| Debtors.[1] | § | (Jointly Administered) |
|  | § |  |

### U.S. SPECIALTY INSURANCE COMPANY'S AND HCC INTERNATIONAL INSURANCE COMPANY PLC'S JOINDER TO THE LIMITED OBJECTION OF ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICAN INSURANCE COMPANY TO DEBTORS' MOTION [ECF NO. 625] SEEKING ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

(Related to Docket Nos. 625 and 686)

U.S. Specialty Insurance Company ("**USSIC**") and HCC International Insurance Company Plc ("**HCCI**") (collectively, the "**Sureties**") hereby joins in the limited objection filed by Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company and Sirius American Insurance Company [Docket No. 686] (the "**Limited Objection**") to the *Debtors' Motion for Entry of an Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* [Docket No. 625] (the "**Extension Motion**").  In support of such, the Sureties respectfully state as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources, NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Filedwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9255); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 200 W. Same Houston Parkway S., Suite 1200, Houston, TX  77042.

91027869v.1

## JOINDER

1.      The Sureties hereby join and support the positions set forth in the Limited Objection and reserve all rights to be heard before the Court with regard to the Limited Objection. Furthermore, the Sureties adopt all of the arguments made in the Limited Objection and incorporates the Limited Objection and all of its exhibits into this joinder.

2.      As explained in the Limited Objection, if the Court is inclined to extend the exclusive periods under § 1121(d), that it also include a provision in the Order: (1) requiring that Debtors provide documents that are fully responsive to the Sureties' document requests, unless specific objections are made to those requests, in which case the Sureties, if they choose, may present an application to the Court seeking to compel the production of the documents, (2) requiring that Debtors pay their outstanding surety bond premiums, and (3) noting that the acceptance of premiums by the Sureties shall not constitute a waiver of any argument that the Sureties might make at a later time in this bankruptcy that Debtors are not entitled to continue relying upon the Sureties' surety credit, at least not without adequate protection in addition to payment of the premiums.

## RESERVATION OF RIGHTS

3.      This Joinder is without prejudice to, and the Sureties hereby fully reserve, their right to raise additional arguments in respect to the Extension Motion.

## CONCLUSION

4.      For the reasons set forth in the Limited Objection, the Sureties hereby respectfully joins the Limited Objection, and requests that if the Court is inclined to grant the motion to extend the exclusive period, it should include a provision in the Order (1) requiring that Debtors respond to all of the Sureties' document requests, unless specific objections are made to those requests, in which case the Sureties may petition the Court to compel the production of those documents, (2)

requiring that Debtors pay their outstanding surety bond premiums, (3) noting that the acceptance

of premiums by the Sureties shall not constitute a waiver of any argument the Sureties might make

at a later time in this bankruptcy that Debtors are not entitled to continue relying upon the Sureties'

surety credit, at least not without adequate protection in addition to the payment of premiums, and

(4) granting the Sureties such other and further relief to which they may be entitled..

Respectfully submitted,

*/s/ Philip G. Eisenberg*
**Philip G. Eisenberg**
  Texas Bar No. 24033923
**Elizabeth Guffy**
  Texas Bar No. 8592525
**Simon Mayer**
  Texas Bar No. 24060243
**Eric Boylan**
  Texas Bar No. 24105519
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone:  (713) 226-1200
Fax:  (713) 223-3717
peisenberg@lockelord.com
eguffy@lockelord.com
simon.mayer@lockelord.com
eric.boylan@lockelord.com

-and-

**Omer F. Kuebel, III**
  Federal Bar No. 32595
**Bradley C. Knapp**
  Texas Bar No. 24060101
**LOCKE LORD LLP**
601 Poydras St., Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Fax: (504) 558-5200
rkuebel@lockelord.com
bknapp@lockelord.com

*Attorneys for U.S. Specialty Insurance Company
and HCC International Insurance Company Plc*

<u>**Certificate of Service**</u>

      I certify that on December 22, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                        */s/ Simon R. Mayer*
                        Simon R. Mayer

91027869v.1