IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § § § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.,* | | Case No. 20-33948 (MI) |
| Debtors.[1] | | (Jointly Administered) |

## RLI INSURANCE COMPANY'S JOINDER TO THE LIMITED OBJECTION OF ASPEN AMERICAN INSURANCE COMPANY, ET. AL. [ECF NO. 686], TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE [ECF NO. 625]

RLI Insurance Company ("RLI" or "Surety"), through undersigned counsel, files this Joinder to the Limited Objection (ECF No. 686) of Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company and Sirius America Insurance Company ("Limited Objection") to Fieldwood Energy, LLC and its affiliated debtors' (the "Debtors") Motion (ECF No. 625) seeking an order extending the exclusive periods pursuant to 11 U.S.C. § 1121(d) (the "Extension Motion"). RLI hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, re: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

adopts the arguments, exhibits, authority, and requests in the Limited Objection, and further avers as follows:

1.      On August 3, 2020, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2.      On December 1, 2020, Debtors' filed the Extension Motion asking this Court for an order extending the exclusivity periods to file a plan and solicit votes. In support of the Extension Motion, Debtors contend that they have, among other things, "produced numerous documents in response to diligence requests from . . . the Debtors' surety providers" (Extension Motion, p. 11).

3.      In the course of this bankruptcy, RLI and its advisors have served certain document requests on Debtors and Debtors' advisors. While RLI has received some of the requested documents, many of the requests remain outstanding or only partially satisfied. For example, Debtors have not yet provided certain requested individual financial statements and organizational information for Debtors and affiliated entities, credit agreements and collateral documents, and information regarding asset-retirement obligations.[2]

4.      Debtors also contend in support of the Extension Motion that they "are paying administrative expenses as they come due and will continue to do so." (Extension Motion, p. 13). Additionally, in requesting permission to continue its surety bond program,

---

[2]    Debtors are in possession of the full list of documents currently requested by RLI. RLI reserves the right to request additional documents as additional information about Debtors' organization and plan of reorganization is revealed.

Debtors stated that they "believe that payments made to maintain the . . . Surety Bond Program . . . fall within the ordinary course of business and are therefore authorized pursuant to section 363(c)(1) of the Bankruptcy Code." (ECF No. 4, ¶ 35). Even if the transactions do not constitute ordinary course transactions, Debtors argued that the pre-petition and post-petition premiums were payable as administrative expenses pursuant to 11 U.S.C. § 503(b). (ECF No. 4, ¶ 38).

5.     Case law supports this Court's imposition of conditions on the granting of a motion to extend the exclusive period, including the payment of administrative expenses. *In re Grossinger's Associates*, 116 B.R. 34, 35 (Bankr. S.D.N.Y. 1990) (conditioning the extension of exclusivity period on payment by the debtor of administrative expenses).

6.     Accordingly, RLI respectfully requests that if the Court is inclined to extend the exclusive periods under § 1121(d), that it also include a provision in the Order: (1) requiring that Debtors provide documents that are fully responsive to RLI's document requests, unless specific objections are made to those requests, in which case RLI, if it chooses, may present an application to the Court seeking to compel the production of the documents, (2) requiring that Debtors pay their outstanding surety bond premiums, and (3) noting that the acceptance of premiums by RLI shall not constitute a waiver of any argument that RLI might make at a later time in this bankruptcy that Debtors are not entitled to continue relying upon RLI's surety credit, at least not without adequate protection in addition to payment of the premiums, and (4) granting RLI such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Ryan D. Dry*

| | |
|---|---|
| Elliot Scharfenberg (pro hac vice) | Ryan D. Dry – (TX Bar No. 24050532) |
| Jon Ord (pro hac vice) | (SDTX Bar No. 618363) |
| Krebs Farley & Dry, PLLC | Krebs Farley & Dry, PLLC |
| 400 Poydras Street, Suite 250 | 909 18th Street |
| New Orleans, LA 70130 | Plano, TX 75074 |
| Telephone: (504) 299-3570 | Telephone: (972) 737-2530 |
| Facsimile: (504) 299-3582 | Facsimile: (972) 737-2543 |
| Email: escharfenberg@krebsfarley.com | Email: rdry@krebsfarley.com |
| Email: jord@krebsfarley.com | |

and

Chad L. Schexnayder (pro hac vice)
Jennings Haug Cunningham
2800 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Telephone: (602) 234-7800
Facsimile: (602) 277-5595
Email: CLS@JHC.Law

*Counsel for RLI Insurance Company*

4