**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re** | * | **Chapter 11** |
| | * | |
| **FIELDWOOD ENERGY, LLC, et al** | * | **Case No. 20-33948 (MI)** |
| | * | |
| Debtors | * | (Jointly Administered) |

## REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

COMES NOW Creditor Core Industries, Inc. ("Core") and hereby respectfully moves the Court, pursuant to 11 U.S.C. § 503, for entry of an Order allowing payment of administrative expenses to Core for the actual and necessary costs of preserving the Estate in the above-styled bankruptcy proceeding. Core has provided both pre-petition and post-petition storage services to Debtor Fieldwood Energy, LLC ("Fieldwood"). (*See* Proof of Claim No. 79 and Claim 79-1.) The post-petition services have been provided by Core for the preservation of property of the Estate and are appropriate costs to be paid as an administrative expense. In further support, Core states:

1. On or about March 13, 2020, Core began providing, in the ordinary course of Fieldwood's business, storage services to Fieldwood. (Claim 79-1, 2.) Specifically, Fieldwood obtained Core's services to store a 280-ton reel and a flexible spool at a monthly cost of $3,362.50.

2. Core issued Fieldwood monthly invoices for these storage services on the thirtieth of each month. (Claim 79-1, 2-8.) Fieldwood has not paid on any invoices issued since April 30, 2020. (*Id.* at 1.)

3. The value of unpaid pre-petition services provided to Fieldwood totals $15,803.75. (Claim 79, 2.) As of November 30, 2020, the value of unpaid post-petition storage services, reflected in invoices issued to Fieldwood on September 30, 2020 and October 31, 2020, totals $6,725.00. (Claim 79-1, 1.)

1

4.      Core has continued to provide storage services despite Fieldwood's lack of payment, and Core requests the Court approve the payment of an administrative claim for preserving property of the Estate. Core respectfully requests the Court enter an order allowing for the payment of past due post-petition administrative expenses as well authorizing the payment of administrative payments at a rate of $3,362.50 per month so long as Core continues to provide such services.

5.      11 U.S.C. § 503(b) provides that, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . . including—(1)(A)the actual, necessary costs and expenses of preserving the estate . . . ." Bankruptcy courts in Texas, including this Court, have allowed administrative expense claims for storage of property of the Estate. *See In re Zaisan, Inc.*, 80 B.R. 832, 838 (Bank S.D. Tex. 1987) ("It is, therefore, the opinion of this Court that [creditor] would hold an allowed unsecured claim for the pre-petition charges in the sum of $3,200.00, but would hold an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A), for post-petition charges in the sum of $2,600.00."); *In re Imperial Beverage Group, LLC*, 457 B.R. 490, 501 (Bankr. N.D. Tex. 2011) (allowing administrative expense for post-petition stub rent period where debtor's property "remained in the Office during the stub rent period" because the "estate certainly benefitted from storing its property at the Office post-petition").

6.      Fieldwood's Estate has benefitted from the provision of storage services by Core post-petition. Therefore, Core is entitled to an administrative expense claim in the amount of the post-petition services already provided to Fieldwood (i.e., $6,725.00) as well as the amount of continued storage during the pendency of Fieldwood's bankruptcy proceeding.

WHEREFORE, Core respectfully requests the Court enter an order: (1) allowing payment of an administrative expense to Core in the amount of $6,725.00; (2) allowing payment of future

administrative expenses in the amount of $3,362.50 per month as such services are incurred so long as property of the Estate remains in Core's possession; and (3) granting Core any other relief the Court deems appropriate under the circumstances.

        Respectfully submitted,

        */s/ Richard M. Gaal*
        RICHARD M. GAAL
        rgaal@mcdowellknight.com
        Alabama Bar No.: ASB-3999-A58R
        Admitted Pro Hac Vice

        *Attorney for Core Industries, Inc.*

**OF COUNSEL:**

MCDOWELL KNIGHT
ROEDDER & SLEDGE, LLC
Post Office Box 350
Mobile, Alabama 36601
Telephone: (251) 432-5300
Fax: (251) 432-5303

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, I electronically filed the foregoing with the Clerk of the court using the CM-ECF system, which will send electronic notification of such filing to all registered users in this case.

        /s/ Richard M. Gaal
        RICHARD M. GAAL