IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

MOTION OF DEBTORS FOR ORDER AUTHORIZING
DEBTORS TO FILE RYAN LLC RETENTION APPLICATION UNDER SEAL

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

## Background

1.      Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

5.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**").[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dane Declaration.

**Jurisdiction**

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §
1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7.      By this Motion, pursuant to sections 105(a) and 107(b) of the Bankruptcy
Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, the Debtors request
(i) authority to file under seal and to redact certain information included in their *Application of
Debtors for Authority to Retain and Employ Ryan, LLC as Tax Consultant to the Debtors
Effective as of the Petition Date* (the "**Ryan Retention Application**") filed contemporaneously
herewith and (ii) related relief.

8.      The Debtors will provide, upon request, an unredacted copy of the Ryan
Retention Application to (i) the U.S. Trustee on a strictly confidential basis, and (ii) counsel for
the Creditors' Committee and counsel to the Ad Hoc Group of Secured Lenders on a strictly
confidential, "professional eyes only" basis.

9.      In support of this Motion, the Debtors submit the *Declaration of Jonathon
Travis in Support of Application of Debtors for Authority to Employ and Retain Ryan, LLC as
Tax Consultant to the Debtors Effective as of the Petition Date* (the "**Travis Declaration**"),
attached to the Ryan Retention Application as Exhibit B.

10.     A proposed form of order granting the relief requested herein is annexed
hereto as **Exhibit A** (the "**Proposed Order**").

**Ryan LLC Retention Application**

11.     On the date hereof, the Debtors filed the Ryan Retention Application,
which seeks authority to retain and employ Ryan, LLC ("**Ryan**") as a tax consultant.   As

explained in more detail in the Ryan Retention Application, Ryan specializes in minimizing the royalty liability of oil and gas companies, such as the Debtors.  In connection with those services, Ryan and the Debtors entered into an engagement letter setting forth the terms of Ryan's engagement, including the scope of services to be provided and terms for compensation.

12.     In addition, Ryan is currently a plaintiff in a lawsuit filed in Harris County District Court, State of Texas (the "**Texas Lawsuit**"), where it is alleged a direct competitor of Ryan improperly obtained Ryan's confidential and sensitive fee arrangements to solicit work from Ryan's clients at a lower cost.  Because of the potential harm to Ryan should its fee arrangement with the Debtors be disclosed publicly and the pending litigation, the Debtors seek authority to file the Ryan Retention Application under seal and to redact certain information relating to the fee arrangement (the "**Protected Information**").

## Relief Requested Should be Granted

13.     The Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm.  Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *In re Gen. Homes Corp.,* 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").  Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

14.     Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.  Bankruptcy Local Rule 9037-1 supplements Bankruptcy Rule 9018 in providing that "a motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

15.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application.  *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

16.     The Debtors submit that the Protected Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of

the Bankruptcy Code and Bankruptcy Rule 9018.  Commercial information is information which would result in "'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity seeking the protective order].'"  *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)).  Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code.  *See id.* at 568; *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").  Rather, section 107(b) of the Bankruptcy Code is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id.* (internal citations omitted).

17.     If the terms of Ryan's compensation were publicly disclosed, competitors could use the information to unfairly benefit by soliciting work from Ryan's clients at a lower cost.  Disclosure of the Protected Information would also put Ryan at a distinct competitive disadvantage by constraining its ability to negotiate fees in future engagements.  The Texas Lawsuit underscores the importance of keeping the Protected Information confidential.  In that lawsuit, Ryan alleges a direct competitor has used Ryan's confidential fee arrangements to solicit consulting work from Ryan's clients.  The consulting services involved in that lawsuit are the same services for which the Debtors seek to retain Ryan in this case.  Therefore, permitting the Debtors to file the Ryan Retention Application under seal would greatly reduce the risk that

6

competitors could use Ryan's fee arrangement with the Debtors to gain an unfair competitive advantage over Ryan.

18.     Courts in this district and others have authorized the filing of similar confidential information under seal.  *See, e.g.*, *In re Hexion Holdings LLC*, No. 19-10684 (KG), at 2 (Bankr. D. Del. June 7, 2019) (ECF No. 553) ("The Debtors are authorized to file the Fee Letters and the Notes Engagement Letter under seal and to redact information concerning the fees payable in the form of Notes Engagement Letter annexed to the Motion."); *In re Ultra Petroleum Corp.*, No. 16-32202 (MI), at 1 (Bankr. S.D. Tex. Feb. 13, 2017) (ECF No. 1125) ("The Debtors are authorized to file in redacted form or under seal the Exit Financing Agreements [including Fee Letters and the Engagement Letter] and Exit Financing Motion.").

19.     The Debtors fully acknowledge the paramount importance of the policy of open access to courts underlying section 107(a)—"[e]xcept as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).  In this spirit, the Debtors have narrowly tailored their request to redacting only information relating to Ryan's fee arrangement with the Debtors, and propose to share an unredacted copy of the Ryan Retention Application with the U.S. Trustee on a strictly confidential basis, and counsel for the Creditors' Committee and counsel to the Ad Hoc Group of Secured Lenders on a strictly confidential, "professional eyes only" basis.

### Notice

20.     Notice of this Application will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**No Previous Request**

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  December 30, 2020
       Houston, Texas

   */s/  Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Matt.Barr@weil.com
      Jessica.Liou@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on December 30, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


_/s/ Alfredo R. Pérez_
Alfredo R. Pérez