IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Xavi Flores, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims, noticing, and solicitation agent for the Debtors in the above-captioned chapter 11 cases.

On December 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on Blayne Frantzen, (MMLID: 11541431), at an address that is being redacted in the interest of privacy:

- Notice of Deadlines for Filing Proofs of Claims, a copy of which is attached hereto as **Exhibit A**

- Proof of Claim Form, customized to include the name and address of the party, a copy of which is attached hereto as **Exhibit B**

- Motion of the Official Committee of Unsecured Creditors For Entry of an Order (I) Clarifying its Disclosure Obligations, (II) Approving Protocol For Providing Access to Information to Unsecured Creditors and (III) Retaining Prime Clerk LLC as Information Agent, Effective as of September 1, 2020 [Docket No. 401] *(the "**Prime Clerk Retention Motion**")*

- Notice of Hearing Scheduled for December 14, 2020 at 2:00 PM (CT) [Docket No. 514]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

On December 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the Prime Clerk Retention Motion to be served via First Class Mail on Dexter Dickey, (MMLID: 11538650), at an address that is being redacted in the interest of privacy.

On December 22, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on Mark J. Richard, (MMLID: 11538998), at an address that is being redacted in the interest of privacy:

- Motion of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of NonResidential Real Property [Docket No. 626]

Dated: December 29, 2020

*/s/ Xavi Flores*
Xavi Flores

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on December 29, 2020, by Xavi Flores, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*/s/ JAMES A. MAPPLETHORPE*
Notary Public, State of New York
No. 01MA6370846
Qualified in New York County
Commission Expires February 12, 2022

# **Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 11 | |
| § | | |
| **FIELDWOOD ENERGY LLC,** *et al.*, § | Case No. 20-33948 (MI) | |
| § | | |
| Debtors.[1] § | (Jointly Administered) | |
| § | | |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**TO: ALL ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY DEBTOR(S) LISTED BELOW.**

**PLEASE TAKE NOTICE THAT:**

1. Commencing on August 3, 2020 (the "**Petition Date**"), Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Fieldwood Energy LLC | 46-1326778 | 20-33948 |
| Bandon Oil and Gas GP, LLC | 20-4839172 | 20-33955 |
| Bandon Oil and Gas, LP | 20-4839266 | 20-33956 |
| Dynamic Offshore Resources NS, LLC | 35-2190158 | 20-33947 |
| Fieldwood Energy Inc. | 46-1694991 | 20-33949 |
| Fieldwood Energy Offshore LLC | 26-1084494 | 20-33950 |
| Fieldwood Energy SP LLC | 16-1671971 | 20-33958 |
| Fieldwood Offshore LLC | 35-2492930 | 20-33961 |
| Fieldwood Onshore LLC | 47-0953489 | 20-33951 |
| Fieldwood SD Offshore LLC | 11-3758786 | 20-33952 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

| Galveston Bay Pipeline LLC | 76-0595703 | 20-33959 |
| --- | --- | --- |
| Galveston Bay Processing LLC | 76-0570422 | 20-33960 |
| GOM Shelf LLC | 76-0648107 | 20-33954 |
| FW GOM Pipeline, Inc. | 38-3718440 | 20-33953 |

### DEADLINE FOR FILING CLAIMS
### AGAINST ABOVE-REFERENCED DEBTORS:

2. Pursuant to an order of this Court entered on October 14, 2020 (Docket No. 466) (the "**Bar Date Order**"),[2] the deadline for creditors to file proofs of claim against any of the Debtors is **November 25, 2020 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**") and the deadline for governmental units to file proofs of claim against any of the Debtors is **February 1, 2021** (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**"). The Bar Dates apply to all claims against any of the Debtors that arose before the Petition Date, including, but not limited to, claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code;[3] *provided*, *however*, that the Bar Dates do not apply to the "Excluded Claims" listed in paragraph 4 below. The Bar Date Order also sets procedures to be used for filing proofs of claim, which are summarized in this notice for your convenience.

3. Unless you fall into one of the categories listed in paragraph 4 below, you MUST file a proof of claim if you have any claim against any of the Debtors that arose before the Petition Date. Acts or omissions that occurred before the Petition Date may give rise to claims subject to the Bar Dates even if the claims may not have become known or fixed or liquidated until after the Petition Date. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

4. The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Dates for the types of claims listed below in this paragraph 4 (collectively, the "**Excluded Claims**"). You should not file a proof of claim at this time for any Excluded Claim. The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. Excluded Claims include:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3] A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

2

97667865V.1

a. the Office of the United States Trustee for Region 7, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c. any person or entity (i)(x) whose claim is listed in the Debtors' Schedules or any amendments thereto, *and* (y) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee, or any other statutory committee pursuant to orders of this Court that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of such administrative claim(s);

e. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f. any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the *Final Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* (Docket No. 346);

g. Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor solely with respect to such equity security interest; provided that if any such holder also wishes to assert a claim against (as opposed to an equity security interest in) any Debtor, including, but not limited

3

to, a claim arising from the purchase or sale of a security of any Debtor or rescission under section 510 of the Bankruptcy Code, such holder must submit a Proof of Claim asserting such claim on or before the applicable Bar Date;

h. any Debtor asserting a claim against another Debtor; and

i. any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

5. **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

6. If the Debtors amend their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") after you receive this notice, the Debtors will give notice of that amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

7. The Bankruptcy Code provides that debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the General Bar Date or Government Bar Date, as applicable, or (b) thirty (30) days after entry and service of any order authorizing the rejection of the contract or lease.

**INSTRUCTIONS FOR FILING PROOFS OF CLAIM:**

8. If you file a proof of claim, your filed proof of claim must (i) be signed by the claimant or if the claimant is not an individual, by an authorized agent of the claimant, (ii) be written in English, (iii) include a claim amount denominated in United States dollars, (iv) conform substantially with the proof of claim form provided by the Debtors or Official Bankruptcy Form No. 410, and (v) state a claim against one or more of the Debtors. Furthermore, your proof of claim must be accompanied by supporting documentation and, if your claim assets a security interest in property of the Debtors, evidence that such security interest has been perfected. If you fail to include such supporting documentation or evidence, your proof of claim shall not constitute *prima facie* evidence of the validity and amount of such claim or validity of such security interest. If, however, such documentation or evidence is voluminous, upon prior written consent of the Debtors' counsel, your proof of claim may include a summary of such documentation or evidence, or an explanation as to why such documentation or evidence is not available.

9. The Debtors are enclosing a proof of claim form for use in these chapter

4

11 cases. Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as contingent, unliquidated or disputed. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. If you require additional proof of claim forms, you may obtain a proof of claim form from any bankruptcy court clerk's office, your lawyer, certain business supply stores, or by accessing the Debtors' bankruptcy administration website, at https://cases.primeclerk.com/fieldwoodenergy/.

10. Your proof of claim form must be filed so as to be RECEIVED on or before **November 25, 2020 at 5:00 p.m. (prevailing Central Time)**. You can file your proof(s) of claim (i) electronically through Prime Clerk, at https://cases.primeclerk.com/fieldwoodenergy/; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by mailing the original proof(s) of claim to Prime Clerk at the following address:

| **Prime Clerk:** |
| --- |
| Fieldwood Claims Processing Center<br>c/o Prime Clerk LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 |

*Prime Clerk will not accept a proof of claim sent by facsimile or e-mail, and any proof of claim submitted via facsimile or e-mail will be disregarded.*

**CONSEQUENCES OF MISSING DEADLINE FOR FILING CLAIMS**:

11. **EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH 4 ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTORS, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASES.**

**EXAMINATION OF BAR DATE ORDER AND SCHEDULES:**

12. Copies of the Bar Date Order, the Schedules, and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on the Debtors' bankruptcy administration website, at https://cases.primeclerk.com/fieldwoodenergy/, maintained by the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"). Copies of the Schedules and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday

through Friday, at the Office of the Clerk of the Court, 515 Rusk Avenue, Houston, TX 77002.

**QUESTIONS:**

12. Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting Prime Clerk's website at https://cases.primeclerk.com/fieldwoodenergy/. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Prime Clerk through email at fieldwoodinfo@primeclerk.com. Please note that neither Prime Clerk's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. Prime Clerk cannot advise you how to file, or whether you should file, a proof of claim.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

> **If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Prime Clerk, LLC at (855) 631-5346 (toll-free), +1 (917) 460-0913 (international), or by email at Fieldwoodinfo@primeclerk.com.**
> **You may also find our more information at https://cases.primeclerk.com/fieldwoodenergy.**

# **Exhibit B**

United States Bankruptcy Court, Southern District of Texas (Houston Division)

**Fill in this information to identify the case (Select only one Debtor per claim form):**

- ☐ Fieldwood Energy LLC (20-33948)
- ☐ Dynamic Offshore Resources NS, LLC (20-33947)
- ☐ Fieldwood Energy Inc. (20-33949)
- ☐ Fieldwood Energy Offshore LLC (20-33950)
- ☐ Fieldwood Onshore LLC (20-33951)
- ☐ Fieldwood SD Offshore LLC (20-33952)
- ☐ FW GOM Pipeline, Inc. (20-33953)
- ☐ GOM Shelf LLC (20-33954)
- ☐ Bandon Oil and Gas GP, LLC (20-33955)
- ☐ Bandon Oil and Gas, LP (20-33956)
- ☐ Fieldwood Energy SP LLC (20-33958)
- ☐ Galveston Bay Pipeline LLC (20-33959)
- ☐ Galveston Bay Processing LLC (20-33960)
- ☐ Fieldwood Offshore LLC (20-33961)

Modified Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
- ☐ No
- ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Contact phone _____
Contact email _____

Where should payments to the creditor be sent? (if different)

Name
Number    Street
City    State    ZIP Code

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
- ☐ No
- ☐ Yes.    Claim number on court claims registry (if known) _____
  Filed on ___/___/___
  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
- ☐ No
- ☐ Yes. Who made the earlier filing? _____

**Proof of Claim**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. **Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>❑ Motor vehicle<br>❑ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>❑ Fixed<br>❑ Variable |
| 10. **Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. **Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property: _____ |

Modified Official Form 410            **Proof of Claim**            page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:*<br><br>   ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>   ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>   ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>   ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>   ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>   ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.<br><br>* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
First name   Middle name   Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number   Street
_____
City   State   ZIP Code

Contact phone _____   Email _____

Modified Official Form 410   **Proof of Claim**   page 3

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                         12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.primeclerk.com/FieldwoodEnergy.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.
11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

Fieldwood Energy LLC Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.primeclerk.com/FieldwoodEnergy/EPOC-Index.

**Do not file these instructions with your form**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM SO AS TO BE ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE:**

**General Claims Bar Date (including claims pursuant to section 503(b)(9) of the Bankruptcy Code): November 25, 2020 at 5:00 p.m. (prevailing Central Time)**

**Governmental Bar Date: February 1, 2021 at 5:00 p.m. (prevailing Central Time)**

**Fieldwood Energy LLC Claims Processing Center**
**c/o Prime Clerk LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

If you have questions about this notice, please call (855) 631-5346 (US/Canada toll free) or (917) 460-0913 (International), email fieldwoodinfo@primeclerk.com or visit https://cases.primeclerk.com/fieldwoodenergy.

You may also submit your claim electronically by visiting https://cases.primeclerk.com/fieldwoodenergy/EPOC-Index.