IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC, et al.,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**MOTION OF MARATHON OIL COMPANY
TO ALLOW A LATE FILED PROOF OF CLAIM WITHOUT PENALTY
PURSUANT TO RULES 3003(c)(3) AND 9006(b)(1)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Holdings LLC (9264); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Marathon Oil Company ("Marathon"), by and through its undersigned counsel, hereby files its *Motion to Allow a Late Filed Proof of Claim Without Penalty Pursuant to Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure* (the "Motion") and in support thereof would state the following:

## I. RELIEF REQUESTED

1. Marathon seeks Court permission to file a late proof of claim without penalty because it did not receive timely notification of the Debtors' Claims Bar Date Order (defined below). Although Marathon was listed on the Debtors' consolidated Schedule G, it was not listed in the affidavit of service filed by the Debtors' claim agent. Most importantly, the Debtors have not filed a sale motion and only recently filed a plan and disclosure statement, and would not be prejudiced by allowing Marathon to file a late proof of claim.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. § 105(a) and Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## III. BACKGROUND FACTS

3. The Debtors filed their jointly administered chapter 11 bankruptcy cases on August 3 and 4, 2020 (the "Petition Date"). These cases were filed after a restructuring support agreement ("RSA") was executed on August 4, 2020 between the Debtors, certain of their first priority and second priority secured lenders, Apache Corporation, and its debtor-in-possession lenders.

4. The RSA outlined the Debtors' restructuring efforts and included the following deadlines to successfully prosecute these chapter 11 cases:

| Date | Deadlines |
|---|---|
| August 4, 2020 | File chapter 11 bankruptcy cases |
| September 17, 2020 | Final approval of DIP financing by Bankruptcy Court |
| October 17, 2020 | File (i) chapter 11 plan and disclosure statement and/or (ii) auction and sale procedures motion, at the discretion of lender |
| December 1, 2020 | Bid Deadline |
| December 11, 2020 | Auction |
| December 21, 2020 | Approval of any sale by Bankruptcy Court |
| December 31, 2020 | Approval of the disclosure statement by Bankruptcy Court |
| February 14, 2021 | Confirmation of the chapter 11 plan |
| March 1, 2021 | Effective date of the chapter 11 plan |

5. Apart from the Petition Date and the Final DIP Order[2], the Debtors have not met the remaining deadlines outlined in the RSA. The Debtors only filed a chapter 11 plan and disclosure statement on January 1, 2021 and no auction and sale procedures motion have been filed. Thus, the remaining deadlines have either passed without action or are currently unattainable under the schedule set forth in the RSA.

6. On October 13, 2020, the Debtors filed their consolidated schedules of assets and liabilities, and Marathon was listed as a counterparty on Schedule G to various agreements with two debtor entities.

7. On October 14, 2020, the Court entered an order[3] (the "Claims Bar Date Order") setting a deadline to file claims against the Debtors for November 25, 2020 at 5:00 p.m. (prevailing Central Time) (the "Claims Bar Date").

---

[2] The "Final DIP Order" is defined herein as the *Final Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* [Docket No. 346] entered by the Court on September 15, 2020.

[3] *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466].

8. On October 22, 2020, the Debtors' claims agent filed an affidavit of service[4] indicating that a copy of the Claims Bar Date Order, and its related attachments, were mailed on October 14, 2020. However, the addresses listed in the affidavit of service neither listed Marathon as a notice party nor its registered agent, CT Corporation.

## IV. BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 3003(c)(3) provides that, the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3) (2020). Bankruptcy Rule 9006(b)(1) further allows the Bar Date to be extended where the failure to timely act "was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1) (2020).

10. The Supreme Court established a four part test to assess whether a failure to act is "excusable": "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)

11. The Fifth Circuit has emphasized the importance of the first factor (i.e., prejudice to the debtor), and the "key consideration in evaluating [that factor] is whether allowing the late filing of a claim will have a material adverse effect on their reorganization." *In re Pilgrim's Pride Corp.,* 2011 WL 576070, at *4 (Bankr. N.D. Tex. Feb. 9, 2011) *citing Eagle Bus. Mfg. v. Rogers,* 62 F.3d 730, 737 (5th Cir. 1995).

12. In *Eagle Bus. Mfg.,* numerous creditors failed to file proofs of claims before the bar date and subsequently filed them approximately six to eight months after the bar date. *Id.* at 732.

---

[4] Affidavits of Service for Mailings for the Period from October 11, 2020 through October 17, 2020 [Docket No. 485-2].

After applying the four factors set forth in *Pioneer Inv. Servs.,* and finding that they weighed in favor of the claimants, the Fifth Circuit permitted the belated claims. *Id.* at 737-40. Likewise, in *Pilgrim's Pride,* the court permitted a creditor to file a late claim finding there would be no prejudice to the Debtors because they "paid their creditors 100% of the amounts of their allowed claims plus interest", there was only a ninth month delay in the filing of the claim and the creditor acted in good faith. *Pilgrim's Pride,* 2011 WL 576070 at *3.

13. Here, Marathon should be permitted to file a late claim because it satisfies each of the four factors set forth in *Pioneer Inv. Servs.,* as applied under current Fifth Circuit precedent. Allowing Marathon to file its late proof of claim will not prejudice the Debtors because a plan and disclosure statement was only very recently filed and no sale motion has been filed. Therefore, there is no cognizable impact on the Debtors' reorganization strategy if Marathon is permitted to file its late proof of claim this early in the reorganization process. The length of the delay will be minimal because only five weeks have passed since the Claims Bar Date.

14. The delay was caused by an oversight of the Debtors' claims agent in not sending the Claims Bar Date Order to either Marathon or its registered agent. Marathon is therefore neither responsible for the delay nor was the delay caused by circumstances within its reasonable control. Marathon therefore has acted in good faith by filing this Motion within a reasonable time after it became aware of the Claims Bar Date and, pending the Court's permission, will file its proof of claim within a reasonable amount of time and as soon as practicable.

15. As Marathon satisfied each of the four factors set forth in *Pioneer Inv. Servs,* it requests Court permission allowing its late proof of claim without penalty as requested herein.

Marathon respectfully requests that the Court enter an order permitting it to file a late filed proof of claim without penalty.

Dated: _____

                Respectfully submitted by,

                */s/M. Jermaine Watson*
                Clay M. Taylor
                Texas State Bar No. 24033261
                M. Jermaine Watson
                Texas State Bar No. 24063055
                J. Robertson Clarke
                Texas State Bar No. 24108098
                **BONDS ELLIS EPPICH SCHAFER JONES LLP**
                420 Throckmorton Street
                Suite 1000
                Fort Worth, Texas 76102
                (817) 405-6900 telephone
                (817) 405-6902 facsimile
                Email: Clay.Taylor@bondsellis.com
                Email: Jermaine.Watson@bondsellis.com
                Email: Robbie.Clarke@bondsellis.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 5, 2021, a copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

                */s/ M. Jermaine Watson*
                M. Jermaine Watson