IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.,* | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) <br> Re: ECF No. 684, 757 |

**DEBTORS' OBJECTION TO LLOG EXPLORATION OFFSHORE, L.L.C.'S
MOTION FOR ADEQUATE PROTECTION**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), submit this objection (the "**Objection**") to *LLOG Exploration Offshore, L.L.C.'s Motion for Adequate Protection* [ECF No. 684] (the "**Motion**") filed by LLOG Exploration Offshore, L.L.C. ("**LLOG**").

**Objection**

1. For the reasons set forth below and in the *Debtors' Objection to LLOG Exploration Offshore, L.L.C.'S Motion for Relief from the Automatic Stay* [ECF No. 757] (the "**Lift Stay Objection**"), which is incorporated by reference herein, LLOG is not entitled to any adequate protection. LLOG requests adequate protection in the form of an order from this Court requiring Fieldwood Energy Offshore LLC ("**Fieldwood**") to authorize the first purchaser of the GC 201 Lease[2] production to withhold/escrow the proceeds from the Debtors' interests in an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Lift Stay Objection.

overriding royalty interest (the "**Fieldwood ORRI**") in the GC 201 Lease that was conveyed by Shell to Fieldwood in 2015. However, as further detailed in the Lift Stay Objection, LLOG has not demonstrated that it is entitled to adequate protection because (i) LLOG has not demonstrated that it holds a valid lien and/or security interest in the ORRI Assets under the terms of the OOA, the ORRI Assignments, or the OOA Amendment, (ii) the express terms of the ORRI preclude LLOG from enforcing such lien to satisfy LLOG's claim, (iii) to the extent LLOG holds a valid lien in any of the Debtors' interests (whether their working interest or the ORRI Assets) in the GC 201 Lease, LLOG has not demonstrated that it properly perfected such security interests under Louisiana law, and (iv) even if LLOG can overcome each of the foregoing, LLOG has not demonstrated that a decline in the value of its collateral is either occurring or is threatened to occur.

A.   **Legal Standard**

2.   Section 363(e) of the bankruptcy code provides that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). LLOG bears the burden to establish the validity, priority, or extent of its interest in estate property. *See* 11 U.S.C. § 363(p)(2) ("the entity asserting an interest in property has the burden of proof on the issue of validity, priority, or extent of such interest"). This requirement ensures that a request for adequate protection is not merely pro forma but, instead, is supported by an adequate record and provides the debtor or other parties in interest with an opportunity to respond accordingly. *See also, e.g.*, *Waverly Textile*, 214 B.R. at 479 (Bankr. E.D. Va. 1997) ("[T]he language 'on request' in § 363(e) strongly suggests that a secured creditor is entitled to adequate protection only upon a motion and only prospectively from the time protection is

sought.") (citations omitted); *see also Matter of Cont'l Airlines, Inc.*, 146 B.R. 536, 539 (Bankr. D. Del. 1992), *subsequently aff'd sub nom. In re Cont'l Airlines*, 91 F.3d 553 (3d Cir. 1996) ("[A] secured creditor can only receive adequate protection to the extent the collateral declined in value after the secured creditor filed its motion for adequate protection."); *In re Best Prods. Co., Inc.*, 138 B.R. 155, 157 (Bankr. S.D.N.Y.), *aff'd sub nom. IBM Credit Corp. v. Best Prods. Co. (In re Best Prod. Co.)*, 149 B.R. 346 (S.D.N.Y. 1992).

3. "Exactly what constitutes adequate protection must be decided on a case-by-case basis...The focus of the requirement is to protect a secured creditor [] from diminution in the value of its interest in collateral during the reorganization process." *In re Energy Partners, Ltd.*, 409 B.R. 211, 236 (Bankr. S.D. Tex. 2009) (citations omitted). Specifically, "[s]ince 'value' is the linchpin of adequate protection, and since value is a function of many factual variables, it logically follows that adequate protection is a question of fact." *Id*.

**B.  LLOG Has Not Demonstrated that it Holds a Valid, Perfected Lien in the Fieldwood ORRI**

4. For the reasons set forth in the Lift Stay Objection, LLOG has failed to demonstrate that it holds a valid, perfected lien in any of the ORRI Assets. *See* Lift Stay Motion, ¶¶ 31-57. Without a valid, properly perfected security interest in the Fieldwood ORRI, LLOG is not entitled to adequate protection. *See, e.g., In matter of Shree Meldikrupa Inc.*, No. 15-41411-EJC, 2016 WL 235205, at *5 (Bankr. S.D. Ga. Jan. 15, 2016) (holding that creditor was not entitled to adequate protection where creditor held an unperfected security interest in debtor's cash and adopting majority of courts' holding "that only an entity with a *perfected* security interest in the subject collateral can have an "interest" in cash collateral within the meaning of § 363(a)"); *see also In re Wright Group*, 443 B.R. 795, 799 (Bankr. N. D. Ind. 2011) ("A predicate for the existence of 'cash collateral' under 11 U.S.C. § 363(a) is that a creditor have a perfected

3

security interest in property of the debtor's estate."); *Southtrust Bank of Sand Mountain v. Fricks (In re Fricks)*, 58 B.R. 883,885 (Bankr. N.D. Ala. 1986) ("[a]bsent a properly perfected security interest in after-acquired [property], proceeds from [such property] would not be property in which the estate and entity other than the estate have an interest, and, therefore the proceeds would not be subject to the limitations on use sought by the [creditor]"); 3 Collier on Bankruptcy 363.03[3], p. 363–29 (16th ed. 2013) ("Cash collateral also does not include cash to which the creditor's security interest has not attached or is not perfected."). Accordingly, the Motion should be denied.

C. **LLOG has Failed to Demonstrate that Adequate Protection is Necessary to Protect Its Alleged Interest in the Fieldwood ORRI**

5. Even if LLOG could demonstrate that it holds a valid, perfected security interest in the ORRI Assets (which the Debtors dispute), LLOG has not demonstrated that such interest has declined in value or is threatened to decline in value as a result of the existence of the automatic stay. *See In re JCP Properties, Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015) ("Typically, a creditor will show a property's decline in value by comparing the value of that property at the time of the bankruptcy petition against the value of the property at the time of the lift stay hearing.").

6. Indeed, to support its claim that it is entitled to adequate protection to protect its alleged interest in the ORRI Assets, LLOG relies solely on its assertion that "given the finite nature of oil and gas resources as well as other issues currently impacting the oil and gas industry, there is continuous (daily) decline in the value of LLOG's secured interests." However, LLOG offers no evidence for its claim that adequate protection is needed to protect its alleged interest and LLOG's generalized statement regarding the oil and gas industry is not sufficient to carry LLOG's burden of proof for adequate protection. Indeed, even if LLOG does

4

have a security interest in the ORRI Assets, the Debtors believe that there is an equity cushion in the Fieldwood ORRI such that LLOG's proposed form of adequate protection would be unnecessary to protect LLOG's alleged interest. *See Matter of Mendoza*, 111 F.3d 1264, 1272 (5th Cir. 1997) ("Case law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection.") (quoting *In re Kost,* 102 B.R. 829, 831 (Bankr. D. Wyo. 1989)).

## Conclusion

7. For the reasons set forth herein and in the Lift Stay Objection, the Debtors request that the Court deny the Motion.

Dated:  January 11, 2021
 Houston, Texas

 */s/  Alfredo R. Pérez*
 WEIL, GOTSHAL & MANGES LLP
 Alfredo R. Pérez (15776275)
 700 Louisiana Street, Suite 1700
 Houston, Texas 77002
 Telephone:  (713) 546-5000
 Facsimile:  (713) 224-9511
 Email: Alfredo.Perez@weil.com

 -and-

 WEIL, GOTSHAL & MANGES LLP
 Matthew S. Barr (admitted *pro hac vice*)
 Jessica Liou (admitted *pro hac vice*)
 767 Fifth Avenue
 New York, New York 10153
 Telephone:  (212) 310-8000
 Facsimile:  (212) 310-8007
 Email:   Matt.Barr@weil.com
 Jessica.Liou@weil.com

 *Attorneys for Debtors*
 *and Debtors in Possession*

**Certificate of Service**

I hereby certify that on January 11, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Alfredo R. Pérez
Alfredo R. Pérez