IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIELDWOOD ENERGY LLC, et al.,<br><br>Debtors, | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |
| FIELDWOOD ENERGY LLC,<br><br>Plaintiff,<br><br>V.<br><br>VALERO MARKETING AND SUPPLY COMPANY,<br><br>Defendant and Counter-Plaintiff. | Adversary No. 20-03497 |

**VALERO MARKETING AND SUPPLY COMPANY'S
ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Valero Marketing and Supply Company ("Valero"), as the Defendant, Counter-Plaintiff, and a Creditor, files this answer and counterclaim to the adversary complaint filed by Plaintiff and Debtor, Fieldwood Energy, LLC ("Fieldwood").

**CONSENT TO ENTRY OF FINAL JUDGMENT**

Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, Valero consents to entry of final order or judgments by this Court in connection with this adversary proceeding, including the Counterclaim, if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**ANSWER**

1. Valero admits that: (a) Exhibit 1 to Fieldwood adversary complaint is a correct copy of the

July 1, 2018 Purchase Contract; (b) Fieldwood delivered 195,000 barrels of oil to Valero in April of 2020; (c) Paragraph 1 correctly quotes a portion of the "Payment Terms" section of the Purchase Contract; (d) on May 15, 2020 Fieldwood invoiced Valero $3,090,564.29 for the 195,000 barrels of April oil; and (e) Valero has paid Fieldwood $988,020 for the April delivery. Valero denies that Exhibits 2 and 3 are complete or correct copies of what they purport to be, and it denies the remaining allegations in Paragraph 1.

2. Valero admits that Fieldwood failed to deliver oil to Valero in May of 2020. The remaining allegations in Paragraph 2 are denied.

3. Valero admits that Fieldwood has filed this adversary proceeding. Valero denies that Fieldwood is entitled to any recovery, and further denies any remaining allegations in Paragraph 3.

4. Valero lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 4 and therefore denies the same.

5. Admitted.

6. Valero admits that the Court has jurisdiction over this matter under 28 U.S.C. section 1334 and Federal Rule of Bankruptcy Procedure 7001(1) and (2). Valero admits that this is a core proceeding under 28 U.S.C. section 157(b). Valero admits that Fieldwood has consented to the entry of a final order or judgment by this Court.

7. Admitted.

8. Valero admits that the Purchase Contract calls for delivery of approximately 10,000 barrels of oil per day. Valero admits that, in order to be canceled, the Purchase Contract required at least 30 days of advance written notice. The remaining allegations in Paragraph 8 are denied.

9. Valero admits that Fieldwood delivered 195,000 barrels of crude oil to Valero in April of 2020.

Valero admits that Fieldwood sent invoice number FW-70-042020 on or about May 15, 2020, that the invoice amount is $3,090,564.29, and that a copy of the invoice is attached to the adversary complaint as Exhibit 4. Valero admits that it has paid $988,020.29 for the April oil. The remaining allegations in Paragraph 9 are denied.

10. Valero admits that the Covid-19 pandemic was occurring in April of 2020. The remaining allegations in Paragraph 10 are denied.

11. Denied.

12. Admitted.

13. Denied.

14. Valero admits that on May 14, 2020, it sent a demand for adequate assurance of performance to Fieldwood. Valero admits that Exhibit 5 to Fieldwood's adversary complaint is a copy of this letter. Valero admits that in its demand letter, it stated that the estimated damages for Valero's failure to deliver May oil was $2,102,544. The remaining allegations in Paragraph 14 are denied.

15. Valero admits that in its letter of May 14, 2020, Valero demanded that Fieldwood either needed to deposit funds or provide a standby letter of credit to secure Fieldwood's obligation under the Purchase Contract. The remaining allegations in Paragraph 15 are denied. Responding further, Valero denies that Exhibit 3 is a correct copy of the Conoco governing provisions.

16. Denied.

17. Valero admits it received the Fieldwood invoice (marked as Exhibit 4 to Fieldwood's adversary complaint) on or about May 15, 2020. Valero admits that it paid Valero $988,020.29 on or about May 20, 2020. Valero admits that it sent the letter marked as Exhibit 6 to Fieldwood's adversary complaint on June 1, 2020. Valero admits that the language quoted in this paragraph

comes from Exhibit 6. Valero denies the remaining allegations in Paragraph 17.

18. Valero admits that the Purchase Contract was a valid and enforcement agreement. Valero admits that Fieldwood delivered 195,000 barrels of crude oil to Valero in April of 2020. Valero admits that it paid $988,020.29 to Fieldwood. Valero denies the remaining allegations in Paragraph 18.

19. Valero admits that it sent a demand for adequate assurance on May 14, 2020 requesting Fieldwood to deposit funds or issue a standby letter of credit. Valero admits that Exhibit 5 is correct copy of the May 14, 2020 letter. The remaining allegations in this paragraph are denied. Responding further, Valero denies that Exhibit 3 is a correct copy of the Conoco governing provisions and denies any remaining allegations in this paragraph.

20. Valero admits that it asserts that Fieldwood breached the Purchase Contract for, among other reasons, failing to provide adequate assurance. The remaining allegations in Paragraph 20 are denied.

21. Valero denies that Fieldwood is entitled to a declaratory judgment and denies any remaining allegations in Paragraph 21.

22. Valero admits that its demand letter asserts estimated damages in the amount of $2,102,544 for Fieldwood's failure to deliver May oil. The remaining allegations in Paragraph 22 are denied.

23. Valero denies that Fieldwood is entitled to a declaratory judgment and denies any remaining allegations in Paragraph 23.

24. Valero admits that on November 25, 2020, Valero filed proof of claim No. 709 seeking $2,102,544 in secured damages and $1,016,056 in unsecured damages. Valero admits that the damages stem from Fieldwood's failure to deliver oil in May of 2020. The remaining

allegations in Paragraph 24 are denied.

25. Valero admits that on November 25, 2020, Valero filed proof of claim No. 709 seeking $2,102,544 in secured damages and $1,016,056 in unsecured damages. Valero admits that the damages stem from Fieldwood's failure to deliver oil in May of 2020. The remaining allegations in Paragraph 24 are denied.

26. Valero admits that the parties dispute the validity of Valero's claims. The remaining allegations in this paragraph are denied.

27. Valero admits that this Court is the appropriate authority to determine the validity, priority, and extent of Valero's proof of claim. The remaining allegations in this paragraph are denied.

28. Valero admits that Texas law governs the Purchase Contract. Valero admits that Fieldwood has made a demand on it under the Purchase Contract. Valero denies that Fieldwood is entitled to any attorney's fees, damages, or costs in this matter and further denies any remaining allegations in Paragraph 28.

Valero denies that Fieldwood is entitled to the relief that it seeks in the unnumbered paragraph entitled "Conclusion and Prayer." Valero also denies any statements contained in any other unnumbered paragraphs or headings, to the extent a response is required. Any of Fieldwood's allegations that are not specifically admitted herein, are denied.

## AFFIRMATIVE DEFENSES

1. Fieldwood fails to state a claim upon which relief may be granted.

2. Valero invokes its right to setoff pursuant to 11 U.S.C. §553.

3. Valero invokes its right to recoupment.

4. Fieldwood's claims for relief are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, and/or waiver.

5. Fieldwood is equitably and judicially estopped from bringing its claims.

6. Fieldwood's claims should be barred or reduced because it failed to mitigate its damages.

7. Fieldwood has failed to perform all conditions precedent that are necessary to assert its claims.

8. Valero further avers and asserts any and all affirmative defenses that are set forth in Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 8(c)(1) of the Federal Rules of Civil Procedure, to the extent applicable to the facts of this case.

9. Valero reserves the right to assert any and all additional affirmative defenses that may be ascertained during the course of discovery.

## COUNTERCLAIM

Valero asserts this counterclaim against Fieldwood under Rule 7013 of the Federal Rule of Bankruptcy Procedure.

### Jurisdiction & Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. section 1334, 11 U.S.C. §502 and Rules 7001(2) and 7013 of the Federal Rules of Bankruptcy Procedure.

### Factual Background

2. In June 2018, Valero and Fieldwood entered into the Purchase Contract (attached as Exhibit 1 to Fieldwood's Adversary Complaint). Under the Purchase Contract, Fieldwood agreed to provide crude oil on a month-to-month basis to Valero. The quantity to be delivered was approximately 10,000 barrels a day. The Contract required thirty (30) days prior written notice of cancellation.

3. On April 27, 2020, Fieldwood informed Valero that: "Due to conditions created by the COVID-19 epidemic and pursuant to Section E of the Conoco Inc.'s General Terms and Conditions…, Fieldwood hereby notifies Valero that Fieldwood is unable to perform its

obligations under the Contract due to an event of Force Majeure….." *See* Exhibit A to this document.

4. In response, on April 29, Valero rejected the alleged force majeure. *See* Exhibit B to this document.

5. On April 29, Fieldwood sent its notice of termination of the Purchase Contract, with a claim that the termination was effective as of May 30, 2020. *See* Exhibit C to this document.

6. On May 14, 2020, following Fieldwood's communications that it would not deliver any crude oil in May, Valero had reason to believe that Fieldwood's ability to perform its obligations and/or pay Valero for the damages caused by Fieldwood were impaired and unsatisfactory. Under the Purchase Contact, Valero exercised its demand that Fieldwood provide adequate assurance of performance. *See* Exhibit 5 to the Adversary Complaint. Fieldwood refused to provide the required adequate assurance.

## Cause of Action:  Breach of Contract

7. A valid contract existed between Valero and Fieldwood. Valero had performed, tendered performance, or was excused from performance under the Purchase Contract. Fieldwood breached the Purchase Contract when it failed to deliver crude oil for the entire month of May 2020, regardless of its meritless claim of force majeure. Fieldwood's breach caused damages to Valero, as set forth below.

8. The Purchase Contract is governed by Texas law. Therefore, and because this Contract involves the sale of goods, Article 2 of the Texas Business and Commerce Code is applicable.

9. For contracts in which "[a] term measures the quantity by the output of the seller…means such actual output…as may occur in good faith, except that no quantity unreasonably disproportionate to any stated estimate…may be tendered…." Tex. Bus. & Comm. Code § 2-306.

Here, the Contract required that Fieldwood would deliver a stated estimate of 10,000 barrels per day of crude. Fieldwood admits that it did not deliver *any* crude oil throughout May. Further, Fieldwood breached because it failed to deliver adequate assurance, as contractually required.

10. Under Article 2, when a seller fails to deliver or repudiates, the buyer has two options: (a) cover; or (b) recover damages for non-delivery as provided in Texas UCC section 2.713, which reads: "[T]he measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages…less expenses saved…."

11. Valero had no duty to cover, but instead had the option to recover damages for the market price as a result of non-delivery. "[C]over 'is not a mandatory remedy for the buyer.' That is, an aggrieved buyer need not minimize its damages by 'covering' and not doing so does not bar it from pursuing a market price damages theory…." *TXU Portfolio Mgmt. Co. v. FPL Energy, LLC*, 529 S.W.3d 472, 483 (Tex. App.—Dallas 2016, no pet.). The Contract formula at issue consists of three distinct pricing components:

   a. WTI Nymex during the month of delivery (this provides the flat price common to many contracts);

   b. The Thunder Horse Argus Differential attributable to the trade month (this is the differential as reported to and published by Argus corresponding to the month of delivery); and

   c. The Argus WTI Differential to CMA Nymex (this is a differential, published by Argus to account the difference in timing between the trade month and month of actual delivery). *See* Exhibit 1 to the Adversary Complaint.

12. Applying this formula, the invoice price Fieldwood would have remitted to Valero for payment of 310,000 barrels in May 2020, if Fieldwood had honored the Contract and delivered the 10,000 barrels per day, is calculated by Valero at $6,801,400.

13. Because Fieldwood failed to deliver, Valero is entitled to recover the difference between the contract price of $6.8 million and the market price. The market price of crude oil in May of 2020 was considerably higher than the contract price because of a generally rising oil market, and the fact that buying oil on the market on an immediate-need basis is more expensive than buying under a long-term contract. Upon information and belief, the market price of crude oil at Thunder Horse in May of 2020 was approximately $32 per barrel. Thus, the market price for the crude oil that Fieldwood failed to deliver was approximately $9,920,000 ($32 x 310,000). Therefore, Valero's damages for the failed delivery are $3,118,600 (the difference between the market price and the contract price).

14. Valero acknowledges that its damages must be offset by $2,102,544 for crude oil that Fieldwood did deliver in April of 2020, for which Valero has not yet paid. Thus, after setoff and/or recoupment, Fieldwood still owes Valero approximately $1,016,056, plus attorneys' fees, costs, and interest.

## Proof of Claim

15. On November 25, 2020, Valero filed Proof of Claim No. 709 in Cause No. 20-33948. United States Bankruptcy Court, Southern District of Texas. That proof of claim, and its supporting exhibits, are incorporated by reference, as if fully set forth herein.

## Attorney's Fees

16. Under the Purchase Contract and Texas Civil Practice and Remedies Code section 38, Valero is entitled to the attorney's fees it has and will incur in this matter.

## Conclusion and Prayer

For the reasons set forth above, Valero asks that the Court enter judgment against Fieldwood for the allowance of Proof Claim 709, including, without limitation, the right to setoff

9

its damages against the amounts, if any, Valero may owe to the Debtor under the Contract, Valero's actual damages, attorney's fees, costs, pre-judgment and post-judgment interest, and all other equitable or legal relief to which it is entitled.

Respectfully Submitted,

**FERNELIUS SIMON MACE ROBERTSON PERDUE PLLC**

/s/ Joel C. Simon
C. Robert Mace
State Bar No. 12771300
Southern District No. 1415
bmace@trialattorneytx.com
C. Brannon Robertson
State Bar No. 24002852
S.D. Tex No. 22131
brannon.robertson@trialattorneytx.com
Joel C. Simon
State Bar No. 24046850
joel.simon@trialattorneytx.com
4119 Montrose Blvd., Suite 500
Houston, Texas 77006
Telephone: 713-654-1200/ Fax: 713-654-4039

**DYKEMA GOSSETT PLLC**

By: /s/ Deborah D. Williamson
Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: 210.554.5500/ Facsimile: 210.226.8395

**ATTORNEYS FOR VALERO MARKETING AND SUPPLY COMPANY**

## **CERTIFICATE OF SERVICE**

I certify that on January 15, 2021, I served a true and correct copy of this document on all parties by electronic means.

        /s/ Joel C. Simon
        Joel C. Simon