# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

**IN RE: FIELDWOOD ENERGY, et al.**    **CASE NO. 20-33948 (MI)**

**CHAPTER 11**

United States Courts
Southern District of Texas
F I L E D

**JAN 22 2021**

## MOTION FOR RELIEF FROM AUTOMATIC STAY    David J. Bradley, Clerk of Court

Toys O'Neil, through undersigned counsel, respectfully moves the Court for an order under

11 U.S.C. § 362 lifting the automatic stay to allow him to liquidate his personal-injury tort claims

against Fieldwood Energy, LLC ("Fieldwood"), which are currently pending the United States

District Court for the Western District of Louisiana.

## BACKGROUND

On or about July 25, 2019, Mr. O'Neil was seriously and permanently injured while

working on a drilling platform owned and/or controlled by Fieldwood and other parties. On July

25, 2020, Mr. O'Neil sued Fieldwood and other defendants in the Western District of Louisiana

seeking damages arising out of these injuries. *See Toys O'Neil v. Fieldwood Energy, LLC, et al,*

No. 6:20-cv-912, WDLA.[1] Prior to filing its Answer or other responsive pleadings, Fieldwood

filed a "Suggestion of Bankruptcy" in the *O'Neil* suit, noting the bankruptcy filing and stating that

"the filing of a bankruptcy petition 'operates as a stay, applicable to all entities.'" Mr. O'Neil

respectfully request an order lifting the automatic stay and thereby allowing his personal-injury

claims against Fieldwood to proceed along with the other claims in the *O'Neil* action in the WDLA.

## DISCUSSION

The Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause."

11 U.S.C. § 362(d)(1). Although the Fifth Circuit has not adopted any specific standard for

determining whether "cause" exists, it has previously cited to the Fourth Circuit's analysis in *In re*

---

[1] The petition filed by Mr. O'Neil is attached as Exhibit 1.

*Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). *See In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008). In general, the Court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. More specifically, the Court should consider:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
>
> (3) whether the estate can be protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* Here, all of the *Robbins* factors suggest that the stay should be lifted.

First, the claims against Fieldwood in the *O'Neil* action are tort claims and do not require the expertise of the bankruptcy court and, second, allowing the claims against Fieldwood to proceed to judgment in District Court along with the related claims against other defendants involved in the same incident is by far the most efficient procedure. Separating Fieldwood from the *O'Neil* litigation and having the claims against it tried in a duplicative federal-court proceeding would be tremendously inefficient and would create a risk of inconsistent determinations in the two cases. Moreover, the claims against Fieldwood are "personal injury tort...claims"—non-core matters that may not be decided by this Court and would instead have to be "tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 11 U.S.C. § 157(b)(5).

Finally, Mr. O'Neil seeks only to prosecute his claims against Fieldwood to judgment in the District Court; he will not attempt to execute any judgment against Fieldwood outside of this Court, except as allowed by this Court. Ultimately, there is no prejudice to Fieldwood if the claims against are allowed to proceed in state court.

## CONCLUSION

For the reasons explained above, Mr. O'Neil respectfully requests that the Court enter an

order lifting the automatic stay and allowing them to liquidate their claims against Fieldwood in

*Toys O'Neil v. Fieldwood Energy, LLC, et al,* No. 6:20-cv-912, currently pending in the Western

District of Louisiana.

Respectfully submitted,

BROUSSARD & DAVID, LLC

Blake R. David, Bar No. 27427
Post Office Box 3524
557 Jefferson Street
Lafayette, Louisiana 70502
Phone: (337) 233-2323
Attorney for Movant,
Toys O'Neil

## CERTIFICATE

I certify that a copy of the foregoing pleading has been served upon the following counsel of record by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 21st day of January, 2021.

| **US Trustee**<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002 | Mr. James D. Bercaw<br>King & Jurgens<br>201 St. Charles Avenue, Ste. 4500<br>New Orleans, LA 70170-1034<br>Counsel for Fieldwood Energy, LLC |
| --- | --- |
| Mr. Alfredo R. Perez<br>Weil, Gotshal & Manges, LLP<br>700 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>Bankruptcy Attorney for Fieldwood Energy, LLC | Mr. Matthew S. Barr (admitted pro hac vice)<br>Jessica Liou (admitted pro hac vice)<br>767 Fifthy Avenue<br>New York, New York 10153<br>Bankruptcy Attorney for Fieldwood Energy, LLC |

**BLAKE R. DAVID**