IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**ORDER PURSUANT TO SECTIONS 105(a) AND 365
OF THE BANKRUPTCY CODE COMPELLING
PERFORMANCE OF EXECUTORY CONTRACTS**

Upon the *Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts* [ECF No. __] (the "**Motion**")[2] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365 of the Bankruptcy Code for an order to compel performance of the obligations of BP Exploration & Production Inc. ("**BP**") under the Production Handling Agreement ("**PHA**"), effective September 21, 2010 and last amended effective May 1, 2019, and the Galapagos Area Loop Subsea Production System Construction and Operating Agreement ("**LSPS OA**"), effective December 1, 2011 and last amended effective May 1, 2019, by and between certain of the Debtors and BP (collectively, the "**Agreements**"), all as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and effective as the date hereof, BP is ordered to perform under and comply with the terms of the Agreements, including, without limitation, BP's obligations under the Agreements to take the necessary steps to cause the Genovesa well to come online by April 5, 2021.

3. BP is ordered to allow the Debtors to perform all necessary steps to cause the Genovesa well to come online by April 5, 2021.

4. Nothing in this Order or the Motion shall be deemed to constitute assumption or rejection of the Agreements pursuant to section 365 of the Bankruptcy Code, all of which rights are preserved.

5. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor or enhance the status of any prepetition claim held by any party.

6. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

7. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all action necessary to carry out this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2021
      Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE