**Exhibit E**

**Debtors' Letter to BP, Dated January 24, 2021**

**Weil, Gotshal & Manges LLP**

200 Crescent Court, Suite 300
Dallas, TX 75201-6950
+1 214 746 7700 tel
+1 214 746 7777 fax

**Paul R. Genender**
+1 214 746 7877
Paul.Genender@weil.com

January 24, 2021

*Via E-Mail – Starlee.Sykes@bp.com*
BP Exploration & Production Inc.
200 Westlake Park Boulevard
Houston, Texas 77079
Attn.: Starlee Sykes

   Re:  January 20, 2021 Department of the Interior Order No. 3395 ("**Order**"), Lease OCS-G 27278 ("**Lease**"), and Genovesa Well ("**Genovesa**")

      *In re Fieldwood Energy LLC*, et al; Case No. 20-33948 (MI) pending in the United States Bankruptcy Court for the Southern District of Texas ("**Bankruptcy Case**")

Dear Ms. Sykes,

  As Fieldwood Energy LLC ("**Fieldwood**") raised in its November 3, 2020 letter to BP Exploration & Production Inc. ("**BP**"), no production or well operations have occurred on MC 519 under the Lease since April 5, 2020. Therefore, the Lease will expire on April 4, 2021 unless production is restored to Genovesa prior to that time or a Suspension of Production ("**SOP**") is authorized.

  Moreover, as Fieldwood shared with you on January 21, 2021, the Order (attached) suspends authority of anyone below the Assistant Secretary level to issue any offshore fossil fuel authorizations, including SOPs. Although SOPs may have previously been granted as a matter of course, given the Order and the new administration, there is no certainty that an SOP for MC 519 will be granted. While Fieldwood will take the actions necessary to request an SOP, there is nevertheless a real risk that an SOP will not be granted, meaning the Lease would expire unless Genovesa is online before April 4, 2021.

  It is in both BP and Fieldwood's economic interests to maintain the Lease and the best way to do so is to initiate production on Genovesa before April 4, 2021. As you are aware, Fieldwood has repeatedly provided BP with detailed plans and operations schedules for getting Genovesa online before April 4, 2021, including, most recently, plans for completing a single flow-line project on the Loop Subsea Production System ("**LSPS**") by the end of January 2021 or, at latest, early February 2021, which would have resulted in production on Genovesa beginning by the end of February 2021. Although that timeline is no longer possible now due to BP's actions and inactions, in order to begin production on Genovesa by April 4, 2021, and save the Lease, BP must act immediately and without further delay. As suggested by Fieldwood on multiple occasions, Fieldwood is ready, willing, and able to serve as operator of the single

**Weil, Gotshal & Manges LLP**

January 24, 2021
Page 2

flow-line project, which, if allowed by BP, would ensure that this project would be completed and Genovesa production would begin well before the expiration date of the Lease.

Unless BP acts immediately as described above, there is a significant risk that Genovesa will not be online by April 4, 2021, an SOP will not be granted, and the Lease will expire. That would not only result in BP losing its two prospects on the Lease, but it would also seriously injure Fieldwood's bankruptcy estates. Fieldwood, therefore, demands that BP will take prompt action to avoid the otherwise certain harm that will result to both Fieldwood's bankruptcy estates and BP's own interests. To be clear, unless BP confirms by January 26 at 5:00 p.m. Central Time that it will take the necessary steps to cause Genovesa to be online by April 4, 2021, Fieldwood will have no choice but to bring this matter to the attention of the Court in the Bankruptcy Case to seek immediate relief.

Fieldwood reserves all rights, and directs BP to preserve all evidence—both electronic (including text messages) and hard copy—related to the Genovesa well, including all of BP's communications with Shell concerning the Na Kika host or the Manuel well.

Time is of the essence to address this urgent situation. I look forward to a prompt response.

Sincerely,

Paul R. Genender

cc:  Stanley Lane *(BP In-House Counsel)*
  Thomas R. Lamme *(Fieldwood General Counsel)*
  Alfredo R. Pérez *(of the Firm)*
  Matthew S. Barr *(of the firm)*
  Erin M. Choi *(of the Firm)*

**<u>Attachment</u>**



THE SECRETARY OF THE INTERIOR
WASHINGTON

ORDER NO. 3395

**Subject:** Temporary Suspension of Delegated Authority.

Sec. 1. **Purpose.** This Order is made for the purpose of implementing a targeted and time-limited elevation of relevant decisions at the Department of the Interior (Department) for the purposes of reviewing the questions of fact, law, and policy they raise. This Order ensures that the Department continues its existing operations—including operations necessary for health, safety, and national security matters—consistent with all legal obligations and policy goals to uphold trust and treaty responsibility to tribal nations and to responsibly steward the Nation's public lands, waters, and resources for current and future generations.

Sec. 2. **Authority.** This Order is issued under the authority of Section 2 of Reorganization Plan No. 3 of 1950 (64 Stat. 1262) and is consistent with 200 DM 1.

Sec. 3. **Suspension of Authority.** The delegations of authority to Department Bureaus and Offices to take any of the following actions are hereby temporarily suspended, but may be approved by leadership identified in Section 4 of this Order:

   a. To publish, cause to be published, or aid in the publication of any notice in the Federal Register, including, but not limited to, notices of proposed or final agency action and actions taken in accordance with the National Environmental Policy Act;

   b. To issue, revise, or amend Resource Management Plans under the authority of Section 202 of the Federal Land Policy and Management Act, as amended;

   c. To grant rights of way, easements, or any conveyances of property or interests in property, including land sales or exchanges, or any notices to proceed under previous surface use authorizations that will authorize ground-disturbing activities;

   d. To approve plans of operation, or to amend existing plans of operation under the General Mining Law of 1872;

   e. To issue any final decision with respect to R.S. 2477 claims, including recordable disclaimers of interest;

   f. To appoint, hire, or promote personnel, or approve the appointment of any personnel, assigned to a position at or above the level of GS 13, but this does not apply to seasonal hires or emergency work force personnel;

g. To issue any onshore or offshore fossil fuel authorization, including but not limited to a lease, amendment to a lease, affirmative extension of a lease, contract, or other agreement, or permit to drill. This does not limit existing operations under valid leases. It also does not apply to authorizations necessary to: (1) avoid conditions that might pose a threat to human health, welfare, or safety; or (2) to avoid adverse impacts to public land or mineral resources.

Sec. 4. **Implementation**. Any and all delegations of authority to take the actions set out in Section 3 are temporarily suspended with respect to individuals other than a confirmed or Acting official in the following positions or a non-career official who has been delegated the authority to exercise the authority associated with the following positions under current law and regulations:

a. Secretary

b. Deputy Secretary

c. Solicitor

d. Assistant Secretary – Policy, Management and Budget

e. Assistant Secretary – Land and Minerals Management

f. Assistant Secretary – Water and Science

g. Assistant Secretary for Fish and Wildlife and Parks

h. Assistant Secretary – Indian Affairs

i. Assistant Secretary – Insular and International Affairs

Sec. 5. **Expiration Date**. This Order is effective immediately and will remain in effect for 60 days, or until any of its provisions are amended, superseded, or revoked.

Scott de la Vega
Acting Secretary of the Interior

Date: JAN 20 2021