IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | Re: ECF No. 792 |
| | § | |

### ORDER PURSUANT TO SECTIONS 105(a) AND 365 OF THE BANKRUPTCY CODE COMPELLING PERFORMANCE OF PRE-PETITION CONTRACTS

WHEREAS upon the *Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts* [ECF No. 792] (the "**Motion**")[2] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365 of the Bankruptcy Code for an order to compel performance of the obligations of BP Exploration & Production Inc. ("**BP**") under the Production Handling Agreement ("**PHA**"), effective September 21, 2010 and last amended effective May 1, 2019, and the Galapagos Area Loop Subsea Production System Construction and Operating Agreement ("**LSPS OA**"), effective December 1, 2011 and last amended effective May 1, 2019, by and between certain of the Debtors and BP (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

"**Agreements**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a contested evidentiary hearing on February 2, 2021 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and BP's objection having been overruled; and after due deliberation and sufficient cause appearing therefor, and

WHEREAS the Court made certain findings of fact and conclusions of law on the record at the Hearing, and such findings and conclusions are deemed to be incorporated into this Order in their entirety, including, but not limited to, the findings that BP is acting in bad faith under the Agreements, and has intentionally delayed taking the necessary actions in breach of their obligations to date,

WHEREAS the Court provided BP with the option to advise the Court by 8:00 a.m. on February 3, 2021 as to whether BP elected to have Fieldwood be the operator in connection with the Single Flowline Project, and BP has informed the Court and Fieldwood that it made such election.

**IT IS HEREBY ORDERED THAT:**

1. As a result of BP's election, Fieldwood is authorized to be the operator and take all necessary steps within its control to bring Genovesa online prior to April 5, 2021 and to prevent the Lease from expiring.

2. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and effective as of the date hereof, BP is ordered to perform all necessary steps to support and fully cooperate with Fieldwood's efforts to bring the Genovesa well online prior to April 5, 2021 and to prevent the Lease from expiring.

3. Performance must conform to all obligations imposed by any governmental agency with respect to the health, safety and welfare of workers and of the environment. Nothing in this Order compels BP or Fieldwood to violate any applicable safety protocols.

4. To the extent there are any inconsistencies between this Order and the Court's oral ruling at the Hearing, the Court's oral ruling controls.

5. Nothing in this Order or the Motion shall be deemed to constitute assumption or rejection of the Agreements pursuant to section 365 of the Bankruptcy Code, all of which rights are preserved.

6. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor or enhance the status of any prepetition claim held by any party.

7. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

8. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all action necessary to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2021

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE