IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| FIELDWOOD ENERGY LLC, e*t al.*, | § | |
| | § | Case No. 20-33948 (MI) |
| Debtors | § | |

**BRIAN CLOYD'S OBJECTION TO DISCLOSURE STATEMENT
FOR JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC
AND ITS AFFILIATED DEBTORS
[Relates to ECF 723]**

Brian Cloyd (Cloyd) files his objection (Objection) to the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Disclosure Statement) [Docket No. 723] filed by the Debtors and, in support, states as follows:

## I.   SUMMARY OF OBJECTION

1. Cloyd is a maritime tort claimant with claims pending against Debtors Fieldwood Energy LLC and Fieldwood Energy Offshore LLC in Civil Action No. 4:20-CV-04032 in the United States District Court for the Southern District of Texas, *Brian Cloyd v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy Offshore LLC, Shore Offshore Services, LLC and Oceaneering International, Inc.* (the Civil Court Case). These claims gave rise to a maritime tort lien against the Debtor's vessel, the D/B THOR, at the time of Cloyd's injury on or about October 28, 2020.

2. Currently, the Disclosure Statement does not provide adequate information regarding the administration of maritime liens; the adjudication of post-petition, pre-confirmation personal injury claims; and specific information regarding applicable insurance policies. Such information is necessary for claimants to make informed

judgments regarding the plan. As such, Cloyd respectfully submits this objection to the Disclosure Statement.

3.  Further, there are provisions under the Disclosure Statement that have not yet been disclosed, including a Liquidation Analysis, Valuation Analysis, and Financial Projections. *See* Disclosure Statement, Exs. I–K. Cloyd reserves his rights to object to these provisions when such provisions are supplemented.

## II.   FACTUAL BACKGROUND

4.  Cloyd filed his Original Petition in Cause No. 2020-74133 in the 11th Judicial District of Harris County, Texas (the State Court Case) on November 17, 2020—over three months after Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. *See* **Exhibit A**, Plaintiff's Original Petition.

5.  Cloyd brought suit against Debtors as a result of personal injuries he sustained on or about October 28, 2020, while serving as a member of the crew of the D/B THOR while it was deployed on navigable waters. *See id.* Cloyd brought claims of general maritime law for maritime negligence, negligence per se, gross negligence, unseaworthiness, and maintenance and cure. *See id.* Cloyd asserts damages for physical pain, mental anguish, physical impairment, medical and pharmaceutical expenses, and other damages, both past and future, as well as punitive damages and attorney's fees. *See id.*

6.  Debtors removed the State Court Case to federal district court on November 25, 2020, where Cloyd's claims are currently pending in the Civil Court Case. That same day, Debtors also filed a Notice of Suggestion of Bankruptcy to stay the Civil Court Case. After conferring with Cloyd's counsel on the post-petition nature of Cloyd's claims, on

December 15, 2020, Debtors withdrew the Notice of Suggestion and requested that the Court lift the stay. See **Exhibit B**, Debtors' Notice of Consent to Withdraw Bankruptcy Stay and to Re-Open Case.

7.     Debtors filed their Disclosure Statement and Plan on January 1, 2021. *See* Plan [Docket No. 722]; Disclosure Statement [Docket No. 723].

### III.   ARGUMENT AND AUTHORITIES

8.     Section 1125(b) of the Bankruptcy Code states that a proponent of a plan may not solicit acceptances or rejections of a proposed plan from holders of claims or interests unless the proposed plan is transmitted to the holders with "a written disclosure statement approved, after notice and hearing, by the court as containing *adequate information*." 11 U.S.C. § 1125(b) (emphasis added). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> . . . information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, *that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan*, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . .

*See* 11 U.S.C. § 1125(a)(1) (emphasis added). The Court has discretion to determine whether the Disclosure Statement contains adequate information under section 1125. *See In re Cajun Elec. Power Coop., Inc.*, 150 F.3d 503, 518 (5th Cir. 1998) (finding adequate information is a case-by-case determination left to judicial discretion); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988); *In re Devine Ripe, L.L.C.*,

554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2009). However, where a disclosure statement omits material information or misstates material facts, it fails to meet the standard of Section 1125(a) and should not be approved by the Court.

9. Here, the Disclosure Statement is unclear as to how Cloyd's maritime lien would be treated under the terms of the Plan. The Disclosure Statement does not specifically address maritime liens, but fully releases and discharges liens against any property of the estate. *See* Disclosure Statement, § 10.7(c). Cloyd is a maritime tort claimant that holds secured interests relevant to this proceeding. As a maritime tort lien claimant, Cloyd holds a maritime tort lien in Debtors' vessel, D/B THOR. A maritime tort lien is a special property right in a vessel or rig that arises by operation of law as a security for a claim. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986). A maritime tort lien arises and is perfected at the time of injury. *See Merchants Nat. Bank of Mobile v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1346 (5th Cir. 1981). "The perfection of a maritime lien does not require that a creditor record his lien, obtain possession of the vessel, or file a claim against the ship." *In re Muma Servs., Inc.*, 322 B.R. 541, 546 (Bankr. D. Del. 2005). Instead, the claim itself constitutes a lien and property right. *See Craddock v. M/Y The Golden Rule*, 110 F.Supp.3d 1267, 1276-77 (S.D. Fl. 2015). Additionally, maritime tort liens are ranked higher in priority than other classes of liens, including ship mortgages, contracted necessaries, and non-maritime liens that may be claimed in this proceeding. *See U.S. v. One (1) 254 Ft. Freightor, M/V Andoria*, 570 F. Supp. 413, 415 (E.D. La. 1983). To the extent the Plan would release liens held by post-petition, pre-confirmation maritime tort claimants, Cloyd objects.

10. The Disclosure Statement also fails to adequately address or provide for the adjudication of post-petition, pre-confirmation personal injury claims such as Cloyd's.

Rather, the terms of the Disclosure Statement broadly release and enjoin claims and causes of action arising on or before the Plan's effective date and narrowly define administrative claims. *See* Disclosure Statement, §§ 1.1, 10.7(b). Cloyd objects to the Disclosure Statement as it does not provide adequate information to make informed judgments regarding the Plan.

11. Similarly, the Disclosure Statement does not provide specific information concerning the nature and availability of insurance coverage, claims implicating that coverage, SIR and deductible requirements under such coverage, and the sufficiency of coverage. This information is significant for purposes of determining satisfaction of claims and interests at issue and necessary for claimants to make informed judgments regarding the Plan. As such, Cloyd further objects to the Disclosure Statement for failure to provide adequate information.

12. Finally, there are key provisions under the Disclosure Statement that have not yet been disclosed. These include the Liquidation Analysis, Valuation Analysis, and Financial Projections. *See* Disclosure Statement, Exs. I–K. Cloyd reserves his rights to object to these provisions when such provisions are supplemented. Cloyd also reserves his right to assert additional objections to the Disclosure Statement. And Cloyd further reserves his right to object to confirmation of the Plan on any and all grounds, and the fact that Cloyd did not raise certain objections to the Plan as part of this filing is not a waiver of any rights.

## V. PRAYER

WHEREFORE, Brian Cloyd respectfully requests the Court enter an order denying approval of the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* and grant Cloyd such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of February 2021.

        */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
Randy W. Williams
State Bar No. 21566850
Email: rwilliams@cstrial.com
Chelsea L. Schell
State Bar No. 24113410
Email: cschell@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEY FOR CREDITORS
BRIAN CLOYD**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 16th day of February 2021.

        */s/ Ryan E. Chapple*
Ryan E. Chapple