Case 20-33948   Document 884-1   Filed in TXSB on 02/16/21   Page 1 of 7

11/18/2020 6:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48232550
By: SIMONE MILLS
Filed: 11/18/2020 6:54 PM

CAUSE NO. 2020-73683

| | | |
|---|---|---|
| Lewis Andrews and Patrick Burnett, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc. | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Premier Offshore Catering, Inc., | § | |
| | § | |
| Defendants. | § | 164th JUDICIAL DISTRICT |

**Plaintiffs' First Amended Petition**

Plaintiffs Lewis Andrews and Patrick Burnett (hereinafter jointly referred to as "Plaintiffs") file this First Amended Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC and Premier Offshore Catering, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

**I.**

**Jurisdiction**

1.     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiffs now sue.

**II.**

**Venue**

1

**Exhibit A**

2. Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

### III.

### Discovery Level

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV.

### Parties

4. Plaintiffs are Mississippi residents.

5. Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6. Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7. Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.     Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9.     Defendant Premier Offshore Catering, Inc. ("Premier") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Carroll Angelle, 375 Technology Lane, Gray, LA 70359, or wherever she may be found.

**V.**

**Facts**

10.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.

11. During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.

12. Defendants are negligent and negligent per se for the following reasons:

    a. Failure to properly supervise their crew;

    b. Failure to properly train their employees;

    c. Failure to provide adequate safety equipment;

    d. Failure to provide Plaintiffs a safe working environment;

    e. Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

    f. Failure to timely and effective evacuate the vessel;

    g. Failure to provide adequate medical treatment;

    h. Operating the vessel with an inadequate crew;

    i. Failing to maintain safe mechanisms for work on the vessel;

    j. Failure to maintain, inspect, and/or repair the vessel's equipment;

    k. Operating the vessel in an unsafe and improper manner;

    l. Failure to have the vessel moored in a safe area;

    m. Vicariously liable for their employees' and agents' negligence;

    n. Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

    o. Other acts deemed negligent.

13. At all relevant times, the *D/B THOR* was unseaworthy.

14. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs

have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiffs seek punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

15. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions.

## VI.

## Jury Demand

16. Plaintiffs demand a trial by jury.

## VII.

## **Prayer**

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in

equity.

                                  Respectfully Submitted,

                                  ARNOLD & ITKIN LLP

                                  */s/ Kurt B. Arnold*
                                  _____
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit A**