IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF ORDER
(I) APPROVING DEBTORS' ENTRY INTO SUBLEASE
AMENDMENT AND (II) AUTHORIZING DEBTORS' ASSUMPTION OF SUBLEASE**

> **Emergency relief has been requested. A hearing on this matter is scheduled for Monday, February 22, 2021 at 2:30 pm Central Prevailing Time.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than February 25, 2021.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Fieldwood Energy LLC ("**Fieldwood**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Background

### A. General Background

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4. On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29).

6. On December 1, 2020, the Debtors filed the *Motion of Debtors For Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 626) and on December 30, 2020, the Court entered the *Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 712), extending the time the Debtors must assume or reject the leases pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code by 90 days, through and including March 1, 2021.

**B. Plan, Disclosure Statement, and Apache Definitive Documents**

7. On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (Docket No. 722) (the "**Plan**") and *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (Docket No. 723) (the "**Disclosure Statement**").

8. In connection with the Plan, the Debtors, the Consenting Creditors (as defined in the Plan), and Apache Corporation ("**Apache**") have negotiated substantially final forms of the definitive documents implementing the transactions contemplated by or relating to the Apache Term Sheet (the "**Apache Definitive Documents**"). The documents comprising the Apache Definitive Documents are attached to that certain Apache Term Sheet Implementation Agreement, dated January 1, 2021, by and between Fieldwood and GOM Shelf LLC, on one hand, and Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, and Apache Shelf Exploration LLC, on the other (the "**Implementation Agreement**"), a copy of which is attached to the Disclosure Statement as Exhibit G. As further described below, the Apache Definitive Documents include, in relevant part, that certain Fourth Amendment to Sublease Agreement (the

"**Sublease Amendment**")[2] between Apache, as sublessor (the "**Sublessor**"), and Fieldwood, as sublessee (the "**Sublessee**"), of certain office space in the building known as One BriarLake Plaza.

### Relief Requested

9. By this Motion, pursuant to section 365(a) of the Bankruptcy Code, the Debtors request entry of an order (i) approving the Debtors' entry into the Sublease Amendment, a copy of which is attached hereto as **Exhibit A**, and (ii) authorizing the Debtors' assumption of that certain Sublease Agreement, dated as of September 30, 2013, pertaining to the Subleased Premises (as defined below), by and between Apache and Fieldwood, as amended from time to time, including by the Sublease Amendment (the Sublease Agreement, together with all amendments,[3] the "**Sublease**"), and authorizing payment of the Cure Amounts (as defined below) where such assumption is effective upon the first day of the month after occurrence of each of (i) Sublessee's express assumption of the Sublease, as amended by the Sublease Amendment, with approval of such assumption by order of the Bankruptcy Court in form and substance reasonably acceptable to Sublessor, (ii) Sublessee's payment in full to Sublessor of the Cure Amounts, and (iii) the Prime Lessor's (as defined below) execution and delivery to Sublessor of its written consent to the Sublease Amendment (the "**Effective Date**"). A proposed form of such order is attached hereto as **Exhibit B** (the "**Proposed Order**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sublease Amendment.

[3] Other amendments to the Sublease Agreement include that certain First Amendment to Sublease Agreement, dated as of January 2, 2014 (the "**First Amendment**"), that certain Second Amendment to Sublease Agreement, dated as of September 7, 2017 (the "**Second Amendment**"), and that certain Third Amendment to Sublease Agreement, dated as of May 28, 2018 (the "**Third Amendment**").

10. In support of this Motion, the Debtors submit the *Declaration of Michael Dane in Support of the Sublease Assumption Motion*, attached hereto as **Exhibit C** (the "**Assumption Declaration**").

## Jurisdiction

11. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Sublease

12. Behringer Harvard Briarlake Plaza LP (the "**Prime Lessor**") and Apache (as successor-in-interest to Mariner Energy, Inc.) are parties to that certain Office Lease Agreement dated August 17, 2007, as amended, concerning 204,419 rentable square feet (the "**Leased Premises**") in the building known as One BriarLake Plaza located at 2000 West Sam Houston Parkway South, Houston, Texas.

13. On September 30, 2013, Apache and Fieldwood entered into the Sublease Agreement, pursuant to which Fieldwood sublet 77,595 square feet of net rentable area of the Leased Premises from Apache (the "**Subleased Premises**").

14. In connection with the Apache Definitive Documents, Apache and Fieldwood agreed to certain modifications to the Sublease Agreement, as set forth in the Sublease Amendment, pursuant to which Fieldwood will pay a substantially reduced rental rate to Apache and which contains favorable termination rights for Fieldwood. The Sublease Amendment amends the Sublease Agreement, in relevant part, as follows:[4]

---

[4] Any summary of the terms of the Sublease Amendment in this Motion is qualified in its entirety by reference to the provisions of the Sublease Amendment.

- **Term**. The Sublease Term will expire on October 31, 2024, unless terminated earlier pursuant to the terms of the Sublease, as amended by the Sublease Amendment.

- **Termination Rights**. Fieldwood will have the right and option to terminate the Sublease Term as follows (subject to the notice requirements set forth in the Sublease Amendment):

    o as to any of (i) all of floor 12 of the Subleased Premises, (ii) all of floor 15 of the Subleased Premises, or (iii) Suite B0300 in the basement level of the Subleased Premises, with any such termination in the case of (i), (ii), and (iii) being effective no earlier than after occurrence of each of (1) effectiveness of Sublessee's Plan of Reorganization (as defined therein), (2) consummation of the Credit Bid Transaction (as defined therein), (3) consummation of the transactions contemplated by the Divisive Merger Documents (as defined therein), (4) the second anniversary of the Effective Date, and (5) timely delivery of Requisite Notice (as defined therein).

    o as to any of (i) all of floor 16 of the Subleased Premises, (ii) all of floor 17 of the Subleased Premises, (iii) all of floor 18 of the Subleased Premises, (iv) Suite B0150 in the basement level of the Subleased Premises, or (v) Suite B0200 in the basement level of the Subleased Premises, with any such termination in the case of (i), (ii), (iii), and (iv) being effective no earlier than after occurrence of each of (1) effectiveness of Sublessee's Plan of Reorganization, (2) consummation of the Credit Bid Transaction, (3) consummation of the transactions contemplated by the Divisive Merger Documents, (4) termination of the Transition Services Agreement (as defined therein), (5) termination of the Service Provider Agreement (as defined therein), if any, and (6) timely delivery of Requisite Notice.

- **Rent Reduction**. On and as of the Effective Date, the Base Rent amount owed by Fieldwood will be reduced as follows:

| Subleased Premises | Current Annual Base Rent/ Sq. Ft | Amended Annual Base Rent/ Sq. Ft. | Current Amount/ Month | Amended Amount/ Month | Savings Per Month |
|---|---|---|---|---|---|
| Floor 12 | $29.00 | $10.00 | $59,527.33 | $20,526.67 | $39,000.66 |
| Floor 15 | $10.00 | $10.00 | $21,554.17 | $21,554.17 | $0.00 |
| Floor 16 | $29.00 | $10.00 | $62,507.08 | $21,554.17 | $40,952.91 |
| Floor 17 | $29.00 | $10.00 | $62,507.08 | $21,554.17 | $40,952.91 |
| Floor 18 | $29.00 | $10.00 | $62,507.08 | $21,554.17 | $40,952.91 |
| Suite B0300 | $15.00 | $10.00 | $4,630.00 | $3,086.67 | $1,543.33 |
| Suite B0200 | $15.00 | $10.00 | $1,436.25 | $957.50 | $478.75 |
| Suite B0150 | $15.00 | $10.00 | $925.00 | $616.67 | $308.33 |

| Subleased Premises | Current Annual Base Rent/ Sq. Ft | Amended Annual Base Rent/ Sq. Ft. | Current Amount/ Month | Amended Amount/ Month | Savings Per Month |
|---|---|---|---|---|---|
| *Total* | | | $275,594.00 | $111,404.17 | $164,189.83 |

15. Moreover, as provided in the Sublease Amendment, the cure costs required to be paid in connection with assumption of the Sublease (where such cure costs are comprised of prepetition and postpetition amounts) shall include Sublessee's payment in full to Sublessor of all amounts owed by Sublessee to Sublessor pursuant to the Sublease (collectively, the "**Cure Amounts**"). Without hereby limiting Sublessee's obligations under the Sublease, as of February 8, 2021, the aggregate amount of $51,938.79 represents the Cure Amounts, where $25,371.30 of such amount constitutes the prepetition amounts owed by Sublessee to Sublessor.

16. The Sublease Amendment further provides that (i) after the Effective Date and upon effectiveness of Sublessee's Plan of Reorganization, consummation of the Credit Bid Transaction and the transactions contemplated by the Divisive Merger Documents, full performance by Sublessee of Sublessee's obligations under the Sublease to the date of effectiveness of the Assignment, and the FWII Assumption, Sublessee assigns to FWII (referred to as "Credit Bid Purchaser" under the Plan) the rights and delegates to FWII the duties of Sublessee under the Sublease, as amended by the Sublease Amendment (the "**Assignment**"), and (ii) upon effectiveness of the Assignment, FWII's execution and delivery to Sublessor of the counterpart of the Sublease Amendment attached thereto shall constitute FWII's assumption of, and FWII's agreement to fully and timely perform the obligations of Sublessee arising from and after the date of effectiveness of the Assignment under, the Sublease, as amended to the date thereof.

7

## Relief Requested Should Be Granted

**A.   Entry into the Sublease Amendment and Assumption of the Sublease is a Proper Exercise of the Debtors' Business Judgment**

17.   Section 365 allows the debtor in possession to maximize the value of a debtor's estate by assuming executory contracts or unexpired leases that benefit the estate and by rejecting those that do not. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 505 (5th Cir. 2000). A court should approve a decision to assume or reject an executory contract or unexpired lease pursuant to section 365 if based on a sound exercise of the debtor's business judgment. *See In re Mirant Corp.*, 378 F.3d 511, 524 (5th Cir. 2004); *In re Pisces Energy, LLC*, 2009 WL 7227880, at 6 (Bankr. S.D.T.X. 2009); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *see also In re Wolflin Oil, L.L.C.,* 318 B.R. 392, 396 (Bankr. N.D. Tex. 2004) (same). Section 365 of the Bankruptcy Code provides as follows:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debt the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
>> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>>
>> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C) provides adequate assurance of future performance under such contract or lease.

*See* 11 U.S.C. §§ 365(a), (b)(1).

18. The "business judgment" standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate." (citation omitted)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *Pilgrim's Pride Corp.*, 403 B.R. at 422 (citing *Wheeling–Pittsburgh Steel Corp. v. W. Penn Power Co.* (*In re Wheeling–Pittsburgh Steel Corp.*), 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

19. The Subleased Premises are the Debtors' main office in Houston, Texas. Continued access and use of the Subleased Premises is necessary for the operation of the Debtors' business, as it enables the Debtors to conduct their business efficiently and productively. As noted above, the Sublease, as amended by the Sublease Amendment, provides approximately $165,000 of monthly rental savings and favorable termination rights to the Debtors.

20. The Debtors, in their business judgment, determined that the Sublease, as amended by the Sublease Amendment, (i) is important to their business operations and (ii) preserves and enhances the value of the Debtors' estates. The Debtors' entry into the Sublease Amendment and assumption of the Sublease represents a sound exercise of their business judgment, will benefit the Debtors' estates, and should therefore be approved.

**B.    Debtors Have Satisfied, or Will Satisfy, All Cure and Adequate Assurance Requirements of Section 365 of the Bankruptcy Code**

21. Section 365(b)(1) of the Bankruptcy Code provides that if there has been a default under an executory contract or unexpired lease, other than a default as described in section

9

365(b)(2) of the Bankruptcy Code, a debtor may not assume such contract or lease unless the debtor (i) cures, or provides adequate assurance that it will promptly cure, the default (with the exception of certain defaults arising from the failure to perform nonmonetary obligations under an unexpired lease of real property), (ii) compensates, or provides adequate assurance that it will promptly compensate, a non-debtor party to such contract or leases for any actual pecuniary loss to such party resulting from the default, and (iii) provides adequate assurance of future performance under such contract or lease.  *See* 11 U.S.C. § 365(b)(1).

22. The words "adequate assurance of future performance" must be given a "practical, pragmatic construction" in light of the proposed assumption. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *see also Texas Health Enterprises Inc. v. Lytle Nursing Home (In re Texas Health Enterprises Inc.)*, 72 Fed. Appx. 122, 126 (5th Cir. 2003) (same); *In re PRK Enterprises, Inc.*, 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999) (same); *see also In re Vitanza*, Case No. 98-19611 (DWS) 1998 WL 808629, at *26 (Bankr. E.D. Pa. Nov. 13, 1998) ("The test is not one of guaranty but simply whether it appears that the rent will be paid and other lease obligations met.").  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *Accord In re PRK Enters.*, 235 B.R. at 603 ("The financial evidence presented by [assignee] demonstrates the likelihood that it has the financial capacity to perform its future obligations under the lease agreements and that its principal officers are serious in their commitment to rehabilitate this corporation."); *In re Bygaph, Inc.*, 56 B.R. 596, 605–06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee of lease from the debtor has financial resources and has expressed willingness to devote sufficient funding to the business in order to give it strong likelihood of succeeding.).

23. As described above, a condition to the Debtors' assumption of the Sublease is the Debtors' payment of the Cure Amounts. *See* 11 U.S.C. § 365(b)(1). Without limiting Sublessee's obligations under the Sublease, the amounts owed by Sublessee to Apache under the Sublease that constitute Cure Amounts, as of February 8, 2021, is $51,938.79. If the Court approves the assumption of the Sublease, pursuant to Paragraph 2 of the Proposed Order, the Debtors intend to pay Apache the Cure Amounts in connection therewith. In light of the cure provision in the Proposed Order, the Debtors satisfy the Bankruptcy Code's cure requirements.

24. Additionally, considering all relevant facts and circumstances, the Debtors are able to provide adequate assurance of future performance under the Sublease. The Debtors have the financial resources to meet their obligations under the Sublease. For the foregoing reasons, the Debtors submit that they have satisfied all requirements to assume the Sublease pursuant to section 365 of the Bankruptcy Code and hereby request that the Court grant the relief requested in the Proposed Order.

**Basis for Emergency Relief**

25. The Debtors respectfully request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). After finalizing the terms of the Sublease Amendment, the parties have worked together in recent weeks to obtain the landlord's consent to enter into such Sublease Amendment and to finalize the Proposed Order and this Motion, which were required by the Sublease Amendment to be in form and substance reasonably acceptable to the Sublessor. The Debtors believe that emergency relief is warranted under the circumstances to ensure that the Debtors and their estates receive the benefit of the reduced rental rate for the Subleased Premises for the month of March 2021. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**Compliance with Bankruptcy Rule 6004(a)**
**and Waiver of Bankruptcy Rule 6004(h)**

26. To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion satisfies Bankruptcy Rule 6004(a) and that the Court waive the 14-day period under Bankruptcy Rule 6004(h).

**Reservation of Rights**

27. Nothing contained herein or in the Proposed Order, or the payment of the Cure Amounts, is intended to affect any other claim Apache has against the Debtors or shall be deemed as (i) an admission as to the validity of any other claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any other claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any other claims, or (v) a waiver of any claims or causes of action which may exist against any other creditor or interest holder. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim (other than the Cure Amounts) or a waiver of the Debtors' or any other party in interest's rights to dispute such claim.

**Notice**

28. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9103-1(d).

12

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 10, 2021
       Houston, Texas

                  Respectfully submitted,

                  */s/ Alfredo R. Pérez*
                  WEIL, GOTSHAL & MANGES LLP
                  Alfredo R. Pérez (15776275)
                  700 Louisiana Street, Suite 1700
                  Houston, Texas 77002
                  Telephone: (713) 546-5000
                  Facsimile: (713) 224-9511
                  Email: Alfredo.Perez@weil.com

                  -and-

                  WEIL, GOTSHAL & MANGES LLP
                  Matthew S. Barr (admitted *pro hac vice*)
                  Jessica Liou (admitted *pro hac vice*)
                  767 Fifth Avenue
                  New York, New York 10153
                  Telephone: (212) 310-8000
                  Facsimile: (212) 310-8007
                  Email: Matt.Barr@weil.com
                            Jessica.Liou@weil.com

                  *Attorneys for Debtors*
                  *and Debtors in Possession*

### Certificate of Service

I hereby certify that on February 10, 2021 a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                                                                                   */s/ Alfredo R. Pérez*  
                                                                                                                                                   Alfredo R. Pérez

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**ORDER (I) APPROVING DEBTORS' ENTRY INTO SUBLEASE AMENDMENT
AND (II) AUTHORIZING DEBTORS' ASSUMPTION OF SUBLEASE**

Upon the motion, dated February 10, 2021 (the "**Motion**"), of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to section 365(a) of the Bankruptcy Code (i) approving the Debtors' entry into the Sublease Amendment and (ii) authorizing the Debtors' assumption of the Sublease, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,[2]

**IT IS HEREBY ORDERED THAT:**

1. The Debtors' entry into the Sublease Amendment is approved and such Sublease Amendment shall become effective as provided therein.

2. The Debtors are authorized to assume the Sublease and pay all Cure Amounts in connection therewith.

3. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to affect (i) any other claim Apache has against the Debtors or (ii) any other rights reserved by the Debtors and Apache in the Motion.

4. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

5. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2021
Houston, Texas

                                                  MARVIN ISGUR
                                      UNITED STATES BANKRUPTCY JUDGE

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.