## Exhibit A

**Redacted Application**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### CORRECTED APPLICATION OF DEBTORS FOR AUTHORITY
### TO RETAIN AND EMPLOY RYAN, LLC AS TAX CONSULTANT
### TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

## Background

1.      Commencing August 3, 2020 (the **"Petition Date"**), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

5.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 29) (the "**Dane Declaration**"), which was previously filed with the Court and is incorporated by reference herein.

## Jurisdiction

6.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.      By this Application, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors request entry of an order (i) authorizing the Debtors to retain and employ Ryan, LLC ("**Ryan**") as tax consultant to the Debtors, effective as of the Petition Date, pursuant to that certain engagement letter by and among the Debtors and Ryan, dated September 20, 2019 (the "**Engagement Letter**"),[2] a copy of which is attached hereto as **Exhibit A** and (ii) granting related relief.

8.      In support of this Application, the Debtors submit the *Declaration of Jonathon Travis in Support of Application of Debtors for Authority to Employ and Retain Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date* (the **"Travis Declaration"**), attached hereto as **Exhibit B**.

9.      A proposed form of order granting the relief requested herein (the "**Proposed Order**") is attached hereto as **Exhibit C**.

## Ryan's Qualifications

10.      Ryan is a leading global tax services firm that provides a wide variety of tax advisory and consulting services.  One of Ryan's specialties is minimizing the royalty liability of oil and gas companies.  Ryan is providing or has provided these services to a number of E&P industry debtors during their chapter 11 cases.  *See, e.g.*, *In re Alta Mesa Resources, Inc.*, No. 19-35122 (MI) (Bankr. S.D. Tex. Oct. 21, 2019) (Docket No. 373) (order authorizing the employment and retention of Ryan, LLC as an ordinary course professional); *In re Sanchez Energy Corp.*, No. 19-34508 (MI) (Bankr. S.D. Tex. Oct. 8, 2019) (Docket No. 443) (order authorizing the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Engagement Letter.

employment and retention of Ryan, LLC as an ordinary course professional); *In re PetroQuest Energy, Inc*., No. 18-363322 (DRJ) (Bankr. S.D. Tex. Jan. 20, 2019) (Docket No. 432) (order authorizing the employment and retention of Ryan, LLC as tax and financial consultant).

**Scope of Services**

11.     Prior to the Petition Date, the Debtors and Ryan entered into the Engagement Letter, which governs the relationship among them.  The terms and conditions of the Engagement Letter, as set forth below, were negotiated at arm's length and reflect the parties' mutual agreement as to the efforts and resources that will be required in connection with Ryan's engagement.  The Engagement Letter provides that Ryan will assist the Debtors with minimizing their federal oil and gas royalty liability.  The services to be provided include, but are not limited to:

Retrospective Savings:

- Recalculation of the oil and gas transportation allowances in order to reduce the value subject to royalty;

- Recalculation of the gas processing allowances in order to reduce the value subject to royalty; and

- Royalty credits associated with reporting and other compliance issues (collectively, the "**Retrospective Savings Services**").

Prospective Savings:

- Calculation of the monthly non-arm's length oil and gas transportation allowances in order to reduce the value subject to royalty;

- Annually perform a recalculation of the non-arm's length oil and gas transportation allowances; and

- Prepare and submit ONRR-2014 (Report of Sales and Royalty Remittance Form) amendment (collectively, the "**Prospective Savings Services**").

2016 Rule Advisory Services:

- Research the potential impact of the 2016 Rule on the Debtors;

- Facilitate meetings between Ryan and the Debtors around the 2016 Rule; and

- Advise the Debtors with the preparation of any necessary prior period adjustments to the ONRR-2014 (collectively, the "**2016 Rule Advisory Services**" and, together with the Retrospective Savings Services and the Prospective Savings Services, the "**Services**").

12.     Ryan has substantial experience in all of the areas for which it is to be retained. Accordingly, the Debtors submit that Ryan is well qualified and best suited to perform these Services.

### No Duplication of Services

13.     The Services provided by Ryan will complement, and not duplicate, the services to be rendered by any other professionals retained in these chapter 11 cases.

### Professional Compensation

14.     Ryan will be paid by the Debtors for its Services in accordance with the terms and conditions set forth in the Engagement Letter (the "**Fee Structure**").  The Fee Structure is best characterized as a contingent fee arrangement that compensates Ryan based on the amount of royalty refunds, credits, and liability reductions realized by the Debtors.  The Debtors request approval of the Fee Structure, which is described in the Engagement Letter as follows:

Retrospective Savings:

1. Non-Adjudicated Claims: In the event Ryan obtains any royalty refunds, credits, or liability reductions for [Debtors], [Debtors] agree to pay Ryan ███████ ███████████████████████████████████ the appropriate percentage, ████████████ of any such reductions that [Debtors] receive:



In addition, [Debtors] agree to pay Ryan such fee as outlined above, for ███████ ██████ adjustments to a federal royalty account ████████████████ ███████████████ applicable to the audit period. [Debtors] agree that Ryan's fees shall be based upon the ██████████████████ and shall not be reduced by any existing liabilities of [Debtors] that may be applied

or offset against such amounts. If [Debtors] obtain any royalty refunds, credits, or reductions for any other locations or affiliated entities applicable to the audit period using Ryan work products, [Debtors] agree to notify Ryan and pay Ryan as outlined herein.

2. <u>Adjudicated Claims</u>: In the event of any litigation or other adjudication of any claims or issues (an "**Adjudication**"), [Debtors] agree that Ryan has the right to engage legal counsel to represent [Debtors] at Ryan's expense, subject to [Debtors'] approval. [Debtors] further agree not to unreasonably withhold such approval. In the event Ryan obtains any refunds, credits, or reductions as a result of an Adjudication, [Debtors] agree to pay Ryan ███████████████████████████ ███████████████████ the appropriate percentage, ████████████, of any royalty refunds, credits, or reductions [Debtors] receive as a result of the Adjudication, ████████████████████████████. Our fee for the savings recovered in an Adjudication will be invoiced on the date in which a final, non-appealable judgment is obtained in the Adjudication.

3. <u>Follow-On Claims</u>: In the event Ryan obtains any refunds, credits, or reductions as a result of an Adjudication, and, within the following twelve (12) production months [Debtors] receive any royalty refunds, credits, or reductions in connection with other transactions due to substantially the same legal issue(s) as matters resolved in favor of [Debtors] in the Adjudication, [Debtors] agree to pay Ryan ███████████████████████████████████████████ the appropriate percentage, ███████████, of any royalty refunds, credits, or reductions, ███████████████████████████ through the date in which a final, non-appealable judgment is obtained in the Adjudication, regardless of whether obtained by Ryan.

<u>Prospective Savings</u>:

[Debtors] agree to pay Ryan and hereby assigns to Ryan, as compensation for this service, ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████. Ryan's invoice for Prospective Savings received or realized by [Debtors] will be invoiced at the time the original royalty report is filed.

[REDACTED]

16.     The Debtors believe the Fee Structure is consistent with, and typical of, other compensation arrangements entered into by Ryan and other comparable firms for similar services under like circumstances.  Thus, the Debtors believe that the Fee Structure is reasonable, market-based and designed to fairly compensate Ryan for its work during these chapter 11 cases.

17.     Ryan has secured for the Debtors refunds, credits, and/or reductions prior to the Petition Date.  As a result, Ryan has a scheduled claim of $486,324 for Services rendered prepetition.[3]

## Fee Applications

18.     On September 17, 2020, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 367) (the "**Compensation Procedures Order**").  The Compensation Procedures Order requires that each professional retained in these chapter 11 cases complete Monthly Statements and to file with the Court Interim Fee Applications and Final Fee Applications (each as defined in the Compensation Procedures Order) in order to receive compensation on account of services provided to the Debtors.  Because Ryan will be paid on a contingency fee basis, rather than an hourly basis, Ryan seeks a waiver of the requirement to provide Monthly Statements and to file Interim and Final Fee Applications, to the extent required under applicable provisions of the

---

[3] Since the Debtors filed their Schedules of Assets and Liabilities, Ryan's invoices have been subject to further reconciliation, and Ryan's prepetition claim amount is potentially higher.

Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, guidelines established by the U.S. Trustee, and any order of this Court.

### Ryan's Disinterestedness

19.     To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Travis Declaration, Ryan (a) is a "disinterested person" (within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and supplemented by section 1107(b) of the Bankruptcy Code) and does not hold or represent an interest materially adverse to the Debtors' estates; (b) has no connection to the Debtors, their creditors or other parties-in-interest in these chapter 11 cases, or the attorneys or accountants of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors' estates.

20.     To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Ryan's retention are discovered or arise, Ryan will use reasonable efforts to promptly file a supplemental declaration.

### Relief Requested Should Be Granted

**A.     The Debtors' Retention of Ryan on the Terms in the Engagement Letter is Authorized under Sections 327 and 328 of the Bankruptcy Code**

21.     The Debtors submit that the retention of Ryan under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code empowers debtors, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under" the Bankruptcy Code. 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Further, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a). For the reasons set forth in the Travis Declaration, the exhibits thereto and as otherwise addressed herein, the Debtors believe that Ryan is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code.

22.     Furthermore, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).  Ryan's prepetition relationship with the Debtors therefore does not preclude Ryan's retention as the Debtors' tax consultant.

23.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person under section 327 "on any reasonable terms and conditions of employment, including on a . . . contingent fee basis." 11 U.S.C. § 328(a).  The Fee Structure is a contingency fee arrangement that pays Ryan based on the amount of royalty credits, refunds, and liability reductions realized on behalf of the Debtors.  Ryan does not receive any fee unless credits, refunds

and liability reductions are actually realized by the Debtors.  Such a structure properly incentivizes Ryan to obtain the greatest recovery possible on behalf of the Debtors. Therefore, the Debtors submit that the terms and conditions of Ryan's retention as described herein are reasonable.

**B.**     ***Nunc Pro Tunc* Relief is Warranted**

24.     The Debtors also believe that employment of Ryan *nunc pro tunc* to the Petition Date is warranted under the circumstances of these chapter 11 cases.  This Court has the authority to grant retroactive employment of professionals.  *See In re Triangle Chems., Inc.*, 697 F.2d 1280 (5th Cir. 1983); *see also* Bankruptcy Local Rule 2014-1(b).  Ryan has provided, and will continue to provide, valuable services to the Debtors that will benefit the Debtors and their respective estates and creditors, and no parties in interest would be prejudiced by authorizing Ryan's retention effective as of the Petition Date.  Accordingly, the Debtors submit that approval of Ryan's retention *nunc pro tunc* is warranted under the circumstances.

## Notice

25.     Notice of this Application will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  January 6, 2021
       Houston, Texas

Respectfully submitted,

**Fieldwood Energy LLC**
(and each of its affiliated debtors as Debtors and Debtors in Possession)

*/s/ Michael T. Dane*
**Name**: Michael T. Dane
**Title**: Senior Vice President and CFO

**<u>Certificate of Service</u>**

I hereby certify that on January 6, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


      */s/ Alfredo R. Pérez*
      Alfredo R. Pérez

## <u>Exhibit A</u>

**Engagement Letter**



Williams Tower
2800 Post Oak Boulevard
Suite 4200
Houston, TX 77056
Tel. 713.629.0090
Fax 713.629.0227
www.ryan.com

**VIA ELECTRONIC MAIL**

September 20, 2019

Mr. William B. Swingle
Vice President &
Chief Accounting Officer
Fieldwood Energy LLC
2000 W Sam Houston Pkwy S
Suite 1200
Houston, Texas 77042

**RE:    Federal Oil & Gas Royalty Services**

Dear Mr. Swingle:

Thank you very much for the opportunity to assist you with minimizing the Federal oil and gas royalty liability of Fieldwood Energy LLC and its Subsidiaries ("Fieldwood"). As discussed, this letter (the "Agreement") outlines the terms and conditions of our engagement to assist Fieldwood with a Federal oil and gas royalty review.

**ENGAGEMENT SCOPE**

Retrospective Savings

Ryan will assist Fieldwood with a royalty review concentrating on the recovery of royalties paid on oil and gas that was produced from Federal waters. Ryan shall perform all necessary services to identify, calculate, certify, and recover all available royalty credits, refunds, and liability reductions on oil and gas royalties paid by Fieldwood. Our approach is specifically designed to target royalty credit, refund, and liability reduction opportunities without significant assistance or effort from personnel at Fieldwood.

Our services will include, but not be limited to, the following Federal royalty credit, refund, and liability reduction opportunities:

Mr. William B. Swingle
Fieldwood Energy LLC
September 20, 2019
Page 2

- Recalculation of the oil and gas transportation allowances in order to reduce the value subject to royalty,
- Recalculation of the gas processing allowances in order to reduce the value subject to royalty, and
- Royalty credits associated with reporting and other compliance issues.

Ryan shall acquire historic royalty reporting data from the United States Office of Natural Resources Revenue ("ONRR") in order to identify, analyze, document, and recover potential royalty credits and refunds resulting from return compliance issues, including but not limited to duplicate entries, double reporting by multiple parties, mishandled amendments, valuation discrepancies, and volume imbalances.

We will focus on qualifying credits, refunds, and liability reductions that Fieldwood has previously identified but not pursued, as well as those not previously identified by Fieldwood. Our services will include all research and other activities that are required to minimize Fieldwood's federal royalty liability, including negotiating with ONRR personnel.

All requests for refunds, credits, or liability reductions made by Ryan are subject to Fieldwood's approval. Fieldwood agrees not to unduly withhold or delay such approval.

Prospective Savings

Ryan will assist Fieldwood with preparing Fieldwood's monthly non-arm's length transportation allowance deductions and performing the annual true-up and refiling of the ONRR-2014s. Ryan shall perform all necessary services to identify, calculate, certify, and recover all available royalty credits, refunds, and liability reductions on oil and gas royalties paid by Fieldwood related to Fieldwood's non-arm's length transportation allowances.

Our services will include, but not be limited to, the following Federal royalty credit, refund, and liability reduction opportunities:

- Calculation of the monthly non-arm's length oil and gas transportation allowances in order to reduce the value subject to royalty,
- Annually perform a recalculation of the non-arm's length oil and gas transportation allowances,
- Prepare and submit ONRR-2014 amendments for the annual true-up.

Mr. William B. Swingle
Fieldwood Energy LLC
September 20, 2019
Page 3

2016 Rule Advisory Services

Ryan shall provide such advisory services related to the Consolidated Federal Oil & Gas and
Federal & Indian Coal Valuation Reform regulations ("2016 Rule") including:

- Research the potential impact of the 2016 Rule on Fieldwood;
- Facilitate meetings between Ryan and Fieldwood personnel around the 2016 Rule;
- Advise Fieldwood with the preparation of any necessary prior period adjustments ("PPAs")
  to the ONRR-2014s.

Due to the uncertainty associated with ONRR's implementation of the 2016 Rule, Ryan makes no
representation, guarantee, or warranty for any advisory services provided herein. Ryan is not liable
for any failure to identify a particular exposure that arises in connection to the 2016 Rule.

## ENGAGEMENT PERIOD

Retrospective Savings

Our review will cover all periods open by law through

Prospective Savings

Our services relative to the Prospective Savings will cover

## ELECTRONIC DATA FILES

Fieldwood agrees to provide electronic data files to Ryan that will facilitate the identification and
location of records to be reviewed. Ryan generally utilizes general ledger, accounts payable, and
royalty/tax accrual data in text/ASCII files, database files, or spreadsheet files. Ryan will assist
Fieldwood's information systems personnel with determining the appropriate system file layouts,
required data fields, and file types. Fieldwood further agrees to assist Ryan in using Ryan's data
extraction applications and other tools by providing all necessary access and configurations.
Fieldwood acknowledges that Ryan's data extraction applications and other tools are proprietary
to Ryan, and Fieldwood shall acquire no rights whatsoever with respect to such applications and
other tools.

Additionally, Fieldwood agrees to provide reasonable access to any available company engineers,
foremen, and/or commodity marketing personnel. Further, Fieldwood agrees to provide access to
any available well files and/or production data for Ryan's use in providing these services to
Fieldwood. Fieldwood shall use reasonable efforts to provide such detail to Ryan, but Fieldwood

Mr. William B. Swingle
Fieldwood Energy LLC
September 20, 2019
Page 4

will be under no obligation to create detail that does not presently exist. Ryan agrees to execute an appropriate confidentiality agreement to the extent any records requested are currently held by a former owner of the applicable property, and such former owner requires the execution of such confidentiality agreement.

Fieldwood agrees that all electronic data files shall be transferred by Fieldwood to Ryan through a secure transfer site or by methods approved in advance by Ryan and Fieldwood. The following data sites are approved by Ryan for such transfer: SFS and SFTP. In facilitation of this transfer, Ryan shall provide specific transfer instructions to Fieldwood when the electronic data files are prepared for delivery. Fieldwood further agrees that neither Fieldwood nor any employee or agent of Fieldwood shall transmit PII (as defined below) to Ryan without first (a) having reached an agreement with Ryan as to the date, time, and method of such transmission; (b) identified the particular types of PII; and (c) represented to Ryan that Fieldwood is not restricted from transferring the PII. "PII" is any information that can be used to identify, contact, or locate an individual, either alone or combined with other easily accessible sources, or as defined by applicable law. PII includes information that is linked or linkable to an individual, such as medical, educational, financial, and employment information.

## RESPONSIBILITIES

All services will be conducted under the supervision of Mr. Jonathon D. Travis, Principal, who serves as Engagement Principal. Additionally, throughout the course of this engagement, we will make every effort to arrange and schedule all work to avoid interruption to Fieldwood's normal business operations.

## COMPENSATION

Retrospective Savings

1. *Non-Adjudicated Claims* – In the event Ryan obtains any royalty refunds, credits, or liability reductions for Fieldwood, Fieldwood agrees to pay Ryan ▮▮▮▮▮▮▮▮▮ the appropriate percentage, ▮▮▮▮▮▮▮ of any such reductions that Fieldwood receives:

   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

   In addition, Fieldwood agrees to pay Ryan such fee as outlined above, for ▮▮▮▮▮▮ adjustments to a federal royalty account ▮▮▮▮▮▮▮▮▮▮ applicable to the audit period. Fieldwood agrees that Ryan's fees shall be based upon the ▮▮▮▮▮▮▮▮▮ and shall not be reduced by any existing liabilities of Fieldwood that may be applied or offset against such

Mr. William B. Swingle
Fieldwood Energy LLC
September 20, 2019
Page 5

amounts.  If Fieldwood obtains any royalty refunds, credits, or reductions for any other locations or affiliated entities applicable to the audit period using Ryan work products, Fieldwood agrees to notify Ryan and pay Ryan as outlined herein.

2.   *Adjudicated Claims* – In the event of any litigation or other adjudication of any claims or issues (an "Adjudication"), Fieldwood agrees that Ryan has the right to engage legal counsel to represent Fieldwood at Ryan's expense, subject to Fieldwood's approval. Fieldwood further agrees not to unreasonably withhold such approval.  In the event Ryan obtains any refunds, credits, or reductions as a result of an Adjudication, Fieldwood agrees to pay Ryan



the appropriate percentage, of any royalty refunds, credits, or reductions Fieldwood receives as a result of the Adjudication, Our fee for the savings recovered in an Adjudication will be invoiced on the date in which a final, non-appealable judgment is obtained in the Adjudication.

3.   *Follow-On Claims* – In the event Ryan obtains any refunds, credits, or reductions as a result of an Adjudication, and, within the following twelve (12) production months Fieldwood receives any royalty refunds, credits, or reductions in connection with other transactions due to substantially the same legal issue(s) as matters resolved in favor of Fieldwood in the Adjudication, Fieldwood agrees to pay Ryan                                                        the appropriate percentage                         of any royalty refunds, credits, or reductions,                                                                        through the date in which a final, non-appealable judgment is obtained in the Adjudication, regardless of whether obtained by Ryan.

Our fee for savings realized on transactions involving substantially the same legal issue(s) as matters resolved in the Adjudication will be invoiced upon approval by Fieldwood of any such savings (including correspondence approving schedules or the submission to ONRR of an original or amended return reflecting a credit or reduction of any audit assessment or deficiency).

<u>Prospective Savings</u>

Fieldwood agrees to pay Ryan and hereby assigns to Ryan, as compensation for this service,

Mr. William B. Swingle
Fieldwood Energy LLC
September 20, 2019
Page 6

██████████████████████████████████████
█████████ Ryan's invoice for Prospective Savings received or realized by Fieldwood will be invoiced at the time the original royalty report is filed.

All invoices are due and payable in full within thirty (30) days. Ryan accepts checks, electronic funds transfers (EFTs), credit cards, and purchasing cards. If payment is made using a credit card or purchasing card, Fieldwood authorizes Ryan to add a processing fee to the payment. Such processing fee is currently three percent (3%) of the payment amount and is subject to change upon thirty (30) days prior notice.

## NOTICE

Any notice to be given under this Agreement shall be given in writing and may be made by personal delivery or hand delivery by courier, by overnight reputable national courier, or by placing such in the United States certified mail, return receipt requested. Notices to Fieldwood should be sent to the address indicated on the first page of this Agreement and notices to Ryan should be addressed as follows:

> Ryan, LLC
> Three Galleria Tower
> 13155 Noel Road
> Suite 100
> Dallas, Texas 75240
> Attn: Chairman and CEO

With a copy to:      Attn: General Counsel

## INTEGRITY AND CONFIDENTIALITY

We guarantee that all matters associated with the professional services we render will be directed with the highest degree of professional integrity. Accordingly, all information that Fieldwood makes available to Ryan shall be considered confidential, proprietary information, and Ryan shall not disclose such information to any third party except as required in fulfilling duties described by this Agreement or to comply with an official order of a court of law.

Additionally, Fieldwood agrees that Ryan's work product, including specific engagement procedures and techniques, constitutes proprietary and exclusive information, and Fieldwood further agrees not to disclose such information to any third party without obtaining prior written approval from Ryan. Additionally, Ryan's royalty saving strategies constitute proprietary and exclusive information; provided, however, that notwithstanding the foregoing, Ryan does not limit

Mr. William B. Swingle
Fieldwood Energy LLC
September 20, 2019
Page 7

Fieldwood's disclosure of the royalty treatment or the royalty structures of the transactions. This Agreement does not include information independently developed by Fieldwood, information previously known to Fieldwood, or information rightfully received by Fieldwood from a third party without confidential limitations.

**FEE REIMBURSEMENT**



**LAW GOVERNING AGREEMENT**

This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Exclusive venue for any dispute with respect to this Agreement shall reside in a court of competent jurisdiction in Houston, Harris County, Texas.

**ACKNOWLEDGMENT**

Thank you for the opportunity to assist you with this project. If the above terms and conditions meet with your approval, please sign and return the enclosed copy of this Agreement at your convenience. Upon acceptance, we will contact you to arrange a mutually acceptable time to begin our review. If you have any questions, or if you would like to discuss this Agreement further, please contact Mr. Jonathon Travis at 713.357.4766.

**RYAN, LLC:**

By: _____

Name: Jonathon D. Travis

Title: Principal

Date: 09/20/2019

**FIELDWOOD ENERGY LLC:**

By: _____

Name: William B. Swingle

Title: Vice President - Chief Accounting Officer

Date: 23 September 2019