IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: § | Chapter 11 |
| § | |
| FIELDWOOD ENERGY LLC, *et al.,* § | Case No. 20-33948 (MI) |
| § | |
| Debtors.[1] § | (Jointly Administered) |
| § | Re: Docket No. 747 |

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF RYAN, LLC AS TAX CONSULTANT TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application, dated January 6, 2021 (the "**Application**"),[2] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, (i) authorizing the Debtors to retain and employ Ryan, LLC ("**Ryan**") as tax consultant to the Debtors, effective as of the Petition Date and (ii) granting related relief, as more fully set forth in the Application; and upon consideration of the Travis Declaration; and the Court having found that the terms and conditions of Ryan's engagement, including, but not limited to, the Fee Structure set forth in the Engagement Letter and summarized in the Application are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court being satisfied, based on the representations made in the Application and the Travis Declaration, that Ryan is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

"disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that Ryan represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary for the Debtors' reorganization and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. In accordance with sections 327(a), 328(a), and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Ryan, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, attached as **Exhibit A** to the Application, and this Order.

2. Pursuant to section 328(a) of the Bankruptcy Code, the terms of the Engagement Letter, including without limitation, the Fee Structure, are reasonable terms and conditions of employment and are approved in all respects, as modified by this Order.

Case 20-33948   Document 901-5   Filed in TXSB on 02/22/21   Page 3 of 6

3. Ryan shall not be required to file Monthly Statements or Interim Fee Applications; *provided, however*, Ryan shall file a Final Fee Application with this Court seeking approval of its fees and expenses upon completion of its Services pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules and applicable law; *provided further* that Ryan shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and Ryan's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330 except as set forth in paragraphs 4 and 5 below. Ryan shall include in its Final Fee Application, among other things, a specific breakdown of compensation and fees sought in the categories described in the Engagement Letter, setting forth detail and information regarding the calculation of such fees and expenses.

4. Notwithstanding paragraph 3 of this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee shall have the right to object to Ryan's Final Fee Application based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee to challenge the reasonableness of Ryan's fees under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record relating to this Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee with respect to the reasonableness of Ryan's fees.

5. Notwithstanding paragraph 3 of this Order and any provision to the contrary in the Application or the Engagement Letter, prior to payment of any invoices pursuant to this Order, Ryan shall provide to advisors to the Creditors' Committee, on a strictly confidential, professionals' eyes only basis, copies of such invoices, and if the Creditors' Committee objects,

3

including based on the reasonableness standard provided in section 330 of the Bankruptcy Code, within fourteen (14) days of receiving such invoices, the Debtors shall not pay such invoices without further order of this Court or written consent of the Creditors' Committee, as applicable.

6. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

7. Ryan shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8. To the extent the Debtors wish to expand the scope of Ryan's services beyond those services set forth in the Application, Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within ten days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

9. Ryan will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Ryan will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. The indemnification provisions, if any, included in the Engagement Letter and its attachments are approved, subject to the following:

(a) As set forth in paragraph (c), Ryan shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Ryan, or provide contribution or reimbursement to Ryan, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Ryan's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to Ryan's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which Ryan should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Ryan believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, Ryan must file an application therefore in this Court, and the Debtors may not pay any such amounts to Ryan before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Ryan for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Ryan. All parties in interest shall retain the right to object to any demand by Ryan for indemnification, contribution or reimbursement.

11. Ryan shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any changes in compensation as set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. In the event that, during the pendency of these cases, Ryan seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in a fee application and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however*, that Ryan shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Ryan's fees in these chapter 11 cases.

13. Notice of this Application as provided therein constitutes good and sufficient notice of the Application.

14. To the extent the Application, Travis Declaration or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

15. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2021
      Houston, Texas

                                            THE HONORABLE MARVIN ISGUR
                                            UNITED STATES BANKRUPTCY JUDGE