IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION
OF HOULIHAN LOKEY CAPITAL, INC. AS FINANCIAL ADVISOR AND
INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF OUT-
OF-POCKET EXPENSES INCURRED FOR THE PERIOD OF AUGUST 3, 2020
THROUGH OCTOBER 31, 2020**

| Name of Applicant: | Houlihan Lokey Capital, Inc. | |
|---|---|---|
| Applicant's Role in Case: | Financial Advisor and Investment Banker to the Debtors | |
| Date Order of Employment Signed: | November 4, 2020, *nunc pro tunc* to August 3, 2020 [Docket No. 530] | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this First Interim Fee Application: | August 3, 2020 | October 31, 2020 |
| Time period(s) covered by prior Applications: | N/A | |
| Total amounts awarded in all prior Applications: | N/A | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

| | |
|---|---|
| **Total professional fees requested in this First Interim Fee Application:** | $450,000.00[2] |
| **Total professional fees requested in this First Interim Fee Application already paid but not yet allowed:** | $150,000.00[3] |
| **Total actual professional hours covered by this First Interim Fee Application:** | 3,963.5 |
| **Average hourly rate for professionals:** | N/A |
| **Total paraprofessional fees requested in this First Interim Fee Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total out-of-pocket expenses requested in this First Interim Fee Application:** | $4,826.35[4] |
| **Total out-of-pocket expenses requested in this First Interim Fee Application already paid but not yet allowed:** | N/A |
| **Total to be Paid to Priority Unsecured Creditors:** | The total amount of allowed Priority Unsecured Claims and the amount to be paid thereto are unknown as of the date hereof. |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | The percentage dividend to Priority Unsecured Claims is unknown as of the date hereof. |
| **Total to be Paid to General Unsecured Creditors:** | The total amount of Allowed General Unsecured Claims and the amount to be paid thereto are unknown as of the date hereof. |
| **Anticipated % Dividend to General Unsecured Creditors:** | The percentage dividend to Allowed General Unsecured Claims is unknown as of the date hereof. |
| **Date of Confirmation Hearing:** | TBD |
| **Indicate whether plan has been confirmed:** | No |

---

[2]   The Engagement Letter (defined below) provides that Monthly Fees are paid in advance. The professional fees requested in this First Interim Fee Application relate to the following: Monthly Fee due August 30th for September; Monthly Fee due September 30th for October; Monthly Fee due October 30th for November.

[3]   The Monthly Fee due August 30th was paid prior to the Petition Date.

[4]   Prior to the Petition Date, Houlihan Lokey received $10,000.00 from the Debtors as an expense retainer. $3,399.84 was applied towards pre-petition expenses. Houlihan Lokey will apply the remaining $6,600.16 towards reimbursement of post-petition expenses upon allowance thereof. Net of such credits, the reimbursable expenses sought in this Application are $0.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC, *et al.*,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**FIRST INTERIM FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC.
AS FINANCIAL ADVISORS AND INVESTMENT BANKER TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENTOF OUT-OF-POCKET EXPENSES INCURRED FOR THE
PERIOD OF AUGUST 3, 2020 THROUGH OCTOBER 31, 2020**

---

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN FOURTEEN DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**"), investment banker and financial advisor to Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") hereby files its first application (the "**Application**") for interim allowance of compensation for professional services

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

performed by Houlihan Lokey during the period commencing August 3, 2020 through and including October 31, 2020 (the "**First Interim Period**") in the amount of $450,000.00, and for reimbursement of its actual and necessary expenses in the amount of $4,826.35 incurred during the First Interim Period, and respectfully represents as follows:

## I.  Relief Requested

1.      This Application has been prepared in accordance with sections 327(a), 328(a), 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), *Court Procedures for Marvin Isgur United States Bankruptcy Judge* (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "**U.S. Trustee Guidelines**" and, collectively, with the Court Procedures, the "**Fee Guidelines**"), and the *Order Authorizing Employment and Retention of Houlihan Lokey Capital, Inc. as Financial Advisor and Investment Banker to Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 530] (the "**Retention Order**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and the Debtors request approval of this Application.

2.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit D** (the "**Proposed Order**").

2

## II. **Background**

3.      Houlihan Lokey is acting as financial advisor and investment banker to the Debtors.

4.      Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

5.      On October 5, 2020, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Houlihan Lokey Capital, Inc. As Financial Advisor and Investment Banker to Debtots Nunc Pro Tunc to the Petition Date* [Docket No. 405] (the "**Retention Application**"), pursuant to which the Debtors sought authority to employ and retain Houlihan Lokey as its investment banker pursuant to the terms of an engagement letter (the "**Engagement Letter**") dated March 30, 2020. A copy of the Engagement Letter is attached to the Retention Application.

6.      On September 17, 2020, the Court entered the Interim Compensation Order establishing procedures for interim compensation and reimbursement of expenses for professionals.

7.      On November 4, 2020, the Court entered the Retention Order approving the Retention Application and authorizing the employment and retention of Houlihan Lokey effective as of the Petition Date, pursuant to the terms of the Engagement Letter.

8.      Houlihan Lokey submits this Application requesting allowance of Monthly Fees (as defined herein) for actual and necessary professional services rendered by it as financial advisors and investment banker to the Debtors for the First Interim Period.

9.      Financial advisory and investment banking services for which compensation is sought were rendered by Houlihan Lokey on behalf of the Debtors pursuant to chapter 11 of the Bankruptcy Code.

### III. **Jurisdiction**

10.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV. **The Houlihan Lokey Engagement**

11.     Pursuant to the Engagement Letter, Houlihan Lokey was retained to provide some

or all of the following services to the Debtors:[2]

(a)     assisting the Company in the development and distribution of selected information, documents and other materials, including, if appropriate, advising the Company in the preparation of an offering memorandum (it being expressly understood that the Company will remain solely responsible for such materials and all of the information contained therein);

(b)     assisting the Company in evaluating indications of interest and proposals regarding any Transaction(s) (as defined in the Engagement Letter) from current and/or potential lenders, equity investors, acquirers and/or strategic partners;

(c)     assisting the Company with the negotiation of any Transaction(s), including participating in negotiations with creditors and other parties involved in any Transaction(s);

(d)     providing expert advice and testimony regarding financial matters related to any Transaction(s), if necessary;

(e)     attending meetings of the Company's Board of Directors, creditor groups, official constituencies and other interested parties, as the Company and Houlihan Lokey mutually agree; and

(f)     providing such other financial advisory and investment banking services as may be required by additional issues and developments not anticipated on the effective date of the Engagement Letter.

---

[2]     Capitalized terms used but not defined herein shall have the meanings provided to them in the Engagement Letter.

12.     Pursuant to the Engagement Letter, as approved by the Retention Order, the

Debtors agreed to pay Houlihan Lokey as follows in consideration for the financial advisory and

investment banking services rendered:[3]

(a)     Monthly Fee:  A monthly advisory fee (the "Monthly Fee") of $175,000 per month, provided that, beginning with the fourth (4th) Monthly Fee, the Monthly Fee shall be $150,000. Fifty percent (50%) of all Monthly Fees paid to Houlihan Lokey following the sixth (6th) Monthly Fee paid on a timely basis to Houlihan Lokey shall be credited against the next Transaction Fee (as defined in the Engagement Letter) (other than a Financing Transaction Fee or Amendment Fee) to which Houlihan Lokey becomes entitled pursuant to the Engagement Letter (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall any Transaction Fee be reduced below zero; and

(b)     Transaction Fees: In addition to the other fees provided for in the Engagement Letter, the Debtors shall pay Houlihan Lokey the following transaction fees:

(i)   Restructuring Transaction Fee: In the case of an in-court Restructuring Transaction, upon the the effective date of a confirmed plan of reorganization or liquidation under Chapter 11 of the Bankruptcy Code, Houlihan Lokey shall earn, and the Debtors shall promptly pay to Houlihan Lokey, a cash fee ("**Restructuring Transaction Fee**") of $8,250,000.

(ii)  Sale Transaction Fee: Upon the closing of each Sale Transaction (as defined in the Engagement Letter), Houlihan Lokey shall earn, and the Debtors shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Sale Transaction, as a cost of such Sale Transaction, a cash fee ("**Sale Transaction Fee**") of 1.0% of Aggregate Gross Consideration.

(iii) Financing Transaction Fees: Upon the closing of each Financing Transaction (as defined in the Engagement Letter), Houlihan Lokey shall earn, and the Debtors shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Financing Transaction, as a cost of such Financing Transaction, a cash fee ("**Financing Transaction Fee**") equal to the sum of 0.50% of the gross proceeds of any: (I) indebtedness raised or committed that is senior to other indebtedness of the Debtors, secured by a first priority lien and unsubordinated, with respect to both lien priority and payment, to any other obligations of the Debtors (other than with respect to debtor-in-

---

[3]  This description of Houlihan Lokey's compensation structure is for summary and illustrative purposes only. The terms of the Engagement Letter and the Retention Order shall apply to any such compensation awarded to Houlihan Lokey.

5

possession financing); (II) indebtedness raised or committed that is secured by a lien (other than a first lien), is unsecured and/or is subordinated; and (III) equity or equity-linked securities (including, without limitation, convertible securities and preferred stock) placed or committed; provided that, to the extent any of I, II, and III above are raised from the Debtors' existing lenders and/or equity holders, the Financing Transaction Fee with respect to such gross proceeds shall be calculated as 0.25% of such gross proceeds.

Any warrants issued in connection with the raising of debt or equity capital shall, upon the exercise thereof, be considered equity for the purpose of calculating the Financing Transaction Fee, and such portion of the Financing Transaction Fee shall be paid upon such exercise and from the gross proceeds thereof, regardless of any prior termination or expiration of this Agreement. It is understood and agreed that if the proceeds of any such Financing Transaction are to be funded in more than one stage, Houlihan Lokey shall be entitled to its applicable compensation hereunder upon the closing date of each stage. The Financing Transaction Fee(s) shall be payable in respect of any sale of securities whether such sale has been arranged by Houlihan Lokey, by another agent or directly by the Company or any of its affiliates. Any non-cash consideration provided to or received in connection with the Financing Transaction (including but not limited to intellectual or intangible property) shall be valued for purposes of calculating the Financing Transaction Fee as equaling the number of Securities (as defined below) issued in exchange for such consideration multiplied by (in the case of debt securities) the face value of each such Security or (in the case of equity securities) the price per Security paid in the then current round of financing. The fees set forth herein shall be in addition to any other fees that the Company may be required to pay to any investor or other purchaser of Securities to secure its financing commitment.

Houlihan Lokey shall earn, and the Debtors shall thereupon pay immediately and directly from the gross proceeds of such Financing Transaction, a Financing Transaction Fee for any debtor-in-possession financing that is raised of 0.50% of the gross proceeds of such financing; provided that, to the extent such financing is raised from the Debtors' existing lenders and/or equity holders, the Financing Transaction Fee with respect to such portion of the financing shall be calculated as 0.25% of such gross proceeds. The Financing Transaction Fee payable under the Engagement Letter shall be subject to a $1,000,000 minimum Financing Transaction Fee payable upon the first closing of a Financing Transaction. For the avoidance of doubt, Houlihan Lokey may earn only one Financing Transaction Fee for the placement, raising, or issuance of each of "debtor-in-possession

6

financing" and "exit financing," even if any such financing is executed with one or more parties and/or in one or more transactions.

(c)     In the event both a Restructuring Transaction Fee and a Sale Transaction Fee are earned, 50% of the lower such fee shall be creditable against the larger such fee, except that, in no event, shall any Transaction Fee be reduced below zero. In the event a Financing Transaction Fee is earned, it shall be incremental to any Restructuring Transaction Fee and any Sale Transaction Fee and shall not be creditable against any such fee, nor shall any Restructuring Transaction Fee or any Sale Transaction Fee be creditable against any Financing Transaction Fee.

## V.  Services Provided by Houlihan Lokey During the First Interim Period

13.     Houlihan Lokey has rendered professional services to the Debtors as requested and in furtherance of the interests of the Debtors' estates.  The variety and complexity of the issues in these chapter 11 cases and the need to act or respond to such issues on an expedited basis have required the expenditure of substantial time by Houlihan Lokey personnel. Houlihan Lokey respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.  The following summary of services rendered during the First Interim Period is not intended to be an exhaustive description of the work performed. Rather, it is merely an attempt to highlight certain of those areas in which Houlihan Lokey rendered services to the Debtors:

- Facilitating extensive diligence for the various parties in interest;

- Negotiating with the various parties in interest;

- Performing analysis and participating in discussions with regulatory entities;

- Facilitating a sale process related to certain of the Debtors' assets, including the preparation of evaluation materials and discussions with potential buyers;

- Analyzing and negotiating financing alternatives;

- Analyzing potential restructuring scenarios, including the appropriate post-reorganization capital structure; and

▪ Assisting in the preparation of documents for the Bankruptcy Court.

## VI.  **The Houlihan Lokey Team**

14.     The investment banking services set forth above were performed primarily by: John-Paul Hanson, Managing Director; Daniel F. Crowley III, Director; Michael Haney, Director; Ahmed Moussa, Associate; Nicholas Self, Financial Analyst; John Kinsella, Financial Analyst; and other Houlihan Lokey professionals as needed.

## VII.  **Houlihan Lokey's Request for Compensation Earned During the First Interim Period**

15.     During the First Interim Period, Houlihan Lokey provided financial advisory and investment banking services to the Debtors and earned Monthly Fees for such services totaling $450,000.00.  Houlihan Lokey respectfully requests the allowance by the Court of the Monthly Fees earned during the First Interim Period pursuant to this Application.

16.     Invoices detailing the fees earned during the First Interim Period are attached hereto as **Exhibit A**. A summary of all fees earned during the First Interim Period is outlined below:

|  | Monthly Fees | Payment(s) Received | Amount Due |
|---|---|---|---|
| August 30, 2020 (for September 2020) | $150,000.00 | $150,000.00[4] | $0.00 |
| September 30, 2020 (for October 2020) | $150,000.00 | $0.00 | $150,000.00 |
| October 30, 2020 (November 2020) | $150,000.00 | $0.00 | $150,000.00 |
| **Total** | **$450,000.00** | **$150,000.00** | **$300,000.00** |

17.     Houlihan Lokey respectfully submits that the compensation requested for the services rendered by Houlihan Lokey to the Debtors during the First Interim Period is fully justified and reasonable based upon (a) the complexity of the issues presented, (b) the skill necessary to perform the financial advisory and investment banking services properly, (c) the preclusion of other employment, (d) the customary fees charged to clients in non-bankruptcy

---

[4]      The Monthly Fee due August 30th was paid prior to the Petition Date.

situations for similar services rendered, (e) time constraints required by the exigencies of the case, and (f) the experience, reputation and ability of the professionals rendering services.

18.     Houlihan Lokey respectfully submits that the services it has rendered to the Debtors have been necessary and in the best interests of the Debtors and the Debtors' estates. Houlihan Lokey respectfully submits that under the criteria normally examined in chapter 11 reorganization cases, the compensation requested by Houlihan Lokey is reasonable in light of the work performed by Houlihan Lokey in connection with these cases.

19.     The amount of the compensation sought in this Application and Houlihan Lokey's billing practices are consistent with market practices in a bankruptcy context.  Houlihan Lokey has never billed its clients based on the number of hours expended by its professionals.  Accordingly, Houlihan Lokey does not have hourly rates for its professionals, and Houlihan Lokey's professionals generally do not maintain detailed time records of the work performed for its clients. However, consistent with the Retention Order, Houlihan Lokey has maintained contemporaneous time records in these cases in one-half hour increments. Time records of the 3,963.5 hours expended by Houlihan Lokey professionals in providing investment banking services to the Debtors during the First Interim Period are provided in **Exhibit C**.

9

20.     A summary of the hours expended by Houlihan Lokey professionals during the First Interim Period is summarized below:

| | August 3 – 31, 2020 | September 2020 | October 2020 | November 2020[5] | Total |
|---|---|---|---|---|---|
| **Summary of Hours Expended By Professional During the First Interim Period** | | | | | |
| **Professional** | | | | | |
| John-Paul Hanson | 120.5 | 99.0 | 101.5 | 114.5 | 435.5 |
| Daniel F. Crowley III | 214.0 | 108.5 | 123.5 | 127.0 | 573.0 |
| Michael Haney | 226.5 | 143.5 | 123.0 | 123.5 | 616.5 |
| Ahmed Moussa | 204.5 | 106.0 | 150.0 | 160.0 | 620.5 |
| Nicholas Self | 254.0 | 241.5 | 208.5 | 246.0 | 950.0 |
| John Kinsella | 145.5 | 186.0 | 180.0 | 180.0 | 691.5 |
| Jerry Eumont | 1.0 | 2.5 | 8.0 | 1.0 | 12.5 |
| Manuel Amaro | 1.0 | 2.5 | 8.0 | 1.0 | 12.5 |
| Richard Villanueva | 3.0 | 4.5 | 11.0 | 8.5 | 27.0 |
| Ed Trevino | 1.0 | 4.5 | 11.0 | 8.0 | 24.5 |
| **Total** | **1,171.0** | **898.5** | **924.5** | **969.5** | **3,963.5** |

21.     Out-of-pocket expenses incurred by Houlihan Lokey are charged to a client if out-of-pocket expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client. Houlihan Lokey does not factor general overhead expenses into any disbursements charged to its clients in connection with chapter 11 cases. Houlihan Lokey's expense summary and detail are attached hereto as **Exhibit B**.

22.     Houlihan Lokey has disbursed $4,826.35 as expenses incurred in providing professional services during the First Interim Period. It is Houlihan Lokey's policy to charge its clients for all actual and necessary expenses incurred in connection with the engagement. The expenses charged to clients include, among other things, telephone and telecopier charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," and computerized research.

---

[5]     The terms of Houlihan Lokey's engagement provide that the Monthly Fee for November 2020 is due on October 30, 2020, which falls within the First Interim Compensation Period. Accordingly, Houlihan Lokey attaches to this Application the time records of its professionals relating to the November Monthly Fee.

In accordance with the applicable factors enumerated in the Bankruptcy Code, it is respectfully submitted that the amount requested by Houlihan Lokey is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

23.     All services for which Houlihan Lokey requests compensation were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

24.     No agreement or understanding exists between Houlihan Lokey and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

## VIII.  Notice

25.     Notice of this Application will be provided in accordance with the procedures set forth in the Retention Order.  The Debtors respectfully submit that no further notice is required.

## IX.  No Prior Request

26.     No prior application for the relief requested herein has been made to this or any

other court.

**WHEREFORE**, Houlihan Lokey respectfully requests that the Court enter an order

substantially in the form attached hereto as **Exhibit D**:

(a)     allowing and granting interim approval of Houlihan Lokey's Monthly Fees earned during the First Interim Period;

(b)     authorizing and directing the Debtors to pay Houlihan Lokey's allowed and unpaid fees and expenses earned during the First Interim Period as follows:

| | |
|---|---:|
| Monthly Fees | $450,000.00 |
| Plus: Total Expenses Reimbursement | $4,826.35 |
| Less: Expense Retainer Applied | ($4,826.35) |
| Less: Monthly Fees Received | ($150,000.00) |
| **Total Amount Due** | **$300,000.00** |

(c)     and granting such other and further relief as this Court deems just and proper.

Dated: February 23, 2021

New Canaan, CT

Respectfully Submitted,

By: _____

    John-Paul Hanson
    Managing Director
    Houlihan Lokey Capital, Inc.

*Financial Advisor and Investment Banker to the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## CERTIFICATION OF JOHN-PAUL HANSON

I, John-Paul Hanson, certify as follows:

1.      I am a Managing Director of Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**"), and am a senior banker in the firm's Financial Restructuring Group with respect to the oil and gas industry and sub-sectors.

2.      I have read Houlihan Lokey's first interim fee application for allowance of compensation for services rendered as financial advisor and investment banker to the above-captioned Debtors (the "**Debtors**") for the period of August 3, 2020 through October 31, 2020 (the "**Application**").  To the best of my knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought in the Application is in conformity with the Bankruptcy Code, the Local Rules for Southern District of Texas, and the Guidelines for Compensation and Expense Reimbursement of Professionals, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

those customarily employed by Houlihan Lokey and generally accepted by Houlihan Lokey's clients.

Dated: February 23, 2021          Respectfully Submitted,

New Canaan, CT

By: _____

John-Paul Hanson
Managing Director
Houlihan Lokey Capital, Inc.

2