# IN THE UNITED STATES BANKEUPRCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **FIELDWOOD ENERGY, LLC,** *et al.* | **CASE NO.**<br>**20-33948 (MI)** |
| **DEBTORS**[1] | **(Jointly Administered)** |

## MOTION OF AUBREY WILD FOR PARTIAL RELIEF
## FROM THE AUTOMATIC STAY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING HAS BEEN SET ON THIS MOTION FOR MARCH 26, 2021, AT 9:00 A.M. BEFORE THE HONORABLE MARVIN ISGUR. THE HEARING WILL BE HELD BY VIDEO AND AUDIO PURSUANT TO THE LOCAL RULES ON THE WEB SITE OF JUDGE ISGUR AND THE SOUTHERN DISTRICT OF TEXAS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

NOW INTO COURT, through undersigned counsel, comes Aubrey Wild (hereinafter "Mr. Wild"), a creditor and party in interest in this proceeding, and herein seeks the entry of an order of the Court modifying the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), to liquidate and have adjudicated his claims for personal injuries and damages as to the debtor Fieldwood Energy, LLC. In support of this motion, Mr. Wild respectfully avers as follows:

### Jurisdiction

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

2.

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3.

This Court has the authority to grant the relief sought pursuant to 11 U.S.C. § 362(d).

### Venue

4.

Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Procedure

5.

Procedurally, this motion is governed by Bankruptcy Rules 4001 and 9014.

### Background

6.

On August 3, 2020, Fieldwood Energy, LLC, Fieldwood Energy, Inc., Fieldwood Onshore, LLC, Fieldwood SD Offshore, LLC, Fieldwood Energy Offshore, LLC, Fieldwood Offshore, LLC, GOM Shelf, LLC, FW GOM Pipeline, Inc., Galveston Bay Procession, LLC, Galveston Bay

Procession, LLC, Fieldwood Energy SP, LLC, Dynamic Offshore Resources NS, LLC, Bandon Oil and Gas, LP, and Bandon Oil and Gas GP, LLC (collectively the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

7.

The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

8.

Since the filing of their respective Chapter 11 proceedings, the Debtors remain in possession of their property and the operation of their business pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**Mr. Wild's Claims for Personal Injury and Damages**

9.

Prior to the filing of Fieldwood Energy, LLC's voluntary petition, on or about November 8, 2019, Mr. Wild, while working on an oil and gas platform owned, operated, leased, controlled and/or maintained by Fieldwood Energy, LLC and/or Acadian Contractors, Inc., contracted flesh-eating bacteria by drinking and bathing in the water provided to him for use while living on the platform. The oil and gas platform at issue was located at or near 100 miles southeast of Houma, Louisiana, on the Continental Shelf.

10.

Fieldwood Energy, LLC owned, operated, leased, controlled and/or maintained the oil and gas platform on which Mr. Wild was working as a third-party medic, and Fieldwood Energy,

LLC had a duty to maintain the platform free from hazards or defects and to provide a safe environment on the platform, including the use of clean, safe water.

11.

At the time of the incident, Fieldwood Energy, LLC negligently failed to maintain a safe and healthy water supply on the platform thereby causing Mr. Wild to come into contact with and contract a flesh-eating bacterium.

12.

As a result of contracting the flesh-eating bacteria, Mr. Wild suffered personal and bodily injuries and mental anguish, including but not limited to, severe leg injuries, necrosis of the leg, multiple surgery procedures, all causing permanent disability and constant pain.

13.

As a result of the November 8, 2019 incident, Mr. Wild has suffered and continues to suffer physical pain and mental injuries as well as inconvenience, entitling him to recovered damages, which damages include but are not limited to, the following:

(i) Past, present, and future physical pain and suffering;

(ii) Past, present, and future mental and emotional pain and suffering;

(iii) Past, present, and future medical, therapy, and pharmacological expenses;

(iv) Past, present, and future loss of enjoyment of life;

(v) Past, present, and future loss of wages;

(vi) Impairment of future earning capacity; and

(vii) Additional damages to be shown at the trial of his claim.

14.

The afore-enumerated acts of negligence of Fieldwood Energy, LLC are in addition to other acts of negligence which will be shown at the trial of this matter.

15.

Also, as a result of the foregoing incident, on August 28, 2020, Mr. Wild filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in proceedings entitled "Aubrey Wild vs. Fieldwood Energy, LLC, ABC Insurance Company, Acadian Contractors, Inc., XYZ Insurance Company and Harold Lirette" (hereinafter the "19th JDC Litigation") therein seeking damages for his personal injury claims. A copy of the Petition for Damages filed in the 19th JDC Litigation, the allegations of which are incorporated herein as if plead herein *in extenso*, is attached hereto and marked as Exhibit "1".

16.

On or about October 1, 2020, Fieldwood Energy, LLC filed a Notice of Removal with the U. S. District Court for the Middle District of Louisiana thereby removing the 19th JDC Proceeding. A copy of the Notice of Removal is attached hereto and marked as Exhibit "2".

17.

Mr. Wild is entitled to a trial by jury on his claims and he expressly reserves that right.

18.

Upon information and belief, the debtor Fieldwood Energy, LLC had in full force and effect a policy of liability insurance coverage that was issued to it and that is applicable to the persons, matters, things, entities, acts, omissions, and/or claims involved in the 19th JDC Litigation, and, as such, that insurer is jointly, severally, and *in solido* liable to Mr. Wild along

with its insured under Louisiana Revised Statute 22:1269 (formerly La. R.S. 22:655).[2]

19.

As of this date, upon information and belief, the name and identity of Fieldwood Energy, LLC's insurer is unknown to Mr. Wild.

---

[2] La. R.S. 22:1269 provides, in pertinent part, as follows:

Liability policy; insolvency or bankruptcy of insured and inability to effect service of citation or other process; direct action against insurer

A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.

B.(1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solid, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:

    (a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

    (b) The insured is insolvent.

    (c) Service of citation or other process cannot be made on the insured.

    (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

    (e) When the insurer is an uninsured motorist carrier.

    (f) The insured is deceased.

(2) This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.

20.

Mr. Wild has expressly claimed those damages due him under the policies of insurance provided by the insurer of Fieldwood Energy, LLC in his Petition for Damages filed in the 19th JDC Litigation.

21.

Mr. Wild does not consent to the jurisdiction of the U. S. Bankruptcy Court for the Southern District of Texas.

**Relief Requested**

22.

Pursuant to this motion and section 362(d) of the Bankruptcy Code, Mr. Wild seeks the entry of an order providing for partial relief from and/or a modification of the automatic stay in order to permit him to proceed with the adjudication and liquidation of his claims for personal injuries and damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, or the U. S. District Court for the Middle District of Louisiana, against both Fieldwood Energy, LLC and its insurer, but not to execute or enforce any judgment obtained as to the debtor.

23.

More particularly, Mr. Wild does not seek to execute or enforce any judgment obtained as to the debtor Fieldwood Energy, LLC but only to (i) adjudicate and liquidate his claims for personal injuries and damages to a judgment in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, or the U.S. District Court for the Middle District of Louisiana against both Fieldwood Energy, LLC and its insurer; (ii) execute or enforce any judgment obtained against Fieldwood Energy, LLC and/or its insurer against the said debtor's insurer only; and (iii) to the extent any judgment obtained against the debtor Fieldwood Energy, LLC and/or its insurer is not

satisfied or paid in full by the said debtor's insurer, to have the balance thereof or remaining deficiency recovered from the debtor only through the U. S. Bankruptcy Court.[3]

24.

The extent of the modification of the stay and declaratory relief sought herein also includes the conducting of discovery as to the debtor Fieldwood Energy, LLC and its principals.

25.

11 U.S.C. § 362(d)(1) provides, in pertinent part, as follows:

> On request of a party-in-interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause….

26.

While neither section 362(d)(1) nor its legislative history defines "cause", it is viewed as a broad and flexible concept. *In re M.J. & K. Co., Inc.*, 161 B.R. 586, 590 (Bkrtcy. S.D.N.Y. 1993). Moreover, the determination of whether sufficient cause exists to grant relief must be addressed on a case-by-case basis. *Id.* at 591.

27.

In determining whether such relief should be entered to proceed with litigation in another forum, courts have developed a balancing test whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff. *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bkrtcy. 1984). The factors which courts normally consider in the application of this balancing test include (1) whether only issues of state law are involved; (2)

---

[3] For avoidance of doubt, Mr. Wild is reserving his claims against the debtor to the extent such claims are not paid or satisfied, in full, by the said debtor's insurer.

whether judicial economy will be prompted; (3) whether the litigation will interfere with the bankruptcy case; and (4) whether the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court. *In re Robbins*, 964 F. 2d 342, 345 (4th Cir. 1992). With respect to claims for personal injuries, the litigation of which cannot take place within the bankruptcy court, bankruptcy courts routinely lift the stay to allow tort suits to go forward in state court to determine the liability, if any, of the debtor. See *In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001), and *In re Miller*, 589 B.R. 550, 562 (Bankr. S.D. Miss. 2018) ("[I]f the state-law claims are 'personal injury tort claims' within the meaning of 28 U.S.C. § 157(b)(2)(B), (b)(2)(O), and (b)(5), the Court lacks authority to try them"). Moreover, it is well settled that where a modification of the stay is sought solely to establish the liability of the debtor to permit a plaintiff to proceed against a surety, insurer, or other third party, cause exists for granting such relief. *In re Holtkamp*, 669 F. 2d 505 (7th Cir. 1982).

28.

Upon application and a balancing of those factors customarily considered by courts in determining whether to accord stay relief for the purpose of allowing litigation to proceed in another forum to the facts prevalent in the instant matter, it becomes readily apparent that such factors weigh heavily in favor of stay relief as to Mr. Wild, especially in light of the following circumstances, to-wit:

a) Mr. Wild's claims for personal injuries and damages must be adjudicated, and those claims cannot be adjudicated by the Bankruptcy Court, since Mr. Wild does not consent to the Bankruptcy Court conducting a jury trial of his claims.

b) Mr. Wild's claims for personal injuries and damages against the debtor and its insurer currently pending in the 19th JDC Litigation arise solely under Louisiana law.

c) The issues surrounding Mr. Wild's personal injury claims and damages do not compromise a core-proceeding under 28 U.S.C. § 157(b)(2)(0), involve issues of state law, and would best be decided by the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, or the U. S. District Court for the Middle District of Louisiana where the case is currently pending.

d) Mr. Wild will suffer economic hardship if he is unable to prosecute his personal injury claims against the debtor Fieldwood Energy, LLC for the purpose of determining the said debtor's liability, and hence that of its insurer, for those claims.

e) Upon information and belief, Fieldwood Energy, LLC's insurer is liable for the satisfaction of Mr. Wild's claims against the said debtor; however, no collection and/or recovery against Fieldwood Energy, LLC's insurer can be had until an adjudication is made as to Mr. Wild's personal injury claims against the debtor.

f) Upon further information and belief, Fieldwood Energy, LLC's insurer is also liable for the defense of the action filed by Mr. Wild in the 19th JDC Litigation and the damages caused by the debtor.

g) To the extent an adjudication is obtained in Mr. Wild's favor, there will be no interference with or collection from the bankruptcy estate, with the only enforcement contemplated as to the debtor to be had in the U. S. Bankruptcy Court.

h) Lifting of the automatic stay will result in a complete resolution of the issues between Mr. Wild and Fieldwood Energy, LLC herein, including the said debtor's insurer.

i) The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and the U. S. District Court for the Middle District of Louisiana have the expertise and are fully

capable of adjudicating Mr. Wild's state-law claims for personal injuries against the debtor and its insurer.

j) Absent a modification of the stay, Mr. Wild will be unable to adjudicate his claims against the debtor and the debtor's insurer.

k) The extent of the relief sought by Mr. Wild is to liquidate his claims to judgment in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, or the U. S. District Court for the Middle District of Louisiana, and not to execute on same as to Fieldwood Energy, LLC should judgment be rendered in his favor.

29.

Accordingly, the modification of the stay as requested herein will not affect or prejudice the debtor Fieldwood Energy, LLC or the bankruptcy estate. It will only allow Mr. Wild to establish the amount of his claims and, if successful, to recover his claims from Fieldwood Energy, LLC's insurer. In the event and only to the extent that there is any deficiency after recovery against the debtor's insurer then, and only then, will recovery be sought from the debtor but only through the Bankruptcy Court as to the said debtor (e.g., via the debtor's Plan of Reorganization).

WHEREFORE, Aubrey Wild prays that, after notice and hearing, this Court enter an order modifying, terminating or annulling the automatic stay so as to allow and permit said mover to (i) adjudicate and liquidate his claims for personal injuries and damages to a judgment in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, or the U. S. District Court for the Middle District of Louisiana against both the debtor Fieldwood Energy, LLC and its insurer; (ii) conduct discovery as to the debtor and its principals in connection with his claims for personal injuries and damages; (iii) execute or enforce any judgment obtained as to the debtor Fieldwood Energy, LLC and/or its insurer against the said debtor's insurer only; and (iv) to the

extent that any judgment obtained as to the debtor Fieldwood Energy, LLC and/or its insurer is not satisfied or paid in full by the debtor's insurer, to have the balance thereof or remaining deficiency enforced only in the U. S. Bankruptcy Court and in the within Chapter 11 proceeding as to the debtor.

          Respectfully submitted,

          */s/ James H. Hall*
          James H. Hall
          Tex. Bar. No. 24041040
          S.D. Tex. ID No. 36,904
          CABELLO HALL ZINDA, PLLC
          801 Travis Suite 1610
          Houston, Texas 77002
          Telephone: (832) 631-9993
          Facsimile: (832) 631-9991
          e-mail: james@chzfirm.com

          and

          Darryl T. Landwehr (17677)
          LANDWEHR LAW FIRM
          935 Gravier Street, Suite 835
          New Orleans, Louisiana 70112
          Telephone: (504) 561-8086
          Email: dtlandwehr@att.net

          Attorneys for Aubrey Wild

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that a good faith effort to resolve this matter prior to the filing of the instant motion, he conferred with counsel for the debtors regarding the relief requested therein, and an agreement cannot be reached at this time.

*/s/ Darryl T. Landwehr*
Darryl T. Landwehr

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion for Partial Relief from the Automatic Stay was served via the Court's ECF notification system to all parties requesting notice and by U. S. mail to the debtor at Fieldwood Energy, 2000 W. Houston, BKWY South, Suite 1200, Houston, Texas 77042, the Office of the U. S. Trustee, and the parties listed on the attached service list, on the 26th day of February, 2021.

*/s/ Darryl T. Landwehr*
Darryl T. Landwehr

| | | |
|---|---|---|
| AKERMAN LLP<br>2001 ROSS AVENUE, SUITE 3600<br>DALLAS, TX 75201 | ALEXANDER DUBOSE&<br>JEFFERSON LLP<br>1844 HARVARD STREET<br>HOUSTON, TX 77008 | ALLEN & GOOCH, A LAW<br>CORPORATION<br>2000 KALISTE SALOOM ROAD,<br>SUITE 400<br>P.O. BOX 81129<br>LAFAYETTE, LA 70598-1129 |
| ANDERSON, LEHRMAN, BARRE &<br>MARAIST, LLP<br>GASLIGHT SQUARE<br>1001 THIRD STREET, STE 1<br>CORPUS CHRISTI, TX 78404 | ANDREWS MYERS, P.C<br>1885 SAINT JAMES PLACE<br>15TH FLOOR<br>HOUSTON, TX 77056 | BAKER DONELSON BEARMAN<br>CALDWELL & BERKOWITZ, PC<br>201 ST. CHARLES AVENUE<br>SUITE 3600<br>NEW ORLEANS, LA 70170 |
| BALCH & BINGHAM LLP<br>811 LOUISIANA STREET<br>SUITE 1010<br>HOUSTON, TX 77002 | BARNET B. SKELTON, JR.<br>815 WALKER, SUITE 1502<br>HOUSTON, TX 77002 | BECKET & LEE LLP<br>PO BOX 3001<br>MALVERN, PA 19355-0701 |
| BRACEWELL LLP<br>185 ASYLUM STREET<br>CITYPLACE I, 34TH FLOOR<br>HARTFORD, CT 06103 | BRACEWELL LLP<br>711 LOUISIANA STREET<br>SUITE 2300<br>HOUSTON, TX 77002 | CARVER, DARDEN, KORETZKY,<br>TESSIER, FINN, BLOSSMAN &<br>AREAUX L. L. C.<br>1100 POYDRAS STREET<br>SUITE 3100<br>NEW ORLEANS, LA 70163 |
| CHIESA SHAHINIAN &<br>GIANTOMASI<br>ONE BOLAND DRIVE<br>WEST ORANGE, NJ 07052 | CLARK HILL STRASBURGER<br>720 BRAZOS<br>SUITE 700<br>AUSTIN, TX 78701 | CLARK HILL STRASBURGER<br>901 MAIN STREET, SUITE 6000<br>DALLAS, TX 75202-3794 |
| COLE SCHOTZ P.C.<br>301 COMMERCE STREET<br>SUITE 1700<br>FORT WORTH, TX 76102 | CONTROLLER<br>204 INDUSTRIAL AVE C<br>HOUMA, LA 70363 | CRADY JEWETT MCCULLEY &<br>HOUREN LLP<br>2727 ALLEN PARKWAY<br>SUITE 1700<br>HOUSTON, TX 77019 |
| DAVIDSON, MEAUX, SONNIER,<br>McELLIGOTT, FONTENOT,GIDEON<br>& EDWARDS<br>810 SOUTH BUCHANAN STREET<br>PO BOX 2908<br>LAFAYETTE, LA 70502-2908 | DAVIS POLK & WARDWELL LLP<br>450 LEXINGTON AVENUE<br>NEW YORK, NY  10017 | DLS, LLC<br>141 S. 6TH STREET<br>EUNICE, LA 70535 |
| DORE ROTHBERG MCKAY, P.C.<br>17171 PARK ROW<br>SUITE 160<br>HOUSTON, TX 77084 | ENVIRONMENTAL PROTECTION<br>AGENCY - REGION 4 (AL, FL, GA,<br>KY, MS, NC, SC, TN)<br>ATLANTA FEDERAL CENTER, 61<br>FORSYTH STREET<br>ATLANTA, GA 30303-3104 | ENVIRONMENTAL PROTECTION<br>AGENCY - REGION 6 (AR, LA, NM,<br>OK, TX)<br>1445 ROSS AVENUE<br>SUITE 1200<br>DALLAS, TX 75202-2733 |
| EVERSHEDS SUTHERLAND (US)<br>LLP<br>1001 FANNIN STREET<br>SUITE 3700<br>HOUSTON, TX 77002 | FARRIMOND CASTILLO &<br>BRESNAHAN, PC<br>130 E. TRAVIS ST<br>SUITE 350<br>SAN ANTONIO, TX 78205 | FIELDWOOD ENERGY LLC<br>2000 W. SAM HOUSTON PKWY<br>SOUTH<br>SUITE 1200<br>HOUSTON, TEXAS 77042 |
| FISHERBROYLES, LLP<br>2925 RICHMOND AVE.<br>SUITE 1200<br>HOUSTON, TX 77098 | FOLEY & LARDNER LLP<br>1000 LOUISIANA STREET, SUITE<br>2000<br>HOUSTON, TX 77002-2099 | FORSHEY & PROSTOCK, LLP<br>777 MAIN STREET<br>SUITE 1550<br>FORT WORTH, TX 76102 |

| | | |
|---|---|---|
| FROST BROWN TODD LLC<br>900 ROSEWOOD COURT<br>2101 CEDAR SPRINGS ROAD<br>DALLAS, TX 75201 | GIEGER, LABORDE &<br>LAPEROUSE, L.L.C.<br>701 POYDRAS STREET<br>SUITE 4800<br>NEW ORLEANS, LA 70139-4800 | GIEGER, LABORDE &<br>LAPEROUSE, L.L.C.<br>701 POYDRAS STREET, SUITE 4800<br>NEW ORLEANS, LA 70139-4800 |
| GIEGER, LABORDE &<br>LAPEROUSE, L.L.C.<br>5151 SAN FELIPE<br>SUITE 750<br>HOUSTON, TX 77056 | HALL, ESTILL, HARDWICK,<br>GABLE, GOLDEN & NELSON, P.C.<br>320 SOUTH BOSTON AVENUE,<br>SUITE 200<br>TULSA, OK 74103-3706 | HARRIS BEACH LLC<br>333 W. WASHINGTON STREET,<br>SUITE 200<br>SYRACUSE, NY 13202 |
| HAYNES AND BOONE, LLP<br>1221 MCKINNEY STREET, SUITE 4000<br>HOUSTON, TX 77010 | HOLLAND & KNIGHT LLP<br>150 N. RIVERSIDE PLAZA<br>CHICAGO, IL 60606 | HOLLAND & KNIGHT LLP<br>150 N. RIVERSIDE PLAZA, SUITE 2700<br>CHICAGO, IL 60606 |
| HOWLEY LAW PLLC<br>PENNZOIL PLACE – SOUTH TOWER<br>711 LOUISIANA ST, SUITE 1850<br>HOUSTON, TX 77002 | HUGHES WATTERS ASKANASE, L.L.P.<br>TOTAL PLAZA<br>1201 LOUISIANA, 28TH FLOOR<br>HOUSTON, TX 77002 | HUNTON ANDREWS KURTH LLP<br>600 TRAVIS STREET<br>SUITE 4200<br>HOUSTON, TX 77002 |
| HUSCH BLACKWELL LLP<br>1900 N. PEARL, SUITE 1800<br>DALLAS, TX 75201 | HUSCH BLACKWELL LLP<br>111 CONGRESS AVENUE, SUITE 1400<br>AUSTIN, TX 78701 | HUSCH BLACKWELL LLP<br>600 TRAVIS STREET<br>SUITE 2350<br>HOUSTON, TX 77002 |
| INTERNAL REVENUE SERVICE<br>2970 MARKET ST.<br>PHILADELPHIA, PA 19104-5016 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | JACKSON WALKER LLP<br>1401 MCKINNEY STREET, SUITE 1900<br>HOUSTON, TX 77010 |
| JENNINGS HAUG CUNNINGHAM<br>2800 NORTH CENTRAL AVENUE<br>SUITE 1800<br>PHOENIX, AZ 85004 | KANE RUSSELL COLEMAN LOGAN PC<br>5051 WESTHEIMER RD., 10TH FLOOR<br>HOUSTON, TX 77056 | KREBS FARLEY & DRY, PLLC<br>400 POYDRAS STREET<br>SUITE 250<br>NEW ORLEANS, LA 70130 |
| KREBS FARLEY & DRY, PLLC<br>909 18TH STREET<br>PLANO, TX 75074 | LANGLEY LLP<br>P.O. BOX 94075<br>SOUTHLAKE, TX 76092 | LAW OFFICE OF PATRICIA WILLIAMS PREWITT<br>10953 VISTA LAKE COURT<br>NAVASOTA, TX 77868 |
| LAW OFFICES OF JOHN A. MOUTON, III<br>P.O. BOX 82438<br>LAFAYETTE, LA 70598 | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>PO BOX 17428<br>AUSTIN, TX 78760-7428 | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>PO BOX 3064<br>HOUSTON, TX 77253-3064 |
| LOCKE LORD LLP<br>601 POYDRAS ST<br>SUITE 2660<br>NEW ORLEANS, LA 70130 | LOCKE LORD LLP<br>600 TRAVIS STREET<br>SUITE 2800<br>HOUSTON, TX 77002 | LOOPER GOODWINE P.C.<br>650 POYDRAS STREET, SUITE 2400<br>NEW ORLEANS, LA 70130 |

| | | |
|---|---|---|
| LOUISIANA DEPARTMENT OF JUSTICE<br>CIVIL DIVISION/LANDS & NATURAL RESOURCES<br>P.O. BOX 94005<br>BATON ROUGE, LA 70804-9005 | LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD<br>601 POYDRAS ST., SUITE 2775<br>NEW ORLEANS, LA 70130 | MACQUARIE CORPORATE AND ASSET FUNDING INC<br>3100 WEST END AVE<br>SUITE 325<br>NASHVILLE, TN 37203 |
| MAHTOOK & LAFLEUR, LLC<br>600 JEFFERSON ST., 10TH FLOOR<br>LAFAYETTE, LA 70501 | MANIER & HEROD, P.C.<br>1201 DEMONBREUN ST<br>SUITE 900<br>NASHVILLE, TN 37203 | MCDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.<br>11 NORTH WATER STREET (36602), SUITE 13290<br>P.O. BOX 350<br>MOBILE, AL 36601 |
| MORROW SHEPPARD LLP<br>3701 KIRBY DRIVE<br>SUITE 1000<br>HOUSTON, TX 77098 | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>BANKRUPTCY & COLLECTIONS DIVISION<br>P. O. BOX 12548 MC008<br>AUSTIN, TX 78711-2548 | OFFICE OF THE UNITED STATES TRUSTEE<br>515 RUSK AVE.<br>STE. 3516<br>HOUSTON, TX 77002 |
| PAMELA H. WALTERS<br>2520 W.W. THORNE DRIVE<br>HOUSTON, TX 77073 | PARKINS LEE & RUBIO LLP<br>PENNZOIL PLACE<br>700 MILAM STREET, SUITE 1300<br>HOUSTON, TX 77002 | PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.<br>3301 NORTHLAND DRIVE<br>SUITE 505<br>AUSTIN, TX 78731 |
| PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.<br>1235 NORTH LOOP WEST<br>SUITE 600<br>HOUSTON, TX 77008 | PHELPS DUNBAR LLP<br>365 CANAL STREET<br>SUITE 2000<br>NEW ORLEANS, LA 70130-6534 | PORTER & POWERS, PLLC<br>1776 YORKTOWN SUITE 300<br>HOUSTON, TX 77056 |
| PORTER HEDGES LLP<br>1000 MAIN STREET, 36TH FLOOR<br>HOUSTON, TX 77002 | PORTER HEDGES LLP<br>1000 MAIN STREET, 36TH FLOOR<br>HOUSTON, TX 77002 | PRIME CLERK, LLC<br>ONE GRAND CENTRAL PLACE<br>60 EAST 42ND STREET, SUITE 1440<br>NEW YORK, NY 10165 |
| REED SMITH LLP<br>2850 N. HARWOOD STREET<br>DALLAS, TX 75201 | ROSS, BANKS, MAY, CRON & CAVIN, P.C.<br>7700 SAN FELIPE<br>SUITE 550<br>HOUSTON, TX 77063 | RUDY URBAN, CREDIT MANAGER<br>635 BRAKE RIDGE COURT<br>SEYMOUR, TN 37865 |
| RUSH, RUSH & CALOGERO<br>202 MAGNATE DRIVE<br>LAFAYETTE, LA 70508 | SECURITIES & EXCHANGE COMMISSION<br>100 F ST NE<br>WASHINGTON, DC 20549 | SECURITIES & EXCHANGE COMMISSION - FORT WORTH OFFICE<br>BURNETT PLAZA<br>801 CHERRY ST., STE. 1900 UNIT 18 |
| SECURITIES & EXCHANGE COMMISSION - NY OFFICE<br>BROOKFIELD PLACE<br>200 VESEY STREET STE 400<br>NEW YORK, NY 10281-1022 | SENIOR COUNSEL - GENESIS ENERGY, L.P.<br>919 MILAM<br>STE. 2100<br>HOUSTON, TX 77002 | SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.<br>400 POYDRAS STREET<br>SUITE 2550<br>NEW ORLEANS, LA 70130 |
| SHANNON, MARTIN, FINKELSTEIN, ALVARADO & DUNNE, P.C.<br>1001 MCKINNEY STREET, SUITE 1100<br>HOUSTON, TX 77002-6424 | SHIPMAN & GOODWIN LLP<br>400 PARK AVE, 5TH FLOOR<br>NEW YORK, NY 10022 | SHIPMAN & GOODWIN LLP<br>ONE CONSTITUTION PLAZA<br>HARTFORD, CT 06103-1919 |

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>1000 LOUISIANA ST., SUITE 5900<br>HOUSTON, TX 77002 | SNOW SPENCE GREEN LLP<br>P. O. BOX 549<br>HOCKLEY, TX 77447 | SPENCE, DESENBERG & LEE, PLLC<br>1770 SAINT JAMES PLACE<br>SUITE 625<br>HOUSTON, TX 77056 |
| STACY & BAKER, P.C.<br>1010 LAMAR STREET<br>SUITE 550<br>HOUSTON, TX 77002 | STATE OF ALABAMA ATTORNEY GENERAL<br>P.O. BOX 300152<br>MONTGOMERY, AL 36130-0152 | STATE OF ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT<br>1400 COLISEUM BOULEVARD<br>MONTGOMERY, AL 36110-2400 |
| STATE OF LOUISIANA ATTORNEY GENERAL<br>P.O. BOX 94095<br>BATON ROUGE, LA 70804-4095 | STATE OF LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ)<br>602 N. FIFTH STREET<br>BATON ROUGE, LA 70802 | STATE OF MISSISSIPPI ATTORNEY GENERAL<br>WALTER SILLERS BUILDING<br>550 HIGH STREET, SUITE 1200,<br>P.O. BOX 220<br>JACKSON, MS 39201 |
| STATE OF MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY (DEQ)<br>P.O. BOX 2261<br>JACKSON, MS 39225 | STATE OF TEXAS ATTORNEY GENERAL<br>CAPITOL STATION<br>PO BOX 12548<br>AUSTIN, TX 78711-2548 | STATE OF TEXAS COMMISSION ON ENVIRONMENTAL QUALITY<br>BUILDING LETTER<br>P O BOX 13087<br>AUSTIN, TX 78711-3087 |
| STEWART ROBBINS BROWN & ALTAZAN, LLC<br>301 MAIN STREET, SUITE 1640<br>P. O. BOX 2348<br>BATON ROUGE, LA 70821-2348 | STROOCK & STROOCK & LAVAN LLP<br>180 MAIDEN LANE<br>NEW YORK, NY 10038 | STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.<br>2323 BRYAN STREET, SUITE 2200<br>DALLAS, TX 75201 |
| TODD, BARRON, THOMASON, HUDMAN & BEBOUT, P.C.<br>3800 E. 42ND STREET, SUITE 409<br>ODESSA, TX 79762 | U.S. DEPARTMENT OF JUSTICE<br>P.O. BOX 875-BEN FRANKLIN STATION<br>WASHINGTON, DC 20044 | US ATTORNEY FOR SOUTHERN DISTRICT OF TEXAS<br>1000 LOUISIANA, STE 2300<br>HOUSTON, TX 77002 |
| VICTORIA V. THERIOT<br>P.O. BOX 1740<br>ABBEVILLE, LA 70511 | VINSON & ELKINS LLP<br>TRAMMELL CROW CENTER<br>2001 ROSS AVENUE SUITE 3700<br>DALLAS, TX 75201 | VINSON & ELKINS LLP<br>TRAMMELL CROW CENTER<br>2001 ROSS AVENUE, SUITE 3900<br>DALLAS, TX 75201 |
| WEIL, GOTSHAL & MANGES LLP<br>700 LOUISIANA STREET<br>SUITE 1700<br>HOUSTON, TX 77002 | WEIL, GOTSHAL & MANGES LLP<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | WEYCER, KAPLAN, PULASKI & ZUBER, P.C.<br>11 GREENWAY PLAZA<br>SUITE 1400<br>HOUSTON, TX 77046 |
| WICK PHILLIPS GOULD & MARTIN, LLP<br>3131 MCKINNEY AVENUE, SUITE 100<br>DALLAS, TX 75204 | FIELDWOOD ENERGY<br>2000 W. SAM HOUSTON PKWY.<br>SUITE 1200<br>HOUSTON, TX 77042 | |