## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,*[1] | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**COVERSHEET TO FIRST INTERIM FEE APPLICATION OF MANI LITTLE & WORTMANN, PLLC, AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIELDWOOD ENERGY LLC, *ET AL*., FOR THE PERIOD FROM OCTOBER 21, 2020 THROUGH AND INCLUDING DECEMBER 31, 2020**

| | | |
|---|---|---|
| Name of Applicant: | **Mani Little & Wortmann, PLLC** | |
| Applicant's Role in Case / Name of Client: | Special Counsel to the Official Committee of Unsecured Creditors of Fieldwood Energy LLC, *et al.* | |
| Interim or Final Application: | First Interim Fee Application | |
| Petition Date: | August 3, 2020 | |
| Retention Date: | October 21, 2020 | |
| Date Order of Employment Signed: | December 2, 2020 [Dkt. 630] | |
| Time period covered by this Application: | **Beginning of Period** | **End of Period** |
| | October 21, 2020 | December 31, 2020 |
| Time period covered by any prior Application: | No Prior Applications | |
| Total amounts awarded in all prior Applications: | No Prior Applications | |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

| | |
|---|---|
| Total fees requested in this Application: | $112,852.50 |
| Total professional fees requested in this Application: | $112,852.50 |
| Total actual professional hours covered by this Application: | 320.5 |
| Average hourly rate for professionals: | $352 |
| Total paraprofessional fees requested in this Application: | $0.00 |
| Total actual paraprofessional hours covered by this Application: | 0 |
| Average hourly rate for paraprofessionals: | $0 |
| Reimbursable expenses sought in this application: | $28,205.50 |
| Total to be Paid to Priority Unsecured Creditors: | Not yet determined. |
| Anticipated % Dividend to Priority Unsecured Creditors: | Not yet determined. |
| Total to be Paid to General Unsecured Creditors: | Not yet determined. |
| Anticipated % Dividend to General Unsecured Creditors: | Not yet determined. |
| Date of Confirmation Hearing: | Not yet determined. |
| Indicate whether plan has been confirmed: | No |
| Total allowed expenses paid to date: | N/A |
| Blended rate in this application for all attorneys: | $352 |
| Blended rate in this application for all timekeepers: | $352 |
| Compensation sought in this application already paid pursuant to the Interim | $90,282.00 |

| | |
|---|---|
| Compensation Order, as defined in this Application, but not yet allowed: | |
| Expenses sought in this application already paid pursuant to the Interim Compensation Order, as defined in this Application, but not yet allowed: | $28,205.50 |
| Number of professionals included in this application: | 3 |
| If applicable, number of professionals in this application not included in a staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 0 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | No |

Dated:  March 1, 2021
   Fort Worth, Texas

         Respectfully submitted,

         /s/ *Eric W. Wortmann II*
         Eric W. Wortmann II
         300 Austin Highway, Suite 150
         San Antonio, Texas 78209
         Telephone: (210) 403-9461
         Facsimile: (210) 403-9264

         *Special Counsel to the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,*[1] | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**FIRST INTERIM FEE APPLICATION OF MANI LITTLE & WORTMANN, PLLC, AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIELDWOOD ENERGY LLC, *ET AL.*, FOR THE PERIOD FROM OCTOBER 21, 2020 THROUGH AND INCLUDING DECEMBER 31, 2020**

> **THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Mani Little & Wortmann, PLLC ("Mani Little & Wortmann") special counsel to the

Official Committee of Unsecured Creditors (the "Committee") of Fieldwood Energy LLC, *et al.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

(the "Debtors"), hereby submits its first interim fee application (this "Application") for allowance and payment of compensation for services rendered in the amount of $112,852.50 and reimbursement of expenses in the amount of $28,205.50 that Mani Little & Wortmann incurred for the period from October 21, 2020 through and including December 31, 2020 (the "Fee Period"). In support of this Application, Mani Little & Wortmann submits the declaration of Eric W. Wortmann II (the "Wortmann Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Application, Mani Little & Wortmann respectfully states as follows:

## PRELIMINARY STATEMENT

1.      By this Application, Mani Little & Wortmann seeks allowance of its reasonable fees as well as the actual and necessary expenses incurred by Mani Little & Wortmann during the period commencing with its retention through December 31, 2020. In that time, Mani Little & Wortmann, acting on behalf of the Committee, analyzed Debtor's Deeds of Trust, UCC financing statements and oil and gas leases to determine whether the liens purportedly encumbering these leases had been perfected.

2.      The Committee was appointed on August 19, 2020, Mani Little & Wortmann was retained as special counsel on October 21, 2020, and Mani Little & Wortmann immediately began working on lien analysis for the Committee.

3.      These and other efforts undertaken by Mani Little & Wortmann advanced the interests and protected the rights of the Committee and of general unsecured creditors in these Chapter 11 Cases. For these reasons, and as further demonstrated below, Mani Little & Wortmann's fees and expenses are reasonable in the circumstances of these Chapter 11 Cases and Mani Little & Wortmann 's services to the Committee greatly benefitted the estates. Accordingly, Mani Little & Wortmann respectfully requests that the Court approve the Application.

2

## JURISDICTION

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), with recognition of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

## BACKGROUND

6.      On August 3, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7.      On August 18, 2020, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee, which was originally comprised of the following entities: (i) Oceaneering International, Inc.; (ii) Subsea 7 US LLC; (iii)

Halliburton Energy Services, Inc.; (iv) TETRA Technologies, Inc.; and (v) Workstrings International, L.L.C.[2]

8.　　On October 21, 2020, the Committee selected Mani Little & Wortmann to serve as its special counsel, subject to this Court's approval.

9.　　On September 17, 2020, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 367] ("Interim Compensation Order").

10.　　On October 30, 2020, the Committee filed the *Application Authorizing and Approving Retention and Employment of Mani Little & Wortmann, PLLC as Special Counsel to Official Committee ff Unsecured Creditors, effective as of October 21, 2020* [Docket No. 519] (the "Retention Application").　　December 2, 2020, the Court entered the *Order Authorizing Employment and Retention of Mani Little & Wortmann, PLLC as Special Counsel to the Official Committee of Unsecured Creditors Effective as of October 21, 2020* [Docket No. 630] (the "Retention Order"). The Retention Order authorizes Mani Little & Wortmann's employment and allows for compensation for Mani Little & Wortmann's services and reimbursement of its expenses in accordance with 11 U.S.C. §§ 330 and 331, the applicable provisions of the Bankruptcy Rules and the Bankruptcy Local Rules, and any orders of this Court.

11.　　Pursuant to the Interim Compensation Order, Mani Little & Wortmann has submitted two monthly fee statements for services rendered and expenses incurred: the first for the period covering October 21, 2020 through and including November 30, 2020 and the second for the period covering December 1, 2020 through and including December 31, 2020.  As of the date

---

[2] On October 9, 2020, Oceaneering International, Inc. resigned as a member of the Committee. On October 26, 2020, Subsea 7 US LLC resigned as a member of the Committee.

of the Application, Mani Little & Wortmann has not received any objections to its monthly fee statements.

    12.      In accordance with the Interim Compensation Order, Mani Little & Wortmann received payment of 80% of fees and 100% of expenses with respect to the first and second monthly statements.  A summary of the amounts paid to Mani Little & Wortmann in accordance with the Interim Compensation Order for the monthly statements related to the Fee Period is as follows:

| Monthly Statement Fee Period | Fees Incurred | Fees Paid (80%) | Expenses Incurred | Expenses Paid (100%) | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| October 21, 2020 – November 30, 2020 | $102,720.00 | $82,176.00 | $28,205.50 | $28,205.50 | $20,544.00 |
| December 1, 2020 – December 31, 2020 | $10,132.00 | $8,106.00 | $0.00 | $0.00 | $2,026.00 |
| Balance Owing: | | | | | $22,570.00 |

**RELIEF REQUESTED**

    13.      Mani Little & Wortmann requests that the Court enter an order (the "Order"), substantially in the form attached hereto as **Exhibit E**: (a) granting the interim allowance of compensation for the actual, reasonable and necessary professional and paraprofessional services that Mani Little & Wortmann provided during the Fee Period in the amount of $112,852.50 and reimbursement for Mani Little & Wortmann's actual, reasonable and necessary expenses in the amount of $28,205.50; and (b) authorizing and directing the Debtors to remit payment to Mani

Little & Wortmann for all approved but unpaid fees and expenses in the aggregate amount of $22,570.00.  In support of this Application, attached are the following exhibits:

- **Exhibit A**: Declaration of Eric W. Wortmann II

- **Exhibit B**: Summary of Mani Little & Wortmann's Fees and Expenses

- **Exhibit C**: Customary and Comparable Compensation Disclosures

- **Exhibit D**: First and Second Monthly Fee Statements

- **Exhibit E**: Order Granting First Interim Fee Application

### SUMMARY OF SERVICES PROVIDED BY MANI LITTLE & WORTMANN DURING THE FEE PERIOD

14.     As set forth in the Summary Cover Sheet to the First Interim Fee Application submitted herewith, Mani Little & Wortmann rendered a total of 320.5 hours of professional services during the Fee Period, for which it seeks compensation of $112,852.50, calculated in accordance with Mani Little & Wortmann's normal hourly rates in effect at the time the services were rendered.

15.     The fees and expenses incurred by Mani Little & Wortmann are reasonable based on the nature and extent of the services rendered, the size and complexity of these Chapter 11 Cases, the time, labor, and special expertise brought to bear on the questions presented and other related factors.  During the Fee Period, the professional services performed by Mani Little & Wortmann were necessary and appropriate to protect the rights and fulfill the obligations of the Committee given the nature and complexity of the issues at hand, were in the best interests of the Committee, all general unsecured creditors and other parties in interest, and were performed in an expeditious and efficient manner.  In addition, Mani Little & Wortmann coordinated with the Committee's other advisors, so as not to duplicate effort.  Accordingly, Mani Little & Wortmann

submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

16.     The following summary of services rendered during the Fee Period is not intended to be a detailed description of the work performed.  Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the issues to which Mani Little & Wortmann was required to direct its attention.[3]

### Mani Little & Wortmann Retention – Matter No. 0008

17.     Time in this category primarily relates to Mani Little & Wortmann's efforts in connection with the preparation and filing of Mani Little & Wortmann's retention application in accordance with U.S. Trustee Guidelines and the local rules, and obtaining the Court's approval thereof. During the Fee Period, Mani Little & Wortmann professionals expended significant time engaging in an expansive conflicts check that involved processing the names of hundreds of potential parties-in-interest in the Chapter 11 Cases through the firm's electronic database of current and former clients. Through the information generated from the search of the client database and the firm-wide inquiry, Mani Little & Wortmann professionals identified the connections listed in Mani Little & Wortmann's retention application, confirmed the nature of the representation, and drafted disclosures explaining the nature of the firm's relationship with certain parties-in-interest for the firm's retention application.

18.     Mani Little & Wortmann expended 5.8 hours in this category, for a total of $2,175.00 during the Fee Period.

---

[3] Pursuant to the U.S. Trustee Guidelines, Mani Little & Wortmann classified all services performed for which compensation is sought into twenty-three (23) categories.  Mani Little & Wortmann attempted to place the services performed in the category that best relates to the services provided.  However, because certain services may relate to one or more categories, services pertaining to one category may be included in another category. Timekeeping entries, attached hereto as **Exhibit D**, provide detailed descriptions of all services rendered with respect to each of these categories.

## Fee Applications– Matter No. 0009

19.     Time in this category includes, but is not limited to, Mani Little & Wortmann's efforts in preparing the First Monthly Fee Statement.

20.     Mani Little & Wortmann expended 7.4 hours in this category, for a total of $2,775.00 during the Fee Period.

## Lien Review – Matter No. 0012

21.     Time in this category includes, but is not limited to, reviewing and investigating the liens and collateral packages of the prepetition lenders to determine the extent and validity of their liens and security interests and the extent to which such liens were properly perfected, within the challenge period set forth in the DIP Order. In connection with the Committee's investigation and analysis, Mani Little & Wortmann reviewed and analyzed numerous debt documents and various other instruments, including security agreements, mortgages, oil and gas leases and UCC financing statements. Mani Little & Wortmann attorneys performed various searches and analyzed necessary filings to determine whether liens asserted by the lenders were properly perfected. Mani Little & Wortmann attorneys also coordinated with counsel in connection with their review of the pre-petition lenders' interest in the oil and leases.

22.     Mani Little & Wortmann expended 307.3 hours in this category, for a total of $107,902.50 during the Fee Period.

## BASIS FOR RELIEF REQUESTED

23.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under sections 327 or 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered…and reimbursement for

8

actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24.    The Fifth Circuit considers the following twelve factors set forth in *First Colonial*

in determining the validity of awards of attorneys' fees in bankruptcy cases: (i) time and labor

required; (ii) the novelty and difficulty of the questions; (iii) the skill required to perform the legal

services properly; (iv) the preclusion of other employment by the professional due to acceptance

of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations

imposed by the client or the circumstances; (viii) the amount involved and the results obtained;

(ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi)

the nature and length of the professional relationship with the client; and (xii) awards in similar

cases. *In re First Colonial Corp. of America,* 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977). These factors were adopted from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors." The original *Johnson* factors, as embraced by *First Colonial,* remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code. *See* 15 King, *Collier on Bankruptcy*, ¶ 330.04[3] at 330-35 to 330-41.

25.     The Fifth Circuit has rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). Instead, the Fifth Circuit enunciated a prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time they were rendered. *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015).

26.     Mani Little & Wortmann respectfully submits that it has met its burden under both section 330 of the Bankruptcy Code and the *Johnson* factors, and the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Committee and the general unsecured creditors of the estates, and were rendered to protect and preserve the Debtors' estates. Mani Little & Wortmann further believes that it performed the services for the Committee economically, effectively, efficiently, and the results obtained benefited not only the Committee, but also the Debtors' estates and the Debtors' constituents. Mani Little & Wortmann further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee and all parties in interest.

27.     As demonstrated below, Mani Little & Wortmann has satisfied the *Johnson* factors. Accordingly, it is respectfully requested that the Court allow the requested fees and expenses.

28.     **The Time and Labor Required**. Firm attorneys and paraprofessionals expended a total of 320.5 hours during the Fee Period.  The names of the attorneys and paraprofessionals who worked on these Chapter 11 Cases during the Fee Period appear in the Monthly Statements, attached as **Exhibit D**, along with detail regarding the specific services performed by each individual.  Many of the services rendered required a high degree of professional competence and expertise in order to be skillfully and expeditiously administered.   All professionals involved in rendering services to the Committee made a deliberate effort to avoid any unnecessary duplication of work and time expended.

29.     **The Novelty and Difficulty of Legal Problems Involved**. These Chapter 11 Cases have presented numerous difficult and complex legal issues that have been considered and addressed by Mani Little & Wortmann, all of which have required knowledge of the circumstances of these Chapter 11 Cases and application of the Bankruptcy Code, the Bankruptcy Rules and court decisions interpreting the same.  Mani Little & Wortmann s diligence and effective advocacy with respect to these issues have been beneficial to the Committee in these Chapter 11 Cases.

30.     **The Skill Required for Performance of Legal Services**. The number of difficult issues and matters addressed in these Chapter 11 Cases required a high degree of skill and expertise.  Mani Little & Wortmann's attorneys, with varying levels of experience and seniority, have been used effectively and efficiently to perform the necessary tasks and have provided valuable and effective assistance to the Committee. A thorough understanding of the Bankruptcy Code and Bankruptcy Rules was applied along with Mani Little & Wortmann's subject matter and industry expertise to assist the Committee. The compensation requested by Mani Little & Wortmann is consistent with the compensation awarded in other cases of similar size and complexity.

11

31.     **Preclusion of Other Employment Due to Acceptance of the Case**. Mani Little & Wortmann has not declined any representation solely because it serves as counsel for the Committee in these Chapter 11 Cases.  However, the issues that have arisen in these proceedings have required attention on an ongoing and often expedited basis and the commitment of significant portions of time by Mani Little & Wortmann attorneys.

32.     **The Customary Fee**.  Mani Little & Wortmann has computed the amount of compensation it seeks in this Application according to its customary rates.  The compensation sought herein is based upon Mani Little & Wortmann's normal hourly rates for services of this kind.  Moreover, the fees charged by Mani Little & Wortmann are similar to the fees charged by comparable law firms. The amount of work involved in these cases, the level of skill necessary to perform the work, and the results obtained by Mani Little & Wortmann justify an allowance of compensation in the requested amount.  The compensation sought herein is not unusual given the magnitude of these Chapter 11 Cases and the time dedicated by Mani Little & Wortmann to the representation of the Committee during the Fee Period.

33.     **Whether the Fee is Contingent or Fixed**. Mani Little & Wortmann 's fees for services rendered in these Chapter 11 Cases are based on its regular hourly rates (as adjusted periodically), subject in all respects to this Court's approval. Mani Little & Wortmann has not requested any contingent fee in these Chapter 11 Cases, and the allowance of Mani Little & Wortmann 's fees is not outcome-dependent.

34.     **Time Limitations Imposed by the Client or Other Circumstances**. At times during the Fee Period, as detailed above, the circumstances of these Chapter 11 Cases have imposed significant time constraints requiring attorneys assigned to these Chapter 11 Cases to work evenings and on weekends.  Mani Little & Wortmann is working diligently and efficiently,

with the assistance of the Committee's other advisors, to ensure that the Committee and its constituency are well represented and their interests protected.

35.     **The Results Obtained**. As described in this Application, Mani Little & Wortmann's analysis, investigatory work and actions, thus far, have been valuable to the Committee and the constituency it represents in preserving and protecting the interests of the unsecured creditors as these Chapter 11 Cases develop. Mani Little & Wortmann, on behalf of the Committee, has greatly contributed to the efficient administration of the Chapter 11 Cases.

36.     **The Experience, Reputation, and Ability of the Attorneys**. Mani Little & Wortmann possesses extensive experience, expertise and resources in oil and gas and lien review relevant to these Chapter 11 Cases.  Mani Little & Wortmann is nationally recognized in the field of oil and gas. Further, Mani Little & Wortmann attorneys, including those who have provided legal services in these Chapter 11 Cases, have actively participated in leadership positions in bar associations and other organizations, have written for local and national publications, and have spoken on panels involving oil and gas issues. Mani Little & Wortmann's attorneys are experienced in all aspects of oil and gas, possess a high level of expertise, and have an excellent reputation in the business and legal communities.

37.     **The "Undesirability" of the Case**. Serving as special counsel to the Committee in these Chapter 11 Cases has not been undesirable for Mani Little & Wortmann.

38.     **The Nature and Length of the Professional Relationship with the Client**. Mani Little & Wortmann was selected as the Committee's counsel shortly after the Committee's formation, on October 21, 2020, and was retained effective as of that date pursuant to an order of the Court dated December 2, 2020. Mani Little & Wortmann has been rendering services

13

continuously to the Committee since October 21, 2020, and Mani Little & Wortmann has rendered such services in a necessary and appropriate manner.

39.     **Awards in Similar Cases**. Mani Little & Wortmann believes that its fees are consistent with fees allowed in similar proceedings for similar services rendered and results obtained. Mani Little & Wortmann respectfully requests that the Court take notice of the awards made in similar cases of this size and complexity.

40.     Bankruptcy Code section 330 also authorizes "reimbursement for actual, necessary expenses" incurred by a retained professional.  11 U.S.C. §330(a)(1)(B).  Mani Little & Wortmann seeks reimbursement for actual and unpaid out-of-pocket expenses incurred in connection with its representation of the Committee during the Fee Period in the amount of $28,205.50.   These expenses were incurred in accordance with Mani Little & Wortmann 's normal practice of charging clients for expenses related to particular matters, including transportation, photocopying, delivery service, postage and package delivery, vendor charges, court fees, transcript costs, computer-aided research, airfare, meals (including overtime meals), lodging and other out-of-pocket expenses incurred in providing professional services.  These expenses also include the use of oil and gas Landmen to search numerous County and Parish records and obtain Oil and Gas Leases.  Mani Little & Wortmann has endeavored to minimize these expenses to the fullest extent possible and has provided a detailed summary of the expenses in the Monthly Statements attached hereto as **Exhibit D**.

41.     For the reasons set forth herein, Mani Little & Wortmann has satisfied the *Johnson* factors. Accordingly, it is respectfully requested that the Court allow the requested fees and expenses in the amount of $141,058.00 for the period from October 21, 2020 through and including December 31, 2020, which amount consists of $112,852.50 in fees and $28,205.50 in expenses.

14

## **STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

42.     The following statement is provided pursuant to ¶ C.5. of the Appendix B

Guidelines.

a.     **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period.

**Answer:** No.

b.     **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client**.**

**Answer**: Not applicable.

c.     **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case**.**

**Answer**: No.

d.     **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Answer**: No.

e.     **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: No.

f.     **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: Not applicable. This Application does not include any rate increases since retention.

15

## <u>RESERVATION OF RIGHTS</u>

43.     Although every effort has been made to include all fees and expenses incurred during the Fee Period, some fees and expenses may not be included in this Application due to delays in accounting and processing of such time and expenses. Accordingly, Mani Little & Wortmann reserves the opportunity to make further application to this Court for the allowance of any such fees and expenses incurred during the Fee Period but not included herein.

## <u>NO PRIOR REQUEST</u>

44.     No prior request for the relief sought in this Application has been made to this or any other court.

## <u>CONCLUSION</u>

**WHEREFORE**, Mani Little & Wortmann respectfully requests that the Court:

(a)      approve interim allowance for the Fee Period of $112,852.50 for services rendered to the Committee and $28,205.50 for expenses that Mani Little & Wortmann incurred in connection with the rendering of such services during the period from October 21, 2020 through and including December 31, 2020

(b)      authorize the Debtors to immediately pay to Mani Little & Wortmann any unpaid portion of such allowed fees and expenses; and

(c)      award such other relief as the Court deems just and proper under the circumstances.

Dated:  March 1, 2021                                   Respectfully submitted,
        Fort Worth, Texas

                                                        /s/ *Eric W. Wortmann II*
                                                        Eric W. Wortmann II
                                                        300 Austin Highway, Suite 150
                                                        San Antonio, Texas 78209
                                                        Telephone: (210) 403-9461
                                                        Facsimile: (210) 403-9264

                                                        *Special Counsel to the Official Committee of*
                                                        *Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February ___, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ _____

## **<u>EXHIBIT A</u>**

Wortmann Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.,*[1] | § § | Case No. 20-33948 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**DECLARATION OF ERIC W. WORTMANN II IN SUPPORT OF**
**FIRST INTERIM FEE APPLICATION OF MANI, LITTLE & WORTMANN, PLLC, AS**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF**
**FIELDWOOD ENERGY LLC, *ET AL*., FOR THE PERIOD FROM OCTOBER 21, 2020**
**THROUGH AND INCLUDING DECEMBER 31, 2020**

  I, Eric W. Wortmann II, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as

follows:

  1.  I am a member of Mani Little & Wortmann, PLLC ("Mani Little & Wortmann"),

which maintains offices for the practice of law at 300 Austin Highway, Suite 150, San Antonio,

Texas 78209.  I am an attorney-at-law, duly admitted and in good standing to practice in the State

of Texas.  I am admitted *pro hac vice* before this Court.

  2.  I have reviewed the foregoing First Interim Fee Application of 300 Austin

Highway, Suite 150, San Antonio, Texas 78209, counsel for the Official Committee of Unsecured

Creditors (the "Committee") of Fieldwood Energy LLC, *et al*. (the "Debtors"), for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Exhibit A-1

October 21, 2020 through and including December 31, 2020 (the "Application"). To the best of my knowledge, information and belief, the statements contained in the Application are true and correct. In addition, I believe that the Application complies with Bankruptcy Local Rule 2016-1.

3.      In connection therewith, I hereby certify that:

      a.      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

      b.      except to the extent disclosed in the Application, the fees and disbursements sought in the Application are billed at rates customarily employed by Mani Little & Wortmann and generally accepted by Mani Little & Wortmann's clients;

      c.      in providing a reimbursable expense, Mani Little & Wortmann does not make a profit on that expense, whether the service is performed by Mani Little & Wortmann in-house or through a third party;

      d.      in accordance with Bankruptcy Rule 206(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Mani Little & Wortmann and any other person for the sharing of compensation to be received in connection with the above case except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules; and

      e.      all services for which compensation is sought were professional services on behalf of the Committee and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 1, 2021

                              */s/ Eric W. Wortmann II*
                              Eric W. Wortmann II

Exhibit A-2

**<u>EXHIBIT B</u>**

Details of Fees and Expenses

| Summary of Timekeepers Included in this Fee Application | | | | | |
|---|---|---|---|---|---|
| Name of Professional | Position | Bar Admission Date | Hours | Rate | Amount |
| Wortmann, Eric W. | Partner | 2007 | 238.3 | $375 | $  89,362.50 |
| Rainey, William M. | Partner | 2011 | 11.8 | $350 | 4,130.00 |
| Biggs, Clinton M. | Associate | 2009 | 70.4 | $275 | 19,360.00 |
| **Totals for Attorneys** | | | **320.5** | | **$112,852.50** |

Exhibit B-2

| Summary of Compensation Requested by Project Category | | | |
|---|---|---|---|
| **Matter Code** | | **Hours** | **Amount** |
| 0008 | Mani Little & Wortmann Retention | 5.8 | 2,175.00 |
| 0009 | Mani Little & Wortmann Fee Applications | 7.4 | 2,775.00 |
| 0012 | Lien Review | 307.3 | 107,902.50 |
| | **Total** | **320.5** | **$   112,852.50** |

Exhibit B-3

| Summary of Expense Reimbursement Requested by Category | |
|---|---|
| Category | Amount |
| In-house Black and White Reproduction Charges (3,180 copies at $0.20 per page) | $ 636.00 |
| Landman – ($525/day) | $ 8,662.50 |
| Landman – ($575/day) | $ 16,100.00 |
| County Records Research, Including Daily Subscriptions and Document Purchase | $ 2,807.00 |
| | |
| **Total** | **$ 28,205.50** |

Exhibit B-4

**<u>EXHIBIT C</u>**

Customary and Comparable Compensation Disclosures

Exhibit C-1

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper | Blended Hourly Rate |
|---|---|
| | **Blended Hourly Rate for This Fee Application** |
| Partner | $ 353 |
| Associate | 275 |
| All Timekeepers Aggregated | 374 |

The blended hourly rate for all Mani Little & Wortmann timekeepers who billed to the Chapter 11 Cases during the Fee Period was approximately $374 per hour (the "Blended Hourly Rate for This Fee Application").[1]

---

[1] Mani Little & Wortmann calculated the blended rate for timekeepers who billed to the Chapter 11 Cases by dividing the total dollar amount billed by such timekeepers during the Fee Period by the total number of hours billed by such timekeepers during the Fee Period.

Exhibit C-2

# **EXHIBIT D**

Monthly Fee Statements



300 Austin Highway, Suite 150, San Antonio, Texas  78209    www.mlwenergylaw.com    T 210.403.9461    F 210.403.9264

December 22, 2020

Official Committee of Fieldwood Energy LLC, et al.          Invoice No.  FW-01-20
700 Milam Street, Suite 3100
Houston, TX 77002
                                                           Balance Due:     **$2,175.00**

0008    MLW Retention

|            |                                                              | Hours | Amount     |
|------------|--------------------------------------------------------------|-------|------------|
| 10/22/20   | Conflicts check (EWW)                                        | 4.00  | $1,500.00  |
| 10/26/20   | Review Application for MLW Retention and Employment (EWW)    | 1.80  | $675.00    |
| Legal services rendered: | | 5.80 | $2,175.00 |
| Balance due: | | | $2,175.00 |



300 Austin Highway, Suite 150, San Antonio, Texas  78209   www.mlwenergylaw.com   T 210.403.9461  F 210.403.9264

December 22, 2020

Official Committee of Fieldwood Energy, LLC, et al.        Invoice No.  FW-01-20
700 Milam Street, Suite 3100
Houston, TX 77002                                          Balance Due:  **$128,750.50**

0012    Lien Review

| | | Hours | Amount |
|---|---|---|---|
| 10/22/20 | Telephone conference with Cole Shotz and E. Wortmann regarding vendor lien analysis (CMB) | 0.30 | $82.50 |
| | Review Fieldwood Energy Mortgage Analysis (2.2); Call with the Cole Schotz team regarding lien analysis (.3) (EWW) | 2.50 | $937.50 |
| 10/23/20 | Analyze Fieldwood Energy Mortgage Analysis (EWW) | 7.00 | $2,625.00 |
| 10/24/20 | Analyze Fieldwood Energy Mortgage Analysis (EWW) | 3.50 | $1,312.50 |
| 10/25/20 | Analyze Fieldwood Energy Mortgage Analysis (EWW) | 4.00 | $1,500.00 |
| 10/26/20 | Analyze Fieldwood Energy Mortgage Analysis (EWW) | 4.40 | $1,650.00 |
| 10/27/20 | Review Data Room materials (1.2); Analyze Fieldwood Energy Mortgage Analysis (5.2) (EWW) | 6.40 | $2,400.00 |
| 10/28/20 | Analyze Fieldwood Energy Mortgage Analysis (4); review lien instruments from Data Room (4.2) (EWW) | 8.20 | $3,075.00 |
| | Review Fieldwood Leases (CMB) | 4.50 | $1,237.50 |

|  |  | Hours | Amount |
|---|---|---|---|
| 10/29/20 | Research into offshore OCS leasing and lien perfection/enforcement, including websites for BOEM data and relevant law regarding title issues and lien perfection (CMB) | 2.00 | $550.00 |
|  | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments from Data Room (4) (EWW) | 5.00 | $1,875.00 |
|  | Analyze Fieldwood Leases (CMB) | 8.20 | $2,255.00 |
| 10/30/20 | Continue research into offshore OCS leasing and lien perfection/enforcement, including websites for BOEM data and relevant law regarding title issues and lien perfection (CMB) | 3.80 | $1,045.00 |
|  | Analyze Fieldwood Leases (CMB) | 4.80 | $1,320.00 |
|  | Analyze Fieldwood Energy Mortgage Analysis (3.4); review lien instruments from Data Room (3.4) (EWW) | 6.80 | $2,550.00 |
| 11/02/20 | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments from Data Room (1); analyze Leases and Deeds of Trust Exhibits (8.5) (EWW) | 10.50 | $3,937.50 |
| 11/03/20 | Analyze Fieldwood Energy Mortgage Analysis (1.2); review lien instruments (1.2); analyze Leases and Deeds of Trust Exhibits (8.8) (EWW) | 11.20 | $4,200.00 |
| 11/04/20 | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (1.2); analyze Leases and Deeds of Trust Exhibits (6.6); records check (1) (EWW) | 9.80 | $3,675.00 |
| 11/05/20 | Analyze Fieldwood Energy Mortgage Analysis (1.3); review lien instruments (2); analyze Leases and Deeds of Trust Exhibits (6); records check (1.2) (EWW) | 10.50 | $3,937.50 |
| 11/06/20 | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (2); analyze Leases and Deeds of Trust Exhibits (5.8); records check (1.4) (EWW) | 10.20 | $3,825.00 |
| 11/07/20 | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (1.4); analyze Leases and Deeds of Trust Exhibits (6); records check (1) (EWW) | 9.40 | $3,525.00 |

| | | Hours | Amount |
|---|---|---|---|
| 11/08/20 | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (1.2); analyze Leases and Deeds of Trust Exhibits (7); records check (1) (EWW) | 10.20 | $3,825.00 |
| 11/09/20 | Analyze Fieldwood Energy Mortgage Analysis (1.2); review lien instruments (1.8); analyze Leases and Deeds of Trust Exhibits (7); records check (1) (EWW) | 11.00 | $4,125.00 |
| 11/10/20 | Review BOEM website to gather relevant well information and data (WMR) | 6.40 | $2,240.00 |
| | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (1.4); analyze Leases and Deeds of Trust Exhibits (8); records check (1) (EWW) | 11.40 | $4,275.00 |
| 11/11/20 | Analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (2); analyze Leases and Deeds of Trust Exhibits (4.2); records check (1) (EWW) | 8.20 | $3,075.00 |
| | Review BOEM website to gather relevant well information and data (WMR) | 5.40 | $1,890.00 |
| 11/12/20 | Call with Ayala Hassell, Cole Schotz discussing lien analysis (.1); analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (3); analyze Leases and Deeds of Trust Exhibits (4.9); records check (1.5) (EWW) | 10.50 | $3,937.50 |
| 11/13/20 | Call with Dan Geoghan, Cole Schotz regarding lien analysis (.1); analyze Fieldwood Energy Mortgage Analysis (1); review lien instruments (2.2); analyze Leases and Deeds of Trust Exhibits (4.7); records check (.9) (EWW) | 8.90 | $3,337.50 |
| 11/14/20 | Lease and mortgage analysis final review (EWW) | 7.20 | $2,700.00 |
| | Lease and mortgage analysis final review (CMB) | 7.00 | $1,925.00 |
| 11/15/20 | Lien analysis regarding proper County/Parish to file Deeds of Trust (EWW) | 7.00 | $2,625.00 |
| | Lien analysis regarding proper County/Parish to file Deeds of Trust (CMB) | 8.50 | $2,337.50 |

|  |  | Hours | Amount |
|---|---|---|---|
| 11/16/20 | Lien analysis regarding proper County/Parish to file Deeds of Trust (EWW) | 9.80 | $3,675.00 |
|  | Lien analysis regarding proper County/Parish to file Deeds of Trust (CMB) | 10.00 | $2,750.00 |
| 11/17/20 | Lien analysis regarding proper County/Parish to file Deeds of Trust (EWW) | 9.00 | $3,375.00 |
|  | Lien analysis regarding proper County/Parish to file Deeds of Trust (CMB) | 9.00 | $2,475.00 |
| 11/18/20 | Draft lien analysis summary report and send to Dan Geoghan (EWW) | 4.90 | $1,837.50 |
| 11/23/20 | Edit and send Collateral Review analysis to Dan Goeghan and Ayala Hassell (3.7) email with Dan Geoghan, Ayala Hassell and Michael Warner regarding lien analysis, including providing updated excel spreadsheet (2.8) (EWW) | 6.50 | $2,437.50 |
| 11/24/20 | Draft email to Dan Geoghan (.1); check status of location for perfecting liens on Fieldwood Leases (.4) (EWW) | 0.50 | $187.50 |

Legal services rendered:                                                284.40      $100,545.00

Additional costs and charges :

       In-house Black and White Reproduction Charges      $636.00
       Landman Day Rate (16.5 days @ $525/day)       $8,662.50
       Landman Day Rate (28 days @ $575/day)      $16,100.00
       Landman Expenses (document search/retrieval)      $2,807.00

Total costs and additional charges:                                              $28,205.50

Total amount of bill:                                                            $128,750.50

Balance due:                                                                     $128,750.50

# MLW

#### MANI LITTLE WORTMANN

300 Austin Highway, Suite 150, San Antonio, Texas 78209   www.mlwenergylaw.com   T 210.403.9461  F 210.403.9264

January 31, 2021

Official Committee of Fieldwood Energy LLC, et al.          Invoice No.  FW-01-21
700 Milam Street, Suite 3100
Houston, TX 77002

Balance Due:     **$7,357.50**

0012    Lien Review

|  |  | Hours | Amount |
|---|---|---|---|
| 12/14/20 | Email with A. Hassell regarding lien analysis (.4); review relevant caselaw (1.2) (EWW) | 1.60 | $600.00 |
| 12/15/20 | Review case law for call with A. Hassell regarding lien analysis (EWW) | 0.60 | $225.00 |
|  | Draft email to A. Hassell and D. Geoghan regarding lien analysis and analysis of relevant caselaw (EWW) | 4.20 | $1,575.00 |
|  | Research caselaw and with regard to current DoTs for Fieldwood (2.8); review comments from other counsel on DoT summary and preparing responses (0.5); review leases and determining county to file for Fieldwood (1.0) (CMB) | 4.30 | $1,182.50 |
| 12/16/20 | Draft email to A. Hassell regarding Mechanic's and Materialman's Liens (EWW) | 0.40 | $150.00 |
| 12/22/20 | Draft email to A. Hassell regarding lien analysis (EWW) | 0.70 | $262.50 |
|  | Research several states' lien laws to prepare summary response for Fieldwood counsel (CMB) | 1.20 | $330.00 |

| | | Hours | Amount |
|---|---|---|---|
| 12/28/20 | Compare PV9 values for unmortgaged leases on Fieldwood case for conference with EWW (CMB) | 3.50 | $962.50 |
| 12/29/20 | Draft spreadsheet to compare PV9 values for Fieldwood (2.3); edits to Fieldwood PV9 sheet (1.0) (CMB) | 3.30 | $907.50 |
| 12/30/20 | Call with A. Hassell regarding PV9 values (.1); Compile PV9 comparison and draft email to Cole Schotz team regarding same (3) (EWW) | 3.10 | $1,162.50 |
| Legal services rendered: | | 22.90 | $7,357.50 |
| Balance due: | | | $7,357.50 |



300 Austin Highway, Suite 150, San Antonio, Texas  78209   www.mlwenergylaw.com   T 210.403.9461  F 210.403.9264

January 31, 2021

Official Committee of Fieldwood Energy LLC, et al.    Invoice No.  FW-01-21
700 Milam Street, Suite 3100
Houston, TX 77002

Balance Due:    **$2,775.00**

0009    Fee Applications

| | | Hours | Amount |
|---|---|---|---|
| 12/20/20 | Draft and Edit First Monthly Fee Statement (EWW) | 2.00 | $750.00 |
| 12/21/20 | Draft and Edit First Monthly Fee Statement (EWW) | 5.40 | $2,025.00 |
| Legal services rendered: | | 7.40 | $2,775.00 |
| Balance due: | | | $2,775.00 |