## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## SECOND MOTION OF DEBTORS FOR
## AUTHORITY TO EXTEND TIME TO ASSUME OR REJECT
## UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.      Commencing on August 3, 2020, the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

2.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4.     On August 18, 2020, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

5.     On December 1, 2020, the Debtors filed the *Motion of Debtors For Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 626) and on December 30, 2020, the Court entered the *Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 712), extending the time the Debtors must assume or reject the leases pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code by 90 days, through and including March 1, 2021.

6.     On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (Docket No. 722) (the "**Plan**") and *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (Docket No. 723) (the "**Disclosure Statement**").

7.     On February 10, 2021, the Debtors filed the *Emergency Motion of Debtors for Entry of Order (I) Approving Debtors' Entry into Sublease Amendment and (II) Authorizing Debtors' Assumption of Sublease Agreement* [Docket No. 869], seeking entry of an order (i) authorizing the Debtors' assumption of that certain Sublease Agreement, dated as of September

30, 2013 between Apache Corporation ("**Apache**"), as sublessor, and Fieldwood Energy LLC, as sublessee, pertaining to certain office space in Houston, Texas (the "**Sublease Agreement**") and (ii) approving the Debtors' entry into that certain Fourth Amendment to Sublease Agreement (the "**Sublease Amendment**").   On February 22, 2021, the Bankruptcy Court entered the *Order (I) Approving Debtors' Entry Into Sublease Amendment and (II) Authorizing Debtors' Assumption of Sublease Agreement* [Docket No. 898].

### Jurisdiction

8.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

9.      By this Motion, pursuant to the recently-enacted Consolidated Appropriations Act, 2021 (the "**CAA**"), the Debtors request entry of a second order extending the current deadline to assume or reject the Unexpired Leases (as defined below) under section 365(d)(4)(B)(i) of the Bankruptcy Code up to and including the earlier of (a) May 31, 2021 and (b) the date of the entry of an order confirming a chapter 11 plan, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code.[2]

10.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

---

[2]  The deadline to assume or reject the Unexpired Leases is scheduled to expire at the end of March 1, 2021.  However, Rule G.18 of the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Local Rule 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules . . . the time for taking the action is automatically extended until the Court rules on the motion."  By filing this Motion prior to the expiration of the deadline to assume or reject Unexpired Leases, such deadline is automatically extended until the Court resolves the Motion.

**<u>Debtors' Chapter 11 Cases</u>**

11.     On December 1, 2020, the Debtors filed a *Motion of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 626], requesting an extension of the initial 120-day period to assume or reject the Unexpired Leases up to and including March 1, 2021 (the "**Current 365(d)(4) Deadline**"), without prejudice to the Debtors' right to seek further extension in accordance with the Bankruptcy Code.  On December 30, 2020, the Court granted the requested extension (the "**First Extension Order**") [Docket No. 712].

12.     In early January, the Debtors reached a major milestone in these chapter 11 cases when they filed the Plan and the Disclosure Statement with the support of the DIP Lenders,[3] the FLTL Lenders holding approximately 76.75% of the FLTL Claims, the SLTL Lenders holding approximately 28.91%[4] of the SLTL Claims, and Apache, the predecessor in interest for the vast majority of the Debtors' Shelf Assets.  As further detailed in the Debtors' second motion seeking to extend the exclusive periods, in advance of the hearing to consider approval of the Debtors' Disclosure Statement, the Debtors have focused their efforts on a number of key workstreams essential to a successful restructuring, including (among other things):

- negotiating several key plan transaction documents, including the Credit Bid Purchase Agreement and exit facility documents;

- preparing their Liquidation Analysis, Financial Projections, Valuation Analysis, and updated oil and gas lease schedules which will be included as exhibits to their amended Disclosure Statement which is expected to be filed in the coming days;

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

[4] The Plan is now supported by Prepetition FLTL Lenders holding in excess of 84.11% of the FLTL Claims and Prepetition SLTL Lenders holding in excess of 30.42% of the SLTL Claims.

- engaging in regular discussions with other key stakeholders in addition to the DIP Lenders, Consenting Creditors, and Apache, including (i) the Bureau of Ocean Energy Management ("**BOEM**"), Bureau of Safety and Environmental Enforcement ("**BSEE**"), the Department of Interior ("**DOI**") and the Department of Justice ("**DOJ**"), (ii) predecessors in interest (the "**Predecessors**"), (iii) co-working interest owners (the "**CIOs**"), (iv) surety providers (the "**Sureties**"), (v) the Creditors' Committee, and (vi) trade vendors, and responding to numerous formal and information requests for information and documents from each of the foregoing stakeholders;

- continuing to review and analyze the over 940 proofs of claim filed against the Debtors; and

- continuing their review of approximately 4,000 contracts and leases to determine the appropriate treatment of each such agreement.

13.     In light of the numerous ongoing workstreams and the stage of these chapter 11 cases, the Debtors seek to take advantage of the extension under the recently amended section 365(d)(4) pursuant to the CAA for a second extension of the deadline to assume or reject the Unexpired Leases up to and including the earlier of (a) May 31, 2021 and (b) the date of the entry of an order confirming a chapter 11 plan (subject to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code) to allow the Debtors to solicit and confirm the Plan and employ the mechanisms contemplated therein for the efficient assumption or rejection of their Unexpired Leases.

## **Debtors' Unexpired Leases**

14.     The Debtors are parties to approximately 3,000 leases, contracts, instruments or other documents that may be potentially considered "nonresidential real property leases" subject to provisions of section 365 of the Bankruptcy Code (collectively, the "**Unexpired Leases**").  The Unexpired Leases include, *inter alia*, building leases, pipeline lease agreements, leases of platform space and facilities, oil and gas leases, including leases that are situated in federal waters and issued by the U.S. Department of the Interior, right of use agreements, rights of

way, and various other related agreements.[5]   Although the Debtors have made considerable progress in their review of the Unexpired Leases and have sought and obtained an order approving the assumption of the Sublease Agreement with Apache [Docket No. 898], the Debtors have not yet completed such review to determine whether assumption or rejection is necessary or appropriate for each of the Unexpired Leases.  Accordingly, out of an abundance of caution, the Debtors are requesting authority to further extend the deadline to assume or reject any Unexpired Lease that is subject to section 365(d)(4) of the Bankruptcy Code.

15.     Therefore, pursuant to section 365(d)(4)(A) as amended by the CAA and section 365(d)(4)(B)(i), the Debtors seek an extension of time, to assume or reject the Unexpired Leases, up to and including the earlier of (a) May 31, 2021 and (b) the date of the entry of an order confirming the Plan to ensure that the Debtors' Unexpired Leases are not deemed rejected prior to entry of an order confirming the Plan.  As further discussed herein, an extension of the period during which the Debtors may assume or reject the Unexpired Leases is necessary and warranted under the facts and circumstances of these Chapter 11 cases.

**Basis for Relief Requested**

16.     By the First Extension Order, this Court had extended the deadline by which the Debtors may assume or reject the Unexpired Leases by an additional 90 days up to and including March 1, 2021 for cause pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code.

---

[5] Although the Debtors believe that only a subset of the Unexpired Leases are subject to section 365 of the Bankruptcy Code, the Debtors have not yet made a determination as to whether each of the Unexpired Leases qualify as a "nonresidential real property lease" under section 365 of the Bankruptcy Code. This is particularly applicable in regard to the Debtors' oil and gas leases as the nature of the interest created under applicable non-bankruptcy law is not uniform from jurisdiction to jurisdiction and may be subject to conflicting determinations of the nature of the interest created.  The Debtor reserves all of their rights regarding the nature and characterization of any of the Unexpired Leases, including whether such agreements are subject to section 365 of the Bankruptcy Code.

Subsequent to the Debtors' filing the first extension motion, Congress enacted the CAA, which amends the initial period during which a debtor may assume or reject unexpired leases under section 365(d)(4)(A) of the Bankruptcy Code from 120 days to 210 days after the date of the order for relief, adding an additional 90 days to the initial period. *See* 11 U.S.C. § 365(d)(4)(A); CAA, Pub. L. No. 116-260, Sec. 1001. The CAA was signed into law on December 27, 2020.

17. Although the Debtors seek a second order extending the deadline to assume or reject the Unexpired Leases for cause, the Debtors believe such relief is appropriate in light of the CAA, which provides for the deadline to be extended up to 300 days by demonstrating cause. Here, notwithstanding the Debtors' first extension sought and obtained, the Debtors requested extension is still within the 300 day window provided for under the CAA.

18. A court may extend the period for up to 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B). In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following non-exhaustive factors:

  a. whether the lease is the debtor's primary asset;

  b. whether the debtor has had sufficient time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;

  c. whether the lessor continues to receive rent for the use of the property;

  d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

  e. whether the case is exceptionally complex and involves a large number of leases;

  f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

g.  any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing the factors relevant to section 365(d)(4) analysis of whether "cause" exists to extend the time to assume or reject unexpired leases); *In re Panaco, Inc.*, No. 02-47811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (citing similar factors); *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996) (same).

## Cause Exists to Extend Statutory Period

19.     As set forth in the foregoing facts, cause exists to extend the Current 365(d)(4) Deadline up to and including the earlier of (a) May 31, 2021 and (b) the date of the entry of an order confirming the Plan, and such relief is necessary and appropriate.

20.     As detailed above, the Debtors have made substantial progress in these undoubtedly large and complex chapter 11 cases.  In connection with their restructuring, the Debtors must evaluate the Unexpired Leases while also, among other things, (i) attending to the myriad of other issues in connection with the administration of these cases, (ii) continuing to operate a complex business, and (iii) pursuing a chapter 11 plan that maximizes value for all stakeholders.  The Debtors are advancing the Plan process with the support of the Consenting Creditors and Apache.  Nevertheless, determinations as to (i) which of the Unexpired Leases are subject to section 365(d)(4) of the Bankruptcy Code and, (ii) to the extent such Unexpired Leases are subject to section 365(d)(4) of the Bankruptcy Code, which the Debtors will assume or reject under the Plan, remain ongoing.

21.     Accordingly, the requested extension of time to assume or reject the Unexpired Leases is necessary to prevent disruption to the Debtors' businesses and to provide a smooth path towards confirmation of the Plan.

22.     This Court has granted similar relief in *In re Bouchard Transportation Co., Inc.*, Ch. 11 Case No. 20-34682 (DRJ) [Docket No. 378] and *In re NPC International, Inc.*, Ch. 11 Case No. 20 33353 (DRJ) [Docket No. 1498], extending the amended statutory period of 210 days pursuant to the CAA and section 365(d)(4)(B)(i) of the Bankruptcy Code.

23.     In light of the foregoing, the Debtors believe that the further extension of the Current 365(d)(4) Deadline up to the earlier of (i) May 31, 2021 and (ii) the date of the entry of an order confirming the Plan is in the best interests of the Debtors, their estates, and their creditors, and that the Court should grant such extension.

## Reservation of Rights

24.     Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, (vii) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

## **Notice**

25.     Notice of this Motion will be provided to (i) the counterparties to the Unexpired Leases; (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 1, 2021
      Houston, Texas

Respectfully submitted,

*/s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
          Jessica.Liou@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that, on March 1, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez