IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**MOTION OF DEBTORS FOR AN ORDER (I) FURTHER
EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY
REMOVE CIVIL ACTIONS, AND (II) GRANTING RELATED RELIEF**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

**Background**

1. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4. On August 18, 2020, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

**Plan and Disclosure Statement**

5. On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (Docket No. 722) (as may be amended, modified, or supplemented, the "**Plan**") and *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (Docket No. 723) (as may be amended, modified, or supplemented, the "**Disclosure Statement**").

**First Extension Order and Removed Actions**

6. On November 2, 2020, the Debtors filed the *Motion of Debtors for an Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* (Docket No. 525), seeking to extend the deadline by which they may file notices of removal under Bankruptcy Rule 9027(a), by 120 days from November 2, 2020, to March 2, 2021.

On December 2, 2020, the Court entered the *Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* (Docket No. 631), extending the deadline from November 2, 2020, to March 2, 2021.

7. To date, the Debtors have removed the following actions:

- On July 6, 2020, Fieldwood Energy LLC filed a lawsuit against Renaissance Offshore LLC in a case styled *Fieldwood Energy LLC v. Renaissance Offshore LLC*, No. 2020-39648 pending in the 55th Judicial District of Harris County, Texas. On November 10, 2020, Fieldwood filed a *Notice of Removal* [Docket No. 538].

- On July 3, 2020, Fieldwood Energy LLC, Fieldwood SD Offshore LLC, and Fieldwood Energy Offshore LLC filed a lawsuit against Sanare Energy Partners, LLC in a case styled *Fieldwood Energy LLC, Fieldwood SD Offshore LLC & Fieldwood Energy Offshore LLC v. Sanare Energy Partners, LLC*, No. 2020-39647 pending in the 270th Judicial District of Harris County, Texas. On November 10, 2020, Fieldwood Energy LLC, Fieldwood SD Offshore LLC, and Fieldwood Energy Offshore LLC filed a *Notice of Removal* [Docket No. 537]. .

**Relief Requested**

8. Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 and Bankruptcy Local Rule 9013-1, the Debtors request entry of an order (i) extending by 120 days the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**"), from the current deadline of March 2, 2021, to June 30, 2021 and (ii) granting related relief.[2]

9. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

---

[2] Rule G.18 of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with Bankr. Loc. R. 9013-1 to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves the Motion.

3

### Jurisdiction

10.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Basis for Relief Requested

11.     Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

12.     Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2).

13.     With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Bankruptcy Rule 9027(a)(3).

14. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Bankruptcy Rule 9006(b).

### Relief Requested Should Be Granted

15. It is well-settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g.*, *In re iHeartMedia, Inc.* No. 18-31274 (MI) (Bankr. S.D. Tex. Feb. 5, 2019) (Docket No. 2634) (granting a third 120-day extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re Seadrill Ltd.,* No. 17-60079 (DRJ) (Bankr. S.D. Tex. Mar. 21, 2018) (Docket No. 1085) (granting a second 120-day extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (concluding that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.,* 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

16. Cause exists to extend the Removal Deadline in these chapter 11 cases from the current deadline of March 2, 2021 to June 30, 2021. Since the Petition Date, the Debtors have

5

focused their efforts on a restructuring strategy designed to maximize value for all of the Debtors' stakeholders.

17. In early January, the Debtors reached a major milestone in these chapter 11 cases when they filed the Plan and the Disclosure Statement with the support of the DIP Lenders,[3] the FLTL Lenders holding approximately 76.75% of the FLTL Claims, the SLTL Lenders holding approximately 28.91%[4] of the SLTL Claims, and Apache, the predecessor in interest for the vast majority of the Debtors' Shelf Assets. As further detailed in the Debtors' second motion seeking to extend the exclusive periods [Docket No. 930], the Debtors have focused their efforts on a number of key workstreams essential to a successful restructuring, including (among other things):

- negotiating several key plan transaction documents, including the Credit Bid Purchase Agreement and exit facility documents;

- preparing their Liquidation Analysis, Financial Projections, Valuation Analysis, and updated oil and gas lease schedules which will be included as exhibits to their amended Disclosure Statement which is expected to be filed in the coming days;

- engaging in regular discussions with other key stakeholders in addition to the DIP Lenders, Consenting Creditors, and Apache, including (i) the Bureau of Ocean Energy Management ("**BOEM**"), Bureau of Safety and Environmental Enforcement ("**BSEE**"), the Department of Interior ("**DOI**") and the Department of Justice ("**DOJ**"), (ii) predecessors in interest (the "**Predecessors**"), (iii) co-working interest owners (the "**CIOs**"), (iv) surety providers (the "**Sureties**"), (v) the Creditors' Committee, and (vi) trade vendors, and responding to numerous formal and information requests for information and documents from each of the foregoing stakeholders;

- continuing to review and analyze the over 940 proofs of claim filed against the Debtors; and

- continuing their review of approximately 4,000 contracts and leases to determine the appropriate treatment of each such agreement.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

[4] The Plan is now supported by Prepetition FLTL Lenders holding in excess of 84.11% of the FLTL Claims and Prepetition SLTL Lenders holding in excess of 30.42% of the SLTL Claims.

18.     The Debtors are party to a number of civil actions in various jurisdictions (collectively, the "**Civil Actions**").  The Debtors' analysis regarding which, if any, of these Civil Actions they may seek to remove depends on a number of factors, including but not limited to: (i) the importance of the Civil Action to the resolution of the chapter 11 cases, (ii) the relationship between the Civil Action to the matters to be considered in the chapter 11 cases, (iii) the presence of federal subject matter jurisdiction, and (iv) the timing required to complete the Civil Action in its current venue.  Although the Debtors have removed two cases to date, the Debtors have not been able to conclusively determine the complete list of all Civil Actions they may seek to remove. Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), extending the deadline by which they may file notices of removal under Bankruptcy from the current deadline of March 2, 2021 to June 30, 2021, to protect their right to remove those Civil Actions if they deem it to be appropriate.  The extension sought will afford the Debtors a reasonable additional amount of time to make informed decisions concerning whether to remove any pending Civil Action and will assure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.  Absent the requested extension, the Debtors will not be able to complete this review adequately and the result could, among other things, unnecessarily hinder the Debtors' ability to recover assets for the benefit of their estates.  Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because any party to an action that is removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

19.     The Debtors further request that the order approving this Motion be without prejudice to (i) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against the Debtors and (ii) the right of the Debtors to seek further extensions of the Removal Deadline.

20. For the reasons stated above, the Debtors submit that there exists cause to grant this Motion, and that the relief requested herein is appropriate and in the Debtors, and their Estates' best interests.

## Notice

21. Notice of this Motion will be provided to (i) any party entitled to notice pursuant to Bankruptcy Rule 2002, (ii) the non-Debtor parties to the various Civil Actions, and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 2, 2021
      Houston, Texas

Respectfully submitted,

 /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
        Jessica.Liou@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on March 2, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                           */s/ Alfredo R. Pérez*
                                           Alfredo R. Pérez