

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/08/2021

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**STIPULATION AND ORDER GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY ON BROCK GONSOULIN
PERSONAL INJURY LITIGATION**

This stipulation and order (the "**Stipulation**") is entered into by and among the debtors and

> The proposed stipulation appears to include a legal conclusion that may be adverse to insurers.  See parenthetical at end of paragraph 3. Notice of the stipulation must be provided to the insurers.  Alternatively, the parties may remove any declaratory statements regarding the effect of the stipulation on any insurer.  The Court defers ruling pending new notice, or a revised stipulation.

Signed: March 08, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

"**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas

(the "**Bankruptcy Court**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

C.  WHEREAS, the Parties have agreed, subject to the approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

It is hereby **ORDERED** that the automatic stay pursuant to section 362 of the Bankruptcy Code is modified as follows:

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Entered Date**").

2. Upon the Entered Date, the automatic stay shall be modified solely to the extent necessary to permit Movant to prosecute the claims set forth in the complaint, filed September 12, 2020, in the case styled *Brock Gonsoulin v. Fieldwood Energy Offshore, LLC, et al*, No. 6:20-cv-01186 (W.D. La.) (the "**Lawsuit**"). All Parties may prosecute and defend any appeal from a final judgment issued in the Lawsuit.

3. The Debtors and their estates and the reorganized debtors and their estates shall not be obligated to pay any amounts owed or awarded in connection with the Lawsuit, including but not limited to, any monetary damages, insurance deductible, or attorneys' fees and expenses, and the Movant shall credit the Debtors or reorganized debtors, as applicable, from any resulting settlement or judgment the amount necessary to satisfy and fully pay any required self-insured retention under the applicable insurance policy (and as a result, the Debtors shall be deemed to have fully satisfied such self-insured retention).

4. For the avoidance of doubt, the Movant may collect upon such settlement or final judgment (i) from anyone providing indemnity for the claim; (ii) from any and all insurance carriers providing coverage for the Movant's claims; and/or (iii) by funds available under any and all insurance policies providing coverage for the Debtors' adjudicated liability. The Movant's

collection pursuant to a final judgment is recoverable only from the applicable insurance policies of the Debtors and other third parties and not from the Debtors or their estates directly or indirectly.

5. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Lawsuit or any other pending prepetition action to which one or more of the Debtors are a party that may be filed by Movant or any other party in the Debtors' chapter 11 cases.

6. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors regarding any claim or cause of action arising from or in relation to the Lawsuit or any other matter.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Dated: _____, 2021

                                                    _____
                                                    THE HONORABLE MARVIN ISGUR
                                                    UNITED STATES BANKRUPTCY JUDGE

N WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  March 3, 2021

By: _____
Thomas G. Gruenert
Texas Bar No. 08555460
tgruenert@gruenertlawgroup.com

P.O. Box 1279
Manvel, TX 77578
Tel: 713-503-6963

*Attorney for Brock Gonsoulin*

Dated: March 3, 2021

By: ___/s/ Alfredo R. Pérez___
Alfredo R. Pérez
Texas Bar No. 15776275
Alfredo.Perez@weil.com

700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel:    713 546 5040
Fax:   713 224-9511

*Attorney for the Debtors*