IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **FIELDWOOD ENERGY, LLC, et al,** | **CASE NO. 20-33948 (MI)** |
| *Debtors* | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Claboryan Lewis, through undersigned counsel, respectfully moves the Court for an order under 11 U.S.C. § 362 lifting the automatic stay to allow them to liquidate their personal-injury tort claims against Fieldwood Energy, LLC ("Fieldwood Energy"), which are currently pending in United States Bankruptcy Court, Southern District of Texas.

### BACKGROUND

In June 2019, Mr. Lewis was seriously and permanently injured while being transferred via a crane located on the platform owned and/or operated by Fieldwood Energy. In June 2020, Mr. Lewis sued Fieldwood Energy in the United States District Court, Western District of Louisiana seeking damages arising out of these injuries. *See Claboryan Lewis v. Fieldwood Energy, LLC et al.*, Case 6:20-cv-00720, United States District Court, Western District of Louisiana.[1]

Fieldwood Energy filed an answer on July 10, 2020.[2] The parties have also sent discovery requests and responses, and discovery has not yet been completed.

In August 2020, Fieldwood Energy filed a voluntary petition for Chapter 11 bankruptcy in this Court. Mr. Lewis respectfully request an order lifting the automatic stay and thereby allowing

---

[1] The petition filed by Mr. Lewis is attached as Exhibit 1.

[2] The answer filed by Fieldwood Energy, LLC. is attached as Exhibit 2.

1

his personal-injury claims against Fieldwood Energy to proceed along with the other claims in the *Lewis* action in the United States District Court, Western District of Louisiana.

## DISCUSSION

The Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Although the Fifth Circuit has not adopted any specific standard for determining whether "cause" exists, it has previously cited to the Fourth Circuit's analysis in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). *See In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008). In general, the Court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. More specifically, the Court should consider:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
>
> (3) whether the estate can be protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* Here, all of the *Robbins* factors suggest that the stay should be lifted.

First, the claims against Fieldwood Energy in the *Lewis* action are federal-law tort claims and do not require the expertise of the bankruptcy court and, second, allowing the claims against Fieldwood Energy to proceed to judgment in district court is by far the most efficient procedure. Separating Fieldwood Energy from the *Lewis* litigation and having the claims against it tried in a duplicative federal-court proceeding would be tremendously inefficient and would create a risk of inconsistent determinations in the two cases. Moreover, the claims against Fieldwood Energy are "personal injury tort...claims"—non-core matters that may not be decided by this Court and would instead have to be "tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 11 U.S.C. § 157(b)(5).

Finally, Mr. Lewis seeks only to prosecute his claims against Fieldwood Energy to judgment in district court; they will not attempt to execute any judgment against Fieldwood Energy outside of this Court, except as allowed by this Court. Ultimately, there is no prejudice to Fieldwood Energy if the claims against are allowed to proceed in district court.

## CONCLUSION

For the reasons explained above, Mr. Lewis respectfully requests that the Court enter an order lifting the automatic stay and allowing them to liquidate their claims against Fieldwood Energy in *Claboryan Lewis v. Fieldwood Energy, LLC et al.*, Case 6:20-cv-00720, United States District Court, Western District of Louisiana.

Respectfully submitted,

BROUSSARD & DAVID, LLC

*/s/ Jerome H. Moroux*

JEROME H. MOROUX (#32666)
SCOTT M. RICHARD (#36643)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
PH: 337-233-2323
FX: 337-233-2353
EMAIL: jerome@broussard-david.com
COUNSEL FOR MOVANT, CLABORYAN LEWIS

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Plaintiff, do hereby certify that I have this day filed the above and foregoing document using the Court's ECF electronic filing system.

Lafayette, Louisiana, this 9th day of March, 2021.

*/s/ Jerome H. Moroux*

JEROME H. MOROUX

3