# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CLABORYAN LEWIS,** | * | **CIV. A. NO.: 6:20-cv-720-JDC-CBW** |
| | * | |
| **Plaintiff,** | * | **JUDGE CAIN** |
| | * | |
| **VERSUS** | * | **MAGISTRATE JUDGE WHITEHURST** |
| | * | |
| **ABC INSURANCE COMPANY,** | * | |
| **FIELDWOOD ENERGY LLC, XYZ** | * | |
| **INSURANC COMPANY, RIVERTEC** | * | |
| **ENTERPRISES, INC., PQR** | * | |
| **INSURANCE COMPANY,** | * | |
| **GOM SHELF LLC, ISLAND** | * | |
| **OPERATING COMPANY, INC. and the** | * | |
| **SPEEDY P** | * | |

## ANSWER AND AFFIRMATIVE DEFENSES OF FIELDWOOD ENERGY LLC

**NOW INTO COURT**, through undersigned counsel, comes defendant, Fieldwood Energy LLC (incorrectly identified as "Fieldwood Energy, L.L.C.", hereafter "Fieldwood"), and files its answer and affirmative defenses to the Complaint (Doc. 1) of plaintiff, Claboryan Lewis, on information and belief, as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action against Fieldwood.

## ANSWER

**AND NOW,** for answer to the individual allegations of the Complaint, Fieldwood responds, on information and belief, as follows:

Prefatory Paragraph

Fieldwood denies the truth of the allegations of the Prefatory Paragraph of the Complaint for lack of knowledge or information sufficient to form a belief.

{N1755866 -} 1

First Unnumbered Paragraph

Fieldwood admits that its principal place of business is in Texas and that it has substantial and ongoing business contacts within the physical jurisdiction of this Court. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of subparagraph B. Except as either expressly admitted or denied as set forth above, Fieldwood denies the remaining allegations of the First Unnumbered Paragraph, including its subparagraphs A and C through G for lack of knowledge or information sufficient to form a belief.

1.

Fieldwood denies the truth of the allegations of Paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief.

2.

Fieldwood denies the truth of the allegations of Paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief.

3.

Fieldwood denies the truth of the allegations of Paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief.

4.

Fieldwood denies the truth of the allegations of Paragraph 4 of the Complaint.

5.

Fieldwood denies the truth of the allegations of Paragraph 5 of the Complaint.

6.

Fieldwood denies the truth of the allegations of Paragraph 6 of the Complaint.

7.

The allegations of Paragraph 7 of the Complaint pertain to this Court's subject matter jurisdiction to which no response is required; however, to the extent this Court requires an answer thereto, Fieldwood admits that this Court has jurisdiction over this suit by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349, as well as 28 U.S.C. § 1331. Except as expressly admitted, Fieldwood denies the allegations of Paragraph 7 of the Complaint.

8.

Fieldwood denies the truth of the allegations of Paragraph 8, including its subparts A through D, of the Complaint.

9.

The allegations of Paragraph 9 of the Complaint do not pertain to Fieldwood and thus no response is required; however, to the extent this Court requires an answer thereto, Fieldwood denies the truth of the allegations of Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief.

10.

The allegations of Paragraph 10 of the Complaint do not pertain to Fieldwood and thus no response is required; however, to the extent this Court requires an answer thereto, Fieldwood denies the truth of the allegations of Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief.

11.

Fieldwood denies the truth of the allegations of Paragraph 11 of the Complaint.

12.

Fieldwood denies the truth of the allegations of Paragraph 12 of the Complaint.

13.

Fieldwood denies the truth of the allegations of Paragraph 13 of the Complaint.

14.

Plaintiff's prayer for relief does not require a response on the part of Fieldwood; however, to the extent this Court requires an answer thereto, Fieldwood denies the truth of the allegations of Plaintiff's prayer for relief.

15.

To the extent any prefatory, introductory or any unnumbered allegation of the Complaint requires answer thereto, Fieldwood denies the truth of such allegations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, which are denied, resulted from a condition which was open and obvious to him.

## THIRD AFFIRMATIVE DEFENSE

Fieldwood denies any and all fault, negligence, or responsibility for Plaintiff's alleged damages, which are denied. Fieldwood affirmatively alleges and avers that any damages sustained by Plaintiff were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Fieldwood affirmatively pleads as a complete bar to or in diminution of, any award of damages to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as alleged, which is denied, Fieldwood affirmatively avers that Plaintiff's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Fieldwood is not legally responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Fieldwood affirmatively avers that Plaintiff has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Fieldwood for which he may recover any amount, and further, that Plaintiff has failed to mitigate any alleged damages he now claims.

**SIXTH AFFIRMATIVE DEFENSE**

Alternatively, Fieldwood affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Plaintiff, which is denied, then the other acts or omissions of Plaintiff or third persons, parties, contractors, or entities for whose actions Fieldwood is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Alternatively, Fieldwood affirmatively avers that in the event that it is found liable in any way to Plaintiff, which is denied, any liability on Fieldwood's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Fieldwood is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Fieldwood are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

Alternatively, Fieldwood affirmatively avers that in the event that it is found liable in any way to Plaintiff, which is denied, then Fieldwood affirmatively pleads the provisions of Article

2323(A), entitled "Comparative fault," and Article 2324(B), entitled "Liability as solidary or joint and divisible obligation," of the Louisiana Civil Code.

### TENTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's alleged damages, medical treatment and claims against Fieldwood, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to June 9, 2019, and for none of which Fieldwood is legally responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's alleged damages, medical treatment and claims against Fieldwood, which are denied, are solely the result of an accident, incident, occurrence or other happening after he returned to shore after his normal work hitch and before he subsequently returned offshore, and for none of which Fieldwood is legally responsible.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover for any alleged unseaworthiness of the M/V SPEEDY P as a matter of law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not qualify as a seaman under the Jones Act as concerns his working relationship with Fieldwood inasmuch as he lacked a substantial connection to a vessel in navigation.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against Fieldwood as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Fieldwood specifically reserves the right to assert such additional and further affirmative defenses as may be appropriate as determined by further investigation and discovery.

## JURY DEMAND

Pursuant to the Outer Continental Shelf Lands Act, Fieldwood is entitled to a trial by jury.

**WHEREFORE**, defendant, Fieldwood Energy LLC, prays that this Answer and Affirmative Defenses be deemed good and sufficient, that it receive a trial by jury, and that after due proceedings are had, that this Court dismiss the Complaint for Damages, with prejudice, at plaintiff's costs.

**FURTHERMORE**, Fieldwood Energy LLC requests all other general and equitable relief to which it is entitled and this Court is competent to grant.

Respectfully submitted,

*James D. Bercaw*
JAMES D. BERCAW (20492)
KING & JURGENS, LLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone (504) 582-3800
Facsimile (504) 582-1233
jbercaw@kingkrebs.com

Counsel for defendant,
Fieldwood Energy LLC

{N1755866 -}  7