**United States Bankruptcy Court, Southern District of Texas (Houston Division)**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| ☑ Fieldwood Energy LLC (20-33948) | ☐ GOM Shelf LLC (20-33954) |
| ☐ Dynamic Offshore Resources NS, LLC (20-33947) | ☐ Bandon Oil and Gas GP, LLC (20-33955) |
| ☐ Fieldwood Energy Inc. (20-33949) | ☐ Bandon Oil and Gas, LP (20-33956) |
| ☐ Fieldwood Energy Offshore LLC (20-33950) | ☐ Fieldwood Energy SP LLC (20-33958) |
| ☐ Fieldwood Onshore LLC (20-33951) | ☐ Galveston Bay Pipeline LLC (20-33959) |
| ☐ Fieldwood SD Offshore LLC (20-33952) | ☐ Galveston Bay Processing LLC (20-33960) |
| ☐ FW GOM Pipeline, Inc. (20-33953) | ☐ Fieldwood Offshore LLC (20-33961) |

## Modified Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim | |
|---|---|---|
| 1. Who is the current creditor? | Valero Marketing and Supply Company | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Dykema Gossett PLLC - c/o Deborah D. Williamson<br>Name<br>112 E. Pecan Street, Suite 1800<br>Number          Street<br>San Antonio          TX          78205<br>City                State          ZIP Code<br>Contact phone   210-554-5275<br>Contact email   dwilliamson@dykema.com | Where should payments to the creditor be sent? (if different)<br><br>Name<br><br>Number          Street<br><br>City                State          ZIP Code<br>Contact phone<br>Contact email |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.   Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

Exhibit 7

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __5__ __1__ __1__ __6__ |

| | |
|---|---|
| 7. How much is the claim? | $ _____3,118,600.00__ . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Breach of Contract--Failure by Debtor to deliver crude oil - See Attachment A and Exhibits 1-6 |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ __2,102,544.00__<br><br>**Amount of the claim that is secured:** $ __2,102,544.00__<br><br>**Amount of the claim that is unsecured:** $ __1,016,056.00__ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☑ Yes. Identify the property: $2,102,544.00 account payable/contract obligation |

| | | Amount entitled to priority |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☑ No ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/25/2020   (mm/dd/yyyy)

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Nathan          L.          Mechler |
|---|---|
| | First name    Middle name    Last name |
| Title | Senior Counsel – Litigation |
| Company | Valero Marketing & Supply Co. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | One Valero Way |
| | Number    Street |
| | San Antonio          TX    78249 |
| | City    State    ZIP Code |
| Contact phone | 210-345-4122   Email  nathan.mechler @valero.com |

ATTACHMENT A

BACKGROUND

In June 2018, Valero Marketing and Supply Company ("**Valero**") and Fieldwood Energy LLC ("**Fieldwood**" or "**Debtor**") entered into the Contract, attached as Exhibit 1 (the "**Contract**"). Fieldwood agreed to provide crude oil on a month-to-month basis to Valero. The quantity to be delivered was approximately 10,000 barrels a day. The Contract required thirty (30) days prior written notice of cancellation.

On April 27, 2020, Fieldwood informed Valero that: "Due to conditions created by the COVID-19 epidemic and pursuant to Section E of the Conoco Inc.'s General Terms and Conditions[1]..., Fieldwood hereby notifies Valero that Fieldwood is unable to perform its obligations under the Contract due to an event of Force Majeure…." See Exhibit 2.

In response, on April 29 Valero rejected the alleged force majeure. See Exhibit 3.

On April 29, Fieldwood sent its notice of termination of the Contract, with the termination effective May 30, 2020, attached hereto as Exhibit 4. Valero has always maintained that Fieldwood is violating the Contract and Valero expects Fieldwood to perform or be held accountable under the Contract.

On May 14, 2020, following Fieldwood's communications that it would not deliver any crude in May, Valero had reason to believe that Fieldwood's ability to perform its obligations and/or pay Valero for the damages caused by Fieldwood were impaired and unsatisfactory. See Exhibit 5. Pursuant to the Contact, Valero exercised its demand that Fieldwood provide Adequate Assurance of Performance. Id. Fieldwood refused to provide Adequate Assurance. See Exhibit 6.

BREACH OF CONTRACT

A valid contract existed between Valero and Fieldwood. Valero had performed, tendered performance, or was excused from performance under the Contract. Fieldwood breached the Contract when it failed to deliver crude for the entire month of May 2020, regardless of its meritless claim of force majeure. Fieldwood's breach caused damages to Valero.

This Contract is governed by Texas law. Therefore, and because this Contract involves the sale of goods, the Texas Business and Commerce Code is applicable, and specifically, Article 2.

For contracts in which "[a] term measures the quantity by the output of the seller…means such actual output…as may occur in good faith, except that no quantity unreasonably disproportionate to any stated estimate…may be tendered…." Tex. Bus. & Comm. Code § 2-306. Here, the Contract required that Fieldwood would deliver a stated estimate of 10,000 barrels per day of crude. Fieldwood admits that it did not deliver any crude throughout May. While fluctuations are permissible, going from 10,000 barrels per day to zero is unreasonably disproportionate.

When a seller fails to deliver or repudiates, the buyer has two options: 1) cover; or 2) recover damages for non-delivery as provided in UCC section 2.713, which reads: "[T]he measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the

---

[1] The Contract provided that when not in conflict with the terms of the Contract, Conoco Inc.'s general terms and conditions for domestic crude agreements, dated January 1, 1993, with Shell Amendments shall apply and be incorporated into the Contract.

buyer learned of the breach and the contract price together with any incidental and consequential damages…less expenses saved….”

Valero had no duty to cover, but rather has opted to recover damages for the market price as a result of non-delivery. “[C]over ‘is not a mandatory remedy for the buyer.’ That is, an aggrieved buyer need not minimize its damages by ‘covering’ and not doing so does not bar it from pursuing a market price damages theory….” *TXU Portfolio Mgmt. Co. v. FPL Energy, LLC*, 529 S.W.3d 472, 483 (Tex. App.—Dallas 2016, no pet.). The Contract formula at issue consists of three distinct pricing components:

1. WTI Nymex during the month of delivery (this provides the flat price common to many contracts),

2. The Thunder Horse Argus Differential attributable to the trade month (this is the differential as reported to and published by Argus corresponding to the month of delivery),

3. The Argus WTI Diff. to CMA Nymex (this is a differential. published by Argus to account the difference in timing between the trade month and month of actual delivery).

  See Exhibit 1, page 1.

Applying this formula, the invoice price Fieldwood would have remitted to Valero for payment of 310,000 barrels in May 2020, if Fieldwood had honored the Contract and delivered the 10,000 barrels per day, is calculated by Valero at $6,801,400.

Because Fieldwood failed to deliver, Valero is entitled to recover the difference between the market price of the 310,000 barrels and the contract price of $6.8 million. The market price of crude oil in May of 2020 was considerably higher than the Contract price because of a generally rising oil market, and the fact that buying oil on the market on an immediate-need basis is more expensive than buying under a long-term contract. Valero believes that the market price of oil at Thunder Horse in May of 2020 was approximately $32 per barrel. Thus, the market price for the oil that Valero failed to deliver was approximately $9,920,000 ($32 x 310,000). Therefore, Valero's damages for the failed delivery are $3,118,600 (the difference between the market price and the contract price).

Valero acknowledges that its damages must be offset by $2,102,544 for crude oil that Fieldwood did deliver in April of 2020, for which Valero has not yet paid. Thus, after setoff, Fieldwood still owes Valero approximately $1,016,056, plus attorneys' fees, costs, and interest to the extent permitted by law and the Contract.

# Exhibit 1



# VALERO
## MARKETING AND SUPPLY COMPANY

One Valero Way, San Antonio, TX 78249-1616
P.O. Box 696000, San Antonio, TX 78269-6000

**Purchase From:** _____

(Printed on 06/13/2018)

FIELDWOOD ENERGY LLC
2000 W SAM HOUSTON PKWY S, SUITE 12
HOUSTON TX 77042

Contact: JOHNNY DOBECKA
Fax:    713-969-1099

| Purchase Contract | |
|---|---|
| Contract number/date | |
| 4200144305 / 06/07/2018 | |
| Contract Type | |
| Evergreen | |
| Vendor No | |
| 525116 | |
| Validity Period | |
| 07/01/2018 to 12/31/9999 | |
| Valero Trader | |
| JORGE PARRA | |
| Telephone | |
| 210-345-2273 | |
| Contract Administration | |
| KRISTIN KIOLBASSA | |

PLEASE NOTE THAT VALERO MARKETING AND SUPPLY COMPANY'S ("VALERO") CONTRACT
ADMINISTRATION FAX NUMBER IS 001-210-345-2585. ALL CONTRACTUAL CORRESPONDENCE FOR
THIS DEAL MUST BE DIRECTED TO THIS FAX NUMBER. VALERO MARKETING AND SUPPLY COMPANY
WILL NOT BE DEEMED TO HAVE NOTICE OF CORRESPONDENCE SENT TO ANY OTHER NUMBER, AND
WILL NOT BE RESPONSIBLE FOR ANY LOSSES, COSTS, LIABILITIES OR DELAYS RESULTING FROM
CORRESPONDENCE SENT TO ANY OTHER NUMBER.

IN ACCORDANCE WITH THE AGREEMENT ON 06/07/2018 BETWEEN JORGE PARRA OF VALERO
MARKETING AND SUPPLY COMPANY AND JOHNNY DOBECKA OF FIELDWOOD ENERGY LLC, VALERO IS
PLEASED TO CONFIRM THE FOLLOWING SALES CONTRACT.

TERM:  JULY 1, 2018 AND FORWARD, CONTINUING ON A MONTH TO MONTH BASIS UNTIL CANCELLED
BY EITHER PARTY PROVIDING THIRTY (30) DAYS PRIOR WRITTEN NOTICE OF CANCELLATION.

PLEASE REFER TO VALERO'S CONTRACT NUMBER ON ALL CORRESPONDENCE.

**FIELDWOOD ENERGY LLC**
**HOUSTON TX 77042**

| Contract number/date | Page |
|---|---|
| 4200144305 / 06/07/2018 | 2 of 5 |

```
***** ITEM 00010 *****
PRODUCT
THUNDERHORSE
```

SPECIFICATIONS
MEETING CURRENT QUALITY SPECIFICATIONS FOR THUNDERHORSE CRUDE OIL

QUANTITY
  620,000.000 Barrel 60°F
APPROXIMATELY 10,000 BARRELS PER DAY.

TOLERANCE:  PER ACTUAL PRODUCTION ABOUT 49.5 PERCENT OF NOBLE'S SHARE (BIG
BEND/DANTZLER).

DELIVERY
INTO BUYER'S NOMINATED PIPELINE EX-CLOVELLY CAVERN AT CLOVELLY, LOUISIANA, VIA
MUTUALLY AGREEABLE SCHEDULING OR VIA ACCEPTABLE BOOK, STOCK, OR INVENTORY TRANSFER.

PRICE
THE ARITHMETIC AVERAGE OF THE NYMEX DAILY SETTLEMENT PRICES REPORTED PER BARREL FOR
WTI (TRADING DAYS ONLY) FUTURES CONTRACTS FOR THE MONTH DURING WHICH THE PRODUCT IS
DELIVERED, PLUS

THE ARGUS WTI DIFF TO CMA NYMEX (WEIGHTED AVERAGE) PER BARREL FOR THE TRADE MONTH,
PLUS

THE ARGUS THUNDERHORSE QUOTE DIFF TO WTI (WEIGHTED AVERAGE) PER BARREL FOR THE TRADE
MONTH

---

PAYMENT TERMS:
PAYMENT SHALL BE MADE ON THE 20TH OF THE MONTH FOLLOWING DELIVERY BY WIRE TRANSFER OF
IMMEDIATELY AVAILABLE FUNDS WITHOUT DISCOUNT, DEDUCTION, WITHHOLDING, OFFSET OR
COUNTERCLAIM IN U.S. DOLLARS ON OR BEFORE THE PAYMENT DUE DATE TO THE BANK AND
ACCOUNT DESIGNATED BY SELLER, AGAINST PRESENTATION TO BUYER BY SELLER OF ORIGINAL
HARD COPY, TELECOPY, OR TELEX INVOICE TOGETHER WITH SUPPORTING DOCUMENTATION
EVIDENCING BOOK, STOCK, INVENTORY TRANSFER OR PIPELINE METER TICKETS.

IF ANY PAYMENT UNDER THIS AGREEMENT FALLS DUE ON A SATURDAY OR A NON- MONDAY U.S.
BANK HOLIDAY IN NEW YORK, PAYMENT SHALL BE MADE ON THE FIRST BANKING DAY PRIOR
THERETO.  PAYMENTS FALLING DUE ON A SUNDAY OR A MONDAY U.S. BANK HOLIDAY IN NEW YORK
SHOULD BE MADE ON THE NEXT SUCCEEDING BANKING DAY.

IN THE EVENT OF A BOOK TRANSFER, FOR PARTIAL OR FOR FULL CONTRACTUAL VOLUME, OIL
COMBINATIONS INC. OR OIL DISTRIBUTION SERVICES'S DETERMINATION STATEMENT AND INVOICE

**FIELDWOOD ENERGY LLC**
**HOUSTON TX  77042**

Contract number/date
**4200144305 / 06/07/2018**

Page
**3 of   5**

SHALL SERVE AS EVIDENCE OF THE BOOK TRANSFER.

IF APPLICABLE, NET-OUT INVOICES SHALL BE ACCORDING TO THE ESTABLISHED NET-OUT
AGREEMENT BETWEEN BUYER AND SELLER.

**CREDIT:**
OPEN CREDIT.

**TITLE AND RISK OF LOSS:**
EXCEPT AS OTHERWISE SPECIFIED IN THIS AGREEMENT, TITLE AND RISK OF LOSS SHALL PASS
FROM SELLER TO BUYER AT CLOVELLY, LA., AS FOLLOWS:
A.  WHEN DELIVERING ONTO OR RECEIVING OFF A VESSEL OR BARGE, AS THE
    PRODUCT PASSES THE PERMANENT INLET OR OUTLET FLANGE ON THE OUTBOARD
    END OF THE LAST VESSEL/BARGE-SUPPLIED REDUCER, FITTING, OR HOSE;
B.  WHEN DELIVERING INTO OR OUT OF A PIPELINE, AS THE PRODUCT
    RESPECTIVELY ENTERS OR LEAVES SUCH PIPELINE;
C.  WHEN DELIVERING INTO OR OUT OF A TRUCK, AS THE PRODUCT
    RESPECTIVELY ENTERS OR LEAVES SUCH TRUCK;
D.  WHEN DELIVERING INTO OR OUT OF A STORAGE TANK FACILITY, AS THE
    PRODUCT RESPECTIVELY ENTERS OR LEAVES THE INLET OR OUTLET FLANGE
    OF SUCH STORAGE TANK FACILITY;
E.  IN THE CASE OF A BOOK, IN-LINE, IN-TANK, INVENTORY OR STOCK
    TRANSFER, ON THE EFFECTIVE DATE OF THE RESPECTIVE TRANSFER.

**TAXES:**
SALES-RELATED TAXES ARE REIMBURSED BY BUYER IN ADDITION TO THE PURCHASE PRICE.  IF
ANY SALE OF PRODUCT PURSUANT TO THIS AGREEMENT SHALL BE SUBJECT TO SALES OR USE TAX,
EXCISE, GROSS RECEIPTS, OR OTHER TRANSACTION TAXES, FEES, LEVYS, LICENSE OR ANY
CHARGE IMPOSED BY A GOVERNMENTAL AUTHORITY WHICH SELLER IS OBLIGATED BY SUCH
GOVERNMENTAL AUTHORITY TO PAY, OR COLLECT AND REMIT, SUCH TAX SHALL BE BORNE BY THE
BUYER.  IT IS EXPRESSLY UNDERSTOOD THAT THE PRICE MUTUALLY AGREED TO BETWEEN SELLER
AND BUYER AS PROVIDED FOR HEREIN SHALL BE EXCLUSIVE OF SALES OR USE, EXCISE, GROSS
RECEIPTS OR OTHER TRANSACTION TAXES, FEES, LEVYS, LICENSE OR ANY CHARGE IMPOSED BY A
GOVERNMENTAL AUTHORITY INCLUDING APPLICABLE PENALTIES AND/OR INTEREST (REGARDLESS OF
WHEN, HOW, OR AGAINST WHICH PARTY SUCH TAX, PENALTY AND INTEREST IS IMPOSED) BY ANY
FEDERAL, STATE, OR LOCAL OR FOREIGN GOVERNMENT OR INSTRUMENTALITY THEREOF, UPON THE
SALE, TRANSFER OR DELIVERY OF ALL PRODUCT SOLD, TRANSFERRED OR DELIVERED BY SELLER
PURSUANT TO THIS AGREEMENT, OR UPON THE BUYER'S PURCHASE, POSSESSION, STORAGE, USE OR
CONSUMPTION THEREOF. IF PROPER EXEMPTION CERTIFICATES ARE NOT PROVIDED BY BUYER,
SELLER WILL BILL THE BUYER FOR APPLICABLE SALES, USE, EXCISE, GROSS RECEIPTS OR OTHER
TRANSACTION TAXES.  THIS PROVISION SHALL SURVIVE TERMINATION OF THIS AGREEMENT.

**NO SETOFF/NETTING:**
NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE TERMS AND CONDITIONS GOVERNING THIS
TRANSACTION, NEITHER PARTY HERETO SHALL HAVE THE RIGHT TO NET OR SET OFF ANY PAYMENTS
DUE FROM IT HEREUNDER AGAINST ANY PAYMENTS DUE OR ALLEGEDLY DUE TO IT OR ANY OF ITS
AFFILIATES FROM THE OTHER PARTY OR ITS AFFILIATES IN CONNECTION WITH ANY SEPARATE
TRANSACTION, UNLESS AND ONLY TO THE EXTENT THE PARTIES HAVE ENTERED INTO A SEPARATE

**FIELDWOOD ENERGY LLC**
**HOUSTON TX  77042**

Contract number/date
**4200144305 / 06/07/2018**

Page
**4 of  5**

MASTER NETTING AGREEMENT OR SIMILAR AGREEMENT THAT EXPRESSLY PROVIDES FOR SUCH
NETTING OF PAYMENTS.

**PAYMENT NETTING:**
PAYMENT NETTING SHALL APPLY ONLY TO AMOUNTS DUE WITH RESPECT TO U.S. DOMESTIC CRUDE
OIL PRODUCTS AND SHALL NOT APPLY TO OTHER PRODUCT TRANSACTIONS.

**MEASUREMENT:**
QUANTITY DELIVERED HEREUNDER SHALL BE DETERMINED BY PIPELINE METER TICKET(S) ADJUSTED
TO 60 DEGREES FAHRENHEIT OR DOCUMENTATION EVIDENCING BOOK, STOCK, OR INVENTORY
TRANSFER.

**ASSIGNMENT:**
NEITHER PARTY SHALL ASSIGN THIS AGREEMENT OR ANY RIGHTS HEREUNDER WITHOUT THE WRITTEN
CONSENT OF THE OTHER PARTY, WHICH CONSENT SHALL NOT BE UNREASONABLY WITHHELD.

**OTHER TERMS AND CONDITIONS:**
WHEN NOT IN CONFLICT WITH THE FOREGOING, THEN CONOCO INC.'S GENERAL TERMS AND
CONDITIONS FOR DOMESTIC CRUDE OIL AGREEMENTS, DATED JANUARY 1,1993, WITH SHELL
AMENDMENTS, SHALL APPLY AND ARE HEREBY INCORPORATED BY REFERENCE.

**TEXAS LAW AND JURISDICTION SHALL GOVERN THIS AGREEMENT.**

THESE SPECIFIC TERMS WILL GOVERN AND CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE
PARTIES.  IT SUPERCEDES ANY PRIOR ORAL OR WRITTEN CORRESPONDENCE BETWEEN THE PARTIES
INCLUDING ANY PREPARED AGREEMENT BY A BROKER.

**CONTACTS:**
```
   CONTRACTS:      KRISTIN KIOLBASSA  TEL: (210) 345-3465
                                      FAX: (210) 345-2585
                      E-MAIL: KRISTIN.KIOLBASSA@VALERO.COM

   CREDIT:      ROSA RAMIREZ    TEL: (210) 345-2743
                                FAX: (210) 345-2716

   INVOICE:      LARRY SMITH      TEL: (210) 345-2275
                                  FAX: (210) 444-8513
```

WE ARE PLEASED TO HAVE CONCLUDED THIS CONTRACT WITH YOUR COMPANY.

IF YOU ARE NOT IN AGREEMENT WITH ANY OF THE ABOVE PROVISIONS, PLEASE ADVISE BY RETURN
TELEX OR TELECOPY TO THE ATTENTION OF KRISTIN KIOLBASSA, CONTRACT ADMINISTRATION
DEPT. (FAX # 210/345-2585).  IF NO RESPONSE IS RECEIVED WITHIN TWO BUSINESS DAYS OF
RECEIPT, THE TERMS AND CONDITIONS HEREIN SHALL BE CONSIDERED BINDING ON BOTH PARTIES.

REGARDS,
VALERO MARKETING AND SUPPLY COMPANY

FIELDWOOD ENERGY LLC
HOUSTON TX 77042

Contract number/date
4200144305 / 06/07/2018

Page
5 of   5

# Exhibit 2



April 27, 2020

Valero Marketing and Supply Company

One Valero Way
San Antonio, Texas 78249

Dear Mr. Jorge A. Parra,

Reference is made to the Purchase Contract by and among Valero Marketing and Supply Company ("Valero") and Fieldwood Energy LLC ("Fieldwood"), dated June 13, 2018, No. 4200144305 (the "Contract"). Capitalized terms not defined herein shall have the meaning set forth in the Contract.

As Valero is aware, the COVID-19 epidemic has impacted oil and gas operations throughout the Gulf of Mexico and globally. Fieldwood places the highest priority on its and its contractor's employees' health and safety. To best protect its workforce and comply with governmental orders associated with slowing the spread of COVID-19, Fieldwood has moved to reduce or eliminate all non-essential operations and shut-in the majority of its facilities and production. This has impacted production operations related to the Contract.

Due to conditions created by the COVID-19 epidemic and pursuant to Section E of the Conoco Inc.'s General Terms & Conditions for Domestic Crude Oil Agreement, as incorporated by reference into the Contract, Fieldwood hereby notifies Valero that Fieldwood is unable to perform its obligations under the Contract due to an event of Force Majeure, which is reasonably beyond Fieldwood's control. Specifically, Fieldwood is unable to deliver the products as described in the Contract. Fieldwood will notify Valero when the situation related to COVID-19 is resolved and operations can recommence.

Finally, Fieldwood wishes to remind Valero that unilateral changes to nominated amounts reflects and is in accordance with the established pattern and practice of the parties related to deliveries under the Contract.

Should you have any questions, please do not hesitate to contact Jim Brysch at 713-969-1129.

Sincerely,

John H. Smith
SVP Business Development

Exhibit 3



April 29, 2020

*VIA FACSIMILE and ELECTRONIC MAIL*

Fieldwood Energy LLC
2000 W Sam Houston Parkway S, Suite 12
Houston, Texas 77042
Attn: Jim Brysch
VP – Production Marketing
Email: Jim.Brysch@fwellc.com
Fax: (713) 969-1099

**Re: Rejection of Fieldwood Energy LLC's ("Fieldwood") Notice of Force Majeure for Purchase Contract No. 4200144305 (the "Contract") by and between Fieldwood and Valero Marketing and Supply Company ("Valero")**

Dear Mr. Brysch:

We are in receipt of Fieldwood's letter dated April 27, 2020, attempting to declare force majeure. We hereby reject and dispute your attempted declaration of force majeure because Fieldwood has not, among other things, established (i) how the COVID-19 epidemic actually prevents it from performing under the Contract, or (ii) that any alleged resulting conditions of the COVID-19 epidemic are beyond Fieldwood's reasonable control and similary prevent it from performing under the Contract.

We will hold you responsible for any and all damages Valero or its affiliates incur due to your failure to deliver the physical volumes agreed to in the Contract.

Valero reserves all rights and remedies under the Contract and at law. Please provide your response in writing to physicalbulkcontracts@valero.com with a copy to Randy.Hawkins@valero.com.

Regards,

Randall E. Hawkins
Senior Vice President

cc:     Johnny Dobecka via email at Johnny.Dobecka@Fwellc.com

MEMORY TRANSMISSION REPORT

|  |  |  |
|---|---|---|
| TIME | : | 04-29-2020 12:06 |
| FAX NO.1 | : | 2103452588 |
| FAX NO.2 | : | 2103452585 |
| NAME | : | valero |

|  |  |  |
|---|---|---|
| FILE NO. | : | 836 |
| DATE | : | 04.29 12:05 |
| TO | : | ☎ 917139691099 |
| DOCUMENT PAGES | : | 1 |
| START TIME | : | 04.29 12:05 |
| END TIME | : | 04.29 12:06 |
| PAGES SENT | : | 1 |
| STATUS | : | OK |

***SUCCESSFUL TX NOTICE***



April 29, 2020

*VIA FACSIMILE and ELECTRONIC MAIL*

Fieldwood Energy LLC
2000 W Sam Houston Parkway S, Suite 12
Houston, Texas 77042
Attn: Jim Brysch
VP -- Production Marketing
Email: Jim.Brysch@Fwelle.com
Fax: (713) 969-1099

Re:   Rejection of Fieldwood Energy LLC's ("Fieldwood") Notice of Force Majeure for Purchase
Contract No. 4200144305 (the "Contract") by and between Fieldwood and Valero Marketing and
Supply Company ("Valero")

Dear Mr. Brysch:

We are in receipt of Fieldwood's letter dated April 27, 2020, attempting to declare force majeure.  We hereby
reject and dispute your attempted declaration of force majeure because Fieldwood has not, among other things,
established (i) how the COVID-19 epidemic actually prevents it from performing under the Contract, or (ii)
that any alleged resulting conditions of the COVID-19 epidemic are beyond Fieldwood's reasonable control
and similary prevent it from performing under the Contract.

We will hold you responsible for any and all damages Valero or its affiliates incur due to your failure to deliver
the physical volumes agreed to in the Contract.

Valero reserves all rights and remedies under the Contract and at law.  Please provide your response in writing
to physicalbulkcontracts@valero.com with a copy to Randy.Hawkins@valero.com.

Regards,

Randall E. Hawkins
Senior Vice President

cc:    Johnny Dobecka via email at Johnny.Dobecka@Fwelle.com

Post Office Box 696000 • San Antonio, Texas 78269-6000 • Telephone (210) 345-2000

# Exhibit 4



April 29, 2020

Valero Marketing and Supply Company
One Valero Way
San Antonio, Texas 78249
Fax No. 210-345-2585

Dear Mr. Jorge A. Parra,

Reference is made to the Purchase Contract by and among Valero Marketing and Supply Company ("Valero") and Fieldwood Energy LLC ("Fieldwood"), dated June 7, 2018, No. 4200144305 (the "Contract"). Capitalized terms not defined herein shall have the meaning set forth in the Contract.

Please accept this letter as notice of termination pursuant to the Term section of the Contract. The termination shall be effective May 30, 2020.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Johnny Dobecka
Oil Trading

# Exhibit 5



May 14, 2020

**VIA FACSIMILE and ELECTRONIC MAIL**

Fieldwood Energy LLC
2000 W Sam Houston Parkway S, Suite 12
Houston, Texas 77042
Attn: Jim Brysch
VP – Production Marketing
Email: Jim.Brysch@fwellc.com
Fax: (713) 969-1099

**Re: Demand for Adequate Assurance of Performance by Fieldwood Energy LLC ("*Fieldwood*") pursuant to Purchase Contract No. 4200144305 (the "*Contract*")**

Dear Mr. Brysch:

Valero Marketing and Supply Company ("*Valero*") is in receipt of Fieldwood's April 29, 2020 Notice of Termination Letter, terminating the Contract effective as of May 30, 2020, as well as Fieldwood's consistent communications that Fieldwood will not deliver any crude oil to Valero during the month of May. Valero has thus calculated its estimated damages resulting from Fieldwood's failure to deliver any May volumes to be $2,102,544 ("*Valero's Damages*").

Based on the foregoing and other recent events, it is Valero's reasonable opinion that the reliability of Fieldwood to perform its obligations as well as its ability to pay Valero for Valero's Damages is impaired and/or unsatisfactory. On this basis and pursuant to the Contract, Valero hereby demands that Fieldwood provide to Valero "Adequate Assurance of Performance" confirming Fieldwood's ability to pay Valero's Damages, in either an irrevocable stand-by letter of credit for such amount (in the form and by a bank acceptable to Valero) or through payment of such amount in immediately available funds to the account specified in *Appendix 1*.

Pursuant to the Contract, Valero's Damages shall become due and payable by Fieldwood no later than two Banking Days from the date of this communication. In the event Valero does not receive Adequate Assurance of Performance within this time period, Valero reserves the right to pursue further remedies under the Contract and at law.

Please provide your response in writing to physicalbulkcontracts@valero.com with a copy to Randy.Hawkins@valero.com.

Regards,

Randall E. Hawkins
Senior Vice President

cc: Johnny Dobecka via email at Johnny.Dobecka@Fwellc.com

# APPENDIX 1



P.O. Box 696000, San Antonio, Texas 78269-6000
Ph 800-333-3377 Fax 210-345-2234

VALERO ENERGY CORPORATION

JPMORGAN CHASE BANK

NEW YORK, NY

ACCOUNT #323272568

ABA #021000021

SWIFT CODE:  CHASUS33

For the benefit of:

Payment Reference:

Director Cash Management:  Shawna Krepps (210) 345-2276

JPMORGAN CHASE BANK
712 Main Street, Floor 05
Houston, TX 77002-3201

CONTACT: Chavonne Johnson  713-216-2837

# Exhibit 6

# FE FIELDWOOD ENERGY

May 19, 2020

Randall Hawkins
Valero Marketing and Supply Company
One Valero Way
San Antonio, Texas 78249

Dear Mr. Hawkins,

Reference is made to the Purchase Contract by and among Valero Marketing and Supply Company ("Valero") and Fieldwood Energy LLC ("Fieldwood"), dated June 13, 2018, No. 4200144305 (the "Contract"). Capitalized terms not defined herein shall have the meaning set forth in the Contract.

Fieldwood is in receipt of Valero's letter dated May 18, 2020, wherein Valero states its intention to willfully breach the Contract and withhold funds not entitled to it. Fieldwood hereby demands immediate payment of the full amount due pursuant to the valid invoice.

As Valero is well aware, COVID-19 is a global pandemic impacting all industries, including the oil and gas industry. As early as April 16, 2020, Fieldwood informed Valero that May production was in jeopardy and that it may be shut-in. This was confirmed on April 22, 2020. On April 27, 2020, Fieldwood appropriately notified Valero that, pursuant to the Contract, an event of Force Majeure had occurred, and that Fieldwood would be unable to deliver products. Astonishingly, Valero denies that the current situation constitutes a Force Majeure event, and that Fieldwood somehow owes it damages. This is absolutely not the case, and Fieldwood owes Valero nothing.

In addition to the Force Majeure event, the Contract provides that Fieldwood may deliver nothing, if there is no production from the specified field. The Contract clearly states that the quantity was "***PER ACTUAL PRODUCTION*** ABOUT 49.5 PERCENT OF NOBLE'S SHARE (BIG BEND/DANTZLER)" [emphasis added]. Big Bend and Dantzler have been shut-in, and there has been no production. As such, Fieldwood is not required to deliver any barrels to Valero.

Valero has also demanded Fieldwood supply Adequate Assurance in light of its, incorrect, allegation Valero is entitled to payment, and therefore Fieldwood is liable for damages. Fieldwood is not liable to Valero, and Fieldwood will not provide same on that basis. Fieldwood notes the following language in the Contract, "Seller may, ***in its discretion***, at any time request and Buyer shall, not later than two (2) Business Days after request by Seller, provide Adequate Assurance." [emphasis added]. In light of Valero's stated intention to breach the Contract, Fieldwood hereby demands Valero supply such Adequate Assurance within two (2) Business Days. Any refusal to do so will be a further breach of the Contract.

In addition to the fact that Fieldwood does not owe Valero any payment whatsoever, Valero has no right to withhold any payment to Fieldwood pursuant to the very language of the Contract. The Payment Terms clearly state that payment is to be made, "WITHOUT DISCOUNT,

DEDUCTION, WITHHOLDING, OFFSET OR COUNTERCLAIM…" Valero's stated intention to withhold these funds is clearly in violation of these terms.

If Valero does not release all funds due to Fieldwood as provided in the Contract and pursuant to the valid invoice, Fieldwood will have no choice to proceed to arbitration to collect both the amount owed and any and all attorney's fees and costs. Fieldwood specifically reserves all rights and remedies it has at law or in equity, including, but not limited to, those provided under the Contract.

Should you have any questions, please do not hesitate to contact me at 713-969-1086.

Sincerely,

Troy S. Allen
Assistant General Counsel

# Electronic Proof of Claim_XMR*V28824[[CSA#7 711#CF]]

Final Audit Report                                                    2020-11-25

| | |
|---|---|
| Created: | 2020-11-25 |
| By: | Prime Clerk (epoc@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAME-1Yfv89d5tRJlhmT3bBOfqeu87Vkj_ |

## "Electronic Proof of Claim_XMR*V28824[[CSA#7711#CF]]" History

📄 Web Form created by Prime Clerk (epoc@primeclerk.com)
2020-11-25 - 3:46:24 PM GMT

📎 Nathan L. Mechler (dwilliamson@dykema.com) uploaded the following supporting documents:
📎 Attachment
2020-11-25 - 4:18:29 PM GMT

📄 Web Form filled in by Nathan L. Mechler (dwilliamson@dykema.com)
2020-11-25 - 4:18:29 PM GMT- IP address: 38.68.70.2

✒️ (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; WOW64; Trident/7.0; rv:11.0) like Gecko)
2020-11-25 - 4:18:31 PM GMT- IP address: 38.68.70.2

✅ Agreement completed.
2020-11-25 - 4:18:31 PM GMT