IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY, LLC,** *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**MOTION OF BP EXPLORATION & PRODUCTION INC.
TO FILE EXHIBIT REDACTED FOR CONFIDENTIALITY**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

BP Exploration & Production Inc. ("BP") submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Rules"), and the *Order Temporarily Suspending Bankruptcy Local Rule 9037-1 Regarding the Filing of Sealed Documents* (the "Sealed Documents Order"), authorizing BP to file under seal an unredacted copy of trial exhibit 832-2 (the "Confidential Exhibit")[2], which was admitted under seal in connection with the February 2, 2021 evidentiary hearing before this Court. In compliance with Paragraph 2(f) of the Sealed Documents Order, BP previously served, by electronic mail, an unredacted copy of the Confidential Exhibit to (a) the Debtors, (b) the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and (c) as otherwise ordered by the Court. In support of this Motion, BP respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and the Sealed Documents Order.

## BACKGROUND

**A.    The Bankruptcy Cases**

2. On August 3, 2020, each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On January 27, 2021, the Debtors filed their *Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts* (the "Emergency Motion") [Docket No. 792].

---

[2]  A brief description of the Confidential Exhibit is attached hereto as **Exhibit B**.

4.      In response, on February 2, 2021, BP filed the *Preliminary Objection of BP Exploration & Production Inc. to Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts* [Docket No. 833]. Thereafter, on February 2, 2021 the Court held an evidentiary hearing (the "Hearing") on the Debtors' Emergency Motion.

**B.      The Confidential Exhibit**

5.      Following the Hearing, and after further review, consultation and agreement with the U.S. Trustee and Debtors' counsel, BP determined that only the Confidential Exhibit must remain confidential.[3] Notably, the Debtors have filed the same document with the same limited redactions that are presently being proposed by BP. *See* Docket No. 872 (Attachment 5). Because BP (and the Debtors) considers certain of the information in the Confidential Exhibit to be highly sensitive and subject to confidentiality restrictions, BP maintains that such information be kept confidential and that an unredacted version of the Confidential Exhibit be filed under seal.

## BASIS FOR RELIEF

6.      Section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential or commercial information. *Id.* § 107(b).

7.      Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides, in relevant part: "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a

---

[3] BP initially designated as confidential several exhibits admitted at the Hearing; however, after further review and consultation with the U.S. Trustee and Debtors' counsel, BP has determined that only the Confidential Exhibit must remain confidential. Accordingly, BP will be publicly filing complete, unredacted replacement exhibits for any exhibit other than the Confidential Exhibit that was admitted at the Hearing.

trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. Furthermore, the Sealed Documents Order authorizes the Court to limit public access to certain documents.

8. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)); *see also In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

9. Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Meyrowitz*, 2006 WL 6544093, at *2 (Bankr. N.D. Tex. Oct. 27, 2006); *see also Faucett*, 438 B.R. at 568 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 28).

10. Here, the unredacted Confidential Exhibit contains information deemed highly sensitive commercial information by BP (and the Debtors) related to its material assets and contracts and commercial dealings with the Debtors. In this regard, any disclosure of highly confidential information could impair BP's commercial operations and business activities by giving competing oil and gas companies an unfair advantage. The Debtors agree. Like BP, the Debtors requested limited redactions to the Confidential Exhibit. These redactions mirror those that are proposed here by BP. As set forth above, BP has conferred with the Debtors and the U.S.

4

Trustee, both of whom have agreed to BP's proposed redactions and consent to the relief requested herein.

11. Therefore, BP now moves to file under seal the unredacted Confidential Exhibit. In accordance with Paragraph 2(f) of the Sealed Documents Order, BP has served the Debtors and the U.S. Trustee, via electronic mail, with the unredacted Confidential Exhibit.

**WHEREFORE**, BP respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief the Court may deem proper.

Date: March 11, 2021

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Karl D. Burrer*
Shari L. Heyen (SBN 09564750)
HeyenS@gtlaw.com
Karl D. Burrer (SBN 24043584)
BurrerK@gtlaw.com
Katie Tipper-McWhorter (admitted *pro hac vice*)
TipperK@gtlaw.com
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

P. William Stark (admitted *pro hac vice*)
StarkB@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

***Counsel for BP Exploration & Production Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 11, 2021, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail.

By: */s/ Karl D. Burrer*
Karl D. Burrer
