# EXHIBIT B-2



## Executed Bond Report

### Sirius America Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** 7000000437 |
|---|---|---|
| | | **Date:** 9/16/2019 |

**Principal:**  Fieldwood Energy Offshore, LLC

**Obligee Name and Address:**  United States of America, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company, Co-Obligees
Filed with: United States of America, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company
Attn:
1201 Elmwood Park Blvd
New Orleans,  LA  70123-

**Power of Attorney No.**
000388 & 000390

| **Effective Date:** | | **Bond Amount:** | **Contract Amount:** | **Premium:** |
|---|---|---|---|---|
| From    9/16/2019 To:    9/16/2020 | | $1,745,185.00 | $0.00 | $21,815.00 |

| **Rate:** | **Commission %** | **Commission Amount** | **State Surchg-Fee:** |
|---|---|---|---|
| 1.25% | 30.000% | $6,544.50 | $0.00 |

**Description:**
Issued in Duplicate - Multi-Obligee Right-Of-Way Supplemental Bond, OCS ROW No. OCS-G 29417 - Described as a 200' wide & approx 18.29 mi (96') long corridor associated w/8" Pipeline Segment No. (PSN) 20155. Pupose is to maintain/operate PSN 20155 & transport bulk oil from Midline PLET A-2 in Block 156 thru Blocks 112, 111, 110 and 66 to Platform A in Block 65, all in Green Canyon Area.

**Renewal Type:**                                      **Cancellation Provision:**
Continuous Until Cancelled/Released                    Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond, orig request.

**Comments:**
Approved as per Sarah Stanfield's 9/16/2019 email.

**Replacing:**   N/A

---

Alliant Insurance Services, Inc.    5444 Westheimer    Suite 900    Houston, TX 77056
PHONE (832) 485-4000    FAX (832) 485-4001    www.alliantinsurance.com



# Executed Bond Report

## Sirius America Insurance Company

| Account Name and Address: | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | Bond No: **7000000437** |
|---|---|---|
| | | **Date:** _9/16/2019_ |

**Principal:**  Fieldwood Energy, L.L.C.

**Obligee Name and Address:**  United States of American, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company, Co-Obligees
Filed with: United States of American, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company
Attn:
1201 Elmwood Park Blvd
New Orleans,  LA  70123-

**Power of Attorney No.**
000388 & 000390

| **Effective Date:** | | **Bond Amount:** | **Contract Amount:** | **Premium:** |
|---|---|---|---|---|
| From      9/16/2019 To:      9/16/2020 | | $1,745,184.00 | $0.00 | $21,815.00 |

| **Rate:** | **Commission %** | **Commission Amount** | **State Surchg-Fee:** |
|---|---|---|---|
| 1.25% | 30.000% | $6,544.50 | $0.00 |

**Description:**

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond, orig request.

**Comments:**
Approved as per Sarah Stanfield's 9/16/2019 email.

**Replacing:**  N/A

Tuesday, September 17, 2019

**BOND NO.  7000000437**

**OCS ROW NO. OCS-G 29417**

**BOND TYPE: <u>Right-of-Way Supplemental Bond</u>**          **PENAL SUM: $1,745,185.00**

**MULTI-OBLIGEE SUPPLEMENTAL BOND**

KNOW ALL MEN BY THESE PRESENTS:

That on this 16th day of September 2019 (the "***Effective Date***"), we, Fieldwood Energy Offshore LLC , a Delaware limited liability company, with its principal office at 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas  77042, assigned BOEM Company Qualification No. 3035 ("***Principal***"), and Sirius America Insurance Company, with an office at 140 Broadway, 32nd Floor, New York, NY 10005-1108 ("***Surety***"), are held and firmly bound unto (i) the United States of America, acting by and through the Bureau of Ocean Energy Management, 1201 Elmwood Park Boulevard, New Orleans, Louisiana 70123 ("***BOEM Obligee***"), and (ii) Marathon Oil Company, an Ohio corporation, with its principal office at 5555 San Felipe Street, Houston, Texas  77056, assigned BOEM Company Qualification No. 0724 ("***Additional Named Obligee***") (BOEM Obligee and Additional Named Obligee being sometimes collectively referred to herein as "***Co-Obligees***") for the penal sum of one million, seven-hundred and forty five thousand, one hundred and eighty five dollars (**$1,745,185.00**) lawful money of the United States of America for the payment of which penal sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents, pursuant to the terms hereof.

WHEREAS, Additional Named Obligee is a former owner of relinquished Federal right-of-way OCS-G 28548 ("***Relinquished ROW***"), which BSEE (as defined below) reactivated on May 7, 2019, and is now assigned Federal right-of-way OCS-G29417 (together with the Relinquished ROW, collectively, the "***Applicable ROW***"), more fully described as follows:

> Pipeline Right-of-way OCS-G29417 is a 200-foot wide and approximately 18.29 miles (96,554') long corridor associated with the 8-inch Pipeline Segment No. (PSN) 20155.  The purpose of the pipeline ROW OCS-G29417 is to maintain and operate PSN 20155 and to transport bulk oil from Midline PLET A-2 in Block 156 through  Blocks 112, 111, 110 and 66 to Platform A in Block 65, all located in Green Canyon Area; and

WHEREAS, pursuant to a transaction between Deepwater Abandonment Alternatives, Inc., a Texas corporation ("***DAA***"), and Principal  in which the underlying infrastructure associated with the Applicable ROW has been acquired by the Principal ("***Assignment Transaction***"), Principal is required to provide security for the Decommissioning Obligations (as defined below) to Additional Named Obligee; and

WHEREAS, pursuant to applicable laws, rules, regulations, and policies of BOEM Obligee, Principal is required to provide financial assurance for the Decommissioning Obligations (as defined below) to BOEM Obligee; and

Page 1 of 10

BOND NO.  7000000437

OCS ROW NO. OCS-G 29417

BOND TYPE: Right-of-Way Supplemental Bond                    PENAL SUM: $1,745,184.00

## MULTI-OBLIGEE SUPPLEMENTAL BOND

KNOW ALL MEN BY THESE PRESENTS:

That on this 16th day of September 2019 (the "*Effective Date*"), we, Fieldwood Energy Offshore LLC , a Delaware limited liability company, with its principal office at 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas  77042, assigned BOEM Company Qualification No. 3035 ("*Principal*"), and Sirius America Insurance Company, with an office at 140 Broadway, 32nd Floor, New York, NY 10005-1108 ("*Surety*"), are held and firmly bound unto (i) the United States of America, acting by and through the Bureau of Ocean Energy Management, 1201 Elmwood Park Boulevard, New Orleans, Louisiana 70123 ("*BOEM Obligee*"), and (ii) Marathon Oil Company, an Ohio corporation, with its principal office at 5555 San Felipe Street, Houston, Texas  77056, assigned BOEM Company Qualification No. 0724 ("*Additional Named Obligee*") (BOEM Obligee and Additional Named Obligee being sometimes collectively referred to herein as "*Co-Obligees*") for the penal sum of one million, seven-hundred and forty five thousand, one hundred and eighty four dollars (**$1,745,184.00**) lawful money of the United States of America for the payment of which penal sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents, pursuant to the terms hereof.

WHEREAS, Additional Named Obligee is a former owner of relinquished Federal right-of-way OCS-G 28548 ("*Relinquished ROW*"), which BSEE (as defined below) reactivated on May 7, 2019, and is now assigned Federal right-of-way OCS-G29417 (together with the Relinquished ROW, collectively, the "*Applicable ROW*"), more fully described as follows:

> Pipeline Right-of-way OCS-G29417 is a 200-foot wide and approximately 18.29 miles (96,554') long corridor associated with the 8-inch Pipeline Segment No. (PSN) 20155.  The purpose of the pipeline ROW OCS-G29417 is to maintain and operate PSN 20155 and to transport bulk oil from Midline PLET A-2 in Block 156 through  Blocks 112, 111, 110 and 66 to Platform A in Block 65, all located in Green Canyon Area; and

WHEREAS, pursuant to a transaction between Deepwater Abandonment Alternatives, Inc., a Texas corporation ("*DAA*"), and Principal  in which the underlying infrastructure associated with the Applicable ROW has been acquired by the Principal ("*Assignment Transaction*"), Principal is required to provide security for the Decommissioning Obligations (as defined below) to Additional Named Obligee; and

WHEREAS, pursuant to applicable laws, rules, regulations, and policies of BOEM Obligee, Principal is required to provide financial assurance for the Decommissioning Obligations (as defined below) to BOEM Obligee; and

WHEREAS, the Surety warrants that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, that it is qualified to be a surety and guarantor on bonds and undertakings, that it is named in the current Circular 570, published by the Audit Staff Bureau of Accounts, U.S. Department of the Treasury ("*Circular 570*"), and that its certificate of suretyship has not been revoked; and

WHEREAS, the Surety warrants that it has duly executed a power of attorney, appointing the hereinafter named representative as the true and lawful attorney-in-fact of such Surety.  All lawful process may be served in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder, and does hereby agree and consent that such service, when made at Surety's address as specified in Paragraph 3.12 below, will be valid service upon it, and that such appointment will continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder; but if the named representative in Paragraph 3.12 becomes no longer able to act on Surety's behalf, the Surety will promptly so inform each of the Co-Obligees.

NOW THEREFORE, the Principal, the Surety, and the Co-Obligees agree to the following:

1.      **Definitions.** As used in this Bond, the following terms have the following meanings:

1.1     *Bond* means this multi-Obligee supplemental right-of-way bond, identified as Bond No. ;

1.2     *Instrument* includes, individually or collectively, any lease, operating agreement, designation of operator or agent, storage agreement, transfer of operating rights, permit, license, grant, or easement, pursuant to which the Principal has the right, privilege, or license to conduct operations associated with the Applicable ROW to which this Bond applies;

1.3     *Decommissioning Obligation(s)* means any decommissioning obligation(s) or requirement(s) imposed on both the Principal and the Additional Named Obligee by, or arising from (i) the Applicable ROW, (ii) any regulations of the Department of the Interior, solely as applicable to the Applicable ROW, or (iii) any Instrument issued, maintained, or approved under the Outer Continental Shelf ("*OCS*") Lands Act (43 U.S.C. §§ 1331 et seq.) related to the Applicable ROW acquired by Principal pursuant to the Assignment Transaction and that accrued before the Principal acquired the Applicable ROW therein;

1.4     *Qualified Surety* means a surety named in the version of Circular 570 current at the time the Qualified Surety provides a bond, and at all times thereafter.

1.5     *Person* includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency;

1.6     *Regional Director* means the Regional Director for the applicable BOEM Obligee Regional Office with jurisdiction over the Applicable ROW;

1.7     *ROW Holder* means the Bureau of Safety and Environmental Enforcement ("*BSEE*")-approved owner of the Applicable ROW;

1.8    *Default* means BOEM's determination that the Principal has failed to timely perform the Decommissioning Obligations.

2.    The Principal, the Surety, and the Co-Obligees further agree to the following:

2.1    The Surety hereby guarantees, to each of the Co-Obligees, the full and faithful performance by Principal of the entirety of the Decommissioning Obligations. Under no circumstances, however, does such guarantee by the Surety exceed the penal sum of the Bond at any time in effect.

2.2    The Principal, as agent on behalf of all ROW Holders with an interest in the Applicable ROW, will fulfill the Decommissioning Obligations to the same extent as though the Principal were the sole interest owner of the Applicable ROW from the Assignment Transaction.

2.3    The Surety does hereby absolutely and unconditionally bind itself to each of (i) BOEM Obligee and (ii) Additional Named Obligee for all sums required to fund the performance of the Decommissioning Obligations, up to the penal sum of the Bond, regardless of the number of years this Bond is in force.

2.4    The Surety will be responsible to each of the Co-Obligees for all Decommissioning Obligations of the Principal until the earlier of: (a) the satisfaction of all Decommissioning Obligations, (b) if the Bond is called, the Surety has provided the funds up to the penal sum of the Bond, or (c) the Decommissioning Obligations are covered by replacement financial assurance approved in writing by each of BOEM Obligee and Additional Named Obligee which specifically secures the Decommissioning Obligations.

2.5    If the Regional Director terminates the period of liability of this Bond in accordance with 30 CFR 556.906, the Surety will remain responsible to the Co-Obligees for Decommissioning Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the Bond in favor of the Surety. If Principal is required to provide a replacement bond pursuant to 30 CFR 556.906, then the Principal shall ensure that both the BOEM Obligee and the Additional Named Obligee are named obligees under such replacement bond.

2.6    If this Bond is cancelled, the Regional Director may reinstate this Bond as if no cancellation had occurred if any payment for performance of any Decommissioning Obligation of the Principal is rescinded or must be restored or repaid pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has performed the Decommissioning Obligations in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the Bond.

2.7    The Surety waives any right of notice of this Bond taking effect and agrees that this Bond will take effect as to each Co-Obligee upon delivery to such Co-Obligee.

2.8    Unless explicitly terminated, cancelled, or modified by both BOEM Obligee and Additional Named Obligee in writing, and as provided for in this Bond, the Surety's obligations will remain in full force and effect, even if:

a)   The Principal or any other person assigns all or part of any interest in an Instrument or in the Applicable ROW covered by this Bond;

b)   Any person modifies an Instrument in any manner, including modifications that result from (i) a commitment to a unit, cooperative, or communitization, or storage agreement; (ii) suspension of operations or production; (iii) suspension or changes in rental, minimum royalty, or the payment of royalties; (iv) modification of regulations or interpretations of regulations; (v) creation or modification of compensatory royalty agreements or payments; or (vi) creation of any mortgage, pledge, or other grant of security interest in an Instrument or the Applicable ROW;

c)   Any person, event, or condition terminates any Instrument or the Applicable ROW interest covered by this Bond prior to the date on which this Bond terminates in accordance with its terms, whether the termination is by operation of law or otherwise; or

d)   Either Co-Obligee takes or fails to take any enforcement action against, or fails to give notice to, or make demand of, any party to any Instrument, concerning the payment or non-payment of rentals or royalties or the performance or non-performance of any other covenant, term, or condition of the Applicable ROW, or any contract entered into with respect to the Assignment Transaction.

2.9   BOEM Obligee will contemporaneously send a copy to Additional Named Obligee of any notice of Default sent to Principal or Surety.

2.10   After a Default, and upon demand by either of the Co-Obligees, the Surety will provide to such Co-Obligee making demand, pursuant to the procedures set forth in this Paragraph 2, payments up to the penal sum of the Bond to satisfy the Decommissioning Obligations.

2.11   Upon Default by the Principal, BOEM Obligee has the right to call the Bond, or a portion of the Bond, by demand upon the Surety without any requirement that BOEM Obligee confer with, or obtain the agreement of, Additional Named Obligee, subject to the procedures, rights and obligations set forth in this Paragraph 2.

2.12   Prior to calling the Bond pursuant to Paragraph 2.11, BOEM Obligee will provide Additional Named Obligee with thirty (30) calendar days' advance written notice ("***BOEM Notice Period***") of BOEM Obligee's intention to call the Bond (or portion thereof) and stating the scope of the Decommissioning Obligations upon which Principal has defaulted. If, within the BOEM Notice Period, Additional Named Obligee commits in writing to BOEM Obligee to timely undertake the requisite activities to address the Decommissioning Obligations upon which Principal has defaulted, BOEM Obligee will direct the Surety to pay to Additional Named Obligee the proceeds of the Bond (or portion thereof). Additional Named Obligee will utilize the proceeds of the Bond exclusively to diligently and continuously prosecute the performance of the requisite operations and activities until such time as the Decommissioning Obligations then requiring performance are satisfied.

2.13   If BOEM Obligee calls the Bond, and within the BOEM Notice Period, Additional Named Obligee does not commit in writing to perform the Decommissioning Obligations, BOEM

Obligee has the right to receive performance of the Decommissioning Obligations by, or the payment of the Bond proceeds from, the Surety, with no further obligation to inform the Additional Named Obligee or any other party and BOEM Obligee will place the proceeds of the Bond into an appropriate account and dedicate the proceeds to the performance of activities to address the Decommissioning Obligations then requiring performance.

2.14    Upon Default, Additional Named Obligee may call the Bond by demand upon the Surety if (a) Additional Named Obligee provides BOEM Obligee with thirty (30) calendar days' advance written notice ("*Additional Named Obligee Notice Period*") of its intention to call the Bond (or portion thereof), and (b) agrees in writing to use the proceeds of the Bond exclusively to diligently and continuously prosecute the performance of the requisite operations and activities until such time as the Decommissioning Obligations then requiring performance are satisfied. Additional Named Obligee hereby acknowledges that this Bond and the procedures relating to utilization of Bond proceeds do not reduce or otherwise modify its regulatory liabilities associated with the Decommissioning Obligations until such Decommissioning Obligations are satisfied.

2.15    If Additional Named Obligee receives Bond proceeds under any of the provisions of this Paragraph 2, the proceeds will be placed into an escrow or other appropriate account in a federally-insured bank or a federally-insured thrift institution mutually acceptable to the Co-Obligees. In order to give Additional Named Obligee appropriate access to Bond proceeds pursuant to this Paragraph 2.15, the agreement establishing the escrow or other appropriate account into which bond proceeds are deposited will provide for Additional Named Obligee to have the sole authority to make a withdrawal or series of withdrawals upon submitting to BSEE applicable permits for the contemplated decommissioning operations made the subject of the Default. Additional Named Obligee pledges to use funds from this escrow or other appropriate account only for satisfying the Decommissioning Obligations then requiring performance.

2.16    If Additional Named Obligee receives bond proceeds under Paragraph 2.12 or withdraws Bond proceeds under Paragraph 2.15, but fails to commence performance of the Decommissioning Obligations, as specified in the regulations at 30 C.F.R., Part 250, subpart Q, within ninety (90) calendar days of receiving/withdrawing the Bond proceeds, or as otherwise mutually agreed in writing, Additional Named Obligee shall immediately tender to BOEM Obligee the proceeds of the Bond to arrange for performance of the requisite activities to address the Decommissioning Obligations then requiring performance. In order to give BOEM Obligee immediate access to the remaining Bond proceeds pursuant to this Paragraph 2.16, the Additional Named Obligee will provide, in the agreement establishing the escrow or other appropriate account into which Additional Named Obligee deposits the Bond proceeds, terms that authorize BOEM Obligee, after notifying Additional Named Obligee of Additional Named Obligee's failure to timely commence Decommissioning Obligations, to make withdrawals from the account consistent with this Paragraph 2.16. Additional Named Obligee tendering bond proceeds to BOEM Obligee under this Paragraph 2.16 shall not prevent Additional Named Obligee from calling the Bond up to the remaining penal sum of the Bond upon the occurrence of any subsequent default.

2.17   Regardless of which Co-Obligee calls the Bond, and notwithstanding anything else to the contrary herein, any and all proceeds attributable to forfeiture, or call, of the Bond must be applied solely and exclusively to extinguish the Decommissioning Obligations, regardless of insolvency, bankruptcy, or default of the Principal, or an assignment by the Principal of all or part of its interests in the Applicable ROW, and all operations and activities necessary to be performed to extinguish such Decommissioning Obligations must be timely performed in accordance with the regulations of the Department of the Interior. Nothing in this Paragraph 2.17 shall result in Surety's obligation to pay Bond proceeds in an amount greater than the penal sum amount of this Bond.

2.18   Notwithstanding anything else to the contrary herein, any payment of Bond proceeds made by Surety to either Co-Obligee or as directed by either Co-Obligee reduces the Bond penal sum amount regardless of any judicial action that results in BOEM reinstatement of this Bond.

2.19   Any assignment of all right, title, and interest in an Instrument or in the Applicable ROW, in whole or in part, by the Principal shall require at least fourteen (14) business days' prior written notice to the Surety.

3.   **Miscellaneous**

3.1   Nothing in this Bond expands the obligations and liabilities of Additional Named Obligee associated with the Applicable ROW pursuant to contract or law, and all such obligations and liabilities will be limited to the obligations and liabilities that accrued while Additional Named Obligee was a ROW Holder, as that term is used herein.

3.2   If either Co-Obligee decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not the other Co-Obligee joins such proceeding.

3.3   In the event there is more than one surety, or there are other types of financial assurance securing the Principal's performance of the Decommissioning Obligations, the Surety's obligation and liability under this Bond is on a "solidary" or "joint and several" basis along with such other surety(ies) and along with any other providers of such financial assurance.

3.4   The Surety agrees that, within five (5) calendar days after learning that it has been de-listed from the Circular No. 570, and/or of any action filed alleging the insolvency or bankruptcy of the Surety, or alleging any violation that would result in suspension or revocation of the Surety's certificate of suretyship, charter, or license to do business, the Surety will give notice to the Principal and the Co-Obligees.

3.5   The Principal agrees that, within five (5) calendar days after learning that the Surety has become bankrupt or, insolvent, or the Surety has had its charter or license to do business suspended or revoked, or is no longer named in the current Circular 570, the Principal will, at its sole cost and expense, substitute a bond identical in all material respects to this Bond from another Qualified Surety (as defined above).

3.6     The Principal agrees that, within five (5) calendar days of learning of any action filed alleging the insolvency or bankruptcy of the Principal, or alleging any violation that would result in suspension or revocation of the Principal's charter, or license to do business, it will notify the Co-Obligees and the Surety.

3.7     The Surety's obligation and liabilities under this Bond are binding upon the Surety's successors and assigns, if any. Nothing in this Bond permits assignment of the Surety's obligation without the written consent of each of the Co-Obligees.

3.8     The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

3.9     No forbearance by either of the Co-Obligees will release the Principal and the Surety from any liability under this Bond to any Co-Obligee.

3.10    The penal sum of the Bond will be reduced by and to the extent of any payments made by Surety hereunder, or its successors and assigns, if any; however the Bond will remain in full force and effect for the remaining balance of the Bond until all the Decommissioning Obligations are satisfied, or until a replacement bond from a Qualified Surety or other form of financial assurance acceptable to each Co-Obligee, in its sole discretion, is provided.

3.11    No right or action will accrue on this Bond to or for the use of any Person other than the Principal, Surety, the Additional Named Obligee, and the BOEM Obligee, and their respective heirs, executors, debtor(s) in possession, administrators, assigns, or successors, pursuant to the terms of this Bond and applicable law.

3.12    A notice or communication under or in connection with this Bond shall be in writing and shall be deemed to have been duly given or made when (a) delivered by hand by a recognized courier delivery service, on the date shown on the receipt, or (b) in the case of delivery by United States certified mail with return receipt requested and postage prepaid, on the date of delivery.  The addresses for all notices are as follows:

> Principal:
>
> Fieldwood Energy Offshore LLC
> 2000 West Sam Houston Parkway South, Suite 1200
> Houston, TX  77042
> Attn:  Mr. Mark Mozell, Vice President Risk Management, Insurance
> Telephone:  713-969-1133
>
> With a copy to:
>
> Fieldwood Energy Offshore LLC
> 2000 West Sam Houston Parkway South, Suite 1200
> Houston, TX  77042
> Attn:  Mr. Tommy Lamme, General Counsel
> Telephone:  713-969-1107

Additional Named Obligee:

Marathon Oil Company
5555 San Felipe Street
Houston, TX 77056
Attn: Jim Sandoval, Assistant Treasurer
Telephone: 713-296-4623

With a copy to:

Marathon Oil Company
5555 San Felipe Street
Houston, TX 77056
Attn: Mr. G. Adam Dempsey, Senior Counsel-Acquisitions &
Dispositions
Telephone: 713-296-2608

BOEM Obligee:

Bureau of Ocean Energy Management
1201 Elmwood Park Boulevard
New Orleans, Louisiana 70161
Attention: Regional Director
Telephone: 504-736-0557

Surety:

Sirius America Insurance Company
140 Broadway, 32nd Floor
New York, NY 10005-1108
Attn: Ms. Sarah Heineman
Telephone: (713) 409-9918

A party to this Bond may change its address for notices by written notice to the other parties.

3.13   BOEM Obligee acknowledges that DAA and Principal are parties to the Assignment Transaction, whereby Principal acquired the infrastructure associated with the Applicable ROW, and BOEM Obligee agrees that it has no rights, duties or obligations pursuant to the Assignment Transaction, and it is not a third-party beneficiary under the agreements relevant to the Assignment Transaction. Additional Named Obligee and Principal acknowledge that BOEM Obligee may enforce its regulations concerning the obligations of assignors and assignees.

3.14    This Bond will be subject to, and interpreted in accordance with, federal law and, in the absence of federal law, the law of the State of Texas. All disputes arising out of or in connection with this Bond shall be resolved exclusively in the federal courts in Texas and the parties hereto consent to the jurisdiction and venue of such courts.  Without limiting the foregoing, all regulations governing surety bonds included within 30 CFR 556.900, *et seq*. are incorporated herein by reference for the benefit of both BOEM Obligee and Additional Named Obligee.

3.15    Any decommissioning obligations associated with the Applicable ROW for which Additional Named Obligee has no liability shall be covered by separate and distinct financial assurance provided to BOEM Obligee by Principal or another party.

3.16    This Bond may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument. Any .pdf (portable document format) or other electronic transmission hereof or signatures hereon shall, for all purposes, be deemed originals.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the above bound parties have executed this instrument to be effective on the Effective Date, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

**PRINCIPAL:  Fieldwood Energy Offshore LLC**

WITNESSES:

By: _____

Name: _____John H. Smith_____

Title: _____Vice President_____

**SURETY:  Sirius America Insurance Company**

WITNESSES:

By: _____

Name: _____Teresa D. Kelly_____

Title: _____Attorney-in-Fact_____

Malissa Haddick

Megan Sivley

**ADDITIONAL NAMED OBLIGEE:     Marathon Oil Company**

WITNESSES:

By: _____

Name: _____T. Mitch Little_____

Title: _____Executive Vice President, Operations_____

**BOEM OBLIGEE: United States Department of the Interior**
**By:  Bureau of Ocean Energy Management**

WITNESSES:

By: _____

Name: _____

Title: _____

*[Signature Page to Multi-Obligee Supplemental Bond for Right-of-Way OCS-G29417]*

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**



## Sirius
America
Insurance Company

### POWER OF ATTORNEY

Attorney-In Fact No. 1800007-403001

Certificate No. 000388

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of Houston , State of Texas , its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 14th day of March , 20 18

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 14th day of March , 20 18 before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the 30 day of November, 2022

_____, Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

page 1

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 16th day of September, 20 19.

By: _____
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

page 2

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND



# Sirius
#### America
#### Insurance Company

## POWER OF ATTORNEY

Attorney-In Fact No. 1800007-403001          Certificate No. 000390

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of Houston _____, State of Texas _____, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 14th day of March , 20 18

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 14th day of March , 20 18 before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the 30 day of November, 2022

_____ , Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
*MY COMMISSION EXPIRES NOV. 30, 2022*

page 1

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 16th day of September, 2019.

By: _Robert P. Kuehn_
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

page 2



# Executed Bond Report

## Everest Reinsurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** ES00001441<br><br>**Date:** 8/30/2018 |
|---|---|---|

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**  Apache Corporation
Filed with: Apache Corporation
2000 Post Oak Blvd Suite 100
Houston,  TX  77056-

**Power of Attorney No.**
ES050R10003

| **Effective Date:**<br>From   8/30/2018  To   8/30/2019 | **Bond Amount:** Everest Re: $25,000,000.00<br>TMHCC: $50,000,000.00 | **Premium:** Everest Re: $437,500.00<br>TMHCC: $875,000.00 |
|---|---|---|
| **Rate:**<br>1.75% | **Commission %**   Everest Re: 30%<br>TMHCC: 20% | **Commission Amount**   Everest Re $131,250.00<br>TMHCC     $175,000.00 |

**Description:**
Payment Bond related to Decommissioning Agreement dated September 30, 2013 ($50MM of the$75MM fronted by Everest Re on behalf of TMHCC)

**Renewal Type:**                                              **Cancellation Provision:**
Continuous Until Cancelled/Released               Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond

**Comments:**
Approved as per Jessica Mann's 8/29/2018 email.

Alliant Insurance Services, Inc. ☐ 5444 Westheimer ☐ Suite 900 ☐ Houston, TX 77056
PHONE (832) 485-4000 ☐ FAX (832) 485-4001 ☐ www.alliantinsurance.com

*Execution Version*

# Payment Bond

**Bond No.** ES00001441　　　　　　　　　　**Penal Sum: $**75,000,000.00　　　　　

## Know All Men By These Presents,

**That *Fieldwood Energy LLC***, a Delaware limited liability company with its principal office at 2000 W. Sam Houston Parkway S, Suite 1200, Houston, Texas 77042 (hereinafter called "**Principal**"), and ***Everest Reinsurance Company***, a Delaware corporation with an office at 451 5ᵗʰ Avenue, New York, New York 10017 (hereinafter called "**Surety**"), authorized to do and doing a surety business in the State of Texas, and meeting, and shall continue to meet, the requirements, if any, established for a surety by any governmental authority having jurisdiction, are held and firmly bound unto ***Apache Corporation***, a Delaware corporation (hereinafter called "**Obligee**" or "**APA**") with an office at 2000 Post Oak Blvd., Suite 100, Houston, Texas 77056, in the original penal amount of Seventy-Five Million and No/100 Dollars ($75,000,000.00), referred to herein as the "**Stated Amount**", exclusive of reasonable attorney's fees, court costs and expenses, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, and successors and assigns, jointly, severally and solidarily, firmly by these presents.

**WHEREAS**, Obligee, along with Apache Shelf, Inc., a Delaware corporation ("**APSH**"), Apache Deepwater LLC, a Delaware limited liability company ("**APDW**"), and Apache Shelf Exploration LLC, a Delaware limited liability company ("**ASE**"), and Principal, along with GOM Shelf LLC, a Delaware limited liability company ("**GOM**" collectively, with Principal shall be referred to herein as "**Fieldwood**"), entered into that certain Decommissioning Agreement dated as of September 30, 2013 (as amended, the "**Agreement**"); and

**WHEREAS**, Obligee, Principal, and Surety may sometimes be referred to in this Payment Bond (the "**Bond**") individually as a "**Party**" and collectively as the "**Parties**"; and

**WHEREAS**, capitalized terms used, but not defined herein, shall have the meanings given such terms in the Agreement; and

**WHEREAS**, Principal has obtained this Bond in accordance with its obligations under the Agreement.

**NOW, THEREFORE**, for good and valuable consideration, the Parties agree as follows:

1. **Term and Termination.** This Bond is for an initial term beginning August 30, 2018 and ending on August 30, 2019 (the "**Initial Term**"). This Bond will automatically renew for additional twelve (12) month periods (each a "**Subsequent Term**") unless the Surety provides to the Obligee, by certified mail (return receipt requested), overnight courier or by any other receipted means, advance written notice, no earlier than ninety (90) days and no later than sixty (60) days from the end of the

Initial Term or any Subsequent Term, as applicable, of its intent not to renew the Bond. It is understood and agreed that Surety shall, upon demand in the form of a Drawing Request (as defined in Section 2(a) below) made by Obligee, without any notice other than such Drawing Request, and without any further action by the Obligee, deliver to Obligee cash not later than the Demand Compliance Deadline (as defined in this Section 1 below) in the full amount of the Bond (less any previous amounts paid to the Obligee under the Bond). This Bond shall remain in full force and effect as to obligations incurred by Principal during the term of this Bond; provided, however:

(a) This Bond shall automatically terminate (without any requirement for further notice, amendment or other formality or action of any person) upon Surety's receipt of a Termination Notice, accompanied by the original of this Bond and executed by both Principal and Obligee in substantially the form of Exhibit D.

(b) The Stated Amount of this Bond shall from time to time automatically reduce (without any requirement for further notice, amendment or other formality or action of any person) upon Surety's receipt of a Reduction Notice executed by both Principal and Obligee in substantially the form of Exhibit C.

(c) This Bond shall terminate upon Surety's payment(s) to Obligee in an aggregate amount equal to the Stated Amount and as applicable, the amounts described in Sections 2(e) and 6.

A "**Demand Compliance Deadline**", for any Drawing Request, means the seventh business day after delivery of such Drawing Request in accordance with Section 3 below.

2. **Payments.**

(a) Without limitation of Obligee's right to demand cash in accordance with Section 1 above, funds under this Bond are available to Obligee upon Surety's receipt of either (i) a Decommissioning Drawing Request in substantially the form of Exhibit A or (ii) a Non-Extension Drawing Request in substantially the form of Exhibit B (each of (i) and (ii) being a "**Drawing Request**") signed by an authorized officer of Obligee. For clarity purposes and not intended to expand or limit the provisions of the Agreement, the Parties acknowledge that Surety is not required, and does not have the obligation or option, to perform any Decommissioning on behalf of either Principal or Obligee.

(b) Multiple and partial payments under this Bond are allowed. The Stated Amount of this Bond shall be reduced by the amount of any such payments.

(c) Surety hereby agrees that each Drawing Request presented under and in compliance with the terms and conditions of this Bond will be duly honored upon presentation to Surety, and Surety agrees to make payment in full on the Demand Compliance Deadline.

2

#5647104.3

(d) In the event that a Drawing Request fails to comply with the terms and conditions of this Bond but is presented on or before the expiration of the Initial Term or any Subsequent Term, as applicable, Surety shall provide Principal and Obligee with prompt notice of same stating the reasons therefor and shall hold any non-conforming Drawing Request at Obligee's disposal or return any non-conforming Drawing Request to Obligee at the address set forth above by overnight courier. Upon being notified that the Drawing Request was not effected in compliance with this Bond, Obligee may attempt to correct such non-complying Drawing Request in accordance with the terms and conditions hereof.

(e) Payments hereunder shall be made by Surety to Obligee (a) by wire transfer in United States Dollars of immediately available funds in the amount of such payment in accordance with Obligee's instructions set forth in, or accompanying, the Drawing Request and (b) without any deduction, recoupment, diminution, set- off, counterclaim, defenses or withholding (other than deduction or withholding of tax required by law, which shall be permitted), and Surety expressly waives any such right, claim or defense. **If Surety does not make a payment to Obligee on the date it is due to be paid according to the terms of this Bond, such overdue amount shall accrue interest until paid at (a) a simple interest rate equal to 12% per annum (based on 30-day months and a 360-day year) or (b) if less, the maximum rate permitted by applicable law.**

(f) The aggregate liability of Surety under this Bond shall not exceed the Stated Amount plus, as applicable, the amounts described in Sections 2(e) and 6.

3. **Address for Notices.** All Drawing Requests and communications with respect to this Bond shall be in writing, referencing this Bond Number ES00001441,   and sent by overnight courier, delivery in person, facsimile transmission or by electronic mail (with the original by overnight courier in the case of facsimile transmission or electronic mail but delivery shall be deemed to occur upon receipt of the facsimile transmission or electronic mail, as applicable) to the addresses for Surety set forth below:

|  |  |
|---|---|
| **If to Obligee:** | **If to Principal:** |
| Apache Corporation | Fieldwood Energy LLC |
| 2000 Post Oak Blvd, Suite 100 | 2000 West Sam Houston Pkwy South |
| Houston, Texas 77056 | Suite 1200 |
|  | Houston, Texas 77042 |
| Attn: Treasury Dept | Attn: Michael T. Dane |
| Facsimile: 713-296-6675 | Facsimile: 713-969-1099 |
| Email: FieldwoodDecommissioning@apachecorp.com | Email: mdane@fwellc.com |

**If to Surety:**

Everest Reinsurance Company
451 5th Avenue,
New York, New York 10017
Attn: <u>Tony Romano</u>
Facsimile: 646.746.1991
Email: <u>tony.romano@everestre.com</u>

4. **Conditions.** The obligations of the Surety under this Bond shall be unconditional and irrevocable and the Obligee's Drawing Request shall be accepted by the Surety as conclusive proof that the amount demanded is due and payable by the Surety to the Obligee under this Bond.  The Surety, whether in its capacity as surety or subrogee of the Principal, waives, to the fullest extent permitted by applicable law, each and every right which it may have to contest Obligee's computation or payment of the obligations or the Obligee's application of the bond proceeds to the obligations.  The Surety waives any and all defenses or counterclaims related to Surety's obligations under this Bond and expressly agrees that no genuine issue of fact exists that would prevent or preclude Surety's obligations to comply with any Draw Request.

Surety's obligations under this Bond are not subject to any condition or qualification except as expressly set forth herein and are not contingent on (i) the ability of the Surety to perfect any lien or security interest on any asset or property of the Principal or any other person; or (ii) the Surety's ability to obtain indemnification from the Principal or any other person; or (iii) any other circumstances which might otherwise constitute a legal or equitable discharge or defense for Surety.

5. **Costs**. Principal shall pay all commissions and charges for this Bond.  Principal's failure to pay any such charges shall not (i) be grounds for termination of this Bond, or (ii) hinder, delay, or otherwise excuse Surety's obligations hereunder.

6. **Expenses**. Surety shall pay upon demand all costs incurred by Obligee in the enforcement of this Bond, including expenses and reasonable attorney fees.  Surety's obligation to pay such costs shall be in addition to other amounts owed pursuant to this Bond and shall not be limited by the maximum Stated Amount of this Bond.

7. **Representations and Warranties**.  Surety represents and warrants to Obligee that as of the date of this Bond and as of the date of commencement of each Subsequent Term:

   (a) Surety has the legal power to execute and deliver this Bond and to perform in accordance with its terms.  All necessary actions have been taken to authorize the execution and delivery of this Bond and performance in accordance with its terms.  This Bond is a legal, valid and binding obligation of Surety.

#5647104.3

(b) There is no action or proceeding pending or, to Surety's knowledge, threatened before any court, arbitrator, or governmental agency that may materially and adversely affect Surety's ability to perform its obligations under this Bond.

(c) There is no fact that Surety has not disclosed in writing to Obligee of which Surety is aware or which Surety can reasonably foresee that would materially adversely affect Surety or the ability of Surety to perform its obligations hereunder.

8. **Assignment**. No Party shall assign this Bond or any part hereof without the prior consent of the other Parties; provided, however, that without such consent, APA can assign this Bond in whole or in part to (i) APSH, APDW, or ASE and (ii) any permitted assignee of APA, APSH, APDW, or ASE under the Agreement, such assignment on a pro rata basis to such assignee's interest in the Agreement.  Subject to the forgoing, this Bond shall be binding upon the and inure to the benefit of the Parties and their respective permitted successors and assigns; provided however, that no assignment shall in any way diminish Surety's obligations hereunder.

#5647104.3

**IN WITNESS WHEREOF**, the above Parties have executed this instrument under their several seals, as required, on the dates noted below but to be effective as of the 30th day of August, 2018, the name and corporate seal of each corporate party being hereto affixed and those presents duly signed by its undersigned representative pursuant to authority of its governing body.

**APACHE CORPORATION**

By: _____

Name:

Title:

**FIELDWOOD ENERGY LLC**

By: _____

Name: Michael T. Dane

Title: Senior Vice President and Chief Financial Officer

**EVEREST REINSURANCE COMPANY**

By: _____

Name: Teresa D. Kelly

Title: Attorney-in-Fact

6

**EXHIBIT A**

**FORM OF DECOMMISSIONING DRAWING REQUEST**

Date: _____

To:

[Surety]

Attention:

Re:     Your Payment Bond No._____ (the "**Payment Bond**")

Ladies and Gentlemen:

The undersigned individual, an authorized officer of [insert name of the Obligee] (the "**Obligee**"), hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of [insert name of the Principal] (the "**Principal**"), as follows as of the date hereof (any capitalized term used in this Decommissioning Drawing Request and not defined in this Decommissioning Drawing Request shall have its respective meaning as set forth in the Payment Bond):

1.      The undersigned is authorized to make the drawing request pursuant to this Decommissioning Drawing Request on behalf of the Obligee.

2.      The Obligee is entitled to make a drawing in the amount of [$_____] (the "**Drawing Amount**") pursuant to the terms and conditions of the Payment Bond and of the Decommissioning Agreement dated as of September 30, 2013 among Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, Apache Shelf Exploration LLC, Fieldwood Energy LLC and GOM Shelf LLC (as amended, restated or otherwise modified from time to time, the "**Decommissioning Agreement**").  Such Drawing Amount does not exceed the amount available for drawing under the Payment Bond, and the Payment Bond has not expired.

3.      Buyer has failed to reimburse and pay a Seller or its Affiliate for Reimbursable Amounts (as such terms are defined in the Decommissioning Agreement) in the amount of the Drawing Amount within the time period specified in Section 2.7(b) of the Decommissioning Agreement.

4.      Obligee has complied with Section 3.2(a)(i) and Section 3.2(a)(ii) of the Decommissioning Agreement.

5.      The Drawing Amount does not exceed the amount Obligee is entitled to draw under the Payment Bond pursuant to the Decommissioning Agreement.

6.      The Obligee has provided or will provide the Principal with a copy of this Decommissioning Drawing Request on the date hereof by facsimile transmission to:

[insert name of the Principal]
Attention: [_____]
Facsimile: [_____].

7.      Please remit payment in the amount of [$_____] in immediately available funds, by wire transfer, to the order of Obligee in accordance with the following payment instructions:

[insert payment instructions]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Decommissioning Drawing Request on [insert date of the Decommissioning Drawing Request].

**[INSERT NAME OF THE OBLIGEE]**


By:_____
Name:
Title:

2

**Exhibit B**

**FORM OF NON-EXTENSION DRAWING REQUEST**

<u>**Non-Extension Drawing Request**</u>
[insert name and address of the Obligee]
[_____]
[_____]
[_____]

[insert date of the Non-Extension Drawing Request]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

Drawn under [insert name of the Surety]
Payment Bond Number [insert number of the Payment Bond]
Dated [insert date of the Payment Bond]

Ladies and Gentlemen:

The undersigned individual, an authorized officer of [insert name of the Obligee] (the "**Obligee**"), hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of [insert name of the Principal] (the "**Principal**"), as follows as of the date hereof (any capitalized term used in this Non-Extension Drawing Request and not defined in this Non-Extension Drawing Request shall have its respective meaning as set forth in the Payment Bond):

1.     The undersigned is authorized to make this Non-Extension Drawing Request on behalf of the Obligee.

2.     The Obligee is entitled to make a drawing in the amount of [$_____] pursuant to the terms of the Payment Bond and the Decommissioning Agreement dated as of September 30, 2013 among Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, Apache Shelf Exploration LLC, Fieldwood Energy LLC and GOM Shelf LLC (as amended, restated or otherwise modified from time to time).  Such Drawing Amount does not exceed the amount available for drawing under the Payment Bond, and the Payment Bond has not expired.

3.     The Obligee has provided or will provide the Principal with a copy of this Non-Extension Drawing Request on the date hereof by facsimile transmission to:

[insert name of the Principal]
Attention: [_____]

#5647104.3

Facsimile: [_____].

4.      Please remit payment in the amount of [$_____] in immediately available funds, by wire transfer, to the order of Obligee in accordance with the following payment instructions:

[insert payment instructions for the Trust A Account]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Non-Extension Drawing Request on [insert date of the Non-Extension Drawing Request].

**[INSERT NAME OF THE OBLIGEE]**

By:_____
Name:
Title:

## EXHIBIT C

## FORM OF REDUCTION NOTICE

### <u>Reduction Notice</u>

[insert name and address of the Principal]
[_____]
[_____]
[_____]

[insert date of the Reduction Notice]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

Re:   Payment Bond No. [__] issued by
[insert name of Surety];

Ladies and Gentlemen:

Each of the undersigned individuals, authorized officers of [insert name of the Principal] (the "**Principal**") and [insert name of Obligee] (the "**Obligee**"), respectively, hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of the Principal, as follows as of the date hereof (any capitalized term used in this Reduction Notice and not defined in this Reduction Notice shall have its respective meaning as set forth in the Payment Bond):

1.     Each of the undersigned is authorized to execute and deliver this Reduction Notice on behalf of the Principal and the Obligee, respectively.

2.     The Drawing Amount under the Payment Bond shall be reduced to the following: [$_____].

Accordingly, in accordance with the requirements of the Payment Bond, upon the Surety's receipt of this Reduction Notice, the Drawing Amount under the Payment Bond shall automatically be reduced to [$_____] without any requirement for further, amendment or other formality or action of any person.

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Reduction Notice on [insert date of the Reduction Notice].

**[INSERT NAME OF THE PRINCIPAL]**

By:_____

Name:

Title:

**[INSERT NAME OF THE OBLIGEE]**

By:_____

Name:

Title:

2

# EXHIBIT D

## FORM OF TERMINATION NOTICE

**Termination Notice**
[insert name and address of the Principal]
[_____]
[_____]
[_____]

[insert date of the Termination Notice]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

Re:   Payment Bond No. [___] issued by
[insert name of Surety];

Ladies and Gentlemen:

Each of the undersigned individuals, authorized officers of [insert name of the Principal] (the "**Principal**") and [insert name of Obligee] (the "**Obligee**"), respectively, hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of the Principal, as follows as of the date hereof (any capitalized term used in this Termination Notice and not defined in this Termination Notice shall have its respective meaning as set forth in the Payment Bond):

Each of the undersigned is authorized to execute and deliver this Termination Notice on behalf of the Principal and the Obligee, respectively.

Accordingly, in accordance with the provisions of the Payment Bond, the Payment Bond shall automatically be terminated (without any requirement for further notice, amendment or other formality or action of any person) upon the Surety's receipt of this Termination Notice.

1

#5647104.3

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Termination Notice on [insert date of the Termination Notice].

**[INSERT NAME OF THE PRINCIPAL]**

By:_____

Name:

Title:

**[INSERT NAME OF THE OBLIGEE]**

By:_____

Name:

Title:

2



# Executed Bond Report

## Everest Reinsurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** ES00001442 |
|---|---|---|
| | | **Date:** 10/13/2018 |

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From    10/13/2018  To     10/13/2019 | **Bond Amount:**<br>$506,661.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$4,433.29 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G07890 - All of Block 203, Viosca Knoll, as shown on OCS Official Protraction Diagram, NH16-07

**Renewal Type:**                                                  **Cancellation Provision:**
Continuous Until Cancelled/Released                    Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of Bond

**Comments:**
Approved as per Jessica Mann's 9/26/2018 email.

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. ES00001442                    OCS Lease/RUE/ROW No. OCS-G07890

Bond Type Supplemental                    Amount $506,661.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

| The **Surety** is the entity Guaranteeing Performance. |
| --- |

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware      ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

| The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued. |
| --- |

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW:  All of Block 203, Viosca Knoll, as shown on OCS Official Diagram, NH16-07

---

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
| --- | --- |
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

    (a) Any person assigns all or part of any interest in an Instrument covered by this document.

    (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

**Everest Reinsurance Company**

Name of Surety

Signature of Person Executing for Surety

**Teresa D. Kelly, Attorney-in-Fact**

Name and Title (typed or printed)

**5444 Westheimer, Suite 900**

Business Address

**Houston, TX 77056**

Business Address

**Fieldwood Energy LLC**

Name of Principal

Signature of Person Executing for Principal

John H. Smith, Senior Vice President-Land & Business Development

Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Business Address

**Houston, TX 77042**

Business Address

Signed on this **13th** day of **October**, 20**18**, in the State of **Texas**, in the presence of:

---

Signature of Witness

**Laura L. Kneitz**

Name (typed or printed)

**5444 Westhimer Suite 900**

Address

Houston, TX 77056

Address

Signature of Witness

Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Address

Houston, TX 77042

Address

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A (June 2016)**
Previous Editions are Obsolete.

**PAGE 3 OF 3**



# Executed Bond Report

| | | |
|---|---|---|
| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** ES00001443<br><br>**Date:** 10/13/2018 |

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,   LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From   10/13/2018  To   10/13/2019 | **Bond Amount:**<br>$501,661.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$4,389.54 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount:**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G04921 - All of Block 204, Viosca Knoll as shown on OCS Official Protraction Diagram, NH16-07

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of Bond

**Comments:**
Approved as per Jessica Mann's 9/26/2018 email.

---

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. ES00001443        OCS Lease/RUE/ROW No. OCS-G04921

Bond Type Supplemental        Amount $501,661.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware   ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 204, Viosca Knoll, as shown on OCS Official Protraction Diagram, NH16-07

---

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**

The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Everest Reinsurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Senior Vice President-Land & Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this **13th** day of **October**, 20**18**, in the State of **Texas**, in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westhimer Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.



## Executed Bond Report

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston, TX 77042 | **Bond No:** ES00001444 |
|---|---|---|
| | | **Date:** 10/13/2018 |

**Principal:** GOM Shelf LLC

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans, LA 70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From  10/13/2018 To     10/13/2019 | **Bond Amount:**<br>$2,040,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$17,850.00 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-00593 - All of Block 198, Ship Shoal Area, as shown on OCS Louisiana Leasing Map No. LA5

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of Bond

**Comments:**
Approved as per Jessica Mann's 9/26/2018 email.

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.: 1010-0006
Expiration Date: 6/30/2019

**Cover Page**

# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:** The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator). Responses are mandatory. No proprietary information is collected. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number. Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form. Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

**U.S. DEPARTMENT OF THE INTERIOR**
**Bureau of Ocean Energy Management**

Bond No. ES00001444                          OCS Lease/RUE/ROW No. OCS-00593

Bond Type Supplemental                          Amount $2,040,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware      ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: GOM Shelf LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 198, Ship Shoal Area, as shown on OCS Louisiana Leasing Map No. LA 5

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5.  The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6.  The Surety's Obligations will remain in full force and effect, even if:

    (a)  Any person assigns all or part of any interest in an Instrument covered by this document.

    (b)  Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c)  Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d)  BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e)  The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7.  The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8.  In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9.  If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Everest Reinsurance Company | GOM Shelf LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith - Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this __13th__ day of __October__ , 20 __18__ , in the State of __Texas__ , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westhimer Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                                                                                 **PAGE 3 OF 3**
Previous Editions are Obsolete.



# Executed Bond Report

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** ES00001445 |
|---|---|---|
| | | **Date:** 10/13/2018 |

**Principal:**   Fieldwood Energy LLC

**Obligee Name and Address:**   United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From   10/13/2018  To    10/13/2019 | **Bond Amount:**<br>$2,450,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$21,437.50 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G00972 - All of Block 265, East Cameron Area, South Addition, as shown on OCS Louisiana Leasing Map No, LA2A

**Renewal Type:**                                        **Cancellation Provision:**

Continuous Until Cancelled/Released                Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond

**Comments:**

Approved as per Jessica Mann's 9/26/2018 email.

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. ES00001445                          OCS Lease/RUE/ROW No. OCS-G00972

Bond Type Supplemental                                        Amount $2,450,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

| The **Surety** is the entity Guaranteeing Performance. |
|---|

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware          ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

| The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued. |
|---|

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 265, East Cameron Area, South Addition, as shown on OCS

Louisiana Leasing Map No., LA2A.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

    (a) Any person assigns all or part of any interest in an Instrument covered by this document.

    (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Everest Reinsurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith Vice President-Land & Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this ___13th___ day of ___October___, 20 _18_, in the State of ___Texas___, in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westhimer Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.