# EXHIBIT B-3



# Executed Bond Report

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** ES00001446 |
|---|---|---|
| | | **Date:** 10/13/2018 |

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From   10/13/2018  To      10/13/2019 | **Bond Amount:**<br>$3,072,500.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$26,884.38 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G00974 - All of Block 278, East Cameron Area, South Addition, as shown on OCS Louisiana Leasing Map No, LA2A

**Renewal Type:**

Continuous Until Cancelled/Released

**Cancellation Provision:**

Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond

**Comments:**

Approved as per Jessica Mann's 9/26/2018 email.

Friday, September 28, 2018

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.: 1010-0006
Expiration Date: 6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:** The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator). Responses are mandatory. No proprietary information is collected. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number. Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form. Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. ES00001446                              OCS Lease/RUE/ROW No. OCS-G00974

Bond Type Supplemental                           Amount $3,072,500.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

| | |
|---|---|
| The **Surety** is the entity Guaranteeing Performance. | |

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 278, East Cameron Area, South Addition, as shown on OCS

Louisiana Leasing Map No., LA2A.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Everest Reinsurance Company
_____
Name of Surety

Fieldwood Energy LLC
_____
Name of Principal


_____
Signature of Person Executing for Surety
Teresa D. Kelly, Attorney-in-Fact
_____
Name and Title (typed or printed)

_____
Signature of Person Executing for Principal
John H. Smith Vice President-Land & Business Development
_____
Name and Title (typed or printed)

5444 Westheimer, Suite 900
_____
Business Address

2000 W Sam Houston Pkwy S, Suite 1200
_____
Business Address

Houston, TX 77056
_____
Business Address

Houston, TX 77042
_____
Business Address

Signed on this __13th__ day of __October__, 20__18__, in the State of __Texas__, in the presence of:


_____
Signature of Witness
Laura L. Kneitz
_____
Name (typed or printed)

_____
Signature of Witness

_____
Name (typed or printed)

5444 Westhimer Suite 900
_____
Address

2000 W Sam Houston Pkwy S, Suite 1200
_____
Address

Houston, TX 77056
_____
Address

Houston, TX 77042
_____
Address

_Note:_ The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                                                                                           **PAGE 3 OF 3**
Previous Editions are Obsolete.



# Executed Bond Report

## Everest Reinsurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** ES00001447 |
|---|---|---|
| | | **Date:**  3/21/2019 |

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**
Gulfstar One LLC
Filed with: Williams Companies, Inc.
Attn: Tim Neuman
One Williams Center MD 50
Tulsa,  OK  74172-

**Power of Attorney No.**
ES050R10018

| **Effective Date:**<br>From    3/21/2019 To:    3/21/2020 | **Bond Amount:**<br>$16,000,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$170,000.00 |
|---|---|---|---|
| **Rate:** 50% @ .875<br>& 50% @ 1.25% | **Commission %**<br>0% & 30.000% | **Commission Amount**<br>$30,000.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
Performance Bond related to Gunflint Producing Handling Agreement and Gunflint Gas Export Agreement, all dated December 10, 2013

**Renewal Type:**                                             **Cancellation Provision:**
Continuous Until Cancelled/Released              Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond and underlying agreements

**Comments:**
Approved as per Jessica Mann's 3/21/2019 email. $8MM billed net and $8MM billed w/commission.

**Replacing:**    0179864

Friday, March 22, 2019

THIS BOND REPLACES AND SUPERSEDES BERKLEY INSURANCE COMPANY BOND NO. 0179864 EFFECTIVE MARCH 21, 2019.

## PERFORMANCE BOND

Bond No. **ES00001447**

KNOW ALL MEN BY THESE PRESENTS, that we, **Fieldwood Energy LLC, 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042,** as Principal, (hereinafter called the "Principal"), and **Everest Reinsurance Company, 451 5th Avenue, New York, NY 10017,** (hereinafter called the "Surety"), are held firmly bound unto **GULFSTAR ONE LLC, c/o Tim Neuman, Williams Companies, Inc., One Williams Center MD 50, Tulsa, OK 74172** as Obligee, (hereinafter called the "Obligee"), in the maximum penal sum of **Sixteen Million and NO/100 ($16,000,000.00) Dollars**, good and lawful money of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, administrators, executors, successors, assigns, jointly and severally, firmly by these presents.

WHEREAS, the above bound Principal has entered into certain written contracts with the above mentioned Obligee described as: **Gunflint Production Handling Agreement, Gunflint Gas Export Agreement and Gunflint Oil Export Agreement, all dated December 10, 2013** (the "Agreements"), contracts are hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

WHEREAS, the Obligee has agreed to accept a bond guaranteeing the performance of said Contracts.

NOW, THEREFORE, the condition of this obligation is such that, if the Principal shall indemnify the Obligee for any and all loss that the Obligee may sustain by reason of the Principal's failure to comply with the terms and conditions of said Contracts, then this obligation shall be null and void, otherwise it shall remain in full force and effect.

**PROVIDED HOWEVER,** that this Bond is executed by the Surety and accepted by the Obligee subject to the following expressed conditions:

- This Bond is for the term beginning **March 21, 2019** and expiring **March 21, 2020**. This bond will renew annually hereafter unless surety sends notice of non-renewal to Obligee at least ninety (90) days prior to the expiration date provided herein. It is understood and agreed that the Obligee may recover the full amount of the Bond (less any previous amounts paid to Obligee under the Bond) if the Surety cancels or non-renews the Bond and, within twenty (20) days prior to the effective date of cancellation, the Obligee has not received collateral acceptable to it to replace the Bond.

- No claim, action, suit or proceeding, except as herein set forth, shall be had or maintained against the Surety on this Bond unless same be brought or instituted and process served upon the Surety within six months following the expiration of the original term of this Bond, or extended term as provided herein.

- In the event the Principal fails to make any payments due to the Obligee under the Agreements which would constitute the basis of a default thereunder, within Ten (10) business days of Surety's receipt of a demand for payment under this Bond (hereinafter called "Demand"), Surety shall pay to the Obligee the amount of such Demand. The Surety shall cause to be paid all payments that are open or past due up to the penal amount,, and in so doing cure any Default under the Agreements and shall not be bound by any forfeiture or acceleration provision of the Agreements to the contrary, but rather shall be responsible for the continuation of timely payments as provided in the Agreements as though there had been no Default. The Obligee may present one or more Demands at any time in its sole discretion, provided however, Surety shall not be obligated to pay an aggregate amount in excess of the penal sum of the Bond. The bond penalty shall remain fixed during the term of the bond regardless of the number of years it remains outstanding unless amended by Surety through the issuance of a rider.

- If Surety receives any claim in conformity with the terms and conditions of this Bond, Surety will make payment to Obligee, without inquiring whether Obligee has a right, as between Obligee and Principal, to make such claim and without recognizing any claims of Principal. On or within the timeframe noted herein, payment will be effected by Surety (using its own funds) by wire or electronic funds transfer in immediately available funds to such account as Obligee may designate to Surety.

In the event of conflict or inconsistency between the provisions of this Bond and the provisions of the above Agreements, the provisions of this Bond shall control. The Obligee's acceptance of this Bond and reliance upon it as security constitutes its acknowledgement and agreement as to the explicit terms stated herein under which it is offered and issued by the Surety.

The Surety represents and warrants that it has the full power to enter into and perform its obligations under this Bond and has taken all proper limited liability company and other action to duly and validly authorize entering into this Bond and to perform its obligations hereunder. This Bond has been duly executed and delivered on behalf of the Surety and constitutes the legal, valid and binding obligation of the Surety, enforceable in accordance with its terms. The Principal has the full power to enter into and perform its obligations under this Bond and has taken all proper limited liability company and other action to duly and validly authorize entering into this Bond and to perform it obligations hereunder. This Bond has been duly executed and delivered on behalf of the Principal and constitutes the legal, valid and binding obligation of the Principal, enforceable in accordance with its terms.

The Surety represents and warrants that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked

This Bond shall be governed by, enforced in accordance with, and interpreted under, the laws of the State of New York without reference to conflicts of laws principal.

All notices, demands and correspondence with respect to this bond shall be in writing and addressed to:

The Surety at: Everest Reinsurance Company, 451 5th Avenue, New York, NY 10017

The Principal at: Fieldwood Energy LLC, 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042

The Obligee at: c/o Tim Neuman, Williams Companies, Inc., One Williams Center MD 50, Tulsa, OK 74172

SIGNED, SEALED AND DATED this **21st** day of **March** , 20**19**.

Principal: **Fieldwood Energy LLC**

By:_____

Title: John H. Smith, Senior Vice President – Land & Business Development

Surety:    **Everest Reinsurance Company**

By_____
       Teresa D. Kelly, Attorney-In-Fact

*EVEREST.*                                                                    ES050R10018

### POWER OF ATTORNEY
### EVEREST REINSURANCE COMPANY
### *DELAWARE*

KNOW ALL PERSONS BY THESE PRESENTS: That Everest Reinsurance Company, a corporation of the State of Delaware ("Company") having its principal office located at 477 Martinsville Road, Liberty Corner, New Jersey 07938, do hereby nominate, constitute, and appoint:

**Dan W. Burton, Teresa D. Kelly, Craig, C. Payne, Laura L. Kneitz, Melissa Haddick, Rheagyn L. White**

its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, for the penal sum of no one of which is in any event to exceed UNLIMITED, reserving for itself the full power of substitution and revocation.

Such bonds and undertakings, when duly executed by the aforesaid Attorney(s)-in-fact shall be binding upon the Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

This Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of Company ("Board") on the 28th day of July 2016:

   *RESOLVED, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest to the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.*

   *RESOLVED, FURTHER, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.*

   *RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.*

IN WITNESS WHEREOF, Everest Reinsurance Company has caused their corporate seals to be affixed hereto, and these presents to be signed by their duly authorized officers this 28th day of July 2016.



Everest Reinsurance Company

Attest: Nicole Chase, Assistant Secretary

By: Anthony Romano, Vice President

On this 28th day of July 2016, before me personally came Anthony Romano, known to me, who, being duly sworn, did execute the above instrument; that he knows the seal of said Company; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto; and that he executed said instrument by like order.

> **LINDA BOISSELLE**
> **Notary Public, State of New York**
> **No 01B06239736**
> **Qualified in Queens County**
> **Term Expires April 25, 2019**

Linda, Boisselle, Notary Public

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company, at the Liberty Corner, this ⟨21st⟩ day of ⟨March⟩ 20⟨1⟩.

ES 00 04 04 16 #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.



**EVEREST.**

# SURETY BOND RIDER NO. 1

Bond Number:  ES00001447

> **Everest National Insurance Company**
> 461 5th Avenue – 4th Floor
> New York, N.Y. 10017

To be attached to Bond No. ES00001447 issued by Everest Reinsurance Company (as Surety) in the amount of $ 16,000,000.00 dollars, effective the 21st day of March, 2019.

ON BEHALF OF Fieldwood Energy LLC

IN FAVOR OF Gulfstar One LLC

In consideration of the premium charged for the attached bond, it is mutually understood and agreed by the Principal and the Surety that:

Bond amount is hereby decreased from the above to: Twelve Million and No/100 ($12,000,000.00).

All other items, limitations and conditions of said bond except as herein expressly modified shall remain unchanged.

This rider shall be effective as of the 21st day of March, 2020.

Signed, sealed and dated 21st  February, 2020.

Fieldwood Energy LLC
_____
Principal

By: _____

Everest Reinsurance Company
Surety
By: _____
Teresa D. Kelly, Attorney-in-Fact

1



ES050R10033

### POWER OF ATTORNEY
### EVEREST REINSURANCE COMPANY
*DELAWARE*

KNOW ALL PERSONS BY THESE PRESENTS:  That Everest Reinsurance Company, a corporation of the State of Delaware ("Company") having its principal office located at 477 Martinsville Road, Liberty Corner, New Jersey 07938, do hereby nominate, constitute, and appoint:

**Dan W. Burton, Teresa D. Kelly, Craig, C. Payne, Laura L. Kneitz, Melissa Haddick, Megan Sivley**

its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, for the penal sum of no one of which is in any event to exceed UNLIMITED, reserving for itself the full power of substitution and revocation.

Such bonds and undertakings, when duly executed by the aforesaid Attorney(s)-in-fact shall be binding upon the Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

This Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of Company ("Board") on the 28th day of July 2016:

*RESOLVED, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest to the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.*

*RESOLVED, FURTHER, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.*

*RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.*

**IN WITNESS WHEREOF,** Everest Reinsurance Company has caused their corporate seals to be affixed hereto, and these presents to be signed by their duly authorized officers this 28th day of July 2016.

Everest Reinsurance Company

Attest:  Nicole Chase, Assistant Secretary

By: Anthony Romano, Vice President

On this 28th day of July 2016, before me personally came Anthony Romano, known to me, who, being duly sworn, did execute the above instrument; that he knows the seal of said Company; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto; and that he executed said instrument by like order.

> **LINDA ROBINS**
> **Notary Public, State of New York**
> **No 01R06239736**
> **Qualified in Queens County**
> **Term Expires April 25, 2023**

Linda Robins, Notary Public

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Company, at the Liberty Corner, this 21st day of February 20 20.

ES 00 01 04 16   *Document #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.*

**U.S. Department of the Interior**                    OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**              Expiration Date:  3/31/17

Cover Page
# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

**U.S. DEPARTMENT OF THE INTERIOR**
**Bureau of Ocean Energy Management**

Bond No. 0179846                                OCS Lease/RUE/ROW No. OCS-G 30291

Bond Type Supplemental                          Amount $1,565,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware        ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: Platform 'A' at South Timbalier Block 206

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)
☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.
☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.
☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions**<br><br>For the purposes of this document: | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease.<br>A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease.<br>An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.).<br>An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS.<br>A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |
|---|---|

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5.  The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6.  The Surety's Obligations will remain in full force and effect, even if:

    (a)  Any person assigns all or part of any interest in an Instrument covered by this document.

    (b)  Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c)  Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d)  BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e)  The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7.  The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8.  In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9.  If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10.  In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11.  The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12.  The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13.  The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company
_____
Name of Surety

_____
Signature of Person Executing for Surety

Candace D. Bosheers, Attorney-in-Fact
_____
Name and Title (typed or printed)

5444 Westheimer, Suite 900
_____
Business Address

Houston, TX 77056
_____
Business Address

Fieldwood Energy LLC
_____
Name of Principal

_____
Signature of Person Executing for Principal

John H. Smith, Senior Vice President Land and Business Development
_____
Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200
_____
Business Address

Houston, TX  77042
_____
Business Address

Signed on this __18__ day of __June__, 20_15_, in the State of __Texas__, in the presence of:

_____
Signature of Witness

Irene C. Hendon
_____
Name (typed or printed)

5444 Westheimer, Suite 900
_____
Address

Houston, TX 77056
_____
Address

_____
Signature of Witness

_____
Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200
_____
Address

Houston, TX  77042
_____
Address

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**U.S. Department of the Interior**                     OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**               Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179849                                          OCS Lease/RUE/ROW No. OCS-G-09777

Bond Type Supplemental                                    Amount 2,086,466.17

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: Mississippi Canyon Block 108

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5.  The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6.  The Surety's Obligations will remain in full force and effect, even if:

   (a)  Any person assigns all or part of any interest in an Instrument covered by this document.

   (b)  Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c)  Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d)  BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e)  The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7.  The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8.  In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9.  If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company
Name of Surety

Fieldwood Energy LLC
Name of Principal


Signature of Person Executing for Surety

Signature of Person Executing for Principal

Teresa D. Kelly, Attorney-in-Fact
Name and Title (typed or printed)

John H. Smith, Senior Vice President Land and Business Development
Name and Title (typed or printed)

5444 Westheimer, Suite 900
Business Address

2000 W Sam Houston Pkwy S, Suite 1200
Business Address

Houston, TX 77056
Business Address

Houston, TX  77042
Business Address

Signed on this __31st__ day of __August__, 20 __15__, in the State of __Texas__, in the presence of:


Signature of Witness

Signature of Witness

Irene C. Hendon
Name (typed or printed)

Name (typed or printed)

5444 Westheimer, Suite 900
Address

2000 W Sam Houston Pkwy S, Suite 1200
Address

Houston, TX 77056
Address

Houston, TX  77042
Address

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**
Previous Editions are Obsolete.

**Page 3 of 3**

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179850                                      OCS Lease/RUE/ROW No. OCS-G03088

Bond Type Supplemental                                Amount $3,260,000.00

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: Matagorda Island Block 623

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5.  The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6.  The Surety's Obligations will remain in full force and effect, even if:

    (a)  Any person assigns all or part of any interest in an Instrument covered by this document.

    (b)  Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c)  Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d)  BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e)  The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7.  The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8.  In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9.  If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10.  In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11.  The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12.  The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13.  The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company

Name of Surety

_____
Signature of Person Executing for Surety

Teresa D. Kelly, Attorney-in-Fact

Name and Title (typed or printed)

5444 Westheimer, Suite 900

Business Address

Houston, TX 77056

Business Address

Fieldwood Energy LLC

Name of Principal

_____
Signature of Person Executing for Principal

John H. Smith, Senior Vice President Land and Business Development

Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Business Address

Houston, TX  77042

Business Address

Signed on this __18th__ day of __September__, 20__15__, in the State of __Texas__, in the presence of:

---

_____
Signature of Witness

Irene C. Hendon

Name (typed or printed)

5444 Westheimer, Suite 900

Address

Houston, TX 77056

Address

_____
Signature of Witness

Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Address

Houston, TX  77042

Address

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

**U.S. DEPARTMENT OF THE INTERIOR**
**Bureau of Ocean Energy Management**

Bond No. 0179852

OCS Lease/RUE/ROW No. OCS-G01523

Bond Type Supplemental

Amount $ 5,600,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy Offshore LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of Ship Shoal Area Block 207

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)
☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.
☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.
☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease.<br>An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.).<br>An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS.<br>A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

(a) Any person assigns all or part of any interest in an Instrument covered by this document.

(b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

(c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

(d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

(e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company
Name of Surety

Signature of Person Executing for Surety

Teresa D. Kelly Attorney-in-Fact
Name and Title (typed or printed)

5444 Westheimer, Suite 900
Business Address

Houston, TX 77056
Business Address

Fieldwood Energy Offshore LLC
Name of Principal

Signature of Person Executing for Principal

John H. Smith, Vice President
Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200
Business Address

Houston, TX  77042
Business Address

Signed on this 15th day of October , 20 15 , in the State of Texas , in the presence of:

---

Signature of Witness

Irene C. Hendon
Name (typed or printed)

5444 Westheimer, Suite 900
Address

Houston, TX 77056
Address

Signature of Witness

Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200
Address

Houston, TX  77042
Address

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**U.S. Department of the Interior**                          OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**                   Expiration Date:  3/31/17

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq.*) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179853                     OCS Lease/RUE/ROW No. OCS-00839

Bond Type Supplemental                    Amount $ 4,795,000.00

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware     ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy Offshore LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of West Delta Area Block 94

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Berkley Insurance Company | Fieldwood Energy Offshore LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly Attorney-in-Fact | John H. Smith, Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 15th____ day of October_____ , 20 15___, in the State of Texas_____ , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Irene C. Hendon | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**
Previous Editions are Obsolete.

**U.S. Department of the Interior**                                      OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**                        Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179854                              OCS Lease/RUE/ROW No. OCS-G07799

Bond Type Supplemental                        Amount $3,353,501.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware   ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of Block 87, South Pass Area, South and East Addition, as shown on OCS Louisiana Leasing Map No. LA9A.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | |
|---|---|
| For the purposes of this document: | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
| | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

| | |
|---|---|
| Berkley Insurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly Attorney-in-Fact | John H. Smith, Senior Vice President-Land & Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Business Address | Business Address |

Signed on this __30th__ day of __September__, 20__15__, in the State of __Texas__, in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Candace D. Bosheers | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**
Previous Editions are Obsolete.

**Page 3 of 3**



# Executed Bond Report

### Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** 0179856 |
| --- | --- | --- |

**Date:** _4/5/2018_

**Principal:**   Fieldwood Energy LLC

**Obligee Name and Address:**   Noble Energy, Inc.
Filed with: Noble Energy, Inc.
1001 Noble Energy Way
Houston,  TX  77070-

**Power of Attorney No.**

| **Effective Date:**<br>From     4/5/2018  To        4/5/2019 | **Bond Amount:**<br>$40,000,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$500,000.00 |
| --- | --- | --- | --- |
| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$150,000.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
Private Performance Bond

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond

**Comments:**
Approved as per Randy Calhoun

Thursday, April 05, 2018

BOND NO. 0179856

## EXHIBIT H-2

### FORM OF NOBLE PERFORMANCE BOND

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

THAT we, Fieldwood Energy LLC, with its principal office at 2000 W. Sam Houston Pkwy South, Suite 1200, Houston, Texas 77042, (the "*Principal*") and Berkley Insurance Company, with its principal office at 475 Steamboat Road, Greenwich, CT 06830, (the "*Surety*"), are held and firmly bound unto Noble Energy, Inc., with its principal office at 1001 Noble Energy Way, Houston, Texas 77070, (the "*Obligee*"), in the penal sum of Forty Million and No/100 Dollars (**$40,000,000**) lawful money of the United States of America (the "*Penal Sum*") for the payment of which sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents. All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Purchase Agreement (as defined below).

WHEREAS, Principal and Obligee have entered into that certain Purchase and Sale Agreement dated February 14, 2018, (the "*Purchase Agreement*"), which Purchase Agreement is by reference made a part hereof and which provides for the sale and assignment from the Obligee to the Principal of the interests of Obligee in the oil and gas leases, contracts, properties, wells, platforms, facilities, rights of way, equipment, pipelines and personal property defined therein as the "Assets," including those identified on Exhibit A of the Purchase Agreement and identified on Exhibit A to this Performance Bond (the "*Bond*"), together with, among other rights and obligations, all P&A Obligations (as defined in the Purchase Agreement) associated therewith; and

WHEREAS, the Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof; and

WHEREAS, the Principal has promised to deliver to the Obligee, contemporaneous with the closing of the Purchase Agreement, a performance bond in the form hereof executed by Principal and Surety; and

WHEREAS, the Surety represents that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked; and

WHEREAS, the Surety represents that it has duly executed a power of attorney, appointing the hereinafter named representative as its duly authorized deputy, as the true and lawful attorney-in-fact of such Surety, upon whom may be served all lawful process in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder; and does hereby agree and consent that such service, when so made, shall be valid service upon it, and that such appointment shall continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder.

BOND NO. 0179856

NOW, THEREFORE, the Principal and the Surety agree as follows:

The Surety hereby guarantees the full and faithful performance by Principal of, and compliance by the Principal with the applicable provisions of the Purchase Agreement requiring the Principal to timely and fully perform and satisfy, the P&A Obligations associated with the Assets identified on Exhibit A to this Bond.

PROVIDED, HOWEVER, the Surety is hereby authorized and directed to reduce the Penal Sum at any time upon presentation of a bond reduction rider acknowledged by Obligee, in substantially the same form attached hereto as Exhibit B; provided, however, in the event, and only in the event, the Obligee fails to execute and acknowledge a bond reduction rider as set forth in this Bond then the Surety is hereby authorized and directed to reduce the Penal Sum upon the occurrence of one of the following: (a) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the Principal filed with BSEE (or any successor regulatory authorities) a Regulatory Verification (as such term is defined herein below) for the applicable Asset(s) indicating that all P&A Obligations with respect to such Asset(s) had been completed, (b) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the BSEE and/or BOEM (or any successor regulatory authorities) public databases indicated that all P&A Obligations for the applicable Asset(s) were completed.

Regulatory Verification as used in this Bond shall mean a copy of (i) an end of operations notice for Wells, (ii) a completion report for pipelines, flowlines, and gathering lines included in the Assets, or (iii) a site clearance report for Facilities and other structures included in the Assets, in each case indicating all Plugging and Abandonment related to such Asset(s) has been completed.

Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof.

PROVIDED, FURTHER THAT, including to the extent the Principal may be liable for any expenses, fees, penalties, damages (either direct, indirect or consequential) related to the P&A Obligations described above, or to the extent the Obligee may incur any attorney's fees or court costs or other expenses of litigation in the event of a contest over the Surety's denial of the obligation (or any part thereof), the maximum obligation of the Surety under this Bond shall be the Penal Sum reduced, as applicable, as provided for herein.

It is further agreed that, without limiting or reducing the obligations of the Surety under this Bond, the Surety shall not be liable for any provisions of the Purchase Agreement or specifications therein respecting the procurement of, or coverages provided by, any insurance, nor shall the Surety be liable under any hold harmless and/or indemnification agreements entered into by the Principal in relation to personal injury and/or property damage or any other loss sustained by third parties in any way connected to or arising out of work and/or operations of any party in prosecuting the work to be performed under the Agreement.

FURTHERMORE, it is agreed that the Surety shall, but without limiting or reducing the obligations of Surety under this Bond, have no obligation to the Principal, or any other person or

entity for any loss suffered by the Principal, or any other person or entity by reason of acts or omissions which are covered by the Principal's general liability insurance, products liability insurance, completed operations insurance or any other insurance.

Upon any failure by the Principal to carry out any or all of the P&A Obligations associated with the Assets identified on Exhibit A to this Bond and the Obligee has presented to the Surety a written notice that the Principal is in default of such P&A Obligations (in each case, the "***Defaulted P&A Obligations***"), and such condition has persisted for thirty (30) days after written notice of such default has been given by certified mail to the Principal and to the Surety at their last known addresses, the Obligee shall then proceed to solicit at least two (2) written bids from generally recognized third party contractors with experience performing plugging, abandonment and decommissioning in the United States Gulf of Mexico for the performance of the Defaulted P&A Obligations and submit such third party bids to the Surety, following receipt of which the Surety shall, within thirty (30) days, either: (1) pay to the Obligee an amount equal to the lesser of such written third party bids, but not exceeding the Penal Sum (reduced, as applicable, as provided for herein), and the obligations associated with this Bond shall then be considered null and void to the extent paid; or (2) commence, or cause to be commenced, the necessary operations to perform the Defaulted P&A Obligations.

If the Surety shall decide, upon default by the Principal, to pay to the Obligee an amount equal to the lesser of the third party bids for the performance of the Defaulted P&A Obligations in accordance with the immediately preceding paragraph hereof, on or before the one hundred twentieth (120th) day following the completion of such Defaulted P&A Obligations, the Obligee shall deliver to Surety a statement (the "***Final Cost Statement***") of the actual and verifiable costs and expenses actually incurred by Obligee to perform the Defaulted P&A Obligations, along with reasonable documentation in support thereof (including any third party invoices associated with the performance such Defaulted P&A Obligations). If such costs and expenses, in the aggregate (the "***Aggregate Cost Amount***"), exceed the amount of the initial payment made hereunder by the Surety to the Obligee (the "***Surety Payment Amount***"), the Surety shall pay to Obligee, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Aggregate Cost Amount and the Surety Payment Amount. If the Surety Payment Amount exceeds the Aggregate Cost Amount, Obligee shall pay to the Surety, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Surety Payment Amount and Aggregate Cost Amount.

If the Surety shall decide, upon default by the Principal, to commence, or cause to be commenced, the Defaulted P&A Obligations, the Surety shall continue to perform, or cause the performance of, such obligations until such time as the Defaulted P&A Obligations have been truly and faithfully performed and discharged, thereby reducing the Penal Sum by an amount equal to the actual and verifiable costs and expenses incurred by the Surety to perform, or cause the performance of, the Defaulted P&A Obligations.

In the event the Surety decides, upon default of the Principal, to perform, or cause the performance of any Defaulted P&A Obligations of Principal, then **SURETY SHALL FULLY DEFEND, PROTECT, INDEMNIFY, HOLD HARMLESS, AND RENDER WHOLE OBLIGEE, ITS AFFILIATES, AND EACH OF SUCH PERSON'S RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, EMPLOYEES, OFFICERS, LENDERS,**

ADVISORS, REPRESENTATIVES, ACCOUNTANTS, ATTORNEYS, CONSULTANTS AND AGENTS (THE, **"INDEMNIFIED PARTIES"**) FROM AND AGAINST EACH AND EVERY CLAIM, DEMAND OR CAUSE OF ACTION, AND ANY LIABILITY, COST, EXPENSE (INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES), OR CLAIMS WITH RESPECT TO DAMAGE OR LOSS IN CONNECTION THEREWITH, WHICH MAY BE MADE OR ASSERTED BY SURETY, ITS AGENTS, SUCCESSORS OR ASSIGNS, OR BY ANY THIRD PARTY OR PARTIES (INCLUDING, BUT NOT LIMITED TO, GOVERNMENTAL AGENCIES) ON ACCOUNT OF PERSONAL INJURY, DEATH, PROPERTY DAMAGE AND/OR ENVIRONMENTAL DAMAGE ARISING FROM OR IN CONNECTION WITH THE PERFORMANCE OF SUCH DEFAULTED P&A OBLIGATIONS, AND ANY CLAIMS AND/OR DEMANDS ASSOCIATED THEREWITH, CAUSED BY, ARISING OUT OF, OR INCIDENTAL TO THE PAST, PRESENT OR FUTURE CONDITION OR STATE OF REPAIR OF SAID ASSETS, OR THE OWNERSHIP AND USE THEREOF, UNDER THIS BOND, HOWSOEVER OCCURRING, INCLUDING, WITHOUT LIMITATION, WHETHER SUCH CLAIMS, DEMANDS, DAMAGES, LOSSES AND LIABILITIES, WITH OR WITHOUT FAULT, WERE CAUSED BY THE **SURETY'S** OR THE **SURETY'S CONTRACTORS'** OR SUBCONTRACTORS' SOLE NEGLIGENCE OR CONTRIBUTORY NEGLIGENCE, AND/OR OBLIGEE CONTRIBUTORY NEGLIGENCE (EXCEPT TO THE EXTENT OF THE GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT OF OBLIGEE), OR IMPOSED ON SAID PARTIES OR OTHERS UNDER ANY THEORY OF STRICT LIABILITY BY OPERATION OF LAW, OR ANY COMBINATION THEREOF, OR ANY OTHER THEORY OF LAW PRIOR TO, AT THE TIME OF, OR SUBSEQUENT TO THE EFFECTIVE DATE HEREOF. SUCH INDEMNIFICATION BY SURETY SHALL NOT BE LIMITED TO THE ORIGINAL OR ANY AMENDED PENAL SUM OF THIS BOND.

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which a default by the Principal, as detailed herein, falls due or is discovered by the Obligee, whichever is later, and, subject to the two (2) year limitation, the Surety consents to be sued in any court in the State of Texas, hereby irrevocably submitting itself to the jurisdiction of said court. The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

No amendment of or supplement to the terms or provisions of the Purchase Agreement or of the exhibits attached thereto shall release the Principal or the Surety or any of them from their liabilities under this Bond, notice to the Surety of any such amendment or supplement being hereby waived, except to the extent that is herein provided.

No assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, and no delay, neglect or failure of the Obligee to proceed promptly to enforce the Purchase Agreement or to proceed promptly in the premises in case of any default on the part of the Principal shall in any degree relieve the Principal and the Surety or any of them of their obligations under this Bond.

HOWEVER, if upon assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, the Principal shall have the right, but not the obligation, to

cause its assignee to post security, in substantially the same form of a bond hereof or other acceptable security in the Obligee's reasonable discretion, including the requirement that the replacement security is issued by a financial institution that is listed in the U.S. Treasury Department's Listing of Approved Sureties (Department Circular 570) with a single bond underwriting limitation of not less than $25,000,000 and an AM Best Rating of at least "A-", in the amount necessary to replace this Bond. If so posted, the Obligee will not unreasonably withhold acceptance of such security in lieu of this Bond and issue an unconditional release of this Bond within thirty (30) days of its acceptance of such other security.

No right of action shall accrue on this Bond to or for the use of any person or corporation other than the Principal, the Obligee, their heirs, executors, administrators or successors.

NOW, THEREFORE, if the said Principal shall faithfully observe and honestly comply with the provisions contained herein and in the Purchase Agreement relating to the P&A Obligations with respect to the Assets, then this obligation shall become null and void and of no effect.

The Principal shall pay all premiums required to maintain this Bond in full force and effect until such time as the requirements for such Bond terminates in accordance with the provisions hereof Surety stipulates and agrees that, regardless of the payment or nonpayment by Principal of any premiums owing with respect to this Bond, Surety's obligations under this Bond are continuing obligations and shall not be affected or discharged by any failure by Principal to pay any such premiums.

Written notices sent hereunder shall be sent by certified mail or trackable courier service to the following addresses (unless changed by a notice of change of address):

Noble Energy, Inc.
1001 Noble Energy Way
Houston, Texas 77070
Attention: VP of Business Development

Fieldwood Energy LLC
2000 W. Sam Houston Parkway
Suite 1200
Houston, Texas 77042
Attention: John H. Smith, Vice President

Berkley Insurance Company
475 Steamboat Road
Greenwich, CT 06830
Attention: Randy Calhoun

*[signature pages follow]*

**BOND NO. 0179856**

      **IN WITNESS WHEREOF**, the above bound parties have executed this instrument to be effective on <u>April 5, 2018</u>, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

<u>**WITNESSES:**</u>

_____

_____
      **PRINT NAME**

_____

_____
      **PRINT NAME**

**PRINCIPAL:**

FIELDWOOD ENERGY LLC

By:_____

Name: _____

Title: _____

<u>**WITNESSES:**</u>

_____

_____
      **PRINT NAME**

_____

_____
      **PRINT NAME**

<u>**OBLIGEE:**</u>

NOBLE ENERGY, INC.

By:_____

Name: _____

Title: _____

<u>**WITNESSES:**</u>

_____

<u>Laura L. Kneitz</u>_____
      **PRINT NAME**

_____

<u>Melissa Haddick</u>_____
      **PRINT NAME**

**PRINCIPAL:**

BERKLEY INSURANCE COMPANY

By:_____

Name: <u>Teresa D. Kelly</u>_____

Title: <u>Attorney-in-Fact</u>_____



## Executed Bond Report

### Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston, TX 77042 | **Bond No:** 0179865 |
|---|---|---|

**Date:** 7/26/2018

**Principal:** GOM Shelf LLC

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans, LA 70123-2394

**Power of Attorney No.**

| **Effective Date:** From 7/26/2018 To 7/26/2019 | **Bond Amount:** $42,704.00 | **Contract Amount:** $0.00 | **Premium:** $534.00 |
|---|---|---|---|
| **Rate:** 1.25% | **Commission %** 30.000% | **Commission Amount** $160.20 | **State Surchg-Fee:** $0.00 |

**Description:**
Appeal Bond - Civil Penalty Case No. G-2017-013 (Lease No. OCS-G 00133, Grand Isle 47, Platform AP)

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of Bond and Request Form

**Comments:**
Approved as per Randy Calhoun's 7/26/2018 email.

Thursday, July 26, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. __0179865__                                      OCS Lease/RUE/ROW No. __G-2017-013__

Bond Type __Appeal__                                       Amount __$42,704.00__

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

| | |
|---|---|
| The **Surety** is the entity Guaranteeing Performance. | |

Name of Surety: __Berkley Insurance Company__

Mailing Address: __475 Steamboat Road__

__Greenwich, CT 06830__

If a Corporation, Incorporated in the State of: __Delaware__      ; County or Parish of: __Fairfield__

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: __GOM Shelf LLC__

Mailing Address: __2000 West Sam Houston Parkway South, Suite 1200__

__Houston, TX 77042__

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: __Civil Penalty Case No. G-2017-013__

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1.  The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2.  The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3.  If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4.  If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

(a) Any person assigns all or part of any interest in an Instrument covered by this document.

(b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

(c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

(d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

(e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company

Name of Surety

Signature of Person Executing for Surety

Teresa D. Kelly, Attorney-in-Fact

Name and Title (typed or printed)

475 Steamboat Road

Business Address

Greenwich, CT 06830

Business Address

GOM Shelf LLC

Name of Principal

Signature of Person Executing for Principal

John H. Smith, Vice President

Name and Title (typed or printed)

2000 W. Sam Houston Pkwy South #1200

Business Address

Houston, TX 77042

Business Address

Signed on this __26th__ day of __July__ , 20__18__ , in the State of __Texas__ , in the presence of:

Signature of Witness

Melissa Haddick

Name (typed or printed)

5444 Westheimer #900

Address

Houston, TX 77056

Address

Signature of Witness

Laura L. Kneitz

Name (typed or printed)

5444 Westheimer #900

Address

Houston, TX 77056

Address

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A (June 2016)**
Previous Editions are Obsolete.

**PAGE 3 OF 3**



# Executed Bond Report

## Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** **0179867**<br><br>**Date:**  8/13/2018 |

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**
State of Louisiana
Filed with: Louisiana Office of Conservation, Department of Natural Resources - Injection & Mining Division
617 North 3rd Street (70802)
P.O. Box 94275
Baton Rouge,  LA  70804-9275

**Power of Attorney No.**

| **Effective Date:**<br>From    8/13/2018  To    8/13/2019 | **Bond Amount:**<br>$21,440.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$268.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$80.40 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**

P&A Bond, Grand Chenier Separation Station Salt Water Disposal Well No. 001, Serial #971081 and Grand Chenier Separation Station Salt Water Disposal Well, No. 002, Serial #971088, Grand Cheniere, South Field, Cameron Parish, Louisiana

**Renewal Type:**

Continuous Until Cancelled/Released

**Cancellation Provision:**

Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond and request info

**Comments:**

Approved as per Randy Calhoun's 8/13/2018 email.

---

Monday, August 13, 2018

Page 1 of 1

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

## SURETY  BOND

BOND NO. 0179867

FROM:     FIELDWOOD ENERGY LLC                                    PRINCIPAL

          AND

          BERKLEY INSURANCE COMPANY                       SURETY

TO:       Office of Conservation
          Department of Natural Resources
          State of Louisiana

THIS SURETY BOND is given by   FIELDWOOD ENERGY LLC, 200 W. Sam Houston

Pkwy S., #1200, Houston, TX 77042  , principal, and   BERKLEY INSURANCE COMPANY,

475 Steamboat Road, Greenwich, CT 06830                                              ,

Surety, to Office of Conservation, Department of Natural Resources, State of Louisiana, P. O. Box
94275, Capitol Station, Baton Rouge, Louisiana, 70804-9275, Creditor, pursuant to the following terms
and conditions:

Principal and surety are bound to creditor in the sum of $ 21,440.00------   Dollars, for the
payment of which principal and surety jointly and severally bind themselves, their successors and
assigns.

Principal has applied to Creditor to receive an extension in excess of ninety (90) days to plug and
abandon (P&A) or bring the injection well,    See Exhibit A                                    ,
SN_____ ,_____Field,_____Parish,
Louisiana into compliance with the mechanical integrity requirements of Statewide Order No. 29-B, pursuant to
the provisions of L.A.-R.S. 30:4.C.16.a, and Statewide Order No. 29-B.  Principal is required to provide
bonding to insure the plugging and abandonment of the above injection well and this bond is issued for
said purpose.

This obligation shall run continuously and shall remain in full force and effect until and unless
the bond is canceled as provided herein or as otherwise provided by law.

Surety may cancel the bond only by sending notice of cancellation by certified mail to both
Principal and Creditor.  Cancellation cannot occur or be effective until 120 days after the date of receipt
of notice of cancellation by both Principal and Creditor.  Further, such notice of cancellation or
cancellation shall not affect this surety bond in respect to any obligation which may have arisen prior
thereto.

Surety shall become liable on this bond obligation if and when Principal fails to perform his
obligations to adequately plug and abandon the subject well as determined by Creditor after notice and
in accordance with administrative procedures.

Following such determinations, Creditor shall draw on the surety bond by requesting payment by
certified mail, and Surety shall pay the amount thereof within 30 days of receipt of said demand.  If
payment is not made within said 30 day period, Surety shall also be liable for legal interest from date of

receipt of demand, 10% of principal and interest as attorney's fees and all court costs incurred to collect the obligation.

The amount of the bond liability is as expressed herein, but Principal and Surety take notice of the legal requirements for annual review of the closure bond amounts, which is based upon cost estimates for adequate closure. Following this review Creditor may increase, decrease or allow the amount to remain the same. Upon notice from Creditor, if an increase is required, Principal shall cause the bond amount to be increased or shall other wise provide the added surety within 60 days after notice.

IN WITNESS WHEREOF, the principal and Surety have executed this surety bond at
Houston, Texas
_____

on this _____13th_____ day of _____August_____, _2018_____.

WITNESSES:                                      Fieldwood Energy LLC

_____        _____
                                                                Principal

_____        Berkley Insurance Company

_____        _____
Megan Sivley                                    Surety      Teresa D. Kelly, Attorney-in-Fact

_____
Noémie Person

Approved, accepted and executed by Creditor at Baton Rouge, Louisiana this

_____ day of _____, _____.

WITNESSES:                                      OFFICE OF CONSERVATION

_____

_____        By:_____
                                                                Commissioner of Conservation

Rev 3/09

Exhibit "A"

Operator of Record _____Fieldwood Energy LLC_____

Financial Institution _____Berkley Insurance Company_____

LOC/CD/Bond No. _____0179867_____

| Wells Covered by Security | | |
|---|---|---|
| Well Name & No. | Field Name | Serial No. |
| 1 | Grand Chenier Sep Station SWD No. 001 | South Field | 971081 |
| 2 | Grand Chenier Sep Station SWD No. 002 | South Field | 971088 |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |



# Executed Bond Report

## Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** 0179868<br><br>**Date:** 1/22/2019 |
| --- | --- | --- |

**Principal:**  Fieldwood Energy Offshore LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From     1/22/2019  To      1/22/2020 | **Bond Amount:**<br>$13,249,500.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$165,619.00 |
| --- | --- | --- | --- |

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$49,685.70 | **State Surchg-Fee:**<br>$0.00 |
| --- | --- | --- | --- |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond covering OCS-G 12209, Block 200, Green Canyon Area

**Renewal Type:**                                                    **Cancellation Provision:**

Continuous Until Cancelled/Released                   Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond

**Comments:**

Approved as per Randy Calhoun's 1/9/2019 email.

---

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. __0179868__     OCS Lease/RUE/ROW No. __OCS-G 12209__

Bond Type __Supplemental__     Amount $13,249,500.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy Offshore LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: OCS-G 12209, Block 200, Green Canyon Area

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

(a) Any person assigns all or part of any interest in an Instrument covered by this document.

(b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

(c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

(d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

(e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| Berkley Insurance Company | Fieldwood Energy Offshore LLC |
|---|---|
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 22nd day of January , 20 19 , in the State of Texas , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

# Bond Execution Summary

*C.A. Shea & Company, Inc.*

| | | | |
|---|---|---|---|
| **Shea Bond #:** | 180404007 | **IRS/Importer #:** | 46-132677800 |
| **Effective Date** | 04/25/2018 | **Principal:** | Fieldwood Energy LLC |
| **Bond Amount:** | $50,000.00 | **Bond Form:** | Importer or Broker §113.62 (Activity Code 1) |
| **Customs Bond #:** | 18C000DYI | **Bond Type:** | Continuous |
| **Surety Bond #:** | 0206223 | **Surety Company:** | BERKLEY INSURANCE CO (611) |
| | | **Obligee:** | Bureau of Customs and Border Protection |

**Optional Customs Programs utilized by the Principals on this bond:**

☐ Periodic Monthly Statement    ☐ Reconciliation    ☐ US Virgin Islands

The information below is based on the information our office has on file for each entity listed on this bond. Please note the addresses listed are the mailing addresses on file.

**Principals**

| IRS / Importer # | Shea Data |
|---|---|
| 46-132677800 | Fieldwood Energy LLC |
| | 2000 W. Sam Houston Parkway S |
| | Suite 1200 |
| | Houston, TX 77042 |

## Claim Contact Information

In the event the surety receives notice of claim against the bond, we will utilize the below contact information for the principal(s).

**46-132677800 - Fieldwood Energy LLC**

| | | | |
|---|---|---|---|
| Name: | Mr. Mark Mozell | Company: | Fieldwood Energy LLC |
| Title: | Vice President - Risk Management | Address | 2000 W. Sam Houston Parkway S |
| EMail: | mmozell@fwellc.com | | Suite 1200 |
| Phone: | (713)969-1133    Fax: | | Houston, TX 77042 |

*Please be sure to review this information and advise if any of the information is incorrect so our office may determine the best method of correcting the information referenced on this summary.*