UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-33948 (MI) |
| | * | |
| FIELDWOOD ENERGY LLC, | * | |
| *et al.*, | * | CHAPTER 11 |
| | * | |
| Debtors | * | |
| | * | (Jointly Administered) |

**************************************

**JOINDER TO OBJECTIONS, AND OBJECTIONS, BY
HELIS OIL & GAS COMPANY, LLC TO THE ADEQUACY
OF THE DISCLOSURE STATEMENT FOR JOINT CHAPTER 11
PLAN OF REORGANIZATION OF FIELDWOOD ENERGY LLC
AND ITS AFFILIATED DEBTORS [DKT, NO. 723]**

NOW INTO COURT, through its undersigned counsel, comes Helis Oil & Gas Company, L.L.C. ("Helis"), who file this joinder to other objections previously filed by other creditors or parties-in-interest, and its own objections, to the Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors [Dkt. No. 723] (the "Disclosure Statement") as follows:

1. Helis is or was a working interest owner and/or operator and party to various executory contracts with the Debtor(s).

2. Helis believes that the Disclosure Statement contains insufficient information and is inadequate in the respects and for the reasons already expressed by various other creditors and parties-in-interest, including those filed by (i) XTO Offshore, inc., HHE Energy Company and XH LLC [Dkt. No. 900]; (ii) Marathon Oil Company [Dkt. No. 924]; (iii) ENI US Operating Co. Inc. [Dkt. No. 937]; (iv) Freeport-McMoran Oil & Gas LLC and McMoran Oil & Gas LLC [Dkt. No. 978]; (v) Samson Contour Energy

E&P. LLC [Dkt. No. 990]; Hess Corporation [Dkt. No. 993]; and Aspen American Insurance Company, *et al.* [Dkt. No. 996] (collectively, the "Prior Objections").

3.  Accordingly, Helis joins in with the Prior Objections and the arguments and authorities presented therein to the extent consistent with Helis's status and position with the Debtor(s).

4.  In addition, and insofar as Helis alone is concerned, Helis also believes the Disclosure Statement (and its schedules and/or exhibits) contain inadequate information or explanations as to the following.[1]

5.  *First*, with respect to High Island 129, Exhibit I-F to Schedule I (FWE I Assets and FWE I Obligations) to the Apache agreement (Exhibit G to the Disclosure Statement) identifying the contracts with Helis related to Lease No. OCS-G01848/HI 129 that would end up with FWE I only lists: (i) 10/19/2015 contract operations agreement regarding #18 Helis well; and (ii) 8/25/2016 amendment and ratification of production handling agreement (collectively, the "Scheduled HI 129 Contracts").

6.  However, Exhibit I-F does not list the following connected or related executory contracts , which Helis believes should necessarily travel with the Scheduled HI 129 Contracts: (i) 9/15.2003 operating agreement; (ii) 1/6/2005 ratification of 9/15/2002 operating agreement; or (iii) 2/5/2004 production handling agreement (which was amended and ratified by the 8/25/2016 document included in the Scheduled HI 129 Contracts (collectively the "Non-Scheduled HI 129 Contracts").

---

[1] With respect to the issues described in paragraphs 5-8 herein, Helis has no objection to the Debtor(s)' simply amending the applicable schedules to address them rather through any amendments being made to the Disclosure Statement.

7. Helis believes that the Non-Scheduled HI 129 Contracts should be scheduled together with the Scheduled HI 129 Contracts, or if not an explanation should be provided as to why the Debtor(s) believe they should not be, since they are so related to the Scheduled HI 129 Contracts.

8. *Second*, with respect to Vermillion 329, the same Exhibit I-F identifying the contracts related to Lease No. OCS-G21096/VR 329 that would end up with FWE I does not list any operating or other agreement to which Helis is or was a party, but other exhibits to Schedule I do list the lease, deepwater rights, well 325#A001, a platform and a right of way appertaining thereto. Helis believes the schedules should be amended or that an explanation should be provided as to this discrepancy as a part of adequate information.

For these reasons, Helis prays that this joinder and these objections be considered and that the Court determine the Disclosure Statement be determined insufficient and inadequate.

Respectfully submitted:

/s/ *J. David Forsyth*
J. DAVID FORSYTH (LA BAR NO. 5719)
SESSIONS, FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA  70130
Tel.:  (504) 582-1521
Fax:  (504) 582-1555
Email:  jdf@sessions-law.com
Attorneys for Helis Oil & Gas Company, L.L.C.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2021 a true and correct copy of the foregoing joinder and objections was served via the Court's Electronic Notification System on all parties entitled to such notice.

/s/  *J. David Forsyth*
J. DAVID FORSYTH