IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC<br>　　Plaintiff, | §<br>§<br>§ | |
| V. | § | Adversary No. 20-03497 |
| | § | |
| VALERO MARKETING AND<br>SUPPLY COMPANY<br>　　Defendant. | §<br>§<br>§ | |
| | §<br>§<br>§<br>§ | Related to bankruptcy case no 20-33948<br>pending before the US Bankruptcy Court,<br>Southern District of Texas. |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the conference among the parties required by Rule 26(f) and identify the counsel who attended for each party.**

    Conference was held via Zoom on January 12, 2021.

    Robert Paddock on behalf of Fieldwood Energy, LLC.
    Helen McLaughlin on behalf of Fieldwood Energy, LLC.

    C. Brannon Robertson on behalf of Valero Marketing and Supply Company.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    Main Bankruptcy proceeding pending in the U.S. Bankruptcy Court Southern District of Texas (Houston Division) Case No. 20-33948.

3. **Specify the allegation of federal jurisdiction.**

    Under 28 U.S.C. § 1334, a district court, including this Court, has original jurisdiction of "all cases under title 11 [the Bankruptcy Code]," and of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)(b).

4. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**
   None.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted, if any.**
   None at this time.

6. **List anticipated interventions, if any.**
   None at this time.

7. **Describe class-action issues, if any.**
   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The Parties agree to complete initial disclosures on or before February 3, 2021.

9. **Describe the proposed agreed discovery plan, including:**

   a. **Responses to all the matters raised in Rule 26(f).**

   The Parties agree that a threshold issue is whether Valero is entitled to damages because of Fieldwood's failure to deliver oil in May 2020. The Parties agree that the basic facts in this case are undisputed:

   (i) Fieldwood delivered oil to Valero in April 2020;
   (ii) Fieldwood notified Valero in late April 2020 that it would not deliver any oil in May 2020;
   (iii) On April 29, 2020, Fieldwood exercised its 30 day notice right to cancel the contract with a May 30, 2020 effective date;
   (iv) On May 15, 2020, Fieldwood invoiced Valero $3,090,564.29 for the April 2020 delivery;
   (v) Fieldwood did not deliver any oil to Valero in May 2020;
   (vi) Valero paid $988,020.29 for the April 2020 invoice alleging that it suffered damages of $2,102,544.00 for Fieldwood's failure to deliver oil in May 2020.

   The Parties believe that Valero's entitlement to damages is a legal issue as there is not a dispute as to the amount of oil that Fieldwood delivered in April and May,

2

and the amount of money paid by Valero for the April oil. Thus, pending Court approval, the Parties propose to file competing summary judgment briefs on or before February 26, 2021 on the issue of whether Valero is entitled to recover damages. The parties agree to file responsive briefs by March 12, 2021.

If the Court determines that Valero is entitled to recover damages, then the Parties will agree, and propose to the Court, a discovery schedule concerning the amount of Valero's damages. If the Court finds that Valero is not entitled to damages, then the only remaining issue would be Fieldwood's entitlement to recover attorney fees and interest.

**When and to whom the <u>plaintiff</u> anticipates it may send interrogatories.**

If fact discovery commences, the Plaintiff anticipates sending interrogatories to Defendant.

b. **When and to whom the <u>defendant</u> anticipates it may send interrogatories.**

If fact discovery commences, the Defendant anticipates sending interrogatories to Plaintiff.

c. **Of whom and by when the <u>plaintiff</u> anticipates taking oral depositions.**

If fact discovery commences, Plaintiff anticipates taking the deposition of Defendant's corporate representative(s) and experts on the matters relevant to this case.

d. **Of whom and by when the <u>defendant</u> anticipates taking oral depositions.**

If fact discovery commences, Defendant anticipates taking the deposition of Plaintiff's corporate representative(s) and experts on the matters relevant to this case.

e. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

See response to Paragraph 9(a).

f. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

See response to Paragraph 9(a).

g. **List expert depositions the opposing party anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

See response to Paragraph 9(a).

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

See response to Paragraph 9(a).

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties agree to file cross motions for summary judgment by February 26, 2021, and will continue to keep open lines of communication regarding a potential settlement.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Please see answer to Paragraph 13.

15. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The Parties are open to discussing alternative dispute resolution techniques, including mediation and client-to-client meetings.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

4

The Parties consent to trial in this case in front of Judge Isgur.

17. **State whether a jury demand has been made and if it was made on time.**

    No jury demand was made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    No more than ten hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other pending motions.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    See response to Paragraph 9(a) above.

22. **List and summarize all issues pending in the case. Include a statement that counsel have met and agreed on the summation list of issues.**

    Plaintiff is claiming breach of contract for failure to pay under an oil Purchase Contract. The Purchase Contract required Defendant to pay for oil delivered by Fieldwood. Plaintiff alleges that Defendant breached the Purchase Contract by only paying $988,020.29 out of the invoiced amount of $3,090,564.29. Plaintiff's damages for the underpayment of the Purchase Contract are not less than $2,102,544.00. Plaintiff believes Defendant's claim for setoff and recoupment fail because Defendant was not damaged given that Defendant did not purchase the oil from a third party, and therefore, all expenses were saved. Alternatively, Plaintiff contends that even if Defendant is entitled to damages, Valero's damages were zero because the market price for oil was less than the Purchase Contract price.

    Defendant is claiming that Plaintiff breached the Purchase Contract by failing to deliver oil in May 2020. Defendant claims that it properly set off/recouped part of its damages by withholding $2,102,544 from the April 2020 invoice. Defendant

5

alleges that its damages total $3,118,600.00 and is entitled to recover approximately $1,016,056.00. Defendant bases its damages claim on UCC Section 2.713, which reads, in part: "[T]he measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages … but less expenses saved in consequence of the seller's breach." Defendant contends that it is entitled to market price damages under the UCC regardless of whether it purchased replacement oil. Further, Defendant contends that the market price of oil was higher than the contract price, which accounts for its damages of $3,118,600.00.

The Parties met on January 12, 2021 and generally agreed on the summation list of issues.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

   **For Fieldwood:**

   Robert L. Paddock
   Texas Bar. 24002723
   Helen McLaughlin
   Texas Bar No. 24087706
   **Buck Keenan LLP**
   2229 San Felipe St., Suite 1000
   Houston, Texas 77019
   (713)225-4500

   **For Valero:**

   C. Robert Mace
   Texas Bar No. 12771300
   Southern District of Texas No. 1415
   C. Brannon Robertson
   Texas Bar No. 24002852
   Southern District of Texas No. 22131
   **Fernelius Simon Mace**
   **Robertson Perdue LLP**
   4119 Montrose Blvd., Suite 500
   Houston, Texas 77006
   (713) 654-4039

   Deborah D. Williamson
   State Bar No. 21617500

6

dwilliamson@dykema.com
Danielle N. Rushing
**Dykema Gossett PLLC**
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: 210.554.5500
Facsimile: 210.226.8395

Nathan Mechler
State Bar No. 24051037
Nathan.mechler@valero.com
**Valero Services, Inc.**
One Valero Way
San Antonio, TX 78249
210-345-4122

    Respectfully submitted,

    BUCK KEENAN LLP

    By:  */s/Robert L. Paddock*
        ROBERT L. PADDOCK
        State Bar No. 24002723
        E. F. MANO DEAYALA
        State Bar No.00783946
        HELEN H. MCLAUGHLIN
        State Bar No. 24087706
        2229 San Felipe, Suite 1000
        Houston, Texas 77019
        (713) 225-4500
        (713) 225-3719 - Telecopier
        rpaddock@buckkeenan.com
        deayala@buckkeenan.com
        hmclaughlin@buckkeenan.com

    ATTORNEYS FOR PLAINTIFF
    FIELDWOOD ENERGY LLC

Case 20-33948 Document 1069-4 Filed in TXSB on 01/23/21 Page 7 of 9

FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC

By: /s/ *C. Brannon Robertson*
    C. Robert Mace
    State Bar No. 12771300
    Southern District No. 1415
    bmace@trialattorneytx.com
    C. Brannon Robertson
    State Bar No. 24002852
    S.D. Tex No. 22131
    brannon.robertson@trialattorneytx.com
    Joel C. Simon
    State Bar No. 24046850
    joel.simon@trialattorneytx.com
    4119 Montrose Blvd., Suite 500
    Houston, Texas 77006
    Telephone: 713-654-1200/ Fax: 713-654-4039

**DYKEMA GOSSETT PLLC**

By: */s/ Deborah D. Williamson*
    Deborah D. Williamson
    State Bar No. 21617500
    dwilliamson@dykema.com
    Danielle N. Rushing
    State Bar No. 24086961
    drushing@dykema.com
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    Telephone: 210.554.5500/ Fax: 210.226.8395

**ATTORNEYS FOR VALERO MARKETING
AND SUPPLY COMPANY**

Case 20-33948 Document 1069-4 Filed in TXSB on 01/23/21 Page 8 of 9

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 27th day of January 2021.

                             */s/Helen H. McLaughlin*
                             HELEN H. MCLAUGHLIN