IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC <br> Plaintiff, | § § § | |
| V. | § § | Adversary No. 20-03497 |
| VALERO MARKETING AND SUPPLY COMPANY <br> Defendant. | § § § § § § § | Related to bankruptcy case no 20-33948 pending before the US Bankruptcy Court, Southern District of Texas. |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE
AMENDED ANSWER TO COUNTERCLAIM**

COMES NOW Plaintiff Fieldwood Energy LLC ("Fieldwood") and files this Unopposed Motion for Leave to file Amended Answer to Counterclaim and would show the Court as follows:

**I. Relief Requested**

1. Fieldwood seeks leave to file an amended answer to Valero's Counterclaim in order to (i) clarify and provide further detail in its response to Valero's allegations and (ii) add affirmative defenses. Counsel for Defendant Valero Marketing and Supply Company ("Valero") has stated that Valero does not oppose the requested relief. Attached as Exhibit 1 is the Amended Answer.

**II. Background facts**

2. This adversary proceeding arises out of an oil Purchase Contract between Fieldwood and Valero. Fieldwood was the seller and Valero was the buyer. Fieldwood

filed this adversary proceeding on December 11, 2020 alleging that Valero owes it $2,102,544.00. Valero withheld $2,102,544.00 from payment as an offset for damages it alleges it suffered because of Fieldwood's failure to deliver oil in May 2020. Fieldwood alleged that it did not deliver any oil in May 2020 because its wells were shut in. The source of production was specifically identified in the Purchase Contract and it had no production to deliver. Fieldwood also alleged that Valero had no right to damages because of non-delivery and, even if damages were available, Valero did not suffer a loss.

3. On January 15, 2021, Valero filed an Original Answer and Counterclaim. [Dkt. No. 4]. In its counterclaim, Valero alleged, among other things, that Fieldwood was obligated to deliver volumes to Valero, regardless of the amount of production it had.

4. Fieldwood filed an answer to Valero's counter claim on February 11, 2021 [Dkt. 10].

5. In preparing its summary judgment, Fieldwood believes that, out an abundance of caution, it needs to amend its answer to clarify its defenses to Valero's counterclaim and add affirmative defenses. The clarifications and additions will not change the nature of this case, and will not cause any delay or prejudice to Valero.

III. **Arguments & Authorities**

6. FRCP 15(a)(2), made applicable through Bankruptcy Rule 7015, allows amendments to pleadings with the opposing party's written consent. Attached hereto as Exhibit 2 is an email from Valero's counsel consenting to the filing of the Amended Answer. Even if consent were not provided, Rule 15(a)(2) provides that leave should be freely granted to amend pleadings. The U.S. Supreme Court determined that "[i]n the

2

absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also U.S. ex rel Willard v. Humana Health Plan of Texas,* 336 F.3d 375, 386 (5th Cir. 2003) (citing *Forman v. Davis* for the same proposition).

7. Allowing this amended answer will not cause undue delay or unfair prejudice, nor is it in bad faith.

### IV. Prayer for Relief

8. For the reasons stated herein, Fieldwood asks for leave to file its Amended Answer to Valero's Counterclaim.

Respectfully submitted,

BUCK KEENAN LLP

By: */s/Robert L. Paddock*
ROBERT L. PADDOCK
State Bar No. 24002723
E. F. MANO DEAYALA
State Bar No. 00783946
HELEN H. MCLAUGHLIN
State Bar No. 24087706
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 - Telecopier
rpaddock@buckkeenan.com
deayala@buckkeenan.com
hmclaughlin@buckkeenan.com

ATTORNEYS FOR PLAINTIFF
FIELDWOOD ENERGY LLC

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 5th day of March 2021.

            */s/Robert L. Paddock*
            ROBERT L. PADDOCK

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | Adversary No. 20-03497 |
| § | | |
| VALERO MARKETING AND § | | |
| SUPPLY COMPANY § | | |
| Defendant. § | | |
| § | | Related to bankruptcy case no 20-33948 |
| § | | pending before the US Bankruptcy Court, |
| § | | Southern District of Texas. |

**PLAINTIFF'S FIRST AMENDED ANSWER TO COUNTERCLAIM**

COMES NOW Plaintiff Fieldwood Energy LLC ("Fieldwood") and files this First Amended Answer to Defendant Valero Marketing and Supply Company's Counterclaim, and would show the Court as follows:

**Answer**

1. Fieldwood admits the allegations in Paragraph 1 of the Counterclaim.

2. Fieldwood admits the allegations in the first sentence of Paragraph 2 of the Counterclaim. Fieldwood denies allegations in the second and third sentences of Paragraph 2 of the Counterclaim to the extent they include incomplete terms of the Purchase Contract. Fieldwood admits that "Quantity" provision in the Purchase Contract states approximately 10,000 barrels per day, but denies that this is a complete recitation of the Quantity provision in the contract. Fieldwood admits that the Purchase Contract required thirty days prior written notice of cancellation.

3. Fieldwood admits that the allegations in Paragraph 3 of the Counterclaim

to the extent that they recite the contents of Exhibit A to Dkt. No. 4.

4. Fieldwood admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Fieldwood admits the allegations contained in Paragraph 5 of the Counterclaim.

6. Fieldwood does not have sufficient information to admit or deny what Valero's beliefs were in May 2020 as alleged in paragraph 6 of the Counterclaim. Fieldwood denies that Valero had a right to seek adequate assurance. Fieldwood admits that it refused to provide adequate assurance, but denies that it was required to do so.

7. Fieldwood admits that a valid contract existed between Valero and Fieldwood but denies the remaining allegations and legal claim in paragraph 7 of the counterclaim.

8. Fieldwood admits that the Purchase Contract is governed by Texas law and involves a sale of goods. However, Fieldwood denies that Article 2 of the UCC governs all aspects of the transaction to the exclusion of contractual provisions in the Purchase Agreement and Texas common law.

9. Paragraph 9 contains an incomplete recitation of the Texas Business & Commerce Code to which no response is required. Fieldwood admits that the Purchase Contract states seller is to deliver approximately 10,000 barrels per day and that Fieldwood did not deliver any crude oil to Valero in May 2020; however, Fieldwood denies that this is a complete recitation of Fieldwood's obligations under the Purchase Contract's "QUANTITY" provision which also provides: "TOLERANCE: Per actual

2

production about 49.5 percent of Noble's share (BIG BEND/DANTZLER)" and Fieldwood did not have any production from Big Bend/Dantzler in May 2020 to deliver. Fieldwood denies that it breached because it failed to deliver adequate assurance, as allegedly contractually required.

10. Paragraph 10 contains an incomplete recitation of Article 2.713 of the Texas Business & Commerce Code to which no response is required. To the extent a response is required, Fieldwood would submit the full text of Article 2.713 along with any other applicable provisions of Article 2 of the Texas Business & Commerce Code.

11. Paragraph 11 contains legal allegations to which no response is required, to the extent a response is required, the allegations are denied.

   a. The allegations of Paragraph 11 a., b, & c. purport to be recitations of the terms of the Purchase Agreement, Fieldwood denies such allegations to the extent they are different than the terms of the Purchase Contract.

12. Fieldwood denies the allegations in Paragraph 12 of the Counterclaim.

13. Fieldwood denies the allegations in Paragraph 13 of the Counterclaim.

14. Fieldwood denies the allegations in Paragraph 14 of the Counterclaim.

15. No response is required with respect to Paragraph 15 of the Counterclaim

16. Fieldwood denies that Valero is entitled to any attorney fees in this matter.

17. No response to the "Conclusion & Prayer" paragraph in the Counterclaim is required, but to the extent a response is required, those allegations are denied.

**Affirmative Defenses**

Fieldwood asserts the following affirmative defenses to Valero's counter claim:

3

18. Valero's Counterclaim is barred by excuse, impracticability, impossibility, Texas Business and Commerce Code § 2.615, and/or Section 261 of the Restatement (Second) of Contracts.

19. Valero's Counterclaim is barred by the doctrine of waiver and estoppel.

20. Valero's Counterclaim is barred, in whole or in part, because it failed to mitigate its damages.

21. Valero's Counterclaim is barred, in whole or in part, by their own acts and/or omissions.

22. Valero's counterclaim is barred, in whole or in part, by their respective failure to comply with the terms of the Purchase Contract.

23. Valero's Counterclaim is barred, in whole or in part, because they have not satisfied all conditions precedent.

24. Valero's Counterclaim is barred, in whole or in part, by their prior material breach(es).

25. Valero's counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## Prayer

For these reasons, Plaintiff, Fieldwood Energy LLC, requests that the Court dismiss the counterclaim and render judgment that Valero takes nothing, assess costs against Valero, and awards all other relief in law and in equity to which Plaintiff, Fieldwood Energy LLC, is entitled.

4

Respectfully submitted,

BUCK KEENAN LLP

By:   */s/Robert L. Paddock*
     ROBERT L. PADDOCK
     State Bar No. 24002723
     E. F. MANO DEAYALA
     State Bar No.00783946
     HELEN H. MCLAUGHLIN
     State Bar No. 24087706
     2229 San Felipe, Suite 1000
     Houston, Texas 77019
     (713) 225-4500
     (713) 225-3719 - Telecopier
     rpaddock@buckkeenan.com
     deayala@buckkeenan.com
     hmclaughlin@buckkeenan.com

ATTORNEYS FOR PLAINTIFF
FIELDWOOD ENERGY LLC

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 5th day of March 2021.

          */s/ Robert L. Paddock*
          ROBERT L. PADDOCK

Case 20-33948 Document 1004-8 Filed in TXSB on 03/05/21 Page 10 of 14

# EXHIBIT 2

| | |
|---|---|
| **From:** | Brannon Robertson |
| **To:** | Robert L. Paddock |
| **Cc:** | Helen H. McLaughlin |
| **Subject:** | RE: Fieldwood v. Valero: Amended Answer: |
| **Date:** | Thursday, March 4, 2021 6:04:12 PM |

No objection to the amendment. Thanks.

**Brannon Robertson**
O: 713-654-5176
M: 713-320-9216

**From:** Robert L. Paddock <rpaddock@buckkeenan.com>
**Sent:** Thursday, March 4, 2021 11:31 AM
**To:** Brannon Robertson <Brannon.Robertson@trialattorneytx.com>
**Cc:** Helen H. McLaughlin <hmclaughlin@buckkeenan.com>
**Subject:** FW: Fieldwood v. Valero: Amended Answer:

Brannon

Just wanted to follow back up on my email below. Thanks.

Robert L. Paddock
Partner
Buck Keenan LLP
2229 San Felipe, suite 1000
Houston, Texas 77019
713.546.2447 (direct)
713.225.4500 (main)
www.buckkeenan.com

**From:** Robert L. Paddock
**Sent:** Wednesday, March 3, 2021 2:48 PM
**To:** Brannon Robertson <Brannon.Robertson@trialattorneytx.com>
**Cc:** Helen H. McLaughlin <hmclaughlin@buckkeenan.com>
**Subject:** Fieldwood v. Valero: Amended Answer:

Brannon

In reviewing the pleadings in this case, we think that it is in our interest to file an Amended Answer to Valero's counter claim. We don't think this should change anything with respect to the briefing schedule we are following, but are just doing so out of an abundance of caution. I am attaching the proposed answer along with a redline showing the changes.

Please let us know whether you oppose a motion for leave to file amended answer.

If you would like to discuss, please give me a call.

Thanks.

Robert

Robert L. Paddock
Partner
Buck Keenan LLP
2229 San Felipe, suite 1000
Houston, Texas 77019
713.546.2447 (direct)
713.225.4500 (main)
www.buckkeenan.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | Adversary No. 20-03497 |
| | § | |
| VALERO MARKETING AND | § | |
| SUPPLY COMPANY | § | |
|    Defendant. | § | |
| | § | |
| | § | Related to bankruptcy case no 20-33948 |
| | § | pending before the US Bankruptcy Court, |
| | § | Southern District of Texas. |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COUNTERCLAIM

UPON CONSIDERATION of Plaintiff's Unopposed Motion for Leave to File Amended Answer to Counterclaim and for good cause shown, the Motion is GRANTED. It is further ORDERED that Plaintiff may file its First Amended Answer to Counterclaim within 5 days of the entry of this Order.

Signed: March \_\_\_\_, 2021

_____
The Honorable Marvin Isgur
United States Bankruptcy Judge