IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY LLC<br>    Plaintiff, | §<br>§<br>§ | |
| V. | § | Adversary No. 20-03497 |
| | § | |
| VALERO MARKETING AND<br>SUPPLY COMPANY<br>    Defendant. | §<br>§<br>§<br>§ | |
| | §<br>§<br>§ | Related to bankruptcy case no 20-33948<br>pending before the US Bankruptcy Court,<br>Southern District of Texas. |

**PLAINTIFF'S FIRST AMENDED ANSWER TO COUNTERCLAIM**

COMES NOW Plaintiff Fieldwood Energy LLC ("Fieldwood") and files this First Amended Answer to Defendant Valero Marketing and Supply Company's Counterclaim, and would show the Court as follows:

**Answer**

1.  Fieldwood admits the allegations in Paragraph 1 of the Counterclaim.

2.  Fieldwood admits the allegations in the first sentence of Paragraph 2 of the Counterclaim. Fieldwood denies allegations in the second and third sentences of Paragraph 2 of the Counterclaim to the extent they include incomplete terms of the Purchase Contract. Fieldwood admits that "Quantity" provision in the Purchase Contract states approximately 10,000 barrels per day, but denies that this is a complete recitation of the Quantity provision in the contract. Fieldwood admits that the Purchase Contract required thirty days prior written notice of cancellation.

3.  Fieldwood admits that the allegations in Paragraph 3 of the Counterclaim

to the extent that they recite the contents of Exhibit A to Dkt. No. 4.

4. Fieldwood admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Fieldwood admits the allegations contained in Paragraph 5 of the Counterclaim.

6. Fieldwood does not have sufficient information to admit or deny what Valero's beliefs were in May 2020 as alleged in paragraph 6 of the Counterclaim. Fieldwood denies that Valero had a right to seek adequate assurance. Fieldwood admits that it refused to provide adequate assurance, but denies that it was required to do so.

7. Fieldwood admits that a valid contract existed between Valero and Fieldwood but denies the remaining allegations and legal claim in paragraph 7 of the counterclaim.

8. Fieldwood admits that the Purchase Contract is governed by Texas law and involves a sale of goods. However, Fieldwood denies that Article 2 of the UCC governs all aspects of the transaction to the exclusion of contractual provisions in the Purchase Agreement and Texas common law.

9. Paragraph 9 contains an incomplete recitation of the Texas Business & Commerce Code to which no response is required. Fieldwood admits that the Purchase Contract states seller is to deliver approximately 10,000 barrels per day and that Fieldwood did not deliver any crude oil to Valero in May 2020; however, Fieldwood denies that this is a complete recitation of Fieldwood's obligations under the Purchase Contract's "QUANTITY" provision which also provides: "TOLERANCE: Per actual

2

production about 49.5 percent of Noble's share (BIG BEND/DANTZLER)" and Fieldwood did not have any production from Big Bend/Dantzler in May 2020 to deliver. Fieldwood denies that it breached because it failed to deliver adequate assurance, as allegedly contractually required.

10. Paragraph 10 contains an incomplete recitation of Article 2.713 of the Texas Business & Commerce Code to which no response is required. To the extent a response is required, Fieldwood would submit the full text of Article 2.713 along with any other applicable provisions of Article 2 of the Texas Business & Commerce Code.

11. Paragraph 11 contains legal allegations to which no response is required, to the extent a response is required, the allegations are denied.

    a. The allegations of Paragraph 11 a., b., & c. purport to be recitations of the terms of the Purchase Agreement, Fieldwood denies such allegations to the extent they are different than the terms of the Purchase Contract.

12. Fieldwood denies the allegations in Paragraph 12 of the Counterclaim.

13. Fieldwood denies the allegations in Paragraph 13 of the Counterclaim.

14. Fieldwood denies the allegations in Paragraph 14 of the Counterclaim.

15. No response is required with respect to Paragraph 15 of the Counterclaim

16. Fieldwood denies that Valero is entitled to any attorney fees in this matter.

17. No response to the "Conclusion & Prayer" paragraph in the Counterclaim is required, but to the extent a response is required, those allegations are denied.

### Affirmative Defenses

Fieldwood asserts the following affirmative defenses to Valero's counter claim:

18. Valero's Counterclaim is barred by excuse, impracticability, impossibility, Texas Business and Commerce Code § 2.615, and/or Section 261 of the Restatement (Second) of Contracts.

19. Valero's Counterclaim is barred by the doctrine of waiver and estoppel.

20. Valero's Counterclaim is barred, in whole or in part, because it failed to mitigate its damages.

21. Valero's Counterclaim is barred, in whole or in part, by their own acts and/or omissions.

22. Valero's counterclaim is barred, in whole or in part, by their respective failure to comply with the terms of the Purchase Contract.

23. Valero's Counterclaim is barred, in whole or in part, because they have not satisfied all conditions precedent.

24. Valero's Counterclaim is barred, in whole or in part, by their prior material breach(es).

25. Valero's counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## Prayer

For these reasons, Plaintiff, Fieldwood Energy LLC, requests that the Court dismiss the counterclaim and render judgment that Valero takes nothing, assess costs against Valero, and awards all other relief in law and in equity to which Plaintiff, Fieldwood Energy LLC, is entitled.

Respectfully submitted,

BUCK KEENAN LLP

By: /s/Robert L. Paddock
    ROBERT L. PADDOCK
    State Bar No. 24002723
    E. F. MANO DEAYALA
    State Bar No.00783946
    HELEN H. MCLAUGHLIN
    State Bar No. 24087706
    2229 San Felipe, Suite 1000
    Houston, Texas 77019
    (713) 225-4500
    (713) 225-3719 - Telecopier
    rpaddock@buckkeenan.com
    deayala@buckkeenan.com
    hmclaughlin@buckkeenan.com

ATTORNEYS FOR PLAINTIFF
FIELDWOOD ENERGY LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 9th day of March 2021.

    /s/ Robert L. Paddock
    ROBERT L. PADDOCK

5