

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/15/2021

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS TO FILE
### RYAN LLC RETENTION APPLICATION WITH REDACTIONS

Upon the motion, dated December 30, 2020 (Docket No. 716, the "**Motion**"),[2] of Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, (i) authorizing the Debtors to file an unredacted version of the Ryan Retention Application with the Court and a redacted version of the Ryan Retention Application on the public docket and (ii) granting related relief, all as more fully set forth in the Motion, and consistent with the agreement reached by the Debtors, Ryan and the U.S. Trustee following the Debtors filing of the Motion; and upon consideration of the Travis Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and a hearing, if any, having been held to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court being satisfied based on the representations made in the Motion and the Travis Declaration that the Protected Information is confidential commercial information as that term is used in section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, to file an unredacted version of the Ryan Retention Application with the Court and a redacted version of the Ryan Retention Application on the public docket.

2. The unredacted Ryan Retention Application filed with the Court is confidential, and shall not be made available to anyone, except that the unredacted Ryan Retention Application shall, upon request, be shared with (i) the U.S. Trustee on a strictly confidential basis, and (ii) counsel for the Creditors' Committee and counsel to the Ad Hoc Group of Secured Lenders on a strictly confidential, "professional eyes only" basis.

3. Any party who receives the unredacted Ryan Retention Application in accordance with this Order shall not disclose or otherwise disseminate such document, or the

information contained therein, to any other person or entity without the prior written consent of the Debtors or Court order.

   4.  The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

   5.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: March 15, 2021

                      Marvin Isgur
                  United States Bankruptcy Judge