

ENTERED
03/17/2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re<br><br>**FIELDWOOD ENERGY LLC,** *et al.*[1] | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>**(Jointly Administered)** |

## ORDER APPROVING APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS CO- COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JANUARY 20, 2021

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") of Fieldwood Energy LLC, and the affiliated jointly administered debtors and debtors-in-possession (the "**Debtors**") appointed pursuant to section 1102 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order authorizing the employment and retention of Pachulski Stang Ziehl & Jones LLP ("**Pachulski Stang**") as co-counsel for the Committee, effective January 20, 2021, pursuant to sections 328 and 1103 of the Bankruptcy Code, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of the United Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**"); and upon the Declarations of Michael D. Warner (the "**Warner Declaration**") and Tim Fox filed in Support of the Application; and the Court having jurisdiction

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

to consider the Application under 28 U.S.C. § 1334, and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in this district under 28 U.S.C. §§ 1408 and 1409; and having found based on the representations made in the Application and the Warner Declaration that (i) Pachulski Stang does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained; (ii) Pachulski Stang is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (iii) neither Pachulski Stang nor its professionals have any connection with the Debtors, their estates, or creditors, except as disclosed in the Warner Declaration; and (iv) Pachulski Stang's employment and retention is necessary and in the best interest of the Debtor's estates, their creditors and other parties in interest; and good and adequate notice of the Application having been given under the circumstances and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

1. Omitted.

2. The Committee is authorized to retain Pachulski Stang as its co-counsel effective as of January 20, 2021, pursuant to 11 U.S.C. § 328 and 1103 under the terms and conditions set forth in the Application and the Warner Declaration. Pachulski Stang's services will be different than those provided by the Committee's lead counsel, Stroock. Pachulski Stang and Stroock shall not overlap services and billing; provided however, Pachulski Stang shall address issues as

requested by the Committee or Stroock to complement or support the efforts of Stroock. Pachulski Stang will use its best efforts to avoid any duplication of services provided by any of the Committee's other Chapter 11 professionals in these Chapter 11 Cases.

3. Pachulski Stang shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with section 330 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Pachulski Stang has advised that it intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosure as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Pachulski Stang in these Chapter 11 Cases.

4. Ten business days' notice shall be provided by Pachulski Stang to the Debtors, the United States Trustee and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.

5. The United States Trustee may object to Pachulski Stang's expenses on any grounds.

6. Notwithstanding anything to the contrary in the Application or the Warner Declaration, Pachulski Stang shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees or expenses, without further order of the Court.

7. Pachulski Stang shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Pachulski Stang to provide services to the Debtors and shall

3

ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8. Pachulski Stang will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Pachulski Stang will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. To the extent this Order conflicts with the Application and/or the Warner Declaration, the terms of this Order control.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: March 17, 2021

                                                     Marvin Isgur
                                        United States Bankruptcy Judge

61542/0001-21228817v1