**Exhibit B**

**Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

DECLARATION OF MICHAEL T. DANE IN SUPPORT OF
DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT AGREEMENT BETWEEN DEBTORS AND
SANARE ENERGY PARTNERS LLC AND (II) GRANTING RELATED RELIEF

I, Michael T. Dane, pursuant to 28 U.S.C. § 1746 hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am Senior Vice President and Chief Financial Officer of Fieldwood Energy LLC.

2. After extensive negotiations, Fieldwood Energy LLC, Fieldwood SD Offshore LLC, and Fieldwood Energy Offshore LLC (collectively referred to herein as "**Fieldwood**") and Sanare Energy Partners LLC ("**Sanare**" and together with Fieldwood, the "**Parties**") executed the settlement agreement attached as **Exhibit 1** to the Proposed Order (the "**Settlement Agreement**") to the *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

1

*Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Sanare Energy Partners LLC and (II) Granting Related Relief* (the "**Motion**"). I have knowledge of the facts concerning the underlying dispute with Sanare as well as the negotiations that led to the Settlement Agreement.[2]

    **A.**    **Operating Agreements**

    3.    Fieldwood and Sanare are parties to several agreements concerning the operation of and production from certain fields located in the Gulf of Mexico. In particular, they are parties to that certain Production Handling Agreement dated effective September 1, 2004 (the "**SM 40 PHA**") governing South Marsh Island 40 (OCS-G 13607) ("**SM 40**"); that certain Lease of Platform Space on South Pass 89 (OCS-G 01618) ("**SP 89**") "B" Platform agreement dated effective November 1, 2012 (the "**SP 89 LOPS**"); that certain Offshore Operating Agreement dated March 30, 2009 (the "**SS 252 OA**") governing Ship Shoal 252 (OCS-G 01529) ("**SS 252**"); that certain Operating and Administrative Management Agreement governing certain segments of the High Island Pipeline System ("**HIPS**") dated June 1, 2009 (the "**HIPS OA**"); that certain Operation and Maintenance Agreement effective September 26, 1982 governing the Venice Dehydration Station ("**Venice Dehy**") located in Plaquemines Parish, Louisiana (the "**Venice OA**"); and that certain Conveyance and Operating Agreement governing Grand Chenier Separation Facilities ("**Grand Chenier**") in Cameron Parish, Louisiana (the "**Chenier OA**" and together with the SM 40 PHA, SP 89 LOPS, SS 252 OA, HIPS OA, Venice OA, the "**AR OAS**").

    4.    Pursuant to the AR OAs, Sanare agreed to pay Fieldwood for its proportional share of certain operating expenses and other costs arising under the agreements. Fieldwood and Sanare have outstanding joint interest billings and other charges associated

---

[2] Any capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

with SM 40, SP 89, SS 252, HIPS, Venice Dehy, Grand Chenier and VR 229 (as defined below) through January 31, 2021, all owed to Fieldwood from Sanare, in an amount of approximately $1,598,380.36 (collectively, the "**Fieldwood Joint Interest Billings**"). Fieldwood and Sanare will have future joint interest billings owed to Fieldwood from Sanare which may be associated with any or all of the same properties as the Fieldwood Joint Interest Billings (the "**Future Fieldwood Joint Interest Billings**").

5.  As set forth in **Exhibit B** to the Settlement Agreement, Fieldwood and Sanare have outstanding joint interest billings and other charges from January through December 2020, all owed to Sanare from Fieldwood, in an amount totaling $106,941.98 (the "**Sanare Joint Interest Billings**").

6.  Fieldwood and Sanare are also parties to that certain Joint Operating Agreement dated effective August 15, 2008 (the "**VR 229 JOA**") governing Vermillion 229 (OCS-G 27070) ("**VR 229**"). To date, Fieldwood has been applying Sanare's proportionate share of VR 229 related revenue (the "**VR 229 Revenue**") against Fieldwood's VR 229 accounts receivables owed by Sanare. Fieldwood currently holds $959,338.03 in VR 229 Revenue that it has not applied to Sanare's joint interest billings.

7.  Additionally, Fieldwood is the owner of certain overriding royalty interests ("**ORRIs**") with respect to four offshore leases operated by Sanare. Specifically, Fieldwood owns ORRIs with respect to Mississippi Canyon 21 (OCS-G 15459), Eugene Island Area 246 (OCS 0810), Main Pass 64 (OCS 4909), and Mississippi Canyon 65 (OCS-G 21742), each as described more fully in the Fieldwood's Original Petition in the State Court Lawsuit.

8.  On July 3, 2020 Fieldwood filed the State Court Lawsuit against Sanare, seeking to recover the unpaid joint interest billings, overriding royalty interests, and other charges.

On November 10, 2020, Fieldwood filed a notice of removal [Docket No. 537; Adversary Case No. 20-03460, Docket No. 1] with this Court, removing the State Court Lawsuit to the Bankruptcy Court and commencing the Adversary Proceeding.

**B.      Settlement Agreement**

9.      The Debtors negotiated the terms of a consensual settlement with Sanare. The terms of the Settlement Agreement[3] provide for, among others, the following key terms:

    i.    Pursuant to the terms of the Settlement Agreement, Sanare shall pay to Fieldwood the Settlement Payment of $532,100.35.[4] Sanare shall pay the Settlement Payment as follows:

        1.    February 2021 Production Month: Fieldwood will pay one hundred percent (100%) of the Office of Natural Resources and Revenue ("**ONRR**") royalty burden. After deducting the ONRR royalty burden associated with Sanare's approximately forty-nine (~49%) working interest share under the VR 229 JOA ("**Sanare's VR 229 Working Interest**"), one hundred percent of the remaining February 2021 production month revenue associated with Sanare's VR 229 Working Interest shall be applied to the Settlement Payment; and

        2.    Effective March 1, 2021 and until the Settlement Payment is paid in full: Fieldwood grants Sanare the right to take-in-kind twenty percent (20%) of the gross production volume associated with the VR 229 JOA (defined herein as "**Sanare Settlement Production Share**"). For the sake of clarity, the Sanare Production Share represents approximately forty-one percent (~41%) of Sanare's VR 229 Working Interest. Sanare grants Fieldwood the right and authority to take, and Fieldwood shall take, production volume above and beyond the Sanare Settlement Production Share to satisfy the Settlement Payment, which equates to approximately twenty-nine (~29%) of the gross working interest (the "**Fieldwood Settlement Production Share**"). After deducting the ONRR royalty burden associated with the

---

[3] The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to the Settlement Agreement attached to the Proposed Order as **Exhibit 1**. In the event of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls in all respects.

[4] This amount is subject to further reconciliation between the Parties per the Settlement Agreement.

4

       Fieldwood Settlement Production Share, one hundred percent of the remaining revenue from the Fieldwood Settlement Production Share shall be applied to the Settlement Payment until it is paid in full. Should Sanare not comply with the terms and conditions of the Settlement Agreement, Fieldwood reserves the right, at its sole option, to revoke and terminate Sanare's ability to take-in-kind Sanare's Settlement Production Share and shall have the option and authority to notify any purchasers and/or transporters of the same. Nothing herein modifies or amends Sanare's obligation to pay 100% of all expenses associated with Sanare's VR 229 Working Interest when due under the VR 229 JOA. Additionally, Sanare shall be solely responsible for its share of the ONRR royalty burdening the Sanare Settlement Production Share; and

3. Fieldwood will make commercially reasonable efforts to provide Sanare a full reconciliation of both JIB and revenue accounts by the 25th of each month beginning March 25th and continuing each month until all requirements under the Settlement Agreement have been met; and

4. For the purposes of monthly reconciliation of volumes produced under the VR 229 JOA through February 2021, Fieldwood shall provide Sanare volume statements and product pricing for volumes withheld from July 2020 through February 2021. Until Sanare satisfies its obligation to pay the Settlement Payment, Fieldwood will provide Sanare monthly volume statements and product pricing for VR 229 related volumes withheld pursuant to the Settlement Agreement; and

5. Sanare shall be responsible and shall pay one hundred percent (100%) of all pre- and post-Effective Date ORRIs burdening Sanare's VR 229 Working Interest.

ii. At such time as the Settlement Payment has been satisfied in full and Sanare is not otherwise in default under the VR 229 JOA, where such default arose between the date of the Settlement Agreement and receipt by Fieldwood of the full Settlement Payment, Sanare shall be allowed to take-in-kind its full working interest share of VR 229 production volume as provided for in the VR 229 JOA.

iii. Fieldwood acknowledges that as of the Effective Date of the Settlement Agreement, Sanare does not owe Fieldwood any ORRIs

        associated with the four leases identified in Fieldwood's Original Petition section IV.A. filed in the State Court Lawsuit.

    iv.    At such time that (i) Fieldwood received the Settlement Payment and (ii) no defaults have arisen between the Effective Date of the Settlement Agreement and receipt by Fieldwood of the full Settlement Payment with respect to any Future Fieldwood Joint Interest Billings related to the AR OAs, the VR 229 JOA and/or any ORRIs associated with the four leases referenced in Section 3 of the Settlement Agreement, each Party on behalf of itself and its predecessors, successors, assigns, affiliates, subsidiaries, parent company, owners, investors and their respective officers, directors, employees, representatives, insurers, principals, and owners hereby releases and forever discharges the other Party, its predecessors, successors, assigns, subsidiaries, partners, and their respective affiliates, officers, directors, employees, representatives, insurers, principals, and owners for and from any and all claims, demands, causes of action, costs, expenses, payments, charges, interest and/or liabilities in connection with or arising out of the Fieldwood Joint Interest Billings, the Sanare Joint Interest Billings and the VR 229 Revenue (together, the "**Claims**").

    v.    Notwithstanding the foregoing, the Parties agree that this release is not releasing Sanare from its obligations to pay the ORRIs associated with the four leases identified in Fieldwood's Original Petition section IV.A. filed in the State Court Lawsuit.

10. After fully evaluating all aspects of the Settlement Agreement with the assistance of counsel, including the risks, expenses, and uncertainty of litigating the Adversary Proceeding, the Debtors determined that entry into the Settlement Agreement is fair, reasonable, and in the best interest of the Debtors' estates. Pursuant to the Settlement Agreement, the Debtors are receiving payment in full of all joint interest billings and other charges owed by Sanare to Fieldwood of approximately $532,100.35, after offsetting amounts owed by Fieldwood and VR 229 Revenue amounts already withheld by Fieldwood. The Debtors are also resolving all claims and controversies between the Parties in the State Court Lawsuit and Adversary Proceeding. Accordingly, I believe that the Settlement Agreement is fair and reasonable and entry into the Settlement Agreement represents a sound exercise of business judgment.

Dated: March 17, 2021
       Houston, Texas

                                         */s/ Michael T. Dane*
                                         Michael T. Dane
                                         Senior Vice President and Chief Financial Officer
                                         Fieldwood Energy LLC