**Exhibit B**

**Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DECLARATION OF MICHAEL T. DANE IN SUPPORT OF
DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT AGREEMENT BETWEEN DEBTORS AND
RENAISSANCE OFFSHORE LLC AND (II) GRANTING RELATED RELIEF**

I, Michael T. Dane, pursuant to 28 U.S.C. § 1746 hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am Senior Vice President and Chief Financial Officer of Fieldwood Energy LLC ("**Fieldwood**").

2. After extensive negotiations, Fieldwood and Renaissance Offshore LLC ("**ROS**" and together with Fieldwood, the "**Parties**") executed the settlement agreement attached as **Exhibit 1** to the Proposed Order (the "**Settlement Agreement**") to the *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

*Renaissance Offshore LLC and (II) Granting Related Relief* (the "**Motion**"). I have knowledge of the facts concerning the underlying dispute with ROS as well as the negotiations that led to the Settlement Agreement.[2]

### A. Joint Operating Agreements and Overriding Royalty Interest

3. Fieldwood and ROS are parties to several agreements concerning the operation of and production from certain fields located in the Gulf of Mexico. In particular, they are parties to that certain Offshore Operating Agreement dated effective October 1, 1997 (the "**SP JOA**") governing South Pass 64 (OCS-G 01901) ("**SP 64**"), South Pass 65 (OCS-G 01610) ("**SP 65**"), MP 152 (OCS-G 01966) ("**MP 152**"), and MP 153 (OCS-G 01967) ("**MP 153**") and that certain Unit Operating Agreement dated effective April, 1, 1977 (the "**EI 330 JOA**" and together with the SP JOA and EI 330 JOAs, the "**JOAs**") governing the JD RA Sand Unit located in portions of Eugene Island 330 (OCS-G 2115) ("**EI 330**").

4. Pursuant to the JOAs, Fieldwood is operator and ROS is a non-operator working interest owner. As the operator, Fieldwood incurs operating costs that are then billed to the working interest owners, such as ROS. ROS is obligated to pay its proportional share of operating and drilling expenses relating to all wells in which it holds an ownership interest as a non-operator. However, ROS has failed to pay on its joint interest billing invoices since January 2020. Fieldwood and ROS have outstanding joint interest billings and other charges associated with SP 64, SP 65, MP 152, MP 153, and EI 330 from January 2020 to January 31, 2021, all owed to Fieldwood from ROS, in an amount totaling $4,213,325.58 (collectively, the "**Fieldwood Joint Interest Billings**").

---

[2] Any capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

5. Fieldwood is the owner of an overriding royalty interest ("**ORRI**") in the proceeds produced from portions of lease West Delta 133 (OCS-G 1106) ("**WD 133**"), granted under that certain Assignment of Operating Rights Interest effective June 23, 2004 (the "**WD 133 Assignment**") that Fieldwood and ROS are now parties to as successors and/or assignees of the signatories. Under the terms of the WD 133 Assignment, ROS is obligated to pay Fieldwood on account of its ORRI. ROS has suspended $345,196.00 of Fieldwood's share of the ORRI payments for the production months of December 2019 through April 2020 (the "**Suspended Royalty**").

6. On July 6, 2020 Fieldwood filed the State Court Lawsuit against ROS, seeking to recover the unpaid joint interest billings and overriding royalty interest. On November 10, 2020, Fieldwood filed a notice of removal (Docket No. 538; Adversary Case No. 20-03461, Docket No. 1) with this Court, removing the State Court Lawsuit to the Bankruptcy Court and commencing the Adversary Proceeding.

7. Fieldwood, its subsidiary GOM Shelf, and ROS are also parties to that certain Offshore Operating Agreement dated effective April 4, 2006 governing Ship Shoal 198 (OCS-G 12355) ("**SS 198**"). Fieldwood and ROS have outstanding joint interest billings and other charges associated with SS 198 from February 2020 to January 31, 2021, owed to ROS from Fieldwood, in an amount of $281,039.27 (the "**ROS Joint Interest Billings**"). In addition, Fieldwood has withheld estimated unapplied ROS revenue for the month of January 2021 in the amount of $253,070 (the "**Unapplied Revenue**").

**B.     Settlement Agreement**

8.     The Debtors negotiated the terms of a consensual settlement with ROS. The terms of the Settlement Agreement[3] provide for, among others, the following key terms:

i.   Pursuant to the terms of the Settlement Agreement, ROS shall pay to Fieldwood $4,024,412.31, representing the Fieldwood Joint Interest Billings plus the Suspended Royalty less the ROS Joint Interest Billings and less the Unapplied Revenue (the "**Settlement Amount**"). To pay off this amount, ROS will make five equal monthly installments of $167,667.00 each due on the fifteenth of each month beginning on or before March 15, 2021 and ending on the earlier of July 15, 2021 or the date on which the full Settlement Amount is paid (to the extent such amount is paid in full prior to July 15, 2021). Furthermore, Fieldwood and ROS hereby agree that Fieldwood will take any and all ROS revenues and/or proceeds from SP 64, SP 65, MP 152, MP 153 and EI 330 (the "**Fields**") and apply them first against any and all of the expenses thereto and then against the Settlement Amount until the earlier of July 31, 2021 or when the Settlement Amount is extinguished. Additionally, the Settlement Amount will be reduced each month by future ROS joint interest billings to Fieldwood under the SS 198 Offshore Operating Agreement beginning with the January 2021 joint interest billing and until such time the Settlement Amount is extinguished. Should these amounts not extinguish the Settlement Amount liability by August 15, 2021, ROS will make a final payment to Fieldwood on that date to extinguish any remaining balance under the Settlement Amount. On the 25th of each month, Fieldwood will notify ROS of the prior month's production totals, net revenues and net expenses from the Fields and accordingly Fieldwood will notify ROS of any necessary adjustments to be made to the final monthly Installment Payment(s) herein in advance of said final monthly Installment Payment's due date.

ii.   Each Party shall bear its own fees and expenses with respect to this dispute, and Fieldwood hereby agrees not to charge interest on the Settlement Amount and shall not charge ROS for Fieldwood's attorney's fees incurred as part of this dispute.

iii.  In exchange for, and upon full and final payment of, the Settlement Amount, each Party, on behalf of itself and its predecessors, successors,

---

[3] The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to the Settlement Agreement attached to the Proposed Order as **Exhibit 1**. In the event of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls in all respects.

4

    assigns, affiliates, subsidiaries, parent company, owners, investors and their respective officers, directors, employees, representatives, insurers, principals, and owners hereby releases and forever discharges the other Party, its predecessors, successors, assigns, subsidiaries, partners, and their respective affiliates, officers, directors, employees, representatives, insurers, principals, and owners for and from any and all claims, demands, causes of action, costs, expenses, payments, charges, interest, and/or liabilities in connection with or arising out of the Fieldwood Joint Interest Billings, the ROS Joint Interest Billings and the Suspended Royalty (together, the "**Claims**").

  iv. The Parties further agree that the Settlement Amount includes all Fieldwood Joint Interest Billings, ROS Joint Interest Billings and Suspended Royalty but the Parties shall retain all audit rights for each. Furthermore, the Parties do not waive any rights or remedies they may have under the JOAs or the ORRI, including but not limited to any and all security rights.

  v. Fieldwood agrees to use its reasonable efforts to either (i) seek confirmation of a chapter 11 plan that discharges or otherwise treats all claims against Fieldwood that are secured by liens against properties owned by ROS and Fieldwood (the "**ROS Lien Claims**") or (ii) otherwise satisfy the ROS Lien Claims pursuant to and in accordance with the terms of the trade vendor order (Docket No. 342).

  vi. The Claims released in (iii) do not include any imbalance amounts which may be due from Fieldwood as an overproduced party, and Fieldwood does not make any representations and/or warranties with respect thereto and does not waive any rights either Party may have pursuant to the agreement(s) creating such imbalance(s). Notwithstanding the above, Fieldwood will undertake its best efforts to accelerate the makeup of underproduced volumes to ROS.

  vii. ROS hereby voids any default notices sent to Fieldwood and/or its subsidiaries arising out of or related to SS 198 and, upon Fieldwood's receipt of the full Settlement Amount, Fieldwood hereby agrees to void the Default Letters.

  viii. The Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and to their respective predecessors, parents, owners, affiliates, subsidiaries, principals, successors, and assigns.

  9. I believe that the Settlement Agreement represents a fair and reasonable compromise that is in the best interests of the Debtors' estates and its creditors and entry into the

5

Settlement Agreement represents a sound exercise of business judgment.  *First*, the Settlement Agreement resolves significant commercial disputes between the Parties by providing that ROS will pay Fieldwood approximately $4 million, representing the full amount owed by ROS to Fieldwood (less certain amounts owed by Fieldwood to ROS).  *Second*, the Settlement Agreement avoids the cost, risks and uncertainty of litigation by fully settling all claims and controversies between the Parties in the State Court Lawsuit and Adversary Proceeding.

Dated: March 17, 2021
       Houston, Texas

*/s/ Michael T. Dane*
Michael T. Dane
Senior Vice President and Chief Financial Officer
Fieldwood Energy LLC