# EXHIBIT B



# Executed Bond Report

## Aspen American Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** SU46474 |
|---|---|---|

**Date:** 4/5/2018

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:**
Noble Energy, Inc.
Filed with: Noble Energy, Inc.
1001 Noble Energy Way
Houston,  TX  77070-

**Power of Attorney No.**

| **Effective Date:**<br>From     4/5/2018  To       4/5/2019 | **Bond Amount:**<br>$10,000,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$125,000.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$37,500.00 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**
Private Performance Bond

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond

**Comments:**
Approved as per Lucas Lomax

Alliant Insurance Services, Inc. ☐ 5444 Westheimer ☐ Suite 900 ☐ Houston, TX 77056
PHONE (832) 485-4000 ☐ FAX (832) 485-4001 ☐ www.alliantinsurance.com

Exhibit B_00001

## EXHIBIT H-2

## FORM OF NOBLE PERFORMANCE BOND

## PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

THAT we, Fieldwood Energy LLC, with its principal office at 2000 W. Sam Houston Pkwy South, Suite 1200, Houston, Texas 77042, (the "*Principal*") and Aspen American Insurance Company, with its principal office at 175 Capital Boulevard, Suite 300, Rocky Hill, CT 06067, (the "*Surety*"), are held and firmly bound unto Noble Energy, Inc., with its principal office at 1001 Noble Energy Way, Houston, Texas 77070, (the "*Obligee*"), in the penal sum of Ten Million and No/100 Dollars (**$10,000,000**) lawful money of the United States of America (the "*Penal Sum*") for the payment of which sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents. All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Purchase Agreement (as defined below).

WHEREAS, Principal and Obligee have entered into that certain Purchase and Sale Agreement dated February 14, 2018, (the "*Purchase Agreement*"), which Purchase Agreement is by reference made a part hereof and which provides for the sale and assignment from the Obligee to the Principal of the interests of Obligee in the oil and gas leases, contracts, properties, wells, platforms, facilities, rights of way, equipment, pipelines and personal property defined therein as the "Assets," including those identified on Exhibit A of the Purchase Agreement and identified on Exhibit A to this Performance Bond (the "*Bond*"), together with, among other rights and obligations, all P&A Obligations (as defined in the Purchase Agreement) associated therewith; and

WHEREAS, the Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof; and

WHEREAS, the Principal has promised to deliver to the Obligee, contemporaneous with the closing of the Purchase Agreement, a performance bond in the form hereof executed by Principal and Surety; and

WHEREAS, the Surety represents that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked; and

WHEREAS, the Surety represents that it has duly executed a power of attorney, appointing the hereinafter named representative as its duly authorized deputy, as the true and lawful attorney-in-fact of such Surety, upon whom may be served all lawful process in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder; and does hereby agree and consent that such service, when so made, shall be valid service upon it, and that such appointment shall continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder.

NOW, THEREFORE, the Principal and the Surety agree as follows:

The Surety hereby guarantees the full and faithful performance by Principal of, and compliance by the Principal with the applicable provisions of the Purchase Agreement requiring the Principal to timely and fully perform and satisfy, the P&A Obligations associated with the Assets identified on Exhibit A to this Bond.

PROVIDED, HOWEVER, the Surety is hereby authorized and directed to reduce the Penal Sum at any time upon presentation of a bond reduction rider acknowledged by Obligee, in substantially the same form attached hereto as Exhibit B; provided, however, in the event, and only in the event, the Obligee fails to execute and acknowledge a bond reduction rider as set forth in this Bond then the Surety is hereby authorized and directed to reduce the Penal Sum upon the occurrence of one of the following: (a) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the Principal filed with BSEE (or any successor regulatory authorities) a Regulatory Verification (as such term is defined herein below) for the applicable Asset(s) indicating that all P&A Obligations with respect to such Asset(s) had been completed, (b) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the BSEE and/or BOEM (or any successor regulatory authorities) public databases indicated that all P&A Obligations for the applicable Asset(s) were completed.

Regulatory Verification as used in this Bond shall mean a copy of (i) an end of operations notice for Wells, (ii) a completion report for pipelines, flowlines, and gathering lines included in the Assets, or (iii) a site clearance report for Facilities and other structures included in the Assets, in each case indicating all Plugging and Abandonment related to such Asset(s) has been completed.

Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof.

PROVIDED, FURTHER THAT, including to the extent the Principal may be liable for any expenses, fees, penalties, damages (either direct, indirect or consequential) related to the P&A Obligations described above, or to the extent the Obligee may incur any attorney's fees or court costs or other expenses of litigation in the event of a contest over the Surety's denial of the obligation (or any part thereof), the maximum obligation of the Surety under this Bond shall be the Penal Sum reduced, as applicable, as provided for herein.

It is further agreed that, without limiting or reducing the obligations of the Surety under this Bond, the Surety shall not be liable for any provisions of the Purchase Agreement or specifications therein respecting the procurement of, or coverages provided by, any insurance, nor shall the Surety be liable under any hold harmless and/or indemnification agreements entered into by the Principal in relation to personal injury and/or property damage or any other loss sustained by third parties in any way connected to or arising out of work and/or operations of any party in prosecuting the work to be performed under the Agreement.

FURTHERMORE, it is agreed that the Surety shall, but without limiting or reducing the obligations of Surety under this Bond, have no obligation to the Principal, or any other person or

Exhibit B_00003

**BOND NO. SU46474**

entity for any loss suffered by the Principal, or any other person or entity by reason of acts or omissions which are covered by the Principal's general liability insurance, products liability insurance, completed operations insurance or any other insurance.

Upon any failure by the Principal to carry out any or all of the P&A Obligations associated with the Assets identified on Exhibit A to this Bond and the Obligee has presented to the Surety a written notice that the Principal is in default of such P&A Obligations (in each case, the "***Defaulted P&A Obligations***"), and such condition has persisted for thirty (30) days after written notice of such default has been given by certified mail to the Principal and to the Surety at their last known addresses, the Obligee shall then proceed to solicit at least two (2) written bids from generally recognized third party contractors with experience performing plugging, abandonment and decommissioning in the United States Gulf of Mexico for the performance of the Defaulted P&A Obligations and submit such third party bids to the Surety, following receipt of which the Surety shall, within thirty (30) days, either: (1) pay to the Obligee an amount equal to the lesser of such written third party bids, but not exceeding the Penal Sum (reduced, as applicable, as provided for herein), and the obligations associated with this Bond shall then be considered null and void to the extent paid; or (2) commence, or cause to be commenced, the necessary operations to perform the Defaulted P&A Obligations.

If the Surety shall decide, upon default by the Principal, to pay to the Obligee an amount equal to the lesser of the third party bids for the performance of the Defaulted P&A Obligations in accordance with the immediately preceding paragraph hereof, on or before the one hundred twentieth (120th) day following the completion of such Defaulted P&A Obligations, the Obligee shall deliver to Surety a statement (the "***Final Cost Statement***") of the actual and verifiable costs and expenses actually incurred by Obligee to perform the Defaulted P&A Obligations, along with reasonable documentation in support thereof (including any third party invoices associated with the performance such Defaulted P&A Obligations).  If such costs and expenses, in the aggregate (the "***Aggregate Cost Amount***"), exceed the amount of the initial payment made hereunder by the Surety to the Obligee (the "***Surety Payment Amount***"), the Surety shall pay to Obligee, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Aggregate Cost Amount and the Surety Payment Amount.  If the Surety Payment Amount exceeds the Aggregate Cost Amount, Obligee shall pay to the Surety, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Surety Payment Amount and Aggregate Cost Amount.

If the Surety shall decide, upon default by the Principal, to commence, or cause to be commenced, the Defaulted P&A Obligations, the Surety shall continue to perform, or cause the performance of, such obligations until such time as the Defaulted P&A Obligations have been truly and faithfully performed and discharged, thereby reducing the Penal Sum by an amount equal to the actual and verifiable costs and expenses incurred by the Surety to perform, or cause the performance of, the Defaulted P&A Obligations.

In the event the Surety decides, upon default of the Principal, to perform, or cause the performance of any Defaulted P&A Obligations of Principal, then **SURETY SHALL FULLY DEFEND, PROTECT, INDEMNIFY, HOLD HARMLESS, AND RENDER WHOLE OBLIGEE, ITS AFFILIATES, AND EACH OF SUCH PERSON'S RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, EMPLOYEES, OFFICERS, LENDERS,**

**BOND NO. SU46474**

ADVISORS, REPRESENTATIVES, ACCOUNTANTS, ATTORNEYS, CONSULTANTS AND AGENTS (THE, **"INDEMNIFIED PARTIES"**) FROM AND AGAINST EACH AND EVERY CLAIM, DEMAND OR CAUSE OF ACTION, AND ANY LIABILITY, COST, EXPENSE (INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES), OR CLAIMS WITH RESPECT TO DAMAGE OR LOSS IN CONNECTION THEREWITH, WHICH MAY BE MADE OR ASSERTED BY SURETY, ITS AGENTS, SUCCESSORS OR ASSIGNS, OR BY ANY THIRD PARTY OR PARTIES (INCLUDING, BUT NOT LIMITED TO, GOVERNMENTAL AGENCIES) ON ACCOUNT OF PERSONAL INJURY, DEATH, PROPERTY DAMAGE AND/OR ENVIRONMENTAL DAMAGE ARISING FROM OR IN CONNECTION WITH THE PERFORMANCE OF SUCH DEFAULTED P&A OBLIGATIONS, AND ANY CLAIMS AND/OR DEMANDS ASSOCIATED THEREWITH, CAUSED BY, ARISING OUT OF, OR INCIDENTAL TO THE PAST, PRESENT OR FUTURE CONDITION OR STATE OF REPAIR OF SAID ASSETS, OR THE OWNERSHIP AND USE THEREOF, UNDER THIS BOND, HOWSOEVER OCCURRING, INCLUDING, WITHOUT LIMITATION, WHETHER SUCH CLAIMS, DEMANDS, DAMAGES, LOSSES AND LIABILITIES, WITH OR WITHOUT FAULT, WERE CAUSED BY THE SURETY'S OR THE SURETY'S CONTRACTORS' OR SUBCONTRACTORS' SOLE NEGLIGENCE OR CONTRIBUTORY NEGLIGENCE, AND/OR OBLIGEE CONTRIBUTORY NEGLIGENCE (EXCEPT TO THE EXTENT OF THE GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT OF OBLIGEE), OR IMPOSED ON SAID PARTIES OR OTHERS UNDER ANY THEORY OF STRICT LIABILITY BY OPERATION OF LAW, OR ANY COMBINATION THEREOF, OR ANY OTHER THEORY OF LAW PRIOR TO, AT THE TIME OF, OR SUBSEQUENT TO THE EFFECTIVE DATE HEREOF. SUCH INDEMNIFICATION BY SURETY SHALL NOT BE LIMITED TO THE ORIGINAL OR ANY AMENDED PENAL SUM OF THIS BOND.

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which a default by the Principal, as detailed herein, falls due or is discovered by the Obligee, whichever is later, and, subject to the two (2) year limitation, the Surety consents to be sued in any court in the State of Texas, hereby irrevocably submitting itself to the jurisdiction of said court. The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

No amendment of or supplement to the terms or provisions of the Purchase Agreement or of the exhibits attached thereto shall release the Principal or the Surety or any of them from their liabilities under this Bond, notice to the Surety of any such amendment or supplement being hereby waived, except to the extent that is herein provided.

No assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, and no delay, neglect or failure of the Obligee to proceed promptly to enforce the Purchase Agreement or to proceed promptly in the premises in case of any default on the part of the Principal shall in any degree relieve the Principal and the Surety or any of them of their obligations under this Bond.

HOWEVER, if upon assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, the Principal shall have the right, but not the obligation, to

Exhibit B_00005

cause its assignee to post security, in substantially the same form of a bond hereof or other acceptable security in the Obligee's reasonable discretion, including the requirement that the replacement security is issued by a financial institution that is listed in the U.S. Treasury Department's Listing of Approved Sureties (Department Circular 570) with a single bond underwriting limitation of not less than $25,000,000 and an AM Best Rating of at least "A-", in the amount necessary to replace this Bond. If so posted, the Obligee will not unreasonably withhold acceptance of such security in lieu of this Bond and issue an unconditional release of this Bond within thirty (30) days of its acceptance of such other security.

No right of action shall accrue on this Bond to or for the use of any person or corporation other than the Principal, the Obligee, their heirs, executors, administrators or successors.

NOW, THEREFORE, if the said Principal shall faithfully observe and honestly comply with the provisions contained herein and in the Purchase Agreement relating to the P&A Obligations with respect to the Assets, then this obligation shall become null and void and of no effect.

The Principal shall pay all premiums required to maintain this Bond in full force and effect until such time as the requirements for such Bond terminates in accordance with the provisions hereof Surety stipulates and agrees that, regardless of the payment or nonpayment by Principal of any premiums owing with respect to this Bond, Surety's obligations under this Bond are continuing obligations and shall not be affected or discharged by any failure by Principal to pay any such premiums.

Written notices sent hereunder shall be sent by certified mail or trackable courier service to the following addresses (unless changed by a notice of change of address):

Noble Energy, Inc.
1001 Noble Energy Way
Houston, Texas 77070
Attention: VP of Business Development

Fieldwood Energy LLC
2000 W. Sam Houston Parkway
Suite 1200
Houston, Texas 77042
Attention: John H. Smith, Vice President

Aspen American Insurance Company
840 W. Sam Houston Parkway North
Suite 420
Houston, TX 77024
Attention: Lucas Lomas

*[signature pages follow]*

**BOND NO. SU46474**

     **IN WITNESS WHEREOF**, the above bound parties have executed this instrument to be effective on <u>April 5, 2018</u>, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

**WITNESSES:**

_____

_____
      **PRINT NAME**

**PRINCIPAL:**

FIELDWOOD ENERGY LLC

By:_____
Name: _____
Title: _____

_____

_____
      **PRINT NAME**

**WITNESSES:**

_____

_____
      **PRINT NAME**

**OBLIGEE:**

NOBLE ENERGY, INC.

By:_____
Name: _____
Title: _____

_____

_____
      **PRINT NAME**

**WITNESSES:**

_____

<u>Laura L. Kneitz</u>
      **PRINT NAME**

**PRINCIPAL:**

ASPEN AMERICAN INSURANCE COMPANY

By:_____
Name: <u>Teresa D. Kelly</u>
Title: <u>Attorney-in-Fact</u>

_____

<u>Melissa Haddick</u>
      **PRINT NAME**

-6-



# Executed Bond Report

## Aspen American Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** SU46455 |
|---|---|---|

**Date:** 6/29/2017

**Principal:**       Fieldwood Energy LLC

**Obligee Name and Address:**      United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From       6/29/2017  To       6/29/2018 | **Bond Amount:**<br>$9,197,079.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$80,474.00 |
|---|---|---|---|
| **Rate:**<br>1.25% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G 02115 Eugene Island Area Block 330 (All of Block 330m, Eugene Island Area, South Addition, OCS Leasing Map, Louisiana Map No. LA4A)

**Renewal Type:**                                    **Cancellation Provision:**

Continuous Until Cancelled/Released            Obligee Written Release to be obtained by Principal

**Additional Attachments:**

copy of bond

**Comments:**

Approved as per Lucas Lomax's 6/27/2017 email.

Thursday, June 29, 2017

**U.S. Department of the Interior**  
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006  
Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

Exhibit B_00009

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. SU46455                                    OCS Lease/RUE/ROW No. OCS-G02115

Bond Type Supplemental                              Amount $9,197,079.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Aspen American Insurance Company

Mailing Address: 175 Capital Blvd, Suite 300

Rocky Hill, CT 06067

If a Corporation, Incorporated in the State of: Texas        ; County or Parish of: Hartford

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of Block 330, Eugene Island Area, South Addition, OCS Leasing Map, Louisiana Map No. LA4A

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

(a) Any person assigns all or part of any interest in an Instrument covered by this document.

(b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

(c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

(d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

(e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Aspen American Insurance Company
_Name of Surety_

Fieldwood Energy LLC
_Name of Principal_

_Signature of Person Executing for Surety_

_Signature of Person Executing for Principal_

Teresa D. Kelly Attorney-in-Fact
_Name and Title (typed or printed)_

John H. Smith, Senior Vice President-Land & Business Development
_Name and Title (typed or printed)_

5444 Westheimer, Suite 900
_Business Address_

2000 W Sam Houston Pkwy S, Suite 1200
_Business Address_

Houston, TX 77056
_Business Address_

Houston, TX  77042
_Business Address_

Signed on this 29th day of June , 20 17 , in the State of Texas , in the presence of:

---

_Signature of Witness_

_Signature of Witness_

Laura L. Kneitz
_Name (typed or printed)_

_Name (typed or printed)_

5444 Westheimer, Suite 900
_Address_

2000 W Sam Houston Pkwy S, Suite 1200
_Address_

Houston, TX 77056
_Address_

Houston, TX  77042
_Address_

_Note:_ The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**
Previous Editions are Obsolete.

**Page 3 of 3**

Exhibit B_000011

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

## FORM OF MARATHON PERFORMANCE BOND

**PERFORMANCE BOND**          **Number 7000000301**

KNOW ALL MEN BY THESE PRESENTS:

THAT we, Fieldwood Energy LLC, with its principal office at 2000 W. Sam Houston Pkwy South, Suite 1200, Houston, Texas 77042, (the *"Principal"*) and Sirius America Insurance Company with an office at 180 Glastonbury Blvd, Suite 403, Glastonbury, CT 06033 (the *"Surety")*, are held and firmly bound unto Marathon Oil company with its principal office at 5555 San Felipe, Houston, Texas 77056, (the *"Obligee")*, in the penal sum of Fifteen Million and No/100 Dollars **($15,000,000)** lawful money of the United States of America (the *"Penal Sum")* for the payment of which sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents. All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Purchase Agreement (as defined below).

WHEREAS, Principal and Obligee have entered into that certain Purchase and Sale Agreement dated June 20, 2018, (the *"Purchase Agreement")*, which Purchase Agreement is by reference made a part hereof and which provides for the sale and assignment from the Obligee to the Principal of the interests of Obligee in the oil and gas leases, contracts, properties, wells, platforms, facilities, rights of way, equipment, pipelines and personal property defined therein as the "Assets," including those identified on Exhibit A of the Purchase Agreement and identified on Exhibit A to this Performance Bond (the *"Bond")*, together with, among other rights and obligations, all P&A Obligations (as defined in the Purchase Agreement) associated therewith; and

WHEREAS, the Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof; and

WHEREAS, the Principal has promised to deliver to the Obligee, contemporaneous with the closing of the Purchase Agreement, a performance bond in the form hereof executed by Principal and Surety; and

WHEREAS, the Surety represents that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked; and

WHEREAS, the Surety represents that it has duly executed a power of attorney, appointing the hereinafter named representative as its duly authorized deputy, as the true and lawful attorney-in-fact of such Surety, upon whom may be served all lawful process in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder; and does hereby agree and consent that such service, when so made, shall be valid service upon it, and that such appointment shall continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

NOW, THEREFORE, the Principal and the Surety agree as follows:

The Surety hereby guarantees the full and faithful performance by Principal of, and compliance by the Principal with the applicable provisions of the Purchase Agreement requiring the Principal to timely and fully perform and satisfy, the P&A Obligations associated with the Assets identified on Exhibit A to this Bond.

PROVIDED, HOWEVER, the Surety is hereby authorized and directed to reduce the Penal Sum at any time upon presentation of a bond reduction rider acknowledged by Obligee, in substantially the same form attached hereto as Exhibit B; provided, however, in the event, and only in the event, the Obligee fails to execute and acknowledge a bond reduction rider as set forth in this Bond then the Surety is hereby authorized and directed to reduce the Penal Sum upon the occurrence of one of the following: (a) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the Principal filed with BSEE (or any successor regulatory authorities) a Regulatory Verification (as such term is defined herein below) for the applicable Asset(s) indicating that all P&A Obligations with respect to such Asset(s) had been completed, (b) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the BSEE and/or BOEM (or any successor regulatory authorities) public databases indicated that all P&A Obligations for the applicable Asset(s) were completed.

Regulatory Verification as used in this Bond shall mean a copy of (i) an end of operations notice for Wells, (ii) a completion report for pipelines, flowlines, and gathering lines included in the Assets, or (iii) a site clearance report for Facilities and other structures included in the Assets, in each case indicating all Plugging and Abandonment related to such Asset(s) has been completed.

Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof.

PROVIDED, FURTHER THAT, including to the extent the Principal may be liable for any expenses, fees, penalties, damages (either direct, indirect or consequential) related to the P&A Obligations described above, or to the extent the Obligee may incur any attorney's fees or court costs or other expenses of litigation in the event of a contest over the Surety's denial of the obligation (or any part thereof), the maximum obligation of the Surety under this Bond shall be the Penal Sum reduced, as applicable, as provided forherein.

It is further agreed that, without limiting or reducing the obligations of the Surety under this Bond, the Surety shall not be liable for any provisions of the Purchase Agreement or specifications therein respecting the procurement of, or coverages provided by, any insurance, nor shall the Surety be liable under any hold harmless and/or indemnification agreements entered into by the Principal in relation to personal injury and/or property damage or any other loss sustained by third parties in any way connected to or arising out of work and/or operations of any party in prosecuting the work to be performed under the Agreement. FURTHERMORE, it is agreed that the Surety shall, but without limiting or reducing the obligations of Surety under this Bond, have no obligation to the Principal, or any other person or entity for any loss suffered by the Principal, or any other person or entity by reason of acts or omissions which are covered by the Principal's general liability insurance, products liability insurance, completed operations insurance or any other insurance.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

Upon any failure by the Principal to carry out any or all of the P&A Obligations associated with the Assets identified on Exhibit A to this Bond and the Obligee has presented to the Surety a written notice that the Principal is in default of such P&A Obligations (in each case, the *"Defaulted P&A Obligations"),* and such condition has persisted for thirty (30) days after written notice of such default has been given by certified mail to the Principal and to the Surety at their last known addresses, the Obligee shall then proceed to solicit at least two (2) written bids from generally recognized third party contractors with experience performing plugging, abandonment and decommissioning in the United States Gulf of Mexico for the performance of the Defaulted P&A Obligations and submit such third party bids to the Surety, following receipt of which the Surety shall, within thirty (30) days, either: (1) pay to the Obligee an amount equal to the lesser of such written third party bids, but not exceeding the Penal Sum (reduced, as applicable, as provided for herein), and the obligations associated with this Bond shall then be considered null and void to the extent paid; or (2) commence, or cause to be commenced, the necessary operations to perform the Defaulted P&A Obligations.

If the Surety shall decide, upon default by the Principal, to pay to the Obligee an amount equal to the lesser of the third party bids for the performance of the Defaulted P&A Obligations in accordance with the immediately preceding paragraph hereof, on or before the one hundred twentieth (120th) day following the completion of such Defaulted P&A Obligations, the Obligee shall deliver to Surety a statement (the *"Final Cost Statement")* of the actual and verifiable costs and expenses actually incurred by Obligee to perform the Defaulted P&A Obligations, along with reasonable documentation in support thereof (including any third party invoices associated with the performance such Defaulted P&A Obligations). If such costs and expenses, in the aggregate (the *"Aggregate Cost Amount"),* exceed the amount of the initial payment made hereunder by the Surety to the Obligee (the *"Surety Payment Amount"),* the Surety shall pay to Obligee, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Aggregate Cost Amount and the Surety Payment Amount. If the Surety Payment Amount exceeds the Aggregate Cost Amount, Obligee shall pay to the Surety, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Surety Payment Amount and Aggregate Cost Amount.

If the Surety shall decide, upon default by the Principal, to commence, or cause to be commenced, the Defaulted P&A Obligations, the Surety shall continue to perform, or cause the performance of, such obligations until such time as the Defaulted P&A Obligations have been truly and faithfully performed and discharged, thereby reducing the Penal Sum by an amount equal to the actual and verifiable costs and expenses incurred by the Surety to perform, or cause the performance of, the Defaulted P&A Obligations.

In the event the Surety decides, upon default of the Principal, to perform, or cause the performance of any Defaulted P&A Obligations of Principal, then **SURETY SHALL FULLY DEFEND, PROTECT, INDEMNIFY, HOLD HARMLESS, AND RENDER WHOLE OBLIGEE, ITS AFFILIATES, AND EACH OF SUCH PERSON'S RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, EMPLOYEES, OFFICERS, LENDERS ADVISORS, REPRESENTATIVES, ACCOUNTANTS, ATTORNEYS, CONSULTANTS AND AGENTS (THE, "INDEMNIFIED PARTIES") FROM AND AGAINST EACH AND EVERY CLAIM, DEMAND OR CAUSE OF ACTION, AND ANY LIABILITY, COST, EXPENSE (INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES), OR CLAIMS WITH RESPECT TO DAMAGE OR LOSS IN CONNECTION THEREWITH, WHICH MAY BE**

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

MADE OR ASSERTED BY SURETY, ITS AGENTS, SUCCESSORS OR ASSIGNS, OR BY ANY THIRD PARTY OR PARTIES (INCLUDING, BUT NOT LIMITED TO, GOVERNMENTAL AGENCIES) ON ACCOUNT OF PERSONAL INJURY, DEATH, PROPERTY DAMAGE AND/OR ENVIRONMENTAL DAMAGE ARISING FROM OR IN CONNECTION WITH THE PERFORMANCE OF SUCH DEFAULTED P&A OBLIGATIONS, AND ANY CLAIMS AND/OR DEMANDS ASSOCIATED THEREWITH, CAUSED BY, ARISING OUT OF, OR INCIDENTAL TO THE PAST, PRESENT OR FUTURE CONDITION OR STATE OF REPAIR OF SAID ASSETS, OR THE OWNERSHIP AND USE THEREOF, UNDER THIS BOND, HOWSOEVER OCCURRING, INCLUDING, WITHOUT LIMITATION, WHETHER SUCH CLAIMS, DEMANDS, DAMAGES, LOSSES AND LIABILITIES, WITH OR WITHOUT FAULT, WERE CAUSED BY THE SURETY'S OR THE SURETY'S CONTRACTORS' OR SUBCONTRACTORS' SOLE NEGLIGENCE ORCONTRIBUTORY NEGLIGENCE, AND/OR OBLIGEE CONTRIBUTORY NEGLIGENCE (EXCEPT TO THE EXTENT OF THE GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT OF OBLIGEE), OR IMPOSED ON SAID PARTIES OR OTHERS UNDER ANY THEORY OF STRICT LIABILITY BY OPERATION OF LAW, OR ANY COMBINATION THEREOF, OR ANY OTHER THEORY OF LAW PRIOR TO, AT THE TIME OF, OR SUBSEQUENT TO THE EFFECTIVE DATE HEREOF. SUCH INDEMNIFICATION BY SURETY SHALL NOT BE LIMITED TO THE ORIGINAL OR ANY AMENDED PENAL SUM OF THIS BOND.

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which a default by the Principal, as detailed herein, falls due or is discovered by the Obligee, whichever is later, and, subject to the two (2) year limitation, the Surety consents to be sued in any court in the State of Texas, hereby irrevocably submitting itself to the jurisdiction of said court. The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

No amendment of or supplement to the terms or provisions of the Purchase Agreement or of the exhibits attached thereto shall release the Principal or the Surety or any of them from their liabilities under this Bond, notice to the Surety of any such amendment or supplement being hereby waived, except to the extent that is herein provided.

No assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, and no delay, neglect or failure of the Obligee to proceed promptly to enforce the Purchase Agreement or to proceed promptly in the premises in case of any default on the part of the Principal shall in any degree relieve the Principal and the Surety or any of them of their obligations under this Bond.

HOWEVER, if upon assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, the Principal shall have the right, but not the obligation, to cause its assignee to post security, in substantially the same form of a bond hereof or other acceptable security in the Obligee's reasonable discretion, including the requirement that the replacement security is issued by a financial institution that is listed in the U.S. Treasury Department's Listing of Approved Sureties (Department Circular 570) with a single bond underwriting limitation of not less than $25,000,000 and an AM Best Rating of at least "A-", in the amount necessary to replace this Bond. If so posted, the Obligee will not unreasonably withhold acceptance of such security in lieu of this Bond and issue an unconditional release of this Bond within thirty (30) days of its acceptance of such other security.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

No right of action shall accrue on this Bond to or for the use of any person or corporation other than the Principal, the Obligee, their heirs, executors, administrators or successors.

NOW, THEREFORE, if the said Principal shall faithfully observe and honestly comply with the provisions contained herein and in the Purchase Agreement relating to the P&A Obligations with respect to the Assets, then this obligation shall become null and void and of no effect.

The Principal shall pay all premiums required to maintain this Bond in full force and effect until such time as the requirements for such Bond terminates in accordance with the provisions hereof Surety stipulates and agrees that, regardless of the payment or nonpayment by Principal of any premiums owing with respect to this Bond, Surety's obligations under this Bond are continuing obligations and shall not be affected or discharged by any failure by Principal to pay any such premiums.

Written notices sent hereunder shall be sent by certified mail or trackable courier service to the following addresses (unless changed by a notice of change of address):

Marathon Oil Company
5555 San Felipe
Houston, Texas 77056
Attention:_____

Fieldwood Energy LLC
2000 W. Sam Houston Parkway
Suite 1200
Houston, Texas 77042
Attention: _____

Sirius America Insurance Company
180 Glastonbury Blvd, Suite 403
Glastonbury, CT 06033
Attention: Surety Claims Department

*(signature pages follow)*

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**IN WITNESS WHEREOF,** the above bound parties have executed this instrument to be Effective on <u>July 2, 2018</u>, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

**WITNESS:**                                    **PRINCIPAL:**

_____              FIELDWOOD ENERGY, LLC.

_____              By:_____
Print Name                                   Name:_____
                                             Title:_____
                                             Date:_____

**WITNESS:**                                    **OBLIGEE**

_____              MARATHON OIL COMPANY

_____              By:_____
Print Name                                   Name:_____
                                             Title:_____
                                             Date:_____

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**WITNESS:**

Tannis Mattson
Print Name

**SURETY:**

SIRIUS AMERICA INSURANCE COMPANY

By:

Name:    Gina A. Rodriguez

Title:    Attorney-In-Fact

Date:    July 2, 2018

Attached to and made part of that Purchase and Sale Agreement by and among Marathon
Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

## Exhibit "A"

**Assets**

| Field | Asset Name | Asset | Acquired Interest | Bond Allocation |
|---|---|---|---|---|
| *Troika Assets* | | | | |
| Troika | TA-1 | Well | 50% | 8,100,000 |
| Troika | TA-2 | Well | 50% | 8,100,000 |
| Troika | TA-3 | Well | 50% | 8,100,000 |
| Troika | TA-4 | Well | 50% | 8,100,000 |
| Troika | TA-5 | Well | 50% | 8,100,000 |
| Troika | TA-6 | Well | 50% | 12,000,000 |
| Troika | Subsea Facilities | Subsea Infrastructure | 50% | 1,000,000 |
| Troika | 11393 | Pipeline | 50% | 750,000 |
| Troika | 11396 | Pipeline | 50% | 750,000 |
| **Total Troika** | | | | **55,000,000** |
| | | | | |
| *Gunflint Assets* | | | | |
| Gunflint | 2 | Well | 18% | 5,500,000 |
| Gunflint | 4 | Well | 18% | 5,500,000 |
| Gunflint | Subsea Facilities | Subsea Infrastructure | 18% | 1,000,000 |
| Gunflint | 19362 | Pipeline | 18% | 250,000 |
| Gunflint | 19374 | Pipeline | 18% | 250,000 |
| Gunflint | 19478 | Pipeline | 18% | 250,000 |
| Gunflint | 19479 | Pipeline | 18% | 250,000 |
| Gunflint | 19154/19365 | Pipeline | 18% | 1,000,000 |
| Gunflint | 19155/19432 | Pipeline | 18% | 1,000,000 |
| **Total Gunflint** | | | | **15,000,000** |
| | | | | |
| **Total** | | | | **70,000,000** |

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

## Exhibit "B"

To be attached and form part of Bond No. _____ issued by . _____ , (as

**Surety), effective _____, 2018**

In the amount of        $(_____)

On behalf of:        Fieldwood Energy LLC (as Principal)
In favor of        Marathon Oil Company,(as Obligee)

In consideration of the premium charged for the above bond, it is mutually understood and agreed by the Principal, Surety, and Obligee that:

   **The Bond amount shall be adjusted as follows:**

      **This Bond amount shall be decreased by $_____**

   **Total Revised Bond Amount is Now:**
      _____and NO/100 Dollars($_____)

All other terms, limitations, and conditions of said bond except as herein expressly modified shall remain unchanged.

This rider shall be effective as of the _____day of _____ 20_____

Signed, sealed and dated the _____day of _____ 20_____

## PRINCIPAL:

FIELDWOOD ENERGY, LLC.
By:_____
Name:_____
Title:_____

 **SURETY:**

SIRIUS AMERICA INSURANCE COMPANY
By:_____
Name:_____
Title:_____

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**Acknowledged By: Marathon Oil Company**

By:_____

Name:_____

Title:_____

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**Exhibit I — Form of Assignment of Record Title Interest (BOEM Form 0150)**

Exhibit B_000023



To obtain information or make a complaint:

You may call the Surety's toll free telephone number for information or to make a complaint at 1-844-312-4357.

You may contact the Texas Department of Insurance to obtain information on companies, coverage, rights or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance at:
P.O. Box 149104
Austin, TX 78714-9104
Fax# 512-475-1771
web: http://wvvw.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the Surety first. If the dispute is not resolved, you may contact the Texas Department of Insurance (TDI).

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

**AVISO IMPORTANCE**

Para obtener información o presentar una queja:

Usted puede llamar al número de teléfono gratis de para información o para someter una queja al 1-844-312-4357

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas en:

1-800-252-3439

Puede escribir al Departamento de Seguros de Texas:
P.O. Box 149104
Austin, TX 78714-9104
Fax# 512-475-1771
web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el Surety primero. Si la disputa no se resuelve, puede comunicarse con el Departamento de Seguros de Tex **(TDI)**.

**UNA ESTEAVISOA SU POLIZA:** Este aviso es solo para proposito de información y no se convierte en parte o condición del documento adjunto.

TX Rider

Exhibit B_000024

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND



## Sirius
America
Insurance Company

### POWER OF ATTORNEY

Attorney-In Fact No. 1800001-403001

Certificate No. **000244**

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

**Terri L. Morrison, Gina A. Rodriguez, Mary Ann Garcia, Gloria P. Mouton, Marissa Shepherd, Tannis Mattson, Laura E. Sudduth**

of the City of Houston_____, State of Texas_____, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

IN WITNESS WHEREOF, the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this ___ day of July___, 2018

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 2nd day of July___, 2018 before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My Commission expires the 30 day of November, 2022.

Patricia A. McAndrew_____, Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

RESOLVED, that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

FURTHER RESOLVED, that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

FURTHER RESOLVED, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

FURTHER RESOLVED, that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

FURTHER RESOLVED, that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this ___7th___ day of
December, 2017

By: _____
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

## FORM OF MARATHON PERFORMANCE BOND

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

THAT we, Fieldwood Energy LLC, with its principal office at 2000 W. Sam Houston Pkwy South, Suite 1200, Houston, Texas 77042, (the *"Principal"*) and Sirius America Insurance Company with an office at 180 Glastonbury Blvd, Suite 403, Glastonbury, CT 06033 and Liberty Mutual Insurance Company with an office at 175 Berkeley Street, Boston, MA 02116 (collectively, the *"Surety"),* are held and firmly bound unto Marathon Oil company with its principal office at 5555 San Felipe, Houston, Texas 77056, (the *"Obligee"),* in the penal sum of Fifty Five Million and No/100 Dollars **($55,000,000)** lawful money of the United States of America (the *"Penal Sum")* for the payment of which sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents. All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Purchase Agreement (as defined below).

NOW, THEREFORE, the condition of this obligation is that in the event of default, as defined, the undersigned sureties shall be liable in Principal's place; provided, however that the maximum amount of liability for each surety shall be limited to the following amounts:

| | | |
|---|---|---|
| Sirius America Insurance Company | $27,500,000.00 | Bond No.7000000302 |
| Liberty Mutual Insurance Company | $27,500,000.00 | Bond No. 022220669 |

It is expressly provided that each obligation of the Surety shall be several and not joint with one another and both joint and several with Principal only, and no surety shall be responsible in an amount greater than its respective maximum amount of liability set forth above.

WHEREAS, Principal and Obligee have entered into that certain Purchase and Sale Agreement dated June 20, 2018, (the *"Purchase Agreement"),* which Purchase Agreement is by reference made a part hereof and which provides for the sale and assignment from the Obligee to the Principal of the interests of Obligee in the oil and gas leases, contracts, properties, wells, platforms, facilities, rights of way, equipment, pipelines and personal property defined therein as the "Assets," including those identified on Exhibit A of the Purchase Agreement and identified on Exhibit A to this Performance Bond (the *"Bond"),* together with, among other rights and obligations, all P&A Obligations (as defined in the Purchase Agreement) associated therewith; and

WHEREAS, the Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof; and

WHEREAS, the Principal has promised to deliver to the Obligee, contemporaneous with the closing of the Purchase Agreement, a performance bond in the form hereof executed by Principal and Surety; and

WHEREAS, the Surety represents that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked; and

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

WHEREAS, the Surety represents that it has duly executed a power of attorney, appointing the hereinafter named representative as its duly authorized deputy, as the true and lawful attorney-in-fact of such Surety, upon whom may be served all lawful process in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder; and does hereby agree and consent that such service, when so made, shall be valid service upon it, and that such appointment shall continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder.

NOW, THEREFORE, the Principal and the Surety agree as follows:

The Surety hereby guarantees the full and faithful performance by Principal of, and compliance by the Principal with the applicable provisions of the Purchase Agreement requiring the Principal to timely and fully perform and satisfy, the P&A Obligations associated with the Assets identified on Exhibit A to this Bond.

PROVIDED, HOWEVER, the Surety is hereby authorized and directed to reduce the Penal Sum at any time upon presentation of a bond reduction rider acknowledged by Obligee, in substantially the same form attached hereto as Exhibit B; provided, however, in the event, and only in the event, the Obligee fails to execute and acknowledge a bond reduction rider as set forth in this Bond then the Surety is hereby authorized and directed to reduce the Penal Sum upon the occurrence of one of the following: (a) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the Principal filed with BSEE (or any successor regulatory authorities) a Regulatory Verification (as such term is defined herein below) for the applicable Asset(s) indicating that all P&A Obligations with respect to such Asset(s) had been completed, (b) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the BSEE and/or BOEM (or any successor regulatory authorities) public databases indicated that all P&A Obligations for the applicable Asset(s) were completed.

Regulatory Verification as used in this Bond shall mean a copy of (i) an end of operations notice for Wells, (ii) a completion report for pipelines, flowlines, and gathering lines included in the Assets, or (iii) a site clearance report for Facilities and other structures included in the Assets, in each case indicating all Plugging and Abandonment related to such Asset(s) has been completed.

Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof.

PROVIDED, FURTHER THAT, including to the extent the Principal may be liable for any expenses, fees, penalties, damages (either direct, indirect or consequential) related to the P&A Obligations described above, or to the extent the Obligee may incur any attorney's fees or court costs or other expenses of litigation in the event of a contest over the Surety's denial of the obligation (or any part thereof), the maximum obligation of the Surety under this Bond shall be the Penal Sum reduced, as applicable, as provided forherein.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

It is further agreed that, without limiting or reducing the obligations of the Surety under this Bond, the Surety shall not be liable for any provisions of the Purchase Agreement or specifications therein respecting the procurement of, or coverages provided by, any insurance, nor shall the Surety be liable under any hold harmless and/or indemnification agreements entered into by the Principal in relation to personal injury and/or property damage or any other loss sustained by third parties in any way connected to or arising out of work and/or operations of any party in prosecuting the work to be performed under the Agreement.

FURTHERMORE, it is agreed that the Surety shall, but without limiting or reducing the obligations of Surety under this Bond, have no obligation to the Principal, or any other person or entity for any loss suffered by the Principal, or any other person or entity by reason of acts or omissions which are covered by the Principal's general liability insurance, products liability insurance, completed operations insurance or any other insurance.

Upon any failure by the Principal to carry out any or all of the P&A Obligations associated with the Assets identified on Exhibit A to this Bond and the Obligee has presented to the Surety a written notice that the Principal is in default of such P&A Obligations (in each case, the *"Defaulted P&A Obligations"),* and such condition has persisted for thirty (30) days after written notice of such default has been given by certified mail to the Principal and to the Surety at their last known addresses, the Obligee shall then proceed to solicit at least two (2) written bids from generally recognized third party contractors with experience performing plugging, abandonment and decommissioning in the United States Gulf of Mexico for the performance of the Defaulted P&A Obligations and submit such third party bids to the Surety, following receipt of which the Surety shall, within thirty (30) days, either: (1) pay to the Obligee an amount equal to the lesser of such written third party bids, but not exceeding the Penal Sum (reduced, as applicable, as provided for herein), and the obligations associated with this Bond shall then be considered null and void to the extent paid; or (2) commence, or cause to be commenced, the necessary operations to perform the Defaulted P&A Obligations.

If the Surety shall decide, upon default by the Principal, to pay to the Obligee an amount equal to the lesser of the third party bids for the performance of the Defaulted P&A Obligations in accordance with the immediately preceding paragraph hereof, on or before the one hundred twentieth (120th) day following the completion of such Defaulted P&A Obligations, the Obligee shall deliver to Surety a statement (the *"Final Cost Statement")* of the actual and verifiable costs and expenses actually incurred by Obligee to perform the Defaulted P&A Obligations, along with reasonable documentation in support thereof (including any third party invoices associated with the performance such Defaulted P&A Obligations). If such costs and expenses, in the aggregate (the *"Aggregate Cost Amount"),* exceed the amount of the initial payment made hereunder by the Surety to the Obligee (the *"Surety Payment Amount"),* the Surety shall pay to Obligee, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Aggregate Cost Amount and the Surety Payment Amount. If the Surety Payment Amount exceeds the Aggregate Cost Amount, Obligee shall pay to the Surety, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Surety Payment Amount and Aggregate Cost Amount.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

If the Surety shall decide, upon default by the Principal, to commence, or cause to be commenced, the Defaulted P&A Obligations, the Surety shall continue to perform, or cause the performance of, such obligations until such time as the Defaulted P&A Obligations have been truly and faithfully performed and discharged, thereby reducing the Penal Sum by an amount equal to the actual and verifiable costs and expenses incurred by the Surety to perform, or cause the performance of, the Defaulted P&A Obligations.

In the event the Surety decides, upon default of the Principal, to perform, or cause the performance of any Defaulted P&A Obligations of Principal, then **SURETY SHALL FULLY DEFEND, PROTECT, INDEMNIFY, HOLD HARMLESS, AND RENDER WHOLE OBLIGEE, ITS AFFILIATES, AND EACH OF SUCH PERSON'S RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, EMPLOYEES, OFFICERS, LENDERS ADVISORS, REPRESENTATIVES, ACCOUNTANTS, ATTORNEYS, CONSULTANTS AND AGENTS (THE, "INDEMNIFIED PARTIES") FROM AND AGAINST EACH AND EVERY CLAIM, DEMAND OR CAUSE OF ACTION, AND ANY LIABILITY, COST, EXPENSE (INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES), OR CLAIMS WITH RESPECT TO DAMAGE OR LOSS IN CONNECTION THEREWITH, WHICH MAY BE MADE OR *ASSERTED* BY SURETY, ITS AGENTS, SUCCESSORS OR ASSIGNS, OR BY ANY THIRD PARTY OR PARTIES (INCLUDING, BUT NOT LIMITED TO, GOVERNMENTAL AGENCIES) ON ACCOUNT OF PERSONAL INJURY, DEATH, PROPERTY DAMAGE AND/OR ENVIRONMENTAL DAMAGE ARISING FROM OR IN CONNECTION WITH THE PERFORMANCE OF SUCH DEFAULTED P&A OBLIGATIONS, AND ANY CLAIMS AND/OR DEMANDS ASSOCIATED THEREWITH, CAUSED BY, ARISING OUT OF, OR INCIDENTAL TO THE PAST, PRESENT OR FUTURE CONDITION OR STATE OF REPAIR OF SAID ASSETS, OR THE OWNERSHIP AND USE THEREOF, UNDER THIS BOND, HOWSOEVER OCCURRING, INCLUDING, WITHOUT LIMITATION, WHETHER SUCH CLAIMS, DEMANDS, DAMAGES, LOSSES AND LIABILITIES, WITH OR WITHOUT FAULT, WERE CAUSED BY THE SURETY'S OR THE SURETY'S CONTRACTORS' ORSUBCONTRACTORS' SOLE NEGLIGENCE OR CONTRIBUTORY NEGLIGENCE, AND/OR OBLIGEE CONTRIBUTORY NEGLIGENCE (EXCEPT TO THE EXTENT OF THE GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT OF OBLIGEE), OR IMPOSED ON SAID PARTIES OR OTHERS UNDER ANY THEORY OF STRICT LIABILITY BY OPERATION OF LAW, OR ANY COMBINATION THEREOF, OR ANY OTHER THEORY OF LAW PRIOR TO, AT THE TIME OF, OR SUBSEQUENT TO THE EFFECTIVE DATE HEREOF. SUCH INDEMNIFICATION BY SURETY SHALL NOT BE LIMITED TO THE ORIGINAL OR ANY AMENDED PENAL SUM OF THIS BOND.**

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which a default by the Principal, as detailed herein, falls due or is discovered by the Obligee, whichever is later, and, subject to the two (2) year limitation, the Surety consents to be sued in any court in the State of Texas, hereby irrevocably submitting itself to the jurisdiction of said court. The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

No amendment of or supplement to the terms or provisions of the Purchase Agreement or of the exhibits attached thereto shall release the Principal or the Surety or any of them from their liabilities under this Bond, notice to the Surety of any such amendment or supplement being hereby waived, except to the extent that is herein provided.

No assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, and no delay, neglect or failure of the Obligee to proceed promptly to enforce the Purchase Agreement or to proceed promptly in the premises in case of any default on the part of the Principal shall in any degree relieve the Principal and the Surety or any of them of their obligations under this Bond.

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

HOWEVER, if upon assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, the Principal shall have the right, but not the obligation, to cause its assignee to post security, in substantially the same form of a bond hereof or other acceptable security in the Obligee's reasonable discretion, including the requirement that the replacement security is issued by a financial institution that is listed in the U.S. Treasury Department's Listing of Approved Sureties (Department Circular 570) with a single bond underwriting limitation of not less than $25,000,000 and an AM Best Rating of at least "A-", in the amount necessary to replace this Bond. If so posted, the Obligee will not unreasonably withhold acceptance of such security in lieu of this Bond and issue an unconditional release of this Bond within thirty (30) days of its acceptance of such other security.

No right of action shall accrue on this Bond to or for the use of any person or corporation other than the Principal, the Obligee, their heirs, executors, administrators or successors.

NOW, THEREFORE, if the said Principal shall faithfully observe and honestly comply with the provisions contained herein and in the Purchase Agreement relating to the P&A Obligations with respect to the Assets, then this obligation shall become null and void and of no effect.

The Principal shall pay all premiums required to maintain this Bond in full force and effect until such time as the requirements for such Bond terminates in accordance with the provisions hereof Surety stipulates and agrees that, regardless of the payment or nonpayment by Principal of any premiums owing with respect to this Bond, Surety's obligations under this Bond are continuing obligations and shall not be affected or discharged by any failure by Principal to pay any such premiums.

Written notices sent hereunder shall be sent by certified mail or trackable courier service to the following addresses (unless changed by a notice of change of address):

Marathon Oil Company
5555 San Felipe
Houston, Texas 77056
Attention:_____

Fieldwood Energy LLC
2000 W. Sam Houston Parkway Suite 1200
Houston, Texas 77042
Attention: _____

Sirius America Insurance Company
180 Glastonbury Blvd, Suite 403
Glastonbury, CT 06033
Attention: Surety Claims Department

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116
Attention: Todd Tschantz

*(signature pages follow]*

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**IN WITNESS WHEREOF,** the above bound parties have executed this instrument to be Effective on July 2, 2018, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

**WITNESS:**

_____

_____
Print Name

**PRINCIPAL:**

FIELDWOOD ENERGY, LLC.
By:_____
Name:_____
Title:_____
Date:_____

**WITNESS:**

_____

_____
Print Name

**OBLIGEE**

MARATHON OIL COMPANY

By:_____
Name:_____
Title:_____
Date:_____

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H – Form of Surety Bond

**WITNESS:**

Tannis Mattson
Print Name

**SURETY:**

SIRIUS AMERICA INSURANCE COMPANY

By
Name:   Gina A. Rodriguez
Title:       Attorney-In-Fact
Date:      July 2, 2018

**WITNESS:**

Tannis Mattson
Print Name

**SURETY:**

LIBERTY MUTUAL INSURANCE COMPANY
By
Name:  Gina A. Rodriguez
Title:      Attorney-In-Fact
Date:      July 2, 2018

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**Exhibit "A"**

**Assets**

| Field | Asset Name | Asset | Acquired Interest | Bond Allocation |
|---|---|---|---|---|
| *Troika Assets* | | | | |
| Troika | TA-1 | Well | 50% | 8,100,000 |
| Troika | TA-2 | Well | 50% | 8,100,000 |
| Troika | TA-3 | Well | 50% | 8,100,000 |
| Troika | TA-4 | Well | 50% | 8,100,000 |
| Troika | TA-5 | Well | 50% | 8,100,000 |
| Troika | TA-6 | Well | 50% | 12,000,000 |
| Troika | Subsea Facilities | Subsea Infrastructure | 50% | 1,000,000 |
| Troika | 11393 | Pipeline | 50% | 750,000 |
| Troika | 11396 | Pipeline | 50% | 750,000 |
| **Total Troika** | | | | **55,000,000** |
| | | | | |
| *Gunflint Assets* | | | | |
| Gunflint | 2 | Well | 18% | 5,500,000 |
| Gunflint | 4 | Well | 18% | 5,500,000 |
| Gunflint | Subsea Facilities | Subsea Infrastructure | 18% | 1,000,000 |
| Gunflint | 19362 | Pipeline | 18% | 250,000 |
| Gunflint | 19374 | Pipeline | 18% | 250,000 |
| Gunflint | 19478 | Pipeline | 18% | 250,000 |
| Gunflint | 19479 | Pipeline | 18% | 250,000 |
| Gunflint | 19154/19365 | Pipeline | 18% | 1,000,000 |
| Gunflint | 19155/19432 | Pipeline | 18% | 1,000,000 |
| **Total Gunflint** | | | | **15,000,000** |
| | | | | |
| **Total** | | | | **70,000,000** |

Exhibit B_000035

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

## Exhibit "B"

To be attached and form part of Bond No._____ issued by ._____ , (as

Surety), effective _____, 2018

In the amount of          $(_____)

On behalf of:          Fieldwood Energy LLC (as Principal)
In favor of            Marathon Oil Company,(as Obligee)

In consideration of the premium charged for the above bond, it is mutually understood and agreed by the Principal, Surety, and Obligee that:

**The Bond amount shall be adjusted as follows:**

**This Bond amount shall be decreased by $_____**

**Total Revised Bond Amount is Now:**
_____and NO/100 Dollars($_____)

All other terms, limitations, and conditions of said bond except as herein expressly modified shall remain unchanged.

This rider shall be effective as of the _____day of _____20_____

Signed, sealed and dated the _____day of _____20_____

**PRINCIPAL:**

FIELDWOOD ENERGY, LLC.
By:_____
Name:_____
Title:_____

**SURETY:**

SIRIUS AMERICA INSURANCE COMPANY
By:_____
Name:_____
Title:_____

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**Acknowledged By: Marathon Oil Company**

By:_____

Name:_____

Title:_____

Attached to and made part of that Purchase and Sale Agreement by and among Marathon Oil
Company, as Seller, and Fieldwood Energy LLC as Buyer

Exhibit H — Form of Surety Bond

**Exhibit I — Form of Assignment of Record Title Interest (BOEM Form 0150)**

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND



**Sirius**
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In Fact No. 1800001-403001

Certificate No. ___000243___

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Terri L. Morrison, Gina A. Rodriguez, Mary Ann Garcia, Gloria P. Mouton, Marissa Shepherd, Tannis Mattson, Laura E. Sudduth

of the City of Houston_____, State of Texas_____, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

IN WITNESS WHEREOF, the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 2nd day of July, 2018



By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 2nd day of July, 2018 before me personally appeared D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My Commission expires the 30 day of November, 2022

_____
Patricia McAndrew, Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

Exhibit B_000039

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers:  President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this ___7th___ day of _December_, 2017

By: _____
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

**THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.**
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

Certificate No. 8117804

Liberty Mutual Insurance Company

The Ohio Casualty Insurance Company        West American Insurance Company

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS: That The Ohio Casualty Insurance Company is a corporation duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint, ___Orlando Aguirre; Mario Arzamendi; Mary Ann Garcia; Tannis Mattson; Terri L. Morrison; Gloria Mouton; Sandra Parker; Gina A. Rodriguez; Marissa Shepherd; Laura E. Sudduth___

all of the city of ___Houston___, state of ___TX___    each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this ___4th___ day of ___June___, ___2018___.



The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

STATE OF PENNSYLVANIA        ss
COUNTY OF MONTGOMERY

On this _4th_ day of _June_, _2018_, before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania, on the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires March 28, 2021
Member: Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella, Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

ARTICLE IV – OFFICERS – Section 12. Power of Attorney. Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

ARTICLE XIII – Execution of Contracts – SECTION 5. Surety Bonds and Undertakings. Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

Certificate of Designation – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

Authorization – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Renee C. Llewellyn, the undersigned, Assistant Secretary, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this ___2nd___ day of ___July___, 20___18___.

By: _Renee C. Llewellyn_
Renee C. Llewellyn, Assistant Secretary

*Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*

LMS_12873_022017

Exhibit B_000041 22 of 150



To obtain information or make a complaint:

You may call the Surety's toll free telephone number for information or to make a complaint at 1-844-312-4357.

You may contact the Texas Department of Insurance to obtain information on companies, coverage, rights or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance at:
P.O. Box 149104
Austin, TX 78714-9104
Fax# 512-475-1771
web: http://wvvw.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the Surety first. If the dispute is not resolved, you may contact the Texas Department of Insurance (TDI).

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

**AVISO IMPORTANCE**

Para obtener información o presentar una queja:

Usted puede llamar al número de teléfono gratis de para información o para someter una queja al 1-844-312-4357

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas en:

1-800-252-3439

Puede escribir al Departamento de Seguros de Texas:
P.O. Box 149104
Austin, TX 78714-9104
Fax# 512-475-1771
web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el Surety primero. Si la disputa no se resuelve, puede comunicarse con el Departamento de Seguros de Tex (TDI).

**UNA ESTEAVISOA SU POLIZA:** Este aviso es solo para proposito de información y no se convierte en parte o condición del documento adjunto.

TX Rider

Exhibit B_000042

Liberty Mutual.

# Important Notice

TO OBTAIN INFORMATION OR TO MAKE A COMPLAINT:

You may write to Liberty Mutual Surety at:

      Liberty Mutual Surety
      Interchange Corporate Center
      450 Plymouth Road, Suite 400
      Plymouth Meeting, PA 19462-8284

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

      1-800-252-3439

You may write the Texas Department of Insurance:

      P. O. Box 149104
      Austin, TX 78714-9104
      Fax: (512) 475-1771
      Web: http://www.tdi.state.tx.us
      E-mail: ConsumerProtection@tdi.state.tx.us

**Premium or Claim Disputes**

Should you have a dispute concerning a premium, you should contact the agent first.  If you have a dispute concerning a claim, you should contact the company first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

**Attach This Notice To Your Policy:**

This notice is for information only and does not become a part or condition of the attached document.

Exhibit B_000043


Liberty Mutual.

# NOTIFICACION IMPORTANTE

PARA OBTENER INFORMACION O REALIZAR UNA QUEJA:

Usted puede escribir la notificación y dirigirla a Liberty Mutual Surety  en la siguiente dirección:

      Liberty Mutual Surety
      Interchange Corporate Center
      450 Plymouth Road, Suite 400
      Plymouth Meeting, PA 19462-8284

Usted puede contactar al Departamento de Seguros de Texas para obtener informacion acerca de las compañías, coberturas, derechos o quejas:

      1-800-252-3439

Usted puede  escribir al Departamento de Seguros de Texas a la siguiente dirección:

      P. O. Box 149104
      Austin, TX 78714-9104
      Fax: (512) 475-1771
      Web: http://www.tdi.state.tx.us
      E-mail: ConsumerProtection@tdi.state.tx.us

**Disputas acerca de primas o reclamos**

En caso de que usted quiera elevar una disputa concerniente al tema de primas, por favor contacte en primer lugar a su agente.  Si el tema de la disputa es relativo a un reclamo, por favor contacte a la compañía de seguros en primer término.  Si usted considera que la disputa no es apropiadamente resuelta en estas instancias, entonces usted puede contactar al Departamento de Seguros de Texas..

**Adjunte esta notificacion a su póliza:**

Esta notificación es a los solos fines de su información y la misma no forma parte o condiciona de manera alguna el documento adjunto.

Exhibit B_000044



# Executed Bond Report

## Sirius America Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** 7000000407 |
|---|---|---|

**Date:** 12/13/2018

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

| **Power of Attorney No.** |
|---|
| 000354 |

| **Effective Date:**<br>From    12/13/2018  To    12/13/2019 | **Bond Amount:**<br>$503,684.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$6,296.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$1,888.80 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**

OCS Mineral  Lessee's Operator's Supplemental Bond iro ROW G28788 - Ship Shoal Block 168 (PSN 20050) a 6 5/8 inch gas right-of-way pipeline

**Renewal Type:**

Continuous Until Cancelled/Released

**Cancellation Provision:**

Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond and underlying BOEM application and bond request

**Comments:**

Approved as per Sarah Stanfield's 12/12/2018 email.

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

Exhibit B_000045

**U.S. Department of the Interior**                OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**             Expiration Date:  6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

**BOEM-2028A (June 2016)**                                              **PAGE 1 OF 3**
Previous Editions are Obsolete.

Exhibit B_000046

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 7000000407

OCS Lease/RUE/ROW No. ROW G28788

Bond Type Supplemental

Amount $503,684.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Sirius America Insurance Company

Mailing Address: 140 Broadway - 32nd Floor

New York, NY 10005-1108

If a Corporation, Incorporated in the State of: New York ; County or Parish of: Kings County

☐ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 200 W. Sam Houston Pkwy S., Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: ROW G28788 - Ship Shoal Block 168 (PSN 20050) a 6 5/8 inch gas Right-of-Way Pipeline

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | |
|---|---|
| For the purposes of this document: | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
| | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Exhibit B_000047

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Sirius America Insurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Senior Vice President-Land & Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 140 Broadway - 32nd Floor | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| New York, NY 10005-1108 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 13th day of December, 20 18, in the State of Texas, in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | Mark R. Mozell |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S., Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                    **PAGE 3 OF 3**
Previous Editions are Obsolete.

Exhibit B_000048

# EXHIBIT B-1



Sirius America Insurance Company
180 Glastonbury Blvd., Suite 403
Glastonbury, Connecticut 06033

**LICENSE AND PERMIT
BOND**

**Bond No.** 7000000409

KNOW ALL MEN BY THESE PRESENTS, That we Fieldwood Energy LLC
as Principal, (hereinafter called "Principal"), and Sirius America Insurance Company, a New York insurance company, as Surety, (hereinafter called "Surety"), are held and firmly bound unto
Iberia Parish, Louisiana
, as Obligee, in the full and just sum of
Ten Thousand and No/100------------ Dollars ( $ 10,000.00 ) to be
paid to  the said Obligee for which payment, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS the Principal has been granted a license or permit for
Transportation of Heavy Equipment on Parish Roads by Obligee.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal shall faithfully perform the duties and in all things comply with the laws and ordinances, including all amendments thereto, pertaining to the license or permit applied for, then this obligation shall be void, otherwise to remain in full force and effect.

PROVIDED, that the Surety may cancel bond at any time during the said term by giving to the Obligee a written notice of its desire so to cancel and at the expiration of thirty (30) days from the receipt of such notice by the Obligee the surety shall be completely released as to all liability thereafter accruing. If this provision shall be held void, this entire bond shall be void.

IN WITNESS WHEREOF, the above bound Principal and the above bound Surety have hereunto set their hands and seals on the 20th day of March , 20 19 .

Fieldwood Energy LLC

By: _____
John H. Smith
Senior Vice President - Land & Business Development

Sirius America Insurance Company

By: _____

Laura L. Kneitz                    ,Attorney -in-Fact

L&P 0119

Exhibit B_000049

WARNING: THIS ᵢ ER OF ATTORNEY IS INVALID UNLESS PRINT ON BLUE BACKGROUND



**Sirius**
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In-Fact No. 1800007-403001

Certificate No. 000356

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of Houston _____, State of Texas _____, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 14th day of March _____, 20 18.

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 14th day of March _____, 20 18 before me personally appeared D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the 30 day of November 2022.

_____, Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

Exhibit B_000050

page 1

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seal of the Company this 20th day of March , 20 19

By: _Robert P. Kuehn_
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

Exhibit B_000051



# Executed Bond Report

## Sirius America Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** 7000000410 |
|---|---|---|
| | | **Date:**   3/21/2019 |

**Principal:**   Fieldwood Energy LLC

**Obligee Name and Address:**   Williams Oil Gathering LLC, Williams Field Services - Gulf Coast Company LLC and Williams Mobil Bay Producer Services LLC
Filed with: Williams Companies, Inc.
Attn: Tim Neuman
One Williams Center MD 50
Tulsa,   OK  74172-

**Power of Attorney No.**
000357

| **Effective Date:**<br>From      3/21/2019 To:      3/21/2020 | **Bond Amount:**<br>$2,000,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$17,500.00 |
|---|---|---|---|
| **Rate:**<br>0.88% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

Performance Bond related to Gunflint Oil Gathering Agreement, Gunflint Gas Gathering Agreement and the Gunflint Gas Processing Agreement, all dated December 10, 2013

**Renewal Type:**                                      **Cancellation Provision:**

Continuous Until Cancelled/Released              Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond and underlying agreements

**Comments:**

Approved as per Sarah Heineman's 3/13/2019 email. Premium is to be billed net of commission.

**Replacing:**    0179863

Friday, March 22, 2019

THIS BOND REPLACES AND SUPERSEDES BERKLEY INSURANCE COMPANY BOND NO. 0179863 EFFECTIVE MARCH 21, 2019.

## PERFORMANCE BOND

Bond No. 7000000410

KNOW ALL MEN BY THESE PRESENTS, that we, **Fieldwood Energy LLC, 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042**, as Principal, (hereinafter called the "Principal"), and **Sirius America Insurance Company, 180 Glastonbury Blvd., Suite 403, Glastonbury, CT 06033**, (hereinafter called the "Surety"), are held firmly bound unto **Williams Oil Gathering LLC, Williams Field Services – Gulf Coast Company, L.P. Company LLC and Williams Mobil Bay Producer Services LLC, c/o Tim Neuman, Williams Companies, Inc., One Williams Center MD 50, Tulsa, OK 74172** as Obligee, (hereinafter called the "Obligee"), in the maximum penal sum of **Two Million and NO/100 ($2,000,000.00) Dollars**, good and lawful money of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, administrators, executors, successors, assigns, jointly and severally, firmly by these presents.

WHEREAS, the above bound Principal has entered into certain written contracts with the above mentioned Obligee described as: **Gunflint Oil Gathering Agreement, Gunflint Gas Gathering Agreement and Gunflint Gas Processing Agreement, all dated December 10, 2013** (the "Agreements"), contracts are hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

WHEREAS, the Obligee has agreed to accept a bond guaranteeing the performance of said Contracts.

NOW, THEREFORE, the condition of this obligation is such that, if the Principal shall indemnify the Obligee for any and all loss that the Obligee may sustain by reason of the Principal's failure to comply with the terms and conditions of said Contracts, then this obligation shall be null and void, otherwise it shall remain in full force and effect.

**PROVIDED HOWEVER,** that this Bond is executed by the Surety and accepted by the Obligee subject to the following expressed conditions:

- This Bond is for the term beginning **March 21, 2019** and expiring **March 21, 2020**. This bond will renew annually hereafter unless surety sends notice of non-renewal to Obligee at least ninety (90) days prior to the expiration date provided herein. It is understood and agreed that the Obligee may recover the full amount of the Bond (less any previous amounts paid to Obligee under the Bond) if the Surety cancels or non-renews the Bond and, within twenty (20) days prior to the effective date of cancellation, the Obligee has not received collateral acceptable to it to replace the Bond.

- No claim, action, suit or proceeding, except as herein set forth, shall be had or maintained against the Surety on this Bond unless same be brought or instituted and process served upon the Surety within six months following the expiration of the original term of this Bond, or extended term as provided herein.

- In the event the Principal fails to make any payments due to the Obligee under the Agreements which would constitute the basis of a default thereunder, within Ten (10) business days of Surety's receipt of a demand for payment under this Bond (hereinafter called "Demand"), Surety shall pay to the Obligee the amount of such Demand.   The Surety shall cause to be paid all payments that are open or past due up to the penal amount, and in so doing cure any Default under the Agreements and shall not be bound by any forfeiture or acceleration provision of the Agreements to the contrary, but rather shall be responsible for the continuation of timely payments as provided in the Agreements as though there had been no Default. The Obligee may present one or more Demands at any time in its sole discretion, provided however, Surety shall not be obligated to pay an aggregate amount in excess of the penal sum of the Bond.  The bond penalty shall remain fixed during the term of the bond regardless of the number of years it remains outstanding unless amended by Surety through the issuance of a rider.

- If Surety receives any claim in conformity with the terms and conditions of this Bond, Surety will make payment to Obligee, without inquiring whether Obligee has a right, as between Obligee and Principal, to make such claim and without recognizing any claims of Principal. On or within the timeframe noted herein, payment will be effected by Surety (using its own funds) by wire or electronic funds transfer in immediately available funds to such account as Obligee may designate to Surety.

In the event of conflict or inconsistency between the provisions of this Bond and the provisions of the above Agreements, the provisions of this Bond shall control. The Obligee's acceptance of this Bond and reliance upon it as security constitutes its acknowledgement and agreement as to the explicit terms stated herein under which it is offered and issued by the Surety.

The Surety represents and warrants that it has the full power to enter into and perform its obligations under this Bond and has taken all proper limited liability company and other action to duly and validly authorize entering into this Bond and to perform its obligations hereunder. This Bond has been duly executed and delivered on behalf of the Surety and constitutes the legal, valid and binding obligation of the Surety, enforceable in accordance with its terms. The Principal has the full power to enter into and perform its obligations under this Bond and has taken all proper limited liability company and other action to duly and validly authorize entering into this Bond and to perform it obligations hereunder. This Bond has been duly executed and delivered on behalf of the Principal and constitutes the legal, valid and binding obligation of the Principal, enforceable in accordance with its terms.

The Surety represents and warrants that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked

This Bond shall be governed by, enforced in accordance with, and interpreted under, the laws of the State of New York without reference to conflicts of laws principal.

All notices, demands and correspondence with respect to this bond shall be in writing and addressed to:

The Surety at: Sirius America Insurance, Company, 180 Glastonbury Blvd, Suite 403, Glastonbury, CT 06033

The Principal at: Fieldwood Energy LLC, 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042

The Obligee at: c/o Tim Neuman, Williams Companies, Inc., One Williams Center MD 50, Tulsa, OK 74172

SIGNED, SEALED AND DATED this 21st day of March , 2019.

Principal: **Fieldwood Energy LLC**

By:_____

Title: John H. Smith, Senior Vice President – Land & Business Development

Surety:   **Sirius America Insurance Company**

By:_____
    Teresa D. Kelly, Attorney-In-Fact

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**



# Sirius
### America
### Insurance Company

## POWER OF ATTORNEY

Attorney-In-Fact No. <u>1800007-403001</u>          Certificate No. <u>000358</u>

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of <u>Houston</u>                    , State of <u>Texas</u>          , its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this <u>14th</u> day of <u>March</u>        , 20 <u>18</u>



By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this <u>14th</u> day of <u>March</u>        , 20 <u>18</u> before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the <u>30</u> day of <u>November</u>, 20<u>22</u>

_____ , Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 21st day of March, 2019.

By: _Robert P. Kuehn_
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

Exhibit B_000056



Sirius America Insurance Company
New York, NY 10005

**BOND RIDER NO. 1**

To be attached to and form part of Bond Number <u>7000000410</u> issued on behalf of <u>Fieldwood Energy LLC</u>, as Principal, and in favor of <u>Williams Oil Gathering LLC, Williams Field Services – Gulf Coast Company LLC and Williams Mobil Bay Producer Services LLC</u>, as Obligee.

It is agreed that the Surety hereby gives its consent to change:

Bond Amount is DECREASED:

    FROM: Two Million and No/100 ($2,000,000.00)

    TO: One Million and No/100 ($1,000,000.00)

This Rider shall become effective as of <u>March 21, 2020</u>.

PROVIDED, however, that the liability of the Surety under the attached bond as changed by this rider shall not be cumulative, and in no event shall Surety's liability be greater than $<u>1,000,000.00</u>.


Fieldwood Energy LLC _____

By:_____

Sirius America Insurance Company

By:_____

<u>Teresa D. Kelly</u>, Attorney-in-Fact

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**



**Sirius**
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In-Fact No. 1800007-403001          Certificate No. 001525

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Megan Sivley

of the City of Houston      , State of Texas      , its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 6th day of June , 20 19 .

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 6th day of June , 20 19 , before me personally appeared D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

**PATRICIA A. McANDREW**
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES NOV. 30, 2022**

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PAGE 1 IS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seal of the Company this 21st day of February, 2020.

By: _Robert P. Kuehn_
    Robert P. Kuehn
    Secretary

001525

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to Certificate No. _____ and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

AIF No. 1800007-403001



## Executed Bond Report

### Sirius America Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** **7000000414**<br><br>**Date:** 4/15/2019 |
|---|---|---|

**Principal:** Brandon Oil and Gas, LP

**Obligee Name and Address:** United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**
00362

| **Effective Date:**<br>From      4/15/2019  To      4/15/2020 | **Bond Amount:**<br>$450,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$5,625.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$1,687.50 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**

OCS Mineral  Lessee's Operator's Supplemental Bond iro OCS-G04081 - All of Block A-550,  High Island Area, South Additiona, as shown on OCS Texas Leasing Map, TX7B.

**Renewal Type:**                                        **Cancellation Provision:**

Continuous Until Cancelled/Released          Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond and client request docs.

**Comments:**

Approved as per Sarah Heineman's 3/13/2019 email.

**Issued to Replace Bond No.**

N/A

---

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com          Exhibit B_000060

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.: 1010-0006
Expiration Date: 6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:** The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator). Responses are mandatory. No proprietary information is collected. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number. Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form. Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

Exhibit B_000061

**U.S. DEPARTMENT OF THE INTERIOR**
**Bureau of Ocean Energy Management**

Bond No. 7000000414      OCS Lease/RUE/ROW No. OCS-G04081

Bond Type Supplemental      Amount $450,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Sirius America Insurance Company

Mailing Address: 140 Broadway - 32nd Floor

New York, NY 10005-1108

If a Corporation, Incorporated in the State of: New York      ; County or Parish of: Kings County

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Brandon Oil and Gas, LP

Mailing Address: 2000 W. Sam Houston Pkwy S., Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block A-550, High Island Area, South Addition, as shown on OCS

Texas Leasing Map, TX7B.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions**<br><br>For the purposes of this document: | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease.<br>A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease.<br>An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.).<br>An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS.<br>A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |
| --- | --- |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

**BOEM-2028A  (June 2016)**  Previous Editions are Obsolete.

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:
   (a) Any person assigns all or part of any interest in an Instrument covered by this document.
   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.
   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.
   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.
   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Sirius America Insurance Company | Brandon Oil and Gas, LP |
| Name of Surety | Name of Principal |
| *Teresa D. Kelly* (signature) | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 140 Broadway - 32nd Floor | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| New York, NY 10005-1108 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 15th day of April , 20 19 , in the State of Texas , in the presence of:

| | |
|---|---|
| *Laura L. Kneitz* (signature) | |
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | Mark R. Mozell |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 800 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A (June 2016)**
Previous Editions are Obsolete.

**PAGE 3 OF 3**

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**



## Sirius
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In Fact No. <u>1800007-403001</u>

Certificate No. <u>000362</u>

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of <u>Houston</u>, State of <u>Texas</u>, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF**, the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this <u>14th</u> day of <u>March</u>, 20 <u>18</u>

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this <u>14th</u> day of <u>March</u>, 20 <u>18</u> before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.
My Commission expires the <u>30</u> day of <u>November, 2022</u>

_____, Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers:  President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 5ᵗʰ day of April , 20__



By: _____
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

Exhibit B_000065



# Executed Bond Report

## Sirius America Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** 7000000425 |
|---|---|---|
| | | **Date:** 5/9/2019 |

**Principal:**   Fieldwood Energy LLC

**Obligee Name and Address:**   United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
Attn: Kathleen Lee, Program Analyst, Leasing and Financial Responsibility Section, Office of Leasing and Plans
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

| **Power of Attorney No.** |
|---|
| 000374 |

| **Effective Date:**<br>From   5/9/2019 To:   5/9/2020 | **Bond Amount:**<br>$267,500.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$3,344.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$1,003.20 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**
Appeal Bond - Civil Penalty Case No. G-2018-017 (Lease No. OCS -00020, South Timbalier 67,  (Enterprise 264 Rig, Well No. 006 ST3)

**Renewal Type:**                                          **Cancellation Provision:**
Continuous Until Cancelled/Released              Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Bond Copy.

**Comments:**
Approved by Sarah Heineman via email 5-8-19.

**Replacing:**   N/A

Thursday, May 09, 2019

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.: 1010-0006
Expiration Date: 6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:** The PRA (44 U.S.C. 3501 *et seq.*) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator). Responses are mandatory. No proprietary information is collected. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number. Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form. Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

Exhibit B_000067

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 7000000425

OCS Lease/RUE/ROW No. G-2018-017

Bond Type Appeal

Amount $267,500.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Sirius America Insurance Company

Mailing Address: 140 Broadway - 32nd Floor

New York, NY 10005-1108

If a Corporation, Incorporated in the State of: New York    ; County or Parish of: Kings

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W. Sam Houston Pkwy S., Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: Civil Penalty Case No. G-2018-017

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

By signing below, the **Principal** verifies that the information above is correct and agrees to the following:
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

By signing below, the **Surety** verifies that the information above is correct and agrees to the following:

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

**BOEM-2028A  (June 2016)**  Previous Editions are Obsolete.                                **PAGE 2 OF 3**

Exhibit B_000068

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:
   (a) Any person assigns all or part of any interest in an Instrument covered by this document.
   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.
   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.
   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.
   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Sirius America Insurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| *Teresa D. Kelly* (signature) | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-fact | John H. Smith, Senior Vice President - Land & Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 140 Broadway - 32nd Floor | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| New York, NY 10005-1108 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 9th day of May , 20 19 , in the State of Texas , in the presence of:

| | |
|---|---|
| *Melissa Haddick* (signature) | |
| Signature of Witness | Signature of Witness |
| Melissa Haddick | Mark R. Mozell |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A** (June 2016)                                                                                    **PAGE 3 OF 3**
Previous Editions are Obsolete.

Exhibit B_000069

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND



**Sirius**
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In-Fact No. <u>1800007-403001</u>

Certificate No. <u>000374</u>

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of <u>Houston</u>, State of <u>Texas</u>, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this <u>14th</u> day of <u>March</u>, 20 <u>18</u>

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this <u>14th</u> day of <u>March</u>, 20 <u>18</u> before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the <u>30</u> day of <u>November</u>, 20<u>22</u>

_____, Notary Public

**PATRICIA A. McANDREW**
**NOTARY PUBLIC**
MY COMMISSION EXPIRES NOV. 30, 2022

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 9th day of May, 2019

By: _____
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

Exhibit B_000071

# EXHIBIT B-2



## Executed Bond Report

### Sirius America Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** <span style="color:red">**7000000437**</span><br>**Date:**  9/16/2019 |
| --- | --- | --- |

**Principal:**  Fieldwood Energy Offshore, LLC

**Obligee Name and Address:**  United States of America, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company, Co-Obligees
Filed with: United States of America, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company
Attn:
1201 Elmwood Park Blvd
New Orleans,  LA  70123-

**Power of Attorney No.**
000388 & 000390

| **Effective Date:**<br>From      9/16/2019 To:      9/16/2020 | **Bond Amount:**<br>$1,745,185.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$21,815.00 |
| --- | --- | --- | --- |

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$6,544.50 | **State Surchg-Fee:**<br>$0.00 |
| --- | --- | --- | --- |

**Description:**
Issued in Duplicate - Multi-Obligee Right-Of-Way Supplemental Bond, OCS ROW No. OCS-G 29417 - Described as a 200' wide & approx 18.29 mi (96') long corridor associated w/8" Pipeline Segment No. (PSN) 20155. Pupose is to maintain/operate PSN 20155 & transport bulk oil from Midline PLET A-2 in Block 156 thru Blocks 112, 111, 110 and 66 to Platform A in Block 65, all in Green Canyon Area.

**Renewal Type:**                                    **Cancellation Provision:**
Continuous Until Cancelled/Released          Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond, orig request.

**Comments:**
Approved as per Sarah Stanfield's 9/16/2019 email.

**Replacing:**   N/A

Tuesday, September 17, 2019



# Executed Bond Report

## Sirius America Insurance Company

| | | | |
|---|---|---|---|
| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** | 7000000437 |
| | | **Date:** | 9/16/2019 |

**Principal:**  Fieldwood Energy, L.L.C.

**Obligee Name and Address:**  United States of America, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company, Co-Obligees
Filed with: United States of American, acting by and through the Bureau of Ocean Energy Management and Marathon Oil Company
Attn:
1201 Elmwood Park Blvd
New Orleans,  LA  70123-

**Power of Attorney No.**
000388 & 000390

| **Effective Date:** | | **Bond Amount:** | **Contract Amount:** | **Premium:** |
|---|---|---|---|---|
| From       9/16/2019 To:       9/16/2020 | | $1,745,184.00 | $0.00 | $21,815.00 |

| **Rate:** | **Commission %** | **Commission Amount** | **State Surchg-Fee:** |
|---|---|---|---|
| 1.25% | 30.000% | $6,544.50 | $0.00 |

**Description:**

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond, orig request.

**Comments:**
Approved as per Sarah Stanfield's 9/16/2019 email.

**Replacing:**   N/A

Tuesday, September 17, 2019

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

Exhibit B_000073

BOND NO.  **7000000437**

OCS ROW NO. <u>OCS-G 29417</u>

BOND TYPE: <u>Right-of-Way Supplemental Bond</u>          PENAL SUM: **$1,745,185.00**

**MULTI-OBLIGEE SUPPLEMENTAL BOND**

KNOW ALL MEN BY THESE PRESENTS:

That on this 16th day of September 2019 (the "***Effective Date***"), we, Fieldwood Energy Offshore LLC , a Delaware limited liability company, with its principal office at 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas  77042, assigned BOEM Company Qualification No. 3035 ("***Principal***"), and Sirius America Insurance Company, with an office at 140 Broadway, 32nd Floor, New York, NY 10005-1108 ("***Surety***"), are held and firmly bound unto (i) the United States of America, acting by and through the Bureau of Ocean Energy Management, 1201 Elmwood Park Boulevard, New Orleans, Louisiana 70123 ("***BOEM Obligee***"), and (ii) Marathon Oil Company, an Ohio corporation, with its principal office at 5555 San Felipe Street, Houston, Texas  77056, assigned BOEM Company Qualification No. 0724 ("***Additional Named Obligee***") (BOEM Obligee and Additional Named Obligee being sometimes collectively referred to herein as "***Co-Obligees***") for the penal sum of one million, seven-hundred and forty five thousand, one hundred and eighty five dollars (**$1,745,185.00**) lawful money of the United States of America for the payment of which penal sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents, pursuant to the terms hereof.

WHEREAS, Additional Named Obligee is a former owner of relinquished Federal right-of-way OCS-G 28548 ("***Relinquished ROW***"), which BSEE (as defined below) reactivated on May 7, 2019, and is now assigned Federal right-of-way OCS-G29417 (together with the Relinquished ROW, collectively, the "***Applicable ROW***"), more fully described as follows:

> Pipeline Right-of-way OCS-G29417 is a 200-foot wide and approximately 18.29 miles (96,554') long corridor associated with the 8-inch Pipeline Segment No. (PSN) 20155.  The purpose of the pipeline ROW OCS-G29417 is to maintain and operate PSN 20155 and to transport bulk oil from Midline PLET A-2 in Block 156 through  Blocks 112, 111, 110 and 66 to Platform A in Block 65, all located in Green Canyon Area; and

WHEREAS, pursuant to a transaction between Deepwater Abandonment Alternatives, Inc., a Texas corporation ("***DAA***"), and Principal  in which the underlying infrastructure associated with the Applicable ROW has been acquired by the Principal ("***Assignment Transaction***"), Principal is required to provide security for the Decommissioning Obligations (as defined below) to Additional Named Obligee; and

WHEREAS, pursuant to applicable laws, rules, regulations, and policies of BOEM Obligee, Principal is required to provide financial assurance for the Decommissioning Obligations (as defined below) to BOEM Obligee; and

Exhibit B_000074

BOND NO. 7000000437

OCS ROW NO. OCS-G 29417

BOND TYPE: Right-of-Way Supplemental Bond                PENAL SUM: $1,745,184.00

## MULTI-OBLIGEE SUPPLEMENTAL BOND

KNOW ALL MEN BY THESE PRESENTS:

That on this 16th day of September 2019 (the "*Effective Date*"), we, Fieldwood Energy Offshore LLC , a Delaware limited liability company, with its principal office at 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042, assigned BOEM Company Qualification No. 3035 ("*Principal*"), and Sirius America Insurance Company, with an office at 140 Broadway, 32nd Floor, New York, NY 10005-1108 ("*Surety*"), are held and firmly bound unto (i) the United States of America, acting by and through the Bureau of Ocean Energy Management, 1201 Elmwood Park Boulevard, New Orleans, Louisiana 70123 ("*BOEM Obligee*"), and (ii) Marathon Oil Company, an Ohio corporation, with its principal office at 5555 San Felipe Street, Houston, Texas 77056, assigned BOEM Company Qualification No. 0724 ("*Additional Named Obligee*") (BOEM Obligee and Additional Named Obligee being sometimes collectively referred to herein as "*Co-Obligees*") for the penal sum of one million, seven-hundred and forty five thousand, one hundred and eighty four dollars (**$1,745,184.00**) lawful money of the United States of America for the payment of which penal sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents, pursuant to the terms hereof.

WHEREAS, Additional Named Obligee is a former owner of relinquished Federal right-of-way OCS-G 28548 ("*Relinquished ROW*"), which BSEE (as defined below) reactivated on May 7, 2019, and is now assigned Federal right-of-way OCS-G29417 (together with the Relinquished ROW, collectively, the "*Applicable ROW*"), more fully described as follows:

> Pipeline Right-of-way OCS-G29417 is a 200-foot wide and approximately 18.29 miles (96,554') long corridor associated with the 8-inch Pipeline Segment No. (PSN) 20155. The purpose of the pipeline ROW OCS-G29417 is to maintain and operate PSN 20155 and to transport bulk oil from Midline PLET A-2 in Block 156 through Blocks 112, 111, 110 and 66 to Platform A in Block 65, all located in Green Canyon Area; and

WHEREAS, pursuant to a transaction between Deepwater Abandonment Alternatives, Inc., a Texas corporation ("*DAA*"), and Principal in which the underlying infrastructure associated with the Applicable ROW has been acquired by the Principal ("*Assignment Transaction*"), Principal is required to provide security for the Decommissioning Obligations (as defined below) to Additional Named Obligee; and

WHEREAS, pursuant to applicable laws, rules, regulations, and policies of BOEM Obligee, Principal is required to provide financial assurance for the Decommissioning Obligations (as defined below) to BOEM Obligee; and

Page 1 of 10

Exhibit B_000075

WHEREAS, the Surety warrants that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, that it is qualified to be a surety and guarantor on bonds and undertakings, that it is named in the current Circular 570, published by the Audit Staff Bureau of Accounts, U.S. Department of the Treasury ("*Circular 570*"), and that its certificate of suretyship has not been revoked; and

WHEREAS, the Surety warrants that it has duly executed a power of attorney, appointing the hereinafter named representative as the true and lawful attorney-in-fact of such Surety. All lawful process may be served in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder, and does hereby agree and consent that such service, when made at Surety's address as specified in Paragraph 3.12 below, will be valid service upon it, and that such appointment will continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder; but if the named representative in Paragraph 3.12 becomes no longer able to act on Surety's behalf, the Surety will promptly so inform each of the Co-Obligees.

NOW THEREFORE, the Principal, the Surety, and the Co-Obligees agree to the following:

1.  **Definitions.** As used in this Bond, the following terms have the following meanings:

1.1  *Bond* means this multi-Obligee supplemental right-of-way bond, identified as Bond No. ;

1.2  *Instrument* includes, individually or collectively, any lease, operating agreement, designation of operator or agent, storage agreement, transfer of operating rights, permit, license, grant, or easement, pursuant to which the Principal has the right, privilege, or license to conduct operations associated with the Applicable ROW to which this Bond applies;

1.3  *Decommissioning Obligation(s)* means any decommissioning obligation(s) or requirement(s) imposed on both the Principal and the Additional Named Obligee by, or arising from (i) the Applicable ROW, (ii) any regulations of the Department of the Interior, solely as applicable to the Applicable ROW, or (iii) any Instrument issued, maintained, or approved under the Outer Continental Shelf ("*OCS*") Lands Act (43 U.S.C. §§ 1331 et seq.) related to the Applicable ROW acquired by Principal pursuant to the Assignment Transaction and that accrued before the Principal acquired the Applicable ROW therein;

1.4  *Qualified Surety* means a surety named in the version of Circular 570 current at the time the Qualified Surety provides a bond, and at all times thereafter.

1.5  *Person* includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency;

1.6  *Regional Director* means the Regional Director for the applicable BOEM Obligee Regional Office with jurisdiction over the Applicable ROW;

1.7  *ROW Holder* means the Bureau of Safety and Environmental Enforcement ("*BSEE*")-approved owner of the Applicable ROW;

Exhibit B_000076

**1.8**   ***Default*** means BOEM's determination that the Principal has failed to timely perform the Decommissioning Obligations.

**2.**   The Principal, the Surety, and the Co-Obligees further agree to the following:

**2.1**   The Surety hereby guarantees, to each of the Co-Obligees, the full and faithful performance by Principal of the entirety of the Decommissioning Obligations. Under no circumstances, however, does such guarantee by the Surety exceed the penal sum of the Bond at any time in effect.

**2.2**   The Principal, as agent on behalf of all ROW Holders with an interest in the Applicable ROW, will fulfill the Decommissioning Obligations to the same extent as though the Principal were the sole interest owner of the Applicable ROW from the Assignment Transaction.

**2.3**   The Surety does hereby absolutely and unconditionally bind itself to each of (i) BOEM Obligee and (ii) Additional Named Obligee for all sums required to fund the performance of the Decommissioning Obligations, up to the penal sum of the Bond, regardless of the number of years this Bond is in force.

**2.4**   The Surety will be responsible to each of the Co-Obligees for all Decommissioning Obligations of the Principal until the earlier of: (a) the satisfaction of all Decommissioning Obligations, (b) if the Bond is called, the Surety has provided the funds up to the penal sum of the Bond, or (c) the Decommissioning Obligations are covered by replacement financial assurance approved in writing by each of BOEM Obligee and Additional Named Obligee which specifically secures the Decommissioning Obligations.

**2.5**   If the Regional Director terminates the period of liability of this Bond in accordance with 30 CFR 556.906, the Surety will remain responsible to the Co-Obligees for Decommissioning Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the Bond in favor of the Surety. If Principal is required to provide a replacement bond pursuant to 30 CFR 556.906, then the Principal shall ensure that both the BOEM Obligee and the Additional Named Obligee are named obligees under such replacement bond.

**2.6**   If this Bond is cancelled, the Regional Director may reinstate this Bond as if no cancellation had occurred if any payment for performance of any Decommissioning Obligation of the Principal is rescinded or must be restored or repaid pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has performed the Decommissioning Obligations in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the Bond.

**2.7**   The Surety waives any right of notice of this Bond taking effect and agrees that this Bond will take effect as to each Co-Obligee upon delivery to such Co-Obligee.

**2.8**   Unless explicitly terminated, cancelled, or modified by both BOEM Obligee and Additional Named Obligee in writing, and as provided for in this Bond, the Surety's obligations will remain in full force and effect, even if:

Exhibit B_000077

a)    The Principal or any other person assigns all or part of any interest in an Instrument or in the Applicable ROW covered by this Bond;

b)    Any person modifies an Instrument in any manner, including modifications that result from (i) a commitment to a unit, cooperative, or communitization, or storage agreement; (ii) suspension of operations or production; (iii) suspension or changes in rental, minimum royalty, or the payment of royalties; (iv) modification of regulations or interpretations of regulations; (v) creation or modification of compensatory royalty agreements or payments; or (vi) creation of any mortgage, pledge, or other grant of security interest in an Instrument or the Applicable ROW;

c)    Any person, event, or condition terminates any Instrument or the Applicable ROW interest covered by this Bond prior to the date on which this Bond terminates in accordance with its terms, whether the termination is by operation of law or otherwise; or

d)    Either Co-Obligee takes or fails to take any enforcement action against, or fails to give notice to, or make demand of, any party to any Instrument, concerning the payment or non-payment of rentals or royalties or the performance or non-performance of any other covenant, term, or condition of the Applicable ROW, or any contract entered into with respect to the Assignment Transaction.

2.9    BOEM Obligee will contemporaneously send a copy to Additional Named Obligee of any notice of Default sent to Principal or Surety.

2.10   After a Default, and upon demand by either of the Co-Obligees, the Surety will provide to such Co-Obligee making demand, pursuant to the procedures set forth in this Paragraph 2, payments up to the penal sum of the Bond to satisfy the Decommissioning Obligations.

2.11   Upon Default by the Principal, BOEM Obligee has the right to call the Bond, or a portion of the Bond, by demand upon the Surety without any requirement that BOEM Obligee confer with, or obtain the agreement of, Additional Named Obligee, subject to the procedures, rights and obligations set forth in this Paragraph 2.

2.12   Prior to calling the Bond pursuant to Paragraph 2.11, BOEM Obligee will provide Additional Named Obligee with thirty (30) calendar days' advance written notice ("**BOEM Notice Period**") of BOEM Obligee's intention to call the Bond (or portion thereof) and stating the scope of the Decommissioning Obligations upon which Principal has defaulted. If, within the BOEM Notice Period, Additional Named Obligee commits in writing to BOEM Obligee to timely undertake the requisite activities to address the Decommissioning Obligations upon which Principal has defaulted, BOEM Obligee will direct the Surety to pay to Additional Named Obligee the proceeds of the Bond (or portion thereof). Additional Named Obligee will utilize the proceeds of the Bond exclusively to diligently and continuously prosecute the performance of the requisite operations and activities until such time as the Decommissioning Obligations then requiring performance are satisfied.

2.13   If BOEM Obligee calls the Bond, and within the BOEM Notice Period, Additional Named Obligee does not commit in writing to perform the Decommissioning Obligations, BOEM

Exhibit B_000078

Obligee has the right to receive performance of the Decommissioning Obligations by, or the payment of the Bond proceeds from, the Surety, with no further obligation to inform the Additional Named Obligee or any other party and BOEM Obligee will place the proceeds of the Bond into an appropriate account and dedicate the proceeds to the performance of activities to address the Decommissioning Obligations then requiring performance.

2.14    Upon Default, Additional Named Obligee may call the Bond by demand upon the Surety if (a) Additional Named Obligee provides BOEM Obligee with thirty (30) calendar days' advance written notice ("***Additional Named Obligee Notice Period***") of its intention to call the Bond (or portion thereof), and (b) agrees in writing to use the proceeds of the Bond exclusively to diligently and continuously prosecute the performance of the requisite operations and activities until such time as the Decommissioning Obligations then requiring performance are satisfied.  Additional Named Obligee hereby acknowledges that this Bond and the procedures relating to utilization of Bond proceeds do not reduce or otherwise modify its regulatory liabilities associated with the Decommissioning Obligations until such Decommissioning Obligations are satisfied.

2.15    If Additional Named Obligee receives Bond proceeds under any of the provisions of this Paragraph 2, the proceeds will be placed into an escrow or other appropriate account in a federally-insured bank or a federally-insured thrift institution mutually acceptable to the Co-Obligees.  In order to give Additional Named Obligee appropriate access to Bond proceeds pursuant to this Paragraph 2.15, the agreement establishing the escrow or other appropriate account into which bond proceeds are deposited will provide for Additional Named Obligee to have the sole authority to make a withdrawal or series of withdrawals upon submitting to BSEE applicable permits for the contemplated decommissioning operations made the subject of the Default.   Additional Named Obligee pledges to use funds from this escrow or other appropriate account only for satisfying the Decommissioning Obligations then requiring performance.

2.16    If Additional Named Obligee receives bond proceeds under Paragraph 2.12 or withdraws Bond proceeds under Paragraph 2.15, but fails to commence performance of the Decommissioning Obligations, as specified in the regulations at 30 C.F.R., Part 250, subpart Q, within ninety (90) calendar days of receiving/withdrawing the Bond proceeds, or as otherwise mutually agreed in writing, Additional Named Obligee shall immediately tender to BOEM Obligee the proceeds of the Bond to arrange for performance of the requisite activities to address the Decommissioning Obligations then requiring performance.  In order to give BOEM Obligee immediate access to the remaining Bond proceeds pursuant to this Paragraph 2.16, the Additional Named Obligee will provide, in the agreement establishing the escrow or other appropriate account into which Additional Named Obligee deposits the Bond proceeds, terms that authorize BOEM Obligee, after notifying Additional Named Obligee of Additional Named Obligee's failure to timely commence Decommissioning Obligations, to make withdrawals from the account consistent with this Paragraph 2.16.  Additional Named Obligee tendering bond proceeds to BOEM Obligee under this Paragraph 2.16 shall not prevent Additional Named Obligee from calling the Bond up to the remaining penal sum of the Bond upon the occurrence of any subsequent default.

Exhibit B_000079

2.17 Regardless of which Co-Obligee calls the Bond, and notwithstanding anything else to the contrary herein, any and all proceeds attributable to forfeiture, or call, of the Bond must be applied solely and exclusively to extinguish the Decommissioning Obligations, regardless of insolvency, bankruptcy, or default of the Principal, or an assignment by the Principal of all or part of its interests in the Applicable ROW, and all operations and activities necessary to be performed to extinguish such Decommissioning Obligations must be timely performed in accordance with the regulations of the Department of the Interior.  Nothing in this Paragraph 2.17 shall result in Surety's obligation to pay Bond proceeds in an amount greater than the penal sum amount of this Bond.

2.18 Notwithstanding anything else to the contrary herein, any payment of Bond proceeds made by Surety to either Co-Obligee or as directed by either Co-Obligee reduces the Bond penal sum amount regardless of any judicial action that results in BOEM reinstatement of this Bond.

2.19 Any assignment of all right, title, and interest in an Instrument or in the Applicable ROW, in whole or in part, by the Principal shall require at least fourteen (14) business days' prior written notice to the Surety.

3. **Miscellaneous**

3.1 Nothing in this Bond expands the obligations and liabilities of Additional Named Obligee associated with the Applicable ROW pursuant to contract or law, and all such obligations and liabilities will be limited to the obligations and liabilities that accrued while Additional Named Obligee was a ROW Holder, as that term is used herein.

3.2 If either Co-Obligee decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not the other Co-Obligee joins such proceeding.

3.3 In the event there is more than one surety, or there are other types of financial assurance securing the Principal's performance of the Decommissioning Obligations, the Surety's obligation and liability under this Bond is on a "solidary" or "joint and several" basis along with such other surety(ies) and along with any other providers of such financial assurance.

3.4 The Surety agrees that, within five (5) calendar days after learning that it has been de-listed from the Circular No. 570, and/or of any action filed alleging the insolvency or bankruptcy of the Surety, or alleging any violation that would result in suspension or revocation of the Surety's certificate of suretyship, charter, or license to do business, the Surety will give notice to the Principal and the Co-Obligees.

3.5 The Principal agrees that, within five (5) calendar days after learning that the Surety has become bankrupt or, insolvent, or the Surety has had its charter or license to do business suspended or revoked, or is no longer named in the current Circular 570, the Principal will, at its sole cost and expense, substitute a bond identical in all material respects to this Bond from another Qualified Surety (as defined above).

Exhibit B_000080

3.6     The Principal agrees that, within five (5) calendar days of learning of any action filed alleging the insolvency or bankruptcy of the Principal, or alleging any violation that would result in suspension or revocation of the Principal's charter, or license to do business, it will notify the Co-Obligees and the Surety.

3.7     The Surety's obligation and liabilities under this Bond are binding upon the Surety's successors and assigns, if any. Nothing in this Bond permits assignment of the Surety's obligation without the written consent of each of the Co-Obligees.

3.8     The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

3.9     No forbearance by either of the Co-Obligees will release the Principal and the Surety from any liability under this Bond to any Co-Obligee.

3.10    The penal sum of the Bond will be reduced by and to the extent of any payments made by Surety hereunder, or its successors and assigns, if any; however the Bond will remain in full force and effect for the remaining balance of the Bond until all the Decommissioning Obligations are satisfied, or until a replacement bond from a Qualified Surety or other form of financial assurance acceptable to each Co-Obligee, in its sole discretion, is provided.

3.11    No right or action will accrue on this Bond to or for the use of any Person other than the Principal, Surety, the Additional Named Obligee, and the BOEM Obligee, and their respective heirs, executors, debtor(s) in possession, administrators, assigns, or successors, pursuant to the terms of this Bond and applicable law.

3.12    A notice or communication under or in connection with this Bond shall be in writing and shall be deemed to have been duly given or made when (a) delivered by hand by a recognized courier delivery service, on the date shown on the receipt, or (b) in the case of delivery by United States certified mail with return receipt requested and postage prepaid, on the date of delivery.  The addresses for all notices are as follows:

> Principal:
>
> Fieldwood Energy Offshore LLC
> 2000 West Sam Houston Parkway South, Suite 1200
> Houston, TX  77042
> Attn:  Mr. Mark Mozell, Vice President Risk Management, Insurance
> Telephone:  713-969-1133
>
> With a copy to:
>
> Fieldwood Energy Offshore LLC
> 2000 West Sam Houston Parkway South, Suite 1200
> Houston, TX  77042
> Attn:  Mr. Tommy Lamme, General Counsel
> Telephone:  713-969-1107

Exhibit B_000081

Additional Named Obligee:

Marathon Oil Company
5555 San Felipe Street
Houston, TX 77056
Attn: Jim Sandoval, Assistant Treasurer
Telephone: 713-296-4623

With a copy to:

Marathon Oil Company
5555 San Felipe Street
Houston, TX 77056
Attn: Mr. G. Adam Dempsey, Senior Counsel-Acquisitions &
Dispositions
Telephone: 713-296-2608

BOEM Obligee:

Bureau of Ocean Energy Management
1201 Elmwood Park Boulevard
New Orleans, Louisiana 70161
Attention: Regional Director
Telephone: 504-736-0557

Surety:

Sirius America Insurance Company
140 Broadway, 32nd Floor
New York, NY 10005-1108
Attn: Ms. Sarah Heineman
Telephone: (713) 409-9918

A party to this Bond may change its address for notices by written notice to the other parties.

3.13   BOEM Obligee acknowledges that DAA and Principal are parties to the Assignment Transaction, whereby Principal acquired the infrastructure associated with the Applicable ROW, and BOEM Obligee agrees that it has no rights, duties or obligations pursuant to the Assignment Transaction, and it is not a third-party beneficiary under the agreements relevant to the Assignment Transaction. Additional Named Obligee and Principal acknowledge that BOEM Obligee may enforce its regulations concerning the obligations of assignors and assignees.

Exhibit B_000082

**3.14** This Bond will be subject to, and interpreted in accordance with, federal law and, in the absence of federal law, the law of the State of Texas. All disputes arising out of or in connection with this Bond shall be resolved exclusively in the federal courts in Texas and the parties hereto consent to the jurisdiction and venue of such courts.  Without limiting the foregoing, all regulations governing surety bonds included within 30 CFR 556.900, *et seq*. are incorporated herein by reference for the benefit of both BOEM Obligee and Additional Named Obligee.

**3.15** Any decommissioning obligations associated with the Applicable ROW for which Additional Named Obligee has no liability shall be covered by separate and distinct financial assurance provided to BOEM Obligee by Principal or another party.

**3.16** This Bond may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument. Any .pdf (portable document format) or other electronic transmission hereof or signatures hereon shall, for all purposes, be deemed originals.

*[Signature Pages Follow]*

Exhibit B_000083

IN WITNESS WHEREOF, the above bound parties have executed this instrument to be effective on the Effective Date, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

**PRINCIPAL: Fieldwood Energy Offshore LLC**

WITNESSES:

By:

Name:     John H. Smith

Title:     Vice President

**SURETY:  Sirius America Insurance Company**

WITNESSES:

By:

Name:     Teresa D. Kelly

Title:     Attorney-in-Fact

Malissa Haddick

Megan Sivley

**ADDITIONAL NAMED OBLIGEE:     Marathon Oil Company**

WITNESSES:

By:

Name:     T. Mitch Little

Title:     Executive Vice President, Operations

**BOEM OBLIGEE: United States Department of the Interior
By: Bureau of Ocean Energy Management**

WITNESSES:

By:

Name:

Title:

*[Signature Page to Multi-Obligee Supplemental Bond for Right-of-Way OCS-G29417]*

Exhibit B_000084

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND



## Sirius
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In Fact No. 1800007-403001

Certificate No. 000388

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of Houston _____, State of Texas _____, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 14th day of March , 20 18

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 14th day of March , 20 18 before me personally appeared D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the 30 day of November, 2022

_____
Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
*MY COMMISSION EXPIRES NOV. 30, 2022*

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 16th day of September, 20 19.

By: _Robert P. Kuehn_
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

Exhibit B_000086

WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND



**Sirius**
America
Insurance Company

## POWER OF ATTORNEY

Attorney-In Fact No. 1800007-403001

Certificate No. 000390

**KNOW ALL PERSONS BY THESE PRESENTS:** That Sirius America Insurance Company is a stock insurance company duly organized and existing under the laws of the State of New York (hereinafter the "Company"), and that the Company does hereby make, constitute and appoint

Dan W. Burton, Craig C. Payne, Teresa D. Kelly, Melissa Haddick, Laura L. Kneitz, Rheagyn L. White

of the City of Houston_____, State of Texas_____, its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance or conditional undertaking on behalf of the Company.

**IN WITNESS WHEREOF,** the Company has caused this instrument to be signed and its corporate seal to be hereto affixed, this 14th day of March_____, 20 18

By: _____
D. Matthew Olsen
Senior Vice President

STATE OF CONNECTICUT
COUNTY OF HARTFORD ss.

On this 14th day of March_____, 20 18 before me personally appeared  D. Matthew Olsen, who acknowledged himself to be the Senior Vice President of Sirius America Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporation by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.
My Commission expires the 30 day of November, 2022

_____ Notary Public

**PATRICIA A. McANDREW**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2022

**WARNING: THIS POWER OF ATTORNEY IS INVALID UNLESS PRINTED ON BLUE BACKGROUND**

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Board of Directors of Sirius America Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chief Executive Officer, the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking, and any of the said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chief Executive Officer, the President, or any Senior Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Senior Vice President, the Corporate Secretary or any Assistant Secretary and duly attested by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers:  President, any Senior Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached; and it is

**FURTHER RESOLVED,** that the foregoing shall not be deemed an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and it shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

I, Robert P. Kuehn, the undersigned, Secretary, of Sirius America Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Company, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Company this 16th day of September, 2019.

By: _Robert P. Kuehn_
Robert P. Kuehn
Secretary

To verify the validity of this Power of Attorney, please call 1.844.312.4357. Please refer to the Certificate No. and other details in this Power of Attorney as well as the details of the bond to which the power is attached.

page 2

Exhibit B_000088



## Executed Bond Report

### Everest Reinsurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** **ES00001441**<br><br>**Date:** 8/30/2018 |
|---|---|---|

**Principal:**   Fieldwood Energy LLC

**Obligee Name and Address:**   Apache Corporation
Filed with: Apache Corporation
2000 Post Oak Blvd Suite 100
Houston,   TX  77056-

| **Power of Attorney No.** |
|---|
| ES050R10003 |

| **Effective Date:**<br>From     8/30/2018  To        8/30/2019 | **Bond Amount:** Everest Re: $25,000,000.00<br>TMHCC: $50,000,000.00 | **Premium:** Everest Re: $437,500.00<br>TMHCC: $875,000.00 |
|---|---|---|
| **Rate:**<br>1.75% | **Commission %**   Everest Re: 30%<br>TMHCC: 20% | **Commission Amount**   Everest Re $131,250.00<br>TMHCC     $175,000.00 |

**Description:**

Payment Bond related to Decommissioning Agreement dated September 30, 2013 ($50MM of the$75MM fronted by Everest Re on behalf of TMHCC)

**Renewal Type:**

Continuous Until Cancelled/Released

**Cancellation Provision:**

Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond

**Comments:**

Approved as per Jessica Mann's 8/29/2018 email.

Alliant Insurance Services, Inc. □ 5444 Westheimer □ Suite 900 □ Houston, TX 77056
PHONE (832) 485-4000 □ FAX (832) 485-4001 □ www.alliantinsurance.com

Exhibit B_000089

*Execution Version*

# Payment Bond

**Bond No.** ES00001441                       **Penal Sum: $75,000,000.00**

### Know All Men By These Presents,

**That *Fieldwood Energy LLC***, a Delaware limited liability company with its principal office at 2000 W. Sam Houston Parkway S, Suite 1200, Houston, Texas 77042 (hereinafter called "**Principal**"), and ***Everest Reinsurance Company***, a Delaware corporation with an office at 451 5ᵗʰ Avenue, New York, New York 10017 (hereinafter called "**Surety**"), authorized to do and doing a surety business in the State of Texas, and meeting, and shall continue to meet, the requirements, if any, established for a surety by any governmental authority having jurisdiction, are held and firmly bound unto ***Apache Corporation***, a Delaware corporation (hereinafter called "**Obligee**" or "**APA**") with an office at 2000 Post Oak Blvd., Suite 100, Houston, Texas 77056, in the original penal amount of Seventy-Five Million and No/100 Dollars ($75,000,000.00), referred to herein as the "**Stated Amount**", exclusive of reasonable attorney's fees, court costs and expenses, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, and successors and assigns, jointly, severally and solidarily, firmly by these presents.

**WHEREAS**, Obligee, along with Apache Shelf, Inc., a Delaware corporation ("**APSH**"), Apache Deepwater LLC, a Delaware limited liability company ("**APDW**"), and Apache Shelf Exploration LLC, a Delaware limited liability company ("**ASE**"), and Principal, along with GOM Shelf LLC, a Delaware limited liability company ("**GOM**" collectively, with Principal shall be referred to herein as "**Fieldwood**"), entered into that certain Decommissioning Agreement dated as of September 30, 2013 (as amended, the "**Agreement**"); and

**WHEREAS**, Obligee, Principal, and Surety may sometimes be referred to in this Payment Bond (the "**Bond**") individually as a "**Party**" and collectively as the "**Parties**"; and

**WHEREAS**, capitalized terms used, but not defined herein, shall have the meanings given such terms in the Agreement; and

**WHEREAS**, Principal has obtained this Bond in accordance with its obligations under the Agreement.

**NOW, THEREFORE**, for good and valuable consideration, the Parties agree as follows:

1. **Term and Termination.** This Bond is for an initial term beginning August 30, 2018 and ending on August 30, 2019 (the "**Initial Term**"). This Bond will automatically renew for additional twelve (12) month periods (each a "**Subsequent Term**") unless the Surety provides to the Obligee, by certified mail (return receipt requested), overnight courier or by any other receipted means, advance written notice, no earlier than ninety (90) days and no later than sixty (60) days from the end of the

Initial Term or any Subsequent Term, as applicable, of its intent not to renew the Bond. It is understood and agreed that Surety shall, upon demand in the form of a Drawing Request (as defined in Section 2(a) below) made by Obligee, without any notice other than such Drawing Request, and without any further action by the Obligee, deliver to Obligee cash not later than the Demand Compliance Deadline (as defined in this Section 1 below) in the full amount of the Bond (less any previous amounts paid to the Obligee under the Bond). This Bond shall remain in full force and effect as to obligations incurred by Principal during the term of this Bond; provided, however:

(a) This Bond shall automatically terminate (without any requirement for further notice, amendment or other formality or action of any person) upon Surety's receipt of a Termination Notice, accompanied by the original of this Bond and executed by both Principal and Obligee in substantially the form of Exhibit D.

(b) The Stated Amount of this Bond shall from time to time automatically reduce (without any requirement for further notice, amendment or other formality or action of any person) upon Surety's receipt of a Reduction Notice executed by both Principal and Obligee in substantially the form of Exhibit C.

(c) This Bond shall terminate upon Surety's payment(s) to Obligee in an aggregate amount equal to the Stated Amount and as applicable, the amounts described in Sections 2(e) and 6.

A "**Demand Compliance Deadline**", for any Drawing Request, means the seventh business day after delivery of such Drawing Request in accordance with Section 3 below.

2.   **Payments.**

(a) Without limitation of Obligee's right to demand cash in accordance with Section 1 above, funds under this Bond are available to Obligee upon Surety's receipt of either (i) a Decommissioning Drawing Request in substantially the form of Exhibit A or (ii) a Non-Extension Drawing Request in substantially the form of Exhibit B (each of (i) and (ii) being a "**Drawing Request**") signed by an authorized officer of Obligee. For clarity purposes and not intended to expand or limit the provisions of the Agreement, the Parties acknowledge that Surety is not required, and does not have the obligation or option, to perform any Decommissioning on behalf of either Principal or Obligee.

(b) Multiple and partial payments under this Bond are allowed. The Stated Amount of this Bond shall be reduced by the amount of any such payments.

(c) Surety hereby agrees that each Drawing Request presented under and in compliance with the terms and conditions of this Bond will be duly honored upon presentation to Surety, and Surety agrees to make payment in full on the Demand Compliance Deadline.

(d) In the event that a Drawing Request fails to comply with the terms and conditions of this Bond but is presented on or before the expiration of the Initial Term or any Subsequent Term, as applicable, Surety shall provide Principal and Obligee with prompt notice of same stating the reasons therefor and shall hold any non-conforming Drawing Request at Obligee's disposal or return any non-conforming Drawing Request to Obligee at the address set forth above by overnight courier. Upon being notified that the Drawing Request was not effected in compliance with this Bond, Obligee may attempt to correct such non-complying Drawing Request in accordance with the terms and conditions hereof.

(e) Payments hereunder shall be made by Surety to Obligee (a) by wire transfer in United States Dollars of immediately available funds in the amount of such payment in accordance with Obligee's instructions set forth in, or accompanying, the Drawing Request and (b) without any deduction, recoupment, diminution, set- off, counterclaim, defenses or withholding (other than deduction or withholding of tax required by law, which shall be permitted), and Surety expressly waives any such right, claim or defense. **If Surety does not make a payment to Obligee on the date it is due to be paid according to the terms of this Bond, such overdue amount shall accrue interest until paid at (a) a simple interest rate equal to 12% per annum (based on 30-day months and a 360-day year) or (b) if less, the maximum rate permitted by applicable law.**

(f) The aggregate liability of Surety under this Bond shall not exceed the Stated Amount plus, as applicable, the amounts described in Sections 2(e) and 6.

3. **Address for Notices.** All Drawing Requests and communications with respect to this Bond shall be in writing, referencing this Bond Number ES00001441,   and sent by overnight courier, delivery in person, facsimile transmission or by electronic mail (with the original by overnight courier in the case of facsimile transmission or electronic mail but delivery shall be deemed to occur upon receipt of the facsimile transmission or electronic mail, as applicable) to the addresses for Surety set forth below:

|  **If to Obligee:** | **If to Principal:** |
|---|---|
| Apache Corporation | Fieldwood Energy LLC |
| 2000 Post Oak Blvd, Suite 100 | 2000 West Sam Houston Pkwy South |
| Houston, Texas 77056 | Suite 1200 |
| | Houston, Texas 77042 |
| Attn: Treasury Dept | Attn: Michael T. Dane |
| Facsimile: 713-296-6675 | Facsimile: 713-969-1099 |
| Email: | Email: mdane@fwellc.com |
| FieldwoodDecommissioning@apachecorp.com | |

**If to Surety:**

Everest Reinsurance Company
451 5th Avenue,
New York, New York 10017
Attn: <u>Tony Romano</u>
Facsimile: 646.746.1991
Email: tony.romano@everestre.com

4. **Conditions.** The obligations of the Surety under this Bond shall be unconditional and irrevocable and the Obligee's Drawing Request shall be accepted by the Surety as conclusive proof that the amount demanded is due and payable by the Surety to the Obligee under this Bond.  The Surety, whether in its capacity as surety or subrogee of the Principal, waives, to the fullest extent permitted by applicable law, each and every right which it may have to contest Obligee's computation or payment of the obligations or the Obligee's application of the bond proceeds to the obligations.  The Surety waives any and all defenses or counterclaims related to Surety's obligations under this Bond and expressly agrees that no genuine issue of fact exists that would prevent or preclude Surety's obligations to comply with any Draw Request.

Surety's obligations under this Bond are not subject to any condition or qualification except as expressly set forth herein and are not contingent on (i) the ability of the Surety to perfect any lien or security interest on any asset or property of the Principal or any other person; or (ii) the Surety's ability to obtain indemnification from the Principal or any other person; or (iii) any other circumstances which might otherwise constitute a legal or equitable discharge or defense for Surety.

5. **Costs**. Principal shall pay all commissions and charges for this Bond.  Principal's failure to pay any such charges shall not (i) be grounds for termination of this Bond, or (ii) hinder, delay, or otherwise excuse Surety's obligations hereunder.

6. **Expenses**. Surety shall pay upon demand all costs incurred by Obligee in the enforcement of this Bond, including expenses and reasonable attorney fees.  Surety's obligation to pay such costs shall be in addition to other amounts owed pursuant to this Bond and shall not be limited by the maximum Stated Amount of this Bond.

7. **Representations and Warranties**.  Surety represents and warrants to Obligee that as of the date of this Bond and as of the date of commencement of each Subsequent Term:

(a) Surety has the legal power to execute and deliver this Bond and to perform in accordance with its terms.  All necessary actions have been taken to authorize the execution and delivery of this Bond and performance in accordance with its terms.  This Bond is a legal, valid and binding obligation of Surety.

(b) There is no action or proceeding pending or, to Surety's knowledge, threatened before any court, arbitrator, or governmental agency that may materially and adversely affect Surety's ability to perform its obligations under this Bond.

(c) There is no fact that Surety has not disclosed in writing to Obligee of which Surety is aware or which Surety can reasonably foresee that would materially adversely affect Surety or the ability of Surety to perform its obligations hereunder.

8. **Assignment**. No Party shall assign this Bond or any part hereof without the prior consent of the other Parties; provided, however, that without such consent, APA can assign this Bond in whole or in part to (i) APSH, APDW, or ASE and (ii) any permitted assignee of APA, APSH, APDW, or ASE under the Agreement, such assignment on a pro rata basis to such assignee's interest in the Agreement.  Subject to the forgoing, this Bond shall be binding upon the and inure to the benefit of the Parties and their respective permitted successors and assigns; provided however, that no assignment shall in any way diminish Surety's obligations hereunder.

5

**IN WITNESS WHEREOF**, the above Parties have executed this instrument under their several seals, as required, on the dates noted below but to be effective as of the 30th day of August, 2018, the name and corporate seal of each corporate party being hereto affixed and those presents duly signed by its undersigned representative pursuant to authority of its governing body.

**APACHE CORPORATION**

By: _____
Name:
Title:


**FIELDWOOD ENERGY LLC**

By: _____
Name: Michael T. Dane
Title: Senior Vice President and Chief Financial Officer


**EVEREST REINSURANCE COMPANY**

By: _____
Name: Teresa D. Kelly
Title: Attorney-in-Fact

6

## EXHIBIT A

## FORM OF DECOMMISSIONING DRAWING REQUEST

Date: _____

To:

[Surety]

Attention:

Re:      Your Payment Bond No._____ (the "**Payment Bond**")

Ladies and Gentlemen:

      The undersigned individual, an authorized officer of [insert name of the Obligee] (the "**Obligee**"), hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of [insert name of the Principal] (the "**Principal**"), as follows as of the date hereof (any capitalized term used in this Decommissioning Drawing Request and not defined in this Decommissioning Drawing Request shall have its respective meaning as set forth in the Payment Bond):

      1.      The undersigned is authorized to make the drawing request pursuant to this Decommissioning Drawing Request on behalf of the Obligee.

      2.      The Obligee is entitled to make a drawing in the amount of [$_____] (the "**Drawing Amount**") pursuant to the terms and conditions of the Payment Bond and of the Decommissioning Agreement dated as of September 30, 2013 among Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, Apache Shelf Exploration LLC, Fieldwood Energy LLC and GOM Shelf LLC (as amended, restated or otherwise modified from time to time, the "**Decommissioning Agreement**").  Such Drawing Amount does not exceed the amount available for drawing under the Payment Bond, and the Payment Bond has not expired.

      3.      Buyer has failed to reimburse and pay a Seller or its Affiliate for Reimbursable Amounts (as such terms are defined in the Decommissioning Agreement) in the amount of the Drawing Amount within the time period specified in Section 2.7(b) of the Decommissioning Agreement.

      4.      Obligee has complied with Section 3.2(a)(i) and Section 3.2(a)(ii) of the Decommissioning Agreement.

      5.      The Drawing Amount does not exceed the amount Obligee is entitled to draw under the Payment Bond pursuant to the Decommissioning Agreement.

6.      The Obligee has provided or will provide the Principal with a copy of this Decommissioning Drawing Request on the date hereof by facsimile transmission to:

[insert name of the Principal]
Attention: [_____]
Facsimile: [_____].

7.      Please remit payment in the amount of [$_____] in immediately available funds, by wire transfer, to the order of Obligee in accordance with the following payment instructions:

[insert payment instructions]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Decommissioning Drawing Request on [insert date of the Decommissioning Drawing Request].

**[INSERT NAME OF THE OBLIGEE]**


By:_____
Name:
Title:

2

**Exhibit B**

**FORM OF NON-EXTENSION DRAWING REQUEST**

**<u>Non-Extension Drawing Request</u>**
[insert name and address of the Obligee]
[_____]
[_____]
[_____]

[insert date of the Non-Extension Drawing Request]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

Drawn under [insert name of the Surety]
Payment Bond Number [insert number of the Payment Bond]
Dated [insert date of the Payment Bond]

Ladies and Gentlemen:

The undersigned individual, an authorized officer of [insert name of the Obligee] (the "**Obligee**"), hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of [insert name of the Principal] (the "**Principal**"), as follows as of the date hereof (any capitalized term used in this Non-Extension Drawing Request and not defined in this Non-Extension Drawing Request shall have its respective meaning as set forth in the Payment Bond):

1.      The undersigned is authorized to make this Non-Extension Drawing Request on behalf of the Obligee.

2.      The Obligee is entitled to make a drawing in the amount of [$_____] pursuant to the terms of the Payment Bond and the Decommissioning Agreement dated as of September 30, 2013 among Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, Apache Shelf Exploration LLC, Fieldwood Energy LLC and GOM Shelf LLC (as amended, restated or otherwise modified from time to time).  Such Drawing Amount does not exceed the amount available for drawing under the Payment Bond, and the Payment Bond has not expired.

3.      The Obligee has provided or will provide the Principal with a copy of this Non-Extension Drawing Request on the date hereof by facsimile transmission to:

[insert name of the Principal]
Attention: [_____]

Facsimile: [_____].

4.     Please remit payment in the amount of [$_____] in immediately available funds, by wire transfer, to the order of Obligee in accordance with the following payment instructions:

[insert payment instructions for the Trust A Account]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Non-Extension Drawing Request on [insert date of the Non-Extension Drawing Request].

**[INSERT NAME OF THE OBLIGEE]**

By:_____
Name:
Title:

2

Exhibit B_000099

## EXHIBIT C

## FORM OF REDUCTION NOTICE

### Reduction Notice

[insert name and address of the Principal]
[_____]
[_____]
[_____]

[insert date of the Reduction Notice]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

Re:    Payment Bond No. [__] issued by
[insert name of Surety];

Ladies and Gentlemen:

Each of the undersigned individuals, authorized officers of [insert name of the Principal] (the "**Principal**") and [insert name of Obligee] (the "**Obligee**"), respectively, hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of the Principal, as follows as of the date hereof (any capitalized term used in this Reduction Notice and not defined in this Reduction Notice shall have its respective meaning as set forth in the Payment Bond):

1.    Each of the undersigned is authorized to execute and deliver this Reduction Notice on behalf of the Principal and the Obligee, respectively.

2.    The Drawing Amount under the Payment Bond shall be reduced to the following: [$_____].

Accordingly, in accordance with the requirements of the Payment Bond, upon the Surety's receipt of this Reduction Notice, the Drawing Amount under the Payment Bond shall automatically be reduced to [$_____] without any requirement for further, amendment or other formality or action of any person.

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Reduction Notice on [insert date of the Reduction Notice].

**[INSERT NAME OF THE PRINCIPAL]**


By:_____
Name:
Title:


**[INSERT NAME OF THE OBLIGEE]**


By:_____
Name:
Title:

2

**EXHIBIT D**

**FORM OF TERMINATION NOTICE**

**Termination Notice**

[insert name and address of the Principal]

[_____]
[_____]
[_____]

[insert date of the Termination Notice]

[insert name and address of the Surety]

[_____]
[_____]
[_____]

Re:     Payment Bond No. [__] issued by
[insert name of Surety];

Ladies and Gentlemen:

Each of the undersigned individuals, authorized officers of [insert name of the Principal] (the "**Principal**") and [insert name of Obligee] (the "**Obligee**"), respectively, hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of the Principal, as follows as of the date hereof (any capitalized term used in this Termination Notice and not defined in this Termination Notice shall have its respective meaning as set forth in the Payment Bond):

Each of the undersigned is authorized to execute and deliver this Termination Notice on behalf of the Principal and the Obligee, respectively.

Accordingly, in accordance with the provisions of the Payment Bond, the Payment Bond shall automatically be terminated (without any requirement for further notice, amendment or other formality or action of any person) upon the Surety's receipt of this Termination Notice.

1

Exhibit B_0000102

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Termination Notice on [insert date of the Termination Notice].

**[INSERT NAME OF THE PRINCIPAL]**

By:_____

Name:

Title:

**[INSERT NAME OF THE OBLIGEE]**

By:_____

Name:

Title:

2

Exhibit B_0000103

**Alliant**

## Executed Bond Report

### Everest Reinsurance Company

| **Account Name and Address:** | Fieldwood Energy LLC 2000 W Sam Houston Pkwy S, Suite 1200 Houston,  TX  77042 | **Bond No:** ES00001442 |
|---|---|---|
| | | **Date:** 10/13/2018 |

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:** From   10/13/2018  To   10/13/2019 | **Bond Amount:** $506,661.00 | **Contract Amount:** $0.00 | **Premium:** $4,433.29 |
|---|---|---|---|
| **Rate:** 0.875% | **Commission %** 0.000% | **Commission Amount** $0.00 | **State Surchg-Fee:** $0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G07890 - All of Block 203, Viosca Knoll, as shown on OCS Official Protraction Diagram, NH16-07

**Renewal Type:**                                    **Cancellation Provision:**

Continuous Until Cancelled/Released            Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond

**Comments:**

Approved as per Jessica Mann's 9/26/2018 email.

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. __ES00001442__                  OCS Lease/RUE/ROW No. __OCS-G07890__

Bond Type __Supplemental__                  Amount __$506,661.00__

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

| | |
|---|---|
| The **Surety** is the entity Guaranteeing Performance. | |

Name of Surety: __Everest Reinsurance Company__

Mailing Address: __P.O. Box 830__

__Liberty Corner, NJ 07938 - 0830__

If a Corporation, Incorporated in the State of: __Delaware__    ; County or Parish of: __Somerset__

[✓] Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: __Fieldwood Energy LLC__

Mailing Address: __2000 W Sam Houston Pkwy S, Suite 1200__

__Houston, TX 77042__

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: __All of Block 203, Viosca Knoll, as shown on OCS Official Diagram, NH16-07__

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

[ ] No Obligations other than the Obligations of the Principal during the period of liability of this bond.

[✓] All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

[ ] All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways:  (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Everest Reinsurance Company

Name of Surety

 

Signature of Person Executing for Surety

Teresa D. Kelly, Attorney-in-Fact

Name and Title (typed or printed)

5444 Westheimer, Suite 900

Business Address

Houston, TX 77056

Business Address

Fieldwood Energy LLC

Name of Principal

 

Signature of Person Executing for Principal

John H. Smith, Senior Vice President-Land & Business Development

Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Business Address

Houston, TX 77042

Business Address

Signed on this 13th day of October , 20 18 , in the State of Texas , in the presence of:

---

Signature of Witness

Laura L. Kneitz

Name (typed or printed)

5444 Westhimer Suite 900

Address

Houston, TX 77056

Address

Signature of Witness

Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Address

Houston, TX 77042

Address

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                                                                                         **PAGE 3 OF 3**
Previous Editions are Obsolete.

Exhibit B_0000107

**Alliant**

# Executed Bond Report

| | | |
|---|---|---|
| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No: ES00001443**<br><br>**Date:** 10/13/2018 |

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

| Power of Attorney No. |
|---|
|  |

| **Effective Date:**<br>From  10/13/2018  To  10/13/2019 | **Bond Amount:**<br>$501,661.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$4,389.54 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G04921 - All of Block 204, Viosca Knoll as shown on OCS Official Protraction Diagram, NH16-07

**Renewal Type:**

Continuous Until Cancelled/Released

**Cancellation Provision:**

Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond

**Comments:**

Approved as per Jessica Mann's 9/26/2018 email.

---

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

**BOEM-2028A (June 2016)**                                                                **PAGE 1 OF 3**
Previous Editions are Obsolete.

Exhibit B_0000109

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. ES00001443      OCS Lease/RUE/ROW No. OCS-G04921

Bond Type Supplemental      Amount $501,661.00

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 204, Viosca Knoll, as shown on OCS Official Protraction Diagram, NH16-07

---

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

---

**BOEM-2028A (June 2016)**   Previous Editions are Obsolete.      **PAGE 2 OF 3**

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

**Everest Reinsurance Company**

Name of Surety

 

Signature of Person Executing for Surety

**Teresa D. Kelly, Attorney-in-Fact**

Name and Title (typed or printed)

**5444 Westheimer, Suite 900**

Business Address

**Houston, TX 77056**

Business Address

---

**Fieldwood Energy LLC**

Name of Principal

 

Signature of Person Executing for Principal

John H. Smith, Senior Vice President-Land & Business Development

Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Business Address

**Houston, TX 77042**

Business Address

---

Signed on this **13th** day of **October**, 20 **18**, in the State of **Texas**, in the presence of:

---

Signature of Witness

**Laura L. Kneitz**

Name (typed or printed)

**5444 Westhimer Suite 900**

Address

Houston, TX 77056

Address

---

Signature of Witness

Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Address

Houston, TX 77042

Address

---

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A (June 2016)**

Previous Editions are Obsolete.

**PAGE 3 OF 3**

**Alliant**

# Executed Bond Report

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** **ES00001444** |
|---|---|---|
| | | **Date:** 10/13/2018 |

**Principal:**  GOM Shelf LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From   10/13/2018  To      10/13/2019 | **Bond Amount:**<br>$2,040,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$17,850.00 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-00593 - All of Block 198, Ship Shoal Area, as shown on OCS Louisiana Leasing Map No. LA5

**Renewal Type:**                                              **Cancellation Provision:**

Continuous Until Cancelled/Released                  Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond

**Comments:**

Approved as per Jessica Mann's 9/26/2018 email.

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. __ES00001444__ OCS Lease/RUE/ROW No. __OCS-00593__

Bond Type __Supplemental__ Amount __$2,040,000.00__

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

| The **Surety** is the entity Guaranteeing Performance. |
|---|

Name of Surety: __Everest Reinsurance Company__

Mailing Address: __P.O. Box 830__

__Liberty Corner, NJ 07938 - 0830__

If a Corporation, Incorporated in the State of: __Delaware__ ; County or Parish of: __Somerset__

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

| The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued. |
|---|

Name of Principal: __GOM Shelf LLC__

Mailing Address: __2000 W Sam Houston Pkwy S, Suite 1200__

__Houston, TX 77042__

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: __All of Block 198, Ship Shoal Area, as shown on OCS Louisiana Leasing Map No. LA 5__

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions**<br><br>For the purposes of this document: | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease.<br>A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease.<br>An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.).<br>An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS.<br>A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |
|---|---|

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Everest Reinsurance Company | GOM Shelf LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith - Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this ___13th___ day of __October__, 20_18_, in the State of __Texas__, in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westhimer Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                                                                    **PAGE 3 OF 3**
Previous Editions are Obsolete.

Exhibit B_0000115

**Alliant**

# Executed Bond Report

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** **ES00001445** |
|---|---|---|
| | | **Date:**  10/13/2018 |

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,   LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From   10/13/2018  To    10/13/2019 | **Bond Amount:**<br>$2,450,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$21,437.50 |
|---|---|---|---|
| **Rate:**<br>0.875% | **Commission %**<br>0.000% | **Commission Amount**<br>$0.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G00972 - All of Block 265, East Cameron Area, South Addition, as shown on OCS Louisiana Leasing Map No, LA2A

**Renewal Type:**                                         **Cancellation Provision:**

Continuous Until Cancelled/Released           Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of Bond

**Comments:**

Approved as per Jessica Mann's 9/26/2018 email.

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. ES00001445

OCS Lease/RUE/ROW No. OCS-G00972

Bond Type Supplemental

Amount $2,450,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 265, East Cameron Area, South Addition, as shown on OCS

Louisiana Leasing Map No., LA2A.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Exhibit B_0000118

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

**Everest Reinsurance Company**

Name of Surety

**Fieldwood Energy LLC**

Name of Principal

Signature of Person Executing for Surety

Teresa D. Kelly, Attorney-in-Fact

Name and Title (typed or printed)

Signature of Person Executing for Principal

John H. Smith Vice President-Land & Business Development

Name and Title (typed or printed)

5444 Westheimer, Suite 900

Business Address

2000 W Sam Houston Pkwy S, Suite 1200

Business Address

Houston, TX 77056

Business Address

Houston, TX 77042

Business Address

Signed on this 13th day of October , 20 18 , in the State of Texas , in the presence of:

Signature of Witness

Laura L. Kneitz

Name (typed or printed)

Signature of Witness

Name (typed or printed)

5444 Westhimer Suite 900

Address

2000 W Sam Houston Pkwy S, Suite 1200

Address

Houston, TX 77056

Address

Houston, TX 77042

Address

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**
Previous Editions are Obsolete.

**PAGE 3 OF 3**

Exhibit B_0000119

# EXHIBIT B-3

**Alliant**

## Executed Bond Report

| Account Name and Address: | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | Bond No: **ES00001446** |
|---|---|---|
| | | Date:   10/13/2018 |

**Principal:**  Fieldwood Energy LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,   LA  70123-2394

**Power of Attorney No.**

| Effective Date:<br>From   10/13/2018  To     10/13/2019 | Bond Amount:<br>$3,072,500.00 | Contract Amount:<br>$0.00 | Premium:<br>$26,884.38 |
|---|---|---|---|
| Rate:<br>0.875% | Commission %<br>0.000% | Commission Amount<br>$0.00 | State Surchg-Fee:<br>$0.00 |

**Description:**
OCS Mineral Lessee's and Operator's Supplemental Bond iro covering OCS-G00974 - All of Block 278, East Cameron Area, South Addition, as shown on OCS Louisiana Leasing Map No, LA2A

**Renewal Type:**                                                    **Cancellation Provision:**
Continuous Until Cancelled/Released                    Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of Bond

**Comments:**
Approved as per Jessica Mann's 9/26/2018 email.

Friday, September 28, 2018

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

Exhibit B_0000121

**U.S. DEPARTMENT OF THE INTERIOR**
**Bureau of Ocean Energy Management**

Bond No. ES00001446          OCS Lease/RUE/ROW No. OCS-G00974

Bond Type Supplemental          Amount $3,072,500.00

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Everest Reinsurance Company

Mailing Address: P.O. Box 830

Liberty Corner, NJ 07938 - 0830

If a Corporation, Incorporated in the State of: Delaware     ; County or Parish of: Somerset

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: All of Block 278, East Cameron Area, South Addition, as shown on OCS

Louisiana Leasing Map No., LA2A.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease.<br>An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.).<br>An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS.<br>A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Everest Reinsurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith Vice President-Land & Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 13th day of October , 20 18 , in the State of Texas , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westhimer Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.



## Executed Bond Report

### Everest Reinsurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** **ES00001447** |
| --- | --- | --- |
| | | **Date:** _3/21/2019_ |

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:**
Gulfstar One LLC
Filed with: Williams Companies, Inc.
Attn: Tim Neuman
One Williams Center MD 50
Tulsa,  OK  74172-

**Power of Attorney No.**
ES050R10018

| **Effective Date:**<br>From      3/21/2019 To:      3/21/2020 | **Bond Amount:**<br>$16,000,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$170,000.00 |
| --- | --- | --- | --- |
| **Rate:** 50% @ .875<br>& 50% @ 1.25% | **Commission %**<br>0% & 30.000% | **Commission Amount**<br>$30,000.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
Performance Bond related to Gunflint Producing Handling Agreement and Gunflint Gas Export Agreement, all dated December 10, 2013

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond and underlying agreements

**Comments:**
Approved as per Jessica Mann's 3/21/2019 email. $8MM billed net and $8MM billed w/commission.

**Replacing:**   0179864

Alliant Insurance Services, Inc. ☐ 5444 Westheimer ☐ Suite 900 ☐ Houston, TX 77056
PHONE (832) 485-4000 ☐ FAX (832) 485-4001 ☐ www.alliantinsurance.com

Exhibit B_0000124

THIS BOND REPLACES AND SUPERSEDES BERKLEY INSURANCE COMPANY BOND NO. 0179864 EFFECTIVE MARCH 21, 2019.

## PERFORMANCE BOND

Bond No. ES00001447

KNOW ALL MEN BY THESE PRESENTS, that we, **Fieldwood Energy LLC, 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042**, as Principal, (hereinafter called the "Principal"), and **Everest Reinsurance Company, 451 5th Avenue, New York, NY 10017**, (hereinafter called the "Surety"), are held firmly bound unto **GULFSTAR ONE LLC, c/o Tim Neuman, Williams Companies, Inc., One Williams Center MD 50, Tulsa, OK 74172** as Obligee, (hereinafter called the "Obligee"), in the maximum penal sum of **Sixteen Million and NO/100 ($16,000,000.00) Dollars**, good and lawful money of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, administrators, executors, successors, assigns, jointly and severally, firmly by these presents.

WHEREAS, the above bound Principal has entered into certain written contracts with the above mentioned Obligee described as: **Gunflint Production Handling Agreement, Gunflint Gas Export Agreement and Gunflint Oil Export Agreement, all dated December 10, 2013** (the "Agreements"), contracts are hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

WHEREAS, the Obligee has agreed to accept a bond guaranteeing the performance of said Contracts.

NOW, THEREFORE, the condition of this obligation is such that, if the Principal shall indemnify the Obligee for any and all loss that the Obligee may sustain by reason of the Principal's failure to comply with the terms and conditions of said Contracts, then this obligation shall be null and void, otherwise it shall remain in full force and effect.

**PROVIDED HOWEVER,** that this Bond is executed by the Surety and accepted by the Obligee subject to the following expressed conditions:

- This Bond is for the term beginning **March 21, 2019** and expiring **March 21, 2020**. This bond will renew annually hereafter unless surety sends notice of non-renewal to Obligee at least ninety (90) days prior to the expiration date provided herein. It is understood and agreed that the Obligee may recover the full amount of the Bond (less any previous amounts paid to Obligee under the Bond) if the Surety cancels or non-renews the Bond and, within twenty (20) days prior to the effective date of cancellation, the Obligee has not received collateral acceptable to it to replace the Bond.

- No claim, action, suit or proceeding, except as herein set forth, shall be had or maintained against the Surety on this Bond unless same be brought or instituted and process served upon the Surety within six months following the expiration of the original term of this Bond, or extended term as provided herein.

- In the event the Principal fails to make any payments due to the Obligee under the Agreements which would constitute the basis of a default thereunder, within Ten (10) business days of Surety's receipt of a demand for payment under this Bond (hereinafter called "Demand"), Surety shall pay to the Obligee the amount of such Demand.   The Surety shall cause to be paid all payments that are open or past due up to the penal amount,, and in so doing cure any Default under the Agreements and shall not be bound by any forfeiture or acceleration provision of the Agreements to the contrary, but rather shall be responsible for the continuation of timely payments as provided in the Agreements as though there had been no Default. The Obligee may present one or more Demands at any time in its sole discretion, provided however, Surety shall not be obligated to pay an aggregate amount in excess of the penal sum of the Bond.  The bond penalty shall remain fixed during the term of the bond regardless of the number of years it remains outstanding unless amended by Surety through the issuance of a rider.

- If Surety receives any claim in conformity with the terms and conditions of this Bond, Surety will make payment to Obligee, without inquiring whether Obligee has a right, as between Obligee and Principal, to make such claim and without recognizing any claims of Principal. On or within the timeframe noted herein, payment will be effected by Surety (using its own funds) by wire or electronic funds transfer in immediately available funds to such account as Obligee may designate to Surety.

In the event of conflict or inconsistency between the provisions of this Bond and the provisions of the above Agreements, the provisions of this Bond shall control. The Obligee's acceptance of this Bond and reliance upon it as security constitutes its acknowledgement and agreement as to the explicit terms stated herein under which it is offered and issued by the Surety.

The Surety represents and warrants that it has the full power to enter into and perform its obligations under this Bond and has taken all proper limited liability company and other action to duly and validly authorize entering into this Bond and to perform its obligations hereunder. This Bond has been duly executed and delivered on behalf of the Surety and constitutes the legal, valid and binding obligation of the Surety, enforceable in accordance with its terms. The Principal has the full power to enter into and perform its obligations under this Bond and has taken all proper limited liability company and other action to duly and validly authorize entering into this Bond and to perform it obligations hereunder. This Bond has been duly executed and delivered on behalf of the Principal and constitutes the legal, valid and binding obligation of the Principal, enforceable in accordance with its terms.

The Surety represents and warrants that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked

This Bond shall be governed by, enforced in accordance with, and interpreted under, the laws of the State of New York without reference to conflicts of laws principal.

All notices, demands and correspondence with respect to this bond shall be in writing and addressed to:

The Surety at: Everest Reinsurance Company, 451 5th Avenue, New York, NY 10017

The Principal at: Fieldwood Energy LLC, 2000 West Sam Houston Parkway South, Suite 1200, Houston, Texas 77042

The Obligee at:  c/o Tim Neuman, Williams Companies, Inc., One Williams Center MD 50, Tulsa, OK 74172

SIGNED, SEALED AND DATED this **21st** day of **March** , 20**19**.

Principal: **Fieldwood Energy LLC**

By:_____

Title: John H. Smith, Senior Vice President – Land & Business Development

Surety:     **Everest Reinsurance Company**

By_____
   Teresa D. Kelly, Attorney-In-Fact

*EVEREST.*

ES050R10018

### POWER OF ATTORNEY
### EVEREST REINSURANCE COMPANY
### *DELAWARE*

KNOW ALL PERSONS BY THESE PRESENTS: That Everest Reinsurance Company, a corporation of the State of Delaware ("Company") having its principal office located at 477 Martinsville Road, Liberty Corner, New Jersey 07938, do hereby nominate, constitute, and appoint:

**Dan W. Burton, Teresa D. Kelly, Craig, C. Payne, Laura L. Kneitz, Melissa Haddick, Rheagyn L. White**

its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, for the penal sum of no one of which is in any event to exceed UNLIMITED, reserving for itself the full power of substitution and revocation.

Such bonds and undertakings, when duly executed by the aforesaid Attorney(s)-in-fact shall be binding upon the Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

This Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of Company ("Board") on the 28th day of July 2016:

*RESOLVED, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest to the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.*

*RESOLVED, FURTHER, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.*

*RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.*

IN WITNESS WHEREOF, Everest Reinsurance Company has caused their corporate seals to be affixed hereto, and these presents to be signed by their duly authorized officers this 28th day of July 2016.

Everest Reinsurance Company

Attest: Nicole Chase, Assistant Secretary

By: Anthony Romano, Vice President

On this 28th day of July 2016, before me personally came Anthony Romano, known to me, who, being duly sworn, did execute the above instrument; that he knows the seal of said Company; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto; and that he executed said instrument by like order.

> **LINDA BOISSELLE**
> **Notary Public, State of New York**
> **No 01B06239736**
> **Qualified in Queens County**
> **Term Expires April 25, 2019**

Linda, Boisselle, Notary Public

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company, at the Liberty Corner, this ___ day of _____ 20___.

ES 00 04 04 16/ #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.



*EVEREST.*

SURETY BOND RIDER NO. 1

Bond Number: ES00001447

Everest National Insurance Company
461 5th Avenue – 4th Floor
New York, N.Y. 10017

To be attached to Bond No. ES00001447 issued by Everest Reinsurance Company (as Surety) in the amount of $ 16,000,000.00 dollars, effective the 21st day of March, 2019.

ON BEHALF OF Fieldwood Energy LLC

IN FAVOR OF Gulfstar One LLC

In consideration of the premium charged for the attached bond, it is mutually understood and agreed by the Principal and the Surety that:

Bond amount is hereby decreased from the above to: Twelve Million and No/100 ($12,000,000.00).

All other items, limitations and conditions of said bond except as herein expressly modified shall remain unchanged.

This rider shall be effective as of the 21st day of March, 2020.

Signed, sealed and dated 21st  February, 2020.

Fieldwood Energy LLC
_____
Principal

By: _____

Everest Reinsurance Company
Surety
By _____
Teresa D. Kelly, Attorney-in-Fact

1

Exhibit B_0000128



ES050R10033

**POWER OF ATTORNEY**
**EVEREST REINSURANCE COMPANY**
*DELAWARE*

KNOW ALL PERSONS BY THESE PRESENTS:  That Everest Reinsurance Company, a corporation of the State of Delaware ("Company") having its principal office located at 477 Martinsville Road, Liberty Corner, New Jersey 07938, do hereby nominate, constitute, and appoint:

**Dan W. Burton, Teresa D. Kelly, Craig, C. Payne, Laura L. Kneitz, Melissa Haddick, Megan Sivley**

its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, for the penal sum of no one of which is in any event to exceed UNLIMITED, reserving for itself the full power of substitution and revocation.

Such bonds and undertakings, when duly executed by the aforesaid Attorney(s)-in-fact shall be binding upon the Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

This Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of Company ("Board") on the 28th day of July 2016:

> *RESOLVED, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest to the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.*

> *RESOLVED, FURTHER, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.*

> *RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.*

**IN WITNESS WHEREOF,** Everest Reinsurance Company has caused their corporate seals to be affixed hereto, and these presents to be signed by their duly authorized officers this 28th day of July 2016.

Everest Reinsurance Company

Attest:  Nicole Chase, Assistant Secretary

By: Anthony Romano, Vice President

On this 28th day of July 2016, before me personally came Anthony Romano, known to me, who, being duly sworn, did execute the above instrument; that he knows the seal of said Company; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto; and that he executed said instrument by like order.

**LINDA ROBINS**
**Notary Public, State of New York**
**No 01R06239736**
**Qualified in Queens County**
**Term Expires April 25, 2023**

Linda Robins, Notary Public

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Company, at the Liberty Corner, this 21st day of February 20 20.

Exhibit B_0000129

ES 00 01 04 16

Document #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  3/31/17

Cover Page
# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179846                                    OCS Lease/RUE/ROW No. OCS-G 30291

Bond Type Supplemental                              Amount $1,565,000.00

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: Platform 'A' at South Timbalier Block 206

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Berkley Insurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Candace D. Bosheers, Attorney-in-Fact | John H. Smith, Senior Vice President Land and Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Business Address | Business Address |

Signed on this __18__ day of __June__, 20__15__, in the State of __Texas__, in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Irene C. Hendon | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**
Previous Editions are Obsolete.

**U.S. Department of the Interior**                          OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**                        Expiration Date:  3/31/17

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

Exhibit B_0000133

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179849                                                OCS Lease/RUE/ROW No. OCS-G-09777

Bond Type Supplemental                                          Amount 2,086,466.17

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware      ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: Mississippi Canyon Block 108

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

    (a) Any person assigns all or part of any interest in an Instrument covered by this document.

    (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

| | |
|---|---|
| Berkley Insurance Company | Fieldwood Energy LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Senior Vice President Land and Business Development |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Business Address | Business Address |

Signed on this __31st__ day of __August__ , 20 __15__ , in the State of __Texas__ , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Irene C. Hendon | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**                                         **Page 3 of 3**
Previous Editions are Obsolete.

Exhibit B_0000135

**U.S. Department of the Interior**                     OMB Control No.: 1010-0006
**Bureau of Ocean Energy Management**              Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

Exhibit B_0000136

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179850                                            OCS Lease/RUE/ROW No. OCS-G03088

Bond Type Supplemental                                        Amount $3,260,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: Matagorda Island Block 623

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company

Name of Surety

_____
Signature of Person Executing for Surety

Teresa D. Kelly, Attorney-in-Fact

Name and Title (typed or printed)

5444 Westheimer, Suite 900

Business Address

Houston, TX 77056

Business Address

Fieldwood Energy LLC

Name of Principal

_____
Signature of Person Executing for Principal

John H. Smith, Senior Vice President Land and Business Development

Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Business Address

Houston, TX  77042

Business Address

---

Signed on this  18th  day of  September , 20 15 , in the State of  Texas , in the presence of:

---

_____
Signature of Witness

Irene C. Hendon

Name (typed or printed)

5444 Westheimer, Suite 900

Address

Houston, TX 77056

Address

_____
Signature of Witness

Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200

Address

Houston, TX  77042

Address

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A (March 2014)**
Previous Editions are Obsolete.

**Page 3 of 3**

**U.S. Department of the Interior**                                      OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**                          Expiration Date:  3/31/17

Cover Page
# OUTER CONTINENTAL SHELF (OCS)
# MINERAL LESSEE'S OR OPERATOR'S
# SUPPLEMENTAL BOND

# Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

Exhibit B_0000139

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179852                          OCS Lease/RUE/ROW No. OCS-G01523

Bond Type Supplemental                    Amount $ 5,600,000.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware          ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy Offshore LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of Ship Shoal Area Block 207

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5.  The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6.  The Surety's Obligations will remain in full force and effect, even if:

    (a) Any person assigns all or part of any interest in an Instrument covered by this document.

    (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7.  The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8.  In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9.  If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Berkley Insurance Company | Fieldwood Energy Offshore LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly Attorney-in-Fact | John H. Smith, Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Business Address | Business Address |

Signed on this 15th day of October , 20 15 , in the State of Texas , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Irene C. Hendon | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX  77042 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**                                                                                **Page 3 of 3**
Previous Editions are Obsolete.

**U.S. Department of the Interior**              OMB Control No.:  1010-0006
**Bureau of Ocean Energy Management**              Expiration Date:  3/31/17

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

**BOEM-2028A (March 2014)**                                                        **Page 1 of 3**
Previous Editions are Obsolete.

Exhibit B_0000142

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179853       OCS Lease/RUE/ROW No. OCS-00839

Bond Type Supplemental       Amount $ 4,795,000.00

### OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware    ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy Offshore LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of West Delta Area Block 94

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| Definitions | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal acts as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

   (a) Any person assigns all or part of any interest in an Instrument covered by this document.

   (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

   (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

   (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

   (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company
_Name of Surety_

Fieldwood Energy Offshore LLC
_Name of Principal_

_Signature of Person Executing for Surety_

_Signature of Person Executing for Principal_

Teresa D. Kelly Attorney-in-Fact
_Name and Title (typed or printed)_

John H. Smith, Vice President
_Name and Title (typed or printed)_

5444 Westheimer, Suite 900
_Business Address_

2000 W Sam Houston Pkwy S, Suite 1200
_Business Address_

Houston, TX 77056
_Business Address_

Houston, TX 77042
_Business Address_

Signed on this 15th____ day of October_____ , 20 15____ , in the State of Texas_____ , in the presence of:

_Signature of Witness_

_Signature of Witness_

Irene C. Hendon
_Name (typed or printed)_

_Name (typed or printed)_

5444 Westheimer, Suite 900
_Address_

2000 W Sam Houston Pkwy S, Suite 1200
_Address_

Houston, TX 77056
_Address_

Houston, TX 77042
_Address_

_Note:_ The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A (March 2014)**
Previous Editions are Obsolete.

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  3/31/17

Cover Page
# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated March 2014 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 381 Elden Street, Herndon, VA 20170.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. 0179854                                OCS Lease/RUE/ROW No. OCS-G07799

Bond Type Supplemental                          Amount $3,353,501.00

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: Berkley Insurance Company

Mailing Address: 475 Steamboat Road

Greenwich, CT 06830

If a Corporation, Incorporated in the State of: Delaware       ; County or Parish of: Fairfield

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: Fieldwood Energy LLC

Mailing Address: 2000 W Sam Houston Pkwy S, Suite 1200

Houston, TX 77042

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

☑ The following lease/RUE/ROW: All of Block 87, South Pass Area, South and East Addition, as shown on OCS Louisiana Leasing Map No. LA9A.

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1.  The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2.  The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3.  If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4.  If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

  (a) Any person assigns all or part of any interest in an Instrument covered by this document.

  (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

  (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

  (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

  (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

---

Berkley Insurance Company
_____
Name of Surety

_____
Signature of Person Executing for Surety

Teresa D. Kelly Attorney-in-Fact
_____
Name and Title (typed or printed)

5444 Westheimer, Suite 900
_____
Business Address

Houston, TX 77056
_____
Business Address

Fieldwood Energy LLC
_____
Name of Principal

_____
Signature of Person Executing for Principal

John H. Smith, Senior Vice President-Land & Business Development
_____
Name and Title (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200
_____
Business Address

Houston, TX  77042
_____
Business Address

Signed on this __30th__ day of __September__, 20 _15_, in the State of __Texas__, in the presence of:

---

_____
Signature of Witness

Candace D. Bosheers
_____
Name (typed or printed)

5444 Westheimer, Suite 900
_____
Address

Houston, TX 77056
_____
Address

_____
Signature of Witness

_____
Name (typed or printed)

2000 W Sam Houston Pkwy S, Suite 1200
_____
Address

Houston, TX  77042
_____
Address

*Note:* The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (March 2014)**                                                                      **Page 3 of 3**
Previous Editions are Obsolete.

Exhibit B_0000147

**Alliant**

# Executed Bond Report

## Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,   TX  77042 | **Bond No:** 0179856 |
|---|---|---|
| | | **Date:** 4/5/2018 |

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:** Noble Energy, Inc.
Filed with: Noble Energy, Inc.
1001 Noble Energy Way
Houston,   TX  77070-

**Power of Attorney No.**

| **Effective Date:**<br>From      4/5/2018  To          4/5/2019 | **Bond Amount:**<br>$40,000,000.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$500,000.00 |
|---|---|---|---|
| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$150,000.00 | **State Surchg-Fee:**<br>$0.00 |

**Description:**
Private Performance Bond

**Renewal Type:**
Continuous Until Cancelled/Released

**Cancellation Provision:**
Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of bond

**Comments:**
Approved as per Randy Calhoun

Thursday, April 05, 2018

BOND NO. 0179856

## EXHIBIT H-2

## FORM OF NOBLE PERFORMANCE BOND

## PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

THAT we, Fieldwood Energy LLC, with its principal office at 2000 W. Sam Houston Pkwy South, Suite 1200, Houston, Texas 77042, (the "*Principal*") and Berkley Insurance Company, with its principal office at 475 Steamboat Road, Greenwich, CT 06830, (the "*Surety*"), are held and firmly bound unto Noble Energy, Inc., with its principal office at 1001 Noble Energy Way, Houston, Texas 77070, (the "*Obligee*"), in the penal sum of Forty Million and No/100 Dollars (**$40,000,000**) lawful money of the United States of America (the "*Penal Sum*") for the payment of which sum the Principal and the Surety bind themselves, their successors and assigns, jointly, severally, and in solido, firmly by these presents. All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Purchase Agreement (as defined below).

WHEREAS, Principal and Obligee have entered into that certain Purchase and Sale Agreement dated February 14, 2018, (the "*Purchase Agreement*"), which Purchase Agreement is by reference made a part hereof and which provides for the sale and assignment from the Obligee to the Principal of the interests of Obligee in the oil and gas leases, contracts, properties, wells, platforms, facilities, rights of way, equipment, pipelines and personal property defined therein as the "Assets," including those identified on Exhibit A of the Purchase Agreement and identified on Exhibit A to this Performance Bond (the "*Bond*"), together with, among other rights and obligations, all P&A Obligations (as defined in the Purchase Agreement) associated therewith; and

WHEREAS, the Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof; and

WHEREAS, the Principal has promised to deliver to the Obligee, contemporaneous with the closing of the Purchase Agreement, a performance bond in the form hereof executed by Principal and Surety; and

WHEREAS, the Surety represents that it is duly authorized by the proper public authorities to transact the business of indemnity and suretyship in the state where it executed this Bond, and represents that it is qualified to be surety and guarantor on bonds and undertakings, which certificate has not been revoked; and

WHEREAS, the Surety represents that it has duly executed a power of attorney, appointing the hereinafter named representative as its duly authorized deputy, as the true and lawful attorney-in-fact of such Surety, upon whom may be served all lawful process in any action or proceeding against such Surety in any court or before any officer, arising out of or founded upon this Bond or any liability hereunder; and does hereby agree and consent that such service, when so made, shall be valid service upon it, and that such appointment shall continue in force and effect and be irrevocable so long as any liability against it remains outstanding hereunder.

**BOND NO. 0179856**

NOW, THEREFORE, the Principal and the Surety agree as follows:

The Surety hereby guarantees the full and faithful performance by Principal of, and compliance by the Principal with the applicable provisions of the Purchase Agreement requiring the Principal to timely and fully perform and satisfy, the P&A Obligations associated with the Assets identified on Exhibit A to this Bond.

PROVIDED, HOWEVER, the Surety is hereby authorized and directed to reduce the Penal Sum at any time upon presentation of a bond reduction rider acknowledged by Obligee, in substantially the same form attached hereto as Exhibit B; provided, however, in the event, and only in the event, the Obligee fails to execute and acknowledge a bond reduction rider as set forth in this Bond then the Surety is hereby authorized and directed to reduce the Penal Sum upon the occurrence of one of the following: (a) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the Principal filed with BSEE (or any successor regulatory authorities) a Regulatory Verification (as such term is defined herein below) for the applicable Asset(s) indicating that all P&A Obligations with respect to such Asset(s) had been completed, (b) presentation by the Principal to the Surety of a letter from an officer of Principal certifying that, prior to the presentation of such letter to the Surety, the BSEE and/or BOEM (or any successor regulatory authorities) public databases indicated that all P&A Obligations for the applicable Asset(s) were completed.

Regulatory Verification as used in this Bond shall mean a copy of (i) an end of operations notice for Wells, (ii) a completion report for pipelines, flowlines, and gathering lines included in the Assets, or (iii) a site clearance report for Facilities and other structures included in the Assets, in each case indicating all Plugging and Abandonment related to such Asset(s) has been completed.

Principal and the Surety agree that this Bond shall remain in full force and effect until all P&A Obligations associated with the Assets identified on Exhibit A to this Bond have been truly and faithfully performed and discharged, subject to the terms and conditions hereof.

PROVIDED, FURTHER THAT, including to the extent the Principal may be liable for any expenses, fees, penalties, damages (either direct, indirect or consequential) related to the P&A Obligations described above, or to the extent the Obligee may incur any attorney's fees or court costs or other expenses of litigation in the event of a contest over the Surety's denial of the obligation (or any part thereof), the maximum obligation of the Surety under this Bond shall be the Penal Sum reduced, as applicable, as provided for herein.

It is further agreed that, without limiting or reducing the obligations of the Surety under this Bond, the Surety shall not be liable for any provisions of the Purchase Agreement or specifications therein respecting the procurement of, or coverages provided by, any insurance, nor shall the Surety be liable under any hold harmless and/or indemnification agreements entered into by the Principal in relation to personal injury and/or property damage or any other loss sustained by third parties in any way connected to or arising out of work and/or operations of any party in prosecuting the work to be performed under the Agreement.

FURTHERMORE, it is agreed that the Surety shall, but without limiting or reducing the obligations of Surety under this Bond, have no obligation to the Principal, or any other person or

Exhibit B_0000150

entity for any loss suffered by the Principal, or any other person or entity by reason of acts or omissions which are covered by the Principal's general liability insurance, products liability insurance, completed operations insurance or any other insurance.

Upon any failure by the Principal to carry out any or all of the P&A Obligations associated with the Assets identified on Exhibit A to this Bond and the Obligee has presented to the Surety a written notice that the Principal is in default of such P&A Obligations (in each case, the "***Defaulted P&A Obligations***"), and such condition has persisted for thirty (30) days after written notice of such default has been given by certified mail to the Principal and to the Surety at their last known addresses, the Obligee shall then proceed to solicit at least two (2) written bids from generally recognized third party contractors with experience performing plugging, abandonment and decommissioning in the United States Gulf of Mexico for the performance of the Defaulted P&A Obligations and submit such third party bids to the Surety, following receipt of which the Surety shall, within thirty (30) days, either: (1) pay to the Obligee an amount equal to the lesser of such written third party bids, but not exceeding the Penal Sum (reduced, as applicable, as provided for herein), and the obligations associated with this Bond shall then be considered null and void to the extent paid; or (2) commence, or cause to be commenced, the necessary operations to perform the Defaulted P&A Obligations.

If the Surety shall decide, upon default by the Principal, to pay to the Obligee an amount equal to the lesser of the third party bids for the performance of the Defaulted P&A Obligations in accordance with the immediately preceding paragraph hereof, on or before the one hundred twentieth (120th) day following the completion of such Defaulted P&A Obligations, the Obligee shall deliver to Surety a statement (the "***Final Cost Statement***") of the actual and verifiable costs and expenses actually incurred by Obligee to perform the Defaulted P&A Obligations, along with reasonable documentation in support thereof (including any third party invoices associated with the performance such Defaulted P&A Obligations). If such costs and expenses, in the aggregate (the "***Aggregate Cost Amount***"), exceed the amount of the initial payment made hereunder by the Surety to the Obligee (the "***Surety Payment Amount***"), the Surety shall pay to Obligee, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Aggregate Cost Amount and the Surety Payment Amount. If the Surety Payment Amount exceeds the Aggregate Cost Amount, Obligee shall pay to the Surety, on or before the thirtieth (30th) day following the date of the Final Cost Statement, an amount equal to the positive difference between the Surety Payment Amount and Aggregate Cost Amount.

If the Surety shall decide, upon default by the Principal, to commence, or cause to be commenced, the Defaulted P&A Obligations, the Surety shall continue to perform, or cause the performance of, such obligations until such time as the Defaulted P&A Obligations have been truly and faithfully performed and discharged, thereby reducing the Penal Sum by an amount equal to the actual and verifiable costs and expenses incurred by the Surety to perform, or cause the performance of, the Defaulted P&A Obligations.

In the event the Surety decides, upon default of the Principal, to perform, or cause the performance of any Defaulted P&A Obligations of Principal, then **SURETY SHALL FULLY DEFEND, PROTECT, INDEMNIFY, HOLD HARMLESS, AND RENDER WHOLE OBLIGEE, ITS AFFILIATES, AND EACH OF SUCH PERSON'S RESPECTIVE SHAREHOLDERS, MEMBERS, DIRECTORS, EMPLOYEES, OFFICERS, LENDERS,**

ADVISORS, REPRESENTATIVES, ACCOUNTANTS, ATTORNEYS, CONSULTANTS AND AGENTS (THE, **"INDEMNIFIED PARTIES")** FROM AND AGAINST EACH AND EVERY CLAIM, DEMAND OR CAUSE OF ACTION, AND ANY LIABILITY, COST, EXPENSE (INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES), OR CLAIMS WITH RESPECT TO DAMAGE OR LOSS IN CONNECTION THEREWITH, WHICH MAY BE MADE OR ASSERTED BY SURETY, ITS AGENTS, SUCCESSORS OR ASSIGNS, OR BY ANY THIRD PARTY OR PARTIES (INCLUDING, BUT NOT LIMITED TO, GOVERNMENTAL AGENCIES) ON ACCOUNT OF PERSONAL INJURY, DEATH, PROPERTY DAMAGE AND/OR ENVIRONMENTAL DAMAGE ARISING FROM OR IN CONNECTION WITH THE PERFORMANCE OF SUCH DEFAULTED P&A OBLIGATIONS, AND ANY CLAIMS AND/OR DEMANDS ASSOCIATED THEREWITH, CAUSED BY, ARISING OUT OF, OR INCIDENTAL TO THE PAST, PRESENT OR FUTURE CONDITION OR STATE OF REPAIR OF SAID ASSETS, OR THE OWNERSHIP AND USE THEREOF, UNDER THIS BOND, HOWSOEVER OCCURRING, INCLUDING, WITHOUT LIMITATION, WHETHER SUCH CLAIMS, DEMANDS, DAMAGES, LOSSES AND LIABILITIES, WITH OR WITHOUT FAULT, WERE CAUSED BY THE SURETY'S OR THE SURETY'S CONTRACTORS' OR SUBCONTRACTORS' SOLE NEGLIGENCE OR CONTRIBUTORY NEGLIGENCE, AND/OR OBLIGEE CONTRIBUTORY NEGLIGENCE (EXCEPT TO THE EXTENT OF THE GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT OF OBLIGEE), OR IMPOSED ON SAID PARTIES OR OTHERS UNDER ANY THEORY OF STRICT LIABILITY BY OPERATION OF LAW, OR ANY COMBINATION THEREOF, OR ANY OTHER THEORY OF LAW PRIOR TO, AT THE TIME OF, OR SUBSEQUENT TO THE EFFECTIVE DATE HEREOF. SUCH INDEMNIFICATION BY SURETY SHALL NOT BE LIMITED TO THE ORIGINAL OR ANY AMENDED PENAL SUM OF THIS BOND.

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which a default by the Principal, as detailed herein, falls due or is discovered by the Obligee, whichever is later, and, subject to the two (2) year limitation, the Surety consents to be sued in any court in the State of Texas, hereby irrevocably submitting itself to the jurisdiction of said court. The Surety hereby waives any defenses to liability on this Bond based on an unauthorized Principal signature.

No amendment of or supplement to the terms or provisions of the Purchase Agreement or of the exhibits attached thereto shall release the Principal or the Surety or any of them from their liabilities under this Bond, notice to the Surety of any such amendment or supplement being hereby waived, except to the extent that is herein provided.

No assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, and no delay, neglect or failure of the Obligee to proceed promptly to enforce the Purchase Agreement or to proceed promptly in the premises in case of any default on the part of the Principal shall in any degree relieve the Principal and the Surety or any of them of their obligations under this Bond.

HOWEVER, if upon assignment of the Purchase Agreement or any or all of the Assets by the Principal, its successors or assigns, the Principal shall have the right, but not the obligation, to

Exhibit B_0000152

cause its assignee to post security, in substantially the same form of a bond hereof or other acceptable security in the Obligee's reasonable discretion, including the requirement that the replacement security is issued by a financial institution that is listed in the U.S. Treasury Department's Listing of Approved Sureties (Department Circular 570) with a single bond underwriting limitation of not less than $25,000,000 and an AM Best Rating of at least "A-", in the amount necessary to replace this Bond. If so posted, the Obligee will not unreasonably withhold acceptance of such security in lieu of this Bond and issue an unconditional release of this Bond within thirty (30) days of its acceptance of such other security.

No right of action shall accrue on this Bond to or for the use of any person or corporation other than the Principal, the Obligee, their heirs, executors, administrators or successors.

NOW, THEREFORE, if the said Principal shall faithfully observe and honestly comply with the provisions contained herein and in the Purchase Agreement relating to the P&A Obligations with respect to the Assets, then this obligation shall become null and void and of no effect.

The Principal shall pay all premiums required to maintain this Bond in full force and effect until such time as the requirements for such Bond terminates in accordance with the provisions hereof Surety stipulates and agrees that, regardless of the payment or nonpayment by Principal of any premiums owing with respect to this Bond, Surety's obligations under this Bond are continuing obligations and shall not be affected or discharged by any failure by Principal to pay any such premiums.

Written notices sent hereunder shall be sent by certified mail or trackable courier service to the following addresses (unless changed by a notice of change of address):

Noble Energy, Inc.
1001 Noble Energy Way
Houston, Texas 77070
Attention: VP of Business Development

Fieldwood Energy LLC
2000 W. Sam Houston Parkway
Suite 1200
Houston, Texas 77042
Attention: John H. Smith, Vice President

Berkley Insurance Company
475 Steamboat Road
Greenwich, CT 06830
Attention: Randy Calhoun

*[signature pages follow]*

**BOND NO. 0179856**

      **IN WITNESS WHEREOF**, the above bound parties have executed this instrument to be effective on <u>April 5, 2018</u>, the name of each corporate party duly signed by its undersigned representative pursuant to authority of its governing body.

**WITNESSES:**                                     **PRINCIPAL:**

_____ FIELDWOOD ENERGY LLC

_____

     **PRINT NAME**

                                      By:_____

                                      Name: _____

                                      Title: _____

_____

_____

     **PRINT NAME**

**WITNESSES:**                                       **OBLIGEE:**

_____ NOBLE ENERGY, INC.

_____

     **PRINT NAME**

                                      By:_____

                                      Name: _____

                                      Title: _____

_____

_____

     **PRINT NAME**

**WITNESSES:**                                       **PRINCIPAL:**

_____ BERKLEY INSURANCE COMPANY

<u>Laura L. Kneitz</u>_____

     **PRINT NAME**

                                      By:_____

                                      Name: <u>Teresa D. Kelly</u>_____

                                      Title: <u>Attorney-in-Fact</u>_____

_____

<u>Melissa Haddick</u>_____

     **PRINT NAME**

Exhibit B_0000154

**Alliant**

## Executed Bond Report

### Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** 0179865 |
| --- | --- | --- |
| | | **Date:** 7/26/2018 |

**Principal:**  GOM Shelf LLC

**Obligee Name and Address:**  United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From     7/26/2018  To     7/26/2019 | **Bond Amount:**<br>$42,704.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$534.00 |
| --- | --- | --- | --- |
| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$160.20 | **State Surchg-Fee:**<br>$0.00 |

**Description:**

Appeal Bond - Civil Penalty Case No. G-2017-013 (Lease No. OCS-G 00133, Grand Isle 47, Platform AP)

**Renewal Type:**

Continuous Until Cancelled/Released

**Cancellation Provision:**

Obligee Written Release to be obtained by Principal

**Additional Attachments:**
Copy of Bond and Request Form

**Comments:**
Approved as per Randy Calhoun's 7/26/2018 email.

Thursday, July 26, 2018

Exhibit B_0000155

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page

# OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. __0179865__   OCS Lease/RUE/ROW No. __G-2017-013__

Bond Type __Appeal__   Amount __$42,704.00__

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: __Berkley Insurance Company__

Mailing Address: __475 Steamboat Road__

__Greenwich, CT 06830__

If a Corporation, Incorporated in the State of: __Delaware__   ; County or Parish of: __Fairfield__

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: __GOM Shelf LLC__

Mailing Address: __2000 West Sam Houston Parkway South, Suite 1200__

__Houston, TX 77042__

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: __Civil Penalty Case No. G-2017-013__

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☑ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**

1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.

2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.

3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.

4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Exhibit B_0000157

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5.  The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.
6.  The Surety's Obligations will remain in full force and effect, even if:
    (a)  Any person assigns all or part of any interest in an Instrument covered by this document.
    (b)  Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.
    (c)  Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.
    (d)  BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.
    (e)  The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.
7.  The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.
8.  In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.
9.  If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.
10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.
11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.
12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns. Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.
13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Berkley Insurance Company | GOM Shelf LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 475 Steamboat Road | 2000 W. Sam Houston Pkwy South #1200 |
| Business Address | Business Address |
| Greenwich, CT 06830 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this __26th__ day of __July_____ , 20 __18__ , in the State of __Texas_____ , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Melissa Haddick | Laura L. Kneitz |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer #900 | 5444 Westheimer #900 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77056 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation. The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                                                    **PAGE 3 OF 3**
Previous Editions are Obsolete.

Exhibit B_0000158

**Alliant**

## Executed Bond Report

### Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** 0179867 |
|---|---|---|

**Date:** 8/13/2018

**Principal:** Fieldwood Energy LLC

**Obligee Name and Address:**
State of Louisiana
Filed with: Louisiana Office of Conservation, Department of Natural Resources - Injection & Mining Division
617 North 3rd Street (70802)
P.O. Box 94275
Baton Rouge,  LA  70804-9275

**Power of Attorney No.**

| **Effective Date:**<br>From      8/13/2018  To        8/13/2019 | **Bond Amount:**<br>$21,440.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$268.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$80.40 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**

P&A Bond, Grand Chenier Separation Station Salt Water Disposal Well No. 001, Serial #971081 and Grand Chenier Separation Station Salt Water Disposal Well, No. 002, Serial #971088, Grand Cheniere, South Field, Cameron Parish, Louisiana

**Renewal Type:**                                   **Cancellation Provision:**

Continuous Until Cancelled/Released                 Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond and request info

**Comments:**

Approved as per Randy Calhoun's 8/13/2018 email.

Exhibit B_0000159

## SURETY BOND

BOND NO. 0179867

FROM:     FIELDWOOD ENERGY LLC _____ PRINCIPAL

          AND

          BERKLEY INSURANCE COMPANY _____ SURETY

TO:       Office of Conservation
          Department of Natural Resources
          State of Louisiana

THIS SURETY BOND is given by  FIELDWOOD ENERGY LLC, 200 W. Sam Houston

Pkwy S., #1200, Houston, TX 77042 , principal, and  BERKLEY INSURANCE COMPANY,

475 Steamboat Road, Greenwich, CT 06830 _____,

Surety, to Office of Conservation, Department of Natural Resources, State of Louisiana, P. O. Box 94275, Capitol Station, Baton Rouge, Louisiana, 70804-9275, Creditor, pursuant to the following terms and conditions:

Principal and surety are bound to creditor in the sum of $ 21,440.00------  Dollars, for the payment of which principal and surety jointly and severally bind themselves, their successors and assigns.

Principal has applied to Creditor to receive an extension in excess of ninety (90) days to plug and abandon (P&A) or bring the injection well,    See Exhibit A _____,
SN_____ , _____Field,_____Parish,
Louisiana into compliance with the mechanical integrity requirements of Statewide Order No. 29-B, pursuant to the provisions of L.A.-R.S. 30:4.C.16.a, and Statewide Order No. 29-B.  Principal is required to provide bonding to insure the plugging and abandonment of the above injection well and this bond is issued for said purpose.

This obligation shall run continuously and shall remain in full force and effect until and unless the bond is canceled as provided herein or as otherwise provided by law.

Surety may cancel the bond only by sending notice of cancellation by certified mail to both Principal and Creditor.  Cancellation cannot occur or be effective until 120 days after the date of receipt of notice of cancellation by both Principal and Creditor.  Further, such notice of cancellation or cancellation shall not affect this surety bond in respect to any obligation which may have arisen prior thereto.

Surety shall become liable on this bond obligation if and when Principal fails to perform his obligations to adequately plug and abandon the subject well as determined by Creditor after notice and in accordance with administrative procedures.

Following such determinations, Creditor shall draw on the surety bond by requesting payment by certified mail, and Surety shall pay the amount thereof within 30 days of receipt of said demand.  If payment is not made within said 30 day period, Surety shall also be liable for legal interest from date of

receipt of demand, 10% of principal and interest as attorney's fees and all court costs incurred to collect the obligation.

The amount of the bond liability is as expressed herein, but Principal and Surety take notice of the legal requirements for annual review of the closure bond amounts, which is based upon cost estimates for adequate closure.  Following this review Creditor may increase, decrease or allow the amount to remain the same.  Upon notice from Creditor, if an increase is required, Principal shall cause the bond amount to be increased or shall other wise provide the added surety within 60 days after notice.

IN WITNESS WHEREOF, the principal and Surety have executed this surety bond at
Houston, Texas

on this ____13th_____ day of _____August_____, _2018_____.

WITNESSES:                                    Fieldwood Energy LLC

_____          _____
                                                              Principal

_____          Berkley Insurance Company

_____          _____
Megan Sivley                                      Surety    Teresa D. Kelly, Attorney-in-Fact

_____
Noémie Person

Approved, accepted and executed by Creditor at Baton Rouge, Louisiana this

_____ day of _____, _____.

WITNESSES:                                    OFFICE OF CONSERVATION

_____

_____          By:_____
                                                              Commissioner of Conservation

Rev  3/09

Exhibit B_0000161

Page 1 of 1

## Exhibit "A"

Operator of Record _____ Fieldwood Energy LLC _____

Financial Institution _____ Berkley Insurance Company _____

LOC/CD/Bond No. _____ 0179867 _____

| | **Wells Covered by Security** | | |
|---|---|---|---|
| | Well Name & No. | Field Name | Serial No. |
| 1 | Grand Chenier Sep Station SWD No. 001 | South Field | 971081 |
| 2 | Grand Chenier Sep Station SWD No. 002 | South Field | 971088 |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

**Alliant**

## Executed Bond Report

### Berkley Insurance Company

| **Account Name and Address:** | Fieldwood Energy LLC<br>2000 W Sam Houston Pkwy S, Suite 1200<br>Houston,  TX  77042 | **Bond No:** 0179868 |
|---|---|---|

**Date:** 1/22/2019

**Principal:** Fieldwood Energy Offshore LLC

**Obligee Name and Address:**
United States of America
Filed with: U.S. Department of the Interior, Bureau of Ocean Energy Management - Gulf of Mexico OCS Region
1201 Elmwood Park Blvd.
New Orleans,  LA  70123-2394

**Power of Attorney No.**

| **Effective Date:**<br>From    1/22/2019  To       1/22/2020 | **Bond Amount:**<br>$13,249,500.00 | **Contract Amount:**<br>$0.00 | **Premium:**<br>$165,619.00 |
|---|---|---|---|

| **Rate:**<br>1.25% | **Commission %**<br>30.000% | **Commission Amount**<br>$49,685.70 | **State Surchg-Fee:**<br>$0.00 |
|---|---|---|---|

**Description:**

OCS Mineral Lessee's and Operator's Supplemental Bond covering OCS-G 12209, Block 200, Green Canyon Area

**Renewal Type:**                                                                  **Cancellation Provision:**

Continuous Until Cancelled/Released                          Obligee Written Release to be obtained by Principal

**Additional Attachments:**

Copy of bond

**Comments:**

Approved as per Randy Calhoun's 1/9/2019 email.

Alliant Insurance Services, Inc. ◻ 5444 Westheimer ◻ Suite 900 ◻ Houston, TX 77056
PHONE (832) 485-4000 ◻ FAX (832) 485-4001 ◻ www.alliantinsurance.com

Exhibit B_0000163

**U.S. Department of the Interior**
**Bureau of Ocean Energy Management**

OMB Control No.:  1010-0006
Expiration Date:  6/30/2019

Cover Page
## OUTER CONTINENTAL SHELF (OCS)
## MINERAL LESSEE'S OR OPERATOR'S
## SUPPLEMENTAL BOND

## Form BOEM-2028A

**This form dated June 2016 supersedes all previous versions of form BOEM-2028A**

**Paperwork Reduction Act of 1995 (PRA) Statement:**  The PRA (44 U.S.C. 3501 *et seq*.) requires us to inform you that BOEM collects this information to hold the surety liable for the obligations and liability of the Principal (lessee or operator).  Responses are mandatory.  No proprietary information is collected.  An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number.  Public reporting burden for this form is estimated to average 15 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form.  Comments regarding the burden estimate or any other aspect of this form should be directed to the Information Collection Clearance Officer, Bureau of Ocean Energy Management, 45600 Woodland Road, Sterling, VA 20166.

Exhibit B_0000164

## U.S. DEPARTMENT OF THE INTERIOR
### Bureau of Ocean Energy Management

Bond No. __0179868__

OCS Lease/RUE/ROW No. __OCS-G 12209__

Bond Type __Supplemental__

Amount __$13,249,500.00__

## OUTER CONTINENTAL SHELF (OCS) MINERAL LESSEE'S OR OPERATOR'S SUPPLEMENTAL BOND

The **Surety** is the entity Guaranteeing Performance.

Name of Surety: __Berkley Insurance Company__

Mailing Address: __475 Steamboat Road__

__Greenwich, CT 06830__

If a Corporation, Incorporated in the State of: __Delaware__      ; County or Parish of: __Fairfield__

☑ Check here if Surety is certified by U.S. Treasury as an acceptable surety on Federal Bonds and listed in the current U.S. Treasury Circular No. 570.

The **Principal** is the Lessee or Designated Operator for Whom the Bond is Issued.

Name of Principal: __Fieldwood Energy Offshore LLC__

Mailing Address: __2000 W Sam Houston Pkwy S, Suite 1200__

__Houston, TX 77042__

Schedule A, the lease/RUE/ROW covered by this bond, is composed of: (add legal description)

The following lease/RUE/ROW: __OCS-G 12209, Block 200, Green Canyon Area__

In addition to the Obligations of the Principal during the period of liability of this bond, the Surety also accepts the following Obligations: (Check one)

☐ No Obligations other than the Obligations of the Principal during the period of liability of this bond.

☑ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond.

☐ All Obligations of all previous Sureties or guarantors even if the Obligations are not Obligations of the Principal during the period of liability of this bond with the following exceptions or limitations (use an attached rider).

| **Definitions** | A **Principal** includes an entity holding an interest in the oil & gas lease in one or more of the following ways: (1) as an approved record title owner of all or a portion of the lease, (2) as an approved operating rights owner of all or a portion of the lease, or (3) as a designated operator or designated agent in all or a portion of the lease. |
|---|---|
| For the purposes of this document: | A **Lessee** includes an approved record title owner of all or a portion of the lease or an approved operating rights owner of all or a portion of the lease. |
| | An **Obligation** includes any obligation arising from any regulations of the Department of the Interior or any Instrument issued, maintained, or approved under the OCS Lands Act (43 U.S.C. 1331 et seq.). |
| | An **Instrument** includes individually or collectively any lease, operating agreement, designation of operator or agent, storage agreement, compensatory royalty agreement, transfer of operating rights, permit, license, or easement, whereunder the Principal has the right, privilege, or license to conduct operations on the OCS. |
| | A **Person** includes an individual, a public or private entity, a State, a political subdivision of a State, any association of individuals, corporations, States, or subdivisions of States, or a government agency. |

**By signing below, the Principal verifies that the information above is correct and agrees to the following:**
The Principal as agent on behalf of all lessees, operating rights owners, and operators will fulfill all Obligations for the entire leasehold and to the same extent as though the Principal were the sole lessee for the lease/RUE/ROW in Schedule A.

**By signing below, the Surety verifies that the information above is correct and agrees to the following:**
1. The Surety does hereby absolutely and unconditionally bind itself to the United States of America acting through and by the Bureau of Ocean Energy Management (BOEM), or such other official designated by the Secretary of the Interior for this purpose, for the payment of all of the cost of the plugging and abandonment Obligations.
2. The Surety will be responsible for all Obligations of the Principal in existence at the time this document becomes effective and all Obligations that accrue after that date and until all Obligations are met or until the Regional Director terminates the period of liability of this bond.
3. If the Regional Director terminates the period of liability of this bond, the Surety will remain responsible for Obligations that accrued during the period of liability until the Regional Director issues a written cancellation of the bond in favor of the Surety.
4. If this bond is cancelled, the Regional Director may reinstate this bond as if no cancellation had occurred if any payment of any Obligation of the Principal(s) is rescinded or must be restored pursuant to any insolvency, bankruptcy, reorganization, or receivership, or should the representation of the Principal that it has paid its financial Obligations or performed the other

Obligations of the lease in accordance with BOEM specifications be materially false and BOEM relied upon such representation in canceling the instrument.

5. The Surety waives any right of notice of this bond taking effect and agrees that this bond will take effect upon delivery to BOEM.

6. The Surety's Obligations will remain in full force and effect, even if:

    (a) Any person assigns all or part of any interest in an Instrument covered by this document.

    (b) Any person modifies an Instrument or Obligation under an Instrument in any manner including modifications that result from a commitment to a unit, cooperative, communitization, or storage agreement; suspension of operations or production; suspension or changes in rental, minimum royalty, or royalties; modification of regulations or interpretations of regulations; creation or modification of compensatory royalty agreements or payments; or creation of any mortgage, pledge, or other grant of security interest in the Instruments.

    (c) Any person, event, or condition terminates any Instrument covered by this bond, whether the termination is by operation of law or otherwise.

    (d) BOEM takes or fails to take any action in enforcing, as against any party to the Instrument, the payment of rentals or royalties or the performance of any other covenant, condition or agreement of the lease, or giving notice of or making demand with respect to such nonperformance.

    (e) The Surety suffers any loss by reason of any law limiting, qualifying, or discharging the Principal's Obligation.

7. The Surety agrees to be bound under this bond as to the interests in any Instrument retained by the Principal when BOEM approves the transfer of any or all of the Instruments or interests in the Instruments.

8. In the event of any default under a lease, the Surety must provide payment of all of the cost of the Obligations of the Principal upon demand by BOEM.

9. If BOEM decides to commence suit to enforce its rights, it may commence and prosecute any claim, suit, action, or other proceeding against the Principal and Surety, or either of them, whether or not BOEM joins the lessees or any other party.

10. In the event there is more than one Surety for the Principal's performance of the Obligations, as to any Instrument, the Surety's Obligation and liability under this bond is on a "solidary" or "joint and several" basis along with other guarantors or sureties.

11. The Surety agrees to give prompt notice to BOEM and the Principal of any action filed alleging the insolvency or bankruptcy of the Surety or the Principal, or alleging any violation that would result in suspension or revocation of the Surety's charter or license to do business.

12. The Surety's Obligation and liabilities under this Bond are binding upon the Surety's successors and assigns.  Nothing in this document permits assignment of the Surety's Obligation without the written consent of BOEM.

13. The Surety hereby waives any defenses to liability on this bond based on an unauthorized Principal signature.

| | |
|---|---|
| Berkley Insurance Company | Fieldwood Energy Offshore LLC |
| Name of Surety | Name of Principal |
| | |
| Signature of Person Executing for Surety | Signature of Person Executing for Principal |
| Teresa D. Kelly, Attorney-in-Fact | John H. Smith, Vice President |
| Name and Title (typed or printed) | Name and Title (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Business Address | Business Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Business Address | Business Address |

Signed on this 22nd day of January , 20 19 , in the State of Texas , in the presence of:

| | |
|---|---|
| Signature of Witness | Signature of Witness |
| Laura L. Kneitz | |
| Name (typed or printed) | Name (typed or printed) |
| 5444 Westheimer, Suite 900 | 2000 W Sam Houston Pkwy S, Suite 1200 |
| Address | Address |
| Houston, TX 77056 | Houston, TX 77042 |
| Address | Address |

*Note:*  The person executing for the Surety must attach a corporate resolution and power of attorney stating his or her authority to undertake this Obligation, pursuant to the acts of the corporate board of directors and the laws of the State of incorporation.  The corporation executing this bond as Surety and the Principal, if a corporation, must affix their corporate seals.

**BOEM-2028A  (June 2016)**                                                                                  **PAGE 3 OF 3**
Previous Editions are Obsolete.

Exhibit B_0000166

# Bond Execution Summary

*C.A. Shea & Company, Inc.*

| | | | |
|---|---|---|---|
| **Shea Bond #:** | 180404007 | **IRS/Importer #:** | 46-132677800 |
| **Effective Date** | 04/25/2018 | **Principal:** | Fieldwood Energy LLC |
| **Bond Amount:** | $50,000.00 | **Bond Form:** | Importer or Broker §113.62 (Activity Code 1) |
| **Customs Bond #:** | 18C000DYI | **Bond Type:** | Continuous |
| **Surety Bond #:** | 0206223 | **Surety Company:** | BERKLEY INSURANCE CO (611) |
| | | **Obligee:** | Bureau of Customs and Border Protection |

**Optional Customs Programs utilized by the Principals on this bond:**

☐ Periodic Monthly Statement      ☐ Reconciliation      ☐ US Virgin Islands

The information below is based on the information our office has on file for each entity listed on this bond. Please note the addresses listed are the mailing addresses on file.

**Principals**

| IRS / Importer # | Shea Data |
|---|---|
| 46-132677800 | Fieldwood Energy LLC |
| | 2000 W. Sam Houston Parkway S |
| | Suite 1200 |
| | Houston, TX 77042 |

## Claim Contact Information

In the event the surety receives notice of claim against the bond, we will utilize the below contact information for the principal(s).

**46-132677800 - Fieldwood Energy LLC**

| | | | |
|---|---|---|---|
| Name: | Mr. Mark Mozell | Company: | Fieldwood Energy LLC |
| Title: | Vice President - Risk Management | Address | 2000 W. Sam Houston Parkway S |
| EMail: | mmozell@fwellc.com | | Suite 1200 |
| Phone: | (713)969-1133   Fax: | | Houston, TX 77042 |

*Please be sure to review this information and advise if any of the information is incorrect so our office may determine the best method of correcting the information referenced on this summary.*

Exhibit B_0000167

04/13/2018