# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  )  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FIELDWOOD ENERGY LLC, *et al.*, | ) | Case No. 20-33948 (MI) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors.[1] | ) |  |
|  | ) |  |

### HUNT OIL COMPANY, CHIEFTAIN INTERNATIONAL (U.S.) L.L.C., AND HUNT CHIEFTAIN DEVELOPMENT, L.P.'S JOINDER TO THE (A) OBJECTION OF CHEVRON U.S.A. INC. AND NOBLE ENERGY, INC., (B) OBJECTION OF XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH LLC, (C) OBJECTION OF MARATHON OIL COMPANY, AND (D) OBJECTION OF ENI US OPERATING CO. INC. AND ENI PETROLEUM US LLC TO THE DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY, LLC AND ITS AFFILIATED DEBTORS

Hunt Oil Company and its subsidiaries Chieftain International (U.S.) L.L.C. (formerly Chieftain International (U.S.), Inc.) and Hunt Chieftain Development, L.P. (collectively, "Hunt") object to the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 723] (the "Disclosure Statement") and Motion (as defined below) in the above-captioned, jointly administered bankruptcy cases and hereby join, adopt and incorporate by reference (this "Joinder") (A) *Chevron U.S.A. and Noble Energy, Inc.'s Objection to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Proposed Voting and Tabulation Procedures, (III) Procedures for Executory*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Contract Assumption and Assignment, and (IV) Procedures for Assignment and Transfer of Property of the Estate* [Docket No. 880] (the "Chevron Objection"); (B) the *Objection of XTO Offshore, Inc. HHE Energy Company, and XH LLC to the Disclosure Statement for the Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors* [Docket No. 900] (the "XTO Objection"); (C) *Marathon Oil Company's Objection to the Debtors' Disclosure Statement, Procedures for Assumption of Executory Contracts and Transfer of Property of the Estate* [Docket No. 924] (the "Marathon Objection"); and (D) the *Objection of Eni US Operating Co. Inc. and Eni Petroleum US LLC to Approval of Debtors' Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 937] (the "Eni Objection"). In support of its Joinder, Hunt respectfully represents as follows:[2]

## FACTUAL BACKGROUND

### A. Hunt's Sale of Its Gulf of Mexico Properties in 2012

1. Based in Dallas, Texas, Hunt is a private, independent oil and natural gas company engaged in the exploration, development, extraction and production of oil and gas in various resource plays in the United States and around the world.

2. In 2012, Hunt sold substantially all of its Gulf of Mexico ("GOM") assets to Dynamic Offshore Resources, LLC ("Dynamic") through a purchase and sale agreement ("PSA") dated May 9, 2012. At the time of the sale, Dynamic was in the process of merging with Sandridge Energy, Inc. ("Sandridge"). Hunt has completely divested its interests in the offshore GOM assets sold to Dynamic and has neither operated nor owned a working interest in any of the GOM assets for nearly a decade.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings prescribed to them in the Disclosure Statement, as applicable.

2

3. In 2014, Fieldwood Energy LLC ("Fieldwood"), as part of its business expansion in the GOM, purchased Sandridge's portfolio of GOM assets, which included the GOM assets Hunt had sold to Dynamic back in 2012 under the PSA.

**B.   The Chapter 11 Cases and Meeting with the Debtors**

4. On August 3 and August 4, 2020, Fieldwood and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

5. On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 722] (the "Plan"), the Disclosure Statement, and the *Motion of the Debtors for Entry of Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for Objections to the Assignment and Transfer of Property of the Estate; (VII) Approving Bid Submission Deadline and Procedures for Submission of Higher or Better Bids; and (VIII) Granting Related Relief* [Docket No. 724] (the "Motion").

6. Last month, the Debtors provided to Hunt a high-level presentation of their unprecedented strategy of seeking to impermissibly "abandon" and forcibly return to Hunt the Debtors' interests in oil and gas leases that Hunt has no obligation to take. The Debtors' materials identified their interests in specific oil and gas leases in the fields Ship Shoal 300/314/315, South Pass 37, Eugene Island 62/63/77, South Marsh Island 268/269/280/281, Ship

3

Shoal 190/206/216, Ship Shoal 204, and East Cameron 349. The Debtors also identified leasehold interests in the fields South Marsh Island 39, South Timbalier 242, and Vermillion 229, for which the Debtors had identified Hunt as a party in interest, and which the Debtors propose to transfer to FWE III and NewCo, respectively, if the Plan and transactions contemplated therein are approved.

7. Using the limited information provided by the Debtors, Hunt is still in the process of determining the anticipated decommissioning and P&A obligations in respect of the purported abandoned properties and other shelf assets that may be implicated by the Debtors' proposed abandonment strategy.

## OBJECTIONS AND JOINDER

8. Hunt joins and incorporates the Chevron Objection, filed February 12, 2021, the XTO Objection, filed February 22, 2021, the Marathon Objection, filed March 1, 2021, and the Eni Objection, filed on March 3, 2021, including objections raised therein to the feasibility and confirmability of the Plan. Failing to remediate such glaring deficiencies in the Disclosure Statement for what is already a precarious restructuring strategy and rushing into solicitation in respect of a plan that is fatally flawed would be a further waste of estate resources.

## RESERVATION OF RIGHTS

9. Hunt expressly reserves its rights (i) to supplement the Joinder at any time before or at the hearing in connection with the relief requested by the Debtors and Hunt, or any subsequent hearing; (ii) to assert additional objections, rights, entitlements, or requests for relief as additional information becomes known; (iii) to further object to the Plan or Disclosure Statement on any and all grounds; and (iv) to join in other objections or requests for relief and adopt them as its own. Hunt waives nothing.

## CONCLUSION

10. Hunt respectfully requests that the Court deny approval of the Disclosure Statement and Motion until the Debtors provide information sufficient to comply with section 1125 of the Bankruptcy Code, including addressing the issues set forth herein, and grant any such other and further relief as the Court may deem as just and proper.

Dated: March 11, 2021              Respectfully submitted,

                                   **BAKER BOTTS L.L.P.**

                                    /s/ James R. Prince

                                   James R. Prince, State Bar No. 00784791
                                   Kevin Chiu, State Bar No. 24109723
                                   jim.prince@bakerbotts.com
                                   kevin.chiu@bakerbotts.com
                                   BAKER BOTTS L.L.P.
                                   2001 Ross Avenue, Suite 900
                                   Dallas, TX 75201-2980
                                   Telephone:    214.953.6500
                                   Facsimile:    214.661.6503

                                   -and-

                                   David R. Eastlake, State Bar No. 24074165
                                   david.eastlake@bakerbotts.com
                                   BAKER BOTTS L.L.P.
                                   910 Louisiana Street
                                   Houston, Texas 77002-4995
                                   Telephone:    713.229.1234
                                   Facsimile:    713.229.1522

                                   *Counsel for Hunt Oil Company*

EXHIBIT "2"

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AUBREY WILD** § | | CIVIL ACTION NO. _____ |
| § | | |
| **v.** § | | |
| § | | |
| **FIELDWOOD ENERGY LLC, ABC** § | | JUDGE _____ |
| **INSURANCE COMPANY, ACADIAN** § | | |
| **CONTRACTORS, INC., XYZ** § | | |
| **INSURANCE COMPANY, and** § | | |
| **HAROLD LIRETTE** § | | MAGISTRATE JUDGE _____ |

## FIELDWOOD ENERGY LLC'S NOTICE OF REMOVAL

Defendant, Fieldwood Energy LLC ("Fieldwood"), files its Notice of Removal of this civil action to the United States District Court for the Middle District of Louisiana, and respectfully would show as follows:

## PENDING STATE SUIT

1.

On August 28, 2020, Plaintiff, Aubrey Wild ("Plaintiff"), filed a civil action naming Fieldwood, Acadian Contractors ("Acadian"), Harold Lirette and two fictitious insurance companies as the defendants in No. C-698920, *Aubrey Wild v. Fieldwood Energy LLC, ABC Insurance Company, Acadian Contractors, Inc., XYZ Insurance Company and Harold Lirette*, in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. In his Petition for Damages ("Petition"), Plaintiff alleged causes of action sounding in negligence against defendants, Fieldwood, Acadian and Mr. Lirette, for an illness he purportedly received while he was located on an unidentified platform owned by Fieldwood on or about November 8, 2019.

2.

Fieldwood is an owner and the operator of a fixed oil and gas production Platform A, located in Block 308, South Timbalier Area, on the Outer Continental Shelf, off the Coast of

{N1811845 -} 1

Louisiana (hereafter "ST-308A"), to which platform Mr. Wild was assigned.

3.

A substantial amount of Mr. Wild's work was, and was to be, performed on Fieldwood's ST-308A platform, including the provision of emergency and general health care services to Fieldwood employees and its contractor personnel on the ST-308A platform, the provision of safety orientations to visitors and personnel, the inspection and reporting on conditions in the galley on a periodic basis, assistance with emergency drills, and clerical work, including tracking equipment that arrived and departed ST-308A, daily cost tracking, scanning paperwork and documents into the filing system, helicopter logistics, and the preparation and filing of person on board lists, all of which assisted Fieldwood in the production, development and transportation of oil and natural gas from ST-308A.

4.

The name and address of the court from which the case is being removed is:

> 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana
> 300 North Boulevard
> Baton Rouge, LA 70802

5.

The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

> A-1 – Plaintiff's Petition for Damages
>
> A-2 – Return of Service on Fieldwood
>
> A-3 – Return of Service on Acadian
>
> A-4 – Return of Service on Mr. Lirette

Exhibit "B" – list of all counsel of record including address, telephone and fax number,

{N1811845 -}  2

and the parties they represent, respectively.

    Exhibit "C" – Consents to Removal of the other named defendants

        C-1 – Acadian Contractors, Inc.'s Consent to Removal

        C-2 – Harold Lirette's Consent to Removal

6.

Presently, there has been no action taken by the state court in its proceeding.

## TIMING OF REMOVAL

7.

Fieldwood was served with the Petition and Citation on September 10, 2020 through service on Fieldwood's agent for service of process. Acadian was served with the Petition and Citation on September 8, 2020 through service on Acadian's agent for service of process. Mr. Lirette was served with the Petition and Citation on September 10, 2020. Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon Fieldwood. Service of the Petition and Citation was Fieldwood's first notice of the action.

## REMOVAL JURISIDICTION

8.

This case is removable to this Court pursuant to 28 U.S.C. § 1441(a) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

9.

Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or

production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1). The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA. *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S.Ct. 401 (2014).

10.

The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163. Both of these requirements for jurisdiction under OCSLA are satisfied here.

11.

First, Plaintiff's employment as a medic furthered Fieldwood's mineral production and development on the OCS. Plaintiff alleges that he became ill as the result of the water supply of Fieldwood's platform. Petition, paras. 3, 5 & 6. Fieldwood's operations at ST-308A were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiff's work and anticipated work at ST-308A furthered mineral production and development by Fieldwood on the OCS. *See Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999).

12.

Second, Plaintiff's alleged illness would not have occurred but for Fieldwood's operations at ST-308A and the need for Plaintiff to conduct medical and health care services to personnel employed by Fieldwood and its contractors located at ST-308A, as well as the other duties discussed in paragraph 3, *supra*, in furtherance of those operations. Indeed, if Plaintiff had

not been assigned to work on Fieldwood's ST-308A, then he would never have been required to bathe in or drink the water from that platform where he allegedly contracted his illness.

13.

For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

**VENUE**

14.

Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, where the state action is pending, is located within this federal judicial district.

**CONSENT TO REMOVAL**

15.

In accordance with 28 U.S.C. § 1446(b)(2), Acadian and Mr. Lirette consent to Fieldwood's removal of this suit. Please see Exhs. C-1 & C-2.

**ANSWER**

16.

No answer was filed by Fieldwood, Acadian or Mr. Lirette in the state court proceeding. Fieldwood will file responsive pleadings to the Petition within five (5) days of removal.

**NOTICE TO ADVERSE PARTIES AND TO STATE COURT**

17.

As the removing party, Fieldwood will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

18.

Fieldwood also will file a copy of this Notice of Removal with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

**WHEREFORE**, Fieldwood Energy LLC respectfully requests that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Respectfully submitted,

New Orleans, Louisiana  
October 1, 2020

/s/ James D. Bercaw  
JAMES D. BERCAW (#20492)  
KING & JURGENS, L.L.C.  
201 St. Charles Avenue, 45th Floor  
New Orleans, Louisiana 70170  
Telephone: (504) 582-1272  
Facsimile: (504) 582-1233  
jbercaw@kingjurgens.com

*Attorneys for defendant,*  
*Fieldwood Energy LLC*

{N1811845 -}   6