# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § | CHAPTER 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | | Case No. 20-33948 (MI) |
| Debtors. | | (Jointly Administered) |

## VALERO MARKETING AND SUPPLY COMPANY'S LIMITED OBJECTION TO DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS
### [ECF NO. 723]

Valero Marketing and Supply Company ("Valero"), as a party-in-interest and creditor in the above-referenced jointly-administered bankruptcy case (the "Bankruptcy Case") and as Defendant and Counter-Plaintiff in Adversary No. 20-03497, files this limited objection to *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [ECF No. 723] (the "Disclosure Statement"). In support of the Objection, Valero respectfully states as follows:

### I.  BACKGROUND

1. Valero is a party-in-interest and creditor in the Bankruptcy Case.

2. In June 2018, Valero and Fieldwood Energy, LLC ("Fieldwood") entered into the Purchase Contract (the "Purchase Contract" or "Contract"). Under the Purchase Contract, Fieldwood agreed to provide crude oil on a month-to-month basis to Valero. The quantity to be delivered was approximately 10,000 barrels a day. The Purchase Contract required thirty (30) days prior written notice of cancellation. [Adversary No. 20-03497, ECF No. 4]

3. On April 27, 2020, Fieldwood informed Valero that: "[d]ue to conditions created by the COVID-19 epidemic and pursuant to Section E of the Conoco Inc.'s General Terms and Conditions..., Fieldwood hereby notifies Valero that Fieldwood is unable to perform its obligations under the Contract due to an event of Force Majeure...." (the "Force Majeure Notice"). [Adversary No. 20-03497, ECF No. 4]

4. On April 29, 2020, Valero rejected the alleged force majeure and the Force Majeure Notice.

5. On April 29, 2020, Fieldwood sent a notice of termination of the Purchase Contract effective as of May 30, 2020 (the "Contract Termination Date").

6. On May 14, 2020, under the Purchase Contact, Valero made demand that Fieldwood provide adequate assurance of performance. [Adversary No. 20-03497, ECF No. 4]

7. On November 25, 2020, Valero timely filed Proof of Claim No. 729 (the "Proof of Claim") in United States Bankruptcy Court, Southern District of Texas. Valero asserted that it has a right of setoff in the amount of $2,102,544 for damages it incurred prior to the Contract Termination Date.

8. On December 12, 2020, Fieldwood Energy, LLC ("Fieldwood"), as debtor and debtor in possession, filed Adversary Complaint No. 20-03497 (the "Complaint") against Valero objecting to Proof of Claim. Further, the Complaint alleges, in relevant part, the following: (1) Valero breached the Purchase Contract; (2) Fieldwood was not required to provide adequate assurances; (3) Valero miscalculated damages owed because it failed to mitigate its damages and under the Purchase Contract neither party is liable for "consequential, incidental, punitive, special, exemplary or indirect damages, or lost profits;" (4) Valero has no valid lien; and (5) Fieldwood is

entitled to attorney's fees. Valero disputes and denies all claims alleged by Fieldwood (the "Adversary Proceeding"). [Adversary No. 20-03497, ECF No. 1]

9. On January 15, 2021, Valero filed an answer (the "Answer") to the Complaint in which Valero responded to the allegations made in the Complaint, asserted relevant affirmative defenses, re-asserted its right of setoff, and asserted a counterclaim for breach of contract. [Adversary No. 20-03497, ECF No. 4]

10. To date, there has not been a judgment in the Adversary Proceeding.

11. On January 1, 2021, Fieldwood filed, along with the Disclosure Statement, *Joint Chapter 11 Plan of Fieldwood and Its Affiliated Debtors* (the "Plan"). Neither the Disclosure Statement nor the Plan have any discussion of the Valero claims or the Adversary Proceeding. Neither the Disclosure Statement nor the Plan have any general discussion regarding treatment of creditors which timely asserted a right of setoff. Neither the Plan nor the Disclosure Statement have any discussion regarding treatment of creditors who assert that they have a secured claim to the extent of the allowed setoff amount.

12. Fieldwood claims to have terminated the Purchase Contract and asserts that it has a claim under the Purchase Contract against Valero for deliveries prior to the Contract Termination Date. There is no information in the Plan or the Disclosure Statement regarding how Fieldwood classifies its alleged claim against Valero. The claim could be a contract right, it could be treated on the Fieldwood books as an account receivable or something else.

13. The Plan and Disclosure Statement discuss the potential transfer of assets, including but not limited to, the Credit Bid Acquired Assets, assets which may be abandoned and assets which may be transferred to a Liquidating Trust, FEW I, FEW II and/or Newco. Neither the Plan nor the Disclosure Statement provide any information as to whether the alleged claim against

Valero will be transferred. If it is to be transferred, to whom? If it is to be transferred, will the Plan attempt to confirm a transfer free and clear of the Valero right of setoff? The Disclosure Statement should give Valero (and perhaps other parties, if any, asserting a right of setoff) full and fair notice of whether there will be any attempt to sell, transfer or otherwise dispose of the rights, if any, which Fieldwood allegedly acquired under the Purchase Contract against Valero. Valero is also entitled to full and fair notice of whether there will (or there won't) be any attempt to transfer or sell such alleged contract rights free and clear of the right of setoff or counterclaims which Valero asserts against Fieldwood.

## II. OBJECTION

14. The Disclosure Statement and Plan lack any substantive discussion regarding the classification of Valero's claims, as well as Fieldwood's plans, if any, to prosecute or transfer its claims against Valero. The overarching purpose of this objection is to obtain clarification of Valero's classification under the Disclosure Statement and Plan, and preservation of setoff rights and Valero's counterclaims.

15. Under the Plan, the classification of Valero's Proof of Claim and subsequent counterclaim made in the Answer is unclear. It is Valero's position that it is a secured creditor under Class 1 (Other Secured Claims) with the right to set off its damages against the amounts, if any, Valero may owe to Fieldwood under the Purchase Contract. The Disclosure Statement should confirm Valero's classification in Class 1 to the extent that this Court ultimately determines it has a valid right of setoff for damages it has incurred prior to the Contract Termination Date.

16. Due to the lack of substantive discussion regarding Valero's claims in the Plan and Disclosure Statement, it is unclear as to whether Fieldwood intends to transfer its claims against Valero. And, if such transfer occurred, whether Fieldwood would attempt to sell such claims free and clear of the rights of Valero to setoff its damages against any claim Fieldwood may have

against Valero. The Disclosure Statement should include a statement regarding proposed treatment of the claims, if any, against Valero.

17. In any case, Valero seeks to preserve its setoff rights through this objection to prevent an outcome similar to that in *Sherwin Pipeline, Inc. v. Sherwin Alumina Co., LLC (In re: Sherwin Alumina Co., LLC)*, 952 F.3d 229 (5th Cir. 2020).

### III.  PROPOSED MODIFICATION

18. In an attempt to expeditiously resolve this limited Objection, Valero would suggest the Plan and Disclosure Statement clearly provide that all claims which are asserted to be secured by right of setoff would be included in Class 1, without prejudice to the right to object to the amount and/or right of setoff. Further, the Plan and Disclosure Statement should clearly provide which entity will own the claims under the Purchase Contract post-confirmation and that such claims were transferred subject to Valero's claims as asserted in the Proof of Claim and the Adversary Proceeding. Finally, the Plan and Disclosure Statement should clearly provide that confirmation will not affect the rights of any party to defend, prosecute or enforce any judgment entered in the Adversary Proceeding.

WHEREFORE, premises considered, Valero respectfully requests this Objection be sustained and the Disclosure Statement be amended to (1) confirm Valero's clarification as a Class 1 (Other Secured Claim) to the extent that this Court determines Valero has a right of setoff; (2) disclose whether Fieldwood intends to sell or otherwise transfer its alleged claims against Valero; and (3) if so, whether Fieldwood would attempt to have such transfer subject to Valero's right to set off any damages owed to Fieldwood against the damages it seeks from Valero. Additionally, Valero seeks such other or further relief to which it may be justly entitled and reserves the right to seek additional or further relief.

Dated: January 28, 2021                 Respectfully submitted,

By: */s/ Deborah D. Williamson*

**FERNELIUS SIMON MACE ROBERTSON PERDUE PLLC**

C. Robert Mace
State Bar No. 12771300
Southern District No. 1415
BMace@trialattorneytx.com
C. Brannon Robertson
State Bar No. 24002852
S.D. Tex No. 22131
Brannon.robertson@trialattorneytx.com
4119 Montrose Blvd., Suite 500
Houston, Texas 77006
Telephone: (713) 654-1200
Facsimile: (713) 654-4039

and

**DYKEMA GOSSETT PLLC**

Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

**ATTORNEYS FOR VALERO MARKETING AND SUPPLY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2021, a true and correct copy of the foregoing has been served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, including:

Alfredo R. Perez
Alfredo.Perez@weil.com

Matthew S. Barr
Matt.Barr@weil.com

Jessica Liou
Jessica.Liou@weil.com

Hector Duran, Jr.
Hector.Duran.Jr@usdoj.gov

Stephen Douglas Statham
Stephen.Statham@usdoj.gov

Michael D. Warner
Mwarnerc@coleschotz.com

/s/ *Danielle N. Rushing*
Danielle N. Rushing