IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| FIELDWOOD ENERGY LLC, et al., | § | |
| | § | Case No. 20-33948 (MI) |
| Debtors | § | |

BRIAN CLOYD'S OBJECTION TO DISCLOSURE STATEMENT
FOR JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC
AND ITS AFFILIATED DEBTORS
[Relates to ECF 723]

Brian Cloyd (Cloyd) files his objection (Objection) to the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Disclosure Statement) [Docket No. 723] filed by the Debtors and, in support, states as follows:

I. SUMMARY OF OBJECTION

1. Cloyd is a maritime tort claimant with claims pending against Debtors Fieldwood Energy LLC and Fieldwood Energy Offshore LLC in Civil Action No. 4:20-CV-04032 in the United States District Court for the Southern District of Texas, *Brian Cloyd v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy Offshore LLC, Shore Offshore Services, LLC and Oceaneering International, Inc.* (the Civil Court Case). These claims gave rise to a maritime tort lien against the Debtor's vessel, the D/B THOR, at the time of Cloyd's injury on or about October 28, 2020.

2. Currently, the Disclosure Statement does not provide adequate information regarding the administration of maritime liens; the adjudication of post-petition, pre-confirmation personal injury claims; and specific information regarding applicable insurance policies. Such information is necessary for claimants to make informed

CLOYD'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT—PAGE 1

judgments regarding the plan. As such, Cloyd respectfully submits this objection to the Disclosure Statement.

3. Further, there are provisions under the Disclosure Statement that have not yet been disclosed, including a Liquidation Analysis, Valuation Analysis, and Financial Projections. *See* Disclosure Statement, Exs. I–K. Cloyd reserves his rights to object to these provisions when such provisions are supplemented.

## II. FACTUAL BACKGROUND

4. Cloyd filed his Original Petition in Cause No. 2020-74133 in the 11th Judicial District of Harris County, Texas (the State Court Case) on November 17, 2020—over three months after Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. *See* Exhibit A, Plaintiff's Original Petition.

5. Cloyd brought suit against Debtors as a result of personal injuries he sustained on or about October 28, 2020, while serving as a member of the crew of the D/B THOR while it was deployed on navigable waters. *See id.* Cloyd brought claims of general maritime law for maritime negligence, negligence per se, gross negligence, unseaworthiness, and maintenance and cure. *See id.* Cloyd asserts damages for physical pain, mental anguish, physical impairment, medical and pharmaceutical expenses, and other damages, both past and future, as well as punitive damages and attorney's fees. *See id.*

6. Debtors removed the State Court Case to federal district court on November 25, 2020, where Cloyd's claims are currently pending in the Civil Court Case. That same day, Debtors also filed a Notice of Suggestion of Bankruptcy to stay the Civil Court Case. After conferring with Cloyd's counsel on the post-petition nature of Cloyd's claims, on

December 15, 2020, Debtors withdrew the Notice of Suggestion and requested that the Court lift the stay. *See* Exhibit B, Debtors' Notice of Consent to Withdraw Bankruptcy Stay and to Re-Open Case.

7.  Debtors filed their Disclosure Statement and Plan on January 1, 2021. *See* Plan [Docket No. 722]; Disclosure Statement [Docket No. 723].

### III. ARGUMENT AND AUTHORITIES

8.  Section 1125(b) of the Bankruptcy Code states that a proponent of a plan may not solicit acceptances or rejections of a proposed plan from holders of claims or interests unless the proposed plan is transmitted to the holders with "a written disclosure statement approved, after notice and hearing, by the court as containing *adequate information*." 11 U.S.C. § 1125(b) (emphasis added). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> . . . information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, *that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan*, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . .

*See* 11 U.S.C. § 1125(a)(1) (emphasis added). The Court has discretion to determine whether the Disclosure Statement contains adequate information under section 1125. *See In re Cajun Elec. Power Coop., Inc.*, 150 F.3d 503, 518 (5th Cir. 1998) (finding adequate information is a case-by-case determination left to judicial discretion); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988); *In re Devine Ripe, L.L.C.*,

554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2009). However, where a disclosure statement omits material information or misstates material facts, it fails to meet the standard of Section 1125(a) and should not be approved by the Court.

9. Here, the Disclosure Statement is unclear as to how Cloyd's maritime lien would be treated under the terms of the Plan. The Disclosure Statement does not specifically address maritime liens, but fully releases and discharges liens against any property of the estate. *See* Disclosure Statement, § 10.7(c). Cloyd is a maritime tort claimant that holds secured interests relevant to this proceeding. As a maritime tort lien claimant, Cloyd holds a maritime tort lien in Debtors' vessel, D/B THOR. A maritime tort lien is a special property right in a vessel or rig that arises by operation of law as a security for a claim. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986). A maritime tort lien arises and is perfected at the time of injury. *See Merchants Nat. Bank of Mobile v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1346 (5th Cir. 1981). "The perfection of a maritime lien does not require that a creditor record his lien, obtain possession of the vessel, or file a claim against the ship." *In re Muma Servs., Inc.*, 322 B.R. 541, 546 (Bankr. D. Del. 2005). Instead, the claim itself constitutes a lien and property right. *See Craddock v. M/Y The Golden Rule*, 110 F.Supp.3d 1267, 1276-77 (S.D. Fl. 2015). Additionally, maritime tort liens are ranked higher in priority than other classes of liens, including ship mortgages, contracted necessaries, and non-maritime liens that may be claimed in this proceeding. *See U.S. v. One (1) 254 Ft. Freightor, M/V Andoria*, 570 F. Supp. 413, 415 (E.D. La. 1983). To the extent the Plan would release liens held by post-petition, pre-confirmation maritime tort claimants, Cloyd objects.

10. The Disclosure Statement also fails to adequately address or provide for the adjudication of post-petition, pre-confirmation personal injury claims such as Cloyd's.

Rather, the terms of the Disclosure Statement broadly release and enjoin claims and causes of action arising on or before the Plan's effective date and narrowly define administrative claims. See Disclosure Statement, §§ 1.1, 10.7(b). Cloyd objects to the Disclosure Statement as it does not provide adequate information to make informed judgments regarding the Plan.

11. Similarly, the Disclosure Statement does not provide specific information concerning the nature and availability of insurance coverage, claims implicating that coverage, SIR and deductible requirements under such coverage, and the sufficiency of coverage. This information is significant for purposes of determining satisfaction of claims and interests at issue and necessary for claimants to make informed judgments regarding the Plan. As such, Cloyd further objects to the Disclosure Statement for failure to provide adequate information.

12. Finally, there are key provisions under the Disclosure Statement that have not yet been disclosed. These include the Liquidation Analysis, Valuation Analysis, and Financial Projections. See Disclosure Statement, Exs. I–K. Cloyd reserves his rights to object to these provisions when such provisions are supplemented. Cloyd also reserves his right to assert additional objections to the Disclosure Statement. And Cloyd further reserves his right to object to confirmation of the Plan on any and all grounds, and the fact that Cloyd did not raise certain objections to the Plan as part of this filing is not a waiver of any rights.

V. PRAYER

WHEREFORE, Brian Cloyd respectfully requests the Court enter an order denying approval of the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* and grant Cloyd such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of February 2021.

      */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
Randy W. Williams
State Bar No. 21566850
Email: rwilliams@cstrial.com
Chelsea L. Schell
State Bar No. 24113410
Email: cschell@cstrial.com
CAIN & SKARNULIS PLLC
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
ATTORNEY FOR CREDITORS
BRIAN CLOYD

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 16th day of February 2021.

      */s/ Ryan E. Chapple*
Ryan E. Chapple

CAUSE NO. _____

| | | |
|---|---|---|
| Brian Cloyd, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC, Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC and Oceaneering International, Inc., | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### Plaintiff's Original Petition

Plaintiff Brian Cloyd (hereinafter referred to as "Plaintiff") file this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC, Premier Offshore Catering, Inc., and Oceaneering International, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

### I.

### Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Additionally, it is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Further, Plaintiffs have been

1

**Exhibit A**

damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sue.

## II.

## Venue

2. Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code, Section 15.002 because at least one Defendant's principal office is located in this County.

## III.

## Discovery Level

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

## Parties

4. Plaintiff Brian Cloyd is a Jones Act Seaman.

5. Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6. Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through

**Exhibit A**

Certified Document Number: 93143631 - Page 2 of 8

its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7. Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8. Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9. Defendant Oceaneering International, Inc. ("Oceaneering") is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever he may be found.

V.

Facts

10. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a crew member aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. While the vessel was deployed on navigable waters, and while Plaintiff, as a member of its crew, was

contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries to his head, neck back, and other parts of his body.

11. At all material times, the *D/B THOR* was deployed in navigable waters, working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be moored in an unsafe area to wait out the hurricane.

12. During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiff suffered serious physical, mental and emotional injuries as he was thrown around inside the vessel by the uncontrolled boat in violent seas.

V.

Causes of Action

A. *Negligence against all Defendants.*

13. Plaintiffs repeat, realleges and readopts all paragraphs, as if stated herein and further alleges:

14. Defendants are negligent, negligent per se, and grossly negligent for the following reasons:

    a. Failure to properly supervise their crew;

    b. Failure to properly train their employees;

    c. Failure to provide adequate safety equipment;

    d. Failure to provide Plaintiffs a safe working environment;

Certified Document Number: 93143631 - Page 4 of 8

e.  Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

f.  Failure to timely and effective evacuate the vessel;

g.  Failure to provide adequate medical treatment;

h.  Failed to properly moor the *D/B THOR* and its equipment;

i.  Failed to properly secure the *D/B THOR* and its equipment;

j.  Operating the vessel with an inadequate crew;

k.  Failure to have the vessel moored in a safe area;

l.  Failing to maintain safe mechanisms for work on the vessel;

m.  Failure to maintain, inspect, and/or repair the vessel's equipment;

n.  Operating the vessel in an unsafe and improper manner;

o.  Vicariously liable for their employees' and agents' negligence;

p.  Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

q.  Other acts deemed negligent and grossly negligent.

15. At all relevant times, the THOR was unseaworthy

16. Additionally, Defendants are strictly liable for violations of Coast Guard Regulations.

17. As a result of the Defendants' negligence, Plaintiff sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, cognitive injury, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment, cognitive injury and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a

Certified Document Number: 9314631 - Page 5 of 8

loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

18. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions

## VI.

## Jury Demand

19. Plaintiffs demand a trial by jury.

## VII.

## Prayer

6

**Exhibit A**

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

Certified Document Number: 93143631 - Page 7 of 8

Respectfully Submitted,

ARNOLD & ITKIN LLP

/s/ *Kurt B. Arnold*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 93143631 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this November 24, 2020

Certified Document Number:     93143631 Total Pages: 8

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRIAN CLOYD,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | |
| § | **CIVIL ACTION NO. 4:20-CV-04032** |
| **FIELDWOOD ENERGY OFFSHORE,** § | |
| **INC. d/b/a FIELDWOOD ENERGY** § | |
| **(TEXAS), INC., FIELDWOOD ENERGY** § | |
| **LLC, FIELDWOOD ENERGY** § | |
| **OFFSHORE, LLC, SHORE OFFSHORE** § | |
| **SERVICES LLC, and OCEANEERING** § | |
| **INTERNATIONAL, INC.,** § | |
| § | |
| **Defendants.** § | |

**NOTICE OF CONSENT TO WITHDRAW
BANKRUPTCY STAY AND TO RE-OPEN CASE**

**PLEASE TAKE NOTICE** that Defendants, Fieldwood Energy LLC and Fieldwood Energy Offshore LLC (collectively, the "**Defendants**"), consent to the withdrawal of this Court's Order (Doc. 9), issued on December 9, 2020, which stayed this civil action and administratively closed this civil action pending the suggestion of bankruptcy, and the reopening of this civil action for the reasons that follow.

Commencing on August 3, 2020 (the "**Petition Date**"), Defendants and certain of their affiliates (collectively, the "**Debtors**") each filed separate voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas under Chapter 11 of Title 11 of the United States Code. The Debtors' cases are being jointly administered under Case No. 20-33948.

On November 25, 2020, the Defendants filed their Notice of Removal in this Court on the basis that this Court's subject matter jurisdiction was founded upon the Outer Continental

{N1831523 -} 1

**Exhibit B**

Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*, as well as this Court's "federal question" jurisdiction, 28 U.S.C. § 1331. (Doc. 1). Also on that date, the Defendants filed their Notice of Suggestion of Bankruptcy (Doc. 2.) Thereafter, this Court issued its December 9, 2020, Order, staying this civil action in its entirety.

The personal injury claims asserted by plaintiffs against Defendants are alleged to have arisen on or about October 28, 2020, which was after the Petition Date. Under these specific circumstances, Defendants advise this Court that they hereby consent to the lifting of the stay previously entered by the Court and the restoration of this matter to the active docket of this Court.

Undersigned counsel for Defendants advise that this consent to withdraw the Court's Order dated December 9, 2020, is without prejudice to any and all affirmative or other defenses they may have to the Petition, as amended, of plaintiff, Brian Cloyd, against them, including the filing of any memorandum in opposition to any motion to remand that plaintiff may file in the future. Upon the lifting of the stay, undersigned counsel will file within five (5) days, a statement of corporate disclosure as well as their Answer and Affirmative Defenses.

WHEREFORE, Defendants hereby consent and request this Court to lift the stay issued in this Court's December 9, 2020, Order (Doc. 9).

**Exhibit B**

New Orleans, Louisiana
This 15th day of December, 2020

Respectfully submitted:

/s/ James D. Bercaw
James D. Bercaw, T.A. (20492)
**KING & JURGENS, L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Email: jbercaw@kingkrebs.com

and

JOSEPH R. MESSA (#11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas 77057
Telephone: (713) 334-5644
Facsimile: (713) 334-5828

*Counsel for defendants,
Fieldwood Energy LLC and
Fieldwood Energy Offshore LLC*

{N1831523 -}  3

**Exhibit B**