IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| FIELDWOOD ENERGY LLC, et al., | § | |
| | § | Case No. 20-33948 (MI) |
| Debtors | § | |

**LEWIS ANDREWS AND PATRICK BURNETT'S OBJECTION TO DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS**
**[Relates to ECF 723]**

Lewis Andrews (Andrews) and Patrick Burnett (Burnett) file their objection (Objection) to the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Disclosure Statement) [Docket No. 723] filed by the Debtors and, in support, state as follows:

## I. SUMMARY OF OBJECTION

1. Andrews and Burnett (collectively, Claimants) are maritime tort claimants with claims pending against the Debtors Fieldwood Energy LLC and Fieldwood Energy Offshore LLC in Civil Action No. 4:20-CV-04009 in the United States District Court for the Southern District of Texas, *Lewis Andrews and Patrick Burnett v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy Offshore LLC, Shore Offshore Services, LLC and Premier Offshore Catering, Inc.* (the Civil Court Case). These claims gave rise to a maritime tort lien against the Debtor's vessel, the D/B THOR, at the time of Claimants' injuries on or about October 28, 2020.

2. Currently, the Disclosure Statement does not provide adequate information regarding the administration of maritime liens; the adjudication of post-petition, pre-confirmation personal injury claims; and specific information regarding applicable

insurance policies. Such information is necessary for claimants to make informed judgments regarding the plan. As such, Claimants respectfully submit this objection to the Disclosure Statement.

3. Further, there are provisions under the Disclosure Statement that have not yet been disclosed, including a Liquidation Analysis, Valuation Analysis, and Financial Projections. *See* Disclosure Statement, Exs. I–K. Claimants reserve their rights to object to these provisions when such provisions are supplemented.

## II. FACTUAL BACKGROUND

4. Claimants filed their First Amended Petition in Cause No. 2020-73683 in the 164th Judicial District of Harris County, Texas (the State Court Case) on November 18, 2020—over three months after Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. *See* **Exhibit A**, Plaintiffs' First Amended Petition.

5. Claimants brought suit against Debtors as a result of personal injuries they sustained on or about October 28, 2020, while serving as members of the crew of the D/B THOR while it was deployed on navigable waters. *See id.* Claimants brought claims of general maritime law for maritime negligence, negligence per se, gross negligence, unseaworthiness, and maintenance and cure. *See id.* Claimants assert damages for physical pain, mental anguish, physical impairment, medical and pharmaceutical expenses, and other damages, both past and future, as well as punitive damages and attorney's fees. *See id.*

6. Debtors removed the State Court Case to federal district court on November 24, 2020, where Claimants' claims are currently pending in the Civil Court Case. That same day, Debtors also filed a Notice of Suggestion of Bankruptcy to stay the Civil Court

Case. After conferring with Claimants' counsel on the post-petition nature of Claimants' claims, on December 15, 2020, Debtors withdrew the Notice of Suggestion and requested that the Court lift the stay. *See* **Exhibit B**, Debtors' Notice of Consent to Withdraw Bankruptcy Stay and to Re-Open Case.

7. Debtors filed their Disclosure Statement and Plan on January 1, 2021. *See* Plan [Docket No. 722]; Disclosure Statement [Docket No. 723].

### III. ARGUMENT AND AUTHORITIES

8. Section 1125(b) of the Bankruptcy Code states that a proponent of a plan may not solicit acceptances or rejections of a proposed plan from holders of claims or interests unless the proposed plan is transmitted to the holders with "a written disclosure statement approved, after notice and hearing, by the court as containing *adequate information.*" 11 U.S.C. § 1125(b) (emphasis added). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> . . . information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, *that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan*, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . .

*See* 11 U.S.C. § 1125(a)(1) (emphasis added). The Court has discretion to determine whether the Disclosure Statement contains adequate information under section 1125. *See In re Cajun Elec. Power Coop., Inc.*, 150 F.3d 503, 518 (5th Cir. 1998) (finding adequate information is a case-by-case determination left to judicial discretion);

*In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988); *In re Devine Ripe, L.L.C.*, 554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2009). However, where a disclosure statement omits material information or misstates material facts, it fails to meet the standard of Section 1125(a) and should not be approved by the Court.

9. Here, the Disclosure Statement is unclear as to how Claimants' maritime liens would be treated under the terms of the Plan. The Disclosure Statement does not specifically address maritime liens, but fully releases and discharges liens against any property of the estate. *See* Disclosure Statement, § 10.7(c). Claimants are maritime tort claimants that hold secured interests relevant to this proceeding. As maritime tort lien claimants, Claimants hold maritime tort liens in Debtors' vessel, D/B THOR. A maritime tort lien is a special property right in a vessel or rig that arises by operation of law as a security for a claim. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986). A maritime tort lien arises and is perfected at the time of injury. *See Merchants Nat. Bank of Mobile v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1346 (5th Cir. 1981). "The perfection of a maritime lien does not require that a creditor record his lien, obtain possession of the vessel, or file a claim against the ship." *In re Muma Servs., Inc.*, 322 B.R. 541, 546 (Bankr. D. Del. 2005). Instead, the claim itself constitutes a lien and property right. *See Craddock v. M/Y The Golden Rule*, 110 F.Supp.3d 1267, 1276-77 (S.D. Fl. 2015). Additionally, maritime tort liens are ranked higher in priority than other classes of liens, including ship mortgages, contracted necessaries, and non-maritime liens that may be claimed in this proceeding. *See U.S. v. One (1) 254 Ft. Freightor, M/V Andoria*, 570 F. Supp. 413, 415 (E.D. La. 1983). To the extent the Plan would release liens held by post-petition, pre-confirmation maritime tort claimants, Claimants object.

10. The Disclosure Statement also fails to adequately address or provide for the adjudication of post-petition, pre-confirmation personal injury claims such as Claimants'. Rather, the terms of the Disclosure Statement broadly release and enjoin claims and causes of action arising on or before the Plan's effective date and narrowly define administrative claims. *See* Disclosure Statement, §§ 1.1, 10.7(b). Claimants object to the Disclosure Statement as it does not provide adequate information to make informed judgments regarding the Plan.

11. Similarly, the Disclosure Statement does not provide specific information concerning the nature and availability of insurance coverage, claims implicating that coverage, SIR and deductible requirements under such coverage, and the sufficiency of coverage. This information is significant for purposes of determining satisfaction of claims and interests at issue and necessary for claimants to make informed judgments regarding the Plan. As such, Claimants' further object to the Disclosure Statement for failure to provide adequate information.

12. Finally, there are key provisions under the Disclosure Statement that have not yet been disclosed. These include the Liquidation Analysis, Valuation Analysis, and Financial Projections. *See* Disclosure Statement, Exs. I–K. Claimants reserve their rights to object to these provisions when such provisions are supplemented. Claimants also reserve their rights to assert additional objections to the Disclosure Statement. And Claimants further reserve their rights to object to confirmation of the Plan on any and all grounds, and the fact that Claimants did not raise certain objections to the Plan as part of this filing is not a waiver of any rights.

## V. PRAYER

WHEREFORE, Lewis Andrews and Patrick Burnett respectfully request the Court enter an order denying approval of the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* and grant Andrews and Burnett such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of February 2021.

        */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
Randy W. Williams
State Bar No. 21566850
Email: rwilliams@cstrial.com
Chelsea L. Schell
State Bar No. 24113410
Email: cschell@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEY FOR CREDITORS
LEWIS ANDREWS AND
PATRICK BURNETT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 16th day of February 2021.

        */s/ Ryan E. Chapple*
Ryan E. Chapple

11/18/2020 6:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48232550
By: SIMONE MILLS
Filed: 11/18/2020 6:54 PM

CAUSE NO. 2020-73683

| | | |
|---|---|---|
| Lewis Andrews and Patrick Burnett, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc. | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Premier Offshore Catering, Inc., | § | |
| | § | |
| Defendants. | § | 164th JUDICIAL DISTRICT |

**Plaintiffs' First Amended Petition**

Plaintiffs Lewis Andrews and Patrick Burnett (hereinafter jointly referred to as "Plaintiffs") file this First Amended Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC and Premier Offshore Catering, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

**I.**

**Jurisdiction**

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. The Court has exclusive jurisdiction pursuant to the Saving to Suitors clause. Further, Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiffs now sue.

**II.**

**Venue**

1

**Exhibit A**

2. Venue is proper pursuant to Texas Civil Practice and Remedies Code, Section 15.002.

### III.

### Discovery Level

3. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### IV.

### Parties

4. Plaintiffs are Mississippi residents.

5. Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6. Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7. Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with

2

**Exhibit A**

process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8. Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9. Defendant Premier Offshore Catering, Inc. ("Premier") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Carroll Angelle, 375 Technology Lane, Gray, LA 70359, or wherever she may be found.

## V.
## Facts

10. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiffs were galley crew members working aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. At all material times, the *D/B THOR* was working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be tied off in an unsafe area to wait out the hurricane. Plaintiffs were required to remain on board.

11. During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiffs suffered serious injuries.

12. Defendants are negligent and negligent per se for the following reasons:

    a. Failure to properly supervise their crew;

    b. Failure to properly train their employees;

    c. Failure to provide adequate safety equipment;

    d. Failure to provide Plaintiffs a safe working environment;

    e. Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

    f. Failure to timely and effectively evacuate the vessel;

    g. Failure to provide adequate medical treatment;

    h. Operating the vessel with an inadequate crew;

    i. Failing to maintain safe mechanisms for work on the vessel;

    j. Failure to maintain, inspect, and/or repair the vessel's equipment;

    k. Operating the vessel in an unsafe and improper manner;

    l. Failure to have the vessel moored in a safe area;

    m. Vicariously liable for their employees' and agents' negligence;

    n. Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

    o. Other acts deemed negligent.

13. At all relevant times, the *D/B THOR* was unseaworthy.

14. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs

have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiffs seek punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

15. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions.

VI.

**Jury Demand**

16. Plaintiffs demand a trial by jury.

VII.

5
**Exhibit A**

**Prayer**

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Loss of household services;
- Past and future loss of consortium;
- Past and future maintenance and cure obligations;
- Pre-judgment interest;
- Post-judgment interest;
- Costs of Court;
- Attorney fees;
- All other relief to which Plaintiffs are justly entitled, either at law or in

6
**Exhibit A**

equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEWIS ANDREWS and PATRICK BURNETT, § § § § Plaintiffs, § § v. § § FIELDWOOD ENERGY OFFSHORE, § INC. d/b/a FIELDWOOD ENERGY § (TEXAS), INC., FIELDWOOD ENERGY § LLC, FIELDWOOD ENERGY § OFFSHORE, LLC, SHORE OFFSHORE § SERVICES LLC, and PREMIER § OFFSHORE CATERING, INC., § § Defendants. § | CIVIL ACTION NO. 4:20-CV-04009 |

## NOTICE OF CONSENT TO WITHDRAW BANKRUPTCY STAY AND TO RE-OPEN CASE

**PLEASE TAKE NOTICE** that Defendants Fieldwood Energy LLC and Fieldwood Energy Offshore LLC (collectively, the "**Defendants**") consent to the withdrawal of this Court's Order (Doc. 8), issued on December 11, 2020, which stayed all claims against Fieldwood Energy LLC, and the reopening of this civil action for the reasons that follow.

Commencing on August 3, 2020 (the "**Petition Date**"), Defendants and certain of their affiliates (collectively, the "**Debtors**") each filed separate voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas under Chapter 11 of Title 11 of the United States Code. The Debtors' cases are being jointly administered under Case No. 20-33948.

On November 24, 2020, the Defendants filed their Notice of Removal in this Court on the basis that this Court's subject matter jurisdiction was founded upon the Outer Continental

**Exhibit B**

Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*, as well as this Court's "federal question" jurisdiction, 28 U.S.C. § 1331. (Doc. 1). Also on that date, the Defendants filed their Notice of Suggestion of Bankruptcy (Doc. 2.) Thereafter, this Court issued its December 14, 2020, Order, staying this civil action against Fieldwood Energy LLC.

The personal injury claims asserted by plaintiffs against Defendants are alleged to have arisen on or about October 28, 2020, which was after the Petition Date. Under these specific circumstances, Defendants advise this Court that they hereby consent to the lifting of the stay previously entered by the Court and the restoration of this matter to the active docket of this Court.

Undersigned counsel for Defendants advise that this consent to withdraw the Court's Order dated December 11, 2020, is without prejudice to any and all affirmative or other defenses they may have to the Petition, as amended, of plaintiffs, Lewis Andrews and Patrick Burnett, against them, including the filing of any memorandum in opposition to any motion to remand that plaintiffs may file in the future. Upon the lifting of the stay, undersigned counsel will file within five (5) days, a statement of corporate disclosure as well as their Answer and Affirmative Defenses.

WHEREFORE, Defendants hereby consent and request this Court to lift the stay issued in this Court's December 11, 2020, Order (Doc. 8).

{N1831519 -}  2

**Exhibit B**

New Orleans, Louisiana
This 15th day of December, 2020

Respectfully submitted:

/s/ James D. Bercaw
James D. Bercaw, T.A. (20492)
**KING & JURGENS, L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Email: jbercaw@kingkrebs.com

and

JOSEPH R. MESSA (#11346)
jmessa@kingjurgens.com
6363 Woodway, Suite 820
Houston, Texas 77057
Telephone: (713) 334-5644
Facsimile: (713) 334-5828

*Counsel for defendants,
Fieldwood Energy LLC and
Fieldwood Energy Offshore LLC*