**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-33948 (MI) |
| | § | |
| | § | Debtors. |
| | § | |
| Chapter 11 | § | Jointly Administered |
| | § | |
| | § | |
| | § | |
| FIELDWOOD ENERGY LLC, et al.[1] | | |

**OBJECTION BY SAMSON CONTOUR ENERGY E & P, LLC TO THE ADEQUACY
OF THE DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED
DEBTORS (DKT NO. 723)**

NOW INTO COURT, through undersigned counsel, comes Samson Contour Energy E & P, LLC ("SCEEP"), and respectfully objects to the Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Fieldwood Energy LLC and its Affiliated Debtors [Dkt No. 723] ("Disclosure Statement") for the following reasons:

1. SCEEP sold certain oil and gas properties to Fieldwood Energy Offshore, LLC (f/k/a Dynamic Offshore Resources, LLC and referred to herein as "Fieldwood") pursuant to a Purchase and Sales Agreement dated June 10, 2010 ("PSA"). Pursuant to the PSA, Fieldwood assumed all plugging and abandonment obligations relating to those properties. It appears that some of these properties are included in the 187 offshore oil and gas properties referred to as the

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042. These parties are referred to herein collectively as the Debtors.

4823-8585-2636v1
2900008-000036 03/01/2021

Abandoned Properties in the Disclosure Statement and the Joint Chapter 11 Plan of Reorganization (the "Plan).[2]

2.      Other objections to the Disclosure Statement have briefed in detail the standards established by case law that this Court should consider in determining whether a Disclosure Statement is adequate.  SCEEP will not burden this Court with repeating those standards, of which this Court is quite aware.[3]   The Disclosure Statement does not include sufficient and adequate information to allow parties to make an informed decision to accept or reject the Plan.   This is particularly true for SCEEP whose relationship with the Debtors arises out of the Abandoned Properties.  The Plan appears to divide the oil and gas properties into four groups.  The first group, assumedly the most valuable, are to be sold pursuant to the Credit Bid Transaction.  Properties are also to be transferred to FWE I, for which Apache is a predecessor.  Other properties are to be transferred to  FWE III.  Finally, there is a fourth group of properties called the Abandoned Properties.  No matter their group, the Disclosure Statement offers little or no information about the value of any of these properties.

3.      As to the Abandoned Properties, the Disclosure Statement and Plan appear to suggest that the abandonment of these properties does not simply revert the properties back to the Debtors but that the properties somehow would be transferred to the Debtor's predecessors in title.

---

[2] Capitalized terms not defined herein shall has the meaning ascribed to them in the Plan or Disclosure Statement.

[3] Samson Contour has reviewed the Objection of XTO Offshore, Inc., Inc., HHE Energy Company, and XH LLC to the Disclosure Statement for the Joint Plan of Fieldwood Energy, OOC and its Affiliated Debtors (Dkt No. 900) and Chevron USA, Inc. and North Energy, Inc.'s Motion for entry of an Order Approving (the Chevron U.S.A. Inc. and Noble Energy, Inc.'s Objection to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Proposed voting and tabulation Procedures, (III) Procedures for Executory Contract Assumption and Assignment, and (IV) Procedures for Assignment and Transfer of Property of the Estate (Dkt No. 880) and adopts their statements as to applicable law.

No basis in law is asserted in the Disclosure Statement to support this proposition, likely because there is none. Abandonment only removes an asset from the estate and ends its administration. It is not a transfer of a debtors' property.

4.      Other than a listing included in Exhibit F, there seems to be little or no information regarding the Abandoned Properties. There is no information provided identifying predecessors for the various properties, or describing the status of the property (*e.g.*, is it operating? Plugged? Still subject to a lease?). There is no information provided regarding the magnitude of the Debtors' obligations relating to these properties or what bonds may be available to fund those obligations. The Plan appears to be simply an attempt by the Debtors to walk away from their obligations.

5.      As raised by others, it appears that the Debtors have current and expected decommissioning and plugging abandonment obligations of approximately $9 billion relating to all of their properties.   The Disclosure Statement offers little or no information as to how these obligations are going to be resolved.   For instance, although the Plan separates the properties into four groups, it fails to disclose how the Debtors' assets will be used to meet the billions of dollars of safety and environmental obligations due by the Estates.

6.      Under the terms of the Plan as described in the Disclosure Statement, it appears that the Debtors propose to walk away from the Abandoned Properties without disclosing who will own the property, operate the properties, or address the remaining obligations.   Even more astonishing, it appears that the Debtors are attempting to include in this category already terminated leases.

7.      The Disclosure Statement offers little or no information as to what unsecured creditors can expect as a potential recovery or how the Debtors will fund that recovery.

4823-8585-2636v1
2900008-000036 03/01/2021

8.    The Disclosure Statement fails to provide any analysis as to why the confirmation of this Plan and the treatment provided thereunder is preferable to the conversion of these cases to cases under Chapter 7 of the Bankruptcy Code.   The Disclosure Statement fails to provide creditors with information in order  to discern whether the Plan offers them fair and equitable treatment or whether this Plan is in their best interest.

9.    The Debtors have extensive obligations relating to the maintenance and P&A obligations arising out of all of their oil and gas properties.  What is not at all clear is how the Debtors intend to address those obligations and how that effort will affect their many creditors. Unless and until the Debtors can propose a plan that deals fairly and equitably with all their creditors in a manner that is in their best interest and file a disclosure statement that adequately describes that effort, no disclosure statement should be approved.

For these reasons, SCEEP prays that as after due notice and such hearing as this Court deems proper, that this objection be deemed sufficient and that this Court determine that the Disclosure Statement is inadequate.

Respectfully submitted,

/s/ Jan M. Hayden
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St Charles Avenue, Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504 636-4000
Jan Hayden
Lacey Rochester
jhayden@bakerdonelson.com
lrochester@bakerdonelson.com
*Attorneys for Samson Contour Energy E & P, LLC*

4

4823-8585-2636v1
2900008-000036 03/01/2021

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020, a true and correct copy of the foregoing Objection was served via the Court's Electronic Notification System on all parties entitled to such notice.

/s/ Jan M. Hayden
JAN M. HAYDEN

5