IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> FIELDWOOD ENERGY LLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 20-33948 (MI) <br><br> (Jointly Administered) |

**OBJECTION AND JOINDER OF COX ENTITIES TO VARIOUS OBJECTIONS TO THE DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY, LLC AND ITS AFFILIATED DEBTORS**

Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities"), creditors and parties-in-interest in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Cases"), hereby file this objection to the Disclosure Statement (defined below) and joinder (the "Joinder") to the following objections, which the Cox Entities incorporate by reference and adopt: (A) *Chevron U.S.A. and Noble Energy, Inc.'s Objection to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Proposed Voting and Tabulation Procedures, (III) Procedures for Executory Contract Assumption and Assignment, and (IV) Procedures for Assignment and Transfer of Property of the Estate* [Docket No. 880] (the "Chevron Objection"), (B) the *Objection of XTO Offshore, Inc. HHE Energy Company, and XH LLC to the Disclosure*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Statement for the Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors* [Docket No. 900] (the "XTO Objection"), (C) *Marathon Oil Company's Objection to the Debtors' Disclosure Statement, Procedures for Assumption of Executory Contracts and Transfer of Property of the Estate* [Docket No. 924] (the "Marathon Objection"), (D) the *Objection of Eni US Operating Co. Inc. and Eni Petroleum US LLC to Approval of Debtors' Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 937] (the "Eni Objection"), the (E) *Energy Transfer's Objection to Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 954] (the "Energy Transfer Objection,"), (F) *Freeport-McMoRan Oil & Gas LLC and McMoRan Oil & Gas LLC's Objection to Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 978] (the "McMoRan Objection"), and (G) the *Objection of JX Nippon Oil Exploration (U.S.A.) Limited to Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and Joinder in the Objection of XTO Offshore, Inc., HHE Energy Company and XH LLC, of Chevron U.S.A., Inc. and Noble Energy, Inc., and of Lexon Insurance Company, Ironshore Indemnity Inc. and Ironshore Specialty Insurance Company* [Docket No. 983] (the "Nippon Objection" and, together with the aforementioned objections, the "Objections").[2] In support of this Joinder, the Cox Entities respectfully represent as follows:

## INTRODUCTION

Fieldwood intends to abandon assets with total decommissioning liabilities in excess of $1 billion, all without disclosing the estimated decommissioning and plugging and abandonment liabilities for each of its individual leases. Beyond the obvious confirmation problems posed by this plan, the lack of disclosure on this critical issue alone precludes approval of the Disclosure

---

[2] The Cox Entities reserve the right to join or incorporate into this Joinder any other objections to the Disclosure Statement (defined below) not expressly listed herein.

2

Statement. Simply put, the Cox Entities cannot make an informed decision on the proposed plan, or even gauge how their interests might be affected by the plan, without specific information on a lease by lease basis as to the plugging and abandonment obligations that Fieldwood intends to abandon to them. The legality of the proposed abandonment is, at best, dubious. But without sufficient disclosure, the proposed abandonment is a nonstarter.

The Cox Entities join and incorporate all of the objections raised to the Disclosure Statement by creditors and other parties, whether referred to in this Joinder or not, particularly the many objections raised to the Disclosure Statement's many failures to disclose key information and the proposed plan's patent inability to be confirmed. Moreover, the Cox Entities reserve any and all of its potential objections to the proposed Plan.

## BACKGROUND

A.  **Cox Entities' Business Relationship with the Debtors**

1. The Debtors are part of an integrated oil and gas exploration and production company principally engaged in the exploration and development of oil and gas reserves located in the Outer Continental Shelf of the Gulf of Mexico.

2. The Cox Entities, or one or more of their related entities, are or were co-owners of interests with one or more of the Debtors in certain oil and gas leases and related assets (including rights-of-way and/or rights of use and easements) situated in the Gulf of Mexico and/or situated in the State Waters of Louisiana (the "Cox-Fieldwood Properties").[3] In addition, one or more of the

---

[3] Operations on the Cox-Fieldwood Properties are conducted pursuant to the terms and provisions of various agreements, including but not limited to joint operating agreements, pipeline gathering system agreements, production handling agreements, and the like (collectively, the "Operating Agreements"). Under each of the Operating Agreements, the operator is generally obligated to conduct operations and pay all operating costs, and non-operators are generally obligated to reimburse the operator in proportion to their participating interests in the properties upon receipt of Joint Interest Billings ("JIBs") issued by the operator from time-to-time, as more specifically provided in the Operating Agreements. Further, as a reciprocal obligation, the operator is generally obligated to pay the non-operators their share of production, as more specifically provided in each of the Operating Agreements (the "Working

Debtors may have contractually assumed plugging and abandonment obligations of the Cox Entities or their related entities with respect to such properties.

**B.      The Chapter 11 Cases, Disclosure Statement and Plan**

3.      On August 3 and August 4, 2020, Fieldwood Energy LLC ("Fieldwood") and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") commencing these jointly administered chapter 11 cases (the "Chapter 11 Cases").

4.      On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 722] and the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 723]. On the same date, the Debtors filed their *Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures With Respect to Confirmation of Debtors' Proposed Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Approving the Rights Offering Procedures and Related Materials, (V) Scheduling Certain Dates With Respect Thereto, and (VI) Granting Related Relief* [Docket No. 724] (the "Motion").

5.      Subsequently, overnight from March 15, 2021 through March 16, 2021, the Debtors filed the *Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1020] (the "Plan") and the *Amended Disclosure Statement for Joint Chapter 11 Plan*

---

Interest Payments"). Upon information and belief, the Debtors and their counsel are in possession of the Operating Agreements.

4

*of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1022] (the "Disclosure Statement"). [4]

6. Among other terms and provisions, the Plan proposes to implement three transactions to reorganize the Debtors' estates: (1) a credit bid sale, (2) a transfer of several hundred negative value leases and their related obligations to two newly formed special purpose entities (i.e. FWE I and FWE III), and (3) the abandonment of approximately 187 leases (the "Abandoned Properties"), which are to be returned to unnamed "Predecessors".

7. Following the filing of the Plan and Disclosure Statement, several parties in interest that are similarly situated to the Cox Entities in these cases filed objections to the approval of the Disclosure Statement, including the Chevron Objection, XTO Objection, Marathon Objection, Eni Objection, the Energy Transfer Objection, the McMoRan Objection, and the Nippon Objection filed on February 12, 2021, February 22, 2021, March 1, 2021, March 3, 2021, March 8, 2021, March 11, 2021, and March 11, 2021, respectively.

## OBJECTION AND JOINDER

8. The Debtors' plan to wind down and abandon certain oil and gas exploration and production properties is a fundamental issue in this case and goes directly to the Plan's feasibility, not to mention legality. In essence, the Debtors intend to abandon a category of assets with a substantial amount of decommissioning obligations (the "P&A Obligations") via a forced "return" to unidentified co-owners and prior owners. The Debtors' business operations are subject to oversight by the Bureau of Safety and Environmental Enforcement (BSEE), whose regulations deem current and former record title owners and operating right owners to be jointly and severally liable for such P&A Obligations. *See* 30 C.F.R. §§ 250.1701(a), 556.604(d) and (e)).

---

[4] Capitalized terms used but not defined in this Joinder shall have the meanings given to them in the Plan or Disclosure Statement, as applicable.

Fundamentally, the Disclosure Statement fails to provide adequate information to assess the Plan's feasibility and legality in connection with the P&A Obligations.

9. The Disclosure Statement is deficient in information regarding the P&A Obligations in several regards, including as summarized herein and as more fully detailed in the Objections. The Disclosure Statement's deficiencies include at least the following:[5]

- Failure to provide specific information on a lease by lease basis as to the plugging and abandonment obligations that Fieldwood intends to abandon, and to whom;

- Failure to disclose conditions of leases and pending incidents of non-compliance;

- Failure to present bid procedures or sale procedures in connection with the credit bid sale and the sale of potentially valuable assets to Apache via FWE I including without limitation, confirming that co-owners' preferential rights will be honored;[6]

- Lack of identification of the predecessors or working interest holders on whom the Debtors seek to pawn off the Abandoned Properties;

- Insufficient information to permit parties to determine whether FWE I and FWE III are sufficiently capitalized to comply with their decommissioning obligations;[7]

- Dearth of information explaining how the proposed abandonment complies with *Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 507 (1986) and its progeny;

- Failure to address the magnitude of administrative expenses, including P&A Obligations;

---

[5] This list is only partial and is not meant to be exhaustive. The Cox Entities reserve the right to supplement or otherwise revise this list and expressly incorporate all objections to the Disclosure Statement raised by other parties, including, but not limited to, the Objections referenced herein.

[6] Preferential rights are rights of first refusal, which are generally enforceable in bankruptcy. *See e.g., In re Capital Acquisitions & Mgmt. Corp.*, 341 B.R. 632, 637 (Bankr. N.D. Ill. 2006) (holding that a right of first refusal not triggered by a bankruptcy petition is not an ipso facto clause and is enforceable); *In re IT Group, Inc.,* 302 B.R. 483, 488 (Bankr. D. Del. 2003) (finding "[w]here. . . the right of first refusal clause is not an *ipso facto* provision, courts have concluded that a right of first refusal is enforceable notwithstanding the fact that the debtor is in bankruptcy"); *In re E-Z Serv. Convenience Stores, Inc., 289 B.R. 45, 51* (Bankr. M.D.N.C. 2003) (upholding right of first refusal); *In re Farmland Industries, Inc.,* 284 B.R. 111 (Bankr. W.D. Mo. 2002) (reopening bidding following auction to preserve the opportunity to exercise a contractual right of first refusal).

[7] While additional information has been provided in the Disclosure Statement filed on March 16, 2021, it remains unclear whether these entities' level of capitalization will be sufficient to meet their plugging and abandonment obligations.

6

- Omission of any description of *how* the Abandoned Properties will be transferred to predecessors or working interest holders and instead proposing abandonment in a manner that renders the Plan unconfirmable;

- Proposal of a Plan that is facially unconfirmable because it relies on "abandoning" assets via a forced "return" to unidentified co-owners and prior owners along with the potential forced assignment of associated contracts with no viable alternative to address these leases and related substantial environmental liabilities;

- Proposal of impermissible third party releases and improper provisions that might abrogate setoff and/or recoupment rights that make the Plan patently unconfirmable; and

- Proposal of a patently unconfirmable Plan that lacks feasibility.

10. For the reasons stated herein and in the Objections, which the Cox Entities join and incorporate here by reference, the Court should deny the Motion and deny approval of the Disclosure Statement.

## RESERVATION OF RIGHTS

11. The Cox Entities reserve, to the fullest extent allowed by law, the right to amend, update, modify, and/or supplement this Joinder in all respects, including, without limitation, any of the arguments or concerns raised in and incorporated into this Joinder at any time, including at any hearing set by the Court for consideration of the Disclosure Statement or the Plan. The Cox Entities further reserve all rights, arguments, and objections regarding plan confirmation, contract assumption and rejection, and its proofs of claims filed in these Chapter 11 Cases, including, but not limited to, administrative priority claims related to decommissioning work, adequate protection for such expenditures, and all other this case. The Cox Entities further reserve the right to raise additional and other objections to the Disclosure Statement prior to or at the hearing thereon. The Cox Entities adopt and incorporate herein all objections to the Disclosure Statement asserted by other parties, including but not limited to, the Objections referenced herein.

# CONCLUSION

12. For the reasons stated herein, the Cox Entities respectfully request that the Court (i) sustain the Objections and this Joinder; (ii) deny the relief requested in the Motion and deny approval of the Disclosure Statement; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 19, 2021         /s/ Stephen J. Humeniuk

**LOCKE LORD LLP**
Jonathan W. Young  (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-239-0367
Facsimile: 855-595-1190
jonathan.young@lockelord.com

Michael B. Kind (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (855) 595-1192
michael.kind@lockelord.com

Stephen J. Humeniuk
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, TX 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
stephen.humeniuk@lockelord.com

Chelsey Rosenbloom (admitted *pro hac vice*)
200 Vesey Street
New York, NY 10281
Telephone: (212) 912-2824
Facsimile: (212) 812-8394
chelsey.rosenbloom@lockelord.com

*Attorneys for Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities")*

**CERTIFICATE OF SERVICE**

  This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on March 19, 2021.

               */s/ Stephen J. Humeniuk*
               Stephen J. Humeniuk