IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**AD HOC GROUP'S STATEMENT IN SUPPORT OF THE DEBTORS' (A) MOTION AND REPLY IN SUPPORT OF THE DISCLOSURE STATEMENT AND (B) EMERGENCY MOTION FOR ORDER (I) AUTHORIZING ENTRY INTO BACKSTOP COMMITMENT LETTER, (II) APPROVING OBLIGATIONS THEREUNDER, AND (III) GRANTING RELATED RELIEF**

The Ad Hoc Group,[2] by and through its undersigned counsel, hereby files this statement in support of the (a) *Motion of Debtors for Entry of Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for Objections to the Assignment and Transfer of Property of the Estate; (VII) Approving Bid Submissions Deadline and Procedures for Submission of Higher or Better Bids; and (VIII) Granting Related Relief* [ECF. 724] (the "**Disclosure Statement Motion**"), (b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Debtors' Third Amended Joint Chapter 11 Plan, filed on March 24, 2021 [ECF. 1115] (the "**Plan**").

1

*Omnibus Reply of Debtors to Objections to Disclosure Statement* [ECF. 1124], and (c) *Emergency Motion of Debtors for Order* (I) *Authorizing Entry into Backstop Commitment Letter,* (II) *Approving Obligations Thereunder, and* (III) *Granting Related Relief* [ECF. 1023] (the "**Second Lien Backstop Motion**," and, together with the Disclosure Statement Motion, the "**Motions**"). The Ad Hoc Group respectfully states as follows:

## STATEMENT

*A. The Ad Hoc Group's Support of the Debtors and Plan Process*

1. A group of holders constituting approximately 79% of the Debtors' prepetition FLTL Loans and 29% of the Debtors' SLTL Loans (the "**Ad Hoc Group**") came together more than a year ago when the global pandemic and plummeting oil prices jeopardized the Debtors' business. Since then, the Ad Hoc Group has consistently stepped up to support the Debtors throughout the chapter 11 process.

2. Financially, members of the Ad Hoc Group backstopped the Debtors' $100 million DIP financing and they are now also backstopping $185 million of necessary exit funding on market terms. The Ad Hoc Group also worked alongside the Debtors to spearhead negotiations that have led to very significant settlements with numerous key stakeholders. The Ad Hoc Group contributed materially to the settlement with the Unsecured Creditors Committee by waiving hundreds of millions of dollars of the undersecured deficiency portion of the FLTL Claims to increase unsecured creditors' recoveries and obtain the Committee's support for the Plan. The Ad Hoc Group has also played a pivotal role in negotiating settlements with, and obtaining Plan support from, the Debtors' senior FLFO Lenders and junior SLTL Lenders, as well as the two largest predecessors in title to the vast majority of the Debtors' Shelf Assets.

### B. The Court Should Approve the Disclosure Statement so the Plan Process Can Move Forward Expeditiously

3. The Debtors have reached this point in these cases with significant consensus across its capital structure and committed funding for a bankruptcy exit that preserves the going-concern business. While the Ad Hoc Group recognizes a number of parties still object to the Plan, we look forward to continuing to work hard with the Debtors to seek consensual resolutions wherever possible. The Debtors, however, have now been in bankruptcy since the beginning of August 2020. Today, the Debtors have committed exit financing, on market terms, necessary to complete the Credit Bid Transaction and provide a safe and responsible path for the decommissioning and plugging and abandonment of oil and gas properties. It is critical to press forward with the current momentum for solicitation of a viable Plan and avoid the dangers of the Debtors continuing to drift through chapter 11 without a committed path to exit during an unpredictable and volatile market period. There is no assurance that current commitments will still be available in the future. Delay would cause the Debtors to risk substantial value destruction and even potentially the need to pivot to an asset sale instead of the proposed Plan construct.

### C. The Court Should Approve the Second Lien Backstop Motion

4. As set forth in the Second Lien Backstop Motion and John-Paul Hanson's declaration filed at ECF 1024, the Debtors' entry into the Second Lien Backstop Commitment is a valid exercise of the Debtors' business judgment. As the Debtors will demonstrate, the Second Lien Exit Facility—together with additional funds raised under an anticipated First Lien Exit Facility and Equity Rights Offerings—is necessary to fund the Plan, including to (i) finance the Credit Bid Purchase, (ii) consummate the Apache Plan of Merger and the transactions contemplated by the Chevron Term Sheet, (iii) ensure that the remaining Fieldwood entities can meet their assumed liabilities and (iv) adequately capitalize the Credit Bid Purchaser upon the

Effective Date. The agreement was negotiated at arms'-length and ensures the availability of committed financing on market terms that provides the Debtors with certainty they can consummate the going-concern Plan and Credit Bid Transaction to exit these cases.

## **CONCLUSION**

5. For all the foregoing reasons and for the reasons detailed in the Motions and the Reply, the Ad Hoc Group respectfully requests that the Court overrule each of the objections to the Motions, grant the relief requested in the Motions, and order further relief as the Court may deem just and proper.

Dated: March 24, 2021

By: */s/ Charles A. Beckham, Jr.*

| | |
|---|---|
| **HAYNES AND BOONE, LLP** | **DAVIS POLK & WARDWELL LLP** |
| Charles A. Beckham, Jr. | Damian S. Schaible (admitted *pro hac vice*) |
| Texas State Bar No. 02016600 | Natasha Tsiouris (admitted *pro hac vice*) |
| David Trausch | Joshua Y. Sturm (admitted *pro hac vice*) |
| Texas State Bar No. 24113513 | 450 Lexington Avenue |
| 1221 McKinney Street, Suite 4000 | New York, NY 10017 |
| Houston, Texas 77010 | Telephone: (212) 450-4000 |
| Telephone: (713) 547-2000 | Facsimile: (212) 701-5800 |
| Facsimile: (713) 547-2600 | Email: damian.schaible@davispolk.com |
| Email: charles.beckham@haynesboone.com | Email: natasha.tsiouris@davispolk.com |
| Email: david.trausch@haynesboone.com | Email: joshua.sturm@davispolk.com |

**COUNSEL FOR THE AD HOC GROUP OF SECURED LENDERS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on March 24, 2021

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr.