IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC., *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | Jointly Administered |
| | **Related Dkt. Nos. 1023 & 1110** |

**JOINDER OF LEXON INSURANCE COMPANY, IRONSHORE INDEMNITY INC., ENDURANCE AMERICAN INSURANCE COMPANY AND IRONSHORE SPECIALTY INSURANCE COMPANY TO THE OBJECTION OF ENI US OPERATING CO. INC. AND ENI PETROLEUM US LLC TO APPROVAL OF EMERGENCY MOTION OF DEBTORS FOR ORDER (I) AUTHORIZING ENTRY INTO BACKSTOP COMMITMENT, (II) APPROVING OBLIGATIONS THEREUNDER, AND <u>(III) GRANTING RELATED RELIEF</u>**

Lexon Insurance Company, Ironshore Indemnity Inc., Endurance American Insurance Company and Ironshore Specialty Insurance Company (collectively, "Lexon"), by and through its undersigned counsel, hereby joins ("Joinder") in the Objection of Eni US Operating Co. Inc. and Eni Petroleum US LLC (together, "Eni")[Dkt. No. 1110], filed on March 23, 2021 (the "Eni Objection") to the *Emergency Motion of Debtors for Order (I) Authorizing Entry into Backstop Commitment Letter, (II) Approving Obligations Thereunder, and (III) Granting Related Relief* [Dkt. No. 1023] (the "Backstop Motion")[2] and represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

1.     Lexon has not previously joined or filed a response to the Eni Objection or to the Backstop Motion.

2.     The Debtors filed the within Chapter 11 bankruptcy cases on August 3, 2020 (the "Filing Date"). On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Dkt. No. 722] (the "Plan") and the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* Dkt. No. 723] (the "Disclosure Statement").

3.     The Disclosure Statement and Plan were met with a myriad of objections, including an objection by Lexon (the "Lexon Disclosure Statement Objection") [Dkt. No. 932], in part, on the basis that the Plan was patently unconfirmable since the Debtors were proposing to sell their valuable assets to their secured lenders while abandoning their "bad" assets – including the reclamation liabilities associates with the proposed abandoned assets.

4.     On March 15, 2021, the Debtors filed the *Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Amended Plan") [Dkt. No. 1020] and *Disclosure Statement for Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Amended Disclosure Statement") [Dkt. No. 1022]. On March 23, 2021, the Debtors filed the Second Amended Joint Disclosure Statement [Dkt. No. 1102] and Second Amended Joint Plan [Dkt. 1098] ("Second Amended Plan"). Thereafter at 1:09 am CDT and 1:52 am CDT on March 24, 2021, the day of the disclosure statement hearing, the Debtors filed the Third Amended Joint Plan [Dkt. No. 1115] ("Third Amended Plan") and the Third Amended Joint Disclosure Statement [Dkt. 1117]. It is respectfully submitted that the Amended Plan, the Second Amended Plan and the Third Amended Plan all remain patently unconfirmable for the reasons set

forth in the various objections filed to the Disclosure Statement, as amended, including the Lexon Disclosure Statement Objection.

5. Lexon issues various surety bonds on behalf of the Debtors to secure certain of the Debtors' payment or performance of various obligations to governmental and non-governmental obligees in the total penal sum of $90,327,000.00 (the "Lexon Bonds").

6. Additionally, as partial consideration for the execution of the Lexon Bonds, upon information and belief the Debtors and their subsidiaries, affiliates, divisions and/or operating units (collectively, the "Indemnitors") executed a General Agreement of Indemnity (the "Indemnity Agreement") in which the Indemnitors agreed to indemnify and hold Lexon harmless from every claim that Lexon may pay as a result of the Lexon Bonds.

## ARGUMENT AND JOINDER IN THE ENI OBJECTION

7. As set forth more fully in the Eni Objection, the Debtors have not demonstrated why the Backstop Motion must be heard on an emergency basis. Additionally, the Debtors have not explained why the Backstop Motion must be heard on an emergency basis, when the Debtors have not filed similar motions for other backstop restructuring transactions set forth in their Plan and Amended Plan. Approval of the alleged necessary restructuring transactions should be considered simultaneously and not in piecemeal.

8. Furthermore, as set forth more fully in the Eni Objection, given the improvements in the oil and gas markets, the Debtors: (a) have not provided a sufficient business justification to support approval of the Backstop Motion, and (b) fail to sufficiently address that the proposed timing of entry into the Backstop Commitment Letter could chill any influx of value into the Debtors' estate beyond what is proposed in the Amended Plan.

9. Based on the above, Lexon hereby joins, adopts and relies upon the arguments and the objections made in the Eni Objection to the Backstop Motion to the extent the arguments and objections do not conflict with the Lexon Disclosure Statement Objection.

## RESERVATION OF RIGHTS

10. Lexon submits this Joinder without prejudice to, and with full express reservation of, the rights of Lexon to supplement and amend this Joinder further and to introduce evidence at any hearing related to the Backstop Motion. Moreover, Lexon reserves its right to invoke each issue, fact, legal basis, and matter identified in this Joinder and the Eni Objection as a basis for denying approval of the Backstop Motion pursuant to any applicable provision of the Bankruptcy Code, regardless of the particular subsection of this Joinder in which the issue is raised.

## CONCLUSION

Based on the above, Lexon respectfully requests that the Court enter an Order (i) denying the Backstop Motion; and (ii) granting such other and further relief as its deems just and proper.

Dated: March 24, 2021
      Syracuse, New York

                          HARRIS BEACH PLLC

                          */s/ Lee E. Woodard*
                          Lee E. Woodard, Esq.
                          333 West Washington Street, Suite 200
                          Syracuse, New York 13202
                          Telephone: (315) 214-2012
                          Facsimile: (315) 422-9331
                          lwoodard@harrisbeach.com
                          bkemail@harrisbeach.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 24, 2021, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system.

/s/ Lee E. Woodard
Lee. E. Woodard, Esq.

294335\4842-3950-2306\ v1