# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC., *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | Jointly Administered |
| | **Related Dkt. Nos. 930 and 1093** |

## JOINDER OF LEXON INSURANCE COMPANY, IRONSHORE INDEMNITY INC., ENDURANCE AMERICAN INSURANCE COMPANY AND IRONSHORE SPECIALTY INSURANCE COMPANY TO THE OBJECTION OF ENI PETROLEUM US LLC AND ENI US OPERATING CO. INC. TO DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

Lexon Insurance Company, Ironshore Indemnity Inc., Endurance American Insurance Company and Ironshore Specialty Insurance Company (collectively, "Lexon"), by and through its undersigned counsel, hereby joins ("Joinder") in the Objection of Eni US Operating Co. Inc. and Eni Petroleum US LLC (together, "Eni")[Dkt. No. 1093], filed on March 22, 2021 (the "Eni Objection") to *Debtors' Second Motion for Entry of an Order Further Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* filed on March 1, 2021 [Dkt. No. 930] (the "Exclusivity Motion")[2] and represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

## BACKGROUND

1.  Lexon has not previously joined or filed a response to the Eni Objection or to the Exclusivity Motion.

2.  The Debtors filed the within Chapter 11 bankruptcy cases on August 3, 2020 (the "Filing Date"). On January 1, 2021, the Debtors filed the *Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Dkt. No. 722] (the "Plan") and the *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* Dkt. No. 723] (the "Disclosure Statement").

3.  The Disclosure Statement and Plan were met with a myriad of objections, including an objection by Lexon (the "Lexon Disclosure Statement Objection") [Dkt. No. 932], in part, on the basis that the Plan was patently unconfirmable since the Debtors were proposing to sell their valuable assets to their secured lenders while abandoning their "bad" assets – including the reclamation liabilities associates with the proposed abandoned assets.

4.  On March 15, 2021, the Debtors filed the *Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Amended Plan") [Dkt. No. 1020] and *Disclosure Statement for Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Amended Disclosure Statement") [Dkt. No. 1022]. On March 23, 2021, the Debtors filed the Second Amended Joint Disclosure Statement [Dkt. No. 1102] and Second Amended Joint Plan [Dkt. 1098] ("Second Amended Plan"). Thereafter at 1:09 am CDT and 1:52 am CDT on March 24, 2021, the day of the disclosure statement hearing, the Debtors filed the Third Amended Joint Plan [Dkt. No. 1115] ("Third Amended Plan") and the Third Amended Joint Disclosure Statement [Dkt. 1117]. It is respectfully submitted that the Amended Plan, the Second Amended Plan and the Third Amended Plan all remain patently unconfirmable for the reasons set

2

forth in the various objections filed to the Disclosure Statement, as amended, including the Lexon Disclosure Statement Objection.

5. Lexon issues various surety bonds on behalf of the Debtors to secure certain of the Debtors' payment or performance of various obligations to governmental and non-governmental obligees in the total penal sum of $90,327,000.00 (the "Lexon Bonds").

6. Additionally, as partial consideration for the execution of the Lexon Bonds, upon information and belief the Debtors and their subsidiaries, affiliates, divisions and/or operating units (collectively, the "Indemnitors") executed a General Agreement of Indemnity (the "Indemnity Agreement") in which the Indemnitors agreed to indemnify and hold Lexon harmless from every claim that Lexon may pay as a result of the Lexon Bonds.

## ARGUMENT AND JOINDER IN THE ENI OBJECTION

7. Section 1121(d)(1) of the Bankruptcy Code permits a Court to extend the Debtors' exclusivity "for cause." A debtor has the burden of proof to make a "clear showing" that cause exists in order to support an extension of the exclusivity period. *See In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987); *see also In re Curry Corp.*, 148 B.R. 754, 756 (Bankr. S.D.N.Y. 1992).

8. Although the Bankruptcy Code does not define the term "cause", many courts have utilized a certain number of factors in determining whether cause exists to extend the exclusivity periods. These factors include: (a) the size and complexity of the case; (b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress with negotiations with

its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists. *In re Express One Intern., Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

9. As discussed more fully in the Eni Objection, the Debtors have failed to demonstrate any progress toward or prospects of a viable plan, despite spending over seven (7) months in bankruptcy and spending significant amounts of money in professional fees. The Debtors' Amended Plan is still designed to allow the Debtors' to simply avoid paying its share of billions of dollars in plugging and abandonment and decommissioning obligations in direction violation of *Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494 (1986). The Debtors have also failed to provide meaningful disclosure and answer key questions related to abandonment of the Abandoned Properties, despite the hearing on the motion to approve the Amended Disclosure Statement being imminent.

10. Additionally, and as discussed more fully in the Eni Objection, the Debtors have provided no evidence that an additional extension of exclusivity will help them reach a viable Plan.

11. Based on the above, Lexon hereby joins, adopts and relies upon the arguments and the objections made in the Eni Objection to the Exclusivity Motion to the extent the arguments and objections do not conflict with the Lexon Disclosure Statement Objection.

**RESERVATION OF RIGHTS**

12. Lexon submits this Joinder without prejudice to, and with full express reservation of, the rights of Lexon to supplement and amend this Joinder further and to introduce evidence at any hearing related to the Exclusivity Motion. Moreover, Lexon reserves its right to invoke each issue, fact, legal basis, and matter identified in this Joinder and the Eni Objection as a basis for

denying the Exclusivity Motion pursuant to any applicable provision of the Bankruptcy Code, regardless of the particular subsection of this Joinder in which the issue is raised.

## CONCLUSION

13. Based on the above, Lexon respectfully requests that the Court enter an Order (i) denying the Exclusivity Motion; and (ii) granting such other and further relief as its deems just and proper.

Dated: March 24, 2021
Syracuse, New York

HARRIS BEACH PLLC

/s/ Lee E. Woodard
Lee E. Woodard, Esq.
333 West Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 214-2012
Facsimile: (315) 422-9331
lwoodard@harrisbeach.com
bkemail@harrisbeach.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 24, 2021, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system.

>  */s/ Lee E. Woodard*
>  Lee. E. Woodard, Esq.