UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

IN RE: FIELDWOOD ENERGY LLC　　　　CASE NO. 20-33948

　　　　　　　　　　　　　　　　　　　　　CHAPTER 11

MOTION FOR RELIEF FROM AUTOMATIC STAY

Duane Landry, through undersigned counsel, respectfully moves the Court for an order under 11 U.S.C. § 362 lifting the automatic stay to allow them to liquidate their personal-injury tort claims against Fieldwood Energy, LLC which are currently pending in United States District Court, Western District of Louisiana.

BACKGROUND

In September 2019, Mr. Landry was seriously and permanently injured while acting in the course and scope of his employment on a Fieldwood Energy, LLC owned platform designated as Ship Shoal 178 and located on the Outer Continental Shelf of the United States in the Gulf of Mexico adjacent to the State of Louisiana. In August 2020, Mr. Landry sued Fieldwood Energy, LLC in the United States District Court, Western District of Louisiana seeking damages arising out of these injuries. *See Duane Landry v. ABC Insurance Company, et al.*, Case 6:20-cv-01009, United States District Court, Western District of Louisiana.[1]

In August 2020, Fieldwood Energy, LLC filed a voluntary petition for Chapter 11 bankruptcy in this Court. Mr. Landry respectfully requests an order lifting the automatic stay and thereby allowing their personal-injury claims against Fieldwood Energy, LLC to proceed along with the other claims in the *Landry* action in the United States District Court, Western District of Louisiana.

---

[1] The complaint filed by Mr. Landry is attached as Exhibit 1.

1

## DISCUSSION

The Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Although the Fifth Circuit has not adopted any specific standard for determining whether "cause" exists, it has previously cited to the Fourth Circuit's analysis in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). *See In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008). In general, the Court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. More specifically, the Court should consider:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
>
> (3) whether the estate can be protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* Here, all of the *Robbins* factors suggest that the stay should be lifted.

First, the claims against Fieldwood Energy, LLC in the *Landry* action are federal-law tort claims and do not require the expertise of the bankruptcy court and, second, allowing the claims against Fieldwood Energy, LLC to proceed to judgment in district court is by far the most efficient procedure. Separating Fieldwood Energy, LLC from the *Landry* litigation and having the claims against it tried in a duplicative federal-court proceeding would be tremendously inefficient and would create a risk of inconsistent determinations in the two cases. Moreover, the claims against Fieldwood Energy, LLC are "personal injury tort...claims"—non-core matters that may not be decided by this Court and would instead have to be "tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 11 U.S.C. § 157(b)(5).

Finally, Mr. Landry seeks only to prosecute his claims against Fieldwood Energy, LLC to judgment in district court; they will not attempt to execute any judgment against Fieldwood Energy, LLC outside of this Court, except as allowed by this Court. Ultimately, there is no prejudice to Fieldwood Energy, LLC if the claims against are allowed to proceed in district court.

## CONCLUSION

For the reasons explained above, Mr. Landry respectfully requests that the Court enter an order lifting the automatic stay and allowing them to liquidate their claims against Fieldwood Energy, LLC in *Duane Landry v. ABC Insurance Company, et al.*, Case 6:20-cv-01009, United States District Court, Western District of Louisiana.

Respectfully submitted,

BROUSSARD & DAVID, LLC

*/s/ Jerome H. Moroux*

JEROME H. MOROUX (#32666)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
PH: 337-233-2323
FX: 337-233-2353
EMAIL: jerome@broussard-david.com
COUNSEL FOR MOVANT, DUANE LANDRY

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Plaintiff, do hereby certify that I have this day filed the above and foregoing document using the Court's ECF electronic filing system.

Lafayette, Louisiana, this 26th day of March, 2021.

*/s/ Jerome H. Moroux*

JEROME H. MOROUX

3