IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

ORDER (I) APPROVING ENTRY INTO FIRST LIEN EXIT FACILITY
COMMITMENT LETTER AND RELATED FEE LETTER, (II) AUTHORIZING
INCURRENCE AND PAYMENT OF CERTAIN FEES AND COSTS IN CONNECTION
THEREWITH, AND (III) GRANTING RELATED RELIEF

Upon the Motion, dated March 26, 2021 (the "**Motion**"),[2] of Fieldwood Energy LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 362, 363, 503 and 507 of the Bankruptcy Code, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rules 2002-1 and 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas, for an order approving their entry into and performance under the Commitment Letter and related Fee Letter and authorizing the Debtors' incurrence of the obligations under the Commitment Agreements, including the payment of certain fees and costs in connection therewith, in accordance with the terms of the Commitment Agreements, all as more

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

1

fully set forth in the Motion; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:**[3]

    A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules, and no other or further notice is necessary.

    C.    The relief sought in the Motion is in the best interest of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

    D.    The terms and conditions of the Commitment Agreements are fair, reasonable, and the best available to the Debtors under the circumstances, and the Debtors' entry into the Commitment Letter is a prudent exercise of business judgment consistent with their

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Rule 7052 of the Bankruptcy Rules.

fiduciary duties, is based on good, sufficient, and sound business purposes and justifications, and is supported by reasonably equivalent value and consideration. The Commitment Agreements were extensively negotiated in good faith and at arm's length among the Debtors, GS Bank, and their respective professional advisors.

E. Each of the fees, costs, premiums, and expenses provided for or permitted by the Commitment Agreements (including the Administration Fee, the Expense Reimbursement, and the Indemnification Obligations) is reasonable and warranted on the terms set forth in the Commitment Agreements in light of, among other things, (i) the significant benefit to the Debtors' estates of having definitive and binding commitments to provide the First Lien Exit Facility and (ii) the substantial time, effort, and costs incurred by GS Bank in negotiating and documenting the Commitment Agreements and the First Lien Exit Facility.

F. The amount and terms and conditions of each of the fees, costs, premiums, and expenses provided for or permitted or required by the Commitment Agreements (including the Administration Fee, the Expense Reimbursement, and the Indemnification Obligations) are bargained-for and integral parts of the consideration exchanged under the Commitment Agreements and, without such inducements, GS Bank would not have agreed to the terms and conditions of the Commitment Agreements. Accordingly, the foregoing transactions are reasonable and enhance the value of the Debtors' estates.

G. The entry into the Commitment Agreements by the parties thereto, and the performance and fulfillment of their respective obligations thereunder, does not constitute the solicitation of a vote on a chapter 11 plan and complies with the Bankruptcy Code and any and all other applicable statutes, laws, regulations, or orders.

H. The Commitment Agreements were negotiated at arm's-length and in good faith. Entry into the Commitment Agreements by the parties thereto, and the performance and fulfillment of their obligations thereunder does not violate any law, including the Bankruptcy Code, and does not give rise to any claim or remedy against any of the parties.

I. All parties in interest have been afforded a reasonable opportunity to object and be heard with respect to the Motion and the Commitment Agreements and all of the relief granted herein.

J. The Commitment Agreements and all accompanying relief requested in the Motion serve to maximize estate value for the benefit of all the Debtors' stakeholders and parties in interest, and are otherwise in the best interests of the Debtors, their estates, creditors, and all parties in interest and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, pursuant to sections 105(a), 362, 363, 503 and 507 of the Bankruptcy Code, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rule 2002-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas, to enter into the Commitment Agreements and any and all instruments, documents, and papers contemplated thereunder and to fully perform all of their obligations thereunder.

2. All objections to the Motion, or the relief requested therein, if any, that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are overruled with prejudice.

3. The Commitment Agreements shall be binding on and enforceable against the parties thereto, and the provisions of this Order, including all findings herein, shall be effective, binding and enforceable upon all parties in interest in these chapter 11 cases, including, without limitations, all creditors of any of the Debtors, the Creditors Committee and/or other committee appointed, the Debtors and their respective successors and assigns, including any trustee hereinafter appointed or elected for any of the Debtors such as the Plan Administrator, a responsible person, officer, or any other party appointed as a legal representative or designee of any of the Debtors or with respect to the property of the Debtors' estates, whether in these chapter 11 cases, any successor chapter 11 or chapter 7 cases, or upon dismissal of any such cases, and shall inure to the benefit of the First Lien Exit Facility Lenders and GS Bank and the Debtors and their respective successors and assigns.

4. The Commitment Agreements and the terms and provisions included therein are approved in their entirety. The failure to describe specifically or include any particular provision of the Commitment Agreements or related documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision.

5. The Debtors are authorized to execute, deliver, and perform under one or more amendments, waivers, consents, or other modifications to and under the Commitment Agreements, from time to time as necessary or appropriate in each case subject to the terms and provisions of the Commitment Agreements and the consent of GS Bank and to the extent such amendments are consistent with the Plan and the Restructuring Support Agreement, without further order of this Court.

6. The consideration, fees, costs, premiums, and expenses provided for or permitted by the Commitment Agreements (including the Administration Fee, the Expense

Reimbursement, and the Indemnification Obligations) are hereby approved as reasonable and shall not be subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether contractual, equitable, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any person or entity.

7. The Debtors are authorized to incur and pay the Administration Fee, the Expense Reimbursement, and the Indemnification Obligations in accordance with the terms of and as and when required by the Commitment Agreements without further application to or order of this Court.

8. The Administration Fee, the Expense Reimbursement, and the Indemnification Obligations shall not be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors nor shall any of such amounts be required to be disgorged upon the reversal or modification on appeal of this Order.

9. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms and provisions of the Commitment Agreements and this Order, including, without limitation, permitting GS Bank to exercise all rights and remedies under the Commitment Agreements in accordance with its terms, terminate the Commitment Agreements in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

10. The failure of the Debtors or GS Bank to seek relief or otherwise exercise its rights and remedies under this Order, the Commitment Agreements, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise

of any of the Debtors or GS Bank, except to the extent specifically provided in the Commitment Agreements.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. Except in cases where the Commitment Agreements explicitly contemplate a separate Court order, the Debtors are hereby authorized and empowered to take all actions, execute all documents, and make all payments that may be necessary to perform under the Commitment Agreements and implement the relief granted in this Order, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.


Dated: _____, 2021
      Houston, Texas

                                              HONORABLE MARVIN ISGUR
                                              UNITED STATES BANKRUPTCY JUDGE