IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al. | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.¹ | § | (Jointly Administered) |
| | § | |
| | § | Hearing Date: April 1, 2021 |
| | § | Hearing Time: 4:00 PM (CT) |
| | § | Hearing Location: Electronic (Audio & Video) |
| | § | Judge Presiding: Marvin Isgur |

**U.S. SPECIALTY INSURANCE COMPANY'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING IT TO FILE CERTAIN EXHIBITS UNDER SEAL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED, AND A HEARING HAS BEEN REQUESTED FOR APRIL 1, 2021. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

91576574v.1

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

U.S. Specialty Insurance Company ("USSIC") files this *Motion for Entry of an Order Authorizing It to Filed Certain Exhibits Under Seal* (the "Motion to Seal") seeking authority to file exhibits related to the April 1, 2021, discovery conference under seal pursuant to Local Rule of Bankruptcy Procedure 9037-1(c). The proposed exhibits include correspondence between certain surety consultants with Fieldwood regarding confidential information and a presentation by Debtors' advisor, Houlihan Lokey, which was provided subject to a protective order. In support of its Motion to Seal, USSIC respectfully states as follows:

1. Discovery is on-going in these cases. The designation of confidential materials is controlled by the Amended Stipulated Protective Order (Doc. No. 989) (the "Protective Order").

2. Under the Protective Order, the Parties in the Case can designate, among other things, certain materials as "Confidential" or "Highly Confidential."

3. The Protective Order also authorized the Parties to file such confidential materials under seal with the Court.

4. Certain exhibits for potential use at the discovery conference are designated "Confidential" and contain certain going-forward financial analysis. Additionally one exhibit contains discussion among surety consultants and the Debtors regarding confidential information. While the current Disclosure Statement (Doc. No. 1102) reveals much of the financial analysis, out of an abundance of caution, USSIC seeks authority to seal those exhibits.

**BASIS FOR RELIEF**

5. The Court is authorized to protect entities with respect to certain confidential information. See 11 U.S.C. § 107(b); 11 U.S.C. § 105(a) (authorizing the Court to "issue any

91576574v.1

order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

6.  Rule 9018 of the Federal Rules of Bankruptcy Procedure implements section 107(b) and provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

7.  The Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal." Local Rule 9037-1(d) further provides that "[i]n some instances, it may be practicable to redact relevant confidential information from a document, and to file the redacted document in the public record. In those instances, (i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal."

8.  Generally, the Court "must balance the public's common law right of access against interests favoring non-disclosure" when considering a motion to seal. *Pamlab, L.L.C. v. Brookstone Pharm., L.L.C.*, No. 09-7434, 2010 WL 4363870, at *2 (E.D. La. Oct. 22, 2010). Accordingly, this Court is well-acquainted with the interests favoring non-disclosure of the Parties' confidential commercial, financial, and/or business information, which are recognized interests that may overcome the public's right to access. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information . . . .") (citing *Nixon v. Warner Comm.*, 435 U.S. 589, 598 (1978)).

91576574v.1

9. Contemporaneously and in accordance with the Court's CM/ECF procedures and General Order 2021-1, USSIC has provided physical copies of the sealed exhibits to the Clerk of Court. USSIC has filed redacted copies of Exhibits 2, 4, 5, 6 and 7 without the Houlihan Lokey materials on the Court's docket.

10. The USSIC requests that the unredacted Exhibits 2, 4, 5, 6, 7, 8 and 9 be sealed through the conclusion of this case, and that once placed under seal, only the other parties authorized under the Stipulated Protective Order and this Court have access.

## CONCLUSION

USSIC respectfully requests that the Court grant this Motion to Seal, enter the attached proposed Order granting the relief requested herein, and for such other relief as the Court deems appropriate and just under the circumstances.

Respectfully submitted,

*/s/ Simon R. Mayer*
Philip G. Eisenberg
Texas Bar Number 24033923
Elizabeth M. Guffy
Texas Bar Number 8592525
Simon R. Mayer
Texas Bar Number 24060243
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: peisenberg@lockelord.com
  eguffy@lockelord.com
  simon.mayer@lockelord.com

Case 20-33948   Document 1205   Filed in TXSB on 04/01/21   Page 5 of 5


Bradley C. Knapp
Texas Bar Number 24060101
**LOCKE LORD LLP**
601 Poydras St., Suite 2660
New Orleans, LA 70130
Telephone: (504) 558-5210
Email: bknapp@lockelord.com

*Attorneys for U.S. Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on April 1, 2021, on all parties registered for electronic service.

*/s/ Simon R. Mayer*
Simon R. Mayer