# Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|                                      |   |                           |
|--------------------------------------|---|---------------------------|
|                                      | § | **Chapter 11**            |
| In re:                               | § |                           |
|                                      | § | **Case No. 20-33948 (MI)** |
| **FIELDWOOD ENERGY, LP, *et al*,**[1] | § |                           |
|                                      | § | **(Jointly Administered)** |
| Debtors.                             | § |                           |
|                                      | § |                           |

**U.S. SPECIALTY INSURANCE COMPANY'S NOTICE OF BANKRUPTCY RULE 2004
REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE DEBTORS**

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

U.S. Specialty Insurance Company ("USSIC") submits this First Request for Production of Documents

(the "Document Requests") to Fieldwood Energy, LP ("Fieldwood" or the "Company") and certain of

its direct and indirect affiliates as debtors and debtors-in-possession (collectively, the "Debtors") in the

above-captioned proceeding.

USSIC demands that the Debtors produce Documents responsive to the Document Requests by

delivering all such responsive Documents to **Philip G. Eisenberg, Locke Lord LLP, 600 Travis.

Street, Suite 2800, Houston, Texas 77002**, counsel for USSIC, no later than Tuesday, January 5,

2020 at 5:00 p.m. (prevailing central time).

**DEFINITIONS**

The following definitions shall apply to the terms used in these Document Requests,

regardless of whether they are capitalized or uncapitalized:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2390); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1.      "Affiliate" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code (11 U.S.C. §§ 101-1532, as amended).

2.      The term "any" shall mean "each and every" as well as "any one."

3.      "Fieldwood Parties" means Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Inc.; Fieldwood Energy Offshore LLC; Fieldwood Onshore LLC; Fieldwood SD Offshore LLC; Fieldwood Offshore LLC; FW GOM Pipeline, Inc.; GOM Shelf LLC; Bandon Oil and Gas GP, LLC; Bandon Oil and Gas, LP; Fieldwood Energy SP LLC; Galveston Bay Pipeline LLC; and Galveston Bay Processing LLC.

4.      "RSA" shall refer to the Restructuring Support Agreement attached to the Declaration of Michael Dane in Support of Debtors' Chapter 11 Petition and First Day Motions filed on August 4, 2020, in the Bankruptcy Court in the above-captioned case at Docket No. 29.

5.      "Fieldwood I" shall mean the Legacy Apache Assets identified in the Declaration of Michael Dane in Support of Debtors' Chapter 11 Petition and First Day Motions filed on August 4, 2020, in the Bankruptcy Court in the above-captioned case at Docket No. 29.

6.      "Fieldwood II" shall mean the Shelf Assets identified in the Declaration of Michael Dane in Support of Debtors' Chapter 11 Petition and First Day Motions filed on August 4, 2020, in the Bankruptcy Court in the above-captioned case at Docket No. 29.

7.      "Deepwater" shall mean the Deepwater Assets identified in the Declaration of Michael Dane in Support of Debtors' Chapter 11 Petition and First Day Motions filed on August 4, 2020, in the Bankruptcy Court in the above-captioned case at Docket No. 29.

8.      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

91034543v.1

9.      "<u>Petition Date</u>" means the date in which the Fieldwood Parties filed the above-captioned, jointly-administered bankruptcy cases.

10.     "<u>Communication</u>" means the transmittal or exchange of information, in any form and by any means, including, but not limited to, documents, writings, letters, notes, face-to-face conversations, telephone conversations, meetings, conferences, correspondence, electronic mail, text message, sound recordings, video recordings, instant messages, or other exchange of information in any form.

11.     "<u>Concerning</u>" means related to, referring to, describing, evidencing, or constituting.

12.     The terms "<u>Debtors</u>," "<u>You</u>," and "<u>Your</u>" mean the debtors in the above-captioned chapter 11 proceeding, and any affiliates, agents, assigns, directors, employees, officers, parents, partners, representatives, subsidiaries, or any other person acting or purporting to act on its behalf, and any predecessor or successor of the foregoing.

13.     "<u>Document(s)</u>" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any written Communications, writings, sworn statements, deposition transcripts, affidavits, recordings, photographs, phone records, computer data, electronic mail or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location and regardless of the form maintained.  The term "<u>Document</u>" also includes all Electronically Stored Information.  The term "<u>Document</u>" further means any document in the possession, custody or control of the entities and individuals to whom this document request is directed (together with any, employees, agents, and attorneys).  Without limitation to the term "control" as used in the preceding sentence, an entity or individual is deemed to be in control of a document if that entity or individual has the right to

3

secure the document or a copy thereof from another entity or individual having actual possession thereof.

14.    "<u>Electronically Stored Information</u>" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable.  "Electronically Stored Information" also includes all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

15.    "<u>Including</u>" means including but not limited to.

16.    "<u>Person</u>" includes both the singular and the plural, and means any natural person, business entity, corporation, cooperative, public corporation, partnership, joint venture, or organization.

17.    The term "<u>related to</u>" shall mean pertaining to, concerning, referring to, setting forth, describing, showing, disclosing, explaining, enumerating, listing, summarizing, reflecting, evidencing or constituting.

18.    As used herein, the singular includes the plural and the plural includes the singular; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; the masculine includes the feminine and the feminine includes the masculine; and the present tense includes the

4

past tense and the past tense includes the present tense so as to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of their scope.

19.     As used herein, the connectives "and" and "or" as used in the term "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of their scope.

## **INSTRUCTIONS**

1.     You are instructed to produce all Documents responsive to the Document Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other person or entity acting or purporting to act on Your behalf.

2.     Each request for production shall be responded to completely, separately, and fully. If there are no Documents responsive to any particular request, Your response shall state so in writing.

3.     If, in responding to the Document Requests, You encounter any ambiguities when construing a request or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

4.     Each request for the production of Documents shall be deemed to be continuing in nature.  If at any time additional Documents come into Your possession, custody, or control or are brought to Your attention, You will promptly supplement Your response to these Document Requests.

5.     If Documents responsive to the Document Requests have been provided or made available to USSIC through a virtual data room or other online repository, You shall state the file name and location of each responsive Document in responding to these Document Requests.

5

91034543v.1

6.      All Documents shall be produced in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the Documents to correspond to each request contained herein.  A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself. Documents attached to each other shall not be separated.

7.      You shall produce all Electronically Stored Information in accordance with the following specifications:

(i)     <u>Form of Production</u>.  Produce electronically stored information in single-page tiff format (Group IV tiff at 300 dpi) with standard Concordance formatted load file (.dat), including all metadata.  Name each tiff file with a unique name matching the bates number labeled on the corresponding page. Group every 10,000 tiffs into a new folder; do not create a separate folder for each Document.

(ii)    <u>Image Load File</u>.  Provide an image load file Opticon file (.opt) that contains Document boundaries, page counts, and volume information.

(iii)   <u>Document Text</u>.  For Documents that were originally stored as native electronic files and which do not have redactions, produce the extracted full text (not OCR) from the body of each Document in separate document-level *.txt files named for the beginning bates number of the associated Document.  Provide OCR text for Documents without extracted text available (non-searchable PDFs, etc.).  Group 1000 document text files per incrementally named "TEXT" directories, separate from image directories. For Documents that were originally stored as native electronic files and which have redactions, produce the OCR text from the redacted image(s) associated with each Document, in separate document-level *.txt files named for the beginning bates number of the associated Document.  Clearly label any redacted material to show the redactions on the tiff image.  Also provide a comma-delimited extracted text list file with each Document's beginning bates number along with the path to the associated extracted text/OCR text file.

(iv)    <u>Native Production For Certain File Types</u>.  For files created by Excel or other spreadsheet programs, PowerPoint or other special presentation programs, database files, or any other file types that reasonably require viewing in their native format for a full understanding of their content and

6

meaning, produce the files in native and tiff formats.  Name the produced native file with the bates number on the first page of the corresponding tiff production of the file / document.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

(v)     De-duplication.  Produce a single copy of each electronic document for which exact duplicates exist.  For e-mail messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties.  For e-mail attachments and stand-alone electronic files, consolidate duplicates based on MD5 hash of the entire file.

(vi)    Metadata.  Produce extracted metadata for each document in the form of a Concordance load file (.dat), including the following fields (where applicable): bates range begin, bates range end, bates family range begin, bates family range end, e-mail subject line, file name, e-mail sent date, e-mail sent time, received date, received time, created date, created time, last modified date, last modified time, author, from, to, CC, BCC, custodian, source, source folder, page count, MD5 hash value, native file path location, and confidentiality designation.  Documents shall be produced in such fashion as to identify the location of the Document and, where applicable, the natural person or custodian in whose possession it was found.

8.      Any Document withheld from production based on privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the Document, (3) the date of the Document, and (4) such other information as is sufficient to identify the Document, including the author of the Document, the addressee of the Document, other recipients of the Document and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.  If a portion of a Document contains information subject to a claim of privilege, only that portion shall be redacted and the remainder shall be produced.

9.      If any Document within the scope of these Document Requests has been modified or altered in any way, including in part, identify (i) each such Document; (ii) its custodian; and (iii) the person who modified or altered it.  The circumstances of such modification or alteration shall be set forth, including how and why the Document was modified or altered.

10.     If any Document within the scope of these Document Requests is no longer in Your possession or subject to Your control, state whether it is (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of.  In each instance, identify the current or last known custodian and the circumstances surrounding such disposition.

11.     If You object to any part of any Document Request, You shall state fully the nature of the objection.  Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Document Request not objected to.

91034543v.1

## DOCUMENT REQUESTS

Please produce the following documents:

1.      The documents and electronically stored information contained in the Aries or PHDWin Database maintained by the Fieldwood Parties and / or on behalf of the Fieldwood Parties by Ryder Scott including information concerning updated production, updated reserves categories (ie. an undeveloped well drilled moved to producing), ownership interest, capital expenditure (for future work and abandonment), operating cost assumptions, price and other economic parameters including pricing differentials, timing of future behind pipes and drills.

2.      Updated lease operating statements with at least last 12 months trailing operating costs by field.

3.      Updated revenue statements with at least 12 months revenue trailing by field.

4.      For all Fieldwood Parties' reserves estimates relying on an volumetric estimate, all documents and electronically stored information necessary to support the reserve estimate including but not limited to: structure map for the subject zone, amplitude/ attribute maps, well logs, isopach maps, seismic lines where appropriate, cross-sections where appropriate, bottom hole pressure data, material balance where appropriate, fluid characteristics, AFEs for near term work, shut in information

5.      For all Fieldwood Parties' oil and gas leases that have been shut in, all documents and electronically stored information regarding hurricane shut-in and other shut-in fields including plans for return to production and cost associated with restoring production.

6.      A list of which oil and gas leases are in Fieldwood I, Fieldwood II, and Deepwater as of the Petition Date.

9

7.  The current list of which oil and gas leases are in Fieldwood I, Fieldwood II, and Deepwater to the extent they have changed since the Petition Date.

8.  All drafts of the RSA prepared prior to the Petition Date.

9.  All drafts and correspondence containing or discussing revisions or modifications to the RSA since the Petition Date.

Dated: December 21, 2020                    Respectfully submitted,

*/s/  Philip G. Eisenberg*
Philip G. Eisenberg
Texas Bar Number 24033923
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas State Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone:  (713) 226-1200
Facsimile:  (713) 223-3717
Email:  peisenberg@lockelord.com
            eguffy@lockelord.com
            simon.mayer@lockelord.com

Bradley C. Knapp
Texas Bar Number 24060101
**LOCKE LORD LLP**
601 Poydras St., Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Email: bknapp@lockelord.com

*Counsel for U.S. Specialty Insurance Company*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on December 21, 2020, on all parties registered for electronic service.

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 2004-1, I hereby certify that, on October 29, 2020, a request for information was forwarded to counsel for the Debtors.  Debtors partially responded to that request. On December 16, 2020, an additional request for information was sent to counsel for Debtors along with a request for a conference regarding the same.  As of the time of this filing, Debtors have not responded further to the requests for information.

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg

11

91034543v.1