IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT AGREEMENT BETWEEN DEBTORS AND
ARENA AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] filed April 7, 2021, of the above-captioned

Debtors for entry of an order (a) authorizing Fieldwood Energy LLC's ("**Fieldwood**" or "**FWE**")

entry into and approving the Settlement Agreement by and among FWE and Arena Energy, LLC

("**Arena**" and, collectively with FWE, the "**Parties**"), attached hereto as **Exhibit 1**, and (b)

granting related relief, all as more fully set forth in the Motion; and upon consideration of the

*Declaration of Mike Dane in Support of Debtors' Emergency Motion Pursuant to Section 105 and*

*363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and*

*Approving Settlement Agreement Between Debtors and Arena and (II) Granting Related Relief*;

and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided; and such notice having been adequate and appropriate under the circumstances, and it

appearing that no other or further notice need be provided; and this Court having reviewed the

Motion; and this Court having held a hearing to consider the relief requested in the Motion; and

all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and it appearing that the relief requested in the Motion is fair, reasonable,

and in the best interests of the Debtors and their respective estates and creditors; and upon all of

the proceedings had before this Court and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Settlement Agreement is hereby approved and FWE is authorized to enter into

the Settlement Agreement.

2.      FWE is authorized to enter into, perform, execute, and deliver all documents, and

take all actions, necessary to immediately continue and fully implement the Settlement Agreement

in accordance with the terms, conditions, and agreements set forth therein, all of which are hereby

approved.

3.      The Debtors are authorized to take all actions necessary or appropriate to carry out

the relief granted in this Order.

3

4.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2021
          Houston, Texas

                                                    _____
                                                    THE HONORABLE MARVIN ISGUR
                                                    UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

## Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Settlement Agreement**") is entered into as of February 25, 2021, by and between Fieldwood Energy LLC, Fieldwood Energy SP LLC, and their affiliates ("**Fieldwood**") on the one hand, and Arena Energy, LLC and its affiliates ("**Arena**"), on the other. Fieldwood and Arena may sometimes be referred to herein individually as a "**Party**" and together as the "**Parties**."

**WHEREAS**, Fieldwood and Arena are parties to that certain Offshore Operating Agreement dated November 1, 2004 (as amended, modified, and supplemented, the "**WD 85/86 Operating Agreement**" or the "**Assumed Contract**") concerning the operation of wells at the West Delta 86 field in the Gulf of Mexico; AND

**WHEREAS**, on August 20, 2020, Arena and certain of its affiliates commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), which chapter 11 cases have been consolidated for procedural purposes only under the lead case styled: *In re Arena Energy, LP, et al., Case No. 20-34215*; AND

**WHEREAS**, in connection therewith, Arena filed the *Debtors' Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 12] (with all supplements and exhibits thereto, the "**Plan**"); AND

**WHEREAS**, on September 18, 2020, Fieldwood filed its *Objection of Fieldwood to Confirmation of the Joint Prepackaged Chapter 11 Plan of Arena Energy, LP and its Debtor Affiliates* [Docket No. 189]; AND

**WHEREAS**, on September 25, 2020, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Debtors' Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Docket No. 255] (the "**Confirmation Order**"). The Plan became effective on September 30, 2020 (the "**Plan Effective Date**"); AND

**WHEREAS**, Fieldwood filed proof of claim numbers 11 and 12 in Arena's chapter 11 cases asserting an aggregate claim amount of $2,132,788.41 (the "**Proofs of Claim**"); AND

**WHEREAS**, Paragraph 46 of the Confirmation Order provides that all agreements between Arena and Fieldwood, including the WD 85/86 Operating Agreement, shall be assumed pursuant to the Plan on the Plan Effective Date; AND

**WHEREAS,** in Paragraph 47 of the Confirmation Order, Arena asserts that the cure costs (the "**Cure Costs**") owed by Arena to Fieldwood under the WD 85/86 Operating Agreement are $0.00, whereas Fieldwood disagrees with the proposed Cure Costs and asserts that the Cure Costs owed under the WD 85/86 Operating Agreement are approximately $2,039,126.90, plus interest, attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts (the "**Cure Dispute**"); AND

**WHEREAS**, the Parties submitted a scheduling order that the Bankruptcy Court entered

1

on February 5, 2021 [Docket No. 389] setting dates and deadlines governing the discovery process and briefing schedule to resolve the Cure Dispute; AND

**WHEREAS,** the Parties agreed to participate in a non-binding mediation to resolve the Cure Dispute with the Honorable Christopher M. Lopez, United States Bankruptcy Judge, serving as mediator, and such mediation began on February 5, 2021 and finished on February 10, 2021, and the Parties agreed upon the settlement terms set forth below.

**NOW, THEREFORE,** in consideration of the releases and promises contained herein and other good and valuable consideration exchanged among the Parties, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1.      The total Cure Costs are eight hundred and fifty thousand dollars ($850,000), and the Cure Costs shall be paid by Arena to Fieldwood within ten (10) business days of the Bankruptcy Court approval of this Settlement Agreement.

2.      Upon Bankruptcy Court approval of this Settlement Agreement, Arena hereby releases thirty-thousand three hundred and seventy six dollars and twenty cents ($30,376.20) of amounts owed by Fieldwood to Arena (the "**Partial Release of Claims**") relating to invoice Nos. 135579, 135580, 135581, 136190, 136191, 136192,136786, 136787, 136788, and 137409.

3.      Upon Bankruptcy Court approval of this Settlement Agreement, Arena hereby withdraws and forever waives, solely as to Fieldwood, all claims relating to the invoice numbered MI669LEG dated October 16, 2020 which is described as MI 669 Liftboat Leg Removal, and was invoiced by Arena to Fieldwood for a total amount of two hundred and forty thousand six hundred and thirty five dollars and ninety cents ($240,635.90) (the "**Waiver of Leg-Retrieval Claim**").

4.      Arena shall pay all postpetition amounts due to Fieldwood as of the Settlement Effective Date (and within normal trade terms) within ten (10) business days of the Bankruptcy Court approval of this Settlement Agreement.

5.      The Parties agree and acknowledge that this Settlement Agreement is the result of a compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on their parts or on the parts of their predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders. The Parties expressly deny any such liability. Except as provided herein and in consideration of payment of the Cure Costs and postpetition amounts due to Fieldwood as described in paragraph 4, the Partial Release of Claims, and the Waiver of Leg-Retrieval Claim, as of the Settlement Effective Date, each Party, on behalf of its predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders, in each case, in their respective capacities as such (collectively the "**Released Parties**"), hereby releases the Released Parties from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, judgments, liabilities, causes of action, or controversies of any kind whatsoever, whether at law or in equity, whether matured or unmatured, whether before a local, state, or federal court or state or federal administrative agency or commission, or arbitration administrator, and whether now known or unknown, liquidated or

2

unliquidated, that Fieldwood has, may have had, asserted, and/or may have asserted, against the Released Parties on behalf of itself, or any other person or entity, with respect to the Proofs of Claim, the Cure Costs, the assumption of the Assumed Contract, the Cure Dispute, the Partial Release of Claims, the Waiver of Leg-Retrieval Claim, or arising from or related to the facts asserted in the Proofs of Claim, the Cure Dispute, or otherwise in connection with the assumption of the Assumed Contract; *provided, however*, that nothing contained in this release shall prevent the Parties from asserting or pursuing any claim to enforce the terms of this Settlement Agreement.

6.      The Parties acknowledge and agree that, upon the approval by the Bankruptcy Court of this Settlement Agreement and the payment to Fieldwood of the Cure Costs, Arena is authorized to adjust the official claims register to reflect allowance of the Cure Costs, and the disallowance and expungement of any other claims asserted in the Proofs of Claim.

7.      Not later than seven (7) business days after the Settlement Effective Date, Fieldwood shall file: (a) a motion to approve the terms of this Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019 (the "**9019 Motion**") and (b) a proposed order related to the 9019 Motion (to be entered by the Bankruptcy Court).

8.      This Settlement Agreement contains the complete agreement and understanding between the Parties with respect to the Proofs of Claim, the Cure Costs, the assumption of the Assumed Contract, the Cure Dispute, the Partial Release of Claims, and the Waiver of Leg-Retrieval Claim.

9.      This Settlement Agreement shall be effective upon execution by the Parties (the "**Settlement Effective Date**").

10.      This Settlement Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original; it may be executed by facsimile or electronic signatures which shall be deemed to have the same force and effect as an original signature.

11.      This Settlement Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

12.      Each Party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Settlement Agreement and that it enters this Settlement Agreement knowingly and voluntarily.

13.      Each Party shall bear his, her or its own attorney fees and costs arising from the Proofs of Claim, the Cure Dispute, the Cure Costs, the assumption of the Assumed Contract, or in connection with this Settlement Agreement.

14.      By executing this Settlement Agreement, each Party represents to the other that (a) the person executing this Settlement Agreement on its behalf is duly authorized and empowered to execute and deliver this Settlement Agreement; and (b) this Settlement Agreement constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with this Settlement Agreement's terms.

3

15.     The Parties cooperated in the drafting of this Settlement Agreement, and in the event that it is determined that any provision herein is ambiguous, that provision shall not be presumptively construed against any Party.

16.     The Parties agree that the Bankruptcy Court shall retain jurisdiction over the Parties with respect to any matters related to or arising from this Settlement Agreement or the implementation of this Settlement Agreement.

17.     THIS SETTLEMENT AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD TO ITS CONFLICTS OF LAW WHICH MAY APPLY THE LAWS OF ANOTHER JURISDICTION.  THE PARTIES HEREBY SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE BANKRUPTCY COURT WITH RESPECT TO ANY MATTER RELATING TO OR ARISING OUT OF THIS SETTLEMENT AGREEMENT.

IN WITNESS WHEREOF, Fieldwood and Arena do hereby execute and agree to this Settlement Agreement as of the date first set forth above.

**FIELDWOOD ENERGY LLC**

By: _____
Name: _____JOHN  H.  SMITH____
Title: _____SVP  Business Development____
Date: _____3/11/21____

**ARENA ENERGY, LLC**

By: _____
Name: _____J. MICHAEL VALLEJO____
Title: _____CFO____
Date: _____2/26/21____

4