5

**<u>Exhibit B</u>**

**Declaration**

**<u>Exhibit B</u>**

**Declaration**

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DECLARATION OF MICHAEL T. DANE IN SUPPORT OF
DEBTORS' <u>EMERGENCY</u> MOTION PURSUANT TO
SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT AGREEMENT BETWEEN DEBTORS AND
<u>ARENA AND (II) GRANTING RELATED RELIEF</u>**

I, Michael T. Dane, pursuant to 28 U.S.C. § 1746 hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am Senior Vice President and Chief Financial Officer of Fieldwood Energy LLC ("**Fieldwood Energy**").

2. After extensive negotiations and following a successful mediation where the Honorable Christopher M. Lopez served as mediator, the Debtors and Arena Energy, LLC and its affiliates ("**Arena**" and together with the Debtors, the "**Parties**"), executed the settlement agreement attached as Exhibit 1 to the Proposed Order to the *Debtors' <u>Emergency</u> Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

*an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Arena and (II) Granting Related Relief* (the "**Motion**"). I have knowledge of the facts concerning the underlying dispute with Arena as well as the mediation and negotiations that led to the Settlement Agreement.[2]

      A.      **WD 85/86 Operating Agreement**

      3.      Fieldwood Energy LLC ("**Fieldwood Energy**") and Fieldwood Energy SP LLC ("**Fieldwood SP**" and, together with Fieldwood Energy, "**Fieldwood**") and Arena Energy, LP are parties to several agreements concerning the operation of and production from certain wells located on the West Delta 86 field in the Gulf of Mexico. These agreements provide for the allocation of Lease Operating Expenses ("**LOE**") relating to fields in which Fieldwood is an operator and Arena is a non-operator. As set forth in the WD 85/86 Operating Agreement, Arena agreed to pay Fieldwood for Arena's proportional share of operating and drilling expenses relating to all wells in which Arena holds an ownership interest as a non-operator. The WD 85/86 Operating Agreement further provides that all charges, credits, and accounting for expenditures shall be pursuant to the offshore accounting practices published by the Council of Petroleum Accountants Societies, Inc. ("**COPAS**").

      B.      **Audit of Expenses Under WD 85/86 Operating Agreement**

      4.      Arena undertook an audit of the allocation of LOE for the West Delta 86 field from 2014 to 2016. Arena challenged that allocation arguing that a different methodology should be used to allocate the LOE.

---

[2] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

5.      In response to Arena's audit, Fieldwood undertook to reallocate the LOE by using a different methodology it believed appropriately reflected the terms of the underlying agreement. On December 28, 2017, Fieldwood issued invoices to Arena rebilling the correct LOE for West Delta 86 for 2014, 2015, and 2016. As a result of the reallocations, Arena's balance increased by $1,937,021.79 for the West Delta 86 field. Arena disputed Fieldwood's methodology for reallocations and asserted that it only owed Fieldwood $79,993.

6.      On April 19, 2018, Fieldwood issued an audit reply to Arena's January 24, 2017 audit ("**Audit 1**") and June 22, 2017 audit ("**Audit 2**") reports. On September 11, 2018, Fieldwood completed the reallocation of the LOE for 2017 and issued invoices for the West Delta 86 field.

    C.    **Arena's Chapter 11 Cases**

7.      On September 18, 2020, Fieldwood filed its *Objection of Fieldwood to Confirmation of the Joint Prepackaged Chapter 11 Plan of Arena Energy, LP, and its Debtor Affiliates* (Docket No. 189), primarily objecting to Arena's proposed cure costs for assuming the WD 85/86 Operating Agreement. Fieldwood also filed proofs of claim numbers 11 and 12 (the "**Proofs of Claim**") in Arena's chapter 11 cases asserting an aggregate claim amount of $2,132,788.41, the vast majority of which consisted of Fieldwood's cure claim for assumption of the WD 85/86 Operating Agreement.

8.      The Parties agreement to work in good faith to resolve Fieldwood's cure claims was memorialized in the Arena Confirmation Order. Paragraph 46 of the Arena Confirmation Order provided that all agreements between Arena and Fieldwood, including the WD 85/86 Operating Agreement, shall be assumed pursuant to the Arena Plan on the Arena Plan Effective Date. Paragraph 47 of the Arena Confirmation Order stated that Arena asserted that the

cure costs (the "**Cure Costs**") owed by Arena to Fieldwood under the WD 85/86 Operating Agreement were zero dollars ($0.00). Fieldwood disagreed with the proposed Cure Costs and asserted that the Cure Costs owed under the WD 85/86 Operating Agreement were approximately $2,039,126.90, plus interest, attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts (the "**Cure Dispute**").

9.  The Parties submitted a scheduling order that the Bankruptcy Court entered on February 5, 2021 (Docket No. 389) setting dates and deadlines governing the discovery process and briefing schedule to resolve the Cure Dispute.

**D.   Settlement Agreement**

10.  The Parties agreed to participate in a non-binding mediation to resolve the Cure Dispute with the Honorable Christopher M. Lopez, United States Bankruptcy Judge, serving as mediator, and such mediation began on February 5, 2021, and finished on February 10, 2021 (the "**Mediation**").

11.  Following the conclusion of the Mediation, the Parties executed the Settlement Agreement,[3] which is conditioned upon entry of the Proposed Order and provides for, among others, the following key terms:

   i.  The total Cure Cost is $850,000 and the Cure Cost shall be paid by Arena to Fieldwood within ten (10) business days of this Court's approval of the Settlement Agreement.

   ii.  Upon this Court's approval of the Settlement Agreement, Arena releases $30,376.20 of amounts owed by Fieldwood to Arena (the "**Partial Release of Claims**") relating to invoice Nos. 135579, 135580, 135581, 136190, 136191, 136192, 136786, 136787, 136788, and 137409.

---

[3] The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to the Settlement Agreement attached to the Proposed Order as **Exhibit 1**. In the event of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls in all respects.

    iii.    Upon the Court's approval of the Settlement Agreement, Arena withdraws and forever waives, solely as to Fieldwood and its affiliates, all claims relating to the invoice numbered MI669LEG dated October 16, 2020, which is described as MI 669 Liftboat Leg Removal, and was invoiced by Arena to Fieldwood for a total amount of $240,635.90 (the "**Waiver of Leg-Retrieval Claim**").

    iv.    Arena shall pay all other outstanding postpetition amounts due to Fieldwood as of the Settlement Effective Date (and within normal trade terms) within ten (10) business days of this Court's approval of the Settlement Agreement.

    v.    Except as provided in the Settlement Agreement, the Parties provided mutual releases of all claims with respect to the Proofs of Claim, the Cure Costs, the assumption of the Assumed Contract, the Cure Dispute, the Partial Release of Claims, the Waiver of Leg-Retrieval Claim, or arising from or related to the facts asserted in the Proofs of Claim, the Cure Dispute, or otherwise in connection with the assumption of the WD 85/86 Operating Agreement.

12.    The Debtors respectfully submit that the Settlement Agreement represents a fair and reasonable compromise that is in the best interest of the Debtors' estates and its creditors. ***First***, the Settlement Agreement resolves significant commercial disputes between the Parties by providing that Arena will (i) pay Fieldwood $850,000 in cash and (ii) waive and release approximately $30,000 in undisputed, postpetition amounts owed by Fieldwood to Arena. ***Second***, the Settlement Agreement avoids costly and protracted litigation over the cure costs owed to Fieldwood in Arena's chapter 11 cases, which would likely involve extensive discovery and require expert witness testimony relating to COPAS accounting procedures. ***Third***, the Settlement Agreement resolves a disputed claim whereby Arena asserts that Fieldwood is liable for approximately $240,000 for the removal of a lift boat leg that was left on the sea bottom (the "**Leg Retrieval Claim**") and that such claim should be entitled to administrative expense status in these chapter 11 cases. Although Fieldwood disputes liability and asserts that, in any event, such claim should not be afforded administrative expense status, the Settlement Agreement potentially avoids

significant estate costs and resources that would have been required to defend a motion seeking payment on account of Arena's Leg Retrieval Claim as an administrative expense. **Fourth**, the Settlement Agreement provides Fieldwood with assurances that Arena will pay all postpetition amounts due to Fieldwood as of the Settlement Effective Date (and within normal trade terms) within ten (10) business days of this Court's approval of the Settlement Agreement, which the Debtors estimate total approximately $677,125.47.

13. After fully evaluating all aspects of the Settlement Agreement with the assistance of counsel, including the risks, expenses, and uncertainty of litigating the Cure Dispute in Arena's chapter 11 cases and Arena's Leg Retrieval Claim in these chapter 11 cases, the Debtors determined that entry into the Settlement Agreement is fair, reasonable, and in the best interest of the Debtors' estates. Pursuant to the Settlement Agreement, the Debtors are receiving approximately $880,000 in consideration ($850,000 in cash and waiver of approximately $30,000 in undisputed, post-petition amounts owed by Fieldwood to Arena), waiver of a disputed $240,000 claim, and Arena's commitment to pay all other postpetition amounts due to Fieldwood within ten (10) business days of this Court's approval of the Settlement Agreement. As discussed above, in light of the risks and costs of litigating these disputes with Arena, the Debtors submit that the Settlement Agreement is fair and reasonable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2021
Houston, Texas

*/s/ Michael T. Dane*
Michael T. Dane
Senior Vice President and Chief Financial Officer
Fieldwood Energy LLC