IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered)<br>Re: Docket No. 930 |

### DEBTORS' REPLY IN SUPPORT OF
### SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING
### EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d) OF BANKRUPTCY CODE

Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this reply (the "**Reply**") in support of the *Debtors' Second Motion for Entry of an Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Exclusivity Motion**") (Docket No. 930) and in response to the objections (the "**Objections**") and joinders thereto filed by certain predecessors and sureties,[2] and respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Objections filed by XTO Offshore, Inc. ("**XTO**"), HHE Energy Company, and XH LLC (Docket No. 1091) and Eni Petroleum US LLC and Eni US Operating Co. Inc. (together, "**Eni**") (Docket No. 1093) were withdrawn at Docket Nos. 1228 and 1231.  The following sureties and predecessor filed joinders (the "**Joinders**") to the withdrawn objections: (i) North American Specialty Insurance (Docket No. 1126); (ii) Aspen American Insurance Company, Berkeley Insurance Company, Everest Insurance Company and Sirius America Insurance Company (Docket No. 1129); (iii) Lexon Insurance Company, Ironshore Indemnity Inc., Endurance American Insurance Company, and Ironshore Specialty (Docket No. 1137) (the entities listed in (i) through (iii), the "**Sureties**"); and (iv) JX Nippon Oil Exploration U.S.A. Limited (Docket No. 1142) (together with XTO and Eni, the "**Predecessors**"). The Debtors submit that Eni and XTO's respective withdrawals of their objections moots all of the Joinders thereto. However, out of an abundance of caution, to the extent the Court does not deem the Joinders moot, the arguments

**Reply**[3]

1.     For the reasons discussed herein and in the Exclusivity Motion, cause exists to grant a 90-day extension of the Debtors' Exclusive Periods (as defined in the Exclusivity Motion) through May 31, 2021 and July 29, 2021, respectively, to allow the Debtors sufficient time to seek approval of their already-filed Disclosure Statement and confirmation of the already-filed Plan in accordance with the scheduling order recently entered by the Court (Docket No. 1224) (the "**Plan Scheduling Order**"). As set forth in the Exclusivity Motion, courts have broad discretion to determine whether "cause" exists to extend the Exclusive Periods and may consider the relevant *Adelphia* factors in making such a determination.[4] Here, where the Debtors are in the midst of prosecuting their Plan following the schedule in the Plan Scheduling Order, a weighing of the applicable factors strongly supports a finding of cause to extend the Debtors' Exclusive Periods, including, among other factors, the good faith progress towards reorganization, the substantial progress made in negotiations with the Debtors' creditors and other key stakeholders, and the size and complexity of the Debtors' cases.[5]

---

raised in this Reply shall apply collectively and individually to each Joinder and the Debtors respond to the Joinders as set forth herein.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Exclusivity Motion or the *Third Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Docket No. 1115) (as amended, modified, or supplemented the "**Plan**"), as applicable.

[4] *See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying nine enumerated factors courts typically consider in determining whether to extend exclusivity); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying the *Adelphia* factors as factors to consider in determining whether cause exists to extend exclusivity).

[5] The nine non-exclusive factors include: "(i) the size and complexity of the case; (ii) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) the fact that the debtor is paying its bills as they become due; (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (vi) whether the debtor has made progress in negotiations with its creditors; (vii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (viii) whether an unresolved contingency exists." *Adelphia*, 352 B.R. at 587.

2.  Additionally, the only parties that objected to the Exclusivity Motion are certain predecessors and sureties who raise the same confirmation objections that formed the basis of their objections to the Debtors' Disclosure Statement.[6] As set forth in the Debtors' Disclosure Statement Reply,[7] not only are these objections misplaced, they are confirmation objections that will be addressed at the confirmation hearing. Moreover, the Objections contain no meaningful analysis relevant to the standard for extending exclusivity and ignore the relevant factors, including the significant progress made by the Debtors in formulating and negotiating a chapter 11 plan that (i) has been on file with the Court since January 1, 2021 (with amended versions subsequently filed with the Court),[8] (ii) has overwhelming support among creditors and other key stakeholders, including the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") appointed in these cases, and (iii) creates a framework for the Debtors' decommissioning obligations to be managed in an organized, environmentally safe manner and with no liability imposed on the American taxpayer.

3.  The Debtors seek an extension of the Exclusive Periods in order to continue prosecuting their proposed Plan pursuant to the Plan Scheduling Order, including

---

[6] *See, e.g., Objection of XTO Offshore, Inc., HHE Energy Company, and XH LLC to the Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors* (Docket No. 759); *Supplemental Objection by XTO Offshore, Inc., HHE Energy Company, and XH LLC to the Disclosure Statement for the Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors and Joinder in Other Objections* (Docket No. 1082); *Objection of Eni US Operating Co. Inc. and Eni Petroleum US LLC to Approval of Debtors' Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization* (Docket No. 937); *Supplemental Objection of Eni US Operating Co. Inc. and Eni Petroleum US LLC to Approval of Debtors' Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization* (Docket No. 1066); *Objection of JX Nippon Oil Exploration (U.S.A.) Limited to Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and Joinder in the Objection of XTO Offshore, Inc., HHE Energy Company and XH LLC, of Chevron U.S.A., Inc. and Noble Energy, Inc., and of Lexon Insurance Company, Ironshore Indemnity Inc. and Ironshore Specialty Insurance Company* (Docket No. 983). Further, as set forth in footnote 1 *supra*, Eni and XTO have since withdrawn their objections to the Exclusivity Motion.

[7] *See Omnibus Reply of Debtors to Objections to Disclosure Statement* (Docket No. 1124) (the "**Disclosure Statement Reply**").

[8] *See* Docket Nos. 722, 1020, 1098, and 1115.

3

continuing negotiations with the Government and the Predecessors in an attempt to reach additional, consensual arrangements regarding the remaining 13% of FWE P&A obligations related to the Abandoned Properties, obtaining approval of the Disclosure Statement and soliciting votes on the Plan, and pursuing confirmation and implementation of the Plan without the risk of the unnecessary disruption, expense and delay that would result from any competing plan.

4. Accordingly, the Court should grant the Debtors' requested extension of the Exclusive Periods.

A. **The Debtors Have Proposed a Viable Plan and Have Made Substantial Progress in Negotiations with their Creditors and Other Key Stakeholders**

5. The Debtors submit that the Plan represents the most equitable and balanced solution available under the circumstances and is the only viable option for recapitalizing and preserving the going concern for a key part of the Debtors' business and ensuring that all plugging and abandonment and decommissioning obligations (the "**P&A Obligations**") are addressed in a methodical and safe manner by responsible parties, as determined by BSEE. The Plan also provides for, among other things, the following key benefits:

- addresses approximately 87% of the Debtors' net P&A Obligations on a consensual basis and provides the flexibility to reach additional consensual arrangements with other predecessors in interest and/or co-working interests owners prior to confirmation of the Plan;

- saves the jobs of over 1,000 employees and contractors, which includes the most experienced P&A team in the Gulf of Mexico, one that has a substantial track record of decommissioning properties across a large footprint (decommissioning a total approximately 402 platforms, 1,237 wells, and 451 pipelines from 2013 to 2020 and spending, in the aggregate, more than $1.5 billion on P&A activities);

- provides for the most expedient decommissioning of properties in FWE I, FWE III, and FWE IV and provides a framework for the Government

> Agencies to order decommissioning of the Abandoned Properties by capable companies; and

- maximizes recoveries to the Debtors' creditors.

6. The primary factor courts consider in making a determination as to a debtor's ability to propose a viable plan is the debtor's progress in its negotiations with its creditors. *In re Southwest Oil Co. of Jourdanton Inc.*, 84 B.R. 448, 451 (W.D. Tex–San Antonio 1987).

7. Since the Debtors filed their original chapter 11 plan and disclosure statement on January 1, 2021, the Debtors have worked closely with numerous stakeholders to obtain additional support for the Plan and have made considerable progress, as set forth in the below timeline:



8. As shown above, since the Exclusivity Motion was filed, the Debtors have obtained support from several additional, key stakeholders through settlements reached with the Creditors Committee, Chevron U.S.A. Inc. ("**Chevron**"), and an ad hoc group of SLTL Lenders represented by Kasowitz Benson Torres LLP (the "**Ad Hoc Group of SLTL Lenders**"). This is in addition to Apache and the consenting Prepetition FLTL Lenders and consenting Prepetition SLTL Lenders that were parties to the Restructuring Support Agreement as of the Petition Date. As a result, the Plan is now supported by (i) every creditor group in the Debtors' capital structure

(the DIP Lenders, the Prepetition FLFO Lenders holding 100% of the FLFO Claims, the Prepetition FLTL Lenders holding approximately 87% of the FLTL Claims, and the Prepetition SLTL Lenders holding approximately 88.71% of the SLTL Claims), (ii) Apache, the predecessor in interest and operator for the vast majority of the Debtors' Shelf Assets (representing approximately 63% of the Debtors' P&A Obligations), and (iii) the Creditors' Committee. Additionally, Chevron, the predecessor in interest for FWE properties representing approximately 7% of the Debtors' operated P&A Obligations, has executed a non-binding term sheet, which represents an additional consensual arrangement supporting the Plan. Further, the Debtors and their advisors have been in active discussions with the Government and a group of Predecessors representing the vast majority of the remaining 13% in FWE P&A Obligations regarding a potential global settlement.

9. Extension of the Exclusive Periods will allow the Debtors to continue to negotiate consensual arrangements with Predecessors and other stakeholders, seek approval of their Disclosure Statement, and pursue confirmation of the Plan without the distraction and expense that would likely result from terminating the Debtors' exclusivity.

**B.  The Debtors' Cases are Large and Complex**

10. The Debtors have spent several months negotiating a Plan that represents the best path forward for all stakeholders and reflects multiple settlements reached with several different parties including, among other things, the FLFO Lenders, the Ad Hoc Group of Secured Lenders, the Ad Hoc Group of SLTL Lenders, Apache, Chevron, and the Creditors' Committee.

11. These cases are large and complex. Terminating exclusivity and opening the floor to other proposals at this juncture will jeopardize the settlements already reached, will

lead to delay and disorder, and will disrupt the process for confirming the Plan, which is the only viable path forward.

## Conclusion

12. The Debtors request the Court extend the Exclusive Filing Period and the Exclusive Solicitation Period by 90 days through and including May 31, 2021, and July 29, 2021, respectively. The complex issues present in these cases evidence the need for additional time for the Debtors to, among other things, (i) continue to work with stakeholders to build additional support for the Plan, (ii) obtain approval of the Disclosure Statement (which is currently scheduled to be heard on April 14, 2021) and solicit votes on the Plan, and (iii) seek confirmation of the Plan (which is currently scheduled to be heard on June 9, 2021). The extension of the Exclusive Periods will facilitate further negotiation and consensus amongst the various parties in these cases and ensure the best possible path to confirmation.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested in the Exclusivity Motion and such other and further relief as it deems just and proper.

Dated: April 8, 2021
      Houston, Texas

                                  Respectfully submitted,

                                  */s/ Alfredo R. Pérez*
                                WEIL, GOTSHAL & MANGES LLP
                                Alfredo R. Pérez (15776275)
                                700 Louisiana Street, Suite 1700
                                Houston, Texas 77002
                                Telephone: (713) 546-5000
                                Facsimile: (713) 224-9511
                                Email:  Alfredo.Perez@weil.com

                                -and-

                                WEIL, GOTSHAL & MANGES LLP
                                Matthew S. Barr (admitted *pro hac vice*)
                                Jessica Liou (admitted *pro hac vice*)
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007
                                Email:  Matt.Barr@weil.com
                                                    Jessica.Liou@weil.com

                                *Attorneys for Debtors*
                                *and Debtors in Possession*

**Certificate of Service**

I hereby certify that, on April 8, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                                                                                    */s/ Alfredo R. Pérez*
                                                                                                                                                     Alfredo R. Pérez