IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. 1023, 1024 |

## NOTICE OF FILING OF JOINDER AND AMENDMENT TO BACKSTOP COMMITMENT LETTER

**PLEASE TAKE NOTICE THAT**, on March 16, 2021, Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Emergency Motion of Debtors for Order (I) Authorizing Entry into Backstop Commitment Letter, (II) Approving Obligations Thereunder, And (III) Granting Related Relief* (Docket No. 1023) (the "**Motion**"), with the Backstop Commitment Letter (as defined in the Motion) attached thereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE THAT**, the Debtors hereby file a joinder and amendment to the Backstop Commitment Letter (the "**Joinder and Amendment**"), annexed hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider approval of the relief requested in the Motion is scheduled for **April 9, 2021 at 2:00 p.m. (prevailing Central**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

**Time)** before the Honorable Marvin Isgur, United States Bankruptcy Court for the Southern District of Texas, Courtroom 404, 5151 Rusk Street, Houston, Texas 77002.

Dated: April 8, 2021
      Houston, Texas

                                       Respectfully submitted,

                                       */s/ Alfredo R. Pérez*
                                       WEIL, GOTSHAL & MANGES LLP
                                       Alfredo R. Pérez (15776275)
                                       Clifford W. Carlson (24090024)
                                       700 Louisiana Street, Suite 1700
                                       Houston, Texas 77002
                                       Telephone: (713) 546-5000
                                       Facsimile: (713) 224-9511
                                       Email: Alfredo.Perez@weil.com
                                                    Clifford.Carlson@weil.com

                                       -and-

                                       WEIL, GOTSHAL & MANGES LLP
                                       Matthew S. Barr (admitted *pro hac vice*)
                                       Jessica Liou (admitted *pro hac vice*)
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007
                                       Email: Matt.Barr@weil.com
                                                    Jessica.Liou@weil.com

                                       *Attorneys for Debtors*
                                       *and Debtors in Possession*

## Certificate of Service

I hereby certify that on April 8, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                         */s/ Alfredo R. Pérez*
                                                        Alfredo R. Pérez

# **Exhibit A**

**Joinder and Amendment to the Backstop Commitment Letter**

*EXECUTION VERSION*

**JOINDER AND AMENDMENT**

This Joinder and Amendment ("**Joinder**") is executed and delivered by [Backstop Party redacted], on behalf of funds and accounts it advises, and [Backstop Party redacted], on behalf of funds and accounts it advises (the "**Joining Parties**"), Fieldwood Energy LLC (the "**Company**") and each of the Backstop Parties signatory hereto as of April 8, 2021, amending that certain Backstop Commitment Letter, dated as of March 16, 2021 (as further amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**Backstop Commitment Letter**"), by and among the Company and the Backstop Parties (as defined therein) party thereto. Each capitalized term used herein but not otherwise defined shall have the meaning set forth in the Backstop Commitment Letter.

1. Agreement to be Bound by Joining Parties. Each of the Joining Parties hereby agrees to and shall become a party to and be bound by all of the terms and conditions and subject to all commitments, acknowledgments and obligations, as applicable, under the Backstop Commitment Letter (as amended hereby and as the same has been or may be hereafter amended, restated, amended and restated, supplemented or otherwise modified from time to time in accordance with the provisions thereof).

2. Joining Parties Commitment.

a) By its signature hereto, each of the Joining Parties hereby commits, severally and not jointly, to provide (or to cause to be provided by an affiliated fund, a related fund or a seasoning institution to be reasonably agreed) a portion of the Second Lien Exit Facility as set forth on the amended Schedule I to the Backstop Commitment Letter attached as Annex A hereto. Each Backstop Party specified as an Assigning Backstop Party in Annex A hereto hereby assigns its commitment under the Backstop Commitment Letter to the Joining Parties as required to effectuate the amended commitments reflected in Annex A hereto and each of the Joining Parties hereby accepts such assignment and assumes such commitment with respect thereto as if it had provided such commitment as of the original date of the Backstop Commitment Letter.

b) For the avoidance of doubt, the Backstop Commitment Premium shall be payable to the Joining Parties as if the Joining Parties had been a Backstop Party to the Backstop Commitment Letter as of the original date thereof.

c) Upon the execution and delivery of a DIP Lender Joinder by a Participating DIP Lender, the commitment amount of the Joining Parties shall be reduced by the commitment amounts with respect to the Second Lien Exit Facility assumed by such Participating DIP Lender pursuant to Section 3(c) of the Backstop Commitment Letter as if the Joining Lenders were a DIP Lender Backstop Party, except that the commitment amount of the Joining Parties shall be reduced until the Backstop Commitment Percentage of the Joining Parties with respect to 100% of the DIP Replacement Second Lien Loans and 100% of the New Money Second Lien Loans corresponds to the percentage of the loans and commitments of the Joining Parties (or their affiliates) under the DIP Facility on the date of the Backstop Commitment Letter.

3. Amendments to Backstop Commitment Letter. The Backstop Commitment Letter is hereby amended as follows:

a) The definition of "**Outside Expiration Time**" is amended by replacing the date "June 30, 2021" therein with "July 31, 2021".

b) Section 4(a) is hereby amended by:

(i) Amending and restating the definition of "**Set-Up Equity Value**" in its entirety as follows:

"**Set-Up Equity Value**" shall mean an amount equal to (i) the Purchase Price, plus (ii) the amount of cash on the consolidated balance sheet of the Credit Bid Purchaser on the Effective Date, on a pro

forma basis giving effect to the Credit Bid Transaction and any increase thereof resulting from the Equity Rights Offering (as defined in Annex B) consummated on the Closing Date (it being understood that such Equity Rights Offering may be consummated in more than one transaction), minus (iii) the amount of the First Lien Exit Facility on the Closing Date, minus (iv) the amount of the Second Lien Exit Facility on the Closing Date, minus (v) an amount equal to the fair value of any warrants issued by NewCo on the Closing Date in connection with the Restructuring Transactions (other than the New Money Warrants), as reasonably determined in good faith by the Majority Backstop Parties with the consent of the Debtors (not to be unreasonably withheld), plus or minus (as applicable) (vi) such other amounts as may be agreed among the Debtors, the Majority Backstop Parties, the Required DIP Lenders and the Requisite FLTL Lenders; provided, that (x) for the avoidance of doubt, any reference to the "Credit Bid Purchase Agreement" in this definition shall include such any amendments, restatements, amendments and restatements, supplements or other modifications thereto made after the date hereof that are reasonably acceptable to the Majority Backstop Parties, and (y) nothing herein shall limit, modify or otherwise affect the consent or other rights of the Debtors provided for in the Plan with respect to the terms of the New Money Warrants, the GUC Warrants and the SLTL Warrants.

(ii) Inserting the following paragraph after the definition of "**Set-Up Equity Value**":

"**Purchase Price**" shall mean (i) the Consideration (as defined in the Credit Bid Purchase Agreement), excluding the Assumed Liabilities (as defined in the Credit Bid Purchase Agreement), plus (ii) the amount of the First Lien Exit Facility on the Closing Date.

c) Clause (b) of Section 9 is amended by replacing the words " the date that is 7 days after this Backstop Commitment Letter is executed by the Backstop Parties and the Company" therein with "April 10, 2021" and the number "14" therein with the number "30".

d) Clause (b) in the Section "Second Lien Exit Facility" of the Term Sheet is amended by replacing the amount "$100.0 million" therein with "$120.0 million".

4. Internal [Backstop Party redacted] Assignments.  Each of (a) [Backstop Party redacted], (b) [Backstop Party redacted], (c) [Backstop Party redacted], (d) [Backstop Party redacted] and (e) [Backstop Party redacted] hereby assigns its commitment under the Backstop Commitment Letter to[Backstop Party redacted], and [Backstop Party redacted] hereby accepts and assumes such commitments, it being understood that the commitment schedule attached as Annex A hereto reflects such assignments, and [Backstop Party redacted] shall be treated as a Backstop Party that provided the commitments assigned pursuant hereto as of the initial date of the Backstop Commitment Letter.

5. Representations and Warranties. Each of the Joining Parties and each of the assignees under Section 4 hereof hereby makes each of the representations and warranties set forth in the Backstop Commitment Letter (including, for the avoidance of doubt, Section 11 therein) as if such representations and warranties were expressly set forth in this Joinder Agreement, *mutatis mutandis*.

6. Governing Law. This Joinder shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York and to the extent applicable, title 11 of the United States Code.

7. Counterparts. This Joinder may be executed in any number of counterparts, each of which shall be an original, and all of which, when taken together, shall constitute one agreement. Delivery of an executed signature page of this Joinder by facsimile or electronic transmission (e.g., ".pdf" or ".tif") shall be effective as delivery of a manually executed counterpart hereof.

8. Notice. All notices and other communications given or made pursuant to the Backstop Commitment Letter shall be sent to the Joining Parties at the address set forth on the Joining Parties' signature page hereto:

[*Signature Pages Follow*]

#94430706v3

IN WITNESS WHEREOF, the Joining Parties have caused this Joinder to be executed as of the date first written above.

*[Joining Parties signature pages on file with the Debtors]*

[*Backstop Parties signature pages on file with the Debtors*]

**Acknowledged and Agreed:**

FIELDWOOD ENERGY LLC

By: _____
Name: Michael T. Dane
Title: Senior Vice President and Chief Financial Officer

**Annex A**

Amended Schedule I to Commitment Letter

**SCHEDULE I**

**COMMITMENTS**

[*Schedule I on file with the Debtors*]