IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| FIELDWOOD ENERGY LLC, *et al.*,[1] § | Case No. 20-33948 (MI) |
| § | (Chapter 11) |
| § | (Jointly Administered) |
| DEBTORS. § | |

**JAPEX (U.S.) CORP.'S LIMITED OBJECTION TO DISCLOSURE STATEMENT FOR FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS**
[This instrument relates to Docket No. 1254]

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Japex (U.S.) Corp. ("Japex") a creditor and party in interest in the above-styled and captioned jointly administered cases (the "Bankruptcy Cases"), files this *Limited Objection* (the "Objection") to the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1254] (the "Disclosure Statement") filed by Fieldwood Energy LLC, *et al.* (the "Debtors"), and respectfully states as follows in support thereof:

### I.  SUMMARY OF OBJECTION[2]

1. Japex is a predecessor in title with respect to certain of the Abandoned Properties described in the Debtors' Plan. While it reserves all rights with respect to any objections to confirmation of the Debtors' Plan, Japex does not object to this Court's approval of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Unless otherwise stated herein, all undefined capitalized terms used in this Objection shall have the meanings ascribed to them in the Disclosure Statement. Additionally, certain undefined capitalized terms appearing in the Summary of Objection are defined later in the Objection. Also, all references herein to the "Bankruptcy Code" shall mean title 11 of the U.S. Code.

Disclosure Statement per se. As the Debtors have progressed through several iterations of the Disclosure Statement in order to satisfy various constituents' requests for information, Japex and the Debtors have established a heretofore amicable line of communication through which many of Japex's specific requests for information have been addressed. However, as we approach this Court's continued hearing to consider approval of the fourth version of the Disclosure Statement, Japex has been unable to procure certain, particular information without which it cannot reasonably make an informed decision on the Plan.

2. That said, in light of the parties' prior working relationship, Japex requests that the Court condition approval of the Disclosure Statement on the Debtors' timely remittance to Japex of definitive instruments demonstrating and/or clarifying: (i) whether the F-7 well located at West Delta Area, Block 90 (OCS-G 1089) and West Delta Area, Block 103 (OCS-G 12360) will be part of the Abandoned Properties, and if so, to which predecessors in title the Debtors believe P&A Obligations related thereto may fall; and, (ii) with respect to pipeline segment No. 15960 located at West Delta Area, Block 90 and West Delta Area, Block 73, what portion of this pipeline segment will constitute part of the Abandoned Properties, and what is the Debtors' position regarding which predecessors in title may be responsible for related P&A Obligations for the abandoned portion (collectively, the "Supplemental Information").

## II.   FACTUAL AND PROCEDURAL BACKGROUND

3. On August 3 and 4, 2020 (the "Petition Dates"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Prior to the Petition Dates, effective as of January 1, 2015, Japex and Debtor Fieldwood Energy Offshore, LLC ("Fieldwood Offshore") executed that certain Assignment and Bill of Sale (the "West Delta Assignment") pursuant to which Japex assigned and Fieldwood Offshore assumed Japex's interests in certain offshore oil and gas leases located on the Outer

Continental Shelf in the Gulf of Mexico, namely West Delta Area, Block 90 (OCS-G 1089) and West Delta Area, Block 103 (OCS-G 12360) (the "West Delta Leases"), including, without limitation, Japex's interests in all wells, pipelines, and facilities pertaining to Japex's interest in the West Delta Leases, all agreements pertaining to the ownership and operation of Japex's interest in the West Delta Leases, all gas imbalances pertaining to production obtained from Japex's interest in the West Delta Leases, and all equipment, materials, and inventory utilized in connection with the operation of the West Delta Leases.

5. Also prior to the Petition Dates, as of June 18, 2015, Japex and Debtors Fieldwood Offshore and Fieldwood Energy LLC executed that certain Memorandum of Understanding in connection with the West Delta Assignment further outlining the interests, rights, and obligations transferred from Japex and assumed by Fieldwood Offshore with respect to the West Delta Leases.

6. On April 9, 2021, the Debtors filed their Disclosure Statement in support of the Plan, which, among other things, seeks to abandon certain of the Debtors' assets. The Disclosure Statement includes the West Delta Leases as part of the Abandoned Properties.

7. The Debtors have provided supplemental information pertaining to the Abandoned Properties in a separate virtual data room to which Japex has been provided access.

### III.   LIMITED OBJECTION

**A.   The Disclosure Statement does not Satisfy Section 1125 of the Bankruptcy Code**

8. Unless the Debtors timely provide the Supplemental Information to Japex, the Disclosure Statement should not be approved because it does not provide adequate information. Section 1125(b) of the Bankruptcy Code requires that a disclosure statement contain adequate information. "Adequate Information" is defined as "information of a kind, and in sufficient

detail . . . [so as to enable] a hypothetical investor of the relevant class to make an informed judgment about the plan."[3]

9.  The Disclosure Statement and/or the data room populated by the Debtors fails to provide adequate information insofar as the materials fail to clarify:

(i) whether the F-7 well located at West Delta Area, Block 90 (OCS-G 1089) and West Delta Area, Block 103 (OCS-G 12360) will be part of the Abandoned Properties, and if so, to which predecessors in title the Debtors believe P&A Obligations related thereto may fall.  Based on information and belief, the F-7 well is the only producing well on the platform and Japex may have no interest in or liability associated with this well.  As such, this information is critical to Japex's understanding of the impact that the Plan may have on its interests; and,

(ii) with respect to pipeline segment No. 15960 located at West Delta Area, Block 90 (OCS-G 1089) and West Delta Area, Block 103 (OCS-G 12360), what portion of this pipeline segment will constitute part of the Abandoned Properties, and what the Debtors' position is regarding which predecessors in title may be responsible for related P&A Obligations regarding the abandoned portion of the segment.  This information is also crucial to Japex's understanding of how the Plan may affect its interests.

10.  In light of the foregoing deficiencies, the Disclosure Statement should not be approved absent an order from this Court requiring the Debtors to provide Japex with the Supplemental Information by no later than two (2) weeks prior to the June 2, 2021 confirmation objection and Plan voting deadline established by this Court, or May 19, 2021.

### IV.  RESERVATION OF RIGHTS AND JOINDER

11.  Japex reserves all rights under the Bankruptcy Code and applicable law, including, but not limited to, the allowance of any administrative expense claim pursuant to Section 503(b) of the Bankruptcy Code or with respect to the confirmation of the Debtors' Plan.

---

[3] 11 U.S.C. § 1125(a); *see also In re Fullmer*, No. 09-50086-RLJ-11, 2009 WL 2778303, at *2-3 (Bankr. N.D. Tex. Sept. 1, 2009) (stating that "[a]dequate information is generally defined as information of a kind, and in sufficient detail, given the nature and history of the debtor and the condition of the debtor's financial records that will enable the debtor's creditors and investors to make an informed judgment about the plan," and denying approval of the disclosure statement); *In re Metrocraft Publ'g Servs., Inc.*, 39 B.R. 567, 567-69 (Bankr. N.D. Ga. 1984) (listing numerous factors courts may consider to determine whether the disclosure statement provides adequate information and denying approval of the disclosure statement).

Japex also reserves the right to amend or supplement this Objection based on any changes in the representations made herein or any modifications to the Disclosure Statement and/or Plan made by the Debtors prior to the conclusion of any final hearing on the Disclosure Statement, and to lodge further objections regarding the Plan prior to any confirmation hearing or Plan objection deadline set by this Court. Japex also joins in all other objections to the Disclosure Statement to the extent such objections are not inconsistent with this Objection.

## V.    PRAYER

Japex respectfully requests this Court to: (i) sustain this Objection; (ii) require the Debtors to provide, no later than May 19, 2021, Japex with the Supplemental Information; and, (iii) grant Japex such other and further relief to which it may be justly entitled, both at law and in equity.

**DATED: April 14, 2021.**

Respectfully submitted,

**WINSTEAD PC**
600 Travis Street
Suite 5200
Houston, Texas 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)

By:   /s/ Sean B. Davis
            Sean B. Davis
            Texas Bar No. 24069583
            S.D. Tex. No. 1048341
            Steffen R. Sowell
            Texas Bar No. 24107926
            S.D. Tex. No. 3599931

**ATTORNEYS FOR JAPEX (U.S.) CORP.**

**Certificate of Service**

I hereby certify that on April 14, 2021, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                                  */s/ Sean B. Davis*
                                                  One of Counsel