**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**DEBTORS' <u>EMERGENCY</u> MOTION PURSUANT TO
SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING
SETTLEMENT AGREEMENT BETWEEN DEBTORS AND
<u>ARENA AND (II) GRANTING RELATED RELIEF</u>**

> Emergency relief is requested. A hearing will be conducted on this matter on April 16, 2021 at 9:00 a.m. (prevailing Central Time). You may participate in the hearing by audio/video connection.
>
> Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.
>
> You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.
>
> Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.
>
> If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

> Relief is requested not later than April 16, 2021.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Preliminary Statement

1. After extensive negotiations and following a successful mediation where the Honorable Christopher M. Lopez served as mediator, the Debtors and Arena Energy, LLC and its affiliates ("**Arena**" and, together with the Debtors, the "**Parties**") executed the settlement agreement attached as **Exhibit 1** to the Proposed Order (the "**Settlement Agreement**") resolving, among other things, a dispute regarding the cure amount owed by Arena to Fieldwood for Arena's assumption of that certain Offshore Operating Agreement dated November 1, 2004 (as amended, modified, and supplemented, the "**WD 85/86 Operating Agreement**") pursuant to Arena's chapter 11 plan.[2] As further detailed below, the Settlement Agreement provides, among other things, that Arena will (i) pay Fieldwood $850,000 and waive and release approximately $30,000 in undisputed, postpetition amounts owed by Fieldwood to Arena and (ii) waive and release a disputed claim for approximately $240,000 against Fieldwood.

2. For the reasons set forth below, the Debtors respectfully submit that the Settlement Agreement represents a fair and reasonable compromise that is in the best interests of the Debtors' estates and their creditors. The proposed Settlement Agreement is well within the range of reasonableness, particularly when factoring in the time, expense, and risk in litigating its cure claim against Arena in its chapter 11 cases. The Settlement Agreement is an appropriate use

---

[2] Any capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

of estate assets and a sound exercise of the Debtors' business judgment. Accordingly, the Debtors request that the Court approve the Settlement Agreement and authorize the Debtors to consummate the terms therein.

### Relief Requested

3. By this Motion, the Debtors respectfully request entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 (a) approving the Debtors entry into the Settlement Agreement and (b) granting related relief.

4. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

5. In support of this Motion, the Debtors submit the *Declaration of Michael T. Dane in Support of Debtors' Emergency Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement between Debtors and Arena and (II) Granting Related Relief*, attached hereto as **Exhibit B** (the "**Declaration**").

### Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

7. Commencing August 3, 2020 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

A. **WD 85/86 Operating Agreement**

9. Fieldwood Energy LLC ("**Fieldwood Energy**") and Fieldwood Energy SP LLC ("**Fieldwood SP**" and, together with Fieldwood Energy, "**Fieldwood**") and Arena Energy, LP are parties to several agreements concerning the operation of and production from certain wells located on the West Delta 86 field in the Gulf of Mexico. These agreements provide for the allocation of Lease Operating Expenses ("**LOE**") relating to fields in which Fieldwood is an operator and Arena is a non-operator. As set forth in the WD 85/86 Operating Agreement, Arena agreed to pay Fieldwood for Arena's proportional share of operating and drilling expenses relating to all wells in which Arena holds an ownership interest as a non-operator. The WD 85/86 Operating Agreement further provides that all charges, credits, and accounting for expenditures shall be pursuant to the offshore accounting practices published by the Council of Petroleum Accountants Societies, Inc. ("**COPAS**").

B. **Audit of Expenses Under WD 85/86 Operating Agreement**

10. Arena undertook an audit of the allocation of LOE for the West Delta 86 field from 2014 to 2016. Arena challenged that allocation arguing that a different methodology should be used to allocate the LOE.

11. In response to Arena's audit, Fieldwood undertook to reallocate the LOE by using a different methodology it believed appropriately reflected the terms of the underlying agreement. On December 28, 2017, Fieldwood issued invoices to Arena rebilling the correct LOE

4

for West Delta 86 for 2014, 2015, and 2016. As a result of the reallocations, Arena's balance increased by $1,937,021.79 for the West Delta 86 field. Arena disputed Fieldwood's methodology for reallocations and asserted that it only owed Fieldwood $79,993.

12. On April 19, 2018, Fieldwood issued an audit reply to Arena's January 24, 2017 audit ("**Audit 1**") and June 22, 2017 audit ("**Audit 2**") reports. On September 11, 2018, Fieldwood completed the reallocation of the LOE for 2017 and issued invoices for the West Delta 86 field.

C. **Arena's Chapter 11 Cases**

13. On August 20, 2020, Arena and its affiliated debtors and debtors in possession each commenced with this Court a voluntary case for relief under the Bankruptcy Code, which chapter 11 cases were consolidated for procedural purposes only under the lead case styled: *In re Arena Energy, LP, et al.*, Case No. 20-34215.

14. On September 18, 2020, Fieldwood filed its *Objection of Fieldwood to Confirmation of the Joint Prepackaged Chapter 11 Plan of Arena Energy, LP, and its Debtor Affiliates* (Docket No. 189), primarily objecting to Arena's proposed cure costs for assuming the WD 85/86 Operating Agreement. Fieldwood also filed proofs of claim numbers 11 and 12 (the **"Proofs of Claim"**) in Arena's chapter 11 cases asserting an aggregate claim amount of $2,132,788.41, the vast majority of which consisted of Fieldwood's cure claim for assumption of the WD 85/86 Operating Agreement.

15. On September 25, 2020, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Debtors' Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* (Docket No. 255) (the "**Arena Confirmation Order**") approving the *Disclosure Statement Relating to the*

*Debtors' Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code* (Docket No. 13) and confirming the *Debtor's Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code* (Docket No. 12) (with all supplements and exhibits thereto, the "**Arena Plan**"). The Arena Plan became effective on September 30, 2020 (the "**Arena Plan Effective Date**").

16. The Parties agreement to work in good faith to resolve Fieldwood's cure claims was memorialized in the Arena Confirmation Order. Paragraph 46 of the Arena Confirmation Order provided that all agreements between Arena and Fieldwood, including the WD 85/86 Operating Agreement, shall be assumed pursuant to the Arena Plan on the Arena Plan Effective Date. Paragraph 47 of the Arena Confirmation Order stated that Arena asserted that the cure costs (the "**Cure Costs**") owed by Arena to Fieldwood under the WD 85/86 Operating Agreement were zero dollars ($0.00). Fieldwood disagreed with the proposed Cure Costs and asserted that the Cure Costs owed under the WD 85/86 Operating Agreement were approximately $2,039,126.90, plus interest, attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts (the "**Cure Dispute**").

17. The Parties submitted a scheduling order that the Bankruptcy Court entered on February 5, 2021 (Docket No. 389) setting dates and deadlines governing the discovery process and briefing schedule to resolve the Cure Dispute.

**D.      Settlement Agreement**

18. The Parties agreed to participate in a non-binding mediation to resolve the Cure Dispute with the Honorable Christopher M. Lopez, United States Bankruptcy Judge, serving as mediator, and such mediation began on February 5, 2021, and finished on February 10, 2021 (the "**Mediation**").

19. Following the conclusion of the Mediation, the Parties executed the Settlement Agreement,[3] which is conditioned upon entry of the Proposed Order and provides for, among others, the following key terms:

   i. The total Cure Costs are $850,000, and the Cure Costs shall be paid by Arena to Fieldwood within ten (10) business days of this Court's approval of the Settlement Agreement.

   ii. Upon this Court's approval of the Settlement Agreement, Arena releases $30,376.20 of amounts owed by Fieldwood to Arena (the "**Partial Release of Claims**") relating to invoice Nos. 135579, 135580, 135581, 136190, 136191, 136192, 136786, 136787, 136788, and 137409.

   iii. Upon this Court's approval of the Settlement Agreement, Arena withdraws and forever waives, solely as to Fieldwood and its affiliates, all claims relating to the invoice numbered MI669LEG dated October 16, 2020, which is described as MI 669 Liftboat Leg Removal, and was invoiced by Arena to Fieldwood for a total amount of $240,635.90 (the "**Waiver of Leg-Retrieval Claim**").

   iv. Arena shall pay all other outstanding postpetition amounts due to Fieldwood as of the Settlement Effective Date (and within normal trade terms) within ten (10) business days of this Court's approval of the Settlement Agreement.

   v. Except as provided in the Settlement Agreement, the Parties provided mutual releases of all claims with respect to the Proofs of Claim, the Cure Costs, the assumption of the Assumed Contract, the Cure Dispute, the Partial Release of Claims, the Waiver of Leg-Retrieval Claim, or arising from or related to the facts asserted in the Proofs of Claim, the Cure Dispute, or otherwise in connection with the assumption of the WD 85/86 Operating Agreement.

### Basis for Relief

**A.  Consummating the Settlement Agreement Is a Sound Exercise of Debtors' Business Judgment.**

---

[3] The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to the Settlement Agreement attached to the Proposed Order as **Exhibit 1**. In the event of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls in all respects.

20. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. The Fifth Circuit recognizes that a debtor may use property of the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); *In re ASARCO LLC*, 441 B.R. 813, 830 (Bankr. S.D. Tex. 2010); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005).

21. The Debtors respectfully submit that the Settlement Agreement represents a fair and reasonable compromise that is in the best interest of the Debtors' estates and its creditors. ***First***, the Settlement Agreement resolves significant commercial disputes between the Parties by providing that Arena will (i) pay Fieldwood $850,000 in cash and (ii) waive and release approximately $30,000 in undisputed, postpetition amounts owed by Fieldwood to Arena. ***Second***, the Settlement Agreement avoids costly and protracted litigation over the cure costs owed to Fieldwood in Arena's chapter 11 cases, which would likely involve extensive discovery and require expert witness testimony relating to COPAS accounting procedures. ***Third***, the Settlement Agreement resolves a disputed claim whereby Arena asserts that Fieldwood is liable for approximately $240,000 for the removal of a lift boat leg that was left on the sea bottom (the "**Leg Retrieval Claim**") and that such claim should be entitled to administrative expense status in these chapter 11 cases. Although Fieldwood disputes liability and asserts that, in any event, such claim

should not be afforded administrative expense status, the Settlement Agreement potentially avoids significant estate costs and resources that would have been required to defend a motion seeking payment on account of Arena's Leg Retrieval Claim as an administrative expense. **Fourth**, the Settlement Agreement provides Fieldwood with assurances that Arena will pay all postpetition amounts due to Fieldwood as of the Settlement Effective Date (and within normal trade terms) within ten (10) business days of this Court's approval of the Settlement Agreement, which the Debtors estimate total approximately $677,125.47.

22. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order and authorize the Debtors to enter into and perform under the Settlement Agreement, as such action is a reasonable exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, and all other stakeholders in these chapter 11 cases.

    **B.**    **The Settlement Agreement Satisfies Bankruptcy Rule 9019 and Should Be Approved.**

23. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Age Refin. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, "approval of a compromise is within the sound discretion of the bankruptcy court." *See U.S. v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984). Settlements are considered a "normal part of the process of reorganization" and "a desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

24. The Fifth Circuit sets forth a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. *Id.* The factors the Court considers are:

"(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise." *See Age Refin. Inc.*, 801 F.3d at 540 (internal citations omitted).

25. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Id.; Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540 (citations omitted); *Foster Mortg. Corp.*, 68 F.3d at 918.

26. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

27. The Settlement Agreement clearly meets these standards. After fully evaluating all aspects of the Settlement Agreement with the assistance of counsel, including the risks, expenses, and uncertainty of litigating the Cure Dispute in Arena's chapter 11 cases and Arena's Leg Retrieval Claim in these chapter 11 cases, the Debtors determined that entry into the Settlement Agreement is fair, reasonable, and in the best interest of the Debtors' estates. Pursuant to the Settlement Agreement, the Debtors are receiving approximately $880,000 in consideration ($850,000 in cash and waiver of approximately $30,000 in undisputed, post-petition amounts owed

by Fieldwood to Arena), waiver of a disputed $240,000 claim, and Arena's commitment to pay all other postpetition amounts due to Fieldwood within ten (10) business days of this Court's approval of the Settlement Agreement. As discussed above, in light of the risks and costs of litigating these disputes with Arena, the Debtors submit that the Settlement Agreement is fair and reasonable.

## Notice

28.     Notice of this Motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

29.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as it deems just and appropriate.

Dated: April 8, 2021
       Houston, Texas

                Respectfully submitted,

                */s/ Alfredo R. Pérez*
                WEIL, GOTSHAL & MANGES LLP
                Alfredo R. Pérez (15776275)
                700 Louisiana Street, Suite 1700
                Houston, Texas 77002
                Telephone: (713) 546-5000
                Facsimile: (713) 224-9511
                Email: Alfredo.Perez@weil.com

                -and-

                WEIL, GOTSHAL & MANGES LLP
                Matthew S. Barr (admitted *pro hac vice*)
                Jessica Liou (admitted *pro hac vice*)
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007
                Email: Matt.Barr@weil.com
                        Jessica.Liou@weil.com

                *Attorneys for Debtors*
                *and Debtors in Possession*

## Certificate of Service

    I hereby certify that, on April 8, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Alfredo R. Pérez*
                                              Alfredo R. Pérez