# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __Texas__

In re __Fieldwood Energy, LLC__
             Debtor

*(Complete if issued in an adversary proceeding)*

_____
            Plaintiff
               v.
_____
            Defendant

Case No. __20-33948__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Apache Corp. FRCP 30(b)(6) Designee__
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Zoom invitation to be provided to your attorney Robin Russell prior to the deposition | May 10, 2021 at 1:00 p.m. (CST) |

The deposition will be recorded by this method: **Stenographically**

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
    See attached Rider for Deposition Topics and Documents to be Produced.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __4/21/21__

               CLERK OF COURT
                                                OR
_____          __/s/ Darren Grzyb__
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Everest Reinsurance Company, Berkley Insurance Company, Sirius America Insurance Company, Aspen American Insurance Company _____ , who issues or requests this subpoena, are:

Darren Grzyb - One Boland Drive, West Orange NJ 07052 - dgrzyb@csglaw.com - 973-530-2077

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

***Please note that pursuant to FRCP 30(b)(6) you have a duty to confer in good faith with the party serving this subpoena after receipt of the subpoena to discuss the matters for examination and the designated person(s) who will testify on behalf of Apache.

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: Apache Corp.
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: 2000 Post Oak Blvd., Suite 100 Houston, TX 77056
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Rider

Definitions[1]

1. "Communication" means, without limitation, letters; faxes; e-mail messages; conversations; and transmissions of ideas, information, or thoughts whether written, verbal, or otherwise.

2. "Document" means any and all paper records, files, and/or other tangible media in which information is maintained, preserved, or stored. The term "Document" includes, but is not limited to, all written or graphic material of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including, but not limited to. Communications, correspondence, letters, facsimiles, e-mails, memoranda, notes, contracts, agreements, releases, statements, reports, spreadsheets, data compilations, writings, photographs, drawings, graphs, charts, films, printouts, transcripts, calendars, appointment books, diaries, licenses, telegrams, books, newspapers, magazines, advertisements, periodicals, bulletins, maps, brochures, circulars, notices, pamphlets, rules, regulations, directives, teletype messages, voice messages, instant messages, meeting minutes, interoffice communications, financial statements, ledgers, books of account, proposals, software, hardware, prospectuses, offers, orders, receipts, working papers, time sheets, logs, movies, audio or video tapes and recordings, CD-ROMs, DVD-ROMS, microfilm, or any other materials similar to any of the foregoing, however denominated. The term "Document" includes any and all non-identical copies of a document, which contain additional writing, underlining, notes, deletions, or any other markings or notations, or which otherwise are not identical copies of the original document. The term "Document" includes any and all attachments and enclosures to any and all documents containing information responsive to the Discovery Requests. In addition, any "Document" Concerning only in part of the subjects of the Discovery Requests is covered in its entirety by this definition.

3. "Farmout Agreement" means the Farmout Agreement included in the Apache Term Sheet Implementation Agreement.

4. "Joint Development Agreement" means the document referenced in the Standby Loan Agreement at page 6.

5. "Related to" means concerning, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

6. "Standby Credit Facility" means the Standby Credit Facility that Apache is providing to FWE I pursuant to the Standby Loan Agreement.

7. "Standby Loan Agreement" means the Standby Loan Agreement included in the Apache Term Sheet Implementation Agreement.

---

[1] Definitions not provided herein shall be defined as set forth in the Plan and associated documents.

8. "Transition Services Agreement" means the Transition Services Agreement included in the Apache Term Sheet Implementation Agreement under which the Credit Bid Purchaser will provide transition services to FWE I.

Topics for Examination

1. Go forward plans for FWE I, including decommissioning plans, capital projects and plans to obtain new bonding.

2. All communications between Apache, Fieldwood and/or the secured lenders related to FWE I, including all negotiations related to the creation of FWE I and subsequent discussions and negotiations related to FWE I.

3. Any studies, analyses or financial projections conducted by Apache or on Apache's behalf related to FWE I.

4. Apache's intent with respect to the Standby Credit Facility and use of the funds thereunder.

5. Apache's intent with respect to the Farmout Agreement.

6. Apache's intent with respect to the Joint Development Agreement.

7. Apache's intent with respect to the Transition Services Agreement.

8. Marketing efforts for the FWE I Assets and any communications between Apache and prospective purchasers and/or parties that are asserting a right of first refusal with respect to any of the FWE I Assets.

9. Communications between Apache and the government related to the use of the BOEM surety bonds for the Legacy Apache Properties.

10. Apache's intent with respect to the BOEM surety bonds for the Legacy Apache Properties.

11. Apache's intent with respect to the Trust A surety bonds and Trust A Cash.

Documents to be Produced

1. All documents reflecting go-forward plans for FWE I, including decommissioning plans, intended capital projects and plans to obtain new bonding.

2. All documents reflecting Apache internal communications or communications with third parties regarding FWE I.

3. All studies, analyses, or financial projections related to FWE I.

4. A copy of the Joint Development Agreement.

5. All documents related to the existing surety bonds for the Legacy Apache Properties, including all documents related to FWE I's indemnity obligations to the surety companies.

6. All documents reflecting offers received by Apache for the purchase of any of the Legacy Apache Properties from March 2020 to the present, and all responsive documents.

7. All documents reflecting assertions of rights of first refusal received by Apache related to any of the Legacy Apache Properties from March 2020 to the present, and all responsive documents.