

ENTERED
04/22/2021

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
BY AND AMONG THE DEBTORS, THE PREPETITION
AGENTS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EXTENDING THE CHALLENGE PERIOD AS TO PRESERVED CLAIMS**

The above-captioned debtors and debtors in possession (the "***Debtors***"), Goldman Sachs Bank USA, Cortland Capital Markets Services LLC, and Cantor Fitzgerald Securities, as Prepetition Agents[2] (collectively, the "***Prepetition Agents***"), and the Official Committee of Unsecured Creditors (the "***Committee***," and together with the Debtors and Prepetition Agents, the "***Parties***") hereby stipulate and agree (this "***Stipulation and Agreed Order***") by and through their respective undersigned counsel to the following:

## RECITALS

WHEREAS, on August 3, 2020 and August 4, 2020 (the "***Petition Dates***"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Final DIP Order (as defined below) or the Second Stipulation (as defined below), as applicable.

"**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**");

WHEREAS, on August 5, 2020, the Court entered the *Interim Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 58];

WHEREAS, on August 18, 2020, the United States Trustee filed the *Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 183] establishing the Committee pursuant to section 1102 of the Bankruptcy Code;

WHEREAS, on September 15, 2020, the Court entered the *Final Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* [Docket No. 346] (the "**Final DIP Order**");

WHEREAS, the Final DIP Order approved and made binding on the Debtors certain stipulations regarding, among other things, the validity, perfection, and priority of the Prepetition Liens (collectively, the "**Debtors' Stipulations**");

WHEREAS, paragraph 23 of the Final DIP Order requires, among other things, that any party in interest wishing to challenge the Debtors' Stipulations, including the Committee, must commence a contested matter or adversary proceeding within the seventy-five day period following entry of the Final DIP Order;

NY 78389104V2

WHEREAS, on November 25, 2020, the Court entered the *Stipulation and Agreed Order Extending the Official Committee of Unsecured Creditors' Challenge Period Under the Final DIP Order* [Docket No. 603] (the "**First Stipulation**"), which extended the Challenge Period for the Committee to and including December 18, 2020;

WHEREAS, on December 21, 2020, the Court entered the *Stipulation and Agreed Order Extending the Official Committee of Unsecured Creditors' Challenge Period Under the Final DIP Order* [Docket No. 680] (the "**Second Stipulation**"), which extended the Challenge Period for the Committee solely in respect of Preserved Claims (as set forth in the Second Stipulation) to and including February 8, 2021;

WHEREAS, on February 8, 2021, the Court entered the *Stipulation and Agreed Order Extending the Official Committee of Unsecured Creditors' Challenge Period Under the Final DIP Order* [Docket No. 867] (the "**Third Stipulation**"), which extended the Challenge Period for the Committee solely in respect of Preserved Claims (as set forth in the Second Stipulation) to and including February 26, 2021;

WHEREAS, on March 5, 2021, the Court entered the *Stipulation and Agreed Order Extending the Official Committee of Unsecured Creditors' Challenge Period Under the Final DIP Order* [Docket No. 945] (the "**Fourth Stipulation**"), which extended the Challenge Period for the Committee solely in respect of Preserved Claims (as set forth in the Second Stipulation) to and including March 12, 2021;

WHEREAS, on March 19, 2021, the Court entered the *Stipulation and Agreed Order By and Among the Debtors*, t*he Prepetition Agents and the Official Committee of Unsecured Creditors Extending the Challenge Period as to Preserved Claims* [Docket No. 1071] (the "**Fifth**

NY 78389104V2

*Stipulation*"), which extended the Challenge Period for the Committee solely in respect of Preserved Claims (as set forth in the Second Stipulation) to and including March 26, 2021;

WHEREAS, on March 29, 2021, the Court entered the *Stipulation and Agreed Order By and Among the Debtors*, t*he Prepetition Agents and the Official Committee of Unsecured Creditors Extending the Challenge Period as to Preserved Claims* [Docket No. 1184] (the "**Sixth Stipulation**"), which extended the Challenge Period for the Committee solely in respect of Preserved Claims (as set forth in the Second Stipulation) to and including April 21, 2021;

WHEREAS, the Debtors, Prepetition Agents, on behalf of themselves and the other Prepetition Secured Parties, and the Committee have agreed to stipulate that the Challenge Period, for the Committee only, shall be extended solely with respect to the Preserved Claims, as more fully set forth herein; and

WHEREAS, this Stipulation and Agreed Order has been negotiated in good faith and at arm's length between the Parties, each of which has been represented by counsel.

NOW, THEREFORE, the Parties stipulate, acknowledge and agree as follows:

1. <u>Committee Challenge Period</u>. Upon execution of this Stipulation and Agreed Order, the Challenge Period for the matters designated as Preserved Claims in Paragraph 1 of the Second Stipulation, shall be extended to June 16, 2021, solely for the Committee. The Challenge Period for the Preserved Claims with respect to the Committee may be further extended to such later date (i) as has been agreed to in writing by the Prepetition Agents (with the consent of the DIP Lenders), or (ii) as has been ordered by the Bankruptcy Court for cause upon a motion filed and served prior to the expiration of the Challenge Period. Notwithstanding anything otherwise set forth herein or in the Second Stipulation, (i) the Committee reserves the right to assert that one or more of the Preserved Claims or any other potential claims against the Prepetition

Secured Parties or their Representatives are not the subject of stipulations, admissions, agreements and releases of the Debtors contained in the Final DIP Order and (ii) the Debtors and the Prepetition Secured Parties reserve the right to object to or oppose any such assertion.

2. <u>Prepetition Secured Parties' Rights, Claims, and Defenses Preserved</u>. This Stipulation and Agreed Order shall have no effect or bearing on any of the Prepetition Secured Parties' rights, claims, or defenses with respect to (i) any of the Preserved Claims or any other potential claims against the Prepetition Secured Parties or their Representatives (the "**Potential Claims**") or (ii) contesting the Preserved Claims or the Potential Claims, including without limitation whether any of the Prepetition Liens are avoidable, which rights, claims, and defenses are preserved in all respects.

3. <u>Adequate Protection</u>. This Stipulation and Agreed Order shall have no effect or bearing on the scope of any liens or claims of the Prepetition Secured Parties with respect to the adequate protection liens or claims arising in connection with these Cases, all of which shall be governed by the Final DIP Order.

4. <u>Debtor-in Possession Financing</u>. This Stipulation and Agreed Order shall have no effect or bearing on the DIP Collateral, DIP Liens or the DIP Obligations, all of which shall be governed by the Final DIP Order.

5. <u>DIP Order and Second Stipulation Otherwise Unmodified</u>. Except as expressly set forth herein, this Stipulation and Agreed Order shall not modify or have any effect upon the Final DIP Order or the Second Stipulation. Notwithstanding anything to the contrary herein, this Stipulation and Agreed Order shall not extend the Challenge Period for any party other than the Committee and, with respect to the Committee, will extend the Challenge Period only for the Preserved Claims.

NY 78389104V2

6. <u>Applicable Law</u>. This Stipulation and Agreed Order shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of New York.

7. <u>Entire Agreement</u>. This Stipulation and Agreed Order constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation and Agreed Order cannot be amended except by an authorized agreement in writing between the Parties.

8. <u>Representations and Warranties</u>. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

9. <u>Construction</u>. This Stipulation and Agreed Order shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and Agreed Order and all matters covered by it.

10. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and Agreed Order and the determination of any matters relating to or arising from this Stipulation and Agreed Order or the implementation thereof.

11. <u>Manner of Execution</u>. This Stipulation and Agreed Order may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

Signed: April 21, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

APPROVED AS TO FORM AND SUBSTANCE BY:

*/s/ Bradley Foxman*

Bradley Foxman, Esq. (TX Bar No. 24065243)
Bill Wallander, Esq. (TX Bar No. 20780750)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile:  (214) 999-7844
Email: bwallander@velaw.com
          bfoxman@velaw.com

*Counsel to the Prepetition FLFO Agents*

*/s/ Charles A. Beckham*

Charles A. Beckham, Jr., Esq. (TX Bar No. 02016600)
Martha Wyrick, Esq. (TX Bar No. 24101606)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile:  (713) 547-2600
Email: charles.beckham@haynesboone.com
　　　　martha.wyrick@haynesboone.com

- and –

Kathleen M. LaManna, Esq. (admitted *pro hac vice*)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Facsimile:  (860) 251-5212
Email: klamanna@goodwin.com

*Counsel to the Prepetition FLTL Agent*

NY 78389104V2

*/s/ Phillip W. Nelson*

Phillip W. Nelson, Esq. (admitted *pro hac vice*)
**HOLLAND & KNIGHT LLP**
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: (312) 263-3600
Facsimile:  (312) 578-6666
Email: Phillip.Nelson@hklaw.com

*Counsel to the Prepetition SLTL Agent*

NY 78389104V2

*/s/ Alfredo R. Pérez*

Alfredo R. Pérez (15776275)
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
          Clifford.Carlson@weil.com

– and –

Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
          Jessica.Liou@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

*/s/ Michael D. Warner*

Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES**
440 Louisiana Street
Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9401
Email: mwarner@pszjlaw.com
       bwallen@pszjlaw.com

- and –

Kristopher M. Hansen, Esq. (admitted *pro hac vice*)
Kenneth Pasquale, Esq. (admitted *pro hac vice*)
Sherry J. Millman, Esq. (admitted *pro hac vice*)
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile:  (212) 806-6006
Email: khansen@stroock.com
       kpasquale@stroock.com
       smillman@stroock.com

*Counsel for the Official Committee of Unsecured Creditors*