1          IN THE UNITED STATES BANKRUPTCY COURT

2          FOR THE SOUTHERN DISTRICT OF TEXAS

3                  HOUSTON DIVISION

4
IN RE:                        §    CASE NO. 20-33948-11
5                             §
FIELDWOOD ENERGY, LLC,        §    HOUSTON, TEXAS
6  ET AL,                     §    FRIDAY,
                              §    APRIL 14, 2021
7          DEBTORS.           §    2:30 P.M. TO 3:21 P.M.

8
                   MOTION HEARING (VIA ZOOM)
9

10          BEFORE THE HONORABLE MARVIN ISGUR
                UNITED STATES BANKRUPTCY JUDGE
11

12     APPEARANCES:                   SEE NEXT PAGE

13      (RECORDED VIA COURTSPEAK; NO LOG NOTES)

14

15

16

17

18

19

20

21                TRANSCRIPTION SERVICE BY:

22          JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                935 Eldridge Road, #144
23              Sugar Land, TX  77478
                    281-277-5325
24           www.judicialtranscribers.com

25     Proceedings recorded by electronic sound recording;
          transcript produced by transcription service.

```
1                          APPEARANCES

2   For the Debtors:              WEIL GOTSHAL & MANGES LLP
                                  Alfredo R. Perez, Esquire
3                                 Clifford Carlson, Esquire
                                  Jessica Liou, Esquire
4                                 700 Louisiana, Ste. 1700
                                  Houston, Texas 77002
5                                 713-546-5040

6   For Zurich American          CLARK HILL STRASBURGER
    Insurance Company            Duane Brescia, Esquire
7                                720 Brazos St., Ste. 700
                                 Austin, Texas 78701
8                                512-499-3619

9   For Everest, Berkley, Aspen  CHIESA SHAHINIAN & GIANTOMASI
    and Sirius                   Scott A. Zuber, Esquire
10                               One Boland Drive
                                 West Orange, New Jersey 07052
11                               973-325-1500

12  For Freeport-McMoRan         LOCKE LORD, LLP
    and ConocoPhilips            Omer F. Kuebel, III, Esquire
13                               Philip Eisenberg, Esquire
                                 601 Poydras St., Ste. 2660
14                               New Orleans, LA 70130
                                 504-558-5100
15
    For W&T Offshore             LOCKE LORD, LLP
16  and Merit                    Philip Eisenberg, Esquire
                                 600 Travis, Suite 2800
17                               Houston, Texas 77002
                                 713-226-1304
18
    For Japex (U.S.) Corp.       WINSTEAD PC
19                               Sean Davis, Esquire
                                 600 Travis St., Ste. 5200
20                               Houston, Texas 77002
                                 713-650-2742
21
    For Apache Corporation       HUNTON ANDREWS KURTH, LLP
22                               Robin Russell, Esquire
                                 600 Travis St., Ste. 4200
23                               Houston, Texas 77002
                                 713-220-4200
24
    Also Attending              MICHAEL DANE
25
    (Please also see Electronic Appearances.)
```

INDEX

WITNESSES:                                                    Page

MICHAEL DANE
(Testimony by proffer from Mr. Perez)                          28


EXHIBITS:                              Marked   Offered   Received

Debtors' Exhibits No. 1261 1-16                                27*
Debtors' Exhibit at Docket No. 1270                            27

*Admitted solely for purposes of the Disclosure Statement
 Hearing

1        HOUSTON, TEXAS; FRIDAY, APRIL 9, 2021; 2:30 P.M.

2            THE COURT:  All right, we're going to start the

3    Fieldwood Energy case.  It's case 20-33948.  Two opening

4    matters.  First, a statement by the Court.  All objections

5    to confirmation are preserved.  No objection will be waived

6    by anyone by not speaking today.  No one needs to state that

7    they are reserving their objections to confirmation.  They

8    are all reserved.

9            There's nothing in any order that we might sign if

10   we approve the Disclosure Statement, or in the Disclosure

11   Statement, that if it can be interpreted to mean that anyone

12   waives a confirmation objection, I will enforce.  Nothing is

13   going to get waived.

14            Second, I'm going to ask Mr. Perez to tell me

15   where the Debtor perceives we are, and if anyone has any

16   problem with what Mr. Perez says, I'll then make another

17   statement.

18            Mr. Perez, go ahead, please.

19            MR. PEREZ:  Good afternoon, Your Honor.  Alfredo

20   Perez on behalf of the Debtors.  Your Honor, I think we've

21   made very significant progress and I think we may be just

22   down to a -- even a handful, maybe less.

23            Ms. Liou and Mr. Carlson were going to take the

24   lead with respect to that, but I think we've made very,

25   very significant progress with respect to the Disclosure

1   Statement objections.  And obviously, many parties, as the

2   Court indicated, are reserving rights, and obviously we

3   agree with that and we would have noted so on the record,

4   Your Honor.

5           THE COURT:  Yeah, just to be clear --

6           MR. PEREZ:  So if I could start --

7           THE COURT:  Just to be clear, it's not "many"

8   parties, it's "all" parties.

9           MR. PEREZ:  Correct, Your Honor.  Even for all of

10  the parties, we would -- we would agree to the reservation

11  of rights.

12          THE COURT:  All right.

13          MR. PEREZ:  So if Ms. Liou could actually step in,

14  that would be very helpful.

15          THE COURT:  Well, before we start with Ms. Liou,

16  if there's anyone that wishes to make any statement as an

17  initial matter, as I was enabling you to do, you're free to

18  do that.  You'll need to press five-star one time on your

19  phone.  And then we can go to Ms. Liou, depending upon how

20  that goes.

21          All right, Ms. Liou, I'm about to enable your

22  line, here.  There is no other party that has asked to

23  speak today.  We have, by the way, for any record done,

24  electronic appearances.  If you haven't made your electronic

25  appearance, please feel free to go to my home page and

1  you'll be able to have a link to the electronic appearances

2  there.

3           Ms. Liou, go ahead, please.

4           MS. LIOU:  Good afternoon, Your Honor.  Jessica

5  Liou from Weil Gotshal & Manges, on behalf of the Debtors,

6  Fieldwood Energy, LLC and its affiliated Debtor entities.

7           I'll echo what Mr. Perez said.  Since the initial

8  Disclosure Statement hearing, we've undertaken very

9  significant and continued efforts to collaborate with key

10 stakeholders, a number of parties in providing additional

11 responsive information to resolve their objections, and

12 granted access to additional information requested by

13 those parties.

14          And you would have seen that we have filed

15 documents since that hearing, which provides some updates to

16 the documents as a result of those discussions.  I'll just

17 briefly, for the record, refer to them as the Fourth Amended

18 Plan that was filed last Friday at Docket No. 1252, along

19 with a related redline at 1253.

20          Also the Disclosure Statement for the Fourth

21 Amended Plan filed last Friday, and the Amended Disclosure

22 Statement that further updates and brings forth additional

23 information and language that was requested by parties to

24 be included in the Disclosure Statement, which was filed

25 ultimately this morning at Docket No. 1270 with a redline

1   at Docket No. 1271.

2          We also filed an updated Disclosure Statement

3   approval order with just minor changes, mostly changes

4   to conform to -- subject to just a handful of proposed

5   deviations to your Judge's Scheduling Order.  And that

6   was filed at Docket No. 1268.

7          Your Honor, I apologize that we weren't able to

8   file anything in advance that kind of gives you a summary of

9   where we are currently with the various objectors.  But what

10  we have done is prepared a very easy-to-follow single

11  summary status sheet that sets forth where we are with

12  the various parties.  And if you would allow for Anthony

13  Marzocca of our team to be able to share the screen, he

14  can pull that up for you and we can run through that very

15  quickly.

16          THE COURT:  I'll do that in just a second.

17  Mr. Brescia has asked to be able to speak.

18          Mr. Brescia, go ahead, please.

19          MR. BRESCIA:  Thank you, Your Honor.  This

20  is Duane Brescia for Zurich American Insurance Company.

21  I think the Court's request was:  Is there any initial

22  comments?  I'm happy to let Ms. Liou, you know, finish her

23  presentation.  We just do have a couple questions and

24  comments about the Disclosure Statement, so I'll just

25  reserve that until she's finished.  Thank you, Your Honor.

1          THE COURT:  All right, thank you.  I will leave

2    your line alive.  If you'll just mute your own line, you can

3    speak up when you're ready.  Ms. Brescia [sic], if you could

4    have your team member turn their camera on, I'll be able to

5    find them more easily that way.

6          Ahh, there he is.  Mr. Marzocca, I just didn't see

7    you at first.  You are now the presenter.  Let's be sure

8    that all works.

9          Ms. Liou, I can't hear you.

10          MS. LIOU:  Yes.  Sorry about that, Your Honor.

11    I was on mute.  Hopefully everyone can see the screen.  And,

12    again, apologies we weren't able to file this earlier.  In

13    fact, we were in active discussions with practically all of

14    these parties.  And, as you can imagine, the status of the

15    various objections was changing hour-by-hour.  And so we

16    thought it made the most sense to just come with the most

17    up-to-date information for purposes of this hearing by

18    presenting this one-pager.

19          You will see, Your Honor, that a number of the

20    objections were formally withdrawn, as reflected in the

21    first category here on this page.  We've also, as Mr. Perez

22    mentioned, spoken with a number of other objectors -- twelve

23    parties in total, and there may be more as we were in

24    ongoing discussions with a number of them as we were headed

25    into this hearing -- where the parties have either

1  considered their objections resolved in light of the

2  additional information we've provided, both in connection

3  with the filed documents and in formal and informal

4  discovery.

5          And there are a couple of parties, while not

6  prepared to frame their objections as resolved, have

7  confirmed to us that they will not be pressing those

8  objections at today's hearing.  And that includes, for

9  example, the Department of Interior, as well.  So I just

10 want to point that out.

11         We do have a group of sureties that we have been

12 in regular dialog with it.  And you may seen, Your Honor,

13 that we did have, on April 9th, a call with the sureties

14 to address a number of their concerns.  And as a result of

15 that, we think that we resolved a number of their concerns

16 but for perhaps maybe one or two issues which they may raise

17 at this hearing.

18         And then the last category of objectors were

19 objectors whom we had reached out to repeatedly and just

20 one way or another have not yet been able to receive

21 confirmation from them that their issues are resolved.

22 The Debtors' position, of course, is that with the

23 additional information provided, we have fully addressed

24 their concerns, and to the extent that their objections were

25 not resolved, we would ask if the Court would overrule them.

1          THE COURT:  All right.  Does it make some sense to

2   see if anyone not in the other category disagrees with where

3   you've placed them, and then we'll go through the -- one,

4   two, three, four -- the eight people in the other category

5   and ask anyone there what their current position is about

6   whether they intend to press their objections today or

7   whether their objections are going to be reserved for

8   confirmation.

9          So, unless you object to that, I'm going to ask

10  for anyone that is listed in any of the groups other than

11  the "other parties" to disagree with how Ms. Liou has

12  characterized you.  Please press five-star if you disagree

13  with her characterization.

14         Mr. Zuber, good afternoon.

15         (No response.)

16         THE COURT:  Mr. Zuber, I can't hear you, but I

17  have your line open from here.

18         MR. ZUBER:  Your Honor, can you hear me now?

19         THE COURT:  I can, Mr. Zuber.  Good afternoon.

20         MR. ZUBER:  Thank you.  Good afternoon.  Thank

21  you, Your Honor.  I just wanted to note, it indicates under

22  Sureties, nine parties.  The second one, Number 18, it says

23  Aspen but -- and that was probably the lead name, but we

24  represent four sureties, my office.  It's Aspen, Berkley,

25  Sirius and Everest Reinsurance.  So, I'm assuming that where

1   it says Aspen on Line 18, that would also include our other

2   three surety clients.  Just wanted to clarify that for the

3   record.

4             THE COURT:  Mr. Zuber, thank you.

5             MR. ZUBER:  Yes, Your Honor.

6             THE COURT:  Let me see if anyone else wants to

7   address anything.  From 504-908-5155, who do we have on the

8   phone?

9             MR. KUEBEL:  Good afternoon.  Omer Kuebel from

10  Locke Lord.  I'm speaking on behalf of Freeport-McMoRan and

11  ConocoPhilips just to kind of clarify our position.  And

12  we've been back and forth, but the Debtor supplied a

13  tremendous amount of information for us --

14            THE COURT:  Let me interrupt you for a minute

15  because you broke up in the beginning and I don't know who's

16  talking.  I'm sorry.

17            MR. KUEBEL:  Yeah.  Of course, Judge.

18            THE COURT:  Can you tell me your name?

19            MR. KUEBEL:  Yeah.  This is Omer F. Kuebel, III.

20            THE COURT:  Oh, Mr. Kuebel.

21            MR. KUEBEL:  Yes.  Thank you, Your Honor.

22            THE COURT:  You're at a different than normal

23  number, and so it didn't come up.

24            MR. KUEBEL:  I am at a different than normal

25  number today.  And I apologize, I hope that's not created

1   any confusion for the Court but I --

2           THE COURT:  No, no.  I just didn't know whose

3   voice I was hearing and you cut off in the beginning.  Why

4   don't you go ahead.  Thank you.

5           MR. KUEBEL:  Sure.  Thank you, Your Honor.  I'm

6   speaking on behalf of Freeport-McMoRan and ConocoPhilips,

7   two of the entities listed.

8           And we're at a point with the information that

9   we've received up to and through the last few days, to pull

10  back our Disclosure Statement objection, reserve our rights

11  to confirmation.  There are a couple of issues related to

12  Fieldwood 1 and 3 that the Debtor's aware of and we're going

13  to send some discovery on.

14          But for purposes of today, we have no objection

15  with proceeding, and I wanted to clarify our position for

16  the record, Your Honor.

17          THE COURT:  Mr. Huebel, thank for the

18  clarification.  I appreciate it and sorry I didn't pick

19  up on who you were in the very beginning.

20          MR. KUEBEL:  No problem.  Thank you, Your Honor.

21          THE COURT:  All right.  We have Ms. Williamson on

22  the phone.  Good afternoon, Ms. Williamson.

23          (No response.)

24          THE COURT:  Ms. Williamson, I don't hear you.

25  I have your line unmuted on my end.

1          MS. WILLIAMSON:  Your Honor, I apologize again.
2    But, Your Honor, Deborah Williamson with (indiscernible).
3    We are listed at Line 26 as "Other."
4          THE COURT:  Yes.
5          MS. WILLIAMSON:  We received some informal
6    clarifications as to the proposed treatment of our plan --
7    of our claim.  Obviously we dis -- well, we disagree with
8    the treatment of that claim, but for purposes of the
9    Disclosure Statement, we're not going to continue to object.
10         THE COURT:  Ms. Williamson, thank you for
11   clarifying that.
12         Mr. Eisenberg?
13         MR. EISENBERG:  Good afternoon, Your Honor.
14   Philip Eisenberg.
15         THE COURT:  Good afternoon.
16         MR. EISENBERG:  I rise -- we did file an objection
17   on behalf of W&T Offshore for purposes of the disclosure
18   hearing.  We will not be pursuing the matters.  We think
19   that they have been appropriately addressed through the
20   discovery procedure and the modifications that have been
21   made.  And we have been very busy.
22         I apologize for not getting back in touch with
23   them, for the sureties, and I will have a few comments to
24   make with regard to US Specialty and HCCI.  Thank you.
25         THE COURT:  Okay, thank you.

1         All right, Ms. Guffy?

2         MS. GUFFY:  I know Mr. Eisenberg sometimes

3  feels my thunder, Your Honor.  I was going to address the

4  objection that was filed by HCCI.  We had had some problems

5  with the voting procedures and needed some clarification on

6  that, but the changes to the Disclosure Statement I think

7  that the Debtors have made have clarified that issue with

8  regard to whether there's going to be some independent

9  adjudication by the Debtor of contingent claims, and there's

10 not.  So we appreciate their help in clarifying that, and

11 that part of our objection is resolved.

12         THE COURT:  Ms. Guffy, thank you.

13         I know I've got more people.  I'm just -- there

14 are two hundred and something people on the line; it will

15 take me a minute.  From 713-504-2261, who do I have?

16         MR. DAVIS:  Good afternoon, Your Honor.  Sean

17 Davis with Winstead PC on behalf of Japex (U.S.) Corp.

18 Can you hear me?

19         THE COURT:  I can, Mr. Davis, and I read your

20 objection this morning.

21         MR. DAVIS:  Thank you, Your Honor.  I rise

22 virtually only to make a brief comment.  Here in the last

23 few minutes, we have reached an agreement with the Debtors,

24 pursuant to which Japex considers its objection resolved,

25 the objection that was filed at Docket No. 1269.  And I just

1 wanted to make that clarification and announcement on the

2 record.  Thank you, Your Honor.

3            THE COURT:  Thank you, Mr. Davis.

4            All right.  So let me ask, then, COPC's attorney

5 to please press five-star one time on your phone.

6            MR. PEREZ:  Your Honor, I believe that was Mr.

7 Kuebel for ConocoPhilips, but I may be mistaken.

8            THE COURT:  Mr. Kuebel, did you include -- because

9 you were breaking up on me for a moment.  Did COPC not wish

10 to proceed with its Disclosure Statement objection?

11            MR. KUEBEL:  Yes.  Your Honor, can you hear me?

12            THE COURT:  I can.

13            MR. KUEBEL:  Yes.  Thank you, Your Honor.  Yeah,

14 I maybe did not put together the COPC versus ConocoPhilips,

15 but when I appeared earlier, it was both for Freeport

16 McMoRan and for ConocoPhilips.  And on behalf of

17 ConocoPhilips, ConocoPhilips is reserving its right.

18 And I apologize if I wasn't clear, and I --

19            THE COURT:  No, I just didn't follow -- I didn't

20 follow the initials, but we're good.  Thank you.

21            MR. KUEBEL:  Thank you, Your Honor.

22            THE COURT:  Does someone here represent Merit that

23 can press five-star?

24            MR. EISENBERG:  Your Honor, Philip Eisenberg on

25 behalf of Merit.  I should have rose for them as well, Your

1  Honor.  Their disclosure issues have been addressed for the

2  time being.  Thank you, Your Honor.

3          THE COURT:  Thank you, Mr. Eisenberg.

4          Next is SCEEP.  Can I get counsel for SCEEP to

5  press in, please?

6          (No response.)

7          THE COURT:  Ms. Liou, what does SCEEP stand for,

8  because obviously I'm not very good at figuring these out.

9          MS. LIOU:  Your Honor, I don't remember at

10  the moment, but I do want to speak up and say that I have

11  been emailing with their counsel and they have confirmed

12  that subject to their reservation of rights, they are --

13  their objection is resolved as well.  I'll let them speak up

14  to the extent that they disagree, but we just got that email

15  confirmation.

16          THE COURT:  I think that's Ms. Heyden.  Let me

17  see.  Ms. Heyden, good afternoon.

18          MS. HEYDEN:  Good afternoon, Your Honor.  I'm

19  sorry, I pressed five-pound.  Counsel represented our

20  position, and your reservation works perfectly for us.

21  Thank you, Your Honor.

22          THE COURT:  Ms. Heyden, I couldn't hear you.

23  I couldn't understand you.

24          MS. HEYDEN:  I can hold the phone closer to me.

25  Your Honor, we are -- the representation made by counsel

1   for the Debtor is correct.  We are simply reserving any

2   objections we have to the confirmation as you stated in

3   the beginning of the hearing, and so we are fine with the

4   Disclosure Statement.

5           THE COURT:  Ms. Heyden, thank you.

6           For LLOG, who do we have?

7           (No response.)

8           THE COURT:  Can I get LLOG's counsel?  And can you

9   tell me what LLOG stands for if it's not LLOG?

10          MR. LIOU:  I'm not -- I don't know if it stands

11  for anything other than -- we have been referring to them

12  as L-Log.

13          THE COURT:  All right.  Here we go.

14          All right.  From 504-289-7066, who do we have

15  on the phone?

16          MR. BAI:  Yes, Your Honor, this is John

17  Bai (phonetic).

18          THE COURT:  Mr. Bai, good afternoon.

19          MR. BAI:  Good afternoon.  And, Your Honor, we are

20  withdrawing our objection to the Disclosure Statement and

21  reserving our rights.

22          THE COURT:  All right.  So according to what

23  Ms. Liou presented, to which now no one has objected,

24  there are no outstanding Disclosure Statement objections.

25  So I want to take a moment and ask if anyone does have an

1   outstanding Disclosure Statement objection, just to be

2   sure we have a good record on that.

3          If you do, please press five-star.  Otherwise, I'm

4   going to allow the Debtors to present their *prima facie* case

5   for approval of the Disclosure Statement.

6          MR. BRESCIA:  Your Honor, this is Duane Brescia

7   for Zurich.  I was just kind of waiting for all the list to

8   speak up, but I would like to raise a couple points.  If I

9   may go ahead.

10         THE COURT:  Go ahead, please, Mr. Brescia.

11         MR. BRESCIA:  Okay.  Thank you, Your Honor.

12   For the record, Duane Brescia for Zurich, and I might be

13   speaking for my client and on behalf of some other sureties.

14         The Debtor has made substantial progress.  We

15   filed a number of objections, resolved I think almost all of

16   them with the caveat that, you know, some of the requested

17   disclosures, the Debtor has agreed to make the production to

18   us in the course of business under the scheduling order.

19   So for Disclosure Statement purposes, those requests are no

20   longer outstanding for today.

21         The final remaining issue that I have -- and I

22   did attempt to speak with Mr. Perez prior to this case.

23   I thought it was a fairly easy issue to resolve, but in the

24   course of our discussion it probably got a little more

25   complicated, and therefore I wanted to raise them today

1  because I think it can be resolved for Your Honor.

2        One of the issues that some of the sureties have

3  is the treatment of Apache Corporation.  They did file

4  several proofs of claim claiming to be secured creditors.

5  In various conversations with Debtors' counsel, it was

6  related to us that they believed that Apache will be

7  voting for this Plan as a general unsecured creditor

8  under Class 6B.

9        I just requested some clarification on the

10  Disclosure Statement of which one that's going to be.  And

11  in my conversation with Mr. Perez, he said that it's either

12  Class 1 or Class 6B, and I was hoping that we could get a

13  better clarification on that.

14        It does have implications for Plan objections

15  and other avenues that certain creditors, including my

16  client, may need to take.  And so if we could just get some

17  understanding, either on the record or in the Disclosure

18  Statement as to what class the Debtor intends to place

19  Apache and where they'll be voting and how they're to be

20  treated that way.

21        THE COURT:  Perhaps that's a question somewhat for

22  Ms. Russell as to how they'll be voting, and maybe she would

23  also know the classification issues.  So let me have you

24  start with her.

25        Ms. Russell, could you press five-star one time?

1   I see you.  Let me just get to you.  Ms. Russell, good

2   afternoon.

3           (No response.)

4           THE COURT:  I think your own phone is muted now.

5   I've got you unmuted.

6           MS. RUSSELL:  I'm sorry, Your Honor.

7           THE COURT:  That's all right.

8           MS. RUSSELL:  All this technology gets confusing.

9   Your Honor --

10           THE COURT:  It was a good clue because I could see

11   your lips moving, Ms. Russell.

12           MS. RUSSELL:  I spoke with Weil just before this

13   hearing.  Your Honor, I believe that we take the position

14   that we will be voting as an unsecured creditor.  There --

15   it is set forth in our proof of claim a placeholder

16   regarding surety, although it relates to bonds and

17   letters of credit, which are not assets of the estate.

18           So we were not secured by the Debtors' assets, but

19   we subtracted the value of what we hold in the bonds and

20   (audio cut out) and that will get to the amount of our

21   unsecured claim.  And we are working with the Debtor as to

22   the amount that will be voted, but I think that we can

23   address that and resolve it, Your Honor.

24           THE COURT:  Mr. Brescia, does that answer your

25   question?

1          MR. BRESCIA:  It sure does.  Thank you.

2          THE COURT:  Thank you, Mr. Brescia.  Anything

3    further from Zurich?

4          MR. BRESCIA:  Nothing further today, Your Honor.

5          THE COURT:  Thank you.  So, again, knowing that

6    at the beginning of the hearing, I reserved everybody's

7    confirmation objections, does anyone object to the

8    Disclosure Statement or for the Debtor merely presenting

9    their *prima facie* case in support of approval of it?

10          (No response.)

11          THE COURT:  All right.  I find that there are no

12    objections that are unresolved.

13          Ms. Liou, how did you want to proceed?

14          MS. LIOU:  Your Honor, I think there are a couple

15    of things that we'd like to accomplish, and we're happy to

16    take it how ever the Court wants.  But we're happy to run

17    through the redlines that we filed last night and this

18    morning, if it's at all helpful for the Court.

19          If not, I think we can just generally say that the

20    changes themselves are, you know, largely non-substantive

21    and related to updates and bringing the information forward,

22    as we had mentioned, and were made at the requests of the

23    various parties who had comments to some of those documents.

24    And so we tried to accommodate those comments.  But again,

25    we're happy to run through those redlines.

1         Mr. Perez also has Mr. Dane in the courtroom and
2  has evidence that can be presented in support of a *prima*
3  *facie* case in order to grant the Motion to Approve the
4  Disclosure Statement.  And other than that, you know, we
5  would rely on the legal arguments presented in our papers
6  in the original motion.
7         THE COURT:  So I want you to proceed how you want
8  to proceed, Ms. Liou.  If the parties -- really, those
9  redline changes, as I understand them -- and I've not looked
10 at all of them -- aren't deletions of information.  So there
11 was adequate information, I think, already there.
12        MS. LIOU:  Right.
13        THE COURT:  Given that all the objections are
14 withdrawn, if all that you're going to show me is:  Here's
15 why the objections were with drawn is because we added X, it
16 may or may not be a productive use of your time.  I've got
17 my afternoon set aside for it, and so it's up to you.
18        But if you think you need to do that for any
19 evidentiary reason, or to satisfy people that you really did
20 do what you said, then all those are good reasons to do it.
21 But if you're happy with where you are, then I'm not going
22 to require you to go through the redline.  It is not needed
23 by me, but it may be needed by you.
24        MS. LIOU:  Your Honor, I think that we believe
25 that the documents -- as you mentioned, they are in full

1  agreement that we believe that they were adequate.  We

2  didn't delete any information.  We updated information

3  and in fact added information, so I think it's more than

4  adequate at this point.

5        Perhaps the handful of things I would like

6  to highlight, Your Honor, only because it impacts the

7  scheduling order that you previously entered last week,

8  is that we did propose in our revised proposed Disclosure

9  Statement approval order, making clear the times by which

10 certain deadlines apply.

11       So, for example, the voting deadline in your

12 scheduling order did not have a time certain, and so we

13 added in 4:00 p.m., prevailing Central Time, as a time

14 certain so that parties are very clear as to when they

15 absolutely need to submit their ballots.  And that time

16 would provide Prime Clerk sufficient ability to count all

17 the ballots and then meet the rest of the deadlines that

18 the judge set -- that you set after --

19       THE COURT:  Yeah.  So what I'd suggest we do on

20 the order is, assuming we approve the Disclosure Statement

21 -- and it sounds like if you kept all these people happy, we

22 will.  At that point we'll open up the order, we'll take a

23 look at it on the screen, and we'll let people deal with the

24 order separately from whether the Disclosure Statement

25 itself is adequate.  So I would ask that you defer --

1              MS. LIOU:  Sure.

2              THE COURT:   -- defer that until we get to that

3    point.

4              MS. LIOU:  No problem.

5              THE COURT:  Thank you.

6              MS. LIOU:  So I guess that at this point I can

7    turn it over to Mr. Perez.

8              THE COURT:  Thank you.  Mr. Perez?

9              MR. PEREZ:  Yes, Your Honor.  Your Honor, I would

10   move for admission of Exhibits 1261-1 through 1261-14.

11             THE COURT:  Is there anyone that objects to

12   the admission, solely for the purpose of the Disclosure

13   Statement hearing and not for the purpose of confirmation

14   or other subsequent hearings, 1261-1 through 14 [sic]?

15             If so, please speak up if I've already opened your

16   line, or press five-star if I haven't.

17             MR. PEREZ:  Oh, I'm sorry, Your Honor.

18             THE COURT:  1261 -- go ahead.

19             MR. PEREZ:  I'm sorry, Your Honor.  Through

20   1261-16.  Ms. Choi just sent me a note.  I apologize.

21             THE COURT:  All right.  Is there any objection

22   to the admission of Exhibits 1 to 14 [sic], which are a part

23   of 1261-1 through 1261-16, because some of these are in

24   subparts?

25             (No response.)

1          THE COURT:  All right.  1261-1 through 16 are all

2    admitted.

3          (Debtors' Exhibits 1261-1 through 1261-16 received

4    in evidence.)

5          MR. PEREZ:  Thank you, Your Honor.  In addition,

6    Your Honor, although not on our witness and exhibit list,

7    because it was filed subsequent to it, we would like

8    admission of Docket No. 1270 as an exhibit as well.

9    So it would be, I guess --

10         THE COURT:  I'm admitting 1270 because it is the

11   target of today's hearing.

12         (Debtors' Exhibit, Docket No. 1270, received in

13   evidence.)

14         MR. PEREZ:  All right.  And then, Your Honor, I

15   would tender the -- proffer the testimony of Mr. Dane.

16         THE COURT:  All right.  Mr. Dane, would you raise

17   your right hand, please sir.

18         MR. DANE:  (Complying.)

19         THE COURT:  Do you swear to tell the truth, the

20   whole truth, and nothing but the truth?

21      (Witness Michael Dane sworn by the Court.)

22         THE COURT:  Oh, sorry, Mr. Dane.  Let me get your

23   line open.  We'll try it again.  Do you swear to tell the

24   truth, the whole truth, and nothing but the truth?

25         MR. DANE:  Yes, I do.

1        (Witness Michael Dane re-sworn by the Court.)

2            THE COURT:  Thank you.  I think we've done this

3   before, Mr. Dane, but it's your responsibility to fix Mr.

4   Perez's mistakes.  So after he makes his presentation,

5   I'm going to call on you.

6            Mr. Perez?

7        (Proffer of Mr. Dane's testimony, by Mr. Perez)

8            MR. PEREZ:  Yes, Your Honor.  If called to

9   testify, Mr. Dane would testify that he is the Executive

10  Vice President and Chief Financial Officer of Fieldwood

11  Energy, LLC and its related subsidiaries, that he has

12  read and reviewed the Plan and the Disclosure statement,

13  including each one of the various iterations of the Plan

14  and the Disclosure Statement including Docket No. 1270, that

15  he is familiar with each of the transactions contemplated by

16  the Plan and described in the Disclosure Statement.

17            And based on his knowledge of Fieldwood, what he

18  has been informed by counsel, as well as his familiarity

19  with the various transactions and his involvement in

20  negotiating the various transactions, that he believes

21  that the Disclosure Statement contains true and accurate

22  information with respect to those transactions, and that the

23  Disclosure Statement generally is true and accurate to the

24  best of his knowledge.

25            And that would conclude his tender, Your Honor.

1          THE COURT:  Thank you.

2          Mr. Dane, do you accept the proffer?  Do you have

3  any additions, corrections or deletions to it?

4          MR. DANE:  No, Your Honor.  I accept the proffer.

5          THE COURT:  Thank you.

6          Is there any party that has any questions for

7  Mr. Dane about the Disclosure Statement?

8          (No response.)

9          THE COURT:  All right.

10          Mr. Perez, any further evidence in support of

11  approval of the Disclosure Statement?

12          MR. PEREZ:  No, Your Honor.  The Debtor would rest

13  and request entry of the order approving the Disclosure

14  Statement.

15          THE COURT:  Does any party have any additional

16  evidence with respect to the Disclosure Statement either in

17  support of or in opposition to, approval of the Disclosure

18  Statement?

19          (No response.)

20          MR. EISENBERG:  Your Honor, Philip Eisenberg on

21  behalf of HCCI.

22          THE COURT:  Mr. Eisenberg?

23          MR. EISENBERG:  Thank you, Your Honor.  I don't

24  have further evidence.  I did want to clarify Your Honor's

25  point about preserving all objections to confirmation.

1          It was very broad and all that, but just to be

2    technically correct, I think we also are reserving all

3    objections to and defense to the credit bid and to the

4    merger -- the device of merger itself, as set out in the

5    Disclosure -- proposed Disclosure Order.  Those are due on

6    the same day as confirmation objections.

7          And I thought that Your Honor meant to include

8    those as well in the reservation.  I just wanted to clarify

9    that those were included as well, because we have serious

10   concerns about the nature of the device of merger.  We just

11   don't think that they're here for today for Disclosure.

12        THE COURT:  Let me clarify my reservation

13   statement, because you're correct.  Today, we are here to

14   approve the Disclosure Statement, *qua* disclosure, and not

15   for any of the substantive intentions that might be carried

16   out in furtherance of anything that is described in the

17   Disclosure Statement.

18        So it's not only what you have stated you've

19   reserved, but everything else in the universe that anyone

20   can imagine.  All that we're approving is that this

21   disclosure is adequate under 1125, without anyone waiving

22   rights about contemplated transactions.

23        MR. EISENBERG:  Thank you, Your Honor.

24        THE COURT:  Thank you.  All right.  I'm approving

25   the Disclosure Statement.  I find that it contains adequate

1   information -- I knew it had adequate information in it

2   before I came out here.  I needed the testimony to prove to

3   me that it was in fact accurate information.

4           Mr. Dane, who has proven to be a credible witness

5   throughout the hearings to date, has testified that it's

6   accurate and I accept that statement by him and therefore

7   find that the Disclosure Statement does contain adequate

8   information as required by 1125 in the Bankruptcy Code, and

9   it is approved.

10          I have not read what you filed at 1268.  I'm going

11  to put it up on the screen and allow parties to read through

12  it with me.  So give me just a moment to get that done.

13  (Brief pause.)  I'm going to open -- it's actually 1268-1.

14          I'm going to just try and go through this on the

15  screen, and please feel free either to speak up if your line

16  is enabled, or to raise your hand by pressing five-star one

17  time if you have a problem with any of the substance or form

18  of the Disclosure Statement.

19          (Displaying document on screen.)

20          THE COURT:  So I think this should say April 19th.

21  Is that right?  Ms. Liou?

22          MS. LIOU:  Yeah.  Your Honor, I'm just looking at

23  my calendar real quickly, but I believe that that's right.

24  (Reviewing calendar)  That's right.

25          Your Honor, just one change I did want to point

1  out to you, was the change to the Plan Supplement filing

2  deadline.  In your original scheduling order, that had been

3  set for June 2nd, we moved up the timing a bit to May 26th

4  to allow for at least a week prior to the voting deadline

5  for parties to review the documents that we will be filing

6  as part of the Plan Supplement.

7         THE COURT:  So I'm not sure why I'm including the

8  confirmation outside date.  That's kind of your target, and

9  not my order, right?

10         MS. LIOU:  Your Honor, that is the date that is

11  built into our Plan.  I guess I'll defer to our lenders as

12  to whether they have any issues removing that from the

13  order.

14         THE COURT:  Well, it's built into your Plan, which

15  I haven't confirmed.  So it's your goal, not my order is my

16  point.

17         MS. LIOU:  So we're --

18         THE COURT:  I'm going to take that out.

19         MS. LIOU:  We're fine with --

20         THE COURT:  It's fine with me if it means that you

21  fail if I don't get that done.  I'm just not going to order

22  that you fail if I don't get that done.

23         MS. LIOU:  Understood.

24         THE COURT:  Where would I see those procedures

25  that are referenced in paragraph 13?

1          MS. LIOU:  The procedures for tabulating the

2    ballots --

3          THE COURT:  Yes.

4          MS. LIOU:  -- are for this motion.  I can find the

5    specific paragraph in the motion if you need me to, Your

6    Honor.

7          THE COURT:  Which motion?  Which motion, is the

8    question, I think.

9          MS. LIOU:  The Disclosure Statement Approval

10   Motion, Your Honor.

11         THE COURT:  And I just need an ECF number so I can

12   look at it.

13         MS. LIOU:  Sure.  I believe that the ECF number

14   was 724, but give me a minute and I'll confirm that.

15         THE COURT:  Sure.  724 is a Disclosure Statement

16   Motion.  Okay, I'm there.  It's paragraph 62; right?

17         MS. LIOU:  I believe that's right, Your Honor.

18   I'm just trying to pull up a copy of that motion.

19   (Reviewing document.)

20         MS. LIOU:  That's correct, Your Honor.

21         THE COURT:  All right.  I don't have any problem

22   with those procedures.  I just wanted to read through them.

23   As you probably know by now, I don't do this.  (Reviewing

24   document.)

25              So take me to 32 and 33.  So on May 7th at 11:59,

1  you object to a claim.  How can someone then vote if they

2  think you're wrong?

3          MS. LIOU:  Your Honor, they can -- well,

4  certainly there's always the opportunity for us to work

5  out a consensual resolution with the party, but they can

6  obviously always contest or object to the Rule 3018(a)

7  motion that we file.

8          THE COURT:  How can they do that?  Because they

9  have to seek to estimate their claim by this same moment in

10 time that you get to object to it.

11         MS. LIOU:  Your Honor, if the suggestion is to

12 change the timing or the date for when those motions need to

13 be filed, I think we're fine accommodating that.  We were

14 simply trying to match that to the scheduling order, which

15 does provide for the same date by which those motions need

16 to be filed.

17         THE COURT:  I think I'm just -- I'm not saying it

18 isn't wrong by my own order, but it looks like it's wrong.

19 Do you have any problem extending this out until May 14th?

20         MS. LIOU:  No.  I do not have an issue with that.

21         THE COURT:  Does that mean I need to change that

22 first paragraph?

23         MS. LIOU:  The initial paragraph up front?  Right,

24 with the chart of key dates.

25         THE COURT:  Sorry.  What is this 3018(a) motion?

1   That line right here (indicating)?

2          MS. LIOU:  Apologies, Your Honor.  That deadline?

3   That's the deadline in order for us to determine whether or

4   not we want to file some kind of a motion that impacts the

5   amount of their claims for voting purposes.

6          So, for example, if a creditor seeks to challenge

7   the allowance of its claim for voting purposes, then they

8   can go ahead and file a motion seeking to temporarily allow

9   that claim for voting purposes.

10         THE COURT:  Correct.  That's what I thought

11  we did in 3018.  Isn't that the same as the estimation

12  deadline?  I guess not.  Okay, so I need to make both

13  of these May 14th.

14         MS. LIOU:  Well, Your Honor, in the scheduling --

15  we had set both of those deadlines as May 7th because that's

16  how it appears in the scheduling deadline, and that's what

17  we thought we had sent.

18         THE COURT:  I know, but you've added now your own

19  May 7th deadline for objecting, which means that their May

20  7th deadline for filing these two doesn't work.

21         MS. LIOU:  Right, so --

22         THE COURT:  If you want to accelerate your

23  deadline back to April 24th or something -- you know,

24  April 23rd, I can leave these May 7th deadlines alone.

25         MS. LIOU:  I think we're fine moving it to May

1   14th, Your Honor.

2          THE COURT:  Okay.  (Reviewing document.)  Oh,

3   these are the same ones that we already approved; right?

4          MS. LIOU:  That's right.

5          THE COURT:  (Reviewing document.)  All right.

6   I do have some folks that wanted to speak.  And I apologize,

7   I wasn't watching my phone, but we'll go back and pick up

8   whatever those are.

9          MS. LIOU:  Your Honor, just one quick point.

10  The change to some of the deadlines does impact some of the

11  exhibits --

12         THE COURT:  Right.

13         MS. LIOU:  -- to the order.  So we'll have to --

14         THE COURT:  I would expect you just to conform

15  those, and I don't need them changed now.

16         MS. LIOU:  Absolutely.

17         THE COURT:  Mr. Carlson, you were the one that

18  clicked in that I wasn't watching.

19         MR. CARLSON:  Your Honor, what I was going to say

20  has been addressed.  I was going to have some -- a couple

21  comments, but Ms. Liou addressed them.

22         THE COURT:  Thank you, Mr. Carlson.  So have there

23  been changes to the exhibits from what I would have seen?

24         MS. LIOU:  The bulk of the changes, Your Honor,

25  are updates to the dates, and then language changes to make

1  it consistent with the Disclosure Statement order, the

2  changes that were made.  Nothing terribly substantive in

3  my -- from my perspective.

4       I'm just flipping through it really quickly to

5  see if there's anything worth highlighting.  But, really, I

6  think the key change was the reference to the updated Plan

7  and Disclosure Statement and references to updated deadlines

8  and dates, consistent with the scheduling order, and not a

9  (indiscernible) in the Disclosure Statement order.

10       THE COURT:  All right.  So if I'm a non-voting

11  party and I want to opt out of the releases, I'm looking at

12  the non-voting notice.  What do I do?

13       MS. LIOU:  Your Honor, I believe that -- I'm just

14  headed there so I can show it to you.  If you go to the end

15  of that notice, it's an attachment right at the end of the

16  notice.  There is an optional release opt-out form.

17       THE COURT:  (Reviewing document.)  So each non-

18  voting party will also get their unique ID?

19       MS. LIOU:  Your Honor, I believe that that's the

20  way that Prime Clerk likes to do it, in order to track each

21  of the responses that comes in.

22       THE COURT:  So they would go -- if they want

23  to electronically opt out -- I just want to be sure I'm

24  understanding this.  If someone goes to the website that's

25  shown here, they click on that they want to submit a ballot.

1  And then it's going to tell them how to do an opt-out form?

2          MS. LIOU:  Yes.  That's correct.

3          THE COURT:  Okay.  Or they can mail this in.

4          MS. LIOU:  Correct.

5          THE COURT:  Okay.  Does anyone have any problem

6  with the way this is structured or done?  I'm not having a

7  problem with it; I just wanted to be sure I'm understanding

8  it.

9          (No response.)

10          THE COURT:  All right.  I have signed the order.

11  I will make a docket entry that the Debtor is authorized to

12  make conforming date and ministerial changes to the attached

13  documents to be certain that the attachments conform.  And

14  I have sent it to docketing.  It's going to be docketed

15  shortly.

16          What else do we need to do today?

17          MS. LIOU:  Thank you very much, Your Honor.  We

18  appreciate that.  I don't have anything else, and I thank

19  you for entering in the order.

20          THE COURT:  I thank you for all the preparation

21  you did to get me there.  So let me hear from anyone else

22  that has anything you need to raise today besides the

23  Debtors.

24          (No response.)

25          THE COURT:  If anybody has anything you need to

1   address and I haven't already enabled your line, if you

2   would please press five-star one time.

3          (No response.)

4          THE COURT:  Mr. Perez, my wife is going to be

5   disappointed that I'll be home at a normal hour, but I

6   appreciate all the work that you all did to get this pulled

7   together.

8          MR. PEREZ:  Thank you, Your Honor.  Just by way

9   of a heads-up, Your Honor, the Court will remember that

10  the Court entered a TRO in connection with the Atlantic

11  litigation.  That TRO expires tomorrow.  We filed an Amended

12  Complaint last night.

13         We're having discussions with them, but there's

14  a scheduled hearing on Friday on an unrelated 9019 with

15  another Debtor, with Arena, Your Honor.  So we may end up

16  needing to spend a little bit more time with you on Friday,

17  but that's just by way of background.

18         THE COURT:  So when does the TRO expire?  I don't

19  remember when it expires.

20         MR. PEREZ:  11:59 tomorrow, the 15th.

21         THE COURT:  All right.  And you're not needing a

22  hearing tomorrow.  You're thinking you may need one Friday

23  and you don't know.

24         MR. PEREZ:  Correct, Your Honor, yeah.  And I

25  don't think -- as a practical matter, I don't think anything

1   can happen between 11:59 and Friday morning, so I'm not --

2          THE COURT:  Good.

3          MR. PEREZ:  -- I'm fine with that.

4          THE COURT:  There is a Fieldwood hearing that is

5   scheduled at 9:00 a.m. on Friday morning.

6          MR. PEREZ:  Correct, Your Honor.

7          THE COURT:  And maybe that -- okay, I thought you

8   were saying it was in a different case.

9          MR. PEREZ:  Well, it's a Fieldwood -- and Arena

10  is the counterparty, so it's -- I think it's in our case,

11  though.

12         THE COURT:  Yeah.  If you need to have that

13  hearing, you can self-calendar it for that same time and

14  give notice to the other side.

15         MR. PEREZ:  We will do so, Your Honor.

16         THE COURT:  All right.  What else do we need to

17  do today?  Does anyone have anything?

18         (No response.)

19         MR. PEREZ:  Thank you very much.

20         THE COURT:  All right.

21         MR. PEREZ:  And I'm sorry we didn't keep you

22  longer.

23         THE COURT:  Thank you.  Bye-bye.

24         MS. LIOU:  Thank you.

25      (Proceedings adjourned at 3:31 p.m.)

1                          * * * * *

2              I certify that the foregoing is a correct

3    transcript to the best of my ability due to the condition of

4    the electronic sound recording of the ZOOM/telephonic

5    proceedings in the above-entitled matter.

6    /S/ MARY D. HENRY

7    CERTIFIED BY THE AMERICAN ASSOCIATION OF

8    ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337

9    JUDICIAL TRANSCRIBERS OF TEXAS, LLC

10   JTT TRANSCRIPT #63828

11   DATE FILED:  APRIL 23, 2021

12

13

14

15

16

17

18

19

20

21

22

23

24

25