IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| FIELDWOOD ENERGY LLC, *et. al*, § | | Case No. 20-33948(MI) |
| § | | |
| Debtors.[1] § | | |
| § | | (Jointly Administered) |
| FIELDWOOD ENERGY, LLC AND GOM § | | |
| SHELF LLC § | | |
| § | | |
| Plaintiffs, § | | |
| § | | Adversary No:_____ |
| V. § | | |
| § | | |
| EVEREST REINSURANCE COMPANY, § | | |
| PHILADELPHIA INDEMNITY INSURANCE § | | |
| COMPANY, HCC INTERNATIONAL § | | |
| INSURANCE COMPANY PLC, APACHE § | | |
| CORPORATION, APACHE SHELF, INC., § | | |
| APACHE DEEPWATER LLC, AND APACHE § | | |
| SHELF EXPLORATION LLC § | | |
| | | |
| Defendants. | | |

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT**

Fieldwood Energy, LLC ("**FWE**") and its affiliated debtors and GOM Shelf LLC ("**GOM Shelf**") as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and as Plaintiffs in the above-captioned adversary proceeding (the "**Adversary Proceeding**") hereby file this Adversary Complaint (the "**Complaint**") against Everest Reinsurance Company ("**Everest**"), Philadelphia Indemnity Insurance Company

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

("**Philadelphia**"), and HCC International Insurance Company PLC ("**HCCI**" and, together with Everest and HCCI, the "**Surety Defendants**"), as well as Apache Corporation ("**Apache**"), Apache Shelf, Inc., Apache Deepwater LLC, and Apache Shelf Exploration LLC (collectively, the "**Apache Defendants**") and in support shows as follows:

### I.  Introduction

1. On January 5, 2021, in recognition of certain issues raised by various sureties in the main bankruptcy case and their significance to this bankruptcy, the Court set a January 20, 2021 deadline for the Sureties (as defined below) to file an expedited adversary proceeding requesting that the Court determine whether the surety providers hold administrative expense claims pursuant to section 503(b) of the Bankruptcy Code against any of the Debtors for surety bond premiums on account of surety bonds that were issued prior to the Petition Date. *In re Fieldwood Energy, LLC, et al.*, No. 20-33948 (MI) Hr'g Tr. at 29:16-30:3-5 (Bankr. S.D.TX. Jan. 4, 2021); (Docket No. 751). No adversary proceeding was filed. The Court subsequently entered a Scheduling Order allowing all parties, including the Surety Defendants, until April 14, 2021 to serve discovery related to confirmation matters [Docket No. 1224]. On April 16, 2021, counsel for Defendants Everest and HCCI sent an eight-page letter to Apache detailing legal arguments that allegedly "discharge" the Surety Defendants' obligations to honor over $150 million of surety bonds with Apache as the obligee. These arguments have no merit but, unless resolved, undermine fundamental assumptions in the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Docket No. 1284) (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Plan**") and jeopardize the necessary participation of Apache.

## II. Parties

2. Plaintiff Fieldwood Energy LLC is a Delaware limited liability company with its principal place of business located at 2000 W. Sam Houston Parkway, Suite 1200, Houston, Texas 77042.

3. Plaintiff GOM Shelf LLC is a Delaware limited liability company with its principal place of business located at 2000 W. Sam Houston Parkway, Suite 1200, Houston, Texas 77042.

4. Defendant Everest Reinsurance Company is a Delaware Corporation doing business in the state of Texas and may be served with process by serving the Texas Secretary of State.

5. Defendant Philadelphia Indemnity Insurance Company is a Pennsylvania Corporation doing business in the state of Texas and may be served with process by serving the Texas Secretary of State.

6. Defendant HCC International Insurance Company PLC is a company incorporated under the laws of England and may be served with process by serving 1 Aldgate, London EC3N 6 RE.

7. Defendant Apache Corporation is a Delaware Corporation doing business in the state of Texas and may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. Defendant Apache Shelf, Inc. is a Delaware Corporation doing business in the state of Texas and may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Defendant Apache Deepwater LLC is a Texas limited liability company doing business in the state of Texas and may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Defendant Apache Shelf Exploration LLC is a Texas limited liability company doing business in the state of Texas and may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. Jurisdiction and Venue

11. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334 and Federal Rule of Bankruptcy Procedure 7001(1) & (2). This is a core proceeding pursuant to 28 U.S.C. §157(b). Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7008-1 of the Bankruptcy Local rules for the Southern District of Texas, the Debtors consent to the entry of final orders or judgment by this Court in connection with this adversary proceeding if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12. Venue is proper before the Court pursuant to 28 U.S.C. §1409.

### IV. Background Facts

**A.   The Decommissioning Agreement and Decommissioning Security**

13. FWE and GOM Shelf LLC (the "**FWE Parties**") entered into a Decommissioning Agreement with the Apache Defendants, dated as of September 30, 2013, and subsequently amended up to and including the Fifth Amendment to Decommissioning Agreement, dated effective as of April 11, 2018 (with all amendments, the "**Decommissioning Agreement**").

14. Pursuant to the Decommissioning Agreement and the Purchase and Sale Agreement between the FWE Parties and the Apache Defendants dated as of July 18, 2013 (with

4

any amendments, the "**PSA**"), FWE is obligated to perform certain plugging and abandonment and other related decommissioning work (the "**Decommissioning Obligations**") with respect to properties FWE acquired from the Apache Defendants pursuant to the PSA (the "**Legacy Apache Properties**").

15. To the extent Apache is required to perform decommissioning obligations by law or contract, FWE is obligated to reimburse Apache for costs and expenses it incurs performing the decommissioning obligations in accordance with the Decommissioning Agreement. FWE's reimbursement obligations to Apache under the Decommissioning Agreement are supported by the Decommissioning Security. The term "**Decommissioning Security**" covers any security obtained, provided, or pledged in connection with the Decommissioning Agreement, including the funds available from Trust A (as defined in the Decommissioning Agreement), letters of credit, bonds, and any future value that may be derived from the NPI Conveyances (as defined in the Decommissioning Agreement).

16. The letters of credit and bonds issued on behalf of FWE for the benefit of Apache that are currently outstanding pursuant to the Decommissioning Agreement are:

| Issuer | LC/Bond # | Amount | Original Issue Date |
|---|---|---|---|
| Deutsche Bank ATG, New York Branch | 839BGC1600430 | $ 50,000,000.00 | 5/23/2016 |
| Deutsche Bank ATG, New York Branch | 839BGC1500968 | $ 67,557,356.00 | 11/12/2015 |
| Deutsche Bank ATG, New York Branch | 839BGC1500969 | $ 67,557,356.00 | 11/12/2015 |
| Deutsche Bank ATG, New York Branch | 839BGC1500970 | $ 67,557,357.00 | 11/12/2015 |
| Deutsche Bank ATG, New York Branch | DBS-20280 / 839BGC1500971 | $ 97,327,931.00 | 9/30/2013 |
|  |  | **$ 350,000,000.00** |  |
| Philadelphia Indemnity Insurance Company | PB032515 00040 | $ 72,601,297.00 | 9/27/2018 |
| Everest Reinsurance Company | ES00001441 | $ 75,000,000.00 | 8/30/2018 |

17. Defendant Everest issued Bond No. ES00001441 in the penal amount of $75,000,000 on behalf of FWE, as principal, and in favor of Apache as obligee (the "**Everest Bond**"). On information and belief, Everest and HCCI have allocated liability between themselves for the Everest Bond pursuant to a claims sharing agreement. Defendant Philadelphia issued Bond No. PB03251500040 in the penal amount of $72,601,297 on behalf of FWE, as principal, and in favor of Apache as obligee (the "**Philadelphia Bond**"). Everest, Philadelphia, and HCCI are referred to herein as the "**Sureties**" and the Everest Bond and Philadelphia Bond are collectively referred to as the "**Surety Bonds**". The Deutsche Bank letters of credit are backed by bonds issued by Zurich American Insurance Company and HCCI in favor of Deutsche Bank companies, but Apache is not in privity of contract with those sureties.

### B. The form of the Surety Bonds allows no defenses to payment

18. In connection with FWE's 2018 bankruptcy and restructuring, Apache agreed that FWE could replace up to $148.7 million of the letters of credit then held by Apache as Decommissioning Security with an equal amount of bonds. Importantly, both the form of the bonds and the issuing surety had to be acceptable to Apache. On April 11, 2018, as part of the 2018 FWE restructuring, Apache and FWE executed the Fifth Amendment to the Decommissioning Agreement. Section 3.1 of the Decommissioning Agreement was amended to permit the replacement bonds and the form of bond was attached as Exhibit B-1. The parties agreed that the bond would be the functional equivalent of a letter of credit and the form of bond reflects that agreement:

- The surety "*waives any and all defenses or counterclaims* related to Surety's obligations under this Bond and expressly agrees that no genuine issue of fact exists that would prevent or preclude Surety's obligations to comply with the Draw Request";

6

- The surety has no obligation or option to perform decommissioning as an alternative to immediate cash payment to Apache;

- The bond can be drawn upon presentation of a draw request meeting certain requirements specified therein; and

- "Surety's obligations under this Bond are. . . ***not contingent on*** . . .(ii) the Surety's ability to obtain indemnification from the Principal or any other person; or (iii) any other circumstances which might otherwise constitute a legal or equitable discharge or defense for Surety."

19.  FWE provided Apache with the Everest Bond in August 2018 and the Philadelphia Bond in September 2018. Both Surety Bonds utilize the bond form from the Decommissioning Agreement. In connection with the issuance of the Surety Bonds, FWE executed indemnification agreements in favor of Everest and Philadelphia. Apache is not a party to those indemnification agreements and, on information and belief, was not aware of the existence of those indemnification agreements until 2020, shortly before the Petition Date, when FWE provided copies of those indemnifications agreements to Apache.

C.  **FWE's Bankruptcy and Proposed Plan**

20.  Commencing on August 3 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas.

21.  The Debtors, Apache, and other non-debtor entities are parties (collectively, the "**RSA Parties**") to that certain *Restructuring Support Agreement* dated as of August 4, 2020 (as may be modified, amended, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**RSA**"). As part of the RSA, Apache agreed to support a plan of reorganization of the Debtors in which certain assets FWE acquired from Apache (the "**Legacy Apache Properties**") and related liabilities and obligations, including the Debtors' obligations

7

under the Decommissioning Agreement, vest in Fieldwood Energy I LLC ("**FWE I**") pursuant to the Divisive Merger (defined below), and FWE I shall be responsible for decommissioning the Legacy Apache Properties.

22. In accordance with the RSA, the RSA Parties negotiated final forms of the definitive documents providing for the transactions contemplated by, or relating to, the Apache Term Sheet (the "**Apache Definitive Documents**" and the transactions contemplated thereunder, the "**Apache Transactions**"). The documents comprising the Apache Definitive Documents are identified in that certain *Apache Term Sheet Implementation Agreement*, dated January 1, 2021, by and between the FWE Parties, on the one hand, and the Apache Parties, on the other. The transactions contemplated under the Apache Definitive Documents include, among other things, (i) FWE's conversion from a Delaware limited liability company to a Texas limited liability company, (ii) FWE's division into FWE I and FWE III in accordance with that certain *Agreement and Plan of Merger of Fieldwood Energy LLC into Fieldwood Energy I LLC* (the "**Divisive Merger**"); and (iii) the entry into that certain FWE I LLC Agreement (the "**FWE I LLC Agreement**"). Pursuant to the Divisive Merger, following the Effective Date of the Plan (as defined below), FWE I will own, operate, plug and abandon, and decommission the Legacy Apache Properties.

23. On April 9, 2021, the FWE Parties and the Apache Parties entered into that certain First Amended Implementation Agreement (the "**Implementation Agreement**"), which is attached to the Debtors' *Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* as <u>Exhibit K</u> [Docket No. 1285].

24. On April 15, 2021, the Debtors filed the Plan. As contemplated by the RSA, the Plan provides for the consummation of the Apache Transactions pursuant to Bankruptcy Rule 9019 and the Apache Definitive Documents, including the Divisive Merger.

**D.     The Sureties' April 16, 2021 Letter**

25. On April 16, 2021, Everest, though its counsel, sent a letter to Apache (the "**Surety Letter**") raising several legal theories "to demonstrate to Apache that, in the event the Plan is confirmed in its current form, Apache's ability to continue to rely upon the Decommissioning Security will be altered." Exhibit A, Surety Letter at 4. The Surety Letter threatens, at this late date, to derail confirmation by raising fundamental points that must be resolved.

26. At the outset of the Surety Letter, Everest notes its Claims Sharing Agreement with HCCI, and asserts that other sureties, including Philadelphia, are "likewise impacted" by the matters raised therein. The Surety Letter goes on to detail the Sureties' legal position as to why the Plan, if confirmed, will allegedly "discharge" the Sureties from any obligation to pay on the Surety Bonds, including:

- The Plan constitutes a "material alteration" of the Surety Bond obligations;

- The Plan "impair[s] the suretyship status of the Sureties";

- The creation of FWE I to operate and decommission the Legacy Apache Properties causes an impermissible "substitution of principal"; and

- FWE's obligations under the Decommissioning Agreement will be fulfilled by "payment" to Apache in the form of liens on FWE I assets.

27. In addition, the Surety Letter accuses Apache of tortious interference with certain indemnity agreements between the Sureties and FWE:

> Apache, as an industry participant, is aware of the existence and terms of the indemnity agreements. Neither Apache nor Fieldwood invited the

9

> Sureties to participate in the preparation of the RSA, the Plan or the Definitive Apache Documents. Apache has agreed for Fieldwood to transfer all its assets to entities that are purportedly beyond the reach of the Sureties, in breach of the indemnity agreements. Apache has negotiated a deal in which the emerging entity would not have to pay renewal premiums, in further breach of the indemnity agreements. The ***tortious interference*** by Apache has already caused Fieldwood to materially breach the indemnity agreements as Fieldwood is in default of its obligation to pay renewal premiums to the Sureties.[2]

28. The Debtors do not believe there is any merit in the legal positions taken by the Sureties. The Surety Letter, however, challenges legal assumptions related to the Plan, namely Apache's ability to draw on the Surety Bonds post-confirmation to the extent necessary and the Sureties' corresponding obligations to perform.

29. The Debtors anticipated addressing the Sureties' issues with the Plan and the Apache Transactions at the June 9, 2021 Confirmation Hearing. The Surety Letter, however, compels the Debtors to bring this declaratory judgment action now and seek an expedited briefing schedule to allow for resolution of this matter at or before confirmation. The Debtors have included the Apache Defendants in this proceeding given their interest in the Surety Bonds, the Decommissioning Agreement, and the legal issues being adjudicated.

30. Of import, no discovery is necessary for the resolution of the issues raised by this Complaint. The issues raised are well within, and indeed solely within, the Court's ability to construe the relevant contracts as a matter of law.

### V. Request for Declaratory Judgment

31. An actual, present, and justiciable controversy exists between the Debtors, the Sureties, and Apache regarding the Sureties' obligations to perform under the Surety Bonds, and Apache's ability to draw on the Surety Bonds if the Plan is confirmed.

---

[2] Exhibit A at 7 (emphasis added).

32. The Surety Letter sets forth a series of legal arguments, each allegedly resulting in discharge of the Sureties' obligations or some impairment to Apache's ability to draw on the Surety Bonds post-confirmation. The Debtors' soon-to-be-filed motion for summary judgment will address those arguments in detail. However, it is important to note that all of the Sureties' arguments are irrelevant and fail as a matter of law. First, the indemnification agreements executed by FWE in favor of the Sureties are prepetition contracts and the Sureties' claims are contingent and unliquidated under Section 502(e) of the Bankruptcy Code, which will be satisfied as general unsecured claims under the Plan to the extent such claims are even allowed. To the extent any of the indemnification agreements are executory contracts, they will be rejected under the Plan. Second, the Sureties continue to misunderstand the divisive merger contemplated by the Plan—the Surety Bonds will not be assigned to FWE I or any other entity nor will there be any substitution of principal under any of the Surety Bonds. Third, under the independence principal, FWE's indemnification obligation to the Sureties is separate and distinct from the Sureties payment obligations to Apache. Lastly, the independent contracts between the Sureties and Apache (i.e., the Surety Bonds) contain broad waivers by the Sureties pursuant to which the Sureties have no defenses to future payment on the Surety Bonds arising out of the Plan or Apache Definitive Documents, including a waiver of any defense related to the assignment of the Surety Bonds. Apache has a right to recover attorneys' fees and costs from the Sureties under the express terms of the Surety Bonds, which the Debtors anticipate will be asserted by Apache in its response to the Surety Letter.

33. Accordingly, the Debtors request that the Court declare as a matter of law that confirmation of the Plan, and the effectiveness of the transactions contemplated therein,

including under the Apache Definitive Documents, will not discharge the Sureties' obligations under the Surety Bonds or impair Apache's ability to draw on the Surety Bonds in the future.

## VI.     Prayer

For the reasons set forth herein, the Debtors asks that the Court enter judgment against the Defendants, including the declaratory judgment as requested herein, and all other relief to which the Debtors are justly entitled.

Date: May 2, 2021

      /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
Jessica.Liou@weil.com

Attorneys for Plaintiffs Fieldwood Energy, LLC and GOM Shelf LLC