IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY, LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

NOTICE OF DEPOSITION UNDER
FED R. BANKR. P. 7026, 7030, AND 9014 AND
FED R. CIV P. 30(b)(6) OF FIELDWOOD ENERGY, LLP

To:   FIELDWOOD ENERGY, LLC, et al., by and through its counsel of record, Alfredo Perez, Esq., Clifford Carlson, Esq., WEIL, GOTSHAL & MANGES, LLP, 700 Louisiana Street, Suite 1700, Houston, Texas 77002; Matthew S. Barr, Esq., Jessica Liou, Esq., WEIL, GOTSHAL & MANGES, LLP, 767 Fifth Avenue, New York, New York 10153; Paul R. Genender, Esq., Erin M. Choi, Esq., WEIL GOTSHAL & MANGES, LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201

Notice is hereby given that BP Exploration & Production, Inc. ("BP") intends to conduct the examination of the individual(s) designated by Fieldwood Energy, LLC, et al. (the "Debtors") pursuant to FED. R. BANKR. P. 7026, 7030, and 9014, and FED. R. CIV. P. 30(b)(6) having knowledge of the topics listed in **Schedule A**, on a date to be agreed upon among the parties.  The examination will be conducted by Zoom (or a similar service) and a link will be forthcoming. The examination will be recorded stenographically and by videotape and will continue from day to day until completed.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Debtors must designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to Debtors concerning each of the topics of examination set forth in the attached **Schedule A**.  You are invited to attend and cross-examine.

Date:   May 3, 2021                            Respectfully submitted,

                                        **GREENBERG TRAURIG, LLP**

By: */s/ Karl D. Burrer*
    Shari L. Heyen
    Texas State Bar Number 09564750
    HeyenS@gtlaw.com
    Karl D. Burrer
    Texas State Bar Number 24043584
    BurrerK@gtlaw.com
    Nicole S. Bakare
    Texas State Bar Number 24056017
    BakareN@gtlaw.com
    1000 Louisiana Street, Suite 1700
    Houston, Texas 77002
    Telephone: (713) 374-3500
    Facsimile: (713) 374-3505

    – and –

    Craig A. Duewall (admitted *pro hac vice*)
    Texas State Bar Number 24025334
    DuewallC@gtlaw.com
    300 West 6th Street, Suite 2050
    Austin, Texas 78701
    Telephone: (512) 320-7200
    Facsimile: (512) 320-7210

    – and –

        David B. Kurzweil (*admitted pro hac vice*)
        KurzweilD@gtlaw.com
        3333 Piedmont Road, NE, Suite 2500
        Atlanta, Georgia 30305
        Telephone: (678) 553-2100
        Facsimile: (678) 553-2212

        ***Counsel for BP Exploration & Production Inc.***

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he conferred with counsel for Fieldwood Energy, LLP and other parties-in-interest regarding the foregoing notice and will continue to confer regarding an agreeable date, time and place for the examination.

        */s/ Craig A. Duewall*
        Craig A. Duewall

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 3, 2021 a true and correct copy of the Notice of Examination/Deposition Under Fed. R. Bankr. P. 7030, and Fed. R. Civ. P. 30(b)(6) of Fieldwood Energy, LLP was electronically filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail.

        */s/ Karl D. Burrer*
        Karl D. Burrer

## SCHEDULE A
## DEFINITIONS AND TOPICS FOR DEPOSITION

A. **Specific Terms Applicable to These Requests**

1. "BP" means BP Exploration & Production Inc. and its affiliates.

2. "BP Abandoned Properties" means all Abandoned Properties for which Debtors have identified BP as a predecessor-in-interest in the chain of title with respect to such Abandoned Properties including, but not necessarily limited to, the Abandoned Properties associated with the following leases: OCS-G01608; OCS-G01609; OCS-G01611; OCS-G01612; OCS-G02137; OCS-G02645; OCS-G02646; OCS-G02647; OCS-G02648; OCS-G06280; OCS-G02366; OCS-G02367; OCS-G02372; OCS-G07397; OCS-G02825; OCS-G02938; OCS-G02942; and OCS-G02943.

3. The term "Disclosure Statement" means the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1285], as may be amended or supplemented.

4. The term "Plan" means *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1284], as may be amended or supplemented.

5. The term "You" or "Your" means the Debtors.

B. **General Terms Applicable to These Requests**

6. The terms "concerning," "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, constituting, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

7. "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation: accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations; experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers;

4

photographs; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these discovery requests. Any document identified or described in a discovery request, or which contains information or is otherwise related to the substance of a discovery request, will include any document, in draft or final form, either sent or received by the Debtors. This term also includes any documents now or ever in the Debtors' possession, custody or control, or available to the Debtors, the Debtors' attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

8. The term "communication" refers to any oral conversation, transaction, or interaction (including telephone calls), and any written transaction or interaction (including letters, memoranda, notes, telecopies, facsimiles, telex, emails, electronic transmission of information, or other transfer of documents), as well as the transfer of any document or tangible thing between persons.

9. The term "person" or "entity" shall mean any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

10. The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

12. The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

13. The use of the singular form of any word includes the plural and vice versa.

14. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

15. The term "including" shall mean "including without limitation."

16. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

## TOPICS FOR DEPOSITION

1. BP reserves the right to ask questions on any topic noticed by the Sureties or any other party that serves a 30(b)(6) notice on Debtors.

2. Debtors' Disclosure Statement and Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors, or the current version of same if future Amended Plans are filed and/or proposed (the "Plan").

3. Debtors' responses to BP's discovery requests.

4. Debtors' Expert Reports.

5. The "M&A Process" described and referenced in Debtors' Disclosure Statements, including but not limited to offers received and/or offers made.

6. The process by which the Debtors determined which properties would become Abandoned Properties, including the BP Abandoned Properties.

7. The BOEM bonds associated with the BP Abandoned Properties, communications with third-parties regarding said bonds, and uses and/or intended uses of said bonds.

8. Any health, safety, and environmental issues associated with the Abandoned Properties, including the BP Abandoned Properties, during the past 12 months and/or that exist currently.

9. Any statutory and regulatory compliance issues related to the Abandoned Properties, including the BP Abandoned Properties, during the past 12 months and/or exist currently.

10. Any Incidents of Noncompliance that the government has issued related to the Abandoned Properties, including the BP Abandoned Properties, during the past 12 months and/or that are open currently including those for which extensions have been granted.

11. Any Decommissioning Orders that the government has issued related to the Abandoned Properties, including the BP Abandoned Properties, during the past 12 months.

12. Any Decommissioning Orders that the government has issued at any time related to the Abandoned Properties, including the BP Abandoned Properties, and the plugging and abandoning and/or decommissioning remains incomplete.

13. Communications with any local, state or federal governmental official regarding the Abandoned Properties, including the BP Abandoned Properties, during the past 12 months.

14. Decommissioning requirements related to the Abandoned Properties (including the BP Abandoned Properties), including Your estimates of the cost to plug and abandon and/or decommission each of the Abandoned Properties (including the BP Abandoned Properties), as well as the process by which You estimated the cost to plug and abandon and/or decommission each of the Abandoned Properties (including the BP Abandoned Properties).

15. Any Abandoned Properties, including the BP Abandoned Properties, that have active and/or producing wells that are currently the subject of pending or unresolved INCs.

16. The decision to dedicate approximately $6 million to safety related repairs and improvements on the Abandoned Properties and how that is being applied and/or apportioned; along with any amounts that have already been spent.

17. The creation of operational transition packets for predecessors-in-interest in the chain of title with respect to the Abandoned Properties, including the BP Abandoned Properties, the selection of materials to include in them, and when they were or will be completed.

18. The payment of Administrative Claims related to plugging and abandonment obligations.

19. Third-party releases contemplated by section 10.7(b) of the Plan.

20. The consideration received or to be received by the Releasing Parties in exchange for granting releases pursuant to section 10.7(b) of the Plan.

21. Consideration provided by Released Parties other than the Debtors.

22. The types of claims being released by each of the Releasing Parties pursuant to the Plan.

23. Communications with Apache, Chevron, the United States Government, and/or other parties about the Abandoned Properties, including the BP Abandoned Properties.

24. Your analysis and opinions regarding the feasibility of the Plan and the feasibility of NewCo, including future decommissioning obligations of NewCo.

25. Communications with Apache, Chevron, the United States Government, other parties about the feasibility of the Plan and the feasibility of NewCo, including future decommissioning obligations of NewCo.

26. Communications between You and the government related to the use of the BOEM surety bonds for the Abandoned Properties, including the BP Abandoned Properties.

27. Financial projections and analyses for each successor entity including NewCo, FWE I, FWE III, and FWE IV.

28. The value of distributions to be received by each class of claimants and the process by which You calculated and/or estimated these values.

29. The value of distributions that benefit Class 5 and Class 6B claimants and the process by which You calculated and/or estimated these values.

30. The liquidation value of Debtors' assets and the process by which You calculated and/or estimated this value.

[*Remainder of this page intentionally left blank.*]