# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

---

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | Case No. 20-33948 (MI) |
| Debtors. | Jointly Administered |

---

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF O'MELVENY & MYERS LLP AS SPECIAL COUNSEL TO THE RESTRUCTURING COMMITTEE OF THE BOARD OF DIRECTORS OF THE DEBTORS, EFFECTIVE AS OF MARCH 18, 2021**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

2. The statutory bases for the relief requested herein are sections 327(e), 328(a), 330, 331, and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**").

## BACKGROUND

3. Commencing on August 3, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 18, 2020, the Office of the United States Trustee for Region 7 appointed a statutory committee of unsecured creditors pursuant to Bankruptcy Code section 1102. No trustee or examiner has been appointed in these chapter 11 cases.

5. The Debtors, together with their non-debtor affiliates, are an independent exploration and production company in the Gulf of Mexico. The Debtors are focused on the

exploration and development of offshore oil and gas assets in the shallow water and deepwater Gulf of Mexico and the Gulf Coast region in the U.S.

6. Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [D.I. 29].

### APPOINTMENT OF THE RESTRUCTURING COMMITTEE AND RETENTION OF OMM

7. Pursuant to an unanimous written consent dated March 18, 2021 (the "**Written Consent**"), and section 141(f) of the General Corporation Law of the State of Delaware, the board of directors of the Debtor Fieldwood Energy Inc. (the "**Board**") established the restructuring committee of the Board (the "**Restructuring Committee**"). The Restructuring Committee consists of three independent Board directors: James LaChance, Mark S. Boyadjian, and James Painter. Among other things, the Board delegated to the Restructuring Committee the power and authority to oversee and direct the Debtors' negotiations with the Debtors' stakeholders regarding the terms of a chapter 11 plan of reorganization and other related agreements and to make a recommendation to the Board regarding the terms thereof (the "**Mandate**").

8. Pursuant to the Written Consent, the Restructuring Committee is authorized to retain professionals for advice or assistance, as it deems necessary and proper in order to carry out its Mandate.

9. On or about March 18, 2021, the Restructuring Committee retained O'Melveny & Myers LLP ("**OMM**") to serve as its counsel, including with respect to the Mandate.

10. As more fully discussed herein and in the Shamah Declaration (as defined below), OMM has become familiar with the Debtors' business and the status of the chapter 11 cases. OMM performed work in connection with the Mandate since its retention in these chapter

3

11 cases and, if this Application is approved, will continue representing the Restructuring Committee in connection with, among other things, the Mandate and matters relating thereto.

## RELIEF REQUESTED

11.     The Debtors respectfully request entry of order (the "**Order**") (a) authorizing the retention and employment of OMM as special counsel to the Restructuring Committee in these chapter 11 cases, effective as of March 18, 2021, (b) approving the terms of OMM's retention and employment, including the fee and expense structure described below, and (c) granting related relief. In support of this Application, the Debtors submit the declaration of Daniel S. Shamah, a partner at OMM (the "**Shamah Declaration**"),[2] and the declaration of James LaChance, a director of the Board and the chair of the Restructuring Committee (the "**LaChance Declaration**").[3]

### I.  FACTS SPECIFIC TO RELIEF REQUESTED

**A.      OMM's Qualifications**

12.     The Debtors and the Restructuring Committee have determined that it is necessary for the Restructuring Committee to engage attorneys independent from the Debtors' counsel for the Restructuring Committee to execute faithfully its responsibilities and duties in connection with these chapter 11 cases. The Debtors propose that the Restructuring Committee retain OMM.

13.     The Restructuring Committee has selected OMM as their attorneys because of OMM's recognized experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. As described in the Shamah Declaration,

---

[2] The Shamah Declaration is attached to this Application as **Exhibit B**.

[3] The LaChance Declaration is attached to this Application as **Exhibit C**.

4

OMM has experience practicing before this Court and has been actively involved in a wide variety of major chapter 11 cases.

14. Based on this experience, the Debtors believe that OMM is well qualified to represent the Restructuring Committee in these chapter 11 cases, including to assist it in performing its Mandate.

**B.     Services to be Provided**

15. Subject to further order of the Court, the Debtors request authority for the Restructuring Committee to retain and employ OMM to render the following legal services, including, without limitation:

(a) assist the Restructuring Committee in connection with the Mandate and related restructuring matters;

(b) advise the Restructuring Committee with respect to their rights, powers, and duties in connection with its Mandate and related restructuring matters;

(c) appear before the Court and any other courts to represent the interests of the Restructuring Committee before such courts; and

(d) attend meetings of the Board and represent the Restructuring Committee in negotiations relating to its Mandate and related restructuring matters.

16. The Restructuring Committee requires knowledgeable counsel to render these essential professional services, and, as described in the Shamah Declaration, OMM has substantial expertise in each of these areas. As a result, OMM is well qualified to perform these services and represent the Restructuring Committee in these chapter 11 cases. Subject to the Court's approval of this Application, OMM is willing to serve as the Restructuring Committee's counsel and to perform the services described above.

C.    **Professional Compensation**

17.    The Debtors request authority to compensate OMM for professional services rendered to the Restructuring Committee and reimburse OMM for expenses incurred in connection with these chapter 11 cases.

18.    The Debtors request that OMM be compensated at its standard hourly rates, which are based on the professional's level of experience. As set forth in the Shamah Declaration, OMM's current hourly rates for partners range from $1,100 to $1,650, other attorneys' hourly rates, including counsel positions, range from $610 to $1,040, and the hourly rates charged for OMM's legal assistants range from $190 to $440. The Debtors understand that OMM's rates are subject to annual and customary firm-wide adjustments in the ordinary course of OMM's business. The hourly rates and corresponding rate structure that OMM will use in these chapter 11 cases are consistent with the rates that OMM charges other comparable clients, regardless of the location of the clients or any associated case.

19.    OMM has advised the Restructuring Committee and the Debtors that the current hourly rates applicable to the principal attorneys at OMM working on the Mandate are:

| Professional | Hourly Rate |
|---|---|
| David J. Johnson Jr. | $ 1,475.00 |
| Daniel S. Shamah | $ 1,180.00 |
| Adam P. Haberkorn | $980.00 |
| Zachary A. Greenberg | $980.00 |
| Kai Zhu | $810.00 |

20.    In addition to the above attorneys, other attorneys and paraprofessionals may, from time to time, assist in the representation of the Restructuring Committee in connection with these chapter 11 cases at OMM's standard hourly rates in effect for such personnel.

21. The Debtors and the Restructuring Committee believe that these rates are consistent with market rates for comparable services and understand that OMM sets its hourly rates on an annual basis after consulting with various independent market sources.

22. In addition, the hourly rates set forth above are OMM's standard hourly rates for work of this nature.[4] These rates are set at a level designed to compensate OMM fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. OMM operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. OMM's hourly rates vary with the experience and seniority of the individuals assigned. OMM's hourly rates, however, are consistent with the rates that OMM charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case. OMM did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

23. OMM will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is OMM's policy to charge its clients for all disbursements and expenses incurred in rendering services, including, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

---

[4] Included in the Shamah Declaration are responses to the questions posed by section D(1) of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**").

**D.     Compensation Received by OMM from the Debtors**

24.     Other than as set forth above, there is no proposed arrangement between the Debtors and OMM for compensation to be paid in these chapter 11 cases. OMM has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1).

**E.     No Duplication of Services**

25.     The Debtors intend and believe that OMM's services will complement, and not unnecessarily duplicate, the services rendered by any other professional retained in these chapter 11 cases.

26.     OMM has advised the Restructuring Committee and the Debtors that it intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in these chapter 11 cases and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible. Rather than resulting in any extra expense to the Debtors' estates, the Debtors anticipate that the coordination of efforts of the Debtors' attorneys and other professionals will add to the progress and effective administration of these chapter 11 cases.

**F.     Disinterestedness of OMM**

27.     Bankruptcy Code section 327(e) requires that proposed counsel "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e). As set forth in the Shamah Declaration, however, OMM conducted a more thorough conflicts analysis with respect to individuals and entities that may be parties in interest in these chapter 11 cases. To the best of the Debtors' knowledge, OMM is a (i) "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), (ii) does not hold or represent an

interest adverse to the Debtors' estates, and (iii) has no connection to the Debtors, their creditors, or any parties in interest, except as may be disclosed in the Shamah Declaration.

28.  OMM will periodically review its files during these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, OMM will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## II. LEGAL BASIS FOR RELIEF REQUESTED

29.  Bankruptcy Code section 327(e) provides that a debtor "may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e). Retention of an attorney under section 327(e) does not call for the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 357 (5th Cir. 2005) ("As we have noted, special counsel employed under § 327(e) need only avoid possessing interests adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed.*") (emphasis in original) (internal quotation marks and citation omitted).

30.  In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (Bankr. D. Del. 2005); *accord In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010)

9

("Section 327(e) therefore allows the Debtor to employ special counsel with the court's approval subject to the four-prong test….").

31. Additionally, pursuant to Bankruptcy Code section 328(a), the Debtors "with the court's approval, may . . . authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on an retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Bankruptcy Code section 328(a) permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.

32. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S. trustee.

Fed. R. Bankr. P. 2014(a).

33. The Debtors submit that for all the reasons stated above and in the Shamah Declaration and the LaChance Declaration, the retention and employment of OMM as special counsel to the Restructuring Committee is warranted. Further, as stated in the Shamah Declaration, OMM is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and does not hold or represent an interest adverse to the Restructuring Committee, the Debtors, or the Debtors' estates and has no connection to the Restructuring Committee, the Debtors, their creditors, or other parties in interest, except as disclosed in the Shamah Declaration.

## **NOTICE**

34. Notice of this Application will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## **NO PRIOR APPLICATION**

35. The Debtors have not made any prior application for the relief sought in this application to this Court or any other.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested in its entirety and any other relief as is just and proper.

Dated: May 4, 2021
      Houston, Texas

                                                                                   */s/ Michael T. Dane*

                                                                                  Michael T. Dane
                                                                                  Senior Vice President & CFO
                                                                                  Fieldwood Energy LLC, *et al.*