IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**APACHE CORPORATION'S EMERGENCY MOTION TO QUASH SUBPOENA, OR ALTERNATIVELY FOR A PROTECTIVE ORDER, CONCERNING SUBPOENA FOR <u>RULE 30(B)(6) DEPOSITION AND DOCUMENT REQUESTS</u>**

> **Emergency relief has been requested. A hearing will be conducted on this matter on Thursday, May 6, 2021 at 4:00 pm prevailing Central Time.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than Friday, May 7, 2021.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

Apache Corporation ("Apache") files this emergency motion to quash (the "Motion") the improper subpoena served by Everest Reinsurance Company ("Everest") and HCC Insurance Company PLC ("HCCI"), or in the alternative for the issuance for a protective order, and respectfully state the matters set forth below:

## PRELIMINARY STATEMENT

1. The Subpoena (as defined below) served on Apache by Everest and HCCI is untimely, seeks information on purely legal matters and, given that Apache is a non-Debtor, is not proportional to the needs of this bankruptcy case as required by Rule 26 of the Federal Rules of Civil Procedure. The topics raised in the Subpoena and Surety Letter (as defined below) all relate to legal matters that the Court can rule on as a matter of law, without the need to burden Apache with discovery that does nothing to resolve the confirmability of the Plan.

2. For these reasons, as described more fully below, Apache respectfully requests that the Court quash the Subpoena in its entirety pursuant to Fed. R. Civ. P. 45(d), or alternatively requests that the Court enter a protective order, relieving Apache from any duty to respond to the Subpoena pursuant to Fed. R. Civ. P. 26(c), and grant Apache all other relief to which it is entitled.

## JURISDICTION

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a non-core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS PERTINENT TO SUBPOENA

4. On August 3 and August 4, 2020, Fieldwood Energy LLC ("FWE") and its debtor affiliates (collectively, the "Debtors") commenced their chapter 11 cases (the "Chapter 11 Cases") by each filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

5.	Apache is a party to that certain Restructuring Support Agreement, dated as of August 4, 2020 ("RSA"), with the Debtors and other parties (collectively, the "RSA Parties") in which Apache agreed, to the extent doing so does not impair the Decommissioning Security (as defined therein) or Apache's ability to draw on the Decommissioning Security in any respect, to support the Debtors' Plan of Reorganization.  Under the Debtors' current Plan, all of the Debtors' assets and obligations under the Decommissioning Agreement (as defined in the Plan) will vest in Fieldwood Energy I LLC ("FWE I") by virtue of a divisive merger.

6.	On January 5, 2021, in recognition of issues raised by various sureties—including but not limited to Everest and HCCI, U.S. Specialty Insurance Company, and Philadelphia Indemnity Insurance Company (collectively, the "Sureties")—and their significance to this bankruptcy, the Court set a January 20, 2021 deadline for the Sureties to file an adversary proceeding to resolve the status of their claim and related legal issues prior to the confirmation hearing.  *In re Fieldwood Energy, LLC, et al.*, No. 20-33948 (MI) Hr'g Tr. at 29:16-30:3-5 (Bankr. S.D.TX. Jan. 4, 2021).  None of the Sureties filed an adversary proceeding nor, until recently, articulated their legal positions to Apache.

7.	On April 6, 2021, the Court entered a scheduling order (the "Scheduling Order") allowing the Sureties (i) until April 14, 2021 to serve discovery related to confirmation matters; and (ii) from April 2, 2021 through and including May 10, 2021 to conduct fact witness depositions [Docket No. 1224].  The Court expanded the discovery timeline beyond that originally requested by the Debtors, in large part due to the requests by the Sureties for more time for discovery.  Prior to the April 14 deadline, none of the Sureties served discovery on Apache nor even raised the need for discovery from Apache.  This Court even set a timeline for the parties to meet and confer on discovery and report back to the Court on April 9, 2021.  While the respective counsels for the

Sureties were present at that hearing, none mentioned discovery on Apache nor asked to meet and confer with Apache prior to the hearing.

8. Two days after the discovery deadline, on April 16, 2021, counsel for Everest and HCCI sent an eight-page letter to Apache detailing legal arguments that allegedly "discharge" their and Philadelphia Indemnity Insurance Company's obligations to honor over $150 million worth of surety bonds with Apache as the obligee (the "<u>Surety Letter</u>"). A copy of the Surety Letter is annexed hereto as **<u>Exhibit A</u>**.

9. On April 21, 2021, counsel for Everest and HCCI sent a subpoena (the "<u>Subpoena</u>") to Apache noticing Apache's deposition pursuant to Fed. R. Civ. P. 30(b)(6) for May 10, 2021, and also requesting documents be produced after the Court-ordered deadline of April 14, 2021. A copy of the Subpoena is annexed hereto as **<u>Exhibit B</u>**.

## **ARGUMENTS AND AUTHORITIES**

**A.     The Subpoena should be quashed in its entirety**

10. Subpoenas are governed by Fed. R. Civ. P. 45 and 26, made applicable to bankruptcy proceedings under rules 9016 and 7026 of the Federal Rules of Bankruptcy Procedures, respectively. Pursuant to Rule 45(d)(3), in relevant part, courts "must quash or modify a subpoena that," among other things, "subjects a person to undue burden." Fed. R. Civ. P. 459d)(3)(A)(iv); *see also* Fed. R. Civ. P. 45(d)(1) (a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). The requested information must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

11. The document requests in the Subpoena are barred because Apache was not served with the Subpoena until a week *after* the discovery request deadline in the Scheduling Order.

4

There is no good cause for Everest or HCCI's delay in serving discovery. As discussed above, the Sureties identified their concerns to the Court in January and had ample opportunity to litigate those matters if they desired. Nothing new has occurred in the months since, much less after the discovery request deadline, to justify the late requests.

12. The 30(b)(6) deposition should likewise be quashed. While the Scheduling Order technically does not set a deadline for noticing depositions, the timing, target, and subject matter of the 30(b)(6) deposition call for it to be quashed. The legal matters raised in the Surety Letter are not the result of new events. Everest and HCCI nevertheless target Apache, a non-Debtor, for a 30(b)(6) deposition at the eleventh hour. Even more importantly, the subject of Everest and HCCI's deposition topics—as clearly set forth in the Surety Letter—are based on the mistaken assumption that Apache will control FWE I after confirmation and relates to the *legal* consequences flowing from the Apache Definitive Documents and the subjective intent of Apache regarding same.

13. Discovery is unnecessary because the effect of those agreements is determined as a matter of law and Apache's intent regarding same is of no probative value. *Total E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, 393 F. Supp. 3d 515, 526 (S.D. Tex. 2018) ("[T]he interpretation of an unambiguous contract presents a purely legal issue, well-suited for summary judgment."); *First Bank v. Brumitt*, 519 S.W.3d 95, 105 (Tex. 2017) ("When a contract's language is unambiguous, courts must 'construe the contract as a matter of law." (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). And even if probative evidence could arise from a 30(b)(6) deposition of Apache, the miniscule value of that evidence on the legal matters raised in the Surety Letter is not proportional to the needs of the bankruptcy case as required by Federal Rule of Procedure 26. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to relevant matters "proportional

to the needs of the case" considering, among other factors, "whether the burden or expense of discovery outweighs its likely benefit."). This is exactly what the Federal Rules forbid. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) (explaining the court "must" quash the subpoena if it "subjects a person to undue burden").

14. There is no reasonable basis to compel Apache to incur the significant inconvenience, expense, and burden of responding to the Subpoena, and the Subpoena should be quashed in its entirety.

**B.     The topics for examination set forth in the Subpoena are improper.**

15. As set forth below, each of the topics for examination in the Subpoena are also improper.

16. Topics 4, 5, 6, 7, 10, and 11 each focus on "Apache's intent" with respect to particular agreements (where such agreements have integration clauses and speak for themselves):

> 4. Apache's intent with respect to the Standby Credit Facility and use of the funds thereunder.
>
> 5. Apache's intent with respect to the Farmout Agreement.
>
> 6. Apache's intent with respect to the Joint Development Agreement.
>
> 7. Apache's intent with respect to the Transition Services Agreement.
>
> \*\*\*
>
> 10. Apache's intent with respect to the BOEM surety bonds for the Legacy Apache Properties.
>
> 11. Apache's intent with respect to the Trust A surety bonds and Trust A Cash.

17. These topics are not only of no probative value, they are also impermissibly vague. It is unclear whether Everest and HCCI seek Apache's intent as to the meaning of the agreements or its intent as to future actions relating to the agreements. This ambiguity violates Rule 30(b)(6),

6

which requires a party to describe the matters for examination with "reasonable particularity". Fed. R. Civ. P. 30(b)(6). Regardless, neither subject is a proper deposition topic in this bankruptcy case. Apache's subjective intent as to the meaning of the agreements is irrelevant because unambiguous contracts are construed as a matter of law. *Brumitt*, 519 S.W.3d 95 at 105. Apache's intent as to hypothetical future events has no bearing on the confirmability of the Debtors' Plan.

18. Topics 1, 2, 3, and 8 each pertain to FWE I, which will be created by virtue of a divisive merger of Fieldwood in the Plan. To the extent any responsive information exists on these topics, the Debtors, not Apache, are the appropriate parties to depose.

19. Lastly, topic 9 focuses on "[c]ommunications between Apache and the government related to the use of the BOEM surety bonds for the Legacy Apache Properties." Even if the Subpoena defined "BOEM surety bonds" (which is does not), Apache's communications with the government on that topic have no bearing on confirmation of the Plan in this case.

    **C.**    <u>**In the alternative, the Court should grant Apache a protective order.**</u>

20. Under Federal Rule 26(c), made applicable to these Chapter 11 Cases by Bankruptcy Rule 7026, a party may move for a protective order and a court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Such a protective order is particularly warranted here, where the Subpoena's topics offer no probative value, are impermissibly vague. Even if probative evidence could arise from a 30(b)(6) deposition of Apache, the miniscule value of that evidence on the legal matters raised in the Surety Letter is not proportional to the needs of the bankruptcy case as required by Federal Rule of Procedure 26 .

21. Here, Apache has established good cause for the Court to quash the Subpoena in full. For the same reasons, if the Court is not inclined to quash the Subpoena in its entirety, Apache

7

respectively requests that the Court issue a protective order that (i) relieves Apache from any obligation to produce documents, (ii) limits the deposition of Apache to existing facts as opposed to subjective intent or future plans about hypothetical events, and (iii) allows for the deposition to occur at a mutually agreeable time in the next 10 business days.

## CONCLUSION

22. For the reasons set forth herein, Apache respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 5, 2021                    Respectfully submitted,


/s/ Robin Russell
Robin Russell (Texas Bar No. 17424001)
Michael D. Morfey (Texas Bar No. 24007704)
Catherine A. Diktaban (Texas Bar No. 24109810)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285
E-mail:    rrussell@huntonak.com
           michaelmorfey@huntonak.com
           cdiktaban@huntonak.com

*Counsel for Apache Corporation*

**CERTIFICATE OF CONFERENCE**

The undersigned counsel conferred with counsel to Everest and HCCI on April 30, 2021 by telephone regarding the relief requested herein. Counsel opposed the relief requested.

*/s/ Robin Russell*
Robin Russell

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas on those parties registered to receive electronic notices.

*/s/ Robin Russell*
Robin Russell