# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY, LLC,** *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

### BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEBTORS

BP Exploration & Production Inc. ("BP"), by and through its undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 7034 and 9014, requests that the above-captioned debtors (collectively, the "Debtors") produce for inspection and copying, the papers, documents and tangible things within their possession, custody and control, designated below, at the law offices of Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002, at a mutually agreeable date and time, not later than April 30, 2021. In the alternative, the documents or copies thereof may be mailed to Craig Duewall, Esq. and Nicole Bakare, Esq., Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002, so as to be received by counsel for BP no later than April 30, 2021. Pursuant to Federal Rule of Bankruptcy Procedure 7034, the Debtors are also requested to serve a written response to this request, to be received by counsel for BP no later than April 30, 2021, stating, with respect to each item or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

ACTIVE 56459290v2

category, that documents requested will be produced, unless the request is objected to, in which case the reasons for the objection shall be stated.

## DEFINITIONS

A.  **Specific Terms Applicable to These Interrogatories and Requests**

    1.    "BP" means BP Exploration & Production Inc. and its affiliates.

    2.    "Disclosure Statement" means the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1270], as may be amended or supplemented.

B.  **General Terms Applicable to These Interrogatories and Requests**

    3.    The terms "concerning," "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, constituting, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

    4.    "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation: accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations; experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these discovery requests. Any document identified or described in a discovery request, or which contains information or is otherwise related to the substance of a discovery request, will include any document, in draft or final form, either sent or received by the Debtors. This term also includes any documents now or ever in the Debtors' possession, custody or control, or available

to the Debtors, the Debtors' attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

5. The term "communication" refers to any oral conversation, transaction, or interaction (including telephone calls), and any written transaction or interaction (including letters, memoranda, notes, telecopies, facsimiles, telex, emails, electronic transmission of information, or other transfer of documents), as well as the transfer of any document or tangible thing between persons.

6. The term "person" or "entity" shall mean any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

7. The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9. The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

10. The use of the singular form of any word includes the plural and vice versa.

11. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

12. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

## **INSTRUCTIONS**

1. In responding to these requests, furnish all information which is available to the Debtors, including information in the possession of the Debtors' agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on the Debtors' behalf, and not merely such information known of the Debtors' own knowledge. If the Debtors are unable to locate any requested document after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

2. These requests are continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information the Debtors provide. Supplemental documents are to be served as soon as reasonably possible.

3. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the

3

document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

4. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all persons to whom distributed or shown; (i) date of destruction or other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7034, which incorporates Rule 34(b) of the Federal Rules of Civil Procedure, all documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

## **INTERROGATORIES**

1. Identify by name and title all individuals who assisted in preparing the answers to these Interrogatories.

2. Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who was at any time invited to bid and/or to whom Houlihan marketed the Deepwater Assets during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

3. Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who submitted one (or more) of the 12 written bid letters or other indications of interest during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

4. Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who executed a confidentiality agreement and obtained access to the Houlihan's Sell Side virtual data room during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

5. Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who accessed the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig and for each person or entity identified, identify the database(s) it accessed.

4

6. Provide the following information regarding the Houlihan's Sell Side virtual data room discussed on page 6 of the Disclosure Statement:

(a) the name, address, and telephone number of the person or entity who hosted the data room;

(b) whether, when, where, how, and by whom any back-up of the data room was made and the identity of who has access (care, custody, and/or control) to any such back-up;

(c) the date on which the data room was taken down and if different the date that the data room was deleted and/or destroyed; and

(d) whether, when, where, how, and by whom the data room was archived upon being taken down and the identity of who has access (care, custody, and/or control) to the archive.

## DOCUMENTS REQUESTED

23. Copies of the confidentiality agreement(s) signed by each person or entity identified in your answer to Interrogatory No. 4.

24. All of the documents and other data and information available at any time in Houlihan's Sell Side virtual data room from the June 2020 M&A process discussed in the Disclosure Statement and provided to Creditors Committee's advisors. *See* Disclosure Statement at p. 6.

25. Access to the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig.

26. Copies of the "15 management presentations" and the "12 written bid letters and other indications of interest" as discussed in the Disclosure Statement as well as any other bid letters or other indications of interest received by Fieldwood in the last year. *See* Disclosure Statement at p. 6.

[*Remainder of this page intentionally left blank.*]

Date:   April 14, 2021		Respectfully submitted,

            **GREENBERG TRAURIG, LLP**

           By:*/s/ Craig A. Duewall*
            Craig A. Duewall (admitted *pro hac vice*)
            Texas State Bar Number 24025334
            DuewallC@gtlaw.com
            300 West 6th Street, Suite 2050
            Austin, Texas 78701
            Telephone: (512) 320-7200
            Facsimile: (512) 320-7210

            -and-

            Shari L. Heyen
            Texas State Bar Number 09564750
            HeyenS@gtlaw.com
            Karl D. Burrer
            Texas State Bar Number 24043584
            BurrerK@gtlaw.com
            Nicole S. Bakare
            Texas State Bar Number 24056017
            BakareN@gtlaw.com
            1000 Louisiana Street, Suite 1700
            Houston, Texas 77002
            Telephone: (713) 374-3500
            Facsimile: (713) 374-3505

            – and –

            David B. Kurzweil (*admitted pro hac vice*)
            KurzweilD@gtlaw.com
            3333 Piedmont Road, NE, Suite 2500
            Atlanta, Georgia 30305
            Telephone: (678) 553-2100
            Facsimile: (678) 553-2212

            **Counsel for BP Exploration & Production Inc.**

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing was served by electronic mail to:

Alfredo R. Perez, Esq.,
Alfredo.Perez@weil.com.
Clifford Carlson, Esq.
Clifford.Carlson@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1700
Houston, Texas 77002

Matthew S. Barr, Esq.
Matt.Barr@weil.com
Jessica Liou, Esq.
Jessica.Liou@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Paul R. Genender, Esq.
Paul.Genender@weil.com
Erin M. Choi
Erin.Choi@weil.com
Weil, Gotshal & Manges, LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201

Dated: April 14, 2021
   Houston, Texas

             By: */s/ Karl D. Burrer*
               Karl D. Burrer