# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| **FIELDWOOD ENERGY LLC,** *et al.*, Debtors.[1] | § § § § | Case No. 20-33948 (MI) (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable by Rules 7026, 7033, 7034, and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby respond and object to BP Exploration and Production Inc.'s ("**BP**") First Set of Interrogatories and Second Set of Requests for Production of Documents to the Debtors, dated April 14, 2021 (collectively, the "**Requests**," and each, a "**Request**").[2] The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494): Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930): FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Requests unless otherwise noted herein.

## RESERVATION OF RIGHTS

1. With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or other court orders governing the proper scope, timing, and extent of discovery in these proceedings.

2. The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests or responses or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity; and (d) the right to revise, correct, supplement, or clarify the responses or any of the objections herein at any time.

3. The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. By producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand or subpoena, or any case brought by BP or any other party.

4. Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any matter brought by BP or any other party, or that requests for similar information will be treated in a similar fashion. Whether the Debtors have produced documents or objected to any particular Request should not be interpreted as an admission that the

Debtors accept or admit the existence of any fact(s) set out or assumed by such Request, or that such production or objection constitutes admissible evidence.

## GENERAL OBJECTIONS

These general objections (the "**General Objections**") are applicable to the Requests in their entirety and are incorporated into each specific response below as if fully repeated therein. The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

1. The Debtors object to the Requests, including, without limitation, the instructions and definitions therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in these chapter 11 proceedings.

2. The Debtors object to the Requests insofar as they seek the production of "all" documents and communications concerning any given subject on the grounds that it is impracticable, overly broad, and otherwise unduly burdensome for the Debtors to locate and produce every conceivable responsive document, including those stored electronically.

3. The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; and/or (d) any other applicable privilege, protection, or immunity from discovery.  The Debtors will not disclose information or produce documents protected by any privilege, rule, doctrine, immunity, or other similar protection.  Accordingly, any production of such documents or information would be inadvertent, and should not be deemed a waiver of such privilege, rule, doctrine, immunity, or other protection

or of any grounds for objection to discovery with respect to such information or the subject matter thereof, or of the Debtors' right to object to the use of any such information during any subsequent proceeding.  The Debtors reserve the right to redact any material covered by items (a) through (d) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

4. The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third parties.

5. The Debtors object to the Requests to the extent they require disclosure that would constitute a violation of any law or regulation, including applicable federal, state, or other privacy laws or data localization laws.

6. The Debtors object to the Requests insofar as the breadth, burden, and expense of responding to the Requests outweighs the Requests' purported relevance and is disproportional to the needs of the case.  Furthermore, the Debtors object to the Requests to the extent they are so broad as to be more disruptive and costly to the Debtors than beneficial to BP.

7. The Debtors object to the Requests to the extent they call for the production of documents not within the Debtors' possession, custody, or control or for production of documents not obtainable by means of a reasonably diligent search.

8. Any response to the Requests is made solely for the purpose of contested matters related to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1284) (the "**Plan**"), and any future supplements or amendments that may be

made to the Plan, and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

9. The Debtors reserve the right to further object to the production of documents in response to the Requests to the extent it is not related to any contested matter between the Debtors and BP.

10. The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement these responses and objections to the Requests.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1. The Debtors object to Instruction Nos. 1 and 2 to the extent they purport to require the production of documents that are not in the possession, custody, or control of the Debtors.

2. The Debtors object to Instruction Nos. 1 and 2 to the extent they purport to require the disclosure of information protected by the attorney-client privilege, the work-product doctrine, and/or any common interest or other applicable privilege.

3. The Debtors object to the definition of "Concerning" in Definition No. 3 on the grounds that the term is vague and unreasonably broad and, therefore, the Requests, if any, to which each term applies are unreasonably burdensome.

4. The Debtors object to the definitions of "Document" and "Communication" in Definition Nos. 4 and 5 as overbroad, unduly burdensome, and vague to the extent such terms purport to conflict with the definition of the terms "Document" and "Communication" as used in applicable Federal Rules, Bankruptcy Rules, and Local Rules. For purposes of these responses and objections, the Debtors will interpret "Document" and "Communication" as defined and interpreted in the applicable Federal Rules, Bankruptcy Rules, and Local Rules.

5.   The Debtors object to Instruction No. 5 insofar as it requests production of documents in a manner different from how the Debtors have been producing documents to date. The Debtors have produced the documents asked for in the Requests to Box in the same manner the Debtors have been doing throughout the case, and will continue to do so, as necessary.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

Subject to and without waiver of the foregoing General Objections, each of which is incorporated by reference into each response below, the Debtors respond to BP's specific Requests as follows:

### INTERROGATORY NO. 1

Identify by name and title all individuals who assisted in preparing the answers to these Interrogatories.

### RESPONSE:

The following individuals from the Debtors assisted in preparing answer to these Interrogatories:

- Garrett Galloway, Director of Finance
- Thomas Lamme, Senior Vice President, General Counsel, and Secretary
- Counsel for the Debtors

### INTERROGATORY NO. 2

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who was at any time invited to bid and/or to whom Houlihan marketed the Deepwater Assets during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

### RESPONSE:

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder,

and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**INTERROGATORY NO. 3**

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who submitted one (or more) of the 12 written bid letters or other indications of interest during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**INTERROGATORY NO. 4**

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who executed a confidentiality agreement and obtained access to the Houlihan's Sell Side virtual data room during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation

Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**INTERROGATORY NO. 5**

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who accessed the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig and for each person or entity identified, identify the database(s) it accessed.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**INTERROGATORY NO. 6**

Provide the following information regarding the Houlihan's Sell Side virtual data room discussed on page 6 of the Disclosure Statement:

    (a) the name, address, and telephone number of the person or entity who hosted the data room;

    (b) whether, when, where, how, and by whom any back-up of the data room was made and the identity of who has access (care, custody, and/or control) to any such backup;

    (c) the date on which the data room was taken down and if different the date that the data room was deleted and/or destroyed; and

(d) whether, when, where, how, and by whom the data room was archived upon being taken down and the identity of who has access (care, custody, and/or control) to the archive.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1 and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**REQUEST FOR PRODUCTION NO. 23**

Copies of the confidentiality agreement(s) signed by each person or entity identified in your answer to Interrogatory No. 4.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**REQUEST FOR PRODUCTION NO. 24**

All of the documents and other data and information available at any time in Houlihan's Sell Side virtual data room from the June 2020 M&A process discussed in the Disclosure Statement and provided to Creditors Committee's advisors. See Disclosure Statement at p. 6.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**REQUEST FOR PRODUCTION NO. 25**

Access to the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**REQUEST FOR PRODUCTION NO. 26**

Copies of the "15 management presentations" and the "12 written bid letters and other indications of interest" as discussed in the Disclosure Statement as well as any other bid letters or other indications of interest received by Fieldwood in the last year. See Disclosure Statement at p. 6.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

Dated: April 30, 2021

Respectfully submitted,

  */s/  Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez
Clifford W. Carlson
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*admitted pro hac vice*)
Jessica Liou (*admitted pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Matt.Barr@weil.com
       Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender
Erin M. Choi
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone:  (214) 746-7700
Facsimile:  (212) 746-7777
Email:  Paul.Genender@weil.com
       Erin.Choi@weil.com

*Attorneys for the Debtors*

## VERIFICATION

I, Thomas R. Lamme, Senior Vice President, General Counsel, and Secretary of Fieldwood Energy LLC. I am the agent of the Debtors for the purpose of answering BP's Requests. I have read the foregoing interrogatories and the answers to those interrogatories, and affirm that the facts contained in the foregoing answers are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of April, 2021.

*/s/ Thomas R. Lamme*
Thomas R. Lamme

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the parties listed below, as indicated, April 30, 2021.

**Via Email**
Craig A. Duewall
DuewallC@gtlaw.com
Greenberg Traurig, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701

Shari L. Heyen
HeyenS@gtlaw.com
Karl D. Burrer
BurrerK@gtlaw.com
Nicole S. Bakare
BakareN@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002

David B. Kurzweil (*admitted pro hac vice*)
KurzweilD@gtlaw.com
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez