# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY, LLC,** *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

## EMERGENCY MOTION TO COMPEL DEBTORS TO RESPOND SUBSTANTIVELY TO AN INTERROGATORY, PRODUCE DOCUMENTS, AND/OR ALLOW ACCESS TO DATA ROOM(S)

**Emergency relief has been requested.**

**If you object to the requested relief or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**

**Relief is requested not later than May 7, 2021.**

BP Exploration & Production Inc. ("BP") files this Emergency Motion (the "Emergency Motion")[2] requesting that the Court compel Debtors to respond to an interrogatory and produce and/or allow access to certain information pursuant to sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure (the "Federal Rules") as incorporated by Rules 7026, 7033,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] BP notes that the Scheduling Order contemplates the filing of letter briefs if the parties are unable to resolve discovery disputes. [Dkt. No. 1224 at ¶ 2]. Thereafter, on April 30, 2021, pursuant to the Scheduling Order, Apache Corporation ("Apache") filed a letter brief addressing a discovery dispute. [Dkt. No. 1322]. On May 3, 2021, the Court construed Apache's letter brief as a motion for leave to file an emergency motion under the local rules and granted Apache leave to file the same. [Dkt. No. 1322]. Therefore, consistent with the Court's guidance to Apache, BP files this Emergency Motion in accordance with Local Bankruptcy Rule 1075-1 and the Procedures for Complex Chapter 11 cases instead of filing a letter brief.

7034, 7037, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's Scheduling Order [Dkt. No. 1224], and respectfully states as follows:

## I.   BACKGROUND

1.      On April 6, 2021, this Court issued a scheduling order (the "Scheduling Order")

which provided an April 14, 2021 deadline to serve discovery requests and an April 30, 2021

deadline to complete document production and responses to other discovery requests. [Dkt. No.

1224 at ¶ 1].

2.      On April 14, 2021, BP served its "First Set of Interrogatories and Second Set of

Requests for Production of Documents to the Debtors." *See* **Exhibit A.**

3.      BP's discovery requests sought in relevant part:

**Interrogatory No. 4:**

> Identify by name and address, and provide the name, address, telephone number,
> and e-mail address of the primary point of contact for, each person or entity who
> executed a confidentiality agreement and obtained access to the Houlihan's Sell
> Side virtual data room during the course of the M&A process, as discussed on page
> 6 of the Disclosure Statement.

**Request for Production Nos. 24–26:**

> 24. All of the documents and other data and information available at any time in
> Houlihan's Sell Side virtual data room from the June 2020 M&A process discussed
> in the Disclosure Statement and provided to Creditors Committee's advisors. *See*
> Disclosure Statement at p. 6.

> 25. Access to the "other data rooms" (or the documents and other data and
> information available at any time in such data rooms) referenced in the April 6,
> 2021 information request conference between Weil and Greenberg Traurig.

> 26. Copies of the "15 management presentations" and the "12 written bid letters
> and other indications of interest" as discussed in the Disclosure Statement as well
> as any other bid letters or other indications of interest received by Fieldwood in the
> last year. *See* Disclosure Statement at p. 6.

*See* **Exhibit A.**

4.      On April 30, 2021, Debtors served their responses and objections to the same.  *See*

**Exhibit B**.  For each of the above requests, the objections and responses were identical:

> The Debtors object to this Request on the grounds fully articulated in General
> Objection Nos. 1, 4, and 6.
>
> Subject to and without waiver of the foregoing objections, the Debtors have already
> produced all relevant and proportional documents and information in the "FWE –
> Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4
> – Expert Materials" folder, and the data room index the Debtors emailed BP on
> April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021,
> BP will inform the Debtors if it identifies any further documents or information it
> needs related to this Request.

*See* **Exhibit B.**  Debtors did not provide the information sought in Interrogatory No. 4 and did not

produce or make accessible the information sought in Request for Production Nos. 24 through 26.

5.      On May 5, 2021, BP's counsel held a final meet and confer by videoconference

with counsel for Debtors.  That was only the most recent discussion in a conversation between BP

and Debtors about these issues that has been ongoing for over a month and initially previewed to

the Court during the hearing conducted on April 9, 2021.  The parties were unable to resolve their

disagreement regarding these discovery disputes.

## II.      JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the Southern District of Texas has

jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III.      ARGUMENT AND AUTHORITIES

### A.      Legal Standard

7.      Under Rule 26 of the Federal Rules of Civil Procedure, made applicable to this

contested matter by Rules 7026 and 9014(c) of the Bankruptcy Rules, BP is entitled to discovery

regarding any matter that is relevant to BP's claims or Debtors' defenses, subject only to the limitation that such discovery is "proportional to the needs of the case." See FED. R. CIV. P. 26(b)(1). Indeed, it is well established that Rule 26 embodies a broad discovery policy and should be liberally construed in favor of disclosure. *See, e.g.*, *INTL FCStone Fin., Inc. v. OptionSellers.com, Inc.*, No. 6:21-MC-0004-JDK, 2021 WL 1540528, at *2 (E.D. Tex. Apr. 20, 2021) ("The scope of discovery in federal court is broad.").

8.      In the bankruptcy context, however, debtors are required to provide even more information than is ordinarily required in civil litigation. "Debtors must divulge all relevant facts in order to receive the full benefits and protections of the Bankruptcy Code, with the broad policy and goals of the Code favoring transparency and disclosure whenever possible." *In re McDowell*, 483 B.R. 471, 477 (Bankr. S.D. Tex. 2012) (cleaned up) (internal citations omitted). Moreover, "[i]n bankruptcy, the expectation of confidentiality is diminished, with debtors—unlike other civil litigants—continually and affirmatively required to disclose" numerous categories of information that "must be reliable and complete." *Id.* at 485–86 (internal citations omitted).

9.      When a dispute arises over permissible discovery, Rule 37 of the Federal Rules of Civil Procedure, which is incorporated into contested matters by Rules 7037 and 9014(c) of the Bankruptcy Rules, governs the resolution of that dispute. In general, Rule 37 governs the provision of relief in the form of compelling a party's response and provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1); *see also* FED. R. BANKR. P. 7037, 9014(c). It is the burden of the party resisting discovery and opposing a motion to compel to "specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery . . . or that a

discovery request would impose an undue burden or expense or is otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015).

**B.      BP Needs the Information It Is Seeking**

10.      Here, BP is evaluating whether to maintain its opposition to confirmation of the Plan. As part of that process, it is seeking information that is relevant to that analysis and may be used to support BP's ultimate opposition (if any) to Plan confirmation.

11.      To that end, BP is seeking discovery into the "M&A Process" described in Debtors' Disclosure Statement—a process that began pre-petition and in which the Debtor's investment banker "marketed the Deepwater Assets to 47 parties identified as potential third party buyers" including "a broad spectrum of national and international strategic buyers and financial sponsors[.]" [Dkt. No. 1285 at p. 6]. As further explained by Debtors, post-petition the M&A Process "resulted in 18 parties executing confidentiality agreements and obtaining access to a virtual data room ("**VDR**"), 15 management presentations, and receipt of approximately 12 written bid letters and other indications of interest." [*See id.*]. Moreover, the Creditor's Committee advisors were given "access to all of the information provided to potential buyers, including access to the VDR." [*See id.*].

12.      Among other things, the requested information should demonstrate whether the Plan is being proposed in good faith by permitting parties to analyze the process by which Debtors sought out alternatives to the plan. *See* 11 U.S.C. § 1129(a)(3). Additionally, it will show how the market was recently valuing the NewCo assets—something extremely relevant to determining whether the Plan is in the best interest of creditors. *See* 11 U.S.C. § 1129(a)(7)(A). Furthermore, the market's view of the NewCo assets should provide much needed insight into the feasibility of NewCo itself. *See* 11 U.S.C. § 1129(a)(11).

Debtors' Exhibit No. 4
Page 5 of 34

13.     By providing the information sought in Request No. 24 to potential purchasers and the Creditors Committee's advisors, Debtors have admitted its relevance to valuation.  Similarly Request Nos. 25 and 26 seek information that will, among other things, provide insight into the market's reaction and valuation of Debtors' assets and liabilities.

14.     Any argument that the information and/or materials sought relate only NewCo has no merit and only supports BP's argument for production.  The feasibility of NewCo is one of the most important issues in this case.  If NewCo is destined to fail and abandon even more properties in the Gulf of Mexico than the thousands that Debtors have proposed abandoning under the Plan, it would be better for the stakeholders to start dealing with that reality now and not in the years to come.

15.     Debtors' expert reports regarding value raise many questions.  It is difficult to imagine a better way to check the analysis of the Debtors' expert than to compare it to the offers that were actually received last year and the operational data that Debtors were keeping in their ordinary course of business.

16.     Such information is also directly relevant to the 363 Credit Bid Transaction proposed under the Plan which the Plan currently requires if the plan is not confirmed by June 16, 2021 (i.e., the "Confirmation Outside Date").  The Plan specifically requires Debtors to seek approval of a standalone sale motion to the Lenders.  [Dkt. No. 1284 at § 5.2(c)].  Such a motion requires analysis of whether, *inter alia*, there is sufficient evidence that Debtors have a sound business justification for the sale.  In the absence of access to the data room, the competing offers, and the manner and form that the information was provided to potential buyers, it is impossible for parties such as BP to test whether the Credit Bid Transaction is supported by a sound business justification.

Debtors' Exhibit No. 4
Page 6 of 34

17.     Although Debtors' offer to provide BP access to discrete documents from the database may sound reasonable in the abstract, it is inadequate in the present case.  First, as stated above, when Debtors were marketing their assets last year, they presumably thought all of the information in the data room was relevant to potential purchasers—why else would it be included?  Second, according to the index, the data room contained over 19,700 documents and it is difficult to know based on cryptic descriptions in the index what material to request.  Third, if counsel for BP is required to go back to Debtors each time they realize they should have requested additional documents from the data room, they will be losing valuable time and may inadvertently reveal BP's legal arguments and strategy prematurely.

## C.     **Debtors' Objections are Insufficient**

18.     As an initial matter, Debtors are relying entirely upon boilerplate objections and made no effort to tailor those objections to the specific requests.  This is improper.  *See, e.g., Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 185 (N.D. Iowa 2017) (internal quotation marks and citation omitted) ("merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc., without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the proponent's] discovery requests simply is not enough.").

19.     Here, General Objection 1 is asserted in response to each of the four requests addressed above "to the extent" BP is seeking information it is not entitled to seek in discovery, but it makes no attempt to explain how BP is doing that.  BP is only seeking information it is entitled to seek under the Federal Rules and the Bankruptcy Rules.

20.     As to General Objection 4, it is also asserted as to each of the four requests.  This objection is peculiar because Debtors are signatories to this Court's Amended Stipulated Protective Order, which permits the parties to designate sensitive information as Confidential or Highly Confidential to protect it.  [Dkt. No. 989][3].  If Debtors need to protect this information, they should designate it accordingly.

21.     Similarly, General Objection 6 is asserted in response to each of the requests at issue, but Debtors make no attempt to explain how the "breadth, burden, and expense of responding to the Requests outweighs the Requests' purported relevance and is disproportional to the needs of the case."  Nor do Debtors explain their conclusory statement that the requests are "more disruptive and costly to the Debtors than beneficial to BP."  Regarding those requests that seek access to data room(s), it appears as though it would be extremely easy to provide BP's counsel and professionals access to that information just like the potential purchasers were provided access last year.  As to the remaining requests, they are defined sufficiently narrowly to not be overly broad or burdensome.

### IV.     CONCLUSION AND REQUEST FOR EMERGENCY HEARING

BP requests that the Court overrule Debtors' objections and order Debtors to respond substantively to Interrogatory No. 4 and to produce the documents and/or provide access to the information sought in Request for Production Nos. 24–26.  If the Court determines that oral argument is necessary, BP requests an expedited hearing at the Court's earliest convenience.

*[remainder of page intentionally left blank]*

---

[3] BP reserves the right to challenge any such designations—especially in light of the fact that BP was previously offered access to the data room as part of Debtors' 2020 M&A process.

Debtors' Exhibit No. 4
Page 8 of 34

Dated:  May 5, 2021

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Karl D. Burrer*                
Shari L. Heyen
Texas State Bar Number 09564750
HeyenS@gtlaw.com
Karl D. Burrer
Texas State Bar Number 24043584
BurrerK@gtlaw.com
Nicole S. Bakare
Texas State Bar Number 24056017
BakareN@gtlaw.com
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

Craig A. Duewall (admitted *pro hac vice*)
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

David B. Kurzweil (*admitted pro hac vice*)
KurzweilD@gtlaw.com
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

*Counsel for BP Exploration & Production Inc.*

Debtors' Exhibit No. 4
Page 9 of 34

## CERTIFICATE OF ACCURACY

The undersigned herby certifies that the facts and circumstances described in the above pleading giving rise to the emergency request are true and accurate to the best of my knowledge, information and belief.

*/s/ Craig A. Duewall*
Craig A. Duewall

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the parties met and conferred to attempt to resolve all discovery disputes.  While substantial progress was made, the parties were unable to resolve the matters herein.

*/s/ Craig A. Duewall*
Craig A. Duewall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on May 5, 2021.

*/s/ Craig A. Duewall*
Craig A. Duewall

Debtors' Exhibit No. 4
Page 10 of 34

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY, LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

### BP EXPLORATION & PRODUCTION INC.'S FIRST SET
### OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO THE DEBTORS

BP Exploration & Production Inc. ("BP"), by and through its undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 7034 and 9014, requests that the above-captioned debtors (collectively, the "Debtors") produce for inspection and copying, the papers, documents and tangible things within their possession, custody and control, designated below, at the law offices of Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002, at a mutually agreeable date and time, not later than April 30, 2021. In the alternative, the documents or copies thereof may be mailed to Craig Duewall, Esq. and Nicole Bakare, Esq., Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002, so as to be received by counsel for BP no later than April 30, 2021. Pursuant to Federal Rule of Bankruptcy Procedure 7034, the Debtors are also requested to serve a written response to this request, to be received by counsel for BP no later than April 30, 2021, stating, with respect to each item or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*ACTIVE 56459290v2*

category, that documents requested will be produced, unless the request is objected to, in which case the reasons for the objection shall be stated.

## DEFINITIONS

**A.      Specific Terms Applicable to These Interrogatories and Requests**

1.      "BP" means BP Exploration & Production Inc. and its affiliates.

2.      "Disclosure Statement" means the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1270], as may be amended or supplemented.

**B.      General Terms Applicable to These Interrogatories and Requests**

3.      The terms "concerning," "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, constituting, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

4.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation:  accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations; experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description.  Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these discovery requests.  Any document identified or described in a discovery request, or which contains information or is otherwise related to the substance of a discovery request, will include any document, in draft or final form, either sent or received by the Debtors.  This term also includes any documents now or ever in the Debtors' possession, custody or control, or available

2

to the Debtors, the Debtors' attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

5.      The term "communication" refers to any oral conversation, transaction, or interaction (including telephone calls), and any written transaction or interaction (including letters, memoranda, notes, telecopies, facsimiles, telex, emails, electronic transmission of information, or other transfer of documents), as well as the transfer of any document or tangible thing between persons.

6.      The term "person" or "entity" shall mean any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

7.      The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

8.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9.      The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

12.     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

## **INSTRUCTIONS**

1.      In responding to these requests, furnish all information which is available to the Debtors, including information in the possession of the Debtors' agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on the Debtors' behalf, and not merely such information known of the Debtors' own knowledge. If the Debtors are unable to locate any requested document after exercising due diligence to secure the requested information, so state, and answer to the extent possible.

2.      These requests are continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information the Debtors provide. Supplemental documents are to be served as soon as reasonably possible.

3.      If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the

document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

4.       In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all persons to whom distributed or shown; (i) date of destruction or other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

5.       Pursuant to Federal Rule of Bankruptcy Procedure 7034, which incorporates Rule 34(b) of the Federal Rules of Civil Procedure, all documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

## <u>INTERROGATORIES</u>

1.       Identify by name and title all individuals who assisted in preparing the answers to these Interrogatories.

2.       Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who was at any time invited to bid and/or to whom Houlihan marketed the Deepwater Assets during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

3.       Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who submitted one (or more) of the 12 written bid letters or other indications of interest during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

4.       Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who executed a confidentiality agreement and obtained access to the Houlihan's Sell Side virtual data room during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

5.       Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who accessed the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig and for each person or entity identified, identify the database(s) it accessed.

4

6.      Provide the following information regarding the Houlihan's Sell Side virtual data room discussed on page 6 of the Disclosure Statement:

(a)      the name, address, and telephone number of the person or entity who hosted the data room;

(b)      whether, when, where, how, and by whom any back-up of the data room was made and the identity of who has access (care, custody, and/or control) to any such back-up;

(c)      the date on which the data room was taken down and if different the date that the data room was deleted and/or destroyed; and

(d)      whether, when, where, how, and by whom the data room was archived upon being taken down and the identity of who has access (care, custody, and/or control) to the archive.

## **DOCUMENTS REQUESTED**

23.      Copies of the confidentiality agreement(s) signed by each person or entity identified in your answer to Interrogatory No. 4.

24.      All of the documents and other data and information available at any time in Houlihan's Sell Side virtual data room from the June 2020 M&A process discussed in the Disclosure Statement and provided to Creditors Committee's advisors.  *See* Disclosure Statement at p. 6.

25.      Access to the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig.

26.      Copies of the "15 management presentations" and the "12 written bid letters and other indications of interest" as discussed in the Disclosure Statement as well as any other bid letters or other indications of interest received by Fieldwood in the last year.  *See* Disclosure Statement at p. 6.

[*Remainder of this page intentionally left blank.*]

Date:   April 14, 2021                    Respectfully submitted,

                                          **GREENBERG TRAURIG, LLP**

                                   By:*/s/ Craig A. Duewall*
                                          Craig A. Duewall (admitted *pro hac vice*)
                                          Texas State Bar Number 24025334
                                          DuewallC@gtlaw.com
                                          300 West 6th Street, Suite 2050
                                          Austin, Texas 78701
                                          Telephone: (512) 320-7200
                                          Facsimile: (512) 320-7210

                                          -and-

                                          Shari L. Heyen
                                          Texas State Bar Number 09564750
                                          HeyenS@gtlaw.com
                                          Karl D. Burrer
                                          Texas State Bar Number 24043584
                                          BurrerK@gtlaw.com
                                          Nicole S. Bakare
                                          Texas State Bar Number 24056017
                                          BakareN@gtlaw.com
                                          1000 Louisiana Street, Suite 1700
                                          Houston, Texas 77002
                                          Telephone: (713) 374-3500
                                          Facsimile: (713) 374-3505

                                          – and –

                                          David B. Kurzweil (*admitted pro hac vice*)
                                          KurzweilD@gtlaw.com
                                          3333 Piedmont Road, NE, Suite 2500
                                          Atlanta, Georgia 30305
                                          Telephone: (678) 553-2100
                                          Facsimile: (678) 553-2212

                                          *Counsel for BP Exploration & Production Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic mail to:

Alfredo R. Perez, Esq.,
Alfredo.Perez@weil.com.
Clifford Carlson, Esq.
Clifford.Carlson@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1700
Houston, Texas 77002

Matthew S. Barr, Esq.
Matt.Barr@weil.com
Jessica Liou, Esq.
Jessica.Liou@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Paul R. Genender, Esq.
Paul.Genender@weil.com
Erin M. Choi
Erin.Choi@weil.com
Weil, Gotshal & Manges, LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201

Dated: April 14, 2021
          Houston, Texas

By: */s/ Karl D. Burrer*_____
          Karl D. Burrer

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **FIELDWOOD ENERGY LLC**, *et al.*, Debtors.[1] | § § § | Case No. 20-33948 (MI) |
| | § | (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &**
**PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable by Rules 7026, 7033, 7034, and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby respond and object to BP Exploration and Production Inc.'s ("**BP**") First Set of Interrogatories and Second Set of Requests for Production of Documents to the Debtors, dated April 14, 2021 (collectively, the "**Requests**," and each, a "**Request**").[2]  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494): Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930): FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Requests unless otherwise noted herein.

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &**
**PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 1 of 13**

### RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or other court orders governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving:  (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests or responses or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity; and (d) the right to revise, correct, supplement, or clarify the responses or any of the objections herein at any time.

3.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.  By producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand or subpoena, or any case brought by BP or any other party.

4.      Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any matter brought by BP or any other party, or that requests for similar information will be treated in a similar fashion.  Whether the Debtors have produced documents or objected to any particular Request should not be interpreted as an admission that the

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 2 of 13**

Debtors accept or admit the existence of any fact(s) set out or assumed by such Request, or that such production or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

These general objections (the "**General Objections**") are applicable to the Requests in their entirety and are incorporated into each specific response below as if fully repeated therein. The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

1.      The Debtors object to the Requests, including, without limitation, the instructions and definitions therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in these chapter 11 proceedings.

2.      The Debtors object to the Requests insofar as they seek the production of "all" documents and communications concerning any given subject on the grounds that it is impracticable, overly broad, and otherwise unduly burdensome for the Debtors to locate and produce every conceivable responsive document, including those stored electronically.

3.      The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; and/or (d) any other applicable privilege, protection, or immunity from discovery.  The Debtors will not disclose information or produce documents protected by any privilege, rule, doctrine, immunity, or other similar protection.  Accordingly, any production of such documents or information would be inadvertent, and should not be deemed a waiver of such privilege, rule, doctrine, immunity, or other protection

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 3 of 13**

Debtors' Exhibit No. 4
Page 22 of 34

or of any grounds for objection to discovery with respect to such information or the subject matter thereof, or of the Debtors' right to object to the use of any such information during any subsequent proceeding.  The Debtors reserve the right to redact any material covered by items (a) through (d) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

4.     The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third parties.

5.     The Debtors object to the Requests to the extent they require disclosure that would constitute a violation of any law or regulation, including applicable federal, state, or other privacy laws or data localization laws.

6.     The Debtors object to the Requests insofar as the breadth, burden, and expense of responding to the Requests outweighs the Requests' purported relevance and is disproportional to the needs of the case.  Furthermore, the Debtors object to the Requests to the extent they are so broad as to be more disruptive and costly to the Debtors than beneficial to BP.

7.     The Debtors object to the Requests to the extent they call for the production of documents not within the Debtors' possession, custody, or control or for production of documents not obtainable by means of a reasonably diligent search.

8.     Any response to the Requests is made solely for the purpose of contested matters related to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1284) (the "**Plan**"), and any future supplements or amendments that may be

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS** – Page 4 of 13

Debtors' Exhibit No. 4
Page 23 of 34

made to the Plan, and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

9.     The Debtors reserve the right to further object to the production of documents in response to the Requests to the extent it is not related to any contested matter between the Debtors and BP.

10.     The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement these responses and objections to the Requests.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.     The Debtors object to Instruction Nos. 1 and 2 to the extent they purport to require the production of documents that are not in the possession, custody, or control of the Debtors.

2.     The Debtors object to Instruction Nos. 1 and 2 to the extent they purport to require the disclosure of information protected by the attorney-client privilege, the work-product doctrine, and/or any common interest or other applicable privilege.

3.     The Debtors object to the definition of "Concerning" in Definition No. 3 on the grounds that the term is vague and unreasonably broad and, therefore, the Requests, if any, to which each term applies are unreasonably burdensome.

4.     The Debtors object to the definitions of "Document" and "Communication" in Definition Nos. 4 and 5 as overbroad, unduly burdensome, and vague to the extent such terms purport to conflict with the definition of the terms "Document" and "Communication" as used in applicable Federal Rules, Bankruptcy Rules, and Local Rules.  For purposes of these responses and objections, the Debtors will interpret "Document" and "Communication" as defined and interpreted in the applicable Federal Rules, Bankruptcy Rules, and Local Rules.

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 5 of 13**

Debtors' Exhibit No. 4
Page 24 of 34

5.     The Debtors object to Instruction No. 5 insofar as it requests production of documents in a manner different from how the Debtors have been producing documents to date. The Debtors have produced the documents asked for in the Requests to Box in the same manner the Debtors have been doing throughout the case, and will continue to do so, as necessary.

### SPECIFIC OBJECTIONS AND RESPONSES TO
### INTERROGATORIES AND REQUESTS FOR PRODUCTION

Subject to and without waiver of the foregoing General Objections, each of which is incorporated by reference into each response below, the Debtors respond to BP's specific Requests as follows:

## INTERROGATORY NO. 1

Identify by name and title all individuals who assisted in preparing the answers to these Interrogatories.

## RESPONSE:

The following individuals from the Debtors assisted in preparing answer to these Interrogatories:

- Garrett Galloway, Director of Finance
- Thomas Lamme, Senior Vice President, General Counsel, and Secretary
- Counsel for the Debtors

## INTERROGATORY NO. 2

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who was at any time invited to bid and/or to whom Houlihan marketed the Deepwater Assets during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

## RESPONSE:

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder,

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 6 of 13**

and the data room index the Debtors emailed BP on April 30, 2021.  In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

## INTERROGATORY NO. 3

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who submitted one (or more) of the 12 written bid letters or other indications of interest during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

## RESPONSE:

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021.  In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

## INTERROGATORY NO. 4

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who executed a confidentiality agreement and obtained access to the Houlihan's Sell Side virtual data room during the course of the M&A process, as discussed on page 6 of the Disclosure Statement.

## RESPONSE:

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 7 of 13**

Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

## INTERROGATORY NO. 5

Identify by name and address, and provide the name, address, telephone number, and e-mail address of the primary point of contact for, each person or entity who accessed the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig and for each person or entity identified, identify the database(s) it accessed.

## RESPONSE:

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

## INTERROGATORY NO. 6

Provide the following information regarding the Houlihan's Sell Side virtual data room discussed on page 6 of the Disclosure Statement:

    (a) the name, address, and telephone number of the person or entity who hosted the data room;

    (b) whether, when, where, how, and by whom any back-up of the data room was made and the identity of who has access (care, custody, and/or control) to any such backup;

    (c) the date on which the data room was taken down and if different the date that the data room was deleted and/or destroyed; and

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 8 of 13**

Debtors' Exhibit No. 4
Page 27 of 34

(d) whether, when, where, how, and by whom the data room was archived upon being taken down and the identity of who has access (care, custody, and/or control) to the archive.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1 and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021.  In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**REQUEST FOR PRODUCTION NO. 23**

Copies of the confidentiality agreement(s) signed by each person or entity identified in your answer to Interrogatory No. 4.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021.  In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 9 of 13**

**REQUEST FOR PRODUCTION NO. 24**

All of the documents and other data and information available at any time in Houlihan's Sell Side virtual data room from the June 2020 M&A process discussed in the Disclosure Statement and provided to Creditors Committee's advisors. See Disclosure Statement at p. 6.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021.  In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**REQUEST FOR PRODUCTION NO. 25**

Access to the "other data rooms" (or the documents and other data and information available at any time in such data rooms) referenced in the April 6, 2021 information request conference between Weil and Greenberg Traurig.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021.  In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 10 of 13**

**REQUEST FOR PRODUCTION NO. 26**

Copies of the "15 management presentations" and the "12 written bid letters and other indications of interest" as discussed in the Disclosure Statement as well as any other bid letters or other indications of interest received by Fieldwood in the last year. See Disclosure Statement at p. 6.

**RESPONSE:**

The Debtors object to this Request on the grounds fully articulated in General Objection Nos. 1, 4, and 6.

Subject to and without waiver of the foregoing objections, the Debtors have already produced all relevant and proportional documents and information in the "FWE – Confirmation Discovery\1 – Financials" folder, "FWE – Confirmation Discovery\4 – Expert Materials" folder, and the data room index the Debtors emailed BP on April 30, 2021. In accordance with the parties' meet and confer on April 28, 2021, BP will inform the Debtors if it identifies any further documents or information it needs related to this Request.

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 11 of 13**

Debtors' Exhibit No. 4
Page 30 of 34

Dated:  April 30, 2021                      Respectfully submitted,


                                             /s/  Alfredo R. Pérez
                                            WEIL, GOTSHAL & MANGES LLP
                                            Alfredo R. Pérez
                                            Clifford W. Carlson
                                            700 Louisiana Street, Suite 1700
                                            Houston, Texas 77002
                                            Telephone:  (713) 546-5000
                                            Facsimile:  (713) 224-9511
                                            Email: Alfredo.Perez@weil.com
                                                    Clifford.Carlson@weil.com

                                            -and-

                                            WEIL, GOTSHAL & MANGES LLP
                                            Matthew S. Barr (*admitted pro hac vice*)
                                            Jessica Liou (*admitted pro hac vice*)
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone:  (212) 310-8000
                                            Facsimile:  (212) 310-8007
                                            Email: Matt.Barr@weil.com
                                                    Jessica.Liou@weil.com

                                            -and-

                                            WEIL, GOTSHAL & MANGES LLP
                                            Paul R. Genender
                                            Erin M. Choi
                                            200 Crescent Court, Suite 300
                                            Dallas, Texas 75201
                                            Telephone:  (214) 746-7700
                                            Facsimile:  (212) 746-7777
                                            Email: Paul.Genender@weil.com
                                                    Erin.Choi@weil.com

                                            *Attorneys for the Debtors*

**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS</u> – Page 12 of 13**

## VERIFICATION

I, Thomas R. Lamme, Senior Vice President, General Counsel, and Secretary of Fieldwood Energy LLC.  I am the agent of the Debtors for the purpose of answering BP's Requests. I have read the foregoing interrogatories and the answers to those interrogatories, and affirm that the facts contained in the foregoing answers are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of April, 2021.

*/s/  Thomas R. Lamme*
Thomas R. Lamme


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the parties listed below, as indicated, April 30, 2021.

**Via Email**
Craig A. Duewall
DuewallC@gtlaw.com
Greenberg Traurig, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701

Shari L. Heyen
HeyenS@gtlaw.com
Karl D. Burrer
BurrerK@gtlaw.com
Nicole S. Bakare
BakareN@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002

David B. Kurzweil (*admitted pro hac vice*)
KurzweilD@gtlaw.com
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305

*/s/  Alfredo R. Pérez*
Alfredo R. Pérez


**DEBTORS' RESPONSES AND OBJECTIONS TO BP EXPLORATION &
PRODUCTION INC.'S FIRST SET OF INTERROGATORIES AND SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS – Page 13 of 13**

Debtors' Exhibit No. 4
Page 32 of 34

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY, LLC, *et al.*,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**ORDER GRANTING**
**EMERGENCY MOTION TO COMPEL DEBTORS**
**TO RESPOND SUBSTANTIVELY TO AN INTERROGATORY,**
**PRODUCE DOCUMENTS**
**AND/OR ALLOW ACCESS TO DATA ROOM(S)**

The Court having considered the *Emergency Motion to Compel Debtors to Respond*

*Substantively to an Interrogatory, Produce Documents, and/or Allow Access to Data Room(s)* (the

"Emergency Motion") filed by BP Exploration & Production Inc. ("BP"), and the relief requested

therein; and the Court having determined that just cause exists to grant the Emergency Motion, it

is hereby

**ORDERED** that the Emergency Motion is granted.  IT IS FURTHER

**ORDERED** that the Debtors shall respond substantively to BP's Interrogatory No. 4 and

produce the documents and/or provide access to the information sought in BP's Request for

Production Nos. 24–26 by May ___, 2021.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.



Signed:  May   , 2021

_____
Marvin Isgur
United States Bankruptcy Judge