IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
(AMENDED & SUPERSEDED CLAIMS AND DUPLICATE CLAIMS)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTION ASKS THE COURT TO DISALLOW AND EXPUNGE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**IF A HEARING IS NECESSARY ON THIS MATTER, NOTICE OF THE HEARING WILL BE PROVIDED BY SEPARATE NOTICE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2, TO EXHIBIT B ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**"), respectfully represent as follows in support of this omnibus objection to claims (this "**Objection**") and submit the *Declaration of Clayton Gring in Support of the Debtors' First Omnibus Objection to Certain Proofs of Claim (Amended & Superseded Claims and Duplicate Claims)* attached hereto as **Exhibit A** (the "**Gring Declaration**").

### Relief Requested

1. Pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**") the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit B** (the "**Proposed Order**"), (i) disallowing and expunging each claim identified on **Schedule 1** to the Proposed Order (collectively, the "**Amended & Superseded Claims**") in its entirety because each such claim was amended and replaced by a Remaining Claim (as defined below), and (ii) disallowing and expunging each claim identified on **Schedule 2** to the Proposed Order (collectively, the "**Duplicate Claims**") in its entirety because each such claim is duplicative of a Remaining Claim.

### Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of Bankruptcy Code. The Debtors continue to

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules.

5. On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

6. On April 14, 2021, the Court approved the Debtors' *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC*, dated April 15, 2021 (Docket No. 1285) (including any exhibits and schedules thereto and as may be further amended, supplemented or modified, the "**Disclosure Statement**")[2] and granted related relief and thereafter entered an order (Docket No. 1286) (the "**Disclosure Statement Order**"). The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept the Debtors' *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors*, dated April 15, 2021 (Docket No. 1284) (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Plan**").

## Claims Reconciliation

7. On October 14, 2020, the Court entered an order (Docket No. 466), which established, among other things, (a) November 25, 2020 as the deadline for creditors, other than

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

governmental entities, to file proofs of claim against any of the Debtors, and (b) February 1, 2021 as the deadline for all governmental entities to file proofs of claim against any of the Debtors.

8. On October 13, 2020, the Debtors filed their (i) statements of financial affairs and (ii) schedules of assets, liabilities, current income, expenditures, executory contracts, and unexpired leases, as required by section 521 of the Bankruptcy Code (Docket Nos. 429–456) (collectively, the "**Statements and Schedules**").

9. The claims register, prepared and maintained by Prime Clerk, shows that 961 proofs of claim were filed in the Debtors' chapter 11 cases. The Debtors and their advisors have been working diligently to review and reconcile the proofs of claim, including reviewing any supporting documentation filed therewith. The ongoing claims reconciliation process involves the collective effort of the Debtors' employees, the Debtors' counsel, Weil, Gotshal & Manges LLP, and the Debtors' financial advisor, AlixPartners, LLP ("**AlixPartners**"). For the reasons set forth below, and based on their review to date, the Debtors have determined that the claims objected to herein should be disallowed and expunged as set forth herein.

**Basis for Relief Requested**

10. Section 502 of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Pursuant to Bankruptcy Rule 3007(a), a party in interest may object to the allowance of a claim in a writing filed with the Bankruptcy Court. FED. R. BANKR. P. 3007(a).

11. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, prima facie validity under Bankruptcy Rule 3001(f) "can be overcome by

4

rebuttal evidence . . . ." *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). "Upon production of this rebuttal evidence, the burden shifts to the claimant to prove its claim by a preponderance of the evidence." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *In re Fidelity Holding*, 837 F.2d at 698). Despite the shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id.* (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

## Amended & Superseded Claims

12. As set forth in the Gring Declaration, the Debtors have thoroughly reviewed their books and records and the claims register and have determined that each of the Amended & Superseded Claims has been amended and superseded by a subsequently filed proof of claim identified on **Schedule 1** as the "Remaining Claim" (collectively, the "**Schedule 1 Remaining Claims**"). Failure to disallow and expunge the Amended & Superseded Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order expunging and disallowing the Amended & Superseded Claims.

13. This Objection does not affect, or purport to affect, any proof of interest that any holder of an Amended & Superseded Claim files, nor does it affect the rights or recovery, if any, of any such holder under a chapter 11 plan in these chapter 11 cases with respect to any such Schedule 1 Remaining Claims. The Debtors reserve all rights to object to the Schedule 1 Remaining Claims.

## Duplicate Claims

14. As set forth in the Gring Declaration, the Debtors have thoroughly reviewed their books and records, the Statements and Schedules, and the claims register and have determined that each of the Duplicate Claims is subsumed within another claim identified on **Schedule 2** as the

5

"Remaining Claim" (collectively, the "**Schedule 2 Remaining Claims**" and together with the Schedule 1 Remaining Claims, the "**Remaining Claims**"). Failure to disallow and expunge the Duplicate Claims would result in the applicable claimants holding duplicative allowed claims against the Debtors and, for certain creditors, an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order expunging and disallowing the Duplicate Claims.

15. This Objection does not affect, or purport to affect, any proof of interest that any holder of a Duplicate Claim files, nor does it affect the rights or recovery, if any, of any such holder under a chapter 11 plan in these chapter 11 cases with respect to any such Schedule 2 Remaining Claims. The Debtors reserve all rights to object to the Schedule 2 Remaining Claims.

## Reservation of Rights

16. This Objection is limited to the grounds stated herein and accordingly is without prejudice to the rights of the Debtors or any other party in interest to object to any claim on any grounds whatsoever, including the Remaining Claims and the Debtors expressly reserve all other substantive or procedural objections that they may have. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

### Separate Contested Matter

17. To the extent that a response is filed regarding any Amended & Superseded Claim or Duplicate Claim, and the Debtors are unable to resolve such response, each such Amended & Superseded Claim or Duplicate Claim, and the Objection as it pertains to such Amended & Superseded Claim or Duplicate Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Debtors request that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

### Notice

18. Notice of this Objection will be provided to each of the affected claimants, any party entitled to notice pursuant to Bankruptcy Rule 2002, and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 7, 2021
    Houston, Texas

/s/ Alfredo Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
       Jessica.Liou@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that, on May 7, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  /s/ *Alfredo Pérez*
                                                  Alfredo R. Pérez