**Exhibit A**

**Gring Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, et al., | § § § | Case No. 20-33948 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[3] | § § § | |

DECLARATION OF CLAYTON GRING IN SUPPORT OF DEBTORS'
FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
(AMENDED & SUPERSEDED CLAIMS AND DUPLICATE CLAIMS)

I, Clayton Gring, hereby declare:

1. I am a Managing Director with AlixPartners, LLP ("**AlixPartners**"), an internationally recognized consulting firm that has a wealth of experience in providing restructuring advisory services both in and out-of-court, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. On October 6, 2020, the Bankruptcy Court entered an order approving the retention of AlixPartners as financial advisors to Fieldwood Energy LLC and its affiliated debtors (collectively, the "**Debtors**") (Docket No. 412). I am knowledgeable about and familiar with the Debtors' businesses and financial affairs.

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

2. Except as otherwise indicated, the facts set forth in this declaration (the "**Declaration**") are based upon my personal knowledge, my discussions with other employees of the Debtors and/or their advisors, and based upon my experience and knowledge related to the Debtors' business operations and books and records. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors. I am familiar with the *Debtors' First Omnibus Objection to Certain Proofs of Claim (Amended & Superseded Claims and Duplicate Claims)* (the "**Objection**"), filed on May 7, 2021.[4]

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. I, or colleagues under my supervision, reviewed the Objection, and can confirm that the Debtors' advisors have reviewed the Debtors' books and records, the relevant proofs of claim, and the supporting documentation provided by each claimant, and have determined that the amounts asserted in each proof of claim listed on **Schedule 1** to the Objection (collectively, the "**Amended & Superseded Claims**") has been amended and superseded by a subsequently filed claim identified on **Schedule 1** under the heading "Remaining Claim." Failure to disallow and expunge the Amended & Superseded Claims could result in the applicable claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. As such, I believe that disallowance and expungement of the Amended & Superseded Claims is appropriate.

4. Additionally, I, or colleagues under my supervision, reviewed the Objection, and can confirm that the Company and the Debtors' advisors have reviewed the Debtors' books and records, the relevant proofs of claim, and the supporting documentation, and have determined that the amounts asserted in each proof of claim listed on **Schedule 2** to the

---

[4] Capitalized terms used but not defined in this declaration shall have the meaning ascribed to them in the Objection.

Objection (collectively, the "**Duplicate Claims**") are claims that are duplicative of another claim identified on **Schedule 2** as the "Remaining Claim" (collectively, the "**Schedule 2 Remaining Claims**"), which is currently pending in these chapter 11 cases and filed by or on behalf of the same holder of such claim and pertain to the same indebtedness asserted therein.  Failure to disallow and expunge the Duplicate Claims could result in the applicable claimants receiving an unwarranted and duplicate recovery against the Debtors to the detriment of other similarly situated creditors.  As such, I believe that disallowance and expungement of the Duplicate Claims is appropriate.

5. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Objection and exhibits attached thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their estates and creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief.

Dated:  May 7, 2021                                    /s/ *Clayton Gring*
                                                                   Clayton Gring
                                                                   Managing Director, AlixPartners, LLP