# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF DEBTOR FIELDWOOD ENERGY LLC

To: Fieldwood Energy LLC
Through its Counsel of Record:
Alfredo Perez
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
Tel: 212-310-8021
Email: alfredo.perez@weil.com

**PLEASE TAKE NOTICE** that certain surety companies ("Sureties")[2] in the above-captioned case will take the deposition of the corporate representative(s) of Fieldwood Energy LLC (the "Debtors") on a date to be determined by the parties, pursuant to the Federal Rule of Civil Procedure 30(b)(6), and Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] The sureties joining in Rule 30(b)(6) Deposition Notice include U.S. Specialty Insurance Company, HCCI, Lexon Insurance Company, Philadelphia Indemnity Insurance Company, North American Specialty Insurance Company, Zurich American Insurance Company, RLI Insurance Company, The Hanover Insurance Company, Liberty Mutual Insurance Company, Travelers Casualty & Surety Company of America, XL Specialty Insurance Company, Berkley Insurance Company, Aspen American Insurance Company, Everest Reinsurance Company and Sirius America Insurance Company.

1

The Debtors are requested to designate representative(s) to provide testimony regarding the Topics for Examination set forth on Exhibit "B" to this Notice of Deposition (with all terms therein having the meanings set forth in the attached Definitions under Exhibit "A" to this Notice of Deposition) which relate to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Doc. No. 1284) (the "Plan"). The deposition testimony will be given before an authorized court reporter or other person authorized by law to administer oaths and will be recorded by stenographic means.

In addition to the corporate representatives chosen by Debtors to testify pursuant to Rule 30(b)(6), the Sureties also request that the Debtors produce Gary Janik, Scott Schmidt, and W. Frank Jeanes to testify on the same date as the 30(b)(6) representative(s).

**The deposition will be taken remotely** *via* an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition. Parties who wish to participate in the deposition should contact Jase Brown, jbrown@csglaw.com **no fewer than 48 hours before the start of the deposition** for more information regarding participating in this deposition remotely.[3]

---

[3] Under separate cover, the Sureties will forward to the Debtors the technical information for the videoconference connection using the Zoom platform (http://www.zoom.us).

Dated: April 30, 2021

        Respectfully submitted,

        HUSCH BLACKWELL LLP

        By:   /s/ Timothy A. Million
            Randall A. Rios
            State Bar No. 16935865
            Timothy A. Million
            State Bar No. 24051055
            600 Travis, Suite 2350
            Houston, Texas 77002
            Tel:  713-525-6226
            Fax:  713-647-6884
            Email:  randy.rios@huschblackwell.com
            Email:  tim.million@huschblackwell.com

**CO-COUNSEL FOR ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICA INSURANCE COMPANY**

-AND-

Armen Shahinian, Esq. (admitted *pro hac vice*)
(ashahinian@csglaw.com)
Scott A. Zuber, Esq. (admitted *pro hac vice*)
(szuber@csglaw.com)
Darren Grzyb, Esq. (admitted *pro hac vice*)
(dgrzyb@csglaw.com)
Jase A. Brown, Esq. (admitted *pro hac vice*)
(jbrown@csglaw.com)

Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange New Jersey 07052

**ATTORNEYS FOR ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY AND SIRIUS AMERICA INSURANCE COMPANY**

# EXHIBIT "A"

## Definitions

This Rule 30(b)(6) Notice shall be governed by the following definitions. Definitions not provided herein shall be defined as set forth in the Plan and associated documents.

1. "Apache" means Apache Corporation.

2. "Bankruptcy Cases" means the above-captioned chapter 11 bankruptcy cases styled *In re Fieldwood Energy LLC, et al.*, jointly administered under Case No. 20-33948, in the United States Bankruptcy Court for the Southern District of Texas.

3. "BOEM" means Bureau of Ocean Energy Management.

4. "BSEE" means Bureau of Safety and Environmental Enforcement.

5. "Communication" means, without limitation, letters; faxes; e-mail messages; conversations; and transmissions of ideas, information, or thoughts whether written, verbal, or otherwise.

6. "Discovery Requests" means the Joint Surety First Set of Interrogatories and Requests for Production served on the Debtors on April 14, 2021, as well as any other discovery requests made by any Sureties individually.

7. "Disclosure Statement" means the *Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* filed at Docket No. 1285 in the Bankruptcy Cases.

8. "Document" means any and all paper records, files, and/or other tangible media in which information is maintained, preserved, or stored. The term "Document" includes, but is not limited to, all written or graphic material of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including, but not limited to, Communications, correspondence, letters, facsimiles, e-mails, memoranda, notes, contracts, agreements, releases, statements, reports, spreadsheets, data compilations, writings, photographs, drawings, graphs, charts, films, printouts, transcripts, calendars, appointment books, diaries, licenses, telegrams, books, newspapers, magazines, advertisements, periodicals, bulletins, maps, brochures, circulars, notices, pamphlets, rules, regulations, directives, teletype messages, voice messages, instant messages, meeting minutes, interoffice communications, financial statements, ledgers, books of account, proposals, software, hardware, prospectuses, offers, orders, receipts, working papers, time sheets, logs, movies, audio or video tapes and recordings, CD-ROMs, DVD-ROMS, microfilm, or any other materials similar to any of the foregoing, however denominated. The term "Document" includes any and all non-identical copies of a document, which contain additional writing, underlining, notes, deletions, or any other markings or notations, or which otherwise are not identical copies of the original document. The term

"Document" also includes any and all attachments and enclosures to any and all documents containing information responsive to the Discovery Requests. In addition, any "Document" concerning only part of the subjects of the Discovery Requests is covered in its entirety by this definition.

9. "INCs" means Incidents of Non-Compliance issued by BSEE.

10. "Person" means any natural person, sole proprietorship, limited liability company, corporation, company, association, joint venture, firm, partnership, or other business or legal entity in whatever form.

11. "Plan" shall refer to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* filed at Docket No. 1284 in the Bankruptcy Cases.

12. "Relating to" means and includes concerning, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

# EXHIBIT "B"

## Topics for Examination

The Debtors are instructed, pursuant to Federal Rule of Civil Procedure 30(b)(6) and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, to designate one or more officers, directors, or other persons who consent to testify on the Debtors' behalf about information known or reasonably available to the Debtors relating to the topics set forth below.

1. The financial projections attached as Exhibit O to the Disclosure Statement.

2. The Houlihan Lokey expert report.

3. The AlixPartners expert report.

4. The Debtors' plugging and abandonment cost estimates for the assets to be transferred into FWE I, FWE III, and/or abandoned.

5. The divisive merger contemplated under the Plan.

6. The anticipated timing and selection of FWE I leases for plugging and abandonment and decommissioning activities.

7. The sources of capital available to FWE I.

8. The anticipated capital spend for FWE I and projects associated with the anticipated capital spend.

9. The negotiations, preparation, drafting, execution, and intended operation of the FWE I LLC Agreement.

10. The corporate governance of FWE I.

11. The management of FWE I.

12. The negotiations and selection of the Sole Manager for FWE I.

13. The negotiations and selection of the Independent Director for FWE I.

14. The negotiations, preparation, drafting, execution, and intended operation of the Farmout Agreement.

15. Any anticipated projects to be conducted pursuant to the Farmout Agreement.

16. The negotiations, preparation, drafting, execution, and intended operation of the Transition Services Agreement between FWE I and NewCo.

17. Marketing and gathering costs associated with FWE I.

18. The Debtors' reserve estimates and go-forward production estimates for FWE I.

19. The Debtors' understanding regarding which FWE I leases will be allowed to expire and which FWE I leases will return to production.

20. The Debtors' marketing efforts with respect to FWE I assets, and any offers from third parties to purchase any of the FWE I assets.

21. The negotiations, preparation, drafting, execution, and intended operation of the Standby Facility.

22. The Trust A Decommissioning Security and the intended use of that security.

23. The BOEM bonds related to the Legacy Apache Properties and the intended use of those BOEM bonds.

24. The BOEM bonds related to the Credit Bid Acquired Interests and the intended use of those BOEM bonds.

25. The private bonds related to the Credit Bid Acquired Interests and the intended use of those private bonds.

26. The decommissioning plan for NewCo and whether there will be funds set aside for decommissioning or whether NewCo intends for sureties to contribute to the decommissioning costs.

27. All communications between Debtors and BOEM or BSEE related to the Plan and the transactions contemplated thereunder.

28. All communications between Debtors and Apache related to the Plan and the transactions contemplated thereunder.

29. All communications between Debtors and the secured lenders related to the Plan and the transactions contemplated thereunder.

30. All communications between Debtors and Chevron related to the Plan and the transactions contemplated thereunder.

31. All communications between Debtors and any other predecessor owner related to the Plan and the transactions contemplated thereunder.

32. Current lease, asset, and production status for the Abandoned Properties.

33. Debtors' transition plans for the Abandoned Properties.

34. Debtors' reserve estimates for the Abandoned Properties.

35. The BOEM bonds related to the Abandoned Properties and the intended use of those BOEM bonds.

36. The BOEM areawide bonds and the intended use of those bonds.

37. All outstanding INCs and the anticipated costs associated with correcting the INCs.

38. The Debtors' responses to the Discovery Requests.[4]

---

[4] The Sureties just received the Debtors' responses to the Discovery Requests on April 30, 2021 and therefore reserve the right to ask questions at the deposition related to those Discovery Requests and the responses and documents received in response thereto.