IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY, LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

## NOTICE OF DEPOSITION UNDER
## FED R. BANKR. P. 7026, 7030, AND 9014 AND
## FED R. CIV P. 30(b)(6) OF FIELDWOOD ENERGY, LLC

To:  FIELDWOOD ENERGY, LLC, et al., by and through its counsel of record, Alfredo Perez, Esq., Clifford Carlson, Esq., WEIL, GOTSHAL & MANGES, LLP, 700 Louisiana Street, Suite 1700, Houston, Texas 77002; Matthew S. Barr, Esq., Jessica Liou, Esq., WEIL, GOTSHAL & MANGES, LLP, 767 Fifth Avenue, New York, New York 10153; Paul R. Genender, Esq., Erin M. Choi, Esq., WEIL GOTSHAL & MANGES, LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201

Notice is hereby given that **Manta Ray Gathering Company, LLC, GEL Offshore Pipeline**, **L.L.C.**, **Poseidon Oil Pipeline Company, L.L.C.**, **High Island Offshore Systems, L.L.C. and Genesis Energy, LP** intend to conduct the examination of the individual(s) designated by Fieldwood Energy, LLC, et al. (the "Debtors") pursuant to FED. R. BANKR. P. 7026, 7030, and 9014, and F. R. CIV. P. 30(b)(6) having knowledge of the topics listed in **Schedule A**, on a date to be agreed upon among the parties. The examination

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

will be conducted by Zoom (or a similar service) and a link will be forthcoming. The examination will be recorded stenographically and by videotape and will continue from day to day until completed.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Debtors must designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to Debtors concerning each of the topics of examination set forth in the attached **Schedule A**. You are invited to attend and cross-examine.

Date: May 13, 2021

    Respectfully submitted,

    **Zabel Freeman**

    By:*/s/ Thomas A. Zabel*
        Thomas A. Zabel
        SBN 22235500
        1135 Heights Blvd.
        Houston, Texas 77008
        Telephone: 713-651-1561
        Telecopy: 713-802-9114
        tzabel@zflawfirm.com

    *Counsel for* **Manta Ray Gathering Company, LLC, GEL Offshore Pipeline L.L.C., High Island Offshore Systems, L.L.C., Poseidon Oil Pipeline Company, L.L.C. and Genesis Energy, LP**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he conferred with counsel for Fieldwood Energy, LLP and other parties-in-interest regarding obtaining information sought in the foregoing notice, and will continue to confer regarding obtaining such information either by agreement or by deposition pursuant to this notice at an agreeable date, time and place for the examination.

*/s/ Thomas A. Zabel*
Thomas A. Zabel

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 13, 2021 a true and correct copy of the Notice of Examination/Deposition Under Fed. R. Bankr. P. 7030, and Fed. R. Civ. P. 30(b)(6) of Fieldwood Energy, LLP was electronically filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail.

*/s/ Thomas A. Zabel*
Thomas A. Zabel

## SCHEDULE A
## DEFINITIONS AND TOPICS FOR DEPOSITION

**A.     Specific Terms Applicable to These Requests**

      1.     "Manta Ray" means Manta Ray Gathering Company, LLC and its affiliates.

      2.     "Poseidon" means Poseidon Oil Pipeline Company, L.L.C. and its affiliates.

      3.     "GEL" means GEL Offshore Pipeline, L.L.C. and its affiliates.

      4.     "High Island" means High Island Offshore Systems, L.L.C. and its affilaites.

      5.     "Genesis" means Genesis Energy, LP and its affialities.

      6.     The term "Disclosure Statement" means the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No.1285], as may be amended or supplemented.

      7.     The term "Plan" means *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1284], as may be amended or supplemented.

      8.     The term "You" or "Your" means the Debtors.

**B.     General Terms Applicable to These Requests**

      6.     The terms "concerning," "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, constituting, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

      7.     "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation: accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations;

5

experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements;instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts;videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these discovery requests. Any document identified or described in a discovery request,or which contains information or is otherwise related to the substance of a discovery request, willinclude any document, in draft or final form, either sent or received by the Debtors. This term alsoincludes any documents now or ever in the Debtors' possession, custody or control, or available to the Debtors, the Debtors' attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

8.    The term "communication" refers to any oral conversation, transaction, or interaction (including telephone calls), and any written transaction or interaction (including letters,memoranda, notes, telecopies, facsimiles, telex, emails, electronic transmission of information, orother transfer of documents), as well as the transfer of any document or tangible thing between persons.

9.    The term "person" or "entity" shall mean any natural person, firm, partnership, jointventure, corporation, or group of natural persons or such entities.

10.    The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

12.    The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

13. The use of the singular form of any word includes the plural and vice versa.

14. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

15. The term "including" shall mean "including without limitation."

16. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

# TOPICS FOR DEPOSITION

1. Debtors' Disclosure Statement and Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors, or the current version of same if future Amended Plans are filed and/or proposed with respect to all gathering agreements and crude oil purchase agreements that Manta Ray, Poseidon, GEL, High Island and, or Gensis have with Fieldwood pertaining to the gathering and, or purchase of oil or gas produced from Offshore Lease Blocks in which Fieldwood owns or claims an interest (collectively, the "Manta Ray et al. Agreements").

2. The identification of which, if any, of the Manta Ray et al. Agreements will be allocated to and vest in a new entity and which are referred to as Exhibit B: Purchase Oil & Gas Interests, and Fieldwood's intentions with respect to those agreements.

3. The identification of which, if any, of the Manta Ray et al. Agreements will be allocated to and vest in FWE I (Exhibit C, Legacy Apache Properties), and Fieldwood's intentions with respect to those agreements.

4. The identification of which, if any, of the Manta Ray et al. Agreements will beallocated to and vest in FWE III (Exhibit D Properties), and Fieldwood's intentions with respect to those agreements.

5. The identification of which, if any, of the Manta Ray et al. Agreements will beallocated to and vest in FWE IV (Exhibit O Chevron Properties), and Fieldwood's intentions with respect to those agreements.

6. The identification of which, if any, of the Manta Ray et al. Agreements cover lease blocks or platforms in which Fieldwood owns or claims and interest and which Fieldwood intends to permanently abandon and Fieldwood's intentions with respect to those agreements.

7. The identification of which, if any, of the Manta Ray et al. Agreements will be allocated to, vest in, purchased by, assigned to, or transferred to the any credit bid purchaser.

8. The identification of which, if any, of the MantaRay/Poseidon Agreements will be abandoned pursuant to sections 105(a) and 554(a) of the Bankruptcy Code.

9. An explanation of how FWE I will be able to continue to perform (both financially and operationally) its obligations under Manta Ray et al. Agreements being allocated to and vesting in FWE I should completion of the plugging and abandonment and decommissioning activities occur prior to each contract's term expiration.

8

10. An explanation of how FWE III will be able to continue to perform (both financially and operationally) its obligations under the Manta Ray et al. Agreements being allocated to and vesting in FWE III should completion of the plugging and abandonment and decommissioning activities occur prior to each contract's term expiration.

11. An explanation of how FWE IV will be able to continue to perform (both financially and operationally) its obligations under the Manta Ray et al. Agreements being allocated to and vesting in FWE IV should completion of the plugging and abandonment and decommissioning activities occur prior to each contract's term expiration.

12. Upon the completion of FWE I's plugging and abandonment and decommissioning activities, an explanation of the Debtors' business plan for continued operations of FWE I (i.e., continued operations, liquidation, bankruptcy filing, etc.).

13. Upon the completion of FWE III's plugging and abandonment and decommissioning activities, an explanation of the Debtors' business plan for continued operations of FWE III (i.e., continued operations, liquidation, bankruptcy filing, etc.).

14. Upon the completion of FWE IV's plugging and abandonment and decommissioning activities, an explanation of the Debtors' business plan for continued operations of FWE IV (i.e., continued operations, liquidation, bankruptcy filing, etc.).

15. For each individual Manta Ray/Poseidon Agreement being allocated to and vesting in FWE I, an explanation with specificity of how FWE I will provide adequate assurance of future performance under, and through the end of the term of, the contract.

16. For each individual Manta Ray/Poseidon Agreement being allocated to and vesting in FWE III, an explanation with specificity of how FWE III will provide adequate assurance of future performance under, and through the end of the term of, the contract.

17. For each individual Manta Ray/Poseidon Agreement being allocated to and vesting in FWE IV, an explanation with specificity of how FWE IV will provide adequate assurance of future performance under, and through the end of the term of, the contract.

18. For each individual Manta Ray/Poseidon Agreement being allocated to, vesting in, purchased by, assigned to, or transferred to the Credit Bid Purchaser, an explanation with specificity of how the Credit Bid Purchaser will provide adequate assurance of future performance under, and through the end of the term of, the contract.

19. Fieldwood's analysis and opinions regarding the feasibility of the Plan and the feasibility of NewCo.

20. Financial projections and analyses for each successor entity including NewCo, FWE I, FWE III, and FWE IV.

21. The rejection, any, of one or more of the Manra Ray et al. Agreements.

22. The assumption, if any, of one or more of the Manra Ray et al. Agreements.

23. Any analysis performed regarding the assumption or rejection of one or more of the Manta Ray et al. Agreements.

[*Remainder of this page intentionally left blank.*]