**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § § § | **Case No. 20-33948 (MI)** |
| **Debtors.**[1] | § § § | **(Jointly Administered)** |

**ORDER (I) APPROVING RIGHTS OFFERING**
**PROCEDURES AND RELATED FORMS, (II) AUTHORIZING**
**DEBTORS TO CONDUCT RIGHTS OFFERINGS IN CONNECTION**
**WITH DEBTORS' PLAN OF REORGANIZATION, (III) AUTHORIZING ENTRY INTO**
**EQUITY BACKSTOP COMMITMENT AGREEMENTS, (IV) APPROVING**
**OBLIGATIONS THEREUNDER, AND (V) GRANTING RELATED RELIEF**

Upon the Motion, dated May 20, 2021 (the "**Motion**"),[2] of Fieldwood Energy LLC

and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 503 and 507 of the

Bankruptcy Code, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and

Rule 2002-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of Texas, for entry of an order (i) approving the Rights Offering Procedures and

Rights Offering Materials, (ii) authorizing the Debtors to conduct the Rights Offerings,

(iii) authorizing the Debtors to enter into the FLTL Equity Backstop Commitment Agreement and

the SLTL Equity Backstop Commitment Agreement (the "**Backstop Agreements**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

1

(iv) approving all obligations thereunder, including the Backstop Commitment Premiums, Indemnification Obligations and Transaction Expenses in accordance with the terms of the Backstop Agreements, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion; and upon consideration of the Motion and Hanson Declaration; and a hearing, if any, having been held to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

### IT IS FOUND AND DETERMINED THAT:[3]

A.      The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules, and no other or further notice is necessary under the circumstances.

C.      The relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Rule 7052 of the Bankruptcy Rules.

D.     The Rights Offering Procedures and Rights Offering Materials provide sufficient information to enable each eligible holder of Allowed FLTL Claims and Allowed SLTL Claims to duly participate in the Rights Offerings, as applicable.

E.     The Subscription Period is a reasonable period of time for the eligible holders of Allowed FLTL Claims and Allowed SLTL Claims to make an informed decision regarding whether to exercise their Subscription Rights.

F.     The terms and conditions of the Backstop Agreements are fair, reasonable, and the best available to the Debtors under the circumstances, and the Debtors' entry into the Backstop Agreements is a prudent exercise of business judgment consistent with their fiduciary duties, is based on good, sufficient, and sound business purposes and justifications, and is supported by reasonably equivalent value and consideration.  The Backstop Agreements were extensively negotiated in good faith and at arm's length among the Debtors, the Backstop Parties, and their respective professional advisors.

G.     Each of the fees, premiums, and expenses provided for or permitted by the Backstop Agreements (including the Backstop Commitment Premiums, Indemnification Obligations and Transaction Expenses) is reasonable and warranted on the terms set forth in the Backstop Agreements in light of, among other things, (i) the significant benefit to the Debtors' estates of having definitive and binding equity commitments to help fund the Debtors' obligations under the Plan and (ii) the substantial time, effort, and costs incurred by the Backstop Parties in negotiating and documenting the Backstop Agreements.

H.     The amount and terms and conditions of each of the fees, premiums, and expenses provided for or permitted by the Backstop Agreements (including the Backstop Commitment Premiums, Indemnification Obligations and Transaction Expenses) are bargained-

for and integral parts of the consideration exchanged under the Backstop Agreements and, without such inducements, the Backstop Parties would not have agreed to the terms and conditions of the Backstop Agreements. Accordingly, the foregoing transactions are reasonable and enhance the value of the Debtors' estates.

I.       The entry into the Backstop Agreements by the parties thereto, and the performance and fulfillment of their respective obligations thereunder, do not constitute the solicitation of a vote on a chapter 11 plan and comply with the Bankruptcy Code and any and all other applicable statutes, laws, regulations, or orders.

J.       All parties in interest have been afforded a reasonable opportunity to object and be heard with respect to the Motion and the Backstop Agreements and all of the relief granted herein.

K.       The Backstop Agreements and all accompanying relief requested in the Motion serve to maximize estate value for the benefit of all the Debtors' stakeholders and parties in interest, and are otherwise in the best interests of the Debtors, their estates, creditors, and all parties in interest and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1.       The Debtors are authorized, pursuant to sections 105(a), 363, 503 and 507 of the Bankruptcy Code, and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rule 2002-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas, to enter into the Backstop Agreements and any and all instruments, documents, and papers contemplated thereunder and to fully perform all of their obligations thereunder.

2.      All objections to the Motion, or the relief requested therein, if any, that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are overruled with prejudice.

3.      The Rights Offering Procedures attached to the Motion as **Exhibit A-1** and **Exhibit A-3**, and Rights Exercise Materials, including the Subscription Forms attached thereto as **Exhibit A-2** and **Exhibit A-4**, are hereby approved.

4.      The Debtors are authorized to commence and conduct the Rights Offerings in accordance with the terms and conditions of the Backstop Agreements and the Rights Offering Procedures.

5.      The Special Delivery Instructions attached to the Subscription Forms as **Exhibit A** are approved.

6.      The Debtors are authorized to distribute the Rights Offering Procedures and the Rights Offering Materials to each Eligible Holder (as defined in the applicable Rights Offering Procedures) as of the Subscription Record Date (as defined in the applicable Rights Offering Procedures).

7.      Each Eligible Holder (other than the Backstop Parties) intending to participate in the Rights Offering must affirmatively make a binding election to exercise its Subscription Rights on or prior to the applicable Subscription Expiration Deadline and must otherwise timely satisfy each of the terms and conditions set forth in the Rights Offering Procedures and the Rights Offering Materials, and will be deemed to have relinquished and waived all rights to participate in the Rights Offering to the extent such Eligible Offeree fails to timely satisfy each of the terms and conditions set forth in the Rights Offering Procedures and Rights Offering Materials.

8.      The Backstop Agreements, attached to the Motion as **Exhibit B-1** and **Exhibit B-2** and the terms and provisions included therein are approved in their entirety.  The failure to describe specifically or include any particular provision of the Backstop Agreements or related documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision.

9.      The Backstop Agreements and the provisions of this Order, including all findings herein, shall be effective, binding and enforceable upon all parties in interest in these chapter 11 cases, including, without limitations, all creditors of any of the Debtors, any statutory or other committee appointed, the Debtors and their respective successors and assigns, including any trustee hereinafter appointed or elected for any of the Debtors such as the Plan Administrator, a responsible person, officer, or any other party appointed as a legal representative or designee of any of the Debtors or with respect to the property of the Debtors' estates, whether in these chapter 11 cases, any successor chapter 11 or chapter 7 cases, or upon dismissal of any such cases, and shall inure to the benefit of the Backstop Parties and the Debtors and their respective successors and assigns.

10.      The Debtors are authorized to execute, deliver, and perform under one or more amendments, waivers, consents, or other modifications to and under the Backstop Agreements, from time to time as necessary or appropriate, in each case subject to the terms and provisions of the Backstop Agreements and to the extent such amendments are consistent with the Plan and the Restructuring Support Agreement, without further order of this Court.

11.      The consideration, fees, premiums, and expenses provided for or permitted by the Backstop Agreements (including the Backstop Commitment Premiums, Indemnification Obligations and Transaction Expenses) are hereby approved as reasonable and shall not be subject

to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether contractual, equitable, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any person or entity.

12.     The Indemnification Obligations and Transaction Expenses are actual and necessary costs of preserving the Debtors' estates and shall constitute allowed administrative expense claims against each of the Debtors under sections 503(b) and 507 of the Bankruptcy Code.

13.     The Debtors are authorized to pay or reimburse, as applicable, the fees, premiums, and expenses provided for or permitted by the Backstop Agreements, including the Indemnification Obligations and Transaction Expenses, in accordance with their terms and as and when required by the Backstop Agreements without further application to or order of this Court.

14.     NewCo is authorized to pay, or cause to be paid, the Backstop Commitment Premiums in the form of New Equity Interests in accordance with the terms of and when required by the Backstop Agreements, and without further application to or order of this Court.

15.     The Indemnification Obligations and Transaction Expenses shall not be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors nor shall any of such amounts be required to be disgorged upon the reversal or modification on appeal of this Order.

16.     To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms and provisions of the Backstop Agreements and this Order, including, without limitation, permitting the Backstop Parties to exercise all rights and remedies under the Backstop Agreements and in accordance with its terms, terminate the Backstop Agreements in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of this Court.

17.     The failure of the Debtors or any Backstop Party to seek relief or otherwise exercise its rights and remedies under this Order, the Backstop Agreements, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of any of the Debtors or the Backstop Parties.

18.     The Debtors' designation of Prime Clerk, LLC as the Subscription Agent for the Rights Offerings is hereby approved.

19.     The Prepetition FLTL Administrative Agent and the Prepetition SLTL Administrative Agent are hereby directed to provide to Prime Clerk, LLC by no later than 5:00 p.m. (prevailing Eastern Time) on June 1, 2021 (unless otherwise extended with the prior consent of the Debtors), the final version as of the respective lender register as of the Subscription Record Date.

20.     The Debtors are hereby authorized to modify, supplement, or waive the Rights Offering Procedures or adopt any additional detailed procedures, consistent with the provisions of the Rights Offering Procedures, the Restructuring Support Agreement, and this Order, to effectuate the Rights Offerings.

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

22.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

23.     Except in cases where the Backstop Agreements explicitly contemplate a separate Court order, the Debtors are hereby authorized and empowered to take all actions, execute all documents, and make all payments that may be necessary to perform under the Backstop

Agreements and implement the relief granted in this Order, and such actions shall not constitute a

solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

           24.     This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation and/or enforcement of this Order.


Dated: _____, 2021
       Houston, Texas

                                     _____
                                     THE HONORABLE MARVIN ISGUR
                                     UNITED STATES BANKRUPTCY JUDGE