## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| **FIELDWOOD ENERGY LLC**, *et al*.[1] | Case No. 20-33948 (MI) |
| **Debtors.** | (Jointly Administered) |

## COVERSHEET TO FIRST INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 20, 2021 THROUGH APRIL 30, 2021

| **Name of Applicant:** | Pachulski Stang Ziehl & Jones LLP | |
|---|---|---|
| **Applicant's Role in case:** | Co-Counsel to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | March 17, 2021 (Docket No. 1044) | |
| **Periods for which Compensation and Reimbursement is sought:** | Beginning of Period | Ending Period |
| | January 20, 2021 | April 30, 2021 |
| **Time Period covered by any prior applications:** | N/A | N/A |
| **Total amounts awarded in all prior applications:** | No Prior Applications | |
| | | |
| **Total fees requested in the First Interim Application Period[2]:** | $193,884.00 | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] This amount includes the voluntary reduction of $46,215.00 on Michael Warner's rate as referenced in the *Declaration of Michael D. Warner, Esq., in Support of the Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective January 20, 2021*, Exhibit B to the *Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective January 20, 2021* [Docket. No. 894], wherein it was stated that PSZJ agreed with the Committee, with respect to the hourly rate of Michael Warner for the balance of 2021, such rate will remain at $900 as such was the hourly rate at the time Michael Warner left his prior firm and became employed by PSZJ. Other attorneys providing services in this case are charging their current hourly rates.

| | |
|---|---|
| **Total professional fees requested in the First Interim Application Period:** | $182,660.00 |
| **Total actual professional hours covered by the First Interim Application Period:** | 217.4 |
| **Average hourly rate for professionals for the First Interim Application Period:** | $840 |
| **Total paraprofessional fees requested in the First Interim Application Period:** | $11,224.00 |
| **Total actual paraprofessional hours covered by the First Interim Application Period:** | 24.4 |
| **Average hourly rate for paraprofessionals for the First Interim Application Period:** | $460 |
| **Reimbursable expenses sought in the First Interim Application Period:** | $7.10 |
| | |
| **Total to be Paid to Priority Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | N/A |
| **Total to be Paid to General Unsecured Creditors** | N/A |
| **Anticipated % Dividend to Unsecured Creditors:** | N/A |
| **Date of confirmation hearing:** | N/A |
| **Indicate whether the plan has been confirmed.** | No |

Date Signed: May 27, 2021

*/s/  Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Ayala A. Hassell (TX Bar No. 01009800)
**Pachulski Stang Ziehl & Jones LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
T: (713) 691-9385
F: (713) 691-9407
Email: mwarner@pszjlaw.com
Email: ahassell@pszjlaw.com

*Co-Counsel for the Official Committee of
Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **FIELDWOOD ENERGY LLC,** *et al.*[1] | **Case No. 20-33948 (MI)** |
| **Debtors.** | **(Jointly Administered)** |

**FIRST INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 20, 2021 THROUGH APRIL 30, 2021**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), co-counsel to the Official Committee of

Unsecured Creditors (the "**Committee**"), hereby files its first interim application for the allowance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

of compensation for services rendered and necessary expenses for the period from January 20, 2021 through April 30, 2021 (the "**First Interim Application Period**"), pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and, as may be applicable to these cases, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.  For the First Interim Application Period, PSZJ seeks the interim allowance of $193,884.00 (which includes a total of $46,215.00 reduction in Michael Warner's PSZJ rate[2]) as fees for services rendered and $7.10 as reimbursement of expenses incurred.  In support of this application (the "**Application**"), PSZJ submits the Declaration of Michael D. Warner (the "**Warner Declaration**") attached hereto as **Exhibit 1** and a proposed order granting the Application attached hereto as **Exhibit 2**.  In further support of this Application, PSZJ respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

---

[2] As stated in the *Declaration of Michael D. Warner, Esq., in Support of the Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective January 20, 2021*, Exhibit B to the *Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective January 20, 2021* [Docket. No. 894], PSZJ agreed with the Committee that, with respect to the hourly rate of Michael Warner for the balance of 2021, such rate will remain at $900 as such was the hourly rate at the time Michael Warner left his prior firm and became employed by PSZJ. Other attorneys providing services in this case are charging their current hourly rates.

*District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

### A.      Background

3.      On August 3, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court ("**Chapter 11 Cases**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

4.      On August 18, 2020, the Office of the United States Trustee filed that certain *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 183], appointing a Committee pursuant to section 1102 of the Bankruptcy Code.

### B.      The Committee's Retention of PSZJ

5.      On August 19, 2020, the Committee held a meeting and, among other things, selected Stroock & Stroock & Lavan LLP ("**Stroock**") as lead counsel, subject to Court approval. The following day, August 20, 2020, the Committee selected Conway Mackenzie, LLC as the Committee's financial advisor and Cole Schotz P.C. ("**Cole Schotz**") to serve as co-counsel to the Committee in these Chapter 11 Cases, both subject to Court approval.

6.      On September 18, 2020, Cole Schotz filed its *Application for Approval of the Employment of Cole Schotz P.C. as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of August 20, 2020* [Docket No. 374]. The Court entered the order approving the application on October 16, 2020 [Docket No. 470].

7.      Michael D. Warner, a former member of Cole Schotz, was a lead counsel providing services in these Chapter 11 Cases on behalf of Cole Schotz. On January 20, 2021, Mr. Warner left Cole Schotz and became employed by PSZJ. On January 12, 2021 the Committee held a meeting and, among other things, voted to retain PSZJ as its counsel, in place of Cole Schotz.

8.      On February 19, 2021, PSZJ filed its *Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of January 20, 2021* [Docket No. 894] (the "**PSZJ Retention Application**"). The Court entered the order approving the PSZJ Retention Application on March 17, 2021 [Docket No. 1044] (the "**PSZJ Retention Order**").

9.      The PSZJ Retention Order authorizes the Debtors to compensate and reimburse PSZJ in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders entered in these Chapter 11 Cases.  The PSZJ Retention Order also authorizes the compensation of PSZJ at its standard hourly rates and the reimbursement of PSZJ' actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

10.     PSZJ seeks interim allowance of $193,884.00 (which includes a total of $46,215.00 reduction in Michael Warner's PSZJ rate) in fees calculated at the hourly billing rates of PSZJ personnel who worked on this case and $7.10 in expenses actually and necessarily incurred by PSZJ while providing services to the Committee during the First Interim Application Period.

6

During the First Interim Application Period, PSZJ attorneys and paraprofessionals expended a total of 364.8 hours for which compensation is requested.

11.     Pursuant to the Interim Compensation Order, during these Chapter 11 Cases, PSZJ has submitted monthly fee statements and has received payment of 80% of fees and 100% of expenses for the period January 20, 2021 to April 30, 2021.  The Debtors have not yet remitted payment to PSZJ for the month of April 2021.  As of the date of this Application, PSZJ has not received any objections to its monthly fee statements.  A summary of the amounts paid to PSZJ in accordance with the Interim Compensation Order for monthly fee statements relating to the First Interim Application Period is set forth as follows:

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| January 20 – 31, 2021 | $20,316.00 | $18,154.00 | $0.00 | $0.00 | $2,162.00 |
| February 1 – 28, 2021 | $62,725.50 | $60,727.20 | $3.00 | $3.00 | $1,998.30 |
| March 1 – 30, 2021 | $81,243.50 | $64,994.80 | $3.00 | $3.00 | $16,248.70 |
| April 1 – 30, 2021 | $29,639.00 | $0.00 | $1.10 | $0.00 | $29,640.10 |
| **Balance Owing:** | | | | | **$50,049.10** |

12.     The fees charged by PSZJ in these Chapter 11 Cases are billed in accordance with PSZJ's existing billing rates and procedures in effect during the First Interim Application Period. The rates PSZJ charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases generally are the same rates PSZJ charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

13.     Attached hereto as **Exhibit 3** is a summary breakdown of hours and amounts billed by timekeeper.  The summary sheet lists those PSZJ professionals, paraprofessionals, and other

staff who have performed services for the Committee during the First Interim Application Period, the capacities in which each individual is employed by PSZJ, the department in which each individual practices, the hourly billing rate charged by PSZJ for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

14.     PSZJ maintains computerized records of the time spent by all PSZJ attorneys and paraprofessionals in connection with these Chapter 11 Cases.  Copies of the time records of PSZJ's attorneys and paraprofessionals for the period from January 20, 2021, through April 30, 2021 are attached hereto as **Exhibit 4**.

15.     PSZJ reserves the right to request additional compensation for the First Interim Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

**SUMMARY OF SERVICES RENDERED**

16.     The following narrative provides a brief summary of the services rendered by PSZJ on behalf of the Committee organized by project category.  The summary that follows is not intended to be a detailed description of the work performed by PSZJ during the First Interim Application Period, as those day-to-day services and the time expended in performing such services are fully set forth in the contemporaneous time records that are attached as **Exhibit 4**. Rather, the following summary attempts to highlight certain of those areas in which services were rendered to the Committee.

61542/0001-21663695v1

A.      **Bankruptcy Litigation**

Fees:   $12,312.50    Total Hours:   11.0

17.     This category includes time expended by PSZJ professionals, *inter alia*, reviewing pleadings, strategizing with lead committee counsel, and attending court proceedings related to Debtors' dispute with BP; reviewing several stipulations regarding committee challenge deadlines and other deadlines in the case related to motions to lift stay and other disputes; and reviewing and commenting upon various motions including for summary judgement and for approval of settlement agreements.

B.      **Business Operations**

Fees:   $1,715.00    Total Hours:   1.4

18.     This category includes time expended to review Debtors' motion regarding sub-lease amendment.

C.      **Case Administration**

Fees:   $15,054.50    Total Hours:   14.8

19.     This category includes work performed in connection with the day-to-day work relating to PSZJ's role as co-counsel to the Committee in the Chapter 11 Cases including, but not limited to, (i) initial reviewing and monitoring of the case docket and retrieving and circulating pleadings to counsel; (ii) reviewing, revising and filing, in accordance with local practice and rules, various pleadings; (iii) managing and coordinating work performed in the cases by monitoring critical dates and maintaining a case calendar; (iv) participate on weekly professional calls.

D.          **Claims Administration and Objections**

Fees:  $1,492.50       Total Hours;   1.3

20.     This category includes time expended by PSZJ professionals reviewing internal committee documents related to various claims.

E.          **Employment and Fee Applications**

Fees:  $7,833.00       Total Hours:   15.3

21.     During the First Interim Application Period, PSZJ professionals expended time, *inter alia*, (i) preparing PSZJ's monthly fee statements for January, February and March; (ii) preparing and filing certificates of no objections to Stroock and Conway's second interim fee application; and (iii) corresponding with co-counsel regarding comments to monthly and second interim fee applications.

F.          **Financing and Cash Collateral**

Fees:  $75.00 Total Hours:   .10

22.     This category includes time spent reviewing and providing revisions to challenge period stipulation related to cash collateral order.

G.          **General Creditors Committee**

Fees:  $34,227.00       Total Hours:   33.1

23.     This category includes time expended by PSZJ professionals, *inter alia*, participating on and preparing for weekly Committee professional calls and weekly calls with the Committee, as well as addressing creditor inquiries.  This category also includes time expended by PSZJ professionals addressing issues with lead counsel regarding the Committee's negotiation of a plan settlement agreement, selection of a plan administrator, coordinating with lead counsel and attending the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, and

10

addressing the Committee composition, including with the U.S. Trustee's office, following the resignation of multiple members of the Committee.

**H.**      <u>**Hearing**</u>

Fees:   $13,409.50    Total Hours:   14.0

24.     This category includes time spent reviewing various pleadings and attending hearings related to motion for relief from stay and adequate protection, motion to compel BP's compliance with Debtor agreement, and motions to approve backstop agreement and disclosure statement.

**I.**      <u>**Plan and Disclosure Statement**</u>

Fees:   $124,122.50   Total Hours:   108.1

25.     This category includes time expended by PSZJ professionals, *inter alia*, reviewing multiple drafts of Debtors' disclosure statement, plan, schedules and plan supplements and attention to exclusivity issues; discussions regarding classification issues in the plan; reviewing multiple disclosure statement objections and discussions regarding disclosure statement revisions; conferring with and analyzing various M&M lien issues relating to plan treatment of lien holders; reviewing various plan objections; reviewing commitment letter and back-stop agreement; conferences regarding P&A issues relative to plan treatment; and multiple strategy sessions and analysis regarding potential plan settlement agreement with the various creditor classes.

**J.**      <u>**PSZ&J Retention**</u>

Fees:   $27,449.00    Total Hours:   38.3

26.     This category includes time spent checking potential PSZJ conflicts and drafting and filing the PSZJ Retention Application.

11

**K.**  **Retention of Professionals**

Fees:  $2,408.50    Total Hours:  3.9

27.    This category includes time spent reviewing Mani Little & Wortmann fee application and third supplemental declaration of Conway Mackenzie retention application.

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES

28.    During the First Interim Application Period, PSZJ incurred $7.10 in expenses on behalf of the Committee.  It is PSZJ's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, pacer and photocopying/scanning.  PSZJ charges for these expenses in a manner and at rates consistent with charges made generally to its other clients.  A summary of PSZJ's expenses incurred during the First Interim Application Period is provided in **Exhibit 5**.

## BASIS FOR THE RELIEF REQUESTED

29.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals not more than once every 120 days after the commencement of the cases (or more often as the court may permit) and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

30.    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

12

A.      the time spent on such services;

B.      the rates charged for such services;

C.      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

D.      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

E.      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

31.     In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Second Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) which incorporates and expands upon the requirements of section 330 of the Bankruptcy Code.  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 123 n.8.  In *In re Second Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Second Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

13

32.     Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, PSZJ submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount.   PSZJ devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases.  Whenever possible, PSZJ sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

33.     PSZJ respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Committee effectively and efficiently.

34.     Further, PSZJ submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Committee:

(a)     *The Time and Labor Required*.  The professional services rendered by PSZJ on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch.  PSZJ respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b)     *The Novelty and Difficulty of Questions*.  These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues in areas such as restructuring, oil & gas, litigation, and corporate finance. PSZJ's efforts and effective assistance in the First Interim Application Period was for the purpose of maximizing value for the benefit of the estate and its stakeholders.

(c)     *The Skill Required to Perform the Legal Services Properly*.  PSZJ believes that its recognized expertise in the area of insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective provision of services to the Committee in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. PSZJ's representation of the Committee has not precluded its acceptance of new

clients.  However, the issues that have arisen in these Chapter 11 Cases required attention on a continuing, and often times emergent, basis, requiring PSZJ's professionals to commit significant portions of their time to these cases.

(e)     *The Customary Fee*.  The fees sought herein are based upon PSZJ's normal hourly rates for services of this kind.  PSZJ respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee.  PSZJ's hourly rates and the fees requested herein are commensurate with fees PSZJ has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  The fees requested in this Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Application.

(g)     *Time Limitations Imposed by Client or other Circumstances*.  PSZJ provided capable legal representation within the time limitations imposed under the unique circumstances of these Chapter 11 Cases.

(h)     *The Amount Involved and Results Obtained*.  For the reasons described above, PSZJ respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*.  PSZJ is a national law firm whose attorneys practice extensively in the fields of bankruptcy and corporate reorganization and out-of-court workouts; bankruptcy and business litigation; corporate, finance and business transactions; and other phases of the law.  PSZJ has represented debtors, creditors, fiduciaries, and numerous other parties in cases before the Bankruptcy Courts for the Southern District of Texas as well as in various other Bankruptcy Courts throughout the country.

(j)     *The Undesirability of the Case*.  Not applicable.

(k)     *Nature and Length of Professional Relationship*.  Not applicable.

(l)     *Awards in Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees PSZJ has been awarded in other chapter 11 cases.

35.     Consistent with Section 331 of the Bankruptcy Code, this is PSZJ's first interim fee application since the Petition Date.  *See* 11 U.S.C. § 331.

36.     In sum, the services rendered by PSZJ were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the

15

compensation for professional services and reimbursement of the expenses sought herein is warranted.

37.    No previous application for the relief sought herein has been made to this or any other Court.


[*Remainder of Page Intentionally Left Blank*]

61542/0001-21663695v1

**WHEREFORE**, PSZJ respectfully requests that the Court:

(a)      approve interim allowance for the First Interim Compensation Period of $193,884.00 (amount includes the voluntary reductions given for a total of $46,215.00) for professional services rendered to the Committee and $7.10 out-of-pocket expenses incurred in connection with the rendering of such services during the period from January 20, 2021, through and including April 30, 2021;

(b)      authorize the Debtors to immediately pay to PSZJ any unpaid portion of such allowed fees and expenses; and

(c)      award such other relief as the Court deems just and proper under the circumstances.

Dated:  May 27, 2021                                  Respectfully submitted,

By:  */s/ Michael D. Warner*
    Michael D. Warner (TX Bar No. 00792304)
    Ayala A. Hassell (TX Bar No. 01009800)
    **Pachulski Stang Ziehl & Jones LLP**
    440 Louisiana Street, Suite 900
    Houston, TX 77002
    (713) 691-9385
    (713) 691-9407 (fax)
    mwarner@pszjlaw.com
    ahassell@pszjlaw.com

    *Co-Counsel for The Official Committee of Unsecured Creditors*

17

61542/0001-21663695v1