IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Chapter 11 |
| FIELDWOOD ENERGY LLC, e*t al.*, § | |
| § | Case No. 20-33948 (MI) |
| Debtors § | |

**BRIAN CLOYD'S LIMITED OBJECTION TO THE FOURTH AMENDED
JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC
AND ITS AFFILIATED DEBTORS
[Relates to ECF 1284]**

Brian Cloyd (Cloyd) files his limited objection (Objection) to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Plan) [Docket No. 1284] filed by the Debtors[1] and, in support, states as follows:

1. Cloyd is a post-petition maritime tort claimant[2] with claims pending against Debtors Fieldwood Energy LLC and Fieldwood Energy Offshore LLC in Civil Action No. 4:20-CV-04032 in the United States District Court for the Southern District of Texas, *Brian Cloyd v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy LLC, Fieldwood Energy Offshore LLC, Shore Offshore Services, LLC and Oceaneering International, Inc.* (the Civil Court Case).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Cloyd's claims also gave rise to a maritime tort lien by operation of law in the vessel the D/B THOR at the time of Cloyd's injury on or about October 28, 2020. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986); *Merchants Nat. Bank of Mobile v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1346 (5th Cir. 1981); *In re Muma Servs., Inc.*, 322 B.R. 541, 546 (Bankr. D. Del. 2005).

2. Cloyd filed his Original Petition in Cause No. 2020-74133 in the 11th Judicial District of Harris County, Texas (the State Court Case) on November 17, 2020—over three months after Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. *See* **Exhibit A**, Plaintiff's Original Petition.

3. Cloyd brought suit against Debtors as a result of personal injuries he sustained on or about October 28, 2020, while serving as a member of the crew of the D/B THOR while it was deployed on navigable waters. *See id.* Cloyd brought claims of general maritime law for maritime negligence, negligence per se, gross negligence, unseaworthiness, and maintenance and cure. *See id.* Cloyd asserts damages for physical pain, mental anguish, physical impairment, medical and pharmaceutical expenses, and other damages, both past and future, as well as punitive damages and attorney's fees. *See id.*

4. Debtors removed the State Court Case to federal district court on November 25, 2020, where Cloyd's claims are currently pending in the Civil Court Case. That same day, Debtors also filed a Notice of Suggestion of Bankruptcy to stay the Civil Court Case. After conferring with Cloyd's counsel on the post-petition nature of Cloyd's claims, on December 15, 2020, Debtors withdrew the Notice of Suggestion and requested that the District Court lift the stay. *See* **Exhibit B**, Debtors' Notice of Consent to Withdraw Bankruptcy Stay and to Re-Open Case. Cloyd's maritime claims are currently unliquidated, and his expected recovery is not yet known.

5. For confirmation of the Plan, Debtors must demonstrate by a preponderance of the evidence that the Plan complies with section 1129 of the Bankruptcy Code. *See In re Briscoe Enters., Ltd. II*, 994 F.2d 1160, 1165 (5th Cir. 1993)

(finding "preponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cramdown."); *In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) (finding debtor as the proponent of the plan has the burden of proving all elements of section 1129 are met); *In re J T Thorpe Co.*, 308 B.R. 782, 785 (Bankr. S.D. Tex. 2003). Section 1129 requires the Debtors to establish their Plan complies with all applicable provisions of the Bankruptcy Code, is proposed in good faith, and is not proposed by any means forbidden by law. *See* 11 U.S.C. § 1129(a)(1), (3). As drafted, Debtors have not met their burden as the Plan fails to comply with provisions of the Bankruptcy Code and other requirements of law.

6. Specifically, the Plan does not address or provide for the adjudication and liquidation of post-petition, preconfirmation personal injury claims. Rather, the terms of the Plan are limited to releasing and enjoining pending claims and reserving the adjudication of such claims to the bankruptcy case. *See* Plan, §§ X (10.2, 10.3) (discharge and release of claims effective as of the Effective Date); § X (10.7) (releasing claims and causes of action); § X (10.5, 10.6, 10.9) (permanently enjoining the continuation of any proceeding with respect to a claim); § XI (11.1) (reserving jurisdiction in the bankruptcy court for the adjudication of claims). As a post-petition claimant, Cloyd is entitled to adjudicate his claims outside of the bankruptcy case. *See* 28 U.S.C. § 959(a). As a personal injury claimant, the liquidation of Cloyd's claims is expressly excluded from core proceedings arising under Title 11. *See* 28 U.S.C. § 157(b)(2)(B). Cloyd objects to any release of his claims and reserves his rights to adjudication and jury trial outside of the bankruptcy case. Currently, under these terms, the Plan fails to provide for this

adjudication as required by law.  *See* 11 U.S.C. § 1129(a)(3).  As such, Cloyd files this limited objection to the Plan.

7.   In an effort to resolve this objection, Cloyd proposed language to Debtors' counsel excluding Cloyd's personal injury claims from the above terms and permitting those claims to proceed against Debtors.  Debtors' counsel did not respond.  Inclusion of the following terms in the confirmation order would prevent any ambiguity as to the rights or status of Cloyd's post-petition, pre-confirmation maritime tort claims

> Nothing in the Plan or this Confirmation Order shall prejudice, release, or enjoin any claims asserted against Debtors by Brian Cloyd arising from injuries sustained on or about October 28, 2020, including claims originally brought in Cause No. 2020-74133 in the 11th Judicial District of Harris County, Texas, styled as *Cloyd v. Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., et al.* and currently pending in Civil Action No. 4:20-CV-04032 in the United States District Court for the Southern District of Texas.  Nothing in the Plan or this Confirmation Order shall prevent or limit the collection of any final judgment or settlement of the above claims against Debtors, including from insurance coverage, if any, available under insurance policies issued to Debtors.  Debtors reserve all rights and defenses with respect to such claims as available under applicable non-bankruptcy law.

## V.   PRAYER

WHEREFORE, Brian Cloyd respectfully requests the Court enter an order denying confirmation of the approval of the *Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* and grant Cloyd such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of May 2021.

        */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
Randy W. Williams
State Bar No. 21566850
Email: rwilliams@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR BRIAN CLOYD**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 28th day of May 2021.

        */s/ Ryan E. Chapple*
Ryan E. Chapple