11/17/2020 7:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48191634
By: D Burton
Filed: 11/17/2020 7:13 PM

# 2020-74133 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| Brian Cloyd, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| Fieldwood Energy Offshore, Inc. d/b/a | § | |
| Fieldwood Energy (Texas), Inc., | § | |
| Fieldwood Energy, LLC, Fieldwood Energy | § | |
| Offshore, LLC, Shore Offshore Services, LLC | § | |
| and Oceaneering International, Inc., | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## **Plaintiff's Original Petition**

Plaintiff Brian Cloyd (hereinafter referred to as "Plaintiff") file this Original Petition complaining of Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc., Fieldwood Energy, LLC and Fieldwood Energy Offshore, LLC, Shore Offshore Services, LLC, Premier Offshore Catering, Inc., and Oceaneering International, Inc. (collectively referred to as "Defendants") and will respectfully show the Court that:

## **I.**

### **Jurisdiction**

1.     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Additionally, it is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Further, Plaintiffs have been

Certified Document Number: 93143631 - Page 1 of 8

**EXHIBIT A**

damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sue.

## II.

### Venue

2.      Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code, Section 15.002 because at least one Defendant's principal office is located in this County.

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.      Plaintiff Brian Cloyd is a Jones Act Seaman.

5.      Defendant Fieldwood Energy Offshore, Inc. d/b/a Fieldwood Energy (Texas), Inc. is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

6.      Defendant Fieldwood Energy, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through

2

**EXHIBIT A**

its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

7.      Defendant Fieldwood Energy Offshore, LLC is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas.

8.      Defendant Shore Offshore Services, LLC ("Shore") is a foreign corporation which conducts a substantial amount of business in Texas. This Defendant may be served with process through its registered agent Patrick Gros at 651 River Highlands Blvd, Covington, LA 760433, or wherever he may be found.

9.      Defendant Oceaneering International, Inc. ("Oceaneering") is a foreign corporation which conducts a substantial amount of business in Texas. Moreover, this Defendant maintains its principal place of business in Harris County, Texas. This Defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever he may be found.

## V.

## **Facts**

10.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 28, 2020. On or about that date, Plaintiff worked as a crew member aboard the *D/B THOR*, a vessel owned, operated and/or maintained by Defendants. While the vessel was deployed on navigable waters, and while Plaintiff, as a member of its crew, was

3

**EXHIBIT A**

contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries to his head, neck back, and other parts of his body.

11.      At all material times, the *D/B THOR* was deployed in navigable waters, working in the Gulf of Mexico for the benefit, and at the direction of Defendants. In the days leading up to the incident, Hurricane Zeta entered the Gulf of Mexico taking aim at the Louisiana shore. Defendants ordered and required the *D/B THOR* be moored in an unsafe area to wait out the hurricane.

12.      During the dangerous storm the *D/B THOR* became unmoored. The vessel was tossed and turned by the aggressive seas and the vessel was thrown into different objects. As a result, Plaintiff suffered serious physical, mental and emotional injuries as he was thrown around inside the vessel by the uncontrolled boat in violent seas.

## V.

## Causes of Action

### A. *Negligence against all Defendants.*

13.      Plaintiffs repeat, realleges and readopts all paragraphs, as if stated herein and further alleges:

14.      Defendants are negligent, negligent per se, and grossly negligent for the following reasons:

      a.      Failure to properly supervise their crew;

      b.      Failure to properly train their employees;

      c.      Failure to provide adequate safety equipment;

      d.      Failure to provide Plaintiffs a safe working environment;

Certified Document Number: 93143631 - Page 4 of 8

**EXHIBIT A**

e.  Failure to provide Plaintiffs adequate safety from Hurricane Zeta;

f.  Failure to timely and effective evacuate the vessel;

g.  Failure to provide adequate medical treatment;

h.  Failed to properly moor the *D/B THOR* and its equipment;

i.  Failed to properly secure the *D/B THOR* and its equipment;

j.  Operating the vessel with an inadequate crew;

k.  Failure to have the vessel moored in a safe area;

l.  Failing to maintain safe mechanisms for work on the vessel;

m.  Failure to maintain, inspect, and/or repair the vessel's equipment;

n.  Operating the vessel in an unsafe and improper manner;

o.  Vicariously liable for their employees' and agents' negligence;

p.  Violating applicable Coast Guard, OSHA, BSEE rules and/or other applicable regulations; and

q.  Other acts deemed negligent and grossly negligent.

15.  At all relevant times, the THOR was unseaworthy

16.  Additionally, Defendants are strictly liable for violations of Coast Guard Regulations.

17.  As a result of the Defendants' negligence, Plaintiff sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, cognitive injury, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment, cognitive injury and mental anguish will continue indefinitely. Plaintiffs have also suffered a loss of earnings in the past, as well as a

Certified Document Number: 93143631 - Page 5 of 8

**EXHIBIT A**

loss of future earning capacity. Plaintiffs have incurred and will incur pharmaceutical and medical expenses in connection with their injuries. Plaintiff seeks punitive damages against Defendants for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

18.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.


## VI.

### Jury Demand

19.     Plaintiffs demand a trial by jury.

### VII.

### Prayer

6

**EXHIBIT A**

Pursuant to Rule 47, Plaintiffs seek monetary relief over $1,000,000. Additionally, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiffs show themselves justly entitled including but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Exemplary damages;

- Loss of household services;

- Past and future loss of consortium;

- Past and future maintenance and cure obligations;

- Pre-judgment interest;

- Post-judgment interest;

- Costs of Court;

- Attorney fees;

- All other relief to which Plaintiffs are justly entitled, either at law or in equity.

Certified Document Number: 93143631 - Page 7 of 8

**EXHIBIT A**

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*
_____

Kurt B. Arnold
SBN:  24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 93143631 - Page 8 of 8

**EXHIBIT A**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2020

Certified Document Number:          93143631 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**EXHIBIT A**