# EXHIBIT A2

**EXHIBIT "F"**

Attached to and made a part of that certain Galapagos Area Loop Subsea Production System Construction and Operating Agreement dated effective December 1, 2011.

**DISPUTE RESOLUTION PROCEDURE**

I. **OVERVIEW**

A. **Description and Goals.** Arbitration as used in this statement is a procedure whereby an Arbitrator resolves any claim(s), controversy(ies) or dispute(s) (the "Dispute") between the Parties arising out of, relating to or in connection with the Agreement, including the interpretation, validity, termination or breach thereof.

   (i) Binding: The arbitration process is binding on the Parties and this arbitration is intended to be a final resolution of any Dispute between the Parties as described above, to the same extent as a final judgment of a court of competent jurisdiction. Each Party hereby expressly covenants that it shall not resort to court remedies except as provided for herein, and for preliminary relief in aid of arbitration.

   (ii) Violation: A non-prevailing Party shall pay all legal and court costs incurred by the other Party in connection with the enforcement of the final resolution of any Dispute under this Dispute Resolution Procedure. Suits, actions or proceedings in connection with such enforcement shall be instituted in the United States District Court for the Southern District of Texas, and pursuant to Title IX of the United States Code. Each Party waives any option or objection which it may now or thereafter have to the laying of the venue in any such suit, action or proceeding and irrevocably submits to the jurisdiction of such court in any such suit, action or proceeding.

B. **Duty to Negotiate:** The Parties shall inform one another promptly following the occurrence or discovery of any item or event which might reasonably be expected to result in a Dispute in connection with the Agreement. The Parties will attempt to resolve satisfactorily any such matters.

C. **Notice of Unresolved Dispute:** Should a Dispute arise which the Parties cannot resolve satisfactorily, either Party may deliver to the other Party a written notice of the Dispute with supporting documentation as to the circumstances leading to the Dispute (the "Notice of Dispute"). The Parties, within ten (10) Days from delivery of such notice, shall then each appoint a management representative ("Management Representative") who has no prior direct involvement with the subject matter of the Notice of Dispute and who is duly authorized to investigate, negotiate and settle the Dispute. The Management Representative for each Party

shall meet and confer as often as they deem reasonably necessary for a period not exceeding thirty (30) Days following the delivery of the Notice of Dispute in good faith negotiations to resolve the Dispute amicably. The parties in their sole discretion may also agree to utilize the service of a mediator pursuant to a joint engagement. Unless otherwise provided herein, all such notices shall be served in accordance with the provisions of the Agreement.

## II. ARBITRATION PROCESS

A. **Arbitration:** If the Parties are unable to resolve the Dispute within forty (40) Days following the receipt of the Notice of Dispute, or such additional time as may be mutually agreed, the matter shall be submitted to arbitration in accordance with the procedures set forth below.

B. **Initiation of Arbitration:** The arbitration shall be initiated by either party delivering to the other a Notice of Intention to Arbitrate.

C. **Governing Procedures:** Except as expressly provided herein, the arbitration shall be conducted in accordance with procedures that are mutually acceptable to the Parties, including limited depositionless discovery.

　　(i) Governing Law: The Arbitrator shall apply the governing substantive law of the state chosen by the Parties to the Agreement.

D. **Arbitrator:** There shall be one Arbitrator, who shall be independent, impartial and experienced in arbitration proceedings. Arbitrator shall be experienced in the oil and gas industry and knowledgeable or specializing as to the subject matter involved in the Dispute. The Arbitrator shall be chosen as follows: the Parties shall have thirty (30) Days from the delivery of a Notice of Intention to Arbitrate to mutually agree on an Arbitrator. If the Parties cannot mutually agree within said thirty (30) Day period, then the Parties shall, within three (3) Days after expiration of the thirty (30) Day period, apply to the American Arbitration Association as the Appointing Authority, for the appointment of an Arbitrator for or on behalf of the Parties, and in such case the Arbitrator appointed by the Appointing Authority shall meet the criteria set forth in this Section II.D. and shall act as if mutually agreed to by the Parties.

　　(i) Conflicts: Any Arbitrator, prior to his or her appointment, shall disclose to the Parties all actual or perceived conflicts of interest and business relationships involving the Dispute or the Parties, including but not limited to, any professional or social relationships, present or past, with any Party (or its affiliates), including any Party's (or its affiliates) directors, officers and supervisory personnel and counsel. Any Party may challenge in writing the appointment or continued service of any Arbitrator for lack of independence, partiality or any other cause likely to impair such Arbitrator's ability to effectively participate in the proceedings or render a

Exhibit "F" Execution Version

fair and equitable decision. Where such challenge is made, the Appointing Authority shall uphold or dismiss the challenge. In the event a challenge is upheld, the Arbitrator shall be replaced. A replacement will be selected in the same manner as the original Arbitrator was selected. If an Arbitrator resigns or becomes unable or unwilling to continue to serve as the Arbitrator, a replacement shall be selected in the same manner as that Arbitrator was chosen.

(ii) Multi-Party Arbitrations: Where more than two Parties are involved in the Dispute ("Multi-Party Arbitration"), all Parties shall jointly name and agree as the appointment of the Arbitrator meeting the criteria set forth in Section II.D. above. If the Parties cannot agree as to the choice of the Arbitrator within the said thirty (30) Days, any of the Parties hereto may in like manner, within three (3) Days after written notice to the other Parties, apply to the Appointing Authority for the appointment of an Arbitrator meeting the criteria set forth in Section II.D. above.

(iii) Management of the Arbitration: The Arbitrator shall actively manage the proceedings as he or she deems best so as to make the same expeditious, economical and less burdensome and adversarial than litigation.

E. **Confidentiality**: All documents, briefs, testimony, transcripts, as well as, all Arbitrator decisions shall be confidential. Likewise, the views, suggestions, admissions, proposals and other information exchanged in the arbitration are confidential and are inadmissible in any other proceeding.

F. **Costs and Expenses**: The Parties involved in the dispute shall be equally responsible for all costs, fees and expenses incurred by the Arbitrator and any other incidental costs incurred in connection with the arbitration proceeding shall also be borne equally by the Parties. Each Party is solely responsible for its own attorneys' fees and expenses incurred in the Arbitration. In the event of a Multi-Party Arbitration, all costs and expenses shall be borne equally by all Parties.

G. **Submissions**: Within thirty (30) Days after the selection of the Arbitrator, each Party shall provide the Arbitrator with a short and plain submission defining the issues to be decided and the nature of the relief that the Arbitrator may award (the "Submission"). This Submission shall explicitly authorize the Arbitrator to decide these issues. This authorization shall stay in force for period no longer than nine (9) months from this Submission. If the Parties are unable to reach consensus as to the issues involved, the Arbitrator in his or her sole discretion shall frame the issues through a reasonable procedure. The Arbitrator will render decisions on the specific issues established and shall fashion any remedy that the Arbitrator deems appropriate so long as that remedy is consistent with the Parties' Submissions hereunder. Any money judgment entered by the Arbitrator shall be payable in U.S. dollars.

H. **Transcriptions:** The presentations and argument will be transcribed for the benefit of the Arbitrator and the Parties.

I. **Discovery:** Commencing thirty (30) Days after the receipt of the opposing Party's Submission, each Party may serve upon the other Party up to ten (10) requests for the production of documents, including subparts. The requests shall be made in good faith and not be served for the purpose of delay or harassment. Each request shall describe the type of document(s) sought and each request shall be limited to documents that are relevant to a claim or defense in the Arbitration proceeding, or reasonably calculated to lead to the discovery of admissible evidence. The requests need not be served all at once but may be served in stages.

   (i) The Party served with a request under this provision shall provide the adverse Party with copies of the requested documents, and identify the request to which each document is responsive, within twenty (20) Days of the receipt of the request. If the Party served with a request objects to the production of any of the requested documents, it shall nevertheless produce within the permitted time all documents responsive to any request that is not objected to by that Party.

   (ii) A Party that is served with a request may challenge the propriety of the request within the time permitted for response by a short written objection which shall be forwarded to the adverse Party and to the Arbitrator. The adverse Party shall submit its response, if any, to the objecting Party and the Arbitrator within five (5) Days of receipt of the objection. The Arbitrator shall consider the request, the objection and the response, if any, and decide whether the production shall be allowed or denied or whether the request should be modified within ten (10) Days after the submission of the adverse Party's response.

J. **Presentations:** No later than twenty-five (25) Days prior to the date that presentations to the Arbitrator are to begin, each Party will submit to the Arbitrator and serve on the other Party a written position statement. The original statement of each Party shall not exceed thirty-five (35) typewritten letter-size pages. Each Party shall have the right to submit reply statements no later than fifteen (15) Days prior to the date of the presentation. Such reply statements shall not exceed fifteen (15) typewritten letter-size pages.

   (i) All documents and affidavits that a Party intends to use during its presentation shall be submitted to the Arbitrator and served on the other Party with the position and reply statements. All demonstrative exhibits shall be exchanged five (5) Days in advance of the presentations.

   (ii) The presentations to the Arbitrator shall extend for such time as the Arbitrator agrees to be appropriate. In the absence of any agreement, the presentations for both Parties shall extend for no longer than two (2) Days

and shall be concluded within six (6) months after selection of the Arbitrator. Presentations of each Party shall occur successively with no intervening delay.

(iii) Each Party shall make an oral and/or documentary presentation of its position in such order and in accordance with the time schedule established by the Arbitrator. The Arbitrator may question each of the presenters during or following any and all presentations.

The Arbitrator shall determine a reasonable time and location for the presentations.

K. **Decision and Award:** The Arbitrator shall promptly (within sixty (60) Days of conclusion of the presentations or such longer period as the Parties may mutually agree) determine the claims of the Parties and render a final decision in writing. The decision shall state with specificity the findings of fact and conclusions of law on which it rests. The decision rendered by the Arbitrator may be enforced in accordance with Section I.A.(ii), above, and may only be appealed pursuant to Section L below. The decision shall be served upon each of the Parties by facsimile transmission and by first class mail.

(i) If applicable law allows pre-award interest, the Arbitrator may, in his or her discretion, grant pre-award interest and, if so, such interest may be at commercial rates in the state chosen by the Parties pursuant to Section II.C.(i) during the relevant period. Each Party shall be responsible for its own attorney's fees and costs of arbitration. The Arbitrator shall not award consequential, punitive, indirect or other noncompensatory damages.

(ii) Within ten (10) Days of receipt of the award either side may submit a Motion to Modify the award. A response shall be due within fifteen (15) Days thereafter and the Arbitrator shall rule thereon within fifteen (15) Days after receipt of the response.

(iii) Judgment on the award may be entered in a United States District Court for the Eastern District of Louisiana at any time within one year after the decision is made.

L. **Vacation of Award and Appeal:** An appeal from an order or judgment pursuant to this Section II.L. shall be instituted in the United States District Court for the Eastern District of Louisiana. The court may vacate the award only if the award was procured by or through fraud or corruption. Each Party waives any option or objection which it may now or thereafter have to the laying of the venue of any such suit, action or proceeding and irrevocably submits to the jurisdiction of the court in any such suit, action or proceeding. Each Party agrees that a remedy at law for a violation of this Section II.L. may not be adequate and therefore agrees

that the remedies of specific performance and injunctive relief shall be available in the event of any violation in addition to any other right or remedy at law or in equity to which any Party may be entitled.

M. **Res Judicata:** To the extent permitted by law, any decision of the Arbitrator shall not be res judicata or have any binding effect in any other litigation or arbitration where any Party to this Agreement may also be a party.

**[Remainder of this page intentionally left blank]**