# EXHIBIT A7



**Gulf of Mexico Region**
**BP Exploration & Production Inc.**
501 Westlake Park Blvd.
Houston, Texas 77079

**Danielle Scott, CPL**
**Business Partner - Land**
Phone:   832-734-5254 (direct)
Cell:       346-229-9046
Fax:        832-664-6036

May 19, 2021                                                                    *Sent Via Email*

To:   Fieldwood Energy
        Mr. John H. Smith
        2000 W. Sam Houston Pkwy S., Suite 1200
        Houston, Texas 77042

Re:     Fieldwood's Notice of Removal of Operator for Cause

Gentlemen:

Reference is made to that certain:

- Loop Subsea Production System Construction and Operating Agreement ("LSPS OA") dated effective December 1, 2011, as amended, by and between Noble Energy, Inc, as predecessor in interest to Fieldwood Energy LLC ("Fieldwood"), BP Exploration & Production Inc ("BP"), Red Willow Offshore, LLC ("Red Willow") and Houston Energy Deepwater Ventures I, LLC ("HEDV") covering the construction and operation of the Galapagos Area Loop Subsea Production System ("Loop"); and
- Order pursuant to Sections 105(a) and 365 of the Bankruptcy Code Compelling Performance of Pre-Petition Contracts in Case No. 20-33948, entered February 3, 2021 in the United States Bankruptcy Court for the Southern District of Texas Houston Division ("Order"); and
- Fieldwood Letter assuming Sole Benefit Operation pursuant to the Order and proposing AFE for the Single Flow Pipeline Plan dated February 8, 2021 ("AFE Request Letter"); and
- BP Letter accepting AFE for the Sole Benefit Operation by Fieldwood dated February 10, 2021 ("AFE Acceptance Letter").

BP is in receipt of Fieldwood's letter dated May 14, 2021 ("Letter"), wherein Fieldwood asserted that it has grounds to remove BP as LSPS Operator pursuant to Article 3.02(a) *Removal of Cause* of the LSPS OA, based upon certain findings made in connection with the issuance of the Order in early February.  Contrary to what is suggested in the Letter, the ability of Fieldwood to invoke Article 3.02(a) is limited to the time period "during the continuation of one of the following circumstances ...."

In fact, there is no actual or alleged continuing breach or misconduct that would enable Fieldwood to remove BP pursuant to Article 3.02(a). Fieldwood's reliance on findings made in connection with the February 2, 2021, hearing is misplaced, especially after BP fully complied with the terms of the Order, and provided substantial resources, assistance, and guidance to Fieldwood in getting the Genovesa well on production prior to the MC519 lease expiration date of April 5, 2021 ("Expiry Date").

In connection with the hearing, BP elected to allow Fieldwood to conduct the work as a Sole Benefit Operation, as such term is defined in Article 7.08 *Sole Benefit Operation* of the LSPS OA, to the extent necessary to bring the Genovesa well online before the Expiry Date. BP's election was clearly limited to the Sole Benefit Operation, and, at no time, did BP agree to make Fieldwood the LSPS Operator. Indeed, subsequent to entry of the Order, the parties confirmed in writing, by way of the AFE Request Letter and the AFE Acceptance Letter, that Fieldwood was not becoming the LSPS Operator under the LSPS OA. The parties also executed an AFE, with BP agreeing to contribute its proportionate share of the costs associated with the work, notwithstanding Fieldwood's representation that it would assume the full cost of any temporary flowline repairs, in a good faith effort to assist Fieldwood in getting the Genovesa well online prior to the Expiry Date.

Moreover, Fieldwood elected its remedy back in January of this year by seeking to compel BP to perform under the LSPS OA. Fieldwood did not seek, and cannot now belatedly seek, to remove BP as the LSPS Operator, especially after BP fully complied with the terms of the Order, and the Genovesa well was brought on production with BP's substantial assistance prior to the Expiry Date. If Fieldwood believed there were grounds to remove BP as the LSPS Operator, it should have sought that relief back in January; it did not do so, and cannot invoke findings obtained in connection with a motion to compel BP's performance as LSPS Operator to support BP's removal as LSPS Operator, especially when the circumstances that allegedly support that relief do not exist.

We further note that the Order expressly provides that "nothing herein shall create, nor is intended to create, any rights in favor or enhance the status of any claim held by any party." Yet, by seeking to now remove BP as LSPS Operator, Fieldwood is attempting to do exactly what the Order prohibits, inappropriately seeking to create new rights in its favor.

Even if Fieldwood had grounds to remove BP as operator (which it does not), it would be BP, as the holder of the highest total Equity Interest, that would select the successor operator under Article 3.03 *Selection of Successor LSPS Operator*, not Fieldwood.

Confidential

To the extent that Fieldwood still intends to pursue the relief suggested in its Letter, this response shall serve as a Notice of Dispute pursuant to Exhibit "F" Dispute Resolution Procedures attached to the LSPS OA. Please advise us as to who your Management Representative is for purposes of seeking to resolve this Dispute.  BP's Management Representative is Richard Eaton, Vice President, Finance, Gulf of Mexico, Canada & Latin America.

We have not attempted by way of this response to counter every misstatement or incorrect assertion in the Fieldwood Letter, nor have we exhausted every argument BP may raise in response to any effort by Fieldwood before any tribunal to remove BP as LPSP Operator.  All rights, claims, remedies, defenses and arguments of BP are reserved and preserved in all respects.

Sincerely,

Danielle Scott
Business Partner - Land
Danielle.Scott@bp.com