**<u>Exhibit B</u>**

**Retention Order**



ENTERED
10/16/2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIELDWOOD ENERGY LLC, *et al.*, | ) | Case No. 20-33948 (MI) |
| | ) | |
| Debtors.¹ | ) | (Jointly Administered) |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CONWAY MACKENZIE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO AUGUST 20, 2020

Upon the *Official Committee of Unsecured Creditor' Application for an Order Authorizing the Retention and Employment of Conway MacKenzie, LLC, as Financial Advisor, Retroactive to August 20, 2020* (the "Application"),² filed on September 18, 2020 and upon consideration of the Declaration of John T. Young, Jr. filed in support thereof (the "Young Declaration"); and the Court being satisfied with the representations made in the Application and the Young Declaration that Conway MacKenzie is a disinterested person to the extent required by Bankruptcy Code section 101(14), that Conway MacKenzie represents no interest adverse to any of the Debtors' estates and that Conway MacKenzie's employment is necessary and in the best interests of the Debtors, their creditors, the Committee, and all parties in interest; and it appearing that proper and

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

61542/0001-21316974v2

adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing, therefore, it is hereby:

ORDERED, that, pursuant to Bankruptcy Code sections 328(a), 330, and 1103, the Committee is authorized to employ and retain Conway MacKenzie as financial advisor effective as of August 20, 2020, pursuant to and on the terms and conditions set forth in the Application, which is hereby approved in all respects, as modified by this Order. In the alternative, to the extent retention of Conway MacKenzie as of August 20, 2020 is not permitted under applicable law, Conway MacKenzie shall be retained as of the earliest date permitted under law; provided, however, that Conway MacKenzie may seek compensation for work performed and expenses incurred as of and after August 20, 2020 even where the effective date of its retention occurs thereafter. Subject to Court approval, Conway MacKenzie may be compensated for services rendered and reimbursed for expenses incurred beginning on August 20, 2020; and it is further

ORDERED, that the Indemnifications Provisions identified on **Exhibit C** to the Application are hereby approved; subject to the following:

    (a)    Conway MacKenzie shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    (b)    The Debtors shall have no obligation to indemnify Conway MacKenzie, or provide contribution or reimbursement to Conway MacKenzie, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Conway MacKenzie's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to Conway MacKenzie's gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Conway MacKenzie should not receive

indemnity, contribution or reimbursement under the terms of the Indemnification Provisions as modified by this Order; and

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Conway MacKenzie believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Provisions (as modified by this Application), including without limitation the advancement of defense costs, Conway MacKenzie must file an application therefore in this Court, and the Debtors may not pay any such amounts to Conway MacKenzie before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Conway MacKenzie for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Conway MacKenzie. All parties in interest shall retain the right to object to any demand by Conway MacKenzie for indemnification, contribution or reimbursement; and it is further

ORDERED that Conway MacKenzie shall file interim and final fee applications for allowance of its compensation and expenses subject to the jurisdiction and approval of this Court under section 328(a) of the Bankruptcy Code and in accordance with the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the U.S. Trustee, and any applicable orders of the Court. The fees payable to Conway MacKenzie shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, provided, however, that the U.S. Trustee shall retain the right to object to the fees payable to Conway MacKenzie based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. For billing purposes, Conway MacKenzie shall keep its time in one tenth (1/10) hour increments in accordance with the US Trustee Guidelines; and it is further

3

ORDERED that Conway MacKenzie shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that in the event that, during the pendency of these cases, Conway MacKenzie seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Conway MacKenzie's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that Conway MacKenzie shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Conway MacKenzie's fee applications in these bankruptcy cases; and it is further

ORDERED that notwithstanding anything in the Application to the contrary, to the extent that Conway MacKenzie uses the services of non-affiliated independent or third party contractors or subcontractors (the "Contractors") in these cases and Conway MacKenzie seeks to pass through the fees and/or costs of the Contractors to the Debtors, Conway MacKenzie shall (i) pass through the fees of such Contractors to the Debtors at the same rate that Conway MacKenzie pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only. In addition,

Conway MacKenzie shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by Bankruptcy Code and Bankruptcy Rules; and it is further

ORDERED that Conway MacKenzie will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Conway MacKenzie will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Federal Rules of Bankruptcy Procedure 2014(a); and it is further

ORDERED that to the extent there is inconsistency between the terms of the Application, the Young Declaration and this Order, the terms of this Order shall govern; and it is further

ORDERED that Conway Mackenzie shall use its best efforts, and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals, and it is further

ORDERED, that the Committee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that to the extent the Committee wishes to expand the scope of Conway MacKenzie's services beyond those services set forth in the Application, or this Order, the Committee shall be required to seek further approval from this Court. The Committee shall file notice of any proposed additional services (the Proposed Additional Services) with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection

5

within 21 days of the Committee filing such notice, the Proposed Additional Services may be approved by the Court by further order without further notice or hearing; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

ORDERED, that Conway Mackenzie will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Conway Mackenzie will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

Signed: October 16, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

6

61542/0001-21316974v2