IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. 1332 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF O'MELVENY & MYERS LLP AS SPECIAL COUNSEL
TO THE RESTRUCTURING COMMITTEE OF THE BOARD OF
DIRECTORS OF THE DEBTORS, EFFECTIVE AS OF MARCH 18, 2021**

Upon the Debtors' application (the "**Application**")[2] for entry of an order (this "**Order**") authorizing and approving (a) authorizing the retention and employment of O'Melveny & Myers LLP ("**OMM**") as special counsel to the Restructuring Committee in these chapter 11 cases, effective as of March 18, 2021, (b) approving the terms of OMM's retention and employment, including the fee and expense structure and related provisions, and (c) granting related relief, all as more fully set forth in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding under 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Application.

U.S.C. § 157(b)(2); and this Court's entry of a final order being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and upon the Shamah Declaration and the LaChance Declaration submitted in support of the Application and the record of the hearing (if any was held) and all of the proceedings before the Court; and the Court being satisfied, based on the representations made in the Application and Shamah Declaration and LaChance Declaration, that OMM is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that OMM represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and the Court having found that the retention and employment of OMM is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Application and at a hearing (if any was held) having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors, on behalf of the Restructuring Committee, are authorized to employ and retain OMM as their attorneys in these chapter 11 cases, pursuant to Bankruptcy Code sections 327(e), 328(a), 330, 331, and 1107(b), as special counsel to the Restructuring Committee, in accordance with OMM's customary hourly rates and reimbursement policies in effect when services are rendered, as set forth in the Application and the Shamah Declaration, as modified by this Order.

2. OMM is authorized to provide the Debtors with the professional services as described in the Application. Specifically, but without limitation, OMM is authorized to render the following legal services:

    (a)    assist the Restructuring Committee in connection with the Mandate and related restructuring matters;

3

  (b)  advise the Restructuring Committee with respect to their rights, powers, and duties in connection with its Mandate and related restructuring matters;

  (c)  appear before the Court and any other courts to represent the interests of the Restructuring Committee before such courts; and

  (d)  attend meetings of the Board and represent the Restructuring Committee in negotiations relating to its Mandate and related restructuring matters.

  3.  Notwithstanding the Application, any engagement letter, or Declarations, to the extent the Debtors, on behalf of the Restructuring Committee, wish to expand the scope of OMM's services beyond those services set forth in the Application, engagement letter, or Declarations, the Debtors shall be required to seek further approval from this Court.

  4.  OMM will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, OMM will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

  5.  OMM shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**Fee Guidelines**"), and any other applicable procedures and orders of this Court. For billing purposes, OMM shall keep its time in one tenth (1/10) hour increments in accordance with the Fee Guidelines. OMM shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and

the interim and final fee applications to be filed by OMM in these chapter 11 cases. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format and will use the U.S. Trustee's standard project categories.

6. OMM shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7. OMM shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

8. OMM shall provide ten days' notice to the Debtors, the U.S. Trustee, and the attorneys for any statutory committee appointed in these chapter 11 cases of any increase of the hourly rates listed in the Application prior to such increase taking effect, and serve such notice on the Debtors, the U.S. Trustee, and any official committee appointed in the chapter 11 cases. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. Notwithstanding anything to the contrary in the Application, the Shamah Declaration, or the LaChance Declaration, OMM shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees, without further order of the Court.

10. OMM shall not charge a markup with respect to fees billed by contract attorneys who are hired by OMM to provide services, and any such contract attorneys shall be subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

11. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rule and Local Rules are satisfied by the contents of the Application.

12. The Debtors and OMM are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. In the event of any inconsistency between the terms of the Application, the Shamah Declaration, the LaChance Declaration, and this Order, the terms of this Order shall govern.

15. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2021
      Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE