**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | ) ) ) | **Chapter 11** |
| **FIELDWOOD ENERGY LLC,** *et al.,* | ) ) ) | **Case No. 20-33948 (MI)** |
| **Debtors.** | ) ) ) ) | **Jointly Administered** |

### OBJECTION OF NAUTILUS PIPELINE COMPANY, L.L.C. TO CURE AMOUNTS PROPOSED IN CONNECTION WITH PLAN SUPPLEMENT

Nautilus Pipeline Company, L.L.C. ("Nautilus") files this objection (the "Cure Objection") to cure amounts proposed in the *Plan Supplement* (the "Plan Supplement") (D.I. 1394) filed by the above-captioned debtors (the "Debtors"), and in support of the Cure Objection, state as follows:

### Factual and Procedural History

1.      On April 15, 2021, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "Plan") (D.I. 1284).  Pursuant to the terms of the Plan, the Plan Supplement was incorporated by reference into the contents of the Plan.

2.      In addition, section 8.1(a) of the Plan provides that all executory contracts and unexpired leases of the Debtors are to be rejected under the Plan unless a given contract or lease (i) was previously assumed, (ii) previously expired or terminated, (iii) is the subject of a motion to assume filed before the Plan is confirmed, or (iv) is identified to be assumed in the Plan or the Plan Supplement.

3.     On May 26, 2021, the Debtors filed their Plan Supplement.  Exhibit D to the Plan Supplement ("Exhibit D") purports to give notice of the potential assumption of an extensive list of contracts, as well as the related cure amounts (the "Proposed Cure Amount").  Included on Exhibit D are the following contracts with Nautilus (the "Contracts"):

    a.  That certain LTA for ST 320 by and between Fieldwood Energy LLC ("FE") and Nautilus, dated April 1, 2018 (line 797);

    b.  That certain Transportation Agreement for Ticonderoga-GC 768 by and between FE and Nautilus, dated July 21, 2018 (line 1041);

    c.  That certain Transportation Agreement for EW 910/ST 320 by and between FE and Nautilus, dated October 30, 2017 (line 1042); and

    d.  That certain Nautilus Liquids Transportation Agreement between Noble Energy Inc. and Nautilus, dated April 1, 2011 (line 1307).

4.     For each of the Contracts, the Proposed Cure Amount is listed as $0.00.

## Objections

5.     First, Nautilus objects on the basis that the proper cure amounts related to the Contracts are higher than the Proposed Cure Amount.  Nautilus believes it is owed $13,517.44 for post-petition amounts due.[1]

6.     Accordingly, the actual amount owed to Nautilus by the Debtors in order to cure existing defaults under the Contracts and any Additional Agreements (as defined below) is at least $13,517.44 (the "Actual Cure Amount").

7.     Nautilus demands that the Actual Cure Amount be paid as a prerequisite to the assumption -- and, as applicable, assignment -- of the Contracts and any Additional Agreements.

---

[1]     Due to the narrow window of time between the filing of the Plan Supplement and the deadline to file this Cure Objection, Nautilus is continuing to analyze the amount of its receivables from the Debtors.  Nautilus reserves all rights to amend or supplement the amount of the Actual Cure Amount.

Case 20-33948   Document 1428   Filed in TXSB on 06/02/21   Page 3 of 4


Any failure to do so would be in violation of section 365(b)(1)(A) of the Bankruptcy Code. 11 U.S.C. § 365(b)(1)(A).

8.      Second, Nautilus believes that the universe of contracts between it and the Debtors may include additional agreements (the "Additional Agreements") that are not reflected on Exhibit D, and that all of those contracts are likely necessary to the post-confirmation operations of the Debtors or their assignees. Accordingly, Nautilus reserves all rights to negotiate with the Debtors with regard to any Additional Agreements not included in Exhibit D.

WHEREFORE, Nautilus respectfully requests that the Court (a) sustain this Cure Objection, (b)(i) deny the Debtors' proposed assumption of the Contracts, or in the alternative, (ii) enter an Order requiring the Debtors to pay the Actual Cure Amount before allowing the assumption of the Contracts or Additional Agreements, and (c) grant Nautilus such further relief as the Court deems just.

Dated: Houston, TX
       June 2, 2021

EVERHEDS SUTHERLAND (US) LLP

By:   */s/ Mark D. Sherrill*_____
      Mark Sherrill (TBN 24034678)
      1001 Fannin Street
      Suite 3700
      Houston, Texas  77002
      Tel:  (713) 470-6100
      Fax:  (713) 637-1359
      marksherrill@eversheds-sutherland.us

*Counsel to Nautilus Pipeline*
*Company L.L.C.*

## Certificate of Service

I hereby certify that the foregoing Assignment and Cure Objection was duly served on all parties in interest through the Court's ECF system, this 2nd day of June, 2021.

/s/ Mark D. Sherrill
Mark D. Sherrill