# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al., | § | Case No. 20-33948 (MI) |
| | § | |
| *Debtors*. | § | (Jointly Administered) |
| | § | |
| | § | |

### OBJECTION OF THE TAXING AUTHORITIES TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS
**(Ref. Docket No. 1115)**

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge:**

**NOW COME** the Taxing Authorities,[1] secured creditors in the above-numbered and styled bankruptcy case, and file this objection to the *Third Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan"). In support of the objection, the Taxing Authorities would show the Court as follows:

1. The Taxing Authorities are political subdivisions of the State of Texas.

2. The Taxing Authorities hold secured claims for personal property *ad valorem* taxes owed by the Debtors for tax years 2020 and prior. In addition, a tax lien has now attached to all of the Debtors' real and personal property to secure payment of the 2021 taxes. The property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated, secured claims against the Debtors' property entitled to priority over other secured claims.

---

[1] The Taxing Authorities consist of the following entities: Cypress-Fairbanks ISD, Galveston County, Harris County, Lavaca County, Live Oak CAD, Matagorda County, Rio Grande City CISD, and Starr County.

1

3. Texas Property Tax Code § 32.05(b) provides that tax liens securing the property have priority over the claim of any creditor of a person whose property is encumbered by the lien. The Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. The taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Taxing Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). The tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

4. The Taxing Authorities object to the Plan for the reasons set forth below:

a. The Taxing Authorities object to the Plan on the basis that it fails to specifically provide for how the Taxing Authorities' claims will be paid. The Plan should not be confirmed unless and until it specifically provides for how and when the Taxing Authorities' claims will be paid.

b. The Taxing Authorities object to the Plan on the basis that the Plan fails to properly provide for the payment of interest on the Taxing Authorities' claims as required by 11 U.S.C. §§ 506(b) and 1129. The Taxing Authorities are entitled to interest on their claims at the statutory rate of 12% per annum and continuing until such time as the claims are paid in

full. 11 U.S.C. § 511; See also U.S.v. Graham, 59 Fed. Appx. 660 (6th Cir. 2003); and In re Marfin Ready Mix Corp., 220 B.R. 148 (Bankr. E.D. N.Y. 1998).

      c.      The Taxing Authorities object to the Plan on the basis that the Plan fails to provide for the retention of the Taxing Authorities' liens on the collateral. The Plan should not be confirmed unless and until it specifically provides for the Taxing Authorities' pre and post-petition liens to remain on the collateral until the claims are paid in full.

      d.      Lastly, the Taxing Authorities object to the Plan to the extent it purports to impose a requirement of filing an administrative expense claim in order for the 2021 taxes to be paid. The Plan should provide that administrative expense claims need not be filed for the 2021 taxes. The Debtors should be required to pay the post-petition taxes in the ordinary course of business without the necessity of local governments having to file administrative claims. 11 U.S.C. § 503(b)(1)(D).

**WHEREFORE, PREMISES CONSIDERED**, the Taxing Authorities respectfully pray that this Court sustain this objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated: June 2, 2021

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**
*/s/ Tara L. Grundemeier*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*
john.dillman@lgbs.com
tara.grundemeier@lgbs.com

Counsel for the Taxing Authorities

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on June 2, 2021.

*/s/ Tara L. Grundemeier*
**Tara L. Grundemeier**