IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| FIELDWOOD ENERGY LLC, *et al* § | |
| § | CASE NO. 20-33948 |
| § | |
| § | Chapter 11 |
| Debtors § | (Jointly Administered) |

**THE CERTAIN TEXAS TAXING ENTITIES' OBJECTION TO THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY AND ITS AFFLIATED DEBTORS**
(Relates to Doc. No. 1252)

**To:** The Honorable United States Bankruptcy Judge

COMES NOW, Colorado County Tax Office, Sheldon Independent Dickinson Independent School District, Bay City Independent School District, and Burleson County Tax Office, secured creditor and party in interest the "Certain Texas Taxing Entities") and files this Objection to the Fourth Amended Joint Chapter 11 Plan of Reorganization of Fieldwood Energy and Its Affiliated Debtors (the "Plan") (Doc. No. 1252).

## Background

1. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable property within it's boundaries, in order to operate and discharge their public purposes.

2. The Certain Texas Taxing Entities hold secured pre-petition tax claims in the estimated amount of $172,143.02[1] and 2021 post-petition tax claims for approximately $173,143.02[2] (the "Tax Claims"). The Tax Claims are secured by tax liens on the real and tangible business personal

---

[1] Some of the pre-petition tax claims appear to have been paid however review and due diligence remain on-going.
[2] The 2021 tax claims are estimated and subject to change.

property of the Debtors. The liens for the 2021 tax year attached to the Debtors' property on January 1, 2021.

3. The Certain Texas Taxing Entities' tax liens (the "Tax Liens") are senior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. See also *Stanford v. Butler*, 826 F.2d 353 (5th Cir. 1987): *Universal Seismic Associates, Inc*. 288 F.3d 205 (5th Cir. 2002); *In Re Winn's Stores, Inc*. 177 B.R. 253 (Bktcy W.D. Tex. 1995).

## Plan Treatment

4. The Plan proposes to treat the secured Tax Claims as Priority Tax Claims as set forth below.

> 2.5 *Treatment of Priority Tax Claims.*
>
> On the Effective Date or as soon thereafter as is reasonably practicable (but in no event later than 30 days after the Effective Date), each holder of an Allowed Priority Tax Claim shall receive in full and final satisfaction of such Claim, either (a) Cash in an amount equal to the Allowed amount of such Claim or such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code or (b) or such other treatment as to which the Debtors, the Post-Effective Date Debtors or NewCo and its subsidiaries (including the Credit Bid Purchaser) as applicable, and the holder of such Allowed Priority Tax Claim will have agreed upon in writing; *provided*, that Allowed Priority Tax Claims representing liabilities incurred in the ordinary course of business by the Debtors, as Debtors in Possession, shall be paid by the Debtors or the Post-Effective Date Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities; *provided, further*, that any Allowed Priority Tax Claim assumed by the Credit Bid Purchaser pursuant to the Credit Bid Purchase Agreement shall be solely an obligation of the Credit Bid Purchaser and the holder of such assumed Claim shall have no recourse to or Claim against the Debtors or Post-Effective Date Debtors or their assets and properties.

## Limited Objection

5. The Certain Texas Taxing Entities object to confirmation of the Plan in that it fails to provide for the retention of their pre-petition and post-petition liens on its collateral. The Plan

should not be confirmed unless and until it specifically provides for the Certain Texas Taxing Entities pre-petition and post-petition liens to remain on the Debtors' real and tangible personal property until the pre- and post-petition taxes are paid in full, with interest that has accrued post-petition and may accrue in the future.

6. The Certain Texas Taxing Entities object to the confirmation of the Plan in that it fails to provide for the payment of interest on their claims at the applicable non-bankruptcy rate from date of delinquency until paid in full as required by 11 U.S.C. § 511 and Texas law.

7. The Certain Texas Taxing Entities object to confirmation of the Plan in that it requires prior approval for the amendment of claims. In the event that the Tax Claims include amounts that are estimated, The Certain Texas Taxing Entities should be allowed to amend those claims upon the certification of the ad valorem tax amounts.

8. The Certain Texas Taxing Entities object to confirmation of the Plan because it fails to provide for a clear provision for notice of and remedies for default. Pursuant to 11 USC §1123(a)(5)(G), the plan must provide for an adequate means for plan implantation such as "curing or waiving any default."

9. The Certain Texas Taxing Entities object to the confirmation of the plan to the extent that they are required to file administrative claims for post-petition taxes or are subject to any administrative bar dates. Pursuant to 11 USC §503(b)(1)(D), governmental units are not required to file a request for payment of administrative expenses such as post-petition taxes.

10. The Certain Texas Taxing Entities object to the confirmation of the plan to the extent if fails to provide for the payment of post-petition taxes in the ordinary course of business prior to delinquency, making the failure to pay such taxes an event of default under the Plan.

11.	The Certain Texas Taxing Entities object to the confirmation of the plan to the extent that the confirmation order allows for any exit-financing that would prime the senior secured liens of The Certain Texas Taxing Entities.

12.	Counsel for The Certain Texas Taxing Entities will attempt to confer with counsel for the Debtors to resolve this objection.

### Prayer

WHEREFORE, The Certain Texas Taxing Entities respectfully request that the Court deny confirmation of the Plan, until and unless the Objection is remedied, and grant them such other and further relief as is just.

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
Attorneys for The Certain Texas Taxing Entities
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 (phone)
(713) 862-1429 (fax)

/s/ *Melissa E. Valdez*
Melissa E. Valdez
Texas State Bar No. 24051463
Owen M. Sonik
Texas State Bar No. 18847250

### CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2021 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, including but not limited to the following:

**DEBTORS' COUNSEL**

**Jason George**
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
2112-310-8021
Email: jason.george@weil.com

**Jessica Liou**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212-310-8000
Email: Jessica.Liou@weil.com

**Alfredo R Perez**
Weil Gotshal et al
700 Louisiana
Ste 1700
Houston, TX 77002
713-546-5040
Email: alfredo.perez@weil.com

**UNITED STATES TRUSTEE**
Hector Duran, Jr
Stephen Douglas Statham
U.S. Trustee
515 Rusk, Ste 3516
Houston, Tx 77002
Email: Hector.Duran.Jr@usdoj.gov; stephen.statham@usdoj.gov

**COUNSEL TO THE UNSECURED CREDITORS COMMITTEE**

**James W Walker**
Cole Schotz PC
901 Main Street
Suite 4120
Dallas, TX 75202
469-557-9391
Email: jwalker@coleschotz.com

**Michael D Warner**
Pachulski Stang Ziehl & Jones LLP
440 Louisiana Street
Suite 900

Houston, TX 77002
713-691-9385
Email: mwarner@pszjlaw.com
And all other parties via CM/ECF-enotice.

**COUNSEL TO THE SLTL AD HOC COMMITTEE**

**Constantine Z Pamphilis**
Kasowitz Benson et al
1415 Louisiana
Ste 2100
Houston, TX 77002
713-220-8852
Email: dpamphilis@kasowitz.com

/s/ *Melissa E. Valdez*
Melissa E. Valdez