**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al* | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF RED WILLOW OFFSHORE, LLC
TO NOTICE TO CONTRACT PARTIES TO EXECUTORY CONTRACTS AND
UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS
AND CURE AMOUNTS
[Doc. No. 1395]**

Red Willow Offshore, LLC files its Objection to Debtors' Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedules of Assumed Contracts and Cure Amounts (Doc. No. 1395), and respectfully represents as follows:

1.      Red Willow Offshore, LLC ("Claimant" or "RWO") is a non-operating, co-working interest owner with Fieldwood Energy, LLC ("Fieldwood") and other parties in various leases and associated wells, pipelines, and infrastructure located primarily in the Outer Continental Shelf ("OCS") that are operated by Fieldwood.

2.      Fieldwood Energy, LLC and 13 of its affiliates filed a petition under Chapter 11 of the Bankruptcy Code on August 3, 2020.  RWO has substantial dealings with Fieldwood in connection with certain OCS leases on which have been completed a number of oil and gas

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

wells.  A summary of the OCS Leases operated by Fieldwood in which Claimant is a working

interest owner ("WIO") or overriding royalty interest ("ORRI") owner is shown below:

| Block(s) | Field/Prospect | WI | ORRI |
|---|---|---|---|
| MC 519 | Santiago | 30.0000% | - |
| MC 519 | Santa Cruz | 30.0000% | - |
| MC 519 | Genovesa | 30.0000% | - |
| MC 519 | Remaining Area | 22.7500% | - |
| GC 200 | Orlov | 16.6667% | - |
| MC 697/698/742 | Big Bend | 15.4000% | - |
| MC 691 | Mt. Driskill | 25.0000% | - |
| GC 40 | Katmai | - | 0.0693% [2] |

3.      Among the prospects in which Fieldwood and RWO are involved is the

"Galapagos" prospect, located on Mississippi Canyon Block 519 ("MC 519"). Fieldwood is the

Operator of the prospect and RWO and Houston Energy Deepwater Venture I, LLC ("HEDV")

are the Non-Operators. Of the three wells completed on MC 519, the "Santa Cruz," "Santiago,"

and "Genovesa," the most recent is called "Genovesa."   RWO has a 30% WI in each well.

4.      The Joint Operating Agreements ("JOA's") between Fieldwood, RWO and

HEDV require Fieldwood to "pay all Costs of joint operations," but allow Fieldwood to "require

each Participating Party to advance its respective share of estimated expenditures."[3]  Such

requests for advance payments by Fieldwood shall be referred to herein as "cash calls."   RWO

paid its share of cash calls from Fieldwood for the Genovesa well on MC 519, totaling

approximately $12,332,100.00, between December 2019 and July 2020.

5.      However, beginning in August 2020, RWO began receiving notices of lien claims

filed by various contractors and service companies who Fieldwood retained in connection with

---

[2] References to the acronyms "MC" and "GC" refer respectively to the Bureau of Ocean Energy
Management's names for certain OCS lease Blocks:  "Mississippi Canyon" and "Green Canyon."

[3] See Santiago JOA, ¶6.1.

the drilling and completion of the Genovesa well and the connection of the well to the LSPS

umbilical pipeline.  It has become apparent that Fieldwood did not use all of the cash call

advances for the purposes intended and failed to pay amounts owed to the parties listed in

paragraph 6.

6.      The *known* lien claims, claimant names and claim amounts relating to MC 519

that have not been released or cancelled to the knowledge of RWO, and the alleged amounts

owed to the lien claimants are set forth as follows:

| | | |
|---|---|---|
| Statement of Privilege dated 7/15/2020; recorded Orleans, Plequemines and St. Bernard Parishes, La. (Section 546(b) Notice filed at Doc. No. 581) | Atlantic Maritime Services, LLC | $169,344.42, plus interest and attorney's fees |
| Statement of Lien dated 11/3/2020; recorded Mobile County, Ala. | Diversified Well Logging, LLC | $160,847.40, plus interest and attorney's fees |
| Statement of Lien dated 9/17/2020; recorded Mobile County, Ala. | Expro Americas, L.L.C. | $225,524.94, plus interest and attorney's fees |
| Statement of Lien dated 11/17/2020; recorded Mobile County, Ala. | Newpark Drilling Fluids, LLC | $394,888.33, plus interest and attorney's fees |
| Statement of Privilege for Oil and Gas Lien dated 11/10/20; recorded Plaquemines and Lafourche Parishes, La. (Section 546(b) Notice filed at Doc. No. 575) | Superior Performance, Inc. | $32,776.18, plus interest and attorney's fees, plus interest and attorney's fees |

RWO reserves the right to add to its cure claim objection the amount of any other unreleased

liens or statements of privilege in addition to those stated above, and for any amounts even if

more or less than the amounts shown above, affecting its interests in Lease MC 519 and any of

the other leases referenced in paragraph 2 of this Objection.

7.      Fieldwood's failure to pay the service companies who filed liens against MC 519

and any of the other leases referenced in paragraph 2 of this Objection, is a material breach of the relevant executory contracts, including but not limited to the following provisions of the applicable JOA:[4]

> **Section 5.4:** "The Operator shall use reasonable efforts to keep the Leases, Production System, Facilities and other equipment and any jointly owned Hydrocarbons free from all liens and encumbrances."
>
> **Section 22.1:** "Each Party shall hold all the other Parties harmless from liens and encumbrances on the Leases or in the Contract Area arising as a result of its acts or omissions."

8.     Both before and after the Petition Date, various parties who claim to have provided goods, services or materials to Fieldwood have filed and/or given notice of liens arising under applicable State law as authorized by Section 546(b) of the Bankruptcy Code.  In addition, Atlantic Maritime Services, LLC has filed a Motion For Limited Relief From Automatic Stay And Stay Extension Order Solely For The Purpose Of Instituting Actions And Filing Notices Of Lis Pendens To Preserve Atlantic's Liens On Non-Debtor Property (Doc. No. 1380) ("Atlantic Maritime Stay Motion"), seeking leave to file suit against RWO and HEDV, in addition to other parties, for the purpose of perfecting and ultimately foreclosing its alleged liens on RWO's and HEDV's property interests in Lease MC 519.

9.     Fieldwood's failure to pay expenses incurred in the development and operation of the Contract Areas in which Claimant owns working interests, has resulted in the assertion of

---

[4]  Offshore Operating Agreement dated effective January 1, 2009, originally by and between Noble Energy, Inc. (as predecessor in interest of Fieldwood), as Operator, and BP, Red Willow and HE&D Offshore, L.P., as Non-Operators, as amended by that certain First Amendment of the Unit Operating Agreement and Establishment of Lease Offshore Operating Agreements, dated effective as of October 10, 2014, by and among BP, Red Willow, HEDV, Noble Energy, Inc., Deep Gulf Energy III, LLC, Ridgewood South Santa Cruz, LLC and ILX Prospect South Santa Cruz, LLC and by that certain Second Amendment of the Offshore Operating Agreement, dated effective as of October 15, 2018, by and among BP, Red Willow, HEDV and Fieldwood, and by that certain Santiago / Santa Cruz Joint Operating Agreement made effective as of May 1, 2019 by and among Fieldwood, Red Willow and HEDV ("the MC 519 JOA").

statutory liens arising under applicable State law against Claimant's working interests and associated property interests.  Moreover, it appears that Fieldwood may have billed Claimant for JIB's, AFE's and other cash calls, which Claimant paid, related to the very work for which the service companies were not paid and which resulted in the filing of the liens.

10.     Despite the fact that Claimant's Proof of Claim described in detail the liens asserted against its leasehold interests and the known amounts asserted to be owed,[5] Fieldwood has filed its Notice To Contract Parties To Executory Contracts And Unexpired Leases Of The Schedule Of Assumed Contracts And Cure Amounts (Doc. No. 1395) ("Cure Notice") asserting a $0.00 cure amount for various executory contracts relating to Claimant's interest in the leases described in paragraph 2 (including but not limited to those listed in the Cure Notice as contract nos. 1121-1125, 1309, 1414, 1329-1440, 1478).[6]

11.     As such, Claimant asserts cure claims against Fieldwood in the amounts listed in paragraph 6 of this Objection, including interest and attorneys' fees, plus unliquidated amounts which may accrue from such lien claims, or which may result from unknown liens or liens filed or to be filed subsequently, arising from the assertion of debts and liens against Claimant and any of its property by any lien claimants, and for the amount of any JIB's, AFE's or cash call advances paid by Claimant for such work that was not used to pay such lien claimants.

12.     Claimant further reserves its rights to assert recoupment and set off of the amount of all sums owed relating to such liens against future JIB's, AFE's and cash call advance

---

[5] Claimant has determined that certain of the liens listed in its Proof of Claim have been released or cancelled and such liens are not included in this Objection.

[6] Claimant objects to the Cure Notice for any and all executory contracts to which it is a party relating to the leases described in paragraph 2, whether or not listed by contract number in this parenthetical.

requests by Fieldwood, its successors and assigns, including but not limited to the Credit Bid Purchaser.

13.     Claimant further reserves the right to amend its Proof of Claim for additional claims, including, without limitation, claims for administrative expenses, claims for rejection damages and all other claims, at law or in equity, arising prior to, on, or after the Petition Date. Claimant further reserves the right to amend or supplement this Objection if it deems it necessary and appropriate, for any reason, including to add costs or expenses that have been incurred but not yet billed or that are allowable by contract, at law, equity or otherwise.

14.     Claimant further asserts a cure claim for its reasonable and necessary attorneys' fees and expenses incurred as a result of the breaches of contract described herein to the extent recoverable under applicable law.

15.     In order to cure the referenced defaults under the executory contracts described herein, Fieldwood must (a) provide Claimant with certified copies of the instruments releasing or cancelling all statutory liens and privileges arising under applicable State law encumbering Claimant's working interests and associated property interests in the leases described in paragraph 2 hereof, (b) provide Claimant with certified copies of final, non-appealable, orders from the courts in which lien claimants have filed actions against RWO to perfect, enforce and/or foreclose such liens, dismissing such actions with prejudice and dismissing the Atlantic Stay Motion with prejudice, and (c) pay Claimant's attorneys' fees and expenses to the extent recoverable under applicable law.[7]

---

[7] While procurement of the required releases and dismissals my require the payment of all or part of the indebtedness owed by Debtors, this Objection is not to be construed as a demand for payment by Debtors, but rather is intended solely as a statement in response to the Cure Notice of the actions required in order to cure the defaults under the executory contracts and unexpired leases described herein.

16.      Claimant objects to the assumption of the executory contracts and unexpired leases described herein unless and until Debtors fully satisfy Claimant's cure claim objections stated herein.

17.      Claimant separately objects to the assumption of the leases described in paragraph 2 hereof and the executory contracts associated therewith unless the Credit Bid Purchase and Sale Agreement is amended to require that the Credit Bid Purchaser assumes all obligation of Debtor under the terms of the leases described in paragraph 2 hereof and the executory contracts associated therewith.

18.      Section 11.1 of the Credit Bid PSA (Doc. No. 1254-1) provides as follows:

> Subject to the terms of this Agreement, if the Closing occurs, Buyer shall be deemed to have assumed (and shall pay, perform and discharge) the following Liabilities of the Sellers, as of the Closing (collectively, the "***Assumed Liabilities***
>
> (a)      all Liabilities to the extent arising out of the Leases and the Assigned Contracts that are Acquired Interests, but, as to such Leases and such Assigned Contracts that constitute Other Assets, only to the extent that such Liabilities arise after the Closing;
>
> (b)      all Liabilities to the extent arising out of the ownership, operation, use or environmental condition of the Acquired Interests (other than the Leases and Assigned Contracts), but, as to the Other Assets that are Acquired Interests, only to the extent that the acts, omissions, events or conditions giving rise thereto first arise, occur or come into existence after the Closing;

[emphasis added]

................................

"Other Assets" include

(o) the oil and gas leases (and other agreements) described in Part 2 of Exhibit A (collectively the "Other Leases") including all Working Interests, Net Revenue Interests, royalty interests, overriding royalty interests, production payments, net profits interests, carried interests, reversionary interests (including rights under non-consent provisions), possibilities of reverter, conversion rights and options, fee mineral interests and other interests of every kind and character in, to, under or derived from any Other Lease or any land subject to, covered by or included within any Other Lease.

……………………………………………………………………………………..

Exhibit A makes it clear that Claimant's leases are in Part 2 (beginning on Exhibit A, page 6) and, therefore are "Other Leases" falling into the "Other Assets" bucket.

19.     The MC 519 JOA requires that any assignment be made subject to its terms and that any assignee must assume all obligations of the assignor:

> Any assignment of any interest in or subject to this Agreement shall incorporate provisions that the assignment is inferior to and made expressly subject to this Agreement <u>and providing for the assumption by the assignee of the performance of all of assignor's obligations under this Agreement</u> and providing that the assignor is not released from its obligations hereunder. Any assignment not in compliance with this provision shall be voidable by the non-assigning Parties.

MC 519 JOA, ¶ 24.2.4. [underscoring added].

20.     RWO objects to the assumption of the MC 519 JOA and the assignment of Lease MC 519 to the Purchaser under the Credit Bid PSA unless the Purchaser assumes all obligations under the MC 519 JOA, as required by its terms.  This means that the Purchaser must assume all obligations, whether they arose before or after the Closing, not just those arising after the Closing as provided in Section 11.1 of the Credit Bid PSA.

WHEREFORE, Red Willow Offshore, LLC respectfully prays that this Objection be sustained and the Debtors be ordered to take the actions required to cure the defaults described in this Objection, and that the assumption of the MC 519 JOA be subject to the requirement that the Purchaser must assume all obligations under the MC 519 JOA, whether they arose before or after the Closing, not just those arising after the Closing as provided in Section 11.1 of the Credit Bid PSA.

Dated:  June 2, 2021
Houston, Texas

Respectfully submitted,

*/s/  Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
State Bar. No. 18456400
815 Walker, Suite 1502
Houston, TX  77002
Telephone:  (713) 516-7450
Email:  barnetbjr@msn.com

Counsel to Red Willow Offshore, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2021, a true and correct copy of the foregoing has been served on all counsel and parties in interest who have consented to service via this Court's ECF filing system at the time of filing.

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.