IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FIELDWOOD ENERGY LLC, *et al.,*<br><br>Debtors. | § §§§§§§ CHAPTER 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |

**VALERO MARKETING AND SUPPLY COMPANY'S OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS
[ECF NO. 1284]**

Valero Marketing and Supply Company ("Valero"), as a party-in-interest and creditor in the above-referenced jointly-administered bankruptcy case (the "Bankruptcy Case") and as Defendant and Counter-Plaintiff in Adversary No. 20-03497, files this objection (the "Objection") to confirmation of the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [ECF No. 1284] (the "Plan"). In support of the Objection, Valero respectfully states as follows:

## I. BACKGROUND

1. Valero is a party-in-interest and creditor in the Bankruptcy Case.

2. In June 2018, Valero and Fieldwood Energy, LLC ("Fieldwood") entered into the Purchase Contract (the "Purchase Contract" or "Contract"). Under the Purchase Contract, Fieldwood agreed to provide crude oil on a month-to-month basis to Valero. The quantity to be delivered was approximately 10,000 barrels a day. The Purchase Contract required thirty (30) days prior written notice of cancellation. [Adversary No. 20-03497, ECF No. 4]

4842-0876-6696.8

3. On April 27, 2020, Fieldwood informed Valero that: "[d]ue to conditions created by the COVID-19 epidemic and pursuant to Section E of the Conoco Inc.'s General Terms and Conditions . . . , Fieldwood hereby notifies Valero that Fieldwood is unable to perform its obligations under the Contract due to an event of Force Majeure . . . ." (the "Force Majeure Notice"). [Adversary No. 20-03497, ECF No. 4]

4. On April 29, 2020, Valero rejected the alleged force majeure and the Force Majeure Notice.

5. On April 29, 2020, Fieldwood sent a notice of termination of the Purchase Contract effective as of May 30, 2020 (the "Contract Termination Date").

6. On May 14, 2020, under the Purchase Contact, Valero made demand that Fieldwood provide adequate assurance of performance. [Adversary No. 20-03497, ECF No. 4]

7. On November 25, 2020, Valero timely filed Proof of Claim No. 729 (the "Proof of Claim") in United States Bankruptcy Court, Southern District of Texas. Valero asserted that it has a right of setoff in the amount of $2,102,544 for damages it incurred prior to the Contract Termination Date.

8. On December 12, 2020, Fieldwood filed Adversary Complaint No. 20-03497 (the "Complaint") against Valero objecting to the Proof of Claim. Further, the Complaint alleges, in relevant part, the following: (1) Valero breached the Purchase Contract; (2) Fieldwood was not required to provide adequate assurances; (3) Valero miscalculated damages owed because it failed to mitigate its damages and under the Purchase Contract neither party is liable for "consequential, incidental, punitive, special, exemplary or indirect damages, or lost profits;" (4) Valero has no valid lien; and (5) Fieldwood is entitled to attorney's fees. Valero disputes and denies all claims alleged by Fieldwood (the "Adversary Proceeding"). [Adversary No. 20-03497, ECF No. 1]

9. On January 15, 2021, Valero filed an answer (the "Answer") to the Complaint in which Valero responded to the allegations made in the Complaint, asserted relevant affirmative defenses, re-asserted its right of setoff, and asserted a counterclaim for breach of contract. [Adversary No. 20-03497, ECF No. 4]

10. To date, there has not been a ruling and/or judgment rendered in the Adversary Proceeding.[1]

11. On January 1, 2021, Fieldwood filed its original disclosure statement and plan, *Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [ECF Nos. 722 and 723] (the "Original Plan" and the "Original Disclosure Statement", respectively). Neither the Original Disclosure Statement nor the Original Plan specifically discussed Valero's claims or the Adversary Proceeding. Neither the Original Disclosure Statement nor the Original Plan contained general discussion regarding treatment of creditors which timely asserted a right of setoff. However, counsel for Fieldwood clarified that the claims, if any, that Fieldwood has against Valero would be treated as an "Acquired Interest[]," which includes oil and gas leases, under the proposed purchase agreement. Attached hereto as **Exhibit A** is a true and correct copy of email correspondence between Valero's counsel and Fieldwood's counsel dated March 24, 2021. There is nothing in any subsequently filed plan or purchase agreement that modifies this proposed treatment. As a result, Valero agreed that its objections to the Original Disclosure Statement were resolved, reserving its rights in the Adversary Proceeding and/or to object to confirmation.

12. On March 15, 2021, Fieldwood filed its *Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [ECF Nos. 1020 and 1022].

---

[1] Valero is not asking the Court, through this Objection, to determine whether Valero has a right of setoff. This Objection is filed by Valero merely to reserve any right to setoff and other defenses asserted in the Adversary Proceeding and its Proof of Claim.

3

13. On March 23, 2021, Fieldwood filed its *Second Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [ECF Nos. 1098 and 1102].

14. On March 24, 2021, Fieldwood filed its *Third Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [ECF Nos. 1115 and 1117].

15. On April 9, 2021, Fieldwood filed its *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [ECF Nos. 1252 and 1254].

16. On April 15, 2021, Fieldwood filed its *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan" and the "Disclosure Statement") [ECF Nos. 1284 and 1285 (solicitation version)], which confirmation hearing is set for June 9, 2021. The Plan and Disclosure Statement, similar to the Original Disclosure Statement and Original Plan, do not discuss Valero's asserted right of setoff.

17. The Plan and Disclosure Statement only address the reservation of setoff rights of the post-confirmation debtors, explicitly reserving its own rights without even so much as generally addressing the treatment of creditors potentially holding the same rights. The Plan and Disclosure Statement also neglect to discuss the treatment of creditors asserting they hold a secured claim to the extent of the allowed setoff amount.

18. Fieldwood claims to have terminated the Purchase Contract and asserts that it has a claim under the Purchase Contract against Valero for deliveries prior to the Contract Termination Date. To the extent that Valero's right of setoff is found to be enforceable, it is a Class 1 (Other Secured Claims) creditor.

19. On May 26, 2021, Fieldwood filed its *Notice of Filing of Plan Supplement in Connection With Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its*

4

*Affiliated Debtors* [ECF No. 1394] (the "Plan Supplement").  Exhibit C to the Plan Supplement does, however, reference the Adversary Proceeding, stating:

> Notwithstanding and without limiting the generality of section 10.11 of the Plan, any Causes of Action or claims related to the following are expressly reserved by the Post-Effective Date Debtors, FWE I, FEW IV or any FEW Additional Entity, as the case may be (or shall be otherwise sold, transferred, or assigned to the Credit Bid Purchaser or any of the NewCo Entities pursuant to the Credit Bid Purchase Agreement, as applicable):
>
> . . .
>
> - *In re: Fieldwood Energy LLC, et. al Fieldwood Energy LLC v. Valero Marketing and Supply Company* (Adversary Case No. 20-03497);
>
> . . .

Exhibit C to Plan Supplement, at p. 4 (the "Supplement Language").  Again, there is no specific information whether claims asserted against Valero in the Adversary Proceeding will be transferred or retained.

## II. OBJECTION

20.　Valero is not seeking to derail confirmation of Fieldwood's Plan through this Objection.  However, Valero objects to confirmation of the Plan to the extent that Fieldwood intends to sell and/or transfer the claim against Valero free and clear of Valero's setoff rights and defenses, which were timely asserted in the Proof of Claim and in the Answer in the Adversary Proceeding.

21.　The confirmation order should expressly provide that the rights of Fieldwood or its transferee are subject to any claims and defenses asserted by Valero in the Adversary Proceeding, including a right of setoff.  The Plan cannot reserve Fieldwood's rights to setoff and/or other defenses in the Adversary Proceeding while failing to recognize Valero's rights to the same. *See, e.g.*, *In re Ditech Holding Corp.*, 606 B.R. 544, 596–601 (Bankr. S.D.N.Y. 2019) (confirming plan, in relevant part, upon (1) resolution of retention of setoff rights and (2) amendment regarding

retention of asserted defenses by non-debtor parties in interest). Specifically, Valero's simple request is that the Supplement Language's provision regarding the Adversary Proceeding be amended to include "<u>subject to</u> Valero's right to set off any damages owed to Fieldwood against the damages it seeks from Valero."

### III. **PRAYER**

WHEREFORE, premises considered, Valero respectfully requests this Objection be sustained and the Plan be confirmed upon amendment of the Supplement Language's provision regarding the Adversary Proceeding to include "<u>subject to</u> Valero's right to set off any damages owed to Fieldwood against the damages it seeks from Valero." Additionally, Valero seeks such other or further relief to which it may be justly entitled and reserves the right to seek additional or further relief.

Dated:  June 2, 2021                    Respectfully submitted,

By:  */s/ Deborah D. Williamson*

**FERNELIUS SIMON MACE**
**ROBERTSON PERDUE PLLC**

> C. Robert Mace
> State Bar No. 12771300
> Southern District No. 1415
> BMace@trialattorneytx.com
> C. Brannon Robertson
> State Bar No. 24002852
> S.D. Tex No. 22131
> Brannon.robertson@trialattorneytx.com
> 4119 Montrose Blvd., Suite 500
> Houston, Texas 77006
> Telephone: (713) 654-1200
> Facsimile: (713) 654-4039

and

**DYKEMA GOSSETT PLLC**

> Deborah D. Williamson
> State Bar No. 21617500
> dwilliamson@dykema.com
> Danielle N. Rushing
> State Bar No. 24086961
> drushing@dykema.com
> 112 East Pecan Street, Suite 1800
> San Antonio, Texas 78205
> Telephone: (210) 554-5500
> Facsimile: (210) 226-8395

**ATTORNEYS FOR**
**VALERO MARKETING AND**
**SUPPLY COMPANY**

## EXHIBIT A

4842-0876-6696.8

**From:** Williamson, Deborah
**Sent:** Wednesday, March 24, 2021 9:58 AM
**To:** 'Greene, Anthony' <Anthony.Greene@weil.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Question – as the contract was terminated by Fieldwood pre-petition, is the argument that the Buyer is acquiring the contract rights and causes of action related to the production from those particular fields?

Assuming no decision by Judge Isgur on the right of setoff and/or the amount of Valero's set off prior to confirmation and ultimately a closing, would the buyer be substituted as the plaintiff in the claims objection?

**From:** Greene, Anthony <Anthony.Greene@weil.com>
**Sent:** Wednesday, March 24, 2021 9:51 AM
**To:** Williamson, Deborah <DWilliamson@dykema.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Hi Deborah,

Please see the below screenshot of Exhibit A to the PSA.  You will note that the PSA provides that 1.2(qq) provides that Acquired Interests includes "all rights, claims, demands and causes of action relating to the Acquired Interests or the assumed Liabilities", which includes the Oil and Gas Leases listed on Exhibit A.

Case 20-33948   Document 1117-1   Filed in TXSB on 03/24/21   Page 304 of 591

| Field | Block | Lease | Type | Seller | Operator | Interest in Lease | Lease S... |
|---|---|---|---|---|---|---|---|
| Isabela N (Miocene) | MC 518 | OCS-G 35828 | Federal | Fieldwood | BP E&P | 24.33333% record title | PRIMA |
| | | | | | | 12.5% operating rights in all of Block 518, Mississippi Canyon, from depths below 19,500' TVDSS down to and including 99,9999' TVDSS | |
| King Cake | AT 023 | OCS-G 35015 | Federal | Fieldwood | Murphy E&P USA | 7.75% record title | PRIMA |
| Little Burn | GC 238 | OCS-G 26302 | Federal | Fieldwood | BHP Billiton Petroleum (GOM) | 40% operating rights in all of Block 238, Green Canyon, from 16,700' TVD to 99,999' TVD | PRO |
| | | | | FEO | Talos ERT LLC | 2.8% ORRI insofar as the lease pertains to depths from 0 to 16,999' TVD | |
| Mississippi Canyon 562 (Isabela) | MC 562 | OCS-G 19966 | Federal | Fieldwood | BP E&P | 12.5% record title | PRO |
| | | | | | | 0% operating rights in N/2 of Block 562, Mississippi Canyon, from the surface to 19,500' TVDSS | |
| | | | | | | 12.5% operating rights in N/2 of Block 562, Mississippi Canyon, from depths below 19,500' TVDSS down to and including 99,999' TVDSS | |
| | | | | | | 12.5% operating rights in S/2 of Block 562, Mississippi Canyon, from depths below 20,000' TVDSS down to and including 99,999' TVDSS | |
| Mississippi Canyon 698 (Big Bend) | MC 697 A | OCS-G 28021 | Federal | Fieldwood | Fieldwood | 54% record title | UNI |
| Mississippi Canyon 698 (Big Bend) | MC 698 | OCS-G 28022 | Federal | Fieldwood | Fieldwood | 54% record title | UNI |
| Mississippi Canyon 698 (Big Bend) | MC 742 | OCS-G 32343 | Federal | Fieldwood | Fieldwood | 100% record title in NE1/4; S1/2 of Block 742, Mississippi Canyon | UNI |
| | | | | | | 54% record title in NW1/4 of Block 742, Mississippi Canyon | |
| Mississippi Canyon 782 (Dantzler) | MC 782 | OCS-G 33757 | Federal | Fieldwood | Fieldwood | 45% record title | PRO |
| Mississippi Canyon 948/949/992/993 (Gunflint) | MC 948 | OCS-G 28030 | Federal | Fieldwood | Fieldwood | 58.9363% record title | UNI |
| Mississippi Canyon 948/949/992/993 (Gunflint) | MC 949 | OCS-G 32363 | Federal | Fieldwood | Fieldwood | 58.9363% record title | UNI |
| Mississippi Canyon 948/949/992/993 (Gunflint) | MC 992 | OCS-G 24133 | Federal | Fieldwood | Fieldwood | 58.9363% record title in N1/2 of Block 992, Mississippi Canyon | UNI |
| | | | | | | 52.94% record title in S1/2 of Block 992, Mississippi Canyon | |

Exhibit A – Page 14

WEIL:\97869848\10\45327.0007



**Anthony L. Greene**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
anthony.greene@weil.com
+1 212 310 8418 Direct
+1 347 291 5861 Mobile

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Wednesday, March 24, 2021 10:38 AM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>; Greene, Anthony <Anthony.Greene@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Anthony, I have exhibit G open.  If you could give me direction, that would helpful.

2

**From:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Sent:** Wednesday, March 24, 2021 9:29 AM
**To:** Williamson, Deborah <DWilliamson@dykema.com>; Greene, Anthony <Anthony.Greene@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Hi Deborah,

Are you free to hop on a call this morning?  For your second question, Anthony (copied) can direct you to where in the credit bid PSA the Valero claims are scheduled to be assigned to Newco.

Thanks,



**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
clifford.carlson@weil.com
+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax


**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Monday, March 22, 2021 10:28 AM
**To:** Greene, Anthony <Anthony.Greene@weil.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Anthony and Clifford, just following up on our prior conversation of March 11.

Is the Debtor willing to address any of the objections to the DS we raised?

Specifically, as outlined in Paragraph 18 of the Valero Objection:
	Will Valero's claim of setoff (if ultimately allowed) be included in Class 1 for voting purposes?

	Will the DS state which entity will acquire/retain the claims against Valero (regardless of whether they are contract or accounts receivables)?

	Will the DS state that the Plan will not affect the rights of any party to defend, prosecute or enforce any judgment entered in pending Adversary Proceeding?  In other words, that there will be no attempt to transfer the claims against Valero free and clear of the right of setoff timely asserted by Valero and which is the subject of the pending Adversary Proceeding?

3

**From:** Greene, Anthony <Anthony.Greene@weil.com>
**Sent:** Thursday, March 11, 2021 3:13 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Thanks, Deborah.



**Anthony L. Greene**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
anthony.greene@weil.com
+1 212 310 8418 Direct
+1 347 291 5861 Mobile

---

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, March 11, 2021 3:49 PM
**To:** Greene, Anthony <Anthony.Greene@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Anthony, thank you for the call.  My mobile number is 210 241 0591.  I look forward to hearing from you.

---

**From:** Greene, Anthony <Anthony.Greene@weil.com>
**Sent:** Thursday, March 11, 2021 2:30 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>; Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

HI Deborah – feel free to give me a ring on my office line.



**Anthony L. Greene**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
anthony.greene@weil.com
+1 212 310 8418 Direct
+1 347 291 5861 Mobile

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, March 11, 2021 3:26 PM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Cc:** Greene, Anthony <Anthony.Greene@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Anthony – are you available for a call at 2:30?  If so, what number should I call?

**From:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Sent:** Thursday, March 11, 2021 2:23 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>
**Cc:** Greene, Anthony <Anthony.Greene@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Deborah,

Sorry but I am unfortunately still tied up.  I am looping in my colleague Anthony who is available and also happens to be closer to this matter so that you can connect this afternoon.



**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
clifford.carlson@weil.com
+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, March 11, 2021 1:34 PM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Thank you

**From:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Sent:** Thursday, March 11, 2021 1:34 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Yes, I believe your deadline resets to Tuesday at noon anyway, but for the avoidance of doubt Debtors agree to an extension of filing the witness and exhibit list until then.



**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
clifford.carlson@weil.com
+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax

---

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, March 11, 2021 1:30 PM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

I have another call at 3:30, so 2:30 should work.

I don't know that I have any exhibits, but can I have an extension until Tuesday? All I anticipate including would be the Valero Proof of Claim (asserting the right of setoff) and the Adversary Proceeding (objecting to the right of setoff), the Valero Answer and Counter claim and the cross motions for summary judgment filed Tuesday.

**From:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Sent:** Thursday, March 11, 2021 1:27 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Sorry to do this, but can we talk at 230? I am in the middle of a fire drill and should free up in about an hour.

Note that the Disclosure Statement hearing has been further adjourned to next Thursday.



**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755

clifford.carlson@weil.com
+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, March 11, 2021 11:25 AM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Thank you – that works for me.  210 241 0591.

**From:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Sent:** Thursday, March 11, 2021 11:23 AM
**To:** Williamson, Deborah <DWilliamson@dykema.com>; Rushing, Danielle <DRushing@dykema.com>; Calvert, Taylor <TCalvert@dykema.com>
**Cc:** Perez, Alfredo <alfredo.perez@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Greene, Anthony <Anthony.Greene@weil.com>; James, Hillarie <Hillarie.James@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

**\*\*\* EXTERNAL\*\*\***

Hi Deborah,

Are you free at 1:30 pm CT?  If so, I can give you a call then.



**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
clifford.carlson@weil.com
+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax

**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, March 11, 2021 11:21 AM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rushing, Danielle <DRushing@dykema.com>; Calvert, Taylor <TCalvert@dykema.com>
**Cc:** Perez, Alfredo <alfredo.perez@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Greene, Anthony <Anthony.Greene@weil.com>; James, Hillarie <Hillarie.James@weil.com>
**Subject:** Fieldwood - Valero limited objection to Disclosure Statement

7

Cliff, could you please give me a call at 210 241 0591.  I have been trying to resolve our objection since January 28.

**From:** Williamson, Deborah
**Sent:** Thursday, March 4, 2021 8:42 AM
**To:** 'Carlson, Clifford' <Clifford.Carlson@weil.com>; Rushing, Danielle <DRushing@dykema.com>; Calvert, Taylor <TCalvert@dykema.com>
**Cc:** Perez, Alfredo <alfredo.perez@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Greene, Anthony <Anthony.Greene@weil.com>; James, Hillarie <Hillarie.James@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Cliff, have you gotten a response?  I would like to resolve our objection (if possible) this week.

**From:** Carlson, Clifford <Clifford.Carlson@weil.com>
**Sent:** Thursday, February 11, 2021 4:38 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>; Rushing, Danielle <DRushing@dykema.com>; Calvert, Taylor <TCalvert@dykema.com>
**Cc:** Perez, Alfredo <alfredo.perez@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Greene, Anthony <Anthony.Greene@weil.com>; James, Hillarie <Hillarie.James@weil.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement


**\*\*\* EXTERNAL\*\*\***

Deborah,

We will discuss your comments with our client and get back to you shortly.

Regards,
Cliff




**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002-2755
clifford.carlson@weil.com
+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax



**From:** Williamson, Deborah <DWilliamson@dykema.com>
**Sent:** Thursday, February 11, 2021 5:26 PM
**To:** Perez, Alfredo <alfredo.perez@weil.com>

**Cc:** Rushing, Danielle <DRushing@dykema.com>; Calvert, Taylor <TCalvert@dykema.com>
**Subject:** RE: Fieldwood - Valero limited objection to Disclosure Statement

Alfredo, just following up. I hadn't heard anything from anyone on your team to see if we can resolve our objection which is really more of a clarification.

| | | | |
|---|---|---|---|
| | **Deborah D. Williamson**<br>Member<br>DWilliamson@dykema.com<br>Board Certified, Business Bankruptcy, Texas Board of Legal Specialization | 210-554-5275 Direct<br>210-554-5500 Main<br>866-850-9085 Fax | 112 E. Pecan Street, Suite 1800<br>San Antonio, Texas 78205<br>www.dykema.com |

**From:** Williamson, Deborah
**Sent:** Thursday, January 28, 2021 10:48 AM
**To:** Perez, Alfredo <alfredo.perez@weil.com>
**Cc:** Rushing, Danielle <DRushing@dykema.com>; Calvert, Taylor <TCalvert@dykema.com>
**Subject:** Fieldwood - Valero limited objection to Disclosure Statement

Alfredo, I hope all is going well with you and your family COVID and health wise.

I know you are tied up with the BP but I am not sure who is your office is handling DS issues, attached is the limited objection we just filed on behalf of Valero. Valero is looking for three things – (1) clarification that, to the extent that it is ultimately determined that Valero has a right of setoff, it's claim is included in Class 1 and is unimpaired. (2) information on which entity will acquire the claim against Valero which is asserted in the pending adversary proceeding. (3) Confirmation that there is no attempt to transfer that claim free and clear of Valero's asserted right of setoff. Hopefully, the DS and plan can be easily clarified to address the limited objection.

I can be reached at 210 241 0591 if someone in your office wants to discuss.
*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the

reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of June, 2021, a true and correct copy of the foregoing has been served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, including:

Alfredo R. Perez
Alfredo.Perez@weil.com

Matthew S. Barr
Matt.Barr@weil.com

Jessica Liou
Jessica.Liou@weil.com

Hector Duran, Jr.
Hector.Duran.Jr@usdoj.gov

Stephen Douglas Statham
Stephen.Statham@usdoj.gov

Michael D. Warner
Mwarner@coleschotz.com

                                    */s/ Danielle N. Rushing*
                                    Danielle N. Rushing

4842-0876-6696.8