IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al. | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**CONOCOPHILLIPS COMPANY, THE LOUISIANA LAND & EXPLORATION COMPANY AND BURLINGTON RESOURCES OFFSHORE'S LIMITED OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS AND NOTICE OF OPT OUT**

ConocoPhillips Company, The Louisiana Land & Exploration Company and Burlington Resources Offshore (collectively, "COPC") file this *Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Doc. No. 1284) (the "Plan") and state as follows:

### I.   INTRODUCTION

COPC is a predecessor in title in a significant number of leases in which Fieldwood also has interests. These leases fall into assets transferred to NewCo, FWE I, FWE III, and to be abandoned. While Fieldwood has not requested COPC directly take over any "abandoned" leases, COPC anticipates Fieldwood's abandonment of its interest may result in other parties having to turn to operating agreements and other contractual rights to handle the empty seat left by Fieldwood. Moreover, COPC remains concerned about the feasibility of FWE I and FWE III as decommissioning vehicles. Under any circumstance, the Plan and Confirmation Order should make clear that they do not modify or impair rights among third parties under operating

PAGE 1

agreements, security interests under operating agreements, and subrogation rights among third parties.

## II.     FACTUAL BACKGROUND

Fieldwood's Plan calls for an allocation of assets between an entity controlled by the Credit Bid Purchaser (consisting primarily of deepwater assets) and entities created by divisive merger including FWE I (Legacy Apache assets), FWE III (a decommissioning entity), FWE IV (legacy Chevron / Noble assets), and abandoned properties. (*See* Doc. 1254 at Art. 5.7, 5.12, 5.13). The abandonment proposal leaves predecessors and working interest owners to complete any required decommissioning without Fieldwood's participation or financial contribution. FWE I and FWE III are both thinly capitalized as decommissioning entities, and FWE I particularly has an enormous amount of decommissioning liabilities in its future and a large number of leases that have already expired or terminated. The decommissioning due in the next year under the regulations for FWE I vastly exceeds the $70 million proposed for decommissioning spending by that entity in its financial projections. (*See* Doc. No. 1285, Ex. O).

COPC has a significant number of leases for which it a predecessor in title in leases now owned in part by various Debtor entities. Leases with a former COPC interest appear on Fieldwood's lists of purchased assets, FWE I assets, FWE III assets, and abandoned assets and involve millions of dollars in decommissioning liabilities.

## III.     ARGUMENTS AND AUTHORITIES

Fieldwood cannot abandon its environmental liabilities, and any entity created by the Plan must also be able to carry out those environmental obligations to comply with applicable law. *See* 11 U.S.C. § 1129(a)(3). The health, safety, and environmental laws governing

Fieldwood and its reorganized entities require compliance with regulations related to decommissioning of expired and terminated leases. *See* 30 CFR § 250.1702; *Midlantic Nat'l Bank v. N.J. Dept. of Envtl. Prot.*, 474 U.S. 494, 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986); *In re Anglo-Suisse Offshore Partners, LLC*, Case No. 15-36566 (Bankr. S.D. Tex. Apr. 6, 2016) (Dkt. No. 63); *In re Amer. Coastal Energy, Inc.*, 339 B.R. 805, 812 (Bankr. S.D. Tex. 2009). Compliance with law and ability to carry out decommissioning work further ties to the feasibility requirement of section 1129(a)(11).

Fieldwood's plan does not comply with applicable law to the extent it fails to provide for timely decommissioning of all assets under the applicable regulations. Fieldwood's proposed $70 million in decommissioning spend in 2021 will not resolve all decommissioning obligations required under the applicable regulations for 2021. This lack of compliance will snowball with additional decommissioning due in 2022 and onward, which FWE I will be unable to complete. Moreover, it is unclear at this time whether regulators will approve the divisive merger-based transfer of leases to FWE I and FWE III, which creates another compliance and feasibility problem. In addition to FWE I being immediately out of compliance with applicable law, Fieldwood plans to abandon another set of assets, which will also not comply with applicable law.

The potential for failure with FWE I and FWE III and abandonment of other leases will leave many parties scrambling to fill the vacuum left by Fieldwood. At minimum, the Plan and Confirmation Order should make clear that third parties remain obligated for these obligations under applicable law, the applicable operating agreements, and under other contractual rights. The scope of releases is particularly concerning because Apache remains the predecessor in interest for the FWE I assets and must continue to be liable to third parties for its share of

plugging and abandonment should FWE I fail to complete the task. The proposed release and exculpation of Apache exceeds the scope of releases allowed under *In re Pacific Lumber*, 584 F.3d 229, 250 (5th Cir. 2009).

To resolve these concerns, COPC proposes the following language for the Confirmation Order:

> ConocoPhillips Company, The Louisiana Land & Exploration Company and Burlington Resources Offshore's (collectively, "COPC") rights, including, but not limited to, security interests, security rights, contract rights, setoff and recoupment rights, and subrogation rights, against non-Debtors under operating agreements, other contracts, and applicable law are hereby reserved, and nothing contained in the Plan or Confirmation Order shall modify or impair COPC's rights with respect to any non-Debtor parties.

## IV.   NOTICE OF OPT OUT

COPC has submitted ballots containing an election to opt out of the releases. However, for the avoidance of doubt, COPC hereby provides notice that it opts out of the releases contained in Article 10.7 of the Plan.

## V.   RESERVATION OF RIGHTS

COPC reserves all rights regarding any amended plan, contract assumption and rejection, and its claims in this case, including, but not limited to, administrative priority claims related to decommissioning work, adequate protection for such expenditures, assumption and cure obligations, and all other rights in this case.

WHEREFORE, ConocoPhillips Company, The Louisiana Land & Exploration Company and Burlington Resources Offshore pray the Court sustain this objection and grant such other relief as may be just and proper.

Dated:  June 2, 2021

Respectfully submitted,

*/s/ Omer F. "Rick" Kuebel, III*
**Omer F. "Rick" Kuebel , III**
   Federal Bar No. 32595
**Bradley C. Knapp**
   Texas Bar No. 24060101
**LOCKE LORD, LLP**
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Facsimile: (504) 910-6847
bknapp@lockelord.com

**COUNSEL FOR CONOCOPHILLIPS COMPANY, THE LOUISIANA LAND & EXPLORATION COMPANY AND BURLINGTON RESOURCES OFFSHORE**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on June 2, 2021.

*/s/ Omer F. "Rick" Kuebel, III*
Omer F. Kuebel, III