**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 20-33948 (MI) |
| Fieldwood Energy, *et al.*, | § | |
| | § | Chapter 11 |
| Debtors. | § | (*Jointly Administered*) |
| | § | |
| | § | |

**MARATHON'S OBJECTION TO CONFIRMATION**
**AND JOINDER IN OTHER PREDECESSORS' OBJECTIONS TO CONFIRMATION**
**OF THE DEBTORS' FOURTH AMENDED JOINT CHAPTER 11 PLAN**

Marathon Oil Company and its affiliates and subsidiaries (collectively "Marathon")
object to confirmation of the Debtors' Fourth Amended Joint Chapter 11 Plan[1] and join the
Other Predecessors[2] in their objections[3] as well.  This court lacks authority to confirm the Fourth
Amended Plan because, while 11 U.S.C. § 554 provides a mechanism for ridding the estate of
property that is burdensome or of inconsequential benefit to the estate:

> The Bankruptcy Court does not have the power to authorize an
> abandonment without formulating conditions that will adequately
> protect the public's health and safety.  Accordingly, without
> reaching the question whether certain state laws imposing
> conditions on abandonment may be so onerous as to interfere with
> the bankruptcy adjudication itself, **we hold that a trustee may not**
> **abandon property in contravention of a state statute or**
> **regulation that is reasonably designed to protect the public**
> **health or safety from identified hazards**.

*Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 507 (1986) (emphasis
added).  Here, the Debtors' Fourth Amended Plan attempts to have this court bless the
commission of a crime in contravention of § 30:34 of the Louisiana Revised Statutes:

---

[1] Docket No. 1284.

[2] The "Other Predecessors" are: (i) XH LLC, HHE Energy Co., and XTO Offshore, Inc. (collectively "XTO");
(ii) Hess Corporation ("Hess"); and (iii) BP Exploration & Production, Inc. ("BP").

[3] XTO filed its confirmation objection on Jan. 12, 2021 at Docket No. 759.  Hess' and BP's confirmation objections
are not yet assigned docket entry numbers.  XTO's supplemental confirmation objection is not yet assigned a docket
entry number.

> § 30:34. Abandoning gas well without closing prohibited; penalty.
> No person shall abandon a well in or adjacent to a natural gas field
> or an apparent natural gas field, without first placing a properly
> made plug both above and below the gas-producing sand, or
> otherwise sufficiently securing the well against the admission of
> water into the gas-producing sand.
>
> Whoever violates this Section shall be fined not less than one
> hundred dollars nor more than one thousand dollars or imprisoned
> not less than thirty days nor more than four months, or both.

LA. R.S. § 30:34.  Confirmation of the Debtors' Fourth Amended Plan should be denied on this basis alone, 11 U.S.C. § 1129(a)(3), but other reasons exist:

(1)     The Fourth Amended Plan provides for third-party releases under a convoluted opt-out plan that is not transparent. 11 U.S.C. § 524(e).  The overly broad releases are not supported by any consideration since all of the cash proceeds of the secured lender credit bid go to NewCo, thus zero cash goes to the estate or creditors as consideration for the releases to be given to NewCo and bidding lenders.  Marathon is accordingly tendering a ballot rejecting the Fourth Amended Plan and opting out of the releases. *See* Exhibit 1; *see also Bank of New York Trust Co., NA v. Official Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229, n.27 (5th Cir. 2009) (reaffirming *Republic Supply Company v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987) ruling that objecting to a release at confirmation prevents *res judicata* from barring a party from bringing a claim that would otherwise be specifically and expressly released by a confirmed reorganization plan).

(2)     The Debtors have not secured approval from the Bureau of Ocean Energy Management to transfer property such that the Fourth Amended Plan is not feasible and confirmation should be denied. 30 C.F.R. § 556.700; 11 U.S.C. § 1129(a)(11).

(3)     The Fourth Amended Plan does not treat like creditors alike.  The Debtors have

not proven that the value of assets going to NewCo treats the secured creditors

appropriately on account of their deficiency claims when compared to

predecessors like Marathon. *See In re 222 Liberty Associates*, 108 B.R. 971, 991

(Bankr. E.D. Pa. 1990) (Chapter 11 plan proponent has burden of proving

rationale for any proposed discrimination in treatment of creditors under §§ 1122

and 1129).  Further, the credit bidding secured lenders are proposing to release

their liens on the abandoned assets in an effort to escape any decom/P&A liability

as a lender in possession.  Marathon reserves rights on this issue (and court should

not rule on the issue) since there is no consideration being given to predecessors

by the secured lenders in exchange for such a release.

Dated: June 2, 2021                              Respectfully submitted by,

                                                 */s/ William R. Howell, Jr.*
                                                 Clay M. Taylor
                                                 TX 24033261 *(Admitted Bankr. S.D. Tex.)*
                                                 M. Jermaine Watson
                                                 TX 24063055 *(Admitted Bankr. S.D. Tex.)*
                                                 J. Robertson Clarke
                                                 TX 24108098 *(Admitted Bankr. S.D. Tex.)*
                                                 William R. Howell, Jr.
                                                 NY 5091269 *(Admitted Bankr. S.D. Tex.)*
                                                 BONDS ELLIS EPPICH SCHAFER JONES LLP
                                                 420 Throckmorton Street, Suite 1000
                                                 Fort Worth, Texas 76102
                                                 (817) 405-6900 telephone
                                                 (817) 405-6902 facsimile
                                                 Email: clay.taylor@bondsellis.com
                                                 Email: jermaine.watson@bondsellis.com
                                                 Email: robbie.clarke@bondsellis.com
                                                 Email: william.howell@bondsellis.com
                                                 ATTORNEYS FOR MARATHON OIL COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2021, a copy of the foregoing document was filed via the court's CM/ECF system, which automatically provides electronic notice to registered parties.

*/s/ William R. Howell, Jr.*
William R. Howell, Jr.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 20-33948 (MI) |
| Fieldwood Energy, *et al.*, | § | |
| | § | Chapter 11 |
| Debtors. | § | (*Jointly Administered*) |
| | § | |

**MARATHON'S OBJECTION TO CONFIRMATION
AND JOINDER IN OTHER PREDECESSORS' OBJECTIONS TO CONFIRMATION
OF THE DEBTORS' FOURTH AMENDED JOINT CHAPTER 11 PLAN**

Marathon Oil Company and its affiliates and subsidiaries (collectively "Marathon")

object to confirmation of the Debtors' Fourth Amended Joint Chapter 11 Plan[1] and join the

Other Predecessors[2] in their objections[3] as well. This court lacks authority to confirm the Fourth

Amended Plan because, while 11 U.S.C. § 554 provides a mechanism for ridding the estate of

property that is burdensome or of inconsequential benefit to the estate:

> The Bankruptcy Court does not have the power to authorize an
> abandonment without formulating conditions that will adequately
> protect the public's health and safety. Accordingly, without
> reaching the question whether certain state laws imposing
> conditions on abandonment may be so onerous as to interfere with
> the bankruptcy adjudication itself, **we hold that a trustee may not
> abandon property in contravention of a state statute or
> regulation that is reasonably designed to protect the public
> health or safety from identified hazards**.

*Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 507 (1986) (emphasis

added). Here, the Debtors' Fourth Amended Plan attempts to have this court bless the

commission of a crime in contravention of § 30:34 of the Louisiana Revised Statutes:

---

[1] Docket No. 1284.

[2] The "Other Predecessors" are: (i) XH LLC, HHE Energy Co., and XTO Offshore, Inc. (collectively "XTO");
(ii) Hess Corporation ("Hess"); and (iii) BP Exploration & Production, Inc. ("BP").

[3] XTO filed its confirmation objection on Jan. 12, 2021 at Docket No. 759. Hess' and BP's confirmation objections
are not yet assigned docket entry numbers. XTO's supplemental confirmation objection is not yet assigned a docket
entry number.

§ 30:34. Abandoning gas well without closing prohibited; penalty.
No person shall abandon a well in or adjacent to a natural gas field
or an apparent natural gas field, without first placing a properly
made plug both above and below the gas-producing sand, or
otherwise sufficiently securing the well against the admission of
water into the gas-producing sand.

Whoever violates this Section shall be fined not less than one
hundred dollars nor more than one thousand dollars or imprisoned
not less than thirty days nor more than four months, or both.

LA. R.S. § 30:34.  Confirmation of the Debtors' Fourth Amended Plan should be denied on this

basis alone, 11 U.S.C. § 1129(a)(3), but other reasons exist:

(1)    The Fourth Amended Plan provides for third-party releases under a convoluted

opt-out plan that is not transparent. 11 U.S.C. § 524(e).  The overly broad releases

are not supported by any consideration since all of the cash proceeds of the

secured lender credit bid go to NewCo, thus zero cash goes to the estate or

creditors as consideration for the releases to be given to NewCo and bidding

lenders.  Marathon is accordingly tendering a ballot rejecting the Fourth Amended

Plan and opting out of the releases. *See* Exhibit 1; *see also Bank of New York

Trust Co., NA v. Official Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*,

584 F.3d 229, n.27 (5th Cir. 2009) (reaffirming *Republic Supply Company v.

Shoaf*, 815 F.2d 1046 (5th Cir. 1987) ruling that objecting to a release at

confirmation prevents *res judicata* from barring a party from bringing a claim that

would otherwise be specifically and expressly released by a confirmed

reorganization plan).

(2)    The Debtors have not secured approval from the Bureau of Ocean Energy

Management to transfer property such that the Fourth Amended Plan is not

feasible and confirmation should be denied. 30 C.F.R. § 556.700;

11 U.S.C. § 1129(a)(11).

(3)     The Fourth Amended Plan does not treat like creditors alike.  The Debtors have

not proven that the value of assets going to NewCo treats the secured creditors

appropriately on account of their deficiency claims when compared to

predecessors like Marathon. *See In re 222 Liberty Associates*, 108 B.R. 971, 991

(Bankr. E.D. Pa. 1990) (Chapter 11 plan proponent has burden of proving

rationale for any proposed discrimination in treatment of creditors under §§ 1122

and 1129).  Further, the credit bidding secured lenders are proposing to release

their liens on the abandoned assets in an effort to escape any decom/P&A liability

as a lender in possession.  Marathon reserves rights on this issue (and court should

not rule on the issue) since there is no consideration being given to predecessors

by the secured lenders in exchange for such a release.

Dated: June 2, 2021                           Respectfully submitted by,

/s/ William R. Howell, Jr.
Clay M. Taylor
TX 24033261 *(Admitted Bankr. S.D. Tex.)*
M. Jermaine Watson
TX 24063055 *(Admitted Bankr. S.D. Tex.)*
J. Robertson Clarke
TX 24108098 *(Admitted Bankr. S.D. Tex.)*
William R. Howell, Jr.
NY 5091269 *(Admitted Bankr. S.D. Tex.)*
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: jermaine.watson@bondsellis.com
Email: robbie.clarke@bondsellis.com
Email: william.howell@bondsellis.com
ATTORNEYS FOR MARATHON OIL COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2021, a copy of the foregoing document was filed via the court's CM/ECF system, which automatically provides electronic notice to registered parties.

/s/ William R. Howell, Jr.
William R. Howell, Jr.