IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, et al. | § § | Case No. 20-33948 (MI) |
| Debtors. | § § § § | (Jointly Administered) |

**ZURICH AMERICAN INSURANCE COMPANY'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING IT TO FILE PORTIONS OF THE OBJECTION AND CERTAIN EXHIBITS
<u>UNDER SEAL</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Zurich American Insurance Company ("**Zurich**") files this *Emergency Motion for Entry of an Order Authorizing it to File Portions of the Objection and Certain Exhibits Under Seal* (the "**Motion to Seal**") seeking authority to file certain exhibits related to its *Objection of Zurich American Insurance Company to Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy*

*LLC and Its Affiliated Debtors* (the "**Objection**") (contemporaneously filed with the Motion to Seal) and portions of the Objection under seal pursuant to General Order 2021-1 the Protective Order (discussed below). The exhibits and the Objection include highly confidential information and financial analysis of the Debtors' business, which was provided subject to the Protective Order. In support of its Motion to Seal, Zurich respectfully states as follows:

1. The designation of confidential materials is controlled by the Stipulated Protective Order [ECF No 354] (the "**Protective Order**"). Subsequently, the Protective Order was amended in the *Amended Stipulated Protective Order* [Doc. No. 989]. Zurich and its professionals entered into the Protective Order and are bound by its terms.

2. Under the Protective Order, the Parties in the Case can designate, among other things, certain materials as "Confidential" or "Highly Confidential."

3. The Protective Order also authorized the Parties to file such confidential and highly confidential materials under seal with the Court.

4. Certain exhibits for potential use in the Objection and certain portions of the Objection are designated "Highly Confidential" and contain financial analysis that is not discussed in the Disclosure Statement [ECF No. 1102] or otherwise public knowledge. Accordingly, pursuant to the terms of the Protective Order and General Order 21-1, Zurich files this Motion to Seal.

**BASIS FOR RELIEF**

5. The Court is authorized to protect entities with respect to certain confidential information. See 11 U.S.C. § 107(b); 11 U.S.C. § 105(a) (authorizing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

6. Rule 9018 of the Federal Rules of Bankruptcy Procedure implements section 107(b) and provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

7. General Order 21-1 states that "concurrently with the filing of a sealed document, a motion to seal must be filed electronically using the CM/ECF Code titled 'Motion to Seal'". General Order 21-1 further states that "a redacted form of the document must be electronically filed using the CM/ECF Code titled 'Redacted Document'" Finally, the document filed under seal must be provided in paper form to the Court and served on the necessary parties under the applicable rules.

8. Generally, the Court "must balance the public's common law right of access against interests favoring non-disclosure" when considering a motion to seal. *Pamlab, L.L.C. v. Brookstone Pharm., L.L.C.*, No. 09-7434, 2010 WL 4363870, at *2 (E.D. La. Oct. 22, 2010). Accordingly, this Court is well-acquainted with the interests favoring non-disclosure of the Parties' confidential commercial, financial, and/or business information, which are recognized interests that may overcome the public's right to access. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information . . . .") (citing *Nixon v. Warner Comm.*, 435 U.S. 589, 598 (1978)).

9. Pursuant to the General Order 2021-1 and the Protective Order, Zurich files this Motion and requests that certain exhibits filed with the Objection and portions of the Objection be sealed in order to comply with the Protective Order.

10. Therefore, contemporaneously and in accordance with the Court's CM/ECF procedures and General Order 2021-1, Zurich shall provide physical copies of the sealed exhibits

to the Court by delivery to the Clerk of Court in Houston, Texas. Zurich has filed redacted copies of the Objection and Exhibits 1-A through 1-G and Exhibits 5 - 8 on the Court's docket. Zurich requests that the unredacted Objection and Exhibits 1-A through 1-G and Exhibits 5 - 8 be sealed through the conclusion of this case, and that once placed under seal, only the other parties authorized under the Protective Order and this Court have access.

## CONCLUSION

Zurich American Insurance Company respectfully requests that the Court grant this Motion to Seal, enter the attached Proposed Order granting the relief requested herein, and for such other relief as the Court deems appropriate and just under the circumstances.

Date: June 2, 2021

                                                  Respectfully,

                                                */s/ Duane J. Brescia*

Duane J. Brescia
Stephen A. Roberts
**CLARK HILL**
720 Brazos, Suite 700
Austin, TX 78701
(512) 499-3647 (direct)
dbrescia@clarkhill.com
sroberts@clarkhill.com

Christopher R. Ward
Audrey L. Hornisher
**CLARK HILL, PLC**
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 651-2056 (direct)
cward@clarkhill.com
ahornisher@clarkhill.com

**Counsel for Zurich American Insurance Company**