IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| FIELDWOOD ENERGY LLC, *et al.*,[1] ) | CASE NO. 20-33948 (MI) |
| ) | |
| DEBTORS. ) | JOINTLY ADMINISTERED |
| ) | |

**PHILADELPHIA INDEMNITY INSURANCE COMPANY'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING PHILADELPHIA INDEMNITY INSURANCE COMPANY TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Comes now, Philadelphia Indemnity Insurance Company ("Philadelphia"), by and through its undersigned counsel, and respectfully submits *Philadelphia Indemnity Insurance Company's*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

*Emergency Motion for Entry of an Order Authorizing Philadelphia Indemnity Insurance Company to File Confidential Documents Under Seal* (the "Motion"). In support of the Motion, the Philadelphia respectfully states as follows:

## BACKGROUND

1. On August 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas (the "Court") commencing cases for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to 11 U.S.C. § 1107 and 1108.

3. The Debtors' cases are being jointly administered for procedural purposes pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

4. On August 18, 2020, the U.S. Trustee appointed the Creditor's Committee pursuant to 11 U.S.C. § 1102. No trustee or examiner has been appointed in these chapter 11 cases.

5. On September 16, 2020, the Court signed and entered the *Stipulated Protective Order* [Docket Entry No. 354], which was amended and superseded by the *Amended Stipulated Protective Order* entered on March 12, 2021 [Docket No. 989] (the "Protective Order") in the jointly administered bankruptcy cases. The Protective Order requires the Producing Party (as defined therein) to file Designated Material that is designated as Confidential Material or Highly Confidential Material (each as defined in the Protective Order) "under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge[.]" Protective Order, at ¶ 13.

6. The Debtors, together with the non-debtor affiliates, are an independent exploration and production company with operations primarily located in the Gulf of Mexico. Additional information regarding the Debtors' business and the circumstances leading to the commencement

2

of these chapter 11 cases is set forth in the *Declaration of Michael Dane in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "Dane Declaration") [Dkt Entry No. 29].

7. On January 1, 2021, the Debtors filed the first version of their chapter 11 plan, *Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Dkt Entry No. 722] and first version of their disclosure statement, *Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Dkt Entry No. 723], which included the first version of the *Apache Term Sheet Implementation Agreement and Certain Revised Apache Definitive Documents*.

8. On April 9, 2021, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "Plan") [Dkt Entry No. 1252] and the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "Disclosure Statement") [Dkt Entry No. 1254], which included the *First Amended Apache Term Sheet Implementation Agreement and Certain Revised Apache Definitive Documents*.

9. On May 11, 2021, the Debtors filed the *Second Amended Apache Term Sheet Implementation Agreement and Further Revised Apache Definitive Documents* (the "Apache Definitive Documents") [Docket Entry No. 1365].

10. On May 27, 2021, the Debtors filed the *Notice of Filing of Plan Supplement in Connection with Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "Plan Supplement") [Dkt Entry No. 1394].

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The bases for the relief requested herein are sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

**RELIEF REQUESTED**

13. By this Motion, Philadelphia requests: (i) authority to file under seal confidential documents, as detailed in **Appendix A** attached hereto and an unredacted version of *Philadelphia Indemnity Insurance Company's Omnibus Objection to the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* (collectively, "Confidential Documents"), (ii) direction that the Confidential Documents remain under seal and shall only be served on the Debtors upon the entry of an order granting the relief requested herein, and (iii) related relief.

14. A proposed form of order granting the relief requested herein is attached hereto (the "Proposed Order").

15. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to 11 U.S.C. § 107(b)(1), the Court may authorize Philadelphia to file the Confidential Documents under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of confidential financial information. *See* 11 U.S.C. § 107(b). Specifically, 11 U.S.C. § 107(b)(1) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may — (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b); *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

16. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

17. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, 11 U.S.C. § 107(b)(1) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

18. Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

5

19. Philadelphia submits that the Confidential Documents fall within the scope of commercial information that may be protected by the Court pursuant to 11 U.S.C. § 107(b)(1) and Bankruptcy Rule 9018. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27). Confidential commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors."). Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage. *In re Orion Pictures Corp.,* 21 F.3d at 27–28. Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27.

20. Here, pursuant to the Protective Order, the Debtors have designated documents as Confidential and Highly Confidential. Under the Protective Order, Confidential Material constitutes "confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules." Protective Order, at ¶ 5(a). Highly Confidential Material "is of such a nature that a risk of competitive injury or a material risk to the Debtors' development of a plan of reorganization or emergence from chapter 11 would be created if such [material] were disclosed . . . ." Protective Order, at ¶ 5(b).

21. The text of certain documents consists of and contain information, which has been designated as Confidential Material that require the protection of the Protective Order and require

Philadelphia to file the Confidential Documents. Specifically, the confidential commercial information includes the Debtors' confidential development plans and other internal sensitive business information that could be used by competitors to gain an advantage. Therefore, Philadelphia requests authority to file certain documents under seal.

## NOTICE

22. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## NO PREVIOUS REQUEST

23. No previous request for the relief sought herein has been made by Philadelphia to this or any other court.

WHEREFORE Philadelphia respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

MANIER & HEROD, P.C.

/s/ Michael E. Collins
Michael E. Collins (TX Bar No. 24029006)
Robert W. Miller (admitted *pro hac vice*)
1201 Demonbreun St., Suite 900
Nashville, TN  37203
Telephone:	(615) 742-9350
Facsimile:	(615) 242-4203
E-mail:	mcollins@manierherod.com
	rmiller@manierherod.com

*Attorneys for Philadelphia Indemnity Insurance Company*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties receiving notice pursuant to the CM/ECF system on June 2, 2021.

                                         /s/ Michael E. Collins
                                         Michael E. Collins

4829-0423-7036, v. 1