IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FIELDWOOD ENERGY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |

### LIMITED OBJECTION OF COX ENTITIES TO FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY, LLC AND ITS AFFILIATED DEBTORS

Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities"), creditors and parties-in-interest in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Cases"), hereby file this limited objection (the "Limited Objection") to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1284] (as amended, the "Plan"). In support of this Limited Objection, the Cox Entities respectfully represent as follows:

### INTRODUCTION

The Plan fails to preserve, and in fact abrogates, setoff rights and other rights of claimholders. The Cox Entities hold claims secured by setoff and/or recoupment rights, which are potentially impaired by these provisions. Pursuant to the Cox Entities' timely asserted proofs of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

claim and applicable law, the Plan cannot abrogate the Cox Entities' setoff rights and should not be confirmed until these provisions are modified. By this Limited Objection, the Cox Entities seek modification of the Plan, and/or any order confirming the Plan, preserving creditors' rights of setoff and recoupment, and related rights.

## BACKGROUND

A.  **The Chapter 11 Cases, Disclosure Statement and Plan**

1. On August 3 and August 4, 2020, Fieldwood Energy LLC ("Fieldwood") and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") commencing these jointly administered chapter 11 cases (the "Chapter 11 Cases").

2. On April 14, 2021, the Debtors filed the *Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1270] (the "Disclosure Statement").

3. On April 15, 2021, the Court entered an order [Docket No. 1286] (the "Disclosure Statement Order") approving the adequacy of the Disclosure Statement and authorizing the Debtors to commence solicitation of acceptances and rejections to the Plan.

4. The Plan proposes, among other things, to implement several transactions to reorganize the Debtors' estates: (1) a credit bid sale of certain oil and gas assets, (2) a transfer of certain assets and obligations to at least two newly formed special purpose entities via a divisive merger (*i.e.*, Fieldwood Energy I LLC ("FWE I") and Fieldwood Energy III LLC ("FWE III")), and (3) the abandonment of certain assets.  See Plan, §§ 5.2, 5.7, 5.12, 5.13

5. A hearing on confirmation of the Plan (the "Confirmation Hearing") has been set for June 9, 2021.

**B.     Cox Entities' Business Relationship with the Debtors and the Cox Entities' Claims**

6.     The Debtors are part of an integrated oil and gas exploration and production company principally engaged in the exploration and development of oil and gas reserves located in the Outer Continental Shelf of the Gulf of Mexico.

7.     The Cox Entities, or one or more of their related entities, are or were co-owners of interests with one or more of the Debtors in certain oil and gas leases and related assets (including rights-of-way and/or rights of use and easements) situated in the Gulf of Mexico and/or situated in the State Waters of Louisiana (the "Cox-Fieldwood Properties").[2]

8.     In addition, one or more of the Debtors may have contractually assumed plugging and abandonment obligations of the Cox Entities or their related entities with respect to such properties.

9.     The Cox Entities filed 14 timely proofs of claim in the Debtors' chapter 11 cases. *See, e.g.*, Claim No. 753 filed against Fieldwood Energy LLC.

10.    As set forth more fully therein, the Cox Entities' claims against the Debtors arise from (i) JIBs issued by the operator under the Operating Agreement for the Cox-Fieldwood Properties from time to time and (ii) plugging and abandonment obligations and/or decommissioning costs and liabilities owing on account of the Cox-Fieldwood Properties.

---

[2]     Operations on the Cox-Fieldwood Properties are conducted pursuant to the terms and provisions of various agreements, including but not limited to joint operating agreements, pipeline gathering system agreements, production handling agreements, and the like (collectively, the "Operating Agreements"). Under each of the Operating Agreements, the operator is generally obligated to conduct operations and pay all operating costs, and non-operators are generally obligated to reimburse the operator in proportion to their participating interests in the properties upon receipt of Joint Interest Billings ("JIBs") issued by the operator from time-to-time, as more specifically provided in the Operating Agreements. Further, as a reciprocal obligation, the operator is generally obligated to pay the non-operators their share of production, as more specifically provided in each of the Operating Agreements (the "Working Interest Payments"). Upon information and belief, the Debtors and their counsel are in possession of the Operating Agreements.

11. In addition, each of the Cox Entities' proofs of claim asserted rights of setoff, recoupment, and other equitable rights to the fullest extent available. The proofs of claim reserve all of the Cox Entities' rights and preserve all defenses in connection therewith.

### C. The Plan's Setoff and Recoupment Provisions

12. The Plan preserves, for the Debtors' unilateral benefit, the Debtors' setoff and recoupment rights:

> **6.13 Setoffs and Recoupments.**
>
> Each Post-Effective Date Debtor, or such entity's designee as instructed by such Post-Effective Date Debtor or the Plan Administrator, may, pursuant to section 553 of the Bankruptcy Code or applicable nonbankruptcy law, offset or recoup against any Allowed Claim, and the distributions to be made pursuant to the Plan on account of such Allowed Claim any and all claims, rights, and Causes of Action that a Post-Effective Date Debtor or its successors may hold against the holder of such Allowed Claim after the Effective Date to the extent such setoff or recoupment is either (a) agreed in amount among the relevant Post-Effective Date Debtor(s), and holder of the Allowed Claim or (b) otherwise adjudicated by the Bankruptcy Court or another court of competent jurisdiction; provided, that neither the failure to effect a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by a Post-Effective Date Debtor or its successor of any claims, rights, or Causes of Action that a Post-Effective Date Debtor or its successor or assign may possess against such holder.

Plan § 6.13.

13. While the Plan definition of "Secured" includes claims "secured by the amount of any right of setoff of the holder thereof in accordance with section 553 of the Bankruptcy Code", the Plan lacks any language expressly preserving setoff and recoupment rights for all parties. *See* Plan § 1.1, Secured.

14. In addition, Section 10.6 of the Plan, entitled "Plan Injunction," arguably interferes with the rights of secured creditors, like the Cox Entities, to their collateral by enjoining creditors and parties in interest from "creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Post-Effective Date Debtor, or an

4

Estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection." Plan § 10.6(a)(iii).

## LIMITED OBJECTION REGARDING SETOFF AND RECOUPMENT RIGHTS

15. To the extent that the Plan abrogates, fails to preserve, or impairs setoff and recoupment rights in any way, the Cox Entities object to confirmation of the Plan.

16. The Bankruptcy Code recognizes setoff rights that exist under non-bankruptcy law. *See* 11 U.S.C. § 553(a) ("[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .").

17. A creditor's claim that is subject to setoff is thus secured to the extent of the amount subject to setoff. *See* 11 U.S.C. § 506(a)(1) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff . . .").

18. As described above, in its proofs of claim, the Cox Entities asserted and reserved its rights of setoff and/or recoupment with respect to amounts possibly due and owing between the Cox Entities and the Debtors.

19. While the Plan makes a cursory reference to setoff rights in the definition of "Secured" no provision is included to expressly preserve those rights for all parties.

20. To the extent that such rights are impaired, the Plan fails to be "fair and equitable" with respect to secured creditors. *See* 11 U.S.C. § 1129(b)(2)(A). Thus, the Cox Entities file this Limited Objection to the Plan to the extent that the Plan fails to preserve creditors' rights of setoff and recoupment and secured interests. The Plan and/or order confirming the Plan should also be

modified to make clear that third parties remain obligated for obligations stemming from the oil and gas leases and related assets under applicable law, applicable operating agreements, and based on other contractual rights. The Cox Entities propose inclusion of the following language in the order confirming the Plan in order to resolve these concerns:

> All rights of Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities"), including, but not limited to, security interests, security rights, contract rights, setoff and recoupment rights, and subrogation rights, against the Debtors and any non-Debtors under operating agreements, other contracts, and applicable law are hereby reserved, and nothing contained in the Plan or this Order shall modify or impair the Cox Entities' rights with respect to any non-Debtor parties.

21. Subject to this clarification and the relief requested herein, the Cox Entities have no further objection to confirmation of the Plan on this basis.

## NOTICE OF OPT-OUT

22. Section 10.7(b) of the Plan includes releases by holders of Claims and Interests. The Cox Entities submitted ballots opting out of such releases on account of all claims they have asserted in these chapter 11 cases. The Cox Entities hereby reiterate their opt-out of the releases contained in Section 10.7(b).

## RESERVATION OF RIGHTS AND PROPERTY INTERESTS

23. The Cox Entities reserve, to the fullest extent allowed by law, the right to amend, update, modify, and/or supplement this Limited Objection in all respects, including, without limitation, any of the arguments or concerns raised in and incorporated into this Limited Objection

at any time, including at the Confirmation Hearing. The Cox Entities further reserve all rights, arguments, and objections regarding contract assumption and rejection, and its proofs of claims filed in these Chapter 11 Cases, including, but not limited to, administrative priority claims related to decommissioning work, adequate protection for such expenditures, and all other this case. The Cox Entities further reserve the right to raise additional and other objections to the Plan prior to or at the Confirmation Hearing.

24. In addition, the Cox Entities object to the Plan to the extent that the Plan is construed as abrogating any other rights or interests possessed by the Cox Entities. More specifically, the Cox Entities preserve all of their ownership interests, property rights, and secured interests in connection with their Operating Agreements, JIBs, and Working Interest Payments to the fullest extent permitted by applicable law.

## CONCLUSION

25. For the reasons stated herein, the Cox Entities respectfully request that the Court (i) deny confirmation absent a modification of the Plan preserving creditors' rights of setoff and recoupment and providing creditors with the protections outlined herein; (ii) to the extent that the Court enters an order confirming the Plan, such an order will include language that preserves creditors' rights of setoff and recoupment and provides creditors with the necessary preservations or rights as set forth herein; and (iii) grant such other and further relief as it deems just and proper.

Dated: June 2, 2021        */s/ Stephen J. Humeniuk*

**LOCKE LORD LLP**
Jonathan W. Young  (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-239-0367
Facsimile: 855-595-1190
jonathan.young@lockelord.com

Michael B. Kind (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (855) 595-1192
michael.kind@lockelord.com

Stephen J. Humeniuk
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, TX 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
stephen.humeniuk@lockelord.com

Chelsey Rosenbloom (admitted *pro hac vice*)
200 Vesey Street
New York, NY 10281
Telephone: (212) 912-2824
Facsimile: (212) 812-8394
chelsey.rosenbloom@lockelord.com

*Attorneys for Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities")*

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on June 2, 2021.

*/s/ Stephen J. Humeniuk*
Stephen J. Humeniuk