**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| IN RE: | § § § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 |
| | § | Chapter 11 |
| Debtors. | § § | |
| | § | (Jointly Administered) |

**ATLANTIC MARITIME SERVICES LLC'S (I) LIMITED
OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT
CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED
DEBTORS, (II) LIMITED OBJECTION TO THE CREDIT BID TRANSACTION
AND (III) NOTICE OF ELECTION TO OPT OUT OF THIRD-PARTY RELEASES**
[Relates to Doc. 1284]

Atlantic Maritime Services LLC ("Atlantic") files this (I) Limited Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors [Docket No. 1284] (the "Plan"), (II) Limited Objection to the Credit Bid Transaction (as defined in the Plan), and (III) Notice of Election To Opt Out of Third-Party Releases and contends:

1.      Atlantic files this objection to preserve any and all rights, privileges, liens, and claims it has against non-debtors and non-debtor property interests—including but not limited to its rights and privileges under the Louisiana Oil Well Lien Act, La. R.S. § 9:4861, *et seq.* ("LOWLA")—based on the work it performed on five leases on the Outer Continental Shelf in the Gulf of Mexico (collectively, the "Leases")[1] or any other transactions.

2.      Atlantic confirms that it is opting out of any and all third-party releases under the proposed Plan and objects to any and all provisions of the Plan that purport to expand the discharge

---

[1]  OCS-G-28030 in Mississippi Canyon Area Block 948 ("MC-948"); OCS-G-34536 in Green Canyon Area Block 40 ("GC-40"); OCS-G-15445 in Viosca Knoll Area Block 926 ("VK-926"); OCS-G-27278 in Mississippi Canyon Area Block 519 ("MC-519"); and OCS-G-06888 in Viosca Knoll Area Block 826 ("VK-826").

beyond the scope set forth in sections 524 and 1141 of the Bankruptcy Code or in any way modify, release, impair, or affect Atlantic's privileges, liens, and claims against non-debtors or non-debtor property based on its work on the Leases (or any other transactions).  Atlantic also objects to the Credit Bid Transaction and the Credit Bid Purchase Agreement to the extent they purport to transfer any property interests of non-debtors free and clear of any rights, privileges, liens, and claims held by Atlantic.

3.     Atlantic's rights against non-debtors and their property are the subject of a separate adversary proceeding captioned *Fieldwood Energy LLC, et al. v. Atlantic Maritime Services, LLC*, Adv. Proc. No. 20-03476 (MI) (Bankr. S.D. Tex.) (the "Adversary").  Relevant here, Atlantic performed work on the Leases pursuant to a Master Domestic Offshore Daywork Drilling Contract with Fieldwood dated October 26, 2018 (the "Drilling Contract").  Atlantic has not been paid for over $14 million of the work performed pursuant to the Drilling Contact, which benefited all parties—both Fieldwood and non-debtors—with interests in the Leases.

4.     As Atlantic sets forth in multiple pleadings, under LOWLA, Atlantic has statutorily-enumerated rights against various categories of non-debtor working interest owners' property based on Atlantic's performance of work on the Leases.  *See* Atlantic's Motion to Dismiss Debtors' Amended Adversary Complaint [Adv. No. 31] ("MTD") at 6–7 (describing non-debtor property subject to LOWLA privileges); Atlantic's Objection to Plaintiffs' Motion for Summary Judgment [Adv. No. 35] ("MSJ Obj.") at 4 (same); Atlantic's Reply In Support of Motion to Dismiss Debtors' Amended Adversary Complaint [Adv. No. 37] ("MTD Reply") at 10–11 (same).  Based on those rights, Atlantic previously filed lawsuits (the "Louisiana Non-Debtor Lawsuits") asserting claims solely against certain property interests of the non-debtor working interest owners on the Leases in the United States District Court for the Eastern District of Louisiana.  Specifically,

2

Atlantic commenced actions captioned *Atlantic Maritime Services, LLC v. Ecopetrol*, No. 2:20-cv-03097 (E.D. La.), and *Atlantic Maritime Services, LLC v. Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC*, No. 2:20-cv-03099 (E.D. La.).  Atlantic also filed a motion for relief from the automatic stay in order to file (but not prosecute until Fieldwood has exited bankruptcy) lawsuits to preserve its LOWLA rights and privileges against additional working interest owners on the Leases.  [Main Dkt. No. 1380.]

5.      It is no secret that Fieldwood wishes that the discharge in its Plan would absolve the working interest owners and their property from Atlantic's statutory rights and privileges under LOWLA.  Fieldwood's Amended Adversary Complaint explicitly seeks that relief in the form of (a) a declaration that "any valid and enforceable Louisiana privileges held by Atlantic will be 'extinguished' under LOWLA upon satisfaction, settlement, and discharge of Atlantic's claims pursuant to the Plan" and (b) a permanent injunction against pursuing any claims against the working interest owners, including in the Louisiana Non-Debtor Lawsuits.  Amended Adversary Complaint [Adv. No. 24] at Prayer for Relief F & H; *id.* ¶¶ 80–84, 97–103.  As Fieldwood put it in its recent motion for summary judgment: "this Court should determine as a matter of law that Atlantic may not pursue any alleged *in rem* claims against the WIOs." Plaintiffs' Motion for Summary Judgment [Adv. No. 32] ¶ 1.[2]

6.      In the Adversary, Atlantic articulates why Fieldwood's discharge does not and cannot release any liability of the working interest owners or their property to Atlantic.  MTD at 16–22; MSJ Obj. at 8–11; MTD Reply at 11–14.  Section 524(e) of the Bankruptcy Code is clear: the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the

---

[2] If Fieldwood is correct that Atlantic's state law liens and remedies are invalid under federal law, the reasoning would apply with equal force and effect to the liens and security interests granted in favor of the Debtors' secured lenders, thereby calling into question the validity of the liens that are being utilized for credit bidding purposes and the viability of the proposed plan of reorganization due to likely classification issues.  MTD Reply at 18–19.

property of any other entity for, such debt." 11 U.S.C. § 524(e); *see Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 53 (5th Cir. 1993) ("A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable."). The unambiguous language of section 524(e) makes plain that the discharge does not affect Atlantic's rights against non-debtors or their property. As set forth in Atlantic's timely-filed ballot, Atlantic has rejected the Plan and affirmatively opted out—and reaffirms that it is opting out—of any and all third party releases in the Plan. Fifth Circuit precedent "foreclose[s] non-consensual non-debtor releases and permanent injunctions." *In re Pac. Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009); *In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 776 (Bankr. N.D. Tex. 2007) ("The Fifth Circuit has held that a nondebtor release violates section 524(e) when the affected creditor timely objects to the provision."). Thus, neither the discharge *nor* the third-party releases affect Atlantic's rights against non-debtors or their property. *See In re Monroe Well Serv., Inc.*, 80 B.R. 324, 334–35 (Bankr. E.D. Pa. 1987) ("[T]he debtors here could not obtain confirmation of a plan which would attempt, over [LOWLA claimants'] objection, to discharge the obligations of nondebtors.").

7.      Fieldwood previously argued that a different result applies under Louisiana law, independent of the Plan's provisions. But Louisiana law does not even purport to release non-debtors from liability based on a bankruptcy discharge. And, if Louisiana law did so, it would be in express contravention of the federal bankruptcy code's limitations on the scope of a discharge and third-party releases. MTD at 19–22; MSJ Obj. at 9–11; MTD Reply at 11–14.

8.      Atlantic also objects to any and all provisions and definitions in the Plan that purport to expand the discharge beyond the scope set forth in sections 524 and 1141 of the

Bankruptcy Code or in any way modify, release, impair, or affect Atlantic's rights, privileges, liens, and claims against non-debtors or non-debtor property based on its work on the Leases (or any other transactions). Atlantic rebutted every argument Fieldwood raised in favor of a non-consensual third-party release to date. But given Fieldwood's undisguised desire for such a release, Atlantic cannot be certain of every argument that Fieldwood may attempt to make as to how the Plan operates as a backdoor release of Atlantic's claims against non-debtors or their property. For example, Section 10.6(b) of the Plan specifies that "accepting distributions pursuant to the Plan" results in claimholders "affirmatively and specifically consent[ing] to be bound by the Plan, including the injunctions set forth in Section 10.6 of the Plan." As Fieldwood asserts that the Plan discharges, releases, and presumably enjoins Atlantic's claims and privileges against non-debtors and their property, Fieldwood may be trying to override even Atlantic's express opt-out if Atlantic receives *any* distribution under the Plan. Atlantic expressly objects to this and any other attempts to end-run the limitations on the discharge and the prohibitions on non-consensual third-party releases.

9.      Additionally, the Credit Bid Transaction purports to transfer only property interests of Fieldwood—not any property interests of non-debtors. But because the Credit Bid Transaction contemplates that whatever property interests are transferred will be "free and clear of all Liens," Plan § 5.2(a); Credit Bid Purchase Agreement § 1.1, Atlantic objects to the Credit Bid Transaction and the Credit Bid Purchase Agreement to the extent they purport to transfer any property interests of non-debtors free and clear of any rights, privileges, liens, and claims held by Atlantic.

10.      Furthermore, for the avoidance of doubt, Atlantic does not consent to and affirmatively opts out of the third-party releases and related injunction contained in the Plan. Atlantic hereby provides notice that Atlantic is not a Releasing Party (as defined in the Plan) and

Atlantic does not consent to, affirmatively opts out of, and elects not to grant the third-party releases contained in the Plan or be subject to any permanent injunction as to claims against non-debtors and non-debtor property.

## <u>CONCLUSION</u>

For the foregoing reasons, Fieldwood objects to confirmation of the Plan absent inclusion of the language reserving Atlantic's rights, privileges, liens, and claims against non-debtors and non-debtor property interests.

29145356v.7

Respectfully submitted,

Houston, Texas
June 2, 2021

/s/ Matthew D. Cavenaugh
**JACKSON WALKER L.L.P**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Genevieve Graham (TX Bar No. 24085340)
Cameron A. Secord (TX Bar No. 24093659)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
Email:          kpeguero@jw.com
Email:          ggraham@jw.com
Email:          csecord@jw.com

*Co-Counsel to Valaris plc and Atlantic Maritime
Services LLC*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Spencer A. Winters (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          asathy@kirkland.com
                rkwasteniet@kirkland.com
                spencer.winters@kirkland.com

*Co-Counsel to Valaris plc and Atlantic Maritime
Services LLC*

-- and --

**LUGENBUHL, WHEATON, PECK, RANKIN
& HUBBARD**
Stewart F. Peck, *pro hac vice*
601 Poydras Street, Suite 2775
New Orleans, LA 70130
(504) 568-1990 – Telephone
(504) 310-9195 – Facsimile
Email: speck@lawla.com

*Counsel for Atlantic Maritime Services LLC*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify and verify that on June 2, 2021, the forgoing was served via CM/ECF to all parties registered to receive electronic notice.

By: <u>*/s/ Matthew D. Cavenaugh*</u>
Matthew D. Cavenaugh

29145356v.7