UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-33948 (MI) |
| | * | |
| FIELDWOOD ENERGY LLC, *et al.,* | * | |
| | * | CHAPTER 11 |
| | * | |
| Debtors[1] | * | |
| | * | (Jointly Administered) |

**************************************

**OBJECTION BY HELIS OIL & GAS COMPANY, L.L.C. TO PRESUMED PROPOSED ZERO CURE AMOUNT FOR JANUARY 1, 2008 SM 268 PRODUCTION HANDLING AGREEMENT, IN ACCORDANCE WITH SCHEDULE D TO MAY 26, 2021 PLAN SUPPLEMENT [DOC. 1394] AND MAY 27, 2021 NOTICE TO CONTRACT PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS [DOC. 1395]**

Helis Oil & Gas Company, L.L.C. ("Helis") submits this Objection (this "Objection") to the presumed proposed zero cure amount with respect to any proposed assumption of that certain Production Handling Agreement effective as of January 1, 2008 ( the "PHA", copy attached as Exhibit 1) by and between Apache Corporation ("Apache") , et al., as Processor, and Helis, et al., as Producer affecting the South Marsh Island Block 268"A" Platform (OCS - G 02310) ("SM 268"), pursuant to Schedule D to the May 26, 2021 Plan Supplement [Doc.1394] and the May

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

27, 2021 Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts [Doc. 1395] (the "Assumption and Cure Notice") as follows:

1. On information and belief, Fieldwood Energy LLC ("Fieldwood"), one of the Debtors has acceded to the rights and obligations of Apache, as a party under the PHA.

2. Helis is a counterparty to the PHA.

3. There remain obligations to be performed by both sides under the PHA, thus rendering the PHA an executory contract, which has not expired. Therefore, in order for the PHA to be assumed, any defaults and amounts owed must be "cured" under 11 USC 365(b)(1)(A).

4. For those executory contracts that are listed in the Schedule of Assumed Contracts and intended to be allocated pursuant to the divisive merger, the last column, entitled "Proposed Contract Treatment" recites "Assume and Allocate Pursuant to Divisive Mergers".

5. The Schedules of Assumed Contracts attached to Schedule D to the Plan Supplement and as Exhibit A to the Assumption and Cure Notice do not appear to include the PHA as an executory contract intended to be assumed and allocated.

6. However, the PHA is included in Exhibit III-F to Schedule III of the Apache Agreement and Plan of Merger attached to the Fourth Amended Disclosure Statement [Doc. 1285-1] (the "Apache Agreement"), as being one of the contracts that would be allocated to FWE III under the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors [Doc. 1284] (the "Plan").

7. The Apache Agreement is one of the "Definitive Documents" relating to the "Divisive Merger" pursuant to the Plan.

8. Footnote 3 in the Assumption and Cure Notice ("Footnote 3") states:

> *"The proposed treatment set forth on the Scheduled [sic] of Assumed Contracts is for informational purposes only. In the event of any conflict between any of the Definitive Documents relating to the Divisive Merger and the Schedule of Assumed Contracts, the applicable Definitive Document shall control."*

9. In order for the PHA to be allocated to FWE III, it would necessarily first have to be assumed as a predicate and then allocated, consistent with the methodology used in the Schedule of Assumed Contracts under the column "Proposed Contract Treatment".

10. Therefore, since the PHA is listed in Exhibit III-F of a Definitive Document which provides for it to reside with FWE III, but is apparently not included in the Schedule of Assumed Contracts, the Definitive Document would prevail, pursuant to Footnote 3.

11. As a result, Helis can only conclude unless and until it is confirmed otherwise, that the PHA is indeed intended and proposed to be assumed, and then allocated to FWE III, notwithstanding its omission from the Schedule of Assumed Contracts.

12. Since not listed as an assumed contract, no proposed cure amount is stated in the Schedule of Assumed Contracts. But since at least most of the other executory contracts listed on the Schedule of Assumed Contracts show a zero cure amount, Helis presumes that to the extent that the PHA is indeed intended to be assumed and allocated, a zero cure amount would be designated.

13. As such, Helis submits this Objection because Helis asserts that the appropriate cure amount would be at least $2,048,850.00 based on the following.

14. Attached as Exhibit 2 is the December 23, 2020 Contract Compliance Report (with supporting documents) relating to the PHA and SM 268 prepared by 4A Energy Advisors LLC after its review of the accounts and records of Fieldwood.

15. That report concludes that exceptions totaling at least $2,048,850.00, "plus amounts to be determined" for the period 2017 - 2019 have been presented to Fieldwood..

16. To date, Fieldwood has not responded. Therefore, Helis has no reason to believe that the amount is not accurate and correct, and asserts that it must be paid as the cure amount as a precondition to any assumption and allocation of the PHA pursuant to divisive merger.

17. In the event that assumption and allocation of the PHA to FWE III is not intended, then it should be deleted from Exhibit III-F, and be deemed rejected, to the extent intended based on Helis's receipt from Fieldwood of its April 12, 2021 Notice of Uneconomic Operations and Termination of the PHA (copy attached as Exhibit 3).

18. In that event, Helis reserves the right to include this amount in a rejection damages claim to be filed within thirty (30) days after the effective date of the Plan.

WHEREFORE, Helis prays that this Objection be recognized and maintained, and that any assumption and allocation of the PHA be conditioned on the payment to Helis of a cure amount of at least $2,048,850.00, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted:

/s/ *J. David Forsyth*
J. DAVID FORSYTH (LA BAR NO. 5719)
SESSIONS, FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA 70130
Tel.: (504) 582-1521
Fax: (504) 582-1555
Email: jdf@sessions-law.com
Attorneys for Helis Oil & Gas Company, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021 a true and correct copy of the foregoing document was filed with the Court through its ECF system and copies will be served in accordance with the Court's ECF system on all counsel and parties entitled to notice through the ECS system.

/s/ *J. David Forsyth*
J. DAVID FORSYTH