UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al., | § | CASE NO. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**OBJECTION OF JX NIPPON OIL EXPLORATION (U.S.A.) LIMITED
TO CONFIRMATION OF FOURTH AMENDED JOINT CHAPTER 11 PLAN
OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS AS
SUPPLEMENTED AND NOTICE OF ELECTION TO OPT OUT**

NOW INTO COURT, through undersigned counsel, comes JX Nippon Oil Exploration (U.S.A.) Limited ("Nippon"), which files this Objection to Confirmation of Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors as Supplemented (the "Plan Objection") as follows.

**INITIAL SUMMARY OF OBJECTIONS**

Nippon files this objection to the confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors (the "Plan") as there is no basis in law to allow Fieldwood Energy LLC and the related bankruptcy entities (the "Debtors" or "FWE") to authorize the Debtor to:

1. assume and assign executory contracts with Nippon without curing defaults and altering the parties' rights which is contrary to 11 U.S.C. §365;

2. release Nippon's setoff and recoupment rights which is contrary to 11 U.S.C. §553;

3. abandon oil and gas leases to predecessors in interest which is contrary to 11 U.S.C. §554; and

4. impair Nippon's bond rights.

## THE FIELDWOOD BANKRUPTCY

1. On August 3, 2020 and August 4, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief (the "Bankruptcy Case") under chapter 11 of Title 11 of the United States Code.

2. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to 11 U.S.C. §1107 and 1108(a).

3. The Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors (P-1270) was approved on April 14, 2021 (P-1275) and the Plan – solicitation version (P-1284) was filed on April 15, 2021.

4. The Plan, among other things, provides that the Debtors intend to "reorganize" through the following transactions (i) a credit bid sale, (ii) a divisive merger transaction pursuant to which assets and liabilities of FWE will be divided into several entities, (iii) decommissioning of certain assets divided into the several entities, and (iv) abandonment of Abandoned Properties to the Debtors' predecessors (as more fully provided for and defined in the Disclosure Statement and Plan).

## NIPPON'S INTEREST

5. Nippon is a predecessor in title to interests in various offshore leases now owned by one or more of Debtors as more fully set forth in the Objection of JX Nippon Oil Exploration (U.S.A.) Limited to Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and

Its Affiliated Debtors and Joinder in the Objection of XTO Offshore, Inc., HHE Energy Company and XH, LLC, of Chevron U.S.A., Inc. and Noble Energy, Inc., and of Lexon Insurance Company, Ironshore Indemnity Inc. and Ironshore Specialty Insurance Company (P-983) (the "Nippon DS Objection").

6. Reference is made to the Nippon DS Objection for (i) detailed discussion and identification of those various offshore leases now owned by one or more of the Debtors in which Nippon was a predecessor (collectively the "Nippon Legacy Leases") and (ii) details with regard to an assumption agreement, together with performance bonds issued by U.S. Specialty Insurance Company to Nippon to secure obligations of Fieldwood Energy Offshore LLC with respect to the Nippon Legacy Leases (the "Fieldwood Replacement Bonds").

7. The Nippon Legacy Leases and other leases referenced in the Nippon DS Objection together with OCS G 02193 (MP 140) and OCS G 19761 (VR 196) are going to one or more of the Credit Bid Purchaser(s), FWE I, FWE IV and to the Abandoned Properties as set forth in Exhibit O of the Plan Supplement (P-1394) and referenced in additional filings in the Bankruptcy Case.

**OBJECTION TO PLAN**

A plan is required to comply with provisions of the Bankruptcy Code to be confirmable. Section 1129(a) sets forth the requirements to confirm a chapter 11 plan on a consensual basis, when each impaired class of claims votes to approve the plan. The Debtors, as plan proponents, have the burden of providing that the plan complies with each applicable requirement of Section 1129 by a preponderance of the evidence.

A. **The Plan Improperly Provides Alterations of Executory Contracts which the Debtors Seek to Assume and Assign**

The Plan improperly proposes to alter contract terms and continuing obligations in connection with the assumption and assignment as it includes full releases of defaults in Section 8.2 (e) of the Plan.[1] To the extent the Plan is in any way altering Nippon's contract rights regarding assumed executory contracts, Nippon objects and further submits that any such alteration of contract terms of assumed executory contracts unilaterally through the Plan is not only an impermissible alteration of Nippon's rights but is contrary to the provisions of Section 365 of the Bankruptcy Code. Section 365(b)(1) requires the entire contract be assumed and defaults be cured to do so; it does not alter contract rights and claims held by the parties. *In re MF Global Holdings Ltd.*, 466 B.R. 241 (Bankr. S.D.N.Y. 2012). Unless the Plan is revised to preserve the parties' rights as provided under Section 365, the Plan should not be confirmed.

B. **The Plan Fails to Provide for Adequate Means to Determine Cure Amounts**

Nippon further objects to the Plan as the cure amounts listed in the Notice to Contract Counter-Parties to Executory Contracts of Assumed Contracts and Cure Amounts (P-1395) as amended on June 2, 2021 (P-1456) (the "Cure Notice") are incorrect. Nippon is a party to certain executory contracts or leases listed in the Cure Notice (the "Nippon Contracts"). The cure amounts for all Nippon Contracts on the Cure Notice are $0 (along with most other contracts to be assumed). The purpose of Section 365(b)(1) is to restore the debtor-creditor relationship to a pre-default condition and restore compliance with the terms of the contract. *In re DBSI, Inc.*, 405 B.R.

---

[1] Any release of Debtors' personal liability is also improper as opposed to discharge of the Debtor's liability under 11 U.S.C. §524(e). *See also Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 5153 (5th Cir. 1993) (discharge does not release or extinguish personal liability).

698, 704 (Bankr. D. Del. 2009). By filing the Cure Notice with only 3 business days' notice and amending the Cure Notice with only 2 business days' notice before response are due and listing Nippon's cure amounts at $0, the Plan does not provide adequate means to determine and resolve Cure Amounts. While the Plan, Section 8.2(d) provides for assumption and assignment and post-confirmation resolution of cure amounts, in contrast, Section 10.7 of the Plan provides for the release of Causes of Action, Claims, mortgages, deeds of trust, Liens and Pledges among other things. Absent a clarification that the Plan does not release Cure Claims and recoupment and setoff rights, the Plan fails to comply with Section 365 of the Bankruptcy Code as well as Section 553.

### C. The Plan Improperly Provides for the Release of Setoff and Recoupment Rights

Nippon objects to the Plan as it fails to preserve setoff and recoupment rights under 11 U.S.C. §553. Rather, the Plan provides for the release of recoupment and setoff rights in the Plan through the inclusion of setoff and recoupment in the definition of "Causes of Action" and the further inclusion of "Causes of Action" in the Release provisions of the Plan as set forth in Section 10.7 and in the Exculpation provisions set forth in Section 10.8 of the Plan. The Plan should not be confirmed unless this conflict is corrected to maintain and preserve recoupment and setoff rights.

### D. The Plan Improperly Seeks to Abandon Property "to" Predecessors in Interest

Nippon objects to the Plan as it improperly seeks to abandon property to predecessors in title. Nothing in 11 U.S.C. §554 governing abandonment of a debtor's property authorizes the abandonment to another entity. Furthermore, it is contrary to the necessary State and/or Federal regulations that mandate approvals of the transfer of leases from one party to another. The Bureau of Ocean Energy Management ("BOEM") may disqualify a company from acquiring a lease if it

or its principals fail to satisfy due diligence requirements or is determined to have an unacceptable operating performance. 30 C.F.R. §§556.403(a) and 556.403(c). BOEM furthermore must approve all transfers of non-economic lease interests. 30 C.F.R §556.700 et seq. BOEM may also disapprove when a transferor or transferee has unsatisfied obligations. 30 C.F.R. §556.704. The abandonment of properties as proposed in the Plan renders the Plan non-confirmable.

### E. Any Impairment of Nippon's Rights Under Third-Party Surety Bonds Is Improper

Any result of the Plan which impairs Nippon's rights under the Fieldwood Replacement Bonds issued on behalf of a Debtor is an improper use the bankruptcy process as the Fieldwood Replacement Bonds are not property of the Debtor's estate. While Nippon does not believe that the proposed sale, abandonment or divisive merger should impair its rights under the Fieldwood Replacement Bonds, in an abundance of caution, if the Plan is ultimately confirmed, Nippon submits that language should be included in the Confirmation Order providing that nothing in the Plan will impair Nippon's rights under the Fieldwood Replacement Bonds related to the proposed sale, abandonment or the divisive merger. Such language has been included in past oil and gas bankruptcy cases and is appropriate here.

### F. Opt out of Releases

Nippon did not receive a ballot or release opt out form. Accordingly, in an abundance of caution and for avoidance of any doubt, Nippon does not consent to, affirmatively opts out of and elects not to grant the third-party releases and related injunctions contained in the Plan and reserves all rights with respect to any such party to be released under the Plan.

Nippon further objects to any release which expands Sections 524 and 1141 of the Bankruptcy Code and Nippon specifically asserts its right to preserve any and all rights, privileges, liens and claims it has against non-debtors and non-debtor parties' interest.

### G. Reservation of Rights

Nippon reserves its right to join objections filed by other parties to the Plan and to object to any revisions, changes, supplements or amendments to the Plan and to exhibits or other pleadings related to the Plan filed by the Debtors after the deadline for objections.

Nothing contained herein shall be considered a waiver of Nippon's right to file an administrative claim or considered a waiver of rights or claims that Nippon might have against the Debtors, their subsidiaries and affiliates or third parties. This Plan Objection is not intended as and shall not be construed as:

(1) an admission of liability or waiver of any defenses or limitations of any rights of Nippon with respect to any claims; or

(2) a waiver or release of any rights or election of remedies.

WHEREFORE, JX Nippon Oil Exploration (U.S.A.) Limited prays that this Honorable Court sustain this Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and for such other and further relief as this Court deems proper.

Dated: June 4, 2021

Intentionally Continued on Next Page

Respectfully submitted,

CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX L. L. C.

By:   /s/  Leann O. Moses
Leann Opotowsky Moses (TX # 15291750)
Peter J. Segrist (LA # 35314)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana  70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
moses@carverdarden.com

And

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/  Lambert M. Laperouse
Lambert M. Laperouse (TX # 24082214)
5151 San Felipe, Suite 750
Telephone: (832) 255-6002
Facsimile: (832) 255-6001
laperouse@glllaw.com

**Counsel for
JX NIPPON OIL EXPLORATION (U.S.A.) LIMITED**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been served on those parties receiving electronic notification via the Court's CM/ECF System on June 4, 2021.

   /s/  Leann O. Moses