**Exhibit B**

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Fieldwood Energy Offshore LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | __Southern__ District of _Texas___ |
| Case number | 20-33950 |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

LLOG Exploration Offshore, L.L.C.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Looper Goodwine Attn: Paul J. Goodwine
Name

650 Poydras Street, Suite 2400
Number     Street

New Orleans     LA     70130
City     State     ZIP Code

Contact phone (504) 503-1515

Contact email pgoodwine@loopergoodwine.com

Where should payments to the creditor be sent? (if different)

James Bassi
Name

1001 Ochsner Blvd., Suite 100
Number     Street

Covington     LA     70433
City     State     ZIP Code

Contact phone (985) 801- 4300

Contact email jamesb@llog.con

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410     Proof of Claim     page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ _____19,808,451.47_____. **Does this amount include interest or other charges?**
Plus interest, fees, costs, expenses in undetermined amount, see addendum.
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Joint Interest Billing Stmts, P&A liability (see attached Addendum)

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: interest in oil & gas prop., proceeds, etc. (see addendum)

**Basis for perfection:** see addendum & exhibits to same
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $ Value undetermined - see addendum and exhibits to same.
**Amount of the claim that is secured:** $ 902,490.92
**Amount of the claim that is unsecured:** $ 18,905,960.55 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | | |
|---|---|---|---|
| | ☐ Yes. Check one: | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/24/2020
               MM / DD / YYYY

_/s/ Signature_

Print the name of the person who is completing and signing this claim:

| Name | Paul | J. | Goodwine |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: Attorney-In-Fact

Company: Looper Goodwine PC
*Identify the corporate servicer as the company if the authorized agent is a servicer.*

Address: 650 Poydras Street, Suite 2400
         Number   Street
         New Orleans            LA       70130
         City                   State    ZIP Code

Contact phone: 504-503-1515       Email: pgoodwine@loopergoodwine.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY OFFSHORE LLC, | § § | Case No. 20-33950 (MI) |
| Debtor. | § § § § | Jointly Administered<br>Case No. 20-33948 (MI) |

## ADDENDUM TO LLOG EXPLORATION OFFSHORE, L.L.C.'S
## PROOF OF CLAIM AGAINST FIELDWOOD ENERGY OFFSHORE LLC

**A. INTRODUCTION**

As set forth more specifically below, LLOG Exploration Offshore, L.L.C. ("LLOG") files this proof of claim ("Claim") against Fieldwood Energy Offshore, LLC ("Fieldwood") for unpaid joint interest billings ("JIBs") in connection with prepetition plugging and abandonment work performed by LLOG as operator on certain co-owned properties.[1] LLOG's Claim is secured by a perfected continuing security interest in and to the offshore oil and gas leases compromising the Contract Area (as defined below) as well as in the oil and gas and proceeds derived therefrom. In addition, to the extent any additional plugging and abandonment and decommissioning obligations have accrued on any properties jointly owned with Fieldwood, LLOG files this Claim for protection of its rights in connection therewith.

**B. LLOG'S CLAIM AGAINST FIELDWOOD**

1. LLOG asserts a secured claim against Fieldwood for Outstanding P&A JIBs in an amount not less than $902,490.92.

LLOG and Fieldwood, as successor to Davis Offshore L.P., are the parties to that certain Offshore Operating Agreement dated December 12, 2002, as ratified and amended (the "GC OOA") and covering Green Canyon Block 157, Lease No. OCS-G 24154 ("GC 157"), and Green Canyon Block 201, Lease No. OCS-G 12210 (but limited to the northeast quarter of such block from the surface down to 17,000 feet true vertical depth subsea) ("GC 201," and collectively with GC 157, the "Contract Area").[2] Under the GC OOA, Fieldwood holds a 15% working interest in

---

[1] This Addendum, and the amendments attached hereto, are made a part of LLOG's Claim and are incorporated by reference in the Claim for all purposes. LLOG notes the Debtors in the above-captioned jointly administered bankruptcy cases have scheduled LLOG's Claim against Fieldwood Energy, LLC (Schedule # 4884833 and Schedule # 4886275). Accordingly, out of an abundance of caution, LLOG intends to also file a copy of the Claim in the case of *Fieldwood Energy LLC, et al.* docketed at Case No. 20-33948 (MI).

[2] A copy of the GC OOA is attached hereto as **Exhibit A**. See also Ratification and First Amendment to Operating Agreement, attached hereto as **Exhibit B**, which added the GC 201 property to the Contract Area and added Fieldwood as a party to the OOA. Note that an affiliate of LLOG, namely LLOG Energy, LLC, actually holds a 1% working

the Contract Area while LLOG holds the remaining 85% working interest. LLOG is the recognized operator under the GC OOA and is the designated operator with the Bureau of Ocean Energy Management ("BOEM") and the Bureau of Safety and Environmental Enforcement ("BSEE").

Pursuant to the express terms of the GC OOA, LLOG, as operator, is afforded certain security rights, not only in connection with both leases comprising the Contract Area, but also in the oil and gas produced therefrom. These security rights have been perfected as a matter of public record.[3] The GC OOA states that "[e]ach Non-Operating Party [i.e., Fieldwood] hereby grants to the Operator [i.e., LLOG] a mortgage, hypothec, and pledge of and over all of its rights, titles, and interest in and to (a) the Lease[s], (b) the oil and gas in, on, under, and that may be produced from the Lease[s] or included in the Contact Area, and (c) all other immovable property susceptible of mortgage situated with the Contact Area."[4] As set forth in the GC OOA, "this mortgage is given to secure the complete and timely performance of and payment by [Fieldwood] of all obligations and indebtedness of every kind and nature, whether now owed by [Fieldwood] or hereafter arising pursuant to the this Agreement," and "shall secure the payment of all Costs and other charges properly charged to such Party."[5]

In addition, Fieldwood, as non-operator under the GC OOA, granted LLOG, as operator, "a continuing security interest in and to all of its rights, titles, interests, claims, general intangibles, proceeds, and the products thereof, whether now existing or hereinafter acquired," including "in and to (a) all oil and gas produced from the lands or offshore blocks covered by the Lease[s] or the Contract Area or attributable to the lease or the Contract Area when produced, (b) all accounts receivable accruing or arising as a result of the sale of such oil and gas . . . , (c) all cash and other proceeds from the sale of such oil and gas once produced, and (4) all platforms, wells, facilities, fixtures, other corporeal property [on the Contract Area]."[6]

On or around February 2020, LLOG completed plugging and abandonment operations on several wells on the Contract Area. Fieldwood, as the non-operator and 15% working interest owner in the Contract Area, is responsible for its proportionate share of JIBs for said plugging and

---

interest in GB 157, with LLOG owning 84%. LLOG asserts this claim on behalf of itself and the other non-operating interest owner, namely LLOG Energy, LLC.

[3] These mortgage, lien, and security rights were perfected by the parties with an interest in the Contract Area by filing a Memorandum of Operating Agreement in the mortgage records of Terrebonne Parish on July 27, 2009 at File Number 1328132, Book 2201, Page 579; with a correction thereto being filed in the mortgage records of Terrebonne Parish on September 16, 2009 at File Number 1331665, Book 2215, Page 126; with a notice of re-inscription being filed in the mortgage records of Terrebonne Parish on April 8, 2014 at File Number 1450879, Book 2645, Page 470; and with an amendment and ratification thereto being filed in the mortgage records of Terrebonne Parish on February 3, 2015 at File Number 1473360, Book 2716, Page 268 (adding Fieldwood as a debtor). Mortgage records of Terrebonne Parish attached *in globo* hereto as **Exhibit C**. More importantly, companion filings were made in the Louisiana Uniform Commercial Code records of Terrebonne Parish on August 16, 2013 at UCC File Number 55-1434772, with an amendments and a continuation thereto filed on February 3, 2015 at UCC File Number 55-1473361, February 3, 2015 at UCC File Number 55-1473362, February 3, 2017 at UCC File Number 55-1473363 (adding Fieldwood as a debtor), February 3, 2015 at UCC File Number 5-1473364, and on February 20, 2018 at UCC File Number 55-1552263 (continuation). See copy of Louisiana Secretary of State UCC Filing Detail reflecting filing of the aforementioned UCC filings, attached hereto as **Exhibit D**.

[4] Section A(i) to Exhibit I to the GC OOA, **Exhibit A** at p. 178.
[5] Section A(i) to Exhibit I to the GC OOA, **Exhibit A** at p. 178.
[6] Section A(ii) of Exhibit I to the GC OOA, **Exhibit A** at p. 179.

2

abandonment work and for other on-going operational charges in an amount not less than $902,490.92 (the "Outstanding P&A JIBs").[7] Prior to the Petition Date, and on a monthly basis from February 2020 through August 2020, LLOG invoiced Fieldwood for the Outstanding P&A JIBs.[8]

To date, the Outstanding P&A JIBs remain unpaid. Accordingly, LLOG asserts a secured claim against Fieldwood Energy Offshore, LLC in the amount of $902,490.92, with interest continuing to accrue.[9]

LLOG reserves any and all other rights and claims and defenses under the GC OOA, including, but not limited to, COPAS audit and other audit rights and defenses, as well as recoupment and set off claims and defenses. LLOG also reserves the right to claim and collect all for attorneys' fees, court costs, and other costs in connection with the collection of the Outstanding P&A JIBs.

2. <u>Fieldwood is liable for plugging and abandonment and decommissioning obligations to the extent of its interests in any properties co-owned with LLOG</u>.

To the extent that Fieldwood and LLOG are joint interest owners on any federal offshore properties, including those federal offshore leases comprising the Contract Area, LLOG reserves any and all rights with regard to costs associated with Fieldwood's proportionate share of plugging and abandonment obligations for which LLOG could become liable. This claim for decommissioning expenses may also be secured up to the value of the oil and gas interests made the subject to LLOG's mortgage lien and security interest granted pursuant to the GC OOA.

To LLOG's knowledge and based upon publicly available information published by BOEM/BSEE, the decommissioning cost estimate for GC 157 is $30,897,439 (P90), of which Fieldwood is responsible for its fifteen percent (15%) share in the amount of $4,634,615.85.

To LLOG's knowledge and based upon publicly available information published by BOEM/BSEE, the total decommissioning cost estimate for GC 201 is $95,142,298 (P90), of which Fieldwood is responsible for its fifteen percent (15%) share in the amount of $14,271,344.70.

---

[7] See statement of the Outstanding P&A JIBs, which includes and incorporates an itemized statement of interest charged, attached hereto as **Exhibit E**. As of the date of filing of this Claim, post-petition JIB expenses also remain unpaid.

[8] **Exhibit E**. As of the date of filing of this Claim, post-petition joint interest billing expenses also remain unpaid.

[9] To the extent that LLOG's claim is not secured by property of Debtor, LLOG asserts an unsecured deficiency claim.

3

275576v1

### C. SUMMARY OF LLOG'S CLAIM AGAINST FIELDWOOD

Based on above, LLOG's rights against Fieldwood are summarized as follows:

| | | |
|---|---|---:|
| 1. | Secured Claim for Outstanding P&A JIBs: | $902,490.92 |
| | A. Attorneys' fees for collection Outstanding P&A JIBs: | Undetermined |
| | B. Costs & expenses for collection Outstanding P&A JIBs: | Undetermined |
| 2. | Estimated Abandonment Liability (GC 157 and GC 201): | $18,905,960.55 |
| | **TOTAL:** | **$19,808,451.47** |

### D. RESERVATION OF RIGHTS

LLOG's investigations continue with respect to all matters described in this Claim. Accordingly, LLOG reserves all rights to amend, modify, alter, supplement, replace or withdraw this Claim and/or any attachments or exhibits at any time, including the right to assert that certain amounts as described herein (such as, without limitation, certain plugging and abandonment and decommissioning obligations) are due on a post-petition basis or have administrative claim priority. In addition, LLOG reserves the right to assert the estimated abandonment liability is the amount of $18,905,960.55 as also being secured under provisions of the GC OOA

Likewise, LLOG reserves its right to amend or supplement this claim as a result of any other claims, causes of actions, joint interest billings, lease operating expenses, indemnification rights, rights of action, liabilities, environmental liabilities, and damages that may arise under the GC OOA, any other agreements, or at law, including any rights to costs and attorneys' fees.

4

275576v1