**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY, LLC, *et al.*,[1] | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**OBJECTION BY XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH, LLC TO (A) NOTICE TO CONTRACT PARTIES EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS, AND (B) AMENDED SCHEDULE OF ASSUMED CONTRACTS**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COME NOW XTO Offshore, Inc., HHE Energy Company, and XH, LLC, and their respective affiliates and subsidiaries (collectively, "XTO"), and file this Objection ("Objection") to (A) the *Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* [Docket No. 1395] (the "Schedule of Assumed Contracts"), and (B) the Amended Schedule of Assumed Contracts [Docket No. 1456], and would respectfully show the Court as follows:

## PROCEDURAL HISTORY

1.      The Debtors initiated the instant bankruptcy case on August 3, 2020 (the "Petition Date").

2.      On April 15, 2021, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan") [Docket No. 1284].

3.      On April 15, 2021, the Bankruptcy Court entered the *Amended Order (I)*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for Objections to the Assignment and Transfer of Property of the Estate; and (VII) Granting Related Relief* (the "Amended Disclosure Statement Order") [Docket No. 1286], which approved certain procedures relating to the Debtors' assumption of executory contracts and unexpired leases under the Plan.

4.      On May 26, 2021, the Debtors filed their *Plan Supplement in Connection with the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "Plan Supplement") [Docket No. 1394].  Exhibit D to the Plan Supplement includes the Debtors' Schedule of Assumed Contracts.

5.      On May 27, 2021, pursuant to the Disclosure Statement Order, the Debtors filed and served the Schedule of Assumed Contracts on the counterparties to executory contracts and unexpired leases to be assumed under the Plan.  The Schedule of Assumed Contracts sets forth the Debtors' proposed cure amounts for the executory contracts and unexpired leases to be assumed under the Plan.  The Schedule of Assumed Contracts also provides that any objection to the Debtors' proposed cure amounts must be filed within ten (10) days of service of the Schedule of Assumed Contracts (which is June 6, 2021).

6.      On June 2, 2021, the Debtors filed their Amended Schedule of Assumed Contracts, which added additional contracts to the list of executory contracts and unexpired leases being assumed by the Debtors under the Plan.

7.      One June 3, 2021, XTO filed its *Amended Supplemental Objection to (A) the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors, (B) Plan Supplement relating to the Assumption of Executory Contracts, and (C) Amended Schedule of Assumed Contracts* (the "XTO Supplemental Plan Objection") [Docket No. 1476].

To the extent the XTO Supplemental Plan Objection addresses the Debtors' assumption of the XTO Contracts (defined below), it is incorporated herein by reference.  This independent Objection is being filed out of an abundance of caution to comply with the terms of the Schedule of Assumed Contracts.

8.     The Amended Schedule of Assumed Contracts lists approximately forty-eight contracts to which XTO is a contract counterparty.  As is set forth below, XTO objects to the terms of the Debtors' proposed assumption and assignment of the XTO Contracts (defined below), as well as the Debtors' $0 proposed cure amounts, because (i) the Debtors have not provided adequate information to enable XTO to determine the correct cure amounts, (ii) the Plan seeks to impermissibly alter the parties' contract rights under the assumed contracts, (iii) the Debtors seek to discontinue continuing obligations under assumed contracts, (iv) the Plan seeks to disallow proofs of claim, (v) the Debtors do not provide verifiable cure amounts, and (vi) the Debtors cannot demonstrate adequate assurance of future performance under the XTO Contracts.

**OBJECTION**

9.     XTO is party to the forty-eight (48) executory contracts reflected on the attached **Exhibit A** (collectively the "XTO Contracts")[2] which are also reflected in Exhibit D to the Plan Supplement, as amended by the Amended Schedule of Assumed Contracts.  XTO has no objection to the assumption or assignment of the XTO Contracts to the Credit Bid Purchaser (NewCo), FWE I, FWE III or FWE IV (hereinafter, as applicable, a "Fieldwood Assignee") so long as the requirements of section 365 of the Bankruptcy Code are satisfied and XTO retains, unaltered, all rights and remedies under each of the XTO Contracts.  Here, however, the terms of the Debtors' proposed assumption and assignment of the XTO Contracts does not satisfy the requirements of section 365 and/or does not allow XTO to retain all rights and remedies under

---

[2] XTO reserves the right to amend or supplement the list of XTO Contracts.

the XTO Contracts.  As a result, XTO objects to the Schedule of Assumed Contracts and Amended Schedule of Assumed Contracts as set forth below.

### A.   The Debtors Have Provided Inadequate Means for Determining Cure Amounts

10.    The Schedule of Assumed Contracts was filed and served on Thursday, May 27, 2021.  The deadline to object to the Plan was Wednesday, June 2, 2021.  Thus, given the intervening Memorial Day holiday, XTO had only three (3) business days to try to determine the applicable cure amounts.  This time frame was grossly inadequate.  Worse still, after XTO filed its objection to the Plan on June 2, 2021, the Debtors filed an Amended Schedule of Assumed Contracts, which lists fifteen (15) additional XTO Contracts.  XTO has not had an adequate time to review the list of XTO Contracts and determine the appropriate cure amounts.  Further, separate from the Plan, the deadline for XTO to object to the Debtors' Schedule of Assumed Contracts, as amended by the Amended Schedule of Assumed Contracts, is June 6, 2021.  Because the Amended Schedule of Assumed Contracts was filed on June 2, 2021, this only gives XTO three business days to analyze the Amended Schedule of Assumed Contracts prior to the objection deadline.  This amount of time is not sufficient to enable XTO to analyze the XTO Contracts and determine the appropriate cure amounts.  XTO requests the Court to grant it a reasonable amount of time to research and determine the cure amounts under the XTO Contracts.

11.    In addition, the Amended Schedule of Assumed Contracts provides that the proposed cure amounts are "based on open pre-petition accounts payable balances."  However, the Amended Schedule of Assumed Contracts does not provide the proposed effective date for the assumption and assignment of the XTO Contracts to the proposed Fieldwood Assignees.  In other words, although the proposed cure amounts are stated as of the Petition Date, August 3, 2020, the Plan does not provide that the assumption and assignment of the XTO Contracts will occur as of the Petition Date.  If the Debtors propose to use the bankruptcy Petition Date as the

date of assumption and assignment, then XTO should be able to determine fairly efficiently whether the Debtors are currently in default under such contracts.  However, accounting in the oil and gas industry runs several months in arrears.  If the Debtors propose to use a more recent date, then XTO will require several months following such date for the billing processes to run their course and to determine whether any accounts have or will later become past-due. Further, if the relevant date of assumption is intended to be the effective date of the Plan, then XTO has no means to determine whether any of their contracts will be in default on such future date or what an appropriate cure amount would be as of the effective date of the Plan.  In any event, XTO objects to the Debtors' blanket assertion that the cure amounts with respect to the XTO Contracts is $0.00, and objects to the assumption and assignment of the XTO Contracts until the proper Cure Amounts may be determined and paid.

12.     XTO has not been provided with sufficient time to even identify each of the listed contracts, much less evaluate cure claims.  Moreover, the Debtors have failed to specify the effective date of assumption.  Thus, even if XTO could evaluate the monetary and non-monetary cure costs for the 48 XTO Contracts in a matter of days (which it cannot), it could not do so here because the Debtors have failed to provide the "as of" date for assumption.  Further, if the Debtors propose to use the Plan effective date as the effective date for assumption, XTO would not be a position to determine cure claims until several months following that future, unknown date, which would be long after the deadline for raising objections to proposed cure claims under the Plan.  Consequently, the Amended Schedule of Assumed Contracts does not provide adequate means for establishing and paying the Cure Amounts required to assume the XTO Contracts.

**B.     The Debtors' Plan seeks to impermissibly alter contract rights under the assumed XTO Contracts.**

13.     The XTO Contracts must be assumed by the Debtors and assigned to the respective Fieldwood Assignee as they exist without any modification of their terms.  This

requires that the rights and remedies of XTO pursuant to the XTO Contracts must remain intact and unaltered, including without limitation, the liens granted pursuant thereto as well as all rights of offset or recoupment, both pursuant to the XTO Contracts and applicable law.  Without limiting the generality of the foregoing, this means that XTO must retain, unimpaired, all operator's liens and all netting rights of both offset and recoupment after the Effective Date with respect to the applicable Fieldwood Assignee.

14.     For example, section 10.7(c) of the Plan provides for the release and discharge of "all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates."  Plan § 10.7(c).  The Joint Operating Agreements (JOAs) between XTO and the Debtors typically contain grants of liens against the other working interests in favor of the operator to secure the other working interest owners' obligations to reimburse the operator for expenses incurred in the development or operation of the wells and mineral properties.  The JOAs also typically include grants of liens against the operator's working interest in favor of the non-operating working interest owners to secure the operator's performance of its obligations under the JOA.  To the extent the JOAs are being assumed under the Plan, the Plan cannot extinguish the liens granted under the JOAs.  *See, e.g., In re MF Global Holdings Ltd.,* 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012).  Absent clarification that the Plan does not release liens granted under assumed JOAs, XTO objects to the assumption and assignment of the XTO Contracts.

15.     In addition, certain of the XTO Contracts provide for the issuance of letters of credit and maintenance of escrowed funds as security for the Debtors' obligations under the applicable XTO Contracts.  To the extent these XTO Contracts are being assumed and assigned to a Fieldwood Assignee, the obligations to maintain the letters of credit and escrowed funds cannot be released or altered under the Plan or through the assumption and assignment of such contracts to a Fieldwood Assignee.

16.     Further, certain of the XTO Contracts, including the JOAs, as well as applicable

state law, grant the parties rights of netting, including rights of setoff and/or recoupment, that cannot be extinguished if the XTO Contracts are assumed and assigned under the Plan.  XTO objects to assumption of the XTO Contracts to the extent the release provisions in sections 8.2 and 10.7 of the Plan (or any other provisions of the Plan) purport to alter or release any obligations or rights under executory contracts that will be assumed and assigned under the Plan, including rights of setoff and recoupment.

17.    Similarly, to the extent that third parties have secured any of the Debtors' obligations to XTO, including through the issuance of letters of credit, the Plan cannot release or modify the obligations of third parties, including without limitation the obligations of third parties pursuant to any Letters of Credit issued in favor of XTO.

18.    Finally, the Farmout Agreements (contract nos.1361 and 1830) among the XTO Contracts include potential rights to the re-assignments of certain wells and properties subject thereto.  XTO is entitled to retain and reserve all rights pursuant to the Farmout Agreements, including any right to reconveyance of any wells or properties pursuant thereto.

19.    In sum, the terms of the Plan may not alter or release any of the parties' rights under the XTO Contracts being assumed and assigned to a Fieldwood Assignee.  Absent clarification that the Plan does not alter or release XTO's rights under the XTO Contracts, including any lien rights, rights of netting through offset and recoupment, or other such rights, XTO objects to the assumption of the XTO Contracts.

**C.    The Plan improperly proposes to disallow continuing obligations under assumed executory contracts.**

20.    Section 8.2(e) of the Plan provides:

(e)    Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims against any Debtor or defaults by any Debtor, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease.  Any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed Disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court or any other Person, upon the assumption of such executory contract or unexpired leases.

Plan, Article VIII, § 8.2(e).  By this provision, the Plan proposes to cause the release and satisfaction of all "Claims" held by XTO under the assumed executory contracts, as such term is broadly defined in section 101(5) of the Bankruptcy Code.  *See* Plan §§ 1.1 (definition of "Claim") and 8.2(e).  XTO objects to the assumption of the XTO Contracts under the Plan to the extent that the Plan seeks to limit or discharge any continuing obligations by the respective Fieldwood Assignee under the XTO Contracts as assumed.

21.    Section 365(b)(1) requires only that "defaults" be cured as a condition to assumption.  It does not purport to strip the assumed contract of all rights and claims held by counterparties.  The Debtors cannot void liability on such obligations merely by asserting that no cure amounts are presently owed.  *See, e.g., In re MF Global Holdings Ltd.,* 466 B.R. at 241 ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); 3 COLLIER ON BANKRUPTCY §365.03.

22.    The Debtors have continuing obligations under the executory contracts to be assumed even though the Debtors may not currently be in "default" with respect to those obligations.  For instance, the Debtors are obligated on a continuing basis to pay their respective share of joint interest billing (JIBs) to XTO as they accrue and are billed.  Such amounts may not yet be due or currently payable, or even known, and thus may not be in "default", but the receivable is still a valid bankruptcy "Claim" held by XTO.  As currently proposed, the Plan will improperly disallow and expunge all such continuing obligations.

23.     In addition, the various executory contracts may require some future action by a Fieldwood Assignee, such as to repair surface damage, pay for decommissioning obligations, or indemnify the counterparties.  While such action may not yet be required under an executory contract, and thus not be "in default", it will remain an obligation of the respective Fieldwood Assignee under the assumed and assigned XTO Contract and a contingent and/or unliquidated bankruptcy "Claim" held by XTO.  Consequently, XTO objects to the assumption of the XTO Contracts because the Debtors' attempt to satisfy all Claims through the assumption of the Executory Contracts is improper and beyond the scope of the relief available under section 365.

**D.      The Plan improperly seeks to disallow proofs of claim.**

24.     In addition, section 8.2(e) of the Plan proposes to expunge and disallow all proofs of claims based on assumed executory contracts and leases without further notice or order from the Bankruptcy Court.  Plan, Article VIII, § 8(e).

25.     The Bankruptcy Code provides that filed claims are deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a).  Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires claim objections to be in writing and to be filed. Rule 3007 further requires 30-day's notice in advance of a hearing on the objection and sets strict limits on the use of omnibus claim objections.  *Id.*  Bankruptcy Rule 3001(f) provides that a properly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f).  An objecting party assumes the burden of going forward with evidence sufficient to overcome a claimant's *prima facie* case.  *In re Allegheny,* 954 F.2d 167, 173 (3d Cir. 1992); *McGee v. O'Connor (In re O'Connor),* 153 F.3d 258, 260 (5th Cir. 1998).

26.     Notwithstanding the procedural requirements established for claim objections by the Bankruptcy Code and Rules, the Debtors' Plan purports to circumvent the claim objection process and summarily disallow proofs of claim based on thousands of executory contracts and leases through a single sentence embedded on page 64 of the Plan.  In a Chapter 13 context, the Fifth Circuit rejected the use of a plan in lieu of an objection to a creditor's secured claim

under Bankruptcy Rule 3007. *In re Simmons*, 765 F.2d 547, 553 (5th Cir. 1985). ("The Code and the Rules do not envision the use of a [Chapter 13] plan as a means for objecting to proofs of claims. Consequently, we hold that [the debtor's] plan did not constitute an objection to [the claimant's] proof of secured claim."). Though some courts have suggested that in limited circumstances a plan may be used to object to a creditor's claim, such courts require that due process considerations be respected to the extent provided by Bankruptcy Rule 3007. *See, e.g.*, *Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.)*, 293 B.R. 489, 497 (B.A.P. 9th Cir. 2003) (holding that the "essence of Rule 3007 must be complied with" when using a plan to object to a creditor's claim). These considerations, which include specific notice and the opportunity to litigate the claim objections one-on-one, are not accounted for by single sentence in the Debtors' Plan. *Dynamic Brokers*, 293 B.R. at 497. Similarly, an assumption procedure relative to the executory contracts included in a plan cannot serve as a substitute for a properly filed claim objection. Accordingly, XTO objects to the assumption of the XTO Contracts to the extent the Plan purports to disallow its claims through the Plan confirmation process.

> **E.    The Amended Schedule of Assumed Contracts does not provide verifiable Cure Amounts.**

27.    The Plan Supplement, as amended by the Amended Schedule of Assumed Executory Contracts, includes approximately forty-eight (48) XTO executory contracts to be assumed. In every case, the Debtors propose to pay $0.00 in cure claims to XTO. Indeed, the Debtors propose to pay $0.00 in cure amounts for almost every contract listed on the approximately 61-page list of contracts to be assumed. It seems improbable that the Debtors are not in default under more than a handful of contracts out of thousands. As such, it does not appear that the Debtors have compiled the Amended Schedule of Assumed Contracts list in good faith. In any event, the Plan fails to indicate the "as of" date for the assumption of the XTO Contracts and, as such, the actual cure claim cannot be determined. XTO objects to the proposed Cure Amounts for each of the XTO Contracts to be assumed.

### F. The Debtors Cannot Provide Adequate Assurance of Future Performance by the Fieldwood Assignees

28.     Finally, the Debtors have not (and cannot) provide adequate assurance of future performance by the Fieldwood Assignees.  Indeed, the Debtors' Disclosure Statement suggests that FWE I and FWE III will not be able to satisfy their decommissioning obligations under the Plan.  Likewise, XTO believes that the evidence presented at the confirmation hearing will demonstrate that the other Fieldwood Assignees are not adequately capitalized and will not be able to perform their future obligations under the XTO Contracts.  Absent adequate assurance of future performance by the Debtors that the Fieldwood Assignees will be able to perform under each of the XTO Contracts, such contracts may not be assumed and assigned to a Fieldwood Assignee under section 365(b)(1)(C).

### PRAYER FOR RELIEF

ACCORDINGLY, XTO prays that the Court sustains its Objection to the Schedule of Assumed Contracts and Amended Schedule of Assumed Contracts, and for all such other and further relief to which it may be entitled.

DATED:  June 4, 2021                              Respectfully Submitted,

/s/ J. Robert Forshey
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
llankford@forsheyprostok.com

ATTORNEYS FOR XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon all parties receiving electronic notice via the Court's CM/ECF system on June 4, 2021.

/s/ J. Robert Forshey
J. Robert Forshey

L:\BFORSHEY\XTO - Fieldwood Energy (CrR) #6145\Pleadings 20-33948 (MI)\Objection to Debtors' Schedule of Assumed Contracts and Cure Amounts 6.4.2021.docx

# Exhibit A
# XTO Contracts

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| # | Contract Date | Contract Category | Contract Description | Known Contract Counterparties |
|---|---|---|---|---|
| 80 | 12/15/1999 | Letter Agreement - Other Land | Letter Agreement, dated December 15, 1999, between Apache Corporation, Chevron U.S.A. Production Company, Kelley Oil Corporation, Key Production Company, Mobil Exploration & Producing U.S. Inc. and Sabco Oil and Gas Corporation, regarding the OCS-G 4481 #A-23 Well, Main Pass Block 77, Main Pass Block 151 Field, Offshore. LA. | Apache Corporation, Chevron U.S.A. Production Company, Kelley Oil Corporation, Key Production Company, Mobil Exploration & Producing U.S. Inc. and Sabco Oil and Gas Corporation |
| 98 | 9/15/1978 | Joint Operating Agreement | Amendment of Operating Agreement, dated September 15, 1978, between Amoco Production Company, Mobil Oil Corporation, and 'Union Oil Company of California. | Apache Deepwater |
| 99 | 9/1/1975 | Joint Operating Agreement | First Amendment to Operating. Agreements, dated effective September 1, 1975, between Mobil Oil Corporation, Amoco Production Company, and 'Union Oil Company of California. | Apache Deepwater |
| 100 | 11/13/1978 | Joint Operating Agreement | Second Amendment to Operating Agreements, dated effective; November 13, 1978,.between Mobil Oil Corporation, Amoco Production Company, and Union Oil Company of California. | Apache Deepwater |
| 101 | 11/13/1978 | Joint Operating Agreement | Fourth Amendment to Operating Agreements, dated effective; November 13, 1978,.between Mobil Oil Corporation, Amoco Production Company, and Union Oil Company of California. | Apache Deepwater |
| 102 | 1/1/1980 | Joint Operating Agreement | Third Amendment to Operating Agreements, dated effective January 1, 1980, between Mobil Oil Corporation, Amoco Production Company, and Union Oil Company bf California. | Apache Deepwater |
| 104 | 7/1/1986 | Joint Operating Agreement | Amendment to Operating Agreement, dated effective July 1, 1986, between Amoco Production Company; Union Oil Company of California, and Mobil Producing Texas & New Mexico, Inc. | Apache Deepwater |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 147 | 1/1/1982 | Joint Operating Agreement | OPERATING AGREEMENT BY AND BETWEEN SOHIO PETROLEUM COMPANY AND EXXON CORPORATION | Arena Energy LP; Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
|---|---|---|---|---|
| 166 | 9/10/1991 | Letter Agreement – Other Land | LETTER AGREEMENT BY AND BETWEEN ATLANTIC RICHFIELD COMPANY AND EXXON CORPORATION | ATLANTIC RICHFIELD COMPANY AND EXXON CORPORATION |
| 169 | 9/13/1991 | Letter Agreement - Other Land | Land Letter Agreement by and between Atlantic Ritchfield Company and Exxon Corporation | Atlantic Ritchfield Company and Exxon Corporation ST 53 Lease |
| 278 | 8/21/2020 | Abandonment/ Decommissioning Agreement | Chet Morrison remove the two well conductors of the previously plugged wells HI 176 #2, #3 | Chet Morrison Contractors; Exxon Mobil Corporation; Hoactzin Partners, LP; Ridgewood Energy Corporation |
| 312 | 3/31/2003 | Letter Agreement – UOA | Letter Agreement, dated March 31, 2003, between Chevron U.S.A. Inc., Sabco Oil and Gas Corporation, Apache Corporation,ExxonMobil Production Company, Key Production Company and Contour Energy Company regarding Second Opportunity to Participate - Election to Acquire Non-Participating Interest, in the MP77 OCS-G 4481 A-6 TTPG, Project No. UWGHP-R3011, Cost Center UCP170500, Main Pass Block 77. Key Production Company election. | Chevron U.S.A. Inc., Sabco Oil and Gas Corporation, Apache Corporation, ExxonMobil Production Company, Key Production Company and Contour Energy Company |
| 517 | 12/11/2007 | Letter Agreement – Other Land | Letter Agreement by and between Exxon Mobil Corporation and Apache Corporation: Amendment to Letter Agreement 10/24/2006 | Exxon Mobil Corporation and Apache Corporation |
| 518 | 4/9/2008 | Letter Agreement – Other Land | Land Letter Agreement by and between Exxon Mobil Corporation and Apache Corporation: ExxonMobil grants extension to well commencement per Amendment to Letter Agreement dated 09/10/1991 | Exxon Mobil Corporation and Apache Corporation |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 519 | 1/31/2007 | Facilities & Tie-In Agreements | EXXON MOBIL PIPELINE COMPANY CONNECTION AGREEMENT FOR WD 73A platform owned by Exxon and connecting to WD 90 | EXXONMOBIL PIPELINE COMPANY |
|---|---|---|---|---|
| 520 | 8/21/2006 | Marketing-Connection Agreement | EXXONMOBILE PIPELINE COMPANY CONNECTION AGREEMENT WITH APACHE CORPORATION | EXXONMOBIL PIPELINE COMPANY |
| 744 | 1/23/2014 | Marketing – Crude Sales | ExxonMobil Oil Supply buys crude oil from Fieldwood Energy by and between Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION | Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION |
| 745 | 1/23/2014 | Marketing – Crude Sales | ExxonMobil Oil Supply buys crude oil from Fieldwood Energy by and between Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION | Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION |
| 746 | 1/23/2014 | Marketing – Crude Sales | ExxonMobil Oil Supply buys crude oil from Fieldwood Energy by and between Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION | Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION |
| 747 | | Marketing – Crude Sales | ExxonMobil Oil Supply buys crude oil from Fieldwood Energy by and between Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION | Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION |
| 748 | 1/1/2020 | Marketing – Crude Sales | ExxonMobil Oil Supply buys crude oil from Fieldwood Energy by and between Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION | Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION Fieldwood Energy LLC and EXXONMOBIL Oil CORPORATION and EXXONMOBIL Oil CORPORATION Fieldwood |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 1023 | 7/25/1960 | Operating Agreement – Other | Operating Agreement, dated effective July 25,1960, as amended, between Second Mobil Oil Company, Inc., Gulf Oil 'Corporation, and Humble Oil & Refining Company, as amended, SS 169 Field. | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
|------|-----------|------------------------------|------------------------------|------------------------------|
| 1024 | 7/1/1974 | Joint Operating Agreement | OPERATING AGREEMENT DATED JULY 1, 1974, BY AND BETWEEN MOBIL OIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, TEXAS GAS EXPLORATION CORPORATION, AMOCO PRODUCTION COMPANY AND NORTHWEST MUTUAL LIFE INSURANCE COMPANY, AS AMENDED. | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
| 1025 | 7/1/1974 | Joint Operating Agreement | OPERATING AGREEMENT DATED JULY 1, 1974, BY AND BETWEEN MOBIL OIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, TEXAS GAS EXPLORATION CORPORATION, AMOCO PRODUCTION COMPANY AND NORTHWEST MUTUAL LIFE INSURANCE COMPANY, AS AMENDED. | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
| 1027 | 4/1/1981 | Unit Agreement and/or Unit Operating Agreement | Unit Operating Agreement; dated April 1,1981, by and between Conoco Inc., Atlantic Richfield Company, Getty Oil Company, Cities Service Company, Placid Oil Company, Hamilton Brother Oil Company, Mobil Oil Exploration and Producing S.E., Inc., Gulf Oil Corporation, Hunt Oil Company, Highland Resources, Inc., Hunt Industries and Prosper Energy Corporation, comprising all workinginterest owners in the Ship ShOperating Agreement Blocks 206, 207,,OCS-G:i523:ahd OCS-G 1523, respectively. | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 1028 | 4/1/1981 | Unit Agreement and/or Unit Operating Agreement | Unit Agreement for the C-6/JS Sand, effective April 1,1981, between Arco Oil and Gas,Company;,Getty Oil Company, Cities Service Company, Hamilton Brothers Oil Company, Mobil Oil. Exploration & Producing S.E. Inc., Gulf Oil Corporation, Hunt Oil Company, Highland Resources, Inc., Hunt; Industries, and Prosper Energy Corporation.; Unit No. 891020231 | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
|---|---|---|---|---|
| 1029 | 7/1/1974 | Joint Operating Agreement | OPERATING AGREEMENT DATED JULY 1, 1974, BY AND BETWEEN MOBIL OIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, TEXAS GAS EXPLORATION CORPORATION, AMOCO PRODUCTION COMPANY AND NORTHWEST MUTUAL LIFE INSURANCE COMPANY, AS AMENDED. | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
| 1030 | 8/1/1973 | Joint Operating Agreement | OPERATING AGREEMENT BY AND BETWEEN MOBIL OIL CORPORATION AND UNION OIL COMPANY OF CALIFORNIA ET AL | Fieldwood Energy LLC; Fieldwood Energy Offshore LLC |
| 1126 | 11/1/1972 | Operating Agreement – Other | b/b Gulf Oil Corporation, Mobil Oil Corporation, Pennzoil Offshore Gas Operators, Inc., and Pennzoil Louisiana and Texas Offshore, Inc., as amended | Gulf Oil Corporation, Mobil Oil Corporation, Pennzoil Offshore Gas Operators, Inc., and Pennzoil Louisiana and Texas Offshore, Inc., as Amended |
| 1135 | 9/1/1988 | Operating Agreement – Other | Ownership and Operating Agreement BY Hall-Houston Offshore, Exxon Corporation, Ridgewood, et al and Amerada Hess Corporation | Hall-Houston Offshore, Exxon Corporation, Ridgewood, et al, Amerada Hess Corporation |
| 1188 | 11/30/1994 | Joint Development / Venture / Exploration Agreements | Amendment to Joint Venture Development Agreement, dated November'30,1994, between iNorcen Explorer,.'Inc., Texaco Exploration, and Production; Inc., Hunt Industries, The George.R..Brown Partnership, JOG Venture, Laniar Hunt Trust Estate, Mobil Oil Exploration &«Producing Southeast Inc., and Hunt Oil Company, covering all of Blocks 206 and 207 Ship ShOperating Agreementl Area. | iNorcen Explorer,.'Inc., Texaco Exploration, and Production; Inc., Hunt Industries, The George.R..Brown Partnership, JOG Venture, Laniar Hunt Trust Estate, Mobil Oil Exploration |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 1242 | 11/1/2010 | Pipeline Use/Tie-In/Modification Agreements | Pipeline Use Agreement b/b LLOG and XTO | LLOG and XTO MP |
|---|---|---|---|---|
| 1245 | 3/1/2009 | Property Participation & Exchange Agreements | Agreements Participation Agreement by and between LLOG Exploration Offshore,Inc.; LLOG Exploration Company, L.L.C. and XTO Offshore Inc. : | LLOG Exploration Offshore, Inc.; LLOG Exploration Company, L.L.C. and XTO Offshore Inc. |
| 1317 | 7/1/1974 | Joint Operating Agreement | Operating Agreement originally by and between Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended | Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended |
| 1318 | 7/1/1974 | Joint Operating Agreement | Operating Agreement originally by and between Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended | Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended |
| 1319 | 7/1/1974 | Joint Operating Agreement | Operating Agreement originally by and between Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended | Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended |
| 1320 | 7/1/1974 | Joint Operating Agreement | Operating Agreement originally by and between Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended | Mobil Oil Corporation, Union Oil Company of Califomia and Amoco Production Company, as amended |
| 1321 | 1/1/1988 | Marketing - Connection Agreement | OFFSHORE TIE-IN AGREEMENT EWING BANK 826 PIPELINE SYSTEM TIE-IN TO SHELL PIPELINE COROPRATION'S COUGAR PIPELINE BETWEEN MOBILE EXPLORATION & PRODUCING U.S. INC., KERR-MCGEE PIPELINE CORP., AND SOHIO PIPELINE (document just shows 1988) | MOBILE EXPLORATION & PRODUCING U.S. INC., KERR-MCGEE PIPELINE CORP., AND SOHIO PIPELINE |
| 1322 | 5/27/1968 | Operating Agreement – Other | OA by and between Mobil Oil Corporation and Union Oil Company of California | Mobil Oil Corporation and Union Oil Company of California |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 1361 | 6/17/2009 | Farmout Agreement | Agreement Farm out agreement by and between Noble Energy Inc, Samson Offshore Company and Exxon Mobil Exploration Company where XOM assigns GC 767 in return for well comittment and ORRI on GC 679, 680, 723, 724 and 768 (below 17,000 to 100' below commitment well). Commitment well drilled on GC 723 | Noble Energy Inc, Samson Offshore Company and Exxon Mobil Exploration Company |
|---|---|---|---|---|
| 1379 | 4/6/1995 | Joint Development / Venture / Exploration Agreements | Amendment to Joint Venture Development Agreement, dated April 6, 1995, between Norcen. Explorer, Inc., Texaco Exploration and Production; Inc., Hunt Industries, The George R. Brown, Partnership;JOC Venture, Lamar Hunt Trust Estate, Mobil Oil Exploration 8i Producing Southeast Inc., and Hunt Oil Company, covering; all of'Blocks.206 and 207 Ship ShOperating Agreementl Area | Norcen. Explorer, Inc., Texaco Exploration and Production; Inc., Hunt Industries, The George R. Brown, Partnership; JOC Venture, Lamar Hunt Trust Estate, Mobil Oil Exploration |
| 1380 | 11/16/1994 | Joint Development / Venture / Exploration Agreements | Joint Venture Development Agreement, dated November 16, 1994, between Norcen.Explorer, Inc., Texaco Exploration and1 Production, Inc,, Industries, TheiGeorge R. Brown Partnership, JOC Venture, LamarHunt Trust Estate, Mobil Oil Exploration SoProducingiSoutheast Inc.,-and Hunt Oil Company,.covering all of Blocks 206 and 207 Ship ShOperating Agreementl Area. | Norcen.Explorer, Inc., Texaco Exploration and Production, Inc, Industries, The George R. Brown Partnership, JOC Venture, LamarHunt Trust Estate, Mobil Oil Exploration |
| 1469 | 5/17/2006 | Marketing - Other | Other LETTER AGREEMENT, PLATFORM & FACILITIES OWNERSHIP AND ABANDONMENT LIABILITY, EUGENE ISLAND 330 D BY AND BETWEEN POGO PRODUCING COMPANY, APACHE CORPORATION, EXXONMOBIL CORPORATION, MARINER ENERGY RESOURCES, INC | POGO PRODUCING COMPANY, APACHE CORPORATION, EXXONMOBIL CORPORATION, MARINER ENERGY RESOURCES, INC. |
| 1470 | 3/1/1976 | Joint Operating Agreement | Operating Agreement eff. 3-1-76 b/b POGO, Mesa and Mobil, et al | POGO, Mesa and Mobil, et al Fieldwood |

**EXHIBIT A**
**XTO ENERGY CONTRACTS**

| 1679 | 5/1/1991 | Operating Agreement - Other | Operating Agreement - Other Operating Agreement, as amended by and between Texaco Exploration and Production Inc. and Mobil Oil Exploration & Producing Southeast Inc., et al | Texaco Exploration and Production Inc. and Mobil Oil Exploration & Producing Southeast Inc., et al |
|------|----------|------|------|------|
| 1681 | 5/1/1991 | Joint Operating Agreement | JOINT OPERATING AGREEMENT BY AND BETWEEN TEXACO EXPLORATION AND PRODUCTION INC., MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST ET AL | Texaco Exploration and Production Inc., Mobil Oil Exploration & Producing Southeast Inc., Chevron Southeast Inc., Hunt Oil Company, The George R. Brown Partnership, Torch Energy Advisors Incorporated, Torc, Norcen Explorer, Inc., Norcen Offshore Properties Fieldwood Energy LLC; Fieldwood Energy Offshore |
| 1735 | 3/1/1979 | Joint Operating Agreement | OPERATING AGREEMENT DATED MARCH 1, 1979, BY AND BETWEEN UNION OIL COMPANY OF CALIFORNIA AND MOBIL OIL EXPLORATION & PRODUCTION SOUTHEAST INC. | UNION OIL COMPANY OF CALIFORNIA AND MOBIL OIL EXPLORATION & PRODUCTION SOUTHEAST INC. |
| 1830 | 11/1/2010 | Farmout Agreement | Agreement Farmout Agmt b/b XTO Offshore, Inc. and Century Exploration New Orleans | XTO Offshore, Inc. and Century Exploration New Orleans |