**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIELDWOOD ENERGY LLC, *et al*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |

**OBJECTION OF FUGRO USA MARINE, INC. TO NOTICE TO**
**CONTRACT PARTIES TO EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES OF THE SCHEDULE**
**OF ASSUMED CONTRACTS AND CURE AMOUNTS**
**[Doc. No. 1395]**

Fugro USA Marine, Inc. subsidiaries and related entities ("Fugro") files its Objection to Debtors' *Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedules of Assumed Contracts and Cure Amounts* (the "Notice") (Doc. No. 1395), and respectfully represents as follows:

**RELEVANT BACKGROUND FACTS**

1. Fugro is a creditor of the Debtor, Fieldwood Energy, LLC ("Debtor" or "Fieldwood") and holds a prepetition claim in the amount of $167.749.58 (the "Fugro Claim"). *See* Fugro Proof of Claim No. 631.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Fugro reserves the right to amend or supplement this Proof of Claim including, without limitation, the right to (i) add documents; (ii) assert indemnity, contribution, or similar rights, claims or defenses; and/or (iii) change priority

2.      The Fugro Claim arises pursuant to a Master Services Contract (the "MSC") between Fugro and the Debtor pursuant to which Fugro provided prepetition professional services in connection with the Debtor's offshore drilling, gathering and production in the Gulf of Mexico. *See* Fugro Proof of Claim No. 631 at Exhibit "A." A list of the invoices issued under the MSC that give rise to the Fugro Claim are itemized on Fugro's filed proof of claim. *See id*.

3.      The Debtor's schedule E/F [Doc. 429] schedules Fugro as holding two (2) claims totaling $163,190, consisting of a claim in the amount of $25,288 held by Fugro Marine Geoservices, Inc. and a claim in the amount of $137,902 held by Fugro USA Marine, Inc. Thus, at least on its Schedules, the Debtor acknowledges that it owes a prepetition amount of at least $163,190 to Fugro. Thus, there is a difference of $4,559.58 between the amounts set forth on Fugro's proof of claim and the amounts Debtor agrees are owed on its schedules.

4.      Fugro Marine Geoservices, Inc. merged into Fugro USA Marine, Inc. on December 15, 2017.

5.      In advance of its confirmation hearing currently scheduled June 9, 2021, the Debtor filed its Notice along with Exhibit "A" thereto. Exhibit "A" to the Notice identifies Fugro Marine Geoservices, Inc. as counterparty to a contract for "oilfield services." Exhibit "A" to the Notice further indicates that such contract would be "assumed and assigned to credit bid purchaser" and lists a $0.00 cure amount. *See* Notice [Doc. 1395] at Ex. A pg. 38.

---

and fix, increase or amend in any respect the amounts and claims referred to herein. Fugro further reserves the right to file additional proofs of claim for additional claims including, without limitation, claims for administrative expenses and all other claims, at law or in equity, arising prior to, on, or after the Debtor's petition date. Fugro further reserves any rights to recoupment and, if appropriate, may exercise such rights without further order of the Court and without amending this claim. Fugro does not waive any rights at law, equity, admiralty or any rights or causes of action that Fugro has or may have against any person, including but not limited to the Debtors and their affiliates and any vessel upon which it may possess a maritime lien for necessaries pursuant to the Commercial Instruments and Maritime Lien Act (46 U.S.C. §§ 31301 et seq.) or general maritime law.

LER 4811-4234-1613
9990006-ADM001

**OBJECTION**

6.  Fugro objects to the assumption of the MSC described herein unless and until Debtor fully satisfies Fugro's cure claim objections.

7.  Section 365(b) provides, in pertinent part:

    **(b)** (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--
    **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default …
    **(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
    **(C)** provides adequate assurance of future performance under such contract or lease.

8.  In the instant matter, Fugro objects to the Notice because the MSC is in default and it would take $167.749.58 to cure the amounts outstanding to Fugro.  Indeed, the Debtor admits that $163,190 is due to Fugro on its Schedule E/F.  Hence the $0.00 cure amount listed on Exhibit A to the Notice fails to meet the test of Section 363(b) as it neither "cures" the contract nor provides adequate assurance of future performance to Fugro.

9.  Alternatively, Fugro objects to the Notice because it is ambiguous.  Fugro cannot determine whether or not the Debtor is seeking to assume and assign the MSC because the "contract description" listed on Exhibit A to the Notice is "700620_Joinder dated effective 11/15/2018."  Fugro does not recognize this contract description.

10. Upon receipt of the Notice, counsel for Fugro contacted the Debtor to seek clarity in relation to the cure amount to no avail.  Consequentially, it files this Objection to ensure that its MSC is not assumed and assigned without the correct cure amount being paid.  All rights of Fugro are hereby reserved.

WHEREFORE, Fugro USA Marine, Inc. ("Fugro") respectfully prays that this Objection be sustained and the Debtor be ordered to take the actions required to cure the defaults described in this Objection.

Dated: June 4, 2021
Houston, Texas

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By:   */s/ Lacey E. Rochester*
EDWARD "HANK" ARNOLD (LA# 18767;  SD TX ID # 17158)
LACEY E. ROCHESTER (LA# 34733; Admitted filer in SD TX)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
*harnold@bakerdonelson.com*
*lrochester@bakerdonelson.com*

*Counsel for Fugro USA Marine, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, a true and correct copy of the foregoing has been served on all counsel and parties in interest who have consented to service via this Court's ECF filing system at the time of filing.

  */s/       Lacey E. Rochester*

LER 4811-4234-1613
9990006-ADM001