IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: ECF No. 1380 |

## DEBTORS' OBJECTION TO ATLANTIC MARITIME SERVICES LLC'S MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY AND STAY EXTENSION ORDER

Fieldwood Energy LLC ("**Fieldwood**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), submit this objection (the "**Objection**") to *Atlantic Maritime Services LLC's Motion for Limited Relief from Automatic Stay and Stay Extension Order* (ECF No. 1380) (the "**Motion**") filed by Atlantic Maritime Services LLC ("**Atlantic**"). In support of the Objection, the Debtors respectfully represent as follows.

### PRELIMINARY STATEMENT

1. Pursuant to the Motion, Atlantic seeks relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to file lawsuits against certain of the Debtors' co-working interest owners ("**WIOs**") more than a month from any possible prejudice.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

2. The Motion should be denied because, contrary to Atlantic's assertions, (1) Atlantic will not be prejudiced if the stay remains in place—particularly given that the Effective Date is anticipated to take place before Atlantic claims it "may" lose alleged rights (which the Debtors dispute), and (2) lifting the stay will significantly interfere with the administration of these complex chapter 11 cases and the Debtors' efforts towards confirming the Plan. The Debtors' confirmation hearing is set for June 18, 2021, which is nearly a month before Atlantic claims it "may" lose alleged rights to assert certain claims against additional WIOs, with whom the Debtors have an identity of interest due to indemnity obligations the Debtors are assuming. Lifting the stay at this time is also inappropriate given that this is a critical time in the Debtors' restructuring when the Debtors need to be focused on confirmation of the Plan in these complex cases, rather than premature lawsuits filed against the Debtors' WIOs who will turn to the Debtors to indemnify and defend them. Finally, the outcome of the Debtors' motion for summary judgment in the Debtors' pending adversary proceeding against Atlantic, which is scheduled for hearing before this Court on June 8, 2021, could render the new lawsuits that Atlantic seeks to file moot.

3. Accordingly, Atlantic has not met its burden of showing cause for relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, and the Motion should be denied.

## BACKGROUND

**A.  Debtors' Chapter 11 Cases**

4. On August 3 and 4, 2020, the Debtors each commenced in this Court a voluntary case under title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

**B.     Debtors' Proposed Joint Chapter 11 Plan and Disclosure Statement**

6. On April 15, 2021, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1284) (as it may be amended, modified, or supplemented, the "**Plan**") and *Amended Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (as it may be amended, modified, or supplemented, the "**Disclosure Statement**") (ECF No. 1285). The Disclosure Statement was approved on April 15, 2021. ECF No. 1286. The confirmation hearing is currently scheduled for June 18, 2021. ECF No. 1486.

**C.     Atlantic's Suits for the Debtors' Debts Outside of Bankruptcy**

7. On November 13, 2020, Atlantic sued Ecopetrol America, LLC ("**Ecopetrol**"), Ridgewood Katmai, LLC ("**Ridgewood**"), and ILX Prospect Katmai, LLC ("**Prospect**") in the United States District Court for the Eastern District of Louisiana entitled *Atlantic Maritime Services, LLC v. Ecopetrol America, LLC* (Cause No. 2:20-cv-03097) ("**Ecopetrol Lawsuit**") and *Atlantic Maritime Services, LLC v. Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC* (Cause No. 2:20-cv-03099) ("**Ridgewood and Prospect Lawsuit**," collectively, the "**Lawsuits**").

8. The Debtors filed the *Adversary Complaint* (Adv. Compl. ECF No. 1) and the *Debtors' Emergency Motion to Extend the Automatic Stay to Certain of the Debtors' Co-Working Interest Owners* (Adv. Proc. ECF No. 3) (the "**Stay Motion**") seeking entry of an order

3

preliminarily enjoining Atlantic from continuing the Lawsuits. The Court granted the Stay Motion, finding Atlantic had violated the automatic stay. Adv. Proc. ECF No. 10.

9. The Lawsuits are based on Atlantic's flawed understanding of the bankruptcy code and Louisiana law, as more fully discussed in the parties pending dispositive motions. *See* ECF Nos. 31, 32, 35, 36, 37, 38. Atlantic now wishes to sue some of the Debtors' other working interest owners on the same basis: Talos Energy Offshore LLC ("**Talos**"), Houston Energy Deepwater Ventures V ("**Houston Energy**"), and Red Willow Offshore, LLC ("**Red Willow**").

10. Atlantic's purported claim against Talos is based on the same lease (MC-948[2]), contract (Gunflint JOA), and facts as the Ecopetrol Lawsuit. *See* Mot. at 5, tbl. 1. It is unclear why Talos was not included in Atlantic's Ecopetrol Lawsuit complaint.

11. Atlantic's purported claim against Houston Energy and Red Willow is based on OCS-G-27278 in Mississippi Canyon Area Block 519 ("**MC-519**"). The Debtors, Houston Energy, and Red Willow are party to that *Offshore Operating Agreement*, dated January 1, 2009 as last amended on May 31, 2019 ("**Santa Cruz JOA**").[3] The Santa Cruz JOA has terms similar to the GC-40 and Gunflint JOAs, in relevant part (bolding added):

- **5.4.** Liens and Encumbrances: **The Operator [*i.e.*, the Debtors] shall use reasonable efforts to keep the Leases**, Production Systems, Facilities and other equipment and any jointly owned Hydrocarbons **free from all liens and encumbrances**, except those provided for in Article 6.3 (Security Rights), which might arise by reason of the operations conducted under this Agreement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in Debtors' *Motion for Summary Judgment* (Adv. Proc. ECF No. 32) (the "**Summary Judgment Motion**").

[3] The Debtors took over the interest of Noble Energy, Inc. and BP Exploration & Production Inc., as recorded in the amendments to the Santa Cruz JOA.

- **22.1.** <u>Individual Obligations</u>: The obligations, duties and liabilities of the Parties shall be several and not joint or collective; and, nothing contained herein shall ever be construed as creating a partnership, joint venture, association or other character of business entity recognizable in law for any purpose. **Each Party shall hold all the other Parties harmless from liens and encumbrances on the Leases or in the Contract Area arising as a result of its acts or omissions.**

- **22.4.** <u>Defense of Claims and Lawsuits</u>: **The Operator shall supervise the conduct of any litigation.** During litigation, suits may be settled in excess of the amount specified in Article 22.3 (*Settlements*) above only with the unanimous consent of all Participating Parties in the operation out of which the claim arose; however, any Party shall have the right to independently settle any claim which is attributable to its interest alone as long as such settlement does not directly adversely affect the interest or rights of the other parties. No charge shall be made for services performed by the staff attorneys of any Party, but all other expenses incurred by the Operator in the defense of suits for the Parties, together with the amount paid to discharge any final judgment, shall be considered Costs of operation and shall be paid by the Parties in proportion to their Participating Interest in the operation out of which the claim arose. Outside counsel shall be employed only with the approval of the affected Parties as a General Matter under Article 8.2 (*Voting Procedures on General Matters and Elections*). If it is agreed that outside counsel is to be employed, the fees and expenses shall be charged to the Parties in proportion to their Participating Interest in the operation out of which such claim arose in accordance with Exhibit "C" (*Accounting Procedure*). Each Party shall also have the right to hire its own outside counsel with respect to its own defense.

## **OBJECTION**

**A.    Legal Standard**

12.   Section 362(d) of the Bankruptcy Code provides that:

[O]n request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
   (1) for cause, including lack of adequate protection of an interest in property of such party in interest;

   (2) with respect to a stay of an act against property under subsection (a) of this section if:

      (A) the debtor does not have any equity in such property; and

      (B) such property is not necessary to an effective reorganization.

5

13. The movant bears the initial burden of showing "cause" for relief from the automatic stay. *In re Baytown Nav., Inc.*, No. BR 11-35926, 2012 WL 1123047, at *3 (S.D. Tex. Apr. 3, 2012) (citing 11 U.S.C.§ 362(g)(1)); *see also In re Gramercy Court, Ltd.*, No. 07-80177-G3-11, 2007 WL 2126493, at *5 (Bankr. S.D. Tex. July 19, 2007) ("[e]very party seeking relief from the automatic stay under section 362(d)(1) must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof.").

14. The Bankruptcy Code does not define "cause," therefore the courts must interpret its meaning on a case-by-case basis. *See, e.g.*, *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) ("Because [section] 362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause existed on a case-by-case basis."); *In re Mendoza*, 111 F.3d 1264, 1271 (5th Cir. 1997) ("The Bankruptcy Act does not specify what constitutes cause to modify a stay, other than 'lack of adequate protection of an interest in property of such party in interest.'").

**B.     The Balance of Harms Weighs Against Lifting the Stay**

15. The balance of harms weighs against lifting the automatic stay here. In determining whether to grant relief from the automatic stay this court has considered the following factors (1) "interference with the bankruptcy; (2) "good or bad faith of the debtor"; (3) "injury to the debtor and other creditors if the stay is modified"; (4) "injury to the movant if the stay is not modified"; and (5) "proportionality of the harms from modifying or continuing the stay[.]" *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (quoting *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013)). No single factor is determinative and they are weighed "within the context of all the relevant circumstances." *Id.*

16. Here, the Motion should be denied because (1) lifting the stay will directly and significantly interfere with these chapter 11 cases and the plan confirmation process; (2) Atlantic will not be injured if the stay remains in place.

### 1. If the Stay is Modified, Atlantic's Subsequent Efforts Will Directly Interfere with the Plan Confirmation Process

17. The Debtors are currently focusing their time, energy, and resources on seeking relief with respect to confirming a chapter 11 plan of reorganization, which embodies a number of highly complex transactions and agreements that will benefit the Debtors' estates and maximize recoveries to the Debtors' creditors. Any distraction from these goals, particularly in this critical period on the eve of confirmation, is unwarranted and contrary to the best interests of the Debtors' estates and their creditors. Indeed, permitting Atlantic to pursue these claims would distract the Debtors from the primary objective of confirming a value maximizing chapter 11 plan, at a critical juncture in this case. Thus, the Debtors bear significant potential harm if the stay is lifted.

### 2. Atlantic Will Not be Injured if the Stay Remains in Place

18. Contrary to Atlantic's assertions, Atlantic will not be injured if the stay remains in place. Atlantic contends that "if relief is not granted, Atlantic's state law rights against non-Debtor property *may* be vitiated[.]" Mot. at ¶ 13 (emphasis added).

19. First, it is premature to decide this issue now. By Atlantic's own admission, July 16, 2021 is the earliest any rights "may" be prejudiced. Mot. ¶ 14. The Debtors intend to have gone effective before then, at which point Atlantic will no longer require relief from the automatic stay. Further, even if the Debtors have not gone effective, nothing would stop Atlantic from refiling the Motion in the future if necessary. Finally, this Court is hearing the merits of the dispute between Atlantic and the Debtors on June 8, 2021, and if the Court grants summary

judgment in the Debtors' favor, the new and amended lawsuits Atlantic is asking to file in this Motion will be moot. Thus, as a practical matter, Atlantic will not be harmed by the Court denying the Motion without prejudice to Atlantic refiling it later if needed.

20. Further, Section 108(c) of the Bankruptcy Code provides that:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under Section 362 . . . of this title . . . .

11 U.S.C. § 108(c).

21. Section 108(c)(2) provides Atlantic a 30-day window to file actions against Talos, Red Willow, and Houston Energy, after the stay has expired—*i.e.*, after the Plan is expected to go effective in the near future. As Plaintiffs have argued before this Court, they have an identity of interest with the WIOs. *See Amended Adversary Complaint* (Docket No. 24) ¶¶ 85-89. Thus, actions against the WIOs would significantly affect the Debtors and would burden the estate at a crucial time in these chapter 11 cases.

22. Therefore, the relief Atlantic now seeks is unnecessary to protect its rights and should be denied.

## CONCLUSION

23. For the foregoing reasons, Atlantic has failed to establish good cause to obtain relief from the automatic stay, and the Motion should be denied.

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion.

Dated: June 4, 2021
      Houston, Texas

    */s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:    Alfredo.Perez@weil.com
          Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
          Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Erin M. Choi (24079436)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email:    Paul.Genender@weil.com
          Erin.Choi@weil.com

*Attorneys for the Debtors
and Debtors in Possession*

**Certificate of Conference**

The Debtors' counsel attempted to confer with Atlantic's counsel by phone on June 3 and June 4, 2021, in an attempt to resolve the Motion, but were unable to reach Atlantic's counsel to resolve the Motion.

                                                                 */s/ Clifford W. Carlson*
                                                                  Clifford W. Carlson

**Certificate of Service**

I hereby certify that, on June 4, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                  */s/ Alfredo R. Pérez*
                                                                  Alfredo R. Pérez