**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF COX ENTITIES TO NOTICE TO
CONTRACT PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES
OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS**

Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities"), creditors and parties-in-interest in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Cases"), hereby file this objection (the "Objection") to the *Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* [Docket No. 1395] (the "Cure Notice"), the *Notice of Filing of Plan Supplement in Connection with Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (Docket No. 1394) (the "Plan Supplement") and the *Notice of Filing of Amended Schedule of Assumed Contracts and Cure Amounts* (ECF # 1456) (the "Amended Cure Notice").  In support of this Objection, the Cox Entities respectfully represent as follows:

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

## BACKGROUND

1.      On August 3 and August 4, 2020, Fieldwood Energy LLC ("Fieldwood") and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") commencing these jointly administered chapter 11 cases (the "Chapter 11 Cases").

2.      The Debtors are part of an integrated oil and gas exploration and production company principally engaged in the exploration and development of oil and gas reserves located in the Outer Continental Shelf of the Gulf of Mexico.

3.      The Cox Entities, or one or more of their related entities, are or were co-owners of interests with one or more of the Debtors in certain oil and gas leases and related assets (including rights-of-way and/or rights of use and easements) situated in the Gulf of Mexico and/or situated in the State Waters of Louisiana (the "Cox-Fieldwood Properties").

4.      Operations on the Cox-Fieldwood Properties are conducted pursuant to the terms and provisions of various agreements, including but not limited to joint operating agreements, pipeline gathering system agreements, production handling agreements, and the like (collectively, the "Operating Agreements").  Under each of the Operating Agreements, the operator is generally obligated to conduct operations and pay all operating costs, and non-operators are generally obligated to reimburse the operator in proportion to their participating interests in the properties upon receipt of Joint Interest Billings ("JIBs") issued by the operator from time-to-time, as more specifically provided in the Operating Agreements.  Further, as a reciprocal obligation, the operator is generally obligated to pay the non-operators their share of production, as more specifically provided in each of the Operating Agreements (the "Working Interest Payments").

2

Upon information and belief, the Debtors and their counsel are in possession of the Operating Agreements.

5.       On November 25, 2020, the Cox Entities filed 14 timely proofs of claim in the Debtors' chapter 11 cases (collectively, the "Proofs of Claim").  *See, e.g.,* Claim No. 753 filed against Fieldwood Energy LLC.

6.       As set forth more fully therein, the Cox Entities' claims against the Debtors arise from (i) JIBs issued by the operator under the Operating Agreements for the Cox-Fieldwood Properties from time to time and (ii) plugging and abandonment obligations and/or decommissioning costs and liabilities owing on account of the Cox-Fieldwood Properties.  In addition, each of the Cox Entities' proofs of claim asserted rights of setoff, recoupment, and other equitable rights to the fullest extent available.  The proofs of claim reserve all of the Cox Entities' rights and preserve all defenses in connection therewith.

7.       On April 14, 2021, the Debtors filed the *Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1270] (the "Disclosure Statement").

8.       On April 15, 2021, the Court entered an order [Docket No. 1286] (the "Disclosure Statement Order") approving the adequacy of the Disclosure Statement and authorizing the Debtors to commence solicitation of acceptances and rejections to the Plan.

9.       The Plan proposes, among other things, to implement several transactions to reorganize the Debtors' estates:  (1) a credit bid sale of certain oil and gas assets, (2) a transfer of certain assets and obligations to at least two newly formed special purpose entities via a divisive merger (i.e., Fieldwood Energy I LLC ("FWE I") and Fieldwood Energy III LLC ("FWE III")), and (3) the abandonment of certain assets.  *See* Plan, §§ 5.2, 5.7, 5.12, 5.13

10.     A hearing on confirmation of the Plan (the "Confirmation Hearing") has been set for June 18, 2021.

11.     On May 27, 2021, the Debtors filed the Cure Notice.

12.     Exhibit A to the Cure Notice identifies as agreements to be assumed several agreements where one or more of the Cox Entities is either listed as a "Known Contract Counterparty" or as a "Related Lease Party". The Debtors are proposing an aggregate cure amount for each of these agreements in the amount of $0.00 (the "Proposed Cure Amount").

13.     Also on May 27, 2021, the Debtors filed the Plan Supplement. The Plan Supplement includes as Exhibit D the Schedule of Assumed Contracts in the same form as Exhibit A to the Cure Notice.

14.     On June 2, 2021, just five days before the deadline to object to the Proposed Cure Amounts, the Debtors filed the Amended Cure Notice identifying as agreements to be assumed additional agreements where one or more of the Cox Entities is either listed as a "Known Contract Counterparty" or as a "Related Lease Party". As in the Cure Notice and the Plan Supplement, the Debtors' Proposed Cure Amount for all of these agreements is $0.00.

## CURE OBJECTION

15.     Pursuant to the various Operating Agreements and applicable law, the parties have been reconciling, netting out, and resolving JIBs, Working Interest Payments, and other amounts owing between them, in the ordinary course of business throughout these Chapter 11 Cases. While the Cox Entities' investigation continues, it appears that all prepetition balances owing have been resolved and/or paid. Further, it appears that while some postpetition balances remain outstanding, they are expected to be resolved in the ordinary course of business between the parties through further reconciliation, netting, and payment. The Cox Entities thus submit this objection to

4

preserve their rights to these and other amounts and to preserve their rights to continue reconciling, netting, and payment in the ordinary course of such amounts, with all rights of setoff and recoupment preserved to the fullest extent permitted by applicable law (the "True Cure Amount").

16.     The Cox Entities submit that any amounts owed to the Cox Entities in connection with such setoff and recoupment obligations constitute amounts owed, which must be cured in connection with any assumption.  The Cox Entities are continuing to investigate the amounts and obligations that are due and owing and/or continuing to accrue, and the Cox Entities reserve all of their rights, including without limitation, to amend this Objection to reflect additional amounts owed that comprise the True Cure Amount.

17.     Section 365(b) allows a debtor to assume and assign a lease or other executory contract only if "at the time of assumption of such contract or lease, the [debtor] . . . compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default." 11 U.S.C. § 365(b)(1)(B).  Therefore, the Cox Entities are entitled to receive the True Cure Amount if any agreements to which they are listed as Known Contract Counterparties or Related Lease Parties are to be assumed in connection with the Debtors' Plan.  Further, the Cox Entities expressly reserve all rights of setoff and/or recoupment, and object to the extent the Cure Notice and/or Amended Cure Notice proposes to limit or abridge those rights.

## **RESERVATION OF RIGHTS**

18.     The Cox Entities reserve the right to amend and/or supplement this Objection and to raise other and further objections with respect to the Debtors' Plan and the Cure Notice.

19.     Moreover, the Cox Entities reserve the right to amend and/or supplement this Objection to claim any additional amounts it discovers owing, or which are continuing to accrue,

to the Cox Entities under any agreements proposed to be assumed under the Plan and to which the Cox Entities are entitled in order to cure the Debtors' default.  Finally, the Cox Entities reserve the right to object based on the Debtors' inability to provide adequate assurance of future performance on the part of the Debtors and/or any proposed assignee as required by section 365(f)(2) of the Bankruptcy Code if and when the Debtors provide such information.

## **CONCLUSION**

20.    For the foregoing reasons, the Cox Entities object to the Cure Notice and the Plan Supplement and reserve their rights, as set forth herein.

Dated: June 7, 2021          */s/ Stephen J. Humeniuk*

**LOCKE LORD LLP**
Jonathan W. Young  (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-239-0367
Facsimile: 855-595-1190
jonathan.young@lockelord.com

Michael B. Kind (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (855) 595-1192
michael.kind@lockelord.com

Stephen J. Humeniuk
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, TX 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
stephen.humeniuk@lockelord.com

Chelsey Rosenbloom (admitted *pro hac vice*)
200 Vesey Street
New York, NY 10281
Telephone: (212) 912-2824
Facsimile: (212) 812-8394
chelsey.rosenbloom@lockelord.com

92286192v.4

*Attorneys for Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities")*

7

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on June 7, 2021.

*/s/ Stephen J. Humeniuk*
Stephen J. Humeniuk