UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-33948 (MI) |
| | * | |
| FIELDWOOD ENERGY LLC, *et al.,* | * | |
| | * | CHAPTER 11 |
| | * | |
| Debtors[1] | * | |
| | * | (Jointly Administered) |
| ************************************** | | |

**OBJECTION[2] BY HELIS OIL & GAS COMPANY, L.L.C. TO ASSUMPTION AND ALLOCATION OF EXECUTORY CONTRACTS RELATED TO ABANDONED SS 252 LEASE AND OTHER ASSETS AND/OR TO PRESUMED PROPOSED ZERO CURE AMOUNT, IN ACCORDANCE WITH JUNE 2, 2021 NOTICE OF FILING OF AMENDED SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS [DOC. 1456], AND MAY 27, 2021 NOTICE TO CONTRACT PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS [DOC. 1395]**

Helis Oil & Gas Company, L.L.C. ("Helis") submits this Objection (this "Objection") to the proposed assumption and allocation pursuant to divisive mergers and/or to a presumed zero cure amount with respect to various executory contracts related to the to-be abandoned SS 252

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Under the Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts [Doc. 1395], if an objection is filed, (i) the Debtors may assume the executory contract before the resolution of the assumption dispute provided it remains responsible to pay the amount determined to be owed or as otherwise agreed, and (ii) if the dispute is not resolved the Court may hear the dispute at a date set by the Court. Therefore, Helis does not believe that the issue would be a part of the plan confirmation hearing (now set for June 18), since this Objection does not challenge plan confirmation itself.

lease and other assets, pursuant to the June 2, 2021 Notice of Filing of Amended Schedule of Assumed Contracts and Cure Amounts [Doc. 1456] (the "Amended Assumption and Cure Notice") and the May 27, 2021 Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts [Doc. 1395] (the "Original Assumption and Cure Notice") as follows:

1. On May 27, 2021, the Debtors filed the Original Assumption and Cure Notice, which called for any objections to be filed within ten (10) days after service.

2. On June 3, 2021 Helis timely filed its objection to a presumed cure amount relating to a single production handling agreement relating to SM 264 [Doc. 1475] (the "Helis Original Objection").

3. While Helis was in the process of preparing the Helis Original Objection, only on June 2, 2021 the Debtors filed the Amended Assumption and Cure Notice. Its Exhibit A, an Amended Schedule of Assumed Contracts, added to the list of executory contracts to be assumed and allocated the following, all related to SS 252 and all providing for a zero cure amount (the "SS 252 Executory Contracts"):

  - 3/30/09 participation agreement between Helis and Challenger Minerals;

  - 3/30/09 JOA between Helis, Houston Energy and others, as ratified 3/16/12 (the "JOA");

  - 3/30/09 Memorandum of the JOA;

  - 10/19/15 contract operations agreement with Fieldwood re #18 Helis well[3];

  - 5/16/14 termination of farmouts with Houston Energy dated 5/1/13 and 6/1/13;

  - 3/30/10 marketing election letter; and

  - 4/27/12 PHA between Helis, SPN Resources and Moreno Offshore Resources.

---

[3] Helis believes that this is listed in error in that it relates to HI 129 rather than to SS 252.

4.     Unlike the Original Assumption and Cure Notice, the Amended Assumption and Cure Notice did not provide a deadline to object to the proposed assumption and allocation of the newly-added executory contracts or (zero) cure amounts. However, Helis is filing this Objection within three (3) business days of the service of the Amended Assumption and Cure Notice, well within the ten (10) day objection deadline set in the (original) Assumption and Cure Notice.

5.     The SS 252 Executory Contracts that are listed in the Amended Schedule of Assumed Contracts are stated to be allocated pursuant to the divisive mergers, in that the last column, entitled "Proposed Contract Treatment" recites "Assume and Allocate Pursuant to Divisive Mergers".

6.     From the outset, the lease related to SS 252 (Lease G01529) has been on the "Abandoned" list.[4] Therefore, from the outset Helis has understood that the Debtors' interests in the assets related to SS 252 would be abandoned.

7.     Under Section 5.13 of the Fourth Amended Plan [Doc. 1285-1] and under the Amended Order Approving the Disclosure Statement [Doc. 1286], the Debtors' interests in properties to be abandoned under the Schedule of Abandoned Properties[5] are to be "deemed rejected pursuant to Section 365 of the Bankruptcy Code." From this, Helis had assumed that the SS 252 Executory Contracts would be rejected. It came as a surprise to Helis to see that despite the abandonment of SS 252 lease and other assets, Debtors propose to assume and allocate (presumably to FWE III) the SS 252 Executory Contracts.

---

[4] See, Exhibit F to Disclosure Statement to Fourth Amended Plan [Doc. 1285-1, page 161]

[5] Note that the definition of "Schedule of Abandoned Properties" in the Fourth Amended Plan [Doc. 1285-1] recites that it "shall be filed with the Disclosure Statement and included in the Plan Supplement." However, there is no such "Schedule" filed with the Disclosure Statement, only Exhibit F (identifying leases "related to" abandoned properties"). And there is no such Schedule included in the Plan Supplement [Doc. 1394].

8. Under Section 15.1[6] (and possibly other provisions of the JOA, Helis contends that the abandonment of the SS 252 assets constitutes a default under the JOA, and possibly under the other SS 252 Executory Contracts. Section 15.1 provides that no party can withdraw from the JOA and be relieved of its responsibilities with respect to the lease which is the subject of the JOA, without offering to convey it to the other parties (at no cost) and if no parties desire to acquire such interest, the withdrawing party can only withdraw "by paying to [the other parties] the estimated costs of plugging and abandoning all wells and removal of all platforms, structures and other equipment on the [lease], less any salvage value approved under the voting procedures hereof, and such withdrawing [party] shall remain liable for any costs, expenses or damages theretofore accrued or arising out of an event occurring prior to such [party's] withdrawal." No such offer was made, and no such costs have been paid.

9. Helis believes that the Debtors' announced abandonment is the functional equivalent to the "withdrawal" proscribed in Section 15.1.

10. At the very least, such announced abandonment constitutes an anticipatory breach or anticipatory repudiation of the JOA, and possibly under the other SS 252 Executory Contracts as well.

11. As a result of the abandonment of the SS 252 Assets, decommissioning/ P&A obligations will certainly ensue. Helis's internal estimates reflect that the decommissioning costs are likely to be at least $650,000.00.

12. Helis's working interest under the JOA is 13.875%. Helis understands that one of the Debtors holds a 31.9375% working interest. Therefore, Helis believes that the increased potential costs that Helis might face as a result of the abandonment would be at least $42,319.35 (Helis's increased share X $650,000.00).

---

[6] Copies of the pertinent pages are attached as Exhibit 1.

13. Under 11 U.S.C. 365(b)(1), an executory contract in default may not be assumed unless the debtor (i) cures any default, (ii) pays any compensation owed, and (iii) provides adequate assurance of future performance,

14. Whether couched as a cure payment or as adequate assurance of future performance, Helis believes that it is entitled to payment of at least $42,319.35, as an administrative expense and as a requirement for any assumption and allocation of the JOA and the other SS 252 Executory Contracts, as result of the proposed abandonment of the SS 252 lease and other SS 252 assets.

15. In the event that assumption and allocation of the SS 252 Executory Contracts is not intended, then they should be deleted from the Amended Schedule of Assumed Contracts and be deemed rejected. At the very least, the Debtors should be required to make it clear whether they intend to assume or reject the JOA and the other SS 252 Executory Contracts.

16. If the answer is "rejected", Helis reserves the right to include this amount in a rejection damages claim to be filed within thirty (30) days after the effective date of the Plan.

WHEREFORE, Helis prays that this Objection be recognized and maintained, and that any assumption and allocation of the SS 252 Executory Contracts be conditioned on the payment to Helis of a cure and/or adequate assurance amount of at least $42,319.35, and granting such other and further relief as the Court deems just and proper.

/s/ *J. David Forsyth*
J. DAVID FORSYTH (LA BAR NO. 5719)
SESSIONS, FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA  70130
Tel.: (504) 582-1521
Fax: (504) 582-1555
Email: jdf@sessions-law.com
Attorneys for Helis Oil & Gas Company, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2021 a true and correct copy of the foregoing document was filed with the Court through its ECF system and copies will be served in accordance with the Court's ECF system on all counsel and parties entitled to notice through the ECS system.

/s/ *J. David Forsyth*
J. DAVID FORSYTH