IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | ) ) ) | Case No. 20-33948 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

### LIMITED OBJECTION OF TARGA ENTITIES TO NOTICE TO CONTRACT PARTIES TO EXECUTORY CONTRACTS AND UNXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS AND RESERVATION OF RIGHTS

Targa Midstream Services, LLC, Targa Liquids Marketing and Trade, LLC and Venice Energy Services Company, L.L.C. (collectively, the "Targa Entities"), creditors and contract counterparties in the above-referenced bankruptcy cases, hereby file this limited objection (the "Limited Objection") to the *Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* (the "Assumption and Cure Notice") filed by Fieldwood Energy LLC and its affiliates (the "Debtors") in accordance with the Plan and Amended Disclosure Statement Order.[2] In support of their Limited Objection, the Targa Entities state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined in this Objection shall have the meanings given them in the Assumption and Cure Notice, Plan, or Disclosure Statement, as applicable.

**BACKGROUND**

1. The Targa Entities are parties to numerous executory contracts with certain of the Debtors, including, *inter alia*, gas gathering agreements, gas purchase agreements, gas processing agreements, saltwater disposal agreements, and various service agreements (collectively, the "Targa Agreements").

2. On August 3 and August 4, 2020, Fieldwood Energy LLC and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Petition Date").

3. On April 15, 2021, the Debtors filed the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors. (D.I. 1284). Pursuant to the terms of the Plan, the Plan Supplement was incorporated by reference into the contents of the Plan.

4. Section 8.1(a) of the Plan provides that all executory contracts and unexpired leases of the Debtors are to be rejected under the Plan unless a given contract or lease (i) was previously assumed, (ii) previously expired or terminated, (iii) is the subject of a motion to assume filed before the Plan is confirmed, (iv) is identified in Sections 8.4 or 8.5 of the Plan, or (v) is identified to be assumed on the Schedule of Assumed Contracts contained in the Plan Supplement.

5. On May 26, 2021, the Debtors filed their Plan Supplement, which contained the Schedule of Assumed Contracts, attached thereto as Exhibit D. (D.I. 1394).

6. On May 27, 2021, the Debtors filed the Assumption and Cure Notice, which also contained the Schedule of Assumed Contracts, listing a total of 1,884 executory contracts and unexpired leases that the Debtors are intending to assume or assume and assign in connection with their Plan and the Restructuring Transactions, with proposed cure amounts. (D.I. 1395).

7.  On June 2, 2021, the Debtors filed an Amended Schedule of Assumed Contracts (together with the Schedule of Assumed Contracts, the "Schedules"), which included an additional 40 executory contracts and unexpired leases, for a total of 1,924. (D.I. 1456).

8.  Pursuant to the Amended Disclosure Statement Order, any objection to the Assumption and Cure Notice must be filed, served, and actually received by the Debtors within ten (10) days of the service of the Assumption and Cure Notice. (D.I. 1286).[3]

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9.  Due to the limited time between the filing of the Schedules and the objection deadline, the Targa Entities are unable to complete a thorough review and reconciliation of the Schedules, largely due to the generic descriptions of the contracts and number of duplicate listings contained therein. Accordingly, the Targa Entities file this Limited Objection to reserve their rights while they work with the Debtors to reconcile the Schedules.

10. Based on the preliminary review of the Schedules, however, the Targa Entities have determined that a number of active Targa Agreements are not identified therein and would therefore be rejected pursuant to the Plan (the "Unlisted Targa Agreements"). A spreadsheet describing the Unlisted Targa Agreements is attached hereto as **Exhibit A**. The Unlisted Targa Agreements are active agreements which have not been terminated or expired.

11. Among the Unlisted Targa Agreements are two Saltwater Disposal Agreements and a South Pass Dehydrator Service Agreements under which the parties are currently operating and the Debtors currently owe the contracting Targa Entity for post-petition services. If these agreements are rejected, the Debtors will have to remove equipment and perform other services to

---

[3] The 10-day deadline to object to the Assumption and Cure Notice expired on Sunday, June 6, 2021. Pursuant to Rule 9006(C) of the Federal Rules of Bankruptcy, because the last day of the period fell on a Sunday, the period continues to run until the end of the next day, June 7, 2021.

wind down certain operations. As such, the Targa Entities believe that the Debtors likely intend to assume these agreements.

12. A cure amount of $5,044.00 is currently past due under the Saltwater Disposal Agreement between the Debtor and Venice Energy Services Company, L.L.C. There are also three current invoices outstanding under the two Saltwater Disposal Agreements and the South Pass Dehydrator Service Agreements in the total amount of $16,080.73.

13. Furthermore, the Targa Entities submit that certain of the Unlisted Targa Agreements may contain dedications that run with the land. These dedications cannot be impacted by a rejection.

14. To the extent that any of the Unlisted Targa Agreements are included in the Schedules, the Targa Entities object to the Debtors' assumption or assumption and assignment of same unless and until the Debtors fully satisfy the cure amounts, as verified by the contracting Targa Entity. The Targa Entities intend to work with the Debtors on the reconciliation process and expressly reserve the right to amend or supplement this Limited Objection pending the reconciliation.

15. The Targa Entities also hereby expressly reserve the right to raise objections related to the Debtors' or Credit Bid Purchaser's ability to provide adequate assurance of future performance.

Dated: June 7, 2021

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
 GOLDEN & NELSON, P.C.**

*/s/ Steven W. Soulé*
Steven W. Soulé, Oklahoma Bar No. 13781
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone (918) 594-0400
Facsimile (918) 594-0505
E-mail: ssoule@hallestill.com

**ATTORNEYS FOR CREDITORS
TARGA MIDSTREAM SERVICES, LLC,
TARGA LIQUIDS MARKETING AND
TRADE, LLC AND VENICE ENERGY
SERVICES COMPANY, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection was served electronically via the Court's Case Management/Electronic Case Filing (CM/ECF) System on June 7, 2021.

*/s/ Steven W. Soulé*
Steven W. Soulé

4904478.1:004588.00009