IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | ) ) ) | Case No. 20-33948 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**PERFORMANCE ENERGY SERVICES, LLC'S
OBJECTION TO NOTICE TO CONTRACT PARTIES TO
EXECUTORY CONTRACTS AND UNXPIRED LEASES OF THE SCHEDULE OF
ASSUMED CONTRACTS AND CURE AMOUNTS AND RESERVATION OF RIGHTS**

Performance Energy Services, LLC ("PES"), a creditor and contract counterparty in the above-referenced bankruptcy cases, hereby files this objection (the "Objection") to the *Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* (the "Assumption and Cure Notice") filed by Fieldwood Energy LLC and its affiliates (the "Debtors") in accordance with the Plan and Amended Disclosure Statement Order.[2] In support of its Objection, PES states as follows:

**BACKGROUND**

1.  PES and the Fieldwood Energy LLC (the "Debtor") are parties to a Master Services Contract dated effective as of January 1, 2014 (the "Agreement"). Pursuant to the Agreement,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not defined in this Objection shall have the meanings given them in the Assumption and Cure Notice, Plan, or Disclosure Statement, as applicable.

PES agreed to provide goods and services (onshore and offshore) to the Debtor in relation to its Gulf of Mexico continental shelf business.

2.  On August 3 and August 4, 2020, Fieldwood Energy LLC and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Petition Date").

3.  On November 24, 2020, PES filed a Proof of Claim, asserting that Debtor is indebted to PES in an aggregate amount of at least $152,834.22 for pre-petition debts pursuant to the Agreement, exclusive of any additional interest accrued pre-petition. *See* PES Proof of Claim No. 529.[3]

4.  On April 15, 2021, the Debtors filed the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors. (D.I. 1284). Pursuant to the terms of the Plan, the Plan Supplement was incorporated by reference into the contents of the Plan.

5.  Section 8.1(a) of the Plan provides that all executory contracts and unexpired leases of the Debtors are to be rejected under the Plan unless a given contract or lease (i) was previously assumed, (ii) previously expired or terminated, (iii) is the subject of a motion to assume filed before the Plan is confirmed, (iv) is identified in Sections 8.4 or 8.5 of the Plan, or (v) is identified to be assumed on the Schedule of Assumed Contracts contained in the Plan Supplement.

---

[3] PES reserves the right to amend or supplement its Proof of Claim, including without limitation, the right to (i) add documents, (ii) assert indemnity, contribution, or similar rights, claims or defenses; and/or (iii) change priority and fix, increase or amend in any respect the amounts and claims referred to herein. PES further reserves the right to file additional proofs of claim for additional claims including, without limitation, claims for administrative expenses and all other claims, at law or in equity, arising prior to, on, or after the Petition Date. PES further reserves any rights to recoupment and, if appropriate, may exercise such rights without further order of the Court and without amending this claim. PES does not waive any rights at law, equity, admiralty or any rights or causes of action that PES has or may have against any person, including but not limited to the Debtors and their affiliates and any vessel upon which it may possess a maritime lien for necessaries pursuant to the Commercial Instruments and Maritime Lien Act (46 U.S.C. §§ 31301 et seq.) or general maritime law.

6. On May 26, 2021, the Debtors filed their Plan Supplement, which contained the Schedule of Assumed Contracts, attached thereto as Exhibit D. (D.I. 1394).

7. On May 27, 2021, the Debtors filed the Assumption and Cure Notice, which also contained the Schedule of Assumed Contracts, listing a total of 1,884 executory contracts and unexpired leases that the Debtors are intending to assume or assume and assign in connection with their Plan and the Restructuring Transactions, with proposed cure amounts. (D.I. 1395).

8. On June 2, 2021, the Debtors filed an Amended Schedule of Assumed Contracts, which included an additional 40 executory contracts and unexpired leases, for a total of 1,924. (D.I. 1456).

9. Pursuant to the Amended Disclosure Statement Order, any objection to the Assumption and Cure Notice must be filed, served, and actually received by the Debtors within ten (10) days of the service of the Assumption and Cure Notice. (D.I. 1286).[4]

**OBJECTION AND RESERVATION OF RIGHTS**

10. PES has continued to perform work for Debtors under the Agreement throughout the pendency of this bankruptcy. PES has numerous pending purchase orders issued since March 1, 2021, for work currently being performed under the Agreement. Accordingly, PES believes that the Debtors intend to assume the Agreement.

11. Contrary to PES' belief and despite its continuing business relationship with the Debtors, neither the Agreement nor any of the ongoing purchase orders under the Agreement are identified on either the Schedule of Assumed Contracts nor the Amended Schedule of Assumed Contracts. PES is in the process of discussing the status of the assumption of the Agreement with

---

[4] The 10-day deadline to object to the Assumption and Cure Notice expired on Sunday, June 6, 2021. Pursuant to Rule 9006(C) of the Federal Rules of Bankruptcy, because the last day of the period fell on a Sunday, the period continues to run until the end of the next day, June 7, 2021.

the Debtors and files this Objection solely to preserve its rights while it continues these discussions with the Debtors.

12. In the event the Debtors ultimately decide to assume the Agreement and ongoing purchase orders, PES asserts a cure amount of $152,834.22 for the pre-petition amount, plus the amount of $967,300 for post-petition amounts. PES hereby expressly reserves the right to amend the cure amount and also raise objections related to the Debtors' or Credit Bid Purchaser's ability to provide adequate assurance of future performance.

Dated: June 7, 2021

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*/s/ Steven W. Soulé*
Steven W. Soulé, Oklahoma Bar No. 13781
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone (918) 594-0400
Facsimile (918) 594-0505
E-mail: ssoule@hallestill.com

**ATTORNEYS FOR CREDITOR PERFORMANCE ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection was served electronically via the Court's Case Management/Electronic Case Filing (CM/ECF) System on June 7, 2021.

*/s/ Steven W. Soulé*
Steven W. Soulé

4904476.1:004619.00002