**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY, LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |

**OBJECTION AND RESERVATION OF RIGHTS OF TALOS ENERGY OFFSHORE
LLC, TALOS ENERGY LLC, TALOS ENERGY INC., AND TALOS PRODUCTION
INC. TO (A) NOTICE TO CONTRACT PARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND
CURE AMOUNTS AND (B) NOTICE OF FILING OF AMENDED SCHEDULE
OF ASSUMED CONTRACTS AND CURE AMOUNTS**
[Relates to Docket No. 1456]

Talos Energy Offshore LLC, Talos Energy LLC, Talos Energy Inc., and Talos Production

Inc. (collectively, "Talos"), file this objection and reservation of rights (the "Objection") to (A)

*Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of*

*Assumed Contracts and Cure Amounts* [Docket No. 1395] ("Schedule of Assumed Contracts") and

(B) *Notice of Filing of Amended Schedule of Assumed Contracts and Cure Amounts* [Docket No.

1456] (as amended, the "Amended Schedule of Assumed Contracts"), filed in connection with the

*Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors*

[Docket No. 1284] (including any exhibits and schedules thereto and as may be further amended,

supplemented, or modified, the "Plan"), and respectfully show the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

## BACKGROUND

1.      On August 3 and August 4, 2020, Fieldwood Energy LLC and its debtor affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2.      On April 15, 2021, the Debtors filed the Plan.

3.      On April 15, 2021, the Court entered the *Amended Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for Objections to the Assignment and Transfer of Property of the Estate; and (VII) Granting Related Relief* [Docket No. 1286] (the "Disclosure Statement Order"), which approved certain procedures relating to the Debtors' assumption of executory contracts and unexpired leases under the Plan.

4.      On May 26, 2021, the Debtors filed their *Plan Supplement in Connection with the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1394] (the "Plan Supplement"). Exhibit D to the Plan Supplement includes the Debtors' Schedule of Assumed Contracts.

5.      Talos and the Debtors are parties to certain contracts, including certain operating and related agreements as set forth in the Debtors' schedules of executory contracts and unexpired leases. *See* Docket Nos. 429, 437, and 441.

6.      On November 24, 2020, the Debtors filed an adversary proceeding in this Court against Atlantic Maritime Services, LLC ("Atlantic"), *Fieldwood Energy LLC v. Atlantic Maritime*

11096741

*Services, LLC*, Adv. Pro. No. 20-03476 [AP Docket No. 1] (Bankr. S.D. Tex. 2020) (the "Atlantic Litigation").

7.      On November 25, 2020, Talos filed Proof of Claim No. 724 against Fieldwood Energy Offshore, LLC ("Claim 724"), Proof of Claim No. 780 against Fieldwood Energy, LLC ("Claim 780"), and Proof of Claim No. 786 against GOM Shelf, LLC ("Claim 786," and together with Claim 724 and Claim 780, the "Talos Claims"), asserting a secured claim in the total amount of $10,473,014.85 for pre-petition amounts owed under certain contracts between Talos and the Debtors, and indemnification of the lien claim against Talos by Atlantic.

8.      On May 27, 2021, pursuant to the Disclosure Statement Order, the Debtors filed and served the Schedule of Assumed Contracts, which identifies contracts and leases the Debtors have designated for assumption and/or assignment and the Debtors' proposed cure amounts with respect to such agreements. *See* Docket No. 1395. The Schedule of Assumed Contracts sets forth the Debtors' proposed cure amounts for the executory contracts and unexpired leases to be assumed under the Plan. The Schedule of Assumed Contracts also provides that any objection to the Debtors' proposed cure amounts must be filed within ten (10) days of service of the Schedule of Assumed Contracts (which was June 6, 2021).[2]

9.      On June 2, 2021, the Debtors filed their Amended Schedule of Assumed Contracts, which added additional contracts to the list of executory contracts and unexpired leases being assumed by the Debtors under the Plan.

10.      The Amended Schedule of Assumed Contracts lists nearly 100 contracts to which Talos is a counterparty or is a related entity which are affected by this Objection.[3] As set forth

[2] The Debtors agreed to extend Talos' deadline to file an extension until Tuesday, June 8, 2021.

[3] A list of assumed contracts related to this Objection is attached hereto as **Exhibit A**.

3

11096741

below, Talos objects to the Debtors' $0 proposed cure amounts (the "Cure Amount"), because (i) the Debtors do not provide verifiable cure amounts, and (ii) the Debtors cannot strip the Mississippi UOA (as defined below) of key protections afforded to Talos.

11.    Talos files this Objection to preserve all rights under section 365 of the Bankruptcy Code and the Property Agreements (as defined below).

## OBJECTION

### I.    Talos' Proposed Cure Amount is Incorrect.

12.    Talos holds interests in certain offshore oil and gas leases and other assets and properties (as more particularly described in the table below) (collectively, the "Subject Properties") in which the Debtors also own interests. The Debtors also utilize certain production handling facilities and similar assets owned by Talos in connection with the operation of the Subject Properties ("PH Facilities"). The operation of the Subject Properties and the PH Facilities, as applicable, are governed by the terms and conditions of certain operating agreements, unit operating agreements, production handing agreements and other similar agreements (such agreements, inclusive of attachments, exhibits, memoranda, and related agreements, and as have been amended or restated from time to time, collectively, the "Property Agreements").[4]

13.    The Property Agreements (as applicable) require the Debtors to, among other things: (1) pay joint interest billing obligations owed with respect to the Debtors' interests; (2) when a Debtor is operator, account to and credit or reimburse non-operators for funds advanced by such non-operators pursuant to operator cash calls but not utilized for the purpose of such operator cash calls; (3) pay throughput fees and other amounts owed to the operators of production handling facilities under production handling agreements; (4) respond to and otherwise credit or pay for

---

[4] The Property Agreements are not submitted with this Objection because of their size and because the Debtors have copies of the Property Agreements. The Property Agreements may also be provided upon request.

11096741

unchallenged exceptions pursuant to an audit; and (5) settle and otherwise pay imbalance payment obligations owed to non-operators arising under gas balancing agreements or otherwise.

14.     These obligations are secured by the Debtors' interests in the Subject Properties and certain other assets in accordance with the terms of the applicable Property Agreements and perfected pursuant to certain recorded memoranda of agreement, financing statements and other lien filings placed of record in the applicable filing jurisdictions.[5]

15.     Pursuant to the Amended Schedule of Assumed Contracts, the Debtors seek to assume and assign the Property Agreements pursuant to Article 8.2(a) of the Plan by paying Talos the Cure Amount. The proposed Cure Amount of $0.00 is incorrect after considering the Debtors' obligations under the Property Agreements.[6]

16.     Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtors must cure any defaults under the Property Agreements in connected with any proposed assumption, as well as provide adequate assurance of future performance prior to assumption and/or assignment of an executory contract or unexpired lease. 11 U.S.C. § 365(b)(1)(A). In this case, the Debtors' proposed cure amount of $0.00 fails to cure the existing defaults of the Property Agreements, as is required by section 365(b)(1)(A) prior to assumption.

---

[5] Such filings are not submitted with this Objection because of their size and because the Debtors have copies of such filings. Such filings may also be provided upon request.

[6] The Schedule of Assumed Contracts also provides, in part, the following:

> **PLEASE TAKE FURTHER NOTICE** that, Section 8.2(d) of the Plan provides that to the extent an Assumption Dispute relates solely to the Cure Amount, subject to the terms of the Credit Bid Purchase Agreement, the Debtors may assume and/or assume and assign the applicable executory contract or unexpired lease before the resolution of the Assumption Dispute; provided, that the Post-Effective Date Debtors or Credit Bid Purchaser, as applicable shall be responsible to pay the determined amount to be Allowed by the Bankruptcy Court or otherwise agreed to by such non-Debtor party. The Debtors or Post-Effective Date Debtors, as applicable, subject to the terms of the Credit Bid Purchase Agreement, may settle any dispute regarding the Cure Amount or the nature thereof without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

5

11096741

17.     As of the date of this Objection, the correct cure amount for the Property Agreements is not less than $3,297,026.23. Pursuant to the Property Agreements, the Debtors owe Talos the following pre-petition amounts:

- Fieldwood Energy

| | | |
|---|---|---|
| Joint Interest Billings Accounts Receivable | $633,257.91 | MC108; MC110; VK204; EI 57 |
| Advances to Operators Credit or Reimbursement Obligation[7] | $158,218.67 | Gunflint Prospect (Mississippi Canyon 948/949/992/993) |
| Audit Exception Payments Accounts Receivable[8] | $172,447.32 | MP315 |
| Throughput Fees and Other Amounts Owed under Production Handling Agreements Accounts Receivable | $261,919.39 | MC108; MC110 |
| | $64,169.30 | SM108 |
| Imbalances Accounts Receivable | $1,513,952.08 | SS 271 Unit (SS 247, SS 248, SS 270) |
| | $331,000.00 | EC 265; SP 87; SP 89 |

---

[7] Please note that the specific lien provisions set forth in the Mississippi UOA are addressed in more detail below.

[8] From June 19, 2017 through July 7, 2017, Talos completed an audit of joint interest billings for properties and facilities operated by Fieldwood Energy, for the audit period of January 2015 through December 2016, in which Talos is a working interest owner and provided a copy of the findings and demand for payment to Fieldwood Energy (the "Audit Letter"). A true and correct copy of the Audit Letter is attached to the Talos Claims. The amount referenced herein represents the net amount due on Talos' portions of the gross exceptions referenced in the Audit Letter, subject to further investigation and supplementation pursuant to the audit. Talos reserves all rights to supplement its cure amount.

11096741

| | |
|---|---|
| **Total** | **$3,134,964.67** |

Fieldwood Offshore

| | | |
|---|---|---|
| Joint Interest Billings Accounts Receivable | $6,800.48 | MC109 |
| Imbalances Accounts Receivable | $65,364.45 | HI 545 |
| **Total** | **$72,164.93** | |

- GOM

| | | |
|---|---|---|
| Joint Interest Billings Accounts Receivable | $89,896.63 | SS198; SS199 |
| **Total** | **$89,896.63** | |

18.     As a result, under section 365(b)(1)(A) of the Bankruptcy Code, in order to assume the Property Agreements, Talos must receive a cure payment of not less than $3,297,026.23. Otherwise, the Property Agreements cannot be assumed.

**II.     The Atlantic Litigation and Preserving the Mississippi UOA Provisions**

19.     Talos holds working interests in certain oil and gas leases covering submerged lands on the Outer Continental Shelf situated in a prospect known as the Gunflint Prospect (covering Mississippi Canyon 948/949/992/993) (the "Leases"), for which Fieldwood Energy, LLC serves as the operator under that certain Unit Operating Agreement, dated effective January 1, 2013 (inclusive of attachments, memoranda, and related agreements, and as has been amended or restated from time to time, collectively, the "Mississippi UOA").[9] The Mississippi UOA

---

[9] The Mississippi UOA is not submitted with this Objection because of its size and because the Debtors have a copy of the Mississippi UOA. The UOA may also be provided upon request.

11096741

requires Fieldwood Energy to, among other things, use "reasonable efforts to keep the [Leases] free from all liens and encumbrances" (Section 5.4) as well as hold Talos harmless as follows:

> The obligations, duties and liabilities of the Parties shall be several and not joint or collective; and nothing contained herein shall ever be construed as creating a partnership, joint venture, association or other character of business entity recognizable in law for any purpose. Each Party shall hold all the other Parties harmless from liens and encumbrances on the Leases or in the Contract Area arising as a result of its acts or omissions.

*See* Mississippi UOA, Sections 5.4 and 22.1. Fieldwood Energy is thus required to use reasonable efforts to avoid liens and to indemnify Talos for any lien claim amounts burdening the Leases and/or the Contract Area, including its attorneys' fees, costs, and any other damages Talos suffers as a result of Fieldwood Energy's acts or omissions.

21.     These obligations are secured in accordance with Sections 6.3.2[10] and 6.3.3[11] of the Mississippi UOA by Fieldwood Energy's own working interests in the Leases and the Contract

---

[10] Section 6.3.2 of the Mississippi UOA provides,

> Non-Operating Party's Security Interest: Operator grants a like security interest and mortgage to the Non-Operating Parties to secure payment of Operator's proportionate share of expenses. Each Party paying its share of unpaid expenses pursuant to Section 6.5 *(Unpaid Charges)* hereof shall, to obtain reimbursement thereof, be subrogated to the security rights described herein.

[11] Section 6.3.2 of the Mississippi UOA provides,

> Recordation: To better protect the Parties' security rights created hereunder, the Parties shall promptly join in such reasonable actions as may be necessary to execute and notarize a mutually agreeable Memorandum of Joint Operating Agreement and financing statement on a UCC form ("Memorandum"), similar in all material respects to the form attached hereto as Exhibit "I" as soon as reasonably practical, but prior to commencement of operations. The Memorandum shall be executed by each Party through its duly authorized agent or representative. The Parties hereby authorize the Operator to file the notarized Memorandum in the mortgage, conveyance and UCC records of the pertinent Parishes/Counties having jurisdiction over the Contract Area. The Operator shall provide each Party with a copy of the recorded instrument. Each Party further agrees to provide reasonable written evidence of its authorized signatory's authority to encumber its leasehold interest. In the event that a Memorandum of Joint Operating Agreement is not executed prior to commencement of operations, the Parties agree to execute, notarize and file a Memorandum of Joint Operating Agreement identical to the form attached hereto as Exhibit "I."

8

11096741

Area and perfected pursuant to certain recorded memoranda of agreement, financing statements and other lien filings placed of record in the applicable filing jurisdictions.[12]

20.     On October 30, 2020, Atlantic sent Talos a Demand for Payment (the "Atlantic Demand") enclosing a Statement of Privilege whereby it demanded that Talos pay Atlantic the principal amount of $5,842,744.68, "together with interest thereon, the cost of filing the lien and attorney's fees of 10% percent [sic] of the amount sought to be collected" on account of purportedly unpaid invoices allegedly owed by Fieldwood Energy[13] (the "Atlantic Lien").

21.     Talos has no contractual relationship with Atlantic and has no direct liability to Atlantic. To the extent that Talos' interest is burdened by Atlantic's alleged liens and privileges or Atlantic is able to sequester or otherwise obtain funds that are the proceeds of Talos' interests, Talos has asserted a secured claim against Fieldwood Energy for the amounts paid to Atlantic. Further, to the extent that Talos is required to incur fees, costs and expenses to respond to or litigate with Atlantic regarding any alleged unpaid invoices owed by Fieldwood, the indemnification provisions of the Mississippi UOA entitle Talos to a secured claim for the amount of any attorneys' fees, costs, and any other damages incurred by Talos as a result of Fieldwood Energy's acts or omissions.

22.     Without the Mississippi UOA provisions remaining intact, Talos may be liable on account of the Atlantic Lien. Thus, the Debtors and Talos must preserve the Mississippi UOA terms in the assignment and assumption of the Mississippi UOA. Put simply, the indemnification obligations arising from the Mississippi UOA are liabilities which must be cured in order to assume and assign the Mississippi UOA or the UOA-related contracts.

---

[12] Such filings are not submitted with this Objection because of their size and because the Debtors have copies of such filings. Such filings may also be provided upon request.

[13] A true and correct copy of the Atlantic Demand is attached to the Talos Claims.

9

## RESERVATION OF RIGHTS

23.     Talos expressly reserves all rights under the Bankruptcy and the Property Agreements, including, without limitation, the right to supplement and/or amend this Objection and assert any further objections.  Talos further reserves all rights with respect to any other agreements related to Talos identified on any amended list of contracts and leases proposed to be assumed, or identified on any list of contracts and leases proposed to be rejected.

## CONCLUSION

**WHEREFORE**, Talos respectfully requests that this Court (i) order that any assumption and assignment of the Property Agreements be conditioned upon the Debtors curing the defaults under the Property Agreements in the correct amount of not less than $3,297,026.23; (ii) order that the Cure Amount account for the Atlantic Lien; and (iii) granting Talos any other relief to which Talos may be entitled at law or in equity.

Dated: June 8, 2021
          Houston, Texas

PORTER HEDGES LLP

*/s/ Eric M. English*
Eric M. English (TX 24062714)
Megan Young-John (TX 24088700)
Emily Nasir (TX 24118477)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
eenglish@porterhedges.com
myoungjohn@porterhedges.com
enasir@porterhedges.com

**COUNSEL FOR TALOS**

11096741