IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al. | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC'S OBJECTION TO (A) NOTICE TO CONTRACT COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS AND (B) NOTICE OF FILING OF AMENDED SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS**

W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "W&T") file this Objection to the Debtors' *Notice to Contract Counterparties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* (Doc. No. 1395) and to the *Notice of Filing of Amended Schedule of Assumed Contracts and Cure Amounts* (Doc. No. 1456) (the "Cure Notices")[1] and state as follows:

### I.     INTRODUCTION

W&T is a predecessor in title, a current working interest owner, and an operator of a significant number of OCS mineral leases in which Fieldwood also has interests. The Cure Notices list a number of contracts to which W&T is a party. W&T continues to diligence the list, but W&T files this objection regarding obvious deficiencies in the cure schedule as well as deficiencies related to adequate assurance of future performance. W&T objects for the following reasons:

---

[1] W&T's objection deadline was extended to June 11, 2021, by agreement.

PAGE 1

- The Cure Notices include a number of agreements that have outstanding cure balances in excess of $0.  W&T anticipates many of these amounts would be paid in the ordinary course of business, but at this time cure amounts remain outstanding.  The current unpaid cure amounts total $167,938.13.

- The Cure Notices also include agreements with outstanding gas imbalances.  These imbalances include cash out amounts due of $22,792.45 and additional imbalances in the amount of $280,142.10.

- In addition to the amounts above, the Cure Notices implicate audit exceptions granted by not received in the amount of $28,440.82.

W&T requests the Court require Debtors to pay cure amounts in the full amount owed as of the effective date.

## II.     FACTUAL BACKGROUND

W&T has a significant number of leases for which it is operator, a predecessor in title or working interest owner in leases now owned in part by various Debtor entities.  Leases with a former or current W&T interest appear on Fieldwood's lists of purchased assets, FWE I assets, FWE III assets, and abandoned assets and involve millions of dollars in decommissioning liabilities.

Debtors' Cure Notices list a number of agreements either directly with W&T or in which W&T has some related interest.  Because of the vague category of "Related Lease Party" in the cure notices and other lack of clarity in the way the contracts are listed and disclosed, W&T continues diligence regarding the Cure Notices and reserves the right to supplement this Objection.

W&T has prepared a summary of outstanding cure amounts, which is attached hereto as Exhibit A. These cure amounts include amounts due under the respective agreements, amounts due under cash out provisions related to gas imbalances, and amounts due under audit exceptions granted but not yet received. These amounts total $219,171.40. In addition to these amounts, Fieldwood owes additional gas imbalances related to assumed contracts in the amount of $280,142.10. The additional gas imbalances are set forth on Exhibit B to this objection.

### III.   ARGUMENTS AND AUTHORITIES

Bankruptcy Code § 365(a) provides that a trustee or a debtor-in-possession may, subject to bankruptcy-court approval, assume or reject any executory contract or unexpired lease. 11 U.S.C. § 365(a). This provision allows a debtor's estate to keep beneficial contracts and leases while ridding itself of burdensome ones. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993). To assume an executory contract under § 365, the trustee or debtor-in-possession must, at the time of assumption, 1) "cure[] or provide[] adequate assurance that the trustee will promptly cure" any default under the contract, 2) compensate the counterparty (or provide adequate assurance of prompt compensation) for any "actual pecuniary loss" resulting from the debtor's default, and 3) provide "adequate assurance of future performance" under the contract. 11 U.S.C. § 365(b)(1); *see also Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 506 (5th Cir. 2000); *Official Comm. of Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid.").

Debtors' Cure Notices list $0 in cure instead of curing the amounts detailed on Exhibits A and B to this Objection. The failure to provide the actual cure amount violates section 365 of the Bankruptcy Code.

Additionally, Debtors' Plan cannot modify W&T's rights once a contract is assumed. The releases in Article 10.7 of the Plan and treatment of security rights under operating agreements could impair W&T's rights under an assumed contract. W&T remains additional concerned about how the Plan's exculpation provision may impair its contractual rights on assumed contracts. The Plan must make clear that assumption of any contracts preserves all rights and obligations under the assumed agreements.

## IV.   RESERVATION OF RIGHTS

W&T continues to review the Cure Notices and reserves the right to amend and supplement this Objection. W&T further reserves any and all claims, including administrative claims, in these cases as well as its objections to confirmation of the Plan as may be further amended.

WHEREFORE, W&T Offshore, Inc. and W&T Energy VI, LLC pray the Court sustain this objection and grant such other relief as may be just and proper.

Dated:  June 11, 2021            Respectfully submitted,

*/s/ Philip G. Eisenberg*
**Philip G. Eisenberg**
  Texas Bar No. 24033923
**Elizabeth Guffy**
  Texas Bar No. 8592525
**Simon Mayer**
  Texas Bar No. 24060243
**Eric Boylan**
  Texas Bar No. 24105519
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002

Telephone: (713) 226-1200
Fax: (713) 223-3717
peisenberg@lockelord.com
eguffy@lockelord.com
simon.mayer@lockelord.com
eric.boylan@lockelord.com

-and-

**Omer F. Kuebel, III**
  Federal Bar No. 32595
**Bradley C. Knapp**
  Texas Bar No. 24060101
**LOCKE LORD LLP**
601 Poydras St., Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Fax: (504) 558-5200
rkuebel@lockelord.com
bknapp@lockelord.com

**ATTORNEYS FOR W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on June 11, 2021.

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg