IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al. | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**MCMORAN OIL & GAS LLC AND FREEPORT-MCMORAN OIL & GAS LLC'S OBJECTION TO (A) NOTICE TO CONTRACT COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS AND (B) NOTICE OF FILING OF AMENDED SCHEDULE OF ASSUMED CONTRACTS AND CURE AMOUNTS**

McMoRan Oil & Gas LLC and Freeport-McMoRan Oil & Gas LLC (collectively, "McMoRan") file this Objection to the Debtors' *Notice to Contract Counterparties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* (Doc. No. 1395) and to the *Notice of Filing of Amended Schedule of Assumed Contracts and Cure Amounts* (Doc. No. 1456) (the "Cure Notices")[1] and state as follows:

### I.   INTRODUCTION

McMoRan is a predecessor in title, a current working interest owner and an operator of a significant number of OCS mineral leases in which Fieldwood also has interests. The Cure Notices list a number of contracts to which McMoRan is a party. McMoRan continues to diligence the list; however, given the extremely short notice period provided by the Cure Notices McMoRan files this objection regarding obvious deficiencies in the cure schedule as well as deficiencies related to adequate assurance of future performance. McMoRan objects for the following reasons:

---

[1] McMoRan's objection deadline was extended to June 9, 2021, by agreement.

PAGE 1

- The Cure Notices include certain agreements related to High Island A474 and High Island A489, which are McMoRan-operated leases in which certain Debtors have working interests. McMoRan has actively conducted decommissioning activity during the life of the case resulting in total unpaid joint interest billings by Debtors in the amount of $2,073,009.70. Much of this cure balance has accrued post-petition. The Cure Notice's listing of $0 in cure is simply inaccurate.

- As set forth in more detail in McMoRan's objection to Debtors' Fourth Amended Plan of Reorganization, filed contemporaneously herewith, McMoRan remains concerned about feasibility of FWE I as an entity. Debtors' proposal to assign certain agreements to FWE I provides very little comfort that joint interest billings under the assumed agreements will be satisfied going forward.

McMoRan requests the Court enter an order providing for cure amounts in the full amount owed as of the effective date and further require the Debtors to provide adequate assurance of future performance.

## II.     FACTUAL BACKGROUND

McMoRan has a significant number of leases for which it is operator, a predecessor in title or working interest owner in leases now owned in part by various Debtor entities. Leases with a former or current McMoRan interest appear on Fieldwood's lists of purchased assets, FWE I assets, FWE III assets, FWE IV assets, and abandoned assets and involve millions of dollars in decommissioning liabilities.

Debtors' Cure Notices list a number of agreements either directly with McMoRan or in which McMoRan has some related interest. Because of the vague category of "Related Lease Party" in the cure notices and other lack of clarity in the way the contracts are listed and

disclosed, McMoRan continues diligence regarding the Cure Notices and reserves the right to supplement this Objection.

Significantly, McMoRan operates High Island A474 and High Island A489. Certain Debtors own working interests in both of those leases. McMoRan is actively conducting required plugging, abandonment, and decommissioning obligations on both lease blocks under a schedule that should result in site clearance this summer. McMoRan's operations have resulted in joint interest billings to Debtors totaling $2,073,009.70 as of the time of this Objection.

Despite the existence of significant unpaid Joint Interest Billings, Debtors' Cure Notices, as amended, list the operating agreements for High Island A474 and High Island A489 as contracts to be assumed and assigned to FWE I with $0 in cure. (Doc. No. 1456, Ex. A at Contract No. 1870, 1871). While the Cure Notices contain a note suggesting that cures were adjusted to $0 when a trade agreement was entered, McMoRan has entered no such trade agreement that would result in a reduction of unpaid JIB balances. (Doc. No. 1456 at note 7).

Moreover, as set forth in its Confirmation Objection, filed contemporaneously with this Objection, McMoRan anticipates FWE I will be unable to comply with applicable regulations related to plugging and abandonment and face immediate financial distress as a result of its inability to comply.

### III. ARGUMENTS AND AUTHORITIES

Bankruptcy Code § 365(a) provides that a trustee or a debtor-in-possession may, subject to bankruptcy-court approval, assume or reject any executory contract or unexpired lease. 11 U.S.C. § 365(a). This provision allows a debtor's estate to keep beneficial contracts and leases while ridding itself of burdensome ones. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993). To assume an executory contract under § 365, the trustee or debtor-in-possession must, at

the time of assumption, 1) "cure[] or provide[] adequate assurance that the trustee will promptly cure" any default under the contract, 2) compensate the counterparty (or provide adequate assurance of prompt compensation) for any "actual pecuniary loss" resulting from the debtor's default, and 3) provide "adequate assurance of future performance" under the contract. 11 U.S.C. § 365(b)(1); *see also Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 506 (5th Cir. 2000); *Official Comm. of Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid."). Adequate assurance of future performance is fact specific. In general, future performance is adequate if "'performance is likely (i.e., more probable than not)'". *In re Texas Health Enters., Inc.*, 246 B.R. 832, 835 (Bankr. E.D. Tex. 2000) (quoting *In re PRK Enters., Inc.*, 235 B.R. 597, 603 (Bankr. S.D. Tex. 1999)).

Debtors' Cure Notices list $0 in cure instead of curing the approximately $2 million in unpaid joint interest billings. The failure to provide the actual cure amount violates section 365 of the Bankruptcy Code. The Debtors must pay the joint interest billings in order to assume and assign the operating agreements for High Island A474 and High Island A489.

Additionally, Debtors' Plan cannot modify McMoRan's rights once a contract is assumed. The releases in Article 10.7 of the Plan and treatment of security rights under operating agreements could impair McMoRan's rights under an assumed contract. The Plan must make clear that assumption of any contracts preserves all rights and obligations under those agreements.

Finally, Debtors must provide adequate assurance of future performance. McMoRan continues to perform operations at High Island A474 and High Island A489 with the effect of

reducing the Debtors' environmental liabilities through timely plugging and abandonment and decommissioning activity. If the Debtors' Plan is confirmed, McMoRan anticipates additional joint interest billings related to this activity following the Effective Date. Debtors must be able to demonstrate FWE I will be able to comply with its financial obligations under the applicable operating agreements.

## IV.  RESERVATION OF RIGHTS

McMoRan continues to review the Cure Notices and reserves the right to amend and supplement this Objection. McMoRan further reserves any and all claims, including administrative claims, in these cases as well as its objections to confirmation of the Plan as may be further amended.

WHEREFORE, McMoRan Oil & Gas LLC and Freeport-McMoRan Oil & Gas LLC re pray the Court sustain this objection and grant such other relief as may be just and proper.

Dated:  June 11, 2021            Respectfully submitted,

*/s/ Omer F. Kuebel, III*
**Omer F. "Rick" Kuebel, III**
  Federal Bar No. 32595
**Bradley C. Knapp**
  Texas Bar No. 24060101
**LOCKE LORD, LLP**
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Facsimile: (504) 910-6847
bknapp@lockelord.com

**COUNSEL FOR MCMORAN OIL & GAS LLC AND FREEPORT-MCMORAN OIL & GAS LLC**

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on June 11, 2021.

*/s/ Omer F. Kuebel, III*
Omer F. Kuebel, III