IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**U.S. SPECIALTY INSURANCE COMPANY'S OBJECTION TO
CONFIRMATION OF FOURTH AMENDED JOINT CHAPTER 11 PLAN OF
FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS AND JOINDER**
[Relates to Docket No. 1284]

To the Honorable Marvin Isgur,
United States Bankruptcy Judge:

U.S. Specialty Insurance Company's ("***USSIC***") submits this objection (the "***Objection***") to the confirmation of the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1284] (the "***Proposed Plan***"), and respectfully would show the Court as follows:

## SUMMARY

1. The Proposed Plan in its current form cannot be confirmed as the Debtors likely cannot satisfy 11 U.S.C. § 1129(a)(1), (3), and (11). While there are numerous problems with the Proposed Plan, USSIC objects to confirmation of the Debtors' Proposed Plan for the following reasons:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources, NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Filedwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9255); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 200 W. Same Houston Parkway S., Suite 1200, Houston, TX 77042.

1

(i) The Bonds (defined below) and related payment and indemnity agreements are financial accommodations contracts and surety arrangements. The Bonds cannot be divided from the related payment and indemnity obligations. They are not property of the estate. They cannot be assumed and assigned pursuant to 11 U.S.C. § 365(c)(2), or otherwise transferred to the new entities sought to be created through the Proposed Plan. The Proposed Plan does not comply with applicable law and therefore does not meet the requirements of 11 U.S.C. § 1129(a)(1).

(ii) To the extent the Credit Bid Purchaser, FWE I, FWE III, FWE IV or any other entity seek to utilize the applicable Bonds, those entities must either obtain USSIC's consent and be required to satisfy past due bonding obligations and pay on-going premiums or obtain new surety agreements pursuant to applicable laws and regulations. Moreover, with respect to the Area-Wide Bonds (defined below), the applicable governmental agencies will not permit the bonds to transfer from one entity to another, and the new entities will be required to obtain new area-side bonding. The Proposed Plan does not provide any information regarding the treatment of the Bonds or the Debtors' plans to obtain new bonding security to address the P&A Obligations. This lack of fundamental disclosure indicates that the Proposed Plan was not proposed in good faith and therefore does not comply with 11 U.S.C. § 1129(a)(3), particularly in circumstances where it could be asserted that the Area-Wide Bonds apply to going forward operations after the effective date of a confirmed plan.

(iii) As noted, the Bonds and their related payment and indemnity agreements cannot be transferred without USSIC's consent. Thus, the newly created entities will likely need to obtain new surety arrangements to cover their decommissioning obligations. Without the new surety arrangements, the Debtors are unable to satisfy their decommissioning obligations. As such the Proposed Plan does not satisfy 11 U.S.C. § 1129(a)(11) because it is not feasible.

2. The Debtors bear the burden of establishing that the Proposed Plan meets the requirements under the Bankruptcy Code to be confirmed. The Debtors likely cannot meet this burden. For these reasons, USSIC requests that the Court deny confirmation of the Proposed Plan.

## BACKGROUND

3. The Debtors' Proposed Plan calls for an allocation of assets into five (5) buckets: (i) an entity controlled by the Credit Bid Purchaser (consisting primarily of deepwater assets); (ii)

FWE I (Legacy Apache assets); (iii) FWE III (a decommissioning entity); (iv) FWE IV (legacy Chevron/Noble assets); and (v) abandoned assets. [*See* Docket No. 1285, Art. I.A.].

4. The Debtors, along with their non-debtor affiliates, are an independent exploration and production company with operations primarily in the Gulf of Mexico. In order to perform oil and gas operations offshore, Debtors have acquired certain bonds to secure decommissioning obligations. USSIC and the Debtors are parties to certain bonds, a payment and indemnity agreement, and related agreements. USSIC issued 26 surety bonds to the Debtors (the "***Bonds***") to secure certain of the Debtors' payment or performance of various obligations to governmental and non-governmental obligees for a total penal sum of $74,528,695.00. A schedule of the Bonds is as follows:

| Bond number | Penalty amount | Principal |
|---|---|---|
| B0059901 | $3,000,000.00 | Fieldwood SD Offshore, LLC |
| B005991 | $300,000.00 | Fieldwood SD Offshore, LLC |
| B005992 | $790,000.00 | Fieldwood Onshore, LLC |
| B005993 | $25,000.00 | Galveston Bay Pipeline, LLC |
| B005994 | $770,000.00 | Fieldwood SD Offshore, LLC |
| B007994 | $2,000,000.00 | Fieldwood Onshore, LLC |
| B008781 | $325,000.00 | Fieldwood Energy Offshore, LLC |
| B008837 | $1,651,851.00 | Fieldwood Energy Offshore, LLC |
| B008838 | $115,988.00 | Fieldwood Energy Offshore, LLC |
| B008839 | $1,676,556.00 | Fieldwood Energy Offshore, LLC |
| B008899 | $75,000.00 | Fieldwood Onshore, LLC |
| B008908 | $6,000.00 | Fieldwood Energy Offshore, LLC |
| B008940 | $3,000,000.00 | Bandon Oil and Gas, LP |

| Bond number | Penalty amount | Principal |
|---|---|---|
| B008941 | $300,000.00 | Bandon Oil and Gas, LP |
| B008942 | $3,000,000.00 | Dynamic Offshore Resources, NS |
| B008943 | $300,000.00 | Dynamic Offshore Resources, NS |
| B008963 | $350,000.00 | Fieldwood Energy, LLC |
| B009064 | $100,000.00 | Fieldwood Energy, LLC |
| B009075 | $125,000.00 | Fieldwood Energy Offshore, LLC |
| B009076 | $250,000.00 | Fieldwood Energy Offshore, LLC |
| B009183 | $146,000.00 | Fieldwood Energy, LLC |
| B009311 | $4,560,000.00 | GOM Shelf, LLC |
| B009344 | $50,000,000.00 | Fieldwood Energy Offshore, LLC |
| B010590 | $175,000.00 | Fieldwood Energy, LLC |
| B010618 | $1,212,300.00 | Fieldwood Energy, LLC |
| B012528 | $225,000.00 | Fieldwood Energy, LLC |
| **Total** | **$74,528,695.00** | |

5. A true and correct copy of USSIC's proof of claim filed in the Fieldwood Energy LLC bankruptcy case, which includes the related Payment and Indemnity Agreements, is attached hereto as **Exhibit 1**.

6. Six of the Bonds are either area-wide or right of way bonds (collectively, the "*Area-Wide Bonds*") that guarantee compliance of the Debtors with the terms and conditions of the applicable lease. Those Area-Wide Bonds are:

| Bond number | Penalty amount | Principal |
|---|---|---|
| B0059901 | $3,000,000.00 | Fieldwood SD Offshore, LLC |
| B005991 | $300,000.00 | Fieldwood SD Offshore, LLC |

| | | |
|:---:|:---:|:---:|
| B008940 | $3,000,000.00 | Bandon Oil and Gas, LP |
| B008941 | $300,000.00 | Bandon Oil and Gas, LP |
| B008942 | $3,000,000.00 | Dynamic Offshore Resources, NS |
| B008943 | $300,000.00 | Dynamic Offshore Resources, NS |
| **Total** | **$9,900,000.00** | |

7. The Area-Wide Bonds are in the specific name of the entity and are not linked to a lease or set of leases. Under the Proposed Plan, it is not clear what the Debtors intend to do with the Area-Wide Bonds. The Area-Wide Bonds are bonded to specific Debtor entities and cannot be transferred to the newly created entities. To the extent the Debtors seek to transfer the Area-Wide Bonds to the newly created entities without USSIC's consent, USSIC objections. Nor is it clear how the newly created entities that emerge from the proposed transaction will satisfy their respective bonding obligations.

8. Further, USSIC's largest bond implicated in this proposed transaction, bond number B009344, naming Shell Offshore, Inc. ("*Shell*"), as oblige, is in the amount of $50,000,000.00 (the "*Shell Bond*"). It appears that the Proposed Plan will transfer all of the Debtors' leases associated with the Shell Bond to the NewCo, except for one lease in which the Debtors have a 15% working interest, which they are proposing to abandon. It does not appear that the Debtors have been able to reach an agreement with Shell regarding the bonds or the decommissioning obligations related to those leases on a go forward basis. As a result, USSIC cannot determine how the obligations covered under its Shell Bond and the related indemnity agreement are proposed to be treated on a going forward basis or if the Debtors anticipate NewCo obtaining new surety protections going forward to address such obligations as required under the arrangements with Shell.

5

9. The Proposed Plan is inconsistent with the rights of USSIC and other similarly situated creditors under the Bankruptcy Code. Confirmation of the Proposed Plan should be denied.

## **OBJECTION**

10. As the Plan proponents, the Debtors bear the burden of establishing that the Proposed Plan complies with each confirmation requirement under section 1129(a) by a preponderance of evidence. *Heartland Federal Sav. & Loan Assoc. v. Briscoe Enterprises, Ltd. (In re Briscoe Enterprises, Ltd.)*, 994 F.2d 1160, 1165, 66–68 (5th Cir. 1993). If the Proposed Plan fails to comply with any one of those requirements, it cannot be confirmed. The Proposed Plan, however, fails to meet the requirements under 1129(a) and, thus, cannot be confirmed.

    **A.    The Proposed Plan does not comply with applicable law and therefore does not meet the requirements of 11 U.S.C. § 1129(a)(1).**

11. Section 1129(a)(1) requires that the plan comply with the "applicable provisions" of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). The Debtors must comply with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 365. To the extent that the Proposed Plan seeks to assume and assign or otherwise transfer the Bonds to any of the newly created entities, such action is violate of applicable law.

12. Surety bonds are non-assumable financial accommodations, as set forth in and constructed under 11 U.S.C. § 365(c)(2). *In re Thomas B. Hamilton Co., Inc.*, 969 F.2d 1013, 1018–19 (guaranty and surety contracts are financial accommodations); *Matter of Edwards Mobile Home Sales, Inc.*, 119 B.R. 857, 858–59 (Bankr. M.D. Fla. 1990) (obligation to pay debts of another is a financial accommodation). They are extensions of credit tied to the specific underwriting standards for the issuing surety and based on the named principal and defined asset class. Thus, they are not assignable to a new principal entity without the applicable surety's

6

consent. Further, the Bonds are not property of the estate. *Ohio v. Mansfield Tire and Rubber Co. (In re Mansfield Tire and Rubber Co.)*, 660 F. 2d 1108, 1115 (6th Cir. 1981) (the debtor could not claim any legal or equitable interest in surety bonds).

13. As such the Bonds cannot be assumed and assigned or otherwise transferred to the newly created entities arising from the various transactions contemplated in the Proposed Plan, without the express consent of USSIC. To the extent the Proposed Plan attempts to assume and assign the Bonds, it is violate of 11 U.S.C. § 365(c)(2) and cannot not satisfy 11 U.S.C. § 1129(a)(1).

### B. The Proposed Plan lacks specific information regarding the Debtors' future surety program, which indicates that it was not proposed in good faith as required to satisfy by 11 U.S.C. § 1129(a)(3).

14. Section 1129(a)(3) requires that the plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). The Fifth Circuit has found that this section is satisfied where the plan is proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success. *Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 802 (5th Cir. 1997).

15. Applicable state and/or federal laws require bonding to operate the wells on a go forward basis. The Proposed Plan lacks specific information regarding the go forward surety program. To the extent the Credit Bid Purchaser, FWE I, FWE III, FWE IV or any other entity seek to operate, those entities must *either* obtain USSIC's consent and be required to satisfy past due bonding obligations and pay on-going premiums *or* obtain new surety arrangements pursuant to applicable laws and regulations. The Proposed Plan lacks information on this key issue: how will the surety program be available to satisfy the future decommissioning obligations that will

arise from the proposed transactions or how will the newly created entities satisfy the mandated bond requirements.

16.     For example, the Proposed Plan lacks any information regarding the Shell Bond or the future of the bond arrangement related to the sale of assets from Shell to the Debtors that served as the basis for the Shell Bond.  What is the go-forward status of the Shell Bond?  How will the NewCo address the P&A Obligations related to those properties?  The Proposed Plan lacks any meaningful information on these issues.

17.     Likewise, the Plan contains little to no information regarding the Area-Wide Bonds and how the applicable new entities will be able to obtain replacement bonds for the Area-Wide Bonds or whether this issue has even been considered.

18.     What is clear is that the newly formed entities, whether it be the Credit Bid Purchaser, FWE I, FWE III, or FWE IV will likely have decommissioning obligations and bonding requirements related to the assets they acquire.  The Proposed Plan lacks any information as to how these obligations will be satisfied.  Given the importance of such obligations and the complete lack of information, it does not appear that the Proposed Plan satisfies the good faith requirement of 11 U.S.C. § 1129(a)(3).

   **C.     The Proposed Plan is likely not feasible and therefore cannot satisfy 11 U.S.C. § 1129(a)(11).**

19.     Section 1129(a)(11) requires that a plan may only be confirmed if it is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any *successor* to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11) (emphasis added).

20.     In order to satisfy Section 1129(a)(11), the debtors need not warrant, or prove to a mathematical certainty, the future success of the plan.  Rather, a plan is feasible and should be

confirmed if it "offers a reasonably workable prospect of success and is not a visionary scheme." *In re Merrimack Valley Oil Co.*, 32 B.R. 485, 488 (Bankr. D. Mass. 1983) (citing *In re Landmark At Plaza Park Ltd.*, 7 B.R. 653 (Bankr. D.N.J. 1980)).

21. As discussed, the Debtors have decommissioning obligations. The newly created entities will have decommissioning obligations. The Proposed Plan does not provide information regarding how these decommission obligations will be addressed. The Proposed Plan does not address whether or how the current surety program will be available to the newly created entities. Nor does the Proposed Plan address what the newly created entities will do to obtain new surety arrangements.

22. It is unlikely that the Debtors will be able to meet their burden to satisfy 11 U.S.C. § 1129(a)(11).

## JOINDER

23. USSIC hereby joins and incorporates herein by reference the HCC International Insurance Company Plc's *Objection to Confirmation of Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* with respect to the objection to the exculpation provisions contained in the Proposed Plan.[2] USSIC hereby joins and incorporates herein by reference *Objection by Lexon Insurance Company, Ironshore Indemnity Inc. and Ironshore Specialty Insurance Company to the Motion of Debtors for Entry of an Order for Confirmation of the Debtors' Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors*. [Docket No. 1436]. Further, USSIC hereby joins and incorporates herein by reference the Zurich American Insurance Company's *(i) Objection to Confirmation of Fourth Amended Joint*

---

[2] Notably, the exculpation provisions of the Proposed Plan are overly broad and do not comply with current Fifth Circuit precedent set forth in *Pac. Bank of New York Trust Company, N.A. v. Official Committee of Unsecured Creditors (In re Pacific Lumber Co)*, 584 F.3d 229 (5th Cir. 2009) and its progeny and the Bankruptcy Code.

9

*Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (ii) Limited Objection to Assumption of Decommissioning Agreement* [Docket No. 1446] with respect to the objections related to Apache and/or FWE I as set forth in the Proposed Plan.

## NOTICE OF OPT OUT

24.     USSIC has timely submitted ballots containing an election to opt of the releases. However, for the avoidance of doubt, USSIC hereby provides notice that it opts out of the releases contained in Article 10.7 of the Proposed Plan, as well as the exculpation contained in Article 10.8 of the Proposed Plan.  Finally, USSIC provides notice that it hereby opts out of any releases contained in any of the related exhibits and transaction documents.

## RESERVATION OF RIGHTS

25.     USSIC reserves all rights, including, but not limited to, security interests, security rights, liens, contract rights, setoff and recoupment rights, and subrogation rights, against non-Debtors under bonds, payment and indemnity agreements, other contracts, and applicable law are hereby reserved, and nothing contained in the Plan or Confirmation Order shall modify or impair USSIC's rights with respect to any non-Debtor parties, including Debtors' predecessors and any other co-liable or jointly and severally liable parties.  Nothing contained in the Plan or Confirmation Order shall be deemed or construed to be a release or discharge of any liability or obligations of any third parties with respect to decommissioning liabilities of Debtors' predecessors and any other co-liable and/or jointly and severally liable parties with respect to Debtors' assets.  USSIC's claims and causes of action against any third parties are hereby reserved.

**CONCLUSION**

U.S. Specialty Insurance Company respectfully requests that the Court (i) sustain this Objection; (ii) deny confirmation of the Debtors' Proposed Plan; and (iii) for such other relief as the Court deems just and proper.

Dated: June 11, 2021

Respectfully submitted,

/s/ Philip G. Eisenberg
Philip G. Eisenberg
Texas Bar No. 24033923
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
peisenberg@lockelord.com
eguffy@lockelord.com
simon.mayer@lockelord.com

*Attorneys for*
*U.S. Specialty Insurance Company*

**Certificate of Service**

I certify that on June 11, 2021, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service, including, but not limited to, counsel for the Debtors.

/s/ Simon R. Mayer
Simon R. Mayer