IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 20-33948 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | § § § | Chapter 11 |
| Debtors. | § § | (Jointly Administered) |

## WELLTEC, INC.'S (I) LIMITED OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY, LLC AND ITS AFFILIATED DEBTORS, (II) LIMITED OBJECTION TO THE CREDIT BID TRANSACTION, (III) NOTICE OF ELECTION TO OPT OUT OF THIRD-PARTY RELEASES, AND (IV) RESERVATION OF RIGHTS

Welltec, Inc. ("Welltec") files this (I) Limited Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy, LLC ("Fieldwood") and its Affiliated Debtors [Docket No. 1284] (the "Plan"), (II) Limited Objection to the Credit Bid Transaction, (III) Notice of Election to Opt Out of Third-Party Releases, and (IV) Reservation of Rights (the "Limited Objection and Reservation of Rights"). In support of this Limited Objection and Reservation of Rights, Welltec respectfully shows as follows:

1. Welltec files this Limited Objection and Reservation of Rights to preserve any and all rights, privileges, liens, and claims it has against non-debtors and non-debtor property interests, including but not limited to its rights, privileges, and remedies under the Louisiana Oil Well Lien Act, La. R.S. § 9:4861, *et seq.* ("LOWLA")—based on the work it performed on Lease No. OCS-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Holdings LLC (9264); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

G-34536 in the Outer Continental Shelf, Green Canyon, Block 40 in the Gulf of Mexico (the "Lease") or any other related transaction.

2.      Welltec confirms that it is ***opting out of any and all third-party releases under the proposed Plan***.  Welltec objects to any and all Plan provisions that purport to expand the discharge beyond the scope set forth in sections 524 and 1141 of the Bankruptcy Code or in any way modify, release, impair, or affect Welltec's privileges, liens, and claims against non-debtors or non-debtor property based on its work on the Lease or any other related transaction.  Welltec also objects to the Credit Bid Transaction and the Credit Bid Purchase Agreement to the extent they purport to transfer any property interests of non-debtors free and clear of any rights, privileges, liens, and claims held by Welltec.

3.      Relevant here, Welltec performed work on the Lease pursuant to a Master Services Contract dated January 29, 2014 (the "MSC").  Welltec contends it has been providing continuing goods and services to Fieldwood under the MSC since its inception.  Welltec has not been paid for $222,000 for those certain goods, equipment, supplies and services provided by Welltec to the Lease through May 31, 2020, together with accruing contracted interest, plus attorneys' fees and costs—despite the clear benefit of Welltec's work and services both to Fieldwood and to the two non-debtor working interest owners under the Lease, Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC.  After attempting in good faith to negotiate a settlement with Fieldwood, Welltec was unable to reach an agreement needed to file and perfect a lien against the Lease under LOWLA—which, in November 2020, it did.

4.      Under LOWLA, Welltec has certain statutory rights against various categories of the non-debtor assets and properties, including but not limited to non-operating working interest owners' property and interests based on Welltec's performance of work and provision of services

2

for the Lease that fall outside of and independent of the estate assets and, respectfully, this Court's jurisdiction. Indeed, LOWLA expressly provides contractors with specified privileges over various property rights of each and every holder of specified interests in a mineral lease or sublease—not just the party with whom a LOWLA claimant has a contract. *See Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 657 So. 2d 1307, 1312 (La. 1995) ("It is well settled under the Oil Well Lien Act that the privilege created . . . attaches to all property listed in the statute, regardless of ownership, and requires no contractual relationship between the supplier of labor, service, or equipment and the owner of the lease or equipment.") (gathering cases); *accord Bordelon Marine, L.L.C. v. Devon Energy Prod. Co.*, 2015 WL 1509493, at *3 (E.D. La. Apr. 1, 2015) (citing *Oil Well Supply Co. v. Indep. Oil Co.*, 54 So. 2d 330 (La. 1951)). The property subject to a LOWLA lien is broad, and includes the interests of the operator and working interest owners in the lease, the hydrocarbons produced, and the proceeds received from the disposition of the hydrocarbons. LA. R.S. § 9:4863(A). Those independent and statutory rights are not limited or constrained by any operating agreement or contractual understanding by and between the working interest holders.

5. Based on these rights, and independently of Fieldwood's present bankruptcy, Welltec is entitled to assert claims solely against certain property interests of the non-debtor working interest owners under the Leases for the entirety of its claimed amounts, together with recoverable attorneys' fees and costs, if necessary to protect its interests and recover amounts due to it. Fieldwood's discharge does not, and cannot, release any liability of the non-debtor working interest owners or their property to Welltec. Under the Bankruptcy Code, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e); *see also Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d

3

51, 53 (5th Cir. 1993) ("A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable.").

6. To the limited extent the Plan purports to limit, discharge or otherwise impair Welltec's statutory rights to obtain payment from the other working interest holders under Louisiana law, as incorporated under the Outer Continental Shelf Lands Act ("OCSLA"), Welltec objects to the Plan, expressly requests clarifying language that its rights are preserved in such regard, and affirmatively opts out of any and all third party releases or indemnifications in the Plan.  Fifth Circuit precedent "foreclose[s] non-consensual non-debtor releases and permanent injunctions."  *In re Pac. Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009); *see also In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 776 (Bankr. N.D. Tex. 2007) ("The Fifth Circuit has held that a nondebtor release violates section 524(e) when the affected creditor timely objects to the provision.").  Consequently, neither the discharge nor the third-party releases affect Welltec's rights against non-debtors or the non-debtors' property.  Similarly, Louisiana law does not purport to release non-debtors from liability based on a bankruptcy discharge.

7. Moreover, Welltec objects to the overreach of the Credit Bid Transaction.  The Credit Bid Transaction seeks to transfer only the property interests of Fieldwood, not any property interests of non-debtors.  However, because the Credit Bid Transaction contemplates that the property interests which are transferred shall be "free and clear of all Liens," Plan § 5.2(a); Credit Bid Purchase Agreement § 1.1, Welltec objects to the Credit Bid Transaction and the Credit Bid Purchase Agreement to the extent either purports to transfer any property interests of non-debtors—including, but not limited to, those of Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC—free and clear of any rights, liens, privileges, or claims held by Welltec.  Moreover,

to the extent Debtors intend to extinguish Welltec's secured claim against Fieldwood, Welltec opposes such effort in the absence of evidence sufficient to demonstrate that Welltec's interests in Debtors' property, in light of relation-back rights of Welltec, are junior to other liens and claims.

8.  For the avoidance of doubt, Welltec does not consent to, and affirmatively opts out of, the third-party releases and related injunction contemplated in the Plan.  Welltec hereby provides notice that it is not a Releasing Party, as that term is defined in the Plan, and Welltec does not consent to, affirmatively opts out of, and elects not to grant any third-party releases contained in the Plan, or be subject to any permanent injunction as to claims against non-debtors and non-debtor property.

9.  Finally, nothing contained herein should be construed as a waiver of any of Welltec's rights in law or equity.  The time to pursue statutory and other remedies under LOWLA against the non-debtor working interest owners under the Lease has not lapsed, and Welltec expressly reserves its right to seek and obtain payment from the non-debtors, including but not limited to initiating legal proceedings.  Welltec hereby reserves the right to amend, modify, or supplement this Limited Objection and Reservation of Rights.

## CONCLUSION

For the foregoing reasons, Welltec objects to confirmation of the Plan absent inclusion of the language reserving and preserving Welltec's rights, privileges, liens, and claims against non-debtors and non-debtor property interests.  Welltec confirms that it is opting out of any and all third-party releases under the proposed Plan.

*<signature page to follow>*

Dated: June 11, 2021

Respectfully submitted,

*/s/ Charles S. Kelley*
Charles S. Kelley
Texas Bar No. 11199580
ckelley@mayerbrown.com
Susan Alkadri
Texas Bar No. 24116016
salkadri@mayerbrown.com

**MAYER BROWN LLP**
700 Louisiana, Suite 3400
Houston, Texas 77002
Phone: (713) 238-3000

**COUNSEL FOR WELLTEC, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify and verify that on June 11, 2021, the forgoing was served via CM/ECF to all parties registered to receive electronic notice.

*/s/ Charles S. Kelley*
Charles S. Kelley

6