# Exhibit 4

**Debtors' First Requests for Production of Documents to Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### DEBTORS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY, <u>AND SIRIUS AMERICA INSURANCE COMPANY</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned chapter 11 cases ("**Chapter 11 Cases**") by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Debtors, by and through their undersigned counsel, serve their First Requests for Production of Documents (collectively, the "**Requests,**" and each, a "**Request**") to Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company (collectively, "**Aspen Group**"). Aspen Group shall produce copies of the documents and electronically-stored information requested to counsel for the Debtors at the offices of Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 1700, Houston, Texas

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

77002 or at another mutually-agreeable location, on an immediate and rolling basis with such production to be completed on or before **April 30, 2021**, in accordance with the Court's Scheduling Order (ECF No. 1224) or such other time as the Court may order. These Requests shall be continuing in nature, and any additional information subsequently discovered should be provided as soon as the same becomes available.

## DEFINITIONS

For the purposes of the Requests, please use the following definitions and instructions, which apply to each Request. The definitions apply and shall be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable rules and law.

1. "**You**" or "**Your**" means Aspen Group, as well as any of its present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, affiliates, divisions, professionals, and all other persons acting or purporting to act on its behalf.

2. "**Bankruptcy Code**" means title 11 of the United States Code.

3. "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of Texas.

4. "**Concerning**" means, in addition to its usual and customary meaning, relating to, discussing, mentioning, evidencing, identifying, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the Request.

5. "**Document**" or "**Documents**" shall have the meaning ascribed by Federal Rule 34, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

6. "**Including**" means "including, but not limited to" and "including, without limitation."

7. "**Plan**" means the Debtors' *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1252) (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified).

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and, for purposes of these Requests, the following Instructions shall be followed:

1. The terms "all," "each," and "all/each" shall be construed as all, each, and any.

2. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request.

3. "Including" shall not be construed to limit the scope of any Request.

4. All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents. You are to produce the original and all non-identical copies, including all drafts of each document requested. If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts. Any document that cannot be produced in full shall be produced to the fullest extent possible.

5. In accordance with Rule 34(b) of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in each Request. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall be set forth. All documents requested herein shall be produced electronically as tagged image file format ("**TIFF**") or portable document format ("**PDF**") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in a fully functional native form (i.e., in a linked format).

6. If any meaning of any term in any Request herein is unclear to You, without waiver of the right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

7. In accordance with Rule 34 of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, objections to any part of these Requests shall be stated in full and with specificity. In the event You interpose an objection to a Request, You

must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

8. Each Request shall be deemed continuing so as to require prompt supplementation if You obtain, generate, or discover additional documents or information. If, after responding, You obtain or become aware of any additional documents or information responsive to these Requests, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules, as incorporated by Rules 7026 and 9014 of the Bankruptcy Rules, as applicable.

9. Whenever necessary to bring within the scope of a Request, documents or information that might otherwise be construed to be outside its scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

    c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

    d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

10. Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

11. The relevant time period applicable to these Requests is from August 3, 2020 to the present.

## **DOCUMENTS REQUESTED**

1. All Documents which form a basis for any objection made in Your disclosure statement objection filed at [ECF No. 996].

2. All Documents which form a basis for any opposition or objection You intend to raise to confirmation of the Debtors' Plan.

3. All Documents You have provided to any expert or consultant in connection with the Chapter 11 Cases.

4. Documents sufficient to show any assessment, evaluation, consideration, or analyses of the value of the Debtors or any part of the Debtors.

5. Documents sufficient to show any assessment, evaluation, consideration, or analyses of the feasibility of the Plan.

Dated: April 14, 2021
      Houston, Texas

                            Respectfully submitted,

                            */s/ Alfredo R. Pérez*
                            WEIL, GOTSHAL & MANGES LLP
                            Alfredo R. Pérez (15776275)
                            700 Louisiana Street, Suite 1700
                            Houston, Texas 77002
                            Telephone: (713) 546-5000
                            Facsimile: (713) 224-9511
                            Email: Alfredo.Perez@weil.com

                            -and-

                            WEIL, GOTSHAL & MANGES LLP
                            Matthew S. Barr (admitted *pro hac vice*)
                            Jessica Liou (admitted *pro hac vice*)
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007
                            Email: Matt.Barr@weil.com
                                      Jessica.Liou@weil.com

                            -and-

                            WEIL, GOTSHAL & MANGES LLP
                            Paul R. Genender, Esq.
                            Erin M. Choi
                            200 Crescent Court, Suite 300
                            Dallas, Texas 75201
                            Telephone: (214) 746-7700
                            Facsimile: (212) 746-7777
                            Email: Paul.Genender@weil.com
                                     Erin.Choi@weil.com

                            *Attorneys for Debtors*
                            *and Debtors in Possession*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on April 14, 2021, a true and correct copy of the foregoing document was served by email on counsel for Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company.

                   */s/ Alfredo R. Pérez*
                   Alfredo R. Pérez