IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 20-33948 (MI) |
| Fieldwood Energy, *et al.*, § | |
| § | Chapter 11 |
| Debtors. § | (*Jointly Administered*) |
| § | |

**MARATHON'S AMENDED OBJECTION TO CONFIRMATION
OF THE DEBTORS' FOURTH AMENDED JOINT CHAPTER 11 PLAN**

Marathon Oil Company and its affiliates and subsidiaries (collectively "Marathon") object to confirmation of the Debtors' Fourth Amended Joint Chapter 11 Plan[1] and join the Other Objections[2] as well. This court lacks authority to confirm the Fourth Amended Plan because, while 11 U.S.C. § 554 provides a mechanism for ridding the estate of property that is burdensome or of inconsequential benefit to the estate:

> The Bankruptcy Court does not have the power to authorize an abandonment without formulating conditions that will adequately protect the public's health and safety. Accordingly, without reaching the question whether certain state laws imposing conditions on abandonment may be so onerous as to interfere with the bankruptcy adjudication itself, **we hold that a trustee may not abandon property in contravention of a state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards**.

*Midlantic Nat'l Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 507 (1986) (emphasis added). Here, the Debtors' Fourth Amended Plan attempts to have this court bless the commission of a crime in contravention of Title 30 (Minerals, Oil, and Gas and Environmental

---

[1] Docket No. 1284.

[2] The "Other Objections" which Marathon joins, incorporates, and reiterates here are: (i) Docket No. 1468 filed by BP Exploration & Production, Inc. ("BP"); (ii) Docket No. 1470 filed by Shell Offshore, Inc. ("Shell"); (iii) Docket No. 1476 filed by XH LLC, HHE Energy Co., and XTO Offshore, Inc. (collectively "XTO") (iv) Docket No. 1535 filed by Merit Energy Company ("Merit"); (v) Docket No. 1536 filed by W&T Offshore, Inc. and W&T Energy VI, LLC (collectively "W&T"); and (vi) Docket No. 1541 filed by McMoRan Oil & Gas LLC and Freeport-MCMoRan Oil & Has LLC (collectively, "McMoRan").

Quality) of the Louisiana Revised Statutes:

> § 30:34. Abandoning gas well without closing prohibited; penalty. No person shall abandon a well in or adjacent to a natural gas field or an apparent natural gas field, without first placing a properly made plug both above and below the gas-producing sand, or otherwise sufficiently securing the well against the admission of water into the gas-producing sand.
>
> Whoever violates this Section shall be fined not less than one hundred dollars nor more than one thousand dollars or imprisoned not less than thirty days nor more than four months, or both.

LA. R.S. § 30:34.  Confirmation of the Debtors' Fourth Amended Plan should be denied on this basis alone, 11 U.S.C. § 1129(a)(3), but other reasons exist:

(1) The Fourth Amended Plan provides for third-party releases under a convoluted opt-out plan that is not transparent. 11 U.S.C. § 524(e).  The overly broad releases are not supported by any consideration since all of the cash proceeds of the secured lender credit bid go to NewCo, thus zero cash goes to the estate or creditors as consideration for the releases to be given to NewCo and bidding lenders.  Marathon has accordingly tendered a ballot rejecting the Fourth Amended Plan and opting out of the releases. *See* Exhibit 1; *see also Bank of New York Trust Co., NA v. Official Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229, n.27 (5th Cir. 2009) (reaffirming *Republic Supply Company v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987) ruling that objecting to a release at confirmation prevents *res judicata* from barring a party from bringing a claim that would otherwise be specifically and expressly released by a confirmed reorganization plan).

(2) The Debtors have not secured approval from the Bureau of Ocean Energy Management to transfer property such that the Fourth Amended Plan is not feasible and confirmation should be denied. 30 C.F.R. § 556.700;

11 U.S.C. § 1129(a)(11).

(3) The Fourth Amended Plan does not treat like creditors alike. The Debtors have not proven that the value of assets going to NewCo treats the secured creditors appropriately on account of their deficiency claims when compared to predecessors like Marathon. *See In re 222 Liberty Associates*, 108 B.R. 971, 991 (Bankr. E.D. Pa. 1990) (Chapter 11 plan proponent has burden of proving rationale for any proposed discrimination in treatment of creditors under §§ 1122 and 1129). Further, the credit bidding secured lenders are proposing to release their liens on the abandoned assets in an effort to escape any decom/P&A liability as a lender in possession. Marathon reserves rights on this issue (and court should not rule on the issue) since there is no consideration being given to predecessors by the secured lenders in exchange for such a release.

(4) The Debtors would, under the Fourth Amended Plan, assume and assign contracts with little proper determination of cure estimates. Marathon is listed throughout the Debtors' Second Amended Schedule of Assumed Contracts and Cure Amounts at $0.00 without exception.[3] Marathon reiterates the argument of some of the Other Objections that the Fourth Amended Plan fails to establish fair and reasonable procedures for determining and challenging cure claims.

Dated: June 11, 2021               Respectfully submitted by,

                                   */s/ William R. Howell, Jr.*
                                   Clay M. Taylor
                                   TX 24033261 *(Admitted Bankr. S.D. Tex.)*
                                   M. Jermaine Watson
                                   TX 24063055 *(Admitted Bankr. S.D. Tex.)*
                                   J. Robertson Clarke
                                   TX 24108098 *(Admitted Bankr. S.D. Tex.)*

---

[3] Docket No. 1549.

        William R. Howell, Jr.
        NY 5091269 *(Admitted Bankr. S.D. Tex.)*
        BONDS ELLIS EPPICH SCHAFER JONES LLP
        420 Throckmorton Street, Suite 1000
        Fort Worth, Texas 76102
        (817) 405-6900 telephone
        (817) 405-6902 facsimile
        Email: clay.taylor@bondsellis.com
        Email: jermaine.watson@bondsellis.com
        Email: robbie.clarke@bondsellis.com
        Email: william.howell@bondsellis.com
        ATTORNEYS FOR MARATHON OIL COMPANY

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 11, 2021, a copy of the foregoing document was filed via the court's CM/ECF system, which automatically provides electronic notice to registered parties.

        */s/ William R. Howell, Jr.*
        William R. Howell, Jr.