IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, et al. | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

HCC INTERNATIONAL INSURANCE COMPANY PLC'S
*EMERGENCY* MOTION IN LIMINE

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED, AND A HEARING HAS BEEN REQUESTED FOR JUNE 16, 2021. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

92309648v.3

## INTRODUCTION

HCC International Insurance Company Plc ("HCCI") files this *Motion in Limine* (the "Motion in Limine") seeking to prevent any lay witnesses called by Fieldwood Energy LLC and its affiliated debtor companies (collectively, the "Debtor")—or lay witnesses called by any other party—from submitting expert testimony at the June 18, 2021 Confirmation Hearing.

To date, the Debtor has not disclosed any non-retained expert witnesses, nor did the Debtor make the disclosures required by the Federal Rules of Civil Procedure if a non-retained expert were to testify. Under the Court's scheduling order, the time to make those disclosures has passed. The Court should therefore prohibit any attempt by the Debtor to elicit expert testimony from its lay witnesses at the Confirmation Hearing.

## BASIS FOR RELIEF

**Non-retained expert witnesses must be disclosed.**

1. The Federal Rules of Civil Procedure require a party to disclose the identity of any witnesses who may provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A).

2. For potential expert witnesses who are not retained or specially employed to provide exert testimony (*i.e.*, for company employees who may provide expert testimony) a party must disclose: (i) the subject matter on which the witness is expected to present evidence and (ii) a summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C).

**The Debtor has made no disclosures regarding non-retained expert witnesses.**

3. The Court's Scheduling Order in this case required the Debtor to disclose its expert witnesses no later than April 21, 2021. *See* Scheduling Order (Doc. No. 1224). That time has

92309648v.3

passed, and Debtor has designated no non-retained expert witnesses. Rather Debtors designated two retained experts from AlixPartners and Houlihan Lokey.

4. The witnesses HCCI anticipates that the Debtor will designate—officers of the company such as Michael Dane—have not been disclosed as experts in accordance with Rule 26(a)(2)(A). Further, the Debtor has not served the required disclosures as required by Rule 26(a)(2)(C) as to the scope and summary of any non-retained expert testimony. **The Debtor may attempt to elicit expert testimony from its lay witnesses.**

5. At the Confirmation Hearing, confirmation of the Debtor's reorganization plan will depend in part on whether the Debtor can show that the plan is feasible. Section 1129(a)(11) of the Bankruptcy Code provides that:

> (a) The Court shall confirm a plan only if all of the following requirements are met:
> \*   \*   \*
> (11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

11 U.S.C. § 1129(a)(11).

6. To confirm the plan, the Court must make a specific finding, by a preponderance of the evidence, that the plan as proposed is feasible. *Matter of T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 801 (5th Cir. 1997). The feasibility requirement "mandates that the proponent of a Chapter 11 plan offer concrete evidence of sufficient cash flow to fund and maintain both its operations and obligations." *In re Mohajer 12 Corp.*, 2021 WL 287805, \*4 (S.D. Ala. Jan. 22, 2021) (*citing In re Trenton Ridge Investors, LLC*, 461 B.R. 440 (Bankr. S.D. Ohio 2011)(emphasis in original). A Chapter 11 Plan is not a visionary scheme nor is it a pipe dream. *Id*. "[R]ather [a Chapter 11 Plan] should involve the emergence of the reorganized debtor in a solvent condition

with reasonable prospects of financial stability and success." *Id.* (citing *In re Breland*, 2015 WL 1334947 (S.D. Ala. 2015)).

7. In assessing a plan's feasibility, courts frequently consider expert testimony. *See, e.g., In re Diamond Beach VP, LP*, 551 B.R. 590, 605 (S.D. Tex. 2016) (upholding the bankruptcy court's analysis of expert testimony on property valuation); *In re SCC Kyle Partners, Ltd.*, 518 B.R. 393, 406 (W.D. Tex. 2014) (considering expert testimony in support of feasibility in regards to property valuation and prospects of sales). Indeed, a feasibility expert can be an employee of the debtor, provided proper disclosures are made under the Federal Rules of Evidence. *See In re Montgomery Ct. Apartments of Ingham Cty., Ltd.*, 141 B.R. 324, 337 (Bankr. S.D. Ohio 1992).

8. Where feasibility is a contested issue but is not supported by expert testimony, bankruptcy courts in the Fifth Circuit have been reluctant to confirm reorganization plans. *See In re R.G. & C. Auto., Inc.*, No. 10-53385-RBK, 2011 WL 4707007, at *2 (Bankr. W.D. Tex. Oct. 6, 2011), *In re M & S Assocs., Ltd.*, 138 B.R. 845, 849 (Bankr. W.D. Tex. 1992) (denying confirmation of plans where debtors failed to put forth expert testimony on feasibility).

9. In *In re R.G. & C. Auto., Inc.*, a bankruptcy court denied confirmation of a plan in part because the debtor failed to put forth expert testimony in support of feasibility. 2011 WL 4707007, at *2. The only testimony the debtor put forth was that of its owner, who testified that "based on the projections and his experience, [his business] would generate sufficient cash flow during the period of the Plan to make all the required minimum payments." *Id.* at *2. The court found this to be insufficient proof of feasibility. *Id.* The court found that the debtor had presented "'little evidence regarding the feasibility of its Plan' and offered 'no independent expert testimony . . . regarding the feasibility of the Plan.'" *Id.* Therefore, the court denied confirmation. *Id.*

4

92309648v.3

10. HCCI anticipates that the Debtor may attempt to submit expert testimony regarding feasibility or other aspects its plan from lay witnesses. Because of the nature of the Debtor's reorganization plan, HCCI believes it is reasonably likely that the Debtor may seek to ask its witnesses to testify that the plan is feasible and that it conforms to section 1129(a)(11) of the Bankruptcy Code. Debtor's financial projections—attached to the Disclosure Statement as Exhibit O—contain assumptions and information that necessarily implicates expert testimony needs. Production forecasts are based on "(i) the decline rate of existing production; and (ii) the performance of wells forecasted to be developed or otherwise brought online during the Projection Period." (Doc. 1285, Ex. O at 4). This analysis necessarily implicates expert engineering testimony, and Debtors not designated any expert who can provide such testimony.

**The Court should prohibit the Debtor's lay witnesses from providing expert testimony.**

11. The Court should prohibit the Debtor (or any other party) from attempting to present expert testimony through lay witnesses who have not been disclosed as experts. Because the Debtor has failed to timely disclose any lay witnesses as potentially providing expert testimony, it should not be allowed to do so.

12. If the Debtor is permitted to elicit expert testimony from its lay witnesses, HCCI would be unfairly prejudiced. Without a fair opportunity to uncover the substance and sources of any potential expert testimony during the course of discovery in this case, HCCI and other opposing parties would be unable to rebut that testimony at the Confirmation Hearing. HCCI will have had no opportunity to question the potential witness on their testimony, no opportunity to consult or retain rebuttal witnesses, and will be unable to adequately challenge the testimony.

13. HCCI does not, however, seek to prohibit the Debtor's lay witnesses from offering testimony on facts; testimony from the Debtor's officers or employees about their jobs is certainly

5

92309648v.3

within the bounds of fairness. But to the extent that their testimony would constitute expert testimony pursuant to Federal Rules of Evidence 702, 703, and 705 that has not been timely disclosed, the Court should exclude it.

### BASIS FOR EMERGENCY RELIEF

14. Because HCCI seeks to have the issues raised in this Motion determined before the confirmation hearing scheduled for next Friday, HCCI respectfully request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). Accordingly, HCCI respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

### CONCLUSION

HCC International Insurance Company Plc respectfully requests that the Court grant this Motion in Limine, enter the attached proposed Order granting the relief requested herein, and for such other relief as the Court deems appropriate and just under the circumstances.

Respectfully submitted,

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg
Texas Bar Number 24033923
Elizabeth M. Guffy
Texas Bar Number 8592525
Simon R. Mayer
Texas Bar Number 24060243
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: peisenberg@lockelord.com
eguffy@lockelord.com
simon.mayer@lockelord.com

92309648v.3

>Bradley C. Knapp
>Texas Bar Number 24060101
>**LOCKE LORD LLP**
>601 Poydras St., Suite 2660
>New Orleans, LA 70130
>Telephone: (504) 558-5210
>Email: bknapp@lockelord.com
>
>***Attorneys for HCC International Insurance Company Plc***

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Paul Genender, counsel for Debtors, on June 11, 2021, regarding the relief sought in this Motion. Debtors indicated they would review the Motion following its filing.

>*/s/ Philip G. Eisenberg*
>Philip G. Eisenberg

## RULE 9013-1(i) CERTIFICATE

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

>*/s/ Philip G. Eisenberg*
>Philip G. Eisenberg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on June 14, 2021, on all parties registered for electronic service.

>*/s/ Simon R. Mayer*
>Simon R. Mayer