## EXHIBIT 16

**PROOF OF CLAIM NO. 875**

**United States Bankruptcy Court, Southern District of Texas (Houston Division)**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| ☒ Fieldwood Energy LLC (20-33948) | ☐ GOM Shelf LLC (20-33954) |
| ☐ Dynamic Offshore Resources NS, LLC (20-33947) | ☐ Bandon Oil and Gas GP, LLC (20-33955) |
| ☐ Fieldwood Energy Inc. (20-33949) | ☐ Bandon Oil and Gas, LP (20-33956) |
| ☐ Fieldwood Energy Offshore LLC (20-33950) | ☐ Fieldwood Energy SP LLC (20-33958) |
| ☐ Fieldwood Onshore LLC (20-33951) | ☐ Galveston Bay Pipeline LLC (20-33959) |
| ☐ Fieldwood SD Offshore LLC (20-33952) | ☐ Galveston Bay Processing LLC (20-33960) |
| ☐ FW GOM Pipeline, Inc. (20-33953) | ☐ Fieldwood Offshore LLC (20-33961) |

## Modified Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| | | | |
|---|---|---|---|
| 1. | Who is the current creditor? | Ridgewood Katmai, LLC | |
| | | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor   Ridgewood Energy Corporation | |
| 2. | Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes. From whom? _____ | |
| 3. | Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Michael Fishel <br> 1000 Louisiana Street, Suite 5900 <br> Houston, Texas 77002 <br><br> Contact phone   (713) 495-4645 <br> Contact email   mfishel@sidley.com | **Where should payments to the creditor be sent?** (if different) <br><br> Ridgewood Katmai, LLC <br> 1254 Enclave Parkway, Suite 600 <br> Houston, Texas 77077 <br><br> Contact phone   (201) 447-9000 <br> Contact email   dgulino@ridgewood.com |
| 4. | Does this claim amend one already filed? | ☐ No <br> ☒ Yes.   Claim number on court claims registry (if known) 661 | Filed on 11/24/2020 <br> MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ | |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ ___See Addendum___ .   **Does this amount include interest or other charges?**

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Addendum

**9. Is all or part of the claim secured?**

☐ No
☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**   See Addendum

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $___Fully Secured___

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)___6.4___%
☐ Fixed
☒ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

[X] No

[ ] Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| [ ] Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| [ ] Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| [ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| [ ] Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

[X] No

[ ] Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**   $_____

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

[X] I am the creditor.

[ ] I am the creditor's attorney or authorized agent.

[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Daniel V. Gulino*
Daniel V. Gulino (Dec 23, 2020 18:32 CST)

**Email:** mfishel@sidley.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Daniel | V. | Gulino |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Senior Vice President - Legal |
|---|---|

| Company | Ridgewood Katmai, LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 947 Linwood Avenue |
|---|---|
| | Number          Street |

| | Ridgewood | NJ | 07450 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | (201) 447-9000 | Email | dgulino@ridgewood.com |
|---|---|---|---|

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **I have supporting documentation.**
   (attach below)

☐ **I do <u>not</u> have supporting documentation.**

📎 Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

<u>Modified Official Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/FieldwoodEnergy.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Fieldwood Energy LLC Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

## ADDENDUM TO AMENDED PROOF OF CLAIM

1.     This Amended Proof of Claim is submitted by Ridgewood Katmai, LLC ("Ridgewood").  As described in this Addendum, the Amended Proof of Claim evidences a prepetition claim against Fieldwood Energy LLC (the "Debtor").

2.     In sum, the Debtor owes Ridgewood $20,046,112.78, plus pre- and post-petition interest, attorneys' fees, costs, and expenses, along with such other contingent and unliquidated amounts as will be determined at a future date.  The amounts owed break down as follow:

| Nature of Claim | Description | Amount |
|---|---|---|
| Project Team Invoices | May – Sept. 2020 Invoiced Costs | $7,031.25 |
| Dantzler Invoices | August 2020 "cash out" amounts for Dantzler Platform | $470.98 |
| Katmai Invoices | June and July 2020 "cash out" amounts for Katmai Platform | $4,835.47 |
| Filed Liens | Liens filed by various claimants as detailed below | $20,033,775.08 |
| Contingent Liability / Indemnification Claims | Contingent liability or indemnification claims arising under the Unit Agreement or applicable law | Unliquidated |

## RELEVANT FACTUAL BACKGROUND

### A.     Assignment of Leasehold Interests and Operating Rights

3.     On or about April 1, 2018, LLOG Bluewater Holdings, L.L.C., LLOG Exploration Offshore, L.L.C., Ridgewood Rockefeller, LLC, ILX Prospect Rockefeller, LLC, Houston Energy Deepwater Ventures XV, LLC, and Red Willow Offshore, LLC (collectively, the "Leasehold Interest Assignors") granted, transferred, conveyed and assigned to the Debtor, Ridgewood, and ILX Prospect Katmai, LLC ("ILX Prospect," and together with the Debtor and Ridgewood, the "Assignees") a collective undivided 100.00% of eight-eighths (8/8ths) Record

1

Title Interest in and to that certain Oil and Gas Lease of Submerged Lands ("Lease OSC-G 34966") described as follows:

> That certain Oil and Gas Lease dated effective September 1, 2013, from the United States of America, as Lessor, to Ridgewood Energy Corporation; Houston Energy, L.P.; Red Willow Offshore, LLC and LLOG Bluewater Holdings, L.L.C, as Lessees, bearing Serial Number OCS-G 34966, and covering all of Block 39, Green Canyon, OCS Official Protraction Diagram, NG 15-03, **INSOFAR AND ONLY INSOFAR** AS said lease covers Record Title in and to the NE/4NE/4 and N/2SE/4NE/4 of Green Canyon Block 39

*See* Letter to United States Department of Interior–BOEM Regarding Assignment of Record Title Interests in Federal OCS Oil and Gas Lease GC 39 OSC-G 34966 (the "Assignment of Leases Letter"), attached to Proof of Claim No. 661 as **Exhibit 1** and incorporated herein by reference.  The assignment of leasehold interests from the Leasehold Interest Assignors to the Assignees was comprised as follows:

| | |
|---|---|
| Debtor | 50.00% interest |
| Ridgewood | 25.00% interest |
| ILX Prospect | 25.00% interest |

4.      Also on or about April 1, 2018, Noble Energy, Inc., Ridgewood Rockefeller, LLC and ILX Prospect Rockefeller, LLC (collectively, the "Operating Interest Assignors") granted, transferred, conveyed and assigned to the Assignees a collective undivided 61.53846% of eight-eighths (8/8ths) Operating Rights Interest in and to Lease OSC-G 34966.  *See* Letter to United States Department of Interior–BOEM Regarding Assignment of Operating Rights Interest on Federal OCS Oil and Gas Lease (the "Assignment of Operating Rights Letter"), attached to Proof of Claim No. 661 as **Exhibit 2** and incorporated herein by reference.  The operating interest assignment from the Operating Interest Assignors to the Assignees was comprised as follows:

| | |
|---|---|
| Debtor | 50.00000% interest |
| Ridgewood | 5.76923% interest |

2

ILX Prospect          5.76923% interest

**B.     Terms of Unit Agreement**

*1.     Unit Agreement Generally*

5.     In connection with the assignments, the Debtors, Ridgewood, and ILX Prospect Katmai, LLC entered into a Unit Operating Agreement, effective as of April 1, 2018 (the "Unit Agreement"),[1] under which the parties, as the record title holders of leasehold interests or, where applicable, the operating rights in and to each leases set forth below (collectively, the "Leases") and the unit areas encompassed by such Leases (the "Unit Area"), outline their respective rights, obligations, and responsibilities regarding the exploration, appraisal, development, and operation of the Leases for the production of oil, gas, and associated liquid and gaseous by-products (except helium) that may be produced from a well bore on the Unit Area (collectively, "Hydrocarbons").

| LEASE NUMBER | AREA/ BLOCK NUMBER | LEASE EFFECTIVE DATE | EXPECTED EXPIRY DATE | LEASE ACREAGE | ROYALTY RATE & RSV | RECORD TITLE & PERCENT | | OPERATING RIGHTS & PERCENT |
|---|---|---|---|---|---|---|---|---|
| OCS-G 34966 | Green Canyon 39 (NE/4NE4 & N/2SE/4NE/4) | 09/01/2013 | 08/31/2021 | 540.000 | 18.75% R21 | Fieldwood Energy LLC<br>Ridgewood Katmai, LLC<br>ILX Prospect Katmai LLC | 50.00%<br>25.00%<br>25.00% | N/A |
| OCS-G 34536 | Green Canyon 40 (SE/4SW/4NW/4, N/2SW/4NW4, NW/4NW/4, E/2NW4, E/2, E/2SW/4 & E/2W/2SW/4) | 11/01/2012 | 10/31/2022 | 5,310.000 | 18.75% R22 | Fieldwood Energy LLC<br>Ridgewood Katmai, LLC<br>ILX Prospect Katmai LLC | 50.00%<br>25.00%<br>25.00% | N/A |
| OCS-G 34537 | Green Canyon 41 | 10/01/2012 | 09/30/2019 | 1,783.230 | 18.75% R22 | Fieldwood Energy LLC<br>Ridgewood Katmai, LLC<br>ILX Prospect Katmai LLC | 50.00%<br>25.00%<br>25.00% | N/A |
| OCS-G 34878 | Ewing Bank 1009 (SE/4SE/4) | 08/01/2013 | 07/31/2018 | 360.000 | 18.75% R21 | Fieldwood Energy LLC<br>Ridgewood Katmai, LLC<br>ILX Prospect Katmai LLC | 50.00%<br>25.00%<br>25.00% | N/A |
| OCS-G 34879 | Ewing Bank 1010 (S/2) | 08/01/2013 | 07/31/2018 | 2,880.000 | 18.75% R21 | Fieldwood Energy LLC<br>Ridgewood Katmai, LLC<br>ILX Prospect Katmai LLC | 50.00%<br>25.00%<br>25.00% | N/A |
| OCS-G 34880 | Ewing Bank 1011 (S/2) | 08/01/2013 | 07/31/2018 | 799.256 | 18.75% R21 | Fieldwood Energy LLC<br>Ridgewood Katmai, LLC<br>ILX Prospect Katmai LLC | 50.00%<br>25.00%<br>25.00% | N/A |
| | | | TOTAL | 11,672.49 | | | | |

absent certain exceptions not applicable here. Ridgewood will make the Unit Agreement available upon request by the Court or a party in interest following written notice to the Debtor and, in the case of a party in interest, entry into an appropriate non-disclosure agreement.

6.     The Unit Agreement also outlined the parties agreement to several liability limited in proportion to each party's participating interest share for all obligations and liabilities set forth in and assumed by the Unit Agreement, including without limitation all costs, obligations, and liabilities relating to the exploration, appraisal, development, and operation of the Leases and the appraisal, development, operation, plugging, or abandonment of any wells drilled, developed, or operated on the Leases.

7.     The parties designated the Debtor as the "Operator" of the Unit Area consistent with the terms of the Unit Agreement.  Consistent with this designation, each of Ridgewood and ILX Prospect are designated as a "Non-Operating Party" under the Unit Agreement.  The Department of the Interior's Bureau of Safety and Environmental Enforcement approved the designation of the Debtor as Operator on July 31, 2018 in Contract No. 754318002 (the "Department Approval"), which is attached to Proof of Claim No. 661 as **Exhibit 3** and incorporated herein by reference.

2.     *Treatment of Costs Under Unit Agreement*

8.     Under the Unit Agreement, the Operator is responsible for paying the monetary amount of all expenditures (or indebtedness), including any fines or penalties (except to the extent such fines or penalties are attributable to a party's gross negligence or willful misconduct) (the "Costs") incurred by the Operator and any Participating Party[2] in the conduct of activities or operations contemplated by, approved in, or determined under the Unit Agreement.  Each Participating Party is then responsible for reimbursing the Operator in proportion to its participating interest share for the Costs of these activities and operations.  The payment and

---

[2] A Participating Party is defined in the Unit Agreement as a party who, having the contractual right to do so, participates in the sharing of (a) the Costs, risks, and benefits (including rights to Hydrocarbons) of an approved activity or operation under the Unit Agreement; or (b) if applicable, the interests to be assigned to the parties.

4

reimbursement obligations of each of the Operator and Participating Parties are accomplished through the maintenance of and charging to a joint account (the "Joint Account").

9.      In sum, the Operator will bill the Non-Operating Parties on or before the last day of the month for their proportionate share of the Joint Account Costs for the preceding month. Adjustments will then be made against this amount for any advances received or Costs paid by the Non-Operating Party or for any amounts otherwise owed by the Operator to the Non-Operating Party that relate to a producing well, with the net cash out balance either owed by the Operator to one or each of the Non-Operating Parties or vice versa.  Invoices relating to "cash outs" are generated on a platform-by-platform basis with payment then owed by either the Operator or Non-Operating Party, as applicable, within thirty (30) days of receipt of the invoice.

10.      In addition to the billing measures discussed above, Project Team[3] costs incurred by a Non-Operating Party will be billed to the Operator on a monthly basis.  The Operator shall then reimburse the Non-Operating Party for its participating interest share of the costs incurred within thirty (30) days in accordance with the provisions of Exhibit C to the Unit Agreement.

*3.      Treatment of Liens Under Unit Agreement*

11.      The Unit Agreement requires the Operator to keep the Leases, production systems, facilities, other equipment purchased under the Unit Agreement, and the Hydrocarbons free from liens and encumbrances that might arise by reason of the activities or operations conducted in connection with the Unit Agreement. If a lien is placed on the Leases, production systems, facilities, other equipment purchased under the Unit Agreement, or any Hydrocarbons, the Operator is required to make reasonable efforts to remove the lien.

---

[3] Exhibit C to the Unit Agreement defines "Project Team" as the "employees of the [p]arties directly assigned to perform work and/or studies as defined under the terms of the [Unit] Agreement."

12.     If the Operator fails to remove the lien as required by the Unit Agreement, the expenses of handling, investigating, settling litigation or claims, paying, or otherwise discharging such liens, including, but not limited to, any defense costs relating to the Prospect Lawsuit (as defined below) or any other defense costs relating to any litigation from the lien claims or any judgments or settlement awards arising from or relating thereto, will be charged to the joint account or, if paid by either of Ridgewood or ILX Prospect, reimbursable from the Operator. The Debtor has admitted that under the Unit Agreement it must fully indemnify Ridgewood and/or ILX Prospect for any amounts paid by Ridgewood or ILX Prospect in removing the liens.[4]

### 4.     *Payment of Interest, Fees, and Expenses Under Unit Agreement*

13.     The unpaid balance of an invoice issued for costs under the Unit Agreement or for reimbursements due as a result of actions taken by Ridgewood or ILX Prospect relating to a lien shall bear interest compounded monthly using the lesser of either (a) the prime rate in effect at Chase Manhattan Bank plus 3%; or (b) the maximum contract rate permitted by the applicable usury laws in the jurisdiction in which the Lease is located.  Interest shall begin to accrue on the first day of the month in which the payment was due.  In addition, the party seeking payment is also entitled to attorney's fees, court costs, and any other costs or expenses generated in connection with or relating to the collection of unpaid invoiced or reimbursable amounts.

### 5.     *Secured Nature of Unit Agreement Obligations*

14.     Exhibit F to the Unit Agreement contains a grant by the Debtor to Ridgewood and ILX Prospect of a mortgage, hypothecate, and pledge of and over all of the Debtor's rights, titles, and interests in and to (a) the Leases; (b) the oil and gas in, on, under, and that may be produced

---

[4] *See Emergency Motion of the Debtors for Entry of an Order Extending the Automatic Stay to Certain of Debtors' Co-Working Interest Owners* [Docket No. 563] (the "Automatic Stay Motion") ¶¶ 3, 26 and Ex. 1.

6

from the Unit Area; and (c) all other immovable property or other property susceptible of mortgage situated within the Unit Area (the "Mortgage").

15.     This Mortgage was given by the Debtor to Ridgewood and ILX Prospect to secure the complete and timely performance of and payment by the Debtor of all obligations and indebtedness, of every kind and nature whether now owed or hereafter arising, arising from or related to the Unit Agreement, including but not limited to, all costs and other expenses properly charged by the Debtor, together with (a) interest on such indebtedness, costs, and other expenses at the rate set forth in the Unit Agreement; (b) reasonable attorneys' fees; (c) court costs; and (d) other directly related collection costs.  Under the Unit Agreement, the Mortgage is deemed to secure the obligations and indebtedness of the Debtor to Ridgewood and ILX Prospect in a maximum aggregate amount of $500,000,000.00, together with interest thereon.

16.     Ridgewood properly recorded the Mortgage in the real property records of the applicable parishes and counties, including as follows: (a) the Jefferson Parish, Louisiana Clerk of Court at Instrument Number 12014723; (b) the Terrebonne Parish, Louisiana Clerk of Court at File Number 1600731; (c) the Baldwin County, Alabama Clerk of Court at Instrument Number 1818927; and the Plaquemines Parish, Louisiana Clerk of Court at File Number 2020-00001048. Each of these records were then filed with the Department of Interior, Bureau of Ocean Management.  *See* Letter to United States Department of Interior–BOEM Regarding Non-Required Filing – Memorandum of Unit Operating Agreement (the "Mortgage Letter"), attached to Proof of Claim No. 661 as **Exhibit 4** and incorporated herein by reference.

17.     As a result of Ridgewood's properly recorded Mortgage, any claim Ridgewood asserts relating to the Unit Agreement is fully secured.

C.    **Debtor's Bankruptcy Filing**

18.    On August 3 and August 4, 2020 (the "<u>Petition Date</u>") the Debtor, along with thirteen (13) of its affiliates, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

19.    At the time of filing, the Debtor owed Ridgewood $20,046,112.78, plus pre- and post-petition interest, attorneys' fees, costs, and expenses.  Ridgewood also holds a contingent claim against the Debtor in an unliquidated amount for any future obligations or indemnity liability that may arise under the Unit Agreement or by operation of law.

## DESCRIPTION OF AMOUNTS OWED

A.    **Costs Owed Under Unit Agreement**

    *1.    Project Team Invoices*

20.    As noted in the Project Team invoices, which are attached to Proof of Claim No. 661 as **Exhibit 5** and incorporated herein by reference, Bruce Crager is a member of the Katmai prospect Integrated Project Team.  In this role Mr. Crager billed Ridgewood and ILX Prospect for certain costs relating to the services provided in May, June, July, August, and September 2020.  These Project Team costs were incurred by Ridgewood and by ILX Prospect, as the Non-Operating Parties, under the terms of the Unit Agreement and the November 1, 2018 letter regarding the Project Team issued in connection thereto.  Consistent with the Unit Agreement, Ridgewood has invoiced the Debtor, as Operator, for reimbursement equal to the Debtor's participating interest share.

21.    The Project Team invoices are dated for July 24, 2020 (the "<u>July Invoice</u>") and October 14, 2020 (the "<u>October Invoice</u>").  Thus, under the terms of the Unit Agreement, such

invoices were to be paid by August 23, 2020 and November 13, 2020, respectively.   No payments on the Project Team invoices were received.

22.     Ridgewood is entitled to pre- and post-petition interest on the amounts due under the Project Team invoices, which interest shall begin to accrue in the case of the July Invoice on August 1, 2020 and in the case of the October Invoice on November 1, 2020.  Ridgewood is also entitled to attorneys' fees, court costs, and any expenses incurred in connection with its collection of the Project Team invoices.  Ridgewood reserves all rights to update its Amended Proof of Claim to itemize these amounts in the future.

2.     *Cash Out Amounts*

23.     Consistent with the Unit Agreement, Ridgewood and the Debtor historically net out the relevant costs, expenses, and payments for each platform on a monthly basis.  The invoices relating to those cash out amounts are in the Debtor's possession and can be provided upon request.

24.     Pursuant to the cash out invoices, the Debtor owes Ridgewood $470.98 relating to the August 2020 invoice for the Dantzler platform and $4,835.47 for the June and July 2020 invoices for the Katmai platform.  The Debtor was required to remit payment on each of these invoices within thirty (30) days of invoice receipt.  Ridgewood is entitled to pre- and post-petition interest on the amounts due under the cash out invoices, which interest shall begin to accrue on the first day of the month that the invoice was due.  Ridgewood is also entitled to attorneys' fees, court costs, and any expenses incurred in connection with its collection of the cash out invoices.  Ridgewood reserves all rights to update its Amended Proof of Claim to itemize these amounts in the future.

B.      **Amounts Owed Relating to Filed Liens**

25.      Beginning in July 2020 and continuing through the present, various parties responsible for furnishing labor, equipment, machinery, materials, and related services in support of the development, exploration, maintenance, operation, and abandonment of oil and gas wells began to file Lien Affidavits, Notice of Claim of Lien, and Statements of Privilege in the real property records for the various parishes adjacent to the Leases (the "Lien Filings").  Each of these Lien Filings are made under the Louisiana Oil Well Lien Act and assert a secured claim for various services or equipment provided by the claimant to the Debtor prior to the petition date.

26.      Further, Atlantic Maritime Services LLC has filed an in rem complaint against Ridgewood and ILX Prospect in the United States Eastern District of Louisiana and are seeking recognition and enforcement of their lien against the subject interests and a request for writ of sequestration against the subject interests.  *See Atlantic Maritime Services, LLC v. Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC¸* Case No. 2:20-cv-03099 (JTM-JVM) at ECF No. 1, (E.D. La. Nov. 13, 2020) (the "Prospect Lawsuit").  The Debtor admitted that it is liable to Ridgewood on an indemnification basis for any costs paid by Ridgewood in connection with the filed liens and/or Prospect Lawsuit.  *See* Automatic Stay Motion ¶¶ 3, 26 and Ex. 1.

27.      Each of the amounts owed relating to each of these Lien Filings and the Prospect Lawsuit are set forth below.[5]

---

[5] Subsea 7 (US) LLC ("Subsea 7") filed a *Notice of Perfection of Statutory Lien and Statement of Privilege by Subsea 7 LLC Pursuant to 11 U.S.C. § 546(b)(2)* [Docket No. 329] (the "Lien") on September 11, 2020.  Since the date of the Lien filing, Subsea 7 has filed a cancellation of lien with the appropriate counties.  The cancellation documents are attached hereto as **Exhibit 6**.  Ridgewood reserves all rights to further amend this Amended Proof of Claim to add the Lien in the event the Court does not view the documents attached as **Exhibit 6** as sufficient to effectively withdraw the Lien filing at Docket No. 329.

| Date | Lease Number | Description | Amount |
|---|---|---|---|
| 7/16/2020 | OSC-G-34536 | Lien by Atlantic Maritime Services LLC | $6,973,379.03 |
| 7/23/2020 | OSC-G-34536 | Lien by Atlantic Maritime Services LLC | $138,327.52 |
| 8/17/2020 | OSC-G-34536 | Lien by Tetra Technologies, Inc. | $3,331,356.30 |
| 9/4/2020 | OCS-G 34536 | Lien by DeepSea Quality Consulting Inc. | $60,553.09 |
| 9/4/2020 | OCS-G 34966 | Lien by DeepSea Quality Consulting Inc. | $60,553.09 |
| 9/18/2020 | OCS-G 34536 | Lien by Wild Well Control, Inc. | $6,750.00 |
| 10/02/2020 | OCS-G 34536 | Lien by Workstrings International, L.L.C. | $1,743,719.92 |
| 10/02/2020 | OCS-G 34536 | Lien by Superior Energy Services, L.L.C. | $77,728.48 |
| 10/13/2020 | OCS-G 34536 | Lien by Expro Americans, L.L.C. | $338,566.58 |
| 10/20/2020 | OCS-G 34536 | Lien by Halliburton Energy Services, Inc. | $5,826,865.42 |
| 11/06/2020 | OCS-G 34536 | Lien by Total Safety U.S., Inc. | $8,875.00 |
| 11/10/2020 | OCS-G 34536 | Lien by Superior Performance Inc. | $152,178.06 |
| 11/12/2020 | OCS-G 34536 | Lien by National Oilwell Varco, L.P. | $331,253.37[6] |
| 11/12/2020 | OCS-G 34536 | Lien by PetroAmigos Supply, Inc. | $488,282.28 |
| 11/24/2020 | OCS-G 34536 | Lien by Welltec, Inc. | $222,000.00 |
| 11/30/2020 | OCS-G 34566 | Lien by Oil States Energy Services, LLC | $91,683.14 |
| 11/30/2020 | OCS-G 34536 | Lien by Oil States Energy Services, LLC | $181,703.80 |
| **Total:** | | | **$20,033,775.08** |

28.     Under the Unit Agreement, Ridgewood is entitled to reimbursement from the Debtor for all expenses of handling, investigating, settling litigation or claims, paying, or otherwise discharging such liens, including, but not limited to, any defense costs relating to the Prospect Lawsuit or any other defense costs relating to any litigation from the lien claims or any judgments or settlement awards arising from or relating thereto.  These expenses shall accrue pre- and post-petition interest in accordance with the terms of the Unit Agreement.

---

[6] Notice of Lien Filing is not itemized by lien.  *See* Docket No. 546.

29.     Ridgewood reserves all rights to update its Amended Proof of Claim to itemize the pre- and post-petition interest amounts, along with any attorneys' fees, court costs, or other expenses, in the future.

### C.     Contingent and Unliquidated Claim

30.     As a result of the Unit Agreement, the Debtor may have obligations to Ridgewood relating to certain liabilities, losses, or indemnification obligations, which may include but are not limited to obligations attributable to environmental reclamation, restoration, remediation, operations, and/or regulatory requirements.  Accordingly, Ridgewood may have claims against the Debtor arising from obligations relating to the Unit Agreement or any ancillary document related thereto.  The total amount of Ridgewood's claims against the Debtor under the Unit Agreement have not yet been determined.

31.     Additionally, the Debtor may be liable, pursuant to federal regulations, for any decommissioning obligations that accrue during the period of its operating rights interest ownership, *i.e.*, from April 1, 2018 to and continuing through the present.  To the extent any of these decommissioning obligations are charged to Ridgewood, Ridgewood will hold a claim against the Debtor relating to the liabilities charged.

32.     Finally, the Debtor may have obligations to Ridgewood under certain federal regulations or other applicable law, including but not limited to, environmental, reclamation, restoration, remediation, operational, and/or regulatory obligations or liabilities.  The total amount of Ridgewood's claims against the Debtor relating to these contingent decommissioning liabilities or obligations arising under federal regulations and/or applicable law have not yet been determined

## **RESERVATION OF RIGHTS**

33.     Ridgewood reserves the right to amend or supplement this Amended Proof of Claim, including without limitation, by: (a) adding documents; (b) asserting indemnity, contribution, or similar rights, claims, or defenses; or (c) changing priority and fixing, increasing, or amending in any respect the amounts and claims referred to herein.  Ridgewood further reserves the right to file additional proofs of claim for additional claims, including without limitation, claims for administrative expenses and all other claims, at law or in equity, arising prior to, on, or after the Debtor's petition date.  Ridgewood reserves the right to amend or supplement this Amended Proof of Claim if it deems it necessary and appropriate, for any reason.  Ridgewood further reserves any rights to recoupment and, if appropriate, may exercise such rights without further order of the Court and without amending this claim.

34.     Ridgewood does not waive any rights at law or equity or any rights or causes of action that Ridgewood has or may have against any person, including but not limited to the Debtor and its affiliates.  The Amended Proof of Claim is not intended to be, and shall not be construed as (a) an election of remedies; (b) a waiver of any defaults; (c) an admission as to the jurisdiction of this Court or a waiver to contest the jurisdiction of this Court; (d) a waiver of the right to trial by jury in this Court or any other court in any proceeding, notwithstanding the designation or not of any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a waiver of the contractual right to arbitration; (f) a release of Ridgewood's right to have any and all final orders in any and all noncore matters or proceedings entered only after a de novo review by a United States District Court judge; (g) a waiver of the right to withdraw the reference with respect to the subject matter of this Amended Proof of Claim, any objection thereto or other

13

proceeding which may be commenced in these cases against or otherwise involving Ridgewood;

or (h) a waiver or limitation of any rights, remedies, claims, or interests of Ridgewood.

35.    <u>Notices</u>.  All notices to Ridgewood are to be sent to:

> Daniel V. Gulino – Senior Vice President
> Ridgewood Energy Corporation
> 947 Linwood Avenue,
> Ridgewood, NJ 07450
> (201) 447-9000
> dgulino@ridgewood.com
>
> *With a copy to*:
>
> Michael Fishel
> Sidley Austin LLP
> 1000 Louisiana St., Suite 6000
> Houston, Texas 77002
> (713)-495-4500
> mfishel@sidley.com

Dated: December 23, 2020                     **SIDLEY AUSTIN LLP**

> */s/  Michael Fishel*
> Michael Fishel
> Texas Bar No. 24082998
> Federal Bar No. 1726005
> Jeri Leigh Miller
> Texas Bar No. 24102176
> Federal Bar No. 3470561
> SIDLEY AUSTIN LLP
> 1000 Louisiana Street, Suite 6000
> Houston, TX 77002
> Telephone: (713) 495-4500
> Facsimile: (713) 495-7799
> mfishel@sidley.com
> jeri.miller@sidley.com
>
> *Counsel for Ridgewood Katmai, LLC*

14

## __EXHIBIT 6__

**Subsea 7 Release Documents**

# Plaquemines Parish Recording Page

**Kim Turlich-Vaughan**
**Clerk of Court**
PO Box 40
Belle Chasse, LA  70037
(504) 934-6610

**Received From :**
PHELPS DUNBAR, LLP
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA 70130

**First MORTGAGOR**

SUBSEA 7 US LLC

**First MORTGAGEE**

FIELDWOOD ENERGY LLC

| | | |
|---|---|---|
| **Index Type :** | MORTGAGE | **File # :** 2020-00004577 |
| **Type of Document :** CANCELLATION | | |
| | | **Book :** 780   **Page :** 894 |
| **Recording Pages :** | 3 | |

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Plaquemines Parish, Louisiana.

This instrument was eRecorded.

On (Recorded Date) : 11/02/2020

At (Recorded Time) :  1:18:58PM

_Kim Turlich-Vaughan_
Clerk of Court

**Return To :**   PHELPS DUNBAR, LLP
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA  70130

## REQUEST TO CANCEL INSCRIPTION

In accordance with the provisions of La. Civil Code Article 3366 & La. R.S. 9:5174, the Clerk of Court and Recorder of Mortgages for the Parish of Plaquemines is hereby authorized, directed, and requested to cancel the inscription:

Recorded in Mortgage Office Book __776__ Folio __446__, instrument no. __2020-00003697__.

Debtor name: __FIELDWOOD ENERGY, LLC__

And the following related inscriptions:

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

The undersigned acknowledges that he/she is liable to and shall indemnify the Recorder of Mortgages and any person relying on this request for cancellation for any damages they may suffer as a consequence of such reliance in accordance with the provisions of La. R.S. 9:5174.

__Oct 22, 2020__
**DATE**

**SIGNATURE**

**PRINTED name of Above Signed Party:** JEREMY A. WOULDS

**Company (if applicable):** SUBSEA 7 (US) LLC

**By (if applicable):** PROJECTS AND OPERATIONS DIRECTOR  *Duly Authorized Agent*

**Mailing Address:** 17220 KATY FREEWAY, SUITE 100

**City:** HOUSTON      **State:** TX     **ZIP:** 77094

**e-Mail Address:** _____

**Phone #:** __(_____)_____

## RELEASE BY OBLIGEE OF RECORD OF AN UNPARAPHED OBLIGATION
### *Pursuant to La. R.S. 9:5169*

State of TEXAS

Parish/County of HARRIS

    Before me the undersigned Notary, duly commissioned and qualified in and for the above named Parish/County and State, and in the presence of competent witnesses, personally came and appeared: SUBSEA 7 (US) LLC _____ represented herein by JEREMY A. WOULDS _____, (title): PROJECTS AND OPERATIONS DIRECTOR, its duly authorized representative, who, after being first sworn declared:

    The above named appearer was the obligee of record of the mortgage or privilege described below, when the mortgage or privilege was paid, extinguished, or otherwise satisfied.

    The obligation secured by the mortgage or privilege is hereby released and the Clerk of Court and ex-officio Recorder of Mortgages for the **Parish of Plaquemines** is hereby expressly requested, authorized and directed to cancel the recordation of the mortgage or privilege described as follows:

    A mortgage, lien, or privilege:

**Granted/Made by:** FIELDWOOD ENERGY, LLC

**In favor of:** SUBSEA 7 (US) LLC

**Executed before** DONNA BAYHI _____, Notary Public;

**Recorded in MOB** 776 **FOLIO** 446, Plaquemines Parish;

**Legal description of subject property:** LEASE NO. OCS-G-36476, GREEN CANYON, BLOCK 39

***Attach property description for partial release ONLY. If no property description is provided, this document is intended as a FULL release of the aforesaid inscription.***

    Associated inscriptions to be cancelled:

A(n) _____ recorded in MOB _____ FOLIO _____;
A(n) _____ recorded in MOB _____ FOLIO _____;
A(n) _____ recorded in MOB _____ FOLIO _____;
A(n) _____ recorded in MOB _____ FOLIO _____;
A(n) _____ recorded in MOB _____ FOLIO _____.

**Witnesses:**

_____

_____

**Affiant's Signature:** _____

**Printed Name:** JEREMY A. WOULDS

**Company Name:** SUBSEA 7 (US) LLC

**Title:** PROJECTS AND OPERATIONS DIRECTOR (Its duly authorized agent)

**Mailing Address:** 17220 KATY FREEWAY, SUITE 100

**City:** HOUSTON **State:** TX **ZIP:** 77094

**Telephone #:** _____ **Email:** _____

**Sworn to and subscribed before me this** 22nd **day of** Oct, 20 20

_____ **Notary Public**

**Notary Printed Name:** Donna Bayhi

**Notary or Bar Roll Number:** 131156960 **Commission expires:** 6-5-2021

DONNA BAYHI
Notary Public, State of Texas
Comm. Expires 06-05-2021
Notary ID 131156960

# Plaquemines Parish Recording Page

**Kim Turlich-Vaughan**
**Clerk of Court**
PO Box 40
Belle Chasse, LA 70037
(504) 934-6610

**Received From :**

    PHELPS DUNBAR, LLP
    365 CANAL STREET
    SUITE 2000
    NEW ORLEANS, LA 70130

**First MORTGAGOR**

SUBSEA 7 US LLC

**First MORTGAGEE**

FIELDWOOD ENERGY LLC

| | |
|---|---|
| **Index Type :**    MORTGAGE | **File # :** 2020-00004578 |
| **Type of Document :** CANCELLATION | |
| | **Book :** 780     **Page :** 897 |
| **Recording Pages :**      3 | |

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Plaquemines Parish, Louisiana.

    This instrument was eRecorded.

    On (Recorded Date) : 11/02/2020

    At (Recorded Time) : 1:20:33PM

Clerk of Court

**Return To :**      PHELPS DUNBAR, LLP
                 365 CANAL STREET
                 SUITE 2000
                 NEW ORLEANS, LA 70130

## REQUEST TO CANCEL INSCRIPTION

In accordance with the provisions of La. Civil Code Article 3366 & La. R.S. 9:5174, the Clerk of Court and Recorder of Mortgages for the Parish of Plaquemines is hereby authorized, directed, and requested to cancel the inscription:

Recorded in Mortgage Office Book __776__ Folio __461__, instrument no. __2020-00003698__.

Debtor name: __FIELDWOOD ENERGY, LLC__

And the following related inscriptions:

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

The undersigned acknowledges that he/she is liable to and shall indemnify the Recorder of Mortgages and any person relying on this request for cancellation for any damages they may suffer as a consequence of such reliance in accordance with the provisions of La. R.S. 9:5174.

__Oct 22, 2020__
**DATE**

_____
**SIGNATURE**

**PRINTED name of Above Signed Party:** __JEREMY A. WOULDS__

**Company *(if applicable)*:** __SUBSEA 7 (US) LLC__

**By *(if applicable)*:** __PROJECTS AND OPERATIONS DIRECTOR__ *Duly Authorized Agent*

**Mailing Address:** __17220 KATY FREEWAY, SUITE 100__

**City:** __HOUSTON__     **State:** __TX__     **ZIP:** __77094__

**e-Mail Address:** _____

**Phone #:** __(_____)_____

## RELEASE BY OBLIGEE OF RECORD OF AN UNPARAPHED OBLIGATION
*Pursuant to La. R.S. 9:5169*

State of TEXAS

Parish/County of HARRIS

    Before me the undersigned Notary, duly commissioned and qualified in and for the above named Parish/County and State, and in the presence of competent witnesses, personally came and appeared: SUBSEA 7 (US) LLC represented herein by JEREMY A. WOULDS , (title): PROJECTS AND OPERATIONS DIRECTOR , its duly authorized representative, who, after being first sworn declared:

    The above named appearer was the obligee of record of the mortgage or privilege described below, when the mortgage or privilege was paid, extinguished, or otherwise satisfied.

    The obligation secured by the mortgage or privilege is hereby released and the Clerk of Court and ex-officio Recorder of Mortgages for the **Parish of Plaquemines** is hereby expressly requested, authorized and directed to cancel the recordation of the mortgage or privilege described as follows:

    A mortgage, lien, or privilege:

Granted/Made by: FIELDWOOD ENERGY, LLC

In favor of: SUBSEA 7 (US) LLC

Executed before DONNA BAYHI , Notary Public;

Recorded in MOB 776 FOLIO 461 , Plaquemines Parish;

Legal description of subject property: LEASE NO. OCS-G-34536, GREEN CANYON, BLOCK 40

***\*\*\*Attach property description for partial release ONLY. If no property description is provided, this document is intended as a FULL release of the aforesaid inscription.\*\*\****

Associated inscriptions to be cancelled:

A(n) _____ recorded in MOB _____ FOLIO _____;

A(n) _____ recorded in MOB _____ FOLIO _____;

A(n) _____ recorded in MOB _____ FOLIO _____;

A(n) _____ recorded in MOB _____ FOLIO _____;

A(n) _____ recorded in MOB _____ FOLIO _____.

Witnesses:

_____

_____

Affiant's Signature: _____

Printed Name: JEREMY A. WOULDS

Company Name: SUBSEA 7 (US) LLC

Title: PROJECTS AND OPERATIONS DIRECTOR **(Its duly authorized agent)**

Mailing Address: 17220 KATY FREEWAY, SUITE 100

City: HOUSTON State: TX ZIP: 77094

Telephone #:_____ Email: _____

Sworn to and subscribed before me this

22nd day of Oct , 2020

_____
Notary Public

Notary Printed Name: Donna Bayhi

Notary or Bar Roll Number : 131156960 Commission expires: 6-5-2021

DONNA BAYHI
Notary Public, State of Texas
Comm. Expires 06-05-2021
Notary ID 131156960

Inst. # 2020067395 Pages: 1 of 2 Doc: REL
I certify this instrument filed on 10/4/2020 2:15 PM
Don Davis. Judge of Probate
Mobile County, AL. Rec: $8.00

Clerk: KROBINSON

**STATE OF ALABAMA**

**COUNTY OF MOBILE**

## RELEASE OF STATEMENT OF LIEN

KNOW ALL MEN BY THESE PRESENTS that the undersigned, **SUBSEA (US) 7, LLC**, holder of that Statement of Lien recorded as Instrument # 2020055765, in the Office of the Judge of Probate of Mobile County, Alabama, having been paid, does hereby declare that the debt secured by that Statement of Lien is fully satisfied, released, and forever discharges on this the ⟨22nd⟩ day of October, 2020.  The recorder or clerk of said County is hereby instructed to record this instrument and to cancel, release, and discharge the Statement of Lien described herein.

**WHEREOF,** the undersigned has caused his hand and seal to be placed on this the ⟨22nd⟩ day of October, 2020.

SUBSEA (US) 7, LLC

By:_____
    Jeremy A. Woulds
As its: Projects and Operations Director

PD.30071271.1

1

STATE OF TEXAS
COUNTY OF HARRIS

I, the undersigned, a Notary Public in and for said county in said state, hereby certify that JEREMY A. WOULDS, whose name as Projects and Operations Director of **SUBSEA (US) 7, LLC**, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, as such authorized agent and attorney, and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official notarial seal this _22nd_ day of _Oct_ , 2020.

> DONNA BAYHI
> Notary Public, State of Texas
> Comm. Expires 06-05-2021
> Notary ID 131156960

Notary Public
State of Texas at Large

My Commission Expires: _6 - 5 - 2021_

THIS INSTRUMENT PREPARED BY:

Patrick M. Shelby
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
504-584-9263
rick.shelby@phelps.com

# 12055219

## REQUEST TO CANCEL INSCRIPTION

In accordance with the provisions of La. Civil Code Article 3366 & La. R.S. 9:5174, the Clerk of Court and Recorder of Mortgages for the Parish of Jefferson is hereby authorized, directed, and requested to cancel the inscription:

Recorded in Mortgage Office Book 4894 Folio 588, instrument no. 12043825.
Debtor name: FIELDWOOD ENERGY, LLC

And the following related inscriptions:
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

The undersigned acknowledges that he/she is liable to and shall indemnify the Recorder of Mortgages and any person relying on this request for cancellation for any damages they may suffer as a consequence of such reliance in accordance with the provisions of La. R.S. 9:5174.

Oct 22, 2020
**DATE**

**SIGNATURE**

PRINTED name of Above Signed Party: JEREMY A. WOULDS
Company (*if applicable*): SUBSEA 7 (US) LLC
By (*if applicable*): PROJECTS AND OPERATIONS DIRECTOR *Duly Authorized Agent*
Mailing Address: 17220 KATY FREEWAY, SUITE 100

3 AM JEFF PAR 6508537 hrb $65.00 ::: 12055219 MORTGAGE BOOK 4903 PAGE 361

# 12055219

## RELEASE BY OBLIGEE OF RECORD OF AN UNPARAPHED OBLIGATION
### *(Pursuant to La. R.S. 9:5169)*

State of TEXAS

Parish/County of HARRIS

Before me the undersigned Notary, duly commissioned and qualified in and for the above named Parish/County and State, and in the presence of competent witnesses, personally came and appeared: SUBSEA 7 (US) LLC represented herein by JEREMY A. WOULDS , (title): PROJECTS AND OPERATIONS DIRECTOR , its duly authorized representative, who, after being first sworn declared:

The above named appearer was the obligee of record of the mortgage or privilege described below, when the mortgage or privilege was paid, extinguished, or otherwise satisfied.

The obligation secured by the mortgage or privilege is hereby released and the Clerk of Court and Recorder of Mortgages for the Parish of Jefferson is hereby expressly requested, authorized and directed to cancel the recordation of the mortgage or privilege described as follows:

A mortgage, lien, or privilege:

Granted/Made by: FIELDWOOD ENERGY, LLC

In favor of: SUBSEA 7 (US) LLC

Instrument dated 09/09/2020   Recorded in JEFFERSON   Parish;

Executed before DONNA BAYHI , Notary Public;

Recorded in MOB 4894 FOLIO 588 , INSTRUMENT NO. 12043825 ;

Legal description of subject property: LEASE NO. OCS-G-34536, GREEN CANYON, BLOCK 40

***Attach property description for partial release ONLY. If no property description is provided, this document is intended us a FULL release of the aforesaid inscription.***

***If you wish to cancel related subsequent inscriptions, list them on the Request to Cancel Inscription form.***

Witnesses:

_____

_____

Affiant's Signature: _____

Printed Name: JEREMY A. WOULDS

Company Name: SUBSEA 7 (US) LLC

Title: PROJECTS AND OPERATIONS DIRECTOR (Its duly authorized agent)

3 AM JEFF PAR 6508537 hrb $65.00 ::: 12055219 MORTGAGE BOOK 4903 PAGE 361

# 12055218

## REQUEST TO CANCEL INSCRIPTION

In accordance with the provisions of La. Civil Code Article 3366 & La. R.S. 9:5174, the Clerk of Court and Recorder of Mortgages for the Parish of Jefferson is hereby authorized, directed, and requested to cancel the inscription:

Recorded in Mortgage Office Book 4894 Folio 587 , instrument no. 12043824 ,
Debtor name: FIELDWOOD ENERGY, LLC

And the following related inscriptions:

Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.
Recorded in Mortgage Office Book _____ Folio _____, instrument no. _____.

The undersigned acknowledges that he/she is liable to and shall indemnify the Recorder of Mortgages and any person relying on this request for cancellation for any damages they may suffer as a consequence of such reliance in accordance with the provisions of La. R.S. 9:5174.

10 20 2020
**DATE**

**SIGNATURE**

PRINTED name of Above Signed Party: JEREMY A. WOULDS
Company *(if applicable)*: SUBSEA 7 (US) LLC
By *(if applicable)*: PROJECTS AND OPERATIONS DIRECTOR *Duly Authorized Agent*
Mailing Address: 17220 KATY FREEWAY, SUITE 100

3 AM JEFF PAR 6508537 hrb $65.00 ::: 12055218 MORTGAGE BOOK 4903 PAGE 360

# 12055218

## RELEASE BY OBLIGEE OF RECORD OF AN UNPARAPHED OBLIGATION
### (Pursuant to La. R.S. 9:5169)

State of **TEXAS** _____

Parish/County of **HARRIS** _____

      Before me the undersigned Notary, duly commissioned and qualified in and for the above named Parish/County and State, and in the presence of competent witnesses, personally came and appeared: **SUBSEA 7 (US) LLC** _____ represented herein by **JEREMY A. WOULDS** _____, (title): **PROJECTS AND OPERATIONS DIRECTOR**, its duly authorized representative, who, after being first sworn declared:

      The above named appearer was the obligee of record of the mortgage or privilege described below, when the mortgage or privilege was paid, extinguished, or otherwise satisfied.

      The obligation secured by the mortgage or privilege is hereby released and the Clerk of Court and Recorder of Mortgages for the Parish of Jefferson is hereby expressly requested, authorized and directed to cancel the recordation of the mortgage or privilege described as follows:

      A mortgage, lien, or privilege:

Granted/Made by: **FIELDWOOD ENERGY, LLC** _____

In favor of: **SUBSEA 7 (US) LLC** _____

Instrument dated **09/09/2020** _____ Recorded in **JEFFERSON** _____ Parish;

Executed before **DONNA BAYHI** _____, Notary Public;

Recorded in MOB **4894** FOLIO **587**, INSTRUMENT NO. **12043824** ;

Legal description of subject property: **LEASE NO. OCS-G-36476, GREEN CANYON, BLOCK 39**

*\*\*\*Attach property description for partial release ONLY. If no property description is provided, this document is intended as a FULL release of the aforesaid inscription.\*\*\**

*\*\*\*If you wish to cancel related subsequent inscriptions, list them on the Request to Cancel Inscription form.\*\*\**

Witnesses:

_____

_____

Affiant's Signature: _____

Printed Name: **JEREMY A. WOULDS**

Company Name: **SUBSEA 7 (US) LLC**

Title: **PROJECTS AND OPERATIONS DIRECTOR** (Its duly authorized agent)

17220 KATY FREEWAY, SUITE 100

3 AM JEFF PAR 6508537 hrb $65.00 ::: 12055218 MORTGAGE BOOK 4903 PAGE 360

# Electronic Proof of Claim_EDU!A28824[[CSA#7 711#CF]]

Final Audit Report                                              2020-12-24

| | |
|---|---|
| Created: | 2020-12-24 |
| By: | Prime Clerk (epoc@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAotdjQnDGjMO0VW9JQMK_KQlKFE62VHny |

# "Electronic Proof of Claim_EDU!A28824[[CSA#7711#CF]]" History

📄 Web Form created by Prime Clerk (epoc@primeclerk.com)
2020-12-24 - 0:26:54 AM GMT

📎 Daniel V. Gulino (mfishel@sidley.com) uploaded the following supporting documents:
📎 Attachment
2020-12-24 - 0:32:17 AM GMT

📄 Web Form filled in by Daniel V. Gulino (mfishel@sidley.com)
2020-12-24 - 0:32:17 AM GMT- IP address: 198.232.63.61

🔏 (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/87.0.4280.88 Safari/537.36)
2020-12-24 - 0:32:20 AM GMT- IP address: 198.232.63.61

✅ Agreement completed.
2020-12-24 - 0:32:20 AM GMT