## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.,* | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

## DEBTORS' OPPOSITION TO HCC INTERNATIONAL INSURANCE COMPANY PLC'S EMERGENCY MOTION *IN LIMINE*
(ECF No. 1559)

Fieldwood Energy LLC ("**Fieldwood**")[2] and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this opposition to *HCC International Insurance Company PLC's* ("**HCCI**") *Emergency Motion in Limine* (ECF No. 1559) (the "**Motion**"), filed on June 14, 2021.

## INTRODUCTION

1.      The Motion should be denied for several reasons.  There is no basis to limit testimony from the Debtors' Chief Financial Officer, Michael Dane ("**Dane**"), on the Debtors' financial projections and their underlying assumptions in the upcoming confirmation trial in support of the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

[2] Fieldwood is a Delaware limited liability company with its principal place of business located at 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Debtors* (ECF No. 1284) (the "**Plan**").[3]  This testimony is not expert testimony; rather, it is fact testimony of the type routinely accepted by courts.  In fact, HCCI actually asserts that Dane should be barred from testifying about the "Debtors' financial projections" and "[p]roduction forecasts" (Motion ¶ 10), even though they asked for a corporate representative to testify to these very topics and then questioned Dane extensively on them.

2.      The Fifth Circuit and the Advisory Committee for Federal Rule of Evidence 701 ("**Rule 701**") clearly state Dane may testify as a lay fact witness.  The Court should deny the Motion.

## ARGUMENT

3.      Dane is the most knowledgeable person about Fieldwood as a company and its finances.  His knowledge is as a fact witness.  HCCI refuses to accept this and maintains without basis that his testimony must somehow be expert.  It is not.  HCC's argument is 1) wrong on the law, 2) contradicted by HCCI's own conduct, 3) reliant on a misunderstanding of the Plan, and 4) dependent on inapplicable cases.

4.      ***First***, business people such as Dane can testify to the value of their business and other matters pertaining to the business as matters of fact, not expert testimony.  *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003); Fed. R. Evid 701, *Advisory Committee Notes to 2000 Amendment*.  As the Advisory Committee Notes for the 2000 Amendment to Rule 701 expressly state:

> most courts have permitted the owner or officer of a business ***to testify to the value or projected profits of the business***, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. . . .  Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but ***because of the particularized knowledge that the***

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

> ***witness has by virtue of his or her position in the business***.  The
> amendment does not purport to change this analysis.

(emphasis added).  As the Advisory Committee intended, courts have routinely found that "[R]ule 701 does not preclude testimony by business owners or officers on matters that relate to their business affairs." *Tex. A&M*, 338 F.3d at 403.  For example, in *In re C & P Gray Farms, Inc.*, the court determined the plan was feasible based on the owner's testimony without an expert witness, despite objecting creditors presenting two feasibility experts against the plan.  *See* 70 B.R. 704, 706–07 (Bankr. W.D. Miss. 1987); *see In re Rota*, No. 89-14333S, 1990 WL 90968 at *4 (Bankr. E.D. Penn. June 26, 1990) (finding the plan feasible on the owner's testimony without supportive expert testimony and despite objecting expert testimony).

5.      Here, Dane is the Chief Financial Officer.  Under Rule 701, he can testify about his company's financial projections.  *Compare Tex. A&M*, 338 F.3d at 403 *with* Motion ¶ 10 (claiming the Chief Financial Officer cannot testify about the "Debtors' financial projections").  Moreover, he can also testify about the necessary assumptions behind the financial projections, which, in an oil and gas development and production company, include the projected decline in production of certain assets and projected performance of wells expected to come online.

6.      ***Second***, HCCI itself deposed Dane as a corporate representative on the very topics it now seeks to foreclose.  HCCI asked for a corporate representative to testify on "financial projections attached as Exhibit O to the Disclosure Statement" (Topic 1) and on "[t]he Debtors' reserve estimates and go-forward production estimates for FWE I (Topic 18).  *Declaration of Erin M. Choi in Support of Debtor's Opposition to HCCI's Emergency Motion in Limine* (filed concurrently herewith) ("**Choi Decl.**"), Ex. 1 (*Notice of Rule 30(b)(6) Deposition of Debtor*

*Fieldwood Energy LLC*).   The Debtors offered Dane for such topics and HCCI's counsel

questioned Dane on these topics after other counsel had already questioned him on them:

> Q.   A quick question going to the financial projections for
> Fieldwood I, and to just kind of clarify the earlier testimony[4] about
> what work is planned going forward for the capital spend, the capital
> spend budget in Exhibit O to the Disclosure Statement contemplates
> only well recompletions; is that correct?

Choi Decl., Ex. 2 ("**Dane Dep. Tr.**") 242:7–13.   Dane gave lengthy and detailed answers to

HCCI's counsel's follow-up questions, to which HCCI's counsel himself confessed, "**That makes**

**sense**. I will pass [you] to [the next questioner]."   Dane Dep. Tr. 244:11–13 (emphasis added).

7.   ***Third***, the Motion reveals HCCI's misunderstanding of the nature of the Debtors'

Plan.   The only going-concern portion of the Debtors will be Credit Bid Purchaser, which results

from a sale of assets.   As addressed more fully in *Debtors' Memorandum of Law in Support of (I)*

*Confirmation of Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its*

*Affiliated Debtors and (II) Omnibus Reply to Objections Thereto* (ECF 1553) (the "**Confirm.**

**Br.**"), where all or substantially all of the debtors' assets are sold pursuant to a plan, courts look

to the probability that the transaction will be consummated and the plan implemented and not to

the subsequent viability of the purchaser as a going concern.   *See* Confirm. Br. ¶¶ 44–69.   Thus,

the Debtors only need to show the following: the Credit Bid Transaction is likely to be

consummated; the Divisive Mergers will be effectuated as provided under the Plan; Credit Bid

Purchaser and each of the Divisive Merger entities will obtain all required bonding; and all of the

FWE I and III assets will be safely decommissioned, as designed by the Plan.   In cases like this,

---

[4] Dane was questioned throughout his deposition on financial projections, Exhibit O of the Disclosure statement, and reserve and go-forward production estimates.   *See* Dane Dep. Tr. 121:2–4 ("Q. Are you personally involved in the creation of [Exhibit O]? A. Yes."); *see, e.g.*, Dane Dep. Tr. 120:12–134:15 (addressing Exhibit O and projections); 134:16–157:17 (same); 201:18–204:19, *et seq.* (same); 242:7–244:10 (same); 282:6–287:16 (same).

courts regularly find fact testimony sufficient to establish feasibility.  *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 433 (Bankr. S.D. Tex. 2009) (for a plan proposing a sale of assets); *In re Landing Assocs.*, 151 B.R. 791, 819–21 (Bankr. W.D. Tex. 1993) (same); *In re Heritage Org., L.L.C.*, 375 B.R. 230, 311 (Bankr. N.D. Tex. 2007) (for a plan proposing liquidation).  Dane is unquestionably the best person to testify to these facts.  HCCI suggests an expert engineer is necessary, but just as a medical-malpractice lawyer has no business performing surgery, an engineer here would be the wrong professional to answer financial questions.  *See Debtors' Emergency Motion to Strike Lily Cheung's Purported Expert Testimony* (ECF No. 1547).

8.      **Fourth**, HCCI's cited case law fails to address bankruptcies—like this one—where most of the valuable assets are sold rather than restructured.[5]  *In re R.G & C. Automotive* concerned the reorganization of a four transmission repair shops where a relative of the owner testified to his non-accountant sister's calculations of financial projections, which she had not prepared for the purpose of the bankruptcy.  No. 10-53385-RBK, 2011 WL 4707007 (Bankr. W.D. Tex. Oct. 6, 2011).  The court quoted *In re M & S*, 138 B.R. 845 (Bankr. W.D. Tex. 1992), pointing out how indirect evidence of the sister's calculations, without anything else, was insufficient.  In *In re M & S*, the only evidence the court had to consider regarding feasibility was the owner's bare testimony that, based on his projections and experience, his apartment complex company would be able to pay off its debt, but the plan depended on negative amortization and balloon payments when the debt payments were already consuming all net cash flow and the debtor had no other source of income.  *See* 138 B.R. at 849–52.  Both cases concern small companies providing

---

[5] *See In re Mohajer 12 Corp.*, 2021 WL 287805 (S.D. Ala. Jan. 22, 2021); *see also In re Diamond Beach VP, LP*, 551 B.R. 590 (S.D. Tex. 2016) (concerning valuation, not feasibility and not analyzing whether an expert is required); *In re Montgomery Ct. Apartments of Ingham Cty., Ltd.*, 141 B.R. 324 (Bankr. S.D. Ohio 1992) (same); *In re SCC Kyle Partners, Ltd.*, 518 B.R. 393, 406 (W.D. Tex. 2014) (finding "expert testimony" only one of "multiple factors in determining the Plan's feasibility").

unsupported wishful thinking belied by other, far more compelling evidence in support of restructuring debt. Here, the Debtors are a billion dollar company providing well supported projections accompanied by credible testimony in support of a *sale of assets*. HCCI's cases are plainly distinguishable and irrelevant.

9. In addition to the foregoing points, including waiver by virtue of deposing Dane on these very topics, the Motion is not ripe at this time.

## CONCLUSION

10. Because HCCI is wrong on the law and facts and its only support is irrelevant and distinguishable case law, the Debtors respectfully submit that the Court should deny HCCI's Motion in its entirety.

Dated: June 16, 2021
      Houston, Texas

  /s/ Paul R. Genender

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
       Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Erin M. Choi (24079436)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email:   Paul.Genender@weil.com
       Erin.Choi@weil.com

## CERTIFICATE OF CONFERENCE

I hereby certify that, in accordance with Local Rule 9013-1(g), on June 15, 2021, I attempted to confer with HCCI's counsel, Philip Eisenberg, by phone and by follow up email in an attempt to resolve the Motion without the necessity of a hearing, but was unable to reach HCCI's counsel to resolve the matter.

*/s/ Erin M. Choi*
Erin M. Choi

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2021, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Paul R. Genender*
Paul R. Genender