# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| Debtors.[1] | § | |
| | § | **(Jointly Administered)** |

**DEBTORS' RESPONSES AND OBJECTIONS TO JOINT SURETY
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
FROM THE DEBTORS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable by Rules 7026, 7033, 7034, and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Fieldwood Energy LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby respond and object to the *Joint Surety Interrogatories and Request for Production of Documents From the Debtors*, dated April 14, 2021 (collectively, the "**Requests**," and each, a "**Request**").[2] The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494): Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930): FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Requests unless otherwise noted herein.

## RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or other court orders governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit these responses and objections notwithstanding, without intending to waive, and expressly preserving:  (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests or responses or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity; and (d) the right to revise, correct, supplement, or clarify the responses or any of the objections herein at any time.

3.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.  By producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand or subpoena, or any case brought by the Sureties or any other party.

4.      Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any matter brought by the Sureties or any other party, or that requests for similar information will be treated in a similar fashion.  Whether the Debtors have produced documents or objected to any particular Request should not be interpreted as an

admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Request, or that such production or objection constitutes admissible evidence.

## <u>GENERAL OBJECTIONS</u>

These general objections (the "**General Objections**") are applicable to the Requests in their entirety and are incorporated into each specific response below as if fully repeated therein. The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

1.      The Debtors object to the Requests, including, without limitation, the instructions and definitions therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in these chapter 11 proceedings.

2.      The Debtors object to the Requests insofar as they seek the production of "all" documents and communications concerning any given subject on the grounds that it is impracticable, overly broad, and otherwise unduly burdensome for the Debtors to locate and produce every conceivable responsive document, including those stored electronically.

3.      The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; and/or (d) any other applicable privilege, protection, or immunity from discovery.  The Debtors will not disclose information or produce documents protected by any privilege, rule, doctrine, immunity, or other similar protection.  Accordingly, any production of such documents or information would be inadvertent, and should not be deemed a waiver of such privilege, rule, doctrine, immunity, or other protection

or of any grounds for objection to discovery with respect to such information or the subject matter thereof, or of the Debtors' right to object to the use of any such information during any subsequent proceeding.  The Debtors reserve the right to redact any material covered by items (a) through (d) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

4.     The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third parties.

5.     The Debtors object to the Requests to the extent they require disclosure that would constitute a violation of any law or regulation, including applicable federal, state, or other privacy laws or data localization laws.

6.     The Debtors object to the Requests insofar as the breadth, burden, and expense of responding to the Requests outweighs the Requests' purported relevance and is disproportional to the needs of the case.  Furthermore, the Debtors object to the Requests to the extent they are so broad as to be more disruptive and costly to the Debtors than beneficial to the Sureties.

7.     The Debtors object to the Requests to the extent they call for the production of documents not within the Debtors' possession, custody, or control or for production of documents not obtainable by means of a reasonably diligent search.

8.     Any response to the Requests is made solely for the purpose of contested matters related to the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1284) (the "**Plan**"), and any future supplements or amendments that may be

made to the Plan, and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

9.      The Debtors reserve the right to further object to the production of documents in response to the Requests to the extent it is not related to any contested matter between the Debtors and the Sureties.

10.      The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement these responses and objections to the Requests.

## OBJECTIONS TO THE DEFINITIONS

1.      The Debtors object to the definitions of "Communication" and "Document" in Definition Nos. 5 and 7 as overbroad, unduly burdensome, and vague to the extent such terms purport to conflict with the definition of the terms "Communication" and "Document" as used in applicable Federal Rules, Bankruptcy Rules, and Local Rules.  For purposes of these responses and objections, the Debtors will interpret "Communication" and "Document" as defined and interpreted in the applicable Federal Rules, Bankruptcy Rules, and Local Rules.

2.      The Debtors object to the definition of "relating to" in Definition No. 12 on the grounds that the term is vague and unreasonably broad and, therefore, the Requests, if any, to which each term applies are unreasonably burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Notwithstanding the General Objections, each of which is incorporated by reference into each response below, the Debtors respond to the Sureties' specific Requests as follows:

**INTERROGATORY NO. 1**

Please identify the capital projects anticipated for FWE I including the lease associated with the capital project, the expected production, the amount of anticipated spend, and the anticipated timing for such project.

**RESPONSE:**

As discussed on the parties' telephonic conference on April 21, 2021 (the "**April 21 Call**"),

the Debtors do not have any capital projects anticipated for FWE I.

**INTERROGATORY NO. 2**

Please identify the allocation (by asset) of the anticipated plugging and abandonment costs for FWE I as set forth in Exhibit O to the Disclosure Statement, for years 1-5.

**RESPONSE:**

The Debtors' answers may be found in the FWE I Model (FWE-0000016), which is located

in the "FWE – Confirmation Discovery \ 1 – Financials \ 1.1 - General Financial" folder.

**INTERROGATORY NO. 3**

Please identify all documents/data relied upon by Debtors in preparing Exhibit O to the Disclosure Statement.

**RESPONSE:**

The Debtors have already produced responsive documents, which are located in the "FWE

– Confirmation Discovery \ 4 – Expert Materials" folder.

**INTERROGATORY NO. 4**

Please provide a detailed explanation of how the numbers in Exhibit O to the Disclosure Statement were formulated, including all assumptions and underlying data that went into the formulation of the numbers, setting forth with specificity how each of the numbers was calculated. Please provide citations to relevant documents/data for each of the numbers formulated.

**RESPONSE:**

The Debtors object to this Request as unduly burdensome and not proportional to the needs

of this case.  Notwithstanding the foregoing objections, the Debtors reference the answers provided

during the April 21 Call.  The Debtors further state that this Request seeks information that is more

appropriately obtained during a 30(b)(6) deposition.

## INTERROGATORY NO. 5

Please describe in detail the Debtors' marketing efforts for the sale of any of the FWE I
Assets from the time Debtors began discussing the filing of the Bankruptcy Cases with their
lenders to the present.

## RESPONSE:

The FWE I Assets were not included as part of the June 2020 marketing process.  In

connection with the filing of the Disclosure Statement in January 2021, the Debtors invited offers

on substantially all of the Debtors' assets:

> To help facilitate a smooth path towards consummation of the Plan and the
> Credit Bid Transaction, the Debtors and the Ad Hoc Group of Secured
> Lenders seek approval of a proposed outside date by which any third party
> must submit a qualified bid to acquire either (i) the Credit Bid Acquired
> Interests (as defined in the Credit Bid Purchase Agreement) or (ii)
> substantially all of the Debtors' assets in accordance with the requirements
> set forth below (each, a "Qualified Bid" and such bidder a "Qualified
> Bidder") by February 26, 2021.

*Motion of Debtors for Entry of Order (I) Approving Disclosure Statement and Form and Manner*

*of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures;*

*(III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for*

*Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the*

*Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for*

*Objections to the Assignment and Transfer of Property of The Estate; (VII) Approving Bid*

*Submission Deadline and Procedures for Submission of Higher or Better Bids; and (VIII) Granting*

*Related Relief Filed by Debtor Fieldwood Energy LLC*, ¶ 96 (Docket No. 724).

> The Debtors will continue to consider such proposals pursuant to certain
> procedures as provided for in the Disclosure Statement Motion (as defined
> below). Such procedures provide, among other things, that in evaluating
> whether any third-party bids qualify as a Qualified Bid (as defined in the

Disclosure Statement Motion), the Debtors may consider several factors including, but not limited to, (i) the amount and form of consideration of the purchase price, (ii) the assets included in or excluded from the bid, (iii) the value to be provided to the Debtors and their estates, (iv) the transaction structure and execution risk, and (v) the impact on all key stakeholders. Moreover, to the extent the Debtors receive one or more Qualified Bids on or before the Bid Deadline, the Debtors shall, no later than three (3) Business Days after the Bid Deadline, file with the Court a notice of receipt of such Qualified Bid(s) and the Debtors' proposed procedures for selecting the highest or otherwise best bid, including, but not limited to, any procedures for submitting revised bids and/or holding an auction to the extent the Debtors determine holding an auction will maximize value to the Debtors' estates. For the avoidance of doubt, the Credit Bid Purchaser (i) shall be deemed a Qualified Bidder that is allowed to participate in any bidding and auction process held by the Debtors and (ii) may increase the Credit Bid Amount of their proposal up to the FLTL Claims Allowed Amount of $1,142,688,815.28 in principal plus any accrued but unpaid interest or fees under the Prepetition FLTL Credit Agreement as of the Petition Date.

*Disclosure Statement*, sec. I.3.C. (*Further Transaction Proposals*) (Docket No. 723).

## INTERROGATORY NO. 6

Please describe all communications between the Debtors and third parties relating to the sale of any of the FWE I lease interests from the time Debtors began discussing the filing of the Bankruptcy Cases with their lenders to the present. In your answer please include (1) the date of the communication, (2) the time of the communication, (3) the parties to the communication and individuals with knowledge of the communication, (4) the substance of the communication, (5) amount offered, and (6) the applicable lease interest(s).

## RESPONSE:

The Debtors are not aware of any such communications.

## INTERROGATORY NO. 7

Please identify the FWE I leases that are shut in and will be allowed to expire.

## RESPONSE:

As addressed on the April 21 Call, the Debtors constantly monitor and file SOPs when

appropriate.   The Debtors' answers may be found in the documents, "RTP Details"

(FWE-0045265) and "2020 APA P&A Spend" (FWE-0045267), which the Debtors emailed to the

Sureties on May 4, 2021.

## INTERROGATORY NO. 8

Please identify the FWE I leases that are currently shut-in that FWE I expects to bring back online, when they are expected to come back online (by lease), and the expected cost to bring those leases back online (cost separated out by lease). Please also provide the basis for the timing decisions (by lease) as to when those leases will be brought back online.

## RESPONSE:

The Debtors' answers may be found in the document, "RTP Details" (FWE-0045265),

which the Debtors emailed to the Sureties on May 4, 2021.

## INTERROGATORY NO. 9

Please identify the FWE I leases that will provide the production amounts forecasted in Exhibit O to the Disclosure Statement, and the expected production for each lease, for years 1-5.

## RESPONSE:

The Debtors' answers may be found in the FWE I Model (FWE-0000016), which is located

in the "FWE – Confirmation Discovery \ 1 – Financials \ 1.1 - General Financial" folder.

## INTERROGATORY NO. 10

Please explain the anticipated capitalization and use of that capitalization for FWE I and FWE III post-confirmation.

## RESPONSE:

The Debtors' answers may be found in the Disclosure Statement.

## INTERROGATORY NO. 11

Please explain in detail the basis for the statement in Exhibit O to the Disclosure Statement at page 7 that "the FWE I Entities are forecasted to benefit from an approximately $48 million positive working capital adjustment following the Effective Date."

**RESPONSE:**

The Credit Bid Purchaser is picking up working capital under the Credit Bid Purchase

Agreement, which is attached to the Disclosure Statement, Exhibit H.

**INTERROGATORY NO. 12**

Please identify all amounts spent post-petition on plugging and abandonment for FWE I and FWE III (separately), including vendor, type of service provided, asset provided for, and if the work was provided for assets that are in multiple buckets under the Plan, set forth the percentage of the work attributable to FWE I or FWE III respectively.

**RESPONSE:**

The Debtors' answers may be found in the documents "#18 Decom Vendors"

(FWE-0045279), "APA P&A Spend Since Petition Date" (FWE-0045281), which the Debtors are

hereby producing, and one additional document, which the Debtors will produce.

**INTERROGATORY NO. 13**

Please identify all amounts spent in plan year 2020 (alleged on page 2 of the Apache Term Sheet Implementation Agreement to be $31,730,441.00) on decommissioning obligations in connection with the FWE I Assets, including vendor, type of service provided, asset provided for, and if the work was provided for assets that are in multiple buckets under the Plan, set forth the percentage of work attributable to FWE I.

**RESPONSE:**

The Debtors' answers may be found in the document, "2020 APA P&A Spend"

(FWE-0045267), which the Debtors emailed to the Sureties on May 4, 2021.

**INTERROGATORY NO. 14**

Please identify all expenses related to the reduction of the $50,000,000.00 fund allocated to FWE I to its current balance.

**RESPONSE:**

The Debtors spent approximately $32 million in connection with the FWE I Assets. See

the document, "2020 APA P&A Spend" (FWE-0045267), which the Debtors emailed to the

Sureties on May 4, 2021.

**INTERROGATORY NO. 15**

Please identify all known Cure Amounts (as defined on page 11 of the Apache Term Sheet Implementation Agreement) that Debtors will be required to pay in connection with their assumption of the Decommissioning Agreement.

**RESPONSE:**

The Cure Amounts will be provided in connection with the Plan Supplement.

**INTERROGATORY NO. 16**

Please set forth in detail what the "Apache Plan" is, as that term is used in FWE-0000005 produced to the Sureties in the Debtors' March 31, 2021 document production. Further state where the "Apache Plan" is located, and what representative at Fieldwood has the most knowledge with respect to the "Apache Plan."

**RESPONSE:**

The Debtors' answers may be found in the FWE I Model (FWE-0000016), which contains

a P&A Schedule and is located in the "FWE – Confirmation Discovery \ 1 – Financials \ 1.1 -

General Financial" folder.

**INTERROGATORY NO. 17**

Please set forth in detail the methodology utilized by Fieldwood in calculating the ARO numbers set forth in the Relativity database and if Fieldwood utilizes a third party to calculate the ARO numbers, identify the third party.

**RESPONSE:**

The Debtors' answers may be found in the P&A Detail file (FWE-0000011). The Debtors

further state that this Request seeks information that is more appropriately obtained during a

30(b)(6) deposition.

**INTERROGATORY NO. 18**

Please set forth in detail the Debtors' plans to resolve the outstanding INCs associated with the FWE I Assets, broken out by asset, and the associated expected costs to cure the INCs, broken out by asset. Please also provide the timing of the curing of the INCs (by lease), as well as the identity of the entities that will be performing services to remedy the INCs (by lease).

**RESPONSE:**

The Debtors are in ongoing discussions with BSEE regarding INC remedial work.

**INTERROGATORY NO. 19**

Please identify the person(s) who prepared the document produced as FWE-00000016, produced to the Sureties on March 31, 2021, setting forth their full name, the company they work for and their position at the company.

**RESPONSE:**

Garrett Galloway and Jordan Schuler prepared FWE-00000016.

**INTERROGATORY NO. 20**

Please set forth whether the Debtors intend to assume and assign any of the existing surety bonds. If so, provide details, and set forth all cure amounts to be satisfied in connection with any such proposed assumption and/or assignment, and set forth how any assignee will demonstrate that it will provide the sureties with adequate assurance of future performance, including providing indemnity, payment of bond premiums, and satisfaction of exoneration and quia timet collateralization obligations.

**RESPONSE:**

Neither the Plan nor Disclosure Statement provide that any bonds will be split, assumed,

assigned, or otherwise transferred. To the extent a surety has any claims against the Debtors that

become allowed, such claims will be treated in accordance with the Plan.

**INTERROGATORY NO. 21**

Please set forth the Debtors' position on whether the surviving entities (FWE I, FWE III, FWE IV) under the divisive merger(s) will need to or will obtain their own (new) surety bonds.

**RESPONSE:**

The Debtors' position is that these entities may require area-wide operator bonds.

**INTERROGATORY NO. 22**

Please set forth the substance of any and all communications with any governmental entity with respect to the obtaining of financial assurance/bonding for FWE I, FWE III, FWE IV and Credit Bid Purchaser. In your answer please include (1) the date of the communication, (2) the time of the communication, (3) the parties to the communication and individuals with knowledge of the communication, and (4) the substance of the communication.

**RESPONSE:**

None.

**INTERROGATORY NO. 23**

Please set forth the Debtors' position on whether the surviving entities (FWE I, FWE III, FWE IV) contend that they will be the principals on any existing bonds post-confirmation. If any of the surviving entities do intend to be principals on certain bonds, provide a list of each bond and the associated surviving entity which is intended to be the principal.

**RESPONSE:**

The Debtors object to this Request as premature and calling for speculation about future events.

**INTERROGATORY NO. 24**

Please set forth the Debtors' position on how the existing surety bonds are intended to be allocated amongst the buckets under the Plan. For example, if a BOEM bond is for a lease which interest is being split between two or more entities, how will the BOEM bond be allocated to those entities, and do the Debtors have regulatory approval for such allocation. Please provide an answer for all bonds that have bonded assets being split between two or more entities under the Plan.

**RESPONSE:**

Neither the Plan nor Disclosure Statement provide that any bonds will be split, assumed, assigned, or otherwise transferred.

**INTERROGATORY NO. 25**

Please advise whether it is the Debtors' intent to reject each of the surety bond indemnity agreements in the Bankruptcy Cases.

**RESPONSE:**

The indemnity agreements are not executory contracts.

**INTERROGATORY NO. 26**

Please identify in which class of claims the Plan places Apache.

**RESPONSE:**

Class 6B.

**REQUEST FOR PRODUCTION NO. 1**

All documents referred to, or relied upon, in your answers to the foregoing interrogatories, and identify the interrogatory to which each document produced relates.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case. The Debtors further object to this Request insofar as it requests production of documents in a manner different from how the Debtors have been producing documents to date. The Debtors have produced the documents asked for in the Requests to Box in the same manner the Debtors have been doing throughout the case, and will continue to do so, as necessary.

Notwithstanding the foregoing objections, the Debtors have or will produce relevant, non-privileged, non-objectionable documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2**

All documents reflecting plans for capital projects for FWE I, including those documents setting forth the anticipated spend and timing for the projects.

**RESPONSE:**

As discussed on the April 21 Call, the Debtors do not have any capital projects anticipated for FWE I.

**REQUEST FOR PRODUCTION NO. 3**

Any idle iron plan or other plugging and abandonment or decommissioning plan relating to the FWE I Assets.

**RESPONSE:**

The Debtors have already produced responsive documents, which are located in the "FWE – Confirmation Discovery\3 – General" folder.

**REQUEST FOR PRODUCTION NO. 4**

A copy of the Joint Development Agreement as referenced in in the Standby Loan Agreement at page 6.

**RESPONSE:**

The Debtors' agreement is attached to the Disclosure Statement.

**REQUEST FOR PRODUCTION NO. 5**

All documents relating to the Trust A Funding Default as that term is defined on page 12 of the Standby Loan Agreement.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors emailed the Sureties the document, "2020 APA P&A Spend" (FWE-0045267), on May 4, 2021, which sufficiently responds to the Request.

**REQUEST FOR PRODUCTION NO. 6**

All documents relating to the 2020 Shortfall as that term is defined on page 2 of the Apache Term Sheet Implementation Agreement.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors produced the Decommissioning Agreement and all amendments (FWE-0037963–FWE-0038613), which is located in the "FWE –

Confirmation Discovery \ 3 – General \ Decommissioning Agreement" folder, and the "2020 APA

P&A Spend" (FWE-0045267), which the Debtors emailed to the Sureties on May 4, 2021.

**REQUEST FOR PRODUCTION NO. 7**

All documents relating to the Decommissioning Claims as that term is defined on page 2 of the First Amended Apache Term Sheet Implementation Agreement.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those

sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the

needs of this case.

Notwithstanding the foregoing objections, the Debtors produced the Decommissioning

Agreement and all amendments (FWE-0037963–FWE-0038613), and the Debtors refer the

Sureties to the Apache Proofs of Claim, No. 930–39.

**REQUEST FOR PRODUCTION NO. 8**

All documents relating to the Apache Trust A Claims as that term is defined on page 2 of the First Amended Apache Term Sheet Implementation Agreement.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those

sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the

needs of this case.

Notwithstanding the foregoing objections, the Debtors refer the Sureties to the Apache

Proofs of Claim, No. 930–39.

**REQUEST FOR PRODUCTION NO. 9**

All documents that support the statement on page 2 of the Apache Term Sheet Implementation Agreement that Debtors spent approximately $31,730,441.00 in plan year 2020 on decommissioning obligations.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors have already produced a responsive document, "2020 APA P&A Spend" (FWE-0045267), which the Debtors emailed to the Sureties on May 4, 2021.

**REQUEST FOR PRODUCTION NO. 10**

All documents that support the Debtors' calculation of the Cure Amounts associated with the Decommissioning Agreement as discussed on page 11 of the Apache Term Sheet Implementation Agreement.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors have already produced a responsive document, "2020 APA P&A Spend" (FWE-0045267), which the Debtors emailed to the Sureties on May 4, 2021.

**REQUEST FOR PRODUCTION NO. 11**

All documents that support the statement on page 11 of the Disclosure Statement that the Debtors have spent approximately $26 million in post-petition decommissioning.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors produced the "2020 APA P&A Spend" (FWE-0045267), which the Debtors emailed to the Sureties on May 4, 2021.

**REQUEST FOR PRODUCTION NO. 12**

All sources and uses schedules for FWE I, FWE III, FWE IV and Credit Bid Purchaser.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case. The Debtors further object to the extent this Request seeks privileged documents.

Notwithstanding the foregoing objections, the Debtors are hereby producing "Exit Cost Estimates and NewCo Financial Projections" (FWE-0045268), which was current as of February 8, 2021. This is subject to ongoing discussions with various constituencies and is subject to change.

**REQUEST FOR PRODUCTION NO. 13**

A copy of the "Apache Plan" referenced in FWE-0000005, which document was produced in the Debtors' March 31, 2021 document production to the Sureties.

**RESPONSE:**

The Apache Plan is the FWE I Model (FWE-0000016), which is located in the "FWE – Confirmation Discovery \ 1 – Financials \ 1.1 - General Financial" folder.

**REQUEST FOR PRODUCTION NO. 14**

A copy of all documents reflecting the Apache go-forward plans for FWE I.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the

needs of this case.  The Debtors further object as this Requests seeks information not within the Debtors' possession or control.  The projections in the FWE I Model is the information that the Debtors have with respect to this.

**REQUEST FOR PRODUCTION NO. 15**

A copy of all documents reflecting the Debtors' go-forward plans for FWE I.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.  The projections in the FWE I Model is the information that the Debtors have with respect to this.

**REQUEST FOR PRODUCTION NO. 16**

A copy of all documents reflecting marketing efforts made by the Debtors with respect to the FWE I Assets from the time Debtors began discussing the filing of the Bankruptcy Cases with their lenders to the present.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.  No such documents exist beyond the Disclosure Statement.

**REQUEST FOR PRODUCTION NO. 17**

A copy of all documents relating to offers made by third parties for any of the FWE I lease interests from the time Debtors began discussing the filing of the Bankruptcy Cases with their lenders to the present. If the offeror was a co-working interest owner, please also provide a copy of the applicable joint operating agreement.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.  Notwithstanding the foregoing objections, no such documents exist.

**REQUEST FOR PRODUCTION NO. 18**

A copy of all bid documents the Debtors received for the Credit Bid Acquired Interests and any responsive documents.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case on the basis that it seeks documents not relevant to confirmation.

**REQUEST FOR PRODUCTION NO. 19**

A copy of all documents/data that went into the creation of spreadsheet FWE-0000016, produced to the Sureties on March 31, 2021.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond FWE-0000016 as overbroad, unduly burdensome, and not proportional to the needs of this case. The FWE I Model (FWE-0000016) contains substantial detail on how the estimates and projections were formulated, including field level LOE costs and field level production forecasts with a decline from the MY'20 reserve report (also provided).

**REQUEST FOR PRODUCTION NO. 20**

A copy of all documents reflecting communications between the Debtors and any governmental entity regarding new bonding/financial assurance for FWE I, FWE III, FWE IV or Credit Bid Purchaser.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors are hereby producing the only responsive email, with subject line "BOEM Questions" (FWE-0045280).

**REQUEST FOR PRODUCTION NO. 21**

A copy of all documents reflecting communications between the Debtors and any predecessor entities with respect to decommissioning costs, arranging for performance of any decommissioning obligations and/or rectifying any INC.

**RESPONSE:**

The Debtors object to this Request to the extent it requests documents beyond those sufficient to respond to this Request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case.

Notwithstanding the foregoing objections, the Debtors have reached agreements on decommissioning obligations with Apache (Disclosure Statement, Ex. K) and Chevron (Disclosure Statement, Ex. P).  To the extent additional agreements are reached, the executed versions will be provided.  The Debtors have already produced other responsive documents, including the Agreed Activities schedules at FWE 0000001–FWE 0000006 and the OTPs for each predecessor.

Dated:  May 5, 2021                          Respectfully submitted,

                                         /s/ *Alfredo R. Pérez*

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez
Clifford W. Carlson
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez@weil.com
           Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*admitted pro hac vice*)
Jessica Liou (*admitted pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Matt.Barr@weil.com
           Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender
Erin M. Choi
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone:  (214) 746-7700
Facsimile:  (212) 746-7777
Email: Paul.Genender@weil.com
           Erin.Choi@weil.com

*Attorneys for the Debtors*

## VERIFICATION

I, Thomas R. Lamme, Senior Vice President, General Counsel, and Secretary of Fieldwood Energy LLC.  I am the agent of the Debtors for the purpose of answering the Sureties' Requests. I have read the foregoing interrogatories and the answers to those interrogatories, and affirm that the facts contained in the foregoing answers are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of May, 2021.

_/s/ Thomas R. Lamme_ _____
Thomas R. Lamme

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the parties listed below, as indicated, May 5, 2021.

**Via Email**
Philip G. Eisenberg
Texas Bar Number 24033923
Elizabeth M. Guffy
Texas Bar Number 8592525
Simon R. Mayer
Texas Bar Number 24060243
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: peisenberg@lockelord.com
        eguffy@lockelord.com
        simon.mayer@lockelord.com

Bradley C. Knapp
Texas Bar Number 24060101
**LOCKE LORD LLP**
601 Poydras St., Suite 2660
New Orleans, LA 70130
Telephone: (504) 558-5210
Email: bknapp@lockelord.com

*Attorneys for U.S. Specialty Insurance Company*

_/s/ Alfredo R. Pérez_ _____
Alfredo R. Pérez