**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC, *et al.*,**[1] | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**EMERGENCY MOTION OF ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANYAND SIRIUS AMERICA INSURANCE COMPANY FOR ENTRY OF ANORDER AUTHORIZING THEM TO FILECERTAIN EXHIBITS UNDER SEAL**

(Relates to Docket No. 1591)

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 18, 2021 AT 9:30 AM IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIALIN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO**

---

[1] The Debtors, each of which have filed a separate voluntary petition, are: Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Inc.; Fieldwood Energy Offshore LLC; Fieldwood Onshore LLC; Fieldwood SD Offshore LLC; Fieldwood Offshore LLC; FW GOM Pipeline, Inc.; GOM Shelf LLC; Bandon Oil and Gas GP, LLC; Bandon Oil and Gas, LP; Fieldwood Energy SP LLC; Galveston Bay Pipeline LLC; and Galveston Bay Processing LLC.

**CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:**

Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company (collectively, **"Movants"**) file their *Emergency Motion for Entry of an Order Authorizing Them to File Certain Exhibits Under Seal* (the **"Motion"**), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the **"Bankruptcy Code"),** Rule 9018 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and General Order 2021-1 of the Bankruptcy Court for the Southern District of Texas (the **"General Order"**). The Motion is related to *Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company's Collective Witness and Exhibit List for the June 18, 2021 Video/Telephonic Confirmation Hearing* filed concurrently herewith (the **"Witness and Exhibit**

**List"**) [Docket No. 1591], and the *Objection of Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company to the Fourth Amended Chapter 11 Plan* filed on June 2, 2021 (the **"Objection"**) [Docket No. 1461]. In support of the Motion, the Movants would respectfully submit as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding, pursuant to 28 U.S.C. §§ 157(b)(2).

4. The statutory predicates for the relief sought in this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and the General Order.

## II. PROCEDURAL HISTORY

5. On August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

8. On April 9, 2021, the Debtors filed their *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "**Plan**") [Docket No. 1252].

9. On June 2, 2021, Movants filed the Objection to the Plan. Concurrently, Movants also filed the *Emergency Motion of Aspen American Insurance Company, Berkely Insurance*

*Company, Everest Reinsurance Company, and Sirius America Insurance Company for Entry of an Order Authorizing them to File Certain Documents Under Seal* [Docket No. 1462], on the grounds that the Objection and its exhibits contained "Confidential Material" and "Highly Confidential Material" pursuant to the Amended Stipulated Protective Order (the **"Protective Order"**) entered on March 12, 2021 [Docket No. 989].

10. On June 16, 2021 Movants filed the *Witness and Exhibit List* [Docket No. 1591]. Similar to the Objection and its exhibits, certain of the exhibits to the *Witness and Exhibit List* are considered "Confidential Material" and "Highly Confidential Material" pursuant to the Protective Order (the **"Confidential Exhibits"**). As such, Movants seek leave from this Court to file the Confidential Exhibits under seal.

## III. LEGAL ARGUMENT

11. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

13. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires .. to protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information..." Fed. R. Bankr. P. 9018. Finally, General Order 2021-1 of the Bankruptcy Court for the Southern District of Texas permits and governs the procedure for filing documents under seal with this Court.

14. "Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "In limited circumstances, courts must deny access to judicial documents—generally where open inspection may be used as a vehicle for improper purposes." *Id*.

15. If a court determines that an interested party seeks to protect information that falls within the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect [the requesting party] and has no discretion to deny the application." *In re Farmland Indus., Inc*., 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003) (*citing In re Orion Pictures Corp*., 21 F.3d 24, 27 (2d Cir. 1994)) ("Protection is mandatory when requested by an [interested party]").

16. An interested party need not show "extraordinary circumstance or compelling need" or even good cause to obtain protection under section 107(b) of the Bankruptcy Code. *In re Orion Pictures Corp*.. 21 F.3d at 27-28. Rather, a party must simply demonstrate that the information it seeks to place under seal is "confidential" and "commercial" in nature. *Id.* at 28.

17. Moreover, "commercial information need not rise to the level of a 'trade secret' to be protected under section 107(b) of the Bankruptcy Code." *Id* at 27. "Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage." *Id.* at 27-28.

18. "'Commercial information' is information which would cause an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor."

*See In re Farmland Indus., Inc.*, 290 B.R. 855 at 368 (*quoting In re Orion Pictures Corp.*, 21 F.3d at 27) (holding that an agreement authorizing a licensee "to reproduce, manufacture, distribute and sell videocassettes of films" contained "commercial information").

19. The Debtors either provided Movants with the Confidential Exhibits and marked them as "Confidential Material" and "Highly Confidential Material" in accordance with the Protective Order or the Confidential Exhibits have been prepared from such documents provided by the Debtors. As such, the Confidential Exhibits must be filed under seal to protect the business interest of the Debtors. Therefore, Movants request leave from the Court to file the Confidential Exhibits under seal.

## IV. NOTICE

20. Pursuant to section 2(f) of the General Order, Movants will (i) serve unredacted copies of the Confidential Exhibits to those parties-in-interest entitled to receive the same under the terms of the Court's Protective Order and (ii) file a certificate of service reflecting the same.

## V. EMERGENCY HEARING REQUEST

21. In accordance with Local Rule 9013-1(i), the Movants request emergency consideration of the Motion. Consideration of the Motion on an emergency basis is critical to permit the Movants to use the Confidential Exhibits at the plan confirmation hearing scheduled for June 18, 2021.

## VI. CONCLUSION

22. For the reasons set forth above, the Movants respectfully request that this Court enter an order (i) permitting Movants to file the Confidential Exhibits under seal, and (ii) granting such other and further relief as is just and proper.

Dated: June 16, 2021

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ *Randall A. Rios*

Randall A. Rios
State Bar No. 16935865
Timothy A. Million
State Bar No. 24051055
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713-525-6226
Fax: 713-647-6884
Email: randy.rios@huschblackwell.com
Email: tim.million@huschblackwell.com

**CO-COUNSEL FOR ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY, AND SIRIUS AMERICA INSURANCE COMPANY**

-AND-

CHIESA SHAHINIAN & GIANTOMASI PC

Armen Shahinian, Esq.
(admitted *pro hac vice*)
Scott A. Zuber, Esq.
(admitted *pro hac vice*)
Darren Grzyb, Esq.
(admitted *pro hac vice*)
Terri Jane Freedman, Esq.
(admitted *pro hac vice*)
One Boland Drive
West Orange, New Jersey 07052
Tel: 973-530-2077
Email: dgrzyb@csglaw.com

**ATTORNEYS FOR ASPEN AMERICAN INSURANCE COMPANY, BERKLEY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY, AND SIRIUS AMERICA INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2021, a true and correct copy of the foregoing document was served upon all parties receiving electronic notice *via* the Court's ECF/CM filing and notification system.

/s/ *Timothy A. Million*
Timothy A. Million