# EXHIBIT 1

K#6005

0399
0400

## INTERRUPTIBLE TRANSPORTATION AGREEMENT

THIS AGREEMENT, made and entered into as of November 1, 1995, by and between High Island Offshore System (Transporter), a general partnership created under the laws of the State of Delaware, and Apache Corporation (Shipper), a Delaware corporation,

W I T N E S S E T H:

WHEREAS, Shipper desires to have gas transported on an interruptible basis in the High Island Offshore System from offshore Texas and Louisiana on its behalf; and

WHEREAS, Transporter may have interruptible capacity available to provide transportation of gas on behalf of Shipper.

NOW, THEREFORE, in consideration of the premises and the mutual convenants herein contained, the parties do covenant and agree as follows:

ARTICLE I

1.1     Obligation to Transportation.  Commencing with the date of initial deliveries hereunder, Transporter shall receive at the Points of Receipt hereunder for the account of Shipper all Gas, together with Associated Liquids, which Shipper may cause to be delivered to it up to Shipper's Maximum Daily Quantity (MDQ) as set forth in Exhibits A and B hereof, and shall be obligated to deliver for the account of Shipper on an interruptible basis at the Point or Points of Delivery hereunder Equivalent Volumes in the manner and subject to the conditions hereinafter set forth.

1.2     Term.  This Agreement shall become effective on November 1, 1995.  After this Agreement becomes effective it shall continue in full force and effect for a period of one (1) year from the effective date of such Agreement and from year to year thereafter until this Agreement is terminated as provided in Article I, Section 1.3 or until the dissolution of Transporter.

1.3     Termination.  Either party may elect to terminate this Agreement as of the end of said one (1) year period or as of the end of any succeeding extended annual period by giving written notice to the other party of such election not less than 90 days prior to the termination date designated in such notice.

SCANNED - LL

ARTICLE II

2.1     <u>Point(s) of Receipt</u>.   The point(s) of receipt shall be those identified on Exhibits A and B hereto.


ARTICLE III

3.1     <u>Point(s) of Delivery</u>.   The point(s) of delivery shall be those identified on Exhibits A and B hereto.


ARTICLE IV

4.1     <u>Rate Schedule and Charges</u>.   Each month, Shipper shall pay Transporter for the service hereunder, an amount determined in accordance with Transporter's Rate Schedule IT and the applicable provisions of the General Terms and Conditions of Transporter's F.E.R.C. Gas Tariff, Second Revised Volume No. 1, as filed with the F.E.R.C. Such Rate Schedule and General Terms and Conditions are incorporated herein by reference and are made a part hereof.  For all gas delivered to the Point(s) of Receipt in Exhibits A and B hereto and redelivered to Point(s) of Delivery in Exhibits A and B hereto, Shipper shall pay the effective rates and charges under Rate Schedule IT, as the same may be amended or superseded in accordance with applicable provisions of the Natural Gas Act and the rules and regulations of the F.E.R.C.  The rates and charges shall be billed and paid for in accordance with the General Terms and Conditions applicable to Rate Schedule IT.

4.2     <u>Rate Adjustments</u>.   It is agreed that either Transporter or Shipper may seek authorization from time to time from the F.E.R.C. for such rate adjustments as may be found necessary to assure Transporter just and reasonable rates.

ARTICLE V

5.1     <u>Receipt Pressure</u>.   The minimum pressure at which Shipper may be requested to deliver gas to Transporter at the Point(s) of Receipt is set forth in Exhibits A and B hereto.

5.2     <u>Delivery Pressure</u>.   The  minimum pressure at which Transporter is required to cause gas to be delivered at the Point(s) of Delivery is set forth in Exhibits A and B hereto.


- 2 -

## ARTICLE VI

6.1    <u>Notices</u>. Except as herein otherwise provided, any notice,
request, demand, statement, bill, or payment provided for
in this Agreement, or any notice which either party may
desire to give to the other, shall be in writing and shall
be considered as duly delivered when mailed by registered
or certified mail return receipt requested to the Post
Office Address of the parties hereto as follows:

TRANSPORTER:

High Island Offshore System
c/o ANR Pipeline Company, Operator
500 Renaissance Center
Detroit, Michigan  48243
Attention:  Director, HIOS Operations

SHIPPER:

Apache Corporation
2000 Post Oak Boulevard
Suite 100
Houston, Texas  77449


or such other address as either of the parties hereunder
shall   designate   by   formal   written   notice.   Routine
communications including monthly statements and payments,
shall   be   considered   as   duly   delivered   when   properly
addressed and mailed by either registered, certified or
first class mail, postage prepaid.


## ARTICLE VII

7.1    <u>Waivers</u>.  No waiver by either Shipper or Transporter of
any  one  or  more  defaults  in  the  performance  of  any
provision hereunder shall operate or be construed as a
waiver of any future default or defaults, whether of a
like or a different character.

## ARTICLE VIII

8.1    <u>Regulations</u>.  This Agreement, and all terms and provisions
contained herein, and the respective obligations of the
parties  hereunder  are  subject  to  valid  laws,  orders,
rules,  and  regulations  of  duly  constituted  authorities
having jurisdiction.

- 3 -

## ARTICLE IX

9.1    <u>Assignments</u>. Any company which shall succeed by purchase, merger, or consolidation to the properties, substantially as an entirety, of Shipper, or of Transporter, as the case may be, shall be entitled to the rights and shall be subject to the obligations of its predecessor in title under this Agreement; and either of the parties may assign or pledge this Agreement under the provisions of any mortgage, deed of trust, indenture, or similar instrument which it has executed or may execute hereafter covering substantially all of its properties; otherwise neither of the parties shall assign this Agreement or any of its rights hereunder unless it first shall have obtained the consent thereto in writing of the other party, provided further, however, that neither of the parties shall be released from its obligations hereunder without the consent of the other.

## ARTICLE X

10.1    <u>Limitation on Liability of Partner</u>. The parties hereto hereby agree that any claim against the Transporter which may arise hereunder shall be made only against the Transporter and all rights to proceed against the Partners therein, individually, or against their assets as a result of such claim or any obligation arising therefrom, is hereby waived.

10.2    <u>Indemnification of Operator</u>. Shipper shall indemnify and save harmless any Operator of the System, designated by Transporter to operate the System for Transporter as an independent contractor, and such Operator's officers, agents and employees from any claim, demand or expense for loss, damage or injury arising out of or in any way connected with the quality, use or condition of the Gas and Associated Liquids after the delivery from the System.

10.3    <u>Applicable Law</u>. This Agreement shall be governed by and interpreted in accordance with laws of the State of Delaware.

10.4    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instruments.

10.5   <u>Headings</u>.   The headings contained in this Agreement are
for reference purposes only and shall not affect the
meaning or interpretation of this Agreement.

ARTICLE XI

11.1   <u>Further Agreement</u>.

Ratification of Gas Allocation Agreement.

Shipper shall be bound by all the terms and conditions of
that certain Gas Allocation Agreement entered into as of
May 15, 1978 among the Transporter and other entities
specified thereon, as same has been amended and may
hereafter be amended.

IN WITNESS WHEREOF, the parties hereto have caused this
Agreement to be duly executed in several counterparts by its duly
authorized officer as of _November 27_ , 19 _95_.

High Island Offshore System
(A General Partnership)

By _Frederick H. Clark_

SECRETARY

Apache Corporation

By _____

MICHAEL R. BANKS
MANAGER, GAS DEVELOPMENT

- 5 -

## RATIFICATION AGREEMENT

**0399**

**0400**

THIS AGREEMENT, made and entered into as of November 1, 1995, by and between High Island Offshore System (Transporter), a general partnership created under the laws of the State of Delaware, and Apache Corporation (Shipper), a Delaware corporation,

W I T N E S S E T H :

WHEREAS, Shipper desires to have gas transported in the High Island Offshore System from offshore Texas and Louisiana and is concurrently entering into a Transportation Agreement with Transporter (Transportation Agreement);

WHEREAS, Provision of the transportation service to Shipper requires that Shipper accept and agree to be bound by gas allocation procedures followed by Transporter and the operators of other pipelines interconnected with Transporter's pipeline system;

NOW, THEREFORE, in consideration of the premises and the Transportation Agreement, and in accordance with the Gas Allocation Agreement, dated May 15, 1978, as amended October 30, 1987, among Transporter, U-T Offshore System, ANR Pipeline Company (formerly Michigan Wisconsin Pipe Line Company) and other operators and shippers (Gas Allocation Agreement), a copy of which has been furnished to Shipper, the parties hereto do hereby covenant and agree as follows:

1.  Shipper does hereby ratify and accept the terms and conditions set forth in the Gas Allocation Agreement and shall be bound by such terms and conditions.

2.      Shipper intends to, and shall, by execution hereof, become a party to the Gas Allocation Agreement with the same effect as if Shipper had been an executory party thereof.

IN WITNESS WHEREOF, the parties hereto set their hands.

High Island Offshore System
(a General Partnership)

By _Frederick H. Clark_
                Secretary

Apache Corporation

By_____
        MICHAEL R. BANKS
        MANAGER, GAS DEVELOPMENT

0399

Exhibit A
to
IT Agreement Between
High Island Offshore System (Transporter)
and
Apache Corporation (Shipper)

Dated November 1, 1995

**Currently Effective Contract Demand:**          100,000 Mcf

### Points of Receipt

| Location | Maximum Daily Volume | Minimum Pressure |
|---|---|---|
| (1) 12-inch subsea connection on the HIOS pipeline in Block A-270, High Island Area, offshore Texas. | 20,000 Mcf | 1000 psig |
| (2) 12-inch subsea connection on the HIOS pipeline in Block A-271, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (3) 12-inch subsea connection on the HIOS pipeline in Block A-280, High Island Area, offshore Texas. | 40,000 Mcf | 1000 psig |
| (4) 12-inch subsea connection on the HIOS pipeline in Block A-281, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (5) 12-inch subsea connection on the HIOS pipeline in Block A-283, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (6) 12-inch subsea connection on the HIOS pipeline in Block A-298, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (7) 12-inch subsea connection on the HIOS pipeline in Block A-303, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |

Exhibit A
Apache Corporation

**0399**

Points of Receipt
(continued)

| Location | Maximum Daily Volume | Minimum Pressure |
|---|---|---|
| (8) 12-inch subsea connection on the HIOS pipeline in Block A-316, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (9) 12-inch subsea connection on the HIOS pipeline in Block A-323, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (10) Inlet block valve on the HIOS-Stingray Manifold Platform in Block A-330, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (11) 20-inch subsea connection on the HIOS pipeline in Block A-332, High Island Area, offshore Texas. | 40,000 Mcf | 1000 psig |
| (12) 20-inch subsea connection on the HIOS pipeline in Block A-340, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (13) Inlet block valve on the HIOS Manifold Platform in Block A-343, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (14) 12-inch subsea connection on the HIOS pipeline in Block A-345, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (15) 12-inch subsea connection on the HIOS pipeline in Block A-468, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (16) 16-inch subsea connection on the HIOS pipeline in Block A-470, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |

0399

Exhibit A
Apache Corporation

Points of Receipt
(continued)

| Location | Maximum Daily Volume | Minimum Pressure |
|---|---|---|
| (17) 16-inch subsea connection on the HIOS pipeline in Block A-492, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (18) 12-inch subsea connection on the HIOS pipeline in Block A-498, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (19) 12-inch subsea connection on the HIOS pipeline in Block A-526, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (20) 12-inch subsea connection on the HIOS pipeline in Block A-539, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (21) 16-inch subsea connection on the HIOS pipeline in Block A-546, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (22) 20-inch subsea connection on the HIOS pipeline in Block A-555, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (23) Inlet block valve on the HIOS Manifold Platform in Block A-573, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |
| (24) Inlet block valve on the HIOS Manifold Platform in Block A-582, High Island Area, offshore Texas. | 0 Mcf | 1000 psig |

0399

Exhibit A
Apache Corporation

Points of Delivery

| Location | Maximum Daily Volume | Minimum Pressure |
|---|---|---|
| Insulating flange where HIOS system interconnects with facilities owned by ANR Pipeline Company or U-T Offshore System in Block 167, West Cameron Area, offshore Louisiana or Stingray Pipeline Company in Block A-330, High Island, offshore Texas. | 100,000 Mcf | 1000 psig |

0400

Exhibit B
to
IT Agreement Between
High Island Offshore System (Transporter)
and
Apache Corporation (Shipper)

Dated November 1, 1995

<u>Currently Effective Contract Demand</u>:                    0 Mcf

## Points of Receipt

| Location | Maximum Daily Volume | Maximum Pressure |
|---|---|---|
| (1) 12-inch subsea connection on the HIOS pipeline in Block A-218, High Island Area, offshore Texas. | 0 Mcf | Line Pressure not to exceed 1350 psig |
| (2) 12-inch subsea connection on the HIOS pipeline in Block A-247, High Island Area, offshore Texas. | 0 Mcf | Line Pressure not to exceed 1350 psig |
| (3) 12-inch subsea connection on the HIOS pipeline in Block 314, West Cameron Area, offshore Lousiana. | 0 Mcf | Line Pressure not to exceed 1350 psig |
| (4) 12-inch subsea connection on the HIOS pipeline in Block 342, West Cameron Area, offshore Lousiana. | 0 Mcf | Line Pressure not to exceed 1350 psig |
| (5) 12-inch subsea connection on the HIOS pipeline in Block 376, West Cameron Area, offshore Lousiana. | 0 Mcf | Line Pressure not to exceed 1350 psig |

## Points of Delivery

| Location | Maximum Daily Volume | Maximum Pressure |
|---|---|---|
| Insulating flange where HIOS system interconnects with facilities owned by ANR Pipeline Company or U-T Offshore System in Block 167, West Cameron Area, offshore Lousiana. | 0 Mcf | Line Pressure not to exceed 1350 psig |