# HCCI Exhibit 39

*Execution Version*

# Payment Bond

**Bond No.** ES00001441　　　　　　　　　　**Penal Sum:** $75,000,000.00

**Know All Men By These Presents,**

That *Fieldwood Energy LLC*, a Delaware limited liability company with its principal office at 2000 W. Sam Houston Parkway S, Suite 1200, Houston, Texas 77042 (hereinafter called "**Principal**"), and *Everest Reinsurance Company*, a Delaware corporation with an office at 451 5th Avenue, New York, New York 10017 (hereinafter called "**Surety**"), authorized to do and doing a surety business in the State of Texas, and meeting, and shall continue to meet, the requirements, if any, established for a surety by any governmental authority having jurisdiction, are held and firmly bound unto *Apache Corporation*, a Delaware corporation (hereinafter called "**Obligee**" or "**APA**") with an office at 2000 Post Oak Blvd., Suite 100, Houston, Texas 77056, in the original penal amount of Seventy-Five Million and No/100 Dollars ($75,000,000.00), referred to herein as the "**Stated Amount**", exclusive of reasonable attorney's fees, court costs and expenses, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, and successors and assigns, jointly, severally and solidarily, firmly by these presents.

**WHEREAS**, Obligee, along with Apache Shelf, Inc., a Delaware corporation ("**APSH**"), Apache Deepwater LLC, a Delaware limited liability company ("**APDW**"), and Apache Shelf Exploration LLC, a Delaware limited liability company ("**ASE**"), and Principal, along with GOM Shelf LLC, a Delaware limited liability company ("**GOM**" collectively, with Principal shall be referred to herein as "**Fieldwood**"), entered into that certain Decommissioning Agreement dated as of September 30, 2013 (as amended, the "**Agreement**"); and

**WHEREAS**, Obligee, Principal, and Surety may sometimes be referred to in this Payment Bond (the "**Bond**") individually as a "**Party**" and collectively as the "**Parties**"; and

**WHEREAS**, capitalized terms used, but not defined herein, shall have the meanings given such terms in the Agreement; and

**WHEREAS**, Principal has obtained this Bond in accordance with its obligations under the Agreement.

**NOW, THEREFORE**, for good and valuable consideration, the Parties agree as follows:

1. **Term and Termination.** This Bond is for an initial term beginning August 30, 2018 and ending on August 30, 2019 (the "**Initial Term**"). This Bond will automatically renew for additional twelve (12) month periods (each a "**Subsequent Term**") unless the Surety provides to the Obligee, by certified mail (return receipt requested), overnight courier or by any other receipted means, advance written notice, no earlier than ninety (90) days and no later than sixty (60) days from the end of the

Initial Term or any Subsequent Term, as applicable, of its intent not to renew the Bond. It is understood and agreed that Surety shall, upon demand in the form of a Drawing Request (as defined in Section 2(a) below) made by Obligee, without any notice other than such Drawing Request, and without any further action by the Obligee, deliver to Obligee cash not later than the Demand Compliance Deadline (as defined in this Section 1 below) in the full amount of the Bond (less any previous amounts paid to the Obligee under the Bond). This Bond shall remain in full force and effect as to obligations incurred by Principal during the term of this Bond; provided, however:

   (a) This Bond shall automatically terminate (without any requirement for further notice, amendment or other formality or action of any person) upon Surety's receipt of a Termination Notice, accompanied by the original of this Bond and executed by both Principal and Obligee in substantially the form of Exhibit D.

   (b) The Stated Amount of this Bond shall from time to time automatically reduce (without any requirement for further notice, amendment or other formality or action of any person) upon Surety's receipt of a Reduction Notice executed by both Principal and Obligee in substantially the form of Exhibit C.

   (c) This Bond shall terminate upon Surety's payment(s) to Obligee in an aggregate amount equal to the Stated Amount and as applicable, the amounts described in Sections 2(e) and 6.

A "**Demand Compliance Deadline**", for any Drawing Request, means the seventh business day after delivery of such Drawing Request in accordance with Section 3 below.

2. **Payments.**

   (a) Without limitation of Obligee's right to demand cash in accordance with Section 1 above, funds under this Bond are available to Obligee upon Surety's receipt of either (i) a Decommissioning Drawing Request in substantially the form of Exhibit A or (ii) a Non-Extension Drawing Request in substantially the form of Exhibit B (each of (i) and (ii) being a "**Drawing Request**") signed by an authorized officer of Obligee. For clarity purposes and not intended to expand or limit the provisions of the Agreement, the Parties acknowledge that Surety is not required, and does not have the obligation or option, to perform any Decommissioning on behalf of either Principal or Obligee.

   (b) Multiple and partial payments under this Bond are allowed. The Stated Amount of this Bond shall be reduced by the amount of any such payments.

   (c) Surety hereby agrees that each Drawing Request presented under and in compliance with the terms and conditions of this Bond will be duly honored upon presentation to Surety, and Surety agrees to make payment in full on the Demand Compliance Deadline.

2

#5647104.3

(d) In the event that a Drawing Request fails to comply with the terms and conditions of this Bond but is presented on or before the expiration of the Initial Term or any Subsequent Term, as applicable, Surety shall provide Principal and Obligee with prompt notice of same stating the reasons therefor and shall hold any non-conforming Drawing Request at Obligee's disposal or return any non-conforming Drawing Request to Obligee at the address set forth above by overnight courier. Upon being notified that the Drawing Request was not effected in compliance with this Bond, Obligee may attempt to correct such non-complying Drawing Request in accordance with the terms and conditions hereof.

(e) Payments hereunder shall be made by Surety to Obligee (a) by wire transfer in United States Dollars of immediately available funds in the amount of such payment in accordance with Obligee's instructions set forth in, or accompanying, the Drawing Request and (b) without any deduction, recoupment, diminution, set-off, counterclaim, defenses or withholding (other than deduction or withholding of tax required by law, which shall be permitted), and Surety expressly waives any such right, claim or defense. **If Surety does not make a payment to Obligee on the date it is due to be paid according to the terms of this Bond, such overdue amount shall accrue interest until paid at (a) a simple interest rate equal to 12% per annum (based on 30-day months and a 360-day year) or (b) if less, the maximum rate permitted by applicable law.**

(f) The aggregate liability of Surety under this Bond shall not exceed the Stated Amount plus, as applicable, the amounts described in Sections 2(e) and 6.

2. **Address for Notices.** All Drawing Requests and communications with respect to this Bond shall be in writing, referencing this Bond Number [ES00001441], and sent by overnight courier, delivery in person, facsimile transmission or by electronic mail (with the original by overnight courier in the case of facsimile transmission or electronic mail but delivery shall be deemed to occur upon receipt of the facsimile transmission or electronic mail, as applicable) to the addresses for Surety set forth below:

| If to Obligee: | If to Principal: |
|---|---|
| Apache Corporation<br>2000 Post Oak Blvd, Suite 1000<br>Houston, Texas 77056<br><br>Attn: Treasury Dept<br>Facsimile: 713-296-6675<br>Email: FieldwoodDecommissioning@apachecorp.com | Fieldwood Energy LLC<br>2000 West Sam Houston Pkwy South<br>Suite 1200<br>Houston, Texas 77042<br>Attn: Michael T. Dane<br>Facsimile: 713-969-1099<br>Email: mdane@fwellc.com |

3

#5647104.3

**If to Surety:**

Everest Reinsurance Company
451 5th Avenue,
New York, New York 10017
Attn: Tony Romano
Facsimile: 646.746.1991
Email: tony.romano@everestre.com

4. **Conditions.** The obligations of the Surety under this Bond shall be unconditional and irrevocable and the Obligee's Drawing Request shall be accepted by the Surety as conclusive proof that the amount demanded is due and payable by the Surety to the Obligee under this Bond. The Surety, whether in its capacity as surety or subrogee of the Principal, waives, to the fullest extent permitted by applicable law, each and every right which it may have to contest Obligee's computation or payment of the obligations or the Obligee's application of the bond proceeds to the obligations. The Surety waives any and all defenses or counterclaims related to Surety's obligations under this Bond and expressly agrees that no genuine issue of fact exists that would prevent or preclude Surety's obligations to comply with any Draw Request.

    Surety's obligations under this Bond are not subject to any condition or qualification except as expressly set forth herein and are not contingent on (i) the ability of the Surety to perfect any lien or security interest on any asset or property of the Principal or any other person; or (ii) the Surety's ability to obtain indemnification from the Principal or any other person; or (iii) any other circumstances which might otherwise constitute a legal or equitable discharge or defense for Surety.

5. **Costs.** Principal shall pay all commissions and charges for this Bond. Principal's failure to pay any such charges shall not (i) be grounds for termination of this Bond, or (ii) hinder, delay, or otherwise excuse Surety's obligations hereunder.

6. **Expenses.** Surety shall pay upon demand all costs incurred by Obligee in the enforcement of this Bond, including expenses and reasonable attorney fees. Surety's obligation to pay such costs shall be in addition to other amounts owed pursuant to this Bond and shall not be limited by the maximum Stated Amount of this Bond.

7. **Representations and Warranties.** Surety represents and warrants to Obligee that as of the date of this Bond and as of the date of commencement of each Subsequent Term:

    (a) Surety has the legal power to execute and deliver this Bond and to perform in accordance with its terms. All necessary actions have been taken to authorize the execution and delivery of this Bond and performance in accordance with its terms. This Bond is a legal, valid and binding obligation of Surety.

4

#5647104.3

(b) There is no action or proceeding pending or, to Surety's knowledge, threatened before any court, arbitrator, or governmental agency that may materially and adversely affect Surety's ability to perform its obligations under this Bond.

(c) There is no fact that Surety has not disclosed in writing to Obligee of which Surety is aware or which Surety can reasonably foresee that would materially adversely affect Surety or the ability of Surety to perform its obligations hereunder.

8. **Assignment**. No Party shall assign this Bond or any part hereof without the prior consent of the other Parties; provided, however, that without such consent, APA can assign this Bond in whole or in part to (i) APSH, APDW, or ASE and (ii) any permitted assignee of APA, APSH, APDW, or ASE under the Agreement, such assignment on a pro rata basis to such assignee's interest in the Agreement. Subject to the forgoing, this Bond shall be binding upon the and inure to the benefit of the Parties and their respective permitted successors and assigns; provided however, that no assignment shall in any way diminish Surety's obligations hereunder.

5

#5647104.3

**IN WITNESS WHEREOF**, the above Parties have executed this instrument under their several seals, as required, on the dates noted below but to be effective as of the 30th day of August, 2018, the name and corporate seal of each corporate party being hereto affixed and those presents duly signed by its undersigned representative pursuant to authority of its governing body.

**APACHE CORPORATION**

By:_____
Name:
Title:


**FIELDWOOD ENERGY LLC**

By: _____
Name: Michael T. Dane
Title: Senior Vice President and Chief Financial Officer


**EVEREST REINSURANCE COMPANY**

By: _____
Name: Teresa D. Kelly
Title: Attorney-in-Fact

6

#5647104.3

**EVEREST** ES050R10003

## POWER OF ATTORNEY
## EVEREST REINSURANCE COMPANY
### *DELAWARE*

KNOW ALL PERSONS BY THESE PRESENTS: That Everest Reinsurance Company, a corporation of the State of Delaware ("Company") having its principal office located at 477 Martinsville Road, Liberty Corner, New Jersey 07938, do hereby nominate, constitute, and appoint:

### *Dan W. Burton, Teresa D. Kelly, Craig, C. Payne, Laura L. Kneitz, Melissa Haddick, Rheagyn L. White*

its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, for the penal sum of no one of which is in any event to exceed UNLIMITED, reserving for itself the full power of substitution and revocation.

Such bonds and undertakings, when duly executed by the aforesaid Attorney(s)-in-fact shall be binding upon the Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

This Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of Company ("Board") on the 28th day of July 2016:

*RESOLVED, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest to the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.*

*RESOLVED, FURTHER, that the President, any Executive Vice President, and any Senior Vice President and Anthony Romano are hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.*

*RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.*

**IN WITNESS WHEREOF**, Everest Reinsurance Company has caused their corporate seals to be affixed hereto, and these presents to be signed by their duly authorized officers this 28th day of July 2016.

Everest Reinsurance Company

Attest: Nicole Chase, Assistant Secretary

By: Anthony Romano, Vice President

On this 28th day of July 2016, before me personally came Anthony Romano, known to me, who, being duly sworn, did execute the above instrument; that he knows the seal of said Company; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto; and that he executed said instrument by like order.

**LINDA BOISSELLE**
**Notary Public, State of New York**
**No 01B06239736**
**Qualified in Queens County**
**Term Expires April 25, 2019**

Linda Boisselle, Notary Public

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed the seal of said Company, at the Liberty Corner, this ___30th___ day of ___August___ 20_18_.

ES 00 01 04 16 #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.

# EXHIBIT A

## FORM OF DECOMMISSIONING DRAWING REQUEST

Date: _____

To:

[Surety]

Attention:

Re: Your Payment Bond No._____ (the "**Payment Bond**")

Ladies and Gentlemen:

      The undersigned individual, an authorized officer of [insert name of the Obligee] (the "**Obligee**"), hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of [insert name of the Principal] (the "**Principal**"), as follows as of the date hereof (any capitalized term used in this Decommissioning Drawing Request and not defined in this Decommissioning Drawing Request shall have its respective meaning as set forth in the Payment Bond):

      1.    The undersigned is authorized to make the drawing request pursuant to this Decommissioning Drawing Request on behalf of the Obligee.

      2.    The Obligee is entitled to make a drawing in the amount of [$_____] (the "**Drawing Amount**") pursuant to the terms and conditions of the Payment Bond and of the Decommissioning Agreement dated as of September 30, 2013 among Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, Apache Shelf Exploration LLC, Fieldwood Energy LLC and GOM Shelf LLC (as amended, restated or otherwise modified from time to time, the "**Decommissioning Agreement**"). Such Drawing Amount does not exceed the amount available for drawing under the Payment Bond, and the Payment Bond has not expired.

      3.    Buyer has failed to reimburse and pay a Seller or its Affiliate for Reimbursable Amounts (as such terms are defined in the Decommissioning Agreement) in the amount of the Drawing Amount within the time period specified in Section 2.7(b) of the Decommissioning Agreement.

      4.    Obligee has complied with Section 3.2(a)(i) and Section 3.2(a)(ii) of the Decommissioning Agreement.

      5.    The Drawing Amount does not exceed the amount Obligee is entitled to draw under the Payment Bond pursuant to the Decommissioning Agreement.

#5647104.3

6.      The Obligee has provided or will provide the Principal with a copy of this Decommissioning Drawing Request on the date hereof by facsimile transmission to:

[insert name of the Principal]
Attention: [_____]
Facsimile: [_____].

7.      Please remit payment in the amount of [$_____] in immediately available funds, by wire transfer, to the order of Obligee in accordance with the following payment instructions:

[insert payment instructions]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Decommissioning Drawing Request on [insert date of the Decommissioning Drawing Request].

**[INSERT NAME OF THE OBLIGEE]**

By:_____
Name:
Title:

2

#5647104.3

## Exhibit B

## FORM OF NON-EXTENSION DRAWING REQUEST

<u>**Non-Extension Drawing Request**</u>
[insert name and address of the Obligee]
[_____]
[_____]
[_____]

[insert date of the Non-Extension Drawing Request]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

        Drawn under [insert name of the Surety]
        Payment Bond Number [insert number of the Payment Bond]
        Dated [insert date of the Payment Bond]

Ladies and Gentlemen:

      The undersigned individual, an authorized officer of [insert name of the Obligee] (the "**Obligee**"), hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of [insert name of the Principal] (the "**Principal**"), as follows as of the date hereof (any capitalized term used in this Non-Extension Drawing Request and not defined in this Non-Extension Drawing Request shall have its respective meaning as set forth in the Payment Bond):

      1.    The undersigned is authorized to make this Non-Extension Drawing Request on behalf of the Obligee.

      2.    The Obligee is entitled to make a drawing in the amount of [$_____] pursuant to the terms of the Payment Bond and the Decommissioning Agreement dated as of September 30, 2013 among Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, Apache Shelf Exploration LLC, Fieldwood Energy LLC and GOM Shelf LLC (as amended, restated or otherwise modified from time to time). Such Drawing Amount does not exceed the amount available for drawing under the Payment Bond, and the Payment Bond has not expired.

      3.    The Obligee has provided or will provide the Principal with a copy of this Non-Extension Drawing Request on the date hereof by facsimile transmission to:

    [insert name of the Principal]
    Attention: [_____]

#5647104.3

Facsimile: [_____].

4. Please remit payment in the amount of [$_____] in immediately available funds, by wire transfer, to the order of Obligee in accordance with the following payment instructions:

[insert payment instructions for the Trust A Account]

IN WITNESS WHEREOF, the undersigned has executed and delivered this Non-Extension Drawing Request on [insert date of the Non-Extension Drawing Request].

**[INSERT NAME OF THE OBLIGEE]**

By:_____
Name:
Title:

2

#5647104.3

# EXHIBIT C

## FORM OF REDUCTION NOTICE

### Reduction Notice

[insert name and address of the Principal]
[_____]
[_____]
[_____]

[insert date of the Reduction Notice]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

   Re: Payment Bond No. [__] issued by [insert name of Surety];

Ladies and Gentlemen:

   Each of the undersigned individuals, authorized officers of [insert name of the Principal] (the "**Principal**") and [insert name of Obligee] (the "**Obligee**"), respectively, hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of the Principal, as follows as of the date hereof (any capitalized term used in this Reduction Notice and not defined in this Reduction Notice shall have its respective meaning as set forth in the Payment Bond):

   1. Each of the undersigned is authorized to execute and deliver this Reduction Notice on behalf of the Principal and the Obligee, respectively.

   2. The Drawing Amount under the Payment Bond shall be reduced to the following: [$_____].

   Accordingly, in accordance with the requirements of the Payment Bond, upon the Surety's receipt of this Reduction Notice, the Drawing Amount under the Payment Bond shall automatically be reduced to [$_____] without any requirement for further, amendment or other formality or action of any person.

#5647104.3

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Reduction Notice on [insert date of the Reduction Notice].

### [INSERT NAME OF THE PRINCIPAL]

By:_____
Name:
Title:

### [INSERT NAME OF THE OBLIGEE]

By:_____
Name:
Title:

2

#5647104.3

## EXHIBIT D

## FORM OF TERMINATION NOTICE

<u>**Termination Notice**</u>
[insert name and address of the Principal]
[_____]
[_____]
[_____]

[insert date of the Termination Notice]

[insert name and address of the Surety]
[_____]
[_____]
[_____]

      Re:    Payment Bond No. [__] issued by [insert name of Surety];

Ladies and Gentlemen:

Each of the undersigned individuals, authorized officers of [insert name of the Principal] (the "**Principal**") and [insert name of Obligee] (the "**Obligee**"), respectively, hereby certifies to [insert name of the Surety] (the "**Surety**"), with reference to the Payment Bond No. [insert number of the Payment Bond] (the "**Payment Bond**") dated [insert date of the Payment Bond], issued in favour of the Obligee by the Surety for the account of the Principal, as follows as of the date hereof (any capitalized term used in this Termination Notice and not defined in this Termination Notice shall have its respective meaning as set forth in the Payment Bond):

Each of the undersigned is authorized to execute and deliver this Termination Notice on behalf of the Principal and the Obligee, respectively.

Accordingly, in accordance with the provisions of the Payment Bond, the Payment Bond shall automatically be terminated (without any requirement for further notice, amendment or other formality or action of any person) upon the Surety's receipt of this Termination Notice.

1

#5647104.3

IN WITNESS WHEREOF, each of the undersigned has executed and delivered this Termination Notice on [insert date of the Termination Notice].

### [INSERT NAME OF THE PRINCIPAL]

By:_____
Name:
Title:

### [INSERT NAME OF THE OBLIGEE]

By:_____
Name:
Title:

2