IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY, LLC, *et al.* | § § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DECLARATION OF DAVID GRYCZ IN SUPPORT OF RLI INSURANCE COMPANY'S OBJECTION TO PLAN CONFIRMATION**
**[Relates to Docket No. 1284 and 1482]**

I, David Grycz, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am Assistant Vice President, Claims for RLI Insurance Company ("RLI")[2] and have served in that capacity for 2.5 years.

2. I am over the age of 18 and the statements set forth in this declaration (the "Declaration") are based on my personal knowledge or experience in connection with my

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] RLI is a specialty property and casualty insurance and surety bond company with a principal place of business of 9025 N. Lindbergh Drive Peoria, IL 61615.

1

role as Assistant Vice President, Claims for RLI and my review of relevant business records. I am authorized to submit this Declaration on behalf of RLI.

3. I have reviewed the RLI's Objection to Debtors' Plan of Reorganization ("Objection") [Docket No. 1482]. To the best of my knowledge, information, and belief, the facts stated therein are true and correct.

4. In the ordinary course of business, Debtors are required to provide surety bonds to certain regulatory agencies and other third parties to secure the performance of obligations relating to oil and natural gas exploration and production operations, including obligations related to the decommissioning of Debtors' oil and gas properties.

5. From time to time, RLI issued certain surety bonds (collectively, the "Bonds") on behalf of Debtors, or a subsidiary, parent, predecessor in interest, affiliate, or division of Debtors, to secure obligations to third-party obligees, including but not limited to those Bonds summarized on Appendix A of RLI's Objection.

6. Certain Debtors or their predecessors-in-interest have executed and delivered one or more of the Indemnity Agreements ("Agreements") identified in Appendix B to RLI's Objection and attached hereto as Exhibit A, pursuant to which Debtors may be required to pay all premiums, provide collateral, indemnify and exonerate RLI, and hold RLI harmless from and against any and all liability, damage, loss, cost, and expense that RLI has incurred or will incur in connection with (1) the furnishing of the Bonds or (2) the enforcement of the Agreements.

7. RLI also entered into an escrow agreement with Panaco, Inc., a predecessor in interest of Fieldwood SD Offshore, LLC, and other parties effective September 30, 1999

("EB Escrow Agreement"), in connection with certain Bonds issued by RLI in favor of BP Exploration & Oil, Inc ("BP Bonds"), including but not limited to Bond No. RLB0001509 issued on behalf of Panaco, Inc., with a penal sum of $10,650,000, covering certain plugging and abandonment obligations for East Breaks 165 (OCS-G06280) and 209 (OCS-G07397). A true and correct copy of the EB Escrow Agreement is attached hereto as Exhibit B,[3] and a true and correct copy of Bond No. RLB0001509 is attached hereto as Exhibit C.

8.  To my knowledge, information, and belief, Debtors have not satisfied or performed the obligations under EB Escrow Agreement, including but not limited to the obligations related to RLB0001509.

9.  Pursuant to the EB Escrow Agreement, Panaco, Inc. deposited sums in an account maintained at JPMorgan Chase Bank, N.A. ("Escrow Account") to secure the obligations to RLI arising out of the BP Bonds, among other things. The property currently in the Escrow Account, valued at approximately $8.25 million ("Panaco Collateral"), constitutes security for and secures the obligations owed by certain Debtors to RLI. The security interest in favor of RLI continues "in full force and effect until the later of (x) payment in full of the Obligations and (y) the release of all the Collateral pursuant to Section 7.01."[4]

---

[3]  The EB Escrow Agreement is also attached as Exhibit B to RLI's Objection [Docket No. 1482-2].

[4]  *See* EB Escrow Agreement.

10. Because Debtors have not satisfied the obligations and requirements of the EB Escrow Agreement, all of RLI's rights under the EB Escrow Agreement, including rights to the Panaco Collateral, remain in full force and effect.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2021
Chicago, Illinois

                                                          */s/ David Grycz*
                                                        David Grycz