

RLI Insurance Company
2925 Richmond Ave, Suite 1600
Houston, TX 77098
Phone: 713-961-1300

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: N/A

(City, State, Zip)                                              (Telephone)

Principal(s):  **Fieldwood Energy LLC**

Address:  2000 Sam Houston Parkway South, Suite 1200
(No., Street and Suite Number or Post Office Box)
Houston, TX 77042                                              713-969-1000
(City, State, Zip)                                             (Telephone)

Principal's ownership structure is:

☐ individual proprietorship          ☐ partnership
■ corporation                         ☐ joint venture
☐ other (describe) _____

Length of time in business under this name: FORMED IN LATE 2012

Length of time principal has conducted this operation: SAME

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? NO If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: HAVE RELATIONSHIPS WITH 15 SURETIS

Has the principal, any partner, officer, or co-venturer ever: (must answer Yes or No)

NO failed in business?              NO been adjudged bankrupt?
NO been convicted of a felony?     YES filed for bankruptcy? If
the answer to any of the foregoing is "Yes", attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? LAWSUITS
If "yes," attach full particulars.                                              USUAL TO
                                                                               LIABILITIES
Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? YES If "yes," attach full particulars.

Name and Address of Principal's Bank: CAPITAL ONE N, A. 1000 LOUISIANA

SUITE 2950 HOUSTON TX 77002

Contact: WES FONTANA                                           713-435-5349
(Name)                                                        (Telephone)

Credit References:

1. EDWIN FRANK   SURETY - INDEMCO
(Name)                (Business)

(Mail Address)                                                (Telephone)
2. RUSSELL BROWN   SURETY - INDEMCO
(Name)                (Business)

(Mail Address)                                                (Telephone)
3. Michelle Tyson   SURETY - INDEMCO
(Name)                (Business)

(Mail Address)                                                (Telephone)

INITIALS        JUNE 14 2016 DATE

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ RLI Indemnity Company          ☒ RLI Insurance Company

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company and RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond, recognizance, undertaking or other obligation **heretofore and hereafter executed** on behalf of the Principal and each of the undersigned named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, its wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired ,as well as each of the undersigned indemnitors. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder. The undersigned hereby certify that all statements made to Surety are truthful without reservation; and any misrepresentation of fact shall constitute a default hereunder and require the undersigned to post security in accordance with Article 3 below.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. The Surety may, in its sole and absolute discretion, require the undersigned provide security, in form and amounts acceptable to the Surety, to secure the undersigneds' obligations to the Surety hereunder. Each of the undersigned shall execute such documents and take such further action as may be necessary in order to provide such security. Further, the undersigned will, upon demand of the Surety at any time hereafter, deliver to the Surety additional collateral, in form and amounts acceptable to the Surety. If an undersigned provides the Surety with a letter of credit or similar instrument as collateral, such undersigned agrees the Surety has the right to call on the same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the undersigned hereunder, or to pay any such obligations arising hereunder. Any cash (held in any type of account) provided as collateral will be available, in Surety's sole discretion, to pay any of the obligations arising hereunder. The Surety shall deposit cash security, if so provided by the undersigned, in an account (which may not be interest bearing) in the name of and exclusively controlled by the Surety, in any bank selected by the Surety in its sole discretion. The undersigned grant to Surety a secured interest in or a lien on any collateral, including any letters of credit or cash arising from draws thereunder, now or hereafter deposited with Surety. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore and hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall accrue to the benefit of the undersigned providing the collateral.

4. Undersigned represent and warrant their full power and authority to execute this Agreement and to deliver and perform all obligations contained herein. Undersigned represent and warrant that the execution of this Agreement and performance hereunder shall not constitute a breach, default or violation under any other obligation or agreement of undersigned; including but not limited to any charter document or bylaws of such undersigned, any court judgement, governmental rule or regulation, loan agreement or any other agreement binding upon the undersigned.

5. The Surety shall have the right to declare this Agreement breached should any of the undersigned become involved in any agreement or proceeding, voluntarily or involuntarily, including, but not limited to, bankruptcy, insolvency, receivership, liquidation or any other creditor assignment. In the case of an individual indemnitor, the previous sentence shall be expanded to include the death, conviction of a felony or, for any reason, the failure to be located by Surety, or Surety's agent, through the use of means reasonable and customary.

6. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall serve to benefit such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the undersigned to enforce the provisions of this instrument.

7. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest. For any amounts deemed to be past-due by Surety, the rate of interest charged shall be the maximum rate deemed to be non-usurious by applicable law.

8. Undersigned agree that Surety will suffer irreparable harm and have no adequate remedy should undersigned fail to perform under this Agreement; therefore undersigned agree that Surety shall be granted specific performance of this Agreement.

INITIALS     JUNE 14 2021  DATE

9. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned. Undersigned shall have the responsibility to review any bond to be issued by Surety with undersigned as Principal for accuracy of information; and agrees to hold Surety harmless for any failure to review such bonds.

10. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

11. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.

12. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

13. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

14. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder. The undersigned expressly acknowledge and consent to Surety's use of consumer credit reports, or any other investigative reports or actions which may be used by Surety in the course of the underwriting process.

15. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 2925 Richmond Avenue, Suite 1600, Houston, TX 77098 of such termination, and (b) state in such notice the effective date (not less than thirty (30) days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

16. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas. Undersigned irrevocably consent to the jurisdiction of the Federal and State Courts in Harris County, Texas as exclusive venue and hereby waive any and all rights to request a change from such venue.

17. This Agreement may be executed in multiple counterparts, and by the undersigneds on separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery by electronic means of a signed counterpart of this Agreement shall be effective as physical delivery.

18. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement, and Surety is authorized to make any filings necessary to perfect its security interest under this Agreement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnity Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) and any bond(s) hereafter executed by the Surety on behalf of any signatory hereunder; and as to the same obligation of signatory hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the undersigned under any presently existing Indemnity Agreement securing such pre-existing bond(s).

INITIALS          JUNE 14 2021 DATE

| INSTRUCTIONS FOR SIGNING: | |
| --- | --- |
| IF SOLE PROPRIETORSHIP: | Owner must sign as Principal, his spouse as Personal Indemnitor. |
| IF PARTNERSHIP: | All active partners must sign for Principal, the spouse of each as Personal Indemnitors. |
| IF CORPORATION: | President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required. |

SIGNED AND DATED this __14th__ day of __June__ , A.D. __2018__ .

NAME OF PRINCIPAL(S): **Fieldwood Energy LLC**

ATTEST:_____ by: _____
(signature)

by: _____
(signature)

principal's
corporate
seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE                    CORPORATE INDEMNITOR #2 SIGN HERE

X _____                    X _____

Corporate                                          Corporate
Name: __Fieldwood Energy Inc.__                    Name: _____
Corporate                                          Corporate
Address: __2000 Sam Houston Parkway South, Suite 1200, Houston, TX 77024__   Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF __Texas__
COUNTY OF __Harris__ }
On this __14th__ day of __June, 2018__ , _____ , before me personally appeared
__Michael Dane__ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of __Houston__ that he is the __Chief Financial Officer__ of the
__Fieldwood Energy LLC__ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

__9-14-2021__

MINDY A. GREGORY
Notary Public, State of Texas
Comm. Expires 09-14-2021
Notary ID 125433370

_____
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this_____ day of_____ , _____ , before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the_____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

_____
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this_____ day of_____ , _____ , before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the_____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires

_____
Notary Public

_____ INITIALS          _____ DATE

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE                    PERSONAL INDEMNITOR #2 SIGN HERE

X_____                  X_____
Residence                                          Residence
Address:_____                  Address:_____
_____                  _____
SSN#_____                   SSN#_____

PERSONAL INDEMNITOR #3 SIGN HERE                    PERSONAL INDEMNITOR #4 SIGN HERE

X_____                  X_____
Residence                                          Residence
Address:_____                  Address:_____
_____                  _____
SSN#_____                   SSN#_____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this_____day of_____,_____, before me personally appeared
_____to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____                        _____
                                                                        Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this_____day of_____,_____, before me personally appeared
_____to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____                        _____
                                                                        Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____
COUNTY OF_____ }

On this_____day of_____,_____, before me personally appeared
_____to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____                        _____
                                                                        Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____
COUNTY OF_____ }

On this_____day of_____,_____, before me personally appeared
_____, each member of the co-partnership of _____
_____to me known and known to me to be the
persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and
deed of the said co-partnership.
My Commission Expires:

_____                        _____
                                                                        Notary Public

_____INITIALS          _____DATE



RLI Insurance Company
2925 Richmond Ave, Suite 1600
Houston, TX 77098
Phone: 713-961-1300

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: N/A

_____

(City, State, Zip)                                                    (Telephone)

Principal(s): **Fieldwood Energy LLC**

Address: 2000 Sam Houston Parkway South, Suite 1200
(No., Street and Suite Number or Post Office Box)
Houston, TX 77042                                        713-969-1000
(City, State, Zip)                                                    (Telephone)

Principal's ownership structure is:

☐ individual proprietorship          ☐ partnership
■ corporation                        ☐ joint venture
☐ other (describe) _____

Length of time in business under this name: FORMED IN LATE 2012

Length of time principal has conducted this operation: SAME

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? NO If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: HAVE RELATIONSHIPS WITH 15 SURETIS

Has the principal, any partner, officer, or co-venturer ever: (must answer Yes or No)

NO failed in business?               NO been adjudged bankrupt?
NO been convicted of a felony?       YES filed for bankruptcy? If
the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? LAWSUITS
If "yes," attach full particulars.                                            USUAL TO
                                                                             LIABILITES
Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? YES If "yes," attach full particulars.

Name and Address of Principal's Bank: CAPITAL ONE N, A.  1000 LOUISIAND

SUITE 2950 HOUSTON TX 77052

Contact: WES FONTANA                                    713-435-5349
(Name)                                                         (Telephone)

Credit References:

1. EDWIN FRANK   SURETY - 1U DEMCO
(Name)                    (Business)

(Mail Address)                                              (Telephone)
2. RUSSELL BROWN   SURETY - INDSMLO
(Name)                    (Business)

(Mail Address)                                              (Telephone)
3. Michelle Tyser   SURETY - INDSMCO
(Name)                    (Business)

(Mail Address)                                              (Telephone)

INITIALS        JUNE 14 2016
                        DATE

Page 1 of 5
M00HHN10

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ **RLI Indemnity Company**          ☒ **RLI Insurance Company**

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company and RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond, recognizance, undertaking or other obligation **heretofore and hereafter executed** on behalf of the Principal and each of the undersigned named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, its wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired ,as well as each of the undersigned indemnitors. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder. The undersigned hereby certify that all statements made to Surety are truthful without reservation; and any misrepresentation of fact shall constitute a default hereunder and require the undersigned to post security in accordance with Article 3 below.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. The Surety may, in its sole and absolute discretion, require the undersigned provide security, in form and amounts acceptable to the Surety, to secure the undersigneds' obligations to the Surety hereunder. Each of the undersigned shall execute such documents and take such further action as may be necessary in order to provide such security. Further, the undersigned will, upon demand of the Surety at any time hereafter, deliver to the Surety additional collateral, in form and amounts acceptable to the Surety. If an undersigned provides the Surety with a letter of credit or similar instrument as collateral, such undersigned agrees the Surety has the right to call on the same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the undersigned hereunder, or to pay any such obligations arising hereunder. Any cash (held in any type of account) provided as collateral will be available, in Surety's sole discretion, to pay any of the obligations arising hereunder. The Surety shall deposit cash security, if so provided by the undersigned, in an account (which may not be interest bearing) in the name of and exclusively controlled by the Surety, in any bank selected by the Surety in its sole discretion. The undersigned grant to Surety a secured interest in or a lien on any collateral, including any letters of credit or cash arising from draws thereunder, now or hereafter deposited with Surety. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore and hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall accrue to the benefit of the undersigned providing the collateral.

4. Undersigned represent and warrant their full power and authority to execute this Agreement and to deliver and perform all obligations contained herein. Undersigned represent and warrant that the execution of this Agreement and performance hereunder shall not constitute a breach, default or violation under any other obligation or agreement of undersigned; including but not limited to any charter document or bylaws of such undersigned, any court judgement, governmental rule or regulation, loan agreement or any other agreement binding upon the undersigned.

5. The Surety shall have the right to declare this Agreement breached should any of the undersigned become involved in any agreement or proceeding, voluntarily or involuntarily, including, but not limited to, bankruptcy, insolvency, receivership, liquidation or any other creditor assignment. In the case of an individual indemnitor, the previous sentence shall be expanded to include the death, conviction of a felony or, for any reason, the failure to be located by Surety, or Surety's agent, through the use of means reasonable and customary.

6. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall serve to benefit such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the undersigned to enforce the provisions of this instrument.

7. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest. For any amounts deemed to be past-due by Surety, the rate of interest charged shall be the maximum rate deemed to be non-usurious by applicable law.

8. Undersigned agree that Surety will suffer irreparable harm and have no adequate remedy should undersigned fail to perform under this Agreement; therefore undersigned agree that Surety shall be granted specific performance of this Agreement.

INITIALS          JUNE 14 2021 DATE

9.  The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned. Undersigned shall have the responsibility to review any bond to be issued by Surety with undersigned as Principal for accuracy of information; and agrees to hold Surety harmless for any failure to review such bonds.

10. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

11. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.

12. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

13. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

14. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder. The undersigned expressly acknowledge and consent to Surety's use of consumer credit reports, or any other investigative reports or actions which may be used by Surety in the course of the underwriting process.

15. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 2925 Richmond Avenue, Suite 1600, Houston, TX 77098 of such termination, and (b) state in such notice the effective date (not less than thirty (30) days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

16. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas. Undersigned irrevocably consent to the jurisdiction of the Federal and State Courts in Harris County, Texas as exclusive venue and hereby waive any and all rights to request a change from such venue.

17. This Agreement may be executed in multiple counterparts, and by the undersigneds on separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery by electronic means of a signed counterpart of this Agreement shall be effective as physical delivery.

18. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement, and Surety is authorized to make any filings necessary to perfect its security interest under this Agreement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnity Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) and any bond(s) hereafter executed by the Surety on behalf of any signatory hereunder; and as to the same obligation of signatory hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the undersigned under any presently existing Indemnity Agreement securing such pre-existing bond(s).

INITIALS                    JUNE 14 2CN  DATE

<table>
<tr><td colspan="2"><b>INSTRUCTIONS FOR SIGNING:</b></td></tr>
<tr><td><b>IF SOLE PROPRIETORSHIP:</b></td><td>Owner must sign as Principal, his spouse as Personal Indemnitor.</td></tr>
<tr><td><b>IF PARTNERSHIP:</b></td><td>All active partners must sign for Principal, the spouse of each as Personal Indemnitors.</td></tr>
<tr><td><b>IF CORPORATION:</b></td><td>President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required.</td></tr>
</table>

SIGNED AND DATED this **14th** day of **June** , A.D. **2018** .

NAME OF PRINCIPAL(S): **Fieldwood Energy LLC**

ATTEST:_____ by: _____
(signature)

by: _____
(signature)

principal's
corporate
seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE              CORPORATE INDEMNITOR #2 SIGN HERE

X _____              X _____

Corporate                                         Corporate
Name: **Fieldwood Energy Inc.**                   Name: _____
Corporate                                         Corporate
Address: __2000 Sam Houston Parkway South, Suite 1200, Houston, TX 77024__   Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF **TEXAS**
COUNTY OF **HARRIS** }

On this **14th** day of **June, 2018** , before me personally appeared **MICHAEL DANE** to me known, and, being by me duly sworn, deposes and says that he resides in the City of **Houston** that he is the **CHIEF FINANCIAL OFFICER** of the **Fieldwood Energy LLC** the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:
**9-14-2021**

MINDY A. GREGORY
Notary Public, State of Texas
Comm. Expires 09-14-2021
Notary ID 125433370

_____
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }

On this_____day of_____ , before me personally appeared _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the_____of the _____the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

_____
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }

On this_____day of_____ , before me personally appeared _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the_____of the _____the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires

_____
Notary Public

_____INITIALS           _____DATE

Page 4 of 5
M00HHN10

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #2 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #3 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #4 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____ , _____ , before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____                    _____
                                                                                         Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____ , _____ , before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____                    _____
                                                                                         Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____ , _____ , before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____                    _____
                                                                                         Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____ , _____ , before me personally appeared
_____ , each member of the co-partnership of _____
_____ to me known and known to me to be the
persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and
deed of the said co-partnership.
My Commission Expires:

_____                    _____
                                                                                         Notary Public

_____INITIALS        _____DATE

 **RLI**®   RLI Insurance Company
8 Greenway Plaza Suite 400  Houston TX 77046
Phone: 713-961-1300  Fax: 713-961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: _N/A_

Principal: _FIELDWOOD ENERGY LLC_
(City, State, Zip)                                                    (Telephone)

Address: _333 CLAY STREET  SUITE 3400_
(No., Street and Suite Number or Post Office Box)

_HOUSTON TX. 77002_                    _713-630-8900_
(City, State, Zip)                                              (Telephone)

Principal's ownership structure is:

- individual proprietorship
- ✓ corporation
- other (describe)
- partnership
- joint venture

Length of time in business under this name: _NEWLY FORMED IN LATE 2012_

Length of time principal has conducted this operation: _SAME_

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? _NO_ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: _NONE_

Has the principal, any partner, officer, or co-venturer ever: (must answer Yes or No)

_NO_ failed in business?                       _NO_ been adjudged bankrupt?
_NO_ been convicted of a felony?          _NO_ filed for bankruptcy?
If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? _NO_

If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? _NO_ If "yes," attach full particulars.

Name and Address of Principal's Bank: _Capitol One  N.A., 1000 Louisiana,_
_Suite 2950, Houston TX  77002_

Contact: _Wes Fontana_                    _713  435  5349_
(Name)                                           (Telephone)

Credit References:

1. _Tara Smith_     _Centre Technologies_
(Name)                        (Business)
_480 North Sam Houston Pkwy East, Suite 310, Houston TX 77060_  _281-506-2480_
(Mail Address)                                                                      (Telephone)

2. _Jeanna Kostak_     _Opportune LP_
(Name)                        (Business)
_8323 Southwest Freeway, 9th Floor, Houston, TX 77074_  _713-772-0664_
(Mail Address)                                                                      (Telephone)

3. _Tyrone Killebrew_     _Inspecity_
(Name)                        (Business)
_20329 SH 249, Ste 100, Houston, TX, 77070_  _281-379-7617_
(Mail Address)                                                                      (Telephone)

Exhibit A-2

_75_ INITIALS     _8/27/13_ DATE

Page 1 of 5
M00HHN10

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ **RLI Indemnity Company**        ☒ **RLI Insurance Company**

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company** and **RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond, recognizance, undertaking or other obligation **heretofore and hereafter executed** on behalf of the Principal and each of the undersigned named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, its wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired ,as well as each of the undersigned indemnitors. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder. The undersigned hereby certify that all statements made to Surety are truthful without reservation; and any misrepresentation of fact shall constitute a default hereunder and require the undersigned to post security in accordance with Article 3 below.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1.  To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2.  To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3.  The Surety may, in its sole and absolute discretion, require the undersigned provide security, in form and amounts acceptable to the Surety, to secure the undersigneds' obligations to the Surety hereunder. Each of the undersigned shall execute such documents and take such further action as may be necessary in order to provide such security. Further, the undersigned will, upon demand of the Surety at any time hereafter, deliver to the Surety additional collateral, in form and amounts acceptable to the Surety. If an undersigned provides the Surety with a letter of credit or similar instrument as collateral, such undersigned agrees the Surety has the right to call on the same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the undersigned hereunder, or to pay any such obligations arising hereunder. Any cash (held in any type of account) provided as collateral will be available, in Surety's sole discretion, to pay any of the obligations arising hereunder. The Surety shall deposit cash security, if so provided by the undersigned, in an account (which may not be interest bearing) in the name of and exclusively controlled by the Surety, in any bank selected by the Surety in its sole discretion. The undersigned grant to Surety a secured interest in or a lien on any collateral, including any letters of credit or cash arising from draws thereunder, now or hereafter deposited with Surety. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore and hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall accrue to the benefit of the undersigned providing the collateral.

4.  Undersigned represent and warrant their full power and authority to execute this Agreement and to deliver and perform all obligations contained herein. Undersigned represent and warrant that the execution of this Agreement and performance hereunder shall not constitute a breach, default or violation under any other obligation or agreement of undersigned; including but not limited to any charter document or bylaws of such undersigned, any court judgement, governmental rule or regulation, loan agreement or any other agreement binding upon the undersigned.

5.  The Surety shall have the right to declare this Agreement breached should any of the undersigned become involved in any agreement or proceeding, voluntarily or involuntarily, including, but not limited to, bankruptcy, insolvency, receivership, liquidation or any other creditor assignment. In the case of an individual indemnitor, the previous sentence shall be expanded to include the death, conviction of a felony or, for any reason, the failure to be located by Surety, or Surety's agent, through the use of means reasonable and customary.

6.  If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall serve to benefit such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the undersigned to enforce the provisions of this instrument.

7.  An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest. For any amounts deemed to be past-due by Surety, the rate of interest charged shall be the maximum rate deemed to be non-usurious by applicable law.

8.  Undersigned agree that Surety will suffer irreparable harm and have no adequate remedy should undersigned fail to perform under this Agreement; therefore undersigned agree that Surety shall be granted specific performance of this Agreement.

_____ INITIALS   _8/27/13_ DATE

9.  The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned. Undersigned shall have the responsibility to review any bond to be issued by Surety with undersigned as Principal for accuracy of information; and agrees to hold Surety harmless for any failure to review such bonds.

10. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

11. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.

12. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

13. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

14. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder. The undersigned expressly acknowledge and consent to Surety's use of consumer credit reports, or any other investigative reports or actions which may be used by Surety in the course of the underwriting process.

15. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty (30) days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

16. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas. Undersigned irrevocably consent to the jurisdiction of the Federal and State Courts in Harris County, Texas as exclusive venue and hereby waive any and all rights to request a change from such venue.

17. This Agreement may be executed in multiple counterparts, and by the undersigneds on separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery by electronic means of a signed counterpart of this Agreement shall be effective as physical delivery.

18. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement, and Surety is authorized to make any filings necessary to perfect its security interest under this Agreement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnity Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) and any bond(s) hereafter executed by the Surety on behalf of any signatory hereunder; and as to same the obligation of signatory hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the undersigned under any presently existing Indemnity Agreement securing such pre-existing bond(s).

_____ INITIALS        8/27/17 DATE

> **INSTRUCTIONS FOR SIGNING:**
> **IF SOLE PROPRIETORSHIP:** Owner must sign as Principal, his spouse as Personal Indemnitor.
> **IF PARTNERSHIP:** All active partners must sign for Principal, the spouse of each as Personal Indemnitors.
> **IF CORPORATION:** President or Vice President must sign for Principal, attested to by Corporate Secretary.  At least two
> officers must also sign as Personal Indemnitors, if required.

SIGNED AND DATED this _27th_ day of _August_ , A.D. _2013_ .

NAME OF PRINCIPAL: _Fieldwood Energy LLC_

ATTEST: _____  by: _____
                                          (signature)

                                    by: _____
                                          (signature)

principal's
corporate
seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE          CORPORATE INDEMNITOR #2 SIGN HERE

X _____              X _____
Corporate                               Corporate
Name: _____              Name: _____
Corporate                               Corporate
Address: _____              Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _Texas_
COUNTY OF _Harris_ }
On this _28th_ day of _August_ , _2013_ , before me personally appeared
_Howard Tate_ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of _Houston, TX_ that he is the _CFO_ of the
_Fieldwood Energy LLC_ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

_9-14-2013_

> MINDY A. GREGORY
> Notary Public, State of Texas
> My Commission Expires
> September 14, 2013

_____ Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____ , _____ , before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the _____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

_____          _____ Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____ , _____ , before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the _____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires

_____          _____ Notary Public

_____ INITIALS   _8/27/13_ DATE

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE | PERSONAL INDEMNITOR #2 SIGN HERE

X_____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #3 SIGN HERE | PERSONAL INDEMNITOR #4 SIGN HERE

X_____

Residence
Address: _____

SSN# _____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }
   On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____              _____
                                                                                                    Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }
   On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____              _____
                                                                                                    Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____
COUNTY OF _____ }
   On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____              _____
                                                                                                    Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____
COUNTY OF _____ }
   On this _____ day of _____, _____, before me personally appeared
_____, each member of the co-partnership of _____
_____ to me known and known to me to be the
persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and
deed of the said co-partnership.
My Commission Expires:

_____              _____
                                                                                                    Notary Public

_____ INITIALS          _____ DATE

**Fieldwood Energy LLC**
Unaudited Pro Forma Condensed Balance Sheet
(all numbers in millions)

**ASSETS**
**Current Assets**

| | | |
|---|---|---:|
| Cash | $ | 80 |
| Accounts receivable | | - |
| Inventory | | 56 |
| Prepaid expenses | | 10 |
| **Total Current Assets** | | 146 |
| | | |
| Oil and gas properties, successful efforts method | | 5,245 |
| Deferred finance costs | | 175 |
| Restricted Cash | | 6 |
| | | |
| **TOTAL ASSETS** | $ | **5,572** |

**LIABILITIES**
**Current Liabilities**

| | | |
|---|---|---:|
| Accounts payable | $ | 31 |
| Accruals & other payables | | 46 |
| **Total Current Liabilities** | | 77 |

**Long-term Liabilities**

| | | |
|---|---|---:|
| Asset Retirement Obligations | | 1,500 |
| Long Term Debt | | 2,725 |
| **Total Long-term Liabilities** | | 4,225 |

**SHAREHOLDERS' EQUITY**

| | | |
|---|---|---:|
| Capital stock | | 1,270 |
| | | |
| **Total Shareholders' Equity** | | 1,270 |
| **TOTAL LIABILITIES & EQUITY** | $ | 5,572 |

**Fieldwood Energy LLC**

Unaudited  Condensed Statements of Operating Income

(all numbers in millions)

|  | Twelve Months Ended December 31, 2012 | | Six Months Ended June 30, 2013 | |
|---|---|---|---|---|
| Revenues | $ | 2,083.4 | $ | 1,115.5 |
| | | | | |
| Lease operating expense | | 673.2 | | 372.5 |
| Workover expense | | 54.7 | | 17.1 |
| General and administrative expense | | 34.5 | | 17.3 |
| | | | | |
| Income from operations | $ | 1,355.5 | $ | 725.9 |



RLI Insurance Company
8 Greenway Plaza, Suite 400   Houston, TX 77046
Phone:  713-961-1300      Fax:  713-961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: _____

Principal: <u>Dynamic Offshore Resources, LLC</u>
(City, State, Zip)                                             (Telephone)

Address: <u>1111 Bagby, Suite 5050</u>
(No., Street and Suite Number or Post Office Box)

<u>Houston, Texas 77002</u>                        <u>(713) 728-7840</u>
(City, State, Zip)                                             (Telephone)

Principal's ownership structure is:

☐ individual proprietorship          ☐ partnership
☐ corporation                                    ☐ joint venture
☒ other (describe) <u>Delaware limited liability company</u>

Length of time in business under this name: <u>1-1/2 yr</u>

Fully describe the bonds requested and the operation necessitating bonds: *$3,000,000 (Three Million Dollar)*

<u>Area-wide bond pursuant to 30 CFR 256.52 in order to hold and operate oil and gas leases in the OCS</u>

Length of time principal has conducted this operation: <u>0</u>

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? <u>No</u>   If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: <u>None</u>

Has the principal, any partner, officer, or co-venturer ever:

_____ failed in business?          _____ been adjudged bankrupt?
_____ been convicted of a felony?          _____ filed for bankruptcy?
If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? _____ <u>No</u>
If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? <u>No</u>   If "yes," attach full particulars.

Name and Address of Principal's Bank: <u>Capital One Bank, N.A. 5718 Westheimer, Suite 600,</u>

<u>Houston, Texas 77057</u>

Contact: <u>Eric Broussard, Sr. Vice President</u>                        <u>(713) 435-5278</u>
(Name)                                                                                   (Telephone)

Credit References:

1. _____ <u>Air Logistics LLC</u> _____
(Name)                                (Business)
<u>P.O. Box 5C Lafayette, LA 70505</u>                        <u>(337) 233-1221</u>
(Mail Address)                                                              (Telephone)

2. _____ <u>Midstream Fuel & Service, LLC</u> _____
(Name)                                (Business)
<u>5900 Memorial Dr. Suite 305 Houston, TX 77007</u>        <u>(713) 350-6800</u>
(Mail Address)                                                              (Telephone)

3. _____ <u>2M Oilfield Group, Inc.</u> _____
(Name)                                (Business)
<u>P.O. Box 550 Lydia, LA 70569</u>                        <u>(337) 365-5555</u>
(Mail Address)                                                              (Telephone)

_____*GMM*_____ INITIALS    *5/18/05* DATE

Exhibit A-3

Page 1 of 4
M00HH405

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ **RLI Indemnity Company**          ☒ **RLI Insurance Company**

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company** and **RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond executed on behalf of the Principal named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, is wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1.  To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).
2.  To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.
3.  The Surety may, in its sole and absolute discretion, require the undersigned provide security, in form and amounts acceptable to the Surety, to secure the undersigneds' obligations to the Surety hereunder. Each of the undersigned shall execute such documents and take such further action as may be necessary in order to provide such security. Further, the undersigned will, upon demand of the Surety at any time hereafter, deliver to the Surety additional collateral, in form and amounts acceptable to the Surety. If an undersigned provides the Surety with a letter of credit or similar instrument as collateral, such undersigned agrees the Surety has the right to call on the same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the undersigned hereunder, or to pay any such obligations arising hereunder. Any cash (held in any type of account) provided as collateral will be available, in Surety's sole discretion, to pay any of the obligations arising hereunder. The Surety shall deposit cash security, if so provided by the undersigned, in an account (which may not be interest bearing) in the name of and exclusively controlled by the Surety, in any bank selected by the Surety in its sole discretion. The undersigned grant to Surety a secured interest in or a lien on any collateral, including any letters of credit or cash arising from draws thereunder, now or hereafter deposited with Surety. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall accrue to the benefit of the undersigned providing the collateral.
4.  If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall serve to benefit such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.
5.  An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.
6.  The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.
7.  Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.
8.  Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.
9.  The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.
10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.
11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.
12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.
13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.
14. This Agreement may be executed in multiple counterparts, and by the undersigneds on separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery by telecopy of a signed counterpart of this Agreement shall be effective as physical delivery.
15. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed. This Agreement shall constitute both the security agreement to the Surety and also a financing statement, and Surety is authorized to make any filings necessary to perfect its security interest under this Agreement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

_GMM_  INITIALS          _5/11/05_ DATE

| INSTRUCTIONS FOR SIGNING: |
|---|
| **IF SOLE PROPRIETORSHIP:** Owner must sign as Principal, his spouse as Personal Indemnitor. |
| **IF PARTNERSHIP:** All active partners must sign for Principal, the spouse of each as Personal Indemnitors. |
| **IF CORPORATION:** President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required. |

SIGNED AND DATED this _____ day of _____, A.D. _____.

NAME OF PRINCIPAL: _____ Dynamic Offshore Resources, LLC _____

ATTEST: _____ by: _____
Howard M. Tate, Secretary     G. M. McCarroll, President     (signature)

by: _____
(signature)

principal's
corporate
seal

surety's
corporate
seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE      CORPORATE INDEMNITOR #2 SIGN HERE

X _____     X _____
Corporate     Corporate
Name: _____     Name: _____
Corporate     Corporate
Address: _____     Address: _____

~~CORPORATE~~ ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF     Texas
COUNTY OF     Harris     }
On this 18th day of May 2009, before me personally appeared
G. M. McCarroll to me known, and, being by me duly sworn, deposes and says that he resides in the City
of Houston that he is the President of the
~~Dynamic Offshore Resources, LLC the limited liability company~~ ~~the corporation described in~~
~~and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such~~
~~corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.~~
My Commission Expires:
~~9-14-2009~~

| MINDY A. QUINN |
|---|
| Notary Public, State of Texas |
| My Commission Expires |
| September 14, 2009 Notary Public |

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF     Texas
COUNTY OF     Harris     }
On this 18th day of May 2009, before me personally appeared
G. M. McCarroll to me known, and, being by me duly sworn, deposes and says that he resides in the City of
Houston that he is the President company of the
Dynamic Offshore Resources LLC the limited liability ~~the corporation~~ described in
and which executed the foregoing instrument; ~~that he knows the seal of the said corporation; that the seal affixed to the said instrument is such~~
~~corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.~~
My Commission Expires:
9-14-2009

| MINDY A. QUINN |
|---|
| Notary Public, State of Texas |
| My Commission Expires |
| September 14, 2009 Notary Public |

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____, _____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the _____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires

_____     Notary Public

GMM INITIALS     5/18/05 DATE

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #2 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #3 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #4 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____, each member of the co-partnership of _____
_____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.
My Commission Expires:

_____          _____
                                                                Notary Public

_____GMM_____ INITIALS       ___5/1/09___ DATE



RLI Insurance Company<br>
8 Greenway Plaza, Suite 400   Houston, TX 77046<br>
Phone: 713-961-1300    Fax: 713-961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: _____

Principal: __Dynamic Offshore Resources, LLC__
(City, State, Zip)          (Telephone)

Address: __1111 Bagby, Suite 5050__
(No., Street and Suite Number or Post Office Box)

__Houston, Texas 77002__                    __(713) 728-7840__
(City, State, Zip)                          (Telephone)

Principal's ownership structure is:

☐ individual proprietorship     ☐ partnership
☐ corporation     ☐ joint venture
☒ other (describe) __Delaware limited liability company__

Length of time in business under this name: __1-1/2 yr__

Fully describe the bonds requested and the operation necessitating bonds: *$250,000 (Two Hundred Fifty Thousand)*

__Blanket bond under La. Adm. Code Tit. 43 Part XIX to be designated Operator of oil and gas wells__

Length of time principal has conducted this operation: __0__

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? __No__ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: __None__

Has the principal, any partner, officer, or co-venturer ever:

_____ failed in business?     _____ been adjudged bankrupt?
_____ been convicted of a felony?     _____ filed for bankruptcy?
If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? __No__
If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? __No__ If "yes," attach full particulars.

Name and Address of Principal's Bank: __Capital One Bank, N.A. 5718 Westheimer, Suite 600,__

__Houston, Texas 77057__

Contact: __Eric Broussard, Sr. Vice President__                    __(713) 435-5278__
(Name)                                                              (Telephone)

Credit References:

1. _____ __Air Logistics LLC__
(Name)                        (Business)
__P.O. Box 5C Lafayette, LA 70505__                    __(337) 233-1221__
(Mail Address)                                         (Telephone)

2. _____ __Midstream Fuel & Service, LLC__
(Name)                        (Business)
__5900 Memorial Dr. Suite 305 Houston, TX 77007__     __(713) 350-6800__
(Mail Address)                                         (Telephone)

3. _____ __2M Oilfield Group, Inc.__
(Name)                        (Business)
__P.O. Box 550 Lydia, LA 70569__                       __(337) 365-5555__
(Mail Address)                                         (Telephone)

*GMM* INITIALS     *5/18/05* DATE

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ **RLI Indemnity Company**          ☒ **RLI Insurance Company**

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company** and **RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond executed on behalf of the Principal named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, its wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).
2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.
3. The Surety may, in its sole and absolute discretion, require the undersigned provide security, in form and amounts acceptable to the Surety, to secure the undersigneds' obligations to the Surety hereunder. Each of the undersigned shall execute such documents and take such further action as may be necessary in order to provide such security. Further, the undersigned will, upon demand of the Surety at any time hereafter, deliver to the Surety additional collateral, in form and amounts acceptable to the Surety. If an undersigned provides the Surety with a letter of credit or similar instrument as collateral, such undersigned agrees the Surety has the right to call on its same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the undersigned hereunder, or to pay any such obligations arising hereunder. Any cash (held in any type of account) provided as collateral will be available, in Surety's sole discretion, to pay any of the obligations arising hereunder. The Surety shall deposit cash security, if so provided by the undersigned, in an account (which may not be interest bearing) in the name of and exclusively controlled by the Surety, in any bank selected by the Surety in its sole discretion. The undersigned grant to Surety a secured interest in or a lien on any collateral, including any letters of credit or cash arising from draws thereunder, now or hereafter deposited with Surety. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall accrue to the benefit of the undersigned providing the collateral.
4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall serve to benefit such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.
5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.
6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.
7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.
8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.
9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.
10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.
11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.
12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.
13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.
14. This Agreement may be executed in multiple counterparts, and by the undersigneds on separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery by telecopy of a signed counterpart of this Agreement shall be effective as physical delivery.
15. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed. This Agreement shall constitute both the security agreement to the Surety and also a financing statement, and Surety is authorized to make any filings necessary to perfect its security interest under this Agreement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

_GMM_ INITIALS          _5/18/05_ DATE

| | INSTRUCTIONS FOR SIGNING: |
|---|---|
| IF SOLE PROPRIETORSHIP: | Owner must sign as Principal, his spouse as Personal Indemnitor. |
| IF PARTNERSHIP: | All active partners must sign for Principal, the spouse of each as Personal Indemnitors. |
| IF CORPORATION: | President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required. |

SIGNED AND DATED this _____ day of _____, A.D. _____.

NAME OF PRINCIPAL: _____ Dynamic Offshore Resources, LLC

ATTEST: _____  by: _____
Howard M. Tate, Secretary                                  G. M. McCarroll, President        (signature)

by: _____
(signature)

principal's corporate seal                    surety's corporate seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE                    CORPORATE INDEMNITOR #2 SIGN HERE

X _____        X _____
Corporate Name: _____        Corporate Name: _____
Corporate Address: _____        Corporate Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____ Texas _____
COUNTY OF _____ Harris _____ }
On this __18th__ day of __May__, __2009__, before me personally appeared
__G.M. McCarroll__ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of __Houston__ that he is the __President__ of the
__Dynamic Offshore Resources, LLC the limited liability company__ ~~the corporation~~ described in
and which executed the foregoing instrument; ~~that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.~~
My Commission Expires:
__9-14-2009__                    _____

MINDY A. QUINN
Notary Public, State of Texas
My Commission Expires
September 14, 2009
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____, _____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the _____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

_____                    _____
                                                                                Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____, _____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of
_____ that he is the _____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires

_____                    _____
                                                                                Notary Public

__GMM__ INITIALS        __5/18/09__ DATE

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #2 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #3 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #4 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

## PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                      Notary Public

## PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                      Notary Public

## INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and
who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                      Notary Public

## PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____, each member of the co-partnership of _____
_____ to me known and known to me to be the
persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and
deed of the said co-partnership.
My Commission Expires:

_____          _____
                                                                      Notary Public

_____ G MM ____ INITIALS      5/18/05 ____ DATE

Page 4 of 4
UN 1008 (07/03)      M00HH405



RLI Insurance Company

8 E. Greenway Plaza | Suite 400 | Houston, TX 77046-0899
P: 713-961-1300 | F: 713-961-0285 | www.rlicorp.com

## ATTACHMENT "A"

## TO BE ATTACHED AND BECOME A PART OF

## Application For Miscellaneous Surety & Indemnity Agreement

## Executed by: SandRidge Energy, Inc.

## Dated:  October 23, 2006

Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the Undersigned, its wholly or partially owned subsidiary companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other; now in existence or which may hereafter be created or acquired.

Principal, as defined herein, shall include but not be limited to the following entities:

### SandRidge Energy Offshore, LLC

Signed, Sealed and Dated this __25th_____ of __July_____, 2013.

**SandRidge Energy Offshore, LLC**

By: _Kevin R. White_____

Title: _Senior Vice-President_____

Attest: _Lauren McIntyre_____

**SandRidge Energy, Inc.**

By: _Kevin R. White_____

Title: _Senior Vice-President_____

Attest: _Lauren McIntyre_____

**DIFFERENT WORKS**

Exhibit A-4



RLI Insurance Company
8 Greenway Plaza, Suite 400    Houston, TX 77046
Phone: 713-961-1300    Fax: 713-961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: Arthur J. Gallagher Risk Management Services, Inc.

P. O. Box 53910 – Lubbock, TX  79453          806/785-1988
(City, State, Zip)                                              (Telephone)

Principal: SandRidge Energy, Inc.

Address: 1601 N. W. Expressway, Suite 1600
(No., Street and Suite Number or Post Office Box)
Oklahoma City, OK  73118

(City, State, Zip)                                              (Telephone)

Principal's ownership structure is:

☐ individual proprietorship          ☐ partnership
☐ corporation                        ☐ joint venture
☐ other (describe) _____

Length of time in business under this name: _____

Fully describe the bonds requested and the operation necessitating bonds: _____

_____

Length of time principal has conducted this operation: _____

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? _____ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: _____

Has the principal, any partner, officer, or co-venturer ever:

_____ failed in business?          _____ been adjudged bankrupt?

_____ been convicted of a felony?  _____ filed for bankruptcy?

If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him?

If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? _____ If "yes," attach full particulars.

Name and Address of Principal's Bank: _____

_____

Contact: _____
(Name)                                              (Telephone)

Credit References:

1. _____
(Name)                          (Business)

_____
(Mail Address)                                              (Telephone)

2. _____
(Name)                          (Business)

_____
(Mail Address)                                              (Telephone)

3. _____
(Name)                          (Business)

_____
(Mail Address)                                              (Telephone)

_____ INITIALS          10-26-06 DATE

Page 1 of 4
M00HH405

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ **RLI Indemnity Company**          ☒ **RLI Insurance Company**

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company** and **RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond executed on behalf of the Principal named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, its wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. The Surety may, in its sole and absolute discretion, require the undersigned provide security, in form and amounts acceptable to the Surety, to secure the undersigneds' obligations to the Surety hereunder. Each of the undersigned shall execute such documents and take such further action as may be necessary in order to provide such security. Further, the undersigned will, upon demand of the Surety at any time hereafter, deliver to the Surety additional collateral, in form and amounts acceptable to the Surety. If an undersigned provides the Surety with a letter of credit or similar instrument as collateral, such undersigned agrees the Surety has the right to call on the same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the undersigned hereunder, or to pay any such obligations arising hereunder. Any cash (held in any type of account) provided as collateral will be available, in Surety's sole discretion, to pay any of the obligations arising hereunder. The Surety shall deposit such security, if so provided by the undersigned, in an account (which may not be interest bearing) in the name and exclusively controlled by the Surety, in any bank selected by the Surety in its sole discretion. The undersigned grant to Surety a secured interest in or a lien on any collateral, including any letters of credit or cash arising from draws thereunder, now or hereafter deposited with Surety. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall accrue to the benefit of the undersigned providing the collateral.

4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall serve to benefit such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.

5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.

6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.

7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.

9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.

12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.

14. This Agreement may be executed in multiple counterparts, and by the undersigneds on separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Delivery by telecopy of a signed counterpart of this Agreement shall be effective as physical delivery.

15. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed. This Agreement shall constitute both the security agreement to the Surety and also a financing statement, and Surety is authorized to make any filings necessary to perfect its security interest under this Agreement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

_LLC_  _____ INITIALS          _10-24-04_ DATE

| INSTRUCTIONS FOR SIGNING: |
|---|
| IF SOLE PROPRIETORSHIP: **Owner must sign as Principal, his spouse as Personal Indemnitor.** |
| IF PARTNERSHIP: **All active partners must sign for Principal, the spouse of each as Personal Indemnitors.** |
| IF CORPORATION: **President or Vice President must sign for Principal, attested to by Corporate Secretary.** |
| **At least two officers must also sign as Personal Indemnitors, if required.** |

SIGNED AND DATED this **23rd** day of **October**, A.D. **2006**.

NAME OF PRINCIPAL:) **SandRidge Energy, Inc.**

ATTEST: _____  by: _____ (signature) **EVP, Land**

*Matthew McCann, Secretary*  by: _____ (signature)

*SandRidge Energy, Inc.*
*a Texas Corporation*

principal's corporate seal            surety's corporate seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE                    CORPORATE INDEMNITOR #2 SIGN HERE

X_____                              X_____
Corporate                                           Corporate
Name: _____                                 Name: _____
Corporate                                           Corporate
Address: _____                                Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF **Oklahoma**
COUNTY OF **Oklahoma** }
On this **23rd** day of **October**, **2006**, before me personally appeared
**Matthew McCann** to me known, and, being me duly sworn, deposes and says that he resides in the City
of **Edmond** that he is the **Secretary** of the
**SandRidge Energy, Inc.** the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

[Notary Seal: CARMELLA GUEST, Notary Public, State of Oklahoma, Commission # 06000511, Commission Expires 10/20/10]

_Carmella Guest_
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF **Oklahoma**
COUNTY OF **Oklahoma** }
On this **23RD** day of **OCTOBER**, **2006**, before me personally appeared
**Larry K. Coshow** to me known, and, being me duly sworn, deposes and says that he resides in the City of
**Edmond** that he is the **Executive Vice President, Land** of the
**SANDRIDGE ENERGY, INC.** the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

[Notary Seal: SHERRI SWELL, NOTARY, # 05000711, EXP. 1/20/09, STATE OF OKLAHOMA]

_Sherri Swell_
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____, _____, before me personally appeared
_____ to me known, and, being me duly sworn, deposes and says that he resides in the City of
_____ that he is the _____ of the
_____ the corporation described in
and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such
corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires

_____
Notary Public

_LKC_ INITIALS          **10-26-06** DATE

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #2 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #3 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

PERSONAL INDEMNITOR #4 SIGN HERE

X _____

Residence
Address: _____

SSN# _____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____         _____
                                                                          Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____         _____
                                                                          Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____         _____
                                                                          Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____
COUNTY OF _____ }

On this _____ day of _____, _____, before me personally appeared
_____, each member of the co-partnership of _____
_____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.
My Commission Expires:

_____         _____
                                                                          Notary Public

_____LVC_____ INITIALS          __10-26-06__ DATE

UN 1008 (07/03)          M00HH405



RLI Insurance Company
**Subsidiary:** RLI Indemnity Company

8 Greenway Plaza, Suite 400    Houston, TX 77046
Phone: 713-961-1300    Fax: 713-961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: _____

(City, State, Zip)                                        (Telephone)

Principal: __SPN Resources, LLC__

Address: __1105 Peters Road__
(No., Street and Suite Number or Post Office Box)
__Harvey, LA    70058__

(City, State, Zip)                                        504-362-5558
(Telephone)

Principal's ownership structure is:

_____ individual proprietorship          _____ partnership

_____ corporation          _____ joint venture

__X__ other (describe) Limited Liability Company

Length of time in business under this name: _____

Fully describe the bonds requested and the operation necessitating bonds: __Various Bonds__

_____

Length of time principal has conducted this operation: _____

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? _____ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: _____

Has the principal, any partner, officer, or co-venturer ever:

_____ failed in business?          _____ been adjudged bankrupt?

_____ been convicted of a felony?          _____ filed for bankruptcy?

If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? _____
If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? _____ If "yes" attach full particulars.

Name and Address of Principal's Bank: _____

_____

Contact: _____
(Name)                                        (Telephone)

Credit References:

1. _____
(Name)                          (Business)

_____
(Mail Address)                                        (Telephone)

2. _____
(Name)                          (Business)

_____
(Mail Address)                                        (Telephone)

3. _____
(Name)                          (Business)

_____
(Mail Address)                                        (Telephone)

_____ INITIALS    4 Dec 03 DATE

Exhibit A-5

Page 1 of 4
M00HH703

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ **RLI Indemnity Company**          ☒ **RLI Insurance Company**

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of **RLI Indemnity Company** and **RLI Insurance Company**, hereinafter referred to individually or collectively as "Surety," in connection with any bond executed on behalf of the Principal named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any and all extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, is wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).
2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.
3. If the Surety shall set up a reserve for any reason to cover any actual or potential liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall inure to the benefit of the Principal.
4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.
5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.
6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.
7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.
8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.
9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.
10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.
11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.
12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.
13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.
14. ~~To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property, and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety:~~
15. ~~To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following described property to be held in safekeeping by Surety as collateral:~~ Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder.
16. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). A photocopy of this Agreement is sufficient as a financing statement. This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

_RT_ _____ INITIALS          _4 DEC 03_ _____ DATE          Page 2 of 4

INSTRUCTIONS FOR SIGNING:
IF SOLE PROPRIETORSHIP: Owner must sign as Principal, his spouse as Personal Indemnitor.
IF PARTNERSHIP: All active partners must sign for Principal, the spouse of each as Personal Indemnitors.
IF CORPORATION: President or Vice President must sign for Principal, attested to by Corporate Secretary.
At least two officers must also sign as Personal Indemnitors, if required.

SIGNED AND DATED this ___4th___ day of ___December___, A.D. _2003_

NAME OF PRINCIPAL: _SPN Resources, LLC_

ATTEST: _Carolyn Plaisance_        by: _____
        Carolyn Plaisance, Secretary    Robert S. Taylor, VP & Treasurer
                                     by: _____
                                         (signature)

SIGNATURE FOR SURETY:

        principal's          surety's     by: _____
        corporate            corporate        (signature)        Attorney-in-Fact
        seal                 seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE                CORPORATE INDEMNITOR #2 SIGN HERE

X _Robert S. Taylor, VP & CFO_                   X _____
Corporate                                        Corporate
Name: _Superior Energy Services, Inc._           Name: _____
Corporate                                        Corporate
Address: _1105 Peters Rd., Harvey, LA_           Address: _____
          _70058_

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _Louisiana_
Parish XXXXXX OF _Jefferson_    }
   On this __4th__ day of _December_, _2003_, before me personally appeared
_Robert S. Taylor_ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of _New Orleans_ that he is the _Vice President and Treasurer_
of the _SPN Resources, LLC_
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

_At Death_                                              _____
                                                        Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _Louisiana_
Parish XXXXXX OF _Jefferson_    }
   On this __4th__ day of _December_, _2003_, before me personally appeared
_Robert S. Taylor_ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of _New Orleans_ that he is the _Vice President, Chief Financial Officer & Treasurer_
of the _Superior Energy Services, Inc._
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires:

_At Death_                                              _____
                                                        Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____    }
   On this _____ day of _____, _____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of _____ that he is the _____
of the _____
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.
My Commission Expires

_____                               _____
                                                        Notary Public

_____ INITIALS   _4 Dec 03_ DATE

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

**PERSONAL INDEMNITOR #1 SIGN HERE**

X _____
Residence
Address: _____

SSN# _____

**PERSONAL INDEMNITOR #2 SIGN HERE**

X _____
Residence
Address: _____

SSN# _____

**PERSONAL INDEMNITOR #3 SIGN HERE**

X _____
Residence
Address: _____

SSN# _____

**PERSONAL INDEMNITOR #4 SIGN HERE**

X _____
Residence
Address: _____

SSN# _____

**PERSONAL INDEMNITOR ACKNOWLEDGEMENT**

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____
_____, _____ , before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                                          Notary Public

**PERSONAL INDEMNITOR ACKNOWLEDGEMENT**

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____
_____, _____ , before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                                          Notary Public

**INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP**

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____
_____, _____ , before me personally appeared
_____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:

_____          _____
                                                                                          Notary Public

**PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER**

STATE OF _____
COUNTY OF _____ }
On this _____ day of _____
_____, _____ , before me personally appeared
_____, each member of the co-partnership of _____
_____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.
My Commission Expires:

_____          _____
                                                                                          Notary Public

_____ INITIALS     _F Dec 23_ DATE



RLI Insurance Company
*Subsidiaries:* Underwriters Indemnity Company
Planet Indemnity Company

8 Greenway Plaza, Suite 400   Houston, TX 77046
Phone: 713-961-1300   Fax: 713-961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: _____

_____   (    )
(city, state, zip)                                                    (telephone)

Principal:   PANACO Inc.

Address:   1100 Louisiana, Suite 5100
(No., Street and Suite Number or Post Office Box)

Houston, TX 77002-5220                          ( 713 )   970-3100
(city, state, zip)                                                    (telephone)

Principal's ownership structure is:

_____ individual proprietorship          _____ partnership

_____ corporation                                _____ joint venture

_____ other (describe) _____

Length of time in business under this name: _____

Fully describe the bonds requested and the operation necessitating bonds: _____

Length of time principal has conducted this operation: _____

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? _____ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: _____

Has the principal, any partner, officer, or co-venturer ever:

    failed in business? _____          been adjudged bankrupt? _____

    been convicted of a felony? _____          filed for bankruptcy? _____

    If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? _____
If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? _____ If "yes," attach full particulars.

Name and Address of Principal's Bank: _____

_____

Contact: _____
(name)                                              (telephone)

Credit References:

1. _____
(name)                                              (business)

(mail address)                                      (telephone)

2. _____
(name)                                              (business)

(mail address)                                      (telephone)

3. _____
(name)                                              (business)

(mail address)                                      (telephone)

Exhibit A-6

## INDEMNITY AGREEMENT - READ CAREFULLY

☒ UNDERWRITERS INDEMNITY COMPANY          ☒ PLANET INDEMNITY COMPANY          ☒ RLI INSURANCE COMPANY

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying any one or a combination of Underwriters Indemnity Company, Planet Indemnity Company, and RLI Insurance Company, hereinafter referred to individually or collectively as "Surety," in connection with any bond executed on behalf of the Principal named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. Principal, as defined herein, shall include any and all wholly or partially owned subsidiary companies, subsidiaries of subsidiaries, divisions or affiliates, partnerships, venturers or co-venturers in which the undersigned, its wholly or partially owned companies, divisions or affiliates have an interest or participation whether open or silent; jointly, severally or in any combination with each other, now in existence or which may hereafter be created or acquired. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Surety under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that Principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless Principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety: an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. If the Surety shall set up a reserve for any reason to cover any actual or potential liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall inure to the benefit of the Principal.

4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.

5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.

6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.

7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the Principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.

9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.

12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.

14. To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property;

and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety.

15. To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following described property to be held in safekeeping by Surety as collateral:

Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder.

16. Nothing herein contained shall be construed to waive or abridge any right or remedy which the Surety might have if this instrument were not executed.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

(2)

| INSTRUCTIONS FOR SIGNING: |
|---|
| **IF SOLE PROPRIETORSHIP:** Owner must sign as Principal, his spouse as Personal Indemnitor. |
| **IF PARTNERSHIP:** All active partners must sign for Principal, the spouse of each as Personal Indemnitors. |
| **IF CORPORATION:** President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required. |

SIGNED AND DATED this **27th** day of **March** A.D. **2003**

NAME OF PRINCIPAL **PANACO Inc.**

ATTEST: _Rita K. CPA_   by: _Gregory K. Sampson_ (signature)

by: _____ (signature)

SIGNATURE FOR SURETY:

By _____ (signature)

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as through each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

**CORPORATE INDEMNITOR #1 SIGN HERE**      **CORPORATE INDEMNITOR #2 SIGN HERE**

X _____      X _____

Corporate Name: _____      Corporate Name: _____

Corporate Address: _____      Corporate Address: _____

## CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _Texas_

COUNTY OF _Harris_ /

On this _2_ day of _April_ _2003_, before me personally appeared _Gregory K. Sampson_ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _Houston_ that he is the _Vice President – Land_ of the _PANACO, Inc._ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires: _____

_Brooksie J Schulin_ Notary Public

> **BROOKSIE J. SCHULIN**
> Notary Public, State of Texas
> My Commission Expires
> **March 01, 2006**

## CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____

COUNTY OF _____ /

On this _____ day of _____ _____, before me personally appeared _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the _____ of the _____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires: _____

Notary Public

## CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____

COUNTY OF _____ /

On this _____ day of _____ _____, before me personally appeared _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the _____ of the _____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires: _____

Notary Public

(3)

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing Indemnity Agreement, executed by the Principal, as fully as through each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is
to secure.

PERSONAL INDEMNITOR #1 SIGN HERE
X _____

PERSONAL INDEMNITOR #2 SIGN HERE
X _____

Residence
Address: _____

Residence
Address: _____

_____

_____

PERSONAL INDEMNITOR #3 SIGN HERE
X _____

PERSONAL INDEMNITOR #4 SIGN HERE
X _____

Residence
Address: _____

Residence
Address: _____

_____

_____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____ /

COUNTY OF _____ /

On this _____ day of _____, _____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:                        Notary Public

_____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____ /

COUNTY OF _____ /

On this _____ day of _____, _____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:                        Notary Public

_____

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____ /

COUNTY OF _____ /

On this _____ day of _____, _____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:                        Notary Public

_____

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____ /

COUNTY OF _____ /

On this _____ day of _____, _____, before me personally appeared _____, each member of the co-partnership of _____ _____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership .

My Commission Expires:                        Notary Public

_____

(4)

UN 1008 (06/00)



*8 GREENWAY PLAZA, SUITE 400*
*HOUSTON, TEXAS 77046*
*(713) 961-1300*
*FAX: (713) 961-0285*

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: _____

_____     _____
(city, state, zip)                                      (telephone)

Principal: **PANACO Inc.** _____     _____

Address: **1100 Louisiana, Suite 5100** _____
(No., Street and Suite Number or Post Office Box)

**Houston, TX 77002-5220** _____     ( **713** ) **970-3100**
(city, state, zip)                                      (telephone)

Principal's ownership structure is:

_____ individual proprietorship          _____ partnership

__**X**__ corporation                               _____ joint venture

_____ other (describe) _____

Length of time in business under this name: _____

Fully describe the bonds requested and the operation necessitating bonds: _____
_____

Length of time principal has conducted this operation:

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? _____ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: _____

Has the principal, any partner, officer, or co-venturer ever:

    failed in business? _____          been adjudged bankrupt? _____

    been convicted of a felony? _____          filed for bankruptcy? _____

    If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? _____
If "yes," attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? _____ If "yes," attach full particulars.

Name and Address of Principal's Bank: _____

Contact: _____     _____
(name)                                      (telephone)

Credit References:

1. _____
(name)                                      (business)

_____     _____
(mail address)                                      (telephone)

2. _____
(name)                                      (business)

_____     _____
(mail address)                                      (telephone)

3. _____
(name)                                      (business)

_____     _____
(mail address)                                      (telephone)

UN 1008 (03/93)                              (1)

# INDEMNITY AGREEMENT - READ CAREFULLY

[X] UNDERWRITERS INDEMNITY COMPANY    [X] PLANET INDEMNITY COMPANY    [X] RLI INSURANCE COMPANY

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying the Surety indicated above, hereinafter referred to as "Surety," in connection with any bond executed on behalf of the principal named herein, hereinafter referred to as "Principal," and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Indemnitee under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such Bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactoy to the Surety, is served upon the Surety. In the event that principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand thereof any other sum becoming due Surety hereunder; then, unless principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. If the Surety shall set up a reserve for any reason to cover any actual or potential liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall inure to the benefit of the Principal.

4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.

5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.

6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.

7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other causes of action, whether theretofore or thereafter accruing.

9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.

12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to  future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.

14. ~~To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property;~~

~~and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety:~~

15. ~~To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following describe property to be held in safekeeping by Surety as collateral:~~

Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder. ✳

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors herein shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligation of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

*Prior to any demand for additional collateral, Surety shall give thirty (30) days prior written notice of such demand to Foothill Capital Corporation, as Agent, at 11111 Santa Monica Blvd., Suite 1500, Los Angeles, CA  90025-3333.

| | INSTRUCTIONS FOR SIGNING: |
|---|---|
| IF SOLE PROPRIETORSHIP: | Owner must sign as Principal, his spouse as Personal Indemnitor. |
| IF PARTNERSHIP: | All active partners must sign for Principal, the spouse of each as Personal Indemnitors. |
| IF CORPORATION: | President or Vice President must sign for Principal, attested to by Corporate Secretary. |
| | At least two officers must also sign as Personal Indemnitors, if required. |

SIGNED AND DATED this __19th__ day of ____October____ , A.D. __1999__

NAME OF PRINCIPAL: __PANACO Inc.__

ATTEST: _____          by: _Gregory K Sampson_
                                                                              (signature)
                                                                          by: _____
                                                                              (signature)
                                                                          SIGNATURE FOR SURETY:
                                                                          By _____
                                                                              (signature)

principal's corporate seal          surety's corporate seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as through each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE          CORPORATE INDEMNITOR #2 SIGN HERE

X _____                          X _____
Corporate                                                          Corporate
Name: _____                  Name: _____
Corporate                                                          Corporate
Address: _____             Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF __Texas__ §
COUNTY OF __Harris__ §
On this __29th__ day of __October__ , _____, before me personally appeared
__Gregory K. Sampson__ _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of __Houston__ _____ that he is the __Vice President – Land__
of the __Panaco Inc.__ _____
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is
such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:
__7-22-2001__                                                   _Nancy Cruz_
                                                                          Notary Public   Nancy Cruz

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____
On this _____ day of _____ , _____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of _____ that he is the _____
of the _____
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is
such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:
_____                          _____
                                                                          Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____
COUNTY OF _____
On this _____ day of _____ , _____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City
of _____ that he is the _____
of the _____
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is
such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:
_____                          _____
                                                                          Notary Public

(3)

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as through each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE

X_____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #2 SIGN HERE

X_____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #3 SIGN HERE

X_____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #4 SIGN HERE

X_____

Residence
Address: _____

_____

## PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____ §

COUNTY OF _____ §

    On this _____ day of _____, _____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____

_____
Notary Public

## PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____ §

COUNTY OF _____ §

    On this _____ day of _____, _____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____

_____
Notary Public

## INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____ §

COUNTY OF _____ §

    On this _____ day of _____, _____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____

_____
Notary Public

## PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____ §

COUNTY OF _____ §

    On this _____ day of _____, _____, before me personally appeared _____, each member of the co-partnership of _____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership .

My Commission Expires:

_____

_____
Notary Public



8 GREENWAY PLAZA, SUITE 400
HOUSTON, TEXAS 77046
(713) 961-1300
TELECOPIER: (713) 961-0285

# APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: __Robert L. Carson Associates, Inc.__

__Fort Worth, Texas  76102__      __817) 877-1884__
<span>(city, state, zip)</span>      <span>(telephone)</span>

Principal: __PANACO, Inc.__

Address: __1050 West Blue Ridge Boulevard__
<span>(No., Street and Suite Number or Post Office Box)</span>

__Panaco Building__

__Kansas City, MO  64145-1216__      __816) 942-6300__
<span>(city, state, zip)</span>      <span>(telephone)</span>

Principal's ownership structure is:

_____ individual proprietorship      _____ partnership

__x__ corporation      _____ joint venture

_____ other (describe)_____

Length of time in business under this name:_____

Fully describe the bonds requested and the operation necessitating bonds: _____

Length of time principal has conducted this operation:_____

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal?_____ If "yes" explain on separate page.

Other sureties to whom this bond has been submitted:_____

Has the principal, any partner, officer, or co-venturer ever:
     failed in business?_____      been adjudged bankrupt?_____
     been convicted of a felony?_____      filed for bankruptcy?_____

     If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him?_____ If "yes", attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond?_____ If "yes", attach full particulars.

Name and Address of Principal's Bank:_____

_____

Contact:_____
<span>(name)</span>      <span>(telephone)</span>

Credit References:

1._____
<span>(name)</span>      <span>(business)</span>

_____
<span>(mail address)</span>      <span>(telephone)</span>

2._____
<span>(name)</span>      <span>(business)</span>

_____
<span>(mail address)</span>      <span>(telephone)</span>

3._____
<span>(name)</span>      <span>(business)</span>

_____
<span>(mail address)</span>      <span>(telephone)</span>

**INDEMNITY AGREEMENT — READ CAREFULLY**

[X] UNDERWRITERS INDEMNITY COMPANY          [X] PLANET INDEMNITY COMPANY

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying the Surety indicated above, hereinafter referred to as "Surety", in connection with any bond executed on behalf of the principal named herein, hereinafter referred to as "Principal", and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Indemnitee under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such Bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees, which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. If the Surety shall set up a reserve for any reason to cover any actual or potential liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall inure to the benefit of the Principal.

4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.

5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.

6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.

7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other cause or causes of action, whether theretofore or thereafter accruing.

9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.

12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.

14. To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property;


and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety.

15. To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following described property to be held in safekeeping by Surety as collateral:


Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligations of the Indemitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

**INSTRUCTIONS FOR SIGNING:**

**IF SOLE PROPRIETORSHIP:** Owner must sign as Principal, his spouse as Personal Indemnitor.

**IF PARTNERSHIP:** All active partners must sign for Principal, the spouse of each as Personal Indemnitors.

**IF CORPORATION:** President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required.

SIGNED AND DATED this _15th_ day of _D_ _____, A.D.19___

NAME OF PRINCIPAL: PANACO, Inc.

(Name of Firm)

ATTEST: _Thomas E Clark_

by: _____
(signature)

by: _____
(signature)

SIGNATURE FOR SURETY:

By _____
Attorney-in-fact

principal's corporate seal          surety's corporate seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE          CORPORATE INDEMNITOR #2 SIGN HERE

X _____          X _____

Corporate Name: _____          Corporate Name: _____

Corporate Address: _____          Corporate Address: _____

### CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _Missouri_ §

COUNTY OF _Jackson_ §

On this _30th_ day of _December_ ,19_94_ , before me personally appeared _H James Maxwell_ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _Kansas City_ that he is the _President_ of the _PANACO INC._ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

_1/25/95_

_Glenna R Baker_
Notary Public

### CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____ §

COUNTY OF _____ §

On this _____ day of _____ ,19 ____ , before me personally appeared _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the _____ of the _____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

_____
Notary Public

### CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____ §

COUNTY OF _____ §

On this _____ day of _____ ,19 ____ , before me personally appeared _____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____ that he is the _____ of the _____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

_____
Notary Public

(3)

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:

X _____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #2 SIGN HERE:

X _____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #3 SIGN HERE:

X _____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #4 SIGN HERE:

X _____

Residence
Address: _____

_____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____  §
COUNTY OF _____  §

On this _____ day of _____ ,19 _____ , before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____    _____
                                    Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____  §
COUNTY OF _____  §

On this _____ day of _____ ,19 _____ , before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____    _____
                                    Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____  §
COUNTY OF _____  §

On this _____ day of _____ ,19 _____ , before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____    _____
                                    Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____  §
COUNTY OF _____  §

On this _____ day of _____ ,19 _____ , before me personally appeared _____ , each a member of the co-partnership of _____ _____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.

My Commission Expires:

_____    _____
                                    Notary Public

(4)



8 GREENWAY PLAZA, SUITE 400
HOUSTON, TEXAS 77046
(713) 961-1300
TELECOPIER: (713) 961-0285

# APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: **Poe & Brown of Texas, Inc.**

**P O Box 926169, Houston, Texas 77292-6169**          **713) 613-1500**
(city, state, zip)                                          (telephone)

Principal: **Goldking Production Company, Inc.**

Address: **P O Box 4394, Houston, Texas 77210**
(No., Street and Suite Number or Post Office Box)

_____          (   )
(city, state, zip)                         (telephone)

Principal's ownership structure is:

_____ individual proprietorship          _____ partnership          RECEIVED

X corporation                            _____ joint venture        JAN 3  1995

_____ other (describe)_____                          UIIGA

Length of time in business under this name:_____

Fully describe the bonds requested and the operation necessitating bonds:  **Oil and Gas Plugging Bond**

Length of time principal has conducted this operation:

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? **no** If "yes" explain on separate page.

Other sureties to whom this bond has been submitted: **None**

Has the principal, any partner, officer, or co-venturer ever:
failed in business? **No**          been adjudged bankrupt? **No**
been convicted of a felony? **No**          filed for bankruptcy? **No**

If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him? **No**
If "yes", attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond? **No** If "yes", attach full particulars.

Name and Address of Principal's Bank: **Bank One, Texas, N.A.**

**910 Travis, Houston, Texas 77002**

Contact: **Richard G. Sylvan, Senior Vice President** **(713) 751-6310**
(name)                                             (telephone)

Credit References:

1._____
(name)                               (business)

_____
(mail address)                       (telephone)

2._____
(name)                               (business)

_____
(mail address)                       (telephone)

3._____
(name)                               (business)

_____
(mail address)                       (telephone)

UN 1008 (03/93)                                    (1)

## INDEMNITY AGREEMENT — READ CAREFULLY

[X] UNDERWRITERS INDEMNITY COMPANY          [X] PLANET INDEMNITY COMPANY

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying the Surety indicated above, hereinafter referred to as "Surety", in connection with any bond executed on behalf of the principal named herein, hereinafter referred to as "Principal", and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Indemnitee under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such Bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).
2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees, which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.
3. If the Surety shall set up a reserve for any reason to cover any actual or potential liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall inure to the benefit of the Principal.
4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.
5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.
6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.
7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.
8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other cause or causes of action, whether theretofore or thereafter accruing.
9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.
10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.
11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.
12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.
13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.
14. To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property:

and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety.
15. To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following described property to be held in safekeeping by Surety as collateral:

Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors herein shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligations of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

INSTRUCTIONS FOR SIGNING:

**IF SOLE PROPRIETORSHIP:** Owner must sign as Principal, his spouse as Personal Indemnitor.

**IF PARTNERSHIP:** All active partners must sign for Principal, the spouse of each as Personal Indemnitors.

**IF CORPORATION:** President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors, if required.

SIGNED AND DATED this _____ day of _____, A.D.19 _____

NAME OF PRINCIPAL: _____ Goldking Production Company, Inc. _____

                                                      (Name of Firm)

ATTEST: _____        by: _____
                                                                        (signature)

                                                            by: _____
                                                                        (signature)

                                                            SIGNATURE FOR SURETY:

                                                            By _____
                                                                        Attorney-in-fact

principal's          surety's
corporate          corporate
seal                  seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

CORPORATE INDEMNITOR #1 SIGN HERE                    CORPORATE INDEMNITOR #2 SIGN HERE

X _____                    X _____

Corporate                                                                  Corporate
Name: Goldking Oil & Gas Corp.                              Name: _____

Corporate                                                                  Corporate
Address: P O Box 4394, Houston, Texas 77210        Address: _____

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF Texas                                         §
COUNTY OF Harris                                     §

On this 30th day of January ,19 95 , before me personally appeared

David F. Tharp _____ to me known, and, being by me duly sworn, deposes and says that

he resides in the City of Houston _____ that he is the President

of the Goldking Production Company, Inc.

the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

JANET B. TAYLOR
MY COMMISSION EXPIRES
February 17, 1997                    Janet B. Taylor
                                                      Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF Texas                                         §
COUNTY OF Harris                                     §

On this 30th day of January ,19 95 , before me personally appeared

David F. Tharp _____ to me known, and, being by me duly sworn, deposes and says that

he resides in the City of Houston _____ that he is the President

of the Goldking Oil & Gas Corp.

the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

JANET B. TAYLOR
MY COMMISSION EXPIRES
February 17, 1997                    Janet B. Taylor
                                                      Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF _____                 §
COUNTY OF _____                   §

On this _____ day of _____ ,19 _____ , before me personally appeared

_____ to me known, and, being by me duly sworn, deposes and says that

he resides in the City of _____ that he is the _____

of the _____

the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

_____                    _____
                                                      Notary Public

(3)

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:

X _____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #2 SIGN HERE:

X _____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #3 SIGN HERE:

X _____

Residence
Address: _____

_____

PERSONAL INDEMNITOR #4 SIGN HERE:

X _____

Residence
Address: _____

_____

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____   §
COUNTY OF_____   §

  On this _____day of _____ ,19 _____ , before me personally appeared
_____ to me known and known to me to be the person who is
described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:
                                          _____
_____                   Notary Public

### PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF _____   §
COUNTY OF_____   §

  On this _____day of _____ ,19 _____ , before me personally appeared
_____ to me known and known to me to be the person who is
described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:
                                          _____
_____                   Notary Public

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____   §
COUNTY OF_____   §

  On this _____day of _____ ,19 _____ , before me personally appeared
_____ to me known and known to me to be the person who is
described in and who executed the foregoing instrument and acknowledged to me that he executed the same.
My Commission Expires:
                                          _____
_____                   Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____   §
COUNTY OF_____   §

  On this _____day of _____ ,19 _____ , before me personally appeared
_____ , each a member of the co-partnership of _____
_____ to me known and known to me to be the persons who are
described in and who executed the foregoing instrument and acknowledge to me that they executed the same as and for the act and deed of the said
co-partnership.
My Commission Expires:
                                          _____
_____                   Notary Public



8 GREENWAY PLAZA, SUITE 400
HOUSTON, TEXAS 77046
(713) 961-1300
TELECOPIER: (713) 961-0285

## APPLICATION FOR MISCELLANEOUS SURETY & INDEMNITY AGREEMENT

Producer: **Robert L. Carson Associates, Inc.**

**Fort Worth, Texas  76102**                          **(817 877-1884**
<span>(city, state, zip)</span>                                                <span>(telephone)</span>

Principal: **PANACO, Inc.**

Address: **1011 West 103 Street, Suite 211**
<span>(No., Street and Suite Number or Post Office Box)</span>
**Kansas City, MO  64114**

**Kansas City, Missouri**                          **(816/942-6300**
<span>(city, state, zip)</span>                                                <span>(telephone)</span>

Principal's ownership structure is:

_____ individual proprietorship                    _____ partnership

__X__ corporation                                          _____ joint venture

_____ other (describe)_____

Length of time in business under this name:_____**1 Year**_____

Fully describe the operation necessitating bonds: ____**Conoco Lease #L-36564**_____

Length of time principal has conducted this operation:        **1.5 years**

Has any Surety ever cancelled any bond(s) or declined renewal(s) for Principal? **No** If "yes" explain on separate page.

Other sureties to whom this bond has been submitted:_____**None**_____

Has the principal, any partner, officer, or co-venturer ever:
    failed in business? __**No**____                    been adjudged bankrupt? **No**_____
    been convicted of a felony? __**No**____              filed for bankruptcy? __**No**____

    If the answer to any of the foregoing is "Yes," attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him?_____ If "yes", attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond?_____ If "yes", attach full particulars.

Name and Address of Principal's Bank:____**Bank One, Texas, NA, 910 Travis, Houston, Texas 7002-5860**

Contact:____**Daniel G. Steele**_____                    **(713) 751-7874**
<span>(name)</span>                                                        <span>(telephone)</span>

Credit References:

1. _____
<span>(name)</span>                                    <span>(business)</span>

_____
<span>(mail address)</span>                              <span>(telephone)</span>

2. _____
<span>(name)</span>                                    <span>(business)</span>

_____
<span>(mail address)</span>                              <span>(telephone)</span>

3. _____
<span>(name)</span>                                    <span>(business)</span>

_____
<span>(mail address)</span>                              <span>(telephone)</span>

UN1008 (08/91)

**INDEMNITY AGREEMENT — READ CAREFULLY**

[X] UNDERWRITERS INDEMNITY COMPANY          [X] PLANET INDEMNITY COMPANY

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying the Surety indicated above, hereinafter referred to as "Surety", in connection with any bond executed on behalf of the principal named herein, hereinafter referred to as "Principal", and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Indemnitee under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such Bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees, which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability or a settlement under any bond.

3. If the Surety shall set up a reserve for any reason to cover any actual or potential liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned. Investment of collateral shall be at the sole discretion of the Surety and income, if any, from such investment shall inure to the benefit of the Principal.

4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.

5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.

6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.

7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other cause or causes of action, whether theretofore or thereafter accruing.

9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.

12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided, and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at 8 Greenway Plaza, Suite 400, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.

14. To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property;


and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety.

15. To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following described property to be held in safekeeping by Surety as collateral:


Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any extension, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligations of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

(2)

**INSTRUCTIONS FOR SIGNING:**

**IF SOLE PROPRIETORSHIP:** Owner must sign as Principal, his spouse as Personal Indemnitor.

**IF PARTNERSHIP:** All active partners must sign for Principal, the spouse of each as Personal Indemnitors.

**IF CORPORATION:** President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors.

SIGNED AND DATED this __27th__ day of _____October_____, A.D. 19__92__

SIGNATURE FOR PRINCIPAL: _____PANACO, Inc._____

ATTEST _____ (Name of Firm)

by _____ (signature)

by _____ (signature)

principal's corporate seal

surety's corporate seal

SIGNATURE FOR SURETY:

By _____ Attorney-in-fact

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:

X _____

Residence Address: 1000 Tam O'Shanter Dr.

Kansas City, MO   64145

PERSONAL INDEMNITOR #2 SIGN HERE:

X _____

Residence Address: 703 Tam O'Shanter Dr.

Kansas City, MO   64145

PERSONAL INDEMNITOR #3 SIGN HERE:

X _____

Residence Address: _____

PERSONAL INDEMNITOR #4 SIGN HERE:

X _____

Residence Address: _____

PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF __Missouri__            §

COUNTY OF __Jackson__            §

On this __27th__ day of _____October_____, 19__92__, before me personally appeared __H. James Maxwell__ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires: __7/25/95__

_____ Notary Public

PERSONAL INDEMNITOR ACKNOWLEDGEMENT

STATE OF __Missouri__            §

COUNTY OF __Jackson__            §

On this __27th__ day of _____October_____, 19__92__, before me personally appeared __Bob F. Mallory__ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires: __7/25/95__

_____ Notary Public

## INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF _____ §

COUNTY OF _____ §

On this _____ day of _____, 19_____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____          _____
                                      Notary Public

## PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____ §

COUNTY OF _____ §

On this _____ day of _____, 19_____, before me personally appeared

_____, each a member of the co-partnership of _____ _____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument, and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.

My Commission Expires:

_____          _____
                                      Notary Public

## PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF _____ §

COUNTY OF _____ §

On this _____ day of _____, 19_____, before me personally appeared

_____, each a member of the co-partnership of _____ _____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument, and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.

My Commission Expires:

_____          _____
                                      Notary Public

## CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF ____Missouri_____ §

COUNTY OF ___Jackson_____ §

On this ____27th____ day of _____October_____, 19__92____, before me personally appeared ___H. James Maxwell_____ to me known, and, being by me duly sworn, deposes and says that he resides in the City of _____Kansas City, MO._____ that he is the _____President_____ of the_____Panaco, Inc._____

the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

____7/25/95_____          _____Glenda R Baker_____
                           Notary Public



8 GREENWAY PLAZA, SUITE 1450
HOUSTON, TEXAS 77046
(713) 961-1300
TELEX: 4970815 UWRS
TELECOPIER: (713) 961-0285

## APPLICATION FOR MISCELLANEOUS BOND

**NOTICE: BOND APPLICATION WILL BE REJECTED UNLESS**
**All questions are fully answered and the Application signed**
**Latest financial data is enclosed**
**Indemnity Agreement is properly completed**

Producer:    Robert L. Carson Associates, Inc.

Fort Worth, Texas                           817-877-1884
(city, state)                                 (telephone)

Principal:    Pan Petroleum Master Limited Partnership, a Kansas Limited Partnership

Address:    1011 West 103 St., Suite 211; Kansas City Missouri 64114
(No., Street and Suite Number or Post Office Box)

Kansas City              Missouri              64114
(city)                      (state)              (zip)

Telephone:    816-942-9119

Obligee:    United States of America/U.S. Department of the Interior

Address:
(No., Street and Suite Number or Post Office Box)

(city)                      (state)              (zip)

Amount of Bond: $   50,000.00                Effective Date:   5-28-91

Nature of Bond (copy of bond attached):    Outer Continental Shelf Mineral Lessee's & Operator's Bond

Principal's ownership structure is:

_____ individual proprietorship              _X_ partnership

_____ corporation                            _____ joint venture

_____ other (describe)_____

Nature of Principal's business:    Oil & Gas Lease Operator

UN 1008 (4/89)                        (1)

Length of time in business under this name:_____ 5 years _____

Fully describe the operation necessitating this bond:__ Conoco Lease No. L-36564 _____

_____ (See full description attached) _____

Length of time principal has conducted this operation:_____ New Property _____

Previous surety on this bond: _____ Bond No._____

Did that surety cancel or decline renewal?_____ If "yes", explain:

_____

Other sureties to whom this bond has been submitted:_____ None _____

_____

Has the principal, any partner, officer, or co-venturer ever:
    failed in business?__ No ____        been adjudged bankrupt?__ No ____
    been convicted of a felony?__ No ____    filed for bankruptcy?__ No ____

    If the answer to any of the foregoing is "Yes", attach full particulars.

Does the principal, any partner, officer or co-venturer have any contingent liabilities, lawsuits or judgments pending against him?__ No ____
If "yes", attach full particulars.

Has the principal, any partner, officer or co-venturer ever defaulted on a license or permit bond?__ No ____  If "yes", attach full particulars.

Name and Address of Principal's Bank: Bank One, Texas, NA
910 Travis, Houston, TX 77002-5860
Contact: Daniel G. Steele          713-751-7874
         (name)                  (telephone)

Credit References: SEE ATTACHED LISTS

1. _____
        (name)               (business)

  _____
      (mail address)          (telephone)

2. _____
        (name)               (business)

  _____
      (mail address)          (telephone)

3. _____
        (name)               (business)

  _____
      (mail address)          (telephone)

---

**INSTRUCTIONS FOR SIGNING:**

**IF SOLE PROPRIETORSHIP: Owner must sign as Principal, his spouse as Personal Indemnitor.**

**IF PARTNERSHIP:**        **All active partners must sign for Principal, the spouse of each as Personal Indemnitors.**

**IF CORPORATION:**       **President or Vice President must sign for Principal, attested to by Corporate Secretary. At least two officers must also sign as Personal Indemnitors.**

INDEMNITY AGREEMENT — READ CAREFULLY

☒ UNDERWRITERS INDEMNITY COMPANY     ☒ PLANET INDEMNITY COMPANY

THIS INDEMNITY AGREEMENT is executed by each of the undersigned for the purpose of indemnifying the Surety indicated above, hereinafter referred to as "Surety", in connection with any bond executed on behalf of the principal named herein, hereinafter referred to as "Principal", and to induce Surety to execute or procure the execution of such bond and any extension, modification or renewal thereof, addition thereto or substitution therefor. The liability and obligation of all signatories hereto shall be joint and several; and a default of any signatory in performance of any of its obligations to Indemnitee under this or other Indemnity Agreements shall constitute a default hereunder.

IN CONSIDERATION of the execution of such Bond, the undersigned hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To pay the Surety an advance premium for the first year, or a fractional part thereof that is fully earned; and, each year thereafter, to pay to Surety an annual renewal premium in amount as determined applicable by Surety [not to exceed 15% of the penalty sum(s) of the bond(s)], or any applicable minimum earned premium, continuing until the Surety shall be discharged or released from any and all liability and responsibility under said bond(s), and all matters arising therefrom, and until competent written legal evidence of such discharge or release, satisfactory to the Surety, is served upon the Surety. In the event that principal shall fail to pay when due any annual premium or portion thereof, or fail to pay within ten (10) days after demand therefor any other sum becoming due Surety hereunder; then, unless principal shall, immediately upon demand therefor, (a) procure and deliver to Surety appropriate competent legal evidence satisfactory to Surety and its counsel, of discharge and release of Surety from any and all liability and responsibility under the bond(s) and all matters arising therefrom; and (b) pay to Surety all sums owed Surety as of the effective date of such absolute release of Surety from said obligations, Surety may require that there be paid, and the undersigned agree that they shall forthwith pay, to Surety, an amount equal to the full penalty amount of the bond(s), to be held as collateral security until; (i) all sums due and to become due Surety have been paid, and, (ii) Surety shall be wholly discharged and released from all liability under said bond(s).

2. To indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including counsel and attorneys' fees, which the Surety may at any time sustain or incur by reason or in consequence of having executed or procured the execution of the bond or in enforcing this agreement against any of the undersigned or in procuring or in attempting to procure its release from liability under the bond.

3. If the Surety shall set up a reserve to cover any liability, claim, suit or judgment under said bond, the undersigned will, immediately upon demand, deposit with the Surety a sum of money, equal to such reserve and any increase thereof, to be held by the Surety as collateral security on said bond. Any such collateral shall be available, in the discretion of the Surety, as collateral security on any other or all bonds heretofore or hereafter executed for or at the request of any of the undersigned.

4. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure said bonds, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the indemnitors to enforce the provisions of this instrument.

5. An itemized statement of payments made by the Surety for any of the purposes above specified, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the undersigned to reimburse the Surety for such payments, with interest.

6. The Surety in its sole discretion, and without notice to the undersigned, is hereby authorized but not required, (a) from time to time to make or consent to any change in said bond or to issue any substitutes or any renewal thereof, and this instrument shall apply to such substituted or changed bond or renewal; (b) take such action as it may deem appropriate to prevent or minimize loss under said bond, including but not limited to steps to procure discharge from liability under said bond; and (c) to adjust, settle or compromise any claim or suit arising under said bond and, with respect to any such claim or suit, to take any action it may deem appropriate; and any adjustment, settlement or compromise made or action taken by the Surety shall be conclusive against and binding upon the undersigned.

7. Each of the undersigned agrees to pay the full amount of the foregoing regardless of (a) the failure of the Principal to sign any such bond or (b) any claim that other indemnity, security or collateral was to have been obtained or (c) the release, return or exchange by the Surety with or without the consent of the undersigned, of any indemnity, security or collateral that may have been obtained or (d) the fact that any party signing this instrument is not bound for any reason. The Surety is expressly subrogated to all rights of the Principal and each of the undersigned (or any or all of them) to collect, receive, recover and/or be reimbursed from (i) any co-owners or owners of undivided interest in any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (ii) any party contractually bound to pay or reimburse any of the undersigned on account of ownership or operation of any properties, wells and leasehold interest relative to which the bond(s) shall apply; or, (iii) any other party otherwise obligated to, or for, the undersigned in any way, in connection with or arising out of damage to any properties, wells or leaseholds relative to which the bond(s) shall apply. Surety, as subrogee, upon default of payment of any sums becoming payable hereunder by any of the undersigned, may enforce all of the rights of the undersigned in and to any such above described claims and interests; and may pursue its remedies hereunder in its own name or in the name of the principal; provided, however, that nothing herein shall require that Surety pursue any such remedy or claim against any third party. The undersigned agree, upon demand of Surety therefor, to execute and deliver any and all appropriate further documentation evidencing and authorizing Surety to pursue, recover, collect and hold for its account any such claims or rights.

8. Separate suits may be brought hereunder as causes of action accrue, and suit may be brought against any and all of the undersigned; and any suit or suits upon one or more causes of action, or against one or more of the undersigned, shall not prejudice or bar subsequent suits against any other or all of the undersigned on the same or any other cause or causes of action, whether theretofore or thereafter accruing.

9. The undersigned hereby expressly waive notice from the Surety of any claim or demand made against the Surety or the Principal under the bond or of any information the Surety may receive concerning the Principal, any contract or bond. The Surety shall have the right to decline any or all bonds herein applied for and shall have the right to withdraw from or cancel the same at any time, all without incurring any liability to the undersigned.

10. Whenever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require. If any portion of this agreement be in conflict with any law controlling the construction hereof, such portion of this instrument shall be considered to be deleted and the remainder shall continue in full force and effect.

11. The undersigned hereby waive all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process in any action hereunder.

12. This Agreement is a continuing obligation of each of the undersigned unless terminated by written notice to Surety as hereinafter provided; and such termination as to an undersigned shall in no way affect the obligation of any other undersigned who has not given such notice. In order to terminate liability as to future bonds of Principal, an undersigned must, (a) notify the Surety at its home office, 8 Greenway Plaza, Suite 1450, Houston, Texas 77046, of such termination, and (b) state in such notice the effective date (not less than thirty days after receipt thereof by Surety) of termination of such undersigned's liability for future bonds. After the effective date of such termination, the undersigned giving notice of termination shall nonetheless be liable hereunder for bonds executed or authorized prior to such date, and renewal, substitutions and extensions thereof; and any maintenance or guarantee bonds executed incidental to any other bond executed prior to such date, and renewals, substitutions and extensions thereof.

13. All obligation hereunder of each of the undersigned are performable in, and all monies due Surety hereunder are payable in, Harris County, Texas.

14. To secure payment of any and all obligations of each of the undersigned hereunder, Principal hereby grants to Surety a security interest in or a lien on the following described property:




and the undersigned grant to Surety a security interest in and to, and liens covering, any collateral now or hereafter delivered to Surety.

15. To secure payment of any and all obligations of each of the undersigned hereunder, Principal herewith tenders the following described property to be held in safekeeping by Surety as collateral:




Further, the undersigned will, upon demand of Surety at any time hereafter, deliver to Surety additional collateral in the form of cash or cash equivalent, or other form acceptable to it, to be held in safekeeping by Surety as collateral until Surety shall be discharged and released hereunder.

This Agreement shall constitute both the security agreement to the Surety and also a financing statement. A photocopy of this Agreement is sufficient as a financing statement. Nothing herein shall require Surety to issue or provide Principal with any other or additional bond(s). This Indemnification Agreement shall extend to and cover and indemnify the Surety against loss under not only the bond(s) executed pursuant hereto, or any renewals, modifications or renewal, thereof; but as well, to any presently outstanding bond(s) executed by the Surety on behalf of any Indemnitor hereunder; and as to same the obligation of Indemnitors hereon shall be supplemental and in addition to (and not in lieu of, or in diminution of) the obligations of the Indemnitors under any presently existing Indemnity Agreement securing such pre-existing bond(s).

SIGNED AND DATED this _20th_ day of _May_ _____, A.D. 19 _91_

SIGNATURE FOR PRINCIPAL: _Pan Petroleum Master Limited Partnership_
(Name of Firm)

ATTEST:_____  by_____
(signature)

by_____
(signature)

SIGNATURE FOR SURETY:

By_____
Attorney-in-fact

principal's          surety's
corporate          corporate
seal               seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:                    PERSONAL INDEMNITOR #2 SIGN HERE:

x  _No Spouse_                                        x _____

Residence                                            Residence
Address:_____              Address:_____

_____                      _____

Witness:_X_____              Witness:_X_____

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF_____    §
COUNTY OF_____    §

On this_____day of_____, 19_____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:                               _____
_____                             Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF_____    §
COUNTY OF_____    §

On this_____day of_____, 19_____, before me personally appeared _____, each a member of the co-partnership of_____ _____to me known and known to me to be the persons who are described in and who executed the foregoing instrument, and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.

My Commission Expires:                               _____
_____                             Notary Public

### CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF_____    §
COUNTY OF_____    §

On this_____day of_____, 19_____, before me personally appeared _____to me known, and, being by me duly sworn, deposes and says that he resides in the City of_____that he is the_____ of the_____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:                               _____
_____                             Notary Public

(4)

SIGNED AND DATED this _20th_ day of _May_ _____, A.D. 19 _91_

SIGNATURE FOR PRINCIPAL: ___Pan Petroleum Master Limited Partnership___
_____
(Name of Firm)

ATTEST:_____   by: _Thomas E Clark_____
(signature)

by:_____
(signature)

SIGNATURE FOR SURETY:

By _____
Attorney-in-fact

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:                PERSONAL INDEMNITOR #2 SIGN HERE:

X _No Spouse_____               X _____

Residence                                        Residence
Address:_____               Address:_____

_____               _____

Witness: X _____               Witness: X _____

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF_____ §
COUNTY OF_____ §

On this_____day of_____, 19_____, before me personally appeared
_____ to me known and known to me to be the person who is
described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:
_____                    _____
Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF_____ §
COUNTY OF_____ §

On this_____day of_____, 19_____, before me personally appeared
_____
_____, each a member of the co-partnership of_____
_____to me known and known to me to be the persons
who are described in and who executed the foregoing instrument, and acknowledge to me that they executed the same as and for the act and deed
of the said co-partnership.

My Commission Expires:
_____                    _____
Notary Public

### CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF_____ §
COUNTY OF_____ §

On this_____day of_____, 19_____, before me personally appeared
_____to me known, and, being by me duly sworn, deposes and says that
he resides in the City of_____that he is the_____
of the _____,
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the
said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto
by like order.

My Commission Expires:
_____                    _____
Notary Public

SIGNED AND DATED this _20th_ day of _May_ _____, A.D. 19 _91_

SIGNATURE FOR PRINCIPAL: _Pan Petroleum Master Limited Partnership_

ATTEST: ~~_____~~ (Name of Firm)

by: _Daniel G. Follmer_ _____
(Signature)

by: _____
(signature)

SIGNATURE FOR SURETY:

By _____
Attorney-in-fact

| principal's corporate seal | surety's corporate seal |

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:

X _Judy M Follmer_

Residence Address: _21001 Whispering Dr._

_Lenexa, KANSAS 66220_

Witness: X _____

PERSONAL INDEMNITOR #2 SIGN HERE:

X _____

Residence Address: _____

_____

Witness: X _____

### INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF_____ §
COUNTY OF_____ §

On this_____day of_____, 19_____, before me personally appeared _____ to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:

_____          _____
                                 Notary Public

### PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF_____ §
COUNTY OF_____ §

On this_____day of_____, 19_____, before me personally appeared _____, each a member of the co-partnership of_____ to me known and known to me to be the persons who are described in and who executed the foregoing instrument, and acknowledge to me that they executed the same as and for the act and deed of the said co-partnership.

My Commission Expires:

_____          _____
                                 Notary Public

### CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF_____ §
COUNTY OF_____ §

On this_____day of_____, 19_____, before me personally appeared _____to me known, and, being by me duly sworn, deposes and says that he resides in the City of_____that he is the_____ of the_____, the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

My Commission Expires:

_____          _____
                                 Notary Public

SIGNED AND DATED this 20th day of _____ May _____, A.D. 19 91

SIGNATURE FOR PRINCIPAL: _Pan Petroleum Master Limited Partnership_
(Name of Firm)

ATTEST:_____    by _Bob Z. Mallory_
(signature)

by:_____
(signature)

SIGNATURE FOR SURETY:

By _____
Attorney-in-fact

principal's                    surety's
corporate                      corporate
seal                           seal

In consideration of the execution by Surety of any bonds, each of the undersigned, jointly and severally, agrees to be bound by all of the terms of the foregoing indemnity Agreement, executed by the Principal, as fully as though each of the undersigned were the sole Principal named herein, and admit to being financially interested in the performance of the obligation which any suretyship is given to secure.

PERSONAL INDEMNITOR #1 SIGN HERE:          PERSONAL INDEMNITOR #2 SIGN HERE:

X _Juanita Mallory_                        X _____

Residence
Address: _703 TAM O'SHANTER_               Residence
_KANSAS CITY, MO 64145_                    Address: _____

Witness: X _Cheryl L. Yockum_              Witness: X _____

INDIVIDUAL ACKNOWLEDGEMENT OF SOLE PROPRIETORSHIP

STATE OF_____    §
COUNTY OF_____    §

On this_____day of_____, 19_____, before me personally appeared
_____ to me known and known to me to be the person who is
described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

My Commission Expires:
_____    _____
Notary Public

PARTNERSHIP ACKNOWLEDGEMENT OF EACH SIGNING PARTNER

STATE OF_____    §
COUNTY OF_____    §

On this_____day of_____, 19_____, before me personally appeared
_____, each a member of the co-partnership of_____
who are described in and who executed the foregoing instrument, and acknowledge to me that they executed the same as and for the act and deed
of the said co-partnership.                                    to me known and known to me to be the persons

My Commission Expires:
_____    _____
Notary Public

CORPORATE ACKNOWLEDGEMENT OF SIGNING OFFICER

STATE OF_____    §
COUNTY OF_____    §

On this_____day of_____, 19_____, before me personally appeared
_____ to me known, and, being by me duly sworn, deposes and says that
he resides in the City of_____that he is the_____
of the_____
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the
said instrument is such corporate seal; that it was affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto
by like order.

My Commission Expires:
_____    _____
Notary Public

(4)