## **Exhibit G**

**NewCo Organizational Documents** [5]

---

[5] The NewCo shareholders' agreement will be filed at a later date.

## Exhibit G

**NewCo Organizational Documents**



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "MAKO NEWCO INC.", FILED IN THIS OFFICE ON THE FOURTH DAY OF JUNE, A.D. 2021, AT 2:42 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

5963978  8100
SR# 20212358355

Authentication: 203369337
Date: 06-04-21

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:42 PM 06/04/2021
FILED 02:42 PM 06/04/2021
SR 20212358355 - File Number 5963978

## CERTIFICATE OF INCORPORATION

### OF

### MAKO NEWCO INC.

**\* \* \***

FIRST:   The name of the corporation is Mako Newco Inc. (the "**Corporation**").

SECOND:  The address of its registered office in the State of Delaware is 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.  The name of its registered agent at such address is Corporation Service Company.

THIRD:  The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended ("**Delaware Law**").

FOURTH:  The total number of shares of stock which the Corporation shall have authority to issue is 1,000, and the par value of each such share is $0.01, amounting in the aggregate to $10.00.

FIFTH: The name and mailing address of the incorporator are:

| Name | Mailing Address |
| --- | --- |
| Kelsey D. Stevens | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017 |

SIXTH:  The Board of Directors shall have the power to adopt, amend or repeal the bylaws of the Corporation.

SEVENTH:  Election of directors need not be by written ballot unless the bylaws of the Corporation so provide.

EIGHTH:  The Corporation expressly elects not to be governed by Section 203 of Delaware Law.

NINTH:   (1) A director of the Corporation shall not be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director to the fullest extent permitted by Delaware Law.

#94056736v5

(2)(a)     Each person (and the heirs, executors or administrators of such person) (including, without limitation, Drivetrain Agency Services, LLC, in its capacity as the FLTL Subagent (as defined below) who was or is a party or is threatened to be made a party to, or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, or who otherwise incurs any losses, liabilities, damages, penalties, obligations, judgments, suits, claims, causes of actions, costs, expenses (including fees and disbursements of legal counsel) by reason of the fact that such person is or was a director or officer of the Corporation, or an owner of shares of the Corporation or is or was serving at the request of the Corporation as a director or officer of another corporation, partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware Law. The right to indemnification conferred in this ARTICLE NINTH shall also include the right to be paid by the Corporation the expenses incurred in connection with any such proceeding in advance of its final disposition to the fullest extent authorized by Delaware Law or in connection with any other actions taken by it related to the Corporation. The right to indemnification conferred in this ARTICLE NINTH shall be a contract right.

(b)     The Corporation may, by action of its Board of Directors, provide indemnification to such of the directors, employees, agents and owners of shares of the Corporation (including, without limitation, Drivetrain Agency Services, LLC, in its capacity as the FLTL Subagent (as defined below)) to such extent and to such effect as the Board of Directors shall determine to be appropriate and authorized by Delaware Law.

(3)     The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss incurred by such person in any such capacity or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under Delaware Law.

(4)     The rights and authority conferred in this ARTICLE NINTH shall not be exclusive of any other right which any person may otherwise have or hereafter acquire.

(5)     Neither the amendment nor repeal of this ARTICLE NINTH, nor the adoption of any provision of this Certificate of Incorporation or the bylaws of the Corporation, nor, to the fullest extent permitted by Delaware Law, any modification of law, shall adversely affect any right or protection of any person granted pursuant hereto existing at, or arising out of or related to any event, act or omission that occurred prior to, the time of such amendment, repeal, adoption or

2

#94056736v5

modification (regardless of when any proceeding (or part thereof) relating to such event, act or omission arises or is first threatened, commenced or completed).

TENTH:  The Corporation reserves the right to amend this Certificate of Incorporation in any manner permitted by Delaware Law and all rights and powers conferred herein on stockholders, directors and officers, if any, are subject to this reserved power.

ELEVENTH: To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or owner of shares of the Corporation, it is understood that it is acting not individually or personally but solely as the sub-agent (the "FLTL Sub-Agent") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "FLTL Credit Agreement"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Corporation or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Corporation whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

#94056736v5

Debtors' Exhibit No. 27
Page 6 of 68

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Incorporation this 4 day of June , 2021.

*Kelsey Stevens*
_____
Kelsey D. Stevens
Incorporator

[*Signature Page to Certificate of Incorporation of Mako Newco Inc.]*]

**BYLAWS**

**OF**

**MAKO NEWCO INC.**

\* \* \* \* \*

ARTICLE 1
OFFICES

Section 1.01. *Registered Office.*  The registered office of the Mako Newco Inc. (the "**Corporation**") shall be in the City of Wilmington, County of New Castle, State of Delaware.

Section 1.02. *Other Offices.*  The Corporation may also have offices at such other places both within and without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

Section 1.03. *Books.*  The books of the Corporation may be kept within or without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

ARTICLE 2
MEETINGS OF STOCKHOLDERS

Section 2.01. *Time and Place of Meetings.*  All meetings of stockholders shall be held at such place, either within or without the State of Delaware, on such date and at such time as may be determined from time to time by the Board of Directors (or the Chairman in the absence of a designation by the Board of Directors).

Section 2.02. *Annual Meetings.*  Unless directors are elected by written consent in lieu of an annual meeting as permitted by the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended ("**Delaware Law**"), an annual meeting of stockholders shall be held for the election of directors and to transact such other business as may properly be brought before the meeting as may be designated by the Board of Directors from time to time.  Stockholders may, unless the certificate of incorporation otherwise provides, act by written consent to elect directors; *provided*, *however*, that if such consent is less than unanimous, such action by written consent may be in lieu of holding an annual meeting only if all of the directorships to which directors could be elected at an annual meeting held at the effective time of such action are vacant and are filled by such action.

Section 2.03. *Special Meetings.*  Special meetings of stockholders may be called by the Board of Directors or the Chairman of the Board of Directors and shall be called by the Secretary at the request in writing of holders of record of a majority of the outstanding capital stock of the Corporation entitled to vote.  Such request shall state the purpose or purposes of the proposed meeting.

Section 2.04. *Notice of Meetings and Adjourned Meetings; Waivers of Notice.*  (a)  Whenever stockholders are required or permitted to take any action at a meeting, a written notice of the meeting shall be given which shall state the place, if any, date and hour of the meeting, the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by Delaware Law, such notice shall be given not less than 10 nor more than 60 days before the date of the meeting to each stockholder of record entitled to vote at such meeting.  Unless these bylaws otherwise require, when a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time, place, if any, and the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, are announced at the meeting at which the adjournment is taken.  At the adjourned meeting, the Corporation may transact any business which might have been transacted at the original meeting.  If the adjournment is for more than 30 days, or after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

(b)    A written waiver of any such notice signed by the person entitled thereto, or a waiver by electronic transmission by the person entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to notice.  Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends the meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice.

Section 2.05. *Quorum.*  Unless otherwise provided under the certificate of incorporation or these bylaws and subject to Delaware Law, the presence, in person or by proxy, of the holders of a majority of the outstanding capital stock of the Corporation entitled to vote at a meeting of stockholders shall constitute a quorum for the transaction of business.  If, however, such quorum shall not be present or represented at any meeting of the stockholders, a majority in voting interest of the stockholders present in person or represented by proxy may adjourn the meeting, without notice other than announcement at the meeting, until a

2

quorum shall be present or represented.  At such adjourned meeting at which a quorum shall be present or represented any business may be transacted which might have been transacted at the meeting as originally notified.

Section 2.06.  *Voting.*  (a)  Unless otherwise provided in the certificate of incorporation and subject to Delaware Law, each stockholder shall be entitled to one vote for each outstanding share of capital stock of the Corporation held by such stockholder.  Any share of capital stock of the Corporation held by the Corporation shall have no voting rights.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, in all matters other than the election of directors, the affirmative vote of the majority of the shares of capital stock of the Corporation present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders.

(b)  Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to a corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, appointed by an instrument in writing, subscribed by such stockholder or by his attorney thereunto authorized, or by proxy sent by cable, telegram or by any means of electronic communication permitted by law, which results in a writing from such stockholder or by his attorney, and delivered to the secretary of the meeting.  No proxy shall be voted after three (3) years from its date, unless said proxy provides for a longer period.

(c)  In determining the number of votes cast for or against a proposal or nominee, shares abstaining from voting on a matter will not be treated as a vote cast.

Section 2.07.  *Action by Consent.*  (a)  Unless otherwise provided in the certificate of incorporation and subject to the proviso in Section 2.02, any action required to be taken at any annual or special meeting of stockholders, or any action which may be taken at any annual or special meeting of stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding capital stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.  Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to

notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of stockholders to take the action were delivered to the Corporation as provided in Section 2.07(b).

(b)     Every written consent shall bear the date of signature of each stockholder who signs the consent, and no written consent shall be effective to take the corporate action referred to therein unless, within 60 days of the earliest dated consent delivered in the manner required by this section and Delaware Law to the Corporation, written consents signed by a sufficient number of holders to take action are delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.

Section 2.08.  *Organization.*  At each meeting of stockholders, the Chairman of the Board of Directors, if one shall have been elected, or in the Chairman's absence or if one shall not have been elected, the director designated by the vote of the majority of the directors present at such meeting, shall act as chairman of the meeting.  The Secretary (or in the Secretary's absence or inability to act, the person whom the chairman of the meeting shall appoint secretary of the meeting) shall act as secretary of the meeting and keep the minutes thereof.

Section 2.09.  *Order of Business.*  The order of business at all meetings of stockholders shall be as determined by the chairman of the meeting.

ARTICLE 3
DIRECTORS

Section 3.01.  *General Powers.*  Except as otherwise provided in Delaware Law or the certificate of incorporation, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

Section 3.02.  *Number, Election and Term Of Office.*  (a) The number of directors which shall constitute the whole Board of Directors shall be fixed from time to time by resolution of the Board of Directors but shall not be less than one. The directors shall be elected at the annual meeting of the stockholders by written ballot, except as provided in Section 2.02 and Section 3.12 herein, and each director so elected shall hold office until such director's successor is elected and qualified or until such director's earlier death, resignation or removal.  Directors need not be stockholders.

(b)  Subject to the rights of the holders of any series of preferred stock to elect additional directors under specific circumstances, directors shall be elected by a plurality of the votes of the shares of capital stock of the Corporation present

in person or represented by proxy at the meeting and entitled to vote on the election of directors.

Section 3.03. *Quorum and Manner of Acting.* Unless the certificate of incorporation or these bylaws require a greater number, a majority of the total number of directors shall constitute a quorum for the transaction of business, and the affirmative vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors. When a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the Board of Directors may transact any business which might have been transacted at the original meeting. If a quorum shall not be present at any meeting of the Board of Directors the directors present thereat shall adjourn the meeting, from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

Section 3.04. *Time and Place of Meetings.* The Board of Directors shall hold its meetings at such place, either within or without the State of Delaware, and at such time as may be determined from time to time by the Board of Directors (or the Chairman in the absence of a determination by the Board of Directors).

Section 3.05. *Annual Meeting.* The Board of Directors shall meet for the purpose of organization, the election of officers and the transaction of other business, as soon as practicable after each annual meeting of stockholders, on the same day and at the same place where such annual meeting shall be held. Notice of such meeting need not be given. In the event such annual meeting is not so held, the annual meeting of the Board of Directors may be held at such place either within or without the State of Delaware, on such date and at such time as shall be specified in a notice thereof given as hereinafter provided in Section 3.07 herein or in a waiver of notice thereof signed by any director who chooses to waive the requirement of notice.

Section 3.06. *Regular Meetings.* After the place and time of regular meetings of the Board of Directors shall have been determined and notice thereof shall have been once given to each member of the Board of Directors, regular meetings may be held without further notice being given.

Section 3.07. *Special Meetings.* Special meetings of the Board of Directors may be called by the Chairman of the Board or the President and shall be called by the Chairman of the Board, President or Secretary on the written request of any director. Notice of special meetings of the Board of Directors shall be given to each director at least 24 hours before the date of the meeting in such manner as is determined by the Board of Directors, which required notice shall be

deemed to be waived by a director's attendance at a meeting (unless solely for the purpose of objecting to the lack of required notice).

Section 3.08.  *Committees.*  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of a committee, the member or members present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member.  A quorum of any committee of the Board of Directors shall consist of a majority of the Board of Directors (with directors for quorum purposes counted in accordance with the certificate of incorporation).  Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority in reference to any of the following matters: (a) approving or adopting, or recommending to the stockholders, any action or matter expressly required by Delaware Law to be submitted to the stockholders for approval or (b) adopting, amending or repealing any bylaw of the Corporation.  Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors when required.

Section 3.09.  *Action by Consent.*  Unless otherwise restricted by the certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting, if all members of the Board or committee, as the case may be, consent thereto in writing or by electronic transmission, and the writing or writings or electronic transmission or transmissions, are filed with the minutes of proceedings of the Board or committee.  Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 3.10.  *Telephonic Meetings.*  Unless otherwise restricted by the certificate of incorporation or these bylaws, members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting of the Board of Directors, or such committee, as the case may be, by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and such participation in a meeting shall constitute presence in person at the meeting.

Section 3.11. *Resignation.* Any director may resign at any time by giving notice in writing or by electronic transmission to the Board of Directors or to the Secretary of the Corporation. The resignation of any director shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 3.12. *Vacancies.* Unless otherwise provided in the certificate of incorporation, vacancies and newly created directorships resulting from any increase in the authorized number of directors elected by all the stockholders having the right to vote as a single class may be filled by a majority vote of the directors then in office, although less than a quorum, or by a sole remaining director. Whenever the holders of any class or classes of stock or series thereof are entitled to elect one or more directors by the certificate of incorporation, vacancies and newly created directorships of such class or classes or series may be filled by a majority vote of directors elected by such class or classes or series thereof then in office, or by a sole remaining director so elected. Each director so chosen shall hold office until his or her successor is elected and qualified, or until his or her earlier death, resignation or removal. If there are no directors in office, then an election of directors may be held in accordance with Delaware Law. Unless otherwise provided in the certificate of incorporation, when one or more directors shall resign from the Board of Directors, effective at a future date, the directors then in office shall, by majority vote, have the power to fill such vacancy or vacancies, the vote thereon to take effect when such resignation or resignations shall become effective, and each director so chosen shall hold office as provided in the filling of other vacancies.

Section 3.13. *Removal.* Any director or the entire Board of Directors may be removed, with or without cause, at any time by the affirmative vote of the holders of a majority of the voting power of the outstanding capital stock of the Corporation then entitled to vote at any election of directors and the vacancies thus created may be filled in accordance with Section 3.12 herein.

Section 3.14. *Compensation.* Unless otherwise restricted by the certificate of incorporation or these bylaws, the Board of Directors shall have authority to fix the compensation of directors, including fees and reimbursement of expenses.

ARTICLE 4
OFFICERS

Section 4.01. *Principal Officers.* The principal officers of the Corporation shall be a President, a Treasurer and a Secretary who shall have the duty, among other things, to record the proceedings of the meetings of stockholders and directors in a book kept for that purpose. The Corporation may

7

also have such other principal officers, including one or more Controllers, as the Board of Directors may in its discretion appoint.  One person may hold the offices and perform the duties of any two or more of said offices.

Section 4.02.  *Election, Term of Office and Remuneration.*  The principal officers of the Corporation shall be elected annually by the Board of Directors at the annual meeting thereof.  Each such officer shall hold office until his or her successor is elected and qualified, or until his or her earlier death, resignation or removal.  The remuneration of all officers of the Corporation shall be fixed by the Board of Directors.  Any vacancy in any office shall be filled in such manner as the Board of Directors shall determine.

Section 4.03.  *Subordinate Officers.*  In addition to the principal officers enumerated in Section 4.01 herein, the Corporation may have one or more Assistant Treasurers, Assistant Secretaries and Assistant Controllers and such other subordinate officers, agents and employees as the Board of Directors may deem necessary, each of whom shall hold office for such period as the Board of Directors may from time to time determine.  The Board of Directors may delegate to any principal officer the power to appoint and to remove any such subordinate officers, agents or employees.

Section 4.04.  *Removal.*  Except as otherwise permitted with respect to subordinate officers, any officer may be removed, with or without cause, at any time, by resolution adopted by the Board of Directors.

Section 4.05.  *Resignations.*  Any officer may resign at any time by giving written notice to the Board of Directors (or to a principal officer if the Board of Directors has delegated to such principal officer the power to appoint and to remove such officer).  The resignation of any officer shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 4.06.  *Powers and Duties.*  The officers of the Corporation shall have such powers and perform such duties incident to each of their respective offices and such other duties as may from time to time be conferred upon or assigned to them by the Board of Directors.

ARTICLE 5
CAPITAL STOCK

Section 5.01.  *Certificates For Stock; Uncertificated Shares.*  The shares of the Corporation shall be uncertificated, provided that the Board of Directors of the Corporation may provide by resolution or resolutions that some or all of any or all classes or series of its stock shall be certificated shares.  Except as otherwise

provided by law, the rights and obligations of the holders of uncertificated shares and the rights and obligations of the holders of shares represented by certificates of the same class and series shall be identical.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of the Corporation by any two authorized officers of the Corporation representing the number of shares registered in certificate form.  Any or all of the signatures on the certificate may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue.  The Corporation shall not have power to issue a certificate in bearer form.

Section 5.02.  *Transfer Of Shares.*  Shares of the stock of the Corporation may be transferred on the record of stockholders of the Corporation by the holder thereof or by such holder's duly authorized attorney upon surrender of a certificate therefor properly endorsed or upon receipt of proper transfer instructions from the registered holder of uncertificated shares or by such holder's duly authorized attorney and upon compliance with appropriate procedures for transferring shares in uncertificated form, unless waived by the Corporation.

Section 5.03.  *Authority for Additional Rules Regarding Transfer.*  The Board of Directors shall have the power and authority to make all such rules and regulations as they may deem expedient concerning the issue, transfer and registration of certificated or uncertificated shares of the stock of the Corporation, as well as for the issuance of new certificates in lieu of those which may be lost or destroyed, and may require of any stockholder requesting replacement of lost or destroyed certificates, bond in such amount and in such form as they may deem expedient to indemnify the Corporation, and/or the transfer agents, and/or the registrars of its stock against any claims arising in connection therewith.

Section 5.04. *FLTL Sub-Agent.*  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or owner of shares of the Corporation, it is understood that it is acting not individually or personally but solely as the sub-agent (the "FLTL Sub-Agent") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "FLTL Credit Agreement"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency

Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Corporation or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Corporation whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

ARTICLE 6
GENERAL PROVISIONS

Section 6.01.  *Fixing the Record Date.*  (a)  In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than 60 nor less than 10 days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held.  A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; *provided* that the Board of Directors may fix a new record date for the adjourned meeting.

(b)     In order that the Corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which date shall not be more than 10 days after the date upon which the resolution fixing the record date is adopted by the Board of Directors.  If no record date has been fixed by the Board of Directors, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is required by Delaware Law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.  If no record date has been fixed by the Board of Directors and prior action by the Board of Directors is required by Delaware Law,

Debtors' Exhibit No. 27

the record date for determining stockholders entitled to consent to corporate action in writing without a meeting shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action.

(c)     In order that the Corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than 60 days prior to such action.  If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

Section 6.02.  *Dividends.*  Subject to limitations contained in Delaware Law and the certificate of incorporation, the Board of Directors may declare and pay dividends upon the shares of capital stock of the Corporation, which dividends may be paid either in cash, in property or in shares of the capital stock of the Corporation.

Section 6.03.  *Year.*  The fiscal year of the Corporation shall commence on January 1 and end on December 31 of each year.

Section 6.04.  *Corporate Seal.*  The corporate seal shall have inscribed thereon the name of the Corporation, the year of its organization and the words "Corporate Seal, Delaware".  The seal may be used by causing it or a facsimile thereof to be impressed, affixed or otherwise reproduced.

Section 6.05.  *Voting of Stock Owned by the Corporation.*  The Board of Directors may authorize any person, on behalf of the Corporation, to attend, vote at and grant proxies to be used at any meeting of stockholders of any corporation (except this Corporation) in which the Corporation may hold stock.

Section 6.06.  *Amendments.*  These bylaws or any of them, may be altered, amended or repealed, or new bylaws may be made, by the stockholders either by written consent or at any annual or special meeting thereof or by the Board of Directors.



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "MAKO HOLDING INC.", FILED IN THIS OFFICE ON THE FOURTH DAY OF JUNE, A.D. 2021, AT 2:43 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

5963981  8100
SR# 20212358386

Authentication: 203369663
Date: 06-04-21

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:42 PM 06/04/2021
FILED 02:43 PM 06/04/2021
SR 20212358386 - File Number 5963981

# CERTIFICATE OF INCORPORATION

## OF

## MAKO HOLDING INC.

\* \* \*

FIRST:   The name of the corporation is Mako Holding Inc. (the "**Corporation**").

SECOND:   The address of its registered office in the State of Delaware is 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.  The name of its registered agent at such address is Corporation Service Company.

THIRD:   The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended ("**Delaware Law**").

FOURTH:   The total number of shares of stock which the Corporation shall have authority to issue is 1,000, and the par value of each such share is $0.01, amounting in the aggregate to $10.00.

FIFTH:   The name and mailing address of the incorporator are:

| Name | Mailing Address |
|---|---|
| Mako Newco Inc. | 410 Park Avenue, Suite 900 New York, NY 10022 |

SIXTH:   The Board of Directors shall have the power to adopt, amend or repeal the bylaws of the Corporation.

SEVENTH:   Election of directors need not be by written ballot unless the bylaws of the Corporation so provide.

EIGHTH:   The Corporation expressly elects not to be governed by Section 203 of Delaware Law.

NINTH:   (1) A director of the Corporation shall not be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director to the fullest extent permitted by Delaware Law.

#94311989v3

(2)(a)    Each person (and the heirs, executors or administrators of such person) (including, without limitation, Drivetrain Agency Services, LLC, in its capacity as the FLTL Subagent (as defined below)) who was or is a party or is threatened to be made a party to, or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, or who otherwise incurs any losses, liabilities, damages, penalties, obligations, judgments, suits, claims, causes of actions, costs, expenses (including fees and disbursements of legal counsel) by reason of the fact that such person is or was a director or officer of the Corporation, or an owner of shares of the Corporation or is or was serving at the request of the Corporation as a director or officer of another corporation, partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware Law.  The right to indemnification conferred in this ARTICLE NINTH shall also include the right to be paid by the Corporation the expenses incurred in connection with any such proceeding in advance of its final disposition to the fullest extent authorized by Delaware Law or in connection with any other actions taken by it related to the Corporation.  The right to indemnification conferred in this ARTICLE NINTH shall be a contract right.

(b)    The Corporation may, by action of its Board of Directors, provide indemnification to such of the directors, employees, agents and owners of shares of the Corporation (including, without limitation, Drivetrain Agency Services, LLC, in its capacity as the FLTL Subagent (as defined below)) to such extent and to such effect as the Board of Directors shall determine to be appropriate and authorized by Delaware Law.

(3)    The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss incurred by such person in any such capacity or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under Delaware Law.

(4)    The rights and authority conferred in this ARTICLE NINTH shall not be exclusive of any other right which any person may otherwise have or hereafter acquire.

(5)    Neither the amendment nor repeal of this ARTICLE NINTH, nor the adoption of any provision of this Certificate of Incorporation or the bylaws of the Corporation, nor, to the fullest extent permitted by Delaware Law, any modification of law, shall adversely affect any right or protection of any person granted pursuant hereto existing at, or arising out of or related to any event, act or omission that occurred prior to, the time of such amendment, repeal, adoption or

2

#94311989v3

modification (regardless of when any proceeding (or part thereof) relating to such event, act or omission arises or is first threatened, commenced or completed).

TENTH:  The Corporation reserves the right to amend this Certificate of Incorporation in any manner permitted by Delaware Law and all rights and powers conferred herein on stockholders, directors and officers, if any, are subject to this reserved power.

ELEVENTH:  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or owner of shares of the Corporation, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Corporation or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Corporation whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract,                    tort                    or                    otherwise.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Incorporation this  4  day of June, 2021.

**MAKO NEWCO INC.**

By: _____

Name:   Tim Daileader
Title:     President

*[Signature Page to Certificate of Incorporation of Mako Holding Inc.]*

**BYLAWS**

**OF**

**MAKO HOLDING INC.**

* * * * *

ARTICLE 1
OFFICES

Section 1.01. *Registered Office.*  The registered office of the Mako Holding Inc. (the "**Corporation**") shall be in the City of Wilmington, County of New Castle, State of Delaware.

Section 1.02. *Other Offices.*  The Corporation may also have offices at such other places both within and without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

Section 1.03. *Books.*  The books of the Corporation may be kept within or without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

ARTICLE 2
MEETINGS OF STOCKHOLDERS

Section 2.01. *Time and Place of Meetings.*  All meetings of stockholders shall be held at such place, either within or without the State of Delaware, on such date and at such time as may be determined from time to time by the Board of Directors (or the Chairman in the absence of a designation by the Board of Directors).

Section 2.02. *Annual Meetings.*  Unless directors are elected by written consent in lieu of an annual meeting as permitted by the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended ("**Delaware Law**"), an annual meeting of stockholders shall be held for the election of directors and to transact such other business as may properly be brought before the meeting as may be designated by the Board of Directors from time to time.  Stockholders may, unless the certificate of incorporation otherwise provides, act by written consent to elect directors; *provided*, *however*, that if such consent is less than unanimous, such action by written consent may be in lieu of holding an annual meeting only if all of the directorships to which directors could be elected at an annual meeting held at the effective time of such action are vacant and are filled by such action.

Section 2.03. *Special Meetings.* Special meetings of stockholders may be called by the Board of Directors or the Chairman of the Board of Directors and shall be called by the Secretary at the request in writing of holders of record of a majority of the outstanding capital stock of the Corporation entitled to vote. Such request shall state the purpose or purposes of the proposed meeting.

Section 2.04. *Notice of Meetings and Adjourned Meetings; Waivers of Notice.* (a) Whenever stockholders are required or permitted to take any action at a meeting, a written notice of the meeting shall be given which shall state the place, if any, date and hour of the meeting, the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Unless otherwise provided by Delaware Law, such notice shall be given not less than 10 nor more than 60 days before the date of the meeting to each stockholder of record entitled to vote at such meeting. Unless these bylaws otherwise require, when a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time, place, if any, and the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the Corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than 30 days, or after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

(b)    A written waiver of any such notice signed by the person entitled thereto, or a waiver by electronic transmission by the person entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends the meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice.

Section 2.05. *Quorum.* Unless otherwise provided under the certificate of incorporation or these bylaws and subject to Delaware Law, the presence, in person or by proxy, of the holders of a majority of the outstanding capital stock of the Corporation entitled to vote at a meeting of stockholders shall constitute a quorum for the transaction of business. If, however, such quorum shall not be present or represented at any meeting of the stockholders, a majority in voting interest of the stockholders present in person or represented by proxy may adjourn the meeting, without notice other than announcement at the meeting, until a

quorum shall be present or represented.  At such adjourned meeting at which a quorum shall be present or represented any business may be transacted which might have been transacted at the meeting as originally notified.

Section 2.06.  *Voting.*  (a)  Unless otherwise provided in the certificate of incorporation and subject to Delaware Law, each stockholder shall be entitled to one vote for each outstanding share of capital stock of the Corporation held by such stockholder.  Any share of capital stock of the Corporation held by the Corporation shall have no voting rights.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, in all matters other than the election of directors, the affirmative vote of the majority of the shares of capital stock of the Corporation present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders.

(b)  Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to a corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, appointed by an instrument in writing, subscribed by such stockholder or by his attorney thereunto authorized, or by proxy sent by cable, telegram or by any means of electronic communication permitted by law, which results in a writing from such stockholder or by his attorney, and delivered to the secretary of the meeting.  No proxy shall be voted after three (3) years from its date, unless said proxy provides for a longer period.

(c)  In determining the number of votes cast for or against a proposal or nominee, shares abstaining from voting on a matter will not be treated as a vote cast.

Section 2.07.  *Action by Consent.*  (a)  Unless otherwise provided in the certificate of incorporation and subject to the proviso in Section 2.02, any action required to be taken at any annual or special meeting of stockholders, or any action which may be taken at any annual or special meeting of stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding capital stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.  Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to

notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of stockholders to take the action were delivered to the Corporation as provided in Section 2.07(b).

(b)     Every written consent shall bear the date of signature of each stockholder who signs the consent, and no written consent shall be effective to take the corporate action referred to therein unless, within 60 days of the earliest dated consent delivered in the manner required by this section and Delaware Law to the Corporation, written consents signed by a sufficient number of holders to take action are delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.

Section 2.08.  *Organization.*  At each meeting of stockholders, the Chairman of the Board of Directors, if one shall have been elected, or in the Chairman's absence or if one shall not have been elected, the director designated by the vote of the majority of the directors present at such meeting, shall act as chairman of the meeting.  The Secretary (or in the Secretary's absence or inability to act, the person whom the chairman of the meeting shall appoint secretary of the meeting) shall act as secretary of the meeting and keep the minutes thereof.

Section 2.09.  *Order of Business.*  The order of business at all meetings of stockholders shall be as determined by the chairman of the meeting.

ARTICLE 3
DIRECTORS

Section 3.01.  *General Powers.*  Except as otherwise provided in Delaware Law or the certificate of incorporation, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

Section 3.02.  *Number, Election and Term Of Office.*  (a) The number of directors which shall constitute the whole Board of Directors shall be fixed from time to time by resolution of the Board of Directors but shall not be less than one. The directors shall be elected at the annual meeting of the stockholders by written ballot, except as provided in Section 2.02 and Section 3.12 herein, and each director so elected shall hold office until such director's successor is elected and qualified or until such director's earlier death, resignation or removal.  Directors need not be stockholders.

(b)  Subject to the rights of the holders of any series of preferred stock to elect additional directors under specific circumstances, directors shall be elected by a plurality of the votes of the shares of capital stock of the Corporation present

in person or represented by proxy at the meeting and entitled to vote on the election of directors.

Section 3.03.  *Quorum and Manner of Acting.*  Unless the certificate of incorporation or these bylaws require a greater number, a majority of the total number of directors shall constitute a quorum for the transaction of business, and the affirmative vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.  When a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting, the Board of Directors may transact any business which might have been transacted at the original meeting.  If a quorum shall not be present at any meeting of the Board of Directors the directors present thereat shall adjourn the meeting, from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

Section 3.04.  *Time and Place of Meetings.*  The Board of Directors shall hold its meetings at such place, either within or without the State of Delaware, and at such time as may be determined from time to time by the Board of Directors (or the Chairman in the absence of a determination by the Board of Directors).

Section 3.05.  *Annual Meeting.*  The Board of Directors shall meet for the purpose of organization, the election of officers and the transaction of other business, as soon as practicable after each annual meeting of stockholders, on the same day and at the same place where such annual meeting shall be held.  Notice of such meeting need not be given.  In the event such annual meeting is not so held, the annual meeting of the Board of Directors may be held at such place either within or without the State of Delaware, on such date and at such time as shall be specified in a notice thereof given as hereinafter provided in Section 3.07 herein or in a waiver of notice thereof signed by any director who chooses to waive the requirement of notice.

Section 3.06.  *Regular Meetings.*  After the place and time of regular meetings of the Board of Directors shall have been determined and notice thereof shall have been once given to each member of the Board of Directors, regular meetings may be held without further notice being given.

Section 3.07.  *Special Meetings.*  Special meetings of the Board of Directors may be called by the Chairman of the Board or the President and shall be called by the Chairman of the Board, President or Secretary on the written request of any director.  Notice of special meetings of the Board of Directors shall be given to each director at least 24 hours before the date of the meeting in such manner as is determined by the Board of Directors, which required notice shall be

deemed to be waived by a director's attendance at a meeting (unless solely for the purpose of objecting to the lack of required notice).

Section 3.08. *Committees.* The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of a committee, the member or members present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member. A quorum of any committee of the Board of Directors shall consist of a majority of the Board of Directors (with directors for quorum purposes counted in accordance with the certificate of incorporation). Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority in reference to any of the following matters: (a) approving or adopting, or recommending to the stockholders, any action or matter expressly required by Delaware Law to be submitted to the stockholders for approval or (b) adopting, amending or repealing any bylaw of the Corporation. Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors when required.

Section 3.09. *Action by Consent.* Unless otherwise restricted by the certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting, if all members of the Board or committee, as the case may be, consent thereto in writing or by electronic transmission, and the writing or writings or electronic transmission or transmissions, are filed with the minutes of proceedings of the Board or committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 3.10. *Telephonic Meetings.* Unless otherwise restricted by the certificate of incorporation or these bylaws, members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting of the Board of Directors, or such committee, as the case may be, by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and such participation in a meeting shall constitute presence in person at the meeting.

Section 3.11.  *Resignation.*  Any director may resign at any time by giving notice in writing or by electronic transmission to the Board of Directors or to the Secretary of the Corporation.  The resignation of any director shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 3.12.  *Vacancies.*  Unless otherwise provided in the certificate of incorporation, vacancies and newly created directorships resulting from any increase in the authorized number of directors elected by all the stockholders having the right to vote as a single class may be filled by a majority vote of the directors then in office, although less than a quorum, or by a sole remaining director.  Whenever the holders of any class or classes of stock or series thereof are entitled to elect one or more directors by the certificate of incorporation, vacancies and newly created directorships of such class or classes or series may be filled by a majority vote of directors elected by such class or classes or series thereof then in office, or by a sole remaining director so elected.  Each director so chosen shall hold office until his or her successor is elected and qualified, or until his or her earlier death, resignation or removal.  If there are no directors in office, then an election of directors may be held in accordance with Delaware Law.  Unless otherwise provided in the certificate of incorporation, when one or more directors shall resign from the Board of Directors, effective at a future date, the directors then in office shall, by majority vote, have the power to fill such vacancy or vacancies, the vote thereon to take effect when such resignation or resignations shall become effective, and each director so chosen shall hold office as provided in the filling of other vacancies.

Section 3.13.  *Removal.*  Any director or the entire Board of Directors may be removed, with or without cause, at any time by the affirmative vote of the holders of a majority of the voting power of the outstanding capital stock of the Corporation then entitled to vote at any election of directors and the vacancies thus created may be filled in accordance with Section 3.12 herein.

Section 3.14.  *Compensation.*  Unless otherwise restricted by the certificate of incorporation or these bylaws, the Board of Directors shall have authority to fix the compensation of directors, including fees and reimbursement of expenses.

ARTICLE 4
OFFICERS

Section 4.01.  *Principal Officers.*  The principal officers of the Corporation shall be a President, a Treasurer and a Secretary who shall have the duty, among other things, to record the proceedings of the meetings of stockholders and directors in a book kept for that purpose.  The Corporation may

also have such other principal officers, including one or more Controllers, as the Board of Directors may in its discretion appoint.  One person may hold the offices and perform the duties of any two or more of said offices.

Section 4.02.  *Election, Term of Office and Remuneration.*  The principal officers of the Corporation shall be elected annually by the Board of Directors at the annual meeting thereof.  Each such officer shall hold office until his or her successor is elected and qualified, or until his or her earlier death, resignation or removal.  The remuneration of all officers of the Corporation shall be fixed by the Board of Directors.  Any vacancy in any office shall be filled in such manner as the Board of Directors shall determine.

Section 4.03.  *Subordinate Officers.*  In addition to the principal officers enumerated in Section 4.01 herein, the Corporation may have one or more Assistant Treasurers, Assistant Secretaries and Assistant Controllers and such other subordinate officers, agents and employees as the Board of Directors may deem necessary, each of whom shall hold office for such period as the Board of Directors may from time to time determine.  The Board of Directors may delegate to any principal officer the power to appoint and to remove any such subordinate officers, agents or employees.

Section 4.04.  *Removal.*  Except as otherwise permitted with respect to subordinate officers, any officer may be removed, with or without cause, at any time, by resolution adopted by the Board of Directors.

Section 4.05.  *Resignations.*  Any officer may resign at any time by giving written notice to the Board of Directors (or to a principal officer if the Board of Directors has delegated to such principal officer the power to appoint and to remove such officer).  The resignation of any officer shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 4.06.  *Powers and Duties.*  The officers of the Corporation shall have such powers and perform such duties incident to each of their respective offices and such other duties as may from time to time be conferred upon or assigned to them by the Board of Directors.

ARTICLE 5
CAPITAL STOCK

Section 5.01.  *Certificates For Stock; Uncertificated Shares.*  The shares of the Corporation shall be uncertificated, provided that the Board of Directors of the Corporation may provide by resolution or resolutions that some or all of any or all classes or series of its stock shall be certificated shares.  Except as otherwise

provided by law, the rights and obligations of the holders of uncertificated shares and the rights and obligations of the holders of shares represented by certificates of the same class and series shall be identical.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of the Corporation by any two authorized officers of the Corporation representing the number of shares registered in certificate form.  Any or all of the signatures on the certificate may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue.  The Corporation shall not have power to issue a certificate in bearer form.

Section 5.02.  *Transfer Of Shares.*  Shares of the stock of the Corporation may be transferred on the record of stockholders of the Corporation by the holder thereof or by such holder's duly authorized attorney upon surrender of a certificate therefor properly endorsed or upon receipt of proper transfer instructions from the registered holder of uncertificated shares or by such holder's duly authorized attorney and upon compliance with appropriate procedures for transferring shares in uncertificated form, unless waived by the Corporation.

Section 5.03.  *Authority for Additional Rules Regarding Transfer.*  The Board of Directors shall have the power and authority to make all such rules and regulations as they may deem expedient concerning the issue, transfer and registration of certificated or uncertificated shares of the stock of the Corporation, as well as for the issuance of new certificates in lieu of those which may be lost or destroyed, and may require of any stockholder requesting replacement of lost or destroyed certificates, bond in such amount and in such form as they may deem expedient to indemnify the Corporation, and/or the transfer agents, and/or the registrars of its stock against any claims arising in connection therewith.

Section 5.04. *FLTL Sub-Agent.*  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or owner of shares of the Corporation, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency

Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Corporation or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Corporation whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

ARTICLE 6
GENERAL PROVISIONS

Section 6.01. *Fixing the Record Date.*  (a)  In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than 60 nor less than 10 days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held.  A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; *provided* that the Board of Directors may fix a new record date for the adjourned meeting.

(b)     In order that the Corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which date shall not be more than 10 days after the date upon which the resolution fixing the record date is adopted by the Board of Directors.  If no record date has been fixed by the Board of Directors, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is required by Delaware Law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.  If no record date has been fixed by the Board of Directors and prior action by the Board of Directors is required by Delaware Law,

the record date for determining stockholders entitled to consent to corporate action in writing without a meeting shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action.

(c)     In order that the Corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than 60 days prior to such action.  If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

Section 6.02.  *Dividends.*  Subject to limitations contained in Delaware Law and the certificate of incorporation, the Board of Directors may declare and pay dividends upon the shares of capital stock of the Corporation, which dividends may be paid either in cash, in property or in shares of the capital stock of the Corporation.

Section 6.03.  *Year.*  The fiscal year of the Corporation shall commence on January 1 and end on December 31 of each year.

Section 6.04.  *Corporate Seal.*  The corporate seal shall have inscribed thereon the name of the Corporation, the year of its organization and the words "Corporate Seal, Delaware".  The seal may be used by causing it or a facsimile thereof to be impressed, affixed or otherwise reproduced.

Section 6.05.  *Voting of Stock Owned by the Corporation.*  The Board of Directors may authorize any person, on behalf of the Corporation, to attend, vote at and grant proxies to be used at any meeting of stockholders of any corporation (except this Corporation) in which the Corporation may hold stock.

Section 6.06.  *Amendments.*  These bylaws or any of them, may be altered, amended or repealed, or new bylaws may be made, by the stockholders either by written consent or at any annual or special meeting thereof or by the Board of Directors.



# Delaware

Page 1

### The First State

 

    *I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF*

*DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT*

*COPY OF THE CERTIFICATE OF FORMATION OF "MAKO BUYER LLC", FILED*

*IN THIS OFFICE ON THE FOURTH DAY OF JUNE, A.D. 2021, AT 2:45*

*O`CLOCK P.M.*

 

Jeffrey W. Bullock, Secretary of State

5963987   8100

SR# 20212358525

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203369775

Date: 06-04-21

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:42 PM 06/04/2021
FILED 02:45 PM 06/04/2021
SR 20212358525 - File Number 5963987

# CERTIFICATE OF FORMATION

## OF

## MAKO BUYER LLC

This Certificate of Formation of Mako Buyer LLC (the "**Company**") is being duly executed and filed by the undersigned as an authorized person, to form a limited liability company pursuant to the provisions of the Delaware Limited Liability Company Act (6 *Del. C.* §18-201, *et seq.*).

FIRST:  The name of the limited liability company formed hereby is Mako Buyer LLC.

SECOND:  The address of the registered office of the Company in the State of Delaware is c/o Corporation Service Company, 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.

THIRD:  The name and address of the registered agent for service of process on the Company in the State of Delaware is Corporation Service Company, 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.

FOURTH:  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or member of the Company, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Company or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Company whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation this _____4th_____ day of June, 2021.

**MAKO INTERMEDIATE INC.,**
its sole member

By: _____
Name:   Tim Daileader
Title:   President

*[Signature Page to Certificate of Formation of Mako Buyer LLC]*

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## MAKO BUYER LLC

This Limited Liability Company Agreement (this "**Agreement**") of Mako Buyer LLC dated as of June 4, 2021 is entered into by Mako Intermediate Inc. (the "**Initial Member**") as the sole member (the Initial Member and any other person who, at such time, is admitted to the Company (as defined below) as a member in accordance with the terms of this Agreement, being a "**Member**").

The Member, by execution of this Agreement, hereby forms a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act (6 *Del.C.* §18-101, *et seq*.), as amended from time to time (the "**Act**"), and hereby agrees as follows:

1.    *Name*.  The name of the limited liability company formed hereby is Mako Buyer LLC (the "**Company**").

2.    *Filing of Certificates*.  The Member, as an authorized person, within the meaning of the Act, shall execute, deliver and file, or cause the execution, delivery and filing of, all certificates required or permitted by the Act to be filed in the Office of the Secretary of State of the State of Delaware and any other certificates, notices or documents required or permitted by law for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

3.    *Purposes*.  The purpose of the Company is to engage in any lawful act or activity for which limited liability companies may be formed under the Act.

4.    *Powers*.  In furtherance of its purposes, but subject to all of the provisions of this Agreement, the Company shall have and may exercise all the powers now or hereafter conferred by Delaware law on limited liability companies formed under the Act. The Company shall have the power to do any and all acts necessary, appropriate, proper, advisable, incidental or convenient to or for the protection and benefit of the Company, and shall have, without limitation, any and all of the powers that may be exercised on behalf of the Company by the Member.

5.    *Principal Business Office*.  The principal business office of the Company shall be located at such location as may hereafter be determined by the Member.

6.    *Registered Office; Registered Agent*.  The address of the registered office and the name and address of the registered agent of the Company in the

State of Delaware is c/o Corporation Service Company, 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.

7.    *Member*.  The name and the mailing address of the Member is as follows:

| Name | Address |
|---|---|
| Mako Intermediate Inc. | 410 Park Avenue, Suite 900 New York, NY 10022 |

8.    *Limited Liability*.  Except as required by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Member shall not be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a member of the Company.

9.    *Capital Contributions*.  The Member is deemed admitted as the member of the Company upon its execution and delivery of this Agreement.  The Member may, but is not obligated to make any capital contribution to the Company.

10.    *Allocation of Profits and Losses*.  The Company's profits and losses shall be allocated solely to the Member.

11.    *Distributions*.  Subject to the limitations of Section 18-607 of the Act and any other applicable law, distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

12.    *Management*.  In accordance with Section 18-402 of the Act, management of the Company shall be vested in the Member.  The Member shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members of a limited liability company under the laws of the State of Delaware.  The Member has the authority to bind the Company.

13.    *Exculpation and Indemnification*.  (a) To the fullest extent permitted by the laws of the State of Delaware and except in the case of bad faith, gross negligence or willful misconduct, no Member shall be liable to the Company or any other Member for any loss, damage or claim incurred by reason of any act or omission performed or omitted by such Member in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Member by this Agreement.

(b)    Except in the case of bad faith, gross negligence or willful misconduct, each person (and the heirs, executors or administrators of such person) (including, without limitation, Drivetrain Agency Services,

LLC, in its capacity as the FLTL Subagent (as defined below)) who was or is a party or is threatened to be made a party to, or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, or who otherwise incurs any losses, liabilities, damages, penalties, obligations, judgments, suits, claims, causes of actions, costs, expenses (including fees and disbursements of legal counsel) by reason of the fact that such person is or was a Member shall be indemnified and held harmless by the Company to the fullest extent permitted by the laws of the State of Delaware for directors and officers of corporations organized under the laws of the State of Delaware. Any indemnity under this Section 13 shall be provided out of and to the extent of Company assets only, and no Member shall have personal liability on account thereof.

14.     *Assignments*.  The Member may at any time assign in whole or in part its limited liability company interest in the Company.  Upon any transfer, in whole or in part, of the Member's limited liability company interest in the Company, the transferee shall be, without the requirement of any further action, admitted as a Member with respect to the limited liability company interest so transferred and shall be deemed bound by all of the terms and provisions of this Agreement. If the Member transfers all of its interest in the Company pursuant to this Section 14 and the Member is, at the time of such transfer, the sole Member of the Company, the transferee of such limited liability company interests shall be admitted as a Member of the Company upon such transfer and the Company shall continue without dissolution.

15.     *Resignation*.  The Member may at any time resign from the Company.  If the Member resigns pursuant to this Section 15, an additional Member shall be admitted to the Company, subject to Section 16 hereof, upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement.  Such admission shall be deemed effective immediately prior to the resignation, and, immediately following such admission, the resigning Member shall cease to be a member of the Company.

16.     *Admission of Additional Members*.  Subject to Section 14, one or more additional members of the Company may be admitted to the Company with the consent of the Member.  Prior to the admission of any such additional members to the Company, the Member shall amend this Agreement to make such changes as the Member shall determine to reflect the fact that the Company shall have such additional member(s).

17.     *Dissolution*. (a) The Company shall dissolve and its affairs shall be wound up upon the first to occur of:  (i) the written consent of the Member or (ii) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

(b)     In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of

the assets of the Company in an orderly manner), and the assets or proceeds from the sale of the assets of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.

18.    *Tax Treatment*.  The Member intends that the Company make an election under Treas. Reg. Sec. 301.7701-3 effective as of the date of its formation and shall thereafter be treated as a corporation for U.S. federal and, if applicable, state and local income tax purposes, and neither the Company nor the Member shall take any action or make any election that is inconsistent with such tax treatment.

19.    *Separability of Provisions*.  If any provision of this Agreement or the application thereof is held by a court of competent jurisdiction or other authority to be invalid, void or unenforceable to any extent, the remainder of this Agreement and the application of such provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

20.    *Entire Agreement*.  This Agreement constitutes the entire agreement of the Member with respect to the subject matter hereof.

21.    *Governing Law*.  This Agreement shall be governed by, and construed under, the laws of the State of Delaware (without regard to conflict of laws principles).

22.    *Amendments*.  Subject to the requirements set forth in Section 14, this Agreement may not be modified, altered, supplemented or amended except pursuant to a written agreement executed and delivered by the Member.

23.    *Sole Benefit of Member*.  Other than as set forth in Section 14, the provisions of this Agreement are intended solely to benefit the Member and, to the fullest extent permitted by applicable law, shall not be construed as conferring any benefit upon any creditor of the Company (and no such creditor shall be a third-party beneficiary of this Agreement), and the Member shall have no duty or obligation to any creditor of the Company to make any contributions or payments to the Company.

24.    *Effectiveness*.  This Agreement shall become effective when the Member shall have executed and delivered the Agreement to the Company.

25.    *FLTL Sub-Agent*.  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or Member of the Company, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and

4

collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Company or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Company whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

[*The remainder of this page is intentionally left blank*]

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of the date first written above.

**MAKO INTERMEDIATE INC.,**
its sole member

By: _____
Name:   Tim Daileader
Title:   President

*[Signature Page for Mako Buyer LLC Limited Liability Company Agreement]*

# Delaware

Page 1

### The First State



I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "MAKO BUYER 2 LLC", FILED IN THIS OFFICE ON THE FOURTH DAY OF JUNE, A.D. 2021, AT 2:46 O`CLOCK P.M.

Jeffrey W. Bullock, Secretary of State

5963991  8100
SR# 20212358564

Authentication: 203369828
Date: 06-04-21

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:42 PM 06/04/2021
FILED 02:46 PM 06/04/2021
SR 20212358564 - File Number 5963991

# CERTIFICATE OF FORMATION

## OF

## MAKO BUYER 2 LLC

This Certificate of Formation of Mako Buyer 2 LLC (the "**Company**") is being duly executed and filed by the undersigned as an authorized person, to form a limited liability company pursuant to the provisions of the Delaware Limited Liability Company Act (6 *Del. C.* §18-201, *et seq.*).

FIRST: The name of the limited liability company formed hereby is Mako Buyer 2 LLC.

SECOND: The address of the registered office of the Company in the State of Delaware is c/o Corporation Service Company, 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.

THIRD: The name and address of the registered agent for service of process on the Company in the State of Delaware is Corporation Service Company, 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.

FOURTH: To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or member of the Company, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Company or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Company whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation this __4th__ day of June, 2021.

**MAKO BUYER LLC,**
its sole member

By: Mako Intermediate Inc.,
its sole member

By: _____
    Name:  Tim Daileader
    Title:    President

*[Signature Page to Certificate of Formation of Mako Buyer 2 LLC]*

**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**MAKO BUYER 2 LLC**

This Limited Liability Company Agreement (this "**Agreement**") of Mako Buyer 2 LLC dated as of June 4, 2021 is entered into by Mako Buyer LLC (the "**Initial Member**") as the sole member (the Initial Member and any other person who, at such time, is admitted to the Company (as defined below) as a member in accordance with the terms of this Agreement, being a "**Member**").

The Member, by execution of this Agreement, hereby forms a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act (6 *Del.C.* §18-101, *et seq.*), as amended from time to time (the "**Act**"), and hereby agrees as follows:

1.     *Name*.  The name of the limited liability company formed hereby is Mako Buyer 2 LLC (the "**Company**").

2.     *Filing of Certificates*.  The Member, as an authorized person, within the meaning of the Act, shall execute, deliver and file, or cause the execution, delivery and filing of, all certificates required or permitted by the Act to be filed in the Office of the Secretary of State of the State of Delaware and any other certificates, notices or documents required or permitted by law for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

3.     *Purposes*.  The purpose of the Company is to engage in any lawful act or activity for which limited liability companies may be formed under the Act.

4.     *Powers*.  In furtherance of its purposes, but subject to all of the provisions of this Agreement, the Company shall have and may exercise all the powers now or hereafter conferred by Delaware law on limited liability companies formed under the Act. The Company shall have the power to do any and all acts necessary, appropriate, proper, advisable, incidental or convenient to or for the protection and benefit of the Company, and shall have, without limitation, any and all of the powers that may be exercised on behalf of the Company by the Member.

5.     *Principal Business Office*.  The principal business office of the Company shall be located at such location as may hereafter be determined by the Member.

6.     *Registered Office; Registered Agent*.  The address of the registered office and the name and address of the registered agent of the Company in the

State of Delaware is c/o Corporation Service Company, 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.

     7.    *Member*.  The name and the mailing address of the Member is as follows:

| Name | Address |
|---|---|
| Mako Buyer LLC | 410 Park Avenue, Suite 900<br>New York, NY 10022 |

     8.    *Limited Liability*.  Except as required by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Member shall not be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a member of the Company.

     9.    *Capital Contributions*.  The Member is deemed admitted as the member of the Company upon its execution and delivery of this Agreement.  The Member may, but is not obligated to make any capital contribution to the Company.

     10.    *Allocation of Profits and Losses*.  The Company's profits and losses shall be allocated solely to the Member.

     11.    *Distributions*.  Subject to the limitations of Section 18-607 of the Act and any other applicable law, distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

     12.    *Management*.  In accordance with Section 18-402 of the Act, management of the Company shall be vested in the Member.  The Member shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members of a limited liability company under the laws of the State of Delaware.  The Member has the authority to bind the Company.

     13.    *Exculpation and Indemnification*.  (a) To the fullest extent permitted by the laws of the State of Delaware and except in the case of bad faith, gross negligence or willful misconduct, no Member shall be liable to the Company or any other Member for any loss, damage or claim incurred by reason of any act or omission performed or omitted by such Member in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Member by this Agreement.

     (b)    Except in the case of bad faith, gross negligence or willful misconduct, each person (and the heirs, executors or administrators of such person) (including, without limitation, Drivetrain Agency Services,

LLC, in its capacity as the FLTL Subagent (as defined below)) who was or is a party or is threatened to be made a party to, or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, or who otherwise incurs any losses, liabilities, damages, penalties, obligations, judgments, suits, claims, causes of actions, costs, expenses (including fees and disbursements of legal counsel) by reason of the fact that such person is or was a Member shall be indemnified and held harmless by the Company to the fullest extent permitted by the laws of the State of Delaware for directors and officers of corporations organized under the laws of the State of Delaware. Any indemnity under this Section 13 shall be provided out of and to the extent of Company assets only, and no Member shall have personal liability on account thereof.

14.     *Assignments*.  The Member may at any time assign in whole or in part its limited liability company interest in the Company.  Upon any transfer, in whole or in part, of the Member's limited liability company interest in the Company, the transferee shall be, without the requirement of any further action, admitted as a Member with respect to the limited liability company interest so transferred and shall be deemed bound by all of the terms and provisions of this Agreement. If the Member transfers all of its interest in the Company pursuant to this Section 14 and the Member is, at the time of such transfer, the sole Member of the Company, the transferee of such limited liability company interests shall be admitted as a Member of the Company upon such transfer and the Company shall continue without dissolution.

15.     *Resignation*.  The Member may at any time resign from the Company.  If the Member resigns pursuant to this Section 15, an additional Member shall be admitted to the Company, subject to Section 16 hereof, upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement.  Such admission shall be deemed effective immediately prior to the resignation, and, immediately following such admission, the resigning Member shall cease to be a member of the Company.

16.     *Admission of Additional Members*.  Subject to Section 14, one or more additional members of the Company may be admitted to the Company with the consent of the Member.  Prior to the admission of any such additional members to the Company, the Member shall amend this Agreement to make such changes as the Member shall determine to reflect the fact that the Company shall have such additional member(s).

17.     *Dissolution*.  (a) The Company shall dissolve and its affairs shall be wound up upon the first to occur of:  (i) the written consent of the Member or (ii) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

(b)     In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of

the assets of the Company in an orderly manner), and the assets or proceeds from the sale of the assets of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.

18.    *Tax Treatment*.  The Member intends that the Company shall be treated as an entity that is disregarded as separate from the Member for U.S. federal and, if applicable, state and local income tax purposes, and neither the Company nor the Member shall take any action or make any election that is inconsistent with such tax treatment.

19.    *Separability of Provisions*.  If any provision of this Agreement or the application thereof is held by a court of competent jurisdiction or other authority to be invalid, void or unenforceable to any extent, the remainder of this Agreement and the application of such provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

20.    *Entire Agreement*.  This Agreement constitutes the entire agreement of the Member with respect to the subject matter hereof.

21.    *Governing Law*.  This Agreement shall be governed by, and construed under, the laws of the State of Delaware (without regard to conflict of laws principles).

22.    *Amendments*.  Subject to the requirements set forth in Section 14, this Agreement may not be modified, altered, supplemented or amended except pursuant to a written agreement executed and delivered by the Member.

23.    *Sole Benefit of Member*.  Other than as set forth in Section 14, the provisions of this Agreement are intended solely to benefit the Member and, to the fullest extent permitted by applicable law, shall not be construed as conferring any benefit upon any creditor of the Company (and no such creditor shall be a third-party beneficiary of this Agreement), and the Member shall have no duty or obligation to any creditor of the Company to make any contributions or payments to the Company.

24.    *Effectiveness*.  This Agreement shall become effective when the Member shall have executed and delivered the Agreement to the Company.

25.    *FLTL Sub-Agent*.  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or Member of the Company, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested

4

in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Company or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Company whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

[*The remainder of this page is intentionally left blank*]

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of the date first written above.

**MAKO BUYER LLC**,
its sole member

By: Mako Intermediate Inc.,
its sole member

By: _____
Name:   Tim Daileader
Title:     President

*[Signature Page for Mako Buyer 2 LLC Limited Liability Company Agreement]*



# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "MAKO INTERMEDIATE INC.", FILED IN THIS OFFICE ON THE FOURTH DAY OF JUNE, A.D. 2021, AT 2:44 O`CLOCK P.M.

Jeffrey W. Bullock, Secretary of State

5963985  8100
SR# 20212358461

Authentication: 203369726
Date: 06-04-21

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:42 PM 06/04/2021
FILED 02:44 PM 06/04/2021
SR 20212358461 - File Number 5963985

# CERTIFICATE OF INCORPORATION

## OF

## MAKO INTERMEDIATE INC.

\* \* \*

FIRST:  The name of the corporation is Mako Intermediate Inc. (the "**Corporation**").

SECOND:  The address of its registered office in the State of Delaware is 251 Little Falls Drive, City of Wilmington, County of New Castle, Delaware 19808.  The name of its registered agent at such address is Corporation Service Company.

THIRD:  The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended ("**Delaware Law**").

FOURTH:  The total number of shares of stock which the Corporation shall have authority to issue is 1,000, and the par value of each such share is $0.01, amounting in the aggregate to $10.00.

FIFTH:  The name and mailing address of the incorporator are:

| Name | Mailing Address |
|---|---|
| Mako Holding Inc. | 410 Park Avenue, Suite 900<br>New York, NY 10022 |

SIXTH:  The Board of Directors shall have the power to adopt, amend or repeal the bylaws of the Corporation.

SEVENTH:  Election of directors need not be by written ballot unless the bylaws of the Corporation so provide.

EIGHTH:  The Corporation expressly elects not to be governed by Section 203 of Delaware Law.

NINTH:  (1) A director of the Corporation shall not be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director to the fullest extent permitted by Delaware Law.

#94312071v3

(2)(a)     Each person (and the heirs, executors or administrators of such person) (including, without limitation, Drivetrain Agency Services, LLC, in its capacity as the FLTL Subagent (as defined below)) who was or is a party or is threatened to be made a party to, or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, or who otherwise incurs any losses, liabilities, damages, penalties, obligations, judgments, suits, claims, causes of actions, costs, expenses (including fees and disbursements of legal counsel) by reason of the fact that such person is or was a director or officer of the Corporation, or an owner of shares of the Corporation or is or was serving at the request of the Corporation as a director or officer of another corporation, partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware Law.  The right to indemnification conferred in this ARTICLE NINTH shall also include the right to be paid by the Corporation the expenses incurred in connection with any such proceeding in advance of its final disposition to the fullest extent authorized by Delaware Law or in connection with any other actions taken by it related to the Corporation.  The right to indemnification conferred in this ARTICLE NINTH shall be a contract right.

(b)     The Corporation may, by action of its Board of Directors, provide indemnification to such of the directors, employees, agents and owners of shares of the Corporation (including, without limitation, Drivetrain Agency Services, LLC, in its capacity as the FLTL Subagent (as defined below)) to such extent and to such effect as the Board of Directors shall determine to be appropriate and authorized by Delaware Law.

(3)     The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss incurred by such person in any such capacity or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under Delaware Law.

(4)     The rights and authority conferred in this ARTICLE NINTH shall not be exclusive of any other right which any person may otherwise have or hereafter acquire.

(5)     Neither the amendment nor repeal of this ARTICLE NINTH, nor the adoption of any provision of this Certificate of Incorporation or the bylaws of the Corporation, nor, to the fullest extent permitted by Delaware Law, any modification of law, shall adversely affect any right or protection of any person granted pursuant hereto existing at, or arising out of or related to any event, act or omission that occurred prior to, the time of such amendment, repeal, adoption or

2

#94312071v3

modification (regardless of when any proceeding (or part thereof) relating to such event, act or omission arises or is first threatened, commenced or completed).

TENTH:  The Corporation reserves the right to amend this Certificate of Incorporation in any manner permitted by Delaware Law and all rights and powers conferred herein on stockholders, directors and officers, if any, are subject to this reserved power.

ELEVENTH: To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or owner of shares of the Corporation, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Corporation or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Corporation whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Incorporation this  4  day of June, 2021.

MAKO HOLDING INC.

By: _____

Name:   Tim Daileader

Title:    President

[*Signature Page to Certificate of Incorporation of Mako Intermediate Inc.*]

**BYLAWS**

**OF**

**MAKO INTERMEDIATE INC.**

\* \* \* \* \*

ARTICLE 1
OFFICES

Section 1.01.  *Registered Office.*  The registered office of the Mako Intermediate Inc. (the "**Corporation**") shall be in the City of Wilmington, County of New Castle, State of Delaware.

Section 1.02.  *Other Offices.*  The Corporation may also have offices at such other places both within and without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

Section 1.03.  *Books.*  The books of the Corporation may be kept within or without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

ARTICLE 2
MEETINGS OF STOCKHOLDERS

Section 2.01.  *Time and Place of Meetings.*  All meetings of stockholders shall be held at such place, either within or without the State of Delaware, on such date and at such time as may be determined from time to time by the Board of Directors (or the Chairman in the absence of a designation by the Board of Directors).

Section 2.02.  *Annual Meetings.*  Unless directors are elected by written consent in lieu of an annual meeting as permitted by the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended ("**Delaware Law**"), an annual meeting of stockholders shall be held for the election of directors and to transact such other business as may properly be brought before the meeting as may be designated by the Board of Directors from time to time.  Stockholders may, unless the certificate of incorporation otherwise provides, act by written consent to elect directors; *provided*, *however*, that if such consent is less than unanimous, such action by written consent may be in lieu of holding an annual meeting only if all of the directorships to which directors could be elected at an annual meeting held at the effective time of such action are vacant and are filled by such action.

Section 2.03.  *Special Meetings.*  Special meetings of stockholders may be called by the Board of Directors or the Chairman of the Board of Directors and shall be called by the Secretary at the request in writing of holders of record of a majority of the outstanding capital stock of the Corporation entitled to vote.  Such request shall state the purpose or purposes of the proposed meeting.

Section 2.04.  *Notice of Meetings and Adjourned Meetings; Waivers of Notice.*  (a)  Whenever stockholders are required or permitted to take any action at a meeting, a written notice of the meeting shall be given which shall state the place, if any, date and hour of the meeting, the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by Delaware Law, such notice shall be given not less than 10 nor more than 60 days before the date of the meeting to each stockholder of record entitled to vote at such meeting.  Unless these bylaws otherwise require, when a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time, place, if any, and the means of remote communications, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, are announced at the meeting at which the adjournment is taken.  At the adjourned meeting, the Corporation may transact any business which might have been transacted at the original meeting.  If the adjournment is for more than 30 days, or after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

(b)     A written waiver of any such notice signed by the person entitled thereto, or a waiver by electronic transmission by the person entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to notice.  Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends the meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice.

Section 2.05.  *Quorum.*  Unless otherwise provided under the certificate of incorporation or these bylaws and subject to Delaware Law, the presence, in person or by proxy, of the holders of a majority of the outstanding capital stock of the Corporation entitled to vote at a meeting of stockholders shall constitute a quorum for the transaction of business.  If, however, such quorum shall not be present or represented at any meeting of the stockholders, a majority in voting interest of the stockholders present in person or represented by proxy may adjourn the meeting, without notice other than announcement at the meeting, until a

quorum shall be present or represented.  At such adjourned meeting at which a quorum shall be present or represented any business may be transacted which might have been transacted at the meeting as originally notified.

Section 2.06.  *Voting.*  (a)  Unless otherwise provided in the certificate of incorporation and subject to Delaware Law, each stockholder shall be entitled to one vote for each outstanding share of capital stock of the Corporation held by such stockholder.  Any share of capital stock of the Corporation held by the Corporation shall have no voting rights.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, in all matters other than the election of directors, the affirmative vote of the majority of the shares of capital stock of the Corporation present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders.

(b)  Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to a corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, appointed by an instrument in writing, subscribed by such stockholder or by his attorney thereunto authorized, or by proxy sent by cable, telegram or by any means of electronic communication permitted by law, which results in a writing from such stockholder or by his attorney, and delivered to the secretary of the meeting.  No proxy shall be voted after three (3) years from its date, unless said proxy provides for a longer period.

(c)  In determining the number of votes cast for or against a proposal or nominee, shares abstaining from voting on a matter will not be treated as a vote cast.

Section 2.07.  *Action by Consent.*  (a)  Unless otherwise provided in the certificate of incorporation and subject to the proviso in Section 2.02, any action required to be taken at any annual or special meeting of stockholders, or any action which may be taken at any annual or special meeting of stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding capital stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.  Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to

notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of stockholders to take the action were delivered to the Corporation as provided in Section 2.07(b).

(b)     Every written consent shall bear the date of signature of each stockholder who signs the consent, and no written consent shall be effective to take the corporate action referred to therein unless, within 60 days of the earliest dated consent delivered in the manner required by this section and Delaware Law to the Corporation, written consents signed by a sufficient number of holders to take action are delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.

Section 2.08.  *Organization.*  At each meeting of stockholders, the Chairman of the Board of Directors, if one shall have been elected, or in the Chairman's absence or if one shall not have been elected, the director designated by the vote of the majority of the directors present at such meeting, shall act as chairman of the meeting.  The Secretary (or in the Secretary's absence or inability to act, the person whom the chairman of the meeting shall appoint secretary of the meeting) shall act as secretary of the meeting and keep the minutes thereof.

Section 2.09.  *Order of Business.*  The order of business at all meetings of stockholders shall be as determined by the chairman of the meeting.

ARTICLE 3
DIRECTORS

Section 3.01.  *General Powers.*  Except as otherwise provided in Delaware Law or the certificate of incorporation, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

Section 3.02.  *Number, Election and Term Of Office.*  (a) The number of directors which shall constitute the whole Board of Directors shall be fixed from time to time by resolution of the Board of Directors but shall not be less than one. The directors shall be elected at the annual meeting of the stockholders by written ballot, except as provided in Section 2.02 and Section 3.12 herein, and each director so elected shall hold office until such director's successor is elected and qualified or until such director's earlier death, resignation or removal.  Directors need not be stockholders.

(b)  Subject to the rights of the holders of any series of preferred stock to elect additional directors under specific circumstances, directors shall be elected by a plurality of the votes of the shares of capital stock of the Corporation present

in person or represented by proxy at the meeting and entitled to vote on the election of directors.

Section 3.03. *Quorum and Manner of Acting.*  Unless the certificate of incorporation or these bylaws require a greater number, a majority of the total number of directors shall constitute a quorum for the transaction of business, and the affirmative vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.  When a meeting is adjourned to another time or place (whether or not a quorum is present), notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting, the Board of Directors may transact any business which might have been transacted at the original meeting.  If a quorum shall not be present at any meeting of the Board of Directors the directors present thereat shall adjourn the meeting, from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

Section 3.04. *Time and Place of Meetings.*  The Board of Directors shall hold its meetings at such place, either within or without the State of Delaware, and at such time as may be determined from time to time by the Board of Directors (or the Chairman in the absence of a determination by the Board of Directors).

Section 3.05. *Annual Meeting.*  The Board of Directors shall meet for the purpose of organization, the election of officers and the transaction of other business, as soon as practicable after each annual meeting of stockholders, on the same day and at the same place where such annual meeting shall be held.  Notice of such meeting need not be given.  In the event such annual meeting is not so held, the annual meeting of the Board of Directors may be held at such place either within or without the State of Delaware, on such date and at such time as shall be specified in a notice thereof given as hereinafter provided in Section 3.07 herein or in a waiver of notice thereof signed by any director who chooses to waive the requirement of notice.

Section 3.06. *Regular Meetings.*  After the place and time of regular meetings of the Board of Directors shall have been determined and notice thereof shall have been once given to each member of the Board of Directors, regular meetings may be held without further notice being given.

Section 3.07. *Special Meetings.*  Special meetings of the Board of Directors may be called by the Chairman of the Board or the President and shall be called by the Chairman of the Board, President or Secretary on the written request of any director.  Notice of special meetings of the Board of Directors shall be given to each director at least 24 hours before the date of the meeting in such manner as is determined by the Board of Directors, which required notice shall be

deemed to be waived by a director's attendance at a meeting (unless solely for the purpose of objecting to the lack of required notice).

Section 3.08. *Committees.*  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of a committee, the member or members present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member.  A quorum of any committee of the Board of Directors shall consist of a majority of the Board of Directors (with directors for quorum purposes counted in accordance with the certificate of incorporation).  Any such committee, to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority in reference to any of the following matters: (a) approving or adopting, or recommending to the stockholders, any action or matter expressly required by Delaware Law to be submitted to the stockholders for approval or (b) adopting, amending or repealing any bylaw of the Corporation.  Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors when required.

Section 3.09. *Action by Consent.*  Unless otherwise restricted by the certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting, if all members of the Board or committee, as the case may be, consent thereto in writing or by electronic transmission, and the writing or writings or electronic transmission or transmissions, are filed with the minutes of proceedings of the Board or committee.  Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 3.10. *Telephonic Meetings.*  Unless otherwise restricted by the certificate of incorporation or these bylaws, members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting of the Board of Directors, or such committee, as the case may be, by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and such participation in a meeting shall constitute presence in person at the meeting.

Section 3.11. *Resignation.* Any director may resign at any time by giving notice in writing or by electronic transmission to the Board of Directors or to the Secretary of the Corporation. The resignation of any director shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 3.12. *Vacancies.* Unless otherwise provided in the certificate of incorporation, vacancies and newly created directorships resulting from any increase in the authorized number of directors elected by all the stockholders having the right to vote as a single class may be filled by a majority vote of the directors then in office, although less than a quorum, or by a sole remaining director. Whenever the holders of any class or classes of stock or series thereof are entitled to elect one or more directors by the certificate of incorporation, vacancies and newly created directorships of such class or classes or series may be filled by a majority vote of directors elected by such class or classes or series thereof then in office, or by a sole remaining director so elected. Each director so chosen shall hold office until his or her successor is elected and qualified, or until his or her earlier death, resignation or removal. If there are no directors in office, then an election of directors may be held in accordance with Delaware Law. Unless otherwise provided in the certificate of incorporation, when one or more directors shall resign from the Board of Directors, effective at a future date, the directors then in office shall, by majority vote, have the power to fill such vacancy or vacancies, the vote thereon to take effect when such resignation or resignations shall become effective, and each director so chosen shall hold office as provided in the filling of other vacancies.

Section 3.13. *Removal.* Any director or the entire Board of Directors may be removed, with or without cause, at any time by the affirmative vote of the holders of a majority of the voting power of the outstanding capital stock of the Corporation then entitled to vote at any election of directors and the vacancies thus created may be filled in accordance with Section 3.12 herein.

Section 3.14. *Compensation.* Unless otherwise restricted by the certificate of incorporation or these bylaws, the Board of Directors shall have authority to fix the compensation of directors, including fees and reimbursement of expenses.

ARTICLE 4
OFFICERS

Section 4.01. *Principal Officers.* The principal officers of the Corporation shall be a President, a Treasurer and a Secretary who shall have the duty, among other things, to record the proceedings of the meetings of stockholders and directors in a book kept for that purpose. The Corporation may

also have such other principal officers, including one or more Controllers, as the Board of Directors may in its discretion appoint.  One person may hold the offices and perform the duties of any two or more of said offices.

Section 4.02.  *Election, Term of Office and Remuneration.*  The principal officers of the Corporation shall be elected annually by the Board of Directors at the annual meeting thereof.  Each such officer shall hold office until his or her successor is elected and qualified, or until his or her earlier death, resignation or removal.  The remuneration of all officers of the Corporation shall be fixed by the Board of Directors.  Any vacancy in any office shall be filled in such manner as the Board of Directors shall determine.

Section 4.03.  *Subordinate Officers.*  In addition to the principal officers enumerated in Section 4.01 herein, the Corporation may have one or more Assistant Treasurers, Assistant Secretaries and Assistant Controllers and such other subordinate officers, agents and employees as the Board of Directors may deem necessary, each of whom shall hold office for such period as the Board of Directors may from time to time determine.  The Board of Directors may delegate to any principal officer the power to appoint and to remove any such subordinate officers, agents or employees.

Section 4.04.  *Removal.*  Except as otherwise permitted with respect to subordinate officers, any officer may be removed, with or without cause, at any time, by resolution adopted by the Board of Directors.

Section 4.05.  *Resignations.*  Any officer may resign at any time by giving written notice to the Board of Directors (or to a principal officer if the Board of Directors has delegated to such principal officer the power to appoint and to remove such officer).  The resignation of any officer shall take effect upon receipt of notice thereof or at such later time as shall be specified in such notice; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 4.06.  *Powers and Duties.*  The officers of the Corporation shall have such powers and perform such duties incident to each of their respective offices and such other duties as may from time to time be conferred upon or assigned to them by the Board of Directors.

## ARTICLE 5
## CAPITAL STOCK

Section 5.01.  *Certificates For Stock; Uncertificated Shares.*  The shares of the Corporation shall be uncertificated, provided that the Board of Directors of the Corporation may provide by resolution or resolutions that some or all of any or all classes or series of its stock shall be certificated shares.  Except as otherwise

8

provided by law, the rights and obligations of the holders of uncertificated shares and the rights and obligations of the holders of shares represented by certificates of the same class and series shall be identical.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of the Corporation by any two authorized officers of the Corporation representing the number of shares registered in certificate form.  Any or all of the signatures on the certificate may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue.  The Corporation shall not have power to issue a certificate in bearer form.

Section 5.02.  *Transfer Of Shares.*  Shares of the stock of the Corporation may be transferred on the record of stockholders of the Corporation by the holder thereof or by such holder's duly authorized attorney upon surrender of a certificate therefor properly endorsed or upon receipt of proper transfer instructions from the registered holder of uncertificated shares or by such holder's duly authorized attorney and upon compliance with appropriate procedures for transferring shares in uncertificated form, unless waived by the Corporation.

Section 5.03.  *Authority for Additional Rules Regarding Transfer.*  The Board of Directors shall have the power and authority to make all such rules and regulations as they may deem expedient concerning the issue, transfer and registration of certificated or uncertificated shares of the stock of the Corporation, as well as for the issuance of new certificates in lieu of those which may be lost or destroyed, and may require of any stockholder requesting replacement of lost or destroyed certificates, bond in such amount and in such form as they may deem expedient to indemnify the Corporation, and/or the transfer agents, and/or the registrars of its stock against any claims arising in connection therewith.

Section 5.04. *FLTL Sub-Agent.*  To the extent Drivetrain Agency Services, LLC (or any of its officers, directors or employees) is an officer, director or owner of shares of the Corporation, it is understood that it is acting not individually or personally but solely as the sub-agent (the "**FLTL Sub-Agent**") under that certain Amended and Restated First Lien Term Loan Agreement, originally dated as of April 11, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**FLTL Credit Agreement**"), among, inter alia, Fieldwood Energy, LLC, Fieldwood Energy, Inc., the lenders party thereto from time to time and Cantor Fitzgerald Securities, as administrative agent and collateral agent, in the exercise of the powers and authority conferred and vested in it pursuant to that certain First Lien Term Loan Sub-Agent Appointment Agreement by and among Fieldwood Energy LLC, Fieldwood Energy Inc., Cantor Fitzgerald Securities and the FLTL Sub-Agent, and nothing herein contained shall be construed as creating any liability on Drivetrain Agency

Services, LLC (or any of its officers, directors or employees), individually or personally, including for the payment of any indebtedness or expenses of the Corporation or the breach of, or failure to perform, any obligation, representation, warranty or covenant made or undertaken by the Corporation whether by or through attempted piercing of the corporate veil, by or through a claim by or on behalf of any person against Drivetrain Agency Services, LLC (or any of its officers, directors or employees), by the enforcement of any assessment or by any legal or equitable proceeding or by virtue of any applicable law, whether in contract, tort or otherwise.

ARTICLE 6
GENERAL PROVISIONS

Section 6.01.  *Fixing the Record Date.*  (a)  In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall not be more than 60 nor less than 10 days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held.  A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; *provided* that the Board of Directors may fix a new record date for the adjourned meeting.

(b)      In order that the Corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which date shall not be more than 10 days after the date upon which the resolution fixing the record date is adopted by the Board of Directors.  If no record date has been fixed by the Board of Directors, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is required by Delaware Law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the Corporation by delivery to its registered office in Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.  If no record date has been fixed by the Board of Directors and prior action by the Board of Directors is required by Delaware Law,

Debtors' Exhibit No. 27

the record date for determining stockholders entitled to consent to corporate action in writing without a meeting shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action.

(c)     In order that the Corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than 60 days prior to such action.  If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

Section 6.02.  *Dividends.*  Subject to limitations contained in Delaware Law and the certificate of incorporation, the Board of Directors may declare and pay dividends upon the shares of capital stock of the Corporation, which dividends may be paid either in cash, in property or in shares of the capital stock of the Corporation.

Section 6.03.  *Year.*  The fiscal year of the Corporation shall commence on January 1 and end on December 31 of each year.

Section 6.04.  *Corporate Seal.*  The corporate seal shall have inscribed thereon the name of the Corporation, the year of its organization and the words "Corporate Seal, Delaware".  The seal may be used by causing it or a facsimile thereof to be impressed, affixed or otherwise reproduced.

Section 6.05.  *Voting of Stock Owned by the Corporation.*  The Board of Directors may authorize any person, on behalf of the Corporation, to attend, vote at and grant proxies to be used at any meeting of stockholders of any corporation (except this Corporation) in which the Corporation may hold stock.

Section 6.06.  *Amendments.*  These bylaws or any of them, may be altered, amended or repealed, or new bylaws may be made, by the stockholders either by written consent or at any annual or special meeting thereof or by the Board of Directors.