UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY, LLC, *et al.*,[1] | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**SUPPLEMENT BY XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH, LLC TO THEIR *AMENDED SUPPLEMENTAL OBJECTION AND RESPONSE TO (A) THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS, (B) PLAN SUPPLEMENT RELATING TO THE ASSUMPTION OF EXECUTORY CONTRACTS, AND (C) AMENDED SCHEDULE OF ASSUMED CONTRACTS***

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COME NOW XTO Offshore, Inc., HHE Energy Company, and XH, LLC, and their respective affiliates and subsidiaries (collectively, "XTO"), and file this Supplement to the *Amended Supplemental Objection and Response* ("Amended Supplemental Objection") [Docket No. 1476] to (A) the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors [Docket No. 1284] (the "Plan"), (B) the Plan Supplement [Docket No. 1394] relating to the assumption of executory contracts, and (C) the Amended Schedule of Assumed Contracts [Docket No. 1456], and would respectfully show the Court as follows:

### SUPPLEMENT WITH LANGUAGE FOR PROPOSED CONFIRMATION ORDER

1. XTO filed an objection to the Debtors' original joint chapter 11 plan on January 12, 2021 [Docket No. 759] (the "Original Objection").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Amended Supplemental Objection..

2. On June 3, 2021, XTO filed its Amended Supplemental Objection.

3. On June 14, 2021, XTO sent language for the proposed confirmation order to counsel for the Debtors in an effort to resolve: (i) XTO's objections to the terms of the Debtors' proposed assumption and assignment of the XTO Executory Contracts and proposed Cure Amounts, (ii) XTO's objection to the inclusion of anything in the Plan or Confirmation Order that would impair XTO's rights under its third party surety bonds, and (iii) XTO's objection to the third party releases contained in the Plan. A copy of XTO's proposed language for inclusion in the confirmation order is attached hereto as **Exhibit A**.[3]

4. XTO requests that, if the Plan is confirmed, the Court include the language reflected on the attached Exhibit A in any order confirming the Debtors' Plan.

## PRAYER FOR RELIEF

ACCORDINGLY, XTO prays that, in the event the Debtors' Plan is confirmed, the Court include the language reflected on the attached Exhibit A in any order confirming the Debtors' Plan, and for all such other and further relief to which it may be entitled.

---

[3] XTO has not received a copy of the Debtors' proposed confirmation order. Consequently, rather than providing the Court with a redline to the Debtors' proposed confirmation order, the language requested by XTO is in the form of an insert to the Debtors' proposed confirmation order.

DATED: June 16, 2021

Respectfully Submitted,

/s/ J. Robert Forshey
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
llankford@forsheyprostok.com

ATTORNEYS FOR XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties receiving electronic notice via the Court's CM/ECF system on June 16, 2021.

/s/ J. Robert Forshey
J. Robert Forshey

L:\BFORSHEY\XTO - Fieldwood Energy (CrR) #6145\Pleadings 20-33948 (MI)\Supplement to Objection to Confirmation with Proposed Language for Confirmation Order 6.16.2021.docx

# Exhibit A

# XTO's Language for Inclusion in Proposed Confirmation Order

*Insert Regarding Exxon/XTO Executory Contracts.*

1.  Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the terms of this paragraph shall apply to the Exxon/XTO Entities[1] and their respective Exxon/XTO Executory Contracts[2]:

(i) This Confirmation Order shall not be, and shall not be construed as, a determination of the cure amount or compensation, if any, required to satisfy the provisions of sections 365(b)(1)(A) and 365(b)(1)(B) of the Bankruptcy Code for the assumption of the Exxon/XTO Executory Contracts (the "Exxon/XTO Cure Amount").

(ii) The Debtors or their proposed assignee, including the Credit Bid Purchaser, FWE I, FWE III, or FWE IV (each a "Fieldwood Assignee"), as applicable, and the Exxon/XTO Entities shall endeavor in good faith to reach agreement as to the Exxon/XTO Cure Amount within one hundred twenty (120) days following the Effective Date, and if such an agreement is reached, the Debtors or Fieldwood Assignee, as applicable, and Exxon/XTO Entities, shall file a stipulation with the Court setting forth (i) the agreed Exxon/XTO Cure Amount, and (ii) providing for payment of such Exxon/XTO Cure Amount by the applicable Fieldwood Assignee as a condition to the assumption and assignment of such Exxon/XTO Executory Contract. If the Debtors or applicable Fieldwood Assignee and the Exxon/XTO Entities fail to reach agreement as to the Exxon/XTO Cure Amount within such one hundred twenty (120) day period, the Debtors, proposed Fieldwood Assignee or Exxon/XTO Entities may, on notice to the proposed Fieldwood Assignee or Exxon/XTO, as applicable, request a hearing before the Court for the determination of the Exxon/XTO Cure Amount. Nothing herein shall prejudice the Exxon/XTO Entities' right to assert the arguments raised in the *Amended Objection by XTO Offshore, Inc., HHE Energy Company, and XH, LLC to (A) Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts, and (B) Amended Schedule of Assumed Contracts* [Docket No. 1517]. For purposes of determining the Exxon/XTO Cure Amount, the effective date of assumption shall be the Petition Date. The Exxon/XTO Cure Amount shall be due and payable by the Debtors or the applicable Fieldwood Assignee, regardless of whether the Claims Reserve provided under Section 5.14 of the Plan for payment of cure claims is sufficiently funded.

---

[1] As used herein, the term "Exxon/XTO Entities" shall collectively mean XTO Energy, Inc., XTO Offshore, Inc., HHE Energy Company, XH, LLC, ExxonMobil Corporation, ExxonMobil Production Company, ExxonMobil Pipeline Company, ExxonMobil Oil Supply, Exxon Mobil Exploration Company, Exxon Corporation, Exxon Company, USA, Mobil Oil Corporation, Mobil Exploration Company, Inc., Mobil Exploration & Producing U.S., Inc., Mobil Producing Texas & New Mexico, Inc., Second Mobil Oil Company, Inc., Mobil Oil Exploration and Producing Southeast, Inc., as well as any parent, subsidiary, or affiliate of any of said parties.

[2] The term "Exxon/XTO Executory Contracts" shall mean any Executory Contract between any one or more of the Debtors and any one or more of the Exxon/XTO Entities.

(iii)      All Claims arising under the Exxon/XTO Executory Contracts from and after the Petition Date shall be deemed to be Allowed Administrative Expense Claims based on a liability incurred by the Debtors in the ordinary course of their business for which no request for allowance of an administrative claim shall be necessary, as contemplated in Section 2.1 of the Plan. However, in the event the Debtors or the Fieldwood Assignee, as applicable, and the Exxon/XTO Entities, are unable to agree on the amount of the Allowed General Administrative Claim held by the Exxon/XTO Entities, either party may apply to the Court for a review and determination thereof.

(iv)      To the extent that an Exxon/XTO Executory Contract is assumed or assumed and assigned, such assumption or assumption and assignment shall result in the full release and satisfaction of only those Claims based on an actual default existing as of the Petition Date with respect to such assumed or assumed and assigned Exxon/XTO Executory Contract, and for the avoidance of doubt, this Confirmation Order shall not otherwise (a) disallow or otherwise expunge the Proofs of Claim filed by any of the Exxon/XTO Entities, (b) alter any of the Exxon/XTO Entities' statutory liens or consensual liens, or preclude any netting (either based on setoff or recoupment) in the ordinary course of business by any of the Exxon/XTO Entities, to the extent such rights exist under the Exxon/XTO Executory Contracts or pursuant to applicable law, or (c) alter any of the parties' other respective rights and obligations under the Exxon/XTO Executory Contracts. The Exxon/XTO Entities shall be deemed to have opted out of the Third Party Releases contained in Sections 10.7(b) and 10.7(c) of the Plan.

(v)      The bar date for the Exxon/XTO Entities to file a claim based on the rejection of any Exxon/XTO Executory Contracts shall be the later of: (i) ninety (90) days after the filing and service of the notice of the Effective Date, or (b) ninety (90) days after entry of any order rejecting such Exxon/XTO Executory Contract. Claims based on the rejection of an Exxon/XTO Executory Contract shall be paid and treated as a Class 6B General Unsecured Claim under the Plan.

(vi)      Any Claim for rejection damages arising from rejection of any of the Exxon/XTO Executory Contracts and/or Unexpired Leases (if any) are reserved for further hearing.

*Insert regarding Exxon/XTO Entities' Surety Bonds*

1. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, neither the Plan, Confirmation Order, nor any of the transactions contemplated or effectuated under the Plan, including the Debtors' transfer, assignment or abandonment of any property in which any of the Exxon/XTO Entities appear in the chain of title, shall have any effect upon or in any manner alter or impair the Exxon/XTO Entities' rights under (i) Performance Bond No. RLB0013981 (the "RLB Bond") issued pursuant to the Purchase and Sale Agreement dated effective as of August 1, 2011 ("Dynamic PSA") among Dynamic Offshore Resources, LLC, as principal, XTO Offshore, Inc., HHE Energy Company, and XH, LLC, collectively as the obligee, and RLI Insurance Company ("RLI Insurance"), as surety, or (ii) Performance Bond No. 022220643 (the "Liberty Bond"), among Fieldwood Energy LLC, as principal, XH, LLC, as obligee, and Liberty Mutual Insurance Company ("Liberty Insurance"), as surety, issued pursuant to the agreement pursuant to which Fieldwood Energy LLC acquired XH, LLC assets from Apache Corporation on September 30, 2013 (the "Fieldwood Agreement"). All of the Exxon/XTO Entities' rights, remedies and Claims pursuant to the Dynamic PSA and Fieldwood agreement shall be retained under the Plan to the extent necessary to preserve the Exxon/XTO Entities' rights under the RLB Bond and Liberty Bond.

2. The terms of the RLB Bond and the Liberty Bond (collectively, the "Exxon/XTO Bonds") shall not be altered in any manner, and the Exxon/XTO Entities' rights pursuant to the Exxon/XTO Bonds shall be unaffected by the Plan, this Confirmation Order, or the occurrence of any of the transactions pursuant to the Plan after the effective date of the Plan. Without limiting the generality of the foregoing, nothing in the Plan or Confirmation Order shall preclude the Exxon/XTO Entities from giving any notice to, or making any demand upon, the principal on

any of the Exxon/XTO Bonds to the extent required by the terms of any of the Exxon/XTO Bonds, the Dynamic PSA, or the Fieldwood Agreement.

*Insert regarding Exxon/XTO Entities' Opt Out of Releases*

The Exxon/XTO Entities' rights, including, but not limited to, security interests, security rights, contract rights, setoff and recoupment rights, and subrogation rights, against non-Debtors under operating agreements, other contracts, and applicable law are hereby reserved, and nothing contained in the Plan, Confirmation Order, and related exhibits and associated transaction documents shall modify or impair the XTO/Exxon Entities' rights with respect to any non-Debtor parties, including Debtors' predecessors and any other co-liable or jointly and severally liable parties. Nothing contained in the Plan, Confirmation Order, and related exhibits and associated transaction documents entered into related to the Plan and Confirmation Order shall be deemed or construed to be a release or discharge of any liability or obligations of any third parties with respect to decommissioning liabilities of Debtors' predecessors and any other co-liable and/or jointly and severally liable parties with respect to Debtors' assets. The Exxon/XTO Entities' claims and causes of action against any third parties are hereby reserved.

L:\BFORSHEY\XTO - Fieldwood Energy (CrR) #6145\Pleadings 20-33948 (MI)\Insert for Confirmation Order 6.13.2021.docx