IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § § § § | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |
| FIELDWOOD ENERGY LLC, et al. | | |
| Debtors. | | |

**ZURICH AMERICAN INSURANCE COMPANY'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING IT TO FILE <u>CERTAIN EXHIBITS UNDER SEAL</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Zurich American Insurance Company ("**Zurich**") files this *Emergency Motion for Entry of an Order Authorizing It to File Certain Exhibits Under Seal* (the "**Motion to Seal**") seeking authority to file certain exhibits listed on its Witness and Exhibit List (contemporaneously filed with the Motion to Seal) for potential use in the confirmation hearing of the Debtors' *Fourth*

*Amended Joint Chapter 11 Plan* [ECF No. 1284] (the "**Confirmation Hearing**") under seal pursuant to General Order 2021-1 the Protective Order (discussed below). The exhibits include highly confidential information and financial analysis of the Debtors' business, which was provided subject to the Protective Order. In support of its Motion to Seal, Zurich respectfully states as follows:

1. The designation of confidential materials is controlled by the Stipulated Protective Order [ECF No. 354] (the "**Protective Order**"). Subsequently, the Protective Order was amended in the *Amended Stipulated Protective Order* [ECF No. 989]. Zurich and its professionals entered into the Protective Order and are bound by its terms.

2. Under the Protective Order, the Parties in the Case can designate, among other things, certain materials as "Confidential" or "Highly Confidential" under seal with the Court.

3. Certain exhibits for potential use in the Confirmation Hearing are designated "Highly Confidential" and contain financial analysis that is not discussed in the Amended Disclosure Statement [ECF No. 1285], the Debtors' Fourth Amended Plan [ECF 1284] or otherwise public knowledge. Accordingly, pursuant to the terms of the Protective Order and General Order 21-1, Zurich files this Motion to Seal.

## BASIS FOR RELIEF

4. The Court is authorized to protect entities with respect to certain confidential information. *See* 11 U.S.C. § 107(b); 11 U.S.C. § 105(a) (authorizing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

6. Rule 9018 of the Federal Rules of Bankruptcy Procedure implements section 107(b) and provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity

>in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

7. General Order 21-1 states that "concurrently with the filing of a sealed document, a motion to seal must be filed electronically using the CM/ECF Code titled 'Motion to Seal'". General Order 21-1 further states that "a redacted form of the document must be electronically filed using the CM/ECF Code titled 'Redacted Document'" Finally, the document filed under seal must be provided in paper form to the Court and served on the necessary parties under the applicable rules.

8. Generally, the Court "must balance the public's common law right of access against interests favoring non-disclosure" when considering a motion to seal. *Pamlab, L.L.C. v. Brookstone Pharm., L.L.C.*, No. 09-7434, 2010 WL 4363870, at *2 (E.D. La. Oct. 22, 2010). Accordingly, this Court is well-acquainted with the interests favoring non-disclosure of the Parties' confidential commercial, financial, and/or business information, which are recognized interests that may overcome the public's right to access. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information . . . .") (citing *Nixon v. Warner Comm.*, 435 U.S. 589, 598 (1978)).

9. Pursuant to the General Order 2021-1 and the Protective Order, Zurich files this Motion and requests that certain exhibits be sealed in order to comply with the Protective Order.

10. Therefore, contemporaneously and in accordance with the Court's CM/ECF procedures and General Order 2021-1, Zurich will provide physical copies of the sealed exhibits to the Court by delivery to the Clerk of Court in Houston, Texas. Zurich will file redacted copies of Exhibits Z1-A through Z1-G, Exhibits Z5 through Z8, and Exhibits Z10 through Z12 on the

Court's docket. Zurich requests that the unredacted Exhibits Z1-A through Z1-G, Exhibits Z5 through Z8, and Exhibits Z10 through Z12 be sealed through the conclusion of this case, and that once placed under seal, only the other parties authorized under the Protective Order and this Court have access.

## CONCLUSION

Zurich American Insurance Company respectfully requests that the Court grant this Motion to Seal, enter the attached Proposed Order granting the relief requested herein, and for such other relief as the Court deems appropriate and just under the circumstances.

Date: June 16, 2021

                                           Respectfully,

                                           */s/ Duane J. Brescia*
                                           Duane J. Brescia
                                           Stephen A. Roberts
                                           **CLARK HILL**
                                           720 Brazos, Suite 700
                                           Austin, TX 78701
                                           (512) 499-3647 (direct)
                                           dbrescia@clarkhill.com
                                           sroberts@clarkhill.com

                                           Christopher R. Ward
                                           Audrey L. Hornisher
                                           **CLARK HILL, PLC**
                                           901 Main Street, Suite 6000
                                           Dallas, TX 75202
                                           (214) 651-2056 (direct)
                                           cward@clarkhill.com
                                           ahornisher@clarkhill.com

                                           **Counsel for Zurich American Insurance Company**

## **CERTIFICATE OF SERVICE**

I certify that on this 16th day of June 2021, a true and correct copy of the above pleading was served upon all parties via the Court's electronic case filing system (ECF).

*/s/ Duane J. Brescia*
Duane J. Brescia

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, et al. | § § § | Case No. 20-33948 (MI) |
| Debtors. | § § § § § | (Jointly Administered) |

**ORDER GRANTING ZURICH AMERICAN INSURANCE COMPANY'S
EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING IT TO
FILE CERTAIN EXHIBITS UNDER SEAL**

The Court, having considered Zurich American Insurance Company's *Motion for Entry of an Order Authorizing It to File Certain Exhibits Under Seal* (the "**Motion**"), notice of the Motion having been adequate and appropriate under the circumstances, and after due deliberation and sufficient cause appearing therefore, hereby ORDERED that:

1. The Motion is hereby GRANTED as set forth herein;

2. Zurich American Insurance Company is authorized to file under seal unredacted versions of Exhibits Z1-A through Z1-G, Exhibits Z5 through Z8, and Exhibits Z10 through Z12 as listed on its Witness and Exhibit List for potential use in the confirmation hearing of the Debtors' *Fourth Amended Joint Chapter 11 Plan*;

3. This Order is without prejudice to the rights of any party-in-interest or the U.S. Trustee to seek to unseal the exhibits or any part thereof;

4. The Zurich American Insurance Company is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____ , 2021

_____
Marvin Isgur
United States Bankruptcy Judge