**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC, *et al.*,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO**
**FILE CERTAIN CONFIDENTIAL DOCUMENTS UNDER SEAL**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 20 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully submit this Motion of Debtors for Entry of an Order Authorizing Debtors to File Certain Confidential Documents Under Seal ("**Motion**"). For the reasons detailed herein, the Debtors respectfully request that this Court grant the Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

## Background

1.      On August 3, 2020 (the "**Petition Date**"), the Debtors each filed with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

4.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      By this Motion, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (as amended, the "**Local Rules**"), the Debtors request:  (i) authority to file under seal documents the Debtors have designated as confidential or highly confidential ("**Debtors' Confidential Documents**"), identified in **Appendix A**; (ii)

direction that the Debtors' Confidential Documents remain under seal and not be made available to anyone without the prior written consent of the Debtors; and (iii) related relief.

7.      A proposed form of order granting the relief requested herein is annexed hereto (the "**Proposed Order**").

<u>**Relief Requested Should Be Granted**</u>

8.      Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Debtors to file the Debtors' Confidential Documents under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may — (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b); *In re Gen. Homes Corp.,* 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

9.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect

of a trade secret or other confidential research, development, or commercial information."   Fed. R. Bankr. P. 9018.

10.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).   Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application.  *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655—56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

11.     Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

12.     In connection with the hearing set to begin on June 18, 2021 and the Debtors' witness and exhibit list filed contemporaneously with this Motion (the "**June 16 Exhibit List**"), the Debtors respectfully request that the Court permit certain exhibits filed on the Debtors' June 16 Exhibit List to be filed under seal, as set forth below.

13.     The Debtors submit that the Debtors' Confidential Documents on the June 16 Exhibit List fall within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.   Commercial information is information which would result in "an unfair advantage to competitors by providing

them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 27 (2d Cir. 1994)).  Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code.  *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").  Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage.  *In re Orion Pictures Corp.,* 21 F.3d at 27—28.  Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party and has no discretion to deny the application."  *Id.* at 27.  The Debtors have worked diligently in their review of the documents and only ask the Court to seal the Debtors' Confidential Documents containing sensitive financial and commercial information. After the Debtors' careful review, all that remains to be sealed are the documents that could be used by competitors for an unfair advantage or would otherwise intrude on confidentiality agreements reached with third parties.

## <u>No Previous Request</u>

14.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  June 16, 2021
       Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
        Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Erin M. Choi (24079436)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email:   Paul.Genender@weil.com
        Erin.Choi@weil.com

*Attorneys for the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that, on June 16, 2021, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


        */s/ Alfredo R. Pérez*
        Alfredo R. Pérez

## Appendix A

### Debtors' Confidential Documents

| Ex. No. | Description | Status |
|---|---|---|
| 36 | Fifth Amendment to Decommissioning Agreement, FWE-0038569, dated 04/11/18 | Fully Sealed |
| 56 | P&A Detail File.xlsx, FWE-0000011 | Fully Sealed |
| 67 | FWE I Model_2021.4.13_2200 5.1 edit.xlsx, FWE-0037606 | Fully Sealed |
| 68 | FWE Restructuring Update, FWE-0037963, dated 08/20/20 | Fully Sealed |
| 69 | Fieldwood Energy LLC, et al. Intercompany Matrix.xlsx, FWE-0037992, dated 07/31/20 | Fully Sealed |
| 70 | FWI 12.31.20 Financial Statements and consolidating trial balance.xlsx, FWE-0037993, dated 12/31/20 | Fully Sealed |
| 71 | NewCo Opportunity Overview + Strategic Considerations, FWE-0037994, dated 09/30/20 | Fully Sealed |
| 72 | NewCo Unencumbered Analysis, FWE-0038042 | Fully Sealed |
| 73 | UCC Request TB 12172020 1455.xlsx, FWE-0038043 | Fully Sealed |
| 74 | Wind Down Analysis Summary.xlsx, FWE-0038044 | Fully Sealed |
| 75 | Field Summary.xlsx, FWE-0045403 | Fully Sealed |
| 94 | Email regarding "BSEE Areas of Concern," FWE-0000001, dated 02/25/21 | Fully Sealed |
| 95 | BSEE Infrastructure Concerns, attachment to Email regarding "BSEE Areas of Concern," FWE-0000002 | Fully Sealed |
| 96 | Email from L. Herbst to J. Seeger regarding "BSEE Areas of Concern," FWE-0000003, dated 02/26/21 | Fully Sealed |
| 97 | Email regarding "Agreed Activity and BSEE Areas of Concern," FWE-0000004, dated 03/05/21 | Fully Sealed |
| 98 | BSEE Infrastructure Concerns FW comments.xlsx, attachment to Email regarding "Agreed Activity and BSEE Areas of Concern," FWE-0000005 | Fully Sealed |
| 99 | Agreed Activity List vF.pdf, attachment to Email regarding "Agreed Activity and BSEE Areas of Concern," FWE-0000006 | Fully Sealed |
| 101 | Fieldwood Energy Summary of Claims, FWE-0045282, dated 12/20 | Fully Sealed |