IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | ) ) ) | Case No. 20-33948 (MI) |
| Debtors. | ) ) | (Jointly Administered) |

**ATLANTIC MARITIME SERVICES LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY
AND STAY EXTENSION ORDER SOLELY FOR THE PURPOSE OF
INSTITUTING ACTIONS AND FILING NOTICES OF LIS PENDENS
TO PRESERVE ATLANTIC'S LIENS ON NON-DEBTOR PROPERTY**
**[Relates to Docs. 1380, 1492]**

Atlantic Maritime Services LLC ("*Atlantic*") files this Reply in support of its Motion (Doc. 1380) for limited relief from the stay solely to preserve Atlantic's *in rem* rights against certain non-Debtor parties and their properties, and in response to the above-captioned Debtors' Objection (Doc. 1492) to the Motion. As discussed further below, Fieldwood's rote argument that modifying the stay in the limited manner requested will "significantly interfere" with its plan confirmation process lacks any basis in actual fact. On the other hand, denying the Motion may cause Atlantic to lose substantial state law rights against non-Debtor property. Thus, the balance of harms clearly weighs in favor of granting the limited relief requested. The Court should grant the Motion and overrule the Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

### I. BACKGROUND AND PROCEDURAL HISTORY

1. Pre-petition, the Debtors ("*Fieldwood*") hired Atlantic to drill, recomplete, sidetrack or work over certain wells (the "*Services*"). Atlantic performed the Services on five leases located on the Outer Continental Shelf of the Gulf of Mexico (collectively, the "*Leases*"): OCS-G-28030 in Mississippi Canyon Area Block 948 ("*MC-948*"); OCS-G-34536 in Green Canyon Area Block 40 ("*GC-40*"); OCS-G-15445 in Viosca Knoll Area Block 926 ("*VK-926*"); OCS-G-27278 in Mississippi Canyon Area Block 519 ("*MC-519*"); and OCS-G-06888 in Viosca Knoll Area Block 826 ("*VK-826*"). Fieldwood holds a fractional working interest in each of the Leases, as do certain non-Debtor third parties.

2. Fieldwood did not pay and has not paid Atlantic for the Services it performed on the Leases and LOWLA liens arose automatically pursuant to La. R.S. § 4862, securing payment of Atlantic's approximate $14 million claim. LOWLA liens cease to have effect as to third persons unless a claimant complies with three steps set forth in La. R.S. § 9:4865. First, a claimant must file a statement of privilege in the mortgage records of the parish adjacent to the offshore mineral lease within 180 days of last performing services, *id.* § 4865(A); second, the claimant must "institute[ ] an action for the enforcement of the privilege within one year after the date of the filing of the statement of privilege or financing statement," *id.* § 4865(B); and finally, the claimant must "file[ ] a notice of pendency of action in the mortgage records of the parish where the property is located or lawfully seize[ ] the property subject to the privilege within thirty days after institution of the action." *Id.* § 9:4865(C).

3. Atlantic satisfied this first step as to all of the Leases on either July 16 or July 23, 2020 by timely filing and recording detailed statements of privilege (collectively, the "*Lien Affidavits*") in the mortgage records of the Louisiana parishes adjacent to the Leases. Each Lien

Affidavit states the purpose of the filing is to preserve, "without limitation, all claims, liens and privileges under La. R.S. 9:4861 et seq. [LOWLA], and all claims for interest due on the obligations, along with the cost of preparing and filing this Statement of Privilege, and attorneys' fees and costs, to the fullest extent permitted by applicable law." Above this statement of intent, each Lien Affidavit sets forth the five items of information that must be contained in a statement of privilege under La. R.S. § 9:4868(A)(1-5) and responds fully to each. For example, although subsection 4868(a)(5) clearly allows a claimant the choice of describing either the "operating interest" subject to the privilege *or* the well where the claimant performed operations, *Marlborough Oil & Gas, L.L.C. v. Baker Hughes Oil Field Operations, Inc.*, 267 So. 3d 102, 106 (La. App. Ct. 2018), Atlantic's Lien Affidavits do both. Specifically, each Lien Affidavit identifies and describes: (1) "the operating interest of Fieldwood Energy LLC in [OCS Area] [Block No.], [Lease No.]" and (2) "Well [No.] [Lease No.] . . . including the operating interest under which the operations giving rise to the Claimant's privilege are conducted together with the interest of the lessee and/or operator of such interest" in certain statutorily enumerated properties.[2]

4.   Fieldwood then filed its voluntary petitions for relief under Chapter 11 of the Bankruptcy Code by August 4, 2020 (the "**Petition Date**").

5.   On November 13, 2020, Atlantic took the second step as to some of its liens by filing complaints against certain non-Debtor working interest owners (the "**Defendant WIOs**") in the Leases. Specifically, Atlantic commenced an action against Ecopetrol America, LLC ("**Ecopetrol**"), captioned *Atlantic Maritime Services, LLC v. Ecopetrol*, No. 2:20-cv-03097 (E.D. La.), and an action against Ridgewood Katmai, LLC ("**Ridgewood**") and ILX Prospect Katmai,

---

[2] This language is taken nearly verbatim from La. R.S. § 9:4863, which describes what property is subject to a LOWLA privilege. La. R.S. § 9:4863(A)(1) ("The operating interest under which the operations giving rise to the claimant's privilege are conducted together with the interest of the lessee of such interest. . . .").

3

LLC ("**Prospect**") captioned *Atlantic Maritime Services, LLC v. Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC*, No. 2:20-cv-03099 (collectively, the "**Louisiana Non-Debtor Lawsuits**"). In the Louisiana Non-Debtor Lawsuits, Atlantic did not name Fieldwood as a defendant, acknowledged Fieldwood's bankruptcy proceeding and the automatic stay, and stated explicitly that "the Plaintiff does not seek recognition or enforcement of its Lien against [Fieldwood] or any of its property interests."[3]

6. Atlantic did not, however, file suit against all of the non-Debtors with fractional working interests in the Leases. Specifically, Atlantic did not file suit against Houston Energy Deepwater Ventures I ("**Houston Energy**")[4] and Red Willow Offshore, LLC ("**Red Willow**"), each of whom own fractional working interests in OCS-G-27278, located in MC-519. Nor has Atlantic named Talos Energy Offshore LLC ("**Talos**," and with Houston Energy and Red Willow and the Defendant WIOs, the "**WIOs**") (who owns a fractional working interest in OCS-G-28030, located in MC-948) as a defendant in a Louisiana Non-Debtor Lawsuit.

7. On December 8, 2020, after the Court found the automatic stay applied to the Louisiana Non-Debtor Lawsuits, Atlantic and Fieldwood agreed to enter into a stipulation (Adv. No. 20-3476, Doc. 21) staying the Louisiana Non-Debtor Lawsuits until the earliest of (i) the effective date of a plan, (ii) the sale of the subject properties, or (iii) April 15, 2021—a backstop date set after the time Fieldwood asserted it expected its plan of reorganization would become effective.

---

[3] Ecopetrol Complaint at 3 n.1, No. 20-3097, ECF 1, Ex. 1; Ridgewood and Prospect Complaint at 4 n.1, No. 20-3099, ECF 1, Ex. 2.
[4] In the Motion, Atlantic mistakenly names Houston Energy Deepwater Ventures *V*, LLC as the Non-Defendant WIO holding an interest in Lease OCS-G-27278 in MC-519. The WIO holding an interest in Lease OCS-G-27278 in MC-519 is actually Houston Energy Deepwater Ventures *I*, LLC. Accordingly, Atlantic will submit a modified proposed order granting leave to file suit against Houston Energy Deepwater Ventures I, LLC.

4

8. On January 1, 2021, Fieldwood filed its chapter 11 plan of reorganization (Doc. 722).

9. Fieldwood's plan was not confirmed on the timetable Fieldwood had originally set forth. Instead, on April 14, 2021, the Court entered an order (Doc. 1275) approving Fieldwood's disclosure statement and resetting the confirmation hearing for June 9, 2021.

10. After it became apparent that Fieldwood's plan would not become effective by April 15 as anticipated, Atlantic agreed to extend the stay the Louisiana Non-Debtor Lawsuits through June 14, 2021, pursuant to the parties' Second Stipulation and Stay Extension Order (Adv. No. 20-3476, Doc. 27). Once again, the specific date was chosen on the basis of Fieldwood's assertion that it expected its plan would be effective as of this time. For its part, Atlantic was willing to agree to extend the stay until June 14, 2021 because this date would allow Atlantic approximately one month to file suit to enforce its LOWLA liens prior to the expiration of the one-year period to file suit as set forth in La. R.S. § 9:4865.

11. On May 19, 2021, Atlantic filed its Motion asking for relief from the automatic stay to take limited and enumerated steps to preserve effectiveness of its LOWLA liens as against certain Non-Defendant WIOs' properties. Specifically, pursuant to the Motion, Atlantic seeks allowance to (i) amend its complaint against Ecopetrol to add Talos as an additional defendant, (ii) amend or refile the associated *lis pendens* to notice the addition of Talos as a defendant, (iii) file suit against Red Willow and Houston Energy, and (iv) file a notice of *lis pendens* noticing this new proceeding. In its Motion, Atlantic specifically requests that upon taking these steps to ensure its *in rem* rights against these non-Debtors' property are preserved, "the Stay Extension Order be reinstated and extended to stay prosecution of the Louisiana Non-Debtor Lawsuits (including as

to Talos) and the newly commenced lawsuit against Houston Energy and Red Willow, until the Anticipated Emergence Date [June 14, 2021]." Motion at 6.

12. Less than a week before the confirmation hearing, on June 4, 2021, Fieldwood filed an emergency motion (Doc. 1484) to adjourn the confirmation hearing from June 9, 2021 until June 18, 2021. The Court entered an order (Doc. 1486) resetting the confirmation hearing for June 18, 2021 at 9:30 a.m.

13. Also on June 4, Fieldwood filed its Objection, arguing that Atlantic's request for limited relief should not be granted because: (i) it will "distract" Fieldwood from the confirmation process (without specifying how) and (ii) the request for relief is "premature" because Fieldwood expects its plan will become effective before July 16, 2021 (without specifying when). Objection at 7.

14. On June 8, the Court heard argument from the parties in the context of Fieldwood's adversary proceeding (Adv. No. 20-3476) through which Fieldwood seeks an order declaring Atlantic's liens invalid as well as an injunction. At the hearing, the Court took the parties' respective dispositive motions under advisement and delayed the hearing on the Motion from June 11 to June 18, 2021 at 9:30 a.m. The Court specifically noted the hearing on the Motion was not tied to the confirmation hearing.

15. On June 14, the parties filed their Third Stipulation And Order Extending The Automatic Stay To Certain Of Debtors' Co-Working Interest Owners (Adv. No. 20-3476, Doc. 54), pursuant to which Atlantic agreed to extend the stay regarding the Louisiana Non-Debtor Lawsuits through the "effective date of the Debtors' Plan." Third Stip. at 3-4. As noted therein, "The entry of this Third Stipulation and Order is without prejudice to Atlantic's Motion to Lift Stay." Third Stip. at 4.

## II. REPLY

**a. Allowing Atlantic Limited Relief to Take Statutorily Prescribed Steps to Ensure Preservation of its State Statute Based *In Rem* Rights against Non-Debtors Will Not Distract Fieldwood from the Confirmation Process**

16. Fieldwood's boilerplate argument that the relief requested in the Motion will distract it from confirmation is without any support. Atlantic seeks extremely limited relief—it asks only to do what is required under Louisiana law to ensure it is preserving its *in rem* lien rights against non-Debtors' property and no more. Granting the requested relief will not require Fieldwood to do ***anything***. First, Fieldwood is not a defendant in any of the existing or contemplated lawsuits against the WIOs. Second, even if prosecution of the lawsuits against the WIOs would tangentially affect Fieldwood, Atlantic *specifically asks that prosecution of these lawsuits be stayed* until emergence. So, the requested relief should not "distract" Fieldwood at all and certainly could not "directly" interfere with Fieldwood's bankruptcy case such that "cause" exists for denying the cabined stay relief Atlantic has requested.

**b. Atlantic Cannot Delay Any Longer in Preserving its LOWLA Rights against Third Parties**

17. Atlantic agreed to extend the stay until the date Fieldwood asserted it would emerge from bankruptcy twice before filing the Motion. Fearing the Debtor would miss its anticipated confirmation date a third time, Atlantic filed the Motion (on a non-emergency basis) in case confirmation—and as a result, effectiveness—was delayed once again. It was.

18. With about a month remaining to enforce its liens, Atlantic cannot agree to further delay action that may be necessary to preserve its privileges on the basis that Fieldwood anticipates the effective date will occur at some unspecified time before Atlantic's rights vis-à-vis third parties could cease to have effect. *See* Objection at 2. Implicitly acknowledging that effectiveness may

not occur according to its current timetable, Fieldwood asserts that, "Even if the Debtors have not gone effective, nothing would stop Atlantic from refiling the Motion in the future if necessary." Objection at 7. Not true. The hearing on the Motion is now set to be heard contemporaneously with the confirmation hearing set on June 18. Even if Atlantic refiled its motion seeking stay relief that day, under the Local Rules and this Court's self-calendaring system, the hearing on Atlantic's refiled motion would not be set until *July 16, 2021*, the earliest of two deadlines Atlantic faces to enforce its liens. L.R. 4001-1(a)(2) ("A motion for relief from stay must include a hearing date from the judge's web page."). Accordingly, the Motion is not at all "premature," it is very nearly an emergency.

19. Next, Fieldwood argued that Atlantic's stay relief might be mooted as a result of this Court ruling against Atlantic when considering the merits of the parties' dispositive motions. This argument is easily dismissed. Even if the court ruled against Atlantic on the merits, Atlantic's need for stay relief would not be mooted because Atlantic would still need to take steps to preserve its lien rights while Atlantic considered whether to appeal an unfavorable ruling by this Court. In any case, at the hearing on June 8, the Court took the parties' dispositive motions under advisement and reset the hearing on this Motion for June 18. Thus, Atlantic's request for stay relief is indisputably not moot at the moment.

20. Finally, Fieldwood suggests that pursuant to 11 U.S.C. § 108(c), Atlantic has "a 30-day window to file actions against Talos, Red Willow, and Houston Energy, after the stay has expired—i.*e.,* after the Plan is expected to go effective in the near future." Objection ¶ 21. But according to its plain language, section 108(c) tolls "claim[s] against the debtor" and Fieldwood is not a defendant in any of the Louisiana Non-Debtor Lawsuits, as these suits seek only to enforce *in rem* rights against the property of the non-Debtor WIOs. Fieldwood cites no authority, and

8

Atlantic is unaware of any that exists, holding that section 108 tolls the deadline to enforce a LOWLA privilege against a non-debtor's property. *See Bordelon Marine, L.L.C. v. Devon Energy Prod. Co., L.P.*, No. CIV.A. 14-1784, 2015 WL 1509493, at *4 (E.D. La. Apr. 1, 2015) (finding "no such authority exists" for the proposition that "the automatic stay effects [sic] the time for filing under LOWLA").

### III. CONCLUSION

For the reasons explained above, Fieldwood's Objection should be overruled, and the Court should grant the relief requested in the Motion.

DATED: **June 16, 2021.**

Respectfully Submitted,

**Counsel for Atlantic Maritime Services LLC**

/s/ Stewart F. Peck
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
Stewart F. Peck (*pro hac vice*)
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com
   bkadden@lawla.com

*Counsel for Atlantic Maritime Services LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this **16th day of June 2021**, a true and correct copy of the foregoing document was served via this Court's CM/ECF system on all parties having consented to such electronic service in this case.

/s/ *Stewart F. Peck*
Stewart F. Peck

9