**EXHIBIT 9**

**PERFECTION DOCUMENTS**



April 3, 2020

United States Department of the Interior
BOEM GOMR Office of Leasing and Plans
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394
Attn: Adjudication Unit

RECEIVED, ACKNOWLEDGED, AND FILED

YOLANDA WINSLOW
Digitally signed by YOLANDA WINSLOW
Date: 2020.04.06 12:16:51 -05'00'

RE:   Non-Required Filing
      Memorandum of Unit Operating Agreement
      Green Canyon Block 39 OCS-G 34966, Green Canyon Block 40 OCS-G 34536, Green Canyon Block 41 OCS-G 34537, Ewing Bank Block 1009 OCS-G 34878, Ewing Bank Block 1010 OCS-G 34879, Ewing Bank Block 1011 OCS-G 34880

Ladies and Gentlemen:

Please find attached one copy of that certain Memorandum of Unit Operating Agreement effective as of April 1, 2018 by and between Fieldwood Energy LLC (03295) as Operator and Ridgewood Katmai, LLC (03341) and ILX Prospect Katmai, LLC (03340) as Non-Operator (the "Memorandum").

We submit the Memorandum to the Bureau of Ocean Energy Management for "filing purposes only" and kindly ask that it be recorded in the files maintained for the above referenced leases under the document type described as Category 7 – Contracts, Agreements, and Conveyances. We ask that one stamped copy of the recorded Assignment be returned to the undersigned.

Also attached is a pay.gov receipt in the amount of $174.00 for applicable filing fees.

Please do not hesitate to contact me at 713-969-1237 or at lacy.clark@fwellc.com should you have any questions regarding this transmittal.

Kind regards,
**Fieldwood Energy LLC**

*Lacy Clark* (signature)

Lacy Clark

# Jon A. Gegenheimer
# JEFFERSON PARISH CLERK OF COURT



# Mortgage & Conveyance Office

P.O. Box 10
Gretna LA 70054-0010
Ph.: (504) 364-2943 or (504) 364-2944  FAX: (504) 364-2942

www.jpclerkofcourt.us

## NOTICE OF RECORDATION

| | |
|---|---|
| INSTRUMENT NO 12014723 | ADDITIONAL INFORMATION |
| TYPE OF ACT AGREEMENT CB | |
| DATE   03/23/2020 | |

PARTIES
 FIELDWOOD ENERGY LLC             TO  RIDGEWOOD KATMAI LLC

PROPERTY

SEE

CONVEYANCE        BOOK  3435      FOLIO  341

I HEREBY CERTIFY THAT THIS ACT HAS BEEN FILED WITH THIS OFFICE AND RECORDED AS SET FORTH ABOVE.

*Jon A. Gegenheimer*
CLERK OF COURT

INQUIRIES?  CALL:
General Information - (504) 364-2943 or 2944

12014723

*Gaining access to the records of the Jefferson Parish Clerk of Court's Office has never been easier or more convenient.  Read about JeffNet at www.jpclerkofcourt.us.  Log on…sign up…gain access—today!*

FIELDWOOD ENERGY
2000 W SAM HOUSTON PARKWAY  STE 1200
HOUSTON TX 77042

2

# Terrebonne Parish Recording Page

**Theresa A. Robichaux**
**Clerk Of Court**
P.O. Box 1569
Houma, LA 70361-1569
(985) 868-5660

**Received From :**
Attn: LACY CLARK
FIELDWOOD ENERGY LLC
2000 W SAM HOUSTON PKWY S
SUITE 1200
HOUSTON, TX 77042

**First VENDOR**
FIELDWOOD ENERGY L L C

**First VENDEE**
RIDGEWOOD KATMAI L L C

**Index Type :** CONVEYANCES                **File # :** 1600731

**Type of Document :** AGREEMENT

**Recording Pages :** 8                      **Book :** 2600    **Page :** 606

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Terrebonne Parish, Louisiana.

*Theresa A. Robichaux*
Clerk of Court

CLERK OF COURT
THERESA A. ROBICHAUX
Parish of Terrebonne
I certify that this is a true copy of the attached document that was filed for registry and
Recorded 03/24/2020 at 10:54:25
Recorded in Book 2600 Page 606
File Number 1600731

Deputy Clerk

On (Recorded Date) : 03/24/2020

At (Recorded Time) : 10:54:25AM

Doc ID - 014996090008

**Return To :** Attn: LACY CLARK
FIELDWOOD ENERGY LLC
2000 W SAM HOUSTON PKWY S
SUITE 1200
HOUSTON, TX 77042

Do not Detach this Recording Page from Original Document

## MEMORANDUM OF UNIT OPERATING AGREEMENT

1.0  This Memorandum of Unit Operating Agreement (this "Memorandum") is effective as of April 1, 2018. Fieldwood Energy LLC (the "Operator"), Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC (the "Non-Operator") have entered into a Unit Operating Agreement effective April 1, 2018 (the "Unit Operating Agreement") providing for the exploration, appraisal, development, operation and production of crude oil, natural gas and associated substances from the lands and oil and gas leases described in Exhibit "A" of the Unit Operating Agreement and as described in Attachment "1" hereto (the "Unit Area"), and designating Fieldwood Energy, LLC as the Operator to conduct such operations for itself and the Non-Operators.

2.0  The Unit Operating Agreement provides for certain liens, mortgages, pledges and/or security interests to secure payment by the parties of their respective share of the costs under the Unit Operating Agreement. The Unit Operating Agreement contains an Accounting Procedure, along with other provisions, which supplement the lien, mortgage, pledge and/or security interest provisions, including non-consent clauses which provide that parties who elect not to participate in certain operations shall be subject to certain non-consent penalties, including, but not limited to, hydrocarbon recoupment, underinvestment or being deemed to have relinquished their interest in the Unit Area entirely or until the carrying consenting parties are able to recover their costs of such operations through disproportionate rights to production, plus a specified amount. Should any person or firm desire additional information regarding the Unit Operating Agreement, said person or firm should contact the Operator at:

> Fieldwood Energy LLC
> 2000 W Sam Houston Parkway S, Suite 1200
> Houston, Texas 77042
> Attn: Deepwater Land Manager

3.0  The purpose of this Memorandum is to put all interested parties on notice of the terms and provisions of the Unit Operating Agreement, including, but not limited to, (i) the liens, mortgages, pledges and/or security interests provided therein; and (ii) the existence of a preferential right to purchase provision.

4.0  In consideration of the mutual rights and obligations of the parties hereunder, the parties to the Unit Operating Agreement have agreed as follows:

4.1  The Operator shall conduct, direct and have full control of all operations on the Unit Area as permitted and required by, and within the limits of the Unit Operating Agreement.

4.2  The liability of the parties shall be several, but limited in proportion to each party's proportionate share, and not joint, joint and several or collective. Each party shall be responsible only for its proportionate share of the obligations and shall be liable only for its proportionate share of costs.

Each Non-Operator grants to the Operator and to each of the other Non-Operating Party(s), as applicable, a lien and mortgage upon all of its rights, title and interest in the oil, gas and mineral leases and other real property, in the Unit Area, and a pledge and security interest in its share of the oil and gas when extracted and its interest in all equipment and property whether movable or immovable, corporeal or incorporeal attached thereon, all such property being more fully described in Paragraph 5.0, to secure payment of its share of expenses and charges up to a limit of $500,000,000.00, arising out of the Unit Operating Agreement, together with interest thereon at the

State of Alabama, Baldwin County
Judge of Probate in and for said state and county, hereby certify that the within is a true and correct copy of Instrument # 1818927

as it appears on record in my office,
Given under my hand this 23rd day of March 20 20

_Harry D Olive, Jr._ Probate Judge

BALDWIN COUNTY, ALABAMA
HARRY D OLIVE JR. PROBATE JUDGE
Filed/cert. 3/23/2020 2:02 PM
TOTAL    $   37.00
7 Pages

1818927

## MEMORANDUM OF UNIT OPERATING AGREEMENT

1.0  This Memorandum of Unit Operating Agreement (this "Memorandum") is effective as of April 1, 2018. Fieldwood Energy LLC (the "Operator"), Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC (the "Non-Operator") have entered into a Unit Operating Agreement effective April 1, 2018 (the "Unit Operating Agreement") providing for the exploration, appraisal, development, operation and production of crude oil, natural gas and associated substances from the lands and oil and gas leases described in Exhibit "A" of the Unit Operating Agreement and as described in Attachment "I" hereto (the "Unit Area"), and designating Fieldwood Energy, LLC as the Operator to conduct such operations for itself and the Non-Operators.

2.0  The Unit Operating Agreement provides for certain liens, mortgages, pledges and/or security interests to secure payment by the parties of their respective share of the costs under the Unit Operating Agreement. The Unit Operating Agreement contains an Accounting Procedure, along with other provisions, which supplement the lien, mortgage, pledge and/or security interest provisions, including non-consent clauses which provide that parties who elect not to participate in certain operations shall be subject to certain non-consent penalties, including, but not limited to, hydrocarbon recoupment, underinvestment or being deemed to have relinquished their interest in the Unit Area entirely or until the carrying consenting parties are able to recover their costs of such operations through disproportionate rights to production, plus a specified amount. Should any person or firm desire additional information regarding the Unit Operating Agreement, said person or firm should contact the Operator at:

> Fieldwood Energy LLC
> 2000 W Sam Houston Parkway S, Suite 1200
> Houston, Texas 77042
> Attn: Deepwater Land Manager

3.0  The purpose of this Memorandum is to put all interested parties on notice of the terms and provisions of the Unit Operating Agreement, including, but not limited to, (i) the liens, mortgages, pledges and/or security interests provided therein; and (ii) the existence of a preferential right to purchase provision.

4.0  In consideration of the mutual rights and obligations of the parties hereunder, the parties to the Unit Operating Agreement have agreed as follows:

4.1  The Operator shall conduct, direct and have full control of all operations on the Unit Area as permitted and required by, and within the limits of the Unit Operating Agreement.

4.2  The liability of the parties shall be several, but limited in proportion to each party's proportionate share, and not joint, joint and several or collective. Each party shall be responsible only for its proportionate share of the obligations and shall be liable only for its proportionate share of costs.

4.3  Each Non-Operator grants to the Operator and to each of the other Non-Operating Party(s), as applicable, a lien and mortgage upon all of its rights, title and interest in the oil, gas and mineral leases and other real property, in the Unit Area, and a pledge and security interest in its share of the oil and gas when extracted and its interest in all equipment and property whether movable or immovable, corporeal or incorporeal attached thereon, all such property being more fully described in Paragraph 5.0, to secure payment of its share of expenses and charges up to a limit of $500,000,000.00, arising out of the Unit Operating Agreement, together with interest thereon at the

CERTIFIED TRUE COPY
Probate Court of Mobile Co., AL
Don Davis, Judge

Signature _____
C. Mark Erwin, Chief Clerk
Date 3/23/2020

# Plaquemines Parish Recording Page

**Kim Turlich-Vaughan**
**Clerk of Court**
PO Box 40
Belle Chasse, LA 70037
(504) 934-6610

**Received From :**
Attn: LACY CLARK
FIELDWOOD ENERGY LLC
2000 W. SAM HOUSTON PKWY SOUTH
SUITE 1200
HOUSTON, TX 77042

**First VENDOR**
FIELDWOOD ENERGY LLC

**First VENDEE**
RIDGEWOOD KATMAI LLC

**Index Type :** CONVEYANCE   **File Number :** 2020-00001048
**Type of Document :** MEMORANDUM

**Book :** 1422   **Page :** 275
**Recording Pages :** 8

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Plaquemines Parish, Louisiana.

On (Recorded Date) : 03/23/2020

At (Recorded Time) : 2:30:45PM

Doc ID - 005287140008

CLERK OF COURT
KIM TURLICH-VAUGHAN
Parish of Plaquemines
I certify that this is a true copy of the attached document that was filed for registry and
Recorded 03/23/2020 at 2:30:45
Recorded in Book 1422 Page 275
File Number 2020-00001048

Deputy Clerk

**Return To :** Attn: LACY CLARK

## MEMORANDUM OF UNIT OPERATING AGREEMENT

1.0  This Memorandum of Unit Operating Agreement (this "Memorandum") is effective as of April 1, 2018. Fieldwood Energy LLC (the "Operator"), Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC (the "Non-Operator") have entered into a Unit Operating Agreement effective April 1, 2018 (the "Unit Operating Agreement") providing for the exploration, appraisal, development, operation and production of crude oil, natural gas and associated substances from the lands and oil and gas leases described in Exhibit "A" of the Unit Operating Agreement and as described in Attachment "1" hereto (the "Unit Area"), and designating Fieldwood Energy, LLC as the Operator to conduct such operations for itself and the Non-Operators.

2.0  The Unit Operating Agreement provides for certain liens, mortgages, pledges and/or security interests to secure payment by the parties of their respective share of the costs under the Unit Operating Agreement. The Unit Operating Agreement contains an Accounting Procedure, along with other provisions, which supplement the lien, mortgage, pledge and/or security interest provisions, including non-consent clauses which provide that parties who elect not to participate in certain operations shall be subject to certain non-consent penalties, including, but not limited to, hydrocarbon recoupment, underinvestment or being deemed to have relinquished their interest in the Unit Area entirely or until the carrying consenting parties are able to recover their costs of such operations through disproportionate rights to production, plus a specified amount. Should any person or firm desire additional information regarding the Unit Operating Agreement, said person or firm should contact the Operator at:

>  Fieldwood Energy LLC
>  2000 W Sam Houston Parkway S, Suite 1200
>  Houston, Texas 77042
>  Attn: Deepwater Land Manager

3.0  The purpose of this Memorandum is to put all interested parties on notice of the terms and provisions of the Unit Operating Agreement, including, but not limited to, (i) the liens, mortgages, pledges and/or security interests provided therein; and (ii) the existence of a preferential right to purchase provision.

4.0  In consideration of the mutual rights and obligations of the parties hereunder, the parties to the Unit Operating Agreement have agreed as follows:

4.1  The Operator shall conduct, direct and have full control of all operations on the Unit Area as permitted and required by, and within the limits of the Unit Operating Agreement.

4.2  The liability of the parties shall be several, but limited in proportion to each party's proportionate share, and not joint, joint and several or collective. Each party shall be responsible only for its proportionate share of the obligations and shall be liable only for its proportionate share of costs.

4.3  Each Non-Operator grants to the Operator and to each of the other Non-Operating Party(s), as applicable, a lien and mortgage upon all of its rights, title and interest in the oil, gas and mineral leases and other real property, in the Unit Area, and a pledge and security interest in its share of the oil and gas when extracted and its interest in all equipment and property whether movable or immovable, corporeal or incorporeal attached thereon, all such property being more fully described in Paragraph 5.0, to secure payment of its share of expenses and charges up to a limit of $500,000,000.00, arising out of the Unit Operating Agreement, together with interest thereon at the

rate provided in the Accounting Procedure referred to in Paragraph 2.0 above. To the extent that the Operator has a security interest under the Uniform Commercial Code of the state, Operator shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by the Operator for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the rights or security interest for the payment thereof.

4.4 If any Non-Operator fails to pay its share of costs when due, Operator may require other Non-Operators to pay their proportionate part of the unpaid share, whereupon the other Non-Operators shall be subrogated to Operator's lien and security interest.

4.5 The Operator hereby grants to the Non-Operator a lien, mortgage, pledge and security interest equivalent to that granted to Operator as described in Paragraph 4.3 above, to secure payment by Operator of its own share of costs when due and all rights as a secured party pursuant to this grant and the Uniform Commercial code shall inure to the benefit of the Non-Operators as well as the Operator. To the extent that the Non-Operator has a security interest under the Uniform Commercial Code of the state, Non-Operator shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by the Non-Operator for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the rights or security interest for the payment thereof.

5.0 For purposes of protecting said liens, mortgages, pledges and security interests, the parties hereto agree that the mutual lien, mortgage, pledge, security interest, and this Memorandum shall cover all right, title and interest of the debtor(s) in:

    5.1 Property Subject to Liens, Pledges, and Security Interests:

    (A) All personal property located upon or used in connection with the Unit Area.

    (B) All equipment, fixtures, and appurtenances upon or used in connection with the Unit Area, whether movable or immovable, corporeal or incorporeal.

    (C) All oil, gas and associated substances of value in, on or under the Unit Area which may be extracted therefrom.

    (D) All accounts and revenues resulting from the sale of the items described in subparagraph (C) at the wellhead of every well located on the Unit Area

    (E) All items used, useful, or purchased for the production, treatment, storage, transportation, manufacture, or sale of the items described in subparagraph (C). All accounts, contract rights, rights under any gas balancing agreement, general intangibles, equipment, inventory, farmout rights, option farmout rights, acreage and or cash contributions, and conversion rights, whether now owned or existing or hereafter acquired or arising, including but not limited to all interest in any partnership, tax partnership, limited partnership, association, joint venture, or other entity or enterprise that holds, owns, or controls any interest in the Unit Area or in any property encumbered by this Memorandum.

    (G) All severed and extracted oil, gas, and associated substances now or hereafter produced from or attributable to the Unit Area, including without limitation oil, gas and associated substances in tanks or pipelines or otherwise held for treatment, transportation, manufacture, processing or sale.

    (H) All the proceeds and products of the items described in the foregoing paragraphs now existing or hereafter arising, and all substitutions therefor, replacements thereof, or accessions thereto.

(I) All personal property and fixtures now and hereafter acquired in furtherance of the purposes of the Unit Operating Agreement. Certain of the above-described items are or are to become fixtures on the Unit Area.

(J) The proceeds and products of collateral are also covered.

5.2 Property Subject to Liens and Mortgages

(A) All real property and oil and gas leases within the Unit Area, including all oil, gas and associated substances of value in, on or under the Unit Area which may be extracted therefrom,

(B) All equipment, fixtures, and appurtenances upon or used in connection with the Unit Area, whether movable or immovable, corporeal or incorporeal.

(C) All real property and fixtures now and hereafter acquired in furtherance of the purposes of the Unit Operating Agreement, including any easement, right-of-way, surface leases, and fee acreage.

6.0 The property described in Paragraphs 5.1 and 5.2 will be financed at the wellhead of the well or wells located on the Unit Area, and this Memorandum is to be filed for record in the real estate records of the county or parish in which the Unit Area is located, or, in the case of offshore leases, in the county or parish adjacent thereto and in the appropriate Uniform Commercial Code records. All parties who have executed the Unit Operating Agreement are identified on Attachment "1".

7.0 Upon default of any covenant or condition of the Unit Operating Agreement, in addition to any other remedy afforded by law, each party to the Unit Operating Agreement and any successor to such party by assignment, operation of law, or otherwise, shall have, and is hereby given and vested with, the power and authority to take possession of and sell any interest which the defaulting party has in the property described in Paragraphs 5.1 and 5.2 and to foreclose this lien, mortgage, pledge, and security interest in the manner provided by law.

8.0 Upon expiration or termination of the Unit Operating Agreement, and the satisfaction of all debts, the Operator shall file of record a release and termination on behalf of all parties concerned. Upon the filing of such release and termination, all benefits and obligations under this Memorandum shall terminate as to all parties who have executed or ratified this Memorandum. In addition, the Operator shall have the right to file a continuation statement on behalf of all parties who have executed or ratified this Memorandum.

9.0 It is understood and agreed by the parties hereto that if any part, term, or provision of this Memorandum is by the courts held to be illegal, against public policy or otherwise in conflict with any law of the state where made, the validity of the remaining portions or provisions shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if the Memorandum did not contain the particular part, term or provision held to be invalid.

10.0 This Memorandum shall be binding upon and shall inure to the benefit of the parties hereto and to their respective heirs, devisees, legal representatives, successors and assigns. The failure of one or more persons owning an interest in the Unit Area to execute this Memorandum shall not in any manner affect the validity of the Memorandum as to those persons who have executed this Memorandum.

11.0 A party having an interest in the Unit Area can ratify this Memorandum by execution and delivery of an instrument of ratification, adopting and entering into this Memorandum, and such ratification shall have the same effect as if the ratifying party had executed this Memorandum or a counterpart thereof. By execution or ratification of this Memorandum, such party hereby consents to its ratification and adoption by any party who may have or may acquire any interest in the Unit Area.

12.0   This Memorandum may be executed or ratified in one or more counterparts and all of the executed or ratified counterparts shall together constitute one instrument. For purposes of recording, only one copy of this Memorandum with individual signature pages attached thereto needs to be filed of record.

13.0   **THE TOTAL AMOUNT OF OBLIGATIONS AND ADVANCES SECURED BY THE OPERATING AGREEMENT MORTGAGE MAY INCREASE OR DECREASE FROM TIME TO TIME, BUT AT NO TIME SHALL THE TOTAL MAXIMUM AMOUNT OF OBLIGATIONS AND ADVANCES SO SECURED EXCEED THE SUM OF $500,000,000.00, TOGETHER WITH INTEREST THEREON AT THE RATE PROVIDED IN THE ACCOUNTING PROCEDURE REFERRED TO IN PARAGRAPH 2.0 ABOVE, WITH RESPECT TO EACH PARTY IN ITS CAPACITY AS DEBTOR MORTGAGOR.**

**Operator**

WITNESSES

FIELDWOOD ENERGY LLC

BY: _[signature]_
NAME: John H. Smith
TITLE: Senior Vice President
DATE: 3-16-2020

PATRICK BURCH

**Non-Operator**

**Ridgewood Katmai, LLC**

BY: _[signature]_
NAME: Fritz L. Spencer, III
TITLE: Attorney in Fact
DATE: 3-12-2020

Leah Bramlett
Tina Daugherty

**ILX Prospect Katmai, LLC**

BY: _[signature]_
NAME: Fritz L. Spencer, II
TITLE: Director
DATE: 3-12-2020

Leah Bramlett
Tina Daugherty

## ACKNOWLEDGMENTS

STATE OF TEXAS §
§
COUNTY OF HARRIS §

On this 10th day of March 2020, before me, appeared John H. Smith, to me personally known, who, being by me duly sworn, did say that he is the Senior Vice President of **Fieldwood Energy LLC**, a Delaware corporation, and that the foregoing instrument was signed in behalf of that corporation.

*/s/ Lacy Clark*
Notary Public - State of Texas

[Notary Seal: LACY CLARK, Notary ID #129341595, My Commission Expires Mar 12, 2021]

STATE OF TEXAS §
§
COUNTY OF HARRIS §

On this 12th day of March 2020, before me, appeared Fritz L. Spencer, III, to me personally known, who, being by me duly sworn, did say that he is the Attorney in Fact of **Ridgewood Katmai, LLC**, a Delaware Corporation, and that the foregoing instrument was signed in behalf of that corporation.

*/s/ Ann M. Hebert*
Notary Public - State of Texas

[Notary Seal: ANN M. HEBERT, Notary Public, State of Texas, Comm. Expires 07-16-2022, Notary ID 11038209]

STATE OF TEXAS §
§
COUNTY OF HARRIS §

On this 12th day of March 2020, before me, appeared Fritz L. Spencer, III, to me personally known, who, being by me duly sworn, did say that he is the Director of **ILX Prospect Katmai, LLC**, a Delaware Corporation, and that the foregoing instrument was signed in behalf of that corporation.

*/s/ Ann M. Hebert*
Notary Public - State of Texas

[Notary Seal: ANN M. HEBERT, Notary Public, State of Texas, Comm. Expires 07-16-2022, Notary ID 11038209]


Attachment "1"

Attached to and made a part of that certain Memorandum of Unit Operating Agreement Effective April 1, 2018 (the "Katmai UOA") by and between Fieldwood Energy LLC, Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC

## DESCRIPTION OF UNIT AREA, LEASES, WORKING INTEREST OF THE PARTIES, COMPANY REPRESENTATIVES AND NOTIFICATION INFORMATION

I. DESCRIPTION OF UNIT AREA AND ASSOCIATED LEASES:

| Area/Block | OCS No. | Effective Date | Unit Acres | Royalty | Lease ORRIs | Depths | Aliquot Portions |
|---|---|---|---|---|---|---|---|
| Green Canyon 39 | G 34966 | 09/01/2013 | 540.00 | 18.75% (R21) | *.945% | All | NE/4NE/4 & N/2SE/4NE/4 |
| Green Canyon 40 | G 34536 | 11/01/2012 | 5310.00 | 18.75% (RS19) | *.945% | All | SE/4SW/4NW/4, N/2SW/4NW/4, NW/4NW/4, E/2NW/4, E/2, E/2SW/4 & E/2W/2SW/4 |
| Green Canyon 41 | G 34537 | 10/01/2012 | 1782.23 | 18.75% (R22) | *.945% | All | |
| Ewing Bank 1009 | G 34878 | 08/01/2013 | 360.000 | 18.75% (R21) | *.945% | All | SE/4SE4 |
| Ewing Bank 1010 | G 34879 | 08/01/2013 | 2,880.000 | 18.75% (R21) | *.945% | All | S/2 |
| Ewing Bank 1011 | G 34880 | 08/01/2013 | 799.256 | 18.75% (R21) | *.945% | All | S/2 |

*Created by that certain Lease Assignment Agreement listed in Article V. below.

II. **WORKING INTEREST OF THE PARTIES:**

| | |
|---|---|
| Fieldwood Energy LLC | 50% |
| Ridgewood Katmai, LLC: | 25% |
| ILX Prospect Katmai, LLC: | 25% |

III. **OPERATOR:**

Fieldwood Energy LLC

IV. **ADDRESSES/NAMES OF REPRESENTATIVES:**

| **Fieldwood Energy, LLC** | **Ridgewood Katmai, LLC** |
|---|---|
| 2000 W Sam Houston Parkway S, Suite 1200 | 1254 Enclave Parkway, Suite 600 |
| Houston, Texas 77042 | Houston, Texas 77077 |
| **Main Contact** | **Main Contact** |
| John H. Smith - Sr. Vice President, Business Development | W. Greg Tabor - Executive Vice President |
| Telephone: (713) 969-1249 | Telephone: (281) 293-8449 |
| Facsimile: (713) 969-1299 | Facsimile: (281) 293-8488 |
| Email: jsmith@fwellc.com | Email: gtabor@ridgewoodenergy.com |

V. **Contracts**

-215-

1. Lease Assignment Agreement dated April 1, 2018, by and between Fieldwood Energy LLC, Ridgewood Katmai, LLC, ILX Prospect Katmai, LLC ("Katmai Owners") and LLOG Bluewater Holdings, L.L.C., LLOG Exploration Offshore, L.L.C., Ridgewood Rockefeller, LLC, ILX Prospect Rockefeller, LLC, Red Willow Offshore, LLC and Houston Energy Deepwater Ventures XV, LLC ("Rockefeller Owners").