**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY, LLC, et al.,[1] | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**DECLARATION OF KAREN JONES IN SUPPORT OF THE OBJECTIONS FILED BY XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH, LLC**
**[Relates to Docket Nos. 1476 and 1517]**

I, Karen Jones, hereby declare under penalty of perjury:

1. I am the Manager of Revenue Accounting for XTO Energy Inc., a subsidiary of Exxon Mobil Corporation and an affiliate of XTO Offshore, Inc., HHE Energy Company, and XH, LLC (collectively, with their respective affiliates and subsidiaries, the "XTO Entities"). As the Manager of Revenue Accounting for XTO Energy Inc., I am generally familiar with the day-to-day operations, business and financial affairs, and books and records of the XTO Entities.

2. I submit this Declaration in the support of the following materials filed by the XTO Entities: (i) the *Amended Supplemental Objection by XTO Offshore, Inc., HHE Energy Company, and XH, LLC to (A) the Fourth Amended Joint Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (the "Plan Objection") [Docket No. 1476], and (ii) the *Amended Objection by XTO Offshore, Inc., HHE Energy Company, and XH, LLC to (A) the Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

*Amounts, and (B) the Amended Schedule of Assumed Contracts* (the "Cure Amount Objection") [Docket No.1517].

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the XTO Entities' employees, operations and finances, information learned from my review of relevant documents, information supplied to me by other members of the XTO Entities' management and their advisors, or my opinion based on my experience, knowledge and information concerning the XTO Entities' operations and financial affairs. I am over the age of 18, and I am authorized to submit this Declaration on behalf of the XTO Entities. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. At least one of XTO Entities is a party to each of the forty-eight (48) executory contracts (collectively the "XTO Contracts")[2] reflected on Exhibit A to the Plan Objection and Cure Objection, respectively. At present, the XTO Entities have not had an adequate time to review the list of XTO Contracts and determine the appropriate cure amounts, if any.

5. In addition, the Second Amended Schedule of Assumed Contracts attached to the *Notice of Filing of Second Amended Schedule of Assumed Contracts and Cure Amounts* [Docket No. 1549] filed by the Debtors provides that the proposed cure amounts are estimates "based on open pre-petition accounts payable balances." However, neither the Debtors' Fourth Amended Joint Plan (the "Plan") [Docket No. 1284] nor the Second Amended Schedule of Assumed Contracts specifies the proposed effective date for the assumption and assignment of the XTO Contracts. Without knowledge of the effective date of the assumption of the XTO Contracts, it is not possible for the XTO Entities to determine the amount needed to cure all outstanding defaults under the XTO Contracts as of the date such XTO Contracts are to be assumed. Stated

---

[2] XTO reserves the right to amend or supplement the list of XTO Contracts.

differently, the XTO Entities cannot determine how much may be due and owing under the XTO Contracts as of date certain until such date certain has been specified.

6. Likewise, the accounting for the XTO Entities runs two to three months in arrears. As a result, if the proposed date for the assumption of the XTO Contracts is not until some future date, then the XTO Entities will require several months following such date for the XTO Entities' billing processes to run their course and to determine whether any accounts have or will later become past-due. Further, if the relevant date of assumption is intended to be the effective date of the Plan, then the XTO Entities have no means to determine whether any of the XTO Contracts will be in default on such future date or what an appropriate cure amount would be as of the effective date of the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: June 17, 2021

Karen Jones
Manager of Revenue Accounting
XTO Energy Inc.