**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| § | | |
| **FIELDWOOD ENERGY LLC,** *et al.*, § | | **Case No. 20-33948 (MI)** |
| § | | |
| § | | |
| **Debtors.**[1] § | | **(Jointly Administered)** |

**MOTION OF BP EXPLORATION & PRODUCTION INC. FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE SETOFF OF MUTUAL OBLIGATIONS**

> **THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THERE WILL BE A HEARING ON THIS MATTER ON JULY 16, 2021, AT 9:00 A.M. (PREVAILING CENTRAL TIME) BEFORE THE HONORABLE MARVIN ISGUR.**
>
> **IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THE HEARING. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY BY DIALING 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER 954554.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE BANKRUPTCY COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE (https://www.gotomeet.me/JudgeIsgur) ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT HAND CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

BP Exploration & Production Inc. ("BP") files this motion (the "Motion") for entry of an order pursuant to sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court the Southern District of Texas (the "BLR"), substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), granting relief from the automatic stay to allow BP to setoff mutual obligations between BP and Debtor Fieldwood Energy LLC ("Fieldwood").[1] In support of this Motion, BP respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue for this Motion is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Motion are sections 105(a) and 362 of the Bankruptcy Code, Bankruptcy Rule 4001, and BLR 4001-1.

---

[1] BP has conferred with Fieldwood in an attempt to resolve the issues presented by this Motion with Fieldwood, but has been unable to reach agreement.

2

## BACKGROUND

### A. General Background

2. On August 3, 2020 (the "Petition Date"), the above-captioned debtor and debtors in possession (collectively, the "Debtors") each filed with this Court a petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### B. The Isabella PSA

4. On October 25, 2018, BP and Fieldwood entered into that certain Cash Consideration Exchange Agreement in respect of Mississippi Canyon Block 562 (the "Isabella PSA"). BP agreed to pay Fieldwood $66 million (the "Isabella Cash Consideration"), all of which was due and payable at the time the Isabella PSA was signed in 2018, and recorded on the books of BP as a liability in 2018 when the Isabella PSA was signed, to be paid pursuant to the terms of the Isabella PSA. The payment schedule set forth in Section 3.1 of the Isabella PSA, provides for (a) monthly payments based on production and (b) to the extent that the total payments during each year are less than a certain specified amount, an annual payment at the end of such year to achieve the specified amount for that year. (Isabella PSA § 3.1.)

5. As of the date of this Motion, BP had a remaining obligation under the Isabella PSA of approximately $12.7 million, which is due and payable, and obligated to be paid pursuant to the terms of the Isabella PSA.

### C. The MC519 PSA

6. On May 17, 2019, BP (as Seller) and Fieldwood (as Buyer) entered into that certain Purchase and Sale Agreement in respect of Mississippi Canyon Block 519 (the "MC519 PSA"). Under the terms of the MC519 PSA, Fieldwood agreed, among other things, to pay BP $30 million

3

(the "MC519 Payment"), which became payable and owing to BP upon the successful completion of the Genovesa well and shall be due and paid within the first 180 days of production from the well. (MC519 PSA § 3.1(b).)

7. As the Debtors have expressly recognized and stated, "Genovesa was successfully brought online as planned on March 27, 2021." (Disclosure Statement, at p. 49.) Thus, the $30 million MC519 Payment became payable and owing to BP on March 27, 2021.

8. In the ordinary course of business between BP and Fieldwood, the parties have consistently netted out amounts owing from one party to amounts due to the other, often at the suggestion of Fieldwood. Thus, there has been a course of dealing between the parties (BP and Fieldwood) pursuant to which amounts owing from one party have been netted out against amounts due to the other party.

## BASIS FOR RELIEF

### A. BP Has a Right of Setoff as of the Petition Date

9. Section 553 of the Bankruptcy Code provides in relevant part that

> . . . this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Citizens Bank v. Strumpf*, 516 U.S. 16, 18.

10. Both the Isabella PSA and the MC519 PSA provide that they are governed by Texas law. Under Texas law, setoff is permitted "where demands are mutual, between the same parties, and in the same capacity or right." *In re Garden Ridge Corp.*, 338 B.R. 627, 633 (Bankr. D. Del. 2006) (*citing Capital Concepts Props. 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 175 (5th

Cir. 1994)). Similarly, "section 553(a) recognizes and preserves rights of setoff where four conditions exist: (1) The creditor holds a claim against the debtor that arose before the commencement of the case; (2) The creditor owes a debt to the debtor that also arose before the commencement of the case; (3) The claim and debt are mutual; and (4) The claim and debt are each valid and enforceable." *Id*.

11. Under Texas and federal law, "mutuality of obligation exists when debts are owing between the same parties in the same right or capacity." *In re Garden Ridge Corp.*, 338 B.R. at 633. As of the date of this Motion, approximately $12.7 million of the Isabella Cash Consideration remains due and owing by BP to Fieldwood under the Isabella PSA, and $30 million of the MC519 Payment remains due and owing by Fieldwood to BP under the MC519 PSA. These debts are owing between the same parties in the same capacity, and therefore there is mutuality of obligation.

12. Additionally, Section 553 of the Bankruptcy Code further requires that the creditor's claim against the estate and the estate's claim against the creditor each have arisen "before the commencement of the case." 11 U.S.C. § 553(a). A payment obligation arising under a prepetition contract is a prepetition debt for setoff purposes. *See U.S. Bank Nat'l Ass'n v. United Air Lines, Inc. (In re United Air Lines, Inc.)*, 438 F.3d 720, 731 (7th Cir. 2006) (holding that creditor bound itself to pay debtor when it entered into prepetition agreements, and because the debt was prepetition it enjoyed mutuality with debtor's debt to creditor). *See also Braniff Airways v. Exxon Co.*, 814 F.2d 1030, 1035-36 (5th Cir. 1987) (recognizing that "the right to setoff may be asserted in bankruptcy even though one of the debts involved is absolutely owing but not presently due when the petition is filed" (*citing In re Nickerson & Nickerson*, 62 B.R. 83, 86 (Bankr. D. Neb. 1986)); *In re Young*, 144 B.R. 45, 47 (Bankr. N.D. Tex. 1992) ("[T]here must be a definite and enforceable obligation at the time the bankruptcy petition is filed ***even though it is not presently***

*due or the amount has not yet been determined*." (emphasis added)). As the Fifth Circuit recognized in *Braniff Airways*, a creditor's debt to a debtor is prepetition where all transactions giving rise to the debt occurred prior to the petition date. 814 F.2d at 1036.

13. Both the Isabella Cash Consideration and the MC519 PSA arise under prepetition contracts between the parties. As of the Petition Date, BP was therefore bound to Fieldwood for the full amount of the Isabella Cash Consideration, and Fieldwood was bound to BP for the full amount of the MC519 Payment,[2] even if the total amount was not presently *due* as of the Petition Date. Accordingly, BP's debt to Fieldwood and Fieldwood's debt to BP are mutual prepetition obligations between the parties, and BP has a prepetition right of setoff.

### B. Cause Exists to Lift the Stay

14. Cause exists to modify the automatic stay to permit BP to setoff the balance of the Isabella Cash Consideration against the MC519 Payment. Section 362(a)(7) of the Bankruptcy Code provides that the filing of a petition under the Bankruptcy Court operates as a stay of the setoff of any prepetition debt owing by the debtor against any claim against the debtor. Section 362(d)(1), in turn, provides that "the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause" as used within subsection (d)(1). *In re WGMJR, Inc.*, 435 B.R. 423, 432 (Bankr. S.D. Tex. 2010). "Whether cause exists must be determined on a case by case basis based on an examination of the totality of the circumstances." *Id.*; *see also In re iHeartMedia, Inc.*, 2019 Bankr. LEXIS 1617, *13 (Bankr. S.D. Tex. May 28, 2019) ("Cause, for purposes of relief

---

[2] Although the Debtors assert that BP has not filed a proof of claim on account of the MC519 Payment, a filed proof of claim is not required to assert setoff. *See In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990) ("[F]iling a proof of claim is not a prerequisite to assertion of a right to setoff under 11 U.S.C. § 553"); *Gilmour v. Aetna Health, Inc.*, 2018 U.S. Dist. LEXIS 175027, * 14 (W.D. Tex. Oct. 11, 2018) ("There is no fourth requirement that a creditor file a proof of claim in the bankruptcy court to assert a setoff."); *In re Sutton Invs., Inc.*, 53 B.R. 226, 230 (Bankr. W.D. La. 1985) ("Section 553 does not contain a requirement that a creditor seeking to exercise a setoff must first file a proof of claim.").

from the automatic stay, is not defined under the Bankruptcy Code, granting the Court discretion to determine whether cause exists.").

15. The existence of the right of setoff constitutes "cause" sufficient to grant stay relief to permit setoff of mutual, prepetition debts. *See, e.g.*, *In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000) ("Courts have generally concluded that the existence of mutual obligations subject to set-off constitutes 'cause' to meet the creditor's initial evidentiary burden in seeking relief from the automatic stay"); *In re Whitaker*, 173 B.R. 359, 361 (Bankr. S.D. Ohio 1994) ("[b]y establishing its right to setoff under 11 U.S.C. § 553(a), a creditor makes a prima facie showing of 'cause' for relief from stay under 11 U.S.C. § 362(d)(1)"); *United States v. Orlinski (In re Orlinski)*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991) ("[b]y establishing its right of setoff, the IRS has made a prima facie showing of 'cause' for relief from stay under § 362(d)(1)"); *In re Parrish*, 75 B.R. 14, 16 (N.D. Tex. 1987) (finding a valid right of setoff and directing the bankruptcy court to lift the stay to permit setoff). Because BP has a right of setoff as set forth herein, sufficient cause exists to grant relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code to permit BP to setoff the Isabella Cash Consideration owed by BP to Fieldwood against the MC519 Payment owed by Fieldwood to BP.

**C. Waiver of the Fourteen-Day Stay Under Bankruptcy Rule 4001(a)(3) Is Appropriate.**

16. Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 4001(a)(3) (emphasis added). BP respectfully requests that the customary 14-day stay imposed by Bankruptcy Rule 4001(a)(3) be waived so that BP may immediately exercise its right of setoff.

## NOTICE

17. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to BLR 9013-1(d), including Debtors' counsel.

## CONCLUSION

**WHEREFORE,** BP respectfully requests that the Court grant the Motion and enter the Proposed Order (a) granting relief from the automatic stay permitting BP to setoff the Isabella Cash Consideration against the MC519 Payment and (b) granting such other and further relief as the Court deems just and proper.

*[Signature Page Follows]*

Dated: June 20, 2021    Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ Shari L. Heyen
Shari L. Heyen
Texas State Bar Number 09564750
HeyenS@gtlaw.com
Karl D. Burrer
Texas State Bar Number 24043584
BurrerK@gtlaw.com
Nicole S. Bakare
Texas State Bar Number 24056017
BakareN@gtlaw.com
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

Craig A. Duewall (admitted *pro hac vice*)
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

**Greenberg Traurig, P.A.**

John B. Hutton (admitted *pro hac vice*)
HuttonJ@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Counsel for BP Exploration & Production Inc.*

## CERTIFICATE OF CONFERENCE

In accordance with BLR 4001-1(a)(1), the undersigned certifies that the parties met and conferred to attempt to resolve this dispute. The parties were unable to resolve the matters herein.

*/s/ Karl D. Burr*
Karl D. Burrer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail and to those parties listed on the Debtors' Master Service List dated June 15, 2021 by First Class U.S. Mail on June 20, 2021.

*/s/ Karl D. Burrer*
Karl D. Burrer