**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Fieldwood Energy LLC, *et al.*,**[1] | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**HESS CORPORATION'S <u>EMERGENCY</u> MOTION (I) TO RESTRICT PUBLIC ACCESS TO DOCKET NOS. 1576 AND 1604 AND (II) FOR AUTHORITY TO FILE AMENDED <u>CONFIRMATION OBJECTION AND WITNESS AND EXHIBIT LIST UNDER SEAL</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

Comes now, Hess Corporation ("Hess"), by and through its undersigned counsel, and respectfully submits *Hess Corporation's Emergency Motion to Restrict Public Access to ECF No. 1576 and ECF No. 1604 and for Authority to file Amended Confirmation Objection and Amended Witness and Exhibit List Under Seal* (the "Motion"). In support of the Motion, Hess respectfully states as follows:

### I. BACKGROUND

1. On August 3 and 4, 2020 (together, the "Petition Date"), Debtors filed voluntary petitions for relief under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. The Debtors' cases are being jointly administered for procedural purposes pursuant to Federal Rules of Bankruptcy Procedures 1015(b).

4. On August 18, 2020, the U.S. Trustee appointed the Creditor's Committee pursuant to 11 U.S.C. § 1102. No trustee or examiner has been appointed in these chapter 11 cases.

5. On September 16, 2020, the Court signed and entered the *Stipulated Protective Order* [Dkt. No. 354], which was amended and superseded by the *Amended Stipulated Protective Order* entered on March 12, 2021 [Dkt. No. 989] (the "Protective Order") in the jointly administered bankruptcy cases.

6. On June 16, 2021, the Debtors filed the *Fifth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Dkt. No. 1629] (the "Plan").

7. On June 15, 2021, Hess filed its *Joinder in Objections to the Confirmation of the Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Dkt. No. 1576] (the "Hess Confirmation Objection"). Prior to the filing of the Hess Confirmation Objection, Hess and

2

the Debtors were in discussions regarding a potential resolution of Hess's objections to confirmation of the Plan. In connection with those discussions, the Debtors gave Hess a series of confirmation objection deadline extensions, the last of which was set to expire June 15, 2021. According, Hess's filing of the Hess Confirmation Objection was timely.

8. The Confirmation Objection includes photographs previously supplied to Hess by the Debtors in connection with Operational Transition Packets ("OTP"), whereby the Debtors provided to predecessors in interest (in connection with Fieldwood's decision to abandon properties) documents and information for an orderly transition. *See* Debtors' Omnibus Disclosure Statement Reply, dkt 1124, ¶¶ 29 – 30.

9. Hess also filed its witness and exhibit on June 16, 2021 [Dkt No. 1604]. Exhibits 1 and 2 are two incidents of non-compliance ("INCs") issued by the Bureau of Safety and Environmental Enforcement ("BSEE") that the Debtors provided to Hess in the OTP. According to BSEE's website, BSEE is working to modernize their web postings of INCs. Hess has not been able to locate the INCs issued to the Debtors publicly. Exhibits 3 through 11 are correspondence documents between BSEE and the Debtors, some of which contain pictures. On June 20, 2021, Hess filed its amended witness and exhibit list (the "Hess Amended Witness and Exhibit List"), which contains the exhibits in the June 16, 2021 filing, but noting that exhibits 1 through 11 would be filed under seal.

10. Hess and the Debtors continue to discuss a potential resolution of Hess's objection to confirmation of the Plan. As such, Hess has agreed to amend the Hess Confirmation Objection (the "Hess Amended Confirmation Objection") to modify the objection and to include redactions. The Debtors have agreed to not object to the timeliness of the Hess Amended Confirmation Objection.

11. Hess also agreed to file the Hess Amended Witness and Exhibit List, with exhibits 1 through 11 to be filed under seal.

12. Accordingly, Hess requests (i) that the Court restrict access to document numbers 1576 and 1604 from the public docket and (ii) authority to file unredacted versions of the Hess Amended Confirmation Objection and the Amended Witness and Exhibit List under seal.

## II. JURISDICTION AND VENUE

13. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the United States District Court for the Southern District of Texas's referral of such jurisdiction to this Court under 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

14. The bases for the relief requested herein are sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and General Order 2021-01, "*Order Temporarily Suspending Bankruptcy Local Rule 9037-1 Regarding the Filing of Seal Documents*."

## III. RELIEF REQUESTED

15. By this Motion, Hess requests: (i) that the Court limit public access to the original Hess Confirmation Objection [Dkt No. 1576] and Hess's original witness and exhibit list [Dkt. No. 1604]; (ii) authority to file an unredacted version of the Hess Amended Confirmation Objection and Hess Amended Witness and Exhibit List under seal; and (iii) related relief.

16. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to 11 U.S.C. § 107(b)(1), the Court may authorize Hess to file documents under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of

4

confidential information. *See* 11 U.S.C. § 107(b). Specifically, 11 U.S.C. § 107(b)(1) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may — (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b); *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

17.     Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

18.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, 11 U.S.C. § 107(b)(1) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

19. In accordance with General Order 2021-10, Hess will file two copies of the Hess Amended Confirmation Objection and the Hess Amended Witness and Exhibit List in person with the cover sheet attached to General Order 2021-10. Hess will serve a copy of the Hess Amended Confirmation Objection and the Hess Amended Witness and Exhibit List on the Debtors, the United States Trustee, and any other party that the Court directs.

## EMERGENCY HEARING REQUEST

In accordance with Local Rule 9013-1(i), Hess requests emergency consideration of the Motion. Consideration of the Motion on an emergency basis is critical to permit Hess to prosecute its objection to confirmation of the Plan and to use the exhibits at the evidentiary confirmation hearing scheduled for June 21, 2021.

WHEREFORE Hess respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 20, 2021                             Respectfully submitted,

By: */s/ Omar J. Alaniz*
Omar J. Alaniz
Texas State Bar No. 24040402
REED SMITH LLP
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Telephone: 469.680.4200
Facsimile: 469.680.4299
Email: oalaniz@reedsmith.com

*Attorney for Hess Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 20, 2021, a copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

*/s/ Omar J. Alaniz*
Omar J. Alaniz