IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**SUPPLEMENT BY BP EXPLORATION & PRODUCTION INC. TO ITS OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS**

BP Exploration & Production Inc. ("BP") files this supplement (this "Supplement") to *BP Exploration & Production Inc.'s Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1468] (the "Objection") and respectfully states as follows:

**SUPPLEMENT WITH LANGUAGE FOR PROPOSED CONFIRMATION ORDER**

1.  BP filed the Objection on June 2, 2021, objecting to confirmation of the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1284] filed by the above-captioned debtors (collectively, the "Debtors").

2.  On June 16, 2021, the Debtors filed the *Fifth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1629] (as may be amended, revised, or supplemented, the "Plan").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

3. Based upon the most recent changes to the Plan and other supplemental documents filed by the Debtors, BP proposes commercial language consistent with well-established law that may likely resolve all but one of its objections to the Plan (the "<u>Proposed Language</u>"). A copy of the Proposed Language is attached hereto as **<u>Exhibit A</u>**.

4. The Proposed Language:

- Confirms and memorializes that BP has opted-out of the Plan's third-party releases, BP is not bound by such releases, and BP's rights and remedies against any and all non-Debtors are reserved and preserved (Proposed Language, ¶ 1(b));

- Reserves subrogation claims by ensuring that the Debtors' new language in Section 5.13(a) is inapplicable to three (3) BP Bonds, BP Bonds are unaltered, and all rights of BP or other beneficiaries/obligees pursuant to the BP Bonds are unaffected by the Plan, Confirmation Order or any of the Plan-related transactions (Proposed Language, ¶ 1(a) and 1(c));

- Ensures that BP's contractual rights (including its contractual right to arbitration) are not impaired by the Plan injunction and the parties' rights in respect of the arbitration are reserved and preserved for future adjudication (Proposed Language, ¶ 1(c)); and

- Reserves and preserves BP's secured setoff rights and ensures that the Plan does not simply eliminate such rights by virtue of the NewCo sale (Proposed Language, ¶ 1(a) and 1(c)).

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, BP respectfully requests that in the event the Debtors' Plan is confirmed, the Court include the Proposed Language, as reflected on Exhibit A, in any order confirming the Debtors' Plan.

Dated: June 21, 2021                              Respectfully submitted,

                                           **GREENBERG TRAURIG, LLP**

By: */s/ Shari L. Heyen*
    Shari L. Heyen (SBN 09564750)
    HeyenS@gtlaw.com
    Karl D. Burrer (SBN 24043584)
    BurrerK@gtlaw.com
    1000 Louisiana Street, Suite 1700
    Houston, Texas 77002
    Telephone: (713) 374-3500
    Facsimile: (713) 374-3505

– and –

Craig A. Duewall (admitted *pro hac vice*)
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

**GREENBERG TRAURIG, P.A.**

John B. Hutton (admitted *pro hac vice*)
HuttonJ@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

***Counsel for BP Exploration & Production Inc.***

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 21, 2021, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail.

By: */s/ Karl D. Burrer*
Karl D. Burrer

# Exhibit A
# BP's Language for Inclusion in Proposed Confirmation Order

*Insert Regarding BP Contracts*

1. Notwithstanding anything to the contrary in these Chapter 11 cases, the Plan or this Confirmation Order, the terms of this paragraph shall apply to the BP Entities[1] and their respective BP Contracts[2]:

    (a) The assumption or assumption and assignment of any BP Contract shall not alter any of the parties' respective rights and obligations under the BP Contracts, including, without limitation, any netting (either based on setoff or recoupment) in the ordinary course of business by any of the BP Entities, under the BP Contracts or pursuant to applicable law.

    (b) The BP Entities shall be deemed to have opted out of the Third Party Releases contained in Sections 10.7(b) and 10.7(c) of the Plan.

    (c) The term "Claims," as used in Section 10.6 of the Plan (Plan Injunction), is limited to pre-petition unsecured claims against the Debtors, and shall not apply to (i) any claim based upon ongoing future relationships BP has with the Post-Effective Date Debtors, NewCo or any of the post-Effective Date divisive merger entities or their Subsidiaries, (b) any claims for contribution or subrogation arising in connection with the Debtors' abandonment of the Abandoned Properties, and (c) any claims for setoff or recoupment. For the avoidance of doubt, Section 10.6 of the Plan shall not limit any right to arbitration that BP has under its contractual agreements with the Debtors, including without limitation the arbitration provision contained in the Galapagos Area Loop Subsea Production System Construction and Operating Agreement, dated December 1, 2011 (as amended from time to time, the "LSPS OA").

    (d) The bar date for the BP Entities to file a claim based on the rejection of any BP

---

[1] The BP Entities includes BP Exploration & Production Inc. and BP American Production Company, together with their successors and assigns.

[2] On May 27, 2021, the Debtors filed the Schedule of Assumed Contracts [Docket No. 1395, Ex. A.], which was subsequently amended on June 2, 2021 [Docket No. 1456, Ex. A] (the "Assignment Schedule") in connection with the *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1284] (as may be amended, revised, or supplemented, the "Plan"). The Assignment Schedule identifies at least 1,884 purported executory contracts that the Debtors propose to assume and assign to the Fieldwood Successors, including approximately 116 contracts and leases in which BP has an interest (collectively, the "BP Contracts") comprised of (a) approximately 56 contracts on which BP is identified as a "Known Contract Counterparty" and (b) approximately 60 contracts on which BP is identified as a "Related Lease Party," 17 of which include BP as a Known Contract Counterparty. Attached hereto as **Exhibit A** (the "Schedule of BP Contracts") is a schedule of the BP Contracts as identified in the Debtors' Assignment Schedule. BP has used its best efforts to identify all contracts on which it is a Known Contract Counterparty or a Related Lease Party and reserves the right to further object or supplement this Objection to the extent it identifies additional contracts on the Assignment Schedule in which BP may have an interest. Additionally, BP does not admit that any BP Contract constitutes an executory contract within the meaning of the Bankruptcy Code and reserves all rights with respect thereto.

        Contracts shall be the later of: (i) forty-five (45) days after the filing and service of the notice of the Effective Date, or (b) forty-five (45) days after entry of any order rejecting such BP Contract. Claims based on the rejection of a BP Contract shall be paid and treated as a Class 6B General Unsecured Claim under the Plan.

(e)    Any Claim for rejection damages arising from rejection of any of the BP Contracts and/or Unexpired Leases (if any) are reserved and preserved.

(f)    The last sentence of Section 5.13(a) of the Debtors' Fifth Amended Plan is inapplicable to the BP Bonds (as defined below).

*Insert regarding BP Entities' Surety Bonds*

1.    Notwithstanding anything to the contrary in the Plan or this Confirmation Order, neither the Plan, Confirmation Order, nor any of the transactions contemplated or effectuated under the Plan, including the Debtors' transfer, assignment or abandonment of any property in which any of the BP Entities appear in the chain of title, shall have any effect upon or in any manner alter or impair the rights of the BP Entities or other beneficiaries and obligees under (i) Performance Bond No. RLB0001509 (the "Panaco/RLI Bond") among Panaco, Inc., as principal, BP as the obligee, and RLI Insurance Company ("RLI Insurance"), as surety, or (ii) Supplemental Bond No. SUR24000026 (the "Ironshore Bond No. 1"), among Fieldwood Energy Offshore LLC, as principal, BOEM, as obligee, and Inonshore Indemnity Inc. ("Ironshore Indemnity"), as surety; or (iii) Supplemental Bond No. SUR24000027 (the "Ironshore Bond No. 2"), among Fieldwood Energy Offshore LLC, as principal, BOEM, as obligee, and Inonshore Indemnity, as surety.

2.    The terms of the Panaco/RLI Bond, the Ironshore Bond No. 1 and the Ironshore Bond No. 2 (collectively, the "BP Bonds") shall not be altered in any manner, and the rights of the BP Entities or other beneficiaries and obligees pursuant to the BP Bonds shall be unaffected by the Plan, this Confirmation Order, or the occurrence of any of the transactions pursuant to the Plan after the Effective Date of the Plan. Without limiting the generality of the

foregoing, nothing in the Plan or Confirmation Order shall preclude the BP Entities from giving any notice to, or making any demand upon, the principal on any of the BP Bonds to the extent required by the terms of any of the BP Bonds, or any agreements relating thereto. To the extent that any provision of the Plan could be interpreted as providing a defense based upon impairment of suretyship with respect to the BP Bonds, such provision shall be deemed inapplicable to RLI Insurance and Ironshore Indemnity.

*Insert regarding BP Entities' Opt Out of Third Party Releases*

1. The BP Entities' rights and remedies, including, but not limited to, security interests, security rights, contract rights, setoff and recoupment rights, and subrogation and contribution rights, against non-Debtors under operating agreements, other contracts, and applicable law are hereby reserved and preserved, and nothing contained in the Plan, these Chapter 11 cases, Confirmation Order, and related exhibits and associated transaction documents shall modify or impair the BP Entities' rights with respect to any non-Debtor parties, including the Debtors' predecessors and any other co-liable or jointly and severally liable parties. Nothing contained in the Plan, Confirmation Order, and related exhibits and associated transaction documents entered into related to the Plan and Confirmation Order shall be deemed or construed to be a release or discharge of any liability or obligations of any third parties with respect to decommissioning liabilities, if any, of the BP Entities and any other co-liable and/or jointly and severally liable parties. The BP Entities' claims and causes of action against any and all non-Debtor third parties are hereby reserved and preserved.