**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY, LLC, *et al.*,[1] | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**SECOND SUPPLEMENT BY XTO OFFSHORE, INC., HHE ENERGY COMPANY, AND XH, LLC TO THEIR *AMENDED SUPPLEMENTAL OBJECTION AND RESPONSE TO (A) THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS, (B) PLAN SUPPLEMENT RELATING TO THE ASSUMPTION OF EXECUTORY CONTRACTS, AND (C) AMENDED SCHEDULE OF ASSUMED CONTRACTS***

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COME NOW XTO Offshore, Inc., HHE Energy Company, and XH, LLC, and their respective affiliates and subsidiaries (collectively, "XTO"), and file this Second Supplement to the *Amended Supplemental Objection and Response* ("Amended Supplemental Objection") [Docket No. 1476] to (A) the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy, LLC and its Affiliated Debtors [Docket No. 1284] (the "Plan"), (B) the Plan Supplement [Docket No. 1394] relating to the assumption of executory contracts, and (C) the Amended Schedule of Assumed Contracts [Docket No. 1456], and would respectfully show the Court as follows:

**SECOND SUPPLEMENT WITH LANGUAGE FOR PROPOSED CONFIRMATION ORDER**

1.    XTO filed an objection to the Debtors' original joint chapter 11 plan on January 12, 2021 [Docket No. 759] (the "Original Objection").[2]

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2]  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Amended Supplemental Objection..

2.      On June 3, 2021, XTO filed its Amended Supplemental Objection.

3.      On June 14, 2021, XTO sent language for the proposed confirmation order to counsel for the Debtors in an effort to resolve:  (i) XTO's objections to the terms of the Debtors' proposed assumption and assignment of the XTO Executory Contracts and proposed Cure Amounts, (ii) XTO's objection to the inclusion of anything in the Plan or Confirmation Order that would impair XTO's rights under its third party surety bonds, and (iii) XTO's objection to the third party releases contained in the Plan.

4.      On June 16, 2021, XTO filed a Supplement (the "First Supplement") [Docket No. 1618] to its Amended Supplemental Objection containing its proposed language for inclusion in the Confirmation Order.

5.      Since June 14, 2021, XTO has worked with the Debtors, the Debtors' lenders, and XTO's sureties in an effort to reach an agreed form of language for inclusion in the Confirmation Order relating to XTO's objections.  As a result of such discussions, the language previously proposed by XTO in its First Supplement has changed.  As a result, a copy of XTO's revised proposed language for inclusion in the confirmation order is attached hereto as **Exhibit A**.[3]  XTO's revised proposed language relating to its surety bonds with RLI Insurance Company and Liberty Mutual Insurance Company has been approved by such sureties.

6.      XTO requests that, if the Plan is confirmed, the Court include the language reflected on the attached Exhibit A in any order confirming the Debtors' Plan.

## **PRAYER FOR RELIEF**

ACCORDINGLY, XTO prays that, in the event the Debtors' Plan is confirmed, the Court include the language reflected on the attached Exhibit A in any order confirming the Debtors' Plan, and for all such other and further relief to which it may be entitled.

---

[3] XTO has not received a copy of the Debtors' proposed confirmation order.  Consequently, rather than providing the Court with a redline to the Debtors' proposed confirmation order, the language requested by XTO is in the form of an insert to the Debtors' proposed confirmation order.

DATED:  June 22, 2021

Respectfully Submitted,

/s/ J. Robert Forshey
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
llankford@forsheyprostok.com

ATTORNEYS FOR XTO OFFSHORE, INC., HHE
ENERGY COMPANY, AND XH LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties receiving electronic notice via the Court's CM/ECF system on June 22, 2021.

/s/ J. Robert Forshey
J. Robert Forshey

L:\BFORSHEY\XTO - Fieldwood Energy (CrR) #6145\Pleadings 20-33948 (MI)\Second Supplement to Objection to Confirmation with Proposed Language for Confirmation Order 6..22.2021.docx

# Exhibit A
XTO's Revised Language for Inclusion in Proposed Confirmation Order

1.  <u>XTO</u>.  The terms of this paragraph shall apply to the Exxon/XTO Entities[1] and the Executory Contracts identified on the Schedule of Assumed Contracts between any of the Debtors and any one or more of the Exxon/XTO Entities (the "**Exxon/XTO Executory Contracts**"):

i.  This Confirmation Order shall not be, and shall not be construed as, a determination of the cure amount or compensation, if any, required to satisfy the provisions of sections 365(b)(1)(A) and 365(b)(1)(B) of the Bankruptcy Code for the assumption of the Exxon/XTO Executory Contracts (the "**Exxon/XTO Cure Amount**").

ii. The Debtors, and (a) the Post-Effective Debtors, (b) FWE I, (c) any FWE Additional Entity, or (d) the Credit Bid Purchaser, (each an "**Applicable Contract Entity**"), and the Exxon/XTO Entities shall endeavor in good faith to reach agreement as to the Exxon/XTO Cure Amount within one hundred twenty (120) days following the Effective Date (subject to extension upon mutual agreement of the parties), and if such an agreement is reached, the Debtors or Applicable Contract Entity, as applicable, and applicable Exxon/XTO Entity, shall file a stipulation with the Court setting forth (i) the agreed Exxon/XTO Cure Amount, and (ii) providing for payment of such Exxon/XTO Cure Amount by the Applicable Contract Entity as a condition to the assumption and assignment of such Exxon/XTO Executory Contract. If the Debtors or Applicable Contract Entity and applicable Exxon/XTO Entity fail to reach agreement as to the Exxon/XTO Cure Amount within such one hundred twenty (120) day period (or upon the expiry of any extension thereof), the Debtors, proposed Applicable Contract Entity or applicable Exxon/XTO Entity may, on notice to the proposed Applicable Contract Entity or applicable Exxon/XTO Entity, request a hearing before the Court for the determination of the Exxon/XTO Cure Amount.  For purposes of determining the Exxon/XTO Cure Amount, the effective date of assumption shall be the Petition Date. Each Exxon/XTO Cure Amount shall be due and payable by the Debtors or the Applicable Contract Entity as set forth in the Plan, regardless of whether the Claims Reserve provided under Section 5.14 of the Plan for payment of cure claims is sufficiently funded.

iii. All valid Claims arising from and after the Petition Date under the Exxon/XTO Executory Contracts that have been assumed, assumed and assigned or assumed

---

[1] As used herein, the term "**Exxon/XTO Entities**" shall collectively mean XTO Energy, Inc., XTO Offshore, Inc., HHE Energy Company, XH, LLC, ExxonMobil Corporation, ExxonMobil Production Company, ExxonMobil Pipeline Company, ExxonMobil Oil Supply, Exxon Mobil Exploration Company, Exxon Corporation, Exxon Company, USA, Mobil Oil Corporation, Mobil Exploration Company, Inc., Mobil Exploration & Producing U.S., Inc., Mobil Producing Texas & New Mexico, Inc., Second Mobil Oil Company, Inc., Mobil Oil Exploration and Producing Southeast, Inc., as well as any parent, subsidiary, or affiliate of any of said parties.  The term "**Exxon/XTO Entity**" shall refer singularly to any of the Exxon/XTO Entities that are a party to a particular Exxon/ETO Executory Contract.

and allocated shall be deemed to be Allowed Administrative Expense Claims based on a liability incurred by the Debtors in the ordinary course of their business for which no request for allowance of an administrative claim shall be necessary, as contemplated in Section 2.1 of the Plan. However, in the event the Debtors or the Applicable Contract Entity, as applicable, and the applicable Exxon/XTO Entity, are unable to agree on the amount of the Allowed Administrative Claim held by the Exxon/XTO Entity, either party may apply to the Court for a review and determination thereof.

iv.     To the extent that an Exxon/XTO Executory Contract is assumed, assumed and assigned or assumed and allocated, such assumption or assumption and assignment or assumption and allocation shall result in the full release and satisfaction of only those Claims based on a default existing as of the Petition Date with respect to such Exxon/XTO Executory Contract. For the avoidance of doubt, the Plan and this Order shall not alter any of the terms under the Exxon/XTO Executory Contracts.

v.      The assumption, assumption and assignment, or assumption and allocation of any Exxon/XTO Executory Contract shall not alter any of the parties' respective rights and obligations under the Exxon/XTO Contracts, including, without limitation, any valid netting (either based on setoff or recoupment) under the Exxon/XTO Executory Contracts or pursuant to applicable law.

vi.     The bar date for the Exxon/XTO Entities to file a claim based on the rejection of any executory contracts or unexpired leases between the Debtors and the Exxon/XTO Entities shall be the later of: (a) forty-five (45) days after the filing and service of the notice of the Effective Date, or (b) forty-five (45) days after entry of any order rejecting such executory contract or unexpired lease with the Exxon/XTO Entities. Claims based on the rejection of any executory contracts or unexpired leases between the Debtors and the Exxon/XTO Entities shall be treated as a Class 6B General Unsecured Claim under the Plan.

vii.    Any Claim for rejection damages arising from rejection of any executory contracts or unexpired leases between the Debtors and the Exxon/XTO Entities (if any) are reserved for further hearing.

2.      The Exxon/XTO Entities have opted out of all third-party releases contained in the Plan and this Order.

3.      <u>XTO, RLI Insurance and Liberty</u>. Neither the Plan nor this Order shall have any effect upon or in any manner alter or impair the rights of XTO Offshore, Inc., HHE Energy Company, and XH, LLC (collectively the **"Exxon/XTO Bond Entities"**), as the obligees, or RLI Insurance Company (**"RLI"**) or Liberty Mutual Insurance Company (**"Liberty"**) as sureties

(together, the **"XTO Sureties"**), under (i) Performance Bond No.RLB0013981 (the **"RLB Bond"**) issued pursuant to the Purchase and Sale Agreement dated effective as of August 1, 2011 (**"Dynamic PSA"**) among Dynamic Offshore Resources, LLC, as principal, the Exxon/XTO Bond Entities as the obligees, and RLI as surety, or (ii) Performance Bond No. 022220643 (the **"Liberty Bond"**), among Fieldwood Energy LLC, as principal, XH, LLC, as obligee, and Liberty Mutual Insurance Company (**"Liberty Insurance"**), as surety, issued pursuant to the agreement pursuant to which Fieldwood Energy LLC acquired XH, LLC assets from Apache Corporation on September 30, 2013 (the **"Fieldwood Agreement"**).

4.      The terms of the RLB Bond and the Liberty Bond (collectively, the **"Exxon/XTO Bonds"**) shall not be altered in any manner, and the rights of the Exxon/XTO Bond Entities and the XTO Sureties pursuant to the Exxon/XTO Bonds, Dynamic PSA, and Fieldwood Agreement, as applicable, shall be unaffected by the Plan and this Confirmation Order.

5.      Without limiting the generality of the foregoing, nothing in the Plan or this Order shall preclude the Exxon/XTO Bond Entities from giving any notice to, or making any demand upon, the principal on any of the Exxon/XTO Bonds to the extent required by the terms of any of the Exxon/XTO Bonds, the Dynamic PSA, or the Fieldwood Agreement.

6.      Nothing in the Plan or Confirmation Order shall be deemed to: (a) adjudicate or modify the rights between the Exxon/XTO Bond Entities and the XTO Sureties under the Exxon/XTO Bonds or under applicable law; (b) bar, impair, enjoin, release, alter, diminish or enlarge any of the rights or defenses of the XTO Sureties against any person other than the Debtors to the extent provided in the Plan or this Order, or otherwise limit the XTO Sureties from exercising their rights, including all subrogation rights, under or related to the Exxon/XTO Bonds, indemnity

agreements, or the common law of suretyship; or (c) constitute a waiver or release of any rights or

defenses that the XTO Sureties hold against any person other than the Debtors.