# EXHIBIT 4

# Attention Buyers of Assets in Bankruptcy: How To Be A Good Faith Purchaser and Ensure Any Post-Closing Challenges Will Be Dismissed as Statutorily Moot Under Section 363(m) of the Bankruptcy Code

Jan 04, 2021

**Contributor(s)**

Ronit J. Berkovich, Theodore Heckel

## Introduction

Two recent district court decisions, each involving appeals of a bankruptcy sale order where the appellant(s) failed to obtain a stay pending appeal, provide insight into statutory mootness under section 363(m) of the Bankruptcy Code. In both *In re HDR Holdings, Inc.*, and *Barnes v. 309 RTE 100 Dover LLC*, the appellant(s) advanced arguments designed to avoid mootness by challenging the respective bankruptcy court's finding that the buyer was a "good faith purchaser." The appeals were dismissed as statutorily moot in each instance. The district courts' analyses illustrate the challenges appellants face when seeking to avoid statutory mootness under section 363(m) and underscore the importance to purchasers of developing a solid factual record during a sale process. And we may soon get even more guidance on this important topic, as the *Barnes* decision was appealed to the Second Circuit Court of Appeals.

## Relevant Law

Section 363(m) of the Bankruptcy Code provides that a sale to a "good faith" purchaser authorized under section 363(b) or (c) of the Bankruptcy Code cannot be reversed or modified on appeal, unless such sale was stayed pending appeal. Challenges to bankruptcy sales after they close are