IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | § § | Case No. 20-33948 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**JOINDER OF NORTH AMERICAN SPECIALITY INSURANCE COMPANY
IN THE EMERGENCY MOTION OF ASPEN AMERICAN INSURANCE COMPANY,
BERKLEY INSURANCE COMPANY AND SIRIUS INSURANCE COMPANY
FOR A STAY, PURSUANT TO BANKRUPTCY RULE 8007, OF THE
ORDER CONFIRMING EIGHTH AMENDED JOINT CHAPTER 11 PLAN
OF FIELDWOOD ENERGY LLC AND ITS AFFILIATED DEBTORS, OR IN THE
ALTERNATIVE FOR AN ORDER AMENDING THE CONFIRMATION ORDER
PURSUANT TO RULE 9023 AND JOINDER IN THE GROUNDS SET FOR IN THE
JOINDER OF LEXON INSURANCE COMPANY, IRONSHORE INDEMNITY INC.
AND IRONSHORE SPECIALITY INSURANCE COMPANY IN THAT MOTION**

North American Specialty Insurance Company ("NAS") hereby joins in the following motions seeking an emergency stay of the Order of June 25 Confirming the Eighth Amended Chapter 11 Plan of the Debtors [Dkt. No. 1751]: *Emergency Motion of Aspen American Insurance Company, Berkley Insurance Company and Sirius Insurance Company for A Stay, Pursuant To Bankruptcy Rule 8007, Of The Order Confirming Eighth Amended Joint Chapter 11 Plan Of Fieldwood Energy LLC And Its Affiliated Debtors, Or In The Alternative For An Order Amending The Confirmation Order Pursuant To Rule 9023* [Dkt. No. 1796] (the "Aspen

---

[1] The Debtors, each of which have filed a separate voluntary petition, are: Dynamic Offshore Resources NS, LLC; Fieldwood Energy LLC; Fieldwood Energy Inc.; Fieldwood Energy Offshore LLC; Fieldwood Onshore LLC; Fieldwood SD Offshore LLC; Fieldwood Offshore LLC; FW GOM Pipeline, Inc.; GOM Shelf LLC; Bandon Oil and Gas GP, LLC; Bandon Oil and Gas, LP; Fieldwood Energy SP LLC; Galveston Bay Pipeline LLC; and Galveston Bay Processing LLC.

Motion") and *Joinder of Lexon Insurance Company, Ironshore Indemnity Inc. And Ironshore Speciality Insurance Company to the Emergency Motion of Aspen American Insurance Company, Berkley Insurance Company And Sirius Insurance Company For A Stay, Pursuant to Bankruptcy Rule 8007, of The Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors, Or In The Alternative For An Order Amending The Confirmation Order Pursuant To Rule 9023* [Dkt. No. 1801] (the "Lexon Motion"), and adopts the grounds set forth in each of those documents as NAS' grounds for staying the Order.  In further support of this Joinder in the Motion to Stay, NAS states:

1. NAS filed a notice of appeal from the Court's Order Confirming the Debtors' Chapter 11 Plan to the extent the findings of fact or conclusions of law therein, purport to eliminate or impair NAS' rights of subrogation, reimbursement, exoneration with respect to any of the post-confirmation entities, including Newco and Credit Bidders, by failing to recognize or require the assumption or transfer of such obligations related to leases and property interests of the Debtors post-confirmation.

2. NAS is a surety on three bonds securing the plugging and abandonment decommissioning obligations of Fieldwood Offshore Energy LLC.  The largest bond is bond no. 2196705 naming Eni Petroleum US LLC and Eni US Operating Co., Inc., as obligee, in the amount of $19,950,000.  A second bond names Chevron U.S.A. Inc. & Union Oil as obligee in the amount of $18,600,000, bond no. 2196702. The third bond names Bureau of Ocean Energy Management as obligee in the amount of $450,000, bond no. 2196703 (the "NAS Bonds"). The bond issued in favor of Chevron secures the obligations of Fieldwood Energy Offshore LLC ("FWE LLC") to perform decommissioning work as required by the terms of an Asset Sale and Purchase Agreement that was effective as of January 1, 2015.  The bond issued in favor of Eni

secured the obligations of FWE LLC to perform decommissioning work as required by the terms of a Purchase and Sale Agreement effective December 1, 2015.  The Bonds are attached as **Exhibit 1** to this Motion. The NAS Bonds secure decommissioning obligations required for leases or property interests transferred or assumed by the post-confirmation entities created through the Plan, a substantial portion of such leases and interests are being assumed by Newco.

## JOINDER AND ADDITIONAL ARGUMENT

3.     NAS joins in the arguments in both the Aspen Motion and the Lexon Motion that the elements for imposing a stay of the order pending appeal all apply in this case: a) there exists a likelihood the sureties will prevail on the merits, b) the sureties will suffer irreparable injury if the stay is not granted, c) granting the stay does not substantially harm other parties and d) granting of the stay would serve public interests.  *In re First South Sav. Ass'n*, 820 F.2d 700 (%th Cir. 1987)[2].

## POST-CONFIRMATION DEFAULT IS POST-EFFECTIVE DATE ACTIVITY

4.     NAS concurs with and would underscore the comments in both the Aspen Motion and the Lexon Motion that the Court during the confirmation hearing did not consider the event triggering the obligation to pay on any surety bond is generally a default by the principal, not a default by someone else taking property from the principal.  The principal is a party to the bond. Restatement of the Law, Suretyship & Guaranty § 1 (1996).   And a surety is called upon to pay or perform upon a default by the principal.  This concept is nowhere addressed in the Court's

---

[2]     To the extent the treatment of a surety's post-confirmation rights arising from a post-confirmation default by a post-confirmation entity was not part of the consideration required by the Credit Bid Purchaser as noted by Lexon (Lexon Motion, ¶¶ 35-37), but is an error in interpreting the effect of the transfer of leases and property interests to post-confirmation entities, NAS believes that a stay may not be necessary for review of the treatment of the sureties' rights.

comments regarding Post-Effective Date Activity, which is not a defined term. From the Court's comments, any default relating to an existing or transferred lease or property interest that was secured by a pre-petition bond would not be subject to any claim by that surety for a later post-confirmation default in decommissioning by Newco or any post-confirmation entity because those rights have been stripped away from the lease or interest. As noted in the Aspen Motion, the term "post-effective date activity" (found in ¶ 97 of the Order) if defined as activities on new properties or platforms simply preserves subrogation rights for bonds that may be written in the future—the future platforms and properties are not covered by existing bonds. (Aspen Motion p. 5, fn. 4). The term Post-Effective Date Activity is meaningless, especially when applied to existing surety bonds. Moreover, eliminating surety recourse for post-confirmation defaults by post-confirmation entities on property interests assumed through the Plan may lead to absurd and inequitable results (which may be why the Code requires in § 365 cure of defaults and an assumption of the burdens of the contracts or recognizes bonds as financial accommodations that cannot be assumed). It is, as noted in the Aspen Motion, like letting someone assume a lease without paying rent or granting an indulgence for future sins. (Aspen Motion, pp. 21-22) Can Newco, despite a present ability and capacity to decommission properties secured by surety bonds, elect to default on those obligations and leave the sureties to incur losses? It remains unclear after the Confirmation Order how existing bonds are to be treated post-confirmation.[3]

---

[3] NAS sought clarification of the Debtors' response to NAS' objections to the Plan on the post-confirmation treatment of bonds. (Request of North American Specialty Insurance for Clarification Dkt. 1640) **Exhibit 2**. The Debtors did not respond.

### THE PUBLIC INTEREST WOULD BE SERVED BY A REVIEW OF
### THE TREAMENT OF SURETY BONDS

5. The treatment of surety credit as apparently prescribed by the Plan will impact the availability and terms upon which sureties will provide bonds in the future. A surety underwriter will not be able to limit risk by writing bonds for productive quality properties because there will no longer be any assurance of recourse against the entity holding the property or responsible for decommissioning costs. Under such circumstances, the bonds required by regulation will be collateralized; what was credit will become cash. During a hearing on June 10, the Court noted that the development in the Gulf was enhanced by the security of surety bonds. (Hearing June 10, 2021, Adv. Case No. 21-03418). A plan that impacts the surety's rights may affect the cost of energy development in the Gulf. Surety bonds should not be re-written; and the courts should protect surety rights.

### CONCLUSION

For the foregoing reasons, and for the grounds set forth in the Aspen Motion and Lexon Motion, in which NAS joins and asserts as its own grounds for relief, NAS requests the Court order (i) a stay pending the Sureties' appeal of the Confirmation Order, or in the alternative, (ii) amend the Confirmation Order to recognize surety rights to post-confirmation recourse (subrogation, exoneration, reimbursement and restitution) and (iii) granting such other and further relief as the Court deems just.

Dated: July 6, 2021

Respectfully submitted,

THE LAW OFFICES OF T. SCOTT LEO, P.C.

By: /s/ T. Scott Leo
T. Scott Leo, Esq. (*admitted pro hac vice*)
(sleo@leolawpc.com)
William S. Piper, Esq. (admitted *pro hac vice*)
(wpiper@leolawpc.com)
Ralph J. Kooy, Esq. (admitted *pro hac vice*)
(rkooy@leolawpc.com)
100 N. LaSalle Street, Suite 514
Chicago, Illinois 60602
Telephone: (312) 857-0910

**ATTORNEYS FOR NORTH AMERICAN SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Joinder in Motion to Stay Pending Appeal was served by electronic delivery on all persons and entities receiving ECF notice in this case on July 6, 2021.

*/s/T. Scott Leo*
T. Scott Leo