Copy

**U. S. Department of the Interior**  
**Minerals Management Service**

OMB Control Number: 1010-0006  
OMB Approval Expires: 05/31/2010

OCS-G12210  
Lease No

ASSIGNMENT OF OPERATING RIGHTS INTEREST IN
FEDERAL OCS OIL AND GAS LEASE

May 1, 1990  
Lease Effective Date

| Part A: Assignment |
| --- |

**Legal Description of the Operating Rights Assigned:**
Oil and Gas Lease of Submerged Lands Under the Outer Continental Shelf Lands Act between the United States of America as Lessor and BP Exploration Inc. as original Lessee, dated effectively May 1, 1990, covering all of Block 201, Green Canyon, OCS Official Protraction Diagram, NG 15-3, containing approximately 5,760 acres, insofar and only insofar as to the northeast quarter (NE/4) of said Lease, covering those depths from surface down to 17,000 feet true vertical depth subsea.

**Assignor(s) does hereby sell, assign, transfer, and convey unto Assignee(s) the following undivided right, title, and interest:**

Insert name and Company number of each Assignor and Assignee.

**Assignor:** | **Percentage Interest Conveyed**
Shell Offshore Inc. (00689) | 49.99999%

Marathon Oil Company (00724) | 50.00001%

**Assignee:** | **Percentage Interest Received**
LLOG Exploration Offshore, Inc. (02058) | 85.00000%

Davis Offshore, L.P. (02480) | 15.00000%

The approval of this assignment is restricted to operating rights only. This assignment does not affect record title interest.

☑ Exhibit "A," which sets forth other provisions between Assignor(s) and Assignee(s), is attached to and made a part of this assignment

| For MMS Use only – Do Not Type Below This Line |
| --- |

This Assignment of Operating Rights Interest has been filed as of the date stamped on this document and hereby approved by the Minerals Management Service on the date below.

By_____   _____   _____  
Authorized Official for MMS                Title                                Approval Date

**Paperwork Reduction Act of 1995 (PRA) Statement:** The PRA (44 U.S.C. 3501 et seq.) requires us to inform you that we collect this information to use in the adjudication process involved in leasing and lease operations. The MMS uses the information to track ownership of leases in the Federal OCS. Responses are mandatory (43 U.S.C. 1334). Proprietary data are covered under 30 CFR 250.197. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB Control Number. Public reporting burden of this form is estimated to average 30 minutes per response, including the time for reviewing instructions, gathering and maintaining data, and completing and reviewing the form. Direct comments regarding the burden estimate or any other aspect of this form to the Information Collection Clearance Officer, Mail Stop 4230, Minerals Management Service, 1849 C Street, NW, Washington, DC 20240.

**MMS** FORM MMS-151   (July 19, 2007 – Supersedes all previous editions of form MMS-151 which may not be used)   Page 1 of 2

---

**Part B – Certification and Acceptance**

---

1. Assignor(s) certifies it is the owner of the operating rights interest in the above-described lease that is hereby assigned to the Assignee(s) specified above.

2. **DEBARMENT COMPLIANCE:** The assignee must comply with the Department of the Interior's nonprocurement debarment and suspension regulations as required by Subpart B of 2 CFR Part 1400 and must communicate the requirement to comply with these regulations to persons with whom it does business related to this operating rights interest assignment by including this term in its contracts and transactions

3. **EQUAL OPPORTUNITY AND AFFIRMATIVE ACTION COMPLIANCE CERTIFICATION**: Assignor(s) and Assignee(s) certify that they are in full compliance with Equal Opportunity Executive Order 11246, as amended, and the implementing regulations at 41 CFR 60-01 – Obligations of Contractors and Subcontractors; and 41 CFR 60-2 – Affirmative Action Programs. These requirements are for the purpose of preventing discrimination against persons on the basis of race, color, religion, sex, or national origin. These regulations have specific performance requirements.

4. Assignee's execution of this assignment constitutes acceptance of all applicable terms, conditions, stipulations and restrictions pertaining to the lease described herein. Applicable terms and conditions include, but are not limited to, an obligation to conduct all operations on the leasehold in accordance with the terms and conditions of the lease, to condition all wells for proper abandonment, to restore the leased lands upon completion of any operations as described in the lease, and to furnish and maintain bond(s) pursuant to regulations at 30 CFR 256. This assignment is subject to the Outer Continental Shelf Lands Act of August 7, 1953, 67 Stat. 462; 43 U.S.C. 1331 et seq., as amended (the "Act"), and Assignee(s) is subject to, and must fully comply with, all applicable regulations now or to be issued under the Act. Notwithstanding any agreement between the Assignor(s) and Assignee(s), the parties' liabilities to the Minerals Management Service are governed by 30 CFR 256.

---

This Assignment of Operating Rights Interest will be made effective between the parties hereto as of 10/1/2008 , upon approval by the Minerals Management Service, United States Department of the Interior.

This instrument may be executed in any number of counterparts, each of which will be deemed an original instrument, but all of which together will constitute but one and the same instrument provided. However, this instrument and any other counterpart hereof, will not be binding unless and until executed by all of the parties, and will not be accepted by the Minerals Management Service unless all counterparts are filed simultaneously.

I certify that the statements made herein by the undersigned are true, complete and correct to the best of my knowledge and belief and are made in good faith.

Title 18 U.S.C. Sec. 1001 makes it a crime for any person knowingly and willfully to make to any Department or agency of the United States any false, fictitious or fraudulent statements or representations as to any matter within its jurisdiction.

**ASSIGNOR** Shell Offshore Inc.  (00689)

By: _R.W. Robison, Jr._
Name: R.W. Robison, Jr.
Title: Attorney-in-Fact

2-10-09
Execution Date

**ASSIGNOR** Marathon Oil Company  (00724)

By: _Brad L. Dowdell_    mdb
Name: Brad L. Dowdell
Title: Attorney-in-Fact

3/31/09
Execution Date

**ASSIGNEE** LLOG Exploration Offshore, Inc. (02058)

By: _Kemberlia Ducote_
Name: Kemberlia Ducote
Title: Secretary

2-19-09
Execution Date

**ASSIGNEE** Davis Offshore, L.P. (02480)
By Davis Offshore Management, LLC
General Partner

By: _George F. Canjar_    JPS
Name: George F. Canjar
Title: Chief Operating Officer

4-2-09
Execution Date

Attach Notary Acknowledgement (not mandatory)

---

**MMS** FORM MMS-151 (July 19, 2007– Supersedes all previous editions of form MMS-151 which may not be used)    Page 2 of 2

## EXHIBIT "A"

Attached to and made a part of that certain Assignment of Operating Rights Interest in Federal OCS Oil and Gas Lease by and between Shell Offshore Inc., Marathon Oil Company, LLOG Exploration Offshore, Inc., and Davis Offshore, L.P. effective October 1, 2008.

This Assignment of Operating Rights Interest in Federal OCS Oil and Gas Lease ("Assignment") is subject to:

i) that certain Farmout Agreement for the NE/4 Green Canyon Block 201 dated effective October 1, 2008, by and between Shell Offshore Inc., Marathon Oil Company, LLOG Exploration Offshore, Inc. ("LLOG"), and Davis Offshore, L.P. ("Davis");

(ii) that certain Unit Operating Agreement entered into as of October 1, 1996, but effective June 15, 1993, by and between Marathon Oil Company, SOI, and BP Exploration & Oil Inc.;

(iii) that certain MMS Unit Agreement for Outer Continental Shelf Exploration, Development and Production Operations on the Green Canyon Block 244 Unit, Blocks 200, 201, 244, 245 Green Canyon, Offshore Louisiana, Contract No. 754393016, dated effective June 15, 1993 ("Unit Agreement");

(iv) that certain Production Handling Agreement for GC 244 Unit Production at the Green Canyon 65 Platform, dated effective February 29, 1996, as amended, by and between SOI, Marathon and BP Exploration & Oil Inc. ("Troika PHA");

(v) that certain Assignment and Conveyance of Overriding Royalty Interest for the NE/4 Green Canyon Block 201 dated effective October 1, 2008, by and between Shell Offshore Inc., Marathon Oil Company, LLOG Exploration Offshore, Inc. ("LLOG"), and Davis Offshore, L.P. ("Davis");

(vi) that certain Agreement for Subsea Production System, dated effective January 1, 2000, between SOI, Shell Deepwater Development Inc., BP Exploration & Oil Inc., Marathon and Santa Fe Snyder Corporation as agent and attorney-in-fact for Brown Angus Properties, Inc.; and

(vii) any other existing agreements which may affect the Lease/Contract Area, including, but not limited to the following:

    Gas Gathering Agreement between Shell Offshore Inc., as successor to Shell Deepwater Development Inc. and Shell Deepwater Production Inc., and Manta Ray Offshore Gathering Company, L.L.C. effective January 17, 1997.

    Gas Gathering Fee Agreement between Shell Offshore Inc., as successor to Shell Deepwater Development Inc. and Shell Deepwater Production Inc., and Manta Ray Offshore Gathering Company, L.L.C., effective January 17, 1997.

Gas Gathering Agreement between Shell Offshore Inc., as successor to BP Exploration & Oil Inc. and Manta Ray Offshore Gathering Company, L.L.C. effective November 1, 1997.

Liquids Separation and Stabilization Letter Agreement between Shell Offshore Inc., as successor to Shell Deepwater Development Inc. and Shell Deepwater Production Inc., and Manta Ray Offshore Gathering Company, L.L.C., dated February 22, 2002, and effective June 1, 1999.

Service Agreement For Rate Schedule FT-2 between Shell Offshore Inc., as successor to Shell Deepwater Development Inc. and Shell Deepwater Production Inc., and Nautilus Pipeline Company, L.L.C. dated December 10, 1997, and effective November 1, 1997.

Amendment to Service Agreement For Rate Schedule FT-2 between Shell Offshore Inc., as successor to Shell Deepwater Development Inc. and Shell Deepwater Production Inc., and Nautilus Pipeline Company, L.L.C. effective February 1, 2005.

Reserve Dedication & Discount Rate Agreement between Shell Offshore Inc., Shell Deepwater Development Inc., Shell Deepwater Production Inc., and Nautilus Pipeline Company, L.L.C., effective January 17, 1997.

Amendment To Reserve Dedication & Discount Rate Agreement between Shell Offshore Inc., as successor to Shell Deepwater Development Inc. and Shell Deepwater Production Inc., and Nautilus Pipeline Company, L.L.C. effective February 1, 2005.

Liquid Transportation Agreement between Shell Offshore Inc., Shell Deepwater Development Inc., Shell Deepwater Production Inc., and Nautilus Pipeline Company, L.L.C. effective January 17, 1997.

Seventh Amendment to Gas Processing Agreement between Enterprise Gas Processing LLC and Shell Offshore Inc. dated April 1, 2004.

Liquid Transportation Agreement between Marathon Oil Company and Nautilus Pipeline Company, LLC dated January 17, 1997.

Service Agreement for Rate Schedule FT-2 between Marathon Oil Company and Nautilus Pipeline Company, LLC dated December 8, 1997 and effective November 1, 1997.

Manta Ray Liquids Separation and Stabilization Agreement between Marathon Oil Company and Manta Ray Offshore Gathering Company, LLC dated March 20, 2003 and effective June 1, 1999.

Reserve and Dedication & Discount Rate Agreement dated January 17, 1997 between Nautilus Pipeline Company, L.L.C. and Marathon Oil Company.

Gas Gathering Fee Agreement dated January 17, 1997 between Manta Ray Offshore Gathering Company, L.L.C. and Marathon Oil Company.

    Gas Gathering Agreement dated January 17, 1997 between Manta Ray Offshore Gathering Company, L.L.C. and Marathon Oil Company.

    Agreement for the Construction and Operation of the Neptune Gas Processing Plant, dated August 10, 1998, between Marathon Oil Company and Tejas Natural Gas Liquids, L.L.C.

    That certain Oil Purchase and Sale Agreement between Marathon Oil Company and Poseidon Oil Pipeline Company, L.L.C. dated November 21, 2008.

This Assignment is delivered and accepted without warranty of title, express or implied, except as to persons claiming by, through or under the Assignor, but not otherwise. The Assignor warrants and represents that the interest conveyed is not subject to any royalty obligations created by, through or under Assignor, other than the Lessor's royalty and the Assignor's ORRI.

This Assignment and the rights, titles, interests, and obligations assigned, reserved, excepted, or retained in this Assignment, shall inure to the benefit of, and shall be binding upon, the successors and assigns of the Assignor and Assignee. The covenants, obligations and agreements contained in this Assignment shall be construed as covenants running with the interest conveyed and the Lease.

Assignee shall have non-exclusive surface rights. As a record title owner of the Lease and an operating rights owner as to all rights except the interest conveyed, Assignor retains the surface rights and the right to drill through the Contract Area to explore, drill, develop and/or produce from the Lease as to depths above and below the Contract Area.

This Assignment is made effective as of October 1, 2008, at 7:00 a.m. local time where the Lease is located, subject to the approval by the Minerals Management Service, United States Department of the Interior.

This Assignment may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the Assignor and Assignee have executed, delivered and accepted this Assignment as of the dates set forth below.

**[THE REST OF THIS PAGE IS LEFT INTENTIONALLY BLANK IN ORDER THAT THE AUTHORIZED SIGNATURES FOR THE PARTIES MAY APPEAR TOGETHER]**

SIGNATURE PAGE FOR ASSIGNMENT BY SHELL OFFSHORE INC. AND
MARATHON OIL COMPANY TO LLOG EXPLORATION OFFSHORE, INC. AND
DAVIS OFFSHORE, L.P.

**ASSIGNORS:**

**WITNESSES:**                          Shell Offshore Inc.

_____           By:_____

                                        Name:_____R. W. Robison, Jr._____

_____           Title:  Attorney-in-Fact

                                        Date:_____


**WITNESSES:**                          Marathon Oil Company

_/s/ Matthew D. Ru_____           By:_/s/ Brad L. Dowdell_____

                                        Name:_____Brad L. Dowdell_____

_/s/ James O. Hammick_____            Title:_____Attorney-in-Fact_____

                                        Date:_March 31, 2009_____


**ASSIGNEES:**

**WITNESSES:**                          LLOG Exploration Offshore, Inc.

_____           By:_____

                                        Name: Kemberlia Ducote

_____           Title:  Secretary

                                        Date:_____

|  |  |
|---|---|
| WITNESSES: | Davis Offshore, L.P.<br>By Davis Offshore Management, LLC<br>General Partner |
| *[signature]* | By: *[signature]* |
| *[signature]* | Name: George F. Canjar |
|  | Title: Chief Operating Officer |
|  | Date: 4-2-09 |

STATE OF LOUISIANA §
§
ORLEANS PARISH §

   **BEFORE ME**, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument as _____, of **Shell Offshore Inc.**, and acknowledged to me that he executed the same for and on behalf of said company, for the purposes and consideration therein expressed, and in the capacity therein stated.

   **GIVEN** under my hand and seal of office this _____ day of _____, 2008.

                _____
                Notary Public in and for the State of Louisiana


STATE OF TEXAS §
§
COUNTY OF HARRIS §

   **BEFORE ME**, the undersigned authority, on this day personally appeared _Brad L. Dowdell_, known to me to be the person whose name is subscribed to the foregoing instrument as _Attorney-in-fact_, of **Marathon Oil Company**, and acknowledged to me that he executed the same for and on behalf of said company, for the purposes and consideration therein expressed, and in the capacity therein stated.

   **GIVEN** under my hand and seal of office this _31st_ day of _March_, 2008.

                _Ofelia M. Cuellar_
                Notary Public in and for the State of Texas

OFELIA M. CUELLAR
Notary Public, State of Texas
Commission Expires 10-17-2010

STATE OF LOUISIANA §
§
PARISH OF JEFFERSON §

  **BEFORE ME**, the undersigned authority, on this day personally appeared Kemberlia Ducote, known to me to be the person whose name is subscribed to the foregoing instrument as Secretary, of **LLOG Exploration Offshore, Inc.**, and acknowledged to me that she executed the same for and on behalf of said company, for the purposes and consideration therein expressed, and in the capacity therein stated.

  **GIVEN** under my hand and seal of office this _____ day of _____, 2008.

_____
Notary Public in and for the State of Texas


STATE OF TEXAS §
§
COUNTY OF HARRIS §

  **BEFORE ME**, the undersigned authority, on this day personally appeared _George F. Canjar_, known to me to be the person whose name is subscribed to the foregoing instrument as _Chief Operating Officer_, of **Davis Offshore, L.P.**, and acknowledged to me that he executed the same for and on behalf of said company, for the purposes and consideration therein expressed, and in the capacity therein stated.

  **GIVEN** under my hand and seal of office this _2nd_ day of _April_, 2008.

[THERESA MCCAULEY / MY COMMISSION EXPIRES / February 2, 2010]

_____
Notary Public in and for the State of Texas