IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**REPLY OF BP EXPLORATION & PRODUCTION, INC.
IN SUPPORT OF ITS MOTION TO QUASH DEBTORS'
BANKRUPTCY RULE 2004 DISCOVERY REQUESTS**

BP Exploration & Production, Inc. ("BP") files this *Reply of BP Exploration & Production, Inc. In Support of its Motion to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (the "Motion"), and respectfully states as follows:

**Preliminary Statement**

1.     As set forth in the Motion, BP maintains that the Debtors' Rule 2004 Requests to BP (the "Rule 2004 Requests") are related to and in furtherance of claims arising under the *Galapagos Area Loop Subsea Production System Construction and Operating Agreement* date December 1, 2011 (the "LSPS OA") and that the Debtors cannot use Rule 2004 to take discovery with respect to claims arising under the LSPS OA because such claims are subject to an arbitration agreement. The Debtors, however, now assert in the *Debtors' Response to Motion of BP Exploration & Production, Inc. to Quash the Debtors' Bankruptcy Rule 2004 Discovery Requests*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Procession LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

[Docket No. 1539] (the "Response") that the 2004 Requests relate not to claims under the LSPS OA, but rather to claims arising under the *Purchase and Sale Agreement by and between BP Exploration & Production Inc. and Fieldwood Energy LLC in respect of Mississippi Canyon Block 519* dated May 17, 2019 (the "PSA").

2. Even assuming the Debtors are seeking to take Rule 2004 discovery purely in furtherance of claims under the PSA, the Rule 2004 Requests are still improper and must be quashed because such claims, along with the underlying property that was sold to the Debtors pursuant to the PSA, Mississippi Canyon Block 519 ("MC 519"), will be transferred to the credit bid purchaser (the "Credit Bid Purchaser") pursuant to the recently confirmed *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1751-1] (the "Plan") and the accompanying purchase agreement attached as Exhibit F to the *Notice of Filing of Amended Plan Supplement in Connection with Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Dkt. No. 1562-1] (the "Credit Bid Purchase Agreement"). Following confirmation, Rule 2004 is not available as a tool for either the Debtors or the Credit Bid Purchaser to conduct discovery in furtherance of causes of action that are no longer property of the Debtors' estates and no longer a part of these chapter 11 cases. Such discovery is not necessary to the continued administration of these cases or to the implementation of the Plan.

3. Accordingly, to the extent the Rule 2004 Requests seek discovery in furtherance of claims arising under the PSA instead of the LSPS OA, the Rule 2004 Requests should still be quashed as such claims will imminently be transferred to the Credit Bid Purchaser on the effective date of the Plan, pursuant to the Plan and the Credit Bid Purchase Agreement.[2]

---

[2] The Debtors have signaled that they are targeting an effective date of July 16, 2021.

**Argument**

A. **Claims Arising Under the PSA Are Being Transferred to Newco Under the Plan and Credit Bid Purchase Agreement**

4. According to the Response, the Rule 2004 Requests are not related to claims under the LSPS OA, but rather claims arising under the PSA. Even accepting, however, that the Rule 2004 Requests do relate only to claims arising under the PSA, not the LSPS OA, any and all claims related to the PSA, along with the property sold to Fieldwood pursuant to the PSA, *viz.*, , are being transferred to the Credit Bid Purchaser pursuant to the terms of the confirmed Plan and the Credit Bid Purchase Agreement. *See* Credit Bid Purchase Agreement §§ 1.2(rr), 11.1(n), 11.2(p); Plan § 10.11.

5. Specifically, pursuant to section 1.2(rr) of the Credit Bid Purchase Agreement, the Credit Bid Purchaser will acquire "all rights, claims, demands and causes of action of the Sellers relating to the Acquired Interests[3] or the Assumed Liabilities, including those set forth on

---

3   Acquired Interests is defined as:

> (x) all of each Seller's right, title and interest in, to, under or derived from the Co-Owned Assets excluding the FWE I Assets and the GOM Shelf Oil and Gas Properties other than the Applicable Shared Asset Interests (which Applicable Shared Asset Interests shall be "**Co-Owned Assets**") and (y) all of each Seller's right, title and interest in, to, under or derived from the Other Assets. As used herein, the term "***Assets***" means the Co-Owned Assets and Other Assets, wherever located, real, personal or mixed, tangible or intangible, known or unknown, as the same shall exist as of the Closing. As used herein, the term "***Co-Owned Assets***" means the following (*provided*, that (subject to the following provisos) Buyer may, from time to time prior to the Designation Deadline, subject to obtaining the Sellers' prior written consent (in the Sellers' sole discretion (it being understood that Buyer shall not add to or remove from the "Co-Owned Assets" any FWE I Asset or GOM Shelf Oil and Gas Properties provided that the foregoing shall not prevent the addition or removal of Applicable Shared Asset Interests as appropriate (which may be added or removed with the Sellers' prior written consent))), add any assets to or remove any assets from the "Co-Owned Assets" (and, in the event an asset is added or removed, to the extent applicable, add, modify or remove any related Liabilities to or from the "Assumed Liabilities") and any affected Exhibit or Schedule (including **Schedule 1.3(d)**) will be updated accordingly, and if Buyer removes any asset from the "Co-Owned Assets" Buyer shall indemnify the Sellers with respect to any Liability incurred by the Sellers as a result of the removal by Buyer of any Co-Owned Asset and the retention by the Sellers of such "Co-Owned Asset"; *provided, further,* that (notwithstanding anything to the contrary in this Section 1.2), Buyer may not remove any assets from the "Co-Owned Assets" after the Designation Deadline).

Credit Bid Purchase Agreement, § 1.2. The Acquired Interests and Assets include, *inter alia*, certain oil and gas leases listed on Exhibit A to the Credit Bid Purchase Agreement and all wells listed on Exhibit C to the Credit Bid

3

Schedule 1.2(rr) . . . ." Credit Bid Purchase Agreement § 1.2(rr). Further, the Credit Bid Purchaser is deemed to have assumed "all Liabilities arising out of or relating to any affirmative defenses of third parties with respect to any Claim or cause of action assigned to Buyer pursuant to Section 1.2(i), Section 1.2(w) and **Section 1.2(rr)** to the extent that if treated as Retained Liabilities such defenses would not constitute general unsecured claims of the Sellers . . . ." Credit Bid Purchase Agreement § 11.1(n) (emphasis added). Finally, the Retained Liabilities of the Debtors under the Credit Bid Purchase Agreement include "all Liabilities arising out of or relating to any Claim with respect to facts and circumstances existing prior to the Closing, including Liabilities for any fines or penalties relating thereto, except (i) as provided in Section 11.1(b) through Section 11.1(h) and (ii) any affirmative defenses of third parties with respect to any Claim or cause of action assigned to Buyer pursuant to Section 1.2(i), Section 1.2(w) and **Section 1.2(rr)** except to the extent that if treated as Retained Liabilities such defenses would constitute general unsecured claims of the Sellers . . . ." Credit Bid Purchase Agreement § 11.2(p) (emphasis added).

6. In conjunction with the above provisions of the Credit Bid Purchase Agreement, the Plan provides as follows:

> Except as otherwise provided in the DIP Order or Plan, including Sections 10.5, 10.6, 10.7, 10.8 and 10.9, nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights, claims, Causes of Action, rights of setoff or recoupment, or other legal or equitable defenses that the Debtors had immediately before the Effective Date on behalf of the Estates or of themselves in accordance with any provision of the Bankruptcy Code or any applicable nonbankruptcy law. The Post-Effective Date Debtors shall have, retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff or recoupment, and other legal or equitable defenses as fully as if the Chapter 11 Cases had not been commenced, and all of the Debtors' legal and equitable rights in respect of any Unimpaired Claim may be asserted after the Confirmation Date and Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

---

Purchase Agreement. *Id.* § 1.2(a), (c). These include the property sold to the Debtors pursuant to the PSA. *See* Credit Bid Purchase Agreement, Ex. A, at p. 12 & Ex. C, at p. 9.

4

Plan § 10.11(a). The Plan defines "Post-Effective Date Debtors" in pertinent part as "the Debtors, as reorganized as of the Effective Date in accordance with this Plan, including FWE III, the Post-Effective Date FWE I Subsidiaries, and any FWE Additional Entities solely to the extent consistent with the applicable Additional Predecessor Agreement Document. For the avoidance of doubt, the Post-Effective Date Debtors ***does not include NewCo or its subsidiaries (including the Credit Bid Purchasers)***, FWE I or FWE IV." Plan § 1.1, at p. 19 (emphasis added).

7. Taken together, the above provisions in the Plan and the Credit Bid Purchase Agreement effect the transfer of MC 519 and any and all claims arising under the PSA to the Credit Bid Purchaser, such as all such claims will no longer be property of the estates in these chapter 11 cases as of the Effective Date of the Plan.[4]

**B.    Neither Fieldwood Nor the Credit Bid Purchaser Will Be Entitled to Take Rule 2004 Discovery on Claims Under the PSA Once the Effective Date Occurs**

8. Once the Plan goes effective and any claims arising under the PSA have been transferred to the Credit Bid Purchaser (presumably next week, as the Debtors anticipate), such claims will no longer be property of the estates in these chapter 11 cases. As such, neither the Debtors nor the Credit Bid Purchaser will be entitled to employ Rule 2004 to conduct discovery against BP in furtherance of any claims the Credit Bid Purchaser may have under the PSA.

9. The scope of discovery pursuant to Rule 2004 is significantly limited following the confirmation of a plan and does not extend to discovery in furtherance of claims that are no longer property of the estates following confirmation. *See, e.g.*, *In re Express One Int'l*, 217 B.R. 215, 216–17 (Bankr. E.D. Tex. 1998) (allowing limited post-confirmation Rule 2004 discovery only to

---

[4] The anticipated Effective Date of the Plan is July 16, 2021 and the Plan is not yet effective as of the date hereof. Nevertheless, given the anticipated Effective Date and any reasonable timeline for discovery in response to the Rule 2004 Requests, the Plan will necessarily go into effect, and the transfer of claims arising under the PSA to the Credit Bid Purchaser will occur, well before completion of the discovery contemplated by the Rule 2004 Requests.

the extent necessary to investigate the debtor's ability to pay an administrative claim required to be paid under the confirmed plan); *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377–79 (Bankr. E.D. Pa. 1988) (allowing limited post-confirmation Rule 2004 discovery against debtors and principals thereof to discovery designed to determine whether the debtors would or could comply with the terms of the confirmed plan).  In particular, such discovery will be limited to the continued administration the case post-confirmation and any other matters over which the Court has retained jurisdiction.  *See Express One*, 217 B.R. at 216; *Cinderella*, 93 B.R. at 377–78; *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 621–25 (Bankr. D. Del. 2016) (allowing post-confirmation Rule 2004 discovery related to pursuit of liquidating trust claims by trustee of liquidating trust established by the confirmed plan); *Ernst & Young, LLP v. Pritchard (In re Daisytek, Inc.)*, 323 B.R. 180,185–88 (N.D. Tex. 2005) (similar).

10.     Thus, Rule 2004 discovery is permitted following confirmation only in certain limited circumstances, none of which include the pursuit by a reorganized debtor of claims that are no longer property of the estate.  Post-confirmation Rule 2004 is permissible where, for example, such discovery is necessary to ensure the proper implementation the terms of a confirmed plan, *see Friedman's Inc. v. Cohen*, Case No. 406-CV-024, 2006 U.S. Dist. LEXIS 114760, at *16–17 (S.D. Ga. June 21, 2006), or to ensure compliance with the terms of a confirmed plan or related agreements or instruments.  *See In re VOX II, LLC*, Case No. 05-20299PM, 2008 Bankr. LEXIS 556, at *5 (Bankr. D. Md. Mar. 4, 2008); *Express One*, 217 B.R. at 216–17; *Cinderella*, 93 B.R. at 377–79.  Similarly, courts also permit limited post-confirmation Rule 2004 discovery where the trustee of a liquidating trust or another similar vehicle established by the confirmed plan, with respect to the pursuit of bankruptcy causes of action transferred to such a trust via the plan. *See Millennium Lab Holdings*, 562 B.R. at 621–25; *Daisytek*, 323 B.R. at 185–86.

11. By contrast, here Fieldwood is seeking to take Rule 2004 discovery with respect to claims that, as of the Effective Date, will no longer be property of the estate, but rather will belong to the Credit Bid Purchaser. Unlike claims held by the trustee of a liquidating trust following confirmation, claims that will belong to the Credit Bid Purchaser post-confirmation are not within the more limited scope of Rule 2004 discovery following confirmation, because such claims will no longer be property of the estates or otherwise subject to this court's post-confirmation jurisdiction once they have been transferred to the Credit Bid Purchaser. *Cf., e.g.*, *Daisytek*, 323 B.R. at 185–86. For the same reasons, Rule 2004 discovery in furtherance of a pre-suit investigation on such claims by the Credit Bid Purchaser or by Fieldwood in no way relates to continued administration of these chapter 11 cases following confirmation of the Plan. *Cf., e.g.*, *VOX II*, 2008 Bankr. LEXIS 556, at *5; *Express One*, 217 B.R. at 216–17.

## **Conclusion**

12. For the reasons set forth above, BP requests that the Court grant its motion and enter an order, substantially in the form attached to the motion as **Exhibit A**, quashing the Rule 2004 Requests filed and served on BP by the Debtors.

*[Signature page follows.]*

Dated: July 9, 2021	Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Shari L. Heyen*
Shari L. Heyen
Texas State Bar Number 09564750
HeyenS@gtlaw.com
Karl D. Burrer
Texas State Bar Number 24043584
BurrerK@gtlaw.com
Nicole S. Bakare
Texas State Bar Number 24056017
BakareN@gtlaw.com
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

Craig A. Duewall (admitted *pro hac vice*)
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

**GREENBERG TRAURIG, P.A.**

John B. Hutton (admitted *pro hac vice*)
HuttonJ@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

***Counsel for BP Exploration & Production Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on July 9, 2021.

/s/ Craig A. Duewall
Craig A. Duewall