**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § § | **Case No. 20-33948 (MI)** |
| **Debtors.**[1] | § § § | **(Jointly Administered)** |

**SUMMARY SHEET FOR THIRD INTERIM FEE APPLICATION**
**OF JONES WALKER LLP FOR ALLOWANCE AND PAYMENT**
**OF FEES AND EXPENSES AS SPECIAL COUNSEL FOR DEBTORS**
**FOR THE PERIOD FEBRUARY 1, 2021 THROUGH APRIL 30, 2021**

| | | |
|---|---|---|
| **Name of Applicant:** | Jones Walker LLP | |
| **Applicant's Role in Case:** | Special Counsel for Debtors | |
| **Date Order of Employment Signed:** | 04/29/2021 [Docket No. 1317] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 02/01/2021 | 04/30/2021 |
| **Time period(s) covered by prior Applications:** | 08/03/2020 | 01/31/2021 |
| **Total amounts awarded in all prior Applications:** | | $411,931.24 |
| **Total fees requested in this Application:** | | $662,546.00 |
| **Total professional fees requested in this Application:** | | $661,227.00 |
| **Total actual professional hours covered by this Application:** | | 1,105.2 |
| **Average hourly rate for professionals:** | | $598.29 |
| **Total paraprofessional fees requested in this Application:** | | $1,319.00 |
| **Total actual paraprofessional hours covered by this Application:** | | 6.0 |
| **Average hourly rate for paraprofessionals:** | | $220.83 |
| **Reimbursable expenses sought in this application:** | | $10,894.42 |
| **Total to be Paid to Priority Unsecured Creditors:** | | N/A |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

| | |
|---|---|
| **Anticipated % Dividend to Priority Unsecured Creditors:** | N/A |
| **Total to be Paid to General Unsecured Creditors:**[2] | Except to the extent that a holder of an Allowed General Unsecured Claim agrees to less favorable treatment, on or after the Effective Date, in full and final satisfaction of and in exchange for such Allowed General Unsecured Claim, each holder of an Allowed General Unsecured Claim shall receive, up to the full amount of such holder's Allowed General Unsecured Claim, its Pro Rata Share of: (i) the GUC Warrants; and (ii) any Residual Distributable Value. |
| **Anticipated % Dividend to General Unsecured Creditors:** | N/A |
| **Date of Confirmation Hearing:** | June 21-25, 2021 |
| **Indicate whether plan has been confirmed:** | Yes [Docket No. 1751] |

---

[2]     In addition to Class 6B claimants (General Unsecured Claims), the plan of reorganization filed on April 15, 2021 addresses Class 6A claimants (Unsecured Trade Claims) separately.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**THIRD INTERIM FEE APPLICATION OF
JONES WALKER LLP FOR ALLOWANCE AND PAYMENT
OF FEES AND EXPENSES AS SPECIAL COUNSEL TO DEBTORS
FOR THE PERIOD FEBRUARY 1, 2021 THROUGH APRIL 30, 2021**

---

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

TO THE UNITED STATES BANKRUPTCY JUDGE MARVIN ISGUR:

Jones Walker LLP ("Jones Walker"), special counsel for Fieldwood Energy LLC and its

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

affiliated debtors and debtors in possession (collectively, the "Debtors"), submits this *Third Interim Fee Application of Jones Walker LLP for Allowance and Payment of Fees and Expenses as Special Counsel for Debtors for the Period February 1, 2021 through April 30, 2021* (the "Application") for interim allowance of fees in the amount of $662,546.00 and reimbursement of expenses in the amount of $10,894.42 for the period February 1, 2021 through April 30, 2021 (the "Third Compensation Period"). In support of this Application, Jones Walker respectfully represents as follows:

## JURISDICTION AND BACKGROUND

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), Rule 8 of the Court Procedures for this Court (the "Court Procedures"), the applicable provisions of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"); and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses For Professionals* [Docket No. 367] (the "Interim Compensation Order").

**BACKGROUND**

**I.      The Debtors' Chapter 11 Cases**

4.      On August 3, 2020 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules.

6.      On August 18, 2020, the United States Trustee for Region 7 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. No request for the appointment of a trustee or examiner has been made.

7.      A description of the Debtors' business, the reasons for commencing the Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into Chapter 11 are set forth in the *Declaration of Michael Dane in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 29] (the "Dane Declaration"), filed on June 29, 2020, and incorporated herein by reference.

8.      On September 17, 2020, the Court entered the Interim Compensation Order.

**II.      Retention of Jones Walker as Special Counsel for the Debtors**

9.      By Order entered on October 6, 2020 (the "Retention Order") [Docket No. 411], the Court authorized the retention of Jones Walker as special counsel for Debtors.

10.      The Debtors' retention of Jones Walker was approved *nunc pro tunc* to the Petition Date. The Retention Order authorizes Jones Walker to be compensated in accordance with the

procedures set forth in Bankruptcy Code sections 328, 330, and 331, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

11.    For the ninety (90) days prior to the Petition Date, Jones Walker received payments and advances from the Debtors in the aggregate amount of $513,723.50 for professional services, including a retainer of $50,000.00. As of the Petition Date, Jones Walker had a remaining balance on retainer of $2,138.37. As indicated in the *Application of Debtors for Authorization to Retain and Employ Jones Walker LLP as Special Counsel for Debtors Effective Nunc Pro Tunc to the Petition Date* [Docket No. 290], Jones Walker intends to hold the balance on retainer for services rendered and expenses incurred subsequent to the Petition Date.

## III.    Prior Applications and Monthly Fee Statements

12.    On March 26, 2021, Jones Walker filed its *First Interim Fee Application of Jones Walker LLP for Allowance and Payment of Fees and Expenses as Special Counsel for Debtors for the Period August 3, 2020 through October 31, 2020* [Docket No. 1167] (the "First Interim Fee Application"). The Court entered an order approving the First Interim Fee Application on April 29, 2021 [Docket No. 1317].

13.    On the date of this Application, Jones Walker simultaneously[2] filed its *Second Interim Fee Application of Jones Walker LLP for Allowance and Payment of Fees and Expenses as Special Counsel for Debtors for the Period November 1, 2020 through January 31, 2021* (the "Second Interim Fee Application"). The Court has not yet entered an order approving the Second Interim Fee Application.

---

[2]    Jones Walker is filing this Application at the same time as the Second Interim Fee Application, which is approximately six months behind, due in part to an agreement with counsel for the Debtors to hold off filing the First Interim Fee Application pending revisions to the disclosure statement.

14.     In accordance with the Interim Compensation Order, Jones Walker has submitted to the Fee Notice Parties (as defined in the Interim Compensation Order) three (3) monthly fee statements (the "Monthly Fee Statements"), covering the Third Compensation Period.

15.     On March 29, 2021, Jones Walker submitted the *Monthly Fee Statement of Jones Walker LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for Debtors for the Period February 1, 2021 through February 28, 2021* (the "February Fee Statement"). For the statement period of the February Fee Statement, Jones Walker sought payment of $130,070.80 (80% of $162,588.50) on account of actual, reasonable and necessary professional services rendered to the Debtors by Jones Walker; and (ii) $2,391.26 for reimbursement of actual and necessary expenses incurred on behalf of the Debtors by Jones Walker, for a total of $132,462.06. There were no objections to the February Fee Statement.

16.     On April 16, 2021, Jones Walker received a payment of $132,462.06 for fees and expenses invoiced for the February Fee Statement.

17.     On April 19, 2021, Jones Walker submitted the *Monthly Fee Statement of Jones Walker LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for Debtors for the Period March 1, 2021 through March 31, 2021* (the "March Fee Statement"). For the statement period of the March Fee Statement, Jones Walker sought payment of $194,597.20 (80% of $243,246.50) on account of actual, reasonable and necessary professional services rendered to the Debtors by Jones Walker; and (ii) $6,930.07 for reimbursement of actual and necessary expenses incurred on behalf of the Debtors by Jones Walker, for a total of $201,527.27. There were no objections to the March Fee Statement.

18.     On July 1, 2021, Jones Walker received a payment of $201,527.27 for fees and expenses invoiced for the March Fee Statement.

19.     On May 13, 2021, Jones Walker submitted the *Monthly Fee Statement of Jones Walker LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel for Debtors for the Period April 1, 2021 through April 30, 2021* (the "April Fee Statement"). For the statement period of the April Fee Statement, Jones Walker sought payment of $205,368.80 (80% of $256,711.00) on account of actual, reasonable and necessary professional services rendered to the Debtors by Jones Walker; and (ii) $1,573.09 for reimbursement of actual and necessary expenses incurred on behalf of the Debtors by Jones Walker, for a total of $206,941.89. There were no objections to the April Fee Statement.

20.     On June 1, 2021, Jones Walker received a payment of $206,941.89 for fees and expenses invoiced for the April Fee Statement.

21.     Pursuant to this Application, Jones Walker seeks interim approval and payment of fees and expenses that were requested pursuant to the Monthly Fee Statements covering the Third Compensation Period and this Application. A summary of amounts billed by Jones Walker during the Third Compensation Period and paid as of the date of this Application is set forth in the following chart[3]:

| Period | Fees Incurred | Fees Requested | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|---|
| February 1, 2021 – February 28, 2021 | $162,588.50 | $130,070.80 | $130,070.80 | $2,391.26 | $2,391.26 | $32,517.70 |
| March 1, 2021 – March 31, 2021 | $243,246.50 | $194,597.20 | $194,597.20 | $6,930.07 | $6,930.07 | $48,649.30 |

---

[3] Additional amounts for fees and expenses incurred following the Third Compensation Period (i.e., for dates after April 30, 2021) have been invoiced and partly paid as of the date of this Application. These amounts are not included in this Application but will be included on a subsequent interim fee application yet to be filed.

| Period | Fees Incurred | Fees Requested | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|---|
| April 1, 2021 – April 30, 2021 | $256,711.00 | $205,368.80 | $205,368.80 | $1,573.09 | $1,573.09 | $51,342.20 |
| **TOTAL:** | **$662,546.00** | **$530,036.80** | **$530,036.80** | **$10,894.42** | **$10,894.42** | **$132,509.20** |

## IV.   U.S. Trustee Guidelines

22.   Jones Walker responds to the following questions set forth in the U.S. Trustee Guidelines:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | | | N/A |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees. | Yes | | 15.2 hours; $5,168.00 fees |

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |
| Does the fee application include any rate increases since retention in this case? | | Yes | Effective January 1, 2021, some individual billing rates assigned to the professionals providing services in these Chapter 11 Cases increased within the original ranges of customary hourly rates for Jones Walker as set forth in the Application. The ranges of customary hourly rates for Jones Walker remain unchanged. |

23.     The compensation requested in connection with the services provided during the Third Compensation Period are supported by the following Exhibits,[4] all annexed hereto:

a)  **Exhibit A** contains a disclosure of "customary and comparable compensation."

b)  **Exhibit B** contains a summary of Jones Walker timekeepers included in this Application.

c)  **Exhibit C** contains a summary of compensation requested by project category.

d)  **Exhibit D** summarizes the fees and expenses paid to date and the balance of fees and expenses for which interim allowance and payment is requested in this Application.

e)  **Exhibit E** summarizes by category the expenses for which allowance is sought in this Application.

f)  **Exhibit F** contains a copy of the February Fee Statement submitted by Jones Walker, which includes detailed descriptions of fees and expenses incurred during the period of February 1, 2021 through February 28, 2021 and narrative descriptions of the services rendered by each timekeeper.

---

[4] **Exhibits A-E** are patterned on the U.S. Trustee Guidelines.

g) **Exhibit G** contains a copy of the March Fee Statement submitted by Jones Walker, which includes detailed descriptions of fees and expenses incurred during the period of March 1, 2021 through March 31, 2021 and narrative descriptions of the services rendered by each timekeeper.

h) **Exhibit H** contains a copy of the April Fee Statement submitted by Jones Walker, which includes detailed descriptions of fees and expenses incurred during the period of April 1, 2021 through April 30, 2021 and narrative descriptions of the services rendered by each timekeeper.

## FEES AND EXPENSES

24.     A summary of Jones Walker's hourly fees by timekeeper is attached as **Exhibit B**, and detailed records of all fees and expenses incurred during the Third Compensation Period are included with the February Fee Statement, March Fee Statement, and April Fee Statement attached as **Exhibit F**, **Exhibit G**, and **Exhibit H**. Jones Walker's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, meals, secretarial overtime, postage, and certain other office services. In these cases, Jones Walker charges $0.20 per page for internal duplication. Jones Walker does not charge for facsimile transmissions. In accordance with the *Uniform Texas Rules for Complex Chapter 11 Procedures,* this Application only seeks reimbursement for the reasonable cost of meals while traveling and does not seek reimbursement for "working meals" or for overtime costs.

## SUMMARY OF SERVICES RENDERED BY PROJECT CATEGORY

25.     During these Chapter 11 Cases, Jones Walker has rendered services for the Debtors as requested and as appropriate. The variety and complexity of the issues in these cases and the need to act or respond to issues on an expedited basis in furtherance of the Debtors' interests have

required the expenditure of substantial time by Jones Walker personnel from several legal disciplines as needed. Among other things, Jones Walker advised the Debtors on a regular basis with respect to the design and implementation of a restructuring strategy as it affected the special matters for which Jones Walker was engaged, prepared and filed applications and pleadings submitted to the Court for consideration, analyzed issues arising in connection with this case, engaged with the Debtors and other parties in interest with respect to such issues, and performed all other necessary professional services, which are described in detail herein.

26.     Jones Walker provided extensive services to the Debtors, which are separated into the major billing categories identified below. In classifying the services provided by Jones Walker into task codes, Jones Walker attempted to place the services performed in the category that best relates to the services provided.

27.     The following summary of services rendered during the Third Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in the time records included in the February Fee Statement, March Fee Statement, and April Fee Statement attached as **Exhibit F**, **Exhibit G**, and **Exhibit H**. Instead, the summary of services highlights certain of those areas in which significant services were rendered to the Debtors.

    **a)**    **Case Administration – Task Code B110**
             **Fees: $34,765.00; Hours: 57.7**

28.     This category includes matters related to oil and gas regulatory advices, among other things: analyzing strategy and various case issues; case research and background; reviewing and analyzing motions and orders and communications with the other professionals to attempt to resolve issues therewith consensually; preparing task lists; holding update calls with the parties in interest to discuss outstanding issues and upcoming matters; and performing other necessary

administrative tasks. This category also includes communications with the advisors to the Debtors and other stakeholders in addition to various internal communications and numerous conference calls and meetings concerning general status updates on an as-needed basis and attending to issues to ensure efficient and timely completion of the myriad tasks necessary to represent the Debtors effectively and efficiently in civil and criminal regulatory enforcement actions. In addition, Jones Walker regularly monitored the docket maintained in these Chapter 11 Cases to track the filing of pleadings and to remain apprised of critical matters. For each significant pleading filed related to oil and gas, regulatory, and governmental relations matters, Jones Walker attorneys ensured that the Debtors were notified of the filed documents, relevant objection and response deadlines, hearing dates, and any other critical dates and prepared summaries of such pleadings where appropriate.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Joshua A. Norris, Jr. | Partner | $650.00 | 7.6 | $4,940.00 |
| Pauline F. Hardin | Partner | $625.00 | 39.6 | $24,750.00 |
| Kristina M. Johnson | Partner | $500.00 | 8.0 | $4,000.00 |
| Stanley A. Millan | Special Counsel | $430.00 | 2.5 | $1,075.00 |
| TOTAL: | | | 7.6 | $34,765.00 |

b) **Fee/Employment Applications – Task Code B160**
   **Fees: $26,418.00; Hours: 77.7**

29.     This category includes time spent drafting the Second Interim Fee Application; reviewing the U.S. Trustee Guidelines and applicable local rules and Complex Chapter 11 Procedures regarding allowable fees and expenses; reviewing Jones Walker invoices for privilege

and confidentiality and compliance with the U.S. Trustee Guidelines; and preparing and filing Jones Walker's February Fee Statement, March Fee Statement, and April Fee Statement.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Gabrielle A. Ramirez | Associate | $340.00 | 77.7 | $26,418.00 |
| TOTAL: | | | 110.3 | $26,418.00 |

**c)** **Avoidance Action Analysis – Task Code B180**
**Fees: $270,130.00; Hours: 385.9**

30.     This category includes matters dealing with the assertion, settlement, or litigation of the recovery of transfers related to civil and criminal regulatory enforcement actions, including extensive analysis and communications with the Debtors, internal co-counsel, and numerous other professionals involved in such actions. Specifically, Jones Walker attorneys spent time pursuing various pending appeals, ongoing criminal investigations, the enforcement of the Debtors' contractual rights against various third parties, and possible predecessor liability claims.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| James Noe | Partner | $700.00 | 385.9 | $270,130.00 |
| TOTAL: | | | 385.9 | $270,130.00 |

**d)** **Other Contested Matters – Task Code B190**
**Fees: $230,023.50; Hours: 393.5**

31.     This category includes time spent by Jones Walker attorneys and paraprofessionals providing general legal advice regarding oil and gas, regulatory, and governmental relations matters. Specifically, Jones Walker attorneys and paraprofessionals spent time researching, preparing position papers, and advising the Debtors' management on matters related to the Eugene

Island 341 appeal, the Debtors' decommissioning obligations, various civil penalty issues, and maritime liens issues.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Jonathan A. Hunter | Partner | $700.00 | 217.3 | $152,110.00 |
| Joshua A. Norris, Jr. | Partner | $650.00 | 0.8 | $520.00 |
| Joseph E. Bain | Partner | $600.00 | 0.4 | $240.00 |
| Michael W. Magner | Partner | $520.00 | 17.8 | $9,256.00 |
| Sarah Y. Dicharry | Partner | $460.00 | 107.4 | $49,404.00 |
| Taylor K. Wimberly | Associate | $375.00 | 48.7 | $18,262.50 |
| Georgette M. Shaien | Paraprofessional | $205.00 | 1.1 | $231.00 |
| TOTAL: | | | 393.5 | $230,023.50 |

**e)    Business Operations – Task Code B210**
**Fees: $56,666.50; Hours: 100.6**

32.    This category includes time incurred by Jones Walker attorneys and paraprofessionals providing oil and gas regulatory advices, particularly relating to the Debtors' ongoing business operations, and working to ensure a smooth transition into chapter 11 such that business operations would continue without interruption going forward. Specifically, Jones Walker attorneys and paraprofessionals spent time reviewing conflicts related to the Chapter 11 Cases to ensure compliance therewith and lender responses to legal violations related to the Debtors' ongoing business operations.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Richard D. Bertram | Partner | $565.00 | 100.1 | $56,556.50 |
| Mellaine B. Salinas | Paraprofessional | $220.00 | 0.5 | $110.00 |
| **TOTAL:** | | | **100.6** | **$56,666.50** |

**f)** **Financing/Cash Collection – Task Code B230**
**Fees: $3,016.00; Hours: 5.2**

33.     This category includes time spent by Jones Walker attorneys providing advices in connection with the Debtors' available financing, including researching matters related to oil well liens, discussing regulatory impediments to enforcements of oil well liens, and drafting arguments related to the enforcement of federal lease privileges.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| David M. Hunter | Partner | $580.00 | 5.2 | $3,016.00 |
| **TOTAL:** | | | **5.2** | **$3,016.00** |

**g)** **Tax Issues – Task Code B240**
**Fees: $4,750.00; Hours: 10.8**

34.     This category includes time spent by Jones Walker attorneys reviewing, analyzing, and researching issues in connection with mechanic's lien issues, mortgage recording taxes, and recording fees.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| John F. Fletcher | Partner | $565.00 | 1.4 | $791.00 |
| C. Ellis Brazeal, III | Partner | $485.00 | 1.4 | $679.00 |
| Paul O. Woodall, Jr. | Partner | $410.00 | 8.0 | $3,280.00 |
| **TOTAL:** | | | **10.8** | **$4,750.00** |

**h)      Real Estate – Task Code B250**
       **Fees: $1,676.50; Hours: 5.5**

35.     This category includes time spent by Jones Walker attorneys in connection with the reviewing, analyzing, and researching issues in connection with construction liens, recording requirements, and related filing fees.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Mark T. Davis | Partner | $395.00 | 2.3 | $908.50 |
| B. Karan Payne | Paraprofessional | $240.00 | 3.2 | $768.00 |
| TOTAL: | | | **5.5** | **$1,676.50** |

**i)      General Bankruptcy Advice – Task Code B410**
       **Fees: $4,270.00; Hours: 8.6**

36.     This category includes time spent by Jones Walker attorneys providing advices in connection with the filing of various pleadings related to the Debtors' ongoing litigation, including researching matters related to the abandonment of wells, analyzing the Debtors' decommissioning obligations, reviewing precedent related to extending the Debtors' automatic stay, and analyzing the effect of successor liability in relation to the Plan.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Joseph E. Bain | Partner | $600.00 | 2.4 | $1,440.00 |
| Grady S. Hurley | Partner | $490.00 | 1.0 | $490.00 |
| Daniel J. Baldwin | Associate | $450.00 | 5.2 | $2,340.00 |
| TOTAL: | | | **8.6** | **$4,270.00** |

**j)      Restructuring – Task Code B420**
**Fees: $28,428.00; Hours: 60.1**

37.      This category includes time spent by Jones Walker attorneys in connection with the undertakings for advancements, including reviewing, analyzing, and researching related issues and preparing memorandums on security and corporate compliance issues.

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| Pauline F. Hardin | Partner | $625.00 | 17.8 | $11,125.00 |
| Elizabeth L. Craddock | Special Counsel | $600.00 | 9.8 | $5,880.00 |
| Robert B. Bieck, Jr. | Partner | $590.00 | 0.2 | $118.00 |
| Elise M. Henry | Associate | $350.00 | 17.3 | $6,055.00 |
| Jordan B. Retif | Associate | $350.00 | 15.0 | $5,250.00 |
| **TOTAL:** | | | **60.1** | **$28,428.00** |

**k)      Other Task Codes**

38.      Jones Walker billed *de minimis* amounts (fewer than 5 hours) to each of the following task categories:

| Task Code | Project Category | Total Hours Billed | Total Fees Requested |
|---|---|---|---|
| B120 | Asset Analysis/Recovery | 2.7 | $1,070.00 |
| B260 | Board of Directors Matters | 1.0 | $700.00 |
| B310 | Claims/Admin/Objections | 1.3 | $272.50 |
| B320 | Plan/Disclosure Statement | 0.6 | $360.00 |
| **TOTAL:** | | **5.6** | **$2,402.50** |

| Professional | Position | Billing Rate | Hours | Total |
|---|---|---|---|---|
| James Noe | Partner | $700.00 | B260 - 1.0 | B260 - $700.00 |
| Pauline F. Hardin | Partner | $625.00 | B310 - 0.1 | B310 - $62.50 |
| Joseph E. Bain | Partner | $600.00 | B120 - 0.2<br>B320 - 0.5 | B120 - $120.00<br>B320 - $300.00 |
| R. Patrick Vance | Partner | $600.00 | B320 - 0.1 | B320 - $60.00 |
| Chad J. Hammons | Partner | $380.00 | B120 - 2.5 | B120 - $950.00 |
| B. Cecilia Ortiz | Paraprofessional | $175.00 | B310 - 1.2 | B310 - $210.00 |
| **TOTAL:** | | | **5.6** | **$2,402.50** |

39.     Among other things, the time in these task codes relates to efforts undertaken by Jones Walker evaluating the Debtors' proposed asset sales and potential recovery; the effect of potential maritime lien claims; certain civil and criminal regulatory enforcement actions against the Debtors' estate and objections and procedures related thereto; and the financial implications regarding the Debtors' various litigation matters.

### VALUATION OF SERVICES

40.     As set forth in the charts attached hereto as **Exhibit B**, the attorneys and paraprofessionals of Jones Walker expended a total of 1,111.2 hours during the Third Compensation Period. The specific categories of the work performed by Jones Walker during the Third Compensation Period are set forth in the charts attached hereto as **Exhibit C**. Jones Walker has charged its normal hourly rates for work of this character. The reasonable value of the services rendered by Jones Walker to the Debtors during the Third Compensation Period is $662,546.00.

41.     In accordance with the factors enumerated in Bankruptcy Code section 330, Jones Walker respectfully submits that the foregoing amounts requested by Jones Walker are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services other for non-bankruptcy cases. Moreover, Jones Walker has reviewed the requirements set forth in Bankruptcy Local Rule 2016-1 and believes this Application complies with such Rule.

## ACTUAL AND NECESSARY DISBURSEMENTS

42.     As set forth in **Exhibit E**, a total of $10,894.42 of actual, necessary expenses were incurred by Jones Walker during the Third Compensation Period. Jones Walker's disbursement policies pass through all expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. Other reimbursable expenses passed through "at cost" (whether the service is performed by Jones Walker in-house or through a third party vendor) include deliveries, court costs, travel meals, transcript fees, discovery and temporary legal staffing services, travel[5] and filing fees.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEY'S FEES

43.     Bankruptcy Code section 330 authorizes the Court to award professional persons employed pursuant to Bankruptcy Code section 1103 reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses incurred. *See* 11 U.S.C. § 330; *see also Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 427 (5th Cir. 2021) (holding that if a fee applicant establishes that its services were necessary to the administration of a bankruptcy case or reasonably likely to benefit the bankruptcy estate at the time at which they were rendered, then the services are compensable). Specifically, Bankruptcy Code section 330(a) provides:

> (1)     After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103-

---

[5] Travel costs are reduced in accordance with the U.S. Trustee Guidelines.

    (A)   reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)   reimbursement for actual, necessary expenses . . .

\* \* \*

(3)    In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

    (A)   the time spent on such services;

    (B)   the rates charged for such services;

    (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(1) and (a)(3).

44.    The Fifth Circuit traditionally has used the lodestar method to calculate reasonable attorneys' fees. *See Combs v. City of Huntington Texas,* 829 F.3d 388, 392 (5th Cir. 2016); *see also In re Fender,* 12 F.3d 480, 487 (5th Cir. 1994). The lodestar is derived by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. *See Shipes v. Trinity Indus*., 987 F.2d 311, 319 (5th Cir. 1993). A court then may adjust the lodestar up or down based on the factors contained in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Am. Benefit Life Ins. Co. v. Braddock (In re First Colonial Corp. of Am.),* 544 F.2d 1291, 1298 (5th Cir. 1977) (applying the *Johnson* factors in the bankruptcy context). The *Johnson* factors include: (1) time and labor

required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the professional services properly; (4) the preclusion of other employment by the professional due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19; *see also In re Cole*, No. 18-35182, 2020 Bankr. LEXIS 1921, at *26 (Bankr. S.D. Tex. July 20, 2020) (applying the *Johnson* factors).

45.     As more fully set forth below, Jones Walker respectfully submits that the *Johnson* factors and the elements governing awards of compensation pursuant to Bankruptcy Code sections 330 and 331 justify the allowance of the fees and expenses incurred in its representation of the Debtors during the Third Compensation Period.

## APPLICATION OF THE *JOHNSON* FACTORS

46.     The professional services rendered by Jones Walker during the Third Compensation Period required a high degree of professional competence and expertise so that the numerous bankruptcy, litigation, and other issues that arose during the pendency of these cases could be addressed with skill and efficiency. Jones Walker submits that the services rendered to the Debtors were performed efficiently and effectively and that the results obtained have provided tangible, identifiable, and material benefits to the Debtors' estate.

## I.     The Time and Labor Required

47.     As stated above, Jones Walker's attorneys and paraprofessionals have expended 1,111.2 hours during the Third Compensation Period in the representation of the Debtors. All of the time spent was necessary and appropriate for the representation of the Debtors. This is

especially true when considering the nature and urgency of the issues and tasks that arose in and around these Chapter 11 Cases, including, among other things, in-depth analysis of pending appeals, criminal investigations, enforcement actions, and their impact on the overall restructuring efforts of the Debtors.

48.     Jones Walker's representation of the Debtors has required it to balance the need to provide quality services with the need to act quickly and to represent the Debtors in an effective, efficient and timely manner. Jones Walker submits that the hours spent were reasonable given the size and complexity of this case, the significant, and often times urgent, legal and business issues raised, and the numerous pleadings filed in these cases. All of the services performed were necessary to assist the Debtors in fulfilling its statutory duties and proceeding through these Chapter 11 Cases in an expeditious and efficient manner.

## II.      The Novelty and Difficulty of the Questions Involved

49.     These Chapter 11 Cases are designated as "complex" cases and involve a significant number of complex issues in the areas of restructuring, litigation, finance, and environmental law. *See Order Granting Complex Chapter 11 Case Treatment* [Docket No. 18]. The Debtors have a complex capital structure and there are many classes of claims and interests with various recoveries. Jones Walker's effective advocacy and creative approach helped clarify and resolve a number of issues presented during the pendency of this matter, as described in this Application.

## III.      The Skill Required to Perform the Professional Services Properly

50.     Jones Walker believes that its recognized expertise in the areas for which it has been engaged, its ability to draw from highly experienced professionals in other areas of Jones Walker's practice including bankruptcy and restructuring, and its creative approach to the

resolution of issues has contributed to the successful administration of these cases and benefited the Debtors' estates. Due to the nature and complexity of the legal issues presented in this case, Jones Walker was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation, and corporate matters. Complex issues relating to the pending enforcement actions and the negotiation and/or litigation of each of the foregoing required highly-skilled and experienced attorneys to protect the interests of the Debtors. Additionally, Jones Walker's strong working relationship with various interested parties enabled Jones Walker to work with such professionals towards consensual resolutions of many of the salient issues in these cases. Jones Walker respectfully submits that its professionals have provided substantial benefits to the Debtors during the Third Compensation Period.

## IV.    The Preclusion of Other Employment by the Professional Due to Acceptance of the Case

51.    Due to the size of Jones Walker's bankruptcy and restructuring team, Jones Walker's representation of the Debtors did not preclude its acceptance of new clients.

## V.    The Customary Fee

52.    The rates charged by the Jones Walker attorneys and paraprofessionals in these Chapter 11 Cases are the same rates charged by Jones Walker in connection with non-bankruptcy work. The professional fees sought herein are based upon Jones Walker's normal hourly rates for services of this kind. Jones Walker respectfully submits that the professional fees sought herein are not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Debtors, and are commensurate with fees Jones Walker has been awarded in other cases, as well as with professional fees charged by other attorneys of comparable experience.

## VI.      Whether the Fee is Fixed or Contingent

53.      Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained. The collective efforts of the various parties in interest and their respective professionals, including Jones Walker, have resulted in the consensual resolution of many significant issues in this case in a relatively short period of time given the complexity of these cases. Jones Walker's expectation upon accepting this representation was that it would receive compensation for professional services rendered at its customary rates.

## VII.     Time Limitations Imposed by the Client or the Circumstances

54.      As previously set forth herein, Jones Walker was required to attend to certain issues arising in these Chapter 11 Cases in compressed and urgent time periods. Jones Walker attorneys and paraprofessionals effectively addressed various issues for the benefit of the Debtors in compressed time periods.

## VIII.    The Amount Involved and the Results Obtained

55.      During the Third Compensation Period, and as described in the summary of services, Jones Walker was instrumental in protecting the interests of the Debtors and maximizing value for the Debtors' estate. In particular, and among other things, these services include Jones Walker's efforts with respect to analyzing the pending enforcement actions. Jones Walker submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of the Debtors as more fully described in the summary of services.

### IX.     The Experience, Reputation, and Ability of the Professionals

56.     Jones Walker believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy, litigation, and corporate matters. Jones Walker's attorneys, over many years, have appeared in bankruptcy courts throughout the United States providing legal representation to trustees, debtors, secured creditors, and unsecured creditors in proceedings under the Bankruptcy Code. Further, Jones Walker has a sophisticated bankruptcy and restructuring practice and is playing or has played a major role representing debtors and debtors in possession in other cases.

57.     Jones Walker's experience enabled it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of reorganization, Jones Walker called upon the expertise of its partners and associates in other practice areas to perform the wide ranging scope of the legal work necessitated by these Chapter 11 Cases, including, corporate work and litigation.

### X.     The Undesirability of the Case

58.     This matter was not undesirable for Jones Walker.

### XI.     The Nature and Length of the Professional Relationship with the Client

59.     Jones Walker has acted as special counsel to the Debtors since October 6, 2020 and has rendered services continuously to the Debtors from that date to the present.

### XII.     Awards in Similar Cases

60.     Jones Walker submits that the fees and expenses for which it seeks compensation and reimbursement in this Application are not excessive and are commensurate with the rates awarded in similar cases in this district for similar services rendered and results obtained. The services provided in connection with the fees requested by Jones Walker during the Third

Compensation Period are more fully described in the invoices attached hereto as **Exhibit F**, **Exhibit G**, and **Exhibit H**. After taking into consideration the time and labor spent thus far, and the nature and extent of the representation, Jones Walker believes the allowance requested herein is reasonable and should be approved.

## NO PRIOR REQUEST

61.     Except for the filing of the prior monthly fee statements, no prior application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, Jones Walker respectfully requests that the Court enter an order approving the interim allowance of fees in the amount of $662,546.00 as compensation for professional services rendered and the sum of $10,894.42 as reimbursement of actual necessary costs and expenses.

Dated: July 23, 2021                               Respectfully submitted,

                                                             /s/ James Noe
                                                             James Noe (TX Bar No. 24040178)
                                                             JONES WALKER LLP
                                                             811 Main Street, Suite 2900
                                                             Houston, Texas 77002
                                                             Tel:  713-437-1800
                                                             Fax:  713-437-1801
                                                             Email: jnoe@joneswalker.com

                                                             -and-

                                                             Mark A. Mintz (SDTX No. 1140193)
                                                             JONES WALKER LLP
                                                             201 St. Charles Avenue, 49th Floor
                                                             New Orleans, Louisiana 70170
                                                             Tel:  504-582-8368
                                                             Fax:  504-589-8368
                                                             Email: mmintz@joneswalker.com

                                                             *Special Counsel for Fieldwood Energy, LLC et al.*

**VERIFICATION**

James Noe, after being duly sworn according to law, deposes and says:

      1.      I am a partner with the applicant firm, Jones Walker LLP.

      2.      I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

      3.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Rule 2016-1 of the Bankruptcy Local Rules and the U.S. Trustee Guidelines and submit that the Application substantially complies with such rules.

                                                                */s/ James Noe*
                                                               James Noe

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on July 23, 2021, a copy of the foregoing was served via the Court's ECF system upon all parties receiving notice through same.


<u>*/s/ Alfredo R. Pérez*</u>
Alfredo R. Pérez