## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.,* | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## ORDER IN AID OF IMPLEMENTATION OF THE PLAN
### [Relates to Docket No. 1751]

Upon consideration of the statements regarding the relief requested in this Order at certain status conference held on August 4, 2021, at 10:30 a.m. (prevailing Central Time) (the "**Status Conference**"), and at a further status conference before the Court, if any, (the "**Final Status Conference**"); and the Court having jurisdiction to consider the relief requested herein pursuant to 28 U.S.C. § 1334; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth at the Status Conference and Final Status Conference establish just cause for the relief granted herein; and it appearing that the relief requested in this Order is in the best interests of Fieldwood Energy LLC ("**Fieldwood**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

(collectively, the "**Debtors**") and their respective estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,[2]

### IT IS HEREBY FOUND THAT:

1.      The *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "**Confirmation Order**") provides, in relevant part, that "[t]he Bankruptcy Court (i) approves the Apache Definitive Documents, as such documents are defined in the Apache Implementation Agreement (as amended), and all transactions contemplated thereby and thereof, including the Plan of Merger and Standby Credit Facility Documents, and all actions to be taken, undertakings to be made, and obligations to be incurred by FWE I and GOM Shelf LLC, as applicable, contemplated thereby". Confirmation Order, ¶ 90.

2.      The Confirmation Order further provides, in relevant part, that "[o]n the Effective Date, the Apache Definitive Documents shall constitute legal, valid, binding, and authorized obligations of FWE I and GOM Shelf LLC, as applicable, enforceable in accordance with their terms, and such obligations of FWE I or GOM Shelf LLC shall not be enjoined or subject to discharge, impairment, release, avoidance, recharacterization, or subordination by FWE I or GOM Shelf LLC or the Post-Effective Date Debtors under applicable law, the Plan, or this Order." Confirmation Order, ¶ 90.

3.      The Confirmation Order also provides that neither the Plan nor the Apache Implementation Agreement (i) amends or alters the Decommissioning Agreement; and (ii)

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Order and Plan, as applicable.

discharges or otherwise changes the Sureties' obligations to Apache[3] under the Surety Bonds or impairs Apache's ability to draw on the Surety Bonds post-Effective Date.  Confirmation Order, ¶¶ 92, 93.

4.      The Confirmation Order provides, in relevant part, that the Court (i) approved the Apache-Surety Term Sheet, attached to the Confirmation Order as <u>Exhibit B</u>, and (ii) authorized FWE I or GOM Shelf LLC to enter into and perform the obligations under the Apache-Surety Definitive Documents, including the SSPA contemplated in the Apache-Surety Term Sheet. Confirmation Order, ¶ 95.

5.      The SSPA provides, in relevant part, that the Apache Sureties "agree that the Court's findings of fact and conclusions of law contained in the Confirmation Order pertaining to [Apache] and the Apache Sureties (¶¶ 79–96) are final, binding, and non-appealable)."

6.      Upon the representations of Debtors' counsel and Apache's counsel made during the Status Conference:

a.      At the time the Apache Term Sheet was negotiated, it was anticipated between the Debtors and Apache that the Bureau of Ocean Energy Management ("**BOEM**") would allocate Fieldwood's operator number, qualification, and area-wide surety bonds to FWE I upon the effectuation of the Divisive Merger.  As a result, both FWE I and GOM Shelf LLC would be authorized and established to own and operate in the Gulf of Mexico post-Effective Date.

b.      Thereafter, BOEM indicated that the allocation of, among other things, Fieldwood's operator numbers and qualification, would go to FWE III rather than to

---

[3] For purposes of this Order, the term "Apache" includes Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, and Apache Shelf Exploration LLC.

FWE I.  As a result, under the transaction structure outlined in the Apache Term Sheet (and as to be effectuated through the Apache Definitive Documents), FWE I would need to be immediately qualified and obtain the requisite operator status in the Gulf of Mexico.  BOEM has also indicated to the Debtors that it intends to adjudicate the Divisive Merger through assignments.  These unanticipated steps to effectuate the Apache Definitive Documents and the Plan will delay the Debtors' Effective Date under the Plan.

        c.      Given these significant time delays, coupled with the administrative inefficiencies and unnecessary costs in maintaining the qualification of both FWE I and GOM Shelf LLC, the Debtors and Apache concluded that the merging of FWE I into GOM Shelf LLC (where GOM Shelf LLC is the surviving entity) (the "**GOM Shelf Merger**") was the most economical and efficient path forward to consummate the Apache Definitive Documents. However, neither the Apache Implementation Agreement, the Apache Definitive Documents, nor the Plan expressly provide for the effectuation of the GOM Shelf Merger.

        d.      To effectuate the GOM Shelf Merger, three key structural steps must occur: (i) the Divisive Merger under the Apache Definitive Documents to create FWE I (which is specifically contemplated by the Plan, Confirmation Order, and Apache Implementation Agreement); (ii) the conversion of GOM Shelf LLC from a Delaware limited liability company to a Texas limited liability company; and (iii) the merger of FWE I into GOM Shelf LLC.

        7.      Apache has consent rights over the GOM Shelf Merger which needs to occur contemporaneously with the Effective Date.  Apache has conditioned its consent on either the entry of this Order or the Apache Sureties and Deutsche Bank agreeing in writing to (i) consent to the GOM Shelf Merger, and (ii) agree and acknowledge that the GOM Shelf Merger: (a) will not alter the Apache Sureties' obligations, either individually as an Apache Surety or collectively

as the Apache Sureties; (b) does not create a defense to performance or payment of the Apache Sureties' respective obligations to Apache; and (iii) does not alter the rights of Apache or any other beneficiaries of the underlying bonds each individual Apache Surety has issued in favor of Apache or Deutsche Bank for the benefit of Apache, as applicable, or impair the Decommissioning Security or Apache's ability to draw on the Decommissioning Security in any respect.

8.      In furtherance of the implementation of the Plan and Confirmation Order, the Debtors seek this Court's (i) approval of the GOM Shelf Merger; and (ii) order that the GOM Shelf Merger does not (a) alter the Apache Sureties' obligations, either individually as an Apache Surety or collectively as the Apache Sureties; (b) create a defense to performance or payment of the Apache Sureties' respective obligations to Apache; or (c) alter the rights of Apache or any other beneficiaries of the underlying bonds each individual Apache Surety has issued in favor of Apache or Deutsche Bank for the benefit of Apache, as applicable, or impair the Decommissioning Security or Apache's ability to draw on the Decommissioning Security in any respect.

**IT IS HEREBY ORDERED THAT:**

1.      The GOM Shelf Merger is approved, as such transaction shall be effectuated in addition to the FWE I Divisive Merger and in furtherance of the Plan, and the Confirmation Order.

2.      The FWE I LLC Agreement (an Apache Definitive Document), shall become the surviving GOM Shelf LLC Agreement, with such changes as are necessary to reflect the GOM Shelf Merger.

3.      The Debtors, FWE I, and GOM Shelf LLC, as applicable,  are authorized to take all actions and undertakings, and incur the obligations necessary to effectuate the GOM Shelf Merger.

4.      The GOM Shelf Merger does not (a) alter the Apache Sureties' obligations, either individually as an Apache Surety or collectively as the Apache Sureties; (b) create a defense to performance or payment of the Apache Sureties' respective obligations to Apache; or (c) alter the rights of Apache or any other beneficiaries of the underlying bonds each individual Apache Surety has issued in favor of Apache or Deutsche Bank for the benefit of Apache, as applicable, or impair the Decommissioning Security or Apache's ability to draw on the Decommissioning Security in any respect.

5.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

6.      The findings in this Order shall be considered as findings contained in the Confirmation Order.

7.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedures to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021
          Houston, Texas

                                                  _____
                                                            MARVIN ISGUR
                                                  UNITED STATES BANKRUPTCY JUDGE