IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**SUMMARY OF THIRD INTERIM FEE APPLICATION OF WEIL, GOTSHAL &
MANGES LLP, ATTORNEYS FOR DEBTORS, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD FROM FEBRUARY 1, 2021 THROUGH APRIL 30, 2021**

| | | |
|---|---|---|
| **Name of Applicant:** | Weil, Gotshal & Manges LLP | |
| **Applicant's Role in Case:** | Attorneys for the Debtors | |
| **Docket No. of Employment Order(s):** | Docket No. 355 | |
| **Interim Application No. 3** | | |
| | **Beginning of Period** | **End of Period** |
| **Time Period Covered by this Application:** | February 1, 2021 | April 30, 2021 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  (Y)** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y)** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y)** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? (Y)** | | |
| **Compensation Breakdown for Time period Covered by this Application** | | |
| **Total Attorney Fees Requested in this Application:** | $8,677,233.50 | |
| **Total Attorney Hours Covered by this Application:** | 8,067.00 | |
| **Average Hourly Rate for All Attorneys:** | $1,075.65 | |
| **Total Paraprofessional and Other Non-Legal Staff Fees Requested in this Application:** | $144,140.50 | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

| | |
|---|---|
| **Total Paraprofessional and Other Non-Legal Staff Hours Covered by this Application:** | 366.70 |
| **Average Hourly Rate for Paraprofessionals and Other Non-Legal Staff:** | $393.07 |
| **Total fees requested in this Application:** | $8,821,374.00 |
| **Total expense reimbursements requested in this Application:** | $43,551.53 |
| **Total fees and expenses requested in this Application:** | $8,864,925.53 |
| **Total fees and expenses awarded in all prior Applications:** | $10,864,001.87 |

**Plan Status:** The Confirmation Hearing was held June 21-25, 2021; the Court entered the Confirmation Order [Docket No. 1751] on June 25, 2021.

**Primary Benefits:** During the Compensation Period, Weil devoted substantial resources and rendered significant professional services to, among other things, ensure that the Debtors would be able to continue to operate their business without interruption, negotiate and prepare the proposed Plan, proposed Disclosure Statement and related Plan-transaction documents, including the Credit Bid Purchase Agreement and Apache Definitive Documents, and commence solicitation of votes on the Plan.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**THIRD INTERIM FEE APPLICATION OF
WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS,
FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM FEBRUARY 1, 2021 THROUGH APRIL 30, 2021**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN FOURTEEN DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") hereby files its third application (the "**Application**") for interim allowance of compensation for professional services performed by Weil during the period commencing February 1, 2021 through and including April 30, 2021 (the "**Compensation Period**") in the amount of $8,821,374.00, and for reimbursement of its actual and necessary

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).  The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX  77042.

expenses in the amount of $43,551.53 incurred during the Compensation Period, and respectfully represents as follows:

<u>**Preliminary Statement**</u>

1.     During the Compensation Period, Weil's professionals helped guide the Debtors through the chapter 11 process, including, among other things, (i) negotiating and filing the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Plan**") and the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1285] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Disclosure Statement**") with the support of the Debtors' DIP Lenders, the consenting Prepetition FLTL Lenders, the consenting Prepetition SLTL Lenders, the Creditors' Committee (as defined below), Apache Corporation ("**Apache**"), and Chevron U.S.A. Inc. ("**CUSA**"); (ii) assisting in the preparation of their liquidation analysis, financial projections, valuation analysis, and other important schedules and exhibits to the proposed Disclosure Statement; (iii) responding to numerous objections to the Disclosure Statement and obtaining approval of the Disclosure Statement, solicitation procedures, and related relief;[2] (iv) commencing the solicitation of votes on the Plan; (v) negotiating and finalizing the terms of the Apache Definitive Documents with the Consenting Creditors and Apache; (vi) negotiating a substantially final version of the Credit Bid Purchase Agreement with the consenting Prepetition FLTL Lenders;

---

[2] *See Amended Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for Objections to the Assignment and Transfer of Property of the Estate; and (VII) Granting Related Relief* [Docket No. 1286] (the "**Solicitation Procedures Order**").

(vii) negotiating and documenting settlements with the Creditors' Committee, CUSA, and the Ad Hoc Group of SLTL Lenders; (viii) maintaining a constructive relationship with the Creditors' Committee, the U.S. Trustee, and other key economic stakeholders, including their respective professionals, and implementing an extensive and continuing due diligence program with such constituents, participating in regular conference calls, and establishing and managing a secure data site addressing information requests of these parties so that the administration of the these chapter 11 cases can proceed on an appropriate schedule; (ix) continuing to engage with the United States Department of the Interior, BOEM, BSEE, and the United States Department of Justice, the Debtors' surety providers, trade vendors, and certain co-working interest owners and predecessors in the chain of title of the Debtors' assets regarding the terms of the Debtors' restructuring; (x) producing numerous documents in response to diligence requests from various stakeholders; (xi) preparing discovery requests to be served by the Debtors on other parties; (xii) conducting diligence and analysis and advising the Debtors regarding the potential assumption, assumption and assignment, or rejection of the Debtors' executory contracts and unexpired leases; (xiii) preparing and filing an amended adversary complaint in the adversary proceeding styled *Adversary Case No. 20-03476 Fieldwood Energy LLC, et al. v. Atlantic Maritime Services, LLC* (the "**Atlantic Proceeding**"), seeking an extension of the automatic stay to enjoin Atlantic Maritime Services, LLC ("**Atlantic**") from prosecuting certain lawsuits and, among other relief, determinations from the Court that Atlantic's alleged liens are not valid and/or enforceable and, in the alternative, such liens are extinguished under the Plan; (xiv) prepare and file the *Motion of Debtors for Entry of an Order (I) Approving Non-Prosecution Agreement with the United States Attorney's Office for the Eastern District of Louisiana and (II) Granting Related Relief* [Docket No. 893]; (xv) negotiate resolution of various other disputes, including resolution of the cure

claims and issues set forth in the *Debtors' Emergency Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Arena and (II) Granting Related Relief* [Docket No. 1233] (the "**Arena 9019 Motion**") and obtain Court approval of such settlement; and (xvi) obtaining Court approval of the *Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts* [Docket No. 792] (the "**BP Motion to Compel**").

2.      The professional services performed and expenses incurred by Weil during the Compensation Period were actual and necessary to preserve and protect the value of the Debtors' estates and facilitate a restructuring that would maximize value to creditors and other stakeholders in these chapter 11 cases.  Given the circumstances of these chapter 11 cases, Weil's charges for professional services performed and expenses incurred are reasonable and appropriate under applicable standards.  Weil respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses incurred.

## Relief Requested

3.      This Application has been prepared in accordance with sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), *Court Procedures for Marvin Isgur United States Bankruptcy Judge* (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**" and, collectively, with the Court Procedures, the "**Fee Guidelines**"), the *Order Authorizing Retention and Employment of Weil, Gotshal & Manges LLP*

4

*as Attorneys for Debtors Effective as of Petition Date* [Docket No. 355] (the "**Retention Order**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**") the Debtors request approval of this Application.

4.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Background**

5.      Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

6.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

8.      On June 25, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "**Confirmation Order**"), confirming the Plan.

5

**Jurisdiction**

9.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Debtors' Retention of Weil**

10.     On August 24, 2020, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* [Docket No. 246] (the "**Retention Application**").  On September 16, 2020, the Court entered the Retention Order.  The Retention Order authorizes Weil to provide the following services to the Debtors:

  a)  take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

  b)  prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

  c)  take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

  d)  if necessary, take all appropriate actions in connection with the sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

  e)  take all necessary actions to protect and preserve the value of the Debtors' estates; and

  f)  perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

(Retention Order ¶ 2.)

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

11.     Weil seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $8,821,374.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $43,551.53. During the Compensation Period, Weil attorneys, paraprofessionals, and other non-legal staff expended a total of 8,433.70 hours in connection with the necessary services performed.  During the Compensation Period, Weil voluntarily reduced the amount of fees and expenses requested by $114,074.50.

12.     There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.  During the Compensation Period, Weil received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

13.     Prior to the Petition Date, the Debtors paid fee advances to Weil for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11 (the "**Fee Advance**").  Based on a reconciliation of all charges and expenses through the date of this Application, the balance of the Fee Advance as of the date of this Application is $0.00.

14.     The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period.  The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are no greater than the rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable

7

based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

**Supporting Documents**

15.     Attached hereto as **Exhibit B** is the Certification of Matthew S. Barr (the "**Barr Certification**") regarding Weil's compliance with the Fee Guidelines.

16.     Attached hereto as **Exhibit C** is a schedule of all Weil attorneys and paraprofessionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith (the "**Schedule of Professional Fees**").

17.     Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases.  Attached hereto as **Exhibit D** is a schedule of Weil's computerized time records billed during the Compensation Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

18.     Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which Weil is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category (the "**Expenses**").

19.     Attached hereto as **Exhibit F** is a summary and comparison of the aggregate blended hourly rates billed by Weil's New York and Texas timekeepers to non-bankruptcy matters during the prior twelve-month period ending July 31, 2021, and the blended hourly rates billed to the Debtors during the Compensation Period (the "**Blended Rate Comparison Chart**").

8

20.     Attached hereto as **Exhibit G** is a budget prepared in connection with Weil's representation of the Debtors during the Compensation Period (the "**Budget**").

21.     Attached hereto as **Exhibit H** is a summary of Weil's staffing plan for the Compensation Period (the "**Staffing Plan**").

22.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

### Summary of Services Performed by
### Weil During Compensation Period

23.     During the Compensation Period, Weil devoted substantial resources and rendered significant professional services to, among other things, ensure that the Debtors would be able to continue to operate their business without interruption, negotiate and prepare the proposed Plan, proposed Disclosure Statement and related Plan-transaction documents, including the Credit Bid Purchase Agreement and Apache Definitive Documents, and commence solicitation of votes on the Plan.  The following is a summary of the significant professional services rendered by Weil during the Compensation Period, organized in accordance with Weil's internal time-tracking system, and broken down by project or task codes:

    a.     <u>Adversary Proceedings (Task Code 002)</u>
        Fees:  $419,295.50; Total Hours:  469.30

- Drafted, filed, and obtained Court approval of *Debtors' Motion for an Order (I) Further Extending the Deadline by Which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 936].

- Continued the Atlantic Proceeding, including preparing and filing an amended complaint and motion for summary judgment.

- Drafted, filed, and obtained Court approval of (i) *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Sanare Energy Partners LLC and (II) Granting Related Relief* [Docket No. 1046].

- Drafted, filed, and obtained Court approval of and (ii) *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Renaissance Offshore LLC and (II) Granting Related Relief* [Docket No. 1047].

b.  <u>Automatic Stay (Task Code 004)</u>
    Fees:  $38,626.00; Total Hours:  40.80

- Preserved the value of the Debtors' assets, including contract rights, by enforcing the automatic stay.

- Conducted research on various issues related to the automatic stay, including issues related to executory contracts.

- Coordinated and communicated with the Debtors and other professionals regarding enforcing the automatic stay.

- Negotiated, filed, and obtained approval of multiple stipulations for lifting the automatic stay consensually with certain claimants (Docket Nos. 874, 986, 1070, 1186, 1280, 1281, 1320).

c.  <u>Bar Date and Claims Matters (Task Code 005)</u>
    Fees:  $88,145.50; Total Hours:  94.80

- Coordinated with the claims and noticing agent in these cases, Prime Clerk, LLC ("**Prime Clerk**"), regarding the bar date and related notices.

- Conducted research on various issues related to claims analysis and late-filed proofs of claim.

- Advised the Debtors and their other professionals regarding specific claims.

d.  <u>Case Administration (WIP and Calendar) (Task Code 006)</u>
    Fees:  $101,782.50 Total Hours:  144.60

- Prepared and continually updated case calendars, comprehensive work in process and schedule updates, and other chapter 11 resources and guidelines for the Debtors and their advisors.

- Drafted and filed notices of hearing dates, adjournment, and notices of various filings on behalf of the Debtors.

- Responded to a large volume of emails, calls, and correspondence related to these chapter 11 cases, including with respect to the workstreams, issues, and matters described in this Application.

e.    Chapter 11 Plan/Confirmation/Implementation/Plan Supplement (Task Code 007)
      Fees: $2,379,900.00; Total Hours: 2,219.10

- Drafted, negotiated, and filed amended versions of the Plan with the support of Apache, the Ad Hoc Group of Secured Lenders, the Ad Hoc Group of SLTL Lenders, CUSA, and the Creditors' Committee.

- Coordinated and communicated with the Debtors, other professionals, and multiple key stakeholder parties regarding the Plan, including its structure and means of implementation.

- Conducted research regarding certain issues relating to the Plan.

- Negotiated and filed agreement with predecessor-in-interest CUSA.

- Negotiated second lien exit facility backstop commitment letter and drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Order (I) Authorizing Entry into Backstop Commitment Letter, (II) Approving Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1023].

- Negotiated first lien exit facility commitment letter and drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Order (I) Approving Entry Into First Lien Exit Facility Commitment Letter and Related Fee Letter, (II) Authorizing Incurrence and Payment of Certain Fees and Costs in Connection Therewith, and (III) Granting Related Relief* [Docket No. 1165].

- Negotiated new money rights offerings and backstop commitment agreements with Prepetition FLTL Lenders and Prepetition SLTL Lenders

f.    Corporate Governance/Securities/Equity Matters (Task Code 008)
      Fees: $275,231.00; Total Hours: 222.70

11

- Prepared materials for and participated in numerous meetings of the Debtors' board of directors (the "**Board**").

- Reviewed and commented on minutes and board resolutions.

- Analyzed certain issues related to the Debtors' outstanding securities and corporate governance.

g.    Customer/Vendor Matters and Reclamation/ 503(b)(9) Claims (Task Code 009)
      Fees:  $48,712.00; Total Hours:  44.60

- Advised the Debtors and coordinated with the Debtors' other advisors regarding various vendor questions, requests, demands, reclamation letters and notices.

- Ensured the continued performance of critical services for the Debtors in the ordinary course of business following the commencement of the chapter 11 cases, including by ensuring compliance with the first-day orders.

h.    DIP Financing / Cash Collateral / Cash Management (Task Code 010)
      Fees: $196,734.00; Total Hours:  176.50

- Drafted, negotiated, and filed First Lien Exit Facility Commitment Letter.

- Negotiated and drafted First Lien Exit Facility Credit Agreement, Second Lien Exit Facility Credit Agreement, and related ancillary documents to each.

- Conducted research and analyzed issues regarding the Exit Facilities.

i.    Disclosure Statement/Solicitation/Voting (Task Code 011)
      Fees: $1,315,153.50; Total Hours:  1,345.80

- Drafted, negotiated, filed, and obtained Court approval of the proposed Disclosure Statement, related motion to approve the Debtors' proposed solicitation and confirmation hearing notice procedures, confirmation timeline (the "**Disclosure Statement Approval Motion**"), and the proposed order approving the Disclosure Statement Approval Motion, including any exhibits and schedules thereto, and prepared for hearing regarding the same.

- Conducted research and analyzed issues regarding the proposed Disclosure Statement and proposed order granting the Disclosure Statement Approval Motion.

12

- Drafted and filed *Omnibus Reply of Debtors to Objections to Disclosure Statement* [Docket No. 1124].

- Drafted, reviewed and commented on multiple drafts of exhibits and schedules to the proposed Disclosure Statement, including a liquidation analysis, valuation analysis, financial projections, and oil and gas lease schedules.

- Communicated with the Debtors, their other advisors, counsel to certain stakeholders and parties in interest regarding the proposed Disclosure Statement and related exhibits and schedules and the Disclosure Statement Approval Motion.

- Commenced solicitation of votes on the Plan.

j.   Exclusivity (Task Code 013)
     Fees:  $66,598.00; Total Hours:  72.20

- Drafted, filed, and obtained Court approval of the *Debtors' Second Motion for Entry of an Order Further Extending Exclusive Periods Pursuant to Section 1121(d) of Bankruptcy Code* [Docket No. 930] (the "**Exclusivity Motion**").

- Drafted and filed reply in support of Exclusivity Motion and prepared for and participated in hearing regarding the same.

k.   Executory Contracts / Leases / Real Property / Other 365 Matters (Task Code 014)
     Fees:  $263,686.50; Total Hours:  272.30

- Drafted, filed, and obtained Court approval of the *Second Motion of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 931].

- Drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Entry of Order (I) Approving Debtors' Entry into Sublease Amendment and (II) Authorizing Debtors' Assumption of Sublease* [Docket No. 869].

- Communicated with the Debtors and their other advisors regarding executory contract and real property issues.

- Obtained Court approval of the BP Motion to Compel, drafted and filed *Supplement To Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts and Update in Advance of February 1, 2021 Status Conference* [Docket No. 821], and prepared for hearing regarding the same.

13

- Communicated regularly with counsel to BP Exploration & Production Inc. ("**BP**") in connection with Debtors' diligence and discovery requests and reviewed numerous documents produced in response.

l. <u>General Case Strategy (Including Team and Client Calls) (Task Code 015)</u>
Fees: $573,879.50; Total Hours: 499.50

- Prepared for and participated in weekly meetings and on teleconferences with the Debtors' management team and the Debtors' other advisors to discuss case strategy and coordination, Court filings and hearings, transaction negotiations, the chapter 11 plan, and numerous other case issues and pending matters.

- Conducted numerous internal team meetings, conferences and teleconferences regarding the status and administration of the Debtors' chapter 11 case, various business-related issues and general case strategy, and various work streams regarding the matters described in this Application.

- Responded to a large volume of emails, calls, and correspondence related to the chapter 11 cases.

m. <u>Hearings and Court Matters (Task Code 016)</u>
Fees: $380,727.00; Total Hours: 443.50

- Prepared for and represented the Debtors at various hearings, including hearings on the Disclosure Statement Approval Motion, the Motion to Compel, and the Exclusivity Motion.

- Prepared witnesses, affidavits, and evidence to present in support of relief requested at various hearings.

- Prepared, filed, and arranged service of various motions, notices, and other documents, including hearing agendas, proposed orders, and certificates of no objections.

- Negotiated terms of proposed orders and related documents with various parties in interest.

- Consulted with the Court's chambers regarding case matters and prepared materials for the Court.

n. <u>Insurance, Surety Bond, & Letters of Credit Matters (Task Code 018)</u>
Fees: $260,584.50; Total Hours: 252.00

- Conducted research and advised the Debtors regarding various surety-related issues.

14

- Communicated regularly with the Debtors' surety providers in connection with the surety providers' diligence and discovery requests and produced numerous documents in response.

- Communicated regularly and coordinated with the advisors to the Ad Hoc Group of Secured Lenders, the Ad Hoc Group of Prepetition SLTL Lenders, and the Creditors' Committee regarding diligence and discovery responses.

o.    Regulatory / Decommissioning / Environmental Matters (Task Code 021)
Fees: $77,231.00; Total Hours:  68.10

- Negotiated, drafted, filed, and obtained Court approval of *Motion of Debtors for Entry of an Order (I) Approving Non-Prosecution Agreement with the United States Attorney's Office for the Eastern District of Louisiana and (III) Granting Related Relief* [Docket No. 893].

p.    Retention/Fee Applications: Weil (Task Code 024)
Fees:  $99,929.00; Total Hours:  126.80

- Reviewed time records and disbursements for compliance with U.S. Trustee Guidelines and drafted and reviewed Weil's monthly fee statements and Second Interim Fee Application.

q.    Royalty/ JIB Matters (Task Code 025)
Fees:  $164,852.50; Total Hours:  163.70

- Reviewed and provided matrices to certain parties of payments made pursuant to the JIB/Vendor Motion.

- Drafted, filed, and obtained Court approval of *Debtors' Emergency Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Arena and (II) Granting Related Relief* [Docket No. 1233].

r.    Secured Creditor Issues / Meetings / Communications (Task Code 026)
Fees:  $1,374,066.00; Total Hours:  1,173.90

- Attended regular meetings and calls with the Consenting Creditors and the Debtors' other advisors regarding case strategy, diligence, and various other aspects of the chapter 11 cases.

s.    Tax Matters (Task Code 027)
Fees:  $245,654.50; Total Hours:  195.60

- Conducted research and analysis regarding various potential tax issues and advised the Debtors regarding potential tax implications of the Plan and related transaction documents.

- Drafted tax-related sections of the proposed Plan and proposed Disclosure Statement.

- Researched, analyzed, and advised the Debtors on various other tax-related issues, including the treatment of tax obligations in chapter 11, under the Plan, and under the Exit Facilities.

t.   Apache Definitive Documentation (Task Code 031)
     Fees:  $186,246.00; Total Hours:  155.30

- Drafted and negotiated the definitive documents implementing the transactions contemplated by or relating to the Apache Term Sheet (the "**Apache Definitive Documents**").

- Communicated regularly with counsel to Apache, the advisors to the Ad Hoc Group of Secured Lenders, and the advisors to the Creditors' Committee regarding the Apache Definitive Documents.

24.     In addition to the foregoing, Weil prepared, on behalf of the Debtors, all necessary motions, applications, orders, notices, responses, and other papers in support of positions taken by the Debtors and in compliance with applicable law.

25.     The foregoing professional services were necessary and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services performed by Weil were in the best interests of the Debtors and their stakeholders.  Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in these cases.  All of Weil's professional services were performed skillfully and efficiently.

26.     The professional services performed by Weil's partners, counsel, associates, and paraprofessionals were rendered by the Restructuring, Corporate, Litigation, and Tax, Benefits & Executive Compensation Departments predominantly in the New York, Houston,

16

and Dallas offices.  Weil has a preeminent Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of distressed entities.

27.    The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 8,433.70 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 2,432.80 recorded hours were expended by partners and counsel of Weil, approximately 5,634.20 recorded hours were expended by associates, and approximately 366.70 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.  Of the fifty-five Weil attorneys who billed time, seventeen billed fewer than fifteen hours to this matter.  Of the twelve Weil paraprofessionals and non-legal staff who billed time, six billed fewer than fifteen hours to this matter.

28.    During the Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $630.00 to $1,795.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for Weil attorneys in this Application of approximately $1,075.65 (based on 8,067.00 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

**Actual and Necessary Disbursements of Weil**

29.    As set forth in **Exhibit E** attached hereto, Weil has disbursed $43,551.53 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to the overall administration of these cases.

30.    Although Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for

transportation home from Weil's offices.  Weil's regular practice is not to include components of those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the Fee Guidelines or the Bankruptcy Local Rules.

31.     With respect to photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, Weil charges all of its clients $0.10 per black-and-white page; Weil charges $0.50 per color page.  With respect to legal research, Weil does not charge more than the actual cost.  Each of these categories of expenses does not exceed the maximum rate set by the Fee Guidelines or the Local Rules.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into Weil's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit E** are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.  The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service.  A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

32.     On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in Weil's overhead for the purpose of setting billing rates.  Weil has made every effort to minimize its disbursements in these cases.  The actual expenses incurred

in providing professional services were those that were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

### Requested Compensation Should Be Allowed

33.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

34.     The Court of Appeals has held that the six factors found in section 330(a)(3) of the Bankruptcy Code are to be considered when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35. In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

36. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  Not only were Weil's professional services performed skillfully and efficiently, but whenever possible, Weil sought to minimize the cost of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.  In addition, groups of the same Weil attorneys were utilized for similar tasks in these cases to minimize the costs of intra-Weil communication and education about the Debtors' circumstances.  As described above, the complexity of these cases required the use of specialists in tax, banking and finance, mergers and acquisitions, litigation, and other areas to achieve the progress the Debtors have reached thus far in these chapter 11 cases.

37. In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the types of issues involved in these chapter 11 cases.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

## **Notice**

38.     Notice of this Application will be provided in accordance with the procedures set forth in the Interim Compensation Order.  The Debtors respectfully submit that no further notice is required.

39.     No previous request for the relief sought herein has been made by Weil or the Debtors to this or any other Court.

## **Conclusion**

40.     Weil respectfully requests that the Court award interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $8,821,374.00, representing 100% of fees incurred during the Compensation Period, and reimbursement in the amount of $43,551.53, representing 100% of actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period in the event such fees and expenses were not processed at the time of this Application and grant such other and further relief as is proper and just.

Dated:      August 14, 2021
                Houston, Texas

                                   */s/  Alfredo R. Pérez*
                                WEIL, GOTSHAL & MANGES LLP
                                Alfredo R. Pérez (15776275)
                                700 Louisiana Street, Suite 1700
                                Houston, Texas  77002
                                Telephone: (713) 546-5000
                                Facsimile:  (713) 224-9511
                                Email:  Alfredo.Perez@weil.com

                                -and-

                                WEIL, GOTSHAL & MANGES LLP
                                Matthew S. Barr (admitted *pro hac vice*)
                                Jessica Liou (admitted *pro hac vice*)
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone:  (212) 310-8000
                                Facsimile:  (212) 310-8007
                                Email:   Matt.Barr@weil.com
                                         Jessica.Liou@weil.com

                                *Attorneys for Debtors*
                                *and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on August 14, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                   */s/  Alfredo R. Pérez*
                                    Alfredo R. Pérez