**<u>Exhibit B</u>**

**Assumption Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**NOTICE OF CONTRACTS AND LEASE THAT MAY BE
ASSUMED OR ASSUMED AND ASSIGNED IN CONNECTION WITH MEXICO
TRANSACTION AND THE PROPOSED CURE COSTS WITH RESPECT THERETO**

On August 14, 2021, Fieldwood Energy LLC ("**Fieldwood**") and its debtor affiliates in the above chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a motion (the "**Motion**")[2] seeking, among other things, entry of an order (i) authorizing and approving a transaction (the "**Mexico Transaction**") between Fieldwood and LUKOIL International Holding GMBH ("**Purchaser**") for the sale of the Assets (as defined in the Side Purchase Agreement), free and clear of all Encumbrances, Liabilities, and other interests, and assumption and assignment of certain executory contracts and unexpired lease; (ii) approving form and manner of notice of the Mexico Transaction; and (iii) granting related relief pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**You are receiving this Assumption Notice because you may be a counterparty to a contract or lease that potentially could be assumed or assumed and assigned in connection with the Mexico Transaction.**

**Mexico Transaction Cure Costs**

In accordance with the Motion, the Debtors are, in connection with the Mexico Transaction, seeking to assume and assign the Key Contracts (as defined in the Side Purchase Agreement) to Purchaser. In the event that the Completion Date occurs prior to the Effective Date

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

of the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1742) (the "**Plan**"), the Key Contracts will be assumed and assigned to the Purchaser. However, if the Completion Date does not occur prior to the Effective date, the Key Contracts will be assumed and assigned to the Credit Bid Purchaser. The Effective Date of the Plan has not yet occurred.

Each of the Key Contracts that may be assumed or assigned in connection with the Mexico Transaction and the Debtors' good faith calculation of the Mexico Transaction Cure Costs with respect thereto are set forth on **Exhibit 1** hereto.

The inclusion of any Key Contracts identified on **Exhibit 1** does not constitute an admission that a particular Key Contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Key Contract ultimately will be assumed or assigned. The assumption or assignment of a Key Contract is subject to Bankruptcy Court approval. All rights of the Debtors with respect thereto are reserved.

### Cure or Adequate Assurance Objections

Any objection to the proposed assumption, assumption and assignment, or potential designation of a Key Contract identified on **Exhibit 1**, the subject of which objection is the Debtors' proposed Mexico Transaction Cure Costs or the provision of adequate assurance of future performance by Purchaser (a "**Cure Objection**"), must (i) identify the applicable Key Contracts; (ii) state, with specificity, the legal and factual bases for the objection, including the cure amount the counterparty believes is required to cure defaults under the relevant Key Contract; and (iii) include any appropriate documentation in support thereof, and must be filed with the Bankruptcy Court and served on counsel for the Debtors (detailed on the signature page hereto) and counsel for Purchaser (Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, 1 Bryant Park, New York, NY, Attn: Christina Brown, cmbrown@akingump.com) (the "**Objection Recipients**") by no later than **[●], 2021 at 5:00 p.m. (prevailing Central Time)** (the "**Cure Objection Deadline**").

A hearing will be conducted on this matter on September 7, 2021 at 1:30 p.m. (prevailing Central Time) (the "**Sale Hearing**") to consider the Motion and any unresolved Cure Objections or other objections, and the amount to be paid or reserved with respect to such objection shall be determined by the Bankruptcy Court at the Sale Hearing; provided that the parties first shall use commercially reasonable, good faith efforts to resolve such objection without further Bankruptcy Court intervention.

A.  IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY CURE OBJECTION, THE COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF THE KEY CONTRACTS TO PURCHASER, NOTWITHSTANDING ANY ANTI-ASSIGNMENT PROVISION OR OTHER RESTRICTION ON ASSUMPTION OR ASSIGNMENT IN THE KEY CONTRACTS, AND SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY PURCHASER OR THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE AND ANY PROOF OF CLAIM ASSERTING A CLAIM FOR

**SUCH AMOUNT SHALL BE EXPUNGED WITHOUT FURTHER ORDER OF THE BANKRUPTCY COURT. THE MEXICO TRANSACTION CURE COSTS SET FORTH IN THE ASSUMPTION NOTICE SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE UNDER SECTION 365(B) OF THE BANKRUPTCY CODE, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR LEASE, OR ANY OTHER DOCUMENT, AND THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH CONTRACT OR LEASE THROUGH THE DATE OF ASSUMPTION OR ASSUMPTION AND ASSIGNMENT, WHETHER IN A PROOF OF CLAIM OR OTHERWISE AGAINST THE DEBTORS, OR THEIR PROPERTY.**

### Additional Information

Copies of the Motion and the Proposed Order may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent, Prime Clerk LLC, located at https://cases.primeclerk.com/fieldwoodenergy/Home-Index.

Dated: [●], 2021
      Houston, Texas

      /s/
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
      Jessica.Liou@weil.com

*Attorneys for Debtors and Debtors in Possession*

3

**<u>Exhibit 1</u>**