IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY LLC,** *et al.*, | § § § § § | Case No. 20-33948 (MI) |
| Debtors.[1] | § | (Jointly Administered) |

**SUPPLEMENTAL REPLY OF BP EXPLORATION & PRODUCTION, INC.
IN SUPPORT OF ITS MOTION TO QUASH DEBTORS'
BANKRUPTCY RULE 2004 DISCOVERY REQUESTS**

BP Exploration & Production, Inc. ("BP") files this *Supplemental Reply of BP Exploration & Production, Inc. In Support of its Motion to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (the "Motion"), and respectfully states as follows:

**Preliminary Statement**

1. As set forth in the Motion, BP continues to maintain that the Debtors' Rule 2004 Requests to BP (the "Rule 2004 Requests") are related to and in furtherance of claims arising under the *Galapagos Area Loop Subsea Production System Construction and Operating Agreement* dated December 1, 2011 (the "LSPS OA") and that the Debtors cannot use Rule 2004 to take discovery with respect to claims arising under the LSPS OA because such claims are subject to an arbitration agreement. The Debtors assert in the *Debtors' Response to Motion of BP Exploration & Production, Inc. to Quash the Debtors' Bankruptcy Rule 2004 Discovery Requests* [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fieldwood Energy LLC (6778), Fieldwood Energy Inc. (4991), Fieldwood Onshore LLC (3489), Fieldwood SD Offshore LLC (8786), Fieldwood Energy Offshore LLC (4494), Fieldwood Offshore LLC (2930), GOM Shelf LLC (8107), FW GOM Pipeline, Inc. (8440), Galveston Bay Processing LLC (5703), Galveston Bay Procession LLC (0422), Fieldwood Energy SP LLC (1971), Dynamic Offshore Resources NS, LLC (0158), Bandon Oil and Gas, LP (9266), and Bandon Oil and Gas GP, LLC (9172). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

No. 1539] (the "Response") that the 2004 Requests relate not to claims under the LSPS OA, but rather to claims arising under the *Purchase and Sale Agreement by and between BP Exploration & Production Inc. and Fieldwood Energy LLC in respect of Mississippi Canyon Block 519* dated May 17, 2019 (the "PSA").[2]

2. In addition to the arguments previously asserted, BP notes that to the extent the Debtors are seeking to take Rule 2004 discovery in furtherance of potential claims under the PSA, under the plain language of the PSA, the Debtors expressly waived the right to pursue certain causes of action and claims. Therefore, any discovery seeking to develop facts about those matters is inappropriate.

## Argument

According to the Response, the Rule 2004 Requests are not related to claims under the LSPS OA, but rather claims arising under the PSA. In pointing to the PSA in an attempt to justify their discovery, however, the Debtors have further revealed that taking such discovery would be inappropriate in this case. As explained below, the Debtors are seeking to take discovery on the issues of fraudulent inducement and consequential damages—causes of action and claims the PSA prohibits on its face. This strongly suggests the Rule 2004 Requests are little more than an attempt by the Debtors to harass and abuse BP and, therefore, do not pass the smell test. *See In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999). Accordingly, the Court should exercise its discretion to prohibit the Rule 2004 discovery the Debtors are currently seeking.

A. **The PSA Renders Irrelevant Pre-PSA Information Sought By Debtors**

3. The Debtors describe their discovery as seeking information about BP's *conduct and intent prior to entering into the PSA*: "The Rule 2004 Requests seek discovery relating to BP's

---

[2] Previously filed under seal at Docket No. 1607-27.

conduct and intent in connection with the PSA (and its related post-execution conduct)[.]" Response at ¶ 4. Thus, it appears that the Debtors are attempting to explore a fraudulent inducement claim. That is not appropriate where, as here, the Debtors expressly waived their right to pursue fraudulent inducement claims.

4.  In Texas, parties may waive claims of fraudulent inducement in a contract. "[A] clause that clearly and unequivocally expresses the party's intent to disclaim reliance on the specific misrepresentations at issue can preclude a fraudulent-inducement claim." *Int'l Bus. Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 229 (Tex. 2019), *reh'g denied* (May 31, 2019). "When 'sophisticated parties represented by counsel disclaim reliance on representations about a specific matter in dispute, such a disclaimer may be binding, conclusively negating the element of reliance in a suit for fraudulent inducement.'" *Id.* (quoting *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 332 (Tex. 2011)).

5.  Courts look at five factors in determining whether a party is bound by a waiver of reliance provision.[3] Here, the first four provisions are easily met because the Debtors are sophisticated entities that were represented by counsel including Thomas R. Lamme[4] when they

---

[3]  Specifically, courts must consider such factors as whether

(1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties specifically discussed the issue which has become the topic of the subsequent dispute;

(2) the complaining party was represented by counsel;

(3) the parties dealt with each other at arm's length;

(4) the parties were knowledgeable in business matters; and

(5) the release language was clear.

*Lufkin* 573 S.W.3d at 229.

[4]  *See* PSA at Article 1.1 (definition of "Knowledge"), PSA at Article 11.1; PSA at Schedule 1.1-1; & PSA at Schedule 1.1-2 (list of "Knowledge Persons").

engaged in an arm's length transaction and heavily negotiated the terms of the PSA with BP. As to the fifth element, the PSA's disclaimer language in Article 6.1(a)–(b)[5] is both broad in scope and clear.

6. Under these circumstances, where any attempt by the Debtors to pursue fraudulent inducement claims is clearly precluded by the PSA, BP should not be burdened by providing information about its conduct and intent prior to entering into the PSA.

**B.  The PSA Renders Irrelevant Discovery Regarding Consequential Damages**

7. Additionally, Texas courts generally honor express waivers of consequential damages in contracts. *See, e.g.*, *Frost Nat'l Bank v. Heafner*, 12 S.W.3d 104, 110–11 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). In the PSA, the parties expressly waived consequential damages as defined by the PSA and also agreed not to seek such damages. *See* PSA at Article 1.1 (definition of "Consequential Damages") & Article 5.9.[6]

8. Nevertheless, several Rule 2004 Requests appear to be designed to discover information that is relevant, if at all, to potential claims for consequential damages. As an example, several requests seek information about BP's Manuel well, which may be connected to the same reservoir as the Debtors' Genovesa well.

9. Given that the Debtors agreed not to seek consequential damages and will never be permitted to recover the same, it is inappropriate to permit the Debtors to conduct discovery on those issues. Therefore, the Court should not permit any discovery on consequential damages.

---

[5] Because the PSA is under seal, BP is refraining from reproducing the relevant PSA language here, but instead directs the Court to the PSA that was previously filed under seal at Docket No. 1607-27.

[6] *See supra*, n. 5.

4

## Conclusion

For the reasons set forth above, in BP's Motion, and in BP's original reply, BP requests that the Court grant its Motion and quash the Rule 2004 Requests filed and served on BP by the Debtors.

*[Signature page follows.]*

Dated: August 23, 2021

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Karl D. Burrer*
Shari L. Heyen
Texas State Bar Number 09564750
HeyenS@gtlaw.com
Karl D. Burrer
Texas State Bar Number 24043584
BurrerK@gtlaw.com
Nicole S. Bakare
Texas State Bar Number 24056017
BakareN@gtlaw.com
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

Craig A. Duewall (admitted *pro hac vice*)
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

**GREENBERG TRAURIG, P.A.**

John B. Hutton (admitted *pro hac vice*)
HuttonJ@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

***Counsel for BP Exploration & Production Inc.***

ACTIVE 59553155v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on August 23, 2021.

*/s/ Craig A. Duewall*
Craig A. Duewall