# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: ECF Nos. 1412, 1415, 2004 |

### EMERGENCY MOTION FOR RECONSIDERATION OF THE COURT'S
### DEFERRAL OF RULING ON MOTIONS TO QUASH RULE 2004 DISCOVERY

> **Emergency relief has been requested. Relief is requested not later than September 8, 2021.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing on this matter will be scheduled, and participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

As part of the *Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 2008), which went effective on August 27, 2021 (ECF No. 2016), and pursuant to the *Purchase and Sale Agreement Among Fieldwood Energy LLC and Its Affiliates Signatory Hereto as Sellers QuarterNorth Energy LLC as Buyer and Mako Buyer 2 LLC as Buyer 2 Dated August 27, 2021* (ECF No. 2013, at 69–957) ("**QuarterNorth PSA**"), Fieldwood Energy LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), sold to QuarterNorth Energy LLC ("**QuarterNorth**") all of their right, title and interest in (a) the MC-519 #3 well and (b) any claims or causes of action related to the MC-519 #3 well.[2] QuarterNorth is not appearing as a successor to any Debtor or as a Post-Effective Date Debtor but is appearing as the assignee of the MC-519 #3 well and the Scheduled Claims (as defined in the QuarterNorth PSA). QuarterNorth submits this Emergency Motion for Reconsideration of the Court's Deferral of Ruling on Motions to Quash[3] Rule 2004[4] Discovery (the "**Motion**") and in support, states the matters set forth below.

---

[2] *See* QuarterNorth PSA §§ 1.2(p), (s) (designating certain Other Leases and Other Wells as Acquired Interests, including by reference to Exhibit A and Exhibit C); *id.*, Ex. A, at 203 (designating the lease on which the MC-519 well is located, OCS-G 27278, as an Other Lease); *id.*, Ex. C, at 221 (designating the well, "MISSISSIPPI CANYON 519 #3" as an Other Well); *see also id.* §§ 1.2(w), (rr) (designating, among other things, certain claims and causes of action as Acquired Interests, including by reference to Schedule 1.2(rr)); *id.*, Shed. 1.2(rr), at 553 (designating "Scheduled Claims" as including "Potential claim against BP and Shell" regarding "Genovesa").

[3] *Motion of BP Exploration & Production, Inc. to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (ECF No. 1415) ("**BP's Motion to Quash**") and *Shell Offshore Inc.'s Motion to Quash Debtors' Notice of Bankruptcy Rule 2004 Request for Production of Documents from Shell Offshore Inc.* (ECF No. 1412) ("**Shell's Motion to Quash**," and with BP's Motion to Quash, the "**Motions to Quash**").

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Response to Motion of BP Exploration & Production, Inc. to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (ECF No. 1539) ("**Response to BP**") or *Debtors' Response to Motion of Shell Offshore Inc. to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (ECF No. 1540) ("**Response to Shell**," with Response to BP, the "**Responses**"), as applicable.

**PRELIMINARY STATEMENT**

1. By this Motion, QuarterNorth respectfully asks the Court to reconsider its refusal to rule on the Motions to Quash Rule 2004 discovery the Debtors had been seeking since May 2021.[5] QuarterNorth submits that the Court is mistaken and should reconsider its refusal to rule on and deny both Motions to Quash.

2. As an initial matter, both the Court and BP appear to conflate the 2004 discovery and arbitrability. To be clear, the Rule 2004 Requests[6] seek discovery related to claims arising from the May 2019 PSA,[7] by which Fieldwood purchased BP's interests in certain wells. More specifically, the Rule 2004 Requests seek documents primarily related to BP's pre-execution conduct and potential claims against BP and Shell, including, but not limited to, potential claims for fraudulent inducement, fraudulent non-disclosure, breach of the PSA, conspiracy to commit fraud, and tortious interference with the PSA. Importantly, ***the PSA has no arbitration provision***. Also importantly, Shell is not a party to any relevant agreement containing an arbitration clause.

3. Perhaps after recognizing the flaw in its initial argument to resist the 2004 Requests—that the discovery should be precluded because it relates to agreements with arbitration clauses, the LSPS OA and PHA[8]—BP ultimately backtracked and now argues at the eleventh hour

---

[5] At the hearing on August 24, 2021 (the "**August 24 Hearing**"), the Court declined to rule on the Motions to Quash in light of its ruling on BP's unrelated Motion to Lift Stay and on the basis that the requests underlying the Motions to Quash allegedly related to the termination issue, which was subject to the Motion to Lift Stay. Aug. 24, 2021 Hr'g Tr. 10:1–2, 11:14–15 (ECF No. 2006).

[6] *Debtors' Notice of Bankruptcy Rule 2004 Request for Production of Documents from BP Exploration & Production Inc.* (ECF No. 1387) ("**Requests to BP**") and *Debtors' Notice of Bankruptcy Rule 2004 Request for Production of Documents from Shell Offshore Inc.* (ECF No. 1388) ("**Requests to Shell**," and collectively with the Requests to BP, the "**Rule 2004 Requests**").

[7] *Purchase and Sale Agreement By and Between BP Exploration & Production Inc. and Fieldwood Energy LLC in Respect of Mississippi Canyon Block 519* (the "**PSA**").

[8] *See generally* BP's Motion to Quash.

that the discovery should not be allowed because of waiver and consequential damages provisions in the PSA.[9] BP's new arguments likewise miss the mark and in any event should not have been considered by the Court because BP did not timely raise them. The Court should deny the Motions to Quash and permit the Rule 2004 Requests to go forward.

## ARGUMENT

### A.  The PSA Has No Arbitration Provision

4. In May 2019, Fieldwood purchased BP's interests in certain wells under the PSA. Importantly, the PSA has no arbitration provision. Instead, Section 11.9(b) of the PSA expressly provides that:

> (b) The Parties hereby irrevocably submit to the exclusive jurisdiction of the state and federal courts located in Harris County, Texas in connection with any dispute **arising under or relating to** this Agreement, the Operative Documents or any of the transactions contemplated hereby or thereby, that is permitted to be commenced in court, and each Party irrevocably agrees that all Claims in respect of such dispute or proceeding that is permitted to be commenced in court shall be heard and determined exclusively in such courts.

(Emphasis added). The PSA makes clear that "[i]n the event of any conflict between the provisions of this Agreement and the Operative Documents," which include the latest amendments to the PHA and LSPS OA, "the provisions of this Agreement shall control." PSA § 11.19; *see* PSA §§ 10.2(z), (bb), 10.3(bb), (dd).

5. Based on the express language of the PSA, the parties reserved the right to pursue any claims arising or related to the PSA (*i.e.*, the claims which are subject to the Rule 2004 Requests at issue here) in court in Harris County, Texas.

---

[9] *See Reply of BP Exploration & Production, Inc. in Support of its Motion to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (ECF No. 1845) ("**BP's Reply**"); *Supplemental Reply of BP Exploration & Production, Inc. in Support of its Motion to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* (ECF No. 2000) ("**BP's Supplemental Reply**").

**B.     The Discovery Relates to Claims "Arising Under" or "Relating to" the PSA**

6. As discussed in more detail in the Responses, the purpose of the Rule 2004 Requests is to investigate potential claims against BP and Shell, including, but not limited to, potential claims for fraudulent inducement, fraudulent non-disclosure, breach of the PSA, conspiracy to commit fraud, and tortious interference with the PSA.

7. All of the discovery requests facially pertain to these claims related to the PSA, and none are subject to arbitration. By way of example, Request to BP No. 3 seeks "All Documents and Communications concerning the PSA, including, but not limited to, BP's decision to enter into the PSA." Nos. 13 and 14 ask for documents and communications related to the invoice BP handed Fieldwood *minutes* after signing the PSA, which BP necessarily prepared before the PSA. The rest of the Rule 2004 Requests are likewise aimed at determining BP's knowledge and intent at the moment of signing the PSA, which can be inferred not only from a party's prior acts but also from a party's subsequent acts. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986) ("While a party's intent is determined at the time the party made the representation, it may be inferred from the party's subsequent acts after the representation is made.").

8. The Requests to Shell are largely identical and likewise are focused on BP's pre-PSA intent and Shell's role in the underlying wrongful conduct. The Court's decision to defer ruling on the Requests to Shell is particularly problematic and mistaken as Shell is not a party to any relevant arbitration agreement. Therefore, any dispute or discovery against Shell must occur in a court proceeding.

5

**C. The Waiver and Limitation of Liability Provisions in the PSA Have No Impact on the Ability to Seek Rule 2004 Discovery**

9. More than three months after BP received the Requests to BP but only 16 hours before the second and reset hearing on the Motions to Quash, BP filed (without leave) the Supplemental Reply, in which BP raised two new arguments against discovery under the PSA—neither of which relates to Shell. BP alleged the disclaimer and limitation of consequential damages provisions in the PSA preclude any fraudulent inducement claim and limits any potential recovery, and, therefore, QuarterNorth should not be allowed to proceed with the 2004 discovery. *See* Supplemental Reply ¶¶ 3–9. These arguments are without merit: (1) BP attempts to put the cart before the horse by arguing the merits of the claims before QuarterNorth has had the chance to discover let alone complete the investigation of their claims; and (2) the provisions BP identifies in the PSA do not preclude QuarterNorth from pursuing its claims.[10]

10. First, BP's attempt to bypass its discovery obligations by arguing the merits of one of the potential claims QuarterNorth is exploring reflects a misunderstanding of the purpose of Rule 2004. The law is clear that the Court should not consider the merits of the underlying dispute in determining the appropriateness of Rule 2004 requests. *See In re Dewitt*, 608 B.R. 794, 801 (Bankr. W.D. Pa. 2019) (permitting a Rule 2004 examination despite arguments that the "inquiry is barred by the principles of res judicata and collateral estoppel" because there was no claim asserted and therefore whether those defenses were applicable was "not ripe for

---

[10] Moreover, BP has conclusively waived both of its new arguments in the Supplemental Reply by not timely making them. It is axiomatic that issues raised for the first time in a reply are waived. *E.g.*, *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). BP filed its Supplemental Reply the night before the reset August 24 Hearing, raising multiple new arguments. The Debtors did not have a substantive opportunity to contest these arguments in writing or even orally before the Court declined to rule on the Motions to Quash. At the August 24 Hearing, the Court even relied on BP's new arguments without giving the Debtors an opportunity to respond. BP also filed BP's Reply two hours before the July 9, 2021 Hearing, raising multiple new arguments, which are also waived. Thus, the Court should find that BP waived these arguments, which are substantively incorrect in any event, for all the reasons set forth below.

adjudication); *In re Michalski*, 449 B.R. 273, 281 (N.D. Ohio 2011) (party resisting Rule 2004 discovery "put the cart before the horse" in a way that would render Rule 2004 "meaningless and moot" by arguing that the trustee could not offer a basis to dispute the costs and fees in the proof of claim it sought to examine); *In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895, 2017 WL 3084397, at *8-9 (Bankr. S.D.N.Y July 19, 2017) (explaining that a court "need not consider the defenses to claims that the Trustee may assert against HSBC-HK using the fruits of the discovery").

11. Second, even if the Court were to consider the merits of BP's arguments, BP's arguments are without merit because the provisions BP highlights do not preclude recovery.

12. While the PSA purports to waive consequential damages, it is undisputed that direct damages are recoverable. *See* PSA §§ 1.1, 5.9. Moreover, without fully investigating and understanding the scope of BP's and Shell's wrongful conduct, it is premature to determine the nature of any potential damages suffered as a result of such conduct. To the extent BP and Shell engaged in actionable conduct, QuarterNorth will be able to recover something against them; otherwise, the consequential damages provision would be unenforceable to the extent it purports to waive all potential damages suffered. *See Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 117 (Tex. 2014) (finding waivers of tort and contract liability "for harm caused intentionally or recklessly [are] unenforceable on grounds of public policy").

13. Further, although BP contends that QuarterNorth categorically waived a fraudulent inducement claim as a result of the disclaimer provision in the PSA, neither Texas law nor the express language in the PSA support this argument. Despite the disclaimers in Section 6.1 of the PSA, BP expressly represented in the PSA that it had the power and authority to comply with its obligations under the PSA, PHA, and LSPA OA, and that the terms of the PSA, PHA, and

7

LSPS OA constitute the terms of the agreements between the parties. At a minimum, these express representations, among others, are sufficient to form the basis for a fraudulent inducement claim based on both a misrepresentation and omissions theory. *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008) (noting one way to circumvent a disclaimer's effect is to "set forth the relied-upon representations in the contract").[11]

## BASIS FOR EMERGENCY RELIEF

14. QuarterNorth respectfully requests emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). It seeks relief on an emergency basis because the Debtors' made the Rule 2004 Requests more than three months ago. *See* Responses (filed June 11, 2021, long before due); July 9, 2021 Hr'g Tr. 55:25–56:1 (ECF No. 1884) (requesting a ruling,); Aug. 24, 2021 Hr'g Tr. 10:13–19 (implicitly requesting a ruling); *see also* Rule 2004 Requests (filed May 21, 2021, with drafts given to BP and Shell on May 14, 2021). To avoid the consequences of this emergency, QuarterNorth needs immediate relief. Accordingly, it respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

15. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d), including BP's and Shell's counsel.

---

[11] In any event, the determination of waiver is based on the application of a multi-factor test, and QuarterNorth does not concede the disclaimer language in the PSA satisfies these factors. If nothing else, the factors are unresolved factual questions BP alleged were met in only two unsupported sentences in BP's Supplemental Reply.

## **CONCLUSION**

WHEREFORE, QuarterNorth respectfully requests that the Court consider this Motion on an expedited basis, reconsider its decision not to rule on the Motions to Quash at the August 24 Hearing, deny Motions to Quash in their entirety, and grant QuarterNorth such other and further relief, at law or in equity, to which they are entitled.

Dated: August 30, 2021
   Houston, Texas

          */s/ Paul R. Genender*
          WEIL, GOTSHAL & MANGES LLP
          Alfredo R. Pérez (15776275)
          Clifford W. Carlson (24090024)
          700 Louisiana Street, Suite 1700
          Houston, Texas 77002
          Telephone:  (713) 546-5000
          Facsimile:  (713) 224-9511
          Email: Alfredo.Perez@weil.com
             Clifford.Carlson@weil.com

          -and-

          WEIL, GOTSHAL & MANGES LLP
          Matthew S. Barr (admitted *pro hac vice*)
          Jessica Liou (admitted *pro hac vice*)
          767 Fifth Avenue
          New York, New York 10153
          Telephone:  (212) 310-8000
          Facsimile:  (212) 310-8007
          Email: Matt.Barr@weil.com
             Jessica.Liou@weil.com

          -and-

          WEIL, GOTSHAL & MANGES LLP
          Paul R. Genender (00790758)
          Erin M. Choi (24079436)
          200 Crescent Court, Suite 300
          Dallas, Texas 75201
          Telephone: (214) 746-7700
          Facsimile: (214) 746-7777
          Email: Paul.Genender@weil.com
             Erin.Choi@weil.com

          *Attorneys for QuarterNorth Energy LLC*

## Certificate of Accuracy

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

     */s/ Paul R. Genender*
     Paul R. Genender

## Certificate of Service

I hereby certify that, on August 30, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

     */s/ Paul R. Genender*
     Paul R. Genender