**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Debtors.¹ | (Jointly Administered) |

**MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN**
**ORDER APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES**
**AND FILING OF OMNIBUS CLAIMS OBJECTIONS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned reorganized debtors (collectively, the "Debtors," as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors"), state the following in support of this motion (this "Motion"):

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

**Relief Requested**

1.  The Plan Administrator seeks entry of an order, substantially in the form attached hereto (the "Order"), approving the omnibus claims objection procedures set forth herein and attached to the Order as **Exhibit 1**.

**Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Plan Administrator confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to entry of a final order by the Court.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) and 502(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

4.  On August 3, 2020 and August 4, 2020, (the "Petition Dates"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

5.  On June 25, 2021, the Bankruptcy Court entered the Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors (the "Confirmation Order") [Docket No. 1751] confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

6. On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

## Claims Reconciliation Process

7. On October 13, 2020, the Debtors filed their *Statements of Financial Affairs and Schedules of Assets and Liabilities* [Docket Nos. 430-454].

8. On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the deadline for all non-governmental entities, and (b) February 1, 2021, as the deadline for all governmental entities.

9. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

## Proposed Objection Procedures

10. To date, approximately 980 proofs of claims have been filed against the Debtors, totaling over $43 billion in the aggregate for liquidated amounts. The Plan Administrator and the Reorganized Debtors are in the process of reviewing and reconciling all claims. To expedite and ultimately complete the claim reconciliation process in an efficient and cost-effective manner, the Plan Administrator seeks to implement procedures (the "Objection Procedures"). The proposed Objection Procedures, attached to the proposed Order as **Exhibit 1**, describe the key aspects of the proposed claims objection process, including:

(a)     the form of omnibus objection (each, an "<u>Omnibus Objection</u>") to be submitted by the Plan Administrator or the Reorganized Debtors, as applicable;

(b)     the types of exhibits and supporting documentation that the Plan Administrator or the Reorganized Debtors, as applicable, will include with each Omnibus Objection;

(c)     the information necessary for affected creditors to attempt to resolve the objection to their claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to an objection;

(d)     information relating to filing a formal reply to a filed response; and

(e)     information relating to hearings on Omnibus Objections.

11.     To protect the due process rights of creditors, the Plan Administrator and the Reorganized Debtors will comply with the procedural safeguards for omnibus claim objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1. The Plan Administrator and the Reorganized Debtors also intend to serve affected creditors with a copy of the Objection Procedures in addition to a copy of the applicable Omnibus Objection to ensure adequate notice to affected creditors.

### Relief Pursuant to Bankruptcy Rule 3007(c) and Bankruptcy Local Rule 3007-1

12.     Although the Plan Administrator and the Reorganized Debtors expect to object to a number of claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain claims may necessitate objections on additional grounds not expressly set forth therein (collectively, the "<u>Additional Grounds</u>"), including that such claims:

    a.     are incorrectly or improperly classified;

    b.     are filed against non-Debtors, the incorrect Debtor, or are filed against multiple Debtors;

    c.     fail to specify a Debtor against whom the claim is asserted; or

        d.        are subordinated to all claims and interests senior to or equal to the asserted claim or interest arising out of the purchase or sale of a security of a Debtor or affiliate pursuant to section 510(b) of the Bankruptcy Code.

13.        To minimize the cost, confusion, and delay attendant to preparing and filing individual objections on a claim-by-claim basis, the Plan Administrator and the Reorganized Debtors seek to object to certain claims on the Additional Grounds in an omnibus objection format. The relief sought will allow the Plan Administrator and the Reorganized Debtors to complete the claims reconciliation process in a timely, efficient, and cost-effective manner by avoiding the expense and delay attendant in preparing and filing numerous individualized objections based on the same or similar underlying grounds. The Objection Procedures protect creditors' due process rights by implementing (a) the same safeguards for omnibus objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1 and (b) the noticing process described above.

## Basis for Relief

14.        Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated."). The Plan Administrator and the Reorganized Debtors must review all claims in these chapter 11 cases as part of their claims reconciliation process.

15. In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords the Court discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection."). Furthermore, paragraph 34 of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Rules") provides for the establishment of omnibus claim objection procedures, subject to Bankruptcy Court approval, provided that such procedures do "not shift the burden of proof, discovery rights or burdens, or pleading requirements."

16. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets, as long as the powers conferred under section 105 of the Bankruptcy Code are "exercised in a manner that is consistent with the Bankruptcy Code." *Stern v. Stern (In re Stern)*, 204 F.3d 1117, 1117 (5th Cir. 1999) (quoting *Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Mgmt., Inc.)*, 4 F.3d 1329, 1334 (5th Cir. 1993)).

17. Authorizing the Plan Administrator and the Reorganized Debtors to file omnibus objections to claims consistent with the Objection Procedures is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code. Approval conforms to the spirit of Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Complex Rules—the underlying

goal of which is to balance the due process rights of creditors with the efficient administration of large chapter 11 cases.

19. The proposed Objection Procedures would provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of claims by, among other things: (a) providing greater certainty in administering the objection process; (b) promoting the consensual resolution of claims objections or, alternatively, establishing an efficient and fair mechanism to settle claims objections; and (c) reducing the cost, time, and delay of prosecuting claims objections. At the same time, the proposed Objection Procedures respect the creditors' due process rights by, among other things: (a) implementing the safeguards set forth for omnibus objections already authorized under Bankruptcy Rule 3007(e), Bankruptcy Local Rule 3007-1, and the Complex Rules, and (b) requiring service of the Objection Notice on affected creditors in full compliance with the due process requirements of the Bankruptcy Code.

19. The relief requested will permit the Plan Administrator and the Reorganized Debtors to run a well-organized, efficient, and cost-effective claims objection process—a streamlined process from which all parties in interest will benefit and which will result in fewer pleadings, fewer hearings, and greater efficiency.

## Notice

20. The Plan Administrator has provided notice of this motion to the following parties or their respective counsel: the U.S. Trustee for the Southern District of Texas and any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Plan Administrator requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 3, 2021

Respectfully submitted,

*/s/ Michael D. Warner*
Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9401
Email: mwarner@pszjlaw.com
Email: bwallen@pszjlaw.com

-and-

Kristopher M. Hansen, Esq. (*pro hac vice* pending)
Kenneth Pasquale, Esq. (*pro hac vice* pending)
Gabriel Sasson, Esq. (*pro hac vice* pending)
John F. Iaffaldano, Esq. (*pro hac vice* pending)
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile:  (212) 806-6006
Email: khansen@stroock.com
Email: kpasquale@stroock.com
Email: gsasson@stroock.com
Email: jiaffaldano@stroock.com

*Counsel for the Plan Administrator*

## CERTIFICATE OF SERVICE

I certify that on September 3, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner, Esq.