**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING OMNIBUS CLAIMS OBJECTION
PROCEDURES AND FILING OF OMNIBUS CLAIMS OBJECTIONS**
(Related Docket No. _____)

Upon the motion (the "Motion")[2] of the administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned reorganized debtors (collectively, the "Debtors," as applicable, and after the Effective Date of their plan of reorganization, the "Reorganized Debtors") for entry of an order (this "Order"), approving the Objection Procedures attached hereto as **Exhibit 1**, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

Administrator's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Plan Administrator or the Reorganized Debtors shall file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are hereby approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e), Bankruptcy Local Rule 3007-1, and the Complex Rules.

2. Notwithstanding anything to the contrary in the Bankruptcy Code and Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), Bankruptcy Local Rule 3007-1, and the Complex Rules, the Plan Administrator or the Reorganized Debtors may file Omnibus Objections that include objections to claims on any basis provided for in Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, the Complex Rules, and/or the Additional Grounds.

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Complex Rules, the Plan Administrator or the Reorganized Debtors may object to more than 100 claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4. The withdrawal of proof of claim form (the "Withdrawal of Claim Form") attached hereto as **Exhibit 2** is hereby approved.  Notwithstanding Bankruptcy Rule 3006, a creditor may use the Withdrawal of Claim form to withdraw a proof of claim regardless of whether such proof of claim is subject to a filed objection.

5. Nothing in this Order shall affect the Plan Administrator's or the Reorganized Debtors' authority to pay claims to the extent authorized by a separate order of the Court.

6. The provisions of this Order and attached Objection Procedures shall not apply to either (a) any claims included in an Omnibus Objection that are claims of the United States of America or are claims of any agency or officer of the United States of America, or (b) any response by the United States of America to an Omnibus Objection.

7. Nothing in this Order shall obligate the Plan Administrator or the Reorganized Debtors to settle or pursue a settlement of any particular claim. Settlements of claims may be negotiated and compromised by the Plan Administrator or the Reorganized Debtors, as applicable, in their sole discretion (subject to applicable law) and the applicable provisions of the confirmed Plan.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Motion, or the Objection Procedures shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor or Reorganized Debtor entity; (b) a waiver of any right of any Debtor, Reorganized Debtor, or the Plan Administrator to dispute any prepetition claims on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of any right of any Debtor, Reorganized Debtor, or the Plan Administrator under the Bankruptcy Code or any other applicable law.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the Requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Plan Administrator or the Reorganized Debtors, as applicable, are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. For the avoidance of doubt, either the Plan Administrator or the Reorganized Debtors are authorized to file Omnibus Objections in accordance with the procedures set forth herein.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2021

MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Objection Procedures**

Case 20-33948   Document 2042-1   Filed in TXSB on 09/03/21   Page 5 of 11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re<br><br>FIELDWOOD ENERGY LLC, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |

### PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

2. <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Plan Administrator or the Reorganized Debtors may file omnibus objections (each, an "<u>Omnibus Objection</u>") to Claims[2] on the grounds that such claims, in part or in whole:

   a. are incorrectly or improperly classified;

   b. are filed against non-Debtors, the incorrect Debtor, or are filed against multiple Debtors;

   c. fail to specify a Debtor against whom the claim is asserted;

   d. are subordinated to all claims and interests senior to or equal to the asserted claim or interest arising out of the purchase or sale of a security of a Debtor or affiliate pursuant to section 510(b) of the Bankruptcy Code.

3. <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively, regardless of basis. The claims subject to the Objection will be listed alphabetically on the schedules attached to each Omnibus Objection.

4. <u>Supporting Documentation</u>. In accordance with Local Bankruptcy Rule 3007-1, Omnibus Objections must include an affidavit signed by a person with personal knowledge supporting the objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

5. *Claims Exhibits*. An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the claims to which there is a common basis for the objection. Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto. Including an Omnibus Objection on one exhibit will not constitute a waiver of the Plan Administrator's or the Reorganized Debtors' right to object to the Claim on an additional basis or bases. The exhibits will include, without limitation, the following information alphabetized by claimant:

> a. the claims that are the subject of the Omnibus Objection and, if applicable, the proof of claim number related thereto from the claims register;
>
> b. the asserted amount of the claim;
>
> c. the grounds for the objection; and
>
> d. other information, as applicable, including: (i) the proposed classification of claims subject to the Omnibus Objection; (ii) the reduced claim amounts of claims the Plan Administrator or the Reorganized Debtors, as applicable, seek to reduce; or (iii) the surviving claims of claimants affected by the Omnibus Objection.

6. *Notice and Service*. Each Omnibus Objection will be filed with the Court and served electronically using the Court's electronic filing system. Each Omnibus Objection (along with a copy of these Procedures) will be mailed to each claimant that is subject to such objection.

7. *Omnibus Claims Objection Hearings*. Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (each, a "*Hearing*"), unless otherwise ordered by the Court. For all claims objections hearings:

> a. Unless agreed to by the Plan Administrator or the Reorganized Debtors, as applicable, and the claimant, or otherwise ordered by the Court, the first hearing on any Omnibus Objection shall be a non-evidentiary status conference. Default relief may be granted at the status conference.
>
> b. Upon no less than 10 days' notice, the Plan Administrator or the Reorganized Debtors, as applicable, or any claimant that has filed a timely response, may file a motion to continue any claims objection hearing.
>
> c. By agreement (email being sufficient), the Plan Administrator or the Reorganized Debtors, as applicable, and claimants may agree to reset any hearing at any time.

8. *Contested Matter*. Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim.

### **Responding to an Omnibus Objection**

9. <u>Parties Required to File a Response</u>. Any party who disagrees with an objection **must**, (i) <u>file</u> and <u>serve</u> a Response in accordance with the procedures set forth herein **and** (ii) <u>appear at the Hearing</u>. If your claim is subject to an Omnibus Objection and you do not serve a Response in compliance with these Procedures or you fail to appear at the Hearing, the Court may grant the objection with respect to your claim without a hearing or further notice to you. Please see paragraph 10 below for instructions on how to submit your Response.

10. <u>Response Contents</u>. Each Response **must** contain the following (at a minimum):

   a. a caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

   b. the following contact information for the responding party:

      (i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Plan Administrator or the Reorganized Debtors, as applicable, should serve a reply to the Response, if any; or

      (ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on your behalf.

11. <u>Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court such that it is actually received by the day that is thirty (30) calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>").

12. <u>Failure to Respond</u>. A Response that is not <u>filed</u> in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. Absent reaching an agreement with the Plan Administrator or the Reorganized Debtors, as applicable, resolving the objection to a claim, failure to timely file a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

13. <u>Withdrawing a Proof of Claim</u>. If you want to withdraw your proof of claim, you may fill out the Withdrawal of Proof of Claim form attached to these Procedures and mail it or email it to Prime Clerk LLC at the following addresses:

> Fieldwood Energy LLC Claims
> Processing Center c/o Prime Clerk LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232
> fieldwoodteam@PrimeClerk.com

### **Miscellaneous**

14. <u>Additional Information</u>. Copies of these Procedures, the Motion, the Order, or any other pleadings (the "<u>Pleadings</u>") filed in these chapter 11 cases are available at no cost at the Debtors' restructuring website https://cases.primeclerk.com/fieldwoodenergy/. You may also obtain copies of any of the Pleadings filed in these chapter 11 cases for a fee at the electronic case filing website at https://ecf.txsb.uscourts.gov/. A login identification and password to the Court's Public Access to Court Electronic Records ("<u>PACER</u>") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Please do not contact the Court to discuss the merits of your claim or any Omnibus Objection filed with respect thereto.

15. <u>Reservation of Rights</u>. NOTHING IN ANY OMNIBUS OBJECTION OR THESE PROCEDURES IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY PREPETITION CLAIM AGAINST A DEBTOR ENTITY; (B) A WAIVER OF ANY RIGHT OF THE REORGANIZED DEBTORS OR THE PLAN ADMINISTRATOR TO DISPUTE ANY PREPETITION CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY PREPETITION CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY OF THE REORGANIZED DEBTORS OR THE PLAN ADMINISTRATOR UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.

**Exhibit 2**

**Withdrawal of Claim Form**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al*., | Case No. 20-33948 (MI) |
| Debtors.[1] | (Jointly Administered) |

## WITHDRAWAL OF PROOF OF CLAIM NO. _____

Claimant, _____[Claimant Name(s)], hereby withdraws with prejudice its proof of claim No. _____[Claim Number(s)] filed in Case No. 20-33948.

Signed: _____

Print Name: _____

Title: _____

Claimant Name: _____

Address: _____

Address: _____

City, State, Zip: _____

Phone: _____

Email: _____

Please mail this form via U.S. Mail to:
**Fieldwood Energy LLC Claims Processing Center**
**c/o Prime Clerk LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

Or, you may email this form to:
**fieldwoodteam@PrimeClerk.com**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1