UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FIELDWOOD ENERGY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. **20-33948 (MI)**<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET OF THE FOURTH AND FINAL FEE APPLICATION OF CONWAY MACKENZIE, LLC[2] FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2021 THROUGH AND INCLUDING AUGUST 27, 2021**

| | | |
|---|---|---|
| **Name of Applicant:** | Conway MacKenzie, LLC n/k/a Riveron RTS, LLC[2] | |
| **Applicant's Role in Case:** | Financial Advisor to the Unsecured Creditors Committee | |
| **Docket No. of Employment Order(s):** | Docket No. 472 | |
| **Interim Application ( )   No. _____**<br>**Final Application   ( X )** | Indicate whether this is an interim or final Application. If interim, indicate the number (1st, 2nd, 3rd, etc.) | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 05/01/21 | 08/27/21 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? ( Y ) Y/N** | | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Conway MacKenzie, LLC changed its name to Riveron RTS, LLC effective September 1, 2021.

i

| | |
|---|---:|
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y  ) Y/N** | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y ) Y/N** | |
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) Y/N** | |
| **Compensation Breakdown for Time Period Covered by this Application** | |
| **Total professional fees requested in this Application:** | $636,944.50 |
| **Total professional hours covered by this Application:** | 874.8 |
| **Average hourly rate for professionals:** | $728.10 |
| **Total paraprofessional fees requested in this Application:** | $117.50 |
| **Total paraprofessional hours covered by this Application:** | 0.5 |
| **Average hourly rate for paraprofessionals:** | $235.00 |
| **Total fees requested in this Application:[3]** | $637,062.00 |
| **Total expense reimbursements requested in this Application:** | $7,888.99 |
| **Total fees and expenses requested in this Application:** | $644,950.99 |
| **Total fees and expenses awarded in all prior Applications:** | $3,836,695.75 |

**Plan Status:** The Confirmation Hearings occurred over a five day span from June 21, 2021 through June 25, 2021. The Plan was confirmed on the final day of the hearings, June 25, 2021 (Docket No. 1751). The Eighth Amended Ch. 11 Plan (Docket No. 2008) filed on August 25, 2021, went effective as of August 27, 2021 (Docket No. 2016).

**Primary Benefits:** The Class 6A - Unsecured Trade Claims are expected to receive the lesser of $8 million or 14% of the Allowed Amount of Allowed Unsecured Trade Claims. The Class 6B - General Unsecured Claims are receiving their pro rata share of the new GUC warrants (3.5% of New Equity Interests) and any residual distributable value.

---

[3] This amount includes time incurred subsequent to the Effective Date related to the preparation of this Application and an estimate for additional time to be spent subsequent to August 27, 2021 in the amount of $10,000.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*,[1] | § | Case No. **20-33948 (MI)** |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**FOURTH AND FINAL FEE APPLICATION OF CONWAY MACKENZIE, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2021 THROUGH AND INCLUDING AUGUST 27, 2021**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Conway MacKenzie, LLC ("Conway MacKenzie"), as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") of the debtor and debtor in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits its fourth and final fee application (the "Fourth and Final Fee Application" or the "Final Fee Application") for entry of an order, substantially in the form attached hereto as Exhibit F (the "Proposed Order") granting final allowance of (i) compensation earned for professional services rendered on behalf of the Committee during the period from May 1, 2021 through and including August 27, 2021 (the "Application Period"), along with additional amounts incurred in the preparation of this Final Fee Application, in the amount of $637,062.00, (ii) reimbursement of actual and necessary expenses incurred by Conway MacKenzie on behalf of the Committee during the Application Period in the amount of $7,888.99, and (iii) all of Conway MacKenzie's previously submitted applications. In support of this Fourth and Final Fee Application, Conway MacKenzie states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. The statutory and legal bases for the relief requested herein are sections 328(a), 330 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4.     On August 3 and August 4, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No examiner has been appointed in these Chapter 11 Cases.

5.     On August 18, 2020, the United States Trustee for the Southern District of Texas appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 183]. The Committee originally consisted of the following (5) members: (i) Oceaneering International, Inc.; (ii) Subsea 7 US LLC; (iii) Halliburton Energy Services, Inc.; (iv) TETRA Technologies, Inc.; (v) Workstrings International, L.L.C. Shortly after its formation, the Committee selected Conway MacKenzie as its Financial Advisor, subject to this Court's approval. On October 12, 2020, Oceaneering International, Inc. resigned from the Committee. On October 26, 2020 Subsea 7 US LLC resigned from the Committee. On January 5, 2021, Halliburton Energy Services, Inc. resigned from the Committee, and Partco, LLC was added to the Committee. On February 5, 2021, Workstrings International, L.L.C. resigned from the Committee. On February 19, 2021, TETRA Technologies Inc. resigned from the Committee, and Sea Robin Pipeline, LLC and Aggreko, LLC were added to the Committee. On June 11, 2021, Aggreko, LLC resigned from the Committee.

6.     On September 17, 2020, the Court entered the *Order Establishing Procedures for Interim Compensation of Expenses for Professionals* [Docket No. 367] (the "Interim Compensation Order"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.     On September 18, 2020, the Committee filed the *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330 and 1103 of the Bankruptcy*

3

*code, Federal Rules of Bankruptcy Procedure 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authorization to Retain and Employ Conway Mackenzie, LLC as Financial Advisor* [Docket No. 376] (the "Retention Application").[1] By the Retention Application, the Committee requested the Court's authorization to retain and employ Conway MacKenzie. On October 16, 2020, the Court entered the *Order Authorizing the Retention and Employment of Conway MacKenzie, LLC as Financial Advisor for the Official Committee of Unsecured Creditors Retroactive to August 20, 2020* [Docket No. 472] (the "Retention Order"). A copy of the Retention Application is attached hereto as Exhibit A, and a copy of the Retention Order is attached hereto as Exhibit B.

### TERMS OF CONWAY MACKENZIE'S RETENTION

8. The Retention Order authorized the compensation of Conway MacKenzie pursuant to section 328(a) of the Bankruptcy Code on an hourly fee basis ranging from $350 (Associate) to $1,285 (Senior Managing Director), as set forth in detail in the Retention Application.

9. In addition to the compensation payable to Conway MacKenzie under the Retention Application and the Retention Order, the Retention Order provides that Conway MacKenzie will be reimbursed for reasonable and necessary out-of-pocket expenses incurred in connection with its engagement by the Committee.

### SUMMARY OF SERVICES RENDERED

10. Conway MacKenzie is a financial and operational consulting firm specializing in turnaround management, performance improvement, litigation support, interim management, valuation and fairness, transactional diligence, and investment banking services to corporate clients.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Retention Application.

4

11. During the Application Period, Conway MacKenzie performed significant services on behalf of the Committee, including, but not limited to, a comprehensive review of the Debtors' assets, valuations, creditor distribution analyses, and other financial advisory services.

12. Conway MacKenzie kept track of its time during the Application Period and included time and expense details and summaries in this Final Fee Application.

13. Conway MacKenzie previously submitted three monthly fee statements for fees and expenses incurred in accordance with the interim compensation procedures order approved in these cases. This Fourth and Final Fee Application is supported by the fee statements attached hereto as Exhibit C-1 (covering the period from May 1, 2021 through May 31, 2021), Exhibit C-2 (covering the period from June 1, 2021 through June 30, 2021), and Exhibit C-3 (covering the period from July 1, 2021 through July 31, 2021).

14. The Debtors Plan of Reorganization went effective on August 27, 2021 (the "Effective Date"). Services rendered after August 1, 2021 and subsequent to the Effective Date are included in Exhibit C-4 and relate to preparation of this Final Fee Application, attendance at additional Plan hearings, and review of Plan redlines and supplemental filings. Exhibit C-4 also includes an estimate for additional time to be incurred subsequent to the filing date of the Final Fee Application, in the amount of $10,000.

15. Conway MacKenzie's total time, fees and expenses during the Application Period are summarized in Exhibit D and Exhibit E, respectively, and included in the table below:

|  | Requested | | Paid | | Outstanding | | |
|---|---|---|---|---|---|---|---|
|  | Fees | Expenses | Fees | Expenses | Fees | Expenses | Exhibit |
| 5/1/21 - 5/31/21 | $217,799.50 | $1,973.75 | $174,239.60 | $1,973.75 | $43,559.90 | $0.00 | Exhibit C-1 |
| 6/1/21 - 6/30/21 | $255,739.50 | $1,977.74 | - | - | $255,739.50 | $1,977.74 | Exhibit C-2 |
| 7/1/21 - 7/31/21 | $59,135.00 | $1,973.75 | - | - | $59,135.00 | $1,973.75 | Exhibit C-3 |
| 8/1/21 - 8/27/21 | $104,388.00 | $1,963.75 | - | - | $104,388.00 | $1,963.75 | Exhibit C-4 |
| Subtotals | $637,062.00 | $7,888.99 | $174,239.60 | $1,973.75 | $462,822.40 | $5,915.24 | Exhibits D & E |
| Total Amount | $644,950.99 | | $176,213.35 | | $468,737.64 | | |

16.     A general description and summary of services performed by Conway MacKenzie during the Application Period is set forth below.  The summary is organized by the categories in which Conway MacKenzie tracked its hours during the Application Period.

**Business Analysis**

17.     Included within this Task Code is work performed related to the analysis of the Debtors' business operations and projected performance in the context of these Chapter 11 Cases. Services performed include the review and analysis of various financial projections and detailed evaluations of the Debtors' projections, including:

   a. Analyzing, reviewing, and summarizing Debtor provided documents, docket items and additional materials;

   b. Reviewing and analyzing documents provided in the data room to evaluate the Debtors' business and ongoing operations;

   c. Preparation and research related to weekly industry updates in presentations to the UCC;

   d. Performing benchmarking analyses, and research related to industry specific metrics and commodity pricing; and

   e. Meetings, teleconferences and discussions with members of the Committee and Committee Counsel, regarding business analysis, work streams and related general case updates.

   f. Conway MacKenzie expended 18.0 hours for a fee of $9,479.00.

**Case Administration**

18.     Included within this Task Code classification are services related to the Debtors' bankruptcy process including, but not limited to:

6

    a. Developing and coordinating workflows with various team members, Committee Counsel and other advisors to the Committee.

    b. Conway MacKenzie expended 11.0 hours for a fee of $8,772.00.

**Cash Flow Reporting/Analysis**

19. Included within this Task Code is work performed related to developing and analyzing financial models including, but not limited to:

    a. Analyzing flow of funds, vendor payments, wage payments, and intercompany transactions;

    b. Analyzing the DIP budget and preparing detailed sensitivity and variance analyses of all updated and related documents;

    c. Reviewing and preparing detailed analyses over the Debtors' weekly cash flow variance reports, including budget to actual variance analysis;

    d. Analysis of actual versus forecasted calculations regarding the Debtors' application of certain first day motions including, but not limited to, the hedging motion, cash management motion, and motion to pay taxes and fees;

    e. Analyzing intercompany transactions, including cash flows related to non-Debtor affiliates;

    f. Analyzing the sources and uses of the plan budget and expected projections upon emergence of these Chapter 11 cases;

    g. Testing and review of various financial covenants related to the DIP budget and the resulting liquidity analysis;

    h. Reviewing and analyzing the Debtors' operating models and forecasts;

    i. Reviewing and monitoring cash disbursements made in accordance with the Final JIB / Vendor Order, Wages Order, Taxes Order, and Insurance Order;

    j. Evaluating the reasonableness of actual cash receipts and disbursements in relation to the approved DIP budget; and

    k. Meeting, discussing and corresponding with the Committee, Committee Counsel, and Debtors' advisors regarding the DIP budget.

    l. Conway MacKenzie expended 99.1 hours for a fee of $62,255.00.

**Claims Analysis**

20.    Included in this Task Code is time spent examining the claim's register and filed schedules including but not limited to:

    a. Analyzing scheduled and asserted claims, including reviewing proofs of claim, assessing claim validity and analysis of the impact on creditor recoveries;

    b. Reviewing accounts payable trade claims, wind down estimates, secured claims, surety claims, litigation claims, predecessor claims, government claims and administrative claims;

    c. Analyzing 6A class claims in order to assess Debtors' estimates of claims pool recovery;

    d. Review general unsecured creditors' claims pool estimates from Debtors and reconcile with Committee analysis estimating size of claims pool;

    e. Review of voting records for the 6A class and subsequent analysis to size potential maximum size of recovery; and

    f. Discussion and development of a workplan for claims resolution strategies.

    g. Conway MacKenzie expended 24.7 hours for a fee of $17,775.50.

**Fee/Employment Applications**

21.     Included within this Task Code is time expended performing various functions directly related to compliance with the retention requirements of the Bankruptcy Code and other pertinent rules, including, but not limited to:

   a. Preparation and review of Monthly Fee Statements, Interim Fee Application, and Final Fee Application.

   b. Preparation and review of supplemental conflict checks performed since the entry of the Retention Order; and

   c. Preparation and review of disclosures related to supplemental conflict check.

   d. Conway MacKenzie expended 165.4 hours for a fee of $100,548.00.

**Meetings and Communications**

22.     Included within this Task Code are services related to the Estate's business including, but not limited to:

   a. Prepare for court hearings;

   b. Participating in meetings and general correspondence between the Committee, Committee Counsel, Committee Advisors and Debtor Advisors regarding relevant case updates.

   c. Conway MacKenzie expended 19.3 hours for a fee of $13,518.50.

**Monthly Operating Reports**

23.     Included within this Task Code are services related to performing detailed analysis and review of the Debtors' Monthly Operating Reports.

   a. Conway MacKenzie expended 23.7 hours for a fee of $12,588.00.

9

**Plan and Disclosure Statement**

24. Included within this task code classification are services related to the Debtors' business including, but not limited to:

   a. Attendance at the plan and disclosure statement confirmation hearings;

   b. Reviewing and analysis of the Debtors' Plan of Reorganization, Disclosure Statement, Supplemental Schedules (e.g. warrant agreements, funding agreements, assumed contracts, lease schedules, etc.) and related amendments there following;

   c. Reviewing negotiation of proposals for settlement discussion on behalf of the Committee between the Debtors, lenders and other stakeholders and unsecured creditors (e.g. predecessors & sureties);

   d. Preparation of analysis of proposed capital structure of reorganized entities;

   e. Preparation of analyses of inputs into recovery model including assessment of cash, warrant value, other residual distributable value and creditor claim amounts in order to develop estimates of recoveries to unsecured creditors;

   f. Analysis of the GUC warrant terms, dilution provisions, true-up methodology, and equity splits;

   g. Independent analysis of the Debtors' valuation estimates prepared as part of Disclosure Statement;

   h. Analyses of the Plan terms and structure, including analysis of implementation and feasibility;

   i. Analysis of sources and uses of cash in connection with the Plan of Reorganization;

  j. Review of Plan and Disclosure Statement objections and expert reports/rebuttals;

  k. Review of various litigation and adversary complaint matters with predecessors & sureties and attendance at related hearings; and

  l. Meetings, teleconferences and correspondence with the Debtors, Debtors' advisors, Debtors' counsel, the Committee and Committee counsel regarding the status of the Debtors' Plan and Disclosure Statement.

  m. Conway MacKenzie expended 514.1 hours for a fee of $412,126.00.

## RELIEF REQUESTED

25. By this Fourth and Final Fee Application, Conway MacKenzie requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit F, (a) granting interim and final allowance of (i) compensation for professional services rendered by Conway MacKenzie as Financial Advisor to the Committee during the Application Period in the aggregate amount of $630,622.00 and (ii) reimbursement of expenses incurred by Conway MacKenzie in connection with such services in the aggregate amount of $7,888.99 and (b) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Conway MacKenzie on account of Conway MacKenzie's fees and expenses.

26. To date, Conway MacKenzie has been paid $4,012,909.10 on an interim basis pursuant to the interim compensation procedures order. This amount represents (i) 100% of the fees and expenses sought in the first, second, and third interim compensation periods started August 20, 2020 through April 30, 2021 and (ii) 80% of the fees and 100% of the expenses sought in the monthly fee statement for the period from May 1, 2021 through May 31, 2021. No payment has been received for the periods from June 1, 2021 through August 27, 2021.

27. There is no agreement or understanding between Conway MacKenzie and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered on behalf of the Committee.

### REASONABLE AND NECESSARY EXPENSES OF CONWAY MACKENZIE

28. In addition to the compensation earned by Conway MacKenzie during the Application Period, Conway MacKenzie also incurred certain reasonable and necessary expenses during the Application Period for which it is entitled to reimbursement under the Retention Order. Conway MacKenzie's total expenses for the Application Period are $7,888.99. Summaries of the expenses incurred during the Application Period are set forth in greater detail on the attached Exhibit E.

### BASIS FOR RELIEF

29. Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. See 11 U.S.C. § 328(a). Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. See *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862-63 (5th Cir. 1997). Section 328(a) expressly contemplates court approval of hourly fees. See 11 U.S.C. § 328(a) ("[A] committee appointed under section 1102 . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on an hourly basis.").

30. If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the second sentence of Section

328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

31. To render a previously approved fee arrangement "improvident" under the section 328(a) standard, a bankruptcy court must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. *Daniels v. Barron (In re Barron)*, 225 F.3d 583, 585 (5th Cir. 2000).

32. Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

33. Conway MacKenzie's fees were earned under the terms of the Retention Application, as approved by the Retention Order. Accordingly, Conway MacKenzie submits that the fees and expenses requested herein should be awarded on an interim and final basis. There have been no circumstances in these cases which would give cause to question the terms of Conway MacKenzie's engagement terms, which the Court approved under section 328(a) of the Bankruptcy Code.

34. WHEREFORE, Conway MacKenzie requests entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit F</u>, (a) granting final allowance of (i) compensation for professional services rendered by Conway MacKenzie as Financial Advisor to the Committee during the Application Period in the aggregate amount of $637,062.00, and (ii) reimbursement of expenses incurred by Conway MacKenzie connection with such services in the

aggregate amount of $7,888.99; and (iii) granting final approval of all of Conway MacKenzie's previously submitted applications and (b) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Conway MacKenzie on account of Conway MacKenzie's fees and expenses.

Dated:  September 10, 2021              CONWAY MACKENZIE, LLC.

*/s/ John T. Young, Jr.*
John T. Young, Jr.
909 Fannin Street, Suite 4000
Houston, Texas 77010
Phone: (713) 650-0500
JYoung@ConwayMacKenzie.com

*Financial Advisor to the Committee*