# **EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.**[1] | § | |

**DECLARATION OF CLAYTON GRING IN SUPPORT OF PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS**

**(MULTI-DEBTOR CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Clayton Gring, solely in my capacity as advisor to the Plan Administrator, hereby declare as follows:

1.      I am a Managing Director with AlixPartners, LLP ("AlixPartners"), an internationally recognized consulting firm that has a wealth of experience in providing restructuring advisory services both in and out-of-court, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

2.      Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims* (Multi-Debtor Claims) (the "Objection").[2]

3.      The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction.  Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in Schedule 1 to the Proposed Order (collectively, the "Claims").  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4.      The Plan Administrator is in the process of reviewing all claim and/or interests filed against each of the Debtors in these Chapter 11 Cases.  As part of this review, the Plan Administrator's representatives have reviewed the Claims and have determined that each Multi-Debtor Claim is duplicative of at least one other Proof of Claim filed by the same claimant relating to the same subject matter against more than one Debtor.  I do not believe that the Debtors are liable for both the Multi-Debtor Claims and the "Remaining Claims" listed in Schedule 1 to the Order.

5.      If the Multi-Debtor Claims are not disallowed, the parties that filed these claims could receive recoveries to which they are not actually entitled.  Accordingly, based on my review of the Claims, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

6.   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 6, 2021                                    */s/ Clayton Gring*
                                                         Clayton Gring