**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC, *et al.*,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.**[1] | § | |

**PLAN ADMINISTRATOR'S FIFTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS**

**(LATE FILED CLAIMS)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON DECEMBER 8, 2021 AT 10:00 A.M. (CENTRAL TIME) AND WILL BE HELD IN COURTROOM 404, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE**

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

**CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned reorganized debtors (collectively, the "Debtors," as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors"), files this *Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Late Filed Claims)* (this "Objection"). In support of this Objection, the Plan Administrator respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

3. The Plan Administrator respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), disallowing each claim identified as a "Claim To Be Disallowed" on Schedule 1 to the Proposed Order (collectively, the "Late Filed Claims") in its entirety because each such Proof of Claim was filed against the Debtors' estates (the "Estates") after the applicable Bar Date (defined below).

**General Background**

4. On August 3, 2020 and August 4, 2020, (the "Petition Dates"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

5. On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

6. On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

**The Claims Reconciliation Process**

7. On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

8. On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

9. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

10. On September 28, 2021 the Bankruptcy Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Omnibus Claims Objections* [Docket No. 2068] (the "Omnibus Objection Procedures Order", and the procedures attached thereto as Exhibit 1, the "Omnibus Objection Procedures").

11. The Plan Administrator and its advisors have been working diligently to review these Proofs of Claim, including any supporting documentation filed together with any Proof of Claim. The Plan Administrator has identified numerous claims that were filed after the applicable Bar Date, which are the subject of this Objection.

12. Attached hereto as **Exhibit A** is the *Declaration of Clayton Gring in Support of the Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Late*

*Filed Claims)* (the "Declaration").

**Basis for Relief**

13. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f).

14. To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

15. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. See FED. R. BANKR. P. 3007(a). Objections of multiple claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that the claims "were not timely filed." *See* FED. R. BANKR. P. 3007(d)(4).

16. As set forth in the Declaration, each of the Proofs of Claim identified as a "Claim To Be Disallowed" (each a "Late Filed Claim", and collectively, the "Late Filed Claims") in **Schedule 1** was filed after the applicable Bar Date. If the Late Filed Claims are not disallowed, the parties that filed these Proofs of Claims will receive a recovery to which they are not actually entitled. *See* Declaration, ¶¶ 4-5.

17. Accordingly, the Plan Administrator respectfully requests that the Court disallow each Late Filed Claim in its entirety.

**Reservation of Rights**

18. In the event that any of the Late Filed Claims is not disallowed on the grounds asserted herein, the Plan Administrator hereby reserves its rights to object to such Proofs of Claim on any other grounds. Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' Estates.

19. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

**Separate Contested Matter**

20. To the extent that a response is filed regarding any Late Filed Claim and the Plan Administrator is unable to resolve any such response, each such Late Filed Claim, and the Objection as it pertains to such Late Filed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

**Notice**

21. Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Late Filed Claims in accordance with the Omnibus Objection Procedures. The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

## Conclusion

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection and providing that the Late Filed Claims shall be disallowed; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 6, 2021

*/s/ Michael D. Warner*

Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9401
Email: mwarner@pszjlaw.com
bwallen@pszjlaw.com

- and -

Kristopher M. Hansen, Esq. (admitted *pro hac vice*)
Kenneth Pasquale, Esq. (admitted *pro hac vice*)
Gabriel Sasson, Esq. (admitted *pro hac vice*)
John F. Iaffaldano, Esq. (admitted *pro hac vice*)
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
Email: khansen@stroock.com
kpasquale@stroock.com
gsasson@stroock.com
jiaffaldano@stroock.com

*Counsel for the Plan Administrator*