IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY III LLC, *et al.*, | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[1] | (Jointly Administered) |

**APPLICATION OF COX ENTITIES
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "*Cox Entities*"), creditors and parties-in-interest in the above-captioned, jointly administered bankruptcy cases (the "*Bankruptcy Cases*"), hereby file this *Application for Allowance of Administrative Expense Claim* (this "*Application*") seeking entry of an order requiring payment of certain post-petition, pre-effective date amounts due and owing by the Debtors to the Cox Entities in the amount of at least $700,094.82 incurred in connection with various agreements, including but not limited to joint operating agreements, pipeline gathering system agreements, production handling agreements, and the like (collectively, the "*Operating Agreements*") in connection with interests in which Cox, or one or more of its related entities, are or were co-owners of interests with one or more of the Debtors in certain oil and gas leases and related assets (including rights-of-way and/or rights of use and easement) situated in the Gulf of Mexico and/or situated in the State Waters of Louisiana (the "*Cox-Fieldwood Properties*"). In support of this Application, the Cox Entities respectfully state as follows:

## I.   INTRODUCTION AND BACKGROUND

1. On August 3 and August 4, 2020, Fieldwood Energy LLC ("*Fieldwood*") and 13 affiliated debtors (collectively, the "*Debtors*") each filed a voluntary petition for relief under title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Court*") commencing these jointly administered chapter 11 cases (the "*Chapter 11 Cases*").

2. The Debtors are part of an integrated oil and gas exploration and production company principally engaged in the exploration and development of oil and gas reserves located in the Outer Continental Shelf of the Gulf of Mexico.

2

3. The Cox Entities, or one or more of their related entities, are or were co-owners of interests with one or more of the Debtors in certain oil and gas leases and related assets (including rights-of-way and/or rights of use and easements) situated in the Gulf of Mexico and/or situated in the State Waters of Louisiana (the "*Cox-Fieldwood Properties*").

4. Operations on the Cox-Fieldwood Properties are conducted pursuant to the terms and provisions of various agreements, including but not limited to joint operating agreements, pipeline gathering system agreements, production handling agreements, and the like (collectively, the "*Operating Agreements*"). Under each of the Operating Agreements, the operator is generally obligated to conduct operations and pay all operating costs, and non-operators are generally obligated to reimburse the operator in proportion to their participating interests in the properties upon receipt of Joint Interest Billings ("*JIBs*") issued by the operator from time-to-time, as more specifically provided in the Operating Agreements. Further, as a reciprocal obligation, the operator is generally obligated to pay the non-operators their share of production, as more specifically provided in each of the Operating Agreements (the "*Working Interest Payments*"). Upon information and belief, the Debtors and their counsel are in possession of the Operating Agreements.

5. On November 25, 2020, the Cox Entities filed 14 timely proofs of claim in the Debtors' chapter 11 cases (collectively, the "*Proofs of Claim*"). *See, e.g.,* Claim No. 753 filed against Fieldwood Energy LLC.

6. As set forth more fully therein, the Cox Entities' claims against the Debtors arise from (i) JIBs issued by the operator under the Operating Agreements for the Cox-Fieldwood Properties from time to time and (ii) plugging and abandonment obligations and/or decommissioning costs and liabilities owing on account of the Cox-Fieldwood Properties. In

addition, each of the Cox Entities' proofs of claim asserted rights of setoff, recoupment, and other equitable rights to the fullest extent available. The proofs of claim reserve all of the Cox Entities' rights and preserve all defenses in connection therewith.

7. In connection with the confirmation of the Debtors' chapter 11 plan, the Debtors filed notices identifying agreements to be assumed, including several agreements where one or more of the Cox Entities was listed either as a "Known Contract Counterparty" or as a "Related Lease Party" (such agreements, the "**Assumed Cox Agreements**").

8. The Cox Entities and the Debtors reached a stipulation regarding the treatment and go forward payment of amounts due and owing under the Assumed Cox Agreements. *See Stipulation and Order Between Debtors and Cox Oil, LLC and Certain Affiliates Resolving Adjourned Assumption Dispute* [ECF # 2005] (the "**Assumed Cox Agreements Stipulation**").

9. Pursuant to the Assumed Cox Agreements Stipulation, the Cox Entities and the Debtors would continue to make any payments and credit any offsetting balances accruing under the Assumed Cox Agreements for the period of June 1, 2021 through and including the Effective Date of the Plan (such amounts, the "**Pre-Effective Date Amounts**"). The Assumed Cox Agreements Stipulation further provides that the Cox Entities retain any rights to in connection with any unpaid Pre-Effective Date Amounts, including, but not limited to the right to seek allowance and payment of an administrative claim. Assumed Cox Agreements Stipulation ¶¶ 3-4.

10. Additionally, pursuant to Article 8.1 of the Debtors' confirmed chapter 11 plan, as of the August 27, 2021 plan effective date, all executory contracts and unexpired leases not expressly assumed were deemed rejected. *See Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated*

4

*Debtors and (II) Granting Related Relief* [ECF # 1751] (the "**Confirmation Order**") confirming the chapter 11 plan attached thereto as Exhibit A (the "*Plan*").

11. The Plan's Effective Date occurred on August 27, 2021. *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [ECF # 2016].

12. The Cox Entities are owed JIBs and other amounts by certain of the Debtors for the period following the Petition Date and prior to the Plan's effective date in the aggregate amount of at least $700,094.82.

13. The Cox Entities therefore seek entry of an order allowing an administrative expense claim in the amount of at least $700,094.82 and ordering the applicable Debtors to cause such amount to be paid within thirty (30) days of the order's entry. The Cox Entities are still investigating the post-petition amounts owing to them by the Debtors, and because this reconciliation is ongoing, the Cox Entities reserve the right to amend and/or supplement this Application to claim any additional amounts discovered to be owing to them by the Debtors. Because the Cox Entities are currently investigating the elements of this administrative claim, this administrative claim is being filed, in part, as an unliquidated administrative claim, and is filed to protect the Cox Entities from the potential forfeiture of any and all rights against the Debtors.

## II. JURISDICTION AND VENUE

14. The statutory basis for the relief requested in this application is 11 U.S.C. §§ 503(b)(1) and 507(a)(2).

15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

16. The venue of these bankruptcy cases and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

### III.   ARGUMENT AND AUTHORITIES

17.   By this Application, the Cox Entities seek an allowed administrative expense claim for at least **$700,094.82** for JIBs and other amounts owed by the Debtors to the Cox Entities attributable to the post-petition, pre-effective date period as set forth in the chart below:

| Company Code | Owner Code | Owner Name | Total Outstanding |
|---|---|---|---|
| 216 | 46021 | Fieldwood Energy Offshore LLC | $490,130.49 |
| 216 | 46397 | DYNAMIC OFFSHORE RESOURCES NS, LLC | $193,348.72 |
| 216 | 46707 | DYNAMIC OFFSHORE RESOURCES LLC[2] | $32,992.31 |
| 216 | 46020 | Bandon Oil & Gas LP | $25,087.87 |
| 216 | 46733 | FW GOM PIPELINE INC | $62.66 |
|  |  |  | $741,622.05 |
|  |  |  | -$41,527.23 |
|  |  |  | **$700,094.82** |

18.   Pursuant to section 503(b)(1) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1).  To qualify as an administrative expense, the expense must arise from a post-petition transaction with the Debtors, and such expense must have benefited the Debtors in the operation of its business and it must have been actual and necessary.  *See, e.g.*, *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001); *see also Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II)*, 931 F.3d 432, 442 (5th Cir. 2019) ("Administrative priority serves 'to encourage third parties to provide necessary goods and services to the debtor-in-possession so that it can continue to conduct its business, thus generating funds from which prepetition creditors can be paid'") (citation omitted).

19.   The Cox Entities are entitled to payment of an administrative claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) in the amount of $700,094.82 because that is the amount

---

[2]   Upon information and belief, Dynamic Offshore Resources LLC and Bandon Oil & Gas LP are wholly owned subsidiaries, affiliates, and/or d/b/a's of the Debtors and the Debtors are liable for amounts owed by them to the Cox Entities or otherwise attributable to them and owed by the Cox Entities.

6

outstanding for post-petition date pre-effective date JIBs and other amounts due and owing to the Cox Entities.

20. The transaction giving rise to the administrative expense claim that the Cox Entities are owed arose post-petition because the performance under the applicable agreements occurred after the Debtors filed for bankruptcy protection, and the Cox Entities continued to perform under such agreements.

21. By providing services to the Debtors in the post-petition period, the Cox Entities have enabled the Debtors to continue operations of its business as a debtor in possession. Absent performance under the agreements, the Debtors likely would have experienced interruption in their business. Because the Cox Entities' continued relationship with the Debtors post-petition directly benefitted the Debtors, the Cox Entities are entitled to an administrative expense claim in an amount representing the services provided to the Debtors between the Petition Date and the Plan's Effective Date.

22. Based on the foregoing, pursuant to 11 U.S.C. §§ 105 and 503(b)(1)(A), the Cox Entities respectfully request that the Court allow, authorize, and order the Debtors to pay the post-Petition Date amounts owed to the Cox Entities without delay.

23. The timing of payment of an administrative expense claim under section 503(b) of the Bankruptcy Code is a matter within the Court's discretion. *In re ATP Oil & Gas Corp.*, No. 12-36187, 2014 WL 1047818, at *10 (Bankr. S.D. Tex. Mar. 18, 2014); *In re NE Opco, Inc.*, 501 B.R. 233, 259 (Bank. D. Del. 2013); *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). In determining whether to compel immediate payment of an administrative expense claim, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *Garden Ridge*, 323 B.R. at 143.

24. The Debtors will not be prejudiced by being ordered to pay the Cox Entities the amounts owed to the Cox Entities. The Cox Entities have performed already in connection with the underlying post-petition claims. Accordingly, requiring the Debtors to pay the Cox Entities the amount owed to them prevents the Debtors from being unjustly enriched and the Cox Entities from enduring any undue hardship, and will not be to the detriment of the Debtors' other creditors.

25. The Cox Entities reserve all rights and remedies they have or may be entitled to under the applicable agreements, applicable law or in equity, and do not intend to relinquish or compromise any rights or remedies it has or may become entitled to seek or assert.

### IV. RESERVATION OF RIGHTS

26. The Cox Entities reserve the right to amend or supplement this Application or its filed proofs of claim at any time and in any manner and reserve all rights they may have under applicable law and the Bankruptcy Code, including, without limitation, the right to amend this Application or to seek a judicial estimation of any unliquidated amounts asserted herein pursuant to 11 U.S.C. §502(c) at any time. The Cox Entities are still investigating the post-petition amounts owing to them by the Debtors, and are filing this claim in part, as an unliquidated administrative claim, to protect the Cox Entities from the potential forfeiture of any and all rights against the Debtors.

### V. CONCLUSION

WHEREFORE, the Cox Entities respectfully request that this Court enter an order, (i) granting this Application; (ii) allowing an administrative expense claim against the specified Debtors in the amount of at least $700,094.82; (iii) directing the Debtors to make payment to the Cox Entities of such allowed administrative expense claim within thirty (30) days of entry of such order; (iv) reserving all of the Cox Entities' rights to file supplemental or additional

administrative expense requests for all additional amounts outstanding or that come due; and (v) granting such other and further relief as this Court finds just and equitable.

| | |
|---|---|
| Dated: October 11, 2021 | */s/ Stephen J. Humeniuk* |

**LOCKE LORD LLP**
Jonathan W. Young  (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-239-0367
Facsimile: 855-595-1190
jonathan.young@lockelord.com

Michael B. Kind (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (855) 595-1192
michael.kind@lockelord.com

Stephen J. Humeniuk
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, TX 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
stephen.humeniuk@lockelord.com

Chelsey Rosenbloom (admitted *pro hac vice*)
200 Vesey Street
New York, NY 10281
Telephone: (212) 912-2824
Facsimile: (212) 812-8394
chelsey.rosenbloom@lockelord.com

*Attorneys for Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, LLC, Energy XXI Gulf Coast, Inc., Energy XXI Onshore, LLC, Energy XXI Pipeline, LLC, Energy XXI Pipeline I, LLC, Energy XXI Pipeline II, LLC, M21K, LLC and EPL Oil & Gas, Inc., on behalf of themselves and their applicable affiliates (collectively, the "Cox Entities")*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 11, 2021, true and correct copies of the foregoing were forwarded to all parties receiving electronic notification in this case from the Court's electronic case filing (ECF) system.

*/s/ Stephen J. Humeniuk*
Stephen J. Humeniuk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*, | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[3] | (Jointly Administered) |

**ORDER GRANTING APPLICATION OF COX ENTITIES FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

Upon consideration of the *Application of Cox Entities for Allowance of Administrative Expense Claim* (the "**Application**")[4], and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Application is Granted; and

2. The Cox Entities are hereby allowed an administrative expense claim with respect to any post-petition amounts due and owing in connection with the applicable agreements between Cox and the Debtors pursuant to 11 U.S.C. § 503(b) and 507(a)(2) in an amount not less than $700,094.82 (the "**Allowed Administrative Claim**"); and

---

[3] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3. The above-captioned Debtors are hereby directed to remit payment on account of the Allowed Administrative Claim to the Cox Entities within thirty (30) days of the entry of this order; and

4. The Court hereby retains jurisdiction over the implementation and enforcement of this order.

Dated:

_____
Honorable Marvin Isgur
United States Bankruptcy Judge