UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **FIELDWOOD ENERGY III LLC**, *et al.*,[1] | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors. | |

COVERSHEET TO FINAL FEE APPLICATION OF COLE SCHOTZ P.C.
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM
AUGUST 20, 2020 THROUGH MARCH 31, 2021

| | | |
|---|---|---|
| **Name of Applicant:** | Cole Schotz P.C. | |
| **Applicant's Role in case:** | Co-Counsel to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | October 16, 2020 (Docket No. 470) | |
| **Periods for which Compensation and Reimbursement is sought:** | Beginning of Period | Ending Period |
| | August 20, 2020 | March 31, 2021[2] |
| **Time Period covered by any prior applications:** | August 20, 2020 | January 31, 2021 |
| **Total amounts awarded in all prior applications:** | | $312,456.19 |
| | | |
| **Total fees requested in the Final Application Period:** | | $324,490.00 |
| **Reimbursable expenses sought in the Final Application Period:** | | $951.19 |

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Pachulski Stang Ziehl & Jones was engaged as co-counsel to the Committee on or about January 19, 2021. Cole Schotz remained engaged from January 19, 2021 to March 31, 2021 solely for the purpose of transition and preparing the monthly fee statements and fee applications.

| | |
|---|---:|
| **Total to be Paid to Priority Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | N/A |
| **Total to be Paid to General Unsecured Creditors** | N/A |
| **Anticipated % Dividend to Unsecured Creditors:** | N/A |
| **Date of confirmation hearing:** | June 25, 2021 |
| **Indicate whether the plan has been confirmed.** | Yes |

Dated: October 11, 2021   Respectfully submitted,

By: */s/ James W. Walker*
James W. Walker
Texas Bar No. 20709600
Southern District of Texas Bar No. 13776
Cole Schotz P.C.
901 Main Street, Suite 4120
Dallas, TX 75202
(469) 557-9391
(469) 557-0361 (fax)
jwalker@coleschotz.com

-and-

Daniel F. X. Geoghan
Cole Schotz P.C.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
(646) 563.8925
(646) 563.7925 (fax)
dgeoghan@coleschotz.com

*Counsel for The Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **FIELDWOOD ENERGY LLC,** *et al.*[1] | Case No. 20-33948 (MI) |
| **Debtors.** | (Jointly Administered) |

**FINAL FEE APPLICATION OF COLE SCHOTZ P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 20, 2020 THROUGH MARCH 31, 2021**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEIDATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

Cole Schotz P.C. ("**Cole Schotz**"), former co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), hereby files its final application for the allowance of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

compensation for services rendered and necessary expenses for the period from August 20, 2020 through March 31, 2021 (the **"Final Application Period"**), pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and, as may be applicable to these cases, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013. For the Final Application Period, Cole Schotz seeks final allowance of $324,490.00 as fees for services rendered and $951.19 as reimbursement of expenses incurred. In support of this application (the "**Application**"), Cole Schotz submits the Declaration of Daniel F. X. Geoghan (the "**Geoghan Declaration**") attached hereto as **Exhibit 1** and a proposed order granting the Application attached hereto as **Exhibit 2**. In further support of this Application, Cole Schotz respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328(a), 330, 331 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

### A. Background

3. On August 3, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

4. On August 18, 2020, the Office of the United States Trustee filed that certain *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 183], appointing a Committee pursuant to section 1102 of the Bankruptcy Code.

### B. The Committee's Retention of Cole Schotz

5. On August 19, 2020, the Committee held a meeting and, among other things, selected Stroock & Stroock & Lavan LLP ("**Stroock**") as lead counsel, subject to Court approval.  The following day, August 20, 2020, the Committee selected Conway Mackenzie, LLC to serve as the Committee's financial advisor and Cole Schotz to serve as co-counsel to the Committee in these cases, both subject to Court approval.

6. On October 16, 2020, the Court entered the *Order Approving Application for Approval of the Employment of Cole Schotz P.C. as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of August 20, 2020* [Docket No. 470] (the "**Retention Order**").

7.      The Retention Order authorizes the Debtors to compensate and reimburse Cole Schotz in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders entered in these Chapter 11 Cases.  The Retention Order also authorizes the compensation of Cole Schotz at its standard hourly rates and the reimbursement of Cole Schotz's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

8.      On January 19, 2021, Pachulski Stang Ziehl & Jones was retained as Co-Counsel to the Committee.  On that date, Cole Schotz ceased substantive representation of the Committee and continued in its engagement only to the extent necessary to transition the matter and file monthly fee statements and interim fee applications.

### C.      Confirmation of Plan

9.      On June 25, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order").

10.     The Confirmation Order confirmed the Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors [Docket No. 1742] (including any exhibits and schedules thereto as may be further amended, supplemented, or modified, the "Plan").

11.     The Confirmation Order provides that all requests for payment of Fee Claims (as defined in the Plan) for services rendered for reimbursement of expenses must be filed no later than 45 days after the Effective Date (as defined in the Plan).  On August 27, 2021, the Debtors filed the Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date [Docket No. 2016].  The Effective Date occurred on August 27, 2021.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

12. On November 30, 2020, Cole Schotz filed its First Interim Fee Application of Cole Schotz P.C. for Allowance of Compensation for Services Rendered as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from August 20, 2020 Through October 31, 2020 [Docket No. 618] (the "**First Interim Fee Application**"). The Court entered an order approving the First Interim Fee Application on December 30, 2020 [Docket No. 708].

13. On March 2, 2021, Cole Schotz filed its *Second Interim Fee Application of Cole Schotz P.C. for Allowance of Compensation for Services Rendered as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2020 Through January 31, 2021* [Docket No. 935] (the "**Second Interim Fee Application**"). The Court entered an order approving the Second Interim Fee Application on March 31, 2021 [Docket No. 1191].

14. During February and March 2021, Cole Schotz incurred $12,985 in fees and expenses in connection with the preparation and filing of monthly fee statements and the Second Interim Fee Application.

15. Pursuant to this Application, Cole Schotz seeks final allowance of $324,490.00 in fees calculated at the hourly billing rates of Cole Schotz personnel who worked on this case and $951.19 in expenses actually and necessarily incurred by Cole Schotz while providing services to the Committee during the Final Application Period.

16. A summary of the amounts paid to Cole Schotz in accordance with the Interim Compensation Order for monthly fee statements relating to the Final Application Period is set forth as follows:

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| August 20, 2020-September 30, 2020 | $100,941.00 | $100,941.00 | $634.53 | $634.53 | $0.00 |
| October 1-31, 2020 | $73,398.50 | $73,398.50 | $23.90 | $23.90 | $0.00 |
| November 1-30, 2020 | $45,938.00 | $45,938.00 | $88.11 | $88.11 | $0.00 |
| December 1-31, 2020 | $63,794.50 | $63,794.50 | $10.40 | $10.40 | $0.00 |
| January 1 – 31, 2021 | $27,437.00 | $27,437.00 | $190.25 | $190.25 | $0.00 |
| February 1, 2021 – March 30, 2021 | $12,891.00 | $0.00 | $4.00 | $0.00 | $12,985.00 |
| **Balance Owing:** | | | | | **$12,985.00** |

## FINAL APPLICATION PERIOD

17. The professional services performed by Cole Schotz on behalf of the Committee during the Final Application Period required an aggregate expenditure of more than 658.9 hours by Cole Schotz' members, special counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, 225.4 recorded hours were expended by members of Cole Schotz, 108.0 recorded hours were expended by special counsel, 212.3 recorded hours were expended by associates, 46.6 recorded hours were expended by law clerks, and 66.6 recorded hours were expended by paraprofessionals of Cole Schotz.

18. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently. Whenever possible, Cole Schotz sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

19. In sum, the services rendered by Cole Schotz during the Final Application Period were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

8

Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## BASIS FOR THE RELIEF REQUESTED

20.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals not more than once every 120 days after the commencement of the cases (or more often as the court may permit) and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

21.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22. In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Second Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) which incorporates and expands upon the requirements of section 330 of the Bankruptcy Code. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8. In *In re Second Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Second Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

23. Importantly, and as it applies to fees incurred in February and March of 2021, fee applications are required under the Bankruptcy Code and as such, courts may award fees for time spent in actually preparing a fee application "based on the level and skill reasonably required to prepare the application." 11 U.S.C. § 330(a)(6). "It is proper . . . for the bankruptcy court to examine the amount and value of the time spent preparing the [fee] application, and reasonable limits may be placed on compensation for such work." *In re Bennett Funding Grp., Inc.*, 213 B.R. 234, 249 (Bankr. N.D.N.Y. 1997). Professionals are entitled to reasonable compensation for preparing fee applications. De facto fee caps are not found in the *U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* (the "Guidelines") but courts that have imposed them have fixed the percentage of total fees sought in connection

with preparation of fee applications in the 3–5% range. *See, e.g., In re New Boston Coke Grp.*, 299 B.R. 432, 446 (Bankr. E.D. Mich. 2003) ("Time spent generating fee applications is generally limited to 5% of the total fees requested."); *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998) ("Absent exceptional circumstances, fees for the preparation of fee applications should be limited to 5% of the total fees requested."); *In re Heck's, Inc.*, 112 B.R. 775, 793 (Bankr. S.D. W.Va. 1990), aff'd in part, rev'd in part on other grounds, 151 B.R. 739 (S.D. W.Va. 1992) (imposing a 3% cap).

24. Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, Cole Schotz submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. Cole Schotz devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases. Whenever possible, Cole Schotz sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

25. Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Committee effectively and efficiently. Time spent on fee applications in this Final Fee Application Period amount to approximately 4.1 percent of the overall fees incurred.

26. Further, Cole Schotz submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable considering the nature, extent, and value of such services to the Committee:

(a) *The Time and Labor Required*.  The professional services rendered by Cole Schotz on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch.  Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively and economically

(b) *The Novelty and Difficulty of Questions*.  These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues in areas such as restructuring, litigation, and corporate finance.  Cole Schotz's efforts and effective assistance in the Final Application Period was for the purpose of maximizing value for the benefit of the estate and its stakeholders. Specifically, any claims resulting from, or that would have resulted from, the ongoing investigations and efforts made by Cole Schotz, lead Committee counsel, and the Committee, would inure to the benefit of the estate and the unsecured creditors.

(c) *The Skill Required to Perform the Legal Services Properly*.  Cole Schotz believes that its recognized expertise in insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective investigation of potential claims in these Chapter 11 Cases.

(d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Cole Schotz's representation of the Committee has not precluded its acceptance of new clients.  However, the issues that have arisen in these Chapter 11 Cases required attention on a continuing, and often emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to these cases.

(e) *The Customary Fee*.  The fees sought herein are based upon Cole Schotz's normal hourly rates for services of this kind.  Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee.  Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f) *Whether the Fee is Fixed or Contingent*.  The fees requested in this Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Application.

(g) *Time Limitations Imposed by Client or other Circumstances*.  Cole Schotz provided capable legal representation within the time limitations imposed under the unique circumstances of these cases.

(h) *The Amount Involved and Results Obtained*.  For the reasons described above, Cole Schotz respectfully submits that the amount of fees for which compensation

        is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

(i)    *The Experience, Reputation and Ability of the Attorneys*. Cole Schotz is a professional association whose more than 140 attorneys practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, fiduciaries, and numerous other parties in cases before the Bankruptcy Courts for the Southern District of Texas as well as in various other Bankruptcy Courts throughout the country.

(j)    *The Undesirability of the Case*. Not applicable.

(k)    *Nature and Length of Professional Relationship*. Not applicable.

(l)    *Awards in Similar Cases*. As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other chapter 11 cases.

27.    Consistent with Section 331 of the Bankruptcy Code, this is Cole Schotz's final fee application since the Petition Date. *See* 11 U.S.C. § 331.

28.    In sum, the services rendered by Cole Schotz were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

29.    No previous application for the relief sought herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, Cole Schotz respectfully requests that the Court:

(a) approve final allowance for the Final Application Period of $324,490.00 for professional services rendered to the Committee and $951.19 for out-of-pocket expenses incurred in connection with the rendering of such services;

(b) authorize the Debtors to immediately pay to Cole Schotz any unpaid portion of such allowed fees and expenses; and

(c) award such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: October 11, 2021

By: */s/ James Walker*

James Walker
Texas Bar No. 20709600
Southern District of Texas Bar No. 13776
Cole Schotz P.C.
901 Main Street, Suite 4120
Dallas, TX 75202
(469) 557-9391
(469) 557-0361 (fax)
Jwalker@coleschotz.com

-and

Daniel F. X. Geoghan
Cole Schotz P.C.
1325 Avenue of the Americas, 19th Flr.
New York, NY 10019
646.563.8925
646.563.7925
dgeoghan@coleschotz.com

*Counsel for The Official Committee of Unsecured Creditors*

61542/0001-41693162v2