UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

COVERSHEET TO SECOND INTERIM AND FINAL FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE <u>PERIOD FROM JANUARY 20, 2021 THROUGH AUGUST 27, 2021</u>

| **Name of Applicant:** | Pachulski Stang Ziehl & Jones LLP | |
|---|---|---|
| **Applicant's Role in case:** | Co-Counsel to the Official Committee of Unsecured Creditors | |
| **Date and Docket to Order of Employment Signed:** | March 17, 2021 (Docket No. 1044) | |
| **Interim Application (x)    No. 2** <br> **Final Application    (x)** | | |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | Beginning of Period <br> May 1, 2021 | Ending Period <br> August 27, 2021 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? (Y) Y/N | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y) Y/N | | |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y ) Y/N | | |
| Do expense reimbursements represent actual and necessary expenses incurred? (Y) Y/N | | |
| **Compensation Breakdown for Time Period Covered by This Application** | | |
| **Total professional fees requested in the Second Interim Application Period:** | | $176,822.50 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

| | |
|---|---:|
| **Total actual professional hours covered by the Second Interim Application Period:** | 188.1 |
| **Average hourly rate for professionals for the Second Interim Application Period:** | $940.00 |
| **Total paraprofessional fees requested in the Second Interim Application Period:** | $14,628.00 |
| **Total actual paraprofessional hours covered by the Second Interim Application Period:** | 31.8 |
| **Average hourly rate for paraprofessionals for the Second Interim Application Period:** | $460.00 |
| **Total fees requested in the Second Interim Application Period[2]:** | $191,450.50 |
| **Reimbursable expenses sought in the Second Interim Application Period:** | $0.00 |
| **Total fees and expenses awarded in all prior Application:** | $193,891.10 |
| | |
| **Total fees requested in the Final Application Period:** | $359,042.00 |
| **Reimbursable expenses sought in the Final Application Period:** | $7.10 |
| | |
| **Plan Status:** The Confirmation Hearings occurred over a five day span from June 21, 2021 through June 25, 2021. The Plan was confirmed on the final day of the hearings, June 25, 2021 (Docket No. 1751). The Eighth Amended Ch. 11 Plan (Docket No. 2008) filed on August 25, 2021, went effective as of August 27, 2021 (Docket No. 2016). | |
| **Primary Benefits:** Plan Benefits:  The Class 6A - Unsecured Trade Claims are expected to receive the lesser of $8 million or 14% of the Allowed Amount of Allowed Unsecured Trade Claims. The Class 6B - General Unsecured Claims are receiving their pro rata share of the new GUC warrants (3.5% of New Equity Interests) and any residual distributable value. | |

Date Signed: October 11, 2021         */s/ Michael D. Warner*
                                      Michael D. Warner (TX Bar No. 00792304)
                                      **Pachulski Stang Ziehl & Jones LLP**
                                      440 Louisiana Street, Suite 900
                                      Houston, TX 77002
                                      T: (713) 691-9385
                                      F: (713) 691-9407
                                      Email: mwarner@pszjlaw.com

                                      *Co-Counsel for the Official Committee of Unsecured Creditors*

---

[2] This amount is prior to the voluntary reductions given as stated in (*Declaration of Michael D. Warner, Esq., in Support of the Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective January 20, 2021*, Exhibit B to the retention application) [Docket. No. 894], PSZJ agreed with the Committee that, with respect to the hourly rate of Michael Warner for the balance of 2021, such rate will remain at $900, as such was the hourly rate at the time Michael Warner left Cole Schotz and became employed by Pachulski Stang. Other attorneys providing services in this case will be charging their current hourly rates.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM AND FINAL FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 20, 2021 THROUGH AUGUST 27, 2021**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEIDATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), hereby files its second interim application for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

61542/0001-21663695v1

allowance of compensation for services rendered and necessary expenses for the period from May 1, 2021 through August 27, 2021 (the "**Second Interim Application Period**"), and its final application for the allowance of compensation for services rendered and necessary expenses for the period from January 20, 2021 through August 27, 2021 (the **"Final Application Period"**), pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and, as may be applicable to these cases, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013. For the Second Interim Application Period, PSZJ seeks the allowance of $191,450.50 (which includes a total of $26,292.50 reduction in Michael Warner's PSZJ rate[2]) as fees for services rendered and $0.00 as reimbursement of expenses incurred. In addition, for the Final Application Period, PSZJ seeks the final allowance of $359,042.00 as fees for services rendered and $7.10 as reimbursement of expenses incurred, which amounts include those sought for the Second Interim Application Period. In support of this application (the "**Application**"), PSZJ submits the Declaration of Michael D. Warner (the "**Warner Declaration**") attached hereto as **Exhibit 1** and a proposed order granting

---

[2] As stated in *Declaration of Michael D. Warner, Esq., in Support of the Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective January 20, 2021*, Exhibit B to the retention application [Docket. No. 894], PSZJ agreed with the Committee that, with respect to the hourly rate of Michael Warner for the balance of 2021, such rate will remain at $900, as such was the hourly rate at the time Michael Warner left Cole Schotz P.C. and became employed by PSZJ. Other attorneys providing services in this case will be charging their current hourly rates.

4

61542/0001-21663695v1

the Application attached hereto as **Exhibit 2**. In further support of this Application, PSZJ respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. Background

2. On August 3, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

3. On August 18, 2020, the Office of the United States Trustee filed that certain *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 183], appointing a Committee pursuant to section 1102 of the Bankruptcy Code. The Committee originally consisted of the following (5) members: (i) Oceaneering International, Inc.; (ii) Subsea 7 US LLC; (iii) Halliburton Energy Services, Inc.; (iv) TETRA Technologies, Inc.; (v) Workstrings International, L.L.C. Shortly after its formation, the Committee selected Conway MacKenzie as its Financial Advisor, subject to this Court's approval. On October 12, 2020, Oceaneering International, Inc. resigned from the Committee. On October 26, 2020 Subsea 7 US LLC resigned from the Committee. On

January 5, 2021, Halliburton Energy Services, Inc. resigned from the Committee, and Partco, LLC was added to the Committee. On February 5, 2021, Workstrings International, L.L.C. resigned from the Committee. On February 19, 2021, TETRA Technologies Inc. resigned from the Committee, and Sea Robin Pipeline, LLC and Aggreko, LLC were added to the Committee. On June 11, 2021, Aggreko, LLC resigned from the Committee.

4. On June 25, 2021, the Court entered an order confirming the Debtors' *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742] (the "**Plan**"). The Effective Date (as defined in the Plan) occurred on August 27, 2021.

5. The Plan requires that all final fee applications be filed no later than 45 days after the Effective Date, therefore, such deadline is October 11, 2021.

### B. The Committee's Retention of PSZJ

6. On August 19, 2020, the Committee held a meeting and, among other things, selected Stroock & Stroock & Lavan LLP ("**Stroock**") as lead counsel, subject to Court approval. The following day, August 20, 2020, the Committee selected Conway Mackenzie, LLC as the Committee's financial advisor and Cole Schotz P.C. to serve as co-counsel to the Committee in these cases, both subject to Court approval.

7. On September 18, 2020, Cole Schotz P.C. filed its *Application for Approval of the Employment of Cole Schotz P.C. as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of August 20, 2020* [Docket No. 374]. The Court entered the order approving the application on October 16, 2020 as docket number 470.

8. Michael D. Warner, a former member of Cole Schotz P.C., was a lead counsel providing services in these Chapter 11 Cases on behalf of Cole Schotz P.C. On January 20, 2021, Mr. Warner left Cole Schotz P.C. and became employed by PSZJ. On January 12, 2021 the

Committee held a meeting and, among other things, voted to retain the firm of PSZJ as its counsel, in place of Cole Schotz P.C.

9. On February 19, 2021, PSZJ filed its *Application for Approval of the Employment of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of January 20, 2021* [Docket No. 894]. The Court entered the order approving the application on March 17, 2021 [Docket No. 1044] (the "**Retention Order**").

10. The Retention Order authorizes the Debtors to compensate and reimburse PSZJ in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders entered in these Chapter 11 Cases. The Retention Order also authorizes the compensation of PSZJ at its standard hourly rates and the reimbursement of PSZJ' actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

11. On May 27, 2021, PSZJ filed its *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance of Compensation for Services Rendered as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from January 20, 2021 Through April 30, 2021* [Docket No. 1400] (the "**First Interim Fee Application**"). The Court entered an order approving the First Interim Fee Application on June 28, 2021 [Docket No. 1766].

### SUMMARY OF PROFESSIONAL INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

12. PSZJ seeks allowance of $191,450.50 (which includes a total of $26,292.50 reduction in Michael Warner's PSZJ rate) in fees calculated at the hourly billing rates of PSZJ personnel who worked on this case and $0.00 in expenses actually and necessarily incurred by PSZJ while providing services to the Committee during the Second Interim Application Period. During the Second Interim Application Period, PSZJ attorneys and paraprofessionals expended a total of 219.9 hours for which compensation is requested.

13. Pursuant to the Interim Compensation Order, during these Chapter 11 Cases, PSZJ has submitted monthly fee statements and has received payment of 80% of fees and 100% of expenses for the period May 1-31, 2021.  The Debtors have not yet remitted payment to PSZJ for the month of June 2021.  As of the date of this Application, PSZJ has not received any objections to its monthly fee statements.  In addition, PZJ has included July 2021 and August 2021 monthly fee statements that were not circulated and paid due to unanticipated delays in the Effective Date of the Debtors' plan. Those fee statements are included in this Second Interim Application.  A summary of the amounts paid to PSZJ in accordance with the Interim Compensation Order for monthly fee statements relating to the Second Interim Application Period is set forth as follows:

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| May 1 – 31, 2021 | $37,309.00 | $29,847.20 | $0.00 | $0.00 | $7,462.00 |
| June 1 – 25, 2021 | $94,208.00 | $0.00 | $0.00 | $0.00 | $94,208.00 |
| July 1 – 30, 2021 | $24,694.00 | $0.00 | $0.00 | $0.00 | $24,694.00 |
| August 1 – 27, 2021 | $8,947.00 | $0.00 | $0.00 | $0.00 | $8,947.00 |
| **Balance Owing:** | | | | | **$135,311.00** |

14. The fees charged by PSZJ in these Chapter 11 Cases are billed in accordance with PSZJ's existing billing rates and procedures in effect during the Second Interim Application Period. The rates PSZJ charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases generally are the same rates PSZJ charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

15. Attached hereto as **Exhibit 3** is a summary breakdown of hours and amounts billed by timekeeper. The summary sheet lists those PSZJ professionals, paraprofessionals, and other staff who have performed services for the Committee during the Second Interim Application Period, the capacities in which each individual is employed by PSZJ, the department in which each individual practices, the hourly billing rate charged by PSZJ for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

16. PSZJ maintains computerized records of the time spent by all PSZJ attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of the time records of PSZJ's attorneys and paraprofessionals for the period from May 1, 2021, through August 27, 2021 are attached hereto as **Exhibit 4**.

17. PSZJ reserves the right to request additional compensation for the Second Interim Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

## SUMMARY OF SERVICES RENDERED

18. The following narrative provides a brief summary of the services rendered by PSZJ on behalf of the Committee organized by project category. The summary that follows is not intended to be a detailed description of the work performed by PSZJ during the Second Interim Application Period, as those day-to-day services and the time expended in performing such services are fully set forth in the contemporaneous time records that are attached as **Exhibit 4**. Rather, the following summary attempts to highlight certain of those areas in which services were rendered to the Committee.

### A.     <u>**Appeal**</u>

Fees:  $3,069.00    Total Hours: 3.0

19.    This category includes time spent reviewing appeal notice, pleadings and communications relating to hearing on sureties' motions for stay pending appeal, and statements of issues on appeal.

### B.     <u>**Bankruptcy Litigation**</u>

Fees:  $37,727.00    Total Hours: 38.2

20.    This category includes time expended by PSZJ professionals reviewing pleadings, analyzing issues, and strategizing with lead committee counsel in the various adversary proceedings involving Apache Corporation and multiple sureties, NASIC, and Atlantic Maritime and time spent, *inter alia*, attending depositions, reviewing discovery documents, attending various hearings on motion to dismiss and for summary judgment, and reviewing settlement documents. In addition, time was spent on review of discovery to debtors from Shell Offshore and Debtors' discovery to BP as well as the various motions to quash discovery.

### C.     <u>**Case Administration**</u>

Fees:  $26,076.50    Total Hours: 33.5

21.    This category includes work performed by PSZJ professionals in connection with the day-to-day work relating to PSZJ's role as co-counsel to the Committee in the Chapter 11 Cases including, but not limited to, submitting telephonic appearances, reviewing, revising and filing, in accordance with local practice and rules, various pleadings; reviewing multiple communications regarding recent filings, notices and deadlines, party agreements, obtaining multiple Sharefile documents, reviewing various pleadings filed, and addressing issues related to committee memos and communications.

10

**D.     Claims Administration and Objections**

Fees:   $1,225.00     Total Hours:   1.0

22.     This category includes time expended by PSZJ professionals addressing, with Debtors' GC, objections to claims of Targa and reviewing filings and issues regarding Atlantic Maritime and BP claims.

**E.     Fee/Employment Applications**

Fees:   $28,400.00     Total Hours:   46.3

23.     During the Second Interim Application Period, PSZJ professionals expended time, *inter alia*, (i) preparing PSZJ's monthly fee statements for April, May, June, and July; (ii) preparing and filing PSZJ's First Interim Fee Application; (iii) preparing and filing certificates of no objections to PSZJ, Stroock and Conway's interim fee applications; (iv) corresponding with co-counsel regarding monthly and First Interim Fee Application; (v) reviewing time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and making necessary revisions to preserve confidentiality of the work performed for the Committee; and (vi) coordinating with committee professionals to obtain and deliver to Debtors multiple updated fee estimates due to delays in Effective Date of Plan.

**F.     General Creditors Committee**

Fees:   $5,400.00     Total Hours:   6.0

24.     This category includes time expended by PSZJ professionals, *inter alia*, (i) working with lead Committee counsel regarding change in Committee composition; and (ii) participating on weekly Committee meeting calls, weekly Committee professional calls, and reviewing materials circulated in advance of such calls.

11

### G.     Hearing

Fees: $13,875.00    Total Hours: 19.0

25. This category includes time spent reviewing various pleadings related to (i) motion for relief from stay, (ii) motion to compel (iii) surety motion to dismiss, (iv) motion to withdraw reference, (v) motion for extension of motion for summary judgement, and (vi) BP motion or relief from stay and attending hearings on same. In addition, time was spent attending the multi-day confirmation hearing, cure issues hearing, and the hearing on LLOG assertion of secured claim.

### H.     Plan and Disclosure Statement

Fees: $75,678.00    Total Hours: 72.9

26. This category includes time expended by PSZJ professionals, *inter alia*, reviewing various pleadings related to Plan including, Plan amendments, approval of rights offering and backstop agreement, objections to Plan, motions to strike testimony at confirmation hearing, and briefs in support or against confirmation of Plan; providing input for Committee statement in support of plan; attending internal professional discussion on plan administration issues; submitting electronic appearances related to plan confirmation hearing and continuations; and reviewing motion in aid of effective date and communications and materials regarding the Plan and closing date.

## FINAL APPLICATION PERIOD

27. The professional services performed by PSZJ on behalf of the Committee during the Final Application Period required an aggregate expenditure of more than 461.7 hours by PSZJ's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, 223.1 recorded hours were expended by partners of PSZJ, 176.0 recorded hours

were expended by special counsel, 6.4 recorded hours were expended by associates, and 56.2 recorded hours were expended by paraprofessionals of PSZJ.

28. During the Final Application Period, PSZJ billed the Committee for time expended by attorneys based on hourly rates ranging from $725 to $900 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $777 (based on 461.7 recorded hours for professionals at PSZJ's agreed billing rates in effect at the time of the performance of services).

29. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently. Whenever possible, PSZJ sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

30. In sum, the services rendered by PSZJ during the Final Application Period were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## BASIS FOR THE RELIEF REQUESTED

31. Section 331 of the Bankruptcy Code provides for interim compensation of professionals not more than once every 120 days after the commencement of the cases (or more often as the court may permit) and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

32. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

33. In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Second Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) which incorporates and expands upon the requirements of section 330 of the Bankruptcy Code. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances;

(8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8. In *In re Second Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Second Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

34. Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, PSZJ submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. PSZJ devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases. Whenever possible, PSZJ sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

35. PSZJ respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to represent the Committee effectively and efficiently.

36. Further, PSZJ submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Committee:

(a) *The Time and Labor Required*. The professional services rendered by PSZJ on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch. PSZJ respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b) *The Novelty and Difficulty of Questions*. These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult

15

issues in areas such as restructuring, lien perfection, energy, litigation, and corporate finance. PSZJ's efforts and effective assistance was for the purpose of maximizing value for the benefit of the estate and its stakeholders.

(c) *The Skill Required to Perform the Legal Services Properly*. PSZJ believes that its recognized expertise in the area of insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective representation of the Committee in these Chapter 11 Cases.

(d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. PSZJ's representation of the Committee has not precluded its acceptance of new clients. However, the issues that have arisen in these Chapter 11 Cases required attention on a continuing, and often times emergent, basis, requiring PSZJ's professionals to commit significant portions of their time to these cases.

(e) *The Customary Fee*. The fees sought herein are based upon PSZJ's normal hourly rates for services of this kind. PSZJ respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee. PSZJ's hourly rates and the fees requested herein are commensurate with fees PSZJ has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f) *Whether the Fee is Fixed or Contingent*. The fees requested in this Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Application.

(g) *Time Limitations Imposed by Client or other Circumstances*. PSZJ provided capable legal representation within the time limitations imposed under the unique circumstances of these cases. The issues that have arisen in these Chapter 11 Cases, particularly with respect to the disputes among the various stakeholders, required attention on a continuing, and often times emergent, basis,

(h) *The Amount Involved and Results Obtained*. For the reasons described above, PSZJ respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

(i) *The Experience, Reputation and Ability of the Attorneys*. PSZJ is a professional association whose more than 70 attorneys practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; corporate, finance and business transactions; employment and other phases of the law. PSZJ has represented debtors, creditors, fiduciaries, and numerous other parties in cases before the Bankruptcy Courts for the Southern District of Texas as well as in various other Bankruptcy Courts throughout the country.

(j) *The Undesirability of the Case*. Not applicable.

(k) *Nature and Length of Professional Relationship*. Not applicable.

16

(l) *Awards in Similar Cases*. As previously indicated, the fees sought herein are commensurate with fees PSZJ has been awarded in other chapter 11 cases.

37. Consistent with Section 331 of the Bankruptcy Code, this is PSZJ's Second Interim fee application since the Petition Date. *See* 11 U.S.C. § 331.

38. In sum, the services rendered by PSZJ were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

39. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, PSZJ respectfully requests that the Court:

(a) approve interim allowance for the Second Interim Application Period of $191,450.50, minus the voluntary reduction of $26,292.50 described hereinabove, for a total amount of $165,158.00 for professional services rendered to the Committee and $0.00 out-of-pocket expenses incurred in connection with the rendering of such services during the period from May 1, 2021, through and including August 27, 2021;

(b) approve final allowance for the Final Application Period of $359,042.00 for professional services rendered to the Committee and $7.10 out-of-pocket expenses incurred in connection with the rendering of such services during the period from January 20, 2021 through and including August 27, 2021;

(c) authorize the Debtors to immediately pay to PSZJ any unpaid portion of such allowed fees and expenses; and

(d) award such other relief as the Court deems just and proper under the circumstances.

Dated:  October 11, 2021

Respectfully submitted,

By: */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
(713) 691-9385
(713) 691-9407 (fax)
mwarner@pszjlaw.com
bwallen@pszjlaw.com

*Co-Counsel for The Official Committee of Unsecured Creditors*