# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

**COVERSHEET TO SECOND INTERIM AND FINAL FEE APPLICATION OF MANI LITTLE & WORTMANN, PLLC, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIELDWOOD ENERGY LLC, *ET AL*., FOR THE PERIOD FROM OCTOBER 21, 2020 THROUGH AND INCLUDING MARCH 1, 2021**

| | | |
|---|---|---|
| **Name of Applicant:** | Mani Little & Wortmann, PLLC | |
| **Applicant's Role in Case:** | Special Counsel to the Official Committee of Unsecured Creditors of Fieldwood Energy LLC, *et al*. | |
| **Date and Docket to Order of Employment Signed**: | December 2, 2020 [Docket No. 630] | |
| **Interim Application (x)         No. 2** <br> **Final Application     (x)** | | |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | Beginning of Period | End of Period |
| | 01/01/2021 | 03/01/2021 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? (Y) Y/N | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y) Y/N | | |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y ) Y/N | | |
| **Compensation Breakdown for Time Period Covered by This Application** | | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

1

| | |
|---|---:|
| **Total professional fees requested in Second Interim Application Period:** | $10,212.50[2] |
| **Total actual professional hours covered by Second Interim Application Period:** | 13.90 |
| **Average hourly rate for professionals for the Second Interim Application Period:** | $375 |
| **Total paraprofessional fees requested in the Second Interim Application Period:** | $0.00 |
| **Total actual paraprofessional hours covered by the Second Interim Application Period:** | $0.00 |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Reimbursable expenses sought in the Second Interim Application Period:** | $0.00 |
| | |
| **Total fees requested in the Final Application Period:** | $123,065.00[2] |
| **Reimbursable expenses sought in the Final Application Period:** | $28,205.50 |
| | |
| **Plan Status:**  The Confirmation Hearings occurred over a five day span from June 21, 2021 through June 25, 2021. The Plan was confirmed on the final day of the hearings, June 25, 2021 (Docket No. 1751). The Eighth Amended Ch. 11 Plan (Docket No. 2008) filed on August 25, 2021, went effective as of August 27, 2021 (Docket No. 2016). | |
| **Plan Benefits:**  The Class 6A - Unsecured Trade Claims are expected to receive the lesser of $8 million or 14% of the Allowed Amount of Allowed Unsecured Trade Claims. The Class 6B - General Unsecured Claims are receiving their pro rata share of the new GUC warrants (3.5% of New Equity Interests) and any residual distributable value. | |

Dated: October 11, 2021

/s/ *Eric W. Wortmann II*
Eric W. Wortmann II (TX Bar No. 24047477)
**MANI, LITTLE & WORTMANN, PLLC**
300 Austin Highway, Suite 150
San Antonio, Texas 78209
Telephone: (210)403-9461
Facsimile: (210) 403-9264
E-mail: ewortmann@mlwenergylaw.com

*Special Counsel for the Official Committee of Unsecured Creditors*

---

[2] Mani Little & Wortmann has included here post-effective date fees in the amount of $5,000 for services provided and to be provided in connection with the preparation of fee applications for services provided during the chapter 11 cases.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>**FIELDWOOD ENERGY LLC,** *et al*.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-33948 (MI)<br><br>(Jointly Administered) |

**SECOND INTERIM AND FINAL FEE APPLICATION OF MANI LITTLE & WORTMANN, PLLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIELDWOOD ENERGY LLC,** *ET AL.***, FOR THE PERIOD FROM <u>OCTOBER 21, 2020 THROUGH AND INCLUDING MARCH 1, 2021</u>**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEIDATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

Mani Little & Wortmann, PLLC ("**MLW**"), Special Counsel to the Official Committee of

Unsecured Creditors (the "**Committee**"), hereby files its second interim application for the allowance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

3

of compensation for services rendered and necessary expenses for the period from January 1, 2021 through March 1, 2021 (the "**Second Interim Application Period**"), and its final application for the allowance of compensation for services rendered and necessary expenses for the period from October 21, 2020 through March 1, 2021 (the **"Final Application Period"**),  pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and, as may be applicable to these cases, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.  For the Second Interim Application Period, MLW seeks the allowance of $10,212.50 as fees for services rendered and $0.00 as reimbursement of expenses incurred.  In addition, for the Final Application Period, MLW seeks the final allowance of $123,065.00 as compensation and $28,205.50 as reimbursement of expenses incurred, which amounts include those sought for the Second Interim Application Period.  In support of this application (the "**Application**"), MLW submits the Declaration of Eric W. Wortmann II (the "**Wortmann Declaration**") attached hereto as **Exhibit 1** and a proposed order granting the Application hereto as **Exhibit 2**.  In further support of this Application, MLW respectfully states as follows:

**JURISDICTION, BASES FOR RELIEF, AND U.S. TRUSTEE GUIDELINES**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and

4

331, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1. Mani Little & Wortmannconsents to this Court's authority to enter final orders on this matter.

3. Mani Little & Wortmann believes that this Application, together with the attachments hereto, substantially complies with the Interim Compensation Order, Bankruptcy Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"). To the extent necessary, Mani Little & Wortmann requests a waiver of any requirements not met by this Application.[2]

4. In accordance with the U.S. Trustee Guidelines and the Bankruptcy Local Rules, at the end of this Application are the following Exhibits:

- Exhibit A contains a summary of Mani Little & Wortmann's timekeepers for theFinal Period.

- Exhibit B contains the staffing plan for Mani Little & Wortmann's services duringthe Final Period.

- Exhibit C contains a summary of the compensation requested by project category for the Final Period, and compares the requested compensation to the budgeted compensation for the Final Period.

- Exhibit D contains the monthly statements for the Final Period.

- Exhibit E contains the Proposed Order.

## BACKGROUND

5. On August 3, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

---

[2] The Committee and Mani Little & Wortmann reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in the Chapter 11 Cases.

6. On August 18, 2020, the United States Trustee for the Southern District of Texas appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 183]. The Committee originally consisted of the following (5) members: (i) Oceaneering International, Inc.; (ii) Subsea 7 US LLC; (iii) Halliburton Energy Services, Inc.; (iv) TETRA Technologies, Inc.; (v) Workstrings International, L.L.C. Shortly after its formation, the Committee selected Mani Little & Wortmann as its Special Counsel, subject to this Court's approval. On October 12, 2020, Oceaneering International, Inc. resigned from the Committee. On October 26, 2020 Subsea 7 US LLC resigned from the Committee. On January 5, 2021, Halliburton Energy Services, Inc. resigned from the Committee, and Partco, LLC was added to the Committee. On February 5, 2021, Workstrings International, L.L.C. resigned from the Committee. On February 19, 2021, TETRA Technologies Inc. resigned from the Committee, and Sea Robin Pipeline, LLC and Aggreko, LLC were added to the Committee. On June 11, 2021, Aggreko, LLC resigned from the Committee.

7. On October 30, 2020, the Committee filed an application to retain and employ Mani Little & Wortmann as Special Counsel [Docket No. 519] (the "Retention Application"). On December 2, 2020, this Court entered the Retention Order approving Mani Little & Wortmann's retention effective as of October 21, 2020. The Retention Order authorized Mani Little & Wortmann to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and such orders as the Court may direct.

8. On March 1, 2021, Mani Little & Wortmann filed its first interim fee application for the period from October 21, 2020 through December 31, 2020 [Docket No. 926](the "First Interim Fee Application"). In the First Interim Fee Application, Mani Little & Wortmann requested interim allowance and payment of fees in the amount of $112,852.50 and reimbursement of expenses in the

6

amount of $28,205.50 for services provided for and on behalf of the Committee. On March 29, 2021, the Court approved the First Interim Fee Application [Docket No. 1181]. Mani Little & Wortmann has received payment of $112,852.50 in fees and $28,205.50 in expenses in accordance with the Order approving the First Interim Fee Application.

9. On June 25, 2021, the Court entered an order confirming the Plan [Docket No. 1751] (the "<u>Confirmation Order</u>"). The Effective Date of the Plan occurred on August 27, 2021.

## COMPENSATION AND REIMBURSEMENT REQUEST

10. By this Application, Mani Little & Wortmann requests allowance and payment of the sum of $10,212.50[3] as compensation for the Second Interim Application Period. All services for which compensation is requested herein were performed for or on behalf of the Committee.

11. Pursuant to the Interim Compensation Order, Mani Little & Wortmann has prepared and served monthly fee statements for services provided during the Second Interim Application Period, as detailed in the table below.

| Date Submitted | Monthly Period Covered | Requested Fees | Requested Expenses | Fees Paid (80%) | Expenses Paid (100%) | Amount Unpaid |
|---|---|---|---|---|---|---|
| Covered in this Application | 01/1/21 – 3/31/21 | $10,212.50 | $0.00 | N/A | N/A | $10,212.50 |
| **Total** | | $10,212.50 | $0.00 | N/A | N/A | **$10,212.50** |

---

[3] Mani Little & Wortmann has included in this amount its post-Effective Date fees of $5,000 for services provided and to be provided in connection with the preparation of, and hearing on, fee applications for services provided during the Chapter 11 Cases.

12. Other than payments made in accordance with the Interim Compensation Order, Mani Little & Wortmann has received no payment and no promises of payment from any source for services rendered during the Second Interim Application Period. There is no agreement or understanding between Mani Little & Wortmann and any other person other than the attorneys, employees, and staff of Mani Little & Wortmann, for the sharing of compensation to be received for services rendered in these cases.

13. Mani Little & Wortmann maintains computerized records, in the form of monthly statements, of the time spent by all Mani Little & Wortmann's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by Mani Little & Wortmann to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

14. Mani Little & Wortmann's professional services during the Second Interim Application Period required an aggregate expenditure of 13.90 recorded hours by Mani Little & Wortmann's attorneys, broken down as follows: partners (13.90 hours).

## SUMMARY OF SERVICES

15. During the Final Period, Mani Little & performed the necessary professional services that are described below and in the firm's monthly statements attached hereto as <u>Exhibit D</u> and incorporated herein by reference.

**I.    Chapter 11 Case (Matter ID 00002)**

    A.    <u>Fee / Employment Applications(Task Code 0009)</u>
    Fees: $5,212.50        Total Hours: 13.90

16. During the Second Interim Application Period, Mani Little & Wortmann prepared

8

the First Interim Fee Application.

## ALLOWANCE OF COMPENSATION

17. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 or 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

18. The Court of Appeals has held that the six factors found in section 330(a)(3) of the Bankruptcy Code are to be considered when awarding compensation to professionals. *See In re Crager,* 691 F.3d 671, 676 (5th Cir. 2012).[4] Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including —

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19. In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by Mani Little & Wortmann is fair and reasonable, as set forth below and otherwise in this Application.

    a. **Time and Labor Required**
As evidenced by this Application, Mani Little & Wortmann professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Final Period. Mani Little & Wortmann's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient, and timely manner. Mani Little & Wortmann submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant, and often urgent, legal and business issues raised, and the numerous pleadings filed in the Chapter 11 Cases.

    b. **Rates Charged; Customary Fee**
The fees charged by Mani Little & Wortmann in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Final Period. The rates Mani Little & Wortmann charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are comparable to the rates Mani Little & Wortmann charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Mani Little & Wortmann's restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

---

[4] These factors are consistent with those enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977). The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) theskill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

c. **Rates Charged; Customary Fee**
The fees charged by Mani Little & Wortmann in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Final Period. The rates Mani Little & Wortmann charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are comparable to the rates Mani Little & Wortmann charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Mani Little & Wortmann's restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

Mani Little & Wortmann's rates are set at a level designed to fairly compensate Mani Little & Wortmann for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Mani Little & Wortmann operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Mani Little & Wortmann set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Mani Little & Wortmann endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

d. **Necessary and Beneficial Services Rendered**
Mani Little & Wortmann professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Final Period, and as described in the summary of services herein, Mani Little & Wortmann was instrumental in analyzing potential sources of recovery for the benefit of unsecured creditors.

e. **Time Spent Commensurate with Complexity of Issues and Limitations Imposed by the Client or Other Circumstances**
During the Final Period, Mani Little & Wortmann was required to analyze and address certain issues arising in the Chapter 11 Cases under compressed timelines. The tremendous efforts of Mani Little & Wortmann professionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

f. **Skill and Experience of Attorneys**
Mani Little & Wortmann is recognized as a top tier law firm in the field of oil and

11

    gas. Mani Little & Wortmann's extensive experience enables it to perform the services described herein competently and expeditiously.

20. Accordingly, Mani Little & Wortmann submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, their estates, and creditors and were rendered to protect, preserve, and maximize the value of the estates for all parties in interest. In light of the nature and complexity of the Chapter 11 Cases, the compensation requested herein is reasonable.

## ACTUAL AND NECESSARY DISBURSEMENTS

21. Mani Little & Wortmann believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services. In addition, Mani Little & Wortmann believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

22. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

## STATEMENTS IN RESPONSE TO U.S. TRUSTEE GUIDELINES

23. Mani Little & Wortmann provides the following response to the request for information set forth in the U.S. Trustee Guidelines for the Second Interim Application Period:

  Question: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Final Period?
  Response: No.

  Question: If the fees sought in this application as compared to the fees budgeted for the Final Period are higher by 10% or more, did you discuss thereasons for the variation with the client?
  Response: Not applicable.

  Question: Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

| | |
|---|---|
| Response: | No. |
| Question: | Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees. |
| Response: | The Application includes approximately 13.90 hours and associated fees of approximately $5,212.50 related to preparing, reviewing, and revising Mani Little & Wortmann's fee statements. |
| Question: | Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. |
| Response: | No. |
| Question: | If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458? |
| Response: | Not applicable. |

## RESERVATION OF RIGHTS

24.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Period, but were not processed before the preparation of this Application, or Mani Little & Wortmann has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Mani Little & Wortmann reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application. Also, Mani Little & Wortmann does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for Mani Little & Wortmann's work in the Chapter 11 Cases.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this Court or any other court.

**FINAL APPLICATION PERIOD**

26. The professional services performed by MLW on behalf of the Committee during the Final Application Period required an aggregate expenditure of more than 320.50 hours by MLW's partners and associates. Of the aggregate time expended, 250.1 recorded hours were expended by partners of MLW, and 70.4 recorded hours were expended by associates of MLW.

27. During the Final Application Period, MLW billed the Committee for time expended by attorneys based on hourly rates ranging from $275 to $375 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $384 (based on 320.50 recorded hours for professionals at MLW's agreed billing rates in effect at the time of the performance of services).

28. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently. Whenever possible, MLW sought to minimize the costs of its services to the Committee by utilizing associates to handle the more routine aspects of case administration.

29. In sum, the services rendered by MLW during the Final Application Period were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

**BASIS FOR RELIEF**

30. Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. See 11 U.S.C. § 328(a). Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. See *In re Nat'l Gypsum Co.*, 123 F.3d 861, 862-63 (5th Cir. 1997). Section 328(a) expressly contemplates court approval of hourly fees. See 11 U.S.C. § 328(a) ("[A] committee appointed under section 1102 . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on an hourly basis.").

31. If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the second sentence of Section 12 Case 20-33948 Document 2058 Filed in TXSB on 09/10/21 328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. Sunbeam- Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

32. To render a previously approved fee arrangement "improvident" under the section 328(a) standard, a bankruptcy court must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. *Daniels v. Barron (In re Barron)*, 225 F.3d 583, 585 (5th Cir. 2000).

33. Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for

15

actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

34.     Mani Little & Wortmann's fees were earned under the terms of the Retention Application, as approved by the Retention Order. Accordingly, Mani Little & Wortmann submits that the fees and expenses requested herein should be awarded on an interim and final basis. There have been no circumstances in these cases which would give cause to question the terms of Mani Little & Wortmann's engagement terms, which the Court approved under section 328(a) of the Bankruptcy Code.

WHEREFORE, Mani Little & Wortmann requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit F, (a) granting interim allowance of (i) compensation for professional services rendered by Mani Little & Wortmann as Special Counsel to the Committee during the Second Interim Application Period in the amount of $10,212.50; and (b) final allowance of (i) compensation for professional services rendered by Mani Little & Wortmann as Special Counsel to the Committee during the Application Period in the aggregate amount of $123,065.00, and (ii) reimbursement of expenses incurred by Mani Little & Wortmann's connection with such services in the aggregate amount of $28,205.50; and (c) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Mani Little & Wortmann on account of Mani Little & Wortmann's fees and expenses.

Dated: October 11, 2021                    Respectfully Submitted,

/s/ *Eric W. Wortmann II*
Eric W. Wortmann II (TX Bar No. 24047477)
**MANI, LITTLE & WORTMANN, PLLC**
300 Austin Highway, Suite 150
San Antonio, Texas 78209
Telephone: (210)403-9461
Facsimile: (210) 403-9264
E-mail: ewortmann@mlwenergylaw.com

*Special Counsel for the Official Committee of Unsecured Creditors*