## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date | § | (Jointly Administered) |
| Debtors.[1] | § | |

**SUMMARY COVER SHEET TO THE FOURTH INTERIM AND FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR ALLOWANCE OF (I) COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF OUT-OF-POCKET EXPENSES INCURRED FOR (A) THE FOURTH INTERIM PERIOD OF THE PERIOD OF MAY 1, 2021 THROUGH AUGUST 27, 2021 AND (B) THE FINAL COMPENSATION PERIOD OF AUGUST 3, 2020 THROUGH AUGUST 27, 2021, (II) COMPENSATION RELATED TO THE EXIT FINANCINGS, AND (III) THE RESTRUCTURING TRANSACTION FEE**

| Name of Applicant: | Houlihan Lokey Capital, Inc. |
|---|---|
| **Applicant's Role in Case:** | Financial Advisor and Investment Banker to the Debtors |
| **Docket No. of Employment Order(s):** | Docket No. 530 |
| **Nature of Fee Arrangement** (monthly, success fee, contingent litigation fee, etc.) | Monthly Fees; Restructuring Transaction Fee, Financing Transaction Fee (as defined herein) |

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

| Interim Application ( X ) No. 4th<br>Final Application ( X ) | Indicate whether this is an interim or final Application. If interim, indicate the number (1st, 2nd, 3rd, etc.) |
|---|---|

| | Beginning Date | End Date |
|---|---|---|
| Time period covered by this Application for which interim compensation has not previously been awarded: | 05/01/2021 | 08/27/2021 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? | | Yes |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? | | Yes |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? | | Yes |
| Do expense reimbursements represent actual and necessary expenses incurred? | | Yes |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| Total fees requested in this Application: | | $450,000.00 |
| Total expense reimbursements requested in this Application: | | $17,248.41² |
| Total fees and expenses requested in this Application: | | $467,248.41³ |

**Plan Status:** (Provide a short narrative of status if a plan has not confirmed; date of hearing and docket number of confirmation order if plan has been confirmed; if confirmed, whether the plan has gone effective.)

The Plan was confirmed on June 25, 2021 [Docket No. 1751]. The *Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 2008] went effective on August 27, 2021 [Docket No. 2016].

**Primary Benefits:** (Provide a short narrative [less than 100 words] of the most significant benefits your client received from your services during the application period.)

Houlihan Lokey was the exclusive financial advisor and investment banker providing advice and services to the Debtors in connection with the Debtors determination, negotiation, and effectuation of the Plan.

---

² Includes out-of-pocket expenses of $79.99 incurred subsequent to August 27, 2021.

³ See summary schedule on page 4 for fee and expense detail.

**FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC.**

**SUMMARY OF FEES AND EXPENSES DURING FOURTH INTERIM FEE PERIOD**

|  | Gross Fees and Expenses Earned | | Paid | | Net Fees and Expenses Earned | |
|---|---|---|---|---|---|---|
|  | Gross Fees (A) | Expenses (X) | Fees (B) | Expenses (Y) | Net Fees (A-B) | Expenses (X-Y) |
| **Monthly Fees** | $450,000.00 | $17,248.41[4] | $0 | $0 | $450,000.00 | $17,248.41 |
| **Financings Transaction Fee** | $0 | NA | $0 | NA | $0 | NA |
| **Restructuring Transaction Fee** | $0 | NA | $0 | NA | $0 | NA |
| **Total** | **$450,000.00** | **$17,248.41** | **$0** | **$0** | **$450,000.00** | **$17,248.41** |

---

[4]    Includes out-of-pocket expenses of $79.99 incurred subsequent to August 27, 2021.

**FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC.**

**SUMMARY OF FEES AND EXPENSES DURING FINAL COMPENSATION PERIOD**

| | Gross Fees and Expenses Earned | | Paid | | Net Fees and Expenses Earned | |
|---|---|---|---|---|---|---|
| | Gross Fees (A) | Expenses (X) | Fees (B) | Expenses (Y) | Net Fees (A-B-Z) | Expenses (X-Y) |
| **Monthly Fees** | $1,800,000.00 | $31,452.13 | $1,350,000.00 | $14,203.72 | $450,000.00 | $17,248.41 |
| **Financings Transaction Fee** | $2,000,000.00 | NA | $1,000,000.00 | NA | $1,000,000.00[5] | NA |
| **Restructuring Transaction Fee** | $7,425,000.00[6] | NA | $0 | NA | $7,425,000.00 | NA |
| **Total** | **$11,225,000.00** | **$31,452.13** | **$2,350,000.00** | **$14,203.72** | **$8,875,000.00** | **$17,248.41** |

---

[5]   Includes amounts due on account of (i) the $185mm new second lien financing (the "**2L Exit Financing**"); and (ii) the $40mm equity rights offerings (the "**ERO**") (the 2L Exit Financing and the ERO together are referred to as the "**Exit Financings**"). The Exit Financings are subject to a minimum fee of $1,000,000.

[6]   The Restructuring Transaction Fee (defined below) is $8,250,000.00 before applying any credits. The table above shows the Restructuring Transaction Fee after applying the crediting of the Monthly Fees (the credit is calculated as 50% of the Monthly Fees paid beginning with the seventh month of Houlihan Lokey's engagement).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Post-Effective Date Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF HOULIHAN LOKEY
CAPITAL, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE
DEBTORS FOR ALLOWANCE OF (I) COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF OUT-OF-POCKET EXPENSES
INCURRED FOR (A) THE FOURTH INTERIM PERIOD OF THE PERIOD OF
MAY 1, 2021 THROUGH AUGUST 27, 2021 AND (B) THE FINAL COMPENSATION
PERIOD OF AUGUST 3, 2020 THROUGH AUGUST 27, 2021, (II) COMPENSATION
RELATED TO THE EXIT FINANCINGS, AND (III) THE RESTRUCTURING
TRANSACTION FEE**

---

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND
IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF
THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT,
YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE
BANKRUPTCY COURT WITHIN FOURTEEN DAYS FROM THE DATE
YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A
COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE
NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS
UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1]   The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**"), investment banker and financial advisor to Fieldwood Energy III LLC,[2] Fieldwood Energy Inc., Fieldwood Energy Offshore LLC, GOM Shelf LLC, and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date Debtors**) in the above captioned chapter 11 cases hereby files its final application (the "**Application**") for: (i) interim allowance of compensation for professional services performed by Houlihan Lokey during the period commencing May 1, 2021 through and including August 27, 2021 (the "**Fourth Interim Fee Period**") in the amount of $450,000.00[3], and for reimbursement of its actual and necessary expenses in the amount of $17,248.41[4] incurred during the Fourth Interim Fee Period, and (ii) final allowance of compensation for professional services performed by Houlihan Lokey during the period commencing on August 3, 2020, through and including August 27, 2021 (the "**Final Compensation Period**" and, together with the Fourth Interim Fee Period, the "**Compensation Periods**") in the amount of $11,225,000, and for reimbursement of its actual and necessary expenses in the amount of $31,452.13 incurred during the Final Compensation Period, including, but not limited to, (a) allowance of compensation for professional services related to the raising of the Exit Financings (the "**Exit Financings Transaction Fee**") in the amount of $1,000,000 and (b) allowance of compensation for professional services related to the restructuring transaction (the "**Restructuring Transaction**") in the amount of $8,250,000 (the "**Restructuring Transaction Fee**") net of $825,000 of Monthly Fees credited against the Restructuring Transaction Fee, for a net amount of $7,425,000 (the "**Net Restructuring Transaction Fee**"), and respectfully represents as follows:

---

[2]   As contemplated by the Plan, Fieldwood Energy LLC changed its name to Fieldwood Energy III LLC following a Divisive Merger pursuant to the Initial Plan of Merger.

[3]   Includes three Monthly Fees (as defined herein): (i) the Monthly Fee due May 30th for June 2021; (ii) the Monthly Fee due June 30th for July 2021; and (iii) the Monthly Fee due July 30th for August 2021.

[4]   Includes out-of-pocket expenses of $79.99 incurred subsequent to August 27, 2021.

2

## I.  **Relief Requested**

1.        This Application has been prepared in accordance with sections 327(a), 328(a), 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), *Court Procedures for Marvin Isgur United States Bankruptcy Judge* (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "**U.S. Trustee Guidelines**" and, collectively, with the Court Procedures, the "**Fee Guidelines**"), and the *Order Authorizing Employment and Retention of Houlihan Lokey Capital, Inc. as Financial Advisor and Investment Banker to Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 530] (the "**Retention Order**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and the Post-Effective Date Debtors request approval of this Application.

2.        A proposed form of order granting the relief requested herein is attached hereto as **Exhibit D** (the "**Proposed Order**").

## II.  **Background**

3.        Commencing on August 3, 2020 (the "**Petition Date**"), Fieldwood Energy LLC and thirteen of its affiliates (collectively, the "**Debtors**") each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4.        On September 17, 2020, the Court entered the Interim Compensation Order establishing procedures for interim compensation and reimbursement of expenses for professionals.

5.      On October 5, 2020, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Houlihan Lokey Capital, Inc. As Financial Advisor and Investment Banker to Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 405] (the "**Retention Application**"), pursuant to which the Debtors sought authority to employ and retain Houlihan Lokey as its investment banker pursuant to the terms of an engagement letter (the "**Engagement Letter**") dated March 30, 2020. A copy of the Engagement Letter is attached to the Retention Application.

6.      On November 4, 2020, the Court entered the Retention Order approving the Retention Application and authorizing the employment and retention of Houlihan Lokey effective as of the Petition Date, pursuant to the terms of the Engagement Letter.

7.      On March 16, 2021, the Debtors filed the *Emergency Motion of Debtors for Order (I) Authorizing Entry Into Backstop Commitment Letter, (II) Approving Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1023] (the "**2L Exit Backstop Motion**"), pursuant to which the Debtors sought authority to enter into the 2L Exit Financing.

8.      On March 16, 2021, the Debtors also filed the *Declaration of John-Paul Hanson in Support of Emergency Motion of Debtors for Order (I) Authorizing Entry Into Backstop Commitment Letter, (II) Approving Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1024] (the "**Hanson 2L Exit Backstop Declaration**") in support of the 2L Exit Backstop Motion

9.      On April 9, 2021, the Court entered the *Order (I) Authorizing the Debtors to Enter into Backstop Commitment Letter, (II) Approving All Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1248] (the "**2L Exit Backstop Order**") approving the 2L Exit Backstop Motion on a final basis and authorizing the Debtors to enter into the 2L Exit Financing.

10. On May 20, 2021, the Debtors filed the *Emergency Motion of Debtors for Order (I) Approving Rights Offering Procedures and Related Forms, (II) Authorizing Debtors to Conduct Rights Offerings in Connection With Debtors' Plan of Reorganization, (III) Authorizing Entry Into Equity Backstop Commitment Agreements, (IV) Approving Obligations Thereunder, and (V) Granting Related Relief* [Docket No. 1384] (the "**ERO Motion**"), pursuant to which the Debtors sought authority to enter into the ERO.

11. On May 20, 2021, the Debtors also filed the *Declaration of John-Paul Hanson in Support of Emergency Motion of Debtors for Order (I) Approving Rights Offering Procedures and Related Forms, (II) Authorizing Debtors to Conduct Rights Offerings in Connection with Debtors' Plan of Reorganization, (III) Authorizing Entry Into Equity Backstop Commitment Agreements, (IV) Approving Obligations Thereunder, and (V) Granting Related Relief* [Docket No. 1385] (the "**Hanson ERO Declaration**") in support of the ERO Motion.

12. On May 28, 2021, the Court entered the *Order (I) Approving Rights Offering Procedures and Related Forms, (II) Authorizing Debtors to Conduct Rights Offerings in Connection with Debtors' Plan of Reorganization, (III) Authorizing Entry into Equity Backstop Commitment Agreements, (IV) Approving Obligations Thereunder, and (V) Granting Related Relief* [Docket No. 1410] (the "**ERO Order**") approving the ERO Motion on a final basis and authorizing the Debtors to enter into the ERO.

13. On June 25, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "**Confirmation Order**"), confirming the Plan. The Effective Date occurred on August 27, 2021 [Docket No. 2016].

5

14.     Houlihan Lokey submits this Application requesting allowance of: (i) Monthly Fees (as defined herein) for actual and necessary professional services rendered by it as financial advisors and investment banker to the Debtors for the Compensation Periods; (ii) the Exit Financings Transaction Fee; and (iii) the Net Restructuring Transaction Fee.

15.     Financial advisory and investment banking services for which compensation is sought were rendered by Houlihan Lokey on behalf of the Debtors pursuant to chapter 11 of the Bankruptcy Code.

### III.  Jurisdiction

16.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.  The Houlihan Lokey Engagement

17.     Pursuant to the Engagement Letter, Houlihan Lokey was retained to provide some or all of the following services to the Debtors:[5]

(a)     assisting the Company in the development and distribution of selected information, documents and other materials, including, if appropriate, advising the Company in the preparation of an offering memorandum (it being expressly understood that the Company will remain solely responsible for such materials and all of the information contained therein);

(b)     assisting the Company in evaluating indications of interest and proposals regarding any Transaction(s) (as defined in the Engagement Letter) from current and/or potential lenders, equity investors, acquirers and/or strategic partners;

(c)     assisting the Company with the negotiation of any Transaction(s), including participating in negotiations with creditors and other parties involved in any Transaction(s);

(d)     providing expert advice and testimony regarding financial matters related to any Transaction(s), if necessary;

---

[5]     Capitalized terms used but not defined herein shall have the meanings provided to them in the Engagement Letter.

(e)     attending meetings of the Company's Board of Directors, creditor groups, official constituencies and other interested parties, as the Company and Houlihan Lokey mutually agree; and

(f)     providing such other financial advisory and investment banking services as may be required by additional issues and developments not anticipated on the effective date of the Engagement Letter.

18.     Pursuant to the Engagement Letter, as approved by the Retention Order, the Debtors agreed to pay Houlihan Lokey as follows in consideration for the financial advisory and investment banking services rendered:[6]

(a)     <u>Monthly Fee:</u>  A monthly advisory fee (the "Monthly Fee") of $175,000 per month, provided that, beginning with the fourth (4th) Monthly Fee, the Monthly Fee shall be $150,000. Fifty percent (50%) of all Monthly Fees paid to Houlihan Lokey following the sixth (6th) Monthly Fee paid on a timely basis to Houlihan Lokey shall be credited against the next Transaction Fee (as defined in the Engagement Letter) (other than a Financing Transaction Fee or Amendment Fee) to which Houlihan Lokey becomes entitled pursuant to the Engagement Letter (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall any Transaction Fee be reduced below zero; and

(b)     <u>Transaction Fees:</u> In addition to the other fees provided for in the Engagement Letter, the Debtors shall pay Houlihan Lokey the following transaction fees:

       (i)   <u>Restructuring Transaction Fee:</u> In the case of an in-court Restructuring Transaction, upon the effective date of a confirmed plan of reorganization or liquidation under Chapter 11 of the Bankruptcy Code, Houlihan Lokey shall earn, and the Debtors shall promptly pay to Houlihan Lokey, a cash fee ("**Restructuring Transaction Fee**") of $8,250,000.

      (ii)   <u>Sale Transaction Fee:</u> Upon the closing of each Sale Transaction (as defined in the Engagement Letter), Houlihan Lokey shall earn, and the Debtors shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Sale Transaction, as a cost of such Sale Transaction, a cash fee ("**Sale Transaction Fee**") of 1.0% of Aggregate Gross Consideration.

     (iii) <u>Financing Transaction Fees:</u> Upon the closing of each Financing Transaction (as defined in the Engagement Letter), Houlihan Lokey

---

[6]   This description of Houlihan Lokey's compensation structure is for summary and illustrative purposes only. The terms of the Engagement Letter and the Retention Order shall apply to any such compensation awarded to Houlihan Lokey.

shall earn, and the Debtors shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Financing Transaction, as a cost of such Financing Transaction, a cash fee ("**Financing Transaction Fee**") equal to the sum of 0.50% of the gross proceeds of any: (I) indebtedness raised or committed that is senior to other indebtedness of the Debtors, secured by a first priority lien and unsubordinated, with respect to both lien priority and payment, to any other obligations of the Debtors (other than with respect to debtor-in-possession financing); (II) indebtedness raised or committed that is secured by a lien (other than a first lien), is unsecured and/or is subordinated; and (III) equity or equity-linked securities (including, without limitation, convertible securities and preferred stock) placed or committed; provided that, to the extent any of I, II, and III above are raised from the Debtors' existing lenders and/or equity holders, the Financing Transaction Fee with respect to such gross proceeds shall be calculated as 0.25% of such gross proceeds.

Any warrants issued in connection with the raising of debt or equity capital shall, upon the exercise thereof, be considered equity for the purpose of calculating the Financing Transaction Fee, and such portion of the Financing Transaction Fee shall be paid upon such exercise and from the gross proceeds thereof, regardless of any prior termination or expiration of this Agreement. It is understood and agreed that if the proceeds of any such Financing Transaction are to be funded in more than one stage, Houlihan Lokey shall be entitled to its applicable compensation hereunder upon the closing date of each stage. The Financing Transaction Fee(s) shall be payable in respect of any sale of securities whether such sale has been arranged by Houlihan Lokey, by another agent or directly by the Company or any of its affiliates. Any non-cash consideration provided to or received in connection with the Financing Transaction (including but not limited to intellectual or intangible property) shall be valued for purposes of calculating the Financing Transaction Fee as equaling the number of Securities (as defined below) issued in exchange for such consideration multiplied by (in the case of debt securities) the face value of each such Security or (in the case of equity securities) the price per Security paid in the then current round of financing. The fees set forth herein shall be in addition to any other fees that the Company may be required to pay to any investor or other purchaser of Securities to secure its financing commitment.

Houlihan Lokey shall earn, and the Debtors shall thereupon pay immediately and directly from the gross proceeds of such Financing Transaction, a Financing Transaction Fee for any debtor-in-possession financing that is raised of 0.50% of the gross proceeds of such financing; provided that, to the extent such financing is raised from the Debtors' existing lenders and/or equity holders, the Financing

8

Transaction Fee with respect to such portion of the financing shall be calculated as 0.25% of such gross proceeds. The Financing Transaction Fee payable under the Engagement Letter shall be subject to a $1,000,000 minimum Financing Transaction Fee payable upon the first closing of a Financing Transaction. For the avoidance of doubt, Houlihan Lokey may earn only one Financing Transaction Fee for the placement, raising, or issuance of each of "debtor-in-possession financing" and "exit financing," even if any such financing is executed with one or more parties and/or in one or more transactions.

(c)     In the event both a Restructuring Transaction Fee and a Sale Transaction Fee are earned, 50% of the lower such fee shall be creditable against the larger such fee, except that, in no event, shall any Transaction Fee be reduced below zero. In the event a Financing Transaction Fee is earned, it shall be incremental to any Restructuring Transaction Fee and any Sale Transaction Fee and shall not be creditable against any such fee, nor shall any Restructuring Transaction Fee or any Sale Transaction Fee be creditable against any Financing Transaction Fee.

## V.   Services Provided by Houlihan Lokey During the Compensation Periods

19.     Houlihan Lokey has rendered professional services to the Debtors as requested and in furtherance of the interests of the Debtors' estates.  The variety and complexity of the issues in these chapter 11 cases and the need to act or respond to such issues on an expedited basis have required the expenditure of substantial time by Houlihan Lokey personnel. Houlihan Lokey respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.  The following summary of services rendered during the Compensation Periods is not intended to be an exhaustive description of the work performed. Rather, it is merely an attempt to highlight certain of those areas in which Houlihan Lokey rendered services to the Debtors:

- Facilitating extensive diligence for the various parties in interest;

- Negotiating with the various parties in interest;

- Performing analysis and participating in discussions with regulatory entities;

- Facilitating a sale process related to certain of the Debtors' assets, including preparation of evaluation materials and discussions with potential buyers;

- Analyzing and negotiating financing transactions;

- Analyzing potential restructuring scenarios, including with respect to the divisive merger entities and NewCo capital structure;

- Performing valuation work;

- Preparing an expert report related to valuation;

- Follow-up analysis related to the previously delivered expert report, including the preparation of a rebuttal report;

- Providing court testimony;

- Analyzing exit sources and uses and flow of funds;

- Assisting in the preparation of documents for the Bankruptcy Court and Bankruptcy Court hearings.

**VI.** **Services Provided by Houlihan Lokey in Connection with the Exit Financings**

20.     Houlihan Lokey assisted the Debtors in raising $185 million of 2L Exit Financing and $40 million of ERO, which was approved by the Court pursuant to the 2L Exit Backstop Order and the ERO Order, respectively. The following summary of services rendered in connection with raising the Exit Financings is not intended to be an exhaustive description of the work performed. Rather, it is merely an attempt to highlight certain of those areas in which Houlihan Lokey rendered services to the Debtors in connection with the Exit Financings:

- Contacting potential providers of the Exit Financings;

- Facilitating due diligence regarding the Exit Financings;

- Negotiating terms of the Exit Financings;

- Preparing materials to be filed with the Court in connection with the Exit Financings;

- Analyzing the cash flow, balance sheet, and capitalization implications of the Exit Financings; and

- Reviewing and assisting with the preparation of definitive documents / credit agreements.

### VII.  **The Houlihan Lokey Team**

21.    The investment banking services set forth above were performed primarily by: John-Paul Hanson, Managing Director; Daniel F. Crowley III, Managing Director; Michael Haney, Director; Ahmed Moussa, Associate; Nicholas Self, Financial Analyst; John Kinsella, Financial Analyst; and other Houlihan Lokey professionals as needed.

### VIII.  **Houlihan Lokey's Request for Compensation Earned for Services Described in this Application**

22.    During the Fourth Interim Fee Period, Houlihan Lokey provided financial advisory and investment banking services to the Debtors and earned Monthly Fees for such services totaling $450,000.00. Houlihan Lokey respectfully requests the allowance by the Court of the Monthly Fees earned during the Fourth Interim Fee Period pursuant to this Application.

23.    In addition, during the Compensation Periods, Houlihan Lokey provided financial advisory and investment banking services to the Debtors related to, amongst others, the raising of the Exit Financings. Houlihan Lokey respectfully requests the allowance by the Court of the Exit Financings Transaction Fee.

24.     In addition, during the Compensation Periods, Houlihan Lokey provided financial advisory and investment banking services to the Debtors related to, amongst others, the Restructuring Transaction. Houlihan Lokey respectfully requests the allowance by the Court of the Net Restructuring Transaction Fee.

25.     Invoices detailing the Monthly Fees earned during the Fourth Interim Fee Period, the Exit Financings Transaction Fee, and the Net Restructuring Transaction Fee earned during the Compensation Periods are attached hereto as **<u>Exhibit A</u>**. A summary of all compensation sought to be paid pursuant to this Application is outlined below:

| | Monthly Fees | Exit Financings Transaction Fee | Net Restructuring Transaction Fee | Amount Due |
|---|---|---|---|---|
| May 30, 2021 (for June 2021) | $150,000.00 | NA | NA | $150,000.00 |
| June 30, 2021 (for July 2021) | $150,000.00 | NA | NA | $150,000.00 |
| July 30, 2021 (for August 2021) | $150,000.00 | NA | NA | $150,000.00 |
| Exit Financings Transaction Fee | NA | $1,000,000.00 | NA | $1,000,000.00 |
| Net Restructuring Transaction Fee[7] | NA | NA | $7,425,000.00 | $7,425,000.00 |
| **Total** | **$450,000.00** | **$1,000,000.00** | **$7,425,000.00** | **$8,875,000.00** |

26.     Houlihan Lokey respectfully submits that the compensation requested herein is fully justified and reasonable based upon: (a) the complexity of the issues presented; (b) the skill necessary to perform the financial advisory and investment banking services properly; (c) the preclusion of other employment; (d) the customary fees charged to clients in non-bankruptcy situations for similar services rendered; (e) time constraints required by the exigencies of the case; and (f) the experience, reputation and ability of the professionals rendering services.

---

[7]     The Restructuring Transaction Fee is $8,250,000.00 before applying any credits. The table above shows the Restructuring Transaction Fee after applying the crediting of the Monthly Fees (the credit is calculated as 50% of the Monthly Fees paid beginning with the seventh month of Houlihan Lokey's engagement).

27.     Houlihan Lokey respectfully submits that the services it has rendered to the Debtors have been necessary and in the best interests of the Debtors and the Debtors' estates. Houlihan Lokey respectfully submits that under the criteria normally examined in chapter 11 reorganization cases, the compensation requested by Houlihan Lokey is reasonable in light of the work performed by Houlihan Lokey in connection with these cases.

28.     The amount of the compensation sought in this Application and Houlihan Lokey's billing practices are consistent with market practices in a bankruptcy context.  Houlihan Lokey has never billed its clients based on the number of hours expended by its professionals.  Accordingly, Houlihan Lokey does not have hourly rates for its professionals, and Houlihan Lokey's professionals generally do not maintain detailed time records of the work performed for its clients. However, consistent with the Retention Order, Houlihan Lokey has maintained contemporaneous time records in these cases in one-half hour increments. Time records of the 910.0 hours expended by Houlihan Lokey professionals in providing investment banking services to the Debtors during the Fourth Interim Fee Period are provided in **__Exhibit C__**.[8]

---

[8]     The hourly detail covering May 2021 (on account of the Monthly Fee due on April 30, 2021) was included in Houlihan Lokey's third interim fee application filed on July 7, 2021 [Docket No. 1794].

29.     A summary of the hours expended by Houlihan Lokey professionals during the Fourth Interim Fee Period is summarized below:

| Summary of Hours Expended By Professional During the Fourth Interim Fee Period | | | | |
|---|---|---|---|---|
| Professional | June 2021 | July 2021 | August 2021 | Total |
| John-Paul Hanson | 86.0 | 29.5 | 13.0 | 128.5 |
| Daniel F. Crowley III | 69.5 | 37.0 | 23.5 | 130.0 |
| Michael Haney | 106.0 | 51.5 | 34.0 | 191.5 |
| Ahmed Moussa | 107.5 | 40.0 | 20.0 | 167.5 |
| Nicholas Self | 96.5 | 28.0 | 17.5 | 142.0 |
| John Kinsella | 92.0 | 38.0 | 17.5 | 147.5 |
| Jerry Eumont | 1.0 | - | - | 1.0 |
| Manuel Amaro | 1.0 | - | | 1.0 |
| Richard Villanueva | 1.0 | - | - | 1.0 |
| Ed Trevino | - | - | - | - |
| **Total** | **560.5** | **224.0** | **125.5** | **910.0** |

30.     Out-of-pocket expenses incurred by Houlihan Lokey are charged to a client if out-of-pocket expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client. Houlihan Lokey does not factor general overhead expenses into any disbursements charged to its clients in connection with chapter 11 cases. Houlihan Lokey's expense summary and detail are attached hereto as **Exhibit B**.

31.     Houlihan Lokey has disbursed $17,168.42 as expenses incurred in providing professional services during the Fourth Interim Fee Period and $79.99 subsequently. It is Houlihan Lokey's policy to charge its clients for all actual and necessary expenses incurred in connection with the engagement. The expenses charged to clients include, among other things, telephone and telecopier charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," and computerized research. In accordance with the applicable factors enumerated in the Bankruptcy

14

Code, it is respectfully submitted that the amount requested by Houlihan Lokey is fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this title.

32.     All services for which Houlihan Lokey requests compensation were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

33.     No agreement or understanding exists between Houlihan Lokey and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

## IX.  Notice

34.     Notice of this Application will be provided in accordance with the procedures set forth in the Retention Order.  The Post-Effective Date Debtors respectfully submit that no further notice is required.

## X.  **No Prior Request**

35.     No prior application for the relief requested herein has been made to this or any

other court.

**WHEREFORE**, Houlihan Lokey respectfully requests that the Court enter an order

substantially in the form attached hereto as **Exhibit D**:

(a)     allowing and granting approval of Houlihan Lokey's fees and expenses earned
        during the Compensation Periods;

(b)     authorizing and directing the Post-Effective Date Debtors to pay Houlihan
        Lokey's allowed and unpaid fees and expenses with respect to the Monthly Fees,
        Exit Financings Transaction Fee, and with respect to the Restructuring
        Transaction Fee as follows:

| | |
|---|---:|
| Monthly Fees | $450,000.00 |
| Total Expenses Reimbursement | $17,248.41 |
| Exit Financings Transaction Fee | $1,000,000.00 |
| Restructuring Transaction Fee | $8,250,000.00 |
| Crediting Against Restructuring Transaction Fee[9] | ($825,000.00) |
| **Total Amount Due** | **$8,892,248.41** |

(c)     and granting such other and further relief as this Court deems just and proper.

Dated: October 11, 2021                    Respectfully Submitted,

Houston, TX

                                           By: _____
                                               John Paul Hanson
                                               Managing Director
                                               Houlihan Lokey Capital, Inc.


                                           *Financial Advisor and Investment Banker to*
                                           *the Post-Effective Date Debtors*

---

[9]     The credit is calculated as 50% of the Monthly Fees paid beginning with the seventh month of Houlihan Lokey's
        engagement.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Post-Effective Date** | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

## CERTIFICATION OF JOHN-PAUL HANSON

I, John-Paul Hanson, certify as follows:

1.      I am a Managing Director of Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**"), and am a senior banker in the firm's Financial Restructuring Group with respect to the oil and gas industry and sub-sectors.

2.      I have read Houlihan Lokey's fourth interim and final fee application for allowance of compensation for services rendered as financial advisor and investment banker (the "**Application**") to the above-captioned Debtors (the "**Debtors**"): (i) for the interim compensation period of May 1, 2021 through August 27, 2021; (ii) for the final compensation period of August 3, 2020 through August 27, 2021; (iii) related to the exit financings; and (iv) related to the restructuring transaction.  To the best of my knowledge, information, and belief, formed after

---

1      The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

reasonable inquiry, the compensation and expense reimbursement sought in the Application is in conformity with the Bankruptcy Code, the Local Rules for Southern District of Texas, and the Guidelines for Compensation and Expense Reimbursement of Professionals, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Houlihan Lokey and generally accepted by Houlihan Lokey's clients.

Dated: October 11, 2021

Houston, TX

Respectfully Submitted,

By: _____

John-Paul Hanson
Managing Director
Houlihan Lokey Capital, Inc.