IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIELDWOOD ENERGY III LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[1] | § § § § | (Jointly Administered) |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION
OF O'MELVENY & MYERS LLP AS SPECIAL COUNSEL TO THE
RESTRUCTURING COMMITTEE OF THE BOARD OF DIRECTORS OF THE
DEBTORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF OUT-OF-POCKET EXPENSES INCURRED FOR THE
PERIOD OF MARCH 18, 2021 THROUGH AUGUST 27, 2021**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

| | | |
|---|---|---|
| **Name of Applicant:** | | O'Melveny & Myers LLP |
| **Applicant's Role in Case:** | | Special Counsel to the Restructuring Committee of the Board of Directors of the Debtors |
| **Docket No. of Employment Order(s):** | | Dkt. No. 1497 |
| **Interim Application ( )   No. _____** <br> **Final Application   ( x )** | | Indicate whether this is an interim or final Application. If interim, indicate the number (1st, 2nd, 3rd, etc.) |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | March 18, 2021 | August 27, 2021 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  ( Y )** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y )** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y )** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y )** | | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| Total professional fees requested in this Application: | | $320,240.50 |
| Total professional hours covered by this Application: | | 311.50 |
| Average hourly rate for professionals: | | $1,096.67 |
| Total paraprofessional fees requested in this Application: | | $6,057.00 |
| Total paraprofessional hours covered by this Application: | | 18.30 |
| Average hourly rate for paraprofessionals: | | $315.00 |
| **Total fees requested in this Application:** | | $315,138.00 |
| **Total expense reimbursements requested in this Application:** | | $596.05 |
| **Total fees and expenses requested in this Application:** | | $326,893.55 |
| **Total fees and expenses awarded in all prior Applications:** | | N/A |
| **Plan Status:** Plan confirmed. See Dkt. No. 1751. | | |
| **Primary Benefits:** The services for which the Applicant seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Restructuring Committee, Debtors, their estates, and all parties in interest. | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § § § | **Case No. 20-33948 (MI)** |
| Post-Effective Date Debtors.[1] | § § § § | **(Jointly Administered)** |

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

O'Melveny & Myers LLP ("**OMM**"), special counsel to the restructuring committee of the Board of Directors (the "**Restructuring Committee**"), hereby files its final application (the "**Application**") for final allowance of compensation for professional services performed by OMM during the period commencing March 18, 2021 through and including August 27, 2021 (the "**Period**") in the amount of $326,297.50, and for reimbursement of its actual and

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

necessary expenses in the amount of $596.05, and respectfully represents as follows:

### Relief Requested

1. This Application has been prepared in accordance with sections 327(a), 328(a), 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), *Court Procedures for Marvin Isgur United States Bankruptcy Judge* (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "**U.S. Trustee Guidelines**" and, collectively, with the Court Procedures, the "**Fee Guidelines**"), and the *Order Authorizing Employment and Retention of O'Melveny & Myers LLP as Special Counsel to the Restructuring Committee of the Board of Directors of the Debtors, Effective as of March 18, 2021* [Docket No. 1497] (the "**Retention Order**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**"), and the above-captioned debtors (collectively, "**Debtors**") request approval of this Application. In support of this Application attached are the following exhibits:

(a) **Exhibit A**: Certification of Daniel S. Shamah

(b) **Exhibit B**: Summary of Fees and Expenses

(c) **Exhibit C**: Monthly Fee Statements

(d) **Exhibit D**: Proposed Order

### Background

2. Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

2

3. On September 17, 2020, the Court entered the Interim Compensation Order establishing procedures for interim compensation and reimbursement of expenses for professionals.

4. On May 4, 2021, the Debtors filed the *Application of Debtors for Entry of an Order Authorizing the Retention and Employment of O'Melveny & Myers LLP as Special Counsel to the Restructuring Committee of the Board of Directors of the Debtors, Effective as of March 18, 2021* [Docket No. 1332] (the "**Retention Application**"), pursuant to which the Debtors sought authority to employ and retain OMM as special counsel to the Restructuring Committee, *nunc pro tunc* to March 18, 2021, pursuant to the terms set forth in the Retention Application.

5. On June 7, 2021, the Court entered the Retention Order approving the Retention Application and authorizing the employment and retention of OMM effective as of March 18, 2021, pursuant to the terms of the Retention Application, as modified by the Retention Order.

6. OMM submits this Application requesting allowance of compensation for actual and necessary professional services rendered by it as special counsel to the Restructuring Committee for the Period.

## Jurisdiction

7. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The OMM Retention

8. Pursuant to the Retention Application as modified by the Retention Order, OMM was retained to provide some or all of the following services to the Restructuring Committee:[2]

---

[2] Capitalized terms used but not defined herein shall have the meanings provided to them in the Retention Application.

3

(a)     assist the Restructuring Committee in connection with the Mandate and related restructuring matters;

(b)     advise the Restructuring Committee with respect to their rights, powers, and duties in connection with its Mandate and related restructuring matters;

(c)     appear before the Court and any other courts to represent the interests of the Restructuring Committee before such courts; and

(d)     attend meetings of the Board and represent the Restructuring Committee in negotiations relating to its Mandate and related restructuring matters.

### Summary of Services Rendered

9. OMM seeks final allowance of compensation for professional services performed during the Period in the amount of $326,297.50 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $596.05. During the Period, OMM attorneys, paraprofessionals, and other non-legal staff expended a total of 329.80 hours in connection with the necessary services performed.

10. OMM has rendered professional services to the Restructuring Committee as requested and in furtherance of the interests of the Debtors' estates. The variety and complexity of the issues in these chapter 11 cases and the need to act or respond to such issues on an expedited basis have required the expenditure of resources and time by OMM personnel. OMM respectfully submits that the professional services that it rendered on behalf of the Restructuring Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases. The following summary of services rendered during the Period is not intended to be an exhaustive description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in the contemporaneous time records that are attached as **Exhibit C**. Rather, it is merely an attempt to highlight certain of those areas in which OMM rendered services to the Restructuring Committee during the Period.

(a)  Case Administration

Hours: 13.60

Fees: $13,330.00

OMM professionals expended time, *inter alia*, (i) reviewing and monitoring the case docket and retrieving and circulating pleadings to the Restructuring Committee; (ii) managing and coordinating work performed in the cases by monitoring critical dates and maintaining a case calendar; and (iii) participating in regular professional calls.

(b)  Fee/Employment Applications

Hours: 123.10

Fees: $95,143.00

OMM professionals expended time, *inter alia*, (i) reviewing the OMM conflicts reports, (ii) preparing the OMM Retention Application and related filings, and (iii) corresponding with Debtors' counsel regarding their and the United States Trustee's comments to the Retention Application and interim fee application.

(c)  Restructuring Committee

Hours: 100.20

Fees: $121,144.50

OMM professionals expended time, *inter alia*, (i) participating in and preparing for regular Restructuring Committee calls and meetings of the Board of Directors, (ii) reviewing proposed settlements with predecessors and other parties in interest, and (iii) advising the Restructuring Committee on the various settlements, agreements, filings and other Board of Director matters related to the restructuring.

(d)  Plan and Disclosure Statement

Hours: 37.40

Fees: $40,647.00

This category includes time expended by OMM professionals, *inter alia*, (i) reviewing multiple drafts of Debtors' disclosure statement, plan, schedules and plan supplements; (ii) reviewing multiple disclosure statement objections and disclosure statement revisions; (iii) reviewing various plan objections; and (iv) reviewing commitment letter and back-stop agreement.

(e) <u>Hearing</u>

Hours: 55.50

Fees: $56,033.00

This category includes time expended by OMM professionals attending hearings related to the confirmation schedule and protocols, the solicitation procedures, the disclosure statement, the backstop agreement and rights offering procedures.

11. There is no agreement or understanding between OMM and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases. During the Period, OMM received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

## Summary of Actual and Necessary Expenses

12. During the Period, OMM incurred $596.05 in expenses on behalf of the Restructuring Committee. It is OMM's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying/scanning and text editing services. OMM's charges for these expenses in a manner and at rates consistent with charges made generally to its other clients. A summary of OMM's expenses incurred during the Period is provided in **Exhibit B**.

## Basis for Relief Requested

13. Bankruptcy Code section 331 authorizes interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Bankruptcy Code section 330(a)(1) permits the Court to award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

6

14. The Court of Appeals has held that courts should consider the six factors found in Bankruptcy Code section 330(a)(3) when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under Bankruptcy Code section 330, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

    (a)    the time spent on such services;

    (b)    the rates charged for such services;

    (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

15. In the instant case, OMM submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Restructuring Committee, Debtors, their estates, and all parties in interest.

16. In sum, the services rendered by OMM were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the types of issues involved in these chapter 11 cases. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

## Notice

17. Notice of this Application will be provided in accordance with the procedures set forth in the Interim Compensation Order and Retention Order. The Post-Effective Date Debtors respectfully submit that no further notice is required.

## No Prior Request

18. No prior application for the relief requested herein has been made to this or any other court.

## Conclusion

OMM respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit D** and award allowance of OMM's compensation for professional services rendered in the amount of $326,297.50 and reimbursement in the amount of $596.05 incurred in each case during the Period.

| | |
|---|---|
| Dated: October 11, 2021 | Respectfully Submitted,<br><br>By: */s/ Daniel S. Shamah*<br>    O'MELVENY & MYERS LLP<br>    Daniel S. Shamah (admitted *pro hac vice*)<br>    Adam P. Haberkorn (admitted *pro hac vice*)<br>    Kai Zhu (admitted *pro hac vice*)<br><br>    Times Square Tower<br>    Seven Times Square<br>    New York, New York 10036<br>    Telephone: (212) 326-2000<br>    Facsimile: (212) 326-2061<br><br>    *Attorneys for the*<br>    *Restructuring Committee* |

**Certificate of Service**

I certify that on October 11, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Alfredo R. Perez*
Alfredo R. Perez