## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

### FINAL FEE APPLICATION OF RYAN, LLC FOR ALLOWANCE
### OF COMPENSATION FOR SERVICES RENDERED AND
### REIMBURSEMENT OF EXPENSES INCURRED POSTPETITION

> **This Application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 14 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney**.

**TO THE HONORABLE MARVIN ISGUR,**
**UNITED STATES BANKRUPTCY JUDGE**:

   **COMES NOW**, Ryan, LLC by and through its undersigned counsel and files this Final

Fee Application and, in support thereof, would respectfully show the Court as follows:

### FEE APPLICATION SUMMARY

| Name of Applicant: | Ryan, LLC |
|---|---|
| Applicant's Role in Case: | Tax consultant to Debtors |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

| Date Order of Employment Signed: | 03/15/21 [Docket No. 1014] | |
|---|---|---|
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 08/03/20 | 09/01/21 |
| **Time period(s) covered by prior Applications:** | N/A[2] | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Total fees requested in this Application:** | | $906,359.80 |
| **Total professional fees requested in this Application:** | | $906,359.80 |
| **Total actual professional hours covered by this Application:** | | N/A |
| **Average hourly rate for professionals:** | | N/A |
| **Total paraprofessional fees requested in this Application:** | | N/A |
| **Total actual paraprofessional hours covered by this Application:** | | N/A |
| **Average hourly rate for paraprofessionals:** | | N/A |
| **Reimbursable expenses sought in this application:** | | N/A |
| **Total to be Paid to Priority Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | | N/A |
| **Total to be Paid to General Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to General Unsecured Creditors:** | | N/A |
| **Date of Confirmation Hearing:** | | 06/25/21 |
| **Indicate whether plan has been confirmed:** | | **Y** (Docket No. 1751) |

Ryan, LLC ("Ryan"), as tax consultant to Fieldwood Energy LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits its final application (the "Application") for allowance of compensation for professional services rendered and reimbursement of out-of-pocket expenses incurred for the period of August 3, 2020, through September 1, 2021. By this Application, Ryan seeks payment of professional fees in the amount of $906,359.80. In support of same, Ryan respectfully states as follows:

---

[2] The Court provided in its Order Authorizing Retention and Employment of Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date [ECF No. 1014], that "Ryan shall not be required to file Monthly Statements or Interim Fee Applications" but instead "shall file a Final Fee Application with this Court seeking approval of its fees and expenses upon completion of its Services" [ECF No. 1014 ¶ 3].

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter.  28 U.S.C. § 1334.  This matter is a core proceeding.  28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested here are 28 U.S.C. § 328(a) and Federal Rule of Bankruptcy Procedure 2016.

**PRE-PETITION BACKGROUND**

4.      Ryan is a leading global tax services firm that provides a wide variety of tax advisory and consulting services.  One of Ryan's specialties is minimizing the royalty liability of oil and gas companies.

5.      On or about September 20, 2019, Fieldwood Energy, LLC ("Fieldwood"), one of the Debtors in this case, retained Ryan as a tax professional.  Specifically, Fieldwood retained Ryan to help Fieldwood and its affiliates "minimiz[e] their federal oil and gas royalty liability" by and through three main types of services: Retrospective Savings Services, Prospective Savings Services, and Rule 2016 Advisory Services.

6.      The Retrospective Savings Services consisted of the following specific services: (a) recalculation of oil and gas transportation allowances in order to reduce the value subject to royalty; (b) recalculation of gas processing allowances in order to reduce the value subject to royalty; and (c) pursuing royalty credits associated with reporting and other compliance issues.

7.      The Prospective Savings Services consisted of the following specific services: (a) calculation of monthly non-arm's length oil and gas transportation allowances in order to reduce the value subject to royalty; (b) annual performance of a recalculation of the non-arm's

3

length oil and gas transportation allowances; and (c) preparation and submission of ONRR-2014 (Report of Sales and Royalty Remittance Form) amendment.

8.      The Rule 2016 Advisory Services consisted of the following specific services: (a) research the potential impact of the 2016 Rule on the Debtors; (b) facilitate meetings between Ryan and the Debtors around the 2016 Rule; and (c) advise the Debtors with the preparation of any necessary prior period adjustments to the ONRR-2014.

9.      Ryan and the Debtors agreed in their Engagement Letter Ryan's compensation would be calculated using a proprietary formula based on the amount of tax refunds, credits, and reductions secured by Ryan through the Services.  The Court's Order Authorizing Retention and Employment of Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date provides that Ryan shall be engaged "in accordance with the terms and conditions set forth in the Engagement Letter," which was attached as Exhibit A to the Application [ECF No. 1014 at 2].

10.      The Debtors filed their Chapter 11 bankruptcy petition on August 3, 2020 ("Petition Date").  Prior to the Petition Date, Ryan performed Services for the Debtors and secured refunds, tax credits, and/or tax reductions for the Debtors as a result of the Services.  Ryan accordingly has and filed a scheduled claim for prepetition Services of $486,324.[3]

### RETENTION OF RYAN POST-PETITION

11.      The Debtors never ceased doing business with Ryan, despite the bankruptcy filing. Indeed, the Debtors retained Ryan post-petition pursuant to the Court's order and assumed the executory contracts between the Debtors and Ryan.

---

[3] Ryan has not been paid for these pre-petition services.  These pre-petition services resulted in over $1.2 million in savings to the Debtors.

4

12.     On January 6, 2021, the Debtors filed their Corrected Application for Authority to Retain and Employ Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date (the "Application") [ECF No. 747].  The Court set the Application for hearing on March 15, 2021.

13.     On March 15, 2021, the Court granted the Debtors' Application and permitted the Debtors to retain Ryan as a tax professional post-petition [ECF No. 1014].  In its Order granting the Application, the Court specifically provided that "Ryan shall not be required to file Monthly Statements or Interim Fee Applications" but instead "shall file a Final Fee Application with this Court seeking approval of its fees and expenses upon completion of its Services" [ECF No. 1014 ¶ 3].

14.     On May 27, 2021, the Debtors filed their Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts [ECF No. 1395] (the "Notice").  In the Notice, the Debtors notified Ryan that the agreements between Debtors and Ryan would be assumed by the Debtors and assigned to the credit bid purchaser [ECF No. 1395, Ex. A ("Schedule of Assumed Contracts") at 44].  The Debtors listed the cure amount of $1,389,004.43 in the Notice, but later amended that cure amount to approximately $1.2 million.

### RYAN'S POST-PETITION SERVICES

15.     Since the Petition Date, Ryan has performed Retrospective Savings Services for the Debtors as Debtors' retained professional.

16.     Ryan performed Retrospective Savings Services for hundreds of leases held or managed by the Debtors.  More specifically, Ryan performed recalculation of oil and gas transportation allowances in order to reduce the value of the Debtors' oil and gas transportation allowances subject to royalties.  Ryan also performed recalculation of gas processing allowances in order to reduce the value of gas processing allowances subject to royalty.  Ryan also pursued

royalty credits associated with reporting and other compliance issues in order to capture additional value through royalty credits not previously pursued by or awarded to the Debtors.

17.     Through the post-petition Retrospective Savings Services, Ryan secured over $8 million[4] for the Debtors in the form of tax refunds, credits, and reductions.

18.     Ryan invoiced the Debtors for these post-petition services in May, June, July, and September 2021.  Redacted copies of the post-petition invoices are attached as **Exhibit A** to this Application.[5]

19.     The total amount invoiced for Ryan's post-petition Services was $1,633,572.61.

20.     Ryan has received $727,212.81 in payments post-petition from the Debtors for the Services rendered by Ryan after the Petition Date.

21.     The Services for which the Debtors have paid Ryan post-Petition Date are described more fully *supra* in paragraph 16.

22.     Because Debtors made these payments post-Petition Date for Services rendered by Ryan after the Petition Date, Ryan applies for an order declaring the fees for these Services and expenses related thereto are reasonable and appropriate and that Debtors' payments in the amount

---

[4] While Ryan only sets forth an approximation of the benefits conferred here, the unredacted invoices identify the specific amounts.  Ryan does not disclose the exact dollar figure of the benefits received by the Debtors because disclosure of that amount could inadvertently disclose the fee arrangement.  For the reasons more fully explained in Ryan's contemporaneously filed Motion to Seal, in its prior Motion to Seal [ECF No. 716], and to the Court during a hearing on March 15, 2021 [ECF No. 1011], Ryan contends the fee arrangement is confidential and should not be publicly disclosed.  Nevertheless, the unredacted invoices will be provided to the counsel for the Creditors' Committee and U.S. Trustee.  Further, unredacted copies of the invoices have also been provided to Debtors' counsel.

[5] The Order authorizing Ryan's retention and governing its application for payment for its professional fees [ECF No. 1014] provides that Ryan shall present invoices on a professionals' eyes only basis to advisors of the Creditors' Committee.  The Honorable Judge Isgur's Court Procedures ¶ 8, however, provides that applicants must attach copies of all fee statements to any fee application.  In light of the potential conflict between the Order and the Court Procedures respecting the invoices, and because of the proprietary and confidential nature of the content of the invoices, Ryan has submitted redacted copies of same with this application.  Contemporaneously with the filing of this application, Ryan has filed a motion to seal the invoices.  Ryan will provide to counsel for the Creditors' Committee and U.S. Trustee on a strictly confidential, "professional eyes only" basis copies of the unredacted invoices.

of $727,212.81 are permitted.  The amount Ryan requests for the Services and expenses related thereto is calculated according to the Engagement Letter and, accordingly, in accord with the Court's Order [ECF No. 1014].

23.     Furthermore, Ryan remains unpaid in the amount of $906,359.80 for its post-petition Services, which are described more fully *supra* in paragraph 16.  Specifically, $698,468.10 of Invoice No. 432094, dated July 7, 2021, and the full amount, $207,891.70, of Invoice No. 439678, dated September 1, 2021, remain unpaid.

24.     Because Ryan performed these services post-petition, pursuant to the Court's Order Authorizing Retention and Employment of Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date [ECF No. 1014], Ryan applies for payment of the remaining amount due of $906,359.80 for the post-petition Services rendered for the Debtors.  The amount Ryan requests for the Services and expenses related thereto is calculated according to the Engagement Letter and, accordingly, in accord with the Court's Order [ECF No. 1014].

## RELIEF REQUESTED

25.     The amount Ryan already has been paid for the post-petition Services is $727,212.81.  The amount remaining due for Ryan's post-petition Services and related expenses is $906,359.80, after applying all just offsets and credits.  Ryan's fees and expenses for the post-petition Services are reasonable, especially in light of the savings Ryan produced for the Debtors in the amount of over $8 million.  Ryan accordingly requests that the Court order the Debtors to compensate Ryan for its Services in the amount of $906,359.80.  Ryan also requests that the Court declare that Debtors' post-petition payments to Ryan in the amount of $727,212.81 are permitted.

## CONCLUSION

**WHEREFORE**, Ryan, as tax consultant to the Debtors, respectfully requests that the Court enter an order, providing that: (i) the Debtors be authorized and directed to pay Ryan the remaining outstanding balance of $906,359.80; (ii) the Debtors' post-petition payments to Ryan in the amount of $727,212.81 are appropriate and permitted; and (iii) for such other and further relief as this Court deems proper.

DATED: October 12, 2021                   Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:   */s/ Heather H. Jobe*
      Heather H. Jobe
      Texas Bar No. 24048825
      hjobe@bellnunnally.com

2323 Ross Ave, Suite 1900
Dallas, Texas 75201
(214) 740-1462 Telephone
(214) 740-1499 Facsimile

**ATTORNEYS FOR RYAN, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 12, 2021, a true and correct copy of the foregoing document was served via the Court's Electronic Notification System on all parties entitled to such notice and via e-mail on counsel for Debtors, Trustee, and Creditors Committee as follows via e-mail:

**Weil, Gotshal & Manges LLP**

Alfredo R Perez
alfredo.perez@weil.com
700 Louisiana St., Ste. 1700
Houston, TX 77002
T: 713-546-5040
F: 713-224-9511

Paul R. Genender
paul.genender@weil.com
200 Crescent Court, Suite 300
Dallas, TX 75201
T: 214-746-7877
F: 214-746-7777

Jason George
jason.george@weil.com
Jessica Liou
Jessica.Liou@weil.com
767 Fifth Avenue
New York, NY 10153
T: 212-310-8021
F: 212-310-8007

**COUNSEL FOR DEBTORS**

**Cole Schotz P.C.**

Michael D. Warner
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
mwarner@coleschotz.com

Stroock & Stroock & Lavan LLP
Kristopher M. Hansen
khansen@stroock.com
Frank A. Merola
fmerola@stroock.com
Jonathan D. Canfield
jcanfield@stroock.com
Sherry J. Millman
smillman@stroock.com
Kenneth Pasquale
kpasquale@stroock.com
180 Maiden Lane
New York, NY 10038

**COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS**

**United States Trustee for the Southern
District of Texas**

Hector Duran
hector.duran.jr@usdoj.gov
Stephen Statham
stephen.statham@usdoj.gov
ustpregion07.hu.ecf@usdoj.gov
515 Rusk Ave., Ste. 3516
Houston, Texas77002

**OFFICE OF THE UNITED STATES
TRUSTEE**

*/s/ Heather H. Jobe*
Heather H. Jobe

6159146_1.docx

EXHIBIT

**A**



Three Galleria Tower
13155 Noel Road, Suite 100
Dallas, TX 75240

Main 972.934.0022
Fax 972.960.0613

www.ryan.com

May 5, 2021

Bill Swingle
Vice President and Chief Accounting Officer
Fieldwood Energy LLC
2000 W Sam Houston Pkwy S Ste 1200
Houston, Texas 77042-3623

| | |
|---|---|
| Invoice No. 424230 | Payment Terms: Net 30 |
| Engagement No. 465555300.001 | Federal ID No. 75-2411641 |

For Services Rendered:

Progress billing for professional services rendered through April 30, 2021, in connection with the
Federal Royalty Review of Fieldwood Energy, as per letter agreement dated September 20, 2019.

| | | |
|---|---|---|
| Total Savings Amount: | $ | Redacted |
| Professional Fees Redac | $ | 203,318.32 |
| Total Invoice Due (see attached): | $ | 203,318.32 |



Late fees applied on past due balances

Share your experience with us at http://ryanlistens.com/

**Fieldwood Energy, LLC**                                                       **Ryan, LLC**



Highly Confidential - This document contains proprietary and confidential information that is intended only for use by Fieldwood Energy LLC.  Any disclosure or distribution of this information to parties outside of Fieldwood Energy is prohibited.

1

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted



Three Galleria Tower
13155 Noel Road, Suite 100
Dallas, TX 75240

Main 972.934.0022
Fax 972.960.0613

www.ryan.com

June 4, 2021

Bill Swingle
Vice President and Chief Accounting Officer
Fieldwood Energy LLC
2000 W Sam Houston Pkwy S Ste 1200
Houston, Texas 77042-3623

| Invoice No. 427587 | Payment Terms: Net 30 |
|---|---|
| Engagement No. 465555300.001 | Federal ID No. 75-2411641 |

For Services Rendered:

Progress billing for professional services rendered through May 31, 2021, in connection with the Federal Royalty Review of Fieldwood Energy, as per letter agreement dated September 20, 2019.

This invoice is attributable to post-petition services provided by Ryan and does not duplicate any of Ryan's services included in prior invoices.

| | | |
|---|---|---|
| Total Savings Amount: | $ | Redacted |
| Professional Fees Redac | $ | 411,151.03 |
| Total Invoice Due (see attached): | $ | 411,151.03 |



Late fees applied on past due balances

Share your experience with us at http://ryanlistens.com/

**Fieldwood Energy, LLC**                                    **Ryan, LLC**



Highly Confidential - This document contains proprietary and confidential information that is intended only for use by Fieldwood Energy LLC.  Any disclosure or distribution of this information to parties outside of Fieldwood Energy is prohibited.

1

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted



Three Galleria Tower
13155 Noel Road, Suite 100
Dallas, TX 75240

Main 972.934.0022
Fax 972.960.0613

www.ryan.com

July 7, 2021

Bill Swingle
Vice President and Chief Accounting Officer
Fieldwood Energy LLC
2000 W Sam Houston Pkwy S Ste 1200
Houston, Texas 77042-3623

| Invoice No. 432094 | Payment Terms: Net 30 |
|---|---|
| Engagement No. 465555300.001 | Federal ID No. 75-2411641 |

For Services Rendered:

Progress billing for professional services rendered through June 30, 2021, in connection with the Federal Royalty Review of Fieldwood Energy, as per letter agreement dated September 20, 2019.

This invoice is attributable to post-petition services provided by Ryan and does not duplicate any of Ryan's services included in prior invoices.

| | | |
|---|---|---|
| Total Savings Amount: | $ | Redacted |
| Professional Fees Redact | $ | 811,211.56 |
| Credit Applied: | $ | (112,743.46) |
| Total Invoice Due (see attached): | $ | 698,468.10 |



Late fees applied on past due balances

Share your experience with us at http://ryanlistens.com/



Three Galleria Tower
13155 Noel Road, Suite 100
Dallas, TX 75240

Main 972.934.0022
Fax 972.960.0613

www.ryan.com

September 1, 2021

Bill Swingle
Vice President and Chief Accounting Officer
Fieldwood Energy LLC
2000 W Sam Houston Pkwy S Ste 1200
Houston, Texas 77042-3623

| Invoice No. 439678 | Payment Terms: Net 30 |
| Engagement No. 465555300.001 | Federal ID No. 75-2411641 |

For Services Rendered:

Progress billing for professional services rendered through August 30, 2021, in connection with the Federal Royalty Review of Fieldwood Energy, as per letter agreement dated September 20, 2019.

This invoice is attributable to post-petition services provided by Ryan and does not duplicate any of Ryan's services included in prior invoices.

| Total Savings Amount: | $ | Redacted |
| Professional Fees Redac | $ | 207,891.70 |
| Total Invoice Due (see attached): | $ | 207,891.70 |



Late fees applied on past due balances

Share your experience with us at http://ryanlistens.com/

**Fieldwood Energy, LLC**                                      **Ryan, LLC**



Highly Confidential - This document contains proprietary and confidential information that is intended only for use by Fieldwood Energy LLC.  Any disclosure or distribution of this information to parties outside of Fieldwood Energy is prohibited.

1