**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIELDWOOD ENERGY LLC, *et al.*[1] | Case No. 20-33948 (MI) |
| Debtors. | (Jointly Administered) |

**MOTION OF RYAN, LLC  FOR  ORDER AUTHORIZING RYAN,**
**LLC TO FILE FEE APPLICATION ATTACHMENTS UNDER SEAL**

> **This Motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 14 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney**.

**TO THE HONORABLE MARVIN ISGUR,**
**UNITED STATES BANKRUPTCY JUDGE**:

**COMES NOW**, Ryan, LLC ("Ryan") by and through its undersigned counsel and files this Motion for Order Authorizing Ryan to File Fee Application Attachments Under Seal and, in support thereof, would respectfully show the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.      Commencing on August 3, 2020 (the "Petition Date"), the Debtors each filed with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b) (the "Bankruptcy Rules") and Southern District of Texas Bankruptcy Local Rule 1015-1 (the "Bankruptcy Local Rules").

6.      On August 18, 2020, the United States Trustee for Region 7 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Michael Dane in Support of the Debtors' Chapter 11 Petitions and First Day Relief [ECF No. 29] (the "Dane Declaration").

## RELIEF REQUESTED

8.      By this Motion, pursuant to Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, Ryan requests (i) authority to file under seal and to redact certain information included in Exhibit A to the Application of Ryan, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Postpetition (the "Ryan Fee Application") filed contemporaneously herewith and (ii) related relief. Exhibit A contains copies of Ryan's invoices to the Debtors for Ryan's postpetition work.

9.      The Ryan Fee Application provides an overview of the significant benefits Ryan provided to the estate, as well as the amount of fees incurred in that work.  As Ryan explains more fully in the Declaration of Jonathon Travis in Support of Application of Debtors for Authority to Employ and Retain Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date (the "Travis Declaration"), attached to the Ryan Retention Application [ECF No. 714] as Exhibit B, Ryan contends the fee arrangement is confidential.  To summarize the Travis Declaration, Ryan asserts the information contained in the invoices attached as Exhibit A to the Ryan Fee Application is protected commercial information that, if disclosed, could be used by Ryan's competitors to unfairly solicit work from Ryan's clients at a lower cost.  In addition, it would constrain Ryan's ability to negotiate fees in future engagements.

10.     Further, simultaneously with this bankruptcy proceeding, Ryan is currently a plaintiff in a lawsuit filed in Harris County District Court, State of Texas (the "Texas Lawsuit"), where it is alleged a direct competitor of Ryan improperly obtained Ryan's confidential and sensitive fee arrangements to solicit work  from Ryan's clients at a lower cost. Because of the potential harm to Ryan should its fee arrangement with the Debtors be disclosed publicly

and the pending litigation, Ryan seeks authority to file the Ryan Fee Application under seal and to redact certain information relating to the fee arrangement (the "Protected Information").

11.     A proposed form of order granting the relief requested herein is filed with this Motion as **Exhibit A** (the "Proposed Order").

## RYAN FEE APPLICATION

12.     Contemporaneously with filing this Motion, Ryan filed the Ryan Fee Application, in which Ryan seeks compensation for the tax consulting work it has provided to the Debtors postpetition.  Ryan has provided these services in accord with the Court's Order Authorizing Retention and Employment of Ryan, LLC as Tax Consultant to the Debtors Effective as of the Petition Date [ECF No. 1014].  Ryan has submitted redacted copies of the invoices as Exhibit A to the Ryan Fee Application.

13.     Ryan will provide an unredacted copy of Exhibit A to the Ryan Fee Application to (i) the U.S. Trustee on a strictly confidential basis, and (ii) counsel for the Creditors' Committee on a strictly confidential, "professional eyes only" basis.

14.     Ryan already has provided an unredacted copy of Exhibit A to the Ryan Fee Application to counsel for the Debtors.

## THE REQUESTED RELIEF SHOULD BE GRANTED

15.     The Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *In re Gen. Homes Corp.,* 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."). Bankruptcy Code section 105(a) codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16.     Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  The Rule provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. Bankruptcy Local Rule 9037-1 supplements Bankruptcy Rule 9018 in providing that "a motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

17.     Unlike its counterpart in Federal Rule of Civil Procedure 26(c), Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to  be protected satisfies one of the categories identified in section 107(b), the Court is required to  protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655-56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required*

to protect such an entity on request of a party in interest.") (emphasis in original).

18.     Ryan submits that the Protected Information falls within the scope of commercial information that may be protected by the Court pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018.  Commercial information is information which would result in "'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity seeking the protective order].'" *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27).  Commercial information need not rise to the level of a "trade secret" to be protected under Bankruptcy Code section 107(b). *See id.* at 568; *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").  Rather, Bankruptcy Code section 107(b) is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id.* (internal citations omitted).

19.     As explained above, if the terms of Ryan's compensation were publicly disclosed, competitors could use the information to unfairly benefit by soliciting work from Ryan's clients at a lower cost. Disclosure of the Protected Information would also put Ryan at a distinct competitive disadvantage by constraining its ability to negotiate fees in future engagements. The Texas Lawsuit underscores the importance of keeping the Protected Information confidential.  In that lawsuit, Ryan alleges a direct competitor has used Ryan's confidential fee arrangements to solicit consulting work from Ryan's clients. The consulting services involved in that lawsuit are the same services for which the Debtors retained Ryan in this case. Therefore,

permitting Ryan to file Exhibit A to the Ryan Fee Application under seal would greatly reduce the risk that competitors could use Ryan's fee arrangement with the Debtors to gain an unfair competitive  advantage over Ryan.

20.     Courts in this district and others have authorized the filing of similar confidential information under seal. *See, e.g.*, *In re Hexion Holdings LLC*, No. 19-10684 (KG), at 2 (Bankr. D. Del. June 7, 2019) (ECF No. 553) ("The Debtors are authorized to file the Fee Letters and the Notes Engagement Letter under seal and to redact information concerning the fees payable in the form of Notes Engagement Letter annexed to the Motion."); *In re Ultra Petroleum Corp.*, No. 16-32202 (MI), at 1 (Bankr. S.D. Tex. Feb. 13, 2017) (ECF No. 1125) ("The Debtors are authorized to file in redacted form or under seal the Exit Financing Agreements [including Fee Letters and the Engagement Letter] and Exit Financing Motion.").

21.     Indeed, in recognizing the very same concerns raised earlier in this case, the Court granted Debtors' Motion of Debtors for Order Authorizing Debtors to File Ryan Retention Application Under Seal [ECF No. 716], permitting the Debtors to file Ryan's Protected Information under seal [*see* Order Authorizing Debtors to File Ryan LLC Retention Application with Redactions, ECF No. 1012].

22.     Ryan fully acknowledges the paramount importance of the policy of open access to courts underlying section 107(a)—"[e]xcept as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). In this spirit, Ryan has narrowly tailored its request to redacting only information relating to Ryan's fee arrangement with the Debtors, and will share an unredacted copy of

Exhibit A to the Ryan Fee Application with the U.S. Trustee and counsel for the Creditors' Committee on a strictly confidential, "professional eyes only" basis.

23.    Notice of this Motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

CONCLUSION

WHEREFORE Ryan respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: October 12, 2021                    Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:    */s/ Heather H. Jobe*
       Heather H. Jobe
       Texas Bar No. 24048825
       hjobe@bellnunnally.com

2323 Ross Ave, Suite 1900
Dallas, Texas 75201
(214) 740-1462 Telephone
(214) 740-1499 Facsimile

**ATTORNEYS FOR RYAN, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 12, 2021, a true and correct copy of the foregoing document was served via the Court's Electronic Notification System on all parties entitled to such notice and via e-mail on counsel for Debtors, Trustee, and Creditors Committee as follows via e-mail:

**Weil, Gotshal & Manges LLP**

Alfredo R Perez
alfredo.perez@weil.com
700 Louisiana St., Ste. 1700
Houston, TX 77002
T: 713-546-5040
F: 713-224-9511

Paul R. Genender
paul.genender@weil.com
200 Crescent Court, Suite 300
Dallas, TX 75201
T: 214-746-7877
F: 214-746-7777

Jason George
jason.george@weil.com
Jessica Liou
Jessica.Liou@weil.com
767 Fifth Avenue
New York, NY 10153
T: 212-310-8021
F: 212-310-8007

**COUNSEL FOR DEBTORS**

**Cole Schotz P.C.**

Michael D. Warner
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
mwarner@coleschotz.com

Stroock & Stroock & Lavan LLP
Kristopher M. Hansen
khansen@stroock.com
Frank A. Merola
fmerola@stroock.com
Jonathan D. Canfield
jcanfield@stroock.com
Sherry J. Millman
smillman@stroock.com
Kenneth Pasquale
kpasquale@stroock.com
180 Maiden Lane
New York, NY 10038

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**United States Trustee for the Southern District of Texas**

Hector Duran
hector.duran.jr@usdoj.gov
Stephen Statham
stephen.statham@usdoj.gov
ustpregion07.hu.ecf@usdoj.gov
515 Rusk Ave., Ste. 3516
Houston, Texas77002

**OFFICE OF THE UNITED STATES TRUSTEE**

                                        */s/ Heather H. Jobe*
                                        Heather H. Jobe

6170907_1.docx