**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Post-Effective Date Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**SUMMARY OF FOURTH AND FINAL FEE APPLICATION OF
WEIL, GOTSHAL & MANGES LLP, ATTORNEYS FOR DEBTORS, FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
DURING (I) FOURTH FEE PERIOD OF MAY 1, 2021 THROUGH AND INCLUDING
AUGUST 27, 2021, AND (II) FINAL COMPENSATION PERIOD OF AUGUST 3, 2020
THROUGH AND INCLUDING AUGUST 27, 2021**

| Name of Applicant: | Weil, Gotshal & Manges LLP | |
|---|---|---|
| Applicant's Role in Case: | Attorneys for the Debtors | |
| Docket No. of Employment Order(s): | Docket No. 355 | |
| Interim Application (X)    No. 4<br>Final Application    (X) | Fourth and Final Fee Application | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application for which interim compensation has not previously been awarded: | May 1, 2021 | August 27, 2021 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  (Y) | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y) | | |

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

| | |
|---|---|
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y)** | |
| **Do expense reimbursements represent actual and necessary expenses incurred? (Y)** | |
| **Compensation Breakdown for Time period Covered by this Application** | |
| **Total Professional Fees Requested in this Application:** | $32,598,939.51[2] |
| **Total Professional Hours Covered by this Application:** | 31,364.70 |
| **Average Hourly Rate for All Professionals:** | $1,028.04 |
| **Total Paraprofessional Fees Requested in this Application:** | $532,498.50 |
| **Total Paraprofessional Hours Covered by this Application:** | 1435.90 |
| **Average Hourly Rate for Paraprofessionals:** | $369.89 |
| **Total fees requested in this Application:** | $33,131,438.01 |
| **Total expense reimbursements requested in this Application:** | $242,516.63 |
| **Total fees and expenses requested in this Application:** | $33,373,954.64 |
| **Total fees and expenses awarded in all prior Applications:** | $19,728,927.40 |

**Plan Status:** The Confirmation Hearing was held June 21-25, 2021; the Court entered the Confirmation Order [Docket No. 1751] on June 25, 2021. The Effective Date occurred on August 27, 2021.

**Primary Benefits:** During the Final Compensation Period, Weil devoted substantial resources and rendered significant professional services to, among other things, (i) obtain various "first day" relief to ensure the smooth transition into chapter 11, (ii) obtain debtor-in-possession financing and use of cash collateral, (iii) draft, negotiate, and obtain approval of a disclosure statement for the Plan and related noticing and solicitation procedures, (iv) draft, negotiate and obtain approval of exit financing to consummate the Plan, (v) draft, negotiate and finalize settlement agreements incorporated within the Plan with certain lenders, the Creditors' Committee, certain predecessors in interest, the Apache Sureties (as defined herein), and various other parties in interest, (vi) draft, negotiate and obtain confirmation of the Plan and Plan-related documents, and (vii) finalize and consummate all Plan-transaction documents, including the Credit Bid Purchase Agreement and Apache Definitive Documents.

---

[2] The amounts set forth in this table cover the entire Final Compensation Period (August 3, 2020 – August 27, 2021).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

**FOURTH AND FINAL FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP, ATTORNEYS FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING (I) FOURTH FEE PERIOD OF MAY 1, 2021 THROUGH AND INCLUDING AUGUST 27, 2021, AND (II) FINAL COMPENSATION PERIOD OF AUGUST 3, 2020 <u>THROUGH AND INCLUDING AUGUST 27, 2021</u>**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

Weil, Gotshal & Manges LLP ("**Weil**"), counsel for Fieldwood Energy LLC[2] and its debtor affiliates (collectively, the "**Debtors**") through the Effective Date (defined below) and currently counsel for certain of the post-effective date debtors (the "**Post-Effective Date Debtors**" as defined in the Plan)[3] in the chapter 11 cases jointly administered under Case No. 20-33948, hereby files its fourth and final application (the "**Application**") for (i) final allowance of compensation for professional services performed by Weil during the period commencing May 1, 2021 through and including August 27, 2021 (the "**Fourth Fee Period**") in the amount of $13,512,685.01, and for reimbursement of its actual and necessary expenses in the amount of $132,342.23 incurred during the Fourth Fee Period, and (ii) final allowance of compensation for professional services performed by Weil during the period commencing on August 3, 2020 through and including August 27, 2021 (the "**Final Compensation Period**" and, together with the Fourth Fee Period, the "**Compensation Periods**") in the amount of $33,131,438.01 and for reimbursement of its actual and necessary expenses in the amount of $242,516.63 incurred during the Final Compensation Period.  Weil respectfully represents as follows:

**Preliminary Statement**

1.      During the Final Compensation Period, Weil's professionals helped guide the Debtors through the chapter 11 process, including, among other things, (i) preparing, filing, negotiating and obtaining court approval of important "first day" motions that enabled the Debtors to transition into chapter 11 without interruption of their business, including obtaining entry of the DIP Order (defined below) to provide the Debtors with access to cash collateral and DIP financing

---

[2]     As contemplated by the Plan (defined below), Fieldwood Energy LLC changed its name to Fieldwood Energy III LLC following a Divisive Merger pursuant to the Initial Plan of Merger.

[3]     Weil represents Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. and does not represent GOM Shelf LLC and FW GOM Pipeline, Inc. (i.e. the Post-Effective Date FWE I Subsidiaries).

during their chapter 11 cases, (iii) preparing and negotiating the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1285] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Disclosure Statement**"), including assisting in the preparation of the liquidation analysis, financial projections, valuation analysis, and other important schedules and exhibits to the Disclosure Statement, (iv) obtaining Court approval of the Disclosure Statement, solicitation procedures, and related relief[4] over numerous objections and multiple contested hearings, (v) drafting, negotiating, soliciting, and finalizing the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, including at Docket No. 2008 the "**Plan**")[5] and obtaining support for the Plan from several key stakeholders, including the Government, the Debtors' DIP Lenders, the consenting Prepetition FLTL Lenders, the consenting Prepetition SLTL Lenders, the Creditors' Committee, Apache Corporation ("**Apache**"), Chevron U.S.A. Inc. ("**CUSA**"), Eni Petroleum US LLC ("**Eni**"), and Hunt Oil Co. ("**Hunt**"), and various other stakeholders, (vi) producing numerous documents in response to diligence requests and formal discovery requests from various stakeholders, (vii) negotiating consensual resolutions to several formal and informal objections to the Plan through language in the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and*

---

[4] *See Amended Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Approving Procedures for Objections to the Assignment and Transfer of Property of the Estate; and (VII) Granting Related Relief* [Docket No. 1286] (the "**Solicitation Procedures Order**").

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*(II) Granting Related Relief* [Docket No. 1751] (the "**Confirmation Order**"), (viii) preparing a comprehensive brief in support of confirmation of the Plan and responding to approximately 60 objections to such Plan (the "**Confirmation Brief**") and conducting research in connection therewith, (ix) obtaining confirmation of the Plan following a heavily contested, 5-day confirmation hearing that began on June 21, 2021 and ended on June 25, 2021 (the "**Confirmation Hearing**"), (x) negotiating and drafting numerous settlement agreements to resolve objections to the Plan, (xi) responding to certain surety providers' motion to stay the Confirmation Order pending appeal and obtaining an order denying such motion following a contested evidentiary hearing, (xii) negotiating, finalizing, and implementing all Plan-transaction documents including, but not limited to, the Credit Bid Purchase Agreement, the Apache Definitive Documents, the CUSA Definitive Documents, the definitive documents implementing the transactions contemplated by or relating to the Eni Term Sheet Implementation Agreement (the "**Eni Definitive Documents**"), the settlement agreement with the Government (the "**Government Settlement Agreement**"), and various other settlement agreements; (xiii) executing all other regulatory and transactional steps necessary for the effective date of the Plan to occur (the "**Effective Date**"), (xiv) preparing and prosecuting adversary complaints and drafting extensive briefing in the adversary proceeding styled *Adversary Case No. 20-03476 Fieldwood Energy LLC, et al. v. Atlantic Maritime Services, LLC* (the "**Atlantic Proceeding**"), seeking an extension of the automatic stay to enjoin Atlantic Maritime Services, LLC ("**Atlantic**") from prosecuting certain lawsuits and determinations from the Court that Atlantic's alleged liens are not valid and/or enforceable and, in the alternative, such liens are extinguished under the Plan and prepare for and participate in oral arguments in the Atlantic Proceeding; (xv) preparing and prosecuting the adversary complaint in the adversary proceeding styled *Adversary Case No. 21-03456 Fieldwood*

*Energy LLC, et al. v. North American Specialty Insurance Company* (the "**NAS Proceeding**"), seeking an extension of the automatic stay to enjoin North American Specialty Insurance Company ("**NAS**") from prosecuting certain lawsuits, (xvi) preparing and prosecuting an adversary proceeding against Apache and certain of the Debtors' surety providers (the "**Apache Sureties**") in the adversary proceeding styled *Adversary Case No. 21-03418 Fieldwood Energy LLC, et al. v. Everest Reinsurance Company, Philadelphia Indemnity Insurance Company, HCC International Insurance Company plc, Apache Corporation, Apache Shelf, Inc., Apache Deepwater LLC, And Apache Shelf Exploration LLC* (the "**Apache Surety Proceeding**"), (xvii) negotiating resolution of various other disputes, including resolution of various regulatory matters, and cure claims, and (xviii) engaging in litigation with BP Exploration & Production Inc. ("**BP**") regarding numerous commercial disputes, including, but not limited to, obtaining Court approval of the *Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts* [Docket No. 792] (the "**Motion to Compel BP**") and responding to various motions for relief from automatic stay filed by BP.

2.      The professional services performed and expenses incurred by Weil during the Compensation Periods were actual and necessary to preserve and protect the value of the Debtors' estates and facilitate a restructuring that would maximize value to creditors and other stakeholders in these chapter 11 cases.  Given the circumstances of these chapter 11 cases, Weil's charges for professional services performed and expenses incurred are reasonable and appropriate under applicable standards.  Weil respectfully requests that the Court grant the Application and allow, on a final basis, the compensation for professional services performed and for expenses incurred during the Fourth Fee Period and the compensation for professional services performed and for expenses incurred during the Final Compensation Period.

**Relief Requested**

3.      This Application has been prepared in accordance with sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), *Court Procedures for Marvin Isgur United States Bankruptcy Judge* (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**" and, collectively, with the Court Procedures, the "**Fee Guidelines**"), the *Order Authorizing Retention and Employment of Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* [Docket No. 355] (the "**Retention Order**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 367] (the "**Interim Compensation Order**") and certain of the Post-Effective Date Debtors request approval of this Application.

4.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Background**

5.      Commencing on August 3, 2020 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

6.      On August 18, 2020, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      The Post-Effective Date Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

8.      On June 25, 2021, the Court entered the Confirmation Order, confirming the Plan.  The Effective Date occurred on August 27, 2021 [Docket No. 2016].

## Jurisdiction

9.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Debtors' Retention of Weil

10.     On August 24, 2020, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* [Docket No. 246] (the "**Retention Application**").  On September 16, 2020, the Court entered the Retention Order.  The Retention Order authorizes Weil to provide the following services to the Debtors:

a)  take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors and the preparation of objections to claims filed against the Debtors' estates;

b)  prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

c)  take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

d)  if necessary, take all appropriate actions in connection with the sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

e) take all necessary actions to protect and preserve the value of the Debtors' estates; and

f) perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

(Retention Order ¶ 2.)

## Summary of Professional Compensation and Reimbursement of Expenses Requested

11.     Weil seeks final allowance of compensation for professional services performed during (i) the Fourth Fee Period in the amount of $13,512,685.01 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $132,342.23, and (ii) the Final Compensation Period in the amount of $33,131,438.01 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $242,516.63.  During the Fourth Fee Period, Weil attorneys, paraprofessionals, and other non-legal staff expended a total of 13,485.30 hours in connection with the necessary services performed.  During the Final Compensation Period, Weil attorneys, paraprofessionals, and other non-legal staff expended a total of 32,800.60 hours in connection with the necessary services performed.  During the Fourth Fee Period, Weil voluntarily reduced the amount of fees and expenses requested by $141,105.29.  During the Final Compensation Period, Weil voluntarily reduced the amount of fees and expenses requested by $398,875.79.

12.     There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.  During the Compensation Periods, Weil received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

8

13.     Prior to the Petition Date, the Debtors paid fee advances to Weil for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11 (the "**Fee Advance**").  Based on a reconciliation of all charges and expenses through the date of this Application, the balance of the Fee Advance as of the date of this Application is $0.

14.     The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Periods.  The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are no greater than the rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

## Supporting Documents

15.     Attached hereto as **Exhibit B** is the Certification of Matthew S. Barr (the "**Barr Certification**") regarding Weil's compliance with the Fee Guidelines.

16.     Attached hereto as **Exhibit C** is a schedule of all Weil attorneys and paraprofessionals who have performed services for the Debtors during the Compensation Periods, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith (the "**Schedule of Professional Fees**").

17.     Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases.  Attached

9

hereto as **Exhibit D** is a schedule of Weil's computerized time records billed during the Fourth Fee Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

18.     Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which Weil is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category in connection with the Compensation Periods (the "**Expenses**").

19.     Attached hereto as **Exhibit F** is a summary and comparison of the aggregate blended hourly rates billed by Weil's U.S. based timekeepers to non-bankruptcy matters during the prior twelve-month period ending September 30, 2021, and the blended hourly rates billed to the Debtors during the Fourth Fee Period (the "**Blended Rate Comparison Chart**").

20.     Attached hereto as **Exhibit G** is a budget prepared in connection with Weil's representation of the Debtors during the Fourth Fee Period (the "**Budget**").

21.     Attached hereto as **Exhibit H** is a summary of Weil's staffing plan for the Fourth Fee Period (the "**Staffing Plan**").

22.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Periods, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

## Summary of Services Performed by
## Weil During Fourth Fee Period

23.     During the Fourth Fee Period, Weil devoted substantial resources and rendered significant professional services to, among other things, obtain confirmation of the Plan, negotiate, prepare, and implement the Plan and related Plan-transaction documents, including the

Credit Bid Purchase Agreement, Apache Definitive Documents, the CUSA Definitive Documents, the Eni Definitive Documents, the Government Settlement Agreement, and various other settlement agreements, execute all other regulatory and transactional steps necessary for the Effective Date of the Plan to occur, prepare and prosecute several adversary proceedings, and engage in litigation in various contested matters before this Court. The following is a summary of the significant professional services, among others, rendered by Weil during the Fourth Fee Period, organized in accordance with Weil's internal time-tracking system, and broken down by project or task codes:

a.   Adversary Proceedings (Task Code 002)
Fees: $530,176.00; Total Hours: 568.10

- Continued the Atlantic Proceeding, including preparing and filing a motion for summary judgment, response to Atlantic's motion to dismiss, and supplemental briefs and replies.

- Commenced and prosecuted the NAS Proceeding, including filing an adversary complaint and emergency motion to extend the automatic stay against NAS.

- Commenced and prosecuted the Apache Surety Proceeding, including preparing an adversary complaint and motion for summary judgment and responding to defendants' motions to dismiss and motion to withdraw the reference.

- Prepared for and participated at hearings in the Atlantic Proceeding, the NAS Proceeding, and the Apache Surety Proceeding, including preparing presentation materials and conducting oral arguments.

b.   Asset Acquisitions/Dispositions/363 Matters (Task Code 003)
Fees: $141,356.50; Total Hours: 131.30

- Prepared and filed *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Side Purchase Agreement, Including (A) Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (B) Assumption and Assignment of Key Contracts, (II) Approving Form and Manner of Notice of Side Purchase Agreement, and (III) Granting Related Relief* [Docket No. 1988] and drafted and negotiated related transaction documents.

11

c.  Automatic Stay (Task Code 004)
    Fees: $365,673.50; Total Hours: 384.80

- Drafted and filed *Debtors' Response to Motion of BP Exploration & Production, Inc. for Entry of an Order Pursuant to 11 U.S.C. § 362(d) Authorizing Relief from the Automatic Stay to Commence Arbitration Against the Debtors* [Docket No. 1795] (the "**BP Arbitration Motion**"), conducted research regarding the BP Arbitration Motion, and participated in oral arguments regarding BP Arbitration Motion.

- Drafted and filed *Debtors' Opposition to BP Exploration & Production Inc.'s Motion for Entry of an Order Pursuant to 11 U.S.C. § 362(d) Authorizing Relief from the Automatic Stay to Effectuate Setoff of Mutual Obligations (ECF No. 1666)* [Docket No. 1843].

- Conducted research on various issues related to the automatic stay.

- Coordinated and communicated with the Debtors and other professionals regarding enforcing the automatic stay.

- Negotiated, filed, and obtained approval of multiple stipulations lifting the automatic stay consensually (*see, e.g.*, Docket No. 1372).

d.  Bar Date and Claims Matters (Task Code 005)
    Fees: $818,818.00; Total Hours: 860.60

- Coordinated with the claims and noticing agent in these cases, Prime Clerk, LLC ("**Prime Clerk**"), regarding the bar date and related notices.

- Conducted research on various issues related to claims analysis.

- Advised the Debtors and their other professionals regarding treatment and allowance of specific claims.

- Objected to LLOG's secured claim, prepared briefs and responses in connection therewith, and prepared for and conducted oral arguments regarding same.

e.  Case Administration (WIP and Calendar) (Task Code 006)
    Fees: $60,312.00 Total Hours: 89.40

- Prepared and continually updated case calendars, comprehensive work in process and schedule updates, and other chapter 11 resources and guidelines for the Debtors and their advisors.

- Drafted and filed notices of hearing dates, adjournment, and notices of various filings on behalf of the Debtors.

- Responded to a large volume of emails, calls, and correspondence related to the chapter 11 cases, including with respect to the workstreams, issues, and matters described in this Application.

f.   Chapter 11 Plan/Confirmation/Implementation/Plan Supplement (Task Code 007)
Fees: $6,779,930.64; Total Hours: 6,735.21

- Drafted, negotiated, and filed amended versions of the Plan and Confirmation Order; obtained Court approval of the Plan and entry of the Confirmation Order.

- Drafted and filed *Debtors' Memorandum of Law in Support of (I) Confirmation of Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Omnibus Reply to Objections Thereto* [Docket No. 1553] and *Summary Chart of Plan Objections* [Docket No. 1561].

- Drafted and filed multiple declarations in support of confirmation of the Plan, and various other pleadings in support of confirmation of the Plan.

- Responded to numerous objections to confirmation of the Plan and negotiated resolution of the majority of Plan objections with consensual language in the Confirmation Order.

- Prepared for and participated in a heavily contested, 5-day Confirmation Hearing.

- Negotiated, documented, executed, and implemented settlements of Plan confirmation matters, and the regulatory and transaction steps necessary for the Effective Date of the Plan to occur.

- Negotiated and drafted First Lien Exit Facility Credit Agreement, Second Lien Exit Facility Credit Agreement, and related ancillary documents to each.

- Filed underlying Plan transaction documents in multiple plan supplements [Docket Nos. 1394, 1562, 1587, 1642, 1645, 1756, and 2013].

- Coordinated and communicated with the Debtors, other professionals, and multiple key stakeholder parties regarding the Plan, including its structure and means of implementation.

13

- Conducted research regarding certain issues relating to the Plan and its implementation.

- Negotiated new money rights offerings and backstop commitment agreements with Prepetition FLTL Lenders and Prepetition SLTL Lenders and obtained Court approval of *Emergency Motion of Debtors for Order (I) Approving Rights Offering Procedures and Related Forms, (II) Authorizing Debtors to Conduct Rights Offerings in Connection with Debtors' Plan of Reorganization, (III) Authorizing Entry into Equity Backstop Commitment Agreements, (IV) Approving Obligations Thereunder, and (V) Granting Related Relief* [Docket No. 1384].

- Prepared and filed response to various sureties' motion to stay the Confirmation Order [Docket No. 1796] (the "**Motion to Stay Confirmation Order**") and prepared for and participated at hearing on Motion to Stay Confirmation Order.

- Prepared motion to dismiss appeals of Confirmation Order.

g.   Corporate Governance/Securities/Equity Matters (Task Code 008)
     Fees:  $111,952.50; Total Hours:  92.20

- Prepared materials for and participated in numerous meetings of the Debtors' board of directors (the "**Board**").

- Reviewed and commented on minutes and Board resolutions.

- Analyzed certain issues related to the Debtors' outstanding securities and corporate governance.

h.   Customer/Vendor Matters and Reclamation/ 503(b)(9) Claims (Task Code 009)
     Fees:  $57,746.00; Total Hours:  52.40

- Advised the Debtors and coordinated with the Debtors' other advisors regarding various vendor questions, requests, demands, reclamation letters and notices.

- Ensured the continued performance of critical services for the Debtors in the ordinary course of business, including by ensuring compliance with the first-day orders.

i.   Disclosure Statement/Solicitation/Voting (Task Code 011)
     Fees:  $59,427.50; Total Hours:  57.60

- Completed solicitation of votes on the Plan, including responding to multiple inquiries regarding voting procedures.

14

> - Reviewed, revised, and filed the *Declaration of Alex Orchowski of Prime Clerk LLC Regarding Solicitation of Votes and Tabulation of Ballots Cast on the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1521].

j.    Employee Matters (Task Code 012)
      Fees:  $56,271.00; Total Hours:  50.20

- Negotiated and reviewed various credit bid transaction documents regarding employment matters and benefit plans.

k.    Executory Contracts / Leases / Real Property / Other 365 Matters (Task Code 014)
      Fees:  $939,397.04; Total Hours:  971.41

> - Drafted and filed stipulations extending time to assume or reject unexpired leases of certain nonresidential real property [Docket Nos. 1418, 1419].
>
> - Reviewed, negotiated, and revised schedules regarding contract allocation and assumption matters for various Plan transaction documents, and filed and served *Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* [Docket No. 1395].
>
> - Conducted research regarding executory contract assumption issues.
>
> - Communicated with the Debtors, their other advisors, and numerous contract counterparties regarding executory contract and real property issues, including the negotiation and documentation of numerous settlements resolving cure disputes.
>
> - Negotiated disputes regarding the allocation or assignment of assumed executory contracts.
>
> - Communicated regularly with counsel to BP in connection with Debtors' diligence and discovery requests and reviewed numerous documents produced in response.

l.    General Case Strategy (Including Team and Client Calls) (Task Code 015)
      Fees:  $338,334.33; Total Hours:  304.68

> - Prepared for and participated in weekly meetings and on teleconferences with the Debtors' management team and the Debtors' other advisors to discuss case strategy and coordination, Court filings and hearings, transaction negotiations, the Plan, and numerous other case issues and pending matters.

15

- Conducted numerous internal team meetings, conferences and teleconferences regarding the status and administration of the chapter 11 cases, various business-related issues and general case strategy, and various work streams regarding the matters described in this Application.

- Responded to a large volume of emails, calls, and correspondence related to the chapter 11 cases.

m. <u>Hearings and Court Matters (Task Code 016)</u>
Fees: $755,619.00; Total Hours: 847.60

- Prepared for and represented the Debtors at various hearings, including the multiple-day Confirmation Hearing and hearings on the Atlantic Proceeding, the NAS Proceeding, and the Apache Surety Proceeding.

- Prepared witnesses, affidavits, and evidence to present in support of relief requested at various hearings.

- Prepared, filed, and arranged service of various motions, notices, and other documents, including hearing agendas, exhibits, proposed orders, and certificates of no objections.

- Negotiated terms of proposed orders and related documents with various parties in interest.

- Consulted with the Court's chambers regarding case matters and prepared materials for the Court.

n. <u>Hedges and Related Matters (Task Code 017)</u>
Fees: $61,361.50; Total Hours: 58.50

- Negotiated and reviewed credit agreements and other documents regarding hedge transactions.

o. <u>Insurance, Surety Bond, & Letters of Credit Matters (Task Code 018)</u>
Fees: $70,219.50; Total Hours: 61.30

- Conducted research and advised the Debtors regarding various surety-related issues.

- Communicated regularly with the Debtors' surety providers in connection with the surety providers' diligence and discovery requests and produced numerous documents in response.

- Communicated regularly and coordinated with the advisors to the Ad Hoc Group of Secured Lenders, the Ad Hoc Group of Prepetition SLTL

16

Lenders, and the Creditors' Committee regarding diligence and discovery responses.

- Obtained commitment from surety to provide new bonding post-emergence and negotiated and implemented agreement regarding same.

p.  <u>Regulatory / Decommissioning / Environmental Matters (Task Code 021)</u>
      Fees: $159,376.50; Total Hours:  134.90

- Communicated regularly and coordinated with the United States Department of the Interior, BOEM, BSEE, and the United States Department of Justice regarding the terms of the Debtors' restructuring.

- Drafted, negotiated, and implemented the Government Settlement Agreement.

- Drafted various letters and/or memoranda related to regulatory matters.

q.  <u>Retention/Fee Applications: Weil (Task Code 024)</u>
      Fees:  $185,879.00; Total Hours:  242.00

- Reviewed time records and disbursements for compliance with U.S. Trustee Guidelines and drafted and reviewed Weil's monthly fee statements and Third Interim Fee Application.

r.  <u>Secured Creditor Issues / Meetings / Communications (Task Code 026)</u>
      Fees: $506,624.00; Total Hours:  450.80

- Drafted, negotiated, and executed Credit Bid Purchase Agreement and all exhibits and schedules thereto.

- Attended regular meetings and calls with the Consenting Creditors and the Debtors' other advisors regarding case strategy, diligence, and various other aspects of the chapter 11 cases.

s.  <u>Tax Matters (Task Code 027)</u>
      Fees: $316,261.00; Total Hours:  232.50

- Conducted research and analysis regarding various potential tax issues and advised the Debtors regarding potential tax implications of the Plan and related transaction documents.

- Researched, analyzed, and advised the Debtors on various other tax-related issues, including the treatment of tax obligations in chapter 11, under the Plan, and under the Exit Facilities.

t.    Apache Definitive Documentation (Task Code 031)
Fees: $1,114,775.50; Total Hours: 1,074.30

- Drafted, negotiated, and executed the definitive documents implementing the transactions contemplated by or relating to the Apache Term Sheet (the "**Apache Definitive Documents**").

- Communicated regularly with counsel to Apache, the advisors to the Ad Hoc Group of Secured Lenders, and the advisors to the Creditors' Committee regarding the Apache Definitive Documents.

- Prepared, negotiated, and finalized transaction documents for merger of FWE I and GOM Shelf, LLC and negotiated and finalized consents and other related filings with the Court.

24.    In addition to the foregoing, Weil prepared, on behalf of the Debtors, all necessary motions, applications, orders, notices, responses, and other papers in support of positions taken by the Debtors and in compliance with applicable law.

25.    The foregoing professional services were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by Weil were in the best interests of the Debtors and their stakeholders. Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in these cases. All of Weil's professional services were performed skillfully and efficiently.

26.    The professional services performed by Weil's partners, counsel, associates, and paraprofessionals were rendered by the Restructuring, Corporate, Litigation, and Tax, Benefits & Executive Compensation Departments predominantly in the New York, Houston, and Dallas offices. Weil has a preeminent Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of distressed entities.

27.    The professional services performed by Weil on behalf of the Debtors during the Fourth Fee Period required an aggregate expenditure of approximately 13,485.30 hours

18

by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 3,392.50 recorded hours were expended by partners and counsel of Weil, approximately 9,559.90 recorded hours were expended by associates, and approximately 532.90 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.  Of the sixty-seven (67) Weil attorneys who billed time, eighteen (18) billed fewer than fifteen hours to this matter.  Of the fifteen (15) Weil paraprofessionals and non-legal staff who billed time, nine (9) billed fewer than fifteen hours to this matter.

28.     During the Fourth Fee Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $630.00 to $1,795.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for Weil attorneys in this Application of approximately $1,028.04 (based on 12,952.40 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

**Summary of Services Performed by
Weil During Final Compensation Period**

29.     During the course of the Final Compensation Period and as set forth in more detail above, in the *First Interim Fee Application of Weil, Gotshal & Manges LLP, Attorneys for Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From August 3, 2020 Through October 31, 2020* (ECF No. 665) (the "**First Interim Fee Application**"), in the *Second Interim Fee Application of Weil, Gotshal & Manges LLP, Attorneys for Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From November 1, 2020 Through January 31, 2021* (ECF No. 1323) (the "**Second Interim Fee Application**"), and in the *Third Interim Fee Application of Weil, Gotshal & Manges LLP, Attorneys for Debtors, for Interim Allowance of Compensation for*

19

*Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From February 1, 2021 Through April 30, 2021* (ECF No. 1986) (the "**Third Interim Fee Application**"), Weil provided extensive services to the Debtors necessary to the administration and success of these chapter 11 cases.  In addition to the services outlined above in the summary of services for the Fourth Fee Period, some of the most significant services provided by Weil include the following:

a.   Adversary Proceedings (Task Code 002)
   Fees:  $981,338.50; Total Hours:  1,064.90

- Drafted, filed, and obtained Court approval of *Debtors' Motion for an Order (I) Further Extending the Deadline by Which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 936].

- Drafted, filed, and obtained Court approval of (i) *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Sanare Energy Partners LLC and (II) Granting Related Relief* [Docket No. 1046].

- Drafted, filed, and obtained Court approval of and (ii) *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Authorizing and Approving Settlement Agreement Between Debtors and Renaissance Offshore LLC and (II) Granting Related Relief* [Docket No. 1047].

b.   Automatic Stay (Task Code 004)
   Fees:  $957,062.00; Total Hours:  1,022.40

- Preserved the value of the Debtors' assets, including contract rights, by enforcing the automatic stay.

- Negotiated, filed, and obtained approval of multiple stipulations for lifting the automatic stay consensually with certain claimants (Docket Nos. 347, 516, 518, 874, 986, 1070, 1186, 1280, 1281, 1320).

c.   Bar Date and Claims Matters (Task Code 005)
   Fees:  $1,218,919.00; Total Hours:  1,269.10

- Drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Order (I) Establishing Deadline to File Proofs of Claim*

20

*and (II) Approving Form and Manner of Notice Thereof* (Docket No. 404) (the "**Bar Date Motion**") to set bar date and procedures for asserting prepetition claims against the Debtors.

- Coordinated with the claims and noticing agent in these cases, Prime Clerk, regarding the bar date and related notices.

- Advised the Debtors and their other professionals regarding specific claims.

d.  Chapter 11 Plan/Confirmation/Implementation/Plan Supplement (Task Code 007)
    Fees:  $10,681,561.14; Total Hours:  10,404.51

- Drafted, negotiated, filed amended versions, and obtained Court approval of the Plan and Confirmation Order with the support of Apache, the Ad Hoc Group of Secured Lenders, the Ad Hoc Group of SLTL Lenders, CUSA, and the Creditors' Committee.

- Negotiated and filed settlement agreements with multiple predecessors-in-interest, including CUSA, Eni, and Hunt.

- Negotiated second lien exit facility backstop commitment letter and drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Order (I) Authorizing Entry into Backstop Commitment Letter, (II) Approving Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1023].

- Negotiated first lien exit facility commitment letter and drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Order (I) Approving Entry Into First Lien Exit Facility Commitment Letter and Related Fee Letter, (II) Authorizing Incurrence and Payment of Certain Fees and Costs in Connection Therewith, and (III) Granting Related Relief* [Docket No. 1165].

e.  Corporate Governance/Securities/Equity Matters (Task Code 008)
    Fees:  $1,002,650.50; Total Hours:  928.70

- Prepared materials for and participated in numerous meetings of the Debtors' board of directors (the "**Board**").

- Reviewed and commented on minutes and Board resolutions.

- Analyzed certain issues related to the Debtors' outstanding securities and corporate governance.

f.  Customer/Vendor Matters and Reclamation/ 503(b)(9) Claims (Task Code 009)
    Fees:  $531,245.50; Total Hours:  548.60

- Drafted, filed and obtained interim and final Court approval of *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Pay (A) Prepetition Interest Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims, and (II) Granting Related Relief* (Docket No. 11) (the "**JIB/Critical Vendor Motion**").

g.     DIP Financing / Cash Collateral / Cash Management (Task Code 010)
        Fees: $562,584.00; Total Hours: 541.20

- Drafted, filed and obtained interim and final Court approval of: *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing; (II) Granting Liens and Super-Priority Claims: (III) Granting Adequate Protection to Prepetition Secured Parties; and (IV) Granting Related Relief* (Docket No. 22) (the "**DIP Motion**").

- Secured approval of the DIP Facility and consensual use of cash collateral over multiple objections, following a contested hearing.

- Negotiated the terms of the Debtors' DIP Facility and drafted numerous documents, including the credit agreement, together with all schedules and ancillary agreement.

- Negotiated with the Creditors' Committee and certain other stakeholders to resolve certain informal objections to the DIP Motion.

- Assisted the Debtors with compliance with the DIP Facility documents and orders, including various reporting obligations.

- Conducted research and analyzed issues regarding the Exit Facilities.

h.     Disclosure Statement/Solicitation/Voting (Task Code 011)
        Fees: $2,174,620.50; Total Hours: 2,236.80

- Drafted, negotiated, filed, and obtained Court approval of the proposed Disclosure Statement, related motion to approve the Debtors' proposed solicitation and confirmation hearing notice procedures, confirmation timeline (the "**Disclosure Statement Approval Motion**"), and the proposed order approving the Disclosure Statement Approval Motion, including any exhibits and schedules thereto, and prepared for hearing regarding the same.

- Conducted research and analyzed issues regarding the proposed Disclosure Statement and proposed order granting the Disclosure Statement Approval Motion.

22

- Drafted and filed *Omnibus Reply of Debtors to Objections to Disclosure Statement* [Docket No. 1124].

- Drafted, reviewed and commented on multiple drafts of exhibits and schedules to the proposed Disclosure Statement, including a liquidation analysis, valuation analysis, financial projections, and oil and gas lease schedules.

- Communicated with the Debtors, their other advisors, counsel to certain stakeholders and parties in interest regarding the proposed Disclosure Statement and related exhibits and schedules and the Disclosure Statement Approval Motion.

- Completed solicitation of votes on the Plan.

i.  <u>Executory Contracts / Leases / Real Property / Other 365 Matters (Task Code 014)</u>
    Fees:  $1,504,864.04; Total Hours:  1,540.51

- Communicated with the Debtors, their other advisors, and numerous contract counterparties regarding executory contract and real property issues, including the resolution of cure disputes.

- Drafted, filed, and obtained Court approval of the *Second Motion of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 931].

- Drafted, filed, and obtained Court approval of *Emergency Motion of Debtors for Entry of Order (I) Approving Debtors' Entry into Sublease Amendment and (II) Authorizing Debtors' Assumption of Sublease* [Docket No. 869].

- Obtained Court approval of the BP Motion to Compel, drafted and filed *Supplement To Emergency Motion to Compel BP Exploration & Production Inc. to Perform Pre-Petition Contracts and Update in Advance of February 1, 2021 Status Conference* [Docket No. 821], and prepared for hearing regarding the same.

- Communicated regularly with counsel to BP in connection with Debtors' diligence and discovery requests and reviewed numerous documents produced in response.

j.  <u>Hearings and Court Matters (Task Code 016)</u>
    Fees:  $1,449,280.50; Total Hours:  1,673.20

- Prepared for and represented the Debtors at various hearings, including the first-day hearing, second-day hearing, hearings on the Disclosure Statement Approval Motion, and the Confirmation Hearing.

- Prepared witnesses, affidavits, and evidence to present in support of relief requested at various hearings.

- Prepared, filed, and arranged service of various motions, notices, and other documents, including hearing agendas, proposed orders, and certificates of no objections.

- Negotiated terms of proposed orders and related documents with various parties in interest.

- Consulted with the Court's chambers regarding case matters and prepared materials for the Court.

k.  Insurance, Surety Bond, & Letters of Credit Matters (Task Code 018)
Fees: $858,251.00; Total Hours: 948.00

- Obtained interim and final Court approval of *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Insurance Programs and the Surety Bond Program, and (B) Pay Certain Obligations with Respect Thereto; (II) Granting Relief from Automatic Stay with Respect to Workers' Compensation Claims; and (III) Granting Related Relief* (Docket N0. 4) (the "**Insurance Motion**").

- Conducted research and prepared memoranda regarding multiple objections raised by surety providers to the Disclosure Statement, Plan, and other pleadings.

l.  Retention/Fee Applications: Weil (Task Code 024)
Fees: $476,262.50; Total Hours: 614.40

- Drafted, filed and obtained Court approval of *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for the Debtors Effective As of Petition Date* (Docket No. 246) for the retention of Weil as attorneys for the Debtors; supporting affidavit, notice, and proposed order.

- Reviewed time records and disbursements for compliance with U.S. Trustee Guidelines and drafted and reviewed Weil's monthly fee statements, First Interim Fee Application, Second Interim Fee Application, and Third Interim Fee Application.

m.   Secured Creditor Issues / Meetings / Communications (Task Code 026)
Fees: $2,636,732.50; Total Hours: 2,279.60

- Completed a comprehensive analysis of the mortgages and liens securing the prepetition secured creditors' claims and shared those findings with the Consenting Creditors.

n.   Tax Matters (Task Code 027)
Fees: $1,157,967.50; Total Hours: 970.00

- Conducted research and analysis regarding various potential tax issues and advised the Debtors regarding potential tax implications of the DIP Facility, Plan and related transaction documents.

- Drafted tax-related sections of the Plan and Disclosure Statement.

- Researched, analyzed, and advised the Debtors on various other tax-related issues, including the treatment of tax obligations in chapter 11, under the Plan, and under the Exit Facilities.

o.   Apache Definitive Documentation (Task Code 031)
Fees: $2,293,840.50; Total Hours: 2,109.40

- Drafted and negotiated the Apache Definitive Documents.

- Communicated regularly with counsel to Apache, the advisors to the Ad Hoc Group of Secured Lenders, and the advisors to the Creditors' Committee regarding the Apache Definitive Documents.

30.   As noted above, during the Final Compensation Period, the professional services performed by Weil's partners, counsel, associates, and paraprofessionals were rendered by the Restructuring, Corporate, Litigation, and Tax, Benefits & Executive Compensation Departments predominantly in the New York, Houston, and Dallas offices.

31.   The professional services performed by Weil on behalf of the Debtors during the Final Compensation Period required an aggregate expenditure of approximately 32,800.60 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 9,186.90 recorded hours were expended by partners and counsel of Weil, approximately 22,177.80 recorded hours were expended by

25

associates, and approximately 1,435.90 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.  Of the ninety-four (94) Weil attorneys who billed time, twenty-nine (29) billed fewer than fifteen hours to this matter.  Of the twenty-seven (27) Weil paraprofessionals and non-legal staff who billed time, seventeen (17) billed fewer than fifteen hours to this matter.

32.     During the Final Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $630.00 to $1,795.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for Weil attorneys in this Application of approximately $1,039.35 (based on 31,364.70 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

**Actual and Necessary Disbursements of Weil**

33.     As set forth in **Exhibit E** attached hereto, Weil has disbursed (i) $132,342.23 as expenses incurred in providing professional services during the Fourth Fee Period and (ii) $242,516.63 as expenses incurred in providing professional services during the Final Compensation Period.  These expenses are reasonable and necessary and were essential to the overall administration of these cases.

34.     Although Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from Weil's offices.  Weil's regular practice is not to include components of those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the Fee Guidelines or the Bankruptcy Local Rules.

35. With respect to photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, Weil charges all of its clients $0.10 per black-and-white page; Weil charges $0.50 per color page. With respect to legal research, Weil does not charge more than the actual cost. Each of these categories of expenses does not exceed the maximum rate set by the Fee Guidelines or the Local Rules. These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into Weil's hourly billing rates. Only clients who actually use services of the types set forth in **Exhibit E** are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

36. On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Weil's overhead for the purpose of setting billing rates. Weil has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were those that were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

### Requested Compensation Should Be Allowed

37. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

27

actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

38.     The Court of Appeals has held that the six factors found in section 330(a)(3) of the Bankruptcy Code are to be considered when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

39.     In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates. The compensation requested herein is

reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

40.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  Not only were Weil's professional services performed skillfully and efficiently, but whenever possible, Weil sought to minimize the cost of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.  In addition, groups of the same Weil attorneys were utilized for similar tasks in these cases to minimize the costs of intra-Weil communication and education about the Debtors' circumstances.  As described above, the complexity of these cases required the use of specialists in tax, banking and finance, mergers and acquisitions, litigation, and other areas in order to confirm and implement a value-maximizing chapter 11 plan that involved, among other things, (i) extensive litigation with objecting parties and (ii) drafting, negotiating, and executing several, complex transaction documents, including the Credit Bid Purchase Agreement, two divisive mergers, the Government Settlement Agreement, and multiple other settlements with predecessors-in-interest and other stakeholders.

41.     In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the types of issues involved in these chapter 11 cases.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

## Notice

42.     Notice of this Application will be provided in accordance with the procedures set forth in the Interim Compensation Order.  The Post-Effective Date Debtors respectfully submit that no further notice is required.

29

**No Previous Request**

43.     Other than the First Interim Fee Application, the Second Interim Fee Application, and the Third Interim Fee Application, no previous request for the relief sought herein has been made by Weil or the Post-Effective Date Debtors to this or any other Court.

**Conclusion**

44.     Weil respectfully requests that the Court award (i)  final allowance of Weil's compensation for professional services rendered during the Fourth Fee Period in the amount of $13,512,685.01, representing 100% of fees incurred during the Fourth Fee Period, and reimbursement in the amount of $132,342.23, representing 100% of actual and necessary expenses incurred during the Fourth  Interim Fee Period, and (ii) final allowance of Weil's compensation for professional services rendered during the Final Compensation Period in the amount of $33,131,438.01, representing 100% of fees incurred during the Final Compensation Period, and reimbursement in the amount of $242,516.63, representing 100% of actual and necessary expenses incurred during the Final Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Periods in the event such fees and expenses were not processed at the time of this Application and grant such other and further relief as is proper and just.

Dated:      October 12, 2021
            Houston, Texas

                                         _/s/  Alfredo R. Pérez_____
                                         WEIL, GOTSHAL & MANGES LLP
                                         Alfredo R. Pérez (15776275)
                                         700 Louisiana Street, Suite 1700
                                         Houston, Texas  77002
                                         Telephone: (713) 546-5000
                                         Facsimile:  (713) 224-9511
                                         Email:  Alfredo.Perez@weil.com

                                         -and-

                                         WEIL, GOTSHAL & MANGES LLP
                                         Matthew S. Barr (admitted *pro hac vice*)
                                         Jessica Liou (admitted *pro hac vice*)
                                         767 Fifth Avenue
                                         New York, New York 10153
                                         Telephone:  (212) 310-8000
                                         Facsimile:  (212) 310-8007
                                         Email:   Matt.Barr@weil.com
                                                  Jessica.Liou@weil.com

                                         *Attorneys for the Plan Administrator and*
                                         *certain Post-Effective Date Debtors*

**<u>Certificate of Service</u>**

I hereby certify that on October 12, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  Alfredo R. Pérez*
Alfredo R. Pérez
