IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-33948 (MI) |
| | § | |
| FIELDWOOD ENERGY, LLC | § | THE HON. MARVIN ISGUR |
| | § | |
| Debtor | § | CHAPTER 11 |

**RESPONSE OF MELVIN SIGURE TO**
**FIFTH OMNIBUS OBJECTION (LATE FILED CLAIMS)**

MAY IT PLEASE THE COURT:

The Plan Administrator, Debtors and Reorganized Debtors have filed a Fifth Omnibus Objection to Late Filed Claims [Doc. 2080] and seek to disallow the claim of Melvin Sigure. For the following reasons, Melvin Sigure respectfully urges the Court to allow his claim.

Mr. Sigure's claim arises from an accident which occurred on or about March 9, 2020, while he was working on Fieldwood platforms in the Gulf of Mexico as a welder. As set forth in the "Stipulation and Order Granting Limited Relief from the Automatic Stay on Melvin Sigure Personal Injury Litigation" [Doc. 1372], Mr. Sigure filed a personal injury action in the United States District Court for the Eastern District of Louisiana, naming several of the "Debtors" as defendants. A copy of the Complaint and Amended Complaint – filed on January 25, 2021 and January 29, 2021, respectively, are attached hereto as **Exhibit 1, in globo.**

The Complaint and Amended Complaint were served on the Debtors named in Mr. Sigure's complaint and, on March 2, 2021, a Notice of Suggestion of Bankruptcy was filed in the Louisiana litigation. [**Exhibit 2**].

On March 31, 2021 – within thirty days of receiving notice of this bankruptcy proceeding – Mr. Sigure filed his Proof of Claim herein. [**Exhibit 3, Acknowledgment of Proof of Claim No. 957 by Prime Clerk**].

1

On that same date, counsel for Mr. Sigure advised counsel for the Debtors that he intended to file a Motion to Lift the Stay herein and began discussions with counsel for the Debtors which ultimately resulted in the Stipulation and Order which was signed by this Court, allowing him to proceed with the litigation in the federal court in Louisiana. [See **e-mails, Exhibit 4,** and Doc. 1378, Order].

Mr. Sigure respectfully asserts that the Notice of Suggestion of Bankruptcy filed in response to his complaints in the Eastern District of Louisiana was the first notice that he received of these bankruptcy proceedings, and that he thereafter diligently filed a claim and work with the Debtor's counsel to lift the stay to proceed with that litigation.

For the foregoing reasons, Mr. Sigure respectfully asserts that good cause exists to allow his Proof of Claim to be deemed filed timely on the basis of excusable neglect. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court considered the concept of excusable neglect in regard to late-filed claims and concluded

> that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Services*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

Mr. Sigure respectfully asserts that the reason for the delay in filing the proof of claim is because Mr. Sigure did not receive actual notice until the Notice of Suggestion of Bankruptcy was filed in his Louisiana litigation. Mr. Sigure also asserts that he has acted in good faith by diligently filing a claim within thirty (30) days of receiving notice of these bankruptcy proceedings and thereafter working with the Debtor's counsel to lift the stay to proceed with his litigation in the Eastern District of Louisiana, and the length of delay between his receipt of the notice and his

filing the proof of claim was not substantial – it was less than thirty days.  Mr. Sigure also asserts that the danger of prejudice of the debtor is not substantial; counsel for the Debtors participated in the preparation of the Stipulation which allowed Mr. Sigure to proceed with his negligence claim, so that debtors have known for over seven months that the claim was proceeding; in addition, any payment of Mr. Sigure's claims, as set forth in the Stipulation and Order which have been filed [Docs. 1372 and 1378], will mostly if not entirely be covered by insurance proceeds available under policies of insurance covering the Debtors.

For the above and foregoing reasons, Melvin Sigure respectfully asserts that good cause and excusable neglect exist to allow his late-filed claim and the objection to his claim should be overruled.

RESPECTFULLY SUBMITTED:

  s/ David C. Whitmore
DAVID C. WHITMORE
S.D. Tex. Federal ID No. 286591
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
dcw@nola-law.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 5th day of November, 2021, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record that have elected e-notification by operation of the court's electronic filing system.  I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF

participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

                                            _s/ David C. Whitmore_