IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et. al.*, | § | Case No. 20-33948(MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

ORDER GRANTING QUARTERNORTH'S
EMERGENCY MOTION TO ENFORCE THE TERMS
OF THE PLAN AND THE COURT'S CONFIRMATION ORDER

Upon the *Emergency Motion of QuarterNorth Energy LLC to Enforce the Confirmation Order and Plan* (the "**Motion**")[2] (ECF No. ____) for entry of an order declaring BP violated this Court's order, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are:  Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991); GOM Shelf LLC (8107); and FW GOM Pipeline, Inc. (8440).  Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC.  GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary.  The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following:  Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Case 20-33948   Document 2199-1   Filed in TXSB on 11/15/21   Page 2 of 2

notice need be provided; and this Court having reviewed the Motion; and the Court having held a hearing on the Motion on _____ (the "**Hearing**"); and upon the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, and

**WHEREAS** BP disregarded the plain terms of Confirmation Order ¶¶ 18 and 20 by attempting to set off debts BP owes QuarterNorth under the Isabela PSA against what the Post-Effective Date Debtors allegedly owe BP under the Genovesa PSA;

**WHEREAS** BP has thereby violated Confirmation Order ¶ 157 and Plan § 10.5, which enjoin interference with implementation of the Plan; and

**WHEREAS** the Court made certain findings of fact and conclusions of law on the record at the Hearing, which are incorporated into this Order in their entirety,

**IT IS HEREBY ORDERED THAT:**

1. BP shall comply with the Confirmation Order and Plan, and not attempt to set off BP's debts to QuarterNorth under the Isabela PSA against any debt the Post-Effective Date Debtors purportedly owe BP under the Genovesa PSA.

2. QuarterNorth is hereby awarded its reasonable and necessary attorneys' fees in an amount to be determined by the Court based on evidence presented under Section 38.001(b)(8) of the Texas Civil Practice & Remedies Code.

3. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

4. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this order is effective and enforceable upon its entry.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

Dated: _____, 2021

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

2