**<u>EXHIBIT B</u>**
Blackline

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

**ORDER APPROVING FOURTH AND FINAL FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING (I) FOURTH FEE PERIOD FROM MAY 1, 2021 THROUGH AUGUST 27, 2021, AND (II) FINAL COMPENSATION PERIOD OF AUGUST 3, 2020 THROUGH AUGUST 27, 2021**

1. Upon the application (the "**Application**") of Weil, Gotshal & Manges LLP ("**Weil**"), previously counsel for Fieldwood Energy LLC[2] and its debtor affiliates (collectively, the "**Debtors**") and currently counsel for the Plan Administrator and certain of the Post-Effective Date Debtors[3] in the chapter 11 cases jointly administered under Case No. 20-33948, for (i) final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from May 1, 2021 through August 27, 2021 (the "**Fourth Fee Period**") in the amount of $~~13,512,685.01~~13,465,114.88 and

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] As contemplated by the Plan (defined below), Fieldwood Energy LLC changed its name to Fieldwood Energy III LLC following a Divisive Merger pursuant to the Initial Plan of Merger.

[3] Weil represents Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. and does not represent GOM Shelf LLC and FW GOM Pipeline, Inc. (i.e. the Post-Effective Date FWE I Subsidiaries).

for reimbursement of its actual and necessary expenses in the amount of $132,342.23 incurred during the Fourth Fee Period, and (ii) final allowance of compensation for professional services performed by Weil during the period commencing on August 3, 2020 through August 27, 2021 (the "**Final Compensation Period**") and, together with the Fourth Fee Period, the "**Compensation Periods**") in the amount of $~~33,131,438.01~~33,036,297.75 and reimbursement for its actual and necessary expenses in the amount of $242,516.63 incurred during the Final Compensation Period, all as more fully set forth in the Application; and upon consideration of the Barr Certification; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and the supporting documents; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Compensation to Weil for professional services rendered during the Fourth Fee Period is allowed on a final basis in the amount of $~~13,512,685.01~~13,465,114.88.

2. Reimbursement to Weil for expenses incurred during the Fourth Fee Period is allowed on a final basis in the amount of $132,342.23.

3. Compensation to Weil for professional services rendered during the Final Compensation Period is allowed on a final basis in the amount of $~~33,131,438.01~~33,083,867.88.

4. Reimbursement to Weil for expenses incurred during the Final Compensation Period is allowed on a final basis in the amount of $242,516.63.

2

5. The Plan Administrator is authorized ~~and directed~~ to pay Weil all fees and expenses allowed pursuant to this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2021
      Houston, Texas

                                              _____
                                            THE HONORABLE MARVIN ISGUR
                                            UNITED STATES BANKRUPTCY JUDGE