

**Gulf of Mexico Region**
**BP Exploration & Production Inc.**
501 Westlake Park Blvd.
Houston, Texas 77079

**Danielle Scott, CPL**
**Business Partner - Land**
Phone: 832-734-5254 (direct)
Cell: 346-229-9046
Fax: 832-664-6036

October 28, 2021

<u>**VIA CERTIFIED MAIL**</u>

Fieldwood Energy LLC
2000 W. Sam Houston Pkwy. South
Houston, Texas 77042
Attn: Thomas R. Lamme
Email: tlamme@Fwellc.com

QuarterNorth Energy LLC, QuarterNorth Energy Inc.,
QuarterNorth Energy Holding Inc., QuarterNorth
Intermediate Inc., and Mako Buyer 2 LLC
2000 W. Sam Houston Pkwy. South
Houston, Texas 77042
Attn: Thomas R. Lamme
    Mike Dane
Email: TLamme@qnenergy.com
    MDane@qnenergy.com

David Dunn, in his capacity as Plan Administrator
2000 W. Sam Houston Pkwy. South
Houston, Texas 77042
Email: ddunn@provincefirm.com

Re:   Notice of Set-Off

As you are aware, BP Exploration & Production, Inc. ("<u>BP</u>") and Fieldwood Energy, Inc. ("<u>Fieldwood</u>") are parties to that certain Purchase and Sale Agreement in respect of Mississippi Canyon Block 519 (the "<u>MC519 PSA</u>") and that Certain Cash Consideration Exchange Agreement in respect of and Mississippi Canyon Block 562 (the "<u>Isabella PSA</u>").

On June 25, 2021 the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") entered its *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "<u>Confirmation Order</u>").[1]   Pursuant to the Confirmation Order: (a) the MC519 PSA was rejected by Fieldwood;

---

[1] All otherwise undefined terms have the meanings set forth in the Confirmation Order.

(b) the Isabella PSA was assumed and assigned to the Credit Bid Purchaser; (c) the Plan Administrator was appointed; and (d) BP's rights of setoff were fully recognized and preserved.[2]

Under the terms of the MC519 PSA, Fieldwood agreed, among other things, to pay BP $30 million (the "MC519 Payment"), which became due and payable to BP upon successful completion of the Genovesa well. To date, the MC519 Payment has not been made and the same is due and payable.[3]

Under the terms of the Isabella PSA, BP agreed to pay Fieldwood approximately $66 million in various installments. As of October 25, 2021 (the day immediately preceding this letter) BP owes Fieldwood $6,970,816.40 under the Isabella PSA (the "Isabella Payment").

As a result of the foregoing, Fieldwood and QuarterNorth are hereby notified that the Isabella Payment of **$6,970,816.40** has been set-off and netted against the MC519 Payment.

As a result of this set-off and netting of the foregoing, BP asserts that not less than **$23,029,183.60** remains due and owing to BP under the MC519 PSA with respect to the MC519 Payment. Substantially contemporaneous with the delivery of this letter, BP will be filing and serving an amended proof of claim reflecting the amended amount of the MC519 Payment.

Notwithstanding the foregoing, nothing contained in this notice letter is intended to waive or restrict any rights, remedies, recourse or powers available to BP or constitute a restrictive, exclusive or otherwise limiting election of rights, remedies, recourse or powers resulting from the occurrence of any claim that has arisen or may arise, and BP reserves all of its rights, remedies, recourse and powers under the MC519 PSA and any other agreements between the parties, or otherwise arising at law or in equity which shall be cumulative and not exclusive of any other rights, remedies, recourse or powers of BP.

No failure on the part of BP to exercise, and no delay in exercising, any such right, remedy, recourse or power under the MC519 PSA shall operate as a waiver or restriction thereof, nor shall any single or partial exercise by BP of any such right, remedy, recourse or power preclude any other or further exercise thereof or the exercise of any other right, remedy, recourse or power.

Neither the provisions of this notice letter nor the acceptance by BP of any payment on account of the obligations of the respective parties shall directly or indirectly in any way whatsoever either: (i) constitute a waiver of or consent to any past, present or future breach, violation, default or event of default under any agreement by any party; or (ii) impair, prejudice, restrict, limit or otherwise adversely affect any right, remedy, recourse or power of BP in connection with any agreement or any other contract or instrument related to the Purchased Mortgage Loans (the "Repurchase Transaction Documents"); or (iii) amend, modify or alter any provision of the Repurchase Transaction Documents; or (iv) constitute any course of dealing or other basis for amending, modifying or altering any obligation of or performance by any Seller

---

[2] *See, e.g.,* Confirmation Order, ¶133.
[3] BP timely filed its proof of claim for damages arising under the MC519 PSA and asserting, *inter alia*, a secured claim for setoff of any amounts owed to BP against any amounts owed to Fieldwood. Moreover, the MC519 well has produced for over 180 days, so the payment is now past due, and there is no longer any alleged "contingency" to payment.

Confidential

or Guarantor or any other person, or any right, remedy, recourse or power of BP under the Repurchase Transaction Documents.

          Sincerely,

          **BP Exploration & Production, Inc.**

          By: *Danielle Scott*
          Name: Danielle Scott
          Title: Attorney-in-Fact

cc:  Weil, Gotshal & Manges LLP (attn: Paul Genender)
     Greenberg Traurig, LLP (attn: Craig Duewall)