IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § § | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[1] | § § § | (Jointly Administered) |

**MOTION OF PLAN ADMINISTRATOR FOR ENTRY OF ORDER ESTABLISHING DEADLINE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PROCEDURES RELATING THERETO AND APPROVING <u>FORM AND MANNER OF NOTICE THEREOF</u>**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

The plan administrator (the "**Plan Administrator**"), appointed pursuant to the *Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [ECF No. 2008] (the "**Plan**"),[2] respectfully represents as follows in support of this motion (the "**Motion**"):

## Background

1. On August 3, 2020 and August 4, 2020 (as applicable, the "**Petition Date**"),[3] the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

**A. General and Governmental Bar Date Order**

2. On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [ECF No. 466] (the "**General and Governmental Bar Date Order**"), which, among other things, established (i) November 25, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for any person or entity (as defined respectively in sections 101(15) and (41) of the Bankruptcy Code) (excluding any Governmental Unit), to file a proof of claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code) asserted against a Debtor, including claims asserted under

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan or the applicable Plan Document.

[3] The following Debtors filed their chapter 11 petitions on August 3, 2020: (i) Dynamic Offshore Resources NS, LLC, (ii) Fieldwood Energy Inc., (iii) Fieldwood Energy LLC, (iv) Fieldwood Energy Offshore LLC, (v) Fieldwood Onshore LLC, (vi) Fieldwood SD Offshore LLC, and (vii) FW GOM Pipeline, Inc. The following Debtors filed their chapter 11 petitions on August 4, 2020: (i) Bandon Oil and Gas GP, LLC, (ii) Bandon Oil and Gas, LP, (iii) Fieldwood Energy SP LLC, (iv) Fieldwood Offshore LLC, (v) Galveston Bay Pipeline LLC, (vi) Galveston Bay Processing LLC, and (vii) GOM Shelf LLC.

section 503(b)(9) of the Bankruptcy Code, and (ii) February 1, 2021 at 5:00 p.m. (prevailing Central Time) as the deadline for any Governmental Unit to file a proof of claim in respect of a prepetition claim against a Debtor.

**B. Confirmation of the Plan and Consummation of the Plan Transactions, Including the Credit Bid Transaction and Divisive Mergers**

3. On June 25, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 1751] (the "**Confirmation Order**"), confirming the Plan. The Effective Date of the Plan occurred on August 27, 2021. *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [ECF No. 2016] (the "**Notice of Effective Date**").

4. As further described in and pursuant to the Plan Documents, on the Effective Date, the Debtors sold and transferred certain assets and obligations to QuarterNorth Energy LLC ("**QuarterNorth**") and Mako Buyer 2 LLC pursuant to the terms and conditions of the Credit Bid Purchase Agreement [ECF No. 2013 at Ex. F] (as may be amended, restated, supplemented, and modified from time to time, the "**Credit Bid Purchase Agreement**").

5. Pursuant to the Credit Bid Purchase Agreement, QuarterNorth acquired the Acquired Interests and assumed the Assumed Liabilities (as defined in the Credit Bid Purchase Agreement). Credit Bid Purchase Agreement, §§ 1.1, 11.1. The Assumed Liabilities included, among other things, (a) the Working Capital Liabilities (as further described below), (b) certain liabilities relating to the plugging, abandonment, and decommissioning of Field Assets that are Acquired Interests, (c) all liabilities to the extent arising out of any Imbalances attributable to the Acquired Interests, and (d) all liabilities for Taxes attributable to the Acquired Interests other than

3

Retained Taxes (each as defined in the Credit Bid Purchase Agreement). *Id*. § 11.1.[4] The Working Capital Liabilities included all current liabilities of the Debtors as of the Effective Date (subject to certain limitations). *Id*. at Annex I.

6. QuarterNorth did not assume the "Retained Liabilities," which include any liabilities discharged upon the Effective Date of the Plan. *Id*. § 11.2.

7. Immediately following the Credit Bid Transaction, Fieldwood Energy LLC ("**Fieldwood Energy**") underwent a divisive merger (the "**Initial Merger**")[5] pursuant to which, among other things, (x) Fieldwood Energy I LLC ("**FWE I**")[6] was created and allocated certain assets and obligations of Fieldwood Energy, (y) Fieldwood Energy's name was changed to Fieldwood Energy III LLC ("**FWE III**"), and (z) the remaining assets and obligations of Fieldwood Energy were allocated to FWE III. Initial Plan of Merger at 1-2. FWE I was subsequently merged with one of its subsidiaries, Post-Effective Date Debtor, GOM Shelf LLC, with GOM Shelf LLC as the surviving entity. GOM Shelf LLC continues to hold an interest in Post-Effective Date Debtor, FW GOM Pipeline, Inc.

8. Pursuant to the Initial Plan of Merger, FWE I was allocated the FWE I Assets and the FWE I Obligations. The FWE I Obligations generally include obligations and liabilities relating to and arising out of the FWE I Assets, the GOM Shelf Oil and Gas Properties,

---

[4] The description of the Assumed Liabilities in this Motion is for the limited purpose of identifying examples of liabilities that were assumed by QuarterNorth and is therefore not a complete list of Assumed Liabilities. A complete list of the Assumed Liabilities and Retained Liabilities (including certain limitations thereto) may be found in Sections 11.1 and 11.2 of the Credit Bid Purchase Agreement.

[5] *Agreement and Plan of Merger of Fieldwood Energy LLC Into Fieldwood Energy I LLC and Fieldwood Energy III LLC* [ECF No. 2013 at Ex. H] (as may be amended, restated, supplemented, and modified from time to time, the "**Initial Plan of Merger**").

[6] FWE I is not a Debtor or Post-Effective Date Debtor. *See* Plan, § 1.1 (excluding FWE I from the definition of "Post-Effective Date Debtors").

4

and FWE I's ownership interest in GOM Shelf (each as defined in the Initial Plan of Merger), but generally exclude prepetition claims against the Debtors and claims otherwise satisfied, compromised, settled, released, or discharged under the Plan. *Id*. at 3, Schedule I, Part B.[7]

9. Immediately following the Initial Merger, certain of the Debtors underwent a subsequent merger under Texas law (the "**Subsequent Merger**" and together with the Initial Merger, the "**Divisive Mergers**"),[8] pursuant to which, among other things, Fieldwood Energy IV LLC ("**FWE IV**")[9] was created, and certain assets and obligations of the Debtors were allocated to FWE IV and the remaining assets and obligations of the merging entities were allocated to FWE III.[10] Subsequent Plan of Merger at 2-3.

10. Pursuant to the Subsequent Plan of Merger, FWE IV was allocated the FWE IV Assets and FWE IV Obligations. The FWE IV Obligations generally include obligations and liabilities relating to and arising out of the FWE IV Assets, but generally exclude prepetition claims against the Debtors and claims otherwise satisfied, compromised, settled, released, or discharged under the Plan. *Id*. at 4-5, Schedule I, Part B.[11]

---

[7] The description of the FWE I Obligations in this Motion is for the limited purpose of identifying examples of obligations and liabilities that were allocated to FWE I and is therefore not a complete list of FWE I Obligations. A complete list of the FWE I Obligations may be found in Part B of Schedule I of the Initial Plan of Merger.

[8] *Agreement and Plan of Merger of Fieldwood Energy III LLC, Fieldwood SD Offshore LLC, Bandon Oil and Gas, LP, Fieldwood Energy Offshore LLC and Dynamic Offshore Resources NS, LLC Into Fieldwood Energy IV LLC, Fieldwood Energy III LLC, Fieldwood SD Offshore LLC, Bandon Oil and Gas, LP, Fieldwood Energy Offshore LLC and Dynamic Offshore Resources NS, LLC* ([ECF No. 2013 at Ex. N1] (as may be amended, restated, supplemented, and modified from time to time, the "**Subsequent Plan of Merger**" and together with the Initial Plan of Merger, the "**Plans of Merger**").

[9] FWE IV is not a Debtor or Post-Effective Date Debtor. *See* Plan, § 1.1 (excluding FWE IV from the definition of "Post-Effective Date Debtors").

[10] Following the Divisive Mergers, all of the remaining subsidiaries of FWE III (other than Fieldwood Energy Offshore LLC) were merged out of existence into FWE III, with FWE III as the surviving entity. FWE III continues to hold its interest in Post-Effective Date Debtor, Fieldwood Energy Offshore LLC.

[11] The description of the FWE IV Obligations in this Motion is for the limited purpose of identifying examples of obligations and liabilities that were allocated to FWE IV and is therefore not a complete list of FWE IV

### Jurisdiction

11. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

12. By this Motion, pursuant to sections 105(a) and 503(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c)(3), the Plan Administrator requests entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), seeking the following relief:

    a. establishing **March 25, 2022 at 5:00 p.m. (prevailing Central Time)** as the deadline (the "**Administrative Expense Bar Date**") for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) to assert a claim constituting a cost or expense of administration incurred during the Chapter 11 Cases of a kind specified under section 503(b) of the Bankruptcy Code and entitled to administrative priority status under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses incurred on or after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors (each, an "**Administrative Expense Claim**" and, collectively, the "**Administrative Expense Claims**"); *provided*, *however*, that the Administrative Expense Bar Date does not apply to the "Excluded Claims" listed in paragraph 26 below;

    b. approving the proposed procedures (the "**Filing Procedures**") for filing proof of Administrative Expense Claims (each, an "**Administrative Expense Proof of Claim**");

    c. approving the proposed procedures for providing notice of the Administrative Expense Bar Date (together with the Filing Procedures, the "**Procedures**"), including the notice substantially in the form annexed as **Exhibit 1** to the Proposed Order (the "**Administrative Expense Bar Date Notice**"); and

    d. approving the proposed Administrative Expense Claim form, substantially in the form annexed as **Exhibit 2** to the Proposed Order (the "**Administrative Expense Claim Form**").

---

Obligations. A complete list of the FWE I Obligations may be found in Part B of Schedule I of the Subsequent Plan of Merger.

6

**The Administrative Expense Bar Date**

13. The Plan provides, in relevant part, that each holder of an Allowed Administrative Expense Claim (other than Fee Claims) will either (i) be paid in full in Cash on the later of the Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or (ii) receive such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code, unless such holder agrees in writing to different treatment with the Debtors, Post-Effective Date Debtors or QuarterNorth, as applicable. Plan § 2.1.

14. In addition, the Plan provides that Allowed Administrative Expense Claims that represent liabilities incurred in the ordinary course of business by the Debtors, as Debtors in Possession, will be paid by "the Debtors or Post-Effective Date Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities," which orders and agreements include the Plans of Merger and other Plan Documents. *See id*.

15. Last, with respect to Allowed Administrative Expense Claims assumed by QuarterNorth pursuant to the Credit Bid Purchase Agreement, such claims are "solely an obligation of [QuarterNorth] and the holder of such assumed Claim[s] shall have no recourse to or Claim against the Debtors or Post-Effective Date Debtors or their assets and properties." *Id.*

16. The Plan defines "Administrative Expense Claim" as:

> any Claim constituting a cost or expense of administration incurred during the Chapter 11 Cases of a kind specified under section 503(b) of the Bankruptcy Code and entitled to priority under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code (other than DIP Claims and Postpetition Hedge Claims), including (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estates and operating the

businesses of the Debtors (such as wages, salaries, or commissions for services and payments for goods and other services and leased premises), and (b) Fee Claims.

Plan at 2.

17. Further, the Plan defines Claim as a "claim," as defined in section 101(5) of the Bankruptcy Code, against any Debtor. *Id*. at 4.

18. Accordingly, because Administrative Expense Claims only include Claims against a Debtor incurred during the Chapter 11 Cases, claims that arise post-Effective Date against any Post-Effective Date Debtor, QuarterNorth Energy Inc. ("**NewCo**") or its subsidiaries (including QuarterNorth Energy Holding Inc., QuarterNorth Intermediate Inc., QuarterNorth, Mako Buyer 2 LLC), FWE I or FWE IV do **not** constitute Administrative Expense Claims.

19. The General and Governmental Bar Date Order established deadlines only for prepetition claims, including secured claims (including, without limitation, mechanic's, materialman's or other similar lien claims), priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code. The General and Governmental Bar Date Order specifically provides that "[a]ny entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code[)]" need not file a proof of claim on or prior to the deadlines set forth therein. Thus, no deadline currently exists for the assertion of Administrative Expense Claims against the Debtors. *See* General and Governmental Bar Date Order ¶ 8.d.[12]

---

[12] Although the Confirmation Order contemplates setting a deadline for filing Administrative Expense Claims in the Notice of Effective Date (see Confirmation Order, ¶ 159), the Notice of Effective Date did not include such a deadline. It was determined that providing the Post-Effective Date Debtors, the NewCo Entities, and FWE IV additional time to process, pay, and reconcile invoices for postpetition goods and services provided to the Debtors in the ordinary course, consistent with section 2.1 of the Plan, would facilitate a more efficient and cost-effective administrative expense claims reconciliation process at a later time. Accordingly, over the past four months, the Plan Administrator and its advisors have worked with various parties, including QuarterNorth, to resolve as many potential administrative expense claims as possible in the ordinary course.

8

20. The Plan Administrator submits that fixing the Administrative Expense Bar Date will enable the Plan Administrator to receive, process, and analyze any potential remaining Administrative Expense Claims in a timely and efficient manner and to expeditiously conclude the administration of these Chapter 11 Cases. It will also help facilitate any distributions to holders of General Unsecured Claims because any distribution of Residual Distributable Value can only be made from amounts remaining after satisfaction of all Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Other Secured Claims, Allowed Unsecured Trade Claims, and Cure Amounts. Plan §§ 4.7, 5.14. Accordingly, the Plan Administrator requests that the Court grant this Motion to establish the Administrative Expense Bar Date and the Procedures related thereto.

**Basis for Relief**

21. Sections 503(a) and 105(a) of the Bankruptcy Code provide the Court with the requisite authority to enter an order establishing the Administrative Expense Bar Date in these Chapter 11 Cases. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may *timely* file a request for payment of an administrative expense, or may *tardily* file such request if permitted by the court for cause." 11 U.S.C. § 503(a) (emphasis added). The Fifth Circuit has held that section 503 grants bankruptcy court discretion in setting administrative bar dates. *See Hall Fin. Grp., Inc. v. DP Partners Ltd. P'ship (In re DP Partners Ltd. P'ship)*, 106 F.3d 667, 672 (5th Cir. 1997) (reviewing § 503's text and the Federal Rules of Bankruptcy Procedure to conclude that bankruptcy judges have discretion in setting administrative bar dates); *see also Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 232 (3d Cir. 2021) ("[Section 503] provides courts with the statutory authority to set and enforce administrative claim bar dates.") (internal quotation marks and citations omitted).

9

22. The Court also may rely on its general equitable powers to establish the Administrative Expense Bar Date and grant the other relief requested in this Motion. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the Court and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23. Courts in this and other districts have specifically authorized the establishment of deadlines for filing administrative expense claims and related relief similar to the relief requested herein. *See, e.g.*, *In re ATP Oil & Gas Corp.*, Case No. 12-36187 (MI) (Bankr. S.D. Tex. Nov. 12, 2013) [ECF No. 2819] (standalone order establishing administrative expense bar date approximately 46 days after entry of order); *In re Seahawk Drilling, Inc.*, Case No. 11-20089 (Banks. S.D. Tex. Sept. 20, 2011) [ECF No. 1398] (standalone order establishing administrative expense bar date approximately 13 days after entry of order); *In re Le Tote, Inc., et al.*, Case No. 20-33332 (KLP) (Bankr. E.D.V.A. Nov. 11, 2020) [ECF No. 600] (standalone order establishing administrative expense bar date approximately 41 days after entry of order); *In re Barneys New York, Inc.*, Case No. 19-36300 (CMG) (Bankr. S.D.N.Y. Nov. 25, 2019) [ECF No. 551] (standalone order establishing administrative expense bar date approximately 46 days after entry of order); *In re Aeropostale, Inc.*, Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2016) [ECF No. 972] (standalone order establishing administrative expense bar date approximately 26 days after entry of order). Accordingly, the Plan Administrator submits that the establishment of the Administrative Expense Bar Date is warranted and in the best interests of their estates and their creditors.

24. Based on the Filing Procedures, as set forth below, the proposed Administrative Expense Bar Date will give holders sufficient opportunity to prepare and file Administrative Expense Claims.

**The Proposed Procedures for Filing Administrative Expense Claims**

25. The Plan Administrator proposes the following procedures for filing Administrative Expense Claims:

a. Administrative Expense Proofs of Claim must conform substantially to the form annexed to the Proposed Order as **Exhibit 2**;

b. Administrative Expense Proofs of Claim must be filed (i) electronically through Prime Clerk's website at https://cases.primeclerk.com/fieldwoodenergy/; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by mailing, sending by overnight delivery service, or hand delivering the original completed Administrative Expense Claim Form(s) to Prime Clerk at the following address:

| **Prime Clerk:** |
|---|
| Fieldwood Claims Processing Center |
| c/o Prime Clerk LLC |
| 850 3rd Avenue, Suite 412 |
| Brooklyn, NY 11232 |

c. Administrative Expense Claims will be deemed filed only when: (i) if filed electronically, at the time of filing through Prime Clerk's website or PACER, or (ii) if filed by mail, overnight delivery service, or hand delivery, at the time Prime Clerk receives the original completed Administrative Expense Claim Form at the above address;

d. Administrative Expense Proofs of Claim must (i) be signed by the holder or, if the holder is not an individual, by an authorized agent of the holder under penalty of perjury, (ii) set forth with specificity the legal and factual bases for the alleged Administrative Expense Claim, (iii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available, (iv) be in the English language, and (v) be denominated in United States currency; and

e. Administrative Expense Proofs of Claim must specify by name and case number the Debtor against which the Administrative Expense Claim is filed. If the holder asserts an Administrative Expense Claim against more than one Debtor or has claims against different Debtors, a separate Administrative Expense Proof of Claim must be filed with respect to each

11

Debtor.  If the holder lists multiple Debtors on its Administrative Expense Proof of Claim, then such claim will be treated as if it was filed against the first listed Debtor.

26.  The following persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) are **not** required to file an Administrative Expense Proof of Claim on or before the Administrative Expense Bar Date, solely with respect to the claims described below (collectively, the "**Excluded Claims**"):

a.  any person or entity that has already filed an Administrative Expense Proof of Claim against a Debtor in a form substantially similar to the Administrative Expense Claim Form and otherwise in compliance with the Procedures so long as the holder does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Administrative Expense Proof of Claim must be filed;

b.  any holder of an Administrative Expense Claim that has been allowed by order of the Court entered on or before the Administrative Expense Bar Date;

c.  any person or entity whose Administrative Expense Claim has been paid in full, whether by any of the Debtors, the Post-Effective Date Debtors (including FWE III), QuarterNorth, FWE I, or FWE IV, as applicable;

d.  any holder of an Administrative Expense Claim that is asserted against a person or entity that is not one of the Debtors, including, without limitation, any claim that has been (i) assumed by or assigned to QuarterNorth pursuant to the Credit Bid Purchase Agreement or (ii) allocated to either FWE I (now GOM Shelf LLC) or FWE IV pursuant to either the Initial Plan of Merger or the Subsequent Plan of Merger;

e.  any holder of a DIP Claim, Postpetition Hedge Claim, or Fee Claim;

f.  any holder of an Administrative Expense Claim for which specific deadlines previously have been fixed by this Court, including, without limitation, holders of claims under section 503(b)(9) of the Bankruptcy Code and holders of cure claims for assumed executory agreements; and

g.  the Office of the U.S. Trustee, including any requests for payment of quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6).

**Consequences of Failure to Timely File an Administrative Expense Proof of Claim**

27.  The Plan Administrator proposes that any holder of an Administrative Expense Claim that is required to file an Administration Expense Proof of Claim by the Administrative Expense Bar Date and fails to timely file such Administrative Expense Proof of

Claim by the Administrative Expense Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their Estates, the Post-Effective Date Debtors, the Plan Administrator, and their respective property.  *See Highlands Ins. Co. v. All. Operating Corp. (In re All. Operating Corp.)*, 60 F.3d 1174, 1177 (5th Cir. 1995) (affirming a district court's decision to disallow an administrative expense claim that was filed after the administrative expense bar date); *In re EP Energy E&P Co., L.P.*, No. 19-35647, 2021 WL 5917771, at *11 (Bankr. S.D. Tex. Dec. 14, 2021) (recognizing that if creditor had failed to timely file an administrative expense claim prior to the administrative expense bar date, such creditor would be barred from asserting such claim by the discharge injunction of the confirmed plan); *In re Taco Bueno Rests., Inc.*, 606 B.R. 289, 297-305 (Bankr. N.D. Tex. 2019) (disallowing an administrative expense claim that was filed after an administrative expense claim bar date).  Moreover, the holder of such claim shall not be permitted to participate in any distribution in these Chapter 11 Cases on account of any such alleged Administrative Expense Claim, or receive further notices regarding such claim.

### Notice of the Administrative Expense Bar Date

28. Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Plan Administrator proposes to provide notice of the Administrative Expense Bar Date in accordance with the following notice procedures:

(i) At least thirty-days (30) days prior to the Administrative Expense Bar Date, the Plan Administrator shall cause to be mailed the Administrative Expense Bar Date Notice and the Administrative Expense Claim Form to the following parties (collectively, the "**Notice Parties**") by first-class mail and electronic mail (to the extent the Plan Administrator has email address information for such parties):

　　a. the Office of the U.S. Trustee;

　　b. all parties known to the Plan Administrator as having a potential Administrative Expense Claim against any of the Debtors' estates, including any party that provided goods or services to the Debtors on or after the Petition Date, except holders of Excluded Claims;

13

  c. all parties who have requested notice of the proceedings in these Chapter 11 Cases as of the date of entry of the Proposed Order;

  d. all parties to executory contracts and unexpired leases of the Debtors, except holders of Excluded Claims; and

  e. such additional persons and entities deemed appropriate by the Plan Administrator.

(ii) The Plan Administrator shall post the Administrative Expense Bar Date Notice and the Administrative Expense Claim Form on the website established by Prime Clerk for these Chapter 11 Cases: https://cases.primeclerk.com/fieldwoodenergy (the "**Case Website**").

29. The Plan Administrator requests that the Court approve the Administrative Expense Bar Date Notice. Specifically, the Administrative Expense Bar Date Notice notifies parties of:

 (i) the Administrative Expense Bar Date;

 (ii) who must file an Administrative Expense Proof of Claim;

 (iii) the Procedures for filing an Administrative Expense Proof of Claim;

 (iv) the consequences of failing to timely file an Administrative Expense Proof of Claim; and

 (v) where the parties can find further information with respect to the Debtors' Chapter 11 Cases.

30. Furthermore, Plan Administrator or the Post-Effective Date Debtors may provide notice of the Administrative Expense Bar Date to potential unknown claimants by causing a copy of the notice to be published in one or more local or foreign newspapers, trade journals or similar publications, as soon as reasonably practicable after entry of the Proposed Order.

**The Proposed Administrative Expense Bar Date and Procedures
Are Reasonably Calculated to Provide Due and Proper Notice**

31. Under the Proposed Order, the Plan Administrator will provide at least thirty (30) days' notice to all known potential holders of Administrative Expense Claims. Moreover, the Debtors' confirmed Plan went effective approximately five months ago, and

14

potential holders of Administrative Expense Claims have already had a significant amount of time to analyze and determine whether they hold any such Administrative Expense Claims and to assert such Claims, as appropriate. Accordingly, the Plan Administrator submits that the proposed Administrative Expense Bar Date and the Procedures provide due and proper notice for all parties in interest, including foreign creditors, to assert Administrative Expense Claims. *Cf.* Fed. R. Bankr. P. 2002(a)(7) (requiring 21 days' notice of deadline for filing proofs of claim).

## Notice

32. Notice of this Motion will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

33. No previous request for the relief sought herein has been made by the Plan Administrator, the Debtors, or the Post-Effective Date Debtors to this or any other Court.

WHEREFORE, the Plan Administrator respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:    January 25, 2022
            Houston, Texas

      /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
       Jessica.Liou@weil.com

*Attorneys for the Plan Administrator and certain Post-Effective Date Debtors*

**Certificate of Service**

I hereby certify that on January 25, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                               */s/ Alfredo R. Pérez*
                                                                                Alfredo R. Pérez