IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors. | § | (Jointly Administered) |

**BP EXPLORATION & PRODUCTION INC.'S SUPPLEMENTAL
BRIEF IN SUPPORT OF OBJECTION TO EMERGENCY MOTION
OF QUARTERNORTH ENERGY LLC TO ENFORCE CONFIRMATION
ORDER AND PLAN**

[Relates to Docket No. 2199 and 2337]

BP Exploration & Production Inc. ("BP") hereby provides this supplemental brief (this "Supplemental Brief") in support of its objection (the "Objection") [Docket No. 2278][1] to the *Emergency Motion of QuarterNorth Energy LLC to Enforce Confirmation Order and Plan* [Docket No. 2199] (the "Emergency Motion") filed by QuarterNorth Energy LLC ("QuarterNorth"), relating to QuarterNorth's failure to comply with Bankruptcy Rule 7001 in its Emergency Motion, as directed by the Court in its Order entered on January 19, 2022 [Docket No. 2337] (the "Supplemental Briefing Order"). In support of its Objection, BP respectfully states as follows:

**PRELIMINARY STATEMENT**

1. By way of its Emergency Motion, QuarterNorth broadly seeks both declaratory and injunctive relief,[2] asking this Court to determine both whether BP has a right of setoff under the

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Objection.
[2] The request for injunctive relief is moot, as the setoff was properly executed on October 28, 2021, based upon the Genovesa well achieving 180 days of production on or about October 26, 2021, as acknowledged by QuarterNorth. Emergency Mot., ¶ 29. This milestone eliminated any ripeness issue as to the $30 million due under the Genovesa PSA, and BP therefore sent to QuarterNorth and Fieldwood a notice of setoff notifying both parties that the Isabella Payment in the amount of $6,970,816.40 had been setoff and netted against the MC519 Payment. BP has no further payment obligations under the Isabella PSA. On October 29, 2021, BP filed an amended proof of claim in the amount of $23,029,183.60 reflecting the balance due and owing in respect of the MC519 Payment after providing for a

facts and relevant Texas law, and whether BP's right of setoff was preserved by way of both the Confirmation Order, and under the terms of the Court Approved PSA (presented at the time of the confirmation hearing), as well as the Revised Credit Bid PSA, executed after the confirmation hearing (collectively, the "Credit Bid PSAs"). Although the Court suggested at the November 30, 2021 hearing that it may more narrowly consider the issue of whether the setoff violated the Confirmation Order (Nov. 30, 2021 Hr'g. Tr. at p. 13, lines 5-22), the relief requested in the Emergency Motion and the *Reply in Support of Emergency Motion of QuarterNorth Energy LLC to Enforce Confirmation Order and Plan* [Docket No. 2280] (the "Reply") is much broader and seeks determinations from this Court as to substantive setoff rights based upon Texas state law. The manner in which QuarterNorth seeks this relief is not only procedurally infirm under Bankruptcy Rule 7001, but also beyond the subject matter jurisdiction of this Court, as it seeks determinations of substantive rights as between two non-debtor parties. Moreover, even the more narrowly defined relief suggested by the Court at the hearing requires the Court to issue a declaratory judgment under Bankruptcy Rule 7001(7) as to BP's secured setoff rights, that is, its interest in property under Bankruptcy Rule 7001(2). And this is especially true if the Court determines that the Confirmation Order and Credit Bid PSAs are ambiguous and is required to conduct a full evidentiary hearing, as such a trial is required to be framed in the context of an adversary proceeding, with all of the associated procedural protections.

2. The consequence of QuarterNorth having failed to comply with Bankruptcy Rule 7001 is dismissal of the contested matter initiated by the Emergency Motion, without

---

commensurate reduction in the amount of the Isabella Payment following the setoff. To the extent QuarterNorth seeks by way of the Emergency Motion to recover $6,970,816.40 and other amounts from BP, such relief would need to be sought by way an adversary proceeding pursuant to Bankruptcy Rule 7001(1). At the same time, BP maintains that any such post-confirmation and post-Effective Date request for monetary relief by one non-debtor party (QuarterNorth, as the purchaser of some of the Debtors' assets) against another non-debtor party, BP, is beyond the subject matter jurisdiction of this Court.

prejudice to QuarterNorth filing an adversary complaint, and without prejudice to BP's jurisdictional arguments and defenses in such an adversary proceeding.

3. For these reasons, as well as the reasons set forth in the Objection, the Court should dismiss the Emergency Motion for failure to comply with Bankruptcy Rule 7001. Should the Court decline to dismiss the Emergency Motion, the Court should deny the relief sought for all the reasons set forth in BP's Objection.

## BACKGROUND

4. Following a contested confirmation process and extensive negotiations between BP and the Debtors, on June 25, 2021 the Court entered the Confirmation Order, which contained heavily-negotiated language that expressly preserves BP's setoff rights. *See* Confirmation Order, ¶ 133(ii)–(iii). Similarly, BP's setoff rights were also preserved pursuant to the Court Approved PSA. *See* Court Approved PSA, § 11.1(n).[3]

5. On November 15, 2021, QuarterNorth filed the Emergency Motion, which seeks a declaration from the Court that BP's setoff rights are invalid in light of, *inter alia*, applicable Texas law and the language of the Isabella PSA, the MC519 PSA, the Court Approved PSA, and the Confirmation Order and Plan. *See* Emergency Mot., ¶¶ 27–32. The crux of the argument in the Emergency Motion is that, under Texas law and the applicable contracts, BP never had a valid setoff right to begin with, such that the language in Paragraph 133 of the Plan preserved something that did not exist. *See id.* ¶ 32.[4]

---

[3] As discussed in the Objection and Exhibit A thereto, QuarterNorth's counsel confirmed in writing to BP's counsel that the last-minute changes to the Court Approved PSA did not impair any setoff or recoupment rights preserved for BP under the Plan. *See* Obj., ¶ 22 (quoting Obj., Exh. A).

[4] As discussed in the Objection, QuarterNorth improperly conflates notions of "ripeness" and validity with respect to BP's secured setoff claim; the fact that BP's secured setoff claim may not have been ripe at the time of the confirmation hearing does not mean that it was invalid, and there is nothing in the Confirmation Order or Credit Bid PSAs that suggests otherwise. *See* Obj., ¶ 18, 19 and 34.

6.      On November 29, 2021, BP filed the Objection which argued, *inter alia*, that the relief sought in the Emergency Motion had to be pursued via an adversary proceeding in accordance with Bankruptcy Rule 7001. *See* Obj., ¶¶ 5, 42.

7.      On November 30, 2021, QuarterNorth filed the Reply, which did not address the procedural argument under Bankruptcy Rule 7001 raised in the Objection. On the same date, the Court held a hearing on the Emergency Motion, at which the procedural issues also were not addressed by any of the parties.

8.      Thereafter, on January 19, 2022, the Court entered the Supplemental Briefing Order requiring BP and QuarterNorth to "file briefs on (i) whether QuarterNorth failed to comply with Federal Rule of Bankruptcy Procedure 7001; and (ii) if so, the consequences of such failure." Supp. Briefing Order, ¶ 4.

9.      BP now submits this Supplemental Brief in accordance with the Supplemental Briefing Order.

## ARGUMENT

10.     Bankruptcy Rule 7001 provides, in pertinent part, that:

> The following are adversary proceedings:
>     (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
>     (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);
>     . . .
>     (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
>     . . .
>     (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing . . . .

FED. R. BANKR. P. 700(1), (2), (7), (9).

4

### A. QuarterNorth Failed to Comply with Bankruptcy Rule 7001

11. The relief requested by QuarterNorth in the Emergency Motion goes far beyond merely "enforcing the Plan." Indeed, QuarterNorth is seeking a declaratory judgment from this Court that (a) BP did not have a valid setoff right under the Isabella PSA and MC519 PSA as well as Texas state law; and (b) even if BP had a valid setoff right before confirmation, the language of the Confirmation Order, in paragraph 133, and in Section 11 of the Court Approved PSA[5]—both of which purport to preserve setoff rights—actually operate to eliminate any setoff rights of BP. The declaratory relief sought by QuarterNorth concerns BP's ability to exercise its secured setoff rights, which determines the validity of BP's interest in property pursuant to Bankruptcy Rule 7001(2). The Emergency Motion and Reply filed by QuarterNorth also seek to have the Court determine whether BP properly exercised its setoff rights under applicable Texas state law (which this Court suggested is beyond the proper scope of the hearing and would be outside the subject matter jurisdiction of the Court).

12. Courts have recognized that a party's request for a declaratory judgment requires the filing of an adversary proceeding under Bankruptcy Rule 7001(9). *In re Sw. Guar., Ltd.*, Case No. 10-32200-H3-11, 2010 Bankr. LEXIS 1294, at *7–8 (Bankr. S.D. Tex. April 21, 2010) (debtor's request to have the court determine the ownership of a note as between the debtor and a bank in the automatic stay context required the filing of an adversary proceeding); *cf. In re Backwell Ex Rel. Estate of IG Servs.*, 267 BR 732, 734 n.1 (W.D. Tex. 2001) ("Rule 7001 does permit the court to make declaratory judgments pursuant to 28 U.S.C. § 2201"). The need for an

---

[5] Setoff may be plead as an affirmative defense, and QuarterNorth assumed all affirmative defenses under the Section 11 of the Court Approved PSA. *See, e.g.*, *In re Nasr*, 120 B.R. 855, 857 (Bankr. S.D. Tex. June 29, 1990); *Lone Starr Multi-Theatres, Ltd. v. Max Interests, Ltd.*, 365 S.W.3d 688, 704 (Tex. Ct. App., Houston, 1st Dist. 2011) ("The right to an offset is an affirmative defense, and the burden of pleading offset and of proving facts necessary to support it are on the party making the assertion.").

adversary proceeding is particularly pronounced if the Court determines that an evidentiary hearing is required to discern the intent of the Confirmation Order and the Credit Bid PSAs, and the application of the language in those documents to setoff rights at issue. *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) ("[C]ontested matters are 'subject to the less elaborate procedures specified in Bankruptcy Rule 9014.' Contested matter proceedings are generally designed for the adjudication of simple issues, often on an expedited basis." (*quoting In re Wood & Locker, Inc.*, 868 F.2d 139, 142 (5th Cir. 1989)); *In re S.H. Leggitt Co.*, Case No. 10-10279 (Bankr. W.D. Tex. 2011) (holding that a proceeding to determine the debtor's interest in escrow funds required an adversary proceeding in part because "the situation is far from 'simple'"); *In re Cadiz Properties, Inc.*, 278 B.R. 744, 746 (Bankr. N.D. Tex. 2002) (a "material dispute" over ownership of property cannot be adjudicated by motion as a contested matter, and instead should be adjudicated in an adversary proceeding).

13. The complexity of the determination involving the preservation and validity of BP's secured setoff rights of nearly $7 million under Bankruptcy Rules 7001(2) and 7001(9) is highlighted by the various issues the parties have raised that are a component part of the declaratory judgment sought by QuarterNorth, regardless of whether the Confirmation Order and Credit Bid PSAs are determined to be unambiguous. Among other things, the Court needs to determine whether there was a basis for the Debtors to sell free and clear of BP's secured setoff rights under Section 363(f) of the Bankruptcy Code, with no such finding having been made in the Confirmation Order, whether the Debtors could sell free and clear of BP's secured setoff rights without providing any adequate protection to BP under Section 363(e), whether the fact that BP's secured setoff rights may not have been ripe at the time of the confirmation hearing somehow rendered them invalid, and whether in addition to the language in the Confirmation Order the

6

Credit Bid PSAs provided for assumption by QuarterNorth of the BP setoff claim as an affirmative defense. The determination of BP's secured setoff rights under Bankruptcy Rules 7001(2) and 7001(9) goes far beyond simply enforcing the Plan.

14. Judge Houser's decision in *In re Superior Air Parts, Inc.*, 516 B.R. 85 (Bankr. N.D. Tex. 2014) is instructive. In *Superior*, the debtor filed a motion to enforce the confirmation order, by requiring a supplier to return drawings and models that allegedly contained data and information that came from Superior's drawings. In doing so, the Court noted that Superior was "seeking relief beyond that which the Motion purported to address—*i.e.,* simply enforcing the Plan and Confirmation Order." *Id* at 93. Indeed, the Court concluded that "in addition to seeking a return of its property, Superior is seeking what amounts to an injunction against TAE, preventing TAE from using or selling what Superior alleges to be its proprietary information . . . . which is also procedurally improper because it was brought by a motion (commencing a contested matter under Federal Rule of Bankruptcy Procedure 9014), instead of through an adversary proceeding as required by Federal Rules of Bankruptcy Procedure 7001(7)." *Id*. Likewise, in this case, QuarterNorth is not simply seeking to enforce the Confirmation Order, but rather is seeking a declaratory judgment that the Confirmation Order and Court Approved PSA language—that provides for setoff rights to be preserved—instead eliminated such rights, or that such rights never existed.

15. In addition, QuarterNorth seeks to determine BP's setoff rights under Texas state law, relief far beyond the scope of the Confirmation Order. A contested matter is not the proper procedure for this Court to determine the validity of setoff rights, especially between a non-debtor and a third party, and is beyond the subject matter jurisdiction of this Court. *See United States v. Equinox (In re Equinox)*, Case No. 95-785-AAH, 1995 U.S. Dist. LEXIS 10778, at *7 (C.D. Cal.

June 29, 1995). In *Equinox*, a bank brought a stay relief motion regarding setoff rights which "implicitly asked the Bankruptcy Court to determine the relative priority between the Bank's alleged security interest and that of the United States." *Id.* Because Bankruptcy Rule 7001(2) provides that an adversary proceeding is necessary to determine the validity, priority, or extent of a lien or other interest in property, the District Court held that the stay relief motion "should have been brought and heard as an adversary proceeding" and reversed the stay relief order entered below. *Id.* Here, as noted above, the Emergency Motion argues that, even if the language in the Confirmation Order and Credit Bid PSAs preserved BP's setoff rights, such rights were invalid under Texas state law, the Isabella PSA and MC519 PSA and so there was nothing to be preserved. As such, the Emergency Motion asks this Court to determine the validity of an interest in property belonging to BP, *viz.*, its setoff rights, under the Isabella PSA and MC519 PSA and Texas state law. If QuarterNorth wishes to obtain a declaratory judgment regarding BP's rights under applicable non-bankruptcy law and otherwise pursue these ill-advised arguments, such declaratory relief must be sought via an adversary proceeding pursuant Bankruptcy Rules 7001(2) and 7001(9) (and would be subject to BP's jurisdictional arguments and defenses).

16. Indeed, the Fifth Circuit has noted the paramount importance of compliance with Bankruptcy Rule 7001 and respecting the important procedural protections afforded through the adversary process. *Feld v. Zale Corp. (In re Zale Corp.*, 62 F.3d 746, 765 (5th Cir. 1995) (reversing order approving a settlement by way of a contested matter that enjoined claims against third parties, without filing an adversary proceeding required by Rule 7001). The Fifth Circuit observed:

> We therefore hold that there was no compliance with Rule 7001, constructive or otherwise. Moreover, we feel this case demonstrates the "difficulties that are apt to arise if the bankruptcy court too easily permits parties to circumvent the rules governing adversary proceedings." *In re Haber Oil Co.*, 12 F.3d at 440. CIGNA

8

and Zale failed to follow the rules. The bankruptcy court compounded their failure by excusing their lapse and preventing NUFIC and Feld's attempts to salvage the situation. CIGNA and Zale cannot now benefit from their own mistake. *See Bear v. Coben (In re Golden Plan of Calif., Inc.)*, 829 F.2d 705, 712 (9th Cir.1986) (reversing determination of issue covered by Rule 7001 because party seeking determination had failed to initiate an adversary proceeding and commenting that party's failure to comply improperly imposed on affected party the "burden of challenging [the] action and thus contravened Rule 7001"); *In re Commercial W. Fin. Corp.*, 761 F.2d at 1337 (stating that if a party wants the benefits of the Bankruptcy Code, it "must carry the burden of following the mandated procedures"). Accordingly, we hold that the district court's injunction against NUFIC's and Feld's contract claims was improper.

*Zale Corp.*, 62 F.3d at 765.

17. For all of the above reasons, QuarterNorth's request for declaratory relief must be sought via an adversary proceeding pursuant Bankruptcy Rules 7001(2) and 7001(9) (subject to BP's jurisdictional arguments and defenses).

**B. The Emergency Motion Must be Dismissed for Noncompliance with Rule 7001**

18. The consequence of QuarterNorth's failure to comply with Bankruptcy Rule 7001 is dismissal of the Emergency Motion, without prejudice to QuarterNorth filing an adversary proceeding (subject to BP's jurisdictional arguments and defenses). *Southwest Guaranty*, 2010 Bankr. LEXIS 1294, at *7 ("The court concludes that Debtor's request for a declaratory judgment should be denied without prejudice to the filing of an adversary proceeding.").

[*Remainder of this page intentionally left blank*]

**WHEREFORE**, BP respectfully requests that this Court dismiss the Emergency Motion in its entirety for noncompliance with Bankruptcy Rule 7001, or, if the Court determines that there was no procedural infirmity, deny the relief sought in the Emergency Motion for the reasons set forth in the Objection.

Date:   February 2, 2022                                      Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ Shari L. Heyen
Shari L. Heyen
Texas State Bar No. 09564750
HeyenS@gtlaw.com
Karl D. Burrer
Texas State Bar No. 24043584
BurrerK@gtlaw.com
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

Craig A. Duewall
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

**GREENBERG TRAURIG, P.A.**

John B. Hutton (admitted *pro hac vice*)
HuttonJ@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

***Counsel for BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 2, 2022, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail.

      By: */s/ Karl D. Burrer*
           Karl D. Burrer