IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et. al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | Re: ECF No. 2337 |
| ------------------------------------------------ | § | |

## QUARTERNORTH ENERGY LLC'S BRIEF REGARDING COMPLIANCE WITH BANKRUPTCY RULE 7001

QuarterNorth Energy LLC ("**QuarterNorth**") submits this brief in response to the Court's January 19, 2022 order instructing the parties to address compliance with Federal Rule of Bankruptcy Procedure 7001 ("**Rule 7001**") in connection with the *Emergency Motion of QuarterNorth Energy LLC to Enforce the Confirmation Order and Plan* (ECF No. 2199) ("**Motion**").[2]  ECF No. 2337.  As discussed in more detail below, QuarterNorth complied with Rule 7001.  Therefore, the Motion should be granted.

## ARGUMENT

1. Because the Motion seeks relief to enforce the terms of a chapter 11 plan, QuarterNorth complied with Rule 7001 by filing the Motion asking the Court to find that BP's

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991); GOM Shelf LLC (8107); and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC.  GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary.  The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

self-help setoff violated Fieldwood Energy LLC's ("**Fieldwood's**") confirmed plan (the "**Plan**")[3] and Confirmation Order and to order BP not to do so again.

2. Rule 7001(7) states, in relevant part, that an adversary proceeding includes "a proceeding to obtain an injunction or other equitable relief ***except*** when a . . . chapter 11 . . . plan provides for the relief." (Emphasis added); *see also In re Continental Airlines, Inc.*, 236 B.R. 318, 327 (Bankr. D. Del. 1999) (finding "on the basis of the plain language of Rule 7001(7), an adversary proceeding is not necessary where the relief sought is the enforcement of an injunction previously obtained, as in the case of enforcement of the discharge injunction"); 2 Collier Pamphlet Ed., F.R.B.P. 7001 (2021) (Regarding Rule 7001(7), "[a] chapter 11 debtor is not required to file an adversary proceeding to enforce the terms of the chapter 11 plan. The request for relief is not an injunction, but, rather, a request that the injunctions existing under sections 1141 and 524 be enforced."). Bankruptcy courts within the Fifth Circuit routinely grant relief like that requested in the Motion to enforce the terms of a chapter 11 plan. *See, e.g.*, *Credit Agricole Indosuez v. JLH, L.L.C.*, No. CIV.A.99-3566, 2000 WL 108930, at *6 (E.D. La. Jan. 31, 2000), *aff'd sub nom. In re JLH, L.L.C.*, 239 F.3d 366 (5th Cir. 2000) (holding a chapter 11 debtor "was completely within its rights to proceed via a motion to enforce as opposed to an adversary proceeding" where debtor sought to enforce the bankruptcy court's prior order approving the settlement agreement); *In re McPhedran*, Case No. 08-51453, 2010 Bankr. LEXIS 3477, at *7–8 (Bankr. W.D. La. Sep. 30, 2010) (granting motion to enforce discharge where a creditor sought to collect from debtor under a settlement agreement arising out of a claim discharged through debtor's bankruptcy because

---

[3] Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors, *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 25, 2021) [ECF No. 2008] (the "**Plan**"). On June 25, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 1751] (the "**Confirmation Order**"), confirming the Plan.

2

those collection efforts violated the discharge injunction); *In re Pilgrim's Pride Corp.*, 564 B.R. 534, 540 (Bankr. N.D. Tex. 2017) (granting motion to enforce where the court determined that claims brought by the Department of Labor were barred under chapter 11 plan).

3. Here, the Confirmation Order and Plan provide for the relief QuarterNorth seeks. BP's actions (*i.e.*, its improper self-help setoff of $6 million owed to QuarterNorth to collect on a rejection damages claim against the Debtors that was discharged under the Plan) violated the Plan and Confirmation Order, and several provisions of the Confirmation Order and Plan expressly enjoin BP from engaging in such conduct. As discussed in the Motion and Reply, BP improperly seeks to collect on a debt allegedly owed by the Debtors that was discharged under the Plan as of the Effective Date by foreclosing on property interests that QuarterNorth acquired free and clear of any rights of offset and of any successor liability. For the reasons previously briefed and argued, BP's conduct violates multiple provisions of the Plan and Confirmation Order, including, among others, those provisions (i) transferring all Credit Bid Acquired Interests (including the Isabela PSA) to QuarterNorth free and clear of all liens, claims, rights, encumbrances, and other interests (including any rights of offset and recoupment) (*see, e.g.*, Conf. Ord. ¶¶ 18, 20, 26; Plan, § 5.2) and (ii) expressly providing that claims based on the rejection of any executory contracts between the Debtors and the BP Entities (*i.e.*, BP's claim for damages under the rejected Genovesa PSA) shall be treated as Class 6B General Unsecured Claims under the Plan (*see* Conf. Ord. ¶ 133; Plan §§ 4.7, 8.3), which such claims were completely satisfied, discharged, and released as of the Effective Date (*see* Plan, § 10.3).

4. Moreover, multiple provisions of the Confirmation Order and Plan specifically *enjoin* BP from taking such actions against either QuarterNorth or the property it acquired "free and clear" from the Debtors, including:

- "except as expressly provided for in the Credit Bid Purchase Agreement … all persons or entities are hereby forever **prohibited and permanently enjoined from asserting against the Credit Bid Purchasers**, their successor and assigns, or the Credit Bid Acquired Interests, any liabilities, liens, claims, encumbrances, or other interests, or successor or transferee liabilities…" Conf. Ord. ¶ 21 (emphasis added).

- "Pursuant to section 1141(c) and 363(f) of the Bankruptcy Code, on the Effective Date, all Persons **are forever prohibited and enjoined from taking any action against the Credit Bid Purchasers** or Post-Effective Date Debtors based on any Claims, interests, Liens, and other encumbrances to the extent such Claims, interests, Liens and other encumbrances are released or discharged pursuant to the terms of the Plan." *Id*. ¶ 27 (emphasis added).[4]

- "Except as otherwise provided in the Plan or in the Confirmation Order, from and after the Effective Date, all Persons who have held, hold, or may hold Claims or Interest,…are…**permanently enjoined** after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind…against or affecting, directly or indirectly, a Debtor, a Post-Effective Date Debtor, or an Estate or the property of any of the foregoing, **or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor**; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment…or order against a Debtor, a Post-Effective Date Debtor, or an Estate or its property, **or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor**. . . (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan…" Plan, § 10.6 (emphasis added).

5. In the Confirmation Order and Plan, this Court retained exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases, including, among other things, to "issue and enforce injunctions" and "take any action and issue such orders,

---

[4] *See also* Confirm. Ord. ¶ 157 ("all holders of Claims . . . shall be enjoined from taking any action to interfere with the implementation or consummation of the Plan."), ¶ 166 ("[A]ll settlements, compromises, releases . . . waivers, discharges, exculpations, and injunctions set forth in the Plan shall be effective and binding on Persons who may have had standing to assert any settled, compromised, released, waived, discharged, exculpated, or enjoined Causes of Action after the Effective Date.").

including any such action or orders as may be necessary after entry of the Confirmation Order or the occurrence of the Effective Date, as may be necessary to construe, enforce, implement, execute, and consummate the Plan, including any release, exculpation, or injunction provisions set forth in the Plan." *See* Plan §§ 11.1(g), (l); Conf. Ord. ¶ HHH.

6. In the Motion, QuarterNorth asks the Court to enforce these provisions of the Plan and Confirmation Order, find that BP violated these provisions when it engaged in an improper self-help setoff, and order BP not to do so again. Accordingly, the Plan provides for the relief QuarterNorth seeks, and QuarterNorth was not required to file the Motion as an adversary proceeding because it falls within an exception in Rule 7001(7).

7. Even if the Court disagrees, which it should not, the consequence is that QuarterNorth would file an adversary proceeding and re-file the Motion in such adversary proceeding.

## CONCLUSION

QuarterNorth respectfully asks the Court to find that QuarterNorth complied with Rule 7001(7) and grant the Motion because the relief QuarterNorth seeks is provided for in the Plan.

Dated: February 2, 2022
   Houston, Texas

                */s Paul R. Genender*
               WEIL, GOTSHAL & MANGES LLP
               Alfredo R. Pérez (15776275)
               Clifford W. Carlson (24090024)
               700 Louisiana Street, Suite 1700
               Houston, Texas 77002
               Telephone: (713) 546-5000
               Facsimile: (713) 224-9511
               Email: Alfredo.Perez@weil.com
                   Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
     Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Erin M. Choi (24079436)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email: Paul.Genender@weil.com
     Erin.Choi@weil.com

*Attorneys for QuarterNorth Energy LLC*

## Certificate of Service

I hereby certify that, on February 2, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                 */s/ Paul R. Genender*
                                                                  Paul R. Genender