IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 20-33948 |
| **FIELDWOOD ENERGY LLC,** *et al.*, § | |
| Debtors. § | Jointly Administered |
| § | CHAPTER 11 |

## MEMORANDUM OPINION

Fieldwood Energy LLC and BP Exploration & Production Inc. entered into two contracts under which one party was obligated to pay the other. In its bankruptcy, Fieldwood transferred one of those contracts to QuarterNorth Energy LLC. BP attempted to set off what it owed QuarterNorth under the transferred contract against what Fieldwood owed it under the retained contract. For the reasons set forth below, BP's setoff was improper and violated the Plan and Confirmation Order.

## BACKGROUND

Fieldwood and BP engaged in multiple contracts in the course of their business relationship. Two purchase and sale agreements between Fieldwood and BP are relevant in this matter. On October 25, 2018, they entered into the "Isabela PSA," in which BP agreed to pay Fieldwood $66 million in monthly installments starting in 2018 and continuing through December 2021 in exchange for Fieldwood's interests in the Isabela well. (ECF No. 2274 at 7, 20). On May 17, 2019, they entered into the "Genovesa PSA," in which Fieldwood agreed to pay BP $30 million following successful completion of the Genovesa well and 180 days of production.[1] (ECF No.

---

[1] "[P]ayable and owing to [BP] upon the successful completion of the Genovesa Well or any other well within the Genovesa Formation and shall be due and paid to [BP] within the first one hundred eighty (180) days of production (whether consecutive or not) of Hydrocarbons from any such well . . . ." (ECF No. 2273 at 24). Fieldwood was not obligated to pay the $30 million until the Genovesa well was completed and had produced for 180 days. Additionally, BP could not sue for the $30 million until the Genovesa well had produced for 180 days.

2273 at 8, 24). Both the Isabela PSA and the Genovesa PSA are governed by Texas law. (ECF Nos. 2273 at 54; 2274 at 40).

Fieldwood and its affiliated debtors filed for chapter 11 bankruptcy on August 3, 2020. (ECF No. 1). This Court confirmed Fieldwood's Plan on June 25, 2021. (ECF No. 2016 at 1). The confirmed Plan became effective on August 27, 2021 (the "Effective Date"). (ECF No. 2016 at 1). Under the confirmed Plan, Fieldwood rejected the Genovesa PSA and transferred the Isabela PSA, including the right to the associated payments, to QuarterNorth Energy LLC on the Effective Date.[2] (ECF No. 2008 at 73–74). The Genovesa well had not produced for 180 days as of the Effective Date. (*See* ECF Nos. 2199 at 15; 2278 at 4).

BP paid the Isabela PSA installments through September 2021. (ECF No. 2199 at 12). By October 2021, BP still owed $6,970,816.40. (ECF Nos. 2199 at 9; 2278 at 4, 9). The Genovesa well reached 180 days of production on or around October 26, 2021. (ECF Nos. 2199 at 15; 2278 at 4). On October 28, 2021, BP claimed that it was entitled to set off the remainder of what it owed under the Isabela PSA against what Fieldwood owed under the Genovesa PSA. (ECF Nos. 2199 at 12; 2278 at 9).

QuarterNorth and BP dispute whether BP rightfully set off its Isabela PSA payments against the amount Fieldwood owed under the Genovesa PSA. The dispute arises from their interpretations of two documents: (1) Fieldwood's Confirmation Order and (2) the Credit Bid Purchase Agreement between Fieldwood and QuarterNorth. Regarding the Confirmation Order, QuarterNorth and BP dispute the proper interpretation of paragraph 133:

---

[2] The Confirmation Order references that Fieldwood sold certain assets to QuarterNorth free and clear under the Credit Bid Purchase Agreement, but QuarterNorth assumed all Credit Bid Assumed Liabilities. (ECF No. 1751 at 43).

The terms of this paragraph shall apply to the BP Entities and the Executory Contracts identified on the Schedule of Assumed Contracts between any of the Debtors and any BP Entity (the "**BP Executory Contracts**"):

ii. To the extent that a BP Executory Contract is assumed, assumed and assigned or assumed and allocated, such assumption or assumption and assignment or assumption and allocation shall result in the full release and satisfaction of only those Claims based on a default existing as of the Effective Date with respect to such BP Executory Contract. For the avoidance of doubt, **the Plan and this Order shall not alter any of the terms under the BP Executory Contracts including, without limitation, any arbitration rights or any valid netting (either based on setoff or recoupment).**

iii. The assumption, assumption and assignment, or assumption and allocation of any BP Executory Contract shall not alter, impair or otherwise affect any of the parties' respective rights and obligations under the BP Executory Contracts, including, without limitation, **any valid netting (either based on setoff or recoupment) under the BP Executory Contracts** or pursuant to applicable law (unless it is inconsistent with the applicable BP Executory Contract); and any rights for arbitration.

(ECF No. 1751 at 104) (emphasis added). As defined in the Confirmation Order, the Isabela PSA is a BP Executory Contract and the Genovesa PSA is not. (*See* ECF Nos. 2199 at 13; 2269-5).

QuarterNorth and BP also dispute the proper interpretation of paragraph 11.1(n) of the Credit Bid Purchase Agreement between Fieldwood and QuarterNorth:

Buyer's Assumption of Liabilities. Subject to the terms of this Agreement, if the Closing occurs, [QuarterNorth] shall be deemed to have assumed (and shall pay, perform and discharge) the following Liabilities of [Fieldwood], as of the Closing (collectively, the "*Assumed Liabilities*"): . . . (n) all liabilities arising out of or relating to any affirmative defenses of third parties with respect to any Claim or cause of action assigned to [QuarterNorth] pursuant to Section 1.2(i), Section 1.2(w) and Section 1.2(rr) [of the Credit Bid Purchase Agreement] to the extent that if treated as Retained Liabilities such defenses or rights would not constitute general unsecured claims of [Fieldwood] . . .

(ECF No. 2269-6 at 78, 80). Section 1.2 of the Credit Bid Purchase Agreement outlines QuarterNorth's acquired interests.[3] (ECF No. 2269-6 at 11). Sections 1.2(i),[4] (w),[5] and (rr)[6] relate in part to the claims Fieldwood assigned to QuarterNorth. (ECF No. 2269-6 at 13–17). Under the Credit Bid Purchase Agreement, "Claims" are "any and all claims, demands, . . . actions (whether judicial, administrative or arbitrational), causes of action, suits, proceedings and controversies." (ECF No. 2269-6 at 97).

QuarterNorth filed a motion seeking: (1) a finding that BP's setoff was in violation of the Plan; (2) an order enjoining BP from violating the Plan again; and (3) its reasonable and necessary attorneys' fees. (ECF No. 2199 at 17). BP filed an objection to the motion. (ECF No. 2278). The Court heard oral arguments on November 30, 2021 and took the matter under advisement.

---

[3] "Acquired Interests; Assets. As used herein, the term '*Acquired Interests*' refers to (x) all of [Fieldwood's] right, title and interest in, to, under or derived from the Co-Owned Assets . . . and (y) all of [Fieldwood's] right, title and interest in, to, under or derived from the Other Assets. As used herein, the term '*Assets*' means the Co-Owned Assets and Other Assets, wherever located, real, personal or mixed, tangible or intangible, known or unknown, as the same shall exist as of the Closing." (ECF No. 2269-6 at 11–12).

[4] "As used herein, the term '*Co-Owned Assets*' means the assets described in clauses (a) through (o) below: . . . (i) all rights (including intangible and inchoate rights), Claims, rights of set-off, rights under warranties and indemnities made by prior owners, manufacturers, vendors and Third Persons or accruing under applicable statutes of limitation or prescription, insofar only as the foregoing relate or are attributable to any of the other Co-Owned Assets or to any Assumed Liabilities, including any and all Claims of any Seller against other Persons pertaining to Imbalances attributable to the Co-Owned Assets." (ECF No. 2269-6 at 11, 13).

[5] "As used herein, the term "*Other Assets*" means the assets described in clauses (p) through (uu) below: . . . (w) all rights (including intangible and inchoate rights), Claims, rights of set-off, rights under warranties and indemnities made by prior owners, manufacturers, vendors and Third Persons or accruing under applicable statutes of limitation or prescription, insofar only as the foregoing relate or are attributable to any of the Other Assets, including any and all Claims of any Seller against other Persons pertaining to Imbalances attributable to the Other Assets." (ECF No. 2269-6 at 14, 15).

[6] "(rr) all rights, claims, demands and causes of action of the Sellers (x) relating to the Acquired Interests or the Assumed Liabilities and (y) without duplication, those set forth on Schedule 1.2(rr); *provided* that this clause (rr) shall not apply with respect to or in connection with Taxes or Tax refunds." (ECF No. 2269-6 at 17).

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Proceedings affecting the adjustment of the debtor-creditor relationship are core proceedings under 28 U.S.C. § 157(b)(2)(O). Further, a proceeding is core if it "could arise only in the context of a bankruptcy case." *Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014 (5th Cir. 1991) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). Adjudicating this matter requires an interpretation of the Confirmation Order, which could not arise outside the context of a bankruptcy case. Venue is proper in this District consistent with 28 U.S.C. §§ 1408 and 1409.

**DISCUSSION**

The Court's analysis begins and ends with answering a straightforward question: After the transfer of the Isabela PSA to QuarterNorth, did BP have a right to set off the Isabela PSA payments against the amount owed under the Genovesa PSA?

**I.   SETOFF AND MUTUALITY**

Setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995). Section 553(a) of Bankruptcy Code, which governs setoff in bankruptcy, does not grant the right to setoff; it merely preserves the right under applicable bankruptcy law.[7] *Id.*; *Breeden v. Mfrs. and Traders Tr. Co. (In re Bennett Funding Grp., Inc.)*,

---

[7] Setoff is appropriate in bankruptcy when four conditions are met: "(1) The creditor holds a 'claim' against the debtor that arose before the commencement of the case; (2) The creditor owes a 'debt' to the debtor that also arose before the commencement of the case; (3) The claim and debt are 'mutual'; and (4) The claim and debt are each valid and enforceable." *In re Garden Ridge Corp.*, 338 B.R. 627, 633 (Bankr. D. Del. 2006), *aff'd*, 399 B.R. 135 (D. Del. 2008), *aff'd*, 386 Fed. Appx. 41 (3d Cir. 2010).

212 B.R. 206, 211 (B.A.P. 2d Cir. 1997), *aff'd*, 146 F.3d 136 (2d Cir. 1998); *In re SemCrude, L.P.*, 399 B.R. 388, 393 (Bankr. D. Del. 2009), *aff'd*, 428 B.R. 590 (D. Del. 2010).

Setoff rights are determined by state law or federal non-bankruptcy law. *Feltman v. Noor Staffing Grp., LLC (In re Corp. Res. Servs., Inc.)*, 564 B.R. 196, 203 (Bankr. S.D.N.Y. 2017). Under Texas law, setoff is only permitted "where demands are mutual, between the same parties, and in the same capacity or right." *Cap. Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 175 (5th Cir. 1994) (citing *Brook Mays Organ Co., Inc. v. Sondock*, 551 S.W.2d 160, 166 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.)); *Garden Ridge Corp.*, 338 B.R. at 633; *see Spillman Inv. Grp. Ltd. v. Am. Bank of Tex. (In re Spillman Dev. Grp., Ltd.)*, 401 B.R. 240, 254 (Bankr. W.D. Tex. 2009), *aff'd sub nom. Fire Eagle, LLC v. Spillman Inv. Grp., Ltd.*, A-10-CA-894-LY, 2011 WL 13234814 (W.D. Tex. Sept. 29, 2011), *aff'd sub nom. In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299 (5th Cir. 2013) ("[Setoff] allows parties that owe each other money to apply their debts to each other, and applies where there are mutual debts arising from different transactions."). To set off one demand against another, demands must mutually exist between the same parties: the creditor is indebted to the debtor who likewise is indebted to the creditor.[8] *Alon USA, LP v. State*, 222 S.W.3d 19, 29 (Tex. App.—Austin 2005, pet. denied) ("[I]n order for one demand to be set off against another, both demands must mutually exist between the same parties."); *Anderson v. Vinson Expl., Inc.*, 832 S.W.2d 657, 667 (Tex. App.—El Paso 1992, writ denied); *Dall./Fort Worth Airport Bank v. Dall. Bank & Tr. Co.*, 667 S.W.2d 572, 575 (Tex. App.—Dallas 1984, no

---

[8] The party seeking setoff must show that it has a "*legal right* to recover the relevant sums" under Texas law. *Tex. Dep't of Mental Health & Mental Retardation v. Petty*, 817 S.W.2d 707, 720 (Tex. App.—Austin 1991) (emphasis original), *aff'd*, 848 S.W.2d 680 (Tex. 1992), *and disapproved of on other grounds by Cathey v. Booth*, 900 S.W.2d 339 (Tex. 1995). A legal right to recovery means that a party would have grounds for a suit. *Id.*; *see Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1036 (5th Cir. 1987) ("Braniff could have certainly brought an action against Exxon in such a case, alleging that Exxon owed it either money or fuel.") Under the facts presently before the Court, BP would have no grounds for a suit until the Genovesa well produced for 180 days.

writ); *Coppa v. Sec. Bank of Nev. (In re Taylor Motors)*, 60 B.R. 760, 763 (Bankr. D. Nev. 1986) (citing *Stair v. Hamilton Bank of Morristown (In re Morristown Lincoln-Mercury, Inc.)*, 42 B.R. 413, 416 (Bankr. E.D. Tenn. 1984)). The mutuality requirement is strictly construed against the party seeking setoff. *Garden Ridge*, 338 B.R. at 634; *Bennett Funding*, 212 B.R. at 212.

A triangular setoff occurs where "A attempts to offset an obligation owed by B against B's debt to C." *Garden Ridge*, 338 B.R. at 634 (citing *Barber v. Prod. Credit Servs. of W. Cent. Ill. FLCA (In re KZK Livestock, Inc.)*, 221 B.R. 471, 480 (Bankr. C.D. Ill. 1998)). With limited exceptions,[9] triangular setoffs are prohibited because there is no mutuality of debt between two parties. *Sherman v. First City Bank of Dall. (In re United Scis. of Am., Inc.)*, 893 F.2d 720, 723 (5th Cir. 1990) ("The mutuality requirement [of § 553] is designed to protect against 'triangular' set-off; for example, where the creditor attempts to set off its debt to the debtor with the latter's debt to a third party."); *U.S. Aeroteam, Inc. v. Delphi Auto. Sys., LLC (In re U.S. Aeroteam, Inc.)*, 327 B.R. 852, 864 (Bankr. S.D. Ohio 2005); Natalie Regoli, *Setoff in Bankruptcy: A Practical Guide to 11 U.S.C. § 553*, Tex. J. Bus. L. 1, 17 (2002) ("[A] triangular setoff is not generally allowed under applicable nonbankruptcy law."); *see also SemCrude*, 399 B.R. at 394 ("[N]ot one of these cases has actually upheld or enforced an agreement that allows for a triangular setoff; each and every one of these decisions have simply recognized such an exception in the course of denying the requested setoff or finding mutuality independent of the agreement."). BP has the burden to identify Texas or federal non-bankruptcy law allowing it to achieve triangular setoff.

---

[9] Courts have recognized that setoffs involving separate governmental agencies constitute an exception to the principle that triangular setoffs lack the requisite mutuality for setoff. *See Garden Ridge*, 338 B.R. at 634. This case does not require the court to address triangular setoffs involving separate government agencies. An express agreement between the related entities may be another exception to the mutuality requirement for setoff. *See Garden Ridge*, 338 B.R. at 634 (identifying the existence of the express agreement exception); *Aeroteam*, 327 B.R. at 865 ("Generally, courts are in agreement that an assignment of rights can create mutuality for setoff purposes."). *But see SemCrude*, 388 B.R. at 394–95 (finding some support for triangular setoff by agreement under state law, but no support in cases examining the mutuality requirements of § 553).

*Feltman*, 564 B.R. at 204 (Bankr. S.D.N.Y. 2017) ("The creditor asserting the right to setoff has the burden to establish that the right to setoff exists.").

### II.   BP'S RIGHT TO SETOFF

BP argues that Paragraph 133 of the Confirmation Order "fully preserved BP's valid setoff rights in all respects." (ECF No. 2278 at 12). Paragraph 133 of Confirmation Order preserves BP's preconfirmation setoff rights, but only with respect to BP Executory Contracts. However, Paragraph 133 does not create any rights. Instead, it mandates that the Plan and the Confirmation Order "shall not alter any of the terms under the BP Executory Contracts including . . . any valid netting (either based on setoff or recoupment)." (ECF No. 1751 at 104). Further, the assignment of any BP Executory Contract will not affect any valid netting rights under any BP Executory Contract. (ECF No. 1751 at 104). As set forth in the schedule referenced within Paragraph 133, the Genovesa PSA is *not* a BP Executory Contract.

The Isabela PSA does not grant any setoff rights with respect to the Genovesa PSA. The Isabela PSA does not provide that payments made under it may be netted against the Genovesa PSA or a debt to a third party. (*See* ECF No. 1751). BP fails to identify a provision of the Isabela PSA providing that it may be netted against the Genovesa PSA or a debt to a third party. (*See* ECF Nos. 1468; 1666; 1673; 2278). Paragraph 133 of the Confirmation Order preserves BP's setoff rights under any BP Executory Contract, but it does not entitle BP to engage in a triangular setoff with Fieldwood and QuarterNorth pursuant to two contracts, only one of which is a BP Executory contract.

BP also argues that BP's secured setoff rights were expressly assumed under Paragraph 11.1(n) of the Credit Bid Purchase Agreement through "QuarterNorth's assumption of all liabilities arising out of or relating to affirmative defenses, which includes defensive setoff and recoupment

rights." (ECF No. 2278 at 2). BP again fails to demonstrate that it has a right to engage in a triangular setoff. Under Paragraph 11.1, QuarterNorth agreed to assume certain of Fieldwood's liabilities, including those listed in Subpart (n). (ECF No. 2269-6 at 78). Subpart (n) relates to any liabilities arising out of or relating to any affirmative defenses of third parties with respect to any "Claim" or cause of action assigned to QuarterNorth. (ECF No. 2269-6 at 78). QuarterNorth purchased the right to receive payments under the Isabela PSA. It has a claim[10] against BP for these payments. BP has asserted the right to setoff as an affirmative defense against these payments, but in so doing has put the cart before the horse.

While setoff is an affirmative defense under Texas law, Paragraph 11.1(n) does not grant the right to pursue triangular setoff. *Lone Starr Multi-Theatres, Ltd. v. Max Ints., Ltd.*, 365 S.W.3d 688, 704 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The right to an offset is an affirmative defense, and the burden of pleading offset and of proving facts necessary to support it are on the party making the assertion."). Paragraph 11.1(n) only mandates that QuarterNorth assumed responsibility for any liabilities arising out of an affirmative defense that a third-party asserts. QuarterNorth's assumption of liability that could ultimately arise out of a disputed third-party setoff claim by BP is not the equivalent to granting BP a right to setoff.

If BP has a setoff right, it must identify it. It fails to show that the setoff right is contained in paragraph 11.1(n). It fails to show mutuality between the Genovesa and Isabela obligations. If it has a setoff right, there is only one remaining alternative—a triangular setoff right. BP has the burden to identify the right to pursue a triangular setoff. It has not met its burden. Neither

---

[10] Under the Credit Bid Purchase Agreement, "Claims" are "any and all claims, demands, . . . actions (whether judicial, administrative or arbitrational), causes of action, suits, proceedings and controversies." (ECF No. 2269-6 at 97).

Paragraph 133 of the Confirmation Order nor Paragraph 11.1(n) of the Credit Bid Purchase Agreement grants BP the right to pursue a triangular setoff.

BP makes additional arguments concerning its interpretation of statements by Fieldwood's counsel and its interpretation of § 363. Those arguments are of no avail. The issue is what the Confirmation Order and the Plan actually say. Statements of counsel cannot alter their plain meaning. *See Schneider Nat. Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) (finding that Texas law requires that contracts be interpreted according to their plain meaning); *In re DeSardi*, 340 B.R. 790, 796 (Bankr. S.D. Tex. 2006) ("Because this interpretation is contrary to the plain meaning of the plans, the Court rejects the interpretation and will apply the plain meaning."); *Off. Comm. of Unsecured Creditors v. Down Corning Corp. (In re Dow Corning Corp.)*, 456 F.3d 668, 676 (6th Cir. 2006) ("In interpreting a confirmed plan, courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors.").

A dispute over whether the Court properly authorized the sale is moot. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (holding that a confirmed plan will not be overturned for legal error when a party has notice of the error and does not object or timely appeal).

### III. QUARTERNORTH DID NOT VIOLATE RULE 7001

Federal Rule of Bankruptcy Procedure 7001 requires that an injunction must be pursued by adversary proceeding unless a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief sought. FED. R. BANKR. PROCEDURE 7001(7). If a party seeks a declaratory judgment relating to an injunction not provided by a plan, it must be sought in an adversary proceeding as well. FED. R. BANKR. PROCEDURE 7001(9). An adversary proceeding is unnecessary when the relief sought is the enforcement of an injunction previously obtained. *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 327 (Bankr. D. Del. 1999), *aff'd sub nom. In re Cont'l Airlines*, No. 90-932, 2000

WL 1425751 (D. Del. Sept. 12, 2000), *aff'd sub nom. In re Cont'l Airlines, Inc.*, 279 F.3d 226 (3d Cir. 2002).

In its motion, QuarterNorth seeks an injunction and a declaratory judgment. (ECF No. 2199 at 17). If the Plan does not provide for the injunction, QuarterNorth violated Rule 7001 by filing its motion rather than by filing an adversary proceeding. Except as otherwise provided in Fieldwood's Plan and Confirmation Order, Section 10.6 of the Plan enjoins anyone who held, holds, or may hold a claim from continuing in any proceeding affecting any transferee of Fieldwood's property. (ECF No. 2008 at 82–83). As discussed above, Paragraph 133 of the Confirmation Order does not permit BP to set off any amount Fieldwood owes it against an amount it owes QuarterNorth. In fact, nothing in the Plan or Confirmation Order permits BP to set off the amount it owes Fieldwood against QuarterNorth. The Plan enjoins BP's actions, and so QuarterNorth was not required to proceed by an adversary proceeding when it sought to enforce an injunction previously obtained.

### IV.  BP VIOLATED THE PLAN

Section 10.5 of the Plan provides that all parties in interest shall be enjoined from taking any action to interfere with the implementation of the Plan. (ECF No. 2008 at 82). The Confirmation Order provides the same injunction. (ECF No. 1751 at 115). BP had no right to set off debts it owes QuarterNorth against what Fieldwood owed it. BP interfered with the implementation of the Plan and violated the Plan and Confirmation Order.

### V.  ATTORNEYS' FEES

QuarterNorth seeks recovery of its attorneys' fees and costs associated with this proceeding. (ECF No. 2199 at 17). Under the Texas Civil Practices and Remedies Code Section 37.009, "the court may award costs and reasonable and necessary attorney's fees as are equitable

and just." Under Section 38.001(b)(8), attorneys' fees are recoverable against an individual or an organization if the claim is for an oral or written contract.

Here, QuarterNorth was entitled to payments under the Isabela PSA. BP failed to pay. QuarterNorth is entitled to costs and reasonable and necessary attorneys' fees as are equitable and just. QuarterNorth will need to prove the amount to which it is entitled at a future hearing.

## CONCLUSION

A separate judgment will be entered after the determination of the appropriate award of costs and attorneys' fees. The evidentiary hearing on those matters will be on February 23, 2022 at 4:00 p.m.

SIGNED 02/08/2022

_____
Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 20-33948-mi |
| Fieldwood Energy LLC | Chapter 11 |
| The Official Committee of Unsecured Cred | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 6 |
| Date Rcvd: Feb 08, 2022 | Form ID: pdf002 | Total Noticed: 131 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 10, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bandon Oil and Gas GP, LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Bandon Oil and Gas, LP, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Dynamic Offshore Resources NS, LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | FW GOM Pipeline, Inc., 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Energy LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Energy Offshore LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Energy SP LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Offshore LLC, 2000 W. Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood Onshore LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Fieldwood SD Offshore LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | GOM Shelf LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Galveston Bay Pipeline LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| db | + | Galveston Bay Processing LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| aty | + | Charles M Rush, 202 Magnate Drive, Lafayette, LA 70508-3830 |
| aty | + | Clark Hill Strasburger, Attn: Duane J. Brescia, 720 Brazos, Suite 700, Austin, TX 78701-2531 |
| aty | + | Darryl T. Landwehr, 935 Gravier Street, Suite 835, New Orleans, LA 70112-1727 |
| aty | + | Emile Joseph, Jr., Allen & Gooch, P O Box 81129, Lafayette, LA 70598-1129 |
| aty | + | Peter J. Segrist, Carver Darden et al, 1100 Poydras St., Ste 3100, New Orleans, LA 70163-1102 |
| aty | + | Petro Amigos Supply, Inc., c/o Wayne Kitchens, Total Plaza, 1201 Louisiana, 28th Floor, Houston, TX 77002-5607 |
| aty | + | Ralph J Kooy, 100 N LaSalle St, Suite #514, Chicago, IL 60602-3551 |
| aty | + | Ronald Savoie, Jackson & Jackson, P.L.L.C., 111 Founders Drive, Suite 400, Baton Rouge, LA 70810-8959 |
| aty | + | William S Piper, 100 N LaSalle St, Suite #514, Chicago, IL 60602-3551 |
| cr | + | A2D TECHNOLOGIES, INC. D/B/A TGS GEOLOGICAL PRODUC, c/o Andrew A Braun, Gieger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139 US 70139-7756 |
| cr | + | Aker Solutions Inc., Bruce J. Ruzinsky, 1401 McKinney Street, Suite 1900, Houston, TX 77010-4037 |
| cr | + | All Aboard Development Corporation, 601 Poydras Street, Suite 1726, New Orleans, LA 70130-6039 |
| cr | + | Anahuac Independent School District, c/o Owen M. Sonik, 1235 North Loop West, Houston, TX 77008-1758 |
| cr | + | Ankor E&P Holdings Corporation, c/o Looper Goodwine P.C., Attn: Paul J. Goodwine, 650 Poydras Street, Suite 2400, New Orleans, LA 70130-6171 |
| cr | + | Ankor Energy LLC, c/o Looper Goodwine P.C., Attn: Paul J. Goodwine, 650 Poydras Street, Suite 2400, New Orleans, LA 70130-6171 |
| intp | + | Apache Corporation, Hunton Andrews Kurth LLP, Attn: Robin Russell, 600 Travis Street, Suite 4200 Houston, TX 77002-2929 |
| cr | + | Archrock Services, LP, 16666 North Chase Dr., Houston, TX 77060-6014 |
| cr | + | Aspen American Insurance Company, c/o Randall A. Rios, Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, TX 77002-2629 |
| intp | + | BP Exploration & Production Inc., c/o Shari L. Heyen, Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 1700, Houston, TX 77002-5001 |
| cr | + | Bay City Independent School District, c/o Owen M. Sonik, 1235 North Loop West Suite 600, Houston, TX 77008-1772 |
| cr | + | Bedrock Petroleum Consultants, LLC, c/o Bradley, Attn: James B. Bailey, 1819 Fifth Avenue North, Birmingham, AL 35203-2120 |
| cr | #+ | Brian Cloyd, c/o Cain & Skarnulis LLP, 400 W. 15th Street, Suite 900, Austin, TX 78701-1659 |
| cr | + | C-Dive, L.L.C., c/o Leann O. Moses, 1100 Poydras Street, Suite 3100, New Orleans, LA 70163-1102 |
| cr | | CETCO Energy Services Company, LLC, c/o Rudy Urban, Credit Manager, Cetco Energy Services., LLC, 635 Brake Ridge Court, Seymour, TN 37865 |
| cr | + | Callon Petroleum Company, 2000 W. Sam Houston Parkway S., Suite 2000, Houston, TX 77042, UNITED STATES 77042-3622 |

Case 20-33948   Document 2385   Filed in TXSB on 02/10/22   Page 14 of 18

| District/off: 0541-4 | User: ADIuser | Page 2 of 6 |
| --- | --- | --- |
| Date Rcvd: Feb 08, 2022 | Form ID: pdf002 | Total Noticed: 131 |

| | | |
| --- | --- | --- |
| cr | + | Chambers County, c/o Owen M. Sonik, 1235 North Loop West Suite 600, Houston, TX 77008-1772 |
| cr | + | Claboryan Lewis, Broussard & David, 557 Jefferson street, Lafayette, LA 70501-6905 |
| cr | + | Colorado County, c/o John T. Banks, 3301 Northland Drive, Ste. 505, Austin, TX 78731-4954 |
| cr | + | ConocoPhillips Company, c/o Locke Lord LLP, c/o Bradley C. Knapp, 601 Poydras Street, Suite 2660 New Orleans, LA 70130-6032 |
| cr | + | Core Industries, Inc., PO Box 350, Mobile, AL 36601-0350 |
| cr | + | Cortex Business Solutions USA LLC, c/o Sprouse Law Firm, 901 Mopac Expressway South, Building 1, Suite 300 Austin, TX 78746-5883 |
| cr | + | DLS, LLC, P.O. Box 309, Lydia, LA 70569-0309 |
| cr | + | DeepSea Quality Consulting, Inc., c/o Ben L. Aderholt, Coats Rose, P.C., 9 Greenway, Suite 1000 Houston, TX 77046-0900 |
| cr | + | Dickinson Independent School District, c/o Owen M. Sonik, 1235 North Loop West Suite 600, Houston, TX 77008-1772 |
| cr | + | Discovery Gas Transmission LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Diversified Well Logging, LLC, C/O Dore Rothberg McKay, PC, 17171 Park Row, Suite 160, Houston, TX 77084-4927 |
| cr | + | Duane Landry, 105 Wild Iris Drive, Evangeline, LA 70537-3203 |
| cr | + | EOG Resources, Inc., c/o Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton St., Ste 1000, Fort Worth, TX 76102-3727 |
| cr | + | EnVen Energy Ventures, LLC, 609 Main Street, Suite 3200, Houston, TX 77002-3276 |
| cr | + | Everest Reinsurance Company, c/o Randall A. Rios, Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, TX 77002-2629 |
| cr | + | Expro Americas, L.L.C., c/o Dore' Rothberg McKay, P.C., Attn: Zachary S. McKay, 17171 Park Row, Suite 160, Houston, TX 77084-4927 |
| cr | + | Genesis Energy, L.P., 919 Milam, Ste. 2100, Houston, TX 77002-5417 |
| cr | | Gibson Applied Technology & Enginnering, 1630 Park Ten Place, Suite 206, Houston, TX 77084 |
| cr | + | Gulfstar One LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| intp | + | Helis Oil & Gas Company, LLC, c/o J. David Forsyth, 400 Poydras Street, Suite 2550, New Orleans, LA 70130-3292 |
| cr | + | Ignition Systems & Controls, Inc., c/o Todd Barron Thomason Hudman & Bebout, Attn: Rafael Rodriguez, 3800 E. 42nd Street, Suite 409, Odessa, TX 79762-5928 |
| cr | + | Irongate Rental Services, LLC, c/o Dore' Rothberg McKay, P.C., Attn: Zachary S. McKay, 17171 Park Row, Suite 160, Houston, TX 77084-4927 |
| cr | + | Island Operating Company Inc, 770 S Post Oak Lane, Suite 400, Houston, TX 77056-6666 |
| cr | + | JX Nippon Oil Exploration (U.S.A.) Limited, c/O GIEGER, LABORDE & LAPEROUSE, L.L.C., 5151 SAN FELIPE, SUITE 750, Houston, TX 77056-3646 |
| intp | + | Jackson Walker LLP, c/o Bruce J. Ruzinsky, 1401 McKinney Street, Suite 1900, Houston, TX 77010-1900 |
| cr | + | LLOG Exploration Company, LLC, c/o Looper Goodwine P.C., 650 Poydras Street, Suite 2400, Attn: Paul J. Goodwine, New Orleans, LA 70130-6171 |
| cr | #+ | Lewis Andrews, c/o Cain & Skarnulis LLP, 400 W. 15th Street, Suite 900, Austin, TX 78701-1659 |
| cr | + | Lexon Insurance Company and Endurance American Ins, Harris Beach PLLC, c/o Lee E. Woodard, Esq., 333 West Washing St., Ste. 200, Syracuse, NY 13202-5202 |
| cr | + | Lexon Insurance Company, Ironshore Indemnity Inc.,, Harris Beach PLLC, c/o Lee E. Woodard, 333 West Washington Street, Suite 200 Syracuse, NY 13202-5202 |
| cr | + | Lexon Insurance Company, Ironshore Indemnity Inc.,, Harris Beach PLLC c/o Lee E. Woodard, 333 West Washington Street, Suite 200, Syracuse, NY 13202 UNITED STATES 13202-9204 |
| cr | + | Louisiana Department of Revenue, Senior Bankruptcy Counsel, Litigation, 617 N. Third Street, Office 780, P O Box 4064 (Zip 70821-4064), Baton Rouge, LA 70802 UNITED STATES OF AMERICA 70821-4064 |
| cr | + | Macquarie Corporate and Asset Funding Inc., c/o John M. Castillo, 130 E Travis Street, Suite 350, San Antonio, TX 78205-1784 |
| cr | + | Magnum Mud Equipment Co., Inc., Post Office Box 4258, Houma, LA 70361, UNITED STATES 70361-4258 |
| cr | + | Marathon Oil Company, c/o Clay M. Taylor, Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102-3727 |
| cr | + | Martin Energy Services LLC, c/o Robert P. Franke, Clark Hill Strasburger, 901 Main St., Suite 6000, Dallas, TX 75202-3748 |
| cr | + | Marubeni Oil & Gas (USA) LLC, Looper Goodwine P.C., Attn: Paul J. Goodwine, 650 Poydras Street, Suite 2400, New Orleans, LA 70130-6171 |
| cr | + | McMoran Oil & Gas LLC, 1615 Poydras Street, Suite 600, New Orleans, LA 70112-1238 |
| cr | + | Melvin Sigure, c/o David C. Whitmore, 701 Poydras Street, Suite 4100, New Orleans, LA 70139 UNITED STATES 70139-7773 |
| cr | + | Merit Energy Company, Locke Lord Bissell & Liddell LLP, Attn: Philip Eisenberg, 600 Travis Street, Suite 3400 Houston, TX 77002-2926 |
| cr | + | Noble Energy, Inc., c/o Andrews Myers, PC, 1885 Saint James Place, 15th Floor, Houston, Tx 77056-4175 |
| cr | #+ | Patrick Burnett, c/o Cain & Skarnulis LLP, 400 W. 15th Street, Suite 900, Austin, TX 78701-1659 |
| cr | + | Performance Energy Services, LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| intp | | Railroad Commission of Texas, c/o Office of the Attorney General, Bankruptcy & Collections Division, P. O. Box 12548, Austin, TX 78711-2548 |
| cr | + | Red Willow Offshore, LLC, c/o Barnet B. Skelton, Jr., 815 Walker, Suite 1502, Houston, TX 77002-5832 |
| cr | + | Regis Southern, c/o Reese Baker, 950 Echo Lane Ste 300, Houston, TX 77024-2824 |
| cr | + | Ryan, LLC, c/o Bell Nunnally & Martin LLP, 2323 Ross Avenue, Suite 1900, Dallas, TX 75201-2721 |
| cr | + | SBM Gulf Production LLC, c/o Ken Green, Snow Spence Green LLP, P O Box 549, Hockley, TX 77447-0549 |
| cr | + | Seitel Data, Ltd., c/o Duane J. Brescia, Clark Hill Strasburger, 720 Brazos, Suite 700, Austin, TX 78701-2531 |
| cr | + | Sheldon Independent School District, c/o Owen M. Sonk, PBFCM, LLP, 1235 N. Loop W., Suite 600, Houston, TX 77008-1772 |
| cr | + | Sheldon Independent School District, et al, c/o Owen M. Sonik, PBFCM, LLP, 1235 N. Loop W., Ste 600, Houston, TX 77008-1772 |
| cr | + | Shell Offshore, Inc., 200 N. Dairy Ashford, Houston, TX 77079-1101 |
| cr | + | Shell Oil Company, c/o Sara M. Keith, 150 N. Dairy Ashford Rd., Building F, Houston, TX 77079-1128 |
| cr | + | Solar Turbines Incorporated, 100 N.E. Adams, Peoria, IL 61629-0001 |
| cr | + | Superior Performance, Inc., c/o S. Mayer Law, P.O. Box 6542, Houston, TX 77265, UNITED STATES 77265-6542 |

Case 20-33948   Document 2385   Filed in TXSB on 02/10/22   Page 15 of 18

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 3 of 6 |
| Date Rcvd: Feb 08, 2022 | Form ID: pdf002 | Total Noticed: 131 |

| | | |
|---|---|---|
| intp | + | TC Oil Louisiana, LLC, c/o Wick Phillips Attn: Jason Rudd, 3131 McKinney Ave., Suite 100, Dallas, TX 75204-2430 |
| cr | + | TETRA Technologies, Inc., Dore Rothberg McKay, P.C., 17171 Park Row, Suite 160, c/o Zachary McKay, Houston, TX 77084-4927 |
| cr | + | TGS AP Investments AS, c/o Andrew A Braun, Geiger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139-7756 |
| cr | + | TGS-NOPEC Geophysical Company, c/o Andrew A Braun, Gieger, Laborde & Laperouse, LLC, Suite 4800, 701 Poydras St., New Orleans, LA 70139 US 70139-7756 |
| cr | + | TGS-NOPEC Geophysical Company ASA, c/o Andrew A Braun, Gieger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139 US 70139-7756 |
| intp | + | Tana Exploration Company, LLC, c/o Wick Phillips Attn: Jason Rudd, 3131 McKinney Ave., Suite 100, Dallas, TX 75204-2430 |
| cr | + | Targa Liquids Marketing and Trade, LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Targa Midstream Services, LLC, c/o Steven W. Soule, Hall Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Tetra Applied Technologies, Inc., c/o Zachary S. McKay, Dore Rothberg McKay, P.C., 17171 Park Row, Suite 160, Houston, TX 77084-4927 |
| intp | | Texas General Land Office, c/o Office of the Attorney General, Bankruptcy & Collections Division, P. O. Box 12548 MC-008, Austin, TX 78711-2548 |
| cr | + | Transcontinental Gas Pipe Line Company, LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Trinity Bay Conservation District, c/o Owen M.Sonik, 1235 North Loop West Suite 600, Houston, TX 77008-1772 |
| cr | + | Trunkline Field Services LLC, 1300 Main Street, Houston, TX 77002-6803 |
| cr | + | U.S. Specialty Insurance Company, c/o Locke Lord LLP, ATTN: Philip Eisenberg, 600 Travis Street, Suite 2800, Houston, TX 77002-2914 |
| cr | | Universal Equipment, Inc., c/o Christopher J. Piasecki, Davidson Meaux, Post Office Box 2908, Lafayette, La 70502-2908 |
| cr | + | Valaris plc, Matthew D. Cavenaugh, Jackson Walker LLP, 1401 McKinney Street, Suite 1900 Houston, TX 77010-1900 |
| cr | + | Venice Energy Services Company, L.L.C., c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | WFS Liquids LLC, c/o Steven W. Soule', Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| cr | + | Walter Oil & Gas Corporation, c/o Looper Goodwine P.C., 650 Poydras Street, Suite 2400, Attn: Paul J. Goodwine New Orleans, LA 70130-6171 |
| cr | + | West Cameron Dehydration Company, L.L.C., 1300 Main Street, Houston, TX 77002-6803 |
| cr | + | Westerngeco LLC, c/o Andrew A Braun, Gieger Laborde & Laperouse, LLC, Suite 4800, 701 Poydras Street, New Orleans, LA 70139 US 70139-7756 |
| cr | + | Williams Field Services-Gulf Coast Company LLC, c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200 Tulsa, OK 74103-3705 |
| br | + | XCLAIM Inc., XCLAIM Inc., 2261 Market Street #4385, San Francisco, CA 94114-1612 |
| cr | + | Zurich American Insurance Company, c/o Duane Brescia, 720 Brazos Street, Suite 700, Austin, TX 78701-2531 |

TOTAL: 116

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: bnkatty@aldineisd.org | Feb 08 2022 19:57:00 | Aldine ISD, Legal Department, 2520 WWThorne Dr., Houston, TX 77073-3406 |
| cr | | Email/PDF: bncnotices@becket-lee.com | Feb 08 2022 20:03:53 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | + | Email/Text: SPECK@LAWLA.COM | Feb 08 2022 19:57:00 | Atlantic Maritime Services, LLC, c/o Stewart F. Peck, Lugenbuhl Wheaton Peck Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130, UNITED STATES 70130-6041 |
| cr | | Email/Text: toriet@broussardbrothers.com | Feb 08 2022 19:57:00 | Broussard Brothers, Inc., 501 S. Main St., Abbeville, LA 70510, US |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Feb 08 2022 19:57:00 | Cypress-Fairbanks ISD, Linebarger Goggan Blair & Sampson LLP, C/O John P. Dillman, P.O. Box 3064, Houston, Tx 77253-3064 |
| cr | + | Email/Text: BKADDEN@LAWLA.COM | Feb 08 2022 19:57:00 | Deligans Valves, Inc., c/o Benjamin W. Kadden, Lugenbuhl Wheaton Peck Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130-6041 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Feb 08 2022 19:57:00 | Galveston County, Linebarger Goggan Blair & Sampson LLP, C/O John P. Dillman, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | | |

Case 20-33948   Document 2385   Filed in TXSB on 02/10/22   Page 16 of 18

| District/off: 0541-4 | User: ADIuser | Page 4 of 6 |
|---|---|---|
| Date Rcvd: Feb 08, 2022 | Form ID: pdf002 | Total Noticed: 131 |

| | | | | |
|---|---|---|---|---|
| | | | Feb 08 2022 19:57:00 | Harris County, Linebarger Goggan Blair & Sampson LLP, C/O John P. Dillman, PO Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: BKADDEN@LAWLA.COM | Feb 08 2022 19:57:00 | Heartland Compression Services, L.L.C., c/o Benjamin W. Kadden, Lugenbuhl Wheaton Peck Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130-6041 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Feb 08 2022 19:57:00 | Jefferson County, Linebarger Goggan Blair & Sampson LLP, c/o John P. Dillman, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Feb 08 2022 19:57:00 | Matagorda County, Linebarger Goggan Blair & Sampson LLP, c/o John P. Dillman, Post Office Box 3064, Houston, TX 77253-3064 |
| op | | Email/Text: EBN@primeclerk.com | Feb 08 2022 19:57:00 | Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 |
| cr | + | Email/Text: pwp@pattiprewittlaw.com | Feb 08 2022 19:57:00 | Plains Gas Solutions, c/o Law Ofc Patricia Williams Prewitt, 10953 Vista Lake Ct., Navasota, TX 77868, UNITED STATES 77868-6981 |
| cr | | Email/Text: ar@supremeservices.com | Feb 08 2022 19:57:00 | Supreme Service & Specialty Co. Inc., Attn: Freddy Bourgeois, 204 Industrial Ave. C, Houma, LA 70363 |
| cr | + | Email/Text: n.gault@trendsetterengineering.com | Feb 08 2022 19:57:00 | Trendsetter Engineering, Inc., 10430 Rodgers Road, Houston, TX 77070, UNITED STATES 77070-1642 |

TOTAL: 15

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| db | | Fieldwood Energy III LLC |
| db | | Plan Administrator and Certain Post-Effective Date |
| cr | | 2M Oilfield Group Inc. |
| cr | | A-Port LLC |
| cr | | AGGREKO, LLC |
| cr | | AGI Industries Inc |
| cr | | AGI Packaged Pump Systems |
| cr | | Acadian Contractors, Inc |
| cr | | Ad Hoc Group of Secured Lenders |
| cr | | Anadarko E&P Company |
| cr | | Anadarko Petroleum Corp. |
| cr | | Anadarko U.S. Offshore LLC |
| cr | | Archrock Partners Operating, LLC and Archrock Serv |
| cr | | Aubrey Wild |
| cr | | Berkley Insurance Company |
| cr | | Burlington Resources Offshore |
| cr | | CCG Services (U.S.) Inc. |
| cr | | CGG Services (U.S.) Inc. |
| cr | | CNOOC Petroleum Offshore U.S.A. Inc. |
| cr | | CTD Legacy LLC |
| intp | | Cantor Fitzgerald Securities, as DIP Agent |
| cr | | Chevron U.S.A. Inc. |
| cr | | Cortland Capital Market Services LLC |
| cr | | Cox Oil, LLC, Cox Operating LLC, Energy XXI GOM, L |
| op | | David M. Dunn, as Plan Administrator |
| cr | | Deep Sea Development Services, Inc., 19219Katy Freeway, Suite 260, Houston, UNITED STATES |
| cr | | Derrick Daniels |
| cr | | Diamond Oil Field Supply Inc |
| cr | | Diverse Safety & Scaffolding, LLC |

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 5 of 6 |
| Date Rcvd: Feb 08, 2022 | Form ID: pdf002 | Total Noticed: 131 |

| | |
|---|---|
| intp | Ecopetrol America LLC |
| cr | Ecopetrol America LLC |
| cr | Edward C Stengel |
| cr | Edward Randall, Individually and as Representative |
| intp | Eni Petroleum US LLC |
| intp | Eni US Operating Co. Inc. |
| cr | Enterprise Gas Processing, LLC |
| cr | ExxonMobil Corporation |
| intp | Facilities Consulting Group, LLC |
| cr | Florida Gas Transmission Company, LLC |
| cr | Florida Gas Transmission, LLC, |
| cr | Freeport-McMoRan Oil & Gas LLC |
| cr | Fugro USA Marine, Inc. |
| cr | George Canjar |
| cr | Goldman Sachs Bank USA |
| cr | HB Rentals, LC |
| cr | HCC International Insurance Company PLC |
| cr | HHE Energy Company |
| cr | Halliburton Energy Services, Inc. |
| cr | Hess Corporation |
| cr | Houston Energy Deepwater Ventures I |
| cr | Hunt Oil Company, Chieftain International (U.S.) L |
| cr | ITC Global, Inc. |
| cr | Infinity Valve & Supply LLC |
| cr | Intracoastal Liquid Mud, Inc., UNITED STATES |
| cr | Japex (U.S.) Corp. |
| cr | Jeffrey W Faw |
| cr | John A Sansbury, Jr |
| intp | Kilgore Marine |
| cr | LLOG Energy, L.L.C. |
| cr | LLOG Exploration Offshore, L.L.C. |
| cr | Lavaca County |
| cr | Liberty Mutual Insurance Company |
| cr | Linear Controls, Inc. |
| cr | Live Oak CAD |
| cr | Louisiana Safety Systems, Inc. |
| intp | Manta Ray Offshore Gathering Company, L.L.C. |
| cr | Mark Howard Gillespie |
| cr | Michael Howard Clark |
| cr | Moodys Investors Service, Inc. |
| cr | Multiklient Invest AS |
| cr | NOV Process & Flow Technologies US, Inc. |
| cr | National Oilwell Varco, L.P. |
| intp | Nautilus Pipeline Company, L.L.C. |
| cr | North American Specialty Insurance Company |
| cr | Oceaneering International Inc. |
| cr | Oil States Energy Services, LLC |
| cr | Partco, LLC |
| cr | Philadelphia Indemnity Insurance Company |
| cr | Process Piping Materials, Inc. |
| intp | QuarterNorth Energy LLC and certain of its affilia |
| cr | R360 Environmental Solutions, LLC |
| intp | RLI Insurance Company |
| cr | Renaissance Offshore, LLC |
| cr | Republic Helicopters, Inc. |
| cr | Ridgewood Energy Corporation |
| cr | Rio Grande City CISD |
| crcm | SLTL Ad Hoc Committee |
| cr | SM Energy Company |
| cr | Samson Contour Energy E & P, LLC |
| cr | Samson Offshore Mapleleaf, LLC |
| cr | Sea Robin Pipeline Company, LLC |
| cr | Shell GOM Pipeline Company, LLC |

| District/off: 0541-4 | User: ADIuser | Page 6 of 6 |
|---|---|---|
| Date Rcvd: Feb 08, 2022 | Form ID: pdf002 | Total Noticed: 131 |

| | | |
|---|---|---|
| cr | | Shell Pipeline, LLC |
| cr | | Sirius America Insurance Company |
| cr | | Sparrows Offshore, LLC |
| cr | | Starr County |
| cr | | State of Louisiana, Department of Natural Resource |
| cr | | Stingray Pipeline Company, LLC |
| intp | | Subsea 7 LLC |
| cr | | Superior Energy Services, L.L.C. |
| cr | | Talos Energy Inc. |
| cr | | Talos Energy LLC |
| cr | | Texaco Inc. |
| cr | | The Hanover Insurance Company |
| cr | | The Louisiana Land & Exploration Company |
| crcm | | The Official Committee of Unsecured Creditors |
| cr | | Toys O'Neil |
| cr | | Travelers Casualty and Surety Company of America |
| cr | | Trunkline Gas Company, LLC |
| cr | | U.S. Department of the Interior |
| cr | | Union Oil Company of California |
| cr | | Unocal Pipeline Company |
| cr | | Valero Marketing and Supply Company |
| cc | | Valero Marketing and Supply Company |
| cr | | W&T Energy VI, LLC |
| cr | | W&T Offshore, Inc. |
| cr | | Warrior Energy Services Corporation |
| cr | | Welltec, Inc. |
| cr | | Wild Well Control, Inc. |
| cr | | Workstrings International, LLC |
| cr | | XH LLC |
| cr | | XL Specialty Insurance Co |
| cr | | XL Systems, L.P. |
| cr | | XTO Energy, Inc. |
| cr | | XTO Offshore, Inc. |
| db | *+ | Fieldwood Energy Inc., 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| cd | *+ | Fieldwood Energy LLC, 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| cr | ##+ | Milorad Raicevic, 3701 Kirby Drive, Suite 1000, Houston, TX 77098-3928 |

TOTAL: 125 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 10, 2022              Signature:       /s/Joseph Speetjens