United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

## ORDER ESTABLISHING DEADLINE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PROCEDURES RELATING THERETO AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "**Motion**")[2] of the Plan Administrator, pursuant to sections 503(a) and 105(a) of Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for entry of an order fixing a deadline and establishing procedures for filing requests for payment of administrative expense claims and approving the form and manner of notice thereof, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and exhibits thereto; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Except as otherwise provided herein, all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that assert a claim constituting a cost or expense of administration incurred during the Chapter 11 Cases of the kind specified under section 503(b) of the Bankruptcy Code and entitled to administrative priority status under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses incurred on or after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors, shall file an Administrative Expense Proof of Claim on or before **March 25, 2022 at 5:00 p.m. (prevailing Central Time)** (the "**Administrative Expense Bar Date**"); *provided*, *however*, that the Administrative Expense Bar Date does not apply to the "Excluded Claims" listed in paragraph 8 below.

2. Nothing herein shall extend or otherwise impact the deadlines to file claims against the Debtors as set forth in prior orders of the Court, including, but not limited to, the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 1751] and the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [ECF No. 466].

3. The proposed notice of the Administrative Expense Bar Date, substantially in the form annexed hereto as **Exhibit 1** (the "**Administrative Expense Bar Date Notice**"), is approved.

4. The proposed Administrative Expense Claim form, substantially in the form annexed hereto as **Exhibit 2** (the "**Administrative Expense Claim Form**"), is approved.

5. The Plan Administrator shall post the Administrative Expense Bar Date Notice and the Administrative Expense Claim Form on the website established by Prime Clerk for these Chapter 11 Cases: https://cases.primeclerk.com/fieldwoodenergy/.

6. The following procedures for filing Administrative Expense Proofs of Claim shall apply:

   a. Administrative Expense Proofs of Claim must conform substantially to the form annexed hereto as **Exhibit 2**;

   b. Administrative Expense Proofs of Claim must be filed (i) electronically through Prime Clerk's website at https://cases.primeclerk.com/fieldwoodenergy/; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by mailing, sending by overnight delivery service, or hand delivering the original completed Administrative Expense Claim Form(s) to Prime Clerk at the following address:

   | **Prime Clerk:** |
   |---|
   | Fieldwood Claims Processing Center |
   | c/o Prime Clerk LLC |
   | 850 3rd Avenue, Suite 412 |
   | Brooklyn, NY 11232 |

   c. Administrative Expense Claims will be deemed filed only when: (i) if filed electronically, at the time of filing through Prime Clerk's website or PACER, or (ii) if filed by mail, overnight delivery service, or hand delivery, at the time Prime Clerk receives the original completed Administrative Expense Claim Form at the above address;

   d. Administrative Expense Proofs of Claim must (i) be signed by the holder or, if the holder is not an individual, by an authorized agent of the holder under penalty of perjury, (ii) set forth with specificity the legal and factual bases for the alleged Administrative Expense Claim, (iii) include supporting

3

      documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available, (iv) be in the English language, and (v) be denominated in United States currency; and

    e.    Administrative Expense Proofs of Claim must specify by name and case number the Debtor against which the Administrative Expense Claim is filed.  If the holder asserts an Administrative Expense Claim against more than one Debtor or has claims against different Debtors, a separate Administrative Proof of Claim must be filed with respect to each Debtor.  If the holder lists multiple Debtors on its Administrative Expense Proof of Claim, then such claim will be treated as if it was filed against the first listed Debtor.

7.    Prime Clerk will not accept Administrative Expense Proofs of Claim by facsimile, telecopy, email, or other electronic submission (other than as specifically provided herein).

8.    The following persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) are **not** required to file an Administrative Expense Proof of Claim on or before the Administrative Expense Bar Date, solely with respect to the claims described below (collectively, the "**Excluded Claims**"):

    a.    any person or entity that has already filed an Administrative Expense Proof of Claim against a Debtor in a form substantially similar to the Administrative Expense Claim Form and otherwise in compliance with the Procedures so long as the holder does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Administrative Expense Proof of Claim must be filed;

    b.    any holder of an Administrative Expense Claim that has been allowed by order of the Court entered on or before the Administrative Expense Bar Date;

    c.    any person or entity whose Administrative Expense Claim has been paid in full, whether by any of the Debtors, the Post-Effective Date Debtors (including FWE III), QuarterNorth, FWE I, or FWE IV, as applicable;

    d.    any holder of an Administrative Expense Claim that is asserted against a person or entity that is not one of the Debtors, including, without limitation, any claim that has been (i) assumed by or assigned to QuarterNorth pursuant to the Credit Bid Purchase Agreement or (ii) allocated to either FWE I (now GOM Shelf LLC) or FWE IV pursuant to either the Initial Plan of Merger or the Subsequent Plan of Merger;

    e.    any holder of a DIP Claim, Postpetition Hedge Claim, or Fee Claim;

4

      f.      any holder of an Administrative Expense Claim for which specific deadlines previously have been fixed by this Court, including, without limitation, holders of claims under section 503(b)(9) of the Bankruptcy Code and holders of cure claims for assumed executory agreements; and

      g.      the Office of the U.S. Trustee, including any requests for payment of quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6).

9. Any holder of an Administrative Expense Claim that is required by this Order to file an Administration Expense Proof of Claim by the Administrative Expense Bar Date and fails to timely file such Administrative Expense Proof of Claim in appropriate form by the Administrative Expense Bar Date (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, the Post-Effective Date Debtors, the Plan Administrator, and their property, and (ii) shall not be permitted to participate in any distribution in these Chapter 11 Cases on account of such alleged Administrative Expense Claim, or receive further notices regarding such claim.

10. The Plan Administrator and the Post-Effective Date Debtors are authorized, but not directed, to publish the Administrative Expense Bar Date Notice, with reasonable adjustments and modifications to account for publication limitation, in one or more local or foreign newspapers, trade journals or similar publications, as soon as reasonably practicable after entry of this Order.

11. The Plan Administrator shall cause to be mailed (i) the Administrative Expense Bar Date Notice and (ii) the Administrative Expense Claim Form, which shall be deemed adequate and sufficient if served by first-class mail and electronic mail (to the extent the Plan Administrator has email address information for such parties) at least thirty (30) days prior to the Administrative Expense Bar Date to:

      a.      the Office of the U.S. Trustee;

      b.      all parties known to the Plan Administrator as having a potential Administrative Expense Claim against any of the Debtors' estates,

including any party that provided goods or services to the Debtors on or after the Petition Date, except holders of Excluded Claims;

c. all parties who have requested notice of the proceedings in these Chapter 11 Cases as of the date of entry of this Order;

d. all parties to executory contracts and unexpired leases of the Debtors, except holders of Excluded Claims; and

e. such additional persons and entities deemed appropriate by the Plan Administrator.

12. After the initial mailing or transmission of the Administrative Expense Bar Date Notice and the Administrative Expense Claim Forms, the Plan Administrator may, in its discretion, make supplemental mailings or transmissions of the notice and form, including to the extent that: (i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties in interest (e.g., banks, trustees and brokers) decline to pass along notices to these parties and instead return their names and addresses to the Plan Administrator for direct mailing; or (iii) additional potential holders become known as a result of the Administrative Expense Bar Date Notice mailing process. If notices are returned as "return to sender" without a forwarding address, the Plan Administrator shall not be required to mail additional notices to such holders. Administrative Expense Claims submitted by such additional recipients of the notices and forms, if any, shall be subject to the Administrative Expense Bar Date set forth in this Order.

13. The Plan Administrator and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

14. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: February 17, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Administrative Expense Bar Date Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY III LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[1] | § § § | (Jointly Administered) |

### NOTICE OF DEADLINE FOR FILING REQUESTS
### FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

The United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") has entered an order (the "**Administrative Expense Bar Date Order**") [ECF No.[●]] establishing **March 25, 2022 at 5:00 p.m. (prevailing Central Time)** (the "**Administrative Expense Bar Date**") as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) asserting a claim constituting a cost or expense of administration during the Chapter 11 Cases of the kind specified under section 503(b) of the Bankruptcy Code and entitled to administrative priority under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses incurred on or after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors, to file such claims (each, an "**Administrative Expense Claim**" and, collectively, the "**Administrative Expense Claims**") in these Chapter 11 Cases.[2]

The Administrative Expense Bar Date and the procedures set forth below for filing Administrative Expense Proofs of Claim apply to all holders of Administrative Expense Claims in

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Administrative Expense Bar Date Order or the *Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [ECF No. 2008] (the "**Plan**"), as applicable.

these Chapter 11 Cases, except for the claims listed in Section 4 below that are specifically excluded from the filing requirement.

The Administrative Expense Bar Date Order, the Administrative Expense Bar Date, and the procedures set forth below for filing Administrative Expense Proofs of Claim apply to Administrative Expense Claims against any of the Debtors, as listed in the following table:

| DEBTOR | EIN | CASE NO. | Petition Date |
|---|---|---|---|
| Dynamic Offshore Resources NS, LLC | 35-2190158 | 20-33947 | August 3, 2020 |
| Fieldwood Energy Inc. | 46-1694991 | 20-33949 | August 3, 2020 |
| Fieldwood Energy LLC | 46-1326778 | 20-33948 | August 3, 2020 |
| Fieldwood Energy Offshore LLC | 26-1084494 | 20-33950 | August 3, 2020 |
| Fieldwood Onshore LLC | 47-0953489 | 20-33951 | August 3, 2020 |
| Fieldwood SD Offshore LLC | 11-3758786 | 20-33952 | August 3, 2020 |
| FW GOM Pipeline, Inc. | 38-3718440 | 20-33953 | August 3, 2020 |
| Bandon Oil and Gas GP, LLC | 20-4839172 | 20-33955 | August 4, 2020 |
| Bandon Oil and Gas, LP | 20-4839266 | 20-33956 | August 4, 2020 |
| Fieldwood Energy SP LLC | 16-1671971 | 20-33958 | August 4, 2020 |
| Fieldwood Offshore LLC | 35-2492930 | 20-33961 | August 4, 2020 |
| Galveston Bay Pipeline LLC | 76-0595703 | 20-33959 | August 4, 2020 |
| Galveston Bay Processing LLC | 76-0570422 | 20-33960 | August 4, 2020 |
| GOM Shelf LLC | 76-0648107 | 20-33954 | August 4, 2020 |

1. **WHO MUST FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM**

You **MUST** file an Administrative Expense Proof of Claim if (i) you seek payment of a claim constituting a cost or expense of administration during the Chapter 11 Cases of the kind specified under section 503(b) of the Bankruptcy Code and entitled to administrative priority under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses incurred on or after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors, and (ii) your claim is not one of the types described in Section 4 below, whether or not such claim is fixed, liquidated or certain.

2. **WHAT TO FILE**

Enclosed is a case-specific form for filing Administrative Expense Proofs of Claim for use in these cases (the "**Administrative Expense Claim Form**") and instructions for completing and submitting the Administrative Expense Claim Form. Additional Administrative Expense Claim Forms and instructions may be obtained at (a) the website established by the Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located

2

at https://cases.primeclerk.com/fieldwoodenergy/ (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Administrative Expense Claim Forms must be **signed** by the holder or, if the holder is not an individual, by an authorized agent of the holder. They must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the applicable Petition Date). You must set forth with specificity the legal and factual bases for your Administrative Expense Claim. You also should attach to your completed Administrative Expense Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Administrative Expense Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM AGAINST MORE THAN ONE DEBTOR OR HAVE ADMINISTRATIVE EXPENSE CLAIMS AGAINST DIFFERENT DEBTORS, SEPARATE ADMINISTRATIVE EXPENSE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR ADMINISTRATIVE EXPENSE PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S CHAPTER 11 CASE. IF YOU LIST MULTIPLE DEBTORS ON YOUR ADMINISTRATIVE EXPENSE PROOF OF CLAIM, THEN SUCH CLAIM WILL BE TREATED AS IF IT WAS FILED AGAINST THE FIRST LISTED DEBTOR.

3. **WHEN AND WHERE TO FILE**

All Administrative Expense Proofs of Claim must be filed on or before **March 25, 2022 at 5:00 p.m. (prevailing Central Time)** as follows:

IF ELECTRONICALLY:

The portal available on the Case Website, at https://cases.primeclerk.com/fieldwoodenergy/ (the "**Electronic Filing System**"), and following the instructions provided.

or

PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov.

IF BY U.S. POSTAL SERVICE MAIL:

Fieldwood Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

3

Administrative Expense Proofs of Claim will be deemed filed only when: (i) if filed electronically, at the time of filing through Prime Clerk's website or PACER, or (ii) if filed by mail, overnight delivery service, or hand delivery, at the time Prime Clerk receives the original completed Administrative Expense Claim Form at the above address.

If you wish to receive acknowledgement of receipt of your Administrative Expense Proof of Claim, you must submit concurrently with submitting your Administrative Expense Proof of Claim (i) a copy of the original Administrative Expense Proof of Claim, and (ii) a self-addressed, postage prepaid return envelope.

4.  **WHO NEED NOT FILE AN ADMINISTRATIVE EXPENSE CLAIM**

The following persons or entities need **not** file an Administrative Expense Proof of Claim on or prior to the Administrative Expense Bar Date:

   a.  any person or entity that has already filed an Administrative Expense Proof of Claim against a Debtor in a form substantially similar to the Administrative Expense Claim Form and otherwise in compliance with the Procedures so long as the holder does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Administrative Expense Proof of Claim must be filed;

   b.  any holder of an Administrative Expense Claim that has been allowed by order of the Court entered on or before the Administrative Expense Bar Date;

   c.  any person or entity whose Administrative Expense Claim has been paid in full, whether by any of the Debtors, the Post-Effective Date Debtors (including FWE III), QuarterNorth, FWE I, or FWE IV, as applicable;

   d.  any holder of an Administrative Expense Claim that is asserted against a person or entity that is not one of the Debtors, including, without limitation, any claim that has been (i) assumed by or assigned to QuarterNorth pursuant to the Credit Bid Purchase Agreement or (ii) allocated to either FWE I (now GOM Shelf LLC) or FWE IV pursuant to either the Initial Plan of Merger or the Subsequent Plan of Merger;

   e.  any holder of a DIP Claim, Postpetition Hedge Claim, or Fee Claim;

   f.  any holder of an Administrative Expense Claim for which specific deadlines previously have been fixed by this Court, including, without limitation, holders of claims under section 503(b)(9) of the Bankruptcy Code and holders of cure claims for assumed executory agreements; and

   g.  the Office of the U.S. Trustee, including any requests for payment of quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6).

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this notice does not mean that you have an Administrative Expense Claim or

4

that the Debtors or the Bankruptcy Court believe that you have an Administrative Expense Claim against the Debtors.

5. **CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM BY THE ADMINISTRATIVE EXPENSE BAR DATE**

ANY HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ADMINISTRATIVE EXPENSE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL **NOT** BE TREATED AS A HOLDER WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE CLAIM FOR THE PURPOSE OF PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM AND SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR ESTATES, THE POST-EFFECTIVE DATE DEBTORS, THE PLAN ADMINISTRATOR, AND THEIR RESPECTIVE PROPERTY.

Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Prime Clerk through email at fieldwoodinfo@primeclerk.com. Please note that neither Prime Clerk's staff, counsel to the Debtors or the Post-Effective Date Debtors, the Plan Administrator, counsel to the Plan Administrator, nor the Clerk of the Court's Office is permitted to give you legal advice. Prime Clerk cannot advise you how to file, or whether you should file, a proof of claim.

> **A holder of a potential Administrative Expense Claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file an Administrative Expense Proof of Claim.**

## **Exhibit 2**

**Administrative Expense Claim Form**

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS | ADMINISTRATIVE EXPENSE PROOF OF CLAIM | Administrative Expense Bar Date March 25, 2022 at 5:00 p.m. (CT) |
|---|---|---|

☐ Bandon Oil and Gas GP, LLC (Case No. 20-33955)

☐ Bandon Oil and Gas, LP (Case No. 20-33956)

☐ Dynamic Offshore Resources NS, LLC (Case No. 20-33947)

☐ Fieldwood Energy Inc. (Case No. 20-33949)

☐ Fieldwood Energy LLC (Case No. 20-33948)

☐ Fieldwood Energy Offshore LLC (Case No. 20-33950)

☐ Fieldwood Energy SP LLC (Case No. 20-33958)

☐ Fieldwood Offshore LLC (Case No. 20-33961)

☐ Fieldwood Onshore LLC (Case No. 20-33951)

☐ Fieldwood SD Offshore LLC (Case No. 20-33952)

☐ FW GOM Pipeline, Inc. (Case No. 20-33953)

☐ Galveston Bay Pipeline LLC (Case No. 20-33959)

☐ Galveston Bay Processing LLC (Case No. 20-33960)

☐ GOM Shelf LLC (Case No. 20-33954)

Note: This form should only be used by a Claim Holder asserting an Administrative Expense Claim against a Debtor. THIS FORM SHOULD NOT BE USED FOR ANY CLAIM THAT IS NOT OF A KIND SPECIFIED UNDER 11 U.S.C. § 503(b) AND ENTITLED TO PRIORITY UNDER 11 U.S.C. §§ 507(a)(2), 507(b), or 1114(e)(2).

Name of Claim Holder (The person or entity to whom the Debtor owes money or property)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your Administrative Expense Claim. Attach copy of statement giving particulars.

Check here if this Claim:
☐ replaces or ☐ amends a previously filed Administrative Expense Claim.

Claim Number (if known): _____

Name and Addresses Where Notices Should be Sent:

Name and Addresses Where Payment Should be Sent (if different):

Dated: _____

1. BASIS FOR ADMINISTRATIVE EXPENSE CLAIM:

2. DATE ADMINISTRATIVE EXPENSE CLAIM WAS INCURRED:

3. DESCRIPTION OF ADMINISTRATIVE EXPENSE CLAIM:

4. TOTAL AMOUNT OF ADMINISTRATIVE EXPENSE CLAIM:   $_____ **(Total)**

5. CREDITS AND SETOFFS: The amount of all payments on this Claim has been credited and deducted for the purpose of making this Proof of Claim. In filing this Claim, the Claim Holder has deducted all amounts that it owes to Debtor.

6. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents. If the documents are not available, attach an explanation for why such documents are not available. If the documents are voluminous, attach a summary.

7. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Proof of Claim.

THIS SPACE IS FOR COURT USE ONLY

Date: _____

Sign and print the name and title, if any, of the Claim Holder or other person authorized to file this Claim (attach copy of power of attorney, if any). By signing this form, you declare under penalty of perjury that the information contained in this form is true and correct.

# INSTRUCTIONS FOR FILING ADMINISTRATIVE EXPENSE CLAIM

## DEFINITIONS[1]

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Name of Debtor and Case Number:**
The bankruptcy Debtors' names and case numbers are provided below.

**Bandon Oil and Gas GP, LLC (Case No. 20-33955)**
**Bandon Oil and Gas, LP (Case No. 20-33956)**
**Dynamic Offshore Resources NS, LLC (Case No. 20-33947)**
**Fieldwood Energy Inc. (Case No. 20-33949)**
**Fieldwood Energy LLC (Case No. 20-33948)**
**Fieldwood Energy Offshore LLC (Case No. 20-33950)**
**Fieldwood Energy SP LLC (Case No. 20-33958)**
**Fieldwood Offshore LLC (Case No. 20-33961)**
**Fieldwood Onshore LLC (Case No. 20-33951)**
**Fieldwood SD Offshore LLC (Case No. 20-33952)**
**FW GOM Pipeline, Inc. (Case No. 20-33953)**
**Galveston Bay Pipeline LLC (Case No. 20-33959)**
**Galveston Bay Processing LLC (Case No. 20-33960)**
**GOM Shelf LLC (Case No. 20-33954)**

**Claim Holder**
Any person, corporation, or other entity (including any Governmental Unit) to whom the Debtor owes or allegedly owes an Administrative Expense Claim.

**Administrative Expense Claim**
Any Claim constituting a cost or expense of administration incurred during the Chapter 11 Cases of a kind specified under section 503(b) of the Bankruptcy Code and entitled to priority under sections 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses of preserving the Estates and operating the Debtors' businesses incurred on or after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors.

**Submitting Administrative Expense Claim**
Submit signed original claim request with any attachments via United States mail or via overnight service or hand delivery to:

**Fieldwood Energy LLC**
**Claims Processing Center**
**c/o Prime Clerk LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**You may also file your claim electronically at https://cases.primeclerk.com/FieldwoodEnergy/EPOC-Index.**

---

### Items to be completed in Administrative Expense Proof of Claim Form (if not already filled in):

**Name of Debtor and Case Number:**
Check the name of the Debtor against which you assert your administrative expense claim. The Debtors' names and case numbers are listed above.

**Information about Claim Holder:**
Complete the section giving the name, address, and telephone number of the Claim Holder to whom the Debtor owes money or property, and the Debtor's account number(s), if any. If anyone else has already filed an Administrative Expense Claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Expense Proof of Claim replaces or changes an Administrative Expense Proof of Claim that was already filed, check the appropriate box on the form.

**1. Basis for Administrative Expense Claim:**
Check the type of debt for which the Administrative Expense Proof of Claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtor first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Expense Claim:**
Fill in the total amount of the entire Administrative Expense Claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Administrative Expense Claim:**
Describe the Administrative Expense Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Credits and Setoffs:**
By signing this Administrative Expense Proof of Claim, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

**7. Supporting Documents:**
You must attach to this Administrative Expense Proof of Claim copies of documents that show the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available you must attach an explanation of why they are not available.

**8. Date-Stamped Copy:**
To receive an acknowledgment of the filing of your Administrative Expense Proof of Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Proof of Claim.

---

[1] Capitalized terms used but not otherwise defined in these Instructions shall have the meaning ascribed to such terms in the Modified Eighth Amended Joint Plan of Fieldwood Energy LLC and Its Affiliated Debtors, *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 25, 2021) [ECF No. 2008].