# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.[1]** | § | |

## PLAN ADMINISTRATOR'S MOTION TO EXTEND THE DEADLINE TO FILE CLAIM OBJECTIONS

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 17, 2022 AT 9:00 A.M. IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002. PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

CONFERENCE ROOM NUMBER IS 954554. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE. THE MEETING CODE IS "JUDGEISGUR". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE ISGUR'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned Post-Effective Date Debtors (collectively, the "Post-Effective Date Debtors"), files this *Plan Administrator's Motion to Extend the Deadline to File Claim Objections* (the "Motion"). In support of the Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

**A.       General Case Background**

2.       On August 3, 2020 and August 4, 2020, (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

3.       On June 25, 2021, the Court entered the *Findings of Facts, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood*

2

*Energy LLC and its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, including at Docket No. 2008, the "Plan").[2]

4.      On August 27, 2021, the Debtors filed that certain *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date.* [Docket No. 2016], setting forth that, *inter alia*, the Effective Date occurred on August 27, 2021 (the "Effective Date").

**B.      The Deadline to Object to Claims**

5.      On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.  *See* Plan § 5.9(b).

6.      The Plan Administrator is responsible, to the extent not otherwise provided for in the Plan, for carrying out and implementing all provisions of the Plan on behalf of the Debtors and Post Effective Date Debtors, including reviewing and reconciling all Claims asserted against the Debtors (inclusive of not only general unsecured claims asserted against the Debtors, but also priority, secured, and administrative expense claims) and making distributions on account of Allowed Claims.  As more fully set forth therein, section 5.9(c) of the Plan vests the Plan Administrator with "all the rights, powers, authority, and duties on behalf of each of the Debtors and Post-Effective Date Debtors [other than the Post-Effective Date FWE I Subsidiaries pursuant to section 5.9(a) of the Plan] . . . to carry out and implement all provisions of the Plan, including, without limitation, to: (i) subject to Section 7 of the Plan, except to the extent a Claim has been previously Allowed, control and effectuate the Claims reconciliation process (including Allowance or Disallowance of Claims), in accordance with the terms of this Plan and the

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

Confirmation Order, including to object to, seek to subordinate, compromise, estimate, or settle any and all Claims against the Debtors . . . ."  Plan § 5.9(c).

7.      Section 7.2 of the Plan provides, "after the Effective Date, the Post-Effective Date Debtors and the Plan Administrator shall have the authority (a) to file, withdraw, or litigate to judgment objections to Claims; (b) to settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (c) to administer and adjust the Debtors' claims register to reflect any such settlement or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan § 7.2.

8.      Section 7.5 of the Plan provides, "Any objections to a Claim shall be filed on or before the date that is the later of (a) 180 days after the Effective Date and (b) such later date as may be fixed by the Bankruptcy Court after notice and a hearing, upon a motion by the Post-Effective Date Debtors, as such deadline may be extended from time to time." Plan § 7.5. Accordingly, the deadline to object to Claims is February 23, 2022 (the "Claims Objection Deadline").  Prior to the filing of this Motion, no extension of the Claims Objection Deadline has been requested or granted.

**C.      The Claims Reconciliation Process**

9.      On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

10.      On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs

of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.[3]

11.     The Plan generally divides Claims asserted by general unsecured creditors, other than Intercompany Claims and certain subordinated claims, into two classes: Class 6A, with respect to Unsecured Trade Claims, and Class 6B, with respect to General Unsecured Claims.  As of the Effective date, over 750 Class 6B General Unsecured Claims were filed against the Debtors, aggregating an amount in excess of $28.3 billion.  Over seventy Class 6A Unsecured Trade Claims were also filed against the Debtors, asserting an amount in excess of $22 million.  In addition, over $17.5 billion in secured claims, over $22.3 million in priority claims, and over $6 million in Administrative Expense Claims (exclusive of Fee Claims) were asserted prior to the Effective Date.

12.     On September 3, 2021, the Plan Administrator filed that certain *Motion of the Plan Administrator for Entry of an Order Approving Omnibus Claims Objection Procedures and Filing of Omnibus Claim Objections* [Docket No. 2042] (the "Omnibus Claim Objection Procedures Motion").

13.     On September 28, 2021, the Court entered an Order approving the Omnibus Claims Objection Procedures Motion.  *See* Docket No. 2068.

14.     To date, the Plan Administrator and his professionals have made substantial progress in reviewing and reconciling the General Unsecured Claims register.  In this regard, the Plan Administrator has prepared and filed eight omnibus claim objections (collectively, the "Omnibus Claim Objections").  *See* Docket Nos. 2076, 2077, 2078, 2079, 2080, 2259, 2318, and

---

[3] As more fully set forth below, the Plan Administrator has filed the Administrative Claim Bar Date Motion (defined below) in order to establish a deadline by which claimants must assert Administrative Expense Claims against the Debtors.

2319.  Pursuant to the Court's orders approving the Omnibus Claim Objections, in whole or in part, an aggregate amount of 159 Claims, representing an aggregate asserted value of more than $3.3 billion, have been disallowed to date.  *See* Docket Nos. 2210, 2261, 2262, 2293, 2301, 2324, 2347, 2348, and 2378.

15.     In addition, the Plan Administrator and certain creditors, principally comprised of the holders of the Debtors' prepetition surety bonds are in ongoing discussions regarding the disposition of numerous claims asserted by such parties.  Furthermore, the Plan Administrator and his professionals are actively reviewing, reconciling, and obtaining further information regarding numerous other Claims asserted against the Debtors, including rejection damages claims.  To date, the Plan Administrator has contacted ninety-six claimants regarding their asserted Claims and has begun asserting objections on a claim-by-claim basis, two of which have been sustained by the Court to date.  *See* Docket Nos. 2376 and 2377.

16.     Moreover, the Plan Administrator has been working diligently to contact, reconcile, and satisfy (as appropriate) the Class 6A Unsecured Trade Claims in accordance with section 4.6 of the Plan by entering into Trade Agreements and stipulations regarding the satisfaction of such Claims.  To date, the Plan Administrator has fully resolved and/or satisfied more than thirty-six of the seventy-four Class 6A Unsecured Trade Claims.  *See* Docket No. 2382.

17.     On January 25, 2022, the Plan Administrator filed that certain *Motion of Plan Administrator for Entry of Order Establishing Deadline for Filing Requests for Payment of Administrative Expense Claims and Procedures Relating Thereto and Approving Form and Notice Thereof* [Docket No. 2344]  (the "Administrative Claim Bar Date Motion").  The Administrative Claim Bar Date seeks, *inter alia*, to establish March 25, 2022 at 5:00 p.m. (Central Time) as the deadline (the "Administrative Claim Bar Date") for persons to assert Administrative Expense

Claims against the Debtors, all as more fully set forth therein.  Accordingly, at this time, the extent or amount of Administrative Expense Claims asserted against the Debtors has not yet been determined.

18.     On February 17, 2022, the Court entered an Order [Docket No. 2387] approving the Administrative Claim Bar Date Motion.

## RELIEF REQUESTED

19.     The Plan Administrator respectfully requests a 180-day extension of the Claims Objection Deadline through and including August 22, 2022 to continue the Claims reconciliation process.

20.     Pursuant to the Plan, the Plan Administrator, on behalf of the Debtors and Post-Effective Date Debtors, is authorized to seek an extension of the Claims Objection Deadline.  *See* Plan, at § 7.5.  Additionally, Bankruptcy Rule 9006(b)(1) provides, in pertinent part, "when an act is required or allowed to be done at or within a specified period by these ruled or by a notice . . . or by order of court, the court for cause shown may at any time in its direction (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of" such period.  Moreover, section 105(a) provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

21.     Under these circumstances, an extension of the Claim Objection Deadline is particularly appropriate to ensure that the Claims reconciliation process is fulsome, accurate, and completed in a fair and efficient manner.  The Plan Administrator has been actively working towards a reconciliation of Claims from his appointment, starting with the filing of the Omnibus Claim Objection Procedures Motion shortly after the Effective Date and subsequent filing of eight Omnibus Claim Objections.  However, the Plan Administrator's Claims reconciliation process

59217/0002-21460457v1

remains ongoing, as the Plan Administrator and his professionals work to obtain information from claimants and other parties in interest required to successfully substantiate and reconcile the Claims asserted against the Debtors.  In this regard the Plan Administrator has contacted over ninety-six claimants as part of his ongoing Claims reconciliation process and has begun preparing substantive objections to such claims to the extent a consensual resolution cannot be reached.

22.     Moreover, Administrative Claim Bar Date is after the current Claims Objection Deadline.  Although the Claims Objection Deadline in the Plan would likely be inapplicable to Administrative Expense Claims filed after the expiration of the current Claims Objection Deadline, the Plan Administrator believes that for ease of administration and consistency in the Claims reconciliation process, an extension of the Claims Objection Deadline through and including August 22, 2022 so that it applies to all Claims (inclusive of Administrative Expense Claims) asserted against the Debtors will prevent confusion among claimants and provide the Plan Administrator the time needed to adequately review and reconcile all such Claims.

23.     Beyond the fact that the ultimate pool of asserted Administrative Expense Claims is not yet determined, extending the Claim Objection Deadline will preserve the Plan Administrator's ability to conduct diligence on appropriate Claims and facilitate an efficient, cost-effective Claims reconciliation process and allow the Plan Administrator to attempt to consensually resolve as many disputed Claims as possible to avoid unnecessary litigation expenses.  Based on the foregoing, the Plan Administrator respectfully requests that the Court extend the Claims Objection Deadline through August 22, 2022.

8

**NOTICE**

24.     Notice of this Motion will be served *via* the Court's CM/ECF system, email, or first-class mail, as applicable, on affected claimants and on any other party entitled to notice under the Bankruptcy Rules or Local Rules.


**WHEREFORE**, the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.


Dated:  February 22, 2022                    Respectfully submitted,

                                             By: */s/ Michael D. Warner*
                                             Michael D. Warner, Esq. (TX Bar No. 00792304)
                                             Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
                                             **PACHULSKI STANG ZIEHL & JONES LLP**
                                             440 Louisiana Street, Suite 900
                                             Houston, TX 77002
                                             Telephone: (713) 691-9385
                                             mwarner@pszjlaw.com
                                             bwallen@pszjlaw.com

                                             -and-

                                             Gabriel Sasson, Esq. (Admitted *pro hac vice*)
                                             John F. Iaffaldano, Esq. (Admitted *pro hac vice*)
                                             **STROOCK & STROOCK & LAVAN LLP**
                                             180 Maiden Lane
                                             New York, NY 10038
                                             Telephone: (212) 806-5400
                                             gsasson@stroock.com
                                             jiaffaldano@stroock.com

                                             *Counsel for the Plan Administrator*

59217/0002-21460457v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2022, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Michael D. Warner*
Michael D. Warner