UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

### ITC GLOBAL, INC'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM

ITC Global, Inc. ("ITC") files this Response to the *Plan Administrator's Objection Pursuant to Section 502(b) of the Bankruptcy Code to Claim Number 831 Filed by ITC Global, Inc.* (the "Objection") [Doc. No. 2333]. As set forth below, the Objection should be overruled, and ITC's claims should be allowed in full.

### I. Preliminary Matters

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

1

## II. Background

2.     ITC agrees that Paragraph Nos. 4-9 of the Objection accurately summarize the relevant procedural history of the above numbered and styled bankruptcy case (the "Case").

3.     On November 25, 2020, ITC filed its proof of claim (the "Proof of Claim") [Claim No. 122-1], asserting a claim against the Debtors' estate in the amount of $10,760.00. ITC attached invoices (the "Invoices") to the Proof of Claim, which evidence the goods and services provided to the Debtors.[2] More specifically, the Invoices were sent to Fieldwood Energy, LLC, a Debtor in this Case, on the following dates: April 1, May 1, June 1, and July 1 of 2020.[3]

4.     ITC acknowledges having received a letter from the Plan Administrator dated October 28, 2021, which requested supporting documentation and/or information in support of the Proof of Claim. ITC provided the Invoices directly to the Plan Administrator in response to the Plan Administrator's request. Despite the Plan Administrator's assertions, neither ITC nor its counsel have any record of having received any subsequent communication(s) from the Plan Administrator, including, without limitation, a communication that the Debtor is not liable for the Invoices because the good and services evidenced by the Invoices were received by Fieldwood Energy Services de México, S. de R.L. de C.V ("Fieldwood Mexico").

5.     To be clear, ITC has never done business with Fieldwood Mexico and/or invoiced it for goods and services rendered. While the Plan Administrator has filed a Declaration (the "Gring Declaration") asserting that the goods and services evidenced by the Invoices were provided to Fieldwood Mexico, ITC is unable to verify the accuracy of the Gring Declaration's

---

[2] A copy of ITC's proof of claim, including the invoices, are attached hereto as **Exhibit A**.

[3] ITC received a request for equipment and services from the Debtor, and provided such equipment and services to the Debtor from March to June of 2015.

assertions because the portion of the "Books and Records" that the Gring Declaration relies on has never been provided to ITC.

6. ITC, on the other hand, has done business with the Debtor for a number of years, and has always invoiced the Debtor for the goods and services provided. ITC did not receive payment for the goods and services evidenced by the Invoices, and subsequently filed the Proof of Claim in this Case.

7. The Plan Administrator has failed to provide any competent evidence that rebuts the prima facie validity of the Proof of Claim and the Invoices.[4]

### III. Applicable Law

8. Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* FED. R. OF BANK. P. 3001(f).

9. Upon submission of a properly filed and executed proof of claim, the burden shifts to the objecting party to "come forward with enough substantiations to overcome the claimant's prim facie case."[5]

10. A debtor cannot overcome the prima facie validity of a proof of claim with a simple objection, but instead must support its objections with "*evidence* to negate a fact set forth in the proof of claim."[6]

---

[4] Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, any party objecting to the claim has the burden of introducing evidence sufficient to rebut the presumption of validity. *See generally* COLLIER ON BANKRUPTCY ¶ 3001.09[2] (16th ed. 2019).

[5] *In re Walston*, 606 F. App'x 543, 546 (11th Cir. 2015) (per curiam) (internal citations omitted).

[6] *Id.* (internal citations omitted) (emphasis in original).

11.     Mere unsupported testimony by a debtor is not sufficient to rebut the presumption of validity given to a properly filed proof of claim.[7]

### IV.     Argument

12.     The Objection asserts that the amount sought through the Proof of Claim is owed by Fieldwood Mexico rather than by the Debtor—and, because Fieldwood Mexico is not a Debtor in this Case, the Proof of Claim should be disallowed.[8]  Additionally, the Objection provides that ITC should seek payment of the Invoices from Fieldwood Mexico.[9]

13.     The entire basis for the Plan Administrator's argument is his alleged review of the Debtor's "Books and Records," which the Plan Administrator fails to attach to either the Objection or the Gring Declaration.  The Gring Declaration, therefore, amounts to unsupported testimony by the Debtor, and is insufficient to rebut the presumption that ITC's Proof of Claim is valid.[10]

14.     Additionally, ITC objects to the Gring Declaration being admitted into evidence at any hearing on the Objection to the Proof of Claim because the statements asserted therein constitute hearsay and "double hearsay,"[11] and the "Books and Records" referenced in the Gring Declaration are the best evidence[12] of the Plan Administrator's assertion that the goods and

---

[7] *In re Crutchfield*, 492 B.R. 60, 76 (Bankr. M.D. Ga. 2013).

[8] *See* Objection, at ¶¶11–12.

[9] *Id*. at ¶ 12.

[10] *See In re Walston*, 606 F. App'x at 546; *In re Crutchfield*, 492 B.R. at 76.

[11] Hearsay refers to a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c); *see also Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 374 (5th Cir. 2007) (per curiam) (affirming lower court's decision to exclude section of plaintiff's affidavit that constituted double hearsay).

[12] Federal Rule of Evidence 1002 provides, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FED. R. EVID. 1002; *see also Railroad Management Co., L.L.C. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 217 (5th Cir. 2005) (affirming the lower court's decision to exclude affidavits summarizing the contents of an assignment agreement, where the party offering the agreement had access to the assignment agreement itself and provided no reason for its failure to submit a copy to the court).

services evidenced by the Invoices were provided to ITC Mexico. The Gring Declaration, therefore, is not competent evidence that can be used to rebut the prima facie valid of the Proof of Claim.

15.     The Debtor has failed to produce any other evidence in support of its Objection to the Proof of Claim. As a result, the Objection should be overruled.

## V.  Prayer

Wherefore, ITC prays that the Court overrule the Objection and enter an order allowing the amount set forth in the Proof of Claim in its entirety, and that the Court award ITC all other and further relief to which it may be justly entitled.

Dated: February 25, 2022
Houston, Texas

Respectfully Submitted:

By:  */s/ Lloyd A. Lim*
Lloyd A. Lim – SBT # 24056871
Lloyd.Lim@keanmiller.com
Rachel Kubanda – SBT #24093258
Rachel.Kubanda@keanmiller.com
711 Louisiana Street
Suite 1800, South Tower
Houston, TX 77002
Phone: (713) 844-3000
Fax: (713) 844-3030

COUNSEL TO ITC GLOBAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2022, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Lloyd A. Lim*
Lloyd A. Lim