## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.**[1] | § | |

**DECLARATION OF CLAYTON GRING IN SUPPORT OF PLAN ADMINISTRATOR'S**
**TENTH OMNIBUS OBJECTION SEEKING TO RECLASSIFY CERTAIN CLAIMS**

**(IMPROPERLY CLASSIFIED CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Clayton Gring, solely in my capacity as advisor to the Plan Administrator, hereby declare as follows:

1.      I am a Managing Director with AlixPartners, LLP ("AlixPartners"), an internationally recognized consulting firm that has a wealth of experience in providing restructuring advisory services both in and out-of-court, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

2.      Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Tenth Omnibus Objection Seeking to Reclassify Certain Claims (Improperly Classified Claims)* (the "Objection").[2]

3.      The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction.  Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in Schedule 1 to the Proposed Order (collectively, the "Claims") as well as the documentation attached thereto.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4.      The Plan Administrator is in the process of reviewing all claims and/or interests filed against each of the Debtors in these chapter 11 cases.  As part of this review, the Plan Administrator's representatives have reviewed the Claims and determined that each Improperly Classified Claim was asserted with incorrect or improper classification.  As more specifically described in **Schedule I** to the Proposed Order, each Claim subject thereto was either: (a) asserted by a third-party vendor as a priority wage claim when the Claimant was not employed by a Debtor; (b) asserted with administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code when—in fact—the applicable delivery of goods to the Debtors did not take place within twenty days prior to the Petition Date; (c) asserted with administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code when—in fact—the Claim is on account of services provided; or (d) incorrectly asserted with priority status pursuant to section 507(a).  For such reasons, the Improperly Classified Claims should be reclassified as general unsecured claims.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

2

5.      If the Claims are not reclassified, the parties that filed these claims could receive recoveries to which they are not actually entitled. I believe that each of the Improperly Classified Claims was incorrectly classified and should be classified as indicated in **Schedule 1** to the Proposed Order.  Accordingly, based on my review of the Improperly Classified Claims, I believe that the relief sought in the Objection is appropriate and is in the best interest of the Debtors' Estates and the Debtors' creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Dated: March 30, 2022                                          */s/Clayton Gring*
                                                                                    Clayton Gring