UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| Post-Effective Date Debtors.[1] | § | |

**PLAN ADMINISTRATOR'S OBJECTION PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE TO CLAIM NUMBER 196 FILED
BY RUSCO OPERATING, LLC
(CLAIM TO BE REDUCED)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO REDUCE THE CLAIM NUMBER 196 THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE REDUCED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 6, 2022 AT 10:00 A.M. (CENTRAL TIME) AND WILL BE HELD IN COURTROOM 404, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

> **CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954-554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned post-effective date debtors (collectively, the "Debtors," as applicable, and after the effective date of their plan of reorganization, the "Post-Effective Date Debtors"), files this *Plan Administrator's Objection Pursuant to Section 502(b) of the Bankruptcy Code to Claim Number 196 Filed by RUSCO Operating, LLC* (this "Objection"). In support of this Objection, the Plan Administrator respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

3. The Plan Administrator respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), reducing Claim No. 196 (the "Claim") by the amount of $93,659.40. The Plan Administrator has conducted a thorough review of the supporting documentation attached to the Claim filed by RUSCO Operating LLC (the "Claimant"), which includes numerous prepetition invoices, and the Plan Administrator has determined that the Claim filed against Fieldwood Energy LLC (the "Estate") has been asserted in an incorrect amount and should be reduced accordingly.

**General Background**

4. On August 3, 2020 and August 4, 2020, (the "Petition Dates"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

5. On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

6. On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

**The Claims Reconciliation Process**

7. On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

8. On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claims in these chapter 11 cases (each, a "Proof of Claim"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

9. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

10. The Plan Administrator and its advisors have been working diligently to review the Proofs of Claim, including any supporting documentation filed therewith. The Plan Administrator has reviewed the Claim that is subject of this Objection, and has determined that RUSCO Operating, LLC's Claim has been asserted in an incorrect amount.

11. The Plan Administrator conducted a detailed analysis of the supporting documentation attached to the Claim, and determined that such supporting documentation includes forty-one invoices, in sum amounting to $539,224.81. While the Plan Administrator does not dispute the validity of the invoices themselves, the amount of $632,884.21 asserted on the face of the Claim exceeds the amount supported by the invoices attached thereto by $93,659.40. Moreover, upon review of the books and records maintained by the Debtors in the ordinary course of business (the "Books and Records") the Plan Administrator has confirmed that the Debtors are

indeed liable for invoices totaling to $539,224.81, consistent with the documentation attached to the Claim in support thereof.

12. The Plan Administrator, through counsel, sent an email to the Claimant on March 10, 2022, inquiring as to the basis for this additional $93,659.40. To date, the Claimant has not responded to the Plan Administrator's correspondence, and the Plan Administrator has not otherwise been able to ascertain the basis for this additional amount.

13. Attached hereto as **Exhibit A** is the *Declaration of Clayton Gring in Support of the Objection Pursuant to Section 502(b) of the Bankruptcy Code Seeking to Reduce Claim Number 196 Filed by RUSCO Operating, LLC* (the "Gring Declaration").

## Basis for Relief

14. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f).

15. To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D.

Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

16. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Furthermore, section 502(b)(1) of the Bankruptcy Code provides that, "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

17. As set forth in the Gring Declaration, the Proof of Claim filed by RUSCO Operating, LLC (Claim Number: 196) of $632,884.21 was identified by the Plan Administrator as having been asserted in an incorrect amount. The Plan Administrator has determined that the amounts reflected in the invoices attached to the Proof of Claim add up to only $539,224.81 -- $93,659.40 less than the $632,884.21 asserted in the Proof of Claim -- and the $539,224.81 amount is, in fact, consistent with the Debtors' Books and Records.

18. For the reasons set forth herein, the Plan Administrator has rebutted the presumption of *prima facie* validity with respect to the $93,659.40 portion of the Claim for which the Plan Administrator is seeking reduction.

19. If the Claim is not reduced, the Claimant will receive a recovery to which it is not actually entitled. *See* Gring Declaration, ¶¶ 4-5. Accordingly, the Plan Administrator respectfully requests that the Court reduce the Claim by $93,659.40.

**Reservation of Rights**

20.     In the event that the Claim is not reduced on the grounds asserted herein, the Plan Administrator hereby reserves its rights to object to this Proof of Claim on any other grounds. Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection.

21.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

**Notice**

22.     Notice of this Objection has been given to the holder of the Claim in accordance with the Rule 3007.  The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection and providing that the Claim shall be reduced; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 13, 2022

*/s/ Michael D. Warner*
Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9401
Email:   mwarner@pszjlaw.com
         bwallen@pszjlaw.com

- and -

Kristopher M. Hansen, Esq. (admitted *pro hac vice*)
Kenneth Pasquale, Esq. (admitted *pro hac vice*)
Gabriel Sasson, Esq. (admitted *pro hac vice*)
John F. Iaffaldano, Esq. (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
       kenpasquale@paulhastings.com
       gabesasson@paulhastings.com
       jackiaffaldano@paulhastings.com

*Counsel for the Plan Administrator*