# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| Post-Effective Date Debtors.[1] | § | |

## DECLARATION OF CLAYTON GRING IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE SEEKING TO REDUCE CLAIM NUMBER 196 FILED BY RUSCO OPERATING, LLC (CLAIM TO BE REDUCED)

Pursuant to 28 U.S.C. § 1746, I, Clayton Gring, solely in my capacity as advisor to the Plan Administrator, hereby declare as follows:

1. I am a Managing Director with AlixPartners, LLP ("AlixPartners"), an internationally recognized consulting firm that has a wealth of experience in providing restructuring advisory services both in and out-of-court, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

2. Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Objection Pursuant to Section 502(b) of the Bankruptcy Code Seeking to Reduce Claim Number 196 Filed by RUSCO Operating, LLC* (the "Objection").[2]

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed the Proof of Claim filed by RUSCO Operating, LLC (Claim Number: 196) (the "Claim"). If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Plan Administrator and its advisors have thoroughly reviewed the Proof of Claim filed by RUSCO Operating, LLC (Claim Number: 196) of $632,884.21, and determined that the Claim has been asserted in an incorrect amount.

5. Specifically, the Plan Administrator reviewed the forty-one prepetition invoices the Claimant attached to its Proof of Claim and determined that the amounts detailed in all forty-one invoices attached thereto add up to only $539,224.81 -- $93,659.40 less than the $632,884.21 asserted in the Proof of Claim -- and the $539,224.81 amount is in fact consistent with the Debtors' Books and Records. Having determined, based on such supporting documentation, that the Claim was asserted in an incorrect amount, on March 10, the Plan Administrator contacted the Claimant via email inquiring as to the basis for the unsupported amounts. To date, the Claimant has not responded to the Plan Administrator's correspondence, and the Plan Administrator has not otherwise been able to ascertain the basis for this additional amount.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

6. If the Claim is not reduced, the Claimant will receive a recovery to which it is not actually entitled. Based on my review of this Claim, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 13, 2022                    */s/ Clayton Gring*
                                   Clayton Gring