# **EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective Date Debtors.[1] | § | |

## DECLARATION OF CLAYTON GRING IN SUPPORT OF PLAN ADMINISTRATOR'S ELEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

### (EQUITY INTERESTS)

Pursuant to 28 U.S.C. § 1746, I, Clayton Gring, solely in my capacity as advisor to the Plan Administrator, hereby declare as follows:

1. I am a Managing Director with AlixPartners, LLP ("AlixPartners"), an internationally recognized consulting firm that has a wealth of experience in providing restructuring advisory services both in and out-of-court, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

2. Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Eleventh Omnibus Objection to Proofs of Claim Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (Equity Interests)* (the "Objection").[2]

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction.  Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in **Schedule 1** to the Proposed Order (collectively, the "Equity Proofs of Claim").  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Plan Administrator is in the process of reviewing all proofs of claim filed against each of the Debtors in these chapter 11 cases.  As part of this review, the Plan Administrator's representatives have reviewed the proofs of claim and determined that each Equity Proof of Claim identified in **Schedule 1** was filed by parties on account of asserted equity interests held by such parties in the Debtors. Specifically, the Equity Proofs of Claim are based solely on prepetition equity interests in the Debtors and not on account of damages or a claim against the Debtors, as more fully set forth in **Schedule 1**. *See* 11 U.S.C. § 501(a) ("A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest."). Nevertheless, certain holders of equity interests filed proofs of claim asserting claims on account of their equity interests, though these holders of Equity Proofs of Claim are not entitled to any recovery in these chapter 11 cases on account of their equity claims.  One claimant (Claim No. 392) sought recovery on account of capital contribution for a 2% equity partnership interest in a

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

2

limited partnership associated with Fieldwood Energy LLC; the other claimant (Claim No. 656) asserted claim seeking recovery on account of the purchase of 1,500 restricted common shares owned by Fieldwood Energy Inc. Such bases asserted in their proofs of claim clearly fall under the category of equity interests, instead of that of claims, and should be disallowed.

5. If the Equity Proofs of Claim are not disallowed in accordance with the proposed order, the parties that filed these proofs of claim could receive recoveries to which they are not actually entitled. Elimination of these Equity Proofs of Claim ensures that Equity Proofs of Claim are treated in accordance with the Plan and the Bankruptcy Code and will enable the Debtors to maintain a more accurate claims register.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 1, 2022                                         */s/ Clayton Gring*
                                                            Clayton Gring