IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III, LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.¹ | § | (Jointly Administered) |

**MOTION OF BP EXPLORATION & PRODUCTION, INC.
TO FILE CONFIDENTIAL ARBITRATION EXHIBITS UNDER SEAL**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE REQUESTED RELIEF.**

BP Exploration & Production Inc. ("BP") submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9037-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court

---

¹ The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

of the Southern District of Texas (the "Local Bankruptcy Rules"), authorizing BP to file under seal an unredacted copy of the confidential exhibits described below and in **Exhibit B** hereto (the "Confidential Exhibits") and attached to the *Emergency Motion of BP Exploration & Production, Inc. to Alter or Amend May 24 Order Pursuant to Bankruptcy Rule 9023* [Docket No. 2487] (the "Emergency Motion") filed contemporaneously herewith.² In support of this Motion, BP respectfully states as follows:

## BACKGROUND

**A.     The Bankruptcy Cases**

1. On August 3, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On April 9, 2021, the Debtors filed their *Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1252]. On June 2, 2021, BP filed *BP Exploration & Production Inc.'s Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1468] (the "Confirmation Objection").

3. On June 25, 2021, after holding a hearing on confirmation of the Plan, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order") which confirmed the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742] (as modified and amended, the "Plan"). On August 27, 2021 (the "Effective Date"), the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and*

---

²    Capitalized terms used but not defined herein have the meanings ascribed to them in the Emergency Motion.

2

*Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016] (the "Notice of Effective Date").

4. Contemporaneously with this Motion, BP has filed the Emergency Motion, which seeks emergency relief from the *Order* [Docket No. 2475] entered on May 24, 2022 (the "May 24 Order") based on the ongoing Arbitration Proceedings between BP and QuarterNorth. The Confidential Exhibits are attached to the Emergency Motion and are necessary to fully apprise the Court of the changed circumstances underpinning the Emergency Motion.

**B.     The Confidential Exhibits**

5. The Confidential Exhibits include the pleadings initiating each of the two Arbitration Proceedings and supporting exhibits as well as a chart comparing the content and factual underpinnings of the 2004 Requests with QuarterNorth's Notice of Intention to Arbitrate.

6. The LSPS OA, specifically, section 22.28 and Exhibit "F" thereof, and the PHA, specifically section 15.11 and Exhibit "I" thereof, require arbitration proceedings between the parties to remain confidential. The confidentiality provisions of the LSPS OA and the PHA regarding arbitration proceedings should apply with the same force and effect as the underlying agreement to arbitrate such disputes, which the Court already recognized in the Arbitration Order.

7. Because BP and QuarterNorth have agreed that the content of the Arbitration Proceeding, including, without limitation, certain information in the Confidential Exhibits, to be highly sensitive and subject to confidentiality restrictions, BP maintains that such information should be kept confidential and requests that the Court allow an unredacted version of the Confidential Exhibits to be filed under seal.

**BASIS FOR RELIEF**

8. Section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers, also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential or commercial information. *Id.* § 107(b).

9. Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides, in relevant part: "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. Furthermore, Local Bankruptcy Rule 9037-1(c) maintains that, "a motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

10. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)); *see also In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

11. Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Meyrowitz*,

4

2006 WL 6544093, at *2 (Bankr. N.D. Tex. Oct. 27, 2006); *see also Faucett*, 438 B.R. at 568 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 28).

12. Here, the unredacted Confidential Exhibits relate to arbitration proceedings and contain certain information that both BP and QuarterNorth have agreed and are contractually obligated to keep confidential pursuant to the LSPS OA and the PHA. In this regard, disclosure of such information could impair not only commercial operations and business activities of BP but also those of QuarterNorth, by, among other things, giving competing businesses an unfair advantage.

13. Therefore, BP moves to file under seal the unredacted Confidential Exhibits. In accordance with Local Bankruptcy Rule 9037-1(f), BP has served QuarterNorth and the U.S. Trustee, via electronic mail, with the unredacted Confidential Exhibits.

**WHEREFORE**, BP respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief the Court may deem proper.

Date: June 1, 2022

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Karl D. Burrer*
Shari L. Heyen
Texas State Bar Number 09564750)
HeyenS@gtlaw.com
Karl D. Burrer
Texas State Bar Number 24043584)
BurrerK@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

– and –

Craig A. Duewall
Texas State Bar Number 24025334
DuewallC@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

– and –

**GREENBERG TRAURIG, P.A.**

John B. Hutton (admitted *pro hac vice*)
HuttonJ@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Counsel for BP Exploration & Production Inc.*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that starting on May 27, 2022, he has engaged in a numerous communications with Paul Genender about this motion, both by telephone and email. Mr. Genender objected to the relief sought but also took the position that he could not tell me his view unless he was first permitted to review the motion itself. I have generally informed Mr. Genender of the bases for the motion. This afternoon, I emailed Mr. Genender again and told him that if I did not hear from him by a time certain, I would put him down as opposed and file the motion. He responded requesting an additional conference tomorrow. Because of the expedited nature to the relief sought and requested, movant is required to file the motion at issue. If the parties resolve any of these issues after additional conference, movant shall so inform the court.

By: */s/ Craig A. Duewall*
Craig A. Duewall

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 1, 2022, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail.

By: */s/ Karl D. Burrer*
Karl D. Burrer