IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> FIELDWOOD ENERGY LLC, *et al.*, § <br> § <br> Post Effective Date Debtors.[1] § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 20-33948 (MI) <br><br> (Chapter No. 11) <br><br> (Jointly Administered) |

**SHELL OFFSHORE, INC.'S JOINDER TO THE EMERGENCY MOTION OF BP
EXPLORATION & PRODUCTION, INC. TO ALTER OR AMEND MAY 24 ORDER
PURSUANT TO BANKRUPTCY RULE 9023**
**[RELATES TO DKT. NO. 2019]**

Shell Offshore Inc. ("Shell") a party-in-interest in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Cases"), hereby files this joinder (the "Joinder") incorporating by reference the *Emergency Motion of BP Exploration & Production, Inc. To Alter or Amend May 24 Order Pursuant to Bankruptcy Rule 9023* (the "Motion") [Dkt. No. 2475].[2] In support of this Joinder, Shell respectfully states as follows:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

[2] Capitalized terms not otherwise defined herein shall maintain the definitions ascribed to them in Shell's Motion to Quash (as hereinafter defined) [Dkt. No. 1412].

115239404.2

**BACKGROUND**

**A. Shell's Relationship with the Debtors**

1. Shell's involvement in the Bankruptcy Cases stems from the fact that Shell and other related affiliates are in chain of title or contractual privity with Fieldwood Energy LLC and its affiliates (collectively, "Fieldwood" or "FWE") either directly or by virtue of divesture of certain oil and gas assets (e.g., well, leases, pipelines) to Apache and other parties.

2. Shell and Fieldwood's business operations are subject to oversight by several government agencies, including, inter alia, the Bureau of Safety and Environmental Enforcement, whose regulations serve as the basis for various plugging and abandonment obligations (the "P&A Obligations") for decommissioning certain leases.

3. Fieldwood is a co-working interest owner and operator of a well in the Gulf of Mexico that is part of the Galapagos field ("Genovesa"). Genovesa was drilled in June-July 2019. Genovesa connects to a host platform called Na Kika (hereinafter "Na Kika" or the "Na Kika Host"). Na Kika is a semi-submersible, four column production platform operating in 6,340 feet of water. Shell has a 50% non-operating ownership interest in the Na Kika Host of which BP operates under the Na Kika JOA between BP and Shell. Thus, BP may have contractual agreements with the Debtors relating to Genovesa or other satellite fields/wells of which Shell is not a party and Shell's consent thereto is not required. Shell operates one satellite field, Coulomb, which has production that flows through the Na Kika Host. Generally, satellite field producers have no relationship with the non-operator, co-owner of a host facility. In the normal course of business, Shell and Fieldwood have no communication or coordination as it relates to Na Kika or Genovesa. Fieldwood, with interest in a satellite field, would have no interaction with the Na Kika non-operator owner—Shell. Shell has no independent discretion over the operation of the Na Kika

Host as it relates to Fieldwood. However, pursuant to the Na-Kika JOA, Shell does have regular communications with BP regarding operations of the Na Kika Host of which satellite field producers have no contractual or other right to obtain or review.

**B. The Chapter 11 Cases**

4. On August 3, 2020 and August 4, 2020, Fieldwood and 13 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

5. On January 1, 2021, the Debtors filed the Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors [Dkt. No. 722] (the "Plan") and the Disclosure Statement for Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors [Dkt. No. 723] (the "Disclosure Statement"). The Court entered the order confirming the Plan on June 25, 2021 [Dkt. No. 1751]. Pursuant to the Plan, the Debtors effectuated a reorganization by way of the following transactions: (i) a credit bid sale; (ii) a divisive merger transaction pursuant to which certain assets and liabilities of FWE have been divided into several NewCo entities; (iii) the decommissioning of certain properties; and (iv) abandonment of certain properties, along with the P&A Obligations associated therewith, to the Debtors' predecessors.

**C. 2004 Notice, Motion to Quash and Motion for Reconsideration**

6. On May 14, 2021, the Debtors informally served the 2004 Notice (the "2004 Notice") by email to counsel for Shell, seeking to schedule a time to meet and confer prior to the Debtors' formal service of the 2004 Notice.

7. In May of 2021; counsel for Shell and the Debtors held several meet and confer meetings in an attempt to work constructively towards a resolution.

8. On May 21, 2021, the Debtors filed the 2004 Notice.

9. On May 28, 2021, Shell filed the *Motion to Quash Debtors' Notice of Bankruptcy Rule 2004 Request for Production of Documents* [Docket No. 1412] (the "Motion to Quash"). On June 11, 2021, the Debtors' filed the *Debtors' Response to Motion of Shell Offshore, Inc. to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* [Dkt. No.1540].

10. On July 9, 2021, the Court held a hearing on the Motion to Quash, in which the Court declined to rule on the underlying merits of the Motion to Quash, but instead delayed its decision pending an attempt by the parties to negotiate a solution.

11. QuarterNorth Energy, LLC ("QuarterNorth") filed the *Emergency Motion for Reconsideration of the Court's Deferral of Ruling on Motions to Quash Rule 2004 Discovery* [Docket No. 2019] (the "Motion to Reconsider Deferral").

12. On September 3, 2021, Shell filed the *Objection to QuarterNorth Energy LLC's Emergency Motion for Reconsideration of the Court's Deferral of Ruling on Motions to Quash Rule 2004 Discovery* [Docket No. 2041].

13. On May 24, 2022, the Court entered its ruling on the Motion to Reconsider Deferral, authorizing QuarterNorth to serve Shell with the discovery requests affixed to the 2004 Notice.

## JOINDER

14. Shell hereby joins, and incorporates by reference, the Motion.

15. The Court should decline to exercise subject matter jurisdiction over the potential claims or causes of action to which the 2004 requests that have been propounded on Shell. The Fifth Circuit has held that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's*

*Stores of Tex., Inc.*), 266 F.3d 390, 391 (5th Cir. 2001); *see* Motion, ¶ 31.  The Debtors previously represented that "the Requests [seek to] investigate potential claims against Shell as well as information relevant to potential claims against third parties, including BP."  *See Debtors' Response to Motion of Shell Offshore, Inc. to Quash Debtors' Bankruptcy Rule 2004 Discovery Requests* [Dkt. No.1540], ¶3.  As the assignee of the MC-519 #3 well, as of the Effective Date, any proceeds from potential claims will inure to the benefit of QuarterNorth (as opposed to the bankruptcy estate).  For the reasons articulated in the Motion, as incorporated herein by reference, the Court should decline to exercise subject matter jurisdiction over potential claims against Shell.

## RESERVATION OF RIGHTS

16. Shell reserves the right to amend, update, modify, and/or supplement the Joinder in all respects, including, at any time, including at any hearing set by the Court for consideration of the Motion.

Dated: June 6, 2022                                    Respectfully submitted,

                                                       */s/ Ryan E. Manns*
                                                       Ryan E. Manns
                                                       State Bar No. 24041391
                                                       ryan.manns@nortonrosefulbright.com
                                                       NORTON ROSE FULBRIGHT US LLP
                                                       2200 Ross Avenue, Suite 3600
                                                       Dallas, TX  75201-7932
                                                       Telephone:     (214) 855-8000
                                                       Facsimile:      (214) 855-8200

                                                       Counsel to Shell Offshore, Inc.

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in these cases on June 6, 2022.

                                                       */s/ Ryan E. Manns*
                                                       Ryan E. Manns