IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et. al*, | § § § | Case No. 20-33948(MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |
| ------------------------------------------------- | § | |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING QUARTERNORTH ENERGY LLC TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

QuarterNorth Energy LLC ("**QuarterNorth**"), by and through the undersigned counsel, respectfully represents as follows in support of this motion (this "**Motion to Seal**"):

## BACKGROUND

1. During the June 7, 2022 hearing (the "**Hearing**"), the Court asked QuarterNorth to provide charts explaining how the Rule 2004 Requests relate to potential causes of action against BP and Shell related to the *Purchase and Sale Agreement* (May 17, 2019) (the "**PSA**"). In answer to the Court's request, QuarterNorth is filing *QuarterNorth Energy LLC's Statement in Support of Bankruptcy Rule 2004 Requests for Production of Documents from BP Exploration & Production, Inc. and Shell Offshore Inc.* (the "**Motion**") and the *Declaration of*

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

*Erin M. Choi in Support of QuarterNorth Energy LLC's Statement in Support of Bankruptcy Rule 2004 Requests for Production of Documents from BP Exploration & Production, Inc. and Shell Offshore Inc.* (the "**Choi Declaration**"), both filed contemporaneously with this Motion to Seal.

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

3. By this Motion to Seal, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, QuarterNorth requests: (i) authority to file under seal the exhibits 1, 2, 3, 5, and 6 attached to the Choi Declaration (the "**Exhibits**")[2]; (ii) direction that the Exhibits remain under seal and not be made available to anyone without the prior written consent of QuarterNorth; and (iii) related relief.

4. A proposed form of order granting the relief requested herein is annexed hereto (the "**Proposed Order**").

## RELIEF REQUESTED SHOULD BE GRANTED

5. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize QuarterNorth to file the

---

[2] Exhibit 4 is BP's presentation to Fieldwood from January 2021, which BP filed publically at ECF No. 985-9.

2

Exhibits under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of confidential commercial information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may — (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b); *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

6. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018.

7. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*,

213 B.R. 646, 655—56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

8. Bankruptcy Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

9. QuarterNorth respectfully requests that the Court permit the Exhibits be filed under seal, as set forth below.

10. QuarterNorth submits that the Exhibits fall within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors."). Rather, section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage. *In re Orion Pictures Corp.,* 21 F.3d at 27-28. Once a court determines that a party in interest is seeking to protect "commercial information," the court "is required to protect a requesting interested party

and has no discretion to deny the application." *Id.* at 27. QuarterNorth is filing documents concerning QuarterNorth's and BP's commercial discussions (Choi Decl., Exs. 1–3) and Authorizations for Expenditures that express commercially sensitive information about the inner working of the parties' businesses (*id.*, Exs. 5, 6).

## NO PREVIOUS REQUEST

11.     No previous request for the relief sought herein has been made by QuarterNorth to this or any other court.

WHEREFORE, QuarterNorth respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief, at law or in equity, as the Court may deem just and appropriate.

Dated: June 10, 2022
Houston, Texas

Respectfully submitted,

  */s/ Paul R. Genender*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com
             Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
             Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Erin M. Choi (24079436)
Kevin M. Simmons (24110364)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email:   Paul.Genender@weil.com
             Erin.Choi@weil.com

*Attorneys for QuarterNorth Energy LLC*

## Certificate of Service

I hereby certify that on June 10, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Paul R. Genender*
      Paul R. Genender