IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et. al*, | § § § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |
| ------------------------------------------------ | § | |

### ORDER AUTHORIZING QUARTERNORTH ENERGY LLC TO FILE EXHIBITS UNDER SEAL

Upon the motion, dated June 10, 2022 (the "**Motion to Seal**")[2] of QuarterNorth Energy LLC ("**QuarterNorth**"), for entry of an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1 (i) authorizing QuarterNorth to file under seal exhibits 1, 2, 3, 5, and 6 attached to the Choi Declaration (the "**Exhibits**"); (ii) directing that the Exhibits remain under seal and not be made available to anyone without the prior written consent of QuarterNorth; and this Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion to Seal and the requested relief being a core proceeding pursuant to 28 U.S.C.

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Seal.

1

§ 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Seal having been provided; and this Court having reviewed the Motion to Seal; and all objections, if any, to the Motion to Seal having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. To the extent it has not already done so, QuarterNorth is authorized, but not directed, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, to file an unredacted version of the Exhibits under seal.

2. The Exhibits are confidential and shall remain under seal, and shall not be made available to anyone, except with the prior written consent of QuarterNorth.

3. Any party who receives the Exhibits in accordance with this Order shall not disclose or otherwise disseminate the Exhibits, or the information contained therein, to any other person or entity without the prior written consent of QuarterNorth.

4. QuarterNorth is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE