IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**FIELDWOOD ENERGY LLC**, *et al.*,<br><br>Post Effective Date Debtors.[1] | §<br>§<br>§<br>§ Case No. 20-33948 (MI)<br>§<br>§ (Chapter No. 11)<br>§<br>§ (Jointly Administered)<br>§<br>§ |

**SHELL OFFSHORE, INC.'S RESPONSE TO (I) QUARTERNORTH ENERGY LLC'S OPPOSITION TO EMERGENCY MOTION OF BP EXPLORATION & PRODUCTION, INC. TO ALTER OR AMEND MAY 24 ORDER PURSUANT TO BANKRUPTCY RULE 9023 AND SHELL OFFSHORE, INC.'S JOINDER TO THE SAME AND (II) QUARTERNORTH ENERGY LLC'S STATEMENT IN SUPPORT OF BANKRUPTCY RULE 2004 REQUESTS FOR PRODUCTION OF DOCUMENTS FROM BP EXPLORATION & PRODUCTION, INC. AND SHELL OFFSHORE INC.**

**[RELATES TO DKT. NO. 2499 AND 2510]**

Shell Offshore Inc. ("Shell") a creditor and party-in-interest in the above-captioned, jointly administered bankruptcy cases (the "Bankruptcy Cases"), hereby files this response ("Response") to *QuarterNorth Energy LLC's Opposition to Emergency Motion of BP Exploration & Production, Inc. to Alter or Amend May 24 Order Pursuant to Bankruptcy Rule 9023 and Shell Offshore, Inc.s Joinder to the Same* [Dkt. No. 2499] and (ii) *QuarterNorth Energy LLC's Statement* (the "Statement") *in Support of Bankruptcy Rule 2004 Requests for Production of Documents from BP*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Energy LLC (6778); Fieldwood Energy Inc. (4991); Fieldwood Energy Offshore LLC (4494); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); FW GOM Pipeline, Inc. (8440); GOM Shelf LLC (8107); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422). The Debtors' primary mailing address is 2000 W. Sam Houston Parkway S., Suite 1200, Houston, TX 77042.

130571366.2

*Exploration & Production, Inc. and Shell Offshore Inc.* [Dkt. No. 2510]. In support of this Response,[2] Shell respectfully states as follows:

### Preliminary Statement

In adherence with the Court's June 7, 2022 ruling, Shell has prepared corresponding responses to QuarterNorth's requests and alleged relevance to PSA-related claims. *See* Exhibit A. Notwithstanding QuarterNorth's withdrawal of six of the thirteen requests, Shell has articulated specific concerns with the remaining 2004 Requests referenced in Exhibit "B" to the Statement (the "Requests"). For example, four of the remaining seven Requests call for "[a]ll Documents" and "Communications" over a three year period. Indeed, the 2004 Notice calls for far-ranging documents that reach into the internal affairs and proprietary business decisions of Shell, with merely a conclusory relevancy allegation linking the requests to an unsubstantiated potential cause of action.

Furthermore, as previewed in its Joinder, Shell contends that the Court lacks subject matter jurisdiction over the potential claims to which the Requests relate. The potential post-confirmation claims based on pre-confirmation conduct covered by the Requests are held by a non-debtor entity, QuarterNorth, against another non-debtor entity, Shell. With respect to the potential claims that have been alleged, Shell lacks privity of contract with QuarterNorth and does not owe a fiduciary duty to QuarterNorth. It is undisputed that the Rule 2004 discovery sought by QuarterNorth does not pertain to the implementation or execution of the Plan and it will not have any impact on the post-confirmation estates that are being administered in these chapter 11 cases. Put another way, the potential outcome of any action brought by QuarterNorth will not impact the administration of

---

[2] Capitalized terms not otherwise defined herein shall maintain the meanings ascribed to them in *Shell Offshore Inc.'s Joinder to the Emergency Motion of BP Exploration & Production, Inc. to Alter or Amend May 24 Order Pursuant to Bankruptcy Rule 9023* (the "Joinder") [Dkt. No. 2498].

- 2 -

the estates. In the Fifth Circuit, a matter is "related to" the bankruptcy only if "the anticipated outcome of the action" could "(1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999).

For the avoidance of doubt, Shell disputes any contention that the Requests are reasonable or consistent with the tenets of Rule 2004 (which, especially post-confirmation, should not be employed to conduct a fishing expedition).[3] Notwithstanding the foregoing, to the extent that the Court deems the Requests (as modified by QuarterNorth's withdrawal of Requests Nos. 2, 5, 7, 8, 10 and 11) appropriate, Shell submits that the Court should, at a minimum, require QuarterNorth to narrow the scope of the remaining Requests – Request Nos. 1, 3, 4, 6, 9, 12 and 13 - in accordance with Shell's responses to the corresponding Requests denoted in Exhibit "A."

### A. 2004 Requests Nos. 1, 3, 4, 6 and 12 Are Not Narrowly Tailored and Proportional to the Needs of the Case.

1. Contrary to QuarterNorth's representations, Requests 1, 3, 4, 6 and 12 are not narrowly tailored and proportional to the needs of the case. Indeed, they seek to discover "All Documents and Communications" concerning broad topic areas – the PSA, Genovesa, the LSPS Leak, Na Kika Obligations, and efforts to bring Manuel online. Merely linking the Requests to a general allegation does not make them relevant. If Shell is forced to undertake broad searches for documents potentially responsive to the Requests, such broad search parameters will elicit

---

[3] *See, e.g., In re Express One Int'l,* 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (authorizing creditor's post-confirmation Rule 2004 examination of the debtor regarding its administrative claim but limiting the exam to the debtor's ability to pay the claim should the creditor prevail); *In re Cinderella Clothing Industries, Inc.*, 93 B.R. 377-78 (Bankr. E.D. Pa. 1988) (observing that Rule 2004 is generally a "pre-confirmation" discovery tool and limiting the union's post-confirmation Rule 2004 discovery to an examination of the debtor's principals and the purchaser of the debtor's assets with a limited scope of the enforcement of the APA and compliance with the confirmed plan).

thousands of hits. Again, as reflected in Exhibit "A" and in adherence with the Court's June 7, 2022 ruling, Shell has specifically responded to each Request.

**B.     The Court Lacks Subject Matter Jurisdiction Over The Claims Or Causes Of Action To Which The 2004 Requests Relate.**

2.     The potential (post-confirmation) claims covered by the Requests are held by a non-debtor entity, QuarterNorth, against another non-debtor entity, Shell. In *Enron*, the Fifth Circuit held that confirmation does not divest a bankruptcy court of subject matter jurisdiction with respect to an action commenced prior to confirmation, i.e. a bankruptcy court does not lose jurisdiction over pre-confirmation claims based on pre-confirmation activities. *Newby v. Enron Corp. (In re Enron Corp. Securities)*, 535 F.3d 325 (5th Cir. 2008) (rejecting the argument that after confirmation the district court lacked "related to" bankruptcy jurisdiction to dismiss actions removed to district court during bankruptcy case). But at the same time, after a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan. *Id* at 335 (*citing In re Craig's Stores of Texas, Inc*., 266 F.3d 388, 390 (5th Cir. 2001)).

3.     In reliance on *Enron*, lower courts examine the following factors to determine whether post-confirmation "related to" jurisdiction exists: (1) whether the claims primarily arise from pre-confirmation or post-confirmation relations between the parties; (2) whether any claims or antagonisms were pending between the parties on the date of plan confirmation; and (3) whether any facts or law deriving from the bankruptcy is necessary to the claims. *See, e.g., Brickley v. Scantech Identification Beams Sys., LLC*, 566 B.R. 815, 830-32 (W.D. Tex. 2017) (applying the three factors and finding that post-confirmation "related-to" bankruptcy jurisdiction existed); *Schmidt v. Nordlicht*, No. 16-cv-3614, 2017 U.S. Dist. LEXIS 18374, 2017 WL 526017, at *3 (S.D. Tex. Feb. 9, 2017) (same).

4. Applying the foregoing factors, several courts have held that "related to" jurisdiction exists where a trustee of a litigation trust created under a confirmed plan for the benefit of creditors pursues post-confirmation causes of action based on pre-confirmation conduct for the purpose of distributing recoveries to creditors. *Kirschner v. Dondero (In re Highland Capital Mgmt., L.P.*), 2022 WL 1050064, 2022 Bankr. LEXIS 1028, at *24-25 (Bankr. N.D. Tex., Apr. 6, 2022) (collecting cases). But that's not what we have here. To the contrary, any recovery associated with a potential dispute between QuarterNorth and Shell would inure solely to the benefit of QuarterNorth, as opposed to the bankruptcy estates. In the Fifth Circuit, a matter is "related to" the bankruptcy only if "the anticipated outcome of the action" could "(1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *Bass*, 171 F.3d at 1022 ; *Dynamic Tools, Inc. v. Atlas Copco Tools & Assembly Sys., LLC (In re Rapid-Torc, Inc.),* 2016 U.S. Dist. LEXIS 136582, at *18 (stating that the Fifth Circuit's decision in *Craig's* and its progeny apply a "narrowing principle" to the ordinary "related to" test that must be satisfied for jurisdiction to exist). Because QuarterNorth cannot show that its potential action would have any effect on the *debtors* or their *estates*, this court lacks subject matter jurisdiction over the claims underlying the Requests.

## RESERVATION OF RIGHTS

5. Shell reserves the right to amend, update, modify, and/or supplement the Response in all respects, including, at any time, including at any hearing set by the Court for consideration of the Motion.

Dated: June 15, 2022

Respectfully submitted,

*/s/ Ryan E. Manns*
Ryan E. Manns
State Bar No. 24041391
ryan.manns@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:     (214) 855-8000
Facsimile:      (214) 855-8200

Counsel to Shell Offshore, Inc.

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in these cases on June 15, 2022.

*/s/ Ryan E. Manns*
Ryan E. Manns