IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et. al*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.¹ | § | (Jointly Administered) |
| | § | |
| | § | Re. ECF No. 1387, 1388, 2487 |
| ------------------------------------------------ | § | |

**QUARTERNORTH ENERGY LLC'S RESPONSE TO
BP EXPLORATION & PRODUCTION, INC. AND SHELL OFFSHORE INC.'S
JUNE 15, 2022 FILINGS**

1.  QuarterNorth Energy LLC ("**QuarterNorth**")[2] files this response to the *Brief of BP Exploration & Production, Inc. in Support of Its Emergency Motion to Alter or Amend May 24 Order Pursuant to Bankruptcy Rule 9023 and in Response to QuarterNorth Energy LLC's Statement in Support of Bankruptcy Rule 2004 Requests for Production of Documents from BP Exploration & Production Inc.* (ECF No. 2520) ("**BP's Response**") and *Shell Offshore, Inc.'s Response to QuarterNorth Energy LLC's Statement in Support of Bankruptcy Rule 2004 Requests*

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991); GOM Shelf LLC (8107); and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms not otherwise defined herein have the meanings set forth in QuarterNorth's Statement, as defined below.

*for Production of Documents from BP Exploration & Production, Inc. and Shell Offshore Inc.* (ECF No. 2519) ("**Shell's Response**").

2. At the hearing on June 7, 2022 (the "**Hearing**"), the Court asked QuarterNorth to "explain to me in your own contra-chart" how "all of [the Requests are] part of the PSA dispute." June 7, 2022 Hr'g Tr. 36:10–11, 17–18 (ECF No. 2518) ("**Hr'g Tr.**"). The Parties agreed and the Court accordingly ordered QuarterNorth to submit "your chart" on June 10, 2022, explaining how the Requests are "part of the PSA dispute" and BP and Shell to submit their responsive chart on June 15, 2022 offering why they thought the Requests were not "part of a PSA dispute." Hr'g Tr. 56:13–14. QuarterNorth followed the Court's instructions and filed its *Statement in Support of Bankruptcy Rule 2004 Requests for Production of Documents from BP Exploration & Production, Inc. and Shell Offshore Inc.* (ECF No. 2510) on June 10, 2022 ("**QuarterNorth's Statement**"). QuarterNorth's Statement offered a single paragraph to preview how the requested BP-chart was organized (¶ 6).[3] *See* QuarterNorth's Stmt. Ex. A.

3. BP's Response did not comply with the Court's instructions. Rather than respond to QuarterNorth's contra-chart addressing how the requests relate to the PSA, BP spent 18 pages raising new arguments found nowhere in its motion to quash or emergency motion (*see* ECF Nos. 1415, 2487) and reiterating arguments it has repeatedly raised, to which QuarterNorth has repeatedly responded, and upon which the Court has already considered and ruled. The Court did not invite open briefing. Rather, it made a targeted inquiry to QuarterNorth and directed BP and Shell to respond to that subject alone.

---

[3] QuarterNorth's Statement ¶¶ 2–4 also addresses what standard applies to the discovery responses, about which the Court asked at the Hearing. Hr'g Tr. 40:9, 11–12, 14–15 (Court: "It's the language in the rule, right? . . . It's discoverable or it's likely to lead to . . . discoverable information, but I need you to identify that on a request-by-request basis."). Paragraph 5 voluntarily withdraws certain Requests to narrow the dispute based on events over the last year. Those Requests were and still are meritorious, contrary to BP's assertion. *See* BP's Resp. ¶ 1.

4. To satisfy Bankruptcy Rule 9023, BP had to show the existence of previously unavailable evidence or a manifest error of law or fact. They have shown neither. A motion to alter is not the place for new arguments, yet BP makes one in any event. QuarterNorth has been explicit and consistent since sending BP the Requests informally in May 2020 that the Requests pertain to the PSA. BP's original motion to quash (ECF No. 1415) made no argument that QuarterNorth's potential claims related to the PSA were waived. BP's emergency motion (ECF No. 2487) did not even make such a claim. Yet now—one year and four briefs later (ECF Nos. 1415, 1845, 2035, 2487)—BP makes "waiver" the heart of BP's Response and associated chart. *See* BP's Resp. ¶¶ 4–15.[4] Bankruptcy Rule 9023 motions are not opportunities to make new arguments, and the Court's request for a chart from QuarterNorth and response from BP and Shell to that chart was certainly not an invitation to make one.

5. On top of this new and improper argument, BP rehashes the old arguments that this Court has already considered and decided in QuarterNorth's favor. All of this extraneous briefing—when the Court only asked for a chart and a response to that very chart—is improper.

6. Moreover, BP's arguments are wrong. QuarterNorth has briefed the repeated arguments multiple times, and has strong responses to BP's new arguments. For instance, BP now makes the bold claim that the PSA waives fraudulent acts or omissions by BP. As part of this flawed argument, BP attempts to include fraudulent concealment and other omissions by BP (which, by definition, could not be representations) within the PSA's purported disclaimer of reliance on BP's actual representations. BP then makes the curious assertion that "BP made no representation in the PSA, express or otherwise, 'that it had the power and authority to comply

---

[4] BP raised "waiver" in its response to QuarterNorth's motion for reconsideration (ECF No. 2035 ¶ 16), to which QuarterNorth already responded (ECF No. 2051 ¶ 12) and which the Court already considered and rejected (ECF Nos. 2475, 2505).

3

with its obligations' under the PHA and the LSPA OA . . . ." BP's Resp. ¶ 12. This argument is not only flawed and irrelevant to the Rule 2004 issues before the Court, but also improperly made in response to QuarterNorth's Statement.

7. The issues properly before the Court—BP's original motion to quash (ECF No. 1415)—have been thoroughly briefed, and any other issues were raised improperly and should not be considered. However, should the Court desire fulsome briefing from QuarterNorth to address BP's new arguments, QuarterNorth will provide it and will more fully explain that BP: (a) errs in its statement of the requirements to bring a claim for fraudulent inducement and how they apply to claims related to the PSA; (b) misconstrues the effect on the arbitrations of the Court ordering Rule 2004 discovery and the level of burden imposed on BP relative to the needs of the case; (c) misconstrues the discovery standards; and (d) is wrong in contesting this Court's jurisdiction to consider the Rule 2004 Requests.

8. Shell, too, went beyond the Court's request. Shell took the Court's request for a chart addressing why Shell thought the Requests did not pertain to the PSA to make an additional attack on the Court's jurisdiction. Shell's Resp. ¶¶ 2–4. QuarterNorth is prepared to respond further to Shell's jurisdictional arguments should the Court want to consider same.

9. For the foregoing reasons, the Court should deny BP's Motion and Shell's Joinder, and order BP and Shell to respond to the Rule 2004 Requests as narrowed in QuarterNorth's Statement.

Dated: June 17, 2022
      Houston, Texas

Respectfully submitted,

  /s/ Paul R. Genender
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
        Jessica.Liou@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Erin M. Choi (24079436)
Kevin M. Simmons (24110364)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email:   Paul.Genender@weil.com
        Erin.Choi@weil.com
        Kevin.Simmons@weil.com

*Attorneys for QuarterNorth Energy LLC*

## Certificate of Service

I hereby certify that on June 17, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    */s/ Paul R. Genender*
Paul R. Genender