UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC**, *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| Post-Effective Date Debtors.[1] | § | |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AMENDED ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE TO CLAIM NUMBER 196 FILED BY RUSCO OPERATING, LLC (CLAIM TO BE REDUCED)**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned post-effective date debtors (collectively, the "Debtors," as applicable, and after the effective date

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

of their plan of reorganization, the "Post-Effective Date Debtors"), hereby moves (this "Motion") for entry of an amended order, substantially in the form of **Exhibit 1** hereto, sustaining the *Plan Administrator's Objection Pursuant to Section 502(b) of the Bankruptcy Code to Claim Number 196 Filed by RUSCO Operating, LLC (Claim to be Reduced)* [Docket No. 2464] (the "Objection"). In support of this Motion, the Plan Administrator respectfully represents as follows:

### Introduction

1. The Plan Administrator files this Motion in order to correct a typographical error contained in the proposed form of order originally submitted by counsel and entered by the Court. RUSCO Claim was properly identified in the Objection itself and in the title and introductory paragraph of the Original Order. Only the claim number in paragraph 1 of the Original order needs to be amended from referring to the RUSCO Claim as Claim No. 226 to properly identifying the RUSCO Claim as Claim No. 196.

### Jurisdiction and Venue

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. The predicate for the relief requested herein is based upon Rule 60 of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable to the above captioned chapter 11 cases (the "Chapter 11 Cases") pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**General Background**

4. On August 3, 2020 and August 4, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

5. On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751] (confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

6. On August 27, 2021, the effective date of the Plan occurred and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

**The Objection**

7. On May 13, 2022, the Plan Administrator filed the Objection to Claim No. 196 (the "RUSCO Claim") filed by RUSCO Operating, LLC ("RUSCO") seeking to reduce the amount of the RUSCO Claim consistent with both the documentation attached to the RUSCO Claim as well as the Debtors' records.

8. On June 15, 2022, the Plan Administer filed the *Certificate of No Objection to Plan Administrator's Objection Pursuant to Section 502(b) of the Bankruptcy Code to Claim Number 196 Filed by RUSCO Operating, LLC (Claim to be Reduced)* [Docket No. 2517] (the "CNO"). The CNO certified that no objections were filed with the Court or served upon the Plan Administrator's counsel prior to the June 13, 2022 objection deadline. Additionally, the CNO attached a proposed form of order (the "Proposed Order"), which properly identified the RUSCO

Claim in the title and introductory paragraph to the Proposed Order, but errantly misidentified the RUSCO Claim as Claim No. 226, rather than Claim No. 196, in paragraph 1 thereof.

9. On June 17, 2022, the Court entered the *Order Sustaining Plan Administrator's Objection Pursuant to Section 502(b) of the Bankruptcy Code Seeking to Reduce Claim Number 196 Filed by RUSCO Operating, LLC (Claim to be Reduced)* [Docket No. 2526] (the "Original Order"), which contained the same error in its paragraph 1 as the Proposed Order.

## Basis for Relief

10. Federal Rule 60(a), as made applicable to these Chapter 11 Cases by Bankruptcy Rule 9024, provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

11. Here, the Court should enter an amended Original Order sustaining the Objection in order to properly identify the RUSCO Claim. The RUSCO Claim was properly identified in the Objection itself and in the title and introductory paragraph of the Original Order. Only the claim number in paragraph 1 of the Original order needs to be amended from referring to the RUSCO Claim as Claim No. 226 to properly identifying the RUSCO Claim as Claim No. 196. Moreover, because the RUSCO Claim was properly identified throughout the Objection and in the title and introductory paragraph of the Original Order, RUSCO's rights will not be unduly prejudiced. Additionally, without the relief requested in this Motion, the Plan Administrator and Claim agent may be constrained from taking action to amend the claim register, consistent with

4

the intent of the Objection and the Original Order. Accordingly, entry of an amended order properly identifying the RUSCO Claim is appropriate under the circumstances.

## Notice

12. Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) RUSCO. The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court enter an order amending the Original Order to properly identify the RUSCO Claim, and such other and further relief as may be just and proper under the circumstances.

Dated: June 22, 2022

*/s/ Michael D. Warner*
Michael D. Warner, Esq.
(TX Bar No. 00792304)
Benjamin L. Wallen, Esq.
(TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9401
Email: mwarner@pszjlaw.com
         bwallen@pszjlaw.com

- and -

5

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Gabriel Sasson (admitted *pro hac vice*)
John F. Iaffaldano (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Email: krishansen@paulhastings.com
 kenpasquale@paulhastings.com
 gabesasson@paulhastings.com
 jackiaffaldano@paulhastings.com

*Counsel for the Plan Administrator*