UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC, *et al.*,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.[1]** | § | |

**PLAN ADMINISTRATOR'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE <u>SEEKING TO DISALLOW CERTAIN CLAIMS</u>**

**(SATISFIED CLAIMS)**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON AUGUST 1, 2022 AT 10:00 A.M. AND WILL BE HELD IN COURTROOM 404, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "<u>Post-Effective Date FWE I Subsidiaries</u>") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

> **CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned reorganized debtors (collectively, the "Debtors," as applicable, and after the effective date of their plan of reorganization, the "Post-Effective Date Debtors"), files this *Fourteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Satisfied Claims)* (this "Objection"). In support of this Objection, the Plan Administrator respectfully represents as follows:

DOCS_NY:45924.1 27968/001

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Relief Requested**

3. The Plan Administrator respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), disallowing each claim identified on **Schedule 1** to the Proposed Order (collectively, the "Satisfied Claims") in its entirety because each such proof of claim has been satisfied during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or Court order. Each of the Satisfied Claims share many characteristics; namely, each Satisfied Claim was filed as an unliquidated royalty claim with little to no supporting documentation that, after a significant investigation, was determined to have been paid and satisfied in the ordinary course of the Debtors' operations, all as more fully detailed below and on **Schedule 1**.

**General Background**

4. On August 3, 2020 and August 4, 2020, (the "Petition Dates"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

3

5.      On September 14, 2022, the Bankruptcy Court entered that certain *Final Order (I) Authorizing Debtors to Pay (A) Prepetition Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims; and (II) Granting Related Relief* [Docket No. 342], which, *inter alia*, authorized the Debtors to pay certain prepetition amounts to the holders of royalty working, and other interests.

6.      On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

7.      On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

**The Claims Reconciliation Process**

8.      On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

9.      On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to

4

file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

10. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

11. On September 28, 2021 the Bankruptcy Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Omnibus Claims Objections* [Docket No. 2068] (the "Omnibus Objection Procedures Order," and the procedures attached thereto as Exhibit 1, the "Omnibus Objection Procedures").

12. The Plan Administrator and its advisors have worked diligently to review the Proofs of Claim filed against the Debtor, including supporting documentation filed contemporaneously with such Proofs of Claim or documentation provided by the applicable claimants at the Plan Administrator's request thereafter. In addition, and are more fulsomely described below, where a Proof of Claim contained limited or no supporting documents or information, the Plan Administrator investigated such Proof of Claim to determine whether the claim asserted therein was a legitimate claim against the Debtors. Based on such investigations as detailed below and in the Declaration (defined below), the Plan Administrator has identified numerous claims that were satisfied during these chapter 11 cases, which are the subject of this Objection, and believes that the Satisfied Claims described in this Objection should be disallowed.

13. Attached hereto as **Exhibit A** is the *Declaration of Walter Bowser in Support of the Fourteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Satisfied Claims)* (the "Declaration"). The Declaration provides, *inter alia*, the efforts

5

undertaken to determine that each of the Satisfied Claimed identified on Schedule 1 to the Proposed Order was satisfied.

## Basis for Relief

14. The Court should disallow each of the Satisfied Claims because each such claim was asserted in an unliquidated amount on account of certain royalty and working interests that were satisfied in the ordinary course of business as described in greater detail below. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). Section 502(b)(1) – (9) lists nine separate grounds for disallowing a claim, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

15. A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f). To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). A claim that is based on a writing must attach the underlying writing or provide an explanation of the loss or destruction or such writing. *See* Bankruptcy Rule 3001(c). Without complying with the requirements of Bankruptcy Rule 3001(c), if applicable, a claim is not entitled to *prima facie* validity. *See, e.g. eCast Settlement Corp. v. Tran (In re Tran),* 369 B.R. 312, 317 (S.D. Tex. 2007).

16. A claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex.

6

1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

17. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections to multiple claims may be joined in an omnibus objection if such objection is "based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order[.]" FED. R. BANKR. P. 3007(d)(5).

18. As an initial matter, the Satisfied Claims share a number of characteristics, such as generally asserting as their respective bases a very general description of a right to receive royalty payments. In addition, with a single limited exception,[2] each Satisfied Claim fails to attach any documentation in support of their claim or a statement in conformity with the requirements of Bankruptcy Rule 3001(c). While a lack of supporting documentation is not a basis to object to a proof of claim (nor is it the basis of this Objection),[3] the lack of documentation prevents each of the Satisfied Claims from being entitled to *prima facie* validity.

---

[2] Claim No. 393 filed by L & H Harvey Realty LLC (the "L&H Claim") includes a *Revenue Summary Statement*, date October 26, 2020 (the "Revenue Statement") but no other documentation supporting its assertion that the claimant holds a valid pre-petition claim against the Debtors. As will be discussed in greater detail below, the Revenue Statement itself reflects the total liquidated amount owed to L&H prepetition and such amount was paid concurrently with the mailing of such statement, consistent with the Debtors' normal practices with respect to royalty interest holders.

[3] Although not the primary thrust of this Objection, the Plan Administrator asserts that as royalty interest claims based upon a writing, each of the Satisfied Claims are required to comply with Bankruptcy Rule 3001(c). None of the

19. Moreover, the lack of description in each of the Satisfied Claims added an additional layer of complexity in (i) verifying each of the Satisfied Claim claimant's (the "Claimants") respective relationships to the Debtors, (ii) determining what amounts, if any, were owed to the Claimants as of the Petition Date, and (iii) determining what amounts were paid to each Claimant on account of any pre-petition obligations. In order to determine the answers to the foregoing questions, the Plan Administrator's professionals enlisted the help of QuarterNorth Energy, LLC, which maintains all the various databases and files regarding the Debtors' historical exploration and production activities.

20. In determining each of the Claimants' relationship to the Debtors, each of the Claimants were searched in the Debtors' accounting database, "OG SYS," in order to identify their respective owner numbers. An owner number is a unique identification number assigned to each of the Debtors' royalty and working interest owner upon their entry into a lease or similar agreement with the Debtors. Determining each of the Claimants' respective owner numbers is crucial to accessing information which is indexed by, *inter alia*, owner number. Each Claimant's owner number is identified in **Schedule 1** to the Proposed Order.

21. Once the owner number for each Claimant was identified, the Plan Administrator was able to determine from reports generated by OG SYS what interest or interests each Claimant held, the pre-petition amounts owed on account of the hydrocarbon production from the underlying properties on a monthly basis, and the amounts that had accrued but remained unpaid as of the Petition Date, which are summarized in **Schedule 1** to the Proposed Order. This

---

Satisfied Claims, including the L&H Claim which merely attached the Revenue Statement, complied with this obligation.

information is the basis of the contents of the Revenue Statements that were periodically provided to each of the Debtors' interest owners.

22. The Plan Administrator was also able to determine the dates of payment any amounts which were accrued but unpaid as of the Petition Date. In this regard, the Debtors' internal procedures were to generally pay royalty and other interest owners two months in arrears on account of the monthly production from the properties in which each owner held an interest. In addition, it was the Debtors' internal policy to only issue payment to such royalty interest owner upon the earlier to occur of (i) the accrued royalty payments reaching a minimum threshold amount was generally $100.00 unless the interest owner agreed to higher or otherwise different minimum amount, and (ii) October of each year. In October of each year, the Debtors generally pay out all accrued but unpaid interest owner payments to known interest holders, regardless of amount. Consistent with these policies, **Schedule 1** reflects that the vast majority of Claimants, which were owed relatively *de minimis* amounts as of the Petition Date, received payment on October 26, 2020. October 26, 2020 was also the date on which the Debtors mailed certain Revenue Statements to interest owners like the Claimants, such as the Revenue Statement attached to the L&H Claim.

23. Based on this substantial level of diligence, the Plan Administrator was able to determine the amount owed to each Claimant as of the Petition Date and the date on which that amount was satisfied. Based on these facts, the Plan Administrator determined that each of the Satisfied Claims should be disallowed as such claims were previously satisfied. If the Satisfied Claims are not disallowed, the parties that filed such Proofs of Claims will receive multiple recoveries against the Post-Effective Date Debtors to the detriment of other similarly situated

creditors. Accordingly, the Plan Administrator respectfully requests that the Court disallow each Satisfied Claim in its entirety.

### Reservation of Rights

24. In the event that any of the Satisfied Claims is not disallowed on the grounds asserted herein, the Plan Administrator hereby reserves its rights to object to such Proofs of Claim on any other grounds. Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' Estates.

25. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

26. To the extent that a response is filed regarding any Satisfied Claim and the Plan Administrator is unable to resolve any such response, each such Satisfied Claim, and the Objection as it pertains to such Satisfied Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order

entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Satisfied Claim.

## Notice

27. Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Satisfied Claims in accordance with the Omnibus Objection Procedures. The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection and providing that the Satisfied Claims shall be disallowed; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 23, 2022

*/s/ Michael D. Warner*
Michael D. Warner, Esq.
(TX Bar No. 00792304)
Benjamin L. Wallen, Esq.
(TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:   (713) 691-9401
Email: mwarner@pszjlaw.com
            bwallen@pszjlaw.com

- and -

        Kristopher M. Hansen (admitted *pro hac vice*)
        Kenneth Pasquale (admitted *pro hac vice*)
        Gabriel Sasson (admitted *pro hac vice*)
        John F. Iaffaldano (admitted *pro hac vice*)
        **PAUL HASTINGS LLP**
        200 Park Avenue
        New York, NY 10166
        Tel: (212) 318-6000
        Email: krishansen@paulhastings.com
                kenpasquale@paulhastings.com
                gabesasson@paulhastings.com
                jackiaffaldano@paulhastings.com

*Counsel for the Plan Administrator*