# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective Date Debtors.¹ | § | |

**DECLARATION OF WALTER BOWSER IN SUPPORT OF PLAN
ADMINISTRATOR'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
<u>SEEKING TO DISALLOW CERTAIN CLAIMS</u>**

**(SATISFIED CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Walter Bowser, solely in my capacity as advisor to the Plan Administrator, hereby declare as follows:

1. I am a Director at Province, Inc. ("<u>Province</u>"), an industry-leading, nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization, and trustee-related services that enjoys an excellent reputation for services it has

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "<u>Post-Effective Date FWE I Subsidiaries</u>") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

2. Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Fourteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Satisfied Claims)* (the "Objection").[2]

3. Except as otherwise specified herein, the facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in **Schedule 1** to the Proposed Order (each a "Claim" and collectively, the "Claims"). If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Plan Administrator is in the process of reviewing all claims and/or interests filed against each of the Debtors in these chapter 11 cases. As an initial matter, the Satisfied Claims share a number of characteristics, such as generally asserting as their respective bases a very general description of a right to receive royalty payments. In addition, with a single limited exception,[3] each Satisfied Claim fails to attach any documentation in support of their claim or a statement. The lack of description in each of the Satisfied Claims added an additional layer of

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

[3] Claim No. 393 filed by L & H Harvey Realty LLC (the "L&H Claim") includes a *Revenue Summary Statement*, date October 26, 2020 (the "Revenue Statement") but no other documentation supporting its assertion that the claimant holds a valid pre-petition claim against the Debtors. As will be discussed in greater detail below, the Revenue Statement itself reflects the total liquidated amount owed to L&H prepetition and such amount was paid concurrently with the mailing of such statement, consistent with the Debtors' normal practices with respect to royalty interest holders.

complexity in (i) verifying each of the Satisfied Claim claimant's (the "<u>Claimants</u>") respective relationships to the Debtors, (ii) determining what amounts, if any, were owed to the Claimants as of the Petition Date, and (iii) determining what amounts were paid to each Claimant on account of any pre-petition obligations.  In order to determine the answers to the foregoing questions, I enlisted the help of QuarterNorth Energy, LLC, which maintains all the various databases and files regarding the Debtors' historical exploration and production activities.

5. In determining each of the Claimants' relationship to the Debtors, each of the Claimants were searched in the Debtors' accounting database, OG SYS, in order to identify their respective owner numbers.  An owner number is a unique identification number assigned to each of the Debtors' royalty and working interest owner upon their entry into a lease or similar agreement with the Debtors.  Determining each of the Claimants' respective owner numbers is crucial to accessing information which is indexed by, *inter alia*, owner number.  Each Claimant's owner number is identified in **Schedule 1** to the Proposed Order.

6. Once the owner number for each Claimant was identified, I was able to determine from repots generated by OG SYS what interest or interests each Claimant held, the pre-petition amounts owed on account of the hydrocarbon production from the underlying properties on a monthly basis, and the amounts that had accrued but remained unpaid as of the Petition Date, which are summarized in **Schedule 1** to the Proposed Order.  This information is the basis of the contents of the Revenue Statements that were periodically provided to each of the Debtors' interest owners.

7. I was also able to determine the dates of payment any amounts which were accrued but unpaid as of the Petition Date.  In this regard, the Debtors' internal procedures were to generally pay royalty and other interest owners two months in arrears on account of the monthly

3

production from the properties in which each owner held an interest. In addition, it was the Debtors' internal policy to only issue payment to such royalty interest owner upon the earlier to occur of (i) the accrued royalty payments reaching a minimum threshold amount, generally in the amount of $100.00 unless the interest owner agreed to a higher or different minimum amount, and (ii) October of each year. In October of each year, the Debtors would pay out all accrued but unpaid interest owner payments to known interest holders, regardless of amount. Consistent with these policies, **Schedule 1** reflects that the vast majority of Claimants, which were owed relatively *de minimis* amounts as of the Petition Date, received payment on October 26, 2020. October 26, 2020 was also the date on which the Debtors mailed certain Revenue Statements to interest owners like the Claimants, such as the Revenue Statement attached to the L&H Claim.

8. Based on this substantial level of diligence, I was able to determine the amount owed to each Claimant as of the Petition Date and the date on which that amount was satisfied. Based on these facts, I believe that each of the Satisfied Claims should be disallowed as such claims were previously satisfied. If the Satisfied Claims are not disallowed, the parties that filed such Proofs of Claims will receive multiple recoveries against the Post-Effective Date Debtors to the detriment of other similarly situated creditors. Accordingly, I believe that the Court disallow each Satisfied Claim in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 23, 2022                    */s/ Walter Bowser*
                                        Walter Bowser