# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC, *et al.*,** | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.[1]** | § | |

## PLAN ADMINISTRATOR'S FIFTEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE <u>SEEKING TO DISALLOW CERTAIN CLAIMS</u>

### (AMENDED AND SUPERSEDED CLAIMS)

---

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON SEPTEMBER 7, 2022 AT 10:00 A.M. AND WILL BE HELD IN COURTROOM 404, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.  YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "<u>Post-Effective Date FWE I Subsidiaries</u>") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

> **CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO THE <u>PROPOSED ORDER</u> ATTACHED TO THIS OBJECTION.**

The administrator of the chapter 11 plan (the "<u>Plan Administrator</u>") of the above-captioned post-effective date debtors (collectively, the "<u>Debtors</u>," as applicable, and after the effective date of their plan of reorganization, the "<u>Post-Effective Date Debtors</u>"), files this *Fifteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (this "<u>Objection</u>").  In support of this Objection, the Plan Administrator respectfully represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §
1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).  Venue is proper
in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.    The predicates for the relief requested herein are sections 105(a) and 502(b) of title
11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Bankruptcy Local Rules for the
Southern District of Texas (the "Bankruptcy Local Rules").

**Relief Requested**

3.    The Plan Administrator respectfully requests entry of an order, substantially in the
form filed herewith (the "Proposed Order"), disallowing each claim identified as a "Superseded
Claim" on Schedule 1 to the Proposed Order (each an "Amended and Superseded Claim", and
collectively, the "Amended and Superseded Claims") in its entirety because each such Proof of
Claim is amended and superseded by at least one other Proof of Claim filed against the Debtors'
estates (the "Estates") by the same entity.

**General Background**

4.    On August 3, 2020 and August 4, 2020, (the "Petition Dates"), the Debtors filed
voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States
Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

5.    On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions
of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC
and its Affiliated Debtors* [Docket No. 1751] (the "Confirmation Order") confirming, as modified

therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

6.     On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

## The Claims Reconciliation Process

7.     On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

8.     On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

9.     On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

10.     On September 28, 2021 the Bankruptcy Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Omnibus Claims Objections* [Docket No. 2068] (the "Omnibus Objection Procedures Order," and the procedures attached thereto as Exhibit 1, the "Omnibus Objection Procedures").

4

11.     The Plan Administrator and its advisors have worked diligently to review these Proofs of Claim, including supporting documentation filed contemporaneously with such Proofs of Claim or documentation provided by the applicable claimants at the Plan Administrator's request thereafter.  The Plan Administrator has identified numerous claims that have been amended or superseded by one or more other claims, which are the subject of this Objection, and believes that the Amended and Superseded Claims described in this Objection should be disallowed.

12.     Attached hereto as **Exhibit A** is the *Declaration of Clayton Gring in Support of the Fifteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (the "Declaration").

## Basis for Relief

13.     A filed proof of claim is deemed allowed, unless a party in interest objects.  11 U.S.C. § 502(a).  A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.  FED. R. BANKR. P. 3001(f).

14.     To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery.  *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006).  Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency.  *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998).  Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence."  *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v.*

*Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

15.     An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. See FED. R. BANKR. P. 3007(a).  Objections to multiple claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that the claims "have been amended by subsequently filed proofs of claim." *See* FED. R. BANKR. P. 3007(d)(3).

16.     As set forth in the Declaration, each of the Proofs of Claim identified as a "Superseded Claim" in **<u>Schedule 1</u>** to the Proposed Order was subsequently amended or superseded by at least one other Proof of Claim filed by the same claimant relating to the same subject matter.  For each Amended and Superseded Claim, the Plan Administrator has identified in **<u>Schedule 1</u>** a corresponding "Surviving Claim", which amended and/or superseded the applicable Amended and Superseded Claim.  Due to the subsequent filing of each "Surviving Claim", the Plan Administrator does not believe that the Debtors are liable for each applicable Amended and Superseded Claim and "Surviving Claim." If the Amended and Superseded Claims are not disallowed, the parties that filed these Proofs of Claims will receive an excessive recovery to the detriment of other stakeholders in these cases. *See* Declaration, ¶¶ 4-5.

17.     Unless otherwise indicated, the relief requested herein will have no effect on the Proofs of Claim identified as a "Surviving Claim" in **<u>Schedule 1</u>** to the Proposed Order. The Plan Administrator hereby reserves the right to object to the Proofs of Claim identified as a "Surviving Claim" in **<u>Schedule 1</u>** to the Proposed Order on any and all applicable grounds.

18.     Accordingly, the Plan Administrator respectfully requests that the Court disallow each Amended and Superseded Claim in its entirety.

## **Reservation of Rights**

19.     In the event that any of the Amended and Superseded Claims is not disallowed on the grounds asserted herein, the Plan Administrator hereby reserves its rights to object to such Proofs of Claim on any other grounds.  Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' Estates.

20.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

## **Separate Contested Matter**

21.     To the extent that a response is filed regarding any Amended and Superseded Claim and the Plan Administrator is unable to resolve any such response, each such Amended and Superseded Claim, and the Objection as it pertains to such Amended and Superseded Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the Plan Administrator requests that any order entered by the Court regarding an objection or other reply

asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

## **Notice**

22.     Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Amended and Superseded Claims in accordance with the Omnibus Objection Procedures.  The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.


[*Remainder of Page Intentionally Left Blank*]

## Conclusion

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection and providing that the Amended and Superseded Claims shall be disallowed; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 19, 2022

*/s/ Michael D. Warner*

Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:   (713) 691-9401
Email:   mwarner@pszjlaw.com
              bwallen@pszjlaw.com

- and -

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Gabriel Sasson (admitted *pro hac vice*)
John F. Iaffaldano (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
             kenpasquale@paulhastings.com
             gabesasson@paulhastings.com
             jackiaffaldano@paulhastings.com

*Counsel for the Plan Administrator*

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.**[1] | § | |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S FIFTEENTH OMNIBUS
OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW CERTAIN CLAIMS**

**(AMENDED AND SUPERSEDED CLAIMS)**

[Related Docket No. _____]

Upon the *Plan Administrator's Fifteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (the "Objection")[2] of the administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned post-effective date debtors (collectively, the "Debtors," as applicable, and after the effective date of

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

their plan of reorganization, the "Post-Effective Debtors"), seeking entry of an order (this "Order") disallowing the Amended and Superseded Claims identified on **Schedule 1** attached hereto, it is **HEREBY ORDERED THAT**:

1. Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, each Amended and Superseded Claim identified as a "Superseded Claim" on **Schedule 1** to this Order is disallowed in its entirety. Nothing in this Order shall affect the corresponding claims which amended and superseded the Amended and Superseded Claims (each such claim, a "Surviving Claim", as identified in **Schedule 1**); *provided that*, that the Plan Administrator reserves the right to object to any Surviving Claim on **Schedule 1** on any applicable grounds.

2. The Debtors' Claims Agent is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3. Each claim and the objections by the Plan Administrator to each claim identified in **Schedule 1** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Amended and Superseded Claim.

4. Except as otherwise provided in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

5.      The Plan Administrator, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

6.      This Court retains exclusive jurisdiction to resolve any dispute arising from or related to this Order.


Dated: _____, 2022

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**<u>Schedule 1</u>**

Fieldwood Energy LLC and its
affiliated Debtors
Case No. 20-33948

Schedule 1 – Amended and
Superseded Claims

| CreditorName | Address | Superseded Claim | Superseded Debtor Entity | Superseded Claim Secured | Superseded Claim Admin | Superseded Claim Priority | Superseded Claim Unsecured | Superseded Claim Total | Surviving Claim | Surviving Claimant | Surviving Debtor Entity | Surviving Claim Secured | Surviving Claim Admin | Surviving Claim Priority | Surviving Claim Unsecured | Surviving Claim Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Axis Compressor Services, LLC | Atten: Nathan Tourney 2704 Southwest Drive New Iberia, LA 70560 | 31 | Fieldwood Energy LLC | 0.00 | 0.00 | 0.00 | 45,067.68 | 45,067.68 | 146 | Axis Compressor Services, LLC | Fieldwood Energy LLC | 0.00 | 0.00 | 0.00 | 76,187.24 | 76,187.24 |
| Department of the Interior / Office of Natural Resources Revenue | PO Box 25165/MS642008 Denver, CO 80225 | 1092 | Fieldwood Energy LLC | 0.00 | 234,960.21 | 0.00 | 0.00 | 234,960.21 | 1134 | Department of the Interior / Office of Natural Re | Fieldwood Energy LLC | 0.00 | 219,705.34 | 0.00 | 0.00 | 219,705.34 |
| Everest Reinsurance Company | Anthony Manganiello, Director - Surety Claim Warren Corporate Center 100 Everest Way Warren, NJ 07059 | 1109 | Fieldwood Energy LLC | 0.00 | 3,187,940.10 | 0.00 | 0.00 | 3,187,940.10 | 1133 | Everest Reinsurance Company | Fieldwood Energy LLC | 0.00 | 5,637,940.10 | 0.00 | 0.00 | 5,637,940.10 |
| Louisiana Environmental Monitoring, Inc. | 901 Turn Row Lafayette, LA 70508 | 108 | Fieldwood Energy LLC | 0.00 | 0.00 | 0.00 | 19,867.74 | 19,867.74 | 112 | Louisiana Environmental Monitoring, Inc. | Fieldwood Energy LLC | 0.00 | 0.00 | 0.00 | 12,734.03 | 12,734.03 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 433 | GOM Shelf LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 969 | North American Specialty Insurance Company | GOM Shelf LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 434 | Galveston Bay Processing LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 971 | North American Specialty Insurance Company | Galveston Bay Processing LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 435 | Fieldwood Energy Inc. | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 976 | North American Specialty Insurance Company | Fieldwood Energy Inc. | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 436 | FW GOM Pipeline, Inc. | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 967 | North American Specialty Insurance Company | FW GOM Pipeline, Inc. | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 437 | Bandon Oil and Gas GP, LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 973 | North American Specialty Insurance Company | Bandon Oil and Gas GP, LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 486 | Dynamic Offshore Resources NS, LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 964 | North American Specialty Insurance Company | Dynamic Offshore Resources NS, LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 488 | Fieldwood Energy LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 963 | North American Specialty Insurance Company | Fieldwood Energy LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 492 | Fieldwood Onshore LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 965 | North American Specialty Insurance Company | Fieldwood Onshore LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 493 | Fieldwood Energy Offshore LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 975 | North American Specialty Insurance Company | Fieldwood Energy Offshore LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 494 | Fieldwood SD Offshore LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 966 | North American Specialty Insurance Company | Fieldwood SD Offshore LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 515 | Fieldwood Offshore LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 974 | North American Specialty Insurance Company | Fieldwood Offshore LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 518 | Galveston Bay Pipeline LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 968 | North American Specialty Insurance Company | Galveston Bay Pipeline LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 519 | Fieldwood Energy SP LLC | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 970 | North American Specialty Insurance Company | Fieldwood Energy SP LLC | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |
| North American Specialty Insurance Company | The Law Offices of T. Scott Leo, P.C. 100 N. LaSalle St., Ste # 514 Chicago, IL 60602 | 520 | Bandon Oil and Gas, LP | 0.00 | 0.00 | 0.00 | 43,265,000.00 | 43,265,000.00 | 972 | North American Specialty Insurance Company | Bandon Oil and Gas, LP | 0.00 | 0.00 | 0.00 | 39,000,000.00 | 39,000,000.00 |

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective Date Debtors.**[1] | § | |

**DECLARATION OF CLAYTON GRING IN SUPPORT OF PLAN ADMINISTRATOR'S
FIFTEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS**

**(AMENDED AND SUPERSEDED CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Clayton Gring, solely in my capacity as advisor to the

Plan Administrator, hereby declare as follows:

1.     I am a Managing Director with AlixPartners, LLP ("AlixPartners"), an

internationally recognized consulting firm that has a wealth of experience in providing

restructuring advisory services both in and out-of-court, and enjoys an excellent reputation for

services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors

throughout the United States.

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

DOCS_NY:44162.1 27968/002

2.     Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Fifteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (the "<u>Objection</u>").[2]

3.     The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction.  Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in Schedule 1 to the Proposed Order (collectively, the "<u>Claims</u>").  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4.     The Plan Administrator is in the process of reviewing all claim and/or interests filed against each of the Debtors in these Chapter 11 Cases.  As part of this review, the Plan Administrator's representatives have reviewed the Claims and determined that each Amended and Superseded Claim was subsequently amended or superseded by at least one other Proof of Claim filed by the same claimant relating to the same subject matter. Due to the subsequent filing of each "Surviving Claim", I do not believe that the Debtors are liable for each applicable Amended and Superseded Claim.

5.     If the Amended and Superseded Claims are not disallowed, the parties that filed these claims could receive recoveries to which they are not actually entitled.  Accordingly, based on my review of the Claims, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 19, 2022                                        */s/ Clayton Gring*
                                                            Clayton Gring