UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 20-32519 |
| NEIMAN MARCUS GROUP LTD LLC, ET AL., | Honorable David R. Jones<br>Chapter 11 |
| Debtors. | |

**LUZ PARRADO'S MOTION TO ALLOW
LATE FILED PROOF OF CLAIM PURSUANT TO FEDERAL
<u>RULES OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 9006(b)(1)</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:**

Luz Parrado ("Movant"), by and through the undersigned counsel hereby files her Motion to Allow Late Filed Proof of Claim, and states as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 3003(c)(3) and 9006(b)(1).

### II. BACKGROUND

2. Reorganized Debtors Neiman Marcus Group LTD LLC, et al. filed with this Court on May 7, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. Before the Petition Date, Movant filed a state court action on April 25, 2019 against Debtors Bergdorf Goodman, Inc. and The Neiman Marcus Group, LLC (together, "Debtors") in a case styled *Luz Parrado v. Bergdorf Goodman, Inc., et al.* in the Supreme Court of the State of New York, County of Queens, under Index No. 7007359/2019 (the "State Court Litigation").

4. The State Court Litigation is a personal injury case wherein Movant alleges claims against Debtors for failing to maintain their premises when a cabinet fell and struck Movant, causing her to sustain injuries.

5. Debtors were active in the State Court Litigation and filed their answer on June 13, 2019.

6. Debtors also filed a Third-Party Complaint against John Barrett Inc., Movant's employer, on November 22, 2019.

7. After more than one year of active litigation, Debtors filed the *Notice of*

*Suggestion on Pendency of Bankruptcy for Neiman Marcus Group Ltd. LLC, Et Al., and Automatic Stay of Proceedings* on May 21, 2020 in the State Court Litigation. At that time, the Debtors' bankruptcy docket reflected that no creditor deadlines had been set.

8. More than a month later, on June 25, 2020, the Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief*, wherein the Court set the deadline for creditors to file proofs of claim for July 20, 2020 ("POC Order"). *See* Dkt. No. 1014. Section V of the POC Order, provides, in pertinent part, that "no later than five (5) business days after the Debtors file the Schedules, the Debtors shall cause a written notice of the Bar Dates… to be mailed via first class mail to… all entities who are party to active litigation with the Debtors." *See Id*. at ¶ 11(x).

9. Despite the specific requirements set forth in the POC Order, Debtors never sent the POC Order or any written notice of the proof of claim date to Movant or Movant's counsel[1].

10. Debtors filed their Schedules on June 19, 2020. *See* Dkt. 926 in Case No. 20-32519 and Dkt. No. 905 in Case No. 20-32519. Notwithstanding the over one-year long pendency of the State Court Litigation, Movant was not listed in Debtors' Schedules. *See id*.

11. Meanwhile, for most of 2020, the State of New York was under a state of

---

[1] Debtors failed to provide Movant with notice of any actions taken in this case, including notice of the Chapter 11 Plan and confirmation hearing. On September 4, 2020, the Court confirmed Debtors' Plan by entering the *Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, which operates as an injunction against the commencement or continuation of an action. Dkt. No. 1795.

emergency under Governor Andrew Cuomo's Executive Order No. 202.8[2], which provided in pertinent part the following:

> In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020.

12.    Thereafter, the New York Governor signed Executive Order 202.67[3], wherein he extended the suspension for civil cases and the tolling deadline to November 4, 2020.

13.    During the New York state of emergency, Movant's counsel for the State Court Litigation paused litigating his pending lawsuits because of the suspension and tolling orders from the New York Governor and because of the stay-home orders in place.

### III.    REQUESTED RELIEF

14.    Pursuant to Bankruptcy Rule 3003(c)(3), the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9006(b)(1) allows the Bar Date to be extended where the failure to timely act "was the result of excusable neglect."

15.    The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) established a four part test to assess whether a failure to act is "excusable": "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was

---

[2] N.Y. Exec. Order No. 202.8 (Mar. 20, 2020), https://www.governor.ny.gov/news/no-2028-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency.

[3] N.Y. Exec. Order No. 202.67 (Oct. 5, 2020), https://www.governor.ny.gov/news/no-20267-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency.

within the reasonable control of the movant, and [4] whether the movant acted in good faith."

16. The Fifth Circuit has emphasized the importance of the first factor (i.e., prejudice to the debtor) and the "key consideration in evaluating [that factor] is whether allowing the late filing of a claim will have a material adverse effect on their reorganization." *In re Pilgrim's Pride Corp.*, 2011 WL 576070, at *4 (Bankr. N.D. Tex. Feb. 9, 2011) *citing Eagle Bus. Mfg. v. Rogers*, 62 F.3d 730, 737 (5th Cir. 1995). If the debtor was aware of the claim before negotiating and confirming a plan of reorganization, there is little to no prejudice to the debtors by permitting the filing of a late claim. *Eagle Bus. Mfg.*, 62 F.3d at 737.

17. In *Eagle Bus. Mfg.*, numerous creditors failed to file their proof of claim before the bar date and subsequently filed them approximately six to eight months after the bar date. *Id*. at 732. After applying the four factors set forth in *Pioneer Inv. Servs.*, and finding that they weighed in favor of the claimants, the Fifth Circuit permitted the belated claims. *Id*. at 737-40. Likewise, in *Pilgrim's Pride*, the court permitted a creditor to file a late claim finding there would be no prejudice to the Debtors because they "paid their creditors 100% of the amounts of their allowed claims plus interest", there was only a ninth month delay in the filing of the claim and the creditor acted in good faith. *Pilgrim's Pride*, 2011 WL 576070 at *3.

18. Here, Movant should be permitted to file a late claim because it satisfies each of the four factors set forth in *Pioneer Inv. Servs.*, as they are applied in the Fifth Circuit.

19. First, there is no prejudice to the Debtor in this case because at the time that Debtors' schedules and plan of reorganization were prepared, Debtors were aware of Movant's general unsecured claim, as evidenced by Debtors' active participation in the State Court Litigation and their filing of a Third-Party Complaint. Second, Movant's claim should have minimal, if any, impact on Debtor's related judicial proceedings because the claims objection

period is still several months away. Third, the delay in Movant filing her proof of claim was the result of Debtors failing to schedule Movant's known claim and Debtors' claims agent wholly failing to send the POC Order or any written notice of the proof of claim deadline to Movant. Importantly, the POC Order required Debtors to send formal written notice of the proof of claim deadline to "all entities who are party to active litigation with the Debtors." *See* POC Order at ¶ 11(x). Fourth, Movant acted in good faith because she filed this motion seeking approval of a late filed claim within a reasonable amount of time and as soon as practicable after learning of the passed proof of claim deadline, of which she did not receive notice.

20.  In sum, Movant has satisfied each of the four factors set forth in *Pioneer Inv. Servs*. Accordingly, Movant requests an order from the Court allowing a late proof of claim filed by her.

WHEREFORE, PREMISES CONSIDERED, Movant requests an order from the Court allowing her to file a late proof of claim.

Dated: June 25, 2021.

                                      Respectfully submitted,

                                      HUSCH BLACKWELL LLP

                                      */s/ Buffey E. Klein*
Buffey E. Klein
Texas State Bar No. 24032515
Buffey.klein@huschblackwell.com
Catherine A. Curtis
Texas State Bar No. 24095708
Catherine.Curtis@huschblackwell.com
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
Telephone: 214-999-6100
Facsimile: 214-999-6170

Lynn Butler
Texas State Bar No. 03527350
Lynn.Butler@huschblackwell.com
111 Congress Avenue, Suite 1400
Austin, TX 78701
Telephone: 512-472-5456
Facsimile: 512-479-1101

*Counsel for Movant Luz Parrado*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2021, the above and foregoing document was filed electronically using CM/ECF and a true and correct copy of the above and foregoing was served as follows:

__X__ upon filing, the CM/ECF system sent notification to Debtors' counsel and all parties participating in the CM/ECF system in this matter.

*/s/ Buffey E. Klein*
Buffey E. Klein