# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*,[1] | ) |
|  | ) Case No. 20-32519 (DRJ) |
| Reorganized Debtors. | ) |
|  | ) (Jointly Administered) |
|  | ) |

## ORDER SUSTAINING LIQUIDATING TRUSTEE'S
## TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (RESOLVED CLAIMS)

(Related Docket No. 2502)

Upon the Objection[2] of the Liquidating Trustee seeking entry of an order (the "Order") disallowing and expunging the claims identified on **Schedule 1** attached hereto, it is **HEREBY ORDERED THAT**:

1. The Objection is sustained as set forth herein.

2. Each claim identified on **Schedule 1** to this Order is (i) disallowed in its entirety or (ii) reduced and allowed, as set forth in **Schedule 1** to this Order.

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Reorganized Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Liquidating Trustee's Twenty-Fifth Omnibus Objection to Claims (Resolved Claims)*.

3. Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

4. Each claim and the objections by the Liquidating Trustee to each claim identified in **Schedule 1** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each claim identified on **Schedule 1**.

5. Nothing in this Order affects administrative, secured, or priority amounts in the claims identified on **Schedule 1**, and the Reorganized Debtors reserve the right to object to the administrative, secured, or priority amounts on any basis whatsoever.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Liquidating Trustee's rights under the Bankruptcy Code or any other applicable law.

7. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

8. The Liquidating Trustee, Stretto, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

9. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Date:_____, 2021

_____
THE HONORABLE DAVID R. JONES
CHIEF UNITED STATES BANKRUPTCY
JUDGE

**Schedule 1**

| Ref # | Name of Claimant | Debtor Name | Schedule / Claim # | Date Filed | Claim Amount | Allowed Claim Amount | Reason for Objection |
|---|---|---|---|---|---|---|---|
| 1 | WILLIS TOWERS WATSON | The Neiman Marcus Group LLC | 1973 | 7/20/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $79,776.03<br><br>Total: $79,776.03 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | Expunge general unsecured amounts as the Debtors are not liable because the claim has been resolved |
| 2 | XEROX CORPORATION | Neiman Marcus Group LTD LLC | 3332 | 11/11/2020 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $83,117.58<br><br>Total: $83,117.58 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $10,000.00<br><br>Total: $10,000.00 | Reduce general unsecured amounts as the Debtors are not fully liable because the claim has been resolved |
| 3 | TABLEAU SOFTWARE INC | The Neiman Marcus Group LLC | 221971 | | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $87,466.00<br><br>Total: $87,466.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | Expunge general unsecured amounts as the Debtors are not liable because the claim has been resolved |