UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIELDWOOD ENERGY III LLC, *et al.*,** | § | Case No. 20-33948 (MI) |
| | § | |
| | § | **(Jointly Administered)** |
| Post-Effective Date Debtors.[1] | § | |

**PLAN ADMINISTRATOR'S SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW CERTAIN CLAIMS**

**(SATISFIED TRANSFERRED LEASE CLAIMS)**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON OCTOBER 3, 2022 AT 10:00 A.M. AND WILL BE HELD IN COURTROOM 404, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954-554.

YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO THE <u>PROPOSED ORDER</u> ATTACHED TO THIS OBJECTION.

The administrator of the chapter 11 plan (the "<u>Plan Administrator</u>") of the above-captioned reorganized debtors (collectively, the "<u>Debtors</u>," as applicable, and after the effective date of their plan of reorganization, the "<u>Post-Effective Date Debtors</u>"), files this *Seventeenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Satisfied Transferred Lease Claims)* (this "<u>Objection</u>").  In support of this Objection, the Plan Administrator respectfully represents as follows:

**Jurisdiction and Venue**

1.       This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §

1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper

in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.       The predicates for the relief requested herein are sections 105(a) and 502(b) of

title 11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Bankruptcy Local Rules

for the Southern District of Texas (the "Bankruptcy Local Rules").

**Relief Requested**

3.       The Plan Administrator respectfully requests entry of an order, substantially in

the form filed herewith (the "Proposed Order"), disallowing each claim identified on **Schedule

1** to the Proposed Order (collectively, the "Transferred Lease Claims") in its entirety.  Each of

the Transferred Lease Claims were filed by the holders of royalty, working, override, and other

interests (the "Interest Owners") under the Debtors' various leases and related agreements (the

"Leases"); however, each of the Transferred Lease Claims are based upon Leases which were

transferred to another operator where no amounts are due and owing to the applicable claimant

by the Debtors.  Accordingly, the Plan Administrator believes that each of the Transferred Lease

Claims should be disallowed in its entirety.

**General Background**

4.       On August 3, 2020 and August 4, 2020, (the "Petition Dates"), the Debtors filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

3

5.      On September 14, 2022, the Bankruptcy Court entered that certain *Final Order (I) Authorizing Debtors to Pay (A) Prepetition Owner Obligations, Joint Interest Billings, and E&P Operating Expenses and (B) 503(b)(9) Claims; and (II) Granting Related Relief* [Docket No. 342], which, *inter alia*, authorized the Debtors to pay certain amounts to Interest Owners.

6.      On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* (the "Plan").

7.      On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

## The Claims Reconciliation Process

8.      On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

9.      On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

10.     On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

11.     On September 28, 2021 the Bankruptcy Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Omnibus Claims Objections* [Docket No. 2068] (the "Omnibus Objection Procedures Order," and the procedures attached thereto as Exhibit 1, the "Omnibus Objection Procedures").   The Omnibus Objection Procedures established certain procedural safeguards and streamlined procedures in connection with the filing of omnibus objections to claims, including certain notice, response, and other procedural requirements.  In addition, the Omnibus Objection Procedures included certain bases in addition to those enumerated in Bankruptcy Rule 3007(d) for the filing of omnibus claim objections (collectively, the "Additional Grounds").

12.     On February 17, 2022, the Bankruptcy Court entered an Order [Docket No. 2387] establishing March 25, 2022 at 5:00 p.m. (Central Time) as the deadline for persons to assert administrative expense claims against the Debtors' estates.

13.     On March 16, 2022, the Bankruptcy Court entered an order [Docket No. 2410], extending the February 23, 2022 deadline to object to claims (including administrative expense claims) established by section 7.5 of the Plan (the "Claim Objection Deadline") to August 22, 2022.   As of the date of filing this Objection, the Plan Administrator's motion [Docket No. 2621] seeking to extend the Claim Objection Deadline to February 18, 2023 remains pending.

14.     On August 17, 2022, the Bankruptcy Court entered an order [Docket No. 2629] (the "Expanded Grounds Order"), expanding the Additional Grounds identified in the Omnibus Objection Procedures to also allow the Plan Administrator to file omnibus claim objections to claims based upon (a) Leases which were transferred to another operator where no amounts are

5

due and owing to the applicable claimant by the Debtors, and (b) Leases which terminated where no amounts are due and owing to the applicable claimant by the Debtors.

15.     The Plan Administrator and his advisors have worked diligently to review the Proofs of Claim filed against the Debtors, including any supporting documentation filed contemporaneously with such Proofs of Claim. In addition, and as more fulsomely described below, where a Proof of Claim contained limited or no supporting documents or information, the Plan Administrator investigated such Proof of Claim to determine whether the claim asserted therein was a legitimate claim against the Debtors.  Based on such investigations as detailed below and in the Declaration (defined below), the Plan Administrator has identified numerous claims based upon Leases which were transferred to another operator and for which no amounts remain due and owing by the Debtors.

16.     Attached hereto as **Exhibit A** is the *Declaration of Walter Bowser in Support of the Seventeenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Satisfied Transferred Lease Claims)* (the "Declaration").  The Declaration provides, *inter alia*, the efforts undertaken to determine that each of the Terminated Lease Claims is based upon Leases which were transferred to another operator and for which no amounts remain due and owing by the Debtors or Post-Effective Date Debtors.

### Basis for Relief

17.     A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). Section 502(b)(1) – (9) lists nine separate grounds for disallowing a claim, including that "such claim is unenforceable against the debtor and property of the debtor, under

6

any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

18.      A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f).  To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). A claim that is based on a writing must attach the underlying writing or provide an explanation of the loss or destruction or such writing.  *See* Bankruptcy Rule 3001(c).  Without complying with the requirements of Bankruptcy Rule 3001(c), if applicable, a claim is not entitled to *prima facie* validity.  *See, e.g. eCast Settlement Corp. v. Tran (In re Tran),* 369 B.R. 312, 317 (S.D. Tex. 2007).

19.      A claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998).  Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

20.      An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such

7

objection. *See* FED. R. BANKR. P. 3007(a).  Objections to multiple claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons. See FED. R. BANKR. P. 3007(d). Additionally, the Omnibus Objection Procedures Order and Expanded Grounds Order provide that multiple claims may be included in an omnibus objection if such claims are based upon "Leases which were transferred to another operator where no amounts are due and owing to the applicable claimant by the Debtors."

21.     As an initial matter, the Transferred Lease Claims share a number of characteristics, such as being filed in an unliquidated amount.  Some of the Transferred Lease Claims only provide a very general description of a right to receive royalty or other interest payments while other Transferred Lease Claims state no basis for the claim whatsoever.  In addition, with three limited exceptions,[2] each Transferred Lease Claim fails to attach any documentation in support of their claim or a statement in conformity with the requirements of Bankruptcy Rule 3001(c).  While a lack of supporting documentation is not a basis to object to a proof of claim (nor is it the basis of this Objection),[3] the lack of documentation prevents each of the Transferred Lease Claims from being entitled to *prima facie* validity.

22.     Notwithstanding the shortcomings of the Transferred Lease Claims, the Plan Administrator went to get lengths to investigate and determine the validity of each such claim.

---

[2] Claim No. 659 filed by Michael R. Christensen includes a very brief statement of how the claimant inherited his purported interest in a Lease and that the claimant had not received royalty payments in a long time.  Similarly, each of Claim Nos. 395 and 891 filed by Nancy Ryan and Charles Eckert, respectively, attached a *Revenue Summary Statement* (each a "Revenue Statement"), but no other documentation supporting its assertion that the claimant holds a valid pre-petition claim against the Debtors.  However, each of these Revenue Statements were the final statements sent to such claimants by the Debtors and was sent concurrently with the final payments referenced therein.

[3] Although not the primary thrust of this Objection, the Plan Administrator asserts that each of the Transferred Lease Claims is based upon a writing, and, thus, each of the Transferred Claims are required to comply with Bankruptcy Rule 3001(c).  None of the Transferred Lease Claims complied with this obligation.

More particularly, the Plan Administrator's professionals enlisted the help of QuarterNorth Energy, LLC ("QNE") as part of the Plan Administrator's investigation efforts.  QNE maintains all the various databases and files regarding the Debtors' historical exploration and production activities, as well as information published by state and federal agencies, in order to investigate the Transferred Lease Claims and the bases and validity thereof.

23.     In particular, the Plan Administrator and his professionals began searching each individual Interest Owner's name in reports generated by the Debtors' accounting database, "OG SYS," in order to identify the applicable owner or vendor number of each of the Interest Owners. An owner or vendor number is a unique identification number assigned by the Debtors to each of the Debtors' Interest Owners.  If an Interest Owner holds an interest in a prospect or other non-producing property, the Interest Owner is assigned a "vendor number."  Interest Owners for developed or commercially producing properties are assigned an "owner number."  Determining each of the Interest Owners' respective owner or vendor numbers is crucial to accessing operational and payment information which is indexed by, *inter alia*, owner and vendor number. Each Interest Owner's owner or vendor number is identified in **Schedule 1** to the Proposed Order.

24.     Once the owner or vendor number for each Interest Owner was identified, the Plan Administrator was able to determine from reports generated by OG SYS (i) what interest each Interest Owner held, (ii) each of the properties in which they hold/held an interest, (iii) the historical hydrocarbon production and costs attributable to each such property, and (iv) the historical payments made to the Interest Owner by the Debtors, including whether any amounts had accrued but remained unpaid.  This data formed the basis of the Revenue Statements that were periodically provided to Interest Owners.

25.     After identifying each of the properties in which the Interest Owners held an interest, the Debtors' ownership and disposition data and files regarding each such property were reviewed, including information regarding whether the Debtors' developed the underlying property and whether the Debtors sold or otherwise transferred the underling Leases.  Finally, such information was compared to information published by state agencies where available, on a property by property basis, in order to verify the Debtors' ownership and production data.  By verifying the Debtors' information, the Plan Administrator was able to verify the production and ownership history of each property underlying the Transferred Lease Claims to the extent possible.

26.     As a result of the foregoing diligence process, the Plan Administrator was able to determine that the Lease underlying each Transferred Lease Claim was sold or otherwise transferred to another operator, who then became liable for future amounts under the transferred Leases.  The Plan Administrator also reviewed applicable sale and other transfer documents for the Lease underlying the Transferred Lease Claims.  In this regard, **Schedule 1** identifies each property, the date of transfer of the applicable Lease, and the subsequent operator for each Transferred Lease Claim.

27.     In addition, after reviewing the Debtors' production and payment information maintained by QNE with respect to the Transferred Lease Claims, the Plan Administrator examined reports generated by OG SYS and determined that all amounts owed by the Debtors to each Interest Owner asserting a Transferred lease Claim for the periods prior to the transfer of the underlying Lease were paid.  The date and amount of final payment is also included in **Schedule 1**.

10

28.     Based on this substantial level of diligence, the Plan Administrator determined that each of the Terminated Lease Claims should be disallowed because such claims were previously satisfied.  If the Transferred Lease Claims are not disallowed, the parties that filed such Proofs of Claim will receive recoveries from the Post-Effective Date Debtors to the detriment of other similarly situated creditors and to which they are not entitled.  Accordingly, the Plan Administrator respectfully requests that the Court disallow each Transferred Lease Claim in its entirety.

### **Reservation of Rights**

29.     In the event that any of the Transferred Lease Claims is not disallowed on the grounds asserted herein, the Plan Administrator hereby reserves its rights to object to such claims on any other grounds. Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Transferred Lease Claims or any other claims that may be asserted against the Debtors' Estates.

30.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

**Separate Contested Matter**

31.    To the extent that a response is filed regarding any Transferred Lease Claim and the Plan Administrator is unable to resolve any such response, each such Transferred Lease Claim, and the Objection as it pertains to such Transferred Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Transferred Lease Claim.

**Notice**

32.    Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Transferred Lease Claims in accordance with the Omnibus Objection Procedures. The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

## Conclusion

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection and providing that the Transferred Lease Claims shall be disallowed; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 1; , 2022

<div style="margin-left:40%">

*/s/ Michael D. Warner*

Michael D. Warner, Esq.
(TX Bar No. 00792304)
Benjamin L. Wallen, Esq.
(TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:   (713) 691-9401
Email: mwarner@pszjlaw.com
          bwallen@pszjlaw.com

- and -

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Gabriel Sasson (admitted *pro hac vice*)
John F. Iaffaldano (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Email: krishansen@paulhastings.com
          kenpasquale@paulhastings.com
          gabesasson@paulhastings.com
          jackiaffaldano@paulhastings.com

*Counsel for the Plan Administrator*

</div>

13