# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective Date Debtors.[1] | § | |

**DECLARATION OF WALTER BOWSER IN SUPPORT OF PLAN
ADMINISTRATOR'S EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
<u>SEEKING TO DISALLOW CERTAIN CLAIMS</u>**

**(SATISFIED TERMINATED LEASE CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Walter Bowser, solely in my capacity as advisor to the Plan Administrator, hereby declare as follows:

1. I am a Director at Province, Inc., an industry-leading, nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization, and trustee-related services that enjoys an excellent reputation for services it has

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "<u>Post-Effective Date FWE I Subsidiaries</u>") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

2. Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Eighteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Satisfied Terminated Lease Claims)* (the "Objection").[2]

3. Except as otherwise specified herein, the facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in **Schedule 1** to the Proposed Order (each a "Claim" and collectively, the "Claims"). If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Plan Administrator went to get lengths to investigate and determine the validity of each Proof of Claim filed by the Interest Owners, including the Terminated Lease Claims. More particularly, the Plan Administrator's professionals, including myself, enlisted the help of QNE as part of the Plan Administrator's investigation efforts. I understand that QNE maintains all the various databases and files regarding the Debtors' historical exploration and production activities, as well as information published by state and federal agencies.

5. In particular, the Plan Administrator and his professionals began searching each individual Interest Owner's name in reports generated by the Debtors' accounting database, "OG SYS," in order to identify the applicable owner or vendor number of each of the Interest Owners.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

2

An owner or vendor number is a unique identification number assigned by the Debtors to each of the Debtors' Interest Owners. If an Interest Owner holds an interest in a prospect or other non-producing property, the Interest Owner is assigned a "vendor number." Interest Owners for developed or commercially producing properties are assigned an "owner number." Determining each of the Interest Owners' respective owner or vendor numbers is crucial to accessing operational and payment information which is indexed by, *inter alia*, owner and vendor number. Each Interest Owner's owner or vendor number is identified in **Schedule 1** to the Proposed Order.

6. Once the owner or vendor number for each Interest Owner was identified, I was able to determine from reports generated by OG SYS (i) what interest each Interest Owner held, (ii) each of the properties in which they hold/held an interest, (iii) the historical hydrocarbon production and costs attributable to each such property, and (iv) the historical payments made to the Interest Owner by the Debtors, including whether any amounts had accrued but remained unpaid. This data formed the basis of the revenue statements that were periodically provided to Interest Owners.

7. After identifying each of the properties in which the Interest held an interest, I reviewed the Debtors' ownership and disposition data and files regarding each such property, including information regarding whether the Debtors' developed the underlying property and whether the Debtors sold or otherwise transferred the underling Leases. Finally, I compared such information to information published by state and federal agencies where available, on a property by property basis, in order to verify the Debtors' ownership and production data. With respect to federal offshore properties, the Debtors' ownership and production information was compared to corresponding information periodically published by the Bureau of Ocean Energy Management and the Bureau of Safety and Environmental Enforcement, as aggregated in the proprietary "OWL

3

7 Database" maintained by Lexco and subscribed to by QNE.  With respect to onshore properties, the Debtors' ownership and production information was compared to ownership and production information published by the Texas Railroad Commission and Louisiana Department of Natural Resources, where such information is available.[3]

8. With respect to the Terminated Lease Claims, the Plan Administrator confirmed that the Debtors intentionally allowed the Leases with respect to the properties underling the Terminated Lease Claims to lapse where (a) there was not commercial production or (b) the Debtors no longer desired to develop such properties.

9. In addition to determining that the Leases had terminated, I was able to determine that, after reviewing the Debtors' production and payment information maintained by QNE and verified by the government regulatory operational and ownership data, all amounts due to each Interest Owner with respect to the Terminated Lease Claims were paid though the termination date of such Lease.  Accordingly, **Schedule 1** reflects, on an Interest Owner by Interest Owner basis, (i) the properties attributable to each Interest Owner, (ii) the dates the applicable Lease terminated, and (iii) the date and amount of final payment to the Interest Owner.

10. Based on this substantial level of diligence, I determined that each of the Terminated Lease Claims should be disallowed because such claims were previously satisfied.  If the Terminated Lease Claims are not disallowed, the parties that filed such Proofs of Claim will receive recoveries from the Post-Effective Date Debtors to the detriment of other similarly situated creditors and to which they are not entitled.  Accordingly, the Plan Administrator respectfully requests that the Court disallow each Transferred Lease Claim in its entirety.

---

[3] Due to the nature of the reporting requirements of the Debtors and other operators, no governmental ownership or production data was available for review with respect to non-producing or undeveloped prospect properties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 1; , 2022 */s/ Walter Bowser*
Walter Bowser