# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.*, | § | **Case No. 20-33948 (MI)** |
| | § | |
| **Post-Effective Date Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**PLAN ADMINISTRATOR'S NINETEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE <u>SEEKING TO RECLASSIFY, MODIFY OR DISALLOW CERTAIN CLAIMS</u>**

**(IMPROPERLY CLASSIFIED, DUPLICATIVE, SATISFIED, PARTIAL NON-DEBTOR CLAIMS, AND NON-DEBTOR CLAIMS)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO RECLASSIFY, MODIFY OR DISALLOW THE ADMINISTRATIVE EXPENSE PROOF OF CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE RECLASSIFIED, MODIFIED OR DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER FOR OCTOBER 3 AT 10:00 A.M. AND WILL BE HELD IN COURTROOM 404, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification numbers, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "<u>Post-Effective Date FWE I Subsidiaries</u>") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.

YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE." SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

---

THIS OBJECTION SEEKS TO RECLASSIFY, MODIFY OR DISALLOW CERTAIN ADMINISTRATIVE EXPENSE PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.

The administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned reorganized debtors (collectively, the "Debtors," as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors"), files this *Nineteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Reclassify, Modify or Disallow Certain Claims (Improperly Classified, Duplicative, Satisfied, Partial Non-Debtor Claims, and Non-Debtor Claims)* (this "Objection"). In support of this Objection, the Plan Administrator respectfully represents as follows:

**Jurisdiction and Venue**

1.        This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C.

§ 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper

in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.        The predicates for the relief requested herein are sections 105(a) and 502(b) of title

11 of the United States Code ("Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules for the

Southern District of Texas (the "Bankruptcy Local Rules").

**Relief Requested**

3.        The Plan Administrator seeks entry of an order, substantially in the form attached

hereto as **Exhibit B** (the "Proposed Order"), that:

a. Reclassifies each Administrative Expense Proof of Claim (as defined herein) identified on **Schedule 1** to the Proposed Order (collectively, the "Improperly Classified Claims") in the priority and amount set forth therein because the Plan Administrator has determined that each such claim, as filed, was improperly classified and the Debtors' estates are not liable in the priority alleged by the Improperly Classified Claims;

b. Disallows each Administrative Expense Proof of Claim identified on **Schedule 2** to the Proposed Order (collectively, the "Duplicative Claims") in its entirety because each such claim is also an Improperly Classified Claim that, subject to this Objection, has been reclassified as a general unsecured claim, and, as a result of such reclassification, is duplicative of at least one other Proof of Claim filed against the Debtors' estates by the same entity;

c. Disallows each Administrative Expense Proof of Claim identified on **Schedule 3** to the Proposed Order (collectively, the "Satisfied Claims") in its entirety because each such claim as been satisfied by or on behalf of the Debtors;

d. Disallows each Administrative Expense Proof of Claim identified on **Schedule 4** to the Proposed Order (collectively, the "Partial Non-Debtor Claims") in part because a portion of each such claim is supported by invoices for services provided after the Effective Date, and, therefore, represents an obligation of a non-Debtor entity, *i.e.* the Credit Bid Purchaser (as defined in the Plan).

e. Disallows each Administrative Expense Proof of Claim identified on **Schedule 5**

3

to the Proposed Order (collectively, the "Non-Debtor Claims") in its entirety because each such claim represents a claim against, and liability of, a non-Debtor entity.

The Improperly Classified Claims, the Duplicative Claims, the Satisfied Claims, the Partial Non-Debtor Claims, and the Non-Debtor Claims are hereinafter collectively referred to as the "Disputed Claims".

### General Background

4.      On August 3, 2020 and August 4, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court")

5.      On June 25, 2021, the Bankruptcy Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751], confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 2008] (the "Plan").

6.      On August 27, 2021, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

7.      On the Effective Date, David M. Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan.

### The Claims Reconciliation Process

8.      On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430-454].

9.      On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File*

*Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases (collectively, the "Proofs of Claims"). The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

10.    On September 28, 2021, the Bankruptcy Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Omnibus Claims Objections* [Docket No. 2068] (the "Omnibus Objection Procedures Order," and the procedures attached thereto as Exhibit 1, the "Omnibus Objection Procedures").

11.    On February 17, 2022, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Requests for Payment of Administrative Expense Claims and Procedures Relating Thereto and Approving Form and Manner of Notice Thereof* [Docket No. 2387], establishing March 25, 2022 as the deadline for filing Administrative Expense Proofs of Claims (as defined therein) in these chapter 11 cases, all as more fully described therein.

12.    The Plan Administrator and his advisors have worked diligently to review the Administrative Expense Proofs of Claim, including the supporting documentation filed contemporaneously with such Administrative Expense Proofs of Claim or documentation provided by the applicable claimants at the Plan Administrator's request. The Plan Administrator believes that the Disputed Claims should be reclassified, disallowed and/or modified as set forth herein.

13.    Attached hereto as **Exhibit A** is the *Declaration of Walter Bowser in Support of the Nineteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Reclassify, Modify or Disallow*

*Certain Claims (Improperly Classified, Duplicative, Satisfied, Partial Non-Debtor Claims, and Non-Debtor Claims)* (the "Declaration").

### Relief Requested

14.     A filed claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(a), (f).[2]

15.     To receive the benefit of prima facie validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *See In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of prima facie validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove [such allegation] by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

16.     An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections to multiple claims may be joined in an omnibus objection on certain grounds set forth in the Bankruptcy Rules, including that the claims "duplicate

---

[2] The Plan Administrator reserves the right to dispute whether the Administrative Expense Proofs of Claim are entitled to the protections and benefits of Fed. R. Bankr. P. 3001(f).

other claims." *See* FED. R. BANKR. P. 3007(d)(1). In addition to such grounds specified in the Bankruptcy Rules, this Court's Omnibus Objection Procedures Order provides certain additional grounds as bases for omnibus objections, including that such claims "are incorrectly or improperly classified" and that such claims "are filed against non-Debtors . . . ." *See* Omnibus Objection Procedures at ¶ 2(a)-(b).

## A.      The Improperly Classified Claims

17.      As set forth in the Declaration, the Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 1** to the Proposed Order, *i.e.* the Improperly Classified Claims, and any supporting documentation filed therewith. Based on such review, the Plan Administrator has determined that the Improperly Classified Claims, as filed, do not accurately reflect the correct classification for each claim. Instead, the Plan Administrator believes that the Improperly Classified Claims must be reclassified from an administrative expense claim to a general unsecured claim as further specified on **Schedule 1** to the Proposed Order. The column entitled "Reason for Reclassification and/or Modification" on **Schedule 1** to the Proposed Order notes certain facts relevant to the proposed reclassification, including that such claims either include invoices for services that were provided prior to the Petition Date, or otherwise state that the claim was incurred prior to the Petition Date. Failure to reclassify the Improperly Classified Claims would result in the relevant claimants receiving an unwarranted or excessive recovery against the Debtors' estates. Accordingly, the Plan Administrator requests that the Court reclassify each Improperly Classified Claim as specified in **Schedule 1** to the Proposed Order.

## B.      The Duplicative Claims

18.      As set forth in the Declaration, the Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 2** to the Proposed Order, *i.e.* the

Duplicative Claims, and any supporting documentation filed therewith, as well as other claims filed by the relevant claimants. Each of the Duplicative Claims is also an Improperly Classified Claim that, subject to this Objection, has been reclassified as a general unsecured claim. As a result of such reclassification, the Plan Administrator has determined that each of the Duplicated Claims is duplicative of at least one other Proof of Claim filed by the same claimant relating to the same subject matter. For each Duplicative Claim, and based on the reclassification of each such claim requested herein, the Plan Administrator has identified in **Schedule 2** to the Proposed Order a corresponding "Surviving Claim" in the column so entitled. If the Duplicative Claims are not disallowed, the relevant claimants may obtain a double recovery for the same, alleged liability. Accordingly, the Plan Administrator requests that the Court disallow each of the Duplicative Claims.

19.     Unless otherwise indicated, the relief requested herein will have no effect on the Proofs of Claim listed in the column entitled "Surviving Claim" in **Schedule 2** to the Proposed Order. Because the Surviving Claims are unaffected by this Objection, the relevant claimants' rights to assert these liabilities against the Debtors' estates are preserved, as well as the Plan Administrator's right to object to such Surviving Claims.

C.     **The Satisfied Claims**

20.     As set forth in the Declaration, the Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 3** to the Proposed Order, *i.e.* the Satisfied Claims, and any supporting documentation filed therewith. Based on such review, the Plan Administrator has determined that each of the Satisfied Claims was satisfied during these chapter 11 cases either as part of the Debtors' ordinary course of business or through the contract assumption process. For example, the Debtors satisfied certain of its obligations to make royalty

8

payments to relevant claimants. Additionally, the Debtors elected to assume or assume and assign

the relevant claimants' contracts during these chapter 11 cases by including the executory contracts

in the Schedule of Assumed Contracts [Dkt. No. 1395]. Thereafter, the Debtors remitted payment

of the applicable cure amounts. Pursuant to the Plan, "assumption or assumption and assignment

of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the

full release and satisfaction of any Claims against any Debtor or default by any Debtor, whether

monetary or nonmonetary, including defaults of provisions restricting the change in control or

ownership interest composition or other bankruptcy-related defaults, arising under any assumed

executory contract or unexpired lease at any time before the date that the Debtors assume or assume

and assign such executory contract or unexpired lease." Plan § 8.2(e). The Plan further provides

that any Proofs of Claim filed with respect to an executory contract that has been assumed or

assumed and assigned shall be deemed disallowed. *See Id*.

21.     The Confirmation Order further provides that "[s]ubject to the occurrence of the

Effective Date, entry of this Order by the Bankruptcy Court shall constitute approval of the

assumptions and assumptions and assignments provided for in the Plan pursuant to sections 365(a)

and 1123 of the Bankruptcy Code. . ." Confirmation Order ¶ 41.

22.     If the Satisfied Claims are not disallowed, the relevant claims will receive multiple

recoveries against the Debtors' estates to the detriment of other similarly situated creditors.

Accordingly, the Plan Administrator requests that the Court disallow each of the Satisfied Claims.

**D.          The Partial Non-Debtor Claims**

23.     As set forth in the Declaration, the Plan Administrator has reviewed each of the

Administrative Expense Proofs of Claim identified on **Schedule 4** to the Proposed Order, *i.e.* the

Partial Non-Debtor Claims, and any supporting documentation filed therewith. Based on such

review, the Plan Administrator has determined that each of the Partial Non-Debtor Claims are not, in their entirety, claims against the Debtors' estates, but, rather, include claims against, and obligations of, a non-Debtor entity. Specifically, each of the Partial Non-Debtor Claims identified on **Schedule 4** includes invoices for services provided after the Effective Date. As such, each of the Partial Non-Debtor Claims includes obligations of a non-Debtor entity, *i.e.* the Credit Bid Purchaser, on the basis that such claims arose after the Effective Date. Disallowing a portion of each of the Partial Non-Debtor Claims will not prejudice the relevant claimants, as such portions of each of the Partial Non-Debtor Claims do not represent a valid liability or obligation of the Debtors' estates. Additionally, as a result of such partial disallowance, the Plan Administrator further requests that each Partial Non-Debtor Claim be modified as set forth on **Schedule 4** to an amount that represents liabilities asserted against the Debtors and the Debtors' estates. If the Partial Non-Debtor Claims are not disallowed, the relevant claimants will receive recoveries to which they are not entitled, to the detriment of other creditors holding allowed claims. Accordingly, the Plan Administrator requests that the Court disallow, in part, each of the Partial Non-Debtor Claims.

E.      **The Non-Debtor Claims**

24.      As set forth in the Declaration, the Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 5** to the Proposed Order, *i.e.* the Non-Debtor Claims, and any supporting documentation filed therewith. Based on such review, the Plan Administrator has determined that each of the Non-Debtor Claims are not claims against the Debtors' estates, but, rather, are claims against a non-Debtor entity. Specifically, each of the Non-Debtor Claims identified on **Schedule 5** are based, in their entirety, either on claims that have been assumed by the Credit Bid Purchaser or on invoices for services provided after the Effective Date. As such, each of the Non-Debtor Claims assert obligations of a non-Debtor entity, *i.e.* the Credit

Bid Purchaser, on the basis that such claims arose after the Effective Date. Disallowing each of the Non-Debtor Claims will not prejudice the relevant claimants, as such Non-Debtor Claims do not represent a valid liability or obligation of the Debtors' estates. If the Non-Debtor Claims are not disallowed, the relevant claimants will receive recoveries to which they are not entitled, to the detriment of other creditors holding allowed claims. Accordingly, the Plan Administrator requests that the Court disallow each of the Non-Debtor Claims.

**Reservation of Rights**

25.     For the avoidance of doubt, this Objection is limited to the grounds stated herein. In the event that any of the Disputed Claims are not reclassified, modified, or disallowed as requested herein, the Plan Administrator hereby reserves its rights to object to such Administrative Expense Proofs of Claim on any other grounds. Additionally, the Plan Administrator expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Disputed Claims or any other Administrative Expense Proofs of Claims, as well as any other claims that may be asserted against the Debtors' Estates.

26.     Nothing contained herein or any actions taken pursuant to such relief is intended to be or should be construed as: (a) an admission as to the validity of any Administrative Expense Proof of Claim or any other claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any Administrative Expense Proof of Claim or any other claim on any grounds; (c) a promise or requirement to pay any Administrative Expense Proof of Claim or any other claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the

Bankruptcy Code or any other applicable law.

## Separate Contested Matter

27.      To the extent that a response is filed regarding any Disputed Claim and the Plan Administrator is unable to resolve any such response, each such Disputed Claim, and the Objection as it pertains to such Disputed Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each Disputed Claim.

## Notice

28.      Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Disputed Claims in accordance with the Omnibus Objection Procedures. The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**Conclusion**

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully request that the Court enter the Proposed Order sustaining this Objection and granting the relief requested herein, and such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 22, 2022

/s/ Michael D. Warner
Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9401
Email: mwarner@pszjlaw.com
         bwallen@pszjlaw.com

-and-

Joseph R. Dunn, Esq. (admitted pro hac vice)
Abigail V. O'Brient, Esq. (admitted pro hac vice)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
3580 Carmel Mountain Rd., Suite 300
San Diego, CA 93210
Telephone: (858) 314-1500
Facsimile: (858) 314-1501
Email: jrdunn@mintz.com
         avobrient@mintz.com

-and-

Timothy J. McKeon, Esq. (admitted pro hac vice)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
Email: tjmckeon@mintz.com

Counsel for the Plan Administrator

13