# **EXHIBIT A**

**Bowser Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY III LLC, *et al.*, | § § § | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[3] | § § § | (Jointly Administered) |

**DECLARATION OF WALTER BOWSER IN SUPPORT OF PLAN ADMINISTRATOR'S NINETEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO <u>RECLASSIFY, MODIFY OR DISALLOW CERTAIN CLAIMS</u>**

**(IMPROPERLY CLASSIFIED, DUPLICATIVE, SATISFIED, PARTIAL NON-DEBTOR CLAIMS, AND NON-DEBTOR CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Walter Bowser, solely in my capacity as the Plan Administrator, hereby declare as follows:

1. I am a Director at Province, Inc., an industry-leading, nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization, and trustee-related services that enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

---

[3] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification numbers, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "<u>Post-Effective Date FWE I Subsidiaries</u>") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

2. Contemporaneously with the filing of this Declaration, the Plan Administrator filed the *Plan Administrator's Nineteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Reclassify, Modify or Disallow Certain Claims (Improperly Classified, Duplicative, Satisfied, Partial Non-Debtor Claims, and Non-Debtor Claims)* (the "Objection").[4]

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the Administrative Expense Proofs of Claim listed on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4**, and **Schedule 5** to the Proposed Order (collectively, the "Disputed Claims"), as well as any documentation attached thereto. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Plan Administrator is in the process of reviewing all claims and/or interests filed against each of the Debtors in these chapter 11 cases, including the Administrative Expense Proofs of Claim. Based on such review, I do not believe the Debtors' estates are liable for the Disputed Claims as asserted. I believe that the modification, reclassification and/or disallowance of the Disputed Claims on the terms set forth in the Objection is appropriate.

## The Disputed Claims

**A.    The Improperly Classified Claims**

5. The Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 1** to the Proposed Order, *i.e.* the Improperly Classified Claims,

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

and any supporting documentation filed therewith. Based on such review, it has been determined that the Improperly Classified Claims, as filed, do not accurately reflect the correct classification for each claim. Instead, I believe that the Improperly Classified Claims must be reclassified from an administrative expense claim to a general unsecured claim as further specified on **Schedule 1** to the Proposed Order. The column entitled "Reason for Reclassification and/or Modification" on **Schedule 1** to the Proposed Order notes certain facts relevant to the proposed reclassification, including that such claims either include invoices for services that were provided prior to the Petition Date, or otherwise state that the claim was incurred prior to the Petition Date. I believe that the modified classification listed on **Schedule 1** to the Proposed Order represents the appropriate classification for each respective Improperly Classified Claim. Failure to reclassify the Improperly Classified Claims would result in the relevant claimants receiving an unwarranted or excessive recovery against the Debtors' estates. Accordingly, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

B. **The Duplicative Claims**

6. The Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 2** to the Proposed Order, *i.e.* the Duplicative Claims, and any supporting documentation filed therewith, as well as other claims filed by the relevant claimants. Each of the Duplicative Claims is also an Improperly Classified Claim that, subject to the Objection, has been reclassified as a general unsecured claim. As a result of such reclassification, it has been determined that each of the Duplicated Claims is duplicative of at least one other claim filed by the same claimant relating to the same subject matter. For each Duplicative Claim, and based on the requested reclassification of each such claim, the Plan Administrator has identified in **Schedule 2** to the Proposed Order a corresponding "Surviving Claim" in the column so entitled.

I do not believe that the Debtors' estates are liable for both the Duplicative Claims and the Surviving Claims. If the Duplicative Claims are not disallowed, the relevant claimants may obtain a double recovery for the same, alleged liability. Accordingly, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

C.   **The Satisfied Claims**

7.   The Plan Administrator has have reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 3** to the Proposed Order, *i.e.* the Satisfied Claims, and any supporting documentation filed therewith. Based on such review, it has been determined that each of the Satisfied Claims was satisfied during these chapter 11 cases either as part of the Debtors' ordinary course of business or through the contract assumption process. For example, the Debtors satisfied certain of its obligations to make royalty payments to relevant claimants. Additionally, the Debtors elected to assume or assume and assign the relevant claimants' contracts during these chapter 11 cases by including the executory contracts in the Schedule of Assumed Contracts [Dkt. No. 1395]. Thereafter, the Debtors remitted payment of the applicable cure amounts. If the Satisfied Claims are not disallowed, the relevant claimants will receive multiple recoveries against the Debtors' estates to the detriment of other similarly situated creditors. Accordingly, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

D.   **The Partial Non-Debtor Claims**

8.   The Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 4** to the Proposed Order, *i.e.* the Partial Non-Debtor Claims, and any supporting documentation filed therewith. Based on such review, it has been determined that each of the Partial Non-Debtor Claims are not, in their entirety, claims against the Debtors' estates,

4

but, rather, include claims against, and obligations of, a non-Debtor entity. Specifically, each of the Partial Non-Debtor Claims identified on **Schedule 4** includes invoices for services provided after the Effective Date. As such, each of the Partial Non-Debtor Claims include obligations of a non-Debtor entity, *i.e.* the Credit Bid Purchaser, on the basis that such claims arose after the Effective Date. Disallowing a portion of each of the Partial Non-Debtor Claims will not prejudice the relevant claimants, as such portions of each of the Partial Non-Debtor Claims do not represent a valid liability or obligation of the Debtors' estates. Additionally, as a result of such partial disallowance, the Plan Administrator further requests that each Partial Non-Debtor Claim be modified as set forth on **Schedule 4** to reflect an amount that represents liabilities asserted against the Debtors and the Debtors' estates, which amount is reflected on **Schedule 4** in the column under the heading "Claim Against Debtors' Estates". If the Partial Non-Debtor Claims are not disallowed, the relevant claimants will receive recoveries to which they are not entitled, to the detriment of other creditors holding allowed claims. Accordingly, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

E.  **The Non-Debtor Claims**

9.  The Plan Administrator has reviewed each of the Administrative Expense Proofs of Claim identified on **Schedule 5** to the Proposed Order, *i.e.* the Non-Debtor Claims, and any supporting documentation filed therewith. Based on such review, it has been determined that each of the Non-Debtor Claims are not claims against the Debtors' estates, but, rather, are claims against a non-Debtor entity. Specifically, each of the Non-Debtor Claims identified on **Schedule 5** are based, in their entity, either on claims that have been assumed by the Credit Bid Purchaser or on invoices for services provided after the Effective Date. As such, each of the Non-Debtor Claims assert obligations of a non-Debtor entity, *i.e.* the Credit Bid Purchaser, on the basis that such claims

5

arose after the Effective Date. Disallowing each of the Non-Debtor Claims will not prejudice the relevant claimants, as such Non-Debtor Claims do not represent a valid liability or obligation of the Debtors' estates. If the Non-Debtor Claims are not disallowed, the relevant claimants will receive recoveries to which they are not entitled, to the detriment of other creditors holding allowed claims. Accordingly, I believe that the relief sought in the Objection is in the best interest of the Debtors' Estates and the Debtors' creditors.

## Conclusion

10. In light of the foregoing, I believe that the relief sought in the Objection with respect to the Disputed Claims is appropriate and is in the best interest of the Debtors' Estates and the Debtors' creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 22, 2022                                         */s/ Walter Bowser*
                                                                                Walter Bowser