IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

### DECLARATION OF DAVID M. DUNN IN SUPPORT OF PLAN ADMINISTRATOR'S TWENTIETH OMNIBUS OBJECTION TO CLAIMS SEEKING TO RECLASSIFY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS (CLAIMS FILED BY THE DEPARTMENT OF INTERIOR)

I, David M. Dunn, pursuant to 27 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I submit this declaration in support of the *Plan Administrator's Twentieth Omnibus Objection to Claims Seeking to Reclassify Certain Administrative Expense Claims (Claims Filed by the Department of Interior)* (the "**Objection**")[2] filed contemporaneously

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

herewith.  I am a Principal at Province, Inc., an industry-leading, nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization, and trustee-related services.  I was previously appointed the Plan Administrator pursuant to the *Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [ECF No. 2008] and currently serve in that role.

2. The facts set forth in this declaration are based upon my personal knowledge, information provided by employees of QuarterNorth Energy LLC, or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction.  Further, I or others under my supervision and direction have reviewed and analyzed the Administrative Expense Proofs of Claim listed on **Schedule 1** to the Proposed Order (collectively, the "**Disputed Claims**"), as well as any documentation attached thereto.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

3. The Plan Administrator is in the process of reviewing all claims and/or interests filed against each of the Debtors in these Chapter 11 Cases, including Administrative Expense Claims.  Based on such review, I do not believe the Debtors' estates are liable for the Disputed Claims as asserted.  I believe that the reclassification of the Disputed Claims on the terms set forth in the Objection is appropriate.

### The Disputed Claims

4. The Disputed Claims relate to certain Leases with the federal government that certain of the Debtors were party to as of the Petition Date.  Attached hereto as **Exhibit A** is a true and correct copy of each Lease referenced in the Disputed Claims, as downloaded from the Bureau of Safety and Environmental Enforcement's ("**BSEE**") website.  Attached hereto as

**Exhibit B** are true and correct copies of the Demands issued by the DOI to certain Debtor entities with respect to the minimum royalty claims alleged in the Disputed Claims.

5. I do not believe any of the Disputed Claims should be allowed as Administrative Expense Claims. The Disputed Claims arise from Leases that were issued (i.e., executed by the DOI) prior to the Petition Date, and predominantly relate to lease years that commenced prior to the Petition Date. None of the Leases were issued postpetition.

6. I do not believe that the Leases benefited the Debtors' estates. Of the 27 Leases referenced in the Disputed Claims, oil was produced from only two of the Leases during the Debtors' Chapter 11 Cases. Further, all but two of the Leases were either terminated or relinquished prior to the Effective Date. Of the two Leases with production after the Petition Date, production at OCS-G23735 stopped on August 23, 2020, 20 days after the Petition Date, and production at OCS-G24870 stopped on October 20, 2020, approximately two and a half months after the Petition Date. Upon information and belief, for any production that occurred in the postpetition period, the DOI received royalty payments on account of the production, calculated consistent with the terms of the applicable Leases.

7. I believe the Leases were burdensome to the Debtors' estates. Upon information and belief, the Debtors' operations at the Leases in the postpetition period consisted of maintaining and monitoring the Leases in accordance with applicable regulations. This resulted in the Debtors incurring substantial expenses that exceeded the production revenue, if any, derived from the Leases during the Chapter 11 Cases. Moreover, the Leases were saddled with decommissioning obligations, and the Debtors' interests in the Leases that had not previously terminated or been relinquished were either abandoned under the Plan or allocated to FWE I for decommissioning.

8.  Attached hereto as **Exhibit C** is a true and correct copy of the serial register page ("**SRP**") for each Lease, as downloaded from BSEE's website. The SRPs indicate, as applicable, (i) when a Lease first became effective, (ii) when production from or attributable to a Lease ceased, and (iii) when a Lease terminated or was relinquished. Attached hereto as **Exhibit D** is a true and correct copy of the production data for each Lease, as downloaded from BSEE's website (with the exception of the production data for OCS-G 1037, which is not available on BSEE's website).

9.  In light of the foregoing, I believe that the Objection with respect to the Disputed Claims should be sustained.

Dated:   September 13, 2022
         Stamford, Connecticut

                                  /s/ David M. Dunn
                                  David M. Dunn

**Certificate of Service**

I hereby certify that on September 13, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                     */s/ Jessica Liou*
                                                                     Jessica Liou