IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[5] | § | (Jointly Administered) |
| | § | |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S NINETEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO RECLASSIFY, MODIFY OR DISALLOW CERTAIN CLAIMS**

**(IMPROPERLY CLASSIFIED, DUPLICATIVE, SATISFIED, PARTIAL NON-DEBTOR CLAIMS, AND NON-DEBTOR CLAIMS)**

[Related Docket No. 2640]

Upon the *Nineteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Reclassify, Modify or Disallow Certain Claims (Improperly Classified, Duplicative, Satisfied, Partial Non-Debtor Claims, and Non-Debtor Claims)* (the "Objection")[6] filed by the administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned reorganized debtors

---

[5] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification numbers, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date FWE I Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[6] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

1

(collectively, the "Debtors," as applicable, and after the effective date of their plan of reorganization, the "Reorganized Debtors"), seeking entry of an order (this "Order") reclassifying, modifying, and/or disallowing the Disputed Claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, **Schedule 4** and **Schedule 5** attached hereto, it is **HEREBY ORDERED THAT**:

1. Each Improperly Classified Claim identified on **Schedule 1** to this Order is modified to reflect a claim in the priority and amount set forth in the column under the heading "Claim as Modified".

2. Each Duplicative Claim identified on **Schedule 2** to this Order in the column under the heading "Claims to be Disallowed" is disallowed in its entirety. Each claim identified on **Schedule 2** to this Order in the column under the heading "Surviving Claim" is unaffected by the relief granted herein; *provided, however*, that the Plan Administrator right to object to any claim identified as a "Surviving Claim" on **Schedule 2** on any applicable grounds is reserved.

3. Each Satisfied Claim identified on **Schedule 3** to this Order is disallowed in its entirety.

4. Each Partial Non-Debtor Claim identified on **Schedule 4** to this Order is disallowed, in part, and modified to reflect the claim in the amount set forth in the column under the heading "Claim Against Debtors' Estates".

5. Each Non-Debtor Claim identified on **Schedule 5** to this Order is disallowed in its entirety.

6. The Debtor's claims and noticing agent, Kroll Restructuring Administration LLC (the "Claims Agent"), is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

7. Each Disputed Claim and the objections by the Plan Administrator to such Disputed

Claim constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Disputed Claim.

8. Except as otherwise provided in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any Administrative Expense Proof of Claim or any other claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any Administrative Expense Proof of Claim or any other claim on any grounds; (c) a promise or requirement to pay any Administrative Expense Proof of Claim or any other claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Plan Administrator's rights under the Bankruptcy Code or any other applicable law.

9. The Plan Administrator, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

10. This Court retains exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2022

                                                                 _____
                                                                  MARVIN ISGUR
                                                                  UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

**Improperly Classified Claims**

Fieldwood Energy LLC and its affiliated Debtors
Case No. 2033948

## Schedule 1 - Improperly Classified Claims

|  | Claim No. | Claimant | Date Filed | Claim as Filed | Claim as Modified | Reason for Reclassification and/or Modification |
|---|---|---|---|---|---|---|
| 1 | 1066 | OQSG | 3/22/2014 | Administrative Claim: $2,846.73<br>General Unsecured Claim: $0.00<br><br>Total: $2,846.73 | Administrative Claim: $995.75<br>General Unsecured Claim: $1,850.98<br><br>Total: $2,846.73 | Certain of the invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided during the pre-petition period. As such, the Bankruptcy Code does not recognize administrative status for the portion of the asserted claim related to these invoices. As noted on Schedule 4, a portion of claimant's reclassified general unsecured claim is asserted against a non-Debtor entity, and, as such, is subject to partial disallowance. |
| 2 | 1036 | OSSA, LLC | 2/24/2022 | Administrative Claim: $1,625.00<br>General Unsecured Claim: $0.00<br><br>Total: $1,625.00 | Administrative Claim: $0.00<br>General Unsecured Claim: $1,625.00<br><br>Total: $1,625.00 | The invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided during the pre-petition period. As such, the Bankruptcy Code does not recognize administrative status for this claim. As noted on Schedule 2, the reclassified general unsecured claim is duplicative of claimant's other proof of claim filed in these cases, which is identified as a "Surviving Claim" on Schedule 2. |

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 1 - Improperly Classified Claims

| | Claim No. | Claimant | Date Filed | Claim as Filed | Claim as Modified | Reason for Reclassification and/or Modification |
|---|---|---|---|---|---|---|
| 3 | 1042 | Swivel Rental & Supply, LLC | 3/14/2022 | Administrative Claim: $12,260.60<br>General Unsecured Claim: $0.00<br><br>**Total: $12,260.60** | Administrative Claim: $0.00<br>General Unsecured Claim: $12,260.60<br><br>**Total: $12,260.60** | The invoice attached to claimant's Administrative Expense Proof of Claim relates to services provided during the pre-petition period. As such, the Bankruptcy Code does not recognize administrative status for this claim.  As noted on Schedule 2, the reclassified general unsecured claim is duplicative of claimant's other proof of claim filed in these cases, which is identified as a "Surviving Claim" on Schedule 2. |
| 4 | 1048 | The Response Group LLC | 3/14/2022 | Administrative Claim: $8,706.56<br>General Unsecured Claim: $0.00<br><br>**Total: $8,706.56** | Administrative Claim: $0.00<br>General Unsecured Claim: $8,706.56<br><br>**Total: $8,706.56** | The invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided during the pre-petition period. As such, the Bankruptcy Code does not recognize administrative status for this claim. |

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 1 - Improperly Classified Claims

|   | Claim No. | Claimant | Date Filed | Claim as Filed | Claim as Modified | Reason for Reclassification and/or Modification |
|---|---|---|---|---|---|---|
| 5 | 1035 | Turnkey Environmental Management Services LLC | 2/24/2022 | Administrative Claim: $168,320.00<br>General Unsecured Claim: $0.00<br><br>**Total: $168,320.00** | Administrative Claim: $0.00<br>General Unsecured Claim: $168,320.00<br><br>**Total: $168,320.00** | Claimant failed to attach invoices to its Administrative Expense Proof of Claim to support its claim; however, the Administrative Expense Proof of Claim indicates that the date the claim was incurred was during the per-petition period. As such, the Bankruptcy Code does not recognize administrative status for this claim. |
| 6 | 1038 | Universal Equipment, Inc. | 3/9/2022 | Administrative Claim: $5,955.85<br>General Unsecured Claim: $0.00<br><br>**Total: $5,955.85** | Administrative Claim: $0.00<br>General Unsecured Claim: $5,955.85<br><br>**Total: $5,955.85** | The invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided during the pre-petition period. Additionally, the Administrative Expense Proof of Claim asserts priority pursuant to section 503(b)(9) of the Bankruptcy Code; however, the invoices attached to the Administrative Expense Proof of Claim demonstrate that any delivery of goods to the Debtors was made outside the statutory 20-day window. As such, the Bankruptcy Code does not recognize administrative status for this claim. As noted on Schedule 2, the reclassified general unsecured claim is duplicative of claimant's other proof of claim filed in these cases, which is identified as a "Surviving Claim" on Schedule 2. |

## Schedule 1 - Improperly Classified Claims

| | Claim No. | Claimant | Date Filed | Claim as Filed | Claim as Modified | Reason for Reclassification and/or Modification |
|---|---|---|---|---|---|---|
| 7 | 1054 | Vegetation Management Specialist Inc. | 3/22/2022 | Administrative Claim: $536.00<br>General Unsecured Claim: $0.00<br><br>Total: $536.00 | Administrative Claim: $0.00<br>General Unsecured Claim: $536.00<br><br>Total: $536.00 | The invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided during the pre-petition period. As such, the Bankruptcy Code does not recognize administrative status for this claim. |
| 8 | 1037 | Wireline Repair Service, Inc. | 2/24/2022 | Administrative Claim: $5,508.43<br>General Unsecured Claim: $0.00<br><br>Total: $5,508.43 | Administrative Claim: $0.00<br>General Unsecured Claim: $5,508.43<br><br>Total: $5,508.43 | The invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided during the pre-petition period, as well as goods that were provided outside the 20-day statutory period under section 503(b)(9). As such, the Bankruptcy Code does not recognize administrative status for this claim. As noted on Schedule 2, the reclassified general unsecured claim is duplicative of claimant's other proof of claim filed in these cases, which is identified as a "Surviving Claim" on Schedule 2. |

# SCHEDULE 2

**Duplicative Claims**

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 2 - Duplicative Claims

| | Claims to be Disallowed | | | | Surviving Claim | | | |
|---|---|---|---|---|---|---|---|---|
| | Duplicate Claim No. | Claimant | Date Filed | Claim Amount | Surviving Claim No. | Claimant | Date Filed | Claim Amount |
| 1 | 1036 | OSSA, LLC | 2/24/2022 | Administrative Claim: $0.00<br>General Unsecured Claim: $1,625.00*<br><br>**Total: $1,625.00**<br><br>*Claim amount based on reclassification objection identified on Schedule 1 | 124 | OSSA, LLC | 8/25/2020 | Administrative Claim: $0.00<br>General Unsecured Claim: $1,625.00<br><br>**Total: $1,625.00** |
| 2 | 1042 | Swivel Rental & Supply, LLC | 3/14/2022 | Administrative Claim: $0.00<br>General Unsecured Claim: $12,260.60*<br><br>**Total: $12,260.60**<br><br>*Claim amount based on reclassification objection identified on Schedule 1 | 233 | Swivel Rental & Supply, LLC | 10/14/2020 | Administrative Claim: $0.00<br>General Unsecured Claim: $12,260.60<br><br>**Total: $12,260.60** |
| 3 | 1038 | Universal Equipment, Inc. | 3/9/2022 | Administrative Claim: $0.00<br>General Unsecured Claim: $5,955.85*<br><br>**Total: $5,955.85**<br><br>*Claim amount based on reclassification objection identified on Schedule 1 | 211 | Universal Equipment, Inc. | 10/1/2020 | Administrative Claim: $0.00<br>General Unsecured Claim: $11,155.88<br><br>**Total: $11,155.88**<br><br>*Proof of Claim includes the invoices attached to the Administrative Expense Proof of Claim |

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 2 - Duplicative Claims

|   | Claims to be Disallowed ||||  Surviving Claim ||||
|---|---|---|---|---|---|---|---|---|
|   | Duplicate Claim No. | Claimant | Date Filed | Claim Amount | Surviving Claim No. | Claimant | Date Filed | Claim Amount |
| 4 | 1037 | Wireline Repair Service, Inc. | 2/24/2022 | Administrative Claim: $0.00<br>Secured Claim: $0.00<br>General Unsecured Claim: $5,508.43*<br><br>**Total: $5,508.43**<br><br>*Claim amount based on reclassification objection identified on Schedule 1 | 288 | Wireline Repair Service, Inc. | 10/26/2020 | Administrative Claim: $0.00<br>Secured Claim: $5,508.43<br>General Unsecured Claim: $0.00<br><br>**Total: $5,508.43** |

# **SCHEDULE 3**

**Reduced Claims**

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 3 - Satisfied Claims

|  | Claim No. | Claimant | Date Filed | Claim Amount | Satisfied Amount | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 1 | 1043 | Disa Global Solutions Inc. | 3/14/2022 | $13,629.16 | $7,947.07 | Claimant's claim was satisfied during these chapter 11 cases through the contract assumption process, pursuant to which the Debtors elected to assume or assume and assign claimant's contract(s) by including such contract on the Schedule of Assumed Contracts and satisfying the applicable cure amounts. As noted on Schedule 4, the remainder of claimant's reclassified general unsecured claim is asserted against a non-Debtor entity, and, as such, is subject to disallowance. |
| 2 | 1045 | Louisiana Machinery Company, LLC | 3/14/2022 | $33,807.71 | $33,807.71 | Claimant's claim was satisfied during these chapter 11 cases through the contract assumption process, pursuant to which the Debtors elected to assume or assume and assign claimant's contract(s) by including such contract on the Schedule of Assumed Contracts and satisfying the applicable cure amounts. |
| 3 | 1046 | Louisiana Machinery Company, LLC | 3/14/2022 | $65,138.71 | $65,138.71 | Claimant's claim was satisfied during these chapter 11 cases through the contract assumption process, pursuant to which the Debtors elected to assume or assume and assign claimant's contract(s) by including such contract on the Schedule of Assumed Contracts and satisfying the applicable cure amounts. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | 1041 | Weiss, Joan Beverly | 3/11/2022 | N/A | $20.00 | Claimant's Administrative Expense Proof of Claim asserts a claim in an unspecified, unliquidated amount related to alleged outstanding royalty payments and fails to provide any supporting documentation. Upon review of the Debtor's records of payments made to parties entitled to receive royalty payments, and in consultation with the Credit Bid Purchaser, the Plan Liquidator has determined that claimant was entitled to, and did receive, royalty payments in the amount of $20.00 that became due from May 2021 through and including August 2021 and were paid on May 31, 2021, June 30, 2021, July 31, 2021, and August 31, 2021. |

# SCHEDULE 4

**Satisfied Claims**

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 4 - Partial Non-Debtor Claims

| | Claim No. | Claimant | Date Filed | Claim Amount | Claim Against Debtors' Estates | Reason for Disallowance |
|---|---|---|---|---|---|---|
| 1 | 1043 | Disa Global Solutions Inc. | 3/14/2022 | Administrative Claim: $5,682.09*<br>General Unsecured Claim: $0.00<br><br>**Total: $5,682.09**<br><br>*Claim amount based on objection identified on Schedule 3 that a portion of the asserted claim has been satisfied | Administrative Claim: $0.00<br>General Unsecured Claim: $0.00<br><br>**Total: $0.00** | Certain of the invoices included in the summary of "Outstanding Balances" attached to claimant's Administrative Expense Proof of Claim relate to services provided after the Effective Date, and, therefore, reflect a claim against, and an obligation of, a non-Debtor Entity. |
| 2 | 1066 | OQSG | 3/22/2014 | Administrative Claim: $995.75*<br>General Unsecured Claim: $1,850.98*<br><br>**Total: $2,846.73**<br><br>*Claim amount based on reclassification objection identified on Schedule 1 | Administrative Claim: $39.50<br>General Unsecured Claim: $1,850.98<br><br>**Total: $1890.48** | Certain of the invoices attached to claimant's Administrative Expense Proof of Claim relate to services provided after the Effective Date, and, therefore, reflect a claim against, and an obligation of, a non-Debtor entity. |

## **SCHEDULE 5**

**No Liability Claims**

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 5 - Non-Debtor Claims

| | Claim No. | Claimant | Date Filed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| 1 | 1049 | Cernosek, Lawrence J. | 3/14/2022 | N/A | Claimant's Administrative Expense Proof of Claim asserts a claim for royalty payments related to property located at SW/4 of Eugene Island block 53, offshore property, St. Mary's Parish, LA. Such property was included in the sale of the Debtors' assets to the Credit Bid Purchaser, and, therefore, any claims for royalty payments arising from such property is a claim against, and an obligation of, a non-Debtor entity. |
| 2 | 1119 | Holman Fenwick Willan USA, LLP | 3/25/2022 | $513.50 | Claimant's Administrative Expense Proof of Claim indicates that the asserted claim was incurred between October 15, 2021 and January 27, 2022. Such period arose after the Effective Date, and, therefore, the Administrative Expense Proof of Claim reflects a claim against, and an obligation of, a non-Debtor entity. |
| 3 | 1096 | Questor Pipeline Venture | 3/25/2022 | $7,000.00 | The invoice attached to claimant's Administrative Expense Proof of Claim, and the Administrative Expense Proof of Claim itself, indicates that the asserted claim was incurred in February 2022. Such period arose after the Effective Date, and, therefore, the Administrative Expense Proof of Claim reflects a claim against, and an obligation of, a non-Debtor entity. |

**Fieldwood Energy LLC and its affiliated Debtors**
**Case No. 2033948**

## Schedule 5 - Non-Debtor Claims

| | Claim No. | Claimant | Date Filed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| 4 | 1106 | Questor Pipeline Venture | 3/25/2022 | $7,000.00 | The invoice attached to claimant's Administrative Expense Proof of Claim, and the Administrative Expense Proof of Claim itself, indicates that the asserted claim was incurred in January 2022. Such period arose after the Effective Date, and, therefore, the Administrative Expense Proof of Claim reflects a claim against, and an obligation of, a non-Debtor entity. |