UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.*, | § | Case No. 20-33948 (MI) |
| | § | |
| Post-Effective Date Debtors.[1] | § | (Jointly Administered) |
| | § | |

**PLAN ADMINISTRATOR'S EMERGENCY MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF POST-EFFECTIVE DATE DEBTOR
<u>FIELDWOOD ENERGY III LLC</u>**

> **Emergency relief has been requested. Relief is requested not later than December 16, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The administrator of the chapter 11 plan (the "<u>Plan Administrator</u>") of the above-captioned post-effective date debtors (collectively, the "<u>Post-Effective Date Debtors</u>," and prior to the effective date of the Plan (as defined below), as applicable, the "<u>Debtors</u>"), files this *Emergency Motion for Authority to Sell Certain Assets of Post-Effective Date Debtor Fieldwood Energy III LLC* (the "<u>Emergency Motion</u>"). In support of this Emergency Motion, the Plan Administrator

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification numbers, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 700 Canal Street, Suite 12E, Stamford CT 06920 of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

represents as follows:[2]

## Relief Requested

1.  By this Emergency Motion, the Plan Administrator seeks authority to sell certain of the GUC Warrants (as defined below) issued under the Plan and held by Post-Effective Date Debtor Fieldwood Energy III LLC ("FWE III"). As described in detail below, the GUC Warrants are property of FWE III. The Plan Administrator believes he is authorized under the Plan and Confirmation Order to liquidate such property and use the proceeds therefrom consistent with and for the purposes described in the Plan and Confirmation Order. Nevertheless, the Plan Administrator brings this Emergency Motion out of an abundance of caution to ensure full compliance with any obligations of FWE III and the Plan Administrator under the Plan.

2.  In support of this Emergency Motion, the Plan Administrator relies upon, and incorporates by reference herein, the *Declaration of David M. Dunn in Support of Plan Administrator's Emergency Motion for Authority to Cell Certain Assets of Post-Effective Date Debtor Fieldwood Energy III LLC* (the "Dunn Declaration") filed contemporarily herewith.

## Jurisdiction and Venue

3.  This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Background

**A.    The Bankruptcy Cases**

4.  On August 3, 2020 and August 4, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code in the United States Bankruptcy Court for the

---

[2] Except as otherwise defined herein, all capitalized terms have the meaning ascribed to such terms in the Plan and Confirmation Order (as defined herein).

2

Southern District of Texas (the "Court").

5. On June 25, 2021, the Court entered the *Findings of Facts, Conclusions of Law, and Order Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1751] (the "Confirmation Order"), confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplement, or modified, including at Docket No. 2008, the "Plan") and approving, among other things, the Debtors' execution, delivery, and performance under various documents and agreements included in the Plan Supplements, including the GUC Warrant Agreement. *See* Confirmation Order, ¶¶ I, 1, 2.[3]

6. On August 27, 2021, the Debtors filed that certain *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016], setting forth that, *inter alia*, the effective date of the Plan occurred on August 27, 2021 (the "Effective Date").

7. On the Effective Date, the Debtors consummated the various transactions contemplated under the Plan, including, without limitation, (i) the sale of various assets to, among others, QuarterNorth Energy Inc. ("QNE") pursuant to the Credit Bid Purchase Agreement, and (ii) the Plan of Merger, including the Divisive Merger, pursuant to which Fieldwood Energy LLC changed its name to FWE III. *See*, *e.g.*, *Plan*, §§ 5.2, 5.7(a).

8. Also on the Effective Date, David M. Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Plan. *See* Plan § 5.9(b). Pursuant to the Plan, the Plan

---

[3] A copy of the GUC Warrant Agreement was filed as Exhibit M to the *Notice of Filing of Second Amended Plan Supplement in Connection with Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors* [Dkt. No. 1587].

3

Administrator is the sole officer, director, and manager, as applicable, of the Post-Effective Date Debtors, including the sole manager of FWE III. *Plan*, § 5.9(d)(ii).

9. The Plan Administrator is responsible, to the extent not otherwise provided for in the Plan, for carrying out and implementing all provisions of the Plan on behalf of the Debtors and Post-Effective Date Debtors, including directing and controlling the Post-Effective Date Debtors under the Plan and in accordance with applicable law as necessary to maximize Distributions to holders of Allowed Claims. *See Plan*, § 5.9(c)(iii). The Plan Administrator is additionally authorized to "operate the Post-Effective Date Debtors without further approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules." *Plan*, § 5.9(e).

**B.** **The GUC Warrant Agreement and the Issuance of the GUC Warrants**

10. Section 4.7 of the Plan reflects the treatment of Allowed General Unsecured Claims. *See Plan*, § 4.7. Specifically, the Plan contemplates that Creditors holding Allowed General Unsecured Claims would ultimately receive, on a *pro rata* basis, distributions from two sources: (i) certain "GUC Warrants" to be issued by QNE on the Effective Date of the Plan, and (ii) any Residual Distributable Value ("RDV") of the Post-Effective Date Debtors once those entities have been wound up and any remaining assets reduced to Cash. *Id.*

11. Pursuant to the Plan and Confirmation Order, on the Effective Date, the parties entered into the form of GUC Warrant Agreement approved by the Court, and QNE issued 389,330 warrants (the "GUC Warrants") to purchase shares of common stock of QNE at a certain Exercise Price (as defined in the GUC Warrant Agreement). *See, e.g., GUC Warrant Agreement*, § 3(a). The total number of GUC Warrants has since increased to 400,927 as a result of certain dividends issued by QNE since the Effective Date. *See Dunn Declaration*, ¶ 5.

12. The GUC Warrant Agreement provides that the GUC Warrants are to be issued to

the "Holders," which are defined as the record holders of the GUC Warrants as identified on the "Warrant Register" maintained by the American Stock Transfer & Trust Company, *i.e.* the "Warrant Agent." *GUC Warrant Agreement*, ¶ 3(c). The GUC Warrant Agreement further provides that "the Warrant Agent and [QNE] may deem and treat the Person in whose name any [GUC] Warrant is registered on the Warrant Register as the absolute owner of such [GUC] Warrant . . . ." *See GUC Warrant Agreement*, § 3(c).

13. By letter dated as of the Effective Date and delivered contemporaneously with execution of the GUC Warrant Agreement, Debtor Fieldwood Energy LLC, with the consent of QNE, instructed the Warrant Agent to issue the GUC Warrants to "Fieldwood Energy LLC," which subsequently changed its name to FWE III in connection with the Divisive Mergers on the Effective Date. *See Dunn Declaration*, ¶ 5, Exs. A-B.  Accordingly, upon and after issuance of the GUC Warrants, FWE III has been the sole "Holder" of the GUC Warrants, and the GUC Warrants constitute property of FWE III.

### C. The Plan Administrator's Authority to Sell the GUC Warrants to Capture the Value of that Property for the Estates

14. Under the terms of the Plan, the Plan Administrator has broad authority to wind down the Post-Effective Date Debtors and to dispose of their assets. Among other things, the Plan Administrator is authorized to:

> (i) "exercise its reasonable business judgment to direct and control the Debtors or Post-Effective Date Debtors, as applicable, under [the] Plan and in accordance with applicable law as necessary to maximize Distributions to holders of Allowed Claims" [*Plan*, § 5.9(c)(iii)];
>
> (ii) "cause each Post-Effective Date Debtor to take such actions as permitted by applicable law, the applicable Amended Organizational Documents or other applicable corporate governance documents…as such Post-Effective Date Debtor may determine is reasonable and appropriate…." [*Plan*, § 5.9(c)(xxvi)];
>
> (iii) "cause the Post-Effective [Date] Debtors to take all actions as may be

5

    necessary or appropriate to effect any transaction described in, approved by, or necessary or appropriate to effectuate [the] Plan, including, (a) the execution and delivery of appropriate agreements or other documents of merger, consolidation, restructuring, conversion, disposition, transfer, dissolution, or liquidation containing terms that are consistent with the terms of [the] Plan…, (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any Asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan and having other terms to which the applicable parties agree… and (e) all other actions that the applicable entities determine to be necessary or appropriate….” [*Plan*, § 5.9(c)(xxvii)];

 (iv) "perform other duties and functions that are consistent with the implementation of the Plan or as the Plan Administrator reasonably deems to be necessary and proper to carry out the provisions of [the] Plan" [*Plan*, § 5.9(c)(xxiii)]; and

 (v) "operate the Post-Effective Date Debtors without any further approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules" [*Plan*, § 5.9(e)].

15. The Plan further expressly provides that the Plan Administrator "may use, acquire, and dispose of property" of the Post-Effective Date Debtors. *Plan*, § 10.2.

16. Because the GUC Warrants are property of FWE III, which property is subject to administration by the Plan Administrator in accordance with the Plan, the Plan therefore authorizes the Plan Administrator, as the sole manager of FWE III, to dispose of the GUC Warrants "without any further approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules." *Plan*, § 5.9(e).

17. The Plan Administrator files this Emergency Motion out of an abundance of caution in light of language in Section 4.7 of the Plan suggesting that the GUC Warrants would be issued to the Holders of Allowed General Unsecured Claims on a *pro rata* basis on the Effective Date. *See Plan*, § 4.7(e). This language is arguably inconsistent with the GUC Warrant Agreement and the instructions given pursuant to the GUC Warrant Agreement, which vested the GUC Warrants in FWE III, in which case the GUC Warrant Agreement (which was approved as part of in the Plan

6

Supplement) would control. *See Plan*, § 1.4 ("In the event of an inconsistency between the Plan and the Plan Supplement, the terms of the relevant document in the Plan Supplement shall control unless otherwise specified in such Plan Supplement document.").

18. However, the Plan Administrator believes the language in Section 4.7 of the Plan instead reflects an intention that the value of the GUC Warrants, if any, was to inure to Holders of Allowed General Unsecured Claims (and not any other Class of Creditors), and captured through any Residual Distributable Value of the Post-Effective Date Debtors that may ultimately exist and be distributed to such creditors once the Post-Effective Date Debtors have been wound down and the General Unsecured Claims reconciliation process has been completed.[4] *See*, *e.g.*, *Plan*, p. 23 (Residual Distributable Value is defined to mean "any distributable value of the Single Share of Post-Effective Date FWE Parent held by the Plan Administrator (a) after satisfaction of Allowed Administrative Expense Claims, Allowed Other Secured Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, all Cure Amounts and (b) after satisfaction of all fees, expenses, costs and other amounts pursuant to the Plan and incurred by the Post-Effective Date Debtors and in connection with post-Effective Date operations and wind-down").

19. This is logical. The GUC Warrants could not have been issued to holders of Allowed General Unsecured Claims on a *pro rata* basis on the Effective Date because the claims analysis and reconciliation process had not been completed. Thus, there was no basis on which the GUC Warrants could be issued to holders of Allowed General Unsecured Claims on a *pro rata* basis, and indeed that claims reconciliation process is still ongoing.

---

[4] By way of contrast, the Plan expressly provides that the Plan Administrator will hold the Single Share (of Fieldwood Energy Inc.), through which Residual Distributable Value will flow to holders of Allowed General Unsecured Claims, "in trust…as custodian for the benefit of the holders of Allowed General Unsecured Claims…" *Plan*, § 5.9(c)(xxv). The Plan does not contain any provisions directing the Plan Administrator or any Post-Effective Date Debtor to hold the GUC Warrants "in trust" or as "a custodian."

7

20. Moreover, the Plan Administrator has determined through his diligence that the GUC Warrants currently have value, as reflected in the proposed sale (described below), but that there is a significant risk the value of the GUC Warrants may diminish, including in the event QNE is sold at a price where the value paid for the common stock does not exceed the strike price under the GUC Warrants. *Dunn Declaration*, ¶ 6. The Plan Administrator, as the sole manager of FWE III, is the only person who is in a position to maximize and capture that value for the future benefit of Holders of Allowed General Unsecured Claims.

21. Thus, notwithstanding the language in Section 4.7 of the Plan, the Plan Administrator believes the Plan otherwise expresses a clear intention to authorize the Plan Administrator to maximize the value of the GUC Warrants, as property of FWE III, and dispose of the GUC Warrants in the exercise of his reasonable business judgment.

**Basis for Relief**

22. As detailed above, the GUC Warrants were issued to FWE III in accordance with the GUC Warrant Agreement and other Plan documents, and are property of FWE III. The Plan Administrator, including as the sole manager of FWE III, is authorized to "use, acquire, and dispose of" the company's property, and is, therefore, entitled to sell the GUC Warrants and to utilize the proceeds pursuant to the terms of the Plan and Confirmation Order. *Plan*, § 10.2. Nevertheless, for the reasons set forth above, the Plan Administrator brings this Emergency Motion out of an abundance of caution.

23. Since the Effective Date, the Plan Administrator has been working diligently to wind up the Post-Effective Date Debtors. As part of that process, the Plan Administrator is responsible for, among other things, reviewing and reconciling all Claims asserted against the Debtors so as to maximize distributions to holders of Allowed General Unsecured Claims. *Dunn*

*Declaration*, ¶ 6. That process is ongoing, and the Court has recently extended the deadline to object to certain claims through February 18, 2023. *See Order Granting Plan Administrator's Motion to Further Extend the Deadline to File Claim Objections to Specified Claims* [Dkt. No. 2649]. To date, the Plan Administrator has filed twenty omnibus objections to Claims, and has objected to or otherwise reconciled at least 71 Unsecured Trade Claims (representing approximately $22 million), 566 General Unsecured Claims (representing approximately $8 billion), and 133 Other Secured Claims (representing over $8 billion). *See Motion to Further Extend the Deadline to File Claim Objections to Specified Claims* [Dkt. No. 2621], ¶¶ 12, 13.

24. In furtherance of his efforts to maximize recoveries for unsecured creditors, the Plan Administrator has also conducted a marketing and competitive sale process for the GUC Warrants, which resulted in an offer from a third-party to purchase approximately 350,000 of the GUC Warrants (the "Subject GUC Warrants").[5] The negotiations were undertaken in good faith and on an arms-length basis, and the Plan Administrator believes that the proposed sale maximizes the value of the Subject GUC Warrants, while mitigating the risk of the Subject GUC Warrants losing value in connection with any sale of QNE.

25. The sale will also result in a direct benefit to the Post-Effective Date Debtors and holders of Allowed General Unsecured Claims. The proceeds from the sale will support the Plan Administrator's continued winddown of the Post-Effective Date Debtors' estates, as directed under the Plan, including the ongoing claims reconciliation process. And as noted, any Residual Distributable Value of FWE III will ultimately be available for distribution to holders of Allowed General Unsecured Claims under the terms of the Plan.

---

[5] FWE III will continue to hold the approximately 51,000 GUC Warrants not purchased by the third-party in the proposed sale. The Plan Administrator intends to continue marketing those assets and will pursue any reasonable offers that, in his business judgment, would result in maximizing the value of the remaining GUC Warrants.

9

**Basis for Emergency Relief**

26. The Plan Administrator requests emergency consideration of this Emergency Motion in accordance with Bankruptcy Local Rule 9013-1(i). In consultation with the proposed purchaser of the Subject GUC Warrants, the Plan Administrator has determined that it is necessary to close the proposed sale prior to year-end. Accordingly, given the forthcoming holidays, and for the reasons detailed above, the Plan Administrator requests that the Court approve the relief requested in this Emergency Motion on an emergency basis.

**Notice**

27. Notice of this Emergency Motion has been given to all parties on the Master Service List. The Plan Administrator respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**Conclusion**

**WHEREFORE**, based upon the foregoing, the Plan Administrator respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A** granting the relief requested herein, and such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 7, 2022

*/s/ Joseph R. Dunn*
Joseph R. Dunn, Esq. (admitted pro hac vice)
Abigail V. O'Brient, Esq. (admitted pro hac vice)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
3580 Carmel Mountain Rd., Suite 300
San Diego, CA 93210
Telephone: (858) 314-1500
Facsimile: (858) 314-1501
Email: jrdunn@mintz.com
       avobrient@mintz.com

-and-

Timothy J. McKeon, Esq. (admitted pro hac vice)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
Email: tjmckeon@mintz.com

*Counsel for the Plan Administrator*

**Exhibit A**
**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY III LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[1] | § § § | (Jointly Administered) |

### ORDER GRANTING PLAN ADMINISTRATOR'S EMERGENCY MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF POST-EFFECTIVE DATE DEBTOR FIELDWOOD ENERGY III LLC

[Related Docket No. ____]

Upon the *Emergency Motion for Authority to Sell Certain Assets of Post-Effective Date Debtor Fieldwood Energy III LLC* (the "Motion")[2] filed by the administrator of the chapter 11 plan (the "Plan Administrator") of the above-captioned post-effective date debtors (collectively, the "Post-Effective Date Debtors", and prior to the effective date of the Plan (as defined below), as applicable, the "Debtors"), seeking entry of an order (this "Order") on an emergency basis authorizing the Plan Administrator to sell certain assets of Post-Effective Date Debtor Fieldwood Energy III LLC; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334; and consideration of the Motion and the

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification numbers, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 700 Canal Street, Suite 12E, Stamford CT 06920 of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Emergency Motion.

1

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Plan Administrator is authorized to sell, assign or otherwise dispose of the GUC Warrants issued under the Plan, as property of Post-Effective Date Debtor Fieldwood Energy III LLC, and to utilize the proceeds from such sale in connection with the performance of his duties on behalf of the Post-Effective Date Debtors under the Plan and Confirmation Order.

2. The Plan Administrator is authorized to take all actions reasonably necessary to effectuate the relief granted in this Order.

3. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), if applicable, this Order shall be effective and enforceable immediately upon entry hereof.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

2