IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIELDWOOD ENERGY III LLC, *et al.*, | § § | Case No. 20-33948 (MI) |
| Post-Effective Date Debtors.[1] | § § § | (Jointly Administered) |

### DECLARATION OF DAVID M. DUNN IN SUPPORT OF PLAN ADMINISTRATOR'S EMERGENCY MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF POST-EFFECTIVE DATE DEBTOR FIELDWOOD ENERGY III LLC

Pursuant to 28 U.S.C. § 1746, I, David M. Dunn, solely in my capacity as the Plan Administrator, hereby declare as follows:

1. I am a Director at Province, Inc., an industry-leading, nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization, and trustee-related services that enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

2. This Declaration is submitted in support of the *Emergency Motion for Authority to Sell Certain Assets of Post-Effective Date Debtor Fieldwood Energy III LLC* (the "Emergency

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification numbers, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 700 Canal Street, Suite 12E, Stamford CT 06920 of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

Motion").[2]

3.     The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Post-Effective Date Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

**A.     Authority as Plan Administrator**

4.     On the Effective Date, I was appointed to serve as the Plan Administrator pursuant to the Plan. In my capacity as the Plan Administrator, I am also the sole officer, director, and manager, as applicable, of the Post-Effective Date Debtors, including FWE III.

**B.     The Sale of the GUC Warrants**

5.     Attached hereto as **Exhibit A** is a copy of that certain letter dated as of August 27, 2021, with the Schedules thereto intentionally omitted, which I understand was delivered by Debtor Fieldwood Energy LLC, with the consent of QNE, to the Warrant Agent pursuant to the GUC Warrant Agreement (the "Instruction Letter"). Attached hereto as **Exhibit B** is a copy of Schedule IV to the Instruction Letter, reflecting issuance of the initial GUC Warrants to "Fieldwood Energy LLC," which subsequently changed its name to FWE III in connection with the Divisive Mergers on the Effective Date. The total number of GUC Warrants held by FWE III increased from 389,330 to 400,927 as a result of certain dividends issued by QNE since the Effective Date.

6.     Over the course of the past several months, I conducted a marketing and competitive sale process for the GUC Warrants, which resulted in an offer from a third-party to purchase approximately 350,000 of the GUC Warrants (the "Subject GUC Warrants"). The

---

[2] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to such terms in the Emergency Motion.

2

negotiations were undertaken in good faith and on an arms-length basis, and I believe that the proposed sale maximizes the value of the Subject GUC Warrants, while mitigating the risk of the Subject GUC Warrants losing value in connection with any sale of QNE. Specifically, I have determined through my diligence and diligence performed by my team at Province that the GUC Warrants currently have value as reflected in the proposed sale, but that there is a significant risk the value of the GUC Warrants may diminish, including in the event QNE is sold at a price where the value paid for the common stock does not exceed the strike price under the GUC Warrants.

7. As Plan Administrator, and, thus, as the sole manager of FWE III, I believe I am the only person who is in a position to maximize and capture that value for the future benefit of holders of Allowed General Unsecured Claims.

**C.     Emergency Relief**

8. I certify that the facts and circumstances described in the Emergency Motion giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

## Conclusion

9. In light of the foregoing, I believe that the relief sought in the Emergency Motion is appropriate and is in the best interests of the Post-Effective Date Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 7, 2023
      Stamford, Connecticut

                                                      */s/ David M. Dunn*
                                                      David M. Dunn

## **Exhibit A**

**(Instruction Letter)**

**FIELDWOOD ENERGY INC.**
2000 W. Sam Houston Parkway S., Suite 1200
Houston, TX 77042

August 27, 2021

American Stock Transfer & Trust Company, LLC ("**AST**")
6201 15th Avenue
Brooklyn, New York 11219
Attention: Relationship Management for QuarterNorth Energy Inc.

Re:     Instruction Letter for Issuance of Securities

Ladies and Gentlemen:

Reference is made to the *Eighth Amended Joint Chapter 11 Plan Fieldwood Energy LLC and Its Affiliated Debtors* (ECF No. 1742) (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Plan**"), filed in In re: Fieldwood Energy LLC, *et al.*, Case No. 20-33948 (MI) (Jointly Administered), in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") on June 25, 2021, as confirmed by the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 1751) entered by the Bankruptcy Court on June 25, 2021 (the "**Confirmation Order**"). In connection and in accordance with the Plan, Fieldwood Energy Inc. hereby instructs you on behalf of QuarterNorth Energy Inc., a Delaware corporation (as defined in the Plan as "**NewCo**" and referred to herein as the "**Company**"), to undertake the instructions set forth herein. Other capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Plan.

Pursuant to and in connection with the Plan and that certain *Warrant Agreement*, dated August 27, 2021, between the Company and AST, as warrant agent (the "**New Money Warrant Agreement**"), you are hereby authorized and instructed to issue 1,908,828 warrants (the "**New Money Warrants**") of the Company, which are exercisable to receive shares (the "**Shares**") of common stock (the "**Common Stock**") of the Company. The New Money Warrants are to be directly registered on the books and records of AST and allocated in accordance with Schedule I hereto. Further, upon allocation and distribution of a New Money Warrant to a holder thereof, you are hereby authorized and instructed to mail to each such holder of a New Money Warrant an account statement reflecting such registration as promptly as practicable after the effectuation of such registration.

The undersigned hereby further requests that, in accordance with the terms of the Plan and the New Money Warrant Agreement, the following legend or a notation to such effect be included on any and all Warrant Statements (as such term is defined in the New Money Warrant Agreement) and the Warrant Register (as such term is defined in the New Money Warrant Agreement):

> "THE WARRANTS ARE SUBJECT TO VARIOUS CONDITIONS, INCLUDING CERTAIN RESTRICTIONS ON SALE, DISPOSITION OR TRANSFER AS SET FORTH IN THE STOCKHOLDERS AGREEMENT DATED AS OF AUGUST 27, 2021 BY AND AMONG QUARTERNORTH ENERGY INC. (THE "**COMPANY**") AND THE STOCKHOLDERS (AS

DEFINED THEREIN) FROM TIME TO TIME PARTY THERETO, AS AMENDED FROM TIME TO TIME (THE "**STOCKHOLDERS AGREEMENT**").  NO REGISTRATION OR TRANSFER OF THE WARRANTS WILL BE MADE ON THE BOOKS OF THE COMPANY OR THE WARRANT AGENT UNLESS AND UNTIL SUCH RESTRICTIONS SHALL HAVE BEEN COMPLIED WITH.  THE COMPANY WILL FURNISH WITHOUT CHARGE, UPON WRITTEN REQUEST TO THE COMPANY AT ITS PRINCIPAL PLACE OF BUSINESS, TO EACH HOLDER OF RECORD OF THE WARRANTS, A COPY OF THE STOCKHOLDERS AGREEMENT CONTAINING THE ABOVE-REFERENCED RESTRICTIONS ON TRANSFERS OF SECURITIES."

The undersigned hereby further requests that, in accordance with the terms of the Plan and the New Money Warrant Agreement, the following legend or a notation to such effect be included on any and all Warrant Statements (as such term is defined in the New Money Warrant Agreement) and the Warrant Register (as such term is defined in the New Money Warrant Agreement):

"THIS SECURITY AND THE COMMON STOCK, IF ANY, ISSUABLE UPON EXERCISE OF THIS SECURITY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "**SECURITIES ACT**"), AND MAY NOT BE OFFERED, SOLD, PLEDGED OR OTHERWISE TRANSFERRED PRIOR TO THE DATE THAT IS THE LATER OF (X) ONE YEAR AFTER THE DATE OF ORIGINAL ISSUANCE HEREOF OR SUCH SHORTER PERIOD OF TIME AS PERMITTED BY RULE 144 UNDER THE SECURITIES ACT OR ANY SUCCESSOR PROVISION THERETO AND (Y) SUCH LATER DATE, IF ANY, AS MAY BE REQUIRED BY APPLICABLE LAW, EXCEPT:

(A)     TO QUARTERNORTH ENERGY INC. (THE "**COMPANY**") OR ANY SUBSIDIARY THEREOF, OR

(B)     PURSUANT TO A REGISTRATION STATEMENT WHICH HAS BECOME EFFECTIVE UNDER THE SECURITIES ACT, OR

(C)     PURSUANT TO AN EXEMPTION FROM REGISTRATION PROVIDED BY RULE 144 UNDER THE SECURITIES ACT OR ANY OTHER AVAILABLE EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT.

PRIOR TO THE REGISTRATION OF ANY TRANSFER IN ACCORDANCE WITH CLAUSE (C) ABOVE, THE COMPANY AND THE WARRANT AGENT RESERVE THE RIGHT TO REQUIRE THE DELIVERY OF SUCH LEGAL OPINIONS, CERTIFICATIONS OR OTHER EVIDENCE AS MAY REASONABLY BE REQUIRED IN ORDER TO DETERMINE THAT THE PROPOSED TRANSFER IS BEING MADE IN COMPLIANCE WITH THE SECURITIES ACT AND APPLICABLE STATE SECURITIES LAWS. NO REPRESENTATION IS MADE AS TO THE AVAILABILITY OF ANY EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT."

Furthermore, pursuant to and in connection with the Plan and (i) that certain *Warrant Agreement*, dated August 27, 2021, between the Company and AST, as warrant agent (the "**SLTL Tranche 1 Warrant Agreement**") in respect of the SLTL Tranche 1 Warrants (as defined in the Plan) (ii) that certain *Warrant Agreement*, dated August 27, 2021, between the Company and AST, as warrant agent (the "**SLTL Tranche**

**2 Warrant Agreement**") in respect of the SLTL Tranche 2 Warrants (as defined in the Plan) and (iii) that certain *Warrant Agreement* dated August 27, 2021, between the Company and AST, as warrant agent (the "**GUC Warrant Agreement**") in respect of the GUC Warrants (as defined in the Plan), you are hereby authorized and instructed to issue (i) 2,780,926 warrants (the "**SLTL Tranche 1 Warrants**") of the Company pursuant to the SLTL Tranche 1 Warrant Agreement, (ii) 5,355,857 warrants (the "**SLTL Tranche 2 Warrants**") of the Company pursuant to the SLTL Tranche 2 Warrant Agreement, and (iii) 389,330 warrants (the "**GUC Warrants**") of the Company pursuant to the GUC Warrant Agreement, which are which are exercisable to purchase Shares of Common Stock of the Company.

The SLTL Tranche 1 are to be directly registered on the books and records of AST and allocated in accordance with Schedule II hereto; the SLTL Tranche 2 Warrants are to be directly registered on the books and records of AST and allocated in accordance with Schedule III hereto; and the GUC Warrants are to be directly registered on the books and records of AST and allocated in accordance with Schedule IV hereto. Further, upon allocation and distribution of any of the SLTL Tranche 1 Warrants, SLTL Tranche 2 Warrants or GUC Warrants to a holder thereof, you are hereby authorized and instructed to mail to each such holder an account statement reflecting such registration as promptly as practicable after the effectuation of such registration.

The undersigned hereby further requests that, in accordance with the terms of the Plan and each of the SLTL Tranche 1 Warrant Agreement, the SLTL Tranche 2 Warrant Agreement and the GUC Warrant Agreement, as applicable, the following legend or a notation to such effect be included on any and all Warrant Statements (as such term is defined in the SLTL Tranche 1 Warrant Agreements, the SLTL Tranche 2 Warrant Agreement or the GUC Warrant Agreement, as applicable) and the Warrant Register (as such term is defined in the SLTL Tranche 1 Warrant Agreements, the SLTL Tranche 2 Warrant Agreement or the GUC Warrant Agreement, as applicable):

"THE WARRANTS ARE SUBJECT TO VARIOUS CONDITIONS, INCLUDING CERTAIN RESTRICTIONS ON SALE, DISPOSITION OR TRANSFER AS SET FORTH IN THE STOCKHOLDERS AGREEMENT DATED AS OF AUGUST 27, 2021 BY AND AMONG QUARTERNORTH ENERGY INC. (THE "COMPANY") AND THE STOCKHOLDERS (AS DEFINED THEREIN) FROM TIME TO TIME PARTY THERETO, AS AMENDED FROM TIME TO TIME (THE "STOCKHOLDERS AGREEMENT"). NO REGISTRATION OR TRANSFER OF THE WARRANTS WILL BE MADE ON THE BOOKS OF THE COMPANY OR THE WARRANT AGENT UNLESS AND UNTIL SUCH RESTRICTIONS SHALL HAVE BEEN COMPLIED WITH. THE COMPANY WILL FURNISH WITHOUT CHARGE, UPON WRITTEN REQUEST TO THE COMPANY AT ITS PRINCIPAL PLACE OF BUSINESS, TO EACH HOLDER OF RECORD OF THE WARRANTS, A COPY OF THE STOCKHOLDERS AGREEMENT CONTAINING THE ABOVE-REFERENCED RESTRICTIONS ON TRANSFERS OF SECURITIES."

The undersigned hereby further requests that, in accordance with the terms of the Plan, the following restrictive legend or notation to such effect be included on certain of the SLTL Tranche 1 Warrants and SLTL Tranche 2 Warrants issued pursuant to Section 1145 of the Bankruptcy Code being directly registered on the books and records of AST as identified as bearing Legend A on Schedules II and III hereto:

"THE SECURITIES EVIDENCED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR UNDER THE SECURITIES LAWS OF ANY STATE OR OTHER

JURISDICTION AND MAY NOT BE OFFERED, SOLD, PLEDGED OR OTHERWISE TRANSFERRED EXCEPT IN ACCORDANCE WITH THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933, AS AMENDED, OR AN EXEMPTION THEREFROM AND, IN EACH CASE, IN COMPLIANCE WITH APPLICABLE STATE SECURITIES LAWS.  AS A CONDITION TO ANY TRANSFER, THE CORPORATION RESERVES THE RIGHT TO REQUIRE AN OPINION OF COUNSEL REASONABLY SATISFACTORY TO THE CORPORATION, THAT SUCH REGISTRATION IS NOT REQUIRED."

*[Signature Page Follows]*

Sincerely,

**FIELDWOOD ENERGY LLC**

By: *Thomas R. Lamme*
Name: Thomas R. Lamme
Title: Senior Vice President

The undersigned acknowledges the foregoing instructions in connection with the Plan and Confirmation Order:

**QUARTERNORTH ENERGY INC.**

By: *Thomas R. Lamme*
Name: Thomas R. Lamme
Title: Authorized Signatory

[*Signature Page to Instruction Letter*]

**Exhibit B**

**(Schedule IV)**

| Account Number | Name1 | Name2 | Address1 | Address2 | City | State/Province | Postal Code | TaxID | AccountType | Legend | Shares | IssueDate | BookEntry | EmailAddress |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fieldwood Energy LLC | c/o Thomas R. Lamme | 2000 W. Sam Houston Pkwy South | Suite 1200 | Houston | Texas | 77042 | 461326778 | 31-S-Corporation-2012 | Y | 389330 | 8/27/2021 | B | Viviana.Bravo@fwellc.com |