## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | **Chapter 11** |
| **FIELDWOOD ENERGY III LLC, et al.,** | § § | **Case No. 20-33948 (MI)** |
| **Post-Effective Date Debtors.**[1] | § § | **(Jointly Administered)** |
| | § | |
| **ZURICH AMERICAN INSURANCE COMPANY; HCC INTERNATIONAL INSURANCE COMPANY PLC; PHILADELPHIA INDEMNITY INSURANCE COMPANY; AND EVEREST REINSURANCE COMPANY,** | § § § § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **Adversary No. _____** |
| **APACHE CORPORATION,** | § § § | |
| **Defendant.** | § § § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494), Fieldwood Energy Inc. (4991), GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III, LLC, Fieldwood Energy Offshore LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O of Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "Post-Effective Date Subsidiaries") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtor), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Onshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703); and Galveston Bay Processing LLC (0422).

Defendant Apache Corporation ("Apache"), respectfully submits this Notice of Removal of Civil Action,[2] removing the case styled *Zurich American Insurance Company, et al. v. Apache Corporation*, Cause No. 2023-38238, currently pending in the 281st Judicial District of Harris County, Texas (the "State Court"), including all claims and causes of action therein (the "State Court Action"), to the Unites States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  *See* Fed. R. Bankr. P. 9027; Bankruptcy Local Rule 9027-1. The grounds in support of this Notice of Removal are as follows:

## SUMMARY OF NOTICE OF REMOVAL

1.      On June 21, 2023, Zurich American Insurance Company ("Zurich"), HCC International Insurance Company PLC ("HCCI"), Philadelphia Indemnity Insurance Company ("Philadelphia"), and Everest Reinsurance Company ("Everest" and together with Zurich, HCCI, and Philadelphia, collectively, the "Insurance Companies" or the "Apache Sureties") initiated the State Court Action which seeks, among other things, to enjoin Apache from drawing on the Decommissioning Security (as defined below) and declaratory judgments that the Apache Sureties' obligations to fund the Decommissioning Security have been discharged.  The State Court Action, notwithstanding the Apache Sureties' contentions that it is premised on post-Effective Date conduct, is nothing more than an impermissible attempt to revisit issues raised and addressed in the bankruptcy including: (i) the Financial Projections on which the feasibility of the Plan was based; (ii) whether Apache's consent rights amount to "control" over GOM Shelf (as defined below) (they do not); and (iii) whether Jon Graham (the "GOM Shelf Sole Manager")

---

[2]     Capitalized terms used herein either have the meanings ascribed below or as provided in the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order").  Unless otherwise noted, references to "Docket No." are references to filings in the above-captioned main bankruptcy case, Case No. 20-33948.

is beholden to Apache (he is not).  Simply put, the State Court Action is a collateral attack on the Confirmation Order and the Plan that *cannot* stand.

## BACKGROUND[3]

**A.      Prepetition Sale of Legacy Apache Assets to Fieldwood Energy LLC**

2.      As was extensively discussed and disclosed in the Chapter 11 Cases, in July of 2013, the Apache PSA Parties, on the one hand, and Fieldwood Energy, LLC ("FWE") and certain of its affiliates, including Post-Effective Date Debtor GOM Shelf LLC ("GOM Shelf" and together with FWE and certain other affiliates of FWE, the "Fieldwood Buyers"), on the other hand, entered into a Purchase and Sale Agreement (the "PSA"), under which the Fieldwood Buyers purchased the Legacy Apache Assets from the Apache PSA Parties.

3.      In connection with the PSA, the Apache PSA Parties and the Fieldwood Buyers also entered into the Decommissioning Agreement, under which FWE was obligated to decommission the Legacy Apache Assets (the "Decommissioning Obligations").

4.      Among other things, the Decommissioning Agreement required the Fieldwood Buyers to provide the Decommissioning Security by causing the issuance of one or more letters of credit in favor of Apache in the initial amount of approximately $500,000,000.  Subsequent amendments to the Decommissioning Agreement permitted a portion of the approximately $500,000,000 comprising the Decommissioning Security to be provided in the form of irrevocable direct surety payment bonds issued in favor of Apache.

**B.      The Decommissioning Security**

**i.       Letters of Credit**

5.      The majority of the Decommissioning Security is comprised of letters of credit

---

[3]      Apache intends to file a motion to enforce the Plan and Confirmation Order in short order.

issued in Apache's favor, as described in paragraphs 6 through 8 below.

6.      On November 9, 2015, FWE entered into a Continuing Agreement for Standby Letters of Credit with Deutsche Bank AG New York Branch ("DBNY"). As a condition to the issuance of letters of credit under this agreement, DBNY required FWE to obtain surety bonds to collateralize DBNY's payment obligation.  That same day, FWE obtained four surety bonds for an aggregate penal sum of $300,000,000 from Zurich (the "Zurich Bonds").  On November 12, 2015, DBNY issued four standby letters of credit in favor of Apache in the total sum of $300,000,000, and these letters of credit are secured by the Zurich Bonds (the "Zurich-Bonded LCs").  Importantly, DBNY is permitted to call on the Zurich Bonds in the event there is a draw upon the Zurich-Bonded LCs.

7.      Additionally, in January of 2016, FWE entered into an additional Continuing Agreement for Standby Letters of Credit with DBNY, under which FWE granted DBNY a security interest in certain collateral, including, but not limited to, any and all property received or receivable by DBNY, any and all deposits, and any and all supporting obligations, proceeds, and products in all the foregoing.

8.      As additional security for DBNY, FWE entered into other arrangements resulting in: (i) FWE agreeing to, among other things, indemnify HCC International Insurance Company PLC ("HCCI"); (ii) HCCI purchasing a 100% participation interest in any letter of credit issued under FWE's 2016 agreement with DBNY—including HCCI's obligation to fully reimburse DBNY for any payment FWE might fail to make under the 2016 agreement; and (iii) DBNY issuing an additional letter of credit in favor of Apache in the amount of $50,000,000 (the "HCCI-Supported LC" and together with the Zurich-Bonded LCs, the "LCs").

4

ii.      **The Decommissioning Bonds**

9.      The remainder of the Decommissioning Security is comprised of irrevocable direct surety payment bonds issued in Apache's favor by Everest Reinsurance Company ("Everest") and Philadelphia Indemnity Insurance Company ("Philadelphia") as described below.

10.      On August 30, 2018, Everest issued an irrevocable payment bond in favor of Apache in the amount of $75,000,000 (the "Everest Bond").[4]  Prior to the issuance of the Everest Bond, FWE entered into an agreement with Everest under which FWE agreed to indemnify Everest for any and all losses incurred with respect to the Everest Bond, and secured those obligations through the grant of a security interest in certain collateral.  Under the Everest Bond, Apache is entitled to draw upon the bond to recover decommissioning costs for which it is entitled to reimbursement under the Decommissioning Agreement.

11.      On September 26, 2018, Philadelphia, in exchange for FWE's agreement to indemnify Philadelphia for any losses incurred under such bond, issued an irrevocable payment bond in favor of Apache for $73,000,000 (the "Philadelphia Bond" and together with the Everest Bond, the "Decommissioning Bonds").  Under the Philadelphia Bond, Apache may submit draw requests to Philadelphia for any amounts which Apache is entitled to reimbursement for under the Decommissioning Agreement.[5]

C.      **The Chapter 11 Cases**

12.      On August 3 and August 4, 2020, the Debtors commenced the Chapter 11 Cases

---

[4]   HCCI and Everest entered into a claims sharing agreement with respect to the Everest Bond under which Everest agreed to share any loss under the Everest Bond with HCCI being responsible for $50,000,000 of the total liability, and Everest being responsible for the remaining $25,000,000.

[5]   Per the Fifth Amendment to the Decommissioning Agreement, the Decommissioning Bonds are deemed letters of credit.

by each filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  The Chapter 11 Cases remain open and are being jointly administered, as captioned above.

13.     Throughout the Chapter 11 Cases, the Debtors operated their business and managed their properties as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  On August 18, 2020, the Office of the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") and reconstituted the Committee on January 5, 2021 and February 19, 2021.[6]  No trustee or examiner was appointed.

14.     The Apache Sureties participated actively in the Chapter 11 Cases, objected to the Plan, had their own purported financial expert prepare a valuation report,[7] conducted discovery on and deposed the Debtors' representative, Michael Dane, on the Financial Projections[8], including the report prepared for the Debtors by John-Paul Hanson of Houlihan Lokey Capital, Inc., the Debtors' financial advisor and investment banker in the Chapter 11 Cases.[9]  *See* the Apache Sureties' Plan Objections.[10]

---

[6]   *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 183]; *Notice of Reconstitution of Official Committee of Unsecured Creditors* [Docket No. 744]; and *Notice of Reconstitution of Official Committee of Unsecured Creditors* [Docket No. 895].

[7]   *See* Expert Report of Lily W. Cheung of Netherland Sewell & Associates, Inc., Ex. 7 to Zurich Plan Objection (defined below).

[8]   *See* Disclosure Statement, Ex. O (the "Financial Projections").

[9]   *See Order Authorizing Employment and Retention of Houlihan Lokey Capital, Inc. as Financial Advisor and Investment Banker to Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 530].

[10]  *See Zurich American Insurance Company's (I) Objection to Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Limited Objection to Assumption of Decommissioning Agreement* [Docket No. 1446] ("Zurich Plan Objection"); *Philadelphia Indemnity Insurance Company's Omnibus Objection to the Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and Notice to Contract Counterparties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts* [Docket No. 1449] ("Philadelphia Plan Objection");

15.     During the bankruptcy, the Debtors initiated an Adversary Proceeding[11] in this Court after certain of the Apache Sureties sent a letter to Apache claiming that the Apache Sureties' obligation to honor the Decommissioning Bonds, which comprise over $150,000,000 of the Decommissioning Security, had been discharged—a contention that fundamentally contradicted a number of the assumptions underlying the Plan.[12]

16.     Prior to confirmation of the Plan, the Apache Sureties also filed the Apache Sureties' Plan Objections, all of which *vigorously* contested confirmation of the Plan on two grounds, among others: (i) that the Plan was not feasible in light of the Decommissioning Obligations and defects in the Financial Projections; and (ii) that Apache, pursuant to the Apache Definitive Documents—which would be approved as part of the Plan—would have improper "control" over GOM Shelf *vis-à-vis* the FWE I LLC Agreement.

17.     In the weeks leading up to the confirmation hearing, this Court strongly signaled that it believed that various sureties and insurance companies involved in the Chapter 11 Cases— including the Apache Sureties—had the absolute obligation to honor draws, irrespective of FWE's (the original LC applicant/indemnitor) bankruptcy and that their subrogation claims against the Debtors would likely not survive the bankruptcy.  The Apache Sureties were present at all times during the Chapter 11 Cases, and were well-aware of the Court's position.

---

*Objection of Aspen American Insurance Company, Berkley Insurance Company, Everest Reinsurance Company, and Sirius America Insurance Company to the Fourth Amended Chapter 11 Plan* [Docket No. 1461] ("Everest Plan Objection"); and *HCC International Insurance Company PLC's Objection to Confirmation of Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and Joinder* [Docket No. 1537] ("HCCI Plan Objection", and together with the Zurich Plan Objection, Philadelphia Plan Objection, and Everest Plan Objection, collectively, the "Apache Sureties' Plan Objections").

[11]    The adversary proceeding was styled *Fieldwood Energy LLC, et al. v. Everest Reinsurance Co., et al.*, Adv. Proc. No. 21-03418 (the "Adversary Proceeding").

[12]    *See Adversary Complaint for Declaratory Judgment* [Adversary Proceeding Docket No. 1].

18.     Ultimately, the parties voluntarily dismissed the Adversary Proceeding[13], and the Apache Sureties' Plan Objections were withdrawn as a result of a settlement reached by Apache, the Debtors, and the Apache Sureties, embodied in a Subordination, Subrogation and Payment Agreement (the "SSPA")—the terms of which were incorporated into the Plan and Confirmation Order.[14]

19.     On June 25, 2021, the Court entered the Confirmation Order confirming the Plan, and on August 27, 2021, the Effective Date occurred.[15]

20.     In addition to approving the terms of the settlement which were ultimately incorporated into the SSPA, and the other Apache Definitive Documents, the Confirmation Order included several provisions explicitly providing that Apache was entitled to draw on the Decommissioning Security[16], that the Decommissioning Obligations would remain in force[17], and that Apache's consent rights under the LLC Agreement *did not* constitute control of FWE I.[18] Notwithstanding any preservation of the Apache Sureties post-Effective Date rights, Apache, justifiably, believed that it had heard the last of claims embodied in the withdrawn Apache Sureties' Plan Objections.

21.     On June 21, 2023—nearly two years to the day after the Court entered the Confirmation Order—the Apache Sureties initiated the State Court Action and sought a temporary injunction (which the State Court has since denied) and a permanent injunction to

---

[13]    *See Stipulation and Order Dismissing Adversary Proceeding* [Adversary Proceeding Docket No. 43].

[14]    *See* Apache-Surety Term Sheet [Docket No. 1751-2].

[15]    *See Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016].

[16]    *See* Confirmation Order, ¶ 85.

[17]    *Id*. at ¶¶ 84-85, 87.

[18]    *Id*. at ¶ 94.

prevent Apache's contemplated draw.

**B.    The State Court Action**[19]

22.    On June 21, 2023, the Apache Sureties initiated the State Court Action in which

they seek damages and declaratory relief inconsistent with the Confirmation Order:

> (1) Damages caused by Apache's tortious interference with Plaintiffs' contracts,
> (2) a declaratory judgment that Apache is not entitled to draw on Trust A or the
> surety bonds/letters of credit for "maintenance and monitoring" and that Apache
> must replenish the amounts improperly withdrawn, (3) a declaratory judgment
> that Apache has impaired the Sureties' collateral and that the Sureties are
> discharged from their obligations to the extent of the impairment, (4) a
> declaratory judgment that the Sureties are discharged from their obligations to
> Apache due to Apache's material alteration of the bonded risk, (5) a declaratory
> judgment that the Sureties are discharged from their obligations to Apache due to
> Apache's impairment of the Sureties' suretyship status, and (6) a declaratory
> judgment that the Sureties are discharged from their obligations to Apache due to
> Apache's post-Effective Date violation of the terms of the Parties' agreements.
> Plaintiffs also seek a temporary restraining order, temporary injunction and
> permanent injunction against Apache to immediately cease and refrain rom
> executing or prosecuting any act to draw upon any letter of credit or file a claim
> on any bond described in this lawsuit.[20]

23.    That same day, a copy of the *Notice of Hearing on Application for Temporary*

*Restraining Order* (the "TRO Notice") "was e-served and e-mailed" by Zurich's counsel to "all

known counsel known of record . . . ," and the Apache Sureties set an emergency TRO hearing

for June 22, 2023.[21]

---

[19]   The discussion and summary of the State Court Action is meant for informational purposes
only and is qualified in all respects by the record being filed with this Notice of Removal.

[20]   *See Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order
and Temporary and Permanent Injunctions*, at 1 (the "TI Petition").

[21]   Apache was not formally served, through its registered agent CT Corporation System, until
June 27, 2023.  *See Affidavit of Service*, filed in the State Court Action, Envelope No.
77202382.  Apache's 30-day removal period did not begin until formal service occurred on
June 27, 2023, and, thus, does not end until July 27, 2023.  *Sherrod on Behalf of A.S. v.
Wallace, et. al.*, No. CV 18-746-SDD-EWD, 2019 WL 1271046, at *6 (M.D. La. Feb. 25,
2019), *report and recommendation adopted sub nom. Sherrod v. Wallace, et al.*, No. CV 18-
746-SDD-EWD, 2019 WL 1271011 (M.D. La. Mar. 19, 2019) ("*Murphy Bros.* is clear and

24.     On June 22, 2023, Apache and the Apache Sureties entered into a Rule 11 Agreement in which Apache agreed to refrain from making any draws against the Decommissioning Security until July 6, 2023.

25.     The Apache Sureties re-set the TRO hearing for July 7, 2023.  At the TRO hearing, the Court set a temporary injunction hearing for the following week, and the parties entered into a Rule 11 Agreement in which Apache agreed to refrain from making any draws against the Decommissioning Security and to leave a nominal amount of money in Trust A until the Court ruled on the application for a temporary injunction.

26.     The temporary injunction was tried in front of the State Court from July 12, 2023, to July 14, 2023 (the "TI Hearings").  During the course of the TI Hearings, it became clear that the Apache Sureties were simply seeking to relitigate and revisit the Apache Sureties' Plan Objections in a last-ditch effort to avoid paying Apache for the obligations they *voluntarily* agreed to pay (both prepetition and as part of the SSPA reached in connection with confirmation).[22] [23]

---

explicit; that is, in the absence of waiver, counsel's receipt of courtesy copies of the state court Petitions, without formal service of a summons, is not sufficient to start the 30-day removal clock [under Fed. R. Bankr. Proc. 9027(a)].") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999)).

[22]    *Compare* Confirmation Hr'g Tr. Day 2 [13-14:18-25, 1-13] ("[Debtors' Counsel]: "Okay do you believe that having [Apache] stock is going to influence your decision making as the sole manager?" [Mr. Graham]: "No it's a minor part of my net worth and as a professional manager of Fieldwood One, my responsibility **and my loyalty** is to Fieldwood One." . . . "[Debtors' Counsel]: "And do you believe that [Apache's] consent rights will influence your ability to manage Fieldwood One with the objective you've set out? [Mr. Graham]: "No, because I have complete responsibility of the decommissioning operations as well as the production operations of the producing properties.") (emphasis added); *see also* Confirmation Hr'g Tr. Day 2 [16:6-22] ("[Mr. Eisenberg]: "[After noting that he would not be availing himself of his right to cross Mr. Graham, given the settlement reached] "I just wanted to, if your Honor would indulge me, wish Mr. Graham luck.  He's a very impressive man and I hope he gets all his - - [The Court]: "So you hope he gets a lot of his incentive payments?" [Mr. Eisenberg]: "Yes, Your Honor. I do."); *with* TI Hearing, July Hr'g Tr. [45-

10

27.     On July 20, 2023, the State Court entered an order denying the Apache Sureties'

application for the temporary injunction, finding that the Apache Sureties had not satisfied the

requirements for such relief (the "TI Order").[24]

## BASIS FOR REMOVAL

28.     Pursuant to 28 U.S.C. § 1452(a), any party to a claim or cause of action may

remove the claim or cause of action to the federal district court where such civil action is

pending if such district court has jurisdiction of such claim or cause of action under 28 U.S.C. §

1334, which gives district courts "original but not exclusive jurisdiction of all civil proceedings

arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). This

---

45:15-25, 1-4] ("[Mr. Price]: "Apache negotiated and obtained significant **controls and** consent rights with respect to GOM. GOM's Mr. Graham, who is going to testify, was a 25-year employee with Apache. [The Court]: "He's the guy who runs the company by himself basically?" [Mr. Price]: "That's right." [The Court]: "All right. **So your argument is going to be even if they try to blame GOM, that ultimately at the end of the day, Apache is pulling the strings?**" [Mr. Price]: "__I wish I had that written in my notes. Yeah that's exactly right__. So it's not as simple as GOM defaulted. There's more to it.") (emphasis added).

[23]   *Compare* Zurich Plan Objection, ¶ 2 (emphasis added); *see also* HCCI Plan Objection, ¶ 22 (joining in Zurich Plan Objection in full); Everest Plan Objection, ¶ 2 ("The Plan is not confirmable because FWE I is not feasible . . . [t]he financial projections and the FWE I model are inconsistent with each other . . . [the Debtors'] ultimately suggested that if the financial projections were inaccurate, there would be surety bonds and letters of credit to backstop the decommissioning of FWE I"); and Philadelphia Plan Objection, ¶ 10 ("The Plan is not feasible . . . FEW I lacks realistic options to plug the [Decommissioning Obligations] shortfall."); *with* TI Hearing, July 13 Hr'g Tr. [16-17:1-25, 1-19] ("[Mr. Price]: "Yesterday you [Mr. Graham] testified that you - - I don't want to mischaracterize what you said but what I took from it is **that you doubted or questioned or came up with a different conclusion regarding the [Financial Projections]. In other words, you did your own analysis and disagreed with Exhibit O that you talked about** . . . [Mr. Price]: "And before the plan of bankruptcy was confirmed, you didn't have these [other projections] Is that what you're telling me . . . And **did you share those with anyone in the context of the bankruptcy demonstrating you had questions about the** . . . .") (emphasis added).

[24]   *See Order Denying Plaintiffs' Application for Temporary Injunction*, signed July 20, 2023 by the State Court.

Court has removal jurisdiction over this case because it is, at a minimum, related to a case under title 11.

29.     "A bankruptcy court has 'related to' jurisdiction if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'"   *In re Fieldwood Energy LLC*, Adv. Proc. No. 20-3476, 2021 WL 4839321 at *5 (Bankr. S.D. Tex. Oct. 15, 2021) (Isgur, J.) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987)). A matter arises under title 11 "if it invokes a substantive right provided by title 11."   *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir.1999); *In re Wood*, 825 F.2d at 97 ("If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding . . ."). A matter arises in a case under title 11 if it, "by its nature, could only arise in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) ("If the proceeding is one that would only arise in bankruptcy, it is also a core proceeding . . .").

30.     The standard for "related to" jurisdiction is broad.   "Cases 'related to' the bankruptcy case are those whose outcome could have any conceivable effect on the estate being administered in bankruptcy."   *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009).   A "conceivable effect" is a proceeding that "could alter the Debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *In re Guerrero*, 2013 WL 6834642, at *5 (quoting *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Group, Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013)).

31.     While "related to" jurisdiction is broad during the pendency of a bankruptcy case, it narrows once a debtor confirms its reorganization plan. *Natixis Funding Corp. v. GenOn Mid-*

*Atl., L.L.C. (In re GenOn Mid-Atl. Dev., L.L.C.)*, 42 F.4th 523, 534 (5th Cir. 2022). "Confirmation dissolves the debtor's estate, and with it, bankruptcy jurisdiction, except for 'matters pertaining to the implementation or execution of the plan.'" *Id.* (quoting *Craig's Store of Tex., Inc. v. Bank of La. (In re Craig's Store of Tex., Inc.*), 266 F.3d 388, 390 (5th Cir. 2001)).

32.     In *Enron*, the Fifth Circuit distilled its guidance on a bankruptcy court's post-confirmation jurisdiction from *Craig's Store* into a three-factor test.  *Id.* (citing *In re Enron Corp. Sec.*, 535 F.3d 325, 335 (5th Cir. 2008).  Those factors include: (i) whether the dispute principally dealt with post-confirmation disputes between the parties, or instead arose from preconfirmation conduct; (ii) whether the claims were brought before confirmation; **and** (iii) whether any facts or law deriving from the reorganization or the plan were necessary to the claim.  *Id.* (internal citations omitted).

33.     "[The *Craig's Store*] factors are a useful heuristic, but only the *Enron* court has applied them."  *Id.* at 534.  "The rest of [the Fifth Circuit's] decisions instead ask *Craig's* overarching question: Does the dispute 'pertain to the implementation or execution' of the debtor's reorganization plan.'"  *Id.* at 535 (quoting *U.S. Brass Corp. v. Travelers Ins. Grp. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir 2002)).  Jurisdiction is clear where either: (i) a bankruptcy court seeks to enforce its orders or to block alleged violations of a debtor's bankruptcy-law rights[25]; and (ii) where a bankruptcy court is called on to resolve disputes over the meaning of provisions in the reorganization plan.[26]

34.     Here, the Court has arising-in jurisdiction over the State Court Action or, at a minimum, the Court has related-to jurisdiction over the State Court Action—even under the Fifth

---

[25]   *Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 322–23 (5th Cir. 2016).

[26]   *U.S. Brass*, 301 F.3d at 305.

Circuit's jurisprudence on a bankruptcy court's post-confirmation jurisdiction.[27]   The Court

likely has arising-in jurisdiction over the State Court Action because Apache requests that the

Court enforce and construe the Confirmation Order to determine if the Apache Sureties' claims

are barred.  *In re Texaco*, 182 B.R. 937, 944 (Bankr. S.D.N.Y. 1995) ("**There can be no**

**question that a proceeding such as this** [motion for contempt], **to enforce, and construe a**

**confirmation order issued by this Court in this case, constitutes a proceeding 'arising in or**

**related to' a case under title 11**.") (emphasis added).  The Court has related-to jurisdiction over

the State Court Action, as related-to jurisdiction merely requires the State Court Action pertain to

the implementation or execution of the Plan.  *GenOn*, 42 F.4th at 532–39 (recognizing related-to

jurisdiction did not require issues that could "torpedo the [debtor's] reorganization," rather the

issues need only concern the implementation or execution of the plan).

## OTHER PROCEDURAL REQUIREMENTS

35.   In accordance with Bankruptcy Rule 9027(a)(1) and Bankruptcy Local Rule

9027-2, Apache submits that the State Court Action is a core proceeding under 28 U.S.C.

§ 157(b).[28]   However, in the event this proceeding is held to be non-core or it is determined that

the Court, absent consent, cannot enter final orders or judgment consistent with Article III of the

---

[27]   Because removal is predicated on arising-in and related-to jurisdiction—not arising-under
jurisdiction—the well-pleaded complaint rule is not applicable. *See In re ABC Dentistry,*
*P.A.*, Adv. Proc. No. 18-3205, 2021 WL 955932, at *3 (Bankr. S.D. Tex. Mar. 12, 2021)
(Isgur, J.) ("However, this Court is not persuaded that the well-pleaded complaint rule
provides the appropriate test for bankruptcy jurisdiction. . . . [I]n bankruptcy the well-
pleaded complaint rule is **either rejected outright, or accepted only in instances where**
**jurisdiction is predicated on one prong of 28 U.S.C. § 1334(b), which deals with claims**
**arising under Title 11**.") (internal citation omitted) (emphasis added)).

[28]   *In re Sanchez Energy Corp.*, 648 B.R. 592, 605 (Bankr S.D. Tex. 2023) (Isgur, J.) (finding
that an assessment of whether certain claims are barred by the Plan was "a core matter
because it implicates the Plan and this Court's ability to enforce its own confirmation
order.") (citing 28 U.S.C. § 157(b)(2)).

United States Constitution, Apache fully consents to the entry of final orders or judgment by the Court.

36.     Pursuant to Bankruptcy Local Rule 9027-1(a), the names and addresses of all of the parties and their counsel are as follows:

> **Apache Corporation**
> c/o Hunton Andrews Kurth LLP, Attn: Robin Russell
> 600 Travis Street, Suite 4200, Houston, TX 77002
> Tel: (713) 220-4200
>
> **Zurich American Insurance Company**
> c/o Clark Hill PLC, Attn: James M. Kimbell, Duane J. Brescia
> 1000 Louisiana St., Suite 2800, Houston, TX  77002
> Tel: (713) 951-5632; (512) 499-3647
>
> **HCC International Insurance Company PLC**
> c/o Locke Lord LLP, Attn: Philip Eisenberg
> 600 Travis, Houston, TX 77002
> Tel: (713) 226-1304
>
> **Philadelphia Indemnity Insurance Company**
> c/o Manier & Herod, Attn: Scott Williams
> 1201 Demonbreun Street, Suite 900, Nashville, TN 37203
> Tel: (615) 742-9370
>
> **Everest Reinsurance Company**
> c/o Chiesa Shahinian & Giantomasi PC, Attn: Darren Grzyb
> 105 Eisenhower Parkway, Roseland, NJ  07068
> Tel: (973) 530-2077

37.     The Apache Sureties initiated the State Court Action, and, therefore, need no service of process, and Apache received service of process on June 27, 2023.  Furthermore, in accordance with 28 U.S.C. § 1446 and Bankruptcy Rules 9027(b) and 9027(c), Apache is promptly serving a copy of this Notice of Removal on all parties to the State Court Action, and filing a copy of this Notice of Removal with the clerk of the court presiding over the State Court Action.

## ATTACHMENTS

38.     Copies of all documents required to be filed pursuant to Bankruptcy Rule 9027(a)(1), and Bankruptcy Local Rule 9027-1(b), including an index of such documents, are attached hereto as Exhibits 1 through 49.

## CONCLUSION

Apache hereby removes the State Court Action, including all claims and causes of action thereto, in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: July 26, 2023                              Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**            **SUSMAN GODFREY, L.L.P.**

*/s/ Robin Russell*

Robin Russell                                     Geoffrey L. Harrison
Texas Bar. No. 17424001                           Texas Bar No. 00785947
Ashley L. Harper                                  Abigail C. Noebels
Texas Bar No. 24065272                            Texas Bar No. 24083578
Brandon Bell                                      1000 Louisiana Street, Suite 5100
Texas Bar No. 24127019                            Houston, Texas 77002-5096
600 Travis Street, Suite 4200                     Telephone: (713) 651-9366
Houston, Texas 77002                              Facsimile:  (713) 654-6666
Telephone: (713) 220-4200                         Email: gharrison@susmangodfrey.com
Facsimile:  (713) 220-4285                                anoebels@susmangodfrey.com
Email:  rrusell@huntonak.com
        ashleyharper@huntonak.com                 -and-
        bbell@huntonak.com
                                                  Nicholas N. Spear (*pro hac vice* to be
                                                  submitted)
                                                  1900 Avenue of the Stars, Suite 1400
                                                  Los Angeles, California 90067
                                                  Telephone: (310) 789-3100
                                                  Facsimile:  (310) 789-3150
                                                  Email:  nspear@susmangodfrey.com

***Counsel for Apache Corporation***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 26, 2023, I caused a true and correct copy of the foregoing document to be served via the Court's Electronic Case Filing System on all parties who receive electronic notices and on the following persons via electronic mail:

**Zurich American Insurance Company**
c/o Clark Hill PLC, Attn: James M. Kimbell, Duane J. Brescia
1000 Louisiana St., Suite 2800, Houston, TX  77002
Tel: (713) 951-5632; (512) 499-3647
JKimbell@ClarkHill.com; dbrescia@ClarkHill.com

**HCC International Insurance Company PLC**
c/o Locke Lord LLP, Attn: Philip Eisenberg
600 Travis, Houston, TX 77002
Tel: (713) 226-1304
peisenberg@lockelord.com

**Philadelphia Indemnity Insurance Company**
c/o Manier & Herod, Attn: Scott Williams
1201 Demonbreun Street, Suite 900, Nashville, TN 37203
Tel: (615) 742-9370
swilliams@manierherod.com

**Everest Reinsurance Company**
c/o Chiesa Shahinian & Giantomasi PC, Attn: Darren Grzyb
105 Eisenhower Parkway, Roseland, NJ  07068
Tel: (973) 530-2077
dgrzyb@csglaw.com

*/s/ Robin Russell*
Robin Russell

## INDEX OF DOCUMENTS FROM THE STATE COURT ACTION
## BEING FILED WITH NOTICE OF REMOVAL

| Exhibit No. | DOCUMENTS FILED IN THE STATE COURT ACTION | FILED |
|---|---|---|
| 1 | Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions[29]<br>• Exhibit A<br>• Exhibit B<br>• Exhibit C<br>• Exhibit D<br>• Proposed Order Granting Temporary Restraining Order | 6/21/2023 |
| 2 | Notice of Hearing on Application for Temporary Restraining Order – 6-22-2023 | 6/21/2023 |
| 3 | Plaintiffs' Verified Temporary and Permanent Motion to Seal<br>• Proposed Order Granting Temporary Motion to Seal | 6/21/2023 |
| 4 | Proposed Order Granting Sworn Motion of Non-Resident Attorney Jeffery S. Price to Appear Pro Hac Vice | 6/22/2023 |
| 5 | Motion of Resident Attorney Philip Eisenberg in Support of Pro Hac Vice Admission of Jeffery S. Price | 6/22/2023 |
| 6 | Sworn Motion of Non-Resident Attorney Jeffery S. Price to Appear Pro Hac Vice<br>• Exhibit A – Jeffery S. Price Acknowledgement Letter | 6/22/2023 |
| 7 | Citation Request – on Apache Corporation | 6/22/2023 |
| 8 | Motion of Resident Attorney Philip Eisenberg in Support of Pro Hac Vice Admission of Scott C. Williams | 6/22/2023 |
| 9 | Sworn Motion of Non-Resident Attorney Scott C. Williams to Appear Pro Hac Vice<br>• Exhibit A – Non-Resident Acknowledgement Letter | 6/22/2023 |
| 10 | Proposed Order Granting Sworn Motion of Non-Resident Attorney Darren Grzyb to Appear Pro Hac Vice | 6/22/2023 |

---

[29] An unredacted copy will be filed separately under seal.

| 11 | Sworn Motion of Non-Resident Attorney Darren Grzyb to Appear Pro Hac Vice<br>• Exhibit A – Darren Grzyb<br>• Proposed Order Granting Sworn Motion of Non-Resident Attorney Scott C. Williams to Appear Pro Hac Vice | 6/22/2023 |
|----|----|----|
| 12 | Motion of Resident Christopher R. Ward in Support of Pro Hac Vice Admission of Darren Grzyb | 6/22/2023 |
| 13 | Sworn Motion of Non-Resident Attorney Jase A. Brown to Appear Pro Hac Vice<br>• Exhibit A<br>• Proposed Order Granting Sworn Motion of Non-Resident Attorney Jase A. Brown to Appear Pro Hac Vice | 6/22/2023 |
| 14 | Motion of Resident Christopher R. Ward in Support of Pro Hac Vice Admission of Jase A. Brown | 6/22/2023 |
| 15 | Amended Notice of Hearing on Application for Temporary Restraining Order(6.22.23) | 6/22/2023 |
| 16 | Order Granting Appearance Pro Hac Vice Signed – Daren Grzyb | 6/28/2023 |
| 17 | Order Granting Appearance Pro Hac Vice Signed – Jase A. Brown | 6/28/2023 |
| 18 | Order Granting Appearance Pro Hac Vice Signed – Jeffrey S. Price | 6/28/2023 |
| 19 | Order Granting Appearance Pro Hac Vice Signed – Scott C. Williams | 6/28/2023 |
| 20 | Amended Notice of Hearing on Application for Temporary Restraining Order (7.7.2023) | 7/5/2023 |
| 21 | Citation Return – Apache Corporation (Delaware Corporation) | 7/5/2023 |
| 22 | Apache's Response to Plaintiffs' Request for Injunctive Relief<br>• Graham Declaration<br>• Proposed Order<br>• Traylor Declaration | 7/6/2023 |

| 23 | Letter Exhibits to Apache's Resp to Injunctive Relief<br>• Declaration of Stuart Brett Cupit in Support of Apache's Response to Plaintiffs' Request for Injunctive Relief<br>• Exhibit 1 – SP89 BSEE Order<br>• Exhibit 2 – Everest Payment Bond Final<br>• Exhibit 3 – PA Payment Bond<br>• Exhibit 4 – DB LC No. DBS-20280<br>• Exhibit 5 – 2021-08-27 Apache Sureties SSPA<br>• Exhibit 6 – Decommissioning BSEE<br>• Exhibit 7 – Idle Iron BSEE<br>• Exhibit 8<br>• Exhibit 9 – PS Agreement<br>• Exhibit 10 – Graham Jon | 7/6/2023 |
|----|----|----|
| 24 | Filing Letter<br>• Exhibit 11<br>• Exhibit 12 – Zurich Bonds<br>• Exhibit 13<br>• Exhibit 14<br>• Exhibit 15 – Everest GOM Merger Consent | 7/6/2023 |
| 25 | Plaintiffs' Motion for Expedited Discovery<br>• Exhibit A-1 Plaintiffs' Notice of Deposition by Written Questions to GOM Shelf<br>• Exhibit A-2 – Plaintiffs' Notice of Deposition with Subpoena Duces Tecum to Jon Graham<br>• Exhibit A-3 – Plaintiffs' First Request for Production to Apache Corporation<br>• Proposed Order Granting Plaintiffs' Motion for Expedited Discovery | 7/6/2023 |
| 26 | Motion of Resident Attorney Geoffrey Harrison in Support of Pro Hac Vice Admission of Winston H. Luo | 7/6/2023 |
| 27 | Motion of Resident Attorney Geoffrey Harrison in Support of Pro Hac Vice Admission of Nicholas N. Spear | 7/6/2023 |
| 28 | Sworn Motion for Non-Resident Attorney Nicholas N. Spear for Admission Pro Hac Vice<br>• Exhibit A | 7/6/2023 |
| 29 | Motion for Non-Resident Attorney Winston H. Luo for Admission Pro Hac Vice<br>• Exhibit A – acknowledgment letter | 7/6/2023 |
| 30 | Proposed Order Granting Unopposed Motion for Non-Resident Attorney Winston H. Luo for Admission Pro Hac Vice | 7/6/2023 |

| 31 | Proposed Order Granting Sworn Motion for Non-Resident Attorney Nicholas N. Spear for Admissions PRO HAC VICE | 7/6/2023 |
|----|----|----|
| 32 | Order Granting Appearance Pro Hac Vice Signed – Nicholas N. Spear | 7/7/2023 |
| 33 | Order Granting Appearance Pro Hac Vice Signed – Winston H. Luo | 7/7/2023 |
| 34 | Notice of Resetting of Temporary Injunction Hearing | 7/10/2023 |
| 35 | Plaintiffs' Temporary Injunction Brief Regarding Suretyship | 7/10/2023 |
| 36 | Apache's Short Bench Brief on Temporary Injunction Required Element One | 7/11/2023 |
| 37 | Motion to Quash Testimony Subpoena and Subpoena Duces Tecum Issued to Non-Party Jon Graham and Motion for Protection<br>• Exhibit 1 | 7/11/2023 |
| 38 | Plaintiffs' Brief on Temporary Injunction Elements | 7/11/2023 |
| 39 | Plaintiffs' Brief on Irreparable Injury | 7/11/2023 |
| 40 | Plaintiffs' Preliminary Proposed Stipulated Exhibit List | 7/11/2023 |
| 41 | Plaintiffs' Amended Preliminary Proposed Stipulated Exhibit List | 7/11/2023 |
| 42 | Apache's Injunction Hearing Exhibit List | 7/11/2023 |
| 43 | Filing Letter<br>• Certificate of Service | 7/11/2023 |
| 44 | Affidavit of Service – Jon Graham | 7/11/2023 |
| 45 | Plaintiffs' Bench Brief on Decommissioning | 7/12/2023 |
| 46 | Apache's Response to Insurers' Brief re Suretyship and Irreparable Harm | 7/12/2023 |
| 47 | Plaintiffs' Bench Brief on Tortious Interference with Existing Contracts | 7/12/2023 |
| 48 | Order Signed Denying Temporary Injunction | 7/20/2023 |
| 49 | Apache's Original Answer and Counterclaim | 7/24/2023 |