# **<u>EXHIBIT 3</u>**

6/21/2023 5:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76844655
By: Bonnie Lugo
Filed: 6/21/2023 5:09 PM

CAUSE NO. 202338238

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | HARRIS COUNTY, TEXAS |
| vs. | § § | |
| APACHE CORPORATION, *Defendant*. | § § § § | 281st JUDICIAL DISTRICT |

## PLAINTIFFS' VERIFIED TEMPORARY AND PERMANENT MOTION TO SEAL

TO THE HONORABLE COURT:

Plaintiff Zurich American Insurance Company ("**Zurich**"), Plaintiff HCC International Insurance Company PLC ("**HCCI**"), Plaintiff Philadelphia Indemnity Insurance Company ("**Philadelphia**"), and Plaintiff Everest Reinsurance Company ("**Everest**") (collectively "**Plaintiffs**" or "**Sureties**") move for a temporary and permanent order to seal pursuant to Texas Rule of Civil Procedure 76a, and show as follows:

### Overview

1.  On June 21, 2023, Plaintiffs filed their Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions (the "**Petition**"). This dispute arises out of Defendant Apache Corporation's ("**Apache**") imminent and apparent effort to call upon part or all of approximately $500,000,000.00 worth of bonds and letters of credit. The core allegations Plaintiffs assert against Apache stem from a Decommissioning Agreement to which Apache is a party. The Decommissioning Agreement is the foundation of the series of events

1

that culminated in the need for this litigation. It arose out of bankruptcy proceedings for Fieldwood Energy, LLC and lead to the issuance of the underlying letters of credit and bonds.

2.      The Decommissioning Agreement contains confidentiality protections. Plaintiffs have redacted excerpts from the Decommissioning Agreement in their Petition to avoid the risk of violating confidentiality. However, it is imperative that Plaintiffs be able to provide a copy of the Decommissioning Agreement to the Court and reference its terms during the temporary restraining order hearing, temporary injunction hearing, and subsequent proceedings in this case. Therefore, Plaintiffs respectfully request that the Court permit Plaintiffs to file documents, and present evidence and argument, related to the Decommissioning Agreement, and otherwise, as needed, under seal.

**Argument and Authority**

**The standard to seal records**

3.      Texas Rule of Civil Procedure 76a governs the Court's authority to authorize a party to file documents under seal. Court records may be sealed only upon a showing of:

> (a) A specific, serious and substantial interest which clearly outweighs;
>
> > (1) The presumption of openness;
> >
> > (2) Any probable adverse effect that sealing will have upon the general public health or safety;
>
> (b) No less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

4.      The Decommissioning Agreement contains confidentiality obligations to protect the confidential rights, interests, and business relationships between the parties to the agreement. These interests are important to prevent harm from coming to the business interests of the parties to the Agreement. As stated, the business interests and amount in dispute are significant. These

2

interests clearly outweigh the presumption of openness. If business agreements of this magnitude are required to be made public, it would have a chilling effect on corporate business practices and investment. Additionally, there is no probable adverse effect on the general public health or safety as there are no issues of health and safety.

5.      Furthermore, there are no less restrictive means than sealing the records to adequately and effectively protect the specific interest asserted. Plaintiffs are prohibited from effectively presenting their case and evidence if they cannot present evidence, argument, or discuss the terms of one of, if not the, most important document in the case—the Decommissioning Agreement.

6.      Plaintiffs also have a specific, serious, and substantial interest in being able to file relevant records under seal because, as stated, the Decommissioning Agreement is imperative to this litigation. Denying this relief equates to forcing Plaintiffs to choose between potentially violating confidentiality obligations and subjecting Plaintiffs to liability, or being unable to present key evidence. The extreme prejudice to Plaintiffs is a specific, serious, and substantial interest that supports sealing the documentation and clearly outweighs the presumption of openness and any risk to public health and safety. For these reasons, it is appropriate for the Court to grant Plaintiffs permission to file any documents, evidence, or testimony related to the terms of the Decommissioning Agreement, and otherwise, as needed, under seal.

**Temporary sealing order**

7.      Texas Rule of Civil Procedure 76a(3) and (4) requires at least 14 days' public notice of the hearing on the motion to seal. For this reason, Rule 76a(5) permits the Court to issue a temporary sealing order upon a "showing of compelling need from specific facts shown by

3

affidavit or by verified petition that immediate and irreparable injury will result in a specific interest of the applicant" before notice and hearing can be accomplished.

8.      Plaintiffs will be presenting their application for Temporary Restraining Order on June 22, 2023, one day after filing their Petition. The Decommissioning Agreement is an important part of the TRO hearing. The Petition was filed with the relevant terms blacked out to protect them, hiding the terms from both the public and the Court. The Court is unable to consider the terms of this key agreement without doing so under seal because Plaintiffs cannot file them in the public record. And it is impossible for Plaintiffs to satisfy the 14-day notice period for the motion to seal prior to the hearing. Without a temporary sealing order, Plaintiffs are prohibited from presenting a central agreement to the Court during the TRO hearing. This is of critical importance due to the amount in dispute. This motion is supported by the verification of Jim Kimbell, counsel for Plaintiff Zurich American Insurance Company.

9.      The inability to present key evidence during the TRO hearing constitutes immediate and irreparable injury. During the statutory notice period prior to the hearing on the motion to seal, Apache could make a draw on the letters of credit or claim on the bonds. This delay could harm Plaintiffs upwards of $500,000,000.00 with no adequate remedy at law, as explained in the Petition which is incorporated by reference. This constitutes a compelling need and immediate and irreparable injury that will result to Plaintiffs' interest before they can post notice and a hearing held pursuant to Rule 76a.

10.     For these reasons, Plaintiffs request that the Court issue a temporary sealing order to permit Plaintiffs to file the Petition and the Decommissioning Agreement under seal, and to seal the TRO hearing and temporary injunction hearing, and evidence presented at such time. Plaintiffs also request that the Court issue a permanent sealing order, upon proper notice and hearing, sealing

Plaintiffs' Petition, the Decommissioning Agreement, any motions discussing the Decommissioning Agreement, and any evidence presented that discloses the terms of the Decommissioning Agreement.

WHEREFORE, Plaintiff Zurich American Insurance Company, Plaintiff HCC International Insurance Company PLC, Plaintiff Philadelphia Indemnity Insurance Company, and Plaintiff Everest Reinsurance Company respectfully request that the Court enter a temporary sealing order and then permanent sealing order related to the Decommissioning Agreement, and otherwise, and all other relief to which they are justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By:*/s/ Philip Eisenberg*
Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)

**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

**CLARK HILL, PLC**

By:*/s/ James Kimbell*
James Kimbell (TX Bar No. 11420000)
jkimbell@clarkhill.com
Christopher Ward (TX Bar No. 24008233)
cward@clarkhill.com
Duane J. Brescia (TX Bar No. 24025265)
dbrescia@clarkhill.com
Adam Diamond (TX Bar No. 24092344)
adiamond@clarkhilll.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
(713) 951-5600 (Tel.) / (713) 951-5660 (Fax)

**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

5

**MANIER & HEROD**

By:*/s/ Scott Williams*
    Michael E. Collins (TX Bar No. 24029006)
    mcollins@manierherod.com
    Jeff Price (TN Bar No. 019550)
    jprice@manierherod.com
    Scott Williams (TN Bar No. 021757)
    swilliams@manierherod.com
    1201 Demonbreun St, Suite 900
    Nashville, Tennessee 37203
    (615) 244-0300 (Tel.) / (615) 242-4203 (Facx)
    *Pro Hac Vice Motions Pending*

    **ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

By:*/s/ Darren Gryzb*
    Darren Gryzb (NJ Bar No. 016142005)
    dgryzb@csglaw.com
    Jase A. Brown (NJ Bar No. 225202018)
    jbrown@csglaw.com
    105 Eisenhower Parkway
    Roseland, New Jersey 07068
    (973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
    *Pro Hac Vice Motions Pending*

    **ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    The undersigned certifies that on the 21st day of June, 2023, a true and correct copy of this Notice was e-served and e-mailed to all known counsel of record pursuant to Texas Rules of Civil Procedure.

        */s/ James Kimbell*
        James M. Kimbell

CAUSE NO. 202338238

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | HARRIS COUNTY, TEXAS |
| vs. | § § | |
| APACHE CORPORATION, *Defendant.* | § § § | |
| | § | 281st JUDICIAL DISTRICT |

## DECLARATION OF JIM KIMBELL

1. My name is Jim Kimbell. My date of birth is April 2, 1958. My business address is 909 Fannin Street, Suite 2300, Houston, Texas 77010. I declare under penalty of perjury that the foregoing is true and correct.

2. I am counsel for Zurich American Insurance Company in this matter. In my capacity as counsel, I have personal knowledge of the matters stated herein.

3. I have read and reviewed Plaintiffs' Verified Temporary and Permanent Motion to Seal. The information contained therein is true and correct, based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on the 21st day of June, 2023.

By: _____
    Jim Kimbell

CLARKHILL\C2996\A80062\272031597.v1-6/21/23

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Becky Delancy on behalf of James Kimbell
Bar No. 11420000
bdelancy@clarkhill.com
Envelope ID: 76844655
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiffs' Verified Temporary and Permanent Motion to Seal
Status as of 6/22/2023 8:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky Delancy | | bdelancy@clarkhill.com | 6/21/2023 5:09:16 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 6/21/2023 5:09:16 PM | SENT |

6/21/2023 5:09:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76844655
By: LUGO, BONNIE
Filed: 6/21/2023 5:09:16 PM

CAUSE NO. 202338238

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, TEXAS |
| *Plaintiffs*, | §<br>§ | |
| vs. | §<br>§ | 281st JUDICIAL DISTRICT |
| APACHE CORPORATION,<br>*Defendant.* | §<br>§<br>§<br>§ | |

## ORDER GRANTING TEMPORARY MOTION TO SEAL

Before the Court is Plaintiff Zurich American Insurance Company, Plaintiff HCC International Insurance Company PLC, Plaintiff Philadelphia Indemnity Insurance Company, and Plaintiff Everest Reinsurance Company's temporary motion to seal. Plaintiffs have requested that the Court authorize them to file documents under seal related to the Decommissioning Agreement, and to seal the temporary injunction hearing, temporary restraining order hearing, any motions discussing the Decommissioning Agreement, and any evidence presented that discloses the terms of the Decommissioning Agreement and any related confidential transaction documents as the Court may specify. The Court finds that there is a compelling need that immediate and irreparable injury will result to Plaintiffs' specific interests before notice can be posted and a hearing held. Accordingly, a temporary sealing order is appropriate.

IT IS ORDERED, ADJUDGED, AND DECREED that a hearing on Plaintiffs' permanent motion to seal shall be held on more than 14 days' notice on _____. Plaintiffs are hereby directed to immediately give public notice as required by Texas Rule of Civil Procedure 76a.

CLARKHILL\C2996\A80062\272030406.v1-6/21/23

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs are authorized to file their Petition, or an amended petition, under seal until such time as the aforementioned hearing. The Court also orders that the hearings on Plaintiffs' Application for Temporary Restraining Order and Temporary Injunction, and any documents or evidence admitted during such hearings that reference the terms of the Decommissioning Agreement, or related documentation, are also sealed.

SO ORDERED.

_____          _____

DATE                                           HONORABLE JUDGE PRESIDING