# <u>EXHIBIT 25</u>

7/6/2023 5:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77278489
By: Patricia Gonzalez
Filed: 7/6/2023 5:53 PM

**CAUSE NO. 202338238**

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY,** | § § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § § | |
| **APACHE CORPORATION,** | § § | |
| *Defendant.* | § § | **281st JUDICIAL DISTRICT** |

<u>**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**</u>

TO THE HONORABLE COURT:

Plaintiff Zurich American Insurance Company ("Zurich"), Plaintiff HCC International Insurance Company PLC ("HCCI"), Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), and Plaintiff Everest Reinsurance Company ("Everest") (collectively "Plaintiffs" or "Sureties"), file this Motion for Expedited Discovery requesting that this Court enter an Order for Expedited Discovery pursuant to Texas Rules of Civil Procedure 166 prior to a Temporary Injunction hearing in this matter and respectfully shows the Court the following:

**I.**

1. On June 21, 2023, Plaintiffs filed their Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions (the "**Petition**"). This dispute arises out of Defendant Apache Corporation's ("**Apache**") imminent and apparent effort to call upon part or all of approximately $500,000,000.00 worth of bonds and letters of credit that became available upon a default of bankruptcy by Fieldwood Energy, LLC ("FWE") and its affiliate, GOM Shelf LLC ("GOM") (collectively, with FWE, "Fieldwood").

2.      Plaintiffs allege that Apache acted improperly in influencing GOM to voluntarily default on its bankruptcy obligations. This is a critical issue to Plaintiffs' Application for Temporary Injunction. Plaintiffs need to conduct discovery to further examine the nature of the relationship between Apache and GOM, particularly with close attention to Jon Graham, a former Apache employee who served as the Sole Manager of GOM Shelf at the time in question.

## II.

3.      Plaintiffs requested a Temporary Injunction and anticipate that a hearing will be set on a date within the next 20-30 days. Plaintiffs also timely obtained a citation for Apache and served it on June 27, 2023. Apache appeared on July 6, 2023.

4.      Pursuant to the standard timeline for discovery, there is insufficient time for Plaintiffs to obtain discovery from either Apache or third parties, such as GOM Shelf and Mr. Graham, prior to the aforementioned hearing. The testimony of Mr. Graham is critically important to the issues that the Court will consider. Specifically, by way of example and not limitation, Mr. Graham has knowledge of Apache and GOM Shelf's respective actions. There is no practical alternative for Plaintiffs to obtain such evidence without discovery from Apache and Mr. Graham. Accordingly, prior to the hearing, Plaintiffs need to engage in discovery.

5.      "A trial court has discretion to schedule discovery.  Although discovery responses are usually due within thirty days after service of the request, the Rules provide that the trial court may shorten or lengthen the time for making a response for good cause." *In re Colonial Pipeline Co*., 968 S.W.2d 938, 943 (Tex. 1998); *see* Texas Rule of Civil Procedure 191.1; *Hycarbex, Inc. v. Anglo-Suisse, Inc*., 927 S.W.2d 103, 111 (Tex. App.—Houston [14th Dist.] 1996, no writ) (stating that the trial court has broad powers and discretion to control the time, place, and manner of taking depositions). "Parties frequently seek, and trial courts order,

expedited discovery in the course of proceedings pertaining to" injunctive relief. *In re Nat'l Lloyds Ins. Co.*, No. 13-15-00390-CV, 2015 WL 6759153, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2015, no pet.)[1] (citing multiple other cases granting expedited discovery for purposes of obtaining evidence related to application for temporary injunction) (refusing to overturn order to produce documents within two days).

6.      For good cause, Plaintiffs request leave of Court to conduct necessary discovery from Apache and third parties on an expedited basis so that Plaintiffs may obtain necessary documentary and testimony evidence for presentation during the hearing on their Application for Temporary Injunction. A copy of the discovery requests to Apache and GOM Shelf is attached as Exhibit A. Much of the information, property, and evidence required in connection with this case is in the possession, custody, and control of the Apache or third parties, such as GOM Shelf, therefore the requests are not unduly burdensome and should be relatively easy to answer. The evidence at issue relates to interactions between Apache and GOM Shelf, to which Plaintiffs were not parties. And there is insufficient time to obtain discovery on the default timeline. Therefore, absent expedited discovery Plaintiffs otherwise have no way to compel Defendant or any third party to make the witnesses, information, and discovery available timely prior to the subject hearing and Plaintiffs will be deprived of the ability to discover important evidence relevant to the temporary injunction issues.

7.      It is essential that this Court order expedited discovery, including depositions, interrogatories, and the production of documents and tangible items, so that Plaintiffs may investigate and obtain evidence, prior to the Temporary Injunction hearing, regarding the nature of GOM Shelf's actions and Apache's influence on the same.

---

[1] Plaintiffs frequently seek expedited discovery contemporaneously with a temporary restraining order. The expedited discovery is for consideration of an application on temporary injunction. Here, Plaintiffs too seek expedited discovery for consideration of their application on temporary injunction.

8.     Additionally, Apache submitted a declaration of Jon Graham to be used in conjunction with the hearings on Plaintiffs' applications for injunctive relief. This further demonstrates the need for Plaintiffs to have the opportunity to depose him.

**III.**

9.     Therefore, Plaintiffs respectfully request that they be permitted to depose nonparty Jon Graham within five (5) business days. Additionally, Plaintiffs also request that the Court issue an order requiring Apache and GOM Shelf to respond to the written discovery attached as Exhibit A within five (5) business days.

10.     WHEREFORE, PREMISED CONSIDERED, Plaintiffs respectfully request the Court to allow expedited discovery as requested herein and for such other and further relief to which it may be entitled.

Respectfully submitted,

**CLARK HILL, PLC**

By:*/s/ James Kimbell*
    James Kimbell (TX Bar No. 11420000)
    jkimbell@clarkhill.com
    Christopher Ward (TX Bar No. 24008233)
    cward@clarkhill.com
    Duane J. Brescia (TX Bar No. 24025265)
    dbrescia@clarkhill.com
    Adam Diamond (TX Bar No. 24092344)
    adiamond@clarkhilll.com
    909 Fannin Street, Suite 2300
    Houston, Texas 77010
    (713) 951-5600 (Tel.) / (713) 951-5660 (Fax)

    **ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**LOCKE LORD LLP**

By:*/s/ Philip Eisenberg*
    Philip Eisenberg (TX Bar No. 24033923)

peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)

**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

**MANIER & HEROD**

By: */s/ Scott Williams*
Michael E. Collins (TX Bar No. 24029006)
mcollins@manierherod.com
Jeff Price (TN Bar No. 019550)
jprice@manierherod.com
Scott Williams (TN Bar No. 021757)
swilliams@manierherod.com
1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203 (Facx)
*Pro Hac Vice Motions Pending*

**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

By: */s/ Darren Gryzb*
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Pro Hac Vice Motions Pending*

**ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 6th day of July, 2023, a true and correct copy of this Notice was e-served and e-mailed to all known counsel of record pursuant to Texas Rules of Civil Procedure.

*/s/ James Kimbell*
James M. Kimbell

**ATTORNEYS FOR PLAINTIFF**
**ZURICH ENTERPRISES, INC.**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Deborah Durr on behalf of James Kimbell
Bar No. 11420000
ddurr@clarkhill.com
Envelope ID: 77278489
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiffs' Motion for Expedited Discovery
Status as of 7/7/2023 7:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Duane Brescia | | dbrescia@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/6/2023 5:53:42 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/6/2023 5:53:42 PM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/6/2023 5:53:42 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/6/2023 5:53:42 PM | SENT |

EXHIBIT A-1

CAUSE NO. 202338238

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY, HCC INTERNATIONAL** | § | |
| **INSURANCE COMPANY PLC,** | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY and EVEREST** | § | |
| **REINSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiffs*, | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § | |
| | § | |
| **APACHE CORPORATION,** | § | |
| *Defendant.* | § | |
| | § | **281st JUDICIAL DISTRICT** |

**NOTICE OF INTENTION**
**TO TAKE DEPOSITION BY WRITTEN QUESTIONS**

To other parties by and through their attorney(s) of record: **Defendant Apache Corporation by and through its attorney of record, Geoffrey L. Harrison, Susman Godfrey, 1000 Louisiana Suite 5100, Houston, TX 77002-5096.**

PLEASE TAKE NOTICE that pursuant to Texas Rules of Civil Procedure 200 and the Order of this Court, the deposition by written questions will be taken of Custodian of Records for:

**GOM Shelf**
**2000 W. Sam Houston Parkway S., Suite 1200**
**Houston, Texas 77042**

before a Notary Public to be used as evidence in the above-styled and numbered cause. A copy of the questions is attached hereto and will be propounded by a representative of Plaintiffs.

As authorized by Texas Rules of Civil Procedure 176, a subpoena duces tecum is requested for the witness to produce any and all records as described on the attached questions and Exhibit A and any other such record in the possession, custody or control of said witness, and every such record to which the witness may have access, pertaining to: **the records identified in the enclosed Exhibit A.** The witness is instructed to turn all such records over to the officer authorized to take this deposition to be attached to the deposition either by electronically producing those documents, or in a manner such that photographic reproductions of the same may be made.

/s/ *James M. Kimbell*

**JAMES M. KIMBELL**
State Bar No. 11420000
909 Fannin, Suite 2300
Houston, Texas 77010
(713) 951-5600 – Phone
(713) 951-5660 – Facsimile
JKimbell@clarkhill.com
**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**LOCKE LORD LLP**

/s/ *Philip Eisenberg*

Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)
**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

**MANIER & HEROD**

/s/ *Scott Williams*

Michael E. Collins (TX Bar No. 24029006)
mcollins@manierherod.com
Jeff Price (TN Bar No. 019550)
jprice@manierherod.com
Scott Williams (TN Bar No. 021757)
swilliams@manierherod.com
1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203 (Facx)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

EXHIBIT A-1

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

*/s/ Darren Gryzb*
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served on all Counsel of Record by hand deliver, facsimile, UPS, certified mail and/or electronic mail on this ___ day of July, 2023.

/s/ *James M. Kimbell*
**JAMES M. KIMBELL**

EXHIBIT A-1

**CAUSE NO. 202338238**

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY, HCC INTERNATIONAL** | § | |
| **INSURANCE COMPANY PLC,** | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY and EVEREST** | § | |
| **REINSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiffs*, | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § | |
| | § | |
| **APACHE CORPORATION,** | § | |
| *Defendant.* | § | |
| | § | **281st JUDICIAL DISTRICT** |

<u>**DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**</u>

Custodian of Records for: GOM Shelf, 2000 W. Sam Houston Parkway S., Suite 1200, Houston, Texas 77042

Type of Records: Business records identified in enclosed Exhibit A

1. Please print your full name.

Answer: _____

2. Please state by whom you are employed and the business address?

Employed: _____

Address: _____

3. What is the title of your position or job?

Answer: _____

4. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, in your custody or subject to your control, supervision or direction?

Answer: _____

5. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

Answer: _____

C2996\A80062\272196968

EXHIBIT A-1

6. Please attach to this deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied? If not, why?

Answer: _____

7. Are the copies which you have attached true and correct copies of such memoranda, reports, records, or data compilations?

Answer: _____

8. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

Answer: _____

9. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions or opinion, recorded to make the record or to transmit information thereof to be included in such record?

Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

Answer: _____

11. Was the method of preparation of these records trustworthy?

Answer: _____

12. What is your retention period (how long do you maintain) for records at this facility?

Answer: _____

13. Do you have any records or documents that are responsive to this subpoena?

Answer: _____


_____
WITNESS (Custodian of Records)

EXHIBIT A-1

Before me on this day personally appeared the above witness, known to me to be the person whose name is subscribed to the foregoing instrument, who being first duly sworn stated that the answers to the foregoing questions are true and correct.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2023.


_____
NOTARY PUBLIC

My Commission Expires: _____

EXHIBIT A-1

## <u>INSTRUCTIONS</u>

     1.    You are hereby requested in accordance with the instructions of the Texas Rules of Civil Procedure to produce complete, legible duplicate originals of all documents and tangible evidence responsive to each category or request (and if copies are not perfectly legible, then the originals of such documents) that are in the possession, custody, or control, or constructive possession, custody or control of Plaintiff for examination and copying in this proceeding on or before five (5) days from receipt of this Request. The word "document" is defined expansively below.

     2.    These Requests for Production of Documents are continuing in nature. You are requested and required to timely supplement your answers when appropriate or necessary to make them correct and complete.

     3.    To the extent a document requested is being stored in electronic format, please produce such document or file on a CD, DVD, flash-drive in its native format.  If the document exists in hardcopy and electronically, please produce both.  Please note that this instruction, and accompanying discovery requests, requires that you perform a thorough search of all of the electronic storage systems (server, storage device, personal computer, laptop, PDA, etc.) which could contain or store discoverable information or documents.

## <u>DEFINITIONS</u>

     1.    The relevant time period of these requests is January 1, 2021 through July 31, 2022, unless otherwise indicated.

     2.    **<u>Plaintiffs:</u>**  The term "Plaintiffs" refers to Plaintiff Zurich American Insurance Company ("Zurich"), Plaintiff HCC International Insurance Company PLC ("HCCI"), Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), and Plaintiff Everest Reinsurance Company ("Everest") (collectively "Plaintiffs" or "Sureties") and any of their present or former directors, officers, agents, representatives, employees, attorneys and/or other persons acting on their behalf.

     3.    **<u>Defendant:</u>**  The term "Apache" or "Defendant" refers to Apache Corporation ("Apache") and any of their present or former agents, representatives, employees, attorneys and/or other persons acting on their behalf.

     4.    **<u>GOM Shelf</u>**: The term "GOM Shelf" means and refers to Fieldwood Energy, LLC ("FWE"), Fieldwood Energy I LLC ("FWE I"), any related entities, and GOM Shelf LLC and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

     5.    **<u>You:</u>**  The term "you" or "your" means and refers to GOM Shelf, and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

EXHIBIT A-1

6.      The unqualified term "**person**" shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law.   Where an employee performs some task about which an inquiry is made in these requests as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

7.      **FWE Chapter 11 Plan:** The term "FWE Chapter 11 Plan" shall mean and refer to the bankruptcy plan that became effective on August 27, 2021. The Case Number for the bankruptcy was 20-33948 (MI).

8.

9.      **Legacy Apache Assets**:   means the properties Fieldwood Energy acquired from Apache pursuant to the Purchase and Sale Agreement dated July 18, 2013.

10.      **Decommissioning Agreement**: refers to the Decommissioning Agreement entered into between Fieldwood Energy, GOM Shelf, and the Apache PSA Parties effective September 30, 2013 (with all amendments).

11.      **Decommissioning obligations**: refers to plugging and abandonment and other related decommissioning work, as set forth in the Decommissioning Agreement.

12.      **Default**: The term "Default" shall mean and refer to GOM Shelf's notification to the any government entity, such as the Bureau of Ocean Management and the Bureau of Safety and Environmental Enforcement, that it would not perform its decommission work associated with the 44 leases and certain pipelines from the Legacy Apache Assets.

13.      **Document:**   The terms "document" or "documents" shall be used in their broadest sense and shall mean and include all handwritten, printed, typed, taped, recorded, computer, or graphic matter of every kind and description, however produced or reproduced, or stored, including all computer-stored data.   A draft or non-identical copy is a separate document within the meaning of this term.   The term "document" also includes any tangible thing.

14.      **Communication:**   The term "communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise; means or refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, advice, representations, acceptances, bids, meetings, telephone conversations and notes thereof; letters, correspondence, facsimile transmissions, notes, telegrams, or other forms of disclosure, whether oral or written.

15.      **Relating:**   The term "relating" refers to concerning, referring, describing, or constituting, directly or indirectly.

16.      **Lawsuit:**   The term "Lawsuit" refers to the above-captioned proceeding.

17.   **Complaint:**   The term "Complaint" refers to Plaintiffs' Original Petition.

## REQUEST FOR ELECTRONIC INFORMATION

Please produce the following categories of documents and tangible things no later than five (5) days after service of these discovery requests.   These requests encompass, and "document" includes, all responsive documents and tangible things that are discoverable under the Rules of Civil Procedure.

Pursuant to Rule 196.4, these requests encompass, and "document" includes, all responsive data stored in electronic or magnetic form ("electronically stored information" or "ESI"), including but not limited to:

1. E-mail, including but not limited to deleted e-mail, e-mail in e-mail backups, and e-mail stored both on e-mail users' computers, phones, and other devices and e-mail stored on central servers or the servers of cloud or software-as-a-service providers;
2. Computer files, including but not limited to office documents regardless of format, spreadsheets, databases, logs, drawings, images, and scanned documents;
3. Voicemail messages, including deleted or archived voicemail messages and regardless of where such voicemail messages are stored;
4. Instant messages and logs of instant messages or chat-room conversations, including logs from products like Yammer or Clack; and
5. Data in SAP, Oracle, QuickBooks, NetSuite, or other accounting, business intelligence, or management information systems or databases.

ESI may be found in the following locations, among others, all of which should be searched in responding to these interrogatories and requests for production:

1. Office computers, laptops, tablets, mobile devices, or other devices used by relevant individuals to create, modify, view, or store e-mail, computer files or other ESI, including such devices used by secretaries, assistants, or others who had access to responsive ESI;

2. Home computers or other personal devices that were used to create, modify, view, or store e-mail, computer files, or other ESI;

3. Central file servers or e-mail servers, for example, a common departmental or company-wide server, cloud storage solutions like Box or DropBox, e-mail servers like Microsoft Exchange, or cloud e-mail solutions;

4. Archives, journaling systems, data vaults, or other software that is used to store or backup ESI;

5. Copies of ESI on physical hard drives, magnetic tapes, or other storage media, including backups or long-term physical storage of ESI that may be located offsite;

EXHIBIT A-1

6.  Databases used in company operations (e.g., an Oracle database may not be entirely responsive but should be searched for responsive ESI);

7.  Collections of ESI that were prepared in connection with internal investigations, internal audits, or other legal matters.

Responsive ESI should be produced in searchable, multipage PDF with Bates stamps, one file per document, unless conversation to this format would destroy responsive data, in which case ESI should be produced in native format.   For example, if conversation to PDF would cause the destruction of responsive "track changes" data in a Microsoft Word document or of responsive formulas in a Microsoft Excel document, then these documents should be produced in native Word or Excel format.

Documents should be accompanied by an industry-standard load file in DAT format that contains all available metadata (for example, but without limitation, metadata in the following fields:  BeginBates, EndBates, Custodian, From, To, CC, BCC, Subject, DateSent, TimeSent, DateReceived, TimeReceived, FileExtension, Author, CreateDate, LastModifiedDate, LastModifiedTime, Filename, FileLength, Path, PageCount, DocumentType, Hash).  E-mail should be produced in a format that preserves the relationship between e-mail and attachments (for example, by indicating in the load file ParentBates or Attachment files which documents are attachments to which e-mail messages).

We will cooperate in agreeing on an appropriate protocol for production of ESI that minimizes the burden of review and production on all parties.  If producing ESI in the manner described above presents problems of cost or practicality, please contact us as soon as possible and before the due date for responses to these requests for production so that we can negotiate an agreement or seek guidance from the Court.

EXHIBIT A-1

# EXHBIIT A

1. Please provide all communications and documents related to and evidencing GOM Shelf's decision to send any notices of default to any government entity on its decommissioning obligations related to the Legacy Apache Assets.

2. Please provide all communications and analysis that lead to GOM Shelf's decision to send any notices of default of its decommissioning obligations related to the Legacy Apache Assets.

3. Please provide all information, communications, and documents that GOM Shelf considered and relied on when GOM Shelf made its decision to send its notices of default related to the Legacy Apache Assets.

4. Please provide any communications between you and Apache that relate to GOM Shelf's decision to send notices of default on its decommissioning obligations related to the Legacy Apache Assets.

5. Please provide any communications in between you and QuarterNorth Energy Inc. that relate to the decision to execute default notices related to the Legacy Apache Assets.

6. Please provide any communications between you and any other person or entity, including governmental, non-profit, for-profit, and all other entities, that relate to, contributed to, discussed, and/or caused GOM Shelf's notice of default on decommissioning obligations related to the Legacy Apache Assets.

7. Please provide any communications between you and Apache that relate to Apache's intent to draw/make a claim on Trust A, letters of credit, or on bonds in the event of a default on decommissioning obligations by GOM Shelf.

8. Please provide all communications and documents exchanged between Apache and GOM Shelf, including but not limited to Jon Graham, regarding GOM Shelf's ability to satisfy its decommissioning obligations related to the Legacy Apache Assets.

9. Please provide all communications between Apache and GOM Shelf related to the decision to or any restrictions upon the sale of any Legacy Apache Assets.

10. Please provide all documents sufficient to show all drawdowns on Trust A since the confirmation of the FWE Chapter 11 Plan.

11. Please provide documents sufficient to show the current balance and status of Trust A.

12. Any communications by and between you and Susman Godfrey attorneys, or any representative or employee of Apache Corporation, related to Jon Graham's July 6, 2023 Declaration.

<span style="color:red">EXHIBIT A-2</span>

## CAUSE NO. 202338238

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, HCC INTERNATIONAL | § | |
| INSURANCE COMPANY PLC, | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and EVEREST | § | |
| REINSURANCE COMPANY, | § | |
| | § | |
| *Plaintiffs*, | § | HARRIS COUNTY, TEXAS |
| | § | |
| vs. | § | |
| | § | |
| APACHE CORPORATION, | § | |
| *Defendant.* | § | |
| | § | 281st JUDICIAL DISTRICT |

### ISSUED IN THE NAME OF THE STATE OF TEXAS

### DEPOSITION SUBPOENA AND SUBPOENA DUCES TECUM
### TO JON GRAHAM

THE STATE OF TEXAS:

To any duly authorized Officer of the State of Texas – GREETING: YOU ARE COMMANDED TO SUBPOENA AND SUMMON the following witness:

**JON GRAHAM**
**2000 W. Sam Houston Parkway S., Suite 1200**
**Houston, Texas 77042, or wherever he may be found**

to be and appear before a Certified Court Reporter and/or Notary Public in and for the State of Texas, at the **Offices of Clark Hill PLC, 909 Fannin Street, Suite 2300, Houston, Texas 77010, on _____, _____, at 9:00 a.m.,** then and there to give evidence at the instance of the Plaintiffs Zurich American Insurance Company, HCC International Insurance Company PLC, Philadelphia Indemnity Insurance Company and Everest Reinsurance Company, in the above referenced case and there remain from day to day and time to time until discharged according to law. The witness is to produce all documents and evidence as described in the Notice attached hereto, which is incorporated here in full, in the cause numbered 2023-38238 now pending in the 281st Judicial District of Harris County, Texas as identified above.

**\*Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the Court from which the subpoena is issued or a district court in a county in which the subpoena is served, and may be punished by fine or confinement, or both.**

C2996\A80062\272196287

EXHIBIT A-2

WITNESS MY HAND this the ___ day of July 2023.

ISSUED AT THE REQUEST OF:

/s/ *James M. Kimbell*

**JAMES M. KIMBELL**
State Bar No. 11420000
909 Fannin, Suite 2300
Houston, Texas 77010
(713) 951-5600 – Phone
(713) 951-5660 – Facsimile
JKimbell@clarkhill.com
**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**LOCKE LORD LLP**

/s/ *Philip Eisenberg*
Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)
**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

**MANIER & HEROD**

/s/ *Scott Williams*
Michael E. Collins (TX Bar No. 24029006)
mcollins@manierherod.com
Jeff Price (TN Bar No. 019550)
jprice@manierherod.com
Scott Williams (TN Bar No. 021757)
swilliams@manierherod.com
1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203 (Facx)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

EXHIBIT A-2

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

*/s/ Darren Gryzb*
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

EXHIBIT A-2

**OFFICERS RETURN**

Came to hand this _____ day of _____, 2023, at _____.m, and executed by delivering a copy of this Subpoena to the within-named, in person, at _____ in _____, Texas, in _____ County, Texas, on the _____ day of _____ 2023, at _____.m.

Not executed as to the witness _____ for the following reason:

_____

_____

_____

By: _____

_____
(Person who is not a party and is not less than 18 years of age)

SWORN TO and subscribed before me on this the _____ day of _____, 2023.

_____
NOTARY PUBLIC STATE OF TEXAS

ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RUEL 176 T.R.C.P.

(If above Statement is Not Completed by Person Serving the above stated documents).

I hereby accept service of this Subpoena

WITNESS/REPRESENTATIVE: _____

DATE: _____

## CAUSE NO. 202338238

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY, HCC INTERNATIONAL** | § | |
| **INSURANCE COMPANY PLC,** | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY and EVEREST** | § | |
| **REINSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiffs*, | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § | |
| | § | |
| **APACHE CORPORATION,** | § | |
| *Defendant.* | § | |
| | § | **281st JUDICIAL DISTRICT** |

## PLAINTIFFS' NOTICE TO TAKE THE
## ORAL AND VIDEOTAPED DEPOSITION OF JON GRAHAM
## AND SUBPOENA DUCES TECUM

To:    JON GRAHAM, **2000 W. Sam Houston Parkway S., Suite 1200, Houston, Texas 77042, or wherever he may be found**

Pursuant to the Texas Rules of Civil Procedure, including Rules 205 and 199, Plaintiffs Zurich American Insurance Company, HCC International Insurance Company PLC, Philadelphia Indemnity Insurance Company and Everest Reinsurance Company, in the above-referenced case, notices **the oral deposition of JON GRAHAM**, **along with the documents listed on the attached Exhibit A**, to be taken at the **Offices of Clark Hill PLC, 909 Fannin Street, Suite 2300, Houston, Texas 77010**, on **[day of week], [date]**, at **[time]**.

The deposition will continue from day to day until completed. Plaintiffs will secure the court reporting service and videographer for the deposition. It will be taken by usual stenographic means with video.

The witness is instructed and subpoenaed to bring with him to the deposition all documents identified in Exhibit A, attached hereto.

Lastly, JON GRAHAM is advised that this discovery is in no way intended to impose an undue burden on him. Mr. GRAHAM has multiple options for complying with this discovery in a fashion that is the least burdensome to him. If Mr. GRAHAM has questions or concerns about complying with this discovery, including the time and place of the deposition, please immediately contact counsel for Defendant, Jim Kimbell, at 713-951-5600, so that reasonable accommodations can be made.

EXHIBIT A-2

/s/ James M. Kimbell
**JAMES M. KIMBELL**
State Bar No. 11420000
909 Fannin, Suite 2300
Houston, Texas 77010
(713) 951-5600 – Phone
(713) 951-5660 – Facsimile
JKimbell@clarkhill.com
**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**LOCKE LORD LLP**

/s/ Philip Eisenberg
Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)
**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

**MANIER & HEROD**

/s/ Scott Williams
Michael E. Collins (TX Bar No. 24029006)
mcollins@manierherod.com
Jeff Price (TN Bar No. 019550)
jprice@manierherod.com
Scott Williams (TN Bar No. 021757)
swilliams@manierherod.com
1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203 (Facx)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

EXHIBIT A-2

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

*/s/ Darren Gryzb*_____
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF EVEREST
REINSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of July, 2023, a true and correct copy of this document was served upon all counsel of record via facsimile, email, electronic delivery and/or otherwise.

/s/ James M. Kimbell_____
JAMES M. KIMBELL

EXHIBIT A-2

## <u>INSTRUCTIONS</u>

1.      You are hereby requested in accordance with the instructions of the Texas Rules of Civil Procedure to produce complete, legible duplicate originals of all documents and tangible evidence responsive to each category or request (and if copies are not perfectly legible, then the originals of such documents) that are in the possession, custody, or control, or constructive possession, custody or control of Plaintiff for examination and copying in this proceeding on or before five (5) days from receipt of this Request. The word "document" is defined expansively below.

2.      These Requests for Production of Documents are continuing in nature. You are requested and required to timely supplement your answers when appropriate or necessary to make them correct and complete.

3.      To the extent a document requested is being stored in electronic format, please produce such document or file on a CD, DVD, flash-drive in its native format.  If the document exists in hardcopy and electronically, please produce both.  Please note that this instruction, and accompanying discovery requests, requires that you perform a thorough search of all of the electronic storage systems (server, storage device, personal computer, laptop, PDA, etc.) which could contain or store discoverable information or documents.

## <u>DEFINITIONS</u>

1.      The relevant time period of these requests is January 1, 2021 through July 31, 2022, unless otherwise indicated.

2.      **<u>Plaintiffs:</u>**  The term "Plaintiffs" refers to Plaintiff Zurich American Insurance Company ("Zurich"), Plaintiff HCC International Insurance Company PLC ("HCCI"), Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), and Plaintiff Everest Reinsurance Company ("Everest") (collectively "Plaintiffs" or "Sureties") and any of their present or former directors, officers, agents, representatives, employees, attorneys and/or other persons acting on their behalf.

3.      **<u>Defendant:</u>**  The term "Apache" or "Defendant" refers to Apache Corporation ("Apache") and any of their present or former agents, representatives, employees, attorneys and/or other persons acting on their behalf.

4.      **<u>GOM Shelf</u>**: The term "GOM Shelf" means and refers to Fieldwood Energy, LLC ("FWE"), Fieldwood Energy I LLC ("FWE I"), any related entities, and GOM Shelf LLC and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

5.      **<u>You:</u>**  The term "you" or "your" means and refers to GOM Shelf, and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

EXHIBIT A-2

6.     The unqualified term "**person**" shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law.   Where an employee performs some task about which an inquiry is made in these requests as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

7.     **FWE Chapter 11 Plan:** The term "FWE Chapter 11 Plan" shall mean and refer to the bankruptcy plan that became effective on August 27, 2021. The Case Number for the bankruptcy was 20-33948 (MI).

8.     **Legacy Apache Assets**:   means the properties Fieldwood Energy acquired from Apache pursuant to the Purchase and Sale Agreement dated July 18, 2013.

9.     **Decommissioning Agreement**: refers to the Decommissioning Agreement entered into between Fieldwood Energy, GOM Shelf, and the Apache PSA Parties effective September 30, 2013 (with all amendments).

10.    **Decommissioning obligations**: refers to plugging and abandonment and other related decommissioning work, as set forth in the Decommissioning Agreement.

11.    **Default**: The term "Default" shall mean and refer to GOM Shelf's notification to the any government entity, such as the Bureau of Ocean Management and the Bureau of Safety and Environmental Enforcement, that it would not perform its decommission work associated with the 44 leases and certain pipelines from the Legacy Apache Assets.

12.    **Document:**   The terms "document" or "documents" shall be used in their broadest sense and shall mean and include all handwritten, printed, typed, taped, recorded, computer, or graphic matter of every kind and description, however produced or reproduced, or stored, including all computer-stored data.   A draft or non-identical copy is a separate document within the meaning of this term.   The term "document" also includes any tangible thing.

13.    **Communication:**   The term "communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise; means or refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, advice, representations, acceptances, bids, meetings, telephone conversations and notes thereof; letters, correspondence, facsimile transmissions, notes, telegrams, or other forms of disclosure, whether oral or written.

14.    **Relating:**   The term "relating" refers to concerning, referring, describing, or constituting, directly or indirectly.

15.    **Lawsuit:**   The term "Lawsuit" refers to the above-captioned proceeding.

16.    **Complaint:**   The term "Complaint" refers to Plaintiffs' Original Petition.

EXHIBIT A-2

## <u>REQUEST FOR ELECTRONIC INFORMATION</u>

Please produce the following categories of documents and tangible things no later than five (5) days after service of these discovery requests.  These requests encompass, and "document" includes, all responsive documents and tangible things that are discoverable under the Rules of Civil Procedure.

Pursuant to Rule 196.4, these requests encompass, and "document" includes, all responsive data stored in electronic or magnetic form ("electronically stored information" or "ESI"), including but not limited to:

1. E-mail, including but not limited to deleted e-mail, e-mail in e-mail backups, and e-mail stored both on e-mail users' computers, phones, and other devices and e-mail stored on central servers or the servers of cloud or software-as-a-service providers;
2. Computer files, including but not limited to office documents regardless of format, spreadsheets, databases, logs, drawings, images, and scanned documents;
3. Voicemail messages, including deleted or archived voicemail messages and regardless of where such voicemail messages are stored;
4. Instant messages and logs of instant messages or chat-room conversations, including logs from products like Yammer or Clack; and
5. Data in SAP, Oracle, QuickBooks, NetSuite, or other accounting, business intelligence, or management information systems or databases.

ESI may be found in the following locations, among others, all of which should be searched in responding to these interrogatories and requests for production:

1. Office computers, laptops, tablets, mobile devices, or other devices used by relevant individuals to create, modify, view, or store e-mail, computer files or other ESI, including such devices used by secretaries, assistants, or others who had access to responsive ESI;

2. Home computers or other personal devices that were used to create, modify, view, or store e-mail, computer files, or other ESI;

3. Central file servers or e-mail servers, for example, a common departmental or company-wide server, cloud storage solutions like Box or DropBox, e-mail servers like Microsoft Exchange, or cloud e-mail solutions;

4. Archives, journaling systems, data vaults, or other software that is used to store or backup ESI;

5. Copies of ESI on physical hard drives, magnetic tapes, or other storage media, including backups or long-term physical storage of ESI that may be located offsite;

6. Databases used in company operations (e.g., an Oracle database may not be entirely responsive but should be searched for responsive ESI);

EXHIBIT A-2

7. Collections of ESI that were prepared in connection with internal investigations, internal audits, or other legal matters.

Responsive ESI should be produced in searchable, multipage PDF with Bates stamps, one file per document, unless conversation to this format would destroy responsive data, in which case ESI should be produced in native format.  For example, if conversation to PDF would cause the destruction of responsive "track changes" data in a Microsoft Word document or of responsive formulas in a Microsoft Excel document, then these documents should be produced in native Word or Excel format.

Documents should be accompanied by an industry-standard load file in DAT format that contains all available metadata (for example, but without limitation, metadata in the following fields:  BeginBates, EndBates, Custodian, From, To, CC, BCC, Subject, DateSent, TimeSent, DateReceived, TimeReceived, FileExtension, Author, CreateDate, LastModifiedDate, LastModifiedTime, Filename, FileLength, Path, PageCount, DocumentType, Hash).  E-mail should be produced in a format that preserves the relationship between e-mail and attachments (for example, by indicating in the load file ParentBates or Attachment files which documents are attachments to which e-mail messages).

We will cooperate in agreeing on an appropriate protocol for production of ESI that minimizes the burden of review and production on all parties.  If producing ESI in the manner described above presents problems of cost or practicality, please contact us as soon as possible and before the due date for responses to these requests for production so that we can negotiate an agreement or seek guidance from the Court.

EXHIBIT A-2

## EXHBIIT A

1. Please provide all communications and documents related to and evidencing GOM Shelf's decision to send any notices of default to any government entity on its decommissioning obligations related to the Legacy Apache Assets.

2. Please provide all communications and analysis that lead to GOM Shelf's decision to send any notices of default of its decommissioning obligations related to the Legacy Apache Assets.

3. Please provide all information, communications, and documents that GOM Shelf considered and relied on when GOM Shelf made its decision to send its notices of default related to the Legacy Apache Assets.

4. Please provide any communications between you and Apache that relate to GOM Shelf's decision to send notices of default on its decommissioning obligations related to the Legacy Apache Assets.

5. Please provide any communications in between you and QuarterNorth Energy Inc. that relate to the decision to execute default notices related to the Legacy Apache Assets.

6. Please provide any communications between you and any other person or entity, including governmental, non-profit, for-profit, and all other entities, that relate to, contributed to, discussed, and/or caused GOM Shelf's notice of default on decommissioning obligations related to the Legacy Apache Assets.

7. Please provide any communications between you and Apache that relate to Apache's intent to draw/make a claim on Trust A, letters of credit, or on bonds in the event of a default on decommissioning obligations by GOM Shelf.

8. Please provide all communications and documents exchanged between Apache and GOM Shelf, including but not limited to Jon Graham, regarding GOM Shelf's ability to satisfy its decommissioning obligations related to the Legacy Apache Assets.

9. Please provide all communications between Apache and GOM Shelf related to the decision to or any restrictions upon the sale of any Legacy Apache Assets.

10. Please provide all documents sufficient to show all drawdowns on Trust A since the confirmation of the FWE Chapter 11 Plan.

11. Please provide documents sufficient to show the current balance and status of Trust A.

12. Any communications by and between you and Susman Godfrey attorneys, or any representative or employee of Apache Corporation, related to your July 6, 2023 Declaration.

<span style="color:red">EXHIBIT A-2</span>

**CAUSE NO. 202338238**

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY,** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **vs.** | §<br>§ | |
| **APACHE CORPORATION,** *Defendant.* | §<br>§<br>§<br>§ | **281st JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

To:    Defendant Apache Corporation, by and through their attorneys of record, Geoff Harrison of Susman Godfrey.

Plaintiff Zurich American Insurance Company ("Zurich"), Plaintiff HCC International Insurance Company PLC ("HCCI"), Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), and Plaintiff Everest Reinsurance Company ("Everest") (collectively "Plaintiffs" or "Sureties"), serve the attached Expedited Requests for Production of Documents upon Defendant Apache Corporation ("Defendant" or "Apache"), as authorized by Rule 196 of the Texas Rules of Civil Procedure and requests that Defendant provides answers to the following discovery requests within five (5) days of service thereof, pursuant to Court order.

You are hereby requested to produce the following documents and materials which are in the possession, custody or control of Defendant and/or the Defendant's attorneys, agents and/or representatives and/or to which Defendant and/or Defendant's attorneys, agents and/or representatives have a superior right to access, at the offices of Clark Hill, 909 Fannin, Suite 2300, Houston, TX 77010.  Specific request is made that you preserve all documents which could be relevant to this lawsuit including overriding any automatic deletion program.  This includes electronic documents, email and text messages.

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

EXHIBIT A-3

Respectfully submitted,

**CLARK HILL, PLC**

By: */s/ James Kimbell* _____
    James Kimbell (TX Bar No. 11420000)
    jkimbell@clarkhill.com
    Christopher Ward (TX Bar No. 24008233)
    cward@clarkhill.com
    Duane J. Brescia (TX Bar No. 24025265)
    dbrescia@clarkhill.com
    Adam Diamond (TX Bar No. 24092344)
    adiamond@clarkhilll.com
    909 Fannin Street, Suite 2300
    Houston, Texas 77010
    (713) 951-5600 (Tel.) / (713) 951-5660 (Fax)

    **ATTORNEYS FOR PLAINTIFF ZURICH**
    **AMERICAN INSURANCE COMPANY**

**LOCKE LORD LLP**

By: */s/ Philip Eisenberg* _____
    Philip Eisenberg (TX Bar No. 24033923)
    peisenberg@lockelord.com
    Christopher A. Verducci (TX Bar No.
    24051470)
    cverducci@lockelord.com
    600 Travis Street
    Houston, Texas 77002
    (713) 226-1200 (Tel.) / (713) 223-3717 (Fax)

    **ATTORNEYS FOR PLAINTIFF HCC**
    **INTERNATIONAL INSURANCE COMPANY**
    **PLC**

**MANIER & HEROD**

By: */s/ Scott Williams* _____
    Michael E. Collins (TX Bar No. 24029006)
    mcollins@manierherod.com
    Jeff Price (TN Bar No. 019550)
    jprice@manierherod.com
    Scott Williams (TN Bar No. 021757)
    swilliams@manierherod.com

**EXHIBIT A-3**

1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203
(Facx)
*Pro Hac Vice Motions Pending*

**ATTORNEYS FOR PLAINTIFF PHILADELPHIA indemnity INSURANCE COMPANY**

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

By:*/s/ Darren Gryzb*
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Pro Hac Vice Motions Pending*

**ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure 21 and 21a on July 6, 2023.

*/s/ James Kimbell*
**JAMES M. KIMBELL**

**ATTORNEY FOR PLAINITFF ZURICH ENTERPRISES, INC.**

3

## INSTRUCTIONS

1.      You are hereby requested in accordance with the instructions of the Texas Rules of Civil Procedure to produce complete, legible duplicate originals of all documents and tangible evidence responsive to each category or request (and if copies are not perfectly legible, then the originals of such documents) that are in the possession, custody, or control, or constructive possession, custody or control of Plaintiff for examination and copying in this proceeding on or before five (5) days from receipt of this Request. The word "document" is defined expansively below.

2.      These Requests for Production of Documents are continuing in nature. You are requested and required to timely supplement your answers when appropriate or necessary to make them correct and complete.

3.      To the extent a document requested is being stored in electronic format, please produce such document or file on a CD, DVD, flash-drive in its native format.  If the document exists in hardcopy and electronically, please produce both.  Please note that this instruction, and accompanying discovery requests, requires that you perform a thorough search of all of the electronic storage systems (server, storage device, personal computer, laptop, PDA, etc.) which could contain or store discoverable information or documents.

## DEFINITIONS

1.      The relevant time period of these requests is January 1, 2021 through July 31, 2022, unless otherwise indicated.

2.      **Plaintiffs:**  The term "Plaintiffs" refers to Plaintiff Zurich American Insurance Company ("Zurich"), Plaintiff HCC International Insurance Company PLC ("HCCI"), Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), and Plaintiff Everest Reinsurance Company ("Everest") (collectively "Plaintiffs" or "Sureties") and any of their present or former directors, officers, agents, representatives, employees, attorneys and/or other persons acting on their behalf.

3.      **Defendant or You:**  The term "Apache", "You," or "Defendant" refers to Apache Corporation ("Apache") and any of their present or former agents, representatives, employees, attorneys and/or other persons acting on their behalf.

4.      **GOM Shelf**: The term "GOM Shelf" mans and refers to Fieldwood Energy, LLC ("FWE"), Fieldwood Energy I LLC ("FWE I"), any related entities, and GOM Shelf LLC and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

5.      The unqualified term "**person**" shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law.  Where an employee performs some task about which

4

an inquiry is made in these requests as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

6.    **FWE Chapter 11 Plan:** The term "FWE Chapter 11 Plan" shall mean and refer to the bankruptcy plan that became effective on August 27, 2021. The Case Number for the bankruptcy was 20-33948 (MI).

7.    **Legacy Apache Assets**:  means the properties Fieldwood Energy acquired from Apache pursuant to the Purchase and Sale Agreement dated July 18, 2013.

8.    **Decommissioning Agreement**: refers to the Decommissioning Agreement entered into between Fieldwood Energy, GOM Shelf, and the Apache PSA Parties effective September 30, 2013 (with all amendments).

9.    **Decommissioning obligations**: refers to plugging and abandonment and other related decommissioning work, as set forth in the Decommissioning Agreement.

10.    **Default**: The term "Default" shall mean and refer to GOM Shelf's notification to the any government entity, such as the Bureau of Ocean Management and the Bureau of Safety and Environmental Enforcement, that it would not perform its decommission work associated with the 44 leases and certain pipelines from the Legacy Apache Assets.

11.    **Document:** The terms "document" or "documents" shall be used in their broadest sense and shall mean and include all handwritten, printed, typed, taped, recorded, computer, or graphic matter of every kind and description, however produced or reproduced, or stored, including all computer-stored data.  A draft or non-identical copy is a separate document within the meaning of this term.  The term "document" also includes any tangible thing.

12.    **Communication:**   The term "communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise; means or refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, advice, representations, acceptances, bids, meetings, telephone conversations and notes thereof; letters, correspondence, facsimile transmissions, notes, telegrams, or other forms of disclosure, whether oral or written.

13.    **Relating:**   The term "relating" refers to concerning, referring, describing, or constituting, directly or indirectly.

14.    **Lawsuit:** The term "Lawsuit" refers to the above-captioned proceeding.

15.    **Complaint:** The term "Complaint" refers to Plaintiffs' Original Petition.

EXHIBIT A-3

## **REQUEST FOR ELECTRONIC INFORMATION**

Pursuant to Rule 196, please produce the following categories of documents and tangible things no later than five (5) days after service of these discovery requests. These requests encompass, and "document" includes, all responsive documents and tangible things that are discoverable under the Rules of Civil Procedure.

Pursuant to Rule 196.4, these requests encompass, and "document" includes, all responsive data stored in electronic or magnetic form ("electronically stored information" or "ESI"), including but not limited to:

1. E-mail, including but not limited to deleted e-mail, e-mail in e-mail backups, and e-mail stored both on e-mail users' computers, phones, and other devices and e-mail stored on central servers or the servers of cloud or software-as-a-service providers;
2. Computer files, including but not limited to office documents regardless of format, spreadsheets, databases, logs, drawings, images, and scanned documents;
3. Voicemail messages, including deleted or archived voicemail messages and regardless of where such voicemail messages are stored;
4. Instant messages and logs of instant messages or chat-room conversations, including logs from products like Yammer or Clack; and
5. Data in SAP, Oracle, QuickBooks, NetSuite, or other accounting, business intelligence, or management information systems or databases.

ESI may be found in the following locations, among others, all of which should be searched in responding to these interrogatories and requests for production:

1. Office computers, laptops, tablets, mobile devices, or other devices used by relevant individuals to create, modify, view, or store e-mail, computer files or other ESI, including such devices used by secretaries, assistants, or others who had access to responsive ESI;

2. Home computers or other personal devices that were used to create, modify, view, or store e-mail, computer files, or other ESI;

3. Central file servers or e-mail servers, for example, a common departmental or company-wide server, cloud storage solutions like Box or DropBox, e-mail servers like Microsoft Exchange, or cloud e-mail solutions;

4. Archives, journaling systems, data vaults, or other software that is used to store or backup ESI;

5. Copies of ESI on physical hard drives, magnetic tapes, or other storage media, including backups or long-term physical storage of ESI that may be located offsite;

6. Databases used in company operations (e.g., an Oracle database may not be entirely responsive but should be searched for responsive ESI);

7. Collections of ESI that were prepared in connection with internal investigations, internal audits, or other legal matters.

EXHIBIT A-3

Responsive ESI should be produced in searchable, multipage PDF with Bates stamps, one file per document, unless conversation to this format would destroy responsive data, in which case ESI should be produced in native format.  For example, if conversation to PDF would cause the destruction of responsive "track changes" data in a Microsoft Word document or of responsive formulas in a Microsoft Excel document, then these documents should be produced in native Word or Excel format.

Documents should be accompanied by an industry-standard load file in DAT format that contains all available metadata (for example, but without limitation, metadata in the following fields:  BeginBates, EndBates, Custodian, From, To, CC, BCC, Subject, DateSent, TimeSent, DateReceived, TimeReceived, FileExtension, Author, CreateDate, LastModifiedDate, LastModifiedTime, Filename, FileLength, Path, PageCount, DocumentType, Hash).  E-mail should be produced in a format that preserves the relationship between e-mail and attachments (for example, by indicating in the load file ParentBates or Attachment files which documents are attachments to which e-mail messages).

We will cooperate in agreeing on an appropriate protocol for production of ESI that minimizes the burden of review and production on all parties.  If producing ESI in the manner described above presents problems of cost or practicality, please contact us as soon as possible and before the due date for responses to these requests for production so that we can negotiate an agreement or seek guidance from the Court.

EXHIBIT A-3

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Please provide all communications and documents related to Apache's involvement in GOM Shelf's decision to issue notices of default on decommissioning obligations related to the Apache Legacy Assets.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**

Please provide all communications and documents exchanged between Apache and GOM Shelf, including but not limited to Jon Graham, regarding GOM Shelf's ability to satisfy its decommissioning obligations related to the Apache Legacy Assets.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**
.
Please provide all communications and documents exchanged between Apache and GOM Shelf, including but not limited to Jon Graham, that relate to Apache's intent to draw/make a claim on Trust A, letters of credit, or on bonds in the event of a default on decommissioning obligations by GOM Shelf.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4**

Please provide all communications and documents that evidence when Apache learned that GOM Shelf would purportedly be unable to satisfy its decommissioning obligations under FWE's Chapter 11 Plan.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5**

Please provide all communications and documents exchanged between Apache and any other party related to GOM Shelf's default, or potential default, on its decommissioning obligations related to the Apache Legacy Assets.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**

EXHIBIT A-3

Please provide all internal communications and documents discussing whether GOM Shelf had the capability to satisfy its decommissioning obligations under the FWE Chapter 11 Plan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

Please provide all communications and documents related to GOM Shelf's decision to send any notices of default to any government entity on its decommissioning obligations, pursuant to the Decommissioning Agreement, related to the Apache Legacy Assets.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8**

Please provide the document and contractual provisions that you contend authorize Apache to seek reimbursement for maintenance and monitoring.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

All communications by and between you, or anyone acting on your behalf including but not limited to your attorneys, and Jon Graham regarding his July 6, 2023 Declaration.

**RESPONSE:**

C2996\A80062\272126568

7/6/2023 5:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77278489
By: Patricia Gonzalez
Filed: 7/6/2023 5:53 PM

## CAUSE NO. 202338238

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY,** | § § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § § | |
| **APACHE CORPORATION,** *Defendant*. | § § § | |
| | § | **281st JUDICIAL DISTRICT** |

### ORDER GRANTING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

ON THIS DAY came to be heard Plaintiffs' Motion for Expedited Discovery. After reviewing the pleadings and the evidence submitted, the Court finds that Plaintiffs' Motion for Expedited Discovery is meritorious and should be, in all things, GRANTED.

IT IS THEREFORE ORDERED that the Plaintiff may serve Interrogatories, Requests for Admission, and Requests for Production, attached as Exhibit A to the Motion, on Defendant Apache Corporation and GOM Shelf LLC, and that the responses to the same must be served within five (5) business days of receipt of the discovery requests.

IT IS FURTHER ORDERED that Jon Graham be ordered to appear for their depositions within five (5) business days of receiving a copy of this Order and proper subpoena pursuant to the Texas Rules of Civil Procedure.

_____
JUDGE PRESIDING

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Deborah Durr on behalf of James Kimbell
Bar No. 11420000
ddurr@clarkhill.com
Envelope ID: 77278489
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiffs' Motion for Expedited Discovery
Status as of 7/7/2023 7:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/6/2023 5:53:42 PM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/6/2023 5:53:42 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/6/2023 5:53:42 PM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/6/2023 5:53:42 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/6/2023 5:53:42 PM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/6/2023 5:53:42 PM | SENT |