# **EXHIBIT 36**

Case 20-33948   Document 2818-36   Filed in TXSB on 07/26/23   Page 2 of 11

7/11/2023 5:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77421867
By: Bonnie Lugo
Filed: 7/11/2023 5:26 PM

Cause No. 2023-38238

| | | |
|---|---|---|
| Zurich American Insurance Company, | § | In the District Court of |
| HCC International Insurance Company | § | |
| PLC, Philadelphia Indemnity Insurance | § | |
| Company, Everest Reinsurance Company, | § | Harris County, Texas |
| Plaintiffs, | § | |
| v. | § | |
| Apache Corporation, | § | 281st Judicial District |
| Defendant. | § | |

<u>Apache's Short Bench Brief on Temporary Injunction Required Element One:
(The Insurers Do Not Have a Viable Cause of Action)</u>

Apache files this in supplement to its July 6 brief to address the first prong of the temporary injunction (TI) standard. The Insurers cannot meet that first prong because they have not pleaded any viable cause of action.

- Black-letter Texas law says that a party (Apache) cannot tortiously interfere with its own contract. The Insurers do not cite case law excepting them from this basic rule of tort and contract law.

- The Insurers' Ch. 37 declaratory judgment (DJ) claims are not viable because the Insurers failed to join all necessary, interested parties as required by CPRC § 37.006 and TRCP 39. <u>GOM Shelf LLC</u> and <u>Deutsche Bank</u> are necessary parties, and a TI cannot be granted on claims that materially affect their rights without their participation.

The Insurers' claims are legally deficient and do not support the "extraordinary relief" of a temporary injunction that *alters* the status quo and *enjoins* Apache from exercising its long-standing and current contractual rights.

<u>The Insurers Do Not Have Viable Tortious Interference Claims</u>

Apache cannot tortiously interfere with its own contract as a matter of law. But the Insurers allege exactly that.

In *Community Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017), the Texas Supreme Court affirmed the long-standing principle that "[t]o be *legally capable* of tortious interference, the defendant must be a *stranger* to the contract with which he allegedly

1

interfered." (citing *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995)) (all quoted emphasis is added). In *Four Bros. Boat Works v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied), the court likewise affirmed the district court's dismissal of a tortious interference with contract claim brought against a party to the contract because "[l]iability for tortious interference is based on the acts of an interfering *third party*."

Apache, the Insurers, and GOM Shelf are *parties* to the 2021 Subrogation, Subordination and Payment Agreement (SSPA), DX5— a valid contract that reconfirms and sets out the parties' rights/responsibilities, including:

- GOM Shelf "is obligated to reimburse" Apache "for costs and expenses they incur performing the Decommissioning Obligations in accordance with the Decommissioning Agreement," which are supported by the "Decommissioning Security," *i.e.*, the Insurers' bonds and LOCs, and Trust A. *See* DX5 at p.1 (Recitals).

- Each Insurer agreed that "it will not . . . take any action that would, or could reasonably be expected to, hinder, in any manner, any exercise" by Apache "of remedies under the Senior Documents." *Id*. §4(a).

- Each Insurer agreed it would not "object to, contest . . . in any judicial action . . . the validity or enforcement of any Senior Documents," i.e., the Insurers' bonds and LOCs. *Id*. §4(c).

- Each Insurer represented and warranted that the SSPA was its "valid and legally binding obligation" and that it had "the requisite capacity" to enter into it. Apache and GOM Shelf likewise represented and warranted the same. *Id*. §11(a)–(c).

The SSPA settled the Insurers' many objections they made in Bankruptcy Court in 2021 to FWE/GOM Shelf's restructuring plan. *See id.* at p.4. The Insurers cannot *now in this Court* reject their Bankruptcy-approved 2021 settlement in the SSPA and sue in tort for rights they wish they had received.

The Insurers also cannot pretend the SSPA does not exist by claiming tortious interference with one of the related agreements like the Letters of Credit (LOCs) and bonds to which the SSPA

2

refers as "the Senior Documents." Apache is not a stranger to the LOCs and bonds either. Apache is a party to the Everest and Philadelphia bonds (DX2, DX3) and the Deutsche Bank LOCs (PX24–27) and is a named beneficiary of the Zurich bonds (PX28–31).

The Insurers do not have a viable cause of action and cannot satisfy the first prong of the TI standard. This Court should deny the TI for that reason alone (although there are others). For similar reasons, the Insurers' tortious interference claim will also fail <u>Required Element Two</u> of the TI standard (Probable Right to Recover) as a matter of law.

In *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77–78 (Tex. 2000), the Texas Supreme Court held that a defendant can negate liability for tortious interference as a matter of law by establishing the elements of the **<u>defense of privilege or justification</u>**. *See also Guardian Life Ins. Co. v. Kinder*, 663 F. Supp. 2d 544, 557 (S.D. Tex. 2009). Justification is established when the defendant's acts, which the plaintiff claims constitute tortious interference, are merely done in the defendant's exercise of its own contractual rights, regardless of motive. *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 211 (Tex.1996).

Apache is legally "privileged" to take the actions about the Insurers complain. Apache has rights under the Decommissioning Agreement, the SSPA, the bonds with Everest and Philadelphia, and the LOCs with Deutsche Bank. Apache is required under federal law to perform decommissioning on expired offshore leases where GOM Shelf first defaults on its obligation to perform the work. Under the Decommissioning Agreement, Apache is entitled to seek reimbursement for those decommissioning costs from GOM Shelf, including by draw from Trust A, and then from the bonds and LOCs.

The LOCs and bonds allow Apache to be reimbursed those decommissioning costs by simply presenting a demand for payment. *Nothing* prohibits Apache from communicating with

3

GOM Shelf or BSEE about these expired leases with abandoned facilities that are priorities for decommissioning. Apache is privileged to protect its own legitimate financial interest and to exercise its contract rights. *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 53 (Tex. 2017); *Central Savs. & Loan Ass'n v. Stemmons N.W. Bank, N.A.,* 848 S.W.2d 232, 241 (Tex.App.–Dallas 1992, no writ).

<u>The Insurers Cannot Get a TI on Claims Adjudicating the Rights of Absent Parties</u>
(GOM Shelf/Deutsche Bank)

The Insurers did not include GOM Shelf and Deutsche Bank in this lawsuit. That too defeats the Insurers' claims.

GOM Shelf and Deutsche Bank are necessary, jurisdictionally-indispensable parties under TRCP 39 (Joinder of Persons Needed for a Just Adjudication) and the Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37. The Insurers do *not* have viable DJ claims ripe for the court to grant a TI. Their asked-for relief materially affects GOM Shelf and Deutsche Bank's rights under the relevant contracts.

TCPRC § 37.006(a) provides:

> When declaratory relief is sought, **all persons who have or claim any interest that would be affected by the declaration must be made parties**. A declaration does not prejudice the rights of a person not a party to the proceeding.

*See also Clear Lake City Water Auth. v. Clear Lake Util. Co.,* 549 S.W.2d 385, 389 (Tex. 1977) (joinder under uniform declaratory judgments act is "mandatory" and "supported by the great weight of authority").

TRCP 39 also requires mandatory joinder of a party if "in his absence complete relief cannot be accorded among those already parties" or if "he claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may … leave

4

any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." TRCP 39(a).

In *Henry v. Cox*, 520 S.W.3d 28, 34 (Tex. 2017), the Supreme Court said that the "first factor" for the court to determine whether the action should then proceed or be dismissed is "whether the parties—both present and absent—might be prejudiced by the indispensable party's absence." (citing TRCP 39(b)). The Insurers' DJ claims affect the rights of GOM Shelf and Deutsche Bank:

- Insurers' Count 2 seeks a declaration that Apache is not entitled to draw maintenance and monitoring costs from either Trust A or the LOCs/bonds under the Decommissioning Agreement (DX32)—a contract executed between *GOM Shelf* and *Apache*. The Insurers are not a party to it, and do not have rights to declare what its terms mean, particularly without the input and participation of GOM Shelf.

- Insurers' Counts 3, 4, and 5 seek declarations that the Insurers are "discharged from their obligations" under the LOCs and bonds. These are all contracts where *GOM Shelf* is the principal and has been paying ~$6 million/year in premium fees to the Insurers so that the Insurers would, in fact, make good on their contract obligations. On the LOCs (*see, e.g.* DX4, PX24–27), *Deutsche Bank* is the party in privity with GOM Shelf and Apache—*not* Insurers Zurich or HCCI who only have secondary bonds with Deutsche Bank. *See, e.g.*, PX28–31.

Their absence is extraordinarily prejudicial to Apache, which is forced to defend the plain language, intent, and effect of carefully-considered multi-party agreements without the benefit of the other parties.

This Insurer-contrived defect in parties rises to the level of depriving the court of subject matter jurisdiction to even hear the claims. In *Matter of Trust A & Trust C, Established Under Bernard L. & Jeannette Fenenbock Living Trust Agreement, Dated Mar. 12, 2008*, 651 S.W.3d 588, 592 (Tex. App.—El Paso 2022, pet. pending), the appellate court reversed a district court's "fundamental error" in granting a final judgment because it "lacked subject matter jurisdiction" over DJ claims where the requested relief would adjudicate the ownership rights of absent parties.

5

The *Trust A and Trust C* court acknowledged that while not all failures to join necessary parties create jurisdictional issues, in cases where the requested declaratory relief would declare the rights of parties who are not before it, then the court does not have jurisdiction. *Id*. at 596 (*citing Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004) ("A declaratory judgment requires a justiciable controversy *as to the rights and status of parties actually before the court for adjudication*, and the declaration sought must actually resolve the controversy."). Declaring the Insurers' obligations "discharged" under the bonds materially affects the rights and status of GOM Shelf, the principal who has paid many tens of millions of dollars for these obligations for nearly ten years. Declaring that the Insurers do not have to pay Deutsche Bank under the bonds that Zurich and HCCI have with Deutsche Bank would materially affect Deutsche Bank (and GOM Shelf's) rights, because again, GOM Shelf paid premiums on these LOCs with Deutsche Bank for over ten years.

The Court should not allow Insurers' deficient claims to proceed at all, and certainly should not grant injunctive relief.

Even when the failure to join does not rise to a jurisdictional defect, courts also hold that prudential grounds preclude relief—including TI relief—where all necessary persons are not parties to the action. In *Henry v. Cox*, 520 S.W.3d 28, 34 (Tex. 2017), the Texas Supreme Court reversed a defective TI order where "indispensable parties" under TRCP 39 had not been joined in the case. In *Henry*, the plaintiff sued the Galveston county judge for reinstatement of a terminated employee, but did not include the commissioner's court members whose *authority would be required* to enact the proposed relief. *Id*.

In *Conrad Construction Co., Ltd. v. Freedmen's Town Preservation Coalition*, 491 S.W.3d 12, 17 (Tex. App.—Houston [14th Dist.] 2016, no pet.) the court reversed a trial court's TI order

6

after concluding that the court had "*abused its discretion* in either failing to effect the joinder of" necessary party the City of Houston, "or to determine that they could not be joined under Rule 39(b) before granting the temporary injunction." The City's presence was necessary because it was a party to the plaintiff's contract, had the authority needed to obtain the challenged permits, and was alleged to be violating a statute alongside the already-joined defendant. *Id*.

In *Kodiak Res., Inc. v. Smith*, 361 S.W.3d 246, 252 (Tex.App.–Beaumont 2012, no pet.), the appellate court found the trial court had committed error in failing to require the joinder of all parties to an oil and gas lease, after finding that the non-party lessors were "needed for a just adjudication." The *Kodiak* court wrote that "Absent the presence of the non-party lessors, the trial court was deprived of their input regarding whether facts existed to extend the lease's term and concerning their interests in the pooling agreements," and that their absence "subjects the lessees to a substantial risk of double, multiple, or otherwise inconsistent obligations." *Id*. at 249.

In *Great Am. Ins. Co. v. Sharpstown State Bank*, 422 S.W.2d 787, 790 (Tex. Civ. App.—Austin 1967, writ dismissed), under a predecessor statute to the current Declaratory Judgment Act, the appeals court held that surety bond principals were necessary parties on a suit for declaratory judgment that a surety bond was valid. Because the bonds provided that the principals and surety were jointly and severally liable, "Sharpstown cannot obtain full relief in this case unless it obtains a judgment that the principals as well as the surety are jointly and severally liable on the bonds in suit." *Id*. at 791.

*Henry*, *Conrad*, *Kodiak*, and *Sharpstown* are on point. The Insurers (wrongly) say Apache somehow made GOM Shelf accelerate BSEE's decommissioning orders, much as the City in *Conrad* was alleged to be jointly engaged in wrongdoing with the defendant. (GOM Shelf's and Apache's actions were proper, not wrongful.) The Insurers seek declarations on their defenses to

7

payment under contracts with both GOM Shelf and Deutsche Bank, and just like in *Sharpstown* and *Henry*, they are parties with obligations and authority under the agreements. If GOM Shelf and Deutsche Bank are not included as parties, the Court will be deprived of their input on the facts and their interests under the agreements, which the *Kodiak* court held was error.

The Insurers have no excuse for their failure to join GOM Shelf and Deutsche Bank – two known parties whose presence is readily ascertainable. In *In re Texas Educ. Agency*, 442 S.W.3d 753, 755 (Tex. App.—Austin 2014, orig. proceeding), the court of appeals said there was "no viable argument" that a TRO hearing should have proceeded without the joinder of a "known, readily locatable, and necessary party whose interests will be injuriously affected."

Conclusion

The Court should deny the Insurers' request for injunctive relief for failure to demonstrate a viable cause of action (and for many other reasons).

Dated: July 11, 2023

Respectfully submitted,

By: /s/ *Geoffrey L. Harrison*
Geoffrey L. Harrison
TX State Bar No. 00785947
Abigail C. Noebels
TX State Bar No. 24083578
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
gharrison@susmangodfrey.com
anoebels@susmangodfrey.com

Nicholas N. Spear (*pro hac vice*)
CA State Bar No. 304281
Susman Godfrey L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Facsimile: (310) 789-3150
nspear@susmangodfrey.com

Winston Luo (*pro hac vice*)
WA State Bar No. 60828
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
wluo@susmangodfrey.com

*Counsel for Defendant Apache Corporation*

Certificate of Service

On July 11, 2023, a true and correct copy of this document was served on counsel of record in accordance with the TRCP via electronic filing.

/s/ *Geoffrey L. Harrison*
Geoffrey L. Harrison

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charlotte Oxley on behalf of Geoffrey Harrison
Bar No. 00785947
coxley@susmangodfrey.com
Envelope ID: 77421867
Filing Code Description: No Fee Documents
Filing Description: Apache's Short Bench Brief on Temporary Injunction Required Element One: (The Insurers Do Not Have a Viable Cause of Action)
Status as of 7/12/2023 8:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/11/2023 5:26:30 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/11/2023 5:26:30 PM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/11/2023 5:26:30 PM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/11/2023 5:26:30 PM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/11/2023 5:26:30 PM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/11/2023 5:26:30 PM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/11/2023 5:26:30 PM | SENT |
| Georgia Seeley | | gseeley@clarkhill.com | 7/11/2023 5:26:30 PM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/11/2023 5:26:30 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/11/2023 5:26:30 PM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/11/2023 5:26:30 PM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/11/2023 5:26:30 PM | SENT |
| James MKimbell | | jkimbell@clarkhill.com | 7/11/2023 5:26:30 PM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/11/2023 5:26:30 PM | SENT |
| Winston Luo | | wluo@susmangodfrey.com | 7/11/2023 5:26:30 PM | SENT |
| Abigail Noebels | | anoebels@susmangodfrey.com | 7/11/2023 5:26:30 PM | SENT |