# EXHIBIT 37

7/11/2023 4:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77418856
By: Bonnie Lugo
Filed: 7/11/2023 4:43 PM

**CAUSE NO. 2023-38238**

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, HCC INTERNATIONAL | § | |
| INSURANCE COMPANY PLC, | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and EVEREST | § | |
| REINSURANCE COMPANY, | § | HARRIS COUNTY, TEXAS |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| APACHE CORPORATION, | § | |
| | § | |
| **Defendant.** | § | 281ST JUDICIAL DISTRICT |

**MOTION TO QUASH TESTIMONY SUBPOENA AND
<u>SUBPOENA DUCES TECUM ISSUED TO NON-PARTY JON GRAHAM
AND MOTION FOR PROTECTION</u>**

At approximately 2:45 p.m. on Monday, July 10, 2023, non-party Jon Graham was served

with a subpoena issued by Plaintiffs requiring him to appear and testify at a temporary injunction

hearing in this case at 9:00 a.m. the next day.[1] *See* <u>Exhibit 1</u> – Testimony Subpoena and Subpoena

Duces Tecum to Non-Party Jon Graham.  The subpoena also purports to obligate Mr. Graham to

gather and bring with him to the hearing voluminous documents and electronic data responsive to

twelve requests for production.  *Id*. at 7.

Mr. Graham will appear at the temporary injunction hearing on Wednesday, July 12, 2023

and is available all day to provide testimony.  The undersigned has engaged with Plaintiffs' counsel

in an attempt to coordinate the timing of Mr. Graham's appearance at the hearing on July 12 to

maximize efficiencies.  In that regard, Plaintiffs' counsel has stated they intend to call Mr. Graham

as the third witness at the injunction hearing and they anticipate calling him to the stand after lunch

---

[1] The temporary injunction hearing was subsequently postponed for one day to Wednesday, July 12, 2023.

on July 12.  Mr. Graham is willing to stay as late as necessary to complete his testimony on July 12.

Mr. Graham has a family vacation planned for Thursday and Friday, July 13 – 4, 2023, and is unavailable to attend the hearing on those days.  Accordingly, Mr. Graham requests the parties take all steps necessary to conclude his testimony on July 12.  To the extent the parties are unable to conclude Mr. Graham's testimony on July 12, Mr. Graham respectfully requests the Court grant protection and excuse him from attendance at the hearing on July 13 – 14, 2023.

The Court should also quash the subpoena duces tecum that purports to obligate Mr. Graham to compile, review for privilege, and produce voluminous business records belonging to GOM Shelf LLC on extremely short notice.[2]  *See* Exhibit 1 at 7.  As an initial matter, a "subpoena may not be used for discovery to an extent, in a manner, or at a time other than as provided by the rules governing discovery."  TEX. R. CIV. P. 176.3(d).  Plaintiffs filed this suit on June 21, 2023 and have not sought to obtain discovery from Mr. Graham or GOM Shelf LLC, both non-parties, until the service of the subpoena duces tecum on July 10, 2023.  Thus, it is clear Plaintiffs are attempting to use the subpoena to circumvent the rules on discovery from non-parties, which provide non-parties with an adequate time to respond, in violation of Rule 176.3(d).

In addition, Plaintiffs have failed to "take reasonable steps to avoid imposing undue burden or expense" on Mr. Graham.  *See* TEX. R. CIV. P. 176.7.  It is simply not feasible, nor reasonable, to expect Mr. Graham to collect, review for privilege, and produce thousands of pages of documents and voluminous electronic data prior to Tuesday, July 11, 2023 at 9 a.m., which is the compliance time in the subpoena.  *See* Exhibit 1 at 1.  "In ruling on objections or motions for protection, the court must provide a person served with a subpoena an adequate time for

---

[2] Mr. Graham is the Sole Manager of GOM Shelf LLC.

compliance, protection from disclosure of privilege material or information and protection from undue burden or expense." *See* Tex. R. Civ. P. 176.7.  In so doing, the court may impose reasonable conditions on compliance with a subpoena. *Id.*

**Objections to Requests for Production.**  Pursuant to Rule 176.6(d), Mr. Graham asserts the following objections to each of the twelve requests for production included in the subpoena duces tecum (*see* Exhibit 1 at 7):

Mr. Graham objects to each request as overly broad, vague, and burdensome.  Mr. Graham also objects to each request as seeking documents and information that are not relevant to the issues made the subject of this suit, nor reasonably calculated to lead to the discovery of admissible evidence.

At this time, Mr. Graham has not been afforded a reasonable opportunity to review the requested documents and determine if any privileges apply.  Thus, Mr. Graham reserves the right to assert privileges to production of the requested documents and to withhold privileged materials or information from production.

### CONCLUSION AND PRAYER

For these reasons, non-party Jon Graham respectfully requests the court enter an order granting protection and/or quashing the subpoena, in whole or in part, as set forth herein.  Mr. Graham also requests such other and further relief as may be appropriate.

Respectfully submitted,

**GRAY REED & MCGRAW LLP**

By: _/s/ James J. Ormiston_____

     James J. Ormiston
     Texas Bar No. 15307500
     jormiston@grayreed.com
     Justin Lipe
     Texas Bar No. 24083401
     Jlipe@grayreed.com
     1300 Post Oak Blvd. Suite 2000
     Houston, Texas  77056
     (713) 986-7000
     (713) 986-7100 (Fax)

     ***ATTORNEYS FOR NON-PARTY***
     ***JON GRAHAM***

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to all counsel of record through the electronic filing manager (www.efiletexas.gov) on this 11th day of July, 2023.

     _/s/ James J. Ormiston_____
     James J. Ormiston

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rae Cuddihy on behalf of James Ormiston
Bar No. 15307500
rcuddihy@grayreed.com
Envelope ID: 77418856
Filing Code Description: Motion (No Fee)
Filing Description: Motion to Quash Testimony Subpoena and Subpoena Duces Tecum Issued to Non-Party Jon Graham
Status as of 7/11/2023 5:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James MKimbell | | jkimbell@clarkhill.com | 7/11/2023 4:43:05 PM | SENT |
| Georgia Seeley | | gseeley@clarkhill.com | 7/11/2023 4:43:05 PM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/11/2023 4:43:05 PM | SENT |
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/11/2023 4:43:05 PM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/11/2023 4:43:05 PM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/11/2023 4:43:05 PM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/11/2023 4:43:05 PM | SENT |
| Winston Luo | | wluo@susmangodfrey.com | 7/11/2023 4:43:05 PM | SENT |
| Abigail Noebels | | anoebels@susmangodfrey.com | 7/11/2023 4:43:05 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/11/2023 4:43:05 PM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/11/2023 4:43:05 PM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/11/2023 4:43:05 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/11/2023 4:43:05 PM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/11/2023 4:43:05 PM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/11/2023 4:43:05 PM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/11/2023 4:43:05 PM | SENT |

# EXHIBIT 1

**CAUSE NO. 202338238**

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | HARRIS COUNTY, TEXAS |
| vs. | § § | |
| APACHE CORPORATION, *Defendant.* | § § § § | 281st JUDICIAL DISTRICT |

## <u>TESTIMONY SUBPOENA AND SUBPOENA DUCES TECUM TO NON-PARTY JON GRAHAM</u>

### THE STATE OF TEXAS

ISSUED ON July 7, 2023.

DELIVERED THIS _____ DAY OF _____

INITIALS: _____ LIC# _____

TO      Jon Graham
79 Angelique Way
The Woodlands, Texas 77382

        TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OF OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN TEXAS RULE OF CIVIL PROCEDURE 176.  YOU ARE HEREBY COMMANDED TO SUMMON:

        Jon Graham
79 Angelique Way
The Woodlands, Texas 77382

        to appear at the 281st District Court, Harris County Civil Courthouse, 201 Caroline, 14th Floor, Houston, Texas 77002 to give live testimony on **Tuesday, July 11, 2023 at 9:00 a.m.**, and who is represented to reside within one hundred fifty miles of the Courthouse of Harris County, Texas, in which the above suit is pending, or who may be found within such distance at the time of the trial, to be examined and provide testimony and produce all documents shown on the attached <u>Exhibit A</u> either in person or by electronic means before the trial date stated herein. Please note that a continuance will not continue the production date for the documents. The examination will continue day to day until completed.

C2996\A80062\272215196

Pursuant to Texas Civil Practice and Remedies Code § 22.004, payment in the amount of $1.00 is also included with this subpoena. Additional payment for the reasonable costs of reproducing these documents will be paid at the time of production.

**CONTEMPT: FAILURE BY ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY A SUBPOENA SERVED UPON THAT PERSON MAY BE DEEMED A CONTEMPT OF THE COURT FROM WHICH THE SUBPOENA IS ISSUED OR A DISTRICT COURT IN THE COUNTY IN WHICH THE SUBPOENA IS SERVED, AND MAY BE PUNISHED BY FINE OR CONFINEMENT, OR BOTH.  TEX. R. CIV. P. 176.8(a).**

This subpoena was issued at the request of Plaintiffs, whose attorneys of record are:

**CLARK HILL PLC**

*/s/ James M. Kimbell*
**JAMES M. KIMBELL**
State Bar No. 11420000
909 Fannin, Suite 2300
Houston, Texas 77010
(713) 951-5600 – Phone
(713) 951-5660 – Facsimile
JKimbell@clarkhill.com
**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**LOCKE LORD LLP**

*/s/ Philip Eisenberg*
Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)
**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

C2996\A80062\272215196

**MANIER & HEROD**

*/s/ Scott Williams*
Michael E. Collins (TX Bar No. 24029006)
mcollins@manierherod.com
Jeff Price (TN Bar No. 019550)
jprice@manierherod.com
Scott Williams (TN Bar No. 021757)
swilliams@manierherod.com
1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203 (Facx)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF PHILADELPHIA
INDEMNITY INSURANCE COMPANY**
**CHIESA, SHAHINIAN & GIANTOMASI, PC**

*/s/ Darren Gryzb*
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Pro Hac Vice Motions Pending*
**ATTORNEYS FOR PLAINTIFF EVEREST
REINSURANCE COMPANY**

## RETURN OF SERVICE

CAME to hand this the _____ day of July, 2023, at _____ o'clock ____.m., and executed this the _____ day of July, 2023, at _____ o'clock ____.m., in the following manner: By delivering a true and correct copy hereof to _____, for the witness **Jon Graham** located at 79 Angelique Way, The Woodlands, Texas 77382, and tendering $11.00.

Return this the _____ day of July, 2023.

By: _____
(Person who is not a party to the suit and is not less than 18 years of age.)

**ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 T.R.C.P.**
I, the undersigned named in the Subpoena acknowledge receipt, on behalf of the stated Witness, of a copy thereof, and hereby accept service of the attached subpoena, and will appear at said trial on said date and time directed in this Subpoena.

_____        _____
**SIGNATURE**                                                    **DATE**

*Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.*

**Not executed as to the witness for the following reasons:**

_____

_____

**FEE FOR SERVICE OF SUBPOENA: $_____**

C2996\A80062\272215196

## EXHIBIT A

## INSTRUCTIONS

1.      You are hereby requested in accordance with the instructions of the Texas Rules of Civil Procedure to produce complete, legible duplicate originals of all documents and tangible evidence responsive to each category or request (and if copies are not perfectly legible, then the originals of such documents) that are in the possession, custody, or control, or constructive possession, custody or control of Plaintiff for examination and copying in this proceeding on or before five (5) days from receipt of this Request. The word "document" is defined expansively below.

2.      These Requests for Production of Documents are continuing in nature. You are requested and required to timely supplement your answers when appropriate or necessary to make them correct and complete.

3.      To the extent a document requested is being stored in electronic format, please produce such document or file on a CD, DVD, flash-drive in its native format. If the document exists in hardcopy and electronically, please produce both. Please note that this instruction, and accompanying discovery requests, requires that you perform a thorough search of all of the electronic storage systems (server, storage device, personal computer, laptop, PDA, etc.) which could contain or store discoverable information or documents.

## DEFINITIONS

1.      The relevant time period of these requests is January 1, 2021 through July 31, 2022, unless otherwise indicated.

2.      **Plaintiffs:** The term "Plaintiffs" refers to Plaintiff Zurich American Insurance Company ("Zurich"), Plaintiff HCC International Insurance Company PLC ("HCCI"), Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), and Plaintiff Everest Reinsurance Company ("Everest") (collectively "Plaintiffs" or "Sureties") and any of their present or former directors, officers, agents, representatives, employees, attorneys and/or other persons acting on their behalf.

3.      **Defendant:** The term "Apache" or "Defendant" refers to Apache Corporation ("Apache") and any of their present or former agents, representatives, employees, attorneys and/or other persons acting on their behalf.

4.      **GOM Shelf**: The term "GOM Shelf" means and refers to Fieldwood Energy, LLC ("FWE"), Fieldwood Energy I LLC ("FWE I"), any related entities, and GOM Shelf LLC and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

5.      **You:** The term "you" or "your" means and refers to GOM Shelf, and any of its present or former directors, officers, agents, employees, and all persons acting on behalf of or for the benefit of the preceding.

5

6.     The unqualified term "**person**" shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law.  Where an employee performs some task about which an inquiry is made in these requests as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

7.     **FWE Chapter 11 Plan:** The term "FWE Chapter 11 Plan" shall mean and refer to the bankruptcy plan that became effective on August 27, 2021. The Case Number for the bankruptcy was 20-33948 (MI).

8.     **Legacy Apache Assets**:  means the properties Fieldwood Energy acquired from Apache pursuant to the Purchase and Sale Agreement dated July 18, 2013.

9.     **Decommissioning Agreement**: refers to the Decommissioning Agreement entered into between Fieldwood Energy, GOM Shelf, and the Apache PSA Parties effective September 30, 2013 (with all amendments).

10.     **Decommissioning obligations**: refers to plugging and abandonment and other related decommissioning work, as set forth in the Decommissioning Agreement.

11.     **Default**: The term "Default" shall mean and refer to GOM Shelf's notification to the any government entity, such as the Bureau of Ocean Management and the Bureau of Safety and Environmental Enforcement, that it would not perform its decommission work associated with the 44 leases and certain pipelines from the Legacy Apache Assets.

12.     **Document:** The terms "document" or "documents" shall be used in their broadest sense and shall mean and include all handwritten, printed, typed, taped, recorded, computer, or graphic matter of every kind and description, however produced or reproduced, or stored, including all computer-stored data.  A draft or non-identical copy is a separate document within the meaning of this term.  The term "document" also includes any tangible thing.

13.     **Communication:**  The term "communication" refers to the transmittal of information in the form of facts, ideas, inquiries, or otherwise; means or refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, advice, representations, acceptances, bids, meetings, telephone conversations and notes thereof; letters, correspondence, facsimile transmissions, notes, telegrams, or other forms of disclosure, whether oral or written.

14.     **Relating:**  The term "relating" refers to concerning, referring, describing, or constituting, directly or indirectly.

15.     **Lawsuit:**  The term "Lawsuit" refers to the above-captioned proceeding.

16.     **Complaint:**  The term "Complaint" refers to Plaintiffs' Original Petition.

C2996\A80062\272215196

## LIST OF DOCUMENTS TO PRODUCE

1. Please provide all communications and documents related to and evidencing GOM Shelf's decision to send any notices of default to any government entity on its decommissioning obligations related to the Legacy Apache Assets.

2. Please provide all communications and analysis that lead to GOM Shelf's decision to send any notices of default of its decommissioning obligations related to the Legacy Apache Assets.

3. Please provide all information, communications, and documents that GOM Shelf considered and relied on when GOM Shelf made its decision to send its notices of default related to the Legacy Apache Assets.

4. Please provide any communications between you and Apache that relate to GOM Shelf's decision to send notices of default on its decommissioning obligations related to the Legacy Apache Assets.

5. Please provide any communications in between you and QuarterNorth Energy Inc. that relate to the decision to execute default notices related to the Legacy Apache Assets.

6. Please provide any communications between you and any other person or entity, including governmental, non-profit, for-profit, and all other entities, that relate to, contributed to, discussed, and/or caused GOM Shelf's notice of default on decommissioning obligations related to the Legacy Apache Assets.

7. Please provide any communications between you and Apache that relate to Apache's intent to draw/make a claim on Trust A, letters of credit, or on bonds in the event of a default on decommissioning obligations by GOM Shelf.

8. Please provide all communications and documents exchanged between Apache and GOM Shelf, including but not limited to Jon Graham, regarding GOM Shelf's ability to satisfy its decommissioning obligations related to the Legacy Apache Assets.

9. Please provide all communications between Apache and GOM Shelf related to the decision to or any restrictions upon the sale of any Legacy Apache Assets.

10. Please provide all documents sufficient to show all drawdowns on Trust A since the confirmation of the FWE Chapter 11 Plan.

11. Please provide documents sufficient to show the current balance and status of Trust A.

12. Any communications by and between you and Susman Godfrey attorneys, or any representative or employee of Apache Corporation, related to your July 6, 2023 Declaration.

7