# **EXHIBIT 38**

7/11/2023 2:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77407834
By: Bonnie Lugo
Filed: 7/11/2023 2:37 PM

## CAUSE NO. 202338238

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY,** | § § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § § | **HARRIS COUNTY, TEXAS** |
| vs. | § § | |
| **APACHE CORPORATION,** | § § § | |
| *Defendant.* | § | **281st JUDICIAL DISTRICT** |

### **PLAINTIFFS' BRIEF ON TEMPORARY INJUNCTION ELEMENTS**

Plaintiffs Zurich American Insurance Company, HCC International Insurance Company PLC, Philadelphia Indemnity Insurance Company, and Everest Reinsurance Company (together, "Plaintiffs") submit this brief to provide context regarding application of the temporary injunction elements *vis a vis* this dispute and the underlying traits.

### Overview

The Court is undoubtedly very familiar with the general elements required to obtain a temporary injunction. "To obtain a temporary injunction, the applicant ordinarily must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *E.g. Butnaru v. Ford Motor Co.,*, 84 S.W.3d 198, 204 (Tex. 2002). Although not an express element *per se*, "[a] temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Id.* at 204. "At a temporary injunction hearing, the only issue before the trial court is whether the status quo should be preserved pending trial on the merits." *Blackthorne v. Bellush*, 61 S.W.3d 439, 442 (Tex. App.—San Antonio 2001, no pet.).

The first element is self-explanatory. This brief elaborates on the standards applicable to the remaining elements.

## A Probable Right to Relief Sought

Despite the nomenclature, a "probable right to relief" does not mean that the applicant must establish that it will likely prevail on the merits. "'Probable right to relief' is a term of art in the injunction context. 'To show a probable right to recover, an applicant need not show that it will prevail at trial. Nor does a finding of probable right of recovery indicate a trial court's evaluation of the probability that the applicant will prevail at trial." *Regal Entm't Group v. iPic-Gold Class Entm't, LLC*, 507 S.W.3d 337, 345 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (quoting *Intercontinental Terminals v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). A probable right to relief

> does *not* imply that the applicant for temporary injunction must offer evidence and persuade the judge to find therefrom the adjudicative facts necessary for the applicant to prevail on the merits, based on probabilities. The judge does *not*, in such instances, find the truth and apply the law based upon probabilities. The hearing on temporary injunction does *not* constitute a *mini* trial, in advance, wherein the judge predicts the applicant's chances of success at the real trial, based upon the judge's estimate of where the truth probably lies concerning the adjudicative facts and the law made applicable thereto by the pleadings in the case. Instead, concerning both the facts and the law, the applicant need only show that a bona fide issue exists as to his right to ultimate relief.

*Anderson Oaks (Phase I) Ltd. P'ship v. Anderson Mill Oaks, Ltd.*, 734 S.W.2d 42, 44, n. 1 (Tex. App.—Austin 1987, no writ) (emphasis in original).

"Instead, to show a probable right of recovery, the applicant must plead a cause of action and present some evidence that tends to sustain it." *Intercontinental Terminals*, 354 S.W.3d at 898 (citing *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961)). The evidence must only raise a bona fide issue as to the applicant's right to ultimate relief. *Id.* In *Intercontinental*, the First District Court of Appeals—Houston Division found the applicant met the burden merely by

2

pleading a declaratory judgment action and "presenting some evidence tending to support its alleged rights" sought by its claims. *Id.* The probable right to relief element is satisfied simply by "alleging a cause of action and presenting evidence that tends to sustain it." *Tanguy v. Laux*, 259 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). Thus, even if the defending party presents counter-evidence or if the evidence is conflicting or incomplete, the Court should grant a temporary injunction as long as the applicant presents "some evidence" in support of the claims.

In *Regal Entertainment*, iPic movie theater chain sued competitor Regal Entertainment Group for alleged violations of Texas antitrust law. *Regal Entm't*, 507 S.W.3d at 342. iPic sought to enjoin Regal from requesting film distributors exclude iPic. *Id.* iPic presented evidence that Regal contacted six major distributors to request a division of films between its own theater and iPic's theater. *Id.* at 349. Three distributors abided by the request. *Id.* Regal presented counterevidence that it told the distributors that distributing films only to iPic and not Regal cost the distributors and Regal revenue; the decision went against their own interest by manufacturing a cost that was not necessary. *Id.* Regal contended it had the right to make the distribution allocation request, common in the industry, as part of legal competition. *Id.* It further contended that each distributor had the unfettered right to decide how to distribute the films on its own – all Regal did was make a request. *Id.* The Court of Appeals noted that "the evidence that Regal and half of the major film distributors acted contrary to their self-interest is what permits a rational inference of coercion as opposed to permissible independent conduct." *Id.* at 350. It held that "iPic adduced some evidence" in support of its claims, which was all that was required. *Id.*

3

**A Probable, Imminent, and Irreparable Injury in the Interim**

"An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any pecuniary standard." *Butnaru*, 84 S.W.3d at 204. "An irreparable injury is shown if there is no adequate remedy at law." *Occidental Chem. Corp. v. ETC NGL Transp., LLC*, 425 S.W.3d 354, 363 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd). "An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as equitable relief." *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

"[S]imply because an applicant for a temporary injunction seeks money damages for [a claim] as its ultimate relief does not guarantee that damages are completely adequate as a remedy. While an applicant must provide evidence that an award of damages for [its claims] would be inadequate, it is not required to show that an award of damages would be wholly ineffectual." *Tex. Black Iron, Inc. v. Arawak Energy Int'l Ltd.*, 527 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (internal citations omitted). An applicant seeking money damages as relief therefore does not foreclose establishing an inadequate remedy at law. "[E]ven if damages are subject to a precise calculation, an injunction will lie to prevent the dissipation of specific funds that would otherwise be available to pay a judgment." *See Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 764 (Tex. App.—Texarkana 2017, pet. dism'd) (citing *Minexa Arizona, Inc. v. Staubach*, 667 S.W.2d 563, 567-68 (Tex. App.—Dallas 1984, no writ)).

Further, "Texas cases hold that a plaintiff does not have an adequate remedy at law if the defendant faces insolvency or becoming judgment proof before trial." *Tex. Black Iron, Inc.*, 527 S.W.3d at 587 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing 9 cases under "*See, e.g.*"

4

reference). Thus, having potential claims against a different entity that is or could become insolvent is an inadequate remedy at law as a matter of law.

## Preservation of the Status Quo

"Status quo is defined as 'the last, actual, peaceable, noncontested status which preceded the pending controversy'." *E.g. Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 222 (Tex. App.—Fort Worth 2009, pet. denied) (internal citations omitted). Courts determine the status quo by looking towards the relationship of the parties before the underlying actions that form the basis of the dispute. *Intercontinental Terminals*, 354 S.W.3d at 892. It is common for both sides to argue their own position is the status quo. *Blackthorne*, 61 S.W.3d at 445. The transfer of funds is not preservation of the status quo. *See id.* (finding preserving status quo required enjoining defendant from disposing of stock that was allegedly fraudulently transferred to her.).

In *Blackthorne*, the plaintiff alleged one defendant fraudulently transferred stock to another defendant. *Id.* The defendant who received the stock argued that preserving the status quo required denying the injunction because that would allow her to freely dispose of the stock and exercise her rights freely regarding the stock, as she was entitled to do immediately prior to the injunction hearing and the plaintiff's claim. *Id.* The trial court and Court of Appeals rejected her argument and held the last peaceable, non-contested status would be prior to the claim ever arising and "arguably" prior to the transfer of funds in the first place. *Id.* Affirmatively exercising a right is not the preservation of the status quo. By definition, it is changing it.

Additionally, "[a] temporary injunction maintains the status quo by preventing 'any act of a party which would tend to render the final judgment in the case ineffectual'." *Hartwell,* 528 S.W.3d at 759 (citing *Baucum v. Texam Oil Corp.*, 423 S.W.2d 434, 441 (Tex. Civ. App.—El Paso 1967, writ ref'd n.r.e.) and *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973, 976-77 (1931)).

5

If a party can take an act, such as making a claim on a bond, that would render final judgment ineffectual (see *Gulsby* Brief), enjoining that act preserves the status quo.

In *Hartwell*, a lender filed suit after a borrower defaulted on a loan and sold the cattle that secured the loan. *Id.* at 756. In other words, the borrower impaired the security. The court issued a temporary injunction requiring the borrower to turn over the remaining collateral and funds to the lender. The borrower contended that the status quo was that he had already sold the cattle and he had possession of the remaining cattle and collateral funds. *Id.* at 767. The lender contended that the status quo was preserving its rights and the collateral. *Id.* The lender further argued that the lawsuit arose because of the undermining of the security interest, therefore the status quo was prior to the undermining acts. *Id.* The Court of Appeals agreed with the lender and held "the last peaceable, non-contested status between the parties was when the loans were being paid and were fully secured by specific collateral and their proceeds." *Id.* When a lawsuit involves actions taken by the defendant that undermine security, the last peaceable non-contested position is prior to those acts. The injunction enjoining the disposition of the funds was affirmed. *Id.* at 768.

Respectfully submitted,

**LOCKE LORD LLP**

By: */s/ Philip Eisenberg*
  Philip Eisenberg (TX Bar No. 24033923)
  peisenberg@lockelord.com
  Christopher A. Verducci (TX Bar No. 24051470)
  cverducci@lockelord.com
  600 Travis Street
  Houston, Texas 77002
  (713) 226-1200 (Tel.) / (713) 223-3717 (Fax)

  **ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

6

**CLARK HILL, PLC**

By:*/s/ James Kimbell*
  James Kimball (TX Bar No. 11420000)
  jkimbell@clarkhill.com
  Christopher Ward (TX Bar No. 24008233)
  cward@clarkhill.com
  Duane J. Brescia (TX Bar No. 24025265)
  dbrescia@clarkhill.com
  Adam Diamond (TX Bar No. 24092344)
  adiamond@clarkhilll.com
  909 Fannin Street, Suite 2300
  Houston, Texas 77010
  (713) 951-5600 (Tel.) / (713) 951-5660 (Fax)

  **ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**MANIER & HEROD**

By:*/s/ Scott Williams*
  Michael E. Collins (TX Bar No. 24029006)
  mcollins@manierherod.com
  Jeff Price (TN Bar No. 019550)
  jprice@manierherod.com
  Scott Williams (TN Bar No. 021757)
  swilliams@manierherod.com
  1201 Demonbreun St, Suite 900
  Nashville, Tennessee 37203
  (615) 244-0300 (Tel.) / (615) 242-4203 (Fax)

  **ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

By:*/s/ Darren Gryzb*
  Darren Gryzb (NJ Bar No. 016142005)
  dgryzb@csglaw.com
  Jase A. Brown (NJ Bar No. 225202018)
  jbrown@csglaw.com
  105 Eisenhower Parkway
  Roseland, New Jersey 07068
  (973) 325-1500 (Tel.) / (973) 530-2277 (Fax)

                                                **ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a copy of this filing will be served on July 11, 2023, on all counsel of record via e-service.

                                    */s/ Adam R. Diamond*
                                    Adam R. Diamond

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Becky Delancy on behalf of Christopher Richard Ward
Bar No. 24008233
bdelancy@clarkhill.com
Envelope ID: 77407834
Filing Code Description: No Fee Documents
Filing Description: Plaintiffs' Brief on Irreparable Injury
Status as of 7/11/2023 3:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/11/2023 2:37:15 PM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/11/2023 2:37:15 PM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/11/2023 2:37:15 PM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Georgia Seeley | | gseeley@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/11/2023 2:37:15 PM | SENT |
| James MKimbell | | jkimbell@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Winston Luo | | wluo@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Abigail Noebels | | anoebels@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |