Case 20-33948   Document 2818-39   Filed in TXSB on 07/26/23   Page 1 of 9

# **EXHIBIT 39**

7/11/2023 2:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77407834
By: Bonnie Lugo
Filed: 7/11/2023 2:37 PM

CAUSE NO. 2023-38238

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | HARRIS COUNTY, TEXAS |
| vs. | § § § | |
| APACHE CORPORATION, | § § | |
| *Defendant*. | § | 281st JUDICIAL DISTRICT |

**PLAINTIFFS' BRIEF ON IRREPARABLE INJURY**

At the hearing on Plaintiffs' Application for a Temporary Restraining Order, the Court quickly asked the critical question of whether the probable and imminent injury to the Plaintiffs (the "**Sureties**") was really irreparable—and understandably so. In most commercial disputes revolving around the respective financial obligations of opposing parties, there is a monetary remedy available. However, in this particular context, the holding by the Houston Court of Appeals in *Gulf Liquids New River Project, LLC v. Gulsby Engineering, Inc*., 356 S.W.3d 54 (Tex. App.–Houston [1st Dist.] 2011, no pet.) ("***Gulsby***") changes that result drastically. In this case, the threatened injury is irreparable as a matter of law.

Amidst the misguided rhetoric in Apache's Response to Plaintiffs' Request for Injunctive Relief (the "Apache's Response"), Apache succinctly explains the critical holding in *Gulsby*. Apache correctly explains that *Gulsby* "held that a surety does not have a direct claim for damages against an obligee once the surety has already paid under the bond." Apache's Response, p. 24. That is *exactly* why the threatened and imminent injury to the Sureties is irreparable as a *matter of law*. If Apache is allowed to draw and the Sureties are forced to pay, *there is no remedy* available

as matter of law to recoup those payments according to *Gulsby*. 356 S.W.3d 54. Put alternatively: the Sureties presently have viable affirmative claims against Apache already pled in this litigation. If the injunction is not issued and Apache draws, the Sureties will be forced to pay. Once payment is made, *Gulsby* will effectively bar the already-pled claims. *Id.* Hence, there is an irreparable injury as the claims will be permanently and prejudicially stripped from the Sureties.

In *Gulsby*, a surety and its principal (a general contractor) brought an action against the bond obligee (a construction project owner) alleging numerous counts of wrongdoing against the obligee, including breach of contract, tortious interference with contract, fraud, and fraudulent inducement. *Id.* at 62. As is the case here, the surety also asserted a claim that the obligee had materially altered the bonded risk and had otherwise failed to comply with its obligations under the bonded contract, both resulting in a complete discharge of the surety under the bond. *Id.* at 82. A critical fact was that the surety had already made a certain amount of payments under the bond that it sought to recover, along with other damages, and sought a declaratory judgment that it did not have any further liability for claims on the bond as a result of the obligee's wrongful actions. *Id.* at 61. The jury found in favor of the surety and awarded damages exceeding $20 million. *Id.* at 62. However, the trial court granted a JNOV, ordering that the surety take nothing by way of its claims, and the surety appealed. *Id.* Ultimately, the Houston Court of Appeals upheld the trial court's finding that the surety was not entitled to recover damages, holding that a surety may *not* seek damages against the obligee for independent torts or to recoup the funds paid as a result of the material alteration because, once payment is made, the court determined the issue can only be asserted as a *defense* to a surety's liability. *Id*. at 81, 83. The court did, however, reverse the judgment denying the surety's request for a declaratory judgment and rendered judgment that the surety's lability on the bonds was discharged. *Id.*

The holding in *Gulsby* compels an injunction in this case—in fact, it establishes irreparable injury as a matter of law as it makes clear that *once payment is made* a surety has no right to recover from the obligee a payment it never should have made due to the misconduct of the obligee. *Id.* Like *Gulsby*, at issue here is (i) Apache's intentional tort, (ii) several surety defenses, including, but not limited to, material alteration of the bonded risk, which give rise to a complete or partial discharge of the surety's liability, and (iii) a material breach of contract and/or a good faith equitable defense that the contract was breached by the obligee's abuse of contractual rights. As made clear in *Gulsby*, and admitted by Apache, none of these claims can create a direct action for damages against the obligee (Apache). *Id.* at 83. Thus, if any of the Sureties are forced to prematurely pay before their claims and defenses can be adjudicated, they will be without an adequate remedy at law and will sustain an irreparable injury, whether that payment is made directly to Apache or through DBNY by way of the letter of credit. In order to maintain the status quo, a temporary injunction is necessary until the dispute can be resolved at trial. Otherwise, with every payment the Sureties may be forced to make before the dispute is finally adjudicated, their defenses to those claims on the bonds are lost forever as the unrecoverable loss will have already occurred, i.e., the defense is effectively destroyed by payment.

In its Response, Apache points to the *Gulsby* court's discussion of other potential avenues the surety in that case might have been able to pursue to recover the amounts it never should have paid. Apache's Response, p. 24-25. The discussion by the court in that respect is understandable given the obvious inequity of the result. More specifically, the court discusses the potential ability to recoup the amounts paid from the principal (through an agreement of indemnity and certain common law surety rights) or by way of subrogation. Although not specifically stated, to the

extent Apache is suggesting those potential avenues for ultimate recovery undermine the irreparable nature of the injury, that argument clearly falls flat for a number of reasons.

As repeatedly and correctly pointed out by Apache in its Response, *Gulsby* is not an injunction case. The Sureties never suggested otherwise; rather, the key holding in *Gulsby* for purposes of the injunctive relief is exactly what Apache points out—"a surety does not have a direct claim for damages against an obligee once the surety has already paid under the bond." Apache's Response, p. 24. As it was not an injunction case, the *Gulsby* court's identification of other potential rights a surety may have, three of which were claims against a different party (the principal), certainly was not a holding in any way related to whether the inability to recover from the wrongdoer obligee was irreparable for injunctive purposes. That said, even if potential claims against other parties or different claims against the wrongdoer through subrogation—here Apache—were to be properly considered, which they are not, they do not undermine the irreparable nature of the injury here.

Three of the potential avenues for pursuit of recovery after the surety has made payment identified by the *Gulsby* court are against the surety's principal for common law indemnity, restitution, or pursuant to contractual indemnity. As articulated by the Houston Court of Appeals, "Texas cases hold that a plaintiff does not have an adequate remedy at law if the defendant faces insolvency or becoming judgment proof before trial." *Tex. Black Iron, Inc.*, 527 S.W.3d at 587 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing nine cases under "*See, e.g.*" reference); *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 611 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Here, there is no legitimate dispute that the principal, GOM Shelf ("**GOM**"), is at the very least facing insolvency if not already insolvent. This dispute arose because GOM notified the United States Government it could not pay for its obligations—the

4

definition of being insolvent. And the current position GOM finds itself in was caused in no small part because of the wrongful acts of Apache—effectively destroying GOM and eliminating any chance of recovery. Furthermore, in the agreements coming out of bankruptcy which the Sureties relied upon, and which Apache ran roughshod over, the Sureties' rights against GOM were subordinated to Apache with only limited rights to sue GOM after Apache recoups all losses it may have. Furthermore, the Texas Supreme Court has expressly stated that when a potential monetary remedy requires a multiplicity of suits against third parties, that does not qualify as an adequate remedy as a matter of law. *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016). Accordingly, even if it were appropriate to consider claims against a third party for purposes of evaluating whether the injury is irreparable, potential claims against GOM do not change the conclusion that the injury is irreparable here.

The only other potential avenue for pursuit mentioned in *Gulsby* is a potential right of a surety to subrogate to the rights of its principal against the obligee. 356 S.W.3d 54 at 82. However, subrogation only arises upon payment, and, as such, any such claim is not ripe and may never be. Furthermore, any suggestion that the Sureties should have to pay the wrongdoer (Apache)—with no remedy as a matter of law against that very wrongdoer—only to then have to determine whether they can potentially subrogate to hypothetical claims GOM may have against Apache (assuming GOM did not destroy or undermine any subrogation claim by conspiring with Apache) is, to be frank, absurd. Lastly, subrogation, if possible, would only allow the Sureties to pursue GOM's claims against Apache, not their own. The Sureties' claims asserted in this action are direct due to violations of their own independent rights. By definition GOM and the Sureties' claims are different as the claims belong to different parties that are situated differently. Therefore, it is

impossible for the Sureties' own direct claims to be remedied by asserting a claim of GOM through subrogation.

In sum, based upon the unique holding in *Gulsby*, there can be no dispute that the threatened harm is irreparable *as a matter of law*.

Respectfully submitted,

**LOCKE LORD LLP**

By:*/s/ Philip Eisenberg*
Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.) / (713) 223-3717 (Fax)

**ATTORNEYS FOR PLAINTIFF HCC INTERNATIONAL INSURANCE COMPANY PLC**

**CLARK HILL, PLC**

By:*/s/ Christopher R. Ward*
James Kimball (TX Bar No. 11420000)
jkimbell@clarkhill.com
Christopher R. Ward (TX Bar No. 24008233)
cward@clarkhill.com
Duane J. Brescia (TX Bar No. 24025265)
dbrescia@clarkhill.com
Adam Diamond (TX Bar No. 24092344)
adiamond@clarkhilll.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
(713) 951-5600 (Tel.) / (713) 951-5660 (Fax)

**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**MANIER & HEROD**

By:*/s/ Jeff Price*
   Michael E. Collins (TX Bar No. 24029006)
   mcollins@manierherod.com
   Jeff Price (TN Bar No. 019550)
   jprice@manierherod.com
   Scott Williams (TN Bar No. 021757)
   swilliams@manierherod.com
   1201 Demonbreun St, Suite 900
   Nashville, Tennessee 37203
   (615) 244-0300 (Tel.) / (615) 242-4203 (Fax)

**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**CHIESA, SHAHINIAN & GIANTOMASI, PC**

By:*/s/ Darren Gryzb*
   Darren Gryzb (NJ Bar No. 016142005)
   dgryzb@csglaw.com
   Jase A. Brown (NJ Bar No. 225202018)
   jbrown@csglaw.com
   105 Eisenhower Parkway
   Roseland, New Jersey 07068
   (973) 325-1500 (Tel.) / (973) 530-2277 (Fax)

**ATTORNEYS FOR PLAINTIFF EVEREST REINSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

     The undersigned counsel hereby certifies that a copy of this filing will be served on July 11, 2023, on all counsel of record via e-service.

     */s/ Adam R. Diamond*
     Adam R. Diamond

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Becky Delancy on behalf of Christopher Richard Ward
Bar No. 24008233
bdelancy@clarkhill.com
Envelope ID: 77407834
Filing Code Description: No Fee Documents
Filing Description: Plaintiffs' Brief on Irreparable Injury
Status as of 7/11/2023 3:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Georgia Seeley | | gseeley@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Winston Luo | | wluo@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Abigail Noebels | | anoebels@susmangodfrey.com | 7/11/2023 2:37:15 PM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/11/2023 2:37:15 PM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/11/2023 2:37:15 PM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/11/2023 2:37:15 PM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/11/2023 2:37:15 PM | SENT |
| James MKimbell | | jkimbell@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/11/2023 2:37:15 PM | SENT |