# **<u>EXHIBIT 46</u>**

7/12/2023 8:28 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77427592
By: Bonnie Lugo
Filed: 7/12/2023 8:28 AM

Cause No. 2023-38238

| | | |
|---|---|---|
| Zurich American Insurance Company, | § | In the District Court of |
| HCC International Insurance Company | § | |
| PLC, Philadelphia Indemnity Insurance | § | Harris County, Texas |
| Company, Everest Reinsurance Company, | § | |
|     Plaintiffs, | § | 281st Judicial District |
| v. | § | |
| Apache Corporation, | § | |
|     Defendant. | § | |

<u>Apache's Response to the Insurers' Briefs re Suretyship and Irreparable Harm</u>

The Insurers' briefs on suretyship and irreparable harm mischaracterize the law and facts and focus on irrelevant issues. Neither justifies the Insurers' hoped-for temporary injunction.

- The Insurers have never cited *any* case where a surety sought and obtained injunctive relief to prevent an obligee from submitting a draw request on a bond.

- The Insurers ignore that the Decommissioning Agreement (Fifth Amendment) required bonds to conform to a particular form and deemed those bonds to be letters of credit. Draws on letters of credit do not cause irreparable harm.

- The Insurers claim they have defenses to payments under the bonds—if so, that means they have an adequate remedy at law.

- The Insurers omit that they have waived their alleged suretyship defenses.

<u>The Bonds are "Letters of Credit" under the Decommissioning Agreement</u>

The Insurers' suretyship brief spends over 20 pages discussing surety law. This discussion is irrelevant because all of the financial instruments in favor of Apache are not structured as standard surety agreements, contain explicit contractual provisions differing from standard surety bonds, and were intended by the parties to be treated as letters of credit (LOCs), as explicitly stated in the amended Decommissioning Agreement.

The original September 30, 2013 Decommissioning Agreement required Fieldwood to secure LOCs in Apache's favor. PX 32 §§ 2.7, 3.1. Deutsche Bank issued five of those which

1

remain today. Pet. ¶ 51. Deutsche Bank's LOCs are separately bonded by Zurich and HCCI, but as the Insurers acknowledged in the SSPA, Apache is not a party to these agreements. PX 42, p. 2.

Fieldwood declared bankruptcy for the first time in 2018, and Fieldwood asked Apache to replace some of the LOCs with bonds to free up credit. Apache agreed, and the parties amended the Decommissioning Agreement with the requirement that if Fieldwood obtained any "Permitted Surety Bonds," they must conform to a prescribed form attached as Exhibit B-1 and "shall be deemed a 'Letter of Credit' for purposes of this Agreement." DX 11, ¶ 6. The form agreement sets out a simple presentment procedure for Apache to draw on the bond and promptly receive payment:

> It is understood and agreed that Surety shall, upon demand in the form of a Drawing Request . . . made by Obligee, without any notice other than such Drawing Request, and without any further action by the Obligee, deliver to Obligee cash . . . .
>
> \*\*\*
>
> [T]he Obligee's Drawing request shall be accepted by the Surety as conclusive proof that the amount demanded is due and payable by the Surety to the Obligee under this Bond.

DX 11, Ex. B-1. These payment terms under the bond are consistent with the original Decommissioning Agreement's procedure for LOCs, which allows Apache to "make drawings thereunder by presenting a draw certificate in the form of Exhibit A to such Letter of Credit." PX 32, ¶ 3.1. Everest and Philadelphia issued bonds in favor of Apache in the agreed Exhibit B-1 form. *See* DX 2 (Everest Bond); DX 3 (Philadelphia Bond). Pursuant to the Decommissioning Agreement, these bonds are treated equivalent to LOCs. Standard surety bonds do not require immediate payment in full by the surety solely on presentation of a drawing request; that is the defining characteristic of letters of credit.

<u>Draws on Letters of Credit Do Not Cause Irreparable Harm</u>

Apache's expected drawing requests on the Deutsche Bank LOCs and the Everest and Philadelphia "deemed" LOCs will not cause irreparable harm.

Courts repeatedly hold that payment on a letter of credit is not irreparable harm. In *SRS Products Co. v. LG Engineering Co.*, 994 S.W.2d 380 (Tex. App.—Houston [14th Dist.] 1999, no pet.), the court affirmed a denial of a temporary injunction seeking to enjoin drawing under a letter of credit because the amount in dispute was "clearly calculable"—the amount that the defendant "sought to draw under the letter of credit"—and there was no dispute that the defendant was "financially secure and capable of repaying the full amount of the letter of credit if it were later required to do so." *Id.* at 386.

In *Enterprise Int'l., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464 (5th Cir. 1985), the Fifth Circuit vacated a temporary injunction preventing a draw on a letter of credit because the "*very purpose*" of letters of credit" is to "place the money in the beneficiary's hands *while 'contractual disputes wend their way toward resolution*.'" *Id.* at 474 (quoting *Itek Corp. v. First Nat'l Bank of Boston*, 730 F.2d 19, 24 (1st Cir. 1984)) (all emphasis in this brief is added). The court explained:

> Federal courts have consistently applied these principles to the issuance of preliminary injunctions in cases involving international letters of credit, and, consonant with them, have refused to enjoin the honoring of international letters of credit when, absent such injunctive relief, the movants would have suffered only monetary loss, for which adequate remedies at law were available.

*Id.* at 473. Even though a party might suffer an "*immediate*" loss when a letter of credit is drawn upon, "[s]uch monetary loss alone . . . does not constitute irreparable harm sufficient to justify the issuance of a preliminary injunction." *Id.* at 474.

3

Just as in *SRS Products* and *Enterprise Int'l*, all of the Insurers' alleged harms from Apache's draw on the agreements are monetary, the amount is precisely calculable, and there is no dispute that Apache would be able to repay it if required after a full trial on the merits.

<u>The Insurers' Claimed Suretyship Defenses Are Adequate Remedies at Law</u>

The Insurers argue that they have no adequate remedy at law, and at the same time identify common-law suretyship defenses—discharge due to material alteration of bonded risk, impairment of collateral, and impairment of suretyship—that they claim "may be asserted as a defense to claims on bonds." Suretyship Br. At 2. The Insurers' contention that they have available affirmative defenses is an admission that they have an adequate remedy at law. Apache can present its draw request, the Insurer can refuse to pay, Apache can sue, and the Insurer can litigate its defense. *See, e.g.*, *Takeda Pharmaceuticals, U.S.A., Inc. v. Genentech, Inc.*, C.A. No. 2018-0384-MTZ, 2019 WL 1377221 (Del. Ch. March 26, 2019) ("Generally, the ability of a party to obtain the equivalent of injunctive relief by raising its contentions as a defense in an action at law constitutes an adequate remedy that precludes injunctive relief in equity").

The Insurers' irreparable harm brief relies almost exclusively on *Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Irreparable Harm Br. At 1–6. That reliance is misplaced. *Gulf Liquids*, as the Insurers repeatedly acknowledge, is not a temporary injunction case. It includes no analysis of irreparable harm, or any other temporary injunction standard. *Gulf Liquids* stands for the proposition that a surety cannot bring tort claims against an obligee after the surety has made payment. 356 S.W.3d at 80, 83. That is not the situation here because the Insurers have not made any payments, or even received a draw request. The First Court of Appeals explicitly differentiated between pre- and post-payment, explaining that sureties could assert "defenses to a surety's liability." *Id. Gulf*

4

*Liquids* does not prevent the Insurers from refusing a draw request—*i.e.*, breaching the contract—if they believe they have valid affirmative defenses to payment.

### The Insurers Waived Their Affirmative Defenses

The Insurers' "discharge" surety defenses will ultimately fail on the merits—and, thus, Insurers cannot satisfy the "probable right to the relief sought" requirement for a temporary injunction—because the Insurers specifically waived these common-law defenses in the explicit, written agreements governing their bonds. That is a merits issue. And the Insurers' position lacks merit.

Common-law suretyship defenses may be waived in the contract creating the surety relationship. The Restatement (Third) of Suretyship & Guaranty (1996), after addressing the defenses available to sureties, states:

> The secondary obligation is not discharged pursuant to § 39(c)(ii)-(iii), § 40(b), § 41(b)(ii), § 42(1), § 43, or § 44 to the extent that, in the contract creating the secondary obligation or otherwise, the secondary obligor consents to acts that would otherwise be the basis of the discharge, agrees that such discharges are unavailable to the secondary obligor, ***or waives such discharges***. Consent may be express or implied from the circumstances. Such consent, agreement, or ***waiver, if express, may be effectuated by specific language*** or by general language indicating that the secondary obligor waives defenses based on suretyship.

§ 48 ("Waiver of Suretyship Defenses; Consent"). The comments to that section explain that such a waiver is not unusual: "in many suretyship contexts, it is routine to do so." *Id.* § 48 cmt. a. "General language indicating that the secondary obligor waives defenses based on suretyship is sufficient." *Id.* § 48 cmt. d.

The Insurers explicitly waived their rights to a discharge defense. The Zurich bonds backstopping the Deutsche Bank LOCs provide that Zurich's obligation to pay is "absolute" and "irrespective" of all defenses:

> This Bond constitutes the Surety's primary, absolute and independent obligation to make payment to the Obligee in accordance with the terms hereof, under any and

5

all circumstances, including, without limitation, due to the lack of validity, legality or enforceability of the Agreement, the Reimbursement Agreement or the Security and *irrespective of all objections, exceptions, set-offs, counterclaims or defenses of any kind from the Surety*, Fieldwood or other third parties.

PX 28, ¶ 4; PX 29, ¶ 4; PX 30, ¶ 4; PX 21, ¶ 4.

The HCCI Participation Agreement provides:

The Participant acknowledges and agrees that its obligations under Section 3 to pay its Participation Portion . . . (c) *shall not be affected in any way by* any circumstance occurring after the date of this Agreement, including, without limitation, . . . (vi) *any other circumstance of any kind that otherwise would discharge a surety or be a defense to its obligations*.

PX 36, ¶ 3.5.

Both the Everest and Philadelphia bonds provide:

The Surety, whether in its capacity as surety or subrogee of the Principal, waives, to the fullest extent permitted by applicable law, each and every right which it may have to contest Obligee's computation or payment of the obligations or the Obligee's application of the bond proceeds to the obligations. **The Surety waives *any and all defenses or counterclaims* related to Surety's obligations under this Bond** and expressly agrees that no genuine issue of fact exists that would prevent or preclude Surety's obligations to comply with any Draw Request.

Surety's obligations under this Bond are not subject to any condition or qualification except as expressly set forth herein and are not contingent on … (iii) *any other circumstances which might otherwise constitute a legal or equitable discharge or defense for Surety.*

PX 40, ¶ 4; PX 38, ¶ 4. These provisions specifically waive the Insurers' traditional, common-law defenses. Yet, the Insurers' "Suretyship" brief ignores that.

Dated: July 12, 2023                                              Respectfully submitted,


                                                      By: /s/ *Geoffrey L. Harrison*
                                                         Geoffrey L. Harrison
                                                         TX State Bar No. 00785947
                                                         Abigail C. Noebels
                                                         TX State Bar No. 24083578
                                                         Susman Godfrey L.L.P.
                                                         1000 Louisiana Street, Suite 5100
                                                         Houston, Texas 77002-5096

Telephone: (713) 651-9366
Facsimile: (713) 654-6666
gharrison@susmangodfrey.com
anoebels@susmangodfrey.com

Nick Spear (*pro hac vice*)
CA State Bar No. 304281
Susman Godfrey L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
nspear@susmangodfrey.com

Winston Luo (*pro hac vice*)
WA State Bar No. 60828
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
wluo@susmangodfrey.com

*Counsel for Defendant Apache Corporation*

Certificate of Service

On July 12, 2023, a true and correct copy of this document was served on counsel of record in accordance with the TRCP via electronic filing.

/s/ *Geoffrey L. Harrison*
Geoffrey L. Harrison

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Cavazos on behalf of Geoffrey Harrison
Bar No. 00785947
lcavazos@susmangodfrey.com
Envelope ID: 77427592
Filing Code Description: No Fee Documents
Filing Description: Apache's Response to the Insurers' Briefs re Suretyship and Irreparable Harm
Status as of 7/12/2023 8:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/12/2023 8:28:33 AM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/12/2023 8:28:33 AM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/12/2023 8:28:33 AM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/12/2023 8:28:33 AM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/12/2023 8:28:33 AM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/12/2023 8:28:33 AM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/12/2023 8:28:33 AM | SENT |
| Georgia Seeley | | gseeley@clarkhill.com | 7/12/2023 8:28:33 AM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/12/2023 8:28:33 AM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/12/2023 8:28:33 AM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/12/2023 8:28:33 AM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/12/2023 8:28:33 AM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/12/2023 8:28:33 AM | SENT |
| James MKimbell | | jkimbell@clarkhill.com | 7/12/2023 8:28:33 AM | SENT |
| Aditi Deal | | aditi.deal@lockelord.com | 7/12/2023 8:28:33 AM | SENT |
| Winston Luo | | wluo@susmangodfrey.com | 7/12/2023 8:28:33 AM | SENT |
| Abigail Noebels | | anoebels@susmangodfrey.com | 7/12/2023 8:28:33 AM | SENT |