# **<u>EXHIBIT 47</u>**

CAUSE NO. 2023-38238

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, HCC INTERNATIONAL INSURANCE COMPANY PLC, PHILADELPHIA INDEMNITY INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | HARRIS COUNTY, TEXAS |
| vs. | § § | |
| APACHE CORPORATION, | § § § | |
| *Defendant.* | § | 281ST JUDICIAL DISTRICT |

## PLAINTIFFS' BENCH BRIEF ON TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS

TO THE HONORABLE JUDGE CHRISTINE WEEMS:

Following GOM Shelf's accrual of responsibility as principal,[1] Apache knowingly and intentionally interfered with the contracts by, among other things, causing GOM Shelf to issue default letters to BOEM and BSEE, taking actions to make the Sureties' performance under the contracts more burdensome, difficult and expensive, willfully manufacturing accelerated and greater potential losses to the Sureties, and making improper draws on Trust A. Apache's interference has proximately caused injury to the Sureties, and therefore, Apache must be enjoined from continuing its actions.

---

[1] All capitalized terms have the same definition as outlined in Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions ("Petition")

I. **PLAINTIFFS ARE ENTITLED TO A TEMPORARY INJUNCTION AGAINST APACHE.**

To obtain a temporary injunction, Plaintiffs must (1) allege a cause of action; (2) demonstrate a probable right to the relief sought; and (3) demonstrate a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Rapid Settlements, Ltd. v. Settlement Funding, LLC*, 358 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

### A. Plaintiffs have alleged a cause of action.

Plaintiffs have alleged, and during the temporary injunction hearing will present clear evidence, that Apache has interfered tortuously with existing contracts. Texas courts have granted injunctive relief to prevent third-parties from interfering with existing contracts. *See, e.g.*, *FHI Financial Services., Inc. v. Debt Settlement America, Inc.*, 2007 WL 2325652 (Tex. App.—Waco Aug. 15, 2007, no pet.) (upholding an injunction on the basis of tortious interference with an existing employment contract).

### B. Plaintiffs can demonstrate a likelihood of success on the merits of the tortious interference claim asserted against Apache.

To prove a claim for tortious interference with existing contract, Plaintiffs must provide evidence of the following: (1) Plaintiffs had a valid contract; (2) Apache willfully and intentionally interfered with the contract; (3) the interference proximately caused Plaintiffs injury; and (4) Plaintiffs incurred actual damage or loss. *N. Cypress Med. Ctr. Operating Co. Ltd. v. Gallagher Benefit Servs., Inc.*, No. 4:11-CV-00685, 2012 WL 438869, at *6 (S.D. Tex. Feb. 9, 2012) (applying Texas law); *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996).

### 1.  Plaintiffs had a valid contract.

A defendant must be a stranger to a contract to tortiously interfere with it; a defendant cannot tortiously interfere with its own contract. *Community Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017); *In re Vesta Ins. Grp.*, 192 S.W.3d 759, 761 (Tex. 2006); *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995); *see MRC Permian Co. v. Point Energy Partners Permian LLC*, 624 S.W.3d 643, 665 (Tex. App.—El Paso 2021, pet. argued). First, HCCI has a Participation Agreement with DBNY, under which HCCI agreed to participate in the letter of credit between the bank and FWE.[2] Additionally, each Surety has a general indemnity agreement with FWE, under which FWE agreed to indemnify each surety for losses under any bond issued by that surety.[3]  Apache is not a party to **_any_** of these contracts.

### 2.  Apache willfully and intentionally interfered with the contracts.

To prove that Apache willfully and intentionally interfered with either of these contracts, Plaintiffs must establish that Apache either (1) had actual knowledge of the contract and of Plaintiffs' interest in it or (2) had knowledge of facts and circumstances that would lead a reasonable person to believe there was a contract in which the Plaintiffs had an interest. *Crossroads Hospice, Inc. v. FC Compassus, LLC*, 606 S.W.3d 294, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Texas Campaign for the Env't v. Partners Dewatering Int'l*, 485 S.W.3d 184, 193 (Tex. App.—Corpus Christi 2016, no pet.); *see RigUp, Inc. v. Sierra Hamilton,*

---

[2] *See generally*, Petition, Section V.
[3] *Id.*

*LLC*, 613 S.W.3d 177, 191 (Tex. App.—Austin 2020, no pet.). Apache's knowledge must be more than a suspicion of a contract. *Steinmetz & Assocs. v. Crow*, 700 S.W.2d 276, 280 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

During FWE's Chapter 11 proceedings, Plaintiffs' interest in the indemnity agreements was thoroughly discussed. Thus, a reasonable person in Apache's position would believe that there was a contract in place in which Plaintiffs had an interest. Furthermore, Apache's actions hindered Plaintiffs' performance of those contracts, either by preventing its performance or by making the performance impossible or more burdensome, difficult, or expensive. *See Hughes v. Houston Nw. Med. Ctr., Inc.*, 680 S.W.2d 838, 842 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (holding a defendant's tortious interference delayed the closing of a sale, which made the transaction less valuable).

### 3.     Apache's interference proximately caused Plaintiffs' injury, and Plaintiffs incurred actual damage or loss.

To establish proximate cause, Plaintiffs must show that Apache took an active part in persuading the interference. *Davis v. HydPro, Inc.*, 839 S.W.2d 137, 139–40 (Tex. App.—Eastland 1992, writ denied); *see Lincoln Gen. Ins. v. U.S. Auto Ins. Servs.*, 787 F.3d 716, 731 (5th Cir. 2015). The term "interference" includes delay or increased burden of performance. *Hughes v. Houston Northwest Medical Center, Inc.*, 680 S.W.2d 838, 841-842 (Tex. App. 1984). Here, Apache took an active part in making Plaintiffs' performance more burdensome and expensive.

Through its conduct and its control of GOM Shelf, Apache wrongfully focused the entirety of GOM Shelf operations toward decommissioning and has delayed or

otherwise declined to meaningfully pursue a robust sale effort or capital drilling program that could have greatly increased revenue and cash available for decommissioning, as was contemplated to be pursued under the Apache Surety Settlement Documents. As a result, Apache has impaired the Sureties' collateral. Furthermore, Apache causing GOM Shelf to issue default letters has materially altered the Sureties' bonded risk and caused the Sureties' performance under the bonds/letters of credit to become more burdensome, difficult and expensive, and has manufactured accelerated losses to the Sureties.

### C. Apache's defense is unpersuasive.

Apache claims that it is legally privileged or justified to take the actions that form the basis for the Sureties' suit. However, that is patently false. While Apache is required to perform decommissioning and has the right to seek reimbursement for the costs, those are not the actions at issue here. First, at issue is what happened ***prior*** to Apache's ability to perform decommissioning being triggered—or Apache's improper acceleration of GOM Shelf's default and, as a result, its own ability to draw from Trust A. Apache has no privilege to interfere with an existing contract, and any actions it took to cause GOM Shelf to notice a default of its decommissioning obligations, notwithstanding Apache's repeated assertions during the bankruptcy that it would not seek to "control" GOM Shelf post-Effective Date. Furthermore, Apache has no privilege to draw upon Trust A for maintenance and monitoring, which is limited to reimbursements for decommissioning obligations.

## II. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court grant Plaintiffs' application for a temporary injunction restraining and enjoining Apache.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Philip Eisenberg*
Philip Eisenberg (TX Bar No. 24033923)
peisenberg@lockelord.com
Christopher A. Verducci (TX Bar No. 24051470)
cverducci@lockelord.com
Aditi Deal (TX Bar No. 24119780)
aditi.deal@lockelord.com
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Tel.)
(713) 223-3717 (Fax)

**CLARK HILL, PLC**

*/s/ Christopher Ward*
James Kimball (TX Bar No. 11420000)
jkimbell@clarkhill.com
Christopher Ward (TX Bar No. 24008233)
cward@clarkhill.com
Duane J. Brescia (TX Bar No. 24025265)
dbrescia@clarkhill.com
Adam Diamond (TX Bar No. 24092344)
adiamond@clarkhilll.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
(713) 951-5600 (Tel.) / (713) 951-5660 (Fax)

**ATTORNEYS FOR PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY**

**MANIER & HEROD**

*/s/ Jeff Price*
Michael E. Collins (TX Bar No. 24029006)
mcollins@manierherod.com
Jeff Price (TN Bar No. 019550)
jprice@manierherod.com
Scott Williams (TN Bar No. 021757)
swilliams@manierherod.com
1201 Demonbreun St, Suite 900
Nashville, Tennessee 37203
(615) 244-0300 (Tel.) / (615) 242-4203 (Fax)
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF PHILADELPHIA
INDEMNITY INSURANCE COMPANY**


**CHIESA, SHAHINIAN & GIANTOMASI, PC**

*/s/ Darren Gryzb*
Darren Gryzb (NJ Bar No. 016142005)
dgryzb@csglaw.com
Jase A. Brown (NJ Bar No. 225202018)
jbrown@csglaw.com
105 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 325-1500 (Tel.) / (973) 530-2277 (Fax)
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF EVEREST
REINSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I certify that on July 12, 2023, a true and correct copy of the foregoing was served via eFile on all counsel of record in accordance with Texas Rules of Civil Procedure.

*/s/ Aditi Deal*
Aditi Deal

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Aditi Deal on behalf of Aditi Deal
Bar No. 24119780
aditi.deal@lockelord.com
Envelope ID: 77426714
Filing Code Description: No Fee Documents
Filing Description: Plaintiffs' Bench Brief on Tortious Interference with Existing Contracts
Status as of 7/12/2023 8:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Georgia Seeley | | gseeley@clarkhill.com | 7/12/2023 7:55:38 AM | SENT |
| Geoffrey L.Harrison | | gharrison@susmangodfrey.com | 7/12/2023 7:55:38 AM | SENT |
| Jeff McLaren | | jmclaren@susmangodfrey.com | 7/12/2023 7:55:38 AM | SENT |
| Nicholas Spear | | nspear@susmangodfrey.com | 7/12/2023 7:55:38 AM | SENT |
| Charlotte Oxley | | coxley@susmangodfrey.com | 7/12/2023 7:55:38 AM | SENT |
| Winston Luo | | wluo@susmangodfrey.com | 7/12/2023 7:55:38 AM | SENT |
| Abigail Noebels | | anoebels@susmangodfrey.com | 7/12/2023 7:55:38 AM | SENT |
| Becky Delancy | | bdelancy@clarkhill.com | 7/12/2023 7:55:38 AM | SENT |
| Christopher Verducci | 24051470 | cverducci@lockelord.com | 7/12/2023 7:55:38 AM | SENT |
| Philip Guy Eisenberg | 24033923 | peisenberg@lockelord.com | 7/12/2023 7:55:38 AM | SENT |
| Adam Diamond | | ADiamond@clarkhill.com | 7/12/2023 7:55:38 AM | SENT |
| Christopher RichardWard | | cward@clarkhill.com | 7/12/2023 7:55:38 AM | SENT |
| Jase ABrown | | jbrown@csglaw.com | 7/12/2023 7:55:38 AM | SENT |
| James MKimbell | | jkimbell@clarkhill.com | 7/12/2023 7:55:38 AM | SENT |
| Duane Brescia | | dbrescia@clarkhill.com | 7/12/2023 7:55:38 AM | SENT |
| Aditi Deal | | aditi.deal@lockelord.com | 7/12/2023 7:55:38 AM | SENT |
| Michael Edward Collins | 24029006 | mcollins@manierherod.com | 7/12/2023 7:55:38 AM | SENT |