**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.* | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| Post-Effective date Debtors.[1] | § | |

**PLAN ADMINISTRATOR'S OBJECTION TO**
**ATLANTIC MARITIME SERVICES LLC'S**
**PROOF OF CLAIM**
[Related to POC No. 696]

> **This is an objection to your claims. The objection asks the Court to disallow the claims that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claims may be disallowed without a hearing.**
>
> **A hearing will be conducted on this matter on October 2, 2023, at 10:30 am (Central Time) in Courtroom 404, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1-832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty (30) days from the date this objection was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

David Dunn ("Administrator" or "Plan Administrator"), as Plan Administrator of Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, Fieldwood Energy Inc., GOM Shelf LLC and FW GOM Pipeline, Inc., Debtors (the "Post-Effective Date Debtors") files this *Plan Administrator's Objection to Atlantic Maritime Services LLC's Proof of Claim* (the "Objection") and in support thereof respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

**A.     The Chapter 11 Case**

2. On August 3, 2020 and August 4, 2020 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

2

3. On June 25, 2021, the Court entered the *Findings of Facts, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, including at Docket No. 2008, the "Confirmed Plan").

4. On August 27, 2021, the Debtors filed that certain *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016], setting forth that, *inter alia*, the Effective Date occurred on August 27, 2021 (the "Effective Date").

**B.    Plan Administrator**

5. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Confirmed Plan. *See* Confirmed Plan § 5.9(b).

6. The Plan Administrator is responsible, to the extent not otherwise provided for in the Confirmed Plan, for carrying out and implementing all provisions of the Confirmed Plan on behalf of the Debtors and Post-Effective Date Debtors, including reviewing and reconciling all Claims asserted against the Debtors (including, but not limited to, Administrative Expense Claims, Other Secured Claims, Class 6A Unsecured Trade Claims, and Class 6B General Unsecured Claims) and making distributions on account of Allowed Claims. As more fully set forth therein, section 5.9(c) of the Confirmed Plan vests the Plan Administrator with "all the rights, powers, authority, and duties on behalf of each of the Debtors and [the] Post-Effective Date Debtors [other than the Post-Effective Date FWE I Subsidiaries pursuant to section 5.9(a) of the Confirmed

3

Plan]…to carry out and implement all provisions of the [Confirmed] Plan." In short, the Plan Administrator has been tasked with: (i) controlling and effectuating the Claims reconciliation process; (ii) settling or compromising any Disputed Claims (as defined in the Confirmed Plan); and (iii) administering and adjusting the Debtors' claims register to reflect any such settlements and compromises.

C. **Atlantic Maritime Services LLC's Proofs of Claim**

7. Atlantic Maritime Services LLC ("Atlantic") filed Proof of Claim No. 696 (the "Atlantic Claim").

8. The Atlantic Claim alleges that Atlantic is owed $14,750,269.00 for goods and services Atlantic provided in connection with the Debtors' oil and gas operations. The Atlantic Claim contends that the debt is secured on the basis that Atlantic perfected privileges under the Louisiana Oil Well Lien Act ("LOWLA").

D. **The Confirmed Plan and Confirmation Order**

9. Fieldwood Energy LLC and its debtor affiliates (each a "Debtor" and, collectively, the "Debtors" or "Company") were one of the largest oil and gas exploration and production companies in the Gulf of Mexico. Its portfolio of properties includes both deepwater assets and shallow water assets in the Gulf of Mexico. The Company's liquidity profile became volatile in the years preceding the Petition Date, primarily due to (i) the precipitous decline in crude oil prices starting in 2014 and then again in 2020 and (ii) the effects of the COVID-19 pandemic. The worsening market conditions coupled with significant decommissioning costs resulted in reduced liquidity for the Company and, ultimately, led to the filing of these bankruptcy cases.

10. The Confirmed Plan set forth a restructuring of the Debtors. The restructuring included a divisive merger pursuant to which Fieldwood Energy, LLC was divided into Fieldwood

4

Energy I LLC (FWE I) and Fieldwood Energy III LLC (FWE III). Through the divisive merger, FWE I was allocated and vested with certain assets Fieldwood Energy, LLC acquired from Apache (the "Legacy Apache Properties"). A schedule of the Legacy Apache Properties was included as **Exhibit C** to the Disclosure Statement.

11. Section 10.3 of the Confirmed Plan states:

> Upon the Effective Date, except as otherwise expressly provided in the Plan or in the Confirmation Order, the distributions, rights and treatment to be made under the Plan, shall in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their Assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests…

12. Section 6.8 of the Confirmed Plan states, "Unless otherwise provided herein, any distributions and deliveries to be made on account of Allowed Claims under the Plan shall be in complete and final satisfaction, settlement, and discharge of and exchange for such Allowed Claims."

13. In addition, the Disclosure Statement sets forth that the satisfaction, settlement and discharge of Atlantic's claims pursuant to the Plan extinguished any Louisiana privileges held by Atlantic under LOWLA section 4864.

14. Atlantic's alleged LOWLA privileges were extinguished by the above-provisions set forth in the Confirmed Plan.

**OBJECTIONS**

A.    **Objection No. 1: The Atlantic Claim Is Not Secured Under LOWLA**

15.    As discussed above, any privilege, lien or security interest Atlantic held under LOWLA with respect to the Atlantic Claim was extinguished upon the Effective Date of the Plan. For the reasons set forth in the Memorandum Opinion [Doc. No. 153 in Adversary Proceeding No. 20-3476], the Administrator objects to the Atlantic Claim on the grounds that it is not secured by the Debtors' oil and gas properties under LOWLA. The Atlantic Claim should be reclassified as a general unsecured claim.

**CONCLUSIONS AND PRAYER**

For the reasons set forth above, the Administrator requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, reclassifying the Atlantic Claim as a general unsecured claim and granting such other and further relief as is just and appropriate under the circumstances.

DATED:  August 15, 2023

Respectfully submitted,

*/s/ Kenneth Green*
Ken Green (Texas State Bar No. 24036677)
Aaron Guerrero (Texas State Bar No. 24050698)
Bryan Prentice (Texas State Bar No. 24099787)
Bonds Ellis Eppich Schafer Jones LLP
950 Echo Lane, Suite 120
Houston, Texas 77024
(713) 335-4990 telephone
(713) 335-4991 facsimile
ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**ATTORNEYS FOR DAVID DUNN, THE PLAN ADMINISTRATOR FOR THE POST-EFFECTIVE DATE DEBTORS**

## CERTIFICATE OF SERVICE

      I certify that on this 15th day of August, 2023, a true and correct copy of the above and foregoing was served through the Court's electronic case filing system (ECF) upon all parties registered with the ECF and by U.S. First Class Mail and email to the following:

Atlantic Maritime Services LLC
c/o Matthew D. Cavenaugh
1401 McKinney St., Suite 1900
Houston, TX  77010
Email:  mcavenaugh@jw.com

Atlantic Maritime Services LLC
5847 San Felipe St., Suite 3300
Houston, TX  77057
Email:  Rodney.mallams@valaris.com

      /s/Kenneth Green
      Kenneth Green