UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.* | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective date Debtors.[1] | § | |

PLAN ADMINISTRATOR'S OBJECTION TO
ECOPETROL AMERICA LLC'S
PROOF OF CLAIM NO. 455
[Related to POC No. 455]

> **This is an objection to your claims. The objection asks the Court to disallow the claims that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claims may be disallowed without a hearing.**
>
> **A hearing will be conducted on this matter on October 2, 2023, at 10:30 am (Central Time) in Courtroom 404, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas  77002.  You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 1-832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954554.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Isgur's  home page.  The meeting code is "JudgeIsgur".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440).  Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC.  GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary.  The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty (30) days from the date this objection was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

David Dunn ("Administrator"), as Plan Administrator of Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, Fieldwood Energy Inc., GOM Shelf LLC and FW GOM Pipeline, Inc., Debtors (the "Post-Effective Date Debtors") files this *Plan Administrator's Objection to Ecopetrol America LLC's Proofs of Claim* (the "Objection") and in support thereof respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

A. **The Chapter 11 Case**

2. On August 3, 2020 and August 4, 2020 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

3. On June 25, 2021, the Court entered the *Findings of Facts, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, including at Docket No. 2008, the "Confirmed Plan").

4. On August 27, 2021, the Debtors filed that certain *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016], setting forth that, *inter alia*, the Effective Date occurred on August 27, 2021 (the "Effective Date").

**B.    Plan Administrator**

5. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Confirmed Plan. *See* Confirmed Plan § 5.9(b).

6. The Plan Administrator is responsible, to the extent not otherwise provided for in the Confirmed Plan, for carrying out and implementing all provisions of the Confirmed Plan on behalf of the Debtors and Post-Effective Date Debtors, including reviewing and reconciling all Claims asserted against the Debtors (including, but not limited to, Administrative Expense Claims, Other Secured Claims, Class 6A Unsecured Trade Claims, and Class 6B General Unsecured Claims) and making distributions on account of Allowed Claims. As more fully set forth therein, section 5.9(c) of the Confirmed Plan vests the Plan Administrator with "all the rights, powers, authority, and duties on behalf of each of the Debtors and [the] Post-Effective Date Debtors [other than the Post-Effective Date FWE I Subsidiaries pursuant to section 5.9(a) of the Confirmed

Plan]…to carry out and implement all provisions of the [Confirmed] Plan." In short, the Plan Administrator has been tasked with: (i) controlling and effectuating the Claims reconciliation process; (ii) settling or compromising any Disputed Claims (as defined in the Confirmed Plan); and (iii) administering and adjusting the Debtors' claims register to reflect any such settlements and compromises.

**C.     Bar Dates**

7.      On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430 – 454].

8.      On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases. The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

9.      On February 17, 2022, the Court entered the *Order Establishing Deadline for Filing Requests for Payment of Administrative Expense Claims and Procedures Relating Thereto and Approving Form and Notice Thereof* [Docket No. 2387], which, *inter alia*, established March 25, 2022 at 5:00 p.m. (Central Time) as the deadline (the "Administrative Claim Bar Date") for persons to assert Administrative Expense Claims against the Debtors.

10.     Section 7.5 of the Confirmed Plan provides, "[a]ny objections to a Claim shall be filed on or before the date that is the later of (a) 180 days after the Effective Date and (b) such later date as may be fixed by the Bankruptcy Court after notice and a hearing, upon a motion by the Post-Effective Date Debtors, as such deadline may be extended from time to time." *See* Confirmed

Plan § 7.5. Accordingly, the deadline to object to Claims (the "Claims Objection Deadline") was originally February 23, 2022, which was extended to August 22, 2022 by the Court's order [Docket No. 2410] entered on March 16, 2022. The Claims Objection Deadline was further extended to February 18, 2023 by the Court's order [Docket No. 2649] entered September 1, 2022. Finally, the Claims Objection Deadline was further extended to August 17, 2023 by the Court's order [Docket No. 2770] entered March 16, 2023.

D.   **The Confirmed Plan and Confirmation Order**

11.   Fieldwood Energy LLC and its debtor affiliates (each a "Debtor" and, collectively, the "Debtors" or "Company") were one of the largest oil and gas exploration and production companies in the Gulf of Mexico. Its portfolio of properties includes both deepwater assets and shallow water assets in the Gulf of Mexico. The Company's liquidity profile became volatile in the years preceding the Petition Date, primarily due to (i) the precipitous decline in crude oil prices starting in 2014 and then again in 2020 and (ii) the effects of the COVID-19 pandemic. The worsening market conditions coupled with significant decommissioning costs resulted in reduced liquidity for the Company and, ultimately, led to the filing of these bankruptcy cases.

12.   The Confirmed Plan set forth a restructuring of the Debtors. The restructuring included a divisive merger pursuant to which Fieldwood Energy, LLC was divided into Fieldwood Energy I LLC (FWE I) and Fieldwood Energy III LLC (FWE III). Through the divisive merger, FWE I was allocated and vested with certain assets Fieldwood Energy, LLC acquired from Apache Corporation (the "Legacy Apache Properties"). A schedule of the Legacy Apache Properties was included as **Exhibit C** to the Disclosure Statement.

E.  **Ecopetrol America LLC Proofs of Claim**

13. On November 23, 2020, Ecopetrol America LLC ("Ecopetrol") filed Proof of Claim No. 455 ("Ecopetrol Claim") against Fieldwood Energy LLC.

   a.  **Ecopetrol Claim**

14. The Ecopetrol Claim assert a secured claim in the amount of $7,075,684.85 for Debtors' obligations under a Unit Operating Agreement. Ecopetrol also alleges that Fieldwood Energy LLC is the operator under certain UOA for a prospect in the Mississippi Canyon. Ecopetrol alleges that Fieldwood Energy LLC is required to use reasonable efforts to keep these leases free from all liens and encumbrances and hold Ecopetrol harmless, or indemnify Ecopetrol for any liens claim amounts regarding the leases or in the contract area and any other damages Ecopetrol suffers as a result of Debtors' breach of the UOA.

15. Ecopetrol alleges that Fieldwood Energy LLC has failed to meet these duties and obligations because lien claims in the aggregate amount of $7,075,684.85 were filed against the leases or in the contract area breaching Ecopetrol's secured indemnification rights pursuant to the UOA. Ecopetrol alleges it is entitled to a secured claim against Fieldwood Energy LLC for the amount of the lien claims filed, to the extent that Ecopetrol's interest is burdened by the alleged liens and privileges.

16. Ecopetrol further asserts that pursuant to the UOA, Fieldwood is required to maintain a joint account which contains funds that Ecopetrol contributed pursuant to joint interest billings Ecopetrol received from Fieldwood under the UOA. Pursuant to the UOA, Ecopetrol contends that Fieldwood granted Ecopetrol a security interest in Fieldwood's working interest in the leases or contract area to secured Fieldwood's proportionate share of expenses owed to the joint account. Ecopetrol also asserts a right to set off and/or recoupment rights against all current

and future creditor funds in the joint account, including funds requested in future joint interest billings in regards to the lien claims or other interests.

A.       **Debtors' Assumption of Unit Operating Agreement and Other Executory Contracts**

1.      Debtors issued the Notice to Contract Parties to Executory Contracts and Unexpired Leases of the Schedule of Assumed Contracts and Cure Amounts [Doc. No. 1395] ("Executory Contract Notice"), which identified the Unit Operating Agreement with Ecopetrol.

2.      Ecopetrol filed an objection to the Confirmed Plan, Schedule of Assumed Contracts and Cure Amount. The Confirmation Order provides the following resolving the Katmai Objection:

> Upon the assumption and assignment of that certain Unit Operating Agreement Offshore Louisiana, by and between Fieldwood Energy LLC, Ecopetrol America LLC ("**Ecopetrol**") and Talos Energy Offshore LLC, dated effective date January 1, 2013 (including all attachments, memoranda, and any related agreements identified on the Schedule of Assumed Contracts, the "**Gunflint UOA**") to the Credit Bid Purchaser, notwithstanding anything to the contrary contained in this Order, the Plan and the Plan Documents, on the Effective Date, the Debtors shall pay any valid amounts then due and owing, in full, as would be necessary to satisfy any and all obligations, if any, to Ecopetrol under the Gunflint UOA to effectuate such assumption and assignment and the Credit Bid Purchaser shall assume Fieldwoord's obligations under the Gunflint UOA, including any indemnification and reimbursement obligations that may arise from the alleged liens and claims of, among others, Atlantic Maritime Services, LLC's alleged liens, claims and litigation against Fieldwood Energy LLC and, among others, Ecopetrol in this Bankruptcy Court and the United States District Court for the Eastern District of Louisiana. Nothing herein shall be deemed an admission by any party that any such liens and claims asserted against Fieldwood Energy LLC are valid or enforceable.

3.      Thus, on the Effective Date of the Confirmed Plan, Ecopetrol received any valid amounts then due and owing under the Unit Operating Agreement. Any other amounts, including

indemnification and reimbursement obligations, due under the Unit Operating Agreement were assumed by the Credit Bid Purchaser.

17. The Unit Operating Agreement and related contracts were assumed and assigned under the Confirmed Plan.

**OBJECTION**

A. **Objection No. 1: Katmai Claims Have Been Satisfied and Any Further Liabilities Were Assumed by the Credit Bid Purchaser.**

4. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Section 502(b)(1) provides that a court shall not allow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

5. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under Section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), aff'd, 369 B.R. 312 (S.D. Tex. 2007) (holding that a properly filed proof of claim is prima facie evidence of the validity and amount of the claim). "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent or unliquidated." 11 U.S.C. § 1111(a). A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) (holding "If, however, evidence rebutting the claim is brought

forth, then the claimant must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence.").

6.     As set forth in the Confirmation Order, any and all claims with respect to the Unit Operating Agreement and related agreements were satisfied as of the Effective Date of the Confirmed Plan. As such, the Ecopetrol Claim has been satisfied in accordance with the Bankruptcy Code, applicable rules, and/or this Court's orders. Accordingly, the Administrator respectfully requests that the Court enter the Proposed Order disallowing the Ecopetrol Claim in its entirety.

7.     To the extent that Ecopetrol Claim was not completely satisfied as of the Effective Date of the Confirmed Plan, the Credit Bid Purchaser assumed any and all further liabilities, including claims for indemnification and reimbursement, pursuant to the Confirmed Plan and Confirmation Order. As such, any further debts, obligations or liabilities are the responsibility of the Credit Bird Purchaser under the Confirmed Plan.

## CONCLUSIONS AND PRAYER

For the reasons set forth above, the Administrator requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, denying the Ecopetrol Claim and granting such other and further relief as is just and appropriate under the circumstances.

DATED: August 15, 2023

        Respectfully submitted,

*/s/ Kenneth Green*
Ken Green (Texas State Bar No. 24036677)
Aaron Guerrero (Texas State Bar No. 24050698)
Bryan Prentice (Texas State Bar No. 24099787)
Bonds Ellis Eppich Schafer Jones LLP
950 Echo Lane, Suite 120
Houston, Texas 77024
(713) 335-4990 telephone
(713) 335-4991 facsimile
ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**ATTORNEYS FOR DAVID DUNN, THE PLAN ADMINISTRATOR FOR THE POST-EFFECTIVE DATE DEBTORS**

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August, 2023, a true and correct copy of the above and foregoing was served through the Court's electronic case filing system (ECF) upon all parties registered with the ECF and by U.S. First Class Mail and email to the following:

Ecopetrol America LLC
c/o Squire Patton Boggs (US) LLP
1 E. Washington St., Suite 2700
Phoenix, AZ  85004
Attn:  Kelly Singer
Email:  Kelly.singer@squirepb.com

*/s/Kenneth Green*
Kenneth Green