# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.* | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective date Debtors.[1] | § | |

### DECLARATION OF DAVID DUNN IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO SUPERIOR PERFORMANCE, INC.'S PROOF OF CLAIM

I, David Dunn, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

1. I submit this declaration in support of the *Plan Administrator's Objection to Superior Performance, Inc.'s Proof of Claim* (the "Objection")[2] filed contemporaneously herewith. I am the Plan Administrator and a Director of Province, LLC ("Province"), an industry-leading nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization and trustee-related services. I was appointed the Plan Administrator pursuant to the Modified Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

# EXHIBIT B

Affiliated Debtors [Doc. No. 2008] (the "Confirmed Plan") and the Findings of Fact, Conclusions of Law, and Order (i) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and its Affiliated Debtors and (ii) Granting Related Relief (the "Confirmation Order") and currently serves in that role.

2. As Plan Administrator, I am one of the persons responsible for overseeing the claims reconciliation and objection process for the above-captioned chapter 11 cases. I, along with my agents and advisors, have been working diligently to review the Proofs of Claim, including any supporting documentation filed therewith, scheduled claims in the Chapter 11 Cases, the Court docket of these Chapter 11 Cases, the Confirmation Order, the claims register, and the Debtors' books and records, to determine if the claims are allowable claims against the Debtors and whether there are any grounds to object to such claims.

3. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, information provided by my agents and advisors, or upon Debtors' books and records that were reviewed by me. I have read the Objection and am directly familiar with the information contained therein and the proposed form of Order. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration as the Plan Administrator. I am familiar with the Objection.

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. I can confirm that I have: (a) reviewed Proof of Claim No. 814 (the "Superior Claim") filed by Superior Performance, Inc., ("Superior"), and the supporting documentation provided with such proof of claim; (b) reviewed the Objection and the Proposed Order; and (c) approved the objection to the claim. Accordingly, I am familiar with the information contained therein.

# EXHIBIT B

5. I, as Plan Administrator, and my counsel and advisors have determined that the Superior Claim is subject to objection. The Superior Claim is not entitled to secured status because they do not have priority over the Prepetition Liens of the Prepetition Secured Parties as detailed in the Final Order Granting (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral and (II) Granting Adequate Protection [Doc. No. 346]. The Prepetition Liens of the Prepetition Secured Parties were undersecured and Superior's inferior security interest was extinguished.

6. To the best of my knowledge, information and belief, the facts and circumstances set forth in the Objection are true and accurate, and the Court should grant the relief requested in the Objection with respect to the Superior Claim.

Dated:   August 14, 2023

*/s/ David Dunn*
David Dunn