**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIELDWOOD ENERGY III LLC,** *et al.* | § | **Case No. 20-33948 (MI)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Post-Effective date Debtors.**[1] | § | |

**PLAN ADMINISTRATOR'S OBJECTION TO ENVEN ENERGY VENTURES, LLC'S**
**PROOF OF CLAIM NO. 559**
[Related to POC No. 559]

> **This is an objection to your claims. The objection asks the Court to disallow the claims that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claims may be disallowed without a hearing.**
>
> **A hearing will be conducted on this matter on October 2, 2023, at 10:30 am (Central Time) in Courtroom 404, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1-832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested you must respond in writing.  Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty (30) days from the date this objection was filed.  Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

David Dunn ("Administrator"), as Plan Administrator of Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, Fieldwood Energy Inc., GOM Shelf LLC and FW GOM Pipeline, Inc., Debtors (the "Post-Effective Date Debtors") files this *Plan Administrator's Objection to EnVen Energy Ventures, LLC's Proof of Claim No. 559* (the "Objection") and in support thereof respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

**A.      The Chapter 11 Case**

2.      On August 3, 2020 and August 4, 2020 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

3.     On June 25, 2021, the Court entered the *Findings of Facts, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, including at Docket No. 2008, the "Confirmed Plan").

4.     On August 27, 2021, the Debtors filed that certain *Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016], setting forth that, *inter alia*, the Effective Date occurred on August 27, 2021 (the "Effective Date").

**B.     Plan Administrator**

5.     On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Confirmed Plan.  *See* Confirmed Plan § 5.9(b).

6.     The Plan Administrator is responsible, to the extent not otherwise provided for in the Confirmed Plan, for carrying out and implementing all provisions of the Confirmed Plan on behalf of the Debtors and Post-Effective Date Debtors, including reviewing and reconciling all Claims asserted against the Debtors (including, but not limited to, Administrative Expense Claims, Other Secured Claims, Class 6A Unsecured Trade Claims, and Class 6B General Unsecured Claims) and making distributions on account of Allowed Claims.  As more fully set forth therein, section 5.9(c) of the Confirmed Plan vests the Plan Administrator with "all the rights, powers, authority, and duties on behalf of each of the Debtors and [the] Post-Effective Date Debtors [other than the Post-Effective Date FWE I Subsidiaries pursuant to section 5.9(a) of the Confirmed

3

Plan]…to carry out and implement all provisions of the [Confirmed] Plan." In short, the Plan Administrator has been tasked with: (i) controlling and effectuating the Claims reconciliation process; (ii) settling or compromising any Disputed Claims (as defined in the Confirmed Plan); and (iii) administering and adjusting the Debtors' claims register to reflect any such settlements and compromises.

C.      **The Confirmed Plan and Confirmation Order**

7.      Fieldwood Energy LLC and its debtor affiliates (each a "Debtor" and, collectively, the "Debtors" or "Company") were one of the largest oil and gas exploration and production companies in the Gulf of Mexico. Its portfolio of properties includes both deepwater assets and shallow water assets in the Gulf of Mexico. The Company's liquidity profile became volatile in the years preceding the Petition Date, primarily due to (i) the precipitous decline in crude oil prices starting in 2014 and then again in 2020 and (ii) the effects of the COVID-19 pandemic. The worsening market conditions coupled with significant decommissioning costs resulted in reduced liquidity for the Company and, ultimately, led to the filing of these bankruptcy cases.

8.      The Confirmed Plan set forth a restructuring of the Debtors. The restructuring included a sale of certain of the Debtors' assets, including specified deepwater assets and shallow water assets, (collectively, the "Purchased Oil & Gas Lease Interests") to a new entity ("Credit Bid Purchaser") formed at the direction of the Consenting FLTL Lenders. The schedule of the oil and gas leases, rights-of-way and rights of use and easement included as part of the Purchased Oil & Gas Lease Interests was included as **Exhibit B** to the Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors [Docket No. 1285] (the "Disclosure Statement") and as part of the Plan Supplement.

**D.      EnVen Energy Ventures, LLC's Proof of Claim No. 559**

9.       EnVen Energy Ventures, LLC ("EnVen") filed Proof of Claim No. 559.

10.      The stated basis for the Proof of Claim No. 559 includes the following:

a.   Liquidated amounts for unpaid invoices for gathering/transportation services of $1,541.53;

b.   Underspent authorities for expenditures owed totaling $74,202.42;

c.   Liquidated abandonment and reclamation obligations in the amounts of $234,716.49;

d.   Contingent, liquidated abandonment and reclamation obligations in the amounts of $18,756,139.00, which are "potential ARO liabilities owed by Fieldwood to EnVen by virtue of being record title holder"; and

e.   Contingent, unliquidated amounts for the Debtors' proportion of abandonment and reclamation obligations for Fieldwood's "proportionate share of any ARO amounts owed that may be incurred at a later date."

This objection is limited to the amounts claimed in subparagraphs (d) and (e) above and the amounts claimed by EnVen in subparts (d) and (e) above will be referred to as the "Subject P&A Costs".

## OBJECTION

**A.      Objection No. 1: The Subject P&A Costs Are Disallowed Under 11 U.S.C. § 502(e)(1)(B)**

11.      Section 502(e)(1)(B) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that…such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution[.]

11 U.S.C. § 502(e)(1)(B).

12.     Contingent claims should thus be disallowed if they meet the following factors: (i) the claim is for reimbursement or contribution, (ii) the claim is asserted by an entity that is liable with the debtor on an underlying claim, and (iii) the claim is contingent at the time of its allowance or disallowance.  *See In re Sorenson v. Drexel Burnham Lambert Group, Inc., (In re Drexel Burnham Lambert Group, Inc.)*, 146 B.R. 92, 95-96 (S.D.N.Y. 1992)(articulating three-part test); *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 616-17 (Bankr. S.D. Tex. 2004)(analyzing whether reimbursement claim was contingent, then assessing whether "the responding parties are 'liable with the debtor'").

13.     If EnVen were able to establish that the Debtors had indemnification, reimbursement, contribution or other obligations pursuant to certain agreements, then any claim they may have in the future against the Debtors would be for reimbursement or contribution. "Courts have consistently held that 'the concept of reimbursement includes indemnity.'"  *In re Falcon V, L.L.C.*, 620 B.R. 256, 269-70 (Bankr. M.D. La. 2020)(finding that surety that issued bonds was not entitled to claim pursuant to Section 502(e)(1)(B) since it was a contingent claim); *In re RNI Wind Down Corp.*, 369 B.R. 174, 181-82 (Bankr. D. Del. 2007)(quoting *In re Vectrix Bus. Solutions, Inc.*, 2005 WL 3244199, at *3 (Bankr. N.D. Tex. 2005)).

14.     Second, the claim must be asserted by an entity that is liable with the debtor on an underlying claim.  In order for Section 502(e) to apply, "[t]here must exist…a shared liability to the same party on the same claim." *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 616-17 (Bankr. S.D. Tex. 2004).  "[T]he co-liability requirement is to be interpreted to require a finding that the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor could be liable but for the automatic stay." *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 92, 95 (S.D.N.Y. 1992).  The existence of a direct claim by the third party against the debtor does not preclude the

application of Section 502(e)(1)(B).  *In re Tri-Union Dev. Corp.*, 314 B.R. at 616-17.  The Debtors

and EnVen are jointly and severally liable to BOEM and BSEE for the Subject P&A Costs.

15.     Third, the Subject P&A Costs remain contingent.  In the *Tri-Union Dev. Corp.* case,

the Court noted that "contingent" under Section 502(e) in this context means "unfunded" and that

claims remain "contingent" for purposes of Bankruptcy Code § 502(e)(1)(B) until the co-debtor

has paid the creditor.  *In re Tri-Union Dev. Corp.*, 314 B.R. at 616-17.  The Subject P&A Costs

remain contingent until EnVen performs or pays for such decommissioning costs and expenses.

## CONCLUSIONS AND PRAYER

For the reasons set forth above, the Administrator requests that the Court enter an order,

substantially in the form annexed hereto as **Exhibit A**, disallowing the Subject P&A Costs,

allowing Proof of Claim No. 559 as a general unsecured claim in the amount of $310,460.44,

disallowing all other amounts claimed in Proof of Claim No. 559 and granting such other and

further relief as is just and appropriate under the circumstances.

DATED:  August 17, 2023

Respectfully submitted,

*/s/ Kenneth Green*

Ken Green (Texas State Bar No. 24036677)
Aaron Guerrero (Texas State Bar No. 24050698)
Bryan Prentice (Texas State Bar No. 24099787)
Bonds Ellis Eppich Schafer Jones LLP
950 Echo Lane, Suite 120
Houston, Texas 77024
(713) 335-4990 telephone
(713) 335-4991 facsimile
ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**ATTORNEYS FOR DAVID DUNN, THE PLAN ADMINISTRATOR FOR THE POST-EFFECTIVE DATE DEBTORS**

7

## CERTIFICATE OF SERVICE

I certify that on this 17th day of August, 2023, a true and correct copy of the above and foregoing was served through the Court's electronic case filing system (ECF) upon all parties registered with the ECF and by email to the following:

EnVen Energy Corporation
Attn: Jeff Starzec
609 Main Street, Suite 3200
Houston, TX 77002
jstarzec@enven.com

Baker Botts, L.L.P.
Attn: Kevin Chiu
2001 Ross Avenue, Suite 900
Dallas, TX  75201-2980
Kevin.chiu@bakerbotts.com

Baker Botts, L.L.P.
Attn:  Emanuel Grillo
30 Rockefeller Plaza
New York, NY  10112-4498
Emanuel.grillo@bakerbotts.com

*/s/Kenneth Green*
Kenneth Green