EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.* | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective date Debtors.[1] | § | |

**DECLARATION OF DAVID DUNN IN SUPPORT**
**OF THE ADMINISTRATOR'S OBJECTION TO CLAIM NO. 477**
**FILED BY U.S. SPECIALTY INSURANCE COMPANY**

I, David Dunn, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

1. I submit this declaration in support of the *Administrator's Objection to Claim No. 477 filed by U.S. Specialty Insurance Company* (the "Objection")[2] filed contemporaneously herewith. I am a Director of Province, LLC ("Province"), an industry-leading nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization and trustee-related services. On the Effective Date of the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742], I was appointed to serve as the Plan Administrator pursuant to the Confirmed Plan and currently serve in

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

that role. As Administrator, I am responsible for overseeing the claims reconciliation and objection process in connection with the Post-Effective Date Debtors in the above-captioned chapter 11 cases. I and my agents and advisors, have been working diligently to review the Proofs of Claim, including any supporting documentation filed therewith, scheduled claims of the Post-Effective Date Debtors in the chapter 11 cases, the Court docket of these chapter 11 cases, the Confirmation Order, the claims register, and the Post-Effective Date Debtors' books and records, to determine if the claims are allowable claims against the Post-Effective Date Debtors and whether there are any grounds to object to such claims.

2. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, information provided by my agents and advisors, or upon Post-Effective Date Debtor's records that were, as appropriate, reviewed by me or others under my supervision and direction. I have read the Objection and am directly familiar with the information contained therein and the proposed form of Order. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration. I am familiar with the Objection.

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. I reviewed the Objection, and can confirm that I have reviewed: (a) Proof of Claim No. 477 filed by U.S. Specialty Insurance Company ("<u>USSIC</u>"), and the supporting documentation provided with such proof of claim; (b) the Debtors' books and records with respect to the claim described in the Objection, (c) reviewed the Objection and the Proposed Order; and (d) approved objection to the claim. Accordingly, I am familiar with the information contained therein.

4. I and my counsel and advisors have determined that Proof of Claim No. 477 (the "<u>Subject Claim</u>") filed by USSIC is subject to objection. The Subject Claim is unenforceable

against the Post-Effective Date Debtors and the property of the Post-Effective Date Debtors.

5. I also object to the Subject Claim under § 502(e)(1)(B) of the Bankruptcy Code on the basis that the Subject Claim is unenforceable against the Post-Effective Date Debtors and property of the Post-Effective Date Debtors. If USSIC were able to establish that the Post-Effective Date Debtors had reimbursement obligations pursuant to the Payment and Indemnity Agreement No. 1055, such a claim would be a contingent claim, as USSIC has not presented any evidence or documentation that the Subject Claim has matured or is likely to mature into a non-contingent or liquidated claim, and thus should be disallowed under § 502(e)(1)(b) of the Bankruptcy Code.

6. To the best of my knowledge, information and belief, the facts and circumstances set forth in the Objection are true and accurate, and the Court should grant the relief requested in the Objection with respect to the Subject Claim.

Dated:     August 17, 2023

*/s/ David Dunn*
David Dunn