UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.* | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective date Debtors.[1] | § | |

PLAN ADMINISTRATOR'S OBJECTION TO
LIBERTY MUTUAL INSURANCE COMPANY'S PROOF OF CLAIM NO. 502
[Related to POC No. 502]

> **This is an objection to your claim. The objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **A hearing will be conducted on this matter on October 2, 2023, at 10:30 am (Central Time) in Courtroom 404, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1-832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

1

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty (30) days from the date this objection was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

David Dunn ("Administrator"), as Plan Administrator of Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, Fieldwood Energy Inc., GOM Shelf LLC and FW GOM Pipeline, Inc., Debtors (the "Post-Effective Date Debtors") files this *Plan Administrator's Objection to Liberty Mutual Insurance Company's Proof of Claim No. 502* (the "Objection") and in support thereof respectfully represents as follows:

## RELIEF REQUESTED

1. The Administrator seeks entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") disallowing Proof of Claim No. 502 (the "Subject Claim") pursuant to Sections 105(a), 502(a), and 502(e) of the Bankruptcy Code, Bankruptcy Rule 3007, Rules 3007-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures") in its entirety because the Subject Claim is unenforceable against the Post-Effective Date Debtors.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a

core proceeding under 28 U.S.C. § 157. The Administrator confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105(a), 502(a) and 502(e) of the Bankruptcy Code, Bankruptcy Rule 3007, Rules 3007-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## BACKGROUND

A. The Chapter 11 Case

4. On August 3, 2020 and August 4, 2020 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

5. On June 25, 2021, the Court entered the *Findings of Facts, Conclusions of Law, and Order (I) Confirming Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1751] (the "Confirmation Order") confirming, as modified therein, the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742] (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, including at Docket No. 2008, the "Confirmed Plan").

6. On August 27, 2021, the Debtors filed that certain *Notice of (I) Entry of Order*

3

*Confirming Join Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors and (II) Occurrence of Effective Date* [Docket No. 2016], setting forth that, *inter alia*, the Effective Date occurred on August 27, 2021 (the "Effective Date").

B.  Plan Administrator

7. On the Effective Date, David Dunn of Province, Inc. was appointed to serve as the Plan Administrator pursuant to the Confirmed Plan.  *See* Confirmed Plan § 5.9(b).

8. The Plan Administrator is responsible, to the extent not otherwise provided for in the Confirmed Plan, for carrying out and implementing all provisions of the Confirmed Plan on behalf of the Debtors and Post-Effective Date Debtors, including reviewing and reconciling all Claims asserted against the Debtors (including, but not limited to, Administrative Expense Claims, Other Secured Claims, Class 6A Unsecured Trade Claims, and Class 6B General Unsecured Claims) and making distributions on account of Allowed Claims.  As more fully set forth therein, section 5.9(c) of the Confirmed Plan vests the Plan Administrator with "all the rights, powers, authority, and duties on behalf of each of the Debtors and [the] Post-Effective Date Debtors [other than the Post-Effective Date FEW I Subsidiaries pursuant to section 5.9(a) of the Confirmed Plan]…to carry out and implement all provisions of the [Confirmed] Plan."  In short, the Plan Administrator has been tasked with: (i) controlling and effectuating the Claims reconciliation process; (ii) settling or compromising any Disputed Claims (as defined in the Confirmed Plan); and (iii) administering and adjusting the Debtors' claims register to reflect any such settlements and compromises.

C.  Bar Dates

9. On October 13, 2020, the Debtors filed their Statements of Financial Affairs and Schedules of Assets and Liabilities [Docket Nos. 430 – 454].

10. On October 14, 2020, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 466] (the "Bar Date Order"), establishing certain dates and deadlines (each a "Bar Date") for filing proofs of claims in these chapter 11 cases. The Bar Date Order established: (a) November 25, 2020, as the Bar Date for all non-governmental entities to file Proofs of Claim, and (b) February 1, 2021, as the Bar Date for all governmental entities to file Proofs of Claim.

11. Section 7.5 of the Confirmed Plan provides, "[a]ny objections to a Claim shall be filed on or before the date that is the later of (a) 180 days after the Effective Date and (b) such later date as may be fixed by the Bankruptcy Court after notice and a hearing, upon a motion by the Post-Effective Date Debtors, as such deadline may be extended from time to time." Confirmed Plan § 7.5. Accordingly, the deadline to object to Claims (the "Claims Objection Deadline") was originally February 23, 2022, which was extended to August 22, 2022 by the Court's order [Docket No. 2410] entered on March 16, 2022. The Claims Objection Deadline was further extended to February 18, 2023 by the Court's order [Docket No. 2649] entered September 1, 2022. Finally, the Claims Objection Deadline was further extended to August 17, 2023 by the Court's order [Docket No. 2770] entered March 16, 2023.

D.     Liberty Mutual Insurance Company

12. On November 24, 2020, the Liberty Mutual Insurance Company ("Liberty") filed Proof of Claim No. 502 against Debtor, Fieldwood Energy LLC ("FE"). Claim No. 502 asserts an unsecured claim in the amount of $69,393,178.00. The Subject Claim asserts that pre-petition Debtors executed a General Agreement of Indemnity and Liberty issued certain bonds (the "Bonds"), the alleged penal sums of which add up to $69,393,178. The Subject Claim also states that "the Debtors agreed to indemnify [Liberty] from and against all loss, cost and expense,

5

including attorneys' fees, incurred by [Liberty] by reason of the extension of surety credit to any of the Debtors."

13. The Subject Claim attaches a document titled General Agreement of Indemnity, a copy of "Form of Marathon Performance Bond", which limits Liberty's liability thereunder to $27,500,000; a copy of a Performance Bond which limits Liberty's liability thereunder to $40,000,000, and a copy of Performance Bond No. 022220643 in the penal sum of $1,893,178 (collectively, the "Bonds").

14. Attached hereto as **Exhibit B** is the *Declaration of David Dunn in Support of the Plan Administrator's Objection to Liberty Mutual Insurance Company's Proof of Claim No. 502* (the "Declaration").

## ARGUMENT AND AUTHORITY

15. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502.

16. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under Section 502(a) of the Bankruptcy Code. *See, e.g., In re Tran*, 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007) (holding that a properly filed proof of claim is prima facie evidence of the validity and amount of the claim). A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) (holding "If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to 'prove the validity of the claim by a

6

preponderance of the evidence.'"). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *See id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id*.

17. Section 502(e)(1)(B) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that…such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution[.]

11 U.S.C. § 502(e)(1)(B).

18. Contingent claims should thus be disallowed if they meet the following factors: (i) the claim is for reimbursement or contribution, (ii) the claim is asserted by an entity that is liable with the debtor on an underlying claim, and (iii) the claim is contingent at the time of its allowance or disallowance. *See In re Sorenson v. Drexel Burnham Lambert Group, Inc., (In re Drexel Burnham Lambert Group, Inc.)*, 146 B.R. 92, 95-96 (S.D.N.Y. 1992)(articulating three-part test); *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 616-17 (Bankr. S.D. Tex. 2004)(analyzing whether reimbursement claim was contingent, then assessing whether "the responding parties are 'liable with the debtor'").

19. If Liberty were able to establish that FE had reimbursement obligations pursuant to certain agreements, then any claim Liberty may have in the future against FE, as identified in the Subject Claim, would be for reimbursement or contribution. "Courts have consistently held that 'the concept of reimbursement includes indemnity.'" *In re Falcon V, L.L.C.*, 620 B.R. 256, 269-70 (Bankr. M.D. La. 2020)(finding that surety that issued bonds was not entitled to claim pursuant to Section 502(e)(1)(B) since it was a contingent claim); *In re RNI Wind Down Corp.*, 369 B.R.

7

174, 181-82 (Bankr. D. Del. 2007)(quoting *In re Vectrix Bus. Solutions, Inc.*, 2005 WL 3244199, at *3 (Bankr. N.D. Tex. 2005)). "Traditionally, when a surety is compelled to pay debts for its principal, the surety is deemed entitled to reimbursement even without a contractual promise." *In re Tri-Union Dev. Corp.*, 314 B.R. at 619.

20. Second, the claim must be asserted by an entity that is liable with the debtor on an underlying claim. In order for Section 502(e) to apply, "[t]here must exist…a shared liability to the same party on the same claim." *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 616-17 (Bankr. S.D. Tex. 2004). "[T]he co-liability requirement is to be interpreted to require a finding that the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor could be liable but for the automatic stay." *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 92, 95 (S.D.N.Y. 1992). "Finally, the debtor's co-liability with the claimant is implicit in an indemnity arrangement…where the arrangement between a debtor and a claimant is one of a surety who has issued bonds for which the obligor (debtor) has agreed to indemnify it." *In re Alta Mesa Resources, Inc., et al.*, 2022 Bankr. LEXIS 3649, *11 (Bankr. S.D. Tex. December 28, 2022). The existence of a direct claim by the third party against the debtor does not preclude the application of Section 502(e)(1)(B). *In re Tri-Union Dev. Corp.*, 314 B.R. at 616-17. If Debtors have any liability with respect to the Bonds or General Agreement of Indemnity, then Liberty would be co-liable with Debtors. Accordingly, the Subject Claim satisfies the second element of the three-part test.

21. Third, the Subject Claim remains contingent. In the *Tri-Union Dev. Corp.* case, the Court noted that "contingent" in under Section 502(e) this context means "unfunded" and that claims remain "contingent" for purposes of Bankruptcy Code § 502(e)(1)(B) until the co-debtor has paid the creditor. *In re Tri-Union Dev. Corp.*, 314 B.R. at 616-17. The Subject Claim requires

the occurrence of an event before FE could be liable for any such obligation, i.e., a payment on account of a bond, which Liberty has not shown to have occurred. Liberty has not presented any evidence or documentation that it paid the amount of the Subject Claim, or any of the asserted claim amount. Instead, Liberty states that the "[i]f any payment is made under…the Bonds, the Surety would become subrogated to the rights of the Obligee against the Debtor…and the Surety would have the right to be reimbursed and indemnified by the Debtor with respect to all such payments." *Id*. Therefore, the Subject Claim is contingent because it is based upon a yet to occur future event. *See Tri-Union*, 314 B.R. at 616. ("[C]laims remain 'contingent' for purposes of Bankruptcy Code § 502(e)(1)(B) until the co-debtor has paid the creditor."). Damages may arise if, and only if, Liberty makes a payment under the Bonds. For these reasons, the contingent Subject Claim should be disallowed under Section 502(e)(1)(B) of the Bankruptcy Code.

22. On December 28, 2022, this Court ruled, in a similar factual situation involving the surety bond claims of U.S. Specialty Insurance Company ("USSIC"), that USSIC's claims "must be dismissed (i) as contingent under § 502(e)(1)(B) and (ii) because USSIC cannot demonstrate it suffered any current damages as a result of the debtors' failure to provide cash collateral." *In re Alta Mesa Res.*, 2022 Bankr. LEXIS 3649, *7 (Bankr. S.D. Tex. Dec. 28, 2022). *Alta Mesa* involved three proofs of claim filed by USSIC against the debtors for surety bonds issued on behalf of Alta Mesa in favor of various government entities, for obligations owed by debtors. *Id.* at *3. As in this case, USSIC provided no evidence that it made any payments to the bond obligees. *See id.* at *5. The USSIC proofs of claim indicated that the claim amounts "mirror[ed] the total penalty amount of all the issued bonds based on Exhibit A, filed as an attachment to the proofs of claim." *Id.* The Court found that USSIC's claims should be disallowed, and explained that "[i]f the underlying obligation is a contingent claim for which the debtor is co-liable with the claimant, it

9

is disallowed," and that a "claim for indemnification is generally considered contingent unless the claimant has actually paid the third party." *Id.* at *10-*11. Furthermore, the Court found that USSIC could not prove damages under Texas breach of contract law, reasoning that "[t]he lacking element here is actual, current damages sustained by USSIC as a result of the debtors' failure to provide cash collateral." *Id.* at *13-*14.

23. Based on the above, the Subject Claim is contingent and should be disallowed.

24. Additionally, the Asset Purchase Agreement entered into in connection with the sales of Debtors' assets all contain provisions stating "[a]s of the Closing or promptly thereafter (and in any case within ten (10) Business Days of Closing), Buyer and/or Buyer 2, as applicable, will have lease bonds, area-wide bonds and surety bonds or insurance policies to the extent required by and in accordance with the requirements of such Governmental Authorities as determined by Buyer in its sole discretion." Docket No. 2013 at p. 128. To the extent the buyers have obtained replacements for any bonds on which the Subject Claims are based, Hanover's claim under such bonds will not mature.

## RESERVATION OF RIGHTS

25. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Administrator to object to any claim on any ground whatsoever. The Administrator expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against the Administrator; (b) a waiver of the Administrator's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this

Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (f) a waiver of the Administrator's rights under the Bankruptcy Code or any other applicable law.

WHEREFORE, the Administrator respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

DATED:  August 17, 2023

Respectfully submitted,

*/s/ Kenneth Green*
Kenneth Green (Texas State Bar No. 24036677)
Aaron Guerrero (Texas State Bar No. 24050698)
Bryan Prentice (Texas State Bar No. 24099787)
Bonds Ellis Eppich Schafer Jones LLP
950 Echo Lane, Suite 120
Houston, Texas 77024
(713) 335-4990 telephone
(713) 335-4991 facsimile
ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**ATTORNEYS FOR DAVID DUNN, THE PLAN ADMINISTRATOR FOR THE POST-EFFECTIVE DATE DEBTORS**

**CERTIFICATE OF SERVICE**

      I certify that on this 17th day of August, 2023, a true and correct copy of the above and foregoing was served through the Court's electronic case filing system (ECF) upon all parties registered with the ECF and by email to the following:

Liberty Mutual Insurance Company
c/o Bains Law PLLC
P. O. Box 559
Azle, TX 76098
brandon@bainslaw.com

                                                  /s/Kenneth Green
                                                  Kenneth Green