# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.* | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective date Debtors.[1] | § | |

## ORDER GRANTING ADMINISTRATOR'S OBJECTION TO PHILADELPHIA INDEMNITY INSURANCE COMPANY PROOF OF CLAIM NO. 710
[Relates to POC No. 710]

Upon the Objection (the "Objection")[2] of David Dunn ("Administrator"), as Plan Administrator of Fieldwood Energy III LLC, Fieldwood Energy Offshore LLC, Fieldwood Energy Inc., GOM Shelf LLC and FW GOM Pipeline, Inc., Debtors (the "Post-Effective Date Debtors"), seeking entry of an order (this "Order") disallowing Proof of Claim No. 710 filed by Philadelphia Indemnity Insurance Company (the "Subject Claim"); and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and the Court having

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440).  Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC.  GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary.  The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

found and determined that the relief sought in the Objection is in the best interests of the Post-Effective Date Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. Proof of Claim No. 710 filed by Philadelphia Indemnity Insurance Company is disallowed and expunged in its entirety.

3. Except as otherwise provided in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Post-Effective Date Debtors; (b) a waiver of the Administrator's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (f) a waiver of the Administrator's rights under the Bankruptcy Code or any other applicable law.

4. Kroll Restructuring Administration LLC, the Debtors' claims and noticing agent, (the "Claims Agent") is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

5. The Administrator, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Signed: _____, 2023

                                                Honorable Marvin Isgur