EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIELDWOOD ENERGY III LLC, *et al.* | § | Case No. 20-33948 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Post-Effective date Debtors.[1] | § | |

DECLARATION OF DAVID DUNN IN SUPPORT
OF THE ADMINISTRATOR'S OBJECTION TO RLI INSURANCE COMPANY'S
PROOF OF CLAIM NO. 1116

I, David Dunn, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

1. I submit this declaration in support of the *Plan Administrator's Objection to RLI Insurance Company's Proof of Claim No. 1116* (the "Objection")[2] filed contemporaneously herewith. I am a Director of Province, LLC ("Province"), an industry-leading nationally recognized consulting firm of senior business leaders specializing in financial advisory, corporate reorganization and trustee-related services. On the Effective Date of the *Eighth Amended Joint Chapter 11 Plan of Fieldwood Energy LLC and Its Affiliated Debtors* [Docket No. 1742], I was

---

[1] The Post-Effective Date Debtors, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, as applicable, are: Fieldwood Energy III LLC (6778); Fieldwood Energy Offshore LLC (4494); Fieldwood Energy, Inc. (4991, GOM Shelf LLC (8107), and FW GOM Pipeline, Inc. (8440). Fieldwood Energy III LLC, Fieldwood Energy Offshore, LLC, and Fieldwood Energy Inc. are managed and operated by the Plan Administrator, whose primary mailing address is 16255 Ventura Blvd., Suite 440, Encino, CA, 91436, C/O Province LLC. GOM Shelf LLC and FW GOM Pipeline, Inc. (collectively, the "**Post-Effective Date FWE I Subsidiaries**") are managed and operated by Jon Graham, as sole manager of each Post-Effective Date FWE I Subsidiary. The Debtors in the other nine pending chapter 11 cases (which continue to be jointly administered with the cases of the Post-Effective Date Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Dynamic Offshore Resources NS, LLC (0158); Fieldwood Offshore LLC (3489); Fieldwood SD Offshore LLC (8786); Fieldwood Offshore LLC (2930); Bandon Oil and Gas GP, LLC (9172); Bandon Oil and Gas, LP (9266); Fieldwood Energy SP LLC (1971); Galveston Bay Pipeline LLC (5703; and Galveston Bay Processing LLC (0422).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

appointed to serve as the Plan Administrator pursuant to the Confirmed Plan and currently serve in that role. As Administrator, I am responsible for overseeing the claims reconciliation and objection process in connection with the Post-Effective Date Debtors in the above-captioned chapter 11 cases. I and my agents and advisors, have been working diligently to review the Proofs of Claim, including any supporting documentation filed therewith, scheduled claims of the Post-Effective Date Debtors in the chapter 11 cases, the Court docket of these chapter 11 cases, the Confirmation Order, the claims register, and the Post-Effective Date Debtors' books and records, to determine if the claims are allowable claims against the Post-Effective Date Debtors and whether there are any grounds to object to such claims.

2. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, information provided by my agents and advisors, or upon Post-Effective Date Debtor's records that were, as appropriate, reviewed by me or others under my supervision and direction. I have read the Objection and am directly familiar with the information contained therein and the proposed form of Order. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration. I am familiar with the Objection.

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. I reviewed the Objection, and can confirm that I have reviewed: (a) Proof of Claim No. 1116 filed by RLI Insurance Company (the "Claimant"), and the supporting documentation provided with such proof of claim; (b) Proof of Claim No. 666 (the "XTO Claim") filed by XTO Offshore, Inc., HHE Energy Company, and XH LLC, (c) the Debtors' books and records with respect to the claim described in the Objection, (d) reviewed the Objection and the Proposed Order; and (e) approved the objection to the claim. Accordingly, I am familiar with the information contained therein.

4.       I and my counsel and advisors have determined that Proof of Claim No. 1116 (the "Subject Claim") filed by Claimant is subject to objection. The Subject Claim is unenforceable against the Post-Effective Date Debtors and the property of the Post-Effective Date Debtors.

5.       I also object to the Subject Claim under § 502(e)(1)(B) of the Bankruptcy Code on the basis that the portion of the Subject Claim related to alleged penal sum demands by BOEM is unenforceable against the Post-Effective Date Debtors and property of the Post-Effective Date Debtors.  If Claimant was able to establish that the Post-Effective Date Debtors had reimbursement obligations pursuant to Bond No. RLB0013981, such a claim would be a contingent claim, as Claimant has not presented any evidence or documentation that the Subject Claim has matured or is likely to mature into a non-contingent or liquidated claim, and thus should be disallowed under § 502(e)(1)(b) of the Bankruptcy Code.

6.       Because Claimant has not presented any evidence or documentation that the Subject Claim has matured or is likely to mature into a non-contingent or liquidated claim the Subject Claim is not based on any action that provided any benefit to Debtors' Estate.

7.       Additionally, while neither the Subject Claim nor the XTO Claim attach a signed copy of Bond No. RLB0013981, assuming the Bond was executed around the same time as the PSA attached to the XTO Claim, it was executed in the Summer of 2011, nearly a decade before the Petition Date, and therefore the Subject Claim did not arise post-petition.

8.       To the best of my knowledge, information and belief, the facts and circumstances set forth in the Objection are true and accurate, and the Court should grant the relief requested in the Objection with respect to the Subject Claim.

Dated:       August 17, 2023

/s/ David Dunn
David Dunn

3